# EXHIBIT "A"

## AFFIDAVIT OF ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C. ("ANAPOL")

The undersigned attorney, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1.     At the January 22, 2009 Vioxx Status Conference, the PLRP was announced. A January 30, 2009 email to counsel detailed the PLRP's terms and enrollment procedures.  Within one week of receiving this email, Anapol forwarded correspondence to all of our Vioxx clients as well as our co-counsel to explain the lien program. Materials from The Garretson Law Firm were included with the correspondence to further describe the PLRP. In addition, Anapol advised its clients that two (2) telephone conferences would be conducted where clients would have the opportunity to receive additional information about the PLRP.

2.     On February 18, 2009 and February 19, 2009, Anapol conducted the aforementioned telephone conferences. Those clients who called the toll-free number heard details about the lien program, its terms and benefits, as well as the enrollment requirements and deadline. [1]

3.     During late February, 2009 and early March, 2009, Anapol attorney Gregory S. Spizer, had numerous telephone conversations with individual clients in order to address specific concerns.

4.     On April 23, 2009, counsel was advised via an email from the Vioxx Settlement's Claims Administrator that the enrollment deadline for the PLRP was extended until May 29, 2009.

5.     During the week of April 27, 2009, Anapol sent correspondence to all Vioxx clients who did not enroll in the PLRP. Clients were advised of the extension and the additional opportunity to enroll in the lien program.

---

[1]     The original enrollment deadline was March 20, 2009.

6.      Following this second correspondence, Gregory Spizer again had several phone calls with individual clients to discuss the lien program.

7.      On October 9, 2009, this Honorable Court issued Pre-Trial Order 54. Attached to PTO 54 as Exhibit "F" was a list of claimants who had not enrolled in the PLRP. [2]

8.      Following the issuance of this Order, Anapol took steps to make sure that those clients who were identified on Exhibit "F" were aware of the PLRP and that there was still an opportunity to enroll in the program.

9.      Specifically, letters were sent to each non-enrolled client to inform them of the last opportunity to enroll. Anapol attorney Amber Racine also personally spoke with a number of non-enrolled clients listed on Exhibit "F" to again inform them of the PLRP.

10.     After taking all of these steps, Anapol signed and submitted the Certification of Compliance as required by PTO 54. The Certification was only to be signed by those attorneys who has advised their clients of the PLRP. A true and correct copy of Anapol's signed Certification is attached to this Affidavit.

11.     On January 29, 2010, counsel was advised that there was one final opportunity for ischemic stroke (IS) cases to enroll in the PLRP.

12.     On or about February 5, 2010, Anapol sent correspondence to all non-enrolled IS claimants advising them of this final opportunity to enroll in the PLRP.

---

[2]      As noted in the Named Law Firms' Memorandum of Law, Exhibit "F" contained numerous errors.

As described herein, Anapol satisfied all obligations required by this Honorable Court, the Master Settlement Agreements and all other rules, regulations and Orders.

_____
Gregory S. Spizer, Esquire

Dated: _20 July 2010_

Sworn to me and subscribed before me this _20th_ day of _July_ , 2010.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Linda E. Kolla, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires March 31, 2012
Member, Pennsylvania Association of Notaries

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE
## TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM

Principal Attorney: _GREGORY_        _STEVEN_        _SPIZER_
First                Middle                Last

Firm Name: _ANAPOL, Schwartz_

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:

_X_        I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.

Signed this _15th_ day of _October_____, 20_09_, under the PAINS and PENALTIES of perjury.

_[signature]_
NAME: _GREGORY S. SPIZER_

## <u>AFFIDAVIT OF TURNER W. BRANCH</u>

STATE OF NEW MEXICO     :
                            : ss
COUNTY OF BERNALILLO    :

I, Turner W. Branch, being of lawful age and certainly over the age of 21 years, hereby make a statement voluntarily and of my own free volition, under oath in compliance with the laws of the State of New Mexico.

