AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF  NEW YORK

GOLDHABER RESEARCH ASSOCIATES, LLC,

## SUMMONS IN A CIVIL CASE

V.

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS, LLP.,

CASE NUMBER:  06CV 11628 (SHS)

TO: (Name and address of defendant)    BLIZZARD, McCARTHY & NABERS, LLP
440 LOUISIANA-SUITE 1710
HOUSTON, TEXAS 77002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT L. COHEN, ESQ.
1350 Broadway, Ste. 2500
New York, New York 10018
212-736-6800

an answer to the complaint which is herewith served upon you, within ___30_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

_____                                    DEC 0 1 2006
CLERK

*Marcos Quintero*
_____                    _____
(BY) DEPUTY CLERK                                          DATE

06 CV 13628

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES, LLC,

Plaintiff,

-against-

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS, LLP.,

Defendants.

----------------------------------------------------X

Civil No:

COMPLAINT



Plaintiff, by its attorney, Robert L. Cohen, Esq., complaining of defendants, respectfullly
alleges:

## JURISDICTION & VENUE

1. Plaintiff, Goldhaber Research Associates, LLC is a New York Limited Liability
Corporation with its headquarters located at 800 Avenue of the Americas, New York, New York
10001.

2. Upon information and belief, the defendants, Tyommy Jacks, Laura Ruth Jacks, and
Mark Guerrero are attorneys, duly licensed to practice law in the State of Texas doing business
under the name and style of Jacks Law Firm located at 1205 Rio Grande Street, Austin, Texas
78701.

3. Upon information and belief, the defendant, Blizzard, McCarthy & Nabers, L.L.P., is a
limited liability partnership, duly licensed to practice law in the State of Texas, with its principal

place of business located at 440 Louisiana, Suite 1710, Houston, Texas 77002.

4. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332, on the basis of diversity of citizenship, in that the plaintiff is a citizen, resident and domiciliary of the State of New York, with its principal place of business located in New York, New York and the defendants, are residents of the State of Texas with their principal places of business located in the State of Texas, and the matter in controversy exceeds the sum of $75,000.00, exclusive of the costs and disbursements of this action.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S. C. Section 1391(a), in as much as defendants transacted business in New York, New York; and much of the negotiations and transactions forming the underlying basis for the within claims occurred within the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-5 and though fully set forth herein at length.

7. Heretofore, between March 1, 2005 and August 31, 2006, plaintiff rendered to the defendants services upon the express request of the defendants in the nature of providing expert services for VIOXX litigation.

8. By reason thereof, there became justly due and owing to plaintiff the agreed sum of $201,368.47, no part of which has been paid, except the sum of $37,722.25, leaving a balance of $163,646.22.

9. Despite due demand, defendants have failed to make payment to plaintiff and the entire aforementioned sum of $163,646.22, remains outstanding.

## AS AND FOR A SECOND CAUSE OF ACTION

10. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-9 as though fully set forth herein at length.

11. Plaintiff duly rendered invoices and statements detailing the balance due and owing and giving credit for any monies paid or other credits due from defendants.

12. Said statements and invoices were delivered to and retained by said defendants without objection or protest.

13. Said statements and invoices constitute an account stated.

14. Plaintiff duly demanded payment of the agreed upon sum of $163,646.22, and no part thereof has been satisfied by defendants.

## AS AND FOR A THIRD CAUSE OF ACITON

15. Plaintiff repeats and realleges each and every allegation contained in paragrahs 1-14 as though fully set forth herein at length.

16. As a result of the foregoing and as a result of rendering of certain services by plaintiff heretofore alleged, defendants have been unjustly enriched to the detriment of and at the expense of plaintiff in the amount of $163,646.22, and plaintiff has been damaged thereby.

**WHEREFORE,** Plaintiff, respectfully demands judgment against the Defendants as follows:

1. Damages in the sum of $163,646.22, plus interest from March 1,2005, together

with costs and disbursements of this action; and

2. For such other and further relief as this Court deems just and proper.

Dated;New York, New York
    December 1,2006

ROBERT L.COHEN,ESQ.
Attorney for Plaintiff (#8144)
1350 Broadway,Suite 2500
New York, New York 10018
212-736-6800

GOLDHABER RESEARCH ASSOCIATES, LLC,

                                   Plaintiff,

          -against-

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND d/b/a
JACKS LAW FIRM AND BLIZZARD, McCARTHY &
NABERS, LLP,
                                   Defendants.

---

## COMPLAINT

---

### ROBERT L. COHEN

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

1350 Broadway, Suite 2500
NEW YORK, NY 10018-7802
212–736-6800

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

## PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                          at              M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

ROBERT L. COHEN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GOLDHABER RESEARCH ASSOCIATES, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 06 CV 13628 (SHS) |
| v. | ) | |
| | ) | |
| TOMMY JACKS, LAURA RUTH JACKS AND MARK GUERRERO, INDIVIDUALLY AND DBA JACKS LAW FIRM AND BLIZZARD, McCARTHY & NABERS, LLP, | ) | ANSWER OF TOMMY JACKS, P.C., d/b/a JACKS LAW FIRM TO PLAINTIFF'S COMPLAINT |
| | ) | |
| Defendants, | ) | |
| | ) | |

Defendant, TOMMY JACKS, P.C., d/b/a JACKS LAW FIRM, through its attorney, Christopher A. Seeger, Esq., files this Original Answer to Plaintiff's Complaint and would respectfully show as follows:

## STIPULATION OF DISMISSAL AND SUBSTITUTION OF PARTIES

The Plaintiff GOLDHABER RESEARCH ASSOCIATES, LLC, ("Plaintiff") and the originally named individual Defendants TOMMY JACKS, LAURA RUTH JACKS and MARK GUERRERO, INDIVIDUALLY AND DBA JACKS LAW FIRM ("Former Individual Defendants") have entered into a Stipulation, a true copy of which is filed herewith as EXHIBIT "A" and is incorporated herein by reference as if reproduced in full. In accordance with said Stipulation, this Answer is being filed by TOMMY JACKS, P.C., d/b/a JACKS LAW FIRM. Every reference in the Complaint to the Former Individual Defendants will be deemed, for purposes of this Answer, to be a reference to TOMMY JACKS, P.C. d/b/a JACKS LAW FIRM, and every statement, allegation, admission, denial or other matter contained in this Answer will be deemed to be the response of TOMMY JACKS, P.C., d/b/a JACKS LAW FIRM and not that

of the Former Individual Defendants.  TOMMY JACKS, P.C., d/b/a/ JACKS LAW FIRM is hereafter referred to as "Defendant."

