UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
----------------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES,
LLC,

                                Plaintiff,

                             -against-

THOMMY JACKS,P.C. d/b/a THE JACKS
LAW FIRM AND BLIZZARD,MCCARTHY
& NABERS,LLP,

                                Defendants.

----------------------------------------------------X

VIOXX PRODUCTS
LIABILITY LITIGATION
MDL NO. 1657

REPLY AFFIDAVIT

STATE OF NEW YORK

COUNTY OF NEW YORK

               **GERALD GOLDHABER**, being duly sworn, deposes and says:

               1.I am the principal of the Plaintiff and am fully familiar with all of the facts hereinafter recited. I submit this reply affidavit in further support of the motion for summary judgment and in response to the opposition papers submitted to the motion.

               2. Defendants allege that Plaintiff was not authorized by defendants to perform work on their behalf. The facts of this case contradict this assertion. On April 26,2006, Plaintiff's principal. Gerald Goldhaber was engaged in a conference telephone call with Tommy Jacks, Joe Alexander, a colleague of Tommy Jacks and the co-defendant Ed Blizzard, See Invoice number L4342 dated May 18,2006, attached as an exhibit to the moving papers, in which a charge of .50 hours is invoiced for the call. During that call, Goldhaber and the attorneys

specifically discussed the materials I would need to prepare for the expert report for the upcoming trial in the fall of 2006. During the call the attorneys referenced such materials as depositions and/or trial testimony, scientific studies, and various trial transcripts on CD Roms. During the call I asked if I should continue to invoice Tommy Jacks and was directed to do so and that the attorneys would work out the payment of the invoices between them; a common practice for expert witnesses, where more than one attorney is involved in a case and a common practice in plaintiff' firm where there are multiple attorneys involved in a case.

      3. On April 25, 2006, Rebecca Kay of co-defendant's Blizzard's office, Exhibit 12 to the moving papers, in furtherance of the aforementioned conference call, forwarded 2 CD Roms containing trial transcripts, depositions and other materials that I requested. These CD Roms contained 380 files and over 22,000 pages of materials to be reviewed. Invoice number L4342 dated May 18, 2006, there is a charge for $1,427.47 for the cost of printing these documents.

      4. On May 1, 2006, co-defendant, Ed Blizzard had a meeting with your affiant in my New York City offices, See Invoice L4342, dated May 18, 2006, and discussed the documents that I received and would review, the upcoming trial schedule, the need for my report by August 15, 2006, the probability that my deposition would be taken prior to the scheduled trial in the fall of 2006. I continued to review the materials and prepared and sent invoices from May, 2006 to August 3, 2006 to the co-defendant, Tommy Jacks as per our agreement made in the aforementioned April 26, 2006 conference call. At no time between May 18, 2006 and August 3, 2006 when the invoices were sent, did I receive notification to cease doing work or receive notification of a dispute with my invoices.

      5. I have been advised by my attorney that the defendants, to successfully oppose

a motion for summary judgment must come forth with evidence to support their allegations. Bare allegations of fact are insufficient. For example, co-defendant Blizzard's affidavit contains no documents to support his allegations, nor does he deny that he received my invoices from the co-defendant, Tommy Jacks and there is no correspondence from either co-defendant to my firm disputing these invoices. Furthermore, co-defendant, Tommy Jacks, does not attach any correspondence in his affidavit disputing my invoices and his letter, attached as an exhibit to his opposition, dated August 30, 2006 does not dispute the charges. It only indicates that I should stop doing any further work. He further fails to attach any documents to co-defendant, Blizzard, sending my bills for payment or disputing their accuracy. Lastly, in his response to my attorney's demand for payment, in his final paragraph, he states "If Dr. Goldhaber has any interest in trying to work something out, doing so will necessarily involve including other lawyers in the loop, not just me. Mr. Blizzard has just begun a Vioxx trial in federal court in New Orleans and will be totally unavailable for the next few weeks. Any further discussions would have to take place after he is out of trial". This response clearly confirms our April 26, 2006 conference call regarding the method of billing and further demonstrates a agreement was made for Plaintiff to perform services and to resolve this matter. There is no demonstration of an intent not to pay for my services. Again, as I have been advised, the defendants have failed to come forward with any documents to support their allegations contained in their opposition.

      **WHEREFORE,** it is respectfully requested that plaintiff's motion for summary

judgment be granted in all respects and for such other and further relief as to this court may seem just and proper.

										_____
										GERALD GOLDHABER

Sworn to before me this 12 Day of July, 2010.

Aleksandr Kray
Notary Public
The State of New York
No. 01KR6174457
Commission Expires 09/17/20 11
_____
NOTARY PUBLIC

STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am
the attorney(s) of record for                                                                                    in the within
action: I have read the foregoing                                                            and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.................................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the                           of
a                                  corporation and a party in the within action, I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................................
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF    NEW YORK    ss.:    (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at **New York City**

On **July 15, 2010**               I served the within **Reply Affidavit**

☒ **Service By Mail** by mailing a copy of each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

```
Seeger Weiss LLP
Attorneys for Defendants
One William Street
New York, NY 10004
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIOXX PRODUCTS LIABILITY LITIGATION
MDL NO. 1657

Year

GOLDHABER RESEARCH ASSOCIATED, LLC,

Plaintiff,

- against -

TOMMY JACKS, P.C. d/b/a THE JACKS LAW FIRM
AND BLIZZARD, MCCARTHY & NABERS, LLP,

Defendants.

REPLY AFFIDAVIT

ROBERT L. COHEN

Attorney(s) for   Plaintiff

Office and Post Office Address, Telephone

1350 Broadway, Suite 2500
NEW YORK, NY 10018-7802
212–736-6800

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on                          at            M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

ROBERT L. COHEN

Law Offices of

# ROBERT L. COHEN

RECEIVED
JUL 22 2010

1350 BROADWAY
SUITE 2500
NEW YORK, NEW YORK 10018-7802

TEL (212) 736-6800
FAX (212) 643-1882
EMAIL: COHCOLLECT@AOL.COM

Katie Wozencroft, Esq.
Chambers of Judge Fallon
U.S. District Court, Eastern District of Louisiana
500 Poydros Street
New Orleans, Louisiana 70130

          RE: GOLDHABER RESEARCH ASSOCIATES LLC
                            -V-
          TOMMY JACKS, P.C., et.al.
          MDL NO. 1657

Dear Ms. Wozencroft:

Enclosed please find the original Reply Affidavit in connection with plaintiff's motion for summary judgment in the above matter together with the original affidavit of service. Thank you for your cooperation.

                                        Very truly yours,

                                        ROBERT L. COHEN

RLC:ls
enclosure