IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 09-31202

MD 05-1657-L

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

---

ELENA STRUJAN,

    Plaintiff - Appellant

v.

MERCK & CO INC,

    Defendant - Appellee

---

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

---

CLERK'S OFFICE:

    Under 5TH CIR. R. 42(b), the appeal is dismissed as of August 02, 2010, pursuant to the joint motion of the parties.

                         Clerk of the United States Court
                         of Appeals for the Fifth Circuit

                         *Angelique D. Batiste*
                         By: _____
                         Angelique D. Batiste, Deputy Clerk

ENTERED AT THE DIRECTION OF THE COURT

Dismissal Order FRAP 42-DIS4

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

In Re: Vioxx Products Liability Litigation

ELENA STRUJAN,

        Plaintiff-Appellant,            Case No. 09-31202

v.

MERCK & CO., INC.,

        Defendant-Appellee.

## PARTIES' JOINT MOTION TO DISMISS THE APPEAL

Plaintiff-Appellant Elena Strujan ("Strujan") and Defendant-Appellee Merck Sharp & Dohme Corp. ("Merck") jointly request that the Court dismiss this appeal to allow the parties to jointly seek reinstatement of the case in the district court below. In support of this motion, the parties would show as follows:

1.    Strujan filed a complaint against Merck in the U.S. District Court for the Southern District of New York in 2007, alleging that her ingestion of Vioxx caused her to sustain physical injuries – specifically, "chest pain, palpitation, fatigue, and shortness of breath." (Appellant's Br., App. 14-8.) Her case was transferred by the Judicial Panel of Multidistrict Litigation to *In re Vioxx Products*

1

*Liability Litigation*, MDL No. 1657, the multidistrict proceeding pending before Judge Eldon Fallon in the U.S. District Court for the Eastern District of Louisiana.

2. On November 9, 2007, Merck and a committee of negotiating attorneys for plaintiffs announced a private agreement to settle many Vioxx personal injury cases pending in the MDL proceeding and other jurisdictions around the country. (*See* Master Settlement Agreement, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. Nov. 9, 2007) ("MSA"), *available at* http://www.browngreer.com/vioxxsettlement.) The MSA established a $4.85 billion fund to resolve cases pending on November 9, 2007, in which the plaintiffs claimed that Vioxx caused a heart attack, ischemic stroke, or sudden cardiac death. (MSA, Recitals.)

3. Strujan entered the resolution program created by the MSA, but her claim was deemed ineligible for settlement because she did not allege that she had a heart attack or stroke.

4. Claimants whose claims are deemed ineligible by the resolution program are entitled to appeal the determination or to submit a Future Evidence Stipulation ("FES"), which permits claimants to leave the resolution program and to seek resolution of their claims through litigation against Merck in the judicial system. (Appellant's Br., App. 12, 16.)

5. Claimants who choose to return to court are required to make limited submissions to perfect their claims in court. In relevant part, claimants are required by Pretrial Order 43 ("PTO 43"), entered by Judge Fallon in the proceedings below, to produce profile forms giving details about their Vioxx usage and alleged injuries; medical releases; and a Rule 26(a)(2) case-specific expert report from a medical expert, linking the claimant's alleged injury to ingestion of Vioxx. (Appellant's Br., App. 18; *see also* Pretrial Order 43, attached as Ex. 1.) Such orders are sometimes called *Lone Pine* orders, named for the case that approved their use, *Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 N.J. Super. LEXIS 1626 (N.J. Super. Ct. 1986). This Court has expressly endorsed the use of such orders, *see Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), and in fact recently approved a similar *Lone Pine* order in the Vioxx litigation, *see In re Vioxx Prods. Liab. Litig.*, No. 09-30446, 2010 WL 2802352, at *5-6 (5th Cir. July 16, 2010) (attached as Ex. 2).

6. Strujan, who at all times has proceeded pro se, chose to submit an FES. But she did not submit the required expert report, apparently believing that she had to obtain a report from a retained litigation expert as opposed to a report from one of her doctors. (*See* Appellant's Br., App. 15.) Although pro se resources have been made available to both claimants and litigants in the Vioxx litigation (*see, e.g.*, Appellants Br., App. 4-a to 5, 18), Strujan apparently was

v.

unable to learn that she could submit a doctor's report to satisfy the requirements of PTO 43.

