UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| ELENA STRUJAN, | * | SECTION L |
| | * | |
|         Plaintiff, | * | JUDGE ELDON E. FALLON |
| | * | |
|   versus | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|         Defendant. | * | |
| | * | |
| Case No. 07-906. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PARTIES' JOINT MOTION FOR RELIEF FROM JUDGMENT**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiff Elena Strujan ("Strujan") and defendant Merck Sharp & Dohme Corp. ("Merck") jointly move the Court to grant relief from the final judgment entered in this case on November 2, 2009. In support of this motion, the parties would show as follows:

1. Strujan filed a complaint against Merck in the U.S. District Court for the Southern District of New York in 2007, alleging that her ingestion of Vioxx caused her to sustain physical injuries – specifically, "chest pain, palpitation, fatigue, and shortness of breath." (D.1-2, *Strujan v. Merck & Co., Inc.*, No. 2:07-cv-906, at ¶ 5.) Her case was transferred by the Judicial Panel of Multidistrict Litigation to *In re Vioxx Products Liability Litigation*, MDL No. 1657, the multidistrict proceeding pending in this Court.

1

2.     On November 9, 2007, Merck and a committee of negotiating attorneys for plaintiffs announced a private agreement to settle many Vioxx personal injury cases pending in the MDL proceeding and other jurisdictions around the country. (*See* Master Settlement Agreement, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. Nov. 9, 2007) ("MSA"), *available at* http://www.browngreer.com/vioxxsettlement.) The MSA established a $4.85 billion fund to resolve cases pending on November 9, 2007, in which the plaintiffs claimed that Vioxx caused a heart attack, ischemic stroke, or sudden cardiac death. (MSA, Recitals.)

3.     Strujan entered the resolution program created by the MSA, but her claim was deemed ineligible for settlement because she did not allege that she had a heart attack or stroke.

4.     Claimants whose claims are deemed ineligible by the resolution program are entitled to appeal the determination or to submit a Future Evidence Stipulation ("FES"), which permits claimants to leave the resolution program and to seek resolution of their claims through litigation against Merck in the judicial system. (MSA § 2.7.3.)

5.     Claimants who choose to return to court are required to make limited submissions to perfect their claims in court. In relevant part, claimants are required by Pretrial Order 43 ("PTO 43") to produce profile forms giving details about their Vioxx usage and alleged injuries; medical releases; and a Rule 26(a)(2) case-specific expert report from a medical expert, linking the claimant's alleged injury to ingestion of Vioxx. (PTO 43, D.20,399.)

6.     Strujan, who at all times has proceeded pro se, chose to submit an FES. But she did not submit the required expert report, apparently believing that she had to obtain a report from a retained litigation expert as opposed to a report from one of her doctors. (*See* Appellant's Br. (attached as Ex. 1), App. 15.) Although pro se resources have been made available to both claimants and litigants in the Vioxx litigation (*see, e.g.*, Appellants Br., App. 4-a to 5, 18),

Strujan apparently was unable to learn that she could submit a doctor's report to satisfy the requirements of PTO 43.

7. Pursuant to the provisions of PTO 43, Merck filed a motion for an order to show cause why Strujan's claims (as well as those of other litigants who had not complied with PTO 43) should not be dismissed. (D.24,995.) The show cause order was granted. (D.25,175.) Strujan made no showing, and this Court dismissed her case in an order entered on November 2, 2009. (D.26,346.)

8. Strujan timely noticed an appeal. (D.28,797.) She then submitted her brief, along with an appendix compiling a number of documents. (*See generally* Appellant's Br., App.) Among the documents she included is a report from Dr. Serban I. Cocioba, which makes the following statement: "I believe that her cardiac condition may be secondary to Vioxx. She had no previous cardiac condition. If necessary call our clinic." (Appellant's Br., App. 30.)

9. Under Rule 60(b) of the Federal Rules of Civil Procedure, this Court has authority to relieve parties from a final judgment for any of the following reasons: mistake, inadvertence, excusable neglect, newly discovered evidence that could not have been discovered in the exercise of ordinary diligence, or for "any other reason that justifies relief."

10. The parties agree, for the purposes of this case, that the report attached to Strujan's appellate brief would have satisfied Strujan's obligations under PTO 43; that her failure to submit the report was the result of her pro se status and her lack of familiarity with legal matters; and that these unique circumstances provide "reason that justifies relief" under Rule 60(b).

11. The parties therefore jointly moved to dismiss Strujan's appeal in order to allow this Court to withdraw its final judgment and reinstate Strujan's case. (*See* Parties' Joint Mot. To

Dismiss Appeal, No. 09-31202 (5th Cir. filed July 30, 2010) (attached as Ex. 2).) The Court of Appeals granted the motion. (Judgment, No. 09-31202 (5th Cir. Aug. 2, 2010) (attached as Ex. 3).) The parties now request that this Court withdraw its final judgment and reinstate Strujan's case.

12. The parties further agree that nothing in this joint motion shall be construed as an admission of liability or a promise or representation that Strujan is entitled to the relief requested in her complaint.

## CONCLUSION

For the foregoing reasons, Strujan and Merck respectfully request that this Court enter an order relieving the parties from a final judgment and thereby reinstate Strujan's case.

Dated: August 10, 2010                                Respectfully submitted,

s/ Elena Strujan                                             s/ Dorothy H. Wimberly
Elena Strujan                                                 Phillip A. Wittmann
P.O. Box 20632                                              Dorothy H. Wimberly
New York, NY  10021                                   STONE PIGMAN WALTHER
                                                                        WITTMANN PLLC
*Plaintiff, pro se*                                           546 Carondelet Street
                                                                        New Orleans, LA 70130
                                                                        (504) 581-3200

                                                                        s/ John H. Beisner
                                                                        John H. Beisner
                                                                        Jessica Davidson Miller
                                                                        Geoffrey M. Wyatt
                                                                        SKADDEN, ARPS, SLATE, MEAGHER
                                                                        & FLOM LLP
                                                                        1440 New York Avenue, N.W.
                                                                        Washington, DC  20005
                                                                        (202) 371-7000

                                                                        *Attorneys for Merck Sharp & Dohme Corp.*

4

1026711v.1

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Motion has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of August, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel