# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia

Phone: (607) 772-1442  Fax (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

August 10, 2010

*By E-Filing and Certified Mail*
Patrick A. Juneau, Esq.
Special Master's Office
400 Poydras Street
New Orleans, LA 70130

Re: <u>Gene Weeks v. Merck & Co.</u>

Dear Mr. Juneau:

I am writing in response to the August 2, 2010 letter Ms. Tejedor wrote to you, in order to set the record straight on the issue of an in-person meeting.

She refers to numerous attempts schedule and in-person meeting. That is not accurate. Indeed, her office has never made any phone calls to my office and the only calls that have been initiated have been from me to her.

In the only conversation I've had with her, Ms. Tejedor advised she was entitled to 100% of the fee and did not want to have any further discussion in connection with the same.

After your order issued she wrote a letter stating you mandated mediation which, of course, is not accurate.

After receiving the second letter I called again mostly to set the record straight and spoke with an attorney who identified himself as Chris and advised he would be an intermediary at which point I indicated it had to be a person-to-person telephone conference at minimum. He indicated he would speak to her and that they would likely seek relief from the in-person requirement in the order, but I have heard nothing back from them. This conversation took place on or about August 5, 2010.

For my part, it does not seem useful to have an in-person meeting since matters are sufficiently polarized to make that a significant waste of time and money. The more important reason to dispense with that requirement is that there may not be any questions of fact that need adjudication and this matter can be decided on existing facts as a matter of law. It is for that reason that I will be making a motion for summary judgment which I believe should be dispositive on the issue of entitlement fees.

In my March 31, 2010 letter, I requested a telephone conference for the purpose of

clarifying and narrowing the issues between the parties, but did not receive any response. After review of the file I believe a motion for summary judgment is appropriate and will be following up with the same in the near future.

I would note the only reason I have not filed up to now is that I sought discovery from Merck with respect to communications regarding the claims administrator's May 4, 2009 notice of eligibility which came on the heels of my April 22 motion to vacate Mr. Weeks' consent. As a practical matter I do not believe this is necessary for the motion, since the Ms. Tejedor's terminated their services back in January 2009, and as of at least January 7, 2009 when the firm turned over the file to Mr. Weeks, they never had any authority to act on his behalf, matters I will amplify on in the motion for summary judgment.

Thank you for your consideration in regard to the above.

Respectfully yours,

Ronald R. Benjamin

cc: Maria Tejedor, Esq.
Martinez Manglardi Diez-Arguelles & Tejedor
540 n. Samoran Blvd.
Orlando, FL 32807
By Facsimile - 888-611-7879