UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   VIOXX<br>     Products Liability Litigation | |
| | MDL Docket No.: 1657 |
| THIS DOCUMENT RELATES TO : | SECTION L<br>JUDGE FALLON |
| Gene Weeks v. Merck & Co., Inc.,<br>Case No.: 05-cv-4578 | MAG. JUDGE KNOWLES |
| | Special Master Patrick A. Juneau |
| Attorney Fee Lien Dispute of<br>Maria D. Tejedor v. Gene Weeks | |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED PURSUANT TO LOCAL RULE 56.1

Plaintiff Gene Weeks, by and through his counsel Ronald R. Benjamin, submits the following statement of the facts as to which there is no genuine issue to be tried and which he submits entitle him to summary judgment dismissing the attorney fee lien claim of Maria D. Tejedor of the law firm of Martinez, Manglardi, Diez- Arguelles & Tejedor:

1. On March 4, 2005, Gene Weeks entered into a written contingency retainer agreement with the law firm of Martinez, Manglardi, Diez-Arguelles & Tejedor (hereafter "Tejedor firm") in Florida with respect to his claim for personal injury stemming from his ingestion of Vioxx. *(Retainer and Statement of Client Rights, annexed as "Exhibit A" to July 21, 2010 Plaintiff's Counsel, Maria Tejedor's, Memorandum in Support of Lien for Attorney's Fees and Costs.)*

2. The aforesaid contingency retainer agreement was entered into in the State of Florida, and is governed by the rules of the Florida State Bar with respect to fee issues. *(Id., Statement of Client Rights, at p.3.)*

3. On October 5, 2005 the Tejedor firm filed a complaint naming Mr. Weeks as plaintiff against defendant Merck & Co., Inc., in this Court, and his action was subsequently consolidated with MDL 1657.   *(Complaint, Weeks Document No. 1.)*

4. On November 9, 2007, a Master Settlement Agreement (MSA) was announced between Merck and the Negotiating Plaintiff's Counsel ("NPC"), under which Merck would pay some $4.85 billion to resolve Vioxx personal injury claims pending in MDL 1657 and state courts around the country. *(Exhibit B to Plaintiff's Counsel, Maria Tejedor's, Memorandum in Support of Lien for Attorney's Fees and Costs.)*

5. The MSA imposed obligations on retained counsel who sought to participate in the settlement including a requirement that they recommend to 100% of their clients to accept the terms of the MSA and that they withdraw from representing any client who does not accept the terms of the MSA.   *(Id., MSA Section 1.2.8.1.)*

6. Among the eligibility requirements for compensation under the MSA is included the requirement that a a claimant must demonstrate proximity by establishing ingestion of 30 pills of Vioxx within 60 days of his or her heart attack. *(Id., MSA Sec. 2.2, and MSA Exhibit 2.2.1.3.)*

7. Plaintiff did not have his heart attack until more than two (2) years after he last ingested Vioxx, and as such was ineligible for compensation under the MSA criteria.

8. On or about November 21, 2007, Maria Tejedor, Esq., sent Mr. Weeks a letter "strong recommendation" that he accept the terms of the MSA. *(Id., Ex. B, 11/21/2997 Tejedor letter to Gene Weeks.)*

9. More than one year later, on December 18, 2008, the Tejedor firm sent plaintiff Weeks a letter informing him that his claim was denied by the settlement program's Claims Administrator together with the form entitled "Claims Administrator Notice of Ineligibility." *(4/21/2009 Affidavit of Plaintiff in support of his motion to rescind his consent to the MSA, at para. 27.)*

10. On December 20, 2008, the Tejedor firm sent plaintiff a letter advising him there were no grounds to dispute his notice of ineligibility because he did not meet the "proximity factor" of the settlement agreement, and that the firm would not represent him in any independent tort action and that, upon his withdrawal of his claim from the settlement agreement he will "no longer be represented by the law firm of Martinez, Manglardi, Diez- Arguelles & Tejedor". *(Id., Exhibit F.)*

11. On January 7, 2009, plaintiff Weeks met at the Orange County Courthouse with two counsel from the Tejedor firm, including Tejedor and "John" who told Mr. Weeks they would no longer represent him, and that in fact they were working on a referral for him.

12. At the aforesaid meeting on January 7, 2009, attorney Tejedor turned over the plaintiff's file to him stating they were going to make a motion to withdraw.

13. On January 16, 2009, Tejedor wrote plaintiff a letter in which she stated that

plaintiff had "elected to allow us to withdraw as your counsel and you have elected to seek alternative counsel to file your lawsuit." *(Id., Exhibit G.)*

14. In the aforesaid January 16 letter, Tejedor also stated her firm was going to be filing a "notice of withdraw[a]l". *Id.*

15. On January 23, 2009, plaintiff sent Tejedor an e-mail advising he had retained the Benjamin law firm, that he wanted her to take no more action on his behalf, and that any questions should be directed to Ronald Benjamin. *(Exhibit A to 5/20/2009 Reply Affidavit of Plaintiff Gene Weeks.)*

16. On February 19, 2009 the Benjamin firm e-filed a notice of appearance on behalf of plaintiff in the action pending in this Court. *(Document No. 17825.)*

17. On April 22, 2009, Benjamin filed a motion to rescind and vacate the plaintiff's consent to participate in the settlement program, which was supported by plaintiff's affidavit dated April 21, 2009..

18. On May 4, 2009 the Tejedor firm received a Notice of Eligibility from the Claims Administrator advising that plaintiff Weeks was awarded 120.74 points, which translated to some $229,406 under the the terms of the MSA.

19. Thereafter, without the plaintiff's consent or authorization, the Tejedor firm filed a Notice of Points Awarded Appeal which apparently resulted in an increase to $286,834 because the Claims Administrator misconstrued plaintiff's cholesterol level.

20. On or about July 2, 2009, in direct opposition to the plaintiff's April 22 motion to rescind his consent, Tejedor filed a motion to enforce the settlement between

Weeks and Merck.

21. In a decision dated February 18, 2010, the Honorable Eldon E. Fallon held Tejedor did not have standing to bring a motion on to enforce the settlement.

22. The court further noted that if Tejedor felt she was entitled to fees for the work she completed on behalf of Mr. Weeks, the appropriate remedy would be to assert a fee lien in compliance with Pretrial Order 47. *Id.*

Dated:   August 20, 2010

_____
RONALD R. BENJAMIN, ESQ. Fed No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiff
    126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442