# Exhibit O

# Rawlings & Associates PLLC

Post Office Box 49
LaGrange, Kentucky 40031-0049

One Eden Parkway
LaGrange, Kentucky 40031-8100
Phone: 502.587.1279
Fax: 502.584.8580

Offices Also In
Florence, Kentucky
Los Angeles, California

- ᵒ  Admitted in California
- ●  Admitted in Illinois
- ▪  Also admitted in Indiana
- ▪▪▪  Also admitted in North Carolina & Virginia
- ❖  Also admitted in Ohio & West Virginia
- ⊥⊥  Also admitted in West Virginia
- *  Also admitted in Ohio

Sarah K. Alcock
Jennifer L. Armstrong
Douglas C. Baird
▪ R. Isaac Beckley III
⊥⊥ Richard A. Beckner
⊥⊥ Kenneth G. Belt
Mary M. Bolander
▪▪▪ Jeffrey C. Borden
▪ Joseph W. Chanda
* William H. Crockett
"Damien A. DeCost
Mark D. Fischer
⊥⊥ Julie C. Foster
Scott C. Gordon
Shannon M. Gordon
● Robert C. Griffith
Carol H. Greissman
Jill M. Guarascio
▪ Barbra K. Harris
❖ Kenneth A. Huddleston
David A. Kelm
George R. Rawlings
❖ J. Steven Rawlings
Jeffrey C. Swann
Patricia G. Tobin

July 12, 2010

David S. Ratner, Esq.                                    **VIA OVERNIGHT DELIVERY**
Morelli Ratner PC
950 Third Avenue
New York, New York 10022

Re: Vioxx

Dear Mr. Ratner:

I have received your letters of May 12, June 14, and June 23, 2010 concerning reimbursement claims asserted by our clients against Vioxx claimants represented by your firm. Your letters indicate that thirty-one Morelli Ratner clients either never received settlement funds under the Master Settlement Agreement ("MSA") or participated in the Lien Resolution Program ("LRP"). Obviously, our clients do not intend to pursue reimbursement in these cases, and we will be updating our records to reflect this.

As to your remaining clients, your letters request "copy of any notice that was sent to us that purports to put us on notice of any liens," and the "legal basis" for any claims against Morelli Ratner clients who have received settlement funds related to their use of Vioxx. From this, it appears that you may have misconstrued our clients' claims. These claims for reimbursement of the medical expenses that our clients paid to cover your clients' medical expenses lie against your clients and are distinct from subrogation claims that our clients may have against a liable third party such as Merck. Our clients' reimbursement claims do not require

"notice" in the sense that the term is used in subrogation. In fact, your clients received notice of the existence of these claims when they executed insurance contracts that expressly and unambiguously spelled out our clients' rights to reimbursement. The notice that we previously sent to Morelli Ratner and that your letters respond to was given to facilitate recovery of reimbursement, not because our clients had any legal requirement to provide it.

The "legal basis" for these claims should be clear: it is the reimbursement provisions set forth in the plan language of your clients' health insurance contracts; various federal statutes and the regulations interpreting them; and data in our possession identifying, among other things, the ICD-9 codes, providers, and medical bills associated with the treatment of the injuries suffered by your clients but paid for by ours. If your clients wish to resolve this dispute amicably, please have them complete the attached HIPAA waiver form (or complete it on their behalf in your capacity as their attorney), and we will provide the relevant plan language and data regarding our clients' claims.

Finally, Rawlings sent you a letter on June 18 regarding reimbursement claims asserted by WellPoint. We would appreciate a response to this letter.

Please contact me with any questions or concerns.

Very Truly Yours,

RAWLINGS & ASSOCIATES PLLC

Robert C. Griffith, Esq.

Attachment

HIPAA COMPLIANT AUTHORIZATION FORM
PURSUANT TO 45 CFR 184.508

Patient Name: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the disclosure of all protected medical information for the purpose of a legal claim and other uses related to that legal claim to the extent permitted by law. I expressly request that any relevant covered entity under HIPAA disclose full and complete protected medical information in their possession spanning the time period of the beginning of my treatment to the present, including the following:

- All medical records, including inpatient, outpatient, and emergency room treatment; and all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes and records received by other physicians.

- All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, and cardiac catheterization reports.

- All radiology films, mammograms, myelograms, CT Scans, photographs, bone scans, pathology/cytology/ histology/autopsy/immunohistochemistry specimens, cardiac catheterization, videos/ CDs/films/reels, and echocardiogram videos.

- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.

- All billing/records including all statements, itemized bills, and insurance records.

- Information about alcohol/substance abuse and HIV/AIDS may be disclosed as follows:

   ___ Yes, disclose HIV/AIDS information            ___ No, do NOT disclose HIV/AIDS information

   ___ Yes, disclose alcohol/substance abuse         ___ No, do NOT disclose alcohol/substance abuse
       information                                       information

This authorization does not apply to psychotherapy notes or psychiatric/psychological records. I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

This authorization expires two years from the date below.

Signature: _____ Date: _____
Relationship to the person who is the subject to the records:

Self: _____ Other: _____

If signing on behalf of person who is the subject of the records, please describe authority (i.e., power of attorney, executor, etc.)

_____