UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 59 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 59.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at **Error! Hyperlink reference not valid.**.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the settlement program is

- 1 -

available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

## II. THE VIOXX SETTLEMENT PROGRAM

BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have been processed.

## III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Resolution Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payer Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On July 1, 2010, the Court issued an Order directing the Lien Resolution Administrator to establish and communicate a deadline of July 14, 2010 for participating Third Party Payers to submit to the Lien Resolution Administrator all outstanding audit approvals for claimants participating in the Private Lien Resolution Program.  The Order further requires all Third Party Payers that have submitted duplicate claims for identical claimants to communicate with each other and to submit to the Lien Resolution Administrator by July 14, 2010 their

- 2 -

1028114v.1

collective determination to allow the Lien Resolution Administrator to finalize the liens and process payment to the appropriate Third Party Payer. The Lien Resolution Administrator will be prepared to discuss these issues further at the monthly status conference on August 26, 2010.

### IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program. At the monthly status conference, Special Master Juneau will report on the appeal process.

### V.  CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order. As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. Plaintiffs opposition is due on August 23, 2010; Merck's reply is due on September 16, 2010. The motion will be heard on September 22, 2010 at 9:00 a.m.

VI.     STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on August 26, 2010.

VII.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on August 26, 2010.

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock. Merck's counsel will be prepared to discuss this situation at the monthly status conference on June 3, 2010.

VIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

IX.   GOVERNMENT ACTIONS

A.   Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. The parties will be prepared to discuss these issues further at the monthly status conference on August 26, 2010.

B.   Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases. Counsel for those jurisdictions in Group I under Pre-Trial Order No. 39A are also discussing the discovery relevant to its jurisdiction with Merck. On July 30, 2010 and on August 18, 2010 the Court held telephonic conferences with the Plaintiffs in the

Government Action and Merck on issues related to discovery. The Court issued Minute Entry orders following both of the aforementioned telephonic conferences.

On August 13, 2010, Merck sent, pursuant to Pre-Trial Order No. 39A, a letter to the Court seeking resolution of certain discovery disputes that have arisen between Merck and the Group I Plaintiffs. On August 20, 2010, each of the Group I Plaintiffs submitted separate responses to Merck's letter, and the Court has agreed to hear argument on these discovery disputes following the regularly scheduled monthly status conference on August 26, 2010.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

The parties will be prepared to discuss these issues further at the monthly status conference on August 26, 2010.

X.  PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that had served Lone Pine expert reports. These cases were governed by Pre-Trial Order No. 28. On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

On June 3, 2010, the Court held a conference to discuss the cases governed by Pre-Trial Order Nos. 29 and 43. On June 14, 2010, the Court issued Pre-Trial Order No. 56 which modified the duties of the Plaintiffs' Steering Committee for Ineligible or Not Enrolled Claims to include certain cases governed by Pre-Trial Order Nos. 29 and 43.

On July 2, 2010, Michael Stratton filed a Motion to Transfer and/or Set Discovery/Trial Dates in seven pending cases. In its response, Merck filed a proposal for a discovery plan for all cases subject to Pre-Trial Order Nos. 28, 29, and 43. The parties will be prepared to discuss this further at the monthly status conference on August 26, 2010.

XI.     FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. A hearing on the Motion took place on August 3, 2010. The parties await a ruling from the Court.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on August 26, 2010.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending

further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

### XII.     MERCK'S MOTIONS AND RULES ON PTO 43

The remaining matters deferred from Merck's Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 will be heard immediately following the monthly status conference on August 26, 2010.

### XIII.    OTHER MOTIONS

On February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions. The motions have been taken under advisement by the Court.

On June 23, 2010, certain Plan Plaintiffs filed a corrected motion to identify law firms representing certain eligible plaintiffs in place of the "John Doe" defendants, to add Federal Employee Health Benefits Act and Medicare Advantage Reimbursement Claims, to seal certain

portions of a corrected declaration of Mark D. Fishcher, and for a preliminary injunction imposing a constructive trust and prohibiting distribution of identified settlement funds. The law firms identified in the motion filed an opposition to the corrected motion. The matter will be heard by the Court immediately following the monthly status conference on August 26, 2010.

### XIV. APPEALS

Certain appeals from dismissals with prejudice for noncompliance with PTOs 28 and 29 are pending before the United States Court of Appeals for the Fifth Circuit, including the *Dier* and *Nobile* cases. A motion to consolidate those appeals was denied by the court. Argument in the *Dier* case was heard the week of June 7, 2010. On July 16, 2010, the Court issued a *per curiam* decision affirming the district court's ruling dismissing claims with prejudice for failure to comply with Pre-Trial Order No. 28. On August 19, 2010, the Court denied appellants' petition for rehearing and/or rehearing en banc. The parties will be prepared to discuss this further at the monthly status conference on August 26, 2010.

### XV. MERCK'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On June 29, 2010, Merck filed a Motion, Rule and Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute in the *LaDonna King* matter. The motion will be heard immediately following the next monthly status conference.

1028114v.1

XVI. <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | ***Stone Pigman Walther Wittmann L.L.C.*** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:     (504) 581-3200 |
| | FAX:   (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

# **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 59 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of August, 2010.

>*/s/ Leonard A. Davis*
>Leonard A. Davis, 14190
>HERMAN, HERMAN, KATZ & COTLAR, LLP
>820 O'Keeve Avenue
>New Orleans, Louisiana  70113
>Phone:  504-581-4892
>Fax:     504-561-6024
>ldavis@hhkc.com
>
>Plaintiffs' Liaison Counsel

1028114v.1