# Exhibit K

# Rawlings&Associates PLLC

Post Office Box 49
LaGrange, Kentucky 40031-0049

One Eden Parkway
LaGrange, Kentucky 40031-8100
Phone: 502.587.1279
Fax: 502.584.8580

Offices Also In
Florence, Kentucky
Los Angeles, California

° Admitted in California
♦ Admitted in Illinois
▪ Also admitted in Indiana
▪▪▪ Also admitted in North Carolina & Virginia
❖ Also admitted in Ohio & West Virginia
♪♪ Also admitted in West Virginia
* Also admitted in Ohio

Sarah K. Alcock
Jennifer L. Armstrong
Douglas C. Baird
▪ R. Isaac Beckley III
♪♪ Richard A. Beckner
♪♪ Kenneth G. Belt
Mary M. Bolander
▪▪▪ Jeffrey C. Borden
▪ Joseph W. Chanda
* William H. Crockett
° Damien A. DeCost
Mark D. Fischer
♪♪ Julie C. Foster
Scott C. Gordon
Shannon M. Gordon
● Robert C. Griffith
Carol H. Greissman
Jill M. Guarascio
▪ Barbra K. Harris
❖ Kenneth A. Huddleston
David A. Kelm
George R. Rawlings
❖ J. Steven Rawlings
Jeffrey C. Swann
Patricia G. Tobin

July 12, 2010

Richard Meadow
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
Sixth Floor
New York, NY 10022

**VIA OVERNIGHT DELIVERY**

Re: Vioxx

Dear Mr. Meadow:

  I have received your letter dated June 17, 2010, which responded to two letters from my colleague Mark Fischer regarding clients represented by Lanier who opted not to participate in the Vioxx Private Lien Resolution Program ("LRP"). For the reasons discussed below, Lanier's response is inadequate. The present dispute can still be resolved amicably, but only if Lanier supplements its response to provide additional information on the status of the clients it represents.

  As Mr. Fischer's letters indicated, our clients have no interest in pursuing reimbursement claims against Lanier related to claimants who were never represented by Lanier or who have not and will not receive any settlement funds related to their use of Vioxx. The same holds true for claimants who participated in the LRP or who have already received settlement funds and are no

longer represented by Lanier. Your letter claims that most of the claimants identified in Mr. Fischer's letters fall into one of these camps but does not identify any of them by name.

As to your other clients, your letter only confirms the validity of our clients' claims. In particular, you wrote that Lanier "does not hold funds in constructive trust for most of the claimants listed in the attachments" to Mr. Fischer's letters. With that statement, you tacitly acknowledge that Lanier does in fact hold funds in constructive trust for at least some of the claimants identified in Mr. Fischer's letters. Your refusal, however, to identify the status of any of these claimants makes it impossible for us to amend or otherwise modify the claims that our clients intend to pursue against Lanier.

Your stated reason for refusing to provide any of this information is that Mr. Fischer's letters did not provide adequate information or notice to "perfect" our clients' "alleged subrogation rights." You misunderstand our clients' claims, which are for reimbursement, not subrogation. With that said, attached please find a HIPAA release form. Upon completion of this form, we will provide Lanier with plan language and other documents supporting our clients' reimbursement claims—documentation that Lanier, in its capacity as counsel for these claimants, in all likelihood already possesses.

Finally, we received a letter from Walter P. Burrell of Burrell Regenstreich LLC indicating that his firm had acted as local counsel for Lanier in several additional Vioxx cases. A chart of these claimants and lien amounts is enclosed with this letter.

Should Lanier wish to resolve the present dispute amicably, please identify, by name, the Vioxx claimants listed in the attachments to Mr. Fischer's earlier letters, as well as the attachment listing Lanier clients whom Burrell Regenstreich represented as local counsel, who: (a) opted not to participate in the LRP; (b) were or are entitled to receive settlement funds related to their use of Vioxx; and (c) have settlement funds currently held in trust by Lanier. Please submit completed HIPAA release forms for each of these clients, and Rawlings will provide the documentation that you requested in your letter. In addition, please identify all former Lanier clients identified in Mr. Fischer's letters who have already received settlement funds related to their use of Vioxx, so that we may pursue our reimbursement claims directly against them instead of Lanier.

If you have any questions, please contact me at your convenience, and thank you in advance for your assistance in this matter.

        Very Truly Yours,

        RAWLINGS & ASSOCIATES PLLC

        Robert C. Griffith, Esq.

Enclosures

## HIPAA COMPLIANT AUTHORIZATION FORM
## PURSUANT TO 45 CFR 184.508

Patient Name: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the disclosure of all protected medical information for the purpose of a legal claim and other uses related to that legal claim to the extent permitted by law. I expressly request that any relevant covered entity under HIPAA disclose full and complete protected medical information in their possession spanning the time period of the beginning of my treatment to the present, including the following:

- All medical records, including inpatient, outpatient, and emergency room treatment; and all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes and records received by other physicians.
- All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT Scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization, videos/ CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing/records including all statements, itemized bills, and insurance records.
- Information about alcohol/substance abuse and HIV/AIDS may be disclosed as follows:

    ___ Yes, disclose HIV/AIDS information         ___ No, do NOT disclose HIV/AIDS information

    ___ Yes, disclose alcohol/substance abuse      ___ No, do NOT disclose alcohol/substance abuse
              information                                         information

This authorization does not apply to psychotherapy notes or psychiatric/psychological records. I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

This authorization expires two years from the date below.

Signature: _____ Date: _____
Relationship to the person who is the subject to the records:

Self: _____ Other: _____

If signing on behalf of person who is the subject of the records, please describe authority (i.e., power of attorney, executor, etc.)

Xerox 4110
Banner Sheet

Mailroom

Date/Time : 08/20/2010  04:16 PM

User Name :

# Mailroom

File Name :

Start Page