

RECEIVED

AUG 5 2010

CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

**TO:**

**Dorothy H. Wimberly,** Lead Liaison Counsel MERCK MDL1657-VIOXX], CASE
2:06-CV-08318-EEF-DEK.

546 Carondelet Street,

New Orleans, Louisiana 70130-3588.

Ph: (504) 593-0849

Fax: (504) 596-0849

E-mail: dwimberly@stonepigman.com


**BROWNGREER CLAIMS ADMINISTRATION** – VIOXX Settlement.

VIOXX Claims Administration

115 S. 15th Street, Suite 400

Richardson, VA 23219.

E-mail: claimsadmin@browngreer.com

**Robert M. Johnston** of Johnston, Hoefer, Holwadel & Eldrige (Plaintiff
Liaison).

601 Poydras Street, Suite 2490,

New Orleans, Louisiana, LA 70130.


**Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX]

500 POYDRAS Street,

Room C-456

New Orleans, Louisiana LA 70130.

**CC:**

Honorable: Eric Holder Attorney General, USA.
Honorable: Thomas Perrelli Associate., Attorney General USA.

I am writing you and sending this fax / e-mail to you all because, I need to inform that Fraud, Misconduct, Malicious Litigation, Wonton and Bad Faith Conduct , SCIENTER and Dishonest Services are taking place against the Judicial System of the United States of America and against its Citizen, and immediate interception and action is required and is demanded.

Since all you have the nexus, symbiotic relation directly and indirectly and are responsible for this situation in some capacity,

Therefore, you are getting this U.S. mail, e-mail and information Notice, so justice can be done, and just and fair settlement can take place for injured victims VCN 1113035/Lilak, Safdar..

JUSTICE & Fairness is being denied, Violation of Federal. Rules of Civil Procedures are being violated, The Rules of Civilized Conduct for Settlement are being ignored. SCIENTER rule & Dishonest Services are being rendered. All Guidelines for Federal Rules for Complex MDL litigation/Settlement provided and recommended by the "Guidelines" for the complex management for Settlement communication and Settlement are being ignored and disregarded. [Please read the attachments-Exhibits] so you know the facts and the dirt which is being played in Settlement process against the  Pro Se injured claimants,  by defense of MERCK & COMPANY / BROWNGREER Claim Administration after court order settlement, thanks.


Sincerely,

*Sfd~ Neie dilak*

Safdar Neil Lilak

Claim: VCN NO. 1113035/BROWNGREER CLAIM ADMIN

Case No. 06-CV-08318-EEF

E-mail: slilak43@msn.com
Ph: 303-755-1505


E-mail: slilak43@msn.com

**REFERENCE: [Case No. 06-CV-08318- EEF, "Safdar Lilak v. Merck & Company**
Case in Federal Court with Jury Demand,
going through  Settlement process  by Firm "BROWNGREER"
<u>and their Misconduct and Bad faith Communication of Dishonest Services</u>.

**Date: 07-29-2010**

DOROTY WIMBERLY (Liaison Counsel Defense / MERCK & COMPANY
E-mail: dwimberly@stonepigman.com] & Phillip  A. Wittman.
 BROWNGREER AS CLAIM ADMIN FIRM, [e-
mail:claimsadmin@browngreer.com]

ROBERT M. JOHNSTON/PLAINTIFF LIAISON COMMITTEE [E-mail:
ijr@ahhelaw.com]

Jeanne McCurnin [E-mail: jmc@ahhelaw.com

Susan Giamportone [E-mail: sgiamportone@wcsr.com]  (Merck Defense Team-
Court Appointed).

CC: Hon. Thomas Perreli, Associate Attorney General of USA. [E-mail:
    inspector.general@usdoj.gov].

   Hon.  Eric Holder, Attorney General of USA. {E-mail: askdoj@usdoj.gov}

**RE:** Lilak, Safdar  v.  Merck & Company Inc, et al
Case Number: 2:06-CV-08318-EEF-DEK / VCN No. 1113035, EI-Claim of Lilak.

