*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:* ~~MAY~~ *2010.*
*Time:*            *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-  -2010.*



## SECTION ONE:

### TO THE HONORABLE COURT OF HON. FALLON  E. ELDON ,

### & ALL PARTIES,

#### TO WHOM IT MAY CONCERN

I am writing to you and sending this Notice by fax / e-mail or by US mail to all of you, because I need to inform that Fraud, Misconduct, Malicious Litigation, Wonton and Bad Faith Conduct, SCIENTER and Dishonest Services are taking place against the Plaintiff/Claimant El-Claims and Dual Injury(s) claims by the CA-BROWNGREER CLAIMS ADMIN For VIOXX SETTLEMENT PROCESS, and immediate interception and probe/investigative action is required and is demanded.

Since there are many claimants and the huge sum of money i.e. $4.8 Billons Dollars CA-BROWNGREER is making it look smooth process but it is not true and some sort of audit and investigation need to take place to make it just, fair and according to the rule of law.

The plaintiff is filing this expedited Motion to Court of Honorable Fallon E. Eldon for resolution to the controversy and disputed issues relating with his VIOXX Claims and El-Claims in objection to and against the CA-BROWNGREER and their baseless refusal to my Claims for Wage loss and El-Claim.

The plaintiff is praying and requesting for resolution to his claims and Summary Judgment to be entered for his claim pursuant to F.R.C.P. Rule 60 (b) and against the CA-BROWNGREER/MERCK Defense for playing such "SCIENTER Rules and Bad Faith and Wonton Conduct" in Settlement processing of claims, by minimizing victims & injured claimant compensation. [By their clever strategies which are against the rule of law].

Since all of you have the nexus, symbiotic relation directly and indirectly and are responsible for this situation in some capacity. The Plaintiff Pro Se alleges he been denied fairness and equal justice in this Settlement process by CA-BROWNGREER/ MERCK DEFENSE.

Therefore, you are getting this NOTICE by U.S. mail, e-mail and information, so justice can be done, and just and fair settlement can take place for injured victims in this case Mr. Lilak, Safdar, VCN No. 1113035.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

JUSTICE and Fairness is being denied, Violation of Federal. Rules of Civil Procedures are being violated. The Rules of Civilized Conduct for Settlement are being ignored. SCIENTER rule & Dishonest Services are being rendered.

That is against the Guidelines for Federal Rules for Complex MDL litigation/Settlement provided and recommended. By the "BRYER COMMITTEE Guidelines" for the complex management for Settlement communication and Settlement,rules are being ignored and disregarded. [Please read the attachments- and Exhibits] so you know the facts and the dirt which is being played in Settlement process against the   "Pro Se" injured claimants,  by defense of MERCK & COMPANY / CA-BROWNGREER Claim Administration after court order settlement,

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
### CIVIL LOCAL RULES No. 34

**5- 6. The  Certificate of Service**. [Relating Special Master/CA Assessment review for EI-Claim of Lilak,  MDL1657 - Case 06-CV-08318 EEF]9SM-Special is not needed for this situation and being used illegally, since it is case with jury demand.

**(a)    Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

      **(1)** An acknowledgment of <u>service by the person</u> served; or

      **(2)**  Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746.

      **(b)  Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY
### [In this case Special Master/CA-BROWNGREER]

Pursuant to F.R.C.P. 26:   Except as otherwise stipulated or directed by the court, this disclosure shall, <u>with respect  to a witness WHO IS RETAINED or</u>

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[SM-Special Master], be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons,

Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing.

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order. Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the xx-xx, 2010 hearing.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

### FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6
### [Relief from Judgment or Order can be granted]

### GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER  OF SM-Special Master.

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

COURTS' COPY
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

(1)     Mistake, inadvertence, surprise, or excusable neglect.

(2)     newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)     The judgment is void;

(5)     The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)     Any other reason that justifies relief.

Special Master perhaps did not expected Plaintiff to provide deficiency mentioned in previous reviews or to find a case expert.

The   Plaintiff   alleges   that   Special   Master   conspired   with   CA-BROWNGREER to write an incorrect and invalid assessment and review of the EI-claim is invalid and should be ignored from Special Master Assessment review report  for  Lilak case/claim VCN 1113035 for claims of EI compensations.

Plaintiff alleges that the majority of Defendants are deceptive CA-ROWNGREER/MERCK & COMPANY. It is proven for whole   world to see hypocrisy.

Special Master just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is misconduct on part of SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,    2010.*
*Time:                      OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage to the person or property of the Plaintiff.

Plaintiff believes and alleges that Special Master to write my assessment report is incorrect and fraud.  The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the claim of  and  for Mr. Lilak and

Special Master/CA-BROWNGREER not considering newly introduced information and entering sneaking, filing invalid assessment is misstatements and is fraud, and especially not putting his name address not using rubber stamps instead of signature, without qualification for certification is misleading and being cozy with CA-BROWNGREER is fraud.

<u>SM/CA, Assessment is invalid and should be stricken down from the records</u> and relief for <u>Claim for (Lilak) should be granted</u>, the Plaintiff (Lilak) EI-Claim does satisfy the criteria for greater damages and losses according to MSA agreement. The <u>SM/CA-BROWNGREER/MERCK denial of appeal should be ignored and stricken from records.</u>

<u>Otherwise plaintiff has no alternative but to go directly to the Media and Governmental authority of "Attorney General of United States" Court system and for justice and fairness to his claim. The plaintiff had suffered huge direct damages and sufferings from last 7.5 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. Your local procedures cannot take precedence over the Federal rule please keep in mind CA-BROWNGREER, thanks.</u>

Plaintiff's states confirmed that there is deception going on.

1.     Did defendant CA-BROWNGREER/SM/MERCK Company made a material Representation to plaintiff that was false?   **YES**

2.     Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-BROWNGREER knew that the Representation was false? **YES**

3. Did defendant CA-BROWNGREER/MERCK/CA-BROWNGREER intended to induce the Plaintiff to  act upon the representation? **YES**

COURTS' COPY
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Hearing Date:   TBD,     2010.
Time:                         OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

4.   Did Plaintiff actually and justifiably relied upon the representation and thereby suffered Injury?  **YES**

## ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF SPECIAL MASTER/JUDGE FOR CASE MANAGEMENT (IF THERE WAS ONE?) YES

Plaintiff's evidence was legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Plaintiff submitted documentary evidence including disability records and medical records of Plaintiff's treating Physician and other physicians at Hospital and Disability records which were intentionally ignored by SM & CA-BROWNGREER.

Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the Gate criteria of settlement agreement and he is QCP Claimant.

The Plaintiff/Claimant Lilak is requesting for earliest possible date for hearing on this controversy and disputed issues about his claims so justice can be served.

The plaintiff is qualified Claimant (QCP) with 27.09 award out of 109 points deducting 70% to 75% points for non-existing symptoms incorrectly from his points of grid/table points total and the Harsh Burdon-some  rigid rules applications to minimize his compensations i.e. he has gone through all the criteria and Gates reviews of Duration etc...,.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                          OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

The CA-BROWNGREER is using unfair , unjust and SCIENTER & INSIDER rules to the personal injuries and claims of the plaintiff being (Pro Se). Justice and Fairness of law is being prayed and requested from this Court in this matter, thanks.

The Plaintiff further request for Telephone conference for Hearing and request that court inform him of details for Hearing and setting of the Hearing Date, in the name of Justice and Fairness and equal justice under law.

Sincerely,

_____s/ Safdar Neil Lilak_____
Safdar Neil Lilak, Claim: VCN N0. 1113035,

BROWNGREER CLAIM ADMIN., /

MERCK & COMPANY/

Case No. 06-CV-08318-EEF.

