*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION  SEVEN:

## CONCLUSION

The plaintiff's claim is for the Wage Losses, Pain and Sufferings for prolonged use of VIOXX & NSAID products and suffering injuries for period 7-8 years and to be continued in future. The plaintiff has suffered huge financial damages and has been unable to provide for the family and being disabled and on disability since 10-2002 to 08-2010.

The Huge, and gross Negligence and Dereliction of Responsibilities & Duties and intentional and criminal efforts of defendant MERCK & CO, for dispensing un-save medicine to public without warning of adverse affects and dispensing medications which caused people death and pain and sufferings, which the company was not legally authorized to dispense which is fraud and criminal and malicious act on part of the MERCK Company they should be ashamed.

The courts have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. *Taylor v. Clark also Centric-Jones Co. v. Hufnaggel ,  was designed to* make the legal system more effective and efficient by discouraging the filing of unnecessary litigation (in this situation case has already has been filed).

I am referring to Defendants refusal of the claim and my objection and Motion for relief under Rule 60(b). Motion, Information has been provided repeatedly to The Defendant multiple times previously to resolove the issues and controversy but failed. Controversy still exist.

The Plaintiff(Lilak) is sensing Wonton and Bad faith conduct on part of the defendants CA-BROWNGREER/MERCK and this Honorable Judge, should also sense that in this case. The form is make look good in the statust report to the court but real story is different. The Honorable court should check into the inside and see the scienter rules being played by CA-BROWNGREER.

The Plaintiff/Claimant (Lilak) and his family had suffered long enough. Due to the negligence and irresponsible, criminal, and fraudulent marketing practices by selling and dispensing dangerous medications.

The plaintiff has direct injuries and his family has suffered a lot of financial damages, due to plaintiff not being able to provide for family and dependents of (4) on him.

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

Therefore, Plaintiff (Lilak) claim for El-Claim should be granted, Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint. Plaintiff is praying for the Summary judgment against the Firm and MERCK Defense and in favor of injured plaintiff as victim of Bad Faith, Wonton and Dishonest Services and claim of Wage Loss should be granted and Just according to the rule of law.

Therefore, Plaintiff (Lilak) claim for El-Claim should be granted, Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint.

The Plaintiff/Claimant (Lilak) is respectfully requesting, and seeking summary Judgment in response to Defendants refusal of his claims.

Since, all Rule of Federal Civil Procedures has been complied. Therefore it is prayed, that Honorable Judge can enter Order for Summary Judgment for this "res ipsa liquitor" i.e. it speaks for itself, and it is product liability case.

The plaintiff (Lilak) is still open for fair and reasonable offer to settle which should include the wage loss, past present and future and medical expenses past present and future for which details has been submitted, to avoid protracted litigation for this case.

The Plaintiff Lilak, Safdar most respectfully submitted to Honorable Special Master for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak), and relief for the extraordinary injuries El-claim against the defendant  and in favor of injured plaintiff/Claimant (Lilak)  thanks your Honor, for your time. Respectfully, and sincerely submitted on this Date of 08-26-2010.

Sincerely,

_____s/safdar Neil Lilak_____
Safdar N Lilak, Ph: 303-755-1505
E-mail: slilak43@msn.com

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

COURTS' COPY
Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD,    2010.
Time:                           OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: [TBD]-  -2010.

## SECTION EIGHT:

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   [TBD]        2010.
Time:                          9:00 a.m.
Judge:       Hon. Fallon E. Eldon
Objection Date:       [TBD], 2010.

PLAINTIFF/CLAIMANT (LILAK), CASE No. 06-CV-08318/MDL 1657-EEF

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA,
## NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE:   VIOXX- SETTLEMENT MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION    ) ) ) ) | **CASE No. 06-CV-08318-EEF** **MDL No. 1657** |

