COURTS' COPY
*Safdar N. Lilak (Pro Se)*                         Hearing Date:   TBD,   2010.
*1033 S. Kittredge way,*                           Time:                  OPEN.
*Aurora, Colorado 80017.*                          Judge: "ELDON E. FALLON"
*Telephone: 303-755-1505*                          Objection Date: [TBD]-  -2010.
*E-mail: slilak43@msn.com*

# EXHIBITS

**Please**, do not **under estimate or over estimate the situation**, for this settlement process, anything else will be considered as **lack of empathy** and "**Bad Faith Settlement**" communication and also as **"Wonton Conduct"** any **low balling** in **offer will be considered as "Intentional Mental Torture"** and will be handled accordingly through the process. I have provided you enough information for settlement calculation purposes if you have question regarding that please feel free to contact me and ask if you have questions, thanks for your cooperation in this matter, thanks again for your time.

Please see the reference cases for this type of situation: as they say: "***Let the decision stay***":

- ***Jefferson v. United States***, 77 F. Supp. 706 (Md. 1948).
- **Strict liability is used in product liability cases** in which the seller is` liable for any and all defective or hazardous products that unduly threaten a consumer's personal safety. Strict liability may arise when the product is defective and unreasonably dangerous. Medicine manufacturer are liable for them.
- ***Bush v. Arrow International, 646 So.2d 1173 (La. Ct App., Nov 23, 1994; rehearing denied Jan. 18, 1995).***
- ***Thomas v. Joseph Hospital***, 618 S.W.2d 791 (Tex. Civ. App. 1981).
- ***Samuel v. Baton Rouge General Medical Center,*** 2000 La App. Lexis 321 (Ct .of App. of La., 1st Circ., Feb 18,2000)
- ***Kirk v. Michael Reese Hospital***, No. 81-2408 (Ill. App. Ct., August 28, 1985).
- ***American Bar Association Journal***, p. 83 (January 1993).
- ***McLaughlin v. Safety Appliances Co.***, 11 N.Y.2d 62, 226 N.Y.S. 2d 407, 181 N.E.2d 430 (1962)
- ***Armstrong v. Svoboda***, 49 cal. Rptr. 701 (1966).
- ***Rudick v. Prineville Memorial Hospital***, 319 F.2d 764 (1963).
- ***Gary v. Grunnagle***, 23 A.2d 663 (Pa. 1966).
- ***Cobbs v. Grant***, 8 Cal. Rptr. 505, 502 P.2d 1 (1972).
- *Crawford v. McDonald*, 187 S.F. 2d 542 (ga. 1972).

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Hearing Date: **TBD, 2010.**
Time: **OPEN.**
Judge: **"ELDON E. FALLON"**
Objection Date: *[TBD]-  -2010.*

- <u>Winslow, Ron "Drug-Industry sales Pitches to Doctors are Inaccurate 11% of the time, Study Say," The Wall Street Journal, p. B6 (April 26, 1995).</u>

- <u>**The plaintiff in Product liability suit** may include a passenger in an automobile accident</u>.

- **Darling v. Charleston** Community Hospital, 211 N.E.2d 253 (Ill., 1965).
- **Rivers v. State of New York**, 537 N.Y. Ct. of Claims, Jan.25, 19890

The detail for reasonable damages and demand letter has been submitted in the initial case and also later as supportive documents for settlement and (Docket Data Sheet). The damages are being claimed and prayed/pleaded for the:

**i-General Compensatory** damages. **ii-Special Compensatory** damages. **iii–Consequential** damages. **iv–Punitive** damages.

- **General Compensatory** damages: **Purpose** is to compensate for injuries or losses due to violation of patient's right. **Considered by Court** is Physical disability? Loss of earnings? Mental anguish? Loss of service of spouse or child? Losses to date? Future losses? **Award** is specified by court. Dollar value need not be proved; loss must be proved
- **Special Compensatory** damages: purpose is to compensate for losses not directly caused by the wrong. **Considered by court are** additional medical expenses. **Award** specified by court.
- **Consequential damages: Purpose** to compensate for losses caused indirectly by a product. **Considered by court are** loss covered by product warranty? Personal injury? **Award** No limit on damages if personal injuries.
- **Punitive damages: purpose to** punish the offender. **Considered by court** How serious was the breach of conduct? How much can the defendant afford to pay? **Award** In some cases, amount of damages is set by law.
- Compensation of all expenses of the type described in Section **§ 10-4-706 (1) (b)** <u>without dollar or time limitation and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.</u>

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,    2010.*
*Time:                          OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-  -2010.*

# **EXHIBITS**

- When an insurer fails to the insured optional coverage that satisfies the no fault act, additional coverage in conformity with the offer required by statute will be incorporated into the policy. The remedy of reform is

- equitable and within the trial court's discretion. Brennan  v. Farmer  Alliance Mut. Ins. Co., 961 P.2d 550 (Colo. App. 1998).

