## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| **Brian Anderson,** | * | **KNOWLES** |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **Merck & Co., Inc.** | * | |
| **Defendant.** | * | |
| | * | |
| **Case No.  2:08-cv-01458** | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT MERCK & CO., INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF ANDERSON'S MOTION FOR RECONSIDERATION

Plaintiff's suit was dismissed with prejudice on April 9, 2009 for failure to comply with the requirements of the Court's Pretrial Order 29 ("PTO 29").  On May 18, 2009, Plaintiff filed his Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1), invoking grounds of "excusable neglect" to explain his failure to provide a case-specific expert report, as required by PTO 29.  Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, has filed a memorandum opposing Plaintiff's Motion for Reconsideration because Plaintiff has not demonstrated any excusable neglect that would entitle him to relief.  Merck now files this Supplemental Memorandum in Opposition to Plaintiff's Motion for Reconsideration to set forth why, based on a review of Plaintiff's medical records, reopening Plaintiff's case would be futile, even if Plaintiff could establish his entitlement to relief under Rule 60(b)(1).

Plaintiff alleges that he suffered "a minor heart attack" on April 29, 2003 caused by his use of Vioxx. (Pl.'s Statement of Medical Facts 1.) However, the medical records that he submitted pursuant to PTO 29 do not contain any references to this event.

At the Court's request, in an attempt to verify Plaintiff's claim and assess his eligibility for participation in the Vioxx Settlement Program, Plaintiff's case was reviewed by the Claims Administrator. The Claims Administrator also contacted the Sterling Correctional Facility in Colorado, where Plaintiff is incarcerated, to request a copy of all records relating to Plaintiff from 2003 and 2004. In response to this request, sixty pages of medical records were received from the Sterling Correctional Facility on March 26, 2010.[1] Like the records submitted by Plaintiff, these records also contain no reference to the alleged minor heart attack on April 29, 2003.

The records from April 29, 2003 — the date that Plaintiff's alleges he suffered a minor heart attack — show that Plaintiff complained of chest pain (at a level of 2 on a scale of 1 to 10) and tightness, which was sometimes improved by stretching. The comments of a nurse who conducted a physical assessment of Plaintiff that day referred to "mild anxiety," with no reference to any myocardial infarction. An ECG performed on the same day does not show a myocardial infarction. The ECG includes a notation "Consider old septal infarct," but there are no references to a prior infarct in the medical records, and Plaintiff has not alleged that he suffered a myorcardial infarction prior to 2003.

Plaintiff also alleges that on March 19, 2004, he experienced dizziness and "a very fast and powerful heartbeat," lasting for forty-five seconds, which he also apparently attributes to his use of Vioxx. (Pl.'s Statement of Medical Facts 2.) The medical record from that date indicates

---

[1] If the Court wishes to examine the medical records received from the Sterling Correctional Facility, Merck will file them under seal at the Court's request.

1029684v.1

that Plaintiff complained of experiencing dizziness around lunchtime for the preceding two days, but the objective assessment by the examining nurse noted a strong and regular heart beat. Again, there are no other references to any myocardial infarction, angina, or any other injury relating to Plaintiff's heart on that date, or in any other of Plaintiff's medical records for 2003 and 2004.

After reviewing all of these medical records, the Claims Administrator concluded that they were insufficient to establish that Plaintiff suffered a heart attack that would make him eligible for the Settlement Program.

Accordingly, Plaintiff's medical records do not contain any support for his claim that he suffered a mild heart attack (or any other cardiac injury) in April 2003, or at any time in 2003 or 2004. Therefore, even if Plaintiff could demonstrate some excusable neglect which would entitle him to relief under Rule 60(b)(1), which he cannot, reopening his lawsuit would be futile, for his medical records do not show that he suffered a myocardial infarction or any other cardiovascular injury.

## **CONCLUSION**

Plaintiff has not demonstrated any excusable neglect that would entitle him to relief under Rule 60(b)(1), and as explained in the foregoing Supplemental Memorandum in Opposition, reopening his case would be futile because his medical records do not show that he suffered any injury related to his alleged use of Vioxx. Plaintiff's motion should therefore be denied.


Dated:  September 8, 2010

1029684v.1

Respectfully submitted,


By:  */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck & Co., Inc.

1029684v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Supplemental Memorandum in Opposition has been served on Plaintiff Brian Anderson via U.S. Mail at the following address:

> Brian Anderson, #64193
> S.C.F., P.O. Box 6000
> Sterling, CO 80751

The foregoing Supplemental Memorandum in Opposition has also been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of September, 2010.

> */s/ Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1029684v.1