UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Robert Lyon v. Merck & Co., Inc.*, et al., 2:07-cv-01077-EEF-DEK | * | |
| | * | |
| | * | |
| | * | |

**************************************************************************

## DEFENDANT MERCK & CO., INC.'S SUPPLEMENT TO ITS *FIFTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 43

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby supplements its Motion to Show Cause with respect to Plaintiff Robert Lyon, and respectfully moves the Court for leave to file Plaintiff Lyon's Stipulation of Dismissal of his lawsuit, or for an order dismissing his claims with prejudice.

Merck originally moved for an order to show cause why Plaintiff Lyon's claim should not be dismissed with prejudice because he failed to comply with the requirement of Pre-Trial Order No. 43 ("PTO 43") to provide a case-specific expert report. However, after Merck's motion was filed on April 21, 2010, Plaintiff's Future Evidence Stipulation ("FES") was rejected by the Claims Administrator for the Vioxx Resolution Program because he failed to certify his claims package materials. Accordingly, Plaintiff's Release of All Claims and Stipulation of Dismissal with Prejudice was delivered to Merck by the Claims Administrator, and Merck is

entitled to file that Stipulation of Dismissal in accordance with the terms of the Master Settlement Agreement ("MSA").

In addition, as detailed in Merck's April 21, 2010 Motion to Show Cause, Plaintiff Lyon has never filed the *Lone Pine* expert report, which was required by PTO 43 to be submitted within thirty days of a plaintiff's service of a FES on the Claims Administrator. Merck therefore respectfully moves the Court for leave to file Plaintiff Lyon's Stipulation of Dismissal of his lawsuit, or for an order dismissing his claims with prejudice.

In further support of this motion, Merck specifically states as follows:

1. On February 12, 2010, after receiving a Gate Committee Notice of Ineligibility of his claim for the Vioxx Resolution Program, Plaintiff Robert Lyon, who is proceeding *pro se*, executed a FES, which he submitted to the Claims Administrator.

2. On April 21, 2010, Merck filed its *Fifth* Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Comply With The *Lone Pine* Requirements Of PTO 43. This Motion sought dismissal of Plaintiff Lyon's claim, along with the claims of other Vioxx plaintiffs, for failure to comply with the terms of PTO 43. The Motion is still pending before the Court.

3. By letter dated April 28, 2010, the *Pro Se* Coordinator for the Claims Administrator notified Plaintiff that in order to continue the FES process, he must submit a Claims Package Certification Form to the Claims Administrator by May 13, 2010 to certify the claims package materials that he had previously submitted to the Claims Administrator. Plaintiff never submitted this certification.

1029707v.1

4.  Because Plaintiff failed to certify his claims package materials, his FES was rejected by the Claims Administrator, and the Claims Administrator notified Plaintiff on May 26, 2010 that his FES has been rejected.

5.  Pursuant to the terms of the MSA, the Claims Administrator thereafter delivered Plaintiff's Release of All Claims and Stipulation of Dismissal with Prejudice to Merck.

6.  Because Plaintiff did not timely complete the FES process, under the terms of the MSA he has no further rights under the Resolution Program, and Merck is entitled to file his Stipulation of Dismissal.

7.  In addition, as reflected in Merck's April 21, 2010 Motion to Show Cause, Plaintiff Lyon has also failed to provide a *Lone Pine* expert report as required by PTO 43.

8.  In PTO 43, this Court ordered that all claimants who deliver an FES to the Claims Administrator shall file a *Lone Pine* expert report within thirty days. On July 20, 2010, over four months after his expert report was due, Plaintiff Lyon petitioned the Court for additional time to comply with PTO 43. The Court granted Plaintiff Lyon an extension until August 26, 2010 to comply with PTO 43. No expert report was submitted by Plaintiff Lyon by that date, or to this day.

9.  Merck's April 21, 2010 Motion to Show Cause is now moot as to Plaintiff Lyon, because, as set forth above, Merck is entitled under the MSA to file his Stipulation of Dismissal due to his failure to complete the FES process. However, even if Plaintiff Lyon had timely completed the FES process, his claims would still be subject to dismissal under PTO 43 because he has failed to submit the required expert report to this day, almost seven months after submitting his FES. Therefore, for that reason as well, Plaintiff Lyon's claims should be

dismissed with prejudice.[1]

10.     WHEREFORE, for the foregoing reasons, Merck respectfully moves the Court for leave to file Plaintiff Lyon's Stipulation of Dismissal of his lawsuit, or for an order dismissing his claims with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be granted.

Dated:  9/8/2010

                                                    Respectfully submitted,

                                         By:*/s/ Dorothy H. Wimberly*
                                              Phillip A. Wittmann, 13625
                                              Dorothy H. Wimberly, 18509
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130
                                              Phone: 504-581-3200
                                              Fax:    504-581-3361

                                              Defendants' Liaison Counsel

                                                —and—

---

[1] The fact that Plaintiff Lyon is *pro se* does not excuse his noncompliance with the terms of PTO 43 or with the requirements of the Resolution Program.  The terms of PTO 43 explicitly apply to *pro se* plaintiffs as well as those plaintiffs who are represented by counsel.  And Plaintiff Lyon was notified by the *Pro Se* Coordinator for the Claims Administrator of his obligation to comply with PTO 43, as well as the requirement for him to certify the contents of his Claims Package in order to correctly complete the FES process.

- 5 -

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

1029707v.1

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Supplement to Motion and Rule to Show Cause has been served on Plaintiff Robert Lyon via U.S. Mail at the following address:

>3212 Norstrom Way
>Sacramento, CA 95833

The foregoing Supplemental Memorandum in Opposition has also been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of September, 2010.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel