IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
---------------------------------------------------x
AvMed Inc, et al.                  :   CIVIL ACTION
        Plaintiffs,                :   NO. 08-1633
                                   :
    vs.                            :   SECTION L, MAG. 3
                                   :
BrownGreer PLC, U.S.               :   HONORABLE ELDON E. FALLON
Bancorp, Inc. and John Does        :   HONORABLE DANIEL E. KNOWLES, III
        Defendants.                :
                                   :   In relation to: MDL No. 1657
                                   :
                                   :   In re: Vioxx Products Liability Litigation
---------------------------------------------------x
```

## NAMED LAW FIRMS' REPLY MEMORANDUM REGARDING JURISDICTION

Sol H. Weiss, Esquire
Gregory S. Spizer, Esquire
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: (215)735-1130
Facsimile: (215) 875-7722

Turner W. Branch, Esquire
Brent M. Ferrel, Esquire
BRANCH LAW FIRM
2025 Rio Grande Boulevard, NW
Albuquerque, NM 87104
Telephone: (800) 243-3500
Facsimile: (713) 224-1622

Harry M. Roth, Esquire
Christopher Placitella, Esquire
COHEN, PLACITELLA & ROTH, P.C.
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 567-3500
Facsimile: (215) 567-6019

Robert T. Dassow, Esquire
HOVDE, DASSOW & DEETS, LLC
One Meridian Plaza
10585 North Meridian Street, Suite 205
Indianapolis, IN 46290
Telephone: (317) 818-3100
Facsimile: (317) 818-3111

Lee Balefsky, Esquire
Michelle L. Tiger, Esquire
KLINE & SPECTER
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-0420
Facsimile: (215) 735-0960

W. Mark Lanier, Esquire
Richard D. Meadow, Esquire
THE LANIER LAW FIRM
126 East 56th Street, Tower 56, 6th Floor
New York, NY 10022
Telephone: (212) 421-2800
Facsimile: (212) 421-2878

James J. Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Telephone: (856) 663-8200
Facsimile: (856) 661-8400

Franklin P. Solomon, Esquire
WEITZ & LUXENBERG, P.C.
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Telephone: (856) 755-1115
Facsimile: (856) 755-1995

- i -

**TABLE OF CONTENTS**

I.    FACTUAL & PROCEDURAL BACKGROUND .................................................................. 1

II.   ARGUMENT .......................................................................................................................... 4

        A.    This Honorable Court Lacks Jurisdiction as Settlement Has Been Reached and the Underlying Cases Have Been Dismissed ...................................................... 4

        B.    This Honorable Court Lack Jurisdiction Over The Health Plans' Federal Claims. 6

III.  CONCLUSION ....................................................................................................................... 7

## TABLE OF AUTHORITIES

### Cases

*AvMed, Inc. v. BrownGreer, PLC*,
  2008 U.S. App. LEXIS 23747 (5th Cir. Nov. 17, 2008) ................................................................ 3

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield*,
  97 F.3d 822 (5th Cir. Tex. 1996) .................................................................................................. 7

*Clinton St. Greater Bethlehem Church v. City of Detroit*,
  484 F.2d 185 (6th Cir. 1973) ........................................................................................................ 5

*In re Vioxx Prod. Liab. Litig.*,
  MDL No. 1657, 2008 WL4681368 (E.D. La. Oct. 21, 2008) ...................................................... 2

*In re Vioxx Prods. Liab. Litig.*,
  2008 U.S. Dist. LEXIS 60269 (E.D. La. Aug. 7, 2008) ............................................................... 2

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ...................................................................................................................... 5

*Teitelbaum Holdings, Ltd. v. Gold*,
  48 N.Y.2d 51 (NY 1979) .............................................................................................................. 5

*Thompson v. City of Atlantic City*,
  386 N.J. Super. 359 (N.J. Super 2006) ........................................................................................ 5

### Statutes

*28 U.S.C. §1367* ................................................................................................................................ 7

*29 U.S.C. § 1132(e)(2)* ..................................................................................................................... 6

The Named Law Firms continue to maintain that the Plan Plaintiffs' claims are not meritorious and that their Motion fails on substantive grounds. In addition, the Plan Plaintiffs' Motion should fail because jurisdiction does not lie with this Honorable Court. The legal authorities and factual history set forth in the ensuing Reply Memorandum establish that the Health Plans lack sufficient jurisdiction for the relief sought. [1]

Accordingly, the undersigned law firms file this Reply Memorandum in Opposition to Plaintiffs' Memorandum asserting Jurisdiction with this Honorable Court.[2]

## I.     FACTUAL & PROCEDURAL BACKGROUND

As this Court is extremely familiar with the Vioxx litigation, including the Plan Plaintiffs' present action, The Named Law Firms limit this factual and procedural recitation to those facts which demonstrate this Court's lack of jurisdiction.

