UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibit A* | * | KNOWLES |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S MOTION AND INCORPORATED
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN
CASES WITH PREJUDICE ON THE GROUND OF *RES JUDICATA***

This motion concerns six plaintiffs whose claims already have been denied with prejudice. At various points prior to their dismissal, however, each of these plaintiffs filed a second complaint alleging the same claims. In other words, each of these six plaintiffs filed his or her claims twice. Although this Court already has dismissed plaintiffs' cases with prejudice, duplicate claims remain on the docket. Plaintiffs' redundant claims are precluded and should be dismissed with prejudice under the principle of *res judicata*.

**FACTUAL BACKGROUND**

This motion involves the duplicative claims of six plaintiffs—Antonio Amendoeria (Case No. 2:09-cv-03609), Dennis Artis (Case No. 2:05-cv-04457), Doretha Irving (Case No. 2:05-cv-05204), Hervie E. Martin (Case No. 2:06-cv-10272), Stasia Simmons (Case No. 2:09-cv-03614), and Burse Wince (Case No. 2:08-cv-00241). A summary of these cases is attached hereto as Exhibit A. Two of these plaintiffs—Mr. Amendoeria and Ms. Simmons—are represented by Ronald Benjamin, who has agreed that the duplicate cases should be dismissed.

1029969v.1

**Antonio Amendoeria**. Mr. Amendoeria filed two complaints in New York State court, one in April 2005 and another in February 2007. Both cases were removed to federal court and transferred to the MDL, where they were assigned Case Nos. 2:08-cv-04173 and 2:09-cv-03609, respectively. This Court dismissed Mr. Amendoeria's claims with prejudice on April 28, 2009 for failure to comply with PTO 29, but the order of dismissal referred only to Case No. 2:08-cv-04173. *See* Order (R.Doc. 18527). The redundant complaint, Case No. 2:09-cv-03609, remains on the docket. Plaintiff's counsel, Mr. Ronald Benjamin, has consented to the dismissal of this duplicate case.

**Dennis Artis**. Mr. Artis filed two complaints in this Court, one in September 2005 (Case No. 2:05-cv-04457) and the second in June 2006 (Case No. 2:06-cv-03162). This Court dismissed Mr. Artis' claims with prejudice on September 24, 2009 for failure to comply with PTO 43, but the order of dismissal referred only to Case No. 2:06-cv-03162. *See* Order (R.Doc. 24224). The redundant complaint, Case No. 2:05-cv-04457, remains on the docket.

**Doretha Irving**. Ms. Irving filed two complaints, one in this Louisiana State court on September 29, 2005 and another in this Court on September 30, 2005 (Case No. 2:05-cv-04434). The complaint filed in state court was removed to federal court and transferred to the MDL, where it was assigned Case No. 2:05-cv-05204. This Court dismissed Mr. Irving's claims with prejudice on October 30, 2009 for failure to comply with PTO 43, but the order of dismissal referred only to Case No. 2:05-cv-04434. *See* Order (R.Doc. 26346). The redundant complaint, Case No. 2:05-cv-05204, remains on the docket.

**Hervie E. Martin**. Mr. Martin filed two complaints, one in the Northern District of Mississippi on May 13, 2005 and a second in the Eastern District of Pennsylvania on September 29, 2006. Both cases were transferred to the MDL, where they were assigned Case Nos. 2:05-

cv-03421 and 2:06-cv-10272, respectively.  This Court dismissed Mr. Martin's claims with prejudice on September 24, 2009 for failure to comply with PTO 43, but the order of dismissal referred only to Case No. 2:05-cv-03421.  *See* Order (R.Doc. 24224).  The redundant complaint, Case No. 2:06-cv-10272, remains on the docket.

**Stasia Simmons**.  Ms. Simmons filed two complaints in New York State court, one in May 2004 and the second in August 2006.  Both cases were removed to federal court and transferred to the MDL, where they were assigned Case Nos. 2:08-cv-04172 and 2:09-cv-03614, respectively.  This Court dismissed Ms. Simmons' claims with prejudice on April 28, 2009 for failure to comply with PTO 29, but the order of dismissal referred only to Case No. 2:08-cv-04172.  *See* Order (R.Doc. 18527).  The redundant complaint, Case No. 2:09-cv-03614, remains on the docket.  Plaintiff's counsel, Mr. Ronald Benjamin, has consented to the dismissal of this duplicate case.

**Burse Wince**.  Mr. Wince filed two complaints, one in the Northern District of Mississippi on September 26, 2007 and a second in the Southern District of Mississippi on September 28, 2007.  Both cases were removed and transferred to the MDL, where they were assigned Case Nos. 2:07-cv-07512 and 2:07-cv-08076, respectively.  Both of these complaints were filed on behalf of multiple plaintiffs, and this Court ordered that plaintiffs to file individual suits.  *See* Orders (Document No. 13079 & 13688).  Mr. Wince filed an individual complaint on January 10, 2008 (Case No. 2:08-cv-00241).  Mr. Wince's claims were denied with prejudice on September 24, 2009 for failure to comply with PTO 43, but the order of dismissal referred only to Case No. 2:07-cv-07512.  *See* Order (R.Doc. 24224).  Case No. 2:08-cv-00241 remains on the docket.

1029969v.1

## ARGUMENT

Plaintiffs' remaining claims are precluded under the principle of *res judicata* because this Court already has dismissed plaintiffs' claims with prejudice. Indeed, their claims remain on the docket only because of the difficulty involved in tracking multiple, redundant complaints filed by the same plaintiff. Nevertheless, final judgment already has been made, and plaintiffs' duplicate claims are precluded under the principle of *res judicata*.

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted). A claim is barred by the doctrine of *res judicata* if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* (internal quotation marks and citation omitted). Here, each of these requirements plainly is met with respect to each of the six above-referenced plaintiffs—the parties (the respective plaintiff and Merck) are identical in both cases; this Court has competent jurisdiction; plaintiffs' claims have been dismissed with prejudice; and the claims at stake in still-pending cases are the same as those that already have been dismissed.

Because the principle of *res judicata* precludes claims that already have been dismissed with prejudice, plaintiffs' duplicate claims are precluded and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court grant its motion to dismiss with prejudice the duplicate claims of Antonio Amendoeria (Case No. 2:09-cv-03609), Stasia Simmons (Case No. 2:09-cv-03614), Dennis Artis (Case No. 2:05-cv-04457), Doretha Irving (Case No. 2:05-cv-05204), Hervie E. Martin (Case No. 2:06-cv-10272), and Burse Wince (Case No. 2:08-cv-00241).

Dated:  September 10, 2010               Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
   Phillip A. Wittmann, 13625
   Dorothy H. Wimberly, 18509
   STONE PIGMAN WALTHER
   WITTMANN L.L.C.
   546 Carondelet Street
   New Orleans, Louisiana 70130
   Phone: 504-581-3200
   Fax:    504-581-3361

   Defendants' Liaison Counsel

   —and—

   Douglas R. Marvin
   Eva Petko Esber
   M. Elaine Horn
   WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
   Washington, D.C. 20005
   Phone: 202-434-5000
   Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1029969v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of September, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel