UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| *State of Florida v.* | * | SECTION L |
| *Merck Sharp & Dohme Corp.* (Case No. 08-459) | * | |
| | * | JUDGE ELDON E. FALLON |
| *New York State & City of New York v.* | * | |
| *Merck Sharp & Dohme Corp.* (Case No. 08-960) | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| *Commonwealth of Pennsylvania v.* | * | |
| *Merck Sharp & Dohme Corp.* (Case No. 09-2861) | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**ORDER**

**(Discovery Issues Related to Plaintiffs' Responses to Merck Sharp & Dohme Corp.'s First Set of Master Interrogatories and First Set of Master Requests for Production of Documents to Plaintiffs)**

I.    **APPLICABILITY AND PURPOSE OF ORDER**

This Order relates to certain discovery issues raised by Merck in *State of Florida v. Merck Sharp & Dohme Corp.* (Case No. 08-459), *New York State & City of New York v. Merck Sharp & Dohme Corp.* (Case No. 08-960), and *Commonwealth of Pennsylvania v. Merck Sharp & Dohme Corp.* (Case No. 09-2861) (collectively the "Group 1 Cases") with respect to Defendant Merck Sharp & Dohme Corp.'s ("Merck") First Set of Master Interrogatories and First Set of Master Requests for Production of Documents. To the extent any conflict exists between this Order and any previous order regarding these actions, this Order shall supersede such prior orders. Plaintiffs' Liaison Counsel shall promptly provide this Order to Plaintiffs in

1030212v.1

the Government Actions in this Court at the time of the Order, and to Plaintiffs in all Government Actions transferred to this Court as and when they are so transferred.

II. **THE GROUP 1 PLAINTIFFS' RESPONSES TO MERCK'S FIRST SET OF MASTER INTERROGATORIES AND FIRST SET OF MASTER REQUESTS FOR PRODUCTION OF DOCUMENTS.**

In letter briefs addressed to the Court dated August 13, August 18, and August 24, 2010, Merck and the Group 1 Plaintiffs addressed various discovery issues raised by Merck with respect to the Group 1 Plaintiffs' responses to Merck's First Set of Master Interrogatories and First Set of Master Requests for Production of Documents.  Argument was had with respect to such issues at the conference held before the Court on August 26, 2010.  Based on the foregoing, the Court resolves those issues as follows:

1. **Definition of "Relevant Drugs"/Documents and Interrogatories:**  As it relates to the production of documents and responses to interrogatories, the term "Relevant Drugs" as used in Merck's requests shall include Vioxx and Arthrotec (diclofenac/misoprostol), Bextra (valdecoxib), Celebrex (celecoxib), Daypro (oxaprozin),  prescription ibuprofen, Mobic (meloxicam), naproxen (Naprosyn, Anaprox, Naprelan, Aleve), Relafen (nabumetone), and Voltaren (diclofenac).

2. **Production of Claims Data:**  Within seven days of this Order, Merck shall send Plaintiffs a letter describing what claims data it asserts it needs from the Group 1 Plaintiffs' data systems.  The Group 1 Plaintiffs shall each respond thereto within seven days and, if they object to that request, shall explain why and describe their proposed alternative.  Should the parties be unable to agree on such production, they can then bring their dispute to the Court.

3. **Relevant Time Period:**  As it relates to the production of documents, interrogatories, and

1030212v.1

data, the term "Relevant Time Period" as used in Merck's requests shall include the time period January 1, 1999 through December 31, 2006.

4. **Contention Interrogatories Relating to Relief Sought by Plaintiffs:** The Court understands that New York has served supplemental responses to Merck's contention interrogatories relating to relief sought. Florida and Pennsylvania are directed to provide, within seven days, responses to Merck's interrogatories relating to the relief sought (*i.e.,* Int. Nos. 15-17, 19-27) and produce documents responsive to the related Requests for Production (*i.e.,* RFP Nos. 15-27, 30) that describe the nature and quantity of relief they are seeking, and the methodology by which they plan to calculate such relief. If Merck believes that such supplemental responses fail to provide the information ordered by the Court, it shall so advise the affected Plaintiff by letter. Such Plaintiff shall respond in writing. Any remaining disputes about the completeness of the response can then be raised with the Court.

5. **Contention Interrogatories Relating to Misconduct Allegations:** Merck's motion to compel as to Interrogatories Nos. 10-12 is denied on the grounds that other discovery mechanisms, such as Rule 30(b)(6) depositions, are a more appropriate means of obtaining the types of information sought in those interrogatories.

6. **Electronically-Stored Information:** The Group 1 Plaintiffs have undertaken or have committed to undertake a search for responsive electronically-stored information using appropriate search terms. Plaintiffs and Merck are directed to meet and confer to develop a list of agreed upon search terms or agree upon the previously used search terms applicable to each Plaintiff's case. If the parties cannot agree upon such search terms, or other aspects of the scope of electronic discovery, they may present the dispute to the

Court.

7. **Medical History Data Concerning New York Program Recipients:** Regarding medical history data for New York Medicaid and EPIC beneficiaries, the parties shall meet and confer in an effort to agree upon that data to be produced pursuant to the process and schedule established in PTO 39A.

8. **FOIA, PUBLIC RECORDS, OR RIGHT-TO-KNOW REQUESTS:** All FOIA, Public Records, or Right to Know Requests issued by or on behalf of Merck to the Plaintiffs in the Government Actions are hereby stayed.

IT IS SO ORDERED.

NEW ORLEANS, LOUISIANA, this 13th day of September, 2010.

                                          HONORABLE ELDON E. FALLON
                                          UNITED STATES DISTRICT JUDGE