UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:      VIOXX
       Products Liability Litigation

THIS DOCUMENT RELATES TO :

Gene Weeks v. Merck & Co., Inc.,
Case No.: 05-cv-4578

Attorney Fee Lien Dispute of
Maria D. Tejedor v. Gene Weeks

MDL Docket No.: 1657
SECTION L
JUDGE FALLON
MAG. JUDGE KNOWLES

Special Master Patrick A. Juneau

## OPPOSITION OF PLAINTIFF'S COUNSEL RONALD R. BENJAMIN TO THE MOTION OF PLAINTIFF'S FORMER COUNSEL MARIA TEJEDOR TO STRIKE PLEADINGS OF RONALD BENJAMIN AND DENY MR. BENJAMIN'S REQUEST FOR ATTORNEY'S FEES AND COSTS.

Plaintiff Gene Weeks, by and through his counsel Ronald R. Benjamin, hereby opposes the motion of his former attorney, Maria Tejedor, "to Strike Pleadings of Ronald Benjamin and Deny Mr. Benjamin's Request for Attorney's Fees and Costs." The sole basis for the Tejedor motion is that Benjamin did not appear in New Orleans for an in-person settlement meeting with her on September 13, 2010, which Special Master Patrick Juneau had scheduled.

It is respectfully submitted that not only was Tejedor already aware prior to the September 13 date that Benjamin had filed a motion for summary judgment on her alleged attorney's fee lien, and that this Court had issued a subsequent order referring the motion

for summary judgment to the Special Master, but had been notified in advance by Benjamin that he would not appear in New Orleans on Friday, September 13 to meet with her, so that she would not incur the travel and expense. It is apparent she elected to appear anyway, and on Monday, September 16, filed the instant motion to strike, seeking a drastic sanction against Benjamin and absolving her of the necessity to oppose the summary judgment motion and, thus, award her alleged lien by default.

Benjamin submits that the Tejedor motion to strike and for other relief should be denied in its entirety, and turns now to the facts in support of his opposition.

## STATEMENT OF FACTS

In a decision dated February 18, 2010, this Court held Tejedor did not have standing to bring a motion on to enforce the Master Settlement Agreement against plaintiff Gene Weeks. *See* Order & Reasons, Rec. Doc. 34879, at p.12. The court further noted that if Tejedor felt she was entitled to fees for the work she completed on behalf of Mr. Weeks, the appropriate remedy was to assert a fee lien in compliance with Pretrial Order 47. *Id.*

Thereafter, on March 18, 2010, this Court issued an order in all cases with pending attorneys fee liens filed pursuant to Pretrial Order 47A in which "Special Master Juneau, by this Order is hereby authorized to evaluate all disputed liens for attorneys' fees and expenses relating to Vioxx Settlement Payments... and issue a report and recommendation to the Court." *See* Order, Rec. Doc. 37739, at p.1.

In a June 14, 2010, letter to counsel, Special Master Juneau indicated that a hearing

on the dispute herein was set for October 19, 2010, in the U. S. District Courthouse in New Orleans.  *See* copy of letter annexed hereto as **Exhibit A**.  Among other deadlines in the letter, Special Master Juneau set September 13, 2010, as the "Deadline for all involved parties to have an in-person meeting to try to amicably resolve this dispute" and stating, "If the parties cannot agree on a location for the meeting, then the meeting shall be held in New Orleans, Lousiana." *Id.,* at p.2.

On August 2, 2010, attorney Tejedor wrote a letter to Special Master Juneau in which she claimed she had made "numerous attempts to schedule this in person meeting with Mr. Benjamin, to no avail." *See* Tejedor letter annexed hereto as **Exhibit B**, at p.1. She also alleged, "we have been unable to do so due to Mr. Benjamin being non-responsive." *Id.*

On August 10, 2010, Benjamin responded to Tejedor's letter stating that it is "not accurate" that she made numerous attempts to schedule an in-person meeting, and that, instead, he had initiated calls to her and that, "In the only conversation I've had with her, Ms. Tejedor advised she was entitled to 100% of the fee and did not want to have any further discussion in connection with the same." *See* Benjamin letter annexed hereto as **Exhibit C**, at p. 1.  Benjamin also indicated he had contacted her office after her aforesaid letter, spoke with an attorney who indicated they would "seek relief from the in-person requirement in the order, but I have heard nothing back from them." *Id.*

In his letter, Benjamin objected to the in-person meeting stating, "it does not seem

useful to have an in-person meeting since matters are sufficiently polarized to make that a significant waste of time and money." He also indicated, I will be making a motion for summary judgment which I believe should be dispositive on the issue of entitlement [to] fees." *Id.*

Special Master Juneau responded to the parties in a letter dated August 17, 2010, in which he noted the "difficulties in scheduling an in-person meeting," and stated, "If you cannot reach an agreement on an amicable date and location for the in-person meeting, please advise and I will select the date and schedule the meeting to take place in New Orleans." *See* Juneau letter annexed hereto as **Exhibit D** (without enclosures).

