```
DANNY BELL CDC#K-68611
P.O. BOX 950
F.S.P.      5/AB2/28
FOLSOM, CA 95763
```

TENDERED FOR FILING

AUG 30 2010

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   SEP 2 3 2010

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document Relates To:<br>DANNY BELL,<br>V.<br>MERCK & Co., et al.,<br>DOCKET No. 2:05-cv-01243 | MDL DOCKET NO. 1657<br><br>SECTION L(3)<br><br>JUDGE ELDON FALLON<br>MAGISTRATE JUDGE KNOWLES |



**NOTICE AND MOTION FOR REQUEST FOR RELIEF FROM JUDGMENT, F.R.Civ.,Proc. §§60, 60(b)(3); 23, 23(c)(2),(b)(3)**

TO THE HONORABLE ELDON E. FALLON, UNITED STATES DISTRICT COURT JUDGE AND MAGISTRATE JUDGE KNOWLES OF THE EASTERN DISTRICT OF LOUISIANA.

**COME NOW:** Danny Bell, Plaintiff/Appellant in the above captioned cause, seeking Order of the Court to Vacate Judgment of June 16, 2010, by United States Eastern District Court of Louisiana, Order Of Dismissal with Prejudice, the claims of Plaintiff Bell in case No. MDL DOCKET NO. 1657, SECTION L(3), civ-#2:05-cv-01243 EEF-DEK, OF THE UNITED STATES EASTERN DISTRICT COURT OF LOUISIANA, (APPENDIX-A-), transferred from docket #:2:04-cv-02473 of the United States Eastern District Court of California, on 3/28/2005, due to Class Certification and process.(see APPENDIX-B-)

"INTRODUCTION"

Plaintiff Danny Bell, is an inmate in the California Department of Corrections and Rehabilitation(CDCR). Plaintiff Bell filed a 42 USCA § 1983 Civil Complaint in the United States Eastern District Court of California on the date of 11/19/2004 and transferred due MDL Order, on 3/28/2005 and for class certification Plaintiff Bell requested jury trial."(APPENDIX-C-) the Court appointed Liaison Counsel, for plaintiff' and defendant' on the date of March 14, 2005, the Court specifically instructed liaison counsel that plaintiff Bell were an inmate in the CDCR, and instructed Liaison counsel to take the appropriate action concerning plaintiff request as to whom would be his counsel.(APPENDIX-D-)

During the Month of October, 2007, counsel negotiated a settlement deal, in behalf of all claims of MDL 1657 -some 47,000 class plaintiff' (see MASTER SETTLEMENT AGREEMENT, wherein the actual document were withheld from plaintiff by liaison counsel, even after plaintiff' several request to liaison counsel for a copy of the M.S.A.

Plaintiff Bell, an inmate in the California Department of Corrections and Rehabilitation (CDCR) 42 USCA § 1983 action were transferred from the proper jurisdictional forum in the Eastern District of California to a Complex Multi District Litigation forum in the state of Louisiana. The forum state of Louisiana, litigated the class action through the internet. As an inmate in CDCR, plaintiff maintains "no" access to the internet. Plaintiff did a motion to the Court informing of his status as an inmate and made request for attorney representation due plaintiff's status.(APPENDIX-D-)

Judge Eldon Fallon of the forum District Court of Louisiana issued an order for plaintiff's Liaison Counsel to "take appropriate action with regard to plaintiff's motion. Plaintiff did not hear from the Court again until the Court's June 16, 2010, Order of Dismissal, pursuant to plaintiff' release. Plaintiff has presented several motions pursuant to the actions of the parties assigned to adjudicate this matter; The Court has not responded to any of plaintiff' motions.

I

**PLAINTIFF SHOULD MAINTAIN HIS SHARE IN EQUITY OF THE NEGOATIATED SETTLEMENT, BY OR THROUGH THE MISREPRESENTATION OF LIAISON COUNSEL.**

As a class plaintiff, Liaison counsel has Fraudulently Concealed from plaintiff -even after plaintiff' repeated letters of request- for a copy of the MASTER SETTLEMENT AGREEMENT. Liaison Counsel failed to give plaintiff Bell, the notice requirements of Fed. R. Civ. Proc., § 23(c)(2)(B) providing basis of which to assess plaintiff's claims: Liaison Counsel has failed to; (1) inform plaintiff whom Class Counsel is and failed to display the address of class counsel. (2) inform plaintiff Bell, as to whether the settlement were for all Claims by all plaintiff'. (3) failed to inform what an objection requires. (4) that plaintiff may enter an appearance through an attorney. (5) failed to inform class members of the scope of the claims covered by the settlement. (6) failed to disclose any special benefits or incentives to the class representatives. The Liaison counsel informed plaintiff only of the calculated coverage of heart attack/death claims, and did not explain whether the settlement addressed all claims / of all class plaintiff'.

