# APPENDIX

# A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| **Product Liability Litigation** | * | |
| | * | SECTION L |
| This document relates to: | * | |
| | * | |
| **Danny Bell** | * | JUDGE FALLON |
| *v.* | * | |
| *Merck & Co., Inc., et al.* | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| Docket No. 2:05-cv-01243 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ORDER OF DISMISSAL WITH PREJUDICE</u>

Considering the foregoing Stipulation of Dismissal With Prejudice,

IT IS ORDERED that the claims of plaintiff Danny Bell in the above-captioned case be

and they hereby are dismissed with prejudice with each party to bear his or her own costs.

NEW ORLEANS, LOUISIANA, this 16th day of _____June_____, 2010.

_____

DISTRICT JUDGE

MIME-Version:1.0
From:Efile_Notice@laed.uscourts.gov
To:Efile_Information
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:<4107047@laed.uscourts.gov>
Subject:Activity in Case 2:05-cv-01243-EEF-DEK Bell v. Merck & Co Inc et al
Stipulation and Order of Dismissal
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER
access fees apply to all other users. To avoid later charges, download a
copy of each document during this first viewing. However, if the
referenced document is a transcript, the free copy and 30 page limit do not
apply.
U. S. District Court
Eastern District of Louisiana

Notice of Electronic Filing
The following transaction was entered on 6/17/2010 1:44 PM CDT and filed
on 6/16/2010

Case Name: Bell v. Merck & Co Inc et al
Case Number: 2:05-cv-01243-EEF-DEK
https://ecf.laed.uscourts.gov/cgi-bin/DktRpt.pl?92943

Filer: Merck & Co IncDanny BellFolsom State Prison PharmacistToruella
WARNING: CASE CLOSED on 06/16/2010

Document Number: 3

Copy the URL address from the line below into the location bar of your Web
browser to view the document: Document:
https://ecf.laed.uscourts.gov/doc1/08514218792?caseid=92943&de_seq_num=18&m
agic_num=MAGIC


Docket Text:
ORDER granting STIPULATION OF DISMISSAL with prejudice by All Parties.
Signed
by Judge Eldon E. Fallon on 6/16/2010.(cms, )
2:05-cv-01243-EEF-DEK Notice has been electronically mailed to:


2:05-cv-01243-EEF-DEK Notice has been delivered by other means to:
Danny Bell
K-68611
Folsom State Prison
P.O. Box 950
Folsom, CA 95763


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1091133085 [Date=6/17/2010] [FileNumber=4107046-0]
[7fc3e31c374bf0b1247fa5f640819274299297884a741a5f0d0b5e56325d05eb75821e10bae
6e99e1fc11efedf7f27c14a0633b38209cf481f0ef063611e8e711]]

# APPENDIX

# B

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### OFFICE OF THE CLERK

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

April 5, 2005

# FILED

#### APR 1 1 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

*FCD*

Jack Wagner, Clerk
United States District Court
Eastern District of California
501 I Street, Sutie 4-200
Sacramento, CA 95814

In Re: MDL 1657 Vioxx Products Liability Litigation

Your Case No. C.A. 2:04-2473 Danny Bell
v. Merck & Co., Inc.
Our Case No. C.A. 05-1243 L (3)

Dear Mr. Wagner:

Enclosed is a certified copy of a transfer order received from the Multidistrict Litigation Panel in Washington, D.C. It instructs that the case listed above be transferred to our district for disposition pursuant to Title 28 USC 1407, as soon as possible. Our office has assigned a new civil action number to this case as referenced above.

**DO NOT FORWARD THE ORIGINAL RECORD.** The Honorable Eldon E. Fallon, U.S. District Court Judge issued an order directing that the transfer of records consist of only a certified copy of the complaint, any amendments, the docket sheet and the MDL Transfer Order, together with a copy of the transfer letter be forwarded to the transferor court.

**Due to the high volume of cases involved in this litigation please provide paper copies of the above documents instead of simply referring to your website.** Your prompt attention in this matter is greatly appreciated.

Should you have any questions regarding this request, please contact Dina Guilbeau at (504)589-7704.

Very truly yours,
Loretta G. Whyte, Clerk

By_____
Deputy Clerk

Enclosures

cc: Judicial Panel on Multidistrict Litigation

# APPENDIX

# C

CLOSED, PRO_SE

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
### CIVIL DOCKET FOR CASE #: 2:04-cv-02473-FCD-JFM

(PS)Bell v. Merck & Co Inc, et al
Assigned to: Judge Frank C. Damrell, Jr
Referred to: Magistrate Judge John F. Moulds
Demand: $0
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 11/19/2004
Date Terminated: 03/28/2005
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Danny Bell**
　　　　　　　　　　　　　　　　　represented by **Danny Bell**
　　　　　　　　　　　　　　　　　　　　　　　K-68611
　　　　　　　　　　　　　　　　　　　　　　　FSP
　　　　　　　　　　　　　　　　　　　　　　　Folsom State Prison
　　　　　　　　　　　　　　　　　　　　　　　P O Box 950
　　　　　　　　　　　　　　　　　　　　　　　Folsom, CA 95763
　　　　　　　　　　　　　　　　　　　　　　　PRO SE

V.

