*ORIGINAL - COURT'S & CHAMBER'S COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

**Safdar N. Lilak (Pro Se)**
**1033 S. Kittredge way,**
**Aurora, Colorado 80017.**
**Telephone: 303-755-1505**
**E-mail: slilak43@msn.com**

Hearing Date:     *TBD, 2010.*
Time:              *OPEN.*
Judge: *"ELDON E. FALLON"*
Objection Date: 10 Day [TBD]- -2010.

**Safdar N. Lilak (Pro Se)**
**1033 S. Kittredge way,**
**Aurora, Colorado 80017.**
**Telephone: 303-755-1505**
**E-mail: slilak43@msn.com**

Hearing Date:    **[TBD]**   2010.
Time:                       9:00 a.m.
Judge:      Hon. Fallon E. Eldon
Objection Date:      [TBD], 2010.

**PLAINTIFF/CLAIMANT (LILAK), CASE No. 06-CV-08318/MDL 1657-EEF**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA,
# NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE:   VIOXX- SETTLEMENT MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) )  **CASE No. 06-CV-08318-EEF**  )  **MDL No. 1657**  ) |

| This Document Relates to: | REPLY: PLAINTIFF (MOVANT) LILAK |
|---|---|
| "MOTION FOR SUMMARY JUDGMENT"  FOR  RELIEF OF CLAIMS, & FOR EXPEDITED RESOLUTION TO CONTROVERSY(S) OF CLAIMS | " MOTION FOR SUMMARY JUDGMENT"  JUDICIAL REVIEW OF THE SITUATION.  CLAIMS VCN NO. 1113035. QCP -CLAIMANT WITH "MI, IS" DUAL INJURIES" & EI-CLAIMS {IN DISPUTE}. MERCK DEFENDANT(S) / C A-BROWNGREER |
| **Concerning: Case of:**  Lilak, Safdar v. Merck & Company Case No.  06-cv-03813 EEF **MDL-1657 -EEF** Pursuant to  Rule 56 & Federal  Civil Procedures Rule F.C.R. Rule 60(b) | OBJECTION TO REFUSAL OF EI-CLAIM FOR WAGE LOSS                                BY CA-BROWNGREER/DEFENSE & MERCK & CO DATE: JULY 07, 2010.  Hearing Date:     [TBD],     2010. Time:               [TBD]   9:00 a.m. Judge:  HON.  FALLON  E. ELDON |

# MOTION FOR SUMMARY JUDGMENT
### HEARING DATE [TBD & SET] , September, 2010  @ TIME: 9:00 A.M.

___Fee___
___Process___
_x_ Dktd___
___CtRmDep___
___Doc. No.___

*ORIGINAL - COURT'S & CHAMBER'S COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:             OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

**TO:**

### HONORABLE COURT OF HONORABLE:  FALLON  E. ELDON,  &   ALL PARTIES,

#### TO WHOM IT MAY CONCERN

Your Honor! This issue is before you, because there are certain minor controversy(s) regarding Plaintiff/Claimant's claims for WAGE LOSS & "Equity". The Plaintiff has exhausted all avenues to resolve through the amicable way i.e. "Pro Se" curator and other involved party(s) being "cozy" with each other and not being fair & just to the "Pro Se" Claimant and letting him being exploited by the defense firm CA-BROWNGREER/Merck & Company.

Your Honor, there are no issues of Law which are tri-able, but however if these minor issues are not resolved. It will definitely will create few other issues and concern which will require the legal issues of "Fraud, Bad Faith and Wonton Conduct,  and issues of "Dishonest Service" by defense if this situation is not resolved with this claimant/Plaintiff. The Plaintiff has to file against the defense tort litigation of Fraud, and malicious use of civil procedures in bad faith. In court ordered settlement of $ 4.8 Billion dollars, which is creating potential fraudulent intent in dispensing of the funds to victims and injured.

Your Honor this court has the authority to resolve this issue(s) under Rule 56 of Federal Rule of Civil Procedures, which I will explain in few minutes. The Honorable court need to cite the defense why summary judgement should not be entered in this situation for the Plaintiff/Claimant Lilak.

I am writing to the said court and sending this Notice by fax / e-mail or by US mail ,or Certified mail, or registered or receipt confirmation mail to all of you to whom it may concern. After Order of September 03, 2010 which was received by Plaintiff/Claimant on September 17, 2010.

This Motion for "Summary Judgment" is being filed pursuant to Rule 56, and Rule 60 (b) because I need to inform that Fraud, Misconduct, Malicious Litigation, Wonton and Bad Faith Conduct, SCIENTER and Dishonest Services has taken place against the Plaintiff/Claimant Claim & EI-Claims for "WAGE LOSS" and Dual Injury(s) claims by the CA-BROWNGREER CLAIMS ADMIN For VIOXX SETTLEMENT PROCESS, and immediate Court order "To Show Cause" for defense to be issued, to intercept and to resolve disputed issues of "Wage Loss" and this court's action is required for fair and just adjudication of claims according to applicable fairness & legal resolution for "Wage Loss" for Past

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:        *TBD, 2010.*
Time:                     *OPEN.*
Judge: "ELDON E. FALLON"
Objection Date:10 Day [TBD]- -2010.

