# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| ***Danny Bell v. Merck & Co., Inc.,*** | * | **KNOWLES** |
| 2:05-cv-01243-EEF-DEK | * | |
| | * | |
| | * | |

**************************************************************************

## DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF DANNY BELL'S MOTION FOR RELIEF FROM JUDGMENT

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby opposes Plaintiff Danny Bell's Motion for Request for Relief from Judgment.  Plaintiff's suit was dismissed with prejudice on June 16, 2010 after the filing of a Stipulation of Dismissal with Prejudice executed by Plaintiff and Merck.  Plaintiff, who is proceeding *pro se*, has now filed this Motion for Request for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(3) requesting that the Court vacate its June 16, 2010 order dismissing his lawsuit.  Because Plaintiff has not demonstrated any grounds that would entitle him to relief under Rule 60, his motion should be denied.

## FACTUAL BACKGROUND

Plaintiff Bell, who alleges that he experienced severe chest pain on April 1, 2004 caused by his use of Vioxx, enrolled in the Vioxx Resolution Program and thereby agreed to be bound by the terms and conditions of the Master Settlement Agreement ("MSA").  As part of his

enrollment in the Resolution Program, Plaintiff executed and submitted to the Claims Administrator a Stipulation for Dismissal with Prejudice of his claim against Merck.

Plaintiff's claim subsequently proceeded through the review process set forth in the MSA.  On May 20, 2009, the Claims Administrator issued a Notice of Ineligibility to Plaintiff after determining that his alleged injury did not meet the injury gate criteria as defined by the MSA.  Plaintiff submitted additional medical records for a secondary review, after which the Claims Administrator again found his claim to be ineligible under the injury gate criteria. Plaintiff's claim was then reviewed by the Gate Committee, which issued a Gate Committee Notice of Ineligibility on July 22, 2009, also based on a determination that Plaintiff's claim did not pass the injury gate.

In the letter accompanying the Gate Committee Notice of Ineligibility for his claim, Plaintiff was notified by the Claims Administrator that under the terms of the MSA, he could either (1) appeal his claim to a Special Master by August 6, 2009, (2) submit a Future Evidence Stipulation ("FES") by August 21, 2009, at which point his Stipulation for Dismissal with Prejudice would be returned to him by the Claims Administrator, or (3) do nothing, which would result in the closing of his claim and the delivery of his Stipulation for Dismissal with Prejudice to Merck.  Plaintiff submitted to the Claims Administrator a form indicating that he intended to submit a FES, but he never submitted a FES or appealed his claim to the Special Master.  Instead, on August 17, 2009, Plaintiff filed a motion with this Court requesting reformation of his settlement agreement with Merck and a trial on his claims.  The Court denied that motion on October 26, 2009.  Because Plaintiff failed to submit a FES or appeal his claim to the Special Master within the time period required by the MSA, Plaintiff had no further rights

1031873v.1

under the Resolution Program, and the Claims Administrator closed Plaintiff's claim on

September 1, 2009 and thereafter delivered his Stipulation of Dismissal with Prejudice to Merck.

On June 15, 2010, Merck filed the Stipulation of Dismissal with Prejudice with

the Court, and on June 16, 2010, the Court issued an order dismissing Plaintiff's claims with

prejudice in light of the Stipulation of Dismissal.  Plaintiff has now moved for relief from

judgment under Rule 60(b)(3), arguing that Plaintiff's Liaison Counsel (1) failed to meet the

class action notice requirements of Federal Rule of Civil Procedure 23(c)(2), (2) violated section

45 of the Federal Trade Commission Act, and (3) defrauded Plaintiff by purporting to act as his

counsel.

## ARGUMENT

As detailed above, Plaintiff was afforded a full and fair opportunity to pursue his

claims within the Resolution Program.  When he was ultimately determined to be ineligible for

payment under the terms of the MSA, Plaintiff had the opportunity to exit the Resolution

Program and pursue his claims before this Court by submitting a FES.  When he failed to avail

himself of that opportunity, his lawsuit was dismissed, in accordance with the terms of the MSA.

Because Plaintiff has not established nor even alleged any grounds that would justify disturbing

the dismissal of his claims, his motion should be denied.

Plaintiff invokes Rule 60(b)(3)'s grounds for relief from judgment based on

"fraud . . . , misrepresentation, or other misconduct of an opposing party."  Fed. R. Civ. P.

60(b)(3).  Well-established precedent makes clear that Rule 60(b) relief is an "extraordinary"

remedy that will be afforded only in "unique circumstances," for courts are disinclined to disturb

final judgments.  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).   "A party

making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or

other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Furthermore, "[t]he moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

Plaintiff's motion falls far short of this standard, however, for it does not even assert, let alone establish by clear and convincing evidence, any conceivable grounds that that would justify relief under Rule 60(b)(3). Instead, Plaintiff's motion lodges various complaints against Plaintiffs' Liaison Counsel based on Rule 23 of the Federal Rules of Civil Procedure, which relates to class actions, and section 45 of the Federal Trade Commission Act, which relates to the Federal Trade Commission's authority to prohibit unfair competition and deceptive trade practices in commerce and bring enforcement actions against such practices. Both of those provisions are plainly inapplicable to Plaintiff's personal injury claims against Merck arising out of his use of Vioxx, which are not a part of any class action. Plaintiff's motion also includes a brief and vague allegation of fraud, but he alleges fraud by the *Plaintiffs' Liaison Counsel*, not by any adverse party as required by the terms of Rule 60(b)(3). These allegations, therefore, even if they were established to be true, are insufficient to support Plaintiff's motion under Rule 60(b)(3). Accordingly, Plaintiff has not met his burden of demonstrating any grounds for relief, and there is no basis for disturbing the Court's June 16, 2010 dismissal of his claims with prejudice.

1031873v.1

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated:  September 27, 2010

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1031873v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum in Opposition to Plaintiff Danny Bell's Motion for Relief from Judgment has been served on Plaintiff Danny Bell via U.S. Mail at the following address:

> Danny Bell CDC#K-68611
> P.O. Box 950
> F.S.P. 5/AB2/28
> Folsom, CA 95763

The foregoing Memorandum in Opposition to Plaintiff Danny Bell's Motion for Relief from Judgment has also been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of September, 2010.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1031873v.1