**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re VIOXX: ) | |
| Products Liability Litigation ) | |
| ) | MDL 1657 |
| THE STATE OF OKLAHOME, *ex rel* ) | |
| OKLAHOMA HEALTHCARE ) | |
| AUTHORITY, ) | |
|     Plaintiff, ) | SECTION L |
| vs. ) | |
| ) | JUDGE ELDON E. FALLON |
| MERCK & CO., INC., ) | |
| ) | MAGISTRATE JUDGE KNOWLES |
|     Defendant. ) | |

**STATE OF OKLAHOMA, *ex rel* OKLAHOMA HEALTHCARE AUTHORITY'S UNOPPOSED MOTION TO AMEND PTO 39A TO MOVE OKLAHOMA'S CLAIMS TO GROUP II**

In PTO 39A, the government action claims of Oklahoma were declared to be in "Group 1", which group has the most aggressive discovery and remand schedule. Oklahoma requests, and Merck has no opposition, to be removed from "Group 1" and placed into "Group 2", as described in PTO 39A, and in support of the same would show the Court as follows:

    **A.    OKLAHOMA STATE HEALTHCARE AUTHORITY**

In late May, 2010, a heavy hail storm severely damaged the facilities housing the Oklahoma Healthcare Authority. The building was a leased property. In June, heavy rains caused severe flooding and the facility began to "dissolve" around the Healthcare Authority. The entire Healthcare Authority had to be physically relocated to another temporary home during June and July of this year. The move has occupied the entire

1

IT resources and many of the ancillary resources necessary to procure the requested documents and data in this pending lawsuit. A great deal of the material has been relocated into difficult and/or unidentified long-term storage facilities. All data and computer storage has been in a state of flux and normalcy at the agency is just beginning to be realized.

### B.   MOVEMENT TO "GROUP 2"

The Plaintiff has kept the Defendant informed of the situation, and has made every attempt to provide what discovery was possible to date. However, given the Oklahoma Healthcare Authority's current predicament, maintenance in Group 1 will be unworkable and cause frustration for the Parties as they attempt to stay current with the discovery and with approaching depositions. It further significantly burdens the already taxed resources of the governmental entity. Plaintiff has kept the Defendant apprised of the situation over the summer and has conferred with Defendant on several occasions on this matter. Defendant has agreed to the move to Group 2 due to the circumstances.

Plaintiff hereby moves this Honorable Court to permit the removal of Oklahoma Healthcare Authority from "Group 1" to "Group 2" of PTO 39A to enable it to maintain pace with the " Group 2" scheduling order as set forth in PTO 39A.

Respectfully submitted,

***SHELLY A. SANFORD* PLLC**

  /s/ Shelly A. Sanford_____
SHELLY A. SANFORD
Federal Bar Number: 784904
Anthony C. Coveny
SBN: 24059616
1500 McGowen Street, Ste. 250
Houston, Texas 77004
713/524-6677 Telephone
713/524-6611 Facsimile

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record, via U.S. Mail, email, hand delivery or electronically by LexisNexis File & Serve, on this the 2nd day of September, 2010.

  /s/ Shelly A. Sanford____
Shelly A. Sanford

## **CERTIFICATE OF CONFERENCE**

A conference has been held on the merits of this Motion:

\_\_\_\_  I have been unsuccessful in my attempts to contact opposing counsel.

\_\_\_\_  I have been unsuccessful in my attempts to discuss this matter with opposing counsel as said attorney has not responded to my letters.

\_\_\_\_  This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

\_\_\_\_  This matter has been discussed with opposing counsel and opposing counsel has opposed Movant's Motion.

_X\_\_  Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

                                                __/s/ Shelly A. Sanford\_\_\_\_
                                                Shelly A. Sanford