

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2010

Lyle W. Cayce
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-30445
Summary Calendar

D.C. Docket No. 2:05-MD-1657 L
D.C. Docket No. 2:08-CV-959

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION
-----------------------------------------------------------

SERGI CHEPILKO,

      Plaintiff - Appellant

v.

MERCK AND COMPANY INC,

      Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

## JUDGMENT

      This cause was considered on the record on appeal and the briefs on file.

      It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: SEP 2 3 2010

___ Fee _____
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
             Deputy   SEP 2 3 2010

New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2010

No. 09-30445
Summary Calendar

Lyle W. Cayce
Clerk

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION.

SERGI CHEPILKO,

          Plaintiff-Appellant,

versus

MERCK AND COMPANY, INC.,

          Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-MD-1657
USDC No. 2:08-CV-959

No. 09-30445

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appearing *pro se*, the plaintiff-appellant, Sergi Chepilko, has filed a three-page brief. It is difficult to tell what legal claims he makes on appeal. The only issue stated is "[w]hether District Court correctly dismissed with prejudice all claims of plaintiff for failure to comply with Pre-Trial Order 28."

Chepilko asserts that he "did not receive from the District Court numerous Pre-Trial Orders, including PTO-28 . . . ." He states that "[i]stead, Vioxx claims Administrator offered plaintiff to enroll in the Settlement Program," which he did. He declined to sign the stipulation of dismissal because, as he posits, he

> had real concerns that such demand without consideration of the settlement offer could be fraudulent and addressed this issue to the court. Nobody explained [to] plaintiff why such stipulation of dismissal requires upfront unconditional signing.

Chepilko asserts that being required to sign the stipulation of dismissal, pursuant to the settlement, is "illegal." That claim is without merit. Because he has shown no reversible error, the judgment of dismissal is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.