UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------

In Re:         VIOXX                          :
               Products Liability Litigation  :
                                              :
                                              :        MDL Docket No.: 1657
THIS DOCUMENT RELATES TO :                    :        SECTION L
                                              :        JUDGE FALLON
Gene Weeks v. Merck & Co., Inc.,              :        MAG. JUDGE KNOWLES
Case No.: 05-cv-4578                          :
                                              :        Special Master Patrick A. Juneau
Attorney Fee Lien Dispute of                  :
Maria D. Tejedor v. Gene Weeks                :

-----------------------------------------------

### PLAINTIFF'S ATTORNEY RONALD R. BENJAMIN'S RULE AND INCORPORATED MEMORANDUM OF LAW TO SHOW CAUSE WHY THE SPECIAL MASTER'S JUNE 14, 2010 SCHEDULING ORDER SHOULD NOT BE AMENDED AND IMMEDIATELY STAYED OR ADJOURNED, AND WHY SAID SCHEDULING ORDER SHOULD NOT BE FURTHER AMENDED TO PROVIDE A BRIEFING SCHEDULE AND HEARING ON BENJAMIN'S MOTION FOR SUMMARY JUDGMENT PRIOR TO THE HEARING ON ATTORNEY FEES SCHEDULED FOR OCTOBER 19, 2010.

Ronald R. Benjamin, counsel for plaintiff Gene Weeks, hereby moves this Court

pursuant to Fed.R.Civ.Pr.7(b) and 16(b)(4), for an order requiring attorney fee claimant

Maria Tejedor ("Tejedor") to show cause why this Court should not amend or modify and

immediately stay or adjourn the June 14, 2010 scheduling order of Special Master Patrick

Juneau in the attorney fee lien proceedings before him, and set a schedule for briefing and

hearing of Benjamin's motion for summary judgment to occur prior to a hearing on Ms.

Tejedor's attorney lien claim.

## INTRODUCTION

Although the Special Master's scheduling order sets a deadline for memoranda to be submitted by counsel (which has been complied with), requires an in-person meeting between them to discuss settlement by September 13, 2010, and sets a hearing date for October 19, 2010, it does not schedule a time or set forth a procedure for dispositive motions in advance of the evidentiary hearing. As the record reflects, not only has undersigned counsel Ronald Benjamin filed and served a motion for summary judgment which this Court subsequently referred to the Special Master, but attorney Tejedor has filed a motion to strike all of the Benjamin pleadings on the grounds that Benjamin failed to appear for the in–person settlement negotiations with her pursuant to the scheduling order set by the Special Master directing the meeting to occur at a hotel in New Orleans. Benjamin made a request in writing that the Special Master dispense with or adjourn the in-person meeting requirement, but the Special Master did not rule on said request. Benjamin also opposed the motion to strike, which is pending.

The Special Master held a telephone conference with counsel yesterday, October 5, 2010. Only two questions were asked by the Special Master: (1) if there had been compliance with the September 13 in-person meeting directive; and (2) was the submission of a trial binder deadline of September 20 met. In the course of the conference, the Special Master indicated the hearing was going forward as scheduled. As a result thereof, it appears clear that the motion for summary judgment, which has been pending before the Special Master for over one month without a hearing being scheduled

or an opposition being filed by attorney Tejedor, will not be heard, if at all, until after a

full evidentiary hearing scheduled by the Special Master which may well be unnecessary

and a costly waste of time and expense if the motion for summary judgment were

successful.

      This Court referred the summary judgment motion well in advance of the in-person

meeting, trial binder and hearing dates in the scheduling order.  It is respectfully submitted

that this Court should amend the scheduling order so that there is a meaningful hearing

and consideration of Benjamin's summary judgment motion prior to the scheduled

hearing, which would include scheduling the filing of an opposition by Tejedor in

accordance with Rule 56 and Local Rule 56.2and a reply by Benjamin, and  would include

staying or adjourning the June 14 scheduling order requirements for trial exhibits and

appearance on October 19, in light of the circumstances that such hearing may  be

obviated since Benjamin's summary judgment motion seeks dispositive relief that Tejedor

abandoned plaintiff Gene Weeks and forfeited any claim to a fee.

