**SPECIAL MASTER OF**
**IN RE: VIOXX PRODUCTS LIABILITY LITIGATION**
**MDL NO. 1657**
Post Office Drawer 51268
Lafayette, Louisiana 70505-1268
Telephone: (337) 269-0052   Facsimile: (337) 269-0061

June 14, 2010

**Via Certified Mail**
**Return Receipt Requested**

Ms. Maria D. Tejedor
Diez-Arguelles & Tejedor
520 N. Semoran Blvd., Suite 200
Orlando, FL 32807
[No. 7008 2810 0002 3756 6038]

Mr. Ronald R. Benjamin
Law Office of Ronald R. Benjamin
Post Office Box 607
Binghamton, NY 13902
[No. 7008 2810 0002 3756 6045]

Re:   Vioxx Products Liability Litigation
MDL No. 1657
**Attorney Fee Lien Dispute of**
**Maria D. Tejedor v. Gene A. Weeks**

Dear Ms. Tejedor & Mr. Benjamin:

Pursuant to the Court's Order of March 18, 2010, wherein I was appointed to evaluate all disputed liens for attorneys' fees and expenses, please be advised that a hearing on the above-reference dispute has been set for 1:30 p.m. on Tuesday, October 19, 2010 at the United States District Courthouse, 500 Poydras Street, Room C-311, New Orleans, Louisiana. Oral argument will be conducted at the hearing and the personal appearance of all involved attorneys and/or parties is mandatory.

Below you will find the applicable deadlines with which you must comply. Please be advised that these deadlines will be very strictly enforced by the Court.

**July 21, 2010**   **Deadline for all parties to exchange memoranda.**

(1)   This is simply the deadline for parties to exchange the memorandum, not the deadline for the memoranda to be submitted to the Special master.

Ms. Maria D. Tejedor
Mr. Ronald R. Benjamin
June 14, 2010
Page 2

      (2)    Each memorandum must comply with the following requirements:

           (a)    The memorandum must address all facts and law relevant to the fee dispute.

           (b)    The memorandum must be on letter-sized paper, double spaced, and not exceed 10 pages in length.

**August 20, 2010**  **Deadline for the parties to take any depositions which they may deem appropriate.**

**September 7, 2010**  **Deadline for parties to <u>exchange</u> reply memoranda, if appropriate.**

      (1)    This is simply the deadline for parties to exchange the reply memoranda, not the deadline for the memoranda to be submitted to the Special Master.

      (2)    A reply memorandum is not required.

      (3)    If the parties elect to submit a reply memorandum, the reply memorandum must be on letter-sized paper, double spaced, and not exceed 5 pages in length. Also, the reply memorandum shall be limited to responding to the issues addressed in the opposing party's original memorandum.

**September 13, 2010**  **Deadline for all involved parties to have an <u>in-person</u> meeting to try to amicably resolve this dispute.**

      •    If the parties cannot agree on a location for the meeting, then the meeting shall be held in New Orleans, Louisiana.

**September 20, 2010**  **Deadline for the Special Master to <u>receive</u> from each party a separate 3-ring binder of materials.**

      (1)    Note that this is the deadline for the binders to be <u>received</u> by the Special Master.

Ms. Maria D. Tejedor
Mr. Ronald R. Benjamin
June 14, 2010
Page 3

(2) Each party's 3-ring binder shall include the following, with each filed under a separate tab and clearly labeled with an index of all tabs:

a) A <u>memorandum</u> which complies with the requirements set forth under the July 21, 2010 deadline above.

b) A <u>reply memorandum</u>, if appropriate. The reply memorandum must comply with the requirements set forth under the September 7, 2010 deadline above.

c) All <u>exhibits</u>, subject to the following requirements:

(I) Each exhibit must be separately and clearly marked with a letter (example: Exhibit A). Each exhibit must also be filed under a separate tab in the binder.

(ii) *All exhibits must be included in the binder. The Court will not give any consideration to any exhibits which are not included in the binder.*

d) <u>Condensed transcripts of all depositions</u> taken relative to this attorney fee dispute.

e) <u>All contractual agreements</u> between the parties.

f) <u>Certification by the parties</u> that they have met in person in accordance with the requirements of this Court. The certification must state the date of the meeting, the location, and the outcome.

g) <u>A notarized affidavit of the attorneys</u>.

- The affidavit shall include a description of all work performed by the attorney and/or the attorney's law firm with regard to the disputed claim, as well as an itemized list of all expenses incurred by the attorney and/or the attorney's law firm.

Ms. Maria D. Tejedor
Mr. Ronald R. Benjamin
June 14, 2010
Page 4

       h) <u>Any other documents or materials</u> which the parties believe need to be considered by the Special Master relative to this attorney fee dispute.

**October 19, 2010**  **Hearing in New Orleans**

    (1) Hearing to be held at 1:30 p.m. on Tuesday, October 19, 2010 at the United States District Courthouse, 500 Poydras Street, Room C-311, New Orleans, Louisiana.

    (2) The <u>personal appearance</u> of all involved attorneys and parties, including Maria D. Tejedor, Ronald R. Benjamin and Gene A. Weeks, is <u>mandatory</u>.

All submissions to the Court must be made by <u>certified mail</u> to:

Special Master, Patrick A. Juneau
Juneau David, APLC
1018 Harding Street, Suite 202
Lafayette, Louisiana 70503
Ph: (337) 269-0052

No submissions will be allowed by facsimile or by email. Again, all testimony and evidence being submitted must be **received by** the Special Master **no later than September 20, 2010**. Any materials received after this date will **not** be considered. Parties will not be allowed to submit any additional evidence or testimony at the hearing. However, the Court reserves the right to pose any questions to any of the participants at the hearing.

              Sincerely,

              PATRICK A. JUNEAU
              Special Master