**IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: VIOXX | § MDL Docket NO. 1657<br>§ SECTION L<br>§<br>§ JUDGE FALLON<br>§ SPECIAL MASTER JUNEAU |

**MEMORANDUM IN SUPPORT OF MOTION TO ABSTAIN FROM
CONSIDERATION OF ATTORNEY FEE LIEN CLAIM, OR IN THE
ALTERNATIVE, TO DISMISS OR ABATE THE ATTORNEY FEE LIEN CLAIM**

DAVID MCQUADE LEIBOWITZ, and DAVID MCQUADE LEIBOWITZ, P.C., (hereinafter collectively "Leibowitz") present their Memorandum in Support of Motion to Abstain from Consideration of Attorney Fee Lien Claim, or in the Alternative, to Dismiss or Abate the Attorney Fee Lien Claim presented in this case to the Claims Administrator by COUNSEL FINANCIAL SERVICES, L.L.C ("CFS"). As grounds therefore, Leibowitz shows as follows:

**1.0.  INTRODUCTION AND BACKGROUND FACTS.**

1.1.  **The Nature of the Dispute.** CFS provides case financing for attorneys in the practice of personal injury law throughout the United States. CFS has lent Leibowitz over $4.5 million since 2004. In September of 2007, Leibowitz entered into a Fourth Amended and Restated Revolving Promissory Note ("the Note") in the amount of just over $5 million which is secured by a Security Agreement dated February 1, 2006 ("the Security Agreement") attaching to Leibowitz's accounts and intangibles.

1.2.    In 2008, Leibowitz and CFS had a disagreement over the amount and timing of payments due on the Note.  On August 29, 2009, CFS accelerated the Note and filed suit in the Supreme Court of State of New York.  For various reasons, all of which have now become well known to appellate courts in New York and Texas, on November 25, 2008 the Court in New York entered a default judgment against Leibowitz in the amount of $5,506.800.96 (the "Default Judgment").

1.3.    CFS then moved to domesticate the Default Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act in Mr. Leibowitz's hometown, San Antonio, Texas.  Leibowitz opposed the domestication of the Default Judgment on the grounds that, *inter alia,* he "... was denied the opportunity to file a response to the Summary Judgment in Lieu of Complaint ..." in the New York Case.   The San Antonio District Court agreed with Leibowitz and refused to enforce the Default Judgment in Texas.  CFS appealed the Fourth Court of Appeals in San Antonio, Texas reversed the lower Court's judgment allowing domestication of the Default Judgment.  Leibowitz perfected his appeal to the Texas Supreme Court, where Leibowitz has requested a reconsideration that Court's denial of Leibowitz's Petition for Review.

1.4.    **The Texas Federal Cases.**  Since the entry of the Default Judgment CFS has aggressively pursued collection of both the Security Agreement and the Default Judgment. CFS filed pleas in intervention in other cases in which Leibowitz was Plaintiffs' Counsel. In *Dora Arnold vs. City of San Antonio;* Civil Action No.

SA:07-CA-0877-XR in the United States District Court for the Western District of Texas, San Antonio Division, and in *Dora Willars, Plaintiff v. Wal-Mart Stores Texas, LLC;* Case No. SA:08-CA-00695-OLG in the United States District Court for the Western District of Texas, San Antonio Division, ("the Texas Federal Court Cases"), CFS sought to intervene to enforce its lien on the attorneys fees earned by Leibowitz, just as it does in this case. In each of the Texas Federal Cases, the Courts refused to allow CFS to intervene, finding that CFS had not met the threshold for mandatory intervention under Federal Rule of Civil Procedure 24. The following documents relating to the Texas Federal Cases are attached hereto as Exhibits.

    1.4.1. **Exhibit "1".** Order on Motion to Intervene dated September 14, 2009 in *Dora Arnold vs. City of San Antonio, et al;* Civil Action No. SA-07-CV-877-XR; In the United States District Court for the Western District of Texas, San Antonio Division;

    1.4.2. **Exhibit "2".** Order on Counsel Financial Services, LLC's Motion to Reconsider dated October 2, 2009 in *Dora Arnold vs. City of San Antonio, et al;* Civil Action No. SA-07-CV-877-XR; In the United States District Court for the Western District of Texas, San Antonio Division; and,

    1.4.3. **Exhibit "3".** Report and Recommendation of the United States Magistrate Judge filed January 19, 2010 in *Dora Willars vs. Wal-Mart Stores, Texas, LLC et al and Counsel Financial Services, LLC;* Civil No. SA-08-CA-685-OLG; In the United States District Court Western District of Texas, San Antonio Division.

