IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DORA ARNOLD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-07-CV-877-XR |
| § | |
| CITY OF SAN ANTONIO, *et al.*, § | |
| § | |
| *Defendants*. § | |

## ORDER

On this day, the Court considered Counsel Financial Services's ("CFS") Motion to Reconsider [this Court's] Order on [CFS's] Motion to Intervene and Motion to Stay Disbursement of Interplead Funds (Docket Entry Nos. 93 & 94), requesting that this Court vacate its September 14, 2009, order denying intervention by CFS in the underlying case. Having considered CFS's motion and the applicable law, the Court DENIES the motion to reconsider and stay the disbursement of the applicable funds currently in the registry of the Court.

## FACTUAL BACKGROUND

Plaintiff Dora Arnold filed suit against the Defendants in October of 2007. (Compl. [Docket Entry No. 1]). Those parties ultimately reached a settlement agreement which disposed of all original parties to the lawsuit. (Joint Stipulation to Dismiss with Prejudice (June 5, 2009) [Docket Entry No. 86].) Prior to the final disposition of the parties' claims, CFS moved to intervene, claiming an interest in the portion of the settlement funds belonging to Plaintiff's attorney of record, David McQuade Leibowitz ("Leibowitz") in partial satisfaction of an alleged debt owed by Leibowitz to CFS. (Am. Mot. to Intervene ¶ 11 [Docket Entry No. 83].) Then, as now, CFS

1

attempted to support its claim to the interplead amount by asserting an alleged security interest stemming from a loan agreement between CFS and Leibowitz. (Am. Mot. ¶¶ 11–18 [Docket Entry No. 83].) This court denied CFS's Amended Motion to Intervene on September 14, 2009. (Order (Sept. 14, 2009) [Docket Entry No. 92]). CFS requests this Court to vacate that order, and to stay any disbursement of the funds held in the registry of the Court pending any decision on the Motion to Reconsider, and pending any appeal to this order CFS may bring. (Mot. to Reconsider Order on Mot. to Intervene & Mot. to Stay Disbursement of Interplead Funds (Sept. 18, 2009) [Docket Entry No. 93] ("Mot.").)

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *See Lavespere v. Niagra Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of the judgment at issue. *Sheppard v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).

In this case, the order denying intervention was issued on September 14, 2009 (Docket Entry No. 92), and CFS filed its Motion to Reconsider on September 18, 2009, within ten days of the entry of judgment. *See* FED R. CIV. P. 6(a)(2). As such, CFS's motion challenging this Court's order is properly considered as a motion to alter or amend judgment persuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A district court has considerable discretion to grant or deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of

2

all the facts." *Id.* In order to prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) and intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact; or (4) to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Moreover, under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a court order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

## ANALYSIS

CFS does not state the rule upon which it bases its motion. It is indisputable that no intervening change in the law occurred, no new evidence has been discovered, and no need to correct an egregious error of fact has arisen. Likewise, there are no allegations of fraud or issues related to the judgment. Thus, CFS must be basing its motion based on a need to correct an egregious error of law or to prevent manifest injustice pursuant to rule 59(e) and/or this court's mistake or any other reason that justifies relief pursuant to rule 60(b).

CFS presents only one novel argument in its Motion to Reconsider (Docket Entry No. 93) that was not considered in its Amended Motion to Intervene (Docket No. 83). In short, CFS alleges that this court has asserted jurisdiction to disperse the interplead funds, quoting the Agreed Order on Crossclaim and Counterclaim entered by this Court on May 15, 2009 (Docket Entry No. 76). (Mot. ¶¶ 12, 19.) Apparently, CFS interprets the phrase (from the May 15 order) "to be distributed in accordance with further orders of this Court on entitlement to such fees as between Counsel

3

Financial Services, L.L.C. and Plaintiff and Plaintiff's counsel" as this Court's intention to determine the final rights and claims CFS may have upon the funds. (*Id.* ¶ 12). This is not so. This Court was only asserting its jurisdiction to consider the interpleader claim; not to decide any alleged debt owed by Plaintiff's counsel.

