CAUSE NO. C-856-06-G

| | | |
|---|---|---|
| MARIA ALMA ANZALDUA<br>PLAINTIFF | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 370TH JUDICIAL DISTRICT |
| KMART CORPORATION<br>DEFENDANT | §<br>§ | HIDALGO COUNTY, TEXAS |

## COUNSEL FINANCIAL SERVICES, LLC'S PLEA IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Counsel Financial Services, LLC ("CFS") and, pursuant to TEX. R. CIV. P. 60 and 61, files this Plea in Intervention,[1] respectfully showing unto the Court as follows:

### I. Parties

1. Intervenor CFS is a Delaware limited liability company, with its principal office in New York. CFS provides financing to law firms.

2. Plaintiff Maria Alma Anzaldua (collectively, "**Plaintiff**") may be served with this Petition by and through her attorneys of record, David McQuade Leibowitz ("**Leibowitz**") and Richard W. Hunnicutt, III of the Law Offices of David McQuade Leibowitz, P.C. (the "**Law Firm**"), at The First National Bank Building, 6243 IH 10 West, Suite 1000, San Antonio, Texas 78201.

3. Defendant Kmart Corporation ("**Defendant**") may be served with this Petition by and through its attorney of record, Les Katona, Jr. of Plunkett & Gibson, Inc., at Renaissance Plaza, Suite 1100, 70 N.E. Loop 410, San Antonio, Texas 78216.

### II. Basis of Intervention

4. CFS is a secured creditor and judgment creditor of Leibowitz and the Law Firm

---

[1] On August 7, 2009, CFS filed its Plea in Intervention. On August 10, 2009, an Order granting Plaintiff's Motion for New Trial was entered. In an abundance of caution, CFS is refiling this Plea in Intervention.

(collectively, the "Debtors"). The Debtors serve as counsel for Plaintiff in the above-styled and numbered lawsuit (the "Lawsuit"). CFS understands that Plaintiff and Defendant (collectively the "Parties") have reached an agreement to settle the case which will result in funds being paid to the Debtors for their attorney's fees and costs, but said funds have yet to be paid. CFS has a lien against such funds. The Debtors have wholly failed and refused to pay the debt and judgment due and owing to CFS. Thus, CFS has a justiciable interest in the Lawsuit.

### III. Facts

5. CFS loaned money to the Law Firm pursuant to that certain Revolving Promissory Note dated as of August 31, 2007, in the principal amount of $5,005,845.45 (the "Principal Amount"), payable to CFS and acknowledged by Leibowitz in his capacity as President of the Law Firm (the "Note"). The Note amended and restated the following Revolving Promissory Notes executed by the Law Firm: (1) a note in the maximum principal amount of $3,500,000.00 dated as of February 1, 2006; (2) a first amended and restated note in the maximum principal amount of $4,500,000.00 dated as of September 25, 2006; (3) a second amended and restated note in the maximum principal amount of $4,600,000.00 dated as of May 4, 2007; and (4) a third amended and restated note in the maximum principal amount of $4,700,000.00 dated as of May 18, 2007.

6. The Note is secured by that certain Amendment No. 4 to the Security Agreement, executed by Leibowitz, in his individual capacity and as President of the Law Firm. Amendment No. 4 to the Security Agreement amended and restated the original Security Agreement to which CFS and the Debtors are parties, dated February 1, 2006, and as amended on September 25, 2006, May 4, 2007, and May 18, 2007. A true and correct copy of the original Security Agreement is attached hereto as **Exhibit "A."** (Hereinafter, the original Security Agreement and any modifications or amendments thereof are referred to as the "Security Agreement.") The Security Agreement covers personal property, including but not limited to the Law Firm's accounts and accounts receivable, comprised, in part, of all fees and reimbursed expenses in connection with the Lawsuit (the "Collateral"). CFS has duly perfected its security interests in the Collateral.

-2-

7. The Note is further secured by that certain Guaranty of Payment and Performance, executed by Leibowitz in his individual capacity (the "**Guaranty**").

8. Pursuant to the Note, Security Agreement and Guaranty (collectively, the "**Loan Documents**"), the Debtors agreed to repay the Principal Amount to CFS with interest and fees, if any. True and correct copies of the Loan Documents are attached hereto as **Exhibit "B."** True and correct copies of the original and amended UCC-1 recorded by CFS in Texas are attached hereto as **Exhibit "C."** The Law Firm defaulted under the Loan Documents for failure to pay the Note in accordance with its terms. In addition, Leibowtiz has failed to make the required loan payments pursuant to the Guaranty. By virtue of said defaults and the failure to cure, the Debtors are in breach of the terms of the Loan Documents. As of the date of this Plea, the Debtors remain indebted to CFS for the Principal Amount, plus accrued interest and late fees, as well as CFS's attorneys' fees and costs (collectively, the "**Debt**").

9. Due to non-payment of the Note and Guaranty, CFS filed a lawsuit against the Debtors in the Supreme Court of the State of New York.[2] On or about November 25, 2008, CFS obtained a judgment against the Debtors in the total amount of $5,506,180.96 (the "**Judgment**"). The Judgment is attached hereto as **Exhibit "D."** CFS subsequently filed authenticated copies of the Judgment with the Bexar County District Clerk.[3]

10. On January 26, 2009, Bexar County District Court Judge Gabriel issued an order that the Judgment is not entitled to full faith and credit (the "**District Court Order**"). A copy of the District Court Order is attached hereto as **Exhibit "E."** However, on February 5, 2009, the Fourth Court of Appeals of Texas issued an order that the District Court Order raised "a serious question" as to its validity and required that the Debtors file responsive papers by February 19, 2009 in a

---

[2] *Counsel Financial Services, LLC v. David McQuade Leibowitz, P.C. and David McQuade Leibowitz*, Index No. 12008-010002, In the Supreme Court of the State of New York, County of Erie.

[3] CFS filed the Judgment twice in Bexar County. Apparently, this was done because there are two (2) judgment debtors (the Law Firm and Leibowitz). Because the cases involve the same Judgment, identical issues of fact and law, and were heard and decided by the trial court together, they are addressed as one in this proceeding.

-3-

mandamus action. The Fourth Court of Appeals' order is attached hereto as **Exhibit "F."** However, on February 12, 2009, Leibowitz exercised his right as a member of the Texas legislature and demanded that the case be stayed until the end of this year's legislative term. As a result, the Fourth Court of Appeals extended the Debtors' time to file a responsive papers to July 1, 2009. The Fourth Court of Appeals' extension is attached hereto as **Exhibit "G."** On June 26, 2009, the Debtors filed a Second Motion to Extend. As a result, the Fourth Court of Appeals extended the Debtors' time to file their brief until September 1, 2009. The Fourth Court of Appeals' second extensions are attached hereto as **Exhibit "H."**

11. The Debtors have wholly refused to pay the Debt, and now the Judgment, to CFS. CFS files this Petition in Intervention in order to cause payment directly to CFS of any and all amounts due to the Debtors for their participation in the Lawsuit.

12. CFS does not seek to disturb the proposed settlement agreement in the Lawsuit. Likewise, CFS does not seek to disturb the rights of Plaintiff to receive the portion of the settlement that is rightfully hers, or the release of Defendant from the Lawsuit.

13. CFS has given notice to Defendant herein of its interests in the Collateral, and directed Defendant to make each payment with respect to the Lawsuit directly to CFS. The Debtors were also copied on said notice through their attorney Peter Stanton. To date, neither Party has assured CFS that payments will be made directly to CFS. CFS asserts that its security interest places it in the shoes of Leibowitz and the Law Firm, and gives it the right to possession of all funds owed to Leibowitz and the Law Firm up to the total amount of its lien. Therefore, CFS seeks an order from the Court directing all Parties to pay directly to CFS all funds (up to the amount of CFS's lien) to which Leibowitz and the Law Firm may be entitled to as a result of this case and the settlement.

## IV. Application for Temporary and Permanent Mandatory and Prohibitory Injunctions

14. CFS repeats and incorporates the allegations set forth in paragraphs 1 – 13.

15. CFS seeks Temporary and Permanent Mandatory Injunctions compelling the Parties and their insurers to pay directly to CFS all amounts due to the Debtors pertaining to this case and/or

—4—

the settlement. CFS seeks Temporary and Permanent Prohibitory Injunctions prohibiting the Parties and their insurers from paying any amounts due to the Debtors pertaining to this case and/or the settlement.

16. CFS has a probable right to relief due to the Debtors default under the Loan Documents, its security interest and right to the Collateral, and the Debtors' failure and refusal to pay the Debt, and now the Judgment.

17. The issuance of Temporary and Permanent Mandatory and Prohibitory Injunctions is warranted in this matter because CFS will suffer immediate and irreparable injury, loss, and/or damage if CFS is not paid the fund directly. Any funds paid to the Debtors herein are subject to being concealed and/or removed from the jurisdiction, all to the detriment of CFS.

18. Due to the fact that the Parties have already negotiated a settlement of the underlying claims in this case, and the short time period until funding will occur, CFS is without an adequate remedy at law for the injury, loss, and/or damage threatened.

19. In order to preserve the status quo and to protect its interests herein, CFS requests that the Court, after notice and a hearing, issue temporary and permanent injunctions compelling the Parties to pay directly to CFS any and all amounts that may be due to the Debtors pertaining to this case and/or the settlement; and issue temporary and permanent injunctions prohibiting the Parties from paying any amounts to the Debtors. Alternatively, CFS requests that the Court order the Parties to deposit all amounts that may be due to the Debtors in the registry of the Court until such time as rightful ownership of such funds can be determined.

20. To the extent required by law, CFS is willing to post a bond to secure the issuance of the Temporary Injunctions requested herein.

## V. Prayer

WHEREFORE, PREMISES CONSIDERED, CFS respectfully requests that its application for temporary and permanent injunctions be in all things granted, that CFS be awarded all relief requested herein, and that the Court grant to CFS such other and further relief to which it may be justly entitled at law or in equity.

-5-

Respectfully submitted,

PULMAN, CAPPUCCIO, PULLEN & BENSON, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

By: _____
Elliott S. Cappuccio
Texas State Bar No. 24008419
ecappuccio@pulmanlaw.com
Leigh Leshin
Texas State Bar No. 24060161
lleshin@pulmanlaw.com

ATTORNEYS FOR COUNSEL FINANCIAL SERVICES, LLC

STATE OF _New York_ §
§ **VERIFICATION**
COUNTY OF _Erie_ §

BEFORE ME, the undersigned authority on this day personally appeared _Michael Callahan_ who, being by me first duly sworn, deposed and stated that: (1) he/she is the _Chief Financial Officer_ of Counsel Financial Services, LLC ("CFS") and is authorized to make this verification on behalf of CFS; (2) he/she has read the foregoing Application for Temporary and Permanent Mandatory and Prohibitory Injunctions; (3) the factual statements set forth in said Application are within his/her personal knowledge; and (3) based on his/her personal knowledge, all factual statements in said Application are true and correct.

_/s/ Callahan_
Signature

_Michael P. Callahan_
Printed Name

_Chief Financial Officer_
Title

SUBSCRIBED AND SWORN TO before me on this the 7th day of August, 2009, to certify which, witness my Hand and Seal of Office.

_Barbara A. Burns_
Notary Public in and for the State of _New York_

(SEAL)

Barbara A. Burns
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 14th, 2012

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2009, a true and correct copy of the above and foregoing Petition in Intervention was transmitted in accordance with the requirements of the TEXAS RULES OF CIVIL PROCEDURE, addressed as follows:

*Via Telecopier to (210) 734-0379:*
Mr. Les Katona, Jr.
Plunkett & Gibson, Inc.
Renaissance Plaza, Suite 1100
70 N.E. Loop 410
San Antonio, Texas 78216

*Via Telecopier to (210) 225-2567:*
Mr. David McQuade Leibowitz
Mr. Richard W. Hunnicutt, III
Law Offices of David McQuade Leibowitz, PC
The First National Bank Building
6243 IH 10 West, Suite 1000
San Antonio, Texas 78201

Elliott S. Cappuccio