

CAUSE NO. C-856-06-G

| | | |
|---|---|---|
| MARIA ALMA ANZALDUA | § § § | IN THE DISTRICT COURT |
| v. | § § | 370TH JUDICIAL DISTRICT |
| | § § | |
| K-MART CORPORATION | § | HIDALGO COUNTY, TEXAS |

## THIRD AMENDED ANSWER TO COUNSEL FINANCIAL SERVICES L.L.C.'S PLEA IN INTERVENTION, REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF, AND SECOND AMENDED COUNTER-CLAIM FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

DAVID MCQUADE LEIBOWITZ and DAVID MCQUADE LEIBOWITZ, P.C., (hereinafter collectively, "Leibowitz") file this their Third Amended Answer to Counsel Financial Services, L.L.C.'s Plea in Intervention, Request for Injunctive and Declaratory Relief and Second Amended Counter-Claim for Damages, by way of response to Counsel Financial Services, L.L.C.'s Plea in Intervention ("the Plea") filed by COUNSEL FINANCIAL SERVICES, L.L.C. ("CFS"). As grounds therefore, Leibowitz shows as follows:

1.0. INTRODUCTION.

1.1. Leibowitz is the attorney for the Plaintiff in this case. Leibowitz borrowed case development expenses from CFS. CFS now claims that it is entitled to Leibowitz's share of the settlement reached with K-Mart based either on a foreign default judgment which is not now enforceable under Texas Law, or a Security

Agreement which CFS has itself breached. Leibowitz invokes the jurisdiction of this court to enter equitable relief to protect Leibowitz from CFS, to protect Leibowitz's clients from further wrongful conduct, and award Leibowitz damages for the wrongful conduct of CFS.

## 2.0. BACKGROUND FACTS.

2.1. CFS provides case financing for attorneys in the practice of personal injury law throughout the United States. Leibowitz and CFS entered into a lending relationship in 2004 and CFS lent Leibowitz over $4.5 million since that time. Leibowitz and CFS entered into several different written loan agreements during the time they did business together. In September of 2007, Leibowitz entered into a Fourth Amended and Restated Revolving Promissory Note ("the Note") in the amount of just over $5 million which is secured by a Security Agreement dated February 1, 2006 ("the Security Agreement") attaching to Leibowitz's accounts and intangibles.

2.2. In 2008, Leibowitz and CFS had a disagreement over the amount and timing of payments due on the Note. Leibowitz learned that CFS had improperly applied the interest reserve on the note, and improperly charged late fees. These issues arose during the summer of 2008, when the parties were negotiating the renewal of the Note. Despite CFS's agreement to renew and extend the Note, on August 29, 2009, CFS accelerated the Note and filed suit in the Supreme Court of State of New York. For various reasons, all of which have now become well known

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 2 of 17.

to appellate courts in New York and Texas, on November 25, 2008 the Court in New York entered a default judgment against Leibowitz in an amount which included unearned interest and fees (the "Default Judgment").

2.3. Less than 10 days after the entry of the Default Judgment in New York CFS filed pleadings in Bexar County, Texas, to domesticate the Default Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. Leibowitz opposed the domestication of the Default Judgment on the grounds that, *inter alia*, he "... was denied the opportunity to file a response to the Summary Judgment in Lieu of Complaint..." in the New York Case. Leibowitz urged that the Default Judgment was not enforceable in Texas because it was entered without notice to him. The Bexar County District Court agreed with Leibowitz and refused to enforce the Default Judgment in Texas. The Court found by clear and convincing evidence that the Default Judgment was not entitled to full faith and credit.

2.4. CFS filed two appeals and a Petition for Mandamus. The Petition for Mandamus was denied. In the appeals, the Fourth Court of Appeals reversed the lower Court's judgment. Leibowitz filed a Motion for a Rehearing and En Banc Rehearing which were denied. Leibowitz filed his Petition for Review in the Texas Supreme Court, and if necessary intends to appeal the Default Judgment to the United States Supreme Court.

2.5. This action was filed on October 7, 2009 and the temporary injunction requested herein was set for hearing on October, 13, 2009. On the morning of the

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 3 of 17.

hearing, CFS filed a meritless Notice of Removal removing this case to the United States District Court for the Southern District of Texas. The wrongful removal of this case, as well as the other post-judgment conduct of CFS set out herein, has caused much undue delay in this matter.

2.6. Despite its own breach of the Security Agreement, and the ruling of the Bexar County Court on the attempted domestication of the Default Judgment, CFS continued in its attempts to intimidate and threaten Leibowitz into paying the disputed amounts by taking actions within Hidalgo County, Texas, intended as attempts to collect the amount owed under the Security Agreement. CFS has contacted defense attorneys in Leibowitz's cases, who reside in and/or practice law in Hidalgo, County, Texas, and threatened them, in Hidalgo County, Texas, with legal action if settlement monies are not paid directly to CFS, despite the fact that CFS has no right to do so under the Security Agreement, and the Default Judgment was unenforceable. Under the threat that they would be exposed to liability if they do not comply, CFS has represented to Defendants, in Hidalgo County, Texas, that they are required under the terms of the Security Agreement to disclose confidential client information to CFS. CFS has wrongfully advised Defendants in Leibowitz's cases, in Hidalgo County, Texas, that payment to Leibowitz's clients will expose the Defendants to liability to CFS, when no such liability exists. The continued interference by CFS in Leibowitz's cases has caused, and will continue to cause,

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 4 of 17.

severe damage to Leibowitz, and impair his ability to repay CFS whatever amount of money this Court may find to ultimately be owed, if any.

2.7. CFS filed numerous interventions in cases in numerous state and federal district courts, including the District Courts of Hidalgo, County, Texas, making baseless claims with the intent to threaten and intimidate, and multiply the litigation between the parties. All of the claims raised by CFS relate to the rights of the parties under the Security Agreement and the Default Judgment. To litigate the same issues before this Court in every court that Leibowitz has a case pending constitutes a waste of valuable judicial resources and unwarranted interference with the rights of Leibowitz's clients. The protracted and serial litigation is intended by CFS to force Leibowitz to expend valuable resources defending against CFS's baseless claims.

2.8. CFS claims, and has made demand on Leibowitz for, attorneys fees and other fees under the Security Agreement, in an unknown amount, now alleged to be in excess $1 million, all of which are alleged to have accrued since the entry of the Default Judgment. CFS seeks an award of their alleged unliquidated, post-Default Judgment, attorneys fees and other fees alleged to be owed under the Security Agreement in this case from the fees owed by Leibowitz in this case.

2.9. Leibowitz is informed and believes that the actions of CFS in breaching the Note and Security Agreement were taken because CFS, a non-resident corporation, had been unable to pay its debts to its major corporate lender as it became due. CFS is incorporated in the State of New York and has insufficient

assets within the State of Texas to satisfy any judgment Leibowitz would be granted in this case in excess of any amounts Leibowitz is found to owe CFS.

2.10. Leibowitz seeks the aid of this Court to put an end to CFS's piecemeal attempts to wrongfully collect the contested amounts due under the Note through the enforcement of the Security Agreement, and to provide a forum to allow Leibowitz to assert any offsets and/or recoupment he may have to the collection of the amount sought by CFS.

## 3.0. VERIFIED ANSWER TO PLEA IN INTERVENTION.

3.1. Leibowitz hereby enters a general denial to the allegations set out in the Motion.

3.2. Leibowitz assets the affirmative defenses of offset and recoupment.

3.3. Leibowitz asserts the affirmative defense that the terms of the Security Agreement violate Texas Law and public policy.

3.4. Leibowitz asserts the affirmative defense of usury.

## 4.0. REQUEST FOR DECLARATORY RELIEF.

4.1. As set forth above, a *bona fide*, dispute has arisen between Leibowiz and CFS relating to CFS's agreement with Leibowitz. Leibowitz therefore requests this Court to award him declaratory relief pursuant to Tex. Civ. Prac. & Remedies Code §37.001 *et seq*, of the Texas Uniform Declaratory Judgment Act. In particular, Leibowitz seeks a declaration as follows:

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 6 of 17.

4.1.1. That CFS has no right under the terms of the Security Agreement to contact any Defendant, Attorney for Defendant, and/or client, or any representative of any of those parties, in any case handled by Leibowitz, because such persons are "...not obligated with respect to any collateral..." owned by CFS. CFS has no right to any contingency fees until they have matured, by judgment or otherwise;

4.1.2. That the negative covenants set out in paragraph 4(b) of the Security Agreement constitute an unconscionable interference with the attorney-client relationship in abrogation of the duty of utmost fidelity owed by Leibowitz to his clients, and are unenforceable under Texas Law as against public policy;

4.1.3. That the right given to CFS under paragraph 6(c) of the Security Agreement, to contact Defendants and their attorneys in Leibowitz's cases and direct them to pay funds to CFS requires a violation of the Texas Disciplinary Rules of Professional Conduct in that Leibowitz's clients have never consented to the release of confidential information relating to the amount and timing of their settlements;

4.1.4. That Leibowitz has the right to offset any amounts that he may owe under the Default Judgment and/or the Security Agreement against the amounts that CFS and its agents owe him as a result of their wrongful conduct as described herein;

4.1.5. That CFS has no right to assert claims under the Default Judgment until such time as the Judgment has been domesticated in the State of Texas by a final order by a Court of competent jurisdiction;

4.1.6. That CFS has breached and defaulted under the terms of the Security Agreement, both before and after the entry of the Default Judgment. A breach and/or default of the Note is expressly made a default under the Security Agreement. Being in default under the Security Agreement, CFS has excused any further performance thereof by Leibowitz, and its further attempts to enforce the Security Agreement are without a basis in law; and,

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 7 of 17.

4.1.7. Declaring the amount due under the New York Default Judgment and the amount owed thereunder after all just and lawful offsets, credits and recoupments are made.

4.2. Leibowitz seeks an award of its reasonable and necessary attorney's fees and costs.

5.0. REQUEST FOR TEMPORARY INJUNCTION.

5.1. Pursuant to §65.011 of the Texas Civil Practice and Remedies Code, and §9.625 of the Texas Business and Commerce Code, Leibowitz invokes the equitable jurisdiction of the Court to restrain CFS, its employees, agents, attorneys, and those acting in concert with such people who have actual knowledge of the terms of the Order issued by this Court, as set out herein. CFS has and will file numerous interventions in cases across the State of Texas, making the same baseless accusations in each. CFS continues to contact the Defendants and the Defendants' attorneys in many of Leibowitz's cases and threaten them with legal action if they do not capitulate to CFS's unwarranted demands. Allowing CFS to continue to take such actions in violation of the rights of Leibowitz, will render the declaratory relief requested herein ineffectual. Leibowitz seeks the equitable intervention of this Court to maintain the last peaceable, non-contested status of the parties until the issues relating to the validity of the Security Agreement and the amount due to CFS after all just offsets are allowed, are resolved by this Court. CFS has inadequate assets located in the State of Texas to satisfy any judgment rendered by this Court.

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 8 of 17.

5.2. **Irreparable Injury and No Remedy at Law.** Unless CFS, its employees, agents, attorneys, and those acting in concert with such people who have actual knowledge of the terms of the Order issued by this Court, are restrained from continuing their present actions, Leibowitz will suffer immediate and irreparable harm. In particular, unless the relief requested herein is granted, it is probable that CFS will continue its attempts to enforce the Security Agreement through filing multiple interventions in every case in which it is believed that Leibowitz has an interest, and continuing its actions to cause irreparable harm to Leibowitz's reputation, and breach the Texas Rules of Professional Responsibility.

5.3. An action for damages is inadequate because the actions of CFS have the effect of decreasing the amount of settlements offered to Leibowitz clients, and is therefore difficult to ascertain or quantify. The waste of valuable judicial resources will continue unless the relief requested herein is granted. Leibowitz has spent substantial sums to market his services and the goodwill and brand recognition which Leibowitz has developed will be jeopardized if CFS is allowed to continue its present conduct. The losses to Leibowitz as a result of the loss of market share, and the damage to its brand are difficult, if not impossible, to quantify in terms of money damages.

5.4. **Scope of Relief Requested.** For the foregoing reasons, Leibowitz requests that CFS be cited to appear and show cause why during the pendency of the case, a temporary injunction, *pendente lite* should not be issued as follows:

*Maria Alma Anzaldua vs. K-Mart Corporation*  
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G  
Page 9 of 17.

5.4.1. Restraining CFS from enforcing or attempting to enforce the terms of the Security Agreement, including but not limited to, communicating to any third parties that Leibowitz is in default of the Security Agreement and/or instructing third persons/parties to pay any monies over to CFS;

5.4.2. Restraining CFS from instituting and/or maintaining an action in any court other than the 370th Judicial Court of Hidalgo County, Texas to enforce the terms of the Security Agreement and/or claiming an interest in the proceeds of settlement of any of Leibowitz's cases;

5.4.3. Restraining CFS from pursuing any claim for recovery under the Security Agreement in any Texas State Court other than the 370th Judicial Court of Hidalgo County, Texas;

5.4.4. Restraining CFS from attempting to levy, execute, or otherwise attempt to collect on the Judgment issued in cause No. 2008-10002, in the Supreme Court of State of New York, New York in and for the County of Erie, styled *Counsel Financial Services, LLC, v. David McQuade Leibowitz, P.C. et al.* on November 25, 2008, unless and until:

   a. the Default Judgment has been formally domesticated by an order of a Texas Court of competent jurisdiction, and all appeals relating thereto have been fully and finally exhausted, and/or not otherwise superceded pursuant to the Texas Uniform Enforcement of Foreign Judgments Act, by this Court or otherwise; and/or,

   b. all just and lawful recoupments and offsets which Leibowitz has to the amounts alleged to be owed to CFS have been finally determined by this Court.

Leibowitz request the Court to take any other action relating to the posting of the necessary bonds to achieve the results requested herein.

6.0. **LEIBOWITZ'S SECOND AMENDED COUNTER-CLAIM.**

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 10 of 17.

6.1. Leibowitz brings this Amended Counterclaim against CFS seeking an award of damages for CFS's wrongful conduct.

6.2. The Court has jurisdiction over CFS in this case because CFS has voluntarily submitted to the jurisdiction of this Court. This Court has jurisdiction over the subject matter of this action pursuant to Article V, §8 of the Texas Constitution. Venue is proper under Tex. Civ. Prac. & Rem. Code §§ 15.062, 15.002(c), and/or 15.003..

6.3. Leibowitz incorporates the facts alleged in paragraphs 2.1 through 2.10 of this Amended Counterclaim.

6.4. Leibowitz is informed and believes that the reason that CFS rushed forward in its wrongful attempts to collect money from Leibowitz was at the urging of, under the direction of, and/or as a direct result of their agreement with Citibank, N.A.. The credit facility between Citibank, N.A., and CFS is apparently such that the purported default by Leibowitz on the Note has put CFS in default of its obligations with Citibank, N.A., triggering penalties and presumably deadlines to cure the purported default. All of the terms of the agreement between CFS and Citibank, N.A., are not known to Leibowitz, but Leibowitz believes the same are sufficient to elicit malice towards Leibowitz by CFS, as demonstrated by the actions of CFS's president.

6.5. During the time that Leibowitz was doing business with CFS, it became apparent that the Chief Executive Officer of CFS had developed a personal dislike

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention.

Cause No. C-856-06-G
Page 11 of 17.

for Leibowitz, and often verbally abused Leibowitz's representatives when dealing with CFS. Leibowitz is informed and believes that the personal animus shown to Leibowitz by the Chief Executive Officer of CFS has, in part, motivated CFS's action against Leibowitz.

6.6. First Cause of Action: Tortious Interference. The tortious actions of CFS constitute an unjustified interference with the contractual agreements between between Leibowitz and his clients, and between Leibowitz's clients and the settling insurance companies. CFS made deliberate misrepresentations to third-parties in Hidalgo County, Texas, in order to interfere with the contracts identified above.

6.7. The interference with Leibowitz's contractual rights has caused damages to Leibowitz in an amount greater than the minimum jurisdictional levels of this Court.

6.8. The actions of CFS constitute the type of damages for which the law allows the recovery of punitive, and/or exemplary damages. Leibowitz requests an award of exemplary damages sufficient to punish CFS and deter others.

6.9 Leibowitz requests that any amounts he might owe CFS, if any, be offset against, and/or recouped from, any funds which CFS is found to owe Leibowitz by the court or the jury in this matter.

6.10. Second Cause of Action: Violation of Tex. Bus. & Com. Code §9.625. Pursuant to 9.607(a) of the Texas Business and Commerce Code ("the UCC"), CFS has the obligation to proceed in a commercially reasonable manner in

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 12 of 17.

its attempted enforcement of the terms of the Security Agreement. CFS has attempted to enforce the terms of the Security Agreement and a substantial part of the actions in doing so, which constitute commercially unreasonable collection efforts, occurred in Hidalgo County, Texas.

6.11. In violation of its duty, CFS failed to act in a commercially reasonable manner in its attempted enforcement of the terms of the Security Agreement. Pursuant to §9.625 of the UCC, CFS is therefore liable to the Plaintiff for all losses incurred by the Leibowitz thereby. Such losses are well in excess of the minimum jurisdictional levels of this Court.

6.12. Leibowitz also requests the additional injunctive relief to which he is entitled pursuant to §9.625 of the UCC.

6.13. The actions of CFS constitute the type of damages for which the law allows the recovery of punitive, and/or exemplary damages. Leibowitz requests an award of exemplary damages sufficient to punish CFS and deter others.

6.14. Leibowitz requests that any amounts he might owe CFS, if any, be offset against, and/or recouped from, any funds which CFS is found to owe Leibowitz by the court or the jury in this matter.

6.15. Third Cause of Action: Violation of §305.003 of the Texas Finance Code. Leibowitz is an Obligor under the Texas Finance Code as Leibowitz is a person to whom money has been loaned and credit extended. CFS is a Creditor

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 13 of 17.

under the Texas Finance Code as it loaned money and extended credit to Leibowitz which it still seeks to collect.

6.16. CFS charged interest in the amount $2,139,133.00. The amount of interest allowed by law is $670,321.00.

6.17. Pursuant to §305.003 of the Finance Code, Leibowitz is entitled to summary judgment over and against CFS of three times the amount computed by subtracting the interest allowed by law from the total interest received, which is $4,406,643.63.

6.18. Leibowitz seeks an award of its reasonable and necessary attorney's fees and costs.

6.19. Fourth Cause of Action: Violation of §305.004 of the Finance Code. CFS has received interest at a rate more than twice the amount allowed by law. Pursuant to §305.004(a)(1) of the Texas Finance Code, CFS is liable to Leibowitz for the principle upon which interest was received in the amount of $4,844,945.59, and pursuant to §305.004(a)(2), the interest received in the amount of $468,789.06 for a total of $5,313,734.50.

6.20. Leibowitz seeks an award of its reasonable and necessary attorney's fees and costs.

7.0. CONCLUSION AND PRAYER.

7.1. DAVID MCQUADE LEIBOWITZ AND THE LAW OFFICES OF DAVID MCQUADE LEIBOWITZ, P.C. request that the Plea in Intervention be denied, that

*Maria Alma Anzaldua vs. K-Mart Corporation*
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 14 of 17.

injunctive and declaratory relief requested herein be granted, and that a judgment for actual, statutory and punitive damages, offset, and recoupment be entered against CFS. Leibowitz prays that he recover his reasonable and necessary attorney's fees, and for such other and further relief to which they may be justly entitled.

>Respectfully submitted,
>
>DAVID MCQUADE LEIBOWITZ, P.C.
>The First National Bank Building
>6243 IH 10 West, Ste. 1000
>San Antonio, Texas 78201
>210.225.8787
>210.225-2567 (fax)
>Attorney for David McQuade Leibowitz, P.C.
>
>LAW OFFICES OF PETER J. STANTON
>Riverview Towers
>111 Soledad, Suite 1350
>San Antonio, TX 78205
>Telephone (210) 472-0500
>Telecopier (210) 472-0515
>
>By: _____
>PETER J. STANTON
>State Bar No. 19054500
>Attorney for David McQuade Leibowitz P.C.
>and David McQuade Leibowitz

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 15 of 17.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was ~~forwarded via certified mail return receipt requested~~ on ~~August 27, 2010~~ to the following: hand-delivered PJS

August 31, 2010

Elliott S. Cappuccio
Pullman, Cappuccio, Pullen
& Benson, LLP
2161 NW Military Hwy., Ste. 400
San Antonio, Texas 78216

_____
PETER J. STANTON

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 16 of 17.

STATE OF TEXAS §

COUNTY OF BEXAR §

BEFORE ME, the undersigned authority, on this day personally appeared David McQuade Leibowitz, and after being duly sworn, on his oath deposed and said that the facts recited in paragraph 3.0 of the Third Amended Answer to Counsel Financial Services, L.L.C.'s Plea in Intervention are within his personal knowledge and are true and correct.

_____
DAVID MCQUADE LEIBOWITZ

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 21th day of August, 2010 by David McQuade Leibowitz.

_____
Notary Public for the State of Texas

EMMA G. CAMEO
Notary Public, State of Texas
My Commission Expires
JUNE 25, 2013

Maria Alma Anzaldua vs. K-Mart Corporation
Third Amended Answer to CFS's Plea in Intervention

Cause No. C-856-06-G
Page 17 of 17.