CAUSE NO. C-856-06-G

| | | |
|---|---|---|
| MARIA ALMA ANZALDUA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| K-MART CORPORATION | § | HIDALGO COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY INJUNCTION

Based on the Request for Injunctive Relief filed by DAVID MCQUADE LEIBOWITZ and the LAW OFFICES OF DAVID MCQUADE LEIBOWITZ, P.C., (hereinafter collectively, "Leibowitz") the Pleadings, the evidence, and the arguments of counsel thereon, the Court finds and concludes as follows:

1.  COUNSEL FINANCIAL SERVICES, L.L.C. ("CFS") has submitted itself to the jurisdiction of this Court, and waived any objection to venue of this matter, by requesting affirmative relief against Leibowitz in this Court in Counsel Financial Services, LLC's Plea in Intervention wherein it seeks not only to enforce its Security Agreement (the "Security Agreement"), but also invokes the jurisdiction of this Court to take possession of property which is alleged to belong to CFS pursuant to the terms of a judgment taken November 25, 2008 by default in the case styled *Counsel Financial Services, LLC, v. David McQuade Leibowitz, P.C. et al.*, Cause No. 2008-10002, in the Supreme Court of the State of New York, New York in and for the County of Erie,("the Default Judgment").

2.  If the relief requested by Leibowitz is not granted:

a.   CFS will continue to contact defense attorneys and insurance companies in Leibowitz's cases and threaten them with legal action if settlement monies are not paid directly to CFS and such interference with the settlement of Leibowitz's cases will cause irreparable harm to Leibowitz and his clients;

b.   CFS will continue to communicate to defense attorneys and insurance companies in Leibowitz's cases that they are required under the terms of the Security Agreement to disclose confidential client information to CFS, when they have no such duty, and such interference with the settlement of Leibowitz's cases will cause irreparable harm to Leibowitz and his clients;

c.   CFS will continue to communicate to defense attorneys and insurance companies in Leibowitz's cases that payment to Leibowitz's clients will expose the Defendants to liability to CFS, when no such liability exists, and such interference with the settlement of Leibowitz's cases will cause irreparable harm to Leibowitz and his clients;

d.   The continued interference by CFS in Leibowitz's cases has caused, and will continue to cause, severe irreparable damage to Leibowitz's business reputation, and impair his ability to maintain his practice, the degree of which is difficult to calculate and for which damages are no substitute; and

e.   CFS will continue to do all the foregoing, during the pendency of this case, which will render the declaratory relief entered in this case ineffectual to protect Leibowitz and his clients.

3.   Leibowitz has shown a strong and substantial likelihood that he will prevail on the merits of his Declaratory Judgment Action and his action for damages. In particular, Leibowitz has shown that there is a strong and substantial likelihood that upon trial on the merits it will be established that:

a.   CFS has no right under the terms of the Security Agreement to contact any Defendant, Attorney for Defendant, and/or client, or any representative of any of those parties, in any case handled by Leibowitz, because such persons are "...not obligated with respect to any collateral..." owned by CFS. CFS has no right to any contingency

fees until they have matured, by judgment or otherwise;

b. The negative covenants set out in paragraph 4(b) of the Security Agreement constitute an unconscionable interference with the attorney-client relationship in abrogation of the duty of utmost fidelity owed by Leibowitz to his clients, and are unenforceable under Texas Law as against public policy;

c. The right given to CFS under paragraph 6(c) of the Security Agreement, to contact Defendants and their attorneys in Leibowitz's cases and direct them to pay funds to CFS requires a violation of the Texas Disciplinary Rules of Professional Conduct in that Leibowitz's clients have never consented to the release of confidential information relating to the amount and timing of their settlements;

d. Leibowitz has the right to offset any amounts that he may owe to CFS against the amounts that CFS and its agents owe him as a result of their wrongful conduct as shown by the evidence presented;

e. CFS has no right to assert claims under the Default Judgment until such time as the Judgment has been finally domesticated in the State of Texas and all appeals relating thereto are exhausted; and,

f. CFS has breached and defaulted under the terms of the Security Agreement. Being in default under the Security Agreement, CFS has excused any further performance thereof by Leibowitz, and Leibowitz has shown a probable right to collect damages proximately cause by such breach.

4. The Court also finds that Leibowitz has established the existence of very special circumstances and the potential for an irreparable miscarriage of justice to warrant an anti-suit injunction. CFS has demonstrated that, if unrestrained, CFS will:

a. continue to file numerous actions against Leibowitz in all the cases in which they believe Leibowitz to have an interest and raise claims identical to claims in this case;

b. continue the wrongful multiplication of proceedings with the intent to

thwart this Court's jurisdiction, causing havoc and a waste of valuable judicial resources;

c.  continue to harass and force Leibowitz and his clients, to their great personal and financial burden, and detriment, of having to defend themselves against vexatious proceedings, and the resulting disruption of the judicial process, risking the loss of his right to proceed to trial in Hidalgo County;

d.  continue to attempt to prevent Leibowitz from fulfilling his contractual and legal obligations to his clients; and

e.  alter the status quo and cause a miscarriage of justice.

In order to protect the jurisdiction of this Court, prevent CFS from rendering the declaratory relief sought by Leibowitz ineffectual, and to preserve the status quo until a trial on the merits can be had, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.  CFS, and its employees, agents, attorneys, and those acting in concert with such people who have actual knowledge of the terms of the Order are hereby immediately ENJOINED and RESTRAINED from:

a.  Enforcing or attempting to enforce the terms of the Security Agreement, including but not limited to, communicating to any third parties that Leibowitz is in default of the Security Agreement and/or instructing third persons/parties to pay any monies over to CFS;

b.  Instituting and/or maintaining, or seeking affirmative relief in an action in any other Texas State Court other than the 370th Judicial Court of Hidalgo County, Texas to enforce the terms of the Security Agreement, the Default Judgment and/or claiming an interest in the proceeds of settlement of any of Leibowitz's cases;

c.  Pursuing any claim for recovery under the Security Agreement in any Court other than the 370th Judicial Court of Hidalgo County, Texas; and,

d.   Attempting to levy, execute, or otherwise attempt to collect on the Judgment issued in cause No. 2008-10002, in the Supreme Court of State of New York, New York in and for the County of Erie, styled *Counsel Financial Services, LLC, v. David McQuade Leibowitz, P.C. et al.* on November 25, 2008, unless and until:

  i.   the Default Judgment has been formally domesticated by an order of a Texas Court of competent jurisdiction, and all appeals relating thereto have been fully and finally exhausted, and/or not otherwise superceded pursuant to the Texas Uniform Enforcement of Foreign Judgments Act, by this Court or otherwise; and/or,

  ii.  all just and lawful recoupments and offsets which Leibowitz has to the amounts alleged to be owed under the Default Judgment have been finally determined by this Court.

The Court finds that the delay in the collection of the amounts allegedly due and owing, until such time as the true amount owing between the parties is determined, will not damage CFS at all, because it can suffer no harm by having that amount determined. The Court finds that there are substantial funds on deposit in the VIOXX Litigation in excess of $400,000, and Orders that the VIOXX funds will not be distributed to anyone until further order of this Court, and shall serve to protect CFS from any damages in this matter. These funds will adequately protect CFS from any damages which might occur as a result of the relief granted herein, and therefore an injunction bond in a minimal amount is in order. It is therefore ordered that Leibowitz shall post a Temporary Injunction Bond in the amount of $1,000 *not to be paid by check issued by David McQuade Leibowitz,P.C.* This Temporary Injunction shall be effective immediately upon the posting of the bond with the District Clerk's office.

This case is hereby set for trial on the merits on the 21st day of June, 2010. at 8:00 AM.

All relief not set forth herein is denied.

IT IS SO ORDERED AS AFORESAID.

Signed the 22nd day of March, 2010 at 1140 A.m..

_____
Judge Presiding