IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION: | MDL Docket No. 1657<br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES<br><br>RESPONSE TO PRETRIAL ORDER<br>47A – THIRD PARTY CLAIMS<br>AGAINST ATTORNEYS FEES |

## Preliminary Statement

Pursuant to Pretrial Order 47A ("PTO 47A") dated December 17, 2009, the Claims Administrator is required to perform an assessment of the procedural sufficiency of all claims asserting an entitlement to all or part of a Vioxx Settlement Payment for attorney's fees, reimbursement of expenses, or for any claim asserted against the attorneys' fees portion of a Vioxx Settlement Payment ("Fee Liens").

In accordance with PTO 47A, the Claims Administrator performed an assessment of the Third Party Claims asserted by the lien claimant, Counsel Financial Services, LLC ("CFS") against attorney's fees and reimbursed expenses due and payable to the Law Offices of David McQuade Leibowitz, and/or David McQuade Leibowitz, Esq. ("Leibowitz"), from any and all Vioxx Settlement payments made to his clients. (A list of Leibowitz's Vioxx clients is attached as Exhibit A).

As a result of the assessment, the Claims Administrator determined that the Fee Lien did not meet the stated requirements of PTO 47A, because the "Fee Lien does not contain a copy of a contract on which the claim is based (if based on a written contract)"

1

(Exhibit B). Since the Fee Lien at issue was asserted prior to the issuance of PTO 47A, the Lien Claimant, CFS, is entitled to restate its claim in compliance therewith.

## Restatement of Fee Lien Pursuant to PTO 47A

Based on the foregoing, CFS, having initially asserted a Fee Lien on March 11, 2009, prior to the issuance of PTO 47A, hereby restates and reasserts its claim and entitlement to any and all attorney's fees and reimbursed expenses due and payable to Liebowitz from any and all Vioxx Settlement payments made to his clients.

In compliance with PTO 47A, CFS asserts the following:

1. Pursuant to a $5,005,845.45 Fourth Amended and Restated Revolving Promissory Note and Security Agreement entered into between CFS and Leibowitz dated October 9, 2007 (Exhibit C), Leibowitz, *inter alia*, granted CFS security interests in all of its assets, including: the Law Firm's accounts and accounts receivable, comprised, in part, of all fees and reimbursed expenses due Leibowitz, which security interests CFS duly perfected through its U.C.C. filings in the State of Texas (Exhibit D).

2. Leibowitz defaulted under the Security Agreement and is now indebted to CFS for the principal amount of $5,005,845.45, plus accrued interest, late fees and returned funds fees totaling $2,191,781.64, for a total amount due and owing to CFS of $7,197,627.08 (as of January 21, 2010), as well as CFS's attorneys' fees (Exhibit E).

3. In accordance with the Security Agreement and U.C.C. §9-607(a), upon an event of default by Leibowitz, CFS is legally entitled to notify each person or entity (including, but not limited to, any account debtor) obligated with respect to any of the accounts or accounts receivable of CFS's security interests, and direct such person or entity to make each payment with respect thereto directly and solely to CFS.

4. All attorneys fees and reimbursed expenses due Leibowitz from his Vioxx cases, against which CFS has asserted its Fee Lien, are part of the accounts and/or accounts receivable of the Leibowitz firm which were pledged to CFS by Leibowitz as collateral for the loan, in consideration for the $5,005,845.45 Fourth Amended and Restated Revolving Promissory Note and Security Agreement attached as Exhibit B.

5. Further, on November 25, 2008, CFS acquired a judgment in the Supreme Court of New York, Erie County, in the sum of $5,506,180.96 against Leibowitz (Exhibit F). The New York judgment against Leibowitz was affirmed on appeal by the New York Appellate Division, 4th Department on November 20, 2009 (Exhibit F).

6. Based on the forgoing, CFS is entitled to recover all attorney's fees and reimbursed expenses due and payable to the Law Offices of David McQuade Leibowitz, and/or David McQuade Leibowitz, Esq. from any and all Vioxx settlement payments made to his clients in this litigation.

WHEREFORE, the Lien Claimant, CFS, hereby respectfully requests that the court direct the Claims Administrator to approve the Fee Lien asserted herein and direct that any and all attorney's fees and reimbursed expenses, due and payable to Law Offices of David McQuade Leibowitz, and/or David McQuade Leibowitz, Esq, from any Vioxx settlement payments made to his clients, be paid directly to CFS.

Earl G. Boyle, Esq.
Senior Vice-President
Deputy General Counsel
Counsel Financial Services, LLC
6400 Main Street, Suite 120
Williamsville, New York 14221
Telephone: (716) 568-0070
Facsimile: (716) 568-0266