DANNY BELL #K-68611
F.S.P. 5/AB2/28
P.O. BOX 950
FOLSOM, CA 95763

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT 18 2010
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX ) | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION L(3) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| DANNY BELL V. MERCK & Co., Inc., ) | JUDGE FALLON |
| 2:05-cv-01243-EEF-DEF ) | MAGISTRATE JUSGE KNOWLES |

-ORIGINAL-

**PLAINTIFF DANNY BELL'S MEMORANDUM IN REPLY TO DEFENDANT MERCK & CO., INC.'S, OPPOSITION TO PLAINTIFF DANNY BELL'S MOTION FOR RELIEF FROM JUDGMENT.**

Plaintiff Danny Bell, (AMERICAN PRO SE) hereby makes Reply To Defendant MERCK & CO., INC., (MERCK) OPPOSITION TO PLAINTIFF BELL's Request For Motion For Relief From Judgment. Plaintiff Bell's suit was agreed upon by both parties as to a stipulation of Dismissal With Prejudice wherein the Court confirmed judgment on June 16, 2010.

Plaintiff Bell Executed the Stipulation Of Dismissal under the direction of Liaison Counsel misrepresentations as to whether liaison counsel were in fact representing Plaintiff Bell. (1) withholding from Plaintiff Bell, fact of whom were exactly the Class Representative/Counsel and what were the Name and Address of the Class Counsel. After procuring Plaintiff Bell's induction into the Administrative proceeding (through that mis-representation), has denied plaintiff's United States Constitutional guarantee of trial; Right to counsel; And Due and Fair Process of the laws. Plaintiff Bell is not an Attorney and is an inmate in the California Department of Corrections and Rehabilitation, wherein plaintiff Bell has made several assertions of said facts through Motion to the Court, complaining of Liaison Counsel failure to disclose to plaintiff Bell a Copy of the Master Settlement & Agreement, wherein the Administrative Proceeding made several redundant request to Bell for documentation based discrepancies, the Administrative proceeding held plaintiff Bell's documentation presentation, lacked." The Administrative proceding assessment as to Plaintiff Bell's filings not being in accord to the "MSA" (MASTER SETTLEMENT AGREEMENT). The denials of disclosure for the "MSA" were bad-faith efforts of "contrasted" interest to deny Bell the tools to contend in the administrative proceding. Neither Liaison Counsel provided Plaintiff Bell with the proper Notice requirements of Federal Rules Of Civil Procedure § 23, Notice Provisions.

TENDERED FOR FILING
OCT 18 2010
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee _____
___ Process _____
X  Dktd _____
X  CtRmDep _____
___ Doc No. _____

These actions by Liaison Counsel, whom interest are better served by reducing the percentage of the 47,000 eligible plaintiff's who should receive compendation from the same settlement. Such acts in indifference directed at an insular minority, not fully versed as an attorney to protect his/her interest from "pillage" by the qualified Attorneys." Are violations of The Federal Trade Commission Act, as deceptive use of and unfair methods of competition against insular minorities.

'Without assistance of counsel it would be un-realistic and unconscionable, that Plaintiff Bell waiver of Bell's exercise of Bell's request For Jury Trial, and settle for a Dispositive fact finding process of a third Party Administrative proceeding who's interest are in contrast to plaintiff, in claims of the same prize."..

## MEMORANDUM OF AVERMENT

**Liaison Counsel do not deny,** Defendant Merck made a settlement in behalf of defendant Merck's assessment of some 47,000 Eligible Plaintiffs claims against Merck.

**Liaison Counsel does not deny,** Defendant Merck classified Plaintiff Bell as an eligible Claimant to receive compensation from a 4.85 Billion agreement to compensate a settlement Range of some 47,000 plaintiff's, that 'whether win or loose, Merck estimates, Merck would spend an average between 400.000 to 1.000.000, to try each case, wherein the settlement would save Merck about 23.000.000.000 in cost of trials.

**Liaison Counsel does not deny,** Liaison Counsel assured plaintiff that as a qualified claimant, the settlement would be the most adequate and speedy remedy of plaintiff receiving compensation for plaintiff's claims, -which assertion were made before informing plaintiff that the administrative Proceeding would make a dispositive adjudication as to plaintiff being an eligible claimant to receive of the settlement.

**Liaison Counsel does not deny,** Plaintiff filed his complaint in the U.S. District Court of California, wherein plaintiff Bell requested Jury Trial. That plaintiff's case were Transferred due a MDL Order due to the high volume of cases involved. The Litigation were adjudicated through the Internet. That Plaintiff asserted the Court of plaintiff's status as an inmate in the CDCR, as not having or afforded the privilege or access of computer or internet access to contend in such litigation.

**Liaison Counsel does not deny,** that Plaintiff Bell Motioned the Court for Attorney Representation and the Court Order of July 6, 2005, instructed liaison counsel to "take appropriate action with regard to the motion for
c

2

counsel...

**Liaison Counsel does not deny,** that Federal Rules Of Civil Procedure, § 23, Notice Requirements were not satisfied in regards to said motion... or that the administrative proceding would make a dispositive adjudication wherein a waiver from plaintiff were needed of his right to jury trial on the dispositive issue of fact".

**Liaison Counsel does not deny,** Counsel negotiated a settlement in behalf of plaintiff Bell, counted in amoung some 47,000 eligible claimants. That, as to Plaintiff Bell, liaison counsel failed to: (1) provide basis of which to assess plaintiff's claims: failed to inform plaintiff as to whether the settlement were for a specified class of claimants or for all claimants. **Liaison Counsel does not deny** their failures as to whom were Class Counsel, or wherein said counsel address were... What an objection requires, and failed to disclose any special benefits or incentives to the class representatives.

**Liaison Counsel did not deny,** fact that liaison counsel's fees were also incorporated in the 4.85 billion settlement of some 47,000 plaintiffs. Liaison Counsel only informed plaintiff of the calculated coverage of heart attack/death claims, and did not explain whether the settlement addressed all claims/ of all plaintiffs.

Liaison Counsel only concede the Court's judgment should not be disturbed due well established precedent, citing **PRYOR V. U.S. POSTAL SERV.,** (5TH Cir. 1985) 769 F.2d 281, 287.

Defendant's Opposition Motion fails to acknowledge the Court's holding of the inherent power of a Court to review it's judgments.(see **ROOT REFINING Co. V. UNIVERSAL OIL PRODUCTS Co.**1948 C.C.A.3(Del)) 169 F.2D 514, 521. (The Court has the inherent power to review it's judgments. 'Equitable relief against **fraudulent** judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another Court made rule, the general rule that judgments should not be disturbed after the term of their entry has expired... Created to avert the evils of archaic rigidity. This equitable procedure has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in these situations. In **ROOT REFINING Co.**case, such judgments implies the prior existence of a justiciable case or controversy between opposing litigants; but when the controversy has been terminated by a judgment, its freedom from fraud may always be the subject of further judicial inquiry; and the general rule, that

Court's do not set aside their own judgments after the term at which they rendered, has no application. As the Court of **ROOT REFINING Co.** interpreted, "The matter is not one of merely private concern subject to the action of the litigants, but is one of vast public importance, so that it becomes immaterial that the injured party may have been derelict in bringing the fault to the Court's attention.

On this Point, the Supreme Court in **HAZEL-ATLAS GLASS, V. HARTFORD EMPIRE Co.** 322 U.S. 238, AT 246, 64 S.Ct. 997, 10001, 88 L.Ed. 1250, "where also a charge of 'fraud' was made as to the prosecution of a suit upon a valuable patent in a district court and in the Circuit Court of appeals of the Third Circuit said:

'This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. (**MERCOID Co. V. MID-CONTINENT INVESTMENT CO.,** 320 U.S. 661, 64 S.CT. 268, 88 L.Ed. 376). **MORTON SALT Co. V. G.S. SUPPLIER Co.** 314 U.S. 488, (788), 62, S.Ct. 402, 86 L.Ed. 368).

Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safegard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait on the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

The Court in **SPRAGUE V. TICONIC NATIONAL BANK**, 307 U.S. 161, 169, 59 S.CT. 77, 780, 83 L.ED. 1184, ("a Court may collect counsel fees as part of the taxible cost, but obviously, a Court cannot deprive a successful party of his judgment without a proper hearing... further, "if the judgment could not be nullified without adequate opportunity to be heard in a proper contest, neither is it just to assess the fees of attorneys and their expenses in conducting an investigation where petitioner throughout objected to the character of the investigation if it was to be used as a basis for adjudicating rights.

As in **CHAMBERS V. NASCO, INC.,** (U.S. La. 1991) 111, S.CT. 2123, 501 U.S. 32, ("Federal Courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a Court must exercise discretion in fashioning an appropriate sanction, which may

4.

range from dismissal of a lawsuit to an assessment of attorney's fees. Although the "American Rule" prohibits the shifting of attorney's fees in most cases, see **ALYESKA PIPELINE SERVICE CO. V. WILDERNESS SOCIETY**, (U.S. DIST. Col. 1975) 95 S.CT. 1612, 1622, an exception allows Federal Courts to exercise their inherent power to assess such fees as a sanction when a party practices a fraud upon the Court, see **ROOT REFINING CO. V. UNIVERSAL OIL CO.** (1948) 95 S.CT. 1612, 1622. An exception allows Federal Courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad-faith, vexatiously, wantonly, or for oppressive reasons. id. at 258-259, 260, 95 S.Ct. 1622-1623, as when the party practices a fraud upon the Court, see **Root Refining Co. v. Universal Oil Products**, or delays or disrupts the litigation or hampers a Court Order's enforcement.(**HUTTO V. FINNEY**, 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 2573 n. 14,

## CONCLUSION

For the foregoing reasons: the misrepresentations of Liaison Counsel, in violation of Fed. R. Civ. Proc., § 23 Notice Provisions and Federal Trade Commission Act § 5; Title 15, U.S.C.A. § 45, This Honorable Court should exercise it's inherent power to manage it's own proceedings and control of the conduct of those who appear before them, assessing fees when a party acts in bad-faith, vexatiously, wantonly, or for oppressive reasons...

Liaison Counsel does not deny, his conduct is violation of Fed. R. C. Proc. § 23 notice provisions and the Court's own PTO # 5,... Plaintiff Bell Concede the Settlement of 4.85 billion were to compensate 47,000 plaintiff's held eligible by Defendant Merck. Here, Liaison Counsel's performance of duties as my counsel, only until attorney's induction of my case to an administrative process wherein the interest of the parties contrast in that, of the same prize sought, was to work a fraud upon me and to enrich himself in the role of adverse party, by (1) responding to Pre Trial Order # 5, as counsel, only until Liaison Counsel acquired the appropriation of my case to accommodate the reaching of the settlement contract. (2) failing to give plaintiff Bell a copy of the Settlement Agreement as requested by Bell, to deny Bell's adequate preparation to attain due compensation from the settlement, or to make an informed decision to participate in the settlement program by allowing Bell knowledge of fact that the settlement program will be making an dispositive adjudication as to the merits of plaintiff being able to receive compensation from the adjudicated settlement. Without a copy of the settlement to make specific showing as to exactly what kinds of injuries

the settlement covered. As stated, this Honorable Court should make a cease and desist Order, sanctioning Liaison Counsel for the full amount due plaintiff had plaintiff been properly afforded the protections that Liaison Counsel fiduciary role and duties entailed, or for any other Order this Court, holds in accord to justice.

DATE 10/13 2010

*Danny Bell* (signature)

DANNY BELL (AMERICAN PRO SE) plaintiff

6.

# PROOF OF SERVICE BY MAIL

I ___DANNY BELL___, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.
    MY PRISON NUMBER IS: K-68611
    MY PRISON ADDRESS IS: P.O. BOX 950, Folsom, Ca. 95763


ON. 10,13, 20 10 I SERVED A COPY OF THE FOLLOWING DOCUMENT:

REPLY TO DEFENDANT'S OPPOSITION TO REQUEST FOR RELIEF FROM JUDGMENT

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

| | |
|---|---|
| RUSS M. HERMAN | PHILLIP A. WITTMAN |
| HREMAN, HERMAN, KATZ & COTLAR, LLP | STONE, PIGMAN, WALTER, WITMAN, LLP |
| 820 O'KEEFE AVE., Suite 100 | 545 Carondelet St. |
| NEW ORLEANS, La   70013 | NEW ORLEANS La 70130 |

CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA, 500 POYDRAS ST. Rm., C-151, N.O. La 70131

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED  10/13 , 20 10, AT FOLSOM, CALIFORNIA..

_/s/ Danny Bell_

Dany Bell #K-68611
F.S.P. 5-AB2-28
P.O. Box 950
Folsom, CA 95763

—CONFIDENTIAL—

CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA
500 Poydras St. Rm. C-151
New Orleans, La. 70131

PRISON GENERATED MAIL
FOLSOM STATE PRISON
PO BOX 715071
REPRESA CA 95671

$01.05°
MAILED FROM ZIPCODE 95671