RECEIVED
OCT 18 2010

United States District Court
Eastern District of Louisiana

In re: Vioxx                           MDL Docket No. 1657
Products Liability                     Section L
Litigation                             Judge Fallon
Jamal Ali Bilal v. Merck               Magistrate Judge Knowles
06-02364

Rule 60(b) FRCP Motion To Vacate Order As To Plaintiff Bilal

1. Pursuant to a September 28, 2010 letter I, Jamal Ali Bilal, received from attorney for Merck, Dorthey H. Wimberly, she has moved to dismiss me from Vioxx litigation matters because, as she says, I, a Pro Se litigant, have not complied with PTO 43.

2. First of all, at the time I received the letter I had been transferred to the Desoto County Jail in retaliation for me being the lead class plaintiff objector in the Canupp v. Liberty Behavioral Health, Case No. 09-16334-DD (11th Cir) class action.

3. It is completely illegal for me to be in this jail because the Department and Children & Family Services has a ministerial and statutory duty to retain me at FCCC. See Miller v. Carson, 524 F. Supp 1174 (M.D. Fla 1981); Lynch v. Baxley, 144 F.2d

-1-

1452 (11th Cir 1924). See also Rule 65E-15.004 Fla. Admin. Code (2009) (designating FCCC as the only facility in which a SVP resident can be housed).

4. I am currently in jail on "Practicing Law Without a Licence" charges after I merely wrote a few letters to friends in this jail even though the policy of this jail are that inmates cannot receive letters. See exhibit A. In other words, the so-called letters I wrote to this jail were supposed to be returned to sender, if, in fact jail officials were serious about curbing "practicing law without a licence." It is my belief that these charges were politically motivated.

5. At the time Merck attorneys submitted their motions to dismiss me with prejudice, I was on suicide watch at this jail material to the loss of a love one in my family.

6. At the time Merck attorneys moved to dismiss me from the Vioxx class action, this court was apparently unaware that Mr. Bilal had recently filed suit against the Vioxx "Pro Se Coordinator" for her failure to discharge her duties in assisting me in retrieving medical records germane to a stroke I had at FCCC germane to my Vioxx ingestion. See exhibit B.

-2-

7. Mr. Bilal cannot be faulted for not complying with the terms of PTO 43 if the "Pro Se Coordinator" did not assist him in compliance -- especially given the fact Mr. Bilal is allegedly incapacitated under false pretenses -- of which Merck attorneys are taking advantage of.

8. The pleadings of Pro Se litigants are held to less stringent standards than those generated by a member of a State Bar. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Against this backdrop it would be erroneous for this court to dismiss this suit that would be the subject of an immediate federal appeal.

Wherefore Mr. Bilal would require the court to squash the motion to dismiss him from the Vioxx suit and mandate that the Pro Se Coordinator furnish him a medical expert to assist him in complying with the terms of PTO 43.

Respectfully submitted,
Jamaal Ali Bilal
Desoto County Jail
208 E. Cypress St.
Arcadia, FL 34266

- 3 -

## Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Dorothy H. Wimberly, Esq. 546 Carondelet Street, New Orleans, Louisiana 70130-3588; Ann Oldfather, Esq., 1330 South Third St., Louisville, Kentucky 40208 this 8th day of October 2010.

Jamaal Ali Bilal

-4-