UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 29, 2010

FILED
CLERK'S OFFICE

MDL No. 1657

## NOTICE OF FILING OF
## CONDITIONAL TRANSFER ORDER (CTO-165)

Today, the Judicial Panel on Multidistrict Litigation filed a conditional transfer order (CTO) involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). The order will be stayed for 14 days unless opposed in accordance with Rule 7.4(c).

Notices of Opposition should be filed by email or facsimile. Refer to Rule 5.1.1 et seq. for filing options and requirements. File one Notice of Opposition (with an attached schedule of actions, if necessary) if opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and preferred. **Fax transmission of the motion and brief will not be accepted.**

Opposing counsel shall notify the Clerk of the Panel of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel. An appearance form is attached. (Note: If filing an appearance, include an email address for notification of subsequent filings.) The following deadlines pertain to this CTO Notice:

**Notice of Opposition and Appearance Due on or Before:   August 12, 2010 (12 noon EST)**

If/when Notices of Opposition are filed, counsel will be notified of subsequent briefing schedules and related filings.

Inasmuch as there is an unavoidable delay between notification of the pendency of a tag-along action and the filing of a CTO, counsel are required by Rule 7.4(b) to notify this office **by email (as a PDF attachment), at JPMLeFILE@jpml.uscourts.gov; or by facsimile, at (202) 502-2888,** of any official changes in the status of the tag-along action. Such changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.

Counsel should review Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions. A Panel Service List is attached to this notice.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1657

## PANEL SERVICE LIST (CTO-165)

Jamaal Ali Bilal
DeSoto County Jail
208 East Cypress Street
Arcadia, FL 34266

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113
**rherman@hhkc.com**

Norman C. Kleinberg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
kleinber@hugheshubbard.com

Phillip A. Wittmann
STONE PIGMAN WALTHER & WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130-3588
**pwittmann@stonepigman.com**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 29, 2010

FILED
CLERK'S OFFICE

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Jamaal Ali Bilal v. Merck, Inc., et al.,
M.D. Florida, C.A. No. 2:10-447         )
                                        )          MDL No. 1657

## CONDITIONAL TRANSFER ORDER (CTO-165)

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 360 F.Supp.2d 1352 (J.P.M.L. 2005). Since that time, 6,839 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 14 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 14-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

TO: United States Judicial Panel
on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)  August 12, 2010
Panel Fax No.: (202) 502-2888

MDL No. 1657 -- IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation

## NOTICE OF APPEARANCE (CTO-165)
*(Appearances should be entered for parties in civil actions the MDL has been previously notified of)*

**PARTIES REPRESENTED** (indicate plaintiff or defendant--attach list if necessary):

Bilal v. Merck

**SHORT CASE CAPTION(s)** (Include District(s), Civil Action No(s).-- attach list if necessary):

Bilal v. Merck, 3:10cv-447-JTM-2P-LPC

*************************************************************

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated. I am aware that only one attorney can be designated for each party.

August 4, 2010                    Jamaal Ali Bilal
Date                              Signature of Attorney or Designee

**Name and Address of Designated Attorney:**
Oldfather Law Firm
Attorneys at Law
1330 South Third St
Louisville, Kentucky 40208
Telephone No.: (502) 637-7200      Fax No.: (502)-637-3999

Notary Public State of Florida
Angela Kerry Mardis
My Commission DD886113
Expires 05/04/2013

Angela K. Mardis
8-4-10

Email Address: _____

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**

JPML Form 18

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FILING BY EMAIL WITH
PDF ATTACHMENTS                                                    Misc. No. 10-01

**NOTICE TO COUNSEL**

Effective April 1, 2010, the Judicial Panel will begin accepting filing of papers electronically (by email), with pleadings attached as PDF documents. In addition, where filing is not done by email, the Panel will reduce the number of required copies to one original and one copy. This is an interim measure while the Panel, in conjunction with the Administrative Office of the United States Courts, develops a case management/electronic case filing (CM/ECF) system. Panel Rules 5.11, 5.12, and 5.13 have been amended as necessary.

What follows is a brief synopsis of the Rule changes:

- The Panel will accept electronic filing of pleadings by emailing them to:

    JPMLeFILE@jpml.uscourts.gov

- Each pleading submitted electronically, with its accompaniments and exhibits, should be attached as a separate PDF document. Do not combine multiple pleadings into one PDF (e.g., a notice of opposition and the motion and brief to vacate a conditional transfer order should be attached as two separate PDF documents).

- The Panel requests one courtesy paper copy of all pleadings filed electronically to be received by the Panel within two business days of filing.

- Possession of a CM/ECF account with any U.S. federal court serves as authorization to file papers electronically with the Panel and is deemed consent to receive electronic service.

Counsel should refer to the Rules posted on the Panel's website (www.jpml.uscourts.gov) for additional detail. All questions or requests for assistance regarding this matter should be directed to the Clerk of the Panel's Office, 202-502-2800.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Mar 25, 2010

FILED
CLERK'S OFFICE

GENERAL ORDER
AMENDING PANEL RULES 5.11, 5.12(a) AND 5.13(a)

In order to promote the efficient conduct of litigation, the Judicial Panel on Multidistrict Litigation will begin accepting the filing of papers electronically (by email) and, where filing is not done by email, will reduce the number of copies of certain papers that it presently requires. In addition, use of the electronic filing option will relieve that party of its obligations under Rule 5.13. These are interim measures while the Panel, in conjunction with the Administrative Office of the United States Courts, develops electronic case filing capability within a case management/electronic case filing (CM/ECF) system.

Rule 5.11 is renumbered as Rule 5.1.1 and amended as follows:

RULE 5.1.1:   PLACE OF FILING OF PAPERS

(a) All papers for consideration by the Panel shall be submitted for filing to the Clerk of the Panel by mailing, delivering, or sending electronically (via email) to:

Email: JPMLeFILE@jpml.uscourts.gov

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

(b) A party availing itself of the electronic filing option shall do so through the attorney identified, or to be identified, pursuant to Rule 5.2(c) of these Rules. Registration/possession of a CM/ECF account with any United States federal court shall serve as authorization to file papers electronically with the Panel and shall be deemed consent to receive electronic service of all orders, notices, and other papers issued by the Panel, as well as electronic service of papers filed with the Panel by other parties.

(c) Where filing is done electronically, the subject line of the relevant email shall identify the title of the attached paper (taken from the paper itself) and, if known, the MDL docket number and name. The body of the email shall include (i) the full name of the party or parties on whose behalf the paper is being submitted, and (ii) the name, affiliation (*e.g.*, law firm), address, telephone number, fax number, and email address of the sending attorney. The attached paper shall be in PDF format. Do not combine multiple pleadings

in the same PDF. Attach a separate PDF for each pleading type. One hard copy of the electronically filed paper or papers shall be mailed or delivered to the Clerk of the Panel at the above address for receipt by noon of the second business day following transmission of the email. This hard copy shall be clearly marked "Courtesy Copy-Do Not File."

(d) If a paper is filed electronically, Panel Rule 5.1.2(a) shall be suspended insofar as it requires the filing of an original paper and one copy thereof, and Rule 5.1.3 shall be suspended in its entirety. An electronically filed paper shall be deemed the electronically signed original thereof.

(e) No papers shall be left with, mailed to, or otherwise transmitted to a Judge of the Panel.

Rule 5.12 is renumbered as 5.1.2. The second to last sentence of Rule 5.1.2(a) is amended to read as follows: "An original and one copy of all other papers shall be submitted for filing to the Clerk of the Panel."

Rule 5.13 is renumbered as 5.1.3, and Rule 5.1.3 (a) is amended to read as follows:

> Whenever an original paper and one copiesy is required to be submitted for filing to the Clerk of the Panel pursuant to Rule 5.1.2(a) of these Rules, and where a party is represented by counsel, one additional copy of that paper must also be submitted on a computer readable disk and shall be filed at the time the party's paper is filed. The disk shall contain the entire paper ~~exclusive of computer non-generated exhibits~~. The label of the disk shall include i) "MDL #__," ii) an abbreviated version of the MDL descriptive title, or other appropriate descriptive title, if not yet designated by the Panel, iii) the identity of the type of paper being filed (i.e. motion, response, reply, etc.), iv) the name of the counsel who signed the paper, and v) the first named represented party on the paper.

IT IS FURTHER ORDERED that these rule changes are effective April 1, 2010.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

RULE 5.2:   SERVICE OF PAPERS FILED                                        (REVISED April 2010)

(a)   All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)   The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)   Within eleven fourteen days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)   In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)   If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:   CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)   Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court ~~for fifteen~~ fourteen days from the entry thereof.

(b)   Parties to an action subject to a conditional transfer order shall notify the Clerk of the ~~Panel within the fifteen~~-fourteen-day period if that action is no longer pending in its transferor district court.

(c)   Any party opposing the transfer shall file a notice of opposition with the Clerk of the ~~Panel within the fifteen~~-fourteen-day period. If a notice of opposition is received by the Clerk of ~~the Panel within this fifteen~~ fourteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)   ~~Within fifteen~~ fourteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)   Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)   Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.1.2, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:   MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)   Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)   Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)   Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)   A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tagalong action."

(e)   Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.