## GUARANTY OF PAYMENT AND PERFORMANCE

THIS GUARANTY (the "Guaranty") from **David McQuade Leibowitz**, individually (the "Guarantor") to **COUNSEL FINANCIAL SERVICES, LLC** a Delaware limited liability company with a place of business at 90 Bryant Woods South, Suite 100, Amherst, NY 14228 (the "Lender").

### WITNESSETH:

WHEREAS, David McQuade Leibowitz, P.C. ("Borrower") is, on the date hereof, entering into a that certain Fourth Amended and Restated Revolving Promissory Note in the principal amount of $5,005,845.45 (as the same may be amended from time to time ("Note") pursuant to which Lender is extending certain credit facilities (the "Credit Facilities") to Borrower; and

WHEREAS, the Lender is unwilling to extend the Credit Facilities to the Borrower unless it receives this Guaranty; and

WHEREAS, the Guarantor is willing to enter into this Guaranty in order to induce the Lender to extend the Credit Facilities and the Guarantor has approved the form and substance of each and all of the documents relating to the Credit Facilities including the Revolving Promissory Note, Security Agreement, certifications, letters and other documentation (the "Loan Documents").

NOW, THEREFORE, in order to induce the Lender to extend the Credit Facilities to the Borrower and in consideration of the premises and of other good and valuable consideration, the Guarantor intends to guarantee absolutely and unconditionally (and jointly and severally if there be more than one Guarantor) to the Lender, the punctual payment of the collectively (i) the outstanding principal amount of the Note at any time and all interest and other amounts now or in the future payable under the Note and (ii) all other obligations of the Borrower to the Lender for the payment of money, however evidenced, regardless of the purpose for which incurred and whether for the payment of any principal, interest, fee or expense or otherwise, existing now or coming into existence in the future or absolute or contingent (the " Obligations") and such further payment and performance as may be set forth in Article 2 hereof.

### ARTICLE 1
### REPRESENTATIONS AND WARRANTIES OF THE GUARANTOR

The Guarantor hereby represents and warrants to Lender (if the Guarantor is more than one party, said representations and warranties are made only with respect to the particular party) that:

Section 1.1   **Capacity of the Guarantor.** Guarantor:

(A)   Has the capacity to enter into this Guaranty.

(B)   Has his or her address at the address set forth at the head of this Guaranty.

Section 1.2   **No Violation of Restrictions.** Neither the execution and delivery of this Guaranty, the consummation of the transactions contemplated hereby nor the fulfillment of or compliance with the

13

_____ Initials

provisions of this Guaranty will conflict with or result in a breach of any of the terms, covenants, conditions or provisions of any agreement, judgment or order to which the Guarantor is a party or by which the Guarantor is bound, or will constitute a default under any of the foregoing, or result in the creation or imposition of any lien of any nature whatsoever.

Section 1.3    **Compliance with Law.** The Guarantor is not in violation of any law, ordinance, governmental rule, regulation, order or judgment to which the Guarantor may be subject which is likely to materially affect the financial condition of the Guarantor.

Section 1.4    **Financial Statements.** The financial statements submitted by the Guarantor to Lender fairly represent the financial condition as of the date of each statement and there has been no material adverse change in the financial condition of the Guarantor since the date of the respective statements submitted to Lender.

Section 1.5    **Solvency of Guarantor and Borrower.** The Guarantor is solvent and has made an appropriate financial investigation of the Borrower and has determined that the Borrower is solvent at the time of execution of this Guaranty.

## ARTICLE 2
## COVENANTS AND AGREEMENTS

Section 2.1    **Guaranty of Payment.** The Guarantor irrevocably, absolutely and unconditionally guarantees to the Lender:

(A)    The punctual payment of the Obligations.

(B)    The full and prompt performance of any and all obligations of the Borrower to Lender under the Loan Documents.

Section 2.2    **Obligations Unconditional.** This Guaranty shall remain in full force and effect until the Obligations and all sums due thereunder are paid in full, irrespective of any interruptions in the business relationships of the Borrower and the Guarantor with the Lender. The Guarantor's obligation hereunder shall not be affected, modified or impaired by any state of facts or the happening from time to time of any event, including, without limitation, any of the following, whether or not with notice to or the consent of the Guarantor:

(A)    The invalidity, irregularity, illegality or unenforceability of, or any defect in any Loan Document or any collateral security for the Credit Facilities (the "Collateral" as defined in the Security Agreement).

(B)    Any present or future law or order of any government (de jure or de facto) or of any agency thereof purporting to reduce, amend or otherwise affect any Loan Document or any other obligation of the Borrower or any other obligor or to any other terms of payment.

(C)    The waiver, compromise, settlement, release or termination of any or all of the obligations, covenants or agreements of the Borrower under any Loan Document or of the Guarantor under this Guaranty, or of any other guarantor of the Credit Facilities or any part thereof, or of any other party who has given collateral as security for the payment of the Credit Facilities or any part thereof.

14

Initials

(D) The failure to give notice to the Guarantor of the occurrence of an event of default under any Loan Document.

(E) The loss, release, sale, exchange, surrender or other change in any Collateral.

(F) The extension of the time for payment of any principal of or interest on the Obligations or of the time for performance of any other obligations, covenants or agreements under or arising out of any Loan Document or the extension or the renewal of any thereof.

(G) The modification or amendment (whether material or otherwise) of any obligation, covenant or agreement set forth in any Loan Document.

(H) The performance of, or the omission to perform, any of the actions referred to in any Loan Document.

(I) Any failure, omission or delay on the part of the Lender to enforce, assert or exercise any right, power or remedy conferred on the Lender in any Loan Document.

(J) The voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all the assets, marshaling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition with creditors or readjustment of, or other similar proceedings affecting the Guarantor or the Borrower or either of their assets, or any allegation or contest of the validity of any Loan Document.

(K) The default or failure of the Guarantor to fully perform any obligations set forth in this Guaranty.

(L) Any event or action that would, in the absence of this paragraph, result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty (other than payment in full of the Obligations or a written release provided by Lender to the Guarantor).

(M) Any other circumstances which might otherwise constitute a legal or equitable discharge or defense of a surety or a guarantor.

Section 2.3   <u>Waiver by Guarantor</u>.  The Guarantor hereby waives:

(A) Notice of acceptance of this Guaranty.

(B) Diligence, presentment and demand for payment of the Credit Facilities.

(C) Protest and notice of protest, dishonor or default to the Guarantor or to any other party with respect to the Loans.

(D) Any and all notices to which the Guarantor might otherwise be entitled.

(E) Any demand for payment under this Guaranty.

(F) Any and all defenses to payment including, without limitations any defenses and counterclaims of

15

Initials

the Guarantor or the Borrower based upon fraud, negligence or the failure of any condition precedent or claims of offset or defenses involving the invalidity, irregularity or unenforceability of all or any part of the liabilities herein guaranteed or any defense otherwise available to the Guarantor or the Borrower.

(G)     Until such time as the Obligations are paid in full and the Lender has received all other sums due under the terms of the Loan Documents, any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which the Guarantor may now or hereafter have against the Borrower or any other person directly or contingently liable for the Credit Facilities guaranteed hereunder, or against or with respect to any of the Borrower's property (including, without limitation, property collateralizing the Credit Facilities), arising from the existence or performance of this Guaranty and whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise.

Section 2.4     **Nature of Guaranty.** This Guaranty is a guaranty of payment and not of collection and the Guarantor hereby waives the right to require that any action be brought first against the Borrower or any other guarantor, or to require any security, or to require that resort be made to any security or to any balance of any deposit account or credit on the books of the Lender in favor of the Borrower or of the Guarantor.

Section 2.5     **Continuation of Guaranty.** The Guarantor further agrees that the obligations hereunder shall continue to be effective or reinstated, as the case may be, if at any time payment or any part thereof of the Credit Facilities is rescinded or must otherwise be restored by the Lender upon the bankruptcy or reorganization of the Borrower, the Guarantor or otherwise.

Section 2.6     **Subordination of Debt.** The Guarantor hereby subordinates any and all indebtedness of the Borrower now or hereafter owed to the Guarantor to all indebtedness of the Borrower to Lender and agrees with Lender that, from and after the date whereon Lender notifies Guarantor that an event of default under one or more of the Loan Documents has occurred and is continuing, Guarantor shall not demand or accept any payment from the Borrower of any such indebtedness, shall not claim any offset or other reduction of Guarantor's obligations hereunder because of any such indebtedness and shall not take any action to obtain any interest in any of the security described in and encumbered by the Loan Documents; provided, however, that, if Lender so requests, such indebtedness shall be collected, enforced and received by Guarantor as trustee for Lender and paid over to Lender on account of the indebtedness of such Borrower to Lender, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty except to the extent the principal amount of such outstanding indebtedness shall have been reduced by such payment.

Section 2.7     **Financial Statements.** Guarantor agrees to deliver to Lender within thirty (30) days after the end of each year, personal financial statements and information applicable to the Guarantor on Lender's standard form or other form acceptable to Lender.

Section 2.8     **Transfer of Interest.** Except as permitted pursuant to the Loan Documents, the Guarantor agrees not to make or permit to be made, by voluntary or involuntary means, any transfer of the interest of the Guarantor in the Borrower, without first obtaining the prior written consent of Lender.

## ARTICLE 3
## EVENTS OF DEFAULT

16

Initials

**Section 3.1**     **Events of Default Defined.** An "Event of Default" shall exist if any of the following events occurs and is continuing:

(A)     The Guarantor fails to perform or observe any covenant contained herein.

(B)     Any warranty, representation or other statement by or on behalf of the Guarantor contained in this Guaranty is false or misleading in any material respect when made.

(C)     A receiver, liquidator or trustee of the Guarantor or any of his or its property is appointed by court order, or any party named as a Guarantor is adjudicated bankrupt or insolvent or any of his or its property is sequestered by court order and such order remains in effect for more than sixty (60) days, or a petition is filed against the Guarantor under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, dissolution or liquidation law of any jurisdiction, whether now or hereafter in effect, and is not dismissed within ninety (90) days of such filing.

(D)     The Guarantor files a petition in voluntary bankruptcy or seeks relief under any provision of any reorganization, arrangement, insolvency, readjustment of debt, dissolution or liquidation law of any jurisdiction, whether now or hereafter in effect, or consents to the filing of any petition against it under any such law.

(E)     The Guarantor makes an assignment for the benefit of creditors or admits in writing inability to pay debts generally as they become due, or consents to the appointment of a receiver, trustee or liquidator of all or any part of his or its property.

(F)     The occurrence of an Event of Default under the Note or any other Loan Document.

**Section 3.2**     **Remedies on Default.** If an Event of Default exists, Lender may proceed to enforce the provisions hereof and to exercise any other rights, powers and remedies available to the Lender after two (2) business days' prior written notice to the Guarantor.

**Section 3.3**     **Waiver and Notice.**

(A)     No remedy herein conferred upon or reserved to the Lender is intended to be exclusive of any other available remedy or remedies, but each and every such remedy shall be cumulative and shall be in addition to every other remedy given under this Guaranty now or hereafter existing at law or in equity or by statute.

(B)     No delay or omission to exercise any right or power accruing upon the occurrence of any Event of Default shall impair any such right or power or shall be construed to be a waiver thereof, but any such right or power may be exercised from time to time and as often as may be deemed expedient.

(C)     In order to entitle the Lender to exercise any remedy reserved to it in this Guaranty, it shall not be necessary to give any notice, other than such notice as may be expressly required in this Guaranty.

(D)     No waiver, amendment, release or modification of this Guaranty shall be established by conduct, custom or course of dealing.

17

Initials

## ARTICLE 4
## MISCELLANEOUS

Section 4.1     Construction. If this Guaranty is executed by two or more parties, they shall be jointly and severally liable hereunder and the phrase Guarantor whenever used herein shall be construed to refer to each of the parties in the same manner and with the same effect as if each party had signed a separate guaranty.

Section 4.2     Governing Law. This Guaranty shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of laws.

Section 4.3     Successors and Assigns. This Guaranty shall inure to the benefit of and be binding upon the successors and assigns of each of the parties hereto.

Section 4.4     Notices. Any notices required or permitted to be given hereunder shall be in writing and shall be deemed to have been sufficiently given or served for all purposes at the time of delivery in person, one day after delivery to a nationally recognized overnight courier with receipt requested to the parties at the addresses set forth at the head of this Guaranty, or such other addresses as the parties may for themselves designate in writing as provided herein for the purpose of receiving notices hereunder.

Section 4.5     Entire Agreement. This Guaranty and the Loan Documents constitute the entire understanding between the Borrower, the Guarantor and Lender and to the extent that any writings not signed by Lender or oral statements or conversations at any time made or had are inconsistent with the provisions of this Guaranty or the other Loan Documents, the same shall be null and void.

Section 4.6     Amendments. No amendment, change, modification, alteration or termination of this Guaranty shall be made except upon the written consent of Lender and the Guarantor.

Section 4.7     Assignment. This Guaranty is assignable by Lender in whole or in part in conjunction with an assignment of the Loan Documents and any assignment hereof or any transfer or assignment of the Loan Documents or portions thereof shall operate to vest in any such assignee the rights and powers, in whole or in part, as appropriate, herein conferred upon and granted to Lender.

Section 4.8     Partial Invalidity. The invalidity or unenforceability of any one or more phrases, sentences, clauses or sections in this Guaranty shall not affect the validity or enforceability of the remaining portions of the Guaranty or any part thereof.

Section 4.9     Submission to Jurisdiction. The Guarantor hereby irrevocably and unconditionally agrees that any suit, action or proceeding arising out of or relating to this Guaranty shall be brought in the state courts of the State of New York or federal district court therein located in Erie County and waives any right to object to jurisdiction within either of the foregoing forums by Lender. Nothing contained herein shall prevent Lender from bringing any suit, action or proceeding or exercising any rights against any security and against any Guarantor personally, and against any property of the Guarantor, within any other jurisdiction and the initiation of such suit, action or proceeding or taking of such action in any such other jurisdiction shall in no event constitute a waiver of the agreements contained herein with respect to the laws of the State of New York governing the rights and obligations of the parties hereto or the agreement of the Guarantor to submit to personal jurisdiction within the State of New York.

18

Initials

Section 4.10    WAIVER OF JURY TRIAL. THE GUARANTOR HEREBY EXPRESSLY WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION (1) ARISING UNDER THIS GUARANTY OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS GUARANTY OR ANY OTHER INSTRUMENT, DOCUMENT, OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, AND THE GUARANTOR HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND LENDER MAY FILE AN ORIGINAL COUNTERPART OF A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE GUARANTOR'S CONSENT TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY. THE GUARANTOR REPRESENTS AND WARRANTS THAT IT HAS REVIEWED THIS JURY WAIVER PROVISION WITH ITS LEGAL COUNSEL, AND HAD MADE THIS WAIVER KNOWINGLY AND VOLUNTARILY.

Section 4.11    Unlimited Guaranty.   This Guaranty is unlimited in amount.

IN WITNESS WHEREOF, the Guarantor has executed this Guaranty as of the day and year set forth.

Dated: September    , 2007

_____
DAVID MCQUADE LEIBOWITZ

19

Initials

## ACKNOWLEDGMENT (GUARANTY)

STATE OF TEXAS      )
COUNTY OF           )
                    )

On the 9 th day of ~~September~~ October in the year 2007, before me, the undersigned, a notary public in and for said state, personally appeared **David McQuade Leibowitz** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.



Notary Public

EMMA G. CARREON
Notary Public, State of Texas
My Commission Expires
JUNE 25, 2009

20

_____ Initials