ORIGINAL WAS RECEIVED AND FILED
BY: _____

NOV 2 5 2009

UNITED STATES DISTRICT COURT CLERK
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Counsel Financial Services, LLC,

                    Plaintiff,

vs.

David McQuade Leibowitz and David McQuade Leibowitz, P.C.,

                    Defendant.

COMPLAINT

**09 CV 1025**

---

## COMPLAINT FOR BREACH OF CONTRACT, INDEMNITY, AND DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Counsel Financial Services, LLC by and through its counsel, brings this complaint against Defendants David McQuade Leibowitz and David McQuade Leibowitz, P.C.

### INTRODUCTION

1.     Plaintiff Counsel Financial Services, LLC ("CFS") is a Delaware Limited Liability Company with its principal office located in Williamsville, New York. CFS provides loans and credit lines to lawyers and law firms handling contingent fee cases and who may not have access to credit from banks or other traditional sources.

2.     Upon information and belief, Defendant David McQuade Leibowitz, P.C. (the "Leibowitz Law Firm") is a law firm and a professional corporation with offices in San Antonio, Texas.

3.     Upon information and belief, Defendant David McQuade Leibowitz is a resident of Texas, a principal or member of the Leibowitz Law Firm, and a practicing attorney in Texas.

HARRIS BEACH
ATTORNEYS AT LAW

4. CFS extended lines of secured credit from which the Leibowitz Law Firm drew approximately $5,005,845.45 for which amount the Leibowitz Law Firm became indebted to CFS. Mr. Leibowitz personally guaranteed said amounts to CFS.

5. Due to default and failure to pay amounts owed, CFS filed a lawsuit against Defendants in the Supreme Court of the State of New York, Erie County. On or about November 25, 2008, CFS obtained a judgment against the Defendants in the total amount of $5,506,180.96 (the "Judgment"). *Counsel Financial Services, LLC v. David McQuade Leibowitz, P.C. and David McQuade Leibowitz*, Index No. 12008-010002.

6. All of the agreements relating to the line of credit extended to the Leibowitz Law Firm, Mr. Leibowitz's personal guaranty of amounts owed, and the collateral security agreement which secured the loan, provided for exclusive jurisdiction over any disputes relating to those agreements in any federal or state court in Erie County, New York.

7. After CFS obtained its Judgment in Erie County, Defendants have violated these agreements by litigating in Texas issues already decided in the Erie County action or consigned exclusively to a court in Erie County. Defendants have filed claims in Texas alleging that CFS has defaulted on the loan documents and have petitioned the Texas court to enjoin CFS from litigating anywhere other than before a particular court, before a particular judge, in Texas.

8. CFS has sustained substantial damages in the form of attorneys fees and costs as a result of the Texas litigation and is threatened with imminent harm if the Texas action proceeds.

9. CFS brings this action (i) to recover legal fees and costs incurred subsequent to the entry of judgment in the Erie County Supreme Court action as provided for in the loan documents and personal guarantees of the Leibowitz Law Firm and Mr. Leibowitz, and (ii) to enjoin Defendant's ongoing breach of these agreements by litigating in Texas.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action involves a controversy between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over the parties based on their agreements which provide that state and federal courts located in Erie County are the only proper forum for the trial and resolution of any disputes arising out of such agreements.

12. Venue is proper in this Court pursuant to the forum selection clause contained in the agreements between the parties which provide that state and federal courts located in Erie County are the only proper forum for any disputes arising out of such agreements. This district is also the location of the principal place of business of Plaintiff CFS.

## GENERAL ALLEGATIONS

**Loan Agreements**

13. CFS loaned money to the Leibowitz Law Firm pursuant to a Revolving Promissory Note dated August 31, 2007, in the principal amount of $5,005,845.45, payable to CFS and acknowledged by Mr. Leibowitz in his capacity as President of the Leibowitz Law Firm (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

14. In a contemporaneously executed Security Agreement, (the "Security Agreement"), the Leibowitz Law Firm and Mr. Leibowitz pledged their personal property, including but not limited to the Leibowitz Law Firm's accounts and accounts receivable, comprised, in part, of all fees and reimbursed expenses in connection with various lawsuits in which the Leibowitz Law Firm is

HARRIS BEACH
ATTORNEYS AT LAW

3

involved as security for the Note (the "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit "B."** CFS has duly perfected its security interests in the Collateral. A true and correct copy of the original and amended UCC-1 recorded by CFS in Texas are attached hereto as **Exhibit "C."**

15. Payment of monies owed under the Note are personally guaranteed by Mr. Leibowitz, in his individual capacity, under a Guaranty of Payment and Performance (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit "D."**

16. Pursuant to the Note, Security Agreement and Guaranty, Defendants agreed to repay the Principal Amount to CFS with interest and fees, if any, in equal installments payable over nine months, beginning on September 1, 2008. Exhibit A, Note, § 4.

17. The Defendants also agreed to the exclusive jurisdiction of state and federal courts in Erie County for litigating any dispute relating to the Note, Security Agreement and Guaranty.

18. The Security Agreement states, in part:

THE DEBTOR KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND IRREVOCABLY CONSENTS IN EACH ACTION AND OTHER LEGAL PROCEEDING COMMENCED BY THE SECURED PARTY AND ARISING OUT OF OR OTHERWISE RELATING TO THIS AGREEMENT, ANY OF THE OBLIGATIONS, ANY OF THE COLLATERAL OR ANY OTHER COLLATERAL TO THE **EXCLUSIVE PERSONAL JURISDICTION OF ANY COURT LOCATED IN ERIE COUNTY, NEW YORK**, THAT IS EITHER A COURT OF RECORD OF THE STATE OF NEW YORK OR A COURT OF THE UNITED STATES LOCATED IN ERIE COUNTY . . . .

Exhibit B, Security Agreement, § 13(a) (emphasis added).

19. The Note states, in part:

AS PART OF THE CONSIDERATION FOR NEW VALUE RECEIVED AND REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF BORROWER OR HOLDER, BORROWER HEREBY CONSENTS AND AGREES THAT **ANY FEDERAL OR STATE COURT LCOATED IN ERIE COUNTY, NEW YORK**, SHALL HAVE **EXCLUSIVE JURISDICTION** TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES

BETWEEN BORROWER AND HOLDER PERTAINING TO THIS NOTE OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS NOTE . . . .

Exhibit A, Note, § 14 (emphasis added).

20.   The Guaranty states, in part:

The Guarantor hereby irrevocably and unconditionally agrees that **any suit, action or proceeding arising out of or relating to this Guaranty shall be brought in the state courts of the State of New York or federal district court therein located in Erie County** and waives any right to object to jurisdiction within either of the foregoing forums by Lender . . . .

Exhibit D, Guaranty, § 4.9 (emphasis added).

21.   Defendants also agreed that they would reimburse and indemnify CFS for expenses, including attorneys fees, for litigation relating to the agreements. The Security Agreement states:

The Debtor shall indemnify the Secured Party and each officer, employee, accountant, attorney and other agent of the Secured Party on demand, without any limitation as to amount, against each liability, cost and expense (including, but not limited to, if the Secured party retains counsel for advice, litigation or any other purpose, reasonable attorneys' fees and disbursements) heretofore or hereafter imposed on, incurred by or asserted against the Secured Party or such officer, employee, accountant, attorney or other agent as a result of any claim (including, but not limited to, any claim involving any allegation of any violation of applicable law (including, but not limited to, any claim involving any allegation of any violation of applicable law (including, but not limited to, any criminal statute)), however asserted and whether now existing or hereafter arising or accruing, arising out of any collection, sale or other disposition of any of the Collateral or any breach by the Debtor of any representation or warranty or any covenant or other agreement contained in, or any other fact or circumstance relating to, this Agreement, except to the extent any such liability, cost or expense is caused by the gross negligence, bad faith or willful misconduct of the Secured party or such officer, employee, accountant, attorney or other agent.

Exhibit B, Security Agreement, § 7(b); *see also* § 7(a) ("The Debtor shall pay on demand each cost and expense . . . heretofore or hereafter incurred by [CFS] . . . .").

22.   The Note likewise provides that Defendants will pay:

On demand by the Holder, each cost and expense (including, but not limited to, the reasonable fees and disbursements of counsel, whether retained for advice, litigation or any other purpose) incurred by the Holder in endeavoring to (i) collect any of the

Outstanding Principal Amount or any interest or other amount payable pursuant to this Note, (ii) preserve or exercise any right or remedy of the holder pursuant to this note or () [sic] preserve or exercise any right or remedy of the Holder relating to, enforce or realize upon any Collateral.

Exhibit A, Note, § 2(c).

**Default and Judgment**

23. The Leibowitz Law Firm defaulted under the loan documents for failure to pay the Note in accordance with its terms. In addition, Mr. Leibowitz has failed to make the required loan payments pursuant to the Guaranty. By virtue of said defaults and the failure to cure, the Defendants are in breach of the terms of the loan documents.

24. As of the date of this Complaint, the Defendants remain indebted to CFS for the Principal Amount, plus accrued interest and late fees, as well as CFS's attorneys' fees and costs incurred prior to the entry of Judgment in the Erie County Supreme Court action in *Counsel Financial Services, LLC v. David McQuade Leibowitz, P.C. and David McQuade Leibowitz*, Index No. 12008-010002. A true and correct copy of the Judgment is attached hereto as **Exhibit "E."** By decision dated November 20, 2009, the Fourth Department affirmed the judgment in CFS's favor. A true and correct copy of the Appellate Division's decision is attached hereto as **Exhibit "F."**

**Post-Judgment Breaches**

25. Subsequent to the entry of the Judgment, CFS filed authenticated copies of the Judgment with the Bexar County District Clerk in Texas and sought to enforce the New York Judgment against Defendants' property located in Texas. Through a host of procedural moves, the Leibowitz Law Firm and Mr. Leibowitz have sought to avoid and frustrate enforcement of the New York Judgment and have sought to re-litigate issues relating to the loan documents. As a result, CFS has incurred substantial new legal fees and costs since the entry of the New York Judgment.

26. The Security Agreement provides that CFS has the right to protect and collect on its collateral by moving to intervene in any action in which Defendants' are representing a client in a contingent fee matter.

27. As allowed under the terms of the Security Agreement, CFS moved to intervene in a Texas state court litigation just prior to settlement in which Defendants represented a client in a contingent fee personal injury matter to prevent the squandering of any funds paid to the Leibowitz Law Firm or Mr. Leibowitz in which CFS has a security interest.

28. The Leibowitz Law Firm and Mr. Leibowitz have opposed CFS's motion to intervene in the Texas personal injury action and, in facts, filed claims (improperly styled as "counterclaims" considering that CFS asserted no causes of action against the Leibowitz Law Firm or Mr. Leibowitz) against CFS in that case related to the Security Agreement, the Note, and the Guaranty, all in violation of the forum selection clause mandating that such claims be litigated in state or federal courts located in Erie County, New York. A true and correct copy of Defendants' Answer to Plea in Intervention, request for Declaratory and Injunctive Relief, and Counter-Claims for Damages, filed in Hidalgo County, Texas, ("Defendants' Answer and Claims), is attached hereto as **Exhibit "G."**

29. For example, Defendants assert counterclaims against CFS in the Texas personal injury litigation, arguing:

> That CFS has breached and defaulted under the terms of the Security Agreement by wrongfully accelerating the terms of the Note, charging interest on the Note which they had no right to charge, and by charging fees and expenses which Leibowitz never agreed to pay.

Exhibit G, Defendants' Answer and Claims, p. 6.

30. Defendants further assert that "CFS has excused any further performance thereof by Leibowitz, and its further attempts to enforce the Security Agreement are without a basis in law." Exhibit G, Defendants' Answer and Claims, p. 6.

HARRIS BEACH ⅲ
ATTORNEYS AT LAW

7

31. Defendants have also requested injunctive relief seeking to prevent litigation relating to the agreements and the collateral from taking place anywhere but in Hidalgo County, Texas. Defendants seek affirmative relief against CFS:

    i. Restraining CFS from enforcing or attempting to enforce the terms of the Security Agreement, including but not limited to, communicating to any third parties that Leibowitz is in default of the Security Agreement and/or instructing third persons/parties to pay any monies over to CFS;

    ii. Restraining CFS from instituting and/or maintaining an action in any court other than the 370th Judicial Court of Hidalgo County, Texas to enforce the terms of the Security Agreement and/or claiming an interest in the proceeds of any of Leibowitz's cases;

    iii. Restraining CFS from pursuing any claim for recovery under the Security Agreement in any Court other than the 370th Judicial Court of Hidalgo County, Texas;

    iv. Restraining CFS from attempting to levy, execute, or otherwise attempt to collect on the Judgment issues in cause no. 2008-10002, in the Supreme Court of State of New York, New York in and for the County of Erie, style *Counsel Financial Services, LLC v. David McQuade Leibowitz, P.C. et al.* on November 25, 2008 unless and until:

        a. the Default Judgment has been formally domesticated by an order of a Texas Court of competent jurisdiction, and all appeals relating thereto have been fully and finally exhausted, and/or not otherwise superceded (*sic*) pursuant to the Texas Uniform Enforcement of Foreign Judgments Act, by this Court or otherwise; and/or

        b. all just and lawful recoupments and offsets which Leibowitz has to the amounts alleged to be owed under the Default Judgment have been finally determined by this Court.

Exhibit G, Defendants' Answer and Claims, pp. 8-9.

32. All of Defendants' claims in Texas are subject to the forum selection clauses of the loan documents and may be litigated, if at all, solely in a state or federal court located in Erie County.

33. To date, CFS has incurred substantial costs, including attorneys fees, presently in excess of $190,000, as a result of Defendants' improper litigation in Texas. Said amounts are now due and owing to CFS pursuant to, *inter alia*, Security Agreement §§ 7(a),(b).

### COUNT I: BREACH OF CONTRACT BY THE LEIBOWITZ LAW FIRM

34. CFS hereby realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35. The Leibowitz Law Firm has breached the Note and Security Agreement by failing to repay amounts owed to CFS.

36. The Leibowitz Law Firm has further breached the Note and Security Agreement by improperly litigating issues related thereto in Texas state and federal court despite a forum selection cause which mandates that all claims relating to the Security Agreement, the Note, and the Guaranty be brought in New York state and federal courts in Erie County and in no other.

37. As a result of the Leibowitz Law Firm's breach, CFS has sustained damages. These damages include costs, including attorneys fees, associated with the Liebowitz Firm's improper litigation in Texas.

38. CFS is entitled to recover damages in an amount to be proven at trial, believed to exceed $190,000, against the Leibowitz Law Firm for breach of contract.

39. CFS is entitled to a declaration that any claim arising out of or related to the Security Agreement, the Note, or the Guaranty be brought in Erie County.

### COUNT II: BREACH OF CONTRACT BY DAVID LEIBOWITZ

40. CFS hereby realleges and incorporates by reference Paragraphs 1 through 39 as if fully set forth herein.

41. Mr. Leibowitz has breached the Guaranty by failing to repay amounts owed by the Leibowitz Law Firm to CFS, personally guaranteed by Mr. Leibowitz.

42. Mr. Leibowitz has further breached the Guaranty by improperly litigating issues related thereto in Texas state and federal court despite a forum selection cause which mandates that all claims relating to the Security Agreement, the Note, and the Guaranty be brought in New York state and federal courts in Erie County and in no other.

43. As a result of Mr. Leibowitz's breach, CFS has sustained damages. These damages include costs, including attorneys fees, associated with Mr. Liebowitz's improper litigation in Texas.

44. CFS is entitled to recover damages in an amount to be proven at trial, believed to exceed $190,000, against Mr. Leibowitz for breach of contract.

45. CFS is entitled to a declaration that any claim arising out of or related to the Security Agreement, the Note, or the Guaranty be brought in Erie County.

## COUNT III: INDEMNITY

46. CFS hereby realleges and incorporates by reference Paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to the Security Agreement, the Note, and the Guaranty, Defendants agreed to indemnify CFS for costs, including attorneys fees, arising out of CFS's collection of amounts owed by Defendants, including pursuit of Collateral.

48. As a result of Defendants' improper litigation in Texas, in violation of forum selection clauses contained in the Security Agreement, the Note, and the Guaranty, CFS has incurred substantial damages and costs, which presently exceed $190,000.

49. CFS is entitled to be indemnified by Defendants for these damages and costs.

HARRIS BEACH
ATTORNEYS AT LAW

10

## COUNT IV: INJUNCTIVE RELIEF

50. CFS hereby realleges and incorporates by reference Paragraphs 1 through 49 as if fully set forth herein.

51. Defendants' attempt to litigate issues relating to the Security Agreement, the Note, and the Guaranty in state and federal court in Texas violates the forum selection clause contained in those agreements.

52. Defendants' conduct constitutes an ongoing breach of those agreements, resulting in ongoing harm to CFS.

53. CFS is entitled to preliminary and permanent injunctive relief enjoining Defendants from further litigating claims or defenses relating to or arising out of the Security Agreement, the Note, and the Guaranty in Texas.

## REQUEST FOR RELIEF

Plaintiff CFS requests judgment in its favor against Defendants David McQuade Leibowitz and David McQuade Leibowitz, P.C., jointly and severally, incorporating the following relief:

A. Compensatory damages in an amount to be determined at trial, including, without limitation, reasonable attorneys' fees and costs expended by CFS in pursuing collection of amounts owed and in defending Defendants' improperly-venued Texas litigation.

B. Indemnification for all losses incurred by CFS in enforcing the Security Agreement, the Note and the Guaranty, including all reasonable costs and expenses.

C. A declaration that any claim arising out of or related to the Security Agreement, the Note, or the Guaranty be brought in Erie County.

HARRIS BEACH
ATTORNEYS AT LAW

11

D.  Preliminary and permanent injunctions pursuant to this Court's authority under 28 U.S.C. § 1651 enjoining the Texas litigation.

E.  Such other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

Dated: November 25, 2009
Buffalo, New York

HARRIS, BEACH PLLC

Terrance P. Flynn, Esq.
Dave J. Edwards, Esq.
James P. Nonkes, Esq.
Kimberly A. Colaiacovo, Esq.
*Attorneys for Counsel Financial Services, LLC*
726 Exchange Street, Suite 1000
Buffalo, NY 14210
(716) 200-5050
tflynn@harrisbeach.com
dedwards@harrisbeach.com
jnonkes@harrisbeach.com
kcolaiacovo@harrisbeach.com

244381 1283117.1