# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia 23285-5031 | Richmond, Virginia 23219-4209 |

November 30, 2009

**By U.S. Mail**

Safdar N. Lilak
1033 Kittredge Way
Aurora, CO 80017

Re: **Claims Administrator Post-Appeal Notice of Points Award**
    **Vioxx Claim Number (VCN): 1113035**

Dear Claimant:

Enclosed you will find a Claims Administrator Post-Appeal Notice of Points Award for your Vioxx claim, which is in response to your appeal of certain factors in your Notice of Points Award under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Claims Administrator conducted a *de novo* review of your claim and assessed the Point Value that appears on the Post-Appeal Notice of Points Award and on the Response to Post-Appeal Notice of Points Award. The Post-Appeal Notice of Points Award supersedes the Notice of Points Award you previously received. The Post-Appeal Notice of Points Award is for your records and does not need to be returned to the Claims Administrator; the Response to Post-Appeal Notice of Points Award is for your use in responding to the options that are now available to you.

Use the enclosed Response to Post-Appeal Notice of Points Award to select one of the following options related to your Post-Appeal Notice of Points Award. Sign, date and return your completed response form to the Claims Administrator by the Deadline for Submitting an Appeal to the Special Master that appears at the top of the Notice and at the top of the response form. If you do not return your Response to Post-Appeal Notice of Points Award by the Deadline, your Post-Appeal Notice of Points Award determination will be deemed accepted, final and binding and your claim will be placed in line for payment. The Notice and Response form provide important details related to these options.

1. **Accept the Post-Appeal Notice of Points Award. Note:** If the Post-Appeal Notice of Points determination provides all of the relief requested in your appeal, your entire claim has been deemed accepted and placed in line for payment, subject to the provisions of Article 10.

2. **Accept the Post-Appeal Notice of Points Award but object to the Governmental Lien Resolution Amount.**

3.     **Appeal the Post-Appeal Notice of Points Award.** You may appeal only those factors from your original appeal that are not given relief in the Post-Appeal Notice of Points Award determination, or any new Risk Factors or Adjustments that were not part of your original Notice of Points Award. List the factors you wish to appeal in the chart provided on the Response to Post-Appeal Notice of Points Award form. **Note: If the Post-Appeal Notice of Points determination provides all of the relief requested in your appeal, your entire claim has been deemed accepted and placed in line for payment, subject to the provisions of Article 10, and you may not appeal the Post-Appeal Notice of Points Award.**

If you have any questions, you may contact the Claims Administrator's Pro Se Coordinator, Diann Bates, at the above mailing address, toll free at (866) 866-1729, by direct dial at (804) 521-7220, by email at dbates@browngreer.com, or by facsimile at (804)521-7299. You may also contact the Pro Se Curator, Robert M. Johnston, at (504) 561-7799 or by email at ijr@ahhelaw.com. By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.

Sincerely,

*Diann W. Bates*

Diann Bates
Pro Se Coordinator

Enclosures

#365990
11/30/09

2

*Confidential Information*

| V2046B | POST-APPEAL NOTICE OF POINTS AWARD<br>Date of Notice: 11/30/09<br>Deadline for the Submitting Appeal to Special Master: 12/5/09 | | | | |
|---|---|---|---|---|---|
| **I. IDENTIFYING INFORMATION** | | | | | |
| **Claimant Name** | Lilak, Safdar N. | | **Social Security Number** | | 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 |
| **Law Firm** | Pro Se | | | | |
| **VCN Number** | 1113035 | **Enrollment Status** | Enrolled | **First Confirmed Vioxx Use** | 10/21/02 |

## II. TOTAL POINTS CALCULATION

### A. BASIS POINTS

| | | | | |
|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type: IS | Injury Level: 5 | Date of Event: 6/19/04 |
| 2. | Age at Event | 50 to 54 years | | |
| 3. | Overall Duration of Vioxx Use | 6-18M | | |
| 4. | **Basis Points** | | | 91.15 |

### B. LABEL AND CONSISTENCY ADJUSTMENTS

| | | | | |
|---|---|---|---|---|
| 5. | Label | | -15 % | |
| 6. | Consistency | | -30 % | |
| 7. | **Adjustment Total %** | | -45 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 50.13 |

### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | - 10 % | 45.12 |
| 10. | Diabetes | Controlled | - 20 % | 36.10 |
| 11. | Family History | Unambiguous | - 25 % | 27.07 |
| 12. | **TOTAL POINTS** | | | 27.07 |

### III. POINTS AWARD DETERMINATION

This Post-Appeal Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has issued this Post-Appeal Notice of Points Award in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Claims Administrator conducted a *de novo* review of your claim and assessed the Point value above. This determination supersedes that which you previously appealed.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Post-Appeal Notice of Points Award, select the "Accept Points Award" button. Acceptance of this determination will end your appeal and place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment.

## V. APPEAL

This determination takes the place of the Points Award you previously appealed. If this determination provides all the relief requested in your appeal, your entire claim will be deemed accepted and placed in line for payment, subject to the provisions of Article 10. If it grants some but not all of the relief you requested, any issue on which there is agreement will be considered resolved and deemed accepted. For any issue on which there is disagreement you will receive an explanation of the Claims Administrator's decision which you can view on the secure web-portal. After reviewing the Claims Administrator's explanation as to each issue you appealed, you may choose whether to appeal any issues directly to the Special Master or to withdraw any or all issues. If you withdraw all issues on appeal, your claim will be placed in line for payment, subject to the provisions of Article 10. If you choose to submit your appeal to the Special Master, you do not need to provide additional explanation for each issue you appealed. Your original comments on appeal and the Claims Administrator's explanation will be forwarded to the Special Master for consideration, along with your entire claims submission. **To submit your appeal to the Special Master, you must select that option within 5 days of the posting of this Notice, or the Post-Appeal Notice of Points Award will be deemed accepted. This deadline cannot be extended.** If the Claims Administrator assessed a Standard Deduction because you were unable to provide all of the records required by Section 1.3 of the Settlement Agreement, you may not appeal the application or methodology of that Standard Deduction. You may still appeal the Injury Level, Age, Overall Duration, Label Adjustment, and/or Consistency Adjustment assessed by the Claims Administrator. Please keep in mind that if you successfully appeal the Injury Level and/or age and the Standard Deduction has been assessed, the amount of the Standard Deduction will change based on the new Injury Level and/or age. If you were unable to provide all of the records required by Section 1.3 but the Claims Administrator assessed your risk factors because they were higher than the Standard Deduction would have been, you may appeal those specific risk factors. However, if you are successful on appeal of one or more risk factors, the claim may then be subject to the Standard Deduction. You may not appeal the 10% or 30% Downward Adjustment applied to your claim. Any new materials not previously provided with the original appeal will not be considered by the Special Master.

If this determination assesses for the first time a risk factor or applies an adjustment that is different from your original Points Award determination, you may appeal that aspect of this Post-Appeal Notice of Points Award. To appeal a new finding by the Claims Administrator, select the "Appeal" button and submit comments on the secure web-portal as you did when noting your original appeal. The process will then repeat itself as to the new issue. Any appeal to the Special Master on the original Notice of Points Award will be held until you decide whether to appeal the new issue to avoid piecemeal submissions to the Special Master.

Upon receipt of an appeal, the Special Master will conduct a *de novo* review of your claim, which may decrease its value if additional factors are uncovered. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master will notify the Claims Administrator of its determination, and the Claims Administrator will promptly following receipt of such notice notify counsel (or the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

*Confidential Information*

## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling Claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

### A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS

| | | |
|---|---|---|
| 1. | State Medicaid Participant | No |
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | Yes |
| 4. | Global Medicare Resolution Category and Amount | **Resolution Category 2** <br> **$564.53** |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

**Identification of Participants in Government Healthcare Programs.**

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program.* **It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A** *Obligations to Government Healthcare Programs* **is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

*Confidential Information*

## VIII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC Claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the Claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

| v2046B RESPONSE | RESPONSE TO POST-APPEAL NOTICE OF POINTS AWARD FOR UNREPRESENTED CLAIMANTS<br>Date of Notice: 11/30/09<br>Deadline for Submitting an Appeal to Special Master: 12/5/09 | | | | |
|---|---|---|---|---|---|
| I. IDENTIFYING INFORMATION ||||||
| **Claimant Name** | Safdar N. Lilak | | **Social Security Number** | | 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 |
| **VCN Number** | 1113035 | **Enrollment Status** | Enrolled | **First Confirmed Vioxx Use** | 10/21/02 |

## II. POST-APPEAL POINTS AWARD DETERMINATION

The Post-Appeal Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has issued the Post-Appeal Notice of Points Award in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Claims Administrator conducted a *de novo* review of your claim and assessed the Point Value that appears below and on you Post-Appeal Notice of Points Award. The Post-Appeal Notice of Points Award supersedes the Notice of Points Award you previously received.

Your Total Points Award of **27.07** is listed in Section II of the enclosed Post-Appeal Notice of Points Award. You have the following options for responding to your Notice of Points Award:

1. You may accept the Post-Appeal Notice of Points Award. **Note: If this determination provides all the relief requested in your appeal, your entire claim has been deemed accepted and placed in line for payment, subject to the provisions of Article 10, and you may not appeal this Post-Appeal Notice of Points Award.**
2. You may accept your Post-Appeal Notice of Points Award, but object to the Governmental Lien Resolution amount assessed in Section VII.A. of the enclosed Post-Appeal Notice of Points Award, or
3. You may appeal your Post-Appeal Notice of Points Award. You may appeal only on those items from your original appeal on which relief was not provided

**Important Note: If you fail to appeal your Post-Appeal Notice of Points Award by 12/5/09, the Post-Appeal Notice of Points Award will be deemed accepted, final and binding.** Indicate your Response to the Notice of Points Award by (1) checking **one** of the boxes in Section III below, (2) signing the Response in Section IV, and (3) returning the Response to Post-Appeal Notice of Points Award to the Claims Administrator by 12/5/09 to the address listed in Section IV of this Response.

## III. REQUIRED RESPONSE TO POST-APPEAL NOTICE OF POINTS AWARD FOR UNREPRESENTED CLAIMANTS

You must select one of the following options related to your Post-Appeal Notice of Points Award and return your Response to Post-Appeal Notice of Points Award to the Claims Administrator by no later than 12/5/09. After you select an option, complete any additional information required in that section before you return the Response. If you do not return your Response to Notice of Points Award by 12/5/09 your Notice of Points Award determination will be deemed accepted, final and binding and your claim will be placed in line for payment.

| 1. | ☐ **I ACCEPT THE POST-APPEAL NOTICE OF POINTS AWARD.** |
|---|---|
| | Acceptance of this Post-Appeal Points Award will end your appeal and place this claim in line for payment (see Section VIII of the Post-Appeal Notice of Points Award), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. Your Acceptance of the Notice of Points Award shall be final and binding. |

2.  ☐ I ACCEPT THE POST-APPEAL NOTICE OF POINTS AWARD BUT OBJECT TO THE GOVERNMENTAL LIEN RESOLUTION AMOUNT.

3.  ☐ I APPEAL THE POST-APPEAL NOTICE OF POINTS AWARD AND HAVE LISTED THE FACTORS I WISH TO APPEAL IN THE CHART BELOW. I ACKNOWLEDGE THAT I MAY ONLY APPEAL THOSE FACTORS FROM MY ORIGINAL APPEAL THAT ARE NOT GIVEN RELIEF IN THIS NOTICE, OR ANY NEW RISK FACTORS OR ADJUSTMENTS THAT WERE NOT PART OF MY ORIGINAL NOTICE OF POINTS AWARD.

This determination takes the place of the Points Award you previously appealed. If this determination provides all the relief requested in your appeal, your entire claim will be deemed accepted and placed in line for payment, subject to the provision of Article 10. If it grants some but not all of the relief you requested, any issue on which there is disagreement you will receive and explanation of the Claims Administrator's decision as to each issue you appealed, you may choose whether to appeal any issued directly to the Special Master, you do not need to provide additional explanation for each issued you appealed. Your original comments on appeal and the Claims Administrator's explanation will be forwarded to the Special Master for consideration, along with your entire claims submission. **To submit your appeal to the Special Master, you must select that option within 5 days of the Date of Notice that appears at the top of the Post-Appeal Notice of Points Award. Any new materials not previously provided with the original appeal will not be considered by the Special Master.**

If this determination assesses for the first time a risk factor or applies an adjustment that is different from your original Points Award determination, you may appeal that aspect of this Post-Appeal Notice of Points Award. To appeal a new finding by the Claims Administrator, check the Appeal option above and submit your comments on this form as you did on the original appeal. The process will then repeat itself as to the new issue. Any appeal to the Special Master on the original Notice of Points Award will be held until you decide whether to appeal the new issue to avoid piecemeal submissions of the Special Master.

Upon receipt of an appeal, the Special Master will conduct a *de novo* review of your claim, which may decrease its value if additional factors are uncovered. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master will notify the Claims Administrator of its determination, and the Claims Administrator will promptly following receipt of such notice, notify the claimant, Merck and the NPC of the Special Master's determination.

**Note: If you are appealing the Post-Appeal Notice of Points Award to the Special Master, you must appeal by 12/5/09. If you fail to Appeal by 12/5/09, the Post-Appeal Notice of Points Award will be deemed accepted, final, and binding.**

<u>**You may only appeal those factors from your original appeal on which no relief is provided in this Post-Appeal Notice of Points Award and/or any new risk factor or adjustment that is different from your original appeal**</u>**. If you do appeal any of the factors of this Post-Appeal Notice of Points Award, you must designate the issues you are appealing by listing the specific factor(s) you wish to appeal in the chart below. If you are appealing new risk factors or adjustments, you must provide comments to support each factor you select, stating specifically why you disagree with the Claims Administrator's findings and by giving information about which medical record(s) support your position. If you are appealing a risk factor that was part of your original appeal, but that was not given relief in this Post-Appeal Notice, you need only specify the factor you are appealing.**

For example, if you appealed the risk factor of hypertension and the assessment of that appealed risk factor is unchanged in this Notice, you may appeal that factor to the Special Master. The comments you provided related to this factor on your original appeal will be provided to the Special Master, you

| | do not have to provide new information. Alternatively, if you were not previously assessed the risk factor for hypertension, but are in this Post-Appeal Notice of Points Award, you may appeal that new risk factor and provide a comment explaining why you disagree with the determination. | | | |
|---|---|---|---|---|
| | **RESULTS OF YOUR APPEAL** | | | |
| | **FACTORS YOU APPEALED** | **YOUR COMMENTS/APPEAL** | **CLAIMS ADMINISTRATOR'S RESPONSE** | **APPEAL TO SPECIAL MASTER YES/NO** |
| | **INJURY LEVEL** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | According to Exhibit 3.2.1 with regard to IS Injury Levels, to qualify as requiring assistance in the performance of a Basic Activities of Daily Living (BADL) or Instrumental Activities of Daily Living (IADL), the claimant must require assistance for at least 6 months following the date of the Eligible Event.<br><br>A letter from Dr. Donald J. Schneider dated August 11, 2009, states, "He is on total disability from Social Security since 10-2002." No records from the time of the Eligible Event were provided. Due to disability prior to the date of the Eligible Event and lack of Event records, the Claims Administrator is unable to determine whether assistance was required in relation to the Eligible Event.<br><br>According to the terms of the Settlement Agreement, because medical records do not indicate impaired ADLs as a result of the Eligible Event, the Claims Administrator correctly assessed the claim at Injury Level 5. | |
| | **AGE AT EVENT** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Exhibit 3.2.1. of the Settlement Agreement states that the claimant will be assigned an initial number of Basis Points which are set on a grid with variables that include age at the time of the Eligible Event.<br><br>According to the Profile Form and medical records, the claimant was born on April 12, 1952 and would have turned 52 on April 12, 2004. The Eligible Event occurred on June 19, 2004, and therefore, the claimant would have been 52 years old at the time of the Event.<br><br>Because the Claims Administrator has determined the claimant was age 52 at the time of the Eligible Event, the 50 to 54 year old age variable will apply. | |

| | | | |
|---|---|---|---|
| | **OVERALL DURATION** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | In explaining the Minimum Duration requirements under the Duration Gate Criteria, Exhibit 2.2.1.2 provides that qualifying Vioxx pills must have been dispensed prior to the date of the claimant's Eligible Event. Sections 1.A(1)(a) and (b) of Exhibit 3.2.1 state that if a claimant "is dispensed a number of pills at a time that exceeds the number of days remaining until the Eligible Event, the number of pills from that last filled prescription shall be prorated for the purposes of calculating Overall Duration at one pill per day." Prescriptions filled after the date of the Eligible Event do not count towards the Overall Duration.<br><br>The Eligible Event occurred on June 19, 2004. The pharmacy records state that the claimant filled a Vioxx prescription on October 21, 2002. Medical records dated November 21, 2002, December 19, 2002, January 18, 2003, February 18, 2003, March 24, 2003, August 5, 2003 and October 20, 2003, provide sufficient information for the Claims Administrator to determine that the claimant was taking Vioxx on those dates.<br><br>Based on the prescription and medical records submitted, the claimant was correctly credited with a total of 240 pills used before the date of the Eligible Event. According to the terms of the Settlement Agreement, the Overall Duration applied to this claim is 6 to 18 months. | |
| | **LABEL ADJUSTMENT** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Section B.1.(c) of Exhibit 3.2.1 of the Settlement Agreement states that if Vioxx use (determined in accordance with Exhibit 2.2.2 to the Settlement Agreement) commenced after April 13, 2002 and the Eligible Event occurred after April 13, 2002, then there is a downward adjustment of 15%.<br><br>The Eligible Event occurred on June 19, 2004. The first date of Vioxx use was October 21, 2002.<br><br>Because the Eligible Event date was after April 13, 2002 and the first use of Vioxx was after to April 13, 2002, the claim was correctly given a 15% downward Label Adjustment. | |

| | | | | |
|---|---|---|---|---|
| | **CONSISTENCY ADJUSTMENT** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Section B.2.(b) of Exhibit 3.2.1 of the Settlement Agreement states that if the Consistency of Use is less than 50%, the Claims Administrator must apply a 30% downward Consistency Adjustment, regardless of Overall Duration. The Consistency of Use is calculated by analyzing the claimant's frequency of Vioxx use during the Review Period, which is defined as the 12-month period preceding the Eligible Event. Prescriptions filled close in time to the Eligible Event are prorated if the number of pills exceeds the number of days remaining before the Eligible Event. | |
| | **HIGH CHOLESTEROL** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Section E.1. of Exhibit 3.2.1 states that Cholesterol may be assessed as a risk factor by any history of or diagnosis of hypercholesterolemia within 3 years prior to the Eligible Event, at the time of the Eligible Event or within 2 weeks after the Eligible Event; or the presence of statin (or other cholesterol-lowering medication) in medical records or pharmacy records within 3 years prior to, at the time of (including if the medication is initiated as a treatment during or at discharge from the Eligible Event) or within two weeks after the Eligible Event.<br><br>Kroger pharmacy records show that a prescription was filled for Lipitor 10 mg on October 18, 2002.<br><br>Because the records submitted indicate that the claimant used cholesterol-lowering medication prior to the Eligible Event, the Settlement Agreement requires assessment of the Cholesterol risk factor. | |
| | **DIABETES** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Section E.1 of Exhibit 3.2.1 of the Settlement Agreement provides that the Diabetes risk factor may be assessed by any history of or diagnosis of diabetes within 3 years prior to the Eligible Event, at the time of the Eligible Event or within 2 weeks after the Eligible Event; or presence diabetic medication in medical records or pharmacy records within 3 years prior to, at the time of (including if the medication is initiated as a treatment during or at discharge from the Eligible Event) or within two weeks after the Eligible Event.<br><br>An office visit to Rocky Mountain Medical dated April 30, 2003, states, "Safdar does have a history of diet controlled diabetes." Kroger pharmacy records show that a prescription for Glucotrol XL was filled on October 18, 2002.<br><br>Because the claimant had a diagnosis of diabetes and used diabetic medication prior to the Eligible Event, the Settlement Agreement requires assessment of the Diabetes risk factor. | |

| | | | |
|---|---|---|---|
| | **FAMILY HISTOY** | Claimant is appealing Injury Type, Overall Duration of Vioxx Use, Date of Birth (current age), Injury Level, Label, Consistency, Family History, High Cholesterol, and Diabetes. | Section E.1. of Exhibit 3.2.1 provides that the risk factor for Unambiguous Family History applies to claimants whose records note a first degree relative (sibling or parent) with early-onset stroke. Early onset for male relatives is defined as 55 years of age or less and female at 65 years of age or less.<br><br>The Profile Form states that the claimant's mother died at age 61 due to, "stroke left side of body."<br><br>Because the records submitted contain an explicit reference to early-onset stroke suffered by the claimant's mother at age 61, the Settlement Agreement requires assessment of the risk factor for Unambiguous Family History. | |

### III. REQUIRED ACTIONS

Complete and return this signed response to the Claims Administrator at one of the following addresses:

*Delivery Address:*
Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209

*Mailing Address:*
Claims Administrator
P.O. Box 85031
Richmond, Virginia 23285-5031

If you have any questions, contact the Claims Administrator's Pro Se Coordinator, Diann Bates, at the above mailing address, toll free at (866)866-1729, by direct dial at (804)521-7220, by email at dbates@browngreer.com or by facsimile at (804)521-7299. You may also contact the Pro Se Curator, Robert M. Johnston, at (504)561-7799 or by email at ijr@ahhelaw.com. By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.

**Claimant Signature:** _____    **Date:**    /    /