# Vioxx Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia 23285-5031 | Richmond, Virginia 23219-4209 |

December 17, 2009

**By U.S. Mail**

Safdar N. Lilak
1033 Kittredge Way
Aurora, CO 80017

    Re:    **Notice of Special Master Points Determination**
             **Vioxx Claim Number (VCN): 1113035**

Dear Mr. Lilak:

      The Claims Administrator has issued the attached Notice of Special Master Points Determination in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Special Master conducted a *de novo* review of your claim and assessed the Point value. The attached determination supersedes any determination you previously received from the Claims Administrator.

      The Notice of Special Master Points Determination is final, binding and not subject to further appeal. You do not need to accept this Special Master's Determination to receive payment. It has been Deemed Accepted by the Claims Administrator, which will place it in line for payment, assuming it satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment.

      Please be sure to read all of the Special Master Points Determination, which includes additional information regarding Obligations to Government Healthcare Programs and the Government Lien/Claim Resolution Procedures.

      If you have any questions, you may contact me at the above mailing address, toll free at (866) 866-1729, by direct dial at (804) 521-7220, by email at dbates@browngreer.com, or by facsimile at (804)521-7299. You may also contact the Pro Se Curator, Robert M. Johnston, at

(504) 561-7799 or by email at ijr@ahhelaw.com. By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.

                                                          Sincerely,

                                                          *Diann W. Bates*

                                                          Diann Bates
                                                          Pro Se Coordinator

Enclosure

*Confidential Information*

| V2046C | NOTICE OF SPECIAL MASTER POINTS DETERMINATION<br>Date of Notice: 12/17/09 |
|---|---|

### I. IDENTIFYING INFORMATION

| **Claimant Name** | Lilak, Safdar N. | | **Social Security Number** | 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 |
|---|---|---|---|---|
| **Law Firm** | Pro Se | | | |
| **VCN Number** | 1113035 | **Enrollment Status** | Enrolled | **First Confirmed Vioxx Use** | 10/21/02 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| | | | | |
|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type: IS | Injury Level: 5 | Date of Event: 6/19/04 |
| 2. | Age at Event | 50 to 54 years | | |
| 3. | Overall Duration of Vioxx Use | 6-18M | | |
| 4. | **Basis Points** | | | 91.15 |

#### B. LABEL AND CONSISTENCY ADJUSTMENTS

| | | | | |
|---|---|---|---|---|
| 5. | Label | | -15 % | |
| 6. | Consistency | | -30 % | |
| 7. | **Adjustment Total %** | | -45 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 50.13 |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | -10 % | 45.12 |
| 10. | Diabetes | Controlled | -20 % | 36.10 |
| 11. | Family History | Unambiguous | -25 % | 27.07 |
| 12. | **TOTAL POINTS** | | | 27.07 |

### III. POINTS AWARD DETERMINATION

This Notice of Special Master Points Determination is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has issued this Notice of Special Master Points Determination in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Special Master conducted a *de novo* review of your claim and assessed the Point value above. This determination supersedes any determination you previously received from the Claims Administrator.

### IV. FINALITY OF SPECIAL MASTER'S DETERMINATION

This Notice of Special Master Points Determination is final, binding and not subject to further appeal by the claimant. You do not need to accept this Special Master's Determination to receive payment. The Claims Administrator will place this claim in line for payment (see Section VII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment.

## V. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

## VI. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling Claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

| A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS ||
|---|---|---|
| 1. | State Medicaid Participant | No |
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | Yes |
| 4. | Global Medicare Resolution Category and Amount | Resolution Category 2 $564.53 |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |
| B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES ||
| **Identification of Participants in Government Healthcare Programs.** ||

If "No" is displayed in any of Rows 1, 3 or 5 of Section VI.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VI.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare

*Confidential Information*

programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*. **It is imperative that all claimants and counsel review the information above in Section VI. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877) 774-1130 immediately if the information in Section VI.A** *Obligations to Government Healthcare Programs* **is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

## VII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC claimants will receive a 40% Interim Payment, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VI) is not responsible for resolving private liens, which remain the responsibility of the Claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.