# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:
P.O. Box 85031
Richmond, Virginia 23285-5031

Delivery Address:
115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

July 7, 2010

## *By U.S. and Electronic Mail*

Safdar Lilak
1033 Kittredge Way
Aurora, CO 80017

### Re:     Status of Your Vioxx Claim
Vioxx Claim Number (VCN): 1113035

Dear Mr. Lilak,

This letter is in response to your email to the Vioxx Claims Administrator and Diann Bates on July 2, 2010. In that communication, and other recent communications you have had with Diann Bates, you asked for information about your Extraordinary Injury Claim, which has been denied by the Claims Administrator and the Special Master. The purpose of this letter is to explain the reasons why your claim was denied and the procedural steps taken in evaluating that claim.

The distribution of all Extraordinary Injury Benefits is controlled by Section 4.2 of the Settlement Agreement. Section 4.2.7 instructs the Claims Administrator to make all determinations regarding a claimant's eligibility for Extraordinary Injury Benefits. To clarify the rules of the Extraordinary Injury Program, the Claims Administrator created the Review Criteria Manual, a document which lays out in great detail the requirements associated with each type of Extraordinary Injury claim. Both the Settlement Agreement and the Review Criteria Manual are available on the Vioxx Settlement website, at: http://www.browngreer.com/vioxxsettlement.

You frequently have cited the Federal Rules of Civil Procedure in your communications regarding the handling of your claim. These rules apply to litigation and do not apply to the Settlement Program, which is guided and bound by the Court-approved Vioxx Settlement Agreement. By signing and submitting a Release of All Claims, you agreed to pursue your Vioxx claim in the Vioxx Settlement Program, and not to pursue your case through litigation in the Court System.

You submitted an Extraordinary Injury Claim Form on 9/1/09 requesting compensation for Past Out-of-Pocket Medical Expenses, Past Lost Wages/Income, Special Medical Injury, and Additional Extraordinary Damages. The Claims Administrator's evaluation of these claims was

addressed in a Notice of EI Assessment (V2096) dated 3/31/10 and a Notice of Second Review EI Assessment (V2097) dated 4/26/10. Copies of these communications are included with this letter. These notices provide an explanation of the reasons why your Extraordinary Injury Claims were not eligible. To be eligible for an Extraordinary Injury Payment, a Claimant must have proven at least $250,000 in combined Past Medical Expenses and Past Lost Wages/Income or the existence of a qualifying Special Medical Injury. To substantiate such a claim, the Review Criteria Manual explained that a claimant was required to submit certain specific documents. You failed to submit these required documents, as explained in the notices you received, leading to the denial of your Extraordinary Injury claims.

After you received the Notice of Second Review EI Assessment, you submitted an appeal to the Special Master, which is permitted under Section VII(C) of the Review Criteria Manual. The Special Master reviewed all of the documentation you submitted to the Claims Administrator and entered a decision that affirmed the Claims Administrator's original review. The Claims Administrator sent you a Notice of Special Master EI Assessment (V2124) dated 6/7/10 as well as the Special Master's Ruling on Extraordinary Injury Appeal. These documents are enclosed for your review. Section VII(C)(6)(b) of the Review Criteria Manual states that the Notice of Special Master EI Assessment "shall be the Final EI Assessment for any Claimant subject to re-issuance of an EI Assessment as a result of an EI Appeal. Such Final EI Assessments shall not be subject to any further appeal." There is no requirement that the Special Master sign his findings for them to have effect. This means that the processing of your Extraordinary Injury claim is complete and that your claim will not be eligible for payment at any point in the future.

In any trial or in any Settlement Program, not everyone will succeed. Claims that do not present evidence meeting the settlement criteria will not receive compensation. While you may be disappointed that your EI Claim was not compensated, you should be assured that your claim and all of the supporting documentation you submitted was given very careful consideration, was reviewed multiple times by different levels of individuals, and was evaluated according to the same criteria that were applied to all claims.

Your Extraordinary Injury claim has completed all processes in the Vioxx Settlement Program, is closed, and cannot be reopened. It is too late to submit further documentation that you believe might support your EI Claim or change the outcome of that claim. Further documentation you might submit will not be processed or reviewed. Because the outcome of your claim cannot be changed, we will not communicate with you further regarding your case.

We hope that this letter has helped explain the process by which your claim was considered. Thank you.

Sincerely,

Vioxx Claims Administrator

Enclosures

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:                                    Delivery Address:
P.O. Box 85031                                      115 South 15th Street, Suite 400
Richmond, Virginia 23285-5031              Richmond, Virginia 23219-4209

June 7, 2010

*By U.S. Mail*

Safdar Lilak
1033 Kittredge Way
Aurora, CO 80017

### Re:     Notice of EI Appeal Assessment
### Vioxx Claim Number (VCN): 1113035

Dear Mr. Lilak:

In response to your Notice of Second Review EI Assessment, you submitted a timely EI
Appeal to the Special Master and the required $700 Appeal Fee, which is non-refundable and
non-transferrable. The Special Master has reviewed the materials submitted in support of your
EI Appeal and the enclosed Notice of EI Appeal Assessment tells you the results of that review,
as described in Section VII of the Review Criteria Manual for the Vioxx Extraordinary Injury
Program. For each type of EI Claim asserted, this Notice provides details on which claims were
or were not allowed for payment and any documents missing that affected the review.
Additionally, the Details of Request for Second Review (V4202) report shows your comments,
our findings, and the Special Master's findings on each issue you appealed. The attached
document titled "Special Master's Ruling on Extraordinary Injury Appeal" provides additional
details explaining the Special Master's determination on your appeal.

Pursuant to the terms of the Review Criteria Manual for the Vioxx Extraordinary Injury
Program, this Notice of EI Appeal Assessment is the Final EI Assessment for this claim. This EI
Assessment is not subject to further appeal, no further documentation may be submitted in
support of your EI Claim, and no response to this Notice is required or necessary.

If you have any questions, contact Diann Bates, the Pro Se Coordinator, by toll free telephone at (866) 866-1729 or by email at dbates@browngreer.com.

Sincerely,

Vioxx Claims Administrator

Enclosures

## SPECIAL MASTER'S RULING
## ON EXTRAORDINARY INJURY APPEAL

Re:     # 1113035 – Lilak, Safdar

Claimant sustained a qualifying IS on June 19, 2004. This claim was assigned to
IS Injury Level 5. Claimant now seeks additional compensation pursuant to the criteria
for Extraordinary Injury ("EI") Payment set out in the Review Criteria Manual.

The scope of Special Master's (SM's") review of EI appeals is set out in Section
VII(C) of the Review Criteria Manual. Specifically, SM's review consists of determining
whether the Claims Administrator ("CA") "abused its discretion in the application of the
EI Review Criteria." [Section VII(C)(5)(a)] It is not SM's role to apply his own criteria
nor to review the criteria already established by CA, but rather, his role is to determine
whether the criteria have been reasonably applied to the specific claim on appeal. [See
e.g., Section VII(C)(4)].

Regarding the claim for Past Medical Expenses, CA determined that the past
economic damages, both medicals and earnings, did not meet the $250,000 threshold
established in the Review Criteria Manual. Various medical expenses were denied
largely because Claimant failed to provide sufficient documentation and/or information to
enable CA to identify what individual specific expenses were being claimed and to
determine whether those expenses met the necessary criteria, including causation and
actual payment by the Claimant. SM finds that CA's determinations in this regard were
correct and in accord with the standards set out in the Review Criteria Manual.

Claimant also appeals both the Start Date and the End Date for assessment of the
Past Lost Wage / Income ("Past LWI") claim. CA used the date of Claimant's qualifying

IS (6/19/04) as the Start Date and the date of the Settlement Agreement (11/9/07) as the
End Date. Those dates are correct as per the terms outlined in the Review Criteria
Manual.

CA also denied Claimant's claim for Past LWI. That denial was largely based on
the failure to produce the required documentation as set out in the Review Criteria
Manual such that CA was unable to properly evaluate Claimant's Anticipated Earnings.
The pre-IS earnings documentation produced by Claimant was limited. It did not meet
the requirements of the Review Criteria Manual. CA was correct in its conclusion that
the submitted records did not adequately establish a Past LWI claim as per the
requirements of the EI program.

Because Claimant did not qualify for either Past Medical Expenses or Past LWI
benefits, the Review Criteria Manual provides that he likewise is ineligible for Additional
Extraordinary ("AED") damages.

Finally, CA denied Claimant's claim for Special Medical Injury ("SMI") on
grounds that the required documentation was not timely submitted. SM finds no error in
that result.

For all of the above reasons, Claimant's appeal is denied.

| | **EXTRAORDINARY INJURY CLAIM:** |
|---|---|
| **V2124** | **NOTICE OF EI APPEAL ASSESSMENT** |
| | **Date of Notice: 6/7/10** |

## I. CLAIMANT INFORMATION

| **Claimant Name** | Lilak, Safdar N. | **VCN** | 1113035 |
|---|---|---|---|
| **Primary Counsel** | Pro Se | | |
| **Primary Injury Type** | IS | | |

## II. NOTICE

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. After issuing a Notice of Second Review EI Assessment, the Claims Administrator received a timely EI Appeal to the Special Master. The Special Master has completed its review of the materials submitted in support of that EI Appeal. This Notice informs the Claimant of the results of that review, as described in Section VII of the Review Criteria Manual for the Vioxx Extraordinary Injury Program. There is greater detail on your Vioxx Portal about the Special Master's decision on each issue selected in your EI Appeal.

### A. ASSESSMENT

| | **Claim Type** | **Assessed Amount** |
|---|---|---|
| 1. | Past Medical Expenses | $0.00 |
| 2. | Past Lost Wages/Income | $0.00 |
| 3. | Additional Extraordinary Damages | $0.00 |
| 4. | Special Medical Injury | $0.00 |
| **5.** | **EI ASSESSMENT** | **$0.00** |

This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

For each type of EI Claim asserted, details are provided on the following pages concerning which claims did or did not qualify for payment and any related Deficiencies.

### B. FINALITY OF SPECIAL MASTER'S DETERMINATION

Pursuant to the terms of the Review Criteria Manual for the Vioxx Extraordinary Injury Program, this Notice of EI Appeal Assessment is the Final EI Assessment for this claim. This EI Assessment is not subject to further appeal.

### C. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

## D. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fees that come out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

## E. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.

| V2124 MED | EXTRAORDINARY INJURY CLAIM: NOTICE OF EI APPEAL ASSESSMENT (MEDICAL EXPENSES DETAILS) Date of Notice: 6/7/10 |
|---|---|

### A. PAST MEDICAL EXPENSES

#### A.1  Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Allowed Expenses |
|---|---|---|---|
| 1. | Federal Medicare Lien - Primary Injury | 6/19/04 - 6/19/04 | $564.53 |
| | **TOTAL PAST MEDICAL EXPENSES AMOUNT** | | $564.53 |
|  | PAST MEDICAL EXPENSES not Payable because Claimant has less than $250,000 in Specified Economic Damages. | | |
| | **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | | 2.707% |
| | **ASSESSED PAST MEDICAL EXPENSES AMOUNT** | | $0.00 |

#### A.2  Not Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Not Allowed Expenses |
|---|---|---|---|
| 1. | RMMC | 1/1/03 - 11/9/07 | $3,800.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 2. | Steadman Hawkin | 6/19/04 - 11/9/07 | $500.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 3. | Ranch View Family | 6/19/04 - 11/9/07 | $3,500.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 4. | Radiology Images | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 5. | Swedish NED Center | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 6. | Centrum Surgica | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 7. | Itemized Supplemental Provider List | 1/3/05 - 8/5/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA01: Missing Past Medical Expenses Documentation. | |

| | | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
|---|---|---|---|
| **8.** | Statements from State Farm Auto Insurance | 10/16/02 - 6/18/04 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA11: The claimed expense does not constitute a Medical Expense as defined in the Review Criteria Manual for the Vioxx Extraordinary Injury Program. | |
| | | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| | | MED-NA13: Documentation submitted shows that claimed expenses were paid by a third party. | |
| **9.** | Statements from State Farm Auto Insurance | 6/19/04 - 10/28/04 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA11: The claimed expense does not constitute a Medical Expense as defined in the Review Criteria Manual for the Vioxx Extraordinary Injury Program. | |
| | | MED-NA13: Documentation submitted shows that claimed expenses were paid by a third party. | |
| **10.** | Copies of Prescription Records | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA04: Missing documentation to show that Past Medical Expenses were paid by Claimant. | |
| | | MED-NA05: Missing current statement or invoice to show that Past Medical Expenses remain due but have not been paid by the Claimant or a third party. | |
| | | MED-NA10: Required Documentation has been redacted, is missing pages or is otherwise altered. | |
| **11.** | Active Care Physical Therapy | 9/29/02 - 12/2/02 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| **12.** | South Denver Cardiology Association | 12/12/05 - 6/14/06 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| **13.** | Copies of Prescription Records | 8/4/03 - 10/20/03 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| **TOTAL NOT ALLOWED PAST MEDICAL EXPENSES AMOUNT** | | | **$7,800.00** |

## B. ADDITIONAL EXTRAORDINARY DAMAGES – MEDICAL EXPENSES

**Not applicable because Claimant has less than $250,000 in Specified Economic Damages.**

### B.1 Allowed AED Medical Expenses

| Provider | Date(s) of Services | Allowed Expenses |
|---|---|---|
| 1. No Allowed Expenses | | |
| **TOTAL AED MEDICAL EXPENSES AMOUNT** | | **$0.00** |
| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | | **2.707%** |
| **ASSESSED AED MEDICAL EXPENSES AMOUNT** | | **$0.00** |

### B.2 Not Allowed AED Medical Expenses

| | Provider | Date(s) of Services | Not Allowed Expenses |
|---|---|---|---|
| 1. | South Denver Cardiology Association | 3/25/08 - 4/18/09 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA15: AED Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| **TOTAL NOT ALLOWED AED MEDICAL EXPENSES AMOUNT** | | | **$0.00** |

| V2124 LWI | EXTRAORDINARY INJURY CLAIM: NOTICE OF EI APPEAL ASSESSMENT (LOST WAGES/INCOME DETAILS) Date of Notice: 6/7/10 |
|---|---|

| A. PAST LOST WAGES/INCOME |||
|---|---|---|
| **LWI Past Measurement Period** | **Start Date** | 6/19/2004 (Date of Eligible Event) |
| | **End Date** | 11/9/2007 (Settlement Agreement Execution Date) |

### A.1 Anticipated Earnings Calculation

| | Source of Wages/Income | Annual Earnings |
|---|---|---|
| 1. | No Wages/Income | $0.00 |
| **TOTAL ANTICIPATED EARNINGS** | | **$0.00** |

### A.2 Past Lost Wages/Income Amount Calculation

| | Measurement Period | Source of Wages/Income | Anticipated Earnings | Post-Event Earnings | Net Loss (Anticipated - Post-Event ) |
|---|---|---|---|---|---|
| 1. | 6/19/04 - 12/31/04 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 2. | 2005 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 3. | 2006 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | Social Security Administration | | $21,426.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 4. | 1/1/07 - 11/9/07 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | Social Security Administration | | $18,980.66 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL PAST LOST WAGES/INCOME AMOUNT** | | | | | **$0.00** |

| PAST LOST WAGES/INCOME not Payable because Claimant has less than $250,000 in Specified Economic Damages. ||
|---|---|
| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | **2.707%** |
| **ASSESSED PAST LOST WAGES/INCOME AMOUNT** | **$0.00** |

### B.  ADDITIONAL EXTRAORDINARY DAMAGES – AED LOST WAGES/INCOME

Not applicable because Claimant has less than $250,000 in Specified Economic Damages.

### C.  LOST WAGES/INCOME DEFICIENCIES

LWI-D01: Missing US Form 1040 or Form 1040 EZ (including all Schedules and W-2 Forms for Claimant and any Joint Filer). [(2002 - 2007)]

LWI-D13: Missing Employee Pay Records (paycheck stubs). [(2002 - 2007)]

LWI-D14: Missing Employment Personnel File. [(2002 - 2007)]

LWI-D19: Disability Not Proven – Maximum Net Loss for Affected Year is set to 50% of Anticipated Earnings [(6/19/04 - 11/9/07)]

| | |
|---|---|
| **V2124**<br>**SMI** | **EXTRAORDINARY INJURY CLAIM: NOTICE OF EI APPEAL ASSESSMENT**<br>**(SPECIAL MEDICAL INJURY DETAILS)**<br>**Date of Notice: 6/7/10** |

The Claimant has failed to submit any timely Required Documentation for any Special Medical Injury. As a result, the Claimant's Special Medical Injury Claim is Denied and Closed without opportunity for appeal to the Special Master.

| V2124 SUMMARY | EXTRAORDINARY INJURY CLAIM: NOTICE OF EI APPEAL ASSESSMENT (SUMMARY) Date of Notice: 6/7/10 |
|---|---|

## A. SUMMARY OF EI ASSESSMENT

| RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000) | | 2.707% |
|---|---|---|

All determinations are subject to RPV Adjustment unless otherwise noted.

| | **Claim Type** | Amount / Tier Value | Assessed Amount |
|---|---|---|---|
| 1. | **Specified Economic Damages** (To qualify for Payment, Amount must be greater than or equal to $250,000) | $564.53 | $0.00 |
| 2. | Past Medical Expenses | $564.53 | $0.00 |
| 3. | Past Lost Wages/Income | $0.00 | $0.00 |
| 4. | **Additional Extraordinary Damages** | $0.00 | $0.00 |
| 5. | AED Medical Expenses | $0.00 | $0.00 |
| 6. | AED Lost Wages/Income (subject to RPV Adjustment and 50% Standard Discount) | $0.00 | $0.00 |
| 7. | **Special Medical Injury** | $0.00 | $0.00 |
| 8. | Special Medical Injury – Other than Third Eligible Event | $0.00 | $0.00 |
| 9. | Special Medical Injury – Third Eligible Event (not subject to RPV Adjustment) | $0.00 | $0.00 |
| 10. | **TOTAL (Sum of Rows 1, 4 and 7)** | **$564.53** | **$0.00** |

**NOTE:** This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

## B. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

## C. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fees that comes out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

## D. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:                          Delivery Address:
P.O. Box 85031                            115 South 15th Street, Suite 400
Richmond, Virginia  23285-5031            Richmond, Virginia  23219-4209

## WARNING:  DATED MATERIAL REQUIRING ACTION

April 26, 2010

*By U.S. Mail*

Safdar N. Lilak
1033 Kittredge Way
Aurora, CO  80017

**Re:     Notice of Second Review EI Assessment**
**Vioxx Claim Number (VCN):  1113035**

Dear Claimant:

You submitted a Request for Second Review of your Extraordinary Injury Claim in
response to your Notice of EI Assessment. We have reviewed the materials you submitted and
the enclosed Notice of Second Review EI Assessment tells you the results of our Second
Review.  For each type of EI Claim asserted, this Notice provides details on which claims were
or were not allowed for payment and any documents missing that affected the review.
Additionally, the Details of Request for Second Review (V4202) report shows your comments
from the Request for Second Review and explains our findings on each issue.

Use the enclosed Response to Extraordinary Injury Claim Notice of Second Review EI
Assessment for Unrepresented Claimants to tell us how you wish to proceed with your EI Claim.
If you agree with the Notice of Second Review EI Assessment, select the option "I Accept the
Notice of Second Review EI Assessment" in Section IV(A). When you choose this option, the
Notice of Second Review EI Assessment will become your Final EI Assessment.  If you
disagree with any parts of this Notice, you can appeal your assessment to the Special Master.
Select "I Do Not Accept the Notice of Second Review EI Assessment and Request Appeal to the
Special Master" in Section IV(A) to submit a Notice of EI Appeal.  If you do not submit a
response by the Response Deadline, your Notice of Second Review EI Assessment will be
deemed accepted, final and binding and shall become your Final EI Assessment.

**IMPORTANT: Any Claimant who selects the Appeal option *must* submit a $700 EI Appeal Fee to the Claims Administrator by a check made payable to BrownGreer PLC. The EI Appeal Fee will pay the costs of review by the Special Master. The EI Appeal Fee is non-refundable and not transferrable.**

If you select the Appeal option, complete and sign the enclosed Response to Extraordinary Injury Claim Notice of Second Review EI Assessment for Unrepresented Claimants and send it with a check for $700 made payable to BrownGreer PLC by the Response Deadline noted at the top of your Response to Extraordinary Injury Claim Notice of Second Review EI Assessment for Unrepresented Claimants. Your completed Response form and the Appeal Fee must be postmarked on or before the Response Deadline or it will be late and not accepted. Your name and your Vioxx Claim Number (VCN) must be printed on the check. After we have received and deposited the EI Appeal Fee, your EI Appeal will be submitted to the Special Master for consideration. If you want to appeal and do not submit your response and the EI Appeal Fee by the Response Deadline, the EI Appeal shall not proceed and the Second Review EI Assessment on the claim shall become the Final EI Assessment, which is not subject to appeal.

Claimants who choose to submit an appeal to the Special Master may submit a Statement of Issues on Appeal, but are not required to do so. You may record your Statement of Issues in Section IV(B) on your Response form or on a separate sheet of paper that you mail with your Response form and Appeal Fee. The comments you provided in your Second Review Request and the explanations of our findings will be forwarded to the Special Master for review, along with the EI Appeal Record and the EI Claims Package submission. Any materials not submitted to us before the date of this Notice will not be considered by the Special Master. On appeal, the Special Master cannot change any of the rules of the EI Program, but can determine whether we have applied those rules correctly. You cannot raise any new claims on appeal. You cannot submit any new medical records or economic loss documents that you have not submitted before now. During an appeal to the Special Master, your EI Assessment may increase, decrease, or remain the same as your Second Review EI Assessment. If you do not submit an appeal to the Special Master by the Response Deadline, your Notice of Second Review EI Assessment will be deemed accepted and shall become your Final EI Assessment.

If you have any questions, contact Diann Bates, the Pro Se Coordinator, by toll free telephone at (866) 866-1729 or by email at dbates@browngreer.com.

Sincerely,

Vioxx Claims Administrator

Enclosures

2

| V2097 | **EXTRAORDINARY INJURY CLAIM: NOTICE OF SECOND REVIEW EI ASSESSMENT**<br>**Date of Notice: 4/26/10**<br>**Response Deadline: 5/16/10** | | |
|---|---|---|---|

## I. CLAIMANT INFORMATION

| Claimant Name | Lilak, Safdar N. | **VCN** | 1113035 |
|---|---|---|---|
| **Primary Counsel** | Pro Se | | |
| **Primary Injury Type** | IS | | |

## II. NOTICE

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. After issuing a Notice of EI Assessment, the Claims Administrator received a timely Second Review Request. The Claims Administrator has completed its review of the materials submitted in support of that Second Review Request. This Notice informs the Claimant of the results of that review. There is greater detail on your Vioxx Portal about the Claims Administrator's decision on each issue selected in your Second Review Request.

### A. ASSESSMENT

| | Claim Type | Assessed Amount |
|---|---|---|
| 1. | Past Medical Expenses | $0.00 |
| 2. | Past Lost Wages/Income | $0.00 |
| 3. | Additional Extraordinary Damages | $0.00 |
| 4. | Special Medical Injury | $0.00 |
| 5. | **EI ASSESSMENT** | $0.00 |

This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other EI Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

For each type of EI Claim asserted, details are provided on the following pages concerning which EI Claim did or did not qualify for payment and any related Deficiencies.

### B. ACCEPTANCE OR APPEAL TO THE SPECIAL MASTER

If a Claimant agrees with the determinations in this Notice, the Claimant can select the option "Accept the Second Review EI Assessment" on the Vioxx Portal and this Notice will become the Claimant's Final EI Assessment. If the Claimant does not submit an appeal to the Special Master by the Response Deadline, the EI Assessment described in this Notice shall be deemed accepted by the Claimant and shall become the Claimant's Final EI Assessment.

If the Claimant disagrees with any of the determinations announced in this Notice, the Claimant can submit a Notice of EI Appeal by selecting that option on the Vioxx Portal on or before the Response Deadline set out above in this Notice. Unrepresented Claimants may submit a Notice of EI Appeal in hard copy using the form provided by the Claims Administrator. All claimants wishing to submit a Notice of EI Appeal must also submit a check for $700 made payable to BrownGreer, PLC and mailed to:

**Claims Administrator - EI Appeal**
**115 South 15th Street, Suite 400**
**Richmond, VA,  23219-4029**

This EI Appeal Fee must be postmarked or submitted to the Claims Administrator on or before the Response Deadline. The name of the Claimant seeking the EI Appeal and the Claimant's Vioxx Claim Number (VCN) must be printed on the check. After the Claims Administrator has received and deposited the EI Appeal Fee, the Claimant's EI Appeal will be submitted to the Special Master for consideration. The EI Appeal Fee is non-refundable and not transferrable. For additional information about the requirements for submitting the EI Appeal Fee, refer to the procedures described in the V3086 report entitled **Payment Instructions for EI Appeals to the Special Master**, available on the Vioxx Portal.

Claimants who choose to submit an appeal to the Special Master may submit a Statement of Issues on Appeal before the Response Deadline, but are not required to do so. The original comments provided in the Second Review Request and the Claims Administrator's explanation will be forwarded to the Special Master for review, along with the EI Appeal Record. Other materials not submitted to the Claims Administrator before the date of this Notice will not be considered by the Special Master. No new Claims can be raised on appeal. During an appeal to the Special Master, the Claimant's EI Assessment may increase, decrease, or stay the same.

## C. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

## D. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fee that comes out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

## E. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.

| V2097 MED | EXTRAORDINARY INJURY CLAIM: NOTICE OF SECOND REVIEW EI ASSESSMENT (MEDICAL EXPENSES DETAILS) Date of Notice: 4/26/10 Response Deadline: 5/16/10 |
|---|---|

### A. PAST MEDICAL EXPENSES

#### A.1  Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Allowed Expenses |
|---|---|---|---|
| 1. | No Allowed Expenses | | |
| **TOTAL PAST MEDICAL EXPENSES AMOUNT** | | | **$0.00** |
| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | | | **2.707%** |
| **ASSESSED PAST MEDICAL EXPENSES AMOUNT** | | | **$0.00** |

#### A.2  Not Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Not Allowed Expenses |
|---|---|---|---|
| 1. | RMMC | 1/1/03 - 11/9/07 | $3,800.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 2. | Steadman Hawkin | 6/19/04 - 11/9/07 | $500.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 3. | Ranch View Family | 6/19/04 - 11/9/07 | $3,500.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 4. | Radiology Images | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 5. | Swedish NED Center | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 6. | Centrum Surgica | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 7. | Itemized Supplemental Provider List | 1/3/05 - 8/5/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA01: Missing Past Medical Expenses Documentation. | |
| | | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe | |

| | | the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
|---|---|---|---|
| **8.** | Statements from State Farm Auto Insurance | 10/16/02 - 6/18/04 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA11: The claimed expense does not constitute a Medical Expense as defined in the Review Criteria Manual for the Vioxx Extraordinary Injury Program. | |
| | | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| | | MED-NA13: Documentation submitted shows that claimed expenses were paid by a third party. | |
| **9.** | Statements from State Farm Auto Insurance | 6/19/04 - 10/28/04 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA11: The claimed expense does not constitute a Medical Expense as defined in the Review Criteria Manual for the Vioxx Extraordinary Injury Program. | |
| | | MED-NA13: Documentation submitted shows that claimed expenses were paid by a third party. | |
| **10.** | Copies of Prescription Records | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA04: Missing documentation to show that Past Medical Expenses were paid by Claimant. | |
| | | MED-NA05: Missing current statement or invoice to show that Past Medical Expenses remain due but have not been paid by the Claimant or a third party. | |
| | | MED-NA10: Required Documentation has been redacted, is missing pages or is otherwise altered. | |
| **11.** | Active Care Physical Therapy | 9/29/02 - 12/2/02 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| | | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| **12.** | South Denver Cardiology Association | 12/12/05 - 6/14/06 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA02: Past Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| **13.** | Copies of Prescription Records | 8/4/03 - 10/20/03 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA12: The date of service for the claimed expense is outside of the Measurement Period. | |
| **TOTAL NOT ALLOWED PAST MEDICAL EXPENSES AMOUNT** | | | **$7,800.00** |
| **B. ADDITIONAL EXTRAORDINARY DAMAGES – MEDICAL EXPENSES** | | | |

| Not applicable because Claimant has less than $250,000 in Specified Economic Damages. | | | |
|---|---|---|---|
| **B.1  Allowed AED Medical Expenses** | | | |
| | **Provider** | **Date(s) of Services** | **Allowed Expenses** |
| 1. | No Allowed Expenses | | |
| **TOTAL AED MEDICAL EXPENSES AMOUNT** | | | **$0.00** |
| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | | | **2.707%** |
| **ASSESSED AED MEDICAL EXPENSES AMOUNT** | | | **$0.00** |
| **B.2  Not Allowed AED Medical Expenses** | | | |
| | **Provider** | **Date(s) of Services** | **Not Allowed Expenses** |
| 1. | South Denver Cardiology Association | 3/25/08 - 4/18/09 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA15: AED Medical Expenses Documentation does not sufficiently describe the service or treatment to establish that they resulted from the Vioxx User's Eligible Event(s). | |
| **TOTAL NOT ALLOWED AED MEDICAL EXPENSES AMOUNT** | | | **$0.00** |
| **C. LIEN INFORMATION** | | | |

**NOTE:** As stated in the Review Criteria Manual for the Vioxx Extraordinary Injury Program, any amounts paid by a Claimant or deducted from the Claimant's MI Final Payment or IS Final Payment on a lien or claim by a Governmental Authority or private Third Party Provider/Payor for Medical Expenses relating to the Claimant's Eligible Event(s) will be considered to be out-of-pocket Medical Expenses paid by the Claimant. These amounts will be reflected above in Section A.1. If no lien amounts are reflected in Section A.1, either the Claims Administrator has not yet received this information from the Lien Resolution Administrator ("LRA") or the Claimant has no liens. Any lien amounts reflected in Section A.1 are subject to change.  Check the *Liens* section of your Vioxx Portal to determine if these lien amounts have changed. If the Claimant's underlying Notice of Points Award indicated the Claimant has liens and no information appears in the *Liens* section of your Vioxx Portal, the Claims Administrator has not yet received this information from the LRA.

| V2097 LWI | **EXTRAORDINARY INJURY CLAIM: NOTICE OF SECOND REVIEW EI ASSESSMENT (LOST WAGES/INCOME DETAILS)** Date of Notice: 4/26/10 Response Deadline: 5/16/10 |
|---|---|

### A. PAST LOST WAGES/INCOME

| LWI Past Measurement Period | Start Date | 6/19/2004 (Date of Eligible Event) |
|---|---|---|
| | End Date | 11/9/2007 (Settlement Agreement Execution Date) |

#### A.1 Anticipated Earnings Calculation

| | Source of Wages/Income | Annual Earnings |
|---|---|---|
| 1. | No Wages/Income | $0.00 |
| **TOTAL ANTICIPATED EARNINGS** | | **$0.00** |

#### A.2 Past Lost Wages/Income Amount Calculation

| | Measurement Period | Source of Wages/Income | Anticipated Earnings | Post-Event Earnings | Net Loss (Anticipated - Post-Event) |
|---|---|---|---|---|---|
| 1. | 6/19/04 - 12/31/04 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 2. | 2005 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 3. | 2006 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | Social Security Administration | | $21,426.00 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| 4. | 1/1/07 - 11/9/07 | Missing Required Documentation – Cannot Calculate Loss | | $0.00 | |
| | | Social Security Administration | | $18,980.66 | |
| | | **Total** | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL PAST LOST WAGES/INCOME AMOUNT** | | | | | **$0.00** |

PAST LOST WAGES/INCOME not Payable because Claimant has less than $250,000 in Specified Economic Damages.

| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | **2.707%** |
|---|---|
| **ASSESSED PAST LOST WAGES/INCOME AMOUNT** | **$0.00** |

### B. ADDITIONAL EXTRAORDINARY DAMAGES – AED LOST WAGES/INCOME

Not applicable because Claimant has less than $250,000 in Specified Economic Damages.

### C. LOST WAGES/INCOME DEFICIENCIES

LWI-D01: Missing US Form 1040 or Form 1040 EZ (including all Schedules and W-2 Forms for Claimant and any Joint Filer). [(2002 - 2007)]

LWI-D13: Missing Employee Pay Records (paycheck stubs). [(2002 - 2007)]

LWI-D14: Missing Employment Personnel File. [(2002 - 2007)]

LWI-D19: Disability Not Proven – Maximum Net Loss for Affected Year is set to 50% of Anticipated Earnings [(6/19/04 - 11/9/07)]

| V2097<br>SMI | **EXTRAORDINARY INJURY CLAIM: NOTICE OF SECOND REVIEW EI ASSESSMENT (SPECIAL MEDICAL INJURY DETAILS)**<br>**Date of Notice: 4/26/10**<br>**Response Deadline: 5/16/10** |
|---|---|

The Claimant has failed to submit any timely Required Documentation for any Special Medical Injury. As a result, the Claimant's Special Medical Injury Claim is Denied and Closed without opportunity for Second Review.

| V2097 SUMMARY | **EXTRAORDINARY INJURY CLAIM: NOTICE OF SECOND REVIEW EI ASSESSMENT (SUMMARY)** Date of Notice: 4/26/10 Response Deadline: 5/16/10 |
|---|---|

### A. SUMMARY OF EI ASSESSMENT

| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | | **2.707%** |
|---|---|---|

All determinations are subject to RPV Adjustment unless otherwise noted.

| | **Claim Type** | **Amount / Tier Value** | **Assessed Amount** |
|---|---|---|---|
| 1. | **Specified Economic Damages** (To qualify for Payment, Amount must be greater than or equal to $250,000) | **$0.00** | **$0.00** |
| 2. | Past Medical Expenses | $0.00 | $0.00 |
| 3. | Past Lost Wages/Income | $0.00 | $0.00 |
| 4. | **Additional Extraordinary Damages** | **$0.00** | **$0.00** |
| 5. | AED Medical Expenses | $0.00 | $0.00 |
| 6. | AED Lost Wages/Income (subject to RPV Adjustment and 50% Standard Discount) | $0.00 | $0.00 |
| 7. | **Special Medical Injury** | **$0.00** | **$0.00** |
| 8. | Special Medical Injury – Other than Third Eligible Event | $0.00 | $0.00 |
| 9. | Special Medical Injury – Third Eligible Event (not subject to RPV Adjustment) | $0.00 | $0.00 |
| 10. | **TOTAL (Sum of Rows 1, 4 and 7)** | **$0.00** | **$0.00** |

**NOTE:** This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other EI Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

### B. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

### C. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fee that comes out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

### D. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:
P.O. Box 85031
Richmond, Virginia  23285-5031

Delivery Address:
115 South 15th Street, Suite 400
Richmond, Virginia  23219-4209

March 31, 2010

## By U.S. Mail

Safdar Lilak
1033 Kittredge Way
Aurora, CO  80017

### Re:   Notice of Extraordinary Injury Assessment
Vioxx Claim Number (VCN):  1113035

Dear Claimant:

You submitted an Extraordinary Injury Claim Form and/or other materials asserting a claim in the Vioxx Extraordinary Injury ('EI') program.  We have reviewed the materials you submitted.  The enclosed Notice of EI Assessment tells you the results of our review.  For each type of EI Claim asserted, the Notice provides details on which claims were or were not allowed for payment and any documents missing that affected the review.  We have also included a copy of our EI Review Criteria Manual to help you interpret the Notice and understand the determinations we made on the basis of what you claimed and what you submitted.

If you disagree with any aspects of this Notice of EI Assessment, you can request us to do a Second Review of your EI Claim by mailing to us, *postmarked on or before the Response Deadline set out in the enclosed Notice*, a written Second Review Request.  In that request, you must specify which parts of the Notice you disagree with and why.  You must also send to us, on or before the Response Deadline set out in the enclosed Notice, any additional documentation that you want us to consider in a Second Review.  **WARNING:**  If you do not submit a written Second Review Request postmarked on or before the Response Deadline, the EI assessment described in the Notice will be deemed accepted and will become your Final EI Assessment, with no further chance of review or appeal.

If you have any questions, contact Diann Bates, the Pro Se Coordinator, by toll free telephone at (866) 866-1729 or by email at dbates@browngreer.com.

Sincerely,

Vioxx Claims Administrator

Enclosures

| V2096 | **EXTRAORDINARY INJURY CLAIM: NOTICE OF EI ASSESSMENT** |
| --- | --- |
| | **Date of Notice: 3/31/10** |
| | **Response Deadline: 4/20/10** |

### I. CLAIMANT INFORMATION

| Claimant Name | Lilak, Safdar N. | **VCN** | 1113035 |
| --- | --- | --- | --- |
| **Primary Counsel** | Pro Se | | |
| **Primary Injury Type** | IS | | |

### II. NOTICE

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator received an Extraordinary Injury Claim Form and/or other materials asserting a claim in the Vioxx Extraordinary Injury Program. The Claims Administrator has completed its review of the materials submitted in support of this EI Claim. This Notice informs the Claimant of the results of that review.

### A. ASSESSMENT

| | **Claim Type** | **Assessed Amount** |
| --- | --- | --- |
| 1. | Past Medical Expenses | $0.00 |
| 2. | Past Lost Wages/Income | $0.00 |
| 3. | Additional Extraordinary Damages | $0.00 |
| 4. | Special Medical Injury | $0.00 |
| **5.** | **EI ASSESSMENT** | **$0.00** |

This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

For each type of EI Claim asserted, details are provided on the following pages concerning which claims did or did not qualify for payment and any related Deficiencies.

### B. ACCEPTANCE OR NOTICE OF SECOND REVIEW

If the Claimant disagrees with any of the determinations announced in this Notice, the Claimant can seek a Second Review of this EI Claim by the Claims Administrator by submitting, on or before the Response Deadline set out above in this Notice, a Second Review Request. Such Second Review Request must specify the aspects of this Notice with which the Claimant disagrees and why. Any additional documentation the Claimant wishes to be considered in a Second Review also must be submitted to the Claims Administrator on or before the Response Deadline set out above in this Notice. In a Second Review, the Claimant's EI Assessment may increase, decrease, or stay the same. In addition, the reasons for denial of a claim may change following Second Review.

If the Claimant does not submit a Second Review Request by the Response Deadline, the EI Assessment described in this Notice shall be deemed accepted by the Claimant and shall become the Claimant's Final EI Assessment.

### C. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

## D. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fees that comes out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

## E. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.

| V2096 MED | EXTRAORDINARY INJURY CLAIM: NOTICE OF EI ASSESSMENT (MEDICAL EXPENSES DETAILS) Date of Notice: 3/31/10 Response Deadline: 4/20/10 |
|---|---|

### A. PAST MEDICAL EXPENSES

#### A.1 Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Allowed Expenses |
|---|---|---|---|
| 1. | No Allowed Expenses | | |

| TOTAL PAST MEDICAL EXPENSES AMOUNT | | $0.00 |
|---|---|---|
| RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000) | | 2.707% |
| ASSESSED PAST MEDICAL EXPENSES AMOUNT | | $0.00 |

#### A.2 Not Allowed Past Medical Expenses

| | Provider | Date(s) of Services | Not Allowed Expenses |
|---|---|---|---|
| 1. | RMMC | 1/1/03 - 11/9/07 | $10,000.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 2. | Steadman Hawkin | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 3. | Ranch View Family | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 4. | Radiology Images | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 5. | Swedish NED Center | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |
| 6. | Centrum Surgica | 6/19/04 - 11/9/07 | $0.00 |
| | **Reason(s) Not Allowed** | MED-NA21: The Claims Administrator cannot assess from the claim submissions which Medical Expenses resulted from the Vioxx User's Eligible Event(s), whether the Medical Expenses were incurred during the Measurement Period and/or whether the Medical Expenses have been paid or are owed by the Vioxx User. | |

| TOTAL NOT ALLOWED PAST MEDICAL EXPENSES AMOUNT | | $10,000.00 |
|---|---|---|

### B. ADDITIONAL EXTRAORDINARY DAMAGES – MEDICAL EXPENSES

Not Claimed.

## C. LIEN INFORMATION

**NOTE:** As stated in the Review Criteria Manual for the Vioxx Extraordinary Injury Program, any amounts paid by a Claimant or deducted from the Claimant's MI Final Payment or IS Final Payment on a lien or claim by a Governmental Authority or private Third Party Provider/Payor for Medical Expenses relating to the Claimant's Eligible Event(s) will be considered to be out-of-pocket Medical Expenses paid by the Claimant. These amounts will be reflected above in Section A.1. If no lien amounts are reflected in Section A.1, either the Claims Administrator has not yet received this information from the Lien Resolution Administrator ("LRA") or the Claimant has no liens. Any lien amounts reflected in Section A.1 are subject to change. Check the *Liens* section of your Vioxx Portal to determine if these lien amounts have changed. If the Claimant's underlying Notice of Points Award indicated the Claimant has liens and no information appears in the *Liens* section of your Vioxx Portal, the Claims Administrator has not yet received this information from the LRA.

| V20⊕96<br>LWI | **EXTRAORDINARY INJURY CLAIM: NOTICE OF EI ASSESSMENT**<br>**(LOST WAGES/INCOME DETAILS)**<br>**Date of Notice: 3/31/10**<br>**Response Deadline: 4/20/10** | | | | | |
|---|---|---|---|---|---|---|

### A. PAST LOST WAGES/INCOME

| **LWI Past Measurement Period** | **Start Date** | 6/19/2004 (Date of Eligible Event) |
|---|---|---|
| | **End Date** | 11/9/2007 (Settlement Agreement Execution Date) |

#### A.1 Anticipated Earnings Calculation

| | **Source of Wages/Income** | **Annual Earnings** |
|---|---|---|
| 1. | No Wages/Income | $0.00 |
| **TOTAL ANTICIPATED EARNINGS** | | **$0.00** |

#### A.2 Past Lost Wages/Income Amount Calculation

| | **Measurement Period** | **Source of Wages/Income** | | **Anticipated Earnings** | **Post-Event Earnings** | **Net Loss (Anticipated - Post-Event)** |
|---|---|---|---|---|---|---|
| 1. | 6/19/04 - 12/31/04 | Missing Required Documentation – Cannot Calculate Loss | | | $0.00 | |
| | | **Total** | | **$0.00** | **$0.00** | **$0.00** |
| 2. | 2005 | Missing Required Documentation – Cannot Calculate Loss | | | $0.00 | |
| | | **Total** | | **$0.00** | **$0.00** | **$0.00** |
| 3. | 2006 | Missing Required Documentation – Cannot Calculate Loss | | | $0.00 | |
| | | Social Security Administration | | | $21,426.00 | |
| | | **Total** | | **$0.00** | **$0.00** | **$0.00** |
| 4. | 1/1/07 - 11/9/07 | Missing Required Documentation – Cannot Calculate Loss | | | $0.00 | |
| | | Social Security Administration | | | $18,980.66 | |
| | | **Total** | | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL PAST LOST WAGES/INCOME AMOUNT** | | | | | | **$0.00** |

PAST LOST WAGES/INCOME not Payable because Claimant has less than $250,000 in Specified Economic Damages.

| **RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000)** | **2.707%** |
|---|---|
| **ASSESSED PAST LOST WAGES/INCOME AMOUNT** | **$0.00** |

### B. ADDITIONAL EXTRAORDINARY DAMAGES – AED LOST WAGES/INCOME

Not applicable because Claimant has less than $250,000 in Specified Economic Damages.

### C. LOST WAGES/INCOME DEFICIENCIES

LWI-D01: Missing US Form 1040 or Form 1040 EZ (including all Schedules and W-2 Forms for Claimant and any Joint Filer). [(2002 - 2007)]

LWI-D13: Missing Employee Pay Records (paycheck stubs). [(2002 - 2007)]

LWI-D14: Missing Employment Personnel File. [(2002 - 2007)]

LWI-D19: Disability Not Proven – Maximum Net Loss for Affected Year is set to 50% of Anticipated Earnings [(6/19/04 - 11/9/07)]

| V2096<br>SMI | **EXTRAORDINARY INJURY CLAIM: NOTICE OF EI ASSESSMENT**<br>**(SPECIAL MEDICAL INJURY DETAILS)**<br>**Date of Notice: 3/31/10**<br>**Response Deadline: 4/20/10** |
|---|---|

The Claimant has failed to submit any timely Required Documentation for any Special Medical Injury. As a result, the Claimant's Special Medical Injury Claim is Denied and Closed without opportunity for Second Review.

| V2096 SUMMARY | EXTRAORDINARY INJURY CLAIM: NOTICE OF EI ASSESSMENT (SUMMARY) Date of Notice: 3/31/10 Response Deadline: 4/20/10 |
|---|---|

| RELATIVE POINTS VALUE ADJUSTMENT % (Points on Principal Claim (27.07) / 1,000) | 2.707% |
|---|---|

All determinations are subject to RPV Adjustment unless otherwise noted.

| | Claim Type | Amount / Tier Value | Assessed Amount |
|---|---|---|---|
| 1. | **Specified Economic Damages** **(To qualify for Payment, Amount must be greater than or equal to $250,000)** | **$0.00** | **$0.00** |
| 2. | Past Medical Expenses | $0.00 | $0.00 |
| 3. | Past Lost Wages/Income | $0.00 | $0.00 |
| 4. | **Additional Extraordinary Damages** | **$0.00** | **$0.00** |
| 5. | AED Medical Expenses | $0.00 | $0.00 |
| 6. | AED Lost Wages/Income (subject to RPV Adjustment and 50% Standard Discount) | $0.00 | $0.00 |
| 7. | **Special Medical Injury** | **$0.00** | **$0.00** |
| 8. | Special Medical Injury – Other than Third Eligible Event | $0.00 | $0.00 |
| 9. | Special Medical Injury – Third Eligible Event (not subject to RPV Adjustment) | $0.00 | $0.00 |
| 10. | **TOTAL (Sum of Rows 1, 4 and 7)** | **$0.00** | **$0.00** |

**NOTE:** This EI Assessment may not reflect what the Claimant actually will be paid as an EI Payment. EI Assessments are subject to adjustment in light of the EI Assessment of all other Claimants who qualify for EI Payments. That adjustment cannot be made until the EI Assessment of all EI Claimants of the same Primary Injury Type (MI or IS) is final.

## B. COMMON BENEFIT FEES AND ATTORNEYS' FEES

All EI Payments are subject to an 8% deduction for Common Benefit Fees pursuant to Section 9.2.1 of the Settlement Agreement. The Claims Administrator will withhold the 8% from the total EI Payment amount when the EI Payment is issued. Because the Court has ordered that the total for attorneys' fees cannot exceed 32%, an attorney may only withhold another 24% from an EI Payment, even if that attorney's individual retainer agreement was greater than 32%. If the retainer agreement was for a fee of less than 32%, a Claimant's attorney may withhold only the difference between that contract fee percentage and 8%.

## C. COMMON BENEFIT COSTS

All EI Payments are subject to a 1% deduction for Common Benefit Expenses pursuant to Section 9.2.2 of the Settlement Agreement and Pretrial Order 51, entered by the United States District Court for the Eastern District of Louisiana. The Claims Administrator will withhold the 1% from the total EI Payment amount when the EI Payment is issued. Unlike the 8% Common Benefit Fees that comes out of the individual attorney's fees, the 1% deduction for reimbursement of the Common Benefit Expenses is deducted from the Claimant's share of the award.

## D. LIEN INFORMATION

Your EI Payment may be subject to Medicare, Medicaid and/or other Government Medical Liens, Private Liens resolved by the Lien Resolution Administrator ("LRA") or in the Private Lien Resolution Program ("PLRP"), and liens or claims from any Third Party Payor received by the Claims Administrator.