UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Danny Bell v. Merck & Co., Inc.*, | * | KNOWLES |
| 2:05-cv-01243-EEF-DEK | * | |
| | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S SURREPLY IN OPPOSITION TO
PLAINTIFF DANNY BELL'S MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Danny Bell's above-captioned lawsuit was dismissed with prejudice on June 16, 2010 after the filing of a Stipulation of Dismissal with Prejudice executed by Plaintiff and Defendant Merck & Co., Inc. ("Merck") in connection with Plaintiff's enrollment in the Vioxx Resolution Program. Plaintiff, who is proceeding *pro se*, has moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(3) to request that the Court vacate the dismissal of his suit, and Merck has opposed his motion. Merck now files this surreply to address several new issues raised by Plaintiff's Memorandum in Reply to Merck's Memorandum in Opposition.[1]

First, Plaintiff seems to allege that "Liaison Counsel" misrepresented to Plaintiff that they were representing him in his lawsuit against Merck, and that when he executed the

---

[1] Plaintiff's Memorandum in Reply also reprises his arguments regarding Federal Rule of Civil Procedure 23 and the Federal Trade Commission Act. Merck has responded to those arguments in its Memorandum in Opposition, and will not address them again here.

Stipulation of Dismissal, he was acting at the direction of Liaison Counsel, who he believed were his lawyers. (Pl.'s Reply at 1.) These allegations are belied by the letter sent from Plaintiffs' Liaison Counsel Herman, Herman Katz & Cotlar, LLP to Plaintiff Bell following the announcement of the Vioxx Resolution Program, which Plaintiff attached to his previous Rule 60 motion filed in August 2009. (Ex. A.) That letter, dated December 12, 2007, states on its first page:

> You may want to retain an attorney. Alternatively, you can continue to represent yourself as a *pro se* litigant or claimant. Although we make no recommendation to you since you are not a client of our firm, you may desire to participate in the [Vioxx Resolution] Program.

(Ex. A at 1, emphasis in the original.) Contrary to Plaintiff Bell's allegations, it is clear that Plaintiffs' Liaison Counsel in fact (1) emphasized to Plaintiff Bell that they were *not* serving as his attorneys, and (2) made no recommendation as to whether or not he should choose to enroll in the settlement program.

Second, Plaintiff Bell alleges that Liaison Counsel "assured" him that entering the settlement would be "the most adequate and speedy remedy" to receive compensation for his claims against Merck, and did not inform him that his claims would be evaluated by the Claims Administrator as part of the settlement process. (Pl.'s Reply at 2.) He also alleges that he never received a copy of the Master Settlement Agreement, and therefore that he did not know that he would be required to substantiate an eligible claim. Again, the December 12, 2007 letter to Plaintiff Bell from Plaintiffs' Liaison Counsel belies these allegations. The "Description of Settlement Agreement," enclosed with the letter, stated that in order for a claimant to qualify for compensation through the settlement program, medical documentation was required to confirm that the claimant suffered a heart attack, ischemic stroke, or sudden cardiac death, as well as to

confirm certain details of the claimant's Vioxx usage.  The Description of Settlement Agreement further stated, in bold and underlined text, that

> **By submitting the Release** [required upon enrollment in the settlement]**, the Eligible Claimant is agreeing to be bound by all terms and conditions of the Settlement Program, including agreeing to accept the final value accorded the Eligible Claimant's claim under the Program's claim valuation process, if the Eligible Claimant qualifies for compensation through the Settlement Program**.

(Ex. A at 12, emphasis in original.)  The letter also informed Plaintiff that if he decided to participate in the settlement program, he would be "agreeing both to give up [his] right to a trial against Merck and to accept the settlement value that [his] claim will be accorded through the Settlement Program."  (Ex. A at 4-5.)  Therefore, even if Plaintiff did not obtain a copy of the entire Master Settlement Agreement, he was clearly informed that if he entered the settlement program, his claims would be subject to evaluation by the Claims Administrator and he would be required to substantiate them with certain required documentation.

## CONCLUSION

For the foregoing reasons, along with the reasons previously set forth in Merck's Memorandum in Opposition, there is no basis for disturbing the Court's June 16, 2010 dismissal of Plaintiff's claims with prejudice, and Plaintiff's motion should be denied.

Dated:  October 29, 2010

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

  —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Surreply in Opposition to Plaintiff Danny Bell's Motion for Relief from Judgment has been served on Plaintiff Danny Bell via U.S. Mail at the following address:

> Danny Bell CDC#K-68611
> P.O. Box 950
> F.S.P. 5/AB2/28
> Folsom, CA 95763

The foregoing Surreply in Opposition to Plaintiff Danny Bell's Motion for Relief from Judgment has also been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of October, 2010.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel