UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| Ann M.G. Albright, et al. v. Merck & Co., Inc No. 2:06-CV-02204-EEF-DEK | * * * | |

**Only with regard to:
Catherine Holt**
**********************************************************************************

### PLAINTIFF'S OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER RULE 25(a)(1)

On January 4, 2006, a multi-party civil action was filed in the District Court of Hennepin County, Minnesota on behalf of plaintiffs including Catherine Holt. Defendant removed this action which was then consolidated before this Court as docket number 2:06-cv-02204-EEF-DEK. (Exhibit A, Excerpt of PACER record). Counsel was subsequently informed that Ms. Holt had passed away on January 5, 2006 and that her survivor would be seeking formal appointment to prosecute a case on behalf of her estate.

Upon receiving the court's order appointing Ms. Laverne Watson as administratrix, a civil action was filed on behalf of decedent Ms. Holt's estate on July 19, 2006 in Supreme Court, County of Monroe, New York. Defendant removed this action which was subsequently consolidated before this Court as docket number 2:06-cv-11098-EEF-DEK. (Exhibit B.)

Pursuant to PTO 28, counsel moved for permission to withdraw from representing Ms. Watson as the representative for Ms. Holt's estate in case number 2:06-cv-11098. This Court granted counsel's motion on May 17, 2010. Ms. Watson subsequently made no appearance in this action. On January 5, 2010, counsel also moved this Court for permission to withdraw from case number 2:06-cv-02204. This motion remains pending. As with the prior motion, plaintiff received notice of her PTO 28 obligations but did not contact counsel or, to the best of counsel's knowledge, either this Court or defendant.

In analogous past circumstances where a fundamental disagreement existed between client and attorney as to continuing to prosecute a case, this Court has permitted counsel to withdraw and subsequently terminated the case after the plaintiff took no affirmative steps to continue the litigation. Counsel accordingly believes that the same result is warranted in this action.

Moreover, counsel respectfully asserts that no purpose is served in compelling Ms. Watson to appear before this Court[1]. Whether or not she intends to proceed, and her actions as to case number 2:06-cv-11098 indicate no intent to further litigate these claims, Rule 25(a)(1) permits and requires dismissal without need of compelling her to travel from Rochester, New York. *See* Fed. R. Civ. P. 25(a)(1) ("the action by or against decedent *must* be dismissed." [emphasis added]). While Merck may not balk at the expense of cross-country travel, Ms. Watson is a person of much more limited means and a compelled appearance would constitute a purposeless and undue hardship. This

---

[1] Defendant's proposed order asks that deceased plaintiff Catherine Holt be ordered to personally appear but plaintiff presumes the intent is for her to appear as the court-appointed representative as requested in its motion.

Court has previously recognized that such hardships may excuse personal attendance and plaintiff respectfully requests that discretion again be exercised to not require an appearance.

Finally, defendant's motion requests dismissal with prejudice pursuant to Rule 25(a)(1). This issue has been argued twice previously between plaintiff's counsel and defendant and in both cases this Court has ruled that the appropriate relief is dismissal without prejudice. While counsel is unaware of any intent to litigate this claim further, plaintiff again notes that Rule 25(a)(1) of the Federal Rules of Civil Procedure calls only for dismissal rather than dismissal with prejudice. Merck references no authority for dismissing with prejudice and instead quotes Rule 25(a)(1) that includes no such language. Accordingly, plaintiff respectfully requests that any order of dismissal be without prejudice.

Based upon the foregoing, plaintiff respectfully requests that this Court dismiss this action without prejudice and without ordering a personal appearance pursuant to Rule 25(a)(1). Counsel additionally and respectfully requests that this Court grant their pending motion to withdraw.

Respectfully submitted,

By: _____
Brian A Goldstein, Esq.
CELLINO & BARNES, PC
350 Main Street, 25th Floor
2500 Main Place Tower
Buffalo, NY 14202
Phone: (716) 854-2020
Fax: (716) 854-6291