United States District Court
Eastern District of Louisiana

| |
|---|
In Re: Vioxx           |   MDL No. 1657
Products Liability Litigation |   Section: L
                       |   Judge Fallon
                       |   Mag. Judge Knowles

This document relates to: Jamaal Ali Bilal, 06-2364; 10-2755

Motion For Writ of Habeas Corpus Ad Testificandum To Attend Hearing November 18, 2010 / Memorandum At Law

Comes Now Plaintiff Jamaal Ali Bilal, Pro Se, pursuant to 28 USC §1651(a) and moves for a Writ of Habeas Corpus Ad Testificandum To attend hearing scheduled November 18, 2010 upon the following grounds:

1. A motion hearing to dismiss Mr. Bilal's case(s) is set for hearing November 18, 2010 to which he has no one to speak at such hearing in his behalf.


2. Mr. Bilal's testimony is necessary to explain to the court why he has not been able to comply with PTO 43.

— Page 1 of 4 Pages —

TENDERED FOR FILING
NOV - 1 2010
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## Memorandum of Law

3. The court may approve the settlement, dismissal or compromise of a class action suit only after a hearing and on finding that it is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). When it becomes known to the court that a portion of the class objects to the proposed settlement or case dismissal, the trial judge must assume additional responsibilities. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977). The trial court must extend to the objectors leave to be heard. Id. However, the trial court may limit its proceeding to whatever is necessary to aid it in reaching an informed, just and reasoned decision and it is not required to open to question and debate every provision of the proposed compromise or non-compromise. Id. In discharging the duties required by Rule 23(e) the court has "wide latitude." International Union v. General Motors Corp., 497 F. 3d 615 (6th Cir. 2007). It may limit the fairness hearing to "whatever is necessary to aid it in reaching an informed, just, and reasoned decision." Id.

4. Mr. Bilal filed a response to the proposed dismissal of his cases.

- Page 2 of 4 Pages -

5. Mr. Bilal is a class member proceeding Pro Se and the case law cited above suggests that the Court must allow him leave to be heard. It is within the Court's discretion to determine whether his testimony at the hearing is necessary to reach an informed, just, and reasoned decision. Further, it is within the Court's discretion to determine whether he should be allowed to appear at the hearing in person or telephonically. See Cotton 559 F.2d at 1331.

6. In conclusion, whether Mr. Bilal should be allowed to appear at the hearing to testify is clearly within the discretion of the Court.

Respectfully submitted,
Jamaal Ali Bilal
Desoto County Jail
208 E. Cypress Street
Arcadia, Fl 34266

Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing Motion for Writ of Habeas Corpus Ad Testificandum has been furnished by U.S. Mail to Dorothy H. Wimberly, Esquire

-Page 3 of 4 Pages-

Stone Pigman Walter Wittmann, LLC, 546 Carondelet Street, New Orleans, LA 70130; Mr. Russ Herman, Plaintiff's Liaison Counsel, Herman, Herman, Katy, & Cotlar, LLP, 820 O'Keefe Ave., New Orleans, LA 70113; and Vioxx Pro Se Curator, 400 Poydras Street, Suite 2450, New Orleans, LA 70130.

*Jamaal Ali Bilal*

Zuniad Ali Bilal
Desoto County Jail
208 E. Cypress Street
Arcadia, FL 34266

LegalMail

ATTENTION
THIS LETTER ORIGINATED FROM THE DESOTO
COUNTY JAIL. CONTENTS UNKNOWN. SAME IS
FORWARDED. THE ADDRESSEE WILL ASSUME
RESPONSIBILITY FOR ITS CONTENTS

7013 0305 9539

Clerk's Office
United States District Court
Eastern District of Louisiana
New Orleans, Louisiana
70130

LegalMail