IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | § | MDL Docket NO. 1657 |
| | § | SECTION L |
| | § | |
| | § | JUDGE FALLON |
| | § | SPECIAL MASTER JUNEAU |

**REPLY MEMORANDUM IN OPPOSITION TO COUNSEL FINANCIAL SERVICES LLC'S MEMORANDUM IN OPPOSITION TO LEIBOWITZ PARTIES' MOTION TO ABSTAIN FROM CONSIDERATION OF ATTORNEY FEE LIEN CLAIM**, OR IN THE ALTERNATIVE, TO DISMISS OR ABATE THE **ATTORNEY FEE LIEN CLAIM** (Document No. 54278)

DAVID MCQUADE LEIBOWITZ, and DAVID MCQUADE LEIBOWITZ, P.C., (hereinafter collectively "Leibowitz") present this their Reply Memorandum in Opposition to Counsel Financial Services LLC's Opposition to Leibowitz Parties' in Support of Motion to Abstain from Consideration of Attorney Fee Lien Claim, or in the Alternative, to Dismiss or Abate the Attorney Fee Lien Claim ("the Response") presented by COUNSEL FINANCIAL SERVICES, L.L.C ("CFS").  As grounds therefore, Leibowitz shows as follows:

**1.0.    CFS's Contract Arguments are Misplaced.**

1.1.    In the Response, CFS argues that the Court should retain jurisdiction over the fee disputed between Leibowitz and CFS because "...CFS has invoked the private dispute resolution process to which the Leibowitz Debtors contractually agreed by enrolling their clients in the Program under the Settlement Agreement." This is not exactly correct.  As shown herein, while this court may have inherent authority to resolve the matters between CFS and Leibowitz, there is nothing in the

Settlement Agreement that would indicate to any attorney participant in the Settlement Program that he was submitting to a binding arbitration of a claim brought by his creditors by entering into the Settlement Agreement.

**2.0.   The Settlement Agreement does not address CFS's claim.**

2.1.   While the Settlement Agreement does provide a method for determining "Claims" which includes "Liens" (Settlement Agreement 17.1.10), and Article 12 expressly deals with Liens, there is no provision of the Settlement Agreement that deals with liens from a third party creditor such as CFS.  Section 17.1.48, in fact, only includes liens from third-party payors or "any attorney or law firm".  This was recognized in this case when Brown & Greer informed the parties in April of 2009 that CFS's lien did not arise under Article 12 of the Settlement Agreement.

**2.0.   The "dispute resolution process" urged by CFS did not apply to CFS's Claim under the Settlement Agreement.**

2.1.   At the time the Settlement Agreement was entered into, Article 8 of the Settlement Agreement, provided for binding arbitration of "...any dispute that arises under or otherwise in connection with (i)this agreement and/or an Program Claim..." CFS's claim for attorneys fees does not "arise under" nor is it otherwise connected with the Settlement Agreement.  CFS's claim is either a contractual, or the claim of judgment creditor.  CFS does not have a Program Claim, as defined in the Settlement Agreement.  The Settlement Agreement, at the time it was instituted, does not give any notice to Leibowitz that he was entering into a binding arbitration

agreement with CFS to resolve all disputes between them, even those that arose after the claim was submitted. And even if it did, such an agreement could not be binding unless signed by CFS, as stated in the Security Agreement upon which CFS's claim is based.

**3.0.   The Court is exercising its inherent powers in under Pre-Trial Order 47a, and thus can abstain.**

3.1.   As the Claims Administrator aptly stated in its Memorandum in Support of Motion for Order Setting Procedure for Attempted Liens Against Counsel Fees (Document No. 21567-1) "...[t]his court has inherent authority to resolve attorney fee issues arising in, or in connection with MDL 1657..." Id. at 3. While the Claims Administrator construes paragraph 8.1.2. more broadly than Leibowitz, it is clear that the Court's power to resolve competing claims to a settlement is one of the inherent powers of the Court. *See, In re Vioxx Prods. Liab. Litig.*, 574 F. Supp. 2d 606, 2008 WL 4091672, at *2 (E.D. La. 2008) (explaining that the Court "has consistently exercised its inherent authority over the MDL proceedings in coordination with its express authority under the terms of the Settlement Agreement to ensure that the settlement proceedings move forward in a uniform and efficient manner"). Therefore, contrary to CFS's argument in the Response, just as the Court can assert its inherent authority over the settlement of the VIOXX claims, it can abstain from asserting that authority  under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) when, as in this

case, circumstances warrant.

                                            Respectfully Submitted,
                                            Law Office of Peter J. Stanton
                                            Peter J. Stanton
                                            Riverview Towers, Suite. 1350
                                            111 Soledad
                                            San Antonio, Texas 78205

                                            By:    **/S/**
                                            Peter J. Stanton
                                            SBN: 19054500
                                            Attorney for David McQuade Leibowitz
                                            and David McQuade Leibowitz, P.C.

## CERTIFICATE OF SERVICE

I certify that on November 8th, 2010 a true and correct copy of the foregoing was sent by certified mail return receipt to:

Elliott S. Cappuccio
Pullman, Cappuccio, Pullen
& Benson, LLP
2161 NW Military Hwy., Ste. 400
San Antonio, Texas 78216

Special Master, Patrick A. Juneau
Juneau, David, APLC
1018 Harding Street, Ste. 202
Lafayette, Louisiana 70503

                                                   **/S/**
                                            PETER J. STANTON