# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | * MDL Docket No. 1657 |
| | * |
| PRODUCTS LIABILITY | * SECTION L |
| LITIGATION | * |
| | * JUDGE FALLON |
| This document relates to: | * |
| | * MAGISTRATE JUDGE |
| *Ann M.G. Albright, et al. v. Merck & Co., Inc. et al.,* No. | * KNOWLES |
| 2:06-cv-02204-EEF-DEK | * |
| | * |
| **Only with regard to:** | |
| **Catherine Holt** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT MERCK & CO., INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER RULE 25(a)(1)

The Opposition filed by plaintiff's counsel refers to plaintiff Catherine Holt's daughter, Laverne Watson.  As explained in the Opposition, Ms. Watson represented her mother's claims against Merck relating to Ms. Holt's use of Vioxx in a separate, duplicative action that was filed in New York State court, removed to federal court, transferred to this multidistrict litigation, and then voluntarily dismissed with prejudice by stipulation of the parties.  *See* Docket No. 2:06-cv-11098-EEF, DEK (Order of Dismissal with Prejudice entered on Dec. 15, 2008.)  Therefore, even if a proper party had been substituted for Ms. Holt as plaintiff in this action within the time required by Federal Rule of Civil Procedure 25(a)(1), Ms. Holt's claims in *this* action are precluded due to the dismissal of her duplicative claims and should be dismissed with prejudice under the principle of *res judicata*.[1]

---

[1] Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."  *Oreck*

Moreover, neither Ms. Watson nor any other individual has sought to represent Ms. Holt's claims in this action at any time since Ms. Holt's death in January 2006.  Merck does not seek the personal appearance of Ms. Holt's representative (and its Motion did not indicate that personal appearance was sought).  But, pursuant to Rule 25, *some* eligible person was required to enter this action as plaintiff within 90 days of the suggestion of Ms. Holt's death on the record. As more than 300 days have now passed since the death of Ms. Holt was suggested on the record, Merck requests that plaintiff's representative be instructed to appear before this Court by whatever means the Court deems appropriate and show cause why this case should not be dismissed with prejudice.[2]

As an Opposition to Merck's Motion has been submitted by plaintiff's counsel and the motion is now ripe, Merck respectfully requests that the Rule to Show Cause be set for November 18, 2010. A revised proposed order is attached.

---

*Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted).  A claim is barred by the doctrine of *res judicata* if the following four requirements are met:  "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  *Id.*  (internal quotation marks and citation omitted).  Here, each of these requirements plainly is met with respect to the claims of Ms. Holt—both suits involve claims brought by Ms. Holt or her representative against Merck; this Court has competent jurisdiction; plaintiff's claims, as represented by Ms. Watson, have been dismissed with prejudice; and the claims at stake in still-pending cases are the same as those that already have been dismissed.

[2] Courts regularly dismiss cases with prejudice pursuant to Rule 25(a)(1). *See, e.g.*, *Jacobs v. Stribling*, Civ. No. l:02cv714-JMR-JMR, 2007 WL 2156419, at *2 (S.D. Miss. July 24, 2007); *Yazdchi v. Am. Honda Fin. Corp.*, Civ. No. 3:05-CV-0737-L, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006).  Given the advanced stage of this litigation, a dismissal with prejudice is appropriate here.

1036803v.1

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter an order to show

cause why this plaintiff's claims should not be dismissed with prejudice under Rule 25(a)(1).

Dated:  November 8, 2010

<div style="margin-left: 40%;">

Respectfully submitted,


 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

</div>

1036803v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply to Opposition to Motion and Rule to Show Cause has been served on plaintiff's counsel Brian Goldstein by e-mail, Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of November, 2010.

                                        /s/ Dorothy H. Wimberly
                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana  70130
                                        Phone:  504-581-3200
                                        Fax:      504-581-3361
                                        dwimberly@stonepigman.com

                                        Defendants' Liaison Counsel

1036803v.1