IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | JURY TRIAL DEMANDED  PURCHASE CLAIMS MASTER CLASS |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF
ADDITIONAL SUPPLEMENTAL AUTHORITY**

Plaintiffs have submitted the class certification order in *Nelson v. Mead Johnson Nutrition Co.*, --- F.R.D. ---, 2010 WL 4282106 (S.D. Fla. Nov. 1, 2010), as supplemental authority in support of their opposition to Merck's Motion For Judgment On The Pleadings Or To Strike Class Allegations In Purchase Claims Master Complaint. Plaintiffs suggest that *Nelson* supports their argument that their claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") are certifiable because plaintiffs suing under that statute do not need to prove individual causation to establish liability. But *Nelson* merely stands for the proposition that causation can be proven on a classwide basis under the FDUTPA in certain cases where the plaintiffs can establish that a product manufacturer's alleged misstatement had a market-wide impact on the price of the product – and therefore caused all consumers to pay more for the product than they otherwise would have. Because courts across the country have held that such a

1036998v.1

theory is unworkable in cases involving prescription drugs like Vioxx, *Nelson* is inapplicable here.

In *Nelson*, the plaintiff sued on behalf of all purchasers of Enfamil infant formula in the state of Florida, alleging that the manufacturer of the formula had falsely advertised the product as "the only baby formula that contains DHA and ARA," which "provide[] certain nutrients essential to the brain and eye development" of infants. 2010 WL 4282106, at *1. The plaintiff claimed that the manufacturer's misrepresentation allowed it to charge more for the product than other formula manufacturers charged, thereby causing Florida purchasers to pay more for infant formula than they would have if they had known that other brands of formula also contained DHA and ARA. *Id*.

In its class certification order, the court made clear that "if every class member must establish causation via individualized proof, the Court cannot certify the class." *Id*. at *7. Thus, the court held, the "dispositive" question was what type of causal link was required to prove a claim under the FDUTPA and whether it could be established on a classwide basis. *Id*. According to the court, the Florida Supreme Court has not yet clarified the precise requirements for establishing a claim under the FDUTPA, and Florida courts are split as to whether the statute requires individualized proof of causation. *Id*. at *2. While some courts have held that because "reliance" is not explicitly required to state a claim under the FDUTPA, plaintiffs need only show that the alleged deceptive "practice was likely to deceive a consumer acting reasonably in the same circumstances," others have held that "causation is an element of a consumer FDUTPA action for damages" and requires individualized evidence. *Id*. (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006) (holding that the FDUTPA only allows a private

action for damages to consumers who suffered loss "as a result of" the defendant's alleged misconduct)).

In *Nelson*, the court suggested that the absence of a reliance requirement under the FDUTPA does not excuse plaintiffs from offering **any** proof of causation in an action for damages. *Id*. at *2 n.2. However, the court held that a classwide showing of causation is possible where "a deceptive practice allows a manufacturer or vendor to charge a premium for a product that the manufacturer would not be able to command absent the deceptive practice." *Id*. In this circumstance, the court explained, "the consumer will have paid more for the product than she otherwise would have" and will therefore have suffered damages as a result of the defendant's alleged misconduct. *Id*. Because the plaintiff in *Nelson* alleged that the defendant's misrepresentations increased the price of Enfamil – and thereby caused Florida consumers to pay more for infant formula than they otherwise would have – his claim could be proven on a classwide basis. *Id*. at *7.

Even assuming the *Nelson* ruling is correct and Florida would recognize a "price inflation" theory like the one asserted in that case for allegedly fungible products, courts have consistently held that such a theory is not viable in the case of prescription drugs. (*See* Merck's Reply Mem. at 20-21.) This is so because drug prices do not rise and fall based on alleged risks – and because plaintiffs cannot shift at will among different drugs based on comparative pricing. For example, in *UFCW Local 1776 v. Eli Lilly & Co.*, the U.S. Court of Appeals for the Second Circuit reversed certification of a class of third-party payors alleging consumer fraud claims based on the sale of the allegedly risky prescription drug Zyprexa for precisely this reason. *See* No. 09-0222-cv, 2010 U.S. App. LEXIS 18959 (2d Cir. Sept. 10, 2010). According to the court, "[t]he market for prescription drugs is quite inelastic, meaning that the price of a medication

3

rarely has significant impact on the demand for that medication." *Id*. at *7-8.  In addition, "[t]he initial price set by a pharmaceutical company is 'sticky' in that the price does not respond to market demand.  Rather, the price is generally increased over time as a routine matter by the manufacturer." *Id*. at *8.  Thus, "[e]ven if negative information is released about a medication, the demand for the drug may go down, but the price generally remains the same." *Id*.  Accordingly, the court held that the plaintiff could not prove on a classwide basis that Lilly's alleged misrepresentations about Zyprexa caused proposed class members to pay more for the drug than they otherwise would have.  *Id*.; *see also Heindel v. Pfizer, Inc*., 381 F. Supp. 2d 364 (D.N.J. 2004) (rejecting theory that Vioxx and Celebrex users paid more for those drugs than they would have if risk information had been disclosed as "patently absurd," because there is no "perfect market" for prescription drugs whereby "adverse information is . . . quickly absorbed by the market, thus causing the price of [a drug] to fluctuate").

   This case is no different.  There is no evidence that all Vioxx users paid more for the drug than they would have if more information had been released about its alleged risks.  Nor is there any way for plaintiffs to prove that all proposed class members would have paid less for other drugs absent Merck's alleged misrepresentations, because different class members would have taken different alternative drugs that would have cost them different amounts.  (*See* Merck's Mem. at 31-35; Reply Mem. at 20-21.)  Thus, plaintiffs here are unable to prove entitlement to damages under the FDUTPA on a classwide basis and the proposed Florida class – like the other proposed classes – should be stricken.

1036998v.1

## CONCLUSION

For the foregoing reasons, the Court should find that plaintiffs' supplemental authority is inapposite and unpersuasive and grant Merck's motion for judgment on the pleadings or to strike plaintiffs' class allegations.

Dated: November 9, 2010

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1036998v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of November, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel