UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------

In Re:   VIOXX PRODUCTS            :        MDL Docket No.: 1657
      LIABILITY LITIGATION       :
                                 :        SECTION L
                                 :        JUDGE FALLON
                                 :        MAG. JUDGE KNOWLES

---------------------------------------------------------

THIS DOCUMENT RELATES TO :
Gene Weeks v. Merck & Co., Inc.,
Case No.: 05-4578

---

**OBJECTIONS OF PLAINTIFF'S COUNSEL RONALD R. BENJAMIN
TO THE OCTOBER 26, 2010 REPORT AND RECOMMENDATION
OF THE SPECIAL MASTER REGARDING ATTORNEY FEES AND
EXPENSES DISPUTE OF TEJEDOR-WEEKS/BENJAMIN**

Counsel for plaintiff Gene Weeks, Ronald R. Benjamin, Esq., pursuant to

Fed.R.Civ.Pr. 53(f), makes the following objections to the October 26, 2010 Report and

Recommendation of Special Master Regarding Attorney Fees and Expenses Dispute of

Tejedor-Weeks/Benjamin, signed Special Master Patrick A. Juneau (Document 54246)

(hereafter "report"), and asks this Court reject or modify the same.

1. **OBJECTION NO. 1**: Objection is hereby made to the special master's findings

(on page 1) with regard to the in-person meeting deadline set forth in the scheduling order

(*see Document 53477-2, 6/14/10 scheduling order annexed as Exhibit A to Benjamin*

*motion for stay),* to the extent that the same is incomplete in that the special master failed to

address the facts showing that, in light of the motion for summary judgment he filed,

Ronald R. Benjamin ("Benjamin") requested that the in-person meeting be adjourned until

the motion was decided or dispensed with in light of the circumstances showing that such a

meeting was objected to and would be futile.   *See Document 53477-3, Benjamin 8/10/10*

*letter annexed to motion to stay as Exhibit B, at 1.* The special master abused his discretion

by failing to grant the adjournment or dispense with the in-person meeting, and failed to

take into consideration the unnecessary expense and time and the unwillingness of

Benjamin to participate in compelled settlement negotiations with Maria Tejedor

("Tejedor").

2.   **OBJECTION NO. 2**:   Objection is made to the findings of the special master,

at pages 1-2, with respect to the binder in that Benjamin would not be able to submit a

complete binder due to the scheduling inasmuch as it called for "certification by parties of

their in-person meeting" without regard to Benjamin's requests for adjournment or

dispensing with the same, and the fact that Tejedor had already filed her motion to strike all

of Benjamin's "pleadings" on September 16, 2010, prior to the binder due date.

3.   **OBJECTION NO. 3**:  Objection is made to the finding that "Benjamin and

Tejedor <u>both</u> filed Motions for Summary Judgment.  Tejedor also filed a Motion to Strike."

(*Id.*)   While Tejedor filed a motion to strike, she did not file a  motion for summary

judgment, which would require a statement of material facts not in dispute which she never

filed.  Only Benjamin filed a motion for summary judgment, and, thus, the record reflects

that only Benjamin filed a proper motion for summary judgment and that his motion was

referred to the special master by this Court on September 3, 2010.   The special master fails

to mention that, at no time prior to the October 19 hearing date did Tejedor file an

opposition to Benjamin's motion for summary judgment or respond to his statement of

material facts not in dispute, and failed to comply with the Court's Local Rule 56(e)(2),

"All material facts set forth in the statement required to be served by the moving party will

be deemed admitted, for purposes of the motion, unless controverted as required by this

rule."

    4.   **OBJECTION NO. 4**:   Objection is made to the finding that the April 22, 2010

Motion to Rescind and Vacate Mr. Weeks' enrollment in the Settlement Program "had

nothing to do with the obtaining of the monetary award."   (*Id.*)   This conclusion is not

supported by the record.   The record demonstrates that no monetary award was made and

that, but for Benjamin's notice of appearance and motion to rescind, the decision awarding

no compensation could have been final.   The only intervening factual circumstances are the

motion to rescind which occurred after Tejedor and the firm abandoned the plaintiff back in

early January 2009.   Although it is conceded Tejedor or her firm were responsible for

increasing the award to the $286,000 figure, they are not entitled to attorney's fees since the

firm had no authorization to engage in that conduct which occurred after Mr. Weeks had

retained the Benjamin firm.

    5.   **OBJECTION NO. 5**:   Objection is made to the following findings in the

special master's report:

> Tejedor continued to work on this matter for Mr. Weeks, at his request,
> including gathering medical records, retaining experts to review those

> records, submitting the profile form, contesting awards and filing an appeal.
> All of these efforts of Tejedor through May of 2009 resulted in a substantial
> award for Mr. Weeks who has in fact received and accepted the award.  There
> is no evidence whatsoever that any involvement or effort by Ronald Benjamin
> assisted in obtaining of the awrd for Mr. Weeks.  The efforts of Maria
> Tejedor resulted in a monetary award of $286,834.00 to Mr. Weeks.

Report, at page 3.   These findings and conclusions fail to recognize that Tejedor's efforts

before and after convincing him the Master Settlement was his only option, and then trying

to rescind the abandonment after he had already gotten a new attorney, and her efforts to

oppose his motion to rescind and vacate his consent to enter the MSA program, are not

relevant since she abandoned the plaintiff and his case in early January 2009, and she was

unauthorized to act on his behalf "through May 2009" and failed to honor the plaintiff's

lawful objectives or act with his consent after they abandoned his case in early January.

    6.   **OBJECTION NO. 6**:   Objection is made to the special master's Report and

Recommendation that:

> 1)   The Motions for Summary Judgment of Tejedor and Benjamin
> should be denied and referred to the merits ....

 It is respectfully submitted the the special master failed to consider and improperly denied

Benjamin's motion for summary judgment in light of the fact that Tejedor's failure to

oppose the same meant that Benjamin's statement of material facts in dispute were deemed

admitted, and therefore, she and her firm abandoned the plaintiff's case prior to the award.

It is respectfully submitted that the special master recommends denial of Benjamin's

motion as a further sanction for not appearing.

    7.   **OBJECTION NO. 7**:   Objection is made to the following recommendation of

the special master with respect to monetary sanctions:

> 3)   Ronald Benjamin be sanctioned for his flagrant abuse and disregard of the judicial process as follows:
>
> a)   Pay Maria Tejedor  $2,000.00 (8 hours at $250.00 per hour) plus expenses of $495.15, for not appearing at the in-person meeting set for September 13, 2010; and
>
> b)   Pay to Clerk, United States District Court the sum of $5,000.00 in sanctions for his flagrant abuse and disregard of the judicial process.

*Id., at pp. 3-4.*   It is respectfully submitted the aforesaid recommendation is based on the special master's erroneous conclusion that, "The failure of Benjamin to follow the clear requirements of the scheduling order were flagrant abuse of the judicial process and warrant the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure." *Id., at p. 2.*  With all due respect, on its face, this recommendation should be rejected outright for several reasons, to wit:

> (a)   Rule 11 is inapplicable to the facts on which the special master relies in that it is aimed at the specific conduct of signing pleadings, motions and other papers as well as making representations to the court, and, to the extent raised on the special master's own initiative, Rule 11 requires entry of an "order...to show cause why conduct specifically described in the order has not violated Rule 11(b)." Rule 11(c)(3).   There were no representations involved in the sanctioned conduct, and none of the required procedure was followed by the special master, and, it is respectfully submitted, the conduct identified by the special master does not violate Rule 11 in any event.

> (b)   Benjamin had partially complied with the scheduling order, having submitted

the memorandum required, and no depositions were pursued, leaving little or

nothing to put in the binder.  As to the binder, the only "sanctions" in the

scheduling order were that, "Any materials received after [September 20,

2010] will **not** be considered" and "Parties will not be allowed to submit any

additional evidence or testimony at the hearing."   6/14/10 Scheduling Order,

MDL Rec.Doc. 53477-2, at p. 3 [emphasis in original].   Benjamin's motion

for summary judgment was intended to obviate all evidence and testimony so

that no hearing was necessary.

(c)      Although she sought sanctions in her motion to strike, there was no motion by

Tejedor for Rule 11 sanctions that complied with that rule and "must be made

separately from any other motion and must describe the specific conduct that

allegedly violates Rule 11(b)."   Nor could she, under the events herein, meet

the 21-day safe harbor requirement set forth in Rule 11(c)(2) for filing a

sanctions motion, inasmuch as her "motion to strike", which sought

attorney's fees and sanctions for Benjamin's nonappearance at the in-person

meeting on September 13, was filed on or about September 16, only about 3

days afterwards.   Indeed, the special master denied her motion to strike in

any event, thus confirming the sanction awarding her attorney's fees and

expenses was based solely on the court's own initiative in utilizing

Fed.R.Civ. Pr. 11.

(d)      The special master's directive that the parties, particularly Benjamin, travel to

New Orleans and unwillingly participate in an in-person meeting with Tejedor to try to amicably resolve this attorney's lien dispute at a hotel was unreasonable and not supported by law or the rules of procedure in the first instance.  Benjamin acted in good faith when he took timely steps to advise Tejedor in writing that he would not be appearing on September 13 in New Orleans after she had unequivocally told him her position was that she was entitled to 100% of the fee and had no intention of moving off that position. The special master's refusal to modify the scheduling order to adjourn or dispense with this meeting requirement as requested by Benjamin was unreasonable and an abuse of discretion or a failure to properly exercise the discretion to regulate the proceedings by reducing, not increasing, the costs and expenses to the parties, in accordance with Fed.R.Civ.Pr. 53(a)(3), particularly since Benjamin's motion for summary judgment was already referred and pending.

(e)     The sanctions also appear to include non-monetary sanctions in that the special master's report and recommendation of denial of Benjamin's summary judgment motion out of hand constitutes striking the motion as another improper penalty against Benjamin.

WHEREFORE, it is respectfully submitted this Court reject the October 26, 2010, Report and Recommendation of Special Master Juneau in its entirety as to the above specified Objections, or should modify the same to grant Benjamin's motion for summary

judgment and to refuse to sanction Benjamin monetarily and otherwise as set forth in these

Objections.

Respectfully submitted,

Ronald R. Benjamin  Fed.Bar No. 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442