UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS LIABILITY<br>         LITIGATION | MDL No. 1657 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL PURCHASE CLAIMS CLASS ACTION<br>COMPLAINTS PENDING OR SUBJECT TO<br>TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

**NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

Class Plaintiffs in Plaintiffs' Purchase Claims Master Class Action Complaint respectfully submit this Notice of Additional Supplemental Authority in further support of their opposition to Defendant Merck's Motion for Judgment on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Complaint.

On Monday, November 1, 2010, in *Nelson v. Mead Johnson Nutrition Co.,* ---F.R.D.---, 2010 WL 4282106, Judge James I. Cohn of the Southern District of Florida certified a class of consumers under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). The named plaintiff sought the refund of the price premium she paid for the defendant's Enfamil LIPIL infant formula, alleging that the defendant charged more for its formula based upon the false representation that Enfamil LIPIL was the only baby formula on the market containing DHA and ARA and the "Only Brand CLINICALLY PROVEN to Improve VISUAL AND MENTAL DEVELOPMENT." *Id.* at *1. She alleged that "other brands of baby forumula, including lower-priced store brands and private labels, contain DHA and ARA in amounts equal to or greater than those contained in Defendant['s] products." *Id.*

After recognizing that FDUPTA "is a creature of Florida law" and that, under Federal law, he "is bound to follow Florida appellate court decisions interpreting the law," *Id.* at *2, Judge Nelson analyzed various Florida FDUTPA opinions. It found "particularly persuasive" Judge Padavano's decision in *Davis v. Powertel,* 776 So.2d 971 (Fla.Dist.Ct.App. 2000), which held that a FDUTPA claim "does not require subjective evidence of reliance, as would be the case with a common law action for fraud." *Id.* at 974. He then adopted it: "the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Nelson* at *2. His holding rests on the premise that "a deceptive practice can cause a consumer damages

even if the consumer does not rely on the deceptive practice" because "a deceptive practice allows a manufacturer or vendor to charge a premium for a product that the manufacturer would not be able to command absent the deceptive practice." *Nelson* at *2, n. 2. *Nelson* further discussed the negative consequences of reading a subjective reliance requirement into FDUTPA:

> "To find [an individualized, subjective reliance requirement] would eviscerate the protections that FDUTPA is designed to afford consumers. Indeed, if the Act requires consumers to prove reliance, it becomes impossible for a court to ever certify a class in a FDUTPA action. In many instances, if consumers cannot attain class certification, they cannot pursue their claim. For example, in FPUTPA actions like the case at bar, the amount in controversy for an individual plaintiff is too insignificant to make the claim worth pursuing. This is particularly true given the enormous expense associated with litigating the complex questions that invariably arise when a consumer challenges a defendant manufacturer's representations about the quality or contents of a particular product."
>
> *Id.*

Addressing Rule 23(b)(3) issues, the Court concluded that "class-wide issues predominate over individualized issues", *Id.* at *7, because, while different representations were made at different times and through different means, the "bedrock of Plaintiff's FDUTPA claim is consistent," *Id.* at *5, and "plaintiffs may prove the essential issues in this case with common proof." *Id.* at *7. These predominating common issues, which Plaintiffs here submit are analogous to those in this case, were whether the defendant "deceptively led the consuming public to believe" its product provided some benefit or had qualities that its competitors' products did not, *Id.* at *5, and whether such representations "would deceive an objective reasonable consumer." *Id.* at *7.

For these reasons, Class Plaintiffs respectfully submit that the *Nelson* decision provides further support for its opposition and annex a copy of the decision as Exhibit A.

-3-

Dated: November 10, 2010

Respectfully Submitted,

| | |
|---|---|
| /s/ Dawn M. Barrios | /s/ Elizabeth J. Cabraser |
| Dawn M. Barrios | Elizabeth J. Cabraser |
| BARRIOS, KINGSDORF & CASTEIX, LLP | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 701 Poydras Street, Suite 3650 | 275 Battery Street, 29th Floor |
| New Orleans, LA  70139 | San Francisco, CA  94111-3339 |
| Telephone:  (504) 524-3300 | Telephone:  (415) 956-1000 |
| Facsimile:   (504) 524-3313 | Facsimile:   (415) 956-1008 |
| | |
| | Chair, PSC Purchase Claims Committee |
| | |
| | James R.  Dugan, II |
| | THE DUGAN LAW FIRM |
| | 650 Poydras Street, Suite 2150 |
| | New Orleans, LA  70130 |
| | Telephone:  (504) 648-0180 |
| | Facsimile:   (504) 648-0181 |
| | |
| | Vice Chair, PSC Purchase Claims Committee |
| | |
| | Dennis Johnson |
| | Eben F. Duval |
| | JOHNSON & PERKINSON |
| | P.O. Box 2305 |
| | 1690 Williston Road |
| | South Burlington, VT  05403 |
| | Telephone:  (802) 862-0030 |
| | Facsimile:   (802) 862-0060 |
| | |
| | Amy N. L. Hanson |
| | KELLER ROHRBACK L.L.P. |
| | 1201 Third Avenue, Suite 3200 |
| | Seattle, WA  98101-3052 |
| | Telephone:  (206) 623-1900 |
| | Facsimile:   (206) 623-3384 |

-4-

                                  Lance A. Harke, P.A.
                                  Howard M. Bushman, Esq.
                                  HARKE CLASBY & BUSHMAN LLP
                                  9699 NE Second Avenue
                                  Miami, FL  33138
                                  Telephone:  (305) 536-8220
                                  Facsimile:  (305) 536-8229

                                  Ben Barnow
                                  BARNOW AND ASSOCIATES, P.C.
                                  One North LaSalle Street, Suite 4600
                                  Chicago, IL  60602
                                  Telephone:  (312) 621-2000
                                  Facsimile:  (312) 641-5504


## **CERTIFICATE OF SERVICE**

      I herby certify that the above and foregoing Notice of Additional Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of November, 2010.

                                                    /s/ Dawn M. Barrios