UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
|     DISTRICT OF COLUMBIA, *ex rel* | * | SECTION L |
|     KENNETH  WALKER, | * | |
| | * | JUDGE ELDON E. FALLON |
|         Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|    versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|         Defendant. | * | |
| | * | |
|     Case No. 2:08-cv-4148 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR ORDER TO SHOW CAUSE WHY RELATOR'S FALSE
CLAIMS ACT CLAIM SHOULD NOT BE DISMISSED**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully requests that the Court

enter an order to show cause why Relator's claim under the D.C. False Claims Act, D.C. Code §

2-308.14 et seq. ("FCA"), should not be dismissed.

As set forth below, Relator Kenneth Walker seeks to recover money spent by the District

of Columbia to reimburse Vioxx prescriptions through its Medicaid program.  In his Complaint,

Walker purports to have "information regarding a false or fraudulent claim against the

Government."  (Compl. ¶ 5.)  But Relator's Complaint relies entirely on generic allegations

about Vioxx that have long been available through public media.  And although more than a year

has passed since Merck first served Relator with basic discovery requests, Relator has not

produced a single piece of information about an allegedly false claim for which he is an original

source.  Under D.C. law, any *qui tam* action "based upon . . . allegations or transactions disclosed by the news media" is barred "unless the person bringing the action is an original source of the information."  D.C. Code § 2-308.15(c)(2)(A).  Relator is thus pursuing a claim that is not authorized by D.C. law.

Relator's case should be nipped in the bud.  Relator purports to proceed on behalf of D.C., but because D.C. has not intervened and because Relator does not in fact have any information about his FCA claim, Merck is being forced to seek discovery from a third party in order to defend itself against Relator's unauthorized case.  This has created administrative difficulties in a case that Relator is not authorized to bring in the first place.  The Court should thus enter an order to show cause why Relator's FCA claim should not be dismissed.

## BACKGROUND

Vioxx is a prescription nonsteroidal anti-inflammatory and pain-relief drug ("NSAID") manufactured by Merck.  Order & Reasons, D.38,797, *In re Vioxx Prods. Liab. Litig.*, No. 05-md-1657, at 1 (Mar. 31, 2010).  The United States Food & Drug Administration approved Vioxx for sale in the United States on May 20, 1999.  *Id.* at 2.  Vioxx was available in the U.S. from May 1999 until it was voluntarily withdrawn from the market in September 2004.  (*See* Compl. ¶¶ 28, 49.)

The instant lawsuit is a *qui tam* action brought by Relator Kenneth Walker to recover funds that D.C. Medicaid allegedly spent on Vioxx.  (*See id.* ¶¶ 50, 59.)  The Complaint alleges that the District of Columbia incurred losses by covering Vioxx prescriptions it would not otherwise have covered but for Merck's allegedly "false and misleading campaign."  (*See id.* ¶ 42.)  According to the Complaint, Merck "caused [] physicians and Pharmacy Benefit Managers to generate false records and statements to get prescription claims for Vioxx paid for by the

1037263v.1

District of Columbia Medicaid program."  (*Id.* ¶ 48.)  Relator asserts two causes of action:  (1) a claim under the FCA, D.C. Code § 2-308.14 et seq.; and (2) a claim under the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 280-3094 et seq.  (*See* Compl. ¶ 1.)  Relator seeks damages, penalties, punitive damages, attorneys' fees and costs.  (*See id.* ¶¶ 50, 69.)

To date, Relator has been unable or unwilling to provide Merck with discovery relevant to the FCA claim.  Relator has also failed to provide his witness list, as required by PTO 39A. *See* Dkt. No. 45738 § II.C.16.

## ARGUMENT

The FCA provides that any *qui tam* action "based upon . . . allegations or transactions disclosed by the news media" is barred "unless the person bringing the action is an original source of the information."  D.C. Code § 2-308.15(c)(2)(A).  To qualify as an original source, the relator must prove that he or she had "direct and independent knowledge of the information on which the allegations are based," that he or she "voluntarily provided the information to the District before filing [the] action based on that information" ***and*** – at least where such information is also available in the public domain – that the relator's "information provided the basis or catalyst for the . . . media disclosure which led to the public disclosure."  *Id.* § 2-308.15(2)(B); *see also In re Pharm. Indus. Avg. Wholesale Price Litig.*, 538 F. Supp. 2d 367, 389-90 (D. Mass. 2008) (highlighting that "in order to qualify as an original source and proceed with [a] claim" under the D.C. FCA, the relator must "prove that he is the person '[w]hose information provided the basis or caused the making of the . . . report that led to the public disclosure'") (citation omitted).  Conversely, a relator does not qualify as an original source with standing to sue if the information supporting his false claim allegations was obtained through a prior media disclosure.

3

In *Grayson v. AT&T Corp.*, 980 A.2d 1137, 1151-52 (D.C. 2010),[1] for example, the D.C. Court of Appeals affirmed a lower court's ruling dismissing a relator's FCA claims on the ground that the public-disclosure exemption precluded the action because the allegations giving rise to the cause of action were substantially similar to information publicly disclosed and for which the relator was not an original source.  In that case, the relator sought to recover funds allegedly belonging to the District of Columbia in the form of unused balances on telephone calling cards under the District's Unclaimed Property Act.  *Id.* at 1140, n.6 (citing D.C. Code § 41-117).  But the basic information underlying his allegations had previously been disclosed in a newsletter and other articles that had reported "that the unused portion of a prepaid calling card constitutes unclaimed property and an intangible asset which is due and owing" to the District. *Id.* at 1151-52.  AT&T thus argued that the FCA claim was barred because the allegations rested upon information already available in the public domain.

The D.C. Court of Appeals agreed.  The court found that the FCA allegations in the complaint were substantially similar or identical to the information publicly disclosed in the newsletter and other publications, and that the relator was not the original source of that publicly-disclosed information.  *Id.*  The court also expressly rejected the relator's argument that such materials did not fall within the category of "news media," determining that the "term 'news media' includes scholarly, scientific, and technical periodicals, including trade journals," because such sources "disseminate information to the public."  As a result, the Court of Appeals agreed

---

[1] Although the *Grayson* decision is currently on review before an en banc panel of the D.C. Court of Appeals, the panel is only considering arguments pertaining to the CPPA claims.  Therefore, the portion of the *Grayson* ruling addressing the FCA remains good law and should be relied upon by the Court.  *See Grayson v. AT&T Corp.*, 989 A.2d 709 (D.C. Feb. 22, 2010) ("that portion of the opinions of September 17, 2009, in appeal no. 07-CV-1264, which addresses the ***CPPA*** claims is hereby vacated") (emphasis added).

with the lower court that the relator's FCA claim was barred because he had failed to "overcome the jurisdictional bar set forth in the FCA." *Id.* at 1145.

The same is true here. Relator lacks authority to pursue a claim against Merck under the FCA because his allegations simply parrot claims about the cardiovascular safety of Vioxx that have already been publicly disclosed in numerous articles, studies and other publications. Indeed, Relator's Complaint expressly relies on public disclosures ***by Merck*** that "in a study, patients using Vioxx had experienced significantly more heart attacks and strokes than patients taking a placebo." (Compl. ¶ 28.) Similarly, Relator alleges that another study published in the *New England Journal of Medicine* "revealed that Vioxx patients were five (5) times more likely to suffer a heart attack than the patients using Naprosyn." (*Id.* ¶ 32.) Finally, Relator also relies on a New York Times article that "question[ed] the safety of Vioxx." (*Id.* ¶ 37.) Relator's reliance on these scientific articles and news stories reveals that his FCA allegations are in fact "based . . . upon allegations or transactions disclosed by the news media." D.C. Code § 2-308.15(c)(2)(A). Because Relator's FCA claim is "substantially related" to information previously disseminated in the public domain through published studies and articles, the public-disclosure provision applies – and Relator should not be allowed to proceed with this action.

In sum, Relator has not "contribut[ed] anything [] to the exposure of the [alleged] fraud." *Grayson*, 980 A.2d at 1147. Rather, Relator merely "repeats what the public already knows," and "the public disclosure rule [thus] bars the action." *Id.* at 1151. Accordingly, the Court should enter an order to show cause why Relator's FCA claim should not be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should enter an order to show cause why Relator's FCA claim should not be dismissed.

1037263v.1

Dated:  November 10, 2010                  Respectfully submitted,

                                         */s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1037263v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of November, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1037263v.1