UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
|  LITIGATION | * | SECTION  L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | |
| FILER: Robert E. Arceneaux/Pascal Calogero, Jr. | * | November 12, 2010 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ERIC WEINBERG, CHRIS PLACITELLA AND COHEN, PLACITELLA AND ROTH'S REPLY TO THE PSC'S OPPOSITION TO THEIR JOINT MOTION FOR ACCESS TO CERTAIN DOCUMENTS AND THINGS

MAY IT PLEASE THE COURT:

     Eric H. Weinberg, Esq., Chris Placitella, Esq., and the firm of Cohen, Placitella and Roth's request is not premature, or due to be denied because of the lack of a "case or controversy." A justicible controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character.  *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937) (citations omitted).   Here, there is a fund to be distributed among various claimants.  This creates a justicible controversy for this Court to resolve, especially since the claimants all agreed in the Master Settlement to grant this Court exclusive authority over that fund.[1]  There is nothing premature about movers' desire to have

---

[1] This Court's control over a *res* – in this case a fund of money to be allocated among competing claimants – makes the proceeding somewhat similar to an interpleader action, which the Fifth Circuit has held presents a case or controversy by its very nature.  *See Tittle v. Enron Corp.*, 463 F.3d 410, 425 n.10  (5th Cir, 2006) ("Given this precedent acknowledging that the real dispute in an interpleader action is between the adverse claimants-and that even the mere "threat of multiple vexation by future litigation provides sufficient basis for interpleader," *Corrigan*

. . . (cont'd)

access to information which is critical for them to evaluate any proposal that the PSC will eventually submit, or for them to attempt to formulate a proposed distribution of their own. Of course the PSC wants to deny the claimants access to information – knowledge is power. But, allowing the fee allocation process to be transparent, with the information upon which it is to be based equally available throughout the entirety of the process, in the long run will facilitate a faster and less contentious or litigious process then allowing the PSC to hold all the cards in secret. It bears repeating that movers seek nothing that they will not be entitled to review later in this proceeding, as the PSC all but concedes. They only want access to it at this time, so that when the PSC's recommendation is filed, they have the information needed to evaluate it, and decide whether it is fair and equitable, or must be opposed.

Equally erroneous is the PSC's contention that the movers' request is unduly burdensome. Movers have not asked the PSC to produce anything – they only seek access to documents that the PSC claims are currently sealed and therefore cannot be shared. Movers are prepared to travel to where these documents are stored, and to arrange for and pay for any copying they desire after the documents are inspected. Movers simply request that this Court create an exception to whatever confidentiality or other orders make this information secret so that movers can review the documents, and copy whatever is necessary to analyze fee allocation, subject to whatever further protective orders this Court might impose upon movers to keep the information secret.

_____

(cont'd) . . .

*Dispatch,* 696 F.2d at 364-we find no merit in Lay and Skilling's argument that no Article III case or controversy can exist if we hold that the Insurers do not have a dispute with the insureds. Lay and Skilling fail to point us to any cases where a court has dismissed an interpleader action on such a ground, and we have found none. There is certainly a dispute in this case sufficient to constitute an Article III case or controversy….").

Respectfully submitted,

*Robert E. Arceneaux*

_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Eric H. Weinberg, Chris Placitella, and Cohen, Placitella and Roth

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Joint Motion for Access has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this 12 day November, 2010.

*Robert E. Arceneaux*

_____