# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Ronnie Allen, et al. v. Merck & Co., Inc., et al.*, | * | KNOWLES |
| 2:06-cv-02212-EEF-DEK | * | |
| | * | |
| **Only with regard to:** | | |
| **John Carroll** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE, AND RENEWED MOTION TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring Plaintiff John Carroll to show cause why his individual claim should not be dismissed with prejudice for failure to prosecute and for failure to comply with the requirements of Pre-Trial Order No. 28 ("PTO 28").

Plaintiff's claim is the subject of a deferred Order to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Material Non-Compliance With The Discovery Requirements of PTO 28, entered by this Court.  To this date, Mr. Carroll has not provided the generic medical record authorization forms required by PTO 28.  As a result, Merck is unable to collect any medical records for him.  In addition, only a small portion of the medical records required by PTO 28 have been provided by Mr. Carroll.  As a result of these deficiencies, Merck lacks the medical records necessary to litigate Mr. Carroll's claims, and has no means by which to acquire

1

these records.  Accordingly, Merck hereby renews its request to dismiss Mr. Carroll's claims with prejudice for failure to comply with the requirements of PTO 28.

In addition, Merck has made repeated attempts to procure the necessary authorizations from Mr. Carroll for the release of relevant medical records.  In attempting to do so, Merck's counsel has learned that prior to withdrawing from their representation of Mr. Carroll in this matter, Mr. Carroll's counsel was unable to make contact with him regarding this lawsuit.  Pursuant to Federal Rule of Civil Procedure 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the for the dismissal of Mr. Carroll's claims with prejudice on the additional grounds that this non-responsive plaintiff who cannot be found and has otherwise failed to participate in this litigation.

In support of this motion, Merck further states as follows:

1. Plaintiff filed a claim against Merck for personal injuries alleged to have been caused by Vioxx.  It is beyond dispute that Plaintiff's medical records and pharmacy records are essential evidence in this case.

2. On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs who do not enter the Resolution Program to provide specified materials relating to their claims, including certain medical records and signed authorization forms for the release of medical records.  *See* PTO 28 ¶¶ II.A.3, II.A.6.  With respect to Mr. Carroll's case, the required discovery materials were due on May 1, 2008.  *See* PTO 28 ¶ II.C.1.  If plaintiffs subject to PTO 28 failed to produce such materials, the Order provided for a 30-day cure period.  *See* PTO 28 ¶ II.D.  After that cure period had lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

3. To this date, Mr. Carroll has not provided any medical records required by PTO 28 other than one set of medical records from Long Island College Hospital, and one page of prescription records each from Rite Aid and CVS.

4. More importantly, he has also failed to provide the signed medical record authorization forms required by PTO 28. As a result, Merck is unable to collect the medical records necessary to defend Mr. Carroll's claims.

5. On September 28, 2009, Merck filed its Renewed First Motion to Show Cause why certain cases, including Mr. Carroll's case, should not be dismissed with prejudice for material non-compliance with the discovery requirements of PTO 28. Mr. Carroll's case had also been included in Merck's First Motion to Show Cause why cases should not be dismissed with prejudice for material non-compliance with the discovery requirements of PTO 28, filed on February 25, 2009.

6. In response to Merck's Renewed First Motion to Show Cause, on October 2, 2009, this Court entered an Order to Show Cause why Mr. Carroll's case, and other cases, should not be dismissed with prejudice for failure to comply with PTO 28. Resolution of the Motion to Show Cause was then deferred for a number of months to allow Mr. Carroll and other plaintiffs additional time for compliance.

7. On February 24, 2010, Merck's counsel was notified by Ann Oldfather that she would be entering an appearance as co-counsel for Mr. Carroll, along with Mr. Carroll's then-counsel from Cellino & Barnes. Ms. Oldfather indicated that she would be working with Cellino & Barnes to cure all PTO 28 deficiencies in Mr. Carroll's case.

1037556v.1

8. On March 8, 2010, this Court entered an order requiring Mr. Carroll to produce any missing materials that are required to be produced under PTO 28 by March 18, 2010. No authorizations or other materials were produced by Mr. Carroll in response to that order.

9. On March 10, 2010 and April 6, 2010, Merck's counsel contacted Mr. Carroll's former counsel, Brian Goldstein of Cellino & Barnes, specifically to request the execution of the generic medical authorization forms required by PTO 28. No response was provided to these requests.

10. On or about April 1, 2010, Ms. Oldfather informed Merck's counsel that she would *not* be representing Mr. Carroll, and that Mr. Carroll's counsel at Cellino & Barnes were unable to make contact with him.

11. On April 8, 2010, this Court entered an order deferring Merck's motion for another sixty days with respect to Mr. Carroll's claims to enable the parties to assess compliance with PTO 28.

12. On April 9, 2010, Cellino & Barnes moved to withdraw from their representation of Mr. Carroll, and on October 6, 2010, their motion to withdraw was granted. It is Merck's understanding that Mr. Carroll is therefore no longer represented by counsel.

13. As neither Mr. Carroll, nor his former counsel on his behalf, have taken any action to cure his PTO 28 deficiencies since the entry of the Court's March 8, 2010 order, Merck now renews its Motion to Show Cause with respect to Mr. Carroll and respectfully moves this Court to dismiss Mr. Carroll's claims against Merck with prejudice for failure to comply with PTO 28.

14. The express terms of PTO 28 provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the

claim with prejudice." PTO 28 ¶ II.D.  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

15.     Furthermore, this Court has previously noted on many occasions in this litigation that a plaintiff who files a personal injury lawsuit as an obligation to stay in touch with his or her attorneys.  When an attorney has made numerous diligent efforts to communicate with his client but cannot do so, that plaintiff has essentially abandoned his or her claim.

16.     Likewise, Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and warrants dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing plaintiff's claims because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, Mag., J.).  *See also Link v. Wabash R.R.*, 370

U.S. 626, 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

17. Here, Mr. Carroll's former counsel has apparently made attempts to reach him to no avail. As a result, Merck has still not received the medical authorization forms required by PTO 28 and necessary to collect the medical records that would enable it to defend Mr. Carroll's claims.

18. In short, Mr. Carroll has ceased participating in this litigation and his claims should be dismissed pursuant to PTO 28 and/or Rule 41(b) of the Federal Rules of Civil Procedure. Merck requests that Mr. Carroll be instructed to appear and show cause at a hearing on January 6, 2011, why his case should not be dismissed with prejudice. A proposed order is attached.

Dated: November 12, 2010

                                                 Respectfully submitted,

                                                 */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

1037556v.1

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1037556v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Plaintiff John Carroll by Federal Express at:

>332 Clinton Street, #4
>Brooklyn, NY 11231

I also hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of November, 2010.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel

1037556v.1