UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION

: MDL NO. 1657
:
: SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE KNOWLES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING ATTORNEY FEES AND EXPENSES DISPUTE OF MICHELE A. DIMARTINO (THE MILLER FIRM) AND LARRY LONG

Pursuant to PTO 47A and Honorable Eldon E. Fallon's Order of March 18, 2010, Special Master, Patrick A. Juneau, was appointed to evaluate all disputed liens for attorney fees and expenses relating to the Vioxx Settlement Payment. The Miller Law Firm filed such a claim and the claim was disputed by Larry Long. The dispute was referred to Special Master, Patrick A. Juneau.

On June 17, 2010 the Special Master issued a scheduling order (SM 1) and set a hearing for October 26, 2010. The scheduling order required the submission of memorandum, affidavits and exhibits to the Special Master. Both parties complied with the scheduling order.

The hearing was held on October 26, 2010 and present were:

    a)     Debra Long, wife and on behalf of Larry Long.

    b)     Preston G. Williams on behalf of The Miller Law Firm.

The documents introduced into evidence were:

    a)     SM 1 – Scheduling Order

    b)     SM 2 – Claims Administrator's file

    c)     Long 1 – Long Benchbook of exhibits.

    d)     Miller 1 – Miller Benchbook of exhibits.

On October 5, 2006, Larry Long and Debra Long entered into an "Agreement to Provide Legal Services for a Contingent Fee" with The Miller Law Firm (Miller 1 Benchbook - Exhibit 1). The Firm was to represent the Longs in their claim against Merck and Co., Inc. for damages resulting from ingesting Vioxx. Thereafter, The Miller Firm prepared and filed a lawsuit on behalf of the Longs against Merck under MDL Docket Number 06-5980. In October of 2006, the claim was also filed in the Superior Court of New Jersey under Docket Number ATL-L 14264-06-MT.

The Miller Firm gathered medical information and secured medical authorizations from Larry Long. The Firm also had the Larry Long complete the Plaintiff's Fact Sheet (PFS) which it submitted to Merck's counsel (Miller 1 Benchbook - Exhibit 2 and 3). This submission contained the Longs' responses to questions concerning dates of Vioxx use.

On November 9, 2007, the Global Vioxx Settlement was announced. Miller then forwarded a letter to the Longs with an explanation of the settlement process. Larry Long responded that he wanted to participate in the program. Miller registered Larry Long in the program and submitted the requested documentation. Miller continued to seek medical records, including requests to Drs. Dunnaway and Wilkins. During this period of time, there were numerous letters from Miller to the Longs wherein they advised of their difficulty in obtaining proof of Vioxx use. In June of 2008, Mrs. Long sent Miller a statement she obtained from Dr. Dunnaway. Miller submitted this statement with the Claims Package to the Claims Administrator (Miller 1 Benchbook - Exhibit 13).

On May 5, 2009, Miller received from the Claims Administrator a Notice of Ineligibility for Larry Long. This Notice was forwarded to the Longs with an explanation of options. There was further communication between the Longs and Miller and at some point Mrs. Long stated that she was in the process of getting another statement from Dr. Dunnaway. At that time Miller obtained

an extension from the Claims Administrator. Sometime later, Mrs. Long produced another statement of Dr. Dunnaway that was promptly sent by Miller to the Claims Administrator (Miller 1 Benchbook - Exhibit 18).

On July 14, 2009, the Claims Administrator sent to The Miller Firm a "Notice of Gate Committee Determination" (Miller 1 Benchbook - Exhibit 19). On that same day Miller forwarded the Notice to Larry Long, along with a detailed letter explaining options and deadlines (Miller 1 Benchbook - Exhibit 18). On July 16, 2009, Miller received a notice from Larry Long that he elected to abandon his second injury claim (Miller 1 Benchbook - Exhibit 20).

On July 14, 2009, Miller received a "Notice of Incomplete Claims Package" from the Claims Administrator (Miller 1 Benchbook - Exhibit 22). The Miller office contacted Mrs. Long and discussed the deficiencies. Mrs. Long stated that the requested records did not exist. Mrs. Long further indicated she would draft a letter regarding same and send it to Miller (Miller 1 Benchbook - Exhibit 21). Mrs. Long faxed a statement to Miller August 24, 2009. Miller uploaded the statement and other documentation on the Administrator's portal (Miller 1 Benchbook - Exhibit 23).

On September 3, 2009, Miller received a Notice of Points Award. On that same day Miller forwarded the Notice to Long with a detailed explanation of options and deadlines (Miller 1 Benchbook - Exhibit 24). The Longs responded and specifically outlined what items they wanted to appeal. The Longs submitted additional documentation (Miller 1 Benchbook - Exhibit 25). Miller timely appealed the Points Award and uploaded the additional records on the Claims Administrator's portal (Miller 1 Benchbook - Exhibit 26).

On September 22, 2009, the Claims Administrator issued and Miller received the "Post-Appeal Notice of Points Award" (Miller 1 Benchbook - Exhibit 27). On that same day, Miller sent

a letter to Long explaining options, including Long's right to appeal to the Special Master (Miller 1 Benchbook - Exhibit 27). On September 23, 2009, Long sent Miller a signed election form indicating that he did not wish to appeal the Post-Appeal Notice of Points to the Special Master (Miller 1 Benchbook - Exhibit 28).

The record is clear that The Miller Firm timely submitted all documentation and the concerns of the Longs to the Claims Administrator. If the Larry Long was not satisfied with the findings of the Claims Administrator, he could have appealed. He elected not to do so. Under the term of the agreement the finding is final.

The Longs also complained about the Oasis loan. It is their position that they should not have to pay back the principal amount of the loan and that The Miller Firm should be responsible for that obligation. The Longs admit they did in fact receive the principal amount of the loan. This issue was presented to the Court on December 21, 2009 and in a very detailed and reasoned opinion, the Court concluded that the principal amount of the loan was an obligation that had to be satisfied by Long (Miller 1 Benchbook - Exhibit 37). The Court further noted that the Settlement Agreement set out duties and responsibilities of the Claims Administrator and that the Claims Administrator had fulfilled those responsibilities. The fact that Oasis did not obtain Merck's approval of the lien did not release the Longs of their responsibility to pay back the principal amount of the loan. It is the finding of the Special Master that Oasis was entitled to be paid the principal amount of the loan that was made to Long and that Miller is not liable for that obligation.

It should be noted that when there was an interim payment, the Miller Firm in an effort to assist the Longs with their financial problem agreed to defer their fee on the amount of the interim payment (Miller 1 Benchbook - Exhibit 37 and hearing testimony on October 26, 2010 of Preston

Williams and Debra Long). It is the finding and conclusion of the Special Master that the Miller Firm is entitled to a fee on that portion of the amount received by Long in the interim payment.

It is the finding of the Special Master that The Miller Firm incurred $277.25 in expenses in pursuing the Long claim (Miller 1 Benchbook - Exhibit 5).

It is also the finding of the Special Master that The Miller Firm duly performed its obligations under "Agreement to Provide Legal Services for a Contingent Fee" and it is, therefore, the Report and Recommendation of the Special Master that The Miller Firm should be paid 32% of Larry Long's settlement proceeds plus expenses of $277.25, less a deduction for the Common Benefit Fee awarded by the Court.

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, I electronically filed the foregoing Report and Recommendation with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants. I further certify that I mailed and faxed/emailed the foregoing Report and Recommendation and the notice of electronic filing to the following:

| | |
|---|---|
| Mr. Preston G. Williams<br>The Miller Firm, LLC<br>2 Bala Plaza, Suite 603<br>Bala Cynwyd, PA 19004<br>Fax: (610) 660-0628 | Mr. Larry Long<br>Pro Se Claimant<br>810 Stonehaven Road SW<br>Atlanta, GA 30331<br>Email: dlong5383@aol.com |

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com