UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

*************************************************************************

### REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING ATTORNEY FEES AND EXPENSES DISPUTE OF GARY L. EUBANKS AND BOB STEPHENS

Pursuant to PTO 47A and Honorable Eldon E. Fallon's Order of March 18, 2010, Special Master, Patrick A. Juneau, was appointed to evaluate all disputed liens for attorney fees and expenses relating to the Vioxx Settlement Payment. Gary Eubanks and Associates, P.A. filed such a claim and the claim was disputed by Bob Stephens. The dispute was referred to Special Master, Patrick A. Juneau.

On June 18, 2010 the Special Master issued a scheduling order (SM 1) and set a hearing for October 27, 2010. The scheduling order required the submission of memorandum, affidavits and exhibits to the Special Master. Both parties complied with the scheduling order.

The hearing was held on October 27, 2010 and present were:

    a)    William Gary Holt for Gary Eubanks and Associates, P.A.

    b)    Breean Walas for Gary Eubanks and Associates, P.A.

    c)    Bob Stephens

    d)    E. Glenn Thames, Jr. for Bob Stephens

The documents introduced into evidence were:

    a)    SM 1 – Scheduling Order

    b)    SM 2 – Claims Administrator's file

    c)    Stephens 1 – Stephens Benchbook of Exhibits

    d)    Eubanks 1 and 1A – Eubanks Benchbooks of Exhibits

On August 29, 2005 Gary Eubanks and Associates, P.A. (Eubanks) entered into a "Contract for Services" with Bob Stephens as Administrator of the Estate of Johnnie Stephens (Eubanks 1A - Exhibit A). Eubanks continued with that representation until he was fired by Stephens in a letter dated March 18, 2009 (Eubanks 1A - Exhibit G7).

It is the contention of Stephens that the sole issue in this dispute is whether Eubanks was terminated for cause. He contends that Eubanks was terminated for cause and as such, Eubanks is not entitled to a contractual fee. Stephens also contends that Eubanks should not be entitled to recovery under quantum meruit. In essence, it is the contention of Stephens that Eubanks is entitled to nothing for his efforts.

In the "Notice of Attorney's Lien" (SM 2) Eubanks stated that it is "entitled to reasonable value of its services to the date of discharge" because "a discharged attorney may be paid for the reasonable value of his or her services rendered. I find this contention to be an alternative quantum meruit claim by Eubanks under PTO 47A.

While a client may discharge his attorney at any time, the Arkansas Supreme Court has held that "a lien for full contract amount [extends] only to those attorneys who have been discharged without cause; however, those attorneys discharged for cause are limited to a reasonable fee for services rendered prior to discharge under the theory of quantum meruit." <u>Salmon v. Atkinson</u>, 355

Ark 325, 331 WL, 137 SW 3rd 522 (Ark 2003); see also <u>Wren v. DeQueen Sand and Gravel Co.</u>, 87 Ark App 212, 189 SW 3rd 522 (Ark App. 2004).

The evidence in this case confirms that in October of 2004, Bob Stephens requested and secured from Kroger's Pharmacy a copy of their records (Eubanks 1A - Exhibits I1 and I2). Stephens turned those records over to Eubanks on August 29, 2005. In September of 2005, Stephens also completed and provided to Eubanks a "Plaintiff Profile Form" that listed only Kroger's Pharmacy as issuing Vioxx medication in the last 10 years to Johnnie Stephens (Eubanks 1 - Exhibit J).

On October 3, 2005 Eubanks faxed a Preservation of Pharmaceutical Records letter to Kroger's Pharmacy (Eubanks 1A - Exhibit E1). The Eubanks firm then commenced to gather the necessary documentation to begin the proceedings to have Bob Stephens appointed as personal representative. This process was completed on January 24, 2006 when the Eubanks firm received notification that the Court had signed the Order of Appointment. In February of 2006 the Eubanks firm filed the complaint on behalf of Stephens. In March 2006 the Eubanks firm sent medical records requests to several medical providers, including Kroger's Pharmacy for records from March 15, 1993 to March 17, 2003. In April of 2006 the Eubanks firm received records from Kroger's Pharmacy. The records they received were the same records received by Stephens in 2004 (Eubanks 1 - Exhibit E4).

Stephens contends that Eubanks should have requested the Kroger records before March of 2006 and if he had, the provided records would have documented the additional usage of Vioxx. He further contends that the Eubanks firm should not have authorized Kroger to purge its records in May of 2006. Eubanks denies that it gave such authorization, but aside from whether or not such

authorization was given, there is no evidence that would establish that Kroger's would have been able to produce any relevant documents to the issue of usage other than those that had been produced on two separate occasions. It is also important to note that when Kroger's produced records in April of 2006 it was still operating under the directions of the Preservation letter that had been issued on October 3, 2005. Finally, it is important to note in the e-mail of Susan Clayton (Kroger) dated January 8, 2008 she reported that "within 3 weeks of receipt of the letter (Preservation of Records letter dated October 3, 2005), I had all electronic purges put on hold until further notice as requested." (Stephens 1 - Exhibit 1F). Even if it is presumed that additional and relevant documents existed at that time (which is doubtful), the issue arises as to what Kroger's did or did not do with regard to any records in their possession during this unexplained three week period. The end result of this examination and analysis is that Stephens is contending that if Eubanks had requested records between August 29, 2005 and October 3, 2005 there would have been documents produced that supported the claim of additional usage. There is no credible evidence to support this contention.

The Eubanks firm did secure and submit affidavits of Woodrow Hill, a Kroger pharmacist, and Bob Stephens to substantiate the claim of additional usage. These submissions were in the record when the case was appealed to the Special Master. There were not further submissions after the Eubanks firm was fired and it was on this record that the Special Master granted the relief that was sought.

It is the finding and report of the Special Master that the Eubanks firm duly performed its obligations under the contractual agreement and it was not discharged for cause. Additionally, even if the matter was to be decided on quantum meruit, it is the finding and report of the Special Master

that the fee sought by the Eubanks firm would be due for their effort on behalf of Bob Stephens (Eubanks 1 - Exhibit V A1).

The records document that Eubanks incurred $834.93 in expenses on this case and it is the finding of the Special Master that these expenses are related to this matter and should be paid.

It is, therefore, the Report and Recommendation of the Special Master that Gary Eubanks and Associates, P.A. is entitled to an attorney fee of 32% of the amount awarded to Bob Stephens, plus incurred expenses of $834.93, less a deduction for the Common Benefit fee as awarded by the Court.

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I electronically filed the foregoing Report and Recommendation with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.  I further certify that I mailed and faxed the foregoing Report and Recommendation and the notice of electronic filing to the following:

William Gary Holt
Breean Walas
Gary Holt & Associates, P.A.
Post Office Box 3887
Little Rock, AR 72203-3887
Fax: (501) 372-2249

E. Glenn Thames, Jr.
Potter Minton, PC
110 North College Avenue, Suite 500
Tyler, TX 75702
Fax: (903) 593-0846

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com