*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date: TBD, 2010.*
*Time:* *OPEN.*
*Judge: "ELDON" FALLON*
*Objection Date: 10 Day [TBD]- -2010.*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED NOV 1 0 2010
LORETTA G. WHYTE
CLERK

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date: [TBD] 2010.
Time: 9:00 a.m.
Judge: Hon. Fallon E. Eldon
Objection Date: [TBD], 2010.

PLAINTIFF/CLAIMANT (LILAK), CASE No. 06-CV-08318/MDL 1657-EEF

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA,
# NEW ORLEANS DIVISION

IN RE: VIOXX- SETTLEMENT )  **CASE No. 06-CV-08318-EEF**
MARKETING SALES PRACTICES AND )
PRODUCT LIABILITY LITIGATION )  **MDL No. 1657**
)

| This Document Relates to: | REPLY: PLAINTIFF (MOVANT) LILAK |
|---|---|
| 1."**MOTION** FOR REMANDING OF CASE 2:06-cv-08318-EEF-DEK" FOR **SUMMARY JUDGMENT** AGAINST MERCK/DEFENSE. | " **MOTION REMANDING CASE FOR JUDICIAL REVIEW FOR FAIRNESS & JUSTICE ACCORDING TO RULES & PRINCIPAL OF LAWS FOR SUMMARY JUDGMENT**" |
| 2. **CROSS & COUNTER COMPLIANT** FOR ALLEGATION OF **FRAUD, DISHONEST SERVICES, BAD FAITH WONTON CONDUCT & SCIENTER RULES IN COURT ORDER SETTLEMENT PROCESS** MDL 1657-EEF. | JUDICIAL REVIEW OF THE SITUATION& COUNTER & CROSS COMPLAINT.  CLAIMS VCN NO. 1113035. QCP -CLAIMANT WITH "MI, IS" DUAL INJURIES" & EI-CLAIMS {IN DISPUTE}. MERCK DEFENDANT(S) / C A-BROWNGREER |
| 3.**RESPONSE/REPLY TO DEFENSE OPPOSITION OF 10-27-2010**  CONTROVERSY(S) OF RULE OF LAW, FAIRNESS & JUSTICE IN CIVIL PROCESS. PURSUANT TO RULE 56 [A, B, C, D, E, F, G, H]  Case No. 06-cv-03813 EEF  **MDL-1657-EEF**  Fraud, Dishonest Services, SCIENTER rule and Missuse of Civil Procedures, Rule D.C.COLO.LCivR 30.3 Sanctions For Abusive Deposition. And PURSUANT TO RULE 56 (A, B, C, D, E, F, G, H) | FOR WAGE LOSS CLAIM BY PLAINTIFF AGAINST MERCK & /BROWNGREER/DEFENSE  DATE: OCT 31, 2010.  Hearing Date: [TBD], 2010. Time: [TBD] 9:00 a.m. Judge: HON. FALLON E. ELDON |

COURT'S & CHAMBER'S COPY(S)
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:                 OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

# MOTION REMANDING OF CASE FOR JUDICIAL REVIEW & SUMMARY JUDGMENT
# DEFENSE RESPONSE "OPOSITION" OF 10-27-10 OUT OF TIME FRAME AND EXPIRED
# [10+3 DAY-RULE 56 MOTION ALLOWED BY LAW]
# [MOTION WAS FILED 08-26-10 approx., ]

**HEARING DATE [TBD & SET] , November----- 2010 @ TIME: 9:00 A.M.**

**TO:**

**SAID COURT OF HONORABLE: FALLON  E. ELDON,  &    ALL PARTIES,**

**TO WHOM IT MAY CONCERN**

**Your Honor**, This issue is before you, because there are certain minor controversy(s), which are very huge for claimant, since he (plaintiff) stand to suffer huge financial damages caused by defective medication, there are 8-9 years of disabilities & suffering which needed to be compensated, regarding Plaintiff's claims for WAGE LOSS & "Equity" Plaintiff has been injured by the defective medication of VIOXX which caused injuries to Plaintiff and his family. Who happened to be educated with degree and now not able to provide for family of five dependants and living on 120%-180% poverty index injuries and damages caused by Merck & Company. {Defense opposition of 10-27-2010 was supposed to be filed within 10+3 = 13 day}.

The plaintiff's Summary Motion was filed 08-26-2010. Therefore, Defense Motion of 10-27-2010, Opposition should be ignored, besides, it does not have any legal grounds or basis to be requesting for dismissal.

1. The Main case is with Jury Demand. This phase of the case can be resolved by Summary Judgment by this court and this court has the jurisdiction and authority to enter "Summary Judgment in favor of Plaintiff Lilak, which is appropriate in this situation. This request and prayer is being made pursuant to, and according to Rule 56 (A, B, C, D, E, F, G, H) of civil procedures

2. **The Plaintiff has exhausted all avenues** to resolve the matters through the amicable way through the settlement process i.e. "Pro Se" curator and other involved party(s) being "cozy" with each other and not being fair & just to the "Pro Se" Claimant and letting him being

COURT'S  &  CHAMBER'S  COPY(S)
REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.
MOTION FOR SUMMARY JUDGMENT

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

exploited   by   the   defense   firm   CA-BROWNGREER/MERCK   &
Company.

3. **The plaintiff/Claimant entered in the MSA-Master Settlement
   Agreement program for to be treated with fairness** and according
   to justice, fairness and principal of law and he had followed all the rules
   of MSA program.

   MSA program is set for exploitive methods to minimize compensation for
injured and victims of Merck. The firms CA has been directed by the MERCK to
refuse the claims regardless of the situation and have some excuse to deny the
legitimate claims, Burdensome and hardship conditions has been devise to keep
the claimant on defense in MSA program. The plaintiff did not enter in the MSA
program **to be cheated and exploited by the Dishonest Services of firms CA
& Defense of MERCK involved to minimized injured person's compensations by
using "SCIENTER rules and Fraud"** and maximize the Corporate profits/savings
and being cozy with big corporation and not caring for the injured and Pro Se
claimants.

4. **I have not given any permission to be cheated, exploited or my
   basic rights being violated by big corporations clever lawyers and
   firms** and   neither I will permit, that plaintiff compensation be
   minimized by "SCIENTER RULES" of some clever law firms to violate
   my legal right and equal protection of law under the fair judicial due
   process and fairness of law and the claim of the case.

   **This Court should not give this permission either** because they got big
corporate lawyer making over $375 million in fees, so they should be allowed to
get away with murder? by their excessively dangerous medicines and malicious
litigation and tricks then Big Lawyers will bail them out. They violating the same
rules they have been sanctions by FDA and Government.

   Yet they do not want to pay legitimate compensation for injured victim by
their excessively dangerous medication of "VIOXX". The plaintiff has been
permanently injured and disabled with stroke, by the Merck Corporation
who(plaintiff) is not able to provide for his family because of the negligence and
dereliction of duty of this Corporation i.e. MERCK.

5. **Your  Honor**, there were no issues of Law which are tri-able, but
   however, if these minor issues are not resolved. It will definitely will
   create few other issues and concern which will require the legal issues
   of "Fraud, Bad Faith and Wonton Conduct, and issues of "Dishonest

*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                  OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

Service"  and perhaps criminal charges by defense MERCK, if this situation is not resolved with this Claimant/Plaintiff.

In reply, to Defense Merck Motion of 10-27-2010 opposition to Plaintiff's "Summary Judgment" Motion of 08-26-2010.  The defense is out of time frame of 10+3 days window to response as required by law & rules. {Defense was suppose to file response within 10-15 days as required by rule.}

Pursuant to    Rule 56 Motion, for Summary Judgment. The Plaintiff however is filing additional charges counter-cross complaint/claim of Fraud, Dishonest Services, Malicious litigation and misuse of civil procedures in Bad faith and Wonton conduct in court order settlement process involving $4.8 Billion.

6. The plaintiff is praying for punitive damages in addition for Fraud, SCIENTER and DISHONEST SERVICE and INTENTIONAL DISTRESS of 8-9 years sufferings, along with his claim for Wage loss.

The Plaintiff is filing against the Defense tort litigation of Fraud, and Malicious use of civil procedures in Bad Faith. In court ordered settlement of $ 4.8 Billion, which is creating potential fraudulent intent in disposing of the funds to victims and injured for fair and just compensation for injuries and wage loss.

7. **Your Honor** as of November 2, 2010 the plaintiff is filing Motion "REMANDING CASE" for review of evidence and records submitted which defense of MERCK & Company is saying "not sufficient information or documents" is a misstatement and lie(s), all supportive records and information was & were submitted as requested to adjudicate the claim, that is where the "SCIENTER & FRADULENT" rules are taking place by just saying **not sufficient information OR DOCUMENTS SUBMITTED. All records are in electronic format and in PDF format and should be available to this court by the "MERCK/BROWNGREER Claim admin. [ some of those records are being sealed due to nature of the information wage loss] but are available, same is true for Insurance claims paid in excess of $225000. Which is the main criteria, for EI-CLAIM for qualification].**

Which has been refused without cause or reason by MERCK/ CA-BROWNGREER. The plaintiff is challenging SCIENTER rules and Dishonest Services by MERCK & their Claim Admin and complaining about their Bad Faith and Wonton conduct. The plaintiff entered in MSA program to be treated fairly according to the rule of law.

*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

8. I will not allow this MSA program to violate the rule of law and principals of law applicable in this Settlement and case management phase of the Case which has demanded trail by Jury, because I joined and entered in the MSA program. Does not mean I should be exploited by their Dishonest Service, Fraud, BAD FAITH and WONTON conduct, violating my basic legal right in the case. That should be considered "Exploitation" of Pro Se and injured and victims.

9. **Therefore,** to this Honorable court, the plaintiff is filing this Motion for Remanding of the case with additional Cross and Counter complaint of Fraud & Dishonest Services. This court has to review the records and deliver justice according to law.  Therefore, Summary Judgment in this situation is appropriate according to Rule 56 as will be explained in detail later in this Motion & response to opposition of defense of date 10-27-2010. The defense has expired the time allowed to response, further more, Defense has no ground or legal ground of law to request dismissal of plaintiff Motion for "Summary Judgment.

10. The Plaintiff Lilak has personal stake, has been injured directly, and family is suffering due to this situation and he stand to suffer huge loss ($3.2 Million in wage loss and other Pecuniary, Non-Pecuniary and Special damages approx.,) and financial difficulty(s) if the situation is not resolved in favor of Plaintiff Lilak. Case is ripe and need to be redress for losses to make Plaintiff "WHOLE".

11. The plaintiff has legal grounds and standings, who has been injured by the Defense's Client MERCK and is responsible for the liability(s) in this case of "Product Liability Litigation"  for negligence and dereliction of duty & "res ipsa liqitor" situation speaks for itself.

"IT IS TIME, THAT MERCK & DEFENSE FOLLOW THE  LAW OF THE CASE  AND  FULFIL  THEIR  LIABILTY(S), AND  RESPONSIBILITY(S)  TO INJURED & VICTIM" in this case of plaintiff (Lilak).

Since this is the responsibility of this court for this MDL 1657 case management. "res ipsa logitor" and Product Liability is the nature of the case.

Merck is liable and should face it liability(s) to the situation rather (instead) using SCIENTER rules, Malicious Litigation Bad Faith and Wonton conduct to minimize compensation.

*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

| | |
|---|---|
| *Hearing Date:* | *TBD, 2010.* |
| *Time:* | *OPEN.* |
| *Judge:* | *"ELDON E. FALLON"* |
| *Objection Date: 10 Day [TBD]- -2010.* | |

12. Which requires teaching of lesson and setting of example by this Honorable Court so it is not repeated in future by ordering "Punitive Damages" award in favor of injured and disabled plaintiff who has been and his family been suffering from last 8-9 years now, who has been permanently injured for life and damaged by MERCK Corporation,

and violation of ethic of Civil proceeding and use of civil procedures in Bad Faith to hurt and damage other party is considered Fraud by conspiring with firms and procedures and minimizing compensation which are not fair and just by law, **therefore, predatory and malicious litigation in disregard of injured and victims.**

13. **Your Honor** this court has the authority to resolve these issue(s) under Rule 56 of Federal Rule of Civil Procedures, which I will explain in few minutes. The Honorable court need to cite the defense why summary Judgment should not be entered in this situation for the Plaintiff/Claimant (Lilak). **[MERCK/Defense, who did not even cared to response to Motion, Like they have the system in their pocket]........... EYES OF LAW ARE ON THE JUDICIAL PROCESS OF THIS SETTLEMENT CASE MANAGEMENT.............**

I am writing, to the said court and sending this Notice, to all parties by fax / e-mail or by US mail, or Certified mail, or registered or receipt confirmation mail to all of you to whom it may concern, pursuant to D.C. COLO. LCiv. R 3.2 and 7.5. The Motion is being filed for "REMANDING OF THE CASE FOR JUDICIAL REVIEW" [In accordance with Rule 7.5 Notice of related Cases and D.C.COLO.LCivR 40.1A and 40.1C.4.a].

This Motion for "REMANDING OF THE CASE FOR REVIEW & CROSS – COUNTER COMPLAINT" FOR SUMMARY JUDGMENT IS RIPE FOR REDRESSABILITY TO MAKE PLAINTIFF "WHOLE" due to possible and potential fraud, Dishonest Services in court order Settlement process and application of SCIENTER & FRADULENT application of civil rules in Bad Faith and Wonton Conduct.

14. The Motion is being filed pursuant to Statutes of Fraud and Rule 56, and Rule 60 (b) because I need to inform that Fraud, Misconduct, Malicious Litigation, Wonton and Bad Faith Conduct, SCIENTER and Dishonest Services has taken place against the Plaintiff/Claimant Claim & EI-Claims for "WAGE LOSS" and Dual Injury(s) claims by the CA-BROWNGREER CLAIMS ADMIN For VIOXX SETTLEMENT PROCESS.

COURT'S   &   CHAMBER'S   COPY(S)
REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:                   OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

15. An immediate Court order "To Show Cause"  for defense to be issued, to intercept and to resolve disputed issues of "Wage Loss" and this court's action is required for fair and just adjudication of claims according to applicable fairness & legal resolution for "Wage Loss" for Past Present and future is prayed, requested and demanded. This court has the authority and jurisdiction for this issue to resolve without protracted litigation.

The plaintiff is filing this expedited Motion "FOR REMANDING OF THE CASE FOR JUSTICE & FAIRNESS OF RULES OF LAW FOR SUMMARY JUDGMENT", to this Court of Honorable Judge for   fairness, and rule of law, for adjudication and just resolution to the controversy and disputed issues relating with [Plaintiff/Claimant, Mr. Lilak ] the VIOXX Claim of dual injuries and El-Claims, "Wage Loss" in objection to and against the  MERCK & COMPANY/CA-BROWNGREER refusal, and their baseless refusal to my Claims for Wage Loss and El-Claims for dual injuries by saying not sufficient information in face of all the hard certifiable evidence record submitted.

16. The plaintiff is asking, and requesting to the Court to issue citation to MERCK & CO and CA-BROWNGREER Claim Admin for MERCK defense to "Show cause" order, why case should not be remanded for review of the submitted evidence & records in support for fairness and according to the rule of law and justice. And why "Summary judgment" should not be entered against the defense and MERCK & CO and for the Plaintiff Lilak.

The plaintiff praying and requesting for resolution to his claims and Summary Judgment to be entered for his claim, since there are no legal issues to be tried in this matter but SCIENTER & FRAUDULENT application of Civil rules in Bad Faith and Wonton conduct by the Defense of Merck & Company.

According, to D.C.COLO. LCiv. Rule 30.3, Sec. A {(1, 2, 3, 4, 5)}, and Pursuant to Statutes  of Fraud, in accordance with Fed. R. Civ. P. 26 requirements rule 26(f) and 26 (a) (3) of Fed. R. Civ. P.  that disclosures be filed with the court.

The plaintiff, requesting relief, from SCIENTER RULES, DISHONEST SERVICES AND FRAUD and ABSUSIVE Discovery with Bad Faith and Wonton conduct by the defense and MERCK & Company.

The relief of claim is being requested, prayed and demanded under rules of Fed. R. Civ. P. Rule 56 & Rule 60 (b) and against MERCK & Company/CA-BROWNGREER firm & MERCK & Company Defense, for playing "SCIENTER

COURT'S  &  CHAMBER'S  COPY(S)
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:       TBD, 2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

Rules and Bad Faith and Wonton Conduct" in Settlement processing of claims, by minimizing victim's & injured claimant compensation.

17. Since all of you have the nexus, symbiotic relation directly and indirectly and are responsible for this situation in some capacity i.e. JPML Judicial Panel for Multi-litigation Case Management rules etc. etc...

The Plaintiff "Pro Se" alleges he has been denied fairness and equal justice in this Settlement process by CA-BROWNGREER/ MERCK DEFENSE. The Court need to Issue citation to defense "To show cause" notice within definite time i.e. 10+3 mailing days by remanding the Case/Claim in court,

18. WHY, summary judgment should be objected for and, in favor of Plaintiff/Claimant (Lilak, El-Claim for wage loss) by the defense CA-BROWNGREER Claim Admin / MERCK & Company, the defense team against the "Pro Se" Claimant Mr. Lilak (VCN No. 1113035).

Therefore, you all are getting this NOTICE "TO Whom It May Concern" by U.S. mail, e-mail, electronic media, e-mail and registered mail, Certified mail this information Notice. So justice can be done, and just and fair settlement can take place for injured victims in this case Mr. Lilak, VCN No. 1113035.

19. JUSTICE and Fairness is being denied, Violation of Federal. Rules of Civil Procedures are/were being violated in MDL Case Management environment. The Rules of Civilized Conduct for Settlement are being ignored. SCIENTER rule & Dishonest Services are being rendered by the defense team & CA-BROWNGREER/MERCK.

A un-necessary, tortuous situation is being created by the defense. The court need to issue citation to defense " to show cause" why plaintiff's submitted evidence which was requested by the defense {CA-Claim Admin} for review & SM assessment  i.e. missing info for calculation purposes which was submitted by plaintiff on the request of defense why was the evidence ignored.

20. The plaintiff, wants to know according to rules of evidence, the rules and laws of Personal injuries. WHY plaintiff's claim is being denied. Plaintiff needs to know the detailed reasons why his evidences are being ignored i.e. Payment paid in excess of $ 225000 by the insurance for injury(s) treatment/rehabilitation and Wage loss records of "Disability" (8-9 years) from Social Security Administration wage loss in excess of $886,000 how come this is not qualifying for the El claim

*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:                OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

with requirement condition of $225K of MSA program?. {MSA program is full of dishonest services to cheat and defraud the innocent victims and injured.

How come the evidentiary information is being blatantly ignored and information being verifiable and all releases for records has been signed. JUST Saying, "NOT ENOUGH OR SUFFICIENT INFORMATION  OR DOCUMENTS" to make decision to resolve the claims?  What a non-sense and BAD FAITH WONTON Conduct by MERCK/DEFENSE.

Therefore, plaintiff is requesting and praying for "Summary Judgment" for his remainder of the claims for El-Claims for Wage loss  and  for which plaintiff has complied with all deficiency(s) for calculation purposes and MSA program. **WHY is the question for This Court,** to ask the MERCK/defense, instead of leaving for liaison or pro Se curator who, are cozy with big corporation defense, and perhaps in their pockets. The fairness of law from this court is being requested, Prayed and demanded.

YOURHONOR! There is a question of fairness of $4.8 Billion in this settlement, victims would like to know the inside story. Without fairness, the plaintiff will have no alternative but to file "Counter and Cross claims" against the defense for Fraud and will prove to Jury of the peers. {Please read the justification for "Summary Judgment" against the defense and in favor of Plaintiff/victim pursuant to the Rule 56.

[FYI: Defense/MERCK paying their lead counsels $375 Million for malicious litigation and dishonest services for settlement program against the Victims and injured. Yet, not willing to pay legit compensation for injured and victims of their fraud and conspiracy(s) and SCIENTER and MALICIOUS litigation and negligence and dereliction of duty to public at large by their excessively dangerous medicines of VIOXX ].

It is unfair that all is taking place, against the Guidelines for Federal Rules for Complex MDL litigation/Settlement and principals of Personal injuries compensation rules of settlement or "Strict Product Liability" and "res ipsa loqitor" rules are being ignored. The rules provided and recommended by the "BREYER COMMITTEE" Guidelines, for the complex management for Settlement communication and Settlement rules are being ignored and disregarded. [Please read the attachments previously submitted - Evidence and Rule 56 justification for Summary Judgment"]

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]-  -2010.*

So you know the facts and the dirt which is being played in Settlement process CA-BROWNGREER/MERCK against the  "Pro Se" injured claimants, by defense of MERCK & COMPANY / CA-BROWNGREER Claim Administration after court order settlement.

# TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, Safdar Neil Lilak, 1033 S. Kittredge Way, Aurora, Colorado 80017, VCN No. 1113035, MDL-1657, Phone: 303-755-1505, E-mail: slilak43@msn.com., respectfully files, This MOTION FOR SUMMARY JUDGEMENT against the Defendants MERCK Inc., et al. and CA-BROWNGREER claims Admin., asking the court order citation be issued to defense "To show cause" why they will object and explain to the court, their objection. The court need to remand the claim/case for reconsideration for Summary judgment and review of records previously submitted. All records in PDF format are available online  or can be requested by the court from CA-BrownGreer claims admin.

## A. PURPOSE OF MOTION:

A motion for summary judgment offers the court the opportunity to end a controversy(s) without a trial if there is no genuine issue with respect to any material fact and the case can be decided as a matter of law. Your Honor, The plaintiff is adding and alleging the charges of

YOUR HONOR, [*in this situation, case is "res ipsa liqitour' and "Strict Product Liability i.e. VIOXX. The Claimant is QCP qualified claimant who has passed through all the harsh and stiff gates criteria and with point award against all the harsh and Burden-some & SCIENTER rules of CA-BROWNGREER. The Claimant, Who is being denied his wage loss, without any just cause or reason by just saying "not sufficient information to calculate the wages loss" is not acceptable, while solid evidentiary information from "Social Security & Insurance Company has been submitted. The plaintiff/claimant is being denied fairness and justice in adjudication of his claims for Wage Loss and other damages*].

The purpose of the Motion for Summary Judgment is to "save litigants the expense and time connected with a trial when as a matter of law, based on admitted facts, one of the parties could not prevail."

*For example, In ref., O. C. Kinney, Inc.  v.  Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628 (1963). See also Walcott v. Total Petroleum, Inc., 964 P.2d*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:               OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

*609, 611 (Colo. App. 1998) ("The purpose is to permit the formal allegations of the pleadings to be pierced, saving the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail"); Peterson v. Halsted, P.2d 373 (Colo.1992).*

Summary judgment does not always involve a central dispute as to the facts, but may involve a dispute as to the legal consequences even when there is no dispute as to the facts. In such circumstances, the parties may stipulate to the facts, and the court may enter judgment for  either side by resolving the governing question of law, as in *Kuehn v. Kuehn, 642 P.2d 524 (Colo. App 1981).*

## B. FOR PLAINTIFF OR CLAIMANT:

YOURHONOR!  Rule 56(a) provide for the entry of a summary judgment for any claimant and impose no limitation on the type of action in which  summary judgment is appropriate, because recovery includes the relief that may be afforded a claimant in either law or equity. A party may move for summary judgment on a claim, counterclaim, or cross-claim. The rule also provides for summary judgment for a party seeking to obtain a declaratory judgment.

*[YOUR HONOR, I have explained the facts/background and situation in my previous "AMENDED OBJECTION" to Defense's refusal of my claims dated July 07, 2010   I submitted all the evidence I had available and which was requested by CA-BROWNGREER was submitted with good faith best efforts. The Denial or ignoring of newly submitted evidence is considered "SCIENTER and Bad Faith Conduct on part of CA-BROWGREER.]*

Rule 56(a) allows a claimant to move for summary judgment after the expiration of twenty days from commencement of the action, thus permitting the rule to serve its salutary purpose of expediting the disposition of cases where no trial is necessary.  According to § 1-15 of Rule 121, the defendant then has 15 days to respond as required by Rule 56. Under Rule 56(f), the court may permit "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had..." In light of this rule, immediate motions for summary judgment are appropriate primarily in cases in which the plaintiff generally believes there is no viable defense (such as breach of simple promissory note).

Rule 56 also provides for a summary judgment "interlocutory in character" on the issue of liability alone, even though there may be a genuine issue as to the amount of damages. Reading this section with section (d), it is clear that

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                  OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

summary judgment can be granted establishing the defendant's liability, and the case can then proceed to trial on the issue of damages.

## C. MOTION AND PROCEEDINGS THEREON:

**YOURHONOR,** Motion for summary judgment are governed by Rule 7 and 121 **§ 1-15.** The motion must be filed more than seventy-five days before trial except a cross-motion for summary judgment may be filed no more than sixty days before trial. A party resisting summary judgment may respond within fifteen days (with three days added if the motion is served by mail, see Rule 6 (e), and the Movant has ten days to reply (subject to a three day extension when the response is served by mail).

The evidence submitted with a motion for summary judgment must be admissible at trial, and thus the enumerated types of evidence that a court considers include only "the pleadings, depositions, answers to interrogatories, and admission on file" together with any affidavits. Of course, such obvious candidates for evidence as documents can be submitted, but they must be submitted with affidavits. [*All required information for claims adjudication has been submitted with the claim/case under rule (26) more detail is available in the claim/case file with CA-BROWNGREER*].

In addition, Rule 43 (e) permits the court to receive oral testimony at a hearing on a motion, in addition to the other matters that may be considered. If testimony is taken, the testimony must, of course, be limited to the question of whether or not there is a genuine issue of any material fact, and must not be permitted to extend to the resolution of any questions. Counsel should be wary of relying on Rule 43 (e) to resist summary judgment, however, Rule 56 requires a party to file affidavits to resist a motion, and Rule 56 itself appears to restrict consideration of the motion to the types of evidence set out above.

## D. STANDARD FOR GRANTING OR DENYING SUMMARY JUDGMENT:

In considering the motion, the court must be satisfied as to three conditions before granting relief. There must be (1) **no genuine issue**[YES] (2) as           to           any           material           fact,           and (3) the moving party must be entitled to judgment [YES] as a matter of law {Plaintiff is qualified injured with personal injuries and wage loss damages as QCP-Claimant}.

The standards for adjudicating a motion for summary judgment have become so settled that, the Supreme Court finds recitation routine: Although the

COURT'S  &  CHAMBER'S  COPY(S)
REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.
MOTION FOR SUMMARY JUDGMENT

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail:* slilak43@msn.com

Hearing Date:        TBD; 2010.
Time:                OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

standard for summary judgment is well-established and almost axiomatic, we set it forth in order to frame the question we must address.

Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue as to any material fact exists [*The Movant Lilak is QCP qualified Claimant with awarded points*] and that the moving party is entitled to summary judgment as a matter of law.

The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a tri-able issue of fact must be resolved against the moving party.

**Martin v. Smith**, *42 P.3d 629 (Colo.2002)(citation omitted); Mehaffy, Rider, Winholz & Wilson v. Central Bank of Denver, 892 P.2d 230(Colo.1995).*

A material fact is one that will affect the outcome of the case. **Peterson v. Halsted**, *829 P.2d 373 (Colo.1992);* **GE Life and Annuity Assur. Co., v. Fort Collins Assemblage, Ltd.,** *53 P.3d 703 (Colo.App.2001);*

Whether a material fact exists is a question of law. *Churchey* **v. Adolph Coors Co.,** *769 P.2d 1336(Colo. 1988).*

A genuine issue of material fact must be established from the evidence, and mere arguments of counsel cannot create such an issue [*in this case CA-BROWNGREER saying insufficient information to calculate Wage loss is base-less*]

[*Your Honor, Missing  Disabality information and other PME/INSURANCE Payments and Bills were &  records were provided as requested and ignored. CA-BROWNGREER saying not sufficient or insufficient information for calculation of Wages Loss is not acceptable by Plaintiff/Claimant. Since he has provided more than sufficient information for claim to be adjudicated on fairness and Just law basis for the case*] **Feeney v. America West; Sullivan v. Davis**, *172 Colo. 490, 474 P.2d 218 (1970).*

## E. INITIAL BURDEN OF PROOF IN SUMMARY JUDGMENT MOTION PRACTICE.

Initially, the moving party has the burden of showing that there is no genuine issue of material fact to be tried. The Colorado Supreme Court has adopted the approach taken by the United States Supreme Court on this

*COURT'S   &   CHAMBER'S   COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

| | |
|---|---|
| *Safdar N. Lilak (Pro Se)* | *Hearing Date:*   *TBD, 2010.* |
| *1033 S. Kittredge way,* | *Time:*   *OPEN.* |
| *Aurora, Colorado 80017.* | *Judge: "ELDON E. FALLON"* |
| *Telephone: 303-755-1505* | *Objection Date: 10 Day [TBD]- -2010.* |
| *E-mail: slilak43@msn.com* | |

issue in **Celotex Corp v. Catrett**, *477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986),*

Which held that where the moving party (typically the defense/defendant or Plaintiff) seek summary judgment on an issue on which it would not bear the burden of persuasion at trial, the Movant's  initial burden of production may be satisfied by showing the court that there is an absence of evidence in the record to support the nonmoving party's case.

[in this situation all deficiency(s) were complied and supplied/provided to the review-review II /SM appeal committee and  was selectively ignored and in SCIENTER response saying insufficient information for wage calculation is baseless & frivolous [missing information was provided, submitted and does exist] by CA-BROWNGREER for Wage loss claim 7.5 – 8.0 + years of wage loss of professional Claimant with college degree. Who is disabled and not able to provide for family of four (4) and living on 120%-180 % poverty index from last 8-9 years approximate.

## F.  CONTROVERTING OR RESPONDING TO THE MOTION:

Once the moving party has met that burden, then the nonmoving party must show there is a triable issue. Thus, the nonmoving party may be required to bring forward material it intends to use to prove its case, demonstrating the existence of competent evidence to controvert the moving party's assertion that there is an absence of evidence. **Siepierski v. Catholic Health Initiative  Mountain Region.**

Rule 56 (e) states that summary judgment may be entered "if appropriate" against a party who fails to respond to the motion. The phrase "if appropriate" requires the court to make a determination that the movant is actually entitled to judgment.

## G. PARTIAL SUMMARY JUDGMENT:

**Both** Rule 56(a) and Rule 56(b) contemplate that a party may seek summary judgment on fewer than all of the claims at issue. In addition, under Rule 56(d), even when the court finds that there is a genuine issue of material fact that stands in the way of summary judgment, the court can enter an order finding that certain facts are uncontroverted for purposes of trial. Such an order establishes those facts at a trial on the merits, and the parties can then focus their litigation efforts on the genuine disputes.

*COURT'S  & CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD, 2010.*
*Time:               OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

The counsel's response to Motion Rule 56 was out of time window as required i.e. 10 days plus 3 days for out of state mailing. The Counsel should not rely too heavily on a grant of partial summary judgment, however. Even a partial summary judgment or an order on "uncontroverted" facts under Rule 56(d) can be reconsidered at trial, and the court may reverse its previous ruling granting the partial summary judgment. ***Bigby v. Big 3 Supply Co.***, and also, ***Forbes v. Goldenhersh**, 899 P.2d 246 (Colo.App.1994);* ***Halter v. Waco Scaffolding & Equipment Co.,** 797 P.2d 790 (Colo.App.1990).*

### H. RULING ON QUESTION OF LAW:

Section (h) of Rule 56 codifies the court's authority to resolve question of law at any stage of the proceeding when it is useful to do so. Most court have ruled on questions of law without the express authority of a rule governing such rulings or orders as part of their inherent authority. This section of the rule formalizes this practice upon motion, the procedures for which would be governed by Rule 56 and by Rule 121, § 1-15.

"If there is no genuine issue of any material fact for the determination of the question of law, the court may enter an order deciding the question.

The result is to save time and expense and simplify the trial." ***Jones v. Feiger.*** *In addition, the function of a ruling on an issue of law is to allow the court to address issues of law which are not dispositive of a claim (thus warranting summary judgment).*

The Plaintiff, will show to the Court and Jury the following: {FYI: Defense Merck response to Motion of Rule 56 was out time window of 10-13 days for court's information.}

### NATURE OF ACTION & BACKGROUND:

The case is "Strict Product Liability" and "res ipsa liquitor". Plaintiff has been harmed and injured and had suffered tremendous financial loss and other damages due to the negligence of defendant(s). The plaintiff/Claimant has been disabled due to the ailments caused by defective medicine of "VIOXX".

The plaintiff has not been able to provide for family of four from last 8-9 years approx., He is educated professional in field of computer technology(s) with BS. Degree (5 years Degree from University of Nebraska) in Computer Sciences, and several years of experiences training and knowledge. He has

COURT'S  &  CHAMBER'S  COPY(S)
· REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:     TBD, 2010.
Time:              OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

been damaged and injured, seeking just and fair compensations for his damages
& injuries past, present and future to make him "whole"

        I want my life back as it was before. The plaintiff/claimant has suffered
huge sufferings emotional, psychological, stress and depression, has lost his
property(s), Savings and career as professional. He is seeking damages of
Pecuniary, Non-Pecuniary and special damages, as this court deem or finds
appropriate. The plaintiff is living 120%-180% poverty index, with help from food
banks, living with $1353 a month disability benefits for family 3-5 people.

1.    This a civil action for damages under Title 42 U.S.C. section 1320 a -7b (b),
21 U.S.C. section 301-97 and Statute of CIV. PRACT &  REM. CODE Section
41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12).

2.    This case, stems from the plaintiff's ingesting the drug VIOXX in the year
2002- 2005 without the Knowledge, it was a dangerous drug to the plaintiff which
was illegally promoted for uses that was not approved by the FDA. Plaintiff found
out about the drug the "VIOXX" In a FDA  alert dated 04/2005 approx.,

3.    On September 23 approx., 2002, plaintiff was involved in an auto accident.
The Plaintiff was injured in auto accident as guest passenger with friend who was
driving the Vehicle, were injured,  taken to emergency hospital i.e. Swedish
Hospital in Denver Colorado, and got consequential injuries of "MI & IS" by use of
"VIOXX" used for pain management to accidental injuries of auto-accident.

4.   On 10-2002 thru 04-2005, the plaintiff saw and visited multiple doctors for his
injuries from the accident and before and after the surgeries to his left knee and
right shoulder, and injuries to lower back from the said accident the multiple
doctors were involved for rehabilitation, surgeries and treatments i.e. Dr. Donald
Schenider, Dr. Wayland Douglas, Dr. Robert  Fromcheck, Dr. Dear Born, Dr. ED
Sullevan  and few other doctors after the accident.

        Who (i.e. Doctors) gave the plaintiff the samples and prescriptions for
'NSAID'   Products   of   "VIOXX",   NEPROSEN,   IBPROFFIN,   PROZAC,
SYMBALTA,PAXIL, AMBEINCE CR  etc... mainly for pain management over the
time frame of 26-36 months approx., The VIOXX samples and prescription were
given especially for the pains in the knees and before and after the surgeries
after  the  said auto accident. The Doctor told it will help with pains in my knees,
shoulder, lower back etc.

5.    The "NSAID" products were used and prescribed after the accident over
period of 26-36 month over the period for pain management and during the

**REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.**
**MOTION FOR SUMMARY JUDGMENT**

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:*      *TBD, 2010.*
*Time:*            *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

rehabilitation, The NSAID products were used before the surgeries and after the surgery(s) to my left knee and right shoulder for pain management that is when the plaintiff had multiple incidents of "MI & IS".

**6.**    The Doctors told plaintiff the drugs would make plaintiff feel better for pain. The Plaintiff took the drugs approximately 26-36 months (approx.,) on regular and on need basis days and night for pains and as need basis during and after the surgeries. The Plaintiff never had a problem of heart or strokes i.e. "MI or IS" strokes, before he took the medication of VIOXX and other NSAID medications.

The Defense MERCK/CA-BROWNGREER team against "Pro Se" plaintiff by exploiting the situation and due to under or lack of legal representation and was  denied the fairness of justice and law for his claims which has been "QCP Claimant" i.e. Qualified Claimant with awarded points.

**7.**    The Plaintiff filed a product liability/personal injury case against MERCK & Company.

**8.** FDA requested that MERCK voluntarily withdraw VIOXX from the United States Market. The MERCK agreed to suspend sales on 04/2005 approx., The Agency concluded that the overall risk versus benefit profile was unfavorable. That conclusion was based on the potential increased risk for serious cardiovascular (CV) adverse events also an increased risk of serious skin reactions.

**9.**    According to the FDA, VIOXX was described as a drug with serious and often life-threatening gastrointestinal bleeding. On those samples that were given to Plaintiff there were no warnings. [Which plaintiff is suffering to date with gastrointestinal problems, stomach problems.].

**10.**

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
### RULES 34 [Reference to the Special Master's Assessment]

**5- 6. The Certificate of Service,** [reference: Relating Special Master/CA Assessment review for EI-Claims of Lilak, MDL1657 - Case 06-CV-08318 EEF]

**(a)    Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

Hearing Date:     TBD, 2010.
Time:                  OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

**(1)** An acknowledgment of <u>service by the person</u> served; or[not provided by SM-Assessment\

**(2)** The Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746. [not provided by SM-Special Master]

**(b) Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. <u>However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.</u>

## 11.   <u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES</u>
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY
**[In this case Special Master/CA-BROWNGREER]**

Pursuant to F.R.C.P. 26:   Except as otherwise stipulated or directed by the court, this disclosure shall, <u>with respect to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony,</u> be accompanied by a <u>written report prepared and signed by the witness</u>. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons [SM-Special Master],

<u>Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;</u> the <u>qualifications of the witness[SM-Special Master], including a list of all publications authored by the witness within the preceding ten years;</u> the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: <u>The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing [SM-Special Master]</u>.

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:              OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.  Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the 09-03, 2010 hearing.

**12.**

### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

### FRAUD, INTENTIONAL MISREPRESENTATION

### RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6
### [Relief from SM-assessment Judgment or Order can be granted]

### <u>GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER OR ASSESMENT REFUSAL</u>

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise, or excusable neglect.

(2)     newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), in representation,  or misconduct by an opposing party;

(4)     The judgment is void;

(5)     The judgment has been satisfied, released, or discharged; it is based on  an earlier Judgment that has been reversed or vacated; or applying it prospectively  is no Longer equitable; or

(6)     Any other reason that justifies relief.

Special Master, perhaps  did  not  expected  the  Plaintiff  to  provide deficiency Mentioned,  in previous reviews or to find a case expert.

*COURT'S   &   CHAMBER'S   COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:        TBD, 2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

The Plaintiff alleges that Special Master conspired with CA-BROWNGREER to write an incorrect and invalid& mistaken assessment and review of the EI-claim is invalid and should be ignored i.e. of Special Master Assessment review report, for Lilak's case VCN 1113035 for claims of EI compensations. The Plaintiff alleges that the majority of Defendants are deceptive CA-BREER/MERCK & COMPANY. It is proven for whole   world to see hypocrisy.

The Special Master was not appointed by the court order, just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is misconduct on part of the SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

**Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud**.

13.
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user  or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage(d) to the person or property of the Plaintiff.

*[in this situation plaintiff is injured directly by the negligence and strict product liability. "res ipsa loquitor" and defendant is liable for the all damages suffered and will be suffered by injured and family answer is YES plaintiff will suffer huge financial and all other damages applicable this situation].*

*The plaintiff has been disabled after the use of the defective products dispensed by the defendants. The Plaintiff has huge loss off wages as being professional in IT- industry. He has 7-8 years of wage loss and he has not been*

20

COURT'S   &  CHAMBER'S  COPY(S)
REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.
MOTION FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:                    OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]- -2010.

able to provide for family, losing his property(s) and savings. From 7-8 years ,
has been living on 120% - 180% poverty index with family of 4 dependent. He is
suffering tremendous hardship from 7-9 years and will suffer in future.

The Plaintiff believes and alleges that Special Master to write my
assessment report is incorrect and fraud. Since He/She was not assigned by the
court or court orders. The action of Special Master filing invalid, wrong, incorrect
and misrepresented review of the claim of  and  for Mr. Lilak and

The Special Master/CA-BROWNGREER not considering newly introduced
information and entering sneakily/cleverly [without name or signature or other
identity attached and charging $700 fee], filing invalid assessment is
misstatements and is fraud, and especially not putting his name address or using
rubber stamps or signature, without qualification for certification is misleading
and being cozy with CA-BROWNGREER is fraud.

**14.**   The SM/CA. Assessment is invalid and should be stricken down from the
records and relief for Claim for (Lilak) should be granted, the Plaintiff (Lilak) El-
Claim does satisfy the criteria for greater damages and losses. The SM/CA-
BROWNGREER/MERCK denial/refusal   of appeal should be ignored and
stricken from records and Summary judgment should be entered in favor of
claimant Mr. Lilak.   {assignment of SM-Special Master is inappropriate in this
kind of situation therefore, invalid for purposes of evaluation claims SM was not
appointed by court order $700 charge was fraud also}

**15.**   Otherwise plaintiff has no alternative but to go directly to the COURT trial,
Media and Governmental authority of "Attorney General of United States" Court
system, file for "COUNTER-CROSS CLAIMS and  for justice and fairness to his
claims. [in response to defense's Motion out of time window response to rule 56
Motion for "Summary Judgment" of plaintiff Lilak. The plaintiff is filing Counter-
Cross complaint of Fraud, Dishonest Services, Mis use of civil procedures in Bad
and Wonton conduct and conspired and defrauded the plaintiff's claim and his
wage loss compensation.

The plaintiff had suffered huge direct damages and sufferings from last 7.5
years and will suffer in future, had financial damages over $3.5 millions in lost
wages and sufferings. He should be compensated for his injuries. CA-
BROWNGREER's local procedures in processing of claims cannot take
precedence over the Federal rule, and rule of law, CA-should please keep in
mind, thanks.

Plaintiff's states,  and confirmed that there is deception going on.

21

*COURT'S & CHAMBER'S COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                   OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

1. Did defendant CA-BROWNGREER/SM/MERCK Company made a material Representation to plaintiff that was false?  **YES**

2. Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-BROWNGREER knew that the Representation was false? **YES**

3. Did defendant CA-BROWNGREER/MERCK/CA-BROWNGREER intended to induce the Plaintiff to act upon the representation? **YES**

4. Did Plaintiff actually and justifiably relied upon the representation and

   There by suffered Injury? **YES**

## 16. ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF CA- BROWNGREER & SPECIAL MASTER/ FOR CASE MANAGEMENT (IF THERE WAS ONE? YES- PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES RULE 60 (b) and Rule 56)

The Plaintiff's (Movant) evidence was/is legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

**17.** Plaintiff submitted all documentary evidence for missing information from the "Social Security & Insurance Company, including medical records of Plaintiff's treating Physician and other physicians at Hospital, Insurance medical Bills paid and Social Security Admin Disability records which were intentionally ignored [7.5 – 8.0 years of disability and *wage loss*]. The Past, Present and Future Approximately $3.2 million dollars is owed in compensations by defendant(s) MERCK & Company/ CA-BROWNFREER, and it should not be a problem from judgment of $ 4.8 Billion dollars, out of court order settlements to redress this situation.

**18.** Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would

COURT'S  &  CHAMBER'S  COPY(S)
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:*     *TBD, 2010.*
*Time:*          *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud on CA-BROWNGREER/MERCK. Sufficient information is available for fair and just adjudication of the clam/case.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement MSA agreement. **IT IS NOW TIME FOR MERCK TO COMPLY WITH RULE OF LAW.**

**19.**     The Plaintiff/Claimant, Lilak is requesting for earliest possible date for summary judgment hearing on this controversy and disputed issues about his claims so justice can be served. [Teleconference for verbal deposition and attendance for hearing can be arranged at court orders.

The plaintiff is qualified Claimant (QCP) with 27.09 award out of 91.0 points deducting 70% to 75% for non-existing symptoms incorrectly from his points of grid/table points and the Harsh Burden-some  rigid rules applications to minimize his compensations i.e. he has gone through all the criteria and Gates reviews of Duration etc..... **[repeative and redundant enforcement of harsh and burden sime rule and "SCIENTER" application of rules in civil proceedings. The plaintif's case is with Jury demand with claims of Personal injuries and Wage loss]**

The CA-BROWNGREER is using unfair and SCIENTER & INSIDE rules to the personal injuries and claims of the plaintiff being (Pro Se). Justice and Fairness of law is being prayed and requested from this Court in this matter and to enter "Summary judgment" is proper, fair and just, thanks.

Plaintiff's reply to Defense opposition dated October 27,  2010
Case: MDL 1657-EEF
VCN No. 1113035

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD, 2010.*
*Time:            OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

# **CONCLUSION** |

The plaintiff's claim is for the Wage Losses, Pain and Sufferings for prolonged use of VIOXX products and suffering injuries for period 7-8 years and to be continued in future. The plaintiff has suffered huge financial damages and has been unable to provide for the family and being disabled and on disability since 10-2002 to 08-2010. The Summary Judgment is appropriate in this situation according to Rule 56 (e).

The defense response of October 27, 2010 Motion is out of time window of 10+3 days and Defense Merck opposition should be denied due to expiry of time window, to Motion of Plaintiff's Rule 56 for Summary Judgment" with punitive damages should be granted and all other awards as deem appropriate as this court deem proper for this situation and this claim and plaintiff (Lilak).

The plaintiff is filing Counter-Cross complaint/claim of Fraud, Scienter rule, Dishonest Services and Bad Faith and Wonton conduct in use of civil procedures with Malicious litigation to minimize injured victim's compensation, therefore violating ethical rules of civil procedures and damaging opposing party Plaintiff Lilak (Pro Se).

The Huge, and gross Negligence and Dereliction of Responsibilities & Duties and intentional and criminal efforts of defendant MERCK & CO, for dispensing un-save medicine to public without warning of adverse affects and dispensing medications which caused people death and pain and sufferings, which the company was not legally authorized to dispense which is fraud and criminal and malicious act on part of the MERCK Company they should be ashamed.

The courts have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. ***Taylor v. Clark* also *Centric-Jones Co. v. Hufnaggel**, was designed to* make the legal system more effective and efficient by discouraging the filing of unnecessary litigation (in this situation case has already has been filed).

I am referring to Defendants refusal of the EI-claim and my objection and Motion for relief under Rule 56 and Rule 60(b). Motion, Information has been provided repeatedly to The Defendant multiple times previously to resolve the issues and controversy but failed. The Controversy still exists. **Therefore, plaintiff/claimant has standing and legal ground for his claim for remand and hearing for summary judgment.**

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:             OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

The Plaintiff (Lilak) is sensing Wonton and Bad faith conduct on part of the MERCK/defendants CA-BROWNGREER/MERCK and this

Honorable Judge, should also sense that in this case. The firm [Ca-BROWNGREER] is making look good in the status reports for $4.8 Billion report to the court, but real story is different. The Honorable court should check into the inside and see the SCIENTER rules and dirt being played by CA-BROWNGREER/MERCK Defense.

The Plaintiff/Claimant (Lilak) and his family had suffered long enough. Due to the negligence and irresponsible, criminal, and fraudulent marketing practices by selling and dispensing excessively dangerous medications.

The plaintiff has direct injuries and his family has suffered a lot of financial damages, due to plaintiff not being able to provide for family and dependents of (4) on him from last 8-9 years. The Claimant wants his life back as before and needs to be compensated for damages/injuries. Sufferings needs to be redress and plaintiff need to be made "WHOLE" Case is ripe for Summary Judgment by this court pursuant to Rule 56 (e).

Therefore, Plaintiff (Lilak) claim for his Wage loss and EI-Claims should be granted, Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint approximately $3.2 Million.

The Plaintiff is praying for the Summary Judgment against the MERCK/Firm CA-BROWNGREER and MERCK Defense and in favor of injured plaintiff as victim of Bad Faith, Wonton and Dishonest Services and claim of Wage Loss should be granted and Just according to the rule of law.

The Plaintiff/Claimant (Lilak) is respectfully requesting, praying and seeking Summary Judgment in response to Defendants refusal of his claims as QCP Claimant.

Since, all Rule of Federal Civil Procedures has been complied. Therefore, it is prayed, that Honorable Judge can enter Order for Summary Judgment for this "res ipsa liquitor" i.e. it speaks for itself, and it is Strict Product Liability case i.e. MERCK is liable and responsible to plaintiff for injuries and damages of wage loss and other appropriate damages as deem proper by this Honorable COURT.

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:               OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

The plaintiff (Lilak) is still open for fair, just and reasonable adjudication to settle claim which should include the wage loss, past present and future and medical expenses past present and future for which details has been submitted, to avoid protracted litigation for this case.

The Plaintiff Lilak, Safdar most respectfully submitted to Honorable Judge for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak),

And relief for the extraordinary injuries El-claims against the defendant and in favor of injured plaintiff/Claimant (Lilak) thanks your Honor, for your time. Respectfully and sincerely, submitted on this Date of 09-31-2010.

The Plaintiff further request & pray for Telephone conference for Summary Judgment  and Hearing if applicable and request that court  please inform him of details for Hearing or any verbal deposition if needed and setting of the Hearing Date, in the name of Justice and Fairness all eyes are on Justice.

If applicable? The Claimant requesting Hearing (mini-trial) by jury hearing, otherwise bench decision will be also be desired, since rule 56 discourage litigation for frivolous matters {though this matter is very, very Huge for this Plaintiff Lilak}.

The plaintiff has been damaged & injured in equity and fairness of law by MERCK/CA-BROWNGREER/MERCK DEFENSE in process of Settlement of the case/claims of Claimant Lilak, Safdar VCN No. 1113035, the case No. 06-cv-08318/MDL 1657-EEF. The plaintiff/Claimant is seeking, begging, praying fairness of law and justice, under equal protection of law and fairness of justice as deem appropriate in eyes of law. The defense needs to be cited for "Show Cause" why summary judgment should not be entered in favor of Plaintiff (Pro Se) Mr. Lilak. The Defense did not response with any opposition to Summary Judgment Motion which was filed 08-26-201 approximately that is The defense had 10-3 day to response. Their response now on 10-27-2010 should be ignored according to the rule 56 of the Motion. Merck defense has no grounds, basis or legal stand to ask for dismissal of plaintiff's motion for SUMMARY JUDGMENT is not appropriate and should be denied. Pursuant to Rule 56 (e) it valid to enter summary Judgment in Favor of Plaintiff Lilak.

*COURT'S  &  CHAMBER'S  COPY(S)*
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:                    OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

The Summary Judgment is prayed, requested and is legally appropriate pursuant to Rule 56 (e) to and in favor of Plaintiff/Family to make them "WHOLE" from suffering of 8-9 years of depression, mental anguish, financial loss of all kinds.

Sincerely,

_____s/ Safdar Neil Lilak_____
Safdar Neil Lilak, Claim: VCN N0. 1113035,

CC:

JUDICIAL PANEL MULTILITIGATION/CASE MANAGEMENT [By e-mail}

DOROTHY H. WIMBERLY/STONE PIGMAN WALTHER WITTMAN

[BY US MAIL] and E-mail: dwimberly@stonepigman.com.

COUNSEL AT LAW, 546 CARONDELETE STREET, NEW ORLEANS,

LOUISIANA 70130-3588. Phone: 504-593-0849, FAX: 504-596-0849.

Reference Case No. 06-CV-08318-EEF.

E-mail: slilak43@msn.com,

Ph: 303-755-1505. slilak43@msn.com

COURT'S  &  CHAMBER'S  COPY(S)
*REPLY TO DEFENSE OPPOSITION MOTION OF OCTOBER 27, 2010.*
*MOTION FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:      TBD, 2010.*
*Time:              OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

## CERTIFICATE OF MAILING & SERVICE

The foregoing was and is mailed to following parties on November 2, 2010, pursuant to the rules of service and mailing, by the US mail, E-mail and Certified or Confirmed receipt mails and electronically to all involved parties.

**TO:**

1. **Mr. Russ Herman [by e-mail]**

   **Plaintiff's Liaison Counsel**

   Herman, Herman Katz & Cotler, LLP

   820 O' Keefe Ave.

   New Orleans, LA 70113.

2 **Mr. Phillip Wittmann [by e-mail]**

   **Stone Pigman Walter Wittmann, LLC**

   546 Carondelet Street

   New Orleans, LA 70130.

1. **IOXX Pro SE Curator [by e-mail]**

   400 Poydras Street

   Suite 2450

   New Orleans, LA 70130.

2. **Dorothy H.  Wimberly**, Lead Liaison Counsel MERCK MDL1657-VIOXX],

   Reference Case: 2:06-CV-08318-EEF-DEK. [by e-mail also]

   546 Carondelet Street,

   New Orleans, Louisiana 70130-3588.

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:    TBD, 2010.*
*Time:            OPEN.*
*Judge:  "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]- -2010.*

Ph: (504) 593-0849, Fax: (504) 596-0849, E-mail:
dwimberly@stonepigman.com

3. **BROWNGREER CLAIMS ADMINISTRATION** – VIOXX Settlement.

   VIOXX Claims Administration [by e-mail]

   115 S. 15th Street, Suite 400

   Richardson, VA 23219. [E-mail: claimsadmin@browngreer.com]

4. **Robert M. Johnston** of Johnston,  Hoefer,  Holwadel & Eldrige (Plaintiff Liaison). [by e-mail]

   601 Poydras Street, Suite 2490,

   New Orleans, Louisiana, LA  70130.

5. **Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX, Case No. 06-CV-08318-EEF]                    [BY U.S Certified Mail]

   500 POYDRAS Street,

   Room C-456

   New Orleans, Louisiana,  LA 70130.

6. Safdar Neil Lilak

   1033 S. Kittredge Way, Aurora Colorado 80017.

**CC:**  Honorable: Eric Holder Attorney General, USA. [by e-mail]

   Honorable: Thomas Perrelli Associate., Attorney General USA. [by e-mail]
   **Respectfully Submitted.**

   **Dated: 10-31-2010**

                    **s/** Safdar Neil Lilak