UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Geraldine Anderson, et al. v. Merck & Co., Inc., et al.*, | * | KNOWLES |
| 2:07-cv-03631-EEF-DEK | * | |
| | * | |
| Only with regard to: | * | |
| James Nelson | * | |

*************************************************************************

**DEFENDANT MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff James Nelson has failed to provide the *prima facie* evidence of causation required by Pretrial Order No. 28 ("PTO 28"): The expert report that he provided states that it ***cannot*** be concluded to a reasonable degree of medical certainty that Vioxx caused or contributed to Mr. Nelson's injury, given the gap of nine months, at minimum, between Plaintiff's cessation of Vioxx use and his alleged event. This Court has previously found that PTO 28 expert reports that fail to support a causal link warrant summary judgment, and such an order is appropriate here. Accordingly, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In support of this motion, Merck further states as follows:

1. On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs to provide specified materials relating to their claims, including certain medical records, signed authorization forms for the release of medical records, and a case specific expert report from a medical expert attesting to a reasonable degree of medical probability that the

1

plaintiff suffered an injury and that Vioxx caused the injury.  *See* PTO 28 ¶¶ II.A.3, II.A.6, II.A.8.  With respect to Mr. Nelson's case, the required discovery materials were due on August 1, 2008.  If plaintiffs subject to PTO 28 failed to produce such materials, the Order provided for a 30-day cure period.  *See* PTO 28 ¶ II.D.  After that cure period had lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

2.Plaintiff Nelson did not submit any of the materials required by PTO 28, and on February 24, 2009, Merck's counsel notified Mr. Nelson's counsel of record – Cellino & Barnes – that if Plaintiff's failure to comply with PTO 28 was not cured within thirty days, Merck would file a Motion for Order to Show Cause why his complaint would not be dismissed, as specified in Section II,D of PTO 28.  No response was provided to this request.

3.Plaintiff's claims, along with the claims of other plaintiffs who were not in compliance with PTO 28, were therefore the subject of Merck's *Seventh* Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice For Failure to Comply with the *Lone Pine* Requirements of PTO 28, filed on April 27, 2009.

4.On May 22, 2009, Mr. Nelson submitted an expert report, signed by Richard S. Castaldo, M.D.  Ex. A.  Thus, Merck withdrew its motion as to Plaintiff Nelson on June 10, 2009.

5.A review of Mr. Nelson's expert report demonstrates that summary judgment should be granted in favor of Merck and Mr. Nelson's claims dismissed.[1]  The expert report states, *inter alia*, that:

---

[1] This Court previously concluded that a plaintiff who submits any expert report – even one that refutes an inference of causation – complies with the Lone Pine requirements of PTO 28.  However, in such a case, a Rule 56 summary judgment motion is appropriate.  *See* Order granting summary judgment in favor of Merck on the claims of Plaintiff Asa McDaniels, Dec. 17, 2009, Rec. Doc. 30193.

- "Mr. Nelson was 42 years old when he presented to the New York Presbyterian Hospital on August 28, 2005. . . . He was diagnosed with an evolving myocardial infarction and was transferred for catheterization. . . . No medications are noted at the time of that admission. . . . He gave a history of cocaine abuse (although the toxicology was negative at this admission) as well as marijuana abuse." Ex. A at 1.

- "Father died of extensive heart attack." Ex. A at 1.

- "Even if he were to receive Vioxx up to the time of the recall, this would take us only until October or November of 2004, at least nine months prior to his cardiac event." Ex. A at 1.

- "The opinions herein are given to a reasonable degree of medical certainty based upon my education, experience, training, clinical work for various pharmaceutical companies including participation in a Phase III Vioxx study and a Phase IV Vioxx study for Merck." Ex. A at 2.

- "I ***cannot conclude*** that this patient's use of Vioxx caused or contributed to any injury." Ex. A at 2 (emphasis added).

6. At some point after the submission of the foregoing expert report, the relationship between Plaintiff and his attorneys ended. Cellino & Barnes filed a motion to withdraw from its representation of Mr. Nelson on January 5, 2010, and that motion was granted on May 17, 2010. No additional counsel has entered an appearance.

7. Mr. Nelson's expert report does not satisfy PTO 28's requirement of a "Rule 26(a)(2) case specific expert report from a medical expert attesting (i) to a reasonable degree of medical probability that the Plaintiff . . . suffered an injury and (ii) that Vioxx caused the injury." PTO 28 ¶¶ II.A.8. Indeed, Mr. Nelson's expert concludes that ***no*** causal link can be established between Mr. Nelson's alleged Vioxx usage and his alleged injury.[2]

---

[2] Beyond this expert report and two pages of prescription records, Mr. Nelson has failed to submit *any* of the discovery materials required by PTO 28. Mr. Nelson has not even provided generic medical records authorizations that would enable Merck to collect the medical records necessary to litigate his claims.

3

8.	Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b)(2). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

9.	In light of the statement made by Plaintiff's own expert that, to a reasonable degree of medical certainty, he could **not** conclude that Plaintiff's use of Vioxx caused or contributed to any injury, no reasonable jury could find in favor of Plaintiff's claims. Accordingly, Merck respectfully requests that the Court enter summary judgment in favor of Merck on all of Plaintiff's claims. A proposed order is attached.

Dated:  November 17, 2010

Respectfully submitted,

 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

1037913v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Summary Judgment has been served on Plaintiff James Nelson by Federal Express at:

> 613 Green Briar Road, Apartment 12
> Warner Robins, GA 31093

I also hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of November, 2010.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1037913v.1