UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Geraldine Anderson, et al. v. Merck & Co., Inc., et al.*, | * | KNOWLES |
| 2:07-cv-03631-EEF-DEK | * | |
| | * | |

**Only with regard to:**
**James Nelson**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S LR56.1 STATEMENT OF
MATERIALS FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to LR56.1, Defendant Merck & Co., Inc., by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1. On April 26, 2007, Plaintiff James Nelson filed suit against Merck alleging personal injuries caused by his use of Vioxx.

2. On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs to provide *prima facie* evidence of usage, injury and causation. As part of this *prima facie* showing, Mr. Nelson was required to produce a case specific expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury. *See* PTO 28 ¶¶ II.A.3, II.A.6, II.A.8.

3. On May 22, 2009, Mr. Nelson submitted an expert report, signed by Richard S. Castaldo, M.D. Ex. A.

4. The expert report of Richard S. Castaldo, M.D. states, *inter alia*, that:

1

- "Mr. Nelson was 42 years old when he presented to the New York Presbyterian Hospital on August 28, 2005. . . . He was diagnosed with an evolving myocardial infarction and was transferred for catheterization. . . . No medications are noted at the time of that admission. . . . He gave a history of cocaine abuse (although the toxicology was negative at this admission) as well as marijuana abuse." Ex. A at 1.

- "Father died of extensive heart attack." Ex. A at 1.

- "Even if he were to receive Vioxx up to the time of the recall, this would take us only until October or November of 2004, at least nine months prior to his cardiac event." Ex. A at 1.

- "The opinions herein are given to a reasonable degree of medical certainty based upon my education, experience, training, clinical work for various pharmaceutical companies including participation in a Phase III Vioxx study and a Phase IV Vioxx study for Merck." Ex. A at 2.

- "I ***cannot conclude*** that this patient's use of Vioxx caused or contributed to any injury." Ex. A at 2 (emphasis added).

5. At some point after the submission of the foregoing expert report, Mr. Nelson's attorneys filed a motion to withdraw from their representation on January 5, 2010, and that motion was granted on May 17, 2010. No additional counsel has entered an appearance.

Dated: November 17, 2010

                                Respectfully submitted,

                                By: */s/ Dorothy H. Wimberly*
                                   Phillip A. Wittmann, 13625
                                   Dorothy H. Wimberly, 18509
                                   STONE PIGMAN WALTHER WITTMANN L.L.C.
                                   546 Carondelet Street
                                   New Orleans, Louisiana 70130
                                   Phone: 504-581-3200
                                   Fax:    504-581-3361

                              Defendants' Liaison Counsel

                              —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts has been served on Plaintiff James Nelson by Federal Express at:

>613 Green Briar Road, Apartment 12
>Warner Robins, GA 31093

I also hereby certify that the above and foregoing Statement of Material Facts has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of November, 2010.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel