U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED NOV 17 2010
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

: MDL NO. 1657
:
: SECTION: L (3)
:
: JUDGE FALLON
: MAG. JUDGE KNOWLES

### NOTICE OF AND MOTION FOR APPEAL OF THE NOVEMBER 12, 2010 REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING THE ATTORNEY FEES AND EXPENSES DISPUTE OF DAWN M. BARRIOS/JAMES MINGE AND JAMES I. SMITH AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

I, James I. Smith (hereinafter "Smith"), pro se claimant, respectfully files this Notice of and Motion for Appeal and Incorporated Memorandum in Support of my appeal to overturn the November 12, 2010 Report and Recommendation of Special Master Patrick A. Juneau, bearing Document 55587; and in support of my appeal respectfully represents the following:

1.  Special Master Juneau's report and recommendation completely missed the mark. The issues in dispute here are whether my attorney Dawn Barrios is entitled to any attorney fees because (1) she failed to perform under the terms of our employment contract therefore breaching our contract; and (2) failed to correctly inform me regarding the valuation of my claim.

2.  The records submitted in my bench book of exhibits show that Ms. Barrios withdrew from representing me as my attorney after receiving a check payable to her and me in the amount of $175,000. Ms. Barrios did not contact me to negotiate the check and in fact I was not informed the check had been sent to Ms. Barrios until after she had sent

-1-

the check back. The Attorneys' Contingent Fee & Cost Employment Agreement between Smith and Barrios states that under Recovery: "I expressly grant power to the Attorneys to endorse and deposit into the attorneys' Trust Account any checks in the clients' name, and authorize the Attorneys to deduct fees, costs, and expenses, and to pay all hospital and medical bills from my share of the recovery. Any unpaid bills for medical care shall remain my obligations". Thus, under the terms of our contract, Ms. Barrios had my power of attorney to negotiate and deposit the $175,000 check that was sent to her on my behalf. Instead of informing me that a $175,000 check was sent to me and instead of negotiating the check as allowed by our contract, she did neither. She sent the check back and failed to inform me of the check. Given these facts, she obtained no recovery for me. The Attorneys' Contingent Fee & Cost Employment Agreement between Smith and Barrios states under Costs: This employment is on a contingent basis and unless a recovery is made there will be no obligation by the client to pay attorneys' fees to the firm. As a small business owner for the past thirty years, this was a breach of our contract. She failed to perform under the terms of our contract and failed to obtain any recovery pursuant to the terms of our contract.

3. Mr. Juneau spends a lot of time in his report discussing that he was confused as to what I was trying to express to him and what I was trying to express in words in my deposition. As you know, I am no lawyer, in fact, I dropped out of school in sixth grade to go to work to support my family. As my medical records well document, for the past six years I have had two heart surgeries, six heart attacks and battled stage 4 kidney cancer. Also for the past two years, my wife of thirty six years has been battling colon

cancer and kidney cancer. I accept the fact that I may have been confusing in my words to Mr. Juneau. That does not, however, change the facts that are contained in written form in my bench book of exhibits submitted to this court.

4. Besides spending a lot of time discussing hw confusing I am in his report, Mr. Juneau also goes into great length discussing hypertension, a non-issue, and that Ms. Barrios proved to him that she was correct in submitting my claim with a pre-existing history of hypertension. If this was correct, then how was it that I was able to obtain an additional $112,000 based upon my same medical records with letters of explanation that were later submitted by Brown & Greer, claims administrators and mediators.

5. Mr. Juneau's report also fails to discuss the fact that Ms. Barrios failed to inform me that I was able to submit letters of explanation regarding incorrect statements contained within my medical records.

6. Mr. Juneau's report also fails to discuss the fact that Ms. Barrios represented to me in a letter dated December 22, 2008 (Exhibit H of Smith bench book of Exhibits) that based upon my medical records the valuation of my claim was the highest award I could receive based upon my medical condition. This is obviously incorrect as Brown and Greer, using my same medical records and allowing me to provide letters of explanation, something that Ms. Barrios never told me I could do, valued my monetary claim 21% higher than Ms. Barrios did. This equated to a 25% higher point value.

7. In conclusion, Mr. Juneau's report and recommendation does not even address the issues in dispute that Ms. Barrios withdrew from representing me and failed to inform me that a $175,000 check payable to me had been sent to her, and secondly that she not only

-3-

incorrectly informed me that I could not obtain a higher point value but failed also to inform me that I could provide letters of explanation to explain incorrect notations in my medical records.

8. Based on the reasons herein and the documents supporting the statements contained herein, I believe Mr. Juneau's report and recommendation should not be followed by this Court and that this Court should make its own determination regarding the real issues in dispute in this matter and rule in my favor, and not allow Ms. Barrios to recover $141,174.25 in attorney fees and costs.

James I. Smith, pro se claimant
110 Luther Davis Road
Picayune, MS 39466
(601) 818-4740

I certify that I have sent a copy of this document to Ms. Barrios by mail on this day, November 17, 2010.

James I. Smith, pro se claimant
110 Luther Davis Road
Picayune, MS 39466
(601) 818-4740

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX  : MDL NO. 1657
PRODUCTS LIABILITY LITIGATION  : SECTION: L
 : JUDGE FALLON
 : MAG. JUDGE KNOWLES

## ORDER FOR APPEAL

Upon due consideration of the foregoing pro se claimant, James I. Smith's Notice of and Motion for Appeal of the Special Master Patrick A. Juneau's November 12, 2010 report and recommendation, this Court finds the motion of pro se claimant James I. Smith, well founded, and that his appeal is hereby granted and that there be no award of any attorney fees and costs to Ms. Dawn Barrios.

IT IS ORDERED, on this day, _____.

_____
JUDGE ELDON FALLON