UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx ® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to: | MAGISTRATE JUDGE KNOWLES |
| Janet Sue Morgan, et al, v. Merck & Co., Inc.; Docket No. 2:05-cv-496 only regarding **James I. Smith** | |

### LIEN CLAIMANTS, DAWN M. BARRIOS' AND JAMES MINGE'S, RESPONSE TO JAMES I. SMITH'S NOTICE OF AND MOTION FOR APPEAL OF THE NOVEMBER 12, 2010 REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING THE ATTORNEYS FEES AND EXPENSES DISPUTE OF DAWN M. BARRIOS/JAMES MINGE AND JAMES I. SMITH

MAY IT PLEASE THE COURT:

Claimants, Dawn M. Barrios and James Minge, ("Barrios") submit the following response to James I. Smith's ("Smith") appeal:

After a hearing wherein both Barrios and Smith were afforded full opportunity to argue their positions and enter into the record all appropriate evidence, Special Master Juneau issued a Report and Recommendation finding in favor of Barrios and Minge and awarding attorneys fees of $136,858.90, plus expenses of $4,314.35, less a deduction for Common Benefit fees. A copy of the Special Master's Report and Recommendation dated November 12, 2010 is attached hereto as Exhibit A. Barrios and Minge respectfully submit that Special Master Juneau's well-considered findings are fully supported by the law and the evidence and no reason exists why they should not be adopted as the findings of this Court.

Despite the lack of any factual or legal basis to support his position, Barrios interprets Smith's "appellate" argument to center on Barrios returning the Initial Payment wired by the Claims Administrator to the Claims Administrator after Barrios and Smith no longer had an attorney-client relationship. Therefore, according to Smith, Barrios did not recover any money for Smith and thus is not entitled to a fee.

Smith's argument is untenable. Barrios received the wire from the Claims Administrator in an amount equal to 40% of the dollar value of the Points Awarded Smith based upon the Claim made by Barrios and the successful appeal by Barrios. Both by phone and in writing, Barrios notified Smith of the arrival of the funds and his need to sign a disbursement statement prior to disbursing the funds. In response, Smith repeatedly sought copies of his files from Barrios. Barrios provided Smith with copies of his files and the attorney-client relationship with Smith was then terminated. As Smith refused to sign the disbursement statement, Barrios had no choice but to return the funds to the Claims Administrator.

An attorney does not lose his fee or lien merely because the settlement received for the client was not actually distributed to the former client before the end of the attorney-client relationship. See *Scott v. Kemper Ins. Co.,* 377 So.2d 66, 70 (La.1979) ("The obvious intent of [the attorney's fee lien statute] is to prevent a client's discharging an attorney and thereby depriving the attorney of his earned fee."). Barrios' fee had already been earned by the time of discharge and upon the termination of the attorney-client relationship Barrios was obligated, both legally and ethically, to return the Initial Payment to Brown Greer. Accordingly, Smith has no basis to complain about Barrios doing precisely what she was required to do under the circumstances.

Barrios attaches hereto as Exhibit B, the "Barrios Memorandum," for the Court's convenience in evaluating Smith's appeal. ("Barrios Memorandum" is Exhibit 74 of Barrios'

submission to Special Master Juneau). Barrios understands that each party's submission to Special Master Juneau has been filed with this Court, which submissions provide all evidence considered by Special Master Juneau and needed by the Court to evaluate the merits of this appeal.

WHEREFORE, Barrios prays that the Court deny Smith's Motion for Appeal and adopt the Report and Recommendation of Special Master Juneau dated November 12, 2010 as the findings of this Court.

Dated: November 23, 2010

Respectfully submitted,

BARRIOS, KINGSDORF & CASTEIX, L.L.P.

By: /s/ Dawn M. Barrios
Dawn M. Barrios, Esq. (LA Bar Roll No. 2821)
Bruce S. Kingsdorf, Esq. (LA Bar Roll No. 7403)
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
Email: barrios@bkc-law.com
kingsdorf@bkc-law.com

**CERTIFICATE OF SERVICE**

I herby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, on Plaintiff, James I. Smith by U.S. Mail, and Certified Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of November, 2010.

/s/ Dawn M. Barrios
Dawn M. Barrios, Esq.