UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL NO. 1657
      PRODUCTS LIABILITY LITIGATION : SECTION: L
: JUDGE FALLON
: MAG. JUDGE KNOWLES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING ATTORNEY FEES AND EXPENSES DISPUTE OF DAWN M. BARRIOS / JAMES MINGE AND JAMES I. SMITH

Pursuant to PTO 47A and Honorable Eldon E. Fallon's Order of March 18, 2010, Special Master, Patrick A. Juneau, was appointed to evaluate all disputed liens for attorney fees and expenses relating to the Vioxx Settlement Payment. The Barrios, Kingsdorf & Casteix firm filed such a claim and the claim was disputed by James I. Smith. The dispute was referred to Special Master, Patrick A. Juneau.

On June 14, 2010 the Special Master issued a scheduling order (SM 2) and set a hearing for October 19, 2010. The scheduling order required the submission of memorandum, affidavits and exhibits to the Special Master.

The hearing was held on October 19, 2010 and present were:

    a)    James I. Smith

    b)    Cynthia Smith, wife of James I. Smith

    c)    Bruce Kingsdorf, on behalf of Dawn M. Barrios

    d)    James Minge

The documents introduced into evidence were:

    a)    SM 1 – Claims Administrator's file


EXHIBIT A

b)     SM 2 – Scheduling Order

c)     Smith 1 – Smith benchbook of exhibits.

d)     Barrios 1 – Barrios benchbook of exhibits.

James I. Smith (hereinafter referred to as "Smith") had consulted attorney James Minge concerning his claim for injuries resulting from the use of Vioxx. Minge referred the case to Barrios, Kingsdorf & Casteix (hereinafter referred to as "Barrios"). In an "Attorneys Contingent Fee and Cost Employment Contract" dated November 19, 2004, Barrios and Minge were retained to represent Smith in his claims arising out of his use of Vioxx (Barrios 1 Benchbook - Exhibit 1).

After being retained, Barrios pursued the claim and the record is very clear that a considerable amount of effort and expenses were expended on Smith's behalf (Barrios1 Benchbook - Exhibits 1-61). The effort included the gathering and analysis of medical records, interviews with Smith, communications with many others relating to the claim, consultation with a Certified Public Accountant, handling proceedings in the MDL litigation, reviewing and providing advice relating to the Vioxx Resolution Program, presentation of the claim and evidence to the Claims Administrator, communications with the Claims Administrator, successful appeal of initial award and reports to Smith. It is the finding of the Special Master that all of these efforts resulted in Smith being awarded 229.32 points. It is also the finding of the Special Master that these efforts were diligently and professionally performed by Barrios.

As I understand the objections of Smith, he complains that Barrios did not perform her responsibilities with regard to the deductions that had been made by the Claims Administrator for body mass index and hypertension. He also complains about the level he was assigned and the failure to file a claim for an award in the Extraordinary Injury Fund. Smith admits that Barrios

successfully appealed the deduction that was made for the body mass index issue (Page 50 of Smith deposition - Exhibit 78 of Barrios 1 Benchbook). With regard to the hypertension issue, it was proper and reasonable for Barrios to rely on the declarations of Smith on page 6 of the Claimant Profile Form" (Exhibit 2 to Deposition of Smith - Exhibit 78 of Barrios 1 Benchbook) regarding the taking of hypertension medication prior to starting on Vioxx; the signed statement of Smith dated February 2, 2008 regarding his blood pressure problem (Exhibit 4 to Deposition of Smith - Exhibit 78 of Barrios 1 Benchbook) and a letter from the University of Mississippi Medical Center (Dr. Friedrich) regarding past history of hypertension (Exhibit 5 to Deposition of Smith - Exhibit 78 of Barrios 1 Benchbook). On the "level" issue, Smith has admitted that he re-submitted this issue to the Administrator and the claim was denied (Pages 51-52 of Smith Deposition - Exhibit 78 of Barrios 1 Benchbook). On the issue of the Extraordinary Fund claim, the testimony of Smith is confusing (Page 58-60 of Smith Deposition - Exhibit 78 of Barrios 1 Benchbook). He testified that he initially told Barrios not to file the claim and after reconsideration, he asked her to file it. He did not know if she filed the claim. He then said he filed it and it was denied by the Claims Administrator. He subsequently appealed the denial to the Special Master and the denial was thereafter affirmed by the Special Master (Pages 60-61 of Smith Deposition - Exhibit 78 of Barrios 1 Benchbook). There is no evidence to substantiate the contention that Smith was entitled to recovery under the Extraordinary Fund or that the ultimate ruling was incorrect.

It is obvious from the testimony at the hearing of October 19, 2010, and the documents submitted into evidence, that Smith was not satisfied with the efforts of Barrios. The relationship deteriorated to such an extent that on January 4, 2009, Smith wrote Barrios a letter and said "Again get my files ready to send to me or I will pick all of them up tomorrow on 1/5/09." (Exhibit 55 of

Barrios 1 Benchbook). The end result was a letter from Barrios to Smith dated January 6, 2009 wherein Barrios stated "Your recent stream of letters proves that you are unsatisfied with my legal services. As it is always best for a client to trust his attorney and you do not trust me, I am withdrawing as your attorney." (Exhibit 62 of Barrios 1 Benchbook).

After the withdrawal of Barrios, Smith continued to pursue his objection to the deduction for hypertension. He secured a letter from Dr. Walter Gipson dated January 29, 2009 stating that "Upon admission to Crosby Memorial Hospital on December 10, 2001 Mr. Smith had a history of episodes of elevated blood pressure for about one month, by his history, but was not diagnosed with Hypertension." (Exhibit O - Smith 1 Benchbook). After the submission by Smith, the Claims Administrator awarded an additional 57.33 points.

It is important to note that it is Dr. Gipson who saw Smith at the Crosby Memorial Hospital on the admission of December 10, 2001 and recorded that a secondary diagnosis was "Essential hypertension, unspecified benign or magligant." (Exhibit 6 to Deposition of Smith - Exhibit 78 of Barrios 1 Benchbook). In those same records it is recorded that the medications consisted of "Lopressor 50 mg. bid." It is the finding of the Special Master that these records, along with the others noted, support the actions taken and opinions expressed by Barrios.

The submissions of Barrios document that the following expenses were incurred in the prosecution of the Smith claim (Exhibits 83 and 84 - Barrios 1 Benchbook):

| | | |
|---|---|---|
| a) | Barrios, Kingsdorf & Casteix | $3,577.64 |
| b) | Neblett, Beard and Arsenault | $ 45.54 |
| c) | Vioxx Litigation Group | $ 22.43 |
| d) | James Minge | $ 115.10 |

Page -4-

|   |   |   |   |
|---|---|---|---|
| e) | Common Costs owed | | $   553.64 |
| | TOTAL | | $4,314.35 |

Barrios is not seeking attorney fees on the additional points that were awarded by the Claims Administrator after Barrios had withdrawn as counsel.

It is the finding of the Special Master that Dawn M. Barrios and James Minge duly performed their obligations under the "Attorneys Contingent Fee and Cost Employment Contract" dated November 19, 2007 and it is, therefore, the Report and Recommendation of the Special Master that Dawn M. Barrios and James Minge should be paid 32% of the total dollars awarded to James I. Smith for 229.32 points ($136,858.90), plus expenses of $4,314.35, less a deduction for the Common Benefit fees awarded by the Court.

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, I electronically filed the foregoing Report and Recommendation with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants. I further certify that I mailed and faxed the foregoing Report and Recommendation and the notice of electronic filing to the following:

Mr. Bruce S. Kingsdorf
Ms. Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Fax: (504) 524-3313

Mr. James I. Smith
Pro Se Claimant
110 Luther Davis Road
Picayune, MS 39466
Fax: (601) 889-9786

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com