UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:   VIOXX
       Product Liability Litigation

Gene Weeks,

       Plaintiff,

v.

MERCK & CO., INC.,

       Defendant.

_____/

MDL NO. 1657

SECTION: L

Case No. 2:05-cv-04578-EEF-DEK

Judge Fallon

Special Master Patrick A. Juneau

### PLAINTIFF'S COUNSEL, MARIA TEJEDOR'S, RESPONSE TO BENJAMIN'S OJBECTIONS TO THE OCTOBER 26, 2010 REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING ATTORNEY FEES AND EXPENSES DISPUTE OF TEJEDOR-WEEKS/BENJAMIN

COMES NOW, Plaintiff's Counsel, Maria Tejedor, Esq. and files this response to Attorney Benjamin's Objection to the October 26, 2010, Report and Recommendation of the Special Master Regarding Attorney Fees and Expenses Dispute of Tejedor-Weeks/Benjamin and as good grounds would state as follows:

1. Mr. Benjamin objects to the Special Master's findings with regard to the in-person meeting deadline set forth in the scheduling order. On September 2, 2010, Special Master Juneau provided written correspondence to both attorneys Tejedor and Benjamin advising that despite Mr. Benjamin's multiple objections and attempts to avoid the in-person meeting requirement, the same was still mandatory. Within the same letter attached hereto as Exhibit A, Special Master Juneau advised of the date, time and location of the in-person meeting. Specifically, Special Master Juneau stated, "Recall that this is a mandatory meeting and all involved parties must attend the meeting in person." As such, in accordance with the Court's requirements, on Monday, September 13, 2010, Plaintiff's counsel made an in-person

appearance in New Orleans, Louisiana as instructed and required per the Court's order. Plaintiff's counsel incurred the expense of flying to the location for the meeting and the loss of time. While Plaintiff's counsel waited at the Hilton Hotel, the location specified by Special Master's September 2nd letter, Mr. Benjamin failed to show as required by the Court.

2. Pursuant to the Court's order, a binder of documents was due to Special Master Juneau prior to September 20, 2010. Prior to September 20th, the same was furnished by Ms. Tejedor to Special Master Juneau, incorporating all important documents for the Court's review as required by the Court order. On Tuesday, October 5, 2010, a telephone conference was ordered by Special Master Juneau with all parties. Ms. Tejedor attended the same and confirmed attendance at the in-person meeting as well as submission of the document binder to the Special Master. During this same conversation, Mr. Benjamin confirmed that he failed to follow the Court's order by attending the required in-person meeting, and additionally, failed to provide a document binder to the Special Master.

3. Mr. Benjamin's objection number three is inaccurate. Mr. Benjamin states that Plaintiff's counsel, Maria Tejedor did not file a Motion for Summary Judgment. Ms. Tejedor did in fact file a Motion for Summary Judgment, and moreso, the same was ruled upon by Special Master Juneau at the in-person, Court ordered hearing which Mr. Benjamin failed to attend.

4. Mr. Benjamin's objection number four is also misguided. Although Mr. Benjamin states that the Tejedor law firm had no authorization to engage in the lawyering which garnered a significantly higher settlement, Mr. Benjamin fails to report that Mr. Weeks has in fact accepted his Vioxx, settlement fund proceeds, despite Mr. Benjamin's appeal and subsequent filings. In fact, Mr. Weeks signed a closing statement with the Tejedor law firm in order to obtain his portion of the settlement funds. Mr. Weeks has since cashed this check and has taken possession of his full settlement funds. Moreover, Pursuant to Special Master Juneau's ruling, "there is no evidence whatsoever that any involvement or effort by Ronald Benjamin assisted in the obtaining of the

award for Mr. Weeks." Certainly, any evidence in Mr. Benjamin's possession pertaining to his work and efforts as it pertains to the settlement award in this matter was not provided as Mr. Benjamin failed to comply with the Court's order by providing a document binder or otherwise appearing for oral argument in Louisiana on the scheduled hearing date.

5. To his objection number five, Mr. Benjamin fails to provide numerous important facts as it pertains to the settlement award. In fact, Judge Fallon ordered in his Order and Reasons dated February 18, 2010, that Mr. Weeks' entry into the settlement program would stand. Additional evidence to the same is provided by the fact that Mr. Weeks has accepted his portion of the settlement award as it was awarded by the settlement program. Again, any evidence in Mr. Benjamin's possession pertaining to his work and efforts on the case should have been provided pursuant to the Court's order by submitting a document binder to Special Master Juneau. Mr. Benjamin objects now to the Court's recommendation despite the fact that he failed to provide the requested documentation in order to evidence his work on Mr. Week's case.

6. In objection number six, Mr. Benjamin states that the Court "improperly denied" his motion for summary judgment. It is fact that Mr. Benjamin failed to submit a document binder to the Special Master and failed to appear for the Court's in-person oral arguments and hearing. As such, is it to Mr. Benjamin's own failure to appear for oral argument which merited a denial of his motion for summary judgment. Mr. Benjamin failed to appear for the hearing with Special Master Juneau, and as such failed to make argument as to his motion for summary judgment, despite knowing that the same was referred to Special Master Juneau for ruling.

WHEREFORE, Plaintiff's Counsel, Maria Tejedor, Esq., respectfully requests that this Honorable Court enter an order enforcing the recommendations made by Special Master Patrick Juneau.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Ronald R. Benjamin, Esq., 126 Riverside Dr., PO BOX 607, Binghamton, NY 13902-0607 by United States Mail and facsimile on this ___ day of November, 2010.

_____
Maria D. Tejedor
Florida Bar No.: 95834
Diez-Arguelles & Tejedor, P.A.
505 N. Mills Ave.
Orlando, FL 32803
P: 407-705-2880
F: 888-611-7879