IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | JURY TRIAL DEMANDED PURCHASE CLAIMS MASTER CLASS |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE CLASS ALLEGATIONS IN PURCHASE CLAIMS MASTER COMPLAINT**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this notice of supplemental authority in support of its pending motion for judgment on the pleadings or to strike class allegations.

In its motion, Merck argued that it should be granted judgment on the pleadings with respect to plaintiffs' consumer fraud claims because plaintiffs have not properly alleged a theory of causation, as required under each of the applicable states' consumer fraud laws. (*See* Def.'s Mot. at 14-15.)  Merck further argued that even if plaintiffs had properly alleged a causal link between Merck's alleged misconduct and their claimed economic injuries, their class claims would still fail because of the need for highly individualized causation inquiries – and should therefore be stricken.  (*See id.* at 35.)  The recently decided case of *In re Light Cigarettes Marketing & Sales Practices Litigation*, No. 1:09-md-02068-JAW, 2010 U.S. Dist. LEXIS

1039348v.1

124774 (D. Me. Nov. 24, 2010), supports Merck's arguments in support of striking plaintiffs' class claims, particularly with respect to the proposed Illinois class.

In *Light Cigarettes*, the plaintiffs brought a putative class action against the defendant manufacturers of light cigarettes. Plaintiffs sought to certify multiple classes of light cigarette purchasers, who were allegedly subject to misrepresentations by defendants regarding the health risks of light cigarettes. *Id.* at *11. Plaintiffs asserted claims for consumer fraud under the laws of California, the District of Columbia, Illinois and Maine.[1] *Id.* at *11-14. The court denied plaintiffs' motion for class certification on multiple grounds. Of most relevance here, the court held that "[t]he Plaintiffs have not established how they can prove the elements of injury and causation on a class-wide basis under the [Illinois Consumer Fraud Act or] ICFA." *Id.* at *53-54. According to the court, "plaintiffs in a class action [asserting claims under ICFA] must prove that 'each and every consumer who seeks redress actually saw and was deceived by the statements in question.'" *Id.* at *15 (quoting *De Bouse v. Bayer*, 922 N.E.2d 309, 315-16 (Ill. 2009)). This requirement could not be "satisfied through class-wide proof" because "the record [] indicate[d] that many smokers did not believe the misrepresentations and bought light cigarettes without relying on them." *Id.* at *50-51. Because plaintiffs could not demonstrate a "causal connection between the misrepresentations and the purchase of light cigarettes" for these smokers, *id.* at *51, there was no way for the Illinois plaintiffs to establish proximate causation on a classwide basis, *id.* For this and other reasons, the court denied the plaintiffs' motion for class certification.[2]

---

[1] Although the Maine plaintiffs asserted claims for consumer fraud under Maine law, they did not seek class certification with respect to those claims. *Light Cigarettes*, 2010 U.S. Dist. LEXIS 12774, at *17 n.5.

[2] The court also rejected proposed classes of California and Washington, D.C. smokers on the ground that absent class members who had not been injured could not establish standing under Article III of the U.S. Constitution. *Id.* at *37. Here, too, there are numerous proposed class members who could not prove a concrete

*(cont'd)*

1039348v.1

The ruling in *Light Cigarettes* confirms Merck's argument that ICFA's causation element precludes certification of plaintiffs' claims. As Merck explained in its briefing and at oral argument, in order to satisfy the causation element of plaintiffs' consumer fraud claims, each putative class member would have to prove that his or her physician would have made a different prescribing decision if more information had been available about the alleged risks of Vioxx – and that the plaintiff would have paid less for pain relief under that alternative decision. Because the relevant evidence for proving such claims would vary dramatically from plaintiff to plaintiff, plaintiffs cannot possibly satisfy the predominance and manageability requirements of Rule 23(b)(3). *See Kleinman v. Merck & Co., Inc*., Nos. ATL-L-3954-04, ATL-L-24-05, 2009 WL 699939, at *12-13 (N.J. Super. Ct. Law Div. Mar. 17, 2009) (rejecting class certification of similar Vioxx-related claims because "the issue of causal nexus between the loss sustained by each member of the class and the consumer fraud . . . creates an insurmountable barrier to a class action"). Accordingly, plaintiffs' class claims should be stricken.

---

*(cont'd from previous page)*
injury from Merck's alleged misconduct because they did not suffer any loss from taking Vioxx. *See Light Cigarettes*, 2010 U.S. Dist. LEXIS 12774, at *60-62.

1039348v.1

## **CONCLUSION**

For the foregoing reasons, and those set forth in Merck's prior briefing, the Court should grant Merck's motion for judgment on the pleadings or to strike class allegations.

Dated:  December 2, 2010                                         Respectfully submitted,


                                                */s/ Dorothy H. Wimberly*
                                                Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

1039348v.1

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of December, 2010.

    */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1039348v.1