UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | |
| FILER: Robert E. Arceneaux/Pascal Calogero, Jr. | * | December 9, 2010 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEDMORANDUM IN SUPPORT OF ERIC WEINBERG, CHRIS PLACITELLA AND COHEN, PLACITELLA AND ROTH'S MOTION TO SUSPEND THE 14 DAY DEADLINE FOR OBJECTION TO THE FEE ALLOCATION COMMITTEE'S DECEMBER 2, 2010 RECOMMENDATION**

MAY IT PLEASE THE COURT:

On December 2, 2010, movers received the following e-mail from Brown Greer relating to recommendations made that date by the Fee Allocation Committee:

> Pretrial Order 6D provides that you have 14 days to notify the Committee whether you object to this recommendation. Please use the attached form to indicate your acceptance or objection. **If you object, you must state in detail the basis of your objection and also indicate the specific amount of common benefit fee award to which you claim you are entitled.** This information will be provided to Judge Fallon and any Special Master appointed by Judge Fallon to consider your objection.

Exhibit A hereto (emphasis added).. Three days earlier, this Court had granted movers' request for access to information necessary to evaluate any recommendation from the Fee Allocation Committee that would be forthcoming. Movers have subsequently asked for additional information that is necessary for them to evaluate the recommendation. Despite sincere efforts by the Committee, they were not able to produce the information subject to this Court's disclosure order until Dec 8, 2010, and copies of that information have yet to be obtained by movers. The additional information requested is subject to a motion pending before this Court that is set for

hearing on January 6, 2010. Because due process requires that movers receive the information requested *before* they are forced to make an election as to whether to accept or reject the Fee Allocation Committee's recommendation, movers' have asked that this Court suspend the 14-day deadline for making such an election until the movers have had an opportunity to receive, review, and analyze all information to which they are entitled, including the information requested by the motion pending for hearing on January 6, 2010.

This Court's November 29, 2010 order (Rec. Doc. 56731), granting Movers' request for access to information, signals an intention to adhere to the due process and transparency guidelines articulated in *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220 (5th Cir. 2008). That case recognized the "inherent conflicts" among fee allocation committee members and those non-committee attorneys whose fees would be determined, along with the committee's own, out of a limited fund. *Id.* at 235, citing *In re Diet Drugs Products Lab. Litig.,* 401 F. 3d 143, 173 (3d Cir. 2005).

In an effort to minimize such conflicts, this Court has indicated, also in accordance with *High Sulfur,* its intention to conduct a thorough and independent review of the recommendations of the fee allocation committee. Pre-trial order No. 6(D) establishes that "[t]he over-arching guideline that the Allocation Committee is to consider is the contributions of each common benefit attorney to the outcome of the litigation." That order goes on to set forth specific criteria for consideration by the fee allocation committee.

In crafting their requests for information, Movers adverted to the criteria articulated in Pre-trial Order No. 6 and to the fee allocation criteria advanced by *High Sulfur.* This Court properly recognized that the materials requested by Movers are "essential to enable [Movers] to challenge how the Fee Committee valued their work." November 29, 2010 Order, p. 1 (Rec. Doc. 56731, quoting *High Sulfur, supra,* at 231.

Despite the genuine effort of the Committee in trying to assemble and make available the materials that were the subject of this Court's order, the materials were not ready until the afternoon of December 8, 2010, and at that time, Movers' counsel requested a copy of all information. That copy is expected to be delivered shortly, but has not arrived. Accordingly, as of this writing, Movers' counsel do not have the information that this Court stated was essential to allow movers to determine whether to accept or oppose any allocation of fees. Once the information is received, it will take at least a few days to analyze the many volumes of data the Committee has produced.

Moreover, since the Fee Allocation Committee made recommendations on December 2, 2010, Movers have had to file a supplemental request for more information. Movers did not learn until they received their recommendation that they would not receive any data along with it that would allow them to engage in even the most rudimentary comparative analysis. Yet, such information is due:

> **Appellants could not compare their awards to those of other attorneys. They were not** furnished with the hours and rates that other attorneys submitted or **informed of the Fee Committee's process, yet such information was essential to enable them to challenge how the Fee Committee valued their work.** *See In re Vitamins Antitrust Litig.*, 398 F.Supp.2d 209, 234 (D.D.C.2005) (lead counsel responsible for fee allocation must "apply a universally fair standard of allocation to all participants, including itself"). **One cannot even compare apples to oranges without knowing what the oranges are. \*\*\*** After all, **"[a]llocation means proportion; how does the share [one] counsel is taking compare to the shares others are getting?"** *In re Vitamins Antitrust Litig.*, 398 F.Supp.2d at 234..

*In re High Sulfur Content Gasoline Products Liabiltiy Litigation,* 517 F.3d 220, 232 (5th Cir. 2008) (emphasis added). Accordingly, in the supplemental request, they have asked for the full recommendation of the Committee as it pertains to all claimants, all documents that reflect the process and methodology utilized by the Committee to make its recommendation, and any side agreements that impact upon the actual amount any claimant, or third party, will receive from the assessment levied against movers and other claimants. Movers are entitled to see this information,

and due process requires, at a minimum, that they have access to it before they must make a determination of whether to accept or reject the Fee Allocation Committee's recommendation.

The Fee Allocation Committee has had 3 years to complete its analysis. It would be fundamentally unfair to ask that attorneys who have been completely in the dark about the comparative analysis determine within a few days of receiving some of the requested material: whether they have a legitimate objection, a detailed basis for that objection, and what their common benefit award ought to be. Movers recognize that a body of jurisprudence has developed guiding the appropriate allocation of fees in complex multi-district litigation. They further recognize that they do not have the information essential to determine the appropriateness of their awards against the broader backdrop of contributions by a large number of attorneys contributing to the common outcome. To decide whether they have any objection at all, movers must engage in the sort of analysis dictated by the jurisprudence and this Court's pretrial orders. To substantiate any objection that might arise, movers must consider the formula adopted by the fee allocation committee, analyze that formula in light of the jurisprudence and the dictates of this Court, and conduct a comparative evaluation of their own awards against other counsels', in light of those guiding principles.

To require that counsel lodge an immediate detailed objection specifying the appropriate amount of their awards would be to invite a host of potentially frivolous and unsubstantiated objections of no use to anyone. Movers cannot responsibly adhere to such a schedule unless this Court orders it.

Accordingly, movers ask that the 14 day deadline be suspended pending further orders of the Court, and held in abeyance until movers have had sufficient time to collect the information that they have requested in their original and supplemental motions, and adequate time to evaluate it to determination whether to accept or reject the Committee's recommendation.

Respectfully submitted,

*Robert E. Arceneaux*

_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Eric H. Weinberg, Chris Placitella, and Cohen, Placitella and Roth

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in support of Joint Motion to Suspend has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this 9th day of December, 2010.

*Robert E. Arceneaux*

_____

# Vioxx MDL 1657
# Fee Allocation Committee

December 2, 2010

Common Benefit Fee Attorney

      The Fee Allocation Committee has completed its extensive review of the common benefit work done in the Vioxx litigation and, in accordance with the terms of the Vioxx Settlement Agreement and Pretrial Order 6D, hereby notifies you that the Committee will recommend to Judge Fallon that you receive the common benefit fee award stated on the attached form.

      In making its recommendation the Committee has taken into consideration a wide array of information, including your affidavit, presentation (if applicable), and time and cost submissions, as well as the collective knowledge of the members of the Fee Allocation Committee. The Committee has also considered the various factors listed in Pretrial Order 6D and the law applicable to awards of common benefit fees. For those firms receiving a recommendation of $0, the submitted time, if any, was not deemed to be compensable common benefit work.

      Pretrial Order 6D provides that you have 14 days to notify the Committee whether you object to this recommendation. Please use the attached form to indicate your acceptance or objection. If you object, you must state in detail the basis of your objection and also indicate the specific amount of common benefit fee award to which you claim you are entitled. This information will be provided to Judge Fallon and any Special Master appointed by Judge Fallon to consider your objection.

      The Fee Allocation Committee's recommendation is just that – a recommendation. Under the terms of the Settlement Agreement, Judge Fallon will make the final common benefit fee award. The Committee hopes that the overwhelming majority of common benefit fee applicants will accept the recommendation of the Committee and that Judge Fallon will authorize a prompt interim payment of the award. However, the Committee can guarantee neither the amount nor the timing of payment of the Committee's recommended award to you.

EXHIBIT A

     Please return the attached forms with all of the requested information to the Chair of the Fee Allocation Committee, **Russ Herman**, located at 820 O'Keefe Avenue, New Orleans LA 70113, **by December 16, 2**010 <u>**and**</u> the Secretary of the Fee Allocation Committee, **Andy Birchfield**, located at 218 Commerce Street, Montgomery, AL 36104.

                                          Very truly yours,

                                          Russ Herman, Chairman

| COMMON BENEFIT FEES AWARD FORM |
|---|
| **A. INSTRUCTIONS** |
| 1. The Fee Allocation Committee has completed its review of your application for common benefit fees under the terms of the Vioxx Settlement Agreement.<br>2. The Committee will recommend to Judge Fallon that you be awarded the common benefit fee indicated in this Form (the "Recommended Award").<br>3. Pursuant to Pretrial Order 6D, you must respond to accept or object to the Recommended Award within 14 days. Accordingly, you must return this completed Form no later than **December 16, 2010**.<br>4. If you accept the Recommended Award, indicate your acceptance by checking in the appropriate box in Section B below.<br>5. If you object to the Recommended Award, indicate your objection by checking the appropriate box in Section B below, fill in specific amount of common benefit award to which you believe you are entitled and attach to this From an Objection to Recommended Award stating in detail the basis of your objection and for the award requested.<br>6. Sign this Form in the appropriate space in Section C below.<br>7. Return this completed Form (and attachment, if there is an Objection) by (1) email; **and** (2) mail or overnight delivery no later than **December 16, 2010**, to:<br><br>    Russ M. Herman                           Andy Birchfield<br>    Chair of the Fee Allocation Committee     Secretary of the Fee Allocation Committee<br>    820 O'Keefe Avenue                    218 Commerce Street<br>    New Orleans, LA  70113               Montgomery, AL  36104<br>    rherman@hhkc.com                     andy.birchfield@beasleyallen.com |
| **B. RECOMMENDED AWARD AND RESPONSE** |
| **Recommended Award:** |
| Response to Recommended Award:  Check only one of the following:<br><br>☐   I accept the Recommended Award as my award of common benefit fees.<br><br>☐   I object to the Recommended Award and request this amount as my award:    $ _____<br><br>    (NOTE:  You must attach an Objection stating in detail the basis of the objection and for the award requested.) |
| **C. SIGNATURE** |

| | | | |
|---|---|---|---|
| **Signature** | | **Date** | ___/___/___ <br>(month) (day) (year) |
| **Printed Name** | First                       MI | | Last |
| **Firm Name** | | | |

#379620