# EXHIBIT 1

# Council of the District of Columbia
# Report

'97  OCT 29  A9 :27

441 4th St., NW  Washington, DC  20001

---

To:          All Councilmembers

From:        Kathy Patterson, Chairperson, Committee on Government Operations

Date:        October 28, 1997

Subject:     Bill 12-363, the "Procurement Reform Amendment Act of 1997"


The Committee on Government Operations, to which Bill 12-363, the "Procurement Reform Amendment Act of 1997," was referred, reports favorably on the legislation and recommends adoption by the Council of the District of Columbia.


## PURPOSE AND EFFECT

The purpose of Bill 12-363 is to modify the Procurement Reform Amendment Act of 1996 (D.C. Law 11-259, effective April 12, 1997), which in turn amended the Procurement Practices Act of 1985 (D.C. Code § 1-1181.1 et seq.), to define false claims submitted to the District and to strengthen the penalties for false claims.  Bill 12-363 also includes provisions to deter and punish false claims by authorizing individuals with direct and independent knowledge of those claims to file suit on behalf of the District as a *qui tam* plaintiff.  Finally, Bill 12-363 makes technical changes to the District's procurement law, including changing the title of the head of the Office of Contracting and Procurement to Chief Procurement Officer (CPO).

## LEGISLATIVE HISTORY

| DATE | ACTION |
|------|--------|
| September 15, 1997 | Introduction of Bill 12-363 by Councilmembers Patterson and Brazil, and referral of Bill 12-363 to the Committee on Government Operations. |
| October 28, 1997 | Markup and Vote on Bill 12-363 by the Committee on Government Operations. (Bill 12-363 as introduced is included as Attachment A). |

## BACKGROUND AND NEED

In 1996, the Council approved Bill 11-705, the "Procurement Reform Amendment Act of 1996," which centralized authority for District procurement in a new Office of Contracting and Procurement, defined the responsibilities of that Office and its Director, modified the contract appeals process, increased small-purchase authority from $10,000 to $25,000, and created new procedures for punishing false claims submitted to the District. Nevertheless, the small-purchase and false-claims sections of Bill 11-705 were inadvertently omitted when the legislation was amended prior to final passage by the Council and signature by the Mayor.

The Council has already approved permanent legislation enacting the small-purchase provisions of Bill 11-705 and has enacted emergency and temporary legislation (D.C. Act 12-62 and D.C. Law 12-17, respectively) establishing the false-claims provisions of Bill 11-705. Bill 12-363 is necesssary to make the false-claims provisions a permanent part of the District's procurement code.

Bill 12-363 would strengthen the statutory provisions for deterring and punishing false claims made upon the District. Modeled on the federal Civil False Claims Act and a similar statute enacted in California, the false-claims provisions authorize the Corporation Counsel to bring civil fraud actions in connection with the Procurement Practices Act of 1985, and to develop implementing regulations. The legislation provides for treble damages and civil penalties ranging from $5,000 to $10,000 for each false claim.

In addition, the legislation allows individuals with direct knowledge of false claims to file a *qui tam* action and collect between 10 percent and 40 percent of the proceeds of a successful case. Any *qui tam* action must remain sealed in D.C. Superior Court for 180 days while Corporation Counsel reviews the case and decides whether to pursue it. If Corporation Counsel declines to take the case, the individual can then proceed with the case on his or her own.

Bill 12-363 includes a number of safeguards to ensure that the *qui tam* provisions are not misused. First, District employees with audit, investigative, and oversight responsibilities cannot bring *qui tam* actions based on information obtained in connection with their official duties. No member or employee of the Council of the District of Columbia, Corporation Counsel, Office of the Inspector General, Office of the Auditor, Office of the Chief Financial Officer, or Metropolitan Police Department can file a *qui tam* suit. Finally, District employees cannot file a *qui tam* suit unless they have exhausted all internal administrative procedures and remedies, including notifying the Office of the Corporation Counsel.

## IMPACT ON EXISTING LAW

Bill 12-363 will broadly support the effective implementation of the Procurement Practices Act of 1985 (D.C. Code § 1-1181.1 et seq.). Section 1-1181.1 establishes the principles guiding the Procurement Practices Act of 1985, including "to provide for increased public

2

confidence in the procedures followed in public procurement" and "to provide safeguards for the maintenance of a procurement system of quality and integrity." Bill 12-363 will further those goals by creating procedures to discourage and punish false claims, and by creating incentives for District employees to report such claims.

## SECTION-BY-SECTION ANALYSIS

Section 1 states the long and short titles of Bill 12-363.

Section 2 adds new sections 807 through 815 to the Procurement Reform Amendment Act of 1996. Each of those sections is described below.

Section 807 defines key terms used in this legislation, including "claim," "fixed obligation," "knowing" or "knowingly," "person," and "proceeds." This section defines the term "claim" broadly, to include any demand or request for money, property, or services made to a District employee, agent, contractor, or grantee if the claim involves a payment to be made or reimbursed by the District. This section also defines a "knowing" violation to encompass not only direct knowledge but also deliberate ignorance or reckless disregard of available information. This definition will promote the prosecution of fraud.

Section 808 defines the circumstances in which someone may be found to have submitted a false claim to the District and specifies the possible penalties. The penalties include damages of up to three times the amount of the false claim or claims, as well as civil penalties ranging between $5,000 and $10,000 for each false claim. This section also establishes joint and several liability for any violation committed by two or more persons. It also removes workers' compensation, unemployment compensation, and tax claims from the scope of the act.

Section 809 authorizes the Corporation Counsel to investigate false claim cases and to bring a civil action against a suspected violator in D.C. Superior Court. This section also allows individuals, known as *qui tam* plaintiffs, to file false claim cases. *Qui tam* suits will remain under seal in Superior Court for 180 days while the Corporation Counsel decides whether to pursue the case.

Section 809 also establishes safeguards to prevent the abuse of *qui tam* authority. District of Columbia Council members and their employees, as well as employees in the Office of Corporation Counsel, Office of the Inspector General, Office of the D.C. Auditor, Office of the Chief Financial Officer, and the Metropolitan Police Department are barred from initiating *qui tam* actions. District employees cannot file a *qui tam* suit unless they have exhausted all internal administrative remedies. Any individual bringing a *qui tam* suit must be an original source of the information contained in the case. Finally, *qui tam* suits cannot be brought against Council members, elected officials in the executive branch, or members of the District judiciary in connection with the official acts of these individuals.

3

Finally, Section 809 states that if the District decides to pursue a *qui tam* case, it has primary responsibility for prosecuting the action. The original plaintiff can participate in the action only to the extent it does not interfere with the prosecution of the case by the Corporation Counsel. If the District conducts the action, the *qui tam* plaintiff is entitled to between 10 and 20 percent of any proceeds, depending on the significance of the information provided by the plaintiff, the plaintiff's role in advancing the claim, and the plaintiff's efforts to resist or stop the fraudulent activity. One-quarter of the proceeds from a successful action conducted by the District will go into an Anti-Fraud Fund established in the new Section 814 of this bill.

If the District does not proceed with a *qui tam* case, the plaintiff is entitled to between 25 to 40 percent of the proceeds, depending once again on the nature of his or her contribution to the case and his or her efforts to stop the fraud. Any proceeds that do not go to the plaintiff (or, in the case of an action successfully prosecuted by the District, the Antifraud Fund) will be deposited into the District's General Fund.

Section 810 bars employers, including the District, from discriminating against employees who file a *qui tam* case or cooperate in providing information relevant to such a case. This section also makes any employer who discriminates against employees on the basis of a *qui tam* case liable for the relief necessary to make the employee whole, including actual damages, compensatory damages, and reasonable attorneys' fees.

Section 811 defines the time limitations on false claim actions. A false claim case, including a *qui tam* action, must be filed within six years of the violation or within three years of the date when the facts pertaining to the action were known or reasonably should have been known by an official in the Office of Corporation Counsel. This section also states that a civil action claim brought pursuant to this bill applies only to an action committed on or after April 12, 1997, the effective date of the Procurement Reform Amendment Act of 1996. Finally, section 811 defines the standard of proof required in a false claim case as a preponderance of the evidence.

Section 812 states that the provisions of this bill are not exclusive and that the remedies it establishes are in addition to any others provided by law.

Section 813 establishes the civil investigative procedures that the Corporation Counsel must follow in a false claims case.

Section 814 creates an Antifraud Fund, which shall not exceed $2,000,000 at any time, to collect the relevant portion of the proceeds of false claim proceedings conducted by the Corporation Counsel. The Fund shall be available to support the enforcement of this act by the Corporation Counsel and to supplement the Corporation Counsel's appropriated funding.

Section 815 establishes criminal penalties, including a jail sentence of up to one year and a fine of up to $100,000 for each violation, for false claims made to the District. The Corporation Counsel shall prosecute violations of this section.

Section 3 makes technical changes to the Procurement Reform Amendment Act of 1996, including the replacement of the word "Director" wherever it appears with "Chief Procurement Officer." Section 3 also strikes the word "independent" in section 105(a) of the Procurement Reform Amendment Act of 1996.

Section 4 describes the projected fiscal impact of Bill 12-366.

Section 5 establishes the effective date for the legislation.

## FISCAL IMPACT

The Committee projects a positive fiscal impact from Bill 12-363. First, the law establishes strong penalties to deter and punish fraudulent claims. It also establishes incentives for District employees to document and report false claims. The dollar value of these incentives cannot be estimated, but it should be substantial in a government that purchases more than $1 billion in goods and services annually.

Second, the law would be essentially self-funding. In any case successfully prosecuted by the Corporation Counsel, the violator would have to reimburse the District for the legal costs of the case. In addition, violators would be liable for treble damages and civil penalties of $5,000 to $10,000 for each false claim. After the payment of any award to a *qui tam* plaintiff and the restitution of the actual loss to the agency subject to the false claim, the District would deposit the proceeds into an Antifraud Fund with assets of up to $2 million available to pay for the enforcement of the law by the Corporation Counsel. Any additional funds recovered would be deposited in the District's General Fund.

## PUBLIC ROUNDTABLE

The Committee on Government Operations held a Public Roundtable on Bill 11-705, the "Procurement Reform Amendment Act of 1996," on June 11, 1996. This forum provided the public with an opportunity to testify on all aspects of Bill 11-705, including the civil false claims and *qui tam* provisions. W. Bruce Shirk of the Seyfarth, Shaw, Fairweather & Geraldson law firm outlined the provisions contained in the civil false claims and *qui tam* sections. Mr. Shirk's testimony is included in this report as Attachment B.

## COMMITTEE ACTION

The Committee on Government Operations met on October 28, 1997 to consider and mark up Bill 12-363.  Present and voting were Councilmembers Patterson, Ambrose, Brazil, Dixon, and Schwartz.

Chairperson Patterson sumarized the provisions of the legislation and then moved for approval of the Committee Print of Bill 12-363, which is included as Attachment C.  The Committee voted 5-0 to approve the Committee Print of Bill 12-363, with Chairperson Patterson, Councilmember Ambrose, Councilmember Brazil, Councilmember Dixon, and Councilmember Schwartz all voting in favor.

Chairperson Patterson then moved for approval of the Committee Report on Bill 12-363. The Committee voted 5-0 to approve the Committee Report on Bill 12-363, with Chairperson Patterson, Councilmember Ambrose, Councilmember Brazil, Councilmember Dixon, and Councilmember Schwartz all voting in favor.

## ATTACHMENTS:

(A)    Bill 12-363 as introduced.

(B)    Public Roundtable Testimony of W.Bruce Shirk, Seyfarth, Shaw, Fairweather & Geraldson on Civil False Claims and *Qui Tam* Actions, June 11, 1996.

(C)    Committee Print of Bill 12-363.

_(signature)_

Councilmember Kathy Patterson

1
2

_(signature)_

Councilmember Harold Brazil

3
4

5

A BILL

6

7

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA

8

9

To amend the Procurement Reform Amendment Act of 1996 to increase the penalties of the civil false claims and qui tam provisions and to change the title of the head of the Office of Contracting and Procurement.

10
11
12

BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this

13

act may be cited as the "Procurement Reform Amendment Act of 1997".

14

Sec. 2.  Section 101 (ff) of the Procurement Reform Amendment Act of 1996, signed by

15

the Mayor on January 3, 1997 (D.C. Act 11-526; 44 DCR ____), is amended by amending Part B

16

of title I to read as follows:

17

"Sec. 807.  Definitions.

18

"For the purposes of this part, the term:

19

"(1)  "Claim" means any request or demand for money, property, or services made

20

to any employee, officer, or agent of the District, or to any contractor, grantee, or other recipient,

21

whether under contract or not, if any portion of the money, property, or services requested or

22

demanded issued from, or was provided by, the District, or if the District will reimburse such

23

contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

"(2) "Fixed obligation" means an amount due the District by contract or by law. The term "fixed obligation" does not include a fine to be imposed by law until the fine has been assessed.

"(3)(A) "Knowing" or "knowingly" means that a person, with respect to information, does any of the following:

"(i) Has actual knowledge of the falsity of the information;

"(ii) Acts in deliberate ignorance of the truth or falsity of the information; or

"(iii) Acts in reckless disregard of the truth or falsity of the information.

"(B) Proof of specific intent to defraud is not required for an act to be knowing.

"(4) "Person" includes any natural person, corporation, firm, association, organization, partnership, business, or trust.

"(5) "Proceeds" means civil penalties as well as double or treble damages as provided in section 808, and criminal fines pursuant to section 103.

"Sec. 808. False claims liability, treble damages, costs, and civil penalties; exceptions.

"(a) Any person who commits any of the following acts shall be liable to the District for 3 times the amount of damages which the District sustains because of the act of that person. A person who commits any of the following acts shall also be liable to the District for the costs of a civil action brought to recover penalties or damages, and may be liable to the District for a civil

penalty of not less than $5,000, and not more than $10,000, for each false claim for which the

person:

   "(1) Knowingly presents, or causes to be presented, to an officer or employee of

the District a false claim for payment or approval;

   "(2) Knowingly makes, uses, or causes to be made or used, a false record or

statement to get a false claim paid or approved by the District;

   "(3) Conspires to defraud the District by getting a false claim allowed or paid by

the District;

   "(4) Has possession, custody, or control of public property or money used, or to

be used, by the District and knowingly delivers, or causes to be delivered, less property than the

amount for which the person receives a certificate or receipt;

   "(5) Is authorized to make or deliver a document certifying receipt of property

used, or to be used, by the District and knowingly makes or delivers a document that falsely

represents the property used or to be used;

   "(6) Knowingly buys, or receives as a pledge of an obligation or debt, public

property from any person who lawfully may not sell or pledge the property;

   "(7) Knowingly makes or uses, or causes to be made or used, a false record or

statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the

District;

   "(8) Is a beneficiary of an inadvertent submission of a false claim to the District,

subsequently discovers the falsity of the claim, and fails to disclose the false claim to the District;

or

   "(9) Is the beneficiary of an inadvertent payment or overpayment by the District

of monies not due and knowingly fails to repay the inadvertent payment or overpayment to the District.

"(b)  Notwithstanding subsection (a) of this section, the court may assess not more than two times the amount of damages which the District sustains because of the act of the person, and there shall be no civil penalty, if the court finds all of the following:

"(1)  The person committing the violation furnished officials of the District responsible for investigating false claims violations with all information known to that person about the violation within 30 days after the date on which the person first obtained the information;

"(2)  The person fully cooperated with any investigation by the District; and

"(3)  At the time the person furnished the District with information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to the violation, and the person did not have actual knowledge of the existence of an investigation into the violation.

"(c)  Liability pursuant to this section shall be joint and several for any act committed by 2 or more persons.

"(d)  This section shall not apply to the following:

"(1)  Workers' compensation claims filed pursuant to the District of Columbia Workers' Compensation Act, effective July 1, 1980 (D.C. Law 3-77; D.C. Code § 36-301 *et seq.*);

"(2)  Unemployment compensation claims filed pursuant to the District of Columbia Unemployment Compensation Act, approved August 28, 1935 (49 Stat. 946; D.C. Code § 46-101 *et seq.*); and

"(3) Claims, records, or statements made pursuant to those portions of Title 47 of the District of Columbia Code that refer or relate to taxation.

"Sec. 809. Corporation Counsel investigations and prosecutions; powers of prosecuting authority; civil actions by individuals as qui tam plaintiffs; jurisdiction of courts.

"(a)  The Corporation Counsel shall investigate, with such assistance from other District agencies as may be required, violations pursuant to section 808 involving District funds.  If the Corporation Counsel finds that a person has violated or is violating the provisions of section 808, the Corporation Counsel may bring a civil action against that person in the Superior Court of the District of Columbia.

"(b)(1)  A person may bring a civil action for a violation of section 808 for the person and either for the District or in the name of the District.  The person bringing the action shall be referred to as the qui tam plaintiff.  Once filed, the action brought by the qui tam plaintiff may be dismissed only with the written consent of the court, taking into account the best interest of the parties involved and the public disclosure purposes of this act.  The Corporation Counsel shall be served with the notice of proposed dismissal and shall have the opportunity to be heard.

"(2)  A complaint filed by a qui tam plaintiff pursuant to this subsection shall be filed in the Superior Court in camera and may remain under seal for up to 180 days, unless the seal is extended by the court.  No service shall be made on the defendant until after the complaint is unsealed.

"(3)  On the same day as the complaint is filed pursuant to paragraph (2) of this subsection, the qui tam plaintiff shall serve the Corporation Counsel by mail, return receipt requested, with a copy of the complaint and a written disclosure of substantially all material evidence and information the person possesses.

"(4)  Within 180 days after receiving a complaint alleging violations involving District funds, the Corporation Counsel shall do either of the following:

"(A)  Notify the court that he or she intends to proceed with the action, in which case the seal may be lifted unless, for good cause shown, the court continues the seal; or

"(B)  Notify the court that he or she declines to take over the action, in which case the seal shall be lifted and the qui tam plaintiff shall have the right to conduct the action.

"(5)  Upon a showing of good cause, the Corporation Counsel may move the court for extensions of the time during which the complaint remains under seal.

"(6)  When a qui tam plaintiff brings an action pursuant to this subsection, no other person may bring an action pursuant to this section based on the facts underlying the pending action.

"(c)(1)  No person may bring an action pursuant to subsection (b) of this section against a member of the Council of the District of Columbia ("Council"), a member of the District judiciary, or an elected official in the executive branch of the District, if the action is based on any official act occurring during his or her term of office.

"(2)(A)  No person may bring an action pursuant to subsection (b) of this section based upon allegations or transactions in a criminal, civil, or administrative proceeding, investigation, or report, or audit conducted by or at the request of the Council, the Auditor, the Inspector General, or other District or federal agency; or upon allegations or transactions disclosed by the news media, unless the person bringing the action is an original source of the information.

"(B)  For purposes of subparagraph (A) of this paragraph, the term

"original source" means an individual who has direct and independent knowledge of the    139

information on which the allegations are based, who voluntarily provided the information to the    140

District before filing an action based on that information, and whose information provided the    141

basis or catalyst for the investigation, report, hearing, audit, or media disclosure which led to the    142

public disclosure as described in subparagraph (A) of this paragraph.    143

  "(3)  No person may bring an action pursuant to subsection (b) of this section    144

based upon information learned by the person in the course of an internal investigation in    145

preparation for, or in conjunction with, a voluntary disclosure to the District or federal    146

government.    147

  "(4)  No present or former employee of the District, or any person who is acting    148

on behalf of or relying on information provided by that employee, may bring an action pursuant    149

to subsection (b) of this section if the employee discovered or obtained the information on which    150

the action is based during the course of his or her employment, unless that employee first in good    151

faith exhausted internal procedures for reporting and seeking recovery of such falsely claimed    152

sums through official channels, including notice to the Corporation Counsel, and unless the    153

District failed to act on the information provided within a reasonable time.    154

  "(5)  No member or employee of the Council of the District of Columbia, the    155

Corporation Counsel's Office, the Office of the Inspector General, the Office of the Auditor, the    156

Office of the Chief Financial Officer, or the Metropolitan Police Department may bring an action    157

pursuant to subsection (b) of this section based upon information discovered during the term of    158

his or her employment.    159

  "(6)  No person may bring an action pursuant to this section if the person has been    160

convicted of a criminal offense in connection with any false claim that is the subject of the    161

action.

"(7)  No person may sell or otherwise transfer any cause of action, or interest in any present or future benefit provided, pursuant to this section.

"(d)(1)  If the District proceeds with the action, it shall have the primary responsibility for prosecuting the action.  The qui tam plaintiff shall have the right to continue as a party to the action and to participate in the action to the extent that the qui tam plaintiff is able to demonstrate to the court that such participation would neither be duplicative of nor interfere with the prosecution of the action by the Corporation Counsel; provided, that the qui tam action was proper pursuant to subsection (c) of this section.

"(2)(A)  The District may dismiss the action for good cause shown.

"(B)  The District may settle the action with the defendant, notwithstanding the objections of the qui tam plaintiff, if the court determines, after a hearing providing the qui tam plaintiff an opportunity to be heard, that the proposed settlement fairly, adequately, and reasonably protects the interests of the District under all of the circumstances.

"(e)(1)  If the District elects not to proceed and the qui tam action was proper pursuant to subsection (c) of this section, the qui tam plaintiff shall have the same right to conduct the action as the Corporation Counsel would have had if he or she had chosen to proceed pursuant to subsection (b) of this section.  If the District so requests, the District shall be served with copies of all pleadings filed in the action.

"(2)  Upon timely application, the court shall permit the District to intervene in an action with which it had initially declined to proceed.  In the event that the District is permitted to intervene, it shall have the primary responsibility for prosecuting the action as provided in subsection (d)(1) of this section.

"(f)(1)  If the District proceeds with an action brought by a qui tam plaintiff pursuant to    185

subsection (b) of this section, and the qui tam action was proper pursuant to subsection (c) of this    186

section, the qui tam plaintiff, subject to paragraphs (3) and (4) of this subsection, shall receive at    187

least 10%, but not more than 20%, of the proceeds of the judgment or settlement of the claim,    188

taking into account the significance of the information, the role of the qui tam plaintiff in    189

advancing the litigation, the qui tam plaintiff's attempts to avoid or resist such activity, and all    190

other circumstances surrounding the activity, except, that if the qui tam plaintiff was substantially    191

involved in the fraudulent activity on which the action is based, the court may direct that the    192

plaintiff receive less than 10%.  When the Corporation Counsel conducts the action, 25% of the    193

proceeds of the judgment or settlement of the claim shall be paid into the Antifraud Fund    194

established by section 814.    195

        "(2)  If the District does not proceed with the action, the court may award the qui    196

tam plaintiff those sums from the proceeds it considers appropriate, which shall be at least 25%    197

but not more than 40%, taking into account the significance of the information, the role of the qui    198

tam plaintiff in advancing the case to litigation, and the scope of, and response to, the employee's    199

attempts to report and gain recovery of such falsely claimed funds through official channels;    200

provided, that if the qui tam plaintiff was substantially involved in the fraudulent activity on    201

which the action is based, the court may award the qui tam plaintiff less than 25%.    202

        "(3)  The portion of the recovery not distributed pursuant to paragraphs (1) and (2)    203

of this subsection shall be paid to the District treasury.    204

        "(4)  If the District or the qui tam plaintiff prevails in or settles any action    205

pursuant to subsection (c) of this section, the qui tam plaintiff shall receive an amount for    206

reasonable expenses which the court finds to have been necessarily incurred, plus reasonable    207

costs and attorneys fees.  All expenses, costs, and fees shall be awarded against the defendant and under no circumstances shall they be the responsibility of the District.

"(5)  If the District does not proceed with the action and the qui tam plaintiff conducts the action, the court may award to the defendant reasonable attorneys fees and expenses necessarily incurred if the defendant prevails in the action and the court finds that the claim of the qui tam plaintiff was frivolous, vexatious, or brought solely for purposes of harassment.

"(g)  In any action brought pursuant to section 809, the court may stay discovery if the Corporation Counsel or the United States Attorney's Office shows that discovery would interfere with an investigation or a prosecution of a criminal matter arising out of the same facts, regardless of whether the Corporation Counsel or the United States Attorney's Office has pursued the criminal or civil investigation or proceedings with reasonable diligence, and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

"Sec. 810.  Employer interference with employee disclosures; liability of employer; remedies of employee.

"(a)  No employer, including the District of Columbia, shall make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency concerning, or from acting in furtherance of, a false claims action, including investigating, initiating, testifying, or assisting in an action filed or to be filed pursuant to section 808.

"(b)  No employer, including the District of Columbia, shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf

of the employee or others in disclosing information to a government or law enforcement agency 231

relating to, or in furtherance of, a false claims action, including investigation of, initiation of, or 232

testimony or assistance in, an action filed or to be filed pursuant to section 809. 233

"(c) Any employer, including the District of Columbia, who violates subsection (b) of 234

this section shall be liable for the relief necessary to make the employee whole, including 235

reinstatement with the same seniority status that the employee would have had but for the 236

discrimination, two times the amount of back pay, interest on the back pay, compensation for any 237

special damage sustained as a result of the discrimination, and, where appropriate (except in the 238

case of the District), punitive damages.  In addition, the defendant shall be required to pay 239

litigation costs and reasonable attorneys fees, necessarily incurred.  An employee may bring an 240

action in the Superior Court for the relief provided in this subsection. 241

"(d) An employee who is discharged, demoted, suspended, harassed, denied promotion, 242

or in any other manner discriminated against in the terms and conditions of employment by his or 243

her employer, including the District of Columbia, because of participation in conduct which 244

directly or indirectly results in submission of a false claim being submitted to the District shall be 245

entitled to the remedies pursuant to subsection (c) of this section, only if the following is true: 246

"(1) The employee voluntarily disclosed all relevant information to a government 247

or law enforcement agency; and 248

"(2) The employee had been harassed, threatened with termination or demotion, 249

or otherwise coerced by the employer or its management into engaging in the activity giving rise 250

to the false claim. 251

"Sec. 811. Limitation of actions; burden of proof. 252

"(a) A civil action brought pursuant to section 809 may not be filed more than 6 years 253

after the date on which the violation of section 808 is committed or more than 3 years after the

date when facts material to the right of action are known or reasonably should have been known

by an official of the Office of Corporation Counsel, but in no event more than 9 years after the

date on which the violation is committed, whichever occurs last.

"(b) In any action brought pursuant to section 809, the District or the qui tam plaintiff

shall be required to prove all essential elements of the cause of action, including damages, by a

preponderance of the evidence.

"(c) Notwithstanding any other provision of law, a judgment of guilt in a criminal

proceeding charging false statements or fraud, upon a verdict after trial or upon a plea of guilty or

nolo contendere, shall estop the defendant from denying the essential elements of the offense in

any action brought pursuant to section 809 which involves the same transaction as in the criminal

proceeding.

"Sec. 812.  Remedies pursuant to other laws; severability of provisions; liberality of

article construction.

"The provisions of this act are not exclusive, and the remedies provided for shall be in

addition to any other remedies provided for in any other law or available pursuant to common

law.

"Sec. 813.  Civil investigative demands.

"(a)(1)  Whenever the Corporation Counsel has reason to believe that any person may be

in possession, custody, or control of any documentary material or information relevant to a false

claims law investigation, the Corporation Counsel may, in order to determine whether to

commence a civil proceeding pursuant to this act, issue in writing and cause to be served upon

such person a civil investigative demand requiring that such person do the following:

"(A)  Produce documentary material relevant to the false claims law     277

investigation for inspection and copying;     278

"(B)  Answer in writing written interrogatories with respect to any     279

documentary material or information relevant to the false claims law investigation;     280

"(C)  Provide oral testimony concerning any documentary material or     281

information relevant to the false claims law investigation; or     282

"(D)  Furnish any combination of such material, answers, or testimony.     283

"(2)  The Corporation Counsel may delegate to the Principal Deputy Corporation     284

Counsel the authority, in his or her absence, to issue civil investigative demands pursuant to     285

paragraph (1) of this subsection.  The Corporation Counsel may not issue a civil investigative     286

demand in order to conduct, or assist in the conducting of, a criminal investigation.     287

"(b)(1)  Each civil investigative demand issued pursuant to subsection (a)(1) of this     288

section shall state the nature of the conduct constituting the alleged violation of a false claims     289

law which is under investigation, and the applicable provision of law alleged to have been     290

violated.     291

"(2) If such demand is for the production of documentary material, the demand     292

shall do the following:     293

"(A) Describe each class of documentary material to be produced with     294

such definiteness and certainty as to permit such material to be fairly identified;     295

"(B) Prescribe a return date for each such class that will provide a     296

reasonable period of time within which the material so demanded may be assembled and made     297

available for inspection and copying; and     298

"(C) Identify the false claims law investigator to whom such material shall     299

be made available.

"(3) If such demand is for answers to written interrogatories, the demand shall do the following:

"(A) Set forth with specificity the written interrogatories to be answered;

"(B) Prescribe dates at which time answers to written interrogatories shall be submitted; and

"(C) Identify the false claims law investigator to whom such answers shall be submitted.

"(4) If such demand is for the giving of oral testimony, the demand shall do the following:

"(A) Prescribe the date, time, and place at which oral testimony shall commence;

"(B) Identify a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted;

"(C) Specify that such attendance and testimony are necessary to conduct the investigation;

"(D) Notify the person receiving the demand of the right to be accompanied by an attorney and any other representative; and

"(E) Describe the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand.

"(5) The date prescribed for the commencement of oral testimony pursuant to a civil investigative demand shall be a date that is not less than 7 days after the date on which the

demand is received, unless the Corporation Counsel determines that exceptional circumstances                   323

are present that warrant the commencement of such testimony within a shorter period of time.                   324

        "(6) The Corporation Counsel shall not authorize, pursuant to subsection (a)(1) of                   325

this section, issuance of more than one civil investigative demand for oral testimony by the same                   326

person unless the person requests otherwise or unless the Corporation Counsel, after                   327

investigation, notifies that person in writing that an additional demand for oral testimony is                   328

necessary.                   329

      "(c)  A civil investigative demand may not require the production of any documentary                   330

material, the submission of any answers to written interrogatories, or the giving of any oral                   331

testimony if such material, answers, or testimony would be protected from disclosure under:                   332

        "(1)  The standards applicable to subpoenas or subpoenas duces tecum issued by a                   333

court of the District of Columbia to aid in a grand jury investigation; or                   334

        "(2)  The standards applicable to discovery requests pursuant to the Superior                   335

Court Civil Rules to the extent that the application of such standards to any such demand is                   336

appropriate and consistent with the provisions and purposes of this section.                   337

      "(d)(1)  Any civil investigative demand issued pursuant to subsection (a) of this section                   338

may be served by a false claims law investigator or his or her agent, or by a United States                   339

marshal or a deputy marshal, at any place within the territorial jurisdiction of any court of the                   340

United States; provided, that the Superior Court of the District of Columbia could exercise                   341

jurisdiction over the recipient of the demand consistent with the due process clause of the                   342

Constitution of the United States.                   343

      "(2)  Any such demand or any petition filed pursuant to subsection (a) of this                   344

section may be served upon any person who is not found within the territorial jurisdiction of any                   345

court of the United States in such manner as the Superior Court Civil Rules prescribe for service in a foreign country; provided, that the Superior Court of the District of Columbia could exercise jurisdiction over the recipient of the demand consistent with the due process clause of the Constitution of the United States.

"(e)(1)  Service of any civil investigative demand issued pursuant to subsection (a) of this section, or of any petition filed pursuant to subsection (a) of this section, may be made upon a partnership, corporation, association, or other legal entity by the following methods:

"(A) Delivering an executed copy of such demand or petition to any partner, executive officer, managing agent, or general agent of the partnership, corporation, association, or entity, or to any agent authorized by appointment or by law to receive service of process on behalf of such partnership, corporation, association, or entity;

"(B) Delivering an executed copy of such demand or petition to the principal office or place of business of the partnership, corporation, association, or entity; or

"(C) Depositing an executed copy of such demand or petition in the United States mail by registered or certified mail, with a return receipt requested, addressed to such partnership, corporation, association, or entity at its principal office or place of business.

"(2)  Service of any such demand or petition may be made upon any natural person by the following methods:

"(A) Delivering an executed copy of such demand or petition to the person; or

"(B) Depositing an executed copy of such demand or petition in the United States mail by registered or certified mail, with a return receipt requested, addressed to the person at the person's residence or principal office or place of business.

"(f) A verified return by the individual serving any civil investigative demand or any

petition filed pursuant to subsection (a) of this section setting forth the manner of such service

shall be proof of such service.  In the case of service by registered or certified mail, such return

shall be accompanied by the return post office receipt of delivery of such demand.

"(g)(1)  The production of documentary material in response to a civil investigative

demand shall be made under a sworn certificate, in such form as the demand designates, by the

following:

"(A) In the case of a natural person, by the person to whom the demand is

directed; or

"(B) In the case of a person other than a natural person, by a person having

knowledge of the facts and circumstances relating to such production and authorized to act on

behalf of such person.

"(2)  The certificate shall state that all of the documentary material required by the

demand and in the possession, custody, or control of the person to whom the demand is directed

has been produced and made available to the false claims law investigator identified in the

demand.

"(3)  Any person upon whom any civil investigative demand for the production of

documentary material has been served shall make such material available for inspection and

copying to the false claims law investigator identified in such demand at the principal place of

business of such person, or at such other place as the false claims law investigator and the person

thereafter may agree and prescribe in writing, or as the court may direct pursuant to subsection

(j)(1) of this section.  Such material shall be made so available on the return date specified in

such demand, or on such later date as the false claims law investigator may prescribe in writing.

Such person may, upon written agreement between the person and the false claims law investigator, substitute copies for originals of all or any part of such material.

"(h)(1) Each interrogatory in a civil investigative demand shall be answered separately and fully in writing under oath and shall be submitted under a sworn certificate, in such form as the demand designates, as follows:

"(A) In the case of a natural person, by the person to whom the demand is directed, or

"(B) In the case of a person other than a natural person, by the person or persons responsible for answering each interrogatory.

"(2) If any interrogatory is objected to, the reasons for the objection shall be stated in the certificate instead of an answer. The certificate shall state that all information required by the demand and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted. To the extent that any information is not furnished, the information shall be identified and reasons set forth with particularity regarding the reasons why the information was not furnished.

"(i)(1) The examination of any person, pursuant to a civil investigative demand for oral testimony, shall be conducted before an officer authorized to administer oaths and affirmations by the laws of the United States or of the place where the examination is held. The officer before whom the testimony is taken shall put the witness under oath or affirmation and shall, personally or by someone acting under the direction of the officer and in the officer's presence, record the testimony of the witness. The testimony shall be taken by any means authorized by, and in a manner consistent with, the Superior Court Civil Rules, and shall be transcribed.

"(2) The false claims law investigator conducting the examination shall exclude

from the place where the examination is held all persons except the person giving the testimony, 415

the attorney or other representative of the person giving the testimony, the attorney for the 416

District government, any person who may be agreed upon by the attorney for the District 417

government and the person giving the testimony, the officer before whom the testimony is to be 418

taken, and any stenographer taking such testimony. 419

"(3) The oral testimony of any person taken pursuant to a civil investigative 420

demand shall be taken in the judicial district of the United States within which such person 421

resides, is found, or transacts business, or in such other place as may be agreed upon by the false 422

claims law investigator conducting the examination and such person. 423

"(4) When the testimony is fully transcribed, the false claims law investigator or 424

the officer before whom the testimony is taken shall afford the witness, who may be 425

accompanied by an attorney, a reasonable opportunity to examine and read the transcript, unless 426

such examination and reading are waived by the witness. Any changes in form or substance that 427

the witness desires shall be entered and identified upon the transcript by the officer or the false 428

claims law investigator, with a statement of the reasons given by the witness for making such 429

changes. The transcript shall then be signed by the witness, unless the witness in writing waives 430

the signing, is ill, cannot be found, or refuses to sign. If the transcript is not signed by the 431

witness within 30 days after being afforded a reasonable opportunity to examine it, the officer or 432

the false claims law investigator shall sign it and state on the record the fact of the waiver, 433

illness, absence of the witness, or the refusal to sign, together with the reasons, if any, given 434

therefor. 435

"(5) The officer before whom the testimony is taken shall certify on the transcript 436

that the witness was sworn by the officer and that the transcript is a true record of the testimony 437

given by the witness.  The officer or false claims law investigator shall promptly deliver the transcript, or send the transcript by registered or certified mail, to the custodian.

"(6)  Upon payment of reasonable charges therefor, the false claims law investigator shall furnish a copy of the transcript to the witness only, except that the Corporation Counsel may, for good cause, limit such witness to inspection of the official transcript of the witness's testimony.

"(7)  Any person compelled to appear for oral testimony pursuant to a civil investigative demand may be accompanied, represented, and advised by an attorney.  The attorney may advise such person, in confidence, with respect to any question asked of such person.  Such person or attorney may object on the record to any question, in whole or in part, and shall briefly state for the record the reason for the objection.  An objection may be made, received, and entered upon the record only when it is claimed that such person is entitled to refuse to answer the question on the grounds of any constitutional or other legal right or privilege, including the privilege against self-incrimination.  Such person may not otherwise object to or refuse to answer any question, and may not, directly or through the person's attorney, otherwise interrupt the oral examination.  If such person refuses to answer any question, a petition may be filed in the Superior Court of the District of Columbia pursuant to subsection (d)(1) of this section for an order compelling such person to answer the question.

"(8)  Any person appearing for oral testimony pursuant to a civil investigative demand shall be entitled to the same fees and allowances that are paid to witnesses in the Superior Court of the District of Columbia.

"(j)(1)  The Corporation Counsel shall designate a false claims law investigator to serve as custodian of documentary material, answers to interrogatories, and transcripts of oral

testimony received pursuant to this section, and shall designate such additional false claims law    461

investigators as the Corporation Counsel determines from time to time to be necessary to serve as    462

deputies to the custodian.    463

"(2)(A)  A false claims law investigator who receives any documentary material,    464

answers to interrogatories, or transcripts of oral testimony pursuant to this section shall transmit    465

them to the custodian.  The custodian shall take physical possession of such material, answers, or    466

transcripts and shall be responsible for the use made of them and for the return of documentary    467

material pursuant to paragraph (4) of this subsection.    468

"(B)  The custodian may cause the preparation of such copies of such    469

documentary material, answers to interrogatories, or transcripts of oral testimony as may be    470

required for official use by any false claims law investigator, or any other officer or employee of    471

the Office of the Corporation Counsel who is authorized for such use by the Corporation    472

Counsel.  Such material, answers, and transcripts may be used by any authorized false claims law    473

investigator or other officer or employee in connection with the taking of oral testimony pursuant    474

to this section.    475

"(C)  Except as otherwise provided in this subsection, no documentary    476

material, answers to interrogatories, or transcripts of oral testimony, or copies thereof, while in    477

the possession of the custodian, shall be available for examination by any individual other than a    478

false claims law investigator or officer or employee of the Office of the Corporation Counsel    479

authorized pursuant to subparagraph (B) of this paragraph.  The prohibition in the preceding    480

sentence on the availability of material, answers, or transcripts shall not apply if consent is given    481

by the person who produced such material, answers, or transcripts.  Nothing in this subparagraph    482

is intended to prevent disclosure to the District of Columbia Council, including any committee of    483

the Council, to the United States Attorney's Office, or to any other agency of the United States for use by such agency in furtherance of its statutory responsibilities.  Disclosure of information to any agency other than the Council or the United States Attorney's Office shall be allowed only upon application, made by the Corporation Counsel to the Superior Court of the District of Columbia, showing substantial need for the use of the information by such agency in furtherance of its statutory responsibilities and after giving the individuals who provided the information an opportunity to be heard on the release of the information.

"(D)  While in the possession of the custodian and under such reasonable terms and conditions as the Corporation Counsel shall prescribe, the following shall apply:

"(i)  Documentary material and answers to interrogatories shall be available for examination by the person who produced such material or answers, or by a representative of that person authorized by that person to examine such material and answers; and

"(ii)  Transcripts of oral testimony shall be available for examination by the person who produced such testimony, or by a representative of that person authorized by that person to examine such transcripts.

"(3)  Whenever any attorney of the Office of the Corporation Counsel is conducting any official investigation or proceeding, the custodian of any documentary material, answers to interrogatories, or transcripts of oral testimony received pursuant to this section may deliver to such attorney such material, answers, or transcripts for official use in connection with any such investigation or proceeding as such attorney determines to be required.  Upon the completion of any such investigation or proceeding, such attorney shall return to the custodian any such material, answers, or transcripts so delivered that have not passed into the control of any

court or agency through introduction into the record of any case or proceeding.

      "(4)  If any documentary material has been produced by any person in the course of any false claims law investigation pursuant to a civil investigative demand, and any case or proceeding before a court arising out of such investigation, or any proceeding before any District government agency involving such material, has been completed, or no case or proceeding in which such material may be used has been commenced within a reasonable time after completion of the examination and analysis of all documentary material and other information assembled in the course of such investigation, the custodian shall, upon written request of the person who produced such material, return to such person any such material (other than copies furnished to the false claims law investigator pursuant to subsection (f)(2) of this section or made for the Office of the Corporation Counsel pursuant to paragraph (2)(B) of this subsection, which has not passed into the control of any court or agency through introduction into the record of such case or proceeding.

      "(5)(A)  In the event of the death, disability, or separation from service in the Office of the Corporation Counsel of the custodian of any documentary material, answers to interrogatories, or transcripts of oral testimony produced pursuant to a civil investigative demand issued pursuant to this section, or in the event of the official relief of such custodian from responsibility for the custody and control of such material, answers, or transcripts, the Corporation Counsel shall promptly do the following:

            "(i)  Designate another false claims law investigator to serve as custodian of such material, answers, or transcripts; and

            "(ii)  Transmit in writing to the person who produced such material, answers, or testimony notice of the identity and address of the successor so designated.

"(1)  "Custodian" means the custodian, or any deputy custodian, designated by the Corporation Counsel pursuant to subsection (i)(1) of this section.

"(2)  "Documentary material" includes the original or any copy of any book, record, report, memorandum, paper, communication, tabulation, chart, or other document, or data compilations stored in or accessible through computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations, and any product of discovery.

"(3)  "False claims law" means sections 103 and 807 through 815.

"(4)  "False claims law investigation" means any inquiry conducted by any false claims law investigator for the purpose of ascertaining whether any person is or has been engaged in any violation of a false claims law;

"(5)  "False claims law investigator" means any attorney or investigator employed by the Office of the Corporation Counsel who is charged with the duty of enforcing or carrying into effect any false claims law, or any officer or employee of the District government acting under the direction and supervision of such attorney or investigator in connection with a false claims law investigation;

"(6)  "Person" means any natural person, partnership, corporation, association, or other legal entity, including any state or political subdivision of a state;

"Sec. 814.  Antifraud fund.                                                                         594

"(a)  There is hereby established an Antifraud Fund ("Fund") to be operated as a                    595

proprietary fund with assets not to exceed $2,000,000 at any time.  The Fund shall consist of       596

criminal fines, civil penalties, and damages collected in cases brought pursuant to this act, other 597

than funds awarded to a cooperator or for restitution to a particular agency in the amount of the   598

actual loss to that agency.  Such funds (with the exception of amounts for an award to a            599

cooperator or restitution to a program) shall be deposited in the Fund upon receipt.  Monies in the 600

Fund shall not revert to the General Fund of the District of Columbia at the end of any fiscal      601

year, but shall remain available for the purposes set forth in this section, subject to authorization 602

and appropriation by Congress.  Any balance in excess of that allowed the Fund by this section     603

shall be deposited in the General Fund of the District of Columbia.                                 604

"(b)  Amounts in the Fund shall be available for use by the Corporation Counsel to carry            605

out the enforcement of this act, including all costs reasonably related to prosecuting cases and     606

conducting investigations pursuant to this act.                                                     607

"(c)  The Fund shall be audited annually by the Inspector General.                                  608

"(d)  It is intended that disbursements made from the Fund to the Office of Corporation             609

Counsel or other appropriate agency be used to supplement and not supplant the Corporation          610

Counsel's appropriated operating budget.                                                            611

"Sec. 815.  Penalties for false representations.                                                    612

"Whoever makes or presents to any officer or employee of the District of Columbia                   613

government, or to any department or agency thereof, any claim upon or against the District of        614

Columbia, or any department or agency thereof, knowing such claim to be false, fictitious, or       615

fraudulent, shall be imprisoned not more than 1 year and assessed a fine of not more than           616

$100,000 for each violation of this act. The Corporation Counsel shall prosecute violations of this section.

Sec. 3.  The Procurement Reform Amendment Act of 1996, signed by the Mayor on January 3, 1997 (D.C. Act 11-526; 44 DCR _____), is amended as follows:

(a)  Section 101(a) is amended in the amendatory language of section 104(c) by striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place.

(b)  Section 101(c) is amended as follows:

(1)  The amendatory language of section 105(a) is amended as follows:

(A)  By striking the phrase "an independent" and inserting the word "a" in its place;

(B)  By striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place; and

(C)  By inserting the phrase "pursuant to section 422(6) of the District of Columbia Self-Government and Governmental Reorganization Act, approved December 24, 1973 (87 Stat. 802; D.C. Code § 1-242(6))," after the phrase "from the Mayor".

(2)  The amendatory language of section 105(b) is amended by striking the word "Director" and inserting the acronym "CPO" in its place.

(3)  The amendatory language of section 105(c) is amended by striking the word "Director" wherever it appears and inserting the acronym "CPO" in it place.

(c)  Section 101(d) is amended by amending the amendatory language of section 105e by striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place.

(d)  Section 101(e) is amended as follows:

    (1)  The amendatory language of section 107(9) is amended by striking the word 639 "Director" and inserting the acronym "CPO" in its place. 640

    (2)  The amendatory language of section 107(15) is amended by striking the word 641 "Director" and inserting the acronym "CPO" in its place. 642

    (e)  Section 101(x) is amended by amending the amendatory language of section 804 by 643 striking the word "Director" wherever it appears and inserting the acronym "CPO" in its place. 644

    (f)  Section 101(ee) is amended in the amendatory language of section 908(c) by striking 645 the word "Director" wherever it appears and inserting the acronym "CPO" in its place. 646

    Sec. 4.  Fiscal impact statement. 647

    The Council adopts the fiscal impact statement in the Committee report as the fiscal 648 impact statement required by section 602(c)(3) of the District of Columbia Self-Government and 649 Governmental Reorganization Act, approved December 24, 1973 (87 Stat. 913; D.C. Code § 1- 650 233 (c)(3)). 651

    Sec. 5.  Effective date. 652

    This act shall take effect following approval by the Mayor (or in the event of veto by the 653 Mayor, action by the Council to override the veto), approval by the Financial Responsibility and 654 Management Assistance Authority as provided in section 203(a) of the District of Columbia 655 Financial Responsibility and Management Assistance Act of 1995, approved April 17, 1995 (109 656 Stat. 116; D.C. Code § 47-392.3(a)), a 30-day period of Congressional review as provided in 657 section 602(c)(1) of the District of Columbia Self-Government and Governmental 658 Reorganization Act, approved December 24, 1973 (87 Stat. 813; D.C. Code § 1-233(c)(1)), and 659 publication in the District of Columbia Register. 660

THE PROCUREMENT REFORM TASK FORCE
*(The Honorable Harold Brazil)*
COMMITTEE ON GOVERNMENT OPERATIONS
DISTRICT OF COLUMBIA COUNCIL

HEARING

June 11, 1996
4:00 P.M.

TESTIMONY OF W. BRUCE SHIRK
SEYFARTH, SHAW, FAIRWEATHER & GERALDSON
on
CIVIL FALSE CLAIMS AND QUI TAM ACTIONS

This testimony addresses the Civil False Claims and Qui Tam Act provisions set out in Title V of the Procurement Reform Amendment Act of 1996, as introduced in a bill sponsored by Councilman Harold Brazil.

Title V of the bill, entitled Civil False Claims and Qui Tam Actions (hereafter Civil False Claims) contains six sections which would be added to the District Columbia Code at §§ 1-1993.1 through 1-1993-6 (hereafter Section 1, Section 2, etc.).

Section 1 sets out the definitions of applicable terms. Section 2 would provide for civil liability for making false claims on the District of Columbia and is modeled on California Government Code §§ 12650-55 (1992) (the California False Claims Act) which is, in turn, modeled on 31 U.S.C. §§ 3729-3733 (the Federal False Claims Act). Section 3 would provide for investigations and prosecutions by the Corporation Counsel and for civil actions by individuals acting either for the District or in the name of the District. Section 4 would provide protection against employer retaliation for initiating or in any way participating in a Civil False Claims action. Section 5 would provide for certain limitations on Civil False Claims Actions and place the burden of proof on the plaintiff. Section 6 would provide that the provision relating to Civil False Claims are not exclusive.

Section 1 sets out definitions of the terms "claim," "knowingly" and "person," all of which are intended to be interpreted in a manner consistent with cases interpreting the Federal Civil False Claims Act. Section 1 would define the term "knowingly" to include actual knowledge of, deliberate ignorance or, or a reckless disregard for the facts. Section 1 would define the term "claim" to include demands for money from an entity other than a District agency where that entity is ultimately reimbursed with District funds. Both definitions are consistent with those in the Federal statute. The definition of "fixed obligations" relates to certain acts addressed in Section 2 involving attempts to decrease an obligation to pay the District and is intended to allow persons to contest the amount of fines prior to their imposition.

- 2 -

Section 2 is based in part on the Federal False Claims Act and in part on that of the California Act[1] and sets out in some detail acts which would render a person liable for three times the amount of damages which the District sustains because of the act of that person. Section 2 also subjects the actor to liability for the costs of a civil action and would provide the Court discretion to impose a penalty of up to ten thousand dollars ($10,000) for each false claim.

Paragraph (a) and subparagraphs (a)(1) through (a)(4) of Section 2 are based directly on the provisions of the Federal Civil False Claims Act. Subparagraphs (a)(5) through (a)(9) are based on the California act and are intended to address specific types of claims likely to be made at the state and local -- as opposed to the Federal -- levels of government. Paragraph (a) and all its subparagraphs are intended to be inclusive rather than exclusive with regard to false claims so that such claims which are not subsumed in the specific terms of subparagraphs (a)(5) through (a)(9) will be covered by the broader terms of subparagraph (a)(1) through (a)(4).

Section 2(b) is modeled on the "voluntary disclosure" provisions of 31 U.S.C. § 372(a) -- which provisions are also contained in the California act -- and would reduce the liability of one who committed a violation but comes forward with information about a violation, provided (a) that the person does so before the government considers a criminal prosecution, civil action or administrative action, and (b) that the person does not have actual knowledge of the existence of an investigation into the matter. The provision differs from the Federal Civil False Claims Act in that it provides that the disclosure must be made within 30 days rather than 60 days from the date the person obtained the information.

Section 2 would further provide that these provisions do not apply to claims in amounts of less than $5,000, to worker's compensation claims, to unemployment compensation claims or, like the Federal Act, to claims, records or statements made under the Tax Code. These exclusions are designed (a) to defer to remedies already present in existing statutes and (b) to assure that actions under the Civil False Claims Act are limited to individual claims which would have a significant financial impact on the District and to avoid placing excessive burdens on the officials responsible for prosecution of such claims.

Section 3, subparagraph (a) is similar to both Federal and California Acts and would provide the Corporation Counsel with authority to investigate violations involving District funds and, if appropriate, bring a civil action under Section 2 against the person who committed the violation.

---

[1] We are unaware of any published decisions rendered by the courts of the State of California interpreting its False Claims Act.

8035133 1

- 3 -

Subparagraph 3(b) is likewise based on the Federal Act and the California Act, which are substantively similar in this regard. The subparagraph would provide a private person, as that term is defined in section 2 and who is known as a qui tam plaintiff, the right to bring a civil action for violation of these provisions both for the person and either for the District or in its name and to receive a portion of the proceeds of any settlement or judgment.

A complaint filed by a qui tam plaintiff would be filed in Superior Court in camera and remain under seal for 120 days, unless the seal is extended by the Court. The Corporation Counsel is to be notified and, within 120 days, notify the Court either that it intends to proceed with the action or that it declines to proceed, in which case the qui tam plaintiff shall have the right to proceed. In the event the Corporate Counsel proceeds, the seal may be lifted or, upon a showing of good cause, extended. The seal is to be lifted in the event the Corporate Counsel declines to prosecute.

Subparagraph 3(c) would provide that a Civil False Claims action may not be brought against a member of the District Council, the judiciary or an elected official in the executive branch of the District if the action is based on any event occurring during his or her term of office. The purpose of this provision is to prevent politically motivated utilization of Civil False Claims actions against elected officials and members of the judiciary.

Subparagraph 3(c) sets out several circumstances in which a person is prohibited from acting as a qui tam plaintiff, including circumstances in which a proceeding, investigation or audit has been initiated or is being conducted by or at the request of the District Council, the Corporation Counsel, the auditor or the Inspector General. Nor can a person bring a qui tam action based on allegations or transactions previously disclosed by the news media. An exception is provided to the above prohibitions where the person is an original source, i.e., has direct and independent knowledge of the information on which the allegation is based and whose information provided the basis for the proceeding, audit, investigation or news report. This provision is based in part on the California Act and is designed in part to avoid litigation as to the meaning of the term "original source" which has arisen under the Federal Act.

Subparagraph 3(c) also provides that an employee of the District may not bring an action and that no action may be brought on his or her behalf based on information discovered during the course of his or her employment unless that employee has first pursued recovery for the District through and exhausted internal procedures and the has District failed to take action within a reasonable time.

Finally, the provision would prohibit members and employees of the D.C. Council, members of the Corporation Counsel's office and the investigative and auditing agencies of the District Government from bringing a qui tam action.

Subparagraph 3(d) would provide, among other things, that, if the District proceeds with an action filed by a qui tam plaintiff, it shall have primary responsibility for its prosecution and the qui tam plaintiff shall have the right to continue as a party to the action - - unless the Court finds that the qui tam plaintiff's continued participation would interfere with the prosecution. The District may dismiss the action upon a showing of good cause. It may settle the action after hearing to determine that the settlement is fair. When the District proceeds with an action, the qui tam plaintiff shall receive at least 10 percent but not more than 20 percent of the proceeds, depending on the qui tam plaintiff's contributions to the case. The Corporation Counsel's office shall receive a fixed 25 percent of the proceeds of the action under these circumstances, which shall be used to support ongoing investigation and prosecution of false claims.

If the District does not proceed with the action, and the qui tam plaintiff does proceed, the qui tam plaintiff shall receive at least 25 percent but not more than 40 percent of the proceeds.

The qui tam plaintiff is to receive reasonable expenses in the event either the District or the qui tam plaintiff prevails in or settles any action brought under these provisions.

Section 4 of would provide protection against employer retaliation, including retaliation by the District of Columbia as an employer. The section would provide that no employer shall make rules or establish procedures which would prevent an employee from initiating or participating in an action under these provisions. It would further provide, among other things, that an employee subjected to harassment, loss of employment or other employer actions taken due to such initiation of participation in a Civil False Claims action shall be made whole.

Section 5 would set a limit of six years after the violation for commencement of an action and would further provide that no action may be brought for actions taken prior to the effective date of the statute. Section 5 would also provide that the qui tam plaintiff or the District must prove all essential elements of the action by a preponderance of the evidence.

Section 6 would provide that the provisions of Title V are not exclusive and that the remedies provided for shall be in addition to other available remedies.

Committee Print                                          Attachment C
Committee on Government Operations
October 28, 1997

A BILL

<u>12-363</u>

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA

_____

To amend the Procurement Reform Amendment Act of 1996 to increase the penalties of the civil
    false claims and qui tam provisions and to change the title of the head of the Office of
    Contracting and Procurement.

BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this

act may be cited as the "Procurement Reform Amendment Act of 1997".

Sec. 2.  Section 101 (ff) of the Procurement Reform Amendment Act of 1996, signed by

the Mayor on January 3, 1997 (D.C. Act 11-526; 44 DCR ____), is amended by amending Part B

of title I to read as follows:

"Sec.  807.  Definitions.

"For the purposes of this part, the term:

"(1)  "Claim" means any request or demand for money, property, or services made

to any employee, officer, or agent of the District, or to any contractor, grantee, or other recipient,

whether under contract or not, if any portion of the money, property, or services requested or

demanded issued from, or was provided by, the District, or if the District will reimburse such

contractor, grantee, or other recipient for any portion of the money or property which is requested

or demanded.

"(2)  "Fixed obligation" means an amount due the District by contract or by law. 1

The term "fixed obligation" does not include a fine to be imposed by law until the fine has been 2

assessed. 3

"(3)(A)  "Knowing" or "knowingly" means that a person, with respect to 4

information, does any of the following: 5

"(i)  Has actual knowledge of the falsity of the information; 6

"(ii)  Acts in deliberate ignorance of the truth or falsity of the 7

information; or 8

"(iii)  Acts in reckless disregard of the truth or falsity of the 9

information. 10

"(B)  Proof of specific intent to defraud is not required for an act to be 11

knowing. 12

"(4)  "Person" includes any natural person, corporation, firm, association, 13

organization, partnership, business, or trust. 14

"(5)  "Proceeds" means civil penalties as well as double or treble damages as 15

provided in section 808, and criminal fines pursuant to section 103. 16

"Sec. 808.  False claims liability, treble damages, costs, and civil penalties; exceptions. 17

"(a)  Any person who commits any of the following acts shall be liable to the District for 18

3 times the amount of damages which the District sustains because of the act of that person.  A 19

person who commits any of the following acts shall also be liable to the District for the costs of a 20

civil action brought to recover penalties or damages, and may be liable to the District for a civil 21

penalty of not less than $5,000, and not more than $10,000, for each false claim for which the 22

2

person:

        "(1)  Knowingly presents, or causes to be presented, to an officer or employee of the District a false claim for payment or approval;

        "(2)  Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false claim paid or approved by the District;

        "(3)  Conspires to defraud the District by getting a false claim allowed or paid by the District;

        "(4)  Has possession, custody, or control of public property or money used, or to be used, by the District and knowingly delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

        "(5)  Is authorized to make or deliver a document certifying receipt of property used, or to be used, by the District and knowingly makes or delivers a document that falsely represents the property used or to be used;

        "(6)  Knowingly buys, or receives as a pledge of an obligation or debt, public property from any person who lawfully may not sell or pledge the property;

        "(7)  Knowingly makes or uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the District;

        "(8)  Is a beneficiary of an inadvertent submission of a false claim to the District, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the District; or

        "(9)  Is the beneficiary of an inadvertent payment or overpayment by the District

of monies not due and knowingly fails to repay the inadvertent payment or overpayment to the

District.

  "(b)  Notwithstanding subsection (a) of this section, the court may assess not more than

two times the amount of damages which the District sustains because of the act of the person,

and there shall be no civil penalty, if the court finds all of the following:

    "(1)  The person committing the violation furnished officials of the District

responsible for investigating false claims violations with all information known to that person

about the violation within 30 days after the date on which the person first obtained the

information;

    "(2)  The person fully cooperated with any investigation by the District; and

    "(3)  At the time the person furnished the District with information about the

violation, no criminal prosecution, civil action, or administrative action had commenced with

respect to the violation, and the person did not have actual knowledge of the existence of an

investigation into the violation.

  "(c)  Liability pursuant to this section shall be joint and several for any act committed by

2 or more persons.

  "(d)  This section shall not apply to the following:

    "(1)  Workers' compensation claims filed pursuant to the District of Columbia

Workers' Compensation Act, effective July 1, 1980 (D.C. Law 3-77; D.C. Code § 36-301 *et*

*seq.*);

    "(2)  Unemployment compensation claims filed pursuant to the District of

Columbia Unemployment Compensation Act, approved August 28, 1935 (49 Stat. 946; D.C.

4

Code § 46-101 *et seq.*); and

      "(3)  Claims, records, or statements made pursuant to those portions of Title 47 of the District of Columbia Code that refer or relate to taxation.

    "Sec. 809.  Corporation Counsel investigations and prosecutions; powers of prosecuting authority; civil actions by individuals as qui tam plaintiffs; jurisdiction of courts.

    "(a)  The Corporation Counsel shall investigate, with such assistance from other District agencies as may be required, violations pursuant to section 808 involving District funds.  If the Corporation Counsel finds that a person has violated or is violating the provisions of section 808, the Corporation Counsel may bring a civil action against that person in the Superior Court of the District of Columbia.

    "(b)(1)  A person may bring a civil action for a violation of section 808 for the person and either for the District or in the name of the District.  The person bringing the action shall be referred to as the qui tam plaintiff.  Once filed, the action brought by the qui tam plaintiff may be dismissed only with the written consent of the court, taking into account the best interest of the parties involved and the public disclosure purposes of this act.  The Corporation Counsel shall be served with the notice of proposed dismissal and shall have the opportunity to be heard.

      "(2)  A complaint filed by a qui tam plaintiff pursuant to this subsection shall be filed in the Superior Court in camera and may remain under seal for up to 180 days, unless the seal is extended by the court.  No service shall be made on the defendant until after the complaint is unsealed.

      "(3)  On the same day as the complaint is filed pursuant to paragraph (2) of this subsection, the qui tam plaintiff shall serve the Corporation Counsel by mail, return receipt

requested, with a copy of the complaint and a written disclosure of substantially all material    1

evidence and information the person possesses.    2

"(4)  Within 180 days after receiving a complaint alleging violations involving    3

District funds, the Corporation Counsel shall do either of the following:    4

"(A)  Notify the court that he or she intends to proceed with the action, in    5

which case the seal may be lifted unless, for good cause shown, the court continues the seal; or    6

"(B)  Notify the court that he or she declines to take over the action, in    7

which case the seal shall be lifted and the qui tam plaintiff shall have the right to conduct the    8

action.    9

"(5)  Upon a showing of good cause, the Corporation Counsel may move the court    10

for extensions of the time during which the complaint remains under seal.    11

"(6)  When a qui tam plaintiff brings an action pursuant to this subsection, no    12

other person may bring an action pursuant to this section based on the facts underlying the    13

pending action.    14

"(c)(1)  No person may bring an action pursuant to subsection (b) of this section against a    15

member of the Council of the District of Columbia ("Council"), a member of the District    16

judiciary, or an elected official in the executive branch of the District, if the action is based on    17

any official act occurring during his or her term of office.    18

"(2)(A)  No person may bring an action pursuant to subsection (b) of this section    19

based upon allegations or transactions in a criminal, civil, or administrative proceeding,    20

investigation, or report, or audit conducted by or at the request of the Council, the Auditor, the    21

Inspector General, or other District or federal agency; or upon allegations or transactions    22

6

disclosed by the news media, unless the person bringing the action is an original source of the information.

"(B)  For purposes of subparagraph (A) of this paragraph, the term "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based, who voluntarily provided the information to the District before filing an action based on that information, and whose information provided the basis or catalyst for the investigation, report, hearing, audit, or media disclosure which led to the public disclosure as described in subparagraph (A) of this paragraph.

"(3)  No person may bring an action pursuant to subsection (b) of this section based upon information learned by the person in the course of an internal investigation in preparation for, or in conjunction with, a voluntary disclosure to the District or federal government.

"(4)  No present or former employee of the District, or any person who is acting on behalf of or relying on information provided by that employee, may bring an action pursuant to subsection (b) of this section if the employee discovered or obtained the information on which the action is based during the course of his or her employment, unless that employee first in good faith exhausted internal procedures for reporting and seeking recovery of such falsely claimed sums through official channels, including notice to the Corporation Counsel, and unless the District failed to act on the information provided within a reasonable time.

"(5)  No member or employee of the Council of the District of Columbia, the Corporation Counsel's Office, the Office of the Inspector General, the Office of the Auditor, the Office of the Chief Financial Officer, or the Metropolitan Police Depa    ient may bring an action

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

7

pursuant to subsection (b) of this section based upon information discovered during the term of his or her employment.

"(6)  No person may bring an action pursuant to this section if the person has been convicted of a criminal offense in connection with any false claim that is the subject of the action.

"(7)  No person may sell or otherwise transfer any cause of action, or interest in any present or future benefit provided, pursuant to this section.

"(d)(1)  If the District proceeds with the action, it shall have the primary responsibility for prosecuting the action.  The qui tam plaintiff shall have the right to continue as a party to the action and to participate in the action to the extent that the qui tam plaintiff is able to demonstrate to the court that such participation would neither be duplicative of nor interfere with the prosecution of the action by the Corporation Counsel; provided, that the qui tam action was proper pursuant to subsection (c) of this section.

"(2)(A)  The District may dismiss the action for good cause shown.

"(B)  The District may settle the action with the defendant, notwithstanding the objections of the qui tam plaintiff, if the court determines, after a hearing providing the qui tam plaintiff an opportunity to be heard, that the proposed settlement fairly, adequately, and reasonably protects the interests of the District under all of the circumstances.

"(e)(1)  If the District elects not to proceed and the qui tam action was proper pursuant to subsection (c) of this section, the qui tam plaintiff shall have the same right to conduct the action as the Corporation Counsel would have had if he or she had chosen to proceed pursuant to subsection (b) of this section.  If the District so requests, the District shall be served with copies

8

of all pleadings filed in the action.

"(2)  Upon timely application, the court shall permit the District to intervene in an action with which it had initially declined to proceed.  In the event that the District is permitted to intervene, it shall have the primary responsibility for prosecuting the action as provided in subsection (d)(1) of this section.

"(f)(1)  If the District proceeds with an action brought by a qui tam plaintiff pursuant to subsection (b) of this section, and the qui tam action was proper pursuant to subsection (c) of this section, the qui tam plaintiff, subject to paragraphs (3) and (4) of this subsection, shall receive at least 10%, but not more than 20%, of the proceeds of the judgment or settlement of the claim, taking into account the significance of the information, the role of the qui tam plaintiff in advancing the litigation, the qui tam plaintiff's attempts to avoid or resist such activity, and all other circumstances surrounding the activity, except, that if the qui tam plaintiff was substantially involved in the fraudulent activity on which the action is based, the court may direct that the plaintiff receive less than 10%.  When the Corporation Counsel conducts the action, 25% of the proceeds of the judgment or settlement of the claim shall be paid into the Antifraud Fund established by section 814.

"(2)  If the District does not proceed with the action, the court may award the qui tam plaintiff those sums from the proceeds it considers appropriate, which shall be at least 25% but not more than 40%, taking into account the significance of the information, the role of the qui tam plaintiff in advancing the case to litigation, and the scope of, and response to, the employee's attempts to report and gain recovery of such falsely claimed funds through official channels; provided, that if the qui tam plaintiff was substantially involved in the fraudulent activity on

9

which the action is based, the court may award the qui tam plaintiff less than 25%.

"(3)  The portion of the recovery not distributed pursuant to paragraphs (1) and (2) of this subsection shall be paid to the District treasury.

"(4)  If the District or the qui tam plaintiff prevails in or settles any action pursuant to subsection (c) of this section, the qui tam plaintiff shall receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable costs and attorneys fees.  All expenses, costs, and fees shall be awarded against the defendant and under no circumstances shall they be the responsibility of the District.

"(5)  If the District does not proceed with the action and the qui tam plaintiff conducts the action, the court may award to the defendant reasonable attorneys fees and expenses necessarily incurred if the defendant prevails in the action and the court finds that the claim of the qui tam plaintiff was frivolous, vexatious, or brought solely for purposes of harassment.

"(g)  In any action brought pursuant to section 809, the court may stay discovery if the Corporation Counsel or the United States Attorney's Office shows that discovery would interfere with an investigation or a prosecution of a criminal matter arising out of the same facts, regardless of whether the Corporation Counsel or the United States Attorney's Office has pursued the criminal or civil investigation or proceedings with reasonable diligence, and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

"Sec. 810.  Employer interference with employee disclosures; liability of employer; remedies of employee.

"(a)  No employer, including the District of Columbia, shall make, adopt, or enforce any

10

rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency concerning, or from acting in furtherance of, a false claims action, including investigating, initiating, testifying, or assisting in an action filed or to be filed pursuant to section 808.

"(b)  No employer, including the District of Columbia, shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf of the employee or others in disclosing information to a government or law enforcement agency relating to, or in furtherance of, a false claims action, including investigation of, initiation of, or testimony or assistance in, an action filed or to be filed pursuant to section 809.

"(c)  Any employer, including the District of Columbia, who violates subsection (b) of this section shall be liable for the relief necessary to make the employee whole, including reinstatement with the same seniority status that the employee would have had but for the discrimination, two times the amount of back pay, interest on the back pay, compensation for any special damage sustained as a result of the discrimination, and, where appropriate (except in the case of the District), punitive damages.  In addition, the defendant shall be required to pay litigation costs and reasonable attorneys fees, necessarily incurred.  An employee may bring an action in the Superior Court for the relief provided in this subsection.

"(d)  An employee who is discharged, demoted, suspended, harassed, denied promotion, or in any other manner discriminated against in the terms and conditions of employment by his or her employer, including the District of Columbia, because of participation in conduct which directly or indirectly results in submission of a false claim being submitted to the District shall be

11

entitled to the remedies pursuant to subsection (c) of this section, only if the following is true:

    "(1)  The employee voluntarily disclosed all relevant information to a government or law enforcement agency; and

    "(2)  The employee had been harassed, threatened with termination or demotion, or otherwise coerced by the employer or its management into engaging in the activity giving rise to the false claim.

    "Sec. 811.  Limitation of actions; burden of proof.

    "(a)  A civil action brought pursuant to section 809 may not be filed more than 6 years after the date on which the violation of section 808 is committed or more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by an official of the Office of Corporation Counsel, but in no event more than 9 years after the date on which the violation is committed, whichever occurs last.

    "(b)  A civil action brought pursuant to section 809 may not be brought for activity prior to April 12, 1997.

    "(c)  In any action brought pursuant to section 809, the District or the qui tam plaintiff shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

    "(d) Notwithstanding any other provision of law, a judgment of guilt in a criminal proceeding charging false statements or fraud, upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action brought pursuant to section 809 which involves the same transaction as in the criminal proceeding.

12

"Sec. 812.  Remedies pursuant to other laws; severality of provisions; liberality of article construction.

"The provisions of this act are not exclusive, and the remedies provided for shall be in addition to any other remedies provided for in any other law or available pursuant to common law.

"Sec. 813.  Civil investigative demands.

"(a)(1)  Whenever the Corporation Counsel has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation, the Corporation Counsel may, in order to determine whether to commence a civil proceeding pursuant to this act, issue in writing and cause to be served upon such person a civil investigative demand requiring that such person do the following:

"(A)  Produce documentary material relevant to the false claims law investigation for inspection and copying;

"(B)  Answer in writing written interrogatories with respect to any documentary material or information relevant to the false claims law investigation;

"(C)  Provide oral testimony concerning any documentary material or information relevant to the false claims law investigation; or

"(D)  Furnish any combination of such material, answers, or testimony.

"(2)  The Corporation Counsel may delegate to the Principal Deputy Corporation Counsel the authority, in his or her absence, to issue civil investigative demands pursuant to paragraph (1) of this subsection.  The Corporation Counsel may not issue a civil investigative demand in order to conduct, or assist in the conducting of, a criminal investigation.

13

"(b)(1)  Each civil investigative demand issued pursuant to subsection (a)(1) of this

section shall state the nature of the conduct constituting the alleged violation of a false claims

law which is under investigation, and the applicable provision of law alleged to have been

violated.

"(2) If such demand is for the production of documentary material, the demand

shall do the following:

"(A) Describe each class of documentary material to be produced with

such definiteness and certainty as to permit such material to be fairly identified;

"(B) Prescribe a return date for each such class that will provide a

reasonable period of time within which the material so demanded may be assembled and made

available for inspection and copying; and

"(C) Identify the false claims law investigator to whom such material shall

be made available.

"(3) If such demand is for answers to written interrogatories, the demand shall do

the following:

"(A) Set forth with specificity the written interrogatories to be answered;

"(B) Prescribe dates at which time answers to written interrogatories shall

be submitted; and

"(C) Identify the false claims law investigator to whom such answers shall

be submitted.

"(4)  If such demand is for the giving of oral testimony, the demand shall do the

following:

14

"(A) Prescribe the date, time, and place at which oral testimony shall commence;

"(B) Identify a false claims law investigator who shall conduct the examination and the custodian to whom the transcript of such examination shall be submitted;

"(C) Specify that such attendance and testimony are necessary to conduct the investigation;

"(D) Notify the person receiving the demand of the right to be accompanied by an attorney and any other representative; and

"(E) Describe the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry, which will be taken pursuant to the demand.

"(5) The date prescribed for the commencement of oral testimony pursuant to a civil investigative demand shall be a date that is not less than 7 days after the date on which the demand is received, unless the Corporation Counsel determines that exceptional circumstances are present that warrant the commencement of such testimony within a shorter period of time.

"(6) The Corporation Counsel shall not authorize, pursuant to subsection (a)(1) of this section, issuance of more than one civil investigative demand for oral testimony by the same person unless the person requests otherwise or unless the Corporation Counsel, after investigation, notifies that person in writing that an additional demand for oral testimony is necessary.

"(c)  A civil investigative demand may not require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral

15

testimony if such material, answers, or testimony would be protected from disclosure under:

        "(1)  The standards applicable to subpoenas or subpoenas duces tecum issued by a court of the District of Columbia to aid in a grand jury investigation; or

        "(2)  The standards applicable to discovery requests pursuant to the Superior Court Civil Rules to the extent that the application of such standards to any such demand is appropriate and consistent with the provisions and purposes of this section.

    "(d)(1)  Any civil investigative demand issued pursuant to subsection (a) of this section may be served by a false claims law investigator or his or her agent, or by a United States marshal or a deputy marshal, at any place within the territorial jurisdiction of any court of the United States; provided, that the Superior Court of the District of Columbia could exercise jurisdiction over the recipient of the demand consistent with the due process clause of the Constitution of the United States.

        "(2)  Any such demand or any petition filed pursuant to subsection (a) of this section may be served upon any person who is not found within the territorial jurisdiction of any court of the United States in such manner as the Superior Court Civil Rules prescribe for service in a foreign country; provided, that the Superior Court of the District of Columbia could exercise jurisdiction over the recipient of the demand consistent with the due process clause of the Constitution of the United States.

    "(e)(1)  Service of any civil investigative demand issued pursuant to subsection (a) of this section, or of any petition filed pursuant to subsection (a) of this section, may be made upon a partnership, corporation, association, or other legal entity by the following methods:

        "(A) Delivering an executed copy of such demand or petition to any

16

partner, executive officer, managing agent, or general agent of the partnership, corporation,

association, or entity, or to any agent authorized by appointment or by law to receive service of

process on behalf of such partnership, corporation, association, or entity;

"(B) Delivering an executed copy of such demand or petition to the

principal office or place of business of the partnership, corporation, association, or entity; or

"(C) Depositing an executed copy of such demand or petition in the United

States mail by registered or certified mail, with a return receipt requested, addressed to such

partnership, corporation, association, or entity at its principal office or place of business.

"(2)  Service of any such demand or petition may be made upon any natural

person by the following methods:

"(A) Delivering an executed copy of such demand or petition to the

person; or

"(B) Depositing an executed copy of such demand or petition in the United

States mail by registered or certified mail, with a return receipt requested, addressed to the person

at the person's residence or principal office or place of business.

"(f)  A verified return by the individual serving any civil investigative demand or any

petition filed pursuant to subsection (a) of this section setting forth the manner of such service

shall be proof of such service.  In the case of service by registered or certified mail, such return

shall be accompanied by the return post office receipt of delivery of such demand.

"(g)(1)  The production of documentary material in response to a civil investigative

demand shall be made under a sworn certificate, in such form as the demand designates, by the

following:

"(A) In the case of a natural person, by the person to whom the demand is
directed; or

"(B) In the case of a person other than a natural person, by a person having
knowledge of the facts and circumstances relating to such production and authorized to act on
behalf of such person.

"(2)  The certificate shall state that all of the documentary material required by the
demand and in the possession, custody, or control of the person to whom the demand is directed
has been produced and made available to the false claims law investigator identified in the
demand.

"(3)  Any person upon whom any civil investigative demand for the production of
documentary material has been served shall make such material available for inspection and
copying to the false claims law investigator identified in such demand at the principal place of
business of such person, or at such other place as the false claims law investigator and the person
thereafter may agree and prescribe in writing, or as the court may direct pursuant to subsection
(j)(1) of this section.  Such material shall be made so available on the return date specified in
such demand, or on such later date as the false claims law investigator may prescribe in writing.
Such person may, upon written agreement between the person and the false claims law
investigator, substitute copies for originals of all or any part of such material.

"(h)(1)  Each interrogatory in a civil investigative demand shall be answered separately
and fully in writing under oath and shall be submitted under a sworn certificate, in such form as
the demand designates, as follows:

"(A)  In the case of a natural person, by the person to whom the demand is

18

directed, or

    "(B)  In the case of a person other than a natural person, by the person or persons responsible for answering each interrogatory.

    "(2)  If any interrogatory is objected to, the reasons for the objection shall be stated in the certificate instead of an answer.  The certificate shall state that all information required by the demand and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted.  To the extent that any information is not furnished, the information shall be identified and reasons set forth with particularity regarding the reasons why the information was not furnished.

    "(i)(1)  The examination of any person, pursuant to a civil investigative demand for oral testimony, shall be conducted before an officer authorized to administer oaths and affirmations by the laws of the United States or of the place where the examination is held.  The officer before whom the testimony is taken shall put the witness under oath or affirmation and shall, personally or by someone acting under the direction of the officer and in the officer's presence, record the testimony of the witness.  The testimony shall be taken by any means authorized by, and in a manner consistent with, the Superior Court Civil Rules, and shall be transcribed.

    "(2)  The false claims law investigator conducting the examination shall exclude from the place where the examination is held all persons except the person giving the testimony, the attorney or other representative of the person giving the testimony, the attorney for the District government, any person who may be agreed upon by the attorney for the District government and the person giving the testimony, the officer before whom the testimony is to be taken, and any stenographer taking such testimony.

"(3)  The oral testimony of any person taken pursuant to a civil investigative 1

demand shall be taken in the judicial district of the United States within which such person 2

resides, is found, or transacts business, or in such other place as may be agreed upon by the false 3

claims law investigator conducting the examination and such person. 4

"(4)  When the testimony is fully transcribed, the false claims law investigator or 5

the officer before whom the testimony is taken shall afford the witness, who may be 6

accompanied by an attorney, a reasonable opportunity to examine and read the transcript, unless 7

such examination and reading are waived by the witness.  Any changes in form or substance that 8

the witness desires shall be entered and identified upon the transcript by the officer or the false 9

claims law investigator, with a statement of the reasons given by the witness for making such 10

changes.  The transcript shall then be signed by the witness, unless the witness in writing waives 11

the signing, is ill, cannot be found, or refuses to sign.  If the transcript is not signed by the 12

witness within 30 days after being afforded a reasonable opportunity to examine it, the officer or 13

the false claims law investigator shall sign it and state on the record the fact of the waiver, 14

illness, absence of the witness, or the refusal to sign, together with the reasons, if any, given 15

therefor. 16

"(5)  The officer before whom the testimony is taken shall certify on the transcript 17

that the witness was sworn by the officer and that the transcript is a true record of the testimony 18

given by the witness.  The officer or false claims law investigator shall promptly deliver the tran- 19

script, or send the transcript by registered or certified mail, to the custodian. 20

"(6)  Upon payment of reasonable charges therefor, the false claims law 21

investigator shall furnish a copy of the transcript to the witness only, except that the Corporation 22

Counsel may, for good cause, limit such witness to inspection of the official transcript of the witness's testimony.

"(7)  Any person compelled to appear for oral testimony pursuant to a civil investigative demand may be accompanied, represented, and advised by an attorney.  The attorney may advise such person, in confidence, with respect to any question asked of such person.  Such person or attorney may object on the record to any question, in whole or in part, and shall briefly state for the record the reason for the objection.  An objection may be made, received, and entered upon the record only when it is claimed that such person is entitled to refuse to answer the question on the grounds of any constitutional or other legal right or privilege, including the privilege against self-incrimination.  Such person may not otherwise object to or refuse to answer any question, and may not, directly or through the person's attorney, otherwise interrupt the oral examination.  If such person refuses to answer any question, a petition may be filed in the Superior Court of the District of Columbia pursuant to subsection (d)(1) of this section for an order compelling such person to answer the question.

"(8)  Any person appearing for oral testimony pursuant to a civil investigative demand shall be entitled to the same fees and allowances that are paid to witnesses in the Superior Court of the District of Columbia.

"(j)(1)  The Corporation Counsel shall designate a false claims law investigator to serve as custodian of documentary material, answers to interrogatories, and transcripts of oral testimony received pursuant to this section, and shall designate such additional false claims law investigators as the Corporation Counsel determines from time to time to be necessary to serve as deputies to the custodian.

"(2)(A)  A false claims law investigator who receives any documentary material, answers to interrogatories, or transcripts of oral testimony pursuant to this section shall transmit them to the custodian.  The custodian shall take physical possession of such material, answers, or transcripts and shall be responsible for the use made of them and for the return of documentary material pursuant to paragraph (4) of this subsection.

"(B)  The custodian may cause the preparation of such copies of such documentary material, answers to interrogatories, or transcripts of oral testimony as may be required for official use by any false claims law investigator, or any other officer or employee of the Office of the Corporation Counsel who is authorized for such use by the Corporation Counsel.  Such material, answers, and transcripts may be used by any authorized false claims law investigator or other officer or employee in connection with the taking of oral testimony pursuant to this section.

"(C)  Except as otherwise provided in this subsection, no documentary material, answers to interrogatories, or transcripts of oral testimony, or copies thereof, while in the possession of the custodian, shall be available for examination by any individual other than a false claims law investigator or officer or employee of the Office of the Corporation Counsel authorized pursuant to subparagraph (B) of this paragraph.  The prohibition in the preceding sentence on the availability of material, answers, or transcripts shall not apply if consent is given by the person who produced such material, answers, or transcripts.  Nothing in this subparagraph is intended to prevent disclosure to the District of Columbia Council, including any committee of the Council, to the United States Attorney's Office, or to any other agency of the United States for use by such agency in furtherance of its statutory responsibilities.  Disclosure of information

22

to any agency other than the Council or the United States Attorney's Office shall be allowed only 1

upon application, made by the Corporation Counsel to the Superior Court of the District of 2

Columbia, showing substantial need for the use of the information by such agency in furtherance 3

of its statutory responsibilities and after giving the individuals who provided the information an 4

opportunity to be heard on the release of the information. 5

       "(D)  While in the possession of the custodian and under such reasonable 6

terms and conditions as the Corporation Counsel shall prescribe, the following shall apply: 7

         "(i)  Documentary material and answers to interrogatories shall be 8

available for examination by the person who produced such material or answers, or by a 9

representative of that person authorized by that person to examine such material and answers; 10

and 11

         "(ii)  Transcripts of oral testimony shall be available for 12

examination by the person who produced such testimony, or by a representative of that person 13

authorized by that person to examine such transcripts. 14

       "(3)  Whenever any attorney of the Office of the Corporation Counsel is 15

conducting any official investigation or proceeding, the custodian of any documentary material, 16

answers to interrogatories, or transcripts of oral testimony received pursuant to this section may 17

deliver to such attorney such material, answers, or transcripts for official use in connection with 18

any such investigation or proceeding as such attorney determines to be required.  Upon the 19

completion of any such investigation or proceeding, such attorney shall return to the custodian 20

any such material, answers, or transcripts so delivered that have not passed into the control of any 21

court or agency through introduction into the record of any case or proceeding. 22

"(4)  If any documentary material has been produced by any person in the course 1

of any false claims law investigation pursuant to a civil investigative demand, and any case or 2

proceeding before a court arising out of such investigation, or any proceeding before any District 3

government agency involving such material, has been completed, or no case or proceeding in 4

which such material may be used has been commenced within a reasonable time after completion 5

of the examination and analysis of all documentary material and other information assembled in 6

the course of such investigation, the custodian shall, upon written request of the person who 7

produced such material, return to such person any such material (other than copies furnished to 8

the false claims law investigator pursuant to subsection (f)(2) of this section or made for the 9

Office of the Corporation Counsel pursuant to paragraph (2)(B) of this subsection, which has not 10

passed into the control of any court or agency through introduction into the record of such case or 11

proceeding. 12

"(5)(A)  In the event of the death, disability, or separation from service in the 13

Office of the Corporation Counsel of the custodian of any documentary material, answers to 14

interrogatories, or transcripts of oral testimony produced pursuant to a civil investigative demand 15

issued pursuant to this section, or in the event of the official relief of such custodian from 16

responsibility for the custody and control of such material, answers, or transcripts, the 17

Corporation Counsel shall promptly do the following: 18

"(i)  Designate another false claims law investigator to serve as 19

custodian of such material, answers, or transcripts; and 20

"(ii)  Transmit in writing to the person who produced such 21

material, answers, or testimony notice of the identity and address of the successor so designated. 22

24

"(B)  Any person who is designated to be a successor pursuant to this

paragraph shall have, with regard to such material, answers, or transcripts, the same duties and

responsibilities as were imposed by this section upon that person's predecessor in office, except

that the successor shall not be held responsible for any default or dereliction that occurred before

that designation.

"(k)(1)  Whenever any person fails to comply with any civil investigative demand, or

whenever satisfactory copying or reproduction of any material requested in such demand cannot

be done and such person refuses to surrender such material, the Corporation Counsel may file in

the Superior Court of the District of Columbia and serve upon such person a petition for an order

of such court for the enforcement of the civil investigative demand.

"(2)(A)  Any person who receives a civil investigative demand may file in the

Superior Court of the District of Columbia and serve upon the false claims law investigator

identified in such demand a petition for an order of the court to modify or set aside such demand.

Any petition issued pursuant to this subparagraph must be filed:

"(i)  Within 20 days after the date of service of the civil

investigative demand, or at any time before the return date specified in the demand, whichever

date is earlier; or

"(ii)  Within such longer period as may be prescribed in writing by

any false claims law investigator identified in the demand.

"(B)  The petition shall specify each ground upon which the petitioner

relies in seeking relief pursuant to subparagraph (A) of this paragraph, and may be based upon

any failure of the demand, or any particular portion thereof, to comply with the provisions of this

25

section or upon any constitutional or other legal right or privilege of such person.  During the

pendency of the petition in the court, the court may stay, as it deems proper, the running of the

time allowed for compliance with the demand, in whole or in part, except that the person filing

the petition shall comply with any portions of the demand not sought to be modified or set aside.

"(3)  At any time during which any custodian is in custody or control of any

documentary material or answers to interrogatories produced, or transcripts of oral testimony

given, by any person in compliance with any civil investigative demand, such person may file in

the Superior Court of the District of Columbia and serve upon such custodian, a petition for an

order of such court to require the performance by the custodian of any duty imposed upon the

custodian by this section.

"(4)  Whenever any petition is filed in the Superior Court of the District of

Columbia, such court shall have jurisdiction to hear and determine the matter so presented, and

to enter such order or orders as may be required to carry out the provisions of this section.  Any

final order so entered shall be subject to appeal.  Any disobedience of any final order entered

pursuant to this section by any court shall be punished as contempt of court.

"(5)  The Superior Court Civil Rules shall apply to any petition issued pursuant to

this subsection, to the extent that such rules are not inconsistent with the provisions of this

section.

"(l)  Any documentary material, answers to written interrogatories, or oral testimony

provided pursuant to any civil investigative demand issued pursuant to subsection (a) of this

section shall be exempt from disclosure pursuant to the District of Columbia Freedom of

Information Act of 1976, effective March 29, 1977 (D.C. Law 1-96; D.C. Code §§ 1-1521

through 1-1529).

    "(m)  For purposes of this section, the term:

        "(1)  "Custodian" means the custodian, or any deputy custodian, designated by the Corporation Counsel pursuant to subsection (i)(1) of this section.

        "(2)  "Documentary material" includes the original or any copy of any book, record, report, memorandum, paper, communication, tabulation, chart, or other document, or data compilations stored in or accessible through computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations, and any product of discovery.

        "(3)  "False claims law" means sections 103 and 807 through 815.

        "(4)  "False claims law investigation" means any inquiry conducted by any false claims law investigator for the purpose of ascertaining whether any person is or has been engaged in any violation of a false claims law;

        "(5)  "False claims law investigator" means any attorney or investigator employed by the Office of the Corporation Counsel who is charged with the duty of enforcing or carrying into effect any false claims law, or any officer or employee of the District government acting under the direction and supervision of such attorney or investigator in connection with a false claims law investigation;

        "(6)  "Person" means any natural person, partnership, corporation, association, or other legal entity, including any state or political subdivision of a state;

27

"Sec. 814.   Antifraud fund.                                                             1

"(a)  There is hereby established an Antifraud Fund ("Fund") to be operated as a          2

proprietary fund with assets not to exceed $2,000,000 at any time.  The Fund shall consist of   3

criminal fines, civil penalties, and damages collected in cases brought pursuant to this act, other   4

than funds awarded to a cooperator or for restitution to a particular agency in the amount of the   5

actual loss to that agency.  Such funds (with the exception of amounts for an award to a           6

cooperator or restitution to a program) shall be deposited in the Fund upon receipt.  Monies in the   7

Fund shall not revert to the General Fund of the District of Columbia at the end of any fiscal    8

year, but shall remain available for the purposes set forth in this section, subject to authorization   9

and appropriation by Congress.  Any balance in excess of that allowed the Fund by this section   10

shall be deposited in the General Fund of the District of Columbia.                      11

"(b)  Amounts in the Fund shall be available for use by the Corporation Counsel to carry   12

out the enforcement of this act, including all costs reasonably related to prosecuting cases and    13

conducting investigations pursuant to this act.                                          14

"(c)  The Fund shall be audited annually by the Inspector General.                   15

"(d)  It is intended that disbursements made from the Fund to the Office of Corporation   16

Counsel or other appropriate agency be used to supplement and not supplant the Corporation    17

Counsel's appropriated operating budget.                                                18

"Sec. 815.  Penalties for false representations.                                      19

"Whoever makes or presents to any officer or employee of the District of Columbia       20

government, or to any department or agency thereof, any claim upon or against the District of   21

Columbia, or any department or agency thereof, knowing such claim to be false, fictitious, or   22

28

fraudulent, shall be imprisoned not more than 1 year and assessed a fine of not more than $100,000 for each violation of this act.  The Corporation Counsel shall prosecute violations of this section.

Sec. 3.  The Procurement Reform Amendment Act of 1996, signed by the Mayor on January 3, 1997 (D.C. Act 11-526; 44 DCR _____), is amended as follows:

(a)  Section 101(a) is amended in the amendatory language of section 104(c) by striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place.

(b)  Section 101(c) is amended as follows:

(1)  The amendatory language of section 105(a) is amended as follows:

(A)  By striking the phrase "an independent" and inserting the word "a" in its place:

(B)  By striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place: and

(C)  By inserting the phrase "pursuant to section 422(6) of the District of Columbia Self-Government and Governmental Reorganization Act, approved December 24, 1973 (87 Stat. 802; D.C. Code § 1-242(6))." after the phrase "from the Mayor".

(2)  The amendatory language of section 105(b) is amended by striking the word "Director" and inserting the acronym "CPO" in its place.

(3)  The amendatory language of section 105(c) is amended by striking the word "Director" wherever it appears and inserting the acronym "CPO" in it place.

(c)  Section 101(d) is amended by amending the amendatory language of section 105e by striking the word "Director" and inserting the phrase "Chief Procurement Officer" in its place.

(d)  Section 101(e) is amended as follows:

     (1)  The amendatory language of section 107(9) is amended by striking the word "Director" and inserting the acronym "CPO" in its place.

     (2)  The amendatory language of section 107(15) is amended by striking the word "Director" and inserting the acronym "CPO" in its place.

(e)  Section 101(x) is amended by amending the amendatory language of section 804 by striking the word "Director" wherever it appears and inserting the acronym "CPO" in its place.

(f)  Section 101(ee) is amended in the amendatory language of section 908(c) by striking the word "Director" wherever it appears and inserting the acronym "CPO" in its place.

Sec.  4.  Fiscal impact statement.

The Council adopts the fiscal impact statement in the Committee report as the fiscal impact statement required by section 602(c)(3) of the District of Columbia Home Rule Act, approved December 24, 1973 (87 Stat. 913; D.C. Code § 1-233 (c)(3)).

Sec.  5.  Effective date.

This act shall take effect following approval by the Mayor (or in the event of veto by the Mayor, action by the Council to override the veto), approval by the Financial Responsibility and Management Assistance Authority as provided in section 203(a) of the District of Columbia Financial Responsibility and Management Assistance Act of 1995, approved April 17, 1995 (109 Stat. 116; D.C. Code § 47-392.3(a)), a 30-day period of Congressional review as provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December 24, 1973 (87 Stat. 813; D.C. Code § 1-233(c)(1)), and publication in the District of Columbia Register.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21