# EXHIBIT 2

CAUSE NO. GV 503021 

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MERCK & CO., INC., | § | |
| | § | |
| Defendant. | § | 345th JUDICIAL DISTRICT |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

The State of Texas ("State"), Plaintiff herein, by and through the Attorney General of Texas, Greg Abbott, files this its Original Petition complaining of Merck & Co., Inc. ("Defendant"), and for cause of action would respectfully show the following:

### I.
### DISCOVERY CONTROL PLAN

1.1     Plaintiff designates this case as a Level 3 case requiring a discovery control plan tailored to the circumstances of this specific suit.

### II.
### DEFENDANT

2.1     Defendant is an American pharmaceutical company incorporated under the laws and statutes of the State of New Jersey, with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  At all times material to this civil action, Defendant transacted business in the State of Texas by, including but not limited to, advertising, soliciting, selling and distributing the pharmaceutical product known as Vioxx to purchasers in the State of Texas.  Defendant should be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

FILED
05 JUN 30 AM 11: 38

Amelia Rodriguez Mendoza
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

M003220131

## III.
### JURISDICTION AND VENUE

**3.1**    Jurisdiction over the subject matter is based upon the State of Texas Medicaid Fraud Prevention Act, Human Resources Code Chapter 36 ("TMFPA"), which provides remedies to redress Defendant's conduct in this case and authorizes this action to be brought by the State of Texas. Tex. Hum. Res. Code Ann. §36.052(e).

**3.2**    Venue is proper in Travis County pursuant to TMFPA Section 36.052(d) in that many of the unlawful acts committed by the Defendant were committed in Travis County, including the making of false statements and misrepresentations of material fact to the State of Texas, its departments, agencies, instrumentalities, and contractors, and to the Texas Medicaid Program.

## IV.
### NATURE OF THE CLAIM

**4.1**    This is a civil action for damages and civil penalties pursuant to the TMFPA. The TMFPA provides that the State of Texas has primary responsibility for its enforcement. TMFPA §36.107(a).

## V.
### DEFENDANT'S CONDUCT

**5.1**    All acts and omissions alleged herein to have been committed by Defendant were committed by Defendant's officers, directors, employees or agents, who, at all times, acted on behalf of Defendant and whose acts and omissions were authorized and/or ratified by Defendant. Accordingly, Defendant is liable under the doctrines of vice-principal, respondeat superior and agency as those terms are defined and applied under the laws and statutes of the State of Texas.

**5.2**    Defendant began marketing Vioxx (generic name Rofecoxib) in May 1999, following a very short clinical trial period. Vioxx was initially approved for osteoarthritis, the management of acute

2

pain in adults, and the treatment of primary dysmenorrhea. Furthermore, in requesting that Vioxx be placed on the State's Medicaid formulary, the Defendant represented that Vioxx was safe. Ultimately, the Defendant withdrew Vioxx from the market on September 30, 2004, because it was unsafe. Research and clinical experience has revealed that Vioxx significantly increased the risk of heart attack and the risk of other serious cardiovascular and cerebrovascular medical complications.

5.3    From the time the Defendant started developing Vioxx, through the date of its withdrawal from the market on September 30, 2004, the Defendant engaged in knowing misrepresentations, including, but not limited to, direct representations to the Texas Medicaid program that Vioxx was safe and effective as well as advertising and promotional campaigns that falsely represented the safety of Vioxx. The Defendant misrepresented and suppressed evidence concerning the significant health hazards of Vioxx.

5.4    Defendant was aware of the serious and significant health hazards caused by Vioxx even before Vioxx was promoted to physicians, to the State, and provided to the general public. Defendant knew that cerebrovascular and cardiovascular problems occurred more frequently in patients receiving Vioxx than in patients receiving placebos or other medicines. Defendant's internal memos and e-mails, dating back to at least 1996, show that Defendant knew "how" and "why" Vioxx would cause significantly higher rates of cardiovascular problems in patients taking Vioxx, as compared to a control group.

5.5    Before the Defendant began marketing Vioxx to the public in May 1999, it was aware of clinical research, including its own, that indicated an increased risk of heart attack and adverse cardiovascular and cerebrovascular problems associated with Vioxx. However, the Defendant did not disclose this prior knowledge, nor the knowledge the Defendant subsequently obtained when it

3

M00322013J

was successfully selling Vioxx to the public. Instead, the Defendant misrepresented and mischaracterized the data and information concerning Vioxx. Moreover the Defendant launched an expensive, promotional advertising campaign to convince lay people to request Vioxx from their healthcare professionals for the treatment of their pain, and to promote, as safe, the use of Vioxx, even though the Defendant's medical research confirmed its harmful effects. The Defendant also launched an aggressive campaign of intimidation against researchers and physicians who questioned the safety of Vioxx. The Defendant's deceptive and misleading representations were later recognized by the FDA in a letter to the Defendant wherein the FDA labeled the Defendant's promotional sales marketing and materials as "lacking in pure balance," "false," and "misleading."

5.6     It was not until September 30, 2004, that the Defendant finally admitted that Vioxx was not safe and posed such an unreasonable risk of harm to the public that it should be withdrawn from the market.

## VI.
## UNLAWFUL ACTS UNDER THE MEDICAID FRAUD PREVENTION ACT

6.1     Defendant knowingly or intentionally made or caused to be made false statements or misrepresentations of material fact concerning the safety of Vioxx. Defendant knowingly or intentionally set out on an advertising and promotional campaign, directed to the State of Texas, to physicians and to the general public, falsely characterizing and misrepresenting the safety and effectiveness of Vioxx. Defendant intended that these false statements or misrepresentations of material fact concerning the safety of Vioxx be used by physicians and the State of Texas. This conduct violates TMFPA Section 36.002(1).

6.2     Defendant knowingly or intentionally concealed or failed to disclose evidence that revealed the truth concerning the significant increased risk of heart attack and other cardiovascular and

4

M003220134

cerebrovascular medical problems caused by Vioxx. In addition, Defendant knowingly or intentionally set out on a course of concealing this evidence by misrepresenting the data in published literature and in advertising campaigns, and by threatening and attempting to coerce those who chose to criticize Defendant, to warn the public and the health care community, and to tell the truth about the significant risks posed by Vioxx. This conduct violates TMFPA, Section 36.002(2).

6.3     Defendant knowingly or intentionally made, caused to be made, induced or sought to induce the making of a false statement or misrepresentation of material fact concerning the safety, or lack thereof, of Vioxx which is information required to be provided by state law, rule, regulation and/or provider agreement pertaining to the Texas Medicaid Program. This conduct violates TMFPA, Section 36.002(4).

6.4     Defendant knowingly and intentionally made claims under the Texas Medicaid Program for a product that is substantially inadequate or inappropriate when compared to generally recognized standards within the health care industry or for a product that is otherwise inappropriate. This conduct violates TMFPA, Section 36.002(7).

6.5     Defendant's knowing or intentional acts and omissions constitute repeated violations of the TMFPA. Defendant has now admitted that Vioxx is unsafe and has taken it off the market. In approving Vioxx for the Texas Medicaid Program and authorizing reimbursements for Vioxx through the Texas Medicaid Program, the State of Texas relied upon Defendant's representations and failures to disclose to its detriment.

M003220135

## VII.
### CAUSATION

**7.1**   Defendant's acts and omissions constitute unlawful conduct, violations of the TMFPA, and were a legal cause, proximate cause, and/or a cause-in-fact of the State's damages.

## VIII.
### DAMAGES

**8.1**   Pursuant to the TMFPA, the Defendant is liable to the State of Texas for damages far in excess of the minimum jurisdictional limits of the Court.

**8.2**   The State seeks restitution for the value of all payments which the State has made for Vioxx prescriptions under the Texas Medicaid Program.

**8.3**   The State seeks interest on the value of all payments which the State has made for Vioxx prescriptions at the pre-judgment interest rate in effect on the day the payments were paid, for the period from the date the payment was paid to the date that restitution is paid to the State.

**8.4**   The State seeks civil penalties of not less than $1,000.00 or more than $10,000.00 for each unlawful act committed by Defendant that does not result in injury to an elderly person, a disabled person, or a person younger than 18 years of age.

**8.5**   The State seeks two times the value of all payments which the State has made for Vioxx prescriptions under the Texas Medicaid Program.

**8.6**   The State seeks fees, expenses, and costs reasonably incurred by it in obtaining civil remedies or in conducting investigations in connection with this litigation, including, but not limited to, court costs, reasonable attorneys' fees, witness fees, and deposition fees.

M00322013S

## IX.

### JURY DEMAND

9.1     The State respectfully requests a trial by jury pursuant to Rule 216, TRCP.

### PRAYER

**PREMISES CONSIDERED**, Plaintiff, the State of Texas, respectively prays that the

Defendant be cited to appear and answer this lawsuit, and that upon a trial of this case, the Plaintiff

have judgment against the Defendant for the damages and civil penalties sought in this petition, pre-

judgment and post-judgment interest at the legal rate, attorneys' fees, litigation and investigation

expenses, witness fees, deposition fees, costs of court, and such other relief, at law and in equity,

to which the Plaintiff is justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

_____
EDWARD D. BURBACH
Deputy Attorney General for Litigation
Texas Bar No. 03355250
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1886 Telephone
(512) 936-0545 Facsimile

MARK TOBEY
Chief, Antitrust & Civil Medicaid Fraud Division
PATRICK J. O'CONNELL
Chief, Civil Medicaid Fraud Section
Texas Bar No. 15179900
MARGARET M. MOORE
Texas Bar No. 14360050
Assistant Attorney General
Antitrust & Civil Medicaid Fraud Division

7

GALLAGHER PRESSLER SCOTT, L.L.P.

MICHAEL T. GALLAGHER
Texas Bar No. 07586000
777 Walker, Suite 2500
Houston, Texas 77022
(713) 222-8080 Telephone
(713) 238-7852 Facsimile

**ATTORNEYS FOR THE STATE OF TEXAS**

8

M003220138

**COPY**

CITATION
THE STATE OF TEXAS

Cause No. GV503021

THE STATE OF TEXAS                                    , Plaintiff

vs.

MERCK & CO., INC.                                    Defendant

To: MERCK & CO., INC.
    REGISTERED AGENT, C. T. CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201
Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney
do not file a written answer with the clerk who issued this citation by
10:00 A. M. on the Monday next following the expiration of twenty days
after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the ORIGINAL PETITION
of the PLAINTIFF                     in the above styled and numbered cause, which was filed on the 30th day
of June, 2005, in the 345TH Judicial District Court of Travis County, Austin, Texas.

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office the 1st day of July, 2005.

REQUESTED BY:                                       AMALIA RODRIGUEZ-MENDOZA
EDWARD D. BURBACH                                   Travis County District Clerk
P.O. BOX 12548 , CAPITOL STATIOIN                  Travis County Courthouse
AUSTIN, TX 78711-2548                              1000 Guadalupe, P.O. Box 1748
(512) 936-1886                                     Austin, Texas

                                                   By
                                                   EVELYN CAIN, Deputy

- - - - - - - - - - - - - - - - - R E T U R N - - - - - - - - - - - - - - - - - - -

Came to hand on the ____ day of _____, _____ at _____ o'clock ___.M., and executed at _____,
within the County of _____ on the ____ day of _____,_____,at _____ o'clock ___.M., by delivering
to the within named _____
_____,each in person, a true copy of this citation together
with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed
on such copy of citation the date of delivery.
Service Fee:$ _____

                                                   SHERIFF/CONSTABLE/AUTHORIZED PERSON
Sworn to and subscribed before me this the         BY:_____
_____ day of _____, _____.
_____                  PRINTED NAME OF SERVOR
NOTARY PUBLIC, THE STATE OF TEXAS                  _____, County, Texas
Service Copy                    Service Fee Not Paid          GV503021-002

M003220139

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
07/13/2005
Log Number 510373394



| | |
|---|---|
| TO: | Debra A Bollwage<br>Merck & Co., Inc.<br>One Merck Drive<br>Whitehouse Station, NJ, 08889-0100 |
| RE: | **Process Served in Texas** |
| FOR: | Merck & Co., Inc. (Domestic State: NJ) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | The State of Texas, Pltf. vs. Merck & Co., Inc., Dft. |
| DOCUMENT(S) SERVED: | Citation/Return, Original Petition |
| COURT/AGENCY: | 345 Judicial District Court, Travis County, Texas, ., .<br>Case # GV503021 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - Vioxx: defective prescription drug, personal injuries and/or fatal injuries. |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/13/2005 at 08:30 |
| APPEARANCE OR ANSWER DUE: | 10:00 a.m. on the Monday next after the expiration of 20 days |
| ATTORNEY(S) / SENDER(S): | Gallagher Pressler Scott, LLP<br>777 Walker<br>Suite 2500<br>Houston, TX, 77022<br>713-222-8080 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex Priority Overnight, 791134839500 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201<br>214-979-1172 |

Page 1 of  1 / TD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

M003220140