# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JAN 10 2011
LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit
**FILED**
December 17, 2010
Lyle W. Cayce
Clerk

No. 10-30452
Summary Calendar

D.C. Docket No. 2:05-MD-1657
D.C. Docket No. 2:05-CV-4578

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

---

GENE WEEKS,

    Plaintiff - Appellant

v.

MERCK AND COMPANY INCORPORATED,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
Deputy
New Orleans, Louisiana

ISSUED AS MANDATE: JAN 10 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 17, 2010

No. 10-30452
Summary Calendar

Lyle W. Cayce
Clerk

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

---

GENE WEEKS,

                Plaintiff-Appellant

v.

MERCK AND COMPANY INCORPORATED,

                Defendant-Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4578
USDC No. 2:05-MD-1657

---

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Gene Weeks ("Weeks") appeals the district court's order denying his motion to vacate his enrollment in the Master Settlement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30452

Agreement, and entry of judgment dismissing Weeks's claims against Defendant-Appellee Merck and Company Incorporated ("Merck"). We affirm.

Weeks argues that he should be released from the Master Settlement Agreement because his attorney at the time coerced him into enrolling in the agreement. He contends that Merck interfered with his attorney's professional judgment by imposing an obligation on all counsel representing plaintiffs that were parties to the Master Settlement Agreement to (1) recommend settlement to all clients, and (2) withdraw from representing clients who refused participation in the Master Settlement Agreement. He therefore concludes that the district court erred when it reviewed his consent to enter into the Master Settlement Agreement based on contract law, rather than examining Weeks's right to conflict-free counsel. We disagree.

"A settlement agreement is a contract," which is interpreted by reference to state law. *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 225 (5th Cir. 2009). "Public policy favors compromise agreements and the finality of settlements." *Red River Waterway Comm'n v. Fry*, 36 So. 3d 401, 407 (La. Ct. App. 2010); *see also Jackson v. N. Bank Towing Corp.*, 213 F.3d 885, 889 (5th Cir. 2000). Under Louisiana law, "[c]onsent may be vitiated by error, fraud, or duress." LA. CIV. CODE art. 1948. Weeks alleges no facts suggesting that he argues either error[1] or duress,[2] leaving only fraud.

---

[1] The Louisiana Code chapter covering vices of consent does not define error, but states that "[e]rror vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." LA. CIV. CODE art. 1949.

[2] "Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation." LA. CIV. CODE art. 1959.

No. 10-30452

"Fraud is a misrepresentation or a suppression of the truth . . . [and] may also result from silence or inaction." LA. CIV. CODE art. 1953. "Fraud does not vitiate consent when the party . . . could have ascertained the truth without difficulty . . . [unless] a relation of confidence has reasonably induced a party to rely on the other's assertions or representations." LA. CIV. CODE art. 1954. Weeks cannot demonstrate fraud because his attorney did not conceal or misrepresent her relationship—such as it was—with Merck. The Master Settlement Agreement contained the provisions about which Weeks complains, and he received a full copy of the agreement to review before he signed the consent. *See Martin v. JKD Invs., LLC*, 961 So. 2d 575, 578 (La. Ct. App. 2007) (no fraud where plaintiff did not read the document). And, assuming *arguendo* that Weeks's other allegations of fraud on the part of his attorney are true—which the district court did not find—they would be insufficient under Louisiana law to vitiate an agreement between Weeks and Merck. *Smith v. Frey*, 703 So. 2d 751, 753 (La. Ct. App. 1997) (fraud perpetrated by an attorney not sufficient to rescind agreement where remaining parties to compromise agreement not aware of the fraud). Weeks's consent was voluntary and thus valid.

AFFIRMED.

3