*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

| | |
|---|---|
| Safdar N. Lilak (Pro Se) | Hearing Date:    TBD, 2011. |
| 1033 S. Kittredge way, | Time:    OPEN. |
| Aurora, Colorado 80017. | Judge:  "ELDON E. FALLON" |
| Telephone: 303-755-1505 | Objection Date:   [TBD] -2011. |
| E-mail: slilak43@msn.com | |

| | |
|---|---|
| Safdar N. Lilak (Pro Se) | Hearing Date:    [TBD]    2011. |
| 1033 S. Kittredge way, | Time:        9:00 a.m. |
| Aurora, Colorado 80017. | Judge:    Hon. Fallon E. Eldon |
| Telephone: 303-755-1505 | Objection Date:    [TBD], 2011. |

E-mail: slilak43@msn.com

### PLAINTIFF/CLAIMANT , CASE No. 06-CV-08318/ MDL 1657-EEF

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA,
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  VIOXX- SETTLEMENT | ) | CASE No. 06-CV-08318-EEF |
| MARKETING SALES PRACTICES AND | ) | |
| PRODUCT LIABILITY LITIGATION | ) | MDL No. 1657-EEF |
| | ) | |

| This Document Relates to: | PLAINTIFF: (MOVANT) LILAK |
|---|---|
| **1. MOTION FOR JUDICIAL REVIEW.** | **MOTION FOR JUDICIAL REVIEW** |
| **2. REMANDING OF**<br>   **CASE 2:06-cv- 03813-EEF-DEK"**<br>   **MDL-1657    [vcn1113035-claim]** | " REMANDING EI-Claim VCN 1113035/CASE FOR JUDICIAL REVIEW  FOR FAIRNESS & JUSTICE ACCORDING TO RULESOF  56(e) OR PRINCIPAL OF LAWS FOR JUDGMENT OR MANDAMUS" ACCORDING TO  (APA), 5 U.S.C.A § 702,  706-/ FTC "false or deceptive acts and practices" 15 U.S.C.A -- §§45, 2 (1982) and  OR FDA 21 U.S.C.A §§ 351-360ee. |
| CLAIMS WITH CONTROVERSY OF RULE OF LAW, FAIRNESS & JUSTICE IN CIVIL PROCESS of[Wage Loss]. | FOR WAGE LOSS EI-CLAIM BY PLAINTIFF AGAINST  MERCK /DEFENSE |
| | DATE: DECEMBER 30, 2010. |
| Concerning: Case of:<br><br>Lilak, Safdar v. Merck & Company<br>Case No.   06-cv-08318- EEF<br>**MDL-1657-EEF** | Hearing Date:    [TBD],   2011.<br>Time:            [TBD]       9:00 a.m.<br>Judge:    HON.  FALLON   E. ELDON. |

JUDICIAL REVIEW DEMANDED IN
### EI-CLAIM  CASE MDL1657-EEF / CLAIM NO. 1113035
### IN FEDERAL COURT OF HONORABLE FALLON E. ELDON
### WITH JURY  DEMAND HEARING.

*[Stamp: TENDERED FOR FILING JAN - 5 2011 U.S. DISTRICT COURT Eastern District of Louisiana Deputy]*

1

Plaintiff: MOTION FOR "JUDICIAL REVIEW" Dated December 30-2010
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*       Hearing Date:     TBD, 2011.
*1033 S. Kittredge way,*      Time:      OPEN.
*Aurora, Colorado 80017.*      Judge: "ELDON E. FALLON"
*Telephone: 303-755-1505*      Objection Date:      [TBD] -2011.
*E-mail: slilak43@msn.com*

# [ MOTION FILED 12-30-2010]
<u>HEARING DATE [TBD & SET]</u> , January/February----- 2011 @ <u>TIME: 9:00 A.M.</u>

## TO: THE COURT OF HONORABLE: FALLON E. ELDON / JPML PANEL MDL1657 FOR MULTIDISTRICT LITIGATION & ALL PARTIES,

### TO WHOM IT ALL MAY CONCERN!

### JUDICIAL REVIEW DEMANDED IN
### EI-CLAIM CASE MDL1657-EEF / CLAIM NO. 1113035
### IN FEDERAL COURT OF HONORABLE FALLON E. ELDON
### WITH JURY DEMAND HEARING OR MANDAMUS INSTRUCTIONS.

**COMES NOW:**

The plaintiff (Pro Se) & Claimant with personal injury(s) in case of court order settlement of VIOXX. Whose wage loss claims has been denied wrongfully, incorrectly and illegally.

The plaintiff has "injury(s) in fact" damages and stand to suffer big financial and equity damages due to negligence of the defendant MERCK & BROWNGREER Claim Admin COMPANY and their defense.

The plaintiff has legal grounds and standing, the issues are ripe for re-dressing or some kind of resolution to the issues. Whether it be adjudication, Injunctive and Declaratory relief or Prerogative writs of Mandamus or Summary judgment or whatever is appropriate in this situation. Under the Section 706 of APA. Section 706 directs the reviewing court to hold unlawful agency action "not in accordance with law, [responsible" 5 U.S.C.A. § 706(2) (A) and § 706(2) (C) should give Mandamus instruction to wrong doing party. [*in this claim separating injury(s) damages from Wage loss or vice versa* ].

**Mandamus**, a <u>command to an officer to perform a duty, is an extraordinary remedy subject to the same as for injunctions; its use is limited to situation requiring immediate relief to avoid irreparable harm</u>. [United States ex rel. Great house v. Dern, 289 U.S. 352 (1933).]

As a consequence, Mandamus is said to lie only to compel so-called "ministerial" as opposed to "discretionary" duties. Another form of the same idea is that the court can command the officer to perform only a "clear legal duty" [in



2

Plaintiff: MOTION FOR "JUDICIAL REVIEW" Dated December 30-2010
Case: MDL 1657-EEF
Claim: VCN No. 1113035

PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706
FOR SUMMARY JUDGMENT

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2011.
Time:              OPEN.
Judge: "ELDON E. FALLON"
Objection Date:    [TBD]  -2011.

this case the wage loss and the evidence for established/published requirement of MSA guideline for EI-Claims for wage loss].

Since plaintiff is "pro se" and is not familiar with the law of this situation. This court has the jurisdiction on the MDL1657 pre-trial court order settlement and this court has nexus, symbiotic and logical relation. I am requesting "Judicial Review" and filing the Motion for resolution. According to the following:

The plaintiff is filing this Motion on 12-30-2010 for "Judicial Review". According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, which provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof"

Also according to FTC 15 U.S.C.A. §§ 45, 52 (1982) and FDA 21 U.S.C.A. §§ 351- 360ee.

**More** recently, APA has been viewed not only as a source of protection from governmental action, but also a source of protection for statutory rights. Thus, a Consumer Product Safety Commission rule not only imposes burdens on the regulated business, but it also creates protection for consumers.

The APA, and other procedural laws, should protect both groups. See Richard B. Stewart, *The Reformation of American Administrative Law, 88 Harv. L Rev.  1669  (1975)*.  The idea that the APA should also protect beneficiary groups undermines the public property, grants, loans, benefits, and contracts exception in section 553. See ACUS C.F.R § 305.69-8; Arthur E. Bonfield, *Public Participation in Federal Rulemaking Relating to Public Property, Loans, Grants, Benefits or Contracts, 118 U. PA. L. Rev. 540 (1970)*.

3