PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2011.
Time:              OPEN.
Judge: "ELDON E. FALLON"
Objection Date:    [TBD] -2011.

## SECTION INTRODUCTION:

**Your Honor**, This issue is before you, because there are certain minor controversy(s), which are very huge for claimant, since he stands to suffer huge financial damages caused by excessively dangerous, defective medication by MERCK & COMPANY [VIOXX], there are 8-9 years of damages, disabilities & suffering which needed to be compensated, regarding Plaintiff's claims for WAGE LOSS & "Equity".

**The Plaintiff has been injured** by the defective medication of VIOXX which caused injuries to Plaintiff and his family has "injury(s) in Fact". The plaintiff has legal grounds and standing. The plaintiff happened to be educated person with college degree in Computer Sciences Major and not able to provide for family of five dependants and living on 180% poverty index from last 8-9 years injury and disability caused by Merck & Company.

The plaintiff is filing this Motion on 12-30-2010 for "Judicial Review". According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, 706 which provides:

"*A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof*"

The Motion is filed on Dec. 30, 2010 under (APA), 5 U.S.C.A §702, and Federal Disclosure Requirement & required by 42 U.S.C. §1395 (b) (7) and (b) (8))

I. *The Plaintiff has exhausted all avenues* to resolve through the amicable way through the settlement process i.e. "Pro Se" curator and other involved party(s) being "cozy" with each other and not being fair & just to the "Pro Se" Claimant under the fair application of law and procedures, and letting him being exploited by the defense firm CA-BROWNGREER/Merck & Company defense counsels.

II. *The plaintiff/Claimant* entered in the MSA program because and for, to be treated with fairness and according to justice and principal of law and he followed the rules and conditions of MSA program as published for settlement agreement.

**Not to be cheated and exploited by the dishonest Services of**

**Firms** involved in MSA Program to minimize injured person's compensations by using "SCIENTER rules and Fraud" and being cozy

4

PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date: TBD, 2011.
Time: OPEN.
Judge: "ELDON E. FALLON"
Objection Date: [TBD] -2011.

with big corporation and not caring for rule of law, and the injured victim and Pro Se claimant.

III. *I have not given any permission to any one*, to be deprived or be cheated, exploited or my basic rights being violated by big corporation's clever lawyers and firms. Neither I shall and will permit that, the plaintiff's compensation to be minimized by "SCIENTER RULES" of some clever law firms to violate my legal right and equal protection of law under the fair judicial due process.

IV. **This** Court should not permit or give this permission either, because they got big corporate lawyers, making over $375 million in legal fees i.e.{Rob Peter and pay Paul} [who defense does not want to pay their legitimate and legal liability in this matter] so that does not means that, "they should be allowed to get away with murder" by their excessively dangerous medicines. Yet they do not want to pay their legitimate liability(s) and compensation for injured victim (Lilak), caused by the defendant's excessively dangerous medication of "**VIOXX**".

V. The plaintiff has been permanently injured and disabled by the Merck Corporation who [Plaintiff/Claimant] is not able to provide for his family because of the negligence and dereliction of duty for "Product Liability" i.e. "res ipsa liquitor" [speak for itself and publically known fact] by this Corporation i.e. The MERCK & Co., Corporation.

VI. **Your Honor**, there were no and are no issues of Law which are triable, but however, if these minor issues of plaintiff (Lilak) are not resolved. It would definitely create few other issues and concerns which will create the situation of continues as legal issues, which will require the legal issues of "Fraud, Bad Faith and Wonton Conduct, and issues of "Dishonest Service" by defense MERCK & CO if this situation is not resolved with this Claimant/Plaintiff.

VII. *In reply to Defense Merck motion of 10-27-2010* opposition to Plaintiff's "Summary Judgment" Motion of 08-26-2010 under rule 56(e). The defense is out of time frame of response in 10+4 days window according rule to response rule 6(e). [defense has expired the opportunity to response]

VIII. *Pursuant, to Rule 6(e),* and the Motion filed 0n 12-30-2010 for "JUDICIAL REVIEW, under "Administrative Procedure Act" (APA), 5 U.S.C.A statue § 702, 706 and previously file motion under rule 56(e), for summary judgment {although there is no final judgment in this matter yet].

5

PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:       TBD, 2011.
Time:               OPEN.
Judge:              "ELDON E. FALLON"
Objection Date:     [TBD] -2011.

IX. *The Plaintiff however is filing additional charges* & allegations with counter-cross complaint/claims of Fraud, Dishonest Services, Malicious litigation and misuse of civil procedures in Bad faith and Wonton conduct in court order settlement process involving $4.8 Billion. The plaintiff is praying for punitive damages in addition for Fraud & SCIENTER and DISHONEST SERVICE and INTENTIONAL DISTRESS of 8-9 years sufferings and Damages caused by MERCK & CO.

X. *The Plaintiff is filing against the Defense* and demanding compensation for EI-Claim, litigation of Fraud, and Malicious use of civil procedures in Bad Faith. In court ordered settlement of $ 4.8 Billion, which is creating potential fraudulent intent in disposing of the funds to victims and injured for fair and just compensation for injuries and wage loss and some type of official audit is demanded in verification of total claimant and amount dispersed out of $4.8 Billion of settlement amounts. The plaintiff is seeking judicial review pursuant to (APA), 5  U. S. C. A Statue §702.

XI. **Your Honor** as of December 30, 2010 the plaintiff is filing Motion "REMANDING EI-Claim/CASE" for Judicial review of the EI-claim[according to MSA guidelines] & evidence and records submitted which defense of MERCK & Company/Brown Greer Admin is saying, "not sufficient information for calculation for EI-claim".

**YOUR HONOR**, all supportive records and information was & were and has been submitted as requested, that is where the "SCIENTER & FRADULENT" rules are taking place by just saying "not sufficient information" OR DOCUMENTS   NOT SUBMITTED [excuses] and  , [then refusing or denying EI-Claim. This motion for judicial review is to redress to make the situation right and make plaintiff WHOLE under "re-dressabilty clause or doctrine"

XII. **Therefore,** to this Honorable court, the plaintiff is filing this Motion for Remanding of the case for "Judicial Review" to EI-Claim and with additional Cross and Counter complaint, claims of Fraud & Dishonest Services. This court has to review the records and deliver justice according to law. The plaintiff is Praying for "Summary Judgment" with punitive damages and his Wage Loss and other damages as deem appropriate by this court for his EI-Claim and other special damages as deem appropriate..

XIII. *Since this is the responsibility of this court* for this MDL1657 case management. For this case of "res ipsa loqitor"  and  Product Liability case. Therefore, jurisdiction is appropriate for this Hon. Court.