*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

Safdar N. Lilak  (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:          TBD, 2011.
Time:           OPEN.
Judge: "ELDON E. FALLON"
Objection Date:      [TBD]  -2011.

**The Merck is liable** and should face its liability(s) to the situation rather than [instead] using SCIENTER rules, Malicious Litigation Bad Faith and Wonton conduct to minimize compensation for victim and his EI-Claim for Wage loss.

*Which requires by the said court to set example* & use the Hammer and teaching   to defense of MERCK by use hammer by the Honorable court and for "Punitive Damages" award in favor of injured and disabled plaintiff  (Lilak).

*Who has been suffering* from last 8-9 years now, living in poverty index of 180%, and in future will be suffering,  who has been permanently injured for life and damaged career by MERCK Corporation, plaintiff has "injury in fact" and stand to suffer huge loss in equity and mental and emotional way.

XIV.   *And violation of ethic of Civil proceeding* and use of civil procedures in Bad Faith by the defense of MERCK { ABA MODER RULES OF PROFESSIONAL CONDUCT, Rule 1.13 (a), (b)(c) (1)(2), (d)(e)(f)(g). To hurt injured and damaged party is considered Fraud by conspiring with firms and procedures and minimizing compensation which are not fair and just by rule of law, **therefore,** predatory and malicious litigation in disregard of injured and victimized claimant and guideline of the civil procedures and law.

XV.   **Your Honor** this court has the authority to resolve these issue(s) under "Administrative Procedure Act" Statue 702 and Rule 56 of Federal Rule of Civil Procedures, which I will explain in few minutes in attached exhibit. The Honorable court need to cite the defense, why summary Judgment should not be entered in this situation for the Plaintiff/Claimant (Lilak) for EI-Claims of wage loss and other special damages.

XVI.   *I am writing to the said court* and filing and sending this Motion for Judicial Review for consideration & to set for hearing   and to all who has nexus and symbiotic and logical connection to this situation of the EI-claim to all parties.

By fax / e-mail or by US mail, or Certified mail, or registered or receipt confirmation mail to all of you to whom it may concern, pursuant to "Administrative Procedure Act" (APA), 5 U.S.C.A §702 and   D.C. COLO. L Civ. R 3.2   and 7.5. The Motion is being filed for "REMANDING OF THE CASE FOR JUDICIAL REVIEW AND FOR SUMMARY JUGMENT" with punitive damages for EI-claim [In accordance with Rule 7.5 Notice of related Cases.].

XVII.   **YOUR HONOR**, if the Rule 56(e) and Rule 60(b) are not appropriate for this situation then, the plaintiff (Lilak) is filing this Motion for "Judicial Review" according to "Administrative Procedure Act" § 702 as follow:

7

*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

| | |
|---|---|
| *Hearing Date:* | *TBD, 2011.* |
| *Time:* | *OPEN.* |
| *Judge:* | *"ELDON E. FALLON"* |
| *Objection Date:* | *[TBD]   -2011.* |

**XVIII.**   _The plaintiff is filing this Motion for "Judicial Review"_.   According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act  (APA), 5 U.S.C.A.  § 702, 706 which provides:

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof"

**Early decisions under** this statue interpreted the language as adopting the various formulations of "legal interest" and "legal wrong" then prevailing as constitutional requirements of standing. But  in *Data Processing Service v. Camp, 397 U.S 150  and  Barlow v. Collins, 397 U.S. 159,* decided the same day, we held more broadly that persons had standing to obtain judicial review of federal agency in this situation PFIZER/BROWNGREER in court order VIOXX Settlement Administration.,

_Action under § 702, 706 of the APA_ where they had alleged that the challenged action had caused them "injury in fact" and where the alleged injury was to an interest "arguably within the zone of interests to the protected or regulated" by the statues that the agencies were claimed to have violated.

_As to what must be alleged_ by persons who claim injury of noneconomic nature [in this case it is economic interest as explained later in following paragraph and the Bad Faith Settlement process with WONTON Conduct on part of MERCK & Company for summary and punitive damages for "SCIENTER rule.]

**XIX.**   _The Plaintiff Lilak, Safdar pray for re-instatement of his Case and El-Claim for wage loss be compensated._ The plaintiff (Lilak-Pro Se) most respectfully ask for relief from the order of agency refusal by the MERCK/BROWNGREER claims administration under rule 59 (e) or 60 (b) _and according to SIERRA CLUB v. MORTON Administrative Procedure Act (APA), 5 U.S.C.A. § 702, Baker v. Carr, 369 U.S. 186, 204 also  Flast v. Cohen_ and submit to Honorable Panel and said Judge for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak) and family's economic interests and damages caused by defendant's defective product.

**XX.**   The Plaintiff/Claimant, Lilak**,** bring the attention of this Honorable "JPML PANEL" and members and  Judge of said Court and JPML PANEL in this  Motion for "Judicial Review" *t*o the defendant  violating published  MSA settlement rules negotiated and by use "abusive depositions and discovery abusive practices" violating rule of  injured

*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:        *TBD, 2011.*
Time:        *OPEN.*
Judge: *"ELDON E. FALLON"*
Objection Date:        *[TBD]   -2011.*

plaintiff's protective rights. Who has "injury(s) in fact" has personal stake in the outcome and has huge damages and personal injury.

**XXI.** For VIOXX SETTLEMENT PROCESS, <u>and immediate order or madamus to defense  be issued, to intercept and to resolve disputed issues</u> of "Wage Loss" and this court's action is required for fair and just adjudication of claims according to rule of law.

**XXII.** <u>And not some insider MSA-program rule to override legal principals of law.</u> The legal resolution for "Wage Loss" for Past Present and future is prayed, requested and demanded. This court has the authority and jurisdiction for this issue to resolve without protracted litigation according to Rule 56 &  6(e) in this case.

**XXIII.** *The plaintiff is praying* <u>and filing this expedited Motion for "Judicial Review" & Summary Judgment</u> as Prayer and "FOR REMANDING OF THE CASE FOR EI-CLAIM and JUSTICE & FAIRNESS OF RULES OF LAW FOR SUMMARY JUDGMENT with punitive damages as deemed appropriate under the circumstances.

**XXIV.** *The plaintiff prays*, to this Honorable Judge & Court, for fairness and rule of law, for adjudication and just resolution to the controversy and disputed issues relating with [Plaintiff/Claimant, Lilak] the VIOXX Claim and EI-Claim for wage loss.

**XXV.** *For dual injuries and EI-Claims*, "Wage Loss" in objection to and against the  MERCK & COMPANY refusal/dismissal motion, and their baseless refusal to my Claims for Wage Loss and EI-Claims for dual injuries by saying not sufficient information in face of all the Hard and Certifiable evidence  and records submitted with best faith efforts as requested.

**XXVI.** *The plaintiff is Praying* <u>and requesting to the Court to issue "Summary Judgment" in favor of Claimant (Lilak)</u> and against MERCK & CO and CA-BROWNGREER Claim Admin for MERCK defense.

**XXVII.** *The Defense had the opportunity to show cause* [has missed and expired the date], according to rule 6 (e), Why case should not be remanded for review of the submitted evidence & records in support for claimant, for fairness and according to the rule of law and justice. And why "Summary judgment" should not be entered against the defense and MERCK & CO. The defense missed the opportunity pursuant to rule 56 and 6(e). Therefore, 'Summary Judgment' is fair legal and appropriate in this situation.

*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:            TBD, 2011.*
*Time:            OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:      [TBD]  -2011.*

**XXVIII.**   *The plaintiff praying* and requesting for resolution to his claims and Summary Judgment to be entered for his claim, since there are no legal issues to be tried, in this matter, but SCIENTER & FRAUDULENT application of Civil rules in Bad Faith and Wonton conduct by the Defense of Merck & Company.

**XXIX.**   *According, to* D.C.COLO. L Civ. Rule 30.3, Sec. A {(1, 2, 3, 4, 5)}, and Pursuant to statutes of fraud, in accordance with Fed. R. Civ. P. 26 requirements rule 26(f) and 26 (a) (3) of Fed. R. Civ. P       that disclosures be filed with the court.

**XXX.**   *The plaintiff, requesting relief for wage loss El-claim* and, from SCIENTER RULES, DISHONEST SERVICES AND FRAUD and ABSUSIVE Discovery with Bad Faith and Wonton conduct by the defense and MERCK & Company.

**XXXI.**   *The relief of claim is being requested*, prayed and demanded under rules of Fed. R. Civ. P. Rule 56, 6(e) & Rule 60 (b) and against MERCK & Company/CA-BROWNGREER firm & MERCK & Company, for playing "SCIENTER Rules and Bad Faith and Wonton Conduct" in Settlement processing of claims, by minimizing victim's & injured claimant compensation.

**XXXII.** *Since all of you have the nexus, symbiotic relation directly* and

In-directly and are responsible for this situation in some capacity i.e.

JPML Judicial Panel for Multi-litigation Case Management rules.

*The Plaintiff "Pro Se"* alleges he has been denied and deprived of fairness and equal justice in this Settlement process by CA-BROWNGREER/ MERCK DEFENSE. The Court need to enter order  against defense pursuant to rule 56 & 6(e) for "Summary Judgment" The defense was suppose to file opposition within definite time i.e. 10+3 mailing days by remanding the Case/Claim in court for motion under rule 56,

The order for summary judgment is appropriate for and, in favor of Plaintiff/Claimant (Lilak), El-Claim for wage loss) for "Pro Se" Claimant Mr. Lilak (VCN No. 1113035).

*The PRAYER FOR JUSTICE and Fairness is being requested* in this Memorandum as Prayer for Summary Judgment or Mandamus instructions.

*The Plaintiff questions and wants* to know according to rules of evidence, and the rules of laws of Personal injuries. WHY plaintiff's claim is and was being denied. Plaintiff needs to know the detailed reasons why his evidences are and were being ignored i.e. Payment paid in excess of $ 225000 by the insurance for

10

*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak  (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail:* slilak43@msn.com

*Hearing Date:*      *TBD, 2011.*
*Time:*      *OPEN.*
*Judge:*   *"ELDON E. FALLON"*
*Objection Date:*    *[TBD] -2011.*

injury(s) treatment/rehabilitation and Wage loss records of "Disability" (8-9 years) from Social Security Administration wage loss in excess of $886000 how come this is not qualifying for the EI claim with requirement condition as published of $225K of MSA program which has been created as 'SCIENTER RULES" for EI-claims and being burdensome? **WHY**

**How come evidence** is/are/was being blatantly ignored and that information being verifiable and all  releases of records has and had been signed. By  JUST SAYING, "NOT ENOUGH OR SUFFICIENT DOCUMENT OR INFORMATION" to make decision?  What a non-sense excuse by defense and MERCK/BROWNGREER[problem with professional ethics and the Agency Lawyer, Rule 1.13].

**Therefore,** *plaintiff is requesting* and praying for "Summary judgment" for his remainder of the claims for EI-Claims for Wage loss and for which plaintiff has complied with all deficiency(s) for calculation purposes. **WHY is the question for This Court**, to ask the defense, instead of leaving for liaison or pro Se curator who, are cozy with big corporation defense, and perhaps in their pockets. The fairness of law from this court is being requested, Prayed and demanded.

**YOURHONOR**! <u>There is a question of fairness of $4.8 Billion in this settlement, the victims would like to know the inside story.</u> Without fairness, the plaintiff will have no alternative but to file "Counter and Cross claims" against the defense for Fraud and will prove to Jury of the peers as challenge.

{**Please read the attached exhibit,** <u>justification for "Summary Judgment"</u> <u>against the defense and in favor of Plaintiff/victim pursuant to the Rule 56.</u> [FYI: Defense is paying their lead counsels $375 Million for settlement process for legal fees that is "Rob Peter and pay Paul" potential violation of Rule 1.13, yet not willing to pay legit compensation for injured and victimsand defense is committing their fraud and conspiracy(s) and SCIENTER and MALICIOUS litigation and negligence and dereliction of duty to public at large] and "injury(s) in Fact" to plaintiff (Lilak).

<u>It is unfair that all is taking place, against the Guidelines for Federal Rules</u> <u>for Complex MDL litigation/Settlement and principals of Personal injuries</u> <u>compensation rules & laws of settlement  and</u> or "Strict Product Liability" and "res ipsa loqitour" rules are being ignored.

The rules provided and recommended by the "BREYER COMMITTEE" Guidelines, for the complex management of and for Settlement communication

PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:       TBD, 2011.
Time:       OPEN.
Judge: "ELDON E. FALLON"
Objection Date:    [TBD] -2011.

and Settlement rules are being ignored and disregarded. [Please read the attachments previously submitted - Evidence and Rule 56 justification for Summary Judgment"]

So you know the facts and the dirt which is being played in Settlement process by CA-BROWNGREER/MERCK against the "Pro Se" injured claimants, by the defense of MERCK & COMPANY / CA-BROWNGREER Claim Administration after court order settlement.

If you have any question please contact me by *e-mail: slilak43@msn.com or Phone: 303-755-1505 or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017*. Thanks.      Thanks again, respectfully, submitted on this day 30th December, 2010..

Sincerely,

_s / Safdar Neil Lilak    12-30-2010_

Safdar Neil Lilak, Ph: 303-755-1505, E-mail: slilak43@msn.com

## EXHIBIT: AS PREVIOUSLY SUBMITTED

Plaintiff: MOTION FOR "JUDICIAL REVIEW" Dated December 30-2010
Case: MDL 1657-EEF
Claim: VCN No. 1113035