FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 30 PM 4:55

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

MARGARET BROWN; ELAINE HENRY;
JOHN MARTIN; ROSA WARREN;
WILLIE WILLIAMS; BOBBY BARRAS;
JANICE FITZGERALD-HUGHIE; LUCY COSTANZA;
CHARLES WATKINS, DAN WATKINS,
RUSSELL WATKINS and ROSA WARREN,
individually and on behalf of the Estate of
ETHEL WILLIAMS, deceased; ELLA BICKHAM;
IDELLA REED; NORMA LEE SYKES STEWART;
TOMMY RAY SYKES; ROSE LEE BELL;
GLORIA WAGNER BURTON; BOBBY R. FONT, SR.;
JOSEPH LOCICERO, JR.; TONY LOCICERO;
GEORGE EDWARD RICKS, III;
TASHUNA WASHINGTON and EMMA COLLINS,

    Plaintiffs,

vs.

MERCK & CO., INC.,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

05-4500

Judge

SECT. L MAG. 3

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, who file this Complaint and allege the following upon information and belief:

1.

This is an action for damages suffered by the Plaintiffs as a direct and proximate result of Defendant's wrongful conduct including, but not limited to, the manufacturing, distribution, testing, labeling and selling of the prescription drug Vioxx.

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction). The amount in controversy for each Plaintiff exceeds $75,000.00 exclusive of

___ Fee $250.00
___ Process
___ Dktd
___ CtRmDep
___ Doc. No

interest and costs. There is complete diversity of citizenship between the Plaintiffs and the Defendant. The Plaintiffs are Louisiana residents and the Defendant is a New Jersey corporation.

3.

Venue is proper in this District pursuant to 28 U.S.C. §1391(a), as Plaintiffs obtained, purchased and used the prescription medication that forms the basis of this lawsuit in this Federal District of Louisiana, Plaintiffs all reside within this District, and Defendant marketed, advertised and distributed Vioxx in this District.

4.

Defendant is the manufacture, marketer, wholesaler, distributor and/or seller of Vioxx. The named Defendant is:

    A.    Merck & Co., Inc., a New Jersey corporation with its principal place of business in New Jersey.

5.

At all relevant times herein, Merck & Co., Inc. was in the business of manufacturing, marketing, developing, testing, labeling, promoting, distributing and/or selling its product, Vioxx.

6.

Merck & Co., Inc. does substantial business in the State of Louisiana and within this Federal District, and at all times relevant hereto, it developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce and Louisiana the aforementioned prescription drug.

7.

At all times material to this action, Plaintiffs resided as set forth below:

| | |
|---|---|
| Margaret Brown | Hammond, LA |
| Elaine Henry | Independence, LA |
| John Martin | Albany, LA |
| Rosa Warren | Hammond, LA |
| Willie Williams | Hammond, LA |
| Bobby Barras | Morgan City, LA |
| Janice Fitzgerald-Hughie | Hammond, LA |
| Lucy Costanza | Hammond, LA |
| Ethel Williams, deceased | Hammond, LA |
| Ella Bickham | Independence, LA |
| Idella Reed | Hammond, LA |
| Norma Lee Sykes Stewart | Holden, LA |
| Tommy Ray Sykes | Holden, LA |
| Rose Lee Bell | Hammond, LA |
| Gloria Wagner Burton | Hammond, LA |
| Bobby R. Font, Sr. | Denham Springs, LA |
| Joseph Locicero, Jr. | Hammond, LA |
| Tony Locicero | Hammond, LA |
| George Edward Ricks, III | Ponchatoula, LA |
| Tashuna Washington | Independence, LA |
| Emma Collins | Waterproof, LA |

8.

Plaintiffs ingested Vioxx as prescribed.

9.

When Plaintiffs ingested Vioxx, they were unaware of the serious side effects and dangerous properties of the drug as set forth herein. Plaintiffs were unaware of the substantial risk before September 30, 2004 and each became aware that a risk existed after September 30, 2004.

10.

Plaintiffs bring this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive relief against defendant, Merck & Co., Inc., who tested, marketed, distributed, promoted, and sold Vioxx, which the Plaintiffs took after it was prescribed to them, and as a result thereof, suffered damages.

11.

The product in question was designed, formulated, patented, marketed, sold, tested and ultimately distributed by the Defendant as Vioxx.

12.

Vioxx is in a class of drugs called non-steroidal inflammatory drugs ("NSAIDs").

13.

In September, 2004, Merck & Co., Inc. withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes.

14.

Annual sales of Vioxx total approximately $2.5 billion.

15.

Defendant breached obligations associated with Vioxx including, but not limited to, its testing, the manufacture, design, warning, marketing, and sale of Vioxx.

16.

Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendant negligent per se.

17.

Defendant expressly warranted to the market, including the Plaintiffs, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

18.

In using Vioxx, Plaintiffs relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

19.

As a direct and proximate result of Defendant's breaches of warranties, Plaintiffs were injured and suffered damages.

20.

Defendant was aware of the substantial risks from taking Vioxx but failed to fully

disclose same.

21.

Defendant, as the manufacture of Vioxx, is deemed to be aware of Vioxx's redhibitory defects pursuant to LSA-C.C. art. 2545.

22.

Had Plaintiffs been aware of the defects contained in Vioxx, Plaintiffs would not have purchased this medication. This characteristic rendered it unfit for its intended purposes.

23.

Defendant is liable to Plaintiffs under the theory of redhibition.

24.

Plaintiffs are entitled to a return of any purchase price paid, including but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorney's fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled.

25.

Defendant has breached the implied warranty of merchantability in that Vioxx was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, the Vioxx manufactured and sold by Defendant was defective on the date of its delivery to Plaintiffs.

26.

Defendant has also breached the implied warranty of fitness for a particular purpose. Vioxx is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiffs bought Vioxx in reliance on Defendant.

27.

Plaintiffs have suffered damages as a result of Defendant's breach of warranty.

28.

Defendant has knowingly received a substantial benefit at the expense of the Plaintiffs.

29.

It would be unjust to permit Defendant to enrich themselves at the expense of Plaintiffs to retain the funds that Defendant wrongfully obtained from Plaintiffs. Plaintiffs therefore invoke the Louisiana Doctrine of Unjust Enrichment.

30.

Defendant has a duty to exercise the necessary degree to care expected and required of manufacturer of health care products. Defendant deviated from that duty by failing to warn of the risks of the uses of Vioxx.

31.

As a result of Defendants' negligence, Plaintiffs have been injured and sustained damages. These damages are the actual and proximate result of Defendants' breach of the applicable duty of care.

32.

Defendant had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promotion, distribution and/or sale of the drug Vioxx and did so in a negligent fashion.

33.

At all times material hereto, Defendant either knew or should have known that the drug Vioxx was causally related to and associated with severe and life threatening complications and side

effects.

34.

Although Defendant knew or should have known that dangerous risks were associated with the use of Vioxx, Defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

35.

Defendant failed to adequately warn Plaintiffs of the hazards of Vioxx and concealed this knowledge from the Plaintiffs and others. As a result of this failure, Plaintiffs were caused to suffer the injuries and damages as set forth herein.

36.

Although Defendant knew or should have known that dangerous risks were associated with the use of Vioxx, Defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

37.

Defendant, Merck & Co., Inc. falsely misrepresented and concealed pertinent facts regarding the drug Vioxx including, without limitation, the absence of adequate testing of the drug, the severity and frequency of side effects, and adverse medical conditions caused by the drug.

38.

Defendant Merck & Co., Inc. failed to take measures to ensure that the end user of the drug was notified fully and completely or the risks of Vioxx, and/or the physicians, pharmacists and health care providers were notified of these risks.

39.

Vioxx contains a vice or defect which renders it either absolutely useless, or renders its use

so inconvenient and imperfect that buyers would not have purchased it had they known of this vice or defect.

40.

Defendant impliedly or expressly represented that the drug Vioxx, that they manufactured, distributed and/or sold was safe for use and would not cause the adverse health effects described herein. Presence or the unsafe characteristics of Vioxx is an absolute vice as provided by Louisiana Civil Code articles 2520 et seq., rendering Defendant liable in redhibition.

41.

Whereas Defendant, while knowing of the vice as described herein, failed to declare it to Purchaser, Defendant is liable for all damages, including reasonable attorney's fees, as provided by Louisiana Civil Code arts. 2545 and 1953 et seq.

42.

The damages in questions arose from a reasonably anticipated use of the product in questions.

43.

The product in questions is unreasonably dangerous for the following reasons:

A. It is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

B. It is unreasonably dangerous in design as provided in R.S. 9:2800.56;

C. It is unreasonably dangerous because an adequate warning about the product was not provided as required by R.S. 9:2800.57;

D. It is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

44.

The characteristics of the product that render it unreasonably dangerous under R.S. 9:2800.55, et seq., existed at the time the product left the control of the manufacturer or resulted from a reasonably anticipated alteration or modification of the product.

45.

Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Vioxx. Defendant marketed Vioxx which was in a dangerous and defective condition and was defective in design and formulation by reason of which said drug was unreasonably dangerous to the user thereof. Vioxx was dangerous and defective at the time it was marketed by Defendant, and at the time it was ingested by Plaintiffs.

46.

Said dangerous and defective condition proximately caused the injuries alleged herein to Plaintiffs while the product was used for its ordinary intended purpose and in the ordinary intended manner. The injuries alleged herein to Plaintiffs, and damages suffered were the direct and proximate result of the marketing and sale by Defendant of the defective and unreasonably dangerous product, Vioxx.

47.

Defendant failed to properly and adequately test Vioxx.

48.

Plaintiffs were prescribed and took Vioxx and suffered severe and debilitating injuries and damages as a result.

49.

Defendant failed to adequately warn consumers of the harmful side effects and potential

adverse health effects of Vioxx.

50.

As a result of Plaintiffs' ingestion and uses of Vioxx, Plaintiffs sustained the following non exclusive list of damages:

| | |
|---|---|
| Margaret Brown | Blood clots and chest pains |
| Elaine Henry | Pulmonary embolism and blood clots |
| John Martin | Pulmonary embolism and blood clots |
| Rosa Warren | Pulmonary embolism and DVT |
| Willie Williams | Blood clots |
| Bobby Barras | Heart attack |
| Janice Fitzgerald-Hughie | Death - Pulmonary embolism |
| Lucy Costanza | Stroke |
| Ethel Williams, deceased | Death |
| Ella Brickham | Blood clots, DVT and heart attack |
| Idella Reed | Heart attack, blood clots, kidney problems |
| Norma Lee Sykes Stewart | Coronary artery disease |
| Tommy Ray Sykes | Blood clots, TIA, coronary artery disease |
| Rose Lee Bell | Blood clots, heart attack and stroke |
| Gloria Wagner Burton | Stroke |
| Bobby R. Font, Sr. | Stroke |
| Joseph Locicero, Jr. | Heart attack, blood clots and stroke |
| Tony Locicero | Blood clots |
| George Edward Ricks, III | Blood clots, stroke and heart attack |

| | |
|---|---|
| Tashuna Washington | Headaches |
| Emma Collins | Heart problems |

All Plaintiffs herein suffered the following injuries and damages:

A. Cardiac injuries, including but not limited to, heart failure and stroke.

B. Past and future emotional distress including, without limitation, justifiable fear of disease;

C. Loss of enjoyment of life;

D. Past and future mental pain and suffering;

E. Inconvenience;

F. Past and future mental anguish;

G. Past and future physical pain, suffering and disability;

H. Increased risk of contracting disease;

I. The need for medical monitoring;

J. Medical expenses;

K. Loss or earning and/or earning capacity; and

L. Other damages to be proven at the trial of this matter.

51.

Plaintiffs live in fear that as a result of the ingestion and use of the drug Vioxx, Plaintiffs are at increased risk of contracting severe and/or other disabling injuries, and consequently, are entitled to medical monitoring at the expenses of Defendant.

52.

The medical monitoring that Plaintiffs are entitled to includes, but are not limited to testing, preventive, screening, physician evaluation, examination and care and treatment of the resultant

medical conditions.

53.

Plaintiffs are entitled to and prays for trial by jury on all issues.

**WHEREFORE,** Plaintiffs pray that:

1. Defendant be required to answer this complaint after all legal delays have run, all in accordance with law;

2. After due proceedings had, and a trial by jury, there be judgement herein in favor of Plaintiffs and against Defendant, for all damages, including attorneys fees, which are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings;

3. Plaintiffs recover their costs for the prosecution of this action;

4. The Court render judgment in favor of the Plaintiffs awarding all damages as prayed for herein, including attorneys' fees, with all costs assessed against Defendant.

Respectfully Submitted,

_____
JACK W. HARANG (#15083)
3500 N. Hullen Street
Metairie, Louisiana 70002
(504) 456-8658
Attorney for Plaintiffs

Temporary office located c/o:
William M. Cunningham, Jr.
Burns, Cunningham, Mackey & Fillingim, P.C.
P. O. Box 1583
Mobile, AL 36633
(251) 432-0612 office
(251) 432-0625

**OF COUNSEL:**
Daniel E. Becnel, Jr.
106 West Seventh Street
P. O. Drawer H
Reserve, LA 70084
(985) 536-1186 ofc.
(985) 536-6445 fax

William M. Cunningham, Jr.
Burns, Cunningham, Mackey & Fillingim, P.C.
P. O. Box 1583
Mobile, AL 36633
(251) 432-0612 office
(251) 432-0625

**PLAINTIFF TO SERVE DEFENDANT VIA SUMMONS**

**Merck & Co., Inc.**
**One Merck Drive**
**P. P. Box 100**
**Whitehouse Station, NJ 08889-0100 USA**