UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION :<br><br>This document relates to ALL ACTIONS : | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

FEE ALLOCATION COMMITTEE'S RESPONSE IN OPPOSITION
TO THE MOTION FOR EXPEDITED HEARING OF ERIC WEINBERG,
CHRIS PLACITELLA AND COHEN, PLACITELLA AND ROTH'S
JOINT MOTION TO PRODUCE COMPLETED GRID AND RELATED PAPERS

I.  **INTRODUCTION**

The Fee Allocation Committee ("FAC") hereby responds to the movants' Motion for Expedited Hearing and Joint Motion to Produce Completed Grid and Related Papers. The movants, Eric Weinberg, Chris Placitella and Cohen, Placitella and Roth, seek emergent relief for discovery relating to the so-called "completed grid" and related papers. This Court's Order of January 20, 2011, however, outlines the procedure and timing for discovery involving objectors to the recommendation of the fee allocation committee: "After the time for objection has expired," the Court's Order provides for a process by which lead and liaison counsel for objectors will be appointed "to set a schedule for discovery". *See* Order at 2. As the movants have failed to identify any emergency or expedited need for production of the requested papers, the motion is premature, unfounded and lacking merit.

For the reasons discussed further, the motion for expedited relief and the joint motion to produce completed grid and related papers should be denied.

## II. ARGUMENT

Since the inception of this litigation, this Court has contemplated the process by which common benefit counsel would be reasonably compensated. In PTO No. 6, the groundwork for this Court's procedures for insuring the fair compensation of counsel began. In PTO No. 6, this Court established the requirements for counsel to timely submit contemporaneous time records to the court appointed accountant, Philip A. Garrett, whose responsibility was to accumulate this information for the Court's benefit when considering what has now become the common benefit fee application. As the litigation matured, this Court implemented additional procedures to insure an orderly process by which common benefit counsel's efforts would be evaluated. For example, PTO No. 6(c) permitted state court counsel that had up until that time not participated in the MDL to submit their time records to Mr. Garrett.

To assist the court in its efforts to evaluate the daunting task of setting a reasonable fee allocation, the Court appointed nine persons to the FAC to make an initial recommendation for a fee allocation. The appointment of the FAC was consistent with long-standing jurisprudence within the Fifth Circuit. *See, e.g., Longden v. Sunderman,* 979 F.2d 1095 (5th Cir. 1992). Knowing that the appointment of the FAC did not relieve the Court of its responsibility to closely scrutinize the attorneys' fee allocation, the Court sought to impart upon the FAC guidelines to inform the committee of significant factors it should take into consideration when evaluating the common benefit efforts of fellow counsel. Evident throughout this Court's directives, is the obvious consideration of insuring due process and appropriate safe guards to all counsel participating in the common benefit fee award and ultimate allocation. Guided by the Fifth Circuit Court of Appeals' reasoning in *In re: High Sulfer Content Gasoline Products Liability*

*Litigation*, 517 F.3d 220 (5th Cir. 2008), this Court provided criteria to insure an ongoing, open and robust process by which counsel would participate in the fee allocation committee's efforts to reach a recommendation. To insure that basic judicial standards of transparency and fairness would be afforded to all participants in the allocation process, the Court provided directives consistent with general fee jurisprudence, e.g., *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); the guidance of PTO No. 6(c); as well as additional processes including consideration of affidavits provided by participating counsel, meetings to be conducted across the country to allow persons to appear and present the reasons, grounds and explanations for their entitlement to common benefit fees, the authority to request persons to appear at a meeting of the committee or a three member panel thereof, and other actions.

The FAC adhered to the guidelines that the Court provided to it. The FAC has attempted to engage in the most fair and transparent efforts to evaluate and access participating common benefit counsel's efforts consistent with this Court's orders and directives. In addition, the FAC developed a point system to assist in an objective evaluation of the nature and value of each applicant firm's contribution to the overall litigation. After careful consideration, the FAC made an initial determination as to the appropriate common benefit allocation for each applicant firm. This amount was then communicated to each firm on an individual basis. To insure due process, each applicant was afforded 14 days to object to the preliminary recommendation and to set forth the basis for the objection in the writing. The FAC considered each objection, made appropriate adjustments and ultimately made its recommendation to the Court on January 20, 2011.[1]

---

[1] Both movants were non-compliant with the process devised by the FAC. As evident from the Recommendation of the Fee Allocation Committee neither of the movants provided along with their objections to the FAC an "Amount Requested". Thus, Exhibit C to the

Thereafter, this Court issued its Order of January 20, 2011 which outlined the guidance provided to counsel from the inception of the litigation regarding procedures relating to the fee allocation. Having published the FAC's recommendation, the Court explicated an extensive course by which further due process will be afforded to all participants in the fee allocation process that wish to object to the FAC's recommendation. In essence, the Court has directed any interested objector to submit "an objection setting forth the reasons for their objection and describing the amount they feel they should be entitled to and why." Order at 2. The Court further allowed objections by persons not previously objected to the FAC's preliminary objection. It also allowed, "Anyone who did object to the FAC's preliminary allocation may object again, and file with the Court the materials they submitted to the FAC in connection with the prior objections as well as any additional materials they may wish to provide," provided that those objections are presented by February 4, 2011.

Not until after all the objections are received, *i.e.*, "After the time for objection has expired," Order at 2, does the Court's order contemplate that discovery will be permitted. Indeed, the Court first appears to contemplate the appointment of a lead and liaison counsel for objectors before discovery. After that time, the Court contemplates conferring with those counsel "to set a schedule for discovery, briefing, and if necessary a hearing, to be supervised by the Court's Special Master Patrick Juneau." *Id.* Thus, the order makes plain an intention to build in even further procedural safeguards of discovery and consideration by the Special Master for a separate recommendation of that provided by the FAC.

---

Recommendation of the FAC contains a blank in the Amount Requested column beside their names.

Accordingly, because discovery is not contemplated by this Court until <u>after</u> the election of objectors lead and liaison counsel, there is no emergency present on the part of the instant movants to require expedited consideration of their motion or the relief requested. Indeed, the instant motion appears to be at odds with this Court's January 20, 2011 Order. Any matters regarding discovery appear to first fall within the province of the Special Master whose report and recommendation would be subject to this Court's review. The movants appear to have "jumped the gun" in their demand for production.

### III. CONCLUSION

As demonstrated above, there is no emergent need to consider movant's request for expedited consideration of their Motion to Produce Completed Grid and Related Papers. Moreover, that motion should initially be brought before the Special Master for his report and recommendation prior to this Court's consideration of same.

WHEREFORE, the FAC respectfully submits that the instant motion(s) should be denied.

Respectfully submitted,

Date:  January 25, 2011

By: /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**CHAIRMAN OF THE FEE
ALLOCATION COMMITTEE**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Secretary of FAC**

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

Edward F. Blizzard, Esquire
BLIZZARD, MCCARTHY & NABERS, L.L.P
Lyric Centre, 400 Louisiana
Suite 1710
Houston, TX 77002-1689
(713) 581-8451 (telephone)
(713) 844-3755 (telecopier)

Thomas V. Girardi, Esquire
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
(213) 977-0211 (telephone)
(213) 481-1554 (telecopier)

W. Mark Lanier, Esquire
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, TX 77069
(713) 659-2500 (telephone)
(713) 659-2204 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Perry Weitz, Esquire
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
(212) 558-5500 (telephone)
(212) 344-5461 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of January, 2011.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com