# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

## NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY

Class Plaintiffs in Plaintiffs' Purchase Claims Master Class Action Complaint respectfully submit this Notice of Additional Supplemental Authority in further support of their opposition to Defendant Merck's Motion for Judgment on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Complaint.

On Tuesday, January 18, 2011, the United States Supreme Court denied a Writ of Certiorari in *Pella Corp., Et. Al.* v. *Saltzman, Leonard E., Et. Al.*, C.A. No. 10-355 (1/18/11). The Court did not provide specific reasons for its denial but the Court's decision effectively affirms the 7th Circuit U.S. Court of Appeals holding in *Pella v. Saltzman*, 606 F.3d 391 (7th Cir. 2010). The *Pella* decision affirmed the District Court's certification of a nationwide 23(b)(2) class and six statewide consumer fraud 23(b)(3) liability classes, rejecting the argument they were ineligible for class certification because of individualized issues of causation (reliance) and damages. *Pella* also recognized that "a district court has the discretion to split a case by certifying a class for some issues, but not others, or by certifying a class for liability alone where damages or causation may require individualized assessments." *Id.* at 393.

Second, on January 4, 2011 the 7th Circuit U.S. Court of Appeals heard appeals from the U.S. District Court for Northern District of Illinois in *Koral, Et. Al. v. Boeing Company*, C.A. No. 10-8035 (7th Cir. 1/4/11). Boeing sought permission to appeal under the provision of the Class Action Fairness Act which allows an appeal from an order remanding to state court a purported "mass action" removed to federal district court. *Id.* at 2. Boeing was initially sued in Illinois state court in 29 separate actions arising from the crash of a Turkish airliner (built by Boeing) in the Netherlands in 2009. *Id.* The total number of plaintiffs in the 29 suits equaled 117. *Id.* Initially, Boeing filed a motion in state court to dismiss the action under the doctrine of *forum non conveniens*. *Id.* Plaintiffs responded by arguing that in aviation disaster cases, several

exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases. *Id.* at 3.

On the basis of plaintiffs' response, Boeing removed the state court action to federal court, arguing that plaintiffs' proposal for a joint trial made the 29 separate actions suits a mass action removable under the Class Action Fairness Act. *Id.* While mass action suits must seek monetary relief, section 1332(d)(11)(B)(i) requires only that plaintiffs' claims involve common issues of law or fact; the issues need not be identical across all claims. *Id.* at 5. The plaintiffs indicated that an Illinois court is not authorized to conduct a "bifurcated" trial. *Id.* However, the Appellate Court held:

> A joint trial is "not an insuperable obstacle to a mass action. The joint trial could be limited to one plaintiff (or a few plaintiffs) and the Court could assess and award him (or them) damages. Once the defendant's liability was determined in that trial, separate trials on damages brought by other plaintiffs against the defendants would be permissible under Illinois law; it is not unusual for liability to be stipulated or conceded, or otherwise determined with binding effect, and the trial limited to damages. That form of bifurcation is common in class actions, and a mass action if a form of class action." *Id.* at 5.

For these reasons, Class Plaintiffs respectfully submit that the U.S Supreme Court's decision to deny the Writ of Certiorari in *Pella v. Saltzman* and the *Koral* decision provide further support for its opposition, and Plaintiffs annex a copy of each decision as Exhibit A and Exhibit B, respectively.

Dated: January 25, 2011

                                              Respectfully Submitted,

                                              /s/ James R. Dugan, II
                                              James R. Dugan, II
                                              Douglas R. Plymale
                                              David B. Franco
                                              THE DUGAN LAW FIRM

One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA  70130
Telephone:  (504) 648-0180
Facsimile:   (504) 648-0181

Vice Chair, PSC Purchase Claims Committee

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Chair, PSC Purchase Claims Committee

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA  70139
Telephone:  (504) 524-3300
Facsimile:   (504) 524-3313

State Liaison Counsel

Dennis Johnson
Eben F. Duval
JOHNSON & PERKINSON
P.O. Box 2305
1690 Williston Road
South Burlington, VT  05403
Telephone:  (802) 862-0030
Facsimile:   (802) 862-0060

Amy N. L. Hanson
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

- 5 -

Lance A. Harke, P.A.
Howard M. Bushman, Esq.
HARKE CLASBY & BUSHMAN LLP
9699 NE Second Avenue
Miami, FL  33138
Telephone:  (305) 536-8220
Facsimile:   (305) 536-8229

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Telephone:  (312) 621-2000
Facsimile:   (312) 641-5504