# EXHIBIT B

In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 10-8035, 10-8036, 10-8039, 10-8040,
    10-8041, 10-8042, 10-8048

FERRUH KORAL, *et al.*,

                                                      *Plaintiffs-Respondents*,

                    *v.*

BOEING COMPANY,

                                                      *Defendant-Petitioner*.

Petitions for Permission to Appeal from the
United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 10 C 6636, 10 C 6640, 10 C 6611, 10 C 6613,
10 C 6634, 10 C 6662, 10 C 6639—**Milton I. Shadur**,
**Ronald A. Guzmán**, **Suzanne B. Conlon**,
**Sharon Johnson Coleman**, **Amy J. St. Eve**, *Judges*.

SUBMITTED DECEMBER 6, 2010—DECIDED JANUARY 4, 2011

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.  Boeing seeks permission to appeal under the provision of the Class Action Fairness Act that allows the court of appeals to entertain an appeal from an order remanding to the state court a

2                   Nos. 10-8035, 10-8036, 10-8039, 10-8040, et al.

purported "mass action" removed to federal district court under the Act. See 28 U.S.C. §§ 1332(d), 1453(a), (c). A "mass action" is a suit "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).

Boeing has been sued in an Illinois state court in 29 separate actions all arising from the crash of a Turkish airliner (built by Boeing) in the Netherlands in 2009. The plaintiffs are victims (or representatives of victims) injured or killed in the crash. In several of the suits there is more than one plaintiff; the total number of plaintiffs in the 29 suits is 117. Although the Illinois court has jurisdiction over the suits because Boeing's headquarters is in Illinois, only one of the plaintiffs is an Illinois resident (the rest are foreigners) and the evidence relating to the design and construction of the Boeing airliner that crashed is, Boeing contends, in the State of Washington, where the plane was manufactured, rather than in Illinois. So Boeing filed a motion in the state court to dismiss the case under the doctrine of *forum non conveniens*, arguing among other things that it would be a considerable inconvenience for its employees in Washington to have to travel repeatedly to Illinois to testify in 29 different trials. The motion, as far as we know, has not been ruled on.

In opposing the motion the plaintiffs stated: "Practically speaking, Boeing's suggestion . . . that its employees will have to come to Chicago, Illinois for 'several' trials is not true. As this Court is aware, in aviation disaster

Nos. 10-8035, 10-8036, 10-8039, 10-8040, et al.　　　　3

cases, several exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases. Thus, to the extent there is a trial, Boeing's witnesses will in all likelihood not have to travel to Chicago, Illinois several times. [Boeing's affiant] agreed that if that were the case [i.e., one trial], it would not be as inconvenient for Boeing witnesses to come to Chicago."

On the basis of this response, Boeing removed the state court cases to federal district court, arguing that the statement of the plaintiffs that we've quoted was a proposal for a joint trial, and thus (given the number of plaintiffs) made the 29 separate suits arising from the plane crash a mass action removable under the Class Action Fairness Act. The district judges to whom the removed cases were assigned do not agree—at least those judges who have granted the seven motions to remand thus far ruled on—precipitating Boeing's petitions for leave to appeal. We have decided to grant the petitions because the appeal presents novel issues, as in such other CAFA cases as *Anderson v. Bayer Corp.*, 610 F.3d 390, 393-94 (7th Cir. 2010); *Bullard v. Burlington Northern Santa Fe Ry.*, 535 F.3d 759, 761 (7th Cir. 2008); *BP America, Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034-35 (10th Cir. 2010), and *College of Dental Surgeons v. Connecticut General Life Ins. Co.,* 585 F.3d 33, 38-39 (1st Cir. 2009).

Boeing's removal of these cases was premature. The proposal cannot be made by a defendant, 28 U.S.C. § 1332(d)(11)(B)(ii)(II), so Boeing's desire for a joint trial

4                Nos. 10-8035, 10-8036, 10-8039, 10-8040, et al.

(a desire based we assume on its preference for defending these suits in federal rather than state court) cannot support removal. See *Anderson v. Bayer Corp.*, *supra*. We can assume (answering a question left open in the *Anderson* case, see 610 F.3d at 394 n. 2, and in *Tanoe v. Dow Chemical Co.*, 561 F.3d 945, 956 (9th Cir. 2009)) that the state court's deciding on its own initiative to conduct a joint trial would not enable removal either. That would not be a proposal; and anyway the aim of the removal provision is to prevent plaintiffs from trying to circumvent the Class Action Fairness Act by bringing a class action as a mass action.

The proposal must be to the court in which the suits are pending, but if the plaintiffs' statement to the state court that we quoted was a proposal it was a proposal made to that court, for it was of course in the state court that Boeing moved for dismissal on the ground of *forum non conveniens* and thus provoked the plaintiffs' response in which the quoted statement appears. And the proposal can be implicit, as where a single complaint joins more than 100 plaintiffs' claims without proposing a joint trial, *Bullard v. Burlington Northern Santa Fe Ry.*, *supra*, 535 F.3d at 762; for the assumption would be that a single trial was intended—one complaint, one trial, is the norm. But we think the plaintiff's statement falls just short of a proposal, as it is rather a prediction of what might happen if the judge decided to hold a mass trial. It would be odd to think that plaintiffs could not make a telling response to a motion for dismissal of a suit on the ground of *forum non conveniens* without thereby having forfeited their chosen

Nos. 10-8035, 10-8036, 10-8039, 10-8040, et al.          5

forum; by arguing against dismissal, they would be arguing for it.

But we do not agree with the plaintiffs, and with two of the district judges who granted motions to remand, that removal is permissible only if a proposed joint trial encompasses relief. (This may become an issue in the present cases if and when the plaintiffs do propose a joint trial in the state court; maybe before ruling on Boeing's motion to dismiss on the ground of *forum non conveniens* the state judge will ask the plaintiffs whether they are proposing a joint trial.) Suits sought to be treated as a mass action must seek monetary relief, but section 1332(d)(11)(B)(i) requires only that the plaintiffs' claims involve common issues of law or fact; the issues need not be identical across all claims—that qualification is implicit in "common issues of law *or* fact." The plaintiffs point out that an Illinois court is not authorized to conduct a "bifurcated" trial—a trial on liability followed by a separate trial on damages if the defendant is found to be liable—if any party objects. *Richter v. Northwestern Memorial Hospital*, 532 N.E.2d 269, 274 (Ill. App. 1988); *Mason v. Dunn*, 285 N.Ed.2d 191, 193 (Ill. App. 1972). But that's not an insuperable obstacle to a mass action. The joint trial could be limited to one plaintiff (or a few plaintiffs) and the court could assess and award him (or them) damages. Once the defendant's liability was determined in that trial, separate trials on damages brought by the other plaintiffs against the defendants would be permissible under Illinois law; it is not unusual for liability to be stipulated or conceded, or otherwise determined with binding effect, and the

6                Nos. 10-8035, 10-8036, 10-8039, 10-8040, et al.

trial limited to damages. See e.g., *Bowman v. American River Transportation Co.*, 838 N.E.2d 949, 951 (Ill. 2005); *Lawler v. MacDuff*, 779 N.E.2d 311, 314-15 (Ill. App. 2002); *Richter v. Northwestern Memorial Hospital*, *supra*, 532 N.E.2d at 274-75. That form of bifurcation is common in class actions, and a mass action is a form of class action.

But as we said, since the removals were premature, the orders remanding them are

AFFIRMED.