UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| FILER: Robert E. Arceneaux/Pascal Calogero, Jr. | * | January 26, 2011 |

**REPLY MEMORANDUM IN SUPPORT OF
ERIC WEINBERG, CHRIS PLACITELLA
AND COHEN, PLACITELLA AND ROTH'S JOINT MOTION
TO PRODUCE COMPLETED GRID AND RELATED PAPERS**

MAY IT PLEASE THE COURT:

Transparency seems to have two different meanings, depending on who is using the term. In the language of this Court and the Fifth Circuit in *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220 (5th Cir. 2008), it means that counsel are entitled to see such information as is "essential to enable them to challenge how the Fee Committee valued their work." In the language of the Fee Allocation Committee, it is an elusive word, one to be spoken often but practiced as little as the Court will allow. In the FAC's view it has practiced transparency before (under Court edict) and will practice it again later (again under Court edict), but claims that now is not a convenient time, and voluntarily is not a convenient method, even if the information at issue is the decoder to the encrypted recommended allocation which must be accepted or rejected by February 4, 2011.

There are three fundamental flaws in this contention. First, this Court, which has demonstrated a genuine commitment to transparency, has never suggested that in establishing a framework for *future* discovery, it intended to prohibit *current* production of documents that are prepared, available, and key to the recommended allocation currently subject to the February 4, 2011 deadline.

Second, the FAC's reliance on this Court's orders is dangerously selective, for the Court, by Order dated November 29, 2010, directed the FAC to produce then-requested materials, saying that they were "essential to enable movants to challenge how the Fee Committee valued their work." (Record Doc. 56731.) On the eve of the deadline this Court has fixed for an objection to the FAC's work, Movers have yet to receive a number of those essential documents whose production this Court ordered. For example, they do not have the pretrial orders listing the MDL's witnesses and exhibits, which bear critically on Movers' contributions to the common benefit, nor do they have the MDL's listing of common benefit depositions, also essential to Mover's objection.

Third, and most importantly, this motion seeks, and the FAC is opposing access to, readily available information which is in fact essential to meaningful objections to the fee allocation. Those objections are due on February 4, 2011. Later is not the best time for production of the requested documents for the simple reason that the objections are due sooner rather than later.

The grid is the key to unlocking the coded formula, without which neither Movers nor anyone else but the FAC can understand their own or other counsels' allocations, or meaningfully object. The FAC has disclosed only numbers; the grid, which it necessarily used

to produce those numbers, which it disclosed to the Court, and which it has not otherwise disclosed, offers the essential valuation of work product that yielded the allocation. Without it, Movers cannot even understand their own allocations, much less compare them to anyone else's. As *High Sulfur* noted,"[a]llocation means proportion; how does the share [one] counsel is taking compare to the shares others are getting?" *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220, 232 (5$_{th}$ Cir. 2008).

The process of discovery and review, Movers are firmly convinced, is going to cause the FAC's formula to be cast aside entirely. No "tweaking" is going to save something patently contrary to all precedent, and contrary to this Court's directives to craft a legally sustainable allocation. We are convinced the Court will have to return to the drawing board with a clean slate. This is so because the FAC has developed a formula that creates an unheard-of ratio of *more than 100 to 1* between the rates of its top-tiered and bottom-tiered lawyers, even though for the creation of its fee pie, the FAC claimed the benefit of those bottom-tired lawyers work product as serving the common benefit, and valued it at a minimum of $443.29 per hour (one mover is being paid at an hourly rate of $21 per hour, the other at $100 per hour).

Here is the problem: so far, only the folks at the bottom know this; those who have a large enough stake to make the fight worthwhile have objected or can be expected to object. They will object even though the FAC denies them the key to the formula, because they don't need a key to know that they have been treated unfairly and unlawfully in this recommended allocation. They only need a key to explain *how* it was done. But, the happy or marginally happy contingent may not object, because these firms are trusting in the formula to deliver upon the FAC's recommendations. But if the formula is flawed, as Movers believe the hidden key

will reveal, *then **nobody** will recover the amounts recommended by the FAC.*   This is so because the number of objectors may not be enormous, but the dollars necessary to treat them fairly is. And because the "pie" to be distributed is finite, redistributing the pie accordingly to a legally sanctionable formula will change everyone else's share.[1]   How will the non-objectors feel about having waived their claims when their portions are cut back? Presumably, the Court would allow new objections to a new formula and new allocation.  The way to prevent this is to make the decrypter  public now, before the objection period has elapsed.

     A locked fee allocation formula is neither transparent nor does it afford the parties due process in confecting their objections.  Movers are entitled to the requested information.

---

[1] This is going to prevent any interim distribution. Because the formula is so flawed, there will no amount of the common benefit fund that can be reasonabley reviewed as "beyond dispute" and therefore subject to distribution. Perhaps the FAC believes that if it can minimize the number of objections, or quantify the amount of disputed funds at play, an interim distribution will be possible. There is evidence of this to be found in the FAC's snide and totally unnecessary reference in its papers to the fact that Movers did not specify an amount that they are requesting. Nor will Movers so specify until all discovery is complete and they have had a chance to formulate a fair plan that treats all parties equally. Allocation is, by necessity, comparative and relative because the pie is finite. Movers do not purport to know how much in the abstract they are entitlted to; they only want to be treated fairly in relation to similarly situated claimants. So, they cannot give the FAC, or this Court, a number that they think is fair compensation for them. This number is only discernible in relation to what every other claimant is receiving. That is why an interim distribution is impossible: because every claimant should be in the same situation, and unwilling to accept a number until they are aware of what every other claimant is receiving, so that they can decide whether their share, relatively speaking, is fair. If there is any lesson to be learned in *In High Sulfur*, it is that – the value of an orange an only be derived when the price of oranges is known; the cost of an apple is irrelevant. *See* 517 So.2d at 232.

Respectfully submitted,

*Robert E. Arceneaux*

_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Eric H. Weinberg, Chris Placitella, and Cohen, Placitella and Roth

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Memorandum in Support of Joint Motion to Produce Completed Grid and Related Papers has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this 26th day of January, 2011.

*Robert E. Arceneaux*

_____