**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | : | **MDL NO. 1657** |
| | : | |
| **IN RE: VIOXX PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | **SECTION: L** |
| | : | |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## OBJECTION TO THE PROPOSED COMMON
## BENEFIT FEE AWARD FOR RODANAST, P.C.

In compliance with the January 20, 2011 Order entered by this Honorable

Court, RodaNast, P.C. respectfully submits its objection to the common benefit fee

allocation proposed by the Fee Allocation Committee ("FAC").   RodaNast, P.C. also

timely submitted its objection to the proposed common benefit fee allocation to the

FAC.  *See* Exhibit 1.

RodaNast, P.C. is mindful of the heavy responsibility on those who seek

common benefit fees.  RodaNast, P.C. will demonstrate that the requested fee is

appropriate based on the skill of those who completed the work and the quality of

the work.

In support of its objection to the proposed common benefit fee allocation,

RodaNast, P.C. states the following.

At the time the Plaintiffs' Steering Committee was being formed, Senior Shareholder Dianne M. Nast did not apply for appointment because of a serious family matter.  However, Ms. Nast made it clear to the Vioxx leadership that the resources of RodaNast, P.C. would be available at any time and to any degree, to support the common effort, and the firm followed through in providing such support.

Although Ms. Nast was not a member of the Plaintiffs' Steering Committee, RodaNast, P.C. willingly and professionally undertook multiple projects that were specifically assigned and approved by the Plaintiffs' Steering Committee.  No senior lawyers were assigned to work that should have been done by a less senior lawyer. Appropriate staffing decisions were made in each instance, supervised as necessary by senior lawyers.

## I.   ASSIGNED WORK COMPLETED BY RODANAST, P.C.

RodaNast, P.C. served on the Law and Briefing Committee and assisted with multiple briefing and research projects.  In connection with this effort, Ms. Dianne Nast, Mr. Daniel Gallucci, Ms. Jennifer Snyder and Ms. Erin Burns participated, at various times, in numerous law and briefing conference calls and agreed to undertake multiple legal research and writing assignments.  The specific research and writing tasks assigned by the Plaintiffs' Steering Committee included, by way of example, the following:

- Completed a fifty-one (51) jurisdiction law survey on medical monitoring. This work was assigned in connection with Merck's motion to dismiss the

medical monitoring cases and was completed by Senior Attorney Jennifer Snyder, a Harvard Law graduate and a lawyer with nearly a decade of experience. Completion of such surveys involves far more than simply checking a compendium of statutes and listing them. Substantial case law research and analysis was required as to whether each of these jurisdictions recognizes medical monitoring (often a difficult issue in this developing area of law, frequently requiring analysis of conflicting court decisions) and, if so, the parameters of the cause of action in each jurisdiction (e.g., whether physical injury is required or not, whether future damages are recognized, whether there is a duty to mitigate, and whether the jurisdiction permits class relief). As Judge Posner noted in his seminal opinion in *In re Rhone-Poulenc Pharma., Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995), when considering state law, nuance can be important and must be considered. While not all courts agree with Judge Posner's analysis, a careful lawyer must research and recognize such nuances, and include them where appropriate in any survey of the law. Such surveys, accordingly, by necessity require substantial legal research and thoughtful analysis to prepare an accurate comparison of what may, superficially, appear to be identical statutes or case law.

- Completed a fifty-one (51) jurisdiction survey of consumer protection laws. This work was assigned to Ms. Snyder and Attorney Erin Burns, and the same comments noted above concerning research and analysis apply with

full force here.  This work required analysis of which particular provisions
of each jurisdiction's laws were relevant in the context of this case, as well
as consideration of many sub-issues, such as whether reliance is required,
whether scienter is required, whether class actions are permitted, and
what damages are available.  This information must be tickled out of what
are often lengthy, multi-part statutes, which frequently are further
interpreted by a multitude of judicial opinions in each jurisdiction.

- Prepared a memorandum on the difficult issue of implied preemption law,
  beginning with an analysis of the Supreme Court's decision in *Buckman
  Co. v. Plaintiffs' Legal Committee,* 531 U.S. 341 (2001) and addressing
  how circuit courts of appeal and district courts have interpreted and
  applied *Buckman* since its issuance.

- Prepared a memorandum, just after the FDA's announcement, on the
  FDA's final rule on new federal requirements for drug warning labels,
  which took effect during the pendency of this case.  As the final rule
  sought to preempt state tort liability claims based on inadequate
  warnings, the meaning and effect of this rulemaking was a significant and
  novel issue in this case.

- Researched the issue of "headless" classes in connection with the
  preparation of Plaintiffs' response to Merck's motion to strike and
  presented this research to the Law and Briefing Committee during a
  teleconference meeting.

- Drafted sections of Plaintiffs' brief in opposition to Merck's motion to dismiss the medical monitoring claims.

- Participated in the development of a deposition protocol. This work was assigned to Senior Attorney Daniel N. Gallucci, a lawyer of twelve (12) years experience, with substantial case management experience and strong negotiation skills.

- Researched and prepared Plaintiffs' motion to stay class certification briefing in the personal injury actions, as well as Plaintiffs' reply brief on this issue.

- Completed a memorandum regarding the timing and propriety of remanding cases to transferor courts, with Your Honor sitting by designation at those trials, including consideration of the implications of *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

- Assisted, in connection with the above research, with the preparation of a motion for suggestion of remand and an associated reply brief.

- Prepared a memorandum for the Law and Briefing Committee regarding the potential application of state class certification procedural rules, in lieu of Fed. R. Civ. P. 23, to class certification proceedings before a federal court sitting in diversity, including the implications of *Hanna v. Plummer*, 380 U.S. 460 (1965).

RodaNast, P.C. elected not to burden the FAC with a request for a hearing, as the work described above and included in the firm's fee declaration, was specifically assigned by the PSC. As such, there were no open questions about the nature or reason for completing the work.

## II.  THE PROPOSED FEE ALLOCATION FOR RODANAST, P.C. IS NOT ADEQUATE COMPENSATION FOR THE QUALITY AND QUANTITY OF WORK PERFORMED AND WAS NOT CALCULATED USING APPROVED METHODOLOGIES

RodaNast, P.C. dedicated 1,295.75 hours of work to this litigation. The firm's lodestar for these 1,295.75 hours is $525,140.00 at the regular hourly rates that it bills—rates that are paid in other cases, often with a multiplier applied in addition.[1] Excluding the work undertaken by the paralegal staff in support of the PSC-assigned attorney work described above, RodaNast, P.C. committed 1,124 hours to this case with a corresponding lodestar of $503,783.75. RodaNast, P.C.'s hourly rate requested for this litigation averages out to $448.21 per hour and if paralegal time is included, as it is in the FAC's case, then it is $405.28 per hour.

### 1.  RodaNast, P.C.'s Billing Rates Are Reasonable and, in fact, Lower Than Those of Comparable National Rates, Which Makes the Fee Award Proposed by the FAC Unreasonable.

According to a sampling of nationwide billing rates reported by *The National Law Journal* in December 2010, partners at leading firms are presently charging rates as high as $1,120 per hour, with rates above $700 not uncommon. *See* Exhibit

---

[1] No pre-MDL time is included, nor is any time other than common benefit time included. If pre-MDL time were to be awarded, the firm undertook 274.25 hours of pre-MDL work with a lodestar of $108,975.00, for a total lodestar of $634,115.00. No expenses are included in these calculations.

2. Similarly, associate attorney billing rates at these same firms are as high as $610 per hour with many hourly rates set above $450. *Id.* Based on this, the average hourly rate of $448.21 requested by RodaNast, P.C. is less than the national rates not only for partners but for associate attorneys as well.

As further support for the reasonableness of RodaNast, P.C.'s fee request, this Honorable Court determined that the average hourly rate of $443.29, which was calculated by using the billing rates submitted by firms seeking common benefit fees, is appropriate. *See* Order and Reasons, October 19, 2010 at 34. RodaNast, P.C.'s average hourly rate is consistent with the average rate approved by this Court. It should be noted that RodaNast, P.C.'s average hourly rate is based on the work of Dianne Nast and the attorneys assisting Ms. Nast with the work. If "other professional benefit" time is included, such as work performed by paralegal staff, RodaNast, P.C.'s hourly rate deceases to $405.28, which is actually below the average hourly rate approved by the Court.[2]

Dianne Nast and several senior level RodaNast, P.C. attorneys performed the work specifically assigned by the PSC. The $45,000 proposed fee award for the work performed by RodaNast, P.C. averages out to a rate of about $40 per hour. The proposed fee award is not fair, reasonable or adequate compensation for the quality and quantity of work timely and carefully undertaken by this firm. Not only is it unreasonable for the work performed, it is well below the average approved by

---

[2] When calculating the average rate, the Court considered all time entries, which include time submitted for partners, associates and other professional benefit time. *See* Order and Reasons, October 19, 2010 at 34.

7

this Court as well as the national billing rates established for first year associates. *See* Exhibit 2.

Certainly this Court contemplated that attorneys' efforts, including RodaNast, P.C.'s, would be well-rewarded when it advised that any attorneys who wished to work in the case and who coordinated their efforts with the PSC would be compensated for doing so.

2.    **The FAC Did Not Base Its Allocation on a Lodestar Calculation with Appropriate *Johnson* Adjustments, as Required by Fifth Circuit Law.**

The Fifth Circuit has established clear guidelines for allocation and review of a district court's award of attorneys' fees. Within the Fifth Circuit, the fundamental basis and starting point for the proper analysis of any award of attorneys' fees is the lodestar calculation. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), *cert denied,* 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Forbush v. J.C. Penney Co.,* 98 F.3d 817, 821.

After performing the lodestar analysis, the Fifth Circuit also allows the district court to increase or decrease the lodestar based on the relative weights of the twelve factors defined in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714, 717-19 (5th Cir.1974). "The record must clearly indicate...that the district court

has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." *In re High Sulfur Content Gasoline Products Liability Litigation,* 527 F.3d 220, 227 (5th Cir. 2008) (*quoting Forbush v. J.C. Penney Co.,* 98 F.3d 817, 823 (5th Cir. 1996)). The district court may "adjust the lodestar upward and downward depending on its analysis of the twelve factors espoused in *Johnson.*" *Riley v. City of Jackson, Mississippi,* 99 F.3d 757, 760 (5th Cir.1996). The *Johnson* factors, developed over years of fee-allocation experience, have maintained credibility because they generally reflect time-tested wisdom about how lawyers work and how their efforts should be valued.

In accordance with Fifth Circuit precedent, this Court established guidelines for the FAC to follow for awarding attorneys' fees. *See* Pre-Trial Order No. 6D (September 15, 2008). "[T]he committee should look to general fee jurisprudence to identify the factors that should be applied in making appropriate allocations." *Id.* at 2. "The *Johnson* factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations." *Id.* Based on the FAC's proposed allocation, it appears that the *Johnson* factors were not applied.

Instead of relying on proven, established precedent, which this Court advised the FAC to use for the allocation process, the FAC says that it disregarded the lodestar method and the *Johnson* factors and devised its own approach to fee allocation. The FAC's proposed point system is inconsistent with established

jurisprudence and the directives of this Court for an assessment of counsels' contributions to the common benefit. It is an unproven analysis, which yields astronomical rates for some and nominal rates for a great many others. For example, the FAC, which includes nine of one hundred nine firms participation in the case to greater or lesser degree, proposes to award itself $230,000,000 of the total available fund of $312,000,000. This is seventy-three percent (73%) of the total available fund being awarded to only eight percent (8%) of those requesting common benefit fees.

By not regarding the collective wisdom of the case law and this Honorable Court, the FAC has not achieved the objective division of fees that is the goal of accepted fee methodology.

The hours submitted by RodaNast, P.C. were audited and approved by Mr. Garrett. The Court has already determined that the number of hours expended on this litigation, and audited by Mr. Garrett, is reasonable. *See* Order and Reasons, October 19, 2010 at 34. RodaNast, P.C. has not requested application of any multiplier, although the firm believes that a multiplier would be fully appropriate under the *Johnson* factors. The firm requests that, if the Court determines to apply a multiplier, such multiplier be applied at the appropriate level to this firm, as determined by the Court.

In an effort to reach a reasonable resolution as to the appropriate amount of fees to be awarded to RodaNast, P.C. and to aid in resolution of the fee issue, the firm voluntarily agreed to waive all fees for paralegal support services. While these

services were necessary to the efficient completion of the tasks assigned, the firm

recognizes that there was not specific PSC direction to undertake such paralegal

services.  This reduction resulted in a fee award to RodaNast, P.C. of $503,783.75.

Again, no multiplier on this amount was requested, unless the Court determines

that a multiplier would be appropriate.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, RodaNast, P.C. respectfully requests that this

Honorable Court award the firm a common benefit fee of $503,783.75.  The firm also

requests that if the Court determines to apply a multiplier, such multiplier be

applied at the appropriate level to this firm, as determined by the Court.


Respectfully submitted,


DATED:      February 4, 2011                Dianne M. Nast, Esquire
                                            RodaNast, P.C., P.C.
                                            801 Estelle Drive
                                            Lancaster, PA 17601
                                            Telephone: (717) 892-3000

## CERTIFICATE OF SERVICE

I hereby certify that the Objection to the Proposed Common Benefit Fee Award for RodaNast, P.C. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of February 2011.

Dianne M. Nast

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## OBJECTION TO THE PROPOSED COMMON BENEFIT FEE AWARD FOR RODANAST, P.C.

I, Dianne M. Nast, declare and state as follows:

1.     I am a Senior Shareholder of RodaNast, P.C.  This objection is to the Fee Allocation Committee's proposed award of common benefit fees to RodaNast, P.C.

2.     Because of the death of an immediate family member at the time the Plaintiffs' Steering Committee was being formed, Ms. Nast did not apply for appointment to the Plaintiffs' Steering Committee.  However, she made it clear to the leadership that the resources of the firm would be available at any time and to any degree, to support the common effort, and the firm followed through in providing such support.

3.     Although Ms. Nast was not a member of the Plaintiffs' Steering Committee, this firm willingly and professionally undertook multiple projects

that were specifically assigned and approved by the Plaintiffs' Steering Committee.  No senior lawyers were assigned to work that should have been done by a less senior lawyer.  Appropriate staffing decisions were made in each instance, supervised as necessary by senior lawyers.

RodaNast, P.C. served on the Law and Briefing Committee and assisted with multiple briefing and research projects.  In connection with this effort, Ms. Dianne Nast, Mr. Daniel Gallucci, Ms. Jennifer Snyder and Ms. Erin Burns participated, at various times, in numerous law and briefing conference calls and agreed to undertake multiple legal research and writing assignments.  The specific research and writing tasks assigned by the Plaintiffs' Steering Committee included, by way of example, the following:

- Completed a fifty-one (51) jurisdiction law survey on medical monitoring.  This work was assigned in connection with Merck's motion to dismiss the medical monitoring cases and was performed by Senior Attorney Jennifer Snyder, a Harvard Law graduate and a lawyer with nearly a decade of experience.  Completion of such surveys involves far more than simply checking a compendium of statutes and listing them.  Substantial case law research and analysis was required as to whether each of these jurisdictions recognizes medical monitoring (often a difficult issue in this developing area of law, frequently requiring analysis of conflicting court decisions) and, if so, the parameters of the cause of action in

2

each jurisdiction (e.g., whether physical injury is required or not, whether future damages are recognized, whether there is a duty to mitigate, and whether the jurisdiction permits class relief). As Judge Posner noted in his seminal opinion in *In re Rhone-Poulenc Pharma., Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995), when considering state law, nuance can be important and must be considered. While not all courts agree with Judge Posner's analysis, a careful lawyer must research and recognize such nuances, and include them where appropriate in any survey of the law. Such surveys, accordingly, by necessity require substantial legal research and thoughtful analysis to prepare an accurate comparison of what may, superficially, appear to be identical statutes or case law.

- Completed a fifty-one (51) jurisdiction survey of consumer protection laws. This work was performed by Ms. Snyder and Attorney Erin Burns, and the same comments noted above concerning research and analysis apply with full force here. This work required analysis of which particular provisions of each jurisdiction's laws were relevant in the context of this case, as well as consideration of many sub-issues, such as whether reliance is required, whether scienter is required, whether class actions are permitted, and what damages are available. This information must be tickled out of what are often lengthy, multi-part statutes, which

3

frequently are further interpreted by a multitude of judicial opinions in each jurisdiction.

- Prepared a memorandum on implied preemption law, beginning with an analysis of the Supreme Court's decision in *Buckman Co. v. Plaintiffs' Legal Committee,* 531 U.S. 341 (2001) and addressing how circuit courts of appeal and district courts have interpreted and applied *Buckman* since its issuance.

- Prepared a memorandum, just after the FDA's announcement, on the FDA's final rule on new federal requirements for drug warning labels, which took effect during the pendency of this case. As the final rule sought to preempt state tort liability claims based on inadequate warnings, the meaning and effect of this rulemaking was a significant issue in this case.

- Researched the issue of "headless" classes in connection with the preparation of Plaintiffs' response to Merck's motion to strike and presented this research to the Law and Briefing Committee during a teleconference meeting.

- Drafted sections of Plaintiffs' brief in opposition to Merck's motion to dismiss the medical monitoring claims.

- Participated in the development of a deposition protocol. This work was performed by Senior Attorney Daniel N. Gallucci, a lawyer of

4

twelve (12) years experience, with substantial case management experience and strong negotiation skills.

- Researched and prepared Plaintiffs' motion to stay class certification briefing in the personal injury actions, as well as Plaintiffs' reply brief on this issue.

- Completed a memorandum regarding the timing and propriety of remanding cases to transferor courts, with the Honorable Eldon E. Fallon sitting by designation at those trials, including consideration of the implications of *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

- Assisted, in connection with the above research, with the preparation of a motion for suggestion of remand and an associated reply brief.

- Prepared a memorandum for the Law and Briefing Committee regarding the potential application of state class certification procedural rules, in lieu of Fed. R. Civ. P. 23, to class certification proceedings before a federal court sitting in diversity, including the implications of *Hanna v. Plummer*, 380 U.S. 460 (1965).

4.    RodaNast, P.C. dedicated 1,295.75 hours of work to this litigation. The firm's lodestar for these 1,295.75 hours is $525,140.00 at the regular hourly rates that it bills—rates that are paid in other cases, often with a multiplier applied in addition. (No pre-MDL time is included, nor is

any time other than common benefit.  If pre-MDL time were to be awarded, the firm undertook 274.25 hours of pre-MDL work with a lodestar of $108,975.00, for a total lodestar of $634,115.00.  No expenses are included in these calculations.)

5.     Excluding the work undertaken by the paralegal staff in support of the PSC-assigned attorney work described above, RodaNast, P.C. committed 1,124 hours to this case with a corresponding lodestar of $503,783.75.

6.     This firm elected not to burden the Fee Committee with a request for a hearing, as the work described included in the firm's fee declaration was assigned by the PSC.  As such, there were no open questions about the nature or reason for completing the work.

7.     The proposed fee award of $43,684.42 is not fair, reasonable or adequate compensation for the quality and quantity of work timely and carefully undertaken by this firm.  The proposed award works out to a rate of $33.00 per hour for services that were specifically assigned to and completed by dedicated and experienced lawyers.

8.     We have not requested application of any multiplier, although RodaNast, P.C. believes that a multiplier would be fully appropriate under the *Johnson* factors.  *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 719-20 (5th Cir. 1974).  The firm requests that, if the Court determines

to apply a multiplier, such multiplier be applied at the appropriate level to this firm, as determined by the Court.

9.      In an effort to reach a reasonable resolution as to the appropriate amount of fees to be awarded to RodaNast, P.C., and if it will aid in resolution of the fee issue, the firm will agree to waive all fees for paralegal support services.  While these services were necessary to the efficient completion of the tasks assigned, the firm recognizes that there may not have been specific PSC direction to undertake such paralegal services.  This reduction would result in a fee award to RodaNast, P.C. of $503,783.75. Again, no multiplier on this amount would be requested, unless the Court determines that a multiplier would be appropriate.

Respectfully submitted,

DATED:        December 16, 2010

Dianne M. Nast, Esquire
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000

7

| COMMON BENEFIT FEES AWARD FORM |
|---|

### A. INSTRUCTIONS

1. The Fee Allocation Committee has completed its review of your application for common benefit fees under the terms of the Vioxx Settlement Agreement.
2. The Committee will recommend to Judge Fallon that you be awarded the common benefit fee indicated in this Form (the "Recommended Award").
3. Pursuant to Pretrial Order 6D, you must respond to accept or object to the Recommended Award within 14 days. Accordingly, you must return this completed Form no later than **December 16, 2010**.
4. If you accept the Recommended Award, indicate your acceptance by checking in the appropriate box in Section B below.
5. If you object to the Recommended Award, indicate your objection by checking the appropriate box in Section B below, fill in specific amount of common benefit award to which you believe you are entitled and attach to this From an Objection to Recommended Award stating in detail the basis of your objection and for the award requested.
6. Sign this Form in the appropriate space in Section C below.
7. Return this completed Form (and attachment, if there is an Objection) by (1) email; **and** (2) mail or overnight delivery no later than **December 16, 2010**, to:

Russ M. Herman
Chair of the Fee Allocation Committee
820 O'Keefe Avenue
New Orleans, LA 70113
rherman@hhkc.com

Andy Birchfield
Secretary of the Fee Allocation Committee
218 Commerce Street
Montgomery, AL 36104
andy.birchfield@beasleyallen.com

### B. RECOMMENDED AWARD AND RESPONSE

| Recommended Award: | $43,684.42 |
|---|---|

Response to Recommended Award: Check only one of the following:

☐ I accept the Recommended Award as my award of common benefit fees.

☒ I object to the Recommended Award and request this amount as my award: $ 503,783.75

(NOTE: You must attach an Objection stating in detail the basis of the objection and for the award requested.)

### C. SIGNATURE

| Signature | *Dianne M. Nast* | | Date | 12 / 15 / 2010 |
|---|---|---|---|---|
| | | | | (month)  (day)  (year) |
| Printed Name | First  *Dianne* | MI  *M.* | Last  *NAST* | |
| Firm Name | Roda Nast, P.C. | | | |

#379620

# Exhibit 2

THE NATIONAL LAW JOURNAL/WWW.NLJ.COM | DECEMBER 6, 2010

BILLING SURVEY

# A nationwide sampling of law firm billing rates

*The National Law Journal* asked the respondents to its 2010 survey of the nation's 250 largest law firms to provide a range of hourly billing rates. Firms that supplied the information are listed in alphabetical order. Non-NLJ 250 firms appear separately.

| FIRM NAME | PRINCIPAL OR LARGEST OFFICE | NUMBER OF ATTORNEYS | FIRMWIDE | | PARTNER | | | | ASSOCIATE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Adams and Reese | New Orleans | 265 | $265 | $270 | $550 | $250 | $344 | $340 | $290 | $195 | $225 | $235 |
| Alston & Bird | Atlanta | 786 | $515 | $505 | $865 | $450 | $627 | $615 | $590 | $270 | $405 | $405 |
| Archer & Greiner | Haddonfield, N.J. | 176 | | | $560 | $395 | | | $340 | $175 | | |
| Arent Fox | Washington | 329 | | | $765 | $400 | | | $475 | $240 | | |
| Armstrong Teasdale | St. Louis | 233 | | | | | | | $325 | $200 | | |
| Baker, Donelson, Bearman, Caldwell & Berkowitz | Memphis, Tenn. | 552 | $312 | $305 | $595 | $255 | $357 | $348 | $320 | $165 | $231 | $230 |
| Barnes & Thornburg | Indianapolis | 494 | $367 | $375 | $613 | $298 | $416 | $415 | $455 | $225 | $250 | $250 |
| Benesch, Friedlander, Coplan & Aronoff | Cleveland | 161 | $315 | | $575 | $350 | $335 | | $360 | $195 | $245 | |
| Best Best & Krieger | Riverside, Calif. | 183 | | | $550 | $310 | | | $395 | $225 | | |
| Blank Rome | Philadelphia | 472 | $510 | $495 | $855 | $440 | $615 | $675 | $550 | $250 | $361 | $353 |
| Bond, Schoeneck & King | Syracuse, N.Y. | 197 | $290 | $275 | $475 | $220 | $309 | $330 | $280 | $160 | $208 | $210 |
| Briggs and Morgan | Minneapolis | 190 | $373 | $380 | $600 | $290 | $437 | $440 | $315 | $210 | $240 | $225 |
| Broad and Cassel | Orlando, Fla. | 160 | $320 | $295 | $475 | $260 | $372 | $375 | $350 | $175 | $242 | $240 |
| Brownstein Hyatt Farber Schreck | Denver | 248 | $391 | $380 | $810 | $295 | $463 | $448 | $360 | $200 | $256 | $255 |
| Bryan Cave | St. Louis | 928 | $464 | $450 | $750 | $370 | $553 | $460 | $350 | $185 | $344 | $335 |
| Buchalter Nemer | Los Angeles | 164 | $415 | $415 | $625 | $290 | $490 | $495 | $450 | $195 | $328 | $310 |
| Buchanan Ingersoll & Rooney | Pittsburgh | 423 | | | $900 | $310 | | | $465 | $210 | | |
| Burr & Forman | Birmingham, Ala. | 256 | $328 | $330 | $500 | $210 | $361 | $363 | $335 | $200 | $250 | $250 |
| Butzel Long | Detroit | 181 | | | $750 | $300 | | | $375 | $200 | | |
| Carlton Fields | Tampa, Fla. | 275 | $384 | $390 | $775 | $325 | $455 | $454 | $375 | $195 | $268 | $270 |
| Chadbourne & Parke | New York | 447 | $456 | $450 | $995 | $390 | $769 | $785 | $625 | $110 | $442 | $455 |
| Cozen O'Connor | Philadelphia | 521 | $422 | $390 | $880 | $310 | $497 | $475 | $545 | $225 | $326 | $320 |
| Curtis, Mallet-Prevost, Colt & Mosle | New York | 252 | $489 | $480 | $785 | $375 | $669 | | $575 | $290 | $365 | $350 |
| Davis Wright Tremaine | Seattle | 491 | $355 | $365 | $795 | $320 | $486 | $480 | $435 | $210 | $304 | $305 |
| Dickinson Wright | Detroit | 226 | | | | | $275 | $195 | | | | |
| Dickstein Shapiro | Washington | 336 | $546 | $530 | $950 | $525 | $656 | $650 | $530 | $265 | $426 | $450 |
| Dinsmore & Shohl | Cincinnati | 402 | $302 | $290 | $590 | $220 | $360 | $355 | $300 | $175 | $222 | $218 |
| Dorsey & Whitney | Minneapolis | 578 | $410 | $395 | $795 | $440 | $515 | $515 | $790 | $180 | $285 | $270 |
| Duane Morris | Philadelphia | 629 | $483 | $483 | $850 | $240 | $550 | $545 | $480 | $135 | $349 | $350 |
| Dykema Gossett | Detroit | 333 | $445 | $450 | $635 | $360 | $495 | $515 | $450 | $225 | $375 | $320 |
| Eckert Seamans Cherin & Mellott | Pittsburgh | 323 | | | $625 | $250 | | | $320 | $150 | | |
| Edwards Angell Palmer & Dodge | Boston | 505 | $451 | $450 | $780 | $345 | $571 | $575 | $610 | $200 | $323 | $303 |
| Epstein Becker & Green | New York | 302 | $425 | $425 | $850 | $350 | $520 | $500 | $450 | $185 | $325 | $320 |
| Fisher & Phillips | Atlanta | 238 | | | $505 | $340 | | | $360 | $270 | | |
| Fitzpatrick Cella Harper & Scinto | New York | 175 | | | $730 | $400 | | | $410 | $275 | | $325 |
| Foley & Lardner | Milwaukee | 895 | $554 | $570 | $1,035 | | $654 | $640 | | $255 | $426 | $410 |
| Ford & Harrison | Atlanta | 176 | | | $520 | $375 | | | $390 | $250 | | |
| Fox Rothschild | Philadelphia | 477 | $407 | $415 | $690 | $315 | $473 | $470 | $475 | $235 | $298 | $290 |
| Frost Brown Todd | Cincinnati | 404 | $275 | $280 | $515 | $200 | $326 | $375 | $250 | $150 | $189 | $190 |
| Gardere Wynne Sewell | Dallas | 270 | $445 | $450 | $815 | $380 | $521 | $525 | $445 | $195 | $311 | $310 |
| Gibbons | Newark, N.J. | 223 | $464 | $410 | $790 | $350 | $479 | $475 | $450 | $220 | $289 | $275 |
| Godfrey & Kahn | Milwaukee | 172 | | | $495 | $325 | | | $340 | $180 | | |
| Gray Robinson | Orlando, Fla. | 250 | | | $527 | $225 | | | $315 | $150 | | |
| Greenberg Traurig | New York | 1,763 | $453 | $480 | $875 | $355 | $550 | $580 | $610 | $200 | $332 | $350 |
| Harris Beach | Rochester, N.Y. | 176 | | | $500 | $275 | | | $250 | $140 | | |
| Hiscock & Barclay | Syracuse, N.Y. | 175 | $311 | $275 | $650 | $195 | $348 | $305 | $440 | $150 | $234 | $195 |

SEE SAMPLING, PAGE 13

THE NATIONAL LAW JOURNAL/WWW.NLJ.COM  |  DECEMBER 6, 2010

13

## BILLING SURVEY!

SAMPLING, FROM PAGE 12

| FIRM NAME | PRINCIPAL OR LARGEST OFFICE | NUMBER OF ATTORNEYS | FIRMWIDE | | PARTNER | | | | ASSOCIATE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | AVERAGE | MEDIAN | HIGH | LOW | AVERAGE | MEDIAN | HIGH | LOW | AVERAGE | MEDIAN |
| Hodgson Russ | Buffalo, N.Y. | 197 | $328 | $320 | $665 | $230 | $374 | $370 | $410 | $175 | $238 | $230 |
| Holland & Knight | Washington | 942 | $418 | $425 | $850 | $300 | $499 | $495 | $480 | $185 | $288 | $280 |
| Holme Roberts & Owen | Denver | 192 | $355 | $345 | $635 | $285 | $415 | $410 | $530 | $170 | $295 | $285 |
| Husch Blackwell | St. Louis | 554 | $329 | $331 | $840 | $230 | $357 | $375 | $415 | $171 | $220 | $205 |
| Jackson Kelly | Charleston, W.Va. | 161 | | | $495 | $245 | | | $275 | $156 | | |
| Jackson Lewis | White Plains, N.Y. | 661 | $364 | $300 | $715 | $260 | $428 | $430 | $440 | $150 | $282 | $275 |
| Jones, Walker, Waechter, Poitevent, Carrère & Denègre | New Orleans | 302 | | | $670 | $195 | | | $275 | $140 | | |
| Kelley Drye & Warren | New York | 325 | | | $900 | $465 | | | $565 | $275 | | |
| Kilpatrick Stockton | Atlanta | 423 | $425 | $425 | $730 | $375 | $527 | $520 | $465 | $225 | $320 | $320 |
| Knobbe, Martens, Olson & Bear | Irvine, Calif. | 266 | $432 | $415 | $710 | $395 | $511 | $485 | $450 | $285 | $332 | $335 |
| Lane Powell | Seattle | 175 | $349 | $380 | $600 | $310 | $431 | $430 | $350 | $230 | $278 | $275 |
| Lathrop & Gage | Kansas City, Mo. | 286 | | | $490 | $255 | | | $265 | $180 | | |
| Lindquist & Vennum | Minneapolis | 184 | $330 | $350 | | | $415 | $410 | | | $235 | $230 |
| Littler Mendelson | San Francisco | 764 | $372 | $355 | $650 | $290 | $445 | $435 | $440 | $210 | $296 | $285 |
| Locke Lord Bissell & Liddell | Dallas | 642 | $486 | $515 | $1,120 | $400 | $599 | $600 | $525 | $215 | $320 | $300 |
| Loeb & Loeb | New York | 300 | | | $975 | $475 | | | $575 | $275 | | |
| Lowenstein Sandler | Roseland, N.J. | 238 | | | $825 | $440 | | | $575 | $235 | | |
| Manatt, Phelps & Phillips | Los Angeles | 320 | $568 | $590 | $850 | $525 | $651 | $650 | $525 | $200 | $405 | $410 |
| Marshall, Dennehey, Warner, Coleman & Goggin | Philadelphia | 412 | | | $410 | $145 | | | $320 | $130 | | |
| Maynard, Cooper & Gale | Birmingham, Ala. | 212 | | | $600 | $325 | | | $295 | $235 | | |
| McCarter & English | Newark, N.J. | 382 | $355 | $360 | $825 | $360 | $498 | $485 | $405 | $215 | $313 | $315 |
| McElroy, Deutsch, Mulvaney & Carpenter | Morristown, N.J. | 269 | $210 | $225 | $550 | $295 | $280 | $260 | $275 | $150 | $190 | $185 |
| McGuireWoods | Richmond, Va. | 872 | $455 | $450 | $830 | $325 | $543 | $535 | $600 | $220 | $355 | $350 |
| McKenna Long & Aldridge | Atlanta | 429 | $455 | $410 | $715 | $375 | $540 | $575 | $490 | $220 | $356 | $355 |
| Michael Best & Friedrich | Milwaukee | 214 | $346 | $345 | $650 | $235 | $400 | $390 | $320 | $190 | $239 | $230 |
| Miles & Stockbridge | Baltimore | 223 | | | $695 | $325 | | | $370 | $220 | | |
| Miller & Martin | Chattanooga, Tenn. | 192 | $328 | $335 | $610 | $235 | $361 | $365 | $275 | $180 | $218 | $210 |
| Moore & Van Allen | Charlotte, N.C. | 282 | $364 | $350 | $785 | $265 | $441 | $425 | $350 | $180 | $257 | $250 |
| Nelson Mullins Riley & Scarborough | Columbia, S.C. | 400 | $347 | $340 | $550 | $245 | $399 | $385 | $335 | $185 | $248 | $240 |
| Nexsen Pruet | Columbia, S.C. | 178 | | | $525 | $230 | | | $250 | $160 | | |
| Nixon Peabody | New York | 682 | $429 | $430 | $905 | $375 | $613 | $625 | $580 | $195 | $388 | $395 |
| Ogletree, Deakins, Nash, Smoak & Stewart | Greenville, S.C. | 485 | $351 | | $575 | $300 | $389 | | $390 | $195 | $285 | |
| Patton Boggs | Washington | 525 | $482 | $485 | $990 | $355 | $645 | $625 | $550 | $215 | $399 | $400 |
| Pepper Hamilton | Philadelphia | 458 | $376 | | $520 | $420 | $547 | | $465 | $230 | $328 | |
| Perkins Coie | Seattle | 683 | $447 | | $825 | $275 | $634 | $530 | $570 | $200 | $354 | |
| Phelps Dunbar | New Orleans | 281 | $226 | $215 | $385 | $180 | $272 | $265 | $240 | $145 | $183 | $180 |
| Phillips Lytle | Buffalo, N.Y. | 177 | $255 | $260 | $535 | $260 | $352 | $350 | $450 | $150 | $283 | $230 |
| Polsinelli Shughart | Kansas City, Mo. | 500 | | | $600 | $250 | | | $325 | $185 | | |
| Quarles & Brady | Milwaukee | 419 | $364 | $360 | $600 | $290 | $438 | $435 | $400 | $210 | $260 | $245 |
| Roetzel & Andress | Akron, Ohio | 215 | $317 | $325 | $525 | $225 | $357 | $350 | $325 | $165 | $243 | $245 |
| Rutan & Tucker | Costa Mesa, Calif. | 133 | | | $650 | $355 | | | $450 | $225 | | |
| Saul Ewing | Philadelphia | 219 | $412 | $425 | $800 | $320 | $491 | $478 | $525 | $225 | $310 | $285 |
| Schulte Roth & Zabel | New York | 433 | | | $895 | $735 | | | $690 | $275 | | |
| Seyfarth Shaw | Chicago | 704 | $377 | $375 | $770 | $335 | $505 | $503 | $535 | $185 | $325 | $320 |
| Sheppard, Mullin, Richter & Hampton | Los Angeles | 464 | | | $820 | $495 | | | $620 | $270 | | |
| Shumaker, Loop & Kendrick | Toledo, Ohio | 210 | $331 | $350 | $540 | $250 | $366 | $365 | $315 | $185 | $246 | $235 |
| Smith, Gambrell & Russell | Atlanta | 175 | | | $740 | $325 | | | $440 | $195 | | |
| Snell & Wilmer | Phoenix | 396 | $338 | $325 | $795 | $315 | $486 | $475 | $550 | $175 | $282 | $265 |
| Stoel Rives | Portland, Ore. | 368 | $381 | $355 | $600 | $315 | $441 | $443 | $390 | $190 | $270 | $265 |
| Strasburger & Price | Dallas | 181 | $336 | $351 | $617 | $250 | $372 | $393 | $306 | $194 | $243 | $245 |
| Taft, Stettinius & Hollister | Cincinnati | 266 | $315 | $315 | $500 | $220 | $358 | $350 | $365 | $165 | $217 | $225 |

SEE SAMPLING, PAGE 14

14   THE NATIONAL LAW JOURNAL/WWW.NLJ.COM | DECEMBER 6, 2010

## BILLING SURVEY

SAMPLING, FROM PAGE 13

| FIRM NAME | PRINCIPAL OR LARGEST OFFICE | NUMBER OF ATTORNEYS | FIRMWIDE AVERAGE | FIRMWIDE MEDIAN | PARTNER HIGH | PARTNER LOW | PARTNER AVERAGE | PARTNER MEDIAN | ASSOCIATE HIGH | ASSOCIATE LOW | ASSOCIATE AVERAGE | ASSOCIATE MEDIAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Thompson Coburn | St. Louis | 326 | | | $610 | $300 | | | $395 | $190 | | |
| Thompson & Knight | Dallas | 329 | | | $825 | $410 | | | $440 | $265 | | |
| Townsend and Townsend and Crew | San Francisco | 177 | $320 | $290 | $750 | $470 | $563 | $550 | $460 | $260 | $345 | $375 |
| Ulmer & Berne | Cleveland | 177 | | | $565 | $260 | | | $375 | $185 | | |
| Vedder Price | Chicago | 255 | $425 | $425 | $720 | $370 | $483 | $470 | $365 | $255 | $376 | $375 |
| Venable | Washington | 494 | $484 | $495 | $850 | $445 | $590 | $535 | $500 | $280 | $353 | $330 |
| Williams Mullen | Richmond, Va. | 300 | $358 | $340 | $645 | $315 | $478 | $395 | $370 | $230 | $279 | $280 |
| Winstead | Dallas | 264 | $395 | | $655 | $340 | $462 | | $390 | $215 | $291 | |
| Winston & Strawn | Chicago | 899 | $486 | $490 | $1,075 | $475 | $670 | $660 | $610 | $250 | $393 | $375 |
| Womble Carlyle Sandridge & Rice | Winston Salem, N.C. | 503 | $372 | $375 | $625 | $300 | $461 | $465 | $445 | $210 | $291 | $285 |
| Wyatt, Tarrant & Combs | Louisville, Ky. | 186 | | | $500 | $245 | | | $285 | $180 | | |
| **NON-NLJ 250 FIRMS** | | | | | | | | | | | | |
| Brinks Hofer Gilson & Lione | Chicago | 149 | $435 | $435 | $725 | $345 | $541 | $560 | $420 | $195 | $308 | $285 |
| Fowler White Boggs | Tampa, Fla. | 177 | $350 | $370 | $575 | $325 | $400 | $388 | $315 | $205 | $250 | $256 |
| Lewis, Rice & Fingersh | St. Louis | 157 | | | $460 | $260 | | | $315 | $190 | | |
| Luce, Forward, Hamilton & Scripps | San Diego | 143 | | | $670 | $350 | | | $445 | $245 | | |
| McAndrews, Held & Malloy | Chicago | 102 | | | $675 | $260 | | | $350 | $225 | | |
| Montgomery, McCracken, Walker & Rhoads | Philadelphia | 117 | | | $625 | $380 | | | $395 | $205 | $284 | |
| Morris, Manning & Martin | Atlanta | 135 | $424 | $415 | $760 | $425 | $492 | $490 | $545 | $225 | $353 | $360 |
| Schwabe, Williamson & Wyatt | Portland, Ore. | 158 | $350 | $340 | $540 | $310 | $415 | $410 | $450 | $200 | $260 | $250 |
| Sullivan & Worcester | Boston | 156 | $537 | $543 | $830 | $475 | $647 | $623 | $535 | $290 | $383 | $370 |



THE NATIONAL LAW JOURNAL/WWW.NLJ.COM  |  DECEMBER 6, 2010

# Firms report their billing rates by associate class

Below is a sampling of hourly rates charged by law firms that establish billing rates based on associate class. The firms reported the data as part of *The National Law Journal*'s 2010 survey of the nation's 250 largest firms. Non-NLJ 250 firms appear separately.

| FIRM NAME | LARGEST OR PRINCIPAL OFFICE | NUMBER OF ATTORNEYS | 1ST YEAR | 2D YEAR | 3D YEAR | 4TH YEAR | 5TH YEAR | 6TH YEAR | 7TH YEAR | 8TH YEAR |
|---|---|---|---|---|---|---|---|---|---|---|
| Alston & Bird | Atlanta | 786 | $270-$345 | $330-$395 | $365-$440 | $395-$470 | $420-$515 | $445-$560 | $470-$570 | |
| Benesch, Friedlander, Coplan & Aronoff | Cleveland | 161 | $195 | $200 | $215 | $230 | $240 | $250 | $275 | |
| Blank Rome | Philadelphia | 472 | $250-$275 | $260-$290 | $280-$305 | $325-$360 | $345-$400 | $370-$435 | $390-$460 | $410-$480 |
| Brownstein Hyatt Farber Schreck | Denver | 248 | $200 | | | | | | | |
| Bryan Cave | St. Louis | 928 | $185-$300 | $215-$350 | $250-$385 | $275-$395 | $300-$420 | $275-$460 | $330-$480 | $340-$510 |
| Curtis, Mallet-Prevost, Colt & Mosle | New York | 252 | $290 | $345 | $375 | $415 | $495 | $535 | $575 | |
| Davis Wright Tremaine | Seattle | 491 | $190-$285 | $205-$295 | $225-$325 | $235-$345 | $245-$365 | $265-$386 | $285-$405 | $295-$415 |
| Dickinson Wright | Detroit | 230 | $190 | $195 | $205 | $230 | $240 | $250 | | |
| Dickstein Shapiro | Washington | 336 | $265-$290 | $325-$375 | $375-$425 | $375-$425 | $425-$475 | $425-$475 | $475-$530 | $475-$530 |
| Dinsmore & Shohl | Cincinnati | 402 | $180 | $190 | $205 | $270 | $230 | $240 | $250 | $260 |
| Edwards Angell Palmer & Dodge | Boston | 505 | $255 | $275 | | | | | | |
| Fitzpatrick, Cella, Harper & Scinto | New York | 175 | $275 | $300 | $325 | $350 | $370 | $385 | $405 | $420 |
| Frost Brown Todd | Cincinnati | 404 | $150 | | | | | | | |
| Gardere Wynne Sewell | Dallas | 270 | $195 | $210 | $260 | $280 | $300 | $315 | $355 | $385 |
| Harris Beach | Rochester, N.Y. | 176 | $155 | $170 | $200 | $230 | $230 | $230 | $250 | $250 |
| Hiscock & Barclay | Syracuse, N.Y. | 175 | $150-$340 | $150-$340 | $165-$360 | $165-$360 | $165-$360 | $175-$380 | $175-$380 | $185-$440 |
| Kelley Drye & Warren | New York | 325 | $305 | $340 | $370 | $410 | $435 | $455 | $485 | $510 |
| Kilpatrick Stockton | Atlanta | 423 | $250 | $275 | $310 | $325 | $335 | $360 | $375 | $385 |
| Knobbe, Martens, Olson & Bear | Irvine, Calif. | 266 | $285 | $310 | $335 | $360 | $385 | | | |
| Lindquist & Vennum | Minneapolis | 184 | $200 | $210 | $225 | $235 | $245 | $260 | $265 | $250 |
| Locke Lord Bissell & Liddell | Dallas | 642 | $215 | $230 | $251 | $270 | $300 | $321 | $349 | $386 |
| Loeb & Loeb | New York | 300 | $350-$375 | | | | | | | |
| Maynard, Cooper & Gale | Birmingham, Ala. | 212 | $225 | $235 | $245 | $270 | $280 | $295 | | |
| McElroy, Deutsch, Mulvaney & Carpenter | Morristown, N.J. | 269 | $150 | $175 | $185 | $195 | $200 | $205 | $210 | $220 |
| McKenna Long & Aldridge | Atlanta | 425 | $279 | $312 | $325 | $346 | $363 | $381 | $382 | $415 |
| Nixon Peabody | New York | 682 | $279 | $311 | $350 | $384 | $399 | $429 | $448 | $460 |
| Patton Boggs | Washington | 525 | $250 | $315 | $340 | $378 | $400 | $425 | $450 | $460 |
| Pepper Hamilton | Philadelphia | 458 | $230 | $275 | $300 | $330 | $355 | $370 | $385 | $395 |
| Perkins Coie | Seattle | 683 | $272 | $290 | $306 | $337 | $345 | $372 | $391 | $436 |
| Phillips Lytle | Buffalo, N.Y. | 177 | $160 | $170 | $190 | $195 | $210 | $225 | $220 | $235 |
| Quarles & Brady | Milwaukee | 415 | $210-$235 | $220-$240 | | | | | | |
| Saul Ewing | Philadelphia | 219 | $225-$235 | $230-$260 | $255-$275 | $240-$315 | $260-$285 | $285-$300 | $295-$425 | $275-$320 |
| Schulte Roth & Zabel | New York | 433 | $325 | $405 | $495 | $548 | $560 | $580 | $605 | $625 |
| Sheppard, Mullin, Richter & Hampton | Los Angeles | 464 | $270-$335 | $330-$430 | $365-$475 | $395-$510 | $420-$540 | $445-$565 | $470-$595 | $490-$620 |
| Snell & Wilmer | Phoenix | 396 | $185 | $200 | $225 | $280 | $285 | $315 | $350 | $365 |
| Strasburger & Price | Dallas | 181 | $200 | $270 | $240 | $260 | $280 | $300 | $320 | $340 |
| Thompson & Knight | Dallas | 378 | $265 | $300 | $330 | $365 | $385 | $405 | $425 | $440 |
| Townsend and Townsend and Crew | San Francisco | 177 | $260 | $290 | $325 | $370 | $390 | $420 | $450 | $460 |
| Vedder Price | Chicago | 255 | $225 | $270 | $290 | $310 | $325 | $345 | $360 | $380 |
| Williams Mullen | Richmond, Va. | 300 | $230 | $250 | $265 | $295 | $295 | $310 | $345 | $345 |
| Winstead | Dallas | 264 | $215 | $215 | $227 | $260 | $280 | $300 | $325 | $350 |
| Winston & Strawn | Chicago | 899 | $295-$320 | $305-$335 | $325-$365 | $350-$400 | $380-$440 | $420-$480 | $455-$570 | $490-$555 |
| **NON-NLJ 250 FIRMS** | | | | | | | | | | |
| Brinks Hofer Gilson & Lione | Chicago | 149 | $240 | $265 | $285 | $310 | $340 | $365 | $390 | $410 |
| Montgomery, McCracken, Walker & Rhoads | Philadelphia | 117 | $205 | $215 | $230 | $255 | $275 | $295 | $315 | $335 |
| Morris, Manning & Martin | Atlanta | 135 | $200 | $265 | $310 | $340 | $365 | $390 | $415 | $425 |
| Schwabe, Williamson & Wyatt | Portland, Ore. | 158 | $200 | | | | | | | |
| Sullivan & Worcester | Boston | 156 | | $290 | $305 | $330 | $350 | $370 | $390 | $425 |