UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION          ` | * | SECTION  L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | |
| FILER: Robert E. Arceneaux/Pascal Calogero, Jr. | * | February 4, 2011 |
| Margaret W. Woodward | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SUPPLEMENT TO JOINT OBJECTION BY ERIC WEINBERG, CHRIS
PLACITELLA AND COHEN, PLACITELLA AND ROTH TO THE
JANUARY 20, 2011 RECOMMENDATION OF THE FEE ALLOCATION COMMITTEE**

MAY IT PLEASE THE COURT:

Claimants, Chris Placitella and the firm of Cohen Placitella and Roth ("Placitella") and Eric Weinberg and the firm of the Law Offices of Eric Weinberg ("Weinberg") respectfully supplement their objection of yesterday's date as follows.

On page 36 of their objection, Claimants note their confusion about possible "side deals" which were inferred but not quite apparent -- and certainly not transparent -- on the face of the record. Among the suspicions raised was the possibility of some outside-the-record settlement with the so-called "Stratton objectors," who were the group that opposed the PSC's request of the award of common benefit fees in the amount of an 8% assessment against all cases participating in the MSA.

Claimants offer two documents to supplement their objection. Attached hereto as Exhibit A is a transcript of "private proceedings between counsel." Present were: FAC member Russ Herman, FAC member Andy Birchfield, FAC member Christopher Seeger, and Objector Michael Stratton, along with the court reporter who prepared the transcript. Mr. Birchfield identified Mr. Herman as "plaintiff liaison counsel," and himself and Mr. Seeger as "co-lead counsel." He further stated that Mr. Herman "is speaking on behalf of the NPC,[1]" although Mr. Herman never spoke at all, except to say, at the end of the proceeding, "Correct." Tr., pp. 3, 5. Mr. Stratton appeared "on behalf of all the objectors to the plaintiff liaison counsel's petition for assessment." *Id.* at 3. Mr. Birchfield recited the agreement reached to resolve the Stratton group's objection to the 8% fee assessment requested by the PLC:

> The parties have agreed that each side will recommend to the Court that there be a global assessment in the amount of 7.5 percent. For each of the objectors who timely filed an objection to the plaintiff liaison counsel's petition, they will pay a total of a 4 percent assessment, and the difference will be disbursed from the account that's held in escrow now by Brown Greer.

> The aggregate amount for that list of objectors is $18,539,236.85. That amount will be transferred to the trust account at Stratton Faxon to be disbursed to the objectors by Mr. Stratton. Any common benefit fees will be a matter of agreement between Mr. Stratton and the individual objectors.

(Tr., p. 3). On the following day, Mr. Stratton apparently acted upon his commitment to recommend a global assessment in the amount of 7.5 percent by directing such a letter to the Court. Attachment B. Although the parties to the agreement speak in terms of a recommendation to the Court, no order

---

[1] Why Mr. Herman would appear in that capacity is unclear from the transcript. The function of the NPC was to negotiate a settlement with Merck; it had no ostensible authority over the distribution of funds among common benefit attorneys. That task was assigned to the FAC, headed by Mr. Herman.

appears of record adopting or approving the agreement, or authorizing the disbursement of funds[2].

In order to justify an allocation of 5.8% of the common benefit fund, the FAC would have to have addressed the *Johnson* factors or provided the Court with some other compelling justification for the allocation. *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220 (5th Cir. 2008) ( "This Circuit does not forbid a district court to rely on fee allocation proposals submitted by attorneys. The proposals must, however, be factually supportable and consistent with the Johnson factors.") Because the FAC's proposed allocations do not comply with this requirement in the main, it is difficult to understand how they might have done so for the Stratton group alone, and without the process of notice, hearing, objection and review that this Court has so painstakingly put in place for the rest of the fund. Movants, however, do not know enough about this possible invasion of the common benefit fund to speculate how or on what legal basis it might have been accomplished.

This settlement, if concluded, raises procedural and substantive issues which must be investigated thoroughly in the discovery phase of this Court's procedure. It also adds considerable fuel to the pending request that claimants had previously filed, and which has been under submission since January 6, 2011, asking for access to and production of all side deals and private agreements that affect the amount each firm might receive despite what is patent on the face of the recommended allocation, or any division approved by the Court. The transparency demands of *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220 (5th Cir. 2008), would appear to demand that any such agreements be made public as soon as possible, so that parties can

---

[2]Nonetheless, it appears that a disbursement has been made. The Snapka Objection, filed this date, indicates that Snapka, a member of the Stratton group, received a *pro rata* share of the disbursement. *See* Snapka Law Firm Objection, at p. 9, n. 5.

learn all the facts that would enable them to compare "apples to apples" and not "apples to oranges,"

in the dark, as was the concern of the *High Sulfur* Court.

Respectfully submitted:


_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com


Margaret E. Woodward, La. Bar No. #13677
3701 Canal Street, Suite C
New Orleans, Louisiana  70119
(504) 301-4333 office
(504) 301-4365 fax
mewno@aol.com

Attorneys for Eric H. Weinberg, Chris Placitella, and Cohen, Placitella and Roth


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Joint Motion To Suspend has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, February 4, 2011.


_____

-4-

1                  UNITED STATES DISTRICT COURT

2                EASTERN DISTRICT OF LOUISIANA

3

4

5

6 IN RE:  VIOXX PRODUCTS        *   Docket 05-MD-1657-L
        LIABILITY LITIGATION     *
                            *   July 27, 2010

7                            *
  This Document Relates to All Cases  *  1:00 p.m.

8  * * * * * * * * * * * * * * * * * *

9

10

11           PRIVATE PROCEEDINGS BETWEEN COUNSEL
           HELD IN THE CONFERENCE ROOM OF
           THE HONORABLE ELDON E. FALLON

12           UNITED STATES DISTRICT JUDGE

13

14 Appearances:

15

16 For the Plaintiffs:         Herman Herman Katz & Cotlar
                        BY:  RUSS M. HERMAN, ESQ.
                        820 O'Keefe Avenue

17                        New Orleans, Louisiana 70113

18

19 For the Plaintiffs:         Beasley Allen
                        BY:  ANDY D. BIRCHFIELD JR., ESQ.
                        218 Commerce Street

20                        Montgomery, Alabama 36104

21

22 For the Plaintiffs:         Seeger Weiss
                        BY:  CHRISTOPHER A. SEEGER, ESQ.
                        One William Street

23                        New York, New York 10004

24

25

1    <u>Appearances</u>:

2

3    For the Objectors:          Stratton Faxon
                                  BY:  MICHAEL STRATTON, ESQ.
                                  59 Elm Street
4                                 New Haven, Connecticut 06510

5

6    Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
                                  500 Poydras Street, Room B-406
                                  New Orleans, Louisiana 70130
7                                 (504) 589-7778

8

9

10

11   Proceedings recorded by mechanical stenography; transcript
     produced by computer.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROCEEDINGS**

**(July 27, 2010)**

1

2

3    (WHEREUPON the following proceedings were held in

4    chambers outside the presence of the Court.)

5    **MR. BIRCHFIELD:**  Here in the conference room we have

6    Michael Stratton, who serves as the liaison for the objectors;

7    Russ Herman, who is plaintiff liaison counsel; co-lead counsel

8    Chris Seeger and Andy Birchfield.  This is in MDL Docket 1657.

9    We have entered into a private agreement where

10   Mr. Stratton is speaking on behalf of all of the objectors to

11   the plaintiff liaison counsel's petition for assessment and

12   Russ Herman is speaking on behalf of the NPC.

13   The parties have agreed that each side will

14   recommend to the Court that there be a global assessment in the

15   amount of 7.5 percent.  For each of the objectors who timely

16   filed an objection to the plaintiff liaison counsel's petition,

17   they will pay a total of a 4 percent assessment, and the

18   difference will be disbursed from the account that's held in

19   escrow now by BrownGreer.

20   The aggregate amount for that list of objectors

21   is $18,539,236.85.  That amount will be transferred to the

22   trust account at Stratton Faxon to be disbursed to the

23   objectors by Mr. Stratton.  Any common benefit fees or costs

24   will be a matter of agreement between Mr. Stratton and the

25   individual objectors.

1          The parties will prepare a list of objectors

2     that will be submitted to BrownGreer for the amount of the

3     funds to be released for each of those individual accounts.

4     Again, the aggregate, that total sum, will be wired to the

5     trust account of Stratton Faxon.

6          **MR. SEEGER:**  I would just like, for the record, for

7     Mike to acknowledge the reasonableness of the 7.5 percent.

8          **MR. STRATTON:**  Yes.  As the liaison counsel for the

9     objectors, we have gotten well through discovery.  We have

10    spoken to experts.  We have taken depositions, had depositions

11    taken of us, and done the research.  At the end of the day, on

12    behalf of all the objectors, I can say that we all feel

13    7.5 percent is a reasonable fee for the common benefit

14    attorneys in this case.

15          I would also add that any future cases that

16    result in some sort of recovery brought by anybody who was a

17    timely objector to this fee petition will be treated at the

18    4 percent level.

19          Further, it's our understanding that BrownGreer

20    will be instructed as soon as possible to make this

21    disbursement to the objectors via the Stratton Faxon trustee

22    account.

23          **MR. BIRCHFIELD:**  I will transmit a list to you of the

24    objectors and the amount for you to verify that each of the

25    objectors is listed and the amount is correct.  Once you give

1   that to us, then we will act promptly to instruct BrownGreer to

2   release the funds.

3          **MR. STRATTON:**  Liaison counsel for the objectors,

4   being me, on behalf of all of the objectors in this case to the

5   fee petition, withdraw all of those objections.  We no longer

6   have any objection to the fee petition filed by the NPC to the

7   extent that our recommendation is that it ought to be reduced

8   to 7.5 percent.  We'll be putting that on the record.

9          **MR. HERMAN:**  One other issue.  We all recognize that

10  Judge Fallon, as the MDL judge in this matter, has the

11  authority and power to reduce the 7.5 percent that we have

12  recommended but will not increase the fund beyond 7.5 percent.

13         **MR. SEEGER:**  Correct.

14         **MR. STRATTON:**  Correct.  It's also understood by

15  everybody here, Mr. Herman, I'm assuming, that in no case will

16  any of the objectors ever pay more than 4 percent of their

17  aggregate settlements for the fees of common benefit lawyers in

18  this case.  I just want to make that crystal clear.  That's

19  true?  4 percent is it.  That's what they are paying into the

20  quantum.

21         **MR. HERMAN:**  Correct.

22                              * * *

23

24

25

1

## <u>CERTIFICATE</u>

2          I, Toni Doyle Tusa, CCR, FCRR, Official Court

3   Reporter for the United States District Court, Eastern District

4   of Louisiana, do hereby certify that the foregoing is a true

5   and correct transcript, to the best of my ability and

6   understanding, from the record of the proceedings in the

7   above-entitled and numbered matter.

8

9

10                                        s/ Toni Doyle Tusa
                                          Toni Doyle Tusa, CCR, FCRR
11                                        Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT A



# Stratton Faxon

Connecticut's Firm for Trial Law

Michael A. Stratton
mstratton@strattonfaxon.com

32379622

Jul 28 2010
3:59PM

July 28, 2010

VIA FACSIMILE

Honorable Eldon E. Fallon
U.S. District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130
(504) 589-6966

    **Re:**    **MDL No. 1657**
                   **Section L**
                   **In Re Vioxx Products Liability Litigation**

                   **Common Benefit Fees**

Dear Judge Fallon:

     As you know, the objectors through undersigned examined 500,000 hours submitted by common benefit lawyers, took depositions, briefed several issues, and consulted with mass tort class action fee experts in academia. The 7.5 percent joint recommendation made yesterday is well supported by our investigation, precedent, and the academic writings in this field. Moreover, our experts agreed that 7.5 percent was a fair fee award for the common benefit lawyers given precedent and the work done in this case.

     Thank you for allowing us to clarify the basis for our asking for a reduction of the fee to 7.5 percent.

                             Very truly yours,

                             Michael A. Stratton

59 Elm Street, New Haven, CT 06510 • Telephone: 203.624.9500 • Fax: 203.624.9100 Toll-free: 866.351.9500 • www.strattonfaxon.com

EXHIBIT B