IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 1657 |
| | * | SECTION L, JUDGE FALLON |
| This Pleading Relates to All Cases | * * | |
| | * | DIVISION 3, MAG. JUDGE KNOWLES |

**************************************

### JONES, SWANSON, HUDDELL & GARRISON'S OBJECTION TO THE FEE ALLOCATION COMMITTEE'S FINAL FEE ALLOCATION RECOMMENDATION

**NOW INTO COURT** come plaintiffs' counsel Jones, Swanson, Huddell & Garrison, LLC (previously known as Jones, Verras & Freiberg, LLC), which respectfully objects to the Fee Allocation Committee's Final Fee Allocation Recommendation ("Recommended Award") as follows.

The firm of Jones, Swanson, Huddell & Garrison, LLC ("Jones Swanson") objects to its Recommended Award of $30,000.[1] *See* Rec. Doc. No. 60391, at Exhibit A. As set forth in its original Objection to the Fee Allocation Committee's Recommended Common Benefit Fees Award attached hereto as Exhibit "1," the 841.5 hours accepted by the Court-appointed accounting firm, at

---

[1] This is almost $900 more than the $29,122.95 originally recommended by the Fee Allocation Committee in December of 2010, to which Jones Swanson timely objected on December 15, 2010.

Jones Swanson current rates, with no lodestar applied to those hours, total $389,850.00. Jones Swanson submits that an award of less than ten percent (10%) of that amount is shocking and absurd. Such an award will lead to the result that those such as the attorneys at Jones Swanson, who are willing and able to perform front-end-approved work for the common benefit of MDLs such as the Vioxx Litigation, while giving up the right to be paid for that work until the conclusion of the litigation, will choose to not participate in common benefit work. As a result, the efficient use of valuable resources to effectively resolve the inherently complex issues at play in litigation such as the Vioxx Products Liability Litigation, as contemplated by the MDL procedure, will be fatally undermined.

## I.    BACKGROUND

Contemporaneously with the work that Jones Swanson performed for the common benefit of the Vioxx Products Liability Litigation, Jones Swanson submitted a record of the time and expenses required to perform that work to Herman, Herman, Katz & Cotlar as required by Vioxx Pretrial Order 6D. *Please see* correspondence sent to Russ M. Herman, Plaintiffs' Liaison Counsel, attaching common benefit cost and time submissions during the time period June 2005 through April 2007, attached hereto as Exhibit "2." On November 7, 2008, Eberhard Garrison, a partner in Jones Swanson, requested that Daniel Gerhold from the Court-appointed accounting firm of Wegmann Dazet & Company send an email "confirming the total number of my firm's common benefit hours." *See* Exhibit "3," attached hereto. On November 10, 2008, Mr. Gerhold responded to Mr. Garrison's request in an email, attached hereto as Exhibit "4." In that email, Mr. Gerhold stated "I have updated all of your Vioxx submissions. **We have a total of 841.5 hours accepted**...."

Taking as true that the Court-appointed accounting firm had accepted 841.5 of Jones Swanson's hours, the Recommended Award of the Fee Allocation Committee comes out to $35.65 per hour for every hour approved. However, based on the firm's current rates of $475 for partners, $390 for associates and $125 for paralegals, Jones Swanson's fee submission for those 841.5 approved hours actually totals $389,850.00, which does not take into account any lodestar adjustment often applied by the Court in matters similar to the Vioxx litigation. With no further information as to adjustments to the award based on the law applicable to awards of common benefit fees in this Vioxx Products Liability Litigation, Jones Swanson expected to be paid at least its current rates for the 841.5 approved hours, or a total of $389,850.00.

On or about December 2, 2010, however, Brown Greer e-mailed Jones Swanson the Fee Allocation Committee's recommendations for Common Benefit Fees. Included in the recommendations was a form which was to be completed and returned no later than December 16, 2010, and on which Jones Swanson was to accept or object to the Fee Allocation Committee's recommended award as set forth therein. On December 15, 2010, Jones Swanson objected and sent a formal objection to Mr. Russ Herman, Chair of the Vioxx Products Liability Litigation Fee Allocation Committee and Mr. Andy Birchfield, Secretary of the Vioxx Prod/ucts Liability Litigation Fee Allocation Committee. *See* Exhibit 1 attached hereto. However, Jones Swanson (f/k/a Jones Verras) was incorrectly not listed on Exhibit C as having objected to the fee allocation. *See* Rec. Doc. No. 60391, at Exhibit C.[2]

---

[2] Jones Swanson was appropriately not listed on Exhibit B as having accepted the $30,000 allocation. *See* Rec. Doc. No. 60391, at Exhibit B.

Jones Swanson objects to the Recommended Award of $30,000.00 and asks the Court to reconsider the award of the Fee Allocation Committee, increasing that award by at least as much as Jones Swanson charges to its hourly clients, even without applying the enhancement factors enumerated in this Court's Pretrial Order 6D and as described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *See* Pretrial Order 6D.

## II.     ARGUMENT

During the time period of June 2005 through April 2007, attorneys with the law firm of Jones Swanson (then known as Jones, Verras & Freiberg, LLC), performed many hundreds of hours of work for the common benefit of the Vioxx Products Liability Litigation.  Many of the hours were spent reviewing privilege logs for the privilege log committee to be able to challenge the defendants' frivolous claims of privilege over many of the documents contained therein.  Some of the hours spent were devoted to work for the science committee, including the review of scientific articles and the participation in conference calls to discuss scientific issues.  Some others of the hours spent were devoted to work for the discovery committee.  *See* the PTO 6D Affidavit for Jones, Swanson, Huddell & Garrison LLC (f/k/a Jones, Verras & Freiberg, LLC), sent by Eberhard D. Garrison to Russ Herman on November 7, 2008, and attached hereto as Exhibit "5."

The Jones Swanson attorneys who did work as dictated by members of the PSC understood that each hour they spent working for the Vioxx Products Liability common benefit effort was approved by the PSC or others with the ability to approve common benefit work.  Now, notwithstanding the effort put into the litigation by attorneys at the firm of Jones Swanson, the Leadership has asked this Court to discount the value of that work by awarding approximately $35.65 for each hour spent.

In *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82 (2d Cir. 2010), the Second Circuit stated, "We recognize that lead counsel has an incentive to under compensate non-lead counsel, as such compensation typically decreases lead counsel's own recovery." In *In re Diet Drugs*, 401 F.3d 143, 173 (3d Cir. 2005), the Third Circuit stated:

> [C]ounsel have inherent conflicts. They make recommendations on their own fees and thus have a financial interest in the outcome. How much deference is due the fox who recommends how to divvy up the chickens? ... Such a direct conflict of interest strongly suggests that affording substantial deference is inappropriate.

The allocating attorneys "will have abused [their] discretion if [they] relied on clearly erroneous findings of fact or failed to consider a relevant factor." *In re Vitamins Antitrust Litig.*, 398 F.Supp. 2d. 209, 225 (D.D.C. 2005). *See Turner v. Murphy Oil*, 582 F.Supp.2d 797 (E.D. La. 2008).

According to *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2008 WL 5382338 (D. Minn.), "The court believes that law firms should be compensated for the work that they were assigned to do before firms that bore a large risk are granted an enhancement for that risk."

In the present case, Jones Swanson is asking that it be reasonably be compensated for the work that it was assigned to do by the PSC. Compensation at the rate of $35.65 per hour is not reasonable.

### III.   CONCLUSION

For the reasons set forth above, undersigned counsel respectfully formally objects to the Recommended Award to Jones Swanson and requests that the amount should be increased to reflect at least the hourly rates that Jones Swanson's attorneys receive in the regular course of their business. Those rates suggest a total award of no less than $389,850.00 to the law firm of Jones, Swanson, Huddell & Garrison, LLC.

Respectfully submitted,

/s/ Eberhard D. Garrison
**GLADSTONE N. JONES, III (# 22221), T.A.**
**LYNN E. SWANSON (#22650)**
**EBERHARD D. GARRISON (#22058)**
**JONES, SWANSON, HUDDELL &**
 **GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile:  (504) 523-2508

**CERTIFICATE OF SERVICE**

I hereby certify that the the above and foregoing has been served upon all parties by electronically uploading the same to LexisNexis File & Service in accordance with Pretiral Order No. 8, and via U.S. Mail to Russ Herman and Andy Birchfield, on this 4th day of February, 2011.

/s/ Eberhard D. Garrison