# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:VIOXX PRODUCTS | * | MDL NO. 1657 |
| LIABILITY LITIGATION | * | |
| | * | |
| | * | SECTION L |
| | * | JUDGE FALLON |
| | * | |
| | * | DIVISION 3, MAG. JUDGE |
| | * | KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PTO 6(D) AFFIDAVIT FOR
## JONES, SWANSON, HUDDELL & GARRISON, LLC
## (F/K/A JONES, VERRAS & FREIBERG, LLC)

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned Notary Public, personally came and appeared

### EBERHARD D. GARRISON

who after having been first duly sworn, did depose and say that:

He is of the full age of majority and a resident of Jefferson Parish, Louisiana.

Eberhard D. Garrison and Lynn E. Swanson, both named partners in Jones, Swanson, Huddell & Garrison, LLC (f/k/a Jones, Verras & Freiberg, LLC), were members of the Science Committee and the Discovery Committee beginning early in the Vioxx MDL, soon after the creation of the Plaintiffs' Steering Committee in 2005.

Additionally, both Eberhard D. Garrison and Lynn E. Swanson were members of numerous subcommittees related to the Science and Discovery Committees including the following: Privilege Log; Mechanism of Action/Pharmacology Defense Issues; Daubert - Expert Witness Development; Medical Communications-Marketing, and; Scientific Research, Publications/Society Meetings. As part of these efforts, both Lynn E. Swanson and Eberhard D. Garrison regularly participated in



EXHIBIT 5

conference calls with the PSC leadership wherein case strategy and planning were discussed.

Both Lynn E. Swanson and Eberhard D. Garrison, in addition to other firm attorneys, were involved with numerous projects related to the foregoing subcommittees including:

- reviewing and coding of documents at the document depository;

- working with Anthony Irpino on the Privilege Log Committee reviewing privilege log, reviewing and coding of documents, performing legal research, reviewing and summarizing depositions, and assisting with drafting motions and opposition memoranda;

- reviewing and coding science and journal articles;

- regularly attending meetings, hearings and status conferences;

- regularly participating in conference calls.

All of these efforts contributed to the Vioxx Settlement. For example, Jones, Swanson, Huddell & Garrison's regular and focused work with the privilege log subcommittee contributed to Merck's release of tens of thousands of documents which were previously withheld as privileged. Thereafter, Jones, Swanson, Huddell & Garrison reviewed and coded de-privileged documents.

Jones, Swanson, Huddell & Garrison's commitment to the Vioxx case began early with review of over four hundred (400) claims beginning in October 2004. Additionally, in October 2004, Jones, Swanson, Huddell & Garrison became counsel of record in *Mallet v. Merck and Company, Inc.*, Civil Action No. CV-02-2304, (U.S.D.C. W.D.L.A.), one of the first cases filed in Louisiana. In October 2007, just before the preliminary Vioxx Settlement was announced, Eberhard D. Garrison was working with Troy Rafferty in an effort to have the *Mallet* case presented in an MDL trial. A significant amount of effort previously went into working up the medical and causation aspects of the *Mallet* case in anticipation that it would be presented in an MDL trial. Ultimately, the *Mallet*

claim was enrolled in the Vioxx MDL Settlement.

Jones, Swanson, Huddell & Garrison expended over eight hundred (800) PSC-authorized common benefit hours of attorney time early in the case before any reasonable expectation of successful resolution of the Vioxx litigation. All of that time was contemporaneously recorded and submitted to lead counsel in accord with PTO 6 and the corresponding Vioxx MDL Time and Expense Guidelines. Jones, Swanson, Huddell & Garrison responded affirmatively to all requests for contribution, performing only PSC approved work while never receiving any complaints with regard to the timeliness or quality of the work.

The efforts of Jones, Swanson, Huddell & Garrison resulted in contribution to the common benefit of all Vioxx claimants, particularly in light of the fact that the aforementioned efforts were consistent, concentrated in and performed during early planning and strategic phases of the litigation.

_____
EBERHARD D. GARRISON

SWORN TO AND SUBSCRIBED

BEFORE ME, NOTARY, THIS

6TH DAY OF NOVEMBER, 2008

_____
NOTARY PUBLIC

PAUL H. VILLALOBOS
NOTARY PUBLIC
STATE OF LOUISIANA
My Commission is issued for Life
Bar Roll Number 22881

3