

Feb 4 2011
4:34PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION:   L |
| | * | |
| THIS DOCUMENT RELATES TO ALL CASES | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| FILER: JOSEPH M. BRUNO | * | |

**OBJECTION OF JOSEPH M. BRUNO TO THE FEE ALLOCATION COMMITTEE'S JANUARY 20, 2011 RECOMMENDATION AND THE JULY 1, 2008 REJECTION BY CLIFTON W. NEWLIN, CPA OF WEGMANN DAZET & COMPANY OF BRUNO'S OCTOBER 31, 2008 SUBMISSION OF TIME AND EXPENSES**

MAY IT PLEASE THE COURT:

Joseph M. Bruno, and the firm of Bruno & Bruno, LLP, respectfully submits this objection to the proposed allocation of the Fee Allocation Committee (FAC). Bruno further objects to the July 1, 2008 rejection by Clifton W. Newlin, CPA of Wegmann Dazet & Company of Bruno's October 31, 2008 submission of Time and Expenses of March 2005 to October 2008.

ARGUMENT

On October 31, 2008, Joseph M. Bruno submitted his fee and expense affidavit setting forth attorney time totaling 652.00 hours and expenses totaling $3,898.56. Attached to the affidavit was Bruno's time slips entries detailing the time entries of each person in the firm that logged time in the

VIOXX litigation, as well as the expense printout setting forth the out of pocket costs of the firm.[1] The submitted affidavit was rejected by letter dated July 1, 2009 stating the reasons for rejection of the time being that there was no time record summary form, and that submissions for time are no longer being considered for review. Regarding the expenses, the stated reason for the rejection was that there was no Cost Record Summary Form, there were no actual receipts or costs supports, and that submissions for expenses were no longer being considered for review. The first paragraph of the rejection letter states "Your submission of X Time and/or X Held Expenses. . ." fails to even state the amount of time and expenses submitted, and thus gives the impression that the submission was not even reviewed. Thus, the gist of the reason for rejection was the failure to comply with PTO No. 6, and that the submissions were untimely, rather than any substantive review and conclusion that the submitted time and expense was not recoverable as common benefit time or expense.

While it is admitted that PTO No. 6 and PTO No. 6C set forth the procedure for submitting time and expenses on a monthly basis, and on certain prescribed forms, and guidelines for the Fee Allocation Committee to consider, PTO No 6D allowed attorneys who wished to advocate their positions for common benefit fees and expenses to do so by submission on or before October 31, 2008, of a affidavit not to exceed three pages which describes the firm's work and common benefit contribution. The affidavit timely submitted by Bruno on October 31, 2008 met the requirements of PTO No. 6D, and the submitted time and expenses should have been considered.

---

[1] A copy of the Bruno affidavit with attachments is attached hereto as Exhibit "A". Please note, the time and expense printouts attached as Exhibits 1 and 2 of the Fee Affidavit differ from the originals in that for this filing the time and expenses as outlined, *infra* have been highlighted, whereas the original submission contained no highlighting.

2

Indeed, a review of the time submission would have revealed the following:

53.00   Hours for Joseph M. Bruno, Senior Partner of Bruno & Bruno participating in Document Review, attending hearings and conferences, and meeting and conferencing with Sales and Marketing Committee, the Document Review Team, the Discovery Committee, the Foreign Regulations Committee, and other subcommittees and groups; and

137.5   Hours of reviewing pleadings, discovery responses, draft discovery submissions and notices, and court orders.

68.50   Hours of Bruno & Bruno associate attorney Stephen S. Kreller participating in Document Review, and meeting and conferencing with Sales and Marketing Committee, the Document Review Team, the Discovery Committee, the Foreign Regulations Committee, and other subcommittees and groups.

27.50   Hours of Bruno & Bruno associate attorney David S. Scalia reviewing pleadings, discovery responses, draft discovery submissions and notices, and court orders, and;

In addition, there is unrecorded time for David Scalia to travel to and from, and attending the settlement seminar in Houston in December of 2007 which totals 10.00 hours.[2]

---

[2]It is respectfully suggested that attendance at the PLC's settlement seminar inured to the common benefit of all. The purpose of the seminar was to educate attorneys regarding the settlement so that individual claimants could be advised. Without these seminars, there would have been little information for the individual attorneys to utilize in advising their clients, potentially resulting in low claimant participation to the overall detriment of all.

3

23.00   Hours of Bruno & Bruno associate attorney Stephanie m. Bruno reviewing pleadings, discovery responses, draft discovery submissions and notices, and court orders.

These time entries (and the 10.00 hours not entered) total 319.50 hours of common benefit attorney time. While it is admitted that the firm erred procedurally by not submitting the time in the prescribed manner on a monthly basis, the work was done for the benefit of all claimants, and the time was ultimately submitted on October 31, 2008 in the fee affidavit pursuant to PTO No. 6D.

Regarding the submitted expenses, the vast majority is travel and expenses related thereto. There is $1369.56 for Joseph Bruno's travel, lodging, meals, parking and tolls regarding the trip to Washington DC for the MDL at the end of 2004. Another $508.80 for travel, meals, and parking for a trip to Houston in January 2005 for a meeting with various plaintiffs attorneys to discuss the MDL Strategy. Finally there is an expense of $292.27 in December 2007 for David Scalia's trip to Houston for the Settlement Seminar. These expenses total $2,170.63 which was incurred in furtherance of the common benefit of all claimants.

As with the time entries, it is admitted that that the expenses submitted did not meet the technical requirement of an attached receipt or documentation, nor were they submitted in the prescribed manner on a monthly basis. However, the expenses coincide with the logged time entries for travel time and appear to be relatively small individual sums suggesting that they are reasonable amounts for airline tickets, lodging, meals, parking and the like. In addition, despite not having been submitted contemporaneously, the expenses were ultimately submitted on October 31, 2008 in the fee affidavit pursuant to PTO No. 6D.

It is respectfully submitted that although Bruno & Bruno erred procedurally by not submitting the time and expenses in the prescribed manner on a monthly basis, and with documentation, the work was done, and the expenses incurred, for the benefit of all claimants, and the time was ultimately submitted on October 31, 2008 in the fee affidavit pursuant to PTO No. 6D. Neither the time nor the expenses submitted is unreasonable. While Mr. Bruno was not a member of the court appointed committee, he became involved in the litigation early on and contributed his and his firms time to the tasks of Document Review and well as reviewing pleadings, proposed pleadings, discovery, and expert reports and testimony.

## CONCLUSION

The time logged in the amount of 319.50 hours as included in the fee affidavit submitted on October 31, 2008, as well as the expenses in the amount of $2,170.63 should have been reviewed by the Fee Allocation Committee, and should have been approved. We object to the exclusion and ask that they be approved now.

Respectfully Submitted

s/Joseph M. Bruno
Joseph Bruno, Esq. (3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, LA 70113
PH: (504) 525-1335
FX: (504) 561-6775
EM: jbruno@brunobrunolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing OBJECTION OF JOSEPH M. BRUNO TO

5

THE FEE ALLOCATION COMMITTEE'S JANUARY 20, 2011 RECOMMENDATION AND THE JULY 1, 2008 REJECTION BY CLIFTON W. NEWLIN, CPA OF WEGMANN DAZET & COMPANY OF BRUNO'S OCTOBER 31, 2008 SUBMISSION OF TIME AND EXPENSES has been served on Liaison Counsel Russ Herman and Philip Wittmann by U. S. Mail and e-mail, or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisMexis File and Serve Advanced in accordance with Pre Trial Order No. 8 on this 4th Day of February, 2011.

                                                             s/Joseph M. Bruno
                                                             Joseph M. Bruno