UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION* | MDL NO. 1657 |
| * | |
| * | SECTION "L" |
| * | JUDGE FALLON |
| * | MAG. KNOWLES |

**COMMON BENEFIT FEE AND COST AFFIDAVIT OF JOSEPH M. BRUNO**

STATE OF LOUISIANA
PARISH OF ORLEANS

    NOW BEFORE ME, the undersigned Notary, personally came and appeared:

**JOSEPH M. BRUNO**

who, after being duly sworn, did depose and say:

## I. OVERVIEW

    While not an appointed member of the VIOXX MDL Plaintiffs Steering Committee, Joseph M. Bruno and attorneys from his offices have been involved in this litigation from the beginning.

    Joseph Bruno ("Bruno")[1] became involved early on with the Louisiana state liaison committee. While it is certain that the vast majority of the common benefit work in this complex litigation was undertaken by the Plaintiffs' Steering Committee, it is also certain that many attorneys that are not members of that committee contributed work necessary for the common benefit of all plaintiffs. Such is the type of work undertaken by Mr. Bruno and his office, largely in the area of the often tedious, but highly necessary task of document review.

---

[1] Joseph Bruno has been in practice since 1978. Joseph Bruno is recognized as an authority in class actions, and particularly in the management of same. His expertise in difficult and complex litigation has led to his representation of numerous claimants in class action and mass joinder proceedings involving racial discrimination, occupational lung disease, product liability, and wage and hour violations. Mr. Bruno has been active in the Louisiana Trial Lawyers organization, having served on the Board of Governors for over 20 years.





EXHIBIT A

Mr. Bruno and his office contributed six hundred fifty two (652) hours of billable time, as follows:

1. Joseph M. Bruno (Partner): 345.75 hours;

2. Partner Level (6 or more years in practice)
   David Scalia: 92.50 hours;
   Stephanie M. Bruno: 52.50 hours.

3. Associate Attorney (less than 6 years in practice):
   Stephen Kreller: 161.25 hours;

   **TOTAL HOURS:** **652.00 hours[2]**

In addition, Bruno contributed three thousand eight hundred ninety eight dollars and fifty six cents ($3,898.56)[3] in expenses. For the reasons set forth below, Bruno submits that he is entitled to recover his expenses and in addition, recover a fee of five hundred ninety one thousand five hundred thirty one and 25/100 ($591,531.25).

## II. LODESTAR AND MULTIPLIER

The above number is calculated as a "loadstar" of $400 per hour for partner and partner level attorneys and $250 per hour for associates practicing less than six years, enhanced by a modest risk multiplier of 2.5. The lodestar is calculated by multiplying the hours spent on the case by a reasonable hourly rate of compensation for each attorney involved,[4] and the rates must reflect the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

---

[2] See Attached Exhibit 1.

[3] See Attached Exhibit 2. *n.b.;* The total expenses as set forth on the statement are $4,427.05, however $528.09 are expenses for Mr. Bruno's individual clients and have been deducted leaving a common benefit total of $3,898.56.

[4] *See: Pennsylvania v. Delaware Valley Citizens Council,* 478 U.S. 546, 563; 106 S.Ct. 3088, 3097; 92 L.Ed.2d. 439 (1986); *citing Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.* 487 F.2d 161, 167 (3rd Cir. 1973).

2

comparable skills, experience, and reputation.[5] Fifteen years ago, in the Shell Norco case[6], expert testimony indicated "that the top billing rate in this community for lawyers with a similar caliber of skills (all partner level attorneys)] is $350 to $400 an hour...." More recently, in July of this year, the Fifth Circuit held on appeal in a case out of the district court in Houston, that an award of attorney's fees in the amount of $500 per hour was not an abuse of the district court's discretion.[7] In *Turner v. Murphy Oil*[8], Judge Fallon, conducting a Lodestar cross check concluded that "... ranges of $300 to $400 per hour for PSC members .. reasonably reflect the prevailing rates in this jurisdiction."

After calculating the lodestar, the risk multiplier adjusts the figure in light of "(1) the contingent nature of the case, reflecting the likelihood that hours were invested and expenses incurred without assurance of compensation; and (2) the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained."[9] It is utilized to arrive at the fair and reasonable award of fees, by enhancing or reducing the lodestar to reflect the risk of success involved.[10]

Multipliers generally range from 1 to 4 but are not without precedent in excess of 4, even reaching as high as 10.[11]

---

[5] *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

[6] *In re Shell Oil Refinery*, 155 F.R.D. 552 (ED La., 1993)

[7] *Worrell v. Houston Can! Academy*, 2008 WL 2753405, *5 (C.A.5 (Tex.)).

[8] 472 F.Supp.2d 830, 868-69 (E.D. La. 2007)

[9] *Delaware Valley, supra.* (citations omitted).

[10] *See, In re Combustion, Inc.*, 968 F.Supp.1133; referencing *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp (Lindy I and Lindy II)*, 487 F.2d 161 (3rd Cir.1973) (*Lindy I*) and 540 F.2d 102 (3rd Cir.1976) (en banc) (*Lindy II*).

[11] *See, e.g. In re Shell Oil Company*, 155 F.R.D. 552, 573, n.55 citing as follows: *In Corrugated Container Antitrust Litigation*, 1983 WL 1872 (S.D.Tex.1983) (awarding multipliers up to 4.0); *Brewer v. Southern Union Co.*, 607 F.Supp. 1511 (D.Colo.1984) (awarding multipliers from 2.0 to 4.0); *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522 (D.Nev.1987)

3

Based upon the above it is suggested that an hourly rate of $400 be applied to partners and partner level attorneys, and $250 for associates practicing less than six years, and further that a risk multiplier of 2.5 be applied.

The foregoing is true and correct and based on her personal knowledge.

_____
JOSEPH M. BRUNO

Sworn to and subscribed before me
this 31st day of October, 2008

_____
NOTARY PUBLIC

Jeri R. Simmons
Notary Number 62156
Lifetime Commission

---

(awarding multipliers from 1.0 to 2.95); *In re Beverly Hills Fire Litigation*, 639 F.Supp. 915 (E.D.Ky.1986) (awarding multipliers from 1.0 to 5.0); *Squillacote v. United States*, 626 F.Supp. 127 (E.D.Wis.1985) (awarding 3.0 multiplier); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (awarding a multiplier of 2.0); *In re Agent Orange Product Liability Litigation MDL No. 381*, 818 F.2d 145 (2nd Cir.1987), *cert. denied by Pinkney v. Dow Chemical Co.*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988) (awarding a multiplier of 1.5 and 1.75 where court used national hourly rate to arrive at lodestar, "thus skew[ing] the normal lodestar analysis"). *See also, e.g. Wilson v. Bank of Am. Nat'l Trust & Savs. Ass'n*, No 643872 (Cal. Sup. Ct. Aug 16, 1982) (illegal use of escrow funds by lender for profit; noncontingent hourly rates of up to $150/hour and a multiplier of up to 10 times the hourly rate).