## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| ***Dennis R. Harrison v. Merck & Co., Inc.,*** | * | KNOWLES |
| **2:07-cv-00905-EEF-DEK** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE DISCOVERY REQUIREMENTS OF PTO 28

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring Plaintiff Dennis Harrison to show cause why his claim should not be dismissed with prejudice for failure to comply with the requirements of  Pre-Trial Order No. 28 ("PTO 28").  Mr. Harrison has ***affirmatively refused*** to provide the generic authorization forms for the collection of medical records, as well as other materials required by PTO 28, and Merck therefore has no ability to collect and preserve the evidence necessary to defend Mr. Harrison's personal injury claims.

### BACKGROUND

On July 6, 2006, Plaintiff, who is *pro se*, filed a claim against Merck for personal injuries relating to bone healing alleged to have been caused by Vioxx.  On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs who did not enter the Vioxx Resolution Program – including Mr. Harrison – to provide specified materials relating to their

1

claims, including a Rule 26(a)(2) expert report, a Plaintiff Profile Form, certain medical records, and signed authorization forms for the release of medical records.  *See* PTO 28 ¶¶ II.A.3, II.A.6. With respect to Mr. Harrison's case, the required discovery materials were due on May 1, 2008. *See* PTO 28 ¶ II.C.1.   If plaintiffs subject to PTO 28 failed to produce such materials, the Order provided for a 30-day cure period.  *See* PTO 28 ¶ II.D.  After that cure period had lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.* As of this date, Mr. Harrison has failed to materially comply with PTO 28.

By February 2009, Mr. Harrison had not provided any of the materials required by PTO 28.  Accordingly, his case was included in Merck's *Sixth* Motion To Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Comply With The *Lone Pine* Requirements of PTO 28, filed on February 25, 2009.  That motion specifically sought dismissal of Mr. Harrison's case due to his failure to provide the Rule 26(a)(2) expert report required by PTO 28.  Mr. Harrison opposed Merck's motion, arguing that the discovery conducted by the Plaintiff's Steering Committee did not relate to his alleged injury type, and that he should therefore not be required to provide any materials under PTO 28 until Merck provided him with additional discovery.  (*See* Pl.'s Mem. in Opp'n, Mar. 23, 2009, at 15-16.)  The Court rejected this argument, and ordered that unless Mr. Harrison provided his expert report to Merck by April 29, 2009, his case would be dismissed with prejudice.  *See* Order, Apr. 9, 2009, ECF No. 18289, at 2.[1]  Thereafter, Mr. Harrison provided his expert report on April 27, 2009, and Merck therefore withdrew its *Lone Pine* motion with respect to Mr. Harrison.

---

[1]  At the hearing on this motion, Mr. Harrison participated by telephone and presented his arguments as to why the Court's discovery order should not apply to him.  After providing Mr. Harrison and full and complete opportunity to be heard, the Court reject all of these arguments.  The Court also expressly admonished Mr. Harrison that he must comply with the Court's orders.  Merck has requested the transcript for that hearing, and

Since the submission of his expert report, Mr. Harrison has not submitted any other materials required by PTO 28.  On November 3, 2010, Merck sent a letter to Mr. Harrison notifying him of his continued failure to comply with PTO 28, and specifically requesting the execution of the generic medical records authorization forms.[2]  In response to this letter, Mr. Harrison did not provide the generic medical record authorization forms as requested, but on January 27, 2011, he submitted a partially completed Plaintiff Profile Form and partially completed responses to interrogatories required by PTO 28.  These documents omitted key information such as name of the doctor(s) who allegedly prescribed Vioxx to Mr. Harrison, the names of other healthcare providers who treated Mr. Harrison, the names of other prescription medications taken, and information about Mr. Harrison's personal and family health history.  In addition, none of the medical records required by PTO 28 have ever been provided by Mr. Harrison, and without the medical record authorization forms required by PTO 28, Merck is unable to collect any medical records relating to Mr. Harrison.  Mr. Harrison has made clear that these material omissions were deliberate:  He again takes the position that he should not be required to provide any authorizations or additional information about his claims until Merck provides him with additional discovery.

---

will be able to provide a citation to the record at the Court's request once the transcript is received.

[2]   Merck sent this letter to Mr. Harrison at his address of record in Kingston, New York, and sent a follow-up letter to the same address in December, 2010.  After receiving no response to this correspondence, Merck learned through investigation that Mr. Harrison had moved to Michigan. Merck ultimately succeeded in reaching Mr. Harrison with a letter to his new address in January, 2011.

## ARGUMENT

This Court should dismiss Mr. Harrison's claims with prejudice, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), because he has refused to comply with PTO 28.    The express terms of PTO 28 provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice."  PTO 28 ¶II(D).  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

It is beyond dispute that Plaintiff's medical records are essential evidence in this case, yet Mr. Harrison has blocked Merck from obtaining a single medical record relating to his alleged injuries or alleged use of Vioxx.  As a result of Mr. Harrison's prolonged PTO 28 deficiencies, Merck lacks the basic medical records and information necessary to litigate his claims.  Because records are lost or routinely destroyed over time (and because Mr. Harrison has also not sent the preservation notices required by PTO 28), each day that passes makes it more difficult for Merck to obtain the evidence it is entitled to in this case.  And there is no basis for Mr. Harrison's argument that he should be exempted from PTO 28.  That argument has already been considered and rejected by this Court relating to his expert report, and it should be rejected once again.

In short, Mr. Harrison's steadfast refusal to comply with PTO 28 despite ample time to do so warrants dismissal.  Merck requests that Mr. Harrison be instructed to appear and show cause at a hearing on February 24, 2011, why his case should not be dismissed with prejudice.

1046178v.1

In the alternative, Merck respectfully requests that this Court order Mr. Harrison to provide the

executed generic medical records authorizations required by PTO 28 within five (5) days.[3]

    A proposed order is attached.

                                        Respectfully submitted,


                                         /s/ Dorothy H. Wimberly
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana 70130
                                        Phone: 504-581-3200
                                        Fax:    504-581-3361

                                        Defendants' Liaison Counsel

                                          —and—

                                        Douglas R. Marvin
                                        Eva Petko Esber
                                        M. Elaine Horn
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, D.C. 20005
                                        Phone: 202-434-5000
                                        Fax:    202-434-5029

                                        Attorneys for Merck & Co., Inc.

---

[3]     This short deadline is appropriate given the history of this case and the ease of
        compliance with this requirement.

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Plaintiff Dennis Harrison by Federal Express at:

> 601 W. Brown Street
> Iron Mountain, MA 49801

I also hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of February, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1046178v.1