UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| This document relates to ALL ACTIONS : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |

### Memorandum in Support of Fee Allocation Committee's Motion to Quash Subpoena Duces Tecum and for Protective Order

The Fee Allocation Committee ("Committee") moves the Court, pursuant to Fed. R. Civ. P. 26(b)(1), 26 (c), and 45(c), to quash the subpoena duces tecum issued to BrownGreer and for a protective order preventing the Objectors from seeking the requested materials in the future. The Objectors seek from BrownGreer production of: all bank statements of all accounts related to the Vioxx settlement, all documents related to disbursement of any funds from any account, all documents that show monies paid to any individual or law firm, and all documents which show the amount of money paid any individual or firm who has contributed to the common benefit fund. In other words, Objectors seek documentation of all monies received and monies paid out for any purpose for the duration of the Vioxx Resolution Program. The materials sought are so far beyond the scope of the current proceeding as to make the request absurd, a blatant attempt to harass and delay.

The Court on multiple occasions has clearly and thoroughly described the process it has established for determining the appropriate allocation of common benefit fees pursuant to Article 9 of the Master Settlement Agreement. Pursuant to the Master Settlement Agreement, the Court appointed the Fee Allocation Committee and instructed the Fee Committee to receive affidavits,

review time submissions of applicants, and provide opportunities for applicants to appear before the Fee Allocation Committee and give testimony in support of their fee allocation. Thereafter, the Fee Allocation Committee, pursuant to the process established by the Court, presented its recommended allocation to the Court which the Court published. On January 20, 2010, the Court issued an order allowing a period of time for objections to be made regarding the Committee's recommendation. Having received 17 objections, the Court has now appointed a Special Master to consider the objections and the Committee's responses and then to present to the Court his recommendation as to the appropriate allocation. At the conclusion of this process, the Court will have the recommendations of both the Fee Allocation Committee and the Special Master, an independent third party, for consideration before the Court makes a final determination as to the appropriate allocation of common benefit fees.

The only relevant matters at this stage of the process are the matters that the Special Master deems necessary and relevant to make his recommendation to the Court. To date, the Special Master has not indicated what, if any, additional information would assist him in the process ordered by the Court. In any event, the documents sought from BrownGreer will not inform either Mr. Juneau or the Objectors of any information related to the proper allocation of the common benefit fee fund. The individual payments to counsel of fees in individual cases have nothing to do with and are irrelevant to the issues pertinent to the allocation of common benefit fees. Because the documents sought to be subpoenaed are irrelevant, the motive for their request becomes suspect. The FAC submits that this request is unfounded, burdensome and intended to harass. The subpoena should therefore be quashed.

Moreover, the Objectors have accused the Committee of malfeasance regarding an agreement reached with previous objectors (Percentage Objectors) who challenged the PLC's

request for the maximum 8% common benefit assessment according to the terms of the Master Settlement Agreement. The Fee Allocation Committee reached an agreement with the Percentage Objectors and this agreement is now part of the record. The Percentage Objectors sought to reduce the amount of the common benefit fee to one-fourth of the amount allowable under the Master Settlement Agreement, significantly below the current size of the fund.[1] The efforts of the Percentage Objectors represented a major assault on the process to fairly compensate common benefit attorneys. The agreement was a good faith compromise to preserve and protect the common benefit fund for the benefit of all those who sought common benefit compensation, including the Objectors.

Furthermore, the Objectors were not harmed by the resolution reached with the Percentage Objectors. The agreement in no way impacted the proper allocation to the individual objectors. The appropriate allocation for each objector is a function of the value of their contributions to the litigation and does not relate to the size of the common benefit fund. And importantly, the current Objectors do not assert that the fund is inadequate as a result of the compromise to adequately compensate them for their efforts. In the absence of any assertion of relevance or harm, any further discovery sought regarding the compromise with Percentage Objectors is inappropriate.

Lastly, the subpoena duces tecum issued by the Objectors as well as the additional discovery requests that have been issued by the Objectors make apparent their intent: to establish themselves as a second fee allocation committee and to present to the Court their own

---

[1] All Percentage Objectors accepted the terms of the agreement. Now, at least one of those objectors contends the agreement resulted in an improper reduction of the fund, which is completely inconsistent with her previous position.

proposal about the manner and method in which the fee allocation should be made. Such an effort is contrary to the process established by the Court and should not be allowed.

For these reasons, the Fee Allocation Committee urges the Court to quash the subpoena duces tecum issued to Brown Greer and issue a protective order preventing the issuance of future discovery from the Objectors to BrownGreer.

Respectfully submitted,

Date: February 24, 2011          By: ____/s/ Russ M. Herman____
                                                  **Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL
AND CHAIR OF THE FEE
ALLOCATION COMMITTEE**

Russ M. Herman, Esq.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892 (telephone)
(504) 561-6024 (telecopier)

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Thomas V. Girardi, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
(213) 977-0211 (telephone)

Mark Lanier, Esq.
LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, TX 77069
(713) 659-5200 (telephone)
(713) 659-2204 (telecopier)

Edward F. Blizzard, Esq.
BLIZZARD, MCCARTHY & NABERS, LLP
Lyric Centre, 440 Louisiana
Suite 1710
Houston, TX 77002-1689
(713) 844-3750 (telephone)
(713) 844-3755 (telecopier)

Perry Weitz, Esq.
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
(212) 558-5500 (telephone)
(212) 344-5461 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

**FEE ALLOCATION COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 24th day of February, 2011.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com