**MINUTE ENTRY**
**FALLON, J.**
**FEBRUARY 24, 2011**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 62 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Karen Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly status conference follows.

<u>I. THE SETTLEMENT PROGRAM</u>

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

II. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPAA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. The Garretson Firm submitted a status report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On July 1, 2010, the Court issued an Order directing the Lien Resolution Administrator to establish and communicate a deadline of July 14, 2010 for participating Third Party Payors to submit to the Lien Resolution Administrator all outstanding audit approvals for claimants participating in the Private Lien Resolution Program. The Order further requires all Third Party Payors that have submitted duplicate claims for identical claimants to communicate with each other and to submit to the Lien Resolution Administrator by July 14, 2010 their collective

determination to allow the Lien Resolution Administrator to finalize the liens and process payment to the appropriate Third Party Payor. The Lien Resolution Administrator submitted a report indicating that it continues to address a small number of outstanding lien issues.

III. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Mr. Juneau has recently been appointed to facilitate negotiations related to the Governmental Actions and to prepare a report on objections to the Fee Allocation Committee's recommended allocation of common benefit fees. The Special Master reported on the status of the appeals process and other matters.

IV. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order. As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

V. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

3

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The State Liaison Committee and Liaison Counsel and Ms. Ann Oldfather have conferred in an effort to establish consistency between the more than 500 cases still listed as active on the State Liaison Committee's remand summaries as compared to the less than 200 cases still listed as active by Merck on the spreadsheets it has provided to the two PSCs.[2] The parties discussed these issues further at the Monthly Status Conference.

## VI. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Adams, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The Curator discussed the status of communications with *pro se* individuals at the Monthly Status

---

[2]Merck's counsel believes that this difference stems largely from the ongoing process of filing stipulations of dismissal from the Resolution Program. At the request of the Clerk's office, these stipulations are being filed in waves in order to temper the administrative burden of processing.

Conference on January 6, 2011.

VII. GOVERNMENT ACTIONS

A. <u>Louisiana Attorney General Action</u>

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's redhibition claim with prejudice and costs.  A Notice of Appeal was filed by plaintiffs on July 28, 2010.

B. <u>Other Government Actions</u>

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases. Counsel for those jurisdictions in Group I under Pre-Trial Order No. 39A are also discussing the discovery relevant to its jurisdiction with Merck.

On August 26, 2010 the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010.  On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day. Merck and the Group I plaintiffs have conferred in accordance with that Order and reported on

5

their progress during the Monthly Status Conference on October 7, 2010.

On November 22, 2010, the Court stayed discovery in the Governmental Actions for 30 days in order to explore global resolution of the AG cases. The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff. At the January 6, 2011 conference, the Court extended the stay until the next monthly status conference on February 24, 2011. During the stay period, the parties have engaged in an information exchange related to resolution issues under the supervision of Special Master Juneau.

The Government Action parties had a special status conference following the Monthly Status Conference on January 6, 2011.

Merck's motion to dismiss the False Claims Act claims in a *qui tam* action brought by a citizen of the District of Columbia was filed on November 10, 2010. Plaintiff's opposition was filed December 10, and Merck's reply was filed December 17. The Court heard oral argument on December 21, and took the motion under advisement.

The Oklahoma attorney general filed an amended complaint in late November, and Merck moved to dismiss that complaint on December 3. Plaintiff's counsel and Merck are discussing the briefing schedule with Special Master Juneau.

VIII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

At the January 6, 2011 monthly status conference, the Court encouraged the parties to consider methods for addressing the remaining personal injury actions. Subsequently, Merck

provided the two PSCs with its updated list of pending Personal Injury cases. On January 20, 2011, Merck forwarded to the Court correspondence and a proposed Pre-Trial Order No. 57, Case Management Order for Remaining Personal Injury Actions. Mr. Birchfield, on behalf of the original PSC, had previously concurred in the proposed order. Subsequently, Ms. Oldfather contacted the Court and indicated that she was conducting a survey of all of the attorneys and *pro se* parties who had pending personal injury cases regarding their views, and further indicated that she planned to make a report about the results of her survey at the next status conference. The parties discussed these issues at the Monthly Status Conference on February 24, 2011.

IX. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee continues to meet. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On October 19, 2010, the Court issued its Order and Reasons setting the common benefit fee at 6.5%. (Rec. Doc. 54040).

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs.

On January 20, 2011, the Court issued an Order and posted on its website, the recommendations of the Fee Allocation Committee for proposed distribution of the common benefit fee. The Order set an objection deadline of February 4, 2011. Seventeen objections were timely filed. Thereafter, on February 9, 2011, the Court issued an Order requiring objectors to the Fee Allocation Committee's recommended allocation of common benefit attorney's fees to

and confer to select a lead and liaison counsel.  On February 16, 2011, the Court entered an Order appointing Pascal F. Calogero as Liaison Counsel for common benefit fee objectors, and Robert E. Arceneaux and Margaret E. Woodward as Co-Lead Counsel for common benefit fee objectors and appointed Russ M. Herman as Liaison Counsel for the Fee Allocation Committee and common benefit fee non-objectors and Andy Birchfield and Chris Seeger as Co-Lead Counsel for the Fee Allocation Committee and common benefit fee non-objectors.  Pursuant to the Court's February 9, 2011 Order, these counsel met with the Court and Special Master Patrick A. Juneau on February 17, 2011 to discuss further procedures.  The parties discussed this matter further at the monthly status conference on February 24, 2011.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements.

## X. MERCK'S MOTIONS AND RULES ON PTO 43

Three motions filed by Merck were noticed for hearing immediately following the Monthly Status Conference on February 24, 2011:  Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiff Pedro Gonzales); Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiff Mark Henrichs); and Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Comply with the Discovery Requirements of PTO 28 (as to plaintiff Dennis Harrison).  Separate orders will follow.

## XI. APPEALS

Certain appeals from dismissals with prejudice for noncompliance with PTOs 28

and 29 were pending before the United States Court of Appeals for the Fifth Circuit, including the *Dier*, *Nobile*, and *Weeks* cases. A motion to consolidate the *Dier* and *Nobile* appeals was denied by the court. Argument in the *Dier* case was heard the week of June 7, 2010. On July 16, 2010, the Court issued a *per curiam* decision affirming the district court's ruling dismissing claims with prejudice for failure to comply with Pre-Trial Order No. 28. On August 19, 2010, the Court denied appellants' petition for rehearing and/or rehearing en banc. On November 17, 2010, appellants filed a petition for a writ of certiorari with the United States Supreme Court. Merck filed an opposition to the petition on January 21, 2011. The petition was denied by the Court by Order dated February 22, 2011.

On September 3, 2010, Merck filed an opposed Motion for Summary Affirmance in the *Nobile* case. The motion was granted by the Court on November 12, 2010. Merck then filed an opposed Motion for Sanctions for Frivolous Appeal Pursuant to Federal Rule of Appellate Procedure 38. The motion is pending.

In the *Weeks* case, plaintiff's counsel sought to extract his client from the Vioxx settlement agreement, arguing that the mandatory-withdrawal provisions of the agreement caused the client's former lawyer to coerce him into settling. The Fifth Circuit upheld the Court's dismissal of the case on December 17, 2010, ruling that there was no evidence of coercion. The parties discussed these matters at the Monthly Status Conference on January 6, 2011.

The parties discussed these matters at the monthly status conference on February 24, 2011.

XIII.  NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, April 1, 2011, at 9:00 a.m.,

Central Standard Time.  This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468.  Any interested persons unable to attend in person may listen in via telephone by dialing (800) 260-0712.  The participant access code is 194221.

