**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | : | MDL NO. 1657 |
| IN RE: VIOXX | : | |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |
| | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

# VIOXX COMMON BENEFIT FEE ALLOCATION AFFIDAVITS - VOLUME 1

# **CONFIDENTIAL**

FAC Resp. Exhibit B -- 1

# VIOXX COMMON BENEFIT
# FEE ALLOCATION AFFIDAVITS

## Table of Contents

1. Alley Clark Greiwe & Fulmer

2. Anastopoulo & Clore

3. Ashcraft & Gerel

4. Audet & Partners

5. Aylstock Witkin Kreis & Overholtz

6. Barrios Kingsdorf & Casteix

7. Beasley Allen Crow Methvin Portis & Miles

8. Becnel Law Firm

9. Robert M. Becnel

10. Bencomo & Associates

11. Blizzard McCarthy & Nabers

12. Brown & Crouppen

13. Law Office of Joseph M. Bruno

14. Burg Simpson Eldredge Hersh & Jardine

15. Rebecca Ann Cunard

16. Douglas & London

17. Escobedo Tippit & Cardenas

18. Fibich Hampton & Leebron

19. Gainsburgh Benjamin

20. Gancedo & Nieves

21. Gianni Petoyan

22. Heins Mills & Olson

23. Herman Herman Katz & Cotlar

24. Hovde Dassow & Deets

25. Irpino Law Firm

26. Khorrami Pollard & Abir

27. Kline & Specter

28. Lanier Law Firm

29. Lieff Cabraser Heimann & Bernstein

30. Levin Fishbein Sedran & Berman

31. Levin Papantonio Thomas Mitchell Echsner & Proctor

32. Lewis & Roberts

33. Lockridge Grindal Nauen

34. Lopez Hodes Restaino Milman & Skikos

1

| | | | | |
|---|---|---|---|---|
| 35. | Lowe Law Firm | | 45. | Shelly A. Sanford / Carlene Lewis |
| 36. | Lundy & Davis | | 46. | Seeger Weiss |
| 37. | Martin & Jones | | 47. | Sheller Law Offices |
| 38. | Matthews & Associates | | 48. | Snapka Law Firm |
| 39. | Morelli Ratner | | 49. | Vioxx Litigation Consortium |
| 40. | Motley Rice | | 50. | Weitz & Luxemberg |
| 41. | Murray Lw Firm | | 51. | Williamson & Williams |
| 42. | Neblett Beard & Arsenault | | 52. | White Meany & Wetherall |
| 43. | Panish Shea & Boyle | | 53. | Zimmerman & Reed |
| 44. | Roda Nast | | 54. | Robinson Calcagnie & Robinson |

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

In Re: VIOXX
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657
SECTION L
JUDGE FALLON
MAG. JUDGE KNOWLES

## AFFIDAVIT OF COMPLIANCE WITH PRE-TRIAL ORDER 6(D)

Pursuant to the directions and requirements of Pre-Trial Order 6(D) the law firm

of Alley Clark Greiwe & Fulmer, 701 E Washington Street, Tampa, FL 33602 submits

this Affidavit to the Allocation Committee in support of its application for attorneys' fees

and costs advanced in VIOXX® Products Liability Litigation.

1.      The undersigned, James D. Clark, Attorney at Law, is a partner in the law

firm of Alley Clark Greiwe & Fulmer and is personally familiar with those matters and

facts set forth in this Affidavit.

2.      After being duly sworn, James D. Clark, states the following:

      a.    During September and October, 2007, I was a member of the primary
trial team presenting evidence at the bellwether trial styled Refic Kozic
v. Merck & Co. Inc., pending in the Circuit Court of the Thirteenth
Judicial Circuit in and for Hillsborough County, Florida. The Kozic
case was the only case tried to verdict in the State of Florida and
presented for determination certain first impression issues which were
anticipated to establish parameters or thresholds for future trials and/or
future global settlement discussions. Examples of specific issues
presented by the Kozic case included, but were not limited to, the
following:  1) short term usage issues (Kozic's use was approximate 9
weeks) 2) prescription and medication supply issues (Kozic had no
written prescriptions and was supplied with VIOXX® samples only, 3)
the absence of previously documented cardiac issues ( Kozic was a
former professional athlete with no known prior cardiac issues) and 4)
exercise induced MI (Kozic's MI was within minutes following
participation in rigorous physical activity).

b.      The primary trial team presenting the case at the trial included Alley Clark Greiwe & Fulmer partners James D. Clark and Donald G. Greiwe and Levin, Papantonio partners Troy Rafferty and Pete Kaufman. Trial responsibilities were divided among the team along lines of generic versus case specific evidence and testimony.  The co-counsel relationship between the two (2) law firms was established approximately one (1) year prior to the actual trial.

c.      Although significant preliminary discovery had been completed during calendar years 2005 and 2006, the latter part of 2006 and 2007 saw unprecedented commitments of time and resources directed to moving the <u>Kozic</u> case toward trial.  Case specific experts for <u>Kozic</u> as well as case specific experts for the Defense were vetted and/or prepared.  Additionally, Kozic's primary treating physicians were consulted, conferenced and prepared.

d.      Notably, during the time Kozic was prescribed and supplied VIOXX®, he was employed by Tampa Medical Group as a records historian/custodian.  Mr. Kozic's employer, Tampa Medical Group, was found to be a significant contributor in multiple clinical trials for multiple pharmaceutical manufacturers.  Specifically, investigation revealed that Tampa Medical Group conducted multiple clinical trials under contract with Merck & Company, Inc. in which VIOXX® was the product.  Additionally, the physicians of Tampa Medical Group were not only Mr. Kozic's employers but were the physicians that examined, treated, prescribed and supplied VIOXX® to him.  These facts and the issues relating to these facts lead to the discovery and examination of thousands of pages of documents exchanged between Merck & Co. Inc. and Tampa Medical Group relative to the clinical trials conducted by Tampa Medical Group.

e.      Alley Clark Greiwe & Fulmer partners James D. Clark and Donald G. Greiwe have a combined total of more than 60 years of trial experience and have tried to verdict more than 100 cases each. The experience and the insight brought to the trial by Alley Clark Greiwe & Fulmer through its partners cannot be and should not be underestimated. Mr. Clark and Mr. Greiwe were "hands on" when preparing and conferencing with not only case specific expert witnesses and treating physicians, but also conferencing and preparing lay witnesses that included Mr. Kozic's family members, acquaintances, and long time friends.

f.   The level of preparation and the commitment to learning the case is exemplified by Mr. Clark's travel to Houston, Texas for a week to observe the trial and unobtrusively interact with the participants in the trial in the MDL case of Irvin v. Merck & Co. Inc. Alley Clark Greiwe and Fulmer's commitment to the VIOXX® product liability litigation never wavered during the entire course of the litigation.  Indeed, the Kozic trial was the last trial before the announcement of the subject global settlement. The firm had been committed to the litigation from the outset. Notably, and as an example of the firm's commitment, was the fact that Kozic vs. Merck & Co., Inc. had been commenced as a civil action in the state courts of Florida before VIOXX® was even withdrawn from the market. Our firm's commitment to the Kozic case and the approximately 100 other COX-II cases filed on behalf of our other clients never wavered.

g.   Indeed, although presently "stayed", Mr. Kozic's case remains under appeal pending final resolution of his claim in the global settlement.

h.   The costs advanced by Alley Clark Greiwe & Fulmer offer further support for firm's commitment to VIOXX® Products Liability Litigation and cannot be minimized.


FURTHER AFFIANT SAYETH NOT

_____
James D. Clark

Sworn to and subscribed before me this ___30th___ day of ___Oct___, 2008.

JACKLYN S. HAYTREAD
MY COMMISSION # DD 642532
EXPIRES: June 16, 2011
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC
State of Florida
My Commission Expires:

# ANASTOPOULO & CLORE, LLC

**ATTORNEYS AT LAW**

706 ORLEANS ROAD
CHARLESTON, SOUTH CAROLINA 29407
TELEPHONE: (843) 722-8070
TOLL FREE: (800) 610-2546
FACSIMILE: (843) 722-9881

AKIM A. ANASTOPOULO (SC)
CONSTANCE A. ANASTOPOULO (SC)
SAMUEL K. ALLEN (DC, SC)
JOHN P. HAYES (MI, NC, OK, PA, SC)

MARK D. CLORE (DC, GA, NC, OK, SC, TX) ▲★◆
ROBERT A. BERRY (SC, TX) ▲
ERIC S. BROCK (GA, SC)

▲ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION
★ CERTIFIED CIVIL TRIAL LAW, NATIONAL BOARD OF TRIAL ADVOCACY
◆ DIPLOMAT, MEDICAL PROFESSIONAL LIABILITY, AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS
+ OF COUNSEL

October 29, 2008

**Via Email: vioxxmdl@hhkc.com**
Russ Hermann, Esq.
Leonard A. Davis
Herman, Herman, Herman, Katz & Cotlar
820 O'Keefe Avenue
New Orleans, LA 70113

**Via Email: vioxxmdl@wdco.biz**
Clifton W. Newlin, CPA
Kristina Megna, CPA
Phillip Gattrett, CPA
Wegmann-Dazat
111 Veterans Blvd, Suite 1660
Metairie, LA 70005

Re:    MDL No. 1657-Section L
       In Re: Vioxx Products Liability Litigation
       Expenses and Time Records

Dear Allocation Committee:

Please find the below listed items including Anastopoulo & Clore, LLC corrected time and cost submissions for consideration by the Allocation Committee.

1.    The Affidavit of Common benefit effort according to PTO6(d);
2.    Wegmann Dazet & Company Correspondence regarding previously submitted cost request;
3.    Wegmann Dazet & Company Correspondence regarding previously submitted time reimbursement request;
4.    Supporting documentation for some of the previously submitted cost;
5.    Corrected time logs and verification forms for previously submitted time logs;
6.    Wegmann Dazet & Company Correspondence regarding request for previously submitted time that was incurred prior to April 8, 2005

The Anastopoulo & Clore, LLC would request that our common benefit time and cost be considered by the committee as outlined in attached exhibits. If I can be of any further

October 29, 2008
Page 2 of 2

assistance please contact my office.  Thank you for your consideration of our common benefit contributions.

Very truly yours,

**ANASTOPOULO & CLORE, LLC**

Samuel K. Allen

SKA/jak
Enclosures:  As above stated.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX** | § | **MDL Docket No. 1657** |
| | § | |
| **Products Liability Litigation** | § | **MDL 1657** |
| | § | |
| **IN RE VIOXX CASES** | § | **SECTION L** |
| | § | |
| ————————————————— | § | JUDGE FALLON |
| | § | MAG. JUDGE KNOWLES |
| | § | |
| | § | **AFFIDAVIT** |
| | § | |
| | § | |

### SAMUAL K. ALLEN, MEMBER OF ANASTOPOULO & CLORE, LLC, ALLOCATION OF COMMON BENEFIT AWARD AFFIDAVIT

**RECORDS PERTAINING TO:  Anastopoulo & Clore, LLC**

**BEFORE ME,** the undersigned notary, on this day, personally appeared **SAMUEL K. ALLEN, ESQUIRE,** a person whose identity is known to me.  After I administered an oath to him, upon his oath, he said:

1.  My name is **SAMUEL K. ALLEN, ESQUIRE**.  I am over eighteen (18) years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein and these facts are true and correct to the best of my knowledge and belief.

2.  I am an attorney with Anastopoulo & Clore, LLC who participated as a common benefit firm and made substantial contributions to the outcome of the Vioxx litigation as follows:

    Anastopoulo & Clore, LLC was not a member of the PSC at the MDL or the Texas State Court Level.  We were asked to participate in the common benefit activities on a limited basis.  Our primarily role was at the Texas State Court level.  We were asked for three reasons:

    a.  Anastopoulo & Clore, LLC has over 20 years of experience in Medical Negligence and Products liability work in the Texas State Court system that gave us great access to experts that otherwise would not be available for the Vioxx litigation;

b.      Anastopoulo & Clore, LLC had great success in locating top experts in the Baycol litigation. (Strong Case);

c.      After reviewing the proposed trial cases for Texas our case, *Colleen Reck, et al. vs. Merck & Company, Inc.* Cause No. 2006-12405, appeared to be one of the stronger death cases and was set on an advance trial scheduling order.

d.      Anastopoulo & Clore, LLC was able to substantially assist in these tasks. In June of 2006, the above mentioned *Reck* case was selected as the number one case for trial after completion of discovery in the Texas consolidated litigation. The partners of Anastopoulo & Clore, LLC were able to locate top experts to support the litigation.

e.      After the *Reck* case was selected for early trial by the Texas Consolidated PSC required our participation in extensive discovery, document review, and motions hearings. We made contributions to the OCR data base funding and dedicated staff to the review of documents for expert review packages.

f.      Our firm only selected a limited number of cases to prosecute based on a very strict review criteria. As such, we only retained 33 claimants/plaintiffs out of the hundreds potential cases reviewed. At the time the settlement was announced, I was very concerned that the cost and time incurred for the expert and document retention would unfairly prejudice our small number of clients. As such, I contacted members of the PSC at the MDL and TX state level about what options we would have for cost reimbursement.

e.      I was advised by members (Birchfield, Seeger, and Matthews) that PTO #6 would apply to all common benefit work including firms outside of the PSC named members. Not being a member of either PSC, Anastopoulo & Clore, LLC did not initially set up an accounting or time recording data base for PTO #6. Therefore, I have attempted to reconstruct the requested information. Our general coding system on providing accounting reports now reflects the coding for cost under PTO #6c for the limited common benefit expenses that were incurred. Although, most of our common benefit cost would be coded as shared cost they have all been held. I went forward with the coding as shared and held although reimbursement has not been requested until the conclusion of the litigation. Anastopoulo & Clore, LLC, like many of your firms, has vast hours and cost dedicated to our cases, but we did our best to only submit time/cost that was exclusively for the common benefit. If the common benefit could not be verified it was not submitted. Based on the delay in the coding process a large majority of our cost and time was not submitted because it could not be adequately documented after the fact.

f.      All the partners at Anastopoulo & Clore, LLC participated in some role in support of the Vioxx litigation. I believe that all cases that were developed for trial assisted in the ultimate resolution and those Plaintiffs should not bear an unfair cost load to their

2

exclusive detriment. Our firm had no filed cases prior to the withdrawal of Vioxx from the market, but had meetings and volunteered assistance with firms on the MDL and State court PSC in expert location. Our firm contributed to the OCR programs and expert retainers for the global benefit of the Vioxx litigation.

g.  No member of the Anastopoulo & Clore, LLC firm would profess to have contributed more than other members of the PSC at the MDL or State level. Anastopoulo & Clore, LLC did attempt to prosecute the Vioxx claims as effectively as possible in the MDL and Texas consolidated litigation. We ask your consideration of our cost and time accounting.

I certify under penalty of perjury that the foregoing is true and correct.

SIGNED this ___29___ day of ___October___, 2008.

_____
SAMUEL K. ALLEN Affiant

SWORN TO AND SUBSCRIBED before me on the ___29___ day of ___October___

_____, 2008 which witness my hand and official seal of office.

NOTARY PUBLIC STATE OF SOUTH CAROLINA

My Commission Expires
December 2, 2014

3

Clifton W. Newlin
Robert D. Watkins
Edward G. Berbuesse, Jr.
Jon S. Folse



WEGMANN DAZET & COMPANY
A PROFESSIONAL CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

Mark D. Bohnet

Lisa D. Englade
Kerney F. Craft, Jr.

Philip A. Garrett

October 27, 2008

Anastopoulo & Clore, LLC
706 Orleans Road
Charleston, SC 29407

Re:   MDL No. 1657-Section L
      In Re: Vioxx Products Liability Litigation

Dear Sir or Madam:

On September 15, 2008, the Court issued Pre-Trial Order 6(d). This Pre-Trial Order allows firms to submit time and expenses prior to the April 8, 2005 JPMDL transfer (see Footnote 5).

If you choose to submit time and expenses for any time and expenses incurred prior to April 8, 2005, you must do so within the next 10 days.

If you previously submitted pre-April 8, 2005 time and expenses and would like these to be considered for reimbursement, you can either resubmit for the period prior to April 8, 2005 or advise us, in writing, if you would like us to consider your previously submitted pre-April 8, 2005 time and expenses.

Please remember that all time and expense submissions should be made in accordance with Pre-Trial Order No. 6 that directs them to be submitted to: Plaintiff's Liaison Counsel, Russ M. Herman, c/o Herman, Herman, Katz and Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, phone (504) 581-4892, fax (504) 561-6024, email: vioxxmdl@hhkc.com and a copy should be forwarded directly to Clifton W. Newlin, Wegmann Dazet & Company, 111 Veterans Boulevard, Suite 800, Metairie, LA 70005, email: vioxxmdl@wdco.biz or fax (504) 837-0856.

If you have any questions, please contact Kristine Megna or myself at (504) 837-8844.

Sincerely,

WEGMANN DAZET & COMPANY

Clifton W. Newlin, CPA

WEGMANN DAZET & COMPANY | A PROFESSIONAL CORPORATION | CERTIFIED PUBLIC ACCOUNTANTS
MEMBERS: AICPA PRIVATE COMPANIES PRACTICE SECTION | AN INDEPENDENT MEMBER OF THE BDO SEIDMAN ALLIANCE
NEW ORLEANS OFFICE | 111 VETERANS BLVD. | SUITE 800 | METAIRIE | LA 70005
NORTHSHORE OFFICE | 109 NEW CAMELLIA BLVD. | SUITE 105 | COVINGTON | LA 70433
(504) 837-8844 | FAX (504) 837-0856 | WWW.WDCO.BIZ

Clifton W. Newlin
Robert D. Watkins
Edward G. Berbuesse, Jr.
Jon S. Folse

**W☀**

**WEGMANN DAZET & COMPANY**
A PROFESSIONAL CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

Mark D. Bohnet

Lisa D. Englade
Kerney F. Craft, Jr.

Philip A. Garrett

October 3, 2008

Anastopoulo & Clore, LLC
706 Orleans Road
Charleston, SC  29407

Re:  MDL 1657   Section L
*In Re:*  Vioxx Liability Litigation

Sir or Madam:

Your submission of ____ Time, and/or ✓ Held Expenses for the month(s) of June 2004-2008 ~~Shared Expenses~~ is not in compliance with Vioxx Time and Expense Billing Guidelines. Your submission is being rejected for the following reason(s) checked below:

**Time Submitted:**

- ☐ Time prior to April 8, 2005 is not allowed.
- ☐ Time submitted is not related to matters common to <u>all</u> claimants.
- ☐ Time Record Summary form missing.  See attached form titled "MDL 1657 Vioxx Products Liability Litigation Report of Member Firm Time."
- ☐ Time Record Summary form not authorized by senior partner.
- ☐ Time Record Summary form not recorded in quarter hour increments (i.e. .25, .50, .75).
- ☐ Daily time records not submitted.
- ☐ Daily time records not submitted in proper format. (i.e. Time records are to be submitted by month and by timekeeper.)
- ☐ Other:_____

_____

_____

_____

_____

**Costs Submitted:**

- ☒ Cost prior to April 8, 2005 is not allowed.
- ☐ Held costs submitted are not related to matters common to <u>all</u> claimants.
- ☐ Costs Record Summary form for held expenses missing.  See form attached titled "MDL 1657 Vioxx Products Liability Litigation Common Held Costs and Expenses."
- ☐ Cost Record Summary form for held expenses not authorized by senior partner.
- ☒ Receipts and/or detailed costs support were not submitted *Please provide receipts to support check request form.*

WEGMANN DAZET & COMPANY | A PROFESSIONAL CORPORATION | CERTIFIED PUBLIC ACCOUNTANTS
MEMBERS: AICPA PRIVATE COMPANIES PRACTICE SECTION | AN INDEPENDENT MEMBER OF THE BDO SEIDMAN ALLIANCE
NEW ORLEANS OFFICE | 111 VETERANS BLVD. | SUITE 800 | METAIRIE | LA 70005
NORTHSHORE OFFICE | 109 NEW CAMELLIA BLVD. | SUITE 106 | COVINGTON | LA 70433
(504) 837-8844 | FAX (504) 837-0856 | WWW.WDCO.BIZ

❏ Airfare not acceptable.  First class airfare shall only be allowed for cross-country flights in excess of four hours of non-stop flight time or international flights.  Reason for rejection:

_____

❏ Hotel rate greater than $250 per night or the **average** room rate of the Hyatt, Hilton and Marriott hotels in that city.

☑ Other: *please separate each shared post submissions by month. example (Jan 1 - Jan 31 2006)*

*Please correct and resubmit within 90 days.*

**Vioxx Time and Expense Billing Guidelines were issued on April 8, 2005 in Pre-Trial Order #6.** This document sets forth the procedures and forms implemented by Plaintiffs' Liaison Counsel.  Please reference these guidelines for all submissions.  Only submissions for common MDL matters may be made.

**This will be your final notice.  If we don't receive a response within 90 days, we will assume a final acceptance on the approved portion of the submission only.  There will be no changes made after the 30 days have been expired.**  Our mailing address is Wegmann-Dazet & Company, 111 Veterans Memorial Blvd., Suite 800, Metairie, Louisiana, 70005 or you may email the information to vioxxmdl@wdco.biz.  If you have any questions, please contact Kristine Megna or myself at (504) 837-8844.

Very truly yours,

WEGMANN DAZET & COMPANY

*Clifton W. Newlin CPA/MR*

Clifton W. Newlin, CPA

Enclosure

Copy:   Leonard A. Davis
        Herman, Herman, Katz & Cotlar

Attachment "C"

**Reporting Period:**
From _10-1-06_
To _10-31-06_          Firm Name: _Anastopoulo & Clore, LLC_

| MDL 1657 – VIOXX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM:          THROUGH: | |
|---|---|
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research – Lexis/Westlaw | |
| Telephone – long distance (actual charges only) | |
| Travel | 2,441 00 |
| Secretarial and clerical overtime | |
| **TOTAL COSTS** | 2,441 00 |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_____          _10/29/2008_
Signature                        Date

# TRAVEL / AIR

Travel for two attorneys to motions for Defense's partial summary judgment motions in Houston and continue on to depositions for trial in Amarillo, Texas.

10 CARRIAGE LANE • CHARLESTON, SC 29407-6010
(843) 556-9051 Case 2:05-md-01657-EEF-DEK   Document 62656-2   Filed 03/02/11   Page 17 of 84
www.abbotandhilltravel.com

```
                                  171196 ITINERARY RECEIPT
                                         PAGE NO. 1
                                         PNR: 1P-NHL5ZP
                                         BK-CB/89S


            ANASTOPOULO AND CLORE
            706 ORLEANS RD
            CHARLESTON SC 29407

   NAME : ALLEN/SAM

                                  ACCOUNT NO.           DATE
                                  8437228070            25OCT06

   * ELECTRONIC TICKET *  POSITIVE IDENTIFICATION REQUIRED AT CHECK-IN
   **REQUEST TERMS/CONDITIONS OF TRAVEL AND CARRIER LIABILITY NOTICES FROM
     TRAVEL AGENCY OR THE TRANSPORTING CARRIER.**
   RESTRICTIONS-NONREF/CHGFEEPLUSFAREDIF//CXL BY FLT TIME OR NOVALUE
   ISSUED BY-ABBOTT AND HILL TRAVEL CHARLESTON SC

   CO   DATE     CITY-AIRPORT        TIME    FLIGHT NBR/CLASS      ST SERV/AMNT
   --   -----    -----------         ----    ---------------      -- ---------
   A TU 31OCT LV CHARLESTON SC        815A   AMERICAN AIR  3550K OK
              AR DALLAS-FT WORTH      1020A  BAGS ALLOWED- 2PIECE    OSTOP ER4
              OPERATED BY AMERICAN EAGLE
                                      SEAT   15-B  **RESERVED**
                                             ALLEN/SAM
   NOT VALID FOR TRAVEL-BEFORE 31OCT/AFTER 31OCT

   A TU 31OCT LV DALLAS-FT WORTH      1145A  AMERICAN AIR  3477L OK
              AR AMARILLO            100P    BAGS ALLOWED- 2PIECE    OSTOP ER4
              OPERATED BY AMERICAN EAGLE
                                      SEAT   11-C  **RESERVED**
                                             ALLEN/SAM

   A FR 03NOV LV AMARILLO             740P   AMERICAN AIR  3352N OK
              AR DALLAS-FT WORTH      845P   BAGS ALLOWED- 2PIECE    OSTOP ERD
              OPERATED BY AMERICAN EAGLE
                                      SEAT   06-B  **RESERVED**
                                             ALLEN/SAM
   NOT VALID FOR TRAVEL-BEFORE 03NOV/AFTER 03NOV

   H FR 03NOV HYATT REGENCY DFW              CHECK IN- 03NOV FRI/15 00
              2334 N INTERNATIONAL PARKWAY   CHECK OUT-04NOV SAT/12 00
              DFW AIRPORT TX 75261           GUARANTEED TO CREDIT CARD-AX
              PHONE-1-972-4531234            FREE SHUTTLE SERVICE
              FAX-1-972-4560668
              CONFO-HY0063582109
                                                    RATE GUARANTEED-USD
              1 KING BED
              RATE INFO-EFF 03NOV06 179.00
              CANCEL RQRMTS-CANCEL BY 3PM CST 24 HOURS PRIOR TO ARRIVAL
              PERSONS INCLUDED IN RATE-1

   A SA 04NOV LV DALLAS-FT WORTH      700A   US AIRWAYS     1766N OK
              AR CHARLOTTE            1022A  BAGS ALLOWED- 2PIECE    OSTOP 733
   NOT VALID FOR TRAVEL-BEFORE 04NOV/AFTER 04NOV
```

FAC Resp. Exhibit B -- 17

```
                                    171196  ITINERARY RECEIPT
                                            PAGE NO. 2
                                            PNR: 1P-NHL5ZP
                                            BK-CB/89S


CO   DATE    CITY-AIRPORT        TIME    FLIGHT NBR/CLASS      ST SERV/AMNT
---- ------- ----------------    ------  -----------------     -- ----------
A SA 04NOV LV DALLAS-FT WORTH    700A    US AIRWAYS    1766N OK CONTINUED
  SEAT NOT AVAILABLE PLEASE CHECK WITH GATE AGENT FOR SEAT NUMBER


A SA 04NOV LV CHARLOTTE          1110A   US AIRWAYS      935N OK
           AR CHARLESTON SC      1207P   BAGS ALLOWED-- 2PIECE   OSTOP 733
                                 SEAT    18-D  **RESERVED**
                                         ALLEN/SAM
NOT VALID FOR TRAVEL-BEFORE 04NOV/AFTER 04NOV

PASSENGER                   TICKET NUMBER                 AIR AMT
ALLEN/SAM                   E0017654014758--759           1190.50

          SERVICE FEE MCO:  8908122185288

                            AIR FARE             1071.64
                            TAX                   118.86
                            TOTAL AIR FARE       1190.50
                            SERVICE FEE            30.00
                            AMOUNT CHARGED       1220.50


THIS AMOUNT WILL BE CHARGED TO CREDIT CARD: AX XXXX XXXXXX X2002

PASSENGERS TRAVELING WITHIN THE USA REQUIRE PHOTO IDENTIFICATION
INTERNATIONAL TRAVELERS MUST HAVE PROPER PROOF OF CITIZENSHIP
CHECKED BAGGAGE ALLOWANCE IS 50 POUNDS PER PIECE
FAILURE TO CANCEL UNUSED TICKET WILL RESULT IN LOSS OF ITS VALUE

              THANK YOU FOR YOUR BUSINESS
```

Prepared for
**MARK D CLORE**
**CLORE LAW FIRM**

Account Number
XXXX-XXXXX5-82002

Closing Date
11/15/06

Page 3 of 6

## Due in Full continued

| | | Amount $ |
|---|---|---|
| 10/24/06 | TRAVEL AGENCY SERVICECHARLESTON  SC<br>TKT# 8907650696479 VOIDED TKT | -30 00<br>Credit |
| 10/24/06 | TRAVEL AGENCY SERVICECHARLESTON  SC<br>TRAVEL AGENCY SERVICE FEE<br>Routing Details Not Available<br>Ticket Number: 89076506964782<br>Passenger Name: CLORE/MARK.D<br>Document Type: MISC  CHARGE ORDER (MCO)/PREPAID TICKET AUTH. | 30 00 |
| 10/24/06 | TRAVEL AGENCY SERVICECHARLESTON  SC<br>TRAVEL AGENCY SERVICE FEE<br>Routing Details Not Available<br>Ticket Number: 89076506964793<br>Passenger Name: ALLEN/SAM<br>Document Type: MISC  CHARGE ORDER (MCO)/PREPAID TICKET AUTH. | 30 00 |

| 10/24/06 | CONTINENTAL AIRLINES CHARLESTON  SC | | | | 837 20 |
|---|---|---|---|---|---|
| | CONTINENTAL AIRLINES | | | | |
| | From | To: | Carrier: | Class. | |
| | CHARLESTON SC | HOUSTON TX IAH | CO | H7 | |
| | | AMARILLO TX | CO | H7 | |
| | | HOUSTON TX IAH | CO | H7 | |
| | | CHARLESTON SC | CO | H7 | |
| | Ticket Number: 00576506964784 | Date of Departure: 10/31 | | | |
| | Passenger Name: CLORE/MARK.D | | | | |
| | Document Type: PASSENGER TICKET | | | | |

| 10/24/06 | CONTINENTAL AIRLINES CHARLESTON  SC | | | | 837.20 |
|---|---|---|---|---|---|
| | CONTINENTAL AIRLINES | | | | |
| | From | To | Carrier: | Class | |
| | CHARLESTON SC | HOUSTON TX IAH | CO | H7 | |
| | | AMARILLO TX | CO | H7 | |
| | | HOUSTON TX IAH | CO | H7 | |
| | | CHARLESTON SC | CO | H7 | |
| | Ticket Number: 00576506964795 | Date of Departure: 10/31 | | | |
| | Passenger Name: ALLEN/SAM | | | | |
| | Document Type: PASSENGER TICKET | | | | |

| 10/25/06 | AMERICAN AIRLINES  CHARLESTON  SC | | | | 1,190 50 |
|---|---|---|---|---|---|
| | AMERICAN AIRLINES | | | | |
| | From | To | Carrier: | Class | |
| | CHARLESTON SC | DALLAS/FT WORTH TX | AA | K3 | |
| | | AMARILLO TX | AA | L2 | |
| | | DALLAS/FT WORTH TX | AA | N7 | |
| | | CHARLOTTE NC | US | NA | |
| | Ticket Number: 0017654014760 | Date of Departure: 10/31 | | | |
| | Passenger Name: CLORE/MARK.D | | | | |
| | Document Type: PASSENGER TICKET | | | | |

| 10/25/06 | AMERICAN AIRLINES  CHARLESTON  SC | | | | 1,190 50 |
|---|---|---|---|---|---|
| | AMERICAN AIRLINES | | | | |
| | From: | To: | Carrier: | Class | |
| | CHARLESTON SC | DALLAS/FT WORTH TX | AA | K3 | |
| | | AMARILLO TX | AA | L2 | |
| | | DALLAS/FT WORTH TX | AA | N7 | |
| | | CHARLOTTE NC | US | NA | |
| | Ticket Number: 0017654014/582 | Date of Departure: 10/31 | | | |
| | Passenger Name: ALLEN/SAM | | | | |
| | Document Type: PASSENGER TICKET | | | | |

| 10/25/06 | TRAVEL AGENCY SERVICECHARLESTON  SC<br>TRAVEL AGENCY SERVICE FEE<br>Routing Details Not Available<br>Ticket Number: 89076540147560<br>Passenger Name: CLORE/MARK D<br>Document Type: MISC  CHARGE ORDER (MCO)/PREPAID TICKET AUTH. | 30.00 |
|---|---|---|

*Continued  on  reverse*

Prepared For                                    Account Number                    Page 4 of 6
MARK D CLORE                                    XXXX-XXXXX5-82002
CLORE LAW FIRM
                                                                                  Amount $

**Due In Full continued**

                                                                                     30.00
10/25/06   TRAVEL AGENCY SERVICE CHARLESTON  SC
           TRAVEL AGENCY SERVICE FEE
           Routing Details Not Available
           Ticket Number: 89076540147582
           Passenger Name: ALLEN/SAM
           Document Type: MISC. CHARGE ORDER (MCO)/PREPAID TICKET AUTH.

                                                                                    678.41
10/26/06   US AIRWAYS          CHARLESTON  SC
           US AIRWAYS
           From:                To:                    Carrier      Class
           CHARLESTON SC        CHARLOTTE NC           US           WA
                                HOUSTON TX IAH         US           WA
                                CHARLESTON SC          CO           H7
                                                       Date of Departure: 11/07
           Ticket Number: 03776540147892
           Passenger Name: ALLEN/SAM
           Document Type: PASSENGER TICKET

                                                                                     30.00
10/26/06   TRAVEL AGENCY SERVICE CHARLESTON  SC
           TRAVEL AGENCY SERVICE FEE
           Routing Details Not Available
           Ticket Number: 89076540147896
           Passenger Name: ALLEN/SAM
           Document Type: MISC. CHARGE ORDER (MCO)/PREPAID TICKET AUTH.

                                                                                    100.00
10/31/06   US AIRWAYS          CHARLESTON  SC
           US AIRWAYS
           From:                To:                    Carrier:     Class
           CHARLESTON SC        CHARLOTTE NC           US           WA
                                HOUSTON TX IAH         US           WA
                                CHARLESTON SC          CO           H7
                                                       Date of Departure: 11/07
           Ticket Number: 03776540148780
           Passenger Name: ALLEN/SAM
                           PASSENGER TICKET

Attachment "C"

**Reporting Period:**
From _12-1-2006_
To _12-31-2006_          Firm Name: _Anastopaulo & Clore, LLC_

| MDL 1657 - VIOXX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM: _12-1-2006_   THROUGH: _12-31-2006_ | |
| --- | --- |
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| ~~Telefax charges~~ | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research - Lexis/Westlaw | |
| Telephone - long distance (actual charges only) | |
| Travel | |
| ~~Secretarial and clerical overtime~~ _Investigation Services_ | 1807 42 |
| **TOTAL COSTS** | 1807 42 |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_[signature]_                    _10/28/2008_
Signature                      Date

# INVESTIGATION SERVICES

Investigation services to locate Defendant employees/witnesses associated with marketing Vioxx to Doctors in the region.

# Statement

## Moritz & Associates, Inc.

7026 Old Katy Road, Suite 103
Houston, TX 77024
(713) 263-1110
(713) 263-9989 Fax

| DATE |
| --- |
| 12/1/2006 |

**TO:**
Anastopoulo & Clore, LLC
706 Orleans Rd.
Charleston, SC 29407

*ATTN: Gina —*
*(7) 223-4777*

| AMOUNT DUE | AMOUNT ENC. |
| --- | --- |
| $1,807.47 | |

| DATE | TRANSACTION | AMOUNT | BALANCE |
| --- | --- | --- | --- |
| 10/09/2006 | Reck vs. Merck-<br>INV #9602. Due 10/09/2006. Orig. Amount $1,807.47. | 1,807.47 | 1,807.47 |

# PAST DUE

Tax ID Number 76-0559512

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | AMOUNT DUE |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 1,807.47 | 0.00 | 0.00 | $1,807.47 |

**ANASTOPOULO AND CLORE, LLC**
**OPERATING ACCOUNT**
706 ORLEANS RD
CHARLESTON, SC 29407
PH. (843) 722-8070

**Bank of America**
ACH R/T 053904483

11007

67-448/539 SC
2940

01/11/2007

Y TO THE
DER OF   Moritz & Associates, Inc.

$ **1,807.47

One thousand eight hundred seven and 47/100********************************************************************** DOLLARS

Moritz & Associates, Inc.
7026 Old Katy Rd.
Suite 103
Houston, TX 77024

MEMO   Reck, Freddie

⑈011007⑈ ⑆053904483⑆ 0007736725451⑈          ⑆0000180747⑈



Attachment "C"

**Reporting Period:**
From _9-1-2006_
To _9-30-2006_           Firm Name: _Anastopoulo & Clore, LLC_

| MDL 1657 – VIOXX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM: _9-1-2006_ THROUGH: _9-30-2006_ | |
| --- | --- |
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) _⌐ Database_ | _50,000.00_ |
| Computerized research - Lexis/Westlaw _⌐ Contribution_ | |
| Telephone – long distance (actual charges only) | |
| Travel | |
| ~~Secretarial and clerical overtime~~ _Expert Retainer_ | _10,000.00_ |
| **TOTAL COSTS** | _60,000.00_ |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_[signature]_                    _10/29/2008_
Signature                        Date

# DATA BASE CONTRIBUTION

THE ATTACHED CONTRIBUTION WAS TO THE CONSOLIDATED OCR
DATA BASE.  A COPY OF THE CHECK IS ATTACHED AND AN EMAIL FROM
THE TEXAS PSC OUTLINING THE TRIAL ORDER.  THE NUMBER ONE CASE
FOR TRIAL, RECK, WAS DEVELOPED FOR TRIAL BY OUR OFFICE.

**C** **LORE** *Law Firm, L.L.P.*
~CASE ACCOUNT~
440 LOUISIANA STREET, STE. 1500 *1530*
HOUSTON, TEXAS 77002

COMPASS BANK
HOUSTON, TEXAS 77210
35-1054/1130

010407

9/13/2006

PAY TO THE
ORDER OF    Abraham, Watkins, Nichols, Sorrels, Matth                    $ **50,000.00

Fifty Thousand and 00/100*******************************************************    DOLLARS

Abraham, Watkins, Nichols, Sorrels
Matthews & Friend
800 Commerce Street
Houston, TX 77002

AUTHORIZED SIGNATURE

MEMO  VIOXX-Data Base & Consultation

⑈010407⑈ ⑆1130105471⑆ ⑈1655746611⑈

---

**C** **LORE** *Law Firm, L.L.P.*
~CASE ACCOUNT~ Abraham, Watkins, Nichols, Sorrels, Matth        9/13/2006
VIOXX--Data Base & Consultation

010407

50,000.00

---

Case Account        VIOXX-Data Base & Consultation                              50,000.00

**C** **LORE** *Law Firm, L.L.P.*
-CASE ACCOUNT~ Abraham, Watkins, Nichols, Sorrels, Matth        9/13/2006
VIOXX--Data Base & Consultation

010407

50,000.00

---

Case Account        VIOXX-Data Base & Consultation                              50,000.00

FAC Resp. Exhibit B -- 27

**JoAnn Korleski**

| | |
|---|---|
| **From:** | Ken S. Soh [KSS@lanierlawfirm.com] |
| **Sent:** | Thursday, July 06, 2006 7:08 PM |
| **To:** | Russell Endsley; ksnapka@stwllp.com; Anita Shahani; Alexandra V. Boone; Benjamin L. Locklar; Rick Sandoval; mikel@oqlaw.com; Allen Hossley; JoAnn Korleski |
| **Cc:** | Jason C. Webster; Maura Kolb; Tommy Fibich; Sara Fendia; Lisa Vantubergen |
| **Subject:** | List of Plaintiffs cases in Texas Vioxx MDL |



Texas MDL
Plaintffs_ Trial Cas...

Attached please find the list of proposed Plaintiff cases in the Texas MDL.

Cases 1-5 will go in the first month; cases 6-10 in the second month etc.

Generally -- the cases were ranked due to duration of use with the longer duration cases going first.

I am headed out on vacation -- Please contact Jason Webster at Abraham Watkins if you have any questions.  <<Texas MDL Plaintffs_ Trial Cases1 6-26 email version.XLS>>

FAC Resp. Exhibit B -- 28

| | Plaintiff | Cause # | Court | Attorney |
|---|---|---|---|---|
| 1 | Colleen Reck/ Freddie Garland Reck | 141-216271-06 | 141st (Tarrant) | Clore |
| 2 | Jacob Nettles | B-147,300 | 60th (Jefferson) | Shapka |
| 3 | Jimmy Taylor | 2006-35973 | 165 (Harris) Ray | Beasley Allen |
| 4 | Daniel Sutlief | 2006-23807 | 127th (Harris) – Wood | Lanier |
| 5 | Arthur Holloway | 2006-21689 | 133rd (Harris) – McCorkle | Lanier |
| 6 | Raul Sanchez/ Julia Garza | 2005-46398 | 37th (Bexar) | A&W |
| 7 | James Stephenson | 2005-27448 | 127th (Harris) – Wood | A&W |
| 8 | Barry Ponder | 2006-08786 | 11th (Harris) – Davidson | Lanier |
| 9 | Charlie Flynn | 2005-64685 | 270th (Harris) – Gamble | Lanier |
| 10 | Ted Pearce | 2005-04918 | 162nd (Dallas) | Morgan Weisbrod |
| 11 | Johnathan Yates | 2005-80612-7 | 152nd (Harris) – Wise | A&W |
| 12 | Yvonne Wasinger/ Bella Trujillo | 2005-CI-05009 | 285th (Bexar) | A&W |
| 13 | Helen Dodd and Gene Dodd | 2006-38144 | 80th (Harris) No Judge | Lanier |
| 14 | Antonio Salazar | 05-03092-6 | 319th (Nueces) | Shapka |
| 15 | Ronald and Pam Studenny | 2005-59760 | 162nd (Dallas) | Morgan Weisbrod |
| 16 | Albert Garza | 2006-02879 | 234th (Harris) – Rondon | A&W |
| 17 | Hugo Garcia | 2006-14254 | 295th (Harris) – Christopher | A&W |
| 18 | Glenda Carter-Tatum | 2006-20916 | 125th (Harris) – Coselli | Lanier |
| 19 | Robert and Marilyn Kerr | 2005-59748 | 162nd (Dallas) | Morgan Weisbrod |
| 20 | Rickey Boyd | 2005-70668 | 133rd (Harris) – McCorkle | Smith Gibson |
| 21 | Darron Kautz | 2006-36902 | 190th (Harris) – Elrod | Lanier |
| 22 | John Alonzo | 2006-28760 | 165th (Harris) – Ray | A&W |
| 23 | Hobert Miller | 2005-39023 | 270th (Harris) – Gamble | Turner Branch |
| 24 | Deanna Thompson | 2006-34526 | 157th (Harris) – Wilson | O'Quinn |
| 25 | James Vernon | 2005-11141 | 134th (Dallas) | Hossley Embry |

# Expert Retainer

# Dr. John Abramson

Located and retained Dr. Abramson to participate in Vioxx consolidated litigation.
Enclosed is a copy of the retainer check, and cover letter.

Bank of America
ACH R/T 053904483

10008

67-448/539 SC
2940

**ANASTOPOULO AND CLORE, LLC**
**OPERATING ACCOUNT**
*706 ORLEANS RD*
*CHARLESTON, SC 29407*
*PH. (843) 722-8070*

09/20/2006

PAY TO THE
ORDER OF    John Abramson, M.D.                                           $ **10,000.00

Ten thousand and 00/100********************************************************************************** DOLLARS

John Abramson, M.D.
39 Spring St.
Ipswich, MA 01938 USA

MEMO    Reck, Freddie

⑆010008⑆ ⑆053904483⑆ 000773672545⑆                    ⑈0001000000⑈



## Susan M. Allen

**From:** JoAnn Korleski
**Sent:** Tuesday, September 19, 2006 7:05 PM
**To:** Susan M. Allen
**Subject:** Reck v. Vioxx

Good evening.

I need a check please in the amount of $10,000 made payable to:

Dr. John Abramson
39 Spring Street
Ipswich, Massachusetts  01938
978-312-1225 (work)
978-314-5409 Cell
Tax Identification Number:  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

Reck v. Merck Plaintiffs' Expert

I believe Mark would like to get the notebook out to Dr. Abramson this week.  So sorry.

ANASTOPOULO AND CLORE, LLC   09/20/2006      John Abramson, M.D.                                    **10008**
                                             Expert Consultation                              10,000.00

1010 Operating          Reck, Freddie                                                        10,000.00

37211

# ANASTOPOULO & CLORE, LLC

**ATTORNEYS AT LAW**
706 ORLEANS ROAD
CHARLESTON, SOUTH CAROLINA 29407
TELEPHONE: (843) 722-8070
TOLL FREE: (800) 610-2546
FACSIMILE: (843) 722-9881

AKIM A. ANASTOPOULO (SC)
CONSTANCE A. ANASTOPOULO (SC)
SAMUEL K. ALLEN (DC, SC)
JOHN P. HAYES (MI, NC, OK, PA, SC)
JASON A. DAIGLE (SC)

MARK D. CLORE (DC, GA, NC, OK, SC, TX) ▲★◆
ROBERT A. BERRY (SC, TX) ▲
ERIC S. BROCK (GA, SC)
ROBERT J. LOWE, JR. (DC, MD, SC, VA)+
MYRA V. WHITENER (NC, SC)

▲ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION
★ CERTIFIED CIVIL TRIAL LAW, NATIONAL BOARD OF TRIAL ADVOCACY
◆ DIPLOMAT, MEDICAL PROFESSIONAL LIABILITY, AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS
+ OF COUNSEL

October 3, 2006

**_Via Federal Express_**
Dr. John Abramson
39 Spring Street
Ipswich, Massachusetts 01938

> Re:   Cause No. 2006-12405; *Collen Reck, Individually and as Personal Representative and Executrix of the Estate of Freddie Garland Reck, Deceased, D'Lene Reck Sandleback, Cheri Reck Mann and Frances Chauveaux Reck vs. Merck & Company, Inc.;* In the 157th Judicial District Court in and for Harris County, Texas (Trial Court:  Judicial District Court, Tarrant County, Texas, Cause No. 141-216271 06)

Dear Dr. Abramson:

    Enclosed please find the following records that Defendant Merck & Company, Inc. have obtained in connection with the above-referenced case on Freddie Reck, Deceased.

1. Albertsons Pharmacy Records, 7161 I-40 West, Amarillo Texas
   (Bates Stamped ReckF-AlbertsonPhar - 00001-00011) ;

2. Amarillo Cardiovascular Center Affidavit of No Records
   (Bates Stamped ReckF-AmriloCardCtrMR-00001-00003);

3. Amarillo Diagnostic Clinic, P.A.
   (Bates Stamped ReckF-AmarilloDiagCl-00001-00012);

4. Amarillo Family Physicians Clinic, P.A.
   (Bates Stamped ReckF-AmarilloFamPhy-0001-00118);

5. Berg, Howard, L., M.D.
   (Bates Stamped ReckF-BergHMD-00001-00049);

6. BSA Health System Baptist Campus
   (Bates Stamped ReckF-BSAHSBaptCamp-00001-00084);

7. Dillman, Richard D., M.D.
   (Bates Stamped ReckF-DillmanRMD-00001-00008);

FAC Resp. Exhibit B -- 33

October 3, 2006
Page 2 of 3

8.    Kendall, Michael DPM, PhD.
      (Bates Stamped ReckF-KendallMDPMPhD-00001-00013);

9.    Northwest Surgery Center
      (Bates Stamped ReckF-NWSurgCtr-00001-00031);

10.   Northwest Texas Healthcare System
      (Bates Stamped ReckF-MWTXH1thCrSys-00001-00210);

11.   Odyssey Healthcare Services
      (Bates Stamped ReckF-OdysseyHCSvc-00001-00126);

12.   Sudhakar, Dr. Sivaram
      (Bates Stamped ReckF-SudhakarSMD-00001-00011);

13.   Heart Cath performed on 2/25/04 at Northwest Texas Hospital;

14.   Plaintiffs' Original Petition; and

15.   Plaintiff's Profile Form (w/o Exhibits)

A check in the amount of $10,000 is also enclosed for your retainer to review this case.

Please also be advised that you must execute a Stipulation and Protective Order pursuant to Judge Wilson's ruling the Master Texas State Vioxx Litigation cases. A copy of this Order is enclosed for your signature. I would ask that you execute same and return it to me in the enclosed, self-addressed envelope, which I will provide to the Merck's defense counsel.

The Court has also entered a Case Management Order in this case setting out specific deadlines with respect to the identification of expert witnesses, depositions and expert reports. This case has been designated as a Phase 1 Trial Case and I want to make you aware of the following deadlines:

1.    Plaintiffs' Expert Witnesses: With respect to cases designated as Phase 1 Trial Cases, Plaintiffs shall identify all expert witnesses by **November 17, 2006; and**

2.    Depositions of Plaintiffs' Experts: Deposition of Plaintiffs' Expert shall be conducted within sixty days after designation by **January 16, 2007.**

3.    This case will be then transferred to the Tarrant County Judicial District trial docket on **March 23, 2007** for a date certain for jury trial.

October 3, 2006
Page 3 of 3


Thank you for your attention to this matter.

Very truly yours,

Mark D. Clore

MDC/jak
Enclosures

**Bank of America**
ACH R/T 053904483

**10008**

*ANASTOPOULO AND CLORE, LLC*
*OPERATING ACCOUNT*
*706 ORLEANS RD*
*CHARLESTON, SC  29407*
*PH. (843) 722-8070*

67-448/539 S
294

09/20/2006

PAY TO THE
ORDER OF      John Abramson, M.D.

$ **10,000.00

Ten thousand and 00/100******************************************************************************      DOLLAR

John Abramson, M.D.
39 Spring St.
Ipswich, MA  01938 USA

MEMO      Reck, Freddie

⑈O10008⑈ ⑆053904483⑆ 000773672545⑈

ANASTOPOULO AND CLORE, LLC

**10008**

| 09/20/2006 | John Abramson, M.D. | |
|---|---|---|
| | Expert Consultation | 10,000.00 |

From: Origin ID: (843)722-8070
Jo Korleski
Anaslopoulo & Clore, LLC
706 Orleans Road

Charleston, SC 29407



Ship Date: 03OCT06
ActWgt: 10 LB
System#: 441B902/INET2500
Account#: S **********

REF: Reck

Delivery Address Bar Code

SHIP TO: (978)314-5409    BILL SENDER
**Dr. John Abramson**

**39 Spring Street**

**Ipswich, MA 01938**

STANDARD OVERNIGHT    **WED**

Deliver By:
04OCT06

TRK#  **7928 5991 0915**    FORM 0201

BOS    A4

**01938**    -MA-US
RES

**XH GDMA**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Attachment "C"

**Reporting Period:**
From _6-1-2005_
To _6-30-2005_            Firm Name: _Anastopoulo ÉClore LLC_

| MDL 1657 - VIOXX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM: _6-14-2005_   THROUGH: _6-14-2005_ | |
|---|---|
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research - Lexis/Westlaw | |
| Telephone - long distance (actual charges only) | |
| Travel | |
| ~~Secretarial and clerical overtime~~ _Expert Retainer_ | 14,000 00 |
| **TOTAL COSTS** | 14,000 00 |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_Signature_            _10/29/2008_
Signature                Date

# Expert Retainer

# Dr. Mark L. Entman

Located and retained Dr. Entman to participate in Vioxx consolidated litigation.
Enclosed is a copy of the retainer check, cover letter, and general participation letter sent
by Dr. Entman to members of the PSC for Texas Consolidated Litigation.

**ANASTOPOULO AND CLORE, LLC**
**OPERATING ACCOUNT**
215 E. BAY STREET, STE. 305
CHARLESTON, SC 29401-2635
PH. (843) 722-8070

Bank of America
ACH R/T 053904483

5519

67-448/539 SC
2940

6/14/2005

PAY TO THE
ORDER OF   Mark L. Entman, MD                                         $ **14,000.00

Fourteen Thousand and 00/100*************************************************************************************** DOLLARS

Mark L. Entman, MD
4978 Entman
Houston, TX 77096

MEMO   Vioxx — Consultation

⑈005519⑈ ⑆053904483⑆ 0007736725 45⑈          ⑆0001400000⑈



# ANASTOPOULO & CLORE, LLC

**ATTORNEYS AT LAW**

*706 ORLEANS ROAD*
*CHARLESTON, SOUTH CAROLINA 29407*
TELEPHONE: (843) 722-8070
TOLL FREE: (800) 610-2546
FACSIMILE: (843) 722-9881

AKIM A. ANASTOPOULO (SC)
CONSTANCE A. ANASTOPOULO (SC)
SAMUEL K. ALLEN (DC, SC)
JOHN P. HAYES (MI, NC, OK, PA, SC)

MARK D. CLORE (DC, GA, NC, OK, SC, TX) ▲★◆
ROBERT A. BERRY (SC, TX) ▲
ERIC S. BROCK (GA, SC)

▲ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION
★ CERTIFIED CIVIL TRIAL LAW, NATIONAL BOARD OF TRIAL ADVOCACY
◆ DIPLOMAT, MEDICAL PROFESSIONAL LIABILITY, AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS
+ OF COUNSEL

June 15, 2005

***Via Federal Express***
Mark L. Entman, M.D.
4978 Dumfries
Houston, TX. 77030

Re:    Exclusive Agreement Regarding Expert Consultation and Involvement in
       Vioxx Litigation

Dear Dr. Entman:

Given your expertise in the areas of Cardiovascular diseases, Pharmacology, and Pathology, we are grateful that you have agreed to consult with us concerning Vioxx. Enclosed please find our firm check in the amount of $14,000, representing one-half of your total retainer concerning the Vioxx litigation. As we discussed, our firm is working with the Mithoff Law Firm, 3450 Once Allen Center -- Penthouse, 500 Dallas Street, Houston,m TX. 77002, (713) 654-1122, in connection with Vioxx. The Mithoff Law Firm will be sending you shortly another check for the remaining $14,000 of your required retainer.

You have agreed to consult exclusively with our firm, the Mithoff Law Firm, and any other attorney/firm to which our firms agree, concerning Vioxx and the Vioxx litigation. In general, such consultation is anticipated to include reviews and analysis of records, discussions with our firms, and providing information about the same as well as your opinions concerning Vioxx and whether it likely affected particular clients of either of our firms.

As you know, Joe Alexander of the Mithoff firm, and myself for our firm, will be your primary contact persons. Feel free to give us a call when you have some time so that we may discuss the logistics of your review work and consultation in this regard.

Very truly yours,

Mark D. Clore

MDC/jak
Enclosure

Correspondence Exhibit B -- 41

June 15, 2005
Page 2 of 2

cc:    **<u>Via Facsimile (713) 739-8085</u>**
       **<u>and First Class Mail</u>**
       Mr. Joseph R. Alexander, Jr.
       Mithoff & Jacks, L.L.P.
       3450 One Allen Center
       500 Dallas
       Houston, Texas  77002

September 14, 2006

**BCM**
Baylor College of Medicine
Mark L. Entman, M.D.
William J. Osher Professor of
  Cardiovascular Research
Chief, Section of Cardiovascular Sciences
Department of Medicine
Scientific Director, The DeBakey Heart Center
Baylor College of Medicine
One Baylor Plaza, Mailstation BCM620
Houston, Texas 77030
TEL: (713) 798-4188
FAX: (713) 796-0015
E-mail: mentman@bcm.tmc.edu

VIA FACSIMILE:  (713) 238-7852

Mr. Michael T. Gallagher
THE GALLAGHER LAW FIRM
Two Shell Plaza
777 Walker Street, Suite 2500
Houston, TX  77002

Re:  Rofecoxib (Vioxx)

Dear Mr. Gallagher:

This letter is in response to your request regarding the use of the cyclooxygenase 2-specific blocker, Vioxx, in anti-inflammatory treatment and its cardiovascular side-effects.  You have asked me to include in my opinion the following issues:

1)    Mechanism of action and rationale

2)    Cox-2 specific physiologic functions and potential consequences of their inhibition

3)    Consequences of cox-2 inhibition - clinical trials

4)    Response by Merck

During the course of the remainder of this report, I will utilize the terms "Vioxx" in discussing the mechanism and consequences of cox-2 inhibitors; while this class of drugs generally shares pharmacological properties, Vioxx appears to have the highest level of cardiovascular side-effects.  This latter selective effect of Vioxx will not be addressed in this report.

1)    <u>Mechanism of action and rationale:</u>  The mechanism of action of Vioxx arises from its specific inhibition cyclooxygenase 2 (cox-2) which is the rate limiting enzyme in the production of prostaglandins in leukocytes (white blood cells).  This inhibition of white blood cells decreases inflammatory reactions and it was suggested that selectivity of Vioxx for cox-2 would produce less gastrointestinal side-effects than an non-selective cyclooxygenase inhibitors.  These gastrointestinal side-effects occur mainly in the stomach.  Protection of the stomach from locally produced acid requires production of prostaglandins which are the main products of cyclooxygenase enzymes.  In the stomach, the cyclooxygenase responsible for prostaglandin production and acid resistance is cyclooxygenase 1.  Thus, there is a significant incidence of peptic ulcer associated treatment with non-selective cyclooxygenase blocking drugs.  It is important to point out, however, that alternative approaches are available to deal with this problem involving inhibition of acid formation in the stomach with H-ATPase blockers.  However, the possibility that a single treatment could provide anti-inflammatory effects without gastrointestinal side-effects was attractive.

The clinical studies failed to demonstrate a striking effect.  In fact, cox-2 inhibitors when compared to against placebo continued to generate adverse gastrointestinal effects.  In comparison to non-selective cox inhibitors, the company's VIGOR study showed about 50% reduction in ulcer formation but no difference in gastrointestinal mortality.

Page two
Letter to:  Mr. Michael T. Gallagher
September 14, 2006

    2)   <u>Cox-2 specific physiologic functions and potential consequences of</u>
<u>their inhibition:</u>  The initial design of the cox-2 inhibitors was to inhibit that
enzyme in leukocytes while leaving cox-1 inhibited to allow protection of the
gastric mucosa.  Selective distribution of cox-2 occurs in other organs in the body
in addition to leukocytes and I will concentrate on two.  It should be noted at the
start that, as is in leukocytes, cox-2 is inducible so that the levels in a given
organ could change in response to pathologic stimuli such as inflammation.  Cox-2
is the selective isoenzyme found in endothelial cells where it is responsible for
the production of PGI2.  PGI2 is an inhibitor of platelet aggregation; it functions
as a protective mechanism against intravascular arterial clotting.  Its inhibition
has been associated in the experimental laboratory with increased likelihood of
intraarterial clot formation and THIS DELETERIOUS EFFECT OF COX-2 INHIBITION OCCURS
EVEN IN THE PRESENSE OF ASPIRIN BLOCKED PLATELET THROMBOXANE FORMATION AND
AGGREGATION.  As noted above, this enzyme is inducible at the sight of
inflammation.  A paper as early as 1999, demonstrated augmented expression of cox-2
at the site of a human atherosclerotic lesions suggesting that the inflammatory
component of atherosclerosis induced this enzyme which potentially functions to
protect against the formation of clot on the surface of the atherosclerotic lesion
which is the mechanism of thrombotic complications of atherosclerosis.

    Cox-2 is also preferentially expressed in the blood vessels of the kidney.
Whereas cox-1 was distributed more generally.  The localization of cox-2 suggests
that this enzyme may be primarily involved in the regulation of "renal perfusion
and glomerular hemodynamics".  Thus, it is critical to blood pressure regulation.

    3)   <u>Consequences of cox-2 inhibition – clinical trials:</u>  While small
studies and laboratory studies warned about Vioxx's possible cardiovascular risk,
this report will not pursue the entire history.  In March of 2000, a study (VIGOR)
found Vioxx patients had double the rate of serious cardiovascular problems when
compared to Naproxen, an older non-selective cyclooxyenase inhibitor.  The VIGOR
data revealed that a Vioxx treated patient was 5 times more likely to suffer a
heart attack when compared to Naproxen and 2.3 times more likely to suffer acute
cardiovascular event when compared to Naproxen.  A simultaneous study from Europe
(EULAR) also showed that Vioxx use resulted in the statistically significant
increase in hypertension and myocardial infarction in June 2000.  The results from
the VIGOR study reported in the *New England Journal of Medicine* in November of 2000
and was quite indirect with respect to the severity of the cardiovascular risks.
In fact, in 2005, the editors of the *New England Journal of Medicine* discovered
that the study actually underreported the number of heart attacks the patient's
taking Vioxx and corrected this error.  However, the results of these studies led
an FDA advisory panel to require a label warning of possible links to
cardiovascular problems.  In February of 2001, the FDA concluded that the potential
advantage of decreasing risk of gastrointestinal side-effects are paralleled by an
increased risk of developing cardiovascular thrombotic events.  In discussing the
overall safety in the VIGOR study, the FDA found that there were more overall
deaths among the Vioxx group than that taking Naproxen.  By 2001, the concern over
Vioxx safety had been found in the National Press as well as in the professional
literature.  A paper entitled "Risk of cardiovascular events associated with
selective cox-2 inhibitors" was published in *The Journal of the American Medical*
*Association* (*JAMA*) and emphasized that these inhibitors associated with increase in
cardiovascular events.  The paper stated that Merck had underreported the relative
risks of developing a "confirmed adjudicated thrombotic cardiovascular event".  The
study reported that the risk of all patients is increased 2.38 time when compared
to Naproxen users.  In addition, the patients in whom aspirin was indicated (i.e.
high risk for cardiovascular disease) risk of developing serious cardiovascular
events Vioxx therapy was increased 4.89 times.  Since that time, these findings

Page three
Letter to:  Mr. Michael T. Gallagher
September 14, 2006

have been confirmed by other studies.  However, it was not until the APPROVe study that the drug was taken off the market.

The APPROVe trial is very informative and was initiated by the company to evaluate the possibility that Vioxx might be helpful in reducing the risk of colorectal adenomas.  To avoid the likelihood of cardiovascular complications, patients with high blood pressure, history of heart attack, recent coronary angiograms, recent history of heart failure, bypass surgery, or cerebral vascular events within the previous two years were excluded.  Despite those precautions, the Vioxx treated group had a increase risk of confirmed thrombotic events in both the cardiovascular and cerebral vascular area.

The overall conclusion from these studies (which is now generally accepted) is that cox-2 inhibition by Vioxx increases the risk of unstable vascular thrombotic events.  The studies on the whole suggest that patients who are at higher risk to develop thrombotic complications are most severely effected by cox-2 inhibition.  This result might be anticipated based on the perception that cox-2 can be induced at the site of atherosclerotic lesions where the risk of platelet aggregation and intravascular thrombosis is highest.

4)   Response by Merck:  This portion of my report represents my response as a physician with a background in cardiology and research interest in cardiovascular injury.  I do not feel qualified to deliver a legal opinion regarding Merck's actions.  Moreover, "who knew what and when" is better discussed by people more expert in the drug regulation area.  However, there is some discussion of tha issue contained herein.

There is no question that the VIGOR study should had sounded an alarm to Merck.  Adequate basic science information was present to suggest that such a complication might occur and findings in the VIGOR and EULAR studies in 2000 dictated prompt action.  At the very least, further studies were indicated to evaluate this risk of potential dangers to the patient population.  Indeed, the work from the Cleveland Clinic which reanalyzed the data dictated at least a warning that this drug would not be suitable for people at risk for serious cardiovascular events.  The FDA was similarly concerned.  In September of 2001, they warned Merck that they had been deceptive in their promotional campaign and had not adequately publicized the increased dangers of myocardial infarction associated with Vioxx treatment.  During that time, aggressive marketing of Vioxx occurred throughout the medical community.  In addition to promoting this to professionals, television campaigns lauding the benefits of Vioxx were plentiful and utilized personal testimony of former Olympic athletes.  Despite continued FDA warnings, this aggressive campaign of sales continued and Merck continued to minimize the health risks of Vioxx.

Throughout the post-2000 era until Vioxx was withdrawn from the market in late September 2004, there are a variety of studies suggesting its association with both thrombotic cardiovascular events as well as hypertension which is, in itself, a risk factor for producing thrombotic cardiovascular events.  These studies were reported throughout medical literature and it is certain that Merck was aware of them.  A variety of cardiovascular scientists with whom Merck had worked before went public with their concerns, two of the most prominent and gifted where Eric Topol, Chief of the Cardiovascular Division of the Cleveland Clinic and Peter Libby, Chief of Cardiology at Harvard Medical School and the Brigham Hospital.

Page four
Letter to:  Mr. Michael T. Gallagher
September 14, 2006

   In my opinion, Merck neglected and/or deemphasized numerous danger signals while aggressively marketing their drug.  The results were that many patients' who took this drug had increased cardiovascular events which manifested themselves in a variety of adverse health outcomes.

   Summary:  Vioxx is a prototypical cox-2 inhibitor.  Cox-2 plays an important protective roles in the kidney and blood vessels so that its inhibition carries with it a variety of cardiovascular effects.  Specifically, blockade of cox-2 promotes intravascular clotting which is more likely to occur at the site of an atherosclerotic lesion where the enzyme level is frequently highest.  Indeed, in a laboratory study, blockade of cox-2 even prevented the protective effects of aspirin on intra-arterial clotting.  In the kidney, blockade of cox-2 alters vascular function within the kidney and is associated with hypertension.  The latter also increases risk of acute vascular event.  Substantially all of the research findings described in this paragraph were present in solid research publications by 2001 and all pointed to the possibility that complications of cox-2 inhibition might therefore occur.  These concerns were borne out in the year 2000 by the VIGOR and EULAR studies as well as by subsequent studies.  Despite these findings, the drug was aggressively marketed and FDA warnings to the company went unheeded.  This resulted in a large increase in cardiovascular events associated with Vioxx-treated patients.  In my opinion, the company was not sufficiently responsive to the data from their own study and strongly resisted the suggestions present within the literature from other studies as well as the FDA.  This lack of responsiveness was responsible for a tragic number of cardiovascular and cerebrovascular events.

Sincerely yours,

Mark L. Entman, M.D.
William J. Osher Professor of Cardiovascular Research
Chief, Section of Cardiovascular Sciences
Department of Medicine,
Scientific Director, The DeBakey Heart Center
Baylor College of Medicine and The Methodist Hospital


MLE:cm
MT Gallagher Vioxx ltr

Attachment "C"

**Reporting Period:**
From _11-7-2006_
To _11-30-2006_   Firm Name: _Anastopoulo & Clore LLC_

| MDL 1657 - VIOXX PRODUCTS LIABILITY LITIGATION<br>COMMON HELD COSTS AND EXPENSES<br>FROM: _11-7-2006_   THROUGH: _11/2006_ | |
|---|---|
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research - Lexis/Westlaw | |
| Telephone - long distance (actual charges only) | |
| Travel | |
| ~~Secretarial and clerical overtime~~ _Expert Retainer_ | 2,125⁰⁰ |
| **TOTAL COSTS** | 2,125⁰⁰ |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_____   _10/29/2008_
Signature                          Date

FAC Resp. Exhibit B -- 47

# Expert Retainer

# Dr. Richard Zane

Located and retained Dr. Zane to participate in Vioxx consolidated litigation.  Enclosed is a copy of the retainer check, and cover letter.

10510

**ANASTOPOULO AND CLORE, LLC**
**OPERATING ACCOUNT**
706 ORLEANS RD
CHARLESTON, SC 29407
PH. (843) 722-8070

Bank of America
ACH R/T 053904483

67-448/539 SC
2940

11/07/2006

PAY TO THE
ORDER OF        Richard Zane, M.D.                                   $ **2,125.00

Two thousand one hundred twenty-five and 00/100************************************************* DOLLARS

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

MEMO       Reck, Freddie

⑈010510⑈ ⑉053904483⑉ 00077367254⑈                    ⑈000021250⑈





**Brigham and Women's Hospital**
**Department of Emergency Medicine**
**75 Francis Street; Neville House**
**Boston, MA 02115**

# FAX COVER SHEET

Date: 11/7/06

Number of Pages Including Cover Sheet: 2

To: Joann

Phone:

FAX: 843 722 9881

cc:

From: Zane

Department of Emergency Medicine
Brigham and Women's Hospital

Phone: (617) 732- 5533
FAX: (617) 264-6848

REMARKS: ☐ Urgent   ☑ For Your Review   ☐ Please Reply ASAP   ☐ Please Comment

The document accompanying this transmission contains confidential information intended for a specific individual(s) and purpose. The information is private and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this transmission in error, please contact the above sender by telephone for instructions. Thank you.

FAC Resp. Exhibit B -- 50

DECK EXPERT

| Form **W-9**<br>(Rev. November 2005)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give form to the<br>requester. Do not<br>send to the IRS. |
|---|---|---|

Name (as shown on your income tax return)

Richard D. Zane

Business name, if different from above

Check appropriate box: ☒ Individual/Sole proprietor  ☐ Corporation  ☐ Partnership  ☐ Other ▶ ............  ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.)

160 Glezen Lane

City, state, and ZIP code

Wayland, MA 01778

Requester's name and address (optional)

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number: 1 4 6 | 5 6 | 8 1 5 3

or

Employer identification number

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

Sign Here | Signature of U.S. person ▶ | Date ▶ 11/7/06

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

In 3 above, if applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

For federal tax purposes, you are considered a person if you are:

- An individual who is a citizen or resident of the United States,

- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, or

- Any estate (other than a foreign estate) or trust. See Regulations sections 301.7701-6(a) and 7(a) for additional information.

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

- The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X

Form **W-9** (Rev. 11-2005)

ANASTOPOULO AND ASSOC, LLC     Richard Zamp, M.D.

Expert Review

2,125.00

**1010 Operating**     Reck, Freddie

2,125.00

37211

# ANASTOPOULO & CLORE, LLC

**ATTORNEYS AT LAW**

706 ORLEANS ROAD
CHARLESTON, SOUTH CAROLINA 29407
TELEPHONE: (843) 722-8070
TOLL FREE: (800) 610-2546
FACSIMILE: (843) 722-9881

AKIM A. ANASTOPOULO (SC)
CONSTANCE A. ANASTOPOULO (SC)
SAMUEL K. ALLEN (DC, SC)
JOHN P. HAYES (MI, NC, OK, PA, SC)
DANIEL C. ZICKEFOOSE (SC)

MARK D. CLORE (DC, GA, NC, OK, SC, TX) ▲★◆
ROBERT A. BERRY (SC, TX) ▲
ERIC S. BROCK (GA, SC)
ROBERT J. LOWE, JR. (DC, MD, SC, VA)+

▲ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION
★ CERTIFIED CIVIL TRIAL LAW, NATIONAL BOARD OF TRIAL ADVOCACY
◆ DIPLOMAT, MEDICAL PROFESSIONAL LIABILITY, AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS
+ OF COUNSEL

November 7, 2006

_**Via Federal Express**_
Richard Zane, M.D.
Department of Emergency Medicine
Brigham & Women's Hospital
75 Francis Street
Neville House
Boston, MA 02115

Re:   Cause No. 2006-12405; _Collen Reck, Individually and as Personal Representative and Executrix of the Estate of Freddie Garland Reck, Deceased, D'Lene Reck Sandleback, Cheri Reck Mann and Frances Chauveaux Reck vs. Merck & Company, Inc._; In the 157th Judicial District Court in and for Harris County, Texas (Trial Court:   Judicial District Court, Tarrant County, Texas, Cause No. 141-216271 06)

Dear Dr. Zane:

Enclosed please find for your review the medical and hospital records in connection with the above-referenced case as follows:

1.   Albertsons Pharmacy Records, 7161 I-40 West, Amarillo Texas
     (Bates Stamped ReckF-AlbertsonPhar - 00001-00011) ;

2.   Amarillo Cardiovascular Center Affidavit of No Records
     (Bates Stamped ReckF-AmriloCardCtrMR-00001-00003);

3.   Amarillo Diagnostic Clinic, P.A.
     (Bates Stamped ReckF-AmarilloDiagCl-00001-00012);

4.   Amarillo Family Physicians Clinic, P.A.
     (Bates Stamped ReckF-AmarilloFamPhy-0001-00118);

5.   Berg, Howard, L., M.D.
     (Bates Stamped ReckF-BergHMD-00001-00049);

6.   BSA Health System Baptist Campus
     (Bates Stamped ReckF-BSAHSBaptCamp-00001-00084);

7.   Dillman, Richard D., M.D.
     (Bates Stamped ReckF-DillmanRMD-00001-00008);

November 7, 2006
Page 2 of 2

8. Kendall, Michael DPM, PhD.
(Bates Stamped ReckF-KendallMDPMPhD-00001-00014);

9. Northwest Surgery Center
(Bates Stamped ReckF-NWSurgCtr-00001-00031);

10. Northwest Texas Healthcare System
(Bates Stamped ReckF-MWTXH1thCrSys-00001-00210);

11. Odyssey Healthcare Services
(Bates Stamped ReckF-OdysseyHCSvc-00001-00126);

12. Sudhakar, Dr. Sivaram
(Bates Stamped ReckF-SudhakarSMD-00001-00011);

13. Prescription History -- Detailed for Freddie Reck from Caremark, Inc.;

14. Death Certificate of Freddie Garland Reck (Bates Stamped ReckF-TxDeptHBureau 00001-00005); and

15. Plaintiff Profile Form (w/o Exhibits).

I will be calling you early next week to discuss your thoughts on the same.

Also enclosed is our firm check in the amount of $2,125.00 as your retainer for review up to five (5) hours.

Thank you for your attention to this matter.

Very truly yours,

Mark D. Clore

MDC/jak
Enclosures

**Bank of America**
ACH R/T 053904483

10510

67-448/539 S(
294(

*ANASTOPOULO AND CLORE, LLC*
*OPERATING ACCOUNT*
*706 ORLEANS RD*
*CHARLESTON, SC 29407*
*PH. (843) 722-8070*

11/07/2006

PAY TO THE
ORDER OF        Richard Zane, M.D.                                         $ **2,125.00

_Two thousand one hundred twenty-five and 00/100__***********************************************************_   DOLLAR:

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

Reck, Freddie

MEMO_____

⑊"010510⑊"  ⑊053904483⑊:  000773672545⑊"

ANASTOPOULO AND CLORE, LLC                                      10510

   11/07/2006        Richard Zane, M.D.

                      Expert Review                              2,125.00

From:   Origin ID:   (843)722-8070
Jo Korleski
Anastopoulo & Clore, LLC
706 Orleans Road

Charleston, SC 29407

**FedEx**
Express

**E**

CLS 150 386/19873

Ship Date: 07NOV06
ActWgt: 8 LB
System#: 4418902/INET2500
Account#: S ********

REF: Reck v. Merck

Delivery Address Bar Code

SHIP TO:   (617)525-6848          BILL SENDER
**Richard Zane, M.D.**
**Brigham & Women's Hospital**
**75 Francis Street**
**Nevelle House**
**Boston, MA 02115**





**PRIORITY OVERNIGHT**                    **WED**
Deliver By:
TRK#   **7911  6213  4749**   FORM   08NOV06
0201
**BOS**      A1

**02115**   -MA-US

**XH XLCA**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

MASTER DOCKET NO. 2005-59499

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| TEXAS STATE VIOXX | § | HARRIS COUNTY, TEXAS |
| LITIGATION | § | |
| | § | 157TH JUDICIAL DISTRICT |

CAUSE NO. 2006-12405

| | | |
|---|---|---|
| COLLEEN RECK, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL | § | OF |
| REPRESENTATIVE AND | § | |
| EXECUTRIX OF THE ESTATE OF | § | HARRIS COUNTY, TEXAS |
| FREDDIE GARLAND RECK, | § | |
| DECEASED, D'LENE RECK | § | (Trial Court: |
| SANDLEBACK, CHERI RECK | § | 141st Judicial District |
| MANN AND FRANCES | § | Tarrant County, Texas |
| CHAUVEAUX RECK | | Cause No. 141-216271-06) |
| | § | |
| VS. | § | |
| | § | |
| MERCK & CO., INC. | § | 157TH JUDICIAL DISTRICT |

## INDEX OF MERCK & CO., INC.'S REPOSITORY DOCUMENTS

1. Albertsons Pharmacy Records, 7161 I-40 West, Amarillo Texas
   (Bates Stamped ReckF-AlbertsonPhar - 00001-00011) ;

2. Amarillo Cardiovascular Center Affidavit of No Records
   (Bates Stamped ReckF-AmriloCardCtrMR-00001-00003);

3. Amarillo Diagnostic Clinic, P.A.
   (Bates Stamped ReckF-AmarilloDiagCl-00001-00012);

4. Amarillo Family Physicians Clinic, P.A.
   (Bates Stamped ReckF-AmarilloFamPhy-0001-00118);

5. Berg, Howard, L., M.D.
   (Bates Stamped ReckF-BergHMD-00001-00049);

6. BSA Health System Baptist Campus
   (Bates Stamped ReckF-BSAHSBaptCamp-00001-00084);

7.  Dillman, Richard D., M.D.
    (Bates Stamped ReckF-DillmanRMD-00001-00008);

8.  Kendall, Michael DPM, PhD.
    (Bates Stamped ReckF-KendallMDPMPhD-00001-00014);

9.  Northwest Surgery Center
    (Bates Stamped ReckF-NWSurgCtr-00001-00031);

10. Northwest Texas Healthcare System
    (Bates Stamped ReckF-MWTXH1thCrSys-00001-00210);

11. Odyssey Healthcare Services
    (Bates Stamped ReckF-OdysseyHCSvc-00001-00126);

12. Sudhakar, Dr. Sivaram
    (Bates Stamped ReckF-SudhakarSMD-00001-00011);

13. Prescription History -- Detailed for Freddie Reck from Caremark, Inc.;

14. Death Certificate of Freddie Garland Reck (Bates Stamped ReckF-TxDeptHBureau 00001-00005); and

15. Plaintiff's Profile Form (w/o exhibits).

Bank of America
ACH R/T 053904483

**10510**

67-448/539 SC
294C

*ANASTOPOULO AND CLORE, LLC*
*OPERATING ACCOUNT*
*706 ORLEANS RD*
*CHARLESTON, SC  29407*
*PH. (843) 722-8070*

11/07/2006

PAY TO THE
ORDER OF     Richard Zane, M.D.                                    $ **2,125.00

Two thousand one hundred twenty-five and 00/100************************************************************************** DOLLAR$

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

Reck, Freddie

MEMO

⑈0⑈0510⑈ ⑆053904483⑆ 000773672545⑈

ANASTOPOULO AND CLORE, LLC                                          10510

11/07/2006      Richard Zane, M.D.

Expert Review                                        2,125.00



Clifton W. Newlin
Robert D. Watkins
Edward G. Berbuesse, Jr.
Jon S. Folse

Mark D. Bohnet

Lisa D. Englade
Kerney F. Craft, Jr.

Philip A. Garrett

**WEGMANN DAZET & COMPANY**
A PROFESSIONAL CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

October 3, 2008

Anastopoulo & Clore, LLC
706 Orleans Road
Charleston, SC  29407

Re:  MDL 1657   Section L
*In Re:*  Vioxx Liability Litigation

Sir or Madam:

Your submission of ✓ Time, and/or ✓ Held Expenses for the month(s) of June 2004 - June 2008 is not in compliance with Vioxx Time and Expense Billing Guidelines. Your submission is being rejected for the following reason(s) checked below:

**Time Submitted:**

☒ Time prior to April 8, 2005 is not allowed.

☐ Time submitted is not related to matters common to <u>all</u> claimants.

☐ Time Record Summary form missing.  See attached form titled "MDL 1657 Vioxx Products Liability Litigation Report of Member Firm Time."

☐ Time Record Summary form not authorized by senior partner.

☒ Time Record Summary form not recorded in quarter hour increments (i.e. .25, .50, .75).

☐ Daily time records not submitted.

☒ Daily time records not submitted in proper format. (i.e. Time records are to be submitted by month and by timekeeper.)

☒ Other: Please separate mdl time by month (example Jan 1 - Jan 31, 2006). Time must be in .25 hour increments. No time prior to April 8, 2005 is allowed.

**Costs Submitted:**

☒ Cost prior to April 8, 2005 is not allowed.

☐ Held costs submitted are not related to matters common to <u>all</u> claimants.

☐ Costs Record Summary form for held expenses missing.  See form attached titled "MDL 1657 Vioxx Products Liability Litigation Common Held Costs and Expenses."

☐ Cost Record Summary form for held expenses not authorized by senior partner.

☒ Receipts and/or detailed costs support were not submitted Please provide receipts to support summary form.

WEGMANN DAZET & COMPANY | A PROFESSIONAL CORPORATION | CERTIFIED PUBLIC ACCOUNTANTS
MEMBERS: AICPA PRIVATE COMPANIES PRACTICE SECTION | AN INDEPENDENT MEMBER OF THE BDO SEIDMAN ALLIANCE
NEW ORLEANS OFFICE | 111 VETERANS BLVD. | SUITE 800 | METAIRIE | LA 70005
NORTHSHORE OFFICE | 109 NEW CAMELLIA BLVD. | SUITE 100 | COVINGTON | LA 70433
(504) 837-8844 | FAX (504) 837-0856 | WWW.WDCO.BIZ

PAC Resp. Exhibit B -- 60

☐ Airfare not acceptable.  First class airfare shall only be allowed for cross-country flights in excess of four hours of non-stop flight time or international flights.  Reason for rejection:

☐ Hotel rate greater than $250 per night or the **average** room rate of the Hyatt, Hilton and Marriott hotels in that city.

☒ Other: *please separate MDL held cost by month.*

*Each month for time and held cost must have separate summary forms signed by senior partner.*

*Please correct and resubmit within 90days.*

**Vioxx Time and Expense Billing Guidelines were issued on April 8, 2005 in Pre-Trial Order #6.** This document sets forth the procedures and forms implemented by Plaintiffs' Liaison Counsel.  Please reference these guidelines for all submissions.  Only submissions for common MDL matters may be made.

**This will be your final notice.  If we don't receive a response within 90 days, we will assume a final acceptance on the approved portion of the submission only.  There will be no changes made after the 30 days have been expired.** Our mailing address is Wegmann-Dazet & Company, 111 Veterans Memorial Blvd., Suite 800, Metairie, Louisiana, 70005 or you may email the information to vioxxmdl@wdco.biz.  If you have any questions, please contact Kristine Megna or myself at (504) 837-8844.

Very truly yours,

WEGMANN DAZET & COMPANY

*Clifton W. Newlin CPA/MR*

Clifton W. Newlin, CPA

Enclosure

Copy:  Leonard A. Davis
       Herman, Herman, Katz & Cotlar

# Anastopoulo & Clore, LLC

# Common Benefit Billable Time

Key:

A.    Staff Position:

| | | |
|---|---|---|
| Mark D. Clore | MDC | Attorney/Partner |
| Samuel K. Allen | SKA | Attorney/Partner |
| Jennifer Barber | JB | Attorney/Associate |
| Joann Korleski | JAK | Paralegal |
| Joy Bollinger | JSB | Other/Staff R.N. |
| Crystal Wade | CW | Other/Support Staff |

B.    Assignment

| | |
|---|---|
| Case Assessment, Development, and Administration: | CA |
| Pre-Trial Pleading and Motions: | PT |
| Discovery: | D |
| Trial Preparation: | TP |
| Appeal: | A |
| Settlement: | S |

C:    Hours:  Billed by .25 (1.25 equals 75 minutes)

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/15/2004 | JAK | CA: contact counsel regarding expert meeting | 0.75 |
| 10/15/2004 | JAK | CA: confirmed expert meeting loc./time | 0.25 |
|  |  | TOTAL | 1 |
|  |  |  |  |
| 11/11/2004 | JAK | CA: Travel arrangement for expert Entman for Meeting | 0.5 |
|  |  | TOTAL | 0.5 |
|  |  |  |  |
| 12/14/2004 | JAK | CA: reservations Entman | 0.75 |
| 12/14/2004 | MDC | CA: Travel and meeting with Entman about support Vioxx | 14 |
|  |  | TOTAL | 14.75 |
|  |  |  |  |
| 4/10/2005 | MDC | CA: Phone calls to experts for MI support | 3.5 |
| 4/11/2005 | MDC | CA: Counsel Calls for expert guidance | 1.5 |
| 4/13/2005 | JAK | CA: review expert materials, complete packaging, Fed. Ex to experts | 7.25 |
| 4/14/2005 | JAK | CA: review packages for expert review and finishing shipping | 8.5 |
| 4/14/2005 | MDC | CA: Presentation to Myers for Stroke support | 13 |
| 4/18/2005 | JAK | CA: after expert and MDC travel arrangments | 1.5 |
| 4/18/2005 | JAK | CA: Correspondence regarding presentation equipment rental for meeting | 0.5 |
|  |  | TOTAL | 35.75 |
|  |  |  |  |
| 6/14/2005 | JAK | CA: ltr Expert payment Entman | 0.25 |
| 6/14/2005 | SKA | CA: Travel To FL meeting | 4.5 |
| 6/14/2005 | MDC | CA: Travel To FL meeting | 4.5 |
| 6/15/2005 | JAK | CA: confirm attendance to FL meeting | 0.25 |
| 6/15/2005 | JAK | CA: Presentation material for attorney materials | 3 |
| 6/15/2005 | JAK | CA: Travel arrangement for attorney meeting FL with TX PSC counsel | 1.5 |
| 6/15/2005 | SKA | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/15/2005 | MDC | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/16/2005 | SKA | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | SKA | CA: Travel return FL meeting | 4.5 |
| 6/16/2005 | MDC | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | MDC | CA: Travel return FL meeting | 4.5 |
| 6/28/2005 | JAK | CA: Travel confirmation FL | 0.75 |
| 6/29/2005 | SKA | CA: Meeting TX PSC regarding Doc. Review options and travel | 13 |
| 6/29/2005 | MDC | CA: Meeting TX PSC regarding Doc. Review options and travel | 13 |
|  |  | TOTAL | 77.75 |
|  |  |  |  |
| 7/12/2005 | JAK | CA: Arrange Attorney meeting with PSC regarding retained expert | 1.25 |
| 7/12/2005 | SKA | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| 7/12/2005 | MDC | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
|  |  | TOTAL | 10.25 |
|  |  |  |  |
| 8/15/2005 | JB | CA: review ocr docs. Expert review packages | 1 |
| 8/16/2005 | JB | CA: review ocr docs. Expert review packages | 4 |
|  |  | TOTAL | 5 |

Anastopoulo and Clore, LLC

Page 2

| Date | Staff | Description | Time |
|---|---|---|---|
| 9/1/2005 | JB | CA: review ocr docs. Expert review packages | 6.5 |
| 9/2/2005 | JB | CA: review ocr docs. Expert review packages | 3.25 |
| 9/19/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 16.75 |
| | | | |
| 10/4/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| 10/24/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 14 |
| | | | |
| 11/18/2005 | JSB | CA: Medical Data review for expert literature package | 4.5 |
| 11/22/2005 | JSB | CA: Medical Data review for expert literature package | 3.5 |
| | | TOTAL | 8 |
| | | | |
| 12/5/2005 | CW | CA: Binding and creation of CD for expert review | 6.5 |
| 12/9/2005 | JSB | CA: Medical Data review for expert literature package | 3.75 |
| 12/16/2005 | JSB | CA: Medical Data review for expert literature package | 3 |
| 12/17/2005 | JSB | CA: Medical Data review for expert literature package | 6.5 |
| 12/18/2005 | JSB | CA: Medical Data review for expert literature package | 6.5 |
| 12/19/2005 | JSB | CA: Medical Data review for expert literature package | 7 |
| 12/20/2005 | JAK | CA: Update Expert Folders | 7.5 |
| 12/21/2005 | JAK | CA: Update Expert Folders | 7.5 |
| | | TOTAL | 48.25 |
| | | | |
| 7/21/2006 | JAK | CA: Presentation materials for Press meeting NC | 0.5 |
| 7/21/2006 | JAK | CA: Materials for Tampa Meeting with experts SKA | 0.5 |
| 7/21/2006 | SKA | CA: Expert interview and presentation Tampa Fl | 16.5 |
| 7/21/2006 | MDC | CA: Expert interview and presentation Tampa Fl | 16.5 |
| | | TOTAL | 34 |
| | | | |
| 8/9/2006 | JAK | CA: Meeting arrangements for Motley Meeting NJ update | 2.25 |
| 8/9/2006 | JAK | CA: Meeting arrangements for Dallas meeting update TX | 1.5 |
| 8/9/2006 | SKA | CA: Attorney Meeting Dallas & Travel | 21 |
| 8/9/2006 | MDC | CA: Attorney Meeting Dallas & Travel | 21 |
| 8/28/2006 | SKA | CA: Update NJ & Motley on expert progress on Stroke experts | 3.25 |
| 8/28/2006 | MDC | CA: Update NJ & Motley on expert progress on Stroke experts | 3.25 |
| | | TOTAL | 52.25 |
| | | | |
| 9/14/2006 | SKA | D: OCR program review and outlining meetings and travel to Houston | 38 |
| 9/14/2006 | MDC | D: OCR program review and outlining meetings and travel to Houston | 38 |
| 9/20/2006 | JAK | CA: lt Expert payment Abramson | 0.25 |
| 9/21/2006 | MDC | CA: Consult Expert Entman | 1 |
| 9/22/2006 | JAK | CA: Houston Hearing materials packaged and forward ahead of meeting at ABW | 5 |
| | | TOTAL | 82.25 |

FAC Resp. Exhibit B -- 64

Page 3

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/10/2006 | JAK | CA: Shipping materials to PSC member for motion support | 1.25 |
| 10/10/2006 | JAK | CA: Expert contact for reports motion support | 2 |
| 10/10/2006 | JAK | CA: MDC phone conference set up | 0.5 |
| 10/10/2006 | JAK | PT: Prepare and Motion in Partial Summary Judgement by Merck TX | 23 |
| 10/10/2006 | MDC | PT: Prepare and Motion in Partial Summary Judgement by Merck TX | 23 |
| 10/11/2006 | SKA | D: Deposition TX | 8 |
| 10/11/2006 | MDC | D: Deposition TX | 8 |
| 10/11-31/200 | SKA | D: Travel to Depos and Hearing TX | 13 |
| 10/11-31/200 | MDC | D: Travel to Depos and Hearing TX | 13 |
| 10/27-29/200 | SKA | D: Deposition TX | 26 |
| 10/27-29/200 | MDC | D: Deposition TX | 26 |
| | | TOTAL | 143.75 |
| | | | |
| 11/7/2006 | JAK | CA: Case materials for TX trial selection | 8 |
| 11/7/2006 | JAK | CA: ltr Expert payment for Zane | 0.25 |
| 11/8/2006 | JAK | CA: Case materials for TX trial selection | 7.5 |
| 11/22/2006 | MDC | CA: Conference Sandleback | 0.5 |
| 11/22/2006 | MDC | CA: Review and consult with Abramson | 3.5 |
| | | TOTAL | 19.75 |
| | | | |
| 12/29/2006 | MDC | CA: Follow up with Abramson review | 2.5 |
| | | TOTAL | 2.5 |
| | | | |
| 1/10/2007 | MDC | PT: Report revisions for TX motion support Abramson | 6 |
| 1/21/2007 | JAK | CA: Update Trial Case materiasl for 1/22/07 Wilson Hearing | 3.5 |
| | | TOTAL | 9.5 |
| | | | |
| 2/2/2007 | JAK | CA: Deposition confirmation | 1.25 |
| 2/4/2007 | JAK | CA: Format change video depos | 0.5 |
| 2/28/2007 | MDC | PT: Travel and Meeting with Defense Counsel TX F&J | 21 |
| | | TOTAL | 22.75 |
| | | | |
| | | TOTAL FIRM TIME: | 598.75 |

I certify that the time documented above is accurate and correct and was incured for the common benefit of claimants in MDL 1657.

Signature: _____ Date: 10/25/2008

Reporting Period:
From /__ /__ 2004
To __ /__ 2004

Firm Name: Ansbacher & Cobra LLC

MDL 1657

Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identify if Attorney (A) Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (Insert number of hours) | Pre-Trial Pleadings and Motions (Insert number of hours) | Discovery (Insert number of hours) | Trial Preparation and Trial (Insert number of hours) | Appeal (Insert number of hours) | Total Hours by Individual | Summary/Total Hours by Firm Per Individual |
|---|---|---|---|---|---|---|---|---|
| Joanna Karliak | _A_ X_P _L_ _O | 1.0 | | | | | 1.0 | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| | _A_ _P _L_ _O | | | | | | | |
| **Total Firm Time** | | | | | | | | 1.0 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: 10/26/2005

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/15/2004 | JAK | CA: contact counsel regarding expert meeting | 0.75 |
| 10/15/2004 | JAK | CA: confirmed expert meeting loc./time | 0.25 |
| | | TOTAL | 1 |

MDL 1657

Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From _11/1/04_
To _11/3/04_

Firm Name: Anstrandis & Cbce, PC

| Name or Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Cumulative Total Hours by Each Firm Per ... |
|---|---|---|---|---|---|---|---|---|
| Diana Koslov | A _P_ L _O | .5 | | | | | .5 | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |
| | A _P_ L _O | | | | | | | |

Total Firm Time .5 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 68

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 11/11/2004 | JAK | CA: Travel arrangement for expert Entman for Meeting | 0.5 |
| | | TOTAL | 0.5 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From 12-1-2004
To 12-31-2004

Firm Name: Anastopoulo & Coe LLC

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Summary of Total Hours Each Firm Per Period |
|---|---|---|---|---|---|---|---|---|
| Ioann Kadish | A _P _L _O | .75 | | | | | .75 | |
| Nick Clore | A _P _L _O | 14 | | | | | 14 | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| Total Firm Time | | | | | | | | 14.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: December 31, 2005

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 70

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 12/14/2004 | JAK | CA: reservations Eritman | 0.75 |
| 12/14/2004 | MDC | CA: Travel and meeting with Eritman about support Vioxx | 14 |
| | | TOTAL | 14.75 |

Reporting Period:
From 4/1/2005
To 4/2/2005

Firm Name: Ainsworth & Ore LLC

## MDL 1657
## Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identity of Attorney (A) Paralegal (P) Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual |
|---|---|---|---|---|---|---|---|
| Mark Ore | _A _P _L _O | 18 | | | | | 18 |
| Bryan Kubicki | _A _P _L _O | 17.75 | | | | | 17.75 |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |

Total Firm Time: 35.75 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: 4/22/2005

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 72

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 4/10/2005 | MDC | CA: Phone calls to experts for MI support | 3.5 |
| 4/11/2005 | MDC | CA: Counsel Calls for expert guidance | 1.5 |
| 4/13/2005 | JAK | CA: review expert materials, complete packaging, Fed. Ex to experts | 7.25 |
| 4/14/2005 | JAK | CA: review packages for expert review and finishing shipping | 8.5 |
| 4/14/2005 | MDC | CA: Presentation to Myers for Stroke support | 13 |
| 4/18/2005 | JAK | CA: alter expert and MDC travel arrangments | 1.5 |
| 4/18/2005 | JAK | CA: Correspondence regarding presentation equipment rental for meeting | 0.5 |
| | | TOTAL | 35.75 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From 1-1-2005
To 1-31-2005

Firm Name: Anastopoulo & Clore LLC

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (Insert number of hours) | Pre-Trial Pleadings and Motions (Insert number of hours) | Discovery (Insert number of hours) | Trial Preparation and Trial (Insert number of hours) | Appeal (Insert number of hours) | Total Hours by Individual | Summary Total Hours Each Firm Per Period |
|---|---|---|---|---|---|---|---|---|
| Jenn Kaleck | A _P_ L _O | 5.75 | | | | | 5.75 | |
| Samuel Allen | A _P_ L _O | 36 | | | | | 36 | |
| Mark Clore | A _P_ L _O | 36 | | | | | 36 | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| | _A_ P _ L _ O | | | | | | | |
| **Total Firm Time** | | | | | | | | 77.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Date: 10/27/2005

Signature: [signature]

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 74

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 6/14/2005 | JAK | CA: ltr Expert payment Ertman | 0.25 |
| 6/14/2005 | SKA | CA: Travel To FL meeting | 4.5 |
| 6/14/2005 | MDC | CA: Travel To FL meeting | 4.5 |
| 6/15/2005 | JAK | CA: confirm attendance to FL meeting | 0.25 |
| 6/15/2005 | JAK | CA: Presentation material for attorney materials | 3 |
| 6/15/2005 | JAK | CA: Travel arrangement for attorney meeting FL with TX PSC counsel | 1.5 |
| 6/15/2005 | SKA | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/15/2005 | MDC | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/16/2005 | SKA | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | SKA | CA: Travel return FL meeting | 4.5 |
| 6/16/2005 | MDC | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | MDC | CA: Travel return FL meeting | 4.5 |
| 6/28/2005 | JAK | CA: Travel confirmation FL | 0.75 |
| 6/29/2005 | SKA | CA: Meeting TX PSC regarding Doc: Review options and travel | 13 |
| 6/29/2005 | MDC | CA: Meeting TX PSC regarding Doc: Review options and travel | 13 |
| | | TOTAL | 77.75 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From 7-1-2005
To 7-3-2005

Firm Name: Anapol Schwartz LLC

| Name of Individual | Identify if Attorney (A) Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (Insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (Insert number of hours) | Total Hours By Individual | Summary Total Hours for each Firm Participant |
|---|---|---|---|---|---|---|---|---|
| Jenn Korleski | A _P _L _O | 1.25 | | | | | 1.25 | |
| Samuel Allen | X A _P _L _O | 4.5 | | | | | 4.5 | |
| Kelly Carr | X A _P _L _O | 4.5 | | | | | 4.5 | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |

Total Firm Time _____ 10.25 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.
Signature: _____   Date: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 76

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 7/12/2005 | JAK | CA: Arrange Attorney meeting with PSC regarding retained expert | 1.25 |
| 7/12/2005 | SKA | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| 7/12/2005 | MDC | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| | | TOTAL | 10.25 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From: 10-1-2005
To: 12-31-2005

Firm Name: Anapol Schwartz & Clark

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Litigation and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | |
|---|---|---|---|---|---|---|---|---|
| Jean Pez Butler | ✓A _P_ _L_ _O | 5 | | | | | 5 | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |
| | _A_ _P_ _L_ _O | | | | | | | |

**Total Firm Time** 5 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: 4/28/2008

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 8/15/2005 | JB | CA: review ocr docs. Expert review packages | 1 |
| 8/16/2005 | JB | CA: review ocr docs. Expert review packages | 4 |
| | | TOTAL | 5 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From ___
To ___
Firm Name: Anapol Schwartz & Chr LLC

| Name of Individual | Identity of Attorney (A)/Paralegal (P)/Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (Insert number of hours) | Pro Trial/Settlement (Insert number of hours) | Discovery (Insert number of hours) | Trial Preparation and Trial (Insert number of hours) | Appeal (Insert number of hours) | Total Hours by Individual |
|---|---|---|---|---|---|---|---|
| Jennifer Parker | ☒A _P _L _O | 6.75 | | | | | 6.75 |
| Crystal White | _A _P _L _O | 7 | | | | | 7 |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| | _A _P _L _O | | | | | | |
| Total Firm Time | | | | | | | 16.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: ___  Date: 16.75

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 9/1/2005 | JB | CA: review ocr docs. Expert review packages | 6.5 |
| 9/2/2005 | JB | CA: review ocr docs. Expert review packages | 3.25 |
| 9/19/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 16.75 |

Reporting Period:
From ___10-3-2005___
To ___10-3-2005___

Firm Name: ___Anapol Schwartz & Cohen, LLC___

## MDL 1657
## Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identify if Attorney (A) Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment Development and Administration (enter number of hours) | Pre-trial Discovery Depositions (enter number of hours) | Discovery (enter number of hours) | Total Pre-Trial and Trial (enter number of hours) | Appeal (enter number of hours) | Total Individual |
|---|---|---|---|---|---|---|---|
| Gerald Lear | A _ P _ L _ O | 14 | | | | | 14 |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |

**Total Firm Time** ___14___ Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: __10/26/2005__

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/4/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| 10/24/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 14 |

**MDL 1657**

**Vioxx Products Liability Litigation Report of Member Firm Time**

Reporting Period:
From 1-1-2005
To 1-3-2005

Firm Name: Ancor Joule & Doe LLC

| Name of Individual | Identify if attorney (A)/Paralegal (P)/Law Clerk (L), or Other (O) | Case Assessment Development and Administration (insert number of hours) | Pretrial Litigation and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Package (insert number of hours) | Trial (insert number of hours) | Total Time by Individual |
|---|---|---|---|---|---|---|---|
| Joe Billings | A P L O | 8 | | | | | 8 |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |
| | A P L O | | | | | | |

**Total Firm Time**    8 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____

Date: 4/18/2005

Confidential Attorney Work Product

Last Printed: 4/18/2005