UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | * | MAG. JUDGE KNOWLES |
| FILER: Brian J. McCormick/Claudine Homolash | * | March 3, 2011 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE OBJECTION TO FEE ALLOCATION OUT OF TIME**

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted by Brian J. McCormick, Jr. and Claudine Q. Homolash on behalf of Sheller, P.C., in support of Sheller P.C.'s request for leave to file an objection out of time to the award recommendation by the Fee Allocation Committee ("FAC"). (A copy of Sheller, P.C.'s proposed Objection is attached hereto as Ex. "A.").

Sheller, P.C. respectfully requests that its Objection be deemed filed and that Sheller, P.C. be considered the eighteenth Objector supplementing the Court's Order of February 8, 2011. Additionally, Sheller, P.C. requests this Court immediately forward its Objection to Special Master Patrick A. Juneau for consideration pursuant to this Court's February 28, 2011 Order.

**FACTS**

On November 9, 2007, Merck and the court-appointed Plaintiffs' Negotiating Committee entered into a settlement of the captioned action. The Master Settlement Agreement provided as follows with respect to the allocation of attorneys' fees for common benefit work:

9.2.4. The Honorable Eldon E. Fallon will be asked to appoint a committee of eight plaintiffs' counsel which shall include all members of the NPC and two additional plaintiffs' attorneys to be responsible for recommending to the Honorable Eldon E. Fallon the allocation of awards of attorneys' fees from the Settlement Fee and Cost Account. In making its recommendation the "Allocation Committee" is to review the contemporaneous time records, or properly reconstructed time records and expense reports of all plaintiffs' counsel that request compensation for common benefit work, as audited by the CPA firm of Wegman Dazett. The Allocation Committee shall take into consideration the common benefit work of counsel in the MDL, and the work of counsel in the state litigations in Texas, California and New Jersey. The Allocation Committee shall be guided by these objective measures of common benefit counsel's contributions, in addition to their Subjective understanding of the relative contributions of counsel towards generating the Settlement Fund in accordance with established fee jurisprudence and subject to the approval of the Honorable Eldon E. Fallon in consultation with the Honorable Victoria G. Chaney, the Honorable Carol E. Higbee, and the Honorable Randy Wilson.

On November 20, 2007, the Court issued Pretrial Order No. 32, appointing members of the FAC. On September 15, 2008, the Court issued Pretrial Order 6(D) establishing the following fee allocation guidelines:

Substantively, the committee should look to general fee jurisprudence to identify the factors that should be applied in making appropriate allocations. The Johnson factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations. (Citation omitted).

At some unknown time, the FAC adopted the Point System Guide. On December 1, 2010, the FAC promulgated a fee allocation grid applying the Point System Guide.

On December 16, 2010, Sheller, P.C. presented its reasons for dissatisfaction with the recommended fee allocation to the FAC. See Objection to the Fee Allocation Committee's December 2, 2010 Recommendation, attached as Ex. "B"; see also Letter from S. Sheller to R. Herman and A. Birchfield, Jr. dated Dec. 20, 2010, Ex. "C." Specifically, Sheller, P.C. had requested $566,142.50 in common benefit fees. The FAC initially recommended an award of $43,684.42, which amounted to a 0.077 average rate multiplier.

On January 13, 2011, the FAC promulgated another fee allocation grid containing its recommended allocation of fees to certain claimants. On January 19, 2011, the FAC submitted

its Recommendation to the Court (the "FAC Recommendation"). The FAC Recommendation included a list of applicant firms that objected to the preliminary recommendation of the FAC with the amount requested by each objector. See Ex. "D." Sheller, P.C. is included on this list. See id.

The FAC Recommendation increased Sheller, P.C.'s initial award of $43,684.42 to $65,000.00, increasing its average rate multiplier from 0.077 to 0.08. See id.

On January 20, 2011, this Court entered an Order allowing anyone who objected to the FAC's preliminary allocation to object again by filing with the Court the materials they submitted to the FAC in connection with their prior objection, as well as any additional materials they wished to provide. Objections were due on February 4, 2011. Sheller, P.C. did not file a timely objection because it did not receive notice of the Court's Order. Accordingly, Sheller, P.C. respectfully requests that, in the interest of fairness, its Objections to the FAC's recommended allocation (attached hereto as Ex. "A") be deemed filed, that Sheller, P.C. be considered the eighteenth Objector, and that Sheller, P.C.'s Objections be forwarded to Special Master Patrick A. Juneau for consideration pursuant to this Court's February 28, 2011 Order.

## LEGAL ARGUMENT

The Louisiana federal courts apply a four-factor balancing test to evaluate when it is permissible to file a pleading after the deadline has passed. See, e.g., Rollins v. St. Jude Med., No. CIV.A.08-0387, 2009 WL 2601396, at *3 (W.D. La. Aug. 24, 2009). In determining whether good cause has been shown, the court should consider four factors: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice. Id.

Here, Sheller, P.C. filed an objection to its initial recommended award of $43,684.42 with the FAC, and followed with a telephone call expressing dissatisfaction with this amount. Unfortunately, Sheller, P.C. did not receive notice of the Court's January 20, 2011 Order setting a deadline for the filing of a formal objection. Sheller, P.C. only recently became aware of the deadline and immediately drafted these papers in an effort to promptly file an objection. Further, Sheller has contacted, and retained, Robert E. Arceneaux, Esq., counsel for the 17 Objectors. Since the filing of Sheller, P.C.'s Objection to the Fee Allocation Committee's December 2, 2010 Recommendation, the FAC has been on notice of Sheller, P.C.'s opposition to the amount allocated for common benefit work and the reasons for its objection. Thus, no prejudice will result from allowing Sheller, P.C. to place its formal objection on file with the Court and forwarding it to Special Master Juneau for consideration with the 17 other Objectors. To the contrary, if Sheller, P.C. is disallowed from filing its formal objection, it will be severely prejudiced since it was only awarded an average rate multiplier of 0.08 (or $35.63/hour) an amount substantially less than the reasonable amount it requested for the work performed.

## CONCLUSION

Based on the foregoing, Sheller, P.C. respectfully requests that its Objection to Objection to Fee Allocation Committee's January 19, 2011 Recommendation (attached as Ex. "A") be deemed timely filed and that its Objection be immediately forwarded to Special Master Patrick A. Juneau for consideration pursuant to this Court's February 28, 2011 Order.

5

| | |
|---|---|
| Dated: March 3, 2011 | /s/ Brian J. McCormick, Jr. |
| | Brian J. McCormick, Jr. |
| | Claudine Q. Homolash |
| | SHELLER, P.C. |
| | 1528 Walnut St. |
| | 3rd Floor |
| | Philadelphia, PA  19102 |
| | (215) 790-7300  office |
| | (215) 546-0942  fax |
| | bjmccormick@sheller.com |
| | chomolash@sheller.com |

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Motion for Leave to File Objection to Fee Allocation Out of Time has been served on co-lead counsel Russ Herman and Christopher Seeger, and Liaison Counsel, Andy Birchfield, as well as Defendant's Liaison Counsel Phillip Wittman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File and Serve Advanced in accordance with Pre-trial Order No. 8, on this date, March 3, 2011.

                                                       /s/ Robert E. Arceneaux