September 14, 2006

**BCM**
Baylor College of Medicine
Mark L. Entman, M.D.
William J. Osher Professor of
  Cardiovascular Research
Chief, Section of Cardiovascular Sciences
Department of Medicine
Scientific Director, The DeBakey Heart Center
Baylor College of Medicine
One Baylor Plaza, Mailstation BCM620
Houston, Texas 77030
TEL: (713) 798-4188
FAX: (713) 796-0015
E-mail: mentman@bcm.tmc.edu

VIA FACSIMILE:   (713) 238-7852

Mr. Michael T. Gallagher
THE GALLAGHER LAW FIRM
Two Shell Plaza
777 Walker Street, Suite 2500
Houston, TX  77002

Re:  Rofecoxib (Vioxx)

Dear Mr. Gallagher:

    This letter is in response to your request regarding the use of the cyclooxygenase 2-specific blocker, Vioxx, in anti-inflammatory treatment and its cardiovascular side-effects.  You have asked me to include in my opinion the following issues:

    1)    Mechanism of action and rationale

    2)    Cox-2 specific physiologic functions and potential consequences of their inhibition

    3)    Consequences of cox-2 inhibition - clinical trials

    4)    Response by Merck

    During the course of the remainder of this report, I will utilize the terms "Vioxx" in discussing the mechanism and consequences of cox-2 inhibitors; while this class of drugs generally shares pharmacological properties, Vioxx appears to have the highest level of cardiovascular side-effects.  This latter selective effect of Vioxx will not be addressed in this report.

    1)    <u>Mechanism of action and rationale:</u>  The mechanism of action of Vioxx arises from its specific inhibition cyclooxygenase 2 (cox-2) which is the rate limiting enzyme in the production of prostaglandins in leukocytes (white blood cells).  This inhibition of white blood cells decreases inflammatory reactions and it was suggested that selectivity of Vioxx for cox-2 would produce less gastrointestinal side-effects than an non-selective cyclooxygenase inhibitors.  These gastrointestinal side-effects occur mainly in the stomach.  Protection of the stomach from locally produced acid requires production of prostaglandins which are the main products of cyclooxygenase enzymes.  In the stomach, the cyclooxygenase responsible for prostaglandin production and acid resistance is cyclooxygenase 1.  Thus, there is a significant incidence of peptic ulcer associated treatment with non-selective cyclooxygenase blocking drugs.  It is important to point out, however, that alternative approaches are available to deal with this problem involving inhibition of acid formation in the stomach with H-ATPase blockers.  However, the possibility that a single treatment could provide anti-inflammatory effects without gastrointestinal side-effects was attractive.

    The clinical studies failed to demonstrate a striking effect.  In fact, cox-2 inhibitors when compared to against placebo continued to generate adverse gastrointestinal effects.  In comparison to non-selective cox inhibitors, the company's VIGOR study showed about 50% reduction in ulcer formation but no difference in gastrointestinal mortality.

Page two
Letter to: Mr. Michael T. Gallagher
September 14, 2006

    2)   <u>Cox-2 specific physiologic functions and potential consequences of their inhibition:</u>  The initial design of the cox-2 inhibitors was to inhibit that enzyme in leukocytes while leaving cox-1 inhibited to allow protection of the gastric mucosa.  Selective distribution of cox-2 occurs in other organs in the body in addition to leukocytes and I will concentrate on two.  It should be noted at the start that, as is in leukocytes, cox-2 is inducible so that the levels in a given organ could change in response to pathologic stimuli such as inflammation.  Cox-2 is the selective isoenzyme found in endothelial cells where it is responsible for the production of PGI2.  PGI2 is an inhibitor of platelet aggregation; it functions as a protective mechanism against intravascular arterial clotting.  Its inhibition has been associated in the experimental laboratory with increased likelihood of intraarterial clot formation and THIS DELETERIOUS EFFECT OF COX-2 INHIBITION OCCURS EVEN IN THE PRESENSE OF ASPIRIN BLOCKED PLATELET THROMBOXANE FORMATION AND AGGREGATION.  As noted above, this enzyme is inducible at the sight of inflammation.  A paper as early as 1999, demonstrated augmented expression of cox-2 at the site of a human atherosclerotic lesions suggesting that the inflammatory component of atherosclerosis induced this enzyme which potentially functions to protect against the formation of clot on the surface of the atherosclerotic lesion which is the mechanism of thrombotic complications of atherosclerosis.

    Cox-2 is also preferentially expressed in the blood vessels of the kidney.  Whereas cox-1 was distributed more generally.  The localization of cox-2 suggests that this enzyme may be primarily involved in the regulation of "renal perfusion and glomerular hemodynamics".  Thus, it is critical to blood pressure regulation.

    3)   <u>Consequences of cox-2 inhibition – clinical trials:</u>  While small studies and laboratory studies warned about Vioxx's possible cardiovascular risk, this report will not pursue the entire history.  In March of 2000, a study (VIGOR) found Vioxx patients had double the rate of serious cardiovascular problems when compared to Naproxen, an older non-selective cyclooxyenase inhibitor.  The VIGOR data revealed that a Vioxx treated patient was 5 times more likely to suffer a heart attack when compared to Naproxen and 2.3 times more likely to suffer acute cardiovascular event when compared to Naproxen.  A simultaneous study from Europe (EULAR) also showed that Vioxx use resulted in the statistically significant increase in hypertension and myocardial infarction in June 2000.  The results from the VIGOR study reported in the *New England Journal of Medicine* in November of 2000 and was quite indirect with respect to the severity of the cardiovascular risks.  In fact, in 2005, the editors of the *New England Journal of Medicine* discovered that the study actually underreported the number of heart attacks the patient's taking Vioxx and corrected this error.  However, the results of these studies led an FDA advisory panel to require a label warning of possible links to cardiovascular problems.  In February of 2001, the FDA concluded that the potential advantage of decreasing risk of gastrointestinal side-effects are paralleled by an increased risk of developing cardiovascular thrombotic events.  In discussing the overall safety in the VIGOR study, the FDA found that there were more overall deaths among the Vioxx group than that taking Naproxen.  By 2001, the concern over Vioxx safety had been found in the National Press as well as in the professional literature.  A paper entitled "Risk of cardiovascular events associated with selective cox-2 inhibitors" was published in *The Journal of the American Medical Association (JAMA)* and emphasized that these inhibitors associated with increase in cardiovascular events.  The paper stated that Merck had underreported the relative risks of developing a "confirmed adjudicated thrombotic cardiovascular event".  The study reported that the risk of all patients is increased 2.38 time when compared to Naproxen users.  In addition, the patients in whom aspirin was indicated (i.e. high risk for cardiovascular disease) risk of developing serious cardiovascular events Vioxx therapy was increased 4.89 times.  Since that time, these findings

Page three
Letter to:  Mr. Michael T. Gallagher
September 14, 2006

have been confirmed by other studies.  However, it was not until the APPROVe study that the drug was taken off the market.

The APPROVe trial is very informative and was initiated by the company to evaluate the possibility that Vioxx might be helpful in reducing the risk of colorectal adenomas.  To avoid the likelihood of cardiovascular complications, patients with high blood pressure, history of heart attack, recent coronary angiograms, recent history of heart failure, bypass surgery, or cerebral vascular events within the previous two years were excluded.  Despite those precautions, the Vioxx treated group had a increase risk of confirmed thrombotic events in both the cardiovascular and cerebral vascular area.

The overall conclusion from these studies (which is now generally accepted) is that cox-2 inhibition by Vioxx increases the risk of unstable vascular thrombotic events.  The studies on the whole suggest that patients who are at higher risk to develop thrombotic complications are most severely effected by cox-2 inhibition.  This result might be anticipated based on the perception that cox-2 can be induced at the site of atherosclerotic lesions where the risk of platelet aggregation and intravascular thrombosis is highest.

4)  <u>Response by Merck:</u>  This portion of my report represents my response as a physician with a background in cardiology and research interest in cardiovascular injury.  I do not feel qualified to deliver a legal opinion regarding Merck's actions.  Moreover, "who knew what and when" is better discussed by people more expert in the drug regulation area.  However, there is some discussion of tha issue contained herein.

There is no question that the VIGOR study should had sounded an alarm to Merck.  Adequate basic science information was present to suggest that such a complication might occur and findings in the VIGOR and EULAR studies in 2000 dictated prompt action.  At the very least, further studies were indicated to evaluate this risk of potential dangers to the patient population.  Indeed, the work from the Cleveland Clinic which reanalyzed the data dictated at least a warning that this drug would not be suitable for people at risk for serious cardiovascular events.  The FDA was similarly concerned.  In September of 2001, they warned Merck that they had been deceptive in their promotional campaign and had not adequately publicized the increased dangers of myocardial infarction associated with Vioxx treatment.  During that time, aggressive marketing of Vioxx occurred throughout the medical community.  In addition to promoting this to professionals, television campaigns lauding the benefits of Vioxx were plentiful and utilized personal testimony of former Olympic athletes.  Despite continued FDA warnings, this aggressive campaign of sales continued and Merck continued to minimize the health risks of Vioxx.

Throughout the post-2000 era until Vioxx was withdrawn from the market in late September 2004, there are a variety of studies suggesting its association with both thrombotic cardiovascular events as well as hypertension which is, in itself, a risk factor for producing thrombotic cardiovascular events.  These studies were reported throughout medical literature and it is certain that Merck was aware of them.  A variety of cardiovascular scientists with whom Merck had worked before went public with their concerns, two of the most prominent and gifted where Eric Topol, Chief of the Cardiovascular Division of the Cleveland Clinic and Peter Libby, Chief of Cardiology at Harvard Medical School and the Brigham Hospital.

Page four
Letter to: Mr. Michael T. Gallagher
September 14, 2006

In my opinion, Merck neglected and/or deemphasized numerous danger signals while aggressively marketing their drug. The results were that many patients' who took this drug had increased cardiovascular events which manifested themselves in a variety of adverse health outcomes.

Summary:   Vioxx is a prototypical cox-2 inhibitor. Cox-2 plays an important protective roles in the kidney and blood vessels so that its inhibition carries with it a variety of cardiovascular effects. Specifically, blockade of cox-2 promotes intravascular clotting which is more likely to occur at the site of an atherosclerotic lesion where the enzyme level is frequently highest. Indeed, in a laboratory study, blockade of cox-2 even prevented the protective effects of aspirin on intra-arterial clotting. In the kidney, blockade of cox-2 alters vascular function within the kidney and is associated with hypertension. The latter also increases risk of acute vascular event. Substantially all of the research findings described in this paragraph were present in solid research publications by 2001 and all pointed to the possibility that complications of cox-2 inhibition might therefore occur. These concerns were borne out in the year 2000 by the VIGOR and EULAR studies as well as by subsequent studies. Despite these findings, the drug was aggressively marketed and FDA warnings to the company went unheeded. This resulted in a large increase in cardiovascular events associated with Vioxx-treated patients. In my opinion, the company was not sufficiently responsive to the data from their own study and strongly resisted the suggestions present within the literature from other studies as well as the FDA. This lack of responsiveness was responsible for a tragic number of cardiovascular and cerebrovascular events.

Sincerely yours,

Mark L. Entman, M.D.
William J. Osher Professor of Cardiovascular Research
Chief, Section of Cardiovascular Sciences
Department of Medicine,
Scientific Director, The DeBakey Heart Center
Baylor College of Medicine and The Methodist Hospital

MLE:cm
MT Gallagher Vioxx ltr

Attachment "C"

**Reporting Period:**
From _11 - 7 - 2006_
To _11 - 30 - 2006_          **Firm Name:** _Anastopoulo & Clore LLC_

| MDL 1657 - VIOXX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM: _11-7-2006_   THROUGH: _11/2006_ | |
|---|---|
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research - Lexis/Westlaw | |
| Telephone - long distance (actual charges only) | |
| Travel | |
| ~~Secretarial and clerical overtime~~ _Expert Retainer_ | 2,125 $^{00}$ |
| **TOTAL COSTS** | 2,125 $^{00}$ |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_[signature]_          _10/29/2008_
Signature                 Date

# Expert Retainer

# Dr. Richard Zane

Located and retained Dr. Zane to participate in Vioxx consolidated litigation.  Enclosed is
a copy of the retainer check, and cover letter.

**ANASTOPOULO AND CLORE, LLC**
**OPERATING ACCOUNT**
706 ORLEANS RD
CHARLESTON, SC 29407
PH. (843) 722-8070

Bank of America
ACH R/T 053904483

10510

67-448/539 SC
2940

11/07/2006

A, TO THE
RDER OF          Richard Zane, M.D.                                    $ **2,125.00

Two thousand one hundred twenty-five and 00/100************************************************************** DOLLARS

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

Reck, Freddie

MEMO

⑆0 10510⑈  ⑆053904483⑈  000773672545⑈                    ⑆0000211500⑈





Brigham and Women's Hospital
Department of Emergency Medicine
75 Francis Street; Neville House
Boston, MA 02115

# FAX COVER SHEET

Date: 11/7/06

Number of Pages
Including Cover Sheet: 2

To: Joann

Phone:

FAX: 843 722 9881

CC:

From: Zane

Department of Emergency Medicine
Brigham and Women's Hospital

Phone: (617) 732- 5533

FAX: (617) 264-6848

REMARKS:  ☐ Urgent   ☑ For Your Review   ☐ Please Reply ASAP   ☐ Please Comment

The document accompanying this transmission contains confidential information intended for a specific individual(s) and purpose. The information is private and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this transmission in error, please contact the above sender by telephone for instructions. Thank you.

FAC Resp. Exhibit B -- 50

DECK EXPERT

| Form **W-9** (Rev. November 2005) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** | Give form to the requester. Do not send to the IRS. |
|---|---|---|

See Specific Instructions on page 2. / Print or type

**Name (as shown on your income tax return)**
Richard D. Zane

**Business name, if different from above**

Check appropriate box: ☑ Individual/ Sole proprietor   ☐ Corporation   ☐ Partnership   ☐ Other ▶ ............   ☐ Exempt from backup withholding

**Address (number, street, and apt. or suite no.)**
160 Glezen Lane

**City, state, and ZIP code**
Wayland, MA 01778

Requester's name and address (optional)

**List account number(s) here (optional)**

**Part I   Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number: 1 4 6 - 5 6 - 8 1 5 3
or
Employer identification number

**Part II   Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

Sign Here   Signature of U.S. person ▶   Date ▶ 11/7/06

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

U.S. person. Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

In 3 above, if applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

For federal tax purposes, you are considered a person if you are:

● An individual who is a citizen or resident of the United States,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, or

● Any estate (other than a foreign estate) or trust. See Regulations sections 301.7701-6(a) and 7(a) for additional information.

Special rules for partnerships. Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X

Form **W-9** (Rev. 11-2005)

**1010 Operating**    Reck, Freddie                                      2,125.00

37211

# ANASTOPOULO & CLORE, LLC
**ATTORNEYS AT LAW**
*706 ORLEANS ROAD*
*CHARLESTON, SOUTH CAROLINA 29407*
TELEPHONE: (843) 722-8070
TOLL FREE: (800) 610-2546
FACSIMILE: (843) 722-9881

AKIM A. ANASTOPOULO (SC)
CONSTANCE A. ANASTOPOULO (SC)
SAMUEL K. ALLEN (DC, SC)
JOHN P. HAYES (MI, NC, OK, PA, SC)
DANIEL C. ZICKEFOOSE (SC)

MARK D. CLORE (DC, GA, NC, OK, SC, TX) ▲★◆
ROBERT A. BERRY (SC, TX) ▲
ERIC S. BROCK (GA, SC)
ROBERT J. LOWE, JR. (DC, MD, SC, VA)+

▲ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW, TEXAS BOARD OF LEGAL SPECIALIZATION
★ CERTIFIED CIVIL TRIAL LAW, NATIONAL BOARD OF TRIAL ADVOCACY
◆ DIPLOMAT, MEDICAL PROFESSIONAL LIABILITY, AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS
+ OF COUNSEL

November 7, 2006

*__Via Federal Express__*
Richard Zane, M.D.
Department of Emergency Medicine
Brigham & Women's Hospital
75 Francis Street
Neville House
Boston, MA  02115

Re:   Cause No. 2006-12405; *Collen Reck, Individually and as Personal Representative and Executrix of the Estate of Freddie Garland Reck, Deceased, D'Lene Reck Sandleback, Cheri Reck Mann and Frances Chauveaux Reck vs. Merck & Company, Inc.;* In the 157th Judicial District Court in and for Harris County, Texas (Trial Court:  Judicial District Court, Tarrant County, Texas, Cause No. 141-216271 06)

Dear Dr. Zane:

Enclosed please find for your review the medical and hospital records in connection with the above-referenced case as follows:

1.   Albertsons Pharmacy Records, 7161 I-40 West, Amarillo Texas (Bates Stamped ReckF-AlbertsonPhar - 00001-00011) ;

2.   Amarillo Cardiovascular Center Affidavit of No Records (Bates Stamped ReckF-AmriloCardCtrMR-00001-00003);

3.   Amarillo Diagnostic Clinic, P.A. (Bates Stamped ReckF-AmarilloDiagCl-00001-00012);

4.   Amarillo Family Physicians Clinic, P.A. (Bates Stamped ReckF-AmarilloFamPhy-0001-00118);

5.   Berg, Howard, L., M.D. (Bates Stamped ReckF-BergHMD-00001-00049);

6.   BSA Health System Baptist Campus (Bates Stamped ReckF-BSAHSBaptCamp-00001-00084);

7.   Dillman, Richard D., M.D. (Bates Stamped ReckF-DillmanRMD-00001-00008);

November 7, 2006
Page 2 of 2

8.      Kendall, Michael DPM, PhD.
        (Bates Stamped ReckF-KendallMDPMPhD-00001-00014);

9.      Northwest Surgery Center
        (Bates Stamped ReckF-NWSurgCtr-00001-00031);

10.     Northwest Texas Healthcare System
        (Bates Stamped ReckF-MWTXH1thCrSys-00001-00210);

11.     Odyssey Healthcare Services
        (Bates Stamped ReckF-OdysseyHCSvc-00001-00126);

12.     Sudhakar, Dr. Sivaram
        (Bates Stamped ReckF-SudhakarSMD-00001-00011);

13.     Prescription History -- Detailed for Freddie Reck from Caremark, Inc.;

14.     Death Certificate of Freddie Garland Reck (Bates Stamped ReckF-
        TxDeptHBureau 00001-00005); and

15.     Plaintiff Profile Form (w/o Exhibits).

I will be calling you early next week to discuss your thoughts on the same.

Also enclosed is our firm check in the amount of $2,125.00 as your retainer for
review up to five (5) hours.

Thank you for your attention to this matter.

                                Very truly yours,

                                Mark D. Clore

MDC/jak
Enclosures

Bank of America
ACH R/T 053904483

10510

*ANASTOPOULO AND CLORE, LLC*
*OPERATING ACCOUNT*
*706 ORLEANS RD*
*CHARLESTON, SC  29407*
*PH. (843) 722-8070*

67-448/539 SC
294(

11/07/2006

PAY TO THE
ORDER OF ___Richard Zane, M.D.___                                    $ **2,125.00

___Two thousand one hundred twenty-five and 00/100*******************************************************___ DOLLAR:

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

Reck, Freddie

MEMO_____

⑈0ⴑ0 510⑈  ⑈053904483⑈  000773672545⑈

ANASTOPOULO AND CLORE, LLC                                           10510

11/07/2006        Richard Zane, M.D.
                       Expert Review                                 2,125.00

From:  Origin ID: (843)722-8070
Jo Korleski
Anastopoulo & Clore, LLC
706 Orleans Road

Charleston, SC 29407

**FedEx** Express

**E**

CLS 150 586/19073

Ship Date: 07NOV06
ActWgt: 8 LB
System#: 4416902/INET2500
Account#: S ********

REF: Reck v. Merck



Delivery Address Bar Code

SHIP TO:  (617)525-6848      BILL SENDER

**Richard Zane, M.D.**
**Brigham & Women's Hospital**
**75 Francis Street**
**Nevelle House**
**Boston, MA 02115**



**PRIORITY OVERNIGHT**                    **WED**

TRK# **7911  6213  4749**   FORM 0201        Deliver By:
08NOV06

**BOS**    A1

**02115**   -MA-US

**XH XLCA**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

MASTER DOCKET NO. 2005-59499

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| TEXAS STATE VIOXX | § | HARRIS COUNTY, TEXAS |
| LITIGATION | § | |
| | § | 157TH JUDICIAL DISTRICT |

CAUSE NO. 2006-12405

| | | |
|---|---|---|
| COLLEEN RECK, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL | § | OF |
| REPRESENTATIVE AND | § | |
| EXECUTRIX OF THE ESTATE OF | § | HARRIS COUNTY, TEXAS |
| FREDDIE GARLAND RECK, | § | |
| DECEASED, D'LENE RECK | § | (Trial Court: |
| SANDLEBACK, CHERI RECK | § | 141st Judicial District |
| MANN AND FRANCES | § | Tarrant County, Texas |
| CHAUVEAUX RECK | | Cause No. 141-216271-06) |
| | § | |
| VS. | § | |
| | § | |
| MERCK & CO., INC. | § | 157TH JUDICIAL DISTRICT |

## INDEX OF MERCK & CO., INC.'S REPOSITORY DOCUMENTS

1.   Albertsons Pharmacy Records, 7161 I-40 West, Amarillo Texas
     (Bates Stamped ReckF-AlbertsonPhar - 00001-00011) ;

2.   Amarillo Cardiovascular Center Affidavit of No Records
     (Bates Stamped ReckF-AmriloCardCtrMR-00001-00003);

3.   Amarillo Diagnostic Clinic, P.A.
     (Bates Stamped ReckF-AmarilloDiagCl-00001-00012);

4.   Amarillo Family Physicians Clinic, P.A.
     (Bates Stamped ReckF-AmarilloFamPhy-0001-00118);

5.   Berg, Howard, L., M.D.
     (Bates Stamped ReckF-BergHMD-00001-00049);

6.   BSA Health System Baptist Campus
     (Bates Stamped ReckF-BSAHSBaptCamp-00001-00084);

7.    Dillman, Richard D., M.D.
      (Bates Stamped ReckF-DillmanRMD-00001-00008);

8.    Kendall, Michael DPM, PhD.
      (Bates Stamped ReckF-KendallMDPMPhD-00001-00014);

9.    Northwest Surgery Center
      (Bates Stamped ReckF-NWSurgCtr-00001-00031);

10.   Northwest Texas Healthcare System
      (Bates Stamped ReckF-MWTXH1thCrSys-00001-00210);

11.   Odyssey Healthcare Services
      (Bates Stamped ReckF-OdysseyHCSvc-00001-00126);

12.   Sudhakar, Dr. Sivaram
      (Bates Stamped ReckF-SudhakarSMD-00001-00011);

13.   Prescription History -- Detailed for Freddie Reck from Caremark, Inc.;

14.   Death Certificate of Freddie Garland Reck (Bates Stamped ReckF-
      TxDeptHBureau 00001-00005); and

15.   Plaintiff's Profile Form (w/o exhibits).

Bank of America
ACH R/T 053904483

10510

67-448/539 SC
294C

*ANASTOPOULO AND CLORE, LLC*
*OPERATING ACCOUNT*
*706 ORLEANS RD*
*CHARLESTON, SC  29407*
*PH. (843) 722-8070*

11/07/2006

PAY TO THE
ORDER OF      Richard Zane, M.D.                                    $ **2,125.00

Two thousand one hundred twenty-five and 00/100************************************************************** DOLLAR\$

Richard Zane, M.D.
Brigham & Women's Hospital
75 Francis St.
Neville House
Boston, MA  02115 USA

Reck, Freddie

MEMO

⑈0▪0510⑈ ⑈053904483⑈ 000773672545⑈

ANASTOPOULO AND CLORE, LLC                                    1051C

11/07/2006      Richard Zane, M.D.

Expert Review                                    2,125.00

Clifton W. Newlin
Robert D. Watkins
Edward G. Berbuesse, Jr.
Jon S. Folse



WEGMANN DAZET & COMPANY
A PROFESSIONAL CORPORATION
CERTIFIED PUBLIC ACCOUNTANTS

Mark D. Bohnet

Lisa D. Englade
Kerney F. Craft, Jr.

Philip A. Garrett

October 3, 2008

Anastopoulo & Clore, LLC
706 Orleans Road
Charleston, SC  29407

Re: MDL 1657   Section L
*In Re:* Vioxx Liability Litigation

Sir or Madam:

Your submission of ✓ Time, and/or ✓ Held Expenses for the month(s) of June 2004 - June 2008 is not in compliance with Vioxx Time and Expense Billing Guidelines. Your submission is being rejected for the following reason(s) checked below:

**Time Submitted:**

☒ Time prior to April 8, 2005 is not allowed.

☐ Time submitted is not related to matters common to all claimants.

☐ Time Record Summary form missing.  See attached form titled "MDL 1657 Vioxx Products Liability Litigation Report of Member Firm Time."

☐ Time Record Summary form not authorized by senior partner.

☒ Time Record Summary form not recorded in quarter hour increments (i.e. .25, .50, .75).

☐ Daily time records not submitted.

☒ Daily time records not submitted in proper format. (i.e. Time records are to be submitted by month and by timekeeper.)

☒ Other: Please separate MDL time by month (example Jan 1- Jan 31 2004). Time must be in .25 hour increments. No time prior to April 8, 2005 is allowed.

**Costs Submitted:**

☒ Cost prior to April 8, 2005 is not allowed.

☐ Held costs submitted are not related to matters common to all claimants.

☐ Costs Record Summary form for held expenses missing.  See form attached titled "MDL 1657 Vioxx Products Liability Litigation Common Held Costs and Expenses."

☐ Cost Record Summary form for held expenses not authorized by senior partner.

☒ Receipts and/or detailed costs support were not submitted Please provide receipts to support summary form.

WEGMANN DAZET & COMPANY | A PROFESSIONAL CORPORATION | CERTIFIED PUBLIC ACCOUNTANTS
MEMBERS: AICPA PRIVATE COMPANIES PRACTICE SECTION | AN INDEPENDENT MEMBER OF THE BDO SEIDMAN ALLIANCE
NEW ORLEANS OFFICE | 111 VETERANS BLVD. | SUITE 800 | METAIRIE | LA 70005
NORTHSHORE OFFICE | 109 NEW CAMELLIA BLVD. | SUITE 100 | COVINGTON | LA 70433
(504) 837-8844 | FAX (504) 837-0856 | WWW.WDCO.BIZ

FAC Resp. Exhibit B -- 60

☐ Airfare not acceptable.  First class airfare shall only be allowed for cross-country flights in excess of four hours of non-stop flight time or international flights.  Reason for rejection:

_____

☐ Hotel rate greater than $250 per night or the **average** room rate of the Hyatt, Hilton and Marriott hotels in that city.

✗ Other: please separate mdl held cost by month.

Each month for time and held cost must have separate summary forms signed by senior partner.

Please correct and resubmit within 90 days.

**Vioxx Time and Expense Billing Guidelines were issued on April 8, 2005 in Pre-Trial Order #6.** This document sets forth the procedures and forms implemented by Plaintiffs' Liaison Counsel.  Please reference these guidelines for all submissions.  Only submissions for common MDL matters may be made.

**This will be your final notice.  If we don't receive a response within 90 days, we will assume a final acceptance on the approved portion of the submission only.  There will be no changes made after the 30 days have been expired.**  Our mailing address is Wegmann-Dazet & Company, 111 Veterans Memorial Blvd., Suite 800, Metairie, Louisiana, 70005 or you may email the information to vioxxmdl@wdco.biz.  If you have any questions, please contact Kristine Megna or myself at (504) 837-8844.

Very truly yours,

WEGMANN DAZET & COMPANY

*Clifton W. Newlin CPA/MR*

Clifton W. Newlin, CPA

Enclosure

Copy:   Leonard A. Davis
          Herman, Herman, Katz & Cotlar

# Anastopoulo & Clore, LLC

## Common Benefit Billable Time

Key:

A.    Staff Position:

| Mark D. Clore | MDC | Attorney/Partner |
| Samuel K. Allen | SKA | Attorney/Partner |
| Jennifer Barber | JB | Attorney/Associate |
| Joann Korleski | JAK | Paralegal |
| Joy Bollinger | JSB | Other/Staff R.N. |
| Crystal Wade | CW | Other/Support Staff |

B.    Assignment

| Case Assessment, Development, and Administration: | CA |
| Pre-Trial Pleading and Motions: | PT |
| Discovery: | D |
| Trial Preparation: | TP |
| Appeal: | A |
| Settlement: | S |

C:    Hours:  Billed by .25 (1.25 equals 75 minutes)

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/15/2004 | JAK | CA: contact counsel regarding expert meeting | 0.75 |
| 10/15/2004 | JAK | CA: confirmed expert meeting loc./time | 0.25 |
| | | TOTAL | 1 |
| | | | |
| 11/11/2004 | JAK | CA: Travel arrangement for expert Entman for Meeting | 0.5 |
| | | TOTAL | 0.5 |
| | | | |
| 12/14/2004 | JAK | CA: reservations Entman | 0.75 |
| 12/14/2004 | MDC | CA: Travel and meeting with Entman about support Vioxx | 14 |
| | | TOTAL | 14.75 |
| | | | |
| 4/10/2005 | MDC | CA: Phone calls to experts for MI support | 3.5 |
| 4/11/2005 | MDC | CA: Counsel Calls for expert guidance | 1.5 |
| 4/13/2005 | JAK | CA: review expert materials, complete packaging, Fed. Ex to experts | 7.25 |
| 4/14/2005 | JAK | CA: review packages for expert review and finishing shipping | 8.5 |
| 4/14/2005 | MDC | CA: Presentation to Myers for Stroke support | 13 |
| 4/18/2005 | JAK | CA: alter expert and MDC travel arrangments | 1.5 |
| 4/18/2005 | JAK | CA: Correspondence regarding presentation equipment rental for meeting | 0.5 |
| | | TOTAL | 35.75 |
| | | | |
| 6/14/2005 | JAK | CA: ltr Expert payment Entman | 0.25 |
| 6/14/2005 | SKA | CA: Travel To FL meeting | 4.5 |
| 6/14/2005 | MDC | CA: Travel To FL meeting | 4.5 |
| 6/15/2005 | JAK | CA: confirm attendance to FL meeting | 0.25 |
| 6/15/2005 | JAK | CA: Presentation material for attorney materials | 3 |
| 6/15/2005 | JAK | CA: Travel arrangement for attorney meeting FL with TX PSC counsel | 1.5 |
| 6/15/2005 | SKA | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/15/2005 | MDC | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/16/2005 | SKA | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | SKA | CA: Travel return FL meeting | 4.5 |
| 6/16/2005 | MDC | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | MDC | CA: Travel return FL meeting | 4.5 |
| 6/28/2005 | JAK | CA: Travel confirmation FL | 0.75 |
| 6/29/2005 | SKA | CA: Meeting TX PSC regarding Doc. Review options and travel | 13 |
| 6/29/2005 | MDC | CA: Meeting TX PSC regarding Doc. Review options and travel | 13 |
| | | TOTAL | 77.75 |
| | | | |
| 7/12/2005 | JAK | CA: Arrange Attorney meeting with PSC regarding retained expert | 1.25 |
| 7/12/2005 | SKA | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| 7/12/2005 | MDC | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| | | TOTAL | 10.25 |
| | | | |
| 8/15/2005 | JB | CA: review ocr docs. Expert review packages | 1 |
| 8/16/2005 | JB | CA: review ocr docs. Expert review packages | 4 |
| | | TOTAL | 5 |

Anastopoulo and Clore, LLC

Page 2

| Date | Staff | Description | Time |
|---|---|---|---|
| 9/1/2005 | JB | CA: review ocr docs. Expert review packages | 6.5 |
| 9/2/2005 | JB | CA: review ocr docs. Expert review packages | 3.25 |
| 9/19/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 16.75 |
| | | | |
| 10/4/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| 10/24/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 14 |
| | | | |
| 11/18/2005 | JSB | CA: Medical Data review for expert literature package | 4.5 |
| 11/22/2005 | JSB | CA: Medical Data review for expert literature package | 3.5 |
| | | TOTAL | 8 |
| | | | |
| 12/5/2005 | CW | CA: Binding and creation of CD for expert review | 6.5 |
| 12/9/2005 | JSB | CA: Medical Data review for expert literature package | 3.75 |
| 12/16/2005 | JSB | CA: Medical Data review for expert literature package | 3 |
| 12/17/2005 | JSB | CA: Medical Data review for expert literature package | 6.5 |
| 12/18/2005 | JSB | CA: Medical Data review for expert literature package | 6.5 |
| 12/19/2005 | JSB | CA: Medical Data review for expert literature package | 7 |
| 12/20/2005 | JAK | CA: Update Expert Folders | 7.5 |
| 12/21/2005 | JAK | CA: Update Expert Folders | 7.5 |
| | | TOTAL | 48.25 |
| | | | |
| 7/21/2006 | JAK | CA: Presentation materials for Press meeting NC | 0.5 |
| 7/21/2006 | JAK | CA: Materials for Tampa Meeting with experts SKA | 0.5 |
| 7/21/2006 | SKA | CA: Expert interview and presentation Tampa Fl | 16.5 |
| 7/21/2006 | MDC | CA: Expert interview and presentation Tampa Fl | 16.5 |
| | | TOTAL | 34 |
| | | | |
| 8/9/2006 | JAK | CA: Meeting arrangements for Motley Meeting NJ update | 2.25 |
| 8/9/2006 | JAK | CA: Meeting arrangements for Dallas meeting update TX | 1.5 |
| 8/9/2006 | SKA | CA: Attorney Meeting Dallas & Travel | 21 |
| 8/9/2006 | MDC | CA: Attorney Meeting Dallas & Travel | 21 |
| 8/28/2006 | SKA | CA: Update NJ & Motley on expert progress on Stroke experts | 3.25 |
| 8/28/2006 | MDC | CA: Update NJ & Motley on expert progress on Stroke experts | 3.25 |
| | | TOTAL | 52.25 |
| | | | |
| 9/14/2006 | MDC | D: OCR program review and outlining meetings and travel to Houston | 38 |
| 9/14/2006 | MDC | D: OCR program review and outlining meetings and travel to Houston | 38 |
| 9/20/2006 | JAK | CA: ltr Expert payment Abramson | 0.25 |
| 9/21/2006 | MDC | CA: Consult Expert Entman | 1 |
| 9/22/2006 | JAK | CA: Houston Hearing materials packaged and forward ahead of meeting at ABW | 5 |
| | | TOTAL | 82.25 |

Page 3

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|---|---|---|---|
| 10/10/2006 | JAK | CA: Shipping materials to PSC member for motion support | 1.25 |
| 10/10/2006 | JAK | CA: Expert contact for reports motion support | 2 |
| 10/10/2006 | JAK | CA: MDC phone conference set up | 0.5 |
| 10/10/2006 | JAK | PT: Prepare and Motion in Partial Summary Judgement by Merck TX | 23 |
| 10/10/2006 | MDC | PT: Prepare and Motion in Partial Summary Judgement by Merck TX | 23 |
| 10/11/2006 | SKA | D: Deposition TX | 8 |
| 10/11/2006 | MDC | D: Deposition TX | 8 |
| 10/11-31/200 | SKA | D: Travel to Depos and Hearing TX | 13 |
| 10/11-31/200 | MDC | D: Travel to Depos and Hearing TX | 13 |
| 10/27-29/200 | SKA | D: Deposition TX | 26 |
| 10/27-29/200 | MDC | D: Deposition TX | 26 |
| | | TOTAL | 143.75 |
| | | | |
| 11/7/2006 | JAK | CA: Case materials for TX trial selection | 8 |
| 11/7/2006 | JAK | CA: ltr Expert payment for Zane | 0.25 |
| 11/8/2006 | JAK | CA: Case materials for TX trial selection | 7.5 |
| 11/22/2006 | MDC | CA: Conference Sandleback | 0.5 |
| 11/22/2006 | MDC | CA: Review and consult with Abramson | 3.5 |
| | | TOTAL | 19.75 |
| | | | |
| 12/29/2006 | MDC | CA: Follow up with Abramson review | 2.5 |
| | | TOTAL | 2.5 |
| | | | |
| 1/10/2007 | MDC | PT: Report revisions for TX motion support Abramson | 6 |
| 1/21/2007 | JAK | CA: Update Trial Case materiasl for 1/22/07 Wilson Hearing | 3.5 |
| | | TOTAL | 9.5 |
| | | | |
| 2/2/2007 | JAK | CA: Deposition confirmation | 1.25 |
| 2/4/2007 | JAK | CA: Format change video depos | 0.5 |
| 2/28/2007 | MDC | PT: Travel and Meeting with Defense Counsel TX F&J | 21 |
| | | TOTAL | 22.75 |
| | | | |
| | | TOTAL FIRM TIME: | 598.75 |

I certify that the time documented above is accurate and correct and was incured for the common benefit of claimants in MDL 1657.

Signature: _____  Date: 10/25/2008

Reporting Period:
From / / 2004
To / / 2004

Firm Name: Ance Gale & Cobra LLC

## MDL 1657
## Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identify if Attorney (A) Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Summary Total Hours By Each Firm Participant |
|---|---|---|---|---|---|---|---|---|
| Joann Vanluk | A ✗ P _ L _ O _ | 10 | | | | | 10 | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |
| | A _ P _ L _ O _ | | | | | | | |

**Total Firm Time**     10 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Date: 10-26-2005

Signature: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/15/2004 | JAK | CA: contact counsel regarding expert meeting | 0.75 |
| 10/15/2004 | JAK | CA: confirmed expert meeting loc./time | 0.25 |
| | | TOTAL | 1 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From ___
To ___

Firm Name: Annstrade & Okre HC

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Cumulative Total Hours for all Firm Personnel |
|---|---|---|---|---|---|---|---|---|
| Diana Kolloch | A _P _L _O | .5 | | | | | .5 | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |

**Total Firm Time** .5 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.
Signature: ___   Date: ___

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 68

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 11/11/2004 | JAK | CA: Travel arrangement for expert Entman for Meeting | 0.5 |
| | | **TOTAL** | **0.5** |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From 12-1-2004
To 12-31-2004

Firm Name: Anapol Schade + Bader LLC

| Name of Individual | Identity if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Summary of Total Hours Each Firm Participant |
|---|---|---|---|---|---|---|---|---|
| Joann Karlak | A _P _L _O | 75 | | | | | 75 | |
| Nick Nolte | A _P _L _O | 14 | | | | | 14 | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| Total Firm Time | | | | | | | | 14.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.
Signature: _____   Date: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 70

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 12/14/2004 | JAK | CA: reservations Eritman | 0.75 |
| 12/14/2004 | MDC | CA: Travel and meeting with Eritman about support Vioxx | 14 |
| | | TOTAL | 14.75 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From __4/1/2005__
To __4/30/2005__

Firm Name: __Abraham & Oke LLC__

| Name of Individual | Identity of Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment Development and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total hours by Individual | Summary Total hours per Firm Per Individual |
|---|---|---|---|---|---|---|---|---|
| Mark Oke | _A _P _L _O | 18 | | | | | 18 | |
| Brian Kolenik | _A _P✗_L _O | 17.75 | | | | | 17.75 | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |

Total Firm Time: 35.75 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: _____

Last Printed: 4/18/2005

Confidential Attorney Work Product

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 4/10/2005 | MDC | CA: Phone calls to experts for MI support | 3.5 |
| 4/11/2005 | MDC | CA: Counsel Calls for expert guidance | 1.5 |
| 4/13/2005 | JAK | CA: review expert materials, complete packaging, Fed. Ex to experts | 7.25 |
| 4/14/2005 | JAK | CA: review packages for expert review and finishing shipping | 8.5 |
| 4/14/2005 | MDC | CA: Presentation to Myers for Stroke support | 13 |
| 4/18/2005 | JAK | CA: alter expert and MDC travel arrangments | 1.5 |
| 4/18/2005 | JAK | CA: Correspondence regarding presentation equipment rental for meeting | 0.5 |
| | | TOTAL | 35.75 |

Reporting Period:
From 1-1-2005
To 3-7-5

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Firm Name: Anastopoulo & Clore LLC

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Summary Total Hours Each Firm Period |
|---|---|---|---|---|---|---|---|---|
| Dawn Kozlek | A P L O | 5.75 | | | | | 5.75 | |
| Samuel Allen | A P L O | 36 | | | | | 36 | |
| Mark Clore | A P L O | 36 | | | | | 36 | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| | A P L O | | | | | | | |
| **Total Firm Time** | | | | | | | | 77.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Date: 10/27/2006

Signature: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 6/14/2005 | JAK | CA: ltr Expert payment Entman | 0.25 |
| 6/14/2005 | SKA | CA: Travel To FL meeting | 4.5 |
| 6/14/2005 | MDC | CA: Travel To FL meeting | 4.5 |
| 6/15/2005 | JAK | CA: confirm attendance to FL meeting | 0.25 |
| 6/15/2005 | JAK | CA: Presentation material for attorney materials | 3 |
| 6/15/2005 | JAK | CA: Travel arrangement for attorney meeting FL with TX PSC counsel | 1.5 |
| 6/15/2005 | SKA | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/15/2005 | MDC | CA: Prepare Presentation materials on Experts for FL meeting | 6.5 |
| 6/16/2005 | SKA | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | SKA | CA: Travel return FL meeting | 4.5 |
| 6/16/2005 | MDC | CA: Meeting PSC members regarding shared experts | 7.5 |
| 6/16/2005 | MDC | CA: Travel return FL meeting | 4.5 |
| 6/28/2005 | JAK | CA: Travel confirmation FL | 0.75 |
| 6/29/2005 | SKA | CA: Meeting TX PSC regarding Doc: Review options and travel | 13 |
| 6/29/2005 | MDC | CA: Meeting TX PSC regarding Doc: Review options and travel | 13 |
| | | TOTAL | 77.75 |

FAC Resp. Exhibit B -- 75

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From 7-3-2005
To 7-3-2005

Firm Name: Aylstock, Witkin & Sasser, LLC

| Name of Individual | Identify if Attorney (A) Paralegal (P) Law Clerk (L) or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Hours by Individual | Summary of Total Hours by Firm Per Individual |
|---|---|---|---|---|---|---|---|---|
| Jean Kerlek | A _P _L _O | 1.25 | | | | | 1.25 | |
| Samuel Allen | A _P _L _O | 4.5 | | | | | 4.5 | |
| Mily Cruz | A _P _L _O | 4.5 | | | | | 4.5 | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |
| | A _P _L _O | | | | | | | |

Total Firm Time

10.25 Hrs.

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Date: 7/27/2009

Signature:

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 76

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 7/12/2005 | JAK | CA: Arrange Attorney meeting with PSC regarding retained expert | 1.25 |
| 7/12/2005 | SKA | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| 7/12/2005 | MDC | CA: Meeting with Motley Rice for Direction on needed experts and trial counsel | 4.5 |
| | | TOTAL | 10.25 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From: _____
To: _____

Firm Name: _Armstrong & Close_

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L) or Other (O) | Case Assessment, Development, and Administration (Insert number of Hours) | Pre-Trial Litigation and Motions (Insert number of Hours) | Discovery (Insert number of Hours) | Total Preparation and Trial (Insert number of Hours) | Other (Insert number of Hours) | Total Hours by Individual | |
|---|---|---|---|---|---|---|---|---|
| John Jos. Butler | X A _ P _ L _ O | 5 | | | | | 5 | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| | _ A _ P _ L _ O | | | | | | | |
| Total Firm Time | | | | | | | 5 Hrs. | |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Date: _____

Signature: _____

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 78

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|---|---|---|---|
| 8/15/2005 | JB | CA: review ocr docs. Expert review packages | 1 |
| 8/16/2005 | JB | CA: review ocr docs. Expert review packages | 4 |
| | | TOTAL | 5 |

MDL 1657
Vioxx Products Liability Litigation Report of Member Firm Time

Reporting Period:
From _____
To _____

Firm Name: Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley

| Name of Individual | Identify if Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (Insert number of hours) | Pro Trial Discovery (Insert number of hours) | Depositions (Insert number of hours) | Trial Preparation and Trial (Insert number of hours) | Appeal (Insert number of hours) | Total Hours by Individual | Grand Total Monthly Hours From FAC |
|---|---|---|---|---|---|---|---|---|
| Jennifer Barker | ☒A _P _L _O | 6.75 | | | | | 6.75 | |
| Crystal White | _A _P _L ☒O | 7 | | | | | 7 | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| | _A _P _L _O | | | | | | | |
| Total Firm Time | | | | | | | | 13.75 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____

Date: 16.75

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 9/1/2005 | JB | CA: review ocr docs. Expert review packages | 6.5 |
| 9/2/2005 | JB | CA: review ocr docs. Expert review packages | 3.25 |
| 9/19/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 16.75 |

Reporting Period:
From _10-1-2005_
To _10-3-2005_

Firm Name: _Anapol Schwartz & Cohen LLC_

## MDL 1657
## Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identify if Attorney (A) Paralegal (P) Law Clerk (L), or Other (O) | Case Assessment Development and Administration (insert number of hours) | Pre-trial Discovery Individual or Common (insert number of) | Discovery (insert number of hours) | Total Pre-trial, Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Total Individual Hours | Total Individual Hours |
|---|---|---|---|---|---|---|---|---|
| Coral Anle | A _ P _ L _ O | 14 | | | | | 14 | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| | A _ P _ L _ O | | | | | | | |
| **Total Firm Time** | | | | | | | 14 Hrs. | |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: _10/26/2005_

Confidential Attorney Work Product

Last Printed: 4/18/2005

Page 1

Anastopoulo and Clore, LLC

| Date | Staff | Description | Time |
|------|-------|-------------|------|
| 10/4/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| 10/24/2005 | CW | CA: review culled & hot docs for expert packages | 7 |
| | | TOTAL | 14 |

Reporting Period:
From ___11-1-2005___
To ___11-3-2005___

Firm Name: ___Anapol Schwartz Weiss etc.___

## MDL 1657
## Vioxx Products Liability Litigation Report of Member Firm Time

| Name of Individual | Identity of attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment Development and Administration (insert number of hours) | Pretrial Motions and Memoranda (insert number of hours) | Discovery (insert number of hours) | Total Pre-Trial and Trial Preparation (insert number of hours) | Trial (insert number of hours) | Total Individual Hours by Individual |
|---|---|---|---|---|---|---|---|
| Joe Billings | A _ P _ L _ O | 6 | | | | | 6 |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| | A _ P _ L _ O | | | | | | |
| **Total Firm Time** | | | | | | | 6 Hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____   Date: ___11/22/2005___

Confidential Attorney Work Product

Last Printed: 4/18/2005

FAC Resp. Exhibit B -- 84