UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re:  VIOXX | * | MDL No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES | * | MAG. JUDGE KNOWLES |
| TO ALL CASES | * | |
| | * | |
| FILER: Brian J. McCormick, Jr./Claudine | * | March 3, 2011 |
| Homolash | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SHELLER, P.C.'S OBJECTION TO FEE ALLOCATION
## COMMITTEE'S JANUARY 19, 2011 RECOMMENDATION

The firm of Sheller, P.C. ("Sheller") objects to the fee allocation of $65,000.00.  Sheller submitted a lodestar of $566,142.50 for common benefit work performed and was only awarded an hourly rate of $35.63/hour (a lodestar of 0.08), which is substantially lower that many of the non-objectors, including Seeger Weiss, L.L.P. who Sheller, P.C.'s attorneys and staff worked with on a daily basis.

Sheller's work was an obvious contribution to the overall success of the Vioxx litigation, and its common benefit award is not reflected in the Fee Allocation Committee's ("FAC") January 19, 2011 Recommendation.

## INTRODUCTION

The FAC's methodology when determining each firm's common benefit award is legally flawed.  The FAC failed to apply the Johnson factors when making its fee determinations.  To the contrary, the Point System Guide serving as the foundation of the FAC's analysis did not contain a single category that reflects any one of the Johnson factors.  Instead, the FAC used a subjective formula which penalized many firms like Sheller, and rewarded others.  Sheller

objects to the methodology applied by the FAC and the arbitrary common benefit award it was

recommended it take.

## OBJECTIONS

With the permission of Christopher Placitella, Esq. of Cohen, Placitella and Roth, P.C.

("CPR"), Sheller hereby adopts the Objections filed by CPR [Doc. 61202] with this Court and

incorporates by reference those papers as if fully set forth herein.[1]  The only exclusion from

Sheller's incorporation by reference is the actual dollar amounts sought by CPR and facts

specific to the work performed by CPR.

Sheller submitted its time sheets to the FAC detailing the work it performed.  Such time

sheets are available for the Court should it desire to review them.  Sheller also sets forth below, a

general summation of the common benefit work it performed.

Sheller's attorneys are recognized members of the mass tort bar and have had significant

involvement in large, complex actions.  Sheller provided enormous support for the Vioxx

litigation.  Indeed, although Sheller's fee application was relatively modest compared to the fees

sought by many of the other firms in the litigation, this does not diminish the importance of its

work on behalf of the Plaintiffs in this litigation.

An application of the factors set forth in Johnson v. Georgia Highway Express, Inc., 488

F.2d 714 (5th Cir. 1974) requires that Sheller be awarded its full lodestar, plus any multiplier that

may be added.

The Johnson factors may be summarized as follows: (1) the time and labor expended; (2)

the novelty and difficulty of the questions raised; (3) the skill required to properly perform the

---

[1]     Sheller also incorporates by reference its Objection to the Fee Allocation Committee's
December 2, 2010 Recommendation, which was served on the FAC on December 16, 2010,
pursuant to Pre-Trial Order No. 6(D).

professional services rendered; (4) the professional's opportunity costs in pursuing the matter; (5) the customary fee for like work; (6) the professional's expectations as to compensation at the outset of the matter; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the professional; (10) the desirability or undesirability of the case within the professional community in which the case arose; (11) the nature and length of the professional relationship between the professional and client; and (12) professional fee awards in similar cases.  Id.

The following factors weigh in favor of Sheller receiving its full lodestar:

**A.      Assigned Work Performed By Sheller, P.C.**

Sheller, P.C. attorneys and staff worked on discovery projects and efforts specifically assigned by the Plaintiffs' Steering Committee("PSC"), including:

- Haile DeBass, Esquire ("DeBass") was one of the first attorneys to assist Plaintiffs' counsel, including the Seeger Weiss firm, with the document review in the New York depository.  He began working on the document review in February 2005, several weeks *before* the Judicial Panel on Multidistrict Litigation consolidated the cases in the U.S.D.C. for the Eastern District of Louisiana.

- Attorney DeBass provided the following assistance, *inter alia*, with the document depository:

    o Assisted Michael Wagner, the former supervising Seeger Weiss paralegal, in managing the depository;

    o Was given the critical responsibility of training attorneys and paralegals new to the litigation on Concordance;

    o Participated in weekly telephone calls related to the document depository;

3

- o   Allocated assignments to other attorneys for document review; and

- o   Organized and managed deposition packages for lead counsel conducting depositions.

- Attorney DeBass also did document review when not helping manage the depository.

Attorney DeBass' responsibilities were greatly increased in two instances: (1) after Hurricane Katrina affected the ability of the New Orleans depository to function as a fully-operating unit; and (2) after Mr. Wagner began to assist at trial around the country and frequently had to be absent from the New York depository.  Attorney DeBass commonly worked 12 hour days in the New York depository.  For example, in September 2005 and October 2005, Attorney DeBass worked 253 and 278 hours, respectively, on behalf of the Plaintiffs in the Vioxx Litigation.  Attorney DeBass also worked on several of the bellwether cases by preparing the exhibits for trial.

After Hurricane Katrina (August 2005), Sheller became one of the leading firms in managing the document review and depository.   In addition, after several setbacks in various Vioxx trials, Sheller personnel were not pulled from the Vioxx effort and continued to work diligently on the litigation until the final settlement.

Another Sheller attorney, Gregory Waks, Esquire, also did considerable document review.  Attorney Waks was one of the first trial attorneys to work in the New York depository.[2]

---

[2]   Sheller attorneys also participated in the discovery committee and the trial preparation committee.

Additionally, Sheller provided a paralegal, Joseph Yanick, to assist the trial team with the Humelston trial in Atlantic City, New Jersey.  Mr. Yanick spent approximately six (6) weeks in Atlantic City in 2005 assisting with the trial.

The FAC thinks too little of this work.  As powerfully explained in the Cohen Placitella Objections, "[t]he lawyers who engaged in such [discovery] labors . . . should not be penalized because they did not insinuate themselves into leadership positions. . . .  Their unsung work is and was essential to driving Merck to the settlement table . . . ."  [Doc. 61202, at 25-27.]

Finally, **all of the work performed by any Sheller attorney or paralegal was specifically authorized and/or requested by members of the PSC**.  As Judge Donovan Frank recognized in the Guidant Defibrillator MDL, "The court believes that law firms should be *compensated for the work that they were assigned to do* before firms that bore a large risk are granted an enhancement for that risk."  See In re Guidant Corp. Implantable Defibrillators Products Liab. Litigation, MDL No. 05-1708 (DWF/AJB), 2008 WL 5382338 (D. Minn. Dec. 23, 2008) (emphasis added).

### B.     The Proposed Fee Allocation for Sheller, P.C. Is Not Acceptable

Sheller, P.C. dedicated 1,824.25 hours of work to this litigation.  The firm's lodestar for these 1,824.25 hours is $566,142.50 at the regular hourly rates that it bills – rates that are paid in other cases, often with a multiplier applied in addition.

Sheller was awarded $65,000 for the 1,824.50 hours its attorneys and staff worked in this litigation.[3]  Thus, the FAC, without explanation, has stated that the hourly rate for work

---

[3]     The original Recommended Award from the FAC was $43,684.42.

performed by Sheller is $35.63/hour.  This is not fair or reasonable compensation for the work performed by the lawyers at Sheller.[4]

By contrast, the Seeger Weiss Law Firm received $708.92 per hour for some of the same work performed.  Other firms received even more, i.e., Beasley Allen received $1,222.99 per hour and Blizzard, McCarthy & Nabers, LLP was awarded $1,264.55 per hour.  Surely, such disproportionate allocations are unjustified.  Instead of common benefit work, the work performed only benefited a select few.

## CONCLUSION

For all of the foregoing reasons, Sheller objects to the Fee Allocation Committee's January 19, 2011 Recommendation and requests that the Court discard the FAC's Recommendation altogether.  Specifically, Sheller requests that the Court reconsider the FAC's award of $65,000 to Sheller, P.C., and award Sheller its entire application for $566,142.50.

Dated: March 3, 2011

/s/ Brian J. McCormick, Jr.
**SHELLER, P.C.**
Brian J. McCormick, Jr.
Claudine Homolash
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Telephone: (215) 790-7300
Facsimile: (215) 546-0942
bjmccormick@sheller.com
chomolash@sheller.com

---

[4]        According to the 2009 Billing Rates and Practices Survey, the average national billing rate in 2009 is was $284/hour, and plaintiffs' contingency litigation had an average billing rate of $413/hour.  See *Incisive Legal Intelligence Releases 2009 Billing Rates and Practices Survey*, Business Wire, available at <http://findarticles.com/p/articles/mi_m0EIN/is_20090707/ai_n32140781/>.