# EXHIBIT "B"



NEW JERSEY OFFICE
74 SOUTH MAIN STREET
MEDFORD, NJ 08055
(609) 941-2596
(215) 546-0942 FAX

1528 WALNUT STREET, 3RD FLOOR
PHILADELPHIA, PA 19102
————————

(215) 790-7300 • (800) 883-2299
FAX (215) 546-0942
WEBSITE: WWW.SHELLER.COM

OF COUNSEL

PALKOWITZ LAW OFFICE
PITTSBURGH, PA 15132
(412) 678-9000
————————

L. VINCENT RAMUNNO
WILMINGTON, DE 19801
————————

Stephen A. Sheller
215-790-7300
sasheller@sheller.com

December 16, 2010

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Russ M. Herman, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Andy D. Birchfield, Jr., Esquire
Beasley Allen
218 Commerce Street
Montgomery, AL 36104

> **Re:** **In re: Vioxx Products Liability Litigation, MDL No. 1657;**
> **Objections to Fee Allocation Committee's Recommendation**

Dear Messrs. Herman and Birchfield:

In your roles as Chair and Secretary of the Fee Allocation Committee in the above-referenced litigation, enclosed please find the Objections of Sheller, P.C. (f/k/a Sheller, Ludwig & Badey, P.C.) to the Recommended Award, as required by Pre-Trial Order No. 6(D).

Please feel free to contact me with any questions or concerns.

Very truly yours,

Stephen A. Sheller

SAS/eca
cc:     Brian J. McCormick, Jr., Esquire (w/encl.)
        Claudine Homolash, Esquire (w/encl.)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | |
| **In re: VIOXX** | * | **MDL No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAG. JUDGE KNOWLES** |
| | * | |

**SHELLER, P.C.'S OBJECTION TO THE FEE ALLOCATION**
**COMMITTEE'S DECEMBER 2, 2010 RECOMMENDATION**

Pursuant to Pre-Trial Order No. 6(D), Sheller, P.C. ("Sheller") submits this Objection to the Fee Allocation Committee's December 2, 2010 Recommended Common Benefit Fee Award.

**INTRODUCTION AND BACKGROUND**

On September 15, 2008, this Court entered Pre-Trial Order No. 6(D) ("Pre-Trial Order 6D") setting forth the policies and procedures for "recommending to the Court the allocation of awards of attorneys' fees from the Settlement Fee and Cost Account." The Court had previously appointed an Allocation Committee [Docket No. 13007], and charged that Committee with the task of "recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account."

Pre-Trial Order 6D also provides that if an attorney objects to that preliminary allocation, "a written objection setting forth the basis of the objection shall be submitted to the Allocation Committee within 14 days for consideration by the full Allocation

Committee." [PTO 6D, at 6].   Sheller received a letter implementing this procedure, via electronic mail, on December 2, 2010.

Pre-Trial Order 6D states that the "over-arching guideline that the Allocation Committee is to consider is the contributions of each common benefit attorney to the outcome of the litigation." Respectfully, the Fee Committee did not follow this guideline as to Sheller.

Sheller submitted an application for $566,142.50.  Pursuant to Pre-Trial Order 6D, Sheller attorney Brian J. McCormick, Jr., on October 31, 2008, submitted an Affidavit in support of Sheller's request for a common benefit award in the Vioxx Litigation.

On December 1, 2008, two Sheller attorneys, Brian J. McCormick, Jr. and Claudine Homolash, made a presentation to the Fee Allocation Committee in Atlantic City, New Jersey.

Sheller has been awarded $43,684.42.  Thus, Sheller received less than 8% of its requested amount.

## SHELLER'S OBJECTIONS

Sheller's attorneys are recognized members of the mass tort bar and have had significant involvement in large, complex actions.  Further, Sheller provided enormous support for the Vioxx Litigation.

Presumably, Sheller's fee application was relatively modest compared to the fees sought by many of the other firms in the litigation.  However, this does not diminish the importance of its work on behalf of the Plaintiffs in this litigation.

An application of the factors set forth in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F.2d 714 (5th Cir. 1974), to the extent that each factor applies in this particular case, requires that Sheller be awarded its full lodestar, plus any multiplier that may be added.

The *Johnson* factors may be summarized as follows: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the professional services rendered; (4) the professional's opportunity costs in pursuing the matter; (5) the customary fee for like work; (6) the professional's expectations as to compensation at the outset of the matter; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the professional; (10) the desirability or undesirability of the case within the professional community in which the case arose; (11) the nature and length of the professional relationship between the professional and client; and (12) professional fee awards in similar cases. *Id.*

The following factors weigh in favor of Sheller receiving its full lodestar:

- Haile DeBass, Esquire ("DeBass") was one of the first attorneys to assist Plaintiffs' counsel, including the Seeger Weiss firm, with the document review in the New York depository. He began working on the document review in February 2005, several weeks before the Judicial Panel on Multidistrict Litigation consolidated the cases in the U.S.D.C. for the Eastern District of Louisiana.

- Attorney DeBass provided the following assistance, *inter alia*, with the document depository:

3

- o   Assisted Michael Wagner, the former supervising Seeger Weiss paralegal, in managing the depository;

- o   Was given the critical responsibility of training attorneys and paralegals new to the litigation on Concordance;

- o   Participated in weekly telephone calls related to the document depository;

- o   Allocated assignments to other attorneys for document review; and

- o   Organized and managed deposition packages for lead counsel conducting depositions.

- • Attorney DeBass also did document review when not helping manage the depository.

Attorney DeBass' responsibilities were greatly increased in two instances: (1) after Hurricane Katrina affected the ability of the New Orleans depository to function as a fully-operating unit; and (2) after Mr. Wagner began to assist at trial around the country and frequently had to be absent form the New York depository.  Attorney DeBass commonly worked 12 hour days in the New York depository.  For example in September 2005 and October 2005, Attorney DeBass worked 253 and 278 hours, respectively. Attorney DeBass also worked on several of the bellwether cases by preparing the exhibits for trial.

After Hurricane Katrina (August 2005), Sheller became one of the leading firms in managing the document review and depository.   In addition, after several setbacks in various Vioxx trials, Sheller personnel were not pulled from the Vioxx effort and continued to work diligently on the litigation until the final settlement.

4

Another Sheller attorney, Gregory Waks, Esquire, also did considerable document review. Attorney Waks was one of the first trial attorneys to work in the New York depository.

Additionally, Sheller provided a paralegal, Joseph Yanick, to assist the trial team with the *Humelston* trial in Atlantic City, New Jersey. Mr. Yanick spent approximately six (6) weeks in Atlantic City in 2005 assisting with the trial.

Sheller attorneys participated in the discovery committee and the trial preparation committee.

Finally, **all of the work performed by any Sheller attorney or paralegal was specifically authorized by members of the PSC**.

## CONCLUSION

For all of the foregoing reasons, Sheller, P.C. objects to the Allocation Committee's December 2, 2010 Recommendation of $43,684.42 and requests reconsideration of its fees by the Committee and an award of its entire application for $566,142.50.

Dated: December 16, 2010

SHELLER, P.C.
Stephen A. Sheller
Brian J. McCormick, Jr.
Claudine Homolash
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Telephone: (215) 790-7300
Facsimile: (215) 546-0942

# EXHIBIT "C"



NEW JERSEY OFFICE
74 SOUTH MAIN STREET
MEDFORD, NJ 08055
(609) 941-2596
(215) 546-0942 FAX

1528 WALNUT STREET, 3RD FLOOR
PHILADELPHIA, PA 19102

(215) 790-7300 • (800) 883-2299
FAX (215) 546-0942
WEBSITE: WWW.SHELLER.COM

OF COUNSEL

PALKOWITZ LAW OFFICE
PITTSBURGH, PA 15132
(412) 678-9000

L. VINCENT RAMUNNO
WILMINGTON, DE 19801

Stephen A. Sheller
215-790-7300
sasheller@sheller.com

December 20, 2010

**Via Electronic Mail and Federal Express**

Russ M. Herman, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Andy D. Birchfield, Jr., Esquire
Beasley Allen
218 Commerce Street
Montgomery, AL 36104

> Re:    **In re: Vioxx Products Liability Litigation, MDL No. 1657;**
>        **Objections to Fee Allocation Committee's Recommendation**

Dear Messrs. Herman and Birchfield:

In your roles as Chair and Secretary of the Fee Allocation Committee in the above-referenced litigation, enclosed please find Sheller, P.C.'s Response to the Recommended Award.

The Objections of Sheller, P.C. (f/k/a Sheller, Ludwig & Badey, P.C.) to the Recommended Award were served on Thursday, December 16, 2010, as required by Pre-Trial Order No. 6(D). However, this form was inadvertently left out of Sheller's submission.

Very truly yours,

Stephen A. Sheller

SAS/eca
Enclosures

| COMMON BENEFIT FEES AWARD FORM |
|---|

## A. INSTRUCTIONS

1. The Fee Allocation Committee has completed its review of your application for common benefit fees under the terms of the Vioxx Settlement Agreement.
2. The Committee will recommend to Judge Fallon that you be awarded the common benefit fee indicated in this Form (the "Recommended Award").
3. Pursuant to Pretrial Order 6D, you must respond to accept or object to the Recommended Award within 14 days. Accordingly, you must return this completed Form no later than **December 16, 2010**.
4. If you accept the Recommended Award, indicate your acceptance by checking in the appropriate box in Section B below.
5. If you object to the Recommended Award, indicate your objection by checking the appropriate box in Section B below, fill in specific amount of common benefit award to which you believe you are entitled and attach to this From an Objection to Recommended Award stating in detail the basis of your objection and for the award requested.
6. Sign this Form in the appropriate space in Section C below.
7. Return this completed Form (and attachment, if there is an Objection) by (1) email; **and** (2) mail or overnight delivery no later than **December 16, 2010**, to:

Russ M. Herman
Chair of the Fee Allocation Committee
820 O'Keefe Avenue
New Orleans, LA 70113
rherman@hhkc.com

Andy Birchfield
Secretary of the Fee Allocation Committee
218 Commerce Street
Montgomery, AL 36104
andy.birchfield@beasleyallen.com

## B. RECOMMENDED AWARD AND RESPONSE

| Recommended Award: | $43,684.42 |
|---|---|

Response to Recommended Award:  Check only one of the following:

☐ I accept the Recommended Award as my award of common benefit fees.

☑ I object to the Recommended Award and request this amount as my award:   $ 566,142.50

(NOTE:  You must attach an Objection stating in detail the basis of the objection and for the award requested.)

## C. SIGNATURE

| Signature | *Stephen Sheller* | | Date | 12 / 16 /10 (month) (day) (year) |
|---|---|---|---|---|
| Printed Name | First Stephen | MI A. | Last Sheller | |
| Firm Name | Sheller, P.C. | | | |

#379620

# EXHIBIT "D"



HERMAN HERMAN
KATZ & COTLAR
—— L.L.P. ——
ATTORNEYS AT LAW
*Est. 1942*

hhkc.com

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: 504.581.4892
f: 504.561.6024
e: info@hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†
Stephen J. Herman

Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein†
Edmond H. Knoll
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans
and Covington, Louisiana

This firm and its partners are also
partners in Herman Gerel, LLP
(formerly known as Herman, Mathis,
Casey, Kitchens & Gerel, LLP)

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

## *VIA HAND DELIVERY*

January 19, 2011

Honorable Eldon E. Fallon
c/o United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130

**RE:    MDL No. 1657 - Section L**
***In Re:* Vioxx Products Liability Litigation**

Dear Judge Fallon:

In Compliance with the Court's Pre-Trial Orders 6D, 32 and your Honor's Statements on the Record at the January 6, 2011 Status Conference in Open Court, the Fee Allocation Committee attaches its' Recommendation which includes Exhibits A, B & C.

Respectfully submitted,

By      Russ M. Herman, Chairman
By:     Andy Birchfield, Secretary

RUSS M. HERMAN, ESQ.

RMH/jsr
Attachments
cc:    Fee Allocation Committee

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | Section L |
| | * | |
| | * | Judge Fallon |
| | * | Mag. Judge Knowles |
| | * | |

## Recommendation of Fee Allocation Committee

The Fee Allocation Committee, pursuant to the Court's Pretrial Order No. 32, has undertaken an extensive review of the common benefit work done in this litigation and is now prepared to make its recommendation to the Court. In reaching this recommendation the Fee Allocation Committee reviewed the detailed affidavits submitted by common benefit fee applicants. Additionally, the Fee Allocation Committee conducted hearings in Atlantic City, New Jersey; New Orleans, Louisiana; Houston, Texas; and Los Angeles, California. At these hearings, common benefit fee applicants were given the opportunity to present additional testimony in support of their common benefits application. The Fee Allocation Committee reviewed the time and expense submissions of the applicant firms as well as reports provided by the Court-appointed CPA, Phil Garrett. In preparing this recommendation, the Fee Allocation Committee has rigorously applied the *Johnson* factors to each applicant, as well as the additional factors set forth in Pretrial Order No. 6D.

In determining the appropriate amount of common benefit compensation for each applicant, the Fee Allocation Committee has considered the type of work that was performed and the value the work contributed to the litigation, adopting the views expressed by the Court in *Turner v. Murphy Oil*, 582 F. Supp.2d 797 (E.D. La. 2008):

Hours spent taking depositions, participating in hearings, or trials, actively participating in developing the appropriate litigation strategies and tactics (through moot court presentations or similar practices), drafting briefs, actively participating in Court conferences, arguing motions, negotiating with opposing counsel to reach a settlement, and actively managing and organizing the administrative aspects of the case are some of the more significant types of work that a case of this sort requires and deserves the most recognition. This, of course, is not the only type of work that such a case requires. Documents must be reviewed, categorized, and analyzed: emails must be read and responded to; claimants must be kept advised; meetings must be attended and in general the litigation must be monitored. This work while necessary and often time consuming, does not deserve equal treatment when allotting fees.

*Turner,* 582 F.Supp.2d. at 810-811.

For most common benefit applicants, time was not recorded contemporaneously with the work that was done. Plaintiffs' lawyers do not traditionally record time. This is particularly true for work performed in connection with the state-consolidated litigations where Pretrial Order No. 6 was not in effect. Therefore, the Committee has given due consideration to the time submitted by each common benefit fee applicant, but the number of hours submitted was not the dominant factor. Instead, hours were used to cross-check the amount of the recommended allocation.

The members of the Fee Allocation Committee are well situated to evaluate the fee applications. The Fee Allocation Committee is comprised of individuals who:

- Pioneered the Vioxx litigation, having filed and litigated Vioxx cases for more than three years before the formation of the MDL;
- Served as Plaintiffs' Liaison Counsel, Co-Lead Counsel, and the Executive Committee of the MDL, and served in leadership positions in the coordinated litigations in California, Texas and New Jersey;
- Served as Lead or Co-Lead Counsel in five of the six MDL bellwether trials;
- Served as Lead or Co-Lead Counsel in 13 of the 19 total jury trials (state and federal);
- Represented 25% of the total participants enrolled in the Settlement Program;
- Served as Chairs or Co-Chairs of the Law and Briefing Committee, Trial Committee, Discovery Committee and Administrative Committee in the MDL;
- Comprised the entire Plaintiffs' Negotiating Committee that negotiated the Master Settlement Agreement over a period of eleven months; and
- Provided leadership in every aspect of the Vioxx litigation.

Using the *Johnson* factors, the members of the Fee Allocation Committee carefully weighed all testimony and evidence submitted by the applicants. The Fee Allocation Committee members also drew upon their own knowledge regarding the roles of each applicant.

In addition, the Fee Allocation Committee developed a point system to assist in an objective evaluation of the nature and value of each applicant firm's contribution to the overall litigation. After careful consideration, the Fee Allocation Committee made an initial determination as to the appropriate common benefit allocation for each applicant firm. This amount was then communicated to each firm on an individual basis. To ensure due process, each applicant was afforded 14 days to object to the preliminary recommendation and to set forth the basis for the objection in writing. The Fee Allocation Committee considered each objection, made appropriate adjustments and is now prepared to present the recommendation to the Court.

Exhibit A is a list of common benefit fee applicants and the Fee Allocation Committee's recommended common benefit award.

3

Exhibit B is a list of applicant firms that accepted the preliminary recommendation of the Fee Allocation Committee.

Exhibit C is a list of applicant firms that objected to the preliminary recommendation of the Fee Allocation Committee with the amount requested by each objector.

| Firm | Final Allocation |
|---|---|
| Alley, Clark, Greiwe & Fulmer | $365,000 |
| Alvarez Law Firm | $15,000 |
| Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. | $3,400,000 |
| Anastopoulo & Clore, LLC | $15,000 |
| Andrews & Thornton | $600,000 |
| Ashcraft & Gerel LLP | $9,000,000 |
| Audet & Partners, LLP | $1,165,000 |
| Aylstock, Witkin, Kreis & Overholtz, LLC | $225,000 |
| Balkin & Eisbrouch | $15,000 |
| Balser, Brian K., Co., LPA | $130,000 |
| Barnow | $15,000 |
| Barrios, Kingsdorf & Casteix, LLP | $1,700,000 |
| Bartimus, Frickleton, Robertson & Gorny | $15,000 |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | $40,900,000 |
| Becnel Law Firm, LLC | $455,000 |
| Bencomo | $327,500 |
| Blizzard, McCarthy & Nabers, LLP | $11,600,000 |
| Bossier & Associates, PLLC | $20,000 |
| Branch Law Firm | $0 |
| Brandi Law Firm | $970,000 |
| Brown & Crouppen, PC | $73,000 |
| Bruce C. Dean | $0 |
| Burg, Simpson, Eldredge, Hersh & Jardine, PC | $500,000 |
| Cafferty Faucher | $30,000 |
| Capshaw Goss | $0 |
| Carey & Danis, LLC | $0 |
| Charfoos | $0 |
| Childers, Buck & Schlueter | $0 |
| Cohen Milstein | $750,000 |
| Cohen, Placitella & Roth, PC | $500,000 |
| Cunard Law Firm | $100,000 |
| Cuneo, Gilbert & LaDuca LLP | $0 |
| Dugan & Browne | $0 |
| Engstrom, Lipscomb & Lack | $390,000 |
| Escobedo Tippet | $0 |
| Fayard & Honeycutt | $15,000 |
| Fibich, Hampton & Leebron, LLP | $610,000 |
| Freese & Goss, PLLC | $0 |
| Friedman Law Offices | $6,500 |
| Gainsburgh, Benjamin, Davis, Meunier & Warshauer, LLC | $2,690,000 |
| Gallagher Law Firm (TX) | $40,000 |
| Gancedo & Nieves LLP | $600,000 |
| Gianni-Petoyan, Attorneys at Law | $30,000 |
| Girardi & Keese | $20,100,000 |
| Goldenberg Heller | $0 |

| Firm | Final Allocation |
|---|---|
| Hagens Berman | $0 |
| Heins Mills | $4,000 |
| Heninger Garrison Davis, LLC | $1,000,000 |
| Herman, Herman, Katz & Cotler, LLP | $32,500,000 |
| Hovde Dassow & Deets, LLC | $1,165,000 |
| Irpino | $877,000 |
| Jacobs Burns | $0 |
| John Hornbeck | $300,000 |
| Johnson & Perkinson | $15,000 |
| Jones Verras | $30,000 |
| Kasowitz, Benson, Torres & Friedman LLP | $1,100,000 |
| Keller Rohrback | $0 |
| Kerpsack | $10,000 |
| Kline & Specter, PC | $4,000,000 |
| Labaton Sucharow | $0 |
| Langston Law Firm | $0 |
| Lanier Law Firm, PC | $27,000,000 |
| Levin Fishbein Sedran & Berman | $21,400,000 |
| Levin Simes Kaiser & Gornick, LLP | $15,000 |
| Levin, Papantonio, Thomas, Mitchell, Eshner & Proctor P.A. | $15,600,000 |
| Lewis & Roberts, PLLC | $0 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $6,000,000 |
| Lockridge, Grindal, Nauen PLLP | $350,000 |
| Locks Law Firm, LLC | $585,000 |
| Lopez, Hodes, Restaino, Milman & Skikos | $1,500,000 |
| Lundy & Davis | $100,000 |
| Martin & Jones | $0 |
| Matthews & Associates | $1,400,000 |
| Mithoff Law Firm | $15,000 |
| Morelli Ratner PC | $750,000 |
| Motley, Rice LLC | $195,000 |
| Murray Law Firm 1 | $162,000 |
| Neblett, Beard & Arsenault | $1,450,000 |
| Panish & Shea | $1,640,000 |
| Price Waicukauski & Riley, LLC | $15,000 |
| Richardson, Patrick, Westbrook & Brickman | $15,000 |
| Robert J. DeBry | $15,000 |
| Robert M. Becnel | $30,000 |
| Robins, Kaplan, Miller & Ciresi L.L.P. | $850,000 |
| Robinson, Calcagnie & Robinson | $6,000,000 |
| Roda Nast, P.C. | $45,000 |
| Sanders Viener Grossman, LLP | $15,000 |
| Sanford, Shelly A., PLLC | $6,800,000 |
| Seeger Weiss LLP | $40,900,000 |
| Sheller, P.C. | $65,000 |

| Firm | Final Allocation |
|---|---|
| Silverman & Fodera | $73,000 |
| Singleton Law Firm | $180,000 |
| Snapka, Turman & Waterhouse, L.L.P | $75,000 |
| Ted Kanner | $1,350 |
| Texas Consortium (Ranier, Gayle & Elliot, L.L.C.; Williams Kherkher; Provost Umphrey; Watts Law Firm; Grant Kaiser) | $20,095,000 |
| The Holman Law Firm | $0 |
| Ury & Moskow LLC | $0 |
| Weinberg, Eric H., Law Firm of | $220,000 |
| Weitz & Luxenberg, P.C. | $20,000,000 |
| White Meany & Wetherall | $0 |
| Whitehead Law Firm | $45,000 |
| Williamson & Williams | $15,000 |
| Wold | $580 |
| Zimmerman, Reed PLLP | $0 |
| Zink, Diane K. | $0 |

| Firm | Formal Response |
|---|---|
| Alley, Clark, Greiwe & Fulmer | Accepted |
| Alvarez Law Firm | Accepted |
| Anastopoulo & Clore, LLC | Accepted |
| Andrews & Thornton | Accepted |
| Ashcraft & Gerel LLP | Accepted |
| Balser, Brian K., Co., LPA | Accepted |
| Barnow | Accepted |
| Barrios, Kingsdorf & Casteix, LLP | Accepted |
| Bartimus, Frickleton, Robertson & Gorny | Accepted |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | Accepted |
| Bencomo | Accepted |
| Blizzard, McCarthy & Nabers, LLP | Accepted |
| Bossier & Associates, PLLC | Accepted |
| Brandi Law Firm | Accepted |
| Burg, Simpson, Eldredge, Hersh & Jardine, PC | Accepted |
| Cafferty Faucher | Accepted |
| Charfoos | Accepted |
| Cohen Milstein | Accepted |
| Engstrom, Lipscomb & Lack | Accepted |
| Fayard & Honeycutt | Accepted |
| Fibich, Hampton & Leebron, LLP | Accepted |
| Gainsburgh, Benjamin, Davis, Meunier & Warshauer, LLC | Accepted |
| Gianni-Petoyan, Attorneys at Law | Accepted |
| Girardi & Keese | Accepted |
| Goldenberg Heller | Accepted |
| Herman, Herman, Katz & Cotler, LLP | Accepted |
| Irpino | Accepted |
| Jacobs Burns | Accepted |
| Johnson & Perkinson | Accepted |
| Kasowitz, Benson, Torres & Friedman LLP | Accepted |
| Lanier Law Firm, PC | Accepted |
| Levin Fishbein Sedran & Berman | Accepted |
| Levin Simes Kaiser & Gornick, LLP | Accepted |
| Levin, Papantonio, Thomas, Mitchell, Eshner & Proctor P.A. | Accepted |
| Lieff, Cabraser, Heimann & Bernstein, LLP | Accepted |
| Lopez, Hodes, Restaino, Milman & Skikos | Accepted |
| Mithoff Law Firm | Accepted |
| Neblett, Beard & Arsenault | Accepted |
| Panish & Shea | Accepted |
| Price Waicukauski & Riley, LLC | Accepted |
| Richardson, Patrick, Westbrook & Brickman | Accepted |
| Robert J. DeBry | Accepted |
| Robert M. Becnel | Accepted |
| Robins, Kaplan, Miller & Ciresi L.L.P. | Accepted |
| Robinson, Calcagnie & Robinson | Accepted |
| Sanders Viener Grossman, LLP | Accepted |
| Sanford, Shelly A., PLLC | Accepted |
| Seeger Weiss LLP | Accepted |
| Silverman & Fodera | Accepted |
| Singleton Law Firm | Accepted |
| Ted Kanner | Accepted |
| Texas Consortium (Ranier, Gayle & Elliot, L.L.C.; Williams Kherkher; Provost Umphrey; Watts Law Firm; Grant Kaiser) | Accepted |
| Ury & Moskow LLC | Accepted |
| Weitz & Luxenberg, P.C. | Accepted |
| Whitehead Law Firm | Accepted |
| Williamson & Williams | Accepted |
| Wold | Accepted |

EXHIBIT B

| Firm | Formal Response | Amount Requested |
|---|---|---|
| Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. | Objection | $14,169,042.54 |
| Audet & Partners, LLP | Objection | $2,697,960.00 |
| Aylstock, Witkin, Kreis & Overholtz, LLC | Objection | $317,213.82 |
| Becnel Law Firm, LLC | Objection | $4,041,875.00 |
| Branch Law Firm | Objection | $3,688,425.00 |
| Carey & Danis, LLC | Objection | $2,485,185.00 |
| Cohen, Placitella & Roth, PC | Objection | |
| Cunard Law Firm | Objection | $476,981.00 |
| Escobedo Tippet | Objection | |
| Freese & Goss, PLLC | Objection | $244,000.00 |
| Gancedo & Nieves LLP | Objection | $1,750,000.00 |
| Heninger Garrison Davis, LLC | Objection | $2,424,585.31 |
| Hovde Dassow & Deets, LLC | Objection | $2,877,081.54 |
| Kline & Specter, PC | Objection | $12,080,690.00 |
| Lewis & Roberts, PLLC | Objection | $493,153.00 |
| Lockridge, Grindal, Nauen PLLP | Objection | $1,211,250.00 |
| Locks Law Firm, LLC | Objection | $6,518,225.50 |
| Martin & Jones | Objection | $324,445.00 |
| Matthews & Associates | Objection | $13,000,000.00 |
| Morelli Ratner PC | Objection | $12,000,000.00 |
| Motley, Rice LLC | Objection | $5,039,542.20 |
| Murray Law Firm 1 | Objection | $1,622,460.00 |
| Roda Nast, P.C. | Objection | $503,783.75 |
| Sheller, P.C. | Objection | $558,142.50 |
| Snapka, Turman & Waterhouse, L.L.P | Objection | $31,000,000.00 |
| Weinberg, Eric H., Law Firm of | Objection | |
| White Meany & Wetherall | Objection | $414,125.00 |

EXHIBIT C