UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX
          Products Liability Litigation

"This Document Relates to All Cases"

MDL No. 1657

SECTION: L

Judge Fallon
Mag. Judge Knowles

## <u>NOTICE TO THE COURT</u>

NOW INTO COURT comes Daniel E. Becnel, Jr., d/b/a Becnel Law Firm, L.L.C. who files this Notice to the Court as a result of discomfort with a contest involving fees and costs in MDL No. 1657.

1.

Daniel E. Becnel, Jr. at no time hired Michael Stratton and/or Stratton Faxon to represent him and/or negotiate a fee agreement with Chris Seeger and Andy Birchfield as Lead Counsel and/or Russ Herman as Liaison Counsel.

2.

On August 5, 2005, Daniel E. Becnel, Jr. entered into an Agreement with the PSC entitled Full Participation Option.  See Docket 786, filed on 08/04/2005, marked (Exhibit "A").  The Participation Agreement was a contract in writing between the PSC and various lawyers from throughout the country in both federal and state court.  Of particular importance is Paragraph 1 of

1

the document which set a percentage of the fees from any settlement for Vioxx cases in either federal or state court, and cap those fees and costs from each client, 2% fee and 1% costs.

3.

Paragraph 2 specified that the PSC would have a lien upon and/or security interest in any recovery by any client who they represent in connection with any Vioxx induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement.   The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

4.

Paragraph 3 states the amounts deposited in the MDL Fee and Cost Account shall be available for distribution to attorneys who have performed  professional services or incurred expenses for the benefit of the plaintiffs in MDL 1657 and the coordinated state court litigation pursuant to written authorization from the Liaison counsel of the PSC.   Such sums shall be distributed only upon an Order of the Court in MDL 1657 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit.   Appropriate consideration will be given to the experience, talent and contribution made by all those authorized to perform activities for the common benefit, including the Participating Attorneys.

5.

Relying on the contract, when the Liaison Counsel and the Lead Counsel decided to raise the fee to 8%, Daniel E. Becnel, Jr. entered an objection, along with approximately 62 other firms.

6.

Mr. Stratton attempted to reach Daniel E. Becnel, Jr., but was unable to contact him sometime after July 23, 2010. Attached hereto is a letter received from Mr. Stratton dated September 2, 2010, marked (Exhibit "B").   This the first notice I had that Mr. Stratton was acting as my attorney or had authorization to settle a case below the original signed contract made reference to in Document 786.  He never had permission to negotiate the fee of my behalf.  Exhibit B is a copy of the letter from Mr. Stratton alleging that Prof. William Rubenstein at Harvard Law had given Mr. Stratton approval to make a settlement with Mr. Herman, Mr. Birchfield and Mr. Seeger. Accompanying Mr. Stratton's letter was a check in the amount of $440,694.43.  Mr. Stratton also disclosed that he achieved a cap of 7.5 percent aggregate for non-objectors.

7.

Upon information and belief through email correspondence, it has just been discovered that a deal was actually struck on July 23, 2010.  In addition, Daniel E. Becnel, Jr. looked to his contract stating that money from the fund could only be withdrawn by order of the Court.  See Paragraph 3, "Such sums shall be distributed only upon an Order of the Court in MDL 1657 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit."  On September 7, 2010, Daniel E. Becnel, Jr. and his staff searched the court documents and could find no such order releasing funds.

8.

Becoming concerned, Daniel E. Becnel, Jr. immediately wrote a letter to Mr. Stratton, a copy of which is attached and marked (Exhibit "C").  Copies of this letter were sent to the Honorable Eldon Fallon and Liaison Counsel, Russ Herman.

3

9.

Daniel E. Becnel, Jr. was trying to ascertain why there was no Court Order concerning these funds and further wanted to know why Mr. Stratton alleged to the Court and others that he represented me and why this was the first notice in writing that I had received from him. Requests were made for certain documents and information that should be provided in an attorney client relationship since he had no authorization to settle this matter other than with my personal permission. I had no idea that he was agreeing to a 7.5 percent common benefit fee since that was never discussed or disclosed prior to discovery.

10.

On September 13, 2010, Daniel E. Becnel, Jr. had not heard from Mr. Stratton concerning his earlier letter and sent an email to Mr. Stratton which is attached hereto and marked (Exhibit "D"). Mr. Stratton then replied on September 16, 2010 with a breakdown stating that the costs exceeded $125,000.00 and no costs was charged to the Becnel Law Firm, but not one time did Mr. Stratton ever provide the information requested.

11.

On October 5, 2010, Mr. Stratton sent another letter to Daniel E. Becnel, Jr., see attached marked (Exhibit "E"), with an explanation of why a fee of 25% or $146,841.46 was to be paid to Mr. Stratton as the Stratton Faxon objectors liaison. After expressing my concern with what was taking place, a copy of a private proceeding between Russ Herman, Andy Birchfield, Chris Seeger and Michael Stratton was held in the conference room of Eldon E. Fallon, U.S. District Judge, was sent to me by fax, attached hereto and marked (Exhibit "F").

12.

Mr. Stratton then sent a letter dated October 11, 2010 stating that Sal Christina called him to reduce the fees charged, see attached marked (Exhibit "G"). Sal Christina agrees that Mr. Stratton called him but that he was not authorized to discuss any fee arrangement until documents were received concerning the transaction and settlement.

13.

In addition, on October 14, 2010, the Becnel Law Firm, LLC received another piece of correspondence, along with a check in the amount of $29,197.57, see attached marked (Exhibit "H").

14.

Being concerned that something did not appear right, both checks received from Mr. Stratton were placed in the Becnel Law Firm Trust Account, where they remain to this day.  None of that money has been used, touched or distributed.

15.

Daniel E. Becnel, Jr. is requesting an Order as to what should be done with this money; should it remain in the trust account or should it be returned to Brown Greer because of the fact that upon information and belief this money was sent to Mr. Stratton from the Brown Greer Account without the necessary Court Order and was improperly disbursed by the Stratton Faxon law firm. Whether this is fraud on the Court and other members of the PSC who wind up paying 6.5% and others who did not make an objection and paid 6.5% rather than the contract amount agreed by the PSC.  This appears to be an open issue which hopefully will be addressed by this Honorable Court.

Respectfully submitted,


  s/Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR. (#2926)
LAW OFFICES OF DANIEL E. BECNEL, JR.
P. O. Drawer H
106 West Seventh Street
Reserve, LA 70084
Telephone (985) 536-1186
Facsimile  (985) 536-6445


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplemental Objection of Daniel E. Becnel, Jr. to Plaintiffs' Common Benefit Fee Award has been served on all parties by ECF and by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No. 8, on this _9th_ day of March, 2011.

  s/Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR.