UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br><br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:**<br><br> ALL COMMON<br>BENEFIT FEE APPLICANTS | MDL Docket No. 1657<br><br>SECTION L<br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**FEE ALLOCATION COMMITTEE'S RESPONSE TO OBJECTORS'
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR ADDITIONAL DISCOVERY**

As Article 9 of the Master Settlement Agreement and the orders of the Court pertaining to the fee allocation process make clear, it is the role of the Fee Allocation Committee to present to the Court its recommendation for the allocation of common benefit fees.  This recommendation and the fact that firms have accepted that recommended amount is for the Court's consideration and is entitled to only such weight as the Court deems appropriate.

The Fee Allocation Committee's responsibilities require that the actions of its members be accomplished as officers of the Court.  Moreover, the fulfillment of these responsibilities requires fair dealing and conflict resolution by arms-length negotiations.

The Fee Allocation Committee applied objective criteria in reaching its recommendation. The Fee Allocation Committee communicated the amount of its preliminary recommendation to each firm on an individual basis.  In keeping with Pretrial Order 6D and to ensure due process, each applicant was afforded 14 days to object to the preliminary recommendation and to set forth the basis for the objection in writing. The Fee Allocation Committee considered each objection.

1

Each applicant was afforded an opportunity to be heard by members of the Fee Allocation Committee. Many applicants met with members of the Fee Allocation Committee and asked questions, expressed views and voiced objections. The Fee Allocation Committee determined that some adjustments should be made. Then, the Fee Allocation Committee presented its final recommendation to the Court. The Court posted the recommendation on its website on January 20, 2011.

Following the posting of the recommendation on the Court's website, additional firms raised issues regarding the recommended allocation. In a good faith effort to avoid the fee allocation process becoming a second major litigation, the Fee Allocation Committee gave careful consideration to points raised by the applicant firms and, where appropriate, reached a compromise regarding its recommendation for individual applicant firms. In keeping with this effort, the Fee Allocation Committee has modified its recommendation for the firms as indicated in Exhibit 1 to this response.[1] The Acceptance Forms for these firms were previously disclosed and filed but the list is provided again for convenience.

The continuing activities of the Fee Allocation Committee to resolve disputes were proper and in keeping with the duty of the Committee to operate in good faith. The Fee Allocation Committee did not enter into any "side deals" with any applicant firms. The Committee's duties are limited to making a fair and objective recommendation to the Court, and it has done so. No harm has been suffered by Objectors.

Furthermore, in light of the fact that the Committee has produced all of the information upon which it relied in reaching its recommendation, further discovery is not appropriate. See *In re Nineteen Appeals Arising Out of San Juan DuPont Plaza Hotel Fire Litig.*, 982 F.2d 603, 614

---

[1] The information contained in Exhibit 1 was previously filed with the Court as Exhibit A to the Fee Allocation Committee's Opposition to Objectors' Motion for Partial Summary Judgment, or Alternatively, to Strike Allocation.

(1st Cir. 1992) (holding that a court need not always afford adversarial discovery in fee dispute matters). As the United States Supreme Court noted in *Hensley v. Eckerhart*, a request for attorneys' fees "should not result in a second major litigation." 461 U.S. 424, 437 (1983), *abrogated on other grounds in*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); see *Blum v. Stenson*, 465 U.S. 886, n.19 (1984); *J.D. v. Kanawha County Bd. of Educ.*, 571 F.3d 381 (4th Cir. 2009).

Established fee jurisprudence merely requires that Objectors be provided a fair opportunity to have meaningful input. District courts have a wide range of procedures available that can bring a "sense of fundamental fairness to the fee-determination hearing while at the same time husbanding the court's resources." *Nineteen Appeals*, 982 F.2d at 614. All that is required under Federal Rule of Civil Procedure 54(d)(2)(c) is that individual plaintiffs have meaningful input into the decision-making process, *id.* at 616, and for the court to determine the reasonableness of the fee awards and to state adequate reasons for the determination of the same. See *Jordan v. Mark IV Hair Styles, Inc.*, 806 F.2d 695, 697 (6th Cir. 1986); *Sargeant v. Charp*, 579 F.2d 645 (1st Cir. 1978).

The Fifth Circuit in *In re High Sulfur Content Gasoline Products Litigation*, No. 09-30313, 384 Fed. Appx. 299 (5th Cir. 2010), upheld the district court's allocation order where the objectors were afforded an opportunity to submit a 3-page affidavit and a brief, but no additional discovery was allowed and no evidentiary hearing was held. See also *Richardson v. Brother Int'l Corp.,* 2010 U.S. App. LEXIS 22128 (9th Cir. Oct. 25, 2010) (holding that the district court's decision not to hold an evidentiary hearing on attorney fee awards was not a clear error as a matter of law). Here, the Objectors have been afforded much greater discovery, including all data relied upon by the Fee Allocation Committee in formulating its recommendation. In

addition, the Objectors have been afforded multiple opportunities to present support for their claims and to assert objections. To allow additional discovery would be inconsistent with the U.S. Supreme Court's admonition in *Hensley v. Eckerhart* that the fee allocation process should not become second major litigation.

The Fee Allocation Committee's continuing activities to resolve disputes were proper and in keeping with its duty to act in good faith.  The Committee's recommendation is currently under review by the Court-appointed Special Master.  The Special Master, an independent reviewer, will report to the Court who will then make a final determination.  The Committee has produced to Objectors all of the information upon which it relied in reaching its recommendation.  For these reasons, further discovery is not appropriate and the Objectors' motions seeking such discovery should be denied.

                                              Respectfully submitted,

Date:   March 15, 2011             By:     /s/ Russ M. Herman

                                        **Russ M. Herman (Bar No. 6819)**
                                        Leonard A. Davis (Bar No. 14190)
                                        Stephen J. Herman (Bar No. 23129)
                                        *Herman, Herman, Katz & Cotlar, L.L.P.*
                                        820 O'Keefe Avenue
                                        New Orleans, Louisiana 70113
                                        Telephone: (504) 581-4892

                                        **PLAINTIFFS' LIAISON COUNSEL, CHAIR OF THE FEE ALLOCATION COMMITTEE, AND LIAISON COUNSEL FOR COMMON BENEFIT COUNSEL**

By:    /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343

**PLAINTIFFS' CO-LEAD COUNSEL, SECRETARY OF THE FEE ALLOCATION COMMITTEE, AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

By:    /s/ Christopher A. Seeger
**Christopher A. Seeger**
*Seeger Weiss*
One William Street
New York, NY 10004
Telephone: (212) 584-0700

**PLAINTIFFS' CO-LEAD COUNSEL AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

Russ M. Herman, Esq.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892 (telephone)
(504) 561-6024 (telecopier)

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Thomas V. Girardi, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
(213) 977-0211 (telephone)

Mark Lanier, Esq.
LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, TX 77069
(713) 659-5200 (telephone)
(713) 659-2204 (telecopier)

Edward F. Blizzard, Esq.
BLIZZARD, MCCARTHY & NABERS, LLP
Lyric Centre, 440 Louisiana
Suite 1710
Houston, TX 77002-1689
(713) 844-3750 (telephone)
(713) 844-3755 (telecopier)

Perry Weitz, Esq.
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
(212) 558-5500 (telephone)
(212) 344-5461 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

**FEE ALLOCATION COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of March, 2011.

      /s/ Andy D. Birchfield, Jr.
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555