UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | KNOWLES |
| ……………………………………………………… | : | |

This document relates to:    ALL CASES

### MEMORANDUM IN SUPPORT OF MOTION FOR ORDER SETTING PROCEDURE FOR ACCESS TO PROGRAM INFORMATION

BrownGreer PLC ("BrownGreer"), the Claims Administrator under the Settlement Agreement dated November 9, 2007 between Merck & Co., Inc. and counsel for claimants designated as Negotiating Plaintiffs' Counsel ("Settlement Agreement"), files this Memorandum in Support of its Motion for Order Setting Procedure for Access to Program Information.

### I.    STATEMENT OF FACTS

**A.    The Vioxx Resolution Program.**

The Settlement Agreement established the Vioxx Resolution Program ("Program") for participating Eligible Claimants to present information and documents in a Claims Package to seek compensation under the eligibility rules established by the Settlement Agreement. As the Claims Administrator, beginning in November, 2007, BrownGreer received information relating to the identities and claims of over 59,000 claimants, as well as claim forms, documents, and other materials submitted in support of such claims. BrownGreer reviewed all such materials under the criteria set by the Settlement Agreement to determine eligibility and to pay compensable claims. BrownGreer submitted its final Report of the Claims Administrator to this

Court on July 27, 2010, summarizing the actions taken in the implementation of the Settlement Agreement and the processing of claims in the Program.  By that time, BrownGreer had completed the administration of Program, except for wind-up activities relating to claims that had not been paid because of outstanding liens or lacking certain documents establishing the proper payee on a compensable claim and matters relating to amounts withheld for the Court to determine the proper awards of Common Benefit Attorneys Fees and Costs.

      B.      **The Information in BrownGreer's Possession Regarding the Program.**

In the course of the administration of the Program, BrownGreer created and maintained a central database to house all information regarding the claimants in the Program and all actions taken by BrownGreer relating to their claims that led to either denial or payment.  BrownGreer stores and maintains this massive claims database on its servers.

In addition, claimants submitted medical records and other materials in support of their claims, either in hard copy or by uploading PDF images of the documents through the secure internet interfaces that BrownGreer created for the 1,066 Primary Counsel who represented claimants in the Program.  BrownGreer scanned all documents received in hard copy to create PDF electronic images to be placed in each claimant's electronic claims file.  BrownGreer also stores these PDF images on its servers.

All the data and images generated during the Program contain private information relating to the claimants, including their individual Social Security Numbers and their medical condition and treatment.  Section 15.1 of the Settlement Agreement requires BrownGreer to preserve the confidentiality of all claimant information and other matters relating to the Program:

> Section 15.1.  Program Claimant Confidential Information
>
> Any personal records or other personal information provided by or regarding a Program Claimant pursuant to this Agreement, and the amount of any payments and/or

awards made to Enrolled Program Claimants under this Agreement (such amount information, "Award Information"), shall be kept confidential by the Parties and, in the case of Award Information, such Program Claimant (and his Executing Derivative Claimants) and his Counsel, and shall not be disclosed except (i) to appropriate Persons to the extent necessary to process Program Claims or provide benefits under this Agreement, (ii) as otherwise expressly provided in this Agreement, (iii) as may be required by law or listing agreements, (iv) as may be reasonably necessary in order to enforce, or exercise Merck's rights under or with respect to, such Program Claimant's Enrollment Form, Release, Dismissal With Prejudice Stipulation or Future Evidence Stipulation or (with respect to such Program Claimant (and/or his Executing Derivative Claimants) or his Counsel) this Agreement or (v) to the immediate family members, counsel, accountants and/or financial advisors of such Program Claimant, if any (each of whom shall be instructed by such Program Claimant, upon such disclosure, to maintain and honor the confidentiality of such information).  All Program Claimants shall be deemed to have consented to the disclosure of these records and other information for these purposes.

Throughout the Program, BrownGreer designed and observed internal procedures to safeguard the confidentiality of all claimant information and to make that information available only to authorized recipients.

### C. The Third Party Demands That Have Prompted BrownGreer's Motion.

BrownGreer is now receiving subpoenas requesting production of documents and information, and on occasion deposition testimony of a representative of BrownGreer, relating to the Program, the manner in which claims were reviewed and paid in that Program, specific claims handled in the Program, or all claims handled in the Program.  Table 1 identifies the attempted subpoenas received by BrownGreer:

| TABLE 1 | | SUBPOENAS AND REQUESTS DIRECTED TO BROWNGREER PLC | |
|---|---|---|---|
| | **FROM** | **SUBJECT** | **DATE RECEIVED** |
| **1.** | Paul K. Silverberg Silverberg & Weiss, P.A. | Seeks identification of each Plaintiff who received/is receiving a Vioxx payment; identification of each claim approved; and identification of each attorney/law firm representing the claimants. | 2/28/11 |

| TABLE 1 | SUBPOENAS AND REQUESTS DIRECTED TO BROWNGREER PLC | | |
|---|---|---|---|
| | **FROM** | **SUBJECT** | **DATE RECEIVED** |
| 2. | Margaret E. Woodward | Seeks records and electronically stored information relating to the proceedings over the distribution of common benefit fees and expenses. Subject to a pending Motion to Quash filed by the PSC. | 2/22/11 |
| 3. | Tyson C. Langhofer Stinson Morrison Hecker LLP | Sought information regarding the claim of Willie S. Clay. Limited production arranged by agreement and with the claimant's consent. | 1/4/11 |
| 4. | David E. Kassab The Law Offices of Lance Christopher Kassab, P.C. | Order issued out of Harris County, TX, regarding the deposition of a BrownGreer employee. | 1/10/11 |

These efforts present serious questions relating to the preservation of the confidentiality of private claimant information as well as the appropriate allocation of the burden and cost of production of such material and testimony. BrownGreer has served its present Motion upon each of the counsel involved in these requests.

## II.  ARGUMENT AND AUTHORITIES

### A.  The Court Has Jurisdiction to Set a Procedure Relating to Access to Information from the Resolution Program.

This Court supervised the administration of the Settlement Agreement and retained sole jurisdiction over its interpretation and implementation. Section 8.1.2 of the Settlement Agreement provides:

> Except as specifically provided in this Agreement, any dispute that arises under or otherwise in connection with (i) this Agreement and/or any Program Claim and/or (ii) any other Administrative Agreement under which disputes are agreed to be handled in the manner set forth in this **Error! Reference source not found.**, shall be submitted to the Honorable Eldon E. Fallon who shall sit as a binding arbitration panel and whose decision shall be final, binding and Non-Appealable. If any such dispute is brought to the

4

>   Honorable Eldon E. Fallon, each party who has a stake shall have 15 days (or as the Honorable Eldon E. Fallon shall otherwise order) to submit papers and supporting evidence and to be heard on oral argument if the Honorable Eldon E. Fallon desires oral argument.

This retained jurisdiction ensures that the court most familiar with the history, purposes and administration of the Settlement Agreement has the authority to hear and resolve all matters arising under it. This central jurisdiction over the Settlement Agreement provides for consistency and uniformity in its application and avoids subjecting the parties and the administrators of the Settlement Agreement to multiple and potentially conflicting rulings of various courts throughout the country.

In addition, the repository of claimant information and documents was generated during the Program conducted under the Court' auspices. This Court has *in rem* jurisdiction over any party seeking access to it. *See, e.g.*, *Republic Bank of Miami v. United States*, 506 U.S. 80 (1992) (*in rem* personal jurisdiction arising from the court's actual or constructive control of the *res*); *In re Soileau*, 488 F.3d 302 (5th Cir. 2007) (bankruptcy court's *in rem* jurisdiction over the debtor's estate); *Eurasia International, Ltd v. Holman Shipping, Inc.*, 411 F.3d 578 (5th Cir. 2005) (*in rem* jurisdiction over a vessel and survey of other forms of *in rem* jurisdiction); *Karim v. Finch Shipping Co. Ltd*, 94 F.Supp.2d 727 (E.D. La. 2000) (*in rem* jurisdiction over posted bond); *Vivian Tankships Corp. v. Castro*, 24 F.Supp.2d 650 (E.D. La. 1998) (*in rem* jurisdiction over property).

> **B.** **This Court Should Oversee All Attempts by Third Parties to Obtain Information Relating to the Program.**

The subpoenas and requests sent to BrownGreer by third parties have arisen out of disputes among counsel over attorneys' fees, including the pending litigation involving objectors to the Common Benefit Fees to counsel involved in creating and assisting in the administration

5

of the Program.  Others stem from legal malpractice actions brought by a claimant against his or her former counsel regarding the handling of a claim in the Program.  In those instances, the parties often want BrownGreer to opine on what payments the claimant would have received had the claim successfully proceeded through the Program.  Though BrownGreer has yet to receive requests for documents or testimony from other proceedings, it is common in these claims programs for creditors of claimants, estranged spouses, or other litigants to seek information relating to payments made in the program and how they were calculated.

Each of these requests seeks disclosure of confidential information relating to a particular claimant or on all claimants in the Program.  Compliance with these requests would require BrownGreer to reveal private information relating to claimants and details concerning the manner in which claims were presented, evaluated, and paid in the Program.  BrownGreer is required by §15.1 of the Settlement Agreement to keep all this information confidential and thus is unable to disclose it without this Court's permission.

In addition, these requests would require BrownGreer to research the history of claimants in the Vioxx claimant database and produce information concerning a claimant or groups of claimants from that database, as well as locate the images of documents submitted by claimants in the course of the program.  These actions would force BrownGreer personnel to spend time assembling the information and then producing the data and electronic images from their electronically stored format in some manner useable by the requesting party.  The expense of conducting this research and producing this electronically stored information, as well as making BrownGreer representatives available for deposition testimony, will result in fees for the time spent on these efforts as well as certain costs relating to the production of data in an electronic or other format.  Merck funded all the costs of the administration of the Settlement Agreement.

Compliance with third-party demands for documents and testimony is neither in furtherance of the administration of the Program nor to Merck's benefit. Without safeguards requiring these third parties to pay for the costs of responding to the subpoena, BrownGreer would go uncompensated for its time and unreimbursed for its expenses relating to producing this information and materials.

### C. The Order Requested Will Provide a Proper Procedure for the Third-Party Requests for Information.

The Order BrownGreer requests would establish a regular procedure for third parties to gain access to information relating to the Resolution Program by requiring the following:

(1) Any third party seeking access to Program information from BrownGreer must file a Motion with this Court identifying the information requested and the grounds for the request. The five parties identified in Table 1 above would be required to initiate that process to obtain information from BrownGreer.

(2) The scope of the request must be narrowly tailored to the purpose of the request.

(3) Each requesting party shall be responsible for the reasonable fees and costs of BrownGreer in compliance with the request at the same rates at which BrownGreer provided services for the implementation of the Program.

(4) BrownGreer shall not be responsible for responding to any subpoena or request it receives that has not been issued in compliance with the Court's Order.

These reasonable provisions will endure the security of private information relating to claimants, prevent the unauthorized use of such information, and require the third party creating the expense of production to be responsible for it payment.

7

### III.   CONCLUSION

For these reasons, BrownGreer requests that the Court enter the Order submitted with it Motion and for such other and further relief as the Court shall deem appropriate.

                              Respectfully submitted,

                              BROWNGREER PLC

By:      **s/ Orran L. Brown**
          Orran L. Brown
          Virginia State Bar No. 25832
          BrownGreer PLC
          115 South 15th Street, Suite 400
          Richmond, Virginia  23219
          Telephone:  (804) 521-7201
          Facsimile:  (804) 521-7299
          Email:  obrown@browngreer.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum in Support of Motion for Order Setting Procedure for Access to Program Information was filed electronically this 15th day of March, 2011 and is available for viewing and downloading from the CM/ECF System of the United States District Court for the Eastern District of Louisiana.

The undersigned further certifies that a true and correct copy of the foregoing document was served this 15th day of March, 2011, by first-class mail, postage prepaid, upon the following:

| | |
|---|---|
| Paul K. Silverberg, Esquire<br>Silverberg & Weiss, P.A.<br>1290 Weston Road, Suite 218<br>Weston, FL 33326 | Margaret E. Woodward, Esquire<br>3701 Canal Street, Suite C<br>New Orleans, LA 70119 |
| David E. Kassab, Esquire<br>The Law Offices of Christopher Lawrence Kassab, P.C.<br>1420 Alabama<br>Houston, TX 77004 | Tyson C. Langford, Esquire<br>Stinson Morrison Hecker LLP<br>1625 N. Waterford Parkway<br>Suite 300<br>Witchita, KS 67206-6620 |

s/ Orran L. Brown
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
Email: obrown@browngreer.com