UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| Pascal Calogero, Jr. | * | March 14, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**MEMORANDUM IN SUPPORT OF
<u>ISSUANCE OF PRETRIAL ORDER 6F</u>**

MAY IT PLEASE THE COURT:

Co-lead and Liaison counsel for the Objectors respectfully submit this Memorandum in support of their Motion for Pretrial Order 6F.

**DEFINING THE PROPER LIMITED SCOPE OF LEADERSHIP'S ROLE**

During the February 17, 2011 hearing at which undersigned counsel were appointed to represent the Objectors, they advised this Court of their concerns regarding conflicts of interest among the group. While the Objectors are unified in their opposition to the unlawful recommendations of the Fee Allocation Committee, they have differing views of the application to themselves of the criteria articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Those differences are inevitably intensified by their competition for payment out of a limited fund.

-1-

As the fee allocation litigation has progressed, it has become more apparent to movers that they can only represent Objectors in demonstrating the fallacies in the FAC's approach and recommendations, and in broadly articulating the approach to a proper allocation; they cannot represent the individual Objectors in pursuing their individual claims.

In propounding discovery, movers have pursued all materials that any Objector requested as necessary to develop his case on the merits, or to refute the FAC's contentions and recommendations as they relate to the group as a whole. Further, movers have filed, and will continue to file, such pleadings as represent the collective interest of the group of Objectors as a whole. However, at some point, each Objector will have to justify his own fees. Because the awards will be made from a limited fund, it will be impossible for movers to take any position on behalf of the individual Objectors. At that point, Movers ask that this Court dissolve their leadership, and allow each Objector to advocate on his own behalf for his appropriate slice of the "pie."

In representing the group of Objectors as a whole, Movers' attention remains principally focused on the unsustainable allocation recommended by the FAC and on recommending the rudiments of a substitute formula. Undersigned counsel are working to assemble the materials essential to a proper allocation by this Court.

The requested Pretrial Order 6F would recognize and define undersigned counsel's limited roles. This is necessary not only to protect movers from any potential conflict of interest, but also to ensure that Objectors enjoy their due process rights to present their claims unhampered by the possibility of being bound to the position of a "group" to which they do not acquiesce.

## LEADERSHIP COMPENSATION

Movers believe that their fees and costs should be taxed against the Common Fee Fund. This is true for at least two reasons.

First, movers believe that their work will eventually benefit more than the Objectors in that there are acceptors whose fees will likely be adjusted upward once the FAC's illegal recommendation is rejected, and a new, legally appropriate and acceptable method of allocation is proposed. Undersigned counsel, although named as co-lead and liaison counsel for a limited group, have said from the start that the Objectors' complaints cannot be viewed in isolation because we are dividing a limited fund. Movers are objecting to the FAC's proposed allocation which undercompensates many of the acceptors as well as Objectors, for the benefit of the privileged few at the top who have reserved the lions share (almost 75% of the fund) to themselves.

Secondly, and most importantly, movers have been appointed by this Court to assist it its resolution of the fee allocation dispute. The work that movers are doing is for the benefit of both the Objectors and also the FAC, in that they are coordinating the discovery and pre-trial activities relative to the fee allocation dispute – thus, it is for the common benefit of all involved in this fee allocation dispute. Given that circumstance, this Court is authorized to pay movers from the fund that is at its disposal to be disbursed. The Manual for Complex Litigation explains that compensation of lead and liaison counsel is essentially an adjunct of their appointment. "The cost of the legal services," it concludes, "may be apportioned among all parties who benefit from the services." §22.62 (4th Ed.) In serving to coordinate and expedite this fee allocation dispute, and to bring it to resolution, movers are serving the interests of all claimants to the fund, and according the fund should be available to pay their fees and expenses.

Case 2:05-md-01657-EEF-DEK   Document 62694-1   Filed 03/16/11   Page 4 of 5

Respectfully submitted:

| | |
|---|---|
| /s/ Robert E. Arceneaux | /s/ Margaret E. Woodward |
| _____ | _____ |
| Robert E. Arceneaux, La Bar No. 01199 | MARGARET E. WOODWARD, La. Bar No.13677 |
| ROBERT E. ARCENEAUX LLC | |
| 47 Beverly Garden Drive | 3701 Canal Street, Suite C |
| Metairie, LA 70001 | New Orleans, Louisiana  70119 |
| (504) 833-7533 office | (504) 301-4333 office |
| (504) 833-7612 fax | (504) 301-4365 fax |
| rea7001@cox.net | mewno@aol.com |

**CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER**

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

**LIAISON COUNSEL FOR OBJECTORS IDEN,TIFIED IN FEB. 8 ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Pretrial Order 6F has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, March __, 2011.


/s/ Robert Arceneaux
_____