UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| Pascal Calogero, Jr. | * | March 14, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**PRETRIAL ORDER 6F**

Upon the motion of Co-lead and Liaison counsel for the Objectors identified on this Court's order of February 8, 2011,

**IT IS ORDERED** that Pre-Trial Orders 2, 4, and 6 be and they are hereby amended as follows:

1.  Duties of co-lead counsel.

    Co-lead counsel shall be generally responsible for coordinating the activities of Objectors during pretrial proceedings and shall

    (a)   determine and present to the court (after consultation with Objectors) the common and joint position of Objectors on all matters arising during pretrial proceedings;

    (b)   coordinate discovery on behalf of Objectors consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions (however, individual Objectors will have the right to participate in depositions in order to ask case-specific questions related to their own claims, subject to reasonable limitations imposed by the Court);

    (c)   enter into stipulations with counsel for the Fee Allocation Committee as

        necessary for the conduct of the litigation;

    (d)    perform such other duties as may be incidental to Objectors' pretrial activities or authorized by further order of the Court.

2. <u>Duties of Liaison Counsel</u>.

Liaison Counsel shall:

    (a)    maintain and distribute to objectors an up-to-date contact list for Objectors and their counsel;

    (b)    receive and, as appropriate, distribute to Objectors orders from the court and documents from opposing parties and counsel;

    (c)    maintain and make available to Objectors access to all documents served by or upon each party, except such documents as may be available at a document depository;

    (d)    communicate with the Court and opposing counsel on matters affecting the interests of Objectors;

    (e)    prepare and distribute periodic status reports to Objectors.

3. <u>No Waiver</u>.

No communication among co-lead counsel, liaison counsel and/or any of the Objectors shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

4. <u>Limitations on duties and authorities of co-lead and liaison counsel</u>.

Because they are serving as leadership for parties who have competing claims to a limited fund, and who have differing approaches to pursuing their claims, leadership for Objectors may encounter conflicts of interest. In order to minimize such conflicts, co-lead and liaison counsel's roles shall be limited as follows:

    (a)    Co-lead or liaison counsel shall conduct all pre-trial proceedings as described above, but once those duties are satisfied, their authorities and duties shall terminate;

    (b)    at any trial or hearing on the allocation of fees, Objectors shall represent their own interests, with co-lead and liaison counsel only serving, as the court directs, to coordinate presentations, and to present joint pleadings, arguments and positions that have been pre-approved by the Objectors on whose behalf

        they are presented;

(d)      Co-Lead and Liaison counsel may oppose the recommendations of the Fee Allocation Committee and may propose alternative allocations or formulas on behalf of those Objectors who have pre-approved the positions advanced by co-lead and Liaison counsel; however, each Objector maintains the right to present his opposition to the recommendations of the Fee Allocation Committee as said recommendation relates to him, and to propose and support his own suggested allocation;

(e)      Neither co-lead nor liaison counsel has the authority to compromise or settle any Objector's claim without written authorization, and any such settlement shall be approved by the Court before it becomes binding on any party.

5.      <u>Compensation.</u>

Co-lead and Liaison counsel shall maintain contemporaneous records of all hours and costs expended by them in this matter. At the conclusion of this matter, they shall be entitled to apply to the Court for an award of fees to be paid from the Common Benefit Fee or Cost fund, such award to be made based upon a lodestar calculation as modified by the *Johnson* factors. The Court shall determine whether this fee shall be paid by all claimants to the fund, or only by those members who benefit from the activities of co-lead or liaison counsel. Reasonable costs expended by co-lead and liaison counsel shall be reimbursed from the fund.

New Orleans, Louisiana, this ___ day of March, 2011

_____
              ELDON E. FALLON
       UNITED STATES DISTRICT JUDGE