*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706 FOR MENDAMUN INSTRUCTION FOR WRONG DOER(PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX SETTLEMENT.*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2011 MAR 16 AM 10: 08
LORETTA G. WHYTE
CLERK

RECEIVED
FEB 25 2011
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80012*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] 2011.*

**Safdar N. Lilak (Pro Se)**
**1033 S. Kittredge way,**
**Aurora, Colorado 80017.**
**Telephone: 303-~~755-1505~~ 719-2344**

**E-mail:** slilak43@hotmail.com

**Hearing Date: [TBD] 2011.**
**Time: 9:00 a.m.**
**Judge: Hon. Fallon E. Eldon**
**Objection Date: [TBD], 2011.**

## PLAINTIFF/ CLAIMANT , CASE No. 06-CV-08318/ MDL 1657-EEF

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: VIOXX- SETTLEMENT | ) CASE No. 06-CV-08318-EEF |
| **MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION** | ) MDL No. 1657-EEF |

| | |
|---|---|
| **This Document Relates to:**<br><br>**1. MEMORANDUM FOR JUDICIAL REVIEW (APA), 5 U.S.C.A §702 & §706.**<br><br>**2. REMANDING OF CASE 2:06-cv-03813-EEF-DEK" FOR MANDAMUS INSTRUCTIONS.**<br><br>**MDL-1657EEF [VCN:1113035].**<br><br>CLAIMS WITH CONTROVERSY OF RULE OF LAW & MSA AGREEMENT, FAIRNESS & JUSTICE IN CIVIL PROCESS OF WAGE LOSS. IN MDL1657-EEF.<br>**Concerning: Case of:**<br><br>Lilak, Safdar v. Merck & Company<br>Case No. 06-cv-08318- EEF<br>**MDL-1657-EEF** | **PLAINTIFF: (MOVANT) LILAK**<br><br>**MEMORANDUM FOR JUDICIAL REVIEW & MANDAMUS INSTRUCTIONS TO WRONG DOER.**<br><br>**" REMANDING EI-Claim VCN 1113035/CASE FOR JUDICIAL REVIEW FOR FAIRNESS & JUSTICE ACCORDING TO RULES OF PRINCIPAL OF LAWS AND "MSA" AGREEMENT FOR MANDAMUS"**<br><br>**ACCORDING TO (APA), 5 U.S.C.A § 702, 706. FTC "false or deceptive acts and practices" 15 U.S.C.A – §§45, 2 (1982) and OR FDA 21 U.S.C.A §§ 351-360ee.**<br><br>FOR WAGE LOSS EI-CLAIM AGAINST MERCK /DEFENSE<br><br>DATE: FEBRUARY 21, 2010.<br><br>Hearing Date: [TBD], 2011.<br>Time: [TBD] 9:00 a.m.<br>Judge: HON. FALLON E. ELDON. |

**JUDICIAL REVIEW DEMANDED IN**

Fee
Process
x Dktd
CtRmDep
Doc. No.

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5 § 702, 706*
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

## CASE MDL1657-EEF / CLAIM NO. 1113035
## IN FEDERAL COURT OF HONORABLE FALLON E. ELDON
## MEMORANDUM WITH (APA), 5 U.S.C.A § 702 & 706 DEMAND JUDICIAL REVIEW OF "MSA" AGREEMENT TO "PTO" SETTLEMENT OF VIOXX

## [ MEMORANDUM FILED 02-21-2011]

**TO: THE COURT OF HONORABLE: FALLON E. ELDON & JPML PANEL MDL1657 FOR MULTIDISTRICT LITIGATION & ALL PARTIES,**

## TO WHOM IT ALL MAY CONCERN!

### JUDICIAL REVIEW DEMANDED IN
### EI-CLAIM IN "MSA AGREEMENT" CASE MDL1657-EEF / CLAIM NO. 1113035
### IN FEDERAL COURT OF HONORABLE FALLON E. ELDON

Under the section 702 & 706 of APA. Section 706 directs the reviewing court to hold unlawful agency action "not in accordance with law, [responsible" APA, 5 U.S.C.A. § 706(2) (A) and § 706(2) (C) should give Mandamus instruction to wrong doing party. [*in this claim separating injury(s) damages from Wage loss or vice versa* ].

*Since all of you have the nexus, symbiotic relation directly* and or In-directly and are responsible for this situation in some capacity as officer of the Justice/Law and Enforcement i.e.

Judicial Panel for Multidistrict Litigation (JPML/MDL1657) Judicial Panel for Multi-litigation Case Management rules, Judge of the said court and MDL1657-VIOXXSETTLEMENT "MSA AGREEMENT" Admin i.e. MERCK & Company and "BROWNGREER" Claims Admin.

The Parties acknowledge and agree that there will need to be substantial efforts by all concerned to effectuate the terms of the Settlement Agreement. Plaintiffs' counsel will seek a stay of any discovery, case specific or generic, or trials

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail:* slilak43@hotmail.com

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

which are pending in any court while the parties continue their best efforts of the settlement of the claims subject to this Agreement "MSA AGREEMENT-VIOXX".

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Settlement Agreement. This is an integrated agreement. All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New Orleans/Louisiana without regard to its choice of law or conflict of law principles.

The Parties acknowledge that it is their intent to consummate this Settlement Agreement for "VIOXX" and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the forgoing terms and conditions of this Settlement Agreement for "VIOXX" settlement.

The Plaintiff *"Pro Se"* alleges he has been denied and deprived of fairness and equal justice in this Settlement "MSA AGREEMENT" contract, process by CA-BROWNGREER/ MERCK DEFENSE. The Court need to enter order against defense or Mandamus instructions for wrong doer in this case the MERCK & Company and BROWNGREER" Claims Admin committing "SCIENTER RULES" Fraud by minimizing injured victims compensation.

The order for "MANDAMUS Instruction" is appropriate for and, in favor of Plaintiff/Claimant (Lilak), EI-Claim for wage loss) for "Pro Se" Claimant Mr. Lilak (VCN No. 1113035). Who is standing to lose huge financial damages due to consequential injuries and being disable from 10-2003 to present 2011 and not able to provide for family of (4) four dependent.

**The PRAYER FOR JUSTICE and Fairness is being requested** in this Memorandum as Prayer for Mandamus instructions or Summary Judgment or Mandamus instructions to wrong doer party.

3

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5 § 702, 706 FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

## DEMANDING/REMANDING OR MANDAMUS INSTRUCTIONS FOR JUDICIAL REVIEW,

## PURSUANT TO: 5 U.S.C.A. § 706(2) (A) and § 706(2) (C) should give Mandamus instruction to wrong doing party.

**COMES NOW:**

The plaintiff & Claimant with personal injury(s) in case of court order settlement of VIOXX. Whose wage loss claims has been denied wrongfully, incorrectly and illegally.

The plaintiff has "injury(s) in fact" damages and stand to suffer big financial and equity damages due to negligence of the defendant MERCK & BROWNGREER Claim Admin COMPANY and their defense.

The plaintiff has legal grounds and standing, the issues are ripe for re-dressing or some kind of resolution to the issues. Whether it be adjudication, Injunctive and Declaratory relief or Prerogative writs of Mandamus or Summary judgment or whatever is appropriate in this situation pursuant to and.,

Under the section 706 of APA. Section 706 directs the reviewing court to hold unlawful agency action " 'not in accordance with law', [responsible]" APA, 5 U.S.C.A. § 706(2) (A) and § 706(2) (C) should give Mandamus instruction to wrong doing party. [ *in this claim separating injury(s) damages from Wage loss or vice versa by not compensating for wage loss* ].

**Mandamus**, a command to an officer to perform a duty, is an extraordinary remedy subject to the same as for injunctions; its use is limited to situation requiring immediate relief to avoid irreparable harm. [*United States ex rel. Great house v. Dern, 289 U.S. 352 (1933).]*

As a consequence, Mandamus is said to lie only to compel so-called "ministerial" as opposed to "discretionary" duties. Another form of the same idea is that the court can command the officer to perform only a "clear legal duty" [in this case the wage loss and the evidence for established/published requirement of MSA guideline for EI-Claims for wage loss].

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

The plaintiff is filing this MEMORANDUM on 02-21-2011 for "Judicial Review". According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, which provides:

*"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof".*

*Also according to FTC 15 U.S.C.A.* §§ 45, 52 (1982) and FDA 21 U.S.C.A. §§ 351- 360ee.

**More** recently, APA has been viewed not only as a source of protection from governmental action, but also a source of protection for statutory rights. Thus, a Consumer Product Safety Commission rule not only imposes burdens on the regulated business, but it also creates protection for consumers.

The APA, and other procedural laws, should protect both groups. See *Richard B. Stewart, The Reformation of American Administrative Law, 88 Harv. L Rev. 1669 (1975).* The idea that the APA should also protect beneficiary groups undermines the public property, grants, loans, benefits, and contracts exception in section 553. *See ACUS C.F.R § 305.69-8;* Arthur E. Bonfield, *Public Participation in Federal Rulemaking Relating to Public Property, Loans, Grants, Benefits or Contracts, 118 U. PA. L. Rev. 540 (1970).*

## SECTION INTRODUCTION:

**Your Honor**, This issue is before you, because there are certain minor controversy(s), which are very huge for claimant, since he stands to suffer huge financial damages caused by excessively dangerous, defective medication by MERCK & COMPANY [VIOXX], there are 8-9 years of damages, disabilities & suffering which needed to be compensated, regarding Plaintiff's claims for WAGE LOSS & "Equity".

**The Plaintiff has been injured** by the defective medication of VIOXX which caused injuries to Plaintiff and his family has "injury(s) in Fact". The plaintiff has legal grounds and standing. The plaintiff happened to be educated person with college degree in Computer Sciences Major and not able to provide for family of five dependants and living on 180% poverty index from last 8-9 years, injury and disability caused by Merck & Company.

The plaintiff is filing this MEMORANDUM on 02-~~17~~21-2011 for "Judicial Review". According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, 706 which provides:

5

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail:* slilak43@hotmail.com

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

*"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof"*

The Motion is filed on February 21, 2010 under (APA), 5 U.S.C.A §702, and Federal Disclosure Requirement & required by 42 U.S.C. §1395 (b) (7) and (b) (8))

**I.** *The Plaintiff has exhausted all avenues* to resolve through the amicable way through the settlement process i.e. "Pro Se" curator and other involved party(s) being "cozy" with each other and not being fair & just to the "Pro Se" Claimant under the fair application of law and procedures, and letting him being exploited by the defense firm CA-BROWNGREER/Merck & Company defense counsels.

**II.** *The plaintiff/Claimant* entered in the MSA program because and for, to be treated with fairness and according to justice and principal of law and he followed the rules and conditions of MSA SETTLEMENT AGREEMENT contract/ program as published for settlement agreement.

**Not to be cheated and exploited by the dishonest Services of Firms** involved in MSA Program to minimize injured person's compensations by using "SCIENTER rules and Fraud" and being cozy with big corporation and not caring for rule of law, and the injured victim and Pro Se claimant.

**III.** *I have not given any permission to any one*, to be deprived or be cheated, exploited or my basic rights being violated by big corporation's clever lawyers and firms. Neither I shall and will permit that, the plaintiff's compensation to be minimized by "SCIENTER RULES" of some clever law firms to violate my legal right and equal protection of law under the fair judicial due process.

**IV.** **This** Court should not permit or give this permission either**,** because they got big corporate lawyers, making over $375 million in legal fees i.e.{like "Rob Peter and pay Paul"} [who defense does not want to pay their legitimate and legal liability in this matter] so that does not means that, "they should be allowed to get away with murder" by their excessively dangerous medicines. Yet they do not want to pay their legitimate liability(s) and compensation for injured victim (Lilak), caused by the defendant's excessively dangerous medication of "**VIOXX**".

**V.** The plaintiff has been permanently injured and disabled by the Merck Corporation who [Plaintiff/Claimant] is not able to provide for his family because of the negligence and dereliction of duty for "Product Liability" i.e.

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5 § 702, 706 FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

"res ipsa liquitor" [speak for itself and publically known fact] by this Corporation i.e. The MERCK & Co., Corporation.

**VI.** **Your Honor**, there were no and are no issues of Law which are tri-able, but however, if these minor issues of plaintiff (Lilak) are not resolved. It would definitely create few other issues and concerns which will create the situation of continues as legal issues, which will require the legal issues of "Fraud, Bad Faith and Wonton Conduct, and issues of "Dishonest Service" by defense MERCK & CO if this situation is not resolved with this Claimant/Plaintiff.

**VII.** *In reply to Defense Merck motion of 10-27-2010* opposition to Plaintiff's "Summary Judgment" Motion of 08-26-2010 under rule 56(e) was untimely. The defense was out of time frame of response in 10+4 days window according rule to response rule 6(e). [defense has expired the opportunity to response and response was untimely]

**VIII.** *Pursuant, to Rule 6(e),* and the Motion filed On 01-05-2011 for "JUDICIAL REVIEW, under "Administrative Procedure Act" (APA), 5 U.S.C.A statue § 702, 706 and previously file motion under rule 56(e), for summary judgment {although there is no final judgment in this matter yet].

**IX.** *The Plaintiff however is filing additional charges* & allegations with counter-cross complaint/claims of Fraud, Dishonest Services, Malicious litigation and misuse of civil procedures in Bad faith and Wonton conduct in court order settlement process involving $4.8 Billion. The plaintiff is praying for punitive damages in addition for Fraud & SCIENTER and DISHONEST SERVICE and INTENTIONAL DISTRESS of 8-9 years sufferings and Damages caused by MERCK & CO. The plaintiff filing counter and cross claims with jury demand for trial. If the matter is not resolve through the "agreed upon settlement rules" which are being used in "SCIENTER" way and fraudulently.

**X.** *The Plaintiff is filing against the Defense* and demanding compensation for EI-Claim, litigation of Fraud, and Malicious use of civil procedures in Bad Faith. In court ordered settlement of $ 4.8 Billion, which is creating potential fraudulent intent in disposing of the funds to victims and injured for fair and just compensation for injuries and wage loss and some type of official audit is demanded in verification of total claimant and amount dispersed out of $4.8 Billion of settlement amounts. The plaintiff is seeking judicial review pursuant to (APA), 5 U. S. C. A Statue §702.

**XI.** **Your Honor** as of February 21, 2011 the plaintiff is filing Memorandum "REMANDING EI-Claim/CASE" for Judicial review of the EI-claim [according to MSA guidelines] & evidence and records submitted which

7

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

defense of MERCK & Company/BrownGreer Admin is saying, "not sufficient information for calculation for EI-claim".

**YOUR HONOR**, all supportive records and information was & were and has been submitted as requested, that is where the "SCIENTER & FRADULENT" rules are taking place by just saying "not sufficient information" OR DOCUMENTS NOT SUBMITTED [excuses] and, [then refusing or denying EI-Claim. This motion for judicial review is to redress to make the situation right and make plaintiff WHOLE under "re-dressabilty clause or doctrine"

**XII.** **Therefore,** to this Honorable court, the plaintiff is filing this Memorandum/Motion for Remanding of the case for "Judicial Review" to EI-Claim and with additional Cross and Counter complaint, claims of Fraud & Dishonest Services. This court has to review the records and deliver justice according to law. The plaintiff is Praying for "Summary Judgment" with punitive damages and his Wage Loss and other damages as deem appropriate by this court for his EI-Claim and other special damages as deem appropriate..

**XIII.** *Since this is the responsibility of this court* for this MDL1657 case management. For this case of "res ipsa logitor" and Product Liability case. Therefore, jurisdiction is appropriate for this Hon. Court.

**The Merck is liable** and should face its liability(s) to the situation rather than [instead] using SCIENTER rules, Malicious Litigation Bad Faith and Wonton conduct to minimize compensation for victim and his EI-Claim for Wage loss.

*Which requires by the said court to set example* & use the Mandamus, Hammer and teaching to defense of MERCK by use of hammer by the Honorable court and for "Punitive Damages" award in favor of injured and disabled plaintiff (Lilak).

*The plaintiff & family, Who has been suffering* from last 8-9 years now, living in poverty index of 180%, and in future will be suffering, who has been permanently injured for life and damaged career by MERCK Corporation, plaintiff has "injury in fact" and stand to suffer huge loss in equity and mental and emotional way.

**XIV.** **And violation of ethic of Civil proceeding** and use of civil procedures in Bad Faith by the defense of MERCK { ABA MODER RULES OF PROFESSIONAL CONDUCT, Rule 1.13 (a), (b)(c) (1)(2), (d)(e)(f)(g). To hurt injured and damaged party is considered Fraud by conspiring with firms and procedures and minimizing compensation which are not fair and

8

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702, 706*
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

just by rule of law, **therefore**, predatory and malicious litigation in disregard of injured and victimized claimant and guideline of the civil procedures and law.

**XV.** **Your Honor** this court has the authority to resolve these issue(s) under "Administrative Procedure Act" Statue 702 and Rule 56 of Federal Rule of Civil Procedures, which I will explain in few minutes in attached exhibit. The Honorable court need to cite the defense, why summary Judgment should not be entered in this situation for the Plaintiff/Claimant (Lilak) for El-Claims of wage loss and other special damages.

**XVI.** *I am writing to the said court* and filing and sending this Memorandum for Judicial Review for Mandamus instruction to wrong doer party and consideration to set for hearing and to all who has nexus and symbiotic and logical connection to this situation of the El-claim to all parties.

By fax / e-mail or by US mail, or Certified mail, or registered or receipt confirmation mail to all of you to whom it may concern, pursuant to "Administrative Procedure Act" (APA), 5 U.S.C.A §702 and D.C. COLO. L Civ. R 3.2 and 7.5. The Motion is being filed for "REMANDING OF THE CASE FOR JUDICIAL REVIEW AND FOR SUMMARY JUGMENT" with punitive damages for El-claim [In accordance with Rule 7.5 Notice of related Cases.].

**XVII.** **YOUR HONOR**, if the Rule 56(e) and Rule 60(b) are not applicable or appropriate for this situation then, the plaintiff (Lilak) is filing this Memorandum for "Judicial Review" according to "Administrative Procedure Act" § 702 as follow:

**XVIII.** *The plaintiff is filing this Memorandum for "Judicial Review"*. According to Administrative Procedure Act e.g. *Sierra Club v. Morton*, which relied upon the Administrative Procedure Act (APA), 5 U.S.C.A. § 702, 706 which provides:

*"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."*

**Early decisions under** this statue interpreted the language as adopting the various formulations of "legal interest" and "legal wrong" then prevailing as constitutional requirements of standing. But in *Data Processing Service v. Camp, 397 U.S 150 and Barlow v. Collins, 397 U.S. 159,* decided the same day, we held more broadly that persons had standing to obtain judicial review of federal agency in this situation PFIZER/BROWNGREER in court order VIOXX Settlement Administration.,

9

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5 § 702, 706 FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

**Action under <u>§ 702, 706 of the APA</u>** where they had alleged that the challenged action had caused them "injury in fact" and where the alleged injury was to an interest "arguably within the zone of interests to the protected or regulated" by the statues that the agencies were claimed to have violated.

**As to what must be alleged** by persons who claim injury of noneconomic nature [in this case it is economic interest as explained later in following paragraph and the Bad Faith Settlement process with WONTON Conduct on part of MERCK & Company for summary and punitive damages for "SCIENTER rule.]

**XIX.** <u>*The Plaintiff Lilak, pray for re-instatement of his Case and El-Claim for wage loss be compensated.*</u> The plaintiff (Lilak - Pro Se) most respectfully ask for relief from the order of agency refusal by the MERCK/BROWNGREER claims administration under the Rule 59 (e) or 60 (b) <u>and according to *SIERRA CLUB v. MORTON Administrative Procedure Act (APA), 5 U.S.C.A. § 702, Baker v. Carr, 369 U.S. 186, 204 also Flast v. Cohen*</u> and submit to Honorable Panel and said Judge for sympathetic, fair and just order considering the prolong sufferings of the plaintiff (Lilak) and family's economic interests and damages caused by defendant's defective product.

**XX.** The Plaintiff/Claimant, Lilak, <u>bring the attention of this Honorable "JPML PANEL" and members and Judge of said Court and JPML *PANEL in this Memorandum for "Judicial Review"*</u> **to** the defendant violating published MSA settlement agreement rules negotiated and by use of "abusive depositions and discovery abusive practices" <u>violating rule of injured plaintiff's protective rights. Who has "injury(s) in fact" has personal stake in the outcome and has huge damages and personal injury.</u>

**XXI.** For VIOXX SETTLEMENT PROCESS, <u>and immediate order or Mandamus to defense be issued, to intercept and to resolve disputed issues</u> of "Wage Loss" and this court's action is required for fair and just adjudication of claims according to rule of law.

**XXII.** <u>And not some insider MSA-program rule to override legal principals of law.</u> The legal resolution for "Wage Loss" for Past Present and future is prayed, requested and demanded. <u>This court has the authority and jurisdiction for this issue to resolve without protracted litigation according to Rule 56 & 6(e) in this case.</u>

**XXIII.** *The plaintiff is praying* <u>and filing this expedited Memorandum for "Judicial Review" & Summary Judgment</u> as Prayer and "FOR REMANDING OF THE CASE FOR EI-CLAIM and JUSTICE & FAIRNESS OF RULES OF LAW

10

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR"JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail:* **slilak43@hotmail.com**

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

FOR SUMMARY JUDGMENT with punitive damages as deemed appropriate under the circumstances.

**XXIV.** *The plaintiff prays*, to this Honorable Judge & Court, for fairness and rule of law, for adjudication and just resolution to the controversy and disputed issues relating with [Plaintiff/Claimant, Lilak] the VIOXX Claim and EI-Claim for wage loss.

**XXV.** *For dual injuries and EI-Claims*, "Wage Loss" in objection to and against the MERCK & COMPANY refusal/dismissal motion, and their baseless refusal to my Claims for Wage Loss and EI-Claims for dual injuries by saying not sufficient information in face of all the Hard and Certifiable evidence and records submitted with best faith efforts as requested.

**XXVI.** *The plaintiff is Praying* and requesting to the Court to issue "Summary Judgment" in favor of Claimant (Lilak) and against MERCK & CO and CA-BROWNGREER Claim Admin for MERCK defense.

**XXVII.** *The Defense had the opportunity to show cause* [has missed and expired the date], according to rule 6 (e), Why case should not be remanded for review of the submitted evidence & records in support for claimant, for fairness and according to the rule of law and justice. And why "Summary judgment" should not be entered against the defense and MERCK & CO. The defense missed the opportunity pursuant to rule 56 and 6(e). Therefore, 'Summary Judgment" is fair legal and appropriate in this situation.

**XXVIII.** *The plaintiff praying* and requesting for resolution to his claims and Summary Judgment to be entered for his claim, since there are no legal issues to be tried, in this matter, but SCIENTER & FRAUDULENT application of Civil rules in Bad Faith and Wonton conduct by the Defense of Merck & Company in "MSA SETTLEMENT" agreement .

**XXIX.** *According, to* D.C.COLO. L Civ. Rule 30.3, Sec. A {(1, 2, 3, 4, 5)}, and Pursuant to statutes of fraud, in accordance with Fed. R. Civ. P. 26 requirements rule 26(f) and 26 (a) (3) of Fed. R. Civ. P that disclosures be filed with the court.

**XXX.** *The plaintiff, requesting relief for wage loss EI-claim* and, from SCIENTER RULES, DISHONEST SERVICES AND FRAUD and ABSUSIVE Discovery with Bad Faith and Wonton conduct by the defense and MERCK & Company.

**XXXI.** *The relief of claim is being requested*, prayed and demanded under rules of Fed. R. Civ. P. Rule 56, 6(e) & Rule 60 (b) and against MERCK & Company/CA-BROWNGREER firm & MERCK & Company, for playing

11

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date:02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

"SCIENTER Rules and Bad Faith and Wonton Conduct" in Settlement processing of claims, by minimizing victim's & injured claimant compensation.

**XXXII.** *Since all of you have the nexus, symbiotic relation directly* and In-directly and are responsible for this situation in some capacity i.e. JPML Judicial Panel for Multi-litigation Case Management rules and office of "Attorney General of USA.

*The Plaintiff "Pro Se"* alleges he has been denied and deprived of fairness and equal justice in this Settlement process by CA-BROWNGREER/ MERCK DEFENSE. The Court need to enter order against defense pursuant to rule 56 & 6(e) for "Summary Judgment" The defense was suppose to file opposition within definite time i.e. 10+3 mailing days by remanding the Case/Claim in court for motion under rule 56,

The order for summary judgment is appropriate for and, in favor of Plaintiff/Claimant (Lilak), El-Claim for wage loss) for "Pro Se" Claimant Mr. Lilak (VCN No. 1113035).

**The PRAYER FOR JUSTICE and Fairness is being requested** in this Memorandum as Prayer for Summary Judgment or Mandamus instructions.

**The Plaintiff questions and wants** to know according to rules of evidence, and the rules of laws of Personal injuries. WHY plaintiff's claim is and was being denied. Plaintiff needs to know the detailed reasons why his evidences are and were being ignored i.e. Payment paid in excess of $ 225000 by the insurance for injury(s) treatment/rehabilitation and Wage loss records of "Disability" (8-9 years) from Social Security Administration wage loss in excess of $886000 how come this is not qualifying for the EI claim with requirement condition as published of $225K of MSA program which has been created as 'SCIENTER RULES" for El-claims and being burdensome? **WHY**

**How come evidence** is/are/was being blatantly ignored and that information being verifiable and all releases of records has and had been signed. By JUST SAYING, "NOTENOUGH OR SUFFICIENT DOCUMENT OR INFORMATION" to make decision? What a non-sense excuse by defense and MERCK/BROWNGREER [problem with professional ethics and the Agency Lawyer, Rule 1.13].

**Therefore, plaintiff is requesting** and praying for " Mandamus instruction or Summary judgment" for his remainder of the claims for El-Claims for Wage loss and for which plaintiff has complied with all deficiency(s) for calculation purposes. **WHY is**

*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

**the question for This Court**, to ask the defense, instead of leaving for liaison or pro Se curator who, are cozy with big corporation defense, and perhaps in their pockets. The fairness of law from this court is being requested, Prayed and demanded.

**YOURHONOR**! There is a question of fairness of $4.8 Billion in this settlement, the victims would like to know the inside story. Without fairness, the plaintiff will have no alternative but to file "Counter and Cross claims" against the defense for Fraud and will prove to Jury of the peers as challenge. {**Please read the previously submitted exhibits**, justification for "Summary Judgment" against the defense and in favor of Plaintiff/victim pursuant to the Rule 56. [FYI: Defense is paying their lead counsels $375 Million for settlement process for legal fees that is "Rob Peter and pay Paul" potential violation of Rule 1.13, yet not willing to pay legit compensation for injured and victims and defense is committing their fraud and conspiracy(s) and SCIENTER and MALICIOUS litigation and negligence and dereliction of duty to public at large] and "injury(s) in Fact" to plaintiff (Lilak).

It is unfair that all is taking place, against the Guidelines for Federal Rules for Complex MDL litigation/Settlement and principals of Personal injuries compensation rules & laws of settlement and or "Strict Product Liability" and "res ipsa loqitour" rules are being ignored. The rules provided and recommended by the "BREYER COMMITTEE" Guidelines, for the complex management of and for Settlement communication and Settlement rules are being ignored and disregarded. [Please read the attachments previously submitted - Evidence and Rule 56 justification for Summary Judgment"]

So you know the facts and the dirt which is being played in Settlement process by CA-BROWNGREER/MERCK against the "Pro Se" injured claimants, by the defense of MERCK & COMPANY / CA-BROWNGREER Claim Administration after court order settlement.

If you have any question please contact me by **e**-*mail: slilak43@hotmail.com* or *Phone: 303-~~755-1505~~ 719-2344 or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017*. Thanks. 719-2344 Thanks again, respectfully, submitted on this day 21th February, 2011.

Sincerely,
Safdar Neil Lilak
s / Safdar Neil Lilak 02-21-11

Safdar Neil Lilak, Ph: 303-719-~~1505~~ 2344, E-mail: slilak43@hotmail.com.

13

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706 *FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail:* slilak43@hotmail.com

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

## CERTIFICATE OF MAILING & SERVICE

The foregoing "MEMORANDUM FOR JUDICIAL REVIEW" and Summary Judgment was and is mailed to following parties on February 21, 2011, pursuant to the rules of service and mailing, by the US mail, E-mail and Certified or Confirmed receipt mails and electronically to all involved parties.

**TO:**

1. **Mr. Russ Herman**
   **Plaintiff's Liaison Counsel [by e-mail]**
   Herman, Herman Katz & Cotler, LLP
   820 O' Keefe Ave.
   New Orleans, LA 70113.
2. **Mr. Phillip Wittmann [by e-mail]**
   **Stone Pigman Walter Wittmann, LLC**
   546 Carondelet Street
   New Orleans, LA 70130.
3. **VIOXX Pro SE Curator [by e-mmail]**
   400 Poydras Street
   Suite 2450
   New Orleans, LA 70130.
4. **Dorothy H. Wimberly**, Lead Liaison Counsel MERCK MDL1657-VIOXX],
   Case: 2:06-CV-08318-EEF-DEK. [by e-mail]
   546 Carondelet Street, [by e-mail]
   New Orleans, Louisiana 70130-3588.
   Ph: (504) 593-0849, Fax: (504) 596-0849, E-mail: dwimberly@stonepigman.com
5. BROWNGREER CLAIMS ADMINISTRATION – VIOXX Settlement.
   VIOXX Claims Administration [by e-mail]
   115 S. 15th Street, Suite 400
   Richardson, VA 23219. [E-mail: claimsadmin@browngreer.com]
6. **Robert M. Johnston** of Johnston, Hoefer, Holwadel & Eldrige (Plaintiff Liaison). [by e-mail]
   601 Poydras Street, Suite 2490,
   New Orleans, Louisiana, LA 70130.
7. **Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX, Case No. 06-CV-08318-EEF] {by e-mail}
   500 POYDRAS Street,
   Room C-456
   New Orleans, Louisiana, LA 70130.

*PLAINTIFF'S MEMORANDUM FOR "JUDICIAL REVIEW" FILED 02-21-2011.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5* § 702, 706
*FOR MENDAMUN INSTRUCTION FOR WRONG DOER (PARTY) I.E. MERCK & BROWMGREER CLAIMS ADMIN FOR VIOXX-SETTLEMENT.*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-719-2344*
*E-mail: slilak43@hotmail.com*

*Hearing Date: 02- TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 03- [TBD] -2011.*

8 Safdar Neil Lilak
1033 S. Kittredge Way, Aurora Colorado 80017.

**CC:** Honorable: Eric Holder Attorney General, USA.
Honorable: Thomas Perrelli Associate., Attorney General USA.[by e-mail]

Respectfully Submitted.

**Dated: 02-21-2011**

Safdar Neil Lilak
/s/ Safdar Neil Lilak 02-21-11.

NOTE:

If you have any question please contact me by **e**-*mail: slilak43@hotmail.com* or *Phone: 303-~~755-1505~~ or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017*. Thanks. 719-2344

Thanks, Respectfully, Submitted.

Sincerely,
Safdar Neil Lilak
s / Safdar Neil Lilak

Safdar Neil Lilak, Ph: 303-719-2344, E-mail: slilak43@hotmail.com

15

Plaintiff: MEMORANDUM DEMANDING & REMANDING FOR "JUDICIAL REVIEW" Dated February TBD-2011
Case: MDL 1657-EEF
Claim: VCN No. 1113035

*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010. PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA). 5 § 702, 706 FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date: TBD, 2011.*
*Time: OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: [TBD] -2011.*

## CERTIFICATE OF MAILING & SERVICE

The foregoing "MOTION FOR JUDICIAL REVIEW" and Summary Judgment was and is mailed to following parties on December 30, 2010, pursuant to the rules of service and mailing, by the US mail, E-mail and Certified or Confirmed receipt mails and electronically to all involved parties.

**TO:**

1. **Mr. Russ Herman**
   **Plaintiff's Liaison Counsel [by e-mail]**
   Herman, Herman Katz & Cotler, LLP
   820 O' Keefe Ave.
   New Orleans, LA 70113.
2 **Mr. Phillip Wittmann [by e-mail]**
   **Stone Pigman Walter Wittmann, LLC**
   546 Carondelet Street
   New Orleans, LA 70130.
3 **VIOXX Pro SE Curator [by e-mmail]**
   400 Poydras Street
   Suite 2450
   New Orleans, LA 70130.
4 **Dorothy H. Wimberly**, Lead Liaison Counsel MERCK MDL1657-VIOXX], Case: 2:06-CV-08318-EEF-DEK. [by e-mail]
   546 Carondelet Street, [by e-mail]
   New Orleans, Louisiana 70130-3588.
   Ph: (504) 593-0849, Fax: (504) 596-0849, E-mail: dwimberly@stonepigman.com
5 BROWNGREER CLAIMS ADMINISTRATION – VIOXX Settlement.
   VIOXX Claims Administration [by e-mail]
   115 S. 15th Street, Suite 400
   Richardson, VA 23219. [E-mail: claimsadmin@browngreer.com]
6 **Robert M. Johnston** of Johnston, Hoefer, Holwadel & Eldrige (Plaintiff Liaison). [by e-mail]
   601 Poydras Street, Suite 2490,
   New Orleans, Louisiana, LA 70130.
7 **Hon. Fallon E. Eldon**/Clerk of Court [MDL-1657-VIOXX, Case No. 06-CV-08318-EEF] {by e-mail}
   500 POYDRAS Street,
   Room C-456
   New Orleans, Louisiana, LA 70130.

*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5* § 702, 706
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:* *TBD, 2011.*
*Time:* *OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date:* *[TBD] -2011.*

8 Safdar Neil Lilak
1033 S. Kittredge Way, Aurora Colorado 80017.

**CC:** Honorable: Eric Holder Attorney General, USA.
Honorable: Thomas Perrelli Associate., Attorney General USA.[by e-mail]

Respectfully Submitted.

**Dated: 12-30-2010**

/s/ Safdar Neil Lilak

NOTE:

If you have any question please contact me by e-*mail: slilak43@msn.com* or *Phone: 303-755-1505 or U.S Mail address: 1033 S. Kittredge way, Aurora CO 80017*. Thanks.

Thanks, Respectfully, Submitted.

Sincerely,

s/ Safdar Neil Lilak

Safdar Neil Lilak, Ph: 303-755-1505, E-mail: slilak43@msn.com

32

Plaintiff: MOTION FOR "JUDICIAL REVIEW" Dated December 30-2010
Case: MDL 1657-EEF
Claim: VCN No. 1113035


**PRIORITY® MAIL**

*UNITED STATES POSTAL SERVICE*

Flat Rate
Mailing Envelope

***For Domestic and International Use***

***Visit us at usps.com***

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7010 1870 0001 0236 8651

1006 70130

$10.05
00054283-27

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

**INTERNATIONAL RESTRICTIONS APPLY:**

**4-POUND WEIGHT LIMIT ON INTERNATIONAL APPLIES**

Customs forms are required. Consult the *International Mail Manual* (IMM) at *pe.usps.gov* or ask a retail associate for details.

From:/*Expéditeur:*
1033 S. KITTREDGE WAY
AURORA, COLORADO 80017.

**RETURN RECEIPT REQUESTED**

To:/*Destinataire:* S. LILAK
CLERK OF THE, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA,
NEW ORLEANS DIVISION
500 POYDRAS STREET
ROOM C-456 (MDL1657-EEF)
NEW ORLEANS, LOUISIANA
LA 70130

Country of Destination:/*Pays de destination:*

082708_PM_EP14F OCT 2008

*Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; Oct. 2008; All rights reserved.*