*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*　　　　　　　　*Hearing Date:　TBD, 2010.*
*1033 S. Kittredge way,*　　　　　　　　　*Time:　　　　　OPEN.*
*Aurora, Colorado 80017.*　　　　　　　　*Judge: "ELDON E. FALLON"*
*Telephone: 303-755-1505*　　　　　　　　*Objection Date: 10 Day [TBD] -2011.*
*E-mail: slilak43@msn.com*

## EXHIBIT: AS PREVIOUSLY SUBMITTED

Safdar N. Lilak (Pro Se)　　　　　　　　　Hearing Date:　[TBD]　　2010.
1033 S. Kittredge way,　　　　　　　　　　Time:　　　　　9:00 a.m.
Aurora, Colorado 80017.　　　　　　　　　Judge:　Hon. Fallon E. Eldon
Telephone: 303-755-1505　　　　　　　　　Objection Date:　[TBD], 2010.

E-mail: slilak43@msn.com

## PLAINTIFF/CLAIMANT (LILAK), CASE No. 06-CV-08318 / MDL 1657-EEF. MOTION FILED ON 12-30-2010 FOR "JUDICIAL REVIEW" IN THE

## EASTERN DISTRICT OF LOUISIANA, NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE:  VIOXX- SETTLEMENT  MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) CASE No. 06-CV-08318-EEF ) ) MDL No. 1657 ) |
| **This Document Relates to:**<br><br>1. JUDICIAL REVIEW pursuant to (APA), 5 U.S.C.A Statue §702.<br><br>2. REMANDING OF CASE 2:06-cv-08318-EEF-DEK" MDL-1657<br><br><br>CLAIMS WITH CONTROVERSY OF RULE OF LAW, FAIRNESS & JUSTICE IN CIVIL PROCESS.[Wage Loss]<br><br>**Concerning: Case of:**<br>　Lilak, Safdar v. Merck & Company<br>　Case No. 06-cv-03813 EEF<br>**MDL-1657-EEF** | PLAINTIFF: (MOVANT) LILAK<br><br>**MOTION FOR JUDICIAL REVIEW**<br><br>" REMANDING CASE FOR JUDICIAL REVIEW FOR FAIRNESS & JUSTICE ACCORDING TO RULES & PRINCIPAL OF LAWS FOR SUMMARY JUDGMENT"<br><br><br>FOR WAGE LOSS EI-CLAIM BY PLAINTIFF AGAINST MERCK /DEFENSE<br><br>DATE: DECEMBER 30, 2010.<br><br><br>Hearing Date:　[TBD],　2011.<br>Time:　　　　　[TBD]　9:00 a.m.<br>Judge: HON. FALLON E. ELDON |

JUDICIAL REVIEW DEMANDED IN
**EI-CLAIM, CASE MDL1657-EEF / EI-CLAIM NO. 1113035
IN FEDERAL COURT OF HONORABLE FALLON E. ELDON
WITH JURY DEMAND HEARING.**

12

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010,*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*  *Hearing Date:   TBD, 2010.*
*1033 S. Kittredge way,*  *Time:            OPEN.*
*Aurora, Colorado 80017.*  *Judge: "ELDON E. FALLON"*
*Telephone: 303-755-1505*  *Objection Date: 10 Day [TBD]   -2011.*
*E-mail: slilak43@msn.com*

# [FILED ON 12-30-2010 AGAIN]

HEARING DATE [TBD & SET] , January/February----- 2011 @ TIME: 9:00 A.M.

## **EXHIBIT:**        (Previously Filed on)

## NOVEMBER 12, 2010 NOW AGAIN

## ON  DECEMBER 30, 2010. FOR

## JUDICIAL REVIEW AND SUMMARY JUDGMENT

### *TO THE HONORABLE JUDGE OF SAID COURT*

### *& JPML PANEL:*

The Plaintiff, Safdar Neil Lilak, 1033 S. Kittredge Way, Aurora, Colorado 80017, VCN No. 1113035, MDL-1657, Phone: 303-755-1505, E-mail: slilak43@msn.com., respectfully files, This MOTION FOR "JUDICIAL REVIEW" according to "Administrative Procedure Act" (APA), 5 U.S.C.A. Statue 702 and SUMMARY JUDGEMENT under rule 56(e). Against the Defendants MERCK Inc., et al. and CA-BROWNGREER claims Admin., asking the court order be issued to and against defense "For Summary judgment" and To show cause" why they will object and explain to the court, their objection which they filed after 14 days expired date rule for motion under rule 56(e). The court need to remand the claims/case for re-consideration  for  "Judicial Review" and Summary judgment and review of records previously submitted. All records in PDF format are available online or can be requested by the court from CA-Brown Greer claims admin for plaintiff's El-claims. [ also being attached as electronic e-mail attachment previously in sealed records are available].

13

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:      TBD, 2010.
Time:              OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]  -2011.

### A. PURPOSE OF MOTION:

**A motion for summary judgment** offers the court the opportunity to end a controversy(s) without a trial if there is no genuine issue with respect to any material fact and the case can be decided as a matter of law. Your Honor, The plaintiff is adding and alleging the charges of Fraud, Dishonest Service, Wonton & Bad Faith settlement and use of SCIENTER Rules in Civil proceeding in Bad faith.

**YOUR HONOR**, [*in this situation, case is "res ipsa liqitour' and "Strict Product Liability i.e. VIOXX. The Claimant is QCP qualified claimant who has passed through all the harsh and stiff gates criteria and with point award against all the harsh and Burden-some & SCIENTER rules of CA-BROWNGREER. The Claimant, Who is being denied his wage loss, without any legal and just cause or reason by just saying "not sufficient information to calculate the wages loss" is not acceptable, while solid evidentiary information from "Social Security & Insurance Company has been submitted. The plaintiff/claimant is being denied fairness and justice in adjudication of his claims for Wage Loss and other damages of dual injuries and other deem appropriate damages*].

The purpose of the motion for "Judicial Review" under APA and under rule 56(e) for summary judgment is to "save litigants the expense and time connected with a trial when as a matter of law, based on admitted facts, one of the parties could not prevail."

*For example, In ref., O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628 (1963). See also Walcott v. Total Petroleum, Inc., 964 P.2d 609, 611 (Colo. App. 1998) ("The purpose is to permit the formal allegations of the pleadings to be pierced, saving the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail"); Peterson v. Halsted, P.2d 373 (Colo.1992).*

<u>Summary judgment does not always involve a central dispute as to the facts, but may involve a dispute as to the legal consequences even when there is no dispute as to the facts. In such circumstances, the parties may stipulate to the facts, and the court may enter judgment for either side by resolving the governing question of law, as in *Kuehn v. Kuehn, 642 P.2d 524 (Colo. App 1981).*</u>

14

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]   -2011.

### B. FOR PLAINTIFF OR CLAIMANT:

**YOURHONOR!** Rule 56(a) provide for the entry of a summary judgment for any claimant and impose no limitation on the type of action in which summary judgment is appropriate, because recovery includes the relief that may be afforded a claimant in either law or equity. A party may move for summary judgment on a claim, counterclaim, or cross-claim. The rule also provides for summary judgment for a party seeking to obtain a declaratory judgment.

[**YOUR HONOR**, I have explained the facts/background and situation in my previous "AMENDED OBJECTION" to Defense's refusal of my claims dated July 07, 2010    I submitted all the evidence I had available and which was requested by CA-BROWNGREER was submitted with good faith best efforts. The Denial or ignoring of newly submitted evidence is considered "SCIENTER and Bad Faith Conduct on part of CA-BROWGREER.]

The Rule 56(a) allows a claimant to move for summary judgment after the expiration of twenty days from commencement of the action, thus permitting the rule to serve its salutary purpose of expediting the disposition of cases where no trial is necessary. According to § 1-15 of Rule 121, the defendant then has 15 days to respond as required by Rule 56 defense of MERCK has expired the date to comply.

Under Rule 56(f), the court may permit "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had..." In light of this rule, immediate motions for summary judgment are appropriate primarily in cases in which the plaintiff generally believes there is no viable defense (such as breach of simple promissory note).

The Rule 56 also provides for a summary judgment "interlocutory in character" on the issue of liability alone, even though there may be a genuine issue as to the amount of damages. Reading this section with section (d), it is clear that summary judgment can be granted establishing the defendant's liability, and the case can then proceed to trial on the issue of damages.

### C. MOTION AND PROCEEDINGS THEREON:

**YOURHONOR,** Motion for summary judgment are governed by Rule 7 and 121 § 1-15. The motion must be filed more than seventy-five days before trial except a cross-motion for summary judgment may be filed no more than sixty days before trial. A party resisting summary judgment may respond within

15

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD, 2010.
Time:           OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]  -2011.

fifteen days (with three days added if the motion is served by mail, see Rule 6 (e), and the Movant has ten days to reply (subject to a three day extension when the response is served by mail).

The evidence submitted with a motion for summary judgment must be admissible at trial, and thus the enumerated types of evidence that a court considers include only "the pleadings, depositions, answers to interrogatories, and admission on file" together with any affidavits. Of course, such obvious candidates for evidence as documents can be submitted, but they must be submitted with affidavits. [*All required information for claims adjudication has been submitted with the claim/case under rule (26) more detail is available in the claim/case file with CA-BROWNGREER*].

In addition, Rule 43 (e) permits the court to receive oral testimony at a hearing on a motion, in addition to the other matters that may be considered. If testimony is taken, the testimony must, of course, be limited to the question of whether or not there is a genuine issue of any material fact, and must not be permitted to extend to the resolution of any questions. Counsel should be wary of relying on Rule 43 (e) to resist summary judgment, however, Rule 56 requires a party to file affidavits to resist a motion, and Rule 56 itself appears to restrict consideration of the motion to the types of evidence set out above.

### D. STANDARD FOR GRANTING OR DENYING SUMMARY JUDGMENT:

In considering the motion, the court must be satisfied as to three conditions before granting relief. There must be (1) **no genuine issue**[YES] (2) as to any material fact, and (3) the moving party must be entitled to judgment [YES] as a matter of law {Plaintiff is qualified injured with personal injuries and wage loss damages as QCP-Claimant}.

The standards for adjudicating a motion for summary judgment have become so settled that, the Supreme Court finds recitation routine: Although the standard for summary judgment is well-established and almost axiomatic, we set it forth in order to frame the question we must address.

Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue as to any material fact exists [*The Movant Lilak is QCP qualified Claimant with awarded points*] and that the moving party is entitled to summary judgment as a matter of law.

16

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

*Safdar N. Lilak (Pro Se)*
*1033 S. Kittredge way,*
*Aurora, Colorado 80017.*
*Telephone: 303-755-1505*
*E-mail: slilak43@msn.com*

*Hearing Date:     TBD, 2010.*
*Time:             OPEN.*
*Judge: "ELDON E. FALLON"*
*Objection Date: 10 Day [TBD]  -2011.*

The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a tri-able issue of fact must be resolved against the moving party.

**Martin v. Smith**, 42 P.3d 629 (Colo.2002 )(citation omitted); Mehaffy, Rider, Winholz & Wilson v. Central Bank of Denver, 892 P.2d 230(Colo.1995).

A material fact is one that will affect the outcome of the case. **Peterson v. Halsted**, 829 P.2d 373 (Colo.1992); **GE Life and Annuity Assur. Co., v. Fort Collins Assemblage, Ltd.**, 53 P.3d 703 (Colo.App.2001);

Whether a material fact exists is a question of law. **Churchey v. Adolph Coors Co.**, 769 P.2d 1336(Colo. 1988).

A genuine issue of material fact must be established from the evidence, and mere arguments of counsel cannot create such an issue [*in this case CA-BROWNGREER saying insufficient information to calculate Wage loss is baseless*]

[**Your Honor**, *Missing Disability information and other PME/INSURANCE Payments and Bills were & records were provided as requested and ignored. CA-BROWNGREER saying not sufficient or insufficient information for calculation of Wages Loss is not acceptable by Plaintiff/Claimant. Since he has provided more than sufficient information for claim to be adjudicated on fairness and Just law basis for the case*] **Feeney v. America West; Sullivan v. Davis**, 172 Colo. 490, 474 P.2d 218 (1970).

### E. INITIAL BURDEN OF PROOF IN SUMMARY JUDGMENT MOTION PRACTICE.

Initially, the moving party has the burden of showing that there is no genuine issue of material fact to be tried. The Colorado Supreme Court has adopted the approach taken by the United States Supreme Court on this issue in **Celotex Corp v. Catrett**, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986),

Which held that where the moving party (typically the defense/defendant or Plaintiff) seek summary judgment on an issue on which it would not bear the burden of persuasion at trial, the Movant's initial burden of production may be satisfied by showing the court that

17

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)                            Hearing Date:    TBD, 2010.
1033 S. Kittredge way,                              Time:            OPEN.
Aurora, Colorado 80017.                             Judge:  "ELDON E. FALLON"
Telephone: 303-755-1505                             Objection Date: 10 Day [TBD]  -2011.
E-mail: slilak43@msn.com

there is an absence of evidence in the record to support the nonmoving party's case.

[*in this situation all deficiency(s) were complied and supplied/provided to the review-review II /SM appeal committee and was selectively ignored and in SCIENTER response saying insufficient information for wage calculation is baseless & frivolous [missing information was provided, submitted and does exist] by CA-BROWNGREER for Wage loss claim 7.5 – 8.0 + years of wage loss of professional Claimant with college degree. Who is disabled and not able to provide for family of four (4) and living on 120-180 % poverty index from last 8-9 years approximate.*

### F. CONTROVERTING OR RESPONDING TO THE MOTION:

Once the moving party has met that burden, then the nonmoving party must show there is a triable issue. Thus, the nonmoving party may be required to bring forward material it intends to use to prove its case, demonstrating the existence of competent evidence to controvert the moving party's assertion that there is an absence of evidence. **Siepierski v. Catholic Health Initiative Mountain Region.**

Rule 56 (e) states that summary judgment may be entered "if appropriate" against a party who fails to respond to the motion. The phrase "if appropriate" requires the court to make a determination that the movant is actually entitled to judgment.

### G. PARTIAL SUMMARY JUDGMENT:

**Both** Rule 56(a) and Rule 56(b) contemplate that a party may seek summary judgment on fewer than all of the claims at issue. In addition, under Rule 56(d), even when the court finds that there is a genuine issue of material fact that stands in the way of summary judgment, the court can enter an order finding that certain facts are uncontroverted for purposes of trial. Such an order establishes those facts at a trial on the merits, and the parties can then focus their litigation efforts on the genuine disputes.

The counsel's response to Motion Rule 56 was out of time limit [expired date] window as required that was 10 days plus 3 days for out of state mailing. The Counsel should not rely too heavily on a grant of partial summary judgment, however. Even a partial summary judgment or an order on "uncontroverted" facts under Rule 56(d) can be reconsidered at trial, and the court may reverse its

18

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]  -2011.

previous ruling granting the partial summary judgment. *Bigby v. Big 3 Supply Co., and also, Forbes v. Goldenhersh*, 899 P.2d 246 (Colo.App.1994); *Halter v. Waco Scaffolding & Equipment Co.*, 797 P.2d 790 (Colo.App.1990).

### H. RULING ON QUESTION OF LAW:

Section (h) of Rule 56 codifies the court's authority to resolve question of law at any stage of the proceeding when it is useful to do so. Most court have ruled on questions of law without the express authority of a rule governing such rulings or orders as part of their inherent authority. This section of the rule formalizes this practice upon motion, the procedures for which would be governed by Rule 56 and by Rule 121, **§ 1-15.**

"If there is no genuine issue of any material fact for the determination of the question of law, the court may enter an order deciding the question.

The result is to save time and expense and simplify the trial." *Jones v. Feiger. In addition, the function of a ruling on an issue of law is to allow the court to address issues of law which are not dispositive of a claim (thus warranting summary judgment).*

The Plaintiff, will show to the Court and Jury the following: {FYI: Defense Merck response to Motion of Rule 56 was expired and out of time window of 10-13 days for court's information.}

### NATURE OF ACTION & BACKGROUND:

I. The case is "Strict Product Liability" and "res ipsa liquitor". Plaintiff has been harmed and injured and had suffered tremendous financial loss and other damages due to the negligence of defendant(s). The plaintiff/Claimant has "injury in fact" has been disabled due to the ailments caused by defective medicine of "VIOXX".

II. The plaintiff has not been able to provide for family of four from last 8-9 years approx., He is educated professional in field of computer technology(s) with BS. Degree (5 years Degree from University of Nebraska) in Computer Sciences, and several years of experiences training and knowledge. He has been damaged and injured, seeking just and fair compensations for his damages & injuries past, present and future to make him "whole"

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

| | |
|---|---|
| Safdar N. Lilak (Pro Se) | Hearing Date:   TBD, 2010. |
| 1033 S. Kittredge way, | Time:   OPEN. |
| Aurora, Colorado 80017. | Judge: "ELDON E. FALLON" |
| Telephone: 303-755-1505 | Objection Date: 10 Day [TBD]  -2011. |
| E-mail: slilak43@msn.com | |

**III.** Plaintiff wants his life back as it was before. The plaintiff/claimant has suffered huge sufferings emotional, psychological, stress and depression, has lost his property(s), Savings and career as professional. He is seeking damages of Pecuniary, Non-Pecuniary and special damages, as this court deem or finds appropriate. The plaintiff is living 180% poverty index, with help from food banks, living with $1353 a month disability benefits for family 3-5 people.

**1.** <u>This a civil action for damages under Title 42 U.S.C. section 1320 a - 7b (b), 21 U.S.C. section 301-97</u> and Statute of CIV. PRACT & REM. CODE Section 41.001- (2) (5) (6) (7) (8) (9) (11) (a) (b) (12) and <u>under Federal Disclosure required by 42 U.S.C $ 1395y (b) (7) and (b) (8)).</u>

**2.** This case, stems from the plaintiff's ingesting the drug VIOXX in the year 2002- 2005 without the Knowledge, it was a dangerous drug to the plaintiff which was illegally promoted for uses that was not approved by the FDA. Plaintiff found out about the drug the "VIOXX" In a FDA   alert dated 04/2005 approx.,

**3.** On September 23 approx., 2002, plaintiff was involved in an auto accident. The Plaintiff was injured in auto accident as guest passenger with friend who was driving the Vehicle, were injured,  taken to emergency hospital i.e. Swedish Hospital in Denver Colorado, and got consequential injuries of "MI & IS" by use of "VIOXX" used for pain management to accidental injuries of auto-accident.

**4.** On 10-2002 thru 04-2005, the plaintiff saw and visited multiple doctors for his injuries from the accident and before and after the surgeries to his left knee and right shoulder, and injuries to lower back from the said accident the multiple doctors were involved for rehabilitation, surgeries and treatments i.e. Dr. Donald Schenider, Dr. Wayland Douglas, Dr. Robert Fromcheck, Dr. Dear Born, Dr. ED Sullevan  and few other doctors after the accident.

Who (i.e. Doctors) gave the plaintiff the samples and prescriptions for 'NSAID' Products of "VIOXX", NEPROSEN, IBPROFFIN, PROZAC, SYMBALTA,PAXIL, AMBEINCE CR  etc... mainly for pain management over the time frame of 26-36 months approx., The VIOXX samples and prescription were given especially for the pains in the knees and before and after the surgeries after  the  said auto accident. The Doctor told it will help with pains in my knees, shoulder, lower back etc.

**5.** The "NSAID" products were used and prescribed after the accident over period of 26-36 month over the period for pain management and during the rehabilitation, The NSAID products were used before the surgeries and after the

20

*COURT'S  &  CHAMBER'S  COPY(S)*
*PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

| | |
|---|---|
| *Safdar N. Lilak  (Pro Se)* | *Hearing Date:    TBD, 2010.* |
| *1033 S. Kittredge way,* | *Time:                 OPEN.* |
| *Aurora, Colorado 80017.* | *Judge:  "ELDON E. FALLON"* |
| *Telephone: 303-755-1505* | *Objection Date: 10 Day [TBD]  -2011.* |
| *E-mail: slilak43@msn.com* | |

surgery(s) to my left knee and right shoulder for pain management that is when the plaintiff had multiple incidents of "MI & IS".

**6.** The Doctors told plaintiff the drugs would make plaintiff feel better for pain. The Plaintiff took the drugs approximately 26-36 months (approx.,) on regular and on need basis days and night for pains and as need basis during and after the surgeries. The Plaintiff never had a problem of heart or strokes i.e. "MI or IS" strokes, before he took the medication of VIOXX and other NSAID medications.

The Defense MERCK/CA-BROWNGREER team against "Pro Se" plaintiff by exploiting the situation and due to under or lack of legal representation and was  denied the fairness of justice and law for his claims which has been "QCP Claimant" i.e. Qualified Claimant with awarded points.

**7.** The Plaintiff filed a product liability/personal injury case against MERCK & Company.

**8.** FDA requested that MERCK voluntarily withdraw VIOXX from the United States Market. The MERCK agreed to suspend sales on 04/2005 approx., The Agency concluded that the overall risk versus benefit profile was unfavorable. That conclusion was based on the potential increased risk for serious cardiovascular (CV) adverse events also an increased risk of serious skin reactions.

**9.** According to the FDA, VIOXX was described as a drug with serious and often life-threatening gastrointestinal bleeding. On those samples that were given to Plaintiff there were no warnings. [Which plaintiff is suffering to date with gastrointestinal problems, stomach problems.].

**10.**

**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES**
**RULE No.  34 [Reference to the Special Master's Assessment]**

**5- 6.    The Certificate of Service,** [reference: Relating Special Master/CA Assessment review for EI-Claims of Lilak, MDL1657 - Case 06-CV-08318 EEF]

(a) **Form.**    Whenever any pleading or other paper presented for filing is required (or Permitted by any rule or other provision of law) to be served upon any party or person, it must bear or have attached to it:

21

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD] -2011.

(1) An acknowledgment of <u>service by the person</u> served; or[not provided by SM-Assessment\

(2) The Certificate of service stating the <u>date, place</u> and manner of <u>service and the names, street address</u> or electronic address of <u>the persons served, certified by the person who made service,</u> pursuant to 28 U.S.C. Section 1746. [not provided by SM-Special Master]

(b) **Sanction for Failure to Provide Certificate.** Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. <u>However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.</u>

## 11. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
DEPOSITIONS AND DISCOVERY DISCLOSURE OF EXPERT TESTIMONY

**[In this case Special Master/CA-BROWNGREER]**

Pursuant to F.R.C.P. 26: Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness WHO IS RETAINED or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons [SM-Special Master],

12. Therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness{SM-Special Master], including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years.

These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Pursuant to F.R.C.P. 26 (2) (A) under Rule 703: The facts or data in the particular case upon Which an expert bases an opinion or inference may be those perceived by or made known to the Expert at or before the hearing [SM-Special Master].

22

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

| | |
|---|---|
| Safdar N. Lilak (Pro Se) | Hearing Date:   TBD, 2010. |
| 1033 S. Kittredge way, | Time:              OPEN. |
| Aurora, Colorado 80017. | Judge: "ELDON E. FALLON" |
| Telephone: 303-755-1505 | Objection Date: 10 Day [TBD]  -2011. |
| E-mail: slilak43@msn.com | |

Federal Rules of Evidence RULE 600 (e) Controlling Effect of a Party Agreement. An Agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order. Plaintiff agreed to submit a new and supplemental initial disclosures and case expert report before the 09-03, 2010 hearing.

**13.**

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

**FRAUD, INTENTIONAL MISREPRESENTATION** RULE: F.R.C.P. 60 (b) Section 1, 2, 3, 6 [Relief from SM-assessment Judgment or Order can be granted]

<u>GROUNDS FOR RELIEF FROM A JUDGMENT OR ORDER OR ASSESMENT REFUSAL</u>

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect.
(2)   newly discovered evidence that, with reasonable diligence, could not have been Discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), in representation, or misconduct by an opposing party;
(4)   The judgment is void;
(5)   The judgment has been satisfied, released, or discharged; it is based on an earlier Judgment that has been reversed or vacated; or applying it prospectively is no Longer equitable; or
(6) Any other reason that justifies relief.

Special Master, perhaps did not expected the Plaintiff to provide deficiency Mentioned, in previous reviews or to find a case expert.

The Plaintiff alleges that Special Master conspired with CA-BROWNGREER to write an incorrect and invalid& mistaken assessment and review of the EI-claim is invalid and should be ignored i.e. of Special Master Assessment review report, for Lilak's case VCN 1113035 for claims of EI compensations. The Plaintiff alleges that the majority of Defendants are deceptive CA-BREER/MERCK & COMPANY. It is proven for whole world to see hypocrisy.

The Special Master was not appointed by the court order, just played a trick on Plaintiff by filing the incorrect, invalid assessment for EI Claim of Lilak (VCN. 1113035), and denying the information submitted for the review, that is

23

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)                    Hearing Date:   TBD, 2010.
1033 S. Kittredge way,                      Time:           OPEN.
Aurora, Colorado 80017.                     Judge: "ELDON E. FALLON"
Telephone: 303-755-1505                     Objection Date: 10 Day [TBD] -2011.
E-mail: slilak43@msn.com

misconduct on part of the SM-Special Master and CA-BROWNGREER/MERCK DEFENSE.

**Any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of deceiving another and on which a reasonable person would and does rely to his or her detriment is fraud.**

14.

## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES
## PRODUCT LIABILITY/FRAUD

When a fraudulent misrepresentation has been made to a user or consumer and that Misrepresentation ultimately results in an injury; the basis of liability may be tort or fraud.

Civil Conspiracy: A combination of two or more persons who, by concerted action, seek to

Accomplish an unlawful purpose or combination to defraud or cause other injury to a person or property, which results in damage(d) to the person or property of the Plaintiff.

*[in this situation plaintiff is injured directly by the negligence and strict product liability. "res ipsa loquitor" and defendant is liable for the all damages suffered and will be suffered by injured and family answer is YES plaintiff will suffer huge financial and all other damages applicable this situation].*

The plaintiff has been disabled after the use of the defective products dispensed by the defendants. The Plaintiff has huge loss off wages as being professional in IT- industry. He has 7-8 years of wage loss and he has not been able to provide for family, losing his property(s) and savings. From 7-8 years, has been living on 120% - 180% poverty index with family of 4 dependent. He is suffering tremendous hardship from 7-9 years and will suffer in future.

The Plaintiff believes and alleges that Special Master to write my assessment report is incorrect and fraud. Since He/She was not assigned by the court or court orders. The action of Special Master filing invalid, wrong, incorrect and misrepresented review of the claim of and for Mr. Lilak and

The Special Master/CA-BROWNGREER not considering newly introduced information and entering [without name or signature or other identification and charging $700 fee], filing invalid assessment is misstatements and is fraud, and especially not putting his name address or using rubber stamps or signature, without qualification for certification is misleading and being cozy with CA-BROWNGREER is fraud.

24

*Safdar N. Lilak (Pro Se)*  
*1033 S. Kittredge way,*  
*Aurora, Colorado 80017.*  
*Telephone: 303-755-1505*  
*E-mail: slilak43@msn.com*

Hearing Date:   TBD, 2010.  
Time:           OPEN.  
Judge: "ELDON E. FALLON"  
Objection Date: 10 Day [TBD] -2011.

15. The SM/CA, Assessment is invalid and should be stricken down from the records and relief for Claim for (Lilak) should be granted, the Plaintiff (Lilak) El-Claim does satisfy the criteria for greater damages and losses. The SM/CA-BROWNGREER/MERCK denial/refusal of appeal should be ignored and stricken from records and Summary judgment should be entered in favor of claimant Mr. Lilak.

16. Otherwise plaintiff has no alternative but to go directly to the COURT trial, Media and Governmental authority of "Attorney General of United States" Court system, file for "COUNTER-CROSS CLAIMS and for justice and fairness to his claims. [in response to defense's Motion out of time window response to rule 56 Motion for "Summary Judgment" of plaintiff Lilak. The plaintiff is filing Counter-Cross complaint of Fraud, Dishonest Services, Mis use of civil procedures in Bad and Wonton conduct and conspired and defrauded the plaintiff's claim and his wage loss compensation.

The plaintiff had suffered huge direct damages and sufferings from last 7.5 years and will suffer in future, had financial damages over $3.5 millions in lost wages and sufferings. He should be compensated for his injuries. CA-BROWNGREER's local procedures in processing of claims cannot take precedence over the Federal rule, and rule of law, CA-should please keep in mind, thanks.

Plaintiff's states, and confirmed that there is deception going on.

1. Did defendant CA-BROWNGREER/SM/MERCK Company made a material Representation to plaintiff that was false? **YES**

Did defendant CA-BROWNGREER/SM-Special Master/ MERCK/CA-BROWNGREER knew that the Representation was false? **YES**

2. Did defendant CA-BROWNGREER/MERCK/CA-BROWNGREER intended to induce the Plaintiff to act upon the representation? **YES**

3. Did Plaintiff actually and justifiably relied upon the representation and

   There by suffered Injury? **YES**

17. ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OF CA- BROWNGREER & SPECIAL MASTER/ FOR CASE MANAGEMENT (IF THERE WAS ONE?  
**YES- PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES RULE 60 (b) and Rule 56**

The Plaintiff's (Movant) evidence was/is legally and factually sufficient. The test for legal sufficiency is whether the evidence would enable reasonable and fair-

25

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD] -2011.

minded people to reach the judgment being reviewed. The court must consider and weigh all the evidence in the record and find if the Judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

**18.** Plaintiff submitted all documentary evidence for missing information from the "Social Security & Insurance Company, including medical records of Plaintiff's treating Physician and other physicians at Hospital, Insurance medical Bills paid and Social Security Admin Disability records which were intentionally ignored [*7.5 – 8.0 years of disability and **wage loss***]. The Past, Present and Future Approximately $3.2 million dollars is owed in compensations by defendant(s) MERCK & Company/ CA-BROWNFREER, and it should not be a problem from judgment of $ 4.8 Billion dollars, out of court order settlements to redress this situation.

**19.** Since **VIOXX** was an increased risk to a heart attack and all the other adverse effects that were proven and that Plaintiff Experienced, crediting favorable evidence if reasonable jurors could, and disregarding contrary Evidence unless reasonable jurors could not, reasonable and fair-minded would consider Plaintiff's medical records will hold that the evidence was and is sufficient to prove fraud on CA-BROWNGREER/MERCK. Sufficient information is available for fair and just adjudication of the clam/case.

MERCK/CA-BROWNGREER's drug **VIOXXX** was defective at the time it left the manufacturer's possession and did caused Plaintiff damages. Plaintiff did comply, with all deficiency(s) according to the criteria of settlement agreement MSA agreement. **IT IS NOW TIME FOR MERCK TO COMPLY WITH RULE OF LAW.**

**20.**     The Plaintiff/Claimant, Lilak is requesting for earliest possible date for summary judgment hearing on this controversy and disputed issues about his claims so justice can be served. [Teleconference for verbal deposition and attendance for hearing can be arranged at court orders.

The plaintiff is qualified Claimant (QCP) with 27.09 award out of 91.0 points deducting 70% to 75% for non-existing symptoms incorrectly from his points of grid/table points[MSA Program rules] and the Harsh Burden-some rigid rules applications to minimize his compensations i.e. he has gone through all the criteria and Gates reviews of Duration etc….. **[repeative and redundant enforcement of harsh and burden sime rule and "SCIENTER" application of rules in civil proceedings. The plaintif's case is with Jury demand with claims of Personal injuries and Wage loss]**

26

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:    TBD, 2010.
Time:            OPEN.
Judge: "ELDON E. FALLON"
Objection Date: 10 Day [TBD]  -2011.

The CA-BROWNGREER is using unfair and SCIENTER & INSIDE rules to the personal injuries and claims of the plaintiff being (Pro Se). Justice and Fairness of law is being prayed and requested from this Court in this matter and to enter "Summary judgment" is proper, fair and just, thanks.

## **CONCLUSION**

The plaintiff's claim is for the Wage Losses, Pain and Sufferings for prolonged use of VIOXX products and suffering injuries for period 7-8 years and to be continued in future. The plaintiff has suffered huge financial damages and has been unable to provide for the family and being disabled and on disability since 10-2002 to 08-2010.

The defense response of October 27, 2010 Motion is out of time window of 10+3 days to Motion of Plaint Rule 56 for summary Judgment"

The plaintiff is filing Counter-Cross complaint/claim of Fraud, Scienter rule, Dishonest Services and Bad Faith and Wonton conduct in use of civil procedures with Malicious litigation to minimize injured victim's compensation, therefore violating ethical rules of civil procedures and opposing party Plaintiff Lilak (Pro Se).

The Huge, and gross Negligence and Dereliction of Responsibilities & Duties and intentional and criminal efforts of defendant MERCK & CO, for dispensing un-save medicine to public without warning of adverse affects and dispensing medications which caused people death and pain and sufferings, which the company was not legally authorized to dispense which is fraud and criminal and malicious act on part of the MERCK Company they should be ashamed.

The courts have emphasized that the patent intent of the offer of settlement statue is to encourage settlement of actions. *Taylor v. Clark also Centric-Jones Co. v. Hufnaggel* , *was designed to* make the legal system more effective and efficient by discouraging the filing of unnecessary litigation (in this situation case has already has been filed).

I am referring to Defendants refusal of the claim and my objection and Motion for relief under Rule 56 and Rule 60(b). Motion, Information has been provided repeatedly to The Defendant multiple times previously to resolve the issues and controversy but failed. The Controversy still exists. Therefore, plaintiff/claimant has standing and legal ground for his claim for remand and hearing for summary judgment.

COURT'S & CHAMBER'S COPY(S)
PLAINTIFF'S MOTION FOR"JUDICIAL REVIEW" FILED 12-30-2010.
PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702
FOR SUMMARY JUDGMENT

Safdar N. Lilak (Pro Se)
1033 S. Kittredge way,
Aurora, Colorado 80017.
Telephone: 303-755-1505
E-mail: slilak43@msn.com

Hearing Date:   TBD, 2010.
Time:           OPEN.
Judge:  "ELDON E. FALLON"
Objection Date: 10 Day [TBD]  -2011.

The Plaintiff (Lilak) is sensing Wonton and Bad faith conduct on part of the defendants CA-BROWNGREER/MERCK and this Honorable Judge, should also sense that in this case.

The firm [Ca-BROWNGREER] is making look good in the status reports for $4.8 Billion report to the court, but real story is different. The Honorable court should check into the inside and see the SCIENTER rules and dirt being played by CA-BROWNGREER/MERCK Defense. The neutral third party audit of $4.8 Billon is in order.

The Plaintiff/Claimant (Lilak) and his family had suffered long enough. Due to the negligence and irresponsible, criminal, and fraudulent marketing practices by selling and dispensing dangerous medications.

The plaintiff has direct injuries and his family has suffered a lot of financial damages, due to plaintiff not being able to provide for family and dependents of (4) on him from last 8-9 years. The Claimant wants his life back as before and needs to be compensated for damages/injuries.

Therefore, Plaintiff (Lilak) claim for his Wage loss and EI-Claims should be granted, Plaintiff/Claimant (Lilak) has been injured and has suffered huge financial damages. Plaintiff's Claim for the Injury(s) Special Pecuniary and Non-Pecuniary injury(s) and wage loss for past present and future as prayed and requested in the complaint.

Plaintiff is praying for the Summary judgment against the Firm CA-BROWNGREER and MERCK Defense and in favor of injured plaintiff as victim of Bad Faith, Wonton and Dishonest Services and claim of Wage Loss should be granted and Just according to the rule of law.

The Plaintiff/Claimant (Lilak) is respectfully requesting, praying and seeking summary Judgment in response to Defendants refusal of his claims as QCP Claimant.

Since, all Rule of Federal Civil Procedures has been complied by plaintiff in face of burdensome discovery9s). Therefore it is prayed, that Honorable Judge can enter Order for Summary Judgment for this "res ipsa liquitor" i.e. it speaks for itself, and it is Strict Product Liability case.

The plaintiff (Lilak) is still open for fair, just and reasonable adjudication to settle claim which should include the wage loss, past present and future and medical expenses past present and future for which details has been submitted, to avoid protracted litigation for this case.

28

*COURT'S & CHAMBER'S COPY(S)*
*PLAINTIFF'S MOTION FOR "JUDICIAL REVIEW" FILED 12-30-2010.*
*PURSUANT TO ADMINISTRATIVE PROCEDURE ACT (APA), 5 § 702*
*FOR SUMMARY JUDGMENT*

| | |
|---|---|
| *Safdar N. Lilak (Pro Se)* | *Hearing Date:    TBD, 2010.* |
| *1033 S. Kittredge way,* | *Time:                   OPEN.* |
| *Aurora, Colorado 80017.* | *Judge: "ELDON E. FALLON"* |
| *Telephone: 303-755-1505* | *Objection Date: 10 Day [TBD]  -2011.* |
| *E-mail: slilak43@msn.com* | |

    The Plaintiff Lilak, Safdar most respectfully submitted to Honorable Judge/Special Master/JPML Panel for sympathetic, fair and just order according to applicable laws, considering the prolong sufferings of the plaintiff (Lilak),

    and relief for the extraordinary injuries EI-claims against the defendant and in favor of injured plaintiff/Claimant (Lilak) thanks your Honor, for your time. Respectfully and sincerely, submitted on this Date of 09-15-2010.

    The Plaintiff further request & pray for Telephone conference for Summary Judgment and Hearing and request that court please inform him of details for Hearing or any verbal deposition if needed and setting of the Hearing Date, in the name of Justice and Fairness.

    If applicable, The Claimant requesting Hearing (mini-trial) by jury hearing, otherwise bench decision will be also be desired, since rule 56 discourage litigation for frivolous matters.

    <u>The plaintiff has been damaged & injured in equity and fairness of law by CA-BROWNGREER/MERCK in process of Settlement of the case</u>/claims of Claimant Lilak, Safdar VCN No. 1113035, the Case No. 06-cv-08318/MDL 1657. The plaintiff/Claimant is seeking, begging, praying fairness of law and justice, under equal protection of law and fairness of justice as deem appropriate in eyes of law. The defense needs to be cited for "Show Cause" why summary judgment should not be entered in favor of Plaintiff (Pro Se) Mr. Lilak.

                              Sincerely,

                        _____s/ Safdar Neil Lilak_____  12-30-2010

                  Safdar Neil Lilak, Claim: VCN N0. 1113035,

**BROWNGREER CLAIM ADMIN., / MERCK & COMPANY/ Case No.06-CV-08318-EEF**.E-mail:<u>slilak43@msn.com</u>, Ph: 303-755-1505.

29