UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | : | MDL Docket No. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | KNOWLES |
| …………………………………………………: | | |
| This document relates to:    ALL CASES | | |

**SUPPLEMENT TO MEMORANDUM IN SUPPORT OF MOTION
FOR ORDER SETTING PROCEDURE FOR ACCESS
TO PROGRAM INFORMATION**

BrownGreer PLC ("BrownGreer"), the Claims Administrator under the Settlement Agreement dated November 9, 2007 between Merck & Co., Inc. and counsel for claimants designated as Negotiating Plaintiffs' Counsel ("Settlement Agreement"), files this Supplement to Memorandum in Support of its Motion for Order Setting Procedure for Access to Program Information that it filed with this Court on March 15, 2011 (Document No. 62693).

**I.     STATEMENT OF FACTS**

In its original Memorandum in Support of its Motion, BrownGreer identified four demands for information or subpoenas it had received from persons seeking confidential information on claimants and policies in the Vioxx Resolution.  BrownGreer seeks in its Motion an Order setting a uniform procedure before this Court for third parties to follow if they wish to obtain such information.  BrownGreer did not expect that its request would be perceived as controversial, for we had not expected that any party would knowingly wish to disregard this Court's exclusive jurisdiction over any disputes arising under the Settlement Agreement.

On March 17, 2011, however, BrownGreer received an Opposition to its Motion submitted by Robert E. Arceneaux and Margaret E. Woodward, Co-Lead Counsel for Objectors in the pending proceedings concerning the allocation of common benefit fees.  This Opposition does not raise any arguments against the propriety of a uniform procedure to permit this Court to determine the permitted access by third parties to confidential information regarding the Resolution Program, for it ranges only from an irrelevant quarrel over being mailed a copy of the Motion rather than receiving it by email, to the contention that the procedure is not needed on their demand for information for their request for information on all payments is now pending before Special Master Juneau, and finally to arguments that the information they seek on payments in the Program is not confidential.  There is nothing in this Opposition that counsels against establishing a process for third parties to follow when they want access to private claimant information and other materials relating to the administration of the Program.

On pages 5-6 of their Opposition, for reasons known only to them, the Objectors took the occasion of their Opposition to launch a completely unwarranted and unfounded broadside against BrownGreer, saying:  "Undersigned counsel are astonished that BrownGreer, charged with a substantial and fundamental breach of its fiduciary obligations, has chosen to quibble over 'the procedure for access' to an explanation for its actions, and the cost of making copies."

BrownGreer is not involved in the litigation between the Objectors and the NPC over the allocation of the common benefit fee fund.  BrownGreer has not been aware that it has been "charged with" anything, what that charge my be, or that there is any need for an "explanation" of anything BrownGreer has done in the administration of this Program, much less any action that could possibly pertain to the appropriate allocation of common benefit fees.  This spurious and gratuitous comment can only have been intended to harass and should be retracted and

stricken from the record of this matter. The Objectors should be content to wage their war with the NPC over the allocation of common benefit fees without in the process attempting to libel a completely innocent party, whose sole transgression against the Objectors can only have been declining to turn over to them upon their demand information that must be kept confidential.

Because the Objectors have suggested that third party document demands should be immune from any judicial scrutiny and attempt to downplay the burden they would impose on BrownGreer, it is now necessary for BrownGreer to provide the Court with copies of the various demands it has received so that the Court may see for itself the scope of the problem that gave rise to BrownGreer's Motion:

| TABLE 1 | | SUBPOENAS AND REQUESTS DIRECTED TO BROWNGREER PLC | | |
|---|---|---|---|---|
| | **FROM** | **SUBJECT** | **DATE RECEIVED** | **ATTACHED AS EXHIBIT** |
| 1. | Paul K. Silverberg Silverberg & Weiss, P.A. | Seeks identification of each Plaintiff who received/is receiving a Vioxx payment, each claim approved, and each attorney/law firm representing all claimants. | 2/28/11 | 1 |
| 2. | Margaret E. Woodward (Fee Objectors) | Seeks records and electronically stored information on all payments to all law firms, amounts withheld, and bank records. Subject to a Motion to Quash filed by the Fee Allocation Committee. | 2/22/11 | 2 |
| 3. | Tyson C. Langhofer Stinson Morrison Hecker LLP | Sought information regarding a particular claimant; limited production arranged by agreement and with the claimant's consent. | 1/4/11 | 3 |
| 4. | David E. Kassab The Law Offices of Lance Christopher Kassab, P.C. | Order issued out of Harris County, TX, regarding the deposition of a BrownGreer employee on the entire administration of the Vioxx Program, how claims were evaluated, and details on claims of a certain kind. | 1/10/11 | 4 |

BrownGreer requests that the Court enter the Order submitted with its Motion and for such other and further relief as the Court shall deem appropriate.

          Respectfully submitted,

          BROWNGREER PLC

By:    **s/ Orran L. Brown**
      Orran L. Brown
      Virginia State Bar No. 25832
      BrownGreer PLC
      115 South 15th Street, Suite 400
      Richmond, Virginia  23219
      Telephone:  (804) 521-7201
      Facsimile:  (804) 521-7299
      Email:  obrown@browngreer.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Supplement to Memorandum in Support of Motion for Order Setting Procedure for Access to Program Information was filed electronically this 18th day of March, 2011 and is available for viewing and downloading from the CM/ECF System of the United States District Court for the Eastern District of Louisiana and was filed and served through LexisNexis File & Serve.

The undersigned further certifies that a true and correct copy of the foregoing document was served this 18th day of March, 2011, by electronic mail upon the following:

| | |
|---|---|
| Paul K. Silverberg, Esquire<br>psilverberg@pkslegal.com | Robert. E. Arceneaux, Esquire<br>rea7001@cox.net<br>Margaret E. Woodward, Esquire<br>Mewno@aol.com |
| Lance Christopher Kassab, Esquire<br>lck@texaslegalmalpractice.com<br>David E. Kassab, Esquire<br>dek@texaslegalmalpractice.com | Tyson C. Langford, Esquire<br>tlanghofer@stinson.com |

                                          **s/ Orran L. Brown**
                                          Orran L. Brown
                                          Virginia State Bar No. 25832
                                          BrownGreer PLC
                                          115 South 15th Street, Suite 400
                                          Richmond, Virginia  23219
                                          Telephone:  (804) 521-7201
                                          Facsimile:  (804) 521-7299
                                          Email:  obrown@browngreer.com