AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Eastern District of Virginia

RECEIVED
JAN 04 2010
BrownGreer PLC
Richmond

| | |
|---|---|
| ALTINA POUNCIL, Administrator of the ESTATE OF WILLIE SUE CLAY, <br><br> Plaintiff, <br><br> v. <br><br> BRANCH LAW FIRM and TURNER BRANCH, an individual, <br><br> Defendants. | Civil Action No. 10-1314-JTM-DJW <br> Pending in the United States District Court for the District of Kansas |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  BROWNGREER PLC
     115 S. 15TH STREET, SUITE 400
     RICHMOND, VIRGINIA 23219-4209

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Exhibit "A" attached hereto.

| Place: | Date and Time: |
|---|---|
| Tyson C. Langhofer <br> STINSON MORRISON HECKER LLP <br> 1625 N. Waterfront Pkwy, Suite 300 <br> Wichita, KS 67206-6620 | ON OR BEFORE <br><br> **January 18, 2011** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/29/10             _____
                           Tyson C. Langhofer, Attorney for Altina Pouncil, Administrator of the Estate of Willie Sue Clay

The name, address, e-mail, and telephone number of the attorney representing *Altina Pouncil, Administrator of the Estate of Willie Sue Clay*, who issues or requests this subpoena, are: Tyson C. Langhofer, STINSON MORRISON HECKER LLP, 1625 N. Waterfront Pkwy., Suite 300, Wichita, KS 67206-6620, (316) 265-8800.

DB04/838626.0002/3504502.1 DO04

# EXHIBIT 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 2)

Civil Action No. 10-1314-JTM-DJW

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 2:05-md-01657-EEF-DEK Document 62712-3 Filed 03/18/11 Page 3 of 7

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. **(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## Definitions

**As used in this subpoena, the below listed terms have the following indicated meanings:**

A.  The terms "document" and "record" mean anything within the scope of Fed. R. Civ. P. 34, including without limitation, the original, drafts, revisions, nonidentical copies of any statements, letters, correspondence, telegrams, memoranda, notes, records, reports, interoffice communications, e-mails, data cards, disks, data tapes, calendar and diary entries, microfilm, bulletins, circulars, brochures, pamphlets, messages, invoices, maps, charts, tabulations, summaries or abstracts, tape recordings, video recordings, audio recordings, work sheets, any notes or writings pertaining to any meeting, oral or telephone communication, surveys, graphs, statistics, tables, any computer printouts, computer software, or code, whether in machine or human readable form on any medium, computer backups, photographs, rules, regulations, opinions, orders, interpretations, guidelines, and all other documentary material including nonidentical copies.

## Documents Requested

1. Any and all documents related to the Vioxx settlement claim of the Estate of Willie Sue Clay.

2. Any and all correspondence or other documents, including those between BrownGreer PLC and Branch Law Firm, related to the Vioxx settlement claim of the Estate of Willie Sue Clay.

3. Any and all correspondence or other documents, including those between BrownGreer PLC and heirs of the Estate of Willie Sue Clay, related to the Vioxx settlement claim of the Estate of Willie Sue Clay.

4. Any and all internal documents of BrownGreer PLC related to the Vioxx settlement claim of the Estate of Willie Sue Clay.

5. Any and all files and/or records related to how determinations regarding denial of recovery under the Vioxx settlement claim process are made.

6. Any and all agreements between BrownGreer PLC and Branch Law Firm and/or the Estate of Willie Sue Clay related to the Vioxx settlement claim of the Estate of Willie Sue Clay.

7. Any and all documents related to the denial of the Vioxx settlement claim of the Estate of Willie Sue Clay.

8. A complete copy of the entire file retained by BrownGreer PLC after the denial of the Vioxx settlement claim of the Estate of Willie Sue Clay.

9. A complete copy of the Medical Records and correspondence and memoranda, of any type or nature whatsoever within your care, custody or in any manner regardless of origin or creation of said document, that relate to or concern Willie Sue Clay.

## HIPAA AUTHORIZATION FORM FOR RELEASE OF MEDICAL INFORMATION

Patient's Name:  WILLIE SUE CLAY (Deceased)

Patient's Address:  2912 E. Elm, Wichita, Kansas, 67214

Social Security No.:  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

Date of Birth:  8/25/1931

I hereby certify the disclosure and/or use of protected health information about the above patient as described below:

1. The following specific person or class of persons or facility is authorized to make the requested use or disclosure:

    Any and all health care providers who provided any type of services to **WILLIE SUE CLAY** (the "Patient").

2. The following person or class of persons may receive disclosure of protected health information about the Patient: Attorneys and Employees of the following law firm:

    Stinson Morrison Hecker LLP
    1625 N. Waterfront Parkway, Suite 300
    Wichita, Kansas, 67206-6620
    (316) 265-8800

3. The specific information that should be disclosed is:

    Any and all records pertaining to the Patient, including medical records, correspondence to, from, or about the Patient, or his/her treatment, and invoices and billing records concerning the Patient or his/her treatment. This authorization permits discussion of these records with the persons enumerated in paragraph 2.

4. The purpose of the records is to document a complete medical history and for other purposes relating to pending litigation.

5. I understand that the information used or disclosed may be subject to re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations.

DB04/838626.0002/3502234.1 CD05

6.  I may revoke this authorization by sending written notice to the provider, copied to the law firm. However, I understand that any action already taken in reliance upon this authorization cannot be reversed, and my revocation will not affect those actions. I understand that the medical provider to whom this authorization is furnished may not condition its treatment of me on whether or not I sign this authorization form.

7.  This authorization expires 270 days after the date of my signature below.

8.  A copy of this HIPAA Authorization shall be as valid as the original.

**THIS FORM MUST BE FULLY COMPLETED BEFORE SIGNING.**

*A copy of this completed, signed, and dated form must be given to the Patient or person signing on the Patient's behalf.*

Altina Pouncil
Name of personal representative

*[signature]*                                              12-22-10
Signature of personal representative           Date

Administrator for the Estate of Willie S. Clay
Description of personal representative's authority to act for the Patient

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ALTINA POUNCIL, Administrator of the ESTATE OF WILLIE SUE CLAY,<br><br>        Plaintiff,<br><br>v.<br><br>BRANCH LAW FIRM and TURNER BRANCH, an individual,<br><br>        Defendants. | Civil Action No. 10-1314-JTM-DJW<br>Pending in the United States District Court for the District of Kansas |

To:   BROWNGREER PLC
      115 S. 15TH STREET, SUITE 400
      RICHMOND, VIRGINIA 23219-4209

## AFFIDAVIT OF CUSTODIAN OF BUSINESS RECORDS

I, _____, being first duly sworn, on oath, depose and say that: I am a duly authorized custodian of the business records of _____ _____ and have the authority to certify those records.

The copy of the records attached to this affidavit is a true copy of the records described in the subpoena.

The records were prepared by the personnel or staff of the business, or persons acting under their control, in the regular course of the business at or about the time of the act, condition or event recorded.

_____
Signature of Custodian

Subscribed and sworn to before the undersigned on _____, 2011.

My Appointment Expires:     _____
                             Notary Public

## CERTIFICATE OF MAILING

I hereby certify that on _____, 2011, I mailed a copy of the above affidavit to Tyson C. Langhofer at 1625 N. Waterfront Pkwy, Suite 300, Wichita, KS 67206-6620 by depositing it with the U.S. Postal Service for delivery with postage prepaid.

_____
Signature of Custodian

Subscribed and sworn to before the undersigned on _____, 2011.

My Appointment Expires:     _____
                             Notary Public

**ATTORNEY FOR PLAINTIFF**
TYSON C. LANGHOFER (#19241)                    X   Civil                Clerk of the U.S. District Court
STINSON MORRISON HECKER LLP                        Criminal             204 U.S. Courthouse
1625 N. WATERFRONT PKWY, SUITE 300                                      401 N. Market
WICHITA, KS 67206-6620                                                  Wichita, KS 67202

DB04/838626.0002/3509658.1 DO04