## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | **MDL NO. 1657** |
| **IN RE: VIOXX** | : | |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION:  L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | |
| | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**


### ORDER & REASONS

On October 19, 2010, the Court issued an Order and Reasons finding that 6.5% of the

amount awarded under the Vioxx Master Settlement Agreement, or $315,250,000, was an

appropriate compensation for all of the common benefit work done in the Vioxx MDL and state

litigation.  Now, the Court is in the process of allocating that total pot among the attorneys who

performed common benefit work and applied for common benefit fees.  As part of that process,

the Court appointed a Fee Allocation Committee (FAC) and charged it with preparing a

proposed recommendation of how the common benefit fees should be allocated.  The FAC has

submitted its recommended allocation, which the Court published on its website for all to see

and object if they deemed appropriate.  Out of the 109 applicants for common benefit fees, 18

filed objections to the Fee Allocation Committee's recommendations.

Next, the Court appointed Special Master Patrick Juneau to oversee any necessary

discovery requested by Objectors to the FAC's recommended allocation.  The Court also

appointed Liaison and co-Lead Counsel for the Objectors to facilitate that process.  After

discovery is completed it is anticipated that the Special Master will make his recommendations

regarding the appropriate distribution of the common benefit fees.

In the present motion the Co-Lead Counsel for the Objectors move for partial summary

judgment or to strike the FAC's recommended allocation entirely.  (Rec. Doc. 62638).  The FAC

has filed an opposition (Rec. Doc. 62692), and the Objectors have filed a reply (Rec. Doc.

62705).

At this stage of the Court's stated fee allocation process, the Court is gathering factual

material to assist it in allocating fees.  The Fee Allocation Committee (FAC)'s recommended

allocation is one factual source.  The expected report from Special Master Patrick Juneau is

another.  Objections to the FAC's recommendation are a third source.  The FAC's allocation is

simply one piece of evidence, not a target that the Objectors must demolish before the Court can

blindly approve it.  The Court will not "abdicate[] its responsibility" to make a thorough

independent allocation of all common benefit fees, nor will the Court make only a "perfunctory

review" of the FAC's recommendation, the Special Master's recommendations, or the Objectors'

position.  *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227, 234

(5th Cir. 2008).  The Court will carefully assess the FAC's recommendation, the Special

Master's recommendation, the Objectors' objections, and all materials submitted to the Court.

The Court will assign to them as much or as little weight as they merit in light of the applicable

law and the evidence observed by the Court during the period it presided over this case in

making the final allocation.  The Objectors have amply set forth their criticism of the FAC's

work, and the Court will take those objections into account.  But it is premature to judge the

persuasive weight of the FAC's recommendation or the Objectors' objections.  The Court will do so when the Court issues its Order and Reasons setting the allocation.  Accordingly,

IT IS ORDERED that the Objectors' motion for partial summary judgment or to strike the FAC's recommendation (Rec. Doc. 62638) is DENIED.

New Orleans, Louisiana, this 21st day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE