UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| Pascal Calogero, Jr. | * | March 22, 2011 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

**REPLY MEMORANDUM IN SUPPORT OF
ISSUANCE OF PRETRIAL ORDER 6F**

MAY IT PLEASE THE COURT:

Co-lead and Liaison counsel for the Objectors respectfully submit this memorandum in further support of their Motion for the issuance of Pretrial Order 6F, in reply to the memorandum in opposition filed by the Fee Allocation Committee.

**LIMITED ROLE**

The FAC contends that because Objectors have already filed their objections to the FAC's recommendations, "it is unclear why Objectors' Co-lead and Liaison Counsel feel it is necessary for the Court to address a circumstance where they might need to address the amounts due to individual Objectors." FAC Response, p.2. Apparently the FAC is "sticking to its story" that the process outlined by this Court does not contemplate any further advocacy by the objectors in support of their individual claims. Movers believe that there will be further occasion either before Master Juneau, or this Court, or both, for objectors to litigate their claims. At a minimum, the FAC has

-1-

already filed a lengthy response to the individual objections. That response is fraught with inaccuracy and demands that replies be filed by the objectors.

While movers have fully accepted this Court's charge ti handle all pre-trial matters, as well a prepare and prosecute a vigorous attack on the FAC's methodology and conduct, when it comes time for each objector to defend the claims they briefly presented to the FAC in the short three page affidavits they were allowed to file, movers are ethically challenged to participate. First, movers cannot advocate for any one objector except to do so at the expense of another, since there are competing from limited funds. Co-Lead and Liaison Counsel for the Objectors will be preparing a response for their individual clients, Placitella, Roth, and Weinberg, who are competing against the other Objectors for a larger share of a limited pie. Second, Objectors have requested discovery that will include depositions of members of the FAC and others; Co-Lead and Liaison counsel are prepared to take the lead in such discovery, much as they have done with their written discovery requests, in the interests of efficiency and economy; but certain Objectors wish to pursue individual lines of inquiry in aid of their specific claims, which both for reasons of conflict and inadequate background knowledge, undersigned counsel are not in a position to propound. Finally, undersigned counsel anticipate that at some point there will be an evidentiary hearing at which the Objectors will be allowed to demonstrate the merits of their claims. Due process would require that objectors have the ability to be represented a that point with counsel of their own choosing, one not hampered with potential, if not real, conflicts of interests.

Proposed Pre-Trial Order 6F represents the guidelines under which movers were initially selected by objectors. Movers were instructed as one of their initial tasks to attempt to secure Court approval of a plan whereby they would represent the common interests of objectors, but would have no authority or responsibility for individual advocacy on behalf of any objector, and no settlement

authority[1]. Proposed Pre-Trial Order 6F represents the fulfillment of that promise.

This does not mean that undersigned counsel cannot make a meaningful contribution to conducting the fee allocation dispute more efficiently and expeditiously than might occur if the Objectors were appearing individually in these proceedings. This Court has no doubt taken note of the large volume of pleadings filed by undersigned counsel since their appointment on February 17, 2011. As the Court might imagine, these filings have involved a great deal of behind-the-scenes conferral, collaboration, and occasional wrangling, which has reduced the number of filings by an indeterminable multiple. The combined pleadings have served and will continue to streamline the issues both for this Court and for the FAC. While undersigned counsel have sought to restrict their ultimate role at the point where conflicts may set in, the pleadings they have filed to date show that Objectors share a great many complaints about the FAC's operations, which have been most efficiently presented under a single Objectors' umbrella.

## COMPENSATION

The FAC makes some ill-defined aspersion about the Objectors' having selected "outside" counsel, instead of one of their number, to serve in the role of liaison. But "inside" or "outside," leadership counsel have a right to be paid, and the FAC has not explained how "outside" counsel have any lesser claim to compensation. The FAC's objection to outside counsel was made and overruled by this Court when it approved undersigned counsel's appointment.

The real question is whether counsel have a right to be paid from the common benefit fund. Undersigned counsel submit that they have already served the common benefit, both as the quasi-

---

[1] Certainly the Stratton experience has demonstrated what can happen when lead and liaison counsel press their authority too far.

judicial officers appointed by this Court to coordinate objectors' litigation position to serve the goals of efficiency and avoidance of redundancy, but also because many of the positions that have been, and will be, taken benefit all claimants, not merely objectors, such as in remedying the Stratton settlement and the argument that each claimant receiving actual lodestar as a minimum floor of common benefit compensation.

There is no doubt that this Court has the power, as an incident to its power of appointment, to compensate leadership and to do so from the fund for which they are charged with attempting to help apportion. This would be the case even if their efforts were comfined to benefitting only the objectors. However, given the real chance that their efforts may benefit the claimant class as a whole, compensation out of the common benefit fund seems particularly appropriate. *See Bowling v. Pfizr, Inc.*, 922 F.Supp. 1261, 1285 (D.C. Ohio 1996), where the Court authorized payment of Public Citizens litigation group's fees incurred in challenging a fee allocation out of the common benefit fund at issue because, *inter alia*, "Public Citizen's ... extensive objections to the fee applications before the Court have been invaluable." Ultimately, it will be for this Court to decide whether movers' efforts have been of benefit in moving this process forward in an efficient, rational, thorough manner, in which in the crucible of litigation, this Court feels comfortable that all issues have been intelligently and skillfully presented for its consideration, so that a fair and error free allocation ultimately obtains - one that complies with applicable and controlling Fifth Circuit precedents. If it finds that movers have been of assistance in its adjudication, then compensation from the common benefit fund seems particularly appropriate.

Respectfully submitted:

/s/ Robert E. Arceneaux                                    /s/ Margaret E. Woodward
_____                    _____
Robert E. Arceneaux, La Bar No. 01199            MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC                            No.13677
47 Beverly Garden Drive                                     3701 Canal Street, Suite C
Metairie, LA 70001                                              New Orleans, Louisiana  70119
(504) 833-7533 office                                          (504) 301-4333 office
(504) 833-7612 fax                                              (504) 301-4365 fax
rea7001@cox.net                                                mewno@aol.com

**CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER**

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

**LIAISON COUNSEL FOR OBJECTORS IDEN,TIFIED IN FEB. 8 ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Memorandum in Support of Pretrial Order 6F has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, March 22,  2011.

/s/ Robert Arceneaux
_____