UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Ronald Quackenbush, Sr., et al. v. Merck* | * | KNOWLES |
| *& Co., Inc.*, 2:10-cv-04506-EEF-DEK | * | |

**********************************************************************

### DEFENDANT MERCK & CO., INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) AND INCORPORATED MEMORANDUM

This case involves personal injury and derivative spousal claims brought by attorney Ronald Benjamin against Merck on behalf of Plaintiffs Ronald and Sharon Quackenbush. Mr. Benjamin filed this complaint in July 2010, asserting claims arising out of Ronald Quackenbush's alleged use of Vioxx. Mr. Benjamin originally filed these very same claims in the Supreme Court of the State of New York in November 2004. Those claims were subsequently dismissed in September 2008 due to the failure to follow orders issued by that court. The claims presently before this Court, which necessarily accrued no later than the filing of the Quackenbushs' original complaint in November 2004, were not timely filed under the three-year statutes of limitations prescribed by New York law for products liability, personal injury, and negligence causes of action. Accordingly, Merck respectfully requests that this case be dismissed with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that it is time-barred under New York law.

## FACTUAL BACKGROUND

1. The Quackenbush Plaintiffs' claims against Merck for personal injuries and loss of consortium arising out of Mr. Quackenbush's alleged use of Vioxx were originally included in a multi-plaintiff complaint filed on November 12, 2004 in the Supreme Court of the State of New York for New York County. *See* Ex. A (*Jaros* Compl.).[1] That case was captioned *Barbara Jaros, et al. v. Pfizer, et al.*, Index No. 116110/2004, and was filed by the Law Office of Ronald Benjamin.

2. On June 9, 2008, Judge Shirley Werner Kornreich of the New York Supreme Court dismissed the Quackenbush claims against Merck in the *Jaros* action "for failure to comply with an Order directing them to file a Plaintiff Profile Form (PPF), authorizations and response documents, despite repeated requests and extensions." Ex. B (June 9, 2008 Order).

3. Thereafter, on August 28, 2008, Mr. Benjamin and Merck counsel filed a stipulation in the *Jaros* action explaining that Merck had received a Plaintiff Profile Form relating to the Quackenbush claims, and that Merck had sent a letter to the court on May 23, 2008 withdrawing the portion of its motion seeking the dismissal of the Quackenbush claims based on his failure to complete a PFS. Ex. C (Sept. 8, 2008 Stipulation and Order). The stipulation sought reinstatement of the Quackenbush claims. Specifically, the stipulation requested permission for Plaintiffs' counsel to file an amended complaint within 10 days of the entry of the stipulated order by the court. *Id.* ¶1.

---

[1] Merck requests that the Court take judicial notice of the attached court documents, as it is well established that a federal court "may . . . take judicial notice of another court's judicial actions." *In re Moity*, 320 Fed. App. 244, 249 (5th Cir. 2009).

4. On September 8, 2008, Judge Kornreich entered the parties' stipulated order, along with the instructions that "due to conduct of plaintiff in repeatedly ignoring CMO's + court orders, plaintiff must file a new action for Quackenbush and pay a filing fee." Ex. C at 2.

5. No new action was filed on behalf of the Quackenbush Plaintiffs within ten days of the entry of the stipulated order, or at any time thereafter in the Supreme Court of the State of New York for New York County.

6. Instead, almost two years later, on July 21, 2010, Mr. Benjamin filed a new complaint on behalf of the Quackenbush Plaintiffs in the Supreme Court of the State of New York for Broome County (rather than the New York County court of Judge Kornreich), alleging the same causes of action against Merck that were the subject of the 2004 *Jaros* complaint. *See* Compl., R. Doc. No. 1-2.[2] This new complaint was removed to federal court, and was ultimately transferred to this MDL in December 2010.

## ARGUMENT

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone*

---

[2] Notably, more than a year after Judge Kornreich's September 8, 2008 Order, Mr. Benjamin exchanged correspondence with defense counsel regarding outstanding discovery matters. In an October 30, 2009 letter, Mr. Benjamin purported to identify dozens of cases for which he wanted to address discovery issues. His list included the Quackenbush Plaintiffs as well as numerous other plaintiffs who had had their claims dismissed for a variety of reasons. As to the Quackenbush claims, defense counsel directed Mr. Benjamin's attention to the September 8, 2008 Order, and the apparent lack of any compliance with that Order. Merck did not hear anything more about the Quackenbush claims until it was served with the complaint that is the subject of this motion.

*Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509-10 (1990)).  A court may dismiss a claim under Rule 12(c) "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).  It is well established that a federal court "may . . . take judicial notice of another court's judicial actions."  *In re Moity*, 320 Fed. App. at 249; *see also Burns v. Mayes*, 369 Fed. App. 526, 527 n.4 (5th Cir. 2010); *Bauer v. Texas*, 341 F.3d 352, 362 n. 8 (5th Cir. 2003) (taking judicial notice of public court records not in dispute); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) (same)). Accordingly, this Court may properly take judicial notice of the attached *Jaros* records in considering this motion.

Based on established facts that cannot be disputed and the applicable legal principles, the Quackenbush Vioxx claims are time-barred, and this tardy complaint should be dismissed with prejudice.  New York state law provides that causes of action for products liability, negligence, and personal injury are subject to a three year statute of limitations.[3] N.Y. C.P.L.R. §§214(5), 214(c). Under C.P.L.R. §214(c), the Quackenbushs' claims accrued on the date Mr.

---

3   New York's statutes of limitations apply to this case.  The complaint alleges that Ronald and Sharon Quackenbush "are and at all times relevant herein were residents of the State of New York," including the time period during which Mr. Quackenbush allegedly ingested Vioxx.  Compl. ¶ 1.  As this Court has previously recognized in this litigation, to determine which statute of limitations applies, "the Court must first determine which state's choice-of-law rules to apply . . . . Then, pursuant to those rules, it must choose the applicable statutes of limitations." *In re Vioxx Products Liability Litig.*, 522 F. Supp. 2d 799, 805 (E.D. La. 2007).  In cases – such as this one – that were originally filed in state court and ultimately transferred to the MDL, this Court has determined that that state's choice-of-law rules apply.  *See id.* at 813.  Accordingly, New York's choice-of-law rules would apply, and those rules dictate that New York's own statutes of limitations should govern here.  *See Neumeier v. Kuehner*, 31 N.Y.2d 121, 128 (N.Y. 1972).

1050385v.1

Quackenbush's injuries were discovered.[4] The complaint in this action alleges Vioxx usage from April 2001 through March 2003, Compl. ¶11, but it does not allege the date Mr. Quackenbush suffered or discovered his alleged injuries. However, as the original complaint was filed on November 12, 2004, his injuries were necessarily discovered prior to that date. Thus, under New York law, the Quackenbush claims became time barred no later than November 12, 2007. Mr. Benjamin filed this current complaint on July 21, 2010—well outside of the applicable three-year statute of limitations. Given this timing, Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Therefore, their complaint should be dismissed with prejudice under Rule 12(c).

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant its motion to dismiss with prejudice.

Dated:  March 23, 2011                                             Respectfully submitted,

                                                                                         */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

---

[4] Indeed, the Quackenbush complaint states that it "relies on" the discovery rule codified in the New York C.P.L.R. §214-c(4). Compl. ¶ 16.

5

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

1050385v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of March, 2011.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1050385v.1