STATE OF NEW YORK: SUPREME COURT
COUNTY OF NEW YORK

BARBARA JAROS,
BRUCE D. PEER, et ux. PAMELA K. PEER,
RONALD QUACKENBUSH, SR., and SHARON
SEYMOUR QUACKENBUSH,

        COMPLAINT

    Plaintiffs,

   -vs-          Index No. :

PFIZER, INC., PHARMACIA CORPORATION, a wholly-  Date Filed:
own subsidiary of PFIZER, INC., and PHARMACIA &
UPJOHN COMPANY, a wholly owned subsidiary of
PHARMACIA CORPORATION, and
MERCK & CO, INC,

    Defendants.

---

Plaintiffs, by and through counsel, the Law Office of Ronald R. Benjamin, allege upon information and belief as follows:

1. Plaintiffs BARBARA JAROS, BRUCE D. PEER, RONALD QUACKENBUSH, SR., and SHARON SEYMOUR QUACKENBUSH ("injured plaintiffs") are and at all times relevant herein were residents of the State of New York.

2. Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, New York, and authorized to do and doing business in the State of New York with the county of its principal office registered as New York County.

3. Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY is a wholly-owned subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint, each was a foreign corporation incorporated in the State of Delaware, and authorized to

do business in the State of New York, registered in or with its principal office located in New York County.

4. Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as Pfizer or defendants).

5. Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck"), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6. At all relevant times herein mentioned the Pfizer defendants engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their respective pharmaceutical products including the arthritis and acute pain medications **CELEBREX and BEXTRA** for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7. At all relevant times herein mentioned the defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their respective pharmaceutical products including the arthritis and acute pain medications **VIOXX** for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

M005754224

8. Defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs in and thus had consequences in the State of New York.

9. Upon information and belief, defendants used a wide range of marketing methods to promote the aforesaid products and place it in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10. Upon information and belief, defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11. Upon information and belief, based on defendant's promotional activity with respect to the aforesaid products, plaintiffs were prescribed the drugs based on the belief the same was safe to use and was unlikely to subject each plaintiff to serious side effects as a result of use of the products.

12. In reliance on the same, the injured plaintiffs ingested the drugs and continued ingesting the drugs for a period of time as instructed by their respective prescribing physicians.

13. Upon information and belief, had defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged benefits from the products.

14. Upon information and belief, defendants, through its agents, employees and

M005754225

representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

15. The injured plaintiff BARBARA JAROS ingested the drugs Vioxx, Celebrex and Bextra at the direction of her physicians and in accordance with the manufacturer's instructions.

16. The injured plaintiff BRUCE PEER ingested the drugs Vioxx and Celebrex at the direction of his physicians and in accordance with the manufacturer's instructions.

17. The injured plaintiff RONALD QUACKENBUSH, SR., ingested the drugs Vioxx and Bextra at the direction of his physicians and in accordance with the manufacturer's instructions.

18. The injured plaintiff SHARON SEYMOUR QUACKENBUSH, SR., ingested the drug Vioxx at the direction of her physicians and in accordance with the manufacturer's instructions.

19. As a direct and proximate result of the conduct of the defendants, each of the injured plaintiffs sustained severe injuries ranging from heart attacks to strokes and other conditions which, upon information and belief, are permanent in nature.

20. By reason of the foregoing, each of the injured plaintiffs sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

21. By reason of injuries due to ingestion of the aforesaid drugs, the injured plaintiffs incurred or may be obligated to pay monies for medical expenses.

22. The injuries sustained by the aforesaid plaintiffs and the damages resulting therefrom were caused solely by the defendant's defective products without any fault on the part of the plaintiffs contributing hereto.

23. Plaintiffs allege that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

M005754226

24. In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

### AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE AND GROSS NEGLIGENCE)

25. Plaintiffs reallege and incorporate herein as if fully set forth herein the allegations in the preceding paragraphs 1 through 24 of this complaint.

26. Defendants knew or should have known with the exercise of reasonable care that the products are unreasonably dangerous products and nevertheless promoted and placed said products into the stream of commerce.

27. Prior to the time the injured plaintiffs ingested the products, the defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

28. Upon information and belief, defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test the products.

29. Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the each plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

30. As a direct and proximate result of the negligence of the defendants, the injured plaintiffs were harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

31. As a result of the foregoing, the injured plaintiffs are entitled to compensatory damages from each of the defendants, and are entitled to exemplary damages from defendants.

M005754227

## AS AND FOR A SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

32. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further alleges the following.

33. At all times herein mentioned the defendants' products were dangerous and defective, in that any benefit from said products was outweighed by the serious and deadly side effects of said drugs.

34. Defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

35. Defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

36. As a result of reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the plaintiffs is entitled to exemplary damages from defendants in addition to compensatory damages sustained as a result of defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
## (MISREPRESENTATION AND FAILURE TO WARN)

37. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further alleges the following.

38. Beginning prior to the time the plaintiffs herein ingested the drugs complained of, the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which defendants knew or should have known to result from use of said products.

M00575422B

39. By use of affirmative misrepresentations and omissions, the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drugs were safe, known to be safe or had minimal risks to the public and the each plaintiff in particular.

40. Upon information and belief, defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

41. Defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

42. As a direct and proximate result of the aforesaid failure by the defendants to provide appropriate warnings and/or instructions, each plaintiff sustained the harm complained of herein.

43. Upon information and belief, at the times relevant to this complaint, defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, the defendants downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and public at large including potential users of the products by promoting the same as safe and effective.

44. Upon information and belief, defendants placed profit concerns over and above the safety of the public.

45. As a result of defendants's reckless disregard for the public welfare and welfare of each

plaintiff in particular each of the injured plaintiffs is entitled to an award of exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendant's conduct.

### AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

46. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further alleges the following.

47. Defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured plaintiffs herein.

48. Defendants breached such express and implied warranties in that said drugs are not safe for the purpose for which it was intended.

49. As a direct and proximate result of the aforesaid breach of express and implied warranties, each injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

### AS AND FOR A FIFTH AND SEPARATE CAUSE OF ACTION
### (VIOLATION OF NEW YORK BUSINESS CORPORATION LAW § 349)

50. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further alleges the following.

51. Defendants' conduct as set forth herein constituted deceptive acts or practices and involved an extensive marketing scheme that had a broader impact on consumers at large.

52. Defendants engaged in acts or practices that were deceptive or misleading in that the same were likely to mislead a reasonable consumer acting reasonably under the circumstances to ingest the products and be injured thereby.

53. Defendants' acts and practices violated New York's Business Corporation Law § 349.

54. The injured plaintiffs sustained harm as a direct and proximate result of the deceptive and misleading acts and practices of the defendants, and are entitled to compensatory and exemplary damages therefor.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)

55. Plaintiffs PAMELA K. PEER, RONALD QUACKENBUSH, and SHARON SEYMOUR QUACKENBUSH incorporate by reference and reallege paragraphs 1 through 26 as if fully set forth herein and further allege as the following.

56. At all times relevant to this complaint the aforesaid plaintiffs PAMELA K. PEER, SHARON SEYMOUR QUACKENBUSH, and RONALD QUACKENBUSH were and continue to be residents of the State of New York and were and continue to be lawfully married to and residing with the injured plaintiffs BRUCE D. PEER, RONALD QUACKENBUSH, SR., and SHARON SEYMOUR QUACKENBUSH, respectively.

57. By reason of the foregoing, each plaintiff spouse was deprived of the services and consortium of the injured plaintiff, including but not limited to companionship, affection, support and solace, and was caused to suffer a loss of enjoyment of life, all of which caused said plaintiff spouse to be damaged and entitled to judgment against each defendant.

58. By reason of the foregoing, each plaintiff spouse incurred and was damaged due to medical expenses and other expenses associated with the injured spouse complained of herein.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1) Award each of the injured plaintiffs compensatory damages and exemplary damages against defendants on the first through fifth causes of action;

(2) Award each of the plaintiff spouses compensatory damages on the sixth cause of action; and

(3) Award plaintiffs such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: November 12, 2004

                        LAW OFFICE OF RONALD R. BENJAMIN
                        Attorneys for Plaintiffs
                        126 Riverside Drive, P. O. Box 607
                        Binghamton, New York 13902-0607
                        607/772-1442

                        By: _____
                             RONALD R. BENJAMIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BARBARA JAROS, BRUCE D. PEER, et ux.,
PAMELA K. PEER, RONALD QUACKENBUSH,
and SHARON SEYMOUR QUACKENBUSH,

                     Plaintiffs,

- against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.

                     Defendants.

---

**SUMMONS**

04110110

Plaintiff designates New York County as
place of trial based on plaintiff's residence
Index No.:
Date Filed:

FILED NOV 15 2004 NEW YORK COUNTY CLERK'S OFFICE

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 12, 2004
      Binghamton, New York 13902

Plaintiff's residence is :
      Barbara Jaros, 527 Airey Avenue, Endicott, New York 13760-4507
      Bruce D. and Pamela K. Peer, 2501 Oak Hollow Road, Vestal, NY 13850
      Ronald Quackenbush, 1944 Colesville Road, Harpursville, NY 13787
      Sharon Quackenbush, 1944 Colesville Road, Harpursville, NY 13787

Defendant's Business address:
      Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
      Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
      Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
      Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

Ronald R. Benjamin, Esq.
**LAW OFFICES OF RONALD R. BENJAMIN**
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442