SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **HON. SHIRLEY WERNER KORNREICH**                    PART **54**
                        Justice

| Index Number : 116110/2004 | |
|---|---|
| JAROS, BARBARA | INDEX NO. _____ |
| VS. | MOTION DATE _____ |
| PFIZER | MOTION SEQ. NO. _____ |
| SEQUENCE NUMBER : 005 | MOTION CAL. NO. _____ |
| REARGUMENT/RECONSIDERATION | |

this motion to/for _____

**PAPERS NUMBERED**

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...  _____

Answering Affidavits — Exhibits  _____

Replying Affidavits  _____

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion is decided in accordance with a stipulation and Order between the parties and this court

**FILED**
**Sep 08 2008**
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 9/4/08                         HON. SHIRLEY WERNER KORNREICH
                                                                                    J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Check one:   ☐ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

M010F38430

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BARBARA JAROS, BRUCE D. PEER, et ux.
PAMELA K. PEER, RONALD QUACKENBUSH,
SR., SHARON SEYMOUR QUACKENBUSH,

Index No.: 116110/04

Plaintiffs,

STIPULATION AND ORDER

- against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

Defendants.

FILED
SEP 08 2008
NEW YORK
COUNTY CLERK'S OFFICE

HON. SHIRLEY WERNER KORNREICH

WHEREAS, on April 1, 2008, Merck & Co. Inc. ("Merck") made a motion to dismiss the claims of Ronald Quackenbush, Sr. and Sharon Seymour Quackenbush with prejudice for failure to comply with the Stipulated Discovery Order ordered by the Court on May 31, 2007 and for an order severing Plaintiffs' claims as required by CMO 1 in *In re: New York Bextra and Celebrex Product Liability Litigation*; and

WHEREAS, the personal claims of Sharon Seymour Quackenbush and the derivative claims of her husband against Merck were dismissed with prejudice pursuant to a separate stipulation of dismissal filed on April 30, 2008; and

WHEREAS, Ronald Quackenbush dismissed his claims against Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company, by stipulation dated March 6, 2008.

WHEREAS, Merck received a Plaintiff Profile Form regarding the claims of Ronald Quackenbush and sent a letter to the Court dated May 23, 2008 stating that it sought to withdraw that portion of its motion seeking dismissal of the claims of Ronald Quackenbush; and

[Handwritten annotation in right margin, signed by judge: "So ordered — Plaintiff is repeatedly ignoring court's orders. Plaintiff must file a new action for Quackenbush upon payment of filing fee."]

60377158_1

WHEREAS, the Court issued an order dated June 6, 2008, dismissing the claims of Ronald Quackenbush and the derivative claims of his wife Sharon Seymour Quackenbush; and

WHEREAS, the Court's June 6, 2008 order also dismissed the claims of plaintiffs Barbara Jaros, and Bruce Peer et ux. Pamela Peer, with leave to re-file individual complaints; and

WHEREAS, Barbara Jaros and Bruce Peer have re-filed individual actions; and

WHEREAS, Plaintiffs Ronald Quackenbush et ux. Sharon Seymour Quackenbush filed a Motion for Renewal and Reargument with Respect to the Dismissal of Their Claims as a Discovery Sanction, and for an Order Vacating the Dismissal and Amending the Caption dated June 18, 2008; and

WHEREAS, Merck filed an affirmation in response dated July 7, 2008;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, subject to the Court's approval, that the June 18, 2008 motion is hereby resolved on the following terms:

1. Plaintiff Ronald Quackenbush and his spouse Sharon Seymour Quackenbush are granted permission to reinstate his individual claims and her derivative claims by filing the amended complaint in the form annexed hereto as Exhibit A within 10 days of the service of notice of entry of this order.

2. The caption of this case is amended to read:

| RONALD QUACKENBUSH, SR. *et ux.* SHARON SEYMOUR QUACKENBUSH,<br><br>Plaintiffs,<br><br>- against -<br><br>MERCK & CO., INC.,<br><br>Defendant. | Index No.: 116110/04 |

60377158_1

M010F38432

IT IS HEREBY FURTHER STIPULATED AND AGREED that a facsimile signature on this document shall have the same force and effect as an original signature.

Dated: New York, New York
       August ��, 2008

| LAW OFFICE OF RONALD R. BENJAMIN | HUGHES HUBBARD & REED LLP |
|---|---|
| By: _____ | By: _____ |
| Ronald R. Benjamin | Vilia B. Hayes |
| 126 Riverside Drive, P.O. Box 607 | One Battery Park Plaza |
| Binghamton, NY 13902 | New York, NY 10004-1482 |
| (607) 772-1442 | (212) 837-6000 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Merck & Co., Inc.* |

SO ORDERED:

_____
Hon. Shirley Kornreich

Dated: _____

# EXHIBIT A

M010F38434

STATE OF NEW YORK: SUPREME COURT
COUNTY OF NEW YORK
------------------------------------------------

RONALD QUACKENBUSH, SR.,
*et ux.* SHARON SEYMOUR QUACKENBUSH,

                            **Plaintiffs,**                 **AMENDED COMPLAINT**

            -vs-                                               Index No. : 116110/04

MERCK & CO, INC,

                            **Defendant.**

------------------------------------------------

      Plaintiffs, by and through counsel, the Law Office of Ronald R. Benjamin, allege upon information and belief as follows:

      1. Plaintiff RONALD QUACKENBUSH, SR., ("injured plaintiff") and his wife SHARON SEYMOUR QUACKENBUSH are and at all times relevant herein were residents of the State of New York.

      2. Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck"), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

      3. At all relevant times herein mentioned the defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of its pharmaceutical products including the arthritis and acute pain medications **VIOXX** ("product" or "drug") for ultimate sale and/or use in the

M010F38435

United States of America as well as in countries throughout the world.

4. Defendant is liable for the acts and transactions complained of herein that occurred and injured the plaintiff in New York and thus had consequences in the State of New York.

5. Upon information and belief, defendant used a wide range of marketing methods to promote the aforesaid product and place it in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of its product, using sales representatives including detailmen to call on physicians throughout the country to encourage them to prescribe defendant's product, sponsoring continued medical education programs for the express purpose of promoting its product, hiring experts in the field to speak to physicians for purposes of promoting its product, by direct advertisements to consumers and end-users of the product, and by utilizing the media to promote the alleged benefits of the product.

6. Upon information and belief, defendant engaged in extensive advertising and promotional activity which indicated its drug were efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drug to patients, including plaintiff.

7. Upon information and belief, based on defendant's promotional activity with respect to the aforesaid product, the injured plaintiff was prescribed the drug based on the belief the same was safe to use and was unlikely to subject plaintiff to serious side effects as a result of use of the product.

8. In reliance on the same, the injured plaintiff ingested the drug and continued ingesting the drug for a period of time as instructed by its respective prescribing physicians.

9. Upon information and belief, had defendant carried out proper testing on its product it would have realized the risks of using its product included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged

benefits from the product.

10. Upon information and belief, defendant, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drug to increased heart risks.

11. The injured plaintiff RONALD QUACKENBUSH, SR., ingested the drug Vioxx during the period from in or about April 2001 through March 2003 at the direction of his physicians and in accordance with the manufacturer's instructions, which caused him to sustain the injuries complained of herein.

12. As a direct and proximate result of the conduct of the defendant, the injured plaintiff sustained severe injuries, including a heart attack, which, upon information and belief, are permanent in nature.

13. By reason of the foregoing, the injured plaintiff sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

14. By reason of injuries due to ingestion of the aforesaid drug, the injured plaintiff incurred or may be obligated to pay monies for medical expenses.

15. The injuries sustained by the aforesaid plaintiff and the damages resulting therefrom were caused solely by the defendant's defective product without any fault on the part of the plaintiff contributing hereto.

16. In the event applicable, plaintiff relies on the provisions of CPLR §214-c(4).

## AS AND FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE AND GROSS NEGLIGENCE)

17. Plaintiff realleges and incorporates herein as if fully set forth herein the allegations in the preceding paragraphs 1 through 16 of this complaint.

18. Defendant knew or should have known with the exercise of reasonable care that the

product is unreasonably dangerous product and nevertheless promoted and placed said product into the stream of commerce.

19. Prior to the time the injured plaintiff ingested the product, the defendant knew or should have known that a significant portion of the users of the product would be subject to a significant risk and increased risk of serious side effects, including cardiovascular events and disease and stroke.

20. Upon information and belief, defendant failed to carry out adequate investigation including, but not limited to, failing to adequately test the product.

21. Defendant was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said product by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the plaintiff in particular about the serious and deadly side effects of its product, while at the same time promoting the drug on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

22. As a direct and proximate result of defendant's negligence, the injured plaintiff was harmed and sustained the injuries as aforesaid due to ingesting the product over a period of time.

23. As a result of the foregoing, the injured plaintiff is entitled to compensatory damages from the defendant.

24. As a result of the foregoing, the injured plaintiff is entitled to exemplary damages from defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

25. Plaintiff incorporates by reference and realleges paragraphs 1 through 16 as if fully set forth herein and further alleges the following.

26. At all times herein mentioned the defendant's product was dangerous and defective, in that any benefit from said product was outweighed by the serious and deadly side effects of said drug.

27. Defendant placed said product into the stream of commerce with reckless disregard for the

public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drug, or take other reasonable steps to assure the product was efficacious for the purpose for which it was intended without subjecting the user to significant and harmful side effects as aforesaid.

28. Defendant is strictly liable for the harm the injured plaintiff sustained as a result of ingesting the product as aforesaid.

29. As a result of reckless disregard for the public welfare and welfare of each plaintiff in particular, the plaintiff is entitled to exemplary damages from defendant in addition to compensatory damages sustained as a result of defendant' conduct.

### AS AND FOR A THIRD CAUSE OF ACTION
### (MISREPRESENTATION AND FAILURE TO WARN)

30. Plaintiff incorporates by reference and realleges paragraphs 1 through 16 as if fully set forth herein and further alleges the following.

31. Beginning prior to the time the plaintiff herein ingested the drug complained of, the defendant engaged in a strategy involving aggressively marketing and selling the aforesaid product by falsely misleading potential users as to the safety of the drug, by promoting the drug based on unsubstantiated safety claims, and by failing to protect users from serious dangers which defendant knew or should have known to result from use of said product.

32. By use of affirmative misrepresentations and omissions, the defendant engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drug was safe, known to be safe or had minimal risks to the public and the plaintiff in particular.

33. Upon information and belief, defendant understated downplayed or withheld information concerning health hazards and risks associated with the drug, as well as the lack of adequate testing and monitoring for safety

M010F38439

34. Defendant failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said product to the public for whom the drug was not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drug.

35. As a direct and proximate result of the aforesaid failure by the defendant to provide appropriate warnings and/or instructions, plaintiff sustained the harm complained of herein.

36. Upon information and belief, at the times relevant to this complaint, defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drug posed to patients, or clearly should have been in possession of such information yet continued to market the product by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drug was in fact dangerous, the defendant downplayed the health hazards and risks associated with the product and in fact deceived the medical community, individual physicians and the public at large including potential users of the product by promoting the same as safe and effective.

37. Upon information and belief, defendant placed profit concerns over and above the safety of the public.

38. As a result of defendant's reckless disregard for the public welfare and welfare, and that of the injured plaintiff in particular, the injured plaintiff is entitled to an award of exemplary damages from the defendant in addition to compensatory damages sustained as a result of the defendant's conduct.

### AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

39. Plaintiff incorporates by reference and realleges paragraphs 1 through 16 as if fully set forth herein and further alleges the following.

40. Defendant expressly and impliedly warranted that its aforesaid drug was safe when used by patients for whom the drug was not otherwise contraindicated, including the injured plaintiff herein

41. Defendant breached such express and implied warranties in that said drug is not safe for the purpose for which it was intended.

42. As a direct and proximate result of the aforesaid breach of express and implied warranties, the injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)

43. Plaintiff SHARON SEYMOUR QUACKENBUSH incorporates by reference and realleges paragraphs 1 through 16 as if fully set forth herein and further alleges as the following.

44. At all times relevant to this complaint the aforesaid plaintiff SHARON SEYMOUR QUACKENBUSH was and continues to be a resident of the State of New York and was and continues to be lawfully married to and residing with the injured plaintiff RONALD QUACKENBUSH, SR.

45. By reason of the foregoing, plaintiff spouse was deprived of the services and consortium of the injured plaintiff, including but not limited to companionship, affection, support and solace, and was caused to suffer a loss of enjoyment of life, all of which caused said plaintiff spouse to be damaged and entitled to judgment against defendant.

46. By reason of the foregoing, plaintiff spouse incurred and was damaged due to medical expenses and other expenses associated with the injured spouse complained of herein.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs demand judgment against the defendant on each cause of action as pled herein as follows:

(1) Award the injured plaintiff compensatory damages and exemplary damages against defendant on the first through fourth causes of action;

(2) Award the plaintiff spouse compensatory damages on the fifth cause of action; and

(3) Award plaintiffs such other and further relief against the defendant as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: August 20, 2008

                          **LAW OFFICE OF RONALD R. BENJAMIN**
                          Attorneys for Plaintiffs
                          126 Riverside Drive, P. O. Box 607
                          Binghamton, New York 13902-0607
                          607/772-1442

By:_____
      RONALD R. BENJAMIN