```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA




IN RE:  VIOXX PRODUCTS         *      Docket 05-MD-1657-L
   LIABILITY LITIGATION        *
                               *      March 27, 2009
                               *
                               *      9:00 a.m.
* * * * * * * * * * * * * * * *



                      MOTIONS HEARD BEFORE THE
                    HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiffs:           Herman Herman Katz & Cotlar, LLP
                              BY:  LEONARD A. DAVIS, ESQ.
                              820 O'Keefe Avenue
                              New Orleans, Louisiana 70113


For the Defendants:           Stone Pigman Walther Wittmann, LLC
                              BY:  DOROTHY H. WIMBERLY, ESQ.
                              546 Carondelet Street
                              New Orleans, Louisiana 70130


Official Court Reporter:      Toni Doyle Tusa, CCR, FCRR
                              500 Poydras Street, Room B-406
                              New Orleans, Louisiana 70130
                              (504) 589-7778



Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

**PROCEEDINGS**

**(March 27, 2009)**

**THE DEPUTY CLERK:** Everyone rise.

**THE COURT:** Be seated. I have a number of motions we have to deal with. I'll hear from the movant.

**MS. WIMBERLY:** Your Honor, Dorothy Wimberly representing Merck. We have a small number of matters on the docket today. The first is the sole remaining deferral from Merck's first *Lone Pine* motion, which was Record Document 16032. That sole remaining plaintiff is Hugo Bua, 05-1552.

The Court may recall that this matter came on for hearing on February 10 and Mr. Bua's counsel, Mr. Godosky, participated by phone in that hearing. He also filed an opposition in which he requested an additional 45 days and conceded in his opposition that if an expert report was not produced within that time frame that dismissal would be appropriate. That time has come and gone. He was properly noticed with this hearing. We have received no additional documentation from plaintiff. We would ask that the case be dismissed with prejudice pursuant to the first *Lone Pine* motion.

**THE COURT:** All right.

**MR. DAVIS:** Your Honor, Leonard Davis on behalf of the PSC. While I know Mr. Godosky was here and this is before the Court presently, the PSC would urge its same objection, as

1  it has in many of these other motions, and would object to a
2  dismissal.
3      **THE COURT:**  I feel enough notice has been given.  I
4  have heard from counsel.  I overrule the objection and grant
5  the motion to dismiss with prejudice.
6      **MS. WIMBERLY:**  Next is another holdover from Merck's
7  first latecomers motion for failure to comply with Pretrial
8  Order 29.  These were deferred originally from December 19,
9  then again from March 5 as to the eight plaintiffs who appear
10 on Exhibit A.  Again, this is Record Document 16944.
11     As to the eight plaintiffs appearing on
12 Exhibit A, two have complied.  Merck is withdrawing the motion
13 as to plaintiff Adeline Thomas Mosby, 08-170, and plaintiff
14 Jimmy Lockhart, 08-876.
15     We would ask that the motion be granted and the
16 cases dismissed of the remaining six plaintiffs on Exhibit A.
17 This motion was originally served in November of 2008, and it's
18 been pending now for over four months, and their cases for far
19 longer that that, and we would ask they be dismissed with
20 prejudice for failure to comply with Pretrial Order 29.
21     **MR. DAVIS:**  Your Honor, the PSC would urge the same
22 objection.
23     **THE COURT:**  I overrule the objection and grant the
24 motion to dismiss with prejudice.
25     **MS. WIMBERLY:**  There were three other matters that

1  were deferred.  However, those are still not ripe for hearing.
2  They were given 30-day and 60-day deferrals based upon
3  individual circumstances at the March 5 hearing.  Those are
4  from the fourth *Lone Pine*, the third latecomers, and the fifth
5  *Lone Pine*.  I'll be submitting orders resetting the ones with
6  30-day deadlines and asking that the Court reset them for the
7  next status conference.
8           **THE COURT:**  Which is on April 29.  We'll do that.
9           **MS. WIMBERLY:**  That brings up the first of the new
10 matters set for hearing today, Merck's sixth *Lone Pine* motion
11 for failure to comply with Pretrial Order 28.  It is Record
12 Document 17840.
13          **THE COURT:**  That's Mr. Harrison.  Mr. Harrison,
14 you're on the phone?
15          **MR. HARRISON:**  Yes, I am, Your Honor.
16          **THE COURT:**  Welcome to the hearing.  I have read your
17 opposition.  The issue is presentation of a report.  From your
18 submission, it appears that you have a report.  Is that right?
19          **MR. HARRISON:**  That I have a report?  Excuse me, I'm
20 not sure I know what you mean, Your Honor.
21          **THE COURT:**  I'm sorry, what did you say?
22          **MR. HARRISON:**  I'm not sure what you mean,
23 Your Honor.
24          **THE COURT:**  The report from a doctor indicating --
25          **MR. HARRISON:**  Oh, yes, yes, I certainly do.

1   **THE COURT:**  Well, it's important that you turn that
2   over, Mr. Harrison.  You need to do that because that's part of
3   my order.  You need to furnish a copy of that report to defense
4   counsel in compliance with the order and then we'll move along
5   with the case.  Failing that, I will have to take some drastic
6   action and dismiss the case.  So when can you get that report
7   to counsel?
8   **MR. HARRISON:**  Your Honor, I do object to that, and I
9   would like to present oral argument.
10  **THE COURT:**  You have got a couple minutes to tell me,
11  Mr. Harrison.  Why do you object to that?
12  **MR. HARRISON:**  Well, I'll cut right to the chase.
13  **THE COURT:**  Thank you.
14  **MR. HARRISON:**  That is unfair pretrial discovery.  I
15  do not belong here.  I belong in a bone-and-spine case.  I
16  should not be here.  I'm trying to get my case brought back to
17  New York, moved to New York, where it should have been from the
18  beginning.  That's where it needs to be.  I do not have case
19  management.  I will be providing discovery.  I have proof of
20  Merck's manipulation of physicians to neutralize and discredit,
21  and I'm in the same position.
22              They are going to have information that I'm not,
23  Your Honor.  I don't have anything from them.  I never had
24  proper discovery.  I'm going to be providing pretrial, and it's
25  not fair.  It's an issue of rights, Your Honor, please.

```
 1            THE COURT:  Okay.  I understand your position,
 2   Mr. Harrison, but you need to produce a copy of the report.
 3   I'll give you 30 days to do that.  If you fail to do that, then
 4   I will have to take some action to dismiss the case.  That's
 5   going to be my ruling on it.
 6                 I wanted you to participate in the conference.
 7   I have heard from you.  I have taken what you said seriously,
 8   but I do feel that it's fair at this stage for you to produce
 9   the report.  We'll proceed with whatever necessary discovery is
10   forthcoming, but at this stage you need to produce the report.
11                 I'll give you 30 days to do it.  It has to be
12   done before the next status conference.  If it's not done, then
13   I will have no alternative but to grant the motion to dismiss
14   your case.
15                 I appreciate you being with us, Mr. Harrison.
16   Thank you very much.
17            MR. HARRISON:  May I say something, Your Honor?
18            THE COURT:  Sure.
19            MR. HARRISON:  I would gladly enter discussions on
20   what to do with it, but just to blindly provide it over -- am I
21   on the record?
22            THE COURT:  You're on the record.
23            MR. HARRISON:  Thank you, sir.  I would gladly
24   discuss the pros and ths cons, would gladly provide it, in
25   fairness, no problem with that at all.  Just to blindly provide
```

1  it is not right.  If I'm dismissed, I certainly have to appeal.
2  My rights are --
3              **THE COURT:**  I understand, Mr. Harrison, but you won't
4  be dismissed if you produce the report.  I'm giving you 30 days
5  to do it.  Thank you very much.
6              **MR. HARRISON:**  You're welcome, Your Honor.  Thank
7  you.
8              **MS. WIMBERLY:**  Your Honor, Mr. Harrison was just one
9  of a number of plaintiffs on Merck's sixth *Lone Pine* motion.
10 He was one of two *pro se* plaintiffs who were identified on
11 Exhibit C to the motion, so let me go ahead and address the
12 remaining *pro se* plaintiff, Nathaniel Collins, 06-2195.
13             Mr. Collins has contacted our office.  We have
14 traded phone messages.  In an abundance of fairness, I would
15 ask the Court to defer Mr. Collins until the next status
16 conference, April 29.  He did indicate in messages that he
17 intended to proceed.  To give him the time frame within the
18 order that the Court signed to comply by March 31, we would
19 like to defer his to the next status conference.
20             **THE COURT:**  I'll do that.  Phyllis Mosby, did you get
21 that one?
22             **MS. WIMBERLY:**  Yes, Your Honor.  She was on the first
23 latecomers, and we are withdrawing as to her.  She did timely
24 submit the report.
25             **THE COURT:**  She has contacted our office and said

1  that she had a report.  We asked her to call you.
2              **MS. WIMBERLY:**  I did receive it.  It's been provided.
3              **THE COURT:**  Okay.
4              **MS. WIMBERLY:**  That brings us to Exhibit A, and
5  there's a number of different treatments of the parties on
6  Exhibit A.
7                 The first are two plaintiffs, Rhoda Overstreet
8  and Harold Thomas, represented by the Bubalo law firm, 06-2064
9  and 06-2069.  We are withdrawing our motion as to these two
10 plaintiffs, who have filed stipulations of dismissal with
11 prejudice.
12             **THE COURT:**  Okay.
13             **MS. WIMBERLY:**  Next are two cases with plaintiffs
14 represented by Cellino & Barnes, who filed an opposition.  The
15 first is Lawrence Lawson.  Attached to the Cellino & Barnes
16 opposition is an order of dismissal that was entered in the
17 case.  It's a different case, so there appears to be a
18 discrepancy as to plaintiffs here.  We are trying to clear that
19 up, so I would like to defer the motion as to Mr. Lawson until
20 April 29.
21             **THE COURT:**  Okay.
22             **MS. WIMBERLY:**  As to the remaining case,
23 Sarah Roberts, 05-3543, Your Honor, Cellino & Barnes'
24 opposition is that they have a motion to withdraw pending and
25 they would like the Court to sign that first.

1    **THE COURT:** I'll grant the motion to withdraw and
2 I'll dismiss the case.
3    **MS. WIMBERLY:** Next brings up a number of cases
4 represented by Jones Swanson. Mr. Garrison, I believe, is in
5 the courtroom. I did not receive an opposition.
6    **MR. GARRISON:** Eberhard Garrison here on behalf of
7 the Jones Swanson plaintiffs identified in Exhibit A and
8 Exhibit B to the sixth *Lone Pine* motion.
9    I complied with this order. The notice was sent
10 out to all the clients for the Jones Swanson individual
11 clients. I believe we have either filed motions to dismiss or
12 withdraw or stipulations of dismissal. Nevertheless, I haven't
13 heard from any of these people, so I have complied with the
14 order. To the extent that the Court is inclined to grant the
15 relief, we would just state an objection on the record.
16    **THE COURT:** Fine. Thank you, Mr. Garrison. I
17 appreciate your help on it. I will overrule the objection and
18 dismiss it with prejudice.
19    **MS. WIMBERLY:** Your Honor, we will make certain that
20 the proposed judgment indicates the compliance by
21 Mr. Garrison's firm and that they did everything that they
22 could.
23    The remaining plaintiffs on Exhibit A are
24 identified as being represented by Patrick F. McCormick. We
25 received returns on our FedEx attempts to serve Mr. McCormick,

1   although the Lexis/Nexis services were successful.  I have not
2   been able to reach Mr. McCormick, and I'm not certain how the
3   Court would like to proceed with respect to the six plaintiffs
4   identified as represented by him in Exhibit A.
5           **THE COURT:**  When you say you weren't able to reach
6   him, did you communicate with him?
7           **MS. WIMBERLY:**  Everything was returned with an
8   indication "never at this address."  I'm not certain what to do
9   and where to go from there.  We used the addresses that were in
10  the complaints and --
11          **THE COURT:**  Do you know whether he is a lawyer?
12          **MS. WIMBERLY:**  He is identified in the complaints as
13  a lawyer.  He has six cases, Patrick F. McCormick.
14          **MR. DAVIS:**  Which state?
15          **MS. WIMBERLY:**  In Frackville, Pennsylvania.
16          **MR. DAVIS:**  Maybe we can assist with some of our
17  Pennsylvania contacts to help.
18          **MS. WIMBERLY:**  If we could perhaps defer these six
19  until April 29 and see what we can do to somehow, maybe through
20  the Pennsylvania bar or someone, come up with an address.
21          **MR. DAVIS:**  We'll ask Arnold Levin to assist.
22          **MS. WIMBERLY:**  That brings us to Exhibit B, the sixth
23  *Lone Pine* motion.  The first matters on that are five
24  plaintiffs represented by the Bubalo law firm.  They filed an
25  objection, and I'm not certain whether the Court recalls that

1  objection. In particular, they essentially declined to comply
2  with the Court's order. They indicated they had pending
3  motions to withdraw and they shouldn't be required to do
4  anything else, so I don't believe that these clients received
5  notice of the show cause order.
6        **THE COURT:** I'll issue a show cause order to the
7  attorneys to show cause why they shouldn't be held in contempt
8  of Court for failing to comply with the order, and I'll set it
9  for the next status conference.
10       **MS. WIMBERLY:** All right. Next are two plaintiffs
11 represented by Grey & Grey: Karen Padova, 06-1509; and Joan
12 Reinhardt, 06-1510. As with Mr. Garrison, they actually filed
13 into the record a notice of compliance indicating sending of
14 the Court's show cause order to the claimants and, despite
15 that, received no response, so we would ask that they be
16 dismissed with prejudice.
17       **THE COURT:** I'll overrule the committee's objection
18 and dismiss it with prejudice.
19       **MS. WIMBERLY:** Your Honor, there are also on
20 Exhibit B three plaintiffs represented by Keller Rohrback:
21 Nicholas Jones, 07-740; John Matthews, 06-5606; and John
22 Steward, 06-10330. There are eight or nine plaintiffs
23 represented by the Schlichter, Bogard & Denton firm: Vanita
24 Cooper, 05-5139; Teresa Hall, 05-5139; Donald James, 06-3084;
25 Thomas Lawrie, 05-5353; Roland Lively, 06-3084; Mary Shelby,

1   05-5353; Joseph Tindall, 06-3084; and Billy Tucker, 05-5139.
2   Filed into the record are notices of compliance of having
3   mailed the order to their clients, as instructed, and again no
4   response.  So we would ask that those cases be dismissed with
5   prejudice.
6         **MR. DAVIS:**  Your Honor, the PSC would make the same
7   objection.
8         **THE COURT:**  I will overrule the objection and grant
9   it.
10        **MS. WIMBERLY:**  That leaves two cases represented by
11  the O'Quinn law firm:  Lucille Pierre, 05-6021; and Mary
12  Pomier, 05-6022.  Despite notice sent by FedEx and served on
13  Lexis/Nexis File & Serve, we received no opposition.  We would
14  ask those two claims be dismissed with prejudice.
15        **MR. DAVIS:**  The PSC would make the same objection.
16        **THE COURT:**  I will dismiss them with prejudice over
17  the objection.
18        **MS. WIMBERLY:**  One final matter on Exhibit B to the
19  sixth *Lone Pine*:  Joyce Denet, 05-4428, represented by Frank
20  D'Amico.  Mr. D'Amico filed an opposition.  He was also present
21  in court earlier.  He has no opposition to the dismissal.  He
22  simply asks, Your Honor, that you enter the order of withdrawal
23  prior to that.
24        **THE COURT:**  I'll do that.  I will allow him to
25  withdraw and will dismiss it over the objection.

1  **MS. WIMBERLY:** Then we have Merck's first material
2  noncompliance rule, Record Document 17841.  Every plaintiff on
3  that rule is represented by the Cellino & Barnes law firm.
4  They did file a response essentially asking that the matter be
5  dismissed because they wanted more time.  We would ask,
6  Your Honor, that the matter not be dismissed, but we would
7  agree to defer the matter until April 29.
8  **THE COURT:** I'll do that.  I defer it.
9  **MS. WIMBERLY:** The last matter is Merck's motion to
10 show cause why cases should not be dismissed for failure to
11 comply with Pretrial Order 31.  This is the registration
12 requirement.  This rule affects 40 *pro se* plaintiffs who have
13 never registered, much less enrolled or anything else.  We had
14 old addresses, but we nonetheless were successful in serving
15 almost all of these people.
16 With respect to all of those whom we served, we
17 heard from two people.  Billy Stanaland, 05-3398, indicated
18 that he intended to pursue on behalf of his father.  We heard
19 from the son.  We would, therefore, ask that the matter be
20 deferred until April 29 to enable him to comply with the
21 Court's show cause order.
22 I received a rather curious mailing from *pro se*
23 plaintiff Rodney Stevenson, 05-3537, who sent back to me copies
24 of my letters with a cover sheet identifying attorneys on it.
25 This was just received, so I have not been able to contact

1   those attorneys.  I assume from that that he now believes that
2   they will be representing him.  For that reason, since I have
3   not been able to confirm it, I would ask that the Court defer
4   until April 29 as to Rodney Stevenson so that can be confirmed.
5           **THE COURT:**  All right, I'll do that, and Stanaland.
6           **MS. WIMBERLY:**  Yes, Your Honor.  Other than that, I
7   would ask that all of the remaining cases on Exhibit A to the
8   nonregistrants motion be dismissed with prejudice except for --
9   and these are people we have confirmed service return receipts
10  on.  Then there were 10 plaintiffs who we did not get return
11  receipts.  In fact, we received returns saying they were not at
12  that address and had no forwarding address.
13          I would ask the Court to simply let me present
14  those in the form of an attachment showing that on service.  As
15  to those we could not serve, it's been four years or more on
16  some of these.  We would ask that the Court dismiss the ones
17  that we were not able to reach without prejudice at this time.
18          **MR. DAVIS:**  Your Honor, obviously the PSC makes the
19  same objection.  In addition to that, I'm under the
20  understanding that the curator's office has also been involved
21  with these matters and has attempted to make communications
22  with these folks.
23          **MS. WIMBERLY:**  No, that is not true with respect to
24  these 40.  We successfully contacted the one.  These are people
25  who somehow or another, for all of the checks and balances,

1  kind of fell through the cracks and never even registered.
2  They haven't registered, haven't done anything in their cases
3  in four years.
4          **MS. SANTOYO:**  If I may.  Your Honor, just as a point
5  of clarification, Claudia Santoyo here on behalf of the
6  curator's office.
7              Merck's motions have been provided and the
8  notices that were sent that have been provided to our office,
9  and included in those notices is a directive to contact either
10 counsel for Merck, counsel for the PLC, or the curator's
11 office.
12             We have been taking and logging those
13 communications as they come in, as well as providing them to
14 Ms. Wimberly's office on an ongoing basis, so that any claimant
15 who does seek to keep their claim alive or to get registered
16 into the program will at least have the opportunity to do so.
17 Whenever that information is received, as I said, we forward
18 that on.
19             So while we are not going forward to contact the
20 claimants directly because the notice itself is actually doing
21 that, we have been available and are discussing with those
22 claimants who do call.
23         **MR. HERMAN:**  We have no objection.
24         **THE COURT:**  This is a case that has gotten a lot of
25 press.  People have to know about it.  If they haven't come

1  forward within four years, I think we have got to be dealing
2  with those cases.  I will dismiss them without prejudice since
3  we haven't heard from them.
4         **MS. WIMBERLY:**  That concludes the pending matters,
5  and I will provide proposed written judgments to your clerk
6  this afternoon.
7         **THE COURT:**  Thank you very much.  Anything else?
8  Court will stand in recess.
9         **THE DEPUTY CLERK:**  Everyone rise.
10                           * * *
11                        **CERTIFICATE**
12         I, Toni Doyle Tusa, CCR, FCRR, Official Court
13 Reporter for the United States District Court, Eastern District
14 of Louisiana, do hereby certify that the foregoing is a true
15 and correct transcript, to the best of my ability and
16 understanding, from the record of the proceedings in the
17 above-entitled and numbered matter.
18
19
20                              s/ Toni Doyle Tusa
                                Toni Doyle Tusa, CCR, FCRR
21                              Official Court Reporter
22
23
24
25