UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| | * | March 30, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF SECOND
MOTION FOR ADDITIONAL DISCOVERY**

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted on behalf of Objectors in support of their Second Motion for Additional Discovery. The requested discovery, attached as Exhibit A, relates to the Stratton settlement. Because the FAC has refused all prior requests on this topic, which are the subject of several motions pending before this Court, and because the Court has expressed a desire to conclude discovery as expeditiously as practicable, Objectors ask the Court to compel the production of information which has not yet been refused.

Several additional facts concerning the Stratton Settlement have come to light. First, a member of the PSC has reported to undersigned counsel that he was completely ignorant both of the settlement between the Stratton objectors and Messrs. Herman, Birchfield, and Seeger, and of the latter's action in disbursing $18,539,236.85 in common benefit funds in payment of that settlement.

-1-

Currently pending before the Court is undersigned counsel's motion seeking the return of those moneys to the common benefit fund. Undersigned counsel have asked the Court to require reimbursement "by the parties who removed it: Messrs. Herman, Birchfield, and Seeger, any committee members who knew of or participated in the removal, and BrownGreer, the Administrator of the fund." Memorandum, p. 1. The FAC's opposition to Objector's Motion for Partial Summary Judgment identified yet another party who might be involved in communications about the unauthorized transfer: the Escrow Agent.

Identification of the responsible parties and the discussion amongst them bears upon the pending motion for the money's return, and upon other serious potential reactions to the conduct in question: the possible imposition by this Court of appropriate sanctions, the possible reduction of the fees or costs paid or payable to the responsible parties, and a possible motion to disqualify various counsel from various positions due to conflict of interest. Undersigned counsel have therefore propounded discovery requests directed at the communications among Messrs. Birchfield, Herman, and Seeger, other members of the PSC, BrownGreer, and the Escrow Agent concerning the Stratton settlement.

Another new piece of information relates to the reimbursement made following this Court's order of October 19, 2010 fixing the common benefit fee assessment at 6.5%. After that ruling had become final, BrownGreer properly notified most claimants that in view of the ruling, it would refund the difference between the 8% previously withheld for the fund and the 6.5% finally approved. *See e.g.,* email dated 11/23/10, attached as Exhibit B. BrownGreer followed this email with the promised distributions. Undersigned counsel have just learned, however, that neither the

email nor the 1.5% reimbursement went to Mr. Becnel or Ms. Snapka[1]; presumably, they did not go to any of the Stratton objectors. This makes perverse sense under the Stratton agreement, because the Stratton objectors, having already received an unauthorized 4% reimbursement, were not entitled by either agreement *or* order to receive a further refund. However, the withholding of the Court-sanctioned reimbursement suggests a second round of behind-the-scenes (and behind-the-Court's back) discussions and determinations made by the FAC (and possibly other PSC, NPC, and FAC members), BrownGreer, and the escrow agent, culling the Stratton group from the larger herd. Undersigned counsel have propounded discovery requests aimed at discerning how this came about.

      The Stratton settlement occupies a dark hole beneath this Court's transparent process. The Objectors are entitled to discover how deep the hole is, and who else is in it.

---

[1] Becnel and Snapka are the only Stratton objectors included among the Objectors represented by undersigned counsel. Becnel and Snapka have previously advised this Court that they were surprised by Mr. Stratton's distribution to them, that they questioned the propriety of the disbursement, and that they accordingly deposited their Stratton checks into their trust accounts. It now appears that they were entitled to a portion of those escrowed funds under this Court's October, 2010 order, namely the 1.5% returned to all contributors after the assessment was fixed at 8%. Additionally, it appears that if none of the Stratton objectors received a reimbursement of 1.5%, the amount improperly removed from the common benefit fund was 4% less the 1.5% to which the Stratton objectors would have been entitled.

Respectfully submitted:

/s/ Robert E. Arceneaux                                    /s/ Margaret E. Woodward

Robert E. Arceneaux, La Bar No. 01199    MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC                        No.13677
47 Beverly Garden Drive                                  3701 Canal Street, Suite C
Metairie, LA 70001                                           New Orleans, Louisiana  70119
(504) 833-7533 office                                       (504) 301-4333 office
(504) 833-7612 fax                                          (504) 301-4365 fax
rea7001@cox.net                                            mewno@aol.com

**CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, March 30, 2011.

/s/ Robert Arceneaux

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | March 30, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SECOND INTERROGATORIES AND REQUESTS FOR PRODUCTION BY OBJECTORS' LEAD COUNSEL TO FEE ALLOCATION COMMITTEE

NOW COME Robert E. Arceneaux and Margaret E. Woodward, co-Lead Counsel for Objectors, and propound the following Interrogatories and Requests for Production to the Fee Allocation Committee:

**Definition:**

"Identify" when used in reference to a document means that the source and preparer of each such document should be stated, along with the date of its preparation or receipt. In the event that the document does not bear a clear and self-explanatory title, its purpose or import should also be stated.

Each Request for Production includes each and every medium upon which information is or can be printed, recorded, or reproduced by mechanical means, by hand or by any other method, that is or has been within your possession, custody, control, or of which you have knowledge or access, including without limitation, the following: advertisements; affidavits; agreements; aperture cards; applications; books; brochures; calculations; cards; certifications; charts; circulars; codes; computer records or printouts; communications; contracts; copies; correspondence; data processing cards; degrees; descriptions; diaries; diplomas; discs or tapes; directives; drafts; drawings; e-mail or electronic mail; file folders; files; films; forms; graphs; indexes; inspection reports; journals; ledgers; letters; local, state and federal government hearing records and reports; magnetic tapes, cards, or discs or other products of any device for recording sound or electronic impulses; maps; memoranda; minutes or other records of meetings or conferences; motion picture films; negatives; newspaper stories or clippings; notes; notebooks;

EXHIBIT A

notices; notices of deficiencies; notices of rejections; notifications; numbers; opinions or reports of consultants; orders; pamphlets; petitions; photographs; pictures; plans; position papers; press releases; progress reports; publications; reports; reports of studies; reviews; schedules schedule revisions; sketches; specifications; statements; statistical data; status reports; stenographic or handwritten notices; stenographic or wire or magnetic recordings; studies; summaries; summaries of agreements; summaries or records of conversations or interviews or telephone conversations; summaries or reports of investigations or negotiations; surveys, telegrams; transcripts; trip reports; videotapes; voice recordings in any form; writings; and working papers.

**The term "document" also includes the original and every copy which is not identical to the original, specifically including every copy which contains any commentary, marginalia or notation whatsoever that does not appear on the original. The term "document" also includes all drafts of each of the foregoing.**

**Request for Production No. 1**

Identify and produce each and every document, relating or referring to the inclusion or exclusion of the Stratton objectors from the distribution of the reimbursement of funds which followed upon the Court's Order of October 19, 2010.  This request includes but is not limited to any and all correspondence with BrownGreer and the Escrow Agent on this subject.

**Interrogatory No. 1**

Describe any communications with or instructions or advices you issued to BrownGreer or the Escrow Agent on the subject of including or excluding the Stratton objectors from the reimbursement of 1.5% of the funds previously withheld for the common benefit fund following the Court's Order of October 19, 2010.

**Request for Production No. 2**

Identify and produce each and every document between you and the Escrow Agent referring or relating to the distribution of common benefit funds pursuant to the Stratton settlement.

**Interrogatory No. 2**

Identify the Escrow Agent for the common benefit fund.

**Request for Production No. 3**

Identify and produce each and every document directed by you to or received from each and every member of the PSC, NPC, or FAC referring or relating to the Stratton settlement.

**Interrogatory No. 3**

Identify each and every member of the PSC, NPC, or FAC who was aware of the Stratton settlement, and for each, state whether he approved, disapproved, or took no position on the settlement.

| /s/ Robert E. Arceneux | /s/ Margaret E. Woodward |
|---|---|
| Robert E. Arceneaux, La Bar No. 01199 | Margaret E. Woodward, La. Bar No. #13677 |
| ROBERT E. ARCENEAUX LLC | 3701 Canal Street, Suite C |
| 47 Beverly Garden Drive | New Orleans, Louisiana  70119 |
| Metairie, LA 70001 | (504) 301-4333 office |
| (504) 833-7533 office | (504) 301-4365 fax |
| (504) 833-7612 fax | mewno@aol.com |
| rea7001@cox.net | |

CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8, 2011 ORDER

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Discovery Requests have been served on co-lead counsel Russ Herman and Christopher Seeger, and Liaison Counsel, Andy Birchfield, as well as Defendant's Liaison Counsel Phillip Wittmann, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, March 30 2011.


      /S/ Robert E. Arceneaux
_____

------------------------------------------------------------------------

*From:* Claimsadmin@browngreer.com [mailto:Claimsadmin@browngreer.com]
*Sent:* Tuesday, November 23, 2010 11:40 AM
*To:* Eric H. Weinberg
*Subject:* Important Information Regarding Common Benefit Withholding Refund Payments
*Importance:* High

On October 19, 2010, the Court issued an Order establishing the final withholding amount for Common Benefit Counsel Fees to be 6.5%. This represents a difference of 1.5% compared to the maximum Common Benefit Counsel Fee withholding amount of 8% that was originally in effect pursuant to Section 9.2 of the Settlement Agreement.

Because no appeals or objections were filed in response to this Order, it became operative on November 19, 2010.  Accordingly, we are preparing to issue reimbursement payments to firms for 1.5% of the amounts we previously withheld for Common Benefit Counsel Fees.  These refund payments will be issued by the Escrow Agent next week (the week of November 29th ).

Unless you direct otherwise, this payment for reimbursement of previously withheld attorneys fees, will be disbursed by the Escrow Agent to the same account and in the same manner as the previous Vioxx settlement payments issued to your firm. */If this payment needs to be wired into a different account, you must send us those new wiring instructions immediately and no later than 5:00 p.m. Eastern, this Wednesday, November 24, 2010/* .  If you previously elected to receive your Vioxx settlement payments by check, this refund payment will likewise come by check payable to the firm name, unless you direct us to wire the funds and provide wiring instructions no later than this Wednesday.

To submit changes to your previous payment instructions, you must submit an electronic copy of a signed cover letter on firm letterhead, providing the new account payment information.  Any updated wire instructions referenced in your cover letter must list the following information:  1) Bank Name; 2) Bank Routing Number; 3) Account Name; and 4) Account Number.  Any revised instructions must be submitted electronically to Frank Trani at ftrani@browngreer.com <mailto:ftrani@browngreer.com> with a copy to Kerry Clarke at kclarke@browngreer.com <mailto:kclarke@browngreer.com>.

Again, no action is needed if you would like the 1.5% refund to be issued to the same account and in the same manner as the previous payments to your firm, and unless we receive revised instructions from you by 5:00 p.m. Eastern on Wednesday, we will use your prior payment instructions.   The 1.5% refund payments will then be issued by the Escrow Agent next week.

Thank you.

*Vioxx Claims Administrator *

*BROWNGREER PLC *

115 S. 15th Street, Suite 400

Richmond, Virginia 23219-4209

Telephone: (804) 521-7200

Facsimile: (804) 521-7299

EXHIBIT B

www.browngreer.com <http://www.browngreer.com/>

/This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email./