## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX PRODUCTS LIABILITY
     LITIGATION

THIS DOCUMENT RELATES TO:

ALL PURCHASE CLAIMS CLASS ACTION
COMPLAINTS PENDING OR SUBJECT TO
TRANSFER TO MDL 1657

MDL No. 1657

SECTION: L

JUDGE FALLON

MAGISTRATE JUDGE
KNOWLES

### PLAINTIFFS' FIFTH NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY

Class Plaintiffs in Plaintiffs' Purchase Claims Master Class Action Complaint respectfully submit this Notice of Additional Supplemental Authority in further support of their opposition to Defendant Merck's Motion for Judgment on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Complaint. The case *Fitzpatrick v. General Mills, Inc.,* 263 F.R.D. 687 (S.D. Fla. 2010) was fully briefed in Plaintiffs' opposition[1] and Plaintiffs hereby submit the recent Eleventh Circuit decision as new and definitive authority on the propriety of Rule 23 certification of objectively defined consumer classes under Florida's Deceptive and Unfair Trade Practices Act ("FUDTPA"). The Vioxx Consumer Class Plaintiffs asserted such an objective class definition in the Purchase Claims Master Complaint (¶186) describing the class as "All End-Payors located in [State], including consumers and ..., who purchased and/or paid for Vioxx not for resale during the period from May 20, 1999 through September 30,2004."

On March 25, 2011 the Eleventh Circuit Court of Appeals in *Fitzpatrick v. General Mills, Inc.* heard an interlocutory appeal from the U.S. District Court for Southern District of Florida order granting Plaintiff's motion for class certification. *Fitzpatrick v. General Mills, Inc.*, C.A. No. 10-11064 (11th Cir. 3/25/11). Plaintiff Fitzpatrick initially filed suit on behalf of herself and proposed class members against General Mills, Inc. and its wholly-owned subsidiary Yoplait USA, Inc. alleging violations of FUDTPA, Fla. Stat. § 501.201 *et seq*, and breach of express warranty by making false and misleading claims regarding the digestive health benefits of YoPlus yogurt. *Id.* at 4. On January 11, 2010, the district court granted class certification as to the FDUTPA claim holding that plaintiff had satisfied the requirements of Federal Rule of Civil Procedure 23(b)(3). *Id.* On appeal, defendants asserted that individualized issues concerning

---

[1]     See Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Complaint, pp. 13-14.

whether members of the purported class purchased YoPlus for digestive health reasons predominated over any questions common to the class; and therefore, the district court abused its discretion in granting class certification under F.R.C.P. Rule 23(b)(3) on the FDUTPA claim. *Id.* The court also defined the class as "all persons who purchased Yo-Plus in the State of Florida to obtain its claimed digestive health benefit." *Id.* at 5.

> In its' reasoning that common issues predominated the class, the district court stated that
>
> …[T]he FDUTPA claim rises or falls based predominately on issues for which class wide proof is appropriate; an answer to the paramount question of whether YoPlus works as advertised will directly and substantially impact every class member's liability case and entitlement to relief under the FDUTPA.

*Id*. Furthermore, the district court held that "recovery under the FDUTPA does not hinge on whether a particular plaintiff actually relied on General Mills' claims about Yo-Plus alleged digestive health benefits"; but rather, "whether that allegedly deceptive conduct would deceive an objective reasonable consumer [is a] common issue for all putative class members, amenable to class wide proof." *Id.* at 7.

At issue for the Eleventh Circuit was whether FDUTPA requires each class member to rely on a company's advertisements, or whether a court would only have to determine if the advertisements could theoretically deceive an objectively reasonable consumer. The appellate court effectively confirmed the district court's reasoning that a plaintiff need not prove reliance on the allegedly false statements to recover damages under FDUTPA. *Id.* at 8. The court remarked that the district court's granting of the motion for class certification was "sound and in accord with federal and state law" and "within the parameters of Rule 23's requirements." *Id.* The only issue that conflicted with the district court's analysis included its definition of the class. The district court initially defined the class as "all persons who purchased Yo-Plus in the State of Florida to obtain its claimed digestive health benefit." The Eleventh Circuit held that the above

definition was inconsistent with the district court's legal analysis because it took into consideration a reliance element that was not necessary under FDUTPA.[2] On this basis alone, the Court vacated the district court's order certifying the class and remanded the case for further consideration.

In light of the Eleventh Circuit's holding in *Fitzpatrick*, Class Plaintiffs respectfully submit that a Florida statewide Vioxx consumer class would be an appropriate bellwether case to test the legal issues asserted in the Purchase Claims Master Complaint. Merck continues to erroneously argue that under FDUTPA, a plaintiff is required to show that each class member was deceived by, and relied on, the alleged fraudulent conduct. As discussed *supra*, individualized reliance is not an element of a FDUTPA claim and a Florida consumer class could presumably be defined as "all persons who purchased Vioxx in the State of Florida" or as previously defined in the Purchase Claims Master Complaint.

For these reasons, Class Plaintiffs respectfully submit that the Eleventh Circuit Court of Appeals decision in *Fitzpatrick v. General Mills, Inc.* provides further support for its opposition, and Plaintiffs annex a copy of each decision as Exhibit A.

Dated: March 30, 2011

Respectfully Submitted,

/s/ Douglas R. Plymale
James R. Dugan, II
Douglas R. Plymale
David B. Franco
THE DUGAN LAW FIRM
One Canal Place
365 Canal Street, Suite 1000

---

[2] The appellate court stated that it would have readily affirmed the district court's decision had it included a class definition without an individual reliance element which would presumably read as "all persons who purchased YoPlus in the State of Florida."

New Orleans, LA  70130
Telephone:  (504) 648-0180
Facsimile:   (504) 648-0181

Vice Chair, PSC Purchase Claims Committee

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Chair, PSC Purchase Claims Committee

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA  70139
Telephone:  (504) 524-3300
Facsimile:   (504) 524-3313

State Liaison Counsel

Dennis Johnson
Eben F. Duval
JOHNSON & PERKINSON
P.O. Box 2305
1690 Williston Road
South Burlington, VT  05403
Telephone:  (802) 862-0030
Facsimile:   (802) 862-0060

Amy N. L. Hanson
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

Lance A. Harke, P.A.
Howard M. Bushman, Esq.
HARKE CLASBY & BUSHMAN LLP
9699 NE Second Avenue
Miami, FL  33138
Telephone:  (305) 536-8220
Facsimile:  (305) 536-8229

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Telephone:  (312) 621-2000
Facsimile:   (312) 641-5504

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Additional Supplemental Authority has been served on Liaison Counsel, Russ Herman and Philip Wittmann, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of March, 2011.

/s/ Douglas R. Plymale