UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

JOINT REPORT NO. 63 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 63.

I. THE SETTLEMENT PROGRAM

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

1

## II. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Resolution Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payer Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On July 1, 2010, the Court issued an Order directing the Lien Resolution Administrator to establish and communicate a deadline of July 14, 2010 for participating Third Party Payers to submit to the Lien Resolution Administrator all outstanding audit approvals for claimants participating in the Private Lien Resolution Program. The Order further requires all Third Party Payers that have submitted duplicate claims for identical claimants to communicate with each other and to submit to the Lien Resolution Administrator by July 14, 2010 their collective determination to allow the Lien Resolution Administrator to finalize the liens and process payment to the appropriate Third Party Payer. The Lien Resolution Administrator will be prepared to discuss these issues further at the monthly status conference on April 1, 2011.

### III. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master. At the monthly status conference on April 1, 2011, Mr. Juneau will report on his work.

### IV. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order. As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock. Merck's counsel will be prepared to discuss this situation at the monthly status conference on April 1, 2011.

V.  STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on April 1, 2011.

VI.  *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). Numerous *pro se* litigants have also been in touch with Liaison Counsel Ms. Oldfather regarding their claims and the resolution of their claims. The PLC and Curator will be prepared to discuss this further at the monthly status conference on April 1, 2011.

VII.  GOVERNMENT ACTIONS

A.  Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim

4

with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. The parties will be prepared to discuss these issues further at the monthly status conference on April 1, 2011.

### B.      Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases. Counsel for those jurisdictions under Pre-Trial Order No. 39A are also discussing the discovery relevant to its jurisdiction with Merck.

On August 26, 2010, the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010. On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

On November 22, 2010, the Court stayed discovery in the Governmental Actions for 30 days in order to explore global resolution of the AG cases. The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of

Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff. At the January 6, 2011 conference, the Court extended the stay for 30 days, and on February 8, 2011, the parties reported to the Court their agreement to extend the stay until February 24, 2011. Following the monthly status conference on February 24, 2011, the Court held a separate conference with counsel involved in the Government Action cases.

During the stay period, the parties have engaged in an information exchange related to resolution issues under the supervision of Special Master Juneau. Special Master Juneau continues to be in contact with all the parties. All Government Action plaintiffs and Merck have agreed to extend the discovery stay until the status conference on April 1, 2011.

The parties will be prepared to discuss these issues further at the monthly status conference on April 1, 2011.

Merck's motion to dismiss the False Claims Act claims in a qui tam action brought by a citizen of the District of Columbia was filed on November 10, 2010. Plaintiff's opposition was filed December 10, and Merck's reply was filed December 17. The Court heard oral argument on December 21, and on March 28, 2011, the Court granted the motion.

The Oklahoma Attorney General filed an amended complaint in late November, and Merck moved to dismiss that complaint on December 3. Plaintiff's counsel and Merck are discussing the briefing schedule with Special Master Juneau.

### VIII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On March 2, 2011, the Court held a discussion in chambers with counsel for the two PSCs (Mr. Birchfield and Ms. Oldfather) and counsel for Merck regarding case management issues for the remaining personal injury actions. It was agreed that the discovery stay for all

remaining cases would be lifted. The Order lifting the stay was entered March 16, 2011 [Rec. Doc. 62698]. It was further agreed that a conference with the Court and both Plaintiffs' Liaison Counsel and with Plaintiffs' Lead Counsel requested by Ms. Oldfather would take place on April 1, 2011, following the Status Conference. Discussions regarding any comprehensive scheduling order were deferred pending further discussions among the PSCs.

On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for all purposes for those cases subject to Pre-Trial Order Nos. 28, 29, and 43. Plaintiffs' Liaison Counsel and Plaintiffs' Lead Counsel are prepared to meet with the Court on April 1, 2011, following the Status Conference. The parties will be prepared to discuss these issues further at the monthly status conference on April 1, 2011.

### IX.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee continues to meet. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On October 19, 2010, the Court issued Order & Reasons [Rec. Doc. 54040] setting the common benefit fee at 6.5%. The parties will be prepared to discuss this further at the monthly status conference on April 1, 2011.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on April 1, 2011.

On January 20, 2011, the Court issued an Order and posted on its website, the recommendations of the Fee Allocation Committee for proposed distribution of the common benefit fee. The Order set an objection deadline of February 4, 2011. Seventeen objections were timely filed. Thereafter, on February 9, 2011, the Court issued an Order requiring objectors to the Fee Allocation Committee's recommended allocation of common benefit attorney's fees to meet and confer to select a lead and liaison counsel. On February 16, 2011, the Court entered an Order appointing Pascal F. Calogero as Liaison Counsel for common benefit fee objectors, and Robert E. Arceneaux and Margaret E. Woodward as Co-Lead Counsel for common benefit fee objectors and appointed Russ M. Herman as Liaison Counsel for the Fee Allocation Committee and common benefit fee non-objectors and Andy Birchfield and Chris Seeger as Co-Lead Counsel for the Fee Allocation Committee and common benefit fee non-objectors. Pursuant to the Court's February 9, 2011 Order, these counsel met with the Court and Special Master Patrick A. Juneau on February 17, 2011 to discuss further procedures. On February 28, 2011, the Court entered an Order referring the recommended allocation and objections to the Special Master. Additional filings have been made and the parties continue to address matters with the Special Master. The parties will be prepared to discuss this further at the monthly status conference on April 1, 2011.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements.

### X.   MERCK'S MOTIONS

Three motions filed by Merck are currently scheduled for hearing immediately following the monthly status conference on April 1, 2011: Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiff

8

Pedro Gonzales); Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiff Mark Henrichs); and Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Comply with the Discovery Requirements of PTO 28 (as to plaintiff Dennis Harrison).

XI. <u>APPEALS</u>

Certain appeals from dismissals with prejudice for noncompliance with PTOs 28 and 29 were pending before the United States Court of Appeals for the Fifth Circuit, including the *Dier, Nobile,* and *Weeks* cases. A motion to consolidate the *Dier* and *Nobile* appeals was denied by the court. Argument in the *Dier* case was heard the week of June 7, 2010. On July 16, 2010, the Court issued a *per curiam* decision affirming the district court's ruling dismissing claims with prejudice for failure to comply with Pre-Trial Order No. 28. On August 19, 2010, the Court denied appellants' petition for rehearing and/or rehearing en banc. On November 17, 2010, appellants filed a petition for a writ of certiorari with the United States Supreme Court. Merck filed an opposition to the petition on January 21, 2011. The petition was denied by the Court by Order dated February 22, 2011.

On September 3, 2010, Merck filed an opposed Motion for Summary Affirmance in the *Nobile* case. The motion was granted by the Court on November 12, 2010. Merck then filed an opposed Motion for Sanctions for Frivolous Appeal Pursuant to Federal Rule of Appellate Procedure 38. The motion was granted and appellants' counsel was ordered to pay double costs of the appeal. The Court denied Merck's request for attorney's fees.

The parties will be prepared to discuss these matters further at the monthly status conference on April 1, 2011.

### XII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

*/s/ Leonard A. Davis*_____  
Russ M. Herman (Bar No. 6819)  
Leonard A. Davis (Bar No. 14190)  
***Herman, Herman, Katz & Cotlar, LLP***  
820 O'Keefe Avenue  
New Orleans, LA  70113  
PH:  (504) 581-4892  
FAX:  (504) 561-6024  

**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*_____  
Phillip A. Wittmann (Bar No. 13625)  
Dorothy H. Wimberly (Bar No. 18509)  
Carmelite M. Bertaut (Bar No. 3054)  
***Stone Pigman Walther Wittmann L.L.C.***  
546 Carondelet Street  
New Orleans, LA  70130-3588  
PH:     (504) 581-3200  
FAX:   (504) 581-3361  

**Defendants' Liaison Counsel**

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 63 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of March, 2011.

*/s/ Leonard A. Davis*
Leonard A. Davis, #14190
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:     504-561-6024
ldavis@hhkc.com

Plaintiffs' Liaison Counsel