FILED'08 SEP 15 12:14 USDC-LAE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
|  | JUDGE FALLON |
|  | MAGISTRATE JUDGE KNOWLES |

## PRE-TRIAL ORDER NO. 6(D)
## (FEE ALLOCATION GUIDELINES)

The Settlement Agreement between Merck & Co., Inc. and the Negotiating Plaintiffs' Counsel ("NPC") provides for the appointment of an Allocation Committee to be responsible for recommending to the Court the allocation of awards of attorneys' fees from the Settlement Fee and Cost Account. *See* Settlement Agreement Section 9.2.4. On November 20, 2007, the Court issued Pretrial Order No. 32, appointing the members of the Allocation Committee. The Settlement Agreement contemplates that the Allocation Committee will review the contemporaneous time records or properly reconstructed time records and expense reports of all plaintiffs' counsel that submitted or request compensation for common benefit work and to take into consideration the time and common benefit work of counsel in the MDL and of counsel in the state consolidated litigations in Texas, California, New Jersey, as well as other applicable state courts. [1]  The Settlement Agreement also provides that the Allocation Committee shall

---

[1] These guidelines are addressed specifically to allocations of attorneys' fees. Expenses, if incurred for common benefit work, shall be evaluated by the Allocation Committee in a

Fee
Process
X  Dkt
CtR
Do

**EXHIBIT**

C

evaluate common benefit counsel's contributions, using objective measures and the committee's subjective understanding of the relevant contributions of counsel toward generating the Settlement Fund in accordance with established fee jurisprudence, and make a Recommendation to the Court for consideration in consultation with Judges Chaney, Higbee, and Wilson.

As the Allocation Committee implements PTO No. 32 and Section 9.2.4 of the Settlement Agreement and makes a Recommendation to the Court regarding allocation of attorneys' fees, the committee's considerations should be governed and guided by this comprehensive statement of general principles. The over-arching guideline that the Allocation Committee is to consider is the contributions of each common benefit attorney to the outcome of the litigation.

In addition, under existing fee jurisprudence, certain procedural as well as substantive factors should be considered in making an allocation recommendation. The committee shall take into account Pretrial Order No. 6's directives regarding the procedural aspects of the presentations and mechanisms whereby petitioning attorneys may submit written and oral presentations for the committee's consideration. Substantively, the committee should look to general fee jurisprudence to identify the factors that should be applied in making appropriate allocations. The *Johnson* factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) ((1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case;

manner consistent with the standards already employed by the accounting firm of Wegmann-Dazet pursuant to PTO No. 6 and PTO 6C.

2

(5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.).[2]

In Pretrial Order No. 6 and Pretrial Order No. 6C, the Court provided further guidance for the consideration of common benefit work.  These guidelines shall be considered by the Allocation Committee when reaching its Recommendation., including:

(1) Submitted time must be either accurately and contemporaneously maintained or properly reconstructed;

(2) The time should be recorded in quarter-of-an-hour increments and shall indicate with specificity the hours, location and particular activity;

(3) The time records with a form summarizing the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period; and

(4) The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

The Allocation Committee will implement additional processes to provide appropriate deliberative fairness to those participating attorneys.  The process outlined below will afford

---

[2]*See In re High Sulfur Gulf Content Gasoline Prods. Liab. Lit.*, 517 F.3d 220 (5th Cir. 2008); *Strong v. Bell South Telecommunications, Inc.*, 137 F.3d 844, 850 (5th Cir. 1998); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.* 487 F.2d 161, 165 (3d Cir. 1973); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 821 (3d Cir.), *cert. denied*, 516 U.S. 824 (1995); *In re Diet Drugs Products Liability Litig.*, 401 F.3d 143, 169 (3d Cir. 2005); *see also Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830 (E.D. La. 2007) (and other related orders entered in the *Murphy Oil* litigation).

participating attorneys opportunities to advocate their positions in a variety of ways in addition to providing time record submissions:

(1)  On or before October 31, 2008, any attorney wishing to have their time considered for an allocation of any common benefit award may submit to the Allocation Committee an affidavit not to exceed 3 pages describing those aspects of that counsel's work that they believe best describes their firm's common benefit contributions.  In preparing such an affidavit, the following factors should be addressed:

- The extent to which each common benefit firm made a substantial contribution to the outcome of the litigation;

- The quality of each firm's work;

- The consistency quantum, duration, and intensity of each firm's commitment to the litigation;[3]

- The level of partner participation by each firm;

- Membership in the Plaintiffs' Executive Committee ("PEC"), Plaintiffs' Steering Committee ("PSC"), or the NPC;

- The jurisdiction in which non-MDL common benefit work occurred;

- Activities surrounding trials of individual Vioxx claimants, including bellwether trials and non-MDL trials that impacted proceedings on a common benefit level;

- Leadership positions on regular committees engaged in common benefit work;[4]

---

[3]The committee should consider the extent that counsel devoted themselves to participating exclusively in Vioxx litigation and concomitantly turned away or reduced their case-load in other areas.

[4]Major committee efforts include: Discovery (motions, depositions); Law & Briefing; Science and experts; Document review and selection; Trial; Trial package; and Settlement.

- Participation in ongoing activities, such as the Allocation Committee and the Gates Committee, that are intended to provide common benefits;

- Whether counsel was already involved in the Vioxx litigation prior to the withdrawal of Vioxx from the market on September 30, 2004;

- Whether counsel was involved in the Vioxx litigation prior to the JPMDL, and the time and expense incurred during such time that was for common benefit.[5]

- Whether counsel made significant contributions to the funding of the litigation;

- When a number of verdicts were adverse to plaintiffs, those PSC members or committee members whose commitment to the litigation did not ebb; and

- Any other relevant factors.

(2)  The Allocation Committee, or a three-member panel of the Committee, shall conduct at least one (1) meeting (or as many as necessary) between December 1-5, 2008, during which any participating attorney that has submitted a memorandum for common benefit compensation may at their discretion and on their own volition separately appear and present the reasons, grounds and explanations for their entitlement to common benefit fees and reimbursement of expenses. Meetings will be held in the following locations: New Orleans, LA; Atlantic City, NJ; Houston, TX; and Los Angeles, CA.  The presentation should not last over 30 minutes (although this time may be extended at the discretion of the Allocation Committee).  Counsel should be prepared to respond to any

questions or concerns raised by the Allocation Committee during their presentation. Each presentation shall be conducted in the presence of a court reporter.

(3) The Allocation Committee may request that any common participating attorney that has submitted an affidavit for common benefit compensation appear separately before the Committee, or a three-member panel of the Committee, between December 1 - 5, 2008, to answer questions or concerns addressing the reasons, grounds and explanations of that participating attorney's entitlement to common benefit fees and reimbursement of expenses. Each requested appearance shall be conducted in the presence of a court reporter.

(4) By January 31, 2009, the Allocation Committee shall make Recommendations of Fee Allocations and Cost Reimbursement for all participating attorneys. The Allocation Committee shall provide to each participating attorney notice of the Committee's Recommendation as it pertains to the participating attorney.

(5) In the event a participating attorney objects to the Committee's Recommendation, a written objection setting forth the basis of the objection shall be submitted to the Allocation Committee within 14 days for consideration by the full Allocation Committee.

(6) The Court will enter a separate order setting forth procedures for petitions regarding attorneys' fees and reimbursement of expenses, including the Allocation Committee's filing of a joint petition for the award of common benefit

---

[5] Since PTO 6 only authorized reporting time and expenses after the JPMDL transfer, time and expenses prior to the transfer may be separately reported to Wegmann Dazet.

fees and reimbursement of expenses and objectors' responses to the same. The

Court may also schedule hearings concerning the matter.

In addition to the procedural guidelines provided by Pretrial Order Nos. 6 and 6C, the

Allocation Committee shall also take into consideration substantive fee allocation jurisprudence.

Numerous factors are pertinent for consideration to derive the appropriate allocation of fees

among participating attorneys.

Other special considerations include:

- Participating attorneys will not be compensated for work performed without authorization by a member of the PEC, PSC or NPC, or similarly situated leaders in state consolidated litigation.

- Review work not related to ongoing assignments is not compensable.

- Where work was performed by contract lawyers, those counsel are required to disclose the salary/wage of such contract lawyers to avoid paying windfall profits to such counsel.

- Where work which was performed in related litigation such as Celebrex, Bextra, where much of the Science, Expert, Journal Research and Discovery is shared among or with cases other than Vioxx, counsel shall be refused compensation should overlapping time or expense entries occur.

Wegmann-Dazet shall prioritize the calculation of the separate percentage applicable to

common benefit costs so that the proper deduction can be made from each claimant's share of

the settlement. It is understood that time is of the essence so that distributions can be expedited.

Wegmann-Dazet shall promptly conduct its calculations. *See* Settlement Agreement §§ 9.2.1 &

9.2.2.

Any notices or submissions to be made to the Allocation Committee pursuant to this Pre-

Trial Order or Fee Allocation Guidelines shall be made to Plaintiffs' Liaison Counsel, Russ M.

7

Herman, c/o Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113; PH: (504) 581-4892; FAX: (504) 561-6024; E-Mail: VioxxMDL@hhkc.com.

In making its Recommendation to the Court, the Allocation Committee shall exercise its discretion, as previously ordered by the Court, in evaluating what work and expenses furthered the common benefit of the litigation. The above guidelines provide direction, but do not create entitlements and do not override the independent judgment and discretion of the Allocation Committee and the Court.

**5**

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

8