UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*6/10/[?]*

In Re: VIOXX                                :
                                            :   MDL Docket NO. 1657
PRODUCTS LIABILITY LITIGATION :
                                            :   SECTION L
                                            :
This document relates to ALL ACTIONS :      JUDGE FALLON
                                            :   MAG. JUDGE KNOWLES
                                            :

## SUPPLEMENTAL REPORT AND AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

STATE OF LOUISIANA          :
                            :   SS
PARISH OF ORLEANS           :

Philip A. Garrett, being duly sworn according to law deposes and says:

1.   I am a certified public accountant. For over 35 years I was associated with the public accounting firm of Wegman Dazet & Company (WDC). I am now a principal at Garrett & Company. A copy of my curriculum vitae summarizing my training and experience in the field of public accounting is attached to this report and affidavit as Exhibit "1."

2.   On January 19, 2009, I submitted an affidavit in this litigation in connection with Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses, filed January 20, 2009. My Affidavit provided a detailed report of the work I performed in this case as the Court-appointed accountant to review time and expense records of common benefit counsel. This Supplemental Report and Affidavit will summarize the work I have performed since the date of my previous affidavit.

3.   Pretrial Order No. 6 required that members of the Plaintiffs' Steering Committee

**EXHIBIT G-2**

(PSC) in MDL 1657, and other attorneys working at their direction report their time and expenses on a monthly periodic basis in accordance with the requirements of that order.

4.  Pretrial Order No. 6 approved my retention and the retention of WDC to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 1657, as follows:

> Plaintiff's Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA, of the accounting firm of Wegmann-Dazet to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in the MDL 1657. Wegmann-Dazet will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall file them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to Wegmann-Dazet and the Court shall be considered as if filed under seal.

5.  In connection with this assignment WDC, under my supervision, reviewed the time and expense records of those counsel in MDL 1657 who submitted such records.

6.  During the period from April 8, 2005 through today, my work as the Court-appointed "accountant" primarily involved a review of these time and expense reports to determine whether they complied with the dictates of PTO No. 6. Where it was determined that a submission of time and expense was not in compliance with PTO No. 6, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it. I routinely kept the Court advised of my ongoing activities.

7.  On April 10, 2008, the Court entered Pretrial Order No. 6C. This order was directed to the law firm members of the Negotiating Plaintiffs' Counsel (NPC) and common

benefit counsel representing plaintiffs in state court Vioxx matters who contemplated seeking an award of counsel fees and reimbursement of litigation expenses from the proceeds of the Settlement Agreement with Merck & Co., Inc., other than those in MDL 1657 who were already subject to PTO No. 6. PTO No. 6C required that these additional persons report their time and expenses to myself and to Plaintiffs' Liaison Counsel no later than May 30, 2008, in accordance with the procedures of PTO No. 6. This Order permitted common benefit counsel in state court Vioxx matters to submit reconstructed time records of their Vioxx-related common benefit work based upon good faith estimates of their services in an attempt to create contemporaneously kept time records for these counsel. The order also directed that I review those submissions in accordance with the requirements of PTO No. 6 and the procedures established by Plaintiffs' Liaison Counsel.

8.  Collectively these orders established a procedure for reviewing all submissions of time and expense. As part of my duties to assist in compiling submissions and making reports, among other things, I disallowed from inclusion in these submissions the following items:

   a. Any submission or report of professional time and expense in which the hours of service were not properly coded in accordance with Pretrial Order No. 6;

   b. Any item of expense for which proper receipts or other proof of payment has not been submitted;

   c. Any item of time or expense which was incurred in connection with the litigation of any individual case or group of individual cases involving a person or persons who used Vioxx, unless counsel was authorized by a member of the PSC or NPC to perform such work primarily for the common benefit of Vioxx litigants in MDL No. 1657 and the state litigation with which it is coordinated.

9.  Any items of time and expense that were disallowed are reported to the Court in

the regular monthly reports provided by WDC. Under PTO Nos. 6 & 6C, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits. I made no subjective judgment regarding the value of any time allowed and attempted to judge solely upon objective criteria. Both orders made it clear that a disallowance by me was without prejudice to a determination by the Court of the merits of any submission at a time and manner determined by the Court.

10. Ultimately, I reviewed submissions of time and expense from 109 separate law firms who claimed to participate in common benefit time and costs.

11. The review process has been ongoing since May 2005 and has required the expenditure of approximately 11,086.89 hours of professional accounting time by myself and the members of my staff through the present date. Billings for this professional time are $1,142,100.10.

12. The protocol which I observed in reviewing the time and expense submissions of the common benefit counsel consisted of three segments.

    a. Initially, we reviewed each submission to determine if it complied with the form requirements of PTO No. 6. Among other things, this examination focused on whether the Fee Applicant reported time according to the guidelines of PTO No.6, whether appropriate time records were included with the submission, whether the position (e.g., partner, associate, paraprofessional or investigator) of each timekeeper was disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO No. 6, and whether the Fee Applicant attached records documenting its claimed expenses. If we discovered deficiencies in compliance with the procedural requirements of PTO No. 6, they were brought to the attention of the common benefit counsel by means of a suitably completed form letter(s).

    b. Once we received a time or expense record that was in proper form, we

examined the submission substantively to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO No. 6. If we determined that there were such items, we transmitted a letter to the common benefit counsel conditionally disallowing the inclusion of that counsel's time and expenses. In the conditional disallowance letters, we clearly advised the applicant of each type of item contained in the submission which was subject to disallowance. Typically, we provided illustrations of each such item from the counsel's time and expense records. The letters provided a period of time for the counsel to correct the deficiencies in its submission insofar as it was able to truthfully do so. In most of these cases, we ultimately issued a letter approving the counsel's revised submission of time and expense. In some of these cases, however, we were required to disallow specific line items of time and/or expense and an appropriate letter issued.

c.   After the above outlined process, we checked the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying detail records that were supplied to us. This procedure was limited to items of time and expense.

13.   Based on my review of the hours submitted in this case, 559,716.30 hours of professional time have been approved under the Court's protocol.

_____
PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
before me this 10th
day of June, 2010

_____
NOTARY PUBLIC
Joseph R. Ward, J.
Bar # 8166