Case 2:05-md-01657-EEF-DEK Document 62606 Filed 02/28/11 Page 1 of 4



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO: ALL COMMON BENEFIT FEE APPLICANTS

## ORDER APPOINTING SPECIAL MASTER

On January 14, 2008, the Court appointed Mr. Patrick A. Juneau to serve as Special Master under the terms of the Settlement Agreement. The Appointment was made pursuant to the terms of the Settlement Agreement, Federal Rule of Civil Procedure 53, and the inherent authority of the Court. In connection with that appointment, by this Order Special Master Juneau is hereby authorized to perform additional services in connection with allocating common benefit attorney's fees.

### I. BACKGROUND

On October 19, 2010, the Court issued an Order and Reasons setting the amount of common benefit attorney's fees at 6.5% of the settlement value, or $315,250,000. In the October 19, 2010 Order, in Pretrial Orders 6D and 32, and at the Monthly Status Conference of January 6, 2011, the Court set out the procedure by which it intends to allocate those common benefit fees. First, the Court appointed a Fee Allocation Committee (FAC) and tasked it with collecting evidence and taking statements from all common benefit fee applicants regarding the common benefit work they performed. On the basis of those materials, the FAC was to prepare a draft recommended allocation of common benefit fees and submit to each applicant the proposed award for that applicant. After a period for objections and comment, the FAC was then to



consider those comments and submit to the Court a final recommended allocation. The FAC did so on January 20, 2011, and the Court posted the recommended allocation of the FAC on the Court's website for all to review and invited any common benefit fee applicant to object whether or not they had heretofore objected. The Court received objections from seventeen individual attorneys or firms. On February 16, 2011, the Court appointed lead and liaison counsel to represent objectors and the FAC and non-objectors in order to facilitate discovery and briefing related to the objection's to the FAC's recommended allocation.

The Court now refers the recommended allocation and objections to the Special Master, who will consider the materials and the objections in accordance with the Court's procedures and prepare an impartial second recommended allocation to the Court. The Court will then take into consideration the FAC's recommendation, the Special Master's recommendation, and review all materials and objections submitted in connection with those recommendations, to arrive at the Court's own independent final allocation of common benefit attorney's fees.

## II. SPECIAL MASTER'S DUTIES

Rule 53(a)(1)(B) of the Federal Rules of Civil Procedure states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided by the Court without a jury," and Rule 53(a)(1)(C) states that the Court may appoint a special master to address "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Accordingly, pursuant to Rule 53, the terms of the Settlement Agreement, and by Order of the Court, Special Master Juneau shall conduct interviews, review any relevant documents, oversee discovery, and then make recommendations with respect to the allocation of the fee award in this case. The Special Master shall submit a written recommendation of the amount every common benefit fee

2

applicant should receive.

### III. COMMUNICATIONS WITH THE PARTIES AND THE COURT

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." The Special Master in this fee allocation proceeding may communicate ex parte with the Court, without notice to the parties, regarding logistics and the status of his activities. The Special Master may also communicate ex parte with any party or any party's attorney without notice to the parties or the Court.

### IV. SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

### V. REVIEW OF SPECIAL MASTER'S ORDERS

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 21 days after it is served. The Court shall, as Rule 53(f)(3) requires, review *de novo* all objections to such reports, rulings, recommendations, or findings.

### VI. COMPENSATION

Rule 53(b)(2)(E) states that the Court shall state "the basis, terms, and procedure for fixing the master's compensation." Special Master Juneau shall be compensated at the rate of $350.00 per hour from the common benefit fund. To assist in these endeavors, the Special

Master may, with the consent of the Court, retain any necessary office space, purchase any office supplies and/or equipment, and employ staff and support personnel.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special Master shall periodically submit itemized statements of fees and expenses to the Court. The Court shall review these statements for regularity and reasonableness, and retain them for record. The Special Master shall attach a summary statement to each of his itemized statements. If the Court determines that an itemized statement is regular and reasonable, the Court shall endorse the summary statement and direct payment from the common benefit fund. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 28th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE