UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | ) | MDL NO. 1657 |
| | ) | |
| PRODUCTS LIABILITY | ) | SECTION L |
| LITIGATION | ) | |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES | ) | MAG. JUDGE KNOWLES |
| TO ALL CASES | ) | SPECIAL MASTER |
| | ) | PATRICK A. JUNEAU |
| FILER: Jack E. Urquhart | ) | |
| | ) | March 31, 2011 |

**MEMORANDUM IN SUPPORT OF MOTION OF KATHRYN SNAPKA
REQUESTING AN ORDER THAT CONFIRMS THAT THE TRANSFER
OF FUNDS FROM BROWNGREER TO MR. MICHAEL STRATTON WAS
UNAUTHORIZED AND REQUEST FOR EXPEDITED SUBMISSION**

MAY IT PLEASE THE COURT:

KATHRYN SNAPKA files this memorandum in support of her motion for an order that confirms that the transfer of over $18 million from Vioxx funds administered by BrownGreer to Michael Stratton's firm ("The Fund Transfer") was unauthorized and requests an expedited submission of this motion.

**SUMMARY OF GROUNDS AND RELIEF**

Motions have been filed asserting that the transfer of more than $18 million by BrownGreer to Michael Stratton was an unauthorized transaction, and requesting the return of all the transferred money to the common benefit fund.

Kathryn Snapka raises a related, but distinct, issue that is applicable only to her and requires expedited resolution in order to avoid potential financial damage that is unique to her. Ms. Snapka was written two checks by Michael A. Stratton's law firm that she has not cashed. The total of the two checks is $370,130.36. If cashed, the money to pay those checks would have

come from The Fund Transfer, and The Fund Transfer was not ordered by this Court, nor submitted to the Court for approval. Therefore, The Fund Transfer was unauthorized based on all available evidence. As The Fund Transfer was unauthorized, Ms. Snapka should not, can not and did not cash the checks.

March 7, 2011, however, Michael A. Stratton's firm sent Ms. Snapka a handwritten IRS Form 1099 that reported it had paid her $370,130.36. The form is incorrect. Ms. Snapka has not cashed the checks. However, Mr. Stratton will not correct the 1099 unless Ms. Snapka (1) agrees to waive all claims based on her objection, **and (2) agrees that Mr. Stratton's firm can absorb the $370,130.36 as its own.** Mr. Stratton's firm, like Ms. Snapka, cannot accept these funds, as The Fund Transfer was unauthorized. **Moreover, Mr. Stratton has unilaterally set an April 1, 2011 deadline for Ms. Snapka to accept his terms.** Ms. Snapka, therefore, is being asked to agree that The Fund Transfer was authorized. This she cannot do. Respectfully, this Court, exercising its exclusive control over The Fund Transfer, should issue an order confirming that The Fund Transfer was unauthorized, because it did not order the transfer. This is necessary both to protect Ms. Snapka's rights, and ensure that this Court maintains its exclusive right to approve and order such fund transfers.

Ms. Snapka, therefore, seeks an order that confirms that The Fund Transfer was unauthorized, because it was made without Court order. She also seeks an expedited submission, because of her exposure to the imminent potential of financial injury. Additionally, she asks that the Court order that the original of the checks be held by Jack E. Urquhart or another person designated by this Court in order to preserve them as evidence.

2

## BACKGROUND

Kathryn Snapka was among the first attorneys in the country to commit to representing clients in Vioxx litigation. She was representing clients prior to the withdrawal of Vioxx from the market and before the establishment of this MDL. After this MDL was established, Kathryn Snapka was among those who chose the full participation option as provided for in this Court's Order of August 4, 2005 that capped her common benefit fee assessment at 2%. She also reserved her right to enter the MDL with no assessment.

In November, 2007, Merck and the Negotiating Plaintiff's Committee announced a Settlement Agreement for the total sum of $4.85 billion. By its terms the settlement agreement raised the common benefit fee assessment cap to 8% for participating attorneys. *See* Settlement Agreement, *In re Vioxx Prods. Liab. Litig., MDL 1657* (E.D. La. Nov. 9, 2007).

January, 2009, Mr. Russ Herman, Plaintiff's Liaison Counsel, moved for a common benefit fee assessment of 8% of the gross settlement amount. Rec. Doc. 17642. A number of attorneys and firms timely objected to this assessment percentage. Mr. Michael Stratton was appointed by this Court as Liaison Counsel for the objectors. *See* PTO 52, Rec. Doc. 24522. Kathryn Snapka was among the objectors. Her objection was based on her belief that the 2005 2% fee assessment cap agreement should apply to her as it should to others who committed early to the full participation option.

September, 2010 the Snapka Law Firm was sent a check, Exhibit 1, in the amount of $336,482.14 by Mr. Michael A. Stratton and a cover letter, Exhibit 2, both dated September 2, 2010. The face of the check had a typed "Memo" that read, "Full and final Vioxx fee." The cover letter included this statement: "Depositing this check indicates your assent and is full and final as to your responsibilities for any fees or costs related to your settled Vioxx case."

3

Mr. Michael Stratton had not previously communicated with Kathryn Snapka about any settlement discussions. She never gave him authorization to negotiate or agree to any settlement on her behalf. She did not cash the check dated September 2, 2010.[1]

Mr. Michael Stratton, then, sent the Snapka Law Firm a second check, in the amount of $33,648.22 and dated September 17, 2010. Exhibit 3. This check also had a typed "Memo" that read, "Full and final Vioxx fee." As with the first check, Ms. Snapka did not cash it.[2]

The checks themselves evidence that they were drawn on "Stratton Faxon Firm Account" No. 2111701130 at New Alliance Bank, New Haven, CT. The funds that would have paid the checks if Ms. Snapka had cashed them were from the proceeds of The Fund Transfer.

On February 17, 2011, this Court confirmed that it did not issue an order authorizing The Fund Transfer. Transcript of February 17, 2011 hearing, at 12. Exhibit 4. No evidence is known to Ms. Snapka that permitted any means or method for authorizing The Fund Transfer other than an order from this Court. All available evidence establishes that The Fund Transfer was unauthorized without such an order.[3]

March 7, 2011, Ms. Snapka received a handwritten IRS 1099 form from Mr. Stratton's firm reporting that the Snapka Law firm had been paid $370,130.36. Exhibit 5 (Tax ID Nos. redacted). This form, of course, is in error because Ms. Snapka has never cashed the checks, and cannot cash them as The Fund Transfer was unauthorized.

When Ms. Snapka requested a corrected 1099 from Mr. Stratton, he set conditions on correcting the 1099, and required that the conditions be met by April 1, 2011. The conditions

---

[1] The negotiations that led to The Fund Transfer were held in secret. The resulting "agreement" was not presented in Court for approval. The exact terms of the "agreement" are only vaguely described even now. For example, does the "agreement" affect the rights of an objector to make a common benefit fund claim or limit the amount the objector can receive? FAC now contends that it does limit Ms. Snapka's recovery even though she did not accept the secret "agreement." These and other issues would have been addressed if the "agreement," including The Fund Transfer, had been presented to the Court for approval and an order authorizing The Fund Transfer. Why it was not disclosed is unknown.

[2] The actual checks are in the possession of Jack Urquhart, pending instructions from this Court's instructions, if any, about appointing a different person to preserve this evidence.

[3] Counsel for Ms. Snapka has attempted to confer with Mr. Stratton, Mr. Herman, Mr. Birchfield, and Mr. Seeger about evidence of any authority for The Fund Transfer. No evidence has been provided. See, e.g., Exhibit 6.

4

require her to both waive her rights as a timely objector and agree that Mr. Stratton's firm can accept the $370,130.36 as its own despite the fact that The Fund Transfer to the Stratton Firm was not authorized by an order of this Court.

As said, this motion focuses on issues unique to Ms. Snapka, but The Fund Transfer also directly challenges this Court's exclusive control over the distribution of such fund transfers. Ms. Snapka has accepted no money from The Fund Transfer. In addition, she has had 8% of her fees held back for the common benefit fund, rather than the 6.5% set by the Court. Now, she must deal with taxation issues that result from the incorrect 1099, and the refusal to correct the form unless she acknowledges the legitimacy of The Fund Transfer that was not ordered by this Court. This Court, (1) to prevent imminent harm to Ms. Snapka, and (2) to assert its exclusive jurisdiction over the distribution of funds under its control, should confirm that The Fund Transfer was unauthorized, because it was not ordered by this Court. Respectfully, without an order from this Court that confirms that The Fund Transfer was unauthorized it is the apparent intent or understanding of some that they need not bother with seeking the approval of this Court for a transfer of more than $18 million dollars that was under the exclusive control of this Court.[4]

The 1099 issued by Mr. Stratton's firm and the April 1, 2011 deadline unilaterally imposed by Mr. Stratton create an urgent need for an Order from this Court that confirms that The Fund Transfer was unauthorized.

## ARGUMENT AND FOR RELIEF

Challenges have been filed to a number of aspects of the arrangements involving Mr. Michael Stratton, Mr. Russ Herman, Mr. Andrew Birchfield and Mr. Chris Seeger that resulted in The Fund Transfer. *See, e.g.,* Motion to Restore Common Benefit Fund. Rec. Doc. 62715.

---

[4] *See, e.g.,* Exhibit 6 in which Mr. Herman appears absolutely dismissive of a well-intended request for at least some basis on which The Fund Transfer could be supported without court order. The Fund Transfer involved a very large sum of money and was not authorized by court order. This does seem an issue that should not be trivialized or ignored.

5

It is established that this Court did not authorize The Fund Transfer by order. All available evidence establishes that The Transfer of Funds required a Court order, and was therefore unauthorized.

Kathryn Snapka cannot cash the checks sent to her by Mr. Michael Stratton, when all known evidence demonstrates The Fund Transfer was unauthorized. She has an urgent need for an order from this Court confirming that The Fund Transfer was not authorized.

    Respectfully submitted,

    BEIRNE, MAYNARD & PARSONS, L.L.P.

    */s/ Jack E. Urquhart*

    Jack E. Urquhart
    State Bar No. 20415600
    1300 Post Oak Blvd., Suite 2400
    Houston, Texas 77056
    Telephone: (713) 871-6760
    Facsimile: (713) 960-1527

    **ATTORNEYS FOR PLAINTIFF**
    **KATHRYN SNAPKA**

## CERTIFICATE OF SERVICE

I hereby certify that the above document has been served on Michael A. Stratton, Russ Herman, Andrew Birchfield, Chris Seeger and Orran L. Brown by U.S. Mail and email and upon all parties by electronically uploading it to LexisNexis File & Serve Advanced on March 31, 2011.

_____
Jack E. Urquhart

7