UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® | * MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * SECTION L |
| | * JUDGE FALLON |
| | * MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:

*Ronald Quackenbush Sr., et al v. Merck & Co., Inc.,
et al., Case No.: 2:10-cv-04506-EEF-DEK*

## PLAINTIFFS' OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS

Plaintiffs Ronald Quackenbush Sr., and Sharon Quackenbush, by and through their counsel, hereby submit the instant opposition to defendant Merck & Co., Inc.'s motion to dismiss their case on the grounds that the complaint they re-filed in the State of New York, that has been removed to federal court and transferred to the instant Court, was untimely because not refiled within 10 days and is, therefore, barred by the statute of limitations.

Plaintiffs submit that the defendant's motion to dismiss must be denied because it is in derogation of the strictly construed New York rules of practice under which the order requiring the refiling is not yet final because Merck has never served notice of entry thereof on plaintiffs.

Plaintiffs now turn to their statement of facts relevant to their opposition to the motion to dismiss.

### STATEMENT OF FACTS

1. Plaintiffs agree with the factual statements in paragraphs 1, 2 and 3 of the Factual

Background set forth in defendant's motion.

2. With respect to the September 8, 2008 "stipulated order," although the stipulation of the parties required plaintiffs to file a "amended complaint" within the same action assigned Index No. 116110/2004, the final order of Judge Kornreich actually dismissed plaintiffs' case in the added "So Ordered" language that "plaintiff must file a new action for Quackenbush & pay a filing fee." This language in fact dismissed the Quackenbushes case, required them to refile and did not include a time limitation for the refiling.

3. Moreover, to date, defendant Merck has not served a Notice of Entry of the aforesaid stipulated order on plaintiffs' counsel in accordance with New York State practice rules, as reflected in the docket entries dated 09/12/2008 showing filing of the decision and order, but stating "- -**none**- -" next to "Notice of Entry". *See Docket entries, annexed hereto as **Plaintiffs' Exhibit A**, at p. 2.*

4. Plaintiffs have never been served by Merck with such a notice of entry as to Judge Kornreich's 09/12/2008 order, nor did plaintiffs themselves ever serve a notice of entry of Judge Kornreich's order on defendant Merck.

5. In the instant case, although Merck had never served a Notice of Entry, plaintiffs filed a new complaint on July 21, 2010. Because Pfizer, a New York corporation, was no longer named as defendant, Merck removed to the U.S. District Court for the Northern District of New York, as indicated in defendant's motion, at p. 3.

6. For the reasons set forth below, the complaint was timely filed and the statute of limitations relates back to the original complaint filed in 2004.

Plaintiffs now turn to their arguments in support of their opposition to the motion to dismiss based on the foregoing facts.

## ARGUMENT

With respect to the procedural prerequisites to a judgment becoming final and appealable, New York law is unlike the federal rules in a very significant way. Section 5513(a) of the New York Civil Practice Law and Rules ("CPLR") sets forth as follows:

> (a) **Time to take appeal as of right.** An appeal as of right must be taken within thirty days **after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of entry**, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

[Emphasis added.] Unlike the federal rules, it has long been black-letter statutory law in New York that, "The basic time limit to take an appeal is within 30 days after service upon the appellant of a copy of the judgment or order 'and written notice of its entry' (CPLR 5513(a))." Johnson v. Anderson, 15 N.Y.2d 925, 926, 206 N.E.2d 869, 869-70, 258 N.Y.S.2d 846, 847 (1965).

In the instant case, as reflected in the docket, no notice of entry has been filed by either plaintiffs or defendant Merck. "Since proper notice of entry of this judgment was never served on appellants, their time to appeal never commenced running (CPLR 5513, subd. (a))...." Upset, Inc. v. Power Authority, 59 A.D.2d 630, 630, 398 N.Y.S.2d 5, 5 (3d Dept. 1977). *See also* Blank v. Schafrann, 206 A.D.2d 771, 773, 615 N.Y.S.2d 107, 108-109 (3d Dept. 1994), citing *Williams v. Forbes,* 157 A.D.2d 837, 838, 550 N.Y.S.2d 903; *Maddox v. City of New York,* 104 A.D.2d 430, 431, 478 N.Y.S.2d 923; *Dobess Realty Corp. v. City of New York,* 79 A.D.2d 348, 352, 436 N.Y.S.2d 296, *appeal dismissed,* 53 N.Y.2d 1054, 54 N.Y.2d 754, 442 N.Y.S.2d 500, 425 N.E.2d 888; *O'Brien v. City of New York,* 6 A.D.2d 63, 65, 174 N.Y.S.2d 819; *Farragher v. City of New York,* 19 N.Y.2d 831, 832, 280 N.Y.S.2d 396, 227 N.E.2d 311; 7 Weinstein-Korn-Miller, NYCivPrac ¶ 5513.04).

Moreover, "the long-standing rule is that the party seeking to limit the time of another to take an appeal must strictly conform to the rules of practice...." Williams v. Forbes, 157 A.D.2d 837, 550 N.Y.S.2d 903 (2 Dept.,1990), citing. *Kelly v. Sheehan,* 76 N.Y. 325; *Masters, Inc. v. White House Discounts, Inc.,* 119 A.D.2d 639, 500 N.Y.S.2d 790 (2d Dept. 1986); *Nagin v. Long Is. Sav. Bank,* 94 A.D.2d 710, 462 N.Y.S.2d 69). In Masters, Inc. V. White House Discounts, Inc., *supra*, the Appellate Division stated, "we have consistently held that the requirements of statutes which regulate the right to appeal are to be strictly construed." *Id.,* 119 A.D.2d at 640, 500 N.Y.S.2d at 791.

Indeed, strict compliance is required with respect to Judge Kornreich's handwritten directive that dismissed plaintiffs' action, rather than allowing plaintiffs to file the amended complaint as the parties had stipulated. Under the circumstances, plaintiffs submit the requirement inserted in the order that plaintiffs file a new complaint and pay the filing fee, even if presumed to be limited to 10 days hence, has not yet begun to run under the legal principles explained in the following rulings of one New York trial court:

> Here, the preclusion order affects a substantial right (CPLR 5019(a)); it equates [to] a dismissal of the action. The time to appeal therefrom is still running. It contained no notice of entry. Therefore, the time to serve a bill of particulars never started to run, so the period in which to serve it has not run.

Lagattuta v. Plesur, 50 Misc.2d 13, 14, 269 N.Y.S.2d 147, 148 (N.Y.Sup. 1966). Similarly, in the case at bar, the time to refile a new complaint "never started to run" in the Quackenbushes' case, because Merck failed to meet the statutory requirement to serve a notice of entry of Judge Kornreich's order which operated as an order of dismissal.

Moreover, plaintiffs respectfully submit that under New York law applicable to the case before Judge Kornreich, plaintiffs not only would have had 30 days to appeal, in addition they

could have taken advantage of New York's savings provisions in CPLR §205 by refiling their complaint within six (6) months once they got notice of entry of the dismissal order, inasmuch as the dismissal was not on the merits. CPLR §205 tolls the statute of limitations if the original complaint was timely, which, having been filed in 2004 was clearly timely.

Moreover, to the extent Merck persists in arguing that the statute of limitations has expired, when it knows that Judge Kornreich's September 2008 order likewise was beyond the 3-year statute of limitations making her order to refile appealable, plaintiffs have a meritorious appeal in the original action that they can pursue in the New York appellate court in the event a notice of entry of that order is eventually served by Merck.

In any event, under the strictly construed New York rules of procedure requiring notice of entry, the time for plaintiffs to file a new complaint under Judge Kornreich's September 2008 order has not yet expired. As the result of defendant's failure to follow the New York rules requiring that the order be served with a notice of entry, which has never been done, the time to file a new complaint certainly had not expired as of the date they filed the new complaint in July 2010.

## CONCLUSION

Plaintiffs respectfully submit that defendant's motion to dismiss their complaint should be DENIED.

Dated: March 31, 2011.

_____
Ronald R. Benjamin Fed. Bar No. 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiffs
126 Riverside Drive, PO Box 607
Binghamton, New York 13902-0607
607/772-1442

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above PLAINTIFFS' OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS was served on the following, by US Mail and email:

Douglas R. Marvin, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
dmarvin@wc.com

Dorothy H. Wimberly, Esq.
Phillip Wittmann, Esq.
Stone Pigman Walther & Wittmann
546 Carondelet Street
New Orleans, LA 70130
pwittmann@stonepigman.com
dwimberly@stonepigman.com

Ann Oldfather, Esq.
The Oldfather Law Firm
1330 South Third Street
Louisville, KY 40208
aoldfather@oldfather.com

Russ Herman, Esq.
Herman Herman Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
rherman@hhkc.com

and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of March, 2011.

Marya C. Young    Fed. Bar No. 301339
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiffs
126 Riverside Drive, PO Box 607
Binghamton, New York 13902-0607
607/772-1442