UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|                                        |   |                      |
|----------------------------------------|---|----------------------|
|                                        | : | MDL NO. 1657         |
| IN RE: VIOXX                           | : |                      |
|    PRODUCTS LIABILITY LITIGATION | : | SECTION: L     |
|                                        | : |                      |
|                                        | : | JUDGE FALLON         |
|                                        | : | MAG. JUDGE KNOWLES   |

**THIS DOCUMENT RELATES TO: ALL CASES**

### ORDER

In an Order entered on February 9, 2011, the Court appointed Co-Lead and Liaison Counsel to represent Objectors to the Fee Allocation Committee (FAC)'s recommended allocation of common benefit attorneys' fees. (Rec. Doc. 61616). Co-Lead Counsel for the Objectors have now moved for an order clarifying their authority and responsibilities. Considering that motion and the FAC's response,

**IT IS ORDERED** that the Court's Order of February 9, 2011 (Rec. Doc. 61616) appointing Co-Lead and Liaison Counsel for Objectors is amended as follows:

1.    <u>Duties of Co-Lead Counsel</u>.

   Co-lead counsel shall be generally responsible for coordinating the activities of Objectors during discovery proceedings and shall:

   (a)    Determine and present to the Special Master or the Court (after consultation with Objectors) the common and joint position of Objectors on all matters arising during discovery proceedings;

   (b)    Coordinate discovery on behalf of Objectors consistent with the requirements of the Federal Rules of Civil Procedure, including the

preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions. However, individual Objectors will have the right to submit case-specific questions related to their own claims to be asked by Co-Lead Counsel for the Objectors at depositions, subject to reasonable limitations imposed by the Special Master or the Court;

(c) Enter into stipulations with Co-Lead or Liaison Counsel for the Fee Allocation Committee as necessary for the conduct of the litigation; and

(d) Perform such other duties as may be incidental to Objectors' discovery activities or authorized by further order of the Special Master or the Court.

2. <u>Duties of Liaison Counsel</u>.

Liaison Counsel shall:

(a) Maintain and distribute to Objectors an up-to-date contact list for Objectors and their counsel;

(b) Receive and, as appropriate, distribute to Objectors orders from the Special Master and the Court and documents from opposing parties and counsel;

(c) Maintain and make available to Objectors all documents served by or upon each party, except such documents as may be available at a document depository;

(d) Communicate with the Special Master, the Court, and opposing counsel on matters affecting the interests of Objectors; and

(e) Prepare and distribute periodic status reports to Objectors.

3. <u>No Waiver</u>.

No communication among Co-Lead Counsel, Liaison Counsel and/or any of the Objectors shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

4. <u>Limitations on duties and authorities of Objectors' Co-Lead and Liaison Counsel</u>. Because they are serving as leadership for parties who have competing claims to a limited fund, and who have differing approaches to pursuing their claims, leadership for Objectors may encounter conflicts of interest. In order to minimize such conflicts, Co-Lead and Liaison Counsel's roles shall be limited as follows:

   (a) Co-Lead or Liaison Counsel shall conduct all discovery proceedings as described above;

   (b) At any trial or hearing on the allocation of fees, Co-Lead and Liaison Counsel shall serve to coordinate presentations and to present joint pleadings, arguments and positions that have been pre-approved by the Objectors on whose behalf they are presented;

   (d) Co-Lead and Liaison counsel may oppose the recommendations of the Fee Allocation Committee and may propose alternative allocations or formulas on behalf of those Objectors who have pre-approved the positions advanced by Co-Lead and Liaison Counsel; however, each Objector maintains the right to present his written opposition to the recommendations of the Fee Allocation Committee as said recommendation relates to him.

   (e) Neither Co-Lead nor Liaison Counsel has the authority to compromise or

3

settle any Objector's claim without written authorization, and any such settlement shall be approved by the Court before it becomes binding on any party.

5. <u>Compensation.</u>

Co-lead and Liaison Counsel shall maintain contemporaneous records of all hours and costs expended by them in this matter. At the conclusion of this matter, they shall be entitled to apply to the Court for an award of fees. The Court shall determine the amount of the fee and who shall pay it. Reasonable costs expended by Co-Lead and Liaison Counsel may also be applied for and the Court will determine any amount and who shall pay it.

New Orleans, Louisiana, this 31st day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE