UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Jon Guthmiller, et al. v. Merck & Co., Inc., et al.,* | * | KNOWLES |
| 2:06-cv-05552-EEF-DEK | * | |
| | * | |
| **Only with regard to:** | | |
| **Maureen Welch** | | |

*****************************************************************************

### DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO THE REINSTATEMENT OF PLAINTIFF'S CLAIMS

At the request of this Court, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby submits this Memorandum opposing the reinstatement of Plaintiff Maureen Welch's personal injury claims. Because there is no indication that Ms. Welch complied with this Court's December 10, 2008 Order to Show Cause, and – more importantly – because Ms. Welch has failed to comply with the requirements of Pretrial Order 28 ("PTO 28") in the over three-and-a-half years since its entry, Ms. Welch's case should not be reinstated at this late date.

In opposition to the reinstatement of Plaintiff's claims, Merck further specifically states as follows:

### FACTUAL BACKGROUND

1. Ms. Welch filed her lawsuit on June 6, 2006, claiming injuries resulting from her alleged use of Vioxx. Based on her Plaintiff Profile Form, Ms. Welch asserts that because of her

1

use of Vioxx she suffered ulcers, worsening arthritis, leg cramping and "serious bruising." *See* Ex. B to Merck's Memorandum in Opposition To Plaintiff's Motion To Reinstate Claim And/Or For Relief From Deadlines Of The Settlement Program Due To Excusable Neglect And No Fault Of Claimant Or Her Current Attorney (Plaintiff Profile Form dated July 11, 2007) (Rec. Doc. 58324-4).

2.  After the Vioxx Resolution Program was established, Ms. Welch attempted to enroll in the Program, and her then-counsel initiated that process on **January 13, 2008**. Ms. Welch never submitted any enrollment materials to the Claims Administrator, however, and Plaintiff's claim was therefore closed by the Claims Administrator for failure to enroll in the Program. *See* Ex. A to Merck's Memorandum in Opposition To Plaintiff's Motion To Reinstate Claim And/Or For Relief From Deadlines Of The Settlement Program Due To Excusable Neglect And No Fault Of Claimant Or Her Current Attorney (May 4, 2010 letter from the Vioxx Claims Administrator to Ginger DeForest) (Rec. Doc. 58324-3) at 1.

3.  On **July 1, 2008**, Ms. Welch's original counsel, Brian Goldstein of the law firm of Cellino & Barnes, filed a motion to withdraw from her case as counsel of record. (Rec. Doc. 14985).

4.  Shortly thereafter on **July 11, 2008**, Ms. Welch mailed a letter to this Court stating that she did not wish to drop her case, and requesting that an attorney be appointed to represent her. (Rec. Doc. 17713-2). This correspondence was not entered into the record until February 5, 2009. (Rec. Doc. No. 17713). There is no date on the letter sent by Ms. Welch, but its envelope, which was also entered into the record, bears a U.S. Postal Service postmark of July 11, 2008.

5. By December 2008, Ms. Welch had not produced the *Lone Pine* expert report required by PTO 28, which this Court had entered on November 9, 2007. Accordingly, her case was included in Merck's *Fourth* Motion To Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Comply With The *Lone Pine* Requirements of PTO 28, filed on **December 6, 2008**. (Rec. Doc. 17208).

6. In response to Merck's *Lone Pine* motion, on December 10, 2008, this Court issued an Order to Show Cause (Rec. Doc. 17303), which required Ms. Welch and other plaintiffs whose attorneys had filed pending motions to withdraw to notify the Pro Se Curator by January 9, 2009 whether or not they intended to proceed with their claims, and then, by January 30, 2009, to either notify the Court of the name of the attorney who would be representing them, or serve an expert report in compliance with PTO 28.

7. On February 2, 2009, the Court dismissed Ms. Welch's claims with prejudice for failure to comply with its December 10, 2008 Order. (Rec. Doc. 17723).

8. On February 3, 2009, the Court granted Mr. Goldstein's motion to withdraw as counsel of record in Ms. Welch's case. (Rec. Doc. 17707).

9. On February 5, 2009, the Court entered an Order directing that Ginger DeForest be enrolled as counsel of record for Ms. Welch (Rec. Doc. 17736),[1] and on that same day, the Court entered into the record Ms. Welch's July 11, 2008 correspondence indicating that Ms. Welch wished to pursue her case (Rec. Doc. 17713).

10. Following the entry of Ms. DeForest's appearance as counsel, the record reflects no activity in this case for almost two years until Ms. DeForest's motion, filed on November 16, 2010, requesting that Ms. Welch be reinstated into the Resolution Program. (Rec. Doc. 55992).

---

[1] The docket does not reflect a date for the filing of Ms. DeForest's motion to enter Ms. Welch's case.

1051503v.1

Neither Ms. Welch nor her counsel has made any effort to reopen her dismissed claims in this Court or to address the PTO 28 compliance issues that were the subject of Merck's December 2008 *Lone Pine* motion.

**ARGUMENT**

The Court, noting that the correspondence from Ms. Welch that was entered into the record on February 5, 2009 suggested that she may have complied with its December 10, 2008 Order, has asked Merck to submit this Memorandum stating its position on whether Ms. Welch's claim should be reinstated. Merck hereby opposes the reinstatement of Ms. Welch's claims for the following reasons:

First, the record shows that Ms. Welch failed to comply with this Court's orders. The correspondence from Ms. Welch that was entered into the record on February 5, 2009 did not itself constitute compliance with the Court's December 10, 2008 Order to Show Cause because that letter had actually been sent to the Court seven months earlier, on July 11, 2008. Moreover, even if it is assumed that the enrollment of Ms. DeForest as counsel on February 5, 2009 were deemed to satisfy compliance with the December 10, 2008 Order, Ms. Welch's case still warranted dismissal. Ms. Welch had failed to comply with the basic requirements of PTO 28, and neither she nor her counsel took any steps to correct those fundamental deficiencies within a reasonable time period after new counsel entered an appearance. Indeed, during the two years that have passed since Ms. Welch obtained new counsel, she has taken no action whatsoever to address the PTO 28 compliance issues that were the subject of Merck's December 2008 motion. Therefore, even if Ms. Welch had complied with the Court's December 10, 2008 Order requiring

that she notify the Pro Se Coordinator of whether she wished to pursue her claims, her case would still have been subject to dismissal based on her continued failure to comply with PTO 28.

Second, Ms. Welch has not herself sought to have her case re-opened and litigated. Ms. Welch's November 16, 2010 motion, which this Court has denied, asked only that she be "re-enrolled" into the nearly concluded Vioxx Resolution Program (Rec. Doc. 55992).  It did ***not*** seek relief from this Court's dismissal of her lawsuit with prejudice.

Third, as stated in Merck's opposition to Ms. Welch's November 16, 2010 motion requesting reinstatement into the Resolution Program, there is no legal basis to reinstate Ms. Welch's claim before this Court at this late date over two years after its dismissal with prejudice. Rule 60(b) of the Federal Rules of Civil Procedure provides the only basis for a party to seek relief from a final judgment more than ten days after the entry of that judgment.  *See Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) (Any motion that requests relief beyond correction of a purely clerical error served more than ten days after judgment treated as a Rule 60(b) motion.).  Rule 60(b) permits a court to grant relief from judgment at its discretion when the party seeking relief has established at least one of six "exacting substantive requirements," *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1).  Well-established precedent makes clear that Rule 60(b) relief is an "extraordinary" remedy that will be afforded only in "unique circumstances," for courts are disinclined to disturb final judgments.  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir.1985); *see also Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) ("[T]he desire for a judicial process that is predictable mandates caution in reopening judgments." (citations and quotations omitted)).  In this case, Plaintiff has asserted no "extraordinary" or "unique"

5

circumstances that would justify disturbing the finality of the two-year-old dismissal, and indeed she has not even attempted to explain her failure to seek relief in this Court for almost two years after the dismissal of her case.[2]  To the extent that Ms. Welch would blame this failure on her counsel, such allegations also would not justify relief under Rule 60(b), for "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client" *Pryor*, 769 F.2d at 288-89 ("Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney . . . meaningful finality of judgment would largely disappear.").

        Lastly, as this Court is well aware, the Vioxx litigation is essentially winding down. While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the country.  It would do a grave disservice to the judicial process and to the reasonable settled expectations of Merck and other parties to suddenly start re-opening cases dismissed long ago.  Certainly some meaningful showing must be made that such relief is warranted.  This Plaintiff has made none at all.

---

[2]    Moreover, the Rule is unambiguous that a party may only seek relief under Rule 60(b)(1) based on excusable neglect "no more than a year after the entry of the judgment or order." Fed. R. Civ. Pro. 60(c)(1).

1051503v.1

## **CONCLUSION**

For the foregoing reasons, there is no basis for the Court to reopen Ms. Welch's long-dismissed lawsuit against Merck, and Merck therefore opposes its reinstatement.

Dated:  April 1, 2011

        Respectfully submitted,

         /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1051503v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiff's counsel Ginger K. DeForest by U.S. Mail at:

> 501 Clearview Parkway
> Metairie, LA 70001

I also hereby certify that the above and foregoing Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of April, 2011.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1051503v.1