## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Ronald Quackenbush, Sr., et al. v. Merck* | * | KNOWLES |
| *& Co., Inc.*, 2:10-cv-04506-EEF-DEK | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(C)

Each argument in attorney Ronald Benjamin's Opposition to Merck's motion to dismiss the above-captioned case is premised on a single assertion – that Merck never served Notice of Entry of Judge Kornreich's September 8, 2008 Order on the Plaintiffs. To the contrary, however, Merck *did* serve such Notice of Entry on Mr. Benjamin, as counsel for the Plaintiffs, on September 12, 2008. Therefore, the arguments presented in Mr. Benjamin's Opposition are entirely irrelevant and should be disregarded.

On September 12, 2008, Merck served the attached Notice of Entry and Certificate of Service on Mr. Benjamin at his Binghamton, New York office by first class mail, postage prepaid. *See* Exs. A and B. In addition, the Notice of Entry was also electronically filed with the New York Supreme Court on that date, and accordingly, an electronic notification of the filing was sent to Mr. Benjamin by the New York State E-Filing System as well. *See* Ex. C (noting

"email notification" of Notice of Entry and Affirmation/Affidavit of Service sent to ronbenjaminlaw@stny.rr.com on September 12, 2008).[1]

Mr. Benjamin's Opposition attaches a printout from the New York State Court System listing all documents electronically filed in the *Jaros* matter, and he states that this printout establishes that no Notice of Entry was filed because the word "none" appears next to the docket entry for Notice of Entry on September 12, 2008.  *See* Pls.' Opp'n at ¶ 3 and Ex. A to Pls.' Opp'n.  However, it is plain from the face of that exhibit that the word "none" is in fact listed under a column heading entitled "Description" – indicating only that there was no description included in the docket with respect to the Notice of Entry filed on September 12, 2008 by Merck counsel Vilia B. Hayes.  *See* Ex. A to Pls.' Opp'n.  The very fact that the September 12, 2008 Notice of Entry is included on this list of electronically filed documents establishes that such document was electronically filed with the court, and indeed, Merck's September 12, 2008 Notice of Entry and Certificate of Service are ***currently publicly available*** in PDF format on the New York State Court System's E-Filing website.[2]

---

[1]  Moreover, Mr. Benjamin once again received actual notice of Judge Kornreich's September 8, 2008 Order in or around October 2009 when he exchanged correspondence with counsel for Merck regarding outstanding discovery matters.  In an October 30, 2009 letter, Mr. Benjamin purported to identify dozens of cases for which he wanted to address discovery issues.  His list included the Quackenbush Plaintiffs as well as numerous other plaintiffs who had had their claims dismissed for a variety of reasons.  As to the Quackenbush claims, defense counsel directed Mr. Benjamin's attention to the September 8, 2008 Order, and the apparent lack of any compliance with that Order.  Merck did not hear anything more about the Quackenbush claims until it was served with the complaint that is the subject of its pending motion.  Indeed, nowhere in his Opposition does Mr. Benjamin actually claim that he was unaware of Judge Kornreich's Order dismissing the Quackenbush Plaintiff's claims.

[2]  These documents can be accessed by anyone with an internet connection at https://iapps.courts.state.ny.us/nyscef/CaseSearch under Case Number 116110/2004.

Accordingly, Mr. Benjamin's arguments that Merck's failure to file a Notice of Entry rendered the Quackenbush Plaintiffs' July 21, 2010 complaint timely under New York law are unavailing. Whether the Quackenbush Plaintiffs were required to file a new complaint within ten days of the entry of Judge Kornreich's September 8, 2008 Order (as stated in the parties' stipulation), or within six months of the Notice of Entry under CPLR § 205 (as argued in Mr. Benjamin's Opposition), is irrelevant. In either case, the July 21, 2010 complaint – filed nearly two years after Judge Kornreich's dismissal of the Quackenbush Plaintiffs' claims and Merck's Notice of Entry of that dismissal, and *at least* five and a half years after the discovery of Mr. Quackenbush's alleged injuries – was untimely under New York law.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Merck's pending motion, Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Merck therefore respectfully requests their complaint be dismissed with prejudice under Rule 12(c).


Dated:  April 7, 2011                              Respectfully submitted,


   */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

3

1052023v.1

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of April, 2011.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

1052023v.1