# EXHIBIT E

## AFFIDAVIT OF THOMAS R. KLINE, ESQ.

I, Thomas R. Kline, aver:

1. I am a founding partner, with Shanin Specter, of the law firm of Kline & Specter, P.C. ("Kline & Specter"). I am a member of the Pennsylvania Bar since 1978.

2. This Affidavit is based upon my personal knowledge.

3. Kline & Specter has been involved in the Vioxx litigation since 2003.

4. On April 8, 2005, the Honorable Eldon Fallon entered Pre-Trial Order No. 6 appointing me to the Plaintiffs' Steering Committee ("PSC"). I remain a member of the PSC.

5. The PSC has numerous responsibilities in the Vioxx MDL as set forth in the April 8 Order. These include conducting discovery, examining witness, submitting or opposing motions, entering into stipulations, negotiating settlement with Merck, and maintaining appropriate files of all pretrial matters. The April 8 Order appointed Christopher Seeger, Esq. and Andy Birchfield, Esq. as co-lead counsel of the PSC. The Order also appointed Russ Herman, Esq. as Plaintiffs' Liaison Counsel.

6. In January 2009, Russ Herman, in his capacity as Plaintiffs' Liaison Counsel, moved the Court to award a common benefit fee of 8% of the $4.85 billion settlement. Many plaintiffs' counsel filed objections to this recommendation. The Court appointed Michael Stratton as liaison counsel for these objectors.

7. In October 2010, the Court entered an Order awarding a common benefit fee of 6.5% of the settlement. The Court stated in its Order that the objectors had withdrawn their objections. *See* Order & Reasons, entered Oct. 19, 2010, at 14.

8. In February 2011, I first became aware that Messrs. Herman, Seeger and Birchfield reached a deal with Michael Stratton in July 2010 to resolve the objections to Mr. Herman's recommendation. I learned about this deal by reviewing contemporaneous court filings. As these filings explain, Messrs. Herman, Seeger and Birchfield agreed to pay the objectors $18,549,236.85 so that the objectors would pay a net assessment of 4% toward the common benefit fund. In exchange, the objectors agreed to withdraw their objections and recommend to the Court that a 7.5% assessment was appropriate.

9. I was not notified about the negotiations in my capacity as a PSC member. In fact, the PSC never conducted a meeting (telephonic or in-person) where it deliberated as a body about the negotiations with Mr. Stratton. It never held a meeting where it voted on the proposed deal.

10. In the transcript dated July 27, 2010 memorializing the deal, Mr. Birchfield states that both he and Mr. Seeger are appearing in their capacity as "co-lead counsel" of the PSC. While Messrs. Seeger and Birchfield purported to act on the PSC's behalf, they did not gain approval from the PSC as a whole for their actions, as there was, to

my knowledge and recollection, never notification, a meeting, discussion, or any vote by the PSC as a body on the Stratton secret deal.

Dated: April 7, 2011

Thomas R. Kline, Esq.

Sworn to and Subscribed before me
this 7th day of April, 2011

Tracy L. Leonardis
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Tracy L. Leonardis, Notary Public
City of Philadelphia, Philadelphia County
My commission expires May 23, 2013

3