Robert E. Arceneaux
**Robert E. Arceneaux LLC**
47 Beverly Garden Drive
Metairie, La 70001
(504) 833-7533 Office
(504) 833-7612 Fax
rea7001@cox.net

April 1, 2011

**BY HAND and E-MAIL**

Special Master Patrick Juneau
The Harding Center
1018 Harding Street - Suite 202
Lafayette, LA 70503

    Re: MDL 1657 - *in re Vioxx Products Liability Litigation*

Dear Master Juneau:

    We received your scheduling order yesterday. After reviewing it, we have some questions that we think should address to you now, as we are contemplating how we can comply, or if we must seek modification of some of the terms of the order.

    First, you denied requests for "additional discovery and production." As you know, we have been working with Mr. Garrett to obtain access to his databases so that our own expert can analyze the data in order to do the firm by firm lodestar analysis that we contend is required by the case law but which has never been done because Mr. Garret was never asked to do it. There are some questions we have for Mr Garrett about his "one line" system, which contains all of the data that was entered since August 1, 2009 . We would like to post these questions to him, and even perhaps have out IT expert consult with him about the mechanics of his system. We do not consider this "additional" discovery because it is part of the data which you have already authorized us to receive and review. But, because we will need further information and assistance from him, we wanted to obtain your approval before proceeding with our inquiries.

    Second, you have established the period April 4-18 as the deadline for concluding depositions. We are contemplating an appeal of your ruling to Judge Fallon, in part because of your restricting us to a single deposition of a FAC member to be named by the FAC, and in part because you have denied us the written discovery we consider necessary to take an effective deposition. Judge Fallon allowed a period of three weeks for seeking review of your rulings. While we intend to act quickly, as you know we represent a number of Objectors with whom we must confer before settling on a course of action. We know you did not intend to deny us our right of appeal, but the scheduling order establishes a deposition schedule which will conclude before the delay has run for appealing it.

Hon. Master Pat Juneau
April 1, 2011
Page 2

      Third, the order states that "the requests for additional discovery and production are denied, except insofar as is permitted and is consistent with the following scheduling order." Does that refer to all of the previously-submitted discovery requests? For example, you state in footnote 10 that Judge Fallon is considering the motion to restore the common benefit fund. Is he also considering our numerous discovery requests related to that motion, such as our requests to Brown Greer to at least find out how much money is left in the fund, and for an accounting of the deposits and withdrawals? Also, does your statement concerning discovery relate only to the previously-propounded discovery requests, or did you also intend to preclude us from making new requests? For example, a number of areas of discovery come to mind hat would be appropriate under your CMO that would be consistent with your order. Are we prohibited from making those requests?

      We would appreciate your early response so that we can better explain your order to the Objectors and come to a decision about an appeal.

      Thanking you for your consideration in this matter, I am,

                                                  Respectfully,

                                                  Robert E. Arceneaux

cc:    Hon. Eldon Fallon
       Russ Herman
       Andy Birchfield
       Christopher Seeger.

EXHIBIT A