UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
|  LITIGATION | * | SECTION  L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| | * | April 11, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO
PRECLUDE FAC MEMBERS FROM SERVING AS LITIGATION COUNSEL**

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted by co-lead counsel for Objectors in support of

their Motion to Preclude FAC Members,[1] including present liaison and co-lead counsels, Russ M.

Herman, Andy Birchfield, and Chris Seeger, from serving as litigation counsel in connection with

the allocation of the funds awarded by this Court in its Order of October 19, 2010.

**I.      PROCESS BY WHICH LITIGATION COUNSEL WAS APPOINTED.**

By order dated February 16, 2011, this Court appointed Messrs. Herman, Birchfield, and

Seeger as Liaison and co-Lead litigation counsel for the FAC.  It did so upon receipt of

"correspondence from Russ M. Herman. . . . indicating that the FAC has met and unanimously

---

[1]Morelli Ratner, Anapol Schwartz, *et al*, and Motley Rice do not join in this Motion.

selected Mr. Herman as Liaison and Andy Birchfield and Chris Seeger as Co-Lead Counsel representing the FAC and non-objectors." Rec. Doc. 61974, at. 2.  Undersigned counsel specifically inquired into the consent of the non-objectors for such appointment, and Mr. Herman stated that he had *not* polled "the 80 non-objectors."  Tr., hearing, 2/17/11, at. 18 (attached as Exh. A).

## II.    LAW GOVERNING DISQUALIFICATION OF COUNSEL

The request to restrict counsel's role in this matter draws upon the rules pertaining to disqualification.   "Disqualification cases are governed by state and national ethical standards adopted by the court." *Federal Deposit Insurance Corporation v. United States Fire Insurance Company,* 50 F.3d 1304, 1311-12 (5th cir.1995), quoting *In Re American Airlines, Inc.,* 972 F.2d 605, 610 (5th Cir.1992).  Accordingly, the following four canons should be consulted in determining whether to disqualify counsel: (1) the Local Rules, (2) the Model Rules, (3) the state rules, and (4) the Model Code. *Id.* at 1312. Where these canons differ, the court must weigh the merits of each disqualification rule. *Id.*

For the Eastern District of Louisiana, the relevant local rules, the Model Rules, and the state rules must be consulted.  *Lange v. Orleans Levee Dist*., 1997 WL 570689 (E.D.La. Sep 12, 1997). The Local Rules for the Eastern District of Louisiana apply the Louisiana Rules of Professional Conduct "to all lawyers admitted to practice before this Court," Rule 1.2, Rules for Lawyer Disciplinary Enforcement."  Therefore, the Louisiana Rules of Professional Conduct ("LA.R.P.C.") and the Model Rules of Professional Conduct ("M.R.P.C.") must govern the issue.

The Fifth Circuit has rejected the "taint" test of other circuits, which requires that a "taint" be demonstrated before disqualification should occur. Instead, this circuit has struck a different balance, electing to remain "sensitive to preventing conflicts of interest." *Matter of Consolidated Bankshares, Inc.,* 785 F.2d 1249, 1256 (5th Cir.1986).  Regardless of "taint," then, a district court

is *"obliged* to take measures" against conduct that is contrary to the rules of professional conduct "occurring in connection with any proceeding before it." *Woods v. Covington County Bank,* 537 F.2d 804, 810 (5th Cir.1976) (emphasis added); *Musicus v. Westinghouse Elec. Corp.,* 621 F.2d 742, 744 (5th Cir.1980); *E.F. Hutton & Co. v. Brown,* 305 F.Supp. 371, 376-77 (S.D.Tex.1969); *see also Kevlik v. Goldstein,* 724 F.2d 844, 847 (1st Cir.1984) ("the district court has the duty and responsibility of supervising the conduct of attorneys who appear before it"); *Trust Corp. v. Piper Aircraft Corp.,* 701 F.2d 85, 87 (9th Cir.1983) (same); *United States v. Agosto,* 675 F.2d 965, 969 (8th Cir.1982) (same).

For this reason, the Fifth Circuit has established that "[a] motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest " or some other violation of the rules of professional conduct to the attention of the court." *Musicus,* 621 F.2d at 744. The Court note its awareness that disqualification motions might be used as "procedural weapons" to advance purely tactical purposes. But, it did  not believe that assumptions concerning the motivations underlying disqualification motions in general justified a more relaxed rule. "Our prior cases disclose that a careful and exacting application of the rules in each case will separate proper and improper disqualification motions."  *In re American Airlines, Inc.,* 972 F.2d 605, 611 (5th Cir1992),  *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (U.S. 1993) .

## III.    NONE OF THE FAC MEMBERS CAN SERVE AS LITIGATION COUNSEL

### A.    QUASI-JUDICIAL OFFICERS CANNOT SERVE AS LITIGATION COUNSEL

Rules 1.12 of the LARPC and MRPC are identical in barring ongoing representation by judicial officers:

FORMER JUDGE, ARBITRATOR, MEDIATOR OR OTHER THIRD-PARTY NEUTRAL

-3-

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or **other adjudicative officer** or law clerk to such a person or as an arbitrator, mediator or **other third-party neutral**, unless all parties to the proceeding give informed consent, confirmed in writing.

(emphasis added).

The comments to the ABA model rule include the following:

[2] Like former judges, lawyers who have served as arbitrators, mediators or other third-party neutrals may be asked to represent a client in a matter in which the lawyer participated personally and substantially. **This Rule forbids such representation unless all of the parties to the proceedings give their informed consent, confirmed in writing**. See Rule 1.0(e) and (b). Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification. See Rule 2.4.

[3] Although lawyers who serve as third-party neutrals do not have information concerning the parties that is protected under Rule 1.6, they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals. Thus, paragraph (c) provides that conflicts of the personally disqualified lawyer will be imputed to other lawyers in a law firm unless the conditions of this paragraph are met.

(Emphasis added).

"Matter" as used in Rule 1.12 has not been the subject of any case law or other commentary.

*Poly Software Intern., Inc. v. Su*, 880 F.Supp. 1487, 1492 (D.C. Utah 1995).  However, Rule 1.11 contains substantially the same term, and as used in [Rule 1.11], the term 'matter' includes ... [a]ny judicial or other proceeding, application, request for ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties." *Id*.

The FAC acted in several capacities covered by the rule. First, it and its members were quasi-judicial hearing officers, charged with taking evidence, collecting information, and making an "official" recommendation to the court that bears the imprimatur of a fact-finding (although

Objectors vehemently dispute that the FAC's recommendations are entitled to any weight for the reasons expressed in previous memoranda).

Second, the FAC actually acted as mediator. It met with various attorneys between the creation of the "pencilled in" grid and the publication of the final grid, in an effort to resolve differences. It continued that role after the publication of the final grid, continuing to negotiate and make adjustments to the numbers that it was recommending to the Court. This negotiation process constitutes the type of mediation or settlement involvement that triggers the rule. See *McKenzie Const. v. St. Croix Storage Corp.*, 961 F.Supp. 857, 862 (D.C. Virgin Islands 1997) (attorney disqualified from subsequent litigation because her participation as an attorney was a "serious affront to the policy that forms the basis of rule 1.12 where "it is clear from the record that the parties met to negotiate a settlement. It is undisputed that the mediation lasted at least one hour.").

Finally, at a minimum, the FAC and its members were third-party neutrals. Model Rule 2.3(a) states that: "A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter." Comment (1) states the following: "A third-party neutral is a person, such as a mediator, arbitrator, conciliator or evaluator, who assists the parties, represented or unrepresented, in the resolution of a dispute or in the arrangement of a transaction. Whether a third-party neutral serves primarily as a facilitator, evaluator or decision maker depends on the particular process that is either selected by the parties or mandated by a court."

The members of the FAC operated as quasi-judicial officers, mediators, or third party neutrals in taking testimony and making fee allocation recommendations to the Court. The FAC's

role as investigator and quasi-judicial hearing administrator gave it access to a wealth of information, such as statistics from BrownGreer, internal evaluations about lawyers' and firms' work product, *etc*, that the FAC would have access to in litigation, but which have been denied to Objectors by Master Juneau in his order cutting off any further discovery. This is much like the situation in *Poly Software Intern., Inc. v. Su, supra*, where a former mediator was disqualified as litigation counsel, because the mediator was in possession of substantial information which would benefit any party which might employ him as litigation counsel; as a result, the court ruled, neither the mediator, or any member of his firm, could act as litigation counsel.

Likewise, the FAC is in possession of substantial information (including their own internal deliberations, thoughts, and conclusions, as well as substantial documentary evidence which is of significance to a proper fee allocation). It cannot take a position adverse to those claimants from whom it gathered evidence as a quasi-judicial officer, nor can it utilize such material as litigation counsel. The constraints on such a representation are particularly troubling in a proceeding in which the Special Master has denied discovery of the FAC's processes, after the FAC was permitted unfettered discovery of the claimants.

No member of the FAC is able to serve as ligation counsel in this matter. The members' roles as quasi-judicial officers, charged with conducting official proceedings to gather information, find facts, and make an official recommendation to the Court, placed them in positions at the heart of Rule 1.12's constraints. *See e.g., Armco Inc. v. United States*, 520 F.Supp. 1220 (CIT 1981) (attorney, as well as his new firm, who previously worked for U.S. International Trade Commission during a preliminary investigation, and who later became employed with a private firm representing parties in the same matter, had to be disqualified.); *Rennie v. Hess Oil Virgin Islands Corp*., 981 F.Supp. 374, 375 (D.Virgin Islands 1997) (Attorney charged with investigating allegations of

discrimination in employment, conflicted with her simultaneous and subsequent role as a private attorney in the firm which represents plaintiffs in employment discrimination cases and presents an "overwhelming appearance of impropriety,"); *City of Philadelphia v. District Council* 33, 503 Pa. 498, 469 A.2d 1051 (1983). (former city director, and his present law firm, who had "substantial responsibility" for attempting to negotiate an agreement, could not later act as litigation attorney).

### B. LAWYERS WHOSE PERSONAL INTERESTS CONFLICT WITH THOSE OF THEIR CLIENTS CANNOT SERVE AS LITIGATION COUNSEL

Article 1.7 of the LARPC (again, in near-perfect harmony with MRPC Rule 1.7) states:

CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

> (1)    the representation of one client will be directly adverse to another client; or

> (2)    there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The Fifth Circuit's approach to disqualification issues has remained "sensitive to preventing conflicts of interest." *In Re American Airlines, Inc.,* 972 F.2d at 611. Yet, "[d]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *U.S. Fire Ins.,* 50 F.3d at 1313. Because of the severity of disqualification, courts do not apply disqualification rules "mechanically," but consider "[a]ll of the facts particular to [the] case ... in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* at 1314 (citing *Church of Scientology of Cal. v. McLean,* 615 F.2d 691, 693 (5th Cir.1980)). *See also In re ProEducation Intern., Inc.,* 587 F.3d 296, 299-300 (5th

Cir. 2009).

Absent the unanimous written approval of all of its clients, members of the FAC are barred from serving as litigation counsel because it has two conflicts of interest. First, there is an obvious conflict of interest in trying to represent multiple claimants to a limited fund. The undersigned recognized that issue from day one, and carefully limited their role to addressing Objectors' common issues. The FAC, on the other hand, purports to represent more than 80 claimants who are competing for the same limited fund from which the FAC members intend to compensate themselves. Moreover, the FAC has recommended that more than 70% of the common benefit fund be paid to itself. It has done so by constructing an unorthodox point system guide which principally rewards the FAC at the expense of the majority of claimants. A rough lodestar calculation[2], the analysis *required* by law but *rejected* by the FAC, demonstrates that a *great majority* of claimants would receive more than the FAC recommended. *See* Exhibit B. The Objectors' comprehensive firm by firm lodestar, which will surpass the work done by Mr. Garrett, is expected to confirm and perhaps heighten this showing.

The FAC is not only advocating a position contrary to the interests of this silent majority, it is also using the weight of that majority to support the very methodology that penalizes the "clients" to the advantage of the FAC. In this way, the FAC has created yet another significant conflict between itself and the non-objectors.

The second conflict of interest involves the FAC's involvement in the Stratton settlement,

---

[2] At this time, Objectors are unable to perform a refined lodestar calculation that figures in the claimants' actual rates. Raw data has been supplied from Mr. Garrett and Objectors are currently processing that data. Their analysis therefore utilizes the blended hourly rate of $443 computed by the Court and Mr. Garrett, which approximates lodestar.

and numerous other side deals, the details of which are to this date not fully known.  This has been

briefed in numerous other motions, and will not be rebriefed here, except to note that the failure to

disclose the settlements is particularly relevant.[3]

## IV.    CONCLUSION

For the reasons express herein, Russ Herman, Andy Birchfield, and Christopher Seeger, must

be disqualified as litigation counsel, and any member of the FAC. and the firms in which they are

members should be prohibited from serving as litigation counsel in the pending dispute regarding

allocation of common benefit fees.

--------

[3]Rule 1.2 of the LA.R.P.C. provides as follows:

> SCOPE OF REPRESENTATION AND ALLOCATION OF AUTHORITY
> BETWEEN CLIENT AND LAWYER
>
> (a) Subject to the provisions of Rule 1.16 and to paragraphs (c) and (d) of this Rule,
> a lawyer shall abide by a client's decisions concerning the objectives of
> representation, and, as required by Rule 1.4, shall consult with the client as to the
> means by which they are to be pursued. A lawyer may take such action on behalf of
> the client as is impliedly authorized to carry out the representation. A lawyer shall
> abide by a client's decision whether to settle a matter.

Rule 1.2 of the MRPC contains a near-identical provision, and there is no substantive conflict
between the two codes.  Given the limitation on discovery imposed by Master Juneau, we have yet
to determine exactly who knew about this settlement. With regard to the non-objectors, the FAC
almost certainly did not secure consent for its secret agreement.  With regard to the other members
of the FAC, undersigned counsel have sought but have not received discovery concerning their
knowledge of the Stratton settlement.

Respectfully submitted

/s/ Robert E. Arceneaux
_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

/s/ Margaret E. Woodward
_____
MARGARET E. WOODWARD, La. Bar
No.13677
3701 Canal Street, Suite C
New Orleans, Louisiana  70119
(504) 301-4333 office
(504) 301-4365 fax
mewno@aol.com

**CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties

by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with

Pre Trial Order No.8, on this date, April 11, 2011

/s/ Robert Arceneaux
_____

-10-

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3       ****************************************************************

 4

         IN RE:  VIOXX PRODUCTS
 5          LIABILITY LITIGATION

 6                                    DOCKET NO. 05-MDL-1657
                                      NEW ORLEANS, LOUISIANA
 7                                    THURSDAY, FEBRUARY 17, 2011, 3:30 A.M.

 8       THIS DOCUMENT RELATES TO
         ALL CASES
 9

10       ****************************************************************

11

12                         TRANSCRIPT OF PROCEEDINGS
                  HEARD BEFORE THE HONORABLE ELDON E. FALLON
13                       UNITED STATES DISTRICT JUDGE

14       APPEARANCES:

15

16       FOR THE PLAINTIFFS:      HERMAN HERMAN KATZ & COTLAR
                                   BY:  RUSS M. HERMAN, ESQUIRE
17                                 820 O'KEEFE AVENUE
                                   NEW ORLEANS LA  70113
18

19                                 BEASLEY ALLEN CROW METHVIN
                                   PORTIS & MILES
20                                 BY:  ANDY D. BIRCHFIELD, JR., ESQUIRE
                                   234 COMMERCE STREET
21                                 POST OFFICE BOX 4160
                                   MONTGOMERY AL  36103
22

23                                 SEEGER WEISS
                                   BY:  CHRISTOPHER A. SEEGER, ESQUIRE
24                                 ONE WILLIAM STREET
                                   NEW YORK NY  10004
25
```

08:50AM
08:50AM
08:50AM
08:50AM

EXHIBIT A

```
 1    APPEARANCES CONTINUED:

 2

 3    FOR THE OBJECTORS:      MARGARET E. WOODWARD
                              ATTORNEY AT LAW
 4                            3701 CANAL STREET, SUITE C
                              NEW ORLEANS LA  70119
 5

 6                            ROBERT E. ARCENEAUX
                              ATTORNEY AT LAW
 7                            47 BEVERLY GARDEN DRIVE
                              METAIRIE LA  70001
 8

 9                            AJUBITA LEFTWICH & SALZER
                              PASCAL F. CALOGERO, JR., ESQUIRE
10                            1100 POYDRAS STREET
                              NEW ORLEANS LA  70163
11

12

13    SPECIAL MASTER:         JUNEAU DAVID
                              BY:  PATRICK A. JUNEAU, ESQUIRE
14                            THE HARDING CENTER
                              1018 HARDING STREET, SUITE 202
15                            P.O. DRAWER 51268
                              LAFAYETTE LA  70505
16

17

18    OFFICIAL COURT REPORTER:    CATHY PEPPER, CCR, RMR, CRR
                                  CERTIFIED REALTIME REPORTER
19                                500 POYDRAS STREET, ROOM B406
                                  NEW ORLEANS, LOUISIANA 70130
20                                (504) 589-7779

21

22    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
      PRODUCED BY COMPUTER.

23

24

25
```

03:50PM 1   would be paid.

03:50PM 2           THE COURT:  Well, from that standpoint, too, I really

03:50PM 3   don't necessarily care whether it's unanimous.  When you tell me

03:50PM 4   that you've met and conferred and a majority of the objectors are

03:50PM 5   satisfied with you all, then I'm going to make you --

03:50PM 6           MR. ARCENEAUX:  Thank you.  Thank you.

03:50PM 7           THE COURT:  -- the attorneys for everybody.

03:50PM 8       At the end of the day, I would want you to keep your costs

03:50PM 9   and your time and things of that sort.  Then, if you can't agree

03:50PM 10  -- or the objectors can't agree on the fee, bring it to my

03:50PM 11  attention, and I'll look it over and set the fee.

03:50PM 12          MR. ARCENEAUX:  16 of the 17 firms have agreed either on

03:50PM 13  a compensation scheme or quantum meruit.  We may have to come to

03:50PM 14  you as to only one.

03:50PM 15          THE COURT:  That's fine.  Do that if you need.

03:50PM 16          MR. ARCENEAUX:  On that same note, perhaps just to

03:50PM 17  clarify the record, if we could get Mr. Herman to state what

03:50PM 18  basis he has to represent the 80 people who are not on the FAC,

03:50PM 19  but that -- his letter to the Court says the FAC voted that he

03:51PM 20  would be their counsel.  Was there a vote of all the other

03:51PM 21  people, and did they also elect you?  If that's true, I think it

03:51PM 22  just should be so stated on the report.

03:51PM 23          MR. HERMAN:  I don't mean -- you may cross-examine me on

03:51PM 24  that point --

03:51PM 25          MR. ARCENEAUX:  I'm not cross-examining you.

03:51PM  1        MR. HERMAN:  -- and I'm going to respond.

03:51PM  2        MR. ARCENEAUX:  I'm just --

03:51PM  3        MR. HERMAN:  The Fee Allocation Committee met and

03:51PM  4  unanimously voted.  Did we poll the 80 non-objectors; no, we did

03:51PM  5  not, nor did we feel in regard to Your Honor's order that that

03:51PM  6  was a necessity.

03:51PM  7        THE COURT:  I didn't really ask that.  Look, I appointed

03:51PM  8  the Fee Allocation Committee, and I need the Fee Allocation

03:51PM  9  Committee to designate the individuals so that we can deal with

03:51PM 10  that.

03:51PM 11        MR. HERMAN:  Secondly, Your Honor, a matter that's very

03:51PM 12  perplexing to us is the fact that learned counsel, on behalf of

03:52PM 13  objectors, has raised a lack of jurisdiction in this Court.  We

03:52PM 14  believe it's frivolous; but, nonetheless, we would like to go

03:52PM 15  forward, and we'd like to go forward without having to deal with

03:52PM 16  these objections as to lack of jurisdiction.

03:52PM 17        THE COURT:  My feeling on jurisdiction is that I have

03:52PM 18  jurisdiction over this case.  I explained in my other order

03:52PM 19  dealing with the common benefit fee the reason I had jurisdiction

03:52PM 20  to set a common benefit fee.

03:52PM 21      Now, I feel that it's also within my jurisdiction to decide

03:52PM 22  on the allocation of that common benefit fee, so that's my view

03:52PM 23  on that.

03:52PM 24        MR. HERMAN:  Given the fact that jurisdiction has been

03:53PM 25  raised, does liaison and lead counsel for the Fee Allocation

| Firm | Allocation recommended by FAC | Hours | Lodestar by "average" rate of $ 443.29 | Difference |
|---|---|---|---|---|
| Alley, Clark, Greiwe & Fulmer | $365,000.00 | 1,611.25 | $714,251.01 | $349,251.01 |
| Alvarez Law Firm | $15,000.00 | 30.00 | $13,298.70 | $1,701.30 |
| Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley,  P.C. | $3,400,000.00 | 8,430.00 | $3,736,934.70 | $336,934.70 |
| Anastopoulo & Clore LLC | $15,000.00 | 607.75 | $269,409.50 | $254,409.50 |
| Andrews & Thornton | $600,000.00 | 2,005.00 | $888,796.45 | $288,796.45 |
| Ashcraft & Gerel LLP | $9,000,000.00 | 6,791.50 | $3,010,604.04 | $5,989,395.97 |
| Audet & Partners  LLP | $1,165,000.00 | 7,666.00 | $3,398,261.14 | $2,233,261.14 |
| Aylstock, Witkin, Kreis & Overholtz  LLC | $225,000.00 | 841.50 | $373,028.54 | $148,028.54 |
| Balkin & Eisbrouch | $15,000.00 | 25.75 | $11,414.72 | $3,585.28 |
| Balser,  Brian K . Co ., LPA | $130,000.00 | 592.25 | $262,538.50 | $132,538.50 |
| Barnow | $15,000.00 | 67.25 | $29,811.25 | $14,811.25 |
| Barrios. Kingsdorf & Casteix, LLP | $1,700,000.00 | 3,439.25 | $1,524,585.13 | $175,414.87 |
| Bartimus, Frickleton. Robertson & Gorny | $15,000.00 | 30.00 | $13,298.70 | $1,701.30 |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | $40,900,000.00 | 36,747.75 | $16,289,910.10 | $24,610,089.90 |
| Becnel Law Firm, LLC | $455,000.00 | 13,038.25 | $5,779,725.84 | $5,324,725.84 |
| Bencomo | $327,500.00 | 1,513.50 | $670,919.42 | $343,419.42 |
| Blizzard. McCarthy & Nabers, LLP | $11,600,000.00 | 9,173.25 | $4,066,409.99 | $7,533,590.01 |
| Bossier & Associates. PLLC | $20,000.00 | 102.50 | $45,437.23 | $25,437.23 |
| Branch Law Firm | $0.00 | 7,087.50 | $3,141,817.88 | $3,141,817.88 |
| Brandi Law Firm | $970,000.00 | 5,214.95 | $2,311,735.19 | $1,341,735.19 |
| Brown & Crouppen, PC | $73,000.00 | 783.75 | $347,428.54 | $274,428.54 |
| Bruce E. Dean | $0.00 | 10.50 | $4,654.55 | $4,654.55 |
| Burg, Simpson, Eldredge, Hersh & Jardine, PC | $500,000.00 | 2,599.75 | $1,152,443.18 | $652,443.18 |
| Cafferty Faucher | $30,000.00 | 207.50 | $91,982.68 | $61,982.68 |
| Capshaw Goss | $0.00 | 152.50 | $67,601.73 | $67,601.73 |
| Carey & Danis, LLC | $0.00 | 5,518.25 | $2,446,185.04 | $2,446,185.04 |
| Charfoos | $0.00 | 396.75 | $175,875.31 | $175,875.31 |
| Childers, Buck & Schlueter | $0.00 | | $0.00 | $0.00 |
| Cohen Milstein | $750,000.00 | 2,003.75 | $888,242.34 | $138,242.34 |
| Cohen, Placitella & Roth. PC | $500,000.00 | 4,964.00 | $2,200,491.56 | $1,700,491.56 |
| Cunard law Firm | $100.00 | 2,790.75 | $1,237,111.57 | $1,237,011.57 |
| Cuneo, Gilbert & LaDuca LLP | $0.00 | 1,321.00 | $585,586.09 | $585,586.09 |
| Dugan & Browne | $0.00 | 114.25 | $50,645.88 | $50,645.88 |
| Engstrom, Lipscomb & Lack | $390,000.00 | 6,866.95 | $3,044,050.27 | $2,654,050.27 |
| Escobedo Tippet | $0.00 | 14,886.75 | $6,599,147.41 | $6,599,147.41 |
| Fayard and Honeycutt | $15,000.00 | 416.00 | $184,408.64 | $169,408.64 |
| Fibich, Hampton & Leebron, LLP | $610,000.00 | 2,021.25 | $895,999.91 | $285,999.91 |
| Freese & Goss, PLLC | $0.00 | 794.00 | $351,972.26 | $351,972.26 |

| | | | | |
|---|---|---|---|---|
| Friedman Law Offices | $6,500.00 | 20.50 | $9,087.45 | $2,587.45 |
| Gainsburgh, Benjamin, Davis, Meunier & Warshauer, LLC | $2,690,000.00 | 1,220.00 | $540,813.80 | $2,149,186.20 |
| Gallagher law Firm (TX) | $40,000.00 | 1,219.50 | $540,592.16 | $500,592.16 |
| Gancedo & Nieves LLP | $600,000.00 | 3,649.25 | $1,617,676.03 | $1,017,676.03 |
| Gianni-Petoyan, Attorneys at Law | $30,000.00 | 314.75 | $139,525.53 | $109,525.53 |
| Girardi & Keese | $20,100,000.00 | 20,469.50 | $9,073,924.66 | $11,026,075.35 |
| Goldenberg Heller | $0.00 | | | $0.00 | $0.00 |
| Goza & Honneld | | | $0.00 | $0.00 |
| Grant Kaiser | | 2,589.00 | $1,147,677.81 | $1,147,677.81 |
| Hagens Berman | $0.00 | 236.00 | $104,616.44 | $104,616.44 |
| Heins Mills | $4,000.00 | 12.50 | $5,541.13 | $1,541.13 |
| Heninger, Garrison, Davis LLC | $1,000,000.00 | 5,044.00 | $2,235,954.76 | $1,235,954.76 |
| Herman, Herman, Katz & Cotler, LLP | $32,500,000.00 | 29,483.50 | $13,069,740.72 | $19,430,259.29 |
| Hovde Dassow & Deets, LLC | $1,165,000.00 | 8,546.50 | $3,788,577.99 | $2,623,577.99 |
| Irpino | $877,000.00 | 2,920.00 | $1,294,406.80 | $417,406.80 |
| Jacobs Burns | $0.00 | | $0.00 | $0.00 |
| John Hornbeck | $300,000.00 | 1,390.00 | $616,173.10 | $316,173.10 |
| Johnson & Perkinson | $15,000.00 | 847.00 | $375,466.63 | $360,466.63 |
| Jones Verras | $30,000.00 | 841.00 | $372,806.89 | $342,806.89 |
| Kasowitz, Benson, Torres & Friedman llP | $1,100,000.00 | 4,395.40 | $1,948,436.87 | $848,436.87 |
| Keller Rohrback | $0.00 | 323.00 | $143,182.67 | $143,182.67 |
| Kerpsack | $10,000.00 | 54.50 | $24,159.31 | $14,159.31 |
| Kline & Specter, PC | $4,000,000.00 | 25,391.25 | $11,255,687.21 | $7,255,687.21 |
| Labaton Sucharow | $0.00 | 389.00 | $172,439.81 | $172,439.81 |
| Langston Law Firm | $0.00 | 597.50 | $264,865.78 | $264,865.78 |
| Lanier law Firm, PC | $27,000,000.00 | 33,574.50 | $14,883,240.11 | $12,116,759.90 |
| Levin Fishbein Sedran & Berman | $21,400,000.00 | 27,282.75 | $12,094,170.25 | $9,305,829.75 |
| Levin, Papantonio. Thomas, Mitchell. Eshner & Proctor P.A. | $15,600,000.00 | 8,191.75 | $3,631,320.86 | $11,968,679.14 |
| Levin, Simes, Kaiser & Gornick, LLP | $15,000.00 | 90.00 | $39,896.10 | $24,896.10 |
| Lewis & Roberts, PLLC | $0.00 | 3,208.00 | $1,422,074.32 | $1,422,074.32 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $6,000,000.00 | 24,391.00 | $10,812,286.39 | $4,812,286.39 |
| Lockridge, Grindal, Nauen PLLP | $350,000.00 | 4,712.50 | $2,089,004.13 | $1,739,004.13 |
| Locks Law Firm, LLC | $585,000.00 | 8,881.50 | $3,937,080.14 | $3,352,080.14 |
| Lopez, Hodes, Restaino, Milman & Skikos | $1,500,000.00 | 5,104.25 | $2,262,662.98 | $762,662.98 |
| Lundy & Davis | $100,000.00 | 550.00 | $243,809.50 | $143,809.50 |
| Martin & Jones | $0.00 | 1,943.00 | $861,312.47 | $861,312.47 |
| Matthews & Associates | $1,400,000.00 | 10,668.50 | $4,729,239.37 | $3,329,239.37 |
| Mithoff Law Firm | $15,000.00 | 16.00 | $7,092.64 | $7,907.36 |
| Morelli Ratner PC | $750,000.00 | 1,833.50 | $812,772.22 | $62,772.22 |
| Motley Rice LLC | $195,000.00 | 3,289.50 | $1,458,202.46 | $1,263,202.46 |
| Murray Law Firm | $162,000.00 | 2,203.50 | $976,789.52 | $814,789.52 |

| | | | |
|---|---|---|---|
| Neblett, Beard & Arsenault | $1,450,000.00 | 7,396.50 | $3,278,794.49 | $1,828,794.49 |
| Panish & Shea | $1,640,000.00 | 3,975.75 | $1,762,410.22 | $122,410.22 |
| Price, Waicukauski & Riley, LLCC | $15,000.00 | 756.00 | $335,127.24 | $320,127.24 |
| Richardson, Patrick, Westbrook & Brickman | $15,000.00 | 111.50 | $49,426.84 | $34,426.84 |
| Robert J. DeBry | $15,000.00 | 31.00 | $13,741.99 | $1,258.01 |
| Robert M. Becnel | $30,000.00 | 924.25 | $409,710.78 | $379,710.78 |
| Robins, Kaplan, Miller & Ciresi LLP | $850,000.00 | 2,400.75 | $1,064,228.47 | $214,228.47 |
| Robinson, Catcagnie & Robinson | $6,000,000.00 | 21,840.25 | $9,681,564.42 | $3,681,564.42 |
| Roda Nast, P.C. | $45,000.00 | 1,267.75 | $561,980.90 | $516,980.90 |
| Sanders, Viener, Grossman, LLP | $15,000.00 | 112.50 | $49,870.13 | $34,870.13 |
| Sanford, Shelly A., PLLC (predecessor was PSC member until 6/8/06) | $6,800,000.00 | 13,946.00 | $6,182,122.34 | $617,877.66 |
| Seeger Weiss LLP | $40,900,000.00 | 57,693.50 | $25,574,951.62 | $15,325,048.39 |
| Sheller, P.C. | $65,000.00 | 1,824.25 | $808,671.78 | $743,671.78 |
| Silverman & Fodera | $73,000.00 | 327.00 | $144,955.83 | $71,955.83 |
| Singleton Law Firm | $180,000.00 | 2,388.75 | $1,058,908.99 | $878,908.99 |
| Snapka, Turman & Waterhouse, LLP | $75,000.00 | 2,926.50 | $1,297,288.19 | $1,222,288.19 |
| Ted Kanner | $1,350.00 | 6.75 | $2,992.21 | $1,642.21 |
| Texas Consortium | $20,095,000.00 | 0.00 | $0.00 | $20,095,000.00 |
| Watts Law Firm | | | | |
| Williams Kherkher | | | | |
| Provost Umphrey | | | | |
| Ranier, Gayle & Elliot, LLC | | | | |
| The Holman law Firm | $0.00 | 212.50 | $94,199.13 | $94,199.13 |
| Ury & Moskow LLC | $0.00 | 3.00 | $1,329.87 | $1,329.87 |
| Weinberg, Eric H., law Firm of | $220,000.00 | 10,361.75 | $4,593,260.16 | $4,373,260.16 |
| Weitz & Luxenberg, P.C. | $20,000,000.00 | 17,402.75 | $7,714,465.05 | $12,285,534.95 |
| White, Meany & Wetherall | $0.00 | 1,412.75 | $626,257.95 | $626,257.95 |
| Whitehead law Firm | $45,000.00 | 504.75 | $223,750.63 | $178,750.63 |
| Williamson & Williams | $15,000.00 | 84.25 | $37,347.18 | $22,347.18 |
| Wold | $580.00 | 4.25 | $1,883.98 | $1,303.98 |
| Zimmerman, Reed PLLP | $0.00 | 204.75 | $90,763.63 | $90,763.63 |
| Zink, Diane K. | $0.00 | | $0.00 | $0.00 |
| | | | | |
| **TOTALS** | **$291,604,450.00** | **514,898.30** | **$228,249,267.41** | **$63,355,182.59** |
| | | | | |
| oranges indicates both committee memberships | | | | |
| yellow indicates PSC committee membership | | | | |
| red indicates FAC committee membership | | | | |

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3     ****************************************************************

 4

       IN RE:  VIOXX PRODUCTS
 5        LIABILITY LITIGATION

 6                              DOCKET NO. 05-MDL-1657
                                NEW ORLEANS, LOUISIANA
 7                              THURSDAY, FEBRUARY 17, 2011, 3:30 A.M.

 8     THIS DOCUMENT RELATES TO
       ALL CASES
 9

10     ****************************************************************

11

12                        TRANSCRIPT OF PROCEEDINGS
             HEARD BEFORE THE HONORABLE ELDON E. FALLON
13                      UNITED STATES DISTRICT JUDGE

14     APPEARANCES:

15

16     FOR THE PLAINTIFFS:      HERMAN HERMAN KATZ & COTLAR
                                BY:  RUSS M. HERMAN, ESQUIRE
17                              820 O'KEEFE AVENUE
                                NEW ORLEANS LA  70113
18

19                              BEASLEY ALLEN CROW METHVIN
                                PORTIS & MILES
20                              BY:  ANDY D. BIRCHFIELD, JR., ESQUIRE
                                234 COMMERCE STREET
21                              POST OFFICE BOX 4160
                                MONTGOMERY AL  36103
22

23                              SEEGER WEISS
                                BY:  CHRISTOPHER A. SEEGER, ESQUIRE
24                              ONE WILLIAM STREET
                                NEW YORK NY  10004
25
```

The timestamps on the left margin at line 7 and 8 read: 08:50AM, 08:50AM, 08:50AM, 08:50AM

EXHIBIT A

```
 1   APPEARANCES CONTINUED:

 2

 3   FOR THE OBJECTORS:        MARGARET E. WOODWARD
                               ATTORNEY AT LAW
 4                             3701 CANAL STREET, SUITE C
                               NEW ORLEANS LA   70119
 5

 6                             ROBERT E. ARCENEAUX
                               ATTORNEY AT LAW
 7                             47 BEVERLY GARDEN DRIVE
                               METAIRIE LA   70001
 8

 9                             AJUBITA LEFTWICH & SALZER
                               PASCAL F. CALOGERO, JR., ESQUIRE
10                             1100 POYDRAS STREET
                               NEW ORLEANS LA   70163
11

12

13   SPECIAL MASTER:          JUNEAU DAVID
                               BY:  PATRICK A. JUNEAU, ESQUIRE
14                             THE HARDING CENTER
                               1018 HARDING STREET, SUITE 202
15                             P.O. DRAWER 51268
                               LAFAYETTE LA   70505
16

17

18   OFFICIAL COURT REPORTER:    CATHY PEPPER, CCR, RMR, CRR
                                 CERTIFIED REALTIME REPORTER
19                               500 POYDRAS STREET, ROOM B406
                                 NEW ORLEANS, LOUISIANA 70130
20                               (504) 589-7779

21

22   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
     PRODUCED BY COMPUTER.

23

24

25
```

03:50PM 1   would be paid.

03:50PM 2          THE COURT:  Well, from that standpoint, too, I really

03:50PM 3   don't necessarily care whether it's unanimous.  When you tell me

03:50PM 4   that you've met and conferred and a majority of the objectors are

03:50PM 5   satisfied with you all, then I'm going to make you --

03:50PM 6          MR. ARCENEAUX:  Thank you.  Thank you.

03:50PM 7          THE COURT:  -- the attorneys for everybody.

03:50PM 8      At the end of the day, I would want you to keep your costs

03:50PM 9   and your time and things of that sort.  Then, if you can't agree

03:50PM 10  -- or the objectors can't agree on the fee, bring it to my

03:50PM 11  attention, and I'll look it over and set the fee.

03:50PM 12         MR. ARCENEAUX:  16 of the 17 firms have agreed either on

03:50PM 13  a compensation scheme or quantum meruit.  We may have to come to

03:50PM 14  you as to only one.

03:50PM 15         THE COURT:  That's fine.  Do that if you need.

03:50PM 16         MR. ARCENEAUX:  On that same note, perhaps just to

03:50PM 17  clarify the record, if we could get Mr. Herman to state what

03:50PM 18  basis he has to represent the 80 people who are not on the FAC,

03:50PM 19  but that -- his letter to the Court says the FAC voted that he

03:51PM 20  would be their counsel.  Was there a vote of all the other

03:51PM 21  people, and did they also elect you?  If that's true, I think it

03:51PM 22  just should be so stated on the report.

03:51PM 23         MR. HERMAN:  I don't mean -- you may cross-examine me on

03:51PM 24  that point --

03:51PM 25         MR. ARCENEAUX:  I'm not cross-examining you.

03:51PM 1        MR. HERMAN:  -- and I'm going to respond.

03:51PM 2        MR. ARCENEAUX:  I'm just --

03:51PM 3        MR. HERMAN:  The Fee Allocation Committee met and

03:51PM 4    unanimously voted.  Did we poll the 80 non-objectors; no, we did

03:51PM 5    not, nor did we feel in regard to Your Honor's order that that

03:51PM 6    was a necessity.

03:51PM 7        THE COURT:  I didn't really ask that.  Look, I appointed

03:51PM 8    the Fee Allocation Committee, and I need the Fee Allocation

03:51PM 9    Committee to designate the individuals so that we can deal with

03:51PM 10   that.

03:51PM 11       MR. HERMAN:  Secondly, Your Honor, a matter that's very

03:51PM 12   perplexing to us is the fact that learned counsel, on behalf of

03:52PM 13   objectors, has raised a lack of jurisdiction in this Court.  We

03:52PM 14   believe it's frivolous; but, nonetheless, we would like to go

03:52PM 15   forward, and we'd like to go forward without having to deal with

03:52PM 16   these objections as to lack of jurisdiction.

03:52PM 17       THE COURT:  My feeling on jurisdiction is that I have

03:52PM 18   jurisdiction over this case.  I explained in my other order

03:52PM 19   dealing with the common benefit fee the reason I had jurisdiction

03:52PM 20   to set a common benefit fee.

03:52PM 21       Now, I feel that it's also within my jurisdiction to decide

03:52PM 22   on the allocation of that common benefit fee, so that's my view

03:52PM 23   on that.

03:52PM 24       MR. HERMAN:  Given the fact that jurisdiction has been

03:53PM 25   raised, does liaison and lead counsel for the Fee Allocation

| Firm | Allocation recommended by FAC | Hours | Lodestar by "average" rate of $ 443.29 | Difference |
|---|---|---|---|---|
| Alley, Clark, Greiwe & Fulmer | $365,000.00 | 1,611.25 | $714,251.01 | $349,251.01 |
| Alvarez Law Firm | $15,000.00 | 30.00 | $13,298.70 | $1,701.30 |
| Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. | $3,400,000.00 | 8,430.00 | $3,736,934.70 | $336,934.70 |
| Anastopoulo & Clore LLC | $15,000.00 | 607.75 | $269,409.50 | $254,409.50 |
| Andrews & Thornton | $600,000.00 | 2,005.00 | $888,796.45 | $288,796.45 |
| Ashcraft & Gerel LLP | $9,000,000.00 | 6,791.50 | $3,010,604.04 | $5,989,395.97 |
| Audet & Partners LLP | $1,165,000.00 | 7,666.00 | $3,398,261.14 | $2,233,261.14 |
| Aylstock, Witkin, Kreis & Overholtz LLC | $225,000.00 | 841.50 | $373,028.54 | $148,028.54 |
| Balkin & Eisbrouch | $15,000.00 | 25.75 | $11,414.72 | $3,585.28 |
| Balser, Brian K. Co., LPA | $130,000.00 | 592.25 | $262,538.50 | $132,538.50 |
| Barnow | $15,000.00 | 67.25 | $29,811.25 | $14,811.25 |
| Barrios, Kingsdorf & Casteix, LLP | $1,700,000.00 | 3,439.25 | $1,524,585.13 | $175,414.87 |
| Bartimus, Frickleton, Robertson & Gorny | $15,000.00 | 30.00 | $13,298.70 | $1,701.30 |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | $40,900,000.00 | 36,747.75 | $16,289,910.10 | $24,610,089.90 |
| Becnel Law Firm, LLC | $455,000.00 | 13,038.25 | $5,779,725.84 | $5,324,725.84 |
| Bencomo | $327,500.00 | 1,513.50 | $670,919.42 | $343,419.42 |
| Bhizard, McCarthy & Nabers, LLP | $11,600,000.00 | 9,173.25 | $4,066,409.99 | $7,533,590.01 |
| Bossier & Associates, PLLC | $20,000.00 | 102.50 | $45,437.23 | $25,437.23 |
| Branch Law Firm | $0.00 | 7,087.50 | $3,141,817.88 | $3,141,817.88 |
| Brandi Law Firm | $970,000.00 | 5,214.95 | $2,311,735.19 | $1,341,735.19 |
| Brown & Crouppen, PC | $73,000.00 | 783.75 | $347,428.54 | $274,428.54 |
| Bruce E. Dean | $0.00 | 10.50 | $4,654.55 | $4,654.55 |
| Burg, Simpson, Eldredge, Hersh & Jardine, PC | $500,000.00 | 2,599.75 | $1,152,443.18 | $652,443.18 |
| Cafferty Faucher | $30,000.00 | 207.50 | $91,982.68 | $61,982.68 |
| Capshaw Goss | $0.00 | 152.50 | $67,601.73 | $67,601.73 |
| Carey & Danis, LLC | $0.00 | 5,518.25 | $2,446,185.04 | $2,446,185.04 |
| Charfoos | $0.00 | 396.75 | $175,875.31 | $175,875.31 |
| Childers, Buck & Schlueter | $0.00 | | $0.00 | $0.00 |
| Cohen Milstein | $750,000.00 | 2,003.75 | $888,242.34 | $138,242.34 |
| Cohen, Placitella & Roth, PC | $500,000.00 | 4,964.00 | $2,200,491.56 | $1,700,491.56 |
| Cunard Law Firm | $100.00 | 2,790.75 | $1,237,111.57 | $1,237,011.57 |
| Cuneo, Gilbert & LaDuca LLP | $0.00 | 1,321.00 | $585,586.09 | $585,586.09 |
| Dugan & Browne | $0.00 | 114.25 | $50,645.88 | $50,645.88 |
| Edgstrom, Lipscomb & Lack | $390,000.00 | 6,866.95 | $3,044,050.27 | $2,654,050.27 |
| Escobedo Tippet | $0.00 | 14,886.75 | $6,599,147.41 | $6,599,147.41 |
| Fayard and Honeycutt | $15,000.00 | 416.00 | $184,408.64 | $169,408.64 |
| Freese & Goss, PLLC | $0.00 | 794.00 | $351,972.26 | $351,972.26 |
| Gibich, Hampton & Leebron, LLP | $610,000.00 | 2,021.25 | $895,999.91 | $285,999.91 |

EXHIBIT B

| | | | | |
|---|---|---|---|---|
| Friedman Law Offices | $6,500.00 | 20.50 | $9,087.45 | $2,587.45 |
| Gainsburgh, Benjamin, Davis, Meunier & Warshauer, LLC | $2,690,000.00 | 1,220.00 | $540,813.80 | $2,149,186.20 |
| Gallagher law Firm (TX) | $40,000.00 | 1,219.50 | $540,592.16 | $500,592.16 |
| Gancedo & Nieves LLP | $600,000.00 | 3,649.25 | $1,617,676.03 | $1,017,676.03 |
| Gianni-Petoyan, Attorneys at Law | $30,000.00 | 314.75 | $139,525.53 | $109,525.53 |
| Girardi & Keese | $20,100,000.00 | 20,469.50 | $9,073,924.66 | $11,026,075.35 |
| Goldenberg Heller | $0.00 | | $0.00 | $0.00 |
| Goza & Honneld | | | $0.00 | $0.00 |
| Grant Kaiser | | 2,589.00 | $1,147,677.81 | $1,147,677.81 |
| Hagens Berman | $0.00 | 236.00 | $104,616.44 | $104,616.44 |
| Heins Mills | $4,000.00 | 12.50 | $5,541.13 | $1,541.13 |
| Heninger, Garrison, Davis LLC | $1,000,000.00 | 5,044.00 | $2,235,954.76 | $1,235,954.76 |
| Herman, Herman, Katz & Cotler, LLP | $32,500,000.00 | 29,483.50 | $13,069,740.72 | $19,430,259.29 |
| Hovde Dassow & Deets, LLC | $1,165,000.00 | 8,546.50 | $3,788,577.99 | $2,623,577.99 |
| Irpino | $877,000.00 | 2,920.00 | $1,294,406.80 | $417,406.80 |
| Jacobs Burns | $0.00 | | $0.00 | |
| John Hornbeck | $300,000.00 | 1,390.00 | $616,173.10 | $316,173.10 |
| Johnson & Perkinson | $15,000.00 | 847.00 | $375,466.63 | $360,466.63 |
| Jones Verras | $30,000.00 | 841.00 | $372,806.89 | $342,806.89 |
| Kasowitz, Benson, Torres & Friedman llP | $1,100,000.00 | 4,395.40 | $1,948,436.87 | $848,436.87 |
| Keller Rohrback | $0.00 | 323.00 | $143,182.67 | $143,182.67 |
| Kerpsack | $10,000.00 | 54.50 | $24,159.31 | $14,159.31 |
| Kline & Specter, PC | $4,000,000.00 | 25,391.25 | $11,255,687.21 | $7,255,687.21 |
| Labaton Sucharow | $0.00 | 389.00 | $172,439.81 | $172,439.81 |
| Langston Law Firm | | 597.50 | $264,865.78 | $264,865.78 |
| Lanier law Firm, PC | $27,000,000.00 | 33,574.50 | $14,883,240.11 | $12,116,759.90 |
| Levin Fishbein Sedran & Berman | $21,400,000.00 | 27,282.75 | $12,094,170.25 | $9,305,829.75 |
| Levin, Papantonio. Thomas, Mitchell. Eshner & Proctor P.A. | $15,600,000.00 | 8,191.75 | $3,631,320.86 | $11,968,679.14 |
| Levin, Simes, Kaiser & Gornick, LLP | $15,000.00 | 90.00 | $39,896.10 | $24,896.10 |
| Lewis & Roberts, PLLC | $0.00 | 3,208.00 | $1,422,074.32 | $1,422,074.32 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $6,000,000.00 | 24,391.00 | $10,812,286.39 | $4,812,286.39 |
| Lockridge, Grindal, Nauen PLLP | $350,000.00 | 4,712.50 | $2,089,004.13 | $1,739,004.13 |
| Locks Law Firm, LLC | $585,000.00 | 8,881.50 | $3,937,080.14 | $3,352,080.14 |
| Lopez, Hodes, Restaino, Milman & Skikos | $1,500,000.00 | 5,104.25 | $2,262,662.98 | $762,662.98 |
| Lundy & Davis | $100,000.00 | 550.00 | $243,809.50 | $143,809.50 |
| Martin & Jones | $0.00 | 1,943.00 | $861,312.47 | $861,312.47 |
| Matthews & Associates | $1,400,000.00 | 10,668.50 | $4,729,239.37 | $3,329,239.37 |
| Mithoff Law Firm | $15,000.00 | 16.00 | $7,092.64 | $7,907.36 |
| Morelli Ratner PC | $750,000.00 | 1,833.50 | $812,772.22 | $62,772.22 |
| Motley Rice LLC | $195,000.00 | 3,289.50 | $1,458,202.46 | $1,263,202.46 |
| Murray Law Firm | $162,000.00 | 2,203.50 | $976,789.52 | $814,789.52 |

| | | | | |
|---|---|---|---|---|
| Neblett, Beard & Arsenault | $1,450,000.00 | 7,396.50 | $3,278,794.49 | $1,828,794.49 |
| Panish & Shea | $1,640,000.00 | 3,975.75 | $1,762,410.22 | $122,410.22 |
| Price, Waicukauski & Riley, LLCC | $15,000.00 | 756.00 | $335,127.24 | $320,127.24 |
| Richardson, Patrick, Westbrook & Brickman | $15,000.00 | 111.50 | $49,426.84 | $34,426.84 |
| Robert J. DeBry | $15,000.00 | 31.00 | $13,741.99 | $1,258.01 |
| Robert M. Becnel | $30,000.00 | 924.25 | $409,710.78 | $379,710.78 |
| Robins, Kaplan, Miller & Ciresi LLP | $850,000.00 | 2,400.75 | $1,064,228.47 | $214,228.47 |
| Robinson, Catcagnie & Robinson | $6,000,000.00 | 21,840.25 | $9,681,564.42 | $3,681,564.42 |
| Roda Nast, P.C. | $45,000.00 | 1,267.75 | $561,980.90 | $516,980.90 |
| Sanders, Viener, Grossman, LLP | $15,000.00 | 112.50 | $49,870.13 | $34,870.13 |
| Sanford, Shelly A., PLLC (predecessor was PSC member until 6/8/06) | $6,800,000.00 | 13,946.00 | $6,182,122.34 | $617,877.66 |
| Seeger Weiss LLP | $40,900,000.00 | 57,693.50 | $25,574,951.62 | $15,325,048.39 |
| Sheller, P.C. | $65,000.00 | 1,824.25 | $808,671.78 | $743,671.78 |
| Silverman & Fodera | $73,000.00 | 327.00 | $144,955.83 | $71,955.83 |
| Singleton Law Firm | $180,000.00 | 2,388.75 | $1,058,908.99 | $878,908.99 |
| Snapka, Turman & Waterhouse, LLP | $75,000.00 | 2,926.50 | $1,297,288.19 | $1,222,288.19 |
| Ted Kanner | $1,350.00 | 6.75 | $2,992.21 | $1,642.21 |
| Texas Consortium | $20,095,000.00 | 0.00 | $0.00 | $20,095,000.00 |
| Watts Law Firm | | | | |
| Williams Kherkher | | | | |
| Provost Umphrey | | | | |
| Ranier, Gayle & Elliot, LLC | | | | |
| The Holman law Firm | $0.00 | 212.50 | $94,199.13 | $94,199.13 |
| Ury & Moskow LLC | $0.00 | 3.00 | $1,329.87 | $1,329.87 |
| Weinberg, Eric H., law Firm of | $220,000.00 | 10,361.75 | $4,593,260.16 | $4,373,260.16 |
| Weitz & Luxenberg, P.C. | $20,000,000.00 | 17,402.75 | $7,714,465.05 | $12,285,534.95 |
| White, Meany & Wetherall | $0.00 | 1,412.75 | $626,257.95 | $626,257.95 |
| Whitehead law Firm | $45,000.00 | 504.75 | $223,750.63 | $178,750.63 |
| Williamson & Williams | $15,000.00 | 84.25 | $37,347.18 | $22,347.18 |
| Wold | $580.00 | 4.25 | $1,883.98 | $1,303.98 |
| Zimmerman, Reed PLLP | $0.00 | 204.75 | $90,763.63 | $90,763.63 |
| Zink, Diane K. | $0.00 | | $0.00 | $0.00 |
| | | | | |
| **TOTALS** | **$291,604,450.00** | **514,898.30** | **$228,249,267.41** | **$63,355,182.59** |
| | | | | |
| oranges indicates both committee memberships | | | | |
| yellow indicates PSC committee membership | | | | |
| red indicates FAC committee membership | | | | |