Judge Fallon,

By now you have seen what pigs (and thieves) the lawyers are on YOUR Vioxx steering committee are. I know you have to be embarrassed and very upset.

$41 million, $32 million, etc as "Common Benefit" fees – disgusting.

This does not account for the fees they are earning on the contracts with their clients!!

What this goes to prove is that even the lowered assessment percentage you have permitted as a "common benefit" assessment, when applied, is grossly in excess of what is necessary or reasonable, and is unconscionable. The amount of the assessment is clearly a rip off of everyone affected, especially the injured clients. What is exacerbating the problem even further is the submissions by the attorneys of the hours they spent starts with "Once upon a time…" and ends "… happy ever after." The "work" given out by the leadership of this PSC was to their friends a family, literally!!

It should be readily apparent to the court by now that the money taken out of the Vioxx settlements as a common benefit assessment should be transferred back into the settled cases and allocated to the clients pursuant to their agreements. If any attorney that worked on the PSC can show that they didn't earn a fair amount from their contracts with their clients, that attorney shouldn't have offered to be on YOUR committee as they had no real commitment to the litigation other than to create work so their "friends and family" could rip off the clients and the attorneys who weren't blessed to be one of the chosen few beneficiaries to the court permitted windfall.

Compounding this further is that your PSC saw fit to give several law firms even a lower common benefit assessment than your honor did. If the PSC found that its assessment was too high as to a select number of law firms, why doesn't the court simply agree with them and impose that same reduced percentage to all law firms? Why should some law firms receive preferential treatment? To this end, your honor should, at the very minimum, reduce the court ordered assessment to the lower percentage that the PSC voluntarily reduced it to for those several law firms. If the PSC thought that lower number was fair, why is the court imposing a higher number? That would be a step in the right direction in bringing the common benefit allocations into line with reality and removing the disgusting situation that is now unfolding.

Respectfully submitted,

7013 0473 0B

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130