IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) ) ) | SECTION: L |
| THIS DOCUMENT RELATES TO: | ) ) ) ) | JUDGE FALLON |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | ) ) ) ) ) ) | JURY TRIAL DEMANDED |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' SIXTH NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY

Plaintiffs have submitted the Washington Supreme Court's decision in *Schnall v. AT&T Wireless Services, Inc.*, No. 80472-5, 2011 Wash. LEXIS 316 (Wash. Apr. 14, 2011), as supplemental authority in support of their opposition to Merck's Motion For Judgment On The Pleadings Or To Strike Class Allegations In Purchase Claims Master Complaint. According to plaintiffs, *Schnall* supports their argument that their proposed statewide class of Washington Vioxx users alleging claims under the Washington Consumer Protection Act ("WCPA") is viable because the court there found that individualized proof of reliance is not necessary under the WCPA. But plaintiffs gloss over the fact that, in rejecting reliance as an element of a WCPA claim, the Washington Supreme Court clearly stated that proof of "but for" causation *is* required in such actions. And while "but for" causation might be provable on a classwide basis in a fraudulent-billing case like *Schnall*, where plaintiffs alleged that the failure to disclose a billing overcharge caused each putative class member to pay it, the same is not true here. As Judges

Higbee and Chaney found in applying similar "but for" causation standards, there is no way to determine on a classwide basis whether Merck's alleged misstatements were the "but for" causes of each decision to prescribe or purchase Vioxx. Instead, the question of causation turns on the myriad, patient-specific factors that influenced each physician's decision to prescribe Vioxx to a particular patient. *See In re Vioxx Consol. Class Action*, No. JCCP 4247, slip op. at 9 (Cal. Super. Ct. Los Angeles County Apr. 30, 2009), *aff'd*, *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 134 (2d Dist. 2009); *see also Kleinman v. Merck & Co.*, 8 A.3d 851, 862 (N.J. Super. Ct. Law Div. 2009).

In *Schnall*, the plaintiffs brought consumer-fraud and other claims based on the allegation that AT&T fraudulently assessed them a "Universal Connectivity Charge." 2011 Wash. LEXIS 316, at *2. After rejecting nationwide certification, the trial court further found that plaintiffs could not proceed with a statewide class on their WCPA claims because the statute incorporates a reliance element that must be proven on an individualized basis. *Id*. at *22-23. The Washington Supreme Court reversed in an *en banc* opinion, citing its previous ruling in *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn. 2d 59, 82 (2007), "reject[ing] the principle that reliance is necessarily an element" of WCPA claims. 2011 Wash. LEXIS 316, at *23. At the same time, however, the court made it clear that **but-for causation is an element of the WCPA**; thus, a plaintiff must prove that "'the injury complained of . . . would not have happened' if not for the defendant's violative acts." *Id*. at *24-25 (quoting *Indoor Billboard/Washington, Inc.*, 162 Wn.2d at 82). Because the trial court in *Schnall* "did not analyze the causality element of plaintiffs' [WCPA] claims under the 'but for' standard of proximate causation," the Supreme Court remanded the case "for further consideration on this issue." *Id*. at *28-29.

Plaintiffs argue that *Schnall* supports their position that "common proof of how an objective reasonable person would behave under the circumstances is sufficient to show proximate causation under the WCPA." (Pls.' Notice at 3.)  But the decision says nothing of the sort.  As an initial matter, the Washington Supreme Court never held that proximate causation could be proven on a classwide basis in *Schnall* – it simply remanded to the trial court to apply the correct causation standard.  2011 Wash. LEXIS 316, at *28-29.  Moreover, while plaintiffs appear to read *Schnall* as adopting an "objective" standard for causation in WCPA cases, or suggesting that WCPA plaintiffs can prove their claims by presenting evidence of "payment of the [allegedly fraudulent] invoice" (Pls.' Notice at 3 (quoting *Schnall*, 2011 Wash. LEXIS 316, at *23-24)), this interpretation is misguided.  Contrary to plaintiffs' misinterpretation, the court merely held that in considering WCPA claims based on allegedly fraudulent billing charges, "payment of an invoice" may be considered along with "***all other relevant evidence*** on the issue of proximate causation."  2011 Wash. LEXIS 316, at *23-24 (emphasis added).  At no point did the court make any reference to an "objective" standard of causation.

In any event, even if plaintiffs were right that the *Schnall* court meant to say that "common proof of how an objective reasonable person would behave" is enough to satisfy a plaintiff's burden under the WCPA in certain circumstances, such a mode of proof would still be insufficient here because the decision to prescribe or purchase a prescription drug is much more nuanced than the decision to pay one's phone bill.  While it might be reasonable to assume that consumers would not pay an additional fee for telephone service if they receive nothing additional in return, that is a far cry from assuming that hundreds of thousands of people would have ceased taking a drug if it had included different warnings.  The reality is that doctors prescribe medications with various known risks on a daily basis, and "[t]he decision of whether

3

to prescribe a medication is made upon a host of individualized factors, including other risk factors plaintiffs possessed and whether other drugs were effective in relieving plaintiffs' pain." *Kleinman*, 8 A.3d at 862; *In re Vioxx Class Cases*, 180 Cal. App. 4th at 134 ("physicians consider many patient-specific factors in determining which drug to prescribe, including the patient's history and drug allergies, the condition being treated, and the potential for adverse reactions with the patient's other medications . . . in addition to the risks and benefits associated with the drug").  This is especially true in the case of Vioxx because, as this Court has previously recognized, the drug provided gastrointestinal benefits to some users that they could not obtain from other pain medications.  *See In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2010 U.S. Dist. LEXIS 64388, at *10-15 (E.D. La. June 29, 2010) (finding that "Vioxx's gastrointestinal safety is superior to other NSAIDS").  Accordingly, an objectively reasonable patient could easily have decided to continue taking Vioxx despite additional information about its alleged cardiovascular risks.

In short, plaintiffs read far too much into the Washington Supreme Court's ruling in *Schnall* – and even if the decision went as far as they suggest, it still would not support certification here.

## CONCLUSION

For the foregoing reasons, the Court should find that plaintiffs' supplemental authority is inapposite and unpersuasive and grant Merck's motion for judgment on the pleadings or to strike plaintiffs' class allegations.

Dated:  April 21, 2011                                      Respectfully submitted,


   /s/ Dorothy H. Wimberly_____

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Defendant's Response to Plaintiff's Notice of Sixth Supplemental Authority* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st of April, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel