UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | :<br>:<br>:<br>:<br>:<br>: | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:        ALL CASES

**ORDER**

    The Court appointed Special Master Patrick Juneau to supervise discovery relating to common benefit attorneys' fees and to prepare an impartial, outsider's recommendation as to how the common benefit fund should be allocated.  The Court plans to consult this along with the Fee Allocation Committee (FAC)'s recommendation and other materials.

    On March 31, 2011, Special Master Juneau issued a Report and Scheduling Order.  (Rec. Doc. 62735).  In his Report, the Special Master sets forth a number of findings of fact regarding the FAC's efforts and proposed recommendation; summarizes the discovery made available thus far, schedules further discovery, and denies other discovery; and sets forth the procedure for a hearing regarding allocating the common benefit fund.  On April 11, 2011, Co-Lead Counsel for the Objectors filed an appeal objecting to every aspect of Special Master Juneau's report and scheduling order the report.  (Rec. Doc. 62801). Contemporaneously, Co-Lead Counsel for the Objectors filed a motion to expedite and to stay the Scheduling Order pending the Court's ruling on the appeal. (Rec. Doc. 62802).  Finding no reason to displace the Special Master's rulings, the Court now issues this Order denying the appeal and the motion to expedite in all respects.

    First, with respect to denial of additional discovery, the Vioxx litigation is at a late stage. Now is not the time to rehash the entire litigation or to permit unlimited discovery allowing

every participating attorney the chance to second-guess the work done by every other attorney. The Objectors have not been limited in how they can present their own common benefit contribution, and they have obtained substantial materials relating to the work of other fee applicants and the work of the Fee Allocation Committee (FAC). The Court finds that the Special Master has struck an appropriate balance between permitting the Objectors reasonable discovery and preventing this fee dispute from ballooning unnecessarily.

In particular, with respect to discovery relating to the amount in the fund and withdrawals from the fund, the issue is premature and not within the Special Master's purview. The Court has held that the common benefit work done warrants compensation in the amount of $315,250,000. The Court will allocate that amount between the attorneys who did the work. After making that final allocation, the Court will then move on to address whether the fund currently held by the Claims Administrator is sufficient to satisfy the allocation, at which time the Court will reach the questions raised regarding withdrawals from the fund.

Additionally, the Court affirms the Special Master's order granting Objectors the opportunity to depose a member of the FAC, designated by the FAC. One deposition is reasonable and sufficient. The Court leaves it to the discretion of the Special Master the extent to which the deposition may delve into subjects regarding which additional written discovery was denied.

Second, Co-Lead Counsel object to the scope and duration of the hearing before the Special Master. A hearing is not required at all. *See in re High Sulfur Content Gasoline Prods. Liab. Litig.*, 384 F. App'x 299, 302 (5th Cir. 2010). The Court finds that the hearing set by the Special Master is more than adequate, particularly in light of the many opportunities every common benefit fee applicant has had to submit written statements of the nature, quality, and

value of their contribution to the common benefit.

Third, the Objectors challenge some findings by the Special Master regarding the FAC's allocation, and contend that they "accord[] implicit deference to the FAC recommendation." The Court appointed the Special Master to collect materials, take testimony, exercise his independent judgment, and propose an allocation of common benefit fees from an outsider's perspective. The Court sees nothing to indicate that the Special Master is not doing precisely that and will continue to do so. To the extent that the Special Master has made express findings of fact regarding the methods and output of the FAC, the Court will review those findings when the Court weighs the available evidence and makes the final allocation.

Accordingly, the appeal (Rec. Doc. 62801) is DENIED.

New Orleans, Louisiana, this 21st day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE