UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| | * | April 25, 2011 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
<u>PAYMENT OF ACCOUNTANT'S INVOICES</u>**

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted by co-lead counsel for Objectors in reply to the FAC's opposition to their Motion for Payment of Accountant's Invoices.

The FAC's response is outdated, as it relies upon early communications before undersigned counsel were appointed lead and liaison for the Objectors, before the Special Master granted undersigned counsel access to Mr. Garret's records, and before this Court ruled that undersigned counsel could seek reimbursment for their expenses.

Mr. Garrett's bills should be paid from the common benefit fund because a substantial portion of them were incurred to generate documents and data and the FAC should have produced, but did not. Only through many hours of working with Mr. Garrett have we been able to get to the firm-by-firm allocation that Master Juneau has held was the basis of the FAC's allocation – the FAC did not produce it voluntarily, even though it was obviously one of the documents covered by this

-1-

Court's initial production order:

> The movants are entitled to the requested discovery. "[T]he hours and rates that other attorneys submitted" will be "essential to enable [movants] to challenge how the Fee Committee valued their work." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008).
>
> Accordingly, IT IS ORDERED that the motion is GRANTED. **Movants shall have reasonable access to the requested materials**, to be examined and copied at their expense

Rec. Doc. 56731 (emphasis added).

Among the items requested, which this Court ordered produced, were "access to all time records submitted by attorneys or firms who submitted requests for common benefit fees." Rec Doc. 5431. The records that Mr. Garrett has produced to us through Wagman Dazet include the hourly rates claimed by each firm, as well as the lodestar calculation that was the basis of this Court's October 19, 2011 order. The cost of securing this material from Mr. Garrett should not be borne by the undersigned, or by Objectors, bur rather by the common benefit fund.

Mr. Garrett's ongoing statements should be paid from the common benefit fund because to date Objectors have not, despite Mr. Garrett's ongoing assistance, been able to recreate from Mr. Garrett's data the numbers this Court relied in its October 19, 2010 ruling. Nor has Mr. Garrett been able to recreate it in any usable form as of yet, although we are fully confident that with continued cooperation between him and our IT expert the discrepancies will be accounted for. Because the firm-by-firm lodestar MUST be the basis of any legally acceptable allocation of fees, it is critical to arrive at a verifiable lodestar, without the need for extended discovery or expert testimony on the issue. This effort is of obvious benefit to all of the claimants for common benefit fees, and it will be essential to a sustainable final allocation.

In its order of March 31, 2010, this Court provided that "[r]easonable costs expended by Co-Lead and Liaison Counsel may also be applied for and the Court will determine any amount and who shall pay it." Rec. Doc. 62738, para. 5, at 4. Objectors hereby request that the invoices of Phil Garrett and/or Wegman Dazet received by them in connection with preparation of a verified firm-by-firm lodestar analysis be paid from the common benefit fund by BrownGreer.

/s/ Robert E. Arceneaux                        /s/ Margaret E. Woodward
_____        _____
Robert E. Arceneaux, La Bar No. 01199   MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC            No.13677
47 Beverly Garden Drive                     3701 Canal Street, Suite C
Metairie, LA 70001                              New Orleans, Louisiana  70119
(504) 833-7533 office                           (504) 301-4333 office
(504) 833-7612 fax                              (504) 301-4365 fax
rea7001@cox.net                                 mewno@aol.com

CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, April 25 2011

                                                              /s/ Robert Arceneaux