UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION  L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| | * | April 26, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO
PRECLUDE FAC MEMBERS FROM SERVING AS LITIGATION COUNSEL**

MAY IT PLEASE THE COURT:

This reply memorandum is respectfully submitted by co-lead counsel for Objectors in support of their Motion to Preclude FAC Members,[1] including present liaison and co-lead counsel, Russ M. Herman, Andy Birchfield, and Chris Seeger, from serving as litigation counsel in connection with the allocation of the funds awarded by this Court in its Order of October 19, 2010.

I.     NONE OF THE FAC MEMBERS CAN SERVE AS LITIGATION COUNSEL

    A.     **QUASI-JUDICIAL OFFICERS CANNOT SERVE AS LITIGATION COUNSEL**

Every one of the arguments made by the FAC to avoid the plain language of Rule 1.12 fails

---

[1] Morelli Ratner, Anapol Schwartz, *et al*, and Motley Rice do not join in this Motion.

-1-

to justify its role as litigation counsel in this matter.

**1.**

The FAC states:

> [T]he rule only applies to judges or other adjudicative officers, their law clerks, arbitrators, mediators, or third-party neutrals; it does not apply to counsel appointed in an MDL proceeding to make an allocation recommendation to an Article III judge who is solely responsible for actually making the allocation.

Rec. Doc. 62886, at 8.

True, Rule 1.12 does not mention MDL proceedings, or the power of an Article III judge to appoint a Fee Allocation Committee. But when the Court does so, and charges it with gathering confidential information from claimants and fact-finding to propose an allocation, then imbues it with the power to attempt to negotiate a solution by acting as a mediator, the Article III MDL judge has thereby created a quasi-judicial officer within the meaning of the rule. When the Court subsequently appoints such officers as litigation counsel to preside over a challenge to their recommended allocation of limited funds, thus giving rise to a conflict between the FAC and every other claimant whose work it evaluated, the Rule is triggered. The redactors no doubt thought such a textbook application of the rule did not need to be spelled out in order for the applicability of the rule to such facts to be obvious.

**2.**

. The FAC states:

> It is now a well established practice for federal district courts to seek recommendations from lead counsel on matters involving fee allocation without any fear of ethical reprisal.

Rec. Doc. 62886, at 8.

The issue here is not whether the FAC would serve without fear of reprisal. The issue is

whether, once its work as quasi-judicial body, which served as both mediator, hearing officer, and third party neutral, it can then also serve as litigation counsel to defend the results of supposedly neutral work, especially given that it labors under a monstrous conflict of interest: every dollar that the FAC advocates for each of its own members to receive-- and it has claimed the lion's share for itself– must come from the allocation of the other claimants that the FAC has obligations to as hearing officer, mediator, and in the case of acceptors, attorney.

**3.**

The FAC states:

> Those counsel deemed most qualified to lead the litigation and who have comported themselves completely within the ambit of this Court's directives would be incapable of maintaining their role simply because of a dispute within the ranks of the multitude of counsel involved in large MDL cases.

Rec. Doc. 62886, at 9.

No one is asking that the FAC members be discharged from their role *as FAC members*. However, having made its allocation recommendation, the FAC's work has been completed. We have now entered a new phase where the claimants are challenging the FAC's recommended allocation. That the FAC may have "special" knowledge is exactly the point. Indeed, one of the due process issues undersigned counsel have raised is that the FAC has extensive knowledge it has refused to share with Objectors. That is why it cannot serve as litigation counsel in a contest between claimants whose fees have been subject to the FAC's fact-finding or its attempted mediation.

### B.     LAWYERS WHOSE PERSONAL INTERESTS CONFLICT WITH THOSE OF THEIR CLIENTS CANNOT SERVE AS LITIGATION COUNSEL

The FAC's argument about disqualification based upon reperesentation of "former clients" has nothing to do with the motion pending the Court.  At issue here is Article 1.7, which relates to representation of *current* clients.  Under that Article, absent the unanimous written approval of *all* of its clients (which includes the acceptors and Objectors),  members of the FAC are barred from serving as litigation counsel.  There is an obvious conflict of interest in trying to represent multiple claimants to a limited fund. The undersigned recognized that issue from day one, and carefully limited their role to addressing Objectors' common issues.  The FAC, on the other hand, purports to represent more than 80 claimants who are competing for the same limited fund from which the FAC members intend to compensate themselves.  Moreover, the FAC has recommended that more than 70% of the common benefit fund be paid to itself.  The FAC is not only advocating a position contrary to the interests of this silent majority, it is also using the weight of that majority to support the very methodology that penalizes is *present* "clients" to the advantage of the FAC.

## II.    CONCLUSION

For the reasons expressed  herein, Russ Herman, Andy Birchfield, and Christopher Seeger, must be disqualified as litigation counsel, and any member of the FAC and the firms in which they are members should be prohibited from serving as litigation counsel in the pending dispute regarding allocation of common benefit fees.

Respectfully submitted


/s/ Robert E. Arceneaux                    /s/ Margaret E. Woodward
_____            _____
Robert E. Arceneaux, La Bar No. 01199      MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC                    No.13677
47 Beverly Garden Drive                    3701 Canal Street, Suite C
Metairie, LA 70001                         New Orleans, Louisiana  70119
(504) 833-7533 office                      (504) 301-4333 office
(504) 833-7612 fax                         (504) 301-4365 fax
rea7001@cox.net                            mewno@aol.com

**CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8 ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, April 26, 2011

/s/ Robert Arceneaux