# BECNEL LAW FIRM, LLC

ATTORNEYS AND COUNSELORS AT LAW
NOTARIES PUBLIC

DANIEL E. BECNEL, JR.*
DANIEL E. BECNEL, III*
DARRYL J. BECNEL
MATTHEW B. MORELAND
KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
WILLIAM A. PERCY, III
CHRISTOPHER D. BECNEL
KATHRYN W. BECNEL*
TONI S. BECNEL
CHANCE C. WHITE
KRISTIE D. HOLM
MARISHA H. FRAAZA
*Of Counsel:*
BRADLEY D. BECNEL
JUDGE RUCHE J. MARINO (RETIRED)
*Also Admitted in Colorado*

*Please Reply To:*
☑ 106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084
(985) 536-1186
(985) 536-7904
FAX (985) 536-6445
E-MAIL: dbecnel@becnellaw.com
www.becnellaw.com

☐ 425 WEST AIRLINE HIGHWAY
SUITE B
LAPLACE, LOUISIANA 70068
(985) 651-6101
(985) 652-3643
(985) 652-3668
FAX (985) 651-6104
E-MAIL: becket@becnellaw.com

Kay K. Serven
*Office Administrator*
Susan B. Williams
*Nurse*

September 7, 2010

**VIA FACSIMILE NO. (203) 624-9100**
**and by EMAIL mstratton@strattonfaxon.com**

Mr. Michael A. Stratton
Stratton Faxon
59 Elm Street
New Haven, CT 06510

   Re: Vioxx Common Benefit Assessment Rebate

Dear Mr. Stratton:

  Please be advised that your letter to me does not comply with Louisiana law concerning a settlement accounting. This case was originally filed by me and I argued that the case be moved to Judge Fallon before the MDL Committee, Judge Fallon ultimately was given the case. I also filed an objection to the common benefit fee being raised to 8% since I had filed the necessary paperwork for an assessment of 2% fees and 2% costs (see enclosed). As you know, my firm was one of the major firms who did a great deal of common benefit work in this case (16,167.50 hours). You advised me today that you spoke to Sal Christina of my firm on three occasions. Mr. Christina has advised me that you called him but not me about the case. He also called you on one occasion to get an update but you were not in, he left a message and you returned his call.

  $1,166,287.17 was the total withheld from my firms attorney fees based upon the 8% requested by the PSC.

Exhibit A -- 1

September 7, 2010
Page 2

To date, you have not furnished me with an itemization of costs and/or fees. You have made reference to an expert from Harvard however, you have not furnished me with a copy of the expert report, much less his time and charges. This is the first communication in writing that I have received from you.

You have given me no accounting of costs incurred by your firm, much less a settlement breakdown in this case. According to the Louisiana Rules of Professional Conduct, specifically Rule 1.5, (b) and (e) we have an obligation to inform all of our clients of all of the names of attorneys and law firms collecting a fee from their case. In order for us to comply with our Rules of Professional Conduct I must have an itemization of all costs and fees that are being collected by your firm regarding my clients. Without this, Louisiana law will not allow us to share fees with your firm.

I trust I will hear from you shortly.

Very cordially yours,

Daniel E. Becnel, Jr.
Attorney at Law

DEBJr/ks
Enclosure
cc:     Honorable Eldon Fallon
        Russ Herman, Esq.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Cases | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**BECNEL LAW FIRM'S NOTICE OF OBJECTION TO PLAINTIFFS' LIAISON COUNSEL'S MOTION FOR AWARD OF PLAINTIFFS' COMMON BENEFIT FEES AND REIMBURSEMENT OF EXPENSES**

The Becnel Law Firm, consistent with this Court's Order of April 16, 2009 (*Rec. Doc. 18264*), file this Notice of Objection to Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Fees and Reimbursement of Expenses. The Becnel Law Firm objects to the motion as the 8% assessment should not be levied against the Becnel Law Firm since the firm signed a fee agreement with the PSC, reducing the fee to 2% and performed substantial common benefit work as well as originating the MDL pleadings and filings. The Becnel Law Firm's argument against such an assessment will be set forth in a more detail briefing filed in accordance with a schedule to be established by this Court.

1

2

Respectfully submitted,

s// Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR. (# 2926)
MATTHEW MORELAND (# 24567)
SALVADORE CHRISTINA, JR. (27198)
Becnel Law Firm, L.L.C.
P.O. Drawer H
Reserve, Louisiana 70808
Telephone:    985.536.1186
Facsimile:     985.536.6445

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on May 8, 2009.

Daniel E. Becnel, Jr.

*Louisiana Rules of Professional Conduct*

## RULE 1.5.   FEES

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

    (3) the fee customarily charged in the locality for similar legal services;

    (4) the amount involved and the results obtained;

    (5) the time limitations imposed by the client or by the circumstances;

    (6) the nature and length of the professional relationship with the client;

    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

    (8) whether the fee is fixed or contingent.

(b) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by Paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client. A copy or duplicate original of the executed agreement shall be given to the client at the time of execution of the agreement. The contingency fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; the litigation and other expenses that are to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and,

*Louisiana Rules of Professional Conduct*

        if there is a recovery, showing the remittance to the client and the method of its determination.

(d)     A lawyer shall not enter into an arrangement for, charge, or collect:

       (1)     any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or

       (2)     a contingent fee for representing a defendant in a criminal case.



(e)     A division of fee between lawyers who are not in the same firm may be made only if:

       (1)     the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer will receive;

       (2)     the total fee is reasonable; and

       (3)     each lawyer renders meaningful legal services for the client in the matter.

(f)     Payment of fees in advance of services shall be subject to the following rules:

       (1)     When the client pays the lawyer a fee to retain the lawyer's general availability to the client and the fee is not related to a particular representation, the funds become the property of the lawyer when paid and may be placed in the lawyer's operating account.

       (2)     When the client pays the lawyer all or part of a fixed fee or of a minimum fee for particular representation with services to be rendered in the future, the funds become the property of the lawyer when paid, subject to the provisions of Rule 1.5(f)(5). Such funds need not be placed in the lawyer's trust account, but may be placed in the lawyer's operating account.

       (3)     When the client pays the lawyer an advance deposit against fees which are to accrue in the future on an hourly or other agreed basis, the funds remain the property of the client and must be placed in the lawyer's trust account. The lawyer may transfer these funds as fees are earned from the trust account to the operating account, without further authorization from the client for each transfer, but must render a periodic accounting for these funds as is reasonable under the circumstances.

       (4)     When the client pays the lawyer an advance deposit to be used for costs and expenses, the funds remain the property of the client and must be placed in the lawyer's trust account. The lawyer may expend these funds

[6]

*Louisiana Rules of Professional Conduct*

as costs and expenses accrue, without further authorization from the client for each expenditure, but must render a periodic accounting for these funds as is reasonable under the circumstances.

(5)  When the client pays the lawyer a fixed fee, a minimum fee or a fee drawn from an advanced deposit, and a fee dispute arises between the lawyer and the client, either during the course of the representation or at the termination of the representation, the lawyer shall immediately refund to the client the unearned portion of such fee, if any. If the lawyer and the client disagree on the unearned portion of such fee, the lawyer shall immediately refund to the client the amount, if any, that they agree has not been earned, and the lawyer shall deposit into a trust account an amount representing the portion reasonably in dispute. The lawyer shall hold such disputed funds in trust until the dispute is resolved, but the lawyer shall not do so to coerce the client into accepting the lawyer's contentions. As to any fee dispute, the lawyer should suggest a means for prompt resolution such as mediation or arbitration, including arbitration with the Louisiana State Bar Association Fee Dispute Program.