UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

. . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . : . . :

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #6**

Numerous applications/nominations for the Plaintiffs' Steering Committee (PSC)

positions have been filed in accordance with the procedures set forth in Pretrial Order #1.  The

Court, after having reviewed the applications and carefully considered the matter, hereby

appoints the following members to the PSC:

Andy D. Birchfield, Jr.  (Co-Lead Counsel)
Post Office Box 4160
Montgomery, AL  36103

Thomas R. Kline
1525 Locust St., Suite 1900
Philadelphia, PA 19102

Christopher A. Seeger  (Co-Lead Counsel)
One William Street
New York, NY 10004

Arnold Levin
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875

Richard J. Arsenault
P.O. Box 1190
Alexandria, LA 71309

Carlene Rhodes Lewis
1111 Bagby, Suite 2200
Houston, TX 77002

Elizabeth J. Cabraser
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111

Gerald E. Meunier
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163

**EXHIBIT
B**

Troy A. Rafferty                         Mark P. Robinson, Jr.
P.O. Box 12308                           620 Newport Center Dr., 7th Floor
Pensacola, FL 32591                      Newport Beach, CA 92660

Drew Ranier                              Christopher V. Tisi
1419 Ryan St.                            2000 L St. NW, Suite 400
Lake Charles, LA 70601                   Washington, DC 20036

Additionally, the Court appoints Plaintiff's Liaison Counsel, Russ Herman, and Co-Lead

Counsel, Christopher Seeger and Andy Birchfield, to comprise the PSC Executive Committee. It

shall be the Executive Committee's duty to coordinate the responsibilities of the PSC, schedule

PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed

status conferences, perform other necessary administrative or logistic functions of the PSC and

carry out any other duty as the Court may order.

The appointment to the PSC is of a personal nature. Accordingly, the above appointees

cannot be substituted by other attorneys, including members of the appointee's law firm, to

perform the PSC's exclusive functions, such as committee meetings and court appearances,

except with prior approval of the Court.

The PSC will have the following responsibilities:

<u>Discovery</u>

    (1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of
plaintiffs in all actions which are consolidated with the instant multi
district litigation.

    (2)    Develop and propose to the Court schedules for the commencement,
execution, and completion of all discovery on behalf of all plaintiffs.

    (3)    Cause to be issued in the name of all plaintiffs the necessary discovery
requests, motions, and subpoenas pertaining to any witnesses and
documents needed to properly prepare for the pretrial of relevant issues
found in the pleadings of this litigation. Similar requests, notices, and
subpoenas may be caused to be issued by the PSC upon written request

-2-

by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)     Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

Hearings and Meetings

(1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

Miscellaneous

(1)     Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3)     Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(4)     Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and

conditions, for examination by all MDL Plaintiffs or their attorneys.

(5)     Perform any task necessary and proper for the PSC to accomplish its
responsibilities as defined by the Court's orders., including organizing
sub-committees comprised of plaintiffs' attorneys not on the PSC and
assigning them tasks consistent with the duties of the PSC.

(6)     Perform such other functions as may be expressly authorized by further
orders of this Court.

## Plaintiffs' Counsel's Time and Expense Submissions

Reimbursement for costs and/or fees for services of all plaintiff s' counsel performing
functions in accordance with this order will be set at a time and in a manner established by the
Court after due notice to all counsel and after a hearing. The following standards and procedures
are to be utilized by any counsel seeking fees and/or expense reimbursement.

### General Standards

(1)      All time and expenses submitted must be incurred only for work
authorized by the Plaintiffs' Steering Committee.

(2)     These Time and Expense Guidelines are intended for all activities
performed and expenses incurred by counsel that relate to matters common
to all claimants in MDL 1657.

(3)     Time and expense submissions must be submitted on the forms prepared
by Plaintiffs' Liaison Counsel (PLC) and approved by the Court. The
forms may be obtained from PLC or from the Court's website.

(4)     Plaintiffs' Liaison Counsel has retained and the Court approves the
retention of Philip Garrett, CPA, of the accounting firm of Wegmann-
Dazet to assist and provide accounting services to Plaintiffs' Liaison
Counsel, the Plaintiff's Steering Committee, and the Court in MDL 1657.
Wegmann-Dazet will be assisting in compiling submissions and will
provide reports to Plaintiff's Liaison Counsel who shall file them with the
Court on a monthly basis. These reports will include both time and
expenses and will summarize, with back-up detail, the submissions of all
firms. Submission of time and expense records to Wegmann-Dazet and
the Court shall be considered as if filed under seal.

(5)     Time and expense submissions must be submitted timely, on a monthly
basis, to Plaintiffs' Liaison Counsel, Russ M. Herman, c/o Herman,
Herman, Katz & Cotlar, L.L.P., 820 O'Keefe Avenue, New Orleans,

-4-

Louisiana  70113, (504) 581-4892, Fax:  (504) 561-6024, e-mail:
VioxxMDL@hhkc.com so they can be compiled and submitted to Wegmann-
Dazet and the Court.  It is therefore essential that each firm, on a monthly
basis, timely submit its records for the preceding month.

(6)     All submissions shall be transmitted electronically or in hard copy to
Plaintiffs' Liaison Counsel.  If hard copy submissions are made, an original
and one duplicate copy must be provided.

(7)     The first submission is due on June 15, 2005 and should include all time
through May 31, 2005.  Thereafter, time records shall be submitted on the 15th
of each month and shall cover the time period through the end of the preceding
month.

<u>Time Reporting</u>

(1)     Only time spent on matters common to all claimants in MDL 1657 will be
considered in determining fees.  <u>No time spent on developing or processing
any case for an individual client (claimant) will be considered or should be
submitted</u>.

(2)     All time must be accurately and contemporaneously maintained.  Time shall be
kept according to these guidelines and specifically in accordance with the
Litigation Task Definitions as outlined in Attachment "A".  All counsel shall
keep a daily record of their time spent in connection with this litigation, indicating
with specificity the hours, location and particular activity (such as "conduct of
deposition of A.B.").  The failure to maintain such records, as well as insufficient
description of the activity may result in a forfeiture of fees.

(3)     All time for each firm shall be maintained in quarter-of-an-hour increments.
Failure to do so may result in time being disallowed.

(4)     All time records shall be submitted together with a form summarizing the total
of member firm time broken down by each separate name of time keeper and
Litigation Task Definition the time spent during the preceding month and the
accumulated total of all time incurred by the firm during the particular reporting
period.  The summary report form may be obtained from Plaintiffs' Liaison
Counsel or from the Court's website.

(5)     The summary report form shall be certified by a senior partner each month
attesting to the accuracy and correctness of the monthly submission.

<u>Expense Reporting</u>

(1)     Advanced costs will be deemed as either "Shared" or "Held."

      a.     Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 1657 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PSC and others as determined by the PSC. The PSC MDL 1657 Fund account will be administered by Herman, Herman, Katz & Cotlar, L.L.P.

      b.     Held Costs are those that will be carried by each attorney in MDL 1657 and reimbursed as and when determined by the PSC.

(2)     Each member of the PSC and any others as set forth in section (1) above will contribute to the Plaintiffs' Steering Committee MDL 1657 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC.

<u>Shared Costs</u>

(1)     Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to payment. Shared Costs include:

      a.     Court, filing and service costs
      b.     Deposition and court reporter costs
      c.     Document Depository: creation, operation, staffing, equipment and administration
      d.     Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.)
      e.     PSC group administration matters such as meetings and conference calls
      f.     Legal and accountant fees
      g.     Expert witness and consultant fees and expenses
      h.     Printing, copying, coding, scanning (out of house or extraordinary firm cost)
      I.     Research by outside third party vendors/consultants/attorneys
      j.     Common witness expenses including travel
      k.     Translation costs
      l.     Bank or financial institution charges

m.      Investigative services

(2)      Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

## Held Costs

(1)      Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

a.      Telefax charges
b.      Postage, shipping, courier, certified mail
c.      Printing and photocopying (in-house)
d.      Computerized research - Lexis/Westlaw
e.      Telephone - long distance (actual charges only)
f.      Travel - (following the travel expense guidelines set forth in Section 5) - for attorney for deposition, court or legislative including:
   i.      Airfare
   ii.     Reasonable ground transportation
   iii.    Hotel
   iv.     Reasonable meals and entertainment
   v.      Reasonable other (parking)
   vi.     Car rental, cabs, etc.
g.      Secretarial and clerical overtime

(2)      Held Cost records shall be submitted to Plaintiffs' Liaison Counsel on a monthly basis.

## Travel Limitations

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PSC, all travel reimbursements are subject to the following limitations:

(1)      Airfare. Only the lowest-priced available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed.

Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights.

(2)  <u>Hotel</u>.  Hotel room charges will be reimbursed up to the greater of (a) $250 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

(3)  <u>Meals</u>.  Meal expenses must be reasonable.

(4)  <u>Cash Expenses</u>.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)  <u>Rental Automobiles</u>.  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

(6)  <u>Mileage</u>.  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 40.5 cents per mile).

<u>Non-Travel Limitations</u>

The following apply:

(1)  <u>Long Distance and Cellular Telephone</u>:  Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to the Vioxx litigation.

(2)  <u>Shipping, Courier, and Delivery Charges</u>:  All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)  <u>Postage Charges</u>:  A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

(4)  <u>Telefax Charges</u>:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

(5)     <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 25¢ per page.

(6)     <u>Secretarial and Clerical Overtime</u>: An itemized description of the task and time spent must be submitted for secretarial and clerical time.  All such overtime must be approved before submission by Plaintiffs' Liaison Counsel or the PSC.

(7)     <u>Computerized Research - Lexis/Westlaw</u>: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

<u>Procedures To Be Established by Plaintiffs' Liaison Counsel</u>

Plaintiffs' Liaison Counsel shall establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.  These forms may be obtained from Plaintiff's Liaison Counsel or from the Court's website.  The forms shall be certified by a senior partner in each frm attesting to the accuracy and correctness fo the submissions.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel, Russ M. Herman, or Philip Garrett, CPA, or the Court.

New Orleans, Louisiana, this  8th  day of April, 2005.

  /s/ Eldon E. Fallon
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachment "A"

## Litigation Task Code Definitions

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

## Case Assessment. Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development.** All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy.** The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants.** Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management.** A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting.** Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR** All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE.** Continuing Legal Education related specifically to this matter.

Page 1 of 4

**Other Case Assessment, Development and Administration.** Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies.** Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences.** Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions.** Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice.** Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery.** Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production.** Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management"

Page 2 of 4

and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions.** All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery.** Same as "Depositions," but for expert witnesses.

**Discovery Motions.** Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery.** Less frequently used forms of discovery, such as medical examinations and on-site inspections.

## Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses.** Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses.** Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions.** Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support.** All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance.** Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

Page 3 of 4

**Post-Trial Motions and Submissions.** Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement.**   All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions.** Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs.** Preparing and reviewing appellate briefs.

**Oral Argument.** Preparing for and arguing an appeal before a reviewing body.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION : | SECTION L |
| This document relates to All Actions : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |

### PRETRIAL ORDER NO. 6B

This Order clarifies Pre-Trial Order No. 6 by confirming that the functions, duties and responsibilities of the Plaintiffs' Steering Committee (the "PSC"), Plaintiffs' Liaison Counsel ("PLC"), and the PSC Executive Committee (the "PEC") include the following:

1. The PSC, the PLC, and the PEC may make or oppose oral or written motions on behalf of all plaintiffs in this proceeding (or on behalf of any group of plaintiffs in this proceeding) on matters of general application.

2. The PSC  the PLC, and the PEC may also submit or oppose proposed discovery orders or proposed case management orders on behalf of all plaintiffs in this proceeding (or on behalf of any group of plaintiffs in this proceeding) on matters of general application.

3. The PSC, the PLC, and the PEC have authority to pursue or defend any appeal on behalf of all plaintiffs in this proceeding (or on behalf of any group of plaintiffs in this proceeding) on matters of general application.

4.   The PSC, the PLC, and the PEC have authority to pursue or defend parallel litigation, whether in state or federal court, on behalf of all plaintiffs in this proceeding (or on behalf of any group of plaintiffs in this proceeding) on matters of general application.  .

New Orleans, Louisiana, this  1st day of February, 2008.

Honorable Eldon E. Fallon
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:  VIOXX | : |
|  | :      MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
|  | :      SECTION L |
|  | : |
| This document relates to All Actions | :      JUDGE FALLON |
|  | :      MAG. JUDGE KNOWLES |
|  | : |

**PRETRIAL ORDER NO. 6C**
**(REPORTING OF COMMON BENEFIT TIME BY NPC AND OTHERS)**

In Pretrial Order No. 6 (PTO No. 6), this Court appointed the Plaintiffs' Steering Committee (PSC), Plaintiffs' Liaison Counsel (PLC) and the PSC Executive Committee (PEC).  That Order also described the standards and procedures for plaintiffs' counsel's time and expense submissions relating to matters common to all claimants.  This Order supplements PTO No. 6 by setting forth the time and expense reporting procedure for submissions by  the Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in state court Vioxx litigation matters.

**I.**    **TIME AND EXPENSE REPORTING PROCEDURE FOR SUBMISSIONS BY THE NPC**

1.    Those counsel appointed by this Court to act as NPC, *i.e.*, Russ Herman, Andy D. Birchfield, Jr., Christopher A. Seeger, Arnold Levin, Edward F. Blizzard and Thomas V. Girardi, and those counsel acting upon any NPC member's specific directive, shall prepare time and expense submissions for efforts negotiating, preparing, meeting, working on and drafting the Settlement

1

Agreement with Merck & Co., Inc. ("Vioxx Special") from the inception of the settlement negotiations through November 9, 2007. The Court is mindful that it directed the NPC early on that the settlement negotiations were not to be disclosed and were to remain confidential, necessarily requiring that time and expense reports revealing these efforts be withheld until now. The NPC Vioxx Special time and expense submissions shall be provided to PLC, consistent with the reporting obligations required by PTO No. 6, on or before May 15, 2008. A revised reporting form, as attached hereto, shall be utilized for making such time submissions. PLC shall submit these Vioxx Special reports to Philip Garrett, CPA, of the accounting firm of Wegmann-Dazet in accordance with PTO No. 6.

2. Any common benefit efforts relating to Settlement matters that occur after November 9, 2007, shall be reported consistent with the requirements of PTO No. 6, also with the revised reporting form attached hereto.

II.     **PROCEDURES FOR SUBMISSION OF PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS RELATING TO MATTERS COMMON TO ALL CLAIMANTS IN STATE COURT VIOXX MATTERS**

1. PLC, PEC and the NPC shall be responsible for distributing the time and expense standards and procedures set forth in the guidelines of PTO No. 6 to all counsel enrolled in the Vioxx Settlement Program and to those counsel associated with state court Vioxx litigation programs engaged in state court common benefit activity. State court common benefit attorneys shall present their contemporaneous time records, or properly reconstructed time records, and expense reports (for their unreimbursed common shared and held expenses) consistent with PTO No. 6 and Article 9 of the Settlement Agreement, and in a manner satisfactory to Philip Garrett, CPA, of the accounting firm of Wegmann-Dazet, to PLC by May 30, 2008. PLC shall submit the time

2

and expense records to Philip Garrett, CPA, of the accounting firm of Wegmann-Dazet in accordance with PTO No. 6, and the revised reporting form.

    4.  Nothing in this Order shall preclude any person from submitting, at an appropriate time to be determined by subsequent Pretrial Order, a petition for attorneys fees and reimbursement of expenses for common benefit work performed from any funds obtained for such purpose from the Settlement Program for review by the Allocation Committee appointed by this Court in PTO No. 32 and then resolution by this Court.

    New Orleans, this 10th day of April, 2008.

Honorable Eldon E. Fallon
United States District Court Judge

3

**MDL 1657**
**Vioxx Products Liability Litigation Report of Member Firm Time**

Reporting Period: _____

Firm Name: _____

| Name of Individual | Identity: If Attorney (A), Paralegal (P), Law Clerk (L), or Other (O) | Case Assessment, Development, and Administration (insert number of hours) | Pre-Trial Pleadings and Motions (insert number of hours) | Discovery (insert number of hours) | Trial Preparation and Trial (insert number of hours) | Appeal (insert number of hours) | Settlement (insert number of hours) | Total Hours by Individual | Summary: Total Hours of All Firm Personnel |
|---|---|---|---|---|---|---|---|---|---|
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| | _A _P _L _O | | | | | | | 0 | |
| **Total Firm Time** | | | | | | | | | 0 |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1657.

Signature: _____          Date: _____

FILED'08 SEP 15 12:14USDC-LAE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | * |                              |
|                              | * |                              |
| **In re: VIOXX**             | * | **MDL Docket No. 1657**      |
|                              | * |                              |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L**           |
|                              | * |                              |
|                              | * | **JUDGE FALLON**             |
|                              | * |                              |
|                              | * | **MAGISTRATE JUDGE KNOWLES** |
|                              | * |                              |
|                              | * |                              |

## PRE-TRIAL ORDER NO. 6(D)
## (FEE ALLOCATION GUIDELINES)

The Settlement Agreement between Merck & Co., Inc. and the Negotiating Plaintiffs' Counsel ("NPC") provides for the appointment of an Allocation Committee to be responsible for recommending to the Court the allocation of awards of attorneys' fees from the Settlement Fee and Cost Account.  *See* Settlement Agreement Section 9.2.4.  On November 20, 2007, the Court issued Pretrial Order No. 32, appointing the members of the Allocation Committee.  The Settlement Agreement contemplates that the Allocation Committee will review the contemporaneous time records or properly reconstructed time records and expense reports of all plaintiffs' counsel that submitted or request compensation for common benefit work and to take into consideration the time and common benefit work of counsel in the MDL and of counsel in the state consolidated litigations in Texas, California, New Jersey, as well as other applicable state courts. [1]   The Settlement Agreement also provides that the Allocation Committee shall

---

[1]These guidelines are addressed specifically to allocations of attorneys' fees.  Expenses, if incurred for common benefit work, shall be evaluated by the Allocation Committee in a

1



___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

evaluate common benefit counsel's contributions, using objective measures and the committee's subjective understanding of the relevant contributions of counsel toward generating the Settlement Fund in accordance with established fee jurisprudence, and make a Recommendation to the Court for consideration in consultation with Judges Chaney, Higbee, and Wilson.

As the Allocation Committee implements PTO No. 32 and Section 9.2.4 of the Settlement Agreement and makes a Recommendation to the Court regarding allocation of attorneys' fees, the committee's considerations should be governed and guided by this comprehensive statement of general principles.   The over-arching guideline that the Allocation Committee is to consider is the contributions of each common benefit attorney to the outcome of the litigation.

In addition, under existing fee jurisprudence, certain procedural as well as substantive factors should be considered in making an allocation recommendation.  The committee shall take into account Pretrial Order No. 6's directives regarding the procedural aspects of the presentations and mechanisms whereby petitioning attorneys may submit written and oral presentations for the committee's consideration.  Substantively, the committee should look to general fee jurisprudence to identify the factors that should be applied in making appropriate allocations.  The *Johnson* factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations.  *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5ᵗʰ Cir. 1974) ((1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case;

---

manner consistent with the standards already employed by the accounting firm of Wegmann-Dazet pursuant to PTO No. 6 and PTO 6C.

2

(5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.).[2]

In Pretrial Order No. 6 and Pretrial Order No. 6C, the Court provided further guidance for the consideration of common benefit work.   These guidelines shall be considered by the Allocation Committee when reaching its Recommendation., including:

(1) Submitted time must be either accurately and contemporaneously maintained or properly reconstructed;

(2) The time should be recorded in quarter-of-an-hour increments and shall indicate with specificity the hours, location and particular activity;

(3) The time records with a form summarizing the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period; and

(4) The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

The Allocation Committee will implement additional processes to provide appropriate deliberative fairness to those participating attorneys.   The process outlined below will afford

---

[2]*See In re High Sulfur Gulf Content Gasoline Prods. Liab. Lit.,* 517 F.3d 220 (5th Cir. 2008); *Strong v. Bell South Telecommunications, Inc.,* 137 F.3d 844, 850 (5th Cir. 1998); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.* 487 F.2d 161, 165 (3d Cir. 1973); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 821 (3d Cir.), *cert. denied,* 516 U.S. 824 (1995); *In re Diet Drugs Products Liability Litig.,* 401 F.3d 143, 169 (3d Cir. 2005); *see also Turner v. Murphy Oil USA, Inc.,* 472 F.Supp.2d 830 (E.D. La. 2007) (and other related orders entered in the *Murphy Oil* litigation).

participating attorneys opportunities to advocate their positions in a variety of ways in addition to providing time record submissions:

(1)    On or before October 31, 2008, any attorney wishing to have their time considered for an allocation of any common benefit award may submit to the Allocation Committee an affidavit not to exceed 3 pages describing those aspects of that counsel's work that they believe best describes their firm's common benefit contributions. In preparing such an affidavit, the following factors should be addressed:

- The extent to which each common benefit firm made a substantial contribution to the outcome of the litigation;

- The quality of each firm's work;

- The consistency quantum, duration, and intensity of each firm's commitment to the litigation;[3]

- The level of partner participation by each firm;

- Membership in the Plaintiffs' Executive Committee ("PEC"), Plaintiffs' Steering Committee ("PSC"), or the NPC;

- The jurisdiction in which non-MDL common benefit work occurred;

- Activities surrounding trials of individual Vioxx claimants, including bellwether trials and non-MDL trials that impacted proceedings on a common benefit level;

- Leadership positions on regular committees engaged in common benefit work;[4]

---

[3]The committee should consider the extent that counsel devoted themselves to participating exclusively in Vioxx litigation and concomitantly turned away or reduced their case-load in other areas.

[4]Major committee efforts include: Discovery (motions, depositions); Law & Briefing; Science and experts; Document review and selection; Trial; Trial package; and Settlement.

- Participation in ongoing activities, such as the Allocation Committee and the Gates Committee, that are intended to provide common benefits;

- Whether counsel was already involved in the Vioxx litigation prior to the withdrawal of Vioxx from the market on September 30, 2004;

- Whether counsel was involved in the Vioxx litigation prior to the JPMDL, and the time and expense incurred during such time that was for common benefit.[5]

- Whether counsel made significant contributions to the funding of the litigation;

- When a number of verdicts were adverse to plaintiffs, those PSC members or committee members whose commitment to the litigation did not ebb; and

- Any other relevant factors.

(2)   The Allocation Committee, or a three-member panel of the Committee, shall conduct at least one (1) meeting (or as many as necessary) between December 1-5, 2008, during which any participating attorney that has submitted a memorandum for common benefit compensation may at their discretion and on their own volition separately appear and present the reasons, grounds and explanations for their entitlement to common benefit fees and reimbursement of expenses. Meetings will be held in the following locations: New Orleans, LA; Atlantic City, NJ; Houston, TX; and Los Angeles, CA.  The presentation should not last over 30 minutes (although this time may be extended at the discretion of the Allocation Committee).   Counsel should be prepared to respond to any

5

questions or concerns raised by the Allocation Committee during their presentation. Each presentation shall be conducted in the presence of a court reporter.

(3)    The Allocation Committee may request that any common participating attorney that has submitted an affidavit for common benefit compensation appear separately before the Committee, or a three-member panel of the Committee, between December 1 - 5, 2008, to answer questions or concerns addressing the reasons, grounds and explanations of that participating attorney's entitlement to common benefit fees and reimbursement of expenses. Each requested appearance shall be conducted in the presence of a court reporter.

(4)    By January 31, 2009, the Allocation Committee shall make Recommendations of Fee Allocations and Cost Reimbursement for all participating attorneys. The Allocation Committee shall provide to each participating attorney notice of the Committee's Recommendation as it pertains to the participating attorney.

(5)    In the event a participating attorney objects to the Committee's Recommendation, a written objection setting forth the basis of the objection shall be submitted to the Allocation Committee within 14 days for consideration by the full Allocation Committee.

(6)    The Court will enter a separate order setting forth procedures for petitions regarding attorneys' fees and reimbursement of expenses, including the Allocation Committee's filing of a joint petition for the award of common benefit

---

[5] Since PTO 6 only authorized reporting time and expenses after the JPMDL transfer, time and expenses prior to the transfer may be separately reported to Wegmann Dazet.

6

fees and reimbursement of expenses and objectors' responses to the same. The Court may also schedule hearings concerning the matter.

In addition to the procedural guidelines provided by Pretrial Order Nos. 6 and 6C, the Allocation Committee shall also take into consideration substantive fee allocation jurisprudence. Numerous factors are pertinent for consideration to derive the appropriate allocation of fees among participating attorneys.

Other special considerations include:

- Participating attorneys will not be compensated for work performed without authorization by a member of the PEC, PSC or NPC, or similarly situated leaders in state consolidated litigation.

- Review work not related to ongoing assignments is not compensable.

- Where work was performed by contract lawyers, those counsel are required to disclose the salary/wage of such contract lawyers to avoid paying windfall profits to such counsel.

- Where work which was performed in related litigation such as Celebrex, Bextra, where much of the Science, Expert, Journal Research and Discovery is shared among or with cases other than Vioxx, counsel shall be refused compensation should overlapping time or expense entries occur.

Wegmann-Dazet shall prioritize the calculation of the separate percentage applicable to common benefit costs so that the proper deduction can be made from each claimant's share of the settlement. It is understood that time is of the essence so that distributions can be expedited. Wegmann-Dazet shall promptly conduct its calculations. *See* Settlement Agreement §§ 9.2.1 & 9.2.2.

Any notices or submissions to be made to the Allocation Committee pursuant to this Pre-Trial Order or Fee Allocation Guidelines shall be made to Plaintiffs' Liaison Counsel, Russ M.

Herman, c/o Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, LA 70113; PH: (504) 581-4892; FAX: (504) 561-6024; E-Mail: VioxxMDL@hhkc.com.

In making its Recommendation to the Court, the Allocation Committee shall exercise its discretion, as previously ordered by the Court, in evaluating what work and expenses furthered the common benefit of the litigation. The above guidelines provide direction, but do not create entitlements and do not override the independent judgment and discretion of the Allocation Committee and the Court.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: All Actions | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| --- | --- |

### PRETRIAL ORDER 6(E)
### (Effect of Fee Guideline Submissions)

In Pretrial Order No. 6(D), this Court established Guidelines to govern the Allocation Committee when making its recommendation to the Court regarding attorneys' fees from the Settlement Fee and Cost Account. Therein, the Court approved the process by which attorneys wishing to have their time considered for any common benefit award could submit a three-page affidavit to the Allocation Committee describing their contributions to the litigation. Such submissions shall not be deemed a waiver of any rights of any attorney submitting an affidavit to object to a common benefit assessment, an award of attorneys' fees and reimbursement of costs from the Settlement Fee and Cost Account, and any limitation on individual attorneys' fee contracts. All such rights are hereby preserved.

BY THE COURT:

On This 31st of October, 2008

UNITED STATES DISTRICT JUDGE