UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br> ALL COMMON<br>BENEFIT FEE APPLICANTS | MDL Docket No. 1657<br><br>SECTION L<br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

### FEE ALLOCATION COMMITTEE'S OPPOSITION TO KLINE & SPECTER'S MOTION TO ENFORCE THE FULL PARTICIPATION OPTION, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE OBJECTION TO MR. HERMAN'S 8% FEE RECOMMENDATION

Kline & Specter, P.C., on April 7, 2011, filed a Motion to Enforce the Full Participation Option or, in the alternative, for Leave to File Objection to Mr. Herman's 8% Fee Recommendation.[1]

### I. Kline & Specter's Objection Is Untimely

In its Order of April 16, 2009, the Court directed any party who wished to object to Plaintiff Liaison Counsel's Motion for Award of 8% of the Settlement Proceeds as Common Benefit Fees to file a notice of objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009.  Kline & Specter's motion to enforce or motion for leave to file an objection was filed on April 7, 2011, approximately twenty-three months after the Court's deadline.

Tom Kline is a member of the Plaintiffs' Steering Committee.  Mr. Kline was well aware of Plaintiffs' Liaison Counsel's motion seeking 8% at the time the motion was filed in January

---

[1] Davis & Norris, LLP filed a similar motion on April 8, 2011, adopting the memorandum and exhibits filed by Kline & Specter in their entirety.  The Fee Allocation Committee's opposition to Kline & Specter's motion should also serve as an opposition to the Davis & Norris motion as well.

1

2009.  Mr. Kline was well aware of the Court's deadline for filing objections.  Counsel on behalf of Kline & Specter points to no valid reason to allow such an untimely objection.  Furthermore, the Court issued its order on October 19, 2010, finding that a common benefit fee percentage of 6.5% was appropriate.  No efforts were made on behalf of any claimant counsel, including Kline & Specter, to appeal or otherwise seek review of the order.  The order became final on November 18, 2011. The objections to the motion for 8% are not timely and should not be considered.

## II.  The Percentage-Fee Agreement Is Not Relevant to the Court's October 19th Order

Kline & Specter argues that the Court should vacate its October 19th Order and enforce the Full Participation Option assessment agreement, provided under the umbrella of Pre-Trial Order No. 19.  The first basis for Kline & Specter's argument appears to be that the agreement with percentage-fee objectors qualifies as new evidence under Rule 60(b) and should result in the Court revisiting its October 19, 2010 Order.  According to Kline & Specter, if the Court reconsidered the October 19th Order, the Court would find that it should enforce the Full Participation Order.

Kline & Specter's tortured Rule 60(b) analysis does not comport with either the rule or the case law that interprets it.  The agreement between the Negotiating Plaintiffs Counsel ("NPC") and the percentage-fee objectors does not constitute newly discovered evidence under Rule 60(b).  Whether Kline & Specter considered 8% an appropriate common benefit fee percentage or too high is in no way impacted by the agreement with percentage-fee objectors.  Kline & Specter had all of the information necessary from its independent knowledge and from the Plaintiffs Liaison Counsel's motion to determine whether it was in their best interests to object to the 8% motion.  The agreement with percentage-fee objectors is not material or relevant

to the Court's determination that the appropriate common benefit fee percentage in this case is 6.5%. See *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (to obtain Rule 60(b) relief, a movant must demonstrate that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment).

Moreover, Kline & Specter's knowledge of the agreement would not have resulted in the Court employing a different analysis of the appropriate common benefit fee percentage. *Id.*; see *Westridge v. Poydras Prop., Inc.,* 1996 WL 400766 (E.D. La. July 16, 1996) (Fallon, J.). The Court in its October 19th Order found that the appropriate amount of common benefit fees for work performed in this MDL is 6.5% or $315,250,000. Its analysis makes clear that the factors to be considered in making this determination relate to the amount and quality of the common benefit work performed. The Court reviewed in detail the scope of the work performed, analyzed the work using the *Johnson* factors, reviewed the common benefit percentages awarded in other cases, etc. The focus of the Court was the appropriate common benefit fee, not the contributions to the fund itself. The agreement with percentage-fee objectors would have been neither material nor controlling.

**III. Full Participation Agreements Were Nullified by the Master Settlement Agreement**

Kline & Specter argues that the Court improperly abrogated its August 2005 Order (Pre-Trial Order No. 19) by entering its order of October 19th. They argue that though the Court may have had authority under Rule 60(b) to abrogate the August 2005 order, it chose not to do so. Rather, the Court relied in error on its "inherent managerial authority" to issue its October 19th order. According to Kline & Specter, the case law cited by the Court in its analysis of its

inherent managerial authority is not applicable, and the Court has "no justification for *sua sponte* changing the deal."[2]

Pre-trial Order No. 19 offered counsel three assessment agreement options, of which the Full Participation Agreement was only one. Counsel were free to enter into any of the three agreements. The agreements though proffered to counsel under the auspices of Pre-trial Order No. 19 were in fact agreements between counsel and the Plaintiffs' Steering Committee. More than three years after Pre-trial Order No. 19 was entered, the Vioxx settlement program was announced. The settlement program was an offer to resolve individual Vioxx claims. Claimants and their counsel were free to accept or reject the offer to resolve their claims. For those who chose to accept the offer, a material term of the settlement agreement was Section 9, which authorized a common benefit fee assessment of up to 8%. In the event counsel who previously signed a Full Participation Agreement were not willing to agree to the provisions contained in Section 9, they were free to recommend to their clients not to participate in the settlement and to continue litigating their clients' claims.

Neither counsel nor their clients were forced to enroll in the settlement program. Kline & Specter chose to enroll their clients in the settlement program. In fact, Kline & Specter enrolled over 600 claimants in the settlement program and received over $115 million on behalf of their clients pursuant to the terms of the Master Settlement Agreement. They enrolled their clients with full knowledge that Section 9 of the Master Settlement Agreement annulled any previous agreements regarding an assessment percentage. Now, having reaped substantial benefits from the program, Kline & Specter motion is an incongruous effort to disavow a material term of the agreement.

---

[2] This argument is not new. It was raised previously in a timely filed objection and addressed by the Court.

The Court acted in keeping with the terms of the Master Settlement Agreement and well-within its authority in ordering a common benefit fee assessment of 6.5%. Kline & Specter is in error to assert that the cases cited by the Court in explaining its inherent managerial authority are not applicable. Kline & Specter states that none of the cases cited by the Court involved prior assessment agreements; they are mistaken. In *Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 2008 U.S. Dist. LEXIS 17535 (March 7, 2008), the court addressed a similar situation where a prior pre-trial order limited common benefit fees to 4%. Thereafter, a settlement was reached and the master settlement agreement provided that the MDL Judge Donavan Frank would determine the amount of the common benefit payment. Objectors in *Guidant* made the same argument as the one asserted by Kline – "to impose a different common benefit fee now would involve a 'bait and switch.'" *In re Guidant,* 2008 U.S. Dist. LEXIS 17535, at 39. The court disagreed: "[E]ven if there was an agreement previously to utilize a straight assessment at 2% + 2%, the terms of the MSA contracted around it." *Id.*

This Court also has rejected Kline's argument. The Court noted in its order of October 19, 2010: "in recommending the Settlement Agreement to their clients and participating in the Settlement Program, all Vioxx primary plaintiffs' attorneys consented to a common benefit assessment of up to 8%." See Order of Oct. 19, 2010, at 25. The Court also noted in footnote 15 the following:

> The Court takes this opportunity to discuss the initial fee assessments set by the Court in Pretrial Order 19, as well as criticism that the NPC did an end-run around those agreements and "used their control of settlement negotiations to make more money available for themselves." Silver & Miller, *supra* at 132. The PTO 19 fee assessment agreements were reasonable and appropriate to create a fund to compensate common benefit attorneys for the consolidated MDL discovery work that was contemplated at that early stage of the litigation. When circumstances changed as a result of the extensive discovery,

5

> numerous trials, and through negotiation and implementation of a global opt-in settlement, it became necessary to reevaluate the reasonable compensation for the common benefit attorneys who accomplished those tasks. **The claimants and their attorneys acknowledged those changed circumstances when they accepted the terms of the Settlement Agreement which supplanted the PTO 19 assessments.** Settlement Agreement § 9.2.1.

*Id.* (emphasis added).

Lastly, at the core of Kline & Specter's argument is the conclusion that they would be treated more favorably in another venue and that they would not have filed their cases in the MDL but for the Court "inducing" them to do so through the Full Participation Option. "Having induced plaintiffs' counsel to file their cases in the MDL, rather than other venues that were equally available to them, both the Court and the PSC should [sic] their commitment. Without the Full Participation Agreement, some other court may have been deciding the size of the common benefit fund." Mot. to Enforce Full Participation Option, at 24-25. As they have pointed out, Kline & Specter are able lawyers, fully capable of trying the cases of their Vioxx clients and negotiating their own settlement. They were free to do this. If they had done so, they could have operated under the Full Participation Option. However, they chose not to. They chose to enroll their clients in the settlement program. Having reaped the benefit of others' work who tried cases, who negotiated the settlement, and who ensured that their clients were paid in an efficient and fair manner, Kline & Specter's arguments that they were duped into participating in the MDL are disingenuous.

In sum, the agreement with percentage-fee objectors is not material or relevant to the Court's Order of October 19, 2011, and is not an appropriate basis for Rule 60(b) relief. The newly-asserted objections to the Plaintiffs' Liaison Counsel's Motion for 8% are not timely and should not be considered.

For these reasons, Kline & Specter's Motion to Enforce the Full Participation Option, or, in the alternative, for Leave to File Objection to Mr. Herman's 8% Fee Recommendation should be denied.

Respectfully submitted,

Date:   April 29, 2011           By:   /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892

**PLAINTIFFS' LIAISON COUNSEL, CHAIR OF THE FEE ALLOCATION COMMITTEE, AND LIAISON COUNSEL FOR COMMON BENEFIT COUNSEL**


By:   /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343

**PLAINTIFFS' CO-LEAD COUNSEL, SECRETARY OF THE FEE ALLOCATION COMMITTEE, AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

By:    /s/ Christopher A. Seeger
      **Christopher A. Seeger**
      *Seeger Weiss*
      One William Street
      New York, NY 10004
      Telephone: (212) 584-0700

      **PLAINTIFFS' CO-LEAD COUNSEL AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

Russ M. Herman, Esq.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892 (telephone)
(504) 561-6024 (telecopier)

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Thomas V. Girardi, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
(213) 977-0211 (telephone)

Mark Lanier, Esq.
LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, TX 77069
(713) 659-5200 (telephone)
(713) 659-2204 (telecopier)

Edward F. Blizzard, Esq.
BLIZZARD, MCCARTHY & NABERS, LLP
Lyric Centre, 440 Louisiana
Suite 1710
Houston, TX 77002-1689
(713) 844-3750 (telephone)
(713) 844-3755 (telecopier)

Perry Weitz, Esq.
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
(212) 558-5500 (telephone)
(212) 344-5461 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

**FEE ALLOCATION COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this <u>29th</u> day of April, 2011.

 /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555