JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2004

FILED
CLERK'S OFFICE

**MDL 1657**

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

_____

IN RE VIOXX LITIGATION MDL DOCKET NO: _____

_____

**MOTION TO TRANSFER AND CONSOLIDATE**
**PURSUANT TO 28 U.S.C. Sec. 1407**

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiffs, Salvadore Christina, Sr. individually and on behalf of others similarly
situated, C.A. 04-2726, U.S.D.C., Eastern District of Louisiana, New Orleans Division

OFFICIAL FILE COPY

IMAGED OCT -8 '04

EXHIBIT
A

PLEADING NO. 1

Now into Court, through undersigned counsel, come the plaintiffs in the case entitled

*Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class*

*Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of*

*Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,* who, through their undersigned

counsel, move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant

to 28 U.S.C. Sec. 1407, to transfer and consolidate the cases listed in the attached Schedule of

Actions Involved, such actions concerning consumer claims and personal injury claims stemming

from the prescription drug Vioxx (rofecoxib).

1.

Movants are consumers who sustained economic damages and/or personal injuries as a

result of the ingestion of Vioxx taking for medical conditions.

2.

Vioxx was launched in the United States in 1999. Subsequently, Vioxx was removed

from the market resulting from the overwhelming undisclosed negative reactions from ingestion

of the drug.

3.

Because of these failures to disclose such risks, Vioxx was prescribed to consumers for

medical purposes for which it greatly increased the risk and resulting effects of strokes and heart

attacks. In such circumstances, consumers were unwittingly made to pay for Vioxx, and go to

the time and expense of obtaining Vioxx, while not being informed of the elevated risks of such

injury and suffered from such injuries.

4.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

WHEREFORE, Plaintiffs pray that the Panel transfer and consolidate the cases referenced in the attached Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial proceedings.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445
Plaintiffs counsel in *Christina v. Merck and Company, Inc.*, U.S.D.C., Eastern District of Louisiana, C.A. 04-2726

-3-

MULTIDISTRICT LITIGATION

OCT - 8 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

IN RE VIOXX LITIGATION MDL DOCKET NO: _____

## MEMORANDUM IN SUPPORT OF MOTION
## TO TRANSFER AND CONSOLIDATE
## PURSUANT TO 28 U.S.C.  Sec. 1407

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiffs, Salvadore Christina, Jr. individually and on behalf of others similarly
situated, C.A. 04-2726, U.S.D.C., Eastern District of Louisiana, New Orleans Division
[Additional Counsel Listed on Signature Page]

RECEIVED
CLERK'S OFFICE

2004 OCT - 6  A 11: 54

PANEL ON
MULTIDISTRICT
LITIGATION

MAY IT PLEASE THE COURT:

Now into Court, through undersigned counsel, come the plaintiffs in the case entitled *Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,* who, through their undersigned counsel, move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407, to transfer and consolidate the cases listed in the attached Schedule of Actions Involved, such actions concerning consumer claims and personal injury claims stemming from the prescription drug Vioxx (rofecoxib).

## A.  BACKGROUND OF THE LITIGATION

Vioxx was launched in the United States in 1999. Subsequently, Vioxx was removed from the market resulting from the overwhelming undisclosed negative reactions from ingestion of the drug. Because of these failures to disclose such risks, Vioxx was prescribed to consumers for medical purposes for which it greatly increased the risks and resulting effects of strokes and heart attacks. In such circumstances, consumers were unwittingly made to pay for Vioxx, and go to the time and expense of obtaining Vioxx, while not being informed of the elevated risks of such injury and suffering such injuries.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

**D.**   **TRANSFER AND CONSOLIDATION INTO A MDL WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LISTED ACTIONS**

Transfer, coordination, and/or consolidation of actions is appropriate when (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions.  28 U.S.C. Sec. 1407.

Review of the listed Complaints above clearly demonstrates common questions between the suits.  Because of the similarity in allegations and prayers for relief, consolidation for pretrial purposes will foster judicial economy within the federal system, would prevent duplicative discovery by various plaintiffs against the same or similar defendants, will prevent the possibility of inconsistent discovery and pretrial rulings by various federal courts, therefore promoting the just and efficient conduct of the actions.

WHEREFORE, plaintiffs respectfully request that all genuinely related matters be consolidated for pretrial proceedings and be transferred to the Eastern District of Louisiana.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445
Plaintiffs counsel in Christina v. Pfizer, Inc.,
U.S.D.C., Eastern District of Louisiana, C.A. 04-2726

-4-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2004

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

IN RE VIOXX LITIGATION MDL DOCKET NO: _____

## SCHEDULE OF ACTIONS INVOLVED
## PURSUANT TO 28 U.S.C. Sec. 1407

**NOW INTO COURT,** through undersigned counsel comes the plaintiff, *Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,* who respectfully submit this Schedule of Actions Involved:

**Eastern District of Louisiana**

*Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,* C.A. 04-2627, Judge Jay C. Zainey, filed October 1, 2004;

**District of Minnesota**

*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc., U.S.D.C.,*

District of Minnesota, 03-CV-5166, Chief Judge James M. Rosenbaum, filed September 3, 2003;

**District of South Carolina**

      *Bridget Elaine Michaud, Plaintiffs/Class Representatives v. Merck and Company, Inc., Defendant*, U.S.D.C., District of South Carolina, C.A. 03-3083, Judge Terry Wooten, filed September 26, 2003;

**District of Missouri**

      *Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant*, U.S.D.C., Eastern District of Missouri, C.A. 03-1354, Judge E. Richard Webber, filed September 19, 2003;

**District of Ohio**

      Complaint cover page of action *Janet Dauterman, Ryan Dauterman, Brock Dauterman and Holly Dauterman, Plaintiff/Class Representative v. Merck and Company, Inc.*, U.S.D.C., Northern District of Ohio, C.A. 03CV7623, Judge James G. Carr, filed October 23, 2002.

                          Respectfully submitted,

                          Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
                          Matthew B. Moreland (La. Bar 24567)
                          P.O. Drawer H
                          106 West Seventh Street
                          Reserve, LA 70084
                          Telephone: (985)536-1186
                          Facsimile: (985)536-6445
                          Plaintiffs counsel in Christina v. Pfizer, Inc., U.S.D.C., Eastern District of Louisiana, C.A. 04-2726

Case MDL No. 1657   Document 1   Filed 10/08/04   Page 10 of 34

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2004

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

IN RE VIOXX LITIGATION                MDL DOCKET NO: _____

## EXHIBITS IN SUPPORT OF
## MEMORANDUM IN SUPPORT OF
## MOTION FOR TRANSFER AND CONSOLIDATION
## PURSUANT TO 28 U.S.C. Sec. 1407

**NOW INTO COURT,** through undersigned counsel come the plaintiffs, *Salvadore Christina, Sr., individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,* who respectfully submit this list of exhibits in support of their Motion to Transfer and Consolidate:

A.   Complaint filed in *Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, C.A. 04-2726, Sect. A, Mag. 3,* filed October 1, 2004;

B.   Complaint cover page of action *Carolyn Glover, Plaintiff/Class Representative v. Merck and*

*Company, Inc.,* U.S.D.C., District of Minnesota, filed September 3, 2003;

C.     Complaint filed in *Bridget Elaine Michaud, Plaintiffs/Class Representatives v. Merck and Company, Inc., Defendant,* U.S.D.C., District of South Carolina, C.A. 03-3083 filed September 26, 2003;

D.     Complaint cover page of action *Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,* U.S.D.C., Eastern District of Missouri, C.A. 03-1354, filed September 19, 2003;

E.     Complaint cover page of action *Janet Dauterman, et al, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., Northern District of Ohio, C.A. 03CV7623 filed October 23, 2002.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA 70084
Telephone: (985)536-1186
Facsimile: (985)536-6445
Plaintiffs counsel in Christina v. Pfizer, Inc.,
U.S.D.C., Eastern District of Louisiana, C.A. 04-1450



THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| SALVADORE CHRISTINA, SR.,<br>individually and on behalf of all others<br>similarly situated, | Civil No.  04 2726 |
| | Jury Trial Demanded |
| *Plaintiff/Class Representative,* | Class Action Complaint |
| vs. | **SECT. A MAG. 3** |
| MERCK & CO, INC., a New Jersey<br>Corporation | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

NOW INTO COURT comes Plaintiff SALVADORE CHRISTINA, individually and on behalf of all others similarly situated, and hereby alleges as follows based upon public documents and information and belief against Merck & Co., Inc. (hereinafter "Defendant").

### PARTIES

1.      Plaintiff SALVADORE CHRISTINA, SR. is a resident citizen of Louisiana, Parish of Jefferson. Plaintiff was prescribed and purchased the drug Vioxx for treatment of nerve pain and gout.  Plaintiff brings this action to recover damages for personal injuries sustained after taking Vioxx.

2.      Defendant Merck & Company, Incorporated is a New Jersey corporation with its principal place of business in New Jersey.  Merck describes itself as a global research-driven pharmaceutical products company.

2004 OCT - 8  A  11: 21

CLERK'S OFFICE
RECEIVED



**EXHIBIT**

A

Case MDL No. 1657 Document 1 Filed 10/08/04 Page 13 of 34

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.     This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred, in part, in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

6.     Plaintiff brings this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive relief against Merck, who tested, marketed, distributed, promoted, sold, prescribed and filled Vioxx, which the Plaintiff took after it was prescribed to him, and, as a result thereof, suffered damages.

7.     This case involves the Plaintiff's use of a drug called Vioxx (rofecoxib). It was designed to treat osteoarthritis, rheumatoid arthritis, acute pain, and migraines.

8.     It was designed, formulated, patented, marketed, sold, and ultimately distributed by the Defendant as Vioxx.

9.     Osteoarthritis, or degenerative joint disease, is characterized by the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

10.     Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

11.     Vioxx is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). It works by reducing substances that cause inflammation, pain and fever.

12.     Prostaglandins are chemicals that are important in promoting inflammation and its symptoms (pain, fever, swelling and tenderness). Vioxx blocks the enzyme that makes prostaglandins thereby reducing the amounts of prostaglandins, and reducing inflammation and its symptoms.

13.     The United States Food and Drug Administration ("FDA") first approved Vioxx in 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and menstrual pain. It was subsequently approved to treat rheumatoid arthritis in adults and children.

14.     In June 2000, Merck submitted a safety study to the FDA entitled "Vioxx Gastrointestinal Outcomes Research" that found an increased risk of serious cardiovascular events, including heart attacks and strokes in patients taking Vioxx.

15.     In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

16.     In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

17.     Other studies recently suggested an increased risk of cardiovascular events, and the FDA was in the process of reviewing these studies to determine if further labeling changes were needed.

- 3 -

18.     On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. The risk was approximately twice that of individuals taking a placebo.

19.     Annual sales of Vioxx total approximately $2.5 billion.

20.     Defendant had an obligation not to violate the law in the manufacture, design, and sale of Vioxx.

21.     Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq.

22.     Defendant failed to meet the standard of care set by the above statutes and regulations, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant negligent per se.

## COUNT I
### Breach of Express Warranty

23.     Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

24.     Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

25.     In using Vioxx, the Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

- 4 -

26.     As a direct and proximate result of Defendant's breaches of warranties, Plaintiff was injured and suffered special and compensatory damages to be proven at trial.

## COUNT II
### Violation Of Warranty Of Redhibition

27.     Defendant was aware that there was no evidence to suggest that Vioxx had any measurable efficacy to treat these off-label uses and thus it was not fit for its intended uses.

29.     Also, because Defendant was also the manufacturer of Vioxx, Defendant is deemed to be aware of Vioxx's redhibitory defects pursuant to LSA-C.C. art. 2545.

30.     Because there was no clinically significant evidence providing that Vioxx had any effect on the treatment of Plaintiff's illness, and Plaintiff avers that Plaintiff would not have purchased Vioxx had Plaintiff known of these defects.

31.     Defendant is thus liable to each of the proposed class members under the theory of redhibition.

32.     Thus, each class member is entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiff may be entitled.

## COUNT III
### Breach Of The Implied Warranty

33.     Plaintiff incorporates the allegations contained in the preceding paragraphs.

34.     Defendant has breached the implied warranty of merchantability in that Vioxx was not reasonably fit for the off label purposes for which it was sold, intended, or reasonably foreseen, to be used.  Moreover, the Vioxx manufactured and sold by Defendant was defective on the date of its delivery to Plaintiff and the Class.

- 5 -

Case MDL No. 1657 Document 1 Filed 10/08/04 Page 17 of 34

35.     Defendant has also breached the implied warranty of fitness for a particular purpose. Vioxx is not reasonably fit for the specific off label purposes for which Defendant knowingly sold it and for which the Plaintiff and Class bought Vioxx in reliance on Defendant.

36.     Plaintiff and the Class have suffered damages as a result of Defendant's breach of warranty.

## COUNT IV
### Unjust Enrichment

37.     Plaintiff incorporates the allegations contained in the preceding paragraphs.

38.     Defendant has knowingly received, and continues to receive, a substantial benefit at the expense of Plaintiff and Class members.

39.     It would be unjust and unconscionable to permit Defendant to enrich themselves at the expense of Plaintiff and Class members and to retain the funds that Defendant wrongfully obtained from Plaintiff and Class members.

## COUNT V
### Negligence

40.     Plaintiff incorporates the allegations contained in the preceding paragraphs.

41.     Defendant has a duty to exercise the necessary degree of care expected and required of manufacturers of health care products. Defendant deviated from that duty by promoting the off-label uses of Vioxx.

42.     As a result of Defendant's negligence, Plaintiff and the Class have been injured. These damages are the actual and proximate result of Defendant's breach of this duty of care.

## CLASS ACTION

43.     This action is appropriate for determination through the Class Action Procedure for the following reasons:

A.     The large number of potential claimants present a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims;

B.     The common issues of law and fact pertaining to the determination of fault and the liability for compensatory and exemplary damages predominate over the individual issue of quantum, and such issues are typical of similar claims;

C.     The determination of fault and the basis for assessment of compensatory and exemplary damage may be made in the class action without the necessity of proof at that time as to the amount of those damages, thereby establishing guidelines for settlement and/or subsequent trials in individual cases if necessary;

D.     Petitioners herein have sustained damages of the nature described hereinabove and are suitable representatives of the class;

E.     The Plaintiffs herein are represented by skilled attorneys who are experienced in handling mass torts and class actions, and who can be expected to handle this matter in an expeditious and economical matter to the best interests of the class membership;

F.     The class action procedure is the superior vehicle for the efficient disposition of the issues and claims herein presented.

**WHEREFORE,** Plaintiffs pray:

1.     that defendant be required to answer this class action complaint after all legal delays have run, all in accordance with law;

2.     that after due proceedings had, that this action be certified as a class action, as alleged above, for the purposes of determining the common issue of liability for appropriate damages;

3.     that upon certification of the class action, the Court call for the formulation of a suitable management plan;

4.     that after due proceedings had, and a trial by jury, there be judgment herein in favor of Plaintiffs and against defendant, for all damages which are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings;

5.     that the rights of the Plaintiffs and the members of the class to establish their entitlement to compensatory damages, and the amounts thereof, be reserved for determination in their individual actions when appropriate;

6.     that Plaintiffs recover their costs for the prosecution of this class action;

7.     that a medical monitoring class be certified, and the court award appropriate damages sufficient to establish a medical monitoring program as deemed effective by Plaintiffs' medical experts; and

8.     that the Court render judgment in favor of the Plaintiffs' class awarding all

damages as prayed for herein, including attorneys' fees, with all costs assessed

against Defendant.


                    **RESPECTFULLY SUBMITTED,**


                    **LAW OFFICES OF DANIEL E. BECNEL, JR.**
                    **Daniel E. Becnel, Jr. (T.A., La.Bar 2926)**
                    **Matthew B. Moreland (La.Bar 24567)**
                    **106 West Seventh Street**
                    **P.O. Drawer H**
                    **Reserve, LA   70084**
                    **Telephone: (985) 536-1186**
                    **Facsimile: (985) 536-6445**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CAROLYN Y. GLOVER        No.
          Plaintiffs,

v.                         COMPLAINT

MERCK & CO., INC., a New Jersey      JURY TRIAL DEMANDED
corporation,

          Defendants.

---

Plaintiff Carolyn Y. Glover, by and through counsel undersigned, alleges as their complaint

against Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Carolyn Y. Glover, at all times relevant hereto, has resided in St. Clair County,

Illinois. As used herein, "Plaintiff" shall refer to Carolyn Y. Glover unless specifically noted

otherwise.

2.    At all times relevant herein, Defendant Merck & Co., Inc. (Merck), was and is an

American pharmaceutical company incorporated under the laws of the State of New Jersey with its

principal place of business at One Merck Drive, P. O. Box 100, Whitehouse Station, New Jersey.

Defendant was and is in the business of profiting from the design, manufacture, marketing,

distribution and/or sales of the brand-name prescription drug Vioxx (rofecoxib).

3.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity

1



EXHIBIT
B

FILED

SEP 2 6 2003

LARRY W. PROPES, CLERK
FLORENCE, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRIDGET ELAINE MICHAUD, | : File No. 4-03-3083-12 |
| Individually and as Personal Representative | : |
| on behalf of the Estate of ANDRE ADRIAN | : **COMPLAINT** |
| MICHAUD, DECEDENT, | : Negligence |
| | : Strict Liability |
| Plaintiffs, | : Misrepresentation and Suppression of Defendant |
| v. | : Breach of Warranty |
| | : Fraud |
| MERCK & CO., INC., a New Jersey | : Violation of Unfair Trade Practices Act |
| corporation, | : Survival |
| | : Wrongful Death |
| Defendants. | : Loss of Consortium |
| | : |
| | : <u>JURY TRIAL DEMANDED</u> |

Plaintiff Bridget Elaine Michaud, by and through counsel undersigned, alleges as her complaint against Defendant as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Bridget Elaine Michaud and decedent Andre Adrian Michaud, at all times relevant hereto, have resided in Horry County, South Carolina and until decedent's death have been lawfully married to one another as husband and wife.    Hereinafter, all references to "Plaintiff" refer to Plaintiff's decedent unless specifically noted otherwise.

2.    At all times relevant herein, Defendant Merck & Co., Inc. (Merck) was and is an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at One Merck Drive, P. O. Box 100, Whitehouse Station, New Jersey. Defendant was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Vioxx (rofecoxib).

1



EXHIBIT
C

3.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from the Defendants.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391. The drug Vioxx was prescribed for, purchased by and ingested by Plaintiff in the District of South Carolina. Defendant advertised in this District, received substantial compensation and profits from sales of the drug in this District, and made material omissions and misrepresentations and breached warranties in this District.

## FACTUAL ALLEGATIONS

5.    This action arises from the sales and efficacy of Vioxx, a pain-relief drug containing rofecoxib. Vioxx is a selective COX-2 inhibitor marketed by Defendant as an anti-inflammatory analgesic.

6.    Defendant, Merck & Co., Inc. ("Merck") obtained FDA approval on Vioxx in approximately May of 1999 and began its distribution and sale throughout the United States in approximately May of 1999. Vioxx is a brand name used by Merck to market and distribute rofecoxib.

7.    Plaintiff, Andre Adrian Michaud, at age 55, received a prescription for Vioxx on or about June 13, 2001. Plaintiff took the drug as prescribed by a medical professional. Plaintiff died on September 4, 2001 from cardiac arrest.

8.    Vioxx was a proximate and legal cause of Plaintiff's cardiac arrest.

9.    Plaintiff Bridget Elaine Michaud is the heir and personal representative of Plaintiff Andre Adrian Michaud. She brings a claim in her own name and on behalf of the estate

2

of her husband to recover damages and compensation for legal claims arising from her husband's death and injuries leading to his death.  Where claims herein are asserted on behalf of Plaintiff Bridget Elaine Michaud, she is specifically identified by name; references to "Plaintiff" without a specific identification of Bridget Elaine Michaud shall be deemed to refer to Andre Adrian Michaud.

10.     Defendant Merck distributed and sold Vioxx to consumers such as Plaintiff. Vioxx was approved for marketing based on information in the New Drug Application, which was on a fast-track, 6-month approval process to FDA.

11.     Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, Defendant promoted and marketed Vioxx as safe and effective for persons such as Plaintiff.

12.     Defendant concealed the serious cardiovascular risks associated with Vioxx because a successful launch of Vioxx was viewed as critical for Merck and safety concerns over hypertension, thrombosis, edema and/or cardiovascular events would have drastically impacted Merck's positioning in the market as compared to its competition drug, Celebrex (celecoxib), which had been placed into the market by Merck competitors Pharmacia and Pfizer some three (3) months prior to the launch of Vioxx.

13.     Merck knowingly chose to market this product, despite its knowledge at product launch and in post-marketing data thereafter that use of Vioxx carried significant risk factors. These adverse effects were realized in adverse event reports, in clinical trials where such events were adjudicated by primary investigators with Merck's assistance, and in one or more studies shortly after market launch which showed statistically significant increases in adverse cardiovascular events among Vioxx users.

3

14.     In industry sponsored studies presented at the European United League Against Rheumatism (EULAR), an organization in which Merck is a member and corporate sponsor, in June of 2000, it was shown that Vioxx use resulted in a statistically significant increase in hypertension and myocardial infarction. Merck did nothing to publish these studies, which were again reported and denied by Merck as to the hypertension problems in the official publication of the American Pharmaceutical Association, Pharmacy Today, Spin War Aside, Lessons Emerge From COX-2 Trials, in August 2000, page 3.

15.     Merck continued to deny the ill health effects associated with Vioxx while at the same time reaping the profits obtained through their non-disclosure. Merck engaged in an aggressive and expansive advertising and sampling program and gained continued increases in market share, which enhanced Merck's financial stability to the detriment of its consumers. The resultant effect to Merck in concealing and failing to reveal and warn of the risks was a more than $2 billion profit in 2000 alone to Merck and an approximately 23 percent share of the market.

16.     The profits to Merck were realized as it continued to withhold relevant data from Plaintiffs and the health care industry generally. For example, in November of 2000, Merck caused the publication of a study in the NEW ENGLAND JOURNAL OF MEDICINE and knowingly downplayed and/or withheld from this publication the severity of cardiovascular risks associated with Vioxx consumption over naproxen consumption.

17.     On or about August 29, 2001, the JOURNAL OF THE AMERICAN MEDICAL ASSOCIATION published a peer-reviewed human epidemiologic study by the Cleveland Clinic Foundation, Cleveland, Ohio, Dr. D. Mukhisjee, *et al.*, showing what Merck had concealed -- that the relative risk of developing a "confirmed adjudicated thrombotic cardiovascular event

4

(defined in the article as "myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks") among Vioxx users in Merck's trials at a 95% confidence interval ranged from 2.2 for event-free survival analysis, 2.38 compared to naproxen users, and 4.89 for developing serious cardiovascular events among aspirin-indicated patients. *See* Mukhisjee, D., *et al.*, *Risk of Cardiovascular Events Associated With Selective Cox-2 Inhibitors*, JAMA. 286:8, 954-959, Aug. 22/29, 2001. In addition, the annualized myocardial infarction rates for Vioxx users compared to placebo revealed a statistically significant increase among Vioxx users. *Id.*

18.     In the JAMA study, the authors set forth the theory that "by decreasing PGI2 production [Vioxx] may tip the natural balance between prothrombotic thromboxane A2 and antithrombotic PGI2, potentially leading to an increase in thrombotic cardiovascular events." *Id.* at 957. In a follow-up peer-reviewed study reported in the JOURNAL OF THE AMERICAN COLLEGE OF CARDIOLOGY on or about February 6, 2002, Dr. Richard J. Bing conducted scientific testing and confirmed that the Cox-2 inhibitor "tips the balance of prostacyclin/thromboxane in favor of thromboxane, leading to increased vascular and thrombotic events." Bing, R., & Lomnicka, M., *Why Do Cyclo-Oxygenase-2 Inhibitors Cause Cardiovascular Events?*, J.A.C.C., 39:3, Feb. 6, 2002. This biological plausibility is further supported by studies completed at the University of Pennsylvania. Cheng, Y., *et al.*, *Role of Prostacyclin in the Cardiovascular Response to Thromboxane A2*, JOURNAL OF SCIENCE, V. 296:539-541, Apr. 19, 2002.

19.     In responsive, Merck-authored and sponsored reviews, Merck set forth the theory that naproxen had a cardio-protective effect and therefore accounted for the cardiovascular risks among its Vioxx users. However, this theory was debunked in approximately January of 2002, by a Vanderbilt University School of Medicine human epidemiologic peer-reviewed study

published in THE LANCET, concluding that based upon information previously available, this is an absence of a protective effect of naproxen or other non-aspirin non-steroidal anti-inflammatory drugs on risk of coronary heart disease. Ray, W., *et al.*, *Non-Steroidal Anti-inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Cohort Study*, THE LANCET, 359:118-123, Jan. 12, 2002.

20.    In mid-September, 2001, Merck received a *third* Warning Letter from FDA stating in part that Defendant's promotional activities and materials are "false, lacking in fair balance, or otherwise misleading in violation of the Federal Food, Drug, and Cosmetic Act (the Act) and applicable regulations." The FDA stated that Defendant's promotional campaign "minimizes the potentially serious cardiovascular findings" from a Vioxx study and "misrepresents the safety profile for Vioxx." As to Merck's May 22, 2001 press release, the FDA wrote "your claim in the press release that Vioxx has a 'favorable safety profile' is simply incomprehensible, given the rate of MI [myocardial infarction] and serious cardiovascular events compared to naproxen. The implication that Vioxx's cardiovascular profile is superior to other NSAIDs is misleading; in fact, serious cardiovascular events were twice as frequent in the VIOXX treatment group ... as in the naproxen treatment group...."

21.    In approximately April of 2002, Merck was required to place cardiovascular warnings on its Vioxx labeling based on the results of the VIGOR study. In addition, Merck was required to place new label warnings relaying that Vioxx 50 mg per day is not recommended for chronic use. These warnings were based on information that had been in Merck's possession by approximately January of 2000 at the latest and, as such, Merck did not meet its obligation to provide adequate "direction or warnings" as to the use of Vioxx within the meaning of Section 402 of the Restatement (Second) of Torts or otherwise. Neither did Merck fulfill its obligation to

6

warn the prescribing health care provider of these risks.

22. At all times relevant to this litigation, Defendant Merck had a significant market share based upon claims of Vioxx's efficacy, a very aggressive marketing program which included financial incentives to sales teams, infusion of some 700 new sales representatives, and a massive direct-to-consumer advertising and physician sampling program.

23. As a result of such marketing, Vioxx gained a significant market share in competition with Celebrex, that Merck would not have gained if Merck had not suppressed information about Vioxx and/or made false representations of Vioxx's superiority and efficacy.

24. If Defendant had not engaged in this conduct, prescribers such as Plaintiff's prescriber would not have prescribed Vioxx and patients, such as the Plaintiff, would have switched from Vioxx to safer products or would have refrained wholly from any use of Vioxx.

25. From approximately 1999 through present, Defendant has continued to engage in a common scheme of marketing, distributing and/or selling Vioxx under the guise that it was safe and efficacious for persons such as Plaintiff before, during and after Plaintiff experienced this confirmed adverse event resulting in his permanent disability.

26. Plaintiff alleges that the suppression of this information constituted a common scheme by Defendant to conceal material information from Plaintiff.

27. Plaintiff alleges that the marketing strategies, including without limitation the detail and sampling programs and direct-to-consumer advertising, of the Defendant targeted Plaintiff to induce Plaintiff to purchase Vioxx. At the time the Defendant distributed, manufactured and marketed Vioxx, Defendant intended that Plaintiff would rely on the marketing, advertisements and product information propounded by Defendant.

28. The actions of Defendant, in failing to warn of the clear and present danger posed

7

UNITED STATES DISTRICT COURT

**FILED**

EASTERN DISTRICT OF MISSOURI

SEP 19 2003

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

DEYONNE E. WHITMORE,

Civil Action No. 4:03CV0 1354 DDN

Plaintiff,

COMPLAINT

v.

**JURY TRIAL DEMANDED**

MERCK & CO., INC., a New Jersey corporation,

Defendant.

---

Plaintiff Deyonne E. Whitmore, by and through counsel undersigned, alleges as their complaint against Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Deyonne E. Whitmore, at all times relevant hereto, has resided in Jackson County, Missouri.

2.      At all times relevant herein, Defendant Merck & Co., Inc. (Merck), was and is an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at One Merck Drive, P. O. Box 100, Whitehouse Station, New Jersey. Defendant was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Vioxx (rofecoxib).

1


EXHIBIT

D

OCT 23

Toledo

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT
### WESTERN DIVISION

# 3:03CV7623

Case No.

Janet Dauterman
9478 Huffman Rd
Portage, OH  43451

Rod Dauterman
9478 Huffman Rd
Portage, OH  43451

Ryan Dauterman (DOB 6-3-66)
306 Vine Street
Bloomdale, OH 44817

Brock Dauterman (DOB 11-12-76)
26817 Lakeblue Dr., Apt. 5
Perrysburg, OH 43551

Holly Dauterman (DOB 1-18-79)
535 W. Gypsy Lane, Lot 5
Bowling Green, OH  43402

                    Plaintiffs,
       -vs-

Merck & Co., Inc.
c/o CT Corporation System
1300 E. Ninth Street
Cleveland, OH 44114

                    Defendant.
_____/

COMPLAINT with JURY DEMAND
ENDORSED HEREON

Judge JUDGE JAMES G. CARR



EXHIBIT
E

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2004

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

IN RE VIOXX LITIGATION MDL DOCKET NO: _____

## SERVICE LIST AND PROOF OF SERVICE BY MAIL

I do hereby certify that on this 5th day of October, 2004, I served true and correct copies of

the following documents via U.S. Mail:

1. **MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407**

2. **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407**

3. **SCHEDULE OF ACTIONS INVOLVED PURSUANT TO 28 U.S.C. Sec. 1407**

4. **EXHIBITS IN SUPPORT OF MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407**

5. **PROOF OF SERVICE BY MAIL**

on the following parties, addressed as indicated:

RECEIVED
CLERK'S OFFICE
2004 OCT -6 A 11: 55
PANEL ON
MULTIDISTRICT
LITIGATION

Ronald S. Goldser
Zimmerman Reed
651 Nicolet Mall
Suite 501
Minneapolis, MN 55402
**Attorneys for Plaintiffs in the following cases**
*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., District of Minnesota, *Bridget Elaine Michaud, Plaintiffs/Class Representatives v. Merck and Company, Inc., Defendant,* U.S.D.C., District of South Carolina, C.A. 03-3083, *Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,* U.S.D.C., Eastern District of Missouri, C.A. 03-1354; and *Janet Dauterman, et al, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., Northern District of Ohio, C.A. 03CV7623

Daniel E. Becnel, Jr.
Law Office of Daniel E. Becnel, Jr.
P.O. Drawer H
Reserve, LA 70084
Attorney's for Plaintiff in the following case
*Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,*

Charles W. Cohen
Norman C. Klienberg
Robb W. Patryk
Theodore V. H. Mayer
of Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY 10004-1482
**Attorneys for Defendant Merck and Company, Inc. In the following cases:**
*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., District of Minnesota, C.A. 03-5166, *Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,* U.S.D.C., Eastern District of Missouri, C.A. 03-1354; and *Janet Dauterman, et al, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., Northern District of Ohio, C.A. 03CV7623, *Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class Representative v. Merck and Company, Inc., Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 04-2726, Sect. A, Mag. 3,*

Charles Avrith
of Hughes, Hubbard & Reed
350 South Grand Avenue
Los Angeles, CA 90071-3442
**Attorneys for Defendant Merck and Company, Inc. In the following cases:**
*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., District of Minnesota, C.A.03-5166, *Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,* U.S.D.C., Eastern District of Missouri, C.A. 03-1354; and *Janet Dauterman, et al, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., Northern District of Ohio, C.A. 03CV7623

Amanda M. Cialkowski
Scott A. Smith
Halleland, Lewis, Nilan, Simpkins & Johnson
220 6th St. S Suite 600
Minneapolis, MN 55402
**Attorneys for Defendant Merck and Company, Inc. in the following case:**
*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., District
of Minnesota, **C.A. 03-5166**

William Thomas Causby
Robert Bruce Shaw
Nelson Mullins Riley and Scarborough
P.O. Box 11070
Columbia , SC 29211
**Attorneys for Defendant Merck and Company, Inc. in the following case:**
*Bridget Elaine Michaud, Plaintiffs/Class Representatives v. Merck and Company, Inc.,
Defendant,* U.S.D.C., District of South Carolina, C.A. 03-3083,

Clerk of Court
Eastern District of Louisiana
500 Camp St.
New Orleans, LA. 70130
*Salvadore Christina, Sr. individually and on behalf of others similarly situated, Plaintiff/Class
Representative v. Merck and Company, Inc., Defendants, U.S.D.C.,* Eastern District of Louisiana,
New Orleans Division, *C.A. 04-2726;*

Clerk of Court
District of Minnesota
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
*Carolyn Glover, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C., District of
Minnesota, *C.A. 03-5166;*

Clerk of Court
District of South Carolina
401 W. Evans St.
Florence, SC 29501
*Bridget Elaine Michaud, Plaintiffs/Class Representatives v. Merck and Company, Inc., Defendant,*
U.S.D.C., District of South Carolina, *C.A. 03-3083;*

Clerk of Court
District of Ohio, Northern District
114 U.S. Courthouse
1716 Speilbusch Ave
Toledo, OH 43624
*Janet Dauterman, et al, Plaintiff/Class Representative v. Merck and Company, Inc.,* U.S.D.C.,
Northern District of Ohio, *C.A. 03CV7623;*

Clerk of Court
Eastern District of Missouri
111 S. Tenth St,
Suite 3.300
St. Louis, MO 63102
*Deyonne E. Whitmore, Plaintiff/Class Representative v. Merck and Company, Inc., Defendant,*
U.S.D.C., Eastern District of Missouri, *C.A. 03-1354*;

    I declare under penalty of perjury under the laws of the State of Louisiana that the
above is true and correct. Executed on October ____5____, 2004

                              Respectfully submitted,

                              Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
                              Matthew B. Moreland (La. Bar 24567)
                              P.O. Drawer H
                              106 West Seventh Street
                              Reserve, LA  70084
                              Telephone: (985)536-1186
                              Facsimile: (985)536-6445
                              Plaintiffs counsel in Christina v. Pfizer, Inc.,
                              U.S.D.C., Eastern District of Louisiana, C.A. 04-2726