BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re: Chinese Drywall Litigation  :  MDL DOCKET NO.-

### MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF LOUISIANA PURSUANT TO US 28 U.S.C. §1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Daniel E. Becnel, Jr.
Matthew B. Moreland
Becnel Law Firm
P.O. Drawer H
106 West 7th Street
Reserve, LA 70084

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation, plaintiffs in the action captioned Jill M. Donaldson, wife of/and John "Jared" Oertling, behalf of themselves and all others similarly situated, v. Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. F/K/A Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Corporation D/B/A Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc. and Rothchilt International Limited and any and all additional related actions that may be brought to the attention of the Panel against similar defendants, to the United States District Court for the Eastern District of Louisiana before the Honorable Jay C. Zainey or in the alternative to the United States District Court for the Middle District of Florida before Judge John E. Steele.


EXHIBIT B

As set forth below and in the accompanying Memorandum, Movants believe the actions listed on the accompanying Schedule of Action (attached as Exhibit "A" to Plaintiff's Memorandum of Law in Support of Motion for Transfer and Coordination or Consolidation under 28 U.S.C. §1407) satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve be interest of efficiency and convenience.

In support of this Motion, Movants state as follows:

Movants are the named plaintiff in the following action:

> Jill M. Donaldson, wife of/and John "Jared" Oertling, behalf of themselves and all others similarly situated, v. Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. F/K/A Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Corporation D/B/A Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc. And Rothchilt International Limited

Movants bring this action against defendants based on the defendants' design, manufacture, promotion, selling and putting into the stream of commerce defective drywall.

Counsel for Movants are aware of the following other federal action containing virtually identical allegations and seeking similar relief against similar defendants. See Schedule of Actions.

For the foregoing reasons, Movants respectfully move this Panel for an order transferring all pending actions against defendants and any other additional related actions that may be brought to the attention of the Panel, to the United States District Court for the Eastern

District of Louisiana before the Honorable Jay C. Zainey or in the alternative to the United States District Court for the Middle District of Florida before Judge John E. Steele.

Date: March 13, 2009

Respectfully submitted,

Daniel E. Becnel, Jr.
Matthew B. Moreland
Becnel Law Firm LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile: 985-536-6445

BEFORE THE JUDICAL PANEL ON
MULTIDISTRICT LITIGATION

In re:  CHINESE DRYWALL                :       MDL DOCKET NO.

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS
PURSUANT TO 28 U.S.C. § 1407

Daniel E. Becnel, Jr.
Becnel Law Firm
P.O. Drawer H
106 West 7th Street
Reserve, LA 70084

I.
INTRODUCTION

Pursuant to 28 U.S.C. § and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiffs in the action captioned *Jill M. Donaldson, wife of/and John "Jared" Oertling, behalf of themselves and all others similarly situated, v. Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. F/K/A Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Corporation D/B/A Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc. and Rothchilt International Limited* respectfully submit this Brief in Support of Plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407.

*Jill M. Donaldson, wife of/and John "Jared" Oertling, behalf of themselves and all others similarly situated, v. Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. F/K/A Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Corporation D/B/A*

*Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc. and Rothchilt International Limited*, and the other related actions listed in the accompanying Schedule of Actions were filed against numerous Chinese drywall manufacturers and suppliers by individuals whose homes contain Chinese drywall. The legal theories and facts asserted in all of those actions are virtually identical and arise from the common conduct of the defendants in designing, manufacturing, selling, and putting into the stream of commerce their defective Chinese drywall.

## II.
## SUMMARY OF THE CASE

Plaintiffs brought actions against manufacturers and supplies of Chinese drywall that has been used in the homes of consumers around the country, but particularly in Florida and Louisiana. Plaintiffs allege that Chinese drywall is inherently defective because it omits various sulfide gasses and other chemicals through "off gassing" that creates noxious, "rotten egg like odors" and causes corrosion of air conditioner and refrigerator coils, microwaves, faucets, utensils and copper tubing, electrical wiring, computer wiring, personal property, electrical appliances and other metal surfaces in household items.

This defect is latent and existed in defendants' drywall at the time plaintiffs' homes were built regardless of the way the product was installed. Furthermore, there is no repair that would correct this defect.

The defendants in this case include the manufacturers of drywall. The manufacturing defendants are located in Germany and China and include defendants, Knauf Gips and its

subsidiaries Knauf Tiajin, Knauf Wuhu, and Knauf Dongguang. Defendants' drywall is often used in Florida and Louisiana because of the significant amount of hurricanes and environmental disasters, as well as the construction boom of 2004-2006, which resulted in the building of new homes and replacements of homes.

Defendants and numerous other entities around the country used this Chinese drywall and are similarly liable. The Chinese drywall has been sold and distributed mostly in Florida and Louisiana; however, reports of defective Chinese drywall have also surfaced in Arizona, Colorado, Georgia, Maryland, Nevada, New Jersey, New Mexico, North and South Carolina, Virginia, and Texas. Shipping records indicate that 550 million pounds of Chinese drywall was offloaded to US ports since 2006. This is enough drywall to build 60,000 average sized homes. As a result of the conduct of defendants, plaintiffs and thousands of other consumers across Florida and numerous other states have suffered economic losses and personal injury by owning homes containing inherently defective drywall.

Several cases have been filed regarding this problem and others are likely to be filed requiring consolidation pursuant to § 28 U.S.C. § 1407.

III.

PENDING ACTIONS

There are other related actions filed in the federal courts. There may be other pending federal actions of which Movants are unaware. Movants expect additional cases to soon be filed. Pursuant to Panel Rule 7.5(e) regarding notice of "tag-along" actions, these actions should also be transferable.

IV.
## TRANSFER TO ONE DISTRICT FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS WILL PROMOTE §1407'S GOALS OF INSURING THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS, AND AVOIDING INCONSISTENT OR CONFLICTING SUBSTANTIVE AND PROCEDURAL DETERMINATIONS

Pursuant to 28 U.S.C. § 1407 (a) the above actions should be coordinated and Consolidated. 28 U.S.C. § (a) provides, in relevant part:

> When civil actions involving one or more common questions for fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on the Multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The transfer of actions to a single forum under §1407 is appropriate where, as here, it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions. *In re Litig. Arising from Termination of Retirement Plan for Employees of Firearm's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976); In re LTV Corp. Sec. Litig., 470 F. Supp. 859, 862 (J.P.M.L. 1979).

The litmus test of transferability and coordination under § 1407 is the presence of commonquestions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). Common questions are presumed "where two or more complaints assert comparable assert comparable allegations against identical defendants based on similar transactions and events." *In re Air West, Inc., Securities Litig.*, 384 F.Supp.609, 611 (J.P.M.L. 1974); *See also In re Cuisinart Food Processor Antitrust litig.*, 506 F.Supp. 651, 654-655 (J.P.M.L 1981). The transfer of actions to a single forum under §1407 is appropriate where, as here, it

will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions. Moreover, while this matter involves numerous defendants, consolidation and transfer is appropriate because all defendants, and potential defendants, manufactured, distributed or supplied Chinese drywall or were builders of homes with Chinese drywall. *In re Silicone Breast Implants Product Liability Litig.* 793 F.Supp. 1098, 1100 (J.P.M.L. 1992). (The Multidistrict panel found that common questions exist as long as the difference manufacturers all designed similar defective products). *See, also In re Humana Inc. Managed Care Litig.*, 2000 WL 1952080, *3(J.P.M.L. August 4, 1994) (common questions of law and fact existed even when defendants included different health care insurers.); *In re Orthopedic Bone Screw Products Liability Litig.*, (MDL 1014) (J.P.M.L. August 4, 1992); and *In Re Phenylpropanolamine (PPA) Products Liability Litigation*, at p.2 (MDL 1407) (J.P.M.L. 2001).

### A.
### THE PANEL SHOULD TRANSFER THESE CASES TO
### THE EASTERN DISTRICT OF LOUISIANA

#### 1.
#### THE EASTERN DISTRICT OF LOUISIANA IS CONVENIENT FOR ALL PARTIES

The United States District Court for the Eastern District of Louisiana is a particularly convenient forum for litigation after consolidation of these actions. In *In re Worldcom, Inc. Securities & "ERISA" Litig.*, 226 F.Supp. 2d 1352 (J.P.M.L. 2002), this panel consolidated several actions and transferred the consolidated action to the nearby Southern District of New York, noting, in particular, that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office

accommodations, and offers a well-developed support system for legal services." *Id.* At 1355; *See also, In re Jamster Mktg. Litig.,* 427 F.Supp. 2d 1366, 1368 (J.P.M.L. 2006) (choosing as a transfer forum an "accessible metropolitan location"). These considerations of convenience apply with full force to the United States District Court for the Eastern District of Louisiana's New Orleans courthouse. The courthouse is 12 miles from New Orleans International Airport. New Orleans is easily accessible by plane. Accordingly, convenience weighs in favor transferring and consolidating these actions in the United States District Court for the Eastern District of Louisiana.

## 2.
## THE HONORABLE JAY C. ZAINEY IS AN EXPERIENCED JUDGE CAPABLE OF HANDLING THIS LITIGATION

Also, the experience and ability of Judge Jay C. Zainey is another factor which militates in favor of transferring these actions to the United States District Court for the Southern District of Louisiana. The availability of an experienced and capable judge weights in favor of transferring a case to that district. *See e.g., In re Hawaiian Hotel Room Rate Antitrust Litig.,* 438 F.Supp. 935, 936 (J.P.M.L. 1977); *In re Sugar Indus. Antitrust Litig.,* 437 F.Supp. 1204, 1208 (J.P.M.L. 1977); *In re Ampicillin Antitrust Litig.,* 315 F.Supp. 317, 319 (J.P.M.L. 1970). The experience and knowledge of a particular judge is one of the factors that may be considered in determining the appropriate transferee forum. *See e.g., In re "Factor VIII or IX Concentrate Blood Prod. Liab. Litig.,* 853 F.Supp. 454, 455 (J.P.M.L. 1993); *In re Silicone Gel Breast Implants Prods. Liab. Litig.,* 793 F.Supp. at 1101; *In re Data General Corp. Antitrust Litig.,* 470 F.Supp. 855, 859 (J.P.M.L. 1979).

Judge Zainey is eminently qualified to preside over this litigation. Judge Zainey has served in the Eastern District of Louisiana as a federal Judge for seven years and he has had the distinction of presiding over *In re: Train Derailment Near Amite, Louisiana, on October 12, 2003*, MDL No. 1531. In this matter, he brought the case to a final conclusion through settlement and confirming administration of the settlement to bring the entire MDL No. 1531 to a close. Thus, Judge Zainey is eminently qualified to preside over this litigation.

3.
### THE EASTERN DISTRICT OF LOUISIANA IS WELL-SUITED TO HANDLE THIS LITIGATION

The MDL Panel has concluded on several occasions that the United States District Court for the Eastern District of Louisiana is an appropriate forum to hear complex litigation because of its expertise in handling these matters. *See MDL-1873 IN RE: FEMA Trailer Formaldehyde Products Liability Litigation; MDL-1355 IN RE: Propulsid Products Liability Litigation; MDL-1657 IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation; MDL-1390 IN RE: Life Insurance Co. of Georgia Industrial Life Insurance Litigation; and MDL-1984 IN RE: DirecTech Southwest, Inc., Fair Labor Standards Act (FLSA)* to name just a few of the still active MDL's in the Eastern District of Louisiana. Moreover, the Eastern District of Louisiana is able to handle its docket efficiently.

V.

### CONCLUSION

For the foregoing reasons and in light of the similar allegations regarding the defendant's conduct, and the likelihood of overlapping discovery and the potential for conflicting pretrial rulings, Movants respectfully request that this Panel order that the related

actions be centralized and transferred to the United States District Court for the Eastern District of Louisiana or alternatively the Middle District of Florida pursuant to 28 U.S.C. §1407, and that all related individual or class actions be transferred thereto as "tag along actions."

Date: March 13, 2009

Respectfully submitted,

Daniel E. Becnel, Jr.
Matthew B. Moreland
Becnel Law Firm LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile: 985-536-6445

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiff's Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407 to be served this 13th Day of March, 2009 by U.S. mail, postage prepaid, upon the following:

Clerk of Court
United States District Court
400 N. Miami Avenue, Courtroom 11-1
Miami, Florida 33128-1807

Clerk of Court
United States Courthouse, Suite 1200
401 West Central Boulevard
Orlando, FL 32801

Clerk of Court
C-151 Hale Boggs Federal Bldg.
  United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Clerk of Court
260 Joseph P. Kinneary
  United States Courthouse
85 Marconi Boulevard
Columbus, OH 43215-2835

Ervin Amado Gonzalez
Patrick Shanan Montoya
Colson Hicks Eidson
255 Aragon Avenue
2nd Floor
Coral Gables, FL 33134-2351

Arnold Levin
Fred S. Longer
Daniel Levin
Levin, Fishbein, Sedran & Berman
510 Walnut, Suite 500
Philadelphia, PA 19106

Jordan L. Chaikin, Esquire
Parker Waichman Alonso, LLP
27399 Riverview Center Blvd., Suite 106
Bonita Springs, FL 34134
Counsel for Plaintiffs:
Shane M. Allen and Nicole J. Allen
M.D. Fl. 09-cv-54-FtM 99 DNF

Daniel E. Becnel, Jr., Esquire
Becnel Law Firm, LLC
106 West 7th Street
P.O. Drawer H
Reserve, LA 70084
Counsel for Plaintiffs:
Jill M. Donaldson and John "Jared" Oertling

Jack Lanskroner, Esquire
Landskroner Grieco Madden, Ltd.
1360 W. 9th Street, Ste. 200
Cleveland, OH 44113
Counsel for Plaintiff:
Steven Minafri
S.D. Ohio 2:09-cv-167

Michael D. Hausfeld
Richard S. Lewis
James J. Pizzirusso
Faris Ghareeb
Hausfeld, LLP
1700 K Street NW
Suite 650
Washington, DC 20006

Richard Serpe
Law Office of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322

Robert Gary
Gary, Naegele & Theado, LLC
446 Broadway
Lorain, OH 44052

Richard W. Stimson
Attorney at Law
920 Waters Reach Court
Alphretta, GA 30022

## Unrepresented Parties

Kanuf Plasterboard (Tianjin) Co. Ltd.
North Yinhe Bridge, East Jingjin Road
Beichen District
Tianjin, China 300400 P.R.C.

Rothschilt International Limited
N-510 Chai Hsin Bld.
Annex 96 Chung Shan N. Rd. Sec. 2
Taipei, Taiwan, R.O.C.

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

Knauf Plastboard Wuhu Co. Ltd.
No. 2 Gang Wan Road
RC-241009 Wuhu Anhui, China

Knauf Plasterboard Dongguan Co. Ltd
No. 2 Xinsha Development Zone
RC-523147 Guangdong, China

Banner Supply
7195 N.W. 30th Street
Miami, FL 33122

South Kendal Construction
2368 SE 17th Ter.
Homestead, FL 33035

Taishan Gypsum Co., Ltd.
f/k/a/ Shandong Taihe Dongxin Co., Ltd.
Dawenkou, Taian

Taylor Morrison
8430 Enterprise Circle, Ste. 100
Bradenton, FL 34202

Independence Builders Supply Association, Inc.
1801 Wal Pat Road
Smithfield, NC 27577-9436

Tousa
4000 Hollywood Blvd., Ste. 500N
Hollywood, FL 33021

Black Bear Gypsum Supply, Inc.
2050 Tall Pines Drive Suite B
Largo, FL 3771-3899

L & W Supply Corporation
d/b/a Seacrest Supply
550 West Adams Street
Chicago, IL 60661-3676

Interior Exterior Building Supply
727 S. Cortez
New Orleans, LA 70119

New NGC, Inc.
2001 Rexford Road
Charlotte, NC 28211

M/I Homes, Inc.
3 Easton Oval, Ste. 500
Columbus, OH 43219

USG
550 West Adams Street
Chicago, IL 60661-3676
LA Suprema Trading Inc.
221 NE 164th Street
North Miami Beach, FL

LA Suprema Enterprise, Inc.
221 NE 164th Street
North Miami Beach, FL

_____
Matthew B. Moreland

Before the Judicial Panel on Multidistrict Litigation
MDL -   - In re Chinese Drywall Litigation

SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs:<br>Karen Vickers, Felix Martinez, Jenny Martinez, Jason Santiago, Gene Raphael, Walter Niemczura and Jim Tarzy, individually and on behalf of all others similarly situated<br>Defendants:<br>Knauf Gips KG, a German Corporation, Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterbard (Wuhu) Co. Ltd., Knauf Plasterboard (Dongguan) Co. Ltd., Banner Supply Co., Rothchilt International Ltd., Taylorwoodrow Communities at Vasari, L.L.C., a Florida corporation, Tousa Homes, Inc., f/k/a Engle Homes, and South Kendall Construction Corp. | S.D. Fl. | 09-20150 | Allan S. Gold |
| Plaintiffs:<br>Shane M. Allen and Nicole J. Allen, on behalf of themselves and all others similarly situated<br>Defendants:<br>Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Co. d/b/a Seacoast Supply Co., La Suprema Trading, Inc., Black Bear Gypsum Supply, Inc., Independent Builders Supply Association, Incl, Rothchilt International Limited and Banner Supply Co. | M.D. Fla. | 02:09-cv-54 ftm-99-DNF | Douglas N. Frazier |
| Plaintiffs:<br>Jill M. Donaldson, wife of/and John "Jared" Oertling, on behalf of themselves and all other similarly situated | E.D. La | 09-2981 | Jay C. Zainey |

| Defendants:<br>Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., USG Corporation, L&W Supply Corporation d/b/a Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc., and Rothchilt International Limited | | | |
|---|---|---|---|
| Plaintiffs:<br>Steven Minafri, on behalf of himself and all others similarly situated, On Behalf of the General Public<br>Defendants:<br>M/I Homes, Inc., Knauf Gips KG, Knauf Plasterboard (Tianjin) Co., Ltd. and Does 1-100 | S.D. Ohio | 2:09-cv-167 | Algenon L. Marbley |

Date:   March 13, 2009

Respectfully submitted,

Daniel E. Becnel, Jr.
Matthew B. Moreland
Becnel Law Firm LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile:   985-536-6445