Exhibit "78"

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 1910211

215-772-1000
800-597-9585
FAX: 215-735-0960

Thomas R. Kline, Esquire
Direct Dial ( 215) 772-1360
thomas.kline@klinespecter.com

## FEBRUARY 28, 2007

Re: *In Re Vioxx Litigation, April Term, 2005, No. 0736*

**VIA HAND-DELIVERY**
*Honorable Paul P. Panepinto*
*Room 622, City Hall*
*Philadelphia, Pennsylvania 19107*

Dear Judge Panepinto:

As requested at the status conference on February 21, 2007, the following is Plaintiffs' Joint Proposal to Consolidate Cases for discovery and trial. Plaintiffs have also attached a form Order for the Court's convenience.

This proposal is made on behalf of all Plaintiffs' firms who have Vioxx cases pending in Philadelphia County[1]. Modifying the current Trial Order, dated October 6, 2006, Plaintiffs suggest that 10 to 15 of the existing Vioxx case inventory be identified by Plaintiffs by March 19, 2007 and that those cases be scheduled for discovery and a joint trial on a date which is convenient for both plaintiffs and defendants. Plaintiffs think that

---

[1] Aside from Kline & Specter, the following firms have Philadelphia County Vioxx cases: Levin, Fishbein, Sedran & Berman; Saltz, Mongeluzzi, Barrett & Bendesky; Lopez McHugh, LLC; Scott Levensten; Messa & Associates; and Golomb & Honik.

-1-

KS-001303

fact discovery could be accomplished in 120 days, with the trial commencing on October 15, 2007.

Plaintiffs submit that a joint trial would streamline the litigation both in terms of cost and time by trying the "conduct" of Merck first, in the general liability portion of the trial. Vioxx was on the market from May, 1999 until it was withdrawn on September 30, 2004. There is a tremendous amount of information to be conveyed to the jury. Merck has indicated that they intend to try each and every one of these Vioxx cases. Presenting this evidence once for the group of cases would enable the plaintiffs to combine resources. After the general liability portion of the trial is completed (Phase I), and assuming there is a verdict for the plaintiff, then the jury would continue to determine case-specific liability and damages (Phase II) in a series of mini (one to two day) trials. If the jury finds for Merck in Phase I, then the selected cases would be concluded.

Plaintiffs suggest the following timing for a Pre-Trial Order:

| Date | Event |
|---|---|
| 3/19/07 | Plaintiffs identify 10 to 15 cases for discovery and trial |
| 4/1/07 | Production of Plaintiffs' Fact Sheets (to the extent not previously produced) |
| 4/30/07 | Production of Merck's Profile Forms (to the extent not previously produced) |
| 5/15/07 | (or 4 weeks following identification of selected sales representatives by Plaintiffs, whichever is later) Production of sales representative custodial documents, including paper and electronic files; e mails; sales call notes; personnel file; and IMS data. |
| 7/15/07 | Completion of all fact discovery, including depositions of Plaintiffs, treating and prescribing physicians and sales representatives |
| 8/15/07 | Plaintiffs' expert reports produced |
| 9/15/07 | Defense expert reports produced |
| 10/15/07 | TRIAL DATE |

Due to the small number of VIOXX cases on this Court's docket and the fact that both Plaintiffs and Merck have agreed to coordinate discovery in these cases with cases proceeding in New Jersey and the MDL, this modification of the October 6, 2006 Order just makes sense. Various reasons support this proposal:

1. Pa.R.C.P. 213(a) specifically provides for joint trials of actions involving a common question of law or fact. See *Streff v. Johns-Manville Corp.*, 1992 WL 1071355, 23 Phila.Co., Rptr.497 (Pa.Com.Pl.1992), in which Judge Moss consolidated multiple asbestos cases for trial.

KS-001304

> In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay. Both cases have numerous common legal and factual questions. Both Plaintiffs alleged asbestos related injuries and both pursued identical strict liability theories against identical Defendants. Moreover, Plaintiffs were asbestos exposed at the identical location: the Philadelphia Naval Shipyard where both sustained identical injuries. Both Plaintiffs retained the identical law firm where they were represented by the same trial attorneys. Both Defendants were also represented by identical law firms and trial attorneys. There are also numerous common legal issues. Both cases involved claims for risk and fear of cancer. Plaintiffs' experts relied on similar medical theories and similar risk statistics in proving these claims. Defendants also relied upon identical legal theories. Consolidation rests within the trial court's discretion and is not a matter of right. *Pullium v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983).

*Streff v. Johns-Manville Corp.*, 1992 WL 1071355, at *498-499.

The question of consolidation is left to the discretion of the trial Judge.

> In *Azinger v. Pennsylvania Railroad Co.*, 262 Pa. 242, 105 A. 87 (1918), our supreme court addressed consolidation: The question [of consolidation] is one that must necessarily be left to the discretion of the trial judge and where the issues are the same and they arise out of the same transaction, and it does not appear the trial of the cases together would tend to place the objecting party at a disadvantage, or give an undue advantage to his adversary, the action of the court in ordering cases to be tried together will not be reversed. *Id.* at 247, 105 A. at 88 (citations omitted).

*Hill v. Hill*, 422 Pa. Super 533, 535-536, 619 A. 2d 1086, 1087 (Pa.Super.1993.)

KS-001305

Contrary to Merck's assertion that the cases all involve different facts, in these cases, Plaintiffs have all similarly alleged that Merck failed to warn of the dangers of Vioxx, despite knowledge of those dangers. Issues regarding Merck's negligence; failure to warn; and general liability to the plaintiffs will be the same in each trial. The issues are complex because they involve hundreds of documents and decisions/actions by various Merck employees and ex-employees. There are common questions of fact relating to liability in each case. Bifurcating the injury and causation to Phase II of the trial would assure that the jury could determine the individual issues relating to each plaintiff separately. At that time, length of use, dosage and past medical condition of the plaintiff would be determined. If Merck is concerned that issues would be confused during Phase I, carefully crafted jury interrogatories would yield a determination of whether Merck breached a standard of care at particular times between May of 1999 and October 30, 2004.

Additionally, and as stated above, Merck has insisted that discovery in the Philadelphia County cases be closely tracked to the MDL and to New Jersey. Federal Rule of Civil Procedure 42(a) provides for consolidation of cases where common questions of law or fact exist. Consolidation was found proper in federal court cases where a joint trial on all liability issues was warranted, there were complex issues presented and there were a substantial number of common questions of fact relating to liability. *In re Air Crash Disaster at Detroit Metropolitan Airport on Aug.. 16, 1987*, 737 F.Supp. 391(E.D. Mich. 1989).

Judge Higbee has endorsed consolidated cases and is currently trying two consolidated VIOXX cases in Atlantic County. Counsel for Merck's representation that consolidated trials have been a 'disaster,' is just not accurate. The New Jersey cases taking place right now are the second group of consolidated cases to be tried there. In the first group, *Cona* and *McDarby*, the jury had no problem understanding the evidence and differentiating between individual issues. In fact, the jury returned a verdict in favor of one plaintiff and not the other.

Encouraging joint trials will maintain the goal of consistency with the New Jersey VIOXX cases[2].

2. Merck has publicly vowed to try each and every case. Plaintiffs are ready and willing to try the cases, however, the burden and expense of trying the same generic

---

[2] Additionally, Vioxx cases in California are also being consolidated for trial.

-4-

liability case for each trial is oppressive. The most efficient way to resolve the existing docket is to try groups of plaintiffs together[3].

Trying these cases one by one, as suggested by Merck, would only delay each Plaintiff's day in Court. Since April, 2005, when the program was formed, only a handful of the 40, or more, cases on the docket have been disposed of. At that rate, there is no practical way to dispose of the cases within the guidelines set by the ABA and the Complex Litigation track in the Philadelphia Court of Common Pleas. Plaintiffs' proposal would accelerate determination of the existing cases[4]. This would benefit all concerned, including this Court.

Merck claims that it would not be 'fair' to them to litigate a group of cases, however, there is nothing in this process which would rob Merck of any constitutional rights. Merck would still be able to fully discovery each case. Merck would be able to present a defense to each Plaintiffs' claim. To the contrary, it would be unfair to burden each plaintiff with having to prove the 'conduct' of Merck at each and every trial in a case like this, where Merck has produced over 2.5 million documents (translating to approximately 21 million pages of material). To say it is expensive and time consuming to prepare for this trial would be an enormous understatement. Merck seems to have an unlimited fund to pay for the defense of these cases. Unfortunately, Plaintiffs are not in the same position. Consolidation would enable Plaintiffs to level that playing field.

Plaintiffs thus respectfully request that their request for consolidation be granted. For your convenience, a proposed Order is attached hereto.

Respectfully yours,

THOMAS R. KLINE
LEE B. BALEFSKY

---

[3]Plaintiffs propose that the Schramm case, currently scheduled for trial on May 21, 2007, be part of the first group of cases.

[4]Merck claims that the current program is working well and cases are being dismissed. Plaintiffs' proposal would merely accelerate the current program. Plaintiffs are confused as to why Merck would oppose a program that would result in the determination of almost half of the cases currently filed.

KS-001307

cc: (VIA FACSIMILE)
    Joseph K. Hetrick, Esquire
    Michael F. Barrett, Esquire
    Richard M. Golomb, Esquire
    Michael M. Weinkowitz, Esquire
    Joseph L. Messa, Jr., Esquire
    Scott Levensten, Esquire
    James J. McHugh, Jr., Esquire

KS-001308

KLINE & SPECTER, P.C.
By: Lee B. Balefsky, Esquire/25321
By: Michelle L. Tiger, Esquire/43872
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

IN RE VIOXX LITIGATION

April Term, 2005

No. 0736

## ORDER

AND NOW, to wit, this          day of                    , 2007, it is hereby ORDERED and DECREED that Plaintiffs' Joint Proposal to Consolidate Cases for discovery and trial is GRANTED.

It is further ORDERED and DECREED that:

1. Plaintiffs will identify 15 cases for discovery by March 19, 2007.

2. Plaintiffs' Fact Sheets shall be produced by April 1, 2007 (to the extent not previously produced).

3. Merck's Profile Forms shall be produced by April 30, 2007 (to the extent not previously produced).

4. By May 15, 2007 (or 4 weeks following identification of selected sales representatives by Plaintiffs), Merck shall provide the production of sales representative custodial documents, including paper and electronic files; e mails; sales call notes; personnel file; and IMS data.

KS-001309

5. All fact discovery shall be completed by July 15, 2007, including depositions of Plaintiffs, treating and prescribing physicians and sales representatives.

6. Plaintiffs' expert reports are to be produced by August 15, 2007.

7. Defense expert reports are to be produced by September 15, 2007.

8. Trial will commence on October 15, 2007.

By the Court:

_____

Paul Panepinto, J.

KS-001310