UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 SECTION L JUDGE FALLON MAGISTRATE JUDGE KNOWLES |

**AFFIDAVIT OF STEPHEN B. MURRAY, JR.
IN SUPPORT OF COMMON BENEFIT FEE APPLICATION**

STATE OF LOUISIANA
PARISH OF ORLEANS

Before me, the undersigned authority, personally came and appeared Stephen B. Murray, who did depose and state the following:

1. I am a managing attorney of the Murray Law Firm. I have been employed by the Murray Law Firm as an attorney since October of 1995. Throughout the course of the Vioxx litigation, I held management responsibilities in the Murray Law Firm, including oversight of associate billing in common benefit efforts. I am familiar with the Murray Law Firm document retention policies. I am familiar with the firm's common benefit time submissions in the Vioxx MDL and the history of the firm's common benefit fee application and objections. The following is based on my personal knowledge.

2. In the course of attempting to negotiate a resolution to the Murray Law Firm's objection to the Fee Allocation Committee's (FAC's) recommendation, on Friday, May 6, members of the Fee Allocation Committee (FAC) suggested, for the first time, that the 722 hours of

Justin Bloom's attorney time set forth in the Supplemental Affidavit of Stephen B. Murray in Support of Common Benefit Fee Application (Supplemental Affidavit) were for work undertaken in the Louisiana Attorney General (LAG) and/or Third Party Payor (TPP) Vioxx litigation efforts, and not the common benefit effort.

3. Immediately upon hearing of the FAC's concerns, I undertook an investigation of Murray Law Firm files, including a review of correspondence from Justin Bloom from the time that these hours were first submitted. That investigation confirms that 521.5 hours of the 722 hours of Justin Bloom's attorney time referenced in the supplemental affidavit were definitely undertaken in the common benefit aspect of the case, and not the TPP or LAG efforts.

4. As the attached October 14, 2008 correspondence from Justin Bloom confirms, Justin Bloom switched from common benefit MDL work to TPP work at the request of lead counsel Chris Seeger at some point in November of 1996. All work done by Justin Bloom at the Vioxx document depository prior to November of 1996 was common benefit MDL work.

5. The document attached hereto as Exhibit A is a true and correct copy of correspondence from Justin Bloom to Murray Law Firm administrative assistant Beryl Fisse dated October 14, 2008 produced from the files of the Murray Law Firm. The attached correspondence is a business record of the Murray Law Firm generated and maintained in the ordinary course of business of the Murray Law Firm.

6. While some work undertaken by Justin Bloom in connection with the Vioxx litigation in November of 1996 and subsequent to that date may have been common benefit work, based on my investigation, I cannot say for certain which work undertaken by Justin Bloom in that time frame was for common benefit work. Accordingly, as a representative of the Murray Law Firm, I warrant that the Murray Law Firm is only submitting the hours logged by Justin Bloom prior to November 1, 1996 in connection with its common benefit fee application. Of the 722 hours for Justin Bloom submitted in the Supplemental Affidavit, only those prior

to November 1, 1996 (total 521.5 hours) are submitted for consideration as part of the Murray Law Firm's common benefit lodestar.

7. I have confirmed that all hours submitted in connection with the Murray Law Firm's common benefit fee application except for those aforementioned hours submitted for Justin Bloom for the months of November 1996 and October 1997 were for common benefit work in the MDL and were not undertaken in the LAG or TPP litigation efforts.

8. The Murray Law Firm has no intention of including hours worked on either the LAG or TPP efforts in its common benefit lodestar. On May 6, 2011, I communicated to FAC members Chris Seeger and Russ Herman that only 521.5 of the 722 hours of Justin Bloom's time referenced in Stephen Murray's Supplemental Affidavit were being submitted for common benefit fee consideration.

Further affiant sayeth not.

Thus, done and signed, this 9th day of May, 2011.

_____
STEPHEN B. MURRAY, JR.

Sworn to and subscribed before this me this 9th day of May, 2011.

_____
Notary Public

**KOREY A. NELSON**
Notary Public, Bar No. 30002
State of Louisiana
My Commission is issued for Life

**Beryl Fisse**

| | |
|---|---|
| **From:** | Justin Bloom [bloomesq1@gmail.com] |
| **Sent:** | Tuesday, October 14, 2008 10:39 AM |
| **To:** | Beryl Fisse; Steve Murray |
| **Subject:** | Vioxx Hours MDL - v. - TPP |

My best recollection is that at some point in November of 2006 I was asked to shift from the MDL to the Local 68 TPP review. I don't have a date certain, as I believe that it was a verbal request from Seeger Weiss. Another attorney from Sheller shifted as well. I checked with him and he has the same general recollection.

Please note that the Sheller attorneys on the review were also working on a "quasi-contract" basis. These guys stayed with Shub and are still, as I am, working on a case by case basis, but now with Seeger Weiss.

Justin



1