**HERMAN HERMAN KATZ & COTLAR**
L.L.C.
ATTORNEYS AT LAW
Est. 1942

820 O'Keefe Avenue,
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
F: (504) 561-6024
e: info@hhkc.com

hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†
Stephen J. Herman
Brian D. Katz

Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein†
Aaron Z. Ahlquist
Craig M. Robinson
Joseph A. Kott, M.D.,
J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (Formerly
Herman, Mathis, Casey, Kitchens & Gerel, LLP)

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

May 8, 2011

Special Master Pat Juneau
1018 Harding Street, Suite 202
P.O. Drawer 51268
Lafayette, LA 70505-1268

*Via E-Mail*

Dear Special Master Juneau:

On Friday, Objectors were afforded the opportunity to depose Andy Birchfield not for the 7 hours as provided by the Federal Rules of Civil Procedure, but for 8 ½ hours. At the conclusion of the deposition at approximately 6:30 p.m., after a very long day, Objectors renewed their request for the discovery of minutes of Fee Allocation Committee meetings. You granted their request. The Fee Allocation Committee urges you to reconsider.

In your order of March 31, 2011, you noted the extent of the discovery that had already taken place in this proceeding and in particular, the expansive materials that had previously been produced. In light of the discovery that had already taken place, you granted Objectors' request to depose a member of the Fee Allocation Committee, but in all other respects denied further discovery, including Objectors' request for production of minutes of Fee Allocation Committee meetings. Objectors appealed, challenging the limitation on discovery among other things. On April 21, 2011, the Court affirmed the Special Master's order and denied the appeal. Specifically, the Court noted that the Special Master in his order had achieved the "appropriate balance between permitting the Objectors reasonable discovery and preventing this fee dispute from ballooning unnecessarily." See Court's Order of April 21, 2011, at 2.

The minutes of meetings of the Court-appointed Fee Allocation Committee ("FAC") memorialize their internal deliberations and analyses conducted prior to reaching recommended fee award allocations in this litigation. Said minutes were intended to be confidential and constitute privileged attorney work product entitled to an order of protection. *See, e.g., In re Adelphia Communications, Corp.*, 348 B.R. 99, 109-10 (S.D.N.Y. Bankr. 2006) (ruling that "care must be taken to protect [court-appointed fee committee's] legitimate rights to the protection of work product, attorney mental impressions, and the attorney-client privilege"). Courts have recognized that "much of the work of any fee committee may have most, if not all, of the trappings of work product," and "courts should be wary of efforts to use discovery from fee committees as a tactical measure, or to go 'tit for tat.'" *Id.* at 110.

EXHIBIT 1

The Court has affirmed that you have achieved the proper balance in regard to discovery. The Fee Allocation Committee urges you not to upset that balance at this late date.

Sincerely,

RUSS M. HERMAN
Chairman, Vioxx Fee Allocation Committee

RMH/rw

cc: Robert Arcenaux
    Margaret Woodward
    Pascal Calogero, Jr.
    Fee Allocation Committee