MARGARET E. WOODWARD
3701 Canal Street, Suite C
New Orleans, Louisiana 70119
(504) 301-4333 office
(504) 301-4365 fax
mewno@aol.com

April 21, 2011

VIA E-MAIL

Patrick A. Juneau
JUNEAU DAVID, APLC
Post Office Drawer 51268
Lafayette, LA 70505-1268

    Re:   *In re Vioxx Products Liability Litigation*, MDL 1657

Dear Special Master Juneau:

    This court ruled on Friday evening that we were entitled to production of the FAC's minutes. Mr. Herman wrote this evening urging that you reconsider that ruling to beat back the specter of a mini-trial and to protest attorney work product. Neither objection is valid.

In accordance with your Scheduling Order, the hearing commences tomorrow and will conclude on Friday. Providing access to relevant documents will not expand the length or scope of the proceeding, or convert it into the dreaded mini-trial.

The work product exception has no application to the requested documents. As the Fifth Circuit has observed, not every document prepared by a lawyer is attorney work product. *Kent Corporation v. NLRB*, 530 F. 2d 612, 623 (5th Cir. 1976). The work product document was developed by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), to protect against unwarranted intrusion into the private processes by which he *prepares a case for litigation:*

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements,

EXHIBIT 2

Mr. Patrick Juneau
April 21, 2011
Page 2

memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the Circuit Court of Appeals in this case, 153 F.2d 212, 223, as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

Soon after *Hickman* announced this doctrine, FRCP 26 (b)(3) was amended to provide that "[o]rdinarily. . . documents. . . prepared *in anticipation of litigation or for trial by or for another party"* are not discoverable. (Emphasis supplied.)

Mr. Herman's invocation of the doctrine fails on both counts. The FAC's minutes were not "prepared in anticipation of litigation or for trial." Instead, they recorded the FAC's operations under the court's charge to prepare a recommended allocation of fees. Correlatively, the FAC was not representing another party; it was acting solely pursuant to its charge from the court, and doing work *for the court*. The Objectors are now seeking that information so that they (and the court) may evaluate whether the FAC fairly and adequately adhered to their charge.

Perhaps because the Rule and Supreme Court precedent so clearly do not apply, the FAC has reached to a bankruptcy decision from the Southern District of New York to argue that its minutes are protected. The cited case, although it contains the words "fee committee," "work product," and "immunity" has no other commonality with the FAC's argument here, because the court neither considered nor decided any issue related to work product doctrine. In *In re Adelphia Communications, Corp.*, 348 B.R. 99 (NY. 2006), a bankruptcy fee committee had been granted the following status and immunity:

> The Fee Committee and each member thereof are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee.

The Fee committee was composed of the debtor, creditor's representatives, and the trustee, who were charged with trying to ensure that fees that were being charged the debtor for professional services were within reason. When one of those vendors of services sought discovery of information relating

Mr. Patrick Juneau
April 21, 2011
Page 3

to how the Fee Committee had considered its request to be paid, the Court entered the following rulings:

> (1) The "maximum immunity permitted by law from civil actions" that was afforded to the Fee Committee under the Protocol—and separately, the nature of a fee committee's appointment and responsibilities—provides immunity from suit. But neither additionally provides immunity from otherwise proper discovery requests;
>
> (2) I do not need to decide whether the Fee Committee is a "party" to the contested matter, because the Fee Committee would be subject to otherwise appropriate discovery requests whether or not it is a party;
>
> (3) *Matters as to the applicability of other potential discovery exceptions—work product, attorney mental impressions and attorney-client privilege—are not yet ripe for decision.* Determinations as to such matters should await other events, efforts to get the information from other sources, and more extensive factual presentations.
>
> For these reasons, I am determining that while discovery of the Fee Committee is not prohibited as a matter of law, it should await the filing of an objection to the BSF fee application (by the Fee Committee or anyone else), and should await resort to other sources from which the relevant information might be obtained.

348 B.R. at 102 (emphasis supplied). This immunity decision, of course, has no bearing upon the issue presented.

Because the FAC did not prepare its minutes in anticipation of litigation nor in the representation of a party whose case was headed toward litigation, the claim of "work product" cannot stand.

The applicable principle here is transparency, which Judge Fallon has repeatedly invoked. The FAC's attempt to preserve the secrecy of its deliberations stands in conflict with the court's directive. Moreover, the minutes were requested after Mr. Birchfield disclosed that yet another secret side deal, this one in the range of $20,000,000-$25,000,000, was struck with yet another group of claimants. You will recall that the FAC initially- and vehemently- claimed that it had made no side deals. There is ample reason to inquire into the FAC's process, and nothing to justify its concealment. The ruling that the minutes should be produced by Tuesday was correct and does not warrant review.

Mr. Patrick Juneau
April 21, 2011
Page 4

Thanking you for your consideration, I am,

Respectfully,

S/ MEW

Margaret E. Woodward

cc via e-mail:
Russ Herman, Esq.
Andy Birchfield, Esq.
Christopher Seeger, Esq.