Case 2:05-md-01657-EEF-DEK Document 55585 Filed 11/12/10 Page 1 of 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | : | MDL NO. 1657 |
| | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

******************************************************************************

**REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING ATTORNEY FEES AND EXPENSES DISPUTE OF TORISEVA–HILL–HILL, PETERSON, CARPER, BEE & DEITZLER–CLARK, PERDUE & LIST**

Pursuant to PTO 47A and Honorable Eldon E. Fallon's Order of March 18, 2010, Special Master, Patrick A. Juneau, was appointed to evaluate all disputed liens for attorney fees and expenses relating to the Vioxx Settlement Payment. Teresa Toriseva filed such a claim and the claim was disputed by Barry Hill of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley; James C. Peterson of Hill, Peterson, Carper, Bee & Deitzler; D. Andrew List of Clark, Perdue & List. The dispute was referred to Special Master, Patrick A. Juneau.

The hearing was held on October 27, 2010 and present were:

a) Teresa Toriseva

b) Avrum Levicoff, on behalf of Teresa Toriseva

c) Barry Hill, on behalf of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley

d) James C. Peterson, on behalf of Hill, Peterson, Carper, Bee & Deitzler

e) D. Andrew List, on behalf of Clark, Perdue and List

EXHIBIT
A

Case 2:05-md-01657-EEF-DEK Document 55585 Filed 11/12/10 Page 2 of 7

The documents introduced into evidence were:

a) SM 1 – Scheduling Order

b) SM 2 – Claims Administrator file

c) Toriseva 1 – Toriseva Benchbook of Exhibits

d) Anapol 1 (Barry Hill) – Barry Hill Benchbook of Exhibits

e) List 1 – Clark, Perdue & List Benchbook of Exhibits

f) Peterson 1 – Hill, Peterson, Carper, Bee & Deitzler Benchbook of Exhibits

On June 18, 2010, the Special Master issued a scheduling order (SM 1) and set a hearing for October 27, 2010. The scheduling order required the submission of memorandum, affidavits and exhibits to the Special Master. The order also required the parties to have an in-person meeting no later than September 20, 2010. The parties complied with the order with the exception of the requirement that an in-person meeting be held no later than September 20, 2010 and the requirement that the parties exchange memorandum. The testimony at the hearing and filed exhibits clearly indicated that Barry Hill, James Peterson and Andrew List made a good faith effort to have an in-person meeting and comply with the order. On the other hand, the testimony of Avrum Levicoff was also clear that he did not think such a meeting would be productive. He also did not see why Peterson and List should attend such a meeting. It is the finding of the Special Master that the required in-person meeting was not held because of the lack of cooperation and failure to comply with the scheduling order on the part of Levicoff. If the in-person meeting had been held, there is a strong likelihood that the appearance of James Peterson and Andrew List at the October 27, 2010 hearing would not have been necessary. Mr. Levicoff admitted that he did not send the opposing parties his memorandum as required by the scheduling order. He stated that the date was simply missed on his calendar.

Case 2:05-md-01657-EEF-DEK Document 55585 Filed 11/12/10 Page 3 of 7

Toriseva has asserted a claim for quantum meruit. The documents filed into evidence establish that over the years she did a considerable amount of work in the Vioxx litigation. The issue is not whether she did considerable work. The issue is what was her employment status.

On November 6, 2002 the Secretary of State for the State of West Virginia issued a Certificate of a Professional Limited Liability Company to Hill, Toriseva and Williams (Toriseva 1 Benchbook - Exhibit E). In its Articles of Organization, Barry M. Hill, Teresa Clark Toriseva and Mary L. Williams were listed as members (Toriseva 1 Benchbook - Exhibit E). In the testimony before the Special Master, Barry Hill testified that Toriseva prepared this document and the request for correction to the Secretary of State. This testimony was not denied by Toriseva. On May 29, 2003, Barry Hill sent the letter to the Secretary of State stating that the initial articles were incorrect and that Barry Hill was the only member of Hill, Toriseva and Williams (Anapol 1 Benchbook - Exhibit 7). The Certificate of Correction was issued by the Secretary of State on June 4, 2003 (Anapol 1 Benchbook - Exhibit 8). Barry Hill testified that Toriseva was fully aware of this Certificate of Correction. Toriseva testified that she could not recall. It is the finding of the Special Master that Toriseva did draft the May 29, 2003 letter and was aware in 2003 of the Certificate of Correction that had been issued by the Secretary of State. Considering these events and the lack of any other documentation demonstrating a partnership or membership interest, it is the conclusion and finding of the Special Master that Toriseva was not a partner or member of Hill, Toriseva and Williams, PLLC.

On January 1, 2004, Toriseva moved from an independent contractor status to that of an employee with Hill, Toriseva & Williams (Anapol 1 Benchbook - Exhibit 17). Effective January 1, 2005, a new pay plan was instituted by Barry Hill and that pay plan remained in effect through the

time of Toriseva's discharge on March 23, 2006 (Anapol 1 Benchbook - Exhibit 46). Toriseva testified that she objected to this pay plan and so informed Barry Hill. In spite of her objection, Toriseva continued to work for Hill, Toriseva and Williams under this pay plan until March 23, 2006 when she was discharged. There were no changes or amendments to this plan and it was this plan that was in effect at the time of her discharge. Under the terms of the pay plan in effect, no bonus was owed in the absence of a profit. Hill, Toriseva and Williams did not make a profit in 2004, 2005 and 2006 (Anapol 1 Benchbook - Exhibit 45).

During the course of the hearing, Levicoff stated that Toriseva had no dispute with either Hill, Peterson, Carper, Bee & Deitzler or Clark, Perdue & List and he could not understand why they would be participating in the hearing. The response was that Levicoff had, despite numerous requests, refused to sign a letter that would allow those two firms to be paid (List 1 Benchbook - Exhibit 4). Levicoff testified that he did not sign the letter because there was confusion at what sum would be due these two firms. At the hearing, Levicoff was asked if he had any objection at the time of the hearing to signing the letter dated July 1, 2010. Levicoff testified that he was satisfied that the numbers in that letter were correct and he had no objection to signing the letter. The end result is that Toriseva has no objection to the Claims Administrator releasing $1,169,888.74 to the firms of Clark, Perdue & List and Hill, Peterson, Carper, Bee & Deitzler.

At the hearing, Mr. List moved to have Exhibits 4 and 6 of List 1 Benchbook placed under seal. It is the finding of the Special Master that these exhibits contain personal information relating to individual claimants and, therefore, the exhibits should be placed under seal.

Case 2:05-md-01657-EEF-DEK Document 55585 Filed 11/12/10 Page 5 of 7

The required submissions indicate that the following expenses were incurred and are related to this litigation:

| Firm | Individual Case Expenses to be Charged to Clients | Common Benefit Expenses to be Charged to Clients | TOTAL |
|---|---|---|---|
| Clark, Perdue | $66,004.00 | $8,007.00 | $74,011.00 |
| Hill, Peterson | $31,053.00 | $74,862.00 | $105,915.00 |
| Barry Hill | $35,572.00 | $51,684.00 | $87,256.00 |
| Anapol, Schwartz | $24,866.00 | $10,896.00 | $35,762.00 |

Considering the foregoing, the Special Master reports and recommends the following:

a) Avrum Levicoff be sanctioned in the amount of $500.00 for not cooperating in the scheduling of the in-person meeting required by the scheduling order and that he pay $500.00 to the Clerk, United States District Court;

b) Teresa Toriseva's claim for attorney fees be denied;

c) The Court should award and the Claims Administrator should release to the firms of Clark, Perdue & List and Hill, Peterson, Carper, Bee and Deitzler the sum of $1,169,888.74 as their due share of the attorney fees less whatever amount is due for Common Benefit Fees as awarded by the Court;

d) The Court should award and authorize the Claims Administrator to release the remaining 32% of the amount awarded to the claimants represented by the attorneys involved herein to Barry Hill and Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley for attorneys fees, less whatever amount is due for Common Benefit Fees as awarded by the Court; and

e) The following expenses should be approved by the Court and paid by the Claims Administrator:

| Firm | Individual Case Expenses to be Charged to Clients | Common Benefit Expenses to be Charged to Clients | TOTAL |
|---|---|---|---|
| Clark, Perdue | $66,004.00 | $8,007.00 | $74,011.00 |
| Hill, Peterson | $31,053.00 | $74,862.00 | $105,915.00 |
| Barry Hill | $35,572.00 | $51,684.00 | $87,256.00 |
| Anapol, Schwartz | $24,866.00 | $10,896.00 | $35,762.00 |

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com

Case 2:05-md-01657-EEF-DEK Document 55585 Filed 11/12/10 Page 7 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I electronically filed the foregoing Report and Recommendation with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants. I further certify that I mailed and faxed the foregoing Report and Recommendation and the notice of electronic filing to the following:

Mr. Avrum Levicoff
Levicoff, Silko & Deemer, P.C.
650 Smithfield Street, Suite 1900
Pittsburgh, PA 15222
(412) 434-5203

Mr. D. Andrew List
Clark, Perdue & List, LPA
471 East Broad Street, Suite 1550
Columbus, OH 43215
(614) 469-1117

Mr. James C. Peterson
Hill, Peterson, Carper, Bee & Deitzler, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
(304) 345-1519

Mr. Sol H. Weiss
Anapol, Schwartz, Weiss, Cohan,
Feldman & Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103
(215) 875-7701

Mr. Barry Hill
Anapol, Schwartz, Weiss, Cohan,
Feldman & Smalley, P.C.
89 12th Street
Wheeling, WV 26003
(304) 233-4969

Lafayette, Louisiana, this 12th day of November, 2010.

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com