

Nov 30 2010
12:16PM

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY
LITIGATION

This document relates to:

Attorney fee lien claim of
Teresa Toriseva, Esq.

Document records 27172 and 34649

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

### Motion for entry of a previously-filed proposed order implementing Special Master Juneau's report and recommendations by denying Attorney Teresa Toriseva's fee lien claim and directing the Claims Administrator to disburse all money being withheld on account of this claim

The undersigned move the court for entry of the proposed order, which was filed herein on

October 22, 2010, and a copy of which is included with this motion as Exhibit A.

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax



D. Andrew List
CLARK, PERDUE AND LIST LPA
*alist@clarkperdue.com*
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
*bhill@anapolschawartz.com*
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

by /s/ Barry Hill

### Certificate of service

I hereby certify that the above Motion for entry of a previously-filed order implementing Special Master Juneau's report and recommendations by denying Attorney Teresa Toriseva's fee lien claim and directing the Claims Administrator to disburse all money being withheld on account of this claim has been served on November 30, 2010, on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, upon the Claims Administrator by email to Orran Brown, OBrown@browngreer.com, upon Special Master Patrick A. Juneau by email to him, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

/s/ Barry Hill

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY
LITIGATION

This document relates to:

Attorney fee lien claim of
Teresa Toriseva, Esq.

Document records 27172 and 34649

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

**Order denying Attorney Teresa Toriseva's fee lien claim and directing the Claims Administrator to disburse all money being withheld on account of this claim**

Background

On January 14, 2008, the court entered an order appointing Patrick A. Juneau as special master under Sections 6.1.1 and 17.1.83 of the Vioxx Master Settlement Agreement, the inherent authority of the Court, and applicable Federal Rules of Civil Procedure.

On August 26, 2009, the court entered Pretrial Order 47, establishing procedures to be followed by the Vioxx Claims Administrator in the event of attempted liens against counsel fees.

September 18, 2009, Attorney Teresa Toriseva filed a Notice of Attorney's Charging Lien, asserting an attorney fee claim "over a portion of the settlement proceeds paid or payable to the plaintiffs in 563 cases identified in the listing appended..." This notice indicates that Attorney Toriseva bases her fee claim on her former status with a law firm in Wheeling, West Virginia, previously known as Hill Toriseva & Williams PLLC.

EXHIBIT A

On December 17, 2009, the court entered Pretrial Order 47A, modifying Pretrial order 47 and requiring the following among other things:

> **3. *Specificity Requirements.*** A Fee Lien must ... contain the following:
>
> ...
>
> (b) If the claim is based on a written contract, a copy of the contract must be filed with the Fee Lien.
>
> (c) If the claim is based on an oral contract, the Fee Lien must provide the following information:
>
> (1) the parties to the contract;
>
> (2) when and where the contract was made; and
>
> (3) the terms of the contract, including the percentage of the fee being claimed.
>
> (d) If a *quantum meruit* claim is being made, the Fee Lien must indicate whether the *quantum meruit* claim is exclusive or alternative to a contract claim.
>
> ...
>
> **9. *Resolution Process.*** ... Each Lien Claimant is deemed to have consented to the resolution of the Fee Lien under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement. A Lien Claimant whose Fee Lien was filed prior to entry of this order may avoid resolution under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement by filing a Notice of Withdrawal of Fee Lien Claim within 21 days of entry of this order. Withdrawal of a Fee Lien Claim under this circumstance shall be with prejudice to refiling.

Attorney Toriseva did not withdraw her lien claim within 21 days of entry of Pretrial Order 47A or at anytime thereafter. Thus she consented to resolution of her claim on its merits under procedures set forth in Sections 8.1.2 and 8.1.3 of the Vioxx Settlement Agreement, which include referral to a special master for findings of fact and recommendations to the court.

By order dated March 18, 2010, the court authorized and directed Special Master Juneau to evaluate all disputed attorney fee lien claims, including the Toriseva's, and issue a report and recommendation to the Court.[1]

By letter order dated June 18, 2010, Special Master Juneau established a schedule requiring exchange of memoranda of law and fact, allowing any depositions the parties might wish to take, requiring an in-person settlement meeting, and setting an October 27, 2010, hearing date. The special master placed no restrictions or limitations on the affidavits, depositions, or other documents the parties could present as evidence for his consideration.

## Hearing before the special master

The hearing before Special Master Juneau took place as scheduled in this court's courtroom on October 27, 2010, and a transcript of the hearing was made. Following the hearing, the special master's entire file, including all evidence and other documents submitted by the parties, was filed with the court. Present at the hearing were Attorney Toriseva, her attorney, Avrum Levicoff, Attorney Barry Hill, Attorney James C. Peterson, and Attorney D. Andrew List. It is apparent from the special master's report and other documents previously filed with the court that Attorneys Hill, Peterson, and List (and their firms) had an agreement to hold Vioxx clients in common and share the fees from these cases. It is also apparent that Toriseva's fee lien claim is against only Attorney Barry Hill; however, under Pretrial Orders 47 and 47A the lien claim attached to fees owed to Attorneys Peterson and List, explaining their interest in the matter and their presence at the hearing.

---

[1] A motion to dismiss the Toriseva lien and a subsequent motion to invalidate it were filed by Attorneys Hill, List, Peterson, and Weiss. The court continued hearings on these motions generally, pending the result of Special Master Juneau's report and recommendation. This order does not express or imply an opinion one way or the other as to the current viability of these motions.

### Adequacy of the special master's dispute resolution process

The court finds that the process implemented by Special Master Juneau afforded the parties a full, fair opportunity to present evidence and arguments in support of their positions, that the process complies with Sections 6.1.1 and 17.1.83 of the Vioxx Master Settlement Agreement, and that it meets the requirements of the Due Process Clause. The parties were given a hearing and opportunity to be heard at a meaningful time and in a meaningful way. See *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

### Findings of fact

Preliminarily, the court notes that the typical attorney fee dispute between lawyers or firms that is presented by way of an attorney fee lien claim, filed in the court where the recovery is made, involves two or more lawyers or firms, each of which claims to have done work that contributed to the recovery. This is not such a claim. Here Attorney Toriseva bases her claim entirely on work she did on Vioxx cases when working in the same firm as the person, Attorney Barry Hill, from whom she is claiming a share of fees. Attorney Toriseva does not claim that she did any work on Vioxx cases after her separation from Attorney Hill's law firm in March 2006. Thus the determinative facts are those relating to Attorney Toriseva's compensation arrangement with Attorney Hill, as opposed to those that would be involved in weighing the relative contributions of two lawyers who worked on the cases independently of one and other.

Special Master Juneau filed his report and recommendations with the court on November 11, 2010.[2] Based on the special master's report and the balance of the record relating to this fee dispute, the court accepts and adopts the following findings of fact made by the special master.

1. Attorney Toriseva was not a partner in, or member of, Hill Toriseva & Williams PLLC.

---

[2] The court will address the $500 sanction recommended by Special Master Juneau to be imposed against Attorney Levicoff in a separate order.

2. Attorney Toriseva was an employee of Hill Toriseva & Williams PLLC.

3. Attorney Barry Hill was the sole member of Hill Toriseva & Williams PLLC.

4. Attorney Barry Hill instituted a pay plan applicable to Attorney Toriseva effective January 1, 2005, and this pay plan remained in effect though the time Attorney Toriseva was discharged on March 23, 2006.

5. Under the employee payment policy identified above, Toriseva was not entitled to a bonus or other money in addition to her salary, unless Hill Toriseva & Williams made a profit.

6. Hill Toriseva & Williams did not make a profit in 2004, 2005, or 2006.

7. Attorney Toriseva did not present evidence of a partnership agreement with Attorney Hill.

### Conclusions of law

The court accepts and adopts the following conclusions of law made by the special master.

1. The issue of whether Attorney Toriseva is entitled to a share of Attorney Hill's Vioxx fees is, under the circumstances of this claim, determined not by whether, or to what extent, Attorney Toriseva worked on Vioxx cases when she was at Attorney Hill's firm.

2. The pay plan implemented as of January 1, 2005, determines whether Toriseva is entitled to share in the Vioxx fees in issue.

3. Under the pay plan implemented as of January 1, 2005, Attorney Toriseva is not entitled to share in the Vioxx fees in issue.

4. Attorney Toriseva's claim that she is entitled to a share of the Vioxx fees of Attorney Barry Hill and/or Hill Toriseva & Williams fails on its merits.

5. The foregoing conclusions mandate judgment against Attorney Toriseva on her lien claim and release of all money being withheld by the Claims Administrator on account of her lien claim under Pretrial Orders 47 and 47A.

## Order of the court

*The court orders:*

1. Judgment is entered against Attorney Toriseva on the merits of her claim for a share of Vioxx attorney fees from Attorney Barry Hill and/or Hill Toriseva & Williams PLLC.

2. All money being withheld by the Claims Administrator on account of Attorney Toriseva's lien claim is to be disbursed by the Claims Administrator forthwith in the same manner as it would have been disbursed if the Toriseva lien claim had not been filed.

New Orleans, Louisiana, this ___ day of _____, 2010

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE