# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2011

Lyle W. Cayce
Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAY 17 2011

LORETTA G. WHYTE
CLERK

No. 10-30209
Summary Calendar

D.C. Docket No. 2:05-MD-1657-L
D.C. Docket No. 2:06-CV-9803

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

-----

HOMER JONES,

    Plaintiff - Appellant

v.

MERCK & COMPANY, INCORPORATED,

    Defendant - Appellee

NOA

2-22-10

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before JOLLY, GARZA, and STEWART, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed.

Fee _____
___ Process _____
X   Dktd _____
___ CtRmDep _____
___ Doc. No. _____

ISSUED AS MANDATE: 1 3 MAY 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana        1 3 MAY 2011

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2011

No. 10-30209
Summary Calendar

Lyle W. Cayce
Clerk

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

---

HOMER JONES,

                              Plaintiff - Appellant

v.

MERCK & COMPANY, INCORPORATED,

                              Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC Nos. 2:05-MD-1657 & 2:06-CV-9803

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    The district court dismissed Appellant Homer Jones's personal injury claims against Merck & Company pursuant to a joint stipulation of dismissal with prejudice that Jones signed when he submitted his claim to a nonjudicial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30209

resolution program established pursuant to a settlement agreement between Merck and a group of plaintiffs' counsel. After Jones was found by the program administrators to be ineligible to participate in the settlement and he failed properly to complete the process for returning his case to the court system, Merck filed the joint stipulation of dismissal, which was signed by Jones and Merck's counsel, in the district court. The district court then entered an order dismissing Jones's complaint.

In his *pro se* brief on appeal, Jones does not contend that his signature on the joint stipulation of dismissal with prejudice was involuntary or unknowing. Instead, he argues, for the first time on appeal, that the nonjudicicial resolution program administrators erred by finding that he was ineligible to participate in the settlement, and that he can prove that Merck's product, Vioxx, caused his alleged injury.

We generally do not consider issues presented for the first time on appeal. *See Northrop Grumman Ship Systems, Inc. v. Ministry of Defense of the Republic of Venezuela*, 575 F.3d 491, 504 (5th Cir. 2009). The joint stipulation of dismissal without prejudice, signed by Jones and Merck's counsel, was effective upon filing. *See Smallbizpros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) ("Except in special circumstances . . . a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court."). Because Jones does not challenge the voluntariness of his stipulation, "the fact that both parties freely consented to the entry of a final judgment precludes an appeal from it." *Amstar Corp. v. Southern Pacific Transport Co.*, 607 F.2d 1100, 1100 (5th Cir. 1979). Accordingly, Jones's appeal is DISMISSED. Jones's motions for joint designation treated as a motion to supplement the record on appeal and for appointment of counsel are DENIED.

APPEAL DISMISSED; MOTIONS DENIED.