Merck argues that Mrs. Rogers's credibility has been so damaged that the case should be dismissed. But Mrs. Rogers isn't about to give up. Merck's criticism, says the widow, "makes me more determined. I want to fight them worse now than I did." She prides herself on her toughness and carries a gun in her car. When she was younger, Mrs. Rogers killed rattlesnakes and sold the skins to a trader in town who would make boots with them. "I used to cut their heads off and let them bleed," she said. Now, she kills rattlesnakes "just for fun."

If the case goes to trial, Mr. Birchfield says he'll likely call the Rogers's 9-year-old son, Kyle, as a witness. A judge is scheduled to decide on Merck's motion to dismiss next Tuesday.

One factor likely to weigh heavily in the Alabama trial and others is whether juries are allowed to hear evidence submitted to show that even short-term use of Vioxx could lead to cardiovascular problems. Some states allow judges to block questionable science from being presented in courtrooms. Several of the studies that cast doubt on Vioxx were retrospective analyses of large databases, not placebo-controlled clinical trials, and Merck will argue that experts shouldn't be allowed to cite these studies in court. Plaintiffs say these studies were conducted by respected scientists and are significant.

In at least one case, plaintiffs' lawyers see evidence of another Merck tactic: delaying trials to increase the pressure on plaintiffs' lawyers who work on contingency fees and must foot all their costs up front. In Texas, Merck has hired a local attorney, Rene Oliveira, who is also a state legislator. A Texas state law allows a defendant to postpone a case for several months if a state legislator is involved. Merck asked for a delay in the trial, originally set to start Feb. 14 in a district court in Rio Grande City, Texas. Before that could be decided, a separate Merck move to get the trial transferred to federal court succeeded. A new trial date hasn't been set.

Kathryn Snapka, the plaintiff's lawyer in that case, calls the Merck move a "sham." Ms. Snapka won a $56.5 million award against Wyeth in south Texas over its diet drugs in 2001; the judge reduced the judgment to about $9 million. Merck denies that it hired Mr. Oliveira as a delaying tactic or that it has a policy of trying to delay trials. "I have extensive experience in these kinds of cases," Mr. Oliveira says.

(MORE) Dow Jones Newswires

04-21-05 2303ET

---- Index References ----

Company: LATHAM AND WATKINS; FORD MOTOR CO; WYETH; MERCK AND CO INC; BAYER CORP

News Subject: (Crime (1CR87); Legal (1LE33); Social Issues (1SO05); Criminal Law (1CR79); Liability (1LI55); Health & Family (1HE30); Major Corporations (1MA93))

Industry: (Analgesics (1AN10); Pharmaceuticals & Biotechnology (1PH13); Manufacturing (1MA74))

Region: (USA (1US73); Americas (1AM92); Alabama (1AL90); North America (1NO39); Texas (1TE14))

Language: EN

Other Indexing: (BAYER CORP; CIRCUIT COURT; COMMODITIES NEWS SELECT; FOOD AND DRUG ADMINISTRATION; FORD MOTOR CO; LATHAM WATKINS; MERCK; MERCK CO; WILLIAMS CONNOLLY; WYETH) (21.; Andy Birchfield; Apr 21; Barbara Martinez; Beisner; Birchfield; Brad Rogers; Cheryl Rogers; Ford Explorers; Frazier; Gilmartin; James Tyrrell; John Beisner; Kathryn Snapka; Kenneth Frazier; Kyle; Nonetheless; Oliveira; Raymond Gilmartin; Rene Oliveira; Rogers; Snapka; Tyrrell; Vioxx) (R/AL; R/EC; R/EU; R/GE; R/NJ; R/NME; R/TX; R/US; R/USE; R/USS; R/WEU; UNITED STATES)

**KS-001262**

WestlawNext © 2011 Thomson Reuters. No claim to original U.S. Government Works.

Keywords: advertising; alabama; cardiovascular; clinical; defense; doctors; dow+jones; drugs; family; federal; health; high +blood+pressure; legal; local; medical; policy; rubber; science; texas; trial; war; washington (I/CHM); (I/CHS); (I/DRG); (I/XDAX); (I/XDJGI); (I/XDJI); (I/XFFX); (I/XGTI); (I/XISL); (I/XNYA); (I/XSP5); (N/DJAG); (N/DJCS); (N/DJOS; (N/OSAG); (N/OSCM); (N/OSFF); (N/OSTR); (N/ADR); (N/CMD); (N/CNW); (N/DJSS); (N/DJWI); (N/FRT); (N/GEN); (N/HLT); (N/JNL); (N/LWS); (N/PAG); (N/RBR); (N/WEI); (N/WLS); (Pharmaceuticals); (Medical-Drugs); (Consumer, Non-cyclical)

Company Terms: MERCK AND CO INC

Product: Pharmaceuticals

Sic: 2834

Ticker Symbol: BAY; BAY.XE; MRK; WYE; New York:MRK

Word Count: 1998

**End of Document**                                              © 2011 Thomson Reuters. No claim to original U.S. Government Works.

**KS-001263**

4/24/05 AP General Fin./Bus. News 19:55:00

AP General Financial/ Business News

Copyright © 2005 The Associated Press. All rights reserved. This
material may not be published, broadcast, rewritten or redistributed.

April 24, 2005

Vioxx Trials May Clear Up Merck Picture

By THERESA AGOVINO

AP Business Writer

NEW YORK_The financial future of Merck & Co. should start to become clearer in the coming weeks as the first of what
promises to be hundreds of trials begins over claims that the drug maker's Vioxx pain medication contributed to patient' death
or disability.

Vioxx was pulled from the market last Sept. 30. Analysts have estimated that Merck's potential liability could soar to as high
as $18 billion if plaintiff lawyers can successfully prove Vioxx caused their client's death or injury and that Merck knew about
the drug's potentially lethal side effects and sold it anyway.

But before the first trial can start, Clay County Circuit Court Judge John Rochester in Ashland, Ala., 90 miles northeast of the
Alabama state capital, must decide whether Cheryl Rogers' claim can proceed.

Rogers insists the Vioxx her 42-year old husband took caused his death. Merck says Rogers is a liar, arguing in court documents
that the pills she claimed he took didn't leave the company until six months after he died.

Rogers' lawyer, Andy Birchfield, can't explain the pill issue, but said numerous witnesses, including a pastor's wife, will testify
her husband was taking Vioxx when he died.

A hearing is scheduled for Tuesday on Merck's request that Rogers' wrongful death case be dismissed. If Rochester rules the
trial should proceed, it is slated to begin on May 23.

Merck removed Vioxx from the market after a study found it doubled the risk of heart attack and strokes in patients taking it
for more than 18 months. That opened the lawsuit floodgates; more than 2,400 have been filed so far.

Merck says it has done nothing wrong and has no intention of settling the cases. It has set aside $675 million to fight the lawsuits
and has hired some of the country's top law firms to defend it.

Whether the Alabama case or another set for Texas later in May is the first to go before a jury, Wall Street analysts and other
plaintiff lawyers will be paying close attention to the flood of documents expected to be entered into evidence. "The first trials
set the stage for the litigation," said Howard Erichson, a professor at Seton Hall Law School in Newark, N.J.

A string of plaintiff victories could push Merck into an expensive settlement and act as a magnet for additional cases. Plaintiff
triumphs could also set precedents establishing that Vioxx causes cardiovascular problems and that Merck acted recklessly in
promoting it, lawyers said.

Decisive victories by Merck, on the other hand, could cause plaintiffs to reconsider their cases, limit its financial damages and
prevent the setting of potentially damaging precedents.

**KS-001264**

Plaintiff lawyers claim there is ample evidence Merck ignored early signs of Vioxx's side effects and sold it anyway _ much of it still under seal. Included in their public arsenal: numerous studies showing that Vioxx increases heart attacks and strokes and a Food and Drug Administration letter warning Merck about its characterizations of Vioxx's cardiovascular safety.

Vioxx accounted for $2.5 billion of Merck's 2003 sales, and analysts estimate the drug provided 15 percent of Merck's profit that year.

Merck's shares lost $28 billion of their market value the day the recall was announced and since then, Merck earnings and revenue have slumped. That forced the company to slash spending and increase planned job cuts by 700 to 5,100.
Merck has said documents that have surfaced which suggest it ignored Vioxx's side effects have been taken out of context and that it always acted responsibly. It also maintains that proving Vioxx caused an individual's heart attack or stroke will be very difficult, as such ailments are not uncommon and are caused by a variety of factors.

For example, Rogers' husband had high blood pressure, high cholesterol and was overweight _ all considered risks for heart attacks.

"It is going to be very interesting to see if the plaintiffs can prove causality," said Merrill Lynch analyst David Risinger. "And we'll see what evidence there really is to suggest that Merck had concerns about cardiovascular safety and if Merck can be held liable for punitive damages."

Alabama ranks 48th in a ranking of states with the worst litigation environments for defendants, according to a survey of corporate lawyers conducted for the U.S. Chamber Institute for Legal Reform. The state is among the bottom five in every measure ranked by the survey, including jury fairness, judge's competence and judge's impartiality.

And Clay County, located near the Georgia state line, is hardly a defendant's paradise. The median income is roughly $29,000 and only 8 percent of its residents have a college education.

Rural counties comprised of poor and uneducated residents create a "friendly environment" for plaintiffs, according to Leonard Nelson, a professor at Cumberland Law School at Samford University, in Birmingham, Ala.

An Associated Press review of campaign finance reports showed that Judge Rochester, a Democrat, received $60,000 in contributions last year from political action committees funded by Birchfield's law firm for his failed bid to become a state supreme court judge.

Rochester, in an interview Friday with the AP, said donations from any source do not influence him. "If it had any influence, I would violate my oath of office, and I'd be removed from office," he said.

The judge also said state judicial rules prohibit him from talking about a pending case, so it's unclear whether he will turn aside Merck's request to throw out Rogers case. But what is sure: Wall Street and the other plaintiffs lawyers will be watching if his case wins the race to be first out of the gate.

**---- Index References ----**

Company: MERCK AND CO INC

News Subject: (Legal (1LE33); Liability (1LI55); Health & Family (1HE30); Major Corporations (1MA93))

Industry: (Analgesics (1AN10); Pharmaceuticals & Biotechnology (1PH13); Manufacturing (1MA74))

Region: (USA (1US73); Americas (1AM92); Alabama (1AL90); New York (1NE72); North America (1NO39))

Language: EN

**KS-001265**

Other Indexing: (ALABAMA; AP; CLAY COUNTY; CLAY COUNTY CIRCUIT COURT; CUMBERLAND LAW SCHOOL; MERCK; MERCK CO; MERRILL LYNCH; SAMFORD UNIVERSITY; SETON HALL LAW SCHOOL; US CHAMBER INSTITUTE FOR LEGAL REFORM) (Andy Birchfield; Birchfield; Cheryl Rogers; David Risinger; Decisive; Howard Erichson; Leonard Nelson; Rogers; Rural; Vioxx; Vioxx Trials; Wall Street) (United States; USA; NorthAmerica)

Keywords: (FDA); (Lawsuits); (Product); (f); (HCR)

Company Terms: MERCK AND CO

Ticker Symbol: MRK

Word Count: 1124

**End of Document**                                        © 2011 Thomson Reuters. No claim to original U.S. Government Works.

**KS-001266**

4/30/05 Mobile Reg. (AL) B5
2005 WLNR 24000215

Mobile Register (AL)
Copyright © 2005 Mobile Register. All Rights Reserved. Used by NewsBank with Permission.

April 30, 2005

Section: B

Alabama judge refuses to dismiss Vioxx wrongful death suit

SAMIRA JAFARI

Alabama judge refuses to dismiss Vioxx wrongful death suit By SAMIRA JAFARI Associated Press Writer

MONTGOMERY - An Alabama judge Friday refused to dismiss a wrongful death suit filed against Merck & Co. by a woman who said its painkiller Vioxx caused her husband's death.

Circuit Judge John Rochester rejected the dismissal motion by Merck but will hold a hearing Tuesday on motions by both sides to postpone the scheduled start of the trial.

In calling for dismissal, Merck argued that the Vioxx samples Cheryl Rogers claims killed her husband, Brad, did not even leave the company until six months after he died.

But Rochester said in his order Friday that while there were discrepancies in Rogers' testimony, they did not "merit a dismissal of her claim." He said it's up to the jury to determine Rogers' credibility.

Rogers has told The Associated Press that she got confused and wasn't sure if the Vioxx samples she presented to the court belonged to her husband or her mother. Her attorney, Jere Beasley, said the origin of the samples is irrelevant.

"The medical records show he was taking Vioxx. That was just a straw man they threw up," Beasley said Friday after receiving the order.

Merck attorney Mike Brock said the defense will still argue the merits of the Rogers case and whether Vioxx directly contributed to Brad Rogers' death.

"The Court's order notes the existence of important questions, including questions about Mr. Rogers' ingestion of Vioxx and the source of that Vioxx," Brock said in a statement Friday afternoon. "Merck will present the evidence that has been uncovered to date to a jury and looks forward to that opportunity."

Rochester said he received motions Thursday for continuance of the Rogers case from both Merck and the plaintiff's attorneys, who were acting in response to a request by U.S. District Judge Eldon E. Fallon, based in New Orleans.

The federal judge asked that the case scheduled for May 23 in Alabama be postponed so it wouldn't interfere with federal litigation.

Merck, based in Whitehouse Station, N.J., pulled Vioxx off the market last September after a study showed it doubled the risk of heart attacks and strokes in patients taking the drug for more than 18 months. So far, more than 2,400 lawsuits have been filed involving Vioxx.

**KS-001267**

Earlier this year, Fallon was selected to handle all pretrial proceedings such as gathering evidence and interviewing witnesses in the federal cases. The cases will be returned to their original jurisdictions after the pretrial proceedings.

There are 477 cases in the multi-district federal litigation, and an additional 382 are being moved to Fallon's court.

Although the Alabama trial is a state case, plaintiff attorney Paul Sizemore said his firm complied with the judge's request out of respect for the federal court. Sizemore added that his partner, Andy Birchfield, is co-lead counsel on a federal plaintiff steering committee so it would have been awkward to refuse the judge's request.

Copyright © 2005 Mobile Register. All Rights Reserved. Used by NewsBank with Permission.

**---- Index References ----**

Company: MERCK AND CO INC

News Subject: (Legal (1LE33); Health & Family (1HE30); Major Corporations (1MA93))

Industry: (Analgesics (1AN10); Pharmaceuticals & Biotechnology (1PH13); Pain Management (1PA72); Manufacturing (1MA74))

Region: (USA (1US73); Americas (1AM92); Alabama (1AL90); North America (1NO39))

Language: EN

Other Indexing: (ALABAMA; MERCK; MERCK CO; MONTGOMERY; VIOXX) (Andy Birchfield; Beasley; Brad; Brad Rogers; Brock; Cheryl Rogers; Circuit; Eldon E. Fallon; Fallon; Jere Beasley; Mike Brock; Paul Sizemore; Rogers; SAMIRA JAFARI; Sizemore)

Edition: 01

Word Count: 612

 © 2011 Thomson Reuters. No claim to original U.S. Government Works.

**KS-001268**

Exhibit "76"

**Subject:** Vioxx Trial Selection

**Date:** Thursday, January 12, 2006 1:16:08 PM ET

**From:** Seeger, Chris

**To:** Andy Birchfield (E-mail), Arnold Levin, Carlene Lewis (E-mail), Chris Tisi (E-mail), Drew Ranier, Elizabeth Cabraser (E-mail), Gerald Meunier, Gerald Meunier (2), Mark Robinson (E-mail), Richard Arsenault (E-mail), Seeger, Chris, Tom Kline (E-mail), Troy Rafferty (E-mail)

**CC:** Buchanan, David

Just finished a call with Fallon.  Jerry, Lenny and I handled.  Merck has selected Borowitz for trial after Irvin and Diaz.  It's a Seeger Weiss case.  We're happy trying it.  We'll update everyone on the next PSC call.

**KS-001269**

Exhibit "77"

ABC Amber BlackBerry Converter Trial version, http://www.processtext.com/abcblackberry.html

**From:** CAS        Chris Seeger cseeger@seegerweiss.com
**To:** thomas.kline@klinespecter.com
**Subject:** Fw: today
**Date:** 12/1/2005 6:42:50 PM
**Folder:** Inbox


--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Tommy Fibich <TFibich@FHL-Law.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
Sent: Thu Dec 01 18:29:03 2005
Subject: today

Chirs

I urge you to exert some leadership as cochair of this vioxx mdl. The lawyers
that control what cases are to be first tried owe it to those of us that cant
get our cases up to do the best they can.Nobody can gaurantee a result and I
believe you did all you could despite an adverse decision it the case you
tried.

What I saw today was an embarrassment. Beasley's cross was the most pathetic
lawyering I have ever seen in a big case.

You cant do what has to be done and try to make everyone happy at the same
time. This case is really going to put us in a hole. Ill keep my fingers
crossed but I think this case is over.

Just my thoughts here at the end of the day. TF

**KS-001270**

| | |
|---|---|
| **From:** | Specter |
| **Sent:** | Sunday, December 04, 2005 12:27 AM |
| **To:** | RHerman@hhkc.com; cseeger@seegerweiss.com; dbuchanan@seegerweiss.com; LDavis@hhkc.com; kline@klinespecter.com |
| **Subject:** | Re: Irvin |

Amen.


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: 'RHerman@hhkc.com' <RHerman@hhkc.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; 'cseeger@seegerweiss.com'
<cseeger@seegerweiss.com>; 'Dbuchanan@seegerweiss.com' <Dbuchanan@seegerweiss.com>;
'LDavis@hhkc.com' <LDavis@hhkc.com>
Sent: Sat Dec 03 23:26:22 2005
Subject: Fw: Irvin

CONDIDENTIAL

Russ- I am hopeful that with the good testimony by Ray yesterday and the Topal testimony
today ( despite its emasculation by Fallon), we may have a fighting chance. It is
exasperating, however, not to be able to get information on the items which I raise in the
email below with Birchfield. We have deep resources to use for cross examintion next week
(far beyond the Beasley firm  lawyers) , yet the the Beasley  lawyers are handling the case
like a "closed shop.".

You will see that my email below is polite, yet blunt. I welcome your intervention. Chris,
and Dave, and my office are ready to lend a hand.  Also, we just can't have Jere Beasley
cross examine any Merck witnesses after the debacle with his examination of Gertz, and I have
now directly said so. I don't know if you have said it publically.

I don't see why we should sit idly by, if there is a chance to win the case. We're entitled
to know where things stand with the shadow jury, and whether its worth putting resources
beyond the Beasley firm into this case next week. If its a lost cause, then we should let
them play out the string. If we're in the hunt, you should  "pull rank" to get some of us in
the trenches for week 2 with them.

Tom.

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: 'andy.birchfield@beasleyallen.com' <andy.birchfield@beasleyallen.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; 'cseeger@seegerweiss.com'
<cseeger@seegerweiss.com>; 'Dbuchanan@seegerweiss.com' <Dbuchanan@seegerweiss.com>;
'RHerman@hhkc.com' <RHerman@hhkc.com>
Sent: Sat Dec 03 23:02:56 2005
Subject: Re: Irvin

**KS-001271**

Andy--

Would you let me know how the case is going in the eyes of the shadow jury, and your
assessment after the first week, and where we stand?

You have a tough week ahead. Do we know Merck's lineup, and what is the plan of attack for
cross examination? I assume you may face Morrison, Oakes, Reicin, and/or other tough company
witnesses and the Merck outside experts.  There are a few of us who, like you and Paul,  know
the lines of cross examination well--Lisa Dagostino, Chris Seeger, and Dave Buchanan, in
particular, all of whom are available to you.  (I'll be on trial).  You should consider
taking advantage of the resources,and,  in my view,  should   integrate them into your "inner
circle" in week 2.

  I'll be happy to send Lisa back down to work on cross examinations, if you want her there to
work directly with you and Paul.    She has been Shanin and my  main preparer  of many cross
examinations in this litigation (Kim, Reicin, Shapiro, Skolnick, Gertz, Gillmartin etc.)  and
for the direct examination of   Topol,and knows the data base very well.

   Respectfully, it is my view (widely shared) that Jere should not be cross-examining the
Merck witnesses..

I emailed you earlier today, and I know you are swamped, but please let me hear from you.

Tom.


-------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Dagostino, Lisa S. <Lisa.Dagostino@KlineSpecter.com>
To: Paul Sizemore <paul.sizemore@beasleyallen.com>; Andy Birchfield
<andy.birchfield@beasleyallen.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Sat Dec 03 22:12:22 2005
Subject: RE:

Thanks paul--glad we could help.

-----Original Message-----
From: Paul Sizemore [mailto:paul.sizemore@beasleyallen.com]
Sent: Saturday, December 03, 2005 10:10 PM
To: Dagostino, Lisa S.; Andy Birchfield
Subject: RE:

doc, thank you so much for your help. you were great. topol would not have gotten done
without you. thanks again

        -----Original Message-----
        From: Dagostino, Lisa S. [mailto:Lisa.Dagostino@KlineSpecter.com]
        Sent: Fri 12/2/2005 3:28 PM
        To: Paul Sizemore; Andy Birchfield
        Cc:
        Subject: Fw:

**KS-001272**

Article from bmj that cox-2s no benefit over trad NSaids for GI effects.
Courtesy dave Buchannan

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Byrne, Diane <Diane.Byrne@KlineSpecter.com>
To: Dagostino, Lisa S. <Lisa.Dagostino@KlineSpecter.com>
Sent: Fri Dec 02 15:40:11 2005
Subject:

 <<BMJ-COX2-GISafety.pdf>>

KS-001273

**From:**      Kline
**Sent:**      Saturday, December 17, 2005 8:37 AM
**To:**        cseeger@seegerweiss.com; Cvtisi@aol.com; Dbuchanan@seegerweiss.com;
               specter@klinespecter.com
**Subject:**   Re: Irvin Update


This is in response to emails you and SS exchanged and in response to an email or DRB asking
what roles he and CT should play in the upcoming trial.  Here's my view, which will come as
no surprise--


 The PSC needs to decide whether to make the same mistake and allow the BA firm to try this
case or whether to substitute an experienced, knowledgable top tier trial lawyer and trial
team who can compete with Phil Beck, and stand up to Fallon.  That's is central.

Chris, with all due respect, someone must stand up and say that Jere Beasley does not have
the competence, skill, or knowledge  to participate in the trial of  the retrial of this
case. I know that is not what you want to do and is not a pleasant task . I will be the
movant if I am given support.  Someone must also be willing to say  that Andy and Paul are
nice fellas and good lawyers, but not front line trial lawyers for this assignment. We must
learn from the past mistake of giving their firm control of the trial.


 Ranier may a reasonable choice  to lead the trial team, if you have no interest in doing the
case. He is local and I believe a real trial lawyer.

You  need to get the case out of BA  hands (other than in a backup role)  unless a
determination is made that the case can't be won, and the PSC is just looking for cover that
the case was a loser and BA's case. (Not much of an excuse) (They did lose the first time 8-
1).

I don't expect any of this to happen, but say it all in the context of my fidelity to you and
fiduciary obligation to the PSC.


--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:27:07 2005
Subject: Re: Irvin Update

It doesn't matter whether we call this an MDL trial or not -- either way, it will be
perceived as a test case.  We've gotta put our best foor forward.  And we know what has to be
done: retool the pathologist and cardiologist and edit the trial team.


-----Original Message-----                                      **KS-001274**
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>

CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:30:25 2005
Subject: Re: Irvin Update

Yup
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:22:35 2005
Subject: Fw: Irvin Update

As predicted...

What an ass ache.


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Shanin.Specter@KlineSpecter.com
<Shanin.Specter@KlineSpecter.com>;
trafferty@levinlaw.com <trafferty@levinlaw.com>; cvtisi@aol.com <cvtisi@aol.com>; Seeger,
Chris <cseeger@seegerweiss.com>
Sent: Fri Dec 16 19:03:25 2005
Subject: Irvin Update

FYI, spoke to Andy a few minutes ago.  Irvin was selected for re-trial on Feb. 7 in New
Orleans.  As I understand it, no decision was made as to the next trial.  Tisi and I were
discussing our role in connection with the re-trial and thought we should get some broader
guidance from you all.

KS-001275

| | |
|---|---|
| **From:** | Seeger |
| **Sent:** | Saturday, December 17, 2005 9:42 AM |
| **To:** | kline@klinespecter.com |
| **Subject:** | Re: Irvin Update |

What's so frustrating is that you're absolutely right and I wish I could do something about
it.  I'm really doing my best short of calling the guy incompetent in public, but in private,
he knows I'm thinking it.  We'll get through this, but it's a bad situation.....I'm in
agreement with you.  It's like the issue re not retrying Irvin.....I knew Fallon would force
this.....that's why it didn't make sense to call andy out on the call and say "you shall not
try this case". If I had done that, it wouldn't have mattered because fallon was going to do
it any way, and I would have looked like a bad guy.  We might as well fight battles here we
can win.
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
Sent: Sat Dec 17 08:09:05 2005
Subject: Re: Irvin Update

Chris. I didn't say you are not doing enough......I just felt compelled to lay out what I
think needs to be done...I know there is diplomacy and other issues invoolved. I also know I
am sometimes too strident...That's why they'll never have me run a PSC....I'm just so
friustrated with their incompetence, Chris.  When I watched you and Dave try Hummeston, I was
proud of what I saw...great trial lawyers who built this case from scratch and who are my
friends....When I saw these guys try the Irvin case and get rolled by Fallon and Beck, I was
embarassed and humiliaterd to be associated with them . I will support everything you do, and
am happy to be wrong, which happens more than occasionally....Tom.

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
CC: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>;
Cvtisi@aol.com <Cvtisi@aol.com>; Buchanan, David <dbuchanan@seegerweiss.com>
Sent: Sat Dec 17 08:02:30 2005
Subject: Re: Irvin Update

Tom. On this one you're completely wrong about one thing.....that I'm not willing to be
straight with andy.  In fact, I'm in a nasty little exchange with him as we speak.....I just
don't feel the need to humiliate the guy in
public.   If you don't think I'm doing enough on this, feel free to raise
this stuff on the next call.
--------------------------
Sent from my BlackBerry Wireless Handheld

**KS-001276**

-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>

To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; 'Cvtisi@aol.com'
<Cvtisi@aol.com>; Buchanan, David <dbuchanan@seegerweiss.com>
Sent: Sat Dec 17 07:37:09 2005
Subject: Re: Irvin Update

This is in response to emails you and SS exchanged and in response to an email or DRB asking
what roles he and CT should play in the upcoming trial.
Here's my view, which will come as no surprise--


 The PSC needs to decide whether to make the same mistake and allow the BA firm to try this
case or whether to substitute an experienced, knowledgable top tier trial lawyer and trial
team who can compete with Phil Beck, and stand up to Fallon.  That's is central.

Chris, with all due respect, someone must stand up and say that Jere Beasley does not have
the competence, skill, or knowledge  to participate in the trial of  the retrial of this
case. I know that is not what you want to do and is not a pleasant task . I will be the
movant if I am given support.
Someone must also be willing to say  that Andy and Paul are nice fellas and good lawyers, but
not front line trial lawyers for this assignment. We must learn from the past mistake of
giving their firm control of the trial.


 Ranier may a reasonable choice  to lead the trial team, if you have no interest in doing the
case. He is local and I believe a real trial lawyer.

You  need to get the case out of BA  hands (other than in a backup role) unless a
determination is made that the case can't be won, and the PSC is just looking for cover that
the case was a loser and BA's case. (Not much of an excuse) (They did lose the first time 8-
1).

I don't expect any of this to happen, but say it all in the context of my fidelity to you and
fiduciary obligation to the PSC.


--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:27:07 2005
Subject: Re: Irvin Update

It doesn't matter whether we call this an MDL trial or not -- either way, it will be
perceived as a test case.  We've gotta put our best foor forward.
And we know what has to be done: retool the pathologist and cardiologist and edit the trial
team.


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>

**KS-001277**

Sent: Fri Dec 16 19:30:25 2005
Subject: Re: Irvin Update

Yup
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:22:35 2005
Subject: Fw: Irvin Update

As predicted...

What an ass ache.


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Shanin.Specter@KlineSpecter.com
<Shanin.Specter@KlineSpecter.com>;
trafferty@levinlaw.com <trafferty@levinlaw.com>; cvtisi@aol.com <cvtisi@aol.com>; Seeger,
Chris <cseeger@seegerweiss.com>
Sent: Fri Dec 16 19:03:25 2005
Subject: Irvin Update

FYI, spoke to Andy a few minutes ago.  Irvin was selected for re-trial on Feb. 7 in New
Orleans.  As I understand it, no decision was made as to the next trial.  Tisi and I were
discussing our role in connection with the re-trial and thought we should get some broader
guidance from you all.

KS-001278

| | |
|---|---|
| **From:** | Buchanan |
| **Sent:** | Saturday, December 17, 2005 10:35 AM |
| **To:** | kline@klinespecter.com; cseeger@seegerweiss.com; specter@klinespecter.com; cvtisi@aol.com |
| **Subject:** | RE: Irvin Update |

Tom, you are correct that it is not easy to deliver the message to Andy that your colleagues don't think you or your firm are up to the task of trying the case that they just tried. Before reading your email, however, I sent an email to Seeger which gave kudos to Chris for being forthright and candid in a series of email exchanges with Andy re the PSC's collective concerns on the re-trial and proposal for revamping the
trial team.    A PSC indictment of the conduct of the last trial or the
BA firm's ability to go it their own way will hopefully not prove necessary.

On the substance of your email, the issue is whether the case should be a PSC trial case. Having sat through the openings and a few witnesses, it seems that the case is winnable (8-1, 6-3, or 5-4, depending on the source or the day, supports that).  However, the PSC trial kit, with state of the art experts and discovery will not be ready for the re-trial.  We're still a few months away from having our new slate of experts (FDA, liability, and cardiologists) worked up.  I think that by putting in a local guy with experience and the respect of the judge, the prospects for success on re-trial go up dramatically.  I also don't think that Jere will be looking to participate in the re-trial.  I overheard him by the end of the trial stating that he was just along for support...an acknowledgment of the role that he had been relegated to.
It's actually a pretty simple to swap in two PSC guys for Jere and Matthews (who, while he did a good job, shouldn't have been there as a non-PSC member).  Some work with witnesses and preparedness would also strongly improve the chances.


-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Saturday, December 17, 2005 7:37 AM
To: Seeger, Chris
Cc: Specter, Shanin; 'Cvtisi@aol.com'; Buchanan, David
Subject: Re: Irvin Update

This is in response to emails you and SS exchanged and in response to an email or DRB asking what roles he and CT should play in the upcoming trial.
Here's my view, which will come as no surprise--


 The PSC needs to decide whether to make the same mistake and allow the BA firm to try this case or whether to substitute an experienced, knowledgable top tier trial lawyer and trial team who can compete with Phil Beck, and stand up to Fallon.  That's is central.

Chris, with all due respect, someone must stand up and say that Jere Beasley does not have the competence, skill, or knowledge  to participate in the trial of  the retrial of this case. I know that is not what you want to do and is not a pleasant task . I will be the movant if I am given support.
Someone must also be willing to say  that Andy and Paul are nice fellas and good lawyers, but not front line trial lawyers for this assignment. We must learn from the past mistake of giving their firm control of the trial.

**KS-001279**

Ranier may a reasonable choice  to lead the trial team, if you have no interest in doing the case. He is local and I believe a real trial lawyer.

You  need to get the case out of BA  hands (other than in a backup role) unless a determination is made that the case can't be won, and the PSC is just looking for cover that the case was a loser and BA's case. (Not much of an excuse) (They did lose the first time 8-1).

I don't expect any of this to happen, but say it all in the context of my fidelity to you and fiduciary obligation to the PSC.


--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:27:07 2005
Subject: Re: Irvin Update

It doesn't matter whether we call this an MDL trial or not -- either way, it will be perceived as a test case.  We've gotta put our best foor forward.
And we know what has to be done: retool the pathologist and cardiologist and edit the trial team.



-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:30:25 2005
Subject: Re: Irvin Update

Yup
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:22:35 2005
Subject: Fw: Irvin Update

As predicted...

What an ass ache.


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>                    **KS-001280**

To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Shanin.Specter@KlineSpecter.com
<Shanin.Specter@KlineSpecter.com>;
trafferty@levinlaw.com <trafferty@levinlaw.com>; cvtisi@aol.com <cvtisi@aol.com>; Seeger,
Chris <cseeger@seegerweiss.com>
Sent: Fri Dec 16 19:03:25 2005
Subject: Irvin Update

FYI, spoke to Andy a few minutes ago.  Irvin was selected for re-trial on Feb. 7 in New
Orleans.  As I understand it, no decision was made as to the next trial.  Tisi and I were
discussing our role in connection with the re-trial and thought we should get some broader
guidance from you all.

**KS-001281**

**From:** Cvtisi@aol.com
**Sent:** Monday, December 19, 2005 10:38 AM
**To:** cseeger@seegerweiss.com; kline@klinespecter.com; specter@klinespecter.com; dbuchanan@seegerweiss.com
**Subject:** Re: Irvin Update
**Attachments:** Pretrial Memo. wpd.wpd

Chris:

I am glad that you are being strait with Andy.  Please let us know how Tom, I or the other members of the PSC can help, if at all.  I think that we all share the view that we must figure out right away what role the PSC should play in the next trial and that the goal is to win.

Whatever the result, I think we ought to focus not only on retrial of Irvin but on the trial that will follow immediately afterward on March.  Since that is likely to be a >18 month case, it is imperative that we win both Trials.  To that end, I re-attach a memo that DRB and I circulated during the Irvin trial that should the basis of what we believed needed to get done ASAP.  While I am sure that others will have their views on this, this "to do" list (or some other version of it) should form the basis of an action plan we could following in the coming weeks for both trials.

Please let me know your thoughts.

Tisi

clear message at what In a message dated 12/17/2005 5:56:06 A.M. Mountain Standard Time, cseeger@seegerweiss.com writes:

> Tom. On this one you're completely wrong about one thing.....that I'm not willing to be straight with andy.  In fact, I'm in a nasty little exchange with him as we speak.....I just don't feel the need to humiliate the guy in public.    If you don't think I'm doing enough on this, feel free to raise this stuff on the next call.
> -------------------------
> Sent from my BlackBerry Wireless Handheld
>
>
> -----Original Message-----
> From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
> To: Seeger, Chris <cseeger@seegerweiss.com>
> CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; 'Cvtisi@aol.com' <Cvtisi@aol.com>; Buchanan, David <dbuchanan@seegerweiss.com>
> Sent: Sat Dec 17 07:37:09 2005
> Subject: Re: Irvin Update
>
> This is in response to emails you and SS exchanged and in response to an email or DRB asking what roles he and CT should play in the upcoming trial. Here's my view, which will come as no surprise--
>
>
> The PSC needs to decide whether to make the same mistake and allow the BA firm to try this  case or whether to substitute an experienced, knowledgable top tier trial lawyer and trial team who can compete with Phil Beck, and stand up to Fallon.  That's is central.
>
> Chris, with all due respect, someone must stand up and say that Jere Beasley does not have the competence, skill, or knowledge  to participate in the trial of  the retrial of this case. I know that is not what you want to do and is not a pleasant task . I will be the movant if I am given support. Someone must also be willing to say  that Andy and Paul are nice fellas and good lawyers, but not front line trial lawyers for this assignment. We must learn from the past mistake of giving their firm control of the trial.

KS-001282

Ranier may a reasonable choice  to lead the trial team, if you have no interest in doing the case. He is local and I believe a real trial lawyer.

You  need to get the case out of BA  hands (other than in a backup role) unless a  determination is made that the case can't be won, and the PSC is just looking for cover that the case was a loser and BA's case. (Not much of an excuse) (They did lose the first time 8-1).

I don't expect any of this to happen, but say it all in the context of my fidelity to you and fiduciary obligation to the PSC.


--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:27:07 2005
Subject: Re: Irvin Update

It doesn't matter whether we call this an MDL trial or not -- either way, it will be perceived as a test case.  We've gotta put our best foor forward. And we know what has to be done: retool the pathologist and cardiologist and edit the trial team.


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:30:25 2005
Subject: Re: Irvin Update

Yup
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:22:35 2005
Subject: Fw: Irvin Update

As predicted...

What an ass ache.


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>;
Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>;
trafferty@levinlaw.com <trafferty@levinlaw.com>; cvtisi@aol.com

KS-001283

<cvtisi@aol.com>; Seeger, Chris <cseeger@seegerweiss.com>
Sent: Fri Dec 16 19:03:25 2005
Subject: Irvin Update

FYI, spoke to Andy a few minutes ago.  Irvin was selected for re-trial on
Feb. 7 in New Orleans.  As I understand it, no decision was made as to the
next trial.  Tisi and I were discussing our role in connection with the
re-trial and thought we should get some broader guidance from you all.

**KS-001284**

**From:**     Cvtisi@aol.com
**Sent:**     Monday, December 19, 2005 11:08 AM
**To:**       cseeger@seegerweiss.com; kline@klinespecter.com; specter@klinespecter.com;
              dbuchanan@seegerweiss.com
**Subject:**  Re: Irvin Update

Chris:

I will speak to him.  Given how Russ spoke of Irvin and BA case at the 4 Seasons during the first week of trial, I am surprised that his position is in doubt.  I will call them though.

Chris


In a message dated 12/19/2005 7:44:03 A.M. Mountain Standard Time, cseeger@seegerweiss.com writes:

> Thanks Chris.  I couldn't agree more.  The way you can help is being communicating to Russ and Andy how you and the others really feel about how the Irvin case was tried.  You don't have to do so in public, but we all must let them know.  The big problem now is that Russ' comments in private to me are very different from his public statements re the trial.  I really think he's hurting us but I'm dealing with him now.  Any help on this front would be productive.
> -------------------------
> Sent from my BlackBerry Wireless Handheld
>
> -----Original Message-----
> From: Cvtisi@aol.com <Cvtisi@aol.com>
> To: Seeger, Chris <cseeger@seegerweiss.com>; Tom.Kline@KlineSpecter.com
> <Tom.Kline@KlineSpecter.com>
> CC: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>; Buchanan, David
> <dbuchanan@seegerweiss.com>
> Sent: Mon Dec 19 09:37:53 2005
> Subject: Re: Irvin Update
>
> Chris:
>
> I am glad that you are being strait with Andy.  Please let us know how Tom, I or the other members of the PSC can help, if at all.  I think that we all share the view that we must figure out right away what role the PSC should play in the next trial and that the goal is to win.
>
> Whatever the result, I think we ought to focus not only on retrial of Irvin but on the trial that will follow immediately afterward on March.  Since that is likely to be a >18 month case, it is imperative that we win both Trials.  To that end, I re-attach a memo that DRB and I circulated during the Irvin trial that should the basis of what we believed needed to get done ASAP.  While I am sure that others will have their views on this, this "to do" list (or some other version of it) should form the basis of an action plan we could following in the coming weeks for both trials.
>
> Please let me know your thoughts.
>
> Tisi
>
>
> clear message at what In a message dated 12/17/2005 5:56:06 A.M. Mountain Standard Time,
> cseeger@seegerweiss.com writes:
>
> Tom. On this one you're completely wrong about one thing.....that I'm not willing to be straight with andy.  In fact, I'm in a nasty little exchange with him as we speak.....I just don't feel the need to humiliate the guy. If you don't think I'm doing enough on this, feel free to raise this stuff on the next call.
> -------------------------

KS-001285

Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; 'Cvtisi@aol.com' <Cvtisi@aol.com>; Buchanan,
David <dbuchanan@seegerweiss.com>
Sent: Sat Dec 17 07:37:09 2005
Subject: Re: Irvin Update

This is in response to emails you and SS exchanged and in response to an
email or DRB asking what roles he and CT should play in the upcoming trial.
Here's my view, which will come as no surprise--


The PSC needs to decide whether to make the same mistake and allow the BA
firm to try this  case or whether to substitute an experienced, knowledgable
top tier trial lawyer and trial team who can compete with Phil Beck, and
stand up to Fallon.  That's is central.

Chris, with all due respect, someone must stand up and say that Jere Beasley
does not have the competence, skill, or knowledge  to participate in the
trial of  the retrial of this case. I know that is not what you want to do
and is not a pleasant task . I will be the movant if I am given support.
Someone must also be willing to say  that Andy and Paul are nice fellas and
good lawyers, but not front line trial lawyers for this assignment. We must
learn from the past mistake of giving their firm control of the trial.


Ranier may a reasonable choice  to lead the trial team, if you have no
interest in doing the case. He is local and I believe a real trial lawyer.

You  need to get the case out of BA  hands (other than in a backup role)
unless a  determination is made that the case can't be won, and the PSC is
just looking for cover that the case was a loser and BA's case. (Not much of
an excuse) (They did lose the first time 8-1).

I don't expect any of this to happen, but say it all in the context of my
fidelity to you and fiduciary obligation to the PSC.


-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:27:07 2005
Subject: Re: Irvin Update

It doesn't matter whether we call this an MDL trial or not -- either way, it
will be perceived as a test case.  We've gotta put our best foor forward.
And we know what has to be done: retool the pathologist and cardiologist and
edit the trial team.


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>

**KS-001286**

To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:30:25 2005
Subject: Re: Irvin Update

Yup
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Fri Dec 16 19:22:35 2005
Subject: Fw: Irvin Update

As predicted...

What an ass ache.


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>;
Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>;
trafferty@levinlaw.com <trafferty@levinlaw.com>; cvtisi@aol.com
<cvtisi@aol.com>; Seeger, Chris <cseeger@seegerweiss.com>
Sent: Fri Dec 16 19:03:25 2005
Subject: Irvin Update

FYI, spoke to Andy a few minutes ago.  Irvin was selected for re-trial on
Feb. 7 in New Orleans.  As I understand it, no decision was made as to the
next trial.  Tisi and I were discussing our role in connection with the
re-trial and thought we should get some broader guidance from you all.

KS-001287

**Subject:** RE: Science committee meeting

**Date:** Sunday, January 1, 2006 10:31:15 PM ET

**From:** Buchanan, David

**To:** Specter, Shanin, Hoffman, Mark A., Dagostino, Lisa S., Vioxx Small Group, Seeger, Chris

Shanin, we fully agree.  It's a matter of significant concern that we
are trying to address.

-----Original Message-----
From: Specter, Shanin [mailto:Shanin.Specter@KlineSpecter.com]
Sent: Friday, December 30, 2005 2:57 PM
To: Hoffman, Mark A.; Dagostino, Lisa S.; Vioxx Small Group; Seeger,
Chris; Buchanan, David
Subject: Re: Science committee meeting

It is just infuriating to me that there is a helluva lot of talent on a
conference call on the last afternoon of the business year and no one
with
any trial responsibility for Irvin, no matter how slight, is on the
call.
The report below is very intersting as was Richard Arsenault's memo of
yesterday.  Why can't we get BA to listen?  Why should the MDL have
anything
to do with this case when BA won't even have a junior associate get on a
call?

-----Original Message-----
From: Hoffman, Mark A. <Mark.Hoffman@KlineSpecter.com>
To: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; Dagostino, Lisa
S.
<Lisa.Dagostino@KlineSpecter.com>; Vioxx Small Group
<VioxxSmallGroup@KlineSpecter.com>
Sent: Fri Dec 30 14:49:55 2005
Subject: RE: Science committee meeting

Paul Sizemore--he was not on the call.

-----Original Message-----
From: Specter, Shanin
Sent: Friday, December 30, 2005 2:46 PM
To: Dagostino, Lisa S.; Vioxx Small Group
Subject: Re: Science committee meeting

Who from BA is on the Sience Committee, if anyone?

-----Original Message-----
From: Dagostino, Lisa S. <Lisa.Dagostino@KlineSpecter.com>
To: Vioxx Small Group <VioxxSmallGroup@KlineSpecter.com>

**KS-001288**

Sent: Fri Dec 30 14:33:11 2005
Subject: Science committee meeting

MAH and I listened in to the Science committee call today.  Overall theme
was that with respect to Irvin-you "can't try the same case."

A new pathologist is in the works (Fishbein?).  There was some detailed
discussion as to how to retool the argument more effectively-combine how the
plaque rupture and thrombosis work together (LSD note :-)).  Restaino is on
this job.

A marketing expert is in the works as well-someone who worked for Oglivy
(the outside advertising firm that helped craft the campaign) during the
years at issue.  Apparently the Ogilvy docs have been produced in NJ, and
there was some discussion as to how to be able to get this information in
given Judge Fallon's rulings.  This degenerated into a long, headache
inducing discussion about marketing that I will spare everyone from
(ow).

Don Arbitlit brought up the deps of the remainder of the NEJM editors that
Merck just noticed.  He says the NEJM will fight them because the NEJM has
already provided a representative, and this harassment (and that we will
oppose too), and that if they are taken, it will backfire-the NEJM editors
are all annoyed with Merck, Drazen in particular, and its not going to be
what they want...

Don is making cuts of the Curfman dep to play in the case in chief-there's
some good testimony where he calls the naproxen theory complete junk.

Discussion about how Beck jumped out in front during voir dire and never
looked back.   Discussion about how you can't try these cases by
committee-someone asked who is trying the case (unclear if the question was
meant for plaintiffs or defense team), and the answer was "that's an
issue."

Lucchesi will probably not be used again.  In addition to his testimony

**KS-001289**

that
Vioxx should have remained on the market, when asked if there were other
world-class scientists who disagreed with him he said "Yes.  That's what
science is all about."   Ouch.   No discussion as to a replacement.


Bloor will probably not be used again.


Farquar will not be involved if Baldwin is, and if the argument is that
Irvin had a 'low risk' of an event-because Farquar is on record as
saying
that Irvin has serious CAD, and that THE PEOPLE AT HIGHER RISK ARE AT
HIGHER
RISK WITH VIOXX.  Don argued, as we have, that they should be arguing
that
Irvin was at higher risk because he had CAD....and that we are making
the
WRONG argument to the jury (MAH jumped in at this point and supported
this,
as well as Bert Black).  One of Baldwin's problems was that HE was the
one
who said that Irvin didn't have any significant disease (in contrast to
Bloor, Wheeler, etc).   BA will be using Baldwin again, and will now say
that he has reviewed literature and is now an expert (when he wasn't
last
month)-the general feeling was this was a BAD strategy-because he's
going to
get killed on cross.  The thought was to try and convince Andy to use
Farquar and not Baldwin.   Don thinks even if they don't use Baldwin,
his
testimony may be still be admissible.  (Note-Farquar has not written a
case-
specific report, and Don does not think he'll do the case as it is
currently
tooled).


Strange discussion about how in the first Irwin trial they went for
causation from the get go because the focus groups told them they
should,
and that they should de-emphasize causation and should focus more on
liability-like Lanier did.   Suggestions included SHORT presentation of
Anstice (Lanier's portion-Beck has already indicate he would try to keep
this part out this time), short presentation of Scolnick, put Topol up
front, beat them up on liability, and then put up the causation
argument.
Discussion about how Beck and company were totally relaxed, in control
(the
comment was "obviously they focused grouped"), not shuffling papers, and
when you looked at the plaintiffs table, it was the complete opposite.
More discussion about how someone needs to "fight" with Beck and get
under
his skin to throw him off his game.  No one from BA was on the call, as

**KS-001290**

far
as I could tell.


Again, people were urged to give Andy via email any thoughts.



Lisa S. Dagostino, MD, JD, MBE

Kline and Specter, PC

The Nineteenth Floor

1525 Locust Street

Philadelphia, PA  19102

215.772.2488 (direct dial)

215.772.1005 (facsimile)

lisa.dagostino@klinespecter.com


This message is intended only for the use of the individual or entity to
which it is addressed and contains information that is privileged
(protected
by the attorney-client privilege and the work-product privilege),
confidential and exempt from disclosure under applicable law.  If the
reader
of this message is not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient you are
hereby notified that any dissemination, distrubution, or copying of
this
communication is strictly prohibited.  If you receive this message in
error,
please notify us immediately via return e-mail and delete the original
message from your files.

**KS-001291**

**Subject:** Re: Irvin case

**Date:**   Sunday, January 1, 2006 11:26:35 PM ET

**From:**   Specter, Shanin

**To:**   'dbuchanan@seegerweiss.com'

**CC:**   Kline, Thomas R., 'cseeger@seegerweiss.com'

I saw it and thought it was excellent...


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
CC: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Seeger, Chris <cseeger@seegerweiss.com>
Sent: Sun Jan 01 22:55:00 2006
Subject: FW: Irvin case

Noted that you weren't copied on this and thought you'd find it worthy of discussion.


_____

From: Denise Martin [mailto:dmartin@gainsben.com]
Sent: Thursday, December 29, 2005 4:41 PM
To: Andy Birchfield
Cc: BBlack@lochlaw.com; Andy Birchfield; Arnold Levin; carlenelewis@goforthlewis.com; Chris Tisi; Buchanan, David; Drew Ranier; Elizabeth Cabraser; Lenny Davis; NJRT - mrobinson@rcrlaw.net; Richard J. Arsenault; Seeger, Chris; shellysanford@goforthlewis.com; Tom Kline; NJRT - trafferty@levinlaw.com
Subject: Irvin case


Andy:

   Since I observed the entire Irvin trial in Houston (except for the first Saturday session) and kept extensive notes, please let me share my thoughts concerning the retrial of the case.

   Dr. Lucchesi admitted under cross–examination that Vioxx had a place on the market and should not have been removed. He likewise acknowledged that the "jury was still out" on whether the VIGOR results were explainable by the Fitzgerald "imbalance" hypothesis, the "Naproxen cardioprotective" theory, or simply chance. He agreed that reasonable minds could differ on whether a plaque rupture occurred in the case of Mr. Irvin. For these, and perhaps other, reasons, I applaud the decision not to re–use Dr. Lucchesi. However, I also think a Motion in Limine should be filed to preclude reference to the prior trial (or deposition) testimony of this former expert witness.

   Plaintiff's pathologist, Dr. Lohr (spelling?) under cross–examination agreed that if plaque rupture caused Mr. Irvin's death, then Vioxx was not the cause of death. His notes also reflected that the death was "consistent with plaque rupture." The decision to replace him is obviously sound, but, again, the critical question is whether reference to his trial testimony can be precluded through a Motion in Limine.

   I see that Leigh has asked the Law Committee to research the basis for such motions. Meanwhile, no new plaintiff's expert should be asked to refer to, review, or rely upon the prior opinions or testimony of Lucchesi and/or Lohr. More problematic is that defendant's experts no doubt will do so in order to corroborate their **KS-001292**

support their own position. In that event, I think the best argument will be that the prejudicial impact of the evidence would outweigh the probative value. I also think the argument should be made that, if each MDL verdict is to prove "instructive," it is important that the verdict not be influenced by reference to evidence only addressed in a prior trial. Rather, the evidence in each case should be as uniquely–related to that case as possible, so that the verdicts have separately instructive value.

   Defendant's rheumatologist Dr. Silver opined in the area of cardiology, under the logic that as a prescribing physician he conducts a "risk–benefit" analysis in prescribing a drug like Vioxx. I believe a Motion in Limine should be filed to limit Dr. Silver to testimony within his field of rheumatology. Any prescribing physician, after all, could venture beyond his field through a Vioxx "risk–benefit" rationalization. But, if Dr. Baldwin was limited to cardiology because he was not qualified based on a review of the literature to discuss the role that Vioxx played in Mr. Irvin's death, shouldn't Dr. Silver be precluded from assessing (minimizing) the cardiovascular risks of Vioxx, an assessment which can only be based upon his review of literature and not upon his actual clinical experience as a rheumatologist?

   The defendant's pathologist ( not a cardiovascular pathologist) Dr. Wheeler was allowed to testify about the role of the plaque formation, and indirectly the role of Vioxx, in Mr. Irvin's death. While it is true that pathologists discuss causes of death, I think a Motion in Limine would be proper to prevent Dr. Wheeler from elaborating on or rationalizing his opinions on cardiovascular issues which he is not qualified to address.

   Aside from these ideas about motion practice in advance of trial, Andy, I offer the following observations:

   I consider the size of the deliberating jury a critical issue in this case, one that will directly bear on the likelihood of another deadlock. Is there any way to revisit with Judge Fallon whether the deliberating panel should be less than nine jurors? Under F.R.C.P. 48 we need a minimum of six, and we should allow for the possibility of a juror becoming sick or unavailable during trial. But, if the trial will be completed in two weeks, could we get by with eight, or even seven? This of course begs the questions whether we want the likelihood of a deadlock to be diminished.

   The key problems at trial obviously centered on causation, both factual and medical. Factually (and the jury questions during deliberation reflected this), there was a problem with concluding that a label warning of cardiovascular risk would have mattered in this case. I am hoping the prescribing physician can step up to the plate on this; the issue is huge. A less critical "factual causation" issue, reflected in the press interviews with jurors, had to do with the other prescription medication found in decedent's desk drawer at work. Merck's counsel in closing called this a "hazy" matter, and planted the seed of doubt whether the other missing prescription played a role. Do you think Mrs. Irvin could emphasize that her husband would never take any prescriptions drugs without her knowing about it at the time he was taking them? This might diminish the impact of the two missing bottles of pills.

   As to medical causation, Dr. Baldwin needs to strongly emphasize his opinion that, in the vast majority of cases, plaque ruptures do not cause clotting or death. Just as Phil Beck told the jury that during your opening statement thousands died of heart attacks unrelated to Vioxx, we should argue that, in the same span of time, thousands of plaque ruptures occurred without causing a heart attack. This relates to the need, in my view, to strongly emphasize the rule of law that a tortfeasor is not entitled to a healthy victim. A civilized society protects the weak and infirm, as we uphold this principle of law. I would blow it up on the screen during closing. I also believe we need a much stronger statement of this "pre–existing condition" rule in the jury charges. The good news is that the jury charge at the first trial repeated three times (as part of causation, at pages, 10, 12 and 15) the principle that a defendant will be liable if its fault combines with a concealed physical condition (such as a latent disease) to produce harm. The bad news is that there was more language in the case that was taken from that should have been included, to make the principle more clear to a jury. Some recent Florida and Federal cases on the principle need to be submitted and quoted from in the next jury charge.

   I believe the case for medical causation will be much more strongly presented if the actual autopsy slides are referred to during our expert's testimony, as opposed to allowing these slides to be seen for the first time during

KS-001293

the testimony of the defendant's pathologist. These slides were dramatic and impressive. We should steal that thunder, and turn it in our favor before the defendant expert testifies.

You indicated that you have put the Court and defendant on notice that you intend to ask Dr. Baldwin specific causation questions in the retrial. I am a bit concerned that Judge Fallon's prior ruling may require a formal motion, whether styled a motion for reconsideration or a motion to raise new information on qualifications not previously considered. In the PSC's Motion to Reconsider, we emphasized the disjunctive "or" in and FRE 702. It is not required that an expert be qualified based on actual clinical experience. Skill and education alone can suffice. I think you should carefully review Judge Fallon's written decision on Dr. Baldwin, to see where openings for reconsideration may exist.

I see that Leigh has asked the Law Committee to help with the jury charge on the "Government Rules Defense" (at p. 12 ff of the charge), and this clearly is an important issue. The jury charge killed us on this, and Beck took advantage of it in his closing. The language at page 13 of the charge is particularly hurtful. We should look for Florida or other cases saying that the rebuttable presumption arising from FDA drug approval is overcome if it is shown that the FDA was not given all of the necessary data on safety when it approved the drug. At the very least, this needs to be strongly argued, in reference to the charge. Again, I would not let Beck be the first one to point out this portion of the charge, but rather I would try to turn it in your favor by taking it up in closing yourself.

I would re–urge the Court to allow the question of punitive fault to be asked in phase one, as opposed to being deferred to phase two. It makes no sense in phase two to have to revisit evidence already presented for compensatory damage fault in phase one. I am told that the Florida statute on punitives contemplates asking the question of punitive fault in phase one. I regard that as substantive in that it is related to the substantive evidence on liability. Both under Erie and for case management purposes, therefore, I think an argument can be made for our position. To make punitive fault a verdict question in phase one obviously opens the evidence door to profit motive, marketing deception, etc.

Beck repeatedly emphasized the blessings of Vioxx in avoiding tragic and often–fatal stomach problems in people with crippling and chronic pain. But given the risk of a sudden heart attack (a violent and tragic way to die, a death which rips a family apart because there is no warning or preparation for the event), it is nothing short of heartless for a drug company to praise a drug which creates this risk, on the ground it purports to eliminate stomach problems. I think it is possible to "shame" Merck for touting the stomach benefits of Vioxx, by graphic (medical) references to what it is like to die of a heart attack, and by arguing what it does to a family like the Irvins when death suddenly takes a loved one. The cardiac risk is so tragic and significant, it simply cannot possibly be justified by reference to the drug's intended benefits.

Beck argued that "aside from aspirin, Vioxx may be the most studied drug in medical history." I would say that, in addition, Vioxx also may be one of the most profitable, one of the most controversial, and one of the most damaging drugs in medical and marketing history.

Beck argued that the "Naproxen cardioprotective" theory was not, as you suggested, an "alibi," but a legitimately–debated scientific hypothesis. In other words, some accept the theory and some don't. I agree it was effective for you to point out that the Alleve/Naproxen manufacturer does not proclaim this on the label, which would clearly be the case if there was valid science to support the theory. But I also think Merck's justification of something that is "debatable" again can be attacked because of the heart attack risk at issue. We shouldn't put people at risk for a sudden cardiac death, based upon something about which scientists remain uncertain, and while the scientific "discussion" unfolds. If maximum scientific certainty were ever called for, surely this is the case.

**KS-001294**

**Subject:** Re: VIOXX

**Date:** Monday, January 2, 2006 9:33:35 PM ET

**From:** Kline, Thomas R.

**To:** 'Dbuchanan@seegerweiss.com'

Sorry I'll miss you.
My central point is that the time for "negotiations" with the Beasley firm should be over. In my view, the PSC must take control over the case. It is impt to your firm's leadership of the PSC. As Shanin often reminds me when difficult things need to be done, "it is not a popularity contest."

London was just teriffic. We saw a lot of theatre. I thought of you when Zac and I had a good meal at Cipriainis. He and I are now busy planning the summer Kline concert!

I hope to see you Jan 10/11 if I am not on trial.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Mon Jan 02 18:54:19 2006
Subject: RE: VIOXX

I was looking forward to discussing some of this over dinner or a drink...good luck with the trial.

How was England?

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Monday, January 02, 2006 6:45 PM
To: Buchanan, David
Subject: Re: VIOXX

I won't be there. I sent Lee. I am starting  another  med mal trial.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Seeger, Chris
<cseeger@seegerweiss.com>
CC: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
Sent: Mon Jan 02 18:39:19 2006
Subject: Re: VIOXX

I hear you re Irvin.  I know that Chris and Russ are trying to address

**KS-001295**

these
concerns.  Though you may feel it, you're not alone.  When do you get
in?

-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: Buchanan, David <dbuchanan@seegerweiss.com>; Seeger, Chris
<cseeger@seegerweiss.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>
Sent: Mon Jan 02 08:00:01 2006
Subject: Re: VIOXX

Welcome back, Dave  I am back, too.

Pls send us EVERYTHING you have on Borowitz. All med records and your
work
product memos.
Also, our office should vet Pikul and Stubblefield . If we're going to
do
our job, we're need to see the records and previous work product memos
on
these cases, which have never been supplied to us. You will likely have
more
suceess than I if you ask for the full files on those two cases to be
furnished to me.

As for your email exchange with SS last night and this morning-- I've
become
"radio silent" recently  because I fell as though I've worn out my
welcome
as a Beasley Allen critic.   But-- Meunier's email followed by a number
of
email exchanges  does again raise the issue of what exactly is to be
done to
force the trial strategy decisions for the second Irvin trial out into
the
open and into a broader group of more knowledgable and skillful
hands--both
before and during trial.  One thing you and CAS may want to consider as
a
starting point is a  session at the Jan10/11 meeting where the BA
lawyers
are made  to discuss the upcoming strategy and other considerations (i.e
who
will handle what witnesses and who will be the "lead counsel"
etc)regarding
the retrial of Irvin.  I personally believe that one of the Louisiana
lawyers should be given the lead. The lack of BA's  formal
accountability to
the PSC is something that should somehow be addressed and corrected. I
know
this is a difficult political issue for Chris  and Russ, but must be
addressed for the sake of the litigation and the integrity of the PSC.
Meunier's email  just scratches the surface of errors that were made in

**KS-001296**

the
first trial. Jere Beasley et al  don't have the skill, ability, or
knowledge
to correct the errors on their own (or frankly to do a much better job
the
second time around), and they haven't earned the "right" to control this
case. They did an objectively lousy job the first time around, unlike
you
guys, who had an objectively tough case in front an a lousy jury and did
an
excellent job.  They were a doormat for Beck and Fallon. Our office saw
it
first hand  in the process editing down  of the Topol deposition.
Meunier
points out many avoidable errors.  Let me just say the it is my view
that it
is It is the PSC's job to force the issue with BA, and to do it soon,
while
a difference can be made.

Happy New Year to you and Chris. We all have a lot of challenges ahead
this
year.



--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Buchanan, David <dbuchanan@seegerweiss.com>
To: Seeger, Chris <cseeger@seegerweiss.com>; Tom.Kline@KlineSpecter.com
<Tom.Kline@KlineSpecter.com>
CC: Shanin.Specter@KlineSpecter.com <Shanin.Specter@KlineSpecter.com>
Sent: Sun Jan 01 22:48:54 2006
Subject: RE: VIOXX

Back from extended radio silence... Tom, let us know what you need re
your review of Borowicz...we'll expedite.

-----Original Message-----
From: Seeger, Chris
Sent: Thursday, December 29, 2005 10:03 PM
To: 'Tom.Kline@KlineSpecter.com'
Cc: 'Shanin.Specter@KlineSpecter.com'; Buchanan, David
Subject: Re: VIOXX

Agreed on all points.  Tom, my good friend, and former host of Cipriani
NY, now works at Cipriani's in London.  His name is Asan (like hasan
without the "h") if you go back.
--------------------------
Sent from my BlackBerry Wireless Handheld

**KS-001297**

-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: Seeger, Chris <cseeger@seegerweiss.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; Buchanan, David
<dbuchanan@seegerweiss.com>
Sent: Thu Dec 29 20:24:46 2005
Subject: Re: VIOXX

Chris--  here's my thinking:

I'd need  to vet the Borowitz case before committing to it.  I can have
Lisa
Dagostino and Mark Hoffman  look at the records- if you'd like.. No
matter
who tries it, it would be beneficial to have the Dagostino/Hoffman
proctology. . . I suggest you get the records in their hands... I don't
recall any specifics of  the case, other than you thought it was a
winnable
case if left in Illinois fed ct....  And, if we (PSC)are getting to pick
the
third case and you want me to try a case, I rather try a case like
Pikul-assuming that's as good as billed. Once again--we've never seen a
medical record on that case, although everyone just assumes its the
"best"
case. Can we get those records for review , too?  (Also, I have a bunch
of
non-Vioxx trial listings thru the Spring that could interfere with my
taking
any vioxx listing.)

I assume the BA lawyers  have  remained in tight control of Irvin, and
that
noone has been able to get thru to them and give them  what  they need--
real lawyering help to substantially improve the  chances of winning--at
least that's my read of things on the Irvin front.  At a minimum, you
need
to keep Jere Beasley out of the courtroom this time, even if it means
making
waves. The Arsenault email today makes a number  of good suggestions. I
know
you've worked them and Russ  hard, and maybe I'm just not up to date on
where things stand.

I just finished  dinner at Cipriani's in London. Its just as good a
place as
in NYC --in all respects....

Hope you are well and rested from your vacation....

My best.  Tom.

--------------------------

**KS-001298**

Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
CC: Specter, Shanin <Shanin.Specter@KlineSpecter.com>; Buchanan, David
<dbuchanan@seegerweiss.com>
Sent: Thu Dec 29 11:15:17 2005
Subject: RE: VIOXX


excellent analysis of why not to try diaz, but we do need to offer
something.  Tom, i'm more than willing to put up Borowitz and have you
try
it.  i've got mcfarland going april 27th so i'm out for the next mdl
round,
but if fallon will take borowitz, you're the lead.  want to propose it?
the
case ain't perfect, but nothing is.

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Wednesday, December 28, 2005 8:13 PM
To: Seeger, Chris
Cc: Specter, Shanin; Buchanan, David
Subject: Fw: VIOXX


FYI. My exchange with Meunier who is drafting a motion to block the Diaz
trial.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: 'jmeunier@gainsben.com' <jmeunier@gainsben.com>
Sent: Wed Dec 28 20:07:49 2005
Subject: Re: VIOXX


Join my world of having no cases to present as alternatives- a problem
I've
lived with since last summer and which hasn't improved much.

Fallon's post- Abrams Order said clearly that Merck makes  the next
trial
choice (as punishment to all plantiffs, which is wrong, in and of
itself),
so long as the case is"representative" ("instructive") and "ready.".
Diaz is
neither. I will forward the email chains between Lisa Dagostino, MD, JD
and
Mark Hoffman MD, JD of my office as fodder  for your motion.  In my view

**KS-001299**

we
should take the position re: Diaz that the case involves a client we do not
know, do not represent and never even met and the trial of whose case by
the MDL will likely significantly damage the substantive rights of
thousands of clients we do represent. Diaz has a displaced lawyer and
himself has a mental diability dx (paranoid psychophrenia)and who has no
objective injury (60 percent ejection fraction is normal!) and who we don't
even have the pharmacy records to prove he took vioxx at the time he had the
heart attack. This is pure and utter bullshit to have us try this case,
Jerry, regardless of the alternatives which we have to propose.

Keep in mind that Merck chose the first case. We wanted Pikul and they got
to chose Irvin from our list of five originally proposed cases and they
chose the weakest, and then Fallon over our objection makes us retry it
immediately.  We need to tell Fallon that he will esentially be allowing
Merck to pick 3 if the 4 cases under his current formulation (Irvin is
Merck's choice/ the 2nd trial is Merck's choice/ and then Merck gets to
pick one of the two remaining test cases. We should go on the record as this
being unfair and will render the trial process in the MDL as meaningless and
irrelevant. We should also say that Diaz is not representative of a long
term use case, and shouldn't count as such....

We only have the cases in the latest Russ Herman letter to offer
--Pikul
(long term use), Stubblefield (short term use), Borowitz (seeger case) and a
few others. Lisa Daagostino/Lee Balefsky know the current few MDL plantiff
proposed cases and the categories in which they fit. I don't have the info
at my fingertips.

Even if denied, in my view, we must take a stab at telling Fallon in the
motion that Diaz is not instructive or ready and not even close to being
representative, and remind him that we have had Pikul, a long term use case,
which (and this is key!)was originally on Merck's list of cases, ready for
over six months.

I am glad to see a motion being filed. I, for one, believe that we need to
"push back, " instead of just getting pushed around.

**KS-001300**

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jerry E. Meunier <jmeunier@gainsben.com>
To: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
Sent: Wed Dec 28 19:16:25 2005
Subject: RE: VIOXX

Tom,
Russ has asked me to file a motion that Diaz is neither "instructive" nor trial-ready for the March'06 setting. As I appreciate it, this is a "long-term use " case; but I'm not sure we have another to offer from this category, particularly among the EDLA filings. I've heard Stubblefield proposed in our discussions, but isn't that another "short-term use" case, like Irvin? So at this juncture how important is it to select by category? If I simply make the case that Diaz ain't right, I'm afraid the Judge will be disappointed in our not presenting the solution, beyond stating the problem. Any ideas?   Jerry

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Wednesday, December 28, 2005 5:15 PM
To: Jerry E. Meunier; kmeun@aol.com; Jerry E. Meunier
Subject: Fw: VIOXX

The email bounced back so I am sending it to the addresses I have in your address book.

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: 'jmeunier@gainsben.com' <jmeunier@gainsben.com>
Sent: Wed Dec 28 18:09:53 2005
Subject: Re: VIOXX

I'm in London. Its 11pm here., and am at dinner. Can we talk a little later?
Or, can I be of help by email response to any q's?

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jerry E. Meunier <jmeunier@gainsben.com>
To: tkline@klinespecter.com <tkline@klinespecter.com>
Sent: Wed Dec 28 17:22:38 2005

**KS-001301**

Subject: VIOXX

Tom,
Please call me asap (1-800-489-2304), so that I have needed input in
drafting a PSC motion to strike Diaz as the case for trial in 3/06.
Jerry Meunier

**KS-001302**

Exhibit "78"

## KLINE & SPECTER
A PROFESSIONAL CORPORATION

**ATTORNEYS AT LAW**

THE NINETEENTH FLOOR
**1525 LOCUST STREET**
PHILADELPHIA, PENNSYLVANIA 1910211

————————

**215-772-1000**
**800-597-9585**
FAX: 215-735-0960

Thomas R. Kline, Esquire
Direct Dial ( 215) 772-1360
thomas.kline@klinespecter.com

### *FEBRUARY 28, 2007*

#### *Re: In Re Vioxx Litigation, April Term, 2005, No. 0736*

#### *VIA HAND-DELIVERY*
*Honorable Paul P. Panepinto*
*Room 622, City Hall*
*Philadelphia, Pennsylvania 19107*

Dear Judge Panepinto:

As requested at the status conference on February 21, 2007, the following is Plaintiffs' Joint Proposal to Consolidate Cases for discovery and trial. Plaintiffs have also attached a form Order for the Court's convenience.

This proposal is made on behalf of all Plaintiffs' firms who have Vioxx cases pending in Philadelphia County[1]. Modifying the current Trial Order, dated October 6, 2006, Plaintiffs suggest that 10 to 15 of the existing Vioxx case inventory be identified by Plaintiffs by March 19, 2007 and that those cases be scheduled for discovery and a joint trial on a date which is convenient for both plaintiffs and defendants. Plaintiffs think that

---

[1]Aside from Kline & Specter, the following firms have Philadelphia County Vioxx cases: Levin, Fishbein, Sedran & Berman; Saltz, Mongeluzzi, Barrett & Bendesky; Lopez McHugh, LLC; Scott Levensten; Messa & Associates; and Golomb & Honik.

-1-

**KS-001303**

fact discovery could be accomplished in 120 days, with the trial commencing on October 15, 2007.

Plaintiffs submit that a joint trial would streamline the litigation both in terms of cost and time by trying the "conduct" of Merck first, in the general liability portion of the trial. Vioxx was on the market from May, 1999 until it was withdrawn on September 30, 2004. There is a tremendous amount of information to be conveyed to the jury. Merck has indicated that they intend to try each and every one of these Vioxx cases. Presenting this evidence once for the group of cases would enable the plaintiffs to combine resources. After the general liability portion of the trial is completed (Phase I), and assuming there is a verdict for the plaintiff, then the jury would continue to determine case-specific liability and damages (Phase II) in a series of mini (one to two day) trials. If the jury finds for Merck in Phase I, then the selected cases would be concluded.

Plaintiffs suggest the following timing for a Pre-Trial Order:

| | |
|---|---|
| 3/19/07 | Plaintiffs identify 10 to 15 cases for discovery and trial |
| 4/1/07 | Production of Plaintiffs' Fact Sheets (to the extent not previously produced) |
| 4/30/07 | Production of Merck's Profile Forms (to the extent not previously produced) |
| 5/15/07 | (or 4 weeks following identification of selected sales representatives by Plaintiffs, whichever is later) Production of sales representative custodial documents, including paper and electronic files; e mails; sales call notes; personnel file; and IMS data. |
| 7/15/07 | Completion of all fact discovery, including depositions of Plaintiffs, treating and prescribing physicians and sales representatives |
| 8/15/07 | Plaintiffs' expert reports produced |
| 9/15/07 | Defense expert reports produced |
| 10/15/07 | TRIAL DATE |

Due to the small number of VIOXX cases on this Court's docket and the fact that both Plaintiffs and Merck have agreed to coordinate discovery in these cases with cases proceeding in New Jersey and the MDL, this modification of the October 6, 2006 Order just makes sense. Various reasons support this proposal:

1. Pa.R.C.P. 213(a) specifically provides for joint trials of actions involving a common question of law or fact. See *Streff v. Johns-Manville Corp.*, 1992 WL 1071355, 23 Phila.Co., Rptr.497 (Pa.Com.Pl.1992), in which Judge Moss consolidated multiple asbestos cases for trial.

KS-001304

> In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay. Both cases have numerous common legal and factual questions. Both Plaintiffs alleged asbestos related injuries and both pursued identical strict liability theories against identical Defendants. Moreover, Plaintiffs were asbestos exposed at the identical location: the Philadelphia Naval Shipyard where both sustained identical injuries. Both Plaintiffs retained the identical law firm where they were represented by the same trial attorneys. Both Defendants were also represented by identical law firms and trial attorneys. There are also numerous common legal issues. Both cases involved claims for risk and fear of cancer. Plaintiffs' experts relied on similar medical theories and similar risk statistics in proving these claims. Defendants also relied upon identical legal theories. Consolidation rests within the trial court's discretion and is not a matter of right. *Pullium v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983).

*Streff v. Johns-Manville Corp.*, 1992 WL 1071355, at *498-499.

The question of consolidation is left to the discretion of the trial Judge.

> In *Azinger v. Pennsylvania Railroad Co.*, 262 Pa. 242, 105 A. 87 (1918), our supreme court addressed consolidation: The question [of consolidation] is one that must necessarily be left to the discretion of the trial judge and where the issues are the same and they arise out of the same transaction, and it does not appear the trial of the cases together would tend to place the objecting party at a disadvantage, or give an undue advantage to his adversary, the action of the court in ordering cases to be tried together will not be reversed. *Id*. at 247, 105 A. at 88 (citations omitted).

*Hill v. Hill*, 422 Pa. Super 533, 535-536,  619 A. 2d 1086, 1087 (Pa.Super.1993.)

-3-

KS-001305

Contrary to Merck's assertion that the cases all involve different facts, in these cases, Plaintiffs have all similarly alleged that Merck failed to warn of the dangers of Vioxx, despite knowledge of those dangers. Issues regarding Merck's negligence; failure to warn; and general liability to the plaintiffs will be the same in each trial. The issues are complex because they involve hundreds of documents and decisions/actions by various Merck employees and ex-employees. There are common questions of fact relating to liability in each case. Bifurcating the injury and causation to Phase II of the trial would assure that the jury could determine the individual issues relating to each plaintiff separately. At that time, length of use, dosage and past medical condition of the plaintiff would be determined. If Merck is concerned that issues would be confused during Phase I, carefully crafted jury interrogatories would yield a determination of whether Merck breached a standard of care at particular times between May of 1999 and October 30, 2004.

Additionally, and as stated above, Merck has insisted that discovery in the Philadelphia County cases be closely tracked to the MDL and to New Jersey. Federal Rule of Civil Procedure 42(a) provides for consolidation of cases where common questions of law or fact exist. Consolidation was found proper in federal court cases where a joint trial on all liability issues was warranted, there were complex issues presented and there were a substantial number of common questions of fact relating to liability. *In re Air Crash Disaster at Detroit Metropolitan Airport on Aug.. 16, 1987*, 737 F.Supp. 391(E.D. Mich. 1989).

Judge Higbee has endorsed consolidated cases and is currently trying two consolidated VIOXX cases in Atlantic County. Counsel for Merck's representation that consolidated trials have been a 'disaster,' is just not accurate. The New Jersey cases taking place right now are the second group of consolidated cases to be tried there. In the first group, *Cona* and *McDarby*, the jury had no problem understanding the evidence and differentiating between individual issues. In fact, the jury returned a verdict in favor of one plaintiff and not the other.

Encouraging joint trials will maintain the goal of consistency with the New Jersey VIOXX cases[2].

2. Merck has publicly vowed to try each and every case. Plaintiffs are ready and willing to try the cases, however, the burden and expense of trying the same generic

---

[2]Additionally, Vioxx cases in California are also being consolidated for trial.

-4-

KS-001306

liability case for each trial is oppressive. The most efficient way to resolve the existing docket is to try groups of plaintiffs together[3].

Trying these cases one by one, as suggested by Merck, would only delay each Plaintiff's day in Court. Since April, 2005, when the program was formed, only a handful of the 40, or more, cases on the docket have been disposed of. At that rate, there is no practical way to dispose of the cases within the guidelines set by the ABA and the Complex Litigation track in the Philadelphia Court of Common Pleas. Plaintiffs' proposal would accelerate determination of the existing cases[4]. This would benefit all concerned, including this Court.

Merck claims that it would not be 'fair' to them to litigate a group of cases, however, there is nothing in this process which would rob Merck of any constitutional rights. Merck would still be able to fully discovery each case. Merck would be able to present a defense to each Plaintiffs' claim. To the contrary, it would be unfair to burden each plaintiff with having to prove the 'conduct' of Merck at each and every trial in a case like this, where Merck has produced over 2.5 million documents (translating to approximately 21 million pages of material). To say it is expensive and time consuming to prepare for this trial would be an enormous understatement. Merck seems to have an unlimited fund to pay for the defense of these cases. Unfortunately, Plaintiffs are not in the same position. Consolidation would enable Plaintiffs to level that playing field.

Plaintiffs thus respectfully request that their request for consolidation be granted. For your convenience, a proposed Order is attached hereto.

Respectfully yours,

THOMAS R. KLINE
LEE B. BALEFSKY

---

[3]Plaintiffs propose that the Schramm case, currently scheduled for trial on May 21, 2007, be part of the first group of cases.

[4]Merck claims that the current program is working well and cases are being dismissed. Plaintiffs' proposal would merely accelerate the current program. Plaintiffs are confused as to why Merck would oppose a program that would result in the determination of almost half of the cases currently filed.

-5-

KS-001307

cc:     (VIA FACSIMILE)
        Joseph K. Hetrick, Esquire
        Michael F. Barrett, Esquire
        Richard M. Golomb, Esquire
        Michael M. Weinkowitz, Esquire
        Joseph L. Messa, Jr., Esquire
        Scott Levensten, Esquire
        James J. McHugh, Jr., Esquire

KS-001308

**KLINE & SPECTER, P.C.**
**By: Lee B. Balefsky, Esquire/25321**
**By: Michelle L. Tiger, Esquire/43872**
**1525 Locust Street**
**Philadelphia, PA 19102**
**215-772-1000**
**Attorneys for Plaintiff**

---

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PENNSYLVANIA

|                        |   |                      |
|------------------------|---|----------------------|
|                        | : | April Term, 2005     |
| IN RE VIOXX LITIGATION | : |                      |
|                        | : | No.  0736            |
|                        | : |                      |
|                        | : |                      |

---

### O R D E R

AND NOW, to wit, this            day of                 , 2007, it is hereby ORDERED

and DECREED that Plaintiffs' Joint Proposal to Consolidate Cases for discovery and trial is

GRANTED.

It is further ORDERED and DECREED that:

1. Plaintiffs will identify 15 cases for discovery by March 19, 2007.

2. Plaintiffs' Fact Sheets shall be produced by April 1, 2007 (to the extent not

previously produced).

3. Merck's Profile Forms shall be produced by April 30, 2007 (to the extent not

previously produced).

4. By May 15, 2007 (or 4 weeks following identification of selected sales

representatives by Plaintiffs), Merck shall provide the production of sales representative

custodial documents, including paper and electronic files; e mails; sales call notes; personnel

file; and IMS data.

**KS-001309**

5. All fact discovery shall be completed by July 15, 2007, including depositions of Plaintiffs, treating and prescribing physicians and sales representatives.

6. Plaintiffs' expert reports are to be produced by August 15, 2007.

7. Defense expert reports are to be produced by September 15, 2007.

8. Trial will commence on October 15, 2007.

By the Court:

_____

Paul Panepinto, J.

KS-001310

Exhibit "79"

**Subject:** RE: Curfman

**Date:**   Thursday, January 11, 2007 2:54:04 PM ET

**From:**   Buchanan, David

**To:**   Kline, Thomas R.

Tom, if you're able and willing to move those mountains, it would be my very strong preference for you to do it.  It's a dicey dep … one that got mangled last time.  Beck came in and sliced and diced Curfman and the re-direct did not cure it.   It can be done right (and we have the NEJM folks willing to work with us to make it work right).  Also, you've done a great job w/ Beck's nonsense in the past (you'd be able to tie him in knots with the limitiations on exam presented by Mass Ct).  Arbitblit took the lead for the MDL last time and I'm not sure he fully appreciated the weight of what was happening at the time.  Weinberg has some good points for the exam, but this needs to be very jury friendly.  As for me, I'm in Court all day Wed arguing 48 Daubert and MILs!!!  I will do whatever I can to help whoever is taking this get ready.  I could be in Philly Mon or Tues to help.

Thankfully, Higbee threw out the last Curfman dep bc of insufficient notice to NJ.  This dep will be the first and last word on Expression of Concern issues w/ NEJM.  Paul Shaw, counsel to NEJM, is very friendly.  We will be able to preview our entire exam and get "his" insights on the exam.  I view this dep as a likely "must play" in our trial package.  Again, if you're able to do it, that'd be great.

---

**From:** Kline, Thomas R.  [mailto:Tom.Kline@KlineSpecter.com]
**Sent:** Thursday, January 11, 2007 2:22 PM
**To:** Buchanan, David
**Subject:** Curfman

Lanier called me today and asked if I can do it. I see your email a couple mins ago about a lot of people offering assistance..

I need to move mountains in my schedule to try to cover it (since I start trial next Fri), and don't want to do so if this is covered anyway..

What's the real story here?

**KS-001311**

Exhibit "80"

**Subject:** RE: Mixon

**Date:** Monday, January 23, 2006 3:21:13 PM ET

**From:** Troy Rafferty

**To:** Dagostino, Lisa S., Kline, Thomas R., Cvtisi@aol.com, Dbuchanan@seegerweiss.com, LDavis@hhkc.com

**CC:** cseeger@seegerweiss.com, andy.birchfield@beasleyallen.com, Specter, Shanin

I don't think it's necessary other than what we have already said/filed.  We will handle objecting to the substance of the depo at the pretrial or before they play it.

-----Original Message-----
From: Dagostino, Lisa S. [mailto:Lisa.Dagostino@KlineSpecter.com]
Sent: Monday, January 23, 2006 11:48 AM
To: Troy Rafferty; Kline, Thomas R.; Cvtisi@aol.com;
Dbuchanan@seegerweiss.com; LDavis@hhkc.com
Cc: cseeger@seegerweiss.com; andy.birchfield@beasleyallen.com; Specter,
Shanin; Dagostino, Lisa S.
Subject: RE: Mixon


Troy and Andy--do you want us to put something on the record at the start of
the dep that we object with respect to the Irvin trial, blah, blah, or do
you want to handle the objection some other way?

-----Original Message-----
From: Troy Rafferty [mailto:TRafferty@levinlaw.com]
Sent: Monday, January 23, 2006 12:44 PM
To: Kline, Thomas R.; Cvtisi@aol.com; Dbuchanan@seegerweiss.com;
LDavis@hhkc.com
Cc: cseeger@seegerweiss.com; andy.birchfield@beasleyallen.com; Specter,
Shanin; Dagostino, Lisa S.
Subject: RE: Mixon

Rejected.  They said if we don't play it, they will

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Monday, January 23, 2006 11:44 AM
To: 'Cvtisi@aol.com'; Troy Rafferty; 'Dbuchanan@seegerweiss.com';
'LDavis@hhkc.com'
Cc: 'cseeger@seegerweiss.com'; 'andy.birchfield@beasleyallen.com';
Specter, Shanin; Dagostino, Lisa S.
Subject: Re: Mixon


What happened to our prposed agreement just nmot to play it in Irvin?
Rejected by Merck?

--------------------------
Sent from my BlackBerry Wireless Handheld

**KS-001312**

-----Original Message-----
From: Chris Tisi <cvtisi@aol.com>
To: Troy Rafferty <trafferty@levinlaw.com>; 'dbuchanan@seegerweiss.com'
<dbuchanan@seegerweiss.com>; Tom.Kline@KlineSpecter.com
<Tom.Kline@KlineSpecter.com>; LDavis@hhkc.com <LDavis@hhkc.com>
CC: cseeger@seegerweiss.com <cseeger@seegerweiss.com>;
andy.birchfield@beasleyallen.com <andy.birchfield@beasleyallen.com>;
shanin.specter@klinespecter.com <shanin.specter@klinespecter.com>;
lisa.dagostino@klinespecter.com <lisa.dagostino@klinespecter.com>
Sent: Mon Jan 23 12:21:18 2006
Subject: Re: Mixon

Agrred
Sent wirelessly via BlackBerry from T-Mobile.

-----Original Message-----
From: "Troy Rafferty" <TRafferty@levinlaw.com>
Date: Mon, 23 Jan 2006 11:09:05
To:"Buchanan, David" <dbuchanan@seegerweiss.com>,      "Kline, Thomas R."
<Tom.Kline@KlineSpecter.com>, <LDavis@hhkc.com>
Cc:<Cvtisi@aol.com>, "Seeger, Chris" <cseeger@seegerweiss.com>,
<andy.birchfield@beasleyallen.com>,      "Specter, Shanin"
<Shanin.Specter@KlineSpecter.com>,      "Dagostino, Lisa S."
<Lisa.Dagostino@KlineSpecter.com>
Subject: RE: Mixon

We need to get Vicki Vance on the phone and see what she can produce to us
asap.

-----Original Message-----
From: Buchanan, David [mailto:dbuchanan@seegerweiss.com]
Sent: Monday, January 23, 2006 11:17 AM
To: Troy Rafferty; Kline, Thomas R.; LDavis@hhkc.com
Cc: Cvtisi@aol.com; Seeger, Chris; andy.birchfield@beasleyallen.com;
Specter, Shanin; Dagostino, Lisa S.
Subject: RE: Mixon


Are we getting the docs at least?

-----Original Message-----
From: NJRT - trafferty@levinlaw.com
Sent: Monday, January 23, 2006 12:07 PM
To: Kline, Thomas R.; LDavis@hhkc.com; Buchanan, David
Cc: Cvtisi@aol.com; Seeger, Chris; andy.birchfield@beasleyallen.com;
Specter, Shanin; Dagostino, Lisa S.
Subject: RE: Mixon


Mixon is going forward.  Judge just said so.  Defendants claim it is a
15 minute depo/direct on the issue of the conversation.

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Monday, January 23, 2006 10:33 AM

KS-001313

To: Troy Rafferty; 'LDavis@hhkc.com'; 'Dbuchanan@seegerweiss.com'
Cc: 'Cvtisi@aol.com'; 'cseeger@seegerweiss.com';
'andy.birchfield@beasleyallen.com'; Specter, Shanin; Dagostino, Lisa S.
Subject: Re: Mixon


My  concurring/dissenting view--We should only agree not to play it an
Irvin, nut not abandon it for all time. Please let's keep our options
open
on developing it further. I think Lanier may push to keep it in pay in
NJ
and may actually get somewhere with Mixon when he is examined.  Let's
keep
the agreement case specific and in writing.
Troy/Dave/ Andy--agree?

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Troy Rafferty <TRafferty@levinlaw.com>
To: Lenny Davis <LDAVIS@hhkc.com>; Buchanan, David
<dbuchanan@seegerweiss.com>; Tom.Kline@KlineSpecter.com
<Tom.Kline@KlineSpecter.com>
CC: cvtisi@aol.com <cvtisi@aol.com>; Seeger, Chris
<cseeger@seegerweiss.com>; andy.birchfield@beasleyallen.com
<andy.birchfield@beasleyallen.com>; Shanin.Specter@KlineSpecter.com
<Shanin.Specter@KlineSpecter.com>; Lisa.Dagostino@KlineSpecter.com
<Lisa.Dagostino@KlineSpecter.com>
Sent: Mon Jan 23 10:16:52 2006
Subject: RE: Mixon

Why don't we check with Witman and see if they will take it down.  We
will
agree not to play that portion of the deposition.

-----Original Message-----
From: Lenny Davis [mailto:LDAVIS@hhkc.com]
Sent: Monday, January 23, 2006 9:09 AM
To: Buchanan, David; Tom.Kline@KlineSpecter.com
Cc: cvtisi@aol.com; Troy Rafferty; Seeger, Chris;
andy.birchfield@beasleyallen.com; Shanin.Specter@KlineSpecter.com;
Lisa.Dagostino@KlineSpecter.com
Subject: RE: Mixon


Wittman just advised that there was a call in number for todays
conference.
The call in number for today is 888/443-7423.  No other code is required

Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP

**KS-001314**

Herman, Mathis, Casey, Kitchens & Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

Temporary Office
Place Saint Charles
201 Saint Charles Avenue
Suite 4310
New Orleans, Louisiana  70170
<http://www.hhkc.com/>

This e-mail message contains confidential, privileged information
intended solely for the addressee. Please do not read, copy, or
disseminate it unless you are the addressee. If you have received it in
error, please call us (collect) immediately at (504) 581-4892 and ask to
speak with the message sender. Also, we would appreciate your forwarding
the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT

-----Original Message-----
From: Buchanan, David [mailto:dbuchanan@seegerweiss.com]
Sent: Monday, January 23, 2006 9:13 AM
To: Lenny Davis; Tom.Kline@KlineSpecter.com
Cc: cvtisi@aol.com; trafferty@levinlaw.com; Seeger, Chris;
andy.birchfield@beasleyallen.com; Shanin.Specter@KlineSpecter.com;
Lisa.Dagostino@KlineSpecter.com
Subject: Re: Mixon

Just spoke to Tisi, who spoke to the Clinic lawyer yesterday.
Apparently, per her conversation with Merck, all they're looking for is
Mixon's testimony that in Oct 2004, it wasn't Gilmartin that called him,
it was Mixon who called Gilmartin.  Designed to rebut Topol's triple
hearsay testimony on that call.  Personally, I would just not play that
cut and avoid dealing with this issue, but that's a call for the trial
team.  We'd never affirmatively play Mixon...all we're hoping for is a
push.

-----Original Message-----
From: Lenny Davis <LDAVIS@hhk.com>
To: Buchanan, David <dbuchanan@seegerweiss.com>;
Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>
CC: cvtisi@aol.com <cvtisi@aol.com>
Sent: Mon Jan 23 09:44:32 2006
Subject: RE: Mixon

I will be sure fallon knows this

Leonard A. Davis
Attorney at Law

**KS-001315**

Herman, Herman, Katz & Cotlar LLP
Herman, Mathis, Casey, Kitchens & Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

Temporary Office
Place Saint Charles
201 Saint Charles Avenue
Suite 4310
New Orleans, Louisiana  70170
<http://www.hhkc.com/>

This e-mail message contains confidential, privileged information
intended solely for the addressee. Please do not read, copy, or
disseminate it unless you are the addressee. If you have received it in
error, please call us (collect) immediately at (504) 581-4892 and ask to
speak with the message sender. Also, we would appreciate your forwarding
the message back to us and deleting it from your system. Thank you.


CONFIDENTIAL ATTORNEY WORK PRODUCT

-----Original Message-----
From: Buchanan, David [mailto:dbuchanan@seegerweiss.com]
Sent: Monday, January 23, 2006 8:41 AM
To: Tom.Kline@KlineSpecter.com; Lenny Davis
Cc: cvtisi@aol.com
Subject: Re: Mixon

Just argued it with Higbee.  She struck the cross notice and stated that
if it went forward tomorrow, he'll have to be re-deposed or come live
for NJ.

-----Original Message-----
From: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>
To: Buchanan, David <dbuchanan@seegerweiss.com>; 'LDavis@hhkc.com'
<LDavis@hhkc.com>
CC: 'Cvtisi@aol.com' <Cvtisi@aol.com>
Sent: Mon Jan 23 08:29:37 2006
Subject: Mixon

I assume someone is going to take the motion to quash up wuith Fallon
today.
It is impt that we get our subpoenaed documents before that depo and it
can't fairly and realistically go ahead tomorrow. Thurs would be ok IF
we
get document production.

--------------------------
Sent from my BlackBerry Wireless Handheld

**KS-001316**

KS-001317

**Subject:** Re: Mixon

**Date:** Wednesday, January 25, 2006 7:15:06 PM ET

**From:** Cvtisi@aol.com

**To:** Tom.Kline@KlineSpecter.com, trafferty@levinlaw.com

**CC:** Lisa.Dagostino@KlineSpecter.com, Dbuchanan@seegerweiss.com, cseeger@seegerweiss.com, Shanin.Specter@KlineSpecter.com, Lee.Balefsky@KlineSpecter.com

Thanks and Great Job

In a message dated 1/25/2006 5:14:12 P.M. Mountain Standard Time, Tom.Kline@KlineSpecter.com writes:

> Thanks. I appreciate everyone's support, and erspecially thank Tisi who
> worked this tirelessly. We need to do everything necessary to protect Topol,
> with whom I met today.
>
> --------------------------
> Sent from my BlackBerry Wireless Handheld
>
>
> -----Original Message-----
> From: Troy Rafferty <TRafferty@levinlaw.com>
> To: Kline, Thomas R. <Tom.Kline@KlineSpecter.com>; Cvtisi@aol.com
> <Cvtisi@aol.com>; Dbuchanan@seegerweiss.com <Dbuchanan@seegerweiss.com>
> CC: Dagostino, Lisa S. <Lisa.Dagostino@KlineSpecter.com>
> Sent: Wed Jan 25 18:59:33 2006
> Subject: RE:
>
> Good job Tom.  It's unusable.  I still think we take the cut out of Topol
> though.  Just collateral.  Now they won't want to play it.
>
> -----Original Message-----
> From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
> Sent: Wednesday, January 25, 2006 6:01 PM
> To: 'Cvtisi@aol.com'; 'Dbuchanan@seegerweiss.com'
> Cc: Dagostino, Lisa S.; Troy Rafferty
> Subject: Re:
>
>
> It is a side show. Just completing my assignment to protect Topol.
>
> --------------------------
> Sent from my BlackBerry Wireless Handheld
>
>
> -----Original Message-----
> From: Cvtisi@aol.com <Cvtisi@aol.com>
> To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>;
> Dbuchanan@seegerweiss.com <Dbuchanan@seegerweiss.com>
> CC: Lisa.Dagostino@KlineSpecter.com <Lisa.Dagostino@KlineSpecter.com>;
> trafferty@levinlaw.com <trafferty@levinlaw.com>
> Sent: Wed Jan 25 18:59:06 2006
> Subject: Re:
>
> I will say what I have been saying all along.  This is truly collateral and
> a side show.
>
>
> In a message dated 1/25/2006 4:53:24 P.M. Mountain Standard Time,
> Tom.Kline@KlineSpecter.com writes:
>
> Ask some "neutrals "listening to this on the phone.
>
>
> --------------------------
> Sent from my BlackBerry Wireless Handheld
>
>
> -----Original Message-----
> From: Buchanan, David <dbuchanan@seegerweiss.com>
> To: Tom.Kline@KlineSpecter.com <Tom.Kline@KlineSpecter.com>; Mark Lanier
> <WML@lanierlawfirm.com>

**KS-001318**

Sent: Wed Jan 25 18:53:50 2006
Subject:

How'd it go, guys?  Was it a 15 min quickie

**KS-001319**

**Subject:** RE: Mixons on

**Date:** Monday, January 23, 2006 12:43:17 PM ET

**From:** Dagostino, Lisa S.

**To:** Troy Rafferty, cvtisi@aol.com, Kline, Thomas R.

**CC:** dbuchanan@seegerweiss.com, cseeger@seegerweiss.com, Dagostino, Lisa S., LDavis@hhkc.com

Got it.  I have stuff re:  conflict of interest scandal with Cleveland Clinic (that Topol slammed him on in the press)--we'll use that too.

-----Original Message-----
From: Troy Rafferty [mailto:TRafferty@levinlaw.com]
Sent: Monday, January 23, 2006 12:39 PM
To: cvtisi@aol.com; Tom.Kline@KlineSpecter.com
Cc: dbuchanan@seegerweiss.com; cseeger@seegerweiss.com; lisa.dagostino@klinespecter.com; LDavis@hhkc.com
Subject: RE: Mixons on

Show Mixon the actual testimony of Topol...

Topol says Rudick told him about this conversation

Mixon never talked to Topol about it

Do you know why the defense is asking you about this if it was Mr. Rudick that gave tehe information to topol

You went to Harvard Business School with Mr. Gilmartin?

Mr. Rudick didn't, did he.

You can't say one way or another whether this is actually what was told to topol by Rudick, can you?

-----Original Message-----
From: Chris Tisi [mailto:cvtisi@aol.com]
Sent: Monday, January 23, 2006 11:13 AM
To: Tom.Kline@KlineSpecter.com
Cc: dbuchanan@seegerweiss.com.; cseeger@seegerweiss.com; Troy Rafferty; lisa.dagostino@klinespecter.com; LDavis@hhkc.com
Subject: Mixons on


Judge jus ordered mixon to go forward.  They say it is a 15 minute deposition.  You need to call me so I can bring you up to date with vance's proffer.

We addressed the lack of docsd.  Judge ageed to hold depsoition open
Sent wirelessly via BlackBerry from T-Mobile.

**KS-001320**

Exhibit "81"

**Subject:** Re: Reicin

**Date:** Saturday, January 20, 2007 8:48:07 PM ET

**From:** Kline, Thomas R.

**To:** 'cseeger@seegerweiss.com'

I absolutely have time for whatever you need...Curfman accusing her of scientific fraud, her own non-Merck authors of Vigor claiming they didn't know the Feb 10,00 cut off for MI's, and Curfman saying they were guilty of "hide and seek" with the data adds some new ammo..We should have a working session(s) with LSD..I'll glady spend whatever times is needed brainstorming and preparing with you..

Also, I have a "TRK box" with my modules from her depo. LSD tells me they are "out of date," but you may want to thumb thru nevertheless..

I'm available next week.. Tues is  best for me..but I'll do what's best for you.

(If you want to drive up here Tues nt, I have 76ers/ New Orlean tix. My new seats are right next to the visitor's coach..You are welcome to use them or go w/me).

Also, I'm debating whether to go to N O on Wed/Thurs for Status Conf. Is anyhting impt going to happen? Is Fallon going to propose getting Merck to the table? Any reason for me to go, or should I send Lee, and come to AC with you ?

Let me know your thoughts..


-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Kline, Thomas R.
Sent: Sat Jan 20 19:14:10 2007
Subject: Reicin

Tom, I'm going to cross her in this trial.  There's no way I can do that without talking to you.  Do you have time to either talk by phone or have dinner in AC with me this week?
--------------------------
Sent from my BlackBerry Wireless Handheld

**KS-001321**

**Subject:** Re: Reicin

**Date:**   Monday, January 29, 2007 8:13:11 AM ET

**From:**   Kline, Thomas R.

**To:**     'cseeger@seegerweiss.com'

**CC:**     Dagostino, Lisa S.

This is good news..I also made the suggestion to Lanier, so I'm glad he's listening and its happening.. Its clearly the right way to handle Reicin, by calling her on cross-- something that's not been done..

My gut--
I'd confront her in a barrage of q's even if she'll  answer no to many , and then go after her on each one.. like Mark did with Avorn..where you have the goods on her..

Something like:

You were the clinical monitorfor vioxx and a cenral   central figure in the vixoxx story both when it was happening and now?

You are an advocate whose main job today is to stick to the story of trying  to prove the safety of vioxx?

You were an inexperienced clinical investigator when you were you given the huge responsibility to test vioxx?

You are not a cardiologist or a rumatologist or a GI dr, or an epidemiologist or any of the  key specialities that we have been hearing from for weeks? You are just an internal medicine dr who thought she knew better then and knows better now than Graham, Topol, Avorn, Nissen  Juni, and other enormously credentiled physciand and scientists?

You are vested in vioxx and in constructing the best argument possible to prove its safety?

For the 6 yurs vioxx was on the mkt, you would take on and disagree with anyone who disagreed with you?

You did anything you could to protect the vioxx franchise over public safety?

You were involved in a conscious effort to silence your and vioxx's critics?

You are the principal architect of the naproxin hypothesis, wich you founded on the weeked of March...00, and which you till advocate today..?

You are the one who was the number three author on the vioxx paper, right behind Laine, who admits the data was bogus and cagy?

You are the person who fixed the cut off date for vigor at Feb 10,00, w/o even telling you ourside co-investigators?

You muscled and threated those who disagreed with you?

You are the one who paid a visit to Eric Topol to tell him he'd be embarassed if he published his study?

You are the one who wanted to flip Topol's data to make vioxx look better?

You even went so far as to conscript and cospire woth your own brother to trash Eric Topol?   **KS-001322**

You did it with other scientists, too?

Your knew about the Fitzgerald hypothesis the whole time, but chose to ignore it?

You slectively told the FDA about certain data and not other info?

You and Shapiro together consciously decided not to turn over the appendix of the meta anlaysis?

You took at least one  meaningless study and made "a lot out of a little" with it?

You were as much a marketer and promoter as a scientist, as evidened by your being on the worldwide marketing committee?

In fact, you very own personnel file labels you the defender of the viox franchise?  (Go thru this chaper and verse, including her signing off on it!!)

And, there's no doubt about it,  you are a partisan of the first order when it comes to vioxx, and there will be no budging you off the Merck party line (much oif which you have hand crafted) then, now, tomorrow, or ever...

Etc. Etc

My point is to confront her and define her and then go back and prove to the jury that you have the goods on her, and she is a piece of garbage out of the box...

If we'd kick this around, we'd come up with the right questions, which have bullet proof documents that woud define her, before she could spout her lies...The above is obviously just off the top of my head...I'm sure there are many more "defining" questions where she can then be knocked down..

-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Kline, Thomas R.
CC: Dagostino, Lisa S.
Sent: Mon Jan 29 07:25:00 2007
Subject: Fw: Reicin

I resent this.....forgot to include Lisa.  Lisa, what are your thoughts on this too?
-------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Seeger, Chris
To: 'thomas.kline@klinespecter.com' <thomas.kline@klinespecter.com>
Sent: Mon Jan 29 07:24:05 2007
Subject: Reicin

I think I've convinced the team to call Reicin in our case.  So when I examine her, the jury will not yet have heard her story.  How would you "start" her exam?  Defender of the franchise out of the box may be too aggressive......have to wait til she fights.  What 2 or three points would you lead off with her?

**KS-001323**

--------------------------
Sent from my BlackBerry Wireless Handheld

KS-001324

Exhibit "82"

**Dagostino, Lisa S.**

| | |
|---|---|
| **From:** | Seeger, Chris [cseeger@seegerweiss.com] |
| **Sent:** | Wednesday, July 05, 2006 10:02 AM |
| **To:** | Kline, Thomas R. |
| **Cc:** | Dagostino, Lisa S.; Buchanan, David |
| **Subject:** | RE: Schondelmeyer Meeting |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

yea....we really need you guys there.

-----Original Message-----
**From:** Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
**Sent:** Wednesday, July 05, 2006 9:44 AM
**To:** Seeger, Chris
**Cc:** Dagostino, Lisa S.; Buchanan, David
**Subject:** Re: Schondelmeyer Meeting

I agree. After thinking on it, I reached the same conclusion.

-----Original Message-----
From: Seeger, Chris <cseeger@seegerweiss.com>
To: Kline, Thomas R.; Buchanan, David <dbuchanan@seegerweiss.com>
Sent: Wed Jul 05 09:49:15 2006
Subject: RE: Schondelmeyer Meeting

i think having you there is a major plus and some insurance against robinson completely fucking this up.

-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Wednesday, July 05, 2006 12:03 AM
To: Seeger, Chris; Buchanan, David
Subject: Fw: Schondelmeyer Meeting


Do you  think it makes sense for me to send LSD to assist RH on Graham/Topol (she knows the stuff cold!) and me to go to this mtg?  I'm not actually arguing the Graham/Topol motions anyway....Thoughts?

-----Original Message-----
From: Jonathan Shub <jshub@sheller.com>
To: Haviland, Donald E.; Kline, Thomas R.
CC: 'Buchanan, David' <dbuchanan@seegerweiss.com>; 'Seeger, Chris' <cseeger@seegerweiss.com>
Sent: Tue Jul 04 23:10:50 2006
Subject: Schondelmeyer Meeting

On Thursday afternoon and all day Friday this week, Steve Schondelmeyer, a pharma economist
from the Univ. of Minn., will be at Seeger Weiss to discuss the Local 68 case. This
is a critical meeting as we expect that Professor Schondelmeyer will  play an integral role
in both the liability and damages aspects of the trial. As you know, K&S worked closely
with him in the Lupron case. If you are available, please make an effort to attend some or all of this meeting.

***********************************
Jonathan Shub, Esq.
Sheller, Ludwig & Badey, P.C.
Philadelphia, PA
215.790.7327

**KS-001325**

www.sheller.com <http://www.sheller.com/>

This e-mail is sent by a law firm
and contains information that may
be privileged and confidential. If
you are not the intended recipient,
please delete this e-mail and any
attachments to it. Thank you.


http://www.sheller.com <http://www.sheller.com/>
--------------------------------------------------------------------------------

PLEASE NOTE: This Message, including any attachments, may include privileged or confidential information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

New IRS rules restrict written federal tax advice from lawyers and accountants. We include this statement in all outbound emails because even inadvertent violations may be penalized. Nothing in this message is intended to be used, or may be used, to avoid any penalty under federal tax laws. This message was not written to support the promotion or marketing of any transaction, contact the sender if you wish to engage us to provide formal written advice as to tax issues.


--------------------------------------------------------------------------------

http://www.sheller.com <http://www.sheller.com/>

**KS-001326**

**Dagostino, Lisa S.**

| | |
|---|---|
| **From:** | Andy Birchfield [andy.birchfield@beasleyallen.com] |
| **Sent:** | Wednesday, July 05, 2006 5:34 PM |
| **To:** | Kline, Thomas R. |
| **Cc:** | Dagostino, Lisa S.; RHerman@hhkc.com; LDavis@hhkc.com |
| **Subject:** | RE: Graham |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Great - thanks

-----Original Message-----
**From:** Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
**Sent:** Wednesday, July 05, 2006 4:32 PM
**To:** Andy Birchfield
**Cc:** Dagostino, Lisa S.; RHerman@hhkc.com; LDavis@hhkc.com
**Subject:** Re: Graham


Not to my knowledge. I came down in supportive role..russ said he'd set aside time tomorrow toprep for Graham.

-----Original Message-----
From: Andy Birchfield <andy.birchfield@beasleyallen.com>
To: Kline, Thomas R.
CC: LDavis@hhkc.com <LDavis@hhkc.com>; RHerman@hhkc.com <RHerman@hhkc.com>;
beachlawyer51@hotmail.com <beachlawyer51@hotmail.com>; Dagostino, Lisa S.; cseeger@seegerweiss.com
<cseeger@seegerweiss.com>
Sent: Wed Jul 05 17:32:21 2006
Subject: RE: Graham

Just want to make sure nothing has changed since last week


-----Original Message-----
From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Wednesday, July 05, 2006 4:30 PM
To: Andy Birchfield
Cc: LDavis@hhkc.com; RHerman@hhkc.com; beachlawyer51@hotmail.com; Dagostino, Lisa S.; cseeger@seegerweiss.com
Subject: Re: Graham



That's my understanding, and the purpose why I am coming tonight, to get Russ ready and be with him at the argument.

-----Original Message-----
From: Andy Birchfield <andy.birchfield@beasleyallen.com>
To: Kline, Thomas R.
Sent: Wed Jul 05 17:26:52 2006
Subject: Graham

Based on Lenny's email, I'm not sure what is going on…

**KS-001327**

I thought, from the extensive email traffic last week, that Russ understood the importance of this and was setting aside the time (with your help) to be prepared???

KS-001328

Exhibit "83"

**Dagostino, Lisa S.**

---

**From:**      Kline, Thomas R.
**Sent:**      Wednesday, October 18, 2006 10:24 AM
**To:**        Dagostino, Lisa S.
**Subject:**   Fw: Vioxx PSC Conf. Call

**Follow Up Flag:**   Follow up
**Flag Status:**      Flagged


See below...Pls give me an email outlining the basics of the dedrick case. Txs..

-----Original Message-----
From: Kline, Thomas R.
To: 'andy.birchfield@beasleyallen.com' <andy.birchfield@beasleyallen.com>
Sent: Wed Oct 18 09:21:21 2006
Subject: Re: Vioxx PSC Conf. Call

I'm coming in late tonight on a private plane, and won't be in till near midnight......  I'm
headed right out after our PSC mtg to get back in time for a late afternoon mtg in PHL.. We
could grab some breakfast together tomorrow morning...

-----Original Message-----
From: Andy Birchfield <andy.birchfield@beasleyallen.com>
To: Kline, Thomas R.
Sent: Wed Oct 18 09:01:56 2006
Subject: RE: Vioxx PSC Conf. Call

What's your schedule? Would you have a little time to meet, privately, re some trial stratgy
issues in Dedrick either before or after the meeting?

_____

From: Kline, Thomas R. [mailto:Tom.Kline@KlineSpecter.com]
Sent: Wednesday, October 18, 2006 7:55 AM
To: Andy Birchfield; LDavis@hhkc.com; trafferty@levinlaw.com; lflemming@hhkc.com; Levin, A;
morellana@seegerweiss.com; SKibria@seegerweiss.com; cseeger@seegerweiss.com; cvtisi@aol.com;
Dbuchanan@seegerweiss.com; dranier@rgelaw.com; ecabraser@lchb.com; FLonger@lfsblaw.com; Frank
Woodson; dmartin@gainsben.com; Balefsky, Lee; beachlawyer51@hotmail.com;
mrobinson@rcrlaw.net; mwagner@seegerweiss.com; nparfitt@dc.ashcraftlaw.com; mparf@aol.com;
MWeinkowitz@lfsblaw.com; Leigh O'Dell; pdoamaral@lchb.com; rarsenault@nbalawfirm.com;
RHerman@hhkc.com; shellysanford@goforthlewis.com; sherman@hhkc.com; Jimenez, Margarita;
zvioxxarchive@hhkc.com
Cc: regina@hhkc.com; pennylh14@yahoo.com; admin@bcr.nocoxmail.com; Msastra@aol.com
Subject: Re: Vioxx PSC Conf. Call


I'm coming.

-----Original Message-----
From: Andy Birchfield <andy.birchfield@beasleyallen.com>
To: Lenny Davis <LDAVIS@hhkc.com>; Troy Rafferty <TRafferty@levinlaw.com>; Lillian Flemming
<LFLEMMING@hhkc.com>; Levin, A; Christopher Seeger (PSC) (E-mail 2)
<morellana@seegerweiss.com>; Christopher Seeger (PSC) (E-mail 3) <SKibria@seegerweiss.com>;
Christopher Seeger (PSC) (E-mail) <cseeger@seegerweiss.com>; Christopher Vincent Tisi (PSC)

KS-001329

869

(E-mail) <cvtisi@aol.com>; David R. Buchanan (E-mail) <dbuchanan@seegerweiss.com>; Drew
Ranier (PSC) (E-mail) <dranier@rgelaw.com>; Elizabeth Cabraser (PSC) (E-mail)
<ecabraser@lchb.com>; flonger@lfsblaw.com <flonger@lfsblaw.com>; Frank Woodson
<frank.woodson@beasleyallen.com>; Gerald E. Meunier (PSC) (E-mail 2) <dmartin@gainsben.com>;
Balefsky, Lee; Mark Robinson (PSC) (E-mail 2) <beachlawyer51@hotmail.com>; Mark Robinson
(PSC) (E-mail) <mrobinson@rcrlaw.net>; Michael Wagner @ Seeger Weiss
<mwagner@seegerweiss.com>; Michelle A. Parfitt (E-mail 2) <nparfitt@dc.ashcraftlaw.com>;
Michelle A. Parfitt (E-mail); mparf@aol.com; mweinkowitz@lfsblaw.com
<mweinkowitz@lfsblaw.com>; Leigh O'Dell <leigh.odell@beasleyallen.com>; Paulina do Amaral (E-
mail) <pdoamaral@lchb.com>; Richard J. Arsenault (PSC) (E-mail) <rarsenault@nbalawfirm.com>;
Russ Herman <RHERMAN@hhkc.com>; shellysanford@goforthlewis.com
<shellysanford@goforthlewis.com>; Steve Herman <SHERMAN@hhkc.com>; Jimenez, Margarita; Kline,
Thomas R.; ZVioxx  Archive <zvioxxarchive@hhkc.com>
CC: Regina Westenfeld <regina@hhkc.com>; Penny Herman <pennylh14@yahoo.com>;
admin@bcr.nocoxmail.com <admin@bcr.nocoxmail.com>; Msastra@aol.com <Msastra@aol.com>
Sent: Wed Oct 18 08:48:30 2006
Subject: RE: Vioxx PSC Conf. Call


Who plans to be in New Orleans for the meeting tomorrow?


_____

From: Lenny Davis [mailto:LDAVIS@hhkc.com]
Sent: Tuesday, October 17, 2006 10:38 AM
To: Troy Rafferty; Lillian Flemming; Andy Birchfield; Arnold Levin (PSC) (E-mail);
Christopher Seeger (PSC) (E-mail 2); Christopher Seeger (PSC) (E-mail 3); Christopher Seeger
(PSC) (E-mail); Christopher Vincent Tisi (PSC) (E-mail); David R. Buchanan (PSC) (E-mail); Drew
Ranier (PSC) (E-mail); Elizabeth Cabraser (PSC) (E-mail); flonger@lfsblaw.com; Frank Woodson;
Gerald E. Meunier (PSC) (E-mail 2); lee.balefsky@klinespecter.com; Mark Robinson (PSC) (E-
mail 2); Mark Robinson (PSC) (E-mail); Michael Wagner @ Seeger Weiss; Michelle A. Parfitt (E-
mail 2); Michelle A. Parfitt (E-mail); mweinkowitz@lfsblaw.com; Leigh O'Dell; Paulina do
Amaral (E-mail); Richard J. Arsenault (PSC) (E-mail); Russ Herman;
shellysanford@goforthlewis.com; Steve Herman; Thomas Kline (PSC) (E-mail 2); Thomas Kline
(PSC) (E-mail); ZVioxx Archive
Cc: Regina Westenfeld; Penny Herman; admin@bcr.nocoxmail.com; Msastra@aol.com
Subject: RE: Vioxx PSC Conf. Call



Hopefully finished by 1 0r 2. depends on what happens but I think we should finish



Leonard A. Davis
Attorney at Law
Herman, Herman, Katz & Cotlar LLP
Herman, Mathis, Casey, Kitchens & Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

Temporary Office
Place Saint Charles
201 Saint Charles Avenue
Suite 4310
New Orleans, Louisiana  70170

**KS-001330**

<http://www.hhkc.com/ > >

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately on (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT

_____

From: Troy Rafferty [ <http://www.hhkc.com/ <http://www.hhkc.com/>
mailto:TRafferty@levinlaw.com]
Sent: Tuesday, October 17, 2006 10:32 AM
To: Lillian Flemming; Andy D. Birchfield Jr. (PSC) (E-mail); Arnold Levin (PSC) (E-mail); Christopher Seeger (PSC) (E-mail 2); Christopher Seeger (PSC) (E-mail 3); Christopher Seeger (PSC) (E-mail); Christopher Vincent Tisi (PSC) (E-mail); David R. Buchanan (E-mail); Drew Ranier (PSC) (E-mail); Elizabeth Cabraser (PSC) (E-mail); flonger@lfsblaw.com; Frank Woodson (E-mail); Gerald E. Meunier (PSC) (E-mail 2); lee.balefsky@klinespecter.com; Mark Robinson (PSC) (E-mail 2); Mark Robinson (PSC) (E-mail); Michael Wagner @ Seeger Weiss; Michelle A. Parfitt (E-mail 2); Michelle A. Parfitt (E-mail); mweinkowitz@lfsblaw.com; P. Leigh O'Dell (E-mail); Paulina do Amaral (E-mail); Richard J. Arsenault (PSC) (E-mail); Russ Herman; shellysanford@goforthlewis.com; Steve Herman; Thomas Kline (PSC) (E-mail 2); Thomas Kline (PSC) (E-mail); ZVioxx Archive
Cc: Lenny Davis; Regina Westenfeld; Penny Herman; admin@bcr.nocoxmail.com; Msastra@aol.com
Subject: RE: Vioxx PSC Conf. Call


Are we expecting the meeting to last into the afternoon or just a 1/2 day meeting?

        -----Original Message-----
        From: Lillian Flemming [mailto:LFLEMMING@hhkc.com]
        Sent: Tuesday, October 17, 2006 10:30 AM
        To: Andy D. Birchfield Jr. (PSC) (E-mail); Arnold Levin (PSC) (E-mail); Christopher Seeger (PSC) (E-mail 2); Christopher Seeger (PSC) (E-mail 3); Christopher Seeger (PSC) (E-mail); Christopher Vincent Tisi (PSC) (E-mail); David R. Buchanan (E-mail); Drew Ranier (PSC) (E-mail); Elizabeth Cabraser (PSC) (E-mail); flonger@lfsblaw.com; Frank Woodson (E-mail); Gerald E. Meunier (PSC) (E-mail 2); lee.balefsky@klinespecter.com; Mark Robinson (PSC) (E-mail 2); Mark Robinson (PSC) (E-mail); Michael Wagner @ Seeger Weiss; Michelle A. Parfitt (E-mail 2); Michelle A. Parfitt (E-mail); mweinkowitz@lfsblaw.com; P. Leigh O'Dell (E-mail); Paulina do Amaral (E-mail); Richard J. Arsenault (PSC) (E-mail); Russ Herman; shellysanford@goforthlewis.com; Steve Herman; Thomas Kline (PSC) (E-mail 2); Thomas Kline (PSC) (E-mail); Troy Rafferty; ZVioxx Archive
        Cc: Lenny Davis; Regina Westenfeld; Penny Herman; admin@bcr.nocoxmail.com; Msastra@aol.com
        Subject: Vioxx PSC Conf. Call

        The PSC Conference Call on Wednesday, October 18, 2006, at 4:00 p.m. CT is CANCELED. There will be a PSC meeting in New Orleans on Thursday, October 19, 2006 at 9:00 a.m. at the offices of Herman, Herman, Katz & Cotlar, LLP, 201 St. Charles Ave., 35th floor, New Orleans, Louisiana.


        Lillian M. Flemming                                    **KS-001331**

Legal Assistant to Leonard A. Davis and Stephen J. Herman

Herman, Herman, Katz & Cotlar, LLP

Herman, Mathis, Casey, Kitchens & Gerel, LLP

201 St. Charles Avenue, Suite 4310

New Orleans, Louisiana  70170

504-581-4892

504-561-6024 (Fax)

<http://www.hhkc.com/ > >

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT

<http://www.hhkc.com/ <http://www.hhkc.com/>

**KS-001332**

Exhibit "84"