IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
:             CIVIL ACTION
:             NO. 08-1633
:
In Re: Vioxx Products Liability Litigation    :
:             SECTION L, MAG. 3
:
:             HONORABLE ELDON E. FALLON
:             HONORABLE DANIEL E. KNOWLES, III
:
:             In Relation To: MDL No. 1657
:
Filer:   Anapol, Schwartz, Weiss, Cohan,    :
        Feldman & Smalley, P.C.              :
---------------------------------------------------------x

**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.'s
REPLY MEMORANDUM IN OPPOSITION TO THE FEE ALLOCATION
COMMITTEE'S OPPOSITION TO ANAPOL'S RULE 60(B) MOTION
FOR RELIEF FROM THIS COURT'S OCTOBER 19, 2010 ORDER ESTABLISHING A
<u>COMMON BENEFIT FEE OF 6.5%</u>**

Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. ("Anapol") submits this memorandum in reply to the Fee Allocation Committee's ("FAC") Opposition to Anapol's Rule 60(b) Motion for Relief from this Court's October 19, 2010 Order Establishing a Common Benefit Fee of 6.5%.

**I.     <u>THE FAC'S SILENCE IS SIGNIFICANT</u>**

In its Motion for Relief from this Court's 6.5% Common Benefit Assessment Order, Anapol filed a 13-page brief which set forth a number of positions, including the following:

1.     Due to what has been commonly referred to as the "Stratton Deal", approximately sixty (60) law firms paid a common benefit assessment of only 4% despite the fact that this Court ordered a 6.5% assessment.

2.      Firms were treated inconsistently as many firms, such as Anapol, paid a 6.5% assessment, but others paid 4% or potentially even less.[1]

3.      The Stratton Deal was consummated behind closed doors. It was not transparent as it was not divulged to the parties or to this Court.

4.      The FAC acknowledged the reasonableness of a 4% assessment when it knowingly allowed sixty (60) law firms to pay this percentage. As such, the FAC is now estopped from arguing a contrary position with respect to Anapol or any other firm that seeks a reduction in its common benefit assessment from 6.5% to 4%.

Importantly and notably, the FAC **did not challenge** any of the above facts or arguments. The record is now undisputed that law firms paid different common benefit assessments based on factors having nothing to do with the amount of common benefit work each firm did or did not perform. This admission is significant. Anapol cannot think of anything more unfair than it, and other similarly situated firms, being required to pay a 6.5% assessment while others paid much less.

A hallmark of our democratic system is that all parties be treated equally. *See United States v. Abou-Kassem*, 78 F. 3d 161, 165 (5th Cir. 1996) ("The Equal Protection Clause protects similarly situated people from being treated differently without a rational basis."). Without equal treatment under the law, our system fails. Justice now calls out for Anapol and other similarly situated firms to have their assessments reduced to 4% and for the differences to be refunded.

## II.     THE RULE 60(B) BURDEN HAS BEEN SATISFIED

In its 2-page opposition, the FAC made three futile arguments in response to Anapol's motion. Their first argument is that the agreement between the FAC and the percentage-fee

---

[1] It is not yet known the percentage by which each firm contributed to the common benefit pool.

objectors does not constitute newly discovered evidence under Rule 60(b). *See* FAC's Response to Anapol's Motion for Relief from This Court's October 19, 2010 Order Establishing a Common Benefit Fee of 6.5%.

This argument fails on its face as the Stratton Deal is a textbook example of "newly discovered evidence". Other than the FAC and Mr. Stratton, neither the parties nor the Court knew about the agreed-to assessment of 4%. Anapol had no idea that firms would have an opportunity to pay less than a 6.5% assessment. It was not until Cohen, Placitella & Roth and Eric H. Weinberg filed their Joint Supplemental Objection in February 2011 that this cat was let out of the bag.

Federal Rule of Civil Procedure 60(b) was specifically designed to relieve parties from final judgments or orders when newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial has completely changed the landscape. *See* Fed. R. Civ. P. 60(b). That is precisely what occurred here. Anapol was not aware until more than three months after this Court's October 19, 2010 Order that law firms had paid less than a 6.5% assessment. Had Anapol known prior to the Court's issuance of its common benefit Order that approximately sixty (60) law firms were only paying a 4% assessment, it would have sought the same relief. Because Anapol only recently discovered this evidence, we are forced to file our motion now.

### III.  THE STRATTON DEAL IS HIGHLY RELEVANT

In mass tort settlements, lawyers must adhere to strict guidelines when settling cases on behalf of a number of individual clients. The process with ones' clients must be transparent. Clients need to know what awards other similarly situated clients will receive so that they can make a knowing and informed decision as to whether or not to accept the settlement. An illustration best describes why this open and knowing process is so important.

Client A and Client B are very similar – they are the same age, suffered the same injury and have synonymous medical histories. Client A, who is not informed what other similarly situated clients will receive, is advised that he is receiving a $100,000 award. Client A believes that the $100,000 award is reasonable and agrees to opt-into the settlement. However, Client B receives a $200,000 award. After opting-into the settlement, Client A then learns that similarly situated clients, such as Client B, received a $100,000 greater award. Anyone who reads this fact pattern would agree that Client A was treated unfairly and deserves an opportunity to revisit his decision to accept his settlement award.

This example is highly analogous to what occurred here yet, incredibly, the FAC insists that Anapol, like Client A, is stuck with its uninformed decision. The second argument raised by the FAC is that, "Anapol's … consideration of whether an 8% common benefit assessment was too low, too high, or just right was in no way impacted by the agreement with percentage-fee objectors." *See* FAC's Response to Anapol's Motion for Relief from This Court's October 19, 2010 Order Establishing a Common Benefit Fee of 6.5%. It is also argued that Anapol had all information necessary in order to determine whether to object to Plaintiffs Liaison Counsel's 8% motion because the "Stratton Deal" is irrelevant to this Court's October 19, 2010 Order. *Id.*

The Federal Rules of Evidence define "Relevant Evidence" as follows:

> Evidence having any tendency to make the existence of any fact
> that is of consequence to the determination of the action more
> probable or less probable than it would be without the evidence.

*See* Fed. R. Evid. 401. *See also Brazos River Auth. v. GE Ionics, Inc.*, 469 F. 3d 416 (5th Cir. 2006); *United States v. Ragsdale*, 426 F.3d 765 (5th cir. 2005). It is highly relevant and a central theme in this common benefit fee dispute that some firms paid one assessment and other firms, like Anapol, paid a higher assessment. Deciding whether or not to object to the 8% assessment

4

request was one that did not take place in a vacuum. Rather, Anapol's decision not to object was based on the premise that all law firms would be treated and taxed equally. At a minimum, the disparity in assessments should have been publicly disclosed so that Anapol and other firms could have made a knowing decision on whether or not to contest the requested 8% assessment.[2]

## IV. THE COURT DID NOT POSSESS ALL THE FACTS BEFORE ISSUING ITS OCTOBER 19, 2010 COMMON BENEFIT ASSESSMENT ORDER

When the Court issued its October 19, 2010 Common Benefit Assessment Order, the following facts were in the record:

1. Plaintiffs' Liaison Counsel ("PLC") had requested an 8% assessment.
2. Those who objected to the 8% assessment had recommended 7.5% as a reasonable assessment.

Although the percentage-fee objectors had represented to the Court that a 7.5% assessment was reasonable, we have now learned that they would only be responsible to pay 4%. We also now know that this Court was not aware of the "Stratton Deal". *See* Exhibit "D" to Anapol's original Rule 60(b) Motion for Relief. For the FAC to imply that the Court's lack of knowledge to these facts is immaterial is short-sighted. The Court's October 19, 2010 Order plainly stated, "While the matter was pending before this Court, the PLC reduced its request for a common benefit fee award to 7.5% and the objectors withdrew their objections. With this back story in mind and after considering the briefs and oral argument, the Court is now fully apprised of the factual and legal issues involved in the PLC's request and is ready to rule." *See* October 19, 2010 Order.

---

[2] The FAC cites *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) in support of its position that evidence must be material for a successful 60(b) motion. However, *Thermacor* is vastly different from the evidence before this Court. The 5th Circuit upheld the denial of the 60(b) motion in *Thermacor* because the new evidence was not truly new and the alleged new evidence was not material evidence, but impeachment evidence. These facts are completely inapposite to Anapol's present motion.

When issuing its common benefit order, the Court clearly considered the respective positions of both the PLC and the percentage-fee objectors.  Had the Court been made aware that the PLC/FAC would craft its own order and unilaterally decide that approximately sixty (60) law firms would only be responsible for a 4% assessment, it would have had a much different record upon which to proffer its ruling. Additionally, had the "Stratton Deal" been transparent and publicly known, Anapol and likely many other firms would have sought a 4% assessment as well, thereby also changing the record before the Court.  The Court's October 19, 2010 Order was based on a specific set of facts which are now known to be misleading.

Court rules require orders and judgments to be based on an accurate and complete record – it was why Federal Rule 60(b) was instituted.  *See* F. R. Civ. P. 60(b).  The Fifth Circuit has repeatedly and consistently held that an accurate record is essential.  *See United States v. Margetis*, 975 F.2d 1175, 1176 (5th Cir. 1992) ("A complete and accurate record of trial court proceedings is essential to the appellate process."); *United States v. Neal*, 27 F.3d 1035, 1044 (5th Cir. 1994) ("A transcript need not be correct in every detail.  Instead, it need only 'report the proceedings with reasonable completeness and substantial accuracy'.").  An analogous criminal procedure rule applies here as well.  *See* Fed. R. Crim. P. 32(c)(3)(D).  Rule of Criminal Procedure 32(c)(3)(D) serves two functions – it protects the defendant from being sentenced on inaccurate information and it creates an accurate record of the factors on which the court relied at sentencing.  *See United States v. Manotas-Mejia*, 824 F.2d 360, 368 (5th Cir. 1987) and *United States v. Piazza*, 959 F.2d 33, 36 (5th Cir. 1992) (same).  The thrust behind this procedural rule is that criminal sentences can only be handed down after an evaluation of all the true and complete facts.  The same standard applies to civil rulings as well.

It is widely accepted that an accurate record must be placed before the tribunal so that a fair, knowing and informed ruling can be made. Court rules and precedents confirm this long established principle of our judicial system. Unfortunately, that did not occur here.

## V.     **CONCLUSION**

The FAC's limited response further strengthens Anapol's position that the disparity in common benefit assessments is unjust, unfair and not justifiable. The remedy to cure this disparity is to modify the Court's October 19, 2010 Order which established a common benefit fee of 6.5%.

                                                Respectfully submitted,

                                                _____
                                                Sol H. Weiss
                                                Gregory S. Spizer
                                                ANAPOL, SCHWARTZ, WEISS, COHAN,
                                                    FELDMAN & SMALLEY, P.C.
                                                1710 Spruce Street
                                                Philadelphia, PA 19103

Dated: May 5, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of May, 2011 the above and foregoing Motion for Leave to File a Reply Memorandum in Opposition to the Fee Allocation Committee's Opposition to Anapol's rule 60(B) Motion for Relief from This Court's October 19, 2010 Order Establishing a Common Benefit Fee of 6.5%, with attached Reply Memorandum, has been served on liaison and co-lead counsels, Russ Herman, Andy Birchfield, and Christopher Seeger, via the Court's ECF filing system, and upon all parties by electronically uploading the same to LexisNexis File & Serve.

                                                               _____

                                                                Sol H. Weiss