UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

THIS DOCUMENT RELATES TO ALL CASES

## MOTION PURSUANT TO PTO 9A AND F. R. CIV. P. 26(C) FOR A PROTECTIVE ORDER

### NOTICE

PLEASE TAKE NOTICE that the undersigned counsel will bring this Motion Pursuant to PTO 9A and F. R. Civ. P. 26(c) for a Protective Order before the Honorable Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130, at such time as the Court allows the same to be heard.

### MOTION

Comes the undersigned counsel, on behalf of certain Plaintiffs in the cases for which deposition notices have been issued by Merck as set forth in the letter from Emily R. Pistilli to Ann B. Oldfather dated May 20, 2011, attached as Exhibit B, and move the Court to enter the attached Protective Order remanding the depositions as noticed and directing Merck to comply with PTO 9A.

In support of this Motion, counsel states she received an email from Ms. Pistilli dated April 11, 2011 stating that Merck planned to "arrange dates" for depositions of unidentified "relevant doctors" in three different cases.  Ms. Pistilli professed that "we would like to work

with your schedule as much as possible to try to find dates that are convenient for all involved." Ms. Pistilli then inquired whether "you [would] let us know if there are any blackout dates in May, June or July when plaintiffs' counsel in these cases would NOT be available to participate in doctor depositions?" See Email thread at Exhibit A.

The undersigned responded promptly on April 15, 2011, and confirmed what she had told Ms. Pistilli and Mr. Marvin on March 2, 2011 (when leaving a hearing before this honorable Court), that "I have already told you and Doug that I am unavailable for most of June and the first part of July." Ms. Oldfather also asked for the names of the physicians in question and concluded by requesting that Mr. Marvin call her on enumerated days the next week. *Id.*

No response *of any kind* was received until Ms. Pistilli's letter of May 20, 2011, with 5 deposition notices attached. *See* Exhibit B. All but one of the depositions were set for dates when Ms. Oldfather had already indicated her unavailability. Ms. Oldfather responded immediately with her letter attached at Exhibit C, by which she attempted to confer with Williams & Connolly counsel in an effort to resolve the dispute without court action. Ms. Pistilli refused to withdraw the deposition notices. *See* Exhibit D.

This Court has provided guidance to counsel in PTO 9A concerning how cooperative deposition scheduling should be conducted. Section I. B. presents the general rule that "[c]ounsel are expected to cooperate with and be courteous to each other .. in scheduling depositions." Section II. C. directs that [a]bsent extraordinary circumstances, counsel shall consult in advance with opposing counsel … [to] schedule depositions at mutually convenient times…", and concludes by requiring that each side "shall" be notified of the scheduled date "at least thirty (30) days in advance." *Id.*

2

Case 2:05-md-01657-EEF-DEK   Document 62990   Filed 05/26/11   Page 3 of 4

For the foregoing reasons, the Court is respectfully requested, pursuant to F.R. Civ.P. 26 (c), to enter the tendered Order

                                                Respectfully submitted,

/s/
_____
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY  40208
502.637.7200
502.637.3999
aoldfather@oldfather.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion Pursuant to PTO 9A and F. R. Civ. P. 26(c) for a Protective Order has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of May, 2010.

                                            /s/
                                   _____
                                   Ann B. Oldfather

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**O R D E R**

**THIS DOCUMENT RELATES TO ALL CASES**

Motion having been made by counsel for certain Plaintiffs,

IT IS HEREBY ORDERED BY THE COURT that the deposition notices issued by Defendant Merck & Co., Inc, for deponents Burick, Leal, Cox, Delgado and Nunez shall be vacated.  Merck and its counsel shall comply with PTO 9A generally in the scheduling of depositions.

So ordered.

New Orleans, Louisiana, this __ day of _____, 2011.

_____
Eldon E. Fallon
United State District Judge

4