UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

**JOINT REPORT NO. 64 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 64.

I.   THE SETTLEMENT PROGRAM

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

II. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master. At the monthly status conference on June 1, 2011, Mr. Juneau will report on his work.

III. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order. As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

IV. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on June 1, 2011.

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock. Merck's counsel will be prepared to discuss this situation at the monthly status conference on June 1, 2011.

1057501v.1
1057817v.1

V.     *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. By Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on June 1, 2011.

VI.    GOVERNMENT ACTIONS

A.     Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. The parties will be prepared to discuss these issues further at the monthly status conference on June 1, 2011.

B.     Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases. On June 29, 2010, the Court entered Pre-Trial Order

3

No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

On August 26, 2010, the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010. On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

On November 22, 2010, the Court stayed discovery in the Governmental Actions in order to explore global resolution of the AG cases. The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff.

During the stay, the parties have engaged in an information exchange of discovery related to resolution issues under the supervision of Special Master Juneau. Special Master Juneau continues to be in contact with all the parties, as well as representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units. The parties will continue to discuss the stay and the status of the NAMFCU agreements.

The parties will be prepared to discuss these issues further at the monthly status conference on June 1, 2011.

The Oklahoma Attorney General filed an amended complaint in late November, and Merck moved to dismiss that complaint on December 3. Plaintiff's counsel and Merck are discussing the briefing schedule with Special Master Juneau.

## VII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for all purposes for those cases subject to Pre-Trial Order Nos. 28, 29, and 43. Discovery has proceeded in certain cases since then. Ms. Oldfather has requested that Merck or the PSC provide her with the Plaintiff's Fact Sheets, PPF forms, or PTO 28 and 29 *Lone Pine* reports. Counsel for Merck has advised Ms. Oldfather that they do not have the authority to provide medical and personal information about plaintiffs without the consent of the plaintiff or his or her counsel. Ms. Oldfather advises that she has been in the process of gathering express consents from counsel and *pro se* claimants in these cases, directing delivery of such materials to her. Ms. Oldfather would like to ask for the Court's assistance in obtaining these materials. The parties will be prepared to discuss these issues further at the monthly status conference on June 1, 2011.

## VIII. FEE ALLOCATION COMMITTEE

Pursuant to Pretrial Order 6D and an Order entered February 28, 2011, the Special Master conducted hearings on allocations and the objections to the recommended allocation of the Fee Allocation Committee during the week of May 9, 2011. The matter has been taken under advisement. The parties will be prepared to discuss this further at the monthly status conference on June 1, 2011.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements.

IX.  PENDING MOTIONS

Three motions filed by Merck are currently scheduled for hearing immediately following the monthly status conference on June 1, 2011: Merck's Motions and Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiffs Pedro Gonzales, R.Doc. 61280; Linda C. Thornton, R.Doc. 62925; and Michael Wodowski, R.Doc. 62926). Also pending is Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Comply with the Discovery Requirements of PTO 28 (as to plaintiff Dennis Harrison, R.Doc. 61683).[2] Although Mr. Harrison has executed and returned authorizations, he has not yet complied with the remaining requirements of PTO 28. Accordingly, Merck will ask that the Court set a new hearing date for its motion. Merck's Motions and Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice Under Rule 25(1)(1) (as to plaintiffs Adeline Mosby, R.Doc. 62928, and Samuel Perry, R.Doc. 62927) are moot as proper plaintiffs have been substituted pursuant to Rule 25.

One Motion filed by Ms. Oldfather is currently scheduled for a hearing immediately following the monthly status conference on June 1, 2011: Motion Pursuant to PTO 9A and F. R. Civ. P. 26(c) for a Protective Order regarding five depositions noticed by Merck (R. Doc. 62990). Merck intends to file a response prior to the monthly status conference.

X.  APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals, Fifth Circuit. The parties will be prepared to discuss these matters further at the monthly status conference on June 1, 2011.

---

[2] This Motion was originally set for hearing on April 1, 2011. It was continued due to the hospitalization of Mr. Harrison.

XI.    NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:    (504) 581-3361

**Defendants' Liaison Counsel**

/s/ Ann B. Oldfather
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, KY  40208
PH:     (502) 637-7200
FAX:    (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Not Enrolled Cases and Certain Other Remaining PI Claims**

# **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 64 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of May, 2011.

>   /s/ Dorothy H. Wimberly
>   Dorothy H. Wimberly, 18509
>   STONE PIGMAN WALTHER
>   WITTMANN L.L.C.
>   546 Carondelet Street
>   New Orleans, Louisiana  70130
>   Phone:  504-581-3200
>   Fax:     504-581-3361
>   dwimberly@stonepigman.com
>
>   Defendants' Liaison Counsel