# AMENDMENT TO SETTLEMENT AGREEMENT

AMENDMENT TO SETTLEMENT AGREEMENT, dated as of January 17, 2008 (this "Amendment"), between Merck & Co., Inc., a New Jersey corporation (together with its successors and assigns, "Merck"), and the counsel listed in the signature pages hereto under the heading "Negotiating Plaintiffs' Counsel" (collectively, the "NPC"; the NPC and Merck, each a "Party" and collectively the "Parties").

## RECITALS

A.   The Parties are parties to that certain Settlement Agreement, dated November 9, 2007 (the "Settlement Agreement").

B.   In the course of explaining the Settlement Agreement to counsel for potential participants, it has become apparent that the original document could have more clearly reflected the intent of the Parties in certain respects and the Parties have concluded that it would be desirable to underscore their original intent in these respects.

C.   The Parties therefore wish to make certain technical and clarifying amendments to the Settlement Agreement pursuant to Section 16.10 thereof, as further provided herein, to ensure that the document accurately and clearly reflects the Parties' original intent.

D.   The Parties are making this one and only set of necessary modifications in this single document at this time, so that the Settlement Agreement will be finalized in a readily accessible form in advance of full commencement of the Resolution Program enrollment process.

Merck and the NPC hereby agree as follows:

Section 1.1. Certain Terms. Capitalized terms used but not defined in this Amendment shall have the meanings ascribed to such terms in the Settlement Agreement.

Section 1.2. Amendments. The Settlement Agreement is hereby amended as follows:

   1.2.1.   All references in the Settlement Agreement to "Chief Administrator" are hereby amended to say "Honorable Eldon E. Fallon."

   1.2.2.   Section 1.2.8.1 of the Settlement Agreement is hereby amended and restated as follows: "Each Enrolling Counsel is expected to exercise his or her independent judgment in the best interest of each client individually before determining whether to recommend enrollment in the Program. By submitting an Enrollment Form, the Enrolling Counsel affirms that he or she has exercised such independent judgment and either (1) has recommended to 100% of the Eligible Claimants represented by such Enrolling Counsel that such Eligible Claimants enroll in the Program or (2) (if such Enrollment Form is submitted prior to February 28, 2008 and is not accompanied by a Certification of Final Enrollment) will recommend by no later than February 28, 2008, to

Exhibit M

100% of the Eligible Claimants represented by such Enrolling Counsel that such Eligible Claimants enroll in the Program."

       1.2.3.    The reference to "Special Master's" in Section 4.2.4 of the Settlement Agreement is hereby amended to say "Claims Administrator's".

       1.2.4.    The first sentence of Section 4.2.5 of the Settlement Agreement is hereby amended and restated as follows: "To be eligible to be considered for an MI El Payment, an MI Qualifying Program Claimant must (i) have a Pre-Special Review Points award in excess of the Special Review Marker and (ii) have (or be a Qualifying Program Claimant in respect of a Product User that has) Specified Documented Economic Damages of not less than $250,000 or submit PME Records reflecting an injury that is not adequately reflected by MI injury levels (as such term is defined in Exhibit 3.2.1)."

       1.2.5.    Section 4.2.6 of the Settlement Agreement is hereby amended and restated as follows: "Each Qualifying Program Claimant that is eligible for, and properly and timely applies for, an El Payment shall (subject to Section 4.2.8 and to all of the other terms and conditions of this Agreement) receive an El Payment according to criteria to be determined by the Claims Administrator. El Payments are in addition to the Final Settlement Payments pursuant to Section 4.3."

       1.2.6.    Section 6.1.1 of the Settlement Agreement is hereby amended and restated as follows: "This is a private agreement. At the joint request of the Parties, the Honorable Judge Eldon E. Fallon has agreed to preside over the Program in the capacities specified herein."

       1.2.7.    The third sentence of Section 9.2.4 of the Settlement Agreement is hereby amended and restated as follows: "The Allocation Committee shall take into consideration the common benefit work of counsel in the MDL, and the work of counsel in the state litigations in Texas, California, New Jersey and other states."

       1.2.8.    The reference to "Execution Date" in Section 11.1.5 of the Settlement Agreement is hereby amended to say "February 28, 2008".

       1.2.9.    Section 17.1.9 of the Settlement Agreement is hereby amended and restated as follows: "[Reserved.]"

       1.2.10.    A new Section 17.1.91 is hereby added to the Settlement Agreement as follows: "Honorable Eldon E. Fallon" means "the Honorable Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana.

       1.2.11.    All references in Exhibit 3.2.1 to the Settlement Agreement to "MI/SCD" are hereby amended to say "MI".

       1.2.12.    A new sentence is hereby added to paragraph 1.E.2).(h) of Exhibit 3.2.1 to the Settlement Agreement as follows: "If the Qualifying Program Claimant has received a reduction for Extreme Smoking, then the Qualifying Program Claimant shall not be given an additional reduction for Regular Smoking."

       1.2.13.    A new sentence is hereby added to paragraph 2.E.2).(k) of Exhibit 3.2.1 to the Settlement Agreement as follows: "If the Qualifying Program Claimant has received a reduction for Extreme Smoking, then the Qualifying Program Claimant shall not be given an additional reduction for Regular Smoking."

Section 1.3. <u>No Other Amendments.</u> Except for the amendments specified in Section 1.2 of this Amendment, this Amendment shall not be deemed to effect any amendment, modification or waiver of any provision of the Settlement Agreement.

Section 1.4. <u>Governing Law.</u> This Amendment shall be governed by and construed in accordance with the law of New York without regard to any choice-of-law rules that would require the application of the law of another jurisdiction.

Section 1.5. <u>Counterparts.</u> This Amendment may be executed in any number of counterparts, each of which shall be an original and all of which shall together constitute one and the same instrument. It shall not be necessary for any counterpart to bear the signature of all Parties hereto.

[The remainder of this page is intentionally left blank.]


IN WITNESS WHEREOF, the Parties have executed this Amendment as of the date first set forth above.

MERCK & CO., INC.

By: _____

Name: BRUCE KUHLIK

Title: SVP and General Counsel

NEGOTIATING PLAINTIFFS' COUNSEL

_____
Andy D. Birchfield Jr.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

_____
Edward F. Blizzard
Blizzard, McCarthy & Nabers, LLP

_____
Thomas V. Girardi
Girardi and Keese

_____
Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP

_____
Arnold Levin
Levin, Fishbein, Sedran & Berman

_____
Christopher A. Seeger
Seeger Weiss LLP