## SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545
http://www.snapkaturman.com

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

CRAIG D. HENDERSON
A. ANITA SHAHANI

November 2, 2005

To The Members of the Plaintiffs' Steering Committee:

As you know, I had been involved in Vioxx litigation since 2003 and, in fact, was scheduled to go to trial in the *Garza* matter in February of 2005, even before the creation of the MDL. The depositions taken in the *Garza* case were provided to Andy Birchfield and are some of the earliest depositions taken of the Merck representatives. While I wanted to be a part of the Plaintiffs' Steering Committee and bring to bear the experience that we obtained during the prosecution of our cases, I was not appointed by the Court.

I do not wish to cause any problems and while I am returning my signed participation agreement, I respectfully request, because of my unique situation, an exemption from the fee agreement. I spoke with Carlene Lewis about this some time back. I am aware that Chris Seeger is in trial and I have not been able to reach the remainder of you.

Thank you for your consideration and should you have any questions or comments regarding this request, please do not hesitate to contact me.

Very truly yours,

SNAPKA, TURMAN & WATERHOUSE, L.L.P.

Kathryn Snapka

KS:ag

107 S. Seguin, San Diego, Texas 78384-2934 (361) 279-7779
*San Diego office by appointment only*

Snapka Ex. 27

Exhibit N

# AGREEMENT
(FULL PARTICIPATION OPTION)

This Agreement is made this 1st day of Nov, 2005, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Eastern District of Louisiana in MDL Docket No. 1657 and Snapka, Turman & Waterhouse, L.L.P. (hereinafter "the Participating Attorneys").

WHEREAS, the United States District Court for the Eastern District of Louisiana has appointed Russ Herman, Andy D. Birchfield, Jr., Christopher A. Seeger, Richard J. Arsenault, Elizabeth J. Cabraser, Thomas R. Kline, Arnold Levin, Carlene Rhodes Lewis, Gerald E. Meunier, Troy A. Rafferty, Drew Ranier, Mark P. Robinson, Jr. and Christopher V. Tisi to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Vioxx.

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state court proceedings involving Vioxx induced injuries (the "PSC Work Product") and

WHEREAS, the Participating Attorneys are desirous of acquiring the PSC Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

**EXHIBIT "A"**

1. With respect to each client who they represent in connection with a Vioxx related claim, whether currently with a filed claim in state or federal court or unfiled or on a tolling agreement, each of the Participating Attorneys shall deposit or cause to be deposited in an MDL Fee and Cost Account established by the District Court in the MDL a percentage proportion of the gross amount recovered by each such client which is equal to three percent (3%) of the gross amount of recovery of each such client (2% fees; 1% costs). For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future. It is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Attorney to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the MDL and/or any Common Benefit Attorneys.

2. The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Vioxx induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3. The amounts deposited in the MDL Fee and Cost Account shall be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 1657 and the coordinated state court litigation pursuant to

written authorization from the Liaison counsel of the PSC. Such sums shall be distributed only upon an Order of the Court in MDL 1657 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit. Appropriate consideration will be given to the experience, talent and contribution made by all of those authorized to perform activities for the common benefit, including the Participating Attorneys.

4. As the litigation progresses and work product of the same type and kind continues to be generated, the PSC will provide Participating Attorneys with such work product and will otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

5. No assessment will be paid by the Participating Attorneys on any recovery resulting from a medical malpractice claim against a treating physician.

6. It is understood and agreed that the PSC and Common Benefit Attorneys may also apply to the Court for class action attorneys' fees and reimbursement of expenses, if appropriate, and this Agreement is without prejudice to the amount of fees or costs to which the PSC and Common Benefit Attorneys may be entitled to in such an event.

7. Upon execution of this Agreement, the PSC will provide to the Participating Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's virtual depository.

8. The Participating Attorneys shall have the following rights:

    a. Full participation in discovery matters and appropriate committee assignments with full recognition of the participation of the Participating Attorneys;

3

Exhibit N

14. This Agreement shall apply to each and every claim or action arising from the use of Vioxx in which the Participating Attorneys have a right to a fee recovery.

PLAINTIFFS' STEERING COMMITTEE

By: _____
Russ Herman, Esquire
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892

AND

By: _____
Kathryn Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE

*subject to cover letter*

5