UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Deborah Heisey-Dewolf, et al. v. Merck & Co., Inc.*, 2:06-cv-09810-EEF-DEK; | * | |
| | * | |
| *John C. Slembarski, et al. v. Merck & Co., Inc.*, 2:06-cv-09809-EEF-DEK; | * | |
| | * | |
| *Arthur W. Ballantyne, et al. v. Merck & Co., Inc. et al.*, 2:06-cv-02195-EEF-DEK (Plaintiff James Reilly) | * | |
| | * | |

*************************************************************************

**DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO PTO 9A AND FED. R. CIV. P. 26(C) FOR A PROTECTIVE ORDER**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby opposes the Motion for a Protective Order filed by attorney Ann Oldfather on May 26, 2011 [R. Doc. 62990].

Merck has been attempting to pursue discovery in the three above-captioned cases for more than seven months, and in one case for almost sixteen months. The Court first lifted the discovery stay as to certain cases – including these three cases at issue in Ms. Oldfather's Motion – in August 2009. Merck first attempted to pursue discovery in a handful of cases with which Ms. Oldfather was affiliated, along with other counsel, in January 2010. During this extended period of time, however, despite Merck's persistent efforts to move forward with discovery in selected cases, only five depositions in Ms. Oldfather's cases have successfully been completed.

1

In the face of repeated requests for deposition dates over the past sixteen months, depositions have been repeatedly delayed or deferred based on conflicts with Ms. Oldfather's schedule – despite the fact that other counsel initially filed these cases, remain counsel of record, and in some cases have appeared along with Ms. Oldfather at depositions. Yet Ms. Oldfather has continued to insist that her schedule alone controls the scheduling of depositions.

Ms. Oldfather's pending Motion relates to five depositions of third-party physicians in the *Heisey-Dewolf*, *Reilly*, and *Slembarski* cases that Merck has noticed for dates provided by the physicians' offices in June and July.[1]  Counsel for Merck initially contacted Ms. Oldfather in an attempt to coordinate scheduling these specific depositions over six weeks ago, and asked for specific dates in May, June or July when she would not be available to participate in doctor depositions for these three cases. Ms. Oldfather responded that she would be "unavailable for most of June and the first part of July," but that depending on which doctors would be deposed, her attendance "may not be necessary." *See* Ex. 1 to Oldfather Motion. A paralegal then contacted these doctors' offices on behalf of Merck to request dates for these depositions that would work with the doctors' schedules, and on May 20, Merck noticed the depositions of five physicians for the dates that were provided by the doctors' offices:  June 17th (Dr. Teresa Burick, prescriber in the *Slembarski* case), June 20th (Dr. Alfred Leal, treater in the *Heisey-DeWolf* case), June 23rd (Dr. Laurence Cox, prescriber in the *Heisey-DeWolf* case), July 7th (Dr. Ruben Delgado, treater in the *Reilly* case), and July 13th (Dr. Louis Nunez, prescriber in the

---

[1] Merck is still in the process of scheduling four additional physician depositions in these three cases, and hopes to schedule all of these depositions to take place by the end of July.

2

*Reilly* case). Ms. Oldfather now asks the court for a protective order to prohibit these depositions from going forward due to her unavailability.[2]

Given the age of these cases, discovery should not be halted for months at a time based on one lawyer's schedule, particularly when each of these three cases involves active co-counsel that could participate in these depositions instead of Ms. Oldfather.  Furthermore, Merck first attempted to coordinate scheduling of these specific depositions with Ms. Oldfather over six weeks ago.  Though scheduling these depositions with busy physicians has proven to be challenging, counsel for Merck has already notified Ms. Oldfather that they will reschedule these depositions for any other *confirmed* dates prior to July 30 that Ms. Oldfather is able to obtain from the doctors' offices.  Alternatively, counsel for Merck has offered to attempt to obtain new dates for these depositions if Ms. Oldfather would provide a concrete range of dates when she or her co-counsel would be available to participate.  *See* Ex. 4 to Oldfather Motion.  However, no alternative dates have been provided by Ms. Oldfather, and given the busy nature of these doctors' medical practices, scheduling these depositions will be impossible if plaintiffs' counsel is only able to provide one or two dates within a two-month time period when they will be available.

---

[2] Ms. Oldfather also cites the provision in PTO 9A requiring that each side be notified of a scheduled deposition at least thirty days in advance.  Merck submits that this provision was intended to apply to the depositions of general MDL witnesses such as Merck company witnesses and other global third party witnesses.  But in any event, all of the depositions at issue in the pending Motion were formally noticed at least thirty days in advance, with the exception of the deposition of Dr. Teresa Burick, which was noticed twenty-eight days in advance.

## CONCLUSION

For the foregoing reasons, the physician depositions in the *Heisey-Dewolf*, *Reilly*, and *Slembarski* cases should be permitted to go forward on their scheduled dates, or on alternative dates prior to July 30 that can be confirmed with the doctors' offices. Accordingly, Merck respectfully requests that the Court enter an order denying Ms. Oldfather's Motion.

Dated: May 31, 2011

    Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of May, 2011.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana 70130
        Phone: 504-581-3200
        Fax:    504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel