UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
        PRODUCTS LIABILITY LITIGATION

SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

This Document Relates To:

Attorney Fee Lien Claim of
Teresa Toriseva, Esquire

## RESPONSE TO MOTION FOR ENTRY OF AN ORDER DENYING TERESA TORISEVA'S ATTORNEYS' FEE LIEN CLAIM

On May 11, 2011 counsel undersigned was served by first class mail with copies of a Motion for Entry of an Order Denying Teresa Toriseva's Attorney Fee Lien Claim for the Additional Reason that Entry of the Order Should be Deemed Unopposed, a supporting Memorandum, a Request for Oral Argument, and a Notice of Hearing indicating that the motion would be heard by the Court on June 16, 2011. Attached to the motion is a proposed Order containing a background section, a description of a hearing that had been conducted by Special Master Patrick Juneau on October 27, 2010, and references the Report and Recommendation issued by Mr. Juneau on November 11, 2010. The proposed Order contains a section entitled "Findings of Fact," even though the Report and Recommendation contains no designated findings of fact. The proposed Order does not correspond precisely to the text of Mr. Juneau's Report and Recommendation. The proposed Order also contains a section entitled "Conclusions

{L0409045.1 }

1

of Law," which for the most part similarly does not correspond precisely to the text of Mr. Juneau's Report and Recommendation. Rather, relative to the claim for attorneys' fees, Mr. Juneau's Report and Recommendation states: "Teresa Toriseva's claim for attorney fees be denied." Report and Recommendation, ¶(b) at 5.

Ms. Toriseva does not contest, nor otherwise challenge the Report and Recommendation issued by Mr. Juneau. Accordingly, Ms. Toriseva has no objection to the entry of an Order of the Court adopting the Report and Recommendation as the decision of the Court, nor does she object to an Order adopting the actual text of the Report and Recommendation as issued by Mr. Juneau.

However, for the reasons above-stated, Ms. Toriseva does object to the entry of the proposed Order which does not conform precisely to the text of the Report and Recommendation.

Since the Court should simply adapt Mr. Juneau's Report and Recommendation, it is respectfully submitted that a hearing is unnecessary.

In addition to the foregoing, through service of the above-referenced papers, on May 11, 2011, counsel undersigned became aware for the first time of the filing of a series of papers described on pages 1 and 2 of the supporting Memorandum, including motions, memoranda and proposed orders adopting and implementing Mr. Juneau's Report and Recommendation. Copies of those filings were never served upon counsel undersigned. According to the Memorandum which was served upon counsel undersigned on May 11, 2011, those prior filings were "served by LexisNexis File & Serve;" however, counsel undersigned is not registered on and does not receive service of papers through that system. However, had Ms. Toriseva been served with those submissions as well, her position would have been exactly the same, to-wit, she has no

{L0409045.1 }                                    2

objection to an Order adopting the Report and Recommendation issued by Mr. Juneau, but would object to the entry of an Order containing text, findings or conclusions that are different from that Report and Recommendation.

Finally, the submissions served upon counsel undersigned on May 11, 2011 make reference to a recommendation that counsel undersigned be sanctioned in the amount of $500.00 for not cooperating in the scheduling of a settlement meeting. In that regard, Special Master Juneau's Report and Recommendation recommended that "...that he pay $500.00 to the Clerk, United States District Court." The Report and Recommendation were filed on November 12, 2010. On November 19, 2010, Mr. Levicoff sent a check in the amount of $500.00 to the Clerk of this Court. A true and correct copy of the cover letter and the check are attached hereto as Exhibit "A."

Respectfully submitted:

By:_____

Avrum Levicoff, Esquire
W.Va. I.D. #: 4549
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*