UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> _____ ) <br> ) <br> THIS RELATES TO: ) <br> ) <br> Attorney Fee Lien Claim of ) <br> Gary L. Eubanks, Esq. ) <br> ) <br> (Document Records 35096, 55586, 61143, 63001) ) | MDL NO. 1657 <br><br> Section: L <br><br> Judge Fallon <br> Magistrate Judge Knowles |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF AN ORDER ADOPTING THE
NOVEMBER 12, 2010 REPORT & RECOMMENDATION OF SPECIAL MASTER
JUNEAU AND GRANTING GARY L. EUBANKS' ATTORNEY FEE LIEN CLAIM FOR
THE ADDITIONAL REASON THAT
<u>ENTRY OF THE ORDER SHOULD BE DEEMED UNOPPOSED</u>**

**History**

By order dated March 18, 2010, the Court authorized and directed Special Master Patrick A. Juneau to evaluate all disputed attorney fee lien claims, including the Eubanks claim[1] that is the subject of this motion, and to issue a report and recommendation to the Court. On October 27, 2010, Special Master Juneau conducted a hearing on the attorney fees and expenses dispute of Gary L. Eubanks (and the Firm) and Bob Stephens. Subsequent to this hearing, on November 12, 2010, Special Master Juneau filed his "Report and Recommendation of Special Master Regarding Attorney Fees and Expenses Dispute of Gary L. Eubanks and Bob Stephens." (Exhibit A).

---

[1] The procedural and factual history related to the Eubanks' claim prior to the Court's March 18 Order is set forth in detail in the Firm's January 31, 2011 Motion for Entry of Order Adopting the Report and Recommendation of Special Master Juneau Regarding Attorney Fees and Expenses Dispute of Gary L. Eubanks and Bob Stephens (Doc. 61143) (Exhibit B).

1

In light of Special Master Juneau's findings, *i.e.*, that the Firm was entitled to an attorney's fee of 32% of the amount awarded to Bob Stephens, plus incurred expenses of $834.93, less a deduction for the Common Benefit fee as awarded by the Court, the Firm sought an Order from this Court adopting the same.

On January 31, 2011, the Firm filed and served on all interested parties, including counsel for Stephens, the following documents:

(1) Motion for Entry of Order Adopting the Report and Recommendation of Special Master Juneau Regarding Attorney Fees and Expenses Dispute of Gary L. Eubanks and Bob Stephens (Exhibit B); and

(2) a proposed "Order" adopting the Report and Recommendation of the Special Master in its entirety (Exhibit C).

**No opposition to the Motion or the proposed order was filed or served.** On May 31, 2011, the Firm filed and served a "Notice of Filing of Transcript of October 27, 2010 Hearing Before Special Master Juneau" (Exhibit D), which had a copy of the transcript attached thereto as Exhibit 1.[2]

The previously-filed Motion (Exhibit B) and this motion address the findings and recommendations of Special Master Juneau related to the merits of Eubanks' attorney fee claim.

### Discussion

Rule 7.3 of the Local Civil Rules of the United States District court for the Eastern District of Louisiana provides, in relevant part, that "[a] motion for an order, allowed by these rules to be filed ex parte or by consent, need not assign a date for submission, but must be accompanied by a proposed order." The previously-filed Motion (Exhibit B) was filed pursuant to Local Rule 7.3, as it sought to have the Court adopt the Special Master's Report and Recommendation so that the Claims Administrator could release the funds currently being held

---

[2] A copy of the first two pages of the transcript showing appearances is attached hereto as Exhibit E.

in escrow pursuant to PTO 47A. Furthermore, and although permitted under the Local Rules, no response or opposition to this Motion was filed or served by Stephens. The Court may deem a motion as to which no opposition has been filed as being unopposed. *See Spectrum Communication Specialists, L.L.C. v. KMJ Services, Inc.*, Case No. 09-159 (E.D. La. Mar. 4. 2010) (Exhibit F); *Bois D'Arc Energy, Inc. v. BHP Billiton Petroleum (Deepwater), Inc.*, Case No. 07-9536 (E.D. La. May 15, 2008) (Exhibit G).

As no opposition as been filed or served, and six months have elapsed since the Motion was originally filed, the Motion for entry of the Order can and should be deemed unopposed. Accordingly, it is ripe for hearing and entry of an Order definitely resolving this attorney fee claim in favor of Eubanks and the Firm.

### Conclusion

The proposed order filed with this motion is substantively identical to the one previously filed (Exhibit C), except that it adds the following language:

> On January 31, 2011, the Firm filed and served a Motion for Entry of Order Adopting the Report and Recommendation of Special Master Juneau Regarding Attorney Fees and Expenses Dispute of Gary L. Eubanks and Bob Stephens. (Rec. Doc. No. 61143). No opposition to the motion for entry of the order was filed; therefore, the Court deems the motion for entry of an order as unopposed.

Based upon the previously-filed Motion, which is unopposed, and this Motion, the Firm respectfully requests that the Court enter an order adopting the report and recommendation of Special Master Juneau and granting the Eubanks (and the Firm's) attorney fee lien claim.

Respectfully submitted,

GARY HOLT & ASSOCIATES, P.A.
 f/k/a Gary Eubanks & Associates, P.A.
P.O. Box 3887
Little Rock, Arkansas 72203-3887
Telephone:    (501) 372-0266
Facsimile:    (501) 372-2249

|     |                              |
| --- | ---------------------------- |
| Email 1: | holtg@garyholtlaw.com   |
| Email 2: | walasb@garyholtlaw.com  |
| Email 3: | eubanksg@garyholtlaw.com |

BY: _____

William Gary Holt, Ark. #81090
Breean Walas, Ark. #2006077
Gary L. Eubanks, Ark. #60014