UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOIS D'ARC ENERGY, INC.              CIVIL ACTION

VERSUS                                NO. 07-9536

BHP BILLITON PETROLEUM                SECTION "C" (1)
(DEEPWATER), INC.

## ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant BHP Billiton Petroleum (Deepwater) Inc. ("BHP") and motion for summary judgment filed by Bois d'Arc Energy, Inc. And Bois d'Arc Properties, L.P. (collectively "Bois d'Arc"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment in favor of the defendant is appropriate for the following reasons.

The plaintiffs are suing BHP for breach of contract and quantum meruit arising out of a July 7, 2005, letter agreement regarding acquisition of certain mineral rights. Federal question jurisdiction is based on the Outer Continental Shelf Lands Act, 33



U.S.C. § 1333. The plaintiffs seek liquidated damages in the amount of $1,000,000, alternatively, for quantum meruit.

The undisputed facts indicate that BHP paid a total of $650,000 for the assignment of rights involving two leases under the agreement. The parties agree that the focus of the dispute concerns the interpretation of two provisions in the lease, which provide as follows:

> (6) Except as provided in Paragraph 7 of this Agreement, BHP shall commence, or cause to be commenced, the drilling of an exploratory test well to a proposed depth below 19,500' TVD on OCS-G 23896 or on acreage included within an exploration unit which includes all, or a portion of the Properties on or before January 15, 2007. BHP has the right to form an exploration unit which can include all, or a portion of the Properties with all or a portion of OCS-G 26062, Ship Shoal Block 122. Bois d'Arc agrees to timely execute any documents required by the MMS and BHP to support the formation of such exploratory unit. Should BHP form such an exploration unit which contains, all, or a portion of the Properties, but less than fifty percent (50%) of the Properties, BHP shall either a) commence drilling operations on the non-unitized portion of the Properties within one hundred fifty (150) days of rig release from the initial exploratory test well, or b) if the aforementioned drilling operations are not commenced within the one hundred fifty (150) days of rig release from the initial exploratory well, reassign the non-unitized portion of the Properties back to Bois d'Arc. Should BHP comply with the foregoing and drill a well on the non-unitized portion of any of the Properties, BHP shall be under no further obligation to reassign any portion of the Properties back to Bois d'Arc. **However, if BHP does not commence the drilling of an exploration test well to a depth below 19,500' TVD on OCS-G 23896, or on acreage included within an exploration unit which includes all, or a portion of the Properties on or before January 15, 2007, BHP shall, subject to the provisions of Paragraph 7 below, reassign all of the**

2

**Properties back to Bois d'Arc.**

(7) Notwithstanding the terms of Paragraph 6, since a specialty rig (rated to depths below 19,500') is required to drill the exploratory test well, BHP shall be deemed to have satisfied the January 15, 2007, drilling obligation described above by executing a rig contract and committing, in writing, to Bois d'Arc prior to January 15, 2007, to commence the actual drilling operations prior to the original lease expiration date for OCS-G 23896 (which date is April 30, 2007), or any extension thereof due to the MMS granting a Suspension of Operations on OCS-G 23896, or on acreage included within an exploration unit which includes all, or a portion of OCS-G 23896. **Should BHP commit to the drilling of an exploration test well on OCS-G 23896, or on acreage included within an exploration unit which includes all, or a portion of OCS-G 23896 and fails to commence actual drilling operations prior to the original lease expiration date (which date is April 30, 2007), or any extension thereof due the MMS granting a Suspension of Operations, BHP's sole liability to Bois d'Arc for such failure to commence actual drilling operations shall be the payment, by wire transfer, of liquidated damages to Bois d'Arc in the amount of $1,000,000.** This liquated (sic) damages payment would be due on the date of the reassignment of acreage as described in Paragraph 8 below.

The undisputed facts reveal that BHP did not commence the drilling of an exploratory test well as provided in Paragraph (6), did not execute a rig contract or committed in writing to commence drilling operations as provided in Paragraph (7) and did reassign operating rights to the plaintiffs pursuant to Paragraph (6).

The Court finds that the contractual language is clear and unambiguous for

3

purposes of La. Civ. Code arts. 2045 and 2046.[1] Therefore, the parol evidence offered by the plaintiffs is inadmissible. The Court finds that there is no conflict between the paragraphs for present purposes and that, when the two paragraphs are read together, the only circumstance that provokes the liquidated damage provision is "[s]hould BHP commit to the drilling of an exploration test well on OCS-G 23896, or on acreage included within an exploration unit which includes all, or a portion of OCS-G 23896 and fails to commence actual drilling operations prior to the original lease expiration date (which date is April 30, 2007), or any extension thereof due the MMS granting a Suspension of Operations ..." That circumstance did not occur according to undisputed facts.

No opposition has been filed addressing BHP's motion as it relates to the unavailability of quantum meruit. That portion of the motion is deemed unopposed.[2]

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant

---

[1] Article 2045 provides: "Interpretation of a contract is the determination of the common intent of the parties."
Article 2046 provides: "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent."

[2] The Court notes that the plaintiffs did receive $650,000 under the agreement.

4

BHP Billiton Petroleum (Deepwater) Inc. is GRANTED. (Rec. Doc. 3).

IT IS FURTHER ORDERED that the motion for summary judgment filed by Bois d'Arc Energy, Inc. And Bois d'Arc Properties, L.P. is DENIED. (Rec. Doc. 8).

New Orleans, Louisiana, this 15th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE