# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| *See Attached Lists* | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY REMAINING SETTLEMENT PROGRAM RELEASES AND STIPULATIONS <u>SHOULD NOT BE TENDERED TO MERCK</u>

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants identified in the attached exhibit to show cause why the releases and stipulations currently being held by the Claims Administrator for the Vioxx Resolution Program should not be tendered to Merck without any additional delay. Merck has fully complied with all of its obligations under the Master Settlement Agreement ("MSA") with respect to these claimants. Funds for payment of these cases have been provided by Merck. The Claims Administrator, however, has been impeded from disbursing the funds due to administrative issues unaddressed by plaintiffs. Therefore, Merck requests that the Court order that the Claims Administrator deliver the releases and stipulations of dismissal to Merck to bring these remaining claims to closure, and set a final deadline for the claimants' resolution of these issues with the Claims Administrator after which funds for unresolved claim will be deposited in the registry of the Court. In support of this motion, Merck states as follows:

- 2 -

1. On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in the MSA. By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. See MSA § 1.2.4.

2. The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007. *See* M.S.A. § 1.2.1; § 17.1.22.

3. As part of the Resolution Program, Merck provided $4.85 Billion to be distributed to qualifying claimants in settlement funds. The process for evaluating claims is set out in the MSA, and was further refined through protocols established by the Claims Administrator. Ultimately, more than 50,000 claims were processed through the Program, and all of the settlement funds were fully allocated. *See* July 27, 2010 Final Report of Claims Administrator.

4. Although all of the settlements have been allocated, approximately $6 million remains undisbursed. These undisbursed funds relate to 50 (fifty) claimants and consist of unpaid claims ranging from $605 to $388,000. Of these 50 claims, 47 remain open because the claimants are deceased and there are unresolved estate issues. The other claims remain open because of unresolved lien issues – specifically, the amount that the Claims Administrator is required to retain for payment of mandatory liens exceeds the amount of funds allocated to that claim.

5. Under the terms of the MSA, participating claimants were required to provide executed form releases and form stipulations of dismissal (where applicable) to the Claims Administrator. The MSA provides that the Claims Administrator retains control of the Release and Stipulations for any individual claimant until a final settlement payment is made to that claimant, and then the release and stipulation are delivered to Merck. *See* M.S.A. § 7.3. Because the Claims Administrator has not been able to issue final payments to these remaining claimants, the Claims Administrator has continued to retain possession of the releases and stipulations. Thus, even though Merck has paid every dollar it was required to pay under the MSA and has taken all other steps it was required to take, it nonetheless does not have finality as to these 50 claims.

6. The claimants and their counsel identified on the attached exhibits have had numerous opportunities and ample time to address the outstanding estate and lien issues. Accordingly, Merck respectfully requests that this Court (a) direct the Claims Administrator to provide all remaining releases and stipulations to Merck by *August 5, 2011,* (b) direct the Claims Administrator to provide the Court on that same date with a report as to each plaintiff who still remains unresolved identifying the unresolved issues that preclude payment; and (c) issue an Order directing counsel for the remaining claimants to provide an explanation to the Court within 30 days (i.e. September 6, 2011) as to why the issues remain unresolved; (d) and set a date after which funds still held by the Claims Administrator for these claimants are deposited in the registry of the Court.

**CONCLUSION**

    For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated:  June 2, 2011

              Respectfully submitted,

              By: */s/ Dorothy H. Wimberly*
                 Phillip A. Wittmann, 13625
                 Dorothy H. Wimberly, 18509
                 STONE PIGMAN WALTHER
                 WITTMANN L.L.C.
                 546 Carondelet Street
                 New Orleans, Louisiana 70130
                 Phone: 504-581-3200
                 Fax:    504-581-3361

              Defendants' Liaison Counsel

               —and—

                Douglas R. Marvin
                Eva Petko Esber
                M. Elaine Horn
                WILLIAMS & CONNOLLY LLP
                725 Twelfth Street, N.W.
                Washington, D.C. 20005
                Phone: 202-434-5000
                Fax:    202-434-5029

              Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of June, 2011.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel