UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:** *All cases*

### ORDER

      The Court is at the point in this litigation at which it is appropriate to determine the proper allocation of common benefit fees among the attorneys who performed work for the common benefit in the MDL and the associated state-court litigations. After receiving a recommended allocation from the Court-appointed Fee Allocation Committee (FAC), the Court posted that recommendation on the Court's website and invited comments and objections. Out of approximately 109 applicants for common benefit fees, approximately 19 filed objections. The Court then appointed Special Master Patrick Juneau to review the material accumulated by the FAC and review the objections and supervise any discovery in connection with the objections and make independent recommendations regarding the appropriate allocation. To facilitate discovery, the Court appointed Liaison and Co-Lead Counsel for the objectors. (Rec. Doc. 61974). The Court later clarified the scope of the appointment and emphasized that "Co-lead counsel shall be generally responsible for coordinating the activities of Objectors during discovery proceedings." (Rec. Doc. 62738).

      Special Master Juneau has supervised discovery and conducted a week-long evidentiary hearing. Objectors' Liaison and Co-Lead Counsel participated throughout that process. The

Court has met with Liaison and Co-Lead Counsel for the Objectors and for the FAC to discuss the future course of proceedings.  The Court was advised that a number of objectors have reached an agreement with the FAC regarding recommended allocations and that approximately four objectors intend to pursue their objections.  In view of the fact that discovery has been completed and that the number of objectors has been reduced to a manageable number, there is no further need for Liaison and Co-Lead Counsel for objectors.  Accordingly, the appointment of the Co-Lead and Liaison Counsel will end on June 7, 2011.  Following that date, if the Liaison and Co-Lead Counsel wish to further participate, they may do so but must look to the remaining objectors for their subsequent fees and costs.

To secure reimbursement and compensation for their work as Court-appointed Liaison and Co-Lead counsel through June 7, 2011, they may file a motion with the court setting forth their requested costs and fees, with appropriate supporting documentation, in accordance with the Court's Order of March 31, 2011 (Rec. Doc. 62738).  The Court will then post their application for fees and costs on the Court's website and set out an appropriate procedure for commenting and/or objecting.  The Court intends to assess the Objectors' Counsel's fees against the parties that objected to the FAC's recommendation since any benefit will have inured to the objectors at the expense of other common benefit counsel.

New Orleans, Louisiana, this 1st day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE