# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| **Emmanuel Iwobi**, *et al.*, | * | **KNOWLES** |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| Merck & Co., Inc. | * | |
| Defendant. | * | |
| | * | |
| Case No. 2:08cv01422 | * | |
| | * | |
| *As to Plaintiff Emmanuel Iwobi only* | * | |

**************************************************************************

## DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF IWOBI'S MOTION FOR RECONSIDERATION

Defendant Merck & Co., Inc. ("Merck") opposes Plaintiff Emmanuel Iwobi's Motion for Reconsideration of the dismissal of his claims (R. Doc. 63006). Plaintiff's suit was dismissed with prejudice more than 2 ½ years ago (on February 3, 2009) for failure to comply with the *Lone Pine* requirements of the Court's Pretrial Order 29 ("PTO 29"). Based on events that took place regarding his original attorney a full year *after* his case was dismissed -- events unrelated to Plaintiff Iwobi's own claims -- Plaintiff seeks to have his case re-opened. There is no factual or legal basis for the relief Plaintiff requests. His Motion should be denied.

1060749v.1

This case began on November 21, 2007 when attorney Tekenari Wariboko included Mr. Iwobi in a multi-plaintiff complaint filed against Merck.[1]  Attorney Wariboko served that complaint on Merck on January 14, 2008.  Thereafter, despite the issuance of several notices regarding PTO 29 deficiencies, none of the required PTO 29 materials, including a *Lone Pine* report, were provided.  Pursuant to the procedures set forth in PTO 29, Mr. Iwobi's case was dismissed on February 3, 2009.  Throughout this period, Mr. Iwobi continued to be represented by Attorney Wariboko, and Wariboko continued to be a licensed attorney.

On March 29, 2010 -- over one year after his suit was dismissed with prejudice -- Mr. Iwobi sent the Court his Motion for Reconsideration. (R. Doc. 40840-1.)  In it, he stated that he had not been able to contact Mr. Wariboko for over a year, and that he had recently learned of the dismissal of his case in February 2009 as well as the disbarment of Mr. Wariboko in February 2010.  He asked that the Court "not punish [him] for the misconduct of [his] former attorney."  (R. Doc. 40840-1 and R. Doc. 63006.)

As a basis for re-opening his case, Mr. Iwobi directs the Court's attention on his attorney's February 2010 disbarment.  However, Mr. Iwobi cannot rely on events that took place more than one year after his case was dismissed as a basis for setting aside that dismissal.  Based on publicly available information, it appears that Wariboko was disbarred in February 2010 for mishandling a client's settlement funds.  It does not appear that those acts related in any way to Mr. Iwobi's 2007 case.  Nor is it known whether Wariboko's appeal of his disbarment sanction

---

[1] The complaint does not identify the date of Mr. Iwobi's alleged injury, so it is unclear whether this complaint was filed within the applicable limitations period.  Since the complaint was filed more than three years after Merck withdrew Vioxx from the market, it seems highly likely that any claims asserted by Mr. Iwobi were barred by the Texas two-year limitations period for personal injury actions.

was successful.  *See* Area Lawyer Discipline May 2010, *available at*

http://blog.chron.com/legaltrade/2010/05/area-lawyer-discipline-for-may-2010/ .

No legal authority exists for reinstating Plaintiff's case.  The Court's ability to grant relief on a post-judgment motion filed over a year after its original judgment is limited to the narrow circumstances set forth in Federal Rule of Civil Procedure 60(b)(4)-(6).  *See Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) (holding that any motion that requests relief beyond correction of a purely clerical error served more than ten days after judgment be treated as a Rule 60(b) motion); Fed. R. Civ. P. 60(c)(1) (requiring that a party must seek relief under Rule 60(b) "no more than a year after the entry of the judgment or order" if proceeding under subsections 60(b)(1) through (3)).  Subsections (b)(4) and (b)(5) are plainly inapplicable to the facts of this case, and subsection (b)(6) has long been recognized by the courts as requiring a showing of especially "exceptional circumstances" and "manifest injustice."  *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir. 1990).  The facts of this case fall far short of satisfying these "exacting substantive requirements" of Rule 60(b)(6).  *Lavespere*, 910 F.2d at 173-174.

This Court has repeatedly stated in the context of this multidistrict litigation that a plaintiff bears the obligation to keep in touch with his or her attorney and stay informed regarding the status of his or her case.  Indeed, the Fifth Circuit has "pointedly announced that a party has a duty of diligence to inquire about the status of a case."  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).  Yet Mr. Iwobi acknowledges that he was out of touch with his attorney for at least a year regarding this case, during which time it was dismissed due to discovery deficiencies.  And Fifth Circuit precedent makes clear that such circumstances do not

justify relief under Rule 60(b), for a party "may not escape the deficiencies of his chosen legal counsel merely by urging that he was personally uninformed of the state of matters before the court." *Id.* at 288.  Although Mr. Iwobi asserts that he should not be penalized for the errors of his former counsel, courts have long held that "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem." *Id.* (citation omitted).  If the Court were "to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . *meaningful finality of judgment would largely disappear.*" *Id.* at 288-89 (*emphasis added*).[2]

Both Merck and the judicial system would be substantially prejudiced by the reopening of this long-dismissed case.  As this Court is well aware, the Vioxx litigation is essentially winding down.  While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the country.  It would do a grave disservice to the judicial process and to the reasonable settled expectations of Merck and other parties to start re-opening cases dismissed *years* ago.

---

[2]  *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 & n.10 (1962) (confirming that "a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit"); *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984) (noting that Rule 60(b)'s "purpose is not to give relief to the client who does not choose the best lawyer for the job").  The "proper recourse" for a client prejudiced by his attorney's inadvertence or negligence "is to seek malpractice damages from the attorney." *Pryor*, 769 F.2d at 289 (citing *Link*, 370 U.S. at 634 n.10 ("[I]f an attorney's conduct falls substantially below what is reasonable under [the] circumstances, the client's remedy is against the attorney in a suit for malpractice.")).

## **CONCLUSION**

Merck respectfully requests that the Court deny Plaintiff's Motion For Reconsideration.

Dated:  June 21, 2011

          Respectfully submitted,

           /s/ *Dorothy H. Wimberly*
          Phillip A. Wittmann, 13625
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana 70130
          Phone: 504-581-3200
          Fax:    504-581-3361

          Defendants' Liaison Counsel

           —and—

          Douglas R. Marvin
          Eva Petko Esber
          M. Elaine Horn
          WILLIAMS & CONNOLLY LLP
          725 Twelfth Street, N.W.
          Washington, D.C. 20005
          Phone: 202-434-5000
          Fax:    202-434-5029

          Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Plaintiff Emmanuel Iwobi by U.S. Mail at the following address:

Emmanuel R. Iwobi
22802 Wilhanna Drive
Katy, TX 77449

I further certify that the above and foregoing Memorandum in Opposition has been served Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of June, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1060749v.1