Net@ddress Email - rastein@usa.net
Case 2:05-md-01657-EEF-DEK   Document 63085-5   Filed 06/23/11   Page 1 of 7
Page 1 of 1

**Date:** 11:01 AM PDT, 03/25/2011
**From:** "Daniel Navid Rastein MD MPH" <rastein@usa.net>
**To:** "Lucas, Nancy" <nlucas@hbblaw.com>
**Cc:** "Tim Wheeler" <TWheeler@greene-broillet.com>, "Rachael Gilmer" <RGilmer@levinlaw.com>, "Brian Panish" <Panish@psblaw.com>
**Subject:** Re: settlement agreement

Nancy,

Attached is the signed copy of the release of liability that you are requiring from us in order to get the award settlement. This was signed very reluctantly as it was the only way we can get the desperately needed award for my gravely ill father (who was in optimal health before the DOI). The award was dated 4/22/10, but we never received anything, including the initial 40%; we were not even notified until 7/12/10 until I personally called BrownGreer.

As we are not being represented by any attorney, we reserve the right to file full complaints of professional misconduct with local and state Bar Associations in California and Florida for the following outlining:

- Negligence not being forthcoming when confronted about missing a final deadline which could have raised the Injury Level.
- When asked if critical nursing care document were submitted on time and considered, the response was again not forthcoming stating that it *cannot be guaranteed that it was reviewed by the Special Master* and *everything provided was submitted* and knowing that it was not submitted for consideration as it was too late - all of which was admitted to later.
- Intimidation and threat to withdraw appeal and lower award points.
- Ignoring repeated requests for correction of errors, lack of date and proper documentation with regards to the response to the Extraordinary Injury appeal claim which I did all of the work and paid $700. (result available 6/4/10, but not notified until 10/9/10).

Thank you again, Nancy for facilitating this.

-Daniel Navid Rashtian Rastein

------ Original Message ------
**Received:** 04:50 PM PDT, 03/22/2011
**From:** "Lucas, Nancy" <nlucas@hbblaw.com>
**To:** "Daniel Navid Rastein MD MPH" <rastein@usa.net>
**Subject:** settlement agreement

> Here is the settlement agreement which all the lawyers have agreed to sign.
>
> ----------------------------------------
> Attachment: 3781652_1.DOC
> MIME Type: application/msword
> ----------------------------------------

Rashtian VIOXX Settlement.pdf (1625K)

# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual General Release of All Claims (hereinafter "Agreement") documents the settlement of potential claims arising in connection with legal representation (hereinafter "Representation") of Abdollah Rashtian by Greene, Broillet & Wheeler, LLP, by Panish, Shea & Boyle, LLP and by Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A. relating to Abdollah Rashtian's claims arising from taking the prescription drug Vioxx.

As set forth more fully below, the parties intend by this Agreement to fully resolve any and all claims each may have or may have had as against the other arising from the Representation.

## PARTIES

This Agreement is reached among the following parties:

(1) Abdollah Rashtian, an individual, on behalf of himself, and his heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, administrators, and each of them (hereinafter "Mr. Rashtian");

(2) Greene, Broillet & Wheeler, LLP, a limited liability partnership, on behalf of itself, and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them;

(3)     Panish, Shea & Boyle, LLP, a limited liability partnership, on behalf of itself, and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them; and

(4)     Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A. a professional association, on behalf of itself, and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them.

Hereinafter Greene, Broillet & Wheeler, LLP (and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, and administrators), Panish, Shea & Boyle, LLP (and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, and administrators), and Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A. (and its successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, and administrators) shall be referred to collectively as "The Attorneys."

## MUTUAL GENERAL RELEASE

For and in exchange for the consideration described below, Mr. Rashtian releases The Attorneys as to any and all claims Mr. Rashtian have, may have, or may have had as against them as of the date of this Agreement. Likewise, for and in exchange for the consideration described below, The Attorneys release Mr. Rashtian from any and all claims The Attorneys may have, may have, or may have had as against him as of the date of this Agreement.

In providing these mutual releases, the parties hereto fully and forever release, acquit and discharge each other from any and all past, present, and future rights, actions, causes of action,

claims, demands, damages, costs (including costs of suit), debts, losses, expenses, attorney's fees, penalties, and other compensation of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether concealed or hidden, which have accrued in favor of one as against the other by reason of any matter whatsoever, including, without limitation on the intended generality and all encompassing scope of this Agreement, any claims which:

(1) arise out of or are in any way connected with or related to the transactions, occurrences, events, acts, or omissions related to the Representation; or

(2) arise out of or are in any way connected with or related to any transactions, occurrences, events, acts, or omissions which took place prior to the date hereof.

It is a condition hereof and it is the intention of the parties hereto, and each of them, in executing this Agreement, that the same shall be effective as a bar to each and every claim, demand, and cause of action hereinabove specified; and in furtherance of this intention the parties hereto expressly waive any and all rights and benefits conferred upon them by the provision of § 1542 of the *California Civil Code* which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each party to this Agreement hereby declares that he or she is executing this Agreement after having had the opportunity to receive advice from legal counsel and understands and

acknowledges the significance and consequences of this Agreement and of this specific waiver of § 1542 of the *California Civil Code*.

### CONSIDERATION

As consideration for the settlement of the various claims described herein, and as more fully described above, by entering into this Agreement, the parties hereto each waive any and all rights each may have as against the other. Additionally, The Attorneys shall forego $ 15,789 of the fee due them in connection with the Representation. The amount due Mr. Rashtian shall be paid within 10 days of the date this Agreement is fully executed by wire transfer to One West Bank account no. 4201163748.

The parties hereto represent and warrant to one another that no party has heretofore assigned or transferred, or purported to assign or transfer, to any other person or entity any claim or other matter herein released and any party who breaches this warranty shall indemnify, defend, and hold harmless any other party against whom such claim, demand, or action is brought.

This Agreement shall be binding upon and inure to the benefit of the future successors and assigns of each of the parties.

It is understood and agreed by the parties hereto that the terms and conditions of this Agreement, shall be kept strictly confidential by and between the parties and that none of the parties to this Agreement, nor their attorneys, agents, or witnesses, shall disclose or discuss the terms and conditions of this Agreement, and all facts about or related to this Agreement, with any person or entity not a party to this Agreement, except: (1) to their attorneys, accountants, insurance brokers, insurance carriers, potential insurance carriers, and lienholders, or (2) as

GO04-0000011
3781652.1

4

authorized by court order or required by law. It is further understood by the parties that this provision of confidentiality is considered material, and any breach of this provision will constitute a material breach of this entire Agreement.

This Agreement shall not be construed against the party or its representative who drafted this Agreement or any portion hereof.

This Agreement shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of California.

This Agreement is the entire Agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. The Agreement may be amended only upon an amendment in writing and signed by all parties to this Agreement.

It is understood by the parties hereto that this Agreement is made without reliance upon any statement or representation made by the other, apart from what is expressly set forth in this Agreement.

If any term, provision, covenant, or condition of this Agreement is held by any court of competent jurisdiction to be invalid or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

The failure of any party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

This Agreement may be executed in counterparts, all of which counterparts together shall be deemed to be one instrument. Any signature transmitted by facsimile or email shall be binding upon a signatory in the same manner as an original signature.

Each person signing below represents and warrants that he or she has the authority to sign on behalf of each entity on whose behalf he signs this Agreement.

Dated: 3-23-11                         _____
                                        Abdollah Rashtian

                                        Greene, Broillet & Wheeler, LLP

Dated: _____                 By: _____


                                        Panish, Shea & Boyle, LLP

Dated: _____                 By: _____


                                        Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A

Dated: _____                 By: _____