UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY | : | SECTION: L |
| LITIGATION | | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

*****************************************************************************

## REPORT AND SCHEDULING ORDER OF SPECIAL MASTER

Comes now, the Special Master, Patrick A. Juneau, who submits the following Report and Scheduling Order relative to fee allocation issues in this matter.

### I. Jurisdiction

Certain objectors have taken the position that the Court lacks jurisdiction to address issues pertaining to the fee allocation process to the extent that it involves the allocation of fees earned in connection with state court cases. However, as this Court explained in its October 19, 2010 Order & Reasons, this Court has equitable authority to oversee the administration of the global settlement and inherent authority to exercise ethical supervision over the parties.[1] Moreover, each of the objectors accepted the terms of the Master Settlement Agreement ("MSA"), and Sections 9.2.3 and 9.2.4 of the MSA clearly prescribed that common benefit fees would be allocated subject to the approval of this Court, and in consultation with Judges Chaney, Higbee, and Wilson. Thus, this Court clearly has jurisdiction to oversee the allocation of the common benefit fees.

---

[1] A copy of the Court's October 19, 2010 Order & Reasons is attached as Exhibit "A."



## II. Whether Fee Allocation Process Is Fundamentally Flawed

### A. Objector's Position of Allocation Process

After reviewing the submission pleadings filed with the Court, it appears that the objectors have no problem with the allocation process but do have a problem with the application of that process by the FAC. In essence, the objectors are contending that a lodestar analysis was not made by the FAC in the allocation process.[2]

### B. Overview of Fee Allocation Process

This Court has been uniquely transparent in publicly describing the preferred process to be utilized in equitably allocating common benefit fees in this matter.

On November 9, 2007, the parties executed and announced the terms of the MSA, which provided that this Court would be asked to appoint a committee to be responsible for recommending the allocation of common benefit fees. The MSA further provided that the allocation committee would be guided by objective measures of common benefit counsel's contributions, in addition to their subjective understanding of the relative contributions of counsel towards generating the settlement fund.

On November 20, 2007, this Court appointed members to the Fee Allocation Committee ("FAC"), in accordance with Section 9.2.4 of the MSA. The members of the FAC had a long history with this litigation and were obviously in a unique position to provide recommendations to the Court.

---

[2] In a recent filing, Co-Lead Counsel for objectors clarified that the objectors agree that the process itself is open and transparent and complies with procedural due process. The criticism voiced by the objectors relates to the recommended allocation (i.e., how the process was applied). (See Reply Memorandum in Support of Motion for Partial Summary Judgment or Alternatively, Motion to Strike, and Motion for Additional Discovery, attached as Exhibit "B.")

On September 8, 2008, this Court entered Pre-Trial Order No. 6 (D)[3], which set forth the general procedures to be followed by the FAC. Pre-Trial Order 6 (D) also provided guidelines for the FAC to consider in evaluating the submissions made by the applicants.

Further instructive insight was provided by this Court when it stated in its Order and Reasons of October 9, 2010:

> While the United States Supreme Court has approved the percentage method in common fund cases, it has never formally adopted the lodestar method in common fund cases. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 773-74 (11th Cir. 1991) (reading *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), as the Supreme Court's "acknowledgment" of the percentage method in common fund cases); *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, MDL No. 888, 1994 WL 150742, (E.D. La. Apr. 13, 1994) (tracing the history of the various methods). Conversely, the Fifth Circuit appears to be the only Court of Appeals that has not explicitly endorsed the percentage method. Manual for Complex Litigation (Fourth) § 14.121 (2004). However, neither has the Fifth Circuit "explicitly *disapproved* of the percentage method of calculating fees in common fund cases." *In re OCA, Inc. Sec. & Derivative Litig.*, No. 05-2165, 2009 WL 512081, at *18 (E.D. La. Mar. 2, 2009) (emphasis added). Therefore, the Fifth Circuit appears to tolerate the percentage method, so long as the *Johnson* framework is utilized to ensure that the fee awarded is reasonable. *See id.; Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 851-52 & n.5 (5th Cir. 1998); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823-25 (5th Cir. 1996).
>
> Accordingly, numerous district courts in this Circuit have applied a "blended" percentage method to determine a reasonable fee award, while staying within the *Johnson* framework. *See, e.g., In re OCA*, 2009 WL 512081, at *19; *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 766, 778 (S.D. Tex. 2008); *Turner v. Murphy Oil USA, Inc..*, 472 F. Supp. 2d 830, 859-61 (E.D. La. 2007); *In re Bayou Sorrel Class Action*, No. 04-1101, 2006 WL 3230771, at *3 (W.D. La. Oct. 31, 2006); *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7-12 Litig.*, 447

---

[3] A copy of the Court's Pre-Trial Order 6 (D) is attached as Exhibit "C."

F. Supp. 2d 612, 628-29 (E.D. La. 2006); *Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 531 (N.D. Miss. 2003); *In re Combustion, Inc.*, 968 F. Supp. at 1135-36; *In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 499-501 (N.D. Miss. 1996).

Keeping in line with Fifth Circuit precedent and this Court's prior experience, the Court finds that the blended percentage approach is an appropriate method for calculating reasonable common benefit attorneys' fees in this case. Accordingly, the Court will first determine the valuation of the benefit received by the claimants and then select an initial benchmark percentage. The Court will then determine whether the benchmark should be adjusted based on the application of the *Johnson* factors to the particular circumstances of this case. Finally, the Court will conduct a rough lodestar analysis to cross-check the reasonableness of the percentage fee award. The lodestar analysis is not undertaken to calculate a specific fee, but only to provide a broad cross check on the reasonableness of the fee arrived at by the percentage method.

The FAC developed a points system which was intended to utilize a *Johnson* factor analysis and to weigh the applicant's contributions to the overall success of the litigation. The points system established the following nine categories: (1) Key Leadership; (2) Trials; (3) Settlement Negotiations; (4) Law and Briefing; (5) Settlement Implementation and Post-Settlement Issues; (6) Discovery, Science and Experts; (7) Committee Leadership and Participation; (8) Funding; and (9) Case Management.[4] Within each category, the level of activity dictated the points assigned. All applicants for common benefits fees were subject to the application of this point analysis.

A point value grid was also prepared in connection with the points system.[5] A lodestar analysis was used in completing the grid.[6] A lodestar analysis was also subsequently used as an

---

[4] The Point System Guide is attached as Exhibit "D."

[5] An example of a page from the point value grid is attached as Exhibit "E."

[6] See, for example, the voluminous June 10, 2010 compilation by category and timekeeper prepared by the court-appointed CPA, Philip Garrett, of the hours reviewed by Mr. Garrett for the time

-4-

overall cross check. In that regard, after the initial recommended award was calculated based on the points system, the FAC considered the claimed lodestar for each attorney/firm and determined whether an adjustment was warranted.

Submissions were made by various attorneys seeking common benefit allocation. The FAC reviewed the submissions, including affidavits and time records, as well as reports prepared by the court-appointed CPA, Philip Garrett. The FAC also conducted hearings in California, Louisiana, New Jersey, and Texas. At each hearing, applicants were given the opportunity to present additional testimony in support of their applications.

On December 2, 2010, the FAC advised each applicant of the amount of its preliminary recommendation. Each applicant was given 15 days to object and was given an opportunity to be heard by the FAC. Many applicants took advantage of this opportunity and met with the members of the FAC to explain the basis of their objections. Some adjustments were subsequently made by the FAC.[7]

On January 20, 2011, the FAC then presented its final recommendation to the Court. On that same date, the Court posted the final recommendation on its web site and also ordered objections to be filed before February 4, 2011.

---

period of January 1, 2001 through July 31, 2009. The compilation totals 1,115 pages and has been made available to all interested parties. Because the records are so voluminous, only the first and last pages are attached as Exhibit "F." Also see the following Affidavits of Mr. Garrett which were previously filed into the court record: Affidavit dated January 19, 2009, attached as Exhibit "G-1"; Affidavit dated June 10, 2010, attached as Exhibit "G-2"; and Affidavit dated August 4, 2010, attached as Exhibit "G-3".

[7] See Fee Allocation Committee Recommendation Modifications, attached as Exhibit "H."

-5-

### C. <u>Jurisprudence</u>

The Fifth Circuit has addressed the difficult issue of dividing fees and costs between attorneys involved in class action lawsuits. In that context, the Fifth Circuit recently explained that "[t]he record must clearly indicate that the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation."[8]

### D. <u>The Fee Allocation Process Was Proper</u>

In analyzing the fee allocation issues raised in this case, I have researched the pertinent jurisprudence and reviewed extensive memoranda and voluminous file materials. I have also interviewed representatives of the FAC and the objectors, as well as the court-appointed CPA, Philip Garrett.

It is my finding that the fee allocation process was proper and afforded full due process. The issue as I see it is whether or not the process was fairly and properly applied. I should be able to make this determination at the conclusion of the hearing that will be held in this matter.

Implicit in the evaluation of the categories established by the Point system as it applies to individual applicants is a consideration of the *Johnson* factors. The designated categories cover the full gambit of effort, risk, and skill that is required in complex litigation and an evaluation of each of these categories by their very definition require consideration of the *Johnson* factors. The process utilized by the PAC also included a lodestar analysis – both initially and later as a cross check.

---

[8] *High Sulfur II*, not selected for publication in the Federal Reporter, 2010 WL 2710773, 384 Fed. Appx. 299, (5th Cir. 2010) (citing *High Sulphur I*, 517 F.3d at 220, 227) (5th Cir. 2008) (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d at 817, 823 (5th Cir. 1996).

With regard to the requirement that such proceedings not be handled in a summary fashion, the procedural history of this case should set the standard for transparency and due process. Frankly, it is difficult to imagine how more transparency on due process could be afforded.

### III. Discovery Issues

With regard to the requested discovery, it should be noted that the objectors have already received or have access to the following documents:

- a) MDL trial package;

- b) Depositions as reflected in trial package;

- c) Accountings of court-appointed CPA, including the compilation by category and time keeper prepared by court-appointed CPA Philip Garrett, of the hours reviewed by Mr. Garrett for the time period of January 1, 2009 through July 31, 2009.

- d) Written presentations of common benefit fee applicants;

- e) Transcripts of oral presentations of common benefit fee applicants;

- f) Court filings and orders, including pre-trial order 6(D);

- g) Transcript of January 6, 2011 Status Conference;

- h) Grid and point system utilized by Fee Committee;

- I) Affidavits of Phil Garrett, court-appointed CPA;

- j) Transcription of private proceedings on July 27, 2010 between counsel;

- k) Preliminary List of Recommended common benefit fee allocations;

- l) FAC Recommendations on common benefit fee allocations to the Court which was posted on the Court's website on January 20, 2011;

- m) FAC Recommended Modification on common benefit fee allocations; and

- n) Acceptance and objection forms to common benefit fee applicants.

In addition to these documents, the Special Master has allowed counsel for the objectors to meet with the court-appointed CPA to discuss the work performed and to obtain reports that were generated by the CPA firm.

In its order of February 28, 2011,[9] the Court directed the Special Master to make recommendations to the Court as to the allocation of the common benefit fee award of $315,250,000.[10] In light of that instruction and considering the relevant documents and discovery that is allowed by this Report, the requests for additional discovery and production of documents are denied, except insofar as is permitted and is consistent with the following Scheduling Order.

### Scheduling Order

| | |
|---|---|
| Hearing Dates: | 9:00 a.m. on May 9, 2011 through May 13, 2011 in New Orleans before Special Master Patrick A. Juneau |
| | • the only witnesses needed and allowed to testify at the hearing will be the objectors, the court appointed CPA, and the designated member of the PAC |
| Pre-Hearing Deadlines: Between April 4, 2011 and April 18, 2011 | Deposition of one FAC member, if deemed necessary by objectors (member to be designated by FAC) |
| | Depositions of objectors, if deemed necessary by FAC |
| April 25, 2011 | Objectors and FAC shall file exhibit lists |
| Post-Hearing: At conclusion of hearing | Determination by Special Master if additional testimony or production of documents is necessary |

---

[9] A copy of the Court's February 28, 2011 Order is attached as Exhibit "I."

[10] An issue has been raised as to the deduction from the $315,250,000. This issue is not before the Special Master and is to be considered by the Court.

-8-

/s/ PATRICK A. JUNEAU
PATRICK A. JUNEAU, Bar # 07594
Special Master
1018 Harding Street, Suite 202
Lafayette, LA 70503
Telephone: (337) 269-0052
Facsimile: (337) 269-0061
Email: paj@juneaudavid.com

## CERTIFICATE OF SERVICE

I hereby certify that, on March 31, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Russ M. Herman
Herman, Herman, Katz & Cotlar
820 O'Keefe Avenue
New Orleans, LA 70113

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann
546 Carondelet Street
New Orleans, LA 70130

Christopher A. Seeger
Seeger Weiss
One William Street
New York, NY 10004

Andy Birchfield
Beasley, Allen, Crow, Methvin,
    Portis & Miles
218 Commerce Street
Montgomery, AL 36104

Douglas R. Marvin
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005

Robert E. Arceneaux
Robert E. Arceneaux, LLC
47 Beverly Garden Drive
Metairie, LA 70001

Margaret E. Woodward
Attorney at Law
3701 Canal Street, Suite C
New Orleans, LA 70119

Hon. Pascal F. Calogero, Jr.
Ajubita, Leftwich & Salzer, LLC
1100 Poydras Street, Suite 1500
New Orleans, LA 70163-1950

Sol H. Weiss
Gregory S. Spizer
Anapol, Schwartz, Weiss, Cohan,
    Feldman and Smalley, PC
1710 Spruce Street
Philadelphia, PA 19103

Daniel E. Becnel, Jr.
Becnel Law Firm
Post Office Drawer H
Reserve, LA 70084

Turner W. Branch
The Branch Law Firm
2025 Rio Grande Blvd. NW
Albuquerque, New Mexico 87104

Joseph M. Bruno
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, LA 70113

Cohen, Placitella and Roth
c/o Mr. Robert E. Arceneaux
47 Beverly Garden Drive
Metairie, LA 70001

Rebecca A. Cunard
Cunard Law Firm
9214 Interline Avenue
Baton Rouge, LA 70809-1907

Brian J. McCormick, Jr.
Claudine Q. Homolash
Sheller, PC
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102

Stephen B. Murray
Stephen B. Murray, Jr.
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Gladstone N. Jones, III
Lynn S. Swanson
Eberhard D. Garrison
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130

James J. Pettit
Locks Law Firm, LLC
457 Haddonfield Rd., Suite 500
Cherry Hill, NJ 08002

Benedict P. Morelli
Morelli Ratner, PC
950 Third Avenue, 11th Floor
New York, New York 10022

Dianne M. Nast
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Kathryn Snapka
The Snapka Law Firm
Post Office Drawer 23017
Corpus Christi, TX 78403

Eric H. Weinberg
c/o Robert E. Arceneaux
47 Beverly Garden Drive
Metairie, LA 70001

Joe Escobedo, Jr.
Lusi Cardenas
Escobedo, Tippit & Cardenas, LLC
3900 N. 10th Street, Suite 950
McAllen, TX 78501

David Hockema
Hockema & Longoria, LLP
600 E. Nolana Ave.
McAllen, TX 78504

Richard A. Lockridge  
Robert K. Shelquist  
Yvonne M. Flaherty  
Lockridge Grindal Nauen, PLLP  
100 Washington Avenue South  
Suite 2200  
Minneapolis, MN 55401  

Joseph F. Rice  
Fred Thompson  
Carmen S. Scott  
Motley Rice, LLC  
28 Bridgeside Boulevard  
Mt. Pleasant, SC 29464  

Thomas R. Kline  
Shanin Specter  
Lee B. Balefsky  
Michelle L. Tiger  
Mark H. Hoffman  
Lisa S. Dagostino  
David J. Caputo  
Charles L. Becker  
Kline & Specter, APLC  
1525 Locust Street, 19th Floor  
Philadelphia, PA 19102  

Lafayette, Louisiana, this 31st day of March, 2011.

/s/ PATRICK A. JUNEAU  
PATRICK A. JUNEAU  
Special Master  
1018 Harding Street, Suite 202  
Lafayette, LA 70503  
Telephone: (337) 269-0052  
Facsimile: (337) 269-0061  
Email: paj@juneaudavid.com