United States District Court
Eastern District of Louisiana

| | | |
|---|---|---|
| In Re: Vioxx | * | Case No: 208 CV 01422 |
| Products Liability Litigation | * | MDL Docket No. 1657 |
| Emmanuel Iwobi | * | Judge Fallon |
| Plaintiff | * | Magistrate Judge |
| Pro Se | * | Knowles |
| V. | * | |
| Merck & Co., INC | * | |
| Defendant | * | |

## Plaintiffs' Memorandum In Opposition To Defendant's Memorandum In Opposition To Plaintiffs' Motion for Reconsideration

In responding to Defendant's memorandum in opposition to deny Plaintiffs' motion to reconsideration for the sake of brevity, will not repeat those factual allegations and discussion, but incorporate the allegations of the complaint and memorandum in support of Plaintiffs' Motions for Reconsideration in this memorandum.

Attorney Tekenari Wariboko was hired by the Plaintiff (Mr. Iwobi) in November 2004 to represent in Vioxx Product liability litigation. Mr. Wariboko has access to my medical records showing Vioxx use and injury. In December 2005, Mr. Wariboko was placed on suspension for sixty months by State of Texas Bar Association for misconduct. Plaintiff was not aware of such suspension, and Mr. Wariboko never disclosed this to Mr. Iwobi.

In December 2008, Mr. Iwobi received email from Mr. Wariboko on the progress of the litigation (see Ex. A., copy of emails)

In 2009 several phone calls were made to Mr. Wariboko, but there was no response. February 2009, Plaintiff's case was dismissed for failure to comply with Lone Pine Order, PTO 29.

In February 2010, Mr. Wariboko was disbarred by the State of Texas Bar.

Plaintiff has been taking Vioxx for his chronic back problem as far back as November 1999 through 2003. Plaintiff's medical records and documentation showing use of Vioxx for those years and injury are recorded and retained by these medical doctors (see Ex B., list of medical doctors).

TENDERED FOR FILING

JUN 27 2011

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## **ARGUMENT**

### **DEFENDANT MOTION TO DISMISS SHOULD BE DENIED**

If the State of Texas Bar had reported Mr. Tekenari Wariboko's misconduct to the Court, and if the Defendant also reported Mr. Wariboko as noncompliant and not responsive to alleged notices to the court, Mr. Wariboko could have been sanctioned and the Plaintiff could have been placed on notice about such misconduct and the sanction of Mr. Wariboko.

Defendant did not exercise "reasonable diligence" in attempting to effectuate personal service and notice. Emery v. Emery, 124 Wis. 2d 613, 622, 369 NW 2d 728 732-33 (1985). Substitute service is authorized after the party using due diligence, exhausts information or "leads" reasonable calculated to effectuate personal service. West, 82 Wis. 2d 166, 262 NW 2d of 90.

However, because dismissal with prejudice is a drastic sanction a court should dismiss a case only in finding egregious conduct or bad faith. Trispel v. Haefer, 89 Wis. 2d 725, 732-33, 279 NW. 2d 242, 245(1979) Parker v. Ross, 217 P. 2d 373, 375 (Utah 1950).

To effect service defendant did not serve Plaintiff with notice pursuant to Rule 4 (c) (2) (c) (ii).

(Quoting the Eleventh Circuit's Opinion in Donaldson v. Clark, 819 F.2d 1551, 1560 (11th cir. 1987): "If sanctions are proposed to be imposed on the client, due process will demand more specific notice because the client is likely unaware of the existence of Rule II and should be given the opportunity to prepare a defense").

Defendant states "No legal authority exists for reinstating Plaintiff's case. The court's ability to grant relief on a post-judgment motion filed over a year after its original judgment is limited to the narrow circumstance set forth in Fed. R. of Civ. Proc. 60(b) (4) – (6). See Harcon Barge co v. D & G Boat Rentals, 784 F. 2d 665, 667 (5th cir. 1986) (en banc)." Defendant fails to realize that "Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment other than a motion to correct purely clerical errors, is within the scope of Rule 59 (e) regardless of its label." Rance v. D.R. Horton, Inc., 2008 WL3864285*3 (11th cir, August 21, 2008) citing Harcon Barge co, Inc v. D & G Boat Rentals, Inc. United States v. Eastern Airlines Inc. 792 F. 2d 1560, 1562 (11th cir. 1986)

The court also granted rehearing en banc to a decision regarding the same issue in Willie v. Continental Oil Co., 746 f. 2d 1041 (5th cir. 1984), rehg'g granted. 760 f. 2d 87 (5th cir. 1984). On rehearsing, the court held that (i) in accordance with [Harcon], we hold that the motion to amend the judgment was a Rule 59(e) motion." Willie v. Continental Oil Co., 784 F. 2d 706, 707 (5th cir. 1984).

The First and Eleventh Circuits look to Rule 55(c) to find that a motion to set aside a default judgment is not a Rule 59 motion but is a Rule 55(c) motion, even when filed within ten days after judgment." Rule 55(c) states that "[F]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b)"

In reviewing a motion to dismiss, all factual allegations must be accepted as true, and the complaint must be construed in Plaintiffs' favor to determine whether, under any reasonable reading of the complaint, Plaintiffs may be entitled to relief. Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., 579 F. 3d 304, 307 (3rd cir. 2009).

Defendants nowhere assert that the complaint is deficient for failure to provide sufficient factual allegations in support of this claim for relief.

Both Defendant and judicial system will not be prejudiced by reopening this case. As this court is well aware, Vioxx litigation has not concluded yet.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Dated: June 23, 2011

Respectfully Submitted:

Emmanuel Iwobi, Pro Se
22802 Willhanna Drive
Katy, TX 77449
713-398-8001
Cajun_Tony@hotmail.com

Plaintiffs' Liaison Counsel
Russ M. Herman
Herman, Herman, Katz & Cotler
820 O'Keefe Avenue
New Orleans, LA 70113

Dorothy H. Wimberly
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130

Douglas R. Marvin (Lead Counsel)
Williams & Connolly, LLP.
725 Twelfth St., NW
Washington, DC 2005

# VIOXX case

From: **emmanuel iwobi** (cajun_tony@hotmail.com)
Sent: Fri 12/28/07 12:02 PM
To: texlaw2020@yahoo.com

Tex.,

please give me a call  713-398-8001

> From: cajun_tony@hotmail.com
> To: texlaw2020@yahoo.com
> Subject: VIOXX case
> Date: Mon, 3 Dec 2007 07:57:06 -0600
>
> Tex,
> Were you able to get more details about the Vioxx settlement offer news?...If so , what is the deal........, are we included? or do we have to file a separate lawsuit?.
>
> Hope all is well !
>
> Tony
>
>> Date: Wed, 14 Nov 2007 10:04:18 -0800
>> From: texlaw2020@yahoo.com
>> Subject: Re: FW: VIOXX case
>> To: cajun_tony@hotmail.com
>>
>> Tony,
>> Sorry about the delay. I wanted to get more details about the news item regarding any applicable settlement offer. I will call you later. Feel free to call me as well. Hope all is well with you and the family.
>> Cheers !!
>> Tex
>>
>> *emmanuel iwobi <cajun_tony@hotmail.com>* wrote:
>>
>>> Tex.,
>>> I would like you to inform me on  the status of my vioxx claim........please it is important i hear from you. thanks!
>>> Tony
>>>
>>>> From: cajun_tony@hotmail.com
>>>> To: texlaw@yahoo.com; texlaw@tex-law.com; texlaw2020@yahoo.com; tex@tex-law.com
>>>> Subject: VIOXX case
>>>> Date: Fri, 9 Nov 2007 18:07:23 -0600
>>>>
>>>> Hi. Tex.,
>>>> Please update me  regarding the Vioxx case. I heard

Print                                                                                           Close

# Re: FW: Iwobi et al v. merck &co.,Inc. case #4:08-cv-00501



From: **Tex Wariboko** (texlaw2020@yahoo.com)
Sent: **Sat 12/06/08 9:05 AM**
To:     emmanuel iwobi (cajun_tony@hotmail.com)

Hi Tony,
I trust all is well with you. The case is still in litigation> However, I believe that due to my hectic schedule the file should be referred out for further handling. I hope to speak to you on phone regarding same. Cheers, Tex



--- On **Tue, 12/2/08, emmanuel iwobi <*cajun_tony@hotmail.com*> wrote:**

> From: emmanuel iwobi <cajun_tony@hotmail.com>
> Subject: FW: Iwobi et al v. merck &co.,Inc. case #4:08-cv-00501
> To: "Tekenari Wariboko" <texlaw2020@yahoo.com>, "Tex A. Wariboko, Esq." <texlaw@tex-law.com>, "tex" <texlaw@yahoo.com>, "tex wariboko" <tex@tex-law.com>
> Date: Tuesday, December 2, 2008, 5:26 PM
>
> Mr. Tex.,
> Please i need respond on the above mentioned case. Let me know the progress of the case. Also i will need a copy of documents filed on this case. Thanks,
> Iwobi
>
> ---
>
> From: cajun_tony@hotmail.com
> To: texlaw@yahoo.com; texlaw@tex-law.com; texlaw2020@yahoo.com; tex@tex-law.com
> Subject: Iwobi et al v. merck &co.,Inc. case #4:08-cv-00501
> Date: Mon, 29 Sep 2008 13:01:05 -0500
>
> Mr. Tex.,
> I need your response on the above mentioned case. I sent you an email about two weeks ago regarding the case.
> I will appreciate if you, no matter how busy you may be respond and inform me on the progress, the court date, status of this
> case.
>
> I need to hear from you soon!
>
> Iwobi
>
> ---
>
> See how Windows Mobile brings your life together—at home, work, or on the go. See Now
>
> ---
>
> Send e-mail anywhere. No map, no compass. Get your Hotmail® account now.

Iwobi

Exhibit A

COPY OF EMAILS DATED 2007 AND 2008

Exhibit B

AUGUSTINE O. EGBUNIKE, M.D.

7111 Harwin Drive, Suite 200

Houston, TX 77036

Tel: (713) 914-0055

Fax: (713) 914-0077

EMILE MATHURIN, M.D.

Texas Orthopedic and Physical Medical

9810 Fm 1960 Bypass Road West

Humble, TX 77338

Phone: (281) 446-4429

ANDREW MCKAY, M.D.

USA Anesthetics Services, P.A.

10926 East Freeway

Houston, TX 77029

BAXTER D. MONTGOMERY, M.D.

Houston Cardiac Association

10480 Main Street

Houston, TX 77025

Iwobi

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing memorandum in opposition has been served on Defendant by U.S. Mail.

Plaintiffs' Liaison

Russ M. Herman

Herman, Herman, Katz & Cotler

820 O'Keefe Avenue

New Orleans, LA 70113


Dorothy H. Wimberly

STONE PIGMAN WALTHER

WITTMANN L.L.C.

546 Carondelet Street

New Orleans, Louisiana 70130


Douglas R. Marvin (Lead Counsel)

Williams & Connolly, LLP.

725 Twelfth St., NW

Washington, DC 2005


                                        Emmanuel Iwobi, Pro Se

                                        22802 Willhanna Drive

                                        Katy, TX 77449

                                        713-398-8001

                                        Cajun_tony@hotmail.com

Case 2:05-md-01657-EEF-DEK   Document 63095   Filed 06/29/11   Page 8 of 8

