IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
|  | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) |  |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | ) | JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SEVENTH
NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

Plaintiffs have submitted to the Court yet another notice of supplemental authority – their seventh – this time, bringing to the Court's attention the recent Supreme Court ruling in *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011). According to plaintiffs, *Bayer* "reaffirms the broad discretion of courts to apply their own procedural law to the statewide class certification question" (Pls.' Seventh Notice of Supp'l Auth. at 1, R.Doc. No. 63081) and – under plaintiff's leap of logic – thus supports ignoring the strong California and New Jersey precedent denying certification of Vioxx class actions like the ones proposed here. The problem with plaintiffs' argument, however, is that no one has ever contended that this Court is **bound** to follow the decisions of state courts. Rather, Merck has relied on the California and New Jersey state-court rulings as persuasive authority, much in the same way that plaintiffs have relied on various other state-court cases in their briefing. In any event, *Bayer* is premised on the notion that some state courts apply **looser** class-certification criteria than federal courts, making it all the more relevant

that two state courts – both intimately familiar with the Vioxx litigation – denied certification of similar claims to those asserted here.  Accordingly, the *Bayer* decision – assuming it has any relevance at all – supports Merck's position, not plaintiffs'.

In *Bayer*, plaintiffs brought a putative class action under West Virginia's consumer-fraud statute with respect to the drug Baycol, and a federal district court denied their bid for certification.  131 S. Ct. at 2374, 2378.  Bayer then sought an injunction barring a West Virginia state court from hearing a subsequently filed class action, by a different named plaintiff, on behalf of the same putative class, involving essentially the same claims.  The district court issued the injunction, and the Eighth Circuit affirmed.  *Id.*

The U.S. Supreme Court reversed the lower courts' rulings, holding that a federal district court's rejection of class certification in a federal suit does not preclude a later adjudication in state court of a similar class-certification motion.  *Id.* at 2377-78.  According to the Supreme Court, this is so because the federal and state class-certification standards are different.  While federal courts apply "a strict test barring class treatment when proof of each plaintiff's injury is necessary," the West Virginia state court has rejected such a "rigid test" in favor of "an all-things-considered, balancing inquiry," under which "a single common issue" can suffice to allow certification notwithstanding numerous other individualized issues.  *Id.* at 2378 (internal quotation marks and citation omitted).

Even assuming *Bayer* had any relevance to Merck's pending motion to strike plaintiffs' class allegations, the ruling would favor Merck's arguments, not plaintiffs'.  After all, *Bayer* is premised on the recognition that some state courts employ more lax certification standards than the one applied by the federal judiciary.  Thus, *Bayer* supports Merck's arguments distinguishing a handful of state-court rulings (such as *Plubell*) that have certified consumer-fraud claims

notwithstanding the need for individualized causation inquiries.  By contrast, *Bayer* suggests that the Court should give particularly **strong** weight to state-court rulings, like the ones in California and New Jersey, **denying** class certification of similar claims, since state courts often apply looser class-certification standards than their federal-court counterparts.

In truth, however, if plaintiffs seek Supreme Court guidance on the certifiability of their claims against Merck, they have turned to the wrong decision.  To be sure, the U.S. Supreme Court has recently issued a decision that is relevant to this case, but that ruling was *Dukes*, not *Bayer*.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 2011 WL 2437013 (2011).  In *Dukes*, the Court confirmed that class certification is inappropriate when there is no "glue" that holds the class together – i.e., no "common answer to the crucial question" at issue in the litigation.  *Dukes* was an employment case, of course, and the Court held that certification was improper because there was no single, classwide answer to the critical question:  why was each putative class member "disfavored" for promotion?  *Id.* at *7.  Here, similarly, there is no common answer to the critical question underlying plaintiffs' alleged economic-loss claims:  did each putative class member suffer a loss as a result of Merck's alleged misconduct?  This Court recognized as much in *Caldwell*, holding that "[m]any patients may have chosen to use Vioxx even if they had been fully informed of the risks associated with it," and that "many doctors may have weighed the risks and benefits of the drug and felt that in a specific case, prescribing Vioxx was an acceptable risk."  *In re Vioxx Prods. Liab. Litig. (Louisiana ex rel. Caldwell v. Merck & Co.)*, No. 05-3700, 2010 U.S. Dist. LEXIS 142767, at *23-24 (E.D. La. Mar 31, 2010).  Under *Dukes*, that finding requires that plaintiffs' class allegations be stricken.  *Dukes*, 2011 WL 2437013, at *7.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Merck's prior briefing, the Court should grant Merck's motion for judgment on the pleadings or to strike class allegations.

Dated:  July 7, 2011                                   Respectfully submitted,


*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of July, 2011.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel