UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE |
| *Louise Young* | * | KNOWLES |

*************************************************************************

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY REMAINING SETTLEMENT PROGRAM RELEASES AND STIPULATIONS SHOULD NOT BE TENDERED TO MERCK

Plaintiff, by and through its undersigned counsel, files this response to Defendant's Motion, Rule and Incorporated Memorandum to Show Cause why stipulations currently held by the Claims Administrator for the Vioxx Resolution Program should not be tendered to Merck & Co., Inc. (hereinafter sometimes referred to as "Merck"). As set forth below, the Motion and requested Order allowing all remaining settlement program releases and stipulations of dismissals tendered to Merck should be denied.

### Background

1. On or about March 3, 2011, Plaintiff's counsel, Clinton Martin, corresponded with a representative of Brown Greer, PLC, Kristi Mullins, concerning the estate of Louise Young. See Email attached hereto as Exhibit A.

2. Directions were given along with forms to be signed by the derivative claimants of Louise Young, deceased.

3. For approximately eighteen (18) months, Plaintiff's counsel has attempted to locate all heirs at law of Ms. Young.

4. After a diligent search, it was determined that Ms. Young had nineteen (19) family members as derivative claimants.

5. Subsequent to Ms. Mullins email, Plaintiff's counsel mailed and received all forms. These forms were submitted to Brown Greer, PLC, on or about May 24, 2011.

6. On June 2, 2011, Defendant's filed said motion to show cause and requested an order.

7. Upon learning of the Defendant's Motion, Plaintiff's Counsel corresponded with Jennifer Goodwin of Brown Greer. Ms. Goodwin assured Plaintiff's counsel that all steps had been taken to remedy the delay. See Email attached hereto as Exhibit B.

8. A hearing date has been set in Yazoo County, Mississippi for July 22, 2011. The hearing is to determine heirs at law and wrongful death beneficiaries.

9. On or after July 22, 2011, upon entry of a judgment, this matter should be resolved.

## Conclusion

For the reasons above, Defendant's Motion and requested Order allowing all remaining settlement program releases and stipulations of dismissals tendered to Merck, should be denied. Plaintiff's counsel has worked diligently to address the estate issues and those issues are now before the court in Mississippi where a resolution is foreseeable.

Dated: July 6, 2011

Respectfully Submitted,

By: /s/Clinton L. Martin

Shane F. Langston, Esq., MSB #1061
Rebecca M. Langston, Esq., MSB #99608
Clinton L. Martin, Esq., MSB #103315
Victoria J. Prince, Esq., MSB #103090
LANGSTON & LANGSTON, PLLC
201 North President Street
Jackson, Mississippi 39201
Telephone:    601-969-1356

## CERTIFICATE OF SERVICE

In accordance with instructions obtained from the Eastern District of Louisiana, I hereby certify that on July 6, 2011, I mailed a true and correct copy of the above Response Motion to:

>VIOXX
>Attn: Joe Escandon
>500 Poydras Street
>New Orleans, LA 70130

By: /s/Clinton L. Martin