UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *Jamaal Ali Bilal v. Merck & Co., Inc.,* et | * | **KNOWLES** |
| al., 2:10-cv-02755-EEF-DEK | * | |
| | * | |
| | * | |
| | * | |

**********************************************************************

**MERCK & CO., INC.'S MOTION AND INCORPORATED
MEMORANDUM IN SUPPORT OF MOTION TO
REMOVE DUPLICATIVE CASE FROM DOCKET**

This motion concerns the duplicative claims of *pro se* plaintiff Jamaal (also spelled "Jamal") Bilal. Plaintiff Bilal filed a petition requesting ***resubmission*** of his claims against Merck arising out of his alleged use of Vioxx at the time of his exit from the Resolution Program, and that document was erroneously docketed as a new and separate action within the MDL. Merck therefore requests that Mr. Bilal's later-filed lawsuit be dismissed and removed from this Court's docket, and that all of Mr. Bilal's claims continue to be pursued through his original lawsuit (Case No. 2:06-cv-02364-EEF-DEK).

In support of this motion, Merck states as follows:

1. Mr. Bilal initially filed his lawsuit for personal injuries arising out of his alleged use of Vioxx in March of 2006 (Case No. 2:06-cv-02364-EEF-DEK).

2. Mr. Bilal enrolled his claim in the Vioxx Resolution Program, but his claim was ultimately determined to be ineligible by the Gate Committee because it did not pass

either the injury, duration or proximity "Gates."  A notice of ineligibility was therefore issued to him by the Claims Administrator on January 13, 2010

3. Mr. Bilal then opted to execute a Future Evidence Stipulation ("FES") and proceed with his claim in the judicial system.  His FES was properly executed and submitted to the Claims Administrator in February, 2010.  Mr. Bilal also submitted an executed certification of his claims package materials in April 2010.

4. In a letter dated May 19, 2010, the Claims Administrator notified Mr. Bilal that his FES had been accepted by Merck and was now final and binding.  Ex. A.  This letter also stated:  "If you *do not have* a pending lawsuit against Merck but wish to pursue a lawsuit relating to Vioxx use and remain eligible to file suit, you must file a complaint against Merck within 60 days after this Notice.[1]  If you have already had a suit against Merck that was dismissed with prejudice, you cannot file a new one now." *Id*. (emphasis added).

5. On July 17, 2010, while his initial action was still pending before this Court, Mr. Bilal, who was at that time incarcerated in the Desoto County Florida Jail, filed a document entitled "Civil Rights Complaint Form." R. Doc. 1.  In this document, he referenced his earlier-filed Vioxx case (Case No. 2:06-cv-02364-EEF-DEK), and explained his understanding that that case had been voluntarily dismissed as part of the Vioxx Resolution Program, and that he had been informed by the Vioxx Claims Administrator on May 19, 2010 that he was not eligible for the settlement and instructed to "resubmit" his lawsuit within 60 days. R. Doc. 1 at 9.

---

[1] This provision applied to claimants who had entered into tolling agreements with Merck.

6. The July 17, 2010 "Civil Rights Complaint Form" was docketed as a new lawsuit within the Vioxx MDL, and that action was assigned Case No. 2:10-cv-02755-EEF-DEK.

7. The July 17, 2010 "Civil Rights Complaint Form" appears to reflect a misunderstanding of the Claims Administrator's May 19, 2010 letter to Mr. Bilal. Though he did not need to file any additional documents to reactivate his lawsuit, it appears that Mr. Bilal mistakenly believed he needed to "resubmit" or refile his claim following his termination from the Resolution Program, and this confusion led to the docketing of a duplicative action.

8. Based on the circumstances recounted above, Merck therefore requests that Mr. Bilal's later-filed duplicative lawsuit (Case No. 2:10-cv-02755-EEF-DEK) be dismissed and removed from this Court's docket.

9. As for Mr. Bilal's original claim, that case has remained active, as contemplated by the FES process. As an FES claimant, Mr. Bilal was required to comply with the production requirements of PreTrial Order ("PTO") 43, including providing a *Lone Pine* report. Because he failed to do so within the allotted time periods, Merck filed an Order to Show Cause Motion on April 21, 2010 seeking the dismissal of his case. That motion was originally set for hearing on May 13, 2010, but it was subsequently deferred numerous times to allow Mr. Bilal additional time to comply with PTO 43. Mr. Bilal then submitted materials to Merck on July 25, 2010, purportedly in satisfaction of PTO 43. These materials, however, did not satisfy the *Lone Pine* requirements of PTO 43 in any respect,[2] and over a year after Mr. Bilal submitted his FES and exited the Resolution Program, his original suit was dismissed with prejudice by this

---

[2] Indeed, a "Report" submitted by Mr. Bilal bearing the name of a Dr. Jacques Lamour raised considerable suspicion that such report was in fact compiled by Mr. Bilal himself. *See* R. Doc. 51210.

1062580v.1

Court on March 18, 2011 for failure to comply with the *Lone Pine* requirements of PTO 43. R. Doc. 62706.  Mr. Bilal's appeal of that dismissal is currently pending before the Fifth Circuit.[3]

10. As a well-settled general rule, "[T]he law will not tolerate two suits at the same time for the same cause." *Freshman v. Atkins*, 269 U.S. 121, 123 (1925).  This rule embodies the common law plea of "prior suit pending." *In re Sidebottom*, 430 F.3d 893, 897 (7th Cir. 2005). That plea (also referred to as an "abatement" defense) provides that:

> The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement.  It is so, because there cannot be any reason or necessity for bringing the second [suit], and, therefore, it must be oppressive and vexatious.  This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . .

*Hunting v. Chambers*, 916 A.2d 56, 59 (Conn. Ct. App. 2007) (internal quotation omitted).

11. Mr. Bilal currently has two suits pending in federal court that are virtually the same – they are both suits against Merck for alleged injuries arising from Vioxx.  It does not appear that Mr. Bilal actually intended to institute two separate lawsuits.  But even if he did so intend, it would be "oppressive and vexatious" to allow both to proceed.  The later-filed case should therefore not remain on this Court's MDL docket.

12. If Mr. Bilal's Fifth Circuit appeal of the dismissal of his earlier-filed lawsuit is successful, any claims that Mr. Bilal wishes to pursue against Merck arising out of his alleged use of Vioxx can and should be litigated within that action.  If however Mr. Bilal's Fifth Circuit appeal is ultimately dismissed, his later-filed duplicative lawsuit would be precluded

---

[3] Mr. Bilal's appeal was dismissed by the Fifth Circuit on May 19, 2011 for want of prosecution, but the appeal was reinstated on June 27, 2011 because the Circuit Court determined that it had not ruled on Mr. Bilal's *in forma pauperis* motion prior to dismissing the appeal.

based on the principle of *res judicata*.[4] Accordingly, Merck requests that Case No. 2:10-cv-02755-EEF-DEK be dismissed and removed from the Court's docket.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be granted and the above-captioned case should be dismissed and removed from the Court's docket.

Dated: July 11, 2011

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

---

[4] Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation and citation omitted).

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Remove Duplicate Case from Docket has been served on Plaintiff Jamaal Ali Bilal via U.S. Mail at the following address:

> Jamaal Ali Bilal, 99-0124
> Florida Civil Commitment Center
> 13619 S.E. Hwy 70
> Arcadia, FL 34266

The foregoing Motion has also been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and/or e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of July, 2011.

>  /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel