UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Stanley Long v. Merck & Co., Inc.*, 2:05-cv-6510-EEF-DEK | * | |
| | * | |

******************************************************************************

**DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring Plaintiff Stanley Long to show cause why his individual claims should not be dismissed with prejudice for failure to prosecute. Merck has made repeated attempts since March of 2011 to schedule the deposition of Plaintiff Long. In attempting to do so, Merck's counsel has learned that while Mr. Long's counsel (Getty & Childers, PLLC of Lexington, Kentucky) has made efforts over the past three months to contact their client, they have been unsuccessful in their attempts to do so. Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claim of this non-responsive plaintiff who either cannot be found and who has otherwise failed to participate in this litigation by maintaining contact with his counsel.

In support of this motion, Merck further states as follows:

1.      Plaintiff filed a claim against Merck for personal injuries alleged to have been caused by Vioxx.  It is beyond dispute that Merck is entitled to seek Plaintiff's deposition in this matter.

2.      On March 21, 2011, Merck's counsel issued a notice for Mr. Long's deposition with a deposition date of April 21, 2011.  That date was postponed at the request of Mr. Long's counsel to May 23, 2011, and then postponed again at his counsel's request to June 21, 2011.

3.      On June 17, 2011, a few days prior to Mr. Long's rescheduled deposition, his counsel contacted counsel for Merck to suggest that his deposition again be postponed, as counsel had not been able to reach Mr. Long "despite repeated attempts."  Merck's counsel responded that same day to request that Mr. Long's counsel provide by June 21, 2011 a *confirmed* date when Mr. Long would be available for his deposition.  In response to this email, Mr. Long's counsel stated that they would provide a new date if able to reach Mr. Long, but that they "have not had contact with him for some time following his removal from the settlement program."  *See* June 17, 2011 email chain between Emily Pistilli and Kris Collman (Attached as Exhibit A).  (Mr. Long exited the Resolution Program in November 2009.)  No new deposition date has been provided.

4.      This Court has previously noted on many occasions in this litigation that a plaintiff who files a personal injury lawsuit has an obligation to stay in touch with his or her attorneys.  When an attorney has made numerous diligent efforts to communicate with his client but cannot do so, that plaintiff has essentially abandoned his or her claim.

5.      Likewise, courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and warrants dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing

personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing plaintiff's claims because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, Mag., J.).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

3

6. Mr. Long's counsel has apparently made "repeated attempts" to contact him, yet have been unable to do so "for some time following his removal from the settlement program." Ex. A. In short, Mr. Long has ceased participating in this litigation and his claims should be dismissed. Merck requests that Mr. Long be instructed to appear and show cause at a hearing on August 4, 2011 why his case should not be dismissed with prejudice. A proposed order is attached.

Dated:  July 11, 2011

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1062585v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of July, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1062585v.1