**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| *Chambers, et al. v. Merck & Co. Inc. et.* | : | |
| *Al., 2:05-cv-01997-EEF-DEK (Plaintiff* | : | |
| *Samuel Perry)* | : | MAG. JUDGE KNOWLES |

_____

## AMENDED COMPLAINT

## COUNT THIRTY – PERRY - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Doris Perry, who is the spouse and Executrix of the Estate of Samuel Perry who resides in Ashford, Connecticut. On May, 26, 2011, this court granted the Estates Motion to Amend Complaint and Substitute Proper Plaintiff [Doc. 62998]. (Attached as Exhibit A)

4.      Samuel Perry died on May 16, 2009 and the plaintiff, Doris Perry was appointed Executrix of the Estate of Samuel Perry on November 24, 2009 by the Northeast Probate District in Connecticut. (See Probate Certificate Attached as Exhibit B)

5.     On and for some time before February 10, 2001, the plaintiff had
been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff
regularly consumed VIOXX.

6.     The VIOXX consumed by the plaintiff was designed, manufactured,
tested and/or sold by the defendant MERCK.

7.     As a result of plaintiff's consumption of the drug VIOXX, he was
caused to suffer a stroke.

8.     At the time of its sale or distribution and continuing through the date
of his stroke, VIOXX was in a defective condition unreasonably dangerous to the
plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible
adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown
that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded
the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would
have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they
were risking sudden death, heart attacks, and stroke from the use
of VIOXX.

9.     One or more of the defects described above was a substantial
factor in causing the plaintiff's injuries.

10.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

11.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

12.     The defendant breached these express warranties.

13.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

14.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

15.     The defendant breached this implied warranty of merchantability.

16.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

18.      The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

19.      The plaintiff brings this action pursuant to General Statutes § 52-

572m, et. seq., as amended (the "Connecticut Product Liability Act").

20.      As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a stroke.

21.      As a further result, the plaintiff was caused to incur and will

continue to incur medical expenses and he also suffered an impairment in his

capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-ONE – PERRY - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 7. Paragraphs 1. through 7. of Count Thirty are hereby incorporated

and realleged as paragraphs 1. through 7. of this Count Thirty-One.

8.      The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all

possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

4

b)   they refused to perform testing that they suspected would
have shown that VIOXX possessed serious potential side
effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and
instruction despite spending tens of millions of dollars on a direct to
consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the
use of VIOXX were de minimus in relation to the benefits
associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study
which would have uncovered enormous risks associated with the
product; and

f)   they kept consumers ignorant of the fact that for a small reduction
in pain, they were risking sudden death, heart attacks, and stroke
from the use of VIOXX.

9.   The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

10.   As a result of the defendants' reckless disregard of product users,

the plaintiff suffered a stroke.

11.    As a further result, the plaintiff was caused to incur and will

continue to incur medical expenses and he also suffered an impairment in his

capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-TWO – PERRY - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 11.  The allegations of paragraphs 1. - 11. of Count Thirty-One are

hereby incorporated and realleged as paragraphs 1. - 11. of this Count Thirty-

Two.

12.    The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

13.    The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

14.    As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

15.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

**WHEREFORE**, THE PLAINTIFF CLAIMS DAMAGES IN EXCESS OF FIFTEEN THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240b AND ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

Dated:      July 18, 2011
            New Haven, CT

                          Respectfully submitted,

                          By: _____

COUNSEL FOR THE ESTATE:        MICHAEL A. STRATTON (ct 08166)
                               STRATTON FAXON
                               59 Elm Street
                               New Haven, CT 06510
                               (203) 624-9500 telephone
                               (203) 624-9100 fax
                               mstratton@strattonfaxon.com
                               www.strattonfaxon.com

7

## CERTIFICATION OF SERVICE

I hereby certify that the above and forgoing Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th day of July, 2011.

Michael A. Stratton

$\mathcal{E}_{\times}$ H . A



LEXISNEXIS FILE & SERVE

37860503

E-SERVICE

May 31 2011
9:08AM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| *Chambers, et al. v. Merck & Co. Inc. et.* | | |
| *Al., 2:05-cv-01997-EEF-DEK (Plaintiff* | : | |
| *Samuel Perry)* | : | MAG. JUDGE KNOWLES |

## ORDER

AND NOW, this 26th day of May, 2011, upon consideration of the
MOTION TO AMEND COMPLAINT AND SUBSTITUTE PROPER PLAINTIFF, IT
IS HEREBY ORDERED that this motion with respect to the instant matter is

GRANTED.

BY THE COURT:

Eldon E. Fallon, U.S.D.J.

EXH. B

| FIDUCIARY'S PROBATE CERTIFICATE<br>PC-450  REV. 8/02 | STATE OF CONNECTICUT<br>COURT OF PROBATE | |
|---|---|---|

| **COURT OF PROBATE, Northeast Probate District** | **DISTRICT NO. PD26** | |
|---|---|---|
| ESTATE OF<br><br>SAMUEL C. PERRY   (06-213) | | DATE OF CERTIFICATE<br><br>*July 12, 2011*<br>*Valid for:*<br>1 year from this date |
| FIDUCIARY'S NAME AND ADDRESS<br><br>Doris E. Perry, 84 Moon Rd., Ashford, CT 06278 | FIDUCIARY'S POSITION OF TRUST<br><br>Executrix | DATE OF APPOINTMENT<br><br>December 16, 2009 |

*The undersigned hereby certifies that the fiduciary of the above-named estate has accepted appointment, has executed bond according to law or has been excused from executing bond by will or by statute, and is legally authorized and qualified to act as such fiduciary on said estate because said appointment is unrevoked and in full force as of the above date of certificate.*

*Limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above date of certificate.

Janis E. Beltis

Janis E. Beltis, Clerk

**Court
Seal**

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**