UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br><br>**PRODUCTS LIABILITY LITIGATION<br>SECTION L**<br><br>**This document relates to:**<br><br>**ALL COMMON<br>BENEFIT FEE APPLICANTS** | **MDL Docket No. 1657**<br><br><br><br>**JUDGE FALLON**<br>**MAG. JUDGE KNOWLES** |

### FEE ALLOCATION COMMITTEE
### OPPOSITION TO OBJECTIONS AND
### OBJECTORS' MOTIONS FOR HEARING

The Fee Allocation Committee, for the reasons outlined in its post-hearing brief of May 27, 2011, urges the Court to overrule each objection[1] raised by Becnel, Branch, and Snapka/Escobedo. Further, Becnel, Branch, and Snapka/Escobedo's motions for hearings on their respective objections should be denied.

Objectors have been afforded a full measure of due process. In *In re High Sulfur*, No. 09-30313 (5th Cir. June 21, 2010) (High Sulfur II), the Circuit Court of Appeals for the Fifth Circuit addressed the issue of adequate due process in a fee allocation dispute.[2] As this Court is well aware, the fee allocation process in *High Sulfur II* was substantially more limited, giving each

---

[1] The Fee Allocation Committee has addressed the merits of all objections in previous filings and will not restate its position here. It is noteworthy, however, that the position of some objectors regarding lodestar has changed. Snapka, for example, testified that she was opposed to a pure lodestar analysis. See Tr. of May 11, 2011, at 191. Snapka appears to have reconsidered this position in light of the argument in support of lodestar included in her joint submission with Escobedo. See Snapka/Escobedo Br. in Supp. of Objs., at 22. Branch also advocates for the application of lodestar for the first time. Neither at the hearing before the Special Master nor in its post-hearing brief did Branch urge the Special Master to use lodestar in the calculation of its common benefit fees. Branch's time submissions include more than 1,000 hours devoted to the review of the settlement and tasks on behalf of their clients in relation to the settlement program. These non-common benefit hours, approximately 15% of Branch's total submissions, were not the only non-common benefit hours submitted by Branch. The inclusion of duplicate, excessive, and non-common benefit hours in time submissions dictate that the use of lodestar is more appropriate as a cross-check than the sole method for allocating common benefit fees. See Fee Allocation Committee Post-Hearing Br. in Supp. of Allocation, at 4- 7.

[2] In that case, like here, Daniel Becnel complained of a lack of due process. See Tr. of May 12, 2011, at 60-78.

fee applicant an opportunity to submit a three-page affidavit and a 25-page memorandum.  The request for a hearing was denied.  The Circuit Court held that the limited process of submitting a brief and memorandum satisfied the requirements of due process and that an evidentiary hearing was not required.  The mandates of due process in a fee allocation dispute have been made clear.

In the present case, fee applicants, and subsequently objectors, have been afforded opportunities far beyond what was approved in *High Sulfur*.  Specifically, Becnel, Branch, Escobedo and Snapka have been afforded not only ample notice, but also expansive opportunities to be heard:

- Applicants were afforded an opportunity to submit time records, reconstructed if necessary, to support common benefit fee claim.  See Pretrial Order 6C.  Time submissions are part of the record.

- Applicants were informed of factors to be considered by the Court in allocating fees.  See Pretrial Order 6D, at 2-3; see also Tr. of December 19, 2008 Status Conf., at 51-53; Tr. of January 6, 2011 Status Conf., at 14-19.

- Applicants were afforded an opportunity to submit a three-page affidavit in support of common benefit fee claim.  See Pretrial Order 6D, at 4-5.  The affidavits are part of the record.

- Applicants were afforded an opportunity to make a presentation under oath to the Fee Allocation Committee.  See Pretrial Order 6D, at 5-6.  Transcripts of these presentations are part of the record.

- Each applicant was advised of the Fee Allocation Committee's preliminary recommendation and afforded an opportunity to object in writing, stating the basis of the objection and outlining the amount sought.  Each applicant was also afforded an additional opportunity to meet with members of the Fee Allocation Committee.

- The Court published the Fee Allocation Committee's recommendation and granted all applicants an opportunity to object and be heard regarding the basis of their objection.

- The Court appointed leadership for Objectors and a Special Master to preside over discovery issues.

- The Special Master granted Objectors' request for discovery, ordering that Objectors have access to the Court-appointed certified public accountant, Philip Garrett, and his data and that Objectors be allowed to depose the Fee Allocation Committee designee.

2

- Becnel,[3] Branch,[4] and Escobedo[5]/Snapka[6] filed numerous motions and papers.

- The Special Master conducted a full, week-long evidentiary hearing[7] allowing each Objector an opportunity to testify and offer evidence.

- Following the hearing, Becnel, Branch, Escobedo, and Snapka filed individual post-hearing briefs for the Special Master's consideration.

- Becnel, Branch and Escobedo/Snapka submitted objections to the Special Master's Recommendation.

The procedures instituted by the Court here far exceed those utilized in *High Sulfur*. Becnel, Branch, Escobedo, and Snapka have stated their objections in writing on numerous occasions and have had opportunity during a week-long hearing to offer evidence in support of their common benefit fee claims. An additional hearing is not required by Fifth Circuit jurisprudence and should not be allowed.

Moreover, the Court has been very clear about the process it intended to utilize in addressing the fee allocation dispute.

> THE COURT: Okay. As I mentioned on several occasions, what I have done with the common benefit fee, I first announced to all of the attorneys, put on the internet anybody who feels they have been common benefit work to make themselves known, send a claim for their common benefit work. I have

---

[3] Daniel Becnel filed a Notice of Objection to Motion for Common Benefit Fees; Notice of Joining in Motion of Kline and Specter, P.C., to Enforce the Full Participation Option or, in the alternative, for Leave to File Objection to Mr. Herman's 8% Fee Recommendation; Post-Hearing Brief; Brief on Behalf of Daniel E. Becnel, Jr.; and the Becnel Law Firm, LLC in Connection with the Fee Dispute Concerning Common Benefit Fees.

[4] The Branch Law Firm filed an Objection to the Fee Allocation, a Post-Hearing Memorandum, Objections to the Report and Recommendation of the Special Master, and Motion to Modify Report and Recommendation.

[5] Escobedo, Tippit & Cardenas, L.L.C. filed an Objection to Recommended Common Benefit Award, Post-Hearing Memorandum of Escobedo, Tippit & Cardenas, and Objections of Snapka and Escobedo, Tippet and Cardenas to the Report and Recommendation of the Special Master on Allocation of Common Benefit Fees and supporting brief.

[6] Snapka filed an Objection to FAC's Allocation of Common Benefit Fees, Motion and Memorandum in Support of Kathryn Snapka Requesting an Order that Confirms that the Transfer of Funds from BrownGreer to Mr. Michael Stratton Was Unauthorized and Request for Expedited Submission, Kathryn Snapka's Additional Objections to the Report and Scheduling Order of Special Master, Kathryn Snapka Post-Hearing Memorandum, and Objections of Snapka and Escobedo, Tippet and Cardenas to the Report and Recommendation of the Special Master on Allocation of Common Benefit Fees and supporting brief.

[7] The hearing took place May 9-13, 2011.

> appointed a Fee Allocation Committee -- some of whom were members of the Plaintiff Steering Committee, some were not -- and tasked them with the job of meeting with all of the individuals who made a claim for common benefit work of putting that on the record, asking them to give whatever information they had to support, and then to -- I also tasked that committee with the job of then recommending, recommending a method of distributing the funds.
>
> They gave me that after discussing it with the people who made claims and then they gave it to me as a recommendation. I posted that recommendation on the web site so everybody could see. I then invited anyone having any objections to make those objections. I received 17 objections. I then appointed the special master and gave him the job of discovering, if necessary, or creating some program that he would then get some information, review the information and then he would give me a recommendation.
>
> So I have a recommendation from the insiders, so to speak, the people who did the work, and a recommendation from someone who has no interest in the litigation. And then I am going to get those recommendations and then I am going to bring there the information from those recommendations, the information that, the support for those recommendations and also I'll bring there my information that I have seen over the years that I've been presiding over this litigation, and then I will make the decision. I am not going to rubber stamp any recommendation, I am going to make the decision and I'll write a paragraph on each individual supporting, at least giving what my reasoning is for that decision. And then anyone who wishes, they will have a record then to appeal and the Court of Appeals will see how I am doing it.
>
> There are many ways of doing this, many ways of doing it. I've selected a method and I am going to stick with that method and deal with it in that method. The Court of Appeals may decide on another method, that's their job. But my job is to select a method, I've done so and I am going to stick with that method and deal with it accordingly.

Tr. of February 24, 2011 Status Conf., at 12-14. The Court's procedure does not contemplate a hearing following the Special Master's Recommendation. Becnel, Branch, Escobedo, and Snapka have not raised new or novel issues in their objections. All issues presented in their respective objections were put forth previously on multiple occasions and were considered by the Special Master. The record is complete; and the issue of the appropriate common benefit fee

allocation is ripe for the Court's consideration. Conducting a hearing at this juncture would only result in delay.

The Fee Allocation Committee, therefore, urges the Court to overrule each objection and deny the motions for a hearing.

Respectfully submitted,

Date:   July 21, 2011       By:      /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892

**PLAINTIFFS' LIAISON COUNSEL, CHAIR OF THE FEE ALLOCATION COMMITTEE, AND LIAISON COUNSEL FOR COMMON BENEFIT COUNSEL**

By:      /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343

**PLAINTIFFS' CO-LEAD COUNSEL, SECRETARY OF THE FEE ALLOCATION COMMITTEE, AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

By:    <u>/s/ Christopher A. Seeger</u>
**Christopher A. Seeger**
*Seeger Weiss*
One William Street
New York, NY 10004
Telephone: (212) 584-0700

**PLAINTIFFS' CO-LEAD COUNSEL AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

| | |
|---|---|
| Russ M. Herman, Esq.<br>HERMAN, HERMAN, KATZ & COTLAR, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>(504) 581-4892 (telephone)<br>(504) 561-6024 (telecopier) | Thomas V. Girardi, Esq.<br>GIRARDI & KEESE<br>1126 Wilshire Blvd.<br>Los Angeles, CA 90017-1904<br>(213) 977-0211 (telephone) |
| Andy D. Birchfield, Jr., Esquire<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>(800) 898-2034 (telephone)<br>(334) 954-7555 (telecopier) | Mark Lanier, Esq.<br>LANIER LAW FIRM, PC<br>6810 FM 1960 West<br>Houston, TX 77069<br>(713) 659-5200 (telephone)<br>(713) 659-2204 (telecopier) |
| Christopher A. Seeger, Esquire<br>SEEGER WEISS<br>One William Street<br>New York, NY 10004<br>(212) 584-0700 (telephone)<br>(212) 584-0799 (telecopier) | Edward F. Blizzard, Esq.<br>BLIZZARD, MCCARTHY & NABERS, LLP<br>Lyric Centre, 440 Louisiana<br>Suite 1710<br>Houston, TX 77002-1689<br>(713) 844-3750 (telephone)<br>(713) 844-3755 (telecopier) |
| Troy Rafferty, Esquire<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL,<br>ECHSNER & PROCTOR, PA<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>(850) 435-7000 (telephone)<br>(850) 497-7059 (telecopier) | Perry Weitz, Esq.<br>WEITZ & LUXENBERG<br>180 Maiden Lane<br>New York, NY 10038<br>(212) 558-5500 (telephone)<br>(212) 344-5461 (telecopier) |

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

**FEE ALLOCATION COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of July, 2011.

    /s/ Andy D. Birchfield, Jr.
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555