IN THE SEVENTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
PROBATE DIVISION

IN RE:                                      )
                                            )  No. _____
ESTATE OF CATHERINE LOUISE RHODES  )

PETITION FOR PROBATE OF WILL
AND FOR LETTERS OF ADMINISTRATION

Petitioner, Jennie Joanna Camp, the daughter of the deceased, shows the Court the following:

1.  Decedent, Catherine Louise Rhodes, died on November 23, 2007, at the age of 83. At the time of her death, decedent's residence was 4008 Ridgemont Dr., Nashville, TN 37207.

2.  Petitioner is the sole heir at law of decedent. Decedent was separated from her husband, Phillip Victor Rhodes, when Mr. Rhodes died in Washington, D.C. in 1991. Decedent had another child, Phillip Vernon Rhodes, who died single and without issue on August 5, 1997.

3.  The only asset of the estate for probate purposes is a fund constituted by the settlement of a wrongful death claim. The only beneficiary of the will (other than personal effects, which were disposed of shortly after decedent's death in 2008) is the Doulas Trust created by instrument dated October 24, 2000.

4.  Decedent left a Last Will & Testament dated October 24, 2000. A copy of the Will is attached as Exhibit A and the original Last Will & Testament will be submitted to the Court with this petition.

**Exhibit F**

5. The document titled Last Will & Testament contains the signatures of two witnesses on page 9 and the signature of a notary public on the affidavit by witnesses to the Will on the last unnumbered page. The attesting witnesses to the decedent's Will are Steven K. Wood and Leslie Conduff. An affidavit signed by the witnesses to the Will, stating such facts as they would be required to testify to in Court to prove the will, is appended to the end of the Will in accordance with Tenn. Code Ann. § 32-2-110.

6. Petitioner Jennie Joanna Camp is named as the Personal Representative of decedent's estate on page 3 of the Will.

7. Bond is waived pursuant on page 3 of the Will, and inventory and accounting are waived on page 7.

**ACCORDINGLY PETITIONER PRAYS THAT:**

1. The affidavits of the subscribing witnesses to the Will be accepted by the Court;

2. The Will presented to the Court be proved and established and the Court enter an order admitting the Will to probate.

3. The Court direct the Clerk & Master to administer the oath and otherwise qualify Petitioner as Executrix and to issue Letters Testamentary.

4. No publication is necessary since Decedent died more than a year before this Petition.

5. Bond be waived in accordance with the Will.

2

6. The requirements of inventory and accountings be waived in accordance with the Will.

7. The Court grant such additional relief as it deems proper.

## OATH

I, Jennie Joanna Camp, hereby certify that I have read the foregoing Petition and the information contained in the Petition is true and correct to the best of my knowledge, information, and belief.

*Jennie J. Camp*
Jennie Joanna Camp, Petitioner

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON   )

On this the 14th day of July, 2011, before me, the undersigned officer, personally appeared Jennie Joanna Camp, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument and acknowledged executing the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal on this 14th day of July, 2011.

*[Notary signature]*
NOTARY

[SEAL: SHAILESH PATEL, Notary Public, Davidson County, Tennessee]

My Commission Expires
Nov. 07, 2011

Respectfully submitted,

**NORRIS & NORRIS PLC**

*[signature]*
Barbara J. Moss (B.P.R. 6599)
424 Church St., Ste. 1300
Nashville, TN 37219
Attorney for Petitioner Jennie Joanna Camp

3

LAST WILL AND TESTAMENT

OF

CATHERINE LOUISE RHODES

ARTICLE I: OVERTURE

<u>Name, Residence, Family</u>. I, Catherine Louise Rhodes, a resident of Davidson County, Tennessee, declare this to be my Will, and I revoke any and all wills and codicils previously made by me.

I have one (1) child, Jennie Joanna Camp.

ARTICLE II: PAYMENT OF DEBTS, EXPENSES AND TAXES

<u>Payment of Debts and Expenses</u>. I authorize my Personal Representative to pay my debts, funeral expenses, and the expenses incurred in the administration of my estate. I specifically do not charge the proceeds of any insurance policies on my life with the payment of any of my debts, funeral expenses, or the expenses incurred in the administration of my estate. However, my Personal Representative is authorized, in its sole discretion, to apply the proceeds from any insurance policies on my life which are payable to my estate in paying these expenses.

<u>Payment of Death Taxes</u>. All transfer, estate, inheritance, succession and other death taxes, and any interest or penalties thereon, which shall become payable by reason of my death, shall be paid out of my residuary estate without apportionment, whether such taxes are

*CR*

LAST WILL AND TESTAMENT - PAGE 1


EXHIBIT A

payable with respect to property passing under my Will or outside of my Will, exclusive of any tax imposed as a result of Section 2036, 2041, or 2044, or Chapter 13 or 14 of the Code, or a corresponding provision of state law.

### ARTICLE III: SPECIAL BEQUESTS

Personal Effects. I intend to leave a handwritten memorandum designating certain articles of my tangible personal effects for various individuals. It is my intention that this memorandum be honored by my Personal Representative, and that my heirs and beneficiaries abide by the bequests set forth therein. I give all of the remainder of my personal and household effects, including automobiles, furniture, jewelry, clothing, and similar personal effects, together with all policies of insurance on such personal effects, to my daughter, Jennie Joanna Camp. Should my daughter predecease me, I give my personal and household effects to Jennifer Michelle Cripps

The reasonable cost of packing, shipping and storing all of such property shall be charged against my estate as an expense of administration.

### ARTICLE IV: DISPOSITION OF RESIDUARY ESTATE

Residuary Estate to Trust. I give my residuary estate to the Trustee of the Doulas Trust dated _24 Oct_____, 2000 (the "Family Trust"), or if such trust is not in

_CR_____
LAST WILL AND TESTAMENT - PAGE 2

existence, to the Trustee named therein, to be administered and distributed in accordance with the terms of such trust which I hereby incorporate by reference.

### ARTICLE V: APPOINTMENT OF PERSONAL REPRESENTATIVE

<u>Personal Representative</u>.  I appoint my daughter, Jennie Joanna Camp, as the Personal Representative of my estate.  If my daughter is unwilling or unable to serve, I appoint my granddaughter, Jennifer Michelle Cripps, to serve as alternate Personal Representative. Should it become necessary, I authorize my Personal Representative to nominate an individual or corporation which may serve as Personal Representative under Tennessee Code Annotated, Section 35-50-107(a), to serve as a Personal Representative of my estate; and should an ancillary administration of my estate be necessary, I authorize my Personal Representative to appoint an ancillary administrator.  Any Personal Representative or ancillary administrator appointed by any named Personal Representative shall be vested with all of the powers granted to my Personal Representative in my Will and shall also serve without bond, unless any named Personal Representative should determine bond to be desirable.

<u>Waiver of Bond</u>.  I hereby waive the requirement of bond for each of my named Personal Representatives and their successors, except to the extent otherwise required hereunder.

_CK_

LAST WILL AND TESTAMENT - PAGE 3

## ARTICLE VI: DISCLAIMER

Any person entitled to receive property under the terms of my Will may disclaim all or any portion of the property otherwise passing to him or her by complying with the statutory requirements of Section 2518 of the Code, and the federal regulations thereunder, and Tennessee Code Annotated, Section 31-1-103, as these statutory provisions presently exist or may subsequently be amended. Unless otherwise provided in my Will, such disclaimed property shall be distributed pursuant to the terms of my Will as if the disclaiming person had predeceased me.

## ARTICLE VII: POWERS

<u>Authorization of Personal Representative</u>. Without diminishing or restricting the powers vested by law or elsewhere in my Will, and subject to all of the provisions of my Will, I authorize and empower my Personal Representative, without having to obtain any judicial authorization or approval, and in the application of its best judgment and discretion on behalf of the beneficiaries of my Will, to exercise all or any of the following powers:

1. <u>Incorporation of State Law Powers</u>. Pursuant to Tennessee Code Annotated, Section 35-50-109, I authorize my Personal Representative to exercise the powers specifically enumerated in Tennessee Code Annotated, Section 35-50-110, including the introductory paragraph thereof and all subparagraphs thereof to the extent applicable. These powers, as set out in this statute on the date of the execution of my Will, are granted and

_____
*[initials]*
LAST WILL AND TESTAMENT - PAGE 4

incorporated herein by reference, notwithstanding that this statute may have been amended or repealed at the time of my death.

2. <u>Power to Allocate Assets</u>. My Personal Representative shall, in its sole discretion, make reasonable allocations of the property comprising my estate without being required to apportion each individual asset in satisfying any bequest made herein, or in allocating the residue of my estate as herein directed.

3. <u>Distributions to Incapacitated Beneficiaries</u>. If, pursuant to my Will, any property shall be payable outright to a person who is a minor, or is under any other legal, mental, or physical disability (hereinafter referred to as an "incapacitated beneficiary"), my Personal Representative shall have the power, exercisable in its absolute discretion and without court approval, either to defer payment of such property, or to pay such property, in whole or in part, to an incapacitated beneficiary, to a parent, guardian, or conservator of an incapacitated beneficiary, to a custodian for an incapacitated beneficiary under a Transfers or Gifts to Minors Act, or to any adult with whom an incapacitated beneficiary may reside. The recipient of such property shall not be required to furnish bond or file any accountings with respect to such property, unless my Personal Representative should direct otherwise; and the receipt of such property by the recipient shall discharge my Personal Representative from any further responsibility or liability with respect to such property. If my Personal Representative shall elect to defer payment of any such property, I authorize my Personal Representative to hold such property as a trustee for the benefit of an incapacitated beneficiary, with all the powers given to my Personal Representative in my Will and by law, and to pay or apply so much, all, or none of the income and principal of such property for the benefit of an incapacitated beneficiary as my Personal Representative shall deem

*CR*

LAST WILL AND TESTAMENT - PAGE 5

advisable for his or her support in reasonable comfort, and his or her health, maintenance and education, whether public, private, or special. When an incapacitated beneficiary attains capacity, whether legal, mental, or physical, the balance of such property then remaining shall be distributed to him or her. If an incapacitated beneficiary should die before attaining capacity, the balance of such property remaining at his or her death shall be distributed to his or her estate.

    4. <u>Tax Elections and Consents</u>. In addition to all other powers, and notwithstanding any other provision of my Will, my Personal Representative shall have full discretion to claim the deductions allowable to my estate for debts, expenses, taxes, claims and losses, either for federal income tax or estate tax purposes, in such manner as my Personal Representative shall deem advisable, in order to minimize the total state and federal income and death taxes payable by my estate or as a result of my death. Such allocation may be made regardless of whether its effect is to favor one beneficiary or class of beneficiaries over another, or whether such expenses shall be charged to income or principal for distribution purposes. In addition, my Personal Representative shall also be authorized, in its sole and absolute discretion, to consent to or oppose, as a shareholder, any election by any corporation pursuant to the provisions of any federal or state tax statutes or regulations.

    5. <u>Compensation</u>. Any individual Personal Representative shall be entitled to receive reasonable compensation for services rendered under the terms of my Will. Compensation for services rendered by any corporate Personal Representative shall be paid in accordance with that Personal Representative's customary charges for such services at the time the services are rendered.

_CR_
LAST WILL AND TESTAMENT - PAGE 6

6. <u>Employment of Agents</u>. My Personal Representative shall be specifically authorized, in its sole discretion, to employ and to pay the compensation of such agents, accountants, custodians, experts and counsel, legal, investment, or otherwise, as my Personal Representative shall deem advisable, and to delegate discretionary powers to, and rely upon information furnished by, such individuals or entities. Compensation paid for such services, as well as other administrative expenses and compensation paid to my Personal Representative for its services, shall be paid out of estate assets in such manner as my Personal Representative shall deem advisable.

7. <u>Waiver of Inventory and Accounting</u>. Pursuant to Tennessee Code Annotated, Sections 30-2-301 and 30-2-601, I excuse the requirements for making and filing an inventory and court accountings of my probate estate. However, my Personal Representative shall compile and furnish an inventory and an accounting of my estate to any residuary beneficiary under my Will.

8. <u>Administration of Real Property by Personal Representative</u>. All real property in which I may have any interest at the time of my death shall be deemed to be part of my probate estate for purposes of administering my estate, and as such, shall be subject to the control of my Personal Representative during the administration of my estate. For purposes of Tennessee Code Annotated, Section 31-2-103, such real property shall be deemed to be personal property, subject to sale by my Personal Representative, acting without joinder of any beneficiary, for the purpose of facilitating the distribution of my estate among the beneficiaries of my Will, as well as for the purpose of paying taxes, administrative expenses, and any other

expenses or debts of my estate, without first being required to exhaust all other personal property of my estate.

    9.   <u>Rights and Duties of Successor Personal Representative and Apportionment of Responsibilities</u>. Any successor Personal Representative, whether individual or corporate, shall succeed to all of the rights and duties of its predecessor, but shall not be accountable for any of the acts or transactions of such predecessor. Further, if there is more than one Personal Representative serving, such Personal Representatives may apportion their respective responsibilities among themselves in any manner they deem advisable.

## ARTICLE VIII: MEANING OF TERMS

Throughout my Will, any reference to gender shall be deemed to include the masculine, feminine, and neuter, and the singular shall include the plural, and vice versa. Whenever the following words or phrases are used in my Will, they shall have the meanings set forth below, unless otherwise indicated:

    (a)   "Child," "children," "grandchildren," "issue," or words of similar meaning used in my Will are intended to include adopted as well as natural born persons.

    (b)   "Code" as used in my Will shall refer to the Internal Revenue Code of 1986, as amended, unless otherwise indicated.

    (c)   My "residuary estate" shall refer to all property of every kind which I may own or have an interest in at the time of my death, real, personal, or mixed and wherever situated, as well as the proceeds of any policies of insurance on my life which may be payable to

*[initials]*
LAST WILL AND TESTAMENT - PAGE 8

my estate, after taking into account any bequests under Article III hereof, and as reduced by my debts, funeral expenses, administration expenses, taxes chargeable against my residuary estate, and any other charges against the principal of my estate.

IN WITNESS WHEREOF, I have hereunto set my hand to this my Will, consisting of nine (9) pages, each of which bears my initials or signature, at Brentwood, Tennessee, this _29_ day of _Oct_____, 2000.

_Catherine Louise Rhodes_
Catherine Louise Rhodes

Signed, published, and declared by Catherine Louise Rhodes as and for her Last Will and Testament, in the presence of us, the undersigned, who, at her request and in her sight and presence and in the sight and presence of each other, have hereunto signed our names as attesting witnesses on the day and date and at the place above written.

_____
WITNESS

_____
WITNESS

CR
LAST WILL AND TESTAMENT - PAGE 9

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

Personally appeared before me, Cathy O. Zaborowski, a Notary Public in and for said State and County, STEVEN K WOOD and Leslie Conduff to me known, who made oath as follows:

1. That they were requested by the Testatrix, Catherine Louise Rhodes, to witness her signature to the attached instrument, which purports to be her Last Will and Testament, and they were further requested by the Testatrix to execute this affidavit;

2. That the Testatrix signed said instrument and declared the same to be her Last Will and Testament in the presence of each of the undersigned, on the date set forth therein;

3. That each of the undersigned in turn signed the said instrument on the same date, as attesting witnesses, in the sight and presence of the Testatrix and of each other;

4. That the Testatrix was at least eighteen (18) years of age and of apparent sound mind at the time of the execution of said instrument, and legally capable of making a Will; and

5. That this affidavit is made pursuant to Tennessee Code Annotated, Section 32-2-110.

_____
WITNESS

_____
WITNESS

Subscribed and sworn to before me this 24 day of October, 2000.

_____
Notary Public

My Commission Expires: 11-25-00

## NOTICE OF HEARING

This petition is set for hearing **at 10 AM ON WEDNESDAY, AUGUST 3, 2011**, before the Hon. Randy Kennedy, Seventh Circuit Court, 6th Floor, Historic Courthouse, 1 Public Square, Nashville, Tennessee.

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Petition for Probate of Will and for Letters Testamentary has been sent by U.S. Mail, postage prepaid, on this the 18th day of July, 2011, to the following interested parties:

Jennie Joana Camp
4008 Ridgemont Dr
Nashville, TN 37207

_____
Barbara J. Moss