## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

**THIS DOCUMENT RELATES TO ALL CASES**

### MOTION TO SUPPLEMENT PARAGRAPH TWELVE
### OF PRETRIAL ORDER NO. 8(B)

### NOTICE

PLEASE TAKE NOTICE that Ann B. Oldfather, Liaison Counsel for certain cases, will bring this Motion to Supplement Paragraph Twelve of PreTrial Order No. 8(B) before the Honorable Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130, on the 4th day of August, 2011, at 9:00 am, or as soon thereafter as counsel may be heard.

### MOTION

As the Court is aware, the undersigned counsel is now Liaison Counsel for certain of the Personal Injury Cases.  Accordingly, it is appropriate for both Liaison Counsels (Ms. Oldfather and Mr. Russ Herman) to be included on the standard Certificate of Service.  At this point in the litigation, Merck & Co., Inc. is the lone party with a clear overview of the progression of all the remaining Personal Injury Cases.  In those cases where Ms. Oldfather is not personal counsel, and under the current uniform Certificate of Service requirements outlined in PreTrial Order No. 8(B), she cannot at present fully appreciate what case progress has occurred or is occuring.

While Liaison Counsel does not have to participate, it is helpful and necessary for Liaison Counsel to have notice of case progress.  Without full notice of pleadings, deposition scheduling, and the like, it is difficult for Ms. Oldfather to fully and adequately fulfill her role as Liaison Counsel.  Adding Ms. Oldfather to the Certificate of Service will afford her access to the necessary information and facilitate case management, document retrieval, case organization, and expeditious, efficient and economical communication by and amongst counsel.

While Ms. Oldfather is currently afforded some service via LexisNexis, and some service via the electronic case filings on the Court's system, not every private counsel in this case is aware of the steps necessary to comply with every service requirement.  Thus, neither LexisNexis nor ECF notice, separately and together, provide a comprehensive overview of all steps in the remaining cases.  By adding Ms. Oldfather to the Certificate of Service, both Liaison Counsel for the Plaintiffs will have complete notice of all pleadings.

For the foregoing reasons, the undersigned requests that the Court amend Paragraph Twelve of PreTrial Motion No. 8(B).

Respectfully submitted,

/s/ Ann B. Oldfather

_____

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Motion to Supplement Paragraph Twelve of PreTrial Order No. 8(B) has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of July, 2011.

/s/ Ann B. Oldfather

_____

Ann B. Oldfather