# EXHIBIT A

| | **SEEGER WEISS LLP** | |
| --- | --- | --- |
| CHRISTOPHER A. SEEGER<sup>NJ NY</sup> | ATTORNEYS AT LAW | PARVIN K. AMINOLROAYA<sup>NJ NY</sup> |
| STEPHEN A. WEISS<sup>NY</sup> | 550 BROAD STREET | ASIM BADARUZZMAN<sup>NJ</sup> |
| DAVID R. BUCHANAN<sup>NJ NY</sup> | NEWARK, NEW JERSEY 07102-4573 | RICK BARRECA<sup>NJ NY</sup> |
| DIOGENES P. KEKATOS<sup>NY</sup> | (973) 639-9100 | KEVIN G. BOISVERT<sup>NJ RI</sup> |
| MOSHE HORN<sup>NJ NY</sup> | FAX (973) 639-9393 | ASA R. DANES<sup>NY</sup> |
| JEFFREY S. GRAND<sup>NY</sup> | www.seegerweiss.com | DENNIS M. GEIER<sup>NJ NY</sup> |
| LAURENCE V. NASSIF<sup>NJ NY</sup> | | SCOTT A. GEORGE<sup>NJ PA</sup> |
| MICHAEL L. ROSENBERG<sup>NJ NY</sup> | | PERPETUA MGBADA<sup>NY</sup> |
| MARC S. ALBERT<sup>NY</sup> | | ANDREA M. PI-SUNYER<sup>NY</sup> |
| JONATHAN SHUB<sup>CA CO NY PA</sup> | | DENISE K. STEWART<sup>NJ</sup> |
| | | JOSEPH TSAI<sup>NJ NY</sup> |
| DONALD R. BRADFORD<sup>△ OK</sup> | | CHRISTOPHER M. VAN DE KIEFT<sup>NY</sup> |
| JAMES A. O'BRIEN III<sup>△ MA NY</sup> | | DANIEL R. WASP<sup>NJ NY</sup> |
| TERRIANNE BENEDETTO<sup>△ NJ NY PA</sup> | | DIANA R. ZBOROVSKY<sup>NJ NY</sup> |
| SINDHU S. DANIEL<sup>△ MI NJ PA</sup> | | |

△ COUNSEL
Attorneys admitted in
states as denoted.



October 26, 2010

**VIA FIRST CLASS MAIL**

Ms. Carole Dawson
P.O. Box 187
Allegany, OR 97407

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

    *RE: ESTATE OF ESTHER DONALDSON*

Dear Ms. Dawson:

    As you are aware, the claim you filed in the Vioxx Settlement Program has been found to eligible for an award by meeting the specific requirements set forth in the Settlement Agreement. This determination has been communicated to you in an official Notice of Points Award from the Claims Administrator dated 08/05/2009 (ATTACHMENT 1). This letter seeks to provide background on the Settlement Agreement as well as your individual claim and your decision to forego acceptance of the award.

    **1. Settlement Agreement Background.** After 18 trials involving 20 plaintiffs who allegedly incurred injuries from the use of Vioxx, representatives of plaintiffs in the Vioxx litigation and representatives from Merck, the manufacturer of Vioxx, negotiated an agreement to establish a program for the resolution of approximately 50,000 claims pending at the time of the settlement. The settlement was negotiated and the Settlement Program was designed to provide a fair and efficient means to compensate claimants who could present objective evidence of Vioxx usage and an associated heart attack, ischemic stroke or sudden cardiac death. This settlement is one of the largest settlements of litigation involving the use of a drug. Judges who were presiding over Vioxx litigation in courts around the country, including The Honorable Eldon E. Fallon of the United States

District Court of the Eastern District of Louisiana, Judge Carol E. Higbee of the Superior Court in New Jersey, Judge Victoria G. Chaney of the Superior Court in California, and Judge Randy Wilson in Texas, encouraged the parties to adopt a settlement program as a way to provide compensation to those who suffered heart attacks or strokes while using Vioxx without waiting years and years for cases to be brought to trial and, on November 9, 2007, the Settlement Agreement was signed.

Once announced, the Settlement Agreement received almost unanimous support from lawyers and claimants who had filed lawsuits against Merck. In fact, more than 99.5% of those who were eligible to participate in the Settlement Program joined. To be eligible to participate, a claimant was required to have had a filed lawsuit or a tolled claim before the date the Settlement was announced. In addition, the claimant must have sustained a heart attack or an ischemic stroke in proximity to Vioxx use. In all, 51,036 claimants elected to join the Settlement Program.

You enrolled in the Settlement Program and signed a Release that released Merck from any and all liability associated with Vioxx use on January 16, 2008 (ATTACHMENT 2).

**2. Submission of a Claim to the Settlement Program.** After the submission of an Enrollment Form, including a Release and a Stipulation of Dismissal, enrolling claimants were given the opportunity to gather and send necessary Medical Records and proof of Vioxx use to the Claims Administrator for processing and review.

Guided by the objectives of fairness, efficiency and cost to the claimant, the Settlement Program limited the types and volume of records required for the evaluation of the claim. Unlike many claims processes where claimants are required to submit years of records from all health care providers, the Settlement Program limited the records to those surrounding the injury alleged, as well as proof of Vioxx use. The medical records were called Event Records, and they were usually the records from the hospitalization or care immediately surrounding the alleged heart attack or the stroke. To ensure that only those who actually used Vioxx would be compensated, the Settlement Program also required pharmacy records of Vioxx use or medical records from a doctor showing that he or she prescribed Vioxx or gave samples. In claims alleging death as a result of Vioxx use, more records were required. In addition, each claimant was required to submit a Claims Form, which contained only basic demographic information and required the claimant to specify which type of injury he or she was asserting.

**3. The Three Gates.** To be eligible for payment in the Settlement Program, the Program required that each claim had to pass three Gates: Injury, Duration, and Proximity.

Your claim passed all three Gates, which is why the claim is eligible for Payment and you were sent notification of this determination on August 7, 2009 (ATTACHMENT 3).

Seeger Weiss has contacted you via the telephone on numerous times in order to discuss the necessary steps required in order for the payment to be made to the estate. On June 15, 2010 you wrote to us to withdraw your claim from the process (ATTACHMENT 4).

As we discussed, and to be clear, by not accepting the award, any/all settlement money due the estate will be returned to Merck and you or any other representative of the estate will **NOT** be able to bring **ANY** further action in reference to your mother's injuries against the manufacturer of Vioxx.

This will be our final correspondence to you regarding this matter and ask that you kindly sign and return this letter in the pre-addressed postage paid envelope indicating your understanding that you will **NOT** be able to pursue this matter privately and that you understand you are giving up your claim and its award completely, freely and of your own choice.

Sincerely,

*[signature]*

Sindhu S. Daniel

SSD/kgb
Attachments

Agreed and Accepted by Carole Dawson:

*[signature: Carole S. Dawson]*
Signature

5-24-2011
Date

3