UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                    MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION                   SECTION L

                                                JUDGE FALLON

This document relates to All Cases
                                                MAGISTRATE JUDGE KNOWLES

## OBJECTION AND INCORPORATED MEMORANDUM

**MAY IT PLEASE THE COURT:**

Cunard Law Firm (Cunard) submits its objection to Motion for Award of Attorney's Fees to Co-Lead and Liaison Counsel for Objectors.

First, Cunard elected the contingent fee option only to be told the election was too late, even though no deadline was ever stated. In fact, Rebecca Cunard discussed directly with Co-Lead Counsel for Objectors calculation of the contingency fee after deducting the $200,000.00 offered in writing by the FAC.

Alternatively, Cunard shows the requested fees are excessive in the following particulars:

- Cunard was represented by private counsel and her fee allocation objection was resolved without the direct efforts of co-lead and liaison counsel.

- Their fee application seeks to double dip in that Co-Lead and Liaison counsel claims $294,000 in contingent fees from seven of seventeen (7/17) objectors representing 41.2% of their clients and seeks their full 100% hourly rate for representation from the remaining ten client firms which represent only 58.8% of their client burden.

- Not only do co-lead and liaison counsel seek 100% of their labor from 58.8% of the objectors, they argue for a *multiplier* as high as 2 to be added to only a portion of their client burden. Yet there was never any real doubt about recovery of a reasonable fee – attorneys fees must be reasonable – nor any real risk of recovery. The attorneys' fee for this litigation had already been fixed. The principal issue was how to divide the existing fee, not recovery of the settlement corpus nor the amount of the total fee.

- Lastly, Movers not only want 100% of their labor paid by 58.8% of the client burden and **doubled** (plus the contingent fee portion), they want a "kicker" added to the rate of one of their number!

Respectfully, Cunard is willing and has agreed to pay the contingent fee requested. In the alternative, Cunard shows (i) it is inherently unfair to charge 100% of hourly rates to 58.8% of the objecting firms while also collecting $294,000 from 41.2% of the same group; (ii) that a multiplier is not, under these circumstances, warranted; and (iii) adding a "kicker" to an attorney's stated rate after the fact is disingenuous.

RESPECTFULLY SUBMITTED:

BY:  /s/ Rebecca A. Cunard
REBECCA A. CUNARD
CUNARD LAW FIRM
LA. BAR ROLL No.: 20154
9214 INTERLINE AVENUE
BATON ROUGE, LOUISIANA 70809-1907
TELEPHONE:  (225) 925-2978
FACSIMILE:  (225) 925-8192

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via electronic mail and U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Russ M. Herman | Andy Birchfield |
| Chair of the Fee Allocation Comm. | Sec. of the Fee Allocation Committee |
| 820 O'Keefe Avenue | 218 Commerce Street |
| New Orleans, LA  70113 | Montgomery, AL  36104 |
| rherman@hhke.com | andy.birchfield@beasleyallen.com |

Baton Rouge, Louisiana, this 25th day of July, 2011.

/s/ Rebecca A. Cunard
REBECCA A. CUNARD