UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S
RESPONSE TO THE JULY 28, 2011 REPORT OF ANN OLDFATHER**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits the following response to the Report filed by Ms. Oldfather. That Report omits several key facts and creates a misleading picture of the events that have taken place during the past several weeks, during which time counsel for Merck has produced materials to Ms. Oldfather after overcoming the difficulties presented by the provision of inadequate, erroneous and/or incomplete information regarding the plaintiffs in question. Specifically:

1.      Many of the purported consents that Ms. Oldfather submitted did not contain *any* identifying information as to the plaintiffs on whose behalf the consent was being provided. So, for instance, some counsel provided blanket consents that did not identify a single client. Although Ms. Oldfather's office subsequently provided a spreadsheet purporting to identify the cases that Ms. Oldfather thought should be assigned to certain blanket consents, this spreadsheet (prepared by Ms. Oldfather's office and not the individual counsel at issue) contained significant errors: For instance, based on that spreadsheet, counsel asserted that a blanket consent provided by Mr. Ronald Benjamin should be sufficient to release materials provided by Plaintiffs Pickett and Mannino. However, Mr. Benjamin does not represent those plaintiffs. Given the HIPPAA and privacy concerns attached to these materials, it obviously would be highly imprudent to

release materials based on erroneous second-hand or third-hand information.  Thus, defense counsel requested that the lawyers who had provided blanket rather than specific consents also forward a list identifying or confirming the identity of the clients to whom the consents applied.  *See* Exhibit A *(*July 6, 2011 letter identifying problems with 20 consent forms).  Based on the original consents provided and some clarifying information obtained that same day, defense counsel was able to provide information for 22 cases.  *See* Exhibits A and B (July 6 2011 e-mail exchange between defense counsel and Ms. Oldfather's office).  As Ms. Oldfather's office provided confirmations from individual plaintiffs' counsel, or defense counsel was able to independently confirm representation, additional materials were forwarded on a rolling basis.

2.       The thirty-eight (38) consents included consents on behalf of Ms. Oldfather's ***own clients***.  As pointed out on July 6, 2011, the objective of this project was to provide Ms. Oldfather access to materials produced on behalf of other plaintiffs – materials to which she did not otherwise have access.  Ms. Oldfather clearly has access to her own clients and her own files.  Thus, the consents provided to cover the "94" plaintiffs noted in Ms. Oldfather's Report included eighteen (18) of her own clients, and were thus entirely redundant.  *See* Exhibit B.

3.       A fourth shipment of materials was sent to Ms. Oldfather's office on July 27, 2008 for the final 16 plaintiffs for whom consents had been previously provided.  *See* Exhibit C (July 27, 2011 closure notice).

4.       Subsequently, on July 28, 2011, Ms. Oldfather's office sent an email indicating that it appeared that some materials may be missing for some plaintiffs.  And, Ms. Oldfather's report makes the same assertion as to some group(s) of ten (10) and/or four (4) plaintiffs. Many of these assertions, however, are entirely misplaced.  Some plaintiffs have failed to produce some categories of materials.  For instance, Plaintiff Dennis Harrison has declined to provide any medical records, or even identify his health care providers.  Similarly, Plaintiff Virginia Borden

never provided an original Profile Form or a set of medical records. Thus, in those instances, there was nothing to forward, and, those materials could not be included in the materials provided to Ms. Oldfather's office. We have asked our medical records vendor to re-review th materials provided and determine if anything has been omitted or improperly identified. If any errors are identified, they will be promptly corrected.

5. In sum, Ms. Oldfather provided consents on Friday, July 1, 2011. Merck's counsel began forwarding the relevant material on Tuesday, July 6, 2011. Three additional shipments were made over the following three weeks. The production was noted to be complete as of July 27, 2011.[1]

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

*Defendants' Liaison Counsel*

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000

*Attorneys for Merck & Co., Inc.*

---

[1] Later that day, Ms. Oldfather's office forwarded a consent for one additional plaintiff not included in the July 1st batch.

1064954v.1

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of July, 2011.

      */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1064954v.1