**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Lists Attached to* | * | **KNOWLES** |
| *Original Motion* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S**
**MOTION FOR ORDER TO SHOW CAUSE WHY**
**REMAINING SETTLEMENT PROGRAM RELEASES AND STIPULATIONS**
**SHOULD NOT BE TENDERED TO MERCK**

On June 2, 2011, defendant Merck & Co., Inc. ("Merck"), moved the Court for entry of an Order requiring certain identified claimants to show cause why their Releases and Stipulations of Dismissal, currently being held by the Claims Administrator for the Vioxx Resolution Program, should not be tendered to Merck without any additional delay. In reply to the handful of responses to that motion that have been submitted, and in further support of its motion, Merck states as follows:

1.      Merck's original motion encompassed the claims of fifty (50) claimants. Since the filing of that motion, seventeen (17) of those claimants have resolved their status with the Claims Administrator. Exhibit A identifies those claimants. As to those claimant's, Merck withdraws its motion as moot. *See* Exhibit A.

2.      As to fifteen (15) claimants, no response has been filed, and as of 7/31/2011, issues remained unresolved with the Claims Administrator. Exhibit B identifies those claimants. As to those claimants, Merck's motion should be granted. *See* Exhibit B.

1065193v.1

3.　　　Four formal responses were filed in response to Merck's motion by the following counsel:  Beasley, Allen; Seeger Weiss; Matthews & Associates; and Langston & Langston. Defense counsel has also been provided an informal response as to *Pro Se* Norman Bezio.  Each of these responses are addressed in turn below.[1]

4.　　　***Beasley, Allen.***  This response addressed two claimants – Debra Webb and Earcle Gortney.

    a.　Counsel noted that the Webb claim has now been resolved.  Claimant Webb has been included on Exhibit A.

    b.　As to the Gortney claim, counsel noted that the current amounts retained by the Claims Administrator are insufficient to cover the outstanding medical lien and MDL assessments due to a reduction in the overall amount of the claim pursuant to an audit.  The ultimate resolution of those issues, however, is independent of the fact that Merck has provided sufficient funds for this claimant to receive all the compensation that he is entitled to under the terms of the Master Settlement Agreement.  Accordingly, Merck's requested relief should be granted, and Release and Stipulation of Dismissal should be forwarded.  Claimant Gortney is listed on Exhibit B.

5.　　　***Seeger Weiss.*** This response addressed three claimants – Esther Donaldson, Drucilla McClure, and Freda Walker.

    a.　The Walker claims has been resolved.  *See* Exhibit A.

    b.　Resolution of the McClure claim appears to be imminent.  A probate hearing has been scheduled, and this will ultimately address the outstanding estate issues.

---

[1]　　Merck's counsel recently received additional information concerning the claims of Harold Nash and Rachael Caeser, and those claims should also be deferred.

1065193v.1

Given that counsel has articulated concrete facts that would appear likely to resolve the outstanding issues, and further identified specific actions that are scheduled to take place within days of the motions hearing, action on the motion should be deferred for 30 days.  *See* Exhibit C.

c.  As to the claim of Esther Donaldson, this claim has apparently been abandoned. Accordingly, Merck's requested relief should be granted, and Release and Stipulation of Dismissal should be forwarded.  Claimant Donaldson  is listed on Exhibit B.

6.  ***Langston & Langston.*** This response addressed the claim of Louise Young. Based on the Response, Amended Response, and additional follow-up phone calls from claimant's counsel, resolution of this claim appears to be imminent.  A probate hearing was scheduled for late July which would resolve the outstanding estate issues.  That hearing has been temporarily delayed due to the death of one of the relevant heirs.  The deferred hearing is expected to go forward in September.  At the request of plaintiff's counsel, defense counsel has agreed that action on this motion should be deferred until the next status conference.  *See* Exhibit C.

7.  ***Matthews & Associates.***  This addressed the claims of ten (10) claimants – Robert Bekier, Patricia Campbell, Betty Crowder, Maria Jimenez, Joann Gordon, Mary Harbold, Joe McCune, Mattie Myers, Catherine Rhodes, and Tammy Robertson.

a.  Five of those claims have been resolved – Crowder, Jimenez, Gordon, Harbold, and Robertson.  Those claimants have been included on Exhibit A.

- 3 -

b.  Subsequent to the submission of counsel's response papers, the issues as to claimant Joe McCune were resolved.  This claimant has been included on Exhibit A.

c.  As to Claimant Mattie Myers, probate is in process, and a hearing was scheduled for July 22.  Action on the motion should be deferred for 30 days.  *See* Exhibit C.

d.  As to the remaining three claimants, although counsel asserts that those claims may resolved in the "coming weeks" and further speculates that those claims may be resolved in periods ranging from 60 – 120 days, none of the facts articulated for these cases suggests that resolution is imminent.  Specifically:

  - *Robert Bekier* – Counsel speculates that the matter will be resolved in approximately 90 days.  However, the claimant died in 2004, the probate process has yet to begin, and no hearings have been scheduled.

  - *Patricia Campbell* – Counsel speculates that the matter will be resolved in 120 days.  However, the claimant died in 2006, the heirs are still searching for a copy of a valid will, and the probate process has yet to begin.

  - *Catherine Rhoades* – Counsel speculates that the matter will be resolved in 60 days.  However, this claimant died in 2007, and no probate petition was filed until three weeks ago on July 18, 2011.  It appears that no other proceedings have yet taken place or been scheduled.

e.  As to Claimants Bekier, Campbell and Rhoades, the requested relief should be granted and the stipulations and Released turned over to Merck.  Merck has fully complied with its obligations to these claimants under the terms of the settlement agreement.  In contrast, although settlement funds have been allocated to these

- 4 -

claimants for more than full year, no meaningful progress has been made toward resolving the lingering estate issues.  These claimants will not be prejudiced.  In the event that their issues remain unresolved by the date set by this Court, and the monies are transferred to the court registry, they will still have the opportunity to be paid.  Payment into the court registry is not a forfeiture.  While the money remains in the court registry, it can be released at any time by order of the court.  *See, e.g.,* 28 U.S.C. § 2041.

8.        ***Pro Se Claimant Norman Bezio***.  Defense counsel has been informed that resolution of this claim is imminent.  An estate has been opened in favor of the deceased claimant's minor children, and an appropriate representative of the estate has been appointed.  Action on the motion should be deferred for 30 days.  *See* Exhibit C.

9.        For the foregoing reasons, and the reasons stated in its opening memorandum, Merck respectfully asks the court to:

a.   As to the claimants on Exhibit A, deem the motion withdrawn as moot.

b.   As to the claimants on Exhibit B, Merck respectfully requests that this Court (a) direct the Claims Administrator to provide all remaining releases and stipulations to Merck by ***August 5, 2011,*** (b) issue an Order directing counsel for the remaining claimants to provide an explanation to the Court within 30 days (i.e. September 6, 2011) as to why the issues remain unresolved;  and (c) set a date after which funds still held by the Claims Administrator for these claimants are deposited in the registry of the Court.

c.   As to the claimants on Exhibit C, defer the motion until the next status conference.

- 5 -

1065193v.1

- 6 -

Dated:  August 1, 2011

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1065193v.1

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of August, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1065193v.1