IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | JURY TRIAL DEMANDED<br><br>PURCHASE CLAIMS MASTER CLASS |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE CLASS ALLEGATIONS IN PURCHASE CLAIMS MASTER COMPLAINT**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this notice of supplemental authority in support of its pending motion for judgment on the pleadings or to strike class allegations.

In its motion, Merck argued that it should be granted judgment on the pleadings with respect to plaintiffs' consumer-fraud, warranty and unjust-enrichment claims for a host of reasons. (*See* Def.'s Mot. at 10-15, D.45869-3.) Merck further argued that even if plaintiffs' individual claims had merit, their class claims would still fail because of the need for highly individualized inquiries – and should therefore be stricken. (*See id.* at 35.) The recently decided case of *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, MDL No. 1967, No. 08-1967-MD-W-ODS, 2011 U.S. Dist. LEXIS 73375 (W.D. Mo. July 5, 2011), supports Merck's arguments in support of striking plaintiffs' class claims.

1065274v.1

In *In re Bisphenol-A*, plaintiffs sought to certify classes of purchasers of allegedly defective baby bottles and sippy cups. *Id.* at *1-2. Plaintiffs asserted claims for violation of statutory consumer-protection laws, breach of warranty and unjust enrichment as a result of the presence of BPA in defendants' products. *Id.* The court denied plaintiffs' motion for class certification, determining that plaintiffs had failed to satisfy the essential requirements of commonality and predominance. *Id.* at *19-30. Relying on the U.S. Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, the court explained that commonality requires that a plaintiff's "'claims . . . depend upon a common contention . . . that [] is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at *19 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). Applying this principle, the court reasoned that although plaintiffs' claims raised various common questions of fact, those questions were overwhelmed by other highly individualized ones. *Id.* at *20-21. Specifically, the court explained that "'Plaintiffs' testimony regarding the purchase of their Baby Products' is not common for all class members" because "[o]ne Plaintiff's actions, decisions, knowledge, and thought processes are unique to that Plaintiff." *Id.* at *21 (citation omitted). And "[w]hile this question must be answered for each Plaintiff, the question will not be proved with the same evidence or have the same answer for each Plaintiff." *Id.* The court specifically took note of the highly individualized evidence required to prove plaintiffs' unjust-enrichment claims on a classwide basis. *Id.* at *22 ("determining whether a defendant's retention of the benefit (i.e., the purchase price for the goods) is 'unjust' requires considering what a particular plaintiff received in exchange for bestowing that benefit"). In addition, the court raised concerns about the putative class members' varying levels of knowledge regarding the BPA controversy. According

to the court, this information was significant because "[a] consumer who knew about the controversy and also knew that the bottle s/he purchased contained BPA would have all the knowledge Plaintiffs allege should have been disclosed, and w[ould] have tremendous difficulty convincing a jury that the seller was unjustly enriched." *Id.* at *27. The court also concluded that the same would be true with respect to plaintiffs' consumer-protection claims – i.e., that knowledge and decision-making would vary from one putative class member to another. *Id.*

In light of these myriad individualized questions of fact, the court determined that plaintiffs' motion failed for lack of commonality. *Id.* The court also grounded its ruling on a lack of predominance, declaring that "[t]he time and other resources necessary to resolve the[se] individual issues in a single forum, in the context of a single case, in front of a single jury, is staggering." *Id.* at *29-30.

The ruling in *In re Bisphenol-A* confirms Merck's arguments that plaintiffs' consumer-protection, warranty and unjust-enrichment claims should be stricken for lack of predominance. As Merck explained in its briefing and at oral argument, in order to satisfy the causation element of plaintiffs' consumer-fraud claims, each putative class member would have to prove that his or her physician would have made a different prescribing decision if more information had been available about the alleged risks of Vioxx – and that the plaintiff would have paid less for pain relief under that alternative decision. Given that a "Plaintiff's [and her doctor's] actions, decisions, knowledge, and thought processes are unique to that Plaintiff [and doctor]," the relevant evidence for proving such claims would vary dramatically from plaintiff to plaintiff. *Id.* at *21; *see also Kleinman v. Merck & Co.*, Nos. ATL-L-3954-04, ATL-L-24-05, 2009 WL 699939, at *12-13 (N.J. Super. Ct. Law Div. Mar. 17, 2009) (rejecting class certification of similar Vioxx-related claims because "[t]he issue of causal nexus between the loss sustained by

3

each member of the class and the consumer fraud . . . creates an insurmountable barrier to a class action"). With respect to plaintiffs' unjust-enrichment claims, Merck previously explained that there is no way for plaintiffs to prove on a classwide basis that it was "unjust" for Merck to retain the price each consumer paid for Vioxx. *In re Bisphenol-A* confirms that such an endeavor "requires considering what a *particula*r plaintiff received in exchange for bestowing *that* benefit." 2011 U.S. Dist. LEXIS 73375, at *22 (emphasis added). Accordingly, plaintiffs cannot possibly satisfy the commonality requirement of Rule 23(a), let alone the predominance and manageability requirements of Rule 23(b)(3).

## CONCLUSION

For the foregoing reasons, and those set forth in Merck's prior briefing, the Court should grant Merck's motion for judgment on the pleadings or to strike class allegations.

Dated:  August 2, 2011

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

4

1065274v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of August, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1065274v.1