# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| ***Wodowski v. Merck & Co., Inc., et al.,*** | * | **KNOWLES** |
| **2:08-cv-04559-EEF-DEK** | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT MERCK SHARP & DOHME CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE CASE ON ACTIVE DOCKET OF THE COURT

At this Court's last MDL status conference on June 1, 2011, Plaintiff Michael Wodowski's personal injury action against Merck was dismissed with prejudice on the record, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. That dismissal came almost five months after Merck filed its Suggestion of Death in January 2011[1] – to which no response was filed on behalf of Plaintiff, and two months after this Court's Order to Show Cause[2] – an Order that was likewise ignored. Now, one month after the dismissal was considered and entered by the Court, Plaintiff's counsel has filed a Motion seeking to set aside this Court's order of dismissal and reinstate Mr. Wodowski's case. However, because Plaintiff has made no showing that would justify the relief he requests, this Motion should be denied.

---

[1]     Mr. Wodowski passed away on or around February 23, 2010. On January 25, 2011, after learning of Mr. Wodowski's death, Merck filed a Suggestion of Death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. R. Doc. 60813.

[2]     On May 5, 2011, Merck filed its motion to show cause why Mr. Wodowski's case should not be dismissed with prejudice for failure to substitute a proper plaintiff under Rule 25(a) within the permissible 90 day period. R. Doc. 62926.

The language of Rule 25 is clear:  if no motion for substitution is filed within 90 days of a suggestion of death on the record, the action by the decedent "***must be dismissed***." Fed. R. Civ. P. 25(a) (emphasis added).[3]  Federal courts have allowed substitutions to be made after the 90 day period has elapsed upon a showing of excusable neglect by the moving party. *See* Fed. R. Civ. P. 6(b).  However, the burden is on the movant to establish that the failure act timely was the result of excusable neglect, *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973), and courts routinely decline to allow substitutions beyond the 90 day period where plaintiffs do not make such a showing.[4]

No such showing has been made on behalf of Mr. Wodowski.  Neither the Motion to Set Aside Order of Dismissal nor the corresponding Motion for Substitution filed by Mr. Wodowski's counsel contain even a hint of explanation for their complete failure to respond to

---

[3]     Rule 25(a) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*.**

Fed. R. Civ. P. 25(a) (emphasis added).

[4]     *See, e.g.*, *Kaubisch v. Weber*, 408 F.3d 540, 542-43 (8th Cir. 2005) (noting that a district court is authorized "to exercise its discretion to permit a motion for substitution beyond the time originally prescribed [by Rule 25(a)] when the failure to file the motion was the result of excusable neglect," but declining to allow a substitution filed five months after the suggestion of death where plaintiff's representative merely misread or misapplied the plain language of Rule 25); *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003) (upholding a district court's decision not to extend the 90 day requirement where plaintiff's counsel made no "showing or argument of excusable neglect" and "offered no excuse," other than that he "was unintentionally derelict in filing appropriate substitution of parties"); *Kasting v. Am. Family Mut. Insur. Co.*, 196 F.R.D. 595 (D. Kan. 2000) (refusing to allow a Rule 25(a) substitution where neither plaintiff's estate "made no effort" to show "either good faith or excusable neglect with respect to the failure to move in a timely fashion for substitution of a proper party").

the Suggestion of Death, filed in January 2011, or this Court's Order to Show Cause, entered in

May 2011.[5]  The Motion for Substitution alludes to a family dispute over representation that

delayed the decision regarding who should be appointed as Mr. Wodowski's representative. ***But***

***that Motion and the attachments make clear that those estate representatives were put in place***

***by September 2010 – four months before Merck's suggestion of death was even filed.***

Therefore, whatever disputes slowed the process of appointing estate representatives, those

issues had no bearing on the failure to address the issue of Mr. Wodowski's death for almost five

months since the time it was first raised by Merck in this litigation.  Nor do those disputes have

any bearing on the failure to respond to the dismissal motion filed by Merck, or the failure to

respond to the Order to Show Cause issued by this Court.

Plaintiff, therefore, has not even attempted to meet his burden of establishing the

excusable neglect required to reopen his case under these circumstances.  Plaintiffs and their

representatives must bear some responsibility to respond to matters before the Court within the

timeframes established by the Court and the Federal Rules of Civil Procedure.  In this case, they

---

[5]        On June 14, 2011, two weeks after Mr. Wodowski's case had been dismissed with
prejudice and almost five months after the death of Mr. Wodowski was first suggested on
the record, his counsel took action for the first time by serving a Suggestion of Death and
Motion for Substitution of Parties.  This motion explained that three individuals, Cheryl
Sample, William A. Wodowski, and Mary R. Zak, had been duly appointed as the
administrators of Mr. Wodowski's estate on September 27, 2010, and it requested that
these individuals be substituted as representative plaintiffs in place of Mr. Wodowski.
The July 1, 2011 Motion to Set Aside Order of Dismissal then refers to the June 14, 2011
Motion for Substitution, and requests in light of that pending motion that Mr.
Wodowski's claim be reinstated by the Court and its dismissal vacated.  It appears that
both the Motion for Substitution and the Motion to Set Aside Order of Dismissal were
uploaded on Lexis Nexis File and Serve, but were not filed on the Court's CM/ECF
system.  Today, August 3, 2011, the Motion to Set Aside was finally filed with the Court,
twice (Rec. Docs. 63176 and 63177). The Motion to Substitute still does not appear of
record.

1064208v.1

have not only failed to make timely responses, but they have also declined to provide any explanation whatsoever for that failure.

Both Merck and the judicial system would be substantially prejudiced by the reopening of this properly dismissed case.  As this Court is well aware, the Vioxx litigation has entered its final phases.  While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the country.  It would do a grave disservice to the judicial process and to the reasonable settled expectations of Merck and other parties to suddenly start re-opening dismissed cases.  Certainly some meaningful showing must be made that such relief is warranted.  This Plaintiff has made none at all.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the Court to enter an order denying Plaintiff's Motion and enter the Order of Dismissal with Prejudice of Mr. Wodowski's case.

Dated:  August 3, 2011

Respectfully submitted,

 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

1064208v.1

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1064208v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman, Phillip Wittmann, and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of August, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel