UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| In re: Vioxx | ) | MDL Docket NO. 1657 |
| | ) | |
| PRODUCTS LIABILITY | ) | SECTION L |
| LITIGATION | ) | |
| | ) | JUDGE FALLON |
| *This document relates to:* | ) | |
| | ) | MAGISTRATE JUDGE |
| *Jack E. Vaughn* | ) | KNOWLES |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY REMAINING
SETTLEMENT PROGRAM RELEASES AND STIPULATIONS SHOULD NOT BE
TENDERED TO MERCK**

_____

Plaintiff, by and through its undersigned counsel, files this response to

Defendant's Motion, Rule and Incorporated Memorandum to Show Cause why

stipulations currently held by the Claims Administrator for the Vioxx Resolution Program

should not be tendered to Merkc & Co., Inc. (hereinafter referred to as "Merck"). As set

forth below, the Motion and requested Order allowing all remaining settlement program

releases and stipulations of dismissals to Merck should be denied.

## BACKGROUND

1.      Claimant Jack Vaughn suffered a stroke while he was taking the drug

Vioxx on October 25, 2004. The final IS Point Value that formed the basis of the gross

settlement payment was $1,833.32 per point. The Vioxx Lien Resolution Administrator

awarded Mr. Vaughn 7.59 points for his injury, which gave Mr. Vaughn a total award of

$13,914.90. On January 29, 2010, Claimant received a 40% IS interim payment totaling

$5,495.16.

2.      Claimant had several deductions from his final award, which included a common benefit fee, expenses, a Federal Medicare lien and "Other Government Liens", more specifically, the Department of Veterans Affairs.  Claimant chose to participate in the private lien resolution program that was available to all claimants.  The Lien Resolution Administrator (The Garretson Firm Resolution Group, Inc.) administered a program to assist with liens being asserted by Private Health Insurance Providers.

3.      The Garretson Firm entered into negotiations with Medicare in an effort to globally resolve all Medicare liens.  The Garretson Firm successfully resolved claimant's Medicare lien under a global resolution for $4,174,47.  Claimant reported to the Lien Resolution Administrator that an "Other Governmental" program (VA) provided healthcare benefits to claimant.  The Other Governmental Holdback percentage/Amount was 30%.  The Final Deduction for Other Government Program from Settlement was $4,174.47.  The Lien Resolution Administrator listed the status of the Other Government Lien as Complete.  The LRA posting date was 7/23/10.  However, at this point, no lien holder can be paid out of Claimant's recovery because the amount of liens exceeds the amount of funds allocated to claimant.

4.      Claimant's counsel has been in contact with the Garretson Firm for approximately five months to understand why the remaining payment of 60% has not been issued to Claimant Jack Vaughn.  Only recently did Claimant's counsel get informed that there are not enough funds to pay all lienholders.  The Garretson Firm is currently in contact with the Department of Veterans Affairs in an effort to waive the entire VA lien which amounts to $4,174.47.

**CONCLUSION**

The delay in payment of claimant Jack Vaughn's case is caused solely by the

delay in the Lien Resolution Administrator's ability to successfully resolve all liens

involved so that claimant has enough funds to fully paid all mandatory liens.

For the foregoing reasons, Defendant's Motion and requested Order allowing all

remaining settlement program releases and stipulations of dismissals tendered to

Merck, should be denied.  Plaintiff's counsel has worked diligently to address the lien

issues with the Lien Resolution Administrator where a resolution is foreseeable.


Dated: July 22, 2011

Respectfully submitted,

By: /s/ Stuart L. Goldenberg
Stuart L. Goldenberg (158719)
GOLDENBERGLAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
(612) 333-4662
ATTORNEY FOR CLAIMANT

## CERTIFICATE OF SERVICE

In accordance with instructions obtained from the Eastern District of Louisiana, I

hereby certify that on July 22, 2011, the foregoing was mailed a true and correct copy of

the above Response Motion to:

VIOXX
Attn: Joe Escandon
500 Poydras Street
New Orleans, LA 70130


*/s/ Stuart L. Goldenberg*
Stuart L. Goldenberg, 158719
GOLDENBERGLAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
(612) 333-4662
ATTORNEY FOR CLAIMANT