MINUTE ENTRY
FALLON, J.
AUGUST 4, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 65 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Ms. Jodi Simcox, Official Court Reporter. Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript. A summary of the monthly status conference follows.

I. THE SETTLEMENT PROGRAM

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(01:13)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

II. SPECIAL MASTER

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Mr. Juneau has been appointed to facilitate negotiations related to the Governmental Actions and to prepare a report on objections to the Fee Allocation Committee's recommended allocation of common benefit fees.  At the monthly status conference, Thomas Juneau reported on the progress of that work.

III. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] Merck' Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order.  As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

briefed, and the Court has heard oral argument and taken the matter under submission.

IV. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties discussed these issues further at the Monthly Status Conference.

V. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. By Order entered February 12, 2008, the Court appointed Robert M. Johnston of Adams, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The Curator's office discussed the status of communications with *pro se* individuals at the Monthly Status Conference on August 4, 2011.

VI. GOVERNMENT ACTIONS

    A. Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010.

    B. Other Government Actions

3

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

On August 26, 2010 the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010.  On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

The Oklahoma Attorney General filed an amended complaint in late November, 2010, and Merck moved to dismiss that complaint on December 3, 2010.  Plaintiff's counsel and Merck are discussing the briefing schedule with Special Master Juneau.

On November 22, 2010, the Court stayed discovery in the Governmental Actions for 30 days in order to explore global resolution of the AG cases.  The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau.  On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution.  Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff.  The parties continue to meet and confer.

During the stay, the parties have engaged in an information exchange of discovery related

to resolution issues under the supervision of Special Master Juneau.  Special Master Juneau continues to be in contact with all the parties, as well as with representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units.  The NAMFCU agreements were forwarded to the states on Tuesday, July 12, 2011.  On July 15, 2011, the Special Master brought Merck and all the governmental agencies (the vast majority of whom personally attended) to New Orleans for a two-day mediation.

The parties discussed these issues at the Monthly Status Conference on August 4, 2011 and at an additional status conference held after the Monthly Status Conference.

## VII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for all purposes for those cases subject to Pre-Trial Order Nos. 28, 29, and 43.  Discovery has proceeded in certain cases since then.  Numerous discussions have taken place between Ann Oldfather, counsel for Merck, and the PSC.  On June 30, 2011, Ms. Oldfather filed a report regarding the status of consents from *pro se* personal injury claimants or counsel permitting Merck to provide *Lone Pine* reports, medical records, and other materials.  Merck has provided records for which Ms. Oldfather has provided releases.  Merck and Ms. Oldfather updated the Court on the status of those document exchanges at the Monthly Status Conference on August 4, 2011.

## VIII. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D and the Court's Order of February 28, 2011, the Special Master conducted hearings on allocations and objections to the Fee Allocation Committee's recommended allocation during the week of May 9, 2011.  The Special Master issued a Report

and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees (Rec. Doc. 63093) on June 27, 2011. The Court posted the Special Master's Report and Recommendation on its website. Objections to the Special Master's Report and Recommendations have been filed by Daniel E. Becnel, Jr., the Branch Law Firm, Esocobedo, Tippit & Cardenas, and Kathryn Snapka. The FAC has filed a reply to those objections. The parties discussed this matter at the Monthly Status Conference on August 4, 2011. The Court also heard from fee applicant Daniel E. Becnel, Jr.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements. The Court discussed that matter at the Monthly Status Conference on August 4, 2011.

IX. PENDING MOTIONS

Two motions filed by Merck were noticed for hearing immediately following the Monthly Status Conference on August 4, 2011: Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck (Rec. Doc. 63015); and Merck's Motion and Incorporated Memorandum in Support of Motion to Remove Duplicative Case From Docket as to plaintiff Jamaal Bilal (Rec. Doc. 63115). Separate Orders will follow.

Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Prosecute as to plaintiff Stanley Long (Rec. Doc. 63116) is deferred by consent to the next status conference. Merck's Motions and Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiffs Mary Jackson and Violet Blanton (Rec. Docs. 63109 and 63107), originally set for hearing on August 4, 2011, are

DENIED AS MOOT.

On March 23, 2011, Merck filed its Motion for Judgment on the Pleadings Under Rule 12(c) in the Ronald Quackenbush matter (Rec. Doc. 62720). The motion was fully briefed and submitted for decision on April 13, 2011. The motion remains pending.

On May 31, 2011, plaintiff Emmanuel Iwobi filed a Motion for Reconsideration (Rec. Doc. 63006), and on June 7, 2011, the Court entered an order requiring Merck to file a memorandum stating its position regarding plaintiff Iwobi's motion on or before June 22, 2011 (Rec. Doc. 63052). Merck filed its response on June 21, 2011 (Rec. Doc. 63078), and plaintiff filed a Reply on June 29, 2011 (Rec. Doc. 63095). The Court will take up the motion at a hearing on a later date.

On July 22, 2011, a Motion to Supplement Paragraph Twelve of PreTrial Order No. 8(B) was filed (Rec. Doc. 63136). No opposition has been filed. At the status conference, the parties addressed the matter and no party expressed an objection. The Court will issue a separate Order granting the motion.

On July 26, 2011, a Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases (Rec. Doc. 63154) was filed. No opposition has been filed. At the status conference, the parties discussed the matter. The Court will address the motion by separate Order.

X. APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals for the Fifth Circuit.

## XI. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Wednesday, September 21, 2011, at 9:00 a.m., Central Standard Time. This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468. Any interested persons unable to attend in person may listen in via telephone by dialing (800) 260-0712. The participant access code is 212710.