# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
|     Products Liability Litigation | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| *Commonwealth of Kentucky v. Merck & Co.,* | * | MAGISTRATE JUDGE |
| *Inc.; Docket No. 3:09-cv-00054-DCR* | * | KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMMONWEALTH OF KENTUCKY'S INDIVIDUAL OBJECTIONS AND INDIVIDUAL RESPONSES TO FIRST SET OF INTERROGATORIES TO PLAINTIFF

### PRELIMINARY STATEMENT

The responses and objections to these discovery requests are made for the sole purpose of this litigation and are supplied subject to that limitation. **Plaintiff's** response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are inten**ded in this response. Plaintiff's** responses to all or any part of these discovery requests should not be taken as an admission that: (1) they accept or admit the existence of any fact(s) set forth in or assumed by the discovery requests; or (2) they have in their possession, custody or control documents responsive to that discovery **request; or (3) documents are responsive to that discovery request. Plaintiff's** response to all or any part of any discovery request is not intended to be, and shall not be, a waiver of all or any

part of its objection(s) to that discovery request. Moreover, a failure to object to relevance shall not be taken as an admission that the information sought is in any way relevant to Plaintiff's claims or reasonably calculated to lead to the discovery of relevant and admissible evidence.

Plaintiff and its counsel have not completed (1) investigation of the facts relating to their cases, (2) discovery in their actions, or (3) preparation for trial. The responses are based upon information known at this time and are given without prejudice to their right to supplement or edit those responses prior to trial or to produce evidence based on subsequently discovered information. Their responses are based upon, and therefore are limited by, Plaintiff's knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in their responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS TO DISCOVERY

1.  To the extent that these definitions, instructions and discovery requests are inconsistent with or exceed obligations imposed upon a party under the applicable rules of Court, Plaintiff objects. Plaintiff will respond according to the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

2.  To the extent that these discovery requests seek information that is subject to the work product, attorney-client, investigative or other applicable privileges, or seek information or documents generated in the course of pursuit of this action, Plaintiff objects, preserves its rights thereto and refuses to provide any such information other than that which is required by the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

3.  To the extent that these discovery requests seek information that would require the disclosure of information that is confidential or private in nature, covered by third party protective orders, or privileges granted by state or federal law, Plaintiff objects and refuses to provide any such information.

4. To the extent that these discovery requests purport to request information which is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible evidence, Plaintiff objects.

5. To the extent that these discovery requests seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense, Plaintiff objects.

6. To the extent that these discovery requests seek information not available or known to Plaintiff, Plaintiff objects.

7. To the extent the burden or expense of the discovery request outweighs its likely benefit, Plaintiff objects.

8. To the extent that these discovery requests are vague, ambiguous, incomprehensible, or require Plaintiff to engage in conjecture as to their meaning, Plaintiff objects.

9. To the extent that these discovery requests seek information from a time period that is overly broad, Plaintiff objects.

10. To the extent that these discovery requests seek information regarding drugs other than Vioxx, those requests are overly broad, unduly burdensome and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence, and Plaintiff objects.

11. To the extent that these discovery requests call for information that is unreasonably cumulative or duplicative; outside of **Plaintiff'** possession, custody or control; already in the possession of Defendant; or obtainable from some other source that is more convenient, less burdensome or less expensive, Plaintiff objects.

12. To the extent that these discovery requests seek information that contains proprietary or confidential business information, Plaintiff objects.

13. Plaintiff reserves until the time of the trial all objections as to the relevance or admissibility of any information provided in response to these discovery requests. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's discovery requests is accurate or complete.

14. To the extent that these discovery requests purport to require Plaintiff to disclose or produce documents concerning any expert or other person or entity retained by counsel to assist in the preparation of their cases: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff' preparation of their cases and is not required by the applicable rules of Court, Plaintiff objects.

15. To the extent that these discovery requests purport to require Plaintiff to disclose or produce information generated in the course of the pursuit of this action, Plaintiff objects.

16. To the extent that these discovery requests purport to require Plaintiff to search beyond files where responsive information reasonably can be expected to be found, Plaintiff objects.

17. To the extent that these discovery requests purport to require Plaintiff to create, compile or summarize information in a form that does not currently exist, Plaintiff objects.

18. Because of the overly broad nature of these discovery requests, it is not possible for Plaintiff to anticipate all possible grounds for objection with respect thereto. Plaintiff reserves

4

the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

19. All discovery responses incorporate these General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

## GENERAL OBJECTIONS TO DEFINITIONS

1. Plaintiff objects generally to the Definitions to the discovery requests to the extent they are overly broad, and would encompass information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and/or attempt to impose obligations on Plaintiff other than those authorized by the applicable rules of Court and/or any applicable Court Order.

2. **Plaintiff objects to the definition in Paragraph 2 of the term "Beneficiary" on the** grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff responds to the Interrogatories based upon the understanding that the term "**Beneficiaries" conforms to the** applicable statutory, regulatory or other.

3. Plaintiff objects to **the definition in Paragraph 5 of the term "Document." Said** definition is overly broad and creates potential ambiguities, vagueness and confusion. Plaintiff will attempt to answer these discovery requests based upon the language in which the discovery requests are commonly understood. Plaintiff further objects **to the term "Document" as it seeks** to impose obligations on Plaintiff beyond those required by the applicable rules of Court and literal compliance with the definition would cause Plaintiff to incur significant and undue burdens. Further, to the extent that definition seeks to impose an obligation on Plaintiff to

5

respond in a manner which would be subject to any privilege, Plaintiff objects and will not disclose any such privileged information.

4. Plaintiff objects to the definition in Paragraph 6 of the term "Drug Utilization Review Board" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff responds to the Interrogatories based upon the understanding that the term "Drug Utilization Review Board" conforms to the applicable statutory, regulatory or other definitions.

5. Plaintiff objects to the definition in Paragraph 8 of the term "Formulary" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff responds to the Interrogatories based upon the understanding that the term "Formulary" conforms to the applicable statutory, regulatory or other definitions.

6. Plaintiff objects to the definition in Paragraph 9 of the term "Government Health Program" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to the definition in Paragraph 11 of the term "Identify." The definition is expanded beyond the reasonable meaning of the term and creates potential ambiguities, vagueness, confusion, and undue burden. Additionally, each sub-paragraph creates a

sub-set of additional questions, which would cause the number of discovery requests to far exceed those allowed by the applicable rules of Court. Plaintiff will answer the discovery requests by interpreting the language contained therein as the language is commonly used.

    8.    Plaintiff objects to the definition in Paragraph 16 of the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" on the grounds that they are vague and ambiguous, overbroad, unduly burdensome, and encompass information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff responds to the Interrogatories based upon the understanding that the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" conform to the applicable statutory, regulatory or other definitions.

    9.    Plaintiff objects to the definition in Paragraph 17 of the term "Pharmacy Benefit Manager" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff responds to the Interrogatories based upon the understanding that the term "Pharmacy Benefit Manager" conforms to the applicable statutory, regulatory or other definitions.

    10.    Plaintiff objects to the definition in Paragraph 19 of the term "Relevant Drugs" on the grounds that the drugs listed are not relevant to the proceedings before the Court, and the disclosure of information regarding those drugs will not lead to the discovery of admissible evidence and will only cause Plaintiff to incur significant and undue burden and expense without any corresponding benefit.

11. Plaintiff objects to the definition in Paragraph 21 of the terms "You" or "Your" on the grounds that said definition is grossly overbroad and purports to include the entire governmental entities, along with the attorneys or law firms representing any governmental entity, and is not limited to the governmental entities or their representatives on whose behalf recovery is sought in these proceedings.

12. Plaintiff objects to the definitions to the extent they require disclosure of personal information of program beneficiaries, which disclosure would violate the privacy rights and expectations of those beneficiaries and potentially subject Plaintiff to liability for such disclosure. Plaintiff therefore will not disclose any of the personal information regarding program beneficiaries which might be required by the language of the definitions.

## GENERAL OBJECTIONS TO INSTRUCTIONS

1. Plaintiff objects to the Instructions to the extent they utilize definitions which have been objected to by Plaintiff and to the extent they seek to impose obligations on Plaintiff which are inconsistent with or in excess of those imposed by the applicable rules of Court. Plaintiff further objects to the extent the Instructions purport to instruct Plaintiff on how to answer questions, and object to the Instruction regarding supplementation, which Instruction is at variance with the obligations imposed by the applicable rules of Court. Plaintiff will respond in the manner required by the applicable rules of Court, orders of the Court and agreement of the parties, as appropriate.

2. Plaintiff objects to the time period which the discovery purportedly encompasses as that time period is overbroad and unduly burdensome and seeks production of information that cannot lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

**Interrogatories Relating to the Administration of the Government Health Program**

8

**Interrogatory Number 1:** Do You maintain any databases or other electronically stored information containing Documents Relating to prescriptions for Vioxx and Relevant Drugs that were written and/or filled for Beneficiaries by Healthcare Professionals and other medical treatment provided to Beneficiaries? If your response is anything other than an unequivocal "No," Identify all fields in Your databases or other electronically stored information from January 1, 1998 to the present.

**Response:** Plaintiff objects to this interrogatory to the extent that it is overbroad and calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.

**Interrogatory Number 2:** If Your response to Interrogatory Number 1 is anything other than an unequivocal "No," Identify the Person(s) most knowledgeable about maintaining, updating, repairing, or otherwise servicing the databases or other electronically stored information You described in the response, whether that/those Person(s) be a present or former employee of Yours, a consultant, or a third party with whom You have contracted to provide services to You.

**Response:** Plaintiff hereby incorporates by reference and restates its objections to Interrogatory Number 1 as if they were fully set forth herein.

**Interrogatory Number 3:** Identify all Persons responsible for deciding whether to place Vioxx and Relevant Drugs on the Formulary from January 1, 1998 to the present.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.

**Interrogatory Number 4:** Identify all Relevant Drugs Including Vioxx that have been placed on the Formulary from January 1, 1998 to the present, and Identify the dates that each such drug was on the Formulary.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.

**Interrogatory Number 5:** Identify whether Vioxx and any of the Relevant Drugs were placed by You on any lists of preferred drugs, preferences or other tiers, or were subject to prior authorization, co-pay, step therapy, or other requirements, or were exempted from any such lists or requirements, and Identify the dates that each such drug was subject to such preferences and requirements.

**Response:**  Plaintiff objects to this interrogatory on the ground that the term "other requirements" is vague and undefined.  Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.

**Interrogatory Number 6:** Have You implemented any methods for restricting or limiting Coverage of prescription drugs for Beneficiaries between January 1, 1998 and the present, Including prior authorization requirements, lists of preferred drugs, sub-categories of lists of preferred drugs, tiers or other preferences, exclusions, step therapy requirements, or co-payments that are applicable to Relevant Drugs? If Your response is anything other than an unequivocal "No," Identify all such methods and Identify the dates during which time those requirements were or have been in place.

**Response:**  Plaintiff objects to this interrogatory on the ground that the term "methods for restricting or limiting Coverage" is vague and undefined.  Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.

**Interrogatory Number 7:** Identify any and all drugs for which You have restricted or limited Coverage for Beneficiaries because they were required by the Food and Drug Administration to carry a black box warning from January 1, 1998 to the present.