inaccuracies that would violate GMAC Mortgage's duty to consumers to accurately account for payments received by consumers and payments owed by consumers.

35. GMAC Mortgage and Ally learned of the 2009 Deposition soon after that deposition, but took no corrective action.

36. During the 2010 Deposition, Stephan testified: (a) he signed the affidavits outside of the presence of a notary (p. 56, ls. 10-18); (b) when he signed a summary judgment affidavit he did "not inspect any exhibits attached to it" (p. 54, ls. 12-25); (c) he did not read every paragraph of the summary judgment affidavits he signed (p. 60, ls. 24-25 and p. 62, ls. 1-3); and (d) the process he followed "in signing summary judgment affidavits is in accordance with the policies and procedures required of you by GMAC Mortgage." (p. 64, ls. 8-14).

37. GMAC Mortgage and Ally learned of the 2010 Deposition in June, 2010.

**Sanctions in Maine in 2010**

38. The Defendant in the Maine Mortgage Foreclosure moved for sanctions for a false affidavit signed by Stephan and relied upon by the court in granting summary judgment for plaintiff. The Maine court held oral argument on the motion on September 1, 2010.

39. On September 24, the Maine court vacated the grant of summary judgment and also addressed the motion for a protective order that had been filed that would have prohibited the dissemination of the deposition of Stephan taken in the case. The Maine court said that "Plaintiff points to the embarrassment GMAC and its employees have suffered, and will continue to suffer, from the posting of excerpts from Stephan's deposition transcript on an Internet blog." (p. 3 of **Exhibit E**) The Maine court denied the motion for protective order, noting "Stephan's deposition was taken to advance a legitimate purpose…"

11

40. The Maine court then granted the motion for sanctions filed by the borrower, awarding to the borrower the borrower's attorneys fees: "Rather than being an isolated or inadvertent instance of misconduct, the Court finds that GMAC has persisted in its unlawful document signing practices long after and even in the face of the Florida Court's order, and that such conduct constitutes 'bad faith' under Rule 56(g). These documents are submitted to a court with the intent that the court find a homeowner liable to the plaintiff for thousands of dollars and subject to foreclosure on the debtor's residence. Filing such a document without significant regard for its accuracy, which the court in ordinary circumstances may never be able to investigate or otherwise verify, is a serious and troubling matter." (p. 5 of **Exhibit E**).

41. Since the oral argument in the Maine mortgage foreclosure case was held on September 1, 2010, GMAC Mortgage knew after September 1 that sanctions were imminent.

42. On September 17, 2010, Ally sent a memo to "GMAC Preferred Agents" directing these agents that GMAC Mortgage "may need to take corrective action in connection with some foreclosures" in 23 states, including Ohio. In addition, for these states, including Ohio, it directed the agents: (a) "Evictions: Do not proceed with evictions, cash for keys transactions, or lockouts. All files should be placed on hold, regardless of occupant type. (b) REO Closings: Do not proceed with REO sale closings."

43. In spite of his admissions in his depositions, Jeffrey Stephan is still employed by GMAC Mortgage, reflecting the fact that his actions were in accordance with GMAC Mortgage policy.

44. In light of the actions of Ally, GMAC and Stephan, the Attorney General of Ohio has reasonable cause to believe that GMAC employees in addition to Stephan have signed false affidavits, assignments of notes and other documents in connection with Ohio foreclosure cases.

45. On September 27, 2010 the Ohio Attorney General sent a letter to the General Counsel of Ally expressing concerns over GMAC Mortgage's actions and requested that Ally/GMAC Mortgage describe the steps being taken to remedy the problems identified, the steps to alert Ohio courts of the problems, including cases that had already proceeded to a foreclosure judgment, and the actions to ensure that the problems related to its foreclosure affidavits not re-occur in the future. On September 30, Plaintiff requested that Ally/GMAC agree not to proceed towards a judgment, sale, eviction, or transfer of any property in Ohio until there was agreement that proper remedial action had been taken.

46. GMAC Mortgage and Ally claim that they will review the affidavits signed by Stephan and other GMAC Mortgage employees since July of 2009, but not affidavits signed before July of 2009. They have not yet reviewed the majority of the affidavits signed by Stephan or other GMAC Mortgage employees. Ally/GMAC Mortgage said they would review all the affidavits by the end of October of 2010, but did not indicate they would review any Assignments executed by Stephan, even though they were improperly prepared and executed.

47. Ally/GMAC Mortgage said they would substitute new affidavits for improper affidavits, without any assurance of which affidavits they would consider improper and while still asserting they would rely on their outsourced system for the calculation of amounts allegedly due. Ally/GMAC Mortgage has not explained how it planned to

13

determine from its review of outsourced computer records who the holder of the note and mortgage was in any particular case, which of necessity must involve a review of the actual note, mortgage and any assignments or endorsements.

48. Ally and GMAC Mortgage have refused to halt pursuing mortgage foreclosures while its "review" is proceeding, even though that will mean more cases will proceed to a foreclosure judgment based on improper affidavits and assignments of notes and more Ohio citizens will suffer.

## FIRST CAUSE OF ACTION

### Violations of the Ohio Consumer Sales Practices Act

49. Plaintiff State incorporates by reference as if completely rewritten herein, the allegations set forth in paragraphs 1-48 of this Complaint.

50. Defendant GMAC Mortgage has engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of Ohio Revised Code §§1345.02, 1345.03 and/or 1345.031 by authorizing and directing the filing of affidavits, assignments and other documents that were false and by proceeding to foreclosure judgments in spite of the false affidavits, assignments and other documents.

51. Defendant Ally has engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of Ohio Revised Code §§1345.02, 1345.03 and/or 1345.031 by directing GMAC Mortgage in its mortgage foreclosure activities, by benefiting financially from the filing of false affidavits, the filing of incorrect assignments and other documents, and by proceeding to foreclosure judgments in spite of the affidavits, assignments and other documents that were false

14

52. Defendant Stephan has engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of Ohio Revised Code §§1345.02, 1345.03 and/or 1345.031 by executing and causing the filing in Ohio courts of affidavits, assignments and other documents that were false.

53. Such acts and practices have been previously determined by a court in Ohio to violate the Consumer Sales Practices Act, R.C. 1345.01 et seq. Defendants committed said violation after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

## SECOND CAUSE OF ACTION

### Common Law Fraud

54. Plaintiff incorporates by reference as if completely rewritten herein, the allegations set forth in paragraphs 1-48 of this Complaint.

55. Stephan signed affidavits and other documents in Ohio foreclosure cases (a) which contained representations, (b) which were material to the foreclosure proceedings, (c) some of which were made with knowledge of their falsity and others which were made with utter disregard for whether they were true or false, (d) which were made with the intent of misleading the courts and opposing parties into relying upon them, and (e) on which the courts and the opposing parties justifiably relied.

56. Through its agent Stephan and perhaps others, GMAC (a) made representations in Ohio foreclosure cases (b) which were material to the foreclosure proceedings, (c) which were made with knowledge of their falsity or with utter disregard for whether they were true or false, (d) which were made with the intent of misleading the courts and opposing

15

parties into relying upon them, and (e) on which the courts and the opposing parties justifiably relied.

57. Ally directed GMAC Mortgage in its mortgage foreclosure activities in Ohio, benefiting financially from the filing of false affidavits, assignments and other documents. These were (a) representations made at the direction of Ally (b) which were material to the foreclosure proceedings, (c) which were made with knowledge of their falsity or with utter disregard for whether they were true or false, (d) which were made with the intent of misleading the courts and opposing parties into relying upon them, and (e) on which the courts and the opposing parties justifiably relied.

58. The representations of Defendants proximately resulted in injury to our judicial system, the specific foreclosure proceedings in which affidavits signed by Stephan were filed, and the borrowers in those cases, Ohio consumers. The system of justice in Ohio and Ohio borrowers have suffered and are suffering irreparable injury by the actions of Defendants, and there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. ISSUE a preliminary and permanent injunction enjoining GMAC Mortgage and Ally (doing business under any name, their agents, partners, servants, representatives, salespersons, employees, successors and assigns and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership or association):

    1. From proceeding to foreclose in any pending Ohio foreclosure case or permit the sale of the related property unless and until Defendants file a

16

certification with this Court and with Plaintiff that Defendants have complied with paragraphs A2 and A3;

2. To file motions to withdraw any motion for summary judgment or motion for default judgment in any pending Ohio foreclosure case that has an affidavit or assignment signed by Stephan and to provide at the time of filing copies of such motions to Plaintiff;

3. To file motions to stay the sale of any property and vacate any foreclosure judgment obtained in any Ohio case in which the property has not yet been sold and in which Stephan signed any affidavit or assignment and to provide at the time of filing copies of such motions to; and

4. From submitting any affidavit in the future in any mortgage foreclosure case that does not comply with Rule 56(E) of the Ohio Rules of Civil Procedure;

B. Issue a permanent injunction enjoining GMAC Mortgage and Ally (doing business under any name, their agents, partners, servants, representatives, salespersons, employees, successors and assigns and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership or association) to institute and follow written procedures – first submitted to Plaintiff and then approved by this Court – so that in the future:

1. No representative of Defendants will sign an affidavit saying he/she has personal knowledge of the facts alleged in an affidavit if he/she does not have personal knowledge of the facts; and

2. To the extent an affiant states he is relying in part on business records (including computer records) rather than personal knowledge of the facts in the business records, there will be a written record establishing the reliability of those records that complies with Rule 56(E) of the Ohio Rules of Civil Procedure.

C. Pursuant to R.C. §1345.07(B) (1) appoint a referee to be paid by Defendants, (2) Order Defendants to file reports with the referee and Plaintiff every three months for two years that show the actions Defendants have taken to comply with the Orders of the Court in this case, and (3) directing the referee to respond to this Court on whether Defendants have complied with the Orders of this Court;

D. ENJOINING Defendants (doing business under any name, their agents, partners, servants, representatives, salespersons, employees, successors and assigns and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership or association) from executing any assignment that purports to assign a note on behalf of MERS;

E. DECLARE that the following acts, each time they occurred, violated the Consumer Sales Practices Act, R.C. 1345.02 and 1345.031: (1) each affidavit that claimed the affiant had personal knowledge when the affiant did not have personal knowledge and (2) each assignment that purported to assign a note on behalf of MERS;

F. ORDER Defendants to pay actual and non-economic damages to all consumers injured by the conduct of the Defendants, including any consumers who were foreclosed upon in an Ohio case in which there was a Stephan affidavit that was not withdrawn pursuant to paragraph A above;

18

G. ASSESS, FINE and IMPOSE upon Defendants a civil penalty of Twenty-Five Thousand Dollars ($25,000.00) for each separate and appropriate violation described herein pursuant to R.C. 1345.07(D);

H. AWARD Plaintiff punitive damages in an amount to be determined by the Court;

I. ORDER Defendants jointly and severally liable for all monetary amounts awarded herein;

J. ORDER Defendants to pay the Plaintiff its attorney fees, court costs incurred in the prosecution of this action, other litigation expenses including the expenses associated with retaining experts, and any other relief the Court deems appropriate; and

K. GRANT such other relief as the court deems to be just, equitable and appropriate;

Respectfully submitted

**RICHARD CORDRAY**
**Ohio Attorney General**

*Susan A. Choe /mes*
Susan A. Choe (0067032)
Jeffrey R. Loeser (0082144)
Assistant Attorneys General
Consumer Protection Section
30 East Broad Street, 14th Floor
Columbus, OH 443215
614.466.1305 [Telephone]
614.728.9470 [Facsimile]

*Douglas L. Rogers /mes*
Douglas L. Rogers (0008125)
Special Counsel to the Attorney General of Ohio
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614.466.1305
614.466.8898 (fax)
Douglas.Rogers@ohioattorneygeneral.gov

Counsel for Plaintiff

19

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff State of Ohio ex rel. Ohio Attorney General Richard Cordray demands a trial by jury in this action.

Respectfully submitted,

**RICHARD CORDRAY**
**ATTORNEY GENERAL**

*Susan A. Choe /mes*
Susan A. Choe (0067032)
Jeffrey R. Loeser (0082144)
Assistant Attorneys General
Consumer Protection Section
30 East Broad Street, 14th Floor
Columbus, OH 443215
614.466.1305 [Telephone]
614.728.9470 [Facsimile]

*Douglas L. Rogers /mes*
Douglas L. Rogers (0008129)
Special Counsel to the Attorney General of Ohio
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614.466.1305
614.466.8898 (fax)
Douglas.Rogers@ohioattorneygeneral.gov

Counsel for Plaintiff