### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: VIOXX PRODUCTS** | MDL No. 1657 |
| **LIABILITY  LITIGATION** | Section:  L |
| **This Document Applies to:** | |
| *Poole v. Eichholz Law Firm P.C. et al.* | Judge Fallon |
| S.D. Ga., 4:11-cv-00136-BAE-GRS | Mag. Judge Knowles |

### BRIEF IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE BASED ON *FORUM NON CONVENIENS*, AND TO STAY DISCOVERY

Pursuant to Rule 10.3(a) of the Rules of Procedure of the U.S. Panel on Multidistrict Litigation, 28 U.S.C. 1407, and 28 U.S.C. 1404(a), and without waiving any available defenses, including those related to subject matter jurisdiction, Defendant Pacific Legal Funding, LLC (herein "Pacific") files this Brief in Support of Motion for Suggestion of Remand or, In the Alternative, to Transfer Venue Based on *Forum Non Conveniens,* and to Stay Discovery pending a ruling on the instant motion. As will be set forth below, the instant matter---between residents of Georgia, based on contracts entered into in Georgia, involving Georgia witnesses, Georgia tort law, a Georgia attorney-client relationship, and Georgia usury law---has no connection to either this MDL, personal injuries sustained as a result of ingestion of Vioxx, or the Eastern District of Louisiana, and will not benefit from this coordinated proceeding.  As such, Defendant Pacific Legal Funding asks this Court for a suggestion of remand, or in the alternative an order transferring this matter to the Southern District of Georgia, Savannah Division, for further pre-trial proceedings.

## **FACTUAL BACKGROUND**

On June 6, 2011, Plaintiff Verie Poole (hereinafter "Plaintiff") filed suit in the Southern District of Georgia, Savannah Division, against the Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC based upon claims she was somehow fraudulently induced into obtaining an advance on her Vioxx case.[1] Plaintiff was represented by Eichholz Law Firm, P.C. in connection with her Vioxx personal injury claim. Plaintiff's Complaint alleges that during the pendency of her Vioxx claim, Eichholz Law affirmatively contacted its Vioxx clients and informed them of the ability to obtain a "loan" from Pacific Legal Funding. (Plaintiff's Complaint, ¶ 30)(Plaintiff's Complaint attached hereto as Exhibit 1).[2] While Plaintiff never alleges when these communications occurred, Plaintiff does claim that, when they did occur, Eichholz Law knew that payment of settlement funds was a "certainty" that would occur "in the near future"  and that shortly after the "loans" were provided, Plaintiff's Vioxx settlement funds were received by Eichholz Law (Complaint, ¶¶ 31, 37). Plaintiff seeks class action status on behalf of those individuals (a) who retained Eichholz Law to pursue claims for injuries or death arising from the use of the drug Vioxx, (b) received a settlement as a result of such claims, and (c) who obtained a loan or advance from Pacific Legal Funding.  (Complaint, ¶ 6).[3]

---

[1] On June 16, 2011, Plaintiff filed a Notice of Potential Tag Along with the J.P.M.L, but did not serve that notice on either Defendant, both of which were unrepresented at that time. While Defendants timely answered this lawsuit, they did not have the opportunity to object to the J.P.M.L Conditional Transfer Order, which was entered on June 29, 2011.

[2] Defendants dispute the allegations of Ms. Poole's Complaint, including allegations related to purported "misrepresentations" with respect to advances on her Vioxx case Plaintiff voluntarily sought and received.

[3] Based on an initial investigation, it appears there are 28 Eichholz Law Vioxx clients who also obtained advances on their Vioxx personal injury claims.

The Plaintiff claims that questions of fact common to the class are whether or not the Defendants "fraudulently informed members of the putative class about the pendency of their Vioxx settlement funds" and whether Defendants improperly coerced putative class members into obtaining advances. (Complaint, ¶ 9). The Plaintiff never alleges what specific representations were made to her, when they were made, or how any of the alleged misrepresentations coerced her into obtaining an advance on her Vioxx claim. She brings claims for Fraud (Count I), Breach of Fiduciary Duty (Count II), Usury (Count III), and "RICO Violation (18 U.S.C. § 1961 et seq.)" (Count IV).[4]

According to the Plaintiff's Complaint, Pacific Legal was "primarily operated out of the offices of Eichholz Law and utilized employees of Eichholz Law." (Plaintiff's Complaint, ¶ 22). Plaintiff further alleges that "At all times relevant to this Complaint, Pacific Legal was owned and operated by members of the Eichholz family." (Id., ¶ 24)

Ms. Poole lives in Georgia. (Declaration of David Eichholz, ¶ 4)(Attached hereto as Exhibit 2). The Eichholz Law Firm has one office---in Savannah, Georgia. (Id., ¶ 3). A majority of its clients live in Georgia. (Id.). The attorney-fee contract Ms. Poole executed with Eichholz Law was entered into in Georgia, and the agreement she signed with Pacific Legal Funding mandates that Georgia law applies to this dispute. (Id., ¶¶ 6, 16). Witnesses who will be called to testify in this matter, including Benjamin Eichholz (Ms. Poole's Vioxx lawyer), David Eichholz (current owner of Eichholz Law Firm, P.C), Daniel Eichholz (former owner of Pacific Legal Funding) and Jacqueline German (former Eichholz Law employee) all live in Savannah,

---

[4] The parties in this case are not diverse. Plaintiff included federal RICO claims to create federal question jurisdiction where no federal question exists, in a tenuous and improper effort manufacture subject matter jurisdiction. Defendant intends to file a Motion to Dismiss with respect to the jurisdictional issues and other deficiencies in the Plaintiff's Complaint.

Georgia. (Id., ¶ 12, 15). Plaintiff's expert in a similar class action filed in the State Court of Chatham County is an attorney in Savannah. (Id., ¶ 11)(See also *Ballard* Complaint, attached to Declaration of David Eichholz as Exhibit 1).[5] There are no witnesses with information related to this lawsuit in Louisiana, and none of the facts giving rise to Ms. Poole's claims or the claims of the putative class occurred in Louisiana. (Id., ¶¶ 7, 14).

This matter should be remanded to the Southern District of Georgia, Savannah Division where it was originally filed.  Ms. Poole's Complaint has nothing to do with alleged increased health risks of Vioxx, the fee she was charged, settlement administration, or the other types of disputes over which this Court has retained jurisdiction. None of Ms. Poole's claims have anything to do with Merck. There are no allegations in the Complaint regarding the terms of the settlement agreement or the administration of the settlement to Ms. Poole or Eichholz Law Vioxx clients.

The only discovery which could possibly be conducted in this case is case specific – discovery related to Pacific Legal, Ms. Poole, the other putative class members, the alleged misrepresentations made by the Eichholz Law Firm, Defendant' affirmative defenses, causation and damages (if any).  This case will not benefit from coordinated proceedings and, in fact, litigating this case in the Eastern District of Louisiana will cost the parties substantially more than litigating it in the Southern District of Georgia. In the interests of efficiency for all parties, as well as the judiciary, this case should be remanded or transferred to the Southern District of Georgia, Savannah Division.

---

[5] Defendant notes that prosecution of the instant action and the *Ballard* action presents questions regarding the effect of the prior pending state court action and decisions therein, in light of the federal Anti-Injunction Act, 28 U.S.C.S. § 2283, the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462) and other applicable law. Defendant reserves the right to move to dismiss based on the Anti-Injunction Act and the Rooker-Feldman doctrine.

## ARGUMENT AND CITATION OF AUTHORITY

I.   **This Case Will Not Benefit from Coordinated Proceedings, and Good Cause Exists for Remand.[6]**

When, as here, pre-trial proceedings in the MDL have not been concluded, the question of whether remand is nevertheless appropriate is left to the discretion of the Panel. See, e.g., In re Patenaude, 210 F.3d 135, 145 (3d Cir.2000). The exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. See e.g. In re Air Crash Disaster, 461 F.Supp. 671, 672-73 (J.P.M.L. 1978). The Panel has discretion to remand, for example, when everything that remains to be done is case-specific. Patenaude, 210 F.3d at 145.

In exercising this discretion, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation, Fourth § 20.133 at 225. As 28 U.S.C. § 1407(a) sets forth, the purpose of pretrial consolidation or coordination is "for the convenience of the parties and witnesses and [to] promote the just and

---

[6] Pursuant to Rule 10.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on

    (i)      motion of any party,
    (ii)     suggestion of the transferee district court, or
    (iii)    the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel-pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." JPML Rule 10.1(c). The plain language of Section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." In re Brand-Name Prescription Drugs Antitrust Litig., 264 F.Supp.2d 1372, 1375 (Jud.Pan.Mult.Lit.2003) (citing In re Patenaude, 210 F.3d 135, 145 (3d Cir.2000)).

efficient conduct of such actions," so "the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." United States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F.Supp.2d 25, 38 (D.D.C.2007) (citation omitted). Generally, in cases where remand has been deemed appropriate, "there was no efficiency gain to be had by keeping the case before the transferee court." United States ex rel. Hockett v. Columbia/ HCA Healthcare Corp., 498 F.Supp.2d at 38 (citing In re Baseball Bat Antitrust Litig., 112 F.Supp.2d 1175 (Jud.Pan.Mult.Lit.2000)).

### A.    There are No Common Questions of Fact.

This MDL was created by the Judicial Panel on Multidistrict Litigation  for centralization of claims arising out of "[A]lleged increased health risks (including heart attack and/or stroke) when taking Vioxx....and whether Merck knew off these increased risks and failed to disclose them to the medical community and consumers." (February 16, 2005 J.P.M.L Transfer Order at 2). There are no common questions of fact between the MDL litigation and the *Poole* matter. Plaintiff's Complaint sets forth allegations of fraud and usury in connection with an advance on a personal injury case. Plaintiff Complaint contains allegations related to how Pacific Legal was initially financed (Complaint, ¶ 21) and turns on alleged representations made by Eichholz Law to its clients. (Complaint, ¶¶ 28-30). No other case in this MDL involves factual allegations even remotely similar to those found in the *Poole* Complaint. No other cases in the MDL concern violations of Georgia's usury law or fraud. The facts at issue in the *Poole* case pertain to the dealings between Ms. Poole, her lawyer, and Pacific Legal Funding, arising out of alleged fraudulent acts purportedly committed in Georgia. There are no common questions of fact between this case and MDL 1657.

6

In contrast to the simple allegations in Ms. Poole's complaint, the cases against Merck in this MDL set forth distinct, different, and complex claims related to personal injuries sustained as a result of the ingestion of Vioxx or purchase cases which set forth consumer claims against Merck. Plaintiff's case, on the other hand, is unique and decidedly different from every other case in this coordinated MDL proceeding.

Even in actions which "involve some common questions of fact," if the common questions of fact do not "predominate over individual questions of fact present in each action" transfer to MDL is not appropriate. In re Asbestos School Prods. Liab. Litig., 606 F. Supp 713, 714 (J.P.M.L. 1985). The individual relevant issues of fact presented in this Georgia action for alleged breach of fiduciary duty by a lawyer, fraud, and usury (as to Pacific Legal) predominate over any arguable common questions of fact with other actions consolidated before this MDL. As a result, this matter should be remanded to the Southern District of Georgia.

### B.        Allowing to Case to Proceed in the MDL is Neither Just Nor Efficient.

Allowing this case to proceed in this MDL would cause the two Defendants and the Plaintiff to spend unnecessary time and expense participating in MDL proceedings with no relevance to the limited legal and factual issues raised by the instant matter under Georgia law. See In re Scotch Whiskey, 299 F. Supp. 543 (J.P.M.L. 1969)("[W]here, as here there are a minimal number of cases involved in the litigation, the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying common discovery so time consuming as to overcome the inconvenience to the party who action is being transferred and its witnesses.").

None of the facts giving rise to Ms. Poole's claims occurred in Louisiana. (Decl. of David Eichholz, ¶ 7). The witnesses likely to be called in this case live in Savannah. (Id.at ¶¶ 11-12). A

class action, filed by the same Plaintiff's lawyer, presenting the same claims, and involving the same putative class members, is already pending in state court in Savannah. (Id. at ¶ 10). The attorney-fee contract between Ms. Poole and her lawyer was executed in Georgia. (Id. at ¶ 2). The agreement between Ms. Poole and Pacific Legal Funding mandates that Georgia law apply to this dispute. (Id. at ¶ 16). These Georgia parties and witnesses should not be put through the cost and inconvenience of traveling to other states to resolve a lawsuit arising solely out of Georgia law and turning on, first and foremost, the construction and application of Georgia law.

## II.     In the Alternative, Convenience and the Interest of Justice Justify Transfer Back to the Southern District of Georgia

The transferee Court is empowered to transfer an action to the District in which it was filed under the doctrine of *forum non conveniens*, 28 U.S.C. § 1404 (a). Greyhound Computer Corp. v. International Business Machines Corp., 342 F.Supp. 1143, 1145-1146 (D. M.I. 1972).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought, regardless of whether venue exists in the original forum. See 28 U.S.C. §§ 1404(a) If venue is proper in the original forum, the transfer may be made pursuant to Section 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Fifth Circuit in In re Volkswagen of America, Inc. set forth the standard that district courts in this circuit should apply in deciding a motion to transfer: "Section 1404( a) venue transfers may be granted ' upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal."

<u>Digital-Vending Services, Intern., L.L.C. v. University of Phoenix, Inc.,</u> 2009 WL 3161361 at *1 (E.D.Tex.2009), <u>citing</u> <u>In re Volkswagen</u>, 545 F. 3d 304, 314 (5th Cir. 2008).

The Fifth Circuit has adopted the private and public interest factors for the determination of whether a Section 1404(a) venue transfer is for the convenience of the parties and witnesses and is in the interest of justice. <u>Id.</u> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>In re Volkswagen AG</u>, 371 F.3d 201, 203 (5th Cir.2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

### A. Private Interest Factors.

#### 1. Relative Ease of Access to Sources of Proof.

The documents which the Plaintiff will likely seek in this matter are all located in Georgia. (Decl. David Eichholz, ¶ 6). The Eichholz Law Firm, P.C. is based in Savannah, Georgia, and it maintains its documents in Savannah. Ms. Poole is a Georgia resident, and presumably maintains documents relevant to this case at her home. The records and documents of the putative class members and the Defendants are all located where the parties are located – in Georgia. This factor favors transfer.

**2.      The Availability of Compulsory Process to Secure the
Attendance of Witnesses.**

Subpoena power is subject to Rule 45(c)(3)(A)(II), which protects nonparty witnesses
who work or reside more than 100 miles from the courthouse.  *See* <u>In re Volkswagen</u> 545 F.3rd
at 316.  All of the witnesses to this dispute are located in Georgia, and, upon information and
belief, most of them live in the Southern District of Georgia.  For example, Thomas Taggart,
who Plaintiff's counsel has identified in a similar class action filed in Georgia state court as a
purported expert witness, resides in Savannah, Georgia. (Decl. D. Eichholz, ¶ 12).  Jacqueline
German and Nicki Drisoll will be, upon information and belief, called by the Plaintiff to testify
about advances provided by Pacific Legal Funding.  They also reside in Savannah, Georgia,
outside of this Court's subpoena power. (<u>Id.</u>, ¶ 12).  Benjamin Eichholz, Ms. Poole's Vioxx
lawyer, also lives in Savannah (<u>Id.</u>, ¶ 15).  All of the events which give rise to the relationship
between the Plaintiff and the Defendants occurred in Georgia, primarily in the Southern District
of Georgia.  Thus, this factor weighs in favor of transfer.

**3.   Cost of Attendance of Willing Witnesses.**

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight
to this factor.  <u>See</u> <u>In re Volkswagen</u> 371 F.3rd at 204-5.  The Court, in <u>In re Volkswagen</u>
reasoned that "additional distance means additional travel time; additional travel time increases
the probability for meal and lodging expenses; and additional travel time with overnight stays
increases the time for which these fact witnesses must be away from their regular employment."
<u>Id.</u> There are no witnesses to this dispute in Louisiana. The cost for willing witnesses to travel
from Savannah, Georgia to New Orleans is substantial. To the extent witness testimony is heard

by this Court (including *Daubert* hearings) during the pre-trial phase of this case, this factor weighs in favor of transfer.

### B.     Public Factors

#### 1.     Administrative Difficulties Flowing from Court Congestion.

Federal court statistics available at wws.uscourts.gov (last visited August 5, 2011) conveyed that, for 2010, there were 32,005 total cases pending in the Eastern District of Louisiana, compared with 769 total cases pending in the Southern District of Georgia.  The median time from filing to disposition in the Eastern District of Louisiana is 10.5 months, whereas in the Southern District of Georgia the time to disposition is 8.1 months.  The Southern District of Georgia is not as congested as this Court, and is a more efficient forum for this dispute.

#### 2.     Local Interests

The citizens and residents of State of Georgia have the strongest interest in lawsuits against attorneys who practice within Georgia.  Louisiana has no connection to this dispute. This factor weighs in favor of transfer.

#### 3.     Familiarity with Forum Law that Will Govern the Case and the Avoidance of Unnecessary Problems of Conflict of Laws.

Substantive Georgia law concerning a lawyer's fiduciary duty to clients, usury, and Georgia common law fraud will apply to this case.  The Plaintiff, in connection with obtaining the advance on her case of which she now complains, executed an agreement which contains a choice of law provision providing that Georgia law shall apply to this matter.  (Decl. D. Eichholz, ¶ 16). Specifically, the agreement provides:

> 8.11   **Governing Law and Forum.** This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Georgia.

As such, from a convenience factor, this factor favors transfer.

### III.   This Court Should Enter a Stay of the Preliminary Requirements Under Rules 16 and 26, and a Stay of Discovery, Until the Court Rules on Defendant's Motion for Suggestion of Remand.

Defendant respectfully requests that the Court stay all discovery, including stay of the Initial Disclosure, Planning Conference, and Joint Preliminary Report requirements of L.R. 26, and Rules 16 and 26 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure give the Court wide latitude in determining appropriate discovery, including the discretion to stay proceedings, to postpone discovery, or to impose protective orders and conditions when the interest of justice so require. See Fed. R. Civ. P. 26 (authorizing the entry of a protective order in circumstances to protect parties from, among other things, "an undue burden or expense" relating to discovery). This Motion for Suggestion of Remand could lead to the transfer of this case to the Southern District of Georgia. It is unnecessary for the parties to incur tens of thousands of dollars of discovery expense before the venue issues presented herein have been addressed. This Court should enter a stay of the preliminary discovery requirements, and should stay discovery, pending the resolution of this Motion.

### CONCLUSION

For the foregoing reasons and authorities, this Court should suggest remand or, in the alternative, transfer this case to the Southern District of Georgia, Savannah Division, based on the doctrine of *forum non conveniens.*

Respectfully submitted this 9th day of August, 2011.

**FLYNN LAW FIRM, LLC**


/s/ Jonah A. Flynn _____ _
Jonah A. Flynn
Georgia Bar No. 266555
*Counsel for Defendant Pacific Legal Funding, LLC*

945 East Paces Ferry Road
Suite 2525
Atlanta, Georgia 30326
Phone: 404-835-9660
Fax: 404-835-6005
e-mail: jflynn@flynnfirm.com

## **CERTIFICATION OF SERVICE**

I hereby certify that the above and forgoing Brief in Support of Motion for Suggestion of Remand has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of August, 2011.

/s/ Jonah A. Flynn_____
Jonah A. Flynn