AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Southern District of Georgia

VERIE POOLE, individually and on behalf
of others similarly situated,

V.

**SUMMONS IN A CIVIL CASE**

EICHHOLZ LAW FIRM, P.C. and
PACIFIC LEGAL FUNDING, LLC.

CASE NUMBER: **C V 4 1 1 – 1 3 6**

TO: (Name and address of Defendant)

Pacific Legal Funding, LLC
c/o Registered Agent, Joseph Durham
1604 West Third Avenue
Albany, Georgia 31707

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark A. Tate, Esq.

TATE LAW GROUP, LLC.

2 East Bryan Street, Suite 600

Savannah, GA 31401

an answer to the complaint which is served on you with this summons, within _____ 21 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

Scott L. Poff

CLERK

(By) DEPUTY CLERK

DATE    6/6/11

GAS Rev 1/31/02

**EXHIBIT**

1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date                    _____
                                    *Signature of Server*

                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA   2011 JUN -6  AM 11: 29
SAVANNAH DIVISION

CLERK_____
SO. DIST. OF GA.

VERIE POOLE, individually and on )
behalf of others similarly situated, )
)
Plaintiff, )
) **C V 4 1 1 - 1 3 6**
v. ) Civil Action No. _____
)
EICHHOLZ LAW FIRM, P.C. and )
PACIFIC LEGAL FUNDING, LLC, )
)
Defendants. )

## CLASS ACTION COMPLAINT

**COMES NOW** Verie Poole, individually and on behalf of others similarly

situated, and, pursuant to Fed. R. Civ. P. 23, files this Class Action Complaint against

Defendants Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC, showing the

following:

### I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Verie Poole is an individual who was a claimant in litigation

resolved through MDL 1675, a multi-district proceeding consolidated in the United States

District Court for the Eastern District of Louisiana arising from injuries or deaths

resulting from the use of the drug Vioxx.

2.     Defendant Eichholz Law Firm, P.C. is a Georgia corporation and may be

served with process through its registered agent, David S. Eichholz, located at 530 Stephenson Avenue Suite 200, Savannah, Georgia 31405.

3.     Defendant Pacific Legal Funding, LLC is a Colorado company registered to conduct business in the state of Georgia and may be served with process through its registered agent, Joseph Durham, located at 1604 West Third Avenue, Albany, Georgia 31707.

4.     This case arises from fees paid by Plaintiff and the putative class to Defendants from recoveries they received as a result of Vioxx claims asserted in this Court.

5.     Jurisdiction and venue are proper in this Honorable Court.


## II.     CLASS DEFINITION AND CLASS ACTION ALLEGATIONS

6.     Plaintiff brings this action individually and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(b)(1)(B) and (b)(3). The class of those individuals whom the Plaintiff seeks to represent is defined as follows:

All clients of the Eichholz Law Firm, P.C.:

a)     who retained the law firm to pursue claims for injuries or death arising from the use of the drug Vioxx,

b)     who received a settlement as a result of such claims, and

c)     who obtained a loan or advance from Pacific Legal Funding, LLC.

7. The described class is anticipated to consist of scores, and possibly hundreds of individuals and is so numerous as to make it impractical to bring all such persons before the Court.

8. There are questions of law and fact common to the class. All of the putative class members took one or more loans from Pacific Legal Funding, LLC based upon written and oral misrepresentations from Eichholz Law Firm regarding the need for such loans and the affiliation of Eichholz Law Firm with Pacific Legal Funding, LLC. Upon information and belief, the same misrepresentations were made to all members of the putative class.

9. The questions of fact expected to be common to the class include: a) whether Defendants fraudulently informed members of the putative class about the pendency of their Vioxx settlement funds, b) whether Defendants improperly coerced or steered members of the putative class into taking out a loan with Pacific Legal Funding, LLC, c) whether Defendants intentionally and falsely misrepresented to members of the putative class that the Eichholz Law Firm and its owners had no ownership in Pacific Legal Funding, LLC and/or would derive no benefit from the loans made by Pacific Legal Funding, LLC, d) whether Defendants should be required to reimburse Plaintiffs and the members of the putative class for all amounts paid by them in connection with the loans they received from Pacific Legal Funding, LLC and e) whether Defendants' conduct warrants the imposition of punitive damages and attorneys' fees.

10.     Plaintiff Verie Poole was a Vioxx client of Eichholz Law Firm and took a loan from Pacific Legal Funding, LLC.  In addition to repaying the principal amount of this loan to Pacific Legal Funding, LLC, Plaintiff has also paid interest and other costs related to this transaction.  The claims of Plaintiff are typical of the claims of the putative class.

11.     The representative Plaintiff will fairly and adequately protect the interests of the class.  The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

12.     The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or would impede their ability to protect their interests.

13.     The questions of law or fact alleged in this Complaint predominate over any questions affecting only individual members.

14.     A class action is superior to all other methods for the fair and efficient adjudication of this controversy.

15.     Maintaining this case as a class action is superior to other available methods

for the fair efficient adjudication of this controversy in light of the fact that a) many of the individual claims of the class members will likely be relatively small, b) the relatively small size of many of the individual claims will likely deter the class members from seeking redress separately, c) many of the members of the class will have a relatively minor interest in controlling the prosecution of the case due to the relatively small size of their individual claims, d) there is no other litigation currently commenced involving the members of the proposed class, e) concentrating all of the claims of the proposed class members in this Court since it is familiar with the Vioxx litigation and has expressly retained jurisdiction to hear disputes such as the present one, and f) due to the uniform and consistent nature of Defendants' conduct and the relative ease by which class members can be identified and their calculated, there should be no particular difficulties with managing this case as a class action.

16.    The representative of the class has no claims contrary or antagonistic to the class.

17.    The representative of the class has engaged and retained counsel competent and experienced in class actions and complex litigation.

### III.    FACTUAL ALLEGATIONS

18.    Defendant Eichholz Law Firm, P.C. ("Eichholz Law") is a law firm located in Savannah, Georgia.

19.    At all times relevant to this Complaint, Eichholz Law employed Benjamin

S. Eichholz, Esq. as well as his two sons, David Eichholz, Esq. and Daniel Eichholz.

20.    In 2008, the Eichholzes caused to be created Defendant Pacific Legal

Funding, LLC ("Pacific Legal") for purposes of providing high-interest loans to clients of

Eichholz Law.

21.    David Eichholz obtained the funds necessary to create and operate Pacific

Legal by misrepresenting to the bank that he needed a personal line of credit.

22.    In fact, David Eichholz always intended to provide these funds to his

brother, who was uncreditworthy, to operate Pacific Legal.

23.    Upon information and belief, at all times relevant to this Complaint, Pacific

Legal primarily operated out of the offices of Eichholz Law and utilized employees of

Eichholz Law.

24.    At all times relevant to this Complaint, Pacific Legal was owned and

operated by members of the Eichholz family.

25.    Eichholz Law accumulated approximately four hundred (400) clients who

possessed claims related to injury or death from the use of the drug Vioxx.

26.    These claims were eventually consolidated with others in an MDL pending

in Louisiana federal court.[1]

27.    Eventually, settlements were reached with Eichholz Law as to the claims of

---

[1] In re Vioxx Marketing Sales Practices and Product Liability Litigation, E.D. La., MDL 1657.

its Vioxx clients.

28.   In connection with this settlement, Eichholz Law was made aware of the time frame in which Eichholz Law's Vioxx clients' settlement funds would be received.

29.   Eichholz Law intentionally did not inform its Vioxx clients of this anticipated time frame.

30.   Eichholz Law affirmatively contacted its Vioxx clients, including Plaintiff, and informed them of the ability to obtain a loan from Pacific Legal until their settlement funds arrived.

31.   At the time such communications occurred, Eichholz Law knew that payment of the settlement funds was a certainty that would occur in the near future.

32.   During these communications, Eichholz Law stated to Plaintiff and the putative class that it had no affiliation with Pacific Legal.

33.   Such statements were false.

34.   During these communications, Eichholz Law stated to Plaintiff and the putative class that it would receive no money or other benefits from any loans made by Pacific Legal.

35.   Such statements were false.

36.   In reliance upon the false statements made by Eichholz Law, Plaintiff and the putative class agreed to take loans from Pacific Legal.

37.   Shortly after these loans were provided, Plaintiff's and the putative class'

Vioxx settlement funds were received by Eichholz Law.

38.     Eichholz Law caused a portion of these funds to pay all principal, interest, and fees purportedly owed by Plaintiff and the putative class to Pacific Legal.

## IV.     CAUSES OF ACTION

### Count I - Fraud

39.     Eichholz Law intentionally concealed from Plaintiff and the putative class the fact that their Vioxx settlement proceeds would be received at or around future date.

40.     Eichholz Law contacted Plaintiff and the putative class and misrepresented to them that the receipt date or time frame of their Vioxx settlement proceeds was not known.

41.     Defendants falsely misrepresented to Plaintiff and the putative class that they were not affiliated and that Pacific Legal would not receive any benefit from any loans to Plaintiff and the putative class.

42.     Eichholz Law made these misrepresentations and omissions for the purpose of inducing Plaintiff and the putative class to obtain high interest loans from Pacific Legal.

43.     In reliance upon the misrepresentations and omissions from Eichholz Law, Plaintiff and the putative class did obtained high interest loans from Pacific Legal.

44.     As a result, Pacific Legal was able to receive a portion of the Vioxx

settlement funds which it would not have otherwise received.

45.     Had Plaintiff and the putative class been truthfully told that receipt of their Vioxx settlement funds was imminent and that Eichholz Law was affiliated with Pacific Legal and would benefit from loans made by Pacific Legal, they would not have refused any loans from Pacific Legal.

46.     As a result of Defendants' conduct, Plaintiff and putative class suffered harm.

## Count II - Breach of Fiduciary Duty

47.     At all times relevant to this Complaint, Eichholz Law served as the attorney for Plaintiff and putative class with respect to their Vioxx claims.

48.     As a result of this attorney-client relationship, a special relationship existed between Eichholz Law and Plaintiff and the putative class, with Eichholz Law owing Plaintiff and the putative class a fiduciary duty to protect their interests related to their Vioxx claims and recoveries.

49.     Eichholz Law breached this fiduciary duty by intentionally misrepresenting to Plaintiff and the putative class about the expected receipt of the Vioxx settlement funds and about the affiliation between Eichholz Law and Pacific Legal.

50.     Such misrepresentations were made by Eichholz Law for the purpose of benefitting Eichholz Law and Pacific Legal and putting the interests of those entities ahead of Plaintiff and the putative class.

51.   As a result of Eichholz Law's breach of fiduciary duty, Plaintiff and the putative class have been harmed.

### Count III - Usury

52.   The high interest rates charged by Pacific Legal on the loans to Plaintiff and the putative class were in violation of Georgia's usury and lending laws and regulations.

53.   As a result of Pacific Legal's usurious conduct, Plaintiff and the putative class have suffered harm.

### Count IV - RICO Violation (18 U.S.C. § 1961, et seq.)

54.   Defendants have violated federal RICO laws (18 U.S.C. § 1961, *et seq.*) by committing, conspiring to commit, or endeavoring to commit a pattern of racketeering activity.

55.   Plaintiff and the Class have been injured by reason of the conduct of Defendants described in this Complaint.  Plaintiff asserts this Count under 18 U.S.C. § 1964, and on behalf of herself and the Class, and seeks recovery of all rights and remedies provided by 18 U.S.C. § 1964.

### The Enterprise

56.   The enterprise against which Plaintiff asserts this Count is the association of Eichholz Law and Pacific Legal, who participate together in a scheme to force or persuade Vioxx clients of Eichholz Law to take high-interest, high fee loans and/or advances from Pacific Legal by making material misrepresentations about the clients'

Vioxx settlement funds, terms of the loans and/or advances, and the affiliation between the Defendants.

57.    Eichholz Law and Pacific Legal have a common interest in their enterprise: receiving directly or indirectly revenue and profit from these loans which were unnecessary and which posed no risk to Defendants.

58.    Defendants use interstate commerce to further their enterprise. Discussions between Defendants concerning these loans and borrowers occurred via mail, e-mail, telephone or facsimile. Documents related to these loans or advances were sent between Defendants or to the borrowers via United States mail. Upon information and belief, funding for these loans or advances, in whole or in part, were sent by check or other funds to Eichholz Law office via the United States mail or by electronic funds transfers or other similar methods. Some or all of the interest and fees from these loans were sent to Pacific Legal in Colorado via the United States mail or by electronic funds transfers or other similar methods.

59.    The ultimate purpose of the enterprise is to allow Pacific Legal to skim a portion of Plaintiff's and the putative class' settlement of their Vioxx claims. Due to the undisclosed affiliation between Eichholz Law and Pacific Legal, Eichholz Law received a portion of these skimmed funds.

### The Pattern of Racketeering Activity

60.    Defendants conduct their enterprise through an on-going, open-ended

pattern of racketeering activity. The predicate acts for this pattern are regular, systematic, and continuous uses by Defendants of the United States Postal Service, the wires, and email to transmit documents and funds which are significant components of the scheme by Defendants to defraud Plaintiff and the putative class, who are led to believe that their Vioxx settlements are still uncertain and who are not told about the close affiliation and profit-sharing arrangement between Defendants. That use of the mail and wires violates 18 U.S.C. § 1341, the federal mail and wire fraud statute.

61.     Each use by Eichholz Law of the mail to send loan-related documents to Pacific Legal in Colorado and each use of the mail, wires or email by Pacific Legal to send loan paperwork or funds to Eichholz Law violates 18 U.S.C. § 1341 because Defendants knowingly participate in the scheme to fraudulently provide loans to Plaintiff and the class, and use those mailings to further their interests in that scheme. Defendants have committed multiple acts of mail fraud, reasonably estimated to be in the hundreds, due to the number of borrowers, and the fact that each loan involved the transfer of numerous documents and funds. Plaintiff estimates that there have been approximately 200 victims of the scheme.

### Eichholz Law Participates in the Enterprise

62.     Eichholz Law conducts the affairs of the enterprise because it participates in the operation and management of the enterprise itself.

63.     As an initial matter, Eichholz Law, as a law firm, is able to funnel

borrowers to Pacific Legal, which is owned by the Eichholz family and which is operated Eichholz Law and other members of the Eichholz family.

64.     Additionally, Eichholz Law had an attorney-client relationship with Plaintiff and the putative class, as a result of which it owed a fiduciary duty to Plaintiff and the class to place their interests ahead of its own.  As a result of this special relationship, Plaintiff and the class placed a degree of trust in Eichholz Law that it would not take advantage of them to their detriment.

63.     Using this special relationship and the trust arising therefrom, Eichholz Law misrepresented to Plaintiff and the putative class that settlement of their Vioxx claims remained uncertain.  In reality, these Vioxx claims had been settled and Eichholz Law and Pacific Legal were aware of the date or time frame in which these funds would be received.

64.     Eichholz Law then systematically solicited its Vioxx clients and persuaded many of them to obtain a loan or advance through Pacific Legal, a company that Eichholz Law recommended.

65.     Eichholz Law purposely misrepresented the affiliation between Eichholz Law and Pacific Law and falsely stated that Eichholz Law would receive no benefit from any loans or advances from Pacific Legal.

66.     Without Eichholz Law fraudulently inducing them to take loans or advances from Pacific Legal, Plaintiff and the putative class would never have done so.

67.     Upon information and belief, the loan or advance paperwork is maintained by Eichholz Law, Eichholz Law employees solicited the loans to Plaintiff and the putative class on behalf of Pacific Legal, and Eichholz Law employees tracked and monitored the loans or advances from Pacific Legal to Plaintiff and the putative class.

68.     Upon receipt of the Vioxx settlement funds for Plaintiff and the putative class, Eichholz Law deducted the amount necessary to repay Pacific Legal for all principle, interest and fees associated with the loans or advances to Plaintiff and the putative class.

### Pacific Legal Participates in the Enterprise

68.     Pacific Legal also participates in the operation and management of the enterprise itself.

69.     Pacific Legal was initially created using a personal line of credit obtained by David Eichholz, a member of Eichholz Law, using false representations to the bank, in violation of 18 U.S.C. § 1344.

70.     Pacific Legal also concealed the true extent of its affiliation with Eichholz Law and its principals to Plaintiff and the putative class.

71.     Additionally, Pacific Legal was made aware of the certainty of the Vioxx settlement and knew at the time it provided funds to Plaintiffs that repayment was virtually guaranteed

72.     Furthermore, Pacific Legal knew that Plaintiff and the putative class could

not fail to repay the loans or advances, since Eichholz Law would make sure that all amounts allegedly owed would be deducted from the Vioxx settlement funds received by Eichholz Law.

73.     Pacific Legal then provided some or all of the funds for the loans or advances made to Plaintiff and the putative class.

74.     Upon receipt of the Vioxx settlement funds by Eichholz Law, Pacific Legal was repaid all amounts allegedly owed.

## Count V - Punitive Damages

75.     Defendants' conduct towards Plaintiff and the putative class evidences willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, thereby entitling Plaintiff and the class to recover punitive damages against Defendants pursuant to O.C.G.A. § 51-12-5.1.

## Count VI - Attorneys Fees and Expenses

76.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff and the putative class unnecessary trouble and expense, thereby by entitling Plaintiff and the class to recover attorneys fees and expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That summons and process issue and be served upon Defendants;

(b)     For a trial by a jury;

(c)     That this Court certify the Plaintiff class as to Plaintiff's claims pursuant to

Federal Rule of Civil Procedure 23;

(d)     That the Plaintiff class be awarded an appropriate sum to compensate them

for their damages as allowed by law;

(e)     That the Plaintiff class recover punitive damages in an amount sufficient to

punish and deter Defendants;

(f)     That the Plaintiff class recover attorney's fees and all costs of litigation; and

(g)     For such other and further relief as the Court deems just and proper.

This 6th day of June, 2011.

                                        TATE LAW GROUP, LLC


                                        Mark A. Tate
                                        Georgia Bar No.  698820
                                        C. Dorian Britt
                                        Georgia Bar No.  083259

2 East Bryan Street, Suite 600
Post Office Box 9060
Savannah, Georgia 31401

912.234.3030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2011 JUN -6  AM 11: 29

CLERK_____
SO. DIST. OF GA.

VERIE POOLE, Individually and on         )
behalf of others similarly situated,     )
                                         )
                   Plaintiff.            )
                                         )       Civil Action No.: **C V 4 1 1 – 1 3 6**
                                         )
v.                                       )
                                         )
EICHHOLZ LAW FIRM, P.C. and              )
PACIFIC LEGAL FUNDING, LLC               )
                   Defendant.            )

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION
### and
### CASE MANAGEMENT PROCEDURES

### (LITIGANTS' BILL OF RIGHTS)
### S.D. Ga LR 16.7

Litigants in ths Court may wish to utilize procedures that are available to assist the speedy and efficient resolution of civil cases.  This notice must be furnished by plaintiff's counsel to his client and served with the complaint upon all defendants.  Counsel for each party represented shall ensure that the notice is filled out, signed by the party, and returned to the Clerk's office (1) by counsel for the plaintiff withing 13 days of filing the complaint, and (2) by counsel for the defendants with the answer or other responsive pleading.

**Notice to Parties and Counsel**

1.      If all parties in a case elect to do so, a civil case in this Court can be referred to non-binding mediation.  The purpose of such is to assist the parties in understanding the strengths and weaknesses of their respective positions and to facilitate settlement.

Do you wish to use such a procedure and for your lawyer to meet with opposing counsel and a Judge of this Court to establish a mediation plan for this case?

No

*(answer yes or no)*

2.    If the parties in a case elect to do so, a civil case in this Court can be referred to binding or non-binding arbitration. In some instances, arbitration may be quicker, cheaper and less formal then litigation. Is outcome can be binding or purely advisory, depending on the parties' agreement. The parties can also agree to tailor the rules of procedure.

Do you wish to consider such a procedure and for your lawyer to meet with opposing counsel and a Judge of this Court to establish an arbitration plan for this case?

No

*(answer yes or no)*

3.    If all parties in a case consent and the Court concurs, the right to proceed before a United States District judge may be waived, and the case can be presided over by a United States Magistrate judge.

Would you like to consider use of a Magistrate Judge and receive more information on this alterative:

No

*(answer yes or no)*

4.    After the complaint and answers are filed in a case, the rules of this Court normally allow four (4) months for the completion of discovery. If discovery continues for a longer period of time, it will be because the attorneys have requested an extension of time from the court.

5.    If justified by the complexity or difficulty of a case, the Court will consider the entry of a special case management order. After hearing from the parties, this order would supersede the Local Rules and provide new dates for the different aspects of discovery, amendments to the pleadings, the filing of motions, conferences with the Court, and preparation for the ultimate pretrial order and trial of the case.

The lawyers for all of the parties are encouraged to consult concerning the need for such a

case management order.

6.     At the completion of discovery and before trial, each party will be required to participate in the filing of a pretrial order. In most cases, t here will also be a pre-trial conference with the presiding Judge. At the conference, the Court will inquire about the prospects for settlement of the case. Normally the Court will require the client to be present in person or by telephone.

By Order of the Court

_____
Clerk of Court

I have reviewed with my attorney the above notice and have indicated my desire responses to paragraphs 1,2, and 3.

C. Dorian Britt

_____
Name and signature of party or representative

CERTIFICATE OF COUNSEL

I have furnished a copy of this notice to the party represented by me (including any insurance company assisting with the cost of defense) and discussed with my client responses to paragraphs 1,2, and 3 which have been noted. I have also served opposing counsel with a copy of this completed notice.

This 6th day of June, 2011.

TATE LAW GROUP, LLC

Mark A. Tate
Georgia Bar No.: 698820
James E. Shipley, Jr.
Georgia Bar No.: 116508
C. Dorian Britt
Georgia Bar No.: 083259

2 East Bryan Street, Suite 600
Post Office Box 9060
Savannah, Georgia 31412
T.  (912) 234-3030
F.  (912) 234-9700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2011 JUN -6  AM 11: 29

CLERK_____
SO. DIST. OF GA.

VERIE POOLE, Individually and on )
behalf of others similarly situated, )
                                     )
                    Plaintiff.       )
                                     )        Civil Action No.: **C V 4 1 1 - 1 3 6**
v.                                   )
                                     )
EICHHOLZ LAW FIRM, P.C. and          )
PACIFIC LEGAL FUNDING, LLC           )
                    Defendant.       )

CERTIFICATE OF INTERESTED PERSONS

The Plaintiff, VERIE POOLE, Individually and on behalf of others similarly situated, hereby makes a special appearance for the limited purpose of jointly filing this Certificate of Interested Persons pursuant to Local Rule 3.3.  By joining in the filing of this Certificate, the Plaintiff is not, and does not intend to plead to the merits of the case. Rather, the Plaintiff intends to preserve, and is preserving, the right to assert all of her defenses, including her jurisdictional defenses.

Subject to the following:

(1)   The undersigned counsel of record for the parties to this action certify that the following is a full and complete list of all parties in this action known at this time.

      1)   Verie Poole, individually and on behalf of others similarly situated.

(2)    The undersigned further certify that the following is a full and complete list of all other persons, associations of persons, firms, partnerships, or corporations (including those related to a party of the subsidiary, conglomerate, affiliate, or parent corporation) having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case;

    1)    Eichholz Law Firm, P.C.

    2)    Pacific Legal Funding, LLC

(3)    The undersigned further certify that the following is a full and complete list of all persons serving as attorneys for the parties in this preceding:

FOR THE PLAINTIFF:

Mark A. Tate
Georgia Bar No.: 698820
James E. Shipley, Jr.
Megan Helstowski
Georgia Bar No.: 847497
C. Dorian Britt
Georgia Bar No.: 083259
Georgia Bar No.: 116508

FOR THE DEFENDANT:

Unknown at this time.

2

Submitted this _____6th_____ day of June, 2011.

TATE LAW GROUP, LLC

_____

Mark A. Tate
Georgia Bar No.: 698820
James E. Shipley, Jr.
Georgia Bar No.: 116508
C. Dorian Britt
Georgia Bar No. 083259

2 East Bryan Street, Suite 600
Post Office Box 9060
Savannah, Georgia 31412
T.  (912) 234-3030
F.  (912) 234-9700

FILED
U.S. DISTRICT COUR'
SAVANNAH DIV.

2011 JUN -6  AM II: 3:

CLERK_____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

CASE NO. _____
C V 4 1 1 - 1 3 6

## GENERAL ORDER

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court.   Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Fed. R. Civ. P. 16(b).   Therefore, by the *earlier* of **21 days** after the filing of the last answer of the defendants named in the original complaint or **45 days** after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint, the parties shall confer as provided in Rule 26(f).   L.R. 26.1(a).   Thereafter, within **14 days** after the required conference held pursuant to Rule 26(f), the parties shall submit to the Court a written report conforming to the language and format of the Rule 26(f) Report attached to this Order outlining their discovery plan.   L.R. 26.1(b).

Except in unusually protracted or complex cases, the parties will be expected to adhere to the following deadlines and limitations:

1. The parties shall serve *all written discovery* on opposing parties and shall complete all depositions within **140 days** of the filing of the last answer of the defendants named in the original complaint.   L.R. 26.1(d)(i).

2. The plaintiff must furnish the *expert witness reports and disclosures* required by Rule 26(a)(2) within **60 days** after the Rule 26(f) conference. L.R. 26.1(d)(ii).

3. The defendant must furnish the *expert witness reports and disclosures* required by Rule 26(a)(2) within **90 days** after the Rule 26(f) conference (or **60 days** after the last answer, whichever is later).   L.R. 26.1(d)(iii).

4. The last day for *filing motions to add or join parties or amend the pleadings* is **60 days** after the first answer of the defendants named in the original complaint.   L.R. 16.3.

5. The last day for *filing all other motions*, including *Daubert* motions but excluding motions in limine, is **30 days** after the close of discovery.   L.R. 7.4.

Plaintiff's counsel shall ensure that a copy of this Order is served upon each party.   Finally, a party who cannot gain the cooperation of the other party in preparing the Rule 26(f) report should advise the Court prior to the due date of the report of the other party's failure to cooperate.

**SO ORDERED**.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### _____ DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## RULE 26(f) REPORT

1.   Date of Rule 26(f) conference:   _____

2.   Parties or counsel who participated in conference:

_____
_____
_____

3.   If any defendant has yet to be served, please identify the defendant and state when service is expected.

_____

4.   Date the Rule 26(a)(1) disclosures were made or will be made:

_____

5.   If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

(a)   Identify the party or parties making the objection or proposal:

_____

_____

_____

(b)   Specify the objection or proposal:

_____

_____

_____

6.   The Local Rules provide a 140-day period for discovery.  If any
     party is requesting additional time for discovery,

(a)   Identify the party or parties requesting additional time:

_____

_____

_____

(b)   State the number of months the parties are requesting for
      discovery:

                                    _____ months

(c)   Identify the reason(s) for requesting additional time for
      discovery:

_____   Unusually large number of parties

_____   Unusually large number of claims or defenses

_____   Unusually large number of witnesses

_____   Exceptionally complex factual  issues

_____   Need for discovery outside the United States

_____ Other: _____

(d)   Please provide a brief statement in support of each of the
      reasons identified above:

_____
_____
_____
_____
_____
_____
_____

7.   If any party is requesting that discovery be limited to particular
     issues or conducted in phases, please

     (a)   Identify the party or parties requesting such limits:

     _____
     _____
     _____

     (b)   State the nature of any proposed limits:

     _____
     _____
     _____

8.   The Local Rules provide, and the Court generally imposes, the
     following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule26(f) conference |

| | |
|---|---|
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a)   Identify the party or parties requesting the modification:

_____

_____

_____

(b)   State which deadline should be modified and the reason supporting the request:

_____

_____

_____

_____

_____

9.   If the case involves electronic discovery,

(a)   State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

_____

_____

(b)   Identify any issues regarding electronically stored information as to which the parties have been unable to reach

an agreement:

_____

_____

_____

10.   If the case is known to involve claims of privilege or protection of trial preparation material,

    (a)   State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

_____

_____

    (b)   Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

_____

_____

    (c)   Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

_____

_____

_____

11.   State any other matters the Court should include in its scheduling order:

_____

_____

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

_____

_____

_____

This _____ day of _____, 20__.

Signed: _____

*Attorney for Plaintiff*

_____

*Attorney for Defendant*