UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION
**This Document Applies to:**
*Poole v. Eichholz Law Firm P.C. et al.*
S.D. Ga., 4:11-cv-00136-BAE-GRS

MDL No. 1657
Section: L

Judge Fallon

### DECLARATION OF DAVID EICHHOLZ

Pursuant to 28 U.S.C. § 1746, I, David Eichholz, declare as follows:

1. My name is David Eichholz. I am an attorney licensed in Georgia. I am the owner and Chief Executive Officer of the Eichholz Law Firm, P.C. I make this declaration based on my personal knowledge.

2. Plaintiff Verie Poole was represented by the Eichholz Law Firm in connection with her Vioxx claim. Her attorney fee contract was entered into in the state of Georgia.

3. The Eichholz Law Firm, P.C. is a corporation organized under the laws of the state of Georgia with its principal place of business in Savannah, Georgia. Eichholz Law Firm, P.C. only has one office---in Savannah. An overwhelming majority of the clients whom the Eichholz Law Firm, P.C. represents live in the state of Georgia, and specifically the Southern District of Georgia.

4. Verie Poole is a resident of Georgia.

5. I am a resident of Savannah, Georgia.

6. The attorney-fee contract between Ms. Poole and the Law Office of Benjamin Eichholz, P.C., as well as documents from Pacific Legal Funding related to the advance Ms. Poole obtained, were executed in Georgia, are kept in Georgia and are more easily accessed in Georgia.

EXHIBIT
2

7.      None of the events giving rise to Ms. Poole's claims, or the claims of the putative class, occurred in Louisiana.

8.      Documents which may be sought by the Plaintiff in this case, which include, upon information and belief, files maintained by Pacific Legal and certain Vioxx client files, are located in Savannah, Georgia.

9.      Based upon an initial investigation, the Eichholz Law Firm, P.C. represented 28 clients who also obtained advances from Pacific Legal Funding. Of those 28, at least 20 (and perhaps more, based on additional investigation) live in Georgia.

10.     Plaintiff's counsel in this case has filed a similar lawsuit against the Eichholz Law Firm, P.C. and Pacific Legal Funding in the State Court of Chatham County (Savannah), Georgia. A true and correct copy of the Complaint, styled *Patricia Ballard, Individually and on Behalf of Other Plaintiffs Similarly Situated, v. Benjamin Sheftall Eichholz, the Eichholz Law Firm PC and Pacific Legal Funding, LLC* is attached hereto as Exhibit 1. That class action asserts claims on behalf of a putative class of "all former clients of Defendants Eichholz and the law firm who have received legal funding provided by Defendant Pacific up to and including the date of class certification." (Ballard Complaint Paragraph 10). The *Ballard* putative class appears to include Vioxx clients of the Eichholz Law Firm, P.C. The *Ballard* complaint alleges that "more than two-thirds of the purported former clients Plaintiff seeks to represent are residents of Chatham County, Georgia, and all Defendants are residents of the State of Georgia." (Ballard Complaint, para. 7.)

11.     In the *Ballard* matter, the plaintiff attached an affidavit of Thomas Taggart, Esq., to her Complaint purporting to set forth one negligent act or omission against the Eichholz Law Firm in an effort to satisfy a statutory pleading requirement under Georgia law. The Defendants

2

in the instant matter will seek to depose Mr. Taggart regarding the expert opinions he appears to have formed in the *Ballard* matter, inasmuch as the putative classes in the instant matter and the *Ballard* matter appear to overlap, and because Mr. Taggart, upon information and belief, may be called as an expert witness in the instant matter. Mr. Taggart is an attorney in Savannah, Georgia.

12.     Jacqueline D. German and Nikki Drasal are former employees of the Eichholz Law Firm, P.C. who, upon information and belief, will be called by Plaintiff in this case to testify about advances provided by Pacific Legal Funding. They may also be called by the Defendants for cross-examination. Upon information and belief, both Ms. German and Ms. Drasal are residents of Georgia, and reside in the Southern District of Georgia.

13.     In the instant matter, the Defendants will seek to depose some or all of the putative class members. Most of those witnesses live in Georgia. There may be one or two such witnesses who reside in South Carolina.

14.     There are no putative class members in Louisiana. There are no witnesses with any information related to this lawsuit in Louisiana.

15.     Benjamin Eichholz, Ms. Poole's attorney for her Vioxx claim, resides in Savannah, Georgia. Daniel Eichholz, the CEO of Pacific Legal Funding, LLC on the day Ms. Poole obtained her advance, resides in Savannah, Georgia. Upon information and belief, the Plaintiffs will seek to depose both of them in this case.

16.     The purchase agreement between Pacific Legal Funding and Ms. Poole contains a choice of law provision mandating that Georgia law is to apply to any dispute arising out of the agreement between Pacific Legal Funding and Ms. Poole.

3

17.     As I mentioned, I am the CEO of the Eichholz Law Firm, P.C. I have knowledge on issues related to advances Ms. Poole obtained and advances obtained by other Vioxx clients. I work in Savannah, Georgia and live in Savannah, Georgia. Attending pre-trial proceedings in New Orleans would be disruptive for my law practice, compared to Savannah. While I would attend hearings and other proceedings in New Orleans, it would be much more convenient for me, other Eichholz Law Firm employees, my counsel, and Pacific Legal's counsel to have this case adjudicated in Savannah, Georgia.

18.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed within the United States this ⎽5⎽ day of ⎽August⎽, 2011.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
David Eichholz

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PATRICIA BALLARD, Individually and on Behalf of Other Plaintiffs Similarly Situated, | ) ) ) | |
| | ) | Civil Action No.  STCV1001090 |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | |
| BENJAMIN SHEFTALL EICHHOLZ, | ) | |
| THE EICHHOLZ LAW FIRM, P.C. | ) | |
| f/d/b/a THE LAW OFFICE OF | ) | |
| BENJAMIN SHEFTALL EICHHOLZ, | ) | |
| P.C. and PACIFIC LEGAL FUNDING, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Patricia Ballard, Individually and on Behalf of Other Plaintiffs

Similarly Situated, and shows the Court the following:

### I. PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Patricia Ballard (hereinafter "Ballard") is a citizen and resident of the state of

New York.

2.  This action is brought on behalf of Plaintiff and on behalf of a group of former clients of

Defendants Benjamin Sheftall Eichholz and The Eichholz Law Firm, P.C. f/d/b/a The

Law Office of Benjamin Sheftall Eichholz, P.C. who received legal funding provided by

Defendant Pacific Legal Funding, LLC. Plaintiffs are natural persons and are adequate

representatives of the class of purported former clients of Defendants Benjamin Sheftall

Eichholz and The Eichholz Law Firm, P.C. f/d/b/a The Law Office of Benjamin Sheftall



Eichholz, P.C. who received legal funding provided by Defendant Pacific Legal Funding, LLC.

3.  Defendant Benjamin Sheftall Eichholz (hereinafter "Eichholz") is a citizen and resident of the state of Georgia and can be served with process at his place of employ 530 Stephenson Avenue, Suite 200, Savannah, Georgia 31405.

4.  Defendant The Eichholz Law Firm, P.C. f/d/b/a The Law Office of Benjamin Sheftall Eichholz, P.C. (hereinafter "Law Firm") is a corporation organized and existing under the laws of Georgia. The Law Firm is subject to the jurisdiction and venue of this Court. The Law Firm may be served with process through its registered agent, Benjamin Sheftall Eichholz, 530 Stephenson Avenue, Suite 200, Savannah, Georgia 31405.

5.  Defendant Pacific Legal Funding, LLC (hereinafter "Pacific") is a corporation organized and existing under the laws of Georgia. Pacific is subject to the jurisdiction and venue of this court. Pacific can be served with process through its registered agent, Harriet P. Eichholz, 6401 Habersham Street, Unit 7A, Savannah, Georgia 31405.

6.  This Court has original jurisdiction pursuant to the 1983 Constitution of Georgia, Art. VI, §§ 1, Para. I and O.C.G.A. §§ 15-6-8 to hear and decide all of the issues which are alleged in this Complaint.

7.  Upon information and belief, more than two-thirds of the purported former clients Plaintiff seeks to represent are residents of Chatham County, Georgia, and all Defendants are residents of the State of Georgia. There is no complete diversity of citizenship between Plaintiff's class and the Defendants. No action is alleged in this Complaint which seeks relief under an act of the Congress of the United States. No court of the

United States has jurisdiction to hear or decide any issue in this case.

8.    During the pendency of her civil claim, Plaintiff was a resident of the state of Georgia.

9.    Venue is proper in this Court pursuant to the 1983 Constitution of Georgia, Art. VI, §§ 2,
      Para. IV and VI and O.C.G.A. §§ 9-10-31 in that it is alleged all Defendants are residents
      of Chatham County and the tortious acts and/or omissions which Plaintiffs allege were
      committed by the Defendants occurred within the confines of Chatham County.

## II. CLASS DEFINITION AND ALLEGATIONS

10.   Plaintiff brings this action individually and on behalf of others similarly situated. The
      class definition of those who Plaintiff seek to represent is defined as follows:
      All former clients of Defendants Eichholz and the Law Firm who have received legal
      funding provided by Defendant Pacific up to and including the date of class certification.
      Excepted from this class definition are any of the former clients of DefendantsEichholz
      and the Law Firm who were not subject to the same treatment as the class members as
      defined below.

11.   The described class is so numerous as to make it impractical to bring all such persons
      before the Court.

12.   There are questions of law and fact common to the class.

13.   The claims of the representative party are typical of the claims and defenses of the class.

14.   The representative parties will fairly and adequately protect the interests of the class. The
      prosecution of separate actions by individual members of the class would create a risk of
      inconsistent or varying adjudication with respect to individual members of the class
      which would establish incompatible standards of conduct for the party opposing the class.

15.   The prosecution of separate actions by individual members of the class would create a
      risk of adjudication with respect to individual members of the class which would, as a
      practical matter, be dispositive of the interests of other members not parties to the
      adjudication or substantially impair or would impede their ability to protect their interests.

16.   The questions of law or fact alleged in this Complaint predominate over any questions
      affecting only individual members.

17.   A class action is superior to all other methods for the fair and efficient adjudication of this
      controversy.

18.   The representative of the class has no claims contrary or antagonistic to the class.

19.   The representative of the class has engaged and retained counsel competent and
      experienced in class actions and complex litigation.

### III.  FACTUAL BACKGROUND

20.   Plaintiff, and others similarly situated, did contact and engage Defendants Eichholz and
      the Law Firm for the purpose of prosecuting civil claims that Plaintiff and others
      similarly situated were vested with.

21.   Upon information and belief, Defendants Eichholz and the Law Firm, through its agents
      and/or employees, did inform Plaintiff, and others similarly situated, about a means to
      procure monetary advances against her legal case.

22.   Upon information and belief, Defendants Eichholz and the Law Firm, through its agents
      and/or employees, did recommend that Plaintiff, and others similarly situated, utilize
      Defendant Pacific for said purpose.

23. Defendants Eichholz and the Law Firm, through its agents and/or employees, did negligently and/or intentionally misrepresent to Plaintiff, and others similarly situated, that the Law Firm had no financial interest in Defendant Pacific.

24. Upon information and belief, Defendants Eichholz and the Law Firm did in fact have a financial interest in Defendant Pacific.

25. Upon information and belief, Defendants Eichholz and the Law Firm, through its agents and/or employees, did negligently and/or intentionally misrepresent to Plaintiff, and others similarly situated, that Defendants Eichholz and the Law Firm had made no investment in Defendant Pacific.

26. Upon information and belief, Defendants Eichholz and the Law Firm had in fact made an investment in Defendant Pacific.

27. Upon information and belief, Defendants Eichholz and the Law Firm, through its agents and/or employees did negligently and/or intentionally misrepresent to Plaintiff, and others similarly situated, that Defendants Eichholz and the Law Firm had no role in the operations of Defendant Pacific.

28. Upon information and belief, Defendants Eichholz and the Law Firm did have a material role in the operations of Defendant Pacific.

29. As a result, Plaintiff, and others similarly situated, did rely upon said negligent and/or intentional misrepresentations and proceeded with obtaining advances against their legal cases through a litigation funding loan transaction with Defendant Pacific and another loan advance company, Law Cash, LLC.

30. Plaintiff, and others similarly situated, was required to repay the original loan amount

plus interest to Defendant Pacific and Law Cash, LLC through Defendants Eichholz and the Law Firm.

31.     Upon information and belief, Defendants Eichholz and the Law Firm, in turn, deposited at least a portion of the aforementioned funds into their bank account(s).

## IV. CLAIMS

## DEFENDANTS EICHHOLZ AND THE LAW FIRM

### Count I - Professional Negligence

32.     Pursuant to the standards of the practice of law generally accepted in the State of Georgia, an attorney owes his client a fiduciary duty to handle all financial matters of the client with the reasonable degree of care and skill employed by attorneys within the State of Georgia.

33.     Defendants Eichholz and the Law Firm did breach these duties when Eichholz recommended to Plaintiff, and others similarly situated, a means to obtain monetary advances on her legal cases from Defendant Pacific, a legal entity which they had a financial interest in. (Affidavit of Thomas R. Taggart attached hereto as Exhibit "A".)

34.     Defendants Eichholz and the Law Firm did breach these duties in failing to advise Plaintiff, and others similarly situated, that they had a financial interest in Defendant Pacific.  (Id.).

35.     Defendants Eichholz and the Law Firm did breach these duties in failing to advise Plaintiff, and others similarly situated, that they had made an investment in Defendant Pacific.  (Id.).

36.  Defendants Eichholz and the Law Firm did breach these duties in failing to advise Plaintiff, and others similarly situated, that they had a material role in the operations of Defendant Pacific. (Id.).

37.  Defendants Eichholz and the Law Firm did breach these duties in accepting repayment of advances and interest from Plaintiff, and others similarly situated, without disclosing the fact that they had a financial interest in Defendant Pacific. (Id.).

38.  Defendants Eichholz and the Law Firm did breach these duties in accepting repayment of advances and interest from Plaintiff, and others similarly situated, without disclosing the fact that they had made an investment in Defendant Pacific. (Id.).

39.  Defendants Eichholz and the Law Firm did breach these duties in accepting repayment of advances and interest from Plaintiff, and others similarly situated, without disclosing the fact that they had a material role in the operations of Defendant Pacific. (Id.).

40.  As the proximate result of such actions, Plaintiff, and others similarly situated were seriously and substantially harmed entitling them to damages as pleaded herein.

### Count II - Fraud

41.  Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 40 as if fully alleged herein.

42.  Defendants Eichholz and the Law Firm did intentionally misrepresent that they had no financial interest in Defendant Pacific to Plaintiff, and all others similarly situated.

43.  Defendants Eichholz and the Law Firm did intentionally misrepresent that they had not made an investment in Defendant Pacific.

44.   Defendants Eichholz and the Law Firm did intentionally misrepresent that they had no
      role in the operations of Defendant Pacific.

45.   Defendants Eichholz and the Law Firm did make such misrepresentations with the intent
      to defraud Plaintiff and all others similarly situated.

46.   Plaintiff, and all others similarly situated, did rely on the misrepresentations of
      Defendants Eichholz and the Law Firm to their detriment.

47.   As the proximate result, Plaintiff, and all others similarly situated, have been seriously
      and substantially harmed entitling them to damages as pleaded herein.

## Count III - Conversion

48.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1
      through 47 as if fully alleged herein.

49.   Defendants Eichholz and the Law Firm did intentionally convert the funds of Plaintiff,
      and all others similarly situated, to Defendants Eichholz and the Law Firm's use, control
      and dominion without justification.

50.   As the proximate result, Plaintiff, and all others similarly situated, have been seriously
      and substantially harmed entitling them to damages as pleaded herein.

## ALL DEFENDANTS

## Count I - Racketeer Influenced Corrupt Organizations Violations

51.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1
      through 50 as if fully alleged herein.

52.   Defendants did engage in a systematic, interrelated pattern of racketeering activity
      motivated by pecuniary and economic gain for themselves.

53.   Through this systematic, interrelated pattern of racketeering activity, Defendants did
      intentionally convert the funds of Plaintiff, and all others similarly situated, intentionally
      and through deception, to their own use, control and dominion.

54.   As the proximate cause of Defendants' acts and/or omissions, Plaintiff, and all others
      similarly situated, have been seriously and substantially harmed entitling them to
      damages as pleaded herein.

### Count II - Attorneys' Fees and Expenses

55.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1
      through 54 as if fully alleged herein.

56.   Defendants have acted in bad faith, have been stubbornly litigious, or have caused the
      Sanders, and others similarly situated unnecessary trouble and expense. As such, Plaintiff
      and others similarly situated are entitled to recovery of attorney fees pursuant to O.C.G.A.
      §§13-6-11.

### Count III - Punitive Damages

57.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1
      through 56 as if fully alleged herein.

58.   The actions of Defendants as set forth in this Complaint have been willful, intentional,
      fraudulent, and/or  wanton, and have been done with such entire want of care which raises

the presumption of conscious indifference to consequences.

59.     Plaintiffs and all others similarly situated are entitled to recover a sum in order to deter the said Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays as follows:

(a) that process issue and Defendants be served as provided by law;

(b) that Plaintiff and the class recover an amount of damages in excess of $10,000.00 for their loss as proved at the time of trial;

(c) that Plaintiff and the class recover of the Defendants punitive damages to deter Defendants from committing similar actions in the future;

(d) that Plaintiff and the class recover attorney's fees for the bringing and maintenance of this action and for causing Plaintiff unnecessary trouble and expense, and acting in bad faith;

(e) that Plaintiff and the class have a trial by jury on all issues raised in this complaint; and

(f) that Plaintiff and the class have any and all other relief the Court may deem just and proper in the premises.

This, the ___ day of _____, 2010

Robert Bartley Turner
Georgia Bar No. 006440

Post Office Box 10600
Savannah, Georgia   31412
912.231.1140

Mark Tate
Georgia Bar No. 698820

Tate Law Group
Savannah, Georgia   31401
912.234.3030

STATE OF GEORGIA      )
                                   )

COUNTY OF CHATHAM     )

## AFFIDAVIT OF THOMAS R. TAGGART

**COMES NOW**, Thomas R. Taggart, who after being duly sworn before an officer authorized to administer oaths, states as follows:

1.    My name is Thomas R. Taggart. I am over the age of 18 and give this affidavit of my own personal knowledge.

2.    I am an attorney licensed to practice law in the State of Georgia and a member in good standing of the Georgia Bar Association since 1972.

3.    I am familiar with the standards of legal practice for attorneys practicing in the State of Georgia.

4.    I have reviewed the following documents which are attached hereto as Exhibit "A".

(A1)    Affidavit of Jackqueline D. German;

(A2)    Authorization to Release Client Information signed by Patricia Ballard;

(A3)    Letter from The Eichholz Law Firm, P.C. to Patricia Ballard dated February 17, 2009;

(A4)    Memorandum from The Law Office of Benjamin Sheftall Eichholz, P.C. signed by Patricia Ballard and dated February 17, 2009;

(A5)    Email from Fred Santi of Law Cash to Nikki Drasal of the Law Office of Benjamin Sheftall Eichholz, P.C. dated April 8, 2009 reflecting $848.40 owing to Pacific Legal Funding, LLC; and

1

(A6)   Check payable to Pacific Legal Funding in the amount of $848.40 for Ballard expenses.

5.     Based upon the above, it is my opinion that Defendants Benjamin Sheftall Eichholz and The Eichholz Law Firm, P.C. f/d/b/a The Law Office of Benjamin Sheftall Eichholz, P.C. (hereinafter "the Defendants") breached the duties owed to Patricia Ballard when they recommended to Patricia Ballard, a means to obtain monetary advances on their legal cases from Pacific Legal Funding, LLC, a legal entity which they had a financial interest in and had a material role in the operations of.

6.     The Defendants breached the duties owed to Patricia Ballard in failing to advise them that they had a financial interest in Pacific Legal Funding, LLC as well as a material role in its operation.

7.     The Defendants breached the duties owed to Patricia Ballard in accepting repayment of advances and interest from Patricia Ballard without disclosing the fact that they had a financial interest in Pacific Legal Funding or that they had a material role in its operation.

8.     As the proximate result of such breaches, Patricia Ballard was seriously and substantially harmed.

9.     This affidavit is given in conformance with O.C.G.A. § 9-11-9.1 and is not dispositive of all of my opinions relative to this case.

2

This 18 day of March, 2010.

_____
Thomas R. Taggart, Esq.

Sworn to and Subscribed
before me this 18
day of March, 2010.

_____
Notary Public

3