UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | : MDL NO. 1657<br>:<br>: SECTION L |
| THIS DOCUMENT RELATES TO:<br>*Cheryl Sample, William A. Wodowski and*<br>*Mary R. Zak as Co-Administrators of the Est. of*<br>*Michael Wodowski v. Merck & Co., Inc., et al.,* | :<br>: JUDGE FALLON<br>:<br>: 2:08-CV-04559-EEF-DEK<br>:<br>: MAG. JUDGE KNOWLES |

### RESPONSE TO DEFENDANT MERCK SHARP & DOHME CORP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE CASE ON ACTIVE DOCKET OF THE COURT

Comes now the Plaintiffs, by and through their counsel, pursuant to Fed. R. Civ. P. 25, and in response to Defendant Merck's Opposition to Plaintiff Motion to Set Aside Order of Dismissal and Reinstate Case on Active Docket of the Court, states as follows:

We never received the Notice of Suggestion of Death nor the Court's Order to Show Cause. We first learned of Merck's Motion to Show Cause as to why Plaintiffs' case should not be dismissed and the Court's subsequent Decision was on June 1st, 2011. We *immediately* contacted Ann Oldfather's law firm and were advised that although Plaintiffs' case was dismissed, it was listed as one that Merck would be willing to settle and that we should take *immediate* action to have the case reinstated and put back on active docket of the Court.

We contacted Merck's counsel and told them that we never received the Notice of Suggestion of Death and that we were going to proceed with this litigation and bring a Motion to set aside the order of dismissal and reinstatement of the case.

On June 14, 2011, we filed our Suggestion of Death and Motion for Substitution of Parties along with Mr. Wodowski's Certificate of Death and Certificate of Appointment of

Administrators and our Motion to Set Aside Order of Dismissal and Reinstatement of Case on Active Docket of the Court.

On July 1st, 2011 while trying to uplink a document, we discovered that Ann Oldfather's name wasn't on the list as a recipient to receive documents. Our office *immediately* contacted Ann Oldfather's office and advised them of the situation. It was at this point we learned there was a technical problem with Ann Oldfather's office involving PACER, as well as LexisNexis, which not only affected our capability of receiving and sending documents, but theirs as well. It was then that we learned that this is why we didn't receive the Notice of Suggestion of Death or the Court's Order to Show Cause.

On or around July 20, 2011, we learned that because of a technical error and through no fault or bad faith on our part, no responses to our motions or orders came through on PACER. After numerous conversations and emails with Ann Oldfather's office and the Clerk of the Court, the problem was finally resolved and we were able to successfully filed our Motion papers with the Court. After several discussions with the Clerk of the Court, we learned that there had been numerous problems with filings (such as ours) and that a hotline was needed to be put in place to handle these problems.

This Court has in its discretion to extend the 90-day period and grant the motion to substitute the Plaintiffs and reinstate the case to active docket. "[E]xtensions are to be liberally granted absent bad faith on the part of the movant or prejudice to the other parties to the suit. . . . In this case an extension is appropriate" as there is no bad faith on our part or prejudice to the Defendant. Nat'l Equip. Rental Ltd. v. Whitecraft Unlimited, 75 F.R.D. 507, 510 (E.D.N.Y. 1977). Because Defendants are still in the process of settling matters, there is no indication that

they are prejudiced by this delay and that all claims of the Plaintiffs relate back to the date of the original pleading.

There also has been no slowing down in the processing of this case in reliance on Mr. Wodowski's death. We, in a timely manner, have uplinked all that was required and provided all the information that was requested and immediately filed the Motion papers and discovered and resolved the technical difficulties which created our lack of Notice.

Rule 15(a)(2) states "[t]he Court should freely give leave when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Staggers v. Otto Gerdau Co., 359 F.2d 292, 296-97 (2d Cir. 1966). As stated earlier, this case is listed as one that Merck is willing to settle.

Although Defendant argues that "if no motion to substitution be made within 90 days of the suggestion of death on the record, the action by the decedent 'must be dismissed,'" the history of the 1963 amendment to Rule 25 makes clear that the 90-day period was not intended to act as a bar to otherwise meritorious actions. It was intended that the court have discretion to enlarge that period and that the amendments of Rules 6(b) and 25(a)(1) provided that needed flexibility and that discretionary extensions would be liberally granted. Also, although Defendant argues that it filed a Suggestion of Death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure (R. Doc. 60813), we never received notice that it was filed until the MDL status conference notification of June 1, 2011. Fed. R. Civ. P. 5 requires that the suggestion of death be served on *all* parties to the action and we never received that notice.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant Plaintiff's Motion to Set Aside Order of Dismissal and to Reinstate Case on the Active Docket of the Court.

Respectfully submitted,

THE MISERENDINO LAW FIRM

/s/     Joy Ellen Miserendino
Joy Ellen Miserendino, Esq.
Attorney(s) for Plaintiff(s)
964 Ellicott Square Building
295 Main Street
Buffalo, New York 14203
Telephone: (716) 854-1002

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Defendant's Memorandum in Opposition to Plaintiffs' Motion to Set Aside Order of Dismissal and Reinstate Case on Active Docket of the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, and Ann B. Oldfather, Esq., Liaison and Lead Counsel for Ineligible or Not Enrolled Cases and Certain Other Remaining PI Claims by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of August, 2011.

/s/____Joy Ellen Miserendino, Esq.____
　　　　Joy Ellen Miserendino, Esq.

/s/____Joy Ellen Miserendino, Esq.____
　　　　Joy Ellen Miserendino, Esq.