UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: THOSE SPECIFIC CASES IDENTIFIED IN MERCK'S MOTION

**OBJECTION TO DEFENDANT MERCK & CO., INC.'S MOTION FOR ENTRY OF A RULE TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Comes Ann B. Oldfather, Liaison Counsel and Lead Counsel for Certain Pending Personal Injury Cases, and urges the Court to overrule Merck & Co.'s Motion For Entry of a Rule To Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Prosecute.

Merck's Motion for a show-cause Order is premature and stands in contradiction to this Court's stated intentions.  On August 4, 2011, this Court instructed the undersigned to submit addresses and contact information of claimants or counsel who had not provided Consents as requested by the undersigned.  On August 8, 2011, the undersigned sent a letter and list of those claimants to this Court, as well as to Merck's counsel, and specifically requested Ms. Wimberly provide updated contact information, if available, for three claimants.  *See* Exhibit A.  As of the time of this filing, Merck has yet to respond with updated contact information.

The Court has never ordered these claimants or counsel to take any specific steps regarding these consents; the only Order directed the undersigned to <u>request</u> consents

1

from each remaining personal injury claimant or his/her counsel. The undersigned understood that the Court intended to use the contact information to provide some directive to these remaining claimants and counsel, and that Merck's role was to verify the addresses as best it could. Until then, entry of a show cause order, or a claim of failure to prosecute, is premature and unwarranted.

Interestingly, and although Merck never contacted the undersigned with new address information, Merck did apparently have other contact information available to it **because it used two addresses in its certificate of service that Liaison Counsel had never seen before.** And just a few minutes ago, the undersigned received a call from one of the claimants (whom we had never been able to contact) stating that Merck's Fed-Ex package had just been received at that new address, which Merck had but the undersigned did not.

Further, subsequent to August 4, 2011, a consent form has been received from Darlene Harris. Merck claims in its Motion that Ms. Harris is no longer participating in this litigation, which is belied by her submission of a signed Consent. Merck's Motion for a show-cause Order should be overruled at this time, and deferred in general until Merck exhausts all references to its own information, provides any new contact information to the undersigned, and efforts to contact those claimants at the new addresses prove fruitless.

    Respectfully submitted,

    /s/ Ann B. Oldfather
    Ann B. Oldfather, KBA Bar #52553
    Liaison Counsel/Lead Counsel
    OLDFATHER LAW FIRM
    1330 S. Third Street
    Louisville, KY   40208

502.637.7200<br>
502.637.3999<br>
aoldfather@oldfather.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection to Defendant Merck & Co., Inc.'s Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed with Prejudice for Failure to Prosecute has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of August, 2011, and by mail to the following:

| | |
|---|---|
| Dianne Brown<br>311 North Avenue<br>Medina, NY 14103<br>-and-<br>c/o Ms. Cynthia Coleman<br>729 Church<br>Medina, NY 14103 | Deborah A. Byrd<br>David Byrd<br>3075 Abrams Drive<br>Twinsburg, OH 44087<br>-and-<br>6640 Balsam Drive<br>Bedford Heights, OH 44146 |
| Jean M. Kollin<br>Robert J. Kollin<br>15160 Sandlehaven Drive<br>Middleburg Heights, OH 44130 | Christine D. Woodcock<br>714 88th Street<br>Niagra Falls, NY 14304 |
| Lerene Campbell<br>1599 NW 43 Avenue, #205<br>Lauderhill, FL 33313 | Darlene R. Harris<br>302 Roesch Ave., Apt. 5<br>Buffalo, NY 14207-1344 |
| Patricia Kelly<br>Raymond Kelly<br>2148 Five Mile Line Road<br>Penfield, NY 14526 | |

/s/ Ann B. Oldfather<br>
Ann B. Oldfather