UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Syrrita Blackmon, et al. v. Merck & Co., Inc., et al.*, | * | KNOWLES |
| 2:06-cv-01210-EEF-DEK | * | |
| | * | |
| **Only with regard to:** | * | |
| **Darlene R. Harris** | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Darlene Harris, who is proceeding *pro se*, has failed to provide the *prima facie* evidence of causation required by Pretrial Order No. 28 ("PTO 28"): The expert report that she provided notes that there is no record evidence of Vioxx usage, and states that the expert is "unable to state that [Ms. Harris's] self-reported use of Vioxx caused and/or contributed to any injury." Ex. A (Castaldo Expert Report) at 2. This Court has previously found that PTO 28 expert reports that fail to support a causal link warrant summary judgment, and such an order is appropriate here. Accordingly, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In support of this motion, Merck further states as follows:

1. On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs to provide specified materials relating to their claims, including certain medical records, signed authorization forms for the release of medical records, and a case specific expert

report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury.  *See* PTO 28 ¶¶ II.A.3, II.A.6, II.A.8.  With respect to Ms. Harris's case, the required discovery materials were due on August 1, 2008.  If plaintiffs subject to PTO 28 failed to produce such materials, the Order provided for a 30-day cure period.  *See* PTO 28 ¶ II.D.  After that cure period had lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

2. Plaintiff Harris did not submit any of the materials required by PTO 28, and on February 24, 2009, Merck's counsel notified Ms. Harris's counsel of record – Cellino & Barnes – that if Plaintiff's failure to comply with PTO 28 was not cured within thirty days, Merck would file a Motion for Order to Show Cause why her complaint would not be dismissed, as specified in Section II.D of PTO 28.  No response was provided to this request.

3. Plaintiff's claims, along with the claims of other plaintiffs who were not in compliance with PTO 28, were therefore the subject of Merck's *Seventh* Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice For Failure to Comply with the *Lone Pine* Requirements of PTO 28, filed on April 27, 2009.

4. On May 22, 2009, Ms. Harris submitted an expert report, signed by Richard S. Castaldo, M.D.  Ex. A.  Thus, Merck withdrew its pending *Lone Pine* motion as to Plaintiff Harris.

5. At some point after the submission of the foregoing expert report, the relationship between Plaintiff and her attorneys ended.  Cellino & Barnes filed a motion to withdraw from its representation of Ms. Harris on January 6, 2010, and that motion was granted on May 17, 2010.  No additional counsel has entered an appearance.

6. A review of Ms. Harris's expert report demonstrates that summary judgment should be granted in favor of Merck and Ms. Harris's claims dismissed.[1] The expert report states, *inter alia*, that:

- "According to the Amended Plaintiff Profile Form, Vioxx was prescribed by Dr. Kitchenoff between approximately March, 2000 and June, 2003, 25 mg. daily. This included samples and prescriptions. The claim of injury in the Amended Plaintiff Profile Form is a stroke in April of 2000 and November of 2003; heart attack/angina November, 2003 and April 2006; blood clots May of 2005 and kidney deficiencies beginning November, 2004 and following. ***Initially it should be noted that the self-reported use of Vioxx ended June of 2003 such that the claimed events of November, 2003, November, 2004, May, 2005, and April 2006 are insufficiently proximate to Vioxx use*** and therefore the focus will be the April, 2004 [sic][2] claimed stroke." Ex. A at 1 (emphasis added).

- "CVS Pharmacy records reveal only a single prescription ***which is not Vioxx***. Parkside Pharmacy records from 2002 through 2007 ***do not reveal Vioxx***." Ex. A at 1-2 (emphasis added).

- "Sheehan Memorial Hospital records reveal an admission February 10, 2000 with an initial diagnosis of chest pain and hypertension. Secondary diagnosis was complex migraine. The chief complaint was noted to be left arm numbness for two weeks accompanied by body aches, emesis and diarrhea. . . . She reported to be a recovering cocaine addict. ***Neurological is reported as within normal limits. . . . CT scan of the head was essentially normal, EKG revealed no acute changes*** although there is one note by Dr. Maddi that there were some T-wave abnormalities. . . ." Ex. A at 2 (emphasis added).[3]

- "Social History: Past cocaine abuse, occasional alcohol, one-half pack per day smoker – approximately 30+ years. Father, mother and sister with hypertension. Mother and sister with kidney failure. Uncle passed away from heart attack." Ex. A at 1.

---

[1] This Court previously concluded that a plaintiff who submits any expert report – even one that refutes an inference of causation – complies with the Lone Pine requirements of PTO 28. However, in such a case, a Rule 56 summary judgment motion is appropriate. *See* Order granting summary judgment in favor of Merck on the claims of Plaintiff Asa McDaniels, Dec. 17, 2009 [R. Doc. 30193].

[2] From the face of the report and the Amended Plaintiff Profile Form, it appears that the expert intended to refer here to the April ***2000*** claimed stroke, not 2004.

[3] This hospital admission occurred approximately one month prior to Plaintiff's self-reported usage of Vioxx beginning in March 2003.

3

- "The opinions herein are given to a reasonable degree of medical certainty based upon my education, experience, training, clinical work for various pharmaceutical companies including participation in a Phase III Vioxx study and a Phase IV Vioxx study for Merck." Ex. A at 2.

- "I am ***unable to state*** that this patient's self-reported use of Vioxx caused and/or contributed to any injury." Ex. A at 2 (emphasis added).

7. Ms. Harris's expert report does not satisfy PTO 28's requirement of a "Rule 26(a)(2) case specific expert report from a medical expert attesting (i) to a reasonable degree of medical probability that the Plaintiff . . . suffered an injury and (ii) that Vioxx caused the injury." PTO 28 ¶¶ II.A.8. Indeed, Ms. Harris's expert was unable to state *any* causal link could be established between Ms. Harris's alleged Vioxx usage and her alleged injury.

8. Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b)(2). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

9. In light of the statement made by Plaintiff's own expert that, to a reasonable degree of medical certainty, he was *unable* to state that Plaintiff's alleged use of Vioxx caused or contributed to any injury, no reasonable jury could find in favor of Plaintiff's claims. Accordingly, Merck respectfully requests that the Court enter summary judgment in favor of Merck on all of Plaintiff's claims.

1067399v.1

A proposed order is attached.

Dated:  August 22, 2011

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Summary Judgment has been served on *pro se* Plaintiff Darlene R. Harris by Federal Express at:

302 Roesch Ave, Apartment 5
Buffalo, NY 14207-1344

I also hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of August, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1067399v.1