UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | * MDL Case No. 1657 |
| | * |
| PRODUCTS LIABILITY | * SECTION L |
| LITIGATION | * |
| | * JUDGE FALLON |
| *This document relates to* | * |
| | * MAGISTRATE JUDGE |
| *Syrrita Blackmon, et al. v. Merck & Co., Inc., et al.*, | * KNOWLES |
| 2:06-cv-01210-EEF-DEK | * |
| | * |
| **Only with regard to:** | |
| **Darlene R. Harris** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S LR 56.1 STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to LR56.1, Defendant Merck & Co., Inc., by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1.      On October 17, 2005, Plaintiff Darlene Harris filed suit against Merck alleging personal injuries caused by her use of Vioxx.

2.      On November 9, 2007, this Court entered PTO 28, which required, *inter alia*, plaintiffs to provide *prima facie* evidence of usage, injury and causation.  As part of this *prima facie* showing, Ms. Harris was required to produce a case specific expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury.  *See* PTO 28 ¶¶ II.A.3, II.A.6, II.A.8.

3.      On May 22, 2009, Ms. Harris submitted an expert report, signed by Richard S. Castaldo, M.D.  Ex. A to Merck's Mot. for Summ. J.

4.  Ms. Harris's attorneys filed a motion to withdraw from their representation on January 6, 2010, and that motion was granted on May 17, 2010. No additional counsel has entered an appearance.

5.  The expert report of Richard S. Castaldo, M.D. states, *inter alia*, that:

- "According to the Amended Plaintiff Profile Form, Vioxx was prescribed by Dr. Kitchenoff between approximately March, 2000 and June, 2003, 25 mg. daily. This included samples and prescriptions. The claim of injury in the Amended Plaintiff Profile Form is a stroke in April of 2000 and November of 2003; heart attack/angina November, 2003 and April 2006; blood clots May of 2005 and kidney deficiencies beginning November, 2004 and following. ***Initially it should be noted that the self-reported use of Vioxx ended June of 2003 such that the claimed events of November, 2003, November, 2004, May, 2005, and April 2006 are insufficiently proximate to Vioxx use*** and therefore the focus will be the April, 2004 claimed stroke." Ex. A to Merck's Mot. for Summ. J. at 1 (emphasis added).

- "CVS Pharmacy records reveal only a single prescription ***which is not Vioxx***. Parkside Pharmacy records from 2002 through 2007 ***do not reveal Vioxx***." Ex. A to Merck's Mot. for Summ. J. at 1-2 (emphasis added).

- "Sheehan Memorial Hospital records reveal an admission February 10, 2000 with an initial diagnosis of chest pain and hypertension. Secondary diagnosis was complex migraine. The chief complaint was noted to be left arm numbness for two weeks accompanied by body aches, emesis and diarrhea. . . . She reported to be a recovering cocaine addict. ***Neurological is reported as within normal limits. . . . CT scan of the head was essentially normal, EKG revealed no acute changes*** although there is one note by Dr. Maddi that there were some T-wave abnormalities. . . ." Ex. A to Merck's Mot. for Summ. J. at 2 (emphasis added).

- "Social History: Past cocaine abuse, occasional alcohol, one-half pack per day smoker – approximately 30+ years. Father, mother and sister with hypertension. Mother and sister with kidney failure. Uncle passed away from heart attack." Ex. A to Merck's Mot. for Summ. J. at 1.

- "The opinions herein are given to a reasonable degree of medical certainty based upon my education, experience, training, clinical work for various pharmaceutical companies including participation in a Phase III Vioxx study and a Phase IV Vioxx study for Merck." Ex. A to Merck's Mot. for Summ. J. at 2.

- "I am ***unable to state*** that this patient's self-reported use of Vioxx caused and/or contributed to any injury." Ex. A to Merck's Mot. for Summ. J. at 2 (emphasis added).

2

Dated:  August 22, 2011

>Respectfully submitted,
>
>*/s/ Dorothy H. Wimberly*
>Phillip A. Wittmann, 13625
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana 70130
>Phone: 504-581-3200
>Fax:    504-581-3361
>
>Defendants' Liaison Counsel
>
>  —and—
>
>Douglas R. Marvin
>Eva Petko Esber
>M. Elaine Horn
>Emily Renshaw Pistilli
>WILLIAMS & CONNOLLY LLP
>725 Twelfth Street, N.W.
>Washington, D.C. 20005
>Phone: 202-434-5000
>Fax:    202-434-5029
>
>Attorneys for Merck & Co., Inc.

1067400v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts has been served on *pro se* Plaintiff Darlene R. Harris by Federal Express at:

302 Roesch Ave, Apartment 5
Buffalo, NY 14207-1344

I also hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of August, 2011.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1067400v.1