UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>**PRODUCTS LIABILITY LITIGATION<br>    SECTION L**<br><br>This document relates to:<br><br>**ALL COMMON<br>BENEFIT FEE APPLICANTS** | **MDL Docket No. 1657**<br><br><br><br>**JUDGE FALLON<br>MAG. JUDGE KNOWLES** |

### FEE ALLOCATION COMMITTEE'S OPPOSITION
### TO MOTION TO STAY

The Fee Allocation Committee hereby opposes the Motion to Stay filed by the Branch Law Firm ("Branch"). In its motion, Branch asserts that a stay of the Court's Order of August 9, 2011, should issue because it will suffer "significant, if not irreparable harm, if a stay is not effectuated."[1] The basis of the motion, however, focuses in large part on motions not yet ruled upon by the Court. As the Court noted in its Order of August 5, 2011, "[q]uestions pertaining to the amount of the fund presently available for distribution will be addressed at a later date, after an opportunity for all interested parties to be heard."[2] The issue before the Court is whether there should be a stay of its Order of August 9, 2011. Pending motions, not yet ruled upon by the Court, are not a proper basis for a motion to stay.

Rather, under Rule 62(a), the United States Supreme Court outlined the factors regulating the issuance of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

---

[1] See Mem. in Supp. of Mot. to Stay, at 2 (August 22, 2011).

[2] *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657, Order of August 5, 2011, at 3-4.

proceeding; and (4) where the public interest lies."[3]  Branch fails to make a showing that a stay is warranted as to any of these factors.

First, Branch states that "the Court's allocation of common benefit fees constitutes an abuse of discretion" but fails to articulate one reason that the Court abused its discretion in its August 9, 2011 order.  Branch fails to cite even one case in support of the conclusion that it is likely to succeed on the merits on appeal.  In fact, the Branch Law Firm cannot make a showing under any circumstance that it is likely to succeed on the merits.  The Court in its exhaustive order outlined and adhered to the jurisprudence of the Circuit Court of Appeals for the Fifth Circuit in its analysis and conclusions regarding the allocation.  In light of Branch's failure to point to any case law or any other basis to support a conclusion that it is likely to succeed on the merits on appeal, the motion should be denied.

Second, Branch argues it will "suffer significant, if not irreparable, harm if a stay is not effectuated."[4]  Branch fails to state how and why such harm would be incurred – be it significant or irreparable.  What harm would befall Branch if other common benefit lawyers were paid the fees ordered by the Court and with which the law firm has no objection?  None.  Branch suffers no harm if others are paid.  Payments to other common benefit firms in no way hinder the firm from pursuing whatever remedies it feels are appropriate on appeal.

Thirdly, though Branch suffers no harm if other common benefit lawyers are paid, other common benefit lawyers would suffer substantial harm if the common benefit fees allocated to them are held indefinitely during the pendency of an appeal.  This MDL was formed in April 2005.  During 2005 and 2006 in this Court, extensive discovery and motion practice took place,

---

[3] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); see Hockerson-Halberstadt, Inc. v. Nike, Inc., 192 F.Supp.2d 627, 634-635 (E.D. La. 2002); see also *ION, Inc. v. Sercel, Inc.*, No. 5:06-CV-236, 2011 U.S. Dist. LEXIS 16914 (E.D. Tex. Feb. 16, 2011).

[4] See Mem. in Supp. of Mot. to Stay, at 2 (August 22, 2011).

2

as well as six bellwether trials. In addition, litigation which began as early as 2001 proceeded in coordinated state venues. On November 9, 2007, a global settlement was reached. In 2009, final payments to heart attack and sudden cardiac death claimants were issued, and in 2010, final payments to stroke claimants were made. Over the course of nearly a decade, numerous firms committed substantial time and resources to common benefit work for which they have not been compensated. The delay in the issuance of common benefit fees has caused substantial hardship to the firms who made valuable contributions to the litigation over the course of years. In light of the stellar contributions of these firms and the significant amount of time that has elapsed since some of this work was performed, the Fee Allocation Committee urges the Court to find that substantial harm would be incurred by other common benefit lawyers if a stay is issued and to deny the motion.[5]

For the reasons outlined above, the Fee Allocation Committee urges the Court to deny Branch's motion to stay in its entirety. Branch has failed to make an adequate showing as to any of the three relevant factors why a stay should issue.

In the event, however, that the Court determines that the motion should be granted, the Fee Allocation Committee urges the Court to grant the motion in part, issuing a stay in the amount of 8% of the common benefit fund, and to deny the motion as to the remaining 92% of the common benefit fund. On October 19, 2010, the Court awarded a common benefit fee of $315,250,000. During the thorough common benefit fee application and deliberation process, all firms except Branch and three other firms accepted the recommended common benefit fee award of the Committee. The aggregate amount awarded by the Court to Branch and the three other objecting firms is $3,700,000. A stay as to 8% of the common benefit fund would result in

---

[5] The fourth factor dealing with public interest is not at issue in this circumstance since the only interested parties are common benefit attorneys.

$25,220,000 being held in the fund during the pendency of an appeal. This amount is more than 6.8 times the amount currently allocated to Branch and the three other potential appellants,[6] providing ample funds to address any decision arising from an appeal should it become necessary.

Branch, as well as the other three firms, have now had their claims and objections considered by the Fee Allocation Committee, re-considered by the Fee Allocation Committee, considered by a Special Master, and finally, by the Court. In light of the extensive due process afforded Branch and the other potential appellants during this process and the thorough analysis undertaken by the Court in keeping with Fifth Circuit precedent, it is unlikely that the Court's Order of August 9, 2011, will be disturbed on appeal. For this reason and others stated above, the Committee urges the Court, if it is inclined to grant a stay, to do so only as to 8% of the fund.

Moreover, should the Court grant the motion to stay in part, the Committee urges the Court to order that a bond be issued by Branch in the amount of the money retained in the common benefit fund.[7] Rule 62(d) generally requires that a bond in the amount of a judgment be posted in order for a stay to issue. Branch has not objectively demonstrated why the Court should depart from the general standard.

In sum, the Fee Allocation Committee urges the Court to deny Branch's Motion for Stay in full. In the alternative, if the Court determines that the stay should be granted, the Fee Allocation Committee urges the Court to grant the motion to stay as to 8% of the common benefit fund and to deny the motion as to 92% of the common benefit fund. And, lastly, to the

---

[6] It is unknown at this time if the other three firms will join Branch in appealing the Court's Order of August 9, 2011. In the event that these firms do not take an appeal, the Committee asks that the Court reduce the amount of the partial stay on an incremental basis.

[7] Fed. R. Civ. P. 62(d).

4

degree, if any, that the Court determines that a stay should issue, the Committee urges the Court to require that Branch post a bond for the entire amount at issue.

Respectfully submitted,

Date:   August 24, 2011              By:      /s/ Russ M. Herman
                                              **Russ M. Herman (Bar No. 6819)**
                                              Leonard A. Davis (Bar No. 14190)
                                              Stephen J. Herman (Bar No. 23129)
                                              *Herman, Herman, Katz & Cotlar, L.L.P.*
                                              820 O'Keefe Avenue
                                              New Orleans, Louisiana 70113
                                              Telephone: (504) 581-4892

                                              **PLAINTIFFS' LIAISON COUNSEL,
                                              CHAIR OF THE FEE ALLOCATION
                                              COMMITTEE, AND LIAISON COUNSEL
                                              FOR COMMON BENEFIT COUNSEL**


                                     By:      /s/ Andy D. Birchfield, Jr.,
                                              **Andy D. Birchfield, Jr**.
                                              *Beasley, Allen, Crow, Methvin,
                                              Portis & Miles, P.C.*
                                              P. O. Box 4160
                                              Montgomery, AL  36103-4160
                                              Telephone: (334) 369-2343

                                              **PLAINTIFFS' CO-LEAD COUNSEL,
                                              SECRETARY OF THE FEE
                                              ALLOCATION COMMITTEE, AND CO-
                                              LEAD COUNSEL FOR COMMON
                                              BENEFIT COUNSEL**

5

By:    /s/ Christopher A. Seeger
      **Christopher A. Seeger**
      *Seeger Weiss*
      One William Street
      New York, NY 10004
      Telephone: (212) 584-0700

      **PLAINTIFFS' CO-LEAD COUNSEL AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

Russ M. Herman, Esq.
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892 (telephone)
(504) 561-6024 (telecopier)

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Thomas V. Girardi, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
(213) 977-0211 (telephone)

Mark Lanier, Esq.
LANIER LAW FIRM, PC
6810 FM 1960 West
Houston, TX 77069
(713) 659-5200 (telephone)
(713) 659-2204 (telecopier)

Edward F. Blizzard, Esq.
BLIZZARD, MCCARTHY & NABERS, LLP
Lyric Centre, 440 Louisiana
Suite 1710
Houston, TX 77002-1689
(713) 844-3750 (telephone)
(713) 844-3755 (telecopier)

Perry Weitz, Esq.
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
(212) 558-5500 (telephone)
(212) 344-5461 (telecopier)

**FEE ALLOCATION COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 24th day of August, 2011.

/s/ Andy D. Birchfield, Jr.
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555