**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: VIOXX | § | MDL NO. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| | § | JUDGE FALLON |
| This document relates to all cases | § | MAG. JUDGE KNOWLES |
| | § | SPECIAL MASTER |
| FILER:  JACK E. URQUHART | § | PATRICK A. JUNEAU |
| | § | |
| | § | August 25, 2011 |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY
DISBURSEMENT AND DISTRIBUTION OF COMMON BENEFIT
ATTORNEYS' FEES PENDING APPEAL**

Pursuant to Federal Rules of Appellate Procedure Rule 8(a), Kathryn Snapka (Successor in Interest to Snapka, Turman & Waterhouse, hereinafter referred to as "Snapka") and Escobedo, Tippit & Cárdenas (referred to in this document and on appeal by the names of the real parties in interest José Escobedo, Jr. and David Hockema, or, collectively "Escobedo-Hockema"), Common Benefit Fee Claimants and Objectors, respectfully submit this memorandum in support of their Motion to Stay Disbursement and Distribution of Common Benefit Attorneys' Fees from the Common Benefit Fund.

On August 9, 2011, the Court signed an Order & Reasons (the "August 9, 2011 Order") setting forth its allocation of Common Benefit Attorneys' Fees from the Common Benefit Fund.  Snapka and Escobedo-Hockema are appealing that order, additional orders identified in their Notice of Appeal, and all other appealable orders and judgments.  Snapka and Escobedo-Hockema filed their Motion to Stay pending the appeal.  Snapka and Escobedo-Hockema are appealing the Court's August 9, 2011 Order and other orders on

the grounds that the Court's allocation of common benefit fees constitutes an abuse of discretion.

**Snapka and Escobedo-Hockema are likely to prevail on the merits of their appeal.**

Snapka and Escobedo-Hockema have argued that fee apportionments must be supported by a record that demonstrates the use of an elucidated methodology that is transparent, uniformly applied to all fee applicants, and is reasonably likely to produce fair compensation for all fee applicants. Snapka and Escobedo-Hockema respectfully disagree that such a methodology, or any other methodology, was uniformly applied to all Common Benefit Attorneys in this Common Benefit Fund attorney fee allocation. Rather, side deals dominate the apportionment recommendations. The relationship between the side deal numbers and a fair apportionment methodology must be explained. This was not done.

Further, the law on allocation of Common Benefit Funds in MDLs is sparse, at best, and is in need of clarification. The absence of an articulated method of allocation affects not only Snapka and Escobedo-Hockema, but all Common Benefit Fund Claimants.

**Without a stay Snapka and Escobedo-Hockema will suffer irreparable harm.**

Good cause exists for this Court to stay disbursement and distribution of common benefit attorneys' fees. Snapka and Escobedo-Hockema will suffer irreparable harm if common benefit attorneys' fees are disbursed and distributed from the Fund prior to the resolution of their appeal. A distribution, pending appeal, would irreparably damage Snapka and Escobedo-Hockema, all other applicants, and the court if a reallocation is required.

Over 100 law firms and their attorneys participated in common benefit work throughout the course of the Vioxx litigation. The task of restitution would be practically impossible if a distribution preceded the resolution of this appeal.

**Snapka and Escobedo-Hockema's appeal will not substantially harm any non-appealing attorneys.**

Neither the FAC nor any other non-appealing firm will be substantially harmed by Snapka and Escobedo-Hockema's appeal. The Common Benefit Fund currently at issue is maintained by third-party Claims Administrator BrownGreer, LLP, in an interest-bearing fund under the control of this Court. This alleviates any concern that any claimant's bona fide rights would be negatively affected by a stay.

The only event that would likely produce a harmful result for any interested party would be a distribution of funds before the appeal process is completed.

**Attorney common benefit fund fee allocations by their very nature are of public interest.**

Attorney common benefit fund fee allocations by their very nature are of public interest. Unfortunately, there simply is not an abundance of guiding principles to assist with orchestrating the fee allocation process, particularly with MDLs. As the Court in *In Re High Sulfur Gasoline Content,* noted, an open and fair process is necessary to maintain public confidence in the judicial system.[1]

**No supersedeas bond is required for this appeal because Snapka and Escobedo-Hockema are not judgment debtors.**

Snapka and Escobedo-Hockema are not judgment debtors in this case. No judgment was taken against Snapka or Escobedo-Hockema. Because they are not judgment debtors, there is no judgment for which Snapka and Escobedo-Hockema are

---

[1] 517 F.3d 220, 230 (5th Cir. 2008).

liable. Funds in this case are in an interest-bearing account under the control of the Court. As such, a bond is neither necessary or appropriate. In *Stewart Park & Reserve Coalition, Inc. v. Slater,*[2] the Court considered whether plaintiffs were entitled to waiver of a supersedeas bond to appeal the Court's ruling granting the defendants' summary judgment. In that case, the plaintiffs brought suit challenging defendants' plans to construct an interstate highway. In seeking a waiver of bond, the plaintiffs failed to argue why they should not be required to post a bond. In contrast, the defendants argued that a bond was required because of potential financial loss to defendants.

In considering the plaintiffs' plea for waiver of bond, the court explained that "one purpose of a supersedeas bond is to guarantee a party's ability to satisfy a money judgment."[3] The court then found because there was no money judgment at stake and because the "State" essentially caused its own injury, the plaintiffs were entitled to waiver of the bond.[4]

Similarly, in this Vioxx matter, although Snapka and Escobedo-Hockema are appellants, they are not personally liable for the judgment. Therefore, their financial condition or their credit worthiness has no bearing on whether Common Benefit Funds will be available at the conclusion of this appeal. Snapka's and Escobedo-Hockema's financial conditions do not jeopardize appellees' allocation and resulting distribution in any manner. The ultimate prevailing parties' award is safe and secure, as far as it relates to Snapka's and Escobedo-Hockema's financial condition.

---

[2] 232 F. Supp. 2d 1, 4 (N.D.N.Y 2002).
[3] *Id*. (citing *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F.Supp.2d 223, 255 (N.D.N.Y. 2002).
[4] *See id*.; *see also U.S. v. All Funds On Deposit*, 801 F.Supp. 984 (E.D.N.Y. 1992) (finding that since funds were in the possession of the court and gathering interest, there was no prejudice to the government from a stay of execution of judgment.)

4

**FAC does not cite any authority that allows FAC to request that the Court impose a bond on appellants.**

FAC did not cite authority from any aggregate litigation matter that supports FAC's opposition to stay a distribution of Common Benefit Funds pending an appeal. In fact, in *Turner v. Murphy Oil USA Inc.,* this Court specifically noted in its opinion that all payment of any fees or costs shall be stayed until completion of any appeals from this order.[5]

Additionally, FAC failed to cite any authority in aggregate litigation that allows FAC to request that the Court impose a bond on appellants.[6] It appears that by opposing appellants' Motion to Stay and requesting that the Court impose a bond, FAC is seeking to do nothing more than foreclose Common Benefit Claimant Objectors' right to appeal by imposing an unsupportable bond requirement that obviously cannot be met.

**It is well within this Court's discretion to allow a waiver of a supersedeas bond.**

Even if, as FAC contends, Rule 62(d)'s bond requirement governs the present bond issue, federal courts have recognized exceptions to the bond requirement if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery. Courts have held that district courts always have discretion to set a low bond for good cause shown.[7] Additionally, district courts have found that a court may forego requiring appellants to post a supersedeas bond under certain circumstances.[8]

---

[5] 582 F.Supp. 2d 797, 827 (E.D. La 2008).

[6] *See In Re Farrell Lines, Inc.* , 761 F.2d 796, 797-798 (D.C.Cir. 1985); *see also United States ex rel Terry Inv. Co. v. United Funding & Investors, Inc.*, 800 F.Supp. 879, 881 (E.D. Cal. 1992).

[7] *See Miami Intern. Realty Co., v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

[8] *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, , 630 F.2d 1189, 1191 (5th Cir. 1979)*See, e.g., Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (expressing the view that Rule 62(d), which speaks to stays granted as a matter of right, does not constrain district courts from granting stays in accordance with their discretion); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (same); *Munoz v. City of Phila.*, 537 F.Supp.2d 749, 751-52 (E.D.Pa. 2008) (granting a stay without requiring a bond where the movant had sufficient funds to pay the judgment against it and there was "no basis to think that prompt payment [would] not take place should the judgment be sustained on appeal").

The Court should not require a supersedeas bond in this case. The funds at issue are under this Court's control.

**In addition to the Fifth Circuit, other courts permit alternative security to substitute for a supersedeas bond.**

Other jurisdictions also have relinquished the bond requirement of Rule 62(d) where other means were available to secure the creditors' interests,[9] or where the appealing party shows the judgment creditor's recovery is not in jeopardy.[10] In *Miami Intern. Realty Co.*,[11] the Tenth Circuit held the lower court did not err in granting a stay without full supersedeas bond for the full amount of appellee's judgment where 1) appellant's motion to stay was supported by an affidavit;[12] 2) the district court required appellant to place his insurance proceeds, which was only a partial bond, into escrow; and 3) the district court prohibited appellant from disposing of any assets.[13] The Court noted the appellee failed to contradict appellant's evidence. Additionally, the Court cited favorably *Texaco v. Pennzoil*, which declared "when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors."[14]

Likewise, in examining an objector's appeal of a fee award, the Third Circuit noted in *In Re Diet Drugs*[15], where the assessments and fees awarded pursuant to a settlement agreement were maintained in escrow accounts under the district court's control, it was

---

[9] *See, e.g., Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (expressing the view that Rule 62(d), which speaks to stays granted as a matter of right, does not constrain district courts from granting stays in accordance with their discretion); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (same); *Munoz v. City of Phila.*, 537 F.Supp.2d 749, 751-52 (E.D.Pa. 2008) (granting a stay without requiring a bond where the movant had sufficient funds to pay the judgment against it and there was "no basis to think that prompt payment [would] not take place should the judgment be sustained on appeal").
[10] *Miami Intern. Realty Co., v. Paynter*, 807 F.2d 871 at 873-874.
[11] 807 F.2d 871 (10th Cir. 1986).
[12] Appellant's affidavit stated he did not have sufficient assets to post a $1.6 million supersedeas bond above the $500,000 provided by his insurer to cover Appellee's $2.1 million judgment; and 2) that execution of the judgment would cause him irreparable harm and place him in insolvency.
[13] *Miami Intern. Realty Co., v. Paynter*, 807 F.2d at 874.
[14] *Id.*, citing *Texaco, Inc. v. Pennzoil Company*, 784 F.2d 1133, 1154, 1155 (2nd Cir. 1986).
[15] 582 F.3d 524, 552 (3rd Cir. 2009).

quite possible, perhaps even likely, that the district court would have waived the bond requirement or required a substantially reduced bond in that case.[16]  Additionally, during the appeal, the Court made the following comments regarding the appellant's decision not to move for a stay because of his belief that he would be required to post an inordinately large bond:

> We also find it significant — and surprising — that Valori, who has argued so vigorously that the allocation is unfair, never sought a stay of the refund distribution pending appeal . . .  When pressed on the matter during oral argument, Valori asserted that, in order to request a stay, he would have had to post a supersedeas bond — a bond that, given the enormous amount of money at issue in this case, he would not have been able to afford — so the Court probably would not have granted his request anyway. That defeatist stance is too convenient an excuse. Although Fed.R.Civ.P. 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," courts may forego that requirement when there are other means to secure the judgment creditor's interests.  Here, the assessments and fees awarded pursuant to the Settlement Agreement were maintained in escrow accounts under the District Court's control. It is therefore quite possible, perhaps even likely, that the Court would have waived the bond requirement or required a substantially reduced bond in this case. All of that being said, we need not decide whether practical difficulties in administering a reallocation, or Valori's inaction in attempting to mitigate those difficulties, foreclose us from remanding the matter.[17]

**FAC failed to show how imposing a bond would serve any purpose for which a bond is reasonable.**

Although FAC further argues appellants should be required to post a bond to stay enforcement of a judgment pending appeal,[18] FAC fails to explain why a bond is required or should be required in this instance.  The central purpose of a supersedeas bond is "to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency."  A bond is not required or appropriate  here.  Because the funds are in a secure, interest-bearing account, the prevailing parties (appellants or appellees) are

---

[16] *Id.*
[17] *Id.* (internal cites omitted).
[18] *See* Fee Allocation Committee's Opposition to Motion to Stay at 4.

protected against any concern of loss sustained as a result of forgoing an immediate distribution of funds.

The only effect of FAC's request for the imposition of a bond on Common Benefit Fee Claimants, Objectors is to deny appellees' right of appeal.

In addition, Snapka and Escobedo-Hockema also request that this Court exercise its discretion under Federal Rules of Appellate Procedure Rule 7 and not require Snapka and Escobedo-Hockema to post a bond for appeal costs.

Snapka and Escobedo-Hockema pray the Court stay the distribution of any and all common benefit attorneys' fees from the Common Benefit Fund and waive the requirement of bond pending Snapka and Escobedo-Hockema's appeal of this Court's orders.

>Respectfully submitted,
>
>**BEIRNE, MAYNARD & PARSONS, L.L.P.**
>
>   /s/   Jack E. Urquhart
>Jack E. Urquhart
>State Bar No. 20415600
>1300 Post Oak Blvd., Suite 2400
>Houston, Texas 77056
>Telephone:  (713) 871-6760
>Facsimile:  (713) 960-1527
>
>**ATTORNEYS FOR KATHRYN SNAPKA, JOE ESCOBEDO, JR. AND DAVID HOCKEMA**

Of Counsel:

Gary Alfred
Texas Bar No. 24011214
Terry Adams
Texas Bar No. 00874010
Charles T. Miers
Texas Bar No. 00784600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone:  (713) 871-6760
Facsimile:   (713) 960-1527

Paul M. Lavelle
Louisiana Bar Number is 08134
BEIRNE, MAYNARD & PARSONS, L.L.P.
110 Poydres Street, Suite 2900
New Orleans, LA 70163
Telephone: (504) 799-2223
Facsimile:  (504) 799-2224

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing, and that the forgoing was sent via email to:

Russ Herman, rherman@hhkc.com

Andy Birchfield, andy.birchfield@beasleyallen.com

Special Master Patrick Juneau, PAJ@juneaudavid.com

This 25th day of August, 2011.

/s/
Jack E. Urquhart