IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | MDL NO. 1657 |
| Products Liability Litigation | SECTION: L |
| This Document Relates to: | JUDGE ELDON E. FALLON |
| GENE WEEKS, KRISTINE CRAMER, NATHAN WILKINS, VIRGINIA PICKET SUSAN SMITH, on behalf of themselves and all others similarly situated, | MAGISTRATE JUDGE KNOWLES |
| Plaintiffs, | |
| versus | |
| MERCK & CO. INC., | |
| Defendant | |
| Civil Action No. 2:09-cv-03713 | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this notice of supplemental authority in support of its pending motion to strike the class allegations in plaintiffs' First Amended Complaint.

In its motion, Merck argued that plaintiffs' class allegations are not viable because their class definition – which purports to include all individuals who accepted the terms of the Vioxx Master Settlement Agreement ("MSA") "for fear of losing their retained counsel" – is based on the state of mind of individual class members and is therefore not ascertainable.  (*See* Mot. at 5.)

1

Merck further argued that plaintiffs' proposed class definition fails because it would require the Court to decide factual issues highly relevant to the underlying merits. (*See id.* at 8.) The recently decided case of *Weeks v. Merck*, 412 F. App'x 653 (5th Cir. 2010), supports Merck's motion to strike plaintiffs' class allegations with respect to both of these arguments.

In *Weeks*, Gene Weeks, one of the named plaintiffs in the instant lawsuit, raised the same argument alleged in this suit. Despite having received a settlement award of $286,834, plaintiff argued that he should be released from the MSA because his attorney at the time coerced him into enrolling in the agreement. *See id.* at 653. Specifically, plaintiff contended that the "all in" provisions of the MSA – the same provisions challenged in this suit – interfered with his attorney's professional judgment by requiring all counsel representing plaintiffs that were parties to the MSA to: (1) recommend settlement to all clients; and (2) withdraw from representing clients who refused participation. *Id*.

The U.S. Court of Appeals for the Fifth Circuit affirmed this Court's denial of plaintiff's motion to rescind and vacate his enrollment in the MSA. In its ruling, the Fifth Circuit rejected plaintiff's argument that he was improperly coerced by his attorney due to the MSA's "all in" provisions. *Id*. at 654. Stating that a "settlement agreement is a contract," the court then applied general principles of state contract law and upheld the agreement. *Id*. According to the court, plaintiff failed to demonstrate that his consent was vitiated by fraud "because his attorney did not conceal or misrepresent her relationship – such as it was – with Merck." *Id*.

*Weeks* strongly suggests that plaintiffs' theory – that they were coerced by the "all in" provisions of the MSA – is not a valid basis for challenging the settlement.[1] At the very least, it

---

[1] *Weeks* also requires that plaintiff Gene Weeks be dismissed from this suit on *res judicata* grounds. *See LaCroix v. Marshall County*, 409 F. App'x 794 (5th Cir. 2011) (affirming dismissal of plaintiff's claims where he had raised identical issues in an earlier proceeding). And Weeks is not the only plaintiff whose participation in this
*(cont'd)*

confirms Merck's arguments that plaintiffs' proposed class definition is not ascertainable and would require the Court to improperly tread on merits issues to determine class membership.

For starters, *Weeks* illustrates the fundamentally unascertainable character of the critical criterion for class membership: assent to the MSA "for fear of losing . . . retained counsel." In *Weeks*, the Fifth Circuit conducted a highly fact-sensitive, individualized analysis to address plaintiff's claim that he was improperly coerced into signing the MSA by his attorney. Here, to determine whether a potential class member consented to the terms of the MSA "for fear of losing [his or her] retained counsel," the Court would have to conduct a similar inquiry for ***each proposed class member***. As argued in Merck's motion, a class is not ascertainable if its membership can only be determined by such individualized mini-trials. *See Barasich v. Shell Pipeline Co. LP*, No. 05-4180, 2008 U.S. Dist. LEXIS 47474, at *13-14 (E.D. La. June 19, 2008); *see also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) (class certification is inappropriate where ascertaining class membership would be a "Sisyphean task" that "would be a burden on the court and require a large expenditure of valuable court time").

*Weeks* also supports Merck's argument that identifying class members would improperly require merits determinations. After all, the central inquiry for class membership – i.e., whether a class member was coerced into settling by the MSA's all-in provisions – was also the substantive basis for the *Weeks* plaintiff's claim that he should be released from the MSA. Thus, plaintiffs have asked this court to decide the ultimate issue in dispute when ascertaining class

---

*(cont'd from previous page)*
suit is legally at an end. Two of the named plaintiffs have settled their claims and submitted a stipulation of dismissal with prejudice. Specifically, Susan Smith received over $100,000, and Cynthia Cramer received *over $1,000,000*. Accordingly, they lack standing to proceed in this suit, as the requested relief – rescission of their settlement with Merck – would force them to return the substantial sums they received but would not provide them with any relief, as their claims have been dismissed with prejudice. The other two plaintiffs similarly lack standing, but for different reasons; one, Virginia Pickett, has been released from the resolution program and is actively

*(cont'd)*

3

membership.  This type of merits inquiry is improper at the class-certification stage.  *See In re Vioxx Prods. Liab. Litig.*, MDL 1657, 2008 WL 4681368, at *9 (E.D. La. Oct. 21, 2008) ("It is a 'basic tenet of class certification [that] a court may not inquire into the merits of the case at the class certification stage.'") (quoting *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995)).  For this reason too, plaintiffs' class allegations should be stricken.

## CONCLUSION

For the foregoing reasons, and those set forth in Merck's prior briefing, the Court should grant Merck's motion to strike class allegations in plaintiffs' First Amended Complaint.

Dated:  August 26, 2011                                        Respectfully submitted,

_____
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

---

*(cont'd from previous page)*
pursuing her claim against Merck in this Court; the other, Nathan Wilkins, never settled.  Accordingly, there are no remaining plaintiffs with valid claims before the Court.

## **CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of August, 2011.

        */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel