UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| This document relates to: | Judge Fallon |
| *William Andrew and Tonya Curl, v. Merck & Co., Inc., et al. Civil Action No. 2:05-CV-05295* | Magistrate Judge Knowles |

## MEMORANDUM IN SUPPORT OF CHARLES CONLEY, D.O.'S MOTION FOR SUMMARY JUDGMENT

To resolve the present Motion, this Court need only answer one question of law: Can Plaintiffs establish a *prima facie* case of medical malpractice against Dr. Conley? Plaintiffs have yet to make any expert disclosure whatsoever, in compliance with the Civil Rules and this Court's Order, of an expert witness expected to testify in support of their claims. As such, the answer to the question before this Court is a resounding "NO!" Accordingly, and as demonstrated below, there is no genuine issue as to any material fact and Dr. Conley is entitled to judgment as a matter of law.

### FACTUAL BACKGROUND

On or about May 18, 2005, Plaintiffs, William Andrew Curl and Tonya Curl filed this lawsuit. In their complaint they allege not only a products liability action against Merck & Co., Inc., but also included allegations of medical malpractice against Charles Conley, D.O., a physician practicing in Kentucky. In short, the allegations against Dr. Conley said that "[d]espite the fraud of Merck and its attempts to conceal and to misrepresent the safety profile of Vioxx ®, Defendant Dr. Conley, nevertheless failed to exercise reasonable care in prescribing Vioxx ® to

William Andrew Curl...."[1]  The allegations against Dr. Conley are 100% contradictory to those leveled against Merck.

On June 9, 2005, after properly answering the Plaintiffs' Complaint against him, Dr. Conley also propounded to the Plaintiffs, among other things, Requests for Admissions.[2]  Those Requests for Admissions included a request to:

> 3. Please admit or deny that Plaintiff is unable to state through expert testimony that the care and treatment by the Defendant, to a reasonable degree of medical probability, caused the Plaintiff's injury.
> 4. Please admit or deny that Plaintiff is unable to state through expert testimony that the care and treatment by the Defendant deviated from accepted standards of medical care.[3]

Despite that request having properly been made, Plaintiffs have never responded to those Requests for Admissions.

Dr. Conley has also properly requested that the Plaintiffs identify any expert testimony against him.  Specifically, Dr. Conley requested:

> 11. Please state the name and address of each and every person whom you expect to call as an Expert Witness at the trial of this action, and for each, please state:
>     a. The substance of the facts and opinions to which you expect said expert to testify, the facts relied upon in reaching said opinions and the reason given therefore.
>     b. Has said physician or medical expert has rendered a report or other written memoranda regarding this case to you or your attorney.
>     c. If your answer to subparagraph b is in the affirmative, please attach a copy of the report to these answers.
>     d. Whether or not said physician personally saw or examined the plaintiff
>     e. All written and/or oral material upon which said expert relied upon in reaching said opinions.[4]

---

[1] Pl.'s Complaint (May 18, 2005) (Attached as Exhibit 1)
[2] Def.'s Req. Adm. (June 9, 2005) (Attached as Exhibit 2)
[3] *Id.* at Nos. 3 & 4.
[4] Def.'s Interrogs. No. 11. (June 9, 2005).

Furthermore, according to the Discovery Requirements of Pre-trial Order No. 28, Plaintiffs, as of November 9, 2007[5], whose last name begins with the letters A through L[6], were required to disclose a case specific report from a medical expert[7] on or before May 1, 2008.[8]

As is shown below, Plaintiffs have completely failed to comply with the Rules of Civil Procedure and this Honorable Court's Pre-Trial Order No. 28 with regard to their allegations against Dr. Charles Conley, and therefore, Dr. Conley is entitled to summary judgment.

## ARGUMENT

Using the principles that were strictly affirmed by the United States Supreme Court in *Ferens v. John Deere Company*[9] as well those previously propounded in the Vioxx[10] cases, this Honorable Court will apply the substantive law of the transferor District Court in Kentucky to the medical negligence claims against Dr. Conley.

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] "The burden is generally on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by `showing; that is, pointing out to the district court; that there is an absence of evidence to support the nonmoving party's case.'"[12] "In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are

---

[5] Pretrial Order No. 28 (November 9, 2007) (Attached as Exhibit 1).
[6] *Id.* at Section II (C)(1).
[7] *Id.* at Section II (A)(8).
[8] *Id.* at Section II(C)(1).
[9] 494 U.S. 516 (1990).
[6] *See In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 455-58 (E.D.La. 2006); *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741, 749 (E.D.La. 2006). The applicable substantive law in Vioxx cases is the law of the state where the plaintiffs resided when they were prescribed Vioxx, when they ingested Vioxx, and when they were allegedly injured by the drug.
[11] Fed.R.Civ.P. 56(c).
[12] *Bennett v. City of Eastpointe,* 410 F.3d 810, 817 (6th Cir.2005) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party."[13] "Thus, the facts and any inferences that can be drawn from those facts, must be viewed in the light most favorable to the non-moving party."[14]

"Summary judgments are alive and well" in Kentucky,[15] and a Court must dismiss a claim whenever the party opposing a properly supported motion for summary judgment fails to carry his burden of "presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial."[16] Keeping this rule in mind, an examination of the evidence of record in the present case quickly reveals that Plaintiffs cannot carry their burden in responding to Dr. Conley's Motion for Summary Judgment.

Kentucky law has long-required a medical-malpractice plaintiff to offer testimony from a competent and qualified expert witness in support of his cause of action. Whenever that plaintiff fails this requirement, the law mandates that his claims be dismissed with prejudice. Notwithstanding the fact that this action has now been pending for well over five years, Plaintiffs have yet to offer any disclosure of an expert witness expected to testify in support of his claims against Dr. Charles Conley, D.O. despite previous requests for that information through Dr. Conley's Request for Admissions and despite the passage of a disclosure deadline of May 1, 2008 - nearly three years ago.

---

[13] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[14] *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)

[15] Phillipps, 7 Kentucky Practice Rule 56.03 (Supp. 1999).

[16] *Hibbitts v. Cumberland Valley Nat. Bank*, Ky. App., 977 S.W.2d 252, 253 (1998) citing *Steelvest, Inc. v. Scansteel Service Ctr., Inc.*, Ky., 807 S.W.2d 476, 482 (1991) and *Hubble v. Johnson*, Ky., 841 S.W.2d 169, 171 (1992).

## I. PLAINTIFFS EXPERT REPORT IS 100% CONTRADICTORY TO THE ALLEGATIONS LEVELED AGAINST DR. CONLEY

Plaintiffs did file an expert report authored by Steven Rich, M.D., on March 26, 2009 in accordance with this Honorable Court's Pre-Trial Order 28. However, and very importantly, that report says *nothing* about Dr. Charles Conley. In fact, the report specifically absolves physicians of any wrong doing.

> In the interest of brevity I will discuss the individual studies in connection with my opinions regarding Merck's failure to properly warn the public, the healthcare community at large, and physicians in particular about the expected, predicted and demonstrated cardiovascular and deep venous thrombosis risk inherent in the use of VIOXX®.[17]

Dr. Rich's report also notes that

> It is my opinion that Merck consistently and deliberately failed to adequately warn prescribers regarding the known association between VIOXX® and onset of adverse cardiovascular consequences, and this included concealing information from the FDA itself.[18]

Not only did Plaintiffs completely fail to provide the Court-Ordered medical expert reporting against Dr. Conley but the expert report that they did file against Merck directly contradicts the allegations leveled against Dr. Conley, namely being that:

> Defendant, Dr. Conley, in the exercise of reasonable care and in compliance with the relevant standard of care knew or should have known that VIOXX® posed real and substantial risks of adverse cardiovascular events, but failed to fully and adequately consider those risks or disclose them to William Andrew Curl before prescribing VIOXX®.[19]

The Plaintiffs are clearly trying to "have their cake and eat it too" by both alleging that Merck failed to warn prescribers, but yet that the prescribers should have know of these alleged

---

[17] Exp. Rpt. of Steven Rich, p 11 (March 26, 2009) (Attached as Exhibit 2).
[18] *Id.* at 23.
[19] Plf.'s Complaint ¶134 (May 18, 2005) (Attached as Exhibit 3).

cardiovascular risks associated with VIOXX®. By submitting an expert report that supports only their theory against Merck in this regard, the Plaintiffs have clearly decided against pursuing the non-conforming allegation that Dr. Conley should have made himself aware of information that Merck allegedly didn't even share with the FDA![20]

## II. PLAINTIFFS LACK THE EXPERT TESTIMONY REQUIRED TO ESTABLISH A *PRIMA FACIE* CASE OF MEDICAL MALPRACTICE AGAINST DR. CONLEY

Plaintiffs'cause of action against Dr. Conley is a tort claim sounding in negligence. Before the Plaintiff can establish his *prima facie* case, he must prove the existence of a duty owed to him by Dr. Conley, a breach of that duty and some injury to him as a direct and proximate result of the breach of the particular duty owed.[21] In cases involving claims of medical malpractice, Kentucky Courts have long imposed a duty on physicians to exercise that degree of care and skill expected of a reasonably competent practitioner in the same field acting in the same or similar circumstances.[22]

Equally as entrenched in Kentucky law, however, is the notion that a medical malpractice plaintiff can prove neither a breach of the standard of care nor proximate causation without the testimony of a competent and qualified expert witness.[23] Only two extremely narrow "exceptions" apply to this rule and, even then, only in exceedingly rare instances neither of which is applicable to the present case. The first such "exception" springs into effect if, and only if, both the existence of a breach of the duty owed and the existence of a causal connection

---

[20] It is important to note here that neither Dr. Conley nor his counsel are commenting on the veracity of any allegations leveled against Merck. The recitation of the Plaintiffs' allegations in this case is used only to illustrate the nature of Plaintiffs' case against Dr. Conley.

[21] See *Mullins v. Commonwealth Life Ins. Co.*, Ky., 839 S.W.2d 245 (1992).

[22] See, e.g., *Mitchell v. Hadl*, Ky., 816 S.W.2d 183 (1991).

[23] See, e.g., *Reams v. Stutler*, Ky., 642 S.W.2d 586 (1982).

between the plaintiff's injuries and the putative breach are "so apparent that laymen with a general knowledge would have no difficulty recognizing" them.[24] In other words, "because the nature of the inquiry [in a medical malpractice action] is such that jurors are not competent to draw their own conclusions from the evidence without the aid of ... expert testimony," such proof is necessary to establish negligence in virtually all medical malpractice cases.[25]

Of course, herein, the question of whether a course of events and well-documented actions of a competent physician in the diagnosis and treatment of an illness is proper or in accordance with accepted standards of medical practice is beyond the everyday knowledge of laypersons. As such, Plaintiffs are therefore *required* to come forward with expert witness testimony in support of their claims against Dr. Conley.

The second "exception" is not really an exception at all. Instead, it is a mere question of timing. Kentucky Courts may resist applying the expert-testimony rule if a plaintiff has not had sufficient time to *conduct* (as opposed to *complete*) discovery. To the contrary, however, if a medical-malpractice plaintiff has had sufficient time to engage in discovery – yet still lacks the needed expert testimony in support of her case – this "exception" does not apply and summary judgment should be granted against her claims.

For example, in *Hartford Insurance Group v. Citizens Fidelity Bank & Trust Company*,[26] the Kentucky Court of Appeals concluded that summary judgment must be granted whenever it is shown that the non-moving party has had an opportunity to take discovery and then fails to come forward with affirmative evidence demonstrating a genuine issue of material fact. In reaching that decision, though, the Court expressly rejected the notion that discovery must be

---

[24] *Jarboe v. Harting*, Ky., 397 S.W.2d 775, 777-778 (1965); *see also Stokes v. Haynes*, Ky., 428 S.W.2d 227, 228 (1968); *Turner v. Reynolds*, Ky. App., 559 S.W.2d 740, 741 (1977).

[25] *Baylis v. Lourdes Hosp., Inc.*, Ky., 805 S.W.2d 122, 124 (1991).
[26] Ky. App., 579 S.W.2d 628 (1979).

complete: "It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so."[27] Thereafter, the Court had no trouble concluding that six (6) months had been a sufficient amount of time to conduct whatever discovery had been needed and affirmed the grant of summary judgment below.[28]

Notwithstanding its existence, this "exception" is likewise not applicable to the present case as the Plaintiffs have had more than adequate time in which to take any and all discovery that they may have needed to develop his case against Dr. Conley. Indeed, this action has been pending for nearly six years and the Plaintiffs have had ample opportunity to take whatever discovery they believes is necessary. They have, for whatever reason, chosen not to take any such discovery. Hence, they cannot be heard to complain that they have not had sufficient time in which to do so.

Nevertheless, despite proper inquiry through Dr. Conley's Request for Admissions and despite the passage of the PTO No. 28's May 1, 2008 deadline, Plaintiffs have yet to identify any expert witnesses expected to testify in support of their claims against Dr. Conley in this action. As such, for nearly 6 years, Plaintiffs have utterly failed to come forward with the quality of evidence required in a medical malpractice claim under Kentucky law. Given this dearth of evidence, then, the record in this case is devoid of any competent proof capable of establishing either a breach of the standard of care by Dr. Conley or a causal connection between that supposed breach and the injuries Plaintiffs claim to have suffered as a direct result of the alleged

---

[27] *Id.* at 630; *see also Vance v. United States*, 90 F.3d 1145 (6th Cir. 1996) (applying Kentucky law and holding that where a medical malpractice plaintiff has had sufficient time to conduct some discovery, summary judgment is proper if the plaintiff fails to respond properly by coming forward with expert testimony in support of his claims).

[28] 579 S.W.2d at 631; *see also Rich v. Kentucky Country Day, Inc.*, Ky. App., 793 S.W.2d 832, 838 (1990) (noting, while affirming summary judgment against the plaintiffs, that thirteen months had elapsed between the filing of the complaint and the trial court's entry of summary judgment and that such "time lapse should have been ample to complete discovery....").

breach. Without such proof, Plaintiffs simply cannot establish a *prima facie* case of medical malpractice making it a legal impossibility to prevail against Dr. Conley.

Because of the actions of the Plaintiffs, both in bringing this suit against Dr. Conley, and in failing to pursue any claims against him, Dr. Conley has been forced, for almost six years, to repeatedly report this lawsuit to credentialing facilities, malpractice carriers, and to the appropriate licensing agencies; all so Plaintiffs can keep him on the roster of Defendants. Since 2005, despite Dr. Conley being a named defendant in this lawsuit, the Plaintiffs have taken absolutely no steps to pursue any aspect of their Complaint against Dr. Conley while the Plaintiffs have actively pursued their claims against co-defendant Merck & Co., Inc.

What Plaintiffs have done over nearly six years is to admit that they are unable to "state through expert testimony that the care and treatment by the Defendant deviated from accepted standards of medical care." Plaintiffs have also admitted that they are further unable to "state through expert testimony that the care and treatment by the Defendant, to a reasonable degree of medical probability, caused the Plaintiff's injury." They have further ignored the proper request from Dr. Conley as well as the Pretrial Order from this Honorable Court to name an expert witness to testify against Dr. Conley. As such, Dr. Conley is entitled to Summary Judgment as a matter of law.

## CONCLUSION

In nearly six years, Plaintiffs have yet to offer any disclosure of an expert witness expected to testify in support of his claims against Charles Conley, D.O., despite previous requests for that information through Dr. Conley's Request for Admissions and despite the passage of a disclosure deadline of May 1, 2008 - nearly three years ago. Plaintiffs have failed to

identify a single expert witness expected to testify that Dr. Conley either deviated from the standard of care or that anything he did, or did not do, caused any injury to him. Without such evidence, there is no genuine issue of material fact and Plaintiffs simply cannot establish a *prima facie* case of medical malpractice against Dr. Conley. As a result of Plaintiffs' failures, Dr. Conley is entitled to Summary Judgment as a matter of law. Accordingly, he respectfully requests that his Motion for Summary Judgment be granted and that Plaintiffs' Complaint against him be dismissed with prejudice.

Respectfully Submitted,

/s/ James E. Smith
David B. Gazak
Daniel G. Brown
James E. Smith
Darby and Gazak, P.S.C.
3220 Office Pointe Place
Suite 200
Louisville, Kentucky 40220
(502) 412-5020 Tel.
(502) 412-1004 Fax
jsmith@darbygazak.com
pleadings@darbygazak.com
*Counsel for Defendant,*
*Charles Conley, D.O.*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 29, 2011**, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of the electronic filing to the following:

| | |
|---|---|
| Ronald R. Benjamin<br>Law Office of Ronald R. Benjamin<br>126 Riverside Drive<br>P.O. Box 607<br>Binghamton, NY 13902-0607<br>607-772-1442 Tel.<br>607-772-1678 Fax<br>*Counsel for Plaintiffs* | Phillip A. Wittman<br>Dorothy H. Wimberly<br>Stone Pigman Walther Wittmann, LLC<br>546 Carondetet Street<br>New Orleans, Louisiana 70130<br>504-581-3200 Tel.<br>504-581-3361 Fax<br>dwimberly@stonepigman.com<br>*Defendants' Liaison Counsel* |
| Douglas R. Marvin<br>Eva Petko Esber<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>202-434-5000 Tel.<br>202-434-5029 Fax<br>*Counsel for Merck & Co., Inc.* | Winston E. Miller<br>Frost Brown Todd, LLC<br>400 West Market Street<br>32nd Floor<br>Louisville, Kentucky 40202<br>502-589-5400 Tel.<br>502-581-1087 Fax<br>*Counsel for Defendant,*<br>*Merck & Co., Inc.* |
| Susan J. Pope<br>250 West Main Street<br>Suite 2700<br>Lexington, Kentucky 40507-1749<br>859-244-3204 Tel<br>859-231-0011 Fax<br>*Co-Counsel for Defendant,*<br>*Merck & Co., Inc.* | |

/s/ James E. Smith
*One of Counsel for Defendant,*
*Charles Conley, D.O.*