UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX | : | |
| | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| **THIS DOCUMENT RELATES TO** | : | |
| 2:10 CV 01115 | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

## PLAINTIFF'S REPLY TO DEFENDANT MERCK'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Jack Conway
Attorney General
Commonwealth of Kentucky

Todd E. Leatherman
Executive Director
Elizabeth Ungar Natter
Assistant Attorney General
Office of Consumer Protection
Office of the Attorney General
1024 Capital Center Dr., Suite 200
Frankfort, KY  40601
502-696-5389

Scott A. Powell
Don McKenna
Matthew C. Minner
Brian M. Vines
HARE, WYNN, NEWELL & NEWTON
2025 Third Avenue North, Suite 800
Birmingham, AL  35203
205-328-5330

William R. Garmer
GARMER & PRATHER
Opera House Building
141 North Broadway
Lexington, Kentucky 40504
859-254-9351

There is no federal jurisdiction over the Commonwealth's claim—the Commonwealth did not bring a "class action," it is the only real-party-in-interest, and there is no necessary federal issue. Instead of engaging the arguments presented in the Commonwealth's Motion to Remand ("Motion"), Merck's Response ("Response") asserts a newly crafted argument for Class Action Fairness Act ("CAFA") jurisdiction that depends on an exceedingly expansive view of non-binding case law that is contrary to Fifth Circuit law. Merck has essentially conceded its federal question argument, relegating its response to that issue to a footnote. At the end of the day, neither Merck's Notice of Removal, nor the new arguments presented in its Response, satisfies its substantial burden of establishing federal jurisdiction over the Commonwealth's, a sovereign state's, claim.

## THERE IS NO BASIS FOR FEDERAL JURISDICTION UNDER CAFA

Merck must establish both that the Commonwealth's complaint is a "class action" as defined by CAFA and that there is minimal diversity to establish federal jurisdiction under CAFA. 28 U.S.C. § 1332(d)(1)(B), (d)(2). Merck can satisfy neither requirement.

### A. The Commonwealth's Claim is Not a "Class Action" Under CAFA

For an action to be a "class action" under CAFA, it must have been "filed under [federal] rule 23 . . . or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). The Commonwealth's claim is brought pursuant to KRS § 367.190 which permits the Attorney General to bring an action to "prohibit the use" of "any method, act or practice declared by KRS 367.170 to be unlawful." Section 367.190 is not a "state statute or rule of judicial procedure" similar to "[federal] rule 23" as Merck claims. Kentucky law has such a provision, but it is Kentucky Rule of Civil Procedure 23, not KRS § 367.190. 28 U.S.C. § 1332(d)(1)(B). Merck's attempt in its Response to shoe-horn the Commonwealth's claim into CAFA's "class action"

1

definition fails. Merck misstates the holding in *Caldwell*, overstates the holding of *Dental Surgeons*, and insinuates a non-existent concession[1], all while conflating the distinction between a "class action" and a "mass action."[2] After all of this effort, Merck does not even attempt to satisfy the burden of piercing the Commonwealth's pleadings, a prerequisite under *Caldwell* to finding that the Commonwealth's claim is something other than what it states on its face.

1. Under *Caldwell*, Merck's Attempt to Establish the Commonwealth's Claim as a "Class Action" Under CAFA Must Fail.

The Fifth Circuit held that Louisiana's action was a removable "mass action" only after it affirmed two steps taken by the District Court: (1) the District Court's "decision to pierce [Louisiana's] pleadings" and (2) the District Court's determination that individual policyholders were the real-party-in-interest for Louisiana's claim for treble damages. *Id.* 424-25, 428-29. Merck's conclusory argument that the Commonwealth's case is a "class action" under CAFA satisfies neither requirement and fails to explain why the "mass action" holding from *Louisiana ex rel. Caldwell v. Allstate Ins. Co. et al.*, 536 F.3d 418 (5th Cir. 2008), should convert this action to a "class action."

Instead of addressing the analysis laid out in *Caldwell*, Merck's response suggests that "a representative suit initiated by a state attorney general is a 'class action' for purposes of CAFA under binding Fifth Circuit precedent." (Resp. 3) (emphasis added). This statement is both inapplicable and false. First, as Merck is well aware, *Caldwell* specifically held that Louisiana's

---

[1] If the Court has any concerns regarding this asserted "concession" of the "class action" issue, the Commonwealth respectfully requests the Court to review Merck's support for this assertion. (Motion 13 & n.4). Nowhere does the Commonwealth concede this is a "class action" for purposes of CAFA under *Caldwell*. In its Motion to Remand, the Commonwealth argued at length that it was the only real-party-in-interest and distinguished *Dental Surgeons*, (Motion 14-18); the two bases Merck asserted to satisfy the "class action" requirement. (Notice ¶¶ 20 & 21). Furthermore, "[a] party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[2] Merck erroneously includes a claim with "100 or more members" in its definition of what types of class actions are removable under CAFA. (Resp. 2). That is a requirement of a "mass action," not "class action." *See* 28 U.S.C. § 1332(d)(11)(B)(i).

2

claim was a "mass action," and did not address whether the case was a "class action." *Caldwell*, 536 F.3d at 430; (Ex. A, Merck's Resp. to Motion to Vacate CTO p. 4) (noting that *Caldwell* found the Louisiana action "a 'mass action'"). This is not a distinction without a difference, Merck has argued strenuously that the Commonwealth's action was not a "mass action" so that it could transfer the case to this MDL. (Ex. A at 2-5).

Merck also claims that both the district court and Fifth Circuit found Louisiana's complaint to be a "class action" because it was a "representative action." (Resp. 3-4) (arguing that "[t]he district court agreed, and so did the Fifth Circuit" with the defendants' removal argument that Louisiana's case was "a 'class action' within the meaning of CAFA" because it was a "representative action"). This misstates *Caldwell*. The defendants argued the case was removable under CAFA because "the petition is seeking treble damages on behalf of Louisiana insurance policy holders," *Caldwell*, 536 F.3d at 423, not because it was a representative action, (Resp. 3-4). The real-party-in-interest analysis for the treble damages was "the central issue in th[e] appeal," *Caldwell*, 536 F.3d at 429-30, and only after concluding that the policyholders [were] the real parties in interest," for that specific claim, did the Court "agree that [the] action was properly" removable as a "mass action," *id.* at 430. Furthermore, the Fifth Circuit clearly noted, and upheld, the district court's decision to pierce Louisiana's pleadings before it concluded that Louisiana's pled "parens patriae" action was a "mass action" removable under CAFA.[3] *Id.* at 423, 424-25.

Merck's "representative action" argument also begs the question of whether the Commonwealth's action is a "representative action"—which it is not. Merck asserts that a

---

[3] The Fifth Circuit found that Louisiana waived any argument that the Court should not have pierced its pleadings. *Caldwell*, 536 F.3d at 425. A district court's decision to not pierce a party's pleadings is reviewed for abuse of discretion. *Id.*

3

"representative action" is a "class action", but never explains why the Commonwealth's claim is a representative action. As the Fourth Circuit explained, when a state brings an action under its consumer protection statute it is not the type of "representation essential to the representational aspect of a class action." *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 2011 WL 1902678, at *6 (4th Cir. May 20, 2011). Instead, the Commonwealth's claim is "more analogous to the role of the EEOC or other regulator when it brings an action on behalf of a large group of employees or a segment of the public." *Id.* "Yet, the Supreme Court has concluded that such a regulator's action is not a class action of the kind defined in Rule 23." *Id.*

The Fourth's Circuit's analysis in *CVS Pharmacy* is consistent with Kentucky law. The purpose of the Kentucky Consumer Protection Act is to protect "the the public interest and the well-being of both the consumer public and the ethical sellers of goods and services." KRS § 367.120. In other words, the Commonwealth's claim is about regulating the marketplace within the Commonwealth, not seeking representative relief on behalf of specific consumers.[4]

Once Merck's conclusory "representative" argument is discarded, Merck cannot establish that the Commonwealth's claim is a "class action" under CAFA under the standard articulated in *Caldwell*. First, Merck has provided no justification for this Court to pierce the Commonwealth's pleading in search of hidden causes of action. Merck "must prove that the allegations of the complaint were fraudulently made" before it can pierce the Commonwealth's pleadings. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); (Motion 20). Merck has made no attempt to do so. Furthermore, even if one assumes the "mass action"

---

[4] Indeed, it is the position of the Commonwealth that even in other cases where it seeks injunctive relief, penalties, **and** consumer restitution, CAFA does not confer federal jurisdiction. Because it is not seeking restitution in this case, the Court need not reach that issue.

4

standard in *Caldwell* would apply to a "class action,"[5] the Commonwealth is the only real-party-in-interest to this litigation. *See* (infra p. 6-12)

      2. *Dental Surgeons* Does Not Support Merck's "Class Action" Argument.

Before addressing the real-party-in-interest issue, the irrelevance of *College of Dental Surgeons v. Connecticut General Life Insurance Co.*, 585 F.3d 33 (1st Cir. 2009), should be quickly addressed. In that case, the First Circuit held that when an action is unequivocally brought under a state's (or territory's) class action statute, it is a "class action" for purposes of 28 U.S.C. § 1332(d)(1)(B) regardless of any concerns the court may have about the ultimate ability of the plaintiff to certify the class under Federal Rule of Civil Procedure 23. *Id.* at 40-42. There was no dispute regarding whether the plaintiff's complaint fit within the definition of a "class action" under CAFA—the issue for which Merck relies on this case. The plaintiff "never argued . . . that its suit [was anything] other than a class action," and the Court noted that the "complaint plainly invoked Puerto Rico's class action rules." *Id.* at 37, 40.

Merck's reliance on this case to support its argument that the Commonwealth's complaint is a "class action" under CAFA is misplaced and, ultimately, immaterial. *See New Jersey Dental Assoc. v. Metrop. Life Ins. Co.*, No. 10-2121, 2010 WL 3811305, at *3 (D.N.J. 2010) (rejecting *Dental Surgeons* as relevant to the question of whether an action is a "class action" under CAFA). All of Merck's citations to *Dental Surgeons* involved the question of whether the

---

[5] Although this Court need not rely on this distinction to remand the Commonwealth's claim, it is not at all clear that the reasoning of *Caldwell* would apply to convert an action by an Attorney General under a consumer protection statute into a "class action." CAFA clearly states that a "class action" must be similar to "[federal] rule 23." 28 U.S.C. § 1332(d)(1)(B). Surprisingly, Merck faults the Fourth Circuit for respecting that requirement. Merck argues that the Fourth Circuit was "extremely formalistic" in *CVS Pharmacy* when it required that the West Virginia Attorney General's action be "'similar' to Rule 23" to be removable as a "class action" under CAFA. (Resp. 4 n. 2). However, it is clear that the "mass action" requirement does not require all of the steps set out in Federal Rule 23, fitting Louisiana's claim within the "class action" definition would have been much more difficult. The Fifth Circuit expressly stated that it "need not address whether [that] lawsuit could, following further proceedings on remand, properly proceed as a class action under CAFA." *Caldwell*, 536 F.3d at 430.

"association [in that case could] bring a class action on behalf of its members." *Id.* at 40 (analyzing the Supreme Court's factors in *Hunt v. Wash. State Apple Comm'n*, 432 U.S. 333 (1977)). The First Circuit's affirmative answer to that question confirmed a class could potentially be certified in that case. It had no bearing on the precedent question of whether the case filed by the plaintiff was a "class action" as defined by CAFA. It is also important to recognize that *Dental Surgeons* did not consider the issue of who the real-party-in-interest was in that litigation. Merck's use of the "accord" signal to link *Dental Surgeons* and *Nevada v. Bank of America*, No. 3:11-cv-00135, 2011 WL 2633641 (D. Nev. July 5, 2011), may cause confusion as to what issues were addressed by the First Circuit. (Resp. 8).

The Commonwealth has not brought a "class action." Accordingly, it is immaterial whether its claims are the type that could ultimately be certified as a class under *Dental Surgeons*. *Dental Surgeons* simply did not address the question of whether a claim brought by a sovereign state under its consumer protection statutes should be considered a "class action" under CAFA.

### B. The Commonwealth is the Only Real-Party-In-Interest in this Litigation

Under the Fifth Circuit's opinion in *Caldwell*, the Commonwealth is the only real-party-in-interest in this litigation. Accordingly, Merck can satisfy neither the "class action" requirement nor the minimal diversity requirement of CAFA. Merck listed only one basis in its Notice of Removal for arguing Kentucky consumers were the real-party-in-interest (the "restitution" argument). (Notice ¶ 20). It has now (appropriately) abandoned that basis and replaced it with an overly-broad legal standard in an attempt to encompass the actual claim brought by the Commonwealth.

Notably missing from Merck's response is a detailed explanation of the Fifth Circuit's real-party-in-interest analysis in *Caldwell*. Merck's new theory is derived from a Nevada District Court's interpretation of a recent opinion in the Ninth Circuit. (Resp. 5-6). However, the cases relied on by Merck are easily distinguishable from the Commonwealth's claim and *Caldwell*. In addition, Merck's proposed standard would lead to absurd results that would be contrary to *Caldwell*.

> a. Under Caldwell, The Commonwealth is the Only Real-Party-In-Interest Because It Does Not Seek Any Relief on Behalf of Specific Individuals.

Under *Caldwell*, a state is the real-party-in-interest when it seeks relief that benefits only the state as a whole as opposed to when a state brings a claim for relief that will benefit specific individuals. What is important for this Motion to Remand is the specific reason the Fifth Circuit found Louisiana consumers to be the real-party-in-interest in *Caldwell*. Louisiana consumers were the real-party-in-interest because the state of Louisiana's claim for treble damages was "for the particular benefit of a limited number of citizens." *Caldwell,* 536 F.3d at 428 (quoting *Land O'Lakes Creameries v. La. State Bd. of Health*, 160 F.Supp. 387, 388 (E.D. La. 1958)). That is, Louisiana sought "to recover damages suffered by *individual policyholders*." *Id.* at 429 (emphasis in original). This rule is consistent, as the *Caldwell* Court recognized, with the Supreme Court's statement that when a state pursues the "[i]nterests of private parties . . . [it] is no more than a nominal party." *Id.* at 426 (quoting *Alfred L. Snapp & Son v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 602 (1982).

On the other hand, a state is the real-party-in-interest when it brings a claim for relief that will benefit "the health and well-being—both physical and economic—of its residents in general." *See Id.* at 426 (quoting *Snapp*, 458 U.S. at 607). As the Court noted, "[t]he state is the

7

real party in interest when an action concerns a type of 'injury' that the state either has addressed or would likely attempt to address through its laws to further the 'well-being of its populace.'" *Id.* (quoting *Harvey v. Blockbuster*, 384 F.Supp.2d 749, 755 (D.N.J. 2005)). In such an action, "[t]he state [can] show a direct interest of its own." *Id.* at 428 (quoting *Land O'Lakes*, 160 F.Supp at 388).

The Commonwealth's claim under the Kentucky CPA fits in the latter category, not the former. Merck argues that Kentucky consumers are the real-parties-in-interest because of the Commonwealth's request for declaratory relief, injunctive relief, and attorneys' fees. Importantly, Merck does not dispute that these forms of relief "will benefit all Kentucky consumers not just a particular set of consumers." *Commonwealth ex rel. Stumbo v. Marathon Petroleum Co.*, No. 3:07-cv-00030, 2007 WL 2900461, at *5 (E.D.Ky. 2007); (Resp. 7-8). In fact, Merck argued that this relief will inure to the benefit of every citizen of the Commonwealth.[6] (Resp. 7) (relying on the Commonwealth's allegations that reference "consumers"). Having admitted that the Commonwealth does not seek restitution on behalf of Kentucky consumers, there is no other form of relief that the Commonwealth seeks on behalf of any specific individual. Under *Caldwell*, the Commonwealth is the real-party-in-interest for all the relief sought.

> b. *The Cases Merck Relies on For Its Theory Are Easily Distinguishable from the Commonwealth's Claim.*

Remarkably, Merck never explains why it asserts that the Commonwealth is the real-party-in-interest under *Caldwell*. Instead of providing a detailed analysis of the

---

[6] The conduct at issue in this litigation affected every citizen of the Commonwealth, not a specific subset. Merck's misleading campaign regarding Vioxx was perpetrated through television, print, and radio advertising that effectively reached every citizen of the Commonwealth.

Commonwealth's claim in the light of *Caldwell*, Merck relies on a federal case from Nevada for its real-party-in-interest argument.[7] However, the non-binding case law Merck relies on is easily distinguishable from the Commonwealth's claim and, as Merck would apply that case-law, is contrary to *Caldwell*.

As Merck noted, in *Nevada*, the district court stated that "when a <u>state sues on behalf of individuals</u> to obtain relief that the individuals could have obtained on their own, the state is not the real-party-in-interest." 2011 WL 2633641, at *3 (citing *Dep't of Fair Emp't & Hous. v. Lucent Tech., Inc.*, 642 F.3d 728, 738-39 (9th Cir. April 26, 2011)). Merck latches onto the Court's reference to "relief the individuals could have obtained on their own," but completely ignores the prerequisite—"when a state sues <u>on behalf of individuals</u>." (Resp. 6). The importance of this prerequisite cannot be understated. In *Lucent* and *Nevada*, that is exactly what the state did—sought relief on behalf of specific individuals.

In *Lucent*, the genesis of Merck's argument, the California Department of Fair Employment and Housing ("California") brought a lawsuit **on behalf of a single individual**. *Lucent*, 642 F.3d at 735 ("[California] sued Lucent in California state court, claiming that Carauddo's [an individual employee's] termination violated [California law]"). In addition to bringing the lawsuit on behalf of one citizen, California sought the following relief: reinstatement **of the individual** to his job, all compensatory damages **of the individual**, and punitive damages **for the individual**. *Id.* at 739. Thus, under those very different facts, the Ninth Circuit rejected California's argument that it, and not the individual, was the real-party-in-

---

[7] Merck also cites *Farrell Construction Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990), for the proposition that the party "holding the substantive right sought to be enforced" is the real-party-in-interest. (Resp. 5-6). *Farrell Construction* stands for the proposition that a party that has neither a common-law nor statutory basis for maintaining an action is not a real-party-in-interest for purposes of Federal Rule 17(a). 896 F.2d at 140-41. Merck provides no explanation for how this opinion informs the real-party-in-interest analysis under *Caldwell*.

9

interest. *Id.* at 738-39. Similarly in *Nevada*, the Attorney General sought "restitution for the individual consumers." 2011 WL 2633641, at *4 n.2. Because the Commonwealth seeks no relief on behalf of specific consumers, these opinions from other jurisdictions should have no bearing on the removability of the Commonwealth's claims.

> c. *Merck's Real-Party-In-Interest Argument is Inconsistent with the Standard Articulated in Caldwell and Would Lead to Absurd Results.*

Merck is asking this Court to adopt a real-party-in-interest standard that is contrary to the Fifth Circuit's opinion in *Caldwell*. Based on *Lucent* and *Nevada*, Merck argues that if a consumer is entitled to the same type of equitable relief as a state, the state can never be the real-party-in-interest. (Resp. 6-8). Merck suggests that the "Plaintiff's reasoning" would lead to an absurd result, (Resp. 10), but the opposite is true. For example, under Merck's logic, if a state sought to enjoin pollution by a factory and recover civil penalties under its state environmental laws, it would not be the real-party-in-interest because an individual citizen "could" get the same equitable relief through a common-law nuisance or trespass action. *Caldwell* does not support such an expansive rule. The *Caldwell* court noted that injunctive relief is "clearly on behalf of the State." *See Caldwell*, 536 F.3d at 430. Another case has cited *Caldwell* for the proposition that "[c]ourts have universally accepted the notion that a state is the real party in interest when it brings a claim for injunctive relief." *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F.Supp.2d 441, 447 (E.D. Pa. 2010) (citing *Caldwell*, 536 F.3d at 430). The very standard Merck argues should apply in this case leads to results that are inconsistent with *Caldwell* and cases interpreting it.

The standard in *Caldwell*, where a state is a real-party-in-interest when it seeks relief on behalf of a specific individual, is consistent with the Eastern District of Kentucky's decision

10

regarding state-wide equitable relief in *Marathon*. As described in the Commonwealth's Motion, that opinion found the Commonwealth to be the real-party-in-interest for the exact same state-wide equitable relief sought by the Commonwealth in this case.[8] (Motion 15-16). Contrary to Merck's assertion, it is Merck's attempt to expansively apply *Lucent* and *Nevada* that is wrong, not the reasoning of *Marathon*. (Resp. 10). Even the *Nevada* court recognized that cases had been distinguished from *Caldwell* where a state "was not seeking relief on behalf of a discrete group of individuals." 2011 WL 2633641, at *3.

Because the Commonwealth is the real-party-in-interest under *Caldwell*, Merck attempts to apply the *Nevada* case to the Commonwealth's claim. Merck's attempt to rely on these cases while discrediting the "Plaintiff's reasoning and that of *Marathon*" rings hollow. The Commonwealth's position is that, under *Caldwell*, a state is a real-party-in-interest when it seeks relief that benefits the state as a whole. Merck has offered no reasonable alternative. Because the Commonwealth seeks no relief on behalf of specific individuals, it is the only real-party-in-interest.

### d. Citizens of Kentucky Cannot Seek the Relief the Commonwealth Seeks.

Even under Merck's expansive standard, the Commonwealth is the real-party-in-interest. Merck concedes that consumers cannot seek civil penalties. Its half-hearted argument that consumers can seek an injunction is belied by the Kentucky Revised Statutes. (Resp. 9); *See* KRS § 367.190 (permitting only the "Attorney General" to move for an injunction). Its suggestion that section 418.040 permits consumers to "obtain the relief" the Commonwealth

---

[8] Merck's attempt to distinguish *Marathon* because it was decided under a "different standard" is unnecessarily confusing. (Resp. 9). Although the Fifth Circuit and Eastern District of Kentucky applied a different standard regarding how to evaluate the complaint, that does not suggest that the Fifth Circuit would reach a different conclusion regarding the specific claims for declaratory and injunctive relief sought in *Marathon*. This issue was addressed in the Commonwealth's Motion. (Motion 16 n.5).

seeks in its complaint would be the exception that swallows the rule. The Commonwealth seeks a declaration that Merck's state-wide promotion of Vioxx violated section 367.170 so that it can recover civil penalties. This is not a form of relief consumers can recover. Anytime the Commonwealth seeks civil penalties, it requires a declaration that the defendant violated section 367.170. Under Merck's logic, consumers would always be the real-party-in-interest for the Commonwealth's claims for civil penalties—a result inconsistent with their concession noted above.

Finally, it is hard to take seriously Merck's arguments that the Commonwealth's request for attorney's fees makes consumers the real-party-in-interest. Whether the Commonwealth can recovery attorneys' fees can be addressed at the appropriate juncture if Merck so desires, but there is no question that the Commonwealth cannot, and is not, seeking attorney's fees on behalf of Kentucky consumers. The Commonwealth has not sought attorney's fees under section 367.220. Unless consumers bring their own action, they will have no attorneys' fees to recover. Federal jurisdiction cannot lie on such a specious argument.

### C. Merck Concedes Its Basis for Minimal Diversity Fails.

Although Merck's new arguments for removal under CAFA all fail, the Court need not address them. By admitting that the Commonwealth does not seek restitution on behalf of Kentucky consumers, Merck has conceded its only basis for minimal diversity. Merck argued that consumers, and not the Commonwealth, were the real-party-in-interest because it could be "inferred" that the Commonwealth "intend[ed]" to seek restitution on behalf of Kentucky consumers. (Notice ¶ 20). Merck relied only on its allegation of restitution to satisfy the

12

diversity requirement of CAFA—alleging that Kentucky citizens are the real-parties-in-interest in this litigation.[9] (*Id.* ¶ 20).

Having jettisoned its only allegation that supports diversity, Merck now relies on its newly minted basis that the Commonwealth's request for state-wide equitable relief satisfies the diversity requirement of CAFA. However, courts have "uniformly recognized" that defendants cannot amend the removal petition at this late stage "to remedy 'a substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction." *Blakeley v. United Cable Sys.*, 105 F.Supp.2d 574, 579 (S.D. Miss. 2000) (quoting *Briarpatch Ltd. v. Pate*, 81 F.Supp.2d 509, 516-17 (S.D.N.Y. 2000)). Courts have repeatedly rejected parties' attempts to allege a new basis for satisfying diversity requirements in response briefs. *See e.g. Phillips v. BJ's Wholesale Club, Inc.*, 591 F.Supp.2d 82, 825-26 (E.D. Va. 2008) (denying attempt to assert fraudulent-joinder in support of diversity through response brief); *Pacheco v. Am. Smelting & Ref. Co., Inc.*, 2005 WL 1404142, at *3 (W.D. Tex. 2005) (same). Furthermore, even if an amendment were permissible, Merck has not amended its Notice and "[a] defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal." *UMLIC Consolidated, Inc. v Spectrum Fin. Svcs. Corp.*, 665 F.Supp.2d 528, 533 (W.D.N.C. 2009).

The Commonwealth's Motion dealt directly, and apparently persuasively, with the only basis for diversity alleged in Merck's Notice of Removal. "It would be a substantial injustice to allow [a defendant] to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground." *Hinofosa v. Perez*, 214 F.Supp.2d 703, 707 (S.D. Tex. 2002). Because it is undisputed

---

[9] Nowhere else does Merck allege any basis that any person other than the Commonwealth is the real-party-in-interest. Paragraph 25 merely contains the conclusion that Kentucky citizens are the real-party-in-interest "[a]s shown *supra*," presumably in paragraph 20. (Notice ¶ 25).

that the Commonwealth is not seeking restitution on behalf of Kentucky consumers, Merck's Notice of Removal cannot satisfy the minimal diversity requirement of CAFA.

### THERE IS NO BASIS FOR FEDERAL QUESTION JURISDICTION

Although Merck does not concede the issue of federal question jurisdiction, it relegates that argument to a footnote (even though its Response had two pages to spare). Merck has made no attempt to address the multiple arguments that no federal question jurisdiction exists over the Commonwealth's CPA claim. (Motion 3-13). As outlined in the Motion, Merck cannot satisfy one, much less all four, of the factors required for federal-question jurisdiction. *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

First, Merck cannot extricate its argument for federal-question jurisdiction from the holding in *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). (Motion 4-6). Merck's new argument for the creation of a "necessary" federal issue based on *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001), fails. (Resp. 13 n. 5). At most, *Buckman* provides Merck with a preemption defense. 531 U.S. at 353 (holding "fraud on the FDA" theories preempted by federal law). A federal defense does not create a federal issue for purposes of federal question diversity. *See e.g.*, *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

In addition, Merck completely ignores the Commonwealth's detailed explanation of why its claim is not removable under *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). (Motion 6-9). In particular, Merck does not refute the Commonwealth's argument that, under *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986), federal issues related to the FDCA, even when present, are insufficient to create federal-question jurisdiction. (Motion 7-8).

14

## CONCLUSION

As the Commonwealth stated in its Motion, Merck's attempt to remove this case "is nothing less than an attempt to establish federal jurisdiction on an unprecedented basis." (Motion 1).  At its core, Merck contends that every claim by a sovereign state that seeks state-wide equitable relief is removable to federal court if a citizen of that state could get similar relief on an individual basis—regardless of whether the state sought relief on behalf of specific individuals.  Such an expansive view of federal jurisdiction over sovereign state claims does not comport with the Supreme Court's command that federal courts should "scrupulously confine their own jurisdiction to the precise limits" under the law to give "due regard for the rightful independence of state governments."  *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

The Commonwealth has brought a state-law claim for relief that benefits no specific individual in the state of Kentucky.  Accordingly, this case is not removable based on a federal-question jurisdiction or CAFA jurisdiction.  The Commonwealth respectfully requests that this Court remand this case to the Circuit Court of Franklin County, Kentucky.

Respectfully submitted this 29th day of August, 2011.

/s/ William R. Garmer
William R. Garmer
Garmer & Prather
Opera House Building
141 North Broadway
Lexington, KY  40504
859-254-9351

Scott A. Powell
Don McKenna
Matthew C. Minner
Brian M. Vines
Hare, Wynn, Newell & Newton
2025 Third Avenue North, Suite 800
Birmingham, AL  35203
205-328-5330

15

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Remand as been served on Liaison Counsel, Russ Herman, by U. S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis & Serve Advanced in accordance with Pretrial Order No. 8, on this 29th day of August, 2011.