# Exhibit A

**MDL 1657**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 2 2010

FILED
CLERK'S OFFICE

PLEADING NO. 1501

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re Vioxx® Marketing, Sales Practices and ) MDL Docket No. 1657
Products Liability Litigation )

THIS DOCUMENT RELATES TO:

*Commonwealth of Kentucky ex rel. Jack Conway
v. Merck & Co., Inc.*                           Case No. 3:09-54

## RESPONSE OF DEFENDANT MERCK SHARP & DOHME CORP. (FORMERLY MERCK & CO., INC.) TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 161

Defendant Merck Sharp & Dohme, Corp., formerly known as Merck & Co., Inc., ("Merck") submits this Response to Plaintiff's Motion to Vacate Conditional Transfer Order No. 161 ("CTO-161") and respectfully requests that the Panel proceed with transferring *Commonwealth of Kentucky* to Multidistrict Litigation No. 1657 ("MDL-1657") forthwith.

### PRELIMINARY STATEMENT

The plaintiff in *Commonwealth of Kentucky* has moved to vacate the order transferring its case to Judge Eldon E. Fallon of the Eastern District of Louisiana for coordinated pretrial proceedings pursuant to the MDL statute (28 U.S.C. § 1407) on three grounds: (1) that the Class Action Fairness Act ("CAFA") supposedly precludes transfer of the instant action to MDL-1657; (2) that judicial economy and comity are not enhanced by transfer; and (3) that the

**OFFICIAL FILE COPY**   IMAGED JAN 1 2 2010

transferor court should be allowed to consider Plaintiff's motion to remand. None of Plaintiff's arguments is novel, and similar arguments have all been rejected before: the Panel rejected Plaintiff's CAFA argument in its June 2, 2009 Transfer Order and has rejected the second and third arguments in many transfer orders since the inception of MDL-1657. Plaintiff does not dispute, as it cannot, that this action clearly involves questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon under MDL-1657. For the reasons stated herein and by the Panel in these prior transfer orders, Plaintiff's motion to vacate CTO-161 should be denied, and the case should be transferred forthwith.

## ARGUMENT

### I. THE CLASS ACTION FAIRNESS ACT DOES NOT PRECLUDE TRANSFER OF THE INSTANT ACTION TO MDL-1657.

Plaintiff alleges that this case is a "purported 'mass action'" (*Commonwealth of Kentucky* Br. at 4) and as such, is not transferrable under 28 U.S.C. §1332(d)(11). That provision states:

> Any action(s) removed to Federal court pursuant *to this subsection* shall not thereafter be transferred to any other court pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407.

28 U.S.C. §1332(d)(11)(C)(i) (2006) (emphasis added). But in fact, this case is a class action and Merck removed it on that basis. Plaintiff's argument that CAFA prohibits transfer of the instant action to MDL-1657 (*Commonwealth of Kentucky* Br. at 4) is similar to the argument plaintiffs made to this Panel in the motion to vacate CTO-150 that the Panel denied on June 2, 2009. Once again the argument is based on a misreading of both the statute and Merck's Notice of Removal.

2

Plaintiff acknowledges that the phrase "this subsection" refers to subsection 1332(d)(11), which governs "mass actions" – *i.e.*, cases involving more than 100 plaintiffs who seek to join their claims for trial – and not class actions. (*Commonwealth of Kentucky* Br. at 5.) *See also* 28 U.S.C. § 1332(d)(11)(A) ("[A] mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs."); 28 U.S.C. § 1332(d)(11)(B)(i) ("[T]he term 'mass action' means any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."); 28 U.S.C. § 1332(d)(11)(D) ("The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled."). This case was removed, *inter alia*, as a "class action" under CAFA, rendering Plaintiff's argument inapplicable. (*See* Notice of Removal ¶¶ 16-30, (attached hereto as Ex. A).)

The legislative history supports the conclusion that the MDL transfer provision in 1332(d)(11)(C)(i) applies only to mass actions removed to federal court under §1332(d)(11), and not to class actions removed under the other provisions of § 1332(d). The Senate Report notes that "[n]ew subsection 1332(d)(11) expands federal jurisdiction over mass actions." S. Rep. No. 109-14, at 46 (2005), as *reprinted in 2005* U.S.C.C.A.N. 43. The Senate Report also limits the application of §1332(d)(11)(C)(i) to mass actions and not class actions, stating that "[u]nder subsection[] 1332(d)(11)(C) ... **a mass action** removed to a federal court under this provision may not be transferred to another federal court under the MDL statute (28 U.S.C. §1407) unless a majority of the plaintiffs request such a transfer ..." S. Rep. No. 109-14, at 46 (emphasis added). This action was removed, *inter alia*, as a class action, so this provision does not apply.

3

Indeed, plaintiffs in the *Weeks* case, in their Motion to Vacate CTO-150, raised the argument that 28 U.S.C. §1332(d)(11) should bar transfer of a class action. In its June 2, 2009 Transfer Order, the Panel transferred the *Weeks* case to MDL-1657, thereby implicitly rejecting this argument.

Plaintiff states that its case is "neither styled nor certified as a class action." (*Commonwealth of Kentucky* Br. at 4). But this, too, is irrelevant. Merck's Notice of Removal points out that Plaintiff's action is "functionally a class action." (Notice of Removal ¶ 21.) As Merck noted in its Notice of Removal, "Congress intended such actions to be removable to federal court under the provisions of CAFA even if they are not labeled 'class actions' by the named plaintiff." (*Id.* at ¶ 22.) *See* S. Rep. No. 109-14, at 35 (2005) ("the definition of 'class action' is to be interpreted liberally [and] should not be confined solely to lawsuits that are labeled 'class actions' by the named Plaintiff").) And even though Merck's Notice of Removal cites *Louisiana ex. rel. Caldwell v. Allstate Insurance Company*, 536 F.3d 418 (5th Cir. 2008), which found the action in that case to be a "mass action," it does not follow that Plaintiff's necessarily is one as well. In fact, the Fifth Circuit expressly stated that cases like Plaintiff's could, in fact, be class actions under CAFA. *Id.* at 430 ("we need not address whether this lawsuit could, following further proceedings on remand, properly proceed as a <u>class action</u> under CAFA") (emphasis added).

There is no provision in CAFA applying to class actions that is equivalent to 28 U.S.C. §1332(d)(11), which limits the transfer of mass actions removed to federal court. To the contrary, one of the anticipated benefits of CAFA is the ability to coordinate more class actions in MDL proceedings. *See* S. Rep. No. 109-14, at 52-53 (multidistrict litigation allows the coordination of "'copy cat' or overlapping actions" thus "preventing the waste that occurs in

4

state courts" when similar class actions cannot be consolidated or coordinated); S. Rep. No. 109-14, at 38 (federal courts should strongly favor exercising federal jurisdiction if class action claims on the same subject have been (or are likely to be) filed elsewhere "so that the claims of all proposed classes could be handled efficiently on a coordinated basis pursuant to the federal court's multidistrict litigation process as established by 28 U.S.C. § 1407."); *see also Multidistrict Litigation Manual* § 3:13 (2008) ("One very important impact of CAFA is to broaden the reach of the Panel. Once class actions are filed or removed to federal court, transfer under 28 U.S.C.A. §1407 becomes an available case management option.").

In sum, Plaintiff's complaint is functionally a purported class action and not a mass action to which 28 U.S.C. §1332(d)(11)(C)(i) would apply. Thus, Plaintiff's first argument, that CAFA bars transfer, is meritless and should be rejected.

## II. THE CONVENIENCE OF WITNESSES AND PARTIES, AND THE JUST AND EFFICIENT CONDUCT OF ACTIONS, WARRANTS TRANSFER OF THIS ACTION

Plaintiff's second argument – that judicial economy and the convenience of the parties are not served by transfer – is no more persuasive. (*See Commonwealth of Kentucky* Br. at 6.) Plaintiff acknowledges the previous rulings of this Panel that a pending motion on remand is not a defense to transfer. (*Id.*) *See also In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). ("[The] pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings.") However, Plaintiff nonetheless argues that it would be inconvenient or inefficient to transfer the case to MDL-1657.

This Panel has repeatedly emphasized that "inclusion in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can … ensure[] that pretrial proceedings will be conducted in a manner leading to the just and expeditious

5

resolution of all actions *to the overall benefit of all the parties*." (Feb. 8, 2007 Transfer Order at 1-2) (emphasis added). (*See also* June 2, 2009 Transfer Order at 1) ("[T]ransfer of this action to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.") Plaintiff's argument, therefore, has no merit.

Plaintiff also contends that because some issues in this case will involve the interpretation and application of the Kentucky Consumer Protection Act, the case is best handled in Kentucky courts. (*Commonwealth of Kentucky* Br. at 6-7.) The Panel has rejected such arguments many times in the past, and should do so again here. The standard for MDL transfer – that cases involve "one or more common questions of fact" and that transfer "will promote the just and efficient conduct of such actions" (28 U.S.C. § 1407(a)) – is met by the very nature of Plaintiff's allegations in the case. As Merck pointed out in its Notice of Removal, Plaintiff alleges that Merck knew about cardiovascular risks of Vioxx but failed to disclose them. (*See* Notice of Removal ¶ 7.) Thus, like a majority of cases in MDL 1657, *Commonwealth of Kentucky* focuses on the "alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

As is the case in most other MDL proceedings, Judge Fallon has cases before him that arise under nearly every state's laws; Plaintiff fails to explain why its state should be treated any differently than the other states. Furthermore, in various transfer orders, the Panel has been "unpersuaded" by the arguments of plaintiffs and certain co-defendants that "the presence of individual and/or local questions of fact as well as differing legal theories should militate against

6

inclusion of these actions in MDL-1657 proceedings." (February 8, 2007 Transfer Order, at 1; February 14, 2006 Transfer Order, at 1; December 5, 2005 Transfer Order, at 1.) Thus, the fact that Plaintiff seeks to recover under the laws of Kentucky, and that there allegedly is "local information unique to the Commonwealth's case" (*Commonwealth of Kentucky* Br. at 7-8) is not a bar to transfer. This action is indisputably an action related to those already in MDL-1657, so transfer is appropriate.

Plaintiff additionally argues that transfer of the action will cause the Commonwealth of Kentucky hardship, and that economy will not be served by the transfer of this case to MDL-1657. (*Commonwealth of Kentucky* Br. at 9-10.) As noted above, this Panel has repeatedly highlighted that inclusion in Section 1407 proceedings can "ensure[] that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions *to the overall benefit of all the parties.*" (*See, e.g.*, Feb. 8, 2007 Transfer Order at 1-2) (emphasis added). Furthermore, the "streamlining [resulting from the use of lead counsel and steering committees,] combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs." (*Id.*) (*See also* June 2, 2009 Transfer Order at 1) ("[T]ransfer of this action to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.")

The Panel has also specifically rejected objections to transfer based on the alleged expense or inconvenience of coordinating pretrial proceedings in several transfer orders. (*See, e.g.*, October 21, 2005 Transfer Order, at 2; June 20, 2005 Transfer Order, at 1) ("To the … plaintiff who argues that he does not have the resources to litigate his claims in the Eastern District of Louisiana, … we emphasize that since Section 1407 transfer is for pretrial

7

proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise.")

This Panel has correctly seen the big picture. When weighed against the burden both the federal judiciary and Merck would face if Vioxx cases were not coordinated, any small inconvenience that Plaintiff alleges must yield. The Panel should reject this argument against transfer for the reasons in its previous orders.

### III. PLAINTIFF'S MOTION TO LIFT THE STAY IS NOT A BASIS TO VACATE TRANSFER

Plaintiff finally argues that "unique local jurisdictional issues" should prevent the transfer of this case. (*Commonwealth of Kentucky* Br. at 10.) Plaintiff acknowledges earlier in its brief that "the pendency of a Motion for Remand is not a defense to transfer" (*id.* at 6), but nonetheless proceeds to argue that purportedly outstanding jurisdictional issues, which as Plaintiff notes are relevant only to its arguments for remand, should prevent transfer to MDL-1657. (*Id.*)

The transferor court issued an order staying the case on November 19, 2009. Plaintiff has acknowledged the rule that a motion for remand does not prevent the transfer of the case to the MDL. But nonetheless, Plaintiff asks the Panel to defer transferring the case to allow the transferor court to consider its motion to lift the stay for the purpose of remanding the case to state court. However, as the Panel has ruled many times, Plaintiff can present its motion for remand to the transferee judge. (*See, e.g.*, Feb. 4, 2009 Transfer Order at 1; Aug. 12, 2008 Transfer Order at 1; and Feb. 1, 2008 Transfer Order at 1); *accord In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1965587 (J.P.M.L. Aug. 19, 2004) (denying a motion to vacate conditional transfer orders, holding "that any pending motions to remand to state court can be presented to and decided by the transferee judge"). The same rule applies here.

8

Plaintiff's substantive claims regarding the interpretation of the Kentucky Consumer Protection Act and the existence of a federal question are misdirected to the Panel. *See, e.g., In re. Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (stating that "[s]ection 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or merits of a case, including issues relating to a motion to remand" when denying a writ of mandamus directing the MDL Panel to vacate a transfer order on the ground that there was no federal subject matter jurisdiction.) Plaintiff's substantive arguments can and should be decided after the cases are transferred to the Eastern District of Louisiana.

## CONCLUSION

The Panel has already determined that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354. As *Commonwealth of Kentucky* presents certain questions of law and fact that overlap with those presented in thousands of previously transferred cases, transfer will promote the just and efficient conduct of this action and the other coordinated actions. These considerations warrant transfer of the instant action to MDL-1657 without further delay.

Dated: January 11, 2010

Respectfully submitted,

HUGHES HUBBARD & REED LLP

Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
*Attorneys for Merck Sharp & Dohme, Corp.*

10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 2 2010

FILED
CLERK'S OFFICE

## **CERTIFICATE OF SERVICE**

I, Heather N. Koffman, hereby certify that on January 12, 2010, I caused to be served a true and correct copy of the Response of Defendant Merck Sharp & Dohme Corp. (formerly Merck & Co., Inc.) to Plaintiff's Motion to Vacate Conditional Transfer Order No. 161 and exhibits thereto, upon the following by United States Mail, First Class postage prepaid:

**ALL COUNSEL PER THE ATTACHED PANEL SERVICE LISTS**

Heather N. Koffman

2010 JAN 12 P 12:50
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

**IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                          MDL No. 1657

## INVOLVED COUNSEL LIST (CTO-161)

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Winston E. Miller
FROST BROWN TODD LLC
400 West Market Street
32nd Floor
Louisville, KY 40202-3363

Elizabeth Ungar Natter
Office of the Attorney General
Office of Consumer Protection
1024 Capitol Center Drive
Frankfort, KY 40601

Susan J. Pope
FROST BROWN TODD LLC
250 West Main Street
2700 Lexington Financial Center
Lexington, KY 40507-1749

Douglas T. Sachse
LAW OFFICES OF DOUGLAS T SACHSE
606 Baltimore Avenue
Suite 402
Towson, MD 21204

Paul F. Strain
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202

Tad Thomas
Office of Attorney General
700 Capital Avenue
Suite 118
Frankfort, KY 40601

Phillip A. Wittmann
STONE PIGMAN WALTHER &
WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130-3588