# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| ***Wodowski v. Merck & Co., Inc., et al.***, | * | **KNOWLES** |
| **2:08-cv-04559-EEF-DEK** | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT MERCK SHARP & DOHME CORP.'S  RENEWED MOTION AND INCORPORATED MEMORANDUM TO DISMISS UNDER RULE 25(a)(1)[1]

At the MDL status conference on June 1, 2011, this Court dismissed Plaintiff

Michael Wodowski's personal injury action against Merck with prejudice pursuant to Rule 25(a)

of the Federal Rules of Civil Procedure.  That dismissal came almost five months after Merck

filed its Suggestion of Death in January 2011 – to which no response was filed on behalf of

Plaintiff,[2] and two months after this Court's Order to Show Cause – an Order that was likewise

ignored.[3]  Over a month after the dismissal was considered and entered by the Court, Plaintiff's

---

[1]     This pleading also is in the nature of a surreply to Plaintiffs' Response to Merck's Opposition to Plaintiff's Motion to Set Aside Order of Dismissal and Reinstate Case on Active Docket of the Court, R. Doc. 63203, and addresses misstatements and inaccuracies contained in that pleading.

[2]     Mr. Wodowski passed away on or around February 23, 2010.  On January 25, 2011, after learning of Mr. Wodowski's death, Merck filed a Suggestion of Death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.  R. Doc. 60813.

[3]     On May 5, 2011, Merck filed its motion to show cause why Mr. Wodowski's case should not be dismissed with prejudice for failure to substitute a proper plaintiff under Rule 25(a) within the permissible 90 day period. R. Doc. 62926.  On May 11, 2011, the Court

counsel filed a motion seeking to set aside this Court's order of dismissal and reinstate Mr.

Wodowski's case.  R. Doc. 63176.  Merck opposed that motion.  R. Doc. 63179.[4]

As of the August 4, 2011 MDL status conference, the written order implementing

the Court's June 1st dismissal had not yet been entered.  To simplify the procedural posture of

the case and pending motions, the Court indicated that it would vacate the June 1 oral dismissal

of Mr. Wodowski's claim and address the matter at the next status conference on September 21,

2011.  Subsequently, Plaintiff's counsel uploaded to LexisNexis File & Serve a "Response" to

Merck's opposition to Plaintiff's motion to reinstate his case, which vaguely alludes to

unspecified technical problems involving PACER, LexisNexis, and Liaison Counsel Ann

Oldfather's office, and which states for the first time that counsel never received service of

Merck's Suggestion of Death or the Court's Order to Show Cause in this case.  *See* Ex. A (it

appears that this document has not been filed on the Court's ECF system).  However,

documentation from LexisNexis File & Serve clearly establishes that Plaintiff's counsel of

record was timely served with both of these documents in accordance with the procedures

established by this Court in PreTrial Order 8B.[5]  *See* Ex. B.

---

entered an Order to Show Cause setting Merck's motion for the June 1 conference.  R.
Doc. 62954.

[4]     Although Plaintiff's counsel uploaded their motion to LNFS on July 1, 2011, counsel
failed to actually file the motion with the Court.  That omission was discovered when
defense counsel attempted to file its opposition to Plaintiff's motion, and that opposition
was rejected by the clerk's office.  Although defense counsel immediately informed
Plaintiff's counsel of this omission and urged that it be corrected promptly so that the
motion could be heard at the August 4 MDL conference, Plaintiff's counsel did not
rectify the situation until August 3, 2011.

[5]     Ms. Oldfather is not counsel in Mr. Wodowski's individual case, and any technical issues
that her office may have experienced in receiving these documents are irrelevant to this
matter.  Moreover, even if service on Liaison Counsel were relevant, this case falls under
the umbrella of the original PSC, and its members were served in addition to the two
separate law firms representing Mr. Wodwoski.  *See* Ex. B.

1068207v.1

Notwithstanding this latest pleading, Plaintiff has still made no showing of the excusable neglect that would justify enlargement of the 90 day time period permitted by Rule 25 for the substitution of a proper plaintiff. Merck therefore respectfully renews its motion to dismiss Mr. Wodowski's claims.

The language of Rule 25 is clear: If no motion for substitution is filed within 90 days of a suggestion of death on the record, the action by the decedent "***must be dismissed***." Fed. R. Civ. P. 25(a) (emphasis added).[6] Federal courts have departed from this rule only in the limited circumstances where there has been a showing of excusable neglect by the moving party. *See* Fed. R. Civ. P. 6(b). Moreover, the movant bears the burden of establishing that the failure to act timely was the result of excusable neglect, *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973), and courts routinely decline to allow substitutions beyond the 90 day period where plaintiffs do not make such a showing.[7]

---

[6]     Rule 25(a) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*.**

Fed. R. Civ. P. 25(a) (emphasis added).

[7]     *See, e.g.*, *Kaubisch v. Weber*, 408 F.3d 540, 542-43 (8th Cir. 2005) (noting that a district court is authorized "to exercise its discretion to permit a motion for substitution beyond the time originally prescribed [by Rule 25(a)] when the failure to file the motion was the result of excusable neglect," but declining to allow a substitution filed five months after the suggestion of death where plaintiff's representative merely misread or misapplied the plain language of Rule 25); *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003) (upholding a district court's decision not to extend the 90 day requirement where plaintiff's counsel made no "showing or argument of excusable neglect" and "offered no excuse," other than that he "was unintentionally derelict in filing appropriate substitution of parties"); *Kasting v. Am. Family Mut. Insur. Co.*, 196 F.R.D. 595 (D. Kan. 2000) (refusing to allow a Rule 25(a) substitution where neither plaintiff's estate "made no

1068207v.1

No such showing has been made on behalf of Mr. Wodowski.  Based on the materials provided to date, Mr. Wodowski died in February, 2010, and estate representatives were apparently appointed by September, 2010.  Yet Plaintiff's counsel took no action to substitute a proper party until June/July 2011 – only after the case was dismissed and only after several communications from Defendant and the Court had been completely ignored.  Neither the Motion to Set Aside Order of Dismissal nor the corresponding Motion for Substitution filed by Mr. Wodowski's counsel contain even a hint of explanation for their complete failure to respond to the Suggestion of Death, filed in January 2011, their failure to respond to this Court's Order to Show Cause, entered in May 2011, or their failure to contact the Court or defense counsel prior to the June 1, 2011 hearing on Merck's motion to dismiss.[8]  Instead, the Motion for Substitution alludes to a family dispute over representation that delayed the decision regarding who should be appointed as Mr. Wodowski's representative. ***But that Motion and the attachments make clear that those estate representatives were put in place by September 2010 – four months before Merck's suggestion of death was even filed.***  Therefore, whatever disputes slowed the process of appointing estate representatives, those issues had no bearing on the failure

---

effort" to show "either good faith or excusable neglect with respect to the failure to move in a timely fashion for substitution of a proper party").

[8]  On June 14, 2011, two weeks after Mr. Wodowski's case had been dismissed with prejudice and almost five months after the death of Mr. Wodowski was first suggested on the record, his counsel took action for the first time by uploading a Suggestion of Death and Motion for Substitution of Parties onto LexisNexis File & Serve.  (This motion was not filed with this Court until August 4, 2011.  *See* R. Doc. 63182.)  This motion explained that three individuals, Cheryl Sample, William A. Wodowski, and Mary R. Zak, had been duly appointed as the administrators of Mr. Wodowski's estate on September 27, 2010, and it requested that these individuals be substituted as representative plaintiffs.  Without providing any explanation as to the untimely actions, Plaintiff's Motion to Set Aside Order of Dismissal then simply refers to the concurrently filed Motion for Substitution, and requests that, in light of that pending motion, Mr. Wodowski's claim be reinstated.

1068207v.1

to address the issue of Mr. Wodowski's death for almost five months since the time it was first raised by Merck in this litigation.  Nor do those disputes have any bearing on the failure to respond to the dismissal motion filed by Merck, or the failure to respond to the Order to Show Cause issued by this Court.

Likewise, Plaintiff's recent "Response" does not explain or justify the multiple failures to respond that occurred during the first six months of 2011.  In that document, Plaintiff's counsel states for the first time that they "never received the Notice of Suggestion of Death nor the Court's Order to Show Cause," Ex. A at 1 – an argument that inexplicably was not raised in the initial Motion to Reinstate Mr. Wodowski's case following its dismissal on June 1, nor on the record when this matter was discussed by  Liaison Counsel (Oldfather) at the August 4 MDL status conference.  The Response alludes to difficulties Plaintiff's counsel has had in attempting to upload documents to either LexisNexis File & Serve or PACER, as well as to vague "technical problems" that Liaison Counsel Ann Oldfather's office has had with "receiving and sending documents" within these systems, and it suggests without elaboration that these technical problems are what prevented Plaintiff's counsel from receiving notice of Merck's Suggestion of Death and the Court's Order to Show Cause at the time they were filed.  Ex. A at 2.  However, documentation from LexisNexis File & Serve establishes that Plaintiff's counsel of record Joy Miserendino (of The Miserendino Law Firm) and Glenn Zuckerman (of Weitz & Luxenberg) were indeed served via LexisNexis File & Serve with (1) Merck's Suggestion of Death on January 25, 2001, (2) Merck's Motion to Show Cause Why Case Should Not Be Dismissed With Prejudiced Under Rule 25(a)(1) on May 5, 2011, and (3) this Court's Order to Show cause setting Merck's motion for the June 1 hearing on May 12, 2011.  *See* Ex. B (LNFS transaction nos. 35568985, 37416029, 37555770).  Pretrial Order 8A, entered by this Court in

April 2006, mandates that service on counsel of all pleadings in this litigation be made via LexisNexis File & Serve, and confirms that "any document electronically served via File & Serve pursuant to this Order shall be deemed to have been served under the Federal Rules of Civil Procedure." PTO 8A (R. Doc. 4477) at 3-4.   Merck therefore met its obligation to properly serve Plaintiff's counsel with the relevant documents in this matter.  Plaintiff's counsel likewise had an obligation to review and address (as necessary) all of the documents with which they were served.  To the extent Plaintiff's counsel now claims that they did not know about the various pleadings and orders served in this matter over a five month period, it was not due to lack of proper service, and it does not constitute excusable neglect.[9]

Under these circumstances, Plaintiff has fallen far short of his burden of establishing the excusable neglect required to reopen his case.  Plaintiffs and their representatives have an obligation to respond to matters before the Court within the timeframes established by the Court and the Federal Rules of Civil Procedure.  In this case, they have not only failed to make timely responses, but they have also declined to provide any plausible explanation whatsoever for that failure, instead attempting to obfuscate the issue with vague references to irrelevant "technical problems."

Both Merck and the judicial system would be substantially prejudiced by the reopening of this properly dismissed case.  As this Court is well aware, the Vioxx litigation has entered its final phases.  While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the

---

[9]   The multiple failures to act may indeed have been a calculated strategic decision: Plaintiff's latest pleading indicates that his counsel was spurred to take action in this matter only after they heard from Ms. Oldfather's law firm that Mr. Wodowski's case was "listed as one that Merck would be willing to settle," which presumably refers to the fact that some cases procedurally similar to Mr. Wodowski's case (MI or stroke cases filed after the original settlement was announced) were being settled. Ex. A at 1.

country.  It would do a grave disservice to the judicial process and to the reasonable settled

expectations of Merck and other parties to suddenly start re-opening dismissed cases.  Certainly

some meaningful showing must be made that such relief is warranted.  This Plaintiff has made

none at all.

<u>**CONCLUSION**</u>

For the foregoing reasons, Merck respectfully asks the Court to enter an order

dismissing Mr. Wodowski's case with prejudice under Rule 25(a).


Dated:  August 31, 2011                                  Respectfully submitted,



                                                   */s/ Dorothy H. Wimberly*
                                                   Phillip A. Wittmann, 13625
                                                   Dorothy H. Wimberly, 18509
                                                   STONE PIGMAN WALTHER
                                                   WITTMANN L.L.C.
                                                   546 Carondelet Street
                                                   New Orleans, Louisiana 70130
                                                   Phone: 504-581-3200
                                                   Fax:     504-581-3361

                                                   Defendants' Liaison Counsel

                                                        —and—

                                                   Douglas R. Marvin
                                                   Eva Petko Esber
                                                   M. Elaine Horn
                                                   Emily Renshaw Pistilli
                                                   WILLIAMS & CONNOLLY LLP
                                                   725 Twelfth Street, N.W.
                                                   Washington, D.C. 20005
                                                   Phone: 202-434-5000
                                                   Fax:     202-434-5029

                                                   Attorneys for Merck Sharp & Dohme Corp.

1068207v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Renewed motion has been served on Liaison Counsel, Russ Herman, Phillip Wittmann, and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of August, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1068207v.1