UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | <u>Case Number:<br>2:06cv09811</u> |
| **Edwin C. Hench and<br>Maureen O. Hench(h/w)** | PLAINTIFFS |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

### MOTION PURSUANT TO PTO 18(C) AND F. R. CIV. P. 26(C) FOR A PROTECTIVE ORDER

### NOTICE

PLEASE TAKE NOTICE that the undersigned counsel will bring this Motion Pursuant to PTO 18(C) and F. R. Civ. P. 26(c) for a Protective Order on for a hearing before the Honorable Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130, on September 21, 2011, at 9:00 a.m., C.D.T.

### MOTION

Comes Ann B. Oldfather, counsel for Plaintiffs, and moves the Court to enter the attached Protective Order preventing Merck's exercise of its stated intention to use Mr. Edwin Hench's authorization to obtain medical records from certain medical providers.

In support of this Motion, the undersigned received an email from Ms. Pistilli dated August 19, 2011, stating that in anticipation of the Hench depositions on September 14 and 15, 2011, Merck intended to use Mr. Hench's authorization to obtain medical records from an

additional thirty-six (36) providers. *See* Exhibit A. Counsel's staff spent considerable time with Mr. Hench discussing these providers. Mr. Hench had no recollection of most of the providers, and had received care from some providers as long as 40 years ago. Counsel responded to Merck's request by agreeing outright to nineteen (19) of these additional providers and objecting to seventeen (17) providers since Merck had made no specific showing as to the relevance of any of these additional providers and Plaintiff did not recognize them by name. Merck responded by withdrawing four of the providers while maintaining the requests for the other 32 providers.

After a telephonic meet and confer, and several emails, and despite the overbreadth of Merck's request, the undersigned has agreed to 30 of the 32 requested providers. *See* Exhibits B and C. However, even with these concessions, and despite the absence of any connection between the remaining two providers and Mr. Hench's care, and despite Plaintiff's commitment to reconsider if these two providers are later shown to potentially have relevant information, Merck has refused to withdraw its notice of intention to collect records from those two providers. *See* Exhibit D.

The disputed providers, Calcagno and Rossi Vein Center, LLC, and Dr. Suzanne Wolanin-Saifi, have little to no connection to Mr. Hench's care. Dr. Calcagno read a HOSPITAL duplex scan of Mr. Hench's leg while Mr. Hench was in the HOSPITAL, and Dr. Wolanin-Saifi is listed on an insurance claim form as a referral source to Associated Cardiology. *Id.* Merck has already requested records from the institution where Dr. Wolanin-Saifi works, and it has already requested records from Associated Cardiology but it now wants to again request records from Associated Cardiology in Dr. Wolanin-Saifi's name. *Id.* Despite Merck's indications that it researched Dr. Wolanin-Saifi's affiliation with Associated Cardiology, , a brief internet search of Dr. Wolanin-Salfi shows that she is family physician who has never

2

practiced at Associated Cardiology.  She practiced for several years with Pinnacle Health Family Care Associates at 4400 Carlisle Pike, Camp Hill, PA 17011.  Merck's most recent letter states that Plaintiff's "assertion [that Merck] should forego any attempt to collect records from these types of specialists in this type of case is baffling."  Merck's focus on the expenditure of time and money on collection of irrelevant documents is equally baffling.

Merck maintains that in six years and thousands of records requests, there has not been one Motion for a Protective Order filed by any plaintiffs' counsel over its use of a generic authorization to request additional medical records.  *See* Exhibit D.  Counsel can understand that.  First, it is simply easier to let Merck have its way as it exhausts providers and claimants alike with repeated and never-ending records requests, re-issuance of authorizations, and execution of specific forms.  Second, it is a lot of trouble to prepare and submit a motion in the (to some counsel) arcane world of MDL service and filing.  Third, counsel would have to travel to New Orleans to argue the motion.  The rules in PTO 18(C) are weighted in favor of just letting Merck do what it wants.  But enough is enough, and counsel hopes that the Court will consider that Merck's ability to request records and authorizations does and should have some limits.

Merck continues to treat the record collections process as a data mining opportunity and seeks records from any possible source, irrespective of how remote they may be or whether meaningful information can be collected.  Counsel has committed that any later showing of relevancy, either by the depositions in two weeks or the reams of records (including insurance billing) it will be getting with these new requests, could later make these two inquiries relevant.  At this time, Merck's request should be denied.

For the foregoing reasons, the Court is respectfully requested, pursuant to F.R. Civ.P. 26 (c), to enter the tendered Protective Order

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for a Protective Order has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of September, 2011.

/s/ Ann B. Oldfather

Ann B. Oldfather

4