**EXHIBIT C**

**OLDFATHER LAW FIRM**
ATTORNEYS AT LAW
1330 SOUTH THIRD STREET
LOUISVILLE, KENTUCKY 40208

ANN B. OLDFATHER[†]
aoldfather@oldfather.com

VICKI L. BUBA[*]
vbuba@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

SHELDON L. HADEN
shaden@oldfather.com

MEGAN J. HASTINGS
mhastings@oldfather.com

TELEPHONE 502.637.7200
FAX 502.637.3999
www.oldfather.com

[*] Also admitted in Indiana
[†] Board Certified in Civil Trial Advocacy

August 31, 2011

**VIA MAIL AND EMAIL**
Emily Renshaw Pistilli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

  RE:   *Vioxx MDL No. 1657*

Dear Emily:

    I write in one last attempt to resolve the dispute regarding, in our view, Merck's excessive requests for records. While broad discovery is appropriate, Merck's requests for dozens and dozens of medical records on each claimant leads us to conclude that some other agenda must be at play.

    Your letter of August 19, 2011, asked to use Mr. Hench's authorization to obtain records from an additional thirty-six (36) sources. Our client had no recollection of most of these providers, and had received treatment from some providers as long as 40 years ago. Accordingly, we objected to seventeen (17) of those providers with the understanding that we would reconsider if you provided some specific showing as to the relevance of each in Mr. Hench's care. We agreed outright to the other 19 providers.

    You then whittled your request down to thirty-two (32) providers. Despite the excessive breadth of these still-too-onerous requests, we agreed to 30 more sets of records requests.

    We are now hung up because you refuse to withdraw your requests for **two** providers, both of whom are mentioned on one occasion in Mr. Hench's medical records. Apparently, Merck's process is to seek records from any possible source, no matter the likelihood of meaningful information or how remote they may be.

Emily Renshaw Pistilli
August 31, 2011
Page 2 of 3

As far as these last two are concerned, we had hoped that our concessions on the other 30 would have allowed you to set these aside, either permanently or temporarily. We have not outright refused your request, but have instead agreed that any additional showing of relevance—either from other record productions or the depositions of Mr. and Mrs. Hench – could justify the request. Since there is no way you will get the records before the depositions no matter the resolution, timing is not a consideration.

We have been more than cooperative in agreeing to your requests, yet you refuse to compromise on the two lingering providers despite any connection between these providers and Mr. Hench's care. As discussed, we reiterate our position on the following providers:

    1)    <u>Calcagno and Rossi Vein Center, LLC</u>

A review of the relevant source indicated by you, attached as *Exhibit A*, shows that Dr. Calcagno did nothing more than review a duplex scan of Mr. Hench's right femoral region while on duty at Harrisburg Hospital. There is no other indication that Dr. Calcagno, or Calcagno and Rossi Vein Center, had any role in Mr. Hench's treatment or care whatsoever. We fail to see any reason to ask this doctor and his practice to search for, catalog and respond to a records request without some indication that he played a more substantial role in Mr. Hench's care than merely reading and signing off on an image during a hospital rotation.

    2)    <u>A specific request to Associated Cardiology for records generated by Dr. Suzanne Wolanin-Saifi</u>

A review of the relevant source indicated by you, attached as *Exhibit B*, shows that Dr. Wolanin-Saifi is **not** affiliated with Associated Cardiology practice – the document indicates "Erki, Lenke" as the treating physician and Dr. Wolanin-Saifi **as a referral source**. A Google search of Dr. Wolanin-Saifi showed that she is actually a family practitioner and is affiliated with Harrisburg Hospital, owned by Pinnacle Health. You have already requested and we have authorized the use of Mr. Hench's authorization to collect records from Pinnacle Health System Medical Records Department and Associated Cardiology. Given that, we see no reason for this additional request.

    3)    <u>Dailey Harvey Eye Associates</u>

We have no objection to use of Mr. Hench's authorization to obtain records from this provider, subject to a time limitation of four (4) years prior to Mr. Hench's pulmonary embolism in 2000. Accordingly, we are agreeable to a records request from January 1, 1996 and forward.

We have now signed off on 30 of the 32 requests, and as you either have received or will receive Dr. Wolanin-Saifi's records via another request, there is really only one outstanding dispute. Again, we will happily reconsider our position if either insurance

Emily Renshaw Pistilli
August 31, 2011
Page 3 of 3

records or deposition testimony shows the relevance of this remaining provider. Please contact our office as soon as possible so we can hopefully resolve these lingering issues without the necessity of filing a Motion for Protective Order. In the event we cannot come to an agreement, and since both Ann and I are out on Friday, we request an extension through Tuesday, September 6, 2011, for the purposes of filing that motion.

                                                    Sincerely,

                                                    Megan J. Hastings

Cc:    Elaine Horn

```
***********************************************************
Reprinted from Electronic Medical Record - Created on 03/25/05 10:28:24
Patient: HENCH, EDWIN                    MR No.: 150253   DOB: 06/17/1945
***********************************************************
```

To: STUART B. PINK, M.D.    From: PinnacleHealth Transcription    Page 1 of 1    Friday, April 06, 2001 2:42:45 PM

57 Jmk



HENCH, EDWIN
RM#: M500528 -W
MRN: 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
CASE: 00210276988
ADM: 04/04/2001

HARRISBURG HOSPITAL
111 South Front Street
Harrisburg, PA 17101

COLOR FLOW DUPLEX SCAN OF THE RIGHT FEMORAL REGION    04/05/2001

Color flow duplex scan shows normal flow patterns and velocities in the right common femoral, proximal superficial femoral and proximal profunda femoris arteries. There is no evidence of arteriovenous fistula or pseudoaneurysm. There is a large hematoma present.

IMPRESSION:
No evidence of arteriovenous fistula or pseudoaneurysm but there is a large hematoma present in the area of the right femoral region.

ORIGINAL: CHART
c:   CARDIO DIAGNOSTIC CENTER
     STUART B. PINK, M.D.

REVIEWED AND ELECTRONICALLY SIGNED BY:
DAVID CALCAGNO, M.D. 04/06/2001 13:29
DICTATED BY: DAVID CALCAGNO, M.D.

DD: 04/05/2001
DT: 04/06/2001 /jlh
D#: 812463

VASCULAR STUDY          VASCULAR STUDY          VASCULAR STUDY
                   COPY FOR: STUART B. PINK, M.D.

Page 1 of 1                              Create Date: 2001-4-5

# HEALTH INSURANCE CLAIM FORM

**1500**
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE 08/05

PICA

HIGHMARK BLUE SHIELD
PO BOX 890173
CAMP HILL      PA  17089 0173

| | |
|---|---|
| 1. MEDICARE / MEDICAID / TRICARE CHAMPUS / CHAMPVA / GROUP HEALTH PLAN / FECA BLK LUNG / OTHER | [X] (ID) |
| 1a. INSURED'S I.D. NUMBER | YYM103173252001 |
| 2. PATIENT'S NAME | HENCH  EDWIN  C |
| 3. PATIENT'S BIRTH DATE | 06 17 45  SEX: M [X] |
| 4. INSURED'S NAME | HENCH  MAUREEN  O |
| 5. PATIENT'S ADDRESS | 540 WALNUT STREET APT 2 |
| 6. PATIENT RELATIONSHIP TO INSURED | Child [X] |
| 7. INSURED'S ADDRESS | 540 WALNUT STREET APT 2 |
| CITY | LEMOYNE  STATE: PA |
| 8. PATIENT STATUS | Married [X] |
| CITY | LEMOYNE  STATE: PA |
| ZIP CODE | 17043  TELEPHONE: (717) 7638954 |
| ZIP CODE | 17043  TELEPHONE: (717) 7638954 |
| 9. OTHER INSURED'S NAME | |
| 10. IS PATIENT'S CONDITION RELATED TO: | |
| 11. INSURED'S POLICY GROUP OR FECA NUMBER | 04931904 |
| a. OTHER INSURED'S POLICY OR GROUP NUMBER | |
| a. EMPLOYMENT? | [X] NO |
| a. INSURED'S DATE OF BIRTH | 04 03 46  SEX: M [X] |
| b. OTHER INSURED'S DATE OF BIRTH | |
| b. AUTO ACCIDENT? | [X] NO |
| b. EMPLOYER'S NAME OR SCHOOL NAME | |
| c. EMPLOYER'S NAME OR SCHOOL NAME | |
| c. OTHER ACCIDENT? | [X] NO |
| c. INSURANCE PLAN NAME OR PROGRAM NAME | HIGHMARK BLUE SHIELD |
| d. INSURANCE PLAN NAME OR PROGRAM NAME | |
| 10d. RESERVED FOR LOCAL USE | |
| d. IS THERE ANOTHER HEALTH BENEFIT PLAN? | [X] NO |

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE: SIGNATURE ON FILE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE: SIGNATURE ON FILE

| | |
|---|---|
| 14. DATE OF CURRENT ILLNESS/INJURY/PREGNANCY | |
| 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS | |
| 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION | |
| 17. NAME OF REFERRING PROVIDER OR OTHER SOURCE | WOLANIN-SAIFI, SUZANNE |
| 17b. NPI | 1376505040 |
| 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES | |
| 19. RESERVED FOR LOCAL USE | |
| 20. OUTSIDE LAB? | [X] NO |
| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY | 1. 41400   2. 41401   3. 2720   4. 4011 |
| 22. MEDICAID RESUBMISSION | |
| 23. PRIOR AUTHORIZATION NUMBER | |

| # | DATE(S) OF SERVICE From | To | PLACE OF SERVICE | EMG | CPT/HCPCS | MODIFIER | DIAGNOSIS POINTER | $ CHARGES | DAYS OR UNITS | EPSDT | ID QUAL | RENDERING PROVIDER ID # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 05 17 06 | 05 17 06 | 11 | 01 | 99215 | | 3 | 225 00 | 1 | | 1B NPI | 01087701 1295738441 |

| | |
|---|---|
| 25. FEDERAL TAX I.D. NUMBER | 232059289  01087710 |
| 26. PATIENT'S ACCOUNT NO. | 002/150253 |
| 27. ACCEPT ASSIGNMENT? | YES |
| 28. TOTAL CHARGE | $225 00 |
| 29. AMOUNT PAID | |
| 30. BALANCE DUE | $225 00 |
| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER | ERKI, LENKE  05 25 10 |
| 32. SERVICE FACILITY LOCATION INFORMATION | ASSOCIATED CARDIOLOG  856 CENTURY DRIVE  MECHANICSBURG PA 17055  a. 1265436679 |
| 33. BILLING PROVIDER INFO & PH # | (717) 5917105  ASSOCIATED CARDIOLOGISTS PC  856 CENTURY DRIVE  MECHANICSBURG PA 17055  1265436679  1B 02302800 |

APPROVED OMB-0938-0999 FORM CMS-1500 (08/05)