**EXHIBIT D**

# Megan J. Hastings

**From:** Pistilli, Emily [EPistilli@wc.com]
**Sent:** Thursday, September 01, 2011 11:27 AM
**To:** Megan J. Hastings
**Cc:** Ann Oldfather; Colleen Shields; Michelle L. Chiavene; Horn, Elaine
**Subject:** Vioxx MDL No. 1657 -- Hench Records Collection

Megan:

I write in response to your letter, sent yesterday afternoon, regarding the outstanding records collection issues in the Hench case. As I stated in our meet-and-confer call on Monday, we cannot agree not to pursue records from Calgano and Rossi Vein Center and from Dr. Wolanin-Saifi, and we stand on our previous notification to you that we intend to use the generic authorizations to make those requests. As you suggest, these providers may not possess any independent records relating to Mr. Hench, but you do not know whether they do or do not. We have no way of determining that fact unless we make the inquiry. This systematic process has been followed in hundreds of cases to date, and requests to individual practices frequently turn up additional records. And, if not, the practices will issue a "no records statement."

Mr. Hench has filed a personal injury action, and that puts his medical conditions and medical history at issue. Given that these requests for records are made by Merck at Merck's expense, we really don't understand the basis for your objection. The Amended and Supplemental Plaintiff Profile Form required by PTO 28 requires the identification of all healthcare providers from 1995 to the present, and production from of medical records from those providers. Thus, those records have already been determined by the Court to be relevant and discoverable. (Incidentally, we note that it appears that Mr. Hench has not completed the proper profile form – the ASPPF required by and attached to PTO 28. We request that he do so prior to his deposition.) Moreover, Dr. Calgano appears to be a vascular surgeon who treats vein disorders and Dr. Wonlanin-Saifi practices in the area of hematology and oncology. These are specialties that are particularly pertinent in a case alleging a DVT/PE injury (i.e. clots in the veins). An assertion that we should forego any attempt to collect records from these types of specialists in this type of case is baffling.

I will also note that over the past six years and thousands of records collected in this litigation, Merck has maintained this systematic approach to records collection, and to date there has not been one motion for a protective order filed by any plaintiffs' counsel over the use of the generic authorizations to request records from medical providers identified within a plaintiff's own medical records.

With respect to your request to defer filing your motion for a protective order, the relevant PTO does not appear to contemplate counsel extending the court's deadlines on their own. But regardless, we would be prejudiced in doing so here. As you have indicated, Mr. Hench's deposition is only a few weeks away. We are making every effort to get as many of his records together as possible, and we cannot afford to waste another week – particularly based solely on a groundless objection.

Emily Pistilli

---

**From:** Michelle L. Chiavene [mailto:mlc@oldfather.com]
**Sent:** Thursday, September 01, 2011 9:43 AM
**To:** Pistilli, Emily; Horn, Elaine
**Cc:** Ann Oldfather; Megan J. Hastings; Colleen Shields
**Subject:** FW: Vioxx MDL No. 1657

Please see the attachments which were inadvertently omitted.

9/1/2011

Michelle L. Chiavene, KCL§

**From:** Michelle L. Chiavene
**Sent:** Wednesday, August 31, 2011 3:42 PM
**To:** 'epistilli@wc.com'; 'ehorn@wc.com'
**Cc:** Ann Oldfather; Megan J. Hastings; Colleen Shields
**Subject:** Vioxx MDL No. 1657

Please see the attached correspondence in regards to the above-referenced matter.

Michelle L. Chiavene, KCL§
Secretary
Oldfather Law Firm
1330 South 3rd Street
Louisville, KY 40208
502-637-7200 (Phone)
502-637-3999 (Fax)
mlc@oldfather.com

---

NOTICE:

This message is intended for the use of the individual or entity
to which it is addressed and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. If the reader
of this message is not the intended recipient or the employee or agent
responsible for delivering this message to the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication
in error, please notify us immediately by reply or by telephone
(call us collect at (202) 434-5000) and immediately delete this message
and all its attachments.

=========================================================================

9/1/2011