UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | § | MDL NO. 1657 |
| | § | |
| PRODUCTS LIABILITY | § | SECTION L |
| LITIGATION | § | |
| | § | JUDGE FALLON |
| THIS DOCUMENT RELATES | § | MAG. JUDGE KNOWLES |
| TO ALL CASES | § | SPECIAL MASTER |
| | § | PATRICK A. JUNEAU |
| FILER:  Jack E. Urquhart | § | |
| | § | September 7, 2011 |

**SNAPKA AND ESCOBEDO-HOCKEMA REPLY TO FAC OPPOSITION TO STAY**

Kathryn Snapka (Successor in Interest to Snapka, Turman & Waterhouse, hereinafter referred to as "Snapka") and Escobedo, Tippit, & Cárdenas (referred to in this document and on appeal by the names of the real parties in interest José Escobedo, Jr. and David Hockema, or, collectively "Escobedo-Hockema") now reply to the "Fee Allocation Committee's Opposition to Motion to Stay, LexisNexis No. 39589742.

**FAC did not respond to the substantive arguments and authorities supporting the Snapka and Escobedo-Hockema Motion to Stay.**

FAC ignores the facts and legal authority that apply to this case.  Instead, FAC grounds its position on the incorrect premise that it has an unconditional money judgment against Snapka and Escobedo-Hockema that is entitled to enforce.  Snapka and Escobedo-Hockema are not judgment debtors.  They are not ordered to pay money.  All citations used by FAC refer to cases appealed from a judgment ordering the appellant to pay money.  This is not such a case.

Moreover, in this case the common benefit funds that are set for allocation are secure. They are held by fiduciaries in interest-bearing escrow accounts under the ultimate supervision and control of this court. FAC's notion that it would be more prudent to distribute the funds, and try to claw them back in the event of a successful appeal is unsupported by case authority or sound-reasoning. The extant case law supports the Objectors' position.

**This appeal is about the allocation of a large common benefit fund in the context of a unique form of aggregate litigation.**

Snapka and Escobedo-Hockema acknowledge, as all parties should, that this case involves a unique form of aggregate litigation, and therefore authority is sparse. In fact, the very absence of clear authority on aspects of this form of aggregate litigation has presented the Court and all parties with difficult challenges. The proper formation of and the proper allocation of a common benefit fund in this unique form of aggregate litigation will benefit from clarification. On the issue of the Motion to Stay, however, similar cases provide guidance, and support the Motion to Stay. These cases were discussed by Snapka and Escobedo-Hockema in their Motion to Stay, ignored by FAC in its response and need not be discussed in detail here. But it is compelling that this Court, as cited in the Motion to Stay, granted a stay pending appeal of an allocation in a far less complicated, and much better explicated, form of aggregation—a class action. Why FAC suggests the Court should take a vastly different approach now is unexplained. Similarly, FAC did not explain why this case should not heed the counsel of the Third Circuit in *In re Diet Drugs.* That Court urged the benefits of a stay pending appeal and doubted the propriety of a bond requirement because the common benefit funds were held under Court control.

In this case as well, the funds will remain available for orderly distribution when this appeal has been resolved.

**FAC's "proposals" are unsupported and serve only as unnecessary and improper impediment to appeal.**

First, an argument that the objectors should bond money held under court control has neither legal nor logical support.  The authority cited by FAC is not just inapposite as explained, but that even "authority" does not suggest any basis for bonding money held under Court control.

Second, the "claw back" procedure advocated by FAC conflicts with the authority cited by these Objectors, and raises considerable concerns for all involved.  Currently, the common benefit fund is under court control.  FAC would have the Court surrender that control to individuals and firms with the idea that they could just give it back if the appeal is successful.  The only "recommendation" for this approach cited by FAC is the claw back order that was required by the *High Sulfur I* reversal.  Fairly viewed, this is a strong argument in support of the Motion to Stay.  Just as the extant authority suggests, an allocation reversal in the absence of stay will result in disorder.  A forced claw back is a problem that a stay prudently avoids.

Third, the bonding "proposals" floated by FAC would serve one obvious "goal." Forcing Objectors to bond money now held under court control is an uncontestable and unsupportable obstacle to the rights of these objectors to pursue their appeal.  FAC's proposal ignores that all parties, including these objectors, are involved in an allocation.  A successful appeal will result in a reallocation.  The ultimate result of that reallocation is unknowable.  The most prudent means of ensuring an orderly reallocation is a stay that

holds the funds in the safekeeping of the court. It is also the method suggested by all extant authority that directly addresses common benefit funds.

                        Respectfully submitted,

                        **BEIRNE, MAYNARD & PARSONS, L.L.P.**

                        /s/ Jack E. Urquhart
                        Jack E. Urquhart
                        State Bar No. 20415600
                        1300 Post Oak Blvd., Suite 2500
                        Houston, Texas 77056
                        Telephone: (713) 871-6760
                        Facsimile: (713) 960-1527

                        **ATTORNEYS FOR PLAINTIFFS**
                        **KATHRYN SNAPKA, JOSÉ ESCOBEDO, JR.**
                        **AND DAVID HOCKEMA**

Of Counsel:

Gary Alfred
Texas Bar No. 24011214
Terry Adams
Texas Bar No. 00874010
Charles T. Miers
Texas Bar No. 00784600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 871-6760
Facsimile: (713) 960-1527

Paul M. Lavelle
Louisiana Bar Number is 08134
BEIRNE, MAYNARD & PARSONS, L.L.P.
110 Poydres Street, Suite 2900
New Orleans, LA 70163
Telephone: (504) 799-2223
Facsimile: (504) 799-2224

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing, and that the forgoing was sent via email to:

Russ Herman, rherman@hhkc.com

Andy Birchfield, andy.birchfield@beasleyallen.com

Special Master Patrick Juneau, PAJ@juneaudavid.com

This 7th day of September, 2011.

                                                     /s/ Jack E. Urquhart
                                                     Jack E. Urquhart