IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>MULTI-DISTRICT LITIGATION | MDL Docket No. 05-1657<br><br>RE:  Ronald Asnes<br>      VCN No. 1080917 |

### RAYMOND KRESS'S MOTION TO DETERMINE ENTITLEMENT TO LIENED FUNDS AND MOTION TO DISBURSE AND MEMORANDUM OF LAW

COMES NOW, Raymond Kress ("Kress"), by and through his undersigned counsel, and in support of his Motion to Determine Entitlement to Liened Funds and Motion to Disburse in the instant matter, states as follows:

1. Kress is a judgment creditor of a Vioxx claimant, Ronald S. Asnes, VCN No. 1080917.

2. Kress holds two judgments against Ronald S. Asnes which he has obtained from the Circuit Court of Palm Beach County, Florida. Copies of said judgments are attached hereto as Exhibits "A" and "B", respectively.

3. The judgment liens against Ronald S. Asnes were duly recorded with the Secretary of State of the State of Florida. Said judgment lien certificates are attached hereto as Exhibits "C" and "D", respectively.

4. On April 20, 2009, the aforesaid judgments and judgment lien certificates were filed with the Clerk of the United States District Court for the Eastern District of Louisiana in MDL Docket Number 1657. A copy of the transmittal letter to the Clerk and the attachments are attached hereto as Exhibit "E".

5. Subsequent to the filing of said judgment liens in the multi-district litigation Case No. 1657, Scott Monroe, Esq., the Vioxx Claims Administrator, notified the undersigned that he was holding $160,451.93 to satisfy the judgment liens filed by Kress.

6. Negotiations to resolve the lien issue between Kress and Ronald S. Asnes have failed.

7. Under the relevant law, Kress as a judgment lien holder, is entitled to the funds being held by Brown Greer, PLC.

WHEREFORE, Raymond Kress respectfully requests this Honorable Court to enter an Order determining his entitlement to the funds currently being held by Brown Greer, PLC, and the Court disburse said funds of $160,451.93 to the undersigned law firm as counsel for Raymond Kress.

## MEMORANDUM OF LAW

Pursuant to §16.3 **Governing Law** of the Settlement Agreement, the Agreement shall be governed and construed in accordance with the Law of New York without regard to any choice of law rules that would require the application of the law of another jurisdiction.

Pursuant to §17.1.48 of the Settlement Agreement between the Vioxx claimants and Merck, **lien** is defined to mean any mortgage, lien, pledge, charge, security interest, encumbrance, assignment, subrogation rights, third party interests, or adverse claim of any nature whatsoever, and each case whether statutory or otherwise, including any of the foregoing in relation to Medicare or Medicaid, any third party provider/payor or any lawyer or law firm.

As a judgment holder having properly filed judgment lien certificates, Raymond Kress's judgments are considered a lien as defined in the Settlement Agreement between Ronald Asnes and Merck.

New York Statute §5201 provides:

(a) a money judgment may be enforced against any debt which is past due or is yet to become due, certainly or upon demand of the judgment debtor, whether it was incurred within or without the State, to or from a resident or non-resident, unless it is exempt from the application of the satisfaction of judgment. A debt may consist of a cause of action which would be assigned or transferred accruing within or without the State.

(b) Property against which a money judgment may be enforced. A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not is vested, unless it is exempt from application to the satisfaction of the judgment. A money judgment entered upon a joint liability of two or more persons may be enforced against individual property of those persons summoned and joint property of such persons with any other persons against whom the judgment is entered.

Under New York law, the judgments of Ronald S. Asnes are subject to satisfaction by the funds currently being held by Brown Greer, PLC.

Ronald S. Asnes has taken no steps to attack the validity of the judgments in the underlying circuit court actions and as such the judgments are valid and not subject to attack by Ronald S. Asnes. The judgments have been properly certified and are valid judgments.

WHEREFORE the undersigned respectfully requests this Honorable Court to enter an Order allowing the disbursement of the money being held by Brown Greer PLC, and that said money be paid to Gerstin & Associates Trust Account.

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail this 27 day of June 2011 to: Ronald Asnes, P.O. Box #913, Stoughton, MA, 02072, and to Scott Monroe, Esq., Brown Greer, PLC, PO Box #85031, Richmond, VA 23285.

Gerstin & Associates
40 S.E. 5th Street, Suite 610

            Boca Raton, FL  33432
            Telephone: (561) 750-3456
            Facsimile: (561) 750-8185


By: */s/ Joseph L. Thillman*
    Joseph L. Thillman, Esq.
    Florida Bar No. 283061