UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION<br>**This document applies to:**<br>*Poole v. Eichholz Law Firm, P.C., et al.*<br>E.D. La., Case No. 2:11-cv-1546 | MDL No. 1657<br>Section: L<br><br>Judge Eldon E. Fallon<br>Mag. Judge Knowles |

**THE EICHHOLZ LAW FIRM, P.C.'S BRIEF IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE BASED ON *FORUM NON CONVENIENS*, AND TO STAY DISCOVERY**

COMES NOW The Eichholz Law Firm, P.C. ("The Eichholz Firm"), Defendant in the above-captioned case, and, without waiving any available arguments or defenses, hereby files this supplemental brief in support of the Motion for Suggestion of Remand Or, In the Alternative, to Transfer Venue Based on *Forum Non Conveniens*, and to Stay Discovery ("Motion for Suggestion of Remand"), which was previously filed in this action by Pacific Legal Funding, LLC ("PLF") and in which The Eichholz Firm has joined.

**PROCEDURAL HISTORY OF TRANSFER**

Plaintiff Verie Poole (hereinafter "Plaintiff") was represented by The Eichholz Law Firm, P.C. in connection with her Vioxx personal injury claim. Such claim was consolidated with other similar claims in the instant MDL No. 1657. Plaintiff ultimately received a settlement payment through the MDL.

On June 6, 2011, Plaintiff filed suit in the Southern District of Georgia, Savannah Division (Case No. 4:11-cv-00136), against the Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC alleging that she was fraudulently induced by the Defendants into obtaining a loan as an advance on her anticipated Vioxx settlement. (Complaint, ¶ 30 (Complaint attached to

1

Transfer Order, Docket No.1, as Exhibit 1)). The Complaint purported to allege counts of fraud, breach of fiduciary duty, usury and violations of the federal RICO statute. (Complaint, Counts I, II, III and IV, respectively).

The Complaint was served upon The Eichholz Firm on June 6, 2011 and on co-defendant PLF on June 22, 2011. (Docket Sheet from S.D. of Ga. action is attached to Transfer Order, Docket No.1, as Exhibit 2). On June 16, 2011, <u>without notice to or service upon either Defendant</u>, Plaintiff's counsel filed an Notice of Potential Tag Along with the Judicial Panel on Multidistrict Litigation (JPML), requesting that the case that Plaintiff had just filed ten days prior be transferred into the MDL pending in this Court. (A copy of the Notice is attached hereto as Exhibit 1). Neither Plaintiff nor the Clerk of the JPML filed the Notice of Potential Tag Along in the Southern District of Georgia.

The very next day, on June 17, 2011, Plaintiff filed a Motion to Transfer and Incorporated Memorandum of Law in the Southern District of Georgia, essentially reiterating the content of the Notice to the JPML and requesting transfer of the case to the MDL. (A copy of Plaintiff's Motion to Transfer is attached hereto as Exhibit 2). Notably, however, the Motion makes no reference whatsoever to the ex-parte Notice of Potential Tag Along that had been sent to the JPML the day prior. Just as with the Notice, <u>Plaintiff's counsel failed to serve the motion to transfer on either Defendant.</u> The Certificate of Service on the Motion to Transfer states only that the motion "has been filed electronically via CM/ECF which automatically serves all counsel of record." (<u>Id.</u>) As neither Defendant had yet filed a responsive pleading or otherwise appeared in the action pending in the Southern District of Georgia,[1] however, no service would

---

[1] The Eichholz Firm filed its Answer on June 27, 2011 and PLF filed its Answer on June 29, 2011. (Docket Sheet from S.D. of Ga. action is attached to Transfer Order, Docket No.1, as Exhibit 2).

2

have been sent to them through the CM/ECF system.  Plaintiff did not serve the Motion upon either Defendant by any other means.

Being entirely unaware of the Notice to the JPML and the Motion to Transfer and having not even made appearances in the pending case, neither Defendant had reason to be or was, in fact, aware that the JPML had issued a Conditional Transfer Order of the action to the MDL on June 21, 2011.  Having no knowledge of the CTO, neither Defendant filed any opposition to the transfer and, on June 29, 2011, the JPML lifted the stay on the CTO and ordered the case transferred to the MDL.  (The JPML Transfer Order is Docket No. 1 in this case).

On July 5, 2011, immediately upon finally learning of the pendency of the Motion to Transfer by reviewing the electronically filed documents, The Eichholz Firm contacted Mark Tate, counsel for Plaintiff, and requested that he consent to an extension of the time to respond to the Motion to Transfer, which response was otherwise due that very day - July 5, 2011. (That response date, of course, presumed that the Motion was properly served on The Eicholz Firm on June 17, 2011.  As noted, though, such service never occurred.)  Plaintiff's counsel refused to consent to any extension, however, and also failed to disclose his filing of the Notice of Potential Tag Along with the JPML or that the case <u>had already been transferred by the June 29, 2011 order.</u> As a result, on July 5, 2011, The Eicholz Firm prepared and filed a motion to extend its time to respond to the motion to transfer, without any knowledge the motion was meaningless as the Transfer Order had already been issued by the JPML, depriving the Southern District of Georgia of jurisdiction.

The June 29, 2011 JPML Transfer Order was filed in both the Southern District of Georgia case and in the instant case on July 11, 2011.

**ARGUMENT**

In addition to the reasons set forth in PLF's brief in support of the motion for suggestion of remand, basic principles of fairness and procedural due process require remand of this action to the Southern District of Georgia or, at a minimum, that the CTO be reinstated by the JPML such that the Defendants are afforded the opportunity to oppose the transfer pursuant to the procedure set forth in Rule 7.1 of the JPML Rules of Procedure.

Pursuant to Rule 7.1(b) of the JPML Rules of Procedure, the Clerk of the JPML "shall serve [the CTO] on each party to the litigation but shall not send the order to the clerk of the transferee district court until 7 days after its entry." Any party opposing the transfer must file a notice of opposition with the Clerk of JPML within that 7 day period. Rule 7.1(c). Whereupon, the CTO is not transmitted to the transferee court and the Clerk sets a briefing schedule. Id. Significantly, the Rules state that the "failure of the Clerk of the Panel to serve a CTO on all plaintiffs or defendants or their counsel <u>may constitute grounds for the Clerk to reinstate the CTO or for the aggrieved party to seek § 1407(c) remand</u>." Rule 7.2(b) (emphasis added).

As noted, neither Defendant had any knowledge of the Notice of Potential Tag Along, the Motion to Transfer, or of the entry of the CTO prior to expiration of the 7-day period in which they could have filed a notice of opposition. Had it had the opportunity, The Eichholz Firm would have done so. Further, the Rules expressly contemplate that such failure of notice is grounds for reinstatement of the CTO or even direct remand under 28 U.S.C. § 1407(c).

For the reasons set forth in PLF's Motion for Suggestion of Remand and the supporting brief, as supplemented by the reasons set forth in this brief, The Eichholz Firm requests that this Court either issue a suggestion of remand of this action to the Judicial Panel on Multidistrict Litigation, or transfer this matter back to the U.S. District Court for the Southern District of

Georgia based on *forum non conveniens*. The Eichholz Firm also joins the request for a stay of discovery in this case until such time as the Court has ruled on the Motion for Suggestion of Remand.

Respectfully submitted this 14th day of September, 2011.

                        MCCONELL, SNEED & COHEN, LLC

                        /s/Joseph Coomes
                        Joseph Coomes
                        Georgia Bar No. 184999
                        *Counsel for Defendant The Eichholz Law Firm, P.C.*

990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
T: (404) 220-9994
F: (404) 665-3476
Email: ajc@msc-law.net

5

## CERTIFICATION OF SERVICE

I hereby certify that the above and foregoing **The Eichholz Law Firm, P.C.'s Brief in Support of Motion for Suggestion of Remand Or, In the Alternative, to Transfer Venue Based on *Forum Non Conveniens*, and to Stay Discovery** has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of September, 2011.

/s/Joseph Coomes
Joseph Coomes
Georgia Bar No. 184999
*Counsel for Defendant The Eichholz Law Firm, P.C.*

McConnell, Sneed & Cohen, LLC
990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3476
Email: ajc@msc-law.net