## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | Section L |
| | ) | |
| THIS DOCUMENT RELATES | ) | JUDGE FALLON |
| TO ALL CASES | ) | MAGISTRATE KNOWLES |
| | ) | SPECIAL MASTER JUNEAU |
| FILER:  THE BRANCH LAW FIRM | ) | |
| _____ ) | | Submission date:  September 14, 2011 |

## REPLY MEMORANDUM OF THE BRANCH LAW FIRM IN RESPONSE TO THE FEE ALLOCATION COMMITTEE'S OPPOSITION TO MOTION TO STAY

The Branch Law Firm ("Branch") respectfully submits this Reply Memorandum in response to the Fee Allocation Committee's ("FAC") Opposition to the Motion to Stay.

FAC is wrong when it argues that Branch is only entitled to a stay upon a showing of three specific factors, including a "strong showing that he is likely to succeed on the merits."[1] FAC is wrong because it is relying on a subsection of Rule 62(c) of the *Federal Rules of Civil Procedure* which is entitled "Injunctions Pending Appeal."   FAC's citation to a United States Supreme Court decision is also wrong. That decision, *Hilton v Braunskill*, 481 U.S. 770 (1987), discussed the test for a stay under Rule 62(c) and has nothing to do with the issue here.  The test cited in *Hilton* is the same test as the traditional preliminary injunction test,[2] and that is why at least some decisions under Rule 62(c) use the injunction test.  Branch is not required to make a "strong showing that he is likely to succeed on the merits" in order to obtain a stay.

---

[1]  FAC Opposition, pp. 1-2.
[2]  *See* Barrett v Roberts, 551 F.2d 662, 665 (5th Cir. 1977).

What is at issue here is whether this Court should exercise its discretion and waive any requirement for a bond during the pendency of the appeal. Here, the applicable portions of Rule 62 are subsections (a) and (d) -- "Automatic Stay" and "Bond on Appeal," respectively. The general rule is that an appellant obtains a stay as of matter of right when the appellant provides a bond. Under Rule 62(d), however, it is not absolute that an appellant post a bond. Rather, the district court has discretion whether to require a bond at all.[3] *See, e.g., Northern Ind. Pub. Serv. Co. v Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986).

In this case, unlike the usual situation where a judgment debtor appeals and the bond serves as a protection to the judgment creditor, there is no reason to require a bond because Branch is not a judgment debtor. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979). It has not received any attorneys' fees from the Common Benefit Fund. Rather, the funds are held by a third-party administrator, so the funds are protected and will be there when the appeals have concluded. It is this fact that establishes sufficient cause for the waiver of a bond. Further, FAC's insistence on a bond must be rejected. A bond would only serve to penalize Branch for asserting its rights, a position that is at odds with Rule 62 and not permitted: "A supersedeas bond should not be used as a penalty for a party availing itself of its appeal rights, which is all that an increased bond in this case would accomplish." *Id.*

Dispensing with the bond requirement is appropriate, within this Court's authority, and widely-recognized. The Circuit Court for the District of Columbia, in *Federal Prescription Service, Inc. v American Pharmaceutical Assn*, 636 F.2d 755 (5th Cir. 1980), found the Fifth Circuit's *Poplar Grove* decision to be persuasive when it decided two motions: (1) whether to set

---

[3]    Also, Rule 7 of the *Federal Rules of Appellate Procedure* and *Local Rule* 62.2 both give the district court discretion whether to require a bond.

aside an unsecured stay and (2) whether to dismiss an appeal for failure to file an appeal bond.
The *Federal Prescription* Court held the unsecured bond was proper and refused to dismiss the
appeal.  *Id.* at 757-58.  It rejected the moving party's argument that a supersedeas bond was
indispensable.  *Id.*.  The D.C. Circuit, pointing to the Fifth and other Circuit Courts of Appeal,
held that a district court could exercise "sound discretion to authorize unsecured stays in cases it
considers appropriate" under Rule 62(d), and stated that the district courts could reduce, accept
substitute security and "dispense with formal security altogether, upon a showing of sufficient
cause." *Id.*

Sufficient cause for dispensing with the bond exists here: Branch was not cast in
judgment, and the money is in the hands of a third-party administrator subject to the direction of
this Court.  Further, courts are cognizant of the cost of a bond, especially here, where the sums
are great.  For example, in *Northern Indiana,* the Seventh Circuit stated, "if the district judge is
satisfied that the expenditure is unnecessary to protect the appellee, he does not have to insist
that it be spent." Here, requiring a bond would involve not only a large sum of money, but
insisting on a bond is unnecessary because the appeal is not based on a judgment that Branch
owes to anyone -- Branch is not a judgment debtor.  Branch is asserting a legal right, and the
Fifth Circuit does not countenance an appellant's being penalized for doing so.  The Fifth Circuit
has been explicit that a bond's purpose is not to punish: "A supersedeas bond should not be used
as a penalty for a party availing itself of its appeal rights, which is all that an increased bond in
this case would accomplish." *Poplar Grove,* 600 F.2d at 1190.

Further, the FAC's suggestion that there be a partial distribution ignores what is at issue
here: the allocation in its entirety.  The FAC is wrong when it suggests withholding only a small
percentage of the fees, reasoning that an amount less than 7 percent will "provid[e] ample funds

to address any decision arising from an appeal should it become necessary."[4] No one, including the FAC, knows what the Fifth Circuit Court of Appeals will do.  It certainly has the authority to vacate and remand as it did in *In Re High Sulfur Content Gasoline Prods. Liab. Litig.,* 517 F.3d 220 (5th Cir. 2008).  Thus, the FAC's suggestion that only a small percentage of the fees be withheld ignores the fact that the entire allocation may be affected. Moreover, distributing the funds while the matter is being reviewed on appeal also ignores the efforts, efficiency and resources that would be needed to have monies returned for any future re-allocation.

The Branch Law Firm re-urges its prayer that this Honorable Court stay disbursement of any and all common benefit attorney's fees from the Common Benefit Fund and dispense with and otherwise waive the filing of a bond pending the Branch Law Firm's appeal of this Court's orders.

Respectfully submitted,

Dated:  August 29, 2011                     THE BRANCH LAW FIRM



Turner W. Branch
tbranch@branchlawfirm.com
2025 Rio Grande Blvd. NW
Albuquerque, New Mexico 87104
(505) 243-3500 (telephone)
(505) 243-33354 (telefax)

---

[4]   FAC Opposition, p. 4.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and forgoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing

_____
Turner W. Branch

5