UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | § | MDL NO. 1657 |
| | § | |
| PRODUCTS LIABILITY | § | SECTION L |
| LITIGATION | § | |
| | § | JUDGE FALLON |
| THIS DOCUMENT RELATES | § | MAG. JUDGE KNOWLES |
| TO ALL CASES | § | SPECIAL MASTER |
| | § | PATRICK A. JUNEAU |
| FILER: Jack E. Urquhart | § | |
| | § | September 16, 2011 |

**SNAPKA AND ESCOBEDO-HOCKEMA OBJECTIONS, MOTION AND BRIEF FILED TO ADDRESS "COMMON BENEFIT FUND SHORTFALL" AS SUGGESTED IN COURT ORDER OF SEPTEMBER 9, 2011**

Snapka (Successor in Interest to Snapka, Turman & Waterhouse, hereinafter referred to as "Snapka") and Escobedo, Tippit, & Cárdenas (referred to in this document and on appeal by the names of the real parties in interest José Escobedo, Jr. and David Hockema, or, collectively "Escobedo-Hockema") file these objections, motion and brief to address the "Common Benefit Fund Shortfall" as suggested in the Court's Order of September 9, 2011 (RD 63360).

**Objections to BrownGreer's chart attached to the Court's September 9, 2011 Order.**

BrownGreer provided a chart which purported to report the balance of the Common Benefit Fund. *See* September 9, 2011 Order RD 63360 at pps 3-4. Snapka and Escobedo-Hockema assert the following objections to BrownGreer's chart:

1. Snapka and Escobedo-Hockema object because the chart BrownGreer provided fails to provide any specificity about withdrawals or deductions from the Common Benefit Fund.

2. Snapka and Escobedo-Hockema object because BrownGreer failed to identify to whom funds from the Common Benefit Account were paid.

  3. Snapka and Escobedo-Hockema object because BrownGreer failed to identify when specific amounts were withdrawn from the Common Benefit Fund.

  4. Snapka and Escobedo-Hockema object because BrownGreer failed to provide a detailed report showing specific, individual amounts paid from the account.

  5. Snapka and Escobedo-Hockema object because BrownGreer failed to identify whether the Court authorized withdrawal of funds from the Common Benefit Account.

  6. Snapka and Escobedo-Hockema object because BrownGreer included ambiguous, undefined terms in describing withdrawals made from the Common Benefit Account.

  7. Snapka and Escobedo-Hockema object because BrownGreer failed to specify the authority upon which it acted in disbursing funds from the Common Benefit Account, or in failing to withhold assessments.

  8. Snapka and Escobedo-Hockema object because BrownGreer failed to specify the orders or documentation establishing or granting it authority to make distributions from the Common Benefit Fund.  The exception is the adjustment for Master Juneau's fees.

  9. Snapka and Escobedo-Hockema object because BrownGreer did not report the amount of interest earned on the Common Benefit Fund.

  It is for the foregoing reasons Snapka and Escobedo-Hockema request the Court strike the chart BrownGreer provided and require a full accounting and investigation into the actions leading to depletion of the Common Benefit Account.  Furthermore, Snapka and Escobedo-Hockema request the Court establish procedures and measures to

investigate the cause of the depletion of Common Benefit Funds as the Court stated it would do in its August 25, 2011 Order RD 63314 at p. 1.

**The BrownGreer chart attached to the September 9, 2011 Court Order "reports" a "shortfall" of millions of dollars but does not determine the cause of the shortfall as required by the Order of August 25, 2011.**

The Court ordered August 25, 2011, that if a shortfall were reported, the Court would "establish procedures for determining the cause of any shortfall and how that shortfall shall be addressed." RD 63314 at p.1. BrownGreer has reported a multi-million dollar shortfall. Snapka and Escobedo-Hockema move the Court to establish procedures to clearly determine the causes of the shortfall as required by Court Order of August 25, 2011. The causes of the shortfall should be determined before addressing the remedy. The cause must be determined in order to make an informed discernment about the remedy.

The $315,250,00 common benefit fund was required to be held in an interest-bearing escrow account under the supervision of the Court. *See, e.g.,* Section 9 of the MSA. "Shortfalls," therefore, should not have occurred without the knowledge of the Court. Yet, the BrownGreer chart attached to the Court Order of September 9, 2011, RD 63360, reports a large shortfall that was unknown to the Court.

Strikingly, all "adjustments" that the BrownGreer chart lists as culminating in the shortfall would have been known or knowable to BrownGreer before the Court expressly set the Common Benefit Fund at $315,250,000 on October 19, 2010. The only exception is Special Master Juneau's fees. All other shortfalls were known or knowable to Mr. Herman, Mr. Birchfield, Mr. Seeger and all other MDL "leaders" with access to BrownGreer.

3

The failure of disclosure to the Court of the shortfall is at the very least a failure of required transparency. Realistically, the shortfall is evidence of transactions that were improper. Mr. Herman, Mr. Birchfield and Mr. Seeger owed fiduciary duties to Snapka and Escobedo-Hockema. Mr. Stratton owed fiduciary duties to Ms. Snapka. These duties appear to have been breached, based on available evidence.

**The cause of Adjustments for "Payment to Objector Firms" calls for particular scrutiny.**

The BrownGreer chart reports that "an agreement to disburse $19,271,639 to 78 Objector Firms" resulted in a disbursement of this amount "on 9/2/10." The alleged "agreement" and disbursement occurred prior to the Court order that set the common benefit fund at $315,250,000. That same Court Order required that the full amount would be available for distribution. The alleged agreement referred to in the BrownGreer chart was obviously not disclosed to the Court and disbursement of more than $19 million was made without Court order or Court knowledge.

Material facts of this alleged agreement remain undisclosed and require disclosure. Even a seemingly simple term of the alleged agreement — the amount of money involved — is unclear. The BrownGreer chart sets the amount at $19,271,639, but a transcript of a meeting between Michael Stratton, Russ Herman, Andy Birchfield and Chris Seeger speaks of $18,539,236.85. July 27, 2010 "Private Proceedings Between Counsel Held in The Conference Room of The Honorable Eldon E. Fallon United States District Judge." Exhibit 1 at p. 1.

Other significant aspects about this alleged agreement require disclosure. For example, none of the individuals who participated in the July 27, 2010 meeting had legal authority to reach "an agreement" nor authority to order a disbursement from the escrowed common benefit fund. Any proposed agreement should have been transparent

4

and all material terms disclosed to the Court and all interested parties. This has not been done.

Snapka and Escobedo-Hockema were not asked to consent to the agreement nor informed of its terms. Snapka received checks from Mr. Stratton that related to this alleged agreement, but could not and did not cash the checks because she was not informed of the terms of the agreement or its legality. On Snapka's motion, Mr. Stratton was ordered to deposit the amount of those checks in the registry of the Court, pending resolution of substantial questions about this alleged agreement and the subsequent disbursement of funds. As a result, Snapka has had 8% of her fees held back.

Snapka never received the 1.5% rebate of holdbacks apparently received by others. Nor was she advised of that rebate. Nor does there appear to be an order authorizing the rebate.

**The BrownGreer chart has other material limitations that should be addressed.**

The record reflects that all common benefit money should be in an interest-bearing escrow account. If this is the case, the chart should reflect interest. It does not.

The chart refers to "agreements" without providing references to the agreements or backup for the numbers it uses. Transparency — given the sizeable shortfall — requires full disclosure in order for the Court to determine the cause of the shortfall and, then, determination of a remedy.

**Snapka and Escobedo-Hockema move for and request the following relief:**

1.   The Court grant the objections to the BrownGreer chart.

2.   The Court establish procedures for determining the causes of the shortfall in the Common Benefit Fund as called for in the Court Order of August 25, 2011.

Minimally, this should include the opportunity to depose Mr. Herman, Mr. Birchfield, Mr. Seeger and Mr. Stratton.

3. The Court establish procedures to scrutinize the alleged agreement between Mr. Stratton, Mr. Herman, Mr. Birchfield and Mr. Seeger and the resulting distribution to determine at the very least these things: What was the consideration for the alleged agreement, who actually consented to the agreement prior to July 27, 2010, what were the material terms of the agreement, whether any agreement and disbursement was legally authorized, and why the alleged agreement was not disclosed to the Court and all interested parties in a motion seeking its approval.

4. The Court should require a full disclosure of the "shortfall" reported by BrownGreer, including the references BrownGreer used to support alleged agreements and an accounting for the interest earned on the funds in the Common Benefit escrow account.

5. After resolving 1-4, that address the issue of the causes of the shortfall, the court should establish a briefing schedule that addresses remedies for the shortfall.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

 /s/ Jack E. Urquhart
Jack E. Urquhart
State Bar No. 20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
Telephone: (713) 871-6760
Facsimile: (713) 960-1527

**ATTORNEYS FOR PLAINTIFFS
KATHRYN SNAPKA, JOSÉ ESCOBEDO, JR.
AND DAVID HOCKEMA**

6

Of Counsel:

Gary Alfred
Texas Bar No. 24011214
Terry Adams
Texas Bar No. 00874010
Charles T. Miers
Texas Bar No. 00784600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone:  (713) 871-6760
Facsimile:   (713) 960-1527

Paul M. Lavelle
Louisiana Bar Number is 08134
BEIRNE, MAYNARD & PARSONS, L.L.P.
110 Poydres Street, Suite 2900
New Orleans, LA 70163
Telephone: (504) 799-2223
Facsimile:  (504) 799-2224

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing, and that the forgoing was sent via email to:

Russ Herman, rherman@hhkc.com

Andy Birchfield, andy.birchfield@beasleyallen.com

Special Master Patrick Juneau, PAJ@juneaudavid.com

This 16th day of September, 2011.

                                                                          /s/ Jack E. Urquhart
                                                                          Jack E. Urquhart