IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION ) | SECTION: L |
| THIS DOCUMENT RELATES TO: ) | JUDGE FALLON |
| ALL PURCHASE CLAIMS CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 ) | JURY TRIAL DEMANDED<br><br>PURCHASE CLAIMS MASTER CLASS |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE CLASS ALLEGATIONS IN PURCHASE CLAIMS MASTER COMPLAINT**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this notice of supplemental authority in support of its pending motion for judgment on the pleadings or to strike class allegations in plaintiffs' Master Complaint.

In its motion, Merck argued that plaintiffs' claims lack merit because they do not allege that their purchase of Vioxx was in any way related to any specific representation, alleged statement, advertisement or omission by Merck. (*See* Def.'s Mot. at 10-15.) Merck also argued that plaintiffs cannot state a claim for relief because they do not allege that Vioxx caused them any physical injury. (Mot. at 16-20.) Merck further argued that plaintiffs' claims for unjust enrichment fail under Illinois law because plaintiffs' other tort claims fail. (*Id*. at 26-29.) Two recently decided cases, *In re: Avandia Marketing, Sales Practices and Products Liability Litigation, Clifford Cartwright v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline*,

1069836v.1

MDL No. 1871, No. 07-4959, 2011 U.S. Dist. LEXIS 101928 (E.D. Pa. Sept. 7, 2011) and *In re: Avandia Marketing, Sales Practices and Products Liability Litigation, Donald Knight v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline*, MDL No. 1871, No. 07-4960, 2011 U.S. Dist. LEXIS 101926 (E.D. Pa. Sept. 7, 2011), provide further support for Merck's arguments, particularly with respect to plaintiffs' claims under Florida and Illinois law. In these two cases, the district judge dismissed claims virtually identical to the ones asserted by plaintiffs here.

In *Cartwright*, the plaintiff, a former user of the diabetes drug Avandia, brought a putative class action against GlaxoSmithKline ("GSK"), seeking a refund for money he paid for Avandia and for medical monitoring. The plaintiff sought to certify two classes of individuals (the "refund class" and the "monitoring class"), who were allegedly subject to fraudulent and deceptive misrepresentations by the defendant concerning potential health risks and efficacy of the diabetes drug. The plaintiff alleged violations of the Florida Deceptive and Unfair Trade Practices Act and asserted a claim for unjust enrichment. The court granted the defendant's motion to dismiss on multiple grounds. Of particular relevance here, the court first found that "although plaintiff . . . made exhaustive allegations regarding GSK's alleged unfair or deceptive practices," the complaint failed to "identify any specific advertisements or other materials that Plaintiff viewed [or] how he was misled by GSK's alleged misrepresentations." *Cartwright*, 2011 U.S. Dist. LEXIS 101928, at *4. The court also found that the complaint failed to allege that the "prescribing physician received any misrepresentation of fact that was relied upon in prescribing Avandia." *Id*. Second, the court found that the complaint failed to identify "how these misrepresentations caused any injury." *Id*. The court concluded that the "failure to allege

[these facts] cannot be excused." *Id*. For these and other reasons, the court granted GSK's motion to dismiss.

In a related case, *Knight*, the plaintiff, a former purchaser of Avandia, brought a putative class action seeking a refund of money he paid for Avandia. The plaintiff asserted a claim for, *inter alia*, violation of the Illinois Consumer Fraud Act ("ICFA") and unjust enrichment. The court granted the defendant's motion to dismiss on multiple grounds. As to the ICFA claim, the court found that the plaintiff had "not alleged that any misrepresentations were communicated to him or to his prescribing physician or that either of them relied upon the alleged misrepresentations." *Knight*, 2011 U.S. Dist. LEXIS 101926, at *5. The court also found that the plaintiff did "not allege any facts to support the bare allegation that Defendant's conduct harmed him." *Id*. at *6. The court concluded that no claim had been stated for the ICFA claim and that the unjust-enrichment claim thus failed as well because a claim for unjust enrichment is "not a separate cause of action that, standing alone, will justify an action for recovery." *Id*. (citation omitted). For these and other reasons, the court granted the defendant's motion to dismiss.

These decisions bolster Merck's arguments that plaintiffs here cannot state claims for relief. **First**, both decisions confirm Merck's argument that plaintiffs' failure to plead any facts connecting their purchase of Vioxx to any alleged statements, advertisements, representations, or omissions by Merck means that plaintiffs' claims fail under the pleading standards articulated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (noting that the "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully") and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must contain "[f]actual allegations . . . [that] raise a right to relief above the speculative level "). As Merck explained in its motion, plaintiffs'

general allegation that "Merck engaged in a promotional and marketing campaign that featured an advertising blitz directly targeted to consumers, that touted Vioxx as a safer drug than other drugs in its class, while uniformly failing to disclose the health risks of Vioxx" is insufficient to satisfy the standards set forth in *Iqbal* and *Twombly*. (*See* Mot. at 9-10.) Like the plaintiff in *Cartwright*, plaintiffs here have simply failed to "identify any specific advertisements or other materials" on which they allegedly relied.

**Second**, the decisions support Merck's argument that plaintiffs' failure to allege that they suffered any cognizable injury as a result of using Vioxx is fatal to their claims. (*See id.* at 16, *citing, inter alia, In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1017 (7th Cir. 2002) ("No injury, no tort, is an ingredient of every state's law"); *In re Air Bag Prods. Liab. Litig.*, 7 F. Supp. 2d 792, 804 (E.D. La. 1998) ("the absence of manifest injury is so fundamental a deficiency in tort or implied warranty claims that such claims are more appropriately dismissed than preserved.")). As Merck explained in its motion, courts consistently reject claims by uninjured users of pharmaceutical drugs in cases that are indistinguishable from this one. (*See id.* at 17.) Like the plaintiffs in *Cartwright* and *Knight*, plaintiffs have failed to identify how Merck's alleged misrepresentations caused them any injury.

**Finally**, with respect to claims under Illinois law, *Knight* also provides support for Merck's argument that plaintiffs cannot recover for unjust enrichment based on a theory of tort where plaintiffs' tort claims fail. As Merck noted in its motion, unjust enrichment is not an independent theory of recovery in Illinois. (*Id.* at 26.) Thus, as in *Knight*, plaintiffs' unjust-enrichment claims are barred under Illinois law because plaintiffs' tort claims fail.

- 5 -

**CONCLUSION**

      For the foregoing reasons, and those set forth in Merck's earlier briefing, the Court should grant Merck's motion for judgment on the pleadings or to strike class allegations.

Dated:  September 16, 2011

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1069836v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Supplemental Authority been served on Liaison Counsel, Russ Herman, Phillip Wittmann, and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of September, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1069836v.1