UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | **MDL DOCKET NO. 1657** |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | **SECTION L** |
| THIS DOCUMENT RELATES TO: | : | |
| ***Wodowski v. Merck & Co., Inc., et al.*** | : | |
| | : | **JUDGE FALLON** |
| ***2:08-cv-04559-EEF-DEK*** | : | |
| | : | **MAG. JUDGE KNOWLES** |
| | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MERCK'S RENEWED
MOTION TO DISMISS WITH PREJUDICE UNDER RULE 25 (a) (1)**

A Suggestion of Death and Motion for Substitution of Parties was filed as to Plaintiff Michael Wodowski on June 14, 2011. At the status conference on August 4, 2011, the Court vacated any prior dismissal of the aforesaid action. Merck has since Renewed its Motion to Dismiss with prejudice under 25(a)(1). This memorandum is filed in opposition to Defendant's Renewed Motion to Dismiss. The aforesaid matter is scheduled for a hearing immediately following the status conference on September 21, 2011 and will be argued.

Mr. Wodowski's brother, William A. Wodowski, sister, Mary R. Zak as well as longtime girlfriend, Cheryl Sample have been appointed administrators of his estate. The administrators would like to pursue this meritorious claim despite Mr. Wodowski's death.

It is Plaintiff's position that Merck's Motion for Dismissal with prejudice under 25(a)(1) should be denied and instead, Plaintiff's Suggestion of Death and Motion for Substitution of Parties should be granted for the following reasons:

**THE SUBSTITUION OF PARTIES IS TIMELY UNDER
N.Y. STATE LAW CPLR §1015 AND §1021**

The substitution of parties would be timely under New York Law CPLR §§1015 and 1021. The New York State Courts have consistently ruled in accordance with the strong public policy that litigated matters be disposed of on the merits. The Administrators and Plaintiff are all New York residents. A Suggestion of Death and Motion for Substitution of Parties was filed in this case prior to any Order of Dismissal. The time limit features of Federal Rule 25 are omitted under New York Law and no specific time period exists. The New York Courts have consistently held that there is a strong public policy that litigated matters be disposed of on the merits and have denied a Defendant's Motion to Dismiss even when the substitution would involve 14 years from the date of the accident and almost 3 years from the date of the death of the Plaintiff. Milam v. Gibson & Cushman of N.Y., Inc., 438 N.Y.S.2d 328 (1st Dep't 1981).

## THERE IS NO PREJUDICE TO MERCK IN DENYING THEIR RENEWED MOTION TO DISMISS AND IN ALLOWING THE SUBSTITUTION OF PARTIES

Plaintiff has a meritorious products liability claim and has complied with every other requirement of PTO 29 that they have been aware of. Timely filed are both the Plaintiff's Profile Form and responses to interrogatories. Plaintiff has also provided medical authorizations and notices to providers. In addition, Plaintiff has provided an Affidavit of a physician who opined with medical certainty that Michael Wodowski sustained a bilateral occipital lobe infarct with right temporal lobe infarct and that VIOXX was the cause of said injury.

In addition to having a meritorious claim, there is no prejudice to the Defendant who has long been in possession of the aforesaid information regarding Plaintiff's claim and continues to have a large number of personal injury cases pending in this VIOXX litigation. Contrary to Merck's assertions, it would be a grave disservice to the judicial process to dismiss this

meritorious claim when there is no prejudice to the Defendant and as outlined below, no bad faith exercised by the Plaintiff in its delay. Instead, the delay was due, as discussed below, to Plaintiff's difficulties with the electronic filing system in regard to this VIOXX litigation. Merck suggested to the Court that Plaintiff only became interested in the litigation when they thought a settlement was possible. This is not only incorrect and speculative but contrary to the fact that Plaintiff declined Merck's offer to engage in settlement negotiations <u>prior</u> to the September 21, 2011 hearing.

## NO BAD FAITH HAS BEEN EXERCISED BY PLAINTIFF

Without question, Merck in their Memorandum accompanying their Renewed Motion to Dismiss have substantiated that Plaintiff has had difficulty with the electronic system of filing, as recently as this summer. At no time other than with Merck's present Motion to Renew (which was received on September 13, 2011 via Federal Express overnight mail) has a hard copy been sent to Plaintiff. Plaintiff is not denying that Merck filed the papers electronically, but simply stating the fact that we were using the LexisNexis system with difficulty and not using the Court's ECF system, and, therefore were we not on the ECF system's recipient list and had difficulties both receiving and sending documents.

We first became aware of the issues surrounding the dismissal from Ms. Oldfather (who is not our Liaison Counsel and, in fact, we have had <u>no</u> contact from our Liaison Counsel), and immediately as outlined below, took steps to address the issue of dismissal. On June 2, 2011, we became aware (from Ms. Oldfather's office) that Merck had a pending Motion to Dismiss Mr. Wodowski's claim pursuant to the "Joint Report No. 64 of Plaintiffs' and Defendants' Liaison Counsel," filed on May 27, 2011 with the U.S. District Court, Eastern District of Louisiana. On

June 14, 2011, we filed our Suggestion of Death and Motion for Substitution of Parties along with Mr. Wodowski's Certificate of Death and Certificate of Appointment of Administrators along with our Motion to Set Aside Order of Dismissal and Reinstatement of Case on Active Docket of the Court through the LexisNexis File and Service. On July 1st, 2011 while trying to uplink a document, we discovered that there was a problem involving PACER, as well as LexisNexis, which affected our capability of receiving and sending documents.  On or about July 20, 2011, we learned that no responses to our motions or orders came through on PACER.  After numerous conversations and emails with Ms. Oldfather's office and the Clerk of the Court, the problem was finally resolved and we were able to successfully file our Motion papers with the Court.  After several discussions with the Clerk of the Court, we learned that there had been numerous problems with filings (such as ours) and that a hotline had been put in place to handle these problems.

Our delays in this action are excusable and do not involve bad faith on our part.  They were due to our office's and systematic difficulties with the electronic filing system which resulted in problems receiving and sending documents.

## RULE 25 A IS NOT INTENDED AS A BAR IN MERITORIOUS ACTIONS AND THE EXTENSION OF THE PERIOD MAY BE LIBERALLY GRANTED

The history of Rule 25 (a) makes it clear that it was not intended to act as a bar to meritorious actions and that the extension of the period may be liberally granted.

The Court has discretion to grant extensions of the period and liberally does so when no bad faith has been exercised by Plaintiff's counsel.  Tatterson v. Koppers Co., 104 F.R.D. 19 (W.D.Pa. 1984)  In Tatterson, the Motion for Substitution was not filed until 6 months after the

Suggestion of Death on the record. The Court found that there was no bad faith exercised by Plaintiff's counsel in failing to move for the enlargement of the time during the initial 90 day period and that there was no undue prejudice to the Defendant.

In the case at bar, Plaintiff's Motion for the Substitution of the Parties was made before any Order of Dismissal; is timely under New York State Law; causes no prejudice to the Defendants; is an excusable delay and not due to any bad faith on the part of the Plaintiff. In addition, it would follow the intent of the statute (not barring meritorious claims) to deny Merck's Motion and to grant Plaintiff's Motion to Substitute the Parties.

## CONCLUSION

In conclusion, Plaintiff requests that the Court deny Merck's Renewed Motion for Dismissal with prejudice under Rule 25(a)(1) and instead enter an Order granting Plaintiff's Motion for Substitution of Parties.

Respectfully Submitted,

s/ Joy Ellen Miserendino, Esq.
Joy Ellen Miserendino, Esq.
THE MISERENDINO LAW FIRM, P.C.
295 Main Street, Suite 964
Buffalo, New York 14203
Telephone: (716) 854-1002
Fax No.: (716) 854-6748
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served upon Liaison Counsels, Phillip A. Wittmann, Russ Herman AND Ann B. Oldfather, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day September, 2011.

s/ Joy Ellen Miserendino, Esq.
Joy Ellen Miserendino, Esq.
THE MISERENDINO LAW FIRM, P.C.
295 Main Street, Suite 964
Buffalo, New York 14203
Telephone: (716) 854-1002
Fax No.: (716) 854-6748
Jemiserendino@me.com
Counsel for Plaintiff