UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT OF LIAISON COUNSEL, ANN B. OLDFATHER,
IN CONNECTION WITH STATUS CONFERENCE OF SEPTEMBER 21, 2011

This Report is filed to address matters that would typically be included in Section VII, Section IX and Section XI of the Joint Status Report.  Merck notified the undersigned earlier this evening that it was declining to file a Joint Status Report, and that only an Agenda would be filed, because it disagreed with information that the undersigned desired to include in those sections.  The Section numbers correspond to the Agenda that is to be filed with the Court.

    VII.    PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On August 20, 2009, the Court entered Pre-Trial Order No. 46, lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30, in PTO 28 and 29 cases which had served *Lone Pine* reports.  On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for the PTO 43 cases and all other cases not previously covered by PTO 46.  Prior to March 16, 2011, Merck had taken 49 depositions.  Since March 16, 2011, Merck has taken an additional 24 depositions -- primarily in

PTO 43 FES cases.  Merck has continued its efforts to collect medical records in PTO 28 and 29 cases.  As Liaison Counsel, Ms. Oldfather has asked Merck to allow personal injury claimants to focus the next round of deposition discovery on the cases that plaintiffs would like to prepare and present for trial, based on her belief that Merck has been able to select depositions of its choosing for some time.  Merck believes that continued discovery should not be limited due to the age of the cases (and the alleged injuries) and Merck's concerns about the potential loss of evidence.  Merck will cooperate in the work-up of specific cases, once those cases have been identified, but other work should continue as well.

Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] has been briefed.  The PSC has filed its Opposition [Rec. Doc. 63348].  The parties are prepared to argue this Motion on September 21, 2011.

On September 1, 2011, Ms. Oldfather filed a Motion for Protective Order [Rec. Doc. 63337] in one of her individual cases, *Hench v. Merck,* raising issues of Merck's use of the record retrieval process.  Merck has filed its opposition  [Rec. Doc. 63402].

Simultaneously, Liaison Counsel is continuing to analyze the remaining personal injury cases at the Court's request.  Merck continues to analyze the cases, also.  According to Merck's records, there are currently 104 remaining cases.  Ms. Oldfather believes that the best estimate is that there are 102 remaining personal injury cases, due to dismissals and settlements.  Ms. Oldfather sent her spreadsheet of remaining PI cases to Merck on September 14, 2011, and Merck responded by providing its lists on that same date.  The parties are working on confirming the count.  Liaison Counsel will be prepared to present to the Court and Merck at the Status Conference an interim analysis of the in-process medical record review of those cases.

The Court ordered Ms. Oldfather to attempt to obtain consents from the personal injury claimants or their counsel allowing Merck to send certain records for those claimants to her. As of August 4, 2011, ten (10) persons had not provided consents. Thereafter, Merck filed its Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute [Rec. Doc. 63268]. Merck withdrew the motion as to several claimants who subsequently provided consents, and the Court, over Liaison Counsel's objection [Rec. Doc. 63283], ultimately issued a Show Cause Order [Rec. Doc. 63336] for six (6) of those claimants. Merck thereafter withdrew the motion as to two additional plaintiffs. Merck's motion remains to be addressed for claimants Diane Brown, Lerene Campbell, Cheryl Gros, and Patricia and Raymond Kelly on September 21, 2011. *See infra* Section IX.

## IX.   PENDING MOTIONS

Several motions filed by Merck are currently scheduled for hearing immediately following the status conference on September 21, 2011. These include: Matters continued from Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck [Rec. Doc. 63015]; Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute (as to Diane Brown, Lerene Campbell, Cheryl Gros, and Patricia and Raymond Kelly) [Rec. Doc. 63268]; Merck's Motion for Summary Judgment as to plaintiff Darlene Harris [Rec. Doc. 63307]; and Merck's Renewed Motion and Incorporated Memorandum to Dismiss Under Rule 25(a)(1) as to plaintiff Michael Wodowski [Rec. Doc. 63329].[1] Merck's Motion and Rule to Show Cause Why Case Should Not Be

---

[1]   Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiff Michael Wodowski [Rec. Doc. 62926] was heard on June 1, 2011. Although the Court orally granted the motion and dismissed the claims, the

3

Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiff Stanley Long [Rec. Doc. 63116] has been set for September 21, 2011, but Merck will be withdrawing the motion as moot.

Two motions filed by Ms. Oldfather are also scheduled for hearing immediately following the September 21, 2011 status conference: These include a Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154];[2] and plaintiff Edward Hench's Motion for Protective Order [Rec. Doc. 63337].[3]

Additionally, on September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. The parties will be prepared to discuss this matter further at the monthly status conference.

Defendant Merck & Co., Inc.'s Motion to Dismiss with Prejudice for Failure to Comply With Pre-Trial Order No. 28 as to plaintiff Dennis Harrison [Rec. Doc. 61683] was scheduled for hearing on June 1, 2011, continued until August 4, 2011, and continued again until September 21, 2011. Although Mr. Harrison has provided certain materials to Merck, including a *Lone Pine* report,[4] he has not provided the required Plaintiff Profile Form. On September 2, 2011, Mr.

---

Order of Dismissal was never entered. On August 3, 2011, Mr. Wodowski's filed a motion to reinstate the case. [Rec. Doc. 63176]. Merck filed its opposition to the motion on the same day [Rec. Doc. 63179]. At the status conference on August 4, 2011, the Court indicated that it was vacating the prior dismissal. Merck then filed its renewed motion under Rule 25(a)(1). The Plaintiffs filed their Response and memorandum in Opposition [Rec. Doc. 63329] and have requested a telephonic hearing on September 21, 2011.

[2]   The PSC filed an Opposition on September 7, 2011. [Rec. Doc. 63348].

[3]   Merck's opposition was filed September 16, 2011 [Rec. Doc. 63402].

[4]   Mr. Harrison has informed Liaison Counsel that he has submitted to Merck a *Lone Pine* Report, Answers to Interrogatories and Amended Interrogatories required by PTO 28, signed authorization forms, all pharmaceutical records, the names and addresses of all of his doctors, hospitals, nursing homes and pharmacies.

4

Harrison contacted Merck counsel to inform them that due to his ongoing health issues he had been unable to finish the PPF, but that he was working on it and "will have it fairly soon." Accordingly, Merck asks that the motion be deferred to the next monthly status conference.

On May 31, 2011, plaintiff Emmanuel Iwobi filed a Motion for Reconsideration [Rec. Doc. 63006], and on June 7, 2011, the Court entered an order requiring Merck to file a memorandum stating its position regarding plaintiff Iwobi's motion on or before June 22, 2011 [Rec. Doc. 63052]. Merck filed its response on June 21, 2011 [Rec. Doc. 63078], and plaintiff filed a Reply on June 29, 2011 [Rec. Doc. 63095]. At the August 4, 2011 conference, Ms. Oldfather asked that the motion be set for hearing at the September 21, 2011 status conference. Subsequently, Ms. Oldfather has requested that the motion be deferred until the next monthly status conference and Merck has no objection.

XI.     OTHER MATTERS

Three pending matters also need to be addressed by the Court. On June 1, 2011, the Court orally granted the pending motions by plaintiffs counsel to withdraw from representation in the Kenneth Novick, No. 07-7756, and Richard Garcia, No. 07-0902, matters. At that conference, the Court stated that Merck's pending *Lone Pine* motions as to these plaintiffs [Rec. Doc. 40199] would be reset for hearing on August 4, 2011, immediately following the monthly status conference. The Order rescheduling the motion was never entered. At the August 4, 2011, the Court agreed to reschedule the motion for September 21, 2011, but that Order was never entered due to discrepancies relating to the withdrawal motions. Merck believes that those issues have been resolved and, accordingly, Merck has said that it will ask the Court to set the motion for hearing following the next monthly status conference.

5

On March 23, 2011, Merck filed its Motion for Judgment on the Pleadings Under Rule 12(C) in the *Ronald Quackenbush* matter [Rec. Doc. 62720]. The motion was fully briefed and submitted for decision on April 13, 2011. The motion remains pending.

>Respectfully submitted,
>
>*/s/ Ann B. Oldfather*
>Ann B. Oldfather (KY Bar No. 52553)
>**OLDFATHER LAW FIRM**
>1330 South Third Street
>Louisville, KY  40208
>PH:   (502) 637-7200
>FAX:  (502) 637-3999
>
>**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

## CERTIFICATE

I hereby certify that the above and foregoing Status Report of Liaison Counsel Ann B. Oldfather, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of September, 2011.

>*/s/ Ann B. Oldfather*
>Ann B. Oldfather (KY Bar No. 52553)
>**OLDFATHER LAW FIRM**
>1330 South Third Street
>Louisville, KY  40208
>PH:   (502) 637-7200
>FAX:  (502) 637-3999