UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 66 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 66.

I.    THE SETTLEMENT PROGRAM

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

1

## II. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master. At the status conference on September 21, 2011, Mr. Juneau will report on his work.

## III. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

## IV. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the status conference on September 21, 2011.

## V. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. By Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock. Merck's counsel will be prepared to discuss this situation at the status conference on September 21, 2011.

Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the status conference on September 21, 2011.

## VI. GOVERNMENT ACTIONS

### A. Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. Briefing on that appeal has been stayed. The parties will be prepared to discuss these issues further at the status conference on September 21, 2011.

### B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

On August 26, 2010, the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010. On September 28, 2010, the Court heard argument by telephone on

disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

The Oklahoma Attorney General filed an amended complaint in late November, and Merck moved to dismiss that complaint on December 3. Briefing on that motion has not been completed.

On November 22, 2010, the Court stayed discovery in the Governmental Actions in order to explore global resolution of the AG cases. The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff.

During the stay, the parties have engaged in an information exchange of discovery related to resolution issues under the supervision of Special Master Juneau. Special Master Juneau continues to be in contact with all the parties, as well as representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units. The NAMFCU agreements were forwarded to the states on Tuesday, July 12, 2011. On July 15, 2011 the Special Master brought Merck and all the governmental agencies (the vast majority of whom personally attended) to New Orleans for a two (2) day mediation. The deadline for the each state's response to the NAMFCU agreement was September 12, 2011.

On August 8, 2011, the Commonwealth of Kentucky filed a motion to remand. [Rec. Doc. 63194]. Merck filed its opposition to the motion on August 22, 2011 [Rec. Doc. 63309], and plaintiff filed a reply on August 29, 2011 [Rec. Doc. 63309]. The Court heard oral argument on August 31, 2011 and has taken the matter under submission.

On September 1, 2011, Judge Fallon held a telephone conference with counsel for Merck and counsel for Santa Clara County. Following the conference, the Court issued a Minute Entry [Rec. Doc. 63335] regarding the conference.

The parties will be prepared to discuss these issues further at the status conference on September 21, 2011.

### VII.   PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On August 20, 2009, the Court entered Pre-Trial Order No. 46, lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30, in PTO 28 and 29 cases which had served *Lone Pine* reports. On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for the PTO 43 cases and all other cases not previously covered by PTO 46. Prior to March 16, 2011, Merck had taken 49 depositions. Since March 16, 2011, Merck has taken an additional 24 depositions -- primarily in PTO 43 FES cases. Additionally, Merck has continued its efforts to collect medical records in PTO 28 and 29 cases.

Ms. Oldfather has asked Merck to allow personal injury claimants to focus the next round of deposition discovery on the cases that they would like to prepare and present for trial. Given the age of the cases (and alleged injuries) and concerns about the potential loss of evidence, Merck believes that continued discovery should not be limited. Merck will cooperate in the work up of specific cases, once those cases have been identified, but believes other work should continue as well. The parties are prepared to discuss this further at the status conference.

Liaison Counsel is continuing to analyze the remaining personal injury cases at the Court's request. Merck continues to analyze the cases, also. According to Merck's records, there are currently 104 remaining cases. Ms. Oldfather believes that the best estimate is that

there are 102 remaining personal injury cases.  The parties are working on confirming the count.  Liaison Counsel will be prepared to present to the Court and Merck at the Status Conference an interim analysis of the in-process medical record review of those cases.

The Court ordered Ms. Oldfather to attempt to obtain consents from the personal injury claimants or their counsel allowing Merck to send certain records for those claimants to her.  On August 4, 2011, ten (10) persons had not provided consents.  Thereafter, Merck filed its Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute [Rec. Doc. 63268].  Merck withdrew the motion as to several claimants who subsequently provided consents, and the Court, over Liaison Counsel's objection [Rec. Doc. 63283], ultimately issued a Show Cause Order [Rec. Doc. 63336] for six (6) of those claimants.  Merck thereafter withdrew the motion as to two additional plaintiffs.  Merck's motion remains to be addressed for claimants Diane Brown, Lerene Campbell, Cheryl Gros, and Patricia and Raymond Kelly on September 21, 2011.  *See infra* Section IX.

Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] has been fully briefed.  *See* [Rec. Doc. 63348].  The parties are prepared to argue this Motion on September 21, 2011.

On September 1, 2011, Ms. Oldfather filed a Motion for Protective Order [Rec. Doc. 63337] in one of her individual cases, *Hench v. Merck*.  Merck's opposition was filed September 16, 2011 [Rec. Doc. 63402].  The motion is noticed for hearing on September 21, 2011.

VIII.	FEE ALLOCATION COMMITTEE

Pursuant to Pretrial Order 6D and an Order entered February 28, 2011, the Special Master conducted hearings on allocations and the objections to the recommended allocation of the Fee Allocation Committee during the week of May 9, 2011.  The Special Master issued a Report and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees on June 27, 2011 [Rec. Doc. 63093].  Objections to the Report and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees were filed by Daniel Becnel, The Branch Law Firm, Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka.  The PSC filed a reply to those objections.  On August 5, 2011, the Court issued its Orders and Reasons [Rec. Doc. 63188] ruling on a number of issues relating to the common benefit fee.  In its ruling, the Court denied motions for reconsideration regarding the 6.5% common benefit assessment and denied objections to the Special Master's evidentiary and discovery rulings.  Thereafter, on August 9, 2011, the Court issued its Order and Reasons [Rec. Doc. 63195] allocating the common benefit attorneys' fees.

On August 22, 2011, the Branch Law Firm filed a Motion to Stay Disbursement and Distribution of Common Benefit Attorneys' Fees Pending Appeal [Rec. Doc. 63315].  The Branch Law Firm also filed a notice of appeal [Rec. Doc.63311].  Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka also filed a motion to stay disbursement [Rec. Doc.63317], and also filed a notice of appeal [Rec. Doc. 63316].  The Fee Allocation Committee filed responses to the motions to stay [Rec. Docs. 63312 and 63330], and the Branch Law Firm and Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka filed replies.  [Rec. Docs. 63327 and 63344].  The briefing is completed and the Court has taken the matters under submission.

1069813v.1

Additionally, Daniel Becnel filed a motion to amend the Order and Reasons to correct an alleged material error of fact. [Rec. Doc. 63313]. The Fee Allocation Committee filed an opposition [Rec. Doc.63321], and Mr. Becnel filed a reply [Rec. Doc. 63326]. The briefing is completed and the Court has taken the matter under submission.

By Order entered August 25, 2011 [Rec. Doc. 63314], the Court directed the Claims Administrator to provide a report to the Court detailing the amount it currently holds. Thereafter, the Court received the report from the Claims Administrator addressing the amount currently held as common benefit attorneys' fees. On September 9, 2011, the Court issued an Order [Rec. Doc. 63360] making the report a part of the record and setting a hearing on the issues raised by the report. On September 12, 2011, the Court issued an Order [Rec. Doc. 63371] rescheduling the hearing for September 21, 2011, immediately following the monthly status conference, and setting briefing deadlines. Several parties submitted briefs in accordance with that schedule. The parties will be prepared to discuss this further at the status conference and the hearing on September 21, 2011.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements. On August 17, 2011, the Court issued Pre-Trial Order No. 57 [Rec. Doc. 63267], which establishes procedures and deadlines for private third party payor common benefit fees. The parties will be prepared to discuss this further at the status conference on September 21, 2011.

IX.     PENDING MOTIONS

Several motions filed by Merck are currently scheduled for hearing immediately following the status conference on September 21, 2011. These include: Matters continued from Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining

Settlement Program Releases and Stipulations Should Not Be Tendered to Merck [Rec. Doc. 63015]; Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute [Rec. Doc. 63268]; Merck's Motion for Summary Judgment as to plaintiff Darlene Harris [Rec. Doc. 63307]; and Merck's Renewed Motion and Incorporated Memorandum to Dismiss Under Rule 25(a)(1) as to plaintiff Michael Wodowski [Rec. Doc. 63329].[2] Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiff Stanley Long [Rec. Doc. 63116] has been set for September 21, 2011, but Merck will be withdrawing the motion as moot.

Two motions filed by Ms. Oldfather are also scheduled for hearing immediately following the September 21, 2011 status conference: These include a Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]; and plaintiff Edward Hench's Motion for Protective Order [Rec. Doc. 63337].

Additionally, on September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. The parties will be prepared to discuss this matter further at the monthly status conference.

Defendant Merck & Co., Inc.'s Motion to Dismiss with Prejudice for Failure to Comply With Pre-Trial Order No. 28 as to plaintiff Dennis Harrison [Rec. Doc. 61683] was scheduled for hearing on June 1, 2011, continued until August 4, 2011, and continued again until

---

[2] Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiff Michael Wodowski [Rec. Doc. 62926] was heard on June 1, 2011. Although the Court orally granted the motion and dismissed the claims, the Order of Dismissal was never entered. On August 3, 2011, Mr. Wodowski's filed a motion to reinstate the case. [Rec. Doc. 63176]. Merck filed its opposition to the motion on the same day [Rec. Doc. 63179]. At the status conference on August 4, 2011, the Court indicated that it was vacating the prior dismissal. Merck then filed its renewed motion under Rule 25(a)(1).

September 21, 2011.  Although Mr. Harrison has provided certain materials to Merck, including a *Lone Pine* report, he has not provided the required Plaintiff Profile Form.  On September 2, 2011, Mr. Harrison contacted Merck counsel to inform them that due to his ongoing health issues he had been unable to finish the PPF, but that he was working on it and "will have it fairly soon."  Accordingly, based on Mr. Harrison's representations, Merck asks that the motion be deferred again to the next monthly status conference.

On May 31, 2011, plaintiff Emmanuel Iwobi filed a Motion for Reconsideration [Rec. Doc. 63006], and on June 7, 2011, the Court entered an order requiring Merck to file a memorandum stating its position regarding plaintiff Iwobi's motion on or before June 22, 2011 [Rec. Doc. 63052].  Merck filed its response on June 21, 2011 [Rec. Doc. 63078], and plaintiff filed a Reply on June 29, 2011 [Rec. Doc. 63095].  At the August 4 MDL conference, Ms. Oldfather asked that the motion be set for hearing at the September 21 status conference.  Subsequently, Ms. Oldfather has requested that the motion be deferred until the next monthly status conference, and Merck has no objection.

X.     APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals, Fifth Circuit.  The parties will be prepared to discuss these matters further at the status conference on September 21, 2011.

XI.    OTHER MATTERS

Three pending matters also need to be addressed by the Court.  On June 1, 2011, the Court orally granted the pending motions by plaintiffs counsel to withdraw from representation in the Kenneth Novick, No. 07-7756, and Richard Garcia, No. 07-0902, matters.  At that conference, the Court stated that Merck's pending *Lone Pine* motions as to these plaintiffs

1069813v.1

[Rec. Doc. 40199] would be reset for hearing on August 4, 2011, immediately following the monthly status conference. The Order rescheduling the motion was never entered. At the August 4, 2011, the Court agreed to reschedule the motion for September 21, 2011, but that Order was never entered due to discrepancies relating to the withdrawal motions. Merck believes that those issues have been resolved and, accordingly, Merck will ask the Court to set the motion for hearing following the next monthly status conference.

Merck's Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint [Rec. Doc.19681] in the *Gene Weeks* case was filed on June 22, 2009. The motion is fully briefed, including a recently filed Notice of Supplemental Authority [Rec. Doc.63320], and submitted for decision in July 2009. The motion remains pending.

On March 23, 2011, Merck filed its Motion for Judgment on the Pleadings Under Rule 12(C) in the *Ronald Quackenbush* matter [Rec. Doc. 62720]. The motion was fully briefed and submitted for decision on April 13, 2011. The motion remains pending.

XII.   NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

1069813v.1

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 66 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of September, 2011.

                                               */s/ Dorothy H. Wimberly*
                                               Dorothy H. Wimberly, 18509
                                               STONE PIGMAN WALTHER WITTMANN L.L.C.
                                               546 Carondelet Street
                                               New Orleans, Louisiana  70130
                                               Phone:  504-581-3200
                                               Fax:     504-581-3361
                                               dwimberly@stonepigman.com
                                               Defendants' Liaison Counsel

1069813v.1