UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br><br>This document relates to:<br><br>ALL COMMON<br>BENEFIT FEE APPLICANTS | MDL Docket No. 1657<br><br>SECTION L<br><br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**FEE ALLOCATION COMMITTEE'S REPLY
IN RESPONSE TO THE COURT'S ORDERS OF
SEPTEMBER 9, 2011 AND SEPTEMBER 12, 2011**

The Fee Allocation Committee hereby replies to the various memoranda filed in response to the Court's Orders of September 9, 2011, and September 12, 2011.

### I.   The Fee Allocation Committee's Proposal for Addressing Shortfall

The BrownGreer Report reflects a shortfall of $12,843,437.50. The Fee Allocation Committee proposes that $12,227,437.50 of that shortfall be borne by the members of the Fee Allocation Committee on a pro rata basis. The remaining $616,000 of the shortfall should be borne by Danny Becnel and Kathryn Snapka because they received refunds as a result of the agreement that created the largest portion of the shortfall.[1] For all other firms, the allocation should remain unchanged from the Court's Order of August 9, 2011.

---

[1] Danny Becnel's refund pursuant to the percentage-fee agreement was $587,365.86, and Kathryn Snapka's refund was $448,642.85. As a net result of this agreement, Becnel and Snapka paid a 4% common benefit fee assessment while all other common benefit firms paid a 6.5% assessment. Therefore, Becnel and Snapka's allocations should be reduced proportionately. Becnel's allocation reduced by $192,500, and Snapka's by $423,500. This is 61.5% of the amount allocated by the Court's Order of August 9, 2011 Order.

1

## II. The Fee Allocation Committee Acted within Its Authority

The Negotiating Plaintiffs' Committee throughout its tenure has acted in the best interests of all common benefit fee applicants and in a manner consistent with its authority under the terms of the Master Settlement Agreement and the Escrow Agreement.

Merck & Co. ("Merck") and the Negotiating Plaintiffs' Committee ("NPC") reached a global settlement and entered into a private agreement on November 9, 2007.[2] In conjunction with the Master Settlement Agreement ("MSA"), the parties (Merck and the NPC) entered into an escrow agreement. The Escrow Agreement established an escrow account into which Merck would make payments and out of which US Bank, the escrow agent, would make certain payments.[3] Payments under the Escrow Agreement are to be made pursuant to directions delivered to them from time to time by the Claims Administrator.[4]

Shortly thereafter Merck and the NPC entered into an agreement with BrownGreer to serve as the Claims Administrator for the settlement program. The agreement with BrownGreer provides that BrownGreer shall provide all services necessary to fulfill its role as Claims Administrator under and in accordance with the Settlement Agreement and such other services as the parties from time to time mutually agreed upon in writing.[5]

Certain primary counsel, among whom are Becnel and Snapka, objected to the Plaintiffs' Liaison Counsel's motion for a common benefit assessment of 8%. Though variously stated the objections encompassed two main arguments: one, an 8% assessment is too much; and two, for

---

[2] See Master Settlement Agreement (MSA) (Ex. A).

[3] Interest earned on deposits made into the escrow account (MI Settlement Fund or IS Settlement Fund) were transferred to an Administrative Expense Fund for the payment of administrative expenses associated with the settlement. See MSA Ex. 17.1.29, at § 4.1.4 (Ex. B).

[4] See MSA Ex. 17.1.29, at § 4.1.6.

[5] See BrownGreer Administrative Agreement, at § 3.01 (Ex. C).

those firms that had previously signed a Full Participation Agreement,[6] the assessment should be only 2%.  Had the objections been sustained and a 2% fee been awarded, all common benefit counsel would have been sorely undercompensated for their contributions.  Efforts of percentage-fee objectors were an overt assault on the common benefit fee process and the potential fund.

After discovery, briefing and discussions with Liaison Counsel for objectors (Michael Stratton), a compromise was reached that covered both groups of objections.  The objection that asserted 8% was too much was an argument with universal application. That objection was withdrawn after both parties agreed to suggest to the Court that a 7.5% common benefit fee assessment would be appropriate.  The other objection, applied to a subset of applicants that had signed a Full Participation Agreement and had timely objected.  Objectors who urged Judge Fallon to order that only a 2% assessment be paid sought a reduction of 75% in the common benefit fee.  If this objection was sustained, the size of the common benefit fund would be substantially diminished.  This objection was withdrawn in exchange for a refund of half of the monies that had been held in escrow for payment of common benefit fees on these objectors' individual cases.  In other words, this subset of objectors by agreement would pay in only a 4% assessment. And, they received a refund of the amount above 4% that had been withheld.  On August 26, 2010, the parties conveyed to BrownGreer their request to direct the payment of monies to the trust account of Stratton Faxon for payment to the primary counsel who had entered into Full Participation Agreements and objected to an 8% assessment.  The request was appropriate and in keeping with the parties' authority and discretion afforded not only by the

---

[6] Full Participation Agreements pursuant to Pretrial Order 19 provided for an assessment of 2% for common benefit fees.  Counsel entered into these agreements at the beginning of the MDL.  These agreements were expressly superseded by the terms of the MSA.

Settlement Agreement, but also the Escrow Agreement and the Administrative Agreement with BrownGreer.

The agreement with objectors and resulting payment was in the best interest of all common benefit counsel. First, it ensured that the fee process would not be significantly delayed as a result of further litigation of the appropriate assessment percentage before Judge Fallon and the Circuit Court of Appeals for the Fifth Circuit. At the time this agreement was reached, many common benefit counsel had been working on and investing in the Vioxx litigation for nearly 10 years. Appeal of the common benefit fee percentage could have resulted in a delay of one or more years. Such a delay would only have served to penalize many deserving counsel who had worked tirelessly for the common good.

Second, the resolution resulted in the preservation of the res of the fund. Objectors argued that a 2% assessment was the only appropriate percentage because some objectors had entered into Full Participation Agreements to pay only 2% during the early stages of the MDL. Though the PLC and NPC believed strongly that any participation agreements were superseded in their entirety by the Settlement Agreement, objectors robustly advanced the contract argument. There was some risk that this argument could be accepted by the Court or the appellate court. For that reason, the NPC and Fee Allocation Committee acted to ensure that the objections would be withdrawn at a small fraction of the cost to the fund that would have occurred had the percentage-fee objectors prevailed on this point.

The contractual authority of the parties, the NPC with Merck's consent, was exercised to abate the common benefit fund on only two occasions. One occasion, as described above, was the agreement with the percentage-fee objectors. This decision was kept confidential for important practical and strategic reasons. The second exercise of this intrinsic authority to

4

reduce the size of the common benefit fund, however, was not confidential but rather was well known to all primary counsel as well as the Court. This was the decision to waive any common benefit assessment of special marker claims under the settlement program and other payment claims. This decision by the NPC was made known to primary counsel as early as fall 2008. The NPC's authority to exercise discretion in this manner under the terms of the Settlement Agreement has not been challenged.

The NPC and the Fee Allocation Committee acted in good faith and in a manner consistent with their authority under the Settlement Agreement. Any shortfall arising from their actions should be addressed through a pro rata reduction from the allocations to members of the Fee Allocation Committee, after the shortfall is reduced by the amount refunded to Becnel and Snapka.

Respectfully submitted,

Date:   September 20, 2011           By:      /s/ Russ M. Herman
                                     **Russ M. Herman (Bar No. 6819)**
                                     Leonard A. Davis (Bar No. 14190)
                                     Stephen J. Herman (Bar No. 23129)
                                     ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                     820 O'Keefe Avenue
                                     New Orleans, Louisiana 70113
                                     Telephone: (504) 581-4892

                                     **PLAINTIFFS' LIAISON COUNSEL,
                                     CHAIR OF THE FEE ALLOCATION
                                     COMMITTEE, AND LIAISON COUNSEL
                                     FOR COMMON BENEFIT COUNSEL**

By:    /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343

**PLAINTIFFS' CO-LEAD COUNSEL, SECRETARY OF THE FEE ALLOCATION COMMITTEE, AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

By:    /s/ Christopher A. Seeger
**Christopher A. Seeger**
*Seeger Weiss*
One William Street
New York, NY 10004
Telephone: (212) 584-0700

**PLAINTIFFS' CO-LEAD COUNSEL AND CO-LEAD COUNSEL FOR COMMON BENEFIT COUNSEL**

Russ M. Herman, Esq.  
HERMAN, HERMAN, KATZ & COTLAR, LLP  
820 O'Keefe Avenue  
New Orleans, LA 70113  
(504) 581-4892 (telephone)  
(504) 561-6024 (telecopier)  

Andy D. Birchfield, Jr., Esquire  
BEASLEY, ALLEN, CROW, METHVIN,  
PORTIS & MILES, P.C.  
P.O. Box 4160  
234 Commerce Street  
Montgomery, AL 36103-4160  
(800) 898-2034 (telephone)  
(334) 954-7555 (telecopier)  

Christopher A. Seeger, Esquire  
SEEGER WEISS  
One William Street  
New York, NY 10004  
(212) 584-0700 (telephone)  
(212) 584-0799 (telecopier)  

Troy Rafferty, Esquire  
LEVIN, PAPANTONIO, THOMAS, MITCHELL,  
ECHSNER & PROCTOR, PA  
316 S. Baylen Street, Suite 400  
Pensacola, FL 32502  
(850) 435-7000 (telephone)  
(850) 497-7059 (telecopier)  

Arnold Levin, Esquire  
LEVIN, FISHBEIN, SEDRAN & BERMAN  
510 Walnut Street, Suite 500  
Philadelphia, PA 19106  
(215) 592-1500 (telephone)  
(215) 592-4663 (telecopier)  

Thomas V. Girardi, Esq.  
GIRARDI & KEESE  
1126 Wilshire Blvd.  
Los Angeles, CA 90017-1904  
(213) 977-0211 (telephone)  

Mark Lanier, Esq.  
LANIER LAW FIRM, PC  
6810 FM 1960 West  
Houston, TX 77069  
(713) 659-5200 (telephone)  
(713) 659-2204 (telecopier)  

Edward F. Blizzard, Esq.  
BLIZZARD, MCCARTHY & NABERS, LLP  
Lyric Centre, 440 Louisiana  
Suite 1710  
Houston, TX 77002-1689  
(713) 844-3750 (telephone)  
(713) 844-3755 (telecopier)  

Perry Weitz, Esq.  
WEITZ & LUXENBERG  
180 Maiden Lane  
New York, NY 10038  
(212) 558-5500 (telephone)  
(212) 344-5461 (telecopier)  

**FEE ALLOCATION COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Phillip Wittmann, and Ann B. Oldfather, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 20th day of September, 2011.

    /s/ Andy D. Birchfield, Jr.
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555