UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE KNOWLES |

## MEMORANDUM IN RESPONSE TO OBJECTIONS

Undersigned hesitates to file this response because it appears that this Honorable Court is trying to determine who among the common benefit lawyers should pay for the private settlement reached between the PLC and the fee objectors represented by the undersigned. This is not an issue that in any way touches on the objectors or undersigned. Although the settlement consummated in the court's chambers is the source of this dispute, we as a group are not part of this dispute among common benefit lawyers and have no stake in its outcome.

In reviewing the submissions to the Court, there does not appear to be any suggestion that the private agreement between the PLC and the objectors be somehow rescinded and that all of the issues related to it be re-litigated. Further, there is no allegation that the objectors or undersigned had "dirty hands" and somehow knew that the PLC was acting without appropriate authority. This is only logical: Why would objectors through their counsel go through months of briefing and discovery; attend numerous conferences and mediations; hire experts; review hundreds of thousands of claimed common benefit hours; build consensus among all objectors and then sign away all of their rights to a party who was not authorized to settle. That would be insanity to say the least.

1

The only issues in the briefs raised vis-a-vis the undersigned are the complaints of two objectors represented by him in the contract dispute. The other 76+/- firms that undersigned represented have not voiced any disagreement with the private resolution. These two objecting lawyers do not complain about the work done by undersigned nor the amount of their settlements. Instead they complain about a process that resulted in their payments. Again, the other 76 +/- firms had no quarrel with the process.

Ms. Oldfather now comes forward 1 year after agreeing to the private settlement and also agreeing to her contribution to fees and costs. No objection was interposed. She claims now for the first time that the roughly $4,000 she contributed voluntarily to undersigned's work and costs should be reconsidered. She feels that undersigned was supposed to get Court approval of an agreement that all objectors knew and understood from the available settlement transcript was private and confidential and would not be reviewed by the Court. At that time, all objectors understood the agreement, consented to the agreement, and sang our praises – in fact Ms. Oldfather continues to agree that the 4% resolution was an excellent result. Subsequent events showed the wisdom of the settlement as the fee ruling would likely have left the objectors without a contract claim and with a 6.5 percent contribution as opposed to a 4% one.

The other complainant is Ms. Snapka[1] who undersigned respectfully submits is on both sides of the present issue. She initially objected to the fee

---

[1] Mr. Becnel appears to be piggy-backing on Ms. Snapka's objection but counsel dealt with Mr. Becnel a year ago, he accepted his funds happily with prejudice, and has waived any further claim of fees.

2

petition so that common benefit lawyers would get less, and then after winning that battle as a result of undersigned's work, she demands that her own common benefit fee be increased tenfold or more. Inexplicably, she refuses to take her money which sits languishing in a court registry. Further, it appears that she may not want to contribute to fees and costs.

The two objectors were represented by the undersigned. If they feel the representation was improper they have a remedy. They can sue the undersigned for malpractice. The court system will sort out their private grievances – this court need not bother with them. If the claims have merit the two objectors will be compensated. If they do not, they will receive nothing. The question posed by the court is how will the CB shortfall be dealt with. The grievances brought by the two objectors are collateral to the issue the court must deal with and can be easily resolved in another forum if they are pursued at all.

By_____
MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: 203-624-9500
FAX: 203-624-9100
mstratton@strattonfaxon.com

New Haven, Connecticut this 20th day of September, 2011.

## CERTIFICATION OF SERVICE

I hereby certify that the above and forgoing Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 20th day of September, 2011.

_____
Michael A. Stratton