UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## CURATOR'S STATUS REPORT NO. 31

Curator, Robert M. Johnston, submits this Status Report No. 31 in accordance with the Court's Order dated February 12, 2008.

**I.   CURRENT STATUS**

As directed by this Court's Order dated February 12, 2008, the curator's office is available to assist unrepresented individuals interested in the Vioxx Settlement Program. The curator's office still receives occasional calls, emails and correspondence from pro se claimants or litigants and other individuals with questions about the Settlement Program. Additionally, the curator's office continues to review court filings for matters of concern to pro se claimants or litigants.

All communications to and from the curator, including all telephone calls, emails and letters, continue to be recorded internally in the curator's office and are also being entered into the Claims

Administrator's online communications log. This online communications log is available through the Claims Administrator's secure portal, and reports are available by date, by caller, or by individual taking the call.

## II.     CURATOR ACTIVITY

The work of the curator's office changed over time as the Settlement Program progressed. Initially, a large number of communications came from claimants or potential claimants who had broad questions about the Settlement Program and its requirements. Eventually, the communications lessened, but became more specific and raised particular aspects of a claimant's claim or lawsuit and/or determinations made regarding those claims. Therefore, while the number of communications decreased over time, the individual communications became more involved.

At first, the curator's office assisted a significant number of claimants with questions regarding the registration and enrollment processes. Thereafter, as claimants received notification of various deficiencies, the curator's office helped them to understand the deficiencies and suggested approaches to cure them. For those claimants who were unable to clear deficiencies because of the particular facts of their claims, the curator's office advised and answered questions regarding their other options and provided reference and referral assistance, as needed. Both the Claims Administrator and the DLC were of great assistance in these efforts.

Also, when a claimant needed assistance from another source, such as the Claims Administrator, Lien Administrator or counsel for Merck, we attempted to facilitate direct communication of the request to the outside source through conference calling and/or electronic mail

with both the claimant, the curator and the third-party. Upon request, we also contacted a number of claimants who were entitled to MI awards but had problems with representative capacity issues.

With regard to written communications and documents forwarded by pro se or potential pro se claimants by U.S. Mail, facsimile, electronic mail and private courier companies, we forwarded all such documents pertaining to the Settlement Program to the Claims Administrator. A copy of these communications and documents is also maintained in the curator's file. Regarding the Private Lien Resolution Program, any documents received were forwarded to the Lien Administrator, both by electronic mail and by overnight delivery. Additionally, where the pro se claimant sought to comply with a pending Motion to Dismiss, we forwarded information and documents to the DLC.

Also, we received requests from counsel for Merck and withdrawing attorneys seeking information regarding claimants that they have been unable to contact. As these inquiries were received, we reviewed our records and provided any available information which could be of assistance.

The curator's office received many inquiries from claimants and litigants having difficulties in obtaining medical records, or seeking relief from unreasonable costs of duplication of medical records, both needed to complete or supplement claims package submissions. We provided these claimants and litigants with copies of the Court's various orders regarding production of medical records and counseled them as to strategies for obtaining these records.

As noted in prior reports, the curator's office handled calls requesting assistance in obtaining records on deposit with the Litigation Records Repository or that remained in the possession of prior counsel for the claimant or litigant.

**III.    MAILINGS TO PRO SE CLAIMANTS**

After being appointed by the Court, the curator's office issued several large mailings to potential pro se claimants or litigants, and provided individualized mailings upon request to claimants, potential claimants, pro se litigants and other parties of interest under the agreement.

In March 2008, the curator's office sent two mailings to claimants and litigants who were identified by the parties and the Claims Administrator as having not yet completed the requirements for claim package submission and/or enrollment. This mailing generated a large response and provided claimants and potential claimants with the information necessary to avail themselves of the Settlement Program, should they meet the program requirements. Additionally, this initial mailing was forwarded to those persons for whom the original mailing was returned, if new address information became available. In total, approximately 1400 initial mailing packets were sent by the curator's office.

As the deadlines for submission of necessary documents regarding registration, enrollment, and claim package documents neared, the curator's office completed additional mailings to inform claimants and potential claimants of the necessary action and documents required to move forward in the settlement program. In October 2008, a mailing was sent to approximately 130 unregistered potential claimants identified as having either incomplete registration or enrollment materials, advising them of the deadline to complete enrollment. Likewise, in November 2008, the curator forwarded another mailing to approximately 200 claimants identified as having potentially incomplete claim package submissions, in order to advise recipients of the deadline for completion of their submissions.

In February 2009, upon request, the curator's office mailed materials to approximately 700 claimants notifying them of the private lien resolution program, its requirements, the deadline for participation, and forms required in order to participate in the program. For those claimants who expressed a desire to take part in this program, but who had not yet submitted the required form, the curator's office also advised them, on an individual basis, of the Lien Administrator's extension of time to apply for this program.

In addition to the above-mentioned group mailings, the curator provided individual mailings as they were requested. For example, the curator's office provided many registration and enrollment forms upon request to any claimant, non-claimant, or litigant requesting these forms. Also, other information or documents have been sent at the request of callers with inquiries as to the requirements of the Settlement Program, lien resolution program, extraordinary injury program, and pending motions before the court. These mailings have been logged on the Curator's Secure Portal Online Communication Log and handled in the same manner as other inquiries received by the curator's office.

The curator's office also monitored returned and undeliverable mailings and kept the parties, Court, Claims Administrator and Lien Administrator apprised of any new information or documents received. Several Private Lien Resolution Program Packets were returned as undeliverable or because of an expired or unavailable forwarding order. These returned mailings were logged into the curator's communication log and maintained in the curator's file so that they can be forwarded if new address information is received.

### IV.     LEGAL NOTICE PUBLICATIONS

Legal notices required to contact potential claimants were published and the curator's office received affidavits of publication from all but one publisher of these legal notices. These affidavits certify the dates of publication, and provide a certified copy of the notice actually published. These affidavits are maintained by the curator. For claimants, or their heirs, for whom new contact information was received as a result of the publication of these legal notices, we forwarded that information to both the Claims Administrator and counsel for Merck.

### V.      REFERRAL ATTORNEY LIST

As part of the Court's February 12, 2008 Order, the curator has the responsibility of advising "the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides." *See* Doc. No. 13365, Page 3. We were provided with information from the PLC regarding attorneys handling Vioxx matters in various jurisdictions, and we used this information as a basis to advise claimants of attorneys handling Vioxx matters in their area. We continue to provide this information, as required by the Court's Order, to pro se claimants or litigants requesting same. Additionally, after the appointment of Ann Oldfather as liaison counsel, we advised litigants of her appointment for the claims for which she is now assisting as liaison counsel.

### VI.     PRESENTATION AT NEXT STATUS CONFERENCE

The curator will be prepared to address the items in this report to the Court, parties, and callers listening via telephone conference, as well as being available to address any questions, at the

regular status conference scheduled for September 21, 2011.  Additionally, we will be available for all future status conferences, as dates are selected by the Court.

>Respectfully submitted,
>
>JOHNSTON, HOEFER, HOLWADEL
>   & ELDRIDGE
>
>  *s/ Robert M. Johnston*
>ROBERT M. JOHNSTON  (Bar No. 7339)
>400 Poydras Street, Suite 2450
>New Orleans, Louisiana 70130
>Telephone: (504) 561-7799
>Facsimile: (504) 587-3794
>Email:  rmj@ahhelaw.com
>**Pro Se Curator**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Curator's Status Report No. 31 has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this ___20th___ day of September, 2011.

>  *s/ Robert M. Johnston*
>Robert M. Johnston  (Bar No. 7339)