MINUTE ENTRY
FALLON, J.
SEPTEMBER 21, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

  The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 66 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I. THE SETTLEMENT PROGRAM

  On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(01:10)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

## II. SPECIAL MASTER

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Mr. Juneau has been appointed to facilitate negotiations related to the Governmental Actions.  At the monthly status conference, Mr. Juneau Juneau reported on the progress of that work.

## III. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

## IV. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.  The parties discussed these issues further at the Monthly Status

---

[1]Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

Conference.

## V. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. By Order entered February 12, 2008, the Court appointed Robert M. Johnston of Adams, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The Curator's office discussed the status of communications with *pro se* individuals at the Monthly Status Conference on September 21, 2011.

## VI. GOVERNMENT ACTIONS

### A. Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. Briefing on that appeal has been stayed.

### B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

On August 26, 2010 the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010.  On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

The Oklahoma Attorney General filed an amended complaint in late November, 2010, and Merck moved to dismiss that complaint on December 3, 2010.  Briefing on that motion has not been completed.

On November 22, 2010, the Court stayed discovery in the Governmental Actions for 30 days in order to explore global resolution of the AG cases.  The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau.  On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution.  Thereafter, the Special Master met with Merck's counsel and with counsel for each Government Action plaintiff.

During the stay, the parties have engaged in an information exchange of discovery related to resolution issues under the supervision of Special Master Juneau.  Special Master Juneau continues to be in contact with all the parties, as well as with representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units.  The NAMFCU agreements were forwarded to the states on Tuesday, July 12, 2011.  On July 15, 2011, the Special Master brought Merck and all the governmental agencies (the vast majority of whom personally attended) to New Orleans for a two-day mediation.  The deadline for each

state's response to the NAMFCU agreement was September 12, 2011.

On August 8, 2011, the Commonwealth of Kentucky filed a motion to remand. (Rec. Doc. 63194). The Court heard oral argument on the motion on August 31, 2011 and has taken the matter under submission.

On September 1, 2011, the Court held a telephone conference with counsel for Merck and counsel for Santa Clara County. (Rec. Doc. 63335).

The parties discussed these issues at the Monthly Status Conference on September 21, 2011 and at an additional status conference held after the Monthly Status Conference.

VII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On August 20, 2009, the Court entered Pre-Trial Order No. 46, lifting the stay of litigation proceedings provided by Pretrial Order No. 30, in PTO 28 and 29 cases which had served *Lone Pine* reports. On March 16, 2011, the Court entered an Order lifting the stay of litigation proceedings provided by Pre-Trial Order No. 30 for the PTO 43 cases and all other cases not previously covered by PTO 46. Prior to March 16, 2011, Merck had taken 49 depositions. Since March 16, 2011, Merck has taken an additional 24 depositions – primarily in PTO 43 FES cases. Additionally, Merck has continued its efforts to collect medical records in PTO 28 and 29 cases.

Ms. Oldfather has asked Merck to allow personal injury claimants to focus the next round of deposition discovery on the cases that they would like to prepare and present for trial. Given the age of the cases (and alleged injuries) and concerns about the potential loss of evidence, Merck believes that continued discovery should not be limited. Merck will cooperate in the work-up of specific cases, once those cases have been identified, but believes other work should

5

continue as well.

Liaison Counsel and Merck are continuing to analyze the remaining personal injury cases at the Court's request. There are approximately 102 to 104 remaining personal injury cases. The parties are working on confirming the count.

The Court directed Ms. Oldfather to attempt to obtain consents from the personal injury claimants or their counsel allowing Merck to send certain records for those claimants to her. On August 4, 2011, ten (10) persons had not provided consents. Thereafter, Merck filed its Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute (Rec. Doc. 63268). Merck withdrew the motion as to several claimants who subsequently provided consents, and the Court, over Liaison Counsel's objection (Rec. Doc. 63283), ultimately issued a Show Cause Order (Rec. Doc. 63336) for six (6) of those claimants. Merck thereafter withdrew the motion as to two additional plaintiffs.

The parties discussed these matters with the Court at the September 21, 2011 Monthly Status Conference.

## VIII. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D and the Court's Order of February 28, 2011, the Special Master conducted hearings on allocations and objections to the Fee Allocation Committee's recommended allocation during the week of May 9, 2011. The Special Master issued a Report and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees on June 27, 2011. (Rec. Doc. 63093). The Court posted the Special Master's Report and Recommendation on its website. Objections to the Special Master's Report and Recommendations have been filed by Daniel E. Becnel, Jr., the Branch Law Firm, Esocobedo,

Tippit & Cardenas, and Kathryn Snapka. The FAC filed a reply to those objections. On August 5, 2011, the Court issued an Order and Reasons ruling on a number of issues relating to the common benefit fee, including denying motions for reconsideration regarding the 6.5% common benefit assessment and objections to the Special Master's evidentiary and discovery rulings. (Rec. Doc. 63188). On August 9, 2011, the court issued its Order and Reasons allocating the common benefit attorneys' fees. (Rec. Doc. 63195).

On August 22, 2011, the Branch Law Firm filed a Motion to Stay Disbursement and Distribution of Common Benefit Attorneys' Fees Pending Appeal. (Rec. Doc. 63315). The Branch Law Firm also filed a notice of appeal. (Rec. Doc.63311). Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka also filed a notice of appeal (Rec. Doc. 63316) and a motion to stay disbursement (Rec. Doc.63317). The Fee Allocation Committee filed responses to the motions to stay (Rec. Docs. 63312 and 63330), and the Branch Law Firm and Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka filed replies. (Rec. Docs. 63327 and 63344). The briefing is completed and the Court has taken the matters under submission.

Additionally, Daniel Becnel filed a motion to amend the Order and Reasons to correct an alleged material error of fact. (Rec. Doc. 63313). The Fee Allocation Committee filed an opposition (Rec. Doc.63321), and Mr. Becnel filed a reply (Rec. Doc. 63326). The briefing is completed and the Court has taken the matter under submission.

By Order entered August 25, 2011 (Rec. Doc. 63314), the Court directed the Claims Administrator to provide a report to the Court detailing the amount it currently holds. Thereafter, the Court received the report from the Claims Administrator addressing the amount currently held as common benefit attorneys' fees. On September 9, 2011, the Court issued an

Order (Rec. Doc. 63360) making the report a part of the record and setting a hearing on the issues raised by the report, which the Court published on its website. On September 12, 2011, the Court issued an Order [Rec. Doc. 63371] rescheduling the hearing for September 21, 2011, immediately following the monthly status conference, and setting briefing deadlines. Several parties submitted briefs in accordance with that schedule. The parties discussed these matters at the Monthly Status Conference and hearing on September 21, 2011.

In addition to the foregoing, there is remaining an allocation of attorney's fees from third party payor settlements. On August 17, 2011, the Court issued Pre-Trial Order No. 57 (Rec. Doc. 63267),which establishes procedures and deadlines for private third party payor common benefit fees. The parties discussed this further at the status conference on September 21, 2011.

## IX. PENDING MOTIONS

Several motions filed by Merck were scheduled for hearing immediately following the status conference on September 21, 2011:  Matters continued from Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck (Rec. Doc. 63015); Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute (Rec. Doc. 63268); Merck's Motion for Summary Judgment as to plaintiff Darlene Harris (Rec. Doc. 63307); and Merck's Renewed Motion and Incorporated Memorandum to Dismiss Under Rule 25(a)(1) as to plaintiff Michael Wodowski (Rec. Doc. 63329).

Three motions filed by Ms. Oldfather were also heard immediately following the September 21, 2011 status conference: a Motion for Order Requiring Escrow and Disclosures of

Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases (Rec. Doc. 63154); plaintiff Edward Hench's Motion for Protective Order (Rec. Doc. 63337); and Motion to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton (Rec. Doc. 63389). The Court heard oral argument on these motions at the Monthly Status Conference. Separate minute entries and Orders will follow.

Defendant Merck & Co., Inc.'s Motion to Dismiss with Prejudice for Failure to Comply With Pre-Trial Order No. 28 as to plaintiff Dennis Harrison (Rec. Doc. 61683) and plaintiff Emmanuel Iwobi's Motion for Reconsideration (Rec. Doc. 63006) are DEFERRED until the next monthly status conference. Merck's Motion and Rule to Show Cause Why Case Should Not Be Dismissed With Prejudice Under Rule 25(a)(1) as to plaintiff Stanley Long (Rec. Doc. 63116) was WITHDRAWN AS MOOT.

X. APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals for the Fifth Circuit.

XI.    OTHER MATTERS

Three additional matters are pending before the Court. On June 1, 2011, the Court orally granted the pending motions by plaintiffs counsel to withdraw from representation in the Kenneth Novick, No. 07-7756, and Richard Garcia, No. 07-0902, matters. At that conference, the Court stated that Merck's pending *Lone Pine* motions as to these plaintiffs (Rec. Doc. 40199) would be reset for hearing on August 4, 2011, immediately following the monthly status conference. The Order rescheduling the motion was never entered. At the August 4, 2011, the Court agreed to reschedule the motion for September 21, 2011, but that Order was never entered

9

due to discrepancies relating to the withdrawal motions.  Merck believes that those issues have been resolved.  The Court will set the motion for hearing following the next monthly status conference.

Merck's Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint (Rec. Doc.19681) in the *Gene Weeks* case was filed on June 22, 2009.  The motion is fully briefed, including a recently filed Notice of Supplemental Authority (Rec. Doc.63320), and submitted for decision in July 2009. The motion remains pending.

On March 23, 2011, Merck filed its Motion for Judgment on the Pleadings Under Rule 12(c) in the *Ronald Quackenbush* matter (Rec. Doc. 62720). The motion is fully briefed and submitted for decision on April 13, 2011.  The motion remains pending.

XII.   NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, November 4, 2011, at 9:00 a.m., Central Standard Time.  This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468.  Any interested persons unable to attend in person may listen in via telephone by dialing (800) 260-0702.  There is no access code required.

