UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION  L |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE FALLON |
| TO ALL CASES | * | MAG. JUDGE KNOWLES |
| | * | SPECIAL MASTER |
| FILER: Robert E. Arceneaux/Margaret Woodward | * | PATRICK A. JUNEAU |
| Pascal F. Calogero | * | September 30, 2011 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR DISTRIBUTION
TO COUNSEL AND FOR PARTIAL HOLD-BACK OF DISBURSEMENT TO
OBJECTORS**

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted on behalf of former co-lead and liaison counsel

for Objectors ("Counsel") in support of their motion to disburse funds directly to them that are owed

under this Court's order of this date, and to withhold funds in reserve to resolve the issue which this

Court pretermits in its order.

Pending before this Court was Counsel's motion to fix their fees and withhold those sums

from BrownGreer's distributions to their former clients.  Also pending was Counsel's motion for

payment of the outstanding accountant's fees from the common benefit fund.  By order entered this

date, the Court directed that the accountant's fees should be divided between Counsel and the FAC.

The Court further ruled that such attorneys' fees as Counsel had contractually agreed upon with the

Objectors should be paid "forthwith;" the Court reserved jurisdiction to resolve the pending dispute

between those Objectors who did not sign a contractual arrangement with the undersigned, and to

fix the lodestar multipler that the parties, in their agreement, had asked this Court to determine. (Rec. Doc. 63448).

By separate order rendered this date, the Court granted a "joint motion" for distribution of attorneys in accordance with this Court's allocation. The Court did not direct that any moneys be withheld from the distribution, as specifically requested by Counsel. As a consequence, Counsel have no assurance that their fees will be promptly paid.

Moreover, the Court has directed Counsel to pay half the accountant's fees, despite the fact that those costs were incurred on behalf of Objectors. Counsel have not requested reimbursement for those costs because they were actively pursuing their payment out of the common benefit fund. Accordingly, the amounts owed to Mr. Garrett are in fact owed by Objectors, and should likewise be withheld from the distribution to Objectors.

As noted in the pending motion to determine Counsel's fees, Objectors were given two fee options. The first was for an hourly rate plus multiplier to be determined by the Court; the second was for a contingent fee. The contractually agreed upon contingent fee awards have already been fully determined. The contractually agreed upon hourly compensation, however, required this Court within its discretion to determine whether Counsel would receive a multiplier, and if so, up to a maximum of 2. This is not a matter in dispute, nor is it one the parties can resolve on their own. Their amicable resolution has already been reached – it was to submit to binding arbitration by this Court the whether they should receive a multiplier, and if so, how much up to a maximum of 2.

. Four Objectors did not agree to either proposal, and were represented on a *quantum meruit* basis. As for them, as this Court's order of this date only enforces contractual guarantees, the amount due has yet to be determined. However, *quantum meruit* in this instance is the same as

2

option two – lodestar plus any multiplier awarded up to a multiplier of two.  Accordingly, an amount equal to these four Objectors' share of the lodestar, plus an amount sufficient to allow a multiplier of two, should be withheld until the matter is resolved by the Court.

Attached hereto is a chart showing: 1) the undisputed amounts owed to Counsel; 2) the maximum amounts which could be due to Counsel depending upon this Court's fee ruling; and 3) the amounts owed to Counsel to reimburse them for the cost due Mr. Garrett by this Court's order of this date.  Counsel ask that the Court direct BrownGreer to disburse forthwith the amounts shown in column 1 and 3 to counsel.  Counsel ask that BrownGreer withhold those amounts shown in Column 2 from the disbursements to the referenced Objectors pending final resolution of the amounts owed by them to Counsel as attorneys fees.

Respectfully submitted,

/s/ Robert E. Arceneaux

_____
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

/s/ Margaret E. Woodward

_____
Margaret E. Woodward, La. Bar No. #13677
3701 Canal Street, Suite C
New Orleans, Louisiana  70119
(504) 301-4333 office
(504) 301-4365 fax
mewno@aol.com


**FORMER CO-LEAD COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8, 2011 ORDER**

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com


**FORMER LIAISON COUNSEL FOR OBJECTORS IDENTIFIED IN FEB. 8, 2011 ORDER**


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, September 30, 2011


/s/ Robert Arceneaux

_____

4