UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO ALL CASES | * | MAG. JUDGE KNOWLES |
| FILER: Daniel E. Becnel, Jr., | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN RESPONSE TO ORDER DATED SEPTEMBER 30, 2011

NOW INTO COURT, comes Daniel E. Becnel, Jr., who in response to the September 30, 2011, Order issued by the Honorable Eldon E. Fallon (Docket 63457), files this response:

Daniel E. Becnel, Jr. originally objected to the appointment of Robert Arceneaux and Peggy Woodward as lead counsel for the objectors and Justice (ret.) Pascal Calegero as liaison counsel because of a potential conflict of interest. Over Becnel's arguments that there should be one co-lead counsel for MDL objectors and one co-lead counsel for state court objectors, this Honorable Court appointed Robert Arceneaux, Peggy Woodward and Justice (ret.) Pascal Calegero to these leadership roles without distinguishing between the classes of persons they would represent. Once they were appointed, there were numerous conference calls and Daniel E. Becnel, Jr. advised in each and every

1

conference call that he was representing himself, along with Kevin Klibert of his office, and that he did not want Robert Arceneaux, Peggy Woodward and Pascal Calegero to be his counsel in this litigation due to the potential conflict of interest, the specific basis of which was Mr. Arceneaux and Ms. Woodward's previous engagement on a per hour basis by people who litigated in state court, namely Cohen, Placitella & Roth.

Additionally, Daniel E. Becnel, Jr. actually assisted counsel because he was intimately familiar with the MDL process, and admittedly knew little about what went on in the state court litigation. Once objectors began settling their fee disputes with the FAC, Arceneaux, Woodward and Calegero advised that they would no longer represent the remaining objectors, including the Branch Law Firm, Escobedo, Tippet & Cardenas and Daniel E. Becnel, Jr., who never signed a contract with them nor authorized them to litigate on his behalf. It should be noted that Daniel E. Becnel, Jr. participated in every conference call among all objectors, provided valuable information to counsel appointed to represent the objectors and always reserved his right to litigate on his own behalf throughout the fee dispute. When the Cohen, Placetella firm and several other objectors settled with the FAC, Arceneaux, Woodward and Calegero withdrew as counsel for the four remaining objectors.

It should be noted that Arceneaux, Woodward and Calegero have excellent reputations and legal abilities and Becnel's decision to proceed on his own behalf is not intended to suggest otherwise. Their brief writing was some of the best Becnel has seen in his legal career, which has spanned over forty years. They are excellent lawyers and Becnel has no objection to them proceeding for and on behalf of anyone who chose to have them represent them in fee disputes or chose to be represented by them whether on a contingency basis or a per hour basis or any other method of payment. It was, however, reported to the Court from the outset that Becnel would

2

represent himself and/or secure his own counsel.

The Becnel Law Firm was originally recommended to receive $97,000 as a fee award by the FAC, which recommendation was increased to $455,000 by the FAC and, after a hearing was conducted by the Special Master the recommendation was reduced to $270,000. Finally the Court issued its order setting the fee award at $500,000. These facts alone show that the leadership appointed by the Court for the objectors had nothing to do with representing Becnel before the Court. Becnel even filed a Notice to the Court on the Stratton matter. Becnel filed his own briefs, made his own arguments and was represented by Kevin Klibert, of his office, at the hearing on May 11, 2011.

Becnel will be unable to attend the hearing on October 12, 2011 due to the fact that he has an Initial Pretrial Conference in MDL 2263, *Dial Complete Marketing and Sales Practices Litigation*. He then leaves for Concord, New Hampshire on a Southwest flight early in the evening on October 11, 2011 to Manchester, New Hampshire (a six hour flight). Kevin Klibert, who represented Becnel at the May 11, 2011 hearing, will attend on Becnel's behalf.

It should be noted that Becnel filed this MDL and argued for this jurisdiction before the MDL Panel.

Respectfully submitted,

BECNEL LAW FIRM, LLC
106 West Seventh Street
P. O. Drawer H
Reserve, Louisiana 70084
Telephone No. (985) 536-1186
Fax No. (985) 536-6445


/s/Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR. (#2926)
KEVIN P. KLIBERT (#26954)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all parties via CM/ECF on this 5th day of October, 2011.

/s/ Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR.