IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | |
| 2:10 CV-1115 | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff has submitted the decision in *Washington v. Chimei Innolux Corp.*, No. 11-16862, --- F.3d ----, 2011 WL 4543086 (9th Cir. Oct. 3, 2011), as supplemental authority in support of his motion for remand. Plaintiff suggests that *Chimei Innolux* stands for the proposition that "consumer protection actions brought by state attorneys general are [not] 'class actions' removable under the Class Action Fairness Act," and cites the court's observation that, "in *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008), the Fifth Circuit 'specifically noted' that it 'had not decided' the issue of whether consumer protection actions brought by states 'were class actions under CAFA.'"

But *Chimei Innolux* is not binding on this Court. And its central rationale – that a *parens patriae* action cannot be a class action because it is not brought "under a state statute or rule similar to Rule 23 that authorizes an action 'as a class action'" – is precisely the sort of formalistic reasoning that the Fifth Circuit **did** expressly reject in *Caldwell*. *Caldwell* noted that "Congress emphasized that the term 'class action' should be defined broadly," quoting legislative history that expressly clarified that CAFA's jurisdiction is not limited "to lawsuits that

are labeled 'class actions'" but extends to "'lawsuits that resemble a purported class action.'" 536 F.3d at 424 (citation omitted).  Thus, even though "the words 'class action' or 'mass action'" did not appear in the state's complaint, the *Caldwell* court went on to find that CAFA jurisdiction applied because the state's claims, in substance, advanced the interests of the state's citizens.

For all the reasons already set forth in Merck's briefing, the same is true in this case. Notwithstanding the Ninth Circuit's attempt to distinguish *Caldwell* on the ground that it addressed "mass actions," the underlying reasoning of the two cases is irreconcilable.  The Ninth Circuit is focused on formalistic "label[s]"; the Fifth Circuit is not.  This Court is bound to follow the Fifth Circuit's approach.  Accordingly, the Court should find that Plaintiff's supplemental authority is inapposite and unpersuasive and deny the motion to remand.

Dated:  October 13, 2011                                        Respectfully submitted,

                                                                */s/ Dorothy H. Wimberly*
                                                                Phillip A. Wittmann, 13625
                                                                Dorothy H. Wimberly, 18509
                                                                STONE PIGMAN WALTHER
                                                                WITTMANN L.L.C.
                                                                546 Carondelet Street
                                                                New Orleans, LA 70130

                                                                Douglas R. Marvin
                                                                WILLIAMS & CONNOLLY LLP
                                                                725 Twelfth St., N.W.
                                                                Washington, DC 20005

                                                                John H. Beisner
                                                                Jessica Davidson Miller
                                                                SKADDEN, ARPS, SLATE, MEAGHER &
                                                                FLOM LLP
                                                                1440 New York Avenue, N.W.
                                                                Washington, DC 20005

                                                                ATTORNEYS FOR MERCK SHARP &
                                                                DOHME CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiff's Notice of Supplemental Authority on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8C in accord with the procedures established in MDL 1657 on this 13th day of October, 2011.

>*/s/ Dorothy H. Wimberly*
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com

1072557v.1