UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION : SECTION: L
: 
: JUDGE FALLON
: MAG. JUDGE KNOWLES

**This document relates to:** 05-2914, *Aldo Calandra, et al. v. Merck & Co., Inc.*

## ORDER

The Court has received a letter and "Petition for the revision of the Order & Reasons" from Attorney Carlo Rienzi. IT IS ORDERED that the letter and petition are filed into the record.

On August 5, 2005, the JPML transferred to this Court a proposed class action on behalf of all Italian citizens who took Vioxx. On August 30, 2006, the Court issued an Order and Reasons granting a motion to dismiss the proposed Italian class action pursuant to the doctrine of *forum non conveniens*. *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741 (E.D. La. 2006). The Court found that the Italian courts were an available and adequate forum for the claims of Italian citizens and that the balance of relevant factors suggested that Italian courts would be much more convenient. *See id.* at 746-48. Therefore, the Court dismissed the Italian class action complaint.

Mr. Rienzi now submits this letter and petition describing difficulties with the burden of proof that Italian plaintiffs have experienced in litigating their claims in Italian courts. He requests that the Court reconsider its August 30, 2006 Order and Reasons "given the extreme difficulty of suing for reimbursement of the damages caused to consumers in Italy by" Vioxx.

1

It is not appropriate to revisit the Court's Order dismissing the Italian class action complaint.  The Court is not aware of any authority holding that after dismissal from federal court on *forum non conveniens* grounds and after taking advantage of the available and adequate foreign forum, a plaintiff may seek to return to the dismissing court because he or she is unsatisfied with the outcome in that foreign forum.[1]  Accordingly, the Petition is DENIED.

Additionally, the matter is referred to Plaintiff's Liaison Counsel to take whatever action, if any, is appropriate.

New Orleans, Louisiana, this 18th day of October, 2011.

UNITED STATES DISTRICT JUDGE

---

[1] The Court conditioned dismissal on Merck's cooperation in allowing the claims to be heard in Italian courts, including not "act[ing] to prevent the Plaintiffs from returning to this Court if the Italian ... forums decline to accept jurisdiction, provided that an action is filed in those forums within 120 days of the order of dismissal." 448 F. Supp. 2d at 750.  According to the Petition, the Italian courts have exercised jurisdiction over Vioxx actions; therefore, this condition is not implicated.

2