1.      I am an attorney, duly licensed to practice law and in good standing in the States of New Mexico, Colorado, Texas, Washington D.C. and in New Jersey by special motion of the New Jersey Supreme Court;

2.      Our law practice has a principal place of business in Albuquerque, New Mexico;

3.      I am an attorney at the Branch Law Firm;

4.      I have worked on hundreds of Vioxx cases at the Branch Law Firm;

5.      As such, I am intimately familiar with the Matters of Protocol and Practice in regards to Branch Law Firm's notification of Vioxx clients regarding current developments in the litigation, and particularly in regards to the notification each and every client of Branch Law Firm received concerning the Private Lien Resolution Program ("PLRP");

6.      An exemplar of such a communication is attached hereto and marked as Exhibit "A" and is incorporated herein by reference;

7.      Further, many of our clients were not participants in the PLRP due to fact that they received no compensation for their injuries or such minimal compensation that they fell under the protective provisions of the Master Settlement Agreement;

8.      Further, we never received proper notice of any lien claims prior to being served

with the Complaint on Tuesday June 22, 2010 at approximately 4:04 PM (MDT);

9.      We feel that we have complied with the Court's instructions, the Master

Settlement Agreement and all other rules, regulations and orders that have been

disseminated to us and our clients and it is our firm belief that our clients have been

compliant with the same;


FURTHER AFFIANT SAYETH NAUGHT.

Turner W. Branch


Subscribed and sworn to before me this 25th day of JUNE , 2010.

Notary Public

My Commission Expires: 12-04-2011

OFFICIAL SEAL
Patricia R. Sanchez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-04-2011

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE
## TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM

Principal Attorney:   <u>Turner           W.          Branch</u>
                              First             Middle            Last

Firm Name:   <u>Branch Law Firm, LLP</u>

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:


<u>   X   </u>        I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.


Signed this <u>13th</u> day of <u>October</u>, 20<u>09</u> under the PAINS and PENALTIES of perjury.

NAME: <u>Turner W. Branch</u>

## Affidavit of Cohen, Placitella & Roth, P.C.

Harry M. Roth, Esquire, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1. I have been chiefly responsible for coordination among clients enrolled in the the Vioxx Settlement Program and coordinating with co-counsel.

2. We provided our co-counsel and clients of notices regarding the terms of the settlement program including the opportunity to enroll in the private lien resolution program.

3. On September 19, 2009, this Honorable Court issued Pre-Trial Order 48 directing that primary counsel send notice to all claimants about the PLRP and affording the opportunity to opt into that program.

3. By letter dated September 24, 2009, we provided those clients not enrolled in the PLRP with notice of and information regarding enrollment in the PLRP.

4. On October 9, 2009, this Honorable Court issued Pre-Trial Order 54. Attached to PTO 54 as Exhibit "F" was a list of claimants who had not enrolled in the PLRP.

5. Thereafter I forwarded Pre-trial Order 54 to all of our co-counsel who's clients were identified as not enrolled in the PLRP and requested confirmation that each was provided notice of and the opportunity to enroll in the PLRP and verified that individual clients of Cohen, Placitella & Roth, PC listed on exhibit F had received written notice of and the opportunity to opt into the PLRP.

6. Additionally, I spoke with CPR clients who had questions about the PLRP program in response to my letter of September 24, 2009.

6. After taking all of these steps, and receiving written confirmation from co-counsel that all clients who were not yet enrolled in the PLRP received notice in compliance with PTO 54, I signed and submitted the Certification of Compliance as required by PTO 54. The Certification was only to be signed by those attorneys who had advised their clients of the PLRP.

A true and correct copy of the Certification I executed on behalf of Cohen, Placitella & Roth is attached to this Affidavit.

As described herein, Cohen, Placitella & Roth, P.C. satisfied all obligations required by this Honorable Court, the Master Settlement Agreements and all other rules, regulations and Orders.

Dated: 7/20/10

Harry M. Roth, Esquire

Sworn to me and subscribed
before me this 20th day
of July , 2010.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARGARET RHEINSTADTER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 11, 2011

Margaret Rheinstadter

**Notary Public**

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM

Principal Attorney:  <u>Harry</u>          <u>M.</u>          <u>Roth</u>
                            First                Middle            Last

Firm Name:  <u>Cohen, Placitella & Roth, P.C.</u>

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:

    <u>  X  </u>     I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.

Signed this <u>15</u> day of <u>October</u>, 200<u>9</u>, under the PAINS and PENALTIES of perjury.

NAME: _____

## AFFIDAVIT OF HOVDE DASSOW & DEETS, LLC ("DASSOW")

The undersigned attorney, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1.  Beginning in May 2008, Dassow forwarded correspondence to all of our Vioxx clients enclosing the Claimant Education Material On Government Medical Liens/Obligations. *See Exhibit A.* In the letter, Dassow requested that each client contact them immediately should they be aware of any liens and to return the signature page if the client is not aware of any liens at that time.

2.  Dassow received close to a 100% response rate of signed and returned letters from their clients concerning their potential lien obligation. Further, if the letter was not received, Nickie Eisele followed-up with letters and phone calls.

3.  Since that time, Robert T. Dassow and his paralegal, Nickie Eisele, were in constant communication with the clients if at any time they were made aware of any alleged liens.

4.  After the September 17, 2009 Case Management Conference, Dassow sent specific letters via Federal Express overnight mail to all of their clients enclosing the PLRP's terms and enrollment procedures. Dassow even offered advice on the advantages and disadvantages in entering the program. Numerous clients contacted Mr. Dassow for additional information in which he spoke to them directly concerning the same. *See Exhibit B.*

5.  Further, at the time of any distribution to the clients, the clients were again instructed and informed of the lien process and of the PLRP program.

6.  On October 9, 2009, this Honorable Court issued PTO 54 which listed claimants who had not enrolled in the PLRP.

7.  Following the issuance of this Order, Dassow took steps to ensure that those who were identified on Exhibit F to the PTO 54 were again reminded of their decision to not voluntarily enter the program by having the clients sign an acknowledgment at the time of settlement. This acknowledgment was executed by every client.

AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Robert T. Dassow, Esq. #15145-64
Hovde Dassow & Deets, LLC

STATE OF INDIANA        )
                        ) SS:
COUNTY OF _Marion_      )

      Subscribed and sworn to before me, a Notary Public, in and for said County and State, this _15th_ day of _July_____, 2000.

My Commission Expires:

_6.26.16_____

County of Residence:

_Hamilton_____

_____
Notary Public

_____
Printed Name    April N. Eisele

APRIL N. EISELE
Hamilton County
My Commission Expires
May 26, 2016

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE TO CLIENTS OF THE PRIVATE LIEN RESOLUTION PROGRAM

Principal Attorney:          Robert T. Dassow

Firm Name:                   Hovde Dassow & Deets, LLC


In accordance with the Order Concerning Ceratin Health Plans' Motion for Preliminary Injunction entered on _____ in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:

_____✓_____          I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.

th          Signed this 15th day of October, 2009, under the PAINS and PENALTIES of perjury.

_____
Robert T. Dassow

## DECLARATION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Christopher P. Johnson, Esq., declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

      1.     I am a partner in the New York office of Kasowitz, Benson, Torres & Friedman LLP ("KBTF"), a proposed named firm in what I understand is Plaintiffs' pending motion to amend. I submit this declaration in opposition to the Plaintiffs' motion to amend. I make this certification based upon personal knowledge and/or upon information and belief derived from my review of firm records.

      2.     On September 21, 2009, KBTF received email notification from the Vioxx Settlement Claims Administrator that Judge Eldon E. Fallon had entered Pretrial Order No. 48 ("PTO 48"), which required that written notice of the Private Lien Resolution Program ("PLRP") be sent to the Eligible Vioxx claimants that KBTF represents.

      3.     The next day, September 22, 2009, to comply with PTO 48, KBTF mailed written notice of the PLRP to all 215 of our then-Eligible Vioxx claimants.

      4.     On September 30, 2009, KBTF certified its compliance with PTO 48, via email to the Vioxx Lien Resolution Administrator, and attached a spreadsheet listing the names and Vioxx Claim Numbers of all Eligible claimants to whom we sent written notice pursuant to PTO 48. That spreadsheet contained all of KBTF's then-Eligible claimants.

      5.     On October 9, 2009, KBTF received email notification from the Vioxx Settlement Claims Administrator that Judge Fallon had entered Pretrial Order No. 54 ("PTO 54"), which enjoined Primary Counsel for any Claimants listed in Exhibit F to the Order from paying any part of the final 15% of settlement proceeds received in the Vioxx Program until such time as the

Primary Counsel certified in writing that: (1) it had complied with PTO No. 48; and (2) all represented Eligible Claimants had been afforded a reasonable opportunity to opt into the PLRP.

6.      Consistent with PTO 54, on October 12, 2009, KBTF submitted via email to the Vioxx Lien Resolution Administrator the Certification of Christopher P. Johnson Regarding Written Notice to Clients of the Private Lien Resolution Program for Kasowitz, Benson, Torres & Friedman, LLP.

7.      KBTF has, at all times, complied with this Court's instructions, the Vioxx Master Settlement Agreement, and all other applicable rules regarding lien resolution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2010.

                                                Christopher P. Johnson

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

**CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE
TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM**

Principal Attorney: ___Christopher___ ___P.___ ___Johnson___
                              First                   Middle               Last

Firm Name: ___Kasowitz, Benson, Torres + Friedman   LLP___

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:

    __✓__     I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.

Signed this __12th__ day of __October__, 2009, under the PAINS and PENALTIES of perjury.

                                     NAME: _Christopher P. Johnson_

## AFFIDAVIT OF KLINE & SPECTER, P.C.

The undersigned attorney, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1.      At the January 22, 2009 Vioxx Status Conference, the PLRP was announced. A January 30, 2009 email to counsel detailed the PLRP's terms and enrollment procedures. On February 6, 2009, Kline & Specter, P.C. forwarded correspondence to all of our Vioxx clients to explain the lien program. Materials from The Garretson Law Firm were included with the correspondence to further describe the PLRP. The clients were encouraged to contact Kline & Specter, P.C. counsel by telephone or e-mail with any questions.

2.      Along with the informational material mailed to all clients on February 6, 2009, was a form on which each client was asked to indicate whether they would or would not participate in the PLRP. Telephone follow-up was made to those clients who did not promptly return the form indicating their choice.

3.      From early February, 2009 through March 6, 2009, Kline & Specter, P.C. attorneys, Lee B. Balefsky and Michelle L. Tiger had numerous telephone conversations with clients to address specific concerns regarding the PLRP.

4.      On April 23, 2009, counsel was advised via an email from the Vioxx Settlement's Claims Administrator that the enrollment deadline for the PLRP was extended until May 29, 2009.

5.      Following the April 23, 2009 notification, attorneys Lee B. Balefsky and Michelle L. Tiger again had numerous conversations with clients who had not yet decided whether to enroll in the PLRP.

6.    On October 9, 2009, this Honorable Court issued Pre-Trial Order 54. Attached to PTO 54 as Exhibit "F" was a list of claimants who had not enrolled in the PLRP. [1]

7.    Following the issuance of this Order, Kline & Specter, P.C. attorneys Lee B. Balefsky and Michelle L. Tiger reviewed the list of claimants to make sure that each client had either responded to the February 6, 2009 letter or had an opportunity to speak to either Mr. Balefsky or Ms. Tiger regarding their choice and that they were either properly enrolled in the PRLP or intentionally opting out.  All clients were accounted for at that time.

8.    After taking all of these steps, Kline & Specter, P.C. signed and submitted the Certification of Compliance as required by PTO 54. The Certification was only to be signed by those attorneys who has advised their clients of the PLRP.

As described herein, Kline & Specter, P.C. satisfied all obligations required by this Honorable Court, the Master Settlement Agreements and all other rules, regulations and Orders.

_____
Michelle L. Tiger, Esquire

Dated: __7/16/10__

Sworn to me and subscribed
before me this _16th_ day
of __July__ , 2010.

_Danielle Serad_
**Notary Public**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DANIELLE SERAD, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 2, 2012

---

[1]    As noted in the Named Law Firms' Memorandum of Law, Exhibit "F" contained numerous errors.

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM

Principal Attorney: _Maura_ _____ _Kolb_ _____
                    First          Middle        Last

Firm Name:  _Lanier Law Firm_ _____

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:


_X_ _____   I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.


Signed this _12th_ day of _October_ , 20_09_, under the PAINS and PENALTIES of perjury.

                                    _Maura Kolb_
                            NAME: _Maura Kolb_

## AFFIDAVIT OF LOCKS LAW FIRM, LLC ("LOCKS")

The undersigned attorney, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1.     At the January 22, 2009 Vioxx Status Conference, the PLRP was announced. A January 30, 2009 email to counsel detailed the PLRP's terms and enrollment procedures.  Locks forwarded correspondence to all of our Vioxx clients as well as our co-counsel to explain the lien program. Materials from The Garretson Firm were included with the correspondence to further describe the PLRP.

2.     Locks communicated with every client who advised us he/she had questions. Locks provided details about the PLRP, its terms, and related requirements.

3.     On April 23, 2009, counsel was advised via an email from the Vioxx Settlement's Claims Administrator that the enrollment deadline for the PLRP was extended until May 29, 2009.

4.     Locks again communicated with every client who advised us he/she had questions.

5.     On October 9, 2009, this Honorable Court issued Pre-Trial Order 54. Attached to PTO 54 as Exhibit "F" was a list of claimants who had not enrolled in the PLRP. [1]

6.     Following the issuance of this Order, Locks took steps to make sure that those clients who were identified on Exhibit "F" were aware of the PLRP and that there was still an opportunity to enroll in the program.

7.     After taking all of these steps, Locks signed and submitted the Certification of Compliance as required by PTO 54 on or about November 16, 2009. The Certification was only

---

[1]     As noted in the Named Law Firms' Memorandum of Law, Exhibit "F" contained numerous errors.

to be signed by those attorneys who had advised their clients of the PLRP. A true and correct copy of Lock's signed Certification is attached to this Affidavit.

As described herein, Locks satisfied all obligations required by this Honorable Court, the Master Settlement Agreements and all other rules, regulations and Orders.

_____
James J. Pettit, Esquire

Dated: 7/15/2010

Sworn to me and subscribed
before me this 15th day
of July , 2010.

_____
**Notary Public**

PAMELA L. WELKER
A Notary Public of New Jersey
My Commission Expires October 26, 2012

**LOCKS LAW FIRM LLC** · *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 · Cherry Hill, NJ 08002

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

## CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM

Principal Attorney: _James____S_____R Hit_____
                              First                 Middle                  Last

Firm Name: _Leeks Law Firm, LLC___

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows:

    ✓        I have complied with Pretrial Order No. 48 and all Clients have been afforded a reasonable opportunity to opt into the Private Lien Resolution Program.

Signed this _16th_ day of _December_, 20_07_, under the PAINS and PENALTIES of perjury.

                              _____
                          NAME: _James J. Pettit_

## AFFADAVIT OF MORELLI RATNER PC

The undersigned attorney, being duly sworn according to law, hereby deposes and says that the following actions were undertaken in order to properly and fully inform our clients of the Vioxx Private Lien Resolution Program ("PLRP"):

1. At the January 22, 2009 Vioxx Status Conference, the PLRP was announced. A January 30, 2009 email to counsel detailed the PLRP's terms and enrollment procedures. Morelli Ratner PC thereafter forwarded correspondence to all of our Vioxx clients to explain the lien program. Materials from The Garretson Law Firm were included with the correspondence to further describe the PLRP. In addition, Morelli Ratner PC advised its clients that two (2) telephone conferences would be conducted where clients would have the opportunity to receive additional information about the PLRP.

2. On February 18, 2009 and February 19, 2009, Morelli Ratner PC conducted the aforementioned telephone conferences. The clients heard details about the lien program, its terms and benefits, as well as the enrollment requirements and deadline.[1]

3. Beginning on October 15, 2009, Morelli Ratner attorneys and paralegals had numerous telephone conversations with individual clients in order to address specific concerns.

4. On April 23, 2009, counsel was advised via an email from the Vioxx Settlement's Claims Administrator that the enrollment deadline for the PLRP was extended until May 29, 2009.

5. On October 9, 2009, this Honorable Court issued Pre-Trial Order 54. Attached to PTO 54 as Exhibit "F" was a list of claimants who had not enrolled in the PLRP.[2]

---

[1] The original enrollment deadline was March 20, 2009.

[2] As noted in the Named Law Firms' Memornadum of Law, Exhibit "F" contained numerous errors.

6. Following the issuance of this Order, Morelli Ratner PC took steps to ensure that those clients who were identified on Exhibit "F" were aware of the PLRP and that there was still an opportunity for them to enroll in the program.

7. Specifically, letters were sent to each non-enrolled client to inform them of the last opportunity to enroll.

8. After taking all of these steps, Morelli Ratner PC signed and submitted the Certification of Compliance as required by PTO 54. The Certification was only to be signed by those attorneys who had advised their clients of the PLRP. A true and correct copy of Morelli Ratner's signed Certification is attached to this Affadavit.

As described herein, Morelli Ratner PC satisfied all obligations required by this Honorable Court, the Master Settlement Agreements and all other rules, regulations and Orders.

David S. Ratner, Esq.

Dated: 7/8/10

Sworn to me and subscribed before me this ___ day of _____, 2010.

**Notary Public**

THOMAS BERNARD
NOTARY PUBLIC-STATE OF NEW YORK
No: 02BE6162891
Qualified in New York County
My Commission Expires March 19, 2011