## JURISDICTION & VENUE

1.      Answering Paragraph No. 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of this allegation.

2.      Answering Paragraph No. 2 of Plaintiff's Complaint, Defendant denies that as a professional corporation it is licensed to practice law in the State of Texas but admits that it is doing business under the name, Jacks Law Firm at the address stated.

3.      Answering Paragraph No. 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of this allegation.

4.      Answering Paragraph No. 4 of Plaintiff's Complaint, Defendant admits, upon information and belief, the allegation contained therein.

5.      Answering Paragraph No. 5 of Plaintiff's Complaint, Defendant denies that "much of the negotiations and transactions forming the underlying basis for the within claims occurred within the Southern District of New York.  Defendant admits that it transacted business in New York, New York and that venue is proper here.

## AS AND FOR A FIRST CAUSE OF ACTION

6.      Answering Paragraph No. 6 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

7.      Answering Paragraph No. 7 of Plaintiff's Complaint, Defendant denies the allegation contained therein except that Defendant admits that Plaintiff did render some services at its request in 2005 relating to Vioxx litigation and that Defendant made payment to Plaintiff

for those services.  Defendant denies that it failed to pay Plaintiff for any of the services that Plaintiff performed at Defendant's request.

8.    Answering Paragraph No. 8 of Plaintiff's Complaint, Defendant denies the allegation that there became justly due and owing to Plaintiff any sum and denies that the sum stated was an "agreed" sum.  Defendant admits making payments to Plaintiff for work performed at Defendant's request in 2005 and denies that it failed to pay Plaintiff for any services rendered for Defendant or at Defendant's request.

9.    Answering Paragraph No. 9 of Plaintiff's Complaint, Defendant denies this allegation.

## AS AND FOR A SECOND CAUSE OF ACTION

10.    Answering Paragraph No. 10 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

11.    Answering Paragraph No. 11 of Plaintiff's Complaint, Defendant admits receiving invoices and statements related to services allegedly rendered by Plaintiff and forwarding those invoices to another defendant but denies the remaining allegations.

12.    Answering Paragraph No. 12 of Plaintiff's Complaint, Defendant admits receiving invoices and statements and forwarding those invoices to another defendant but otherwise denies this allegation.

13.    Answering Paragraph No. 13 of Plaintiff's Complaint, Defendant denies this allegation.

14.    Answering Paragraph No. 14 of Plaintiff's Complaint, Defendant admits receiving a letter from Plaintiff's counsel regarding Plaintiff's claim but denies that the sum stated was "agreed upon" and there denies this allegation.

3

## AS AND FOR A THIRD CAUSE OF ACTION

15.     Answering Paragraph No. 15 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

16.     Answering Paragraph No. 16 of Plaintiff's Complaint, Defendant denies this allegation.

## JURY DEMAND

17.     Defendant demands a trial by jury on all issues so triable as provided for in Federal Rule of Civil Procedure 38.

WHEREFORE, Defendant TOMMY JACKS, P.C., d//b/a/ JACKS LAW FIRM prays that, upon final trial hereof, Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other relief to which it may show itself justly entitled, both in law and in equity.

Dated, New York, New York
February 26, 2007

SEEGER WEISS LLP

/s/ Christopher A. Seeger
Christopher A. Seeger, Esq. (CS-4880)
One William Street
New York, New York 10004
Tel. 212-584-0700

Attorneys for Defendants

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff

Case No.

-v-

Rule 7.1 Statement

Defendant

        Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for _____ (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Date: _____

_____

**Signature of Attorney**

**Attorney Bar Code:**

Form Rule7_1.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOLDHABER RESEARCH ASSOCIATES, LLC,:

                    Plaintiff,

         -against-

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS, LLP,

                   Defendants.
-----------------------------------------------------------x

Civil No.: 06 CV 13628 (SHS)

ORIGINAL ANSWER OF
DEFENDANT BLIZZARD,
McCARTHY & NABERS, LLP
and JURY DEMAND

Defendant, BLIZZARD, McCARTHY & NABERS, LLP, through its attorney, Christopher A. Seeger, Esq., files this Original Answer to Plaintiff's Complaint, and would respectfully show as follows:

## JURISDICTION & VENUE

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations set forth in Paragraph No. 5 of Plaintiff's Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

6.    Answering Paragraph No. 6 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

7.    Defendant admits that one of its representatives met and spoke with Gerald Goldhaber, who upon information and belief is an officer of the Plaintiff Goldhaber Research Associates, LLC, on one occasion in 2006 in New York to consider whether to retain his services as an expert on certain "warnings" issues in the Vioxx litigation. Defendant denies requesting Plaintiff to perform all of the services for which Plaintiff now alleges it is due to be paid. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the requests of other defendants in this litigation as set forth in Paragraph No. 7 of Plaintiff's Complaint. Therefore, Defendant denies all remaining allegations set forth in Paragraph No. 7 of Plaintiff's Complaint.

8.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the amounts paid by other defendants in this litigation as set forth in Paragraph No. 8 of Plaintiff's Complaint. Defendant denies that the sum for services allegedly rendered by Plaintiff was agreed upon or that such sum is due and owing. Therefore, Defendant denies the allegations set forth in Paragraph No. 8 of Plaintiff's Complaint.

9.    Defendant denies the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GOLDHABER RESEARCH ASSOCIATES, LLC,:

                Plaintiff,

         -against-

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS, LLP,

              Defendants.

-------------------------------------------------------------x

Civil No.: 06 CV 13628 (SHS)

ORIGINAL ANSWER OF
DEFENDANT BLIZZARD,
McCARTHY & NABERS, LLP
and JURY DEMAND

     Defendant, BLIZZARD, McCARTHY & NABERS, LLP, through its attorney, Christopher A. Seeger, Esq., files this Original Answer to Plaintiff's Complaint, and would respectfully show as follows:

## JURISDICTION & VENUE

    1.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint.

    2.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 2 of Plaintiff's Complaint.

    3.    Defendant admits the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

    4.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph No. 4 of Plaintiff's Complaint.

    5.    Defendant denies the allegations set forth in Paragraph No. 5 of Plaintiff's Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

6.      Answering Paragraph No. 6 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

7.      Defendant admits that one of its representatives met and spoke with Gerald Goldhaber, who upon information and belief is an officer of the Plaintiff Goldhaber Research Associates, LLC, on one occasion in 2006 in New York to consider whether to retain his services as an expert on certain "warnings" issues in the Vioxx litigation. Defendant denies requesting Plaintiff to perform all of the services for which Plaintiff now alleges it is due to be paid. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the requests of other defendants in this litigation as set forth in Paragraph No. 7 of Plaintiff's Complaint. Therefore, Defendant denies all remaining allegations set forth in Paragraph No. 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the amounts paid by other defendants in this litigation as set forth in Paragraph No. 8 of Plaintiff's Complaint. Defendant denies that the sum for services allegedly rendered by Plaintiff was agreed upon or that such sum is due and owing. Therefore, Defendant denies the allegations set forth in Paragraph No. 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint.

2

## AS AND FOR A SECOND CAUSE OF ACTION

10.     Answering Paragraph No. 10 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

11.     Defendant admits receiving invoices and statements related to services allegedly rendered by Plaintiff, though Defendant did not receive such invoices and statements directly from Plaintiff.  Defendant denies that the balance of these invoices and statements for services allegedly rendered by Plaintiff is due and owing as set forth in Paragraph No. 11 of Plaintiff's Complaint.

12.     Defendant admits receiving invoices and statements related to services allegedly rendered by Plaintiff, though Defendant did not receive such invoices and statements directly from Plaintiff.  Defendant denies all remaining allegations as set forth in Paragraph No. 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations set forth in Paragraph No. 13 of Plaintiff's Complaint.

14.     Defendant denies receiving a demand for payment from Plaintiff as set forth in Paragraph No. 14 of Plaintiff's Complaint. Defendant further denies that the amount sought by Plaintiff is due and owing or was "agreed upon." Therefore, Defendant denies the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

15.     Answering Paragraph No. 15 of Plaintiff's Complaint, Defendant repeats each and every answer hereinabove.

16.     Defendant denies the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES,LLC,

Plaintiff,

-against-

TOMMY JACKS, LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS,LLP,

Defendants.

----------------------------------------------X

CIVIL
NO.06CV13628(SHS)

STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for
the parties herein, that the defendants' Motion to Dismiss for Lack of Jurisdiction made by
the defendants Tommy Jacks, Laura Ruth Jacks and Mark Guerrero, individually and
d/b/a Jacks Law firm is settled as follows: (a) The action with regard to the individual
named defendants is dismissed and in place and stead of the individual defendants, Tommy
Jacks,P.C. d/ba The Jacks Law Firm is substituted as the defendant and (b) the attorneys
for defendant Tommy Jacks,P.C. d/b/a The Jacks Law Firm accept service of the Summons
and Complaint previously served upon the individual named defendants and will interpose
an answer on behalf of Tommy Jacks,P.C. d/b/a The Jacks Law Firm by February 2,2007.
The caption of the above matter shall be amended as follows:

——————————————————————————————X

GOLDHABER RESEARCH ASSOCIATES,LLC,

Plaintiff,

-against-

TOMMY JACKS,P.C. d/b/a THE JACKS LAW FIRM, AND

BLIZZARD,McCARTHY & NABERS,LLP,

Defendants.

——————————————————————————————X

Dated:New York,New York
February 2,2007

ROBERT L.COHEN,ESQ.
Attorney for Plaintiff

By:
CHRISTOPHER A.SEEGER
SEEGER WEISS LLP
Attorneys for Defendants





A CERTIFIED TRUE COPY
APR 17 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED APR 17 2007
LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR 17 2007
FILED
CLERK'S OFFICE

***DOCKET NO. 1657***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION***

**EDLA**
**SEC. L/**

*Goldhaber Research Associates, LLC v. Tommy Jacks, et al.*, S.D. New York, C.A. No. 1:06-13628 **07-2062**

***BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL***

## *TRANSFER ORDER*

Presently before the Panel is a motion by the Texas law firm defendants,[1] pursuant to 28 U.S.C. § 1407, to transfer this action to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. The *Goldhaber* plaintiff opposes this motion.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action shares questions of fact with at least one MDL-1657 action. Claims in *Goldhaber* arise from a purported agreement between the parties to this action regarding plaintiff's services as a potential expert witness in an MDL-1657 action which was tried in late 2006. The transferee judge has a unique familiarity with MDL-1657 and he is best-suited to rule on claims arising out of the conduct of these proceedings. Accordingly, transfer of *Goldhaber* to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

CLERK'S OFFICE
A TRUE COPY
APR 23 2007
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Fee
Process
X Dktd
CtRmDep
Doc. No. 10894

* Judges Motz and Scirica took no part in the decision of this matter.

[1] Blizzard, McCarthy & Nabers and three attorneys associated with Tommy Jacks, PC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES, LLC,

                Plaintiff,

-against-

TOMMY JACKS, P.C. d/b/a THE JACKS
LAW FIRM AND BLIZZARD, MCCARTHY
& NABERS, LLP,

                Defendants.

-----------------------------------------------------X

CIVIL NO.

AFFIDAVIT IN SUPPORT
OF MOTION FOR
SUMMARY JUDGMENT

STATE OF NEW YORK
COUNTY OF NEW YORK

GERALD M. GOLDHABER, being duly sworn, deposes and says:

1. I am the President and principal of the plaintiff, Goldhaber Research Associates, LLC. I have personal knowledge of the facts and circumstances set forth herein.

2. This affidavit is submitted in support of Plaintiff's motion for an order pursuant to Rule 56 granting Plaintiff summary judgment as to liability and damages on Plaintiff's causes of action against defendants in the sum of $163,646.22; and (b) striking the answers of the defendants.

## RELEVANT DOCUMENTS

3. True copies of the following documents are annexed hereto:

Exhibit A: Summons and Complaint, dated December 1, 2006;

Exhibit B: Answer of Defendant Tommy Jacks P.C. d/b/a Jacks Law Firm, dated February 26, 2007; and 8,

Exhibit C: Answer of Defendant, Blizzard, McCarthy & Nabers,LLP.

## BACKGROUND FACTS

4. The plaintiff's principal, Gerald G oldhaber is an expert in the field of warnings and safety communications and is considered one of the top warning experts in the United States. He was engaged by the defendants to evaluate the lack of warnings by Merck on the Vioxx product regarding the potential for stroke or heart attack as a result of taking Vioxx. It was the intent of the defendants to employ Mr. Goldhaber as an expert witness at a Vioxx trial. In fact, on or about March 18,2005, my firm was retained by the Jacks Law Firm, Exhibits 1,2 and 3, my initial retainer bill, copy of letter of transmittal from the Mithoff Law Firm, the defendant Jack's former partner, and retainer check in the sum of $8,500.00

5. I continued to perform work, labor and services at the specific instance and request of the defendants from March, 2005 through August, 2006.  Attached as Exhibits 4-11, are copies of the paid invoices for services rendered for the Vioxx litigation and copies of checks from the Tommy Jacks P.C. firm in full payment for those services performed..

6. I continued to perform additional services and the co-defendant, Blizzard, McCarthy & Nabers, L.L.P. sent me, Exhibit 12, disks containing trial transcripts, deposition transcripts and other materials to be reviewed. Attached as Exhibits 13-16 are copies of the invoices I prepared

and forwarded to the Jacks Law firm for payment, which total the sum of $156,506.22, which to date remain unpaid and due to my firm.

7. Attached as Exhibits 17-19 are copies of emails your affiant sent to the attention of Tommy Jacks, the principal of the defendant law firm demanding payment of the sum of $156,506.22, which at no time disputed the work that was performed or the manner in which it was performed. Through the end of August, 2006 your affiant invoiced the defendants the sum of $201,368.47 and was partially compensated in the sum of $44,862.25, leaving a balance due and owing to plaintiff, the sum of $156,506.22.

**WHEREFORE,** it is respectfully requested that an order pursuant ot Rule 56 be issued: (a) granting Plaintiff summary judgment as to liability and damages in the sum of $156,506.22; and (b) striking the answers of the defendants..

GERALD H. GOLDHABER

Sworn to before me  this  5  Day  April
of April, 2010.

NOTARY PUBLIC

PAUL A. RIVAS
No. 01RI6089902
Notary Public, State of New York
Qualified in Queens County
My Commission Expires 03/31/2011

# MITHOFF LAW FIRM

RICHARD WARREN MITHOFF, P.C.
JANIE L. JORDAN
SHERIE POTTS BECKMAN
JOSEPH R. ALEXANDER, JR.
HERRICK L. SOVANY

OF COUNSEL
    WILLIAM J. STRADLEY

ONE ALLEN CENTER
PENTHOUSE
500 DALLAS
HOUSTON, TEXAS 77002

TELEPHONE  713-654-1122
FACSIMILE  713-739-8085
www.mithofflaw.com

March 18, 2005

**Via Certified Mail**
Dr. Gerald M. Goldhaber
Goldhaber Research Associates
One NFA Park
Amherst, NY  14228-1149

Attn:  Donna Patterson

Re:  Vioxx

Dear Donna:

    Enclosed please find our firm's check in the amount of $8,500.00, representing the retainer fee for your professional services.

        Respectfully yours,

        MITHOFF LAW FIRM

        Judith Orihuela
        Paralegal to Joseph R. Alexander, Jr.

/jo
enclosures

1



Goldhaber Research Associates LLC
One NFA Park
Amherst, New York 14228-1149
Phone: (716) 689-3311
Fax: (716) 689-3342
Federal I.D. #16-1186524

## INVOICE

March 14, 2005                     L4276

Tommy Jacks, Esq.
Mithoff & Jacks
1010 One Congress Plaza
Austin, TX 78701

Re:        Vioxx Litigation

Retainer. . . . . . . . . . . . . . . . . . .  $8,500.00



3/24/05  8500 00

                    TOTAL DUE:     $8,500.00

                        2

TERMS: Net 30  Service Charge of 1½% per month will be added to all past due accounts.

**RICHARD WARREN MITHOFF**
A PROFESSIONAL CORPORATION
ATTORNEY AT LAW
3450 ONE ALLEN CENTER   (713) 654-1122
HOUSTON, TEXAS 77002

JPMORGAN CHASE BANK
P.O. BOX 2558
HOUSTON, TEXAS 77252

32-115/1110

54791

3/15/2005

PAY
TO THE
ORDER OF    Goldhaber Research Associates

$ **8,500.00

Eight Thousand Five Hundred and 00/100************************************************************    DOLLARS

Goldhaber Research Associates
One NFA Park
Amherst, NY 14228-1149

MEMO

AUTHORIZED SIGNATURE

⑊"054791⑊"  ⑊:111001150⑊:  ⑊"0010134458 9⑊"

RICHARD WARREN MITHOFF                                                                54791

Goldhaber Research Associates        3/15/2005
545 · Case Expense        Retainer- Vioxx        8,500.00

JPMChase checking        8,500.00



Goldhaber Research Associates,LLC
One NFA Park
Amherst, New York 14228-1149

Phone: (716) 689-3311
Fax: (716) 689-3342
Federal I.D. #16-1186524

# INVOICE

August 22, 2005            L4304


Tommy Jacks, Esq.
Mithoff & Jacks
1010 One Congress Plaza
Austin, TX 78701

Re:        Vioxx Litigation

Legal Research Analyst
  Week Ending 3/20. . . . . . . . . 15.00 hrs
  Week Ending 3/27. . . . . . . . . 15.00 hrs

Conducted on-line and library search
for articles (media/scientific) relating
to Vioxx.  Includes travel time and
copying charges

TOTAL NUMBER OF BILLABLE HOURS . . 30.00 hrs

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . . . . $ 8,850.00
(30.00 hours @ $295/hour)

Meeting 3/11/05. . . . . . . . . 2.00 hrs

Reviewed collection of media and
  Scientific documentation. . . . . 12.00 hrs

TOTAL NUMBER OF BILLABLE HOURS . . 14.00 hrs

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . . . . $ 6,790.00
(14.00 hours @ $485/hour)



|  |  |
|---|---|
| TOTAL DUE: | $15,640.00 |
| LESS RETAINER: | ($ 8,500.00) |
| BALANCE DUE: | $ 7,140.00 |

PAID
10/14/05  7140 00

TERMS: Net 30  Service Charge of 1½% per month will be added to all past due accounts.

7623

**TOMMY JACKS, P.C.**
OPERATING ACCOUNT
111 CONGRESS AVE., STE. 1010
AUSTIN, TX 78701-4043

FROST NATIONAL BANK
AUSTIN, TEXAS 78761
30-9-1140

10/14/2005

Pay to the
Order of   Goldhaber Research Associates, LLC                    $ **7,140.00

Seven Thousand One Hundred Forty and 00/100************************************************

DOLLARS

Goldhaber Research Associates, LLC
One NFA PArk
Amherst, New York 14228-1149

Security Features Included. 🅱 Details on Back.

William C. Fore

MEMO   (8.22.05)Vioxx - Expert fees

⑆007623⑆ ⑈114000093⑈ 5838199795⑈

7623

**TOMMY JACKS, P.C.**

Goldhaber Research Associates, LLC

10/14/2005

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 09/06/2005 | Bill | L4304 | 7,140.00 | 7,140.00 | | 7,140.00 |
| | | | | | Check Amount | 7,140.00 |

Checking - Operating (Fro   (8.22.05)Vioxx - Expert fees

7,140.00



Goldhaber Research Associates, LLC
One NFA Park
Amherst, New York 14228-1149
Phone: (716) 689-3311
Fax: (716) 689-3342
Federal I.D. #16-1186524

## INVOICE

October 12, 2005                    L4307


Tommy Jacks, Esq.
Mithoff & Jacks
1010 One Congress Plaza
Austin, TX 78701


Re:  Vioxx Litigation


Materials Reviewed. . . . . . . . .    28.75 hrs
 Proposed Labeling Changes (1.50)
 Vigor Results (.50)
 Barr report dated 12/21/2000 (2.00)
 Clinical Study Report (4.75)
 Assorted news, magazine and scientific
  articles on Vioxx secured independently
  by G.M. Goldhaber (14.25)

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . . .  $13,943.75
(28.75 hours @ $485/hour)




                                TOTAL DUE:  $13,943.75

6

TERMS: Net 30  Service Charge of 1½% per month will be added to all past due accounts.

7748

**TOMMY JACKS, P.C.**
OPERATING ACCOUNT
111 CONGRESS AVE., STE. 1010
AUSTIN, TX 78701-4043

FROST NATIONAL BANK
AUSTIN, TEXAS 78781
30-9-1140

10/26/2005

Goldhaber Research Associates, LLC                    $ **13,943.75

Thirteen Thousand Nine Hundred Forty-Three and 75/100***************************************    DOLLARS

Goldhaber Research Associates, LLC
One NFA PArk
Amherst, New York 14228-1149

MEMO  (10.12.05) Vioxx- Expert fees- material

⑈"007748"⑈ ⑆⑈11000093⑈:   583819755⑈"

---

7748

**TOMMY JACKS, P.C.**
Goldhaber Research Associates, LLC

| Date | Type | Reference | Original Amt | Balance Due | Discount | Payment |
|------|------|-----------|--------------|-------------|----------|---------|
| 10/26/20 | Bill | L4307 | 13,943.75 | 13,943.75 | | 13,943.75 |
| | | | | | Check Amount | 13,943.75 |

10/26/2005

Checking - Opera  (10.12.05) Vioxx- Expert fees- mater          13,943.75



Goldhaber Research Associates LLC
One NFA Park
Amherst, New York 14228-1149

Phone: (716) 689-3311
Fax: (716) 689-3342
Federal I.D. #16-1186524

# INVOICE

---

October 12, 2005                     L4308


Tommy Jacks, Esq.
Mithoff & Jacks
1010 One Congress Plaza
Austin, TX 78701


Re:  Vioxx Litigation



Contents of CD ROM. . . . . . . . . . 28.50 hrs
  Depositions Exhibits (3.75)
  Labeling documents (24.75)



AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . . $13,822.50
(28.50 hours @ $485/hour)

Expense. . . . . . . . . . . . . . . . . . . . . $   106.00
  Office Max copying charges for printing of
  CD ROM contents






                              TOTAL DUE:  $13,928.50


                              ⁊


---

TERMS: Net 30  Service Charge of 1 1/2% per month will be added to all past due accounts.



**TOMMY JACKS, P.C.**
OPERATING ACCOUNT
111 CONGRESS AVE., STE. 1010
AUSTIN, TX 78701-4043

7749

FROST NATIONAL BANK
AUSTIN, TEXAS 78761
30-9-1140

10/26/2005

Pay to the order of   Goldhaber Research Associates, LLC            $ **13,928.50

Thirteen Thousand Nine Hundred Twenty-Eight and 50/100************************************   DOLLARS

Goldhaber Research Associates, LLC
One NFA PArk
Amherst, New York 14228-1149

MEMO  (10.12.05) Vioxx- expert fees- Labeling

⑇"007749"⑇ ⑆11,000093⑆ 503817745"

---

**TOMMY JACKS, P.C.**

7749

Goldhaber Research Associates, LLC

10/26/2005

| Date | Type | Reference | Original Amt | Balance Due | Discount | Payment |
|------|------|-----------|--------------|-------------|----------|---------|
| 10/26/20 | Bill | L4308 | 13,928.50 | 13,928.50 | | 13,928.50 |
| | | | | | Check Amount | 13,928.50 |

Checking - Opera  (10.12.05) Vioxx- expert fees- Label                                    13,928.50



Goldhaber Research Associates LLC
One RFA Park
Amherst, New York 14228-1149
Phone: (716) 689-3311
Fax: (716) 689-3342
Federal I.D. #16-1186524

# INVOICE

November 22, 2005                    L4314

Tommy Jacks, Esq.
Jacks Law Firm
1010 One Congress Plaza
Austin, TX 78701

Re:  VIOXX Litigation

Reviewed file materials to prepare
 for meeting. . . . . . . . . . . . 1.75 hrs

Meeting 10/28/05. . . . . . . . . . 1.25 hrs

TOTAL NUMBER OF BILLABLE HOURS. . . . 3.00 hrs

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . .  $1,455.00
(3.00 hours @ $485/hour)



PAID
4-5-06  1455⁰⁰

TOTAL DUE:    $1,455.00

*10*

TERMS: Net 30  Service Charge of 1½% per month will be added to all past due accounts.



**TOMMY JACKS, P.C.**
OPERATING ACCOUNT
111 CONGRESS AVE., STE. 1010
AUSTIN, TX 78701-4043

8233

FROST NATIONAL BANK
AUSTIN, TEXAS 78761
30-9-1140

3/28/2006

Pay to the order of    Goldhaber Research Associates, LLC        $ **1,455.00

One Thousand Four Hundred Fifty-Five and 00/100************************************    DOLLARS

Security Features Included. 🔒 Details on back.

Goldhaber Research Associates, LLC
One NFA Park
Amherst, New York 14228-1149

MEMO   (11.22.05) Vioxx- Expert fees

⑈008233⑈ ⑆114000093⑆    583819795⑈

# BLIZZARD, McCARTHY & NABERS, L.L.P.

### ATTORNEYS AT LAW

LYRIC CENTRE BUILDING · 440 LOUISIANA, SUITE 1710

HOUSTON, TEXAS 77002-1689

Telephone: (713) 844-3750 · Fax: (713) 844-3755

Writer's Direct Phone:

Writer's Direct Fax:

April 25, 2006

Gerald M. Goldhaber, Ph.D.
800 6th Avenue, Suite 26G (corner of 27th)
New York, NY 10001

Dear Dr. Goldhaber:

     Please find enclosed disks containing trial transcripts, deposition transcripts and other materials you requested.

Kindest regards,

Rebecca King

RK/ch

Enclosures

1525 Amherst Manor Drive, Suite 907
Williamsville, NY 14221
Phone:   716-689-3311
Fax:     716-689-3342
Federal I.D.# 16-1186524

May 18, 2006          L4342

Tommy Jacks, Esq.
Jacks Law Firm
111 Congress Avenue, Suite 1010
Austin, TX 78701

Re:      VIOXX Litigation

Conference call 4/25. . . . . . .   0.50 hrs

Reviewed file to prepare for call  9.75 hrs

Meeting with E. Blizzard 5/1/06    3.00 hrs

Depositions Reviewed. . . . . . . 29.00 hrs
  G. Curfman I(5.75) II(5.25)
    Exhibits (9.75)
  M. Krahe (4.50) Exhibits (3.75)

Vigor Study . . . . . . . . . . .  2.75 hrs
Approve Study . . . . . . . . . .  1.75 hrs
Plunkett trial transcripts (days 1
  & 2) . . . . . . . . . . . . . .  9.50 hrs

TOTAL NUMBER OF BILLABLE HOURS. . 56.25 hrs

AMOUNT DUE FOR BILLABLEHOURS. . . . . . . .   $27,281.25
(56.25 hours @ $485/hour)

Expenses. . . . . . . . . . . . . . . . . .   $ 1,427.47
Charges from PostNet Services in NYC to
download and print 380 files/2 CD ROMS of
trial and deposition information.  Billed
to Dr. Goldhaber's personal Amex card.


                              TOTAL DUE:  $28,708.72


                      13

Goldhaber Research Associates, LLC
1525 Amherst Manor Drive, Suite 907
Williamsville, NY 14221
Phone:    716-689-3311
Fax:      716-689-3342
Federal I.D.# 16-1186524

July 24, 2006      L4351              Page 1 of 2


Tommy Jacks, Esq.
Jacks Law Firm
111 Congress Avenue, Suite 1010
Austin, TX 78701

Re:      VIOXX Litigation/Ernst v. Merck

Depositions. . . . . . . . . . . . . .    55.00 hrs
  W. Dixon I(4.50) II(3.75) III(5.25)
  G. Curfman with ex. (6.75)
  E. Scolnick (5.50)
  M. Krahe (8.75)
  S. Sherrill (1.75)
  R. Silverman (3.25) Exhibits (8.75)
  R. Gilmartin (6.75)


Trial Transcripts Sessions 1-53. . . .    98.50 hrs
  1. 2.00      16. 2.25      31. 2.00
  2. 2.00      17. 2.50      32. 3.50
  3. 1.75      18. 1.50      33. 1.50
  4. 0.50      19. 2.00      34. 2.75
  5. 2.50      20. 3.00      35. 1.50
  6. 2.00      21. 0.75      36. 1.00
  7. 1.50      22. 1.25      37. 1.75
  8. 1.50      23. 0.75      38. 0.50
  9. 2.25      24. 2.75      39. 1.25
 10. 2.25      25. 2.25      40. 2.75
 11. 3.25      26. 2.50      41. 0.50
 12. 1.25      27. 2.25      42. 2.25
 13. 2.50      28. 1.75      43. 2.25
 14. 2.75      29. 0.50      44. 1.25
 15. 2.25      30. 1.25      45. 2.50

 46. 2.25      47. 2.25      48. 1.75
 49. 1.00      50. 2.00      51. 1.00
 52. 1.50      53. 2.00

                        TOTAL DUE:  See Page 2

Goldbahe Research Associates, Inc.
1525 Amherst Manor Drive, Suite 907
Williamsville, NY 14221
Phone:        716-689-3311
Fax:          716-689-3342
Federal I.D.# 16-1186524

July 24, 2006        L4351                Page 2 of 2


Tommy Jacks, Esq.
Jacks Law Firm
111 Congress Avenue, Suite 1010
Austin, TX 78701

Re:      VIOXX Litigation/Ernst v. Merck

TOTAL NUMBER OF BILLABLE HOURS. . . . . .  153.50 hrs

AMOUNT DUE FOR BILLABLE HOURS . . . . . . . . . . .  $74,447.50
(153.50 hours @ $485/hour)




                                    TOTAL DUE:        $74,447.50

1525 Amherst Manor Drive, Suite 907
Williamsville, NY 14221
Phone:    716-689-3311
Fax:      716-689-3342
Federal I.D.# 16-1186524

July 28 2006          L4352

Tommy Jacks, Esq.
Jacks Law Firm
111 Congress Avenue, Suite 1010
Austin, TX 78701

Re:    VIOXX Litigation/Cona v. Merck and
            Garza v. Merck

Cona Trial Transcripts. . . . . .  21.50 hrs
3/6/06 3.75
3/8/06 4.00
3/9/06 0.50
3/14/06 4.25
3/15/06 5.00
3/16/06 4.00

Garza Trial Transcripts . . . . .  40.50 hrs
1/24/06 7.00        2/14/06 2.75
1/25/06 4.25        2/15/06 2.25
1/26/06 3.50        2/16/06 1.50
1/27/06 2.50        2/17/06 3.75

3/13/06 1.25
3/14/06 5.25
3/15/06 2.00
3/16/06 4.50

TOTAL NUMBER OF BILLABLE HOURS     62.00 hrs

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . .  $30,070.00
(62.00 hours @ $485/hour)

TOTAL DUE:   $30,070.00

15

Goldhaber Research Associates, LLC
1525 Amherst Manor Drive, Suite 907
Williamsville, NY 14221
Phone:    716-689-3311
Fax:      716-689-3342
Federal I.D.# 16-1186524

August 3, 2006      L4354

Tommy Jacks, Esq.
Jacks Law Firm
111 Congress Avenue, Suite 1010
Austin, TX 78701

Re:      VIOXX Litigation/Plunkett v. Merck

Plunkett Trial Transcripts. . . . .   48.00 hrs

11/29/05 4.50
11/20/05 3.75
12/1/05 4/25
12/2/05 2.75
12/3/05 2/75
12/5/05 5.00
12/6/05 4.75
12/7/05 3.50
12/9/05 1.75
2/6/06 3.75
2/7/06 4.25
2/8/06 4.75
2/9/06 4.25
2/10/06 4.25
2/13/06 4.25
2/14/06 5.50
2/15/06 4.50
2/16/06 4.50
2/17/06 2.25

AMOUNT DUE FOR BILLABLE HOURS. . . . . . . . . .   $23,280.00
(48.00 hours @ $485/hour)


                                TOTAL DUE:     $23,280.00


/ ♭

**Date:** Wed, 30 Aug 2006 14:41:54 -0700 (PDT)

**From:** "Gerald Goldhaber" <geraldgoldhaber@yahoo.com>

**Subject:** Re: Vioxx

**To:** "Tommy Jacks" <tjacks@JacksLawFirm.com>

**CC:** "Donna Patterson" <donna@goldhaber.com>

Tommy:  I had been sent 8 cartons of material from your office of Vioxx materials since retention;  some of it had been on CDRoms which I had printed out.  You had told me to read this stuff as general background for the upcoming trials, the first of which I thought was coming in the Fall.  When I met with Ed Blizzard, I told him what I had been working on and that I planned on spending most of my summer finishing the Vioxx work in preparation for my expert report and/or upcoming MDL deposition;  Ed told me my deposition would probably be taken in the Fall in preparation for his trials.  He also told me it might be easier if he gave me direct access to a computer-based depository of Vioxx documents so I could see what is there/available and choose what I need to review.  Despite two or three follow-up calls to his office about how to access this depository, I have had no luck in reaching him.  Both I and Donna have left repeated messages to him about this issue.  Ed also told me to forward invoices to him for payment.  I have notes of all of these instructions and conversations both with you and with Ed.  I do not simply read documents without instructions from lawyers.  I may also have the cover letters sent with the materials.

Tommy:  Ed did tell me, and it's in my notes, that I would probably be testifying in the Fall and that I would have to write a report and get ready for an MDL deposition in the Fall.  Now, I am very confused about my role here.  I performed the work I did in due diligence, reading the materials sent to me in a timely and efficient manner.  Why would you send me all of these materials if not to review and read?  I even felt under the gun to get the work done by the Fall and put other cases on hold until I finished my Vioxx work.

I hope this clarifies for you and Ed my understanding of what I was supposed to do.  Please let me know when and from whom we can expect payment for the work already done.

Gerry Goldhaber

***Tommy Jacks <tjacks@JacksLawFirm.com>*** wrote:

> Gerry:
> We've received three invoices from you in recent weeks totaling almost $128,000, apparently for reading Vioxx trial transcripts.  These are in addition to an earlier bill for $28,708.72.
> I had assumed Ed Blizzard had asked you to do this work in anticipation of his upcoming MDL trial, and had been forwarding these bills to him for payment.  Ed advised me today that he hasn't talked to you since he met with you in May and that he had no idea you were doing this work.
> I also called Joe Alexander in Richard MIthoff's office, and Joe said that he hadn't had any communications with you in recent months either.
> For my own part, I haven't spoken with you or anyone in your office since I helped set up your meeting with Ed in early May.
> Please stop working immediately.  Richard Mithoff and I have no trials set and no hope of getting any trials set any time in the next 12 months.  Ed Blizzard does have a trial coming up in the MDL but apparently has not asked you to be an expert witness in that trial.
> Sincerely,
> Tommy
> Jacks Law Firm
> 1205 Rio Grande
> Austin, Texas 78701
> (512)478-4422

Do you Yahoo!?



**Tommy Jacks <tjacks@JacksLawFirm.com> wrote:**

Gerry:

I apologize for not having gotten back to you yet. I need to talk with Ed and have not yet been able to do so -- my fault not his. We'll be back in touch with you.

Tommy

> -----Original Message-----
> **From:** Gerald Goldhaber [mailto:geraldgoldhaber@yahoo.com]
> **Sent:** Monday, September 11, 2006 6:37 PM
> **To:** Tommy Jacks
> **Cc:** Ed Blizzard Office (E-mail); Dolores (E-mail); Joe Alexander (E-mail); Debbie Schumann
> **Subject:** Re: Vioxx
>
> Tommy: It has been two weeks since I responded to your email. I have stopped all work on Vioxx as per your request, however, I expect full payment for the work I have already done. As I told you, I had spent most of my summer working on this matter, at the expense of other matters which I back-burnered, since Ed had said I'd probably have to write a report (MDL Report) this fall and be subject to an MDL Deposition in the same time period. He also told me he would set me up with direct access to an online vioxx archive so I could peruse documents and see what was available for review that I felt was important to my opinions. As I mentioned before, this was never done. Nevertheless, when can we expect payment from your firm for the work already done? Cordially, Gerry Goldhaber
>
> **Tommy Jacks <tjacks@JacksLawFirm.com> wrote:**
>
> > Gerry:
> > We've received three invoices from you in recent weeks totaling almost $128,000, apparently for reading Vioxx trial transcripts. These are in addition to an earlier bill for $28,708.72.
> > I had assumed Ed Blizzard had asked you to do this work in anticipation of his upcoming MDL trial, and had been forwarding these bills to him for payment. Ed advised me today that he hasn't talked to you since he met with you in May and that he had no idea you were doing this work.
> > I also called Joe Alexander in Richard Mithoff's office, and Joe said that he hadn't had any communications with you in recent months either.
> > For my own part, I haven't spoken with you or anyone in your office since I helped set up your meeting with Ed in early May.
> > Please stop working immediately. Richard Mithoff and I have no trials set and no hope of getting any trials set any time in the next 12 months. Ed Blizzard does have a trial coming up in the MDL but apparently has not asked you to be an expert witness in that trial.
> > Sincerely,
> > Tommy
> > Jacks Law Firm
> > 1205 Rio Grande
> > Austin, Texas 78701
> > (512)478-4422

**Date:** Thu, 28 Sep 2006 09:16:20 -0700 (PDT)

**From:** "Gerald Goldhaber" <geraldgoldhaber@yahoo.com>

**Subject:** Fwd: RE: Vioxx

**To:** "Murray Grashow" <grashlaw@choiceonemail.com>

**CC:** "Donna Patterson" <donna@goldhaber.com>

Murray: This will be my last professional approach to getting paid. If I haven't heard from him by Oct.9 (slightly more than the week I have given him...Donna also emailed him that interest would start on Oct.1 ($2340/month...1.5% on an outstanding balance of $156,506.22), I would like you to write him:

Tommy Jacks
Jacks Law Firm
1205 Rio Grande
Austin, Texas 78701
(512) 478-4422
tjacks@jackslawfirm.com

Thanks,

Gerry Goldhaber

Note: forwarded message attached.

---

Yahoo! Messenger with Voice. Make PC-to-Phone Calls to the US (and 30+ countries) for 2¢/min or less.

**Forwarded Message**

**Date:** Thu, 28 Sep 2006 09:05:39 -0700 (PDT)

**From:** "Gerald Goldhaber" <geraldgoldhaber@yahoo.com>

**Subject:** RE: Vioxx

**To:** "Tommy Jacks" <tjacks@JacksLawFirm.com>

**CC:** "Ed Blizzard Office (E-mail)" <eblizzard@blizzardlaw.com>, "Dolores (E-mail)" <dmorris@mithofflaw.com>, "Joe Alexander (E-mail)" <jalexander@mithofflaw.com>, "Debbie Schumann" <dschumann@JacksLawFirm.com>, "Donna Patterson" <donna@goldhaber.com>, "Murray Grashow" <grashlaw@choiceonemail.com>

**HTML Attachment**

Tommy: It has now been 2 1/2 weeks since your last email about contacting Ed Blizzard about my getting paid for the work I did on the Vioxx matter. One of my invoices (for $28,708.72) is now over 4 MONTHS old and the others are approximately 2-3 months old. This is not acceptable to me. As I have pointed out, I did my work for yours and Ed's law firms in good faith consistent with my charge to review the materials you sent me as well as the understanding that I had to have most of my work done by early Fall, 2006 because I would have to write a report and stand for an MDL deposition, both in the Fall, 2006 (as discussed by Ed Blizzard with me when we met). I literally dropped all of my other work to concentrate exclusively on the Vioxx matter. My secretary, Donna, has sent your office reminder invoices as well as a recent notice of our policy to assess interest on long-oustanding invoices.

Tommy, you and I have had a very long and professional relationship over the years. I trust that, consistent with our relationship, you will expedite full payment of our outstanding invoices so that we receive full payment ($156, 506.22) within one week of this email. Thanks for your attention to this matter.

Gerald M. Goldhaber, Ph.D.
President and CEO, GRA, LLC

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
----------------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES,
LLC,

                        **Plaintiff,**

           -against-

TOMMY JACKS,P.C. d/b/a THE JACKS
LAW FIRM and BLIZZARD,MCCARTHY
& NABERS,LLP,

                       **Defendants.**

----------------------------------------------------X

VIOXX PRODUCTS
LIABILITY LITIGATION
MDL NO.1657

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 F.R.C.P.

## BACKGROUND

The plaintiff, Goldhaber Research Associates, LLC, by it's principal, Gerald Goldhaber, is an expert in the field of warnings and safety communications and is considered one of the leading experts in the United States in this field. He was engaged by the defendant, law firms, to evaluate the lack of warnings by Merck on the Vioxx Product regarding the potential for stroke or heart attack as a result of taking Vioxx. It was the intent of the defendants to employ Goldhaber as an expert witness at a Vioxx trial. Defendants provided the plaintiff with thousands of documents to review in furtherance of his engagement and only partially paid his invoices. The plaintiff is seeking to recover the sum of $156,506.22 representing the balance due for the services provided and properly invoiced.

# SUMMARY JUDGMENT SHOULD BE GRANTED

# IF THERE ARE NO MATERIAL ISSUES OF FACT.

Pursuant to Rule 56, summary judgment may be granted only is there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P.56©; Celotex Corp. V. Catrett, 477 U.S. 317, 322-323(1986); SCS Communications Inc. V. Herrick Co., Inc. 360 F.3d 329,338,(2nd Cir. 2004). Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case.  When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223-1224 (2d Cir. 1994).

In this case, the answers of the defendants contain denials with no affirmative defenses and admits receipt of the invoices from the plaintiff and does not dispute the balance due.

# AN ACCOUNT STATED HAS BEEN ESTABLISHED

Under New York law, an "account stated" refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due. Ally & Gargano, Inc., v. Comprehensive Accounting Corp., 615 F.Supp. 426, 428-29 (S.D. N.Y. 1985). The promise, which may be either express or implied, must be founded upon previous transactions creating the relationship of creditor and debtor.Chisolm-Ryder Co.,Inc. V. Sommer & Sommer, 70 A.D. 2d 429,431, 421 N.Y.S. 2d 455,455(4th Dept. 1979).

An objection to an account stated that is first made only after litigation on the account stated has been commenced is, as a matter of law, not made within a reasonable time. Regent

Partners,Inc. V. Parr Dev. Co., Inc., 960 F.Supp. 607 (E.D.,N.Y.) Aff'd 131 F.3d 131 (2d Cir. 1997). The account stated need not necessarily be based on a final statement of account; invoices that are submitted on a regular basis can also create an account stated. Hackensack Cars v. Lifestyle Limousine, 1990 U.S. Dist. LEXIS 6391,AT *11; In re Ralph Lauren WomensWear,Inc., 204 B.R. 363,375(Bankr.S.D.N.Y. 1997).

Where a plaintiff has set forth a prima facie claim for account stated, the defendant must come forward with documentation of any alleged objection made to the account, Lankler Siffert & Wohl,L.L.P. V. Rossi, 287 F.Supp. 2d 398, 408 (S.D. N.Y. 2003). Unsubstantiated claims of oral objections do not create a material issue of fact, and are insufficient to defeat summary judgment in favor of plaintiff, Goldhaber Research Associates,LLC. Morrison Cohen v. Ackerman, 280 A.D.2d at 356, 720 N.Y.S.2d at 487.

Here the facts are not in dispute that Goldhaber Research Associates LLC maintained a running account for services provided to the defendants, and regularly submitted invoices to the defendants, who then made partial payments on the account. The defendants did not question the accuracy of the invoices and in fact, continued to forward additional documents to be reviewed by plaintiff's principal.

## CONCLUSION

For the foregoing reasons, the plaintiff's application for summary judgment should be granted in all respects and for such other and further relief as to this court may deem just and proper.

Dated:New York, New York

ROBERT L.COHEN,ESQ.
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL : No. 1657     Year

GOLDHABER RESEARCH ASSOCIATES, LLC,

Plaintiff,

- against -

TOMMY JACKS, P.C. d/b/a THE JACKS LAW FIRM
and BLIZZARD, MCCARTHY & NABERS, LLP,

Defendants.

NOTICE OF MOTION FOR SUMMARY JUDGMENT, AFFIDAVIT, MOTION AND
MEMORANDUM OF LAW

ROBERT L. COHEN

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

1350 Broadway, Suite 2500
NEW YORK, NY 10018-7802
212–736-6800

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Attorney(s) for

Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on                    at          M.

of which the within is a true copy
one of the judges of the