7. Pursuant to the provisions of PTO 43, Merck filed a motion for an order to show cause why Strujan's claims (as well as those of other litigants who had not complied with PTO 43) should not be dismissed. (D.24,995; R.1866.[1]) The show cause order was granted. (D.25,175; R.1877.) Strujan made no showing, and the district court dismissed her case in an order entered on November 2, 2009. (Appellant's Br., App. 1.)

8. Strujan timely noticed an appeal. (D.28,797; R.1894.) She then submitted her brief, along with an appendix compiling a number of documents. (*See generally* Appellant's Br., App.) Among the documents she included is a report from Dr. Serban I. Cocioba, which makes the following statement: "I believe that her cardiac condition may be secondary to Vioxx. She had no previous cardiac condition. If necessary call our clinic." (Appellant's Br., App. 30.)

9. The parties agree that, for the purposes of this case, this report would have satisfied Strujan's obligations under PTO 43; that her failure to submit the report was the result of her pro se status and her lack of familiarity with legal

---

[1] The appellate record in this case is presently in the district court, rather than this Court. For the Court's convenience, the parties provide parallel citations to the record, first to the district court's MDL docket, No. 2:05-md-1657, and second to the record on appeal. Thus, this citation is to docket entry number 24,995 on the district court's docket and to page ___ of the appellate record in this case.

4

matters; and that the proper course is to request that the district court reinstate her case.

10. The parties therefore request that this Court dismiss the appeal. Upon dismissal, the parties intend to submit a joint request to the district court to withdraw its judgment of dismissal with prejudice and to reinstate Strujan's case. The proposed district court submission is attached to this filing as Ex. 3.

11. The parties further agree that nothing in this motion for dismissal or in the parties' proposed joint request to reinstate Strujan's case shall be construed as an admission of liability or a promise or representation that Strujan is entitled to the relief requested in her complaint.

## CONCLUSION

For the foregoing reasons, Strujan and Merck respectfully request that this Court dismiss the appeal.

Dated:  July 30, 2010                                        Respectfully submitted,

s/ Elena Strujan                                             s/ Dorothy H. Wimberly
Elena Strujan                                                Phillip A. Wittmann
P.O. Box 20632                                               Dorothy H. Wimberly
New York, NY  10021                                          STONE PIGMAN WALTHER
                                                             WITTMANN PLLC
*Plaintiff-Appellant, pro se*                                546 Carondelet Street
                                                             New Orleans, LA 70130
                                                             (504) 581-3200

                                                             s/ John H. Beisner
                                                             John H. Beisner
                                                             Jessica Davidson Miller
                                                             Geoffrey M. Wyatt
                                                             SKADDEN, ARPS, SLATE,
                                                             MEAGHER & FLOM LLP
                                                             1440 New York Avenue, N.W.
                                                             Washington, DC  20005
                                                             (202) 371-7000

                                                             *Attorneys for Merck Sharp & Dohme Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2010, a copy of the foregoing Parties' Joint Motion to Dismiss the Appeal was served by mail on the following:

Elena Strujan
P.O. Box 20632
New York, New York 10021

I also certify that on the same date, the Parties' Joint Motion to Dismiss the Appeal was filed electronically via the ECF filing system with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit.

*/s/ Dorothy H. Wimberly*
DOROTHY H. WIMBERLY

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

August 02, 2010

Ms. Loretta Whyte  
U. S. District Court, Eastern District of Louisiana  
500 Poydras Street  
Room C-151  
New Orleans, LA 70130

    No. 09-31202,   In re: Vioxx Prod Liability  
        USDC No. 2:05-MD-1657  
        USDC No. 2:07-CV-906

Enclosed is a copy of the judgment issued as the mandate.

        Sincerely,

        LYLE W. CAYCE, Clerk

        By: _Angelique D. Batiste_____  
        Angelique D. Batiste, Deputy Clerk  
        504-310-7715

cc w/encl:  
    Ms. Vilia B Hayes  
    Ms. Elena Strujan  
    Ms. Dorothy Hudson Wimberly

*Mandate Issued - MDT-1 (!ag,tax,img)*