**SUBJECT:  NOTICE OF "INTENT TO FILE MOTION WITH THE COURT"**
**RULE  60 (b) Sec 1, 2, 3 & 6. FOR EI-CLAIM**
<u>**RELIEF / AGAINST BROWNGREER CLAIMS ADMIN.,**</u>

<u>**To Whom It May Concern**</u>:

     I am writing you and sending this fax/e-mail to you because, I need to inform
that Fraud, Misconduct, Malicious Litigation, Wonton and Bad Faith Conduct are
taking place against the Judicial System of  the United States of America and
against its Citizen, and immediate interception and corrective action is required
and is demanded. Since Plaintiff/Claimant's (Pro Se) "Equal Protection Under law
and Due Process" are being violated. Plaintiff is alleging "MERCK COMPANY &
BROWNGREER  Claims  Admin  of  MERCK  as  their  Defense  Team  for
"DISHONEST SERVICES"  in  Settlement  process  phase,  Claimant  alleges

'WONTON & BAD FAITH" Communication from Defense team and BROWNGREER/ "MERCK COMPANY".

JUSTICE is being denied, Violation of Federal. Rules of Civil Procedures are being violated, Rules of Civilized Conduct for Settlement are being ignored. Dishonest Services are being rendered, All Guidelines for Federal Rules for MDL litigation/Settlement provided and recommended by the "Guidelines" for the complex Pre-trial Settlement are being ignored and disregarded.

## STOP TO ALL THIS NON-SENSE NEED TO TAKE PLACE AND INVESTIGATION PROB INTO THIS MATTER SHOULD START ASAP.

All of the above is taking place in MDL-1657   "MERCK   –   VIOXX SETTLEMENT" by "BROWNGREER" Claims Admin, in Product Liability case in ESTERN District of Louisiana New Orleans. The  violation  of the Fed. R. Civ. Procedures, and Fraud and Dishonest Services are taking place in the settlement communication of this MDL-1657 Settlement process.

The (Pro se) Plaintiff and Claimants is/are being exploited, who do not have legal background and training, this unjust and unfair violation of their rights as injured should stop immediately.

The "Pro Se" claimants should be compensated fairly and immediately instead of frustrating them with mental anguish and emotional distress being caused from last 7/8 years of suffering caused by the MERCK COMPANY and their law firms in this case the "BROWNGREER" Claims Admin representing "MERCK COMPANY" in settlement admin process. Who, are using SCIENTER Rules and Dishonest Services.

Some how Company is not learning lessons from previous violations in the matter of "VIOXX". And their attitude and WOTTON and BAD FAITH Conducts has not changed at all and is continuing.

The  activities,  that  happened  in  the  settlement  process,  in  which Merck/"BROWN GREER" awarded claimant (Lilak) QCP point of 27.07/119 points Category "IS" level 5 injuries, where Plaintiff/Claimant has been suffering injuries from last 7.5 - 8.0 years being on disability and wage loss, not being able to provide for family  of (4) dependents and spouse.

The Merck/BROWGREER Claims Admin denied my dual injuries of "IS, MI" and now denying EI-Claim in the face of evidence which is verify-able by the established agency(s), intentionally knowingly not acknowledging the evidence. Submitted pursuant to Rule  26 (g) (f) and Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing.

The Claimant (Lilak) has objection to the assessment of EI-Claim & refusal by "BROWNGREER" Claims Admin and alleges the Firm for "Dishonest Service and Fraud" and agency using "SCIENTER Rules.

Claimant is requesting for judicial review of the EI-Claim and audit of the whole settlement process by impartial audit firm. Since there are $4.8 Billion Dollars and 46,000 Claimant approx., involved  and  who are being defrauded by minimizing their personal injuries compensation. The personal injuries laws are being violated.

For fairness to all, and as for matter of law and fairness and justice to all, impartial audit of the situation need to take place and it is being requested and demanded.

This is a Federal Court case with jury demand in MDL litigation without reason or cause cannot deny or refuse the claims. Which  has created big mistrust in public of the Judicial System. The Settlement process of "BROWNGREER" are rendering Dishonest Services  and becoming disgrace to the whole system of law.

The Claimant/Plaintiff Lilak will sustain huge financial lose, over $250000 in medical expenses has been spent and has 7-8 years of wage loss in the damages over $680,000 and injuries to the Claimant. Therefore, Claimant Lilak stand to loose huge damages and sufferings, not being able to provide for family of 4 dependents and living on 120-180% poverty index from last 7-8 years.

THIS IS MISCONDUCT and Conspiring of "SM" Special Master with "BROWNGREER" Claims Admin, did not filed his documents and never sent me "A CERTIFICATE OF SERVICE" {charging $700 for fee].

A CERTIFICATE OF SERVICE" WHICH "IS REQUIRED WITH EVERY DOCUMENT FILED WITH COURT" Pursuant to Federal Rules of Civil procedures and  also required by the Local Rules .

The reason, I am a "Pro Se" litigant is because I cannot financially afford one or trust  attorneys,  and their firms. They are cunning and wicked and dishonest with SCIENTER mentality.  I do not trust these big firm's counsels and their firms.

I was ordered to follow the rules how come "BROWNGREER is not following them rules. They have been making harsh requirements to weed out claims unfairly, in violation of the "Statue of Settlement"  which does not recommend conditions on claims in settlement process, once they has been qualified the initial requirement. That is where the "SCIENTER Rules, Dishonest Services are being exercised by "BROWNFREER" Claims Admin against The MSA and injuries rules and law for compensations for wage loss..

After good faith diligent search I submitted the requested information for calculations. Plaintiff also submitted to the "Special Master" gap period disability for wage loss which were not consider or ignored by the SM.

The response to the Defense of EI-Claims was re-filed for review within the BROWNGREER firm for settlement and EI-Claims Admin.

Therefore, justice and fairness is being denied to "Pro Se" claimant Lilak VCN No. 1113035 claim.

MDL-1657 [VIOXX-SETTLEMENT]. JUSTICE, Fairness IS BEING REQUESTED & DEMANDED.

A trial court also has the power, under certain circumstances (usually involving fraud or lack of jurisdiction over the parties to a case) to vacate its own judgments in this case the SM Assessment by the "BROWNGREER" Claims admin. Relief from judgment in the United States District Courts is governed by Rule 60 (b) of the Federal Rules of Civil Procedure.

The MERCK COMMITTED FRAUD. I COMPLIED WITH Rules & PTO and "BROWNGREER" Claims Admin is rendering Dishonest Services and committing fraud in the settlement process. Impartial audit and investigation need to take place especially for Lilak EI-Claim VCN No. 1113035 and "BROWNGREER" conspired with SM and committed fraud by violating the rules of MDL litigation/Settlement and Fed. R. Civ. P. in settlement process and response to my EI-claim on July 07, 2010 notice.

The Plaintiff/Claimant (Lilak) has not committed any violation of the Rules, Statues or PTO orders neither any criminal act or egregious conduct that the such Dishonest and SCIENTER rules & services should be applied to his EI-Claim and application of such rules is unfair and unjust.

The MERCK and DEFENSE "BROWNGREER" has to compensate or I have to file Motion in the Court for Controversial Issues to be resolved i.e. Claimant Lilak EI-Claim VCN No. 1113035 for wage lose and other special and Pecuniary and Non-Pecuniary damages. I will take the matter to Court of Hon. Fallon E. Eldon, whom could look into this situation of controversy and Fraud, and Misconduct by MERCK and Defense/BROWNGREER Claims Admin.,

This is Notice, of "Intent to file Motion" with the Court if controversy(s) and issues(s) are not resolve. After 21 days of this notice to confer with party(s) as of date 07-28-2010 to all "TO WHOM IT MAY CONCERN" I will file expedited Motion for Hearing of judicial process for fair resolution of the issues and EI-Claim of Mr. Lilak [VCBN No. 1113035] On earliest available docket date for hearing.

Sincerely,

/s/ _Safdar Niedelar_

Safdar N. Lilak Case No. 06-CV-08318-EEF
MERCK v. Lilak [MDL-1657/VIOXX]
Product Liability Settlement
Ph: 303-755-1505, E-mail: slilak43@msn.com

# **EXHIBIT**

**FYI:**

## **PRE-TRIAL SETTLEMENT & CASE MANAGEMEN:**

Referral of pretrial or court ordered Settlement management to a Special Master (not a magistrate judge) is not advisable for several reasons. Rule 53(a) (1) permits referral for trial proceedings only in nonjury cases involving "some exceptional conditions" or in an accounting of difficult computation of damages.

Because pretrial court order Settlement management calls for the exercise of judicial authority, its exercise by someone other than a district or magistrate judge is particularly inappropriate
[See *Labuy v. Howes Leather Co., 352 U.S. 249 (1957) the length and complexity of a case and the congestion of the court's docket do not alone justify a comprehensive reference to a special master)*].
See also Maldonado v. Administration Del Correccion Del Estado Libre Asociado, No. 90-2186, 1992 U.S. Dist. LEXIS 16393 (D.P.R. Sept. 30, 1992); infra 11.52 Cf. McLee v. Chrysler Corp., 38 F.3d 67 ( 2d Cir.1994).

The additional expenses imposed  on parties also militates strongly against such appointment. [*Prudential Ins. Co of Am v. United States Gypsum Co., 991 F.2d 1080 (3d Cir. 1993  )(writ of mandamus issued overturning appointment of master to hear merits of a claim for cost of testing, monitoring and removing asbestos-containing products at thirty-nine sites )*.

Appointment of a Special Master (or of an expert under Federal Rule of Evidence 706) for limited purposes requiring special expertise may sometime be appropriate (e.g., when  a  complex program for settlement needs to be devised).

[*See Litigation Manual, supra note 12, at 123-24. see generally Wayne D. Brazil et al., Managing Complex Litigation: A Practical Guide to the Use of Special Masters (1983). See sections 11.51 – 11.52 Orders of referral should follow the guidance offered in Rule 53(b) and specially describe what is being referred,* the authority being delegated to the judge, and the procedure for review by the judge. Regular progress reports from the magistrate or special master are advisable.

Plaintiff/Claimant (Lilak) provided and submitted evidentiary and factual information in support of his claim, pursuant to Federal Rules of Civil Procedures, Rule 30(b) (6), Rule 26 (a)(1) and Rule 26 (f) (g) (3) and Rule 26 (e) (1) & (2) for amendment to disclosures.

The submitted information was intentionally ignored by the so called "Special-Master" [invalid appointment], creating extraordinary situation of

Negligence, dereliction of Duty(s) and causing intentional distress to claimant (Lilak /E-I Claim, VCN N0. 1113035) creating extraordinary circumstances. Who is already suffering from mental and emotional sufferings from last 7/8 years, caused by the defendant(s) and now by the firm of "BROWNGREER" side tracking on behalf of Merck  &  Company.

Pursuant to Federal Rules of Civil Procedures, Rule 60 (b) Sec., 1, 2, 3 & 6 relief for Plaintiff's EI-Claim should be granted, and according to law it is proper and legit.

Since the Firm "BROWNGREER" has lost its credibility by application of SCIENTER Rules, INSIDER rules, improper and arbitrary rules  and Bad faith and  Wonton  conduct  in  application  of  its  "SETTLEMENT PROGRAM/ENFORCEMENT  STRATEGIES  TO  THE  COURT  ORDER SETTLEMENT AGREEMENT" using unfair and SCIENTER practices of law in this settlement process for personal injuries EI-Claims".

It is illegal on part of Merck Company and "BROWNGREER"   to asking Special Master for evaluation of EI-Claims who is being cozy with "BROWNGREER/MERCK COMPANY against the "Pro Se" Claimant Lilak and his EI-claim VCN No.1113035.

The Plaintiff/Claimant is requesting for Summary Judgment for his EI-claim(s) as prayed in the main Law Suit in the MDL 1657, Case No 06-CV-08318-EEFon Docket. Respectfully, submitted on this 07-22-2010.   Justice is prayed & demanded as matter of law for personal injuries rules and laws. Fair and just compensation are being prayed and demanded in name of justice.


Sincerely,

*Safdar N. Lilak* /s/
_____/s/_____
Safdar N. Lilak Ph: 303-755-1505
E-mail: slilak43@msn.com
1033  S. Kittredge Way,  Aurora CO 80017.

# EXHIBIT 2
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
### CIVIL LOCAL RULES No. 34

**5- 6.**  The  Certificate of Service.  [Relating Special Master/Assessment review for El-Claim of Lilak MDL1657 - Case 06-CV-08318-EEF]

**(a)    Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

(**1**) An acknowledgment of <u>service by the person</u> served; or

(**2**)  Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746.

**(b)  Sanction for Failure to Provide Certificate.**  Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY
### [In this case Special Master For El-Claim assessment /BROWNGREERSETTLEMENT-EEF]

Pursuant  to  Fed.  R.  Civ.  P.  Rule  26:    Except  as  otherwise  stipulated  or directed by the court, this disclosure shall, <u>with respect  to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose  duties  as  an  employee  of  the  party  regularly  involve  giving  expert testimony,</u> be accompanied by a <u>written report prepared and signed by the witness.</u> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons <u>therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;</u> the <u>qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;</u> the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

These  disclosures  shall  be  made  at  the  times  and  in  the  sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: <u>The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing</u>.

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.  Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the 06-xx, 2010 assessment review.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

### FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, & 6
### [Relief from Assessment, Judgment or Order can be granted]

### <u>GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER</u>

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise, or excusable neglect.

(2)     newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)     The judgment is void;

(5)     The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)     Any other reason that justifies relief.

Special Master perhaps did not expected Plaintiff to provide deficiency mentioned in previous reviews or to find a case expert.

Plaintiff alleges that Special Master conspired with 'BROWNGREER Claims Admin/MERCK & COMPANY to write an incorrect and invalid assessment and review of the EI-claim is invalid and should be ignored from

Special Master Assessment review report for Lilak case VCN 1113035 for claims of EI compensations. Plaintiff alleges that the majority of Defendants are deceptive using SCIENTER rules "BROWNGREER/CLAIMS ADMIN & MERCK & COMPANY. It is proven for whole   world to see hypocrisy even after the court settlement order.

**Your Honor**! There is $4.8 Billons Dollars and 46,000 Claimant involve some type  of impartial audit is in order . Since "BROWNGREER" claim Admin is not dispensing the settlement amounts fairly and justly, Dishonest Services and fraud is taking place.

**Special Master** just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI-Claim of Mr. Lilak (VCN. 1113035), and denying the information submitted for the review as evidence, that is misconduct on part of SM and "BROWNGREER" Claims Admin it is Dishonest  Services, are Scienter, and fraud charging $700 for review fee.

Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage to the person or property of the Plaintiff.

Plaintiff (Lilak) believes and alleges that Special Master to write my assessment report is incorrect and fraud.  The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the EI-claims of  and for Mr. Lilak and

Special Master, not considering newly introduced information and entering sneaking, filing invalid assessment is misstatements and is fraud, and especially not putting his name address using no signature, without telephone communication or hearing,  without qualification for certification is misleading and being cozy with "BROWNGREER" how do I know if really there was SM involve in the assessment, and how come he did not consider my evidence which was

asked in the second review, BROWNGREER has been vague and misleading in the process of settlement BROWNGREER is using SCIENTER rules intent to deceive and fraud, minimizing compensation for personal injuries of claimants (Lilak)

SM Assessment is invalid and should be stricken down from the records, and relief for E-Claim for (Lilak) should be granted, the Plaintiff (Lilak) Claim does satisfy the criteria for greater damages and losses. The SM/BROWNGREER denial of appeal should be ignored and stricken from records of Settlement process of BROWNGREER as being SCIENTER.

The plaintiff had suffered huge direct damages and sufferings from last 7.5, 8 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. BROWNGREER local procedures within their organization cannot take precedence over the Federal rule please keep in mind, thanks.

Plaintiff's states confirmed that there is deception going on.

1.  Did defendant BROWNGREER/MERCK made a material Representation to plaintiff that was false?  **YES**

2.  Did defendant BROWNGREER/MERCK knew that the Representation was false? **YES**

3.  Did defendant BROWNGREER/MERCK intended to induce the Plaintiff to act upon the representation?  ($700 fee for review) **YES**

4.  Did Plaintiff actually and justifiably relied upon the representation and There by suffered Injury?  **YES**

## ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE ASSESSMENT JUDGMENT OF SPECIAL MASTER/ FOR CASE SETTLEMENT MANAGEMENT  (IF THERE WAS ONE?)

Plaintiff's evidence was legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Plaintiff submitted documentary evidence including medical records of Plaintiff's treating Physician and other physicians at Hospital. Which was required by the second review, deficiency was complied and ignored by the

BROWNGREER Claim Admin and making SM as alibi without name and endorsement of the review of EI-Claim.

Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud.

Merck's drug **VIOXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement and PTO.

**First phase**: Plaintiff has qualified through all Gates Criteria with QCP points with "IS" injury level of 5. My dual injury(s) claim for "MI & IS" was claimed, granted only "IS" category, Which Plaintiff feel unfair. Out of those points 73% points were taken for deduction for "Cholesterols and Diabetes of type II controlled" the deduction being Sinter rules.

**Second phase**: BROWNGREER set rules for EI-Claims and other claims to qualify, the rules to have damages in amount of $225,000 and more to qualify in EI-claims program, the medical bills and wage loss included.

I submitted all records showing more than $650K damages by the verifiable statements by the insurance company, paid bills over $225000 in medical claims paid. Then I submitted disability records from the social security and the 1099 statements from 2002 through 06-2010. All information was requested by the BROWNGREER for calculations purposes saying information was missing in second review. I submitted all the information and more. Yet My EI-claims is bluntly being denied ignoring all the supportive information submitted as evidence.

I being told by "BROWNGREER" that Special Master's decision am final and not appealable what kind of non-sense is this. I am being denied fairness and just compensation as person with injuries caused by the defendant.

The plaintiff/Claimant (Lilak) stands to lose lots of financial damages. The plaintiff Lilak (Pro Se) and his family has suffered over 7.5 – 8.0 years of emotional, mental and financial suffering, living on 120-180% poverty index and loosing his house and 7-8 years not being able to provide for family and children with four dependents.

**CONCLUSION PRAYER**:
Plaintiff prays for justice and fairness and prays that his EI-Claims be allowed and compensated according to the rule of law and fairness and summary

judgment must be entered against the "BROWNGREER"/MERCK. And not be allowed the SCIENTER rules of "BROWNGREER" Claim Admin and Merck Company misconduct and Wonton and Bad faith should not be  tolerated to set example.[ Respondent superior; employee's liability act].

Sincerely,

/s/ Safdar Neil Lilak

Safdar Neil Lilak

Case No. 06-CV-08318 EEF

MDL 1657- VIOXX

PRODUCT LIABILITY & MARKEING PRACTICES & FRAUD