E-mail: slilak43@msn.com,

Ph: 303-755-1505. slilak43@msn.com

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                   OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION TWO:

**Safdar N. Lilak (Pro Se)**
**1033 S. Kittredge way,**
**Aurora, Colorado 80017.**
**Telephone: 303-755-1505**
**E-mail: slilak43@msn.com**

**Hearing Date:   [TBD]   2010.**
**Time:                   9:00 a.m.**
**Judge:    Hon. Fallon E. Eldon**
**Objection Date:      [TBD], 2010.**

**PLAINTIFF/CLAIMANT (LILAK)**, CASE No. 06-CV-08318/MDL 1657-EEF

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA,
## NEW ORLEANS DIVISION

IN RE:   VIOXX- SETTLEMENT )  **CASE No. 06-CV-08318-EEF**
MARKETING SALES PRACTICES AND )
PRODUCT LIABILITY LITIGATION )  **MDL No. 1657**
)

| **This Document Relates to:**<br><br>**MOTION FOR RELIEF OF CLAIMS, PURSUANT TO RULE 60(b)** Sec 1, 2, 3 & 6.<br><br>**WHICH WAS REFUSED BY CA-BROWNGREER [IS BASELESS].**<br><br>**REQUEST TO SET HEARING DATE FOR EXPEDITED RESOLUTION TO CONTROVERSY(S) OF CLAIMS  & ATTENDANCE BY TELEPHONE REQUESTED.**<br><br>**VCN Claim: 111335/VIOXX Settlement/CA-Brown Greer CA-Firm/MERCK & CO.**<br><br>Hearing in Court of<br>Judge: Hon. Fallon E. Eldon.<br>Date: TBD [TBD]<br><br>**Concerning: Case of:**<br><br>Lilak, Safdar v. Merck & Company<br>Case No.  06-cv-03813 EEF<br>**MDL-1657 -EEF**<br>Pursuant to Federal Civil Procedures Rule<br>F.R.C.P.  Rule 60(b) 1, 2,3  & 6 | **REPLY: PLAINTIFF'S AMENDED OBJECTION TO CLAIM ASSESSMENT & REFUSAL.**<br><br>**OBJECTION TO CA-REFUSAL & JUDICIAL REVIEW OF THE SITUATION BEING REQUESTED.**<br><br>**COMMUNICATION FROM "PRO SE" PLAINTIFFS' CLAIMS VCN NO. 1113035. QCP CLAIMANT WITH "MI, IS" & EI-CLAIMS {IN DISPUTE}.**<br><br>**MERCK DEFENDANT(S)/ C A-BROWNGREER**<br><br><u>MOTION OF  RELIEF FROM SM-SPECIAL MASTER'S ASSESSMENT, OBJECTION TO REFUSAL OF EI-CLAIM BY CA/DEFENSE MERCK & COMPANY BY PLAINTIFF(ProSe)<br>DATE: JULY 07, 2010.</u><br><br><br>Hearing Date:   [TBD],     2010.<br>Time:              [TBD]   9:00 a.m.<br>Judge:  HON. FALLON  E. ELDON |

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

**PLAINTIFF'S AMENDED OBJECTION TO DEFENDANT/CA REFUSAL OF EI-CLAIMS OF
APRIL/MAY/JUNE/JULY 07, 2010  AND  TO SET HEARING FOR SUMMARY ORDER FOR EI_CLAIMS
OF PLAINTIFF.
PLAINTIFF'S, MOTION FOR RELIEF ORDER UNDER THE F.R.C.P. RULE 60(b)
JURY DEMAND BY PLAINTIFF FOR HIS EI-CLAIMS SETTLEMENT,  IF APPLICABLE, ELSE
SUMMARY JUDGEMENT AGAINST CA-CLAIM ADMIN/MERCK & COMPANY.**

**HEARING DATE [TBD & SET] ,  2010 @ TIME: 9:00 A.M.**

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:          TBD, 2010.
Time:                       OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

# FILED WITH COURT OF HON. FALLON E. ELDON
## CLAIMS WITH CONTROVERSY(S) & ISSUES

*PLAINTIFF/CLAIMANT (LILAK, VCN NO. 1113035)* / Case: 06-CV-08318

## UNITED STATES DISTRICT COURT
### EASRERN DISTRIC OF LOUISIANA
### NEW ORLEANS

|  |  |
|---|---|
| | ) |
| IN RE:   VIOXX | ) CASE: VCN. No. 1113035 |
| MARKETING SALES PRACTICES AND | ) CASE: 06-cv-08318-EEF |
| PRODUCT LIABILITY LITIGATION | ) MDL No. 1657 |
| | ) |

**************************************************************

## STATEMENT OF ISSUES ON APPEAL & SM / ASSESSMENT
## OF CA-BROWNGREER CLAIMS ADMIN
On May/ June/ July 07, 2010 & August, 2010.

# HONORABLE COURT OF "EEF" & CA-FIRM & DEFENSE OF MERCK & COMPANY,

Since, of response to defendant's CA-BROWNGREER SM-Special Master
Assessment of May/June/July/August 07, 2010.,refusal and The plaintiff's
objection due to the application of arbitrary and unfair, Scienter rules with undue
burdensome conditions inside the settlement process which is against the

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,      2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

'Statute of Settlement', and the CA "INSIDER Rules & SCIENTER Rules application in processing of claims" and fraudulent & Harsh application of CA to Plaintiff's Claims. Unfair and unjust and is perhaps illegal.

The Plaintiff/Claimant is asking for relief from Review by "SM" assessment due to unfair, unjust assessment for Wage loss Claim and against the spirit of the injured person compensation rules and rules of law for victims compensations, which are being violated and incorrect application used by "CA-BROWNGREER CLAIM ADMIN" Firm is mistaken and in error for his assessment of {Plaintiff/Claimant, Lilak } El-CLAIMS.

& his main claims for Dual Injuries for "MI, IS" [Plaintiff is only granted the "IS" injury with level 5, Claimant is challenging that also]. Since he has/had dual injury(s) of "IS & MI"

The Plaintiff/Claimant is praying and requesting for Summary judgment in his favor and against the CA Firm and Defense of MERCK & COMPANY for his claims & settlement. The plaintiff requesting for "Jury Demand" if applicable otherwise he is praying for fair and just under applicable laws, and "Summary Judgment" for his claims and against the CA Firm and Defense of MERCK and Company is being requested.

The El-Claim review(s), assessment, is unfair, incorrect and arbitrary and CA is mistaken and perhaps it is illegal, CA-Claims Admin ask me to provide missing information for calculation purposes {being attached with this package] the info on "Disability & and PME expenses records' was requested and which, I provided pursuant to F.R.C.P. Rules of 30(b) deposition of records, Rule 26(a) (1) initial disclosures, Rule 26(f) (g), Rule 26 (g) (3) (d) and Rule 26 (e)(1) (2) amended and supplemental disclosure.[previously submitted for each review and appeal].

The refusal and ignoring of the evidentiary information is outrageous, huge negligence with intentional distress, is unfair and incorrect and in violation of equal rules of laws for this case.

Therefore, plaintiff/Claimant is being deprived of fairness of law and justice to his claims. The plaintiff stands to lose, huge tremendous monetary damages and injury(s) to him and his family of four dependents caused by the defendant Merck & Company.

The Plaintiff/Claimant has been unable to provide for his family from last 8-9 year and perhaps in future. The Plaintiff is IT- Information Technology Specialist with College Degree and diplomas and 15+ years of experiences and

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

is disabled and currently unemployed and living on 120%-180% poverty index from last 7-8 years. The Plaintiff/Claimant has been hurt by MERCK & COMPANY, and should be compensated for his injuries, and damages of injuries pecuniary and non-pecuniary special damages, in which Plaintiff do not has/had any control over. [res ipsa liquitor]

These controversy issues are begging for fairness and redress-ability from this Honorable Court and Judge, approval and relief should be granted for my claims according to rule of law for Injury cases as mention in "Legal Grounds and Standing" and pursuant to Federal Rules for Civil Procedures, and pursuant to Rule F.R.C.P. 60 (b) Section 1, 2, 3, & 6,. And pursuant to Rule 53 (a) (1)

Pursuant to, Rule 60, under Rule F. R. C. P. 60 (b) section 1, 2, 3, and 6. The relief of claim of "Extra Ordinary" injuries for plaintiff (Lilak) case is proper and should be granted and look at "as new" my response and objection as new and proper pursuant to rule 60. The fair and just adjudication of claims for Plaintiff's case should be granted under such extra ordinary circumstances.

According to, rules of Fed. R. Civ. P. *Rule- F.R.C.P. Rule 53 (a) (1) – {Referral of pretrial management to SM-Special Master is not advisable- only in few Non-Jury Cases involving 'some exceptional conditions' or in a accounting or difficult computations of damages, Because pretrial Management calls for exercise of judicial authority(s)}.*  The additional expenses [*in this case $700 for SM-review fee*] imposed on parties also militate strongly against such appointment} reference citing - *Prudential Ins of Am v. United States Gypsum Co. 991 F. 2d 1080 (3d Cir 1993}.*

Your Honor, You can see Claimant, has been injured, Hurt, Damaged and direct injury(s) has been manifested into his life and family, where Plaintiff got injured in auto accident and was prescribed defective medications on which he did not had any control and consequentially got injuries of "MI, IS" medical problems which he did not has previous to this incident.

Therefore, the Defendant and MERCK & COMPANY has hurt and damaged the plaintiff and he is suffering from last 7-9 years approx., expect to suffer in future. The Plaintiff has grounds and standing for his claims and the legal standing as follow: [Citing and Reference].

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
### CIVIL LOCAL RULES No.  34

**5- 6.  The  Certificate of Service**.  [Relating Special Master/CA Assessment review for EI-Claim of Lilak,  MDL1657 - Case 06-CV-08318 EEF]

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                         OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

**(a)    Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

           **(1)** An acknowledgment of <u>service by the person</u> served; or

           **(2)** Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746.

           **(b) Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

## <u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES</u>
### DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY
### [In this case Special Master/CA-BROWNGREER]

        Pursuant to F. R. C. P.  Rule 26:    Except as otherwise stipulated or directed by the court, this disclosure shall, <u>with respect  to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony,</u> be accompanied by a <u>written report prepared and signed by the witness</u>. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons,

        <u>Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;</u> the <u>qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;</u> the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

        These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: <u>The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing</u>.

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.  Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the xx-xx, 2010 hearing.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

### FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6
### [Relief from Judgment or Order can be granted]

### <u>GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER</u>

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)    Mistake, inadvertence, surprise, or excusable neglect.

(4)    newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(5)    fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)    The judgment is void;

(5)    The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)    Any other reason that justifies relief.

Special Master perhaps did not expected Plaintiff to provide deficiency mentioned in previous reviews or to find a case expert.

COURTS' COPY
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

The Plaintiff alleges that Special Master conspired with CA-BROWNGREER to write an incorrect and invalid assessment and review of the EI-claim is invalid and should be ignored from Special Master Assessment review report  for Lilak case VCN 1113035 for claims of EI compensations. Plaintiff alleges that the majority of Defendants are deceptive CA-ROWNGREER/MERCK & COMPANY. It is proven for whole   world to see hypocrisy.

Special Master just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is misconduct on part of SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage to the person or property of the Plaintiff.

Plaintiff believes and alleges that Special Master to write my assessment report is incorrect and fraud.  The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the claim of  and  for Mr. Lilak and

Special Master/CA-BROWNGREER not considering newly introduced information and entering sneaking, filing invalid assessment is misstatements and is fraud, and especially not putting his name address using rubber stamps instead of signature, without qualification for certification is misleading and being cozy with CA-BROWNGREER is fraud.

SM/CA-BROWNGREER, Assessment is invalid and should be stricken down from the records and relief for Claim for (Lilak) should be granted, the Plaintiff (Lilak) EI-Claim does satisfy the criteria for greater damages and losses.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

The SM/CA-BROWNGREER/MERCK denial of appeal should be ignored and stricken from records.

Otherwise plaintiff has no alternative but to go directly to the Media and Governmental authority of "Attorney General of United States" Court system and for justice and fairness to his claim. The plaintiff had suffered huge direct damages and sufferings from last 7.5 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. Your local procedures cannot take precedence over the Federal rule please keep in mind, thanks.

Plaintiff's states confirmed that there is deception going on.

   2.      Did defendant CA-BROWNGREER/SM/MERCK Company made a material
           Representation to plaintiff that was false?  **YES**

   2.      Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-
   BROWNGREER knew that the
           Representation was false? **YES**

   3       Did    defendant    CA-BROWNGREER/MERCK/CA-BROWNGREER
           intended to induce the
           Plaintiff to  act upon the representation? **YES**

   4.      Did Plaintiff actually and justifiably relied upon the representation and
   thereby suffered Injury?  **YES**


## ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF SPECIAL MASTER/JUDGE FOR CASE MANAGEMENT (IF THERE WAS ONE?)

Plaintiff's evidence was legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Plaintiff submitted documentary evidence including medical records of Plaintiff's treating Physician and other physicians at Hospital and Disability records which were intentionally ignored.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                      OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement.

## SECTION THREE:

Standing and Legal Grounds for the Claim of similar situations:

   The detail for reasonable damages and demand letter has been submitted in the initial case and also later as supportive documents for settlement and (Docket Data Sheet) to the defendants counsels. The damages are being claimed and prayed for the: Wage Loss and

**i.** General Compensatory Damages. **ii.** Special Compensatory damages.   **iii.** Consequential damages. **iv.** Punitive damages.

   **General Compen**satory damages: **Purpose** is to compensate for injuries or losses due to violation of patient's right. Considered by Court is Physical disability, Loss of earnings, Mental anguish, Loss of service of spouse  or child, Losses to date, Future losses- **Award** is specified by court. Dollar value need not be proved; loss must be proved[Claimant is QCP with 27.09 points].

   **Special Compensatory** damages: purpose is to compensate for losses not directly caused by the wrong. **Considered by court are** additional medical expenses. **Award** specified by court.

   **Consequential damages**: Purpose **t**o compensate for losses caused indirectly by a product. Considered by court are loss covered by product warranty, Personal  injury **Award** No limit on damages if personal injuries.

   **Punitive damages**: purpose **to** punish the offender. Considered by court How,  serious was the breach of conduct? How much can the defendant afford to pay? **Award i**n some cases, amount of damages is set by law.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Compensation of all expenses of the type described in Section **§ 10-4-706 (1) (b)** without dollar or time limitation and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

- equitable  and  within the trial court's discretion. *Brennan v. Farmer Alliance  Mut. Ins. Co., 961 P.2d 550 (Colo. App. 1998).* Applied in *Travelers  Indem.  Co., v. Barnes, 191 Colo. 278, 552 P.2d 300 (1976).*

- Willful and Wanton Conduct. Willful and Wanton conduct in the context of this section is established when an insurer acts without justification and in disregard of plaintiff's rights. Burgess v. Mid-Century Ins. Co., 841 P.2d 325 (Colo. App. 1992).

- Remedy provided in this section for insurer's bad faith breach of an insurance contract is cumulative and does not preempt common –law remedy. Farmers Group, Inc. v. Williams, 805 P.2d 419 (Colorado. 1991).

- Treble damages provided for in this section are not exemplary and once conduct is proved the treble damages award is automatic.

- Treble damages awarded under subsection (1.8) are not punitive in nature but function as injuries coverage enforcement mechanism. Awarding such damages to the victim vindicates the statute's compensatory purpose to benefit those wrongfully denied

- §10-4-702. Legislative declaration. The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants

- The legislative intent and policy behind this act are to maximize, not minimize coverage, and to ensure that persons injured in automobile accident are fully compensated for their injuries. *Allstate Ins co. v. Smith, 902 P.2d 1386 (Colo. 1995); Acree v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).*

- To deny a claimant relief from pain would be "violative" of the clear purpose of this section to avoid inadequate compensation of victims of

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

automobile accidents and product liability warranty.  Acre v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).

- Purpose of the Colorado Auto Accident Raparation Act is to avoid inadequate compensation to victims of automobile accidents. *Bunting v. Regional Transp. Dist., 919 P.2d 924 (Colo. App.1996).*

- But, finding of bad faith and outrageous conduct is sufficient to support a finding of willful wanton conduct.

- Act to liberally construed to further it remedial and beneficent purposes. *Travelers Indem. v. Barnes, 191 Colo. 278, 552 P.2d 300 (1976) Regional Transp. Dist v. Voss, 890 P.2d 663 (Colo. 1995); Vargas v.  State Farm Mut. Auto Ins Co., 916 P.2d 652 (Colorado App. 1996).*

- Personal injury protection claims is a direct contractual action against the personal injury protection insurer. *Cingoranelli v. St. Paul Fire and Marine Ins. Co.,*

- Treble damages proper. Evidence was sufficient to establish that insurer's acts were willful and Wanton when it continued to receive, but not pay bills incurred for treating claimant's injuries without ascertaining the reasonableness of such bills. Wilson v. state Farm Mut.

- The general assembly direct the commissioner to promulgate a rule, pursuant to the "State Administrative Procedure act" article 4 of title 24, C.R.S., establishing examination program for the purpose of timely investigation and resolution of disputed claims submitted to insurance company under this part 7.

- *To deny a claimant coverage for rehabilitative treatment as a matter of law would be to tantamount to determination that pain is not a human ailment, injury, or unhealthy or abnormal physical condition.*

- Any policy provision inconsistent with statute's requirements is void.

- *Any construction of the policy's exclusion, if inconsistent with the act,* renders the exclusion void. *Great plains Insurance Company, Inc. v. Angerman.*
- *Loss of gross income per week should be computed* on an individual's gross income and not on gross sale or income of the individual business. *Ramirez v. Veeley.*

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                           OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

- Section does not bar a claim for lost wages following a covered injury to an unemployed person, who thereafter cannot maintain the employment. Bailey v. Mid-Century Ins.

- <u>There is a private cause of action based on violations of this section</u>. Preventing an insured's rights of relief for failure to provide the coverage would circumvent the statutory duty imposed upon insurer's to include the coverage in every policy, unless the insured expressly rejects it. *Parfrey v. Allstate Ins. Col 815 P.2d 959 (Colo. App. 1991).*

The Plaintiff Claimant (Lilak Safdar - VCN N. 1113035) is praying and requesting his claims for "Wage Loss" past, present and future and other damages Pecuniary, Non-Pecuniary and Special Damages as deem appropriate in this situation.

The Claimant is requesting for Summary Judge in his favor and against the CA-BROWNGREER/MERCK & COMPANY Defense team and all responsible for "playing "INSIDER & SCIENTER and FRADULENT RULES against the Plaintiffs' Claims.

Otherwise Plaintiff Claimant has no other choice but to go directly for trial for the case with jury demand pursuant to Amendment 6 & 7 of constitution. In front of Judge Hon. Eldon E. Fallon or appropriate court with his legal issues and concern regarding violation of procedures and ethics of law applicable to legal firms i.e. CA-BROWNGREER for defendant (Merck) and Bad fFith settlement communication and process against the spirit of Statue of Settlement.

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                   OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

# SECTION FOUR:

## SECTION FYI:

### TO WHOM IT MAY CONCERN!

### AFTER SM / REVIEW FOR EI-CLAIM

### FOR EI-CLAIM FOR VIOXX  06-14-2010

HONORABLE COURT & BrownGreer Claim Admin (Pro Se Coordinator) / MERCK DEFENSE,

Let it be known that Claimant/Plaintiff has filed/ filing for judicial review for EI-Claims with QCP "IS (27.07)" gates qualifying criteria, <u>VCN NO. 1113035</u>. The Plaintiff/Claimant will submit additional information as requested or will be requested    and    now    on    05-2010    /06-2010    and    07/2010.

**WARNING:** However, I respectfully convey that most of the information has been submitted in "Good faith". Which are & is sufficient to be able to calculate the EI-Claims. I have submitted additional new information in attached "Binder" better organize this time.

However, <u>intentional lack of, negligence, omission, selective lack,</u> <u>scienter rules or negligence in deducting common sense conclusions for</u> <u>calculation and adjudication of claim is "Negligence per se"</u> or arbitrary/selective procedures <u>or application of rules in bad faith to cause damage to one, is</u> <u>considered "Negligence" and is applicable in relationship of "Master and</u> <u>Employee"</u> clause (CA-PLC) duty is owed by agent to comply with fairness and justice        as        stated        by        Statue        of        Settlement.

Asking for redundant information which has been provided previously is & are <u>considered as    bad faith application of civil rules and are considered</u> <u>"Malicious and Bad Faith Conduct</u> and agent CA-BROWNGREER can be liable for                                    "Tort                                    Litigation".

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION FYI® (2)

### FACTS & BACKGROUND: [VCN# 1113035]

### FOR EI_CLAIMS

### WAGE LOSS AND MEDICAL BILLS(BEING >= $250,000)

1. **Usage of VIOXX started 10-2002**

2. **Social Security Disability case was filed April 18, 2003.**

3. **Disability [Granted]** case was fully favorable for Plaintiff, **retroactive to October 8,    2002**. Under the Section 216 (i) and 223 **disability** act. **Decision was ordered** on Date: **June 24, 2004.**

4. **Claimant did not Worked**, **last work was 02-08-2003**. Therefore, no tax records for 2003 thru 2004/05, since Social Security case was not decided during that time, neither did I filed for taxes since there was no income to report during that period.

5. **June 22, 2005 Disability was extended to current date 04-2010** and continues to date 08-2010.

6. **Claimant's last work Pay stub was dated 02-08-2003**. The Claimant is IT Computer Specialist with skills of Software Engineering, System Analyst and Database Administrator experiences & skills. (See attached resume in attached spiral binder). Showing professional Profile as IT Professional. The Claimant has BS Degree from University of Nebraska. **Claimant's salary ranges in $96K thru $120K. [average being $86K WAGE LOSS PER ANNUM]**

7. The Claimant was paid Social Security Benefits in range/average of $19 K to $22K per year for period. Since 10-2002 thru 04-2010. **Therefore Claimant has 7.5 years of past wage loss approx. [Calculation: Average salary minus SOS Benefits = Wage Loss] i.e.  $108K minus $22K = $86K / yr is Wage Loss.**

   **Total Past Wage Loss Calculation is: $86K x 7.5 yrs = $645K i.e. $645,000.**

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

8.  I have submitted additional **informational relating Medical expenses separating the "IS" related rehabilitation and treatments bills totaling approximate to $215934.** All numbers are approx. and can be recalculated for accuracy and can be confirmed with the insurance company which paid for medical bills and other agency of Social Security Admin for wage loss. All information is "Good faith efforts". Any information missing either I don't have it or not able to provide, due to the length of time period involved. I have signed all releases so information should be available for you, thanks for your cooperation.

9.  **Medical Bills and list of the expenses has been submitted** in Good faith Clause. Not accepting them is "Bad Faith" conduct inviting for "Tort" litigation.

10. Additional and complementary information will be & is being provided (in attached binder for second review and for SM/Assessment for EI-Claims) , **sufficient and enough information** to make fair and just claim for wage loss and EI damages has been submitted. Fairness and justice is being prayed and requested or will be inflicted upon via "Tort Litigation" by plaintiff.  Civil rules used in bad faith are  " Un-constitutional" .

## RESPONSE & REPLY TO "SM/ASSESSMENT" NOTICE:

A.  **ASSESSMENT**: The Plaintiff/Claimant is in total disagreement with the "SM/ASSESSMENT" of dated 06-07-2010 and 03-31-2010 and now 06-07-2010 by "BROWNGREER Claim Administration". The Claimant is submitting for "REVIEW FOR EI-CLAIMS/AFTER SM-ASSESSMENT REVIEW". Disagree with items 1,2,3,4 & 5.

B.  Claimant seeking "Summary Judgement" for wage loss past present and future pursuant to personal injury(s)  rule of law.

C.  Plaintiff/Claimant is "Pro Se".

D.  NA

E.  NA

**A. Past Medical Expenses:**    The Plaintiff/Claimant Totally disagreement with the Claim Administrator "Brown Greer Claims Admin for VIOXX" claim assessment for EI-Claim and for his injury(s) dual injury for " MI and IS"..

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

**A.1**  The Claimant disagree <u>since **Medical expenses relating to VIOXX** use and "IS - (27.07)"  QCP award point are **approx $ 215944**.</u>

**A.2   MED-NA21:** [1, 2, 3, 4, 5, 6] The Claimant disagree, He has separated the VIOXX bills, anyhow, all of the expenses are related with **VIOXX usage and consequential injuries and affect of bad medicine VIOXX and injuries of "MI, IS"**.

<u>The Claimant is/had providing/provided   sufficient information in good faith where the claim can be adjudicated.</u> Administration has to use the common sense deductions/conclusions to adjudicate this claim. Any thing less is "Bad faith" settlement and invitation for "Tort Litigation" for agent CA-BROWNGREER. Disability records and Benefits statements for Years 10-2002 through 06-2010 [1099 and 1040 EZ are included where ever they were available] {See attached}.

**LW1-D01, LW1-D13, LW1-D14 and LW1-19:** <u>**are explained in above paragraph of "Background and Facts"**</u>

**NOTE:** [<u>PLEASE SEE attached Spiral Binder for all supportive documents and information, Please call if you have any question, thanks— Don't be so un-access-able or untouchable]. The claimant request is for fairness and justice, thanks.</u>

According to instructions of "Settlement MSA agreement"  No.(10) & (11) Section B.5, to submit new evidence must be accompanied by a statement and documentation sufficient to establish a showing of due diligence and good faith attempt to the evidence before now.

I am submitting such statement and documentation including, but not limited to, a Chronology of all contacts with Health Care Providers or Pharmacy(s) and other pertinent material relating to the case MDL-1657/Case No. 06-cv-08318 reference claim VCN 1113035 for **EI-Claim with "IS"** and "MI" QCP. [See attached] thanks.

Pursuant to Pretrial Order No. 43, Plaintiffs with cases pending in the United States Court for the Eastern District of Louisiana, (and I am submitting for EI/IS-Claim): should submit,

1)  Amended  and  Supplemental  Plaintiff  Form  Exhibit  A,  records
     requested

COURTS' COPY
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*                          *Hearing Date:    TBD,      2010.*
*Aurora, Colorado 80017.*                          *Time:                    OPEN.*
*Telephone: 303-755-1505*                          *Judge: "ELDON E. FALLON"*
*E-mail: slilak43@msn.com*                          *Objection Date: [TBD]-   -2010.*

> There in (I am submitting or has submitted), and executed Authorization for release of Records Pursuant to Pretrial Order 18A, B or C as applicable and I am.

2) A Rule 26(a) (2) case specific Physician report being submitted pursuant to Pretrial Order No. 43 & agreement Settlement page 30 Physician's report in lieu of lack of medical records for "IS" & "MI".

3) I am "asserting" my secondary injury from "MI" & "IS (27.07) as Main" and claiming all other injuries including "EI" Claims.

4) **Wage loss** information **($645K approx [$645000]** and plus **Medical expenses** in excess of **approx. $215K [$215,000]. i.e. $645K + $ 215K = $ 860K is greater then required $ 225K.**

5) Miscellaneous other supportive documents has been submitted

> [in attached /binder previously]. Thanks.

I also understand, that if I do obtain new evidence and submit to the Claim administrator on or before the deadline to submit EI Claim shown above, I can re-submit the claim to the Program in which case my claim will be reviewed by the Claim administrator "anew" in accordance with the Program's criteria and procedures. The new evidence will be consider that (i) I have made a diligent and **good faith attempt to produce the new evidence as part of my original EI-claims, "MI & IS" package,** and (ii) the new evidence is "material" to a determination as to whether I meet the Program's Eligibility Requirement for "EI & IS/MI."

Evidence is material only if it is sufficient to satisfy the gate criteria as set forth in the Settlement agreement in this case it does see also the page 30 of the Settlement which says in absence of medical records i.e. medical records silent attending physician's report will suffice the lack of records. (Not **EI-medical records were  not silent** only "MI" at the time of incident injuries during 11-2002 through 12-2005 my "Medicare Coverage" became affective in April of 2007. I only had the Auto accident insurance and no medical insurance, therefore lack of medical records for "MI/ IS",

Which are being sufficed by Doctor reports, during 2002 through 2006). Please see page 30 of the Settlement agreement for absence of medical records default instructions.

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-  -2010.*

Hopefully this will suffice and make claimant deemed qualifying for second review. For **El-Claim IS / MI (27.07)** for El-Category(s). I look forward for an expedient response. Since, I have to serve this information upon other party according to the Pretrial Order No. 8  and Paragraph 5 through 7, of  PTO 18C. Service by Plaintiff have to be made upon on: *Susan Giamportone  at Womble Carlyle Sandrige & Rice, PLLC*., **and Dorothy Wimberly** appointed  by Federal Court.

If you have any question please contact me by ***e-****mail: slilak43@msn.com or Phone: 303-755-1505 or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017*. My hat off to excellent coordination job for "Pro Se"  Ms. Diann Bates Coordinator, thanks for all you do.            Thanks, Respectfully, Submitted.

Sincerely,

_____ s/ Safdar Neil Lilak _____

Safdar Neil Lilak

Ph: 303-755-1505,  E-mail: slilak43@msn.com

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:*  *TBD,*  *2010.*
*Time:*  *OPEN.*
*Judge:*  *"ELDON E. FALLON"*
*Objection Date: [TBD]-  -2010.*

## SECTION FIVE:

# [CONTINUE]

Since, Plaintiff has been complying with all required criteria(s) of Product Usage and injuries, Doctors reports etc. from three plus years. It is being so unfair and unjust to not have it adjudicated by the claim administration of "BROWNGREER" in Plaintiff (Lilak) claim without any reason or cause.

Since He has submitted all required "Deficiency & Insufficiency" for EI-Claim of (Lilak) in last package, for appeal compliance on May 16, 2010. The negligence of the Special Master is intolerable and perhaps would be challenged by Claimant in federal Court of Hon. Judge Fallon. Due to the Bad Faith and Wonton and Scienter rules by the Defense and CA, Plaintiff is praying for punitive and special damages. The Claimant/Plaintiff Lilak has been harmed and hurt by Defense and the CA-Admin.

CA-BROWNGREER & SM-Special Master not acknowledging or admitting the receipt of new information, and ignoring new information is considered "Negligence, Dereliction of Duty(s), Wonton and Bad Faith conduct and does has punitive damages and sanctions attached to as consequences.

The plaintiff has been very cooperative all these time, he has been denied of his dual injuries Claim for IS, MI without reasonable cause minimizing his compensation (points) causing Intentional distress and now again being un-reasonable to his EI-Claim. The Plaintiff/Claimant is very frustrated and disappointed by CA-BROWNGREER attitude toward his claim, perhaps he has to pursue other judicial channel to protect his rights and due to lack of professionalism on part of CA-BROWNGREER & Defendant (MERCK).

## SECTION: RESPONSE TO SECOND REVIEW/SM ASSESSMENT- 06-07-2010:

The Plaintiff (Lilak) object to "BROWNGREER" SM review Assessment 's due to being invalid or incorrect and misstatement and lies out of content and false light: …and so on.

The "BROWNGREER" is trying to induce a statement which is & are not true, correct or valid for Plaintiff (Lilak) claim is "QCP with 27.07 points, casting false assessment and ignoring claimant's newly submitted information regarding

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                         OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

the Wage Loss and the Medical Bills information being not acknowledge or admitted due negligence and dereliction of duty for just and fair adjudication of the claim according to laws.

Creating and inflicting intentional distress on Plaintiff (Lilak) and his person who has complied with each and every deficiency in timely manner in past and present and will in future, and in good faith and best efforts according to his capability and ability from last two plus years will continue to cooperate with all parties. In this situation EI-Claim should be approved as prayed.

## MEMORANDUM OF POINTS AND AUTHOROTIES

The Plaintiff "Lilak, Safdar" has complied with the Deficiency/Insufficiency(s) as instructed by the 'BROWNGREER' & according to "MSA" by supplying and submitting the "PFS/PPS" Personal Profile Sheet, "DDS" Docket Data Sheet in timely manner and having all deficiency(s) complied & Supplied. The Claimant/Plaintiff has with good faith and best efforts provided the information requested to best of his capability and efforts in good faith to his capability.

The plaintiff has supplied the "Case Specific Expert Reports & PME records" after the second review of April 26, 2010. The compliance was mailed by certified mail to Defendants. Which the "BROWNGREER CLAIMS ADMIN", has failed to mention in its review assessment  Not mentioning in  their current review to this Special Master, and throwing such False & Dark light on the assessment review report and claim of (Lilak).

The Plaintiff has objection to "BROWNGREER" claim administration for not following the rule of law for  "Injury Cases" i.e. their second review of the claim for EI-Assessment, by Claims Admin of BrownGreer. The "BROWN GREER" Claims Admin is trying to induce review/assessment statement which is not valid, correct and is "Incorrect & not Proper and is lie " The Plaintiff has objection to the second review assessment  and of the "Special Master" statement which are not true. I will go directly go to Judge for my controversial issues and problems if I have to.

The Special Master, not writing or mentioning his name or his qualification and charging $700 for  review activity, he/she been so negligent that He/She do not put his name or signature to make it official and proper in eyes of law.

SM - Special Master's review is and was sham, Muck and Fraud steeling $700 from Plaintiff Claimant, who is already going through financial ruins and

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

economic suffering due to negligence of the defendant (Merck),  and dereliction of duty on part of "CA-BROWNGREER"

The review of Special Master is "Fraud" and Wonton and Bad faith conduct in process of Settlement, on part of CA-BROWNGREER. SM saying He is only doing the review to see if the Criteria and Manual rule of process for settlement[MSA] agreement are being followed properly. What kind of a "Bull Shit" is this, that is not the SM do he is suppose to make things proper /right/correct and work with sense of fairness and justice and rule of law. SM is being cozy with CA-BROWNGREER and did not do his job he was paid for. I am challenging his assessment and his role perhaps in Federal Court.

Now you know why he/she not putting his name on the documents. I am challenging this whole process by CA-BROWNGREER and being in the violation of laws. CA should keep in mind that they are not exempt from the sanction of laws for violating federal Rules of Civil Procedures. Agency/Firm could be inflicted upon by "Tort" litigation separately for "Negligence, Dereliction of Duty(s) and causing intentional distress to Plaintiff Claimant (Lilak)

For the claim SM-Assessment which are not true, valid and are plain unjust and not fair or proper according to rule of law. There is huge disparity in "BROWGREER CLAIMS ADMIN" and the statements written and mention in the "ASSESSMENT" by claim administration. The Plaintiff Lilak's has  claim & complaint in the Federal Court as his Tort Litigation for Product Liability case and persona Injuries. So the Federal rules should be followed by all parties involved and procedures should be followed.

Although according to "SETTLEMENT AGREEMENT", the plaintiff was only suppose to provide only the information regarding the usage, duration and injuries and the duration of period the product was used by the plaintiff for which Plaintiff is "QCP" with 27.07 point through the Gates criteria..

**Your Honor**, I have gone through two surgeries and multiple incidents of Cardio Vascular problems (IS, MI). Currently being disabled and suffering through these sufferings and pain and injuries from several years i.e. 7-8 years to be approx. He (plaintiff) had used the defective products by the Defendants Company MERCK.

**BROWNGREER Claims Admin, respectfully**, it is case of "Product Liablty" and        "res ipsa liquitor" i.e. situation speaks for itself, it is substantive strand case. However "CA-BROWNGREER" defendants keep on creating undue burdensome and procedural requirements as excuses to get rid off the injured

COURTS' COPY
Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

*Hearing Date:*    *TBD,*      *2010.*
*Time:*                          *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Plaintiffs. Therefore, not being responsible, to their liability(s) in the case i.e. CA-BROWNGREER and Defendant "MERCK" are having Settlement in Bad faith.

Since the case is in Federal Court for trial, all parties are suppose to follow the Federal Rules for Civil Procedures and not making their own criteria's in their own administrative rules & Manuals which, by the way are in violation of the rules of law and creating environment of "Malicious Litigation" is against the spirit of "Statues of Settlement" which clearly forbid the undue and harsh conditions on the settlement offers and procedures.

The Purpose of "SETTLEMENT" process, is not to minimize the wage loss, benefits and compensation by imposing the conditions and requirement or obligation of the plaintiff (Lilak) to associate the injuries to defective products/injuries by defendants and "MERCK" to his injuries.

I did not know neither my Doctor(s) knew that, Products was & were defective, if they would have known they would have not prescribed them to me i.e. that VIOXX.

It is simple, case of   "res ipsa liquitor" and "Product Liability". The plaintiff (Lilak) do not have to prove or link them with his injuries thru expert report, which is also undue burden on injured to be proving that, defendant is using this as copout excuse to not fulfill their liabilities and responsibilities to injured and damaged.

Using Federal and Civil procedure in Bad Faith and in, Wonton Conduct, using civil procedures is Bad faith is & are considered as Malicious Litigation in eyes of law.

Which, Plaintiff, considered as personal and emotional insult to injuries, which plaintiff considered as intentional emotional distress.

Such conduct can be nothing but "Bad Faith and Wonton Conduct" on part of CA-BROWNGREER & Defendants (MERCK). The Defendants are & is refusing their liabilities and responsibility in this matter. *Your Honor*, you know the rest of the story.

Since the plaintiff (Lilak) claimant has been suffering from defendant's defective product from last 7-8 years, He is disabled due to defective products and un-employed from last 7-8 years. The plaintiff has not been able to provide for his family and (4) children. He has been living on 120%-180% poverty level only income is Social security benefits Check from last 7-8 years. All disability(s) are verifiable and all releases for medical records has been signed and

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,       2010.*
*Time:                             OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

submitted. In this case claimant is "QCP" qualifying gates claimant with "IS" stroke with point of 27.07 whose MI injuries were denied without reasonable

cause, therefore, minimizing plaintiff points which is against the settlement rules and statues.

The Plaintiff is Computer Professional with 5 year college degree, Specialist in IT Technology as System Analyst, DBA & Software engineer & developer, who was earning average salary $95K - $120K annum before the disability & incidents of injuries. Averaging., IT hourly rate of $75 - $100 an hour.

The Plaintiff/Claimant (Lilak) is requesting order for summary Judgment including Wage Loss, Injury(s) Special Pecuniary Injury(s), Non-Pecuniary and Extraordinary Injury(s). Contrary    to the defendant's SM/assessment for EI-Claim.

The Plaintiff (Lilak), during and after the Settlement Conference submitted multiple times the additional supportive information with good faith efforts to his reasonable and best efforts, regarding  the EI-Claim for extraordinary injuries of "IS" stroke caused by VIOXX  .

The Defendants/BROWNGREER Claims Admin and their Counsels had & have enough information to resolve and settle the claim. To date Plaintiff Lilak Safdar has submitted three boxes full of supportive documents to BROWN GREER/Defendants i.e. over thousands of pages of PME records approx. and other supportive information.

It is against the spirit of "Statue of Settlement, to keep on creating excuses and "Snow Balling" this court/process and the claimant (Lilak) with mental distress intentionally and causing mental anguish and mental and financial depression.

It is common sense and  "res ipsa liquitor" and product liability case. For the respect of the Special Master, I am submitting the deficiency(s)/Insufficiency of the PME and Disability records for the "LWI" Lost wages & Income over the 7-8 years of plaintiff's life and his family for the records. These reports will be used in the "Trial" process, in case no settlement take place, thanks.

I have provided the Usage, period & time 2003-2005 Doctors statements of proof of usage and incidents of injuries and submitted medical treatment receipt and Bill totaling over $250K plus disability information from 10-2002 thru 05-2010. Submitting  with this "STATEMENT OF ISSUES OF APPEAL" for EI-Claim.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                           OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Yet they are not acknowledging i.e. CA & defendant(s), and shedding such "Dark & False Light" on my person, defamation and doing mental assault on my mind, mental anguish and emotional distress on my well being, person who is already sufferings from last several years due to defendant's defective products.

The plaintiff's claim is for the Wage Losses, Pain and Sufferings for prolonged use of VIOXX & NSAID products and suffering injuries for period 7-8 years and to be continued in future. The plaintiff has suffered huge financial damages and has been unable to provide for the family and being disabled and on disability since 10-2002 to 08-2010.

The Huge, and gross Negligence and Dereliction of Responsibilities & Duties and intentional and criminal efforts of defendant MERCK & CO, for dispensing un-save medicine to public without warning of adverse affects and dispensing medications which caused people death and pain and sufferings, which the company was not legally authorized to dispense which is fraud and criminal and malicious act on part of the MERCK Company they should be ashamed.

The courts have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. *Taylor v. Clark also Centric-Jones Co. v. Hufnaggel , was designed to* make the legal system more effective and efficient by discouraging the filing of unnecessary litigation (in this situation case has already has been filed). I am referring to Defendants compliance Motion, Information has been provided repeatedly to The Defendant multiple times previously. The Plaintiff (Lilak) is sensing Wonton and Bad faith conduct on part of the defendants BROWNGREER/MERCK and this Honorable Judge, should also sense that in this case.

The Plaintiff/Claimant (Lilak) and his family had suffered long enough. Due to the negligence and irresponsible, criminal, and fraudulent marketing practices by selling and dispensing dangerous medications. The plaintiff has direct injuries and his family has suffered a lot of financial damages, due to plaintiff not being able to provide for family and dependents of (4) people.

Therefore, Plaintiff (Lilak) claim for EI-Claim should be granted, Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

The Plaintiff/Claimant (Lilak) is respectfully requesting, and seeking summary Judgment in response to Defendants refusal of his EI-Claims assessment of SM. Since, all Rule of Federal Civil Procedures has been complied. Therefore it is prayed, that Honorable Judge can enter Order for Summary Judgment for this "res ipsa liquitor" i.e. it speaks for itself, and it is product liability case.

The plaintiff (Lilak) is still open for fair and reasonable offer to settle which should include the wage loss, past present and future and medical expenses past present and future for which details has been submitted, to avoid protracted litigation for this case.

The Plaintiff Lilak, Safdar most respectfully submitted to Honorable Special Master for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak), and relief for the extraordinary injuries EI-claim against the defendant  and in favor of injured plaintiff/Claimant (Lilak)  thanks your Honor, for your time.

## SECTION SIX:

**SECTION:**   **PLAINTIFF/CLAIMANT'S LEGAL GROUND & STANDING FOR EI-CLAIM / IS, MI DUAL INJURY(S)**

**Please**, be just and fair according to the laws and statue of the situation, for this settlement process, anything else will be considered as lack of empathy and "Bad Faith Settlement" communication and also as "Wonton Conduct" any low balling in offer will be considered as "Intentional Mental Torture" I have provided the Defendant more than enough information for settlement purposes and calculation purposes.

If you have question regarding that please feel free to contact me and ask if you have questions or need information, thanks for your cooperation in this matter, thanks again for your time.

I pray and request to the Honorable Judge to set this claim for Settlement because enough information has been submitted to Defendants, for them to resolve this case i.e. Claim No. VCN 1113035 / LILAK, SAFDAR**,** unless the defendant  want to go for trial, in that case I have to request to be allowed to file my "Amended Complaint" to the Court.

Please see the citations / reference cases for this type of situation and litigations: as they say: "*Let the decision stay":[stare decesis].*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Standing and Legal Grounds for the Claim of similar situations:

- *Jefferson v. United States, 77 F. Supp. 706 (Md. 1948).*

- *Strict liability is used in product liability cases in which the seller is` liable for any and all defective or hazardous products that unduly threaten a consumer's personal safety. Strict liability may arise when the product is*

- *Defective and unreasonably dangerous. Medicine manufacturer are liable for them.*

- *Bush v. Arrow International, 646 So.2d 1173 (La. Ct  App., Nov 23, 1994; rehearing denied Jan. 18, 1995).*

- *Thomas v. Joseph Hospital, 618 S.W.2d 791 (Tex. Civ. App. 1981). Samuel v. Baton Rouge General Medical Center, 2000 La App. Lexis 321 (Ct .of App. of La., 1st Circ., Feb 18,2000)*

- *Kirk v. Michael Reese Hospital, No. 81-2408 (Ill. App. Ct., August 28, 1985).*
- *American Bar Association Journal, p. 83 (January 1993). McLaughlin v. Safety Appliances Co., 11 N.Y.2d 62, 226 N.Y.S. 2d 407, 181 N.E.2d 430 (1962)*

- *Armstrong v. Svoboda, 49 cal. Rptr. 701 (1966).*

- *Rudick v. Prineville Memorial Hospital, 319 F.2d 764 (1963).*

- *Gary v. Grunnagle, 23 A.2d 663 (Pa. 1966).*

- *Cobbs v. Grant, 8 Cal. Rptr. 505, 502 P.2d 1 (1972).*

- *Crawford v. McDonald, 187 S.F. 2d 542 (ga. 1972).*

- Winslow, Ron "Drug-Industry sales Pitches to Doctors are Inaccurate 11% of the time, Study Say," The Wall Street Journal, p. B6 (April 26, 1995).

- *The plaintiff in Product liability suit may include a passenger in an automobile accident.*

- *Darling v. Charleston Community Hospital, 211 N.E.2d 253 (Ill.,1965).*

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

- *Rivers v. State of New York, 537 N.Y. Ct. of Claims, Jan.25, 19890*

The detail for reasonable damages and demand letter has been submitted in the initial case and also later as supportive documents for settlement and (Docket Data Sheet) to the defendants counsels. The damages are being claimed and prayed for the: Wage Loss and

**i.** General Compensatory Damages. **ii.** Special Compensatory damages.  **iii.** Consequential damages. **iv.** Punitive damages.

General Compensatory damages: **Purpose** is to compensate for injuries or losses due to violation of patient's right. Considered by Court is Physical disability? Loss of earnings? Mental anguish? Loss of service of spouse or child? Losses to date? Future losses? **Award** is specified by court. Dollar value need not be proved; loss must be proved

Special Compensatory damages: purpose is to compensate for losses not directly caused by the wrong. **Considered by court are** additional medical expenses. **Award** specified by court.

Consequential damages: Purpose to compensate for losses caused indirectly by a product. Considered by court are loss covered by product warranty? Personal injury? **Award** No limit on damages if personal injuries.

Punitive damages: purpose to punish the offender. Considered by court How serious was the breach of conduct? How much can the defendant afford to pay? **Award** In some cases, amount of damages is set by law.

Compensation of all expenses of the type described in Section **§ 10-4-706 (1) (b)** without dollar or time limitation and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

- When an insurer fails to the insured optional coverage that satisfies the no fault act, additional coverage in conformity with the offer required by statute will be incorporated into the policy. The remedy of reform is,

- Equitable and  within the trial court's discretion. Brennan v.
Farmer  Alliance  Mut. Ins. Co., 961 P.2d 550 (Colo. App.  1998).
   Applied in
   Travelers Indem.  Co., v. Barnes, 191 Colo. 278, 552 P.2d 300

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,      2010.*
*Time:                         OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

(1976).

- Willful and wanton conduct. Willful and wanton conduct in the context of this section is established when an insurer acts without justification and in disregard of plaintiff's rights. Burgess v. Mid-Century Ins. Co., 841 P.2d 325 (Colo. App. 1992).

- Remedy provided in this section for insurer's bad faith breach of an insurance contract is cumulative and does not preempt common –law remedy. Farmers Group, Inc. v. Williams, 805 P.2d 419 (Colorado. 1991).

- Treble damages provided for in this section are not exemplary and once conduct is proved the treble damages award is automatic.

- Treble damages awarded under subsection (1.8) are not punitive in nature but function as injuries coverage enforcement mechanism. Awarding such damages to the victim vindicates the statute's compensatory purpose to benefit those wrongfully denied

- §10-4-702. Legislative declaration. The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants

- Of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use such vehicle and also providing benefits to persons occupying such vehicle and to persons injured in accidents involving such vehicles.

- The legislative intent and policy behind this act are to maximize, not minimize coverage, and to ensure that persons injured in automobile accident are fully compensated for their injuries. *Allstate Ins co. v. Smith, 902 P.2d 1386 (Colo. 1995); Acree v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).*

- To deny a claimant relief from pain would be "violative" of the clear purpose of this section to avoid inadequate compensation of victims of automobile accidents and product liability warranty.  Acre v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).

- Purpose of the Colorado Auto Accident Raparation Act is to avoid inadequate compensation to victims of automobile accidents. *Bunting v. Regional Transp. Dist., 919 P.2d 924 (Colo. App.1996).*

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

- But, finding of bad faith and outrageous conduct is sufficient to support a finding of willful wanton conduct.

- Act to liberally construed to further it remedial and beneficent purposes. *Travelers Indem. V. Barnes, 191 Colo. 278, 552 P.2d 300 (1976) Regional Transp. Dist v. Voss, 890 P.2d 663 (Colo. 1995); Vargas v.  State Farm Mut. Auto Ins Co., 916 P.2d 652 (Colorado App. 1996).*

- Personal injury protection claims is a direct contractual action against the personal injury protection insurer. *Cingoranelli v. St. Paul Fire and Marine Ins. Co.,*

- Treble damages proper. Evidence was sufficient to establish that insurer's acts were willful and wanton when it continued to receive, but not pay bills incurred for treating claimant's injuries without ascertaining the reasonableness of such bills. Wilson v. state Farm Mut.

- The general assembly direct the commissioner to promulgate a rule, pursuant to the "State Administrative Procedure act" article 4 of title 24, C.R.S., establishing examination program for the purpose of timely investigation and resolution of disputed claims submitted to insurance company under this part 7.

- *To deny a claimant coverage for rehabilitative treatment as a matter of law would be to tantamount to determination that pain is not a human ailment, injury, or unhealthy or abnormal physical condition.*

- Any policy provision inconsistent with statute's requirements is void.

- Any construction of the policy's exclusion, if inconsistent with the act, renders the exclusion void. *Great plains Insurance Company, Inc. v. Angerman.*
- Loss of gross income per week should be computed on an individual's gross income and not on gross sale or income of the individual business. Ramirez v. Veeley.

- Section does not bar a claim for lost wages following a covered injury to an unemployed person, who thereafter cannot maintain the employment. Bailey v. Mid-Century Ins.

- There is a private cause of action based on violations of this section. Preventing an insured's rights of relief for failure to provide the coverage would circumvent the statutory duty imposed upon insurer's to include the

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                             OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

coverage in every policy, unless the insured expressly rejects it.  *Parfrey v. Allstate Ins. Col 815 P.2d 959 (Colo. App. 1991).*


Sincerely,

_____s/Safdar Neil Lilak_____
Safdar Lilak
1033  S. Kittredge Way, Aurora CO 80017.
Ph: 303-755-1505, E-mail: slilak43@msn.com
MDL 1657 – Case No. 06-CV-08318-EEF

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,       2010.*
*Time:                         OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

## CERTIFICATE OF MAILING

The foregoing was/is mailed to following parties, pursuant to the rules, by the US mail, E-mail and  Certified  or Confirmed  receipt mails and Electronically to all involved parties.

**TO:**

**Dorothy H.  Wimberly**, Lead Liaison Counsel MERCK MDL1657-VIOXX],

Case: 2:06-CV-08318-EEF-DEK.

546 Carondelet Street,

New Orleans, Louisiana 70130-3588.

Ph: (504) 593-0849, Fax: (504) 596-0849, E-mail: dwimberly@stonepigman.com

**BROWNGREER CLAIMS ADMINISTRATION**  – VIOXX Settlement.

VIOXX Claims Administration

115 S. 15th Street, Suite 400

Richardson, VA 23219. [E-mail: claimsadmin@browngreer.com]

**Robert M. Johnston** of Johnston,  Hoefer,  Holwadel & Eldrige (Plaintiff Liaison).

601 Poydras Street, Suite 2490,

New Orleans, Louisiana, LA 70130.

**Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX, Case No. 06-CV-08318-EEF]

500 POYDRAS Street,

Room C-456

New Orleans, Louisiana,  LA  70130.

**CC:**    Honorable: Eric Holder Attorney General, USA.
Honorable: Thomas Perrelli  Associate., Attorney General USA.

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                      OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)