| This Document Relates to: | REPLY: PLAINTIFF'S AMENDED OBJECTION TO CLAIM ASSESSMENT. OBJECTION TO REFUSAL & JUDICIAL REVIEW OF THE SITUATION. |
|---|---|
| **PROPOSED ORDER FOR  RELIEF OF CLAIMS,** **FOR EXPEDITED RESOLUTION TO CONTROVERSY(S) OF CLAIMS** **VCN Claim: 111335/VIOXX Settlement/CA-BrownGreer Firm/MERCK & CO.** Hearing in Court of Judge: Hon. Fallon E. Eldon. Date: TBD [TBD] **Concerning: Case of:**  Lilak, Safdar v. Merck & Company  Case No.  06-cv-03813 EEF **MDL-1657 -EEF** Pursuant to Federal  Civil Procedures Rule F.C.R. Rule 60(b) 1, 2,3  & 6 | COMMUNICATION FROM "PRO SE" PLAINTIFFS' CLAIMS VCN NO. 1113035. QCP CLAIMANT WITH "MI, IS" & EI-CLAIMS {IN DISPUTE}. MECK DEFENDANT(S)/ C A- BROWNGREER MOTION OF  RELIEF FROM ASSESSMENT, OBJECTION TO REFUSAL OF EI-CLAIM  BY CA/DEFENSE MERCK & COMPANY DATE: JULY 07, 2010. Hearing Date:    [TBD],          2010. Time:                  [TBD]     9:00 a.m. Judge:  HON.  FALLON  E.  ELDON |

**PLAINTIFF'S PROPOSED ORDER TO DEFENDANT REFUSAL OF EI-CLAIMS OF APRIL/MAY/JUNE/JULY 07, 2010 OR TO SET HEARING FOR SUMMARY ORDER FOR EI_CLAIMS OF PLAINTIFF OR TO SET DATE TO GO FOR TRIAL DATE FOR THIS CASE.**
**HEARING DATE [TBD & SET] , 2010 @ TIME: 9:00 A.M.**

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                    OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION NINE:

# SEE

# ATTACHED

# EXHIBITS
# &
# SUPPORTIVE

# DOCUMENTS

MDL 1657-EEF
HON. FALLON E. ELDON

CASE NO. 06-CV-08318,   SAFDAR LILAK v. MERCK & COMPANY

CLAIM NO, 1113035
CA-BROWGREER CLAIMS ADMIN FIRM

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

COURTS' COPY
*Safdar N. Lilak   (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                  OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

# EXHIBIT

FYI:

## PRE-TRIAL CASE MANAGEMEN:

Referral of pretrial management to a Special Master (not a magistrate judge) is not advisable for several reasons. Rule 53(a) (1) permits referral for trial proceedings only in nonjury cases involving "some exceptional conditions" or in an accounting of difficult computation of damages.

Because pretrial management calls for the exercise of judicial authority, its exercise by someone other than a district or magistrate judge is particularly inappropriate

[See *Labuy v. Howes Leather Co.*, 352 U.S. 249 (1957) the length and complexity of a case and the congestion of the court's docket do not alone justify a comprehensive reference to a special master)].

See also Maldonado v. Administration del Correccion del Estado Libre Asociado, No. 90-2186, 1992 U.S. Dist. LEXIS 16393 (D.P.R. Sept. 30, 1992); infra 11.52 Cf. McLee v. Chrysler Corp., 38 F.3d 67 (2d Cir.1994).

The additional   expenses   imposed   on parties also militates strongly against such appointment. [*Prudential Ins. Co of Am v. United States Gypsum Co.*, 991 F.2d 1080 (3d Cir. 1993   )(writ of mandamus issued overturning appointment of master to hear merits of a claim for cost of testing, monitoring and removing asbestos-containing products at thirty-nine sites ).

Appointment of a Special (or of an expert under Federal Rule of Evidence 706) for limited purposes requiring special expertise may sometime be appropriate (e.g., when a complex program for settlement needs to be devised).

[See *Litigation Manual, supra note 12, at 123-24. see generally Wayne D. Brazil et al., Managing Complex Litigation: A Practical Guide to the Use of Special Masters (1983). See sections 11.51 – 11.52 Orders of referral should follow the guidance offered in Rule 53(b) and specially describe what is being referred*, the authority being delegated to the judge, and the procedure for review by the judge. Regular progress reports from the magistrate or special master are advisable.

Plaintiff/Claimant (Lilak) provided and submitted evidentiary and factual information in support of his claim, pursuant to Federal Rules of Civil Procedures, Rule 30(b) (6), Rule 26 (a)(1) and Rule 26 (f) (g) (3) and Rule 26 (e) (1) & (2) for amendment to disclosures.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,      2010.*
*Time:                      OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*


# SEE

# ATTACHED

# EXHIBITS
# &
# SUPPORTIVE

# DOCUMENTS


MDL 1657-EEF
HON. FALLON E. ELDON

CASE NO. 06-CV-08318,   SAFDAR LILAK v. MERCK & COMPANY


CLAIM NO, 1113035
CA-BROWGREER CLAIMS ADMIN FIRM


VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                      OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION TEN:

# EXHIBIT 2

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## CIVIL LOCAL RULES No.  34

**5- 6.  The  Certificate of Service**. [Relating Special Master/CA Assessment review for EI-Claim of Lilak,  MDL1657 - Case 06-CV-08318 EEF]

**(a)    Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

**(1)** An acknowledgment of <u>service by the person</u> served; or

**(2)**   Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746.

**(b)   Sanction for Failure to Provide Certificate.**  Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY
**[In this case Special Master/CA-BROWNGREER]**

Pursuant to F.R.C.P. 26:   Except as otherwise stipulated or directed by the court, this disclosure shall, <u>with respect  to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony,</u> be accompanied by a <u>written report prepared and signed by the witness</u>. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons,

<u>Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years</u>; the compensation to be paid for the study and testimony; and a listing of any other cases in which the

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

witness has testified as an expert at trial or by deposition within the proceeding four years.

These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: <u>The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing</u>.

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.  Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the xx-xx, 2010 hearing.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

## FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6
### [Relief from Judgment or Order can be granted]

### <u>GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER</u>

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise, or excusable neglect.

(6)     newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(7)     fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)     The judgment is void;

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,     2010.*
*Time:                          OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

(5)     The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)     Any other reason that justifies relief.

Special Master perhaps did not expected Plaintiff to provide deficiency mentioned in previous reviews or to find a case expert.

The Plaintiff alleges that Special Master conspired with CA-BROWNGREER to write an incorrect and invalid assessment and review of the EI-claim is invalid and should be ignored from Special Master Assessment review report  for Lilak case VCN 1113035 for claims of EI compensations. Plaintiff alleges that the majority of Defendants are deceptive CA-ROWNGREER/MERCK & COMPANY. It is proven for whole   world to see hypocrisy.

Special Master just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is misconduct on part of SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## <u>PRODUCT LIABILITY/FRAUD</u>

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage to the person or property of the Plaintiff.

Plaintiff believes and alleges that Special Master to write my assessment report is incorrect and fraud.  The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the claim of  and  for Mr. Lilak and

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                        OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Special Master/CA-BROWNGREER not considering newly introduced information and entering sneaking, filing invalid assessment is misstatements and is fraud, and especially not putting his name address using rubber stamps instead of signature, without qualification for certification is misleading and being cozy with CA-BROWNGREER is fraud.

SM/CA, Assessment is invalid and should be stricken down from the records and relief for Claim for (Lilak) should be granted, the Plaintiff (Lilak) EI-Claim does satisfy the criteria for greater damages and losses. The SM/CA-BROWNGREER/MERCK denial of appeal should be ignored and stricken from records.

Otherwise plaintiff has no alternative but to go directly to the Media and Governmental authority of "Attorney General of United States" Court system and for justice and fairness to his claim. The plaintiff had suffered huge direct damages and sufferings from last 7.5 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. Your local procedures cannot take precedence over the Federal rule please keep in mind, thanks.

Plaintiff's states confirmed that there is deception going on.

3.   Did defendant CA-BROWNGREER/SM/MERCK Company made a material
     Representation to plaintiff that was false?  **YES**

2.   Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-BROWNGREER knew that the
     Representation was false? **YES**

4   Did   defendant    CA-BROWNGREER/MERCK/CA-BROWNGREER intended to induce the
    Plaintiff to  act upon the representation?  **YES**

4.   Did Plaintiff actually and justifiably relied upon the representation and thereby suffered Injury?  **YES**

## ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF SPECIAL MASTER/JUDGE FOR CASE MANAGEMENT (IF THERE WAS ONE?)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,    2010.*
*Time:                        OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

Plaintiff's evidence was legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Plaintiff submitted documentary evidence including medical records of Plaintiff's treating Physician and other physicians at Hospital and Disability records which were intentionally ignored.

Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement.

**Sincerely,**
**/s/**
**Safdar Neil Lilak**
**Case No. 06-CV-08318 EEF**
**MDL 1657- VIOXX**
**PRODUCT LIABILITY & MARKEING PRACTICES & FRAUD**

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION ELEVEN:

**TO THE HONORABLE COURT &**
**CA- BROWNGREER CLAIMS ADMIN,**
**FOR THE PLAINTIFF  Safdar Lilak VCN No. 1113035.**

This prayer & request for pleading of settlement of VIOXX tort litigation. As I, mentioned in my last communication, I was asked for the "PME" records and " MI & IS" injuries records.

I recently mailed box of over 700 pages of PME records and I am enclosing multiple doctors statements of injuries and disability of "MI & IS" incidents. Please see the additional documents submitted on May 18, 2009.

I explained that, "How I did not has the medical insurance during time frame of 09-2002 through 04-2007" and how, I am not able to get you the information. *My injuries incident took place around 09/03/2003 and 06/19/2004 during my two surgeries operations*. I did provide the primary care doctor's statement verifying the MI and IS incident. I had my Medicare coverage effective in 2007. Please see attached multiple doctor injuries and disability letters and Social Security disability decision .Which prove without a reasonable doubt that injuries are sustained by the claimant.

After providing statement from my primary care doctor, verifying my incident of "Myocardial Infraction MI " around 09/03/2003 and "**Ischemic Stroke IS** " around 06/19/2004 was submitted for claim of injuries for the "MI and IS" i.e. "**Myocardial Infraction MI**" and "**Ischemic Stroke IS**" as consequential damages caused by VIOXX. Please see attached letter, for settlement of case for settlement purposes, thank you.

I would like to bring your attention to the settlement statue as follow:

1. The court have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. *Taylor v. Hufnagel, 848 P.2d 569 (Colo.app.1994. Also See Centric-Jones Co. v. Clark, 848 P.2d 942 (Colo.1993).* § **13-17-202 was** designed to make the legal system more effective by discouraging the filing of unnecessary litigation, by encouraging settlement, and by encouraging more timely resolution of disputes); *Carpentier v. berg, 829 P.2d 507 (colo.App.1992)(statue's intended purpose is to encourage settlement.*

2. **Terms of Offer – Non monetary Conditions on Offer:** An offer of settlement under the statue is an offer to pay money (or accept payment of money) *with no other conditions. If an offer is*

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                     OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-  -2010.*

**_conditioned on terms other than the payment (or acceptance)_**
**_of money, it does not qualify as an offer of settlement under_**
**_the statue._** *Martin v. Minnard, 862   P.2d1014 (Colo.App.1993).*
*Statue requires that an offer of settlement include costs then*
*accrued. Aberle v. Clark (Colo.App.1995).*

As you can see I am open, flexible, cooperative and willing to resolve and settle the case without litigation. That does not mean I should be exploited or intimidated or be taken advantage of as being under/un-represented or being "*Pro Se*". I have submitted information about my employment, Pay Stub/salary, my education and experiences, my disability information and miscellaneous other information for you to do your calculations and job fairly and justly. Please see following initial complaint I have filed with the justice of the federal court for consideration for settlement.

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,    2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

## SECTION TWELVE:

## EXHIBIT[INITIAL CASE AND COMPLAINT
## CASE NO. 06-CV-08318/MDL 1657-VIOXX/EEF

**COME NOW** the Plaintiff/Claimant  to the settlement committee,  "Safdar Lilak" Pro Se, and here states its tort litigation against defendant Merck and Company:

**COMES NOW**, the Plaintiff, Safdar Lilak, and for his complaint against the Defendant MERCK COMPANY, and according to statues and  alleges  for  tort litigation as pursuant to  laws of injuries liability/strict product liability statutes.

### § 13-17-202, § 10-4-710(2) (a)  and  § 10-4-706   as follows:

### INTRODUCTORY ALLEGATIONS

1.      The Plaintiff is an individual who is a resident and domiciliary of the City of Centennial, County of Arapahoe, state of Colorado.

2.      The Defendant, MERCK COMPANY Insurance Company Doing business or selling Insurance products in or around of Centennial, County of Arapahoe, State of Colorado with     Corporate address of "MERCK COMPANY USA.

3.      This court has jurisdiction over the subject matter of this action and parties hereto and venue is proper in County of Arapahoe as the location of the incident giving rise to this action.

4.       Plaintiff was injured in auto accident. He was innocent passenger who was bodily injured and he is totally disabled as to date 05-2009. Plaintiff has gone through two surgeries for his injuries. That is almost five years of continued pain and suffering and depression. He is alleging for consequential damages by use of VIOXX.

### FIRST CLAIM FOR RELIEF
(Willful Wanton Conduct & Strict Product Liability &Negligence)

1.1      Plaintiff incorporates herein all allegations contained in paragraph 1 through 4 in the Introductory Allegations.

COURTS' COPY
Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD,    2010.
Time:                      OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

**1.2**     The defendant operated business in a reckless, careless negligent manner and did so in such a fashion to cause injuries financial, internal and medical to my physical and emotional well being, thereby causing injuries and damages to the plaintiff.

**1.3**     As a direct, immediate and proximate result of the Defendant's negligent willful wanton conduct actions and / or omission, the Plaintiff has been damaged and claim for consequential damages caused by VIOXX.

**1.4**     As a direct, immediate and proximate result of the Defendant's negligence, willful wanton conduct as stated above and in claim letter(appended at end of this complaint, the Plaintiff has sustained severe injuries which said injuries are of permanent nature and which have caused the plaintiff new injuries on top of his existing injuries which he was recovering from surgeries to his Left Knee and Surgery to his Right Shoulder which just took place, it has exacerbated my injuries and medical related injuries. On top of my lower back L3 and L5 Lumbar Discs and it has worsen the recovery to my Left knee surgery and right shoulder surgery. Future medical care and surgeries and medical care after use of the pain killers has caused the cardiovascular and gastrointestinal, chest pain, stomach irregularity, blood clots and strokes and numbness to his left side of the body and his left arm and shoulder, making the injured permanently disabled. The plaintiff is on total disability as to date since the accident.

**1.5**     Which, said injuries are of permanent nature and which has caused the Plaintiff great pain, suffering, discomfort and emotional distress and which is/will continue to cause the Plaintiff great pain, suffering, discomfort and emotional and financial distress.

**1.6**     As direct, immediate and approximate result of the Defendant's negligence, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

**1.7**     As a direct, immediate and proximate result of the Defendant's negligence, the Plaintiff has lost the ability to enjoy life as he did before these and after the accident causing injuries, has lost time, has suffered impaired earning capacity, economic losses and has lost time from work and has lost pay and salary.

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD,     2010.*
*Time:                         OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

**1.8**        All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

A person injured by another's wrong is entitled to general damages for non-pecuniary loss. Non-pecuniary loss (general damages) include a number of elements. Generally these include following sub-heads:

**I            GENERAL DAMAGES IN CASE OF PERSONAL INJURY CASE:**

(i)        Damages for mental and physical shock, pain, suffering, already suffered by  the Claimant or likely to suffer in future,

(ii)       Damages to compensate for the loss of amenities of life which may not be able to walk, run, sit, or, loss of stomach muscle control, disfigurement, sexual intercourse, and loss of other amenities in life;

(iii)      Damages for loss of expectation of life e.g. on account of injury caused by the accident affected the normal longevity of person due to injury caused by the auto accident and  probably is going to cause to the person concerned?

(iv)      Inconvenience, hardship, discomfiture, disappointments, frustration, mental stress in life, dejection and unhappiness in future life.

**II            SPECIAL DAMAGES IN CASE OF PERSONAL INJURY:**
An injured is entitled to special damages for pecuniary loss. Pecuniary loss (special damage) generally include following sub-heads:

(i)        Expenses incurred or required to be incurred as a result of accident; cost of medical expenses and treatment incurred and to be incurred in future; need of nursing and constant attendance; extra diet, nourishment, etc.

(ii)       Loss of earning or profit up to the date of trial ;

(iii)      Loss of earning capacity which may include incapability to earn in future years and also incapability in the labor market, loss of earning on account of termination of service or discontinuance of any trade, business or profession, future pecuniary loss;

(iv)      Other material loss which may require any special treatment or aid to injured or claimant for the rest of life, loss of or damage to property etc. etc.

COURTS' COPY
Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD,    2010.
Time:                    OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-    -2010.

Please! Consider the entire above category for the General and Special damages and the punitive damages for hazardous and dangerous product.

**WHEREFORE,** Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF
(Wanton & Product Liability, Punitive damages & Negligence per Se)

**2.1**        Plaintiff incorporates herein all allegations contained in paragraph 1 through 4 in the introductory Allegations and the First Claim for Relief.

**2.2**        Defendant operated Business , violation of laws of our State including, but not limited to,

**2.3**    Revised Statutes specifically set forth in the preceding for Insurance Policy laws and Liability laws and rules for personal injuries were in effect.

**2.4**    A violation of these statutes constitutes negligence per se.

**2.5**    As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has been damaged.

**2.6**        As a direct/indirect, immediate and proximate result of the Defendant's negligence per se as stated above, the Plaintiff has sustained severe injuries, which injuries are of permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional and financial distress.

**2.7**        As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has incurred and will continue to incur medical, therapeutic, hospital and physician expenses.

**2.8**        As a direct, immediate and proximate result of the Defendant's negligence per se, the Plaintiff has lost ability to enjoy life as he did before the incidents injuries, has lost time, has suffered impaired earning capacity, economic losses, has lost time from work, and has lost pay and salary.

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                           OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

**2.9**        All damages to the plaintiff are in past, present and future whether so specifically delineated in each paragraph or not.

Under the doctrine of "***res ipsa loquitur"****;* Latin for "the thing speaks for itself" (also known as doctrine of common knowledge), expert witness need not be called to testify in a medical malpractice lawsuit. For "***res ipsa loquitur"*** *to apply, three conditions must exist:*

1.    **The act of negligence must obviously be under the control of the defendant** *in this case MERCK Company*

2.    **Patient must not have contributed to the accident** *[The claimant was innocent passenger in an auto accident] was prescribed medication of **"NSAID"** base products of VIOXX for pain management, by four different medical doctors. That is after the accident, during and after the surgeries and in between the surgeries, and in general for pain management during the recovery over prolong period of 24-28 months. Claimant now suffers from Heart problems as **consequential damages**.*

3.    **It must be apparent that patient would not have been injured if reasonable care had been used.**

**(In this case situation) The MERCK Company did not warn the doctors of the side or adverse affect of the medication of "VIOXX" which has caused claimant personal injuries of "Gastro Intestinal problem, MI, IS, TF blood clotting disease and other stomach problems and shortening his life span and rendering him disabled"** *from last six-seven years and disabled me for future years of life to come.* **Only if, reasonable care had been used (by the MERCK Company, who was aware of the side adverse affects and did not care to disclose to public or the doctors.**

**WHEREFORE,** Plaintiff prays for relief all is as more particularly hereinafter set forth.

**WHEREFORE,** pursuant to statue rule **§ *13-17-202,*    § 10-4-710(2) (a) and § 10-4-706** on account of the matters set forth in the First and second Claims for Relief, *Plaintiff* **prays** for a judgment in favor of the Plaintiff, Safdar Lilak and *against* the *Defendant MERCK COMPANY* in an amount which will fully compensate him for his injuries and damages, medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress for loss of the ability to enjoy life as he did before the accidental injuries. Accident which caused permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for attorneys fees, expert witness

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD,      2010.*
*Time:                         OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-    -2010.*

fees, cost and for such other and further relief as to this Settlement committee appears proper in the premises. Pursuant to rule § 10-4-710(2) (a) and § 10-4-

706 pleading is "well grounded in fact" and is warranted by existing or good faith extension.

## PLAINTIFF DEMANDED A TRIAL TO A JURY OF SIX (6) PERSONS.
Respectfully, submitted this day of _May 09_, 2006.

Safdar N.  Lilak
_____s/Sfadar Neil Lilak_____
1033 S. Kittredge way,
Aurora, Colorado 80017.
E-mail: slilak43@msn.com
Phone: 303-755-1505

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)