  Applied  in  Travelers Indem.  Co.  v. Barnes, 191 Colo. 278, 552 P.2d 300 (1976).

- **Willful and wanton conduct.** Willful and wanton conduct in the context of this section is established when an insurer acts without justification and in disregard of plaintiff's rights. Burgess v. Mid-Century Ins. Co., 841 P.2d 325 (Colo. App. 1992).

- **Remedy provided in this section for insurer's bad faith breach of an insurance contract is cumulative** and does not preempt common –law remedy. Farmers Group, Inc. v. Williams, 805 P.2d 419 (Colorado. 1991).

- **Treble damages provided for in this section are not exemplary** and once conduct is proved the treble damages award is automatic.

- **Treble damages awarded under subsection (1.8) are not punitive in nature** but function as a PIP coverage enforcement mechanism. Awarding such damages to the victim vindicates the statute's compensatory purpose to benefit those wrongfully denied

- The mandatory statutory coverage. *Mid-Century INS Co. v. Travelers Indem. Co of Illinois.*

- **Since the aggregate limit of the coverage available  pursuant to this section prior to 1989 amendment of this section** was

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

COURTS' COPY
Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date: TBD, 2010.
Time: OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]- -2010.

less than the coverage required by **§ 10-4-706,** this limit, which was in effect at the time of plaintiff's accident must be considered

# EXHIBITS

to be amended so as not to limit the amount of the required benefit. Brown v. American Family Mut. Ins. Co.,

- **§10-4-702. Legislative declaration.** The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants

- of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use such vehicle and also providing benefits to persons occupying such vehicle and to persons injured in accidents involving such vehicles.

- **The legislative intent and policy behind this act are to maximize, not minimize insurance coverage**, and to ensure that persons injured in automobile accident are fully compensated for their injuries. *Allstate Ins co. v. Smith, 902 P.2d 1386 (Colo. 1995); Acree v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).*

- To deny a claimant relief from pain would be violative of the clear purpose of this section to avoid inadequate compensation of victims of automobile accidents. Acre v. Mid-Century Ins., 971 P.2d 279 (Colo. App. 1998).

- **Purpose of the Colorado Auto Accident Raparation Act** is to avoid inadequate compensation to victims of automobile accidents. *Bunting v. Regional Transp. Dist., 919 P.2d 924 (Colo. App.1996).*

- <u>**Purposes of the Colorado auto accident Reparation Act facilitated.** Court determined it would not reduce a judgment awarded for economic losses by any amount where the injured Plaintiff was neither an owner of the vehicle involved in the accident nor a driver of vehicle in an accident. Plaintiff was merely</u>

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Hearing Date:   TBD,   2010.
Time:                        OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

<u>a passenger involved in accident.</u> **Allowing plaintiff to recover PIP benefits even though she had violated the no fault act by purpose of the act** by rewarding failure to obtain the requisite insurance since the act requires every owner of motor vehicle operated in the state to obtain policies that include both liability and no-fault coverage. *Travelers Indem. Co v. Greely gas Co., 902 P.2d 941 (Coo. App. 1995).*

- <u>**If the insurer fails to pay PIP benefits when due, the claimant may bring an action to recover unpaid benefits**</u> **and the claimant,** if successful, may recover attorney fees under this section. On the court's discretion.

- **But, finding of bad faith and outrageous conduct is sufficient to support a finding of willful wanton conduct.**

- **Act to liberally construed** to further it remedial and beneficent purposes. *Travelers Indem. V. Barnes, 191 Colo. 278, 552 P.2d 300 (1976) Regional Transp. Dist v. Voss, 890 P.2d 663 (Colo. 1995); Vargas v. State Farm Mut. Auto Ins Co., 916 P.2d 652 (Colorado App. 1996).*

- **Personal injury protection claims is a direct contractual action** against the personal injury protection insurer. *Cingoranelli v. St. Paul Fire and Marine Ins. Co.,*

- **Treble damages proper.** Evidence was sufficient to establish that insurer's acts were willful and wanton when it continued to receive, but not pay bills incurred for treating claimant's injuries without ascertaining the reasonableness of such bills. Wilson v. state farm Mut.

- The general assembly direct the commissioner to promulgate a rule, pursuant to the "State Administrative Procedure act" article 4 of title 24, C.R.S., establishing examination program for the purpose of timely investigation and resolution of disputed PIP claims submitted to insurance company under this part 7.

- **To deny a claimant coverage for rehabilitative treatment as a matter of law would be to tantamount to determination that pain is not a human ailment, injury, or unhealthy or abnormal physical condition.**

COURTS' COPY
Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD,    2010.
Time:                         OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

- Any policy provision inconsistent with statute's requirements is void.

- **Any construction of the policy's exclusion, if inconsistent with the act,** renders the exclusion void. Great plains Insurance Company, Inc. v. Angerman.

- **Loss of gross income per week should be computed** on an individual's gross income and not on gross sale or income of the individual business. Ramirez v. Veeley.

- Section does not bar a claim for lost wages following a covered injury to an unemployed person, who thereafter cannot maintain the employment. Bailey v. Mid-Century Ins.

- **Policy      providing less than minimum coverage through offsets deemed void.** A policy provision which expressly allows an insurer to offset against amount payable under uninsured/M/UIM coverage, any personal injury protection benefits paid, payable, or attributable to a deductable amount, violates public policy and is void, as such provision purport to allow an insurance carrier to provide less than the statutorily required minimum coverage of un insured/M and is contrary to the

- The legislative intent of encouraging the purchase of stated minimum coverage of UM.  **Newton v. Nationwide Mut. Fire Ins. Co.,**

- **Subsection (4) is applicable only to personal injury protection.** Newton v. Travelers Indem. Co.,

- PIP coverage for passengers applies only to injuries sustained in a "described motor vehicle" in a complying policy. Scogging v. Unigard Ins Co.,

- **Primary liability coverage must be apportioned between two companies when both have clauses that attempt to avoid such coverage.**  Avis v. Allstate.

- **There is a private cause of action based on violations of this section.** Preventing an insured's rights of relief for failure to provide the coverage would circumvent the statutory duty imposed upon insurer's to include the coverage in every policy,

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*                                    *Hearing Date:  TBD,  2010.*
*1033 S. Kittredge way,*                                      *Time:                    OPEN.*
*Aurora, Colorado 80017.*                                     *Judge: "ELDON E. FALLON"*
*Telephone: 303-755-1505*                                     *Objection Date: [TBD]-  -2010.*
*E-mail: slilak43@msn.com*

       unless the insured expressly rejects it. *Parfrey v. Allstate Ins. Col* 815 P.2d 959 (Colo. App. 1991).

       These attached letters/statements from my primary care doctor are being submitted for claim of injuries damages to be considered under the MI and IS i.e. Myocardial Infractions and Ischemic strokes. Please see attached letter, for settlement of case for settlement purposes, thank you. Please write your response in written communication for this matter i.e. so we all are on the same page, thanks.

Sincerely,

Safdar N. Lilak, Ph: 303-755-1505<br>
e-mail: slilak43@msn.com VCN # 1113035 –Case 06-cv-08318-EEF<br>
Case Reference: Lilak, Safdar  v. MERCK & CO Inc.  MDL-1657 Docket

## EXHIBITS

Hello Susan Giamportone/Dorothy Wimberly [Defense Counsel Merck & Company, and CA-BROWNGREER],                              &

### TO WHOM IT MAY CONCERN!

### AFTER FAILED SM & MULTIPLE ADMIN  REVIEWS

### FOR EI-CLAIM FOR VIOXX  VCN No. 1113035.

**Dear Susan Giamportone** /Lead Counsel for Merck & Company[VIOXX],

       Let it be known that Claimant/Plaintiff has intent of filing for appeal after failed effort of administrative review of my EI-Claim with QCP "IS (27.07 out of 109 points)" gates qualifying criteria, VCN NO. 1113035. The Plaintiff/Claimant will submit additional information by July 18, 2010 in the court of Hon. Fallon E. Eldon.

*COURTS' COPY*
**Safdar N. Lilak (Pro Se)**
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,   2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

This                is                 conferring                    communication

**WARNING:** However, I respectfully convey that most of the information has been submitted in "Good faith" in bits and pieces over two years. Which are & is sufficient to be able to calculate the EI-Claim. I have submitted additional new information in attached " Binder"  better organize this time, with continues proof of disability & wage loss since 09-2002 through 06-2010 and detail PME records in Medical expenses of $250K approx., which make the qualifying criteria < =  or > + to $250K in Medical expenses paid by Insurance company documented and verifiable.

However, <u>intentional lack of negligence, omission, selective lack, or WONTON negligence in deducting common sense conclusions for calculation and adjudication of claim is "Negligence per se" and  r arbitrary/selective procedures or application of rules in Dishonest Services, Bad faith to cause damage to one, is considered "Negligence" and is applicable in relationship of "Master and Employee"</u> clause (CA-BROWNGREER PLC) duty is owed by agent to comply with fairness and justice as stated by Statue of Settlement and applicable                                                                                                   laws.

Asking for redundant information which has been provided previously is & are <u>considered as   bad faith application of civil rules and are considered "Malicious and Bad Faith Conduct</u> and agent CA-BROWNGREER can be liable for                               "Tort                                Litigation".

## FACTS & BACKGROUND: [VCN# 1113035]

### FOR EI_CLAIMS

### WAGE LOSS AND MEDICAL BILLS(BEING >= $250,000)

1. **Usage of VIOXX started 10-2002**

2. **Social Security Disability case was filed April 18, 2003.**

COURTS' COPY
Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:  TBD,  2010.
Time:           OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

3. **Disability [Granted]** case was fully favorable for Plaintiff, **retroactive to October 8, 2002**. Under the Section 216 (i) and 223 **disability** act. **Decision was ordered** on Date: **June 24, 2004.**

4. **Claimant did not Worked**, **last work was 02-08-2003**. Therefore, no tax records for 2003 thru 2004/05, since Social Security case was not decided during that time, neither did I filed for taxes since there was no income to report during that period.

5. **June 22, 2005 Disability was extended to current date 04-2010** and continues to date.

6. **Claimant's last work Pay stub was dated 02-08-2003**. The Claimant is IT Computer Specialist with skills of Software Engineering, System Analyst and Database Administrator experiences & skills. (See attached resume in attached spiral binder). Showing professional Profile as IT Professional. The Claimant has BS Degree from University of Nebraska. **Claimant's salary ranges in $96K thru $120K. [average being $86K]**

7. The Claimant was paid Social Security Benefits in range/average of $19 K to $22K per year for period. Since 10-2002 thru 04-2010. **Therefore Claimant has 7.5 years of past wage loss approx. [Calculation: Average salary minus SOS Benefits = Wage Loss] i.e. $108K minus $22K = $86K / yr is Wage Loss.**

   **Total Past Wage Loss Calculation is: $86K x 7.5 yrs = $645K i.e. $645,000.**

8. I have submitted additional **informational relating Medical expenses separating the "IS" related rehabilitation and treatments bills totaling approximate to $215934.** All numbers are approx. and can be recalculated for accuracy and can be confirmed with the insurance company which paid for medical bills and other agency of Social Security Admin for wage loss. All information is "Good faith efforts". Any information missing either I don't have it or not able to provide, due to the length of time period involved. I have signed all releases so information should be available for you, thanks for your cooperation.

9. **Medical Bills and list of the expenses has been submitted** in Good faith Clause. Not accepting them is "Bad Faith" conduct inviting for "Tort" litigation.

*COURTS' COPY*
*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,    2010.*
*Time:                        OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

10. Additional and complementary information will be & is being provided (in attached binder for second review and for SM/Assessment for EI-Claims), **sufficient and enough information** to make fair and just claim for wage loss and EI damages has been submitted. <u>Fairness and justice is being prayed and requested or will be inflicted upon via "Tort Litigation" by plaintiff. Civil rules used in bad faith are " Un-constitutional"</u>.

## RESPONSE & REPLY TO "SM/ASSESSMENT" NOTICE:

**A. ASSESSMENT**: The Plaintiff/Claimant is in total disagreement with the "SM/ASSESSMENT" of dated 06-07-2010 and 03-31-2010 and now 06-07-2010 by "BROWNGREER Claim Administration". The Claimant is submitting for "REVIEW FOR EI-CLAIMS/AFTER SM-ASSESSMENT REVIEW". Disagree with items 1,2,3,4 & 5.

**B.** Claimant seeking "Second Review".

**C.** Plaintiff/Claimant is "Pro Se".

**D.** NA

**E.** NA

**A. Past Medical Expenses:**    The Plaintiff/Claimant Totally disagreement with the Claim Administrator "<u>Brown Greer Claims Admin for VIOXX</u>".

**A.1** The Claimant disagree <u>since **Medical expenses relating to VIOXX** use and "IS-(27.07)" are **approx $ 215944**</u>.

**A.2   MED-NA21:** [1, 2, 3, 4, 5, 6] The Claimant disagree, He has separated the VIOXX bills, anyhow, all of the expenses are related with **VIOXX usage and consequential injuries and affect of bad medicine VIOXX.**

The Claimant is providing sufficient information in good faith where the claim can be adjudicated. Administration has to use the common sense deductions/conclusions to adjudicate this claim. Any thing less is "Bad faith" settlement and invitation for "Tort Litigation" for agent CA-BROWNGREER. Disability records and Benefits statements for Years 10-2002 through 06-2010 [1099 and 1040 EZ are included where ever they were available] {See attached}.

COURTS' COPY
Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD,   2010.
Time:                   OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

**LW1-D01, LW1-D13, LW1-D14 and LW1-19:** <u>are explained in above paragraph of "Background and Facts"</u>

**NOTE:** <u>[PLEASE SEE attached Spiral Binder for all supportive documents and information. Please call if you have any question, thanks— Don't be so un-access-able or untouchable]. The claimant request is for fairness and justice,</u> **thanks.**

According to instructions of "Settlement" No.(10) & (11) Section B.5, to submit new evidence must be accompanied by a statement and documentation sufficient to establish a showing of due diligence and good faith attempt to the evidence before now.

I am submitting such statement and documentation including, but not limited to, a Chronology of all contacts with Health Care Providers or Pharmacy(s) and other pertinent material relating to the case MDL-1657 reference VCN 1113035 for **EI-Claim with "IS"** and "MI" QCP. [See attached] thanks.

Pursuant to Pretrial Order No. 43, Plaintiffs with cases pending in the United States Court for the Eastern District of Louisiana, (and I am submitting for EI/IS-Claim): should submit,

1) Amended and Supplemental Plaintiff Form Exhibit A, records requested

    There in (I am submitting or has submitted), and executed Authorization for release of Records Pursuant to Pretrial Order 18A, B or C as applicable and I am.

2) A Rule 26(a) (2) case specific Physician report being submitted pursuant to Pretrial Order No. 43 & agreement Settlement page 30 Physician's report in lieu of lack of medical records for "IS" & "MI".

3) I am "asserting" <u>my secondary injury from "MI" & "IS (27.07) as Main" and claiming all other injuries including "EI" Claims.</u>

4) **Wage loss** information **($645K approx [$645000]** and plus **Medical expenses** in excess of **approx. $215K [$215,000].**

**COURTS' COPY**
Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD,   2010.
Time:                     OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD]-   -2010.

5) Miscellaneous other supportive documents has been submitted

[in attched /binder previously]. Thanks.

I also understand that if I do obtain new evidence and submit to the Claim administrator on or before the deadline to submit EI Claim shown above, I can re-submit the claim to the Program in which case my claim will be reviewed by the Claim administrator "anew" in accordance with the Program's criteria and procedures. The new evidence will be consider that (i) I have made a diligent and **good faith attempt to produce the new evidence as part of my original EI-claims, "MI & IS" package**, and (ii) the new evidence is "material" to a determination as to whether I meet the Program's Eligibility Requirement for "EI & IS/MI." Evidence is material only if it is sufficient to satisfy the gate criteria as set forth in the Settlement agreement in this case it does see also the page 30 of the Settlement which says in absence of medical records i.e. medical records silent attending physician's report will suffice the lack of records. (Not **EI-medical records were not silent** only "MI" at the time of incident injuries during 11-2002 through 12-2005 my "Medicare Coverage" became affective in April of 2007. I only had the Auto accident insurance and no medical insurance, therefore lack of medical records for MI/ IS, which are being sufficed by Doctor reports, during 2002 through 2006). Please see page 30 of the Settlement agreement for absence of medical records default instructions.

Hopefully this will suffice and make claimant deemed qualifying for second review. For **El-Claim IS / MI (27.07)** for EI-Category(s). I look forward for an expedient response. Since, I have to serve this information upon other party according to the Pretrial Order No. 8  and Paragraph 5 through 7, of  PTO 18C. Service by Plaintiff have to be made upon on: Susan Giamportone at Womble Carlyle Sandrige & Rice, PLLC., appointed  by Federal Court.

If you have any question please contact me by e-mail: slilak43@msn.com or Phone: 303-755-1505 or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017. My hat off to excellent coordination job for "Pro Se" Coordinator, thanks for all you do.           Thanks, Respectfully, Submitted.

Sincerely,

S/Safdar Neil Lilak

Safdar Neil Lilak

Ph: 303-755-1505

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)

*COURTS' COPY*
*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:   TBD,     2010.*
*Time:                    OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: [TBD]-   -2010.*

E-mail: slilak43@msn.com

VIOXX SETTLEMENT- VCN NO. 1113035, MDL 1657, Case 06-CV-08318 – EEF
HON. FALLON E. ELDON COURT
RELIEF REQUEST FOR EI-CLAIMS/DUAL INJURY(S) "IS, MI"
PLAINTIFF/CLAIMANT, LILAK SAFDAR (Pro Se)