On November 9, 2007, Merck and the Plaintiffs' Negotiating Committee, ("NPC"), formally announced that they had reached a Settlement Agreement with respect to the Vioxx litigation. *See Settlement Agreement, In re Vioxx Prods. Liab. Litig.*, MDL 1657 (E.D. La. Nov. 9, 2007) ("Settlement Agreement"). Pursuant to the National Settlement Agreement, Dismissal Orders were appropriately entered in a Vioxx Plaintiff's underlying lawsuit once he/she was deemed eligible to participate in the Settlement and where it was determined that the claimant had satisfied the criteria in order to receive a Notice of Point Award. In New Jersey, where the

---

[1]     The arguments made in the instant Reply Memorandum are in addition to those set forth in The Named Law Firms' Response in Opposition to Plaintiffs' Corrected Motion to Amend (hereinafter "The Named Law Firms' Response"), as well as the arguments made by Sol H. Weiss and Richard D. Meadow, Esquires during this Honorable Court's August 26, 2010 hearing.

[2]     Pursuant to the representations made by Plaintiffs' counsel during the August 26, 2010 hearing, the Health Plans no longer intend to pursue actions against three (3) of the law firms previously identified: Kasowitz, Benson, Torres & Friedman, Morelli Ratner and Parks & Crump.

vast majority of The Named Law Firms' cases were filed, The Honorable Carol E. Higbee of the Superior Court of New Jersey, Atlantic County, entered Dismissal Orders in each of the individually filed cases. <u>See</u> a sample, redacted New Jersey Dismissal Order attached hereto as Exhibit "A". Plan Plaintiffs never sought to have the underlying cases re-opened in either the MDL or New Jersey Courts.

On or about August 1, 2008, following the timely submissions required by the Settlement Agreement, Merck formally approved the distribution of interim payments. Payments then commenced shortly thereafter and continued for almost two years. Starting in late August 2008, interim payments began for those claimants who had suffered myocardial infarctions. In October 2009, final payments were made to all of the claimants who suffered a myocardial infarction. Distribution of the interim payments for the ischemic stroke claimants began in early 2009, and final payments were distributed to these claimants on June 14, 2010.

A few months prior to the distribution of the initial myocardial infarction interim payments, the Plan Plaintiffs filed its original Complaint in this matter on April 14, 2008. They then amended their Complaint as of right on April 18, 2008. <u>See</u> *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657, 2008 WL4681368, *3 (E.D. La. Oct. 21, 2008). The First Amended Complaint named Brown Greer, PLC (hereinafter "Brown Greer"), U.S. Bancorp, and certain "John Does" as defendants.

On June 9, 2008, the Plan Plaintiffs filed motions for a temporary restraining order and preliminary injunction. <u>See</u> *In re Vioxx Prods. Liab. Litig., 2008 U.S. Dist. LEXIS 60269 (E.D. La. Aug. 7, 2008).* The Plans sought to compel Brown Greer, the Settlement's appointed Claims Administrator, to disclose the names of those eligible claimants who had participated in the

- 2 -

Vioxx settlement and to prevent the distribution of settlement funds. *Id.* Brown Greer opposed the filed motions. *Id*.

On June 11, 2008, the Court denied the temporary restraining order, but withheld ruling on the preliminary injunction request. *Id*. at *13.  During a June 27, 2008 regularly scheduled Vioxx status conference, the parties agreed to pursue settlement discussions with respect to Plaintiffs' request for a preliminary injunction. Both sides then withdrew their motion papers without prejudice, but reserved their right to refile at a later date. *Id*.  After failing to reach an agreement, the parties reinstated their motions on July 14, 2008.  *Id*.  On July 24, 2008, the Court heard oral argument on Plaintiff's, AvMed, motion.  *Id*.  On August 7, 2008, this Court issued an Order and Opinion denying AvMed's motion. *Id.* This Court ruled that the Plan Plaintiffs had failed to satisfy any of the four (4) prongs required for the imposition of a preliminary injunction. *Id.* The Fifth Circuit affirmed this Court's Order.  <u>See</u> *AvMed, Inc. v. BrownGreer, PLC*, 2008 U.S. App. LEXIS 23747 (5th Cir. Nov. 17, 2008).

Following the affirmance of the denial of the Plan Plaintiffs' Motion for Preliminary Injunction, the NPC negotiated an unprecedented Private Lien Resolution Program (hereinafter "PLRP").  The program did not concede that the Plan Plaintiffs' allegations had merit, but, instead, created a **voluntary** program for willing claimants to resolve the uncertainty of potential private health insurance company rights of subrogation.  The lien resolution program was announced at the January 22, 2009 monthly status conference. As described in the Affidavits previously submitted, the Named Law Firms complied with Pre-Trial Orders 48 and 54 by strongly encouraging their clients to enroll in the PLRP on multiple occasions.  <u>See</u> Exhibit "A" to The Named Law Firms' Response In Opposition to Plaintiffs' Corrected Motion to Amend.  As a result of the efforts put forward by numerous Plaintiff law firms, including The Named Law

Firms, more than 25,000 claimants eventually enrolled in the PLRP which allowed substantial monies to be paid to Plan Plaintiffs.[3]

For almost two (2) years, Plan Plaintiffs took no action to further pursue the allegations made in their Amended Complaint or denied Motions. Instead, they chose to gladly collect the funds generated from the PLRP. Now, after the docket was dormant for nearly two (2) years, interim and final payments were disbursed and Orders of Dismissal were entered for the underlying Vioxx cases, Plaintiffs then filed the aforementioned Motion to Amend their First Amended Complaint.[4]

## II.     ARGUMENT

This Court does not have jurisdiction over this matter as: (1) the Plan Plaintiffs seek recovery after settlement has been reached and dismissal Orders filed in the underlying, individual cases; and (2) their Complaint was filed in a District Court without jurisdiction.

### A.     This Honorable Court Lacks Jurisdiction as Settlement Has Been Reached and the Underlying Cases Have Been Dismissed

Plan Plaintiffs argue that this Court has jurisdiction over The Named Law Firms because the firms "represented [eligible claimants in their underlying Vioxx cases] in this Court for years…" *See* Plan Plaintiffs' Memorandum Regarding Jurisdiction, p. 5.  These arguments ignore the fact that the underlying cases have been dismissed in accordance with the Settlement Agreement.  *See* Order of Dismissal attached hereto as Exhibit "A".  *See also Settlement Agreement, In re Vioxx Prods. Liab. Litig.*, MDL 1657 (E.D. La. Nov. 9, 2007) ("Settlement Agreement").

---

[3]     Despite The Named Law Firms' tireless efforts, they could not force every one of their respective clients to enroll in the lien resolution program if those clients did not wish to do so.

[4]     Plan Plaintiffs did not file their Motion to Amend until June 17, 2010.

Settlement of the underlying actions defeats the Plan Plaintiffs' contentions that The Named Law Firms have availed themselves to this jurisdiction. "Once concluded, a settlement agreement is as binding, conclusive, and **final** as if it had been incorporated into a judgment." *Clinton St. Greater Bethlehem Church v. City of Detroit*, 484 F.2d 185, 189 (6th Cir. 1973) (emphasis added). Jurisdiction in this matter cannot be based on a separate, settled, final matter. While the Fifth Circuit has not specifically addressed this issue, the Supreme Court addressed the issue of post-settlement jurisdiction in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).[5]

In *Kokkonen*, the Supreme Court considered a District Court's attempt to enforce a settlement agreement after the matter had been settled and stipulation of dismissals filed. "[A]s courts of limited jurisdiction, federal district courts do not possess the inherent power to vindicate their own authority where parties enter into a voluntary agreement resolving their federal lawsuit…[e]nforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id* at 376-378. The Court emphasized the fact that federal courts are courts of limited jurisdiction, adding that parties should seek remedies in state court where there is no clear indication that a federal court intended to retain jurisdiction. *Id* at 382. "[F]ederal courts are courts of limited jurisdiction and…the exercise of ancillary jurisdiction to resolve post-settlement controversies is itself a slim reed for exercising federal jurisdiction." *Id.*

Here, there is no post-settlement dispute to resolve. The Named Law Firms, as described *supra*, and as detailed in The Named Law Firms' Response, satisfied all of their lien program

---

[5] *See also Thompson v. City of Atlantic City, 386 N.J. Super. 359 (N.J. Super 2006)* and *Teitelbaum Holdings, Ltd. v. Gold, 48 N.Y.2d 51 (NY 1979).*

resolution obligations by complying with Court Orders 48 and 54. This Court never signed an Order mandating that every claimant must enroll in the PLRP.  Further, this Honorable Court never ruled that the Plan Plaintiffs have, in fact, a legal right to subrogation. This right is especially questionable where, in states like New Jersey, no right of subrogation exists as a matter of law. This Court has never been asked to open or revive a dismissed Vioxx case.  If there was a post-settlement controversy, which The Named Law Firms firmly deny, the Plan Plaintiffs have not articulated such controversy in a pleading that this Honorable Court should accept to re-open dismissed cases.

It is clear that the Plan Plaintiffs' attempt to base jurisdiction over The Named Law Firms on the separate, settled underlying Vioxx cases should fail.

### B. This Honorable Court Lack Jurisdiction Over The Health Plans' Federal Claims

With the cases being dismissed, this Honorable Court does not have jurisdiction over this matter and Plaintiffs' Motion should fail without additional inquiry.  Notwithstanding same, the Named Law Firms cite to additional legal authorities which also do not confer jurisdiction in this Eastern District of Louisiana Court.

Plan Plaintiffs argue that this Court has jurisdiction over their federal claims (ERISA, MSP Act and FEHBA) simply because it is a federal court capable of hearing federal questions. *See* Plan Plaintiffs' Memorandum Regarding Jurisdiction. While this Court is more than capable of hearing such federal questions, that does not necessarily confer jurisdiction in *this* case, against *these* proposed defendants.

Pursuant to *29 U.S.C. § 1132(e)(2)*, ERISA claims have nationwide service provisions and jurisdiction in district courts. *Id.* However, Plaintiffs fail to cite the portion of the statute that controls the proper district court in which to bring suit. *Id.* Claims "may be brought in the district

where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district court where a defendant resides or may be found." *Id*. *See also Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825 (5th Cir. Tex. 1996).

Plan Plaintiffs fail to satisfy these statutory requirements. First, Plaintiffs have offered no evidence that the plans were administered in the Eastern District of Louisiana.[6] Second, even assuming that The Named Law Firms did breach an ERISA plan obligation, which we strongly deny, the alleged breach was not committed in the Eastern District of Louisiana as The Named Law Firms are located well outside the District's borders. Therefore, any actions that Plan Plaintiffs allege to be a breach were committed outside this Court's jurisdiction. Accordingly, this Eastern District of Louisiana Court does not have jurisdiction over Plan Plaintiffs' ERISA claims. *29 U.S.C. § 1132(e)(2)*.

For the same reasons, the MSP Act and FEHBA claims should be brought in a "district court with original jurisdiction." *28 U.S.C. §1367*. Because this Court does not have original jurisdiction, it follows that it does not have supplemental jurisdiction over any other, related claims. *Id*.

### III.  CONCLUSION

For the reasons set forth herein, this Court lacks jurisdiction and Plan Plaintiffs' Motion to Amend their Complaint should be **DENIED**.

---

[6] The Named Law Firms have yet to be provided with copies of the Plans.

- 8 -

Respectfully submitted,

_____
Sol H. Weiss, Esquire
Gregory S. Spizer, Esquire
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: (215)735-1130
Facsimile: (215) 875-7722


 /s/Turner Branch
Turner W. Branch, Esquire
Brent M. Ferrel, Esquire
BRANCH LAW FIRM
2025 Rio Grande Boulevard, NW
Albuquerque, NM 87104
Telephone: (800) 243-3500
Facsimile: (713) 224-1622


   /s/Harry M. Roth
Harry M. Roth, Esquire
Christopher Placitella, Esquire
COHEN, PLACITELLA & ROTH, P.C.
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 567-3500
Facsimile: (215) 567-6019


    /s/Robert S. Dassow
Robert T. Dassow, Esquire
HOVDE, DASSOW & DEETS, LLC
One Meridian Plaza

- 8 -

10585 North Meridian Street, Suite 205
Indianapolis, IN 46290
Telephone: (317) 818-3100
Facsimile: (317) 818-3111


_____/s/Lee Balefsky_
Lee Balefsky, Esquire
Michelle L. Tiger, Esquire
KLINE & SPECTER
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-0420
Facsimile: (215) 735-0960


_/s/W. Mark Lanier_
W. Mark Lanier, Esquire
Richard D. Meadow, Esquire
THE LANIER LAW FIRM
126 East 56th Street, Tower 56, 6th Floor
New York, NY 10022
Telephone: (212) 421-2800
Facsimile: (212) 421-2878


_/s/James J. Pettit_
James J. Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Telephone: (856) 663-8200
Facsimile: (856) 661-8400


_/s/Glenn Zuckermann_
Glenn Zuckermann, Esquire
WEITZ & LUXENBERG, P.C.
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Telephone: (856) 755-1115
Facsimile: (856) 755-1995

## **CERTIFICATE OF SERVICE**

The undersigned attorneys hereby certify that a true and correct copy of the foregoing Reply Brief Regarding Jurisdiction was served on the following party via electronic mail and United States first class, certified mail:

>Peter D. St. Phillip, Jr., Esq.
>Lowey Dannenberg Cohen & Hart, P.C.
>One North Broadway, Suite 509
>White Plains, NY 10601

*[signature: Sol N Weiss]*

_____
Sol H. Weiss, Esquire
Gregory S. Spizer, Esquire
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: (215)735-1130
Facsimile: (215) 875-7722

Date:  September 9, 2010

# EXHIBIT "A"



19167220
Mar 27 2008
2:52PM

RECEIVED AND FILED
MAR 12 2008
ATLANTIC COUNTY
LAW DIVISION

| REDACTED | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ATLANTIC COUNTY |
| Plaintiff, | |
| | DOCKET NO. REDACTED |
| v. | |
| | CASE NO. 619 |
| MERCK & CO., INC., | CIVIL ACTION |
| | VIOXX® LITIGATION |
| Defendant. | |
| | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

**THIS MATTER** having been raised by the Court *sua sponte* with the form of this Order agreed to by Plaintiffs and Defendant, and for good cause shown,

**WHEREAS**, Merck & Co., Inc. ("Merck") and the Plaintiffs' Negotiating Counsel have entered into a Master Settlement Agreement to resolve certain Vioxx claims. Pursuant to the Agreement, a plaintiff may enroll in the program by submitting certain documentation to a Claims Administrator (the law firm of BrownGreer). There is a process in place to determine whether each individual claim is eligible for payment. Merck will be filing stipulations of dismissals with prejudice pursuant to Section 7.3 of the Master Settlement Agreement in some cases, which may or may not include this case;

IT IS on this 12th day of March 2008,

**ORDERED** as follows:

1. Due to the unique nature of the process established by the Master Settlement Agreement, the Court dismisses this case without prejudice effective immediately pending a final determination of the Plaintiffs' claim under the provisions of the Master Settlement Agreement. The Court is taking no position on the ultimate outcome of that claim.

2. Subject to Section 7.3 of the Master Settlement Agreement, Merck might file a stipulation of dismissal with prejudice for this case. If this occurs, the case shall be dismissed with prejudice pursuant to that stipulation.

3. If Plaintiff's signed Release and Dismissal with Prejudice Stipulation are returned by Merck or the Claims Administrator to the Plaintiff in accordance with the terms and conditions of the Master Settlement Agreement, then Plaintiff may reinstate the case by filing within ninety (90) days the approved (1) Certification Supporting Reinstatement attaching the cover correspondence from Merck or the Claims Administrator and (2) form of Order. (The approved Certification Supporting Reinstatement and form of Order are attached to the Court's February 20, 2008 letter to all counsel.) There will be no fee associated with the filing of such certification and the case will be reinstated without cost or further procedure. If the case is reinstated, it shall carry its original docket number and the date of its commencement shall be deemed to be the filing date of the original complaint.

_Carol E. Higbee_
HON. CAROL E. HIGBEE, P.J.Cv.