Thereafter, on or about August 20, 2010, Benjamin filed the motion for summary judgment. *See* Rec. Doc. 49974.

In a letter to counsel dated September 2, Special Master Juneau attached an August 27 letter from Tejedor and stated, "In view of the continued difficulties in scheduling the mandatory in-person meeting, please be advised that I am hereby scheduling the meeting to take place at 10:00 a.m. on Monday, September 13, 2010 in New Orleans." *See* Juneau letter annexed hereto as **Exhibit E.** The meeting was to "be held at the Hilton Hotel," and the Special Master stated: "Recall that this is a <u>mandatory</u> meeting, and all involved parties must attend the meeting in person.: *Id.*

On September 3, 2010, this Court issued an Order referring the motion for summary judgment to Special Master Juneau, "who shall take all appropriate steps to address the

disputed lien and issue a report and recommendation to the Court." *See* Order, Rec. Doc. 50995, at p.1.

Also, on September 3, 2010, Benjamin wrote to Special Master Juneau requesting that he "adjourn if not dispense with the mandatory meeting...., at least until the summary judgment motion which is pending has been decided." *See* Benjamin letter annexed hereto as **Exhibit F**. He noted he had been "unable to get through to Ms. Tejedor by telephone so it is difficult to discern the purpose of the mandatory meeting since it is obvious she has no intent to discuss settlement but is simply going through the motion for reasons known only to her." *Id.* Benjamin also stated that, "under the current circumstances the mandatory in-person meeting is purely punitive" and requested that:

> ...the matter be adjourned until after the summary judgment motion is decided with leave to move to dispense with the requirement or develop a mechanism that would make any settlement discussions meaningful rather than a waste of time and expenses.

*Id.* As this letter reflects, Benjamin objected to the need and purpose of the in-person meeting to discuss settlement with Tejedor, particularly in light of the circumstances he had outlined in his correspondence on the matter.

At no time prior to September 13 did Benjamin received a response from Special Master Juneau to the September 3rd letter with respect to the reasonable requests therein to dispense with or, at minimum, adjourn the in-person meeting.

On September 10, Benjamin faxed a letter to attorney Tejedor advising her in advance that he would not be attending the in-person meeting in New Orleans on

September 13, and advising: "The purpose of this fax is to avoid any unnecessary expense and travel time on your part." *See* Benjamin letter annexed hereto as **Exhibit G**. However, according her moving papers, Ms. Tejedor apparently disregarded the letter and appeared in New Orleans for the in-person meeting.

Based on the above facts, plaintiff's counsel turns to his argument in opposition.

## ARGUMENT

### ATTORNEY TEJEDOR'S MOTION IS BASED SOLELY ON THE ALLEGATION THAT BENJAMIN FAILED TO APPEAR IN NEW ORLEANS FOR THE MANDATORY IN-PERON MEETING WHICH, IT IS SUBMITTED, CONSTITUTED AN IMPERMISSIBLE IMPOSITION OF SETTLEMENT NEGOTIATIONS ON UNWILLING LITIGANTS, AND HER MOTION SHOULD BE DENIED IN ITS ENTIRETY.

While judicial encouragement of settlement is laudable, it is respectfully submitted that compelling the parties to engage in settlement negotiations is neither proper nor an appropriate step by the Special Master to address the disputed lien and issue a record and recommendation to this Court. The Fifth Circuit has stated the underlying principles as follows:

> Obviously, there is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion. Such a result cannot be tolerated. *See National Ass'n of Gov't Employees, Inc. v. National Federation of Fed. Employees*, 844 F.2d 216, 223 (5th Cir.1988) ("[f]ailure to compromise a case ... even pursuant to terms suggested by the court, does not constitute grounds for imposing sanctions"); *see also In re Ashcroft*, 888 F.2d 546, 547 (8th Cir.1989) ("[p]retrial-conference discussion of settlement is designed to

-6-

> encourage and facilitate settlement ... but it is not designed to impose settlement upon unwilling litigants"); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d at 653 ("If this case represented a situation where ... [a party] was sanctioned because [it] refused to make an offer to pay money--that is, refused to submit to settlement coercion--we would be faced with a ... situation we would not countenance"); *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir.1985) ("the law ... does not sanction efforts by trial judges to effect settlements through coercion"); *Abney v. Patten*, 696 F.Supp. 567, 568 (W.D.Okla.1987) ("The horses may be led to water. Whether they drink is up to them.").

Dawson v. United States, 68 F.3d 886, 898 (5th Cir. 1995). In Abney v. Patten, *supra*, the district court made clear, referring to the settlement authority in Rule 16, that:

> Obviously the Rule does not permit compelled settlements, nor even the imposition of settlement negotiations on unwilling litigants. *See* Report of the Advisory Committee on Federal Civil Rules, 97 F.R.D. 165, 211 (1982).

*Id.*, 696 F.Supp. at 568. In G. Heileman Brewing Co. v. Joseph Oat Corp., *supra*, the court explained that the Advisory Committee "Notes clearly draw a distinction between being required to attend a settlement conference and being required to participate in settlement negotiations." *Id.*, 871 F.2d 648, 653 7th Cir. 1989).

In the instant case, it is respectfully submitted that compelling in-person settlement negotiations between Tejedor and Benjamin, and requiring that the same take place in a New Orleans hotel which will involve substantial time and expense are not appropriate steps under this Court's referral orders or under the federal rules. Not only was the in-person meeting in the case at bar not a scheduled court conference, but rather a meeting in a hotel, it is respectfully submitted that the following rulings of the Seventh Circuit in G. Heileman Brewing Co. v. Joseph Oat Corp., *supra*, are pertinent here:

> [C]ircumstances could arise in which requiring ... any litigant ... to appear at a pretrial settlement conference would be so onerous, so clearly unproductive, or so expensive in relation to the size, value, and complexity of the case that it might be an abuse of discretion. Moreover, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citation omitted).

*Id.*, 871 F.2d at 654. While it is doubtful the Special Master should compel the parties to have settlement negotiations over the telephone or in person, it is respectfully submitted the Special Master abused his discretion by scheduling and later not dispensing with or adjourning the in-person meeting in the instant case in response to Benjamin's request and this Court's referral of the summary judgment motion.

Scheduling a mandatory in-person settlement meeting between the parties appears to go beyond the initial and subsequent referrals in this case and should not form the basis of some kind of self-executing sanction, particularly under the circumstances of the instant lien dispute. Moreover, the same becomes coercive where one (or both) of the parties is clearly unwilling to participate in settlement negotiations. Here, there is no indication that Tejedor had an intention of reducing her claim to 100% of the attorney's fees, and Benjamin not only asked to dispense with or adjourn the in-person meeting, but filed a motion for summary judgment that, if granted, would obviate any need for any settlement discussions. His request to dispense or adjourn was not ruled upon, which, it is respectfully submitted, confirms this Court's September 3 referral of said motion to the Special Master obviated the prior scheduling of the in-person meeting.

The relief sought by Tejedor in her motion underscores her view that the in-person meeting for settlement negotiation purposes was compelled under the coercive threat of sanctions such as dismissing "all pleadings", including the motion for summary judgment, which she has not yet opposed, but which has already been referred to the Special Master to report and recommend. Attorney Tejedor has not yet opposed the summary judgment motion and her instant motion appears to be an end-run around the motion for summary judgment, since its purpose would be to strike the motion which she appears to refer to as a "pleading". Her motion asks that the Court make an impermissible leap that clearly indicates the scheduling of the in-person meeting was intended to be coercive.

## CONCLUSION

Plaintiff respectfully submits this Court should deny the motion of attorney Maria D. Tejedor to strike "all pleadings" and deny Benjamin's pending motion for fees against her, along with such other and further relief as is just and proper.

Dated: September 21, 2010
       Binghamton, New York

                          Respectfully submitted,

                          /s/ Ronald R. Benjamin
                          Ronald R. Benjamin Fed Bar Roll No.: 101131
                          Law Office of Ronald R. Benjamin
                          126 Riverside Drive, PO Box 607
                          Binghamton, New York 13902
                          (607)- 772-1442
                          ronbenjaminlaw@stny.rr.com