In response to the Court's July 6, 2005 Order to liaison to assist plaintiff request as to counsel, Liaison counsel, provided plaintiff with a copy of the first 14 Pre Trial Orders(PTO) and provided plaintiff with the names of two attorneys of which Liaison counsel recommended plaintiff contact.(APPENDIX-E-) When plaintiff contacted the attorneys as plaintiff were instructed, both attorneys refused plaintiff representation. Plaintiff is not an attorney and did not know that a **class counsel** were assigned to the class of plaintiffs inducted into the MDL.

Plaintiff Bell, through due diligence, having the list of attorneys representing Vioxx clients, plaintiff miled some 300 request for representation to the attorneys

2.

listed. One attorney complied but a CDCR corrections officer interfered and obstructed the mailing process wherein the attorney's representation were dependent on plaintiff meeting certain deadlines ordered by the Court, to file Plaintiff and Defendant Profile forms (PPF and DPF).(see EASTERN DISTRICT OF CALIFORNIA Docket No. 2:06-cv-00886-FCD-KJM and UNITED STATES NINTH CIRCUIT COURT OF APPEALS NO. 08-17125 (APPENDIX-F-)

During the process, Liaison Counsel provided plaintiff with (PTO) no.'s 16-18, informing plaintiff of the Court's Order for each claimant to file PPF and on the date of 6/19/2007, Liaison Counsel wrote plaintiff concerning the filing of an Amended PPF, of which plaintiff complied. Inferences that plaintiff were represented by liaison counsel.(see APPENDIX-G-)

On the date of December 12, 2007 Liaison counsel wrote plaintiff instructing plaintiff that Merck had reached a settlement regarding Vioxx claimants who suffered a heart attack, including sudden cardiac and death. That the sum offered by Merck was $4.85 billion, to be allocated among some 47.000, claimants. Liaison counsel instructed to plaintiff Bell that the settlement depended upon the participation of some 85% of qualified claimants for the agreement to be accepted by Defendant Merck, or Merck has the right to withdraw the agreement if enough qualified claimants do not participate in the settlement agreement.(APPENDIX-H-)

Liaison counsel instructed plaintiff Bell, that injoining in the settlement agreement would provide the most speedy and accurate means of receiving compensation for plaintiff's case resolve."

After, enjioning the settlement program as instructed by Liaison Counsel, plaintiff did not hear again from the Liaison counsel. Plaintiff wrote to liaison counsel, several letters requesting a copy of the alleged MASTER SETTLEMENT AGREEMENT(MSA), after the Claims Administrator consistently used portions of the MSA as claims that plaintiff' filings were not in accord to the provisions of the MSA. The Claims Administrator overburdened plaintiff with having plaintiff make multiple filings of the same documents of which the Claims Administrator knew were in the document depository. Plaintiff were in no position to defend his interest against the Claims Administrator, whom interest were to dispose of plaintiff' claim due some technical violation created by the Claims Administrator. Plaintiff concede liaison counsel performed as plaintiff counsel to work a fraud upon plaintiff and to enrich himself in the role of adverse party. see U.S. V. DENHAM, 817 F.2D 1307,1309.

Plaintiff Bell has received no further communication from Liaison counsel after liaison counsel's assertion to plaintiff that the administrative process adjudicated by third partys of conflicting interest would be the most speedy way of plaintiff's receiving the claimed remedys of compensation.

3.

Plaintiff Bell did a F.R.Civ. P. §60(b), 1-3, in the month of August, 2009, to the Court, complaining of the dispositive factfinding made by the Claims Administrator, without affording plaintiff opportunity to rebut. The Court did not respond to plaintiff's Motion.

Plaintiff Bell claims the process administered by the Liaison Counsel of having plaintiff enroll in a calculated forum of preferred treatment to one kind of injury, did invalidate the claims as presented in plaintiff's complaint, was 'Fraud and a denial of the process as sanctioned by law. Further, the Court Process of having plaintiff cause removed from the forum Court in California and Order for transfer to the forum in Louisiana, without affording plaintiff the name and address of class counsel, after the cause were certified and providing plaintiff the assistance to compete in a Multi District Complex Litigation, was but "APPROPRIATIONS" of cases needed to bring about financial gain for a preferred group of plaintiffs.

Liaison Counsel, after finding plaintiff without internet access, did not provide plaintiff with the name and address of the Class Counsel. Instead, Liaison labeled plaintiff as a Pro Se plaintiff as were not required assistance from Liaison counsel, knowing plaintiff is an inmate in the CDCR, with no computer or internet access. Is a direct violation of PTO #5A, wherein Liaison counsel only communicated with plaintiff until plaintiff agreement were secured by liaison counsel in acquiring the 85% class plaintiff's necessary to attain the settlement offered by defendant Merck. Said actions violates, F.R.Civ., P. §§ 23, 23(d)(1), wherein plaintiff did not receive any updates of communication with respect to the Court proceedings. Plaintiff were of the opinion that the negotiated settlement were a negotiation of all claims against all defendant's including Defendant Merck and Folsom Prison Dr. and Pharmacist.(SEE APPENDIX-I-) Liaison counsel' actions of withholding from plaintiff the name and address of the Class Counsel and incorporating plaintiff in an Administrative forum without providing plaintiff with knowledge as to what exactly were this administrative proceeding or the provisions of the MASTER SETTLEMENT AGREEMENT, or inform plaintiff of the facts as to whether the administrative proceeding covered all claims of all class plaintiffs representation, did violate Federal Trade Commission Act §§ 5, 5,(a), as amended Title 15, U.S.C.A. §§ 45, 45(a)(6), "Deceptive Trade Practices" against insular minorities, leaving plaintiff of the opinion, that, "the Claims Administrator's duty were the only means of securing the administration of funding provided by Defendant Merck, in behalf of all claims of all defendants.(APPENDIX-H-)

### MEMORANDUM AND AUTHORITIES

The intent of the parties, when entering a settlement agreement is an issue of fact

to be decided by the District Court. see JENNINGS V. METROPOLITAN GOV'T., OF NASHVILLE, 841 F.2d at 1111, 1114 (6th Cir. 1983); BROWN V. COUNTY OF GENESEE, 872 F.2d 169, 174 (6th Cir. 1989)

The Administrative proceeding that plaintiff were made to believe were the only means of plaintiff receiving his case remedys, made a dispositive adjudications in violation of F.R.Civ., Proc. § 23(b)(1)(B). Dispite plaintiff Bell's medical records displaying existence of miocardial infractions, the Administrative proceeding made dispositive adjudictaions based on plaintiff medical record -ignoring those aspects of the record- without affording plaintiff opportunity to rebut the findings, nor did the Administrative proceeding inform or give Notice as to exactly what the functions of the Administrator. Plaintiff were of the opinion that if plaintiff submit his Release Of Claims that the Claims Administrator would make a calculation as to the amount of the settlement plaintiff would receive. No Notice were made to plaintiff that adjudications based on plaintiff' medical record, or which of the many cited Vioxx based damages plaintiff would have to concisely choose to state plaintiff's claim concluding in a dispositive adjudication made by the Claims Administrator. see TYLER V. JUDGES OF COURT OF REGISTRATION, 21 S.CT. 206, 179 U.S. 405, 411. (see APPENDIX-I-)

Court's have on occasion to observe in CALIFORNIA V. SAN PABLO & T.R. Co., 149 U.S. 308, 314, 37 L.ED. 747, 749, 13 S.Ct. Rep. 876,("the duty of the court) as of every judicial tribunal, is limited to determining rights of persons or of property. which are actually controverted in the particular case before it." When in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the Court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rule of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court, or in any other case can enlarge the power or affect the duty of the court in this regard. see also (LORD V. VEAZIE, 8 How. 251, 12 L.Ed 1067; CLEVELAND V. CHAMBERLIN, 1 Black, 419, 17 L.Ed. 93; KIMBALL V. KIMBALL, 174 U.S. 158, 43 L.Ed. 932, 19 S.Ct. Rep. 639.

In plaintiff' case, the only questions in dispute, relates as to whether the MASTER SETTLEMENT AGREEMENT, disposes/covers all claims presented by plaintiff and like class members of MDL 1657, and whether plaintiff were of that class.(see F.R.Civ. Proc. §23(a).

A copy of plaintiff Bell's (sic) MOTION FOR INCLUSION IN SETTLEMENT PROGRAM CONSENT DECREE AND ORDER, clearly displays plaintiff's intent in making a release to plaintiff' claims. Plaintiff's intent were that based on the info from Liaison Counsel -whom plaintiff assumed were representative of the class- the negotiated settlement were to compensate 47,000 class plaintiff of the various causes of Vioxx defects, of which were

5.

not sponsored by proper notice.(see **APPENDIX-I-**)

In **SHELTON V. PARGO,** 582 F.2d 1298 "by assertive role on behalf of the alleged class, defendants accepted **fiduciary** obligation towards the members they have chose to represent. They may not abandon that fiduciary role they assumed at will and in agreement with an appellant, if prejudice to the members of the class they claimed to represent would result or if they have improperly used the class action procedure for their personal aggrandizement. This has been declared in repeated decisions. Thus in **CHOEN V. BENEFICIAL LOAN GROUP,** (1949) 337 U.S. 541, 549-550, 69 S.CT. 12221, 1227, 95 L.Ed. 1528, "relief is available where the loss of standing due the actions of the representative and not an involuntary loss of standing on the part of plaintiff arising out of events beyond the plaintiff' control.

In violation of F.R. Civ. Proc., 23 et al., liaison counsel failed to give notice of the MASTER SETTLEMENT AGREEMENT provisions, before holding a disposative adjudication, seeking dismissal of plaintiff from the class without due process, for personal gain, warrant's this Court's review. Further 'if neither loss of benefits to the class nor evidence of collusive agreements is present, notice of dismissal is unnecessary. The misuse of the Class Action Procedure did cause prejucdice to plaintiff -who fit the prerequisites of the class members. Plaintiff initiated his case in the month of December 2004, two months after the Vioxx recall. Surely there were class members whom maintained class status who filed after plaintiff's filings.

Plaintiff has satisfied the requirements of F.R.C.Proc. § 23 violation. Plaintiff 42 U.S.C. 1983 complaint raised claims against Merck and Dr. Torruella and Folsom Pharmacist, failure to give Notice of dangerous side effects of the medication VIOXX and which the medication caused harm. Defendant's circumventing the MASTER SETTLEMENT AGREEMENT, by making disposative adjudications to deny duly shareholders of the settlement agreement their full compense is denial of property interest in violation of the due process Clause of the United States Constitution Fourteenth Amendment.

An arbitration award will be set aside only if the arbitrator's conduct or Bad Faith" substantially prejudiced the rights of one of the parties, if the award violates, established policy or the arbitration exceeds his powers (by arbitrating issues not agreed on by both parties). When a scheme is evolved which on it's face violates the fundamental rules of honesty and fair dealing, a court of equity is not impotent to frustrate its consummation because the scheme is an original one. see **F.T.C. V. THE SPERRY & HUTCHINSON CO.** (1972) 405 U.S. 233, 240, 92 S.Ct. 898, 903, 31 L.Ed.2d. 170, 177.

Plaintiff claims "there were no "definate terms made to the contract offered by liaison counsel for a claims evaluation process by a claims administrator. Plaintiff' agreement were specifically to be based on the terms established in plaintiff (sic)

MOTION FOR INCLUSION IN SETTLEMENT PROGRAM/ CONSENT DECREE AND ORDRE.  Plaintiff specifically were of the understanding that a settlement being negotiated by liaison counsel and defendant Merck, involved defendant Merck, proposing a settlement range for some 47,000 qualified plaintiff' at an estimate of 4.85 billion, in that a trial for each of these cases (win or loose) would cost Merck an average of 400.000 dollars. Merck would save some 13 billion in cost of litigating trials in each case.

## CONCLUSION

For the foregoing reasons:  The misrepresentations of Liaison counsel, (1) withholding from plaintiff the scope of the actual claims covered by the MASTER SETTLEMENT AGREEMENT, (2) and Liaison counsel withholding from plaintiff fact that he were representative of the class certified by the court, (3) or give plaintiff the Class Counsel's name and address.  This Court should hold Liaison counsel's actions as violative of the fundamental rules of honesty and fair dealings and deceptive use of and unfair methods of competition in violation of Federal Trade commission Act §5; Title 15 U.S.C.A. § 45; Fed.R.Civ.Proc. § 23 and the Court's Pre Trial Order # 5.

Plaintiff, an individual American Veteran, is an inmate in the Unconstitutionally declared, California Dept. of Corrections and Rehabilitation, is not an Attorney, but an individual seeking to assert his Constitutional Responsibilities.

Here, Liaison Counsel's seudo inference that he were performing as my counsel, only to work a fraud upon me and to enrich himself in the role of adverse party, by (1) responding to Pre Trial Order # 5A, as counsel, only until Liaison counsel acquired my induction in the Administrative Proceeding, wherein disposative adjudications made by the Administrator as to fact of injury found in my medical Records, dispite the record specific showing that plaintiff has suffered Miocardial infractions.  this Court should make an Cease and Decist Order, sanctioning Liaison counsel for the full amount due plaintiff had plaintiff been afforded the protections that liaison counsel fiduciary duties entailed, or for any other Order this Honorable Court holds in accord to justice.

DATE 8-25, 2010

DANNY BELL, PRO SE PLAINTIFF