**Defendant**

**Merck & Company, Inc.**

**Defendant**

**Folsom State Prison Pharmacist**

**Defendant**

**Torruella**
*doctor*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2004 | 1 | COMPLAINT for Prisoner Civil Rights, fee status request to proceed IFP, assigned to Judge Frank C. Damrell Jr referred to Magistrate Judge John F. Moulds (sk) (Entered: 11/22/2004) |
| 11/19/2004 | 2 | APPLICATION TO PROCEED IFP by plaintiff Danny Bell (sk) (Entered: 11/22/2004) |
| 12/01/2004 | 3 | ORDER by John F Moulds Magistrate Judge ORDERED that plaintiff's 11/19/04 in forma pauperis application is [2-1] DISMISSED without prejudice; the Clerk is directed to send plaintiff a new IFP application (cc: all counsel) (sk) (Entered: 12/01/2004) |

| 12/01/2004 | 4 | CONSENT to proceed before a Magistrate by plaintiff Danny Bell (sk) (Entered: 12/02/2004) |
|---|---|---|
| 12/06/2004 | 5 | APPLICATION TO PROCEED IFP by Pltf Danny Bell (lm) (Entered: 12/07/2004) |
| 12/08/2004 | 6 | AMENDED COMPLAINT by plaintiff Danny Bell (kdc) (Entered: 12/09/2004) |
| 12/16/2004 | 7 | APPLICATION TO PROCEED IFP by plaintiff Danny Bell (sk) (Entered: 12/17/2004) |
| 12/16/2004 | 8 | LETTER to court from plaintiff Danny Bell regarding his IFP [7-1] (sk) (Entered: 12/17/2004) |
| 01/06/2005 | 9 | NOTICE of CHANGE of ADDRESS by Danny Bell (Forester, C) (Entered: 01/07/2005) |
| 03/28/2005 | 10 | MDL ORDER: CASE TRANSFERRED to District of USDC District of Louisiana. certified copies of the complaint, transfer order, and docket sheet sent. CASE CLOSED, ***Civil Case Terminated. CASE CLOSED (Kirkpatrick, S) (Entered: 04/15/2005) |
| 04/15/2005 | | OTHER COURT CASE NUMBER from USDC District of Louisiana case number C.A. 05-1243 L (3). (Kirkpatrick, S) (TEXT ONLY) (Entered: 04/15/2005) |
| 05/20/2005 | 11 | NOTICE of records received by USDC District of Louisiana 4/18/05. (Sherman, T) (Entered: 05/23/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/18/2007 16:25:41 | | |
| PACER Login: | us3709 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:04-cv-02473-FCD-JFM |
| Billable Pages: | 1 | Cost: | 0.08 |

EXHIBIT
_1_
Bell

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office
ATTEST.  **JACK L. WAGNER**
Clerk, U. S. District Court
Eastern District of California
By _____
Deputy Clerk
Dated  4/5/05




FILED

DEC - 8 2004

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

1  DANNY BELL #K-68611
   P.S.P.     2/1B/02
2  P.O. BOX  715071
   Represa,, CA 95671-5071
3
   (IN PROPRIA PERSONIA)
4
5              IN THE UNITED STATES DISTRICT COURT          (ORIGINAL)
             FOR THE EASTERN DISTRICT OF CALIFORNIA
6  DANNY BELL,                    )   CASE NO. CIV.S-04-2473 FCD(JFM)
            PLAINTIFF             )
7                                 )     JURY TRIAL DEMANDED
                                  )
8      VS.                        )
                                  )
9  MERCK & CO INC et. al.,        )
            DEFENDANTS,           )

10                          COMPLAINT

11          1.    PRELIMINARY STATEMENT

12       1.  Plaintiff seeks to recover Compensatory and Punitive

13  money damages from the Defendants for Personal injuries and

14  damages suffered as a result of being victimized by Defendant's

15  "Depraved Professional Indifference" of Common Law Statutes which

16  warrant punishment due the Reprehensible Conduct of Defendants

17  which amounted to Assault and Battery on Plaintiff..."  "In that

18  Plaintiff gave Defendants Occupation and Business his "Implicit

19  Trust."

20

21       2.  Plaintiff seeks Injuncctive Relief "that, Defendants Properly

22  give Appropriate Warnings on All Future Prescriptions and or

23  Medications suspensed by Defendants or Defendants Co-contributors.

24

25            II JURISDICTION

26       3.  Jurisdiction of this Court is based on Diversity of

27  citizenship and California State Employees.  The Amount in

28

                              6

1  controversy, exclusive of interest and cost, exceeds 250.000.00.

2

3  ## III PARTIES

4  4.  Plaintiff Danny Bell is an adult who resides at Folsom

5  State Prison P.O. Box 715071, Represa, California, zip code 95671.

6

7  5.  Defendant MERCK & CO. INC. in employed as a Corporation In

8  Pennsylvania State, at P.O. Box 4 West Point, Pennsylvania, zip

9  code 19486.

10  ## IV STATEMENT OF CLAIM

11  6.I were prescribed the drug Vioxx and has been using the

12  medication since January 2001.  The medication were prescribed me

13  by Dr. Torruella of Old Folsom State Prison in California.  The

14  Drug Vioxx is a product of MERCK CO. INC.

15  7.  The MERCK CO., in accordance to 21 USCA §§ 208-211, 352-353;

16  California Codes, Business and Professions §§ 2241.5-2243, 4078;

17  California Codes, Health and Safety §§ 11150-11153, failed to give

18  appropriate warnings as to the dangerousness of the drug Vioxx,

19  ever. after several experimental investigations has revealed the

20  medication Vioxx warrants the MERCK CO., to place appropriate

21  labeling as not to be in violation of law as to "the mislabeling

22  of dangerous and or fatal side effects caused by the drug Vioxx.

23  8.  Some, one year after plaintiff started taking the drug Vioxx,

24  plaintiff began experiencing shivering in his chest heart area,

25  after taking high doses of Vioxx as prescribed by the facility

26  Physician Dr. Torruella.  Plaintiff were also having a newly

27  experience with bouts of High Blood Pressure during treatment with

28  the medication Vioxx. On several occasions Plaintiff had inquired

2.

358

1  with the Medical Technical Assistant and Dr. Torruella as to whether

2  it were coffee that caused adverse side effects with the drug Vioxx.

3  The Medical Technical Assistant and Dr. Torruella assured plaintiff

4  that it were not coffee or the drug causing side effects."

5      9.  On May 29, 2004 while asleep, Plaintiff experienced severe

6  excruciating pains in his chest, heart area, awakening plaintiff

7  from his sleep.  Plaintiff being an inmate told the tier officer

8  during early morning count procedures of his pains and the officer

9  told plaintiff that there would be no doctor until 7:30 am during

10  "sick call" procedure.  7:30 am plaintiff went and saw

11  Dr. Toruella and inquired for an alternate medication because of

12  the pains, shivering and bouts of blood pressure plaintiff were

13  experiencing due to the drug Vioxx.  Dr. Torruella refused at

14  first and two weeks later allowed plaintiff a prescription of the

15  medication Sulfasazine, of which plaintiff sought through study in

16  the Dr. Reference Journal," which had less side effects than

17  vioxx.  Plaintiff received both medications of Vioxx and

18  Sulfasalazine -from the months of June on through September, until

19  the drug Vioxx were Advertised on TV as a defective medication.

20  Plaintiff stop taking the Drug thereafter and requested of the

21  medical staff here at Old Folsom State Prison, for a full

22  Cardiograph Diagnosis as to exactly what damage plaintiff incurred

23  during the three year usage of the defective drug Vioxx.

24  Plaintiff is still awaiting response as to his request made on

25  October 3, 2004.

26      When Plaintiff first started taking Vioxx, Plaintiff read the

27  Dr. Reference Journal and the journal displayed Vioxx as a

28  relatively safe medication.  Plaintiff read in the Dr. Reference

3.

359

Medical Journal under "Cardiovscular Effects:

"In 3 studies the treatment of 2142 elderly patients with average ages of 78, "the mortality rate due to cardiovascular thrombotic events using Vioxx Versus NSAID was 8 versus 3 for Vioxx placebo respectively.

Three studies were done and the cautions in the Journal were only to patients with a medical history of heart disease with an average age of 78.

The Dr. Reference Journal concluded "the significance of cardiovsacular findings from those 3 studies is unknown. (2003 Dr. Reference Journal)"  Prospective studies specifically designed to compare the incidences of serious cardiovascular events in patients using vioxx Vs., NSAID comparators or placebo have not been performed.

In Plaintiff reading the Dr. Reference Journal, it appeared that Vioxx were relatively safe nd further plaintiff, considered the elderly patients the studies were done on had relatively lived a full life and if the medication  only caused 3 out of 2143 fatalities in people at an average of 78 years in age, their could possibly be no serious effects on plaintiff as plaintiff conceived himself a physically active and healthy person. When Plaintiff started getting those pains in his chest, plaintiff assumed that his age 48 were fairly the age where one start feeling infractions in the organs from the onset of aging.  Plaintiff concluded the cause of those  pains in his chest, which happened several times during the three years of taking Vioxx, were onset ageing.

Plaintiff had no way of concluding that, those pains in his chest that woke him up from his sleep were associated with the drug Vioxx. But since the manufactor MERCK CO., pulling Vioxx off

4.

360

1  the market as being a defective medication causing the side

2  effects plaintiff were experiencing.

3     Had plaintiff known that the Medication Vioxx was the cause of

4  serious cardiovascular effects including heart attacks and

5  possible fatality, "there is no way that plaintiff would have ever

6  started taking that medication and continued for that three year

7  duration which allowed the full effects of all serious side effects

8  taking Vioxx caused."

9     No "WARNINGS" were given me as to any "dangerous or Serious

10  side effects in taking Vioxx neither Verbal or Written."  It were

11  only after the drug were published on the TV as a dangerous drug

12  that I were alerted, the drug were indeed the cause of my pains

13  and sufferings.  That lack of warning has caused me to suffer

14  unnecessary pain and suffering and has caused much mental anguish

15  and actual damage to my person, warranting expensive medical

16  diagnosis.

17

18  WHEREFORE: Plaintiff demands judgment against the defendant in an

19  amount in excess of 3,500,000,00 plus Punitive damages and

20  Injunctive Relief.

21

22  DATE_____2004

23                          _____
                              DANNY BELL (PRO SE) PLAINTIFF

24                            DANNY BELL #K-68611
                              F.S.P.    2/1B/02
25                            P.O. BOX  715071
                              Represa,, CA 95671-5071
26

27

28
                                    5.

# APPENDIX

# D

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -6  PH 4:29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
        PRODUCTS LIABILITY LITIGATION

:
:
:
:
:
:
:
:
:

MDL NO. 1657

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**THIS DOCUMENT RELATES TO:**
*Danny Bell v. Merck & Co., Inc., et al.*, CA No. 05-1243 L(3)

### ORDER

The attached motion has been filed by a pro se inmate seeking appointment of counsel in the above captioned matter.  The Court directs Plaintiffs' Liaison Counsel to take appropriate action with regard to said motion.

New Orleans, Louisiana, this 6th day of July, 2005.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

<u>Clerk to serve:</u>
Danny Bell,  #K-68611
Folsom State Prison   5-BB2-09
P.O. Box 950
Folsom, CA 95763

_____ Fee_____
_____ Process_____
__X__ Dktd_____
__/__ CtRmDep_____
_____ Doc. No_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

                                        MDL NO. 1657

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION    :    SECTION: L

                                     :    JUDGE FALLON
                                     :    MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER #5A

      The Court has appointed the following persons to serve as Liaison Counsel in this matter:

For the plaintiffs:

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113
phone:  504-581-4892
fax:    504-561-6024
email:  rherman@hhkc.com

For the defendants:

Phillip A. Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130
phone:  504-581-3200
fax:    504-581-3361
email:  pwittmann@stonepigman.com

      IT IS ORDERED that all counsel within 5 days of receipt of this order shall provide to

the appropriate Liaison Counsel updated contact information to be used for service.*

Henceforth, service of all papers by the Court will be made on Liaison Counsel only. It shall

then be the responsibility of Liaison Counsel to serve said papers on each of the attorneys or

parties with whom that Liaison Counsel is affiliated. Accordingly, IT IS FURTHER ORDERED

that Paragraph 6 of Pretrial Order #1 regarding SERVICE is hereby AMENDED to reflect this

change.

      IT IS FURTHER ORDERED that all pretrial orders be posted on the Court's website for

MDL No. 1657 located at http://vioxx.laed.uscourts.gov.  These orders apply to all cases

presently filed as well as all subsequently filed, transferred, or removed cases.  Counsel shall

access these orders from the website.  Counsel unable to access the Court's website for MDL No.

1657 shall contact the Clerk of Court or Liaison Counsel for information on obtaining copies of

past pretrial orders.

   IT IS FURTHER ORDERED that Paragraph 10 of Pretrial Order #1 regarding

DOCKETING is hereby AMENDED to read as follows:

   DOCKETING---When an action that properly belongs as a part of In Re: VIOXX

Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred

here from another court, the Clerk of this Court shall:

   a. Place a copy of this Order (**Pretrial Order #5A**) in the separate file for

    such action;

   b. Make an appropriate entry on the master docket sheet;

   c. Mail to all counsel in the newly filed or transferred case a copy of this

    Order.

New Orleans, Louisiana, this _14_ day of _March_, 2005.

       ELDON E. FALLON
       UNITED STATES DISTRICT JUDGE

**\* The attached form should be filled out in duplicate and forwarded to both liaison
counsel.**

Attachment

# APPENDIX

# E

# HERMAN, HERMAN, KATZ & COTLAR

### L.L.P.
### Attorneys at Law

HARRY HERMAN (1914-1987)
RUSS M. HERMAN*
MAURY A. HERMAN*
MORTON H. KATZ*
SIDNEY A. COTLAR*
STEVEN J. LANE
LEONARD A. DAVIS*
JAMES C. KLICK*

STEPHEN J. HERMAN
BRIAN D. KATZ

DAVID K. FOX†
SOREN E. GISLESON

JOSEPH A. KOTT, M.D. J.D. (OF COUNSEL)

OFFICES IN NEW ORLEANS AND
COVINGTON, LOUISIANA

* A PROFESSIONAL LAW CORPORATION
‡ ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN WISCONSIN AND ILLINOIS

THIS FIRM AND ITS PARTNERS ARE ALSO
PARTNERS IN HERMAN, MATHIS, CASEY,
KITCHENS & GEREL, LLP

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892   FACSIMILE: (504) 561-6024
HTTP://WWW.HHKC.COM

June 6, 2005

### CERTIFIED MAIL RETURN
### RECEIPT REQUESTED NO. 7003 2260 0000 5596 1707

Danny Bell, #K-68611
Folsom State Prison 5-BB2-09
P.O. Box 950
Folsom, CA 95763

RE:   In re: Vioxx Products Liability Litigation
      MDL 1657
      United States District Court
      Eastern District of Louisiana

Dear Mr. Bell:

We are in receipt of your letter dated May 4, 2005.

There are presently a number of attorneys in California that are handling Vioxx matters. The following counsel are all located in California and we recommend that you contact one of these attorneys.

1.   Mark Robinson, Esq.
     Robinson, Calcagnie & Robinson
     620 Newport Center Drive
     7th Floor
     Newport Beach, CA 92660
     PH:   (949) 720-1288

2.   Thomas J. Brandi, Esq.
     Brandi Law Firm
     44 Montgomery Street
     Suite 1050
     San Francisco, CA 94104
     PH:   (415) 989-1800

June 6, 2005
PAGE 2

     You should be aware that the Court has established a website where Pre-Trial Orders and certain other Orders have been posted.  The Court will update the website on a regular basis.  Should you have access to internet, feel free to visit the Court's website located at <http://vioxx.laed.uscourts.gov/Orders/Orders.htm>.

     For your convenience we are enclosing a copy of each Pre-Trial Order that has been rendered thus far in MDL 1657.

Sincerely,

RUSS M. HERMAN

RMH:lmf
Enclosures
cc:   Honorable Eldon E. Fallon
       Phillip A. Wittmann, Esq.

MIME-Version:1.0
From:Efile_Notice@laed.uscourts.gov
To:Efile_Information@laed.uscourts.gov
Message-Id:<659484@laed.uscourts.gov>
Bcc:
Subject:Activity in Case 2:05-cv-01243-EEF-DEK Bell v. Merck & Co Inc et al
"Case Transferred In - District Transfer"
Content-Type: text/plain***NOTE TO PUBLIC ACCESS USERS*** You may view the
filed documents once without charge. To avoid later charges, download a
copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25
07:56:43-04 loy Exp \$' -->
U. S. District Court
Eastern District of Louisiana

Notice of Electronic Filing
The following transaction was entered on 4/26/2005 at 1:50 PM CDT and filed
on 4/18/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25
07:52:35-04 loy Exp \$'
Case Name: Bell v. Merck & Co Inc et al
Case Number: 2:05-cv-1243
http://ecf.laed.uscourts.gov/cgi-bin/DktRpt.pl?92943

Document Number: 1
Copy the URL address from the line below into the location bar of your Web
browser to view the document:
http://ecf.laed.uscourts.gov/cgi-bin/show_case_doc?1,92943,,MAGIC,

Docket Text:
Case transferred in from District of Eastern California; Case Number
2:04-cv-2473-FCD-JFM. Copy of file with documents numbered 1 & 6, certified copy
of transfer order and docket sheet received (Attachments: # (1) Pre Trial
Order #5A)(gec, )

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1091133085 [Date=4/26/2005] [FileNumber=659483-0]
[78e26b43e3d35983f11fb516fd73b3f05a7563daada3f744995c8b6527828f9b1637a67c30
b898b1f24ae65fe8a3e8a8025e1936c04bc1f515420ab4c0b7f90b]]

Document description: Pre Trial Order &#035;5A
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1091133085 [Date=4/26/2005] [FileNumber=659483-1]
[1e80629a9aedf95437fca8fc76bf1a3f8222006fe96980646ba81cfa9dec681597c9531912
ce2c3386cd5734d5e7d815df3ca08ceb5a9388e7dda9c8e6d40a81]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02
17:37:56-04 bibeau Exp \$' -->
2:05-cv-1243 Notice will be electronically mailed to:


2:05-cv-1243 Notice will be delivered by other means to:
Danny Bell
K-68611
Folsom State Prison
P.O. Box 715071
Represa, CA 95671



**HERMAN, HERMAN,
KATZ & COTLAR**
L.L.P.
Attorneys at Law

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone: (504) 581-4892    Facsimile: (504) 561-6024
http://www.hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

\* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

June 19, 2007

**CERTIFIED MAIL RETURN
RECEIPT REQUESTED NO. 7006 2760 0004 4148 7295**

Danny Bell
#K-68611
Folsom State Prison
P.O. Box 950
Folsom, CA 95763

RE:    In re: Vioxx Products Liability Litigation
MDL 1657
United States District Court
Eastern District of Louisiana

Dear Mr. Bell:

We are in receipt of an Order issued by United States District Judge Eldon E. Fallon on June 4, 2007, directing us to contact you to inform you of the status of MDL 1657 and to assist you in obtaining counsel.

You may recall that we have written you several times previously. Copies of our correspondence are enclosed. On June 6, 2005 we advised you of several lawyers in California that we recommended you contact. We do not know whether you contacted any of these attorneys, but strongly recommend that you communicate with them regarding any claim you may have relating to Vioxx. Thereafter, on November 6, 2005, we provided you an update, on January 16, 2007, we wrote you regarding the Plaintiff Profile Form and on February 9, 2007, we wrote regarding the Amended Plaintiff Profile Form.

Again, we remind you that information concerning updates in MDL 1657 can be obtained from the Court's website located at www.laed.uscourts.gov. For your ease and reference, we are enclosing copies of the two (2) most recent Joint Reports that were submitted at monthly status conferences. Joint Reports are also obtainable on the Court's website.

Danny Bell
June 19, 2007
PAGE 2


We hope this satisfies your inquiry regarding MDL 1657.

Sincerely,

LEONARD A. DAVIS


LAD:lmf
Enclosures
cc:    Honorable Eldon E. Fallon
       Phillip A. Wittmann, Esq.


W:\25000-29999\27115\000\CORR\LTR Bell, Danny ( Pro Se) re status 2007-6-19.wpd:LF

160

# APPENDIX

# F

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,

             Plaintiff,           No. CIV S-06-0886 FCD KJM P

     vs.

J. MEJIA,                 ORDER

            Defendant.

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.   On September 3, 2008, this court denied plaintiff's motion for summary judgment, granted defendant's motion for summary judgment, and entered judgment.  Plaintiff filed a timely notice of appeal on September 16, 2008.  On October 20, 2008, plaintiff filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(3)

      Because the pendency of the appeal in this case has deprived this court of jurisdiction over petitioner's motion, he must first determine whether this court is willing to consider his motion to vacate the judgment and then seek remand from the Court of Appeals. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).  He has failed to do so.

      The fraud which underlies plaintiff's motion arises out of the discovery proceeding in this case which, plaintiff alleges, were marred by fraudulent misrepresentations.

1

1  However, it appears that plaintiff would not have prevailed on summary judgment even if he had

2  prevailed on the motion to compel: plaintiff sought discovery to show that defendant Mejia had

3  in fact delayed plaintiff's mail from the courts and from potential counsel.  As he conceded

4  during the summary judgment proceedings, however, the delayed mail was related to his Vioxx

5  litigation.  Bell Depo. at 20:24-22:5; 24:5-10; 25:2-3.  He argues, in essence, that Lewis v.

6  Casey, 518 U.S. 343, 354-55 (1996), was wrongly decided and so the delay in the mail violated

7  his right of access to the court.  This court is not willing to entertain this motion.

8     IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment

9  is denied.

10  DATED: October 27, 2008.

11

12       FRANK C. DAMRELL, JR.
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov
To:caed_cmecf_nef@localhost.localdomain Message–Id: Subject:Activity in Case
2:06–cv–00886–FCD–KJM (PC)Bell v. Mejia et al Order Content–Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.*

### U.S. District Court

### Eastern District of California – Live System

## Notice of Electronic Filing

The following transaction was entered on 10/28/2008 at 9:02 AM PDT and filed on 10/28/2008

*Case Name:*       (PC)Bell v. Mejia et al
*Case Number:*     2:06–cv–886
*Filer:*
*WARNING: CASE CLOSED on
09/03/2008*
*Document Number:* 57
*Docket Text:*
  ORDER signed by Judge Frank C. Damrell, Jr on 10/27/2008 DENYING [56] Plaintiff's
Request for relief from judgment. (Streeter, J)


**2:06–cv–886 Electronically filed documents will be served electronically to:**

Marta C. Barlow   marta.barlow@doj.ca.gov, docketingsaccls@doj.ca.gov, ECFCoordinator@doj.ca.gov,
martamorais@gmail.com, melanie.morgan@doj.ca.gov

**2:06–cv–886 Electronically filed documents must be served conventionally by the filer to:**

Danny Bell
K–68611
FSP
Folsom State Prison
P O Box 950
Folsom, CA 95763

The following document(s) are associated with this transaction:

**FILED**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

MAY 04 2010

MOLLY C. DWYER, Cl
U.S. COURT OF APPE

| | |
|---|---|
| DANNY BELL,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>J. MEJIA,<br><br>        Defendant - Appellee. | No. 08-17125<br><br>D.C. No. 2:06-cv-00886-FCD-KJM<br>Eastern District of California,<br>Sacramento<br><br>ORDER |

Before:   GOODWIN, WALLACE, and CLIFTON, Circuit Judges

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. See Fed. R. App. P. 35.

Bell's petition for panel rehearing and petition for rehearing en banc are denied.

No further filings shall be accepted in this closed case.

# APPENDIX

# G



**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick‡

Stephen J. Herman
Brian D. Katz

Soren E. Gisleson
Joseph E. "Jed" Cain

Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

\* A Professional Law Corporation
‡ Also Admitted in Texas

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone (504) 581-4892   Facsimile (504) 561-6024
Http://www.hhkc.com
Temporary Office:
Place St. Charles, 201 St. Charles Ave., Suite 4310
New Orleans, Louisiana 70170

November 6, 2006

**VIA E-MAIL**

Phillip Wittmann, Esq.
Stone Pigman
546 Carondelet Street
New Orleans, Louisiana 70130-3588

Re:   In Re: VIOXX MDL 1657

Dear Phil:

On June 6, 2005, we wrote *pro se* claimant Danny Bell and advised him regarding MDL 1657, *In re: Vioxx Products Liability Litigation*. Our letter was in response to correspondence received from Mr. Bell on May 4, 2005. We again wrote *pro se* Danny Bell on November 8, 2005, responding to correspondence forwarded by Mr. Bell to Dawn Barrios.

Since our prior correspondence, we received an additional communication from *pro se* claimant Danny Bell. A copy of his communication dated September 29, 2006 is enclosed (received by our office on October 16, 2006). We are furnishing this to you so that we are certain that you have a copy of the communication. Apparently, Mr. Bell does not have access to a computer or the Court's website.

On behalf of this *pro se* claimant and other *pro se* claimants, we request that the Defendants cease from taking any adverse actions.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
Enclosures
cc:   Honorable Eldon E. Fallon
       Danny Bell

W:\25000-29999\27115\000\COR\LTR Wittmann, Phil re-Pro Se Claimant Danny Bell 2006-11-6.wpd



| | Harry Herman (1914-1987) | Stephen J. Herman |
|---|---|---|
| | Russ M. Herman* | Brian D. Katz |
| | Maury A. Herman* | |
| | Morton H. Katz* | David K. Fox† |
| | Sidney A. Collar* | Soren E. Gisleson |
| | Steven J. Lane | |
| | Leonard A. Davis* | Joseph A. Kott, M.D. J.D. (Of Counsel) |
| | James C. Klick† | |

**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

\* A Professional Law Corporation
‡ Also Admitted in Texas
† Also Admitted in Wisconsin and Illinois

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

Offices in New Orleans and
Covington, Louisiana

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone (504) 581-4892    Facsimile (504) 561-6024
Http://www.hhkc.com
Temporary Office:
3411 Richmond Ave., Suite 460, Houston, Texas 77046
Telephone (713) 877-1843    Facsimile (713) 871-9750

November 8, 2005

**CERTIFIED MAIL RETURN**
**RECEIPT REQUESTED NO.  7004 1160 0007 0743 7744**

Danny Bell, #K-68611
Folsom State Prison 5-AB2-40
P.O. Box 950
Folsom, CA 95763

RE:    In re: Vioxx Products Liability Litigation
MDL 1657
United States District Court
Eastern District of Louisiana

Dear Mr. Bell:

I have been provided a copy of your letter that was recently forwarded addressed to Dawn Barrios. I have advised Ms. Barrios that I would reply to your letter.

On June 6, 2005, we forwarded to you a response to your May 4, 2005 letter. A copy of our June 6, 2005 letter is enclosed. Again, we recommend that you contact one of the attorneys identified in our letter.

As a courtesy to you, we are enclosing additional Pre-Trial Orders that have been rendered in MDL 1657 of June 6, 2005. Specifically, and in response to your question regarding Plaintiff Profile Forms (PPFs), please review Pre-Trial Order No. 18 and 18(B). Be aware that the defendants have recently consented to extend the deadline for submission of PPFs until December 15, 2005.

If we can assist you further, please let us know.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
Enclosures
cc:    Honorable Eldon E. Fallon (w/o encls.)
Phillip Wittmann, Esq. (w/o encls.)
Dawn Barrios, Esq. (w/o encls.)

W:\25000-29999\27115\000\COR\LTR Bell, Danny (Pro Se) 2005-11-08.wpd:LF

BellD-PlProfileForm-          00040

# APPENDIX

# H



**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone (504) 581-4892     Facsimile (504) 561-6024
Http://www.hhkc.com

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

December 12, 2007

Re:   *In re: Vioxx Products Liability Litigation*
      **MDL 1657**

Dear Vioxx *Pro Se*:

After more than three years of hard-fought and difficult litigation, Merck has agreed to a settlement program to resolve certain Vioxx-related claims involving plaintiffs who have suffered a heart attack (including sudden cardiac death) or ischemic stroke. Merck has agreed to pay one sum, $4.85 billion, which will be allocated among thousands of qualifying claims based upon an evaluation of each claimant's individual medical records by a Claims Administrator. Details regarding the Settlement Program, including eligibility requirements and the claims valuation process, are enclosed.  Also, for information regarding MDL 1657, you can visit the Court's website at www.vioxx.laed.uscourts.gov.

## I.   PARTICIPATION

You may want to retain an attorney.  Alternatively, you can continue to represent yourself as a *pro se* litigant or claimant.  Although we make no recommendation to you since you are <u>not</u> a client of our firm, you may desire to participate in the Program.

Please consider the following facts:

- Vioxx was withdrawn from the U.S. market on September 30. 2004.  Currently, there are approximately 26,000 Vioxx injury lawsuits pending in the State and Federal Courts on behalf of approximately 47,000 claimants.  To date, only 18 Vioxx cases have been tried, resulting in 15 verdicts.  Of these verdicts, plaintiffs have won 5 cases and Merck has won ten (10). Three cases are awaiting a new trial. Merck has appealed or otherwise challenged each of the five cases in which the plaintiff was victorious, and all of those appeals are still pending.  The estimated cost to the plaintiff to try any one of those cases can range from $400,000 to over one million dollars.  Thus, any case that proceeds to trial is likely to be very expensive and will take far longer to resolve than a claim processed under the proposed settlement plan.

Claims Administrator
11 S. S. 15th Street
Suite 400
Richmond, VA 23219-4209

December 12, 2007
PAGE 2

- In each of the cases that have proceeded to trial, Merck has defended itself by claiming that the plaintiff had certain common "risk factors" for cardiovascular disease that caused the plaintiff's injuries, rather than their ingestion of Vioxx. These "risk factors" include but are not limited to: high blood pressure, high cholesterol, atherosclerosis (pre-existing undetected heart disease), smoking, diabetes, obesity, family history of heart attack or stroke, and age. The presence of any of these conditions has tended to either reduce or bar the plaintiffs from recovery in many of the cases that have gone to trial.

- To date, not even the five plaintiffs who prevailed in Court have received their awards. The first verdict in favor of a plaintiff was in August 2005, more than two years ago. Merck has not yet paid any of these verdicts and it has no legal obligation to do so unless and until all appeals are exhausted and the verdict in favor of the plaintiff is upheld. It can be expected that Merck will appeal any verdict against it in the future, making the time to payment of any judgment far longer than that proposed for the payment of claims under the settlement plan.

- If Merck insists on taking each individual case to trial, including your case, it could take decades to obtain verdicts in all the Vioxx-related cases currently pending against Merck, and additional years for Merck to exhaust its appeals in cases in which the plaintiff prevailed.

- At this time, the United States Supreme Court and other courts are considering cases that could result in changes in the law that would limit the ability of a plaintiff to recover against a drug company, when their drug was approved for marketing by the FDA. One United States Supreme Court case will be heard early in 2008. A negative result in that case or one or more of the other cases could extinguish your claim for damages but will not affect any award made under the settlement plan.

Participation in the Settlement Program provides an opportunity for you to receive fair compensation for your Vioxx claims in the foreseeable future.

## II.    WHAT YOU NEED TO DO RIGHT NOW

If you choose to participate in this Settlement Program, you should <u>carefully review</u> all of the enclosed documents, and then sign and return the enclosed *Pro Se Registration*

December 12, 2007
PAGE 3

*Affidavit*. You can complete the *Pro Se* Registration Affidavit either online by downloading a copy from the Claims Administrator's website located at www.browngreer.com/vioxxsettlement or alternatively by requesting that one be e-mailed to you from the Claims Administration at 115 S. 15th Street, Suite 400, Richmond, VA 23219-4209, Main Number: (804) 521-7200 and e-mail claimsadmin@browngreer.com.

You must sign and date the Registration Affidavit and file it with the Claims Administrator timely.

If you have access to e-mail, you must serve the *Pro Se* Registration Affidavit no later than January 15, 2008 by sending an e-mail (with the *Pro Se* Registration completely filled out and signed as an attachment) to the following:

    a.   Merck at registration@hugheshubbard.com
    b.   The PEC at vioxx@hhkc.com
    c.   The Claims Administrator at claimsadmin@browngreer.com

If you do not have e-mail and will be submitting the *Pro Se* Registration Affidavit by mail, it must be postmarked no later than January 8, 2008 and sent to Claims Administrator, 115 S. 15th Street, Suite 400, Richmond, VA 23219-4209.

## A. What happens if Merck Opts Not to Fund the Settlement?

Please note, however, that Merck has the option not to fund the Settlement Program and to terminate the Settlement Program if a minimum number of potentially eligible Claimants nationwide does not agree to participate. In the event of such a termination by Merck, any Release you sign in the future would be void, your claim would return to the tort system, and you would be returned essentially to the same position you are in today.

## B. How much is my Claim Worth?

At this time no one can tell you or any other Claimant what your precise settlement value will be under the Settlement Program. This is because the settlement fund for Claimants alleging a heart attack/myocardial infarction ("MI") under the Settlement Program is limited to $4 billion, and the settlement fund for Claimants alleging a stroke is limited to $850 million, from which all potentially eligible, participating claimants must be paid.

December 12, 2007
PAGE 4

The *Claims Administrator* will not be able to determine the precise value of any claim until he knows: (a) how many of the potentially eligible Claimants nationwide will be participating in the Settlement Program; and (b) what each participating Claimant's medical records state regarding each Claimant's injury type, level of injury, duration of Vioxx use, and certain other aspects of the Claimant's Vioxx use and medical history that would be expected to affect the value of the Claimant's claim within the tort system.

Participating Claimants' precise settlement values will not be known until that process is complete. Although, an interactive website is available at www.OfficialVioxxSettlement.com for you to input basic information about your claim to determine an *estimate* of its settlement value based on the information you input, you must be aware that this is only a rough estimate. Only the Claims Administrator can accurately determine the amount of any settlement value and his determination will be based on the actual medical records submitted on your behalf. The information found in your medical, pharmacy and other records are what will govern the valuation process and what the Claims Administrator will use. For instance, a potential Claimant may believe that he or she never had high cholesterol and may answer the question about this risk factor "No" but if his/her records show high cholesterol – the records govern.

C. How long will this take?

Due to the volume of cases to be reviewed by the *Claims Administrator*, we anticipate that the claim review and valuation process will take at least two years.

D. Are there any benchmark for when payments will be made?

The Settlement Program provides that an initial payment of approximately forty percent (40%) of a qualifying Claimant's *estimated* final gross settlement value as determined by the Claims Administrator will be made to each participating Claimant whose properly executed Release and medical records are timely submitted to the Claims Administrator. The remainder of a Claimant's final gross settlement value will be paid when all qualifying, participating claims nationwide have been fully processed, which is currently expected to be in approximately one to two years.

III.   FACTORS TO CONSIDER

The decision whether to participate in the Settlement Program is yours to make. If you agree to participate, please note that by doing so you are agreeing both to give up your right to a

December 12, 2007
PAGE 5

trial against Merck and to accept the settlement value that your claim will be accorded through the Settlement Program.

As you know, trial is risky because you could win or lose you case against Merck. If you go to trial, the jury could award you more, less, or no money from this Defendant. In addition, even if you are successful at trial, a Defendant always has the right to appeal your jury award. The appeal process may take several years to complete and will result in additional costs and expenses in your case. Any monies awarded by the jury cannot be paid to you until the appeal process is complete and a finding has been made in your favor. Further, an appeal could also result in a new trial being ordered and the entire litigation process would then start over again. Further, any award will be reduced by the cost/expenses incurred in handling your case and these could be substantial. Thus, provided you have a qualifying claim, there is little doubt that you will receive compensation for your claim more quickly under the Settlement Program than through the tort system.

The enclosed *Description of Settlement Program* explains the Program in more detail. Also enclosed is a checklist to assist you in registering your claim timely.

Please remember that you must keep the terms of this Settlement Program, including the estimated amount of your settlement, confidential.

IV.    **WHAT DO YOU NEED TO DO NOW?**

If you desire to participate in the Settlement Program, you need and return to the Claims Administrator the *Pro Se* Registration Affidavit and immediately send the original signed documents to the Claims Administrator at the address set forth in Section II above.

Very truly yours,

HERMAN, HERMAN, KATZ & COTLAR, LLP

HHKC/lmf
Enclosures

# APPENDIX

# I

DANNY BELL #K-68611
F.S.P.
P.O. Box 950
Folsom, CA 95763

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX.
    PRODUCTS LIABILITY LITIGATION

MDL No. 1657

SECTION (L)

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:
    BELL V. MERCK & CO, INC, 05-1243

## MOTION FOR INCLUSION IN SETTLEMENT PROGRAM
## CONSENT DECREE AND ORDER

## STIPULATION AND CONSENT DECREE

    The parties hereto, by their counsel, are mutually desirous of disposing of the issues raised by this suit without further Litigation, and for that reason Plaintiff and Defendant are willing to consent to the entry of the following Order. This Consent Decree shall in no way be interpreted as an admission by the Defendants of any violation of Federal Law.

    WHEREFORE, the parties hereto, by their counsel hereby stipulates and agree that this case shall be settled by Consent

Decree as follows:

1. The Liability Products Litigation case of Bell v. Merck & Co. Inc., is terminated, pursuant to settlement negotiation of Payment of Four Point Eightyfive Billion ($4.85 billion) Dollars to be distributed to party Plaintiffs of MDL 1657 of the EASTERN DISTRICT OF LOUISIANA.

2. The Merck Co. will distribute the negotiated settlement by Claims Administrator through a Settlement Program, requiring each Plaintiff's Participation, which Program may be in opporation up to an extended period of Two Years as estimated by Counsel.

3. Merck shall not hereinafter terminate or attempt to terminate the negotiated settlement of any qualified Plaintiff whether after initial Payment or at the expiration of the estimated two years, necessary to properly award all negotiated settlement in full, without Providing any such Plaintiff due Process of Law. to wit: "Merck" will notify the Plaintiff of the reasons set forth by the Claims Administrator for the termination, together with the Plaintiff's Notice of the right to be heard in opposition to the termination and the reasons set forth.

4. "Merck", upon a finding that good cause for the termination of the Negotiated settlement, exist, shall have the sole right to vacate the negotiated settlement Agreement and return to trial

AS CLASS Party DefenDANT.

5. The terms of the NegotiATED SETTLEMENT ISSUED ON this MATTeR SHALL CONTINUE within two YEARS through JANUARY 9, 2010.

Danny Bell

*Danny Bell*

PRO SE PLAINtiFF   CV No. 05-1243

Merck & Co. Inc.

_____

_____

DefeNDANts

DATED: JANUARY 4, 2008

Danny Bell #K-68611
F.S.P.
P.O. Box 950
Folsom, CA 95763

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:
Bell V. Merck & Co., Inc. 05-1243

## ORDER

The Court having reviewed all aspects of this case to date, having fully considered the desirability of the disposing of the matters contained herein by means of Consent Decree and knowing the same to be freely agreed to by the parties, plaintiff and defendant herein as is evidenced by the signatures of their counsel hereto, does hereby ORDER, ADJUDGE, AND DECREE that the Stipulation and Consent Decree annexed hereto be approved by and made an Order of Court this _____ day of _____ 2008.

_____
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE BY MAIL

I, Danny Bell , AM A RESIDENT OF FOLSOM STATE PRISON IN THE
COUNTY OF SACRAMENTO, STATE OF CALIFORNIA.  I AM OVER THE AGE OF 18 YEARS,
AND I AM /AM NOT A PARTY TO THIS ACTION.
MY PRISON NUMBER IS: K-68611
MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON 12-28 , 2007, I SERVED A COPY OF THE FOLLOWING
DOCUMENT:

MUTUAL RELEASE / CONSENT DECREE / ORDER /

REGISTRATION AFFIDAVIT

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED
ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT
BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM,
CALIFORNIA, ADDRESSED AS FOLLOWS:

CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LA 70130

HERMAN, HERMAN, KATZ & COTLAR LLP
820 O'Keefe AVE.
NEW ORLEANS, LA 70113

STONE PIGMAN WALTER WITTMAN LLC
546 Carondelet St.
NEW ORLEANS, LA 70130-3588

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO
ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE
PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.

EXECUTED 12-28 , 2007, AT FOLSOM, CALIFORNIA..

# APPENDIX

# J

# PROOF OF SERVICE BY MAIL

I     DANNY BELL          , AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY
OF SACRAMENTO, STATE OF CALIFORNIA.  I AM OVER THE AGE OF 18 YEARS, AND I
AM /AM NOT A PARTY TO THIS ACTION.
MY PRISON NUMBER IS:  K-68611
MY PRISON ADDRESS IS: P.O. BOX 950, Folsom, Ca. 95763

ON. AUGUST 25,   2010 , I SERVED A COPY OF THE FOLLOWING DOCUMENT:

NOTICE AND MOTION FOR REQUEST FOR RELIEF FROM JUDGMENT

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED
ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT
BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM,
CALIFORNIA, ADDRESSED AS FOLLOWS:

RUSS M. HERMAN
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'KEEFE AVE., Suite 100
NEW ORLEANS, LA 70113

PHILLIP A. WITTMAN
STONE, PIGMAN, WALTER, WITTMAN, LLP
545 Carondelet st.
NEW ORLEANS, LA 70130

CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA ,  500 Poydras St., Rm. C-151, NEW ORLEANS, LA 70131
       THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO
ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE
PLACE OF MAILING AND THE PLACE SO ADDRESSED.

       I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.

EXECUTED  AUGUST 25,          ,2010 , AT FOLSOM, CALIFORNIA..

<Signature here >