Present and future is prayed, requested and demanded. This court has the authority and jurisdiction for this issue to resolve without protracted litigation.

The plaintiff is filing this expedited Motion to Court of Honorable Judge for fairness, and rule of law, for adjudication and just resolution to the controversy and disputed issues relating with [Plaintiff/Claimant, Mr. Lilak ] the VIOXX Claim of dual injuries and EI-Claims, "Wage Loss" in objection to and against the CA-BROWNGREER refusal, and their baseless refusal to my Claims for Wage Loss and EI-Claims for dual injuries.

The plaintiff is asking, and requesting to the Court to issue citation to CA-BROWNGREER Claim Admin & MERCK defense to "Show cause" order, why "Summary judgment" should not be enter against the defense.

The plaintiff praying and requesting for resolution to his claims and Summary Judgment to be entered for his claim, since there are no legal issues to be tried in this matter.

Pursuant to F.R.C.P. Rule 56 & Rule 60 (b) and against the CA-BROWNGREER/MERCK Defense, for playing "SCIENTER Rules and Bad Faith and Wonton Conduct" in Settlement processing of claims, by minimizing victim's & injured claimant compensation.

Since all of you have the nexus, symbiotic relation directly and indirectly and are responsible for this situation in some capacity. The Plaintiff "Pro Se" alleges he has been denied fairness and equal justice in this Settlement process by CA-BROWNGREER/ MERCK DEFENSE. The Court need to Issue citation to defense "To show cause" notice within definite time i.e. 10+3 mailing days by remanding the Case/Claim in court, why summary judgment should be objected for and, in favor of Plaintiff/Claimant (Lilak, EI-Claim for wage loss) by the defense CA-BROWNGREER Claim Admin / MERCK & Company, defense team against the "Pro Se" Claimant Mr. Lilak (VCN No. 1113035).

Therefore, you all are getting this NOTICE "TO Whom It May Concern" by U.S. mail, e-mail, electronic media, e-mail and registered mail, Certified mail this information Notice. So justice can be done, and just and fair settlement can take place for injured victims in this case Mr. Lilak, Safdar, VCN No. 1113035.

JUSTICE and Fairness is being denied, Violation of Federal. Rules of Civil Procedures are/were being violated in MDL Case Management environment. The Rules of Civilized Conduct for Settlement are being ignored. SCIENTER rule & Dishonest Services are being rendered by the defense team & CA-BROWNGREER.

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

| | |
|---|---|
| *Hearing Date:* | *TBD, 2010.* |
| *Time:* | *OPEN.* |
| *Judge:* | *"ELDON E. FALLON"* |
| *Objection Date:* | *10 Day [TBD]- -2010.* |

A un-necessary, tortuous situation is being created by the defense. The court need to issue citation to defense " to show cause" why plaintiff's submitted evidence which was requested by the defense {CA-Claim Admin} for review & SM assessment  i.e. missing info for calculation purposes which was submitted by plaintiff on the request of defense why was the evidence ignored.

The Plaintiff, wants to know according to rules of evidence, and the Rules of  Personal injuries, WHY plaintiff's claim is being denied. Plaintiff needs to know the detailed reasons why his evidences are being ignored.

Therefore, plaintiff is requesting and praying for "Summary judgment" for his remainder of the claims for EI-Claims for Wage Loss  and  for which plaintiff has complied with all deficiency(s) for calculation purposes. **WHY is the question for  This Court** , to ask the defense, instead of leaving for liaison or pro Se curator who are cozy with big corporation defense, and perhaps in their pockets. The fairness of law from this court is being requested, Prayed and demanded.

YOURHONOR! There is a question of fairness of $4.8 Billion in this settlement, victims would like to know the inside story. Without fairness, the plaintiff will have no alternative but to file "Counter and Cross claims" against the defense for Fraud and will prove to Jury of the peers. {Please read the justification for "Summary Judgment" against the defense and in favor of Plaintiff/victim pursuant to the Rule 56.

It is unfair that all is taking place, against the Guidelines for Federal Rules for Complex MDL litigation/Settlement and principals of Personal injuries compensations rules of settlement or "Strict Product Liability" and "res ipsa Liquitur" rules are being ignored. The rules provided and recommended by the "BREYER COMMITTEE" Guidelines, for the complex management for Settlement communication and Settlement rules are being ignored and disregarded. [Please read the attachments previously submitted - Evidence and Rule 56 justification for Summary Judgment"]

So you can know the facts and the dirt which is being played in Settlement process CA-BROWNGREER/MERCK against the   "Pro Se" injured claimants, by defense of MERCK & COMPANY / CA-BROWNGREER Claim Administration after court order settlement.

*ORIGINAL - COURT'S  &  CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

| | |
|---|---|
| Hearing Date: | *TBD, 2010.* |
| Time: | *OPEN.* |
| Judge: | *"ELDON E. FALLON"* |
| Objection Date: | *10 Day [TBD]-  -2010.* |

# TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, Safdar Neil Lilak, 1033 S. Kittredge Way, Aurora, Colorado 80017, VCN No. 1113035, MDL-1657, Phone: 303-755-1505, E-mail: slilak43@msn.com., respectfully files, This MOTION FOR SUMMARY JUDGEMENT against the Defendants MERCK Inc., et al. and CA-BROWNGREER claims Admin., Asking the court order citation be issued to defense "To show cause" why they will object and explain to the court, their objection. The court need to remand the claim/case for reconsideration for Summary judgment.

## A. PURPOSE OF MOTION:

A motion for summary judgment offers the court the opportunity to end a controversy(s) without a trial if there is no genuine issue with respect to any material fact and the case can be decided as a matter of law.

YOUR HONOR, [*in this situation, case is "res ipsa liquitur' and "Strict Product Liability i.e. VIOXX. The Claimant is QCP qualified claimant who has passed through all the harsh and stiff gates criteria and with point award against all the harsh and Burden-some & SCIENTER rules of CA-BROWNGREER. The Claimant, Who is being denied his wage loss, without any just cause or reason by just saying "not sufficient information to calculate the wages loss" is not acceptable, while solid evidentiary information from "Social Security & Insurance Company has been submitted. The plaintiff/claimant is being denied fairness and justice in adjudication of his claims for Wage Loss and other damages*].

The purpose of the motion for summary judgment is to "save litigants the expense and time connected with a trial when as a matter of law, based on admitted facts, one of the parties could not prevail."

*For example,  In ref., O. C. Kinney, Inc.  v.  Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628 (1963). See also Walcott v. Total Petroleum, Inc., 964 P.2d 609, 611 (Colo.App. 1998) ("The purpose is to permit the formal allegations of the pleadings to be pierced, saving the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail"); Peterson v. Halsted, P.2d 373 (Colo.1992).*

Summary judgment does not always involve a central dispute as to the facts, but may involve a dispute as to the legal consequences even when there is no dispute as to the facts. In such circumstances, the parties may stipulate to the

ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:                   OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

facts, and the court may enter judgment for  either side by resolving the governing question of law, as in *Kuehn v. Kuehn, 642 P.2d 524 (Colo. App 1981).*

## B. FOR PLAINTIFF OR CLAIMANT:

YOURHONOR!  Rule 56(a) provide for the entry of a summary judgment for any claimant and impose no limitation on the type of action in which  summary judgment is appropriate, because recovery includes the relief that may be afforded a claimant in either law or equity. A party may move for summary judgment on a claim, counterclaim, or cross-claim. The rule also provides for summary judgment for a party seeking to obtain a declaratory judgment.

*[YOUR HONOR, I have explained the facts/background and situation in my previous "AMENDED OBJECTION" to Defense's refusal of my claims dated July 07, 2010   I submitted all the evidence I had available and which was requested by CA-BROWNGREER was submitted with good faith best efforts. The Denial or ignoring of newly submitted evidence is considered "SCIENTER and Bad Faith Conduct on part of CA-BROWGREER.]*

Rule 56(a) allows a claimant to move for summary judgment after the expiration of twenty days from commencement of the action, thus permitting the rule to serve its salutary purpose of expediting the disposition of cases where no trial is necessary.  According to § 1-15 of Rule 121, the defendant then has 15 days to respond as required by Rule 56. Under Rule 56(f), the court may permit "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had..." In light of this rule, immediate motions for summary judgment are appropriate primarily in cases in which the plaintiff generally believes there is no viable defense (such as breach of simple promissory note).

Rule 56 also provides for a summary judgment "interlocutory in character" on the issue of liability alone, even though there may be a genuine issue as to the amount of damages. Reading this section with section (d), it is clear that summary judgment can be granted establishing the defendant's liability, and the case can then proceed to trial on the issue of damages.

## C. MOTION AND PROCEEDINGS THEREON:

YOURHONOR, Motion for summary judgment are governed by Rule 7 and 121 § 1-15. The motion must be filed more than seventy-five days before trial except a cross-motion for summary judgment may be filed no more than sixty days before trial. A party resisting summary judgment may respond within

*ORIGINAL - COURT'S   &   CHAMBER'S   COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

| | |
|---|---|
| *Hearing Date:* | *TBD, 2010.* |
| *Time:* | *OPEN.* |
| *Judge:* | *"ELDON E. FALLON"* |
| *Objection Date:* | *10 Day [TBD]- -2010.* |

fifteen days (with three days added if the motion is served by mail, see Rule 6 (e), and the Movant has ten days to reply (subject to a three day extension when the response is served by mail).

The evidence submitted with a motion for summary judgment must be admissible at trial, and thus the enumerated types of evidence that a court considers include only "the pleadings, depositions, answers to interrogatories, and admission on file" together with any affidavits. Of course, such obvious candidates for evidence as documents can be submitted, but they must be submitted with affidavits. [*All required information for claims adjudication has been submitted with the claim/case under rule (26) more detail is available in the claim/case file with CA-BROWNGREER].*

In addition, Rule 43 (e) permits the court to receive oral testimony at a hearing on a motion, in addition to the other matters that may be considered. If testimony is taken, the testimony must, of course, be limited to the question of whether or not there is a genuine issue of any material fact, and must not be permitted to extend to the resolution of any questions. Counsel should be wary of relying on Rule 43 (e) to resist summary judgment, however, Rule 56 requires a party to file affidavits to resist a motion, and Rule 56 itself appears to restrict consideration of the motion to the types of evidence set out above.

## D. STANDARD FOR GRANTING OR DENYING SUMMARY JUDGMENT:

In considering the motion, the court must be satisfied as to three conditions before granting relief. There must be (1) no genuine issue (2) as to any                 material                 fact,                 and (3) the moving party must be entitled to judgment as a matter of law {Plaintiff is qualified injured with personal injuries and wage loss damages as QCP-Claimant}.

The standards for adjudicating a motion for summary judgment have become so settled that, the Supreme Court finds recitation routine: Although the standard for summary judgment is well-established and almost axiomatic, we set it forth in order to frame the question we must address.

Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue as to any material fact exists [*The Movant Lilak is QCP qualified Claimant with awarded points*] and that the moving party is entitled to summary judgment as a matter of law.

ORIGINAL - COURT'S & CHAMBER'S COPY(S)
[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

| | |
|---|---|
| Hearing Date: | TBD, 2010. |
| Time: | OPEN. |
| Judge: | "ELDON E. FALLON" |
| Objection Date: | 10 Day [TBD]- -2010. |

The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party.

*Martin v. Smith, 42 P.3d 629 (Colo.2002)(citation omitted); Mehaffy, Rider, Winholz & Wilson v. Central Bank of Denver, 892 P.2d 230(Colo.1995).*

A material fact is one that will affect the outcome of the case. *Peterson v. Halsted, 829 P.2d 373 (Colo.1992); GE Life and Annuity Assur. Co., v. Fort Collins Assemblage, Ltd., 53 P.3d 703 (Colo.App.2001);*

Whether a material fact exists is a question of law. *Churchey v. Adolph Coors Co., 769 P.2d 1336(Colo. 1988).*

A genuine issue of material fact must be established from the evidence, and mere arguments of counsel cannot create such an issue [*in this case CA-BROWNGREER saying insufficient information to calculate Wage loss is base-less*]

[*Your Honor, Missing Disability information and other PME/INSURANCE Payments and Bills were & records were provided as requested and ignored. CA-BROWNGREER saying not sufficient or insufficient information for calculation of Wages Loss is not acceptable by Plaintiff/Claimant. Since he has provided more than sufficient information for claim to be adjudicated on fairness and Just law basis for the case*] *Feeney v. America West; Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218 (1970).*

## E. INITIAL BURDEN OF PROOF IN SUMMARY JUDGMENT MOTION PRACTICE.

Initially, the moving party has the burden of showing that there is no genuine issue of material fact to be tried. The Colorado Supreme Court has adopted the approach taken by the United States Supreme Court on this issue in *Celotex Corp v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986),*

which held that where the moving party (typically the defense/defendant) seek summary judgment on an issue on which it would not bear the burden of persuasion at trial, the Movant's initial burden of production may be satisfied by showing the court that there is an absence of evidence in the record to support the nonmoving party's case.

*ORIGINAL - COURT'S & CHAMBER'S COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

[*in this situation all deficiency(s) were complied and supplied/provided to the review-review II /SM appeal committee and was selectively ignored and in SCIENTER response saying insufficient information for wage calculation is baseless & frivolous [missing information was provided, submitted and does exist] by CA-BROWNGREER for Wage loss claim 7.5 – 8.0 + years of wage loss of professional Claimant with college degree. Who is disabled and not able to provide for family of four (4) and living on 120-180 % poverty index from last 8-9 years approximate.*

## F. CONTROVERTING OR RESPONDING TO THE MOTION:

Once the moving party has met that burden, then the nonmoving party must show there is a triable issue. Thus, the nonmoving party may be required to bring forward material it intends to use to prove its case, demonstrating the existence of competent evidence to controvert the moving party's assertion that there is an absence of evidence. *Siepierski v. Catholic Health Initiative Mountain Region.*

Rule 56 (e) states that summary judgment may be entered "if appropriate" against a party who fails to respond to the motion. The phrase "if appropriate" requires the court to make a determination that the Movant is actually entitled to judgment.

## G. PARTIAL SUMMARY JUDGMENT:

**Both** Rule 56(a) and Rule 56(b) contemplate that a party may seek summary judgment on fewer than all of the claims at issue. In addition, under Rule 56(d), even when the court finds that there is a genuine issue of material fact that stands in the way of summary judgment, the court can enter an order finding that certain facts are uncontroverted for purposes of trial. Such an order establishes those facts at a trial on the merits, and the parties can then focus their litigation efforts on the genuine disputes.

Counsel should not rely too heavily on a grant of partial summary judgment, however. Even a partial summary judgment or an order on "uncontroverted" facts under Rule 56(d) can be reconsidered at trial, and the court may reverse its previous ruling granting the partial summary judgment. *Bigby v. Big 3 Supply Co., and also, Forbes v. Goldenhersh, 899 P.2d 246 (Colo.App.1994); Halter v. Waco Scaffolding & Equipment Co., 797 P.2d 790 (Colo.App.1990).*

*ORIGINAL - COURT'S   & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

| | |
|---|---|
| *Hearing Date:* | *TBD, 2010.* |
| *Time:* | *OPEN.* |
| *Judge:* | *"ELDON E. FALLON"* |
| *Objection Date:* | *10 Day [TBD]- -2010.* |

## H. RULING ON QUESTION OF LAW:

Section (h) of Rule 56 codifies the court's authority to resolve question of law at any stage of the proceeding when it is useful to do so.  Most court have ruled on questions of law without the express authority of a rule governing such rulings or orders as part of their inherent authority. This section of the rule formalizes this practice upon motion, the procedures for which would be governed by Rule 56 and by Rule 121, **§ 1-15.**

"If there is no genuine issue of any material fact for the determination of the question of law, the court may enter an order deciding the question.

The result is to save time and expense and simplify the trial." *Jones v. Feiger. In addition, the function of a ruling on an issue of law is to allow the court to address issues of law which are not dispositive of a claim (thus warranting summary judgment).*

The Plaintiff, will show to the Court and Jury the following:

## NATURE OF ACTION & BACKGROUND:

The case is "Strict Product Liability" and "res ipsa liquitor". Plaintiff has been harmed and injured and had suffered tremendous financial loss and other damages due to the negligence of defendant(s). The plaintiff/Claimant has been disabled due to the ailments caused by defective medicine of "VIOXX".

The plaintiff has not been able to provide for family of four from last 8-9 years approx., He is educated professional in field of computer technology(s) with BS. Degree (5 years Degree from University of NEB) in Computer Sciences, and several years of experiences training and knowledge. He has been damaged and seeking just and fair compensations for his damages & injuries past, present and future to make him "whole"

I want my life back as it was before. He the plaintiff/claimant has suffered huge sufferings emotional, psychological, stress and depression, has lost his property(s), Savings and career as professional. He is seeking damages of Pecuniary, Non-Pecuniary and special damages, as this court deem or finds appropriate.

**1.** This a civil action for damages under Title 42 U.S.C. section 1320 a -7b (b), 21 U.S.C. section 301-97 and Statute of CIV. PRACT &  REM. CODE Section 41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12).

ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD, 2010.
Time:           OPEN.
Judge:  "ELDON E. FALLON"
Objection Date:10 Day [TBD]- -2010.

**2.** This case, stems from the plaintiff's ingesting the drug VIOXX in the year 2002- 2005 without the Knowledge, it was a dangerous drug to the plaintiff which was illegally promoted for uses that was not approved by the FDA. Plaintiff found out about the drug the "VIOXX" In a FDA   alert dated 04/2005 approx.,

**3.** On September 23 approx., 2002, plaintiff was involved in an auto accident. The Plaintiff was injured in auto accident as guest passenger with friend who was driving the Vehicle, were injured,   taken to emergency hospital i.e. Swedish Hospital in Denver Colorado, and got consequential injuries of "MI & IS" by use of "VIOXX" used for pain management to accidental injuries of auto-accident.

**4.** On 10-2002 thru 04-2005, the plaintiff saw and visited multiple doctors for his injuries from the accident and before and after the surgeries to his left knee and right shoulder, and injuries to lower back from the said accident the multiple doctors were involved for rehabilitation, surgeries and treatments i.e. Dr. Donald Schenider, Dr. Wayland Douglas, Dr. Robert  Fromcheck, Dr. Dear Born, Dr. ED Sullevan  and few other doctors after the accident.

Who (i.e. Doctors) gave the plaintiff the samples and prescriptions for 'NSAID' Products of "VIOXX", NEPROSEN, IBPROFFIN, PROZAC, SYMBALTA,PAXIL, AMBEINCE CR etc... mainly for pain management over the time frame of 26-36 months approx., The VIOXX samples and prescription were given especially for the pains in the knees and before and after the surgeries after  the  said auto accident. The Doctor told it will help with pains in my knees, shoulder, lower back etc.

**5.** The "NSAID" products were used and prescribed after the accident over period of 26-36 month over the period for pain management and during the rehabilitation, The NSAID products were used before the surgeries and after the surgery(s) to my left knee and right shoulder for pain management that is when the plaintiff had multiple incidents of "MI & IS".

**6.** The Doctors told plaintiff the drugs would make plaintiff feel better for pain. The Plaintiff took the drugs approximately 26-36 months (approx.,) on regular and on need basis days and night for pains and as need basis during and after the surgeries. The Plaintiff never had a problem of heart or strokes i.e. "MI or IS" strokes, before he took the medication of VIOXX and other NSAID medications.

The Defense MERCK/CA-BROWNGREER team against "Pro Se" plaintiff by exploiting the situation and due to under or lack of legal representation and was  denied the fairness of justice and law for his claims which has been "QCP Claimant" i.e. Qualified Claimant with awarded points.

ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
**MOTION FOR SUMMARY JUDGMENT**

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:              OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]-  -2010.*

**7.**    The Plaintiff filed a product liability/personal injury case against MERCK & Company.

**8.** FDA requested that MERCK voluntarily withdraw VIOXX from the United States Market. The MERCK agreed to suspend sales on 04/2005 approx., The Agency concluded that the overall risk versus benefit profile was unfavorable. That conclusion was based on the potential increased risk for serious cardiovascular (CV) adverse events also an increased risk of serious skin reactions.

**9.**    According to the FDA, VIOXX was described as a drug with serious and often life-threatening gastrointestinal bleeding. On those samples that were given to Plaintiff there were no warnings. [Which plaintiff is suffering to date with gastrointestinal problems, stomach problems.].

**10.**

### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
### RULES  No.  34 [Reference to the Special Master's Assessment]

**5- 6.  The Certificate of Service,** [reference: Relating Special Master/CA Assessment review for EI-Claims of Lilak, MDL1657 - Case 06-CV-08318 EEF]

**(a)     Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

      **(1)** An acknowledgment of <u>service by the person</u> served; or[not provided by SM-Assessment\

      **(2)** The Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746. [not provided by SM-Special Master]

      **(b)    Sanction for Failure to Provide Certificate.**   Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. <u>However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.</u>

**11.     PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES**
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      *TBD, 2010.*
Time:                 *OPEN.*
Judge: *"ELDON E. FALLON"*
Objection Date: *10 Day [TBD]- -2010.*

## [In this case Special Master/CA-BROWNGREER]

Pursuant to F.R.C.P. 26:   Except as otherwise stipulated or directed by the court, this disclosure shall, with respect  to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons [SM-Special Master],

Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness{SM-Special Master}, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing [SM-Special Master].

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.  Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the 09-03, 2010 hearing.

**12.**
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

## FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6
### [Relief from SM-assessment Judgment or Order can be granted]

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:             OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

## GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER OR ASSESMENT REFUSAL

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise, or excusable neglect.

(2)     newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)     The judgment is void;

(5)     The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)     Any other reason that justifies relief.

Special Master, perhaps did not expected the Plaintiff to provide deficiency Mentioned,  in previous reviews or to find a case expert.

The  Plaintiff  alleges  that  Special  Master  conspired  with  CA-BROWNGREER to write an incorrect and invalid& mistaken assessment and review of the EI-claim is invalid and should be ignored i.e. of Special Master Assessment review report, for Lilak's case VCN 1113035 for claims of EI compensations. The  Plaintiff  alleges  that  the majority of Defendants are deceptive CA-BREER/MERCK & COMPANY. It is proven for whole  world to see hypocrisy.

The Special Master, just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is misconduct on part of the SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.

*ORIGINAL - COURT'S   & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

**13.**

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage to the person or property of the Plaintiff.

*[in this situation plaintiff is injured directly by the negligence and strict product liability. "res ipsa loquitor" and defendant is liable for the all damages suffered and will be suffered by injured and family answer is YES plaintiff will suffer huge financial and all other damages applicable this situation]. The plaintiff has been disabled after the use of the defective products dispensed by the defendants. The Plaintiff has huge loss off wages as being professional in IT-industry. He has 7-8 years of wage loss and he has not been able to provide for family, losing his property(s) and savings. From 7-8 years , has been living on 120% - 180% poverty index with family of 4 dependent. He is suffering tremendous hardship from 7-9 years and will suffer in future.*

The Plaintiff believes and alleges that Special Master to write my assessment report is incorrect and fraud.  The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the claim of  and  for Mr. Lilak and

The Special Master/CA-BROWNGREER not considering newly introduced information and entering advertently, filing invalid assessment is misstatements and is fraud, and especially not putting his name address or using rubber stamps or signature, without qualification for certification is misleading and being cozy with CA-BROWNGREER is fraud.

**14.**  The SM/CA. Assessment is invalid and should be stricken down from the records and relief for Claim for (Lilak) should be granted, the Plaintiff (Lilak) El-Claim does satisfy the criteria for greater damages and losses. The SM/CA-BROWNGREER/MERCK denial/refusal   of appeal should be ignored and

ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
**MOTION FOR SUMMARY JUDGMENT**

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

| | |
|---|---|
| Hearing Date: | TBD, 2010. |
| Time: | OPEN. |
| Judge: | "ELDON E. FALLON" |
| Objection Date: | 10 Day [TBD]- -2010. |

stricken from records and Summary judgment should be entered in favor of claimant Mr. Lilak.

**15.**   Otherwise plaintiff has no alternative but to go directly to the COURT trial, Media and Governmental authority of "Attorney General of United States" Court system, file for "COUNTER-CROSS CLAIMS and  for justice and fairness to his claims.

The plaintiff had suffered huge direct damages and sufferings from last 7.5 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. CA-BROWNGREER's local procedures in processing of claims cannot take precedence over the Federal rule, and rule of law, CA-should please keep in mind, thanks.

Plaintiff's states,  and confirmed that there is deception going on.

1.   Did defendant  CA-BROWNGREER/SM/MERCK  Company  made  a material Representation to plaintiff that was false?  **YES**

2.   Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-BROWNGREER knew that the Representation was false? **YES**

3.   Did  defendant  CA-BROWNGREER/MERCK/CA-BROWNGREER intended to induce the Plaintiff  to act upon the representation?  **YES**

4.   Did Plaintiff actually and justifiably relied upon the representation and

There by suffered Injury?  **YES**

**16.   ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF CA- BROWNGREER & SPECIAL MASTER/ FOR CASE MANAGEMENT (IF THERE WAS ONE?
YES- PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES RULE 60 (b) and Rule 56)**

The Plaintiff's (Movant) evidence was and is legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

**17.**    Plaintiff submitted documentary evidence for missing information from the "Social Security & Insurance Company, including medical records of Plaintiff's treating Physician and other physicians at Hospital, Insurance medical Bills paid and Social Security Admin Disability records which were intentionally ignored [*7.5 – 8.0 years of disability and wage loss*]. The Past, Present and Future Approximately $3.2 million dollars is owed in compensations by defendant(s) MERCK & Company/ CA-BROWNFREER, and it should not be a problem from judgment of $ 4.8 billion dollars court order settlements to redress this situation.

**18.**    Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud on CA-BROWNGREER/MERCK.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement MSA agreement.

**19.**    The Plaintiff/Claimant, Lilak is requesting for earliest possible date for summary judgment hearing on this controversy and disputed issues about his claims so justice can be served.

The plaintiff is qualified Claimant (QCP) with 27.09 award out of 109 points deducting 70% to 75% for non-existing symptoms incorrectly from his points of grid/table points and the Harsh Burden-some  rigid rules applications to minimize his compensations i.e. he has gone through all the criteria and Gates reviews of Duration etc...,.

The CA-BROWNGREER is using unfair and SCIENTER & INSIDE rules to the personal injuries and claims of the plaintiff being (Pro Se). Justice and Fairness of law is being prayed and requested from this Court in this matter and to enter "Summary judgment" is proper, fair and just, thanks.

ORIGINAL - COURT'S & CHAMBER'S COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:              OPEN.
Judge: "ELDON E. FALLON"
Objection Date:10 Day [TBD]- -2010.

## **CONCLUSION**

The plaintiff's claim is for the Wage Losses, Pain and Sufferings for prolonged use of VIOXX products and suffering injuries for period 7-8 years and to be continued in future. The plaintiff has suffered huge financial damages and has been unable to provide for the family and being disabled and on disability since 10-2002 to 08-2010.

The Huge, and gross Negligence and Dereliction of Responsibilities & Duties and intentional and criminal efforts of defendant MERCK & CO, for dispensing un-save medicine to public without warning of adverse affects and dispensing medications which caused people death and pain and sufferings, which the company was not legally authorized to dispense which is fraud and criminal and malicious act on part of the MERCK Company they should be ashamed.

The courts have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. *Taylor v. Clark also Centric-Jones Co. v. Hufnaggel , was designed to* make the legal system more effective and efficient by discouraging the filing of unnecessary litigation (in this situation case has already has been filed).

I am referring to Defendants refusal of the claim and my objection and Motion for relief under Rule 56 and Rule 60(b). Motion, Information has been provided repeatedly to The Defendant multiple times previously to resolve the issues and controversy but failed. The Controversy still exists. Therefore, plaintiff/claimant has standing and legal ground for his claim for remand and hearing for summary judgment.

The Plaintiff (Lilak) is sensing Wonton and Bad faith conduct on part of the defendants CA-BROWNGREER/MERCK and this Honorable Judge, should also sense that in this case. The firm [Ca-BROWNGREER] is make look good in the status reports for $4.8 Billion report to the court, but real story is different. The Honorable court should check into the inside and see the SCIENTER rules and dirt being played by CA-BROWNGREER/MERCK Defense.

The Plaintiff/Claimant (Lilak) and his family had suffered long enough. Due to the negligence and irresponsible, criminal, and fraudulent marketing practices by selling and dispensing dangerous medications.

18

ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:                  OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: 10 Day [TBD]-  -2010.

The plaintiff has direct injuries and his family has suffered a lot of financial damages, due to plaintiff not being able to provide for family and dependents of (4) on him from last 8-9 years. The claimant want his life back as before and needs to be compensated for damages/injuries.

Therefore, Plaintiff (Lilak) claim for his Wage loss and EI-Claims should be granted,  Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint.

Plaintiff is praying for the Summary judgment against the Firm CA-BROWNGREER and MERCK Defense and in favor of injured plaintiff as victim of Bad Faith, Wonton and Dishonest Services and claim of Wage Loss should be granted and Just according to the rule of law.

The Plaintiff/Claimant (Lilak) is respectfully requesting, praying and seeking summary Judgment in response to Defendants refusal of his claims as QCP Claimant.

Since, all Rule of Federal Civil Procedures has been complied. Therefore it is prayed, that Honorable Judge can enter Order for Summary Judgment for this "res ipsa liquitur" i.e. it speaks for itself, and it is Strict Product Liability case.

The plaintiff (Lilak) is still open for fair, just and reasonable adjudication to settle claim which should include the wage loss, past present and future and medical expenses past present and future for which details has been submitted, to avoid protracted litigation for this case.

The Plaintiff Lilak, Safdar most respectfully submitted to Honorable Judge/Special Master for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak),
and relief for the extraordinary injuries EI-claims against the defendant and in favor of injured plaintiff/Claimant (Lilak)  thanks your Honor, for your time. Respectfully and sincerely, submitted on this Date of 09-15-2010.

The Plaintiff further request & pray for Telephone conference for Summary Judgment  and Hearing and request that court  please inform him of details for Hearing or any verbal deposition if needed and setting of the Hearing Date, in the name of Justice and Fairness. If applicable? The Claimant requesting Hearing (mini-trial) by jury hearing, otherwise bench decision will be also be desired, since rule 56 discourage litigation for frivolous matters.

*ORIGINAL - COURT'S  & CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:*   **TBD, 2010.**
*Time:*   **OPEN.**
*Judge: "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

The plaintiff has been damaged & injured in equity and fairness of law by CA-BROWNGREER/MERCK in process of Settlement of the case/claims of Claimant Lilak, Safdar VCN No. 1113035,  Case No. 06-cv-08318/MDL 1657. The plaintiff/Claimant is seeking, begging, praying fairness of law and justice, under equal protection of law and fairness of justice as deem appropriate in eyes of law. The defense needs to be cited for "Show Cause" why summary judgment should not be entered in favor of Plaintiff (Pro Se) Mr. Lilak.

Sincerely,

_Safdar Neil Lilak_   9-20--2010
s/ Safdar Neil Lilak
Safdar Neil Lilak, Claim: VCN N0. 1113035,

BROWNGREER CLAIM ADMIN., / MERCK & COMPANY/

Case No. 06-CV-08318-EEF.

E-mail: slilak43@msn.com,

Ph: 303-755-1505. slilak43@msn.com

*ORIGINAL* COURT'S & CHAMBER'S COPY(S)
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:*    *TBD, 2010.*
*Time:*    *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

## CERTIFICATE OF MAILING & SERVICE

The foregoing was and is mailed to following parties on September 20, 2010, pursuant to the rules of service and mailing, by the US mail, E-mail and Certified or Confirmed receipt mails and electronically to all involved parties.

## TO:

1. **Mr. Russ Herman**

   **Plaintiff's Liaison Counsel**

   Herman, Herman Katz & Cotler, LLP

   820 O' Keefe Ave.

   New Orleans, LA 70113.

2. **Mr. Phillip Wittmann**

   **Stone Pigman Walter Wittmann, LLC**

   546 Carondelet Street

   New Orleans, LA 70130.

3. **VIOXX Pro SE Curator**

   400 Poydras Street

   Suite 2450

   New Orleans, LA 70130.

4. **Dorothy H. Wimberly**, Lead Liaison Counsel MERCK MDL1657-VIOXX],

   Case: 2:06-CV-08318-EEF-DEK.

   546 Carondelet Street,

   New Orleans, Louisiana 70130-3588.

   Ph: (504) 593-0849, Fax: (504) 596-0849, E-mail: dwimberly@stonepigman.com

*ORIGINAL - COURT'S  &  CHAMBER'S  COPY(S)*
*[After Order of Sept. 03-2010, Received by Plaintiff on 09-17-2010]*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:10 Day [TBD]- -2010.*

5. **BROWNGREER CLAIMS ADMINISTRATION** – VIOXX Settlement.

   VIOXX Claims Administration

   115 S. 15th Street, Suite 400

   Richardson, VA 23219. [E-mail: claimsadmin@browngreer.com]

6. **Robert M. Johnston** of Johnston,  Hoefer,  Holwadel & Eldrige (Plaintiff Liaison).

   601 Poydras Street, Suite 2490,

   New Orleans, Louisiana, LA 70130.

7. **Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX, Case No. 06-CV-08318-EEF]

   500 POYDRAS Street,

   Room C-456

   New Orleans, Louisiana,  LA 70130.

8. Safdar Neil Lilak

   1033 S. Kittredge Way, Aurora Colorado 80017.

**CC:**   Honorable: Eric Holder Attorney General, USA.

Honorable: Thomas Perrelli Associate., Attorney General USA.
**Respectfully Submitted.**

**Dated: 09-20-2010**

**s/** Safdar Neil Lilak   09-20-2010