      Benjamin now turns to the facts relevant to the relief sought in the instant motion.


### STATEMENT OF FACTS

      On March 18, 2010, this Court issued an order in all cases with pending attorneys

fee liens filed pursuant to Pretrial Order 47A in which "Special Master Juneau, by this

Order is hereby authorized to evaluate all disputed liens for attorneys' fees and expenses

relating to Vioxx Settlement Payments... and issue a report and recommendation to the

Court." *See* Order, Rec. Doc. 37739, at p.1.

In a June 14, 2010 letter to counsel, Special Master Juneau scheduled a hearing on the instant fee dispute for October 19, 2010, in the U. S. District Courthouse in New Orleans. *See copy of letter annexed hereto as **Exhibit A**.*   Among other pre-hearing requirements in said letter, Special Master Juneau set a July 21, 2010 deadline for the parites to exchange memoranda, a August 20 deadline for depositions, a September 7 deadline for reply memoranda, a September 13 "Deadline for all involved parties to have an in-person meeting to try to amicably resolve this dispute" and a September 20 "Deadline for the Special Master to <u>receive</u> from each party a separate 3-ring binder of materials" which must include, *inter alia*, certification that counsel met in person and an affidavit describing all work performed and expenses incurred   *Id., at 1-2.*

Thereafter, each of the parties exchanged memoranda and no depositions were noticed.   With respect to the in-person settlement meeting, in a letter to the Special Master dated August 10, 2010, Benjamin objected to the in-person meeting stating, "it does not seem useful to have an in-person meeting since matters are sufficiently polarized to make that a significant waste of time and money." *See Benjamin letter annexed hereto as **Exhibit B**, at 1.* He also indicated he would "be making a motion for summary judgment which I believe should be dispositive on the issue of entitlement [to] fees." *Id.*

Special Master Juneau responded to the parties in a letter dated August 17, 2010, in which he stated, "If you cannot reach an agreement on an amicable date and location for the in-person meeting, please advise and I will select the date and schedule the meeting to

take place in New Orleans." *See Juneau letter annexed hereto as **Exhibit C** (without enclosures)*.   Thereafter, in a letter to counsel dated September 2, Special Master Juneau stated, "In view of the continued difficulties in scheduling the mandatory in-person meeting, please be advised that I am hereby scheduling the meeting to take place at 10:00 a.m. on Monday, September 13, 2010 in New Orleans." *See Juneau letter annexed hereto as **Exhibit D.*** The meeting was to "be held at the Hilton Hotel," and the Special Master stated: "Recall that this is a <u>mandatory</u> meeting, and all involved parties must attend the meeting in person.  *Id.*

In the interim, on August 20, 2010, Benjamin filed the motion for summary judgment he had forecast, including a lengthy statement of material facts that do not remain in dispute.  *See MDL Rec. Doc. 49974.*   On September 3, 2010, this Court issued an Order referring the motion for summary judgment to Special Master Juneau, "who shall take all appropriate steps to address the disputed lien and issue a report and recommendation to the Court." *See Order, Rec. Doc. 50995, at p.1.*

Also, on September 3, 2010, Benjamin wrote to Special Master Juneau requesting that he "adjourn if not dispense with the mandatory meeting...., at least until the summary judgment motion which is pending has been decided." *See Benjamin letter annexed hereto as **Exhibit E**.*  Benjamin noted he had been "unable to get through to Ms. Tejedor by telephone so it is difficult to discern the purpose of the mandatory meeting since it is obvious she has no intent to discuss settlement but is simply going through the motions for reasons known only to her." *Id.*   Benjamin also stated that, "under the current

circumstances the mandatory in-person meeting is purely punitive" and requested that:

> ...the matter be adjourned until after the summary judgment motion is
> decided with leave to move to dispense with the requirement or develop a
> mechanism that would make any settlement discussions meaningful rather
> than a waste of time and expenses.

*Id.*    At no time prior to September 13 did Special Master Juneau respond to Benjamin's

September 3rd letter with respect to the reasonable requests therein to dispense with or, at

minimum, adjourn the in-person meeting.

Thereafter, on September 16, 2010, Tejedor filed a motion entitled, "Plaintiff's

Counsel, Maria Tejedor's, Motion to Strike Pleadings of Ronald Benjamin and Deny Mr.

Benjamin's Request for Attorney's Fees and Costs." *See MDL Rec. Doc. 52083.*  Clearly

the motion seeks dispositive relief in the form of a drastic dismissal sanction; however, it

does not appear that said motion has been referred to the Special Master.

On September 22, 2010, Benjamin  filed his opposition to the same. *See MDL Rec.,*

*Doc. 52375.*

Thereafter, the Special Master required counsel to participate in a brief telephone

conference on October 5, 2010, which he indicated was for the sole purpose of asking two

questions related to whether or not there had been compliance with the September 13 in-

person meeting requirement and the submission of a trial binder by the deadline of

September 20.   In the course of the conference, the Special Master indicated the hearing

schedule was going forward as scheduled.   There was no mention of the motion for

summary judgment that had been referred by this Court on September 3.

Benjamin promptly files the instant motion in light of all of the circumstances recited above.  He proceeds by order to show cause in light of the impending hearing date of October 19 and the likelihood that his dispositive motion for summary judgment will not be heard prior to the hearing on Tejedor's attorney fee claim given the October 5th conference.

## ARGUMENT

### This Court Should Grant the Instant Show Cause Motion By Amending and Staying or Adjourning the Special Master's June 14 Scheduling Order So That Benjamin's Motion for Summary Judgment Is Scheduled for Briefing and Heard Prior to Requiring Trial Submissions and the Hearing on Tejedor's Attorney Fee Lien Claim to Proceed.

It is well settled that this Court has the discretion to amend a scheduling order, which the Fifth Circuit has explained as follows:

> Consistent with the authority vested in the trial court by rule 16, our court gives the trial court "broad discretion to preserve the integrity and purpose of the pretrial order." Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir.1979) (affirmed refusal to modify pre-trial order); see also Fed.R.Civ.P. 16(b), Advisory Committee Note (trial court may modify scheduling order for good cause).

Geiserman v. MacDonald, 893 F.2d 787, 790 (C.A.5 1990).  It is respectfully submitted the above principles apply to the Special Master's June 14 scheduling order, and that there is good cause to amend that scheduling order under the circumstances that have arisen in the attorney lien proceeding.

-7-

In the first instance, Benjamin has diligently pursued a motion for summary judgment, and the same has been referred to the Special Master.   However, the Special Master has not set his motion down for hearing or required that Tejedor submit her opposition to the motion prior to the hearing date scheduled for October 19, which had been scheduled prior to the filing and referral of the summary judgment motion.

In the interim, Special Master Juneau has not responded to Benjamin's request to dispense with or adjourn the in-person settlement meeting, particularly in light of the pending summary judgment motion, and has indicated that the hearing in the scheduling order will go forward.

As a result, there has been no scheduling under which Tejedor must file her opposition to the summary judgment, or Benjamin is allowed time to reply thereto. Moreover, the Special Master has essentially informed the parties that the scheduling order has not been changed in any respect despite the pendency of the motion for summary judgment.   It is respectfully submitted the same constitutes an abuse of discretion or a failure to exercise discretion to amend the scheduling order so that the summary judgment motion is fully briefed and heard prior to a full evidentiary hearing on the main claim.

Indeed, the exhibits on which Benjamin would rely at hearing are annexed as exhibits to the motion for summary judgment, and a determination of summary judgment in Benjamin's favor would obviate the need for the submission of records of work performed which are relevant to Tejedor's lien claim.  With respect to expenses incurred by the attorneys, Benjamin's motion makes clear that he does not dispute that Tejedor

would be entitled to reimbursement for the expenses incurred by her firm.   Thus, the remaining dispute relates to whether or not she abandoned the client's case and, therefore, forfeited the right to assert a lien for attorney's fees.   If decided in Tejedor's favor, the evidentiary hearing on work performed by the former and current attorneys would proceed in order to meet the referral obligation to evaluate the fee issues.

It is respectfully submitted that, other than time records,  all of the legal positions and exhibits supporting Benjamin's position that would be the subject of a hearing on Tejedor's claim are annexed to his motion for summary judgment, and provide the information that would be in the trial binder.   However, the scheduling order indicates that "Any materials received after [September 20, 2010] will **not** be considered" and that, "Parties will not be allowed to submit any additional evidence or testimony at the hearing." *Scheduling Order, at p. 4.*

Benjamin submits he has acted reasonably in pursuing the motion for summary judgment and in requesting that the Special Master dispense with or adjourn the in-person settlement negotiations, and in awaiting a briefing schedule from the Special Master.   In light of the pendency of the summary judgment motion and the expedited nature of the scheduling order in the first instance, the only purpose that would be served by going forward strictly as originally scheduled – instead of scheduling briefing and hearing on the summary judgment motion prior to a hearing on the merits of Tejedor's claim – would be to increase the cost and time expended in this proceeding, and decrease the efficiency of the scheduling order.   Moreover, it is submitted this result places Benjamin

in an unfair and untenable position of being labeled as delaying or disobeying a

scheduling order and opens him up to sanctions under Rule 16(f) that should not enter

into this proceeding, and perhaps awards Tejedor the windfall of a sanction of dismissal

against Benjamin that she is already seeking in her motion to strike.  Such an outcome, it

is submitted, would be the result of abuse of discretion.  *See, e.g.,* Bann v. Ingram Micro,

Inc., 108 F.3d 625, 627 (C.A.5,1997).

## CONCLUSION

Plaintiff's counsel respectfully submits that this Court should grant the instant

show cause motion to amend and stay the June 14, 2010 scheduling order and set a

schedule for briefing and hearing on Benjamin's motion for summary judgment based on

the facts and reasons set forth above, along with such other and further relief as is just and

proper.

Dated:   October 6, 2010
          Binghamton, New York

                              Respectfully submitted,

                              Ronald R. Benjamin Fed Bar Roll No.: 101131
                              Law Office of Ronald R. Benjamin
                              126 Riverside Drive, PO Box 607
                              Binghamton, New York 13902
                              (607)- 772-1442
                              ronbenjaminlaw@stny.rr.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------

In Re:       VIOXX                          :
          Products Liability Litigation      :
                                             :
                                             :         MDL Docket No.: 1657
THIS DOCUMENT RELATES TO :        :         SECTION L
                                             :         JUDGE FALLON
Gene Weeks v. Merck & Co., Inc.,    :         MAG. JUDGE KNOWLES
Case No.: 05-cv-4578                 :
                                             :         Special Master Patrick A. Juneau
Attorney Fee Lien Dispute of        :
Maria D. Tejedor v. Gene Weeks      :

---------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010 the above and foregoing Order to Show Cause

Why the Special Master's June 14, 2010 Scheduling Order Should not be Amended and

Immediately Stayed or Adjourned, Plaintiff's Attorney Ronald R. Benjamin's Rule and

Incorporated Memorandum of Law with Exhibits A-E with Certificate of Service have been

served on Liaison Counsel, Phillip Wittmann, Esq., by ECF and upon Maria Tejedor, Esq., by

U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve

in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with

the Clerk of Court of the United States District Court for the Eastern District of Louisiana by

using the CM/ECF system which will send a Notice of Electronic Filing in accord with the

procedures established in MDL 1657.

Dated: October 6, 2010
       Binghamton, New York

MARYA C. YOUNG