    1.5. **The Texas State Court Case.** On August 11, 2009, CFS filed one of its numerous Pleas in Intervention in the case of *Maria Alma Anzaldua, Plaintiff, v. Kmart Corporation, Defendant;* Cause No. C-856-06-G, in the 370th Judicial District Court of Hidalgo County, Texas, which is located in Edinburg, Texas. (the "Texas

State Court Case"). Leibowitz filed a Counterclaim for damages and injunctive relief. On March 22, 2010, the Texas Court entered an anti-suit temporary injunction against CFS ("the Injunction") prohibiting CFS from"...[e]nforcing or attempting to enforce the terms of the Security Agreement...[p]ursuing any claim for recovery under the Security Agreement in any Court other than the 370th Judicial Court of Hidalgo County, Texas; [or] [a]ttempting to levy, execute, or otherwise attempt to collect on the Judgment..."  Since the Court in the Texas State Case exercised its jurisdiction to resolve all matters between Leibowitz and CFS, on its face the Injunction prohibits CFS from going forward in this case.  The following Documents relating to the Texas State Court Case are attached hereto as Exhibits.

    1.5.1. **Exhibit "4"**.    CFS's Plea in Intervention with exhibits.

    1.5.2. **Exhibit "5".**    Leibowitz's Third Amended Answer to Counsel Financial Services L.L.C.'s Plea in Intervention, Request for Injunctive and Declaratory Relief, and Second Amended Counter-Claim for Damages; and

    1.5.3. **Exhibit "6".**    The Order Granting the anti-suit Temporary Injunction against CFS dated March 22, 2010.

    1.6.    CFS appealed the anti-suit Injunction, to the Court of Appeals for the Thirteenth Appeals District in the State of Texas located in Corpus Christi, Texas. That court modified the Injunction to provide that CFS "...can appear answer, defend and protect its rights in the HEB interpleader action [another case where CFS intervened], or any other subsequent actions (by interpleader or otherwise) that may arise..."  CFS's appeal of the anti-suit injunction against it is pending and will be

argued on October 28, 2010.

1.7. **CFS's Claims in This Case.** On March 11, 2009, CFS sent a letter to the Claims Administrator in this case, demanding that the fees owed by Leibowitz's clients in the Vioxx litigation be paid directly to CFS pursuant to the terms of the Security Agreement, which are the exact claims that it makes in the Texas State Court Case. On April 14, 2009, Leibowitz responded that CFS has no claim to any money under the VIOXX Master Settlement Agreement (the "VIOXX Settlement Agreement") or otherwise, which is the exact same argument pending before the Court in the Texas State Court Case. On January 22, 2010, CFS filed a "Restatement of Fee Lien Pursuant to PTO 47A" which attached the Security Agreement and the Default Judgment ("the Attorney Fee Lien Claim"). While CFS has denominated the Claim as a claim for a "Fee Lien Pursuant to PTO 47A", what CFS really seeks is to intervene in the VIOXX Litigation to collect its fees. A copy of the Attorney Fee Lein Claim (without the numerous and duplicative exhibits) is attached hereto as Exhibit "7."

1.8. No matter how CFS chooses to name the Attorney Fee Lien Claim, CFS is requesting to intervene in this litigation to obtain what it claims is its collateral without following requirements of the Federal Rules of Civil Procedure, requiring a motion before intervention can be allowed. "There is no controlling magic in the title, name, or description which a party litigant gives to his pleading. The substance rather than the name or denomination given to a pleading is the yardstick for

determining its character and sufficiency." *Coleman v. United States*, 1964 U.S. App. LEXIS 5495 (D.C.D.C. 1964). Leibowitz will show that this case should not be tried in two *fora,* and this Court should abstain, abate or dismiss.

**2.0.   LAW AND ARGUMENT.**

**2.1.   The Court Should Decline Jurisdiction Under the *Colorado River* Abstention Doctrine and let the Issues be Tried in the Texas State Court Case.**

2.1.1. **The Proceedings Are Parallel.**  As this Court stated in *Shermohmad v. New York Life Ins. Co.*, 2006 U.S. Dist. LEXIS 61546 (E.D. La. 2006) "...[t]his Court may abstain from the exercise of jurisdiction to promote wise judicial administration, conservation of judicial resources, and comprehensive disposition of actions when concurrent proceedings exist. "*Citing, Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). However, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly placed before it." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-89, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959). As such, the use of the doctrine is the exception as opposed to the rule. *Colorado River,* 424 U.S. at 813.  Abstention under the *Colorado River* doctrine requires an initial showing that the state and federal court proceedings are "parallel." *Shermohmad*, *supra*, *citing,  Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when they involve the same parties and the same issues. *See Republicbank Dallas, Nat'l Ass'n v.*

*McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). There can be no dispute that CFS's claim that it is entitled to Leibowitz's fees in the VIOXX MDL Case is exactly the same as the claim that it is entitled to fees in the Texas State Court Case. *Compare,* Exhibit "4" and Exhibit "7," and Leibowitz's defenses there are the same. *Id.*

    2.1.2. **Exceptional Circumstances Support Abstention.** The *Colorado River* doctrine next requires an examination of a variety of factors in order to determine if exceptional circumstances exist that justify a decline of jurisdiction. These factors include: (1) whether either court has assumed jurisdiction over a res; (2) the relative inconvenience of the forums; (3) whether piecemeal litigation can be avoided; (4) the order in which the state and federal courts obtained jurisdiction; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) whether the rights of the party invoking federal jurisdiction can be protected in state proceedings. *Shermohmad*, *supra, citing, Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Id.*

> 2.1.2.a. **Assumption by Either Court of Jurisdiction Over a Res.** In this case both courts have jurisdiction over some settlement proceeds, to the extent that the funds in hands of the VIOXX Claims Administrator are in the custody of this Court, this Court does, and the Texas Court has jurisdiction over the settlement proceeds in that case. It is not clear that the decisions regarding the *res* in this case will be urged as *res adjudicata* of the disposition of the *res* in the Texas State Court Case, or *vice versa*. Additionally, even if the *res* is awarded to CFS in this case, the Injunction provides that CFS will have to answer to the Judge in the Texas State Court Case with regard to their use.

*See,* Exhibit "6", p. 6. The Court should also consider the willingness of the Texas Sate Court to resolve all the disputes between Leibowitz and CFS, not just these presented by CFS in the VIOXX MDL. This factor should weigh in favor of abstention.

2.1.2.b.    **Relative Inconvenience of the Forums.** Both the state and the federal proceedings are relatively close to one another, with this Court in southeastern Louisiana, and the Texas State Court Case being located in Edinburg, Texas. Edinburg is 1500 miles from Buffalo whereas New Orleans is 1000 miles from Buffalo. Neither can be said to be convenient for CFS, whose home office is in Buffalo New York. Edinburg Texas is more convenient for Leibowitz.

2.1.2.c.    **Avoidance of Piecemeal Litigation.** In this case, the only issue is CFS's entitlement to the funds in the hands of the VIOXX Claims Administrator. In order to decide those claims, it is necessary for the Court to determine the validity of the defenses urged by Leibowitz. In the Texas State Court Case Leibowitz has not only urged affirmative defenses but has also counterclaimed for damages, which he requests be offset against any amount owed to CFS under the Security Agreement or the Default Judgment. Therefore there is an absence of complete identity of the issues in the two cases, which is almost certainly guaranteed to result not only in inconsistent rulings, but inconsistent judgments as well. It could very well be that this Court finds that Leibowitz's defenses cannot stand, but the judge in the Texas State Court Case finds that the defenses are valid and awards damages which presumably were not even considered by this Court. The avoidance of piecemeal litigation and resultant inconsistent rulings are appropriate factors to be examined. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). The third factor favors abstention.

2.1.2. d.    **Order in Which Jurisdiction Was Obtained.** When examining the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Shermohmad*, *supra*. Here, the state court action has progressed to a much greater extent than its federal court counterpart. CFS intervened in the Texas State Court Case in August of 2009, and the Court in the Texas State Court case has entered an injunction, which is currently on appeal. The Texas State Court has had numerous hearings. The parties have litigated the venue issues and the

case is set for trial on the merits of CFS's claims and Leibowitz's counterclaims in November. In the case before the court, CFS's "claim" has never been "filed" with the clerk but was sent to the Claims Administrator sometime after December of 2009. No hearings or discovery have taken place. Both parties have complied with the scheduling order entered by the Special Master, and a hearing is set for October 28,2010. The Court should be aware, however, that Leibowitz has objected to this matter being decided in this Court since being apprised of the claim in April of 2009. "The apparent absence of any proceedings in the District Court, other than the filing of the complaint," favors abstention. *Colorado River*, 424 U.S. at 820. Moreover, the fact that the parallel state court action is on appeal strengthens the need for abstention. *See Bd. of Educ. of Valley View Cmty. Unit Sch. Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1321-22 (7th Cir. 1983).

2.1.2.e. **Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits.** As can be seen by the pleadings, there are no federal law issues upon which either party relies to make or defeat CFS's claims. Therefore this factor weighs in favor of abstention.

2.1.2.f. **Adequate Protection in State Court.** This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Shermohmad*, *supra*. The State Court certainly has all necessary powers to resolve the claims between these parties, and therefore this factor is neutral in this case.

2.2. The balance of factors overwhelmingly favors abstention in this action.

Having demonstrated that both parallel proceedings and exceptional circumstances are present in this case, federal abstention under the *Colorado River* doctrine is warranted. Permitting this federal action to proceed would not only decrease the chances of efficient resolution of all of the matters between Leibowitz and CFS (which the State Court Judge has already attempt via the Injunction) but would be inconsistent with "wise judicial administration,...[the] conservation of judical resources, and [the] comprehensive disposition of litigation." *Colorado River, at 424*

*U.S. 817*.

2.3. **The Court Should Dismiss the Attorney Fee Lien Claim for Lack of Standing.**

2.3.1. **CFS is Collaterally Estopped to Claim it has standing to Intervene in this Case.** The issue of whether CFS's purported security interest in fees earned by Leibowitz in representing personal injury plaintiffs is sufficient to support CFS's intervention in a federal case wherein the fees were earned, has been fully litigated and decided in the Texas Federal Cases. In the *Arnold* Case, Judge Xavier Rodriquez rejected the idea that a lien claim of an attorney's creditor is sufficient to support intervention. In that case,

> CFS argue[d] that as a secured creditor, its security interest is sufficient to support intervention. (Am. Mot. ¶ B1.) An interest justifying intervention must be "direct, substantial, [and] legally protectable." *Ross*, 426 F.3d at 757 (*citing Edwards v. Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). An economic interest alone in the outcome of an action is insufficient to intervene. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009); *see also Curry v. Regents of the Univ.*, 167 F.3d 420, 422–23 (8th Cir. 1999). It has even been held that a significant economic stake in the outcome of the underlying litigation does not create a significantly protectable interest. *See Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Even more on point, a prospective intervenor "must demonstrate an interest *in the subject matter* of *this* action and that its disposition may realistically impair that interest." *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (emphasis added).

*Supra* at 5. Judge Rodriquez noted that "CFS does not provide, nor can this Court locate, a case in which a creditor intervened in a lawsuit to obtain the fees owed to a party's attorney. *Id.* Likewise, after a full evidentiary hearing and briefing, the Magistrate in the *Willars* case found that "...*Arnold* is binding precedent..." and

rejected CFS's argument that because the Court had jurisdiction over the funds in the registry of the Court, it had the obligation to determine whether CFS had an interest in the funds as claimed in its Motion to Intervene.

2.3.2. Leibowitz has established by the Exhibits hereto, that each part of the four-part test set out in *Indus. Risk Insurers v. Port Auth.*, 493 F.3d 283, 287 (2nd Cir. 2007) is met.  The identical issue was raised in the *Arnold* case; the issue was actually litigated in both *Arnold and Willars*; CFS had a full and fair opportunity to litigate the issue in both cases; and the resolution of the issue was necessary to support a valid and final judgment in both cases.  Each of the necessary elements are met in this case, and CFS is collaterally estopped from intervening in this case.

2.3.3. Despite this Court's well thought plan on how to resolve the claims between attorneys who agreed to have their competing claims for fees determined in this Court, or the providers and payors the subject of Section 12.1of the VIOXX Settlement Agreement, there is nothing in the VIOXX Settlement which give CFS standing to intervene in this case.  It is simply a creditor of one of the lawyers, who as the previous Federal Court judges who reviewed their claims have decided, has insufficient interest to intervene under the Federal Rules of Civil Procedure.  CFS should not be allowed to intervene contrary to the requirements of Rule 24.

2.3.4. **CFS's Interest is Insufficient to Support an Intervention.** Even if the Texas Federal Cases are not preclusive on the issue, the arguments and authorities cited therein are persuasive on the issue of whether a secured, third-party lender to a plaintiff's lawyer in a federal lawsuit, has a sufficient interest to support intervention

under Federal Rule of Civil Procedure 24.  The Court has been provided with copies of both opinions in the Texas Federal Cases, and the arguments set out therein are adopted in this Memorandum as though set out in full.  CFS should not be allowed to intervene in this case merely because it lent money to one of the lawyers for the Plaintiffs.

2.3.5. For these reasons, the attempt by CFS to intervene in this case should be taken a Motion to Intervene under Rule 24 of the Federal Rules of Civil Procedure and denied.

2.4. **Alternatively the Court Should Use Its Discretionary Power to Stay These Proceedings.**

2.4.1. Alternatively, the Court should use its discretionary power to stay this case in favor of the Texas State Court Case.  Federal courts have discretionary power to stay proceedings in deference to parallel state actions. *PPG Industries, Inc. v. Continental Oil Company,* 478 F.2d 674, 679 (5th Cir. 1973).  Similar to the *Colorado River* doctrine, the policy behind the federal court's staying of its hand lies in the recognition that to "duplicate litigation in federal and state court abrades to some extent the spirit of federal-state comity," and that duplication of efforts is inefficient, uneconomical and imposes on the "litigant and the witness the double burden of two trials." *Jackson v. Dep't of Public Safety State of La,* 562 F. Supp. 324,328 (M.D. La. 1983), *citing PPG Industries, supra.* Another policy consideration justifying staying a federal matter is the avoidance of the inevitable and undesirable race by each of the litigants to get a judgment in his favor. *Id.*   The *PPG Industries*

court outlined the factors which should be considered by a district court in deciding whether to stay a suit pending a resolution in state court involving the same parties and issues.

2.4.2. The court's examination should focus on whether the Texas State Court Case action provides an adequate vehicle for adjudicating the claims of the parties and whether this action serves some purpose beyond mere duplication of effort. The court is to further consider which action arose first, the progress of the respective litigations, the ability of the state court to hear and to provide relief for all the claims, the amenability of the parties to suit in the state court, and the effect of a stay on the litigants. *PPG Industries,* 478 F.2d at 680; *Jackson,* 562 F. Supp. at 328 (granting motion to stay where state court proceeding brought by plaintiffs was virtually identical to federal court action and was presently before state court of appeal.)

2.4.3. This case clearly calls for a stay of the federal action pending the outcome of the Texas State Court Case.  The Texas State Court Case has advanced so to the stage where a trial on all of the contested issues between Leibowitz and CFS has been scheduled for November and part of case is already on appeal.  The cases involve the same claims. The Texas State Court Case has and will continue to provide an adequate vehicle for adjudicating CFS's rights to Leibowitz's fees in this case, and the many other matters in which CFS claims an interest.  Staying the instant matter will not unfairly prejudice CFS as even if the Court rules in CFS's favor, as CFS will have to account to the Sate Court Judge

under the Injunction. In contrast, this matter is in its earliest stages, and this motion constitutes the Court's first action in this case. Proceeding with the instant action would be contrary to the federal court's policy of avoiding duplicative litigation, wasting judicial resources, and burdening the parties with litigating in two forums. Therefore, policy mandates staying the captioned matter.

### 3.0. CONCLUSION.

3.1. The issues between CFS and Leibowitz should be litigated in the Texas State Court Case in accordance with traditional notions of federalism and fair play. CFS lacks standing to intervene in the case, as shown by the Texas Federal Cases. If CFS did have standing, the *Colorado River* factors weigh in favor of abstention. And even if standing did exist, and abstention were not warranted, the Court should abate the Attorney Fee Lien Claim until such time as the Texas State Court Case is decided.

Respectfully Submitted,

Law Office of Peter J. Stanton
Peter J. Stanton
Riverview Towers, Suite. 1350
111 Soledad
San Antonio, Texas 78205

By: */S/ PETER J. STANTON*
Peter J. Stanton
SBN: 19054500
Attorney for David McQuade Leibowitz
and David McQuade Leibowitz, P.C.

## CERTIFICATE OF SERVICE

I certify that on October 14th, 2010 a true and correct copy of the foregoing was sent by certified mail return receipt to:

Elliott S. Cappuccio
Pullman, Cappuccio, Pullen
& Benson, LLP
2161 NW Military Hwy., Ste. 400
San Antonio, Texas 78216

Special Master, Patrick A. Juneau
Juneau, David, APLC
1018 Harding Street, Ste. 202
Lafayette, Louisiana 70503

*/S/ PETER J. STANTON*
PETER J. STANTON