Additionally, CFS attempts to argue that since the funds have already been interplead into the Court, "their distribution is a matter that must be decided regardless of Counsel Financial's intervention." (*Id.* ¶ 19). Again, as stated above, there is no determination that must be made if CFS is not permitted to intervene. The funds will flow from the registry of this Court to the originally intended party, Plaintiff's counsel, to be distributed according to his contract of employment with his client. This argument does not merit reconsideration.

CFS also argues that this court has misconstrued the applicable case law concerning intervention. (*Id.* ¶¶ 14–20). As this Court stated in its order denying CFS's amended motion to intervene, CFS has failed to demonstrate anything other than a mere economic interest. (Order at 5–6). Further, as mentioned in the order, CFS has failed to demonstrate that it has an interest in the subject matter of the *underlying action*, and that the disposition of the underlying action will realistically impair that interest, as required of an intervenor. *United States v. Tex. E. Tranmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991). Also, as *CFS may still protect its security interest* against Plaintiff's counsel by bringing suit against Leibowitz and/or Leibowitz P.C., intervention is not appropriate. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994).

Additionally, CFS alleges that their claim is similar to that of the State of Texas in *In re Lease Oil*, where the Fifth Circuit allowed the State of Texas to intervene. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244 (5th Cir. 2009). That case is factually distinguishable from this one. In *Lease*

4

*Oil*, the fund at issue was an unclaimed portion from a settlement of a class action that had been ongoing for over a decade. *Id.* at 246. After the district court utilized a *cy pres* plan to distribute the remaining funds to a third party, the State of Texas sought to intervene, claiming its right to the funds under a state statute requiring persons in possession of property unclaimed or abandoned by the true owner for a period of over three years to turn the property over to the state Comptroller. *Id.* at 247 (*citing* TEX. PROP. CODE §74.301 (Vernon 2007)). CFS has no such statute giving it a statutory claim to the interplead funds. As this Court held in its previous order, CFS possesses a mere economic interest, and a mere economic interest is insufficient to support intervention. *Id.* at 251; *see also Curry v. Regents of the Univ.* 167 F.3d 420, 422–23 (8th Cir. 1999). Again, this Court stresses that even a *significant* economic stake in the outcome of the underlying litigation does not create a significantly protectable interest. *See Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).

Furthermore, this Court did *not* require CFS to demonstrate some form of *res judicata*, collateral estoppel, or *stare decisis* effect in order to grant intervention. Rather, this Court stated that CFS had shown no indication that they would be practically impaired from protecting their interest, as they could bring suit against Leibowitz and/or Leibowitz P.C. to secure repayment of any alleged debt.

Finally, CFS does not provide, nor can this Court locate, a case in which a creditor intervened in a lawsuit to obtain the fees owed to a party's attorney. As this Court noted in its previous order, the parties are already litigating this issue in a state court of competent jurisdiction. (Order at 4 (citing *Counsel Financial Services, L.L.C. v. David McQuade Leibowitz*, No. 04-09-0080CV (Tex. App.—San Antonio))). Allowing CFS to intervene and force this Court to render a judgment on the

5

funds in dispute between a party's attorney and a creditor would impact the judicial economy of the federal courts. Turning the federal courts into arbiters of disputes between a creditor and a party's attorney solely because of an award of attorney's fees does not seem to fulfill the purpose of rules regarding interpleader.

## CONCLUSION

There being no egregious mistake of law or mistake and since CFS will suffer no manifest injustice as it may still protect its interests via the state lawsuit, CFS's Motion for Reconsideration and Motion to Stay the Disbursement of Funds (Docket Entry Nos. 93 & 94) is hereby DENIED. The Clerk is ordered to discharge the funds held in the registry of the Court and close this case. Respondent's motion to disburse funds to pay expenses directly from the registry of the of the Court (Docket Entry No. 90) is DENIED as moot.

It is so ORDERED.

SIGNED this 2nd day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE