UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Smita Sanjanwala v. Merck & Co., Inc.,* | * | KNOWLES |
| 2:05-cv-01011-EEF-DEK | * | |
| | * | |

*****************************************************************************

## NOTICE OF SUBMISSION

Please take notice that Defendant Merck & Co., Inc.'s Motion, Rule and Incorporated Memorandum to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Prosecute will be brought on for hearing on November 4, 2011, immediately following the conclusion of the monthly status conference scheduled for 9:00 a.m., before the Honorable Eldon E. Fallon, Judge, United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana.

Dated:   October 26, 2011

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

1073854v.1

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1073854v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Submission has been served on Liaison Counsel, Russ Herman, Phillip Wittmann, and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of October, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring Plaintiff Smita Sanjanwala to show cause why her individual claim should not be dismissed with prejudice for failure to prosecute.  Merck has made repeated attempts since August of 2011 to schedule the deposition of this plaintiff.  After plaintiffs' counsel categorically refused to provide any dates in 2011 in which she would make Ms. Sanjanwala and three similarly situated plaintiffs available for deposition, defense counsel

3

issued depositions notices for dates in November and December.[1] After much foot dragging over a two month period, counsel eventually provided dates for three of the plaintiffs – one date in October, one date in December (two days before Christmas), and a third date in January, 2012. As to Ms. Sanjanwala, however, counsel has indicated that she will not make the plaintiff available on the date noticed (November 2), and she has refused to provide an alternative date of any kind despite numerous requests. It is beyond question that a plaintiff who initiates litigation must participate in discovery, including making herself available for a deposition. Pursuant to Federal Rules of Civil Procedure Rules 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing Ms. Sanjanwala's claim based on the refusal to participate in fundamental discovery.

In support of this motion, Merck further states as follows:

1. Ms. Sanjanwala enrolled in the Vioxx Resolution Program but failed to provide evidence sufficient to pass the "gates." She elected to execute a Future Evidence Stipulation ("FES") and return to this Court. Plaintiffs who followed the FES process are governed by PTO 43.

2. After deposing virtually every other PTO 43 plaintiff who was represented by counsel,[2] Merck attempted to schedule the depositions of the four FES plaintiffs represented by Ms. Oldfather—a group that included Ms. Sanjanwala.

---

[1]  These were four FES plaintiffs represented by Ms. Ann Oldfather.

[2]  There are only two PTO 43 plaintiffs represented by counsel who have not been deposed – one is the subject of a pending summary judgment motion and the other has competency issues that have yet to be sorted out. All remaining PTO 43 plaintiffs are presently *pro se*.

  3. On August 15, 2011, Merck's counsel requested that plaintiffs' counsel provide dates for deposition. *See* Exhibit A at A-1 (8/15/2011 Letter from E. Pistilli). Plaintiffs' counsel did not respond.

  4. On September 6, 2011, Merck's counsel renewed their request for dates for plaintiffs' depositions. *See* Exh. A at A-3 (9/6/2011 E. Pistilli Letter). On September 14, 2011, Ms. Oldfather informed defense counsel that no dates would be provided. She indicated that she wanted to focus on conducting discovery in cases of her choosing rather than Merck's choosing. *See* Exh. A at A-4 (9/14/2011 Letter of A. Oldfather to E. Pistilli).

  5. On September 20, 2011, Merck issued deposition notices for Ms. Oldfather's four plaintiffs on dates selected by defense counsel. ***Defense counsel offered to amend the notices if plaintiffs would provide dates in 2011 that were more convenient.*** *See* Exhibit B ( 9/20/11 Letter of E. Horn to A. Oldfather). On the issue of whether ongoing discovery should be limited to cases selected by Ms. Oldfather, defense counsel noted that Merck remained willing to cooperate in conducting discovery in plaintiffs' preferred cases (which have yet to be identified), but that other discovery should continue to proceed as well. Although plaintiffs' counsel sent several emails complaining about the deposition notices, no substitute dates were provide. *See* Exhibit C (9/20/11 E-mail exchange).

  6. At the September 21, 2011 conference, during the preliminary meeting in chambers, Ms. Oldfather renewed her position that future discovery should be limited to cases of her choosing. Defense counsel renewed Merck's position that, given the advanced age of this litigation discovery should not be sequenced in the manner requested by Ms. Oldfather. The Court agreed that the parties should continue with unsequenced discovery given the advanced age of the litigation and the potential loss of evidence.

7. On October 4, 2011, Ms. Oldfather informed defense counsel (for the first time) that she had a scheduling conflict with each of the November and December dates noticed by defendants on September 20th. Ms. Oldfather also noted that she would start working on procuring a date for plaintiff Donna Russel (the plaintiff who happens to live close to Ms. Oldfather's Louisville office). She made no representations regarding the other three plaintiffs. Instead, she stated "[W]e will be having other proof we will be scheduling ourselves this Fall and Winter. We will work with you to coordinate a fair balance of your wishes and wants, and ours." *See* Exhibit D at D-1.

8. In short, Ms. Oldfather had still failed to provide any dates for her clients depositions, and she implied that she would defer scheduling Merck's discovery until she was ready to schedule her own.

9. Not surprisingly, defense counsel objected to this approach. Defense counsel expressed skepticism at the proposition that –given six to ten weeks of advanced notice – none of the four plaintiffs could be produced on any of the requested dates. Moreover, despite defense counsel's *repeated* solicitation of available dates from plaintiffs' counsel, no alternative dates were provided. The alleged inability to produce any plaintiff on the identified dates would have been less troubling, if counsel had provided alternative dates when those plaintiffs could and would be made available. Thus, counsel indicated that given the absence of any alternative dates provided by plaintiffs, Merck would have to stand on its outstanding notices. *See* Exh. D at D-2.

10. Counsel exchanged numerous e-mails on this issue on October 4 and October 5. In none of them did plaintiffs' counsel provide alternative dates for the depositions, despite repeated invitations to do so. *See* Exh. D at D-3 – D-7.

11. In the event that the request for concrete dates had somehow been misunderstood or overlooked, defense counsel made one final request for substitute dates, and made it unequivocally clear that almost any date in calendar year 2011 would be acceptable:

> Judge Fallon made clear at the last status conference that Merck could proceed with its affirmative discovery. If you will not make the four plaintiffs available for deposition on the dates noticed, then please provide dates in 2011 when you will make those parties available. ***Please select any date that is not November 4 and that does not fall within two business days of the major holidays of Thanksgiving, Christmas, or New Year's.*** Please provide a date for each of the four plaintiffs, not just one. If we receive alternate dates, then we can issue amended notices. If you continue to decline to provide dates, then we will need to request assistance from the court.

*See* Exh. E (emphasis added).

12. In response, plaintiffs' counsel expressed her disagreements regarding defense counsels summary of events, but also indicated that counsel would "check with Donna Russel and advise you of available dates  Once we get her confirmed, we will move on to the next deposition to be scheduled." *See* Exh. F at F-1.

13. On October 6, more than seven weeks after deposition dates were first requested, defense counsel received the following one line e-mail instruction from plaintiffs' counsel: "please issue an amended notice for Donna Russel's deposition on October 24, 2011." *See* Exh. F at F-2. No mention was made regarding the remaining three plaintiffs.

14. Defense counsel issued an amended notice for Ms. Russel on October 6, as requested.

15. On October 14, defense received an e-mail offering the date of **December 22, 2011** for plaintiff Sandra Elliott who lives in California. *See* Exh. G at G-1. Notably, December 22 happened to be one of the handful of black-out dates that defense counsel had requested be avoided since it falls within two business days of Christmas. Nevertheless, defense

7

counsel accepted the December 22 date and issued an Amended Notice for that date and setting the location for Modesto, California – Plaintiff Elliott's hometown of many years. *See* Exh. G at G-2. Surprisingly, plaintiffs' counsel complained about the issuance of this Amended Notice. *See* Exh. G at G-3.

16. On October 20, defense counsel received an e-mail offering the date of January 12, 2012 for plaintiff Todd Jelden who lives in Nebraska. *See* Exh. G at G-4. Notwithstanding the fact that defense counsel had requested weeks prior that some date in calendar year 2011 be proffered, the January 12, 2012 date was immediately accepted. *See* Exh. G at G-6.

17. On October 21, Ms. Oldfather issued an e-mail stating that plaintiff Smita Sanjanwala would not be produced on the currently noticed date of November 2. Ms. Oldfather did not offer any alternative dates. *See* Exh. H at H-1. Defense counsel responded requesting that Ms. Oldfather provide an alternative date so that an amended notice could be issued. *See* Exh. H at H-2. Ms. Oldfather declined to provide any dates stating that she would be willing to "discuss" the matter only after defense counsel withdrew the existing notice. *See id.*

18. This refusal to produce Ms. Sanjanwala for deposition is particularly puzzling (in addition to being wholly improper) given that this case was reinstated on the motion of Ms. Oldfather. Ms. Sanjanwala's case had previously been dismissed on October 30, 2009 after her prior counsel withdrew. Ms. Oldfather successfully moved on April 22, 2010 to have the case reinstated. Given the extra steps taken by plaintiff and her new counsel to have the case returned to this Court's active docket, one would think that she would be eager to prosecute her case and sit for deposition. No explanation has been provided as to this apparently indefinite unavailability other than vague references made regarding Ms. Oldfather's busy schedule. *See, e.g.,* Exh. H at H-3.

19.     For whatever reason, at this point it seems clear that Ms. Sanjanwala and/or her counsel do not intend to cooperate with the scheduling of her depositions in a timely fashion. There is no legitimate reason why a deposition date could not have been procured for Ms. Sanjanwala during the past 10 weeks, particularly given that defense counsel has made it clear that virtually any proffered date would be accepted.

20.     Rather than waste time and resources scheduling multiple depositions for Ms. Sanjanwala and sitting through multiple no shows, this Court should hone in on the primary issue:  Will plaintiff sit for a deposition or not?  If she will not or cannot be produced for deposition, her case should be dismissed.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.).[3]

21.     It is well established that a plaintiff's willful failure to appear at a properly noticed deposition warrants dismissal of the case.  *See, e.g., Hepperle v. Johnston*, 590 F.2d 609, 611-613 (5th Cir. 1979) (Rule 41(b) dismissal for want of prosecution where plaintiff repeatedly failed to appear for deposition based on claims of alleged inconvenience);[4] *Technical Chemical*

---

[3]   More specifically, in *Landry*, plaintiffs' counsel failed to cooperate with the setting of their clients' depositions.  Ultimately, absent cooperation from plaintiffs' counsel, defense counsel issued deposition notices for dates of its choosing.  Plaintiffs failed to appear, and this Court dismissed the case under Rule 41(b) for failure to prosecute.

[4]   The *Hepperle* case is particularly instructive.  There a Florida resident failed to appear for several depositions noticed to take place in Texas with notice periods ranging *from 5 to 15 days*.  The court rejected contentions that alleged hardships created by the travel and interference with plaintiff's job responsibilities could excuse plaintiff's failure to appear. In contrast here, Ms. Sanjanwala and her counsel were given **10 weeks of notice** of a deposition set in close proximity to her residence.  Even though counsel has asserted the existence of a scheduling conflict, no other date of any kind has been provided despite numerous requests over 2 ½ months.

*Comp. v. IG-LO Products Corp.*, 812 F.2d 222, 224-25 (5th Cir. 1987) (willful failure of California plaintiff's failure to appear for Texas deposition and failure to comply with subsequent court order to do so.)  Moreover, the fundamental failure to make a plaintiff available for deposition indefinitely– regardless of whether a specific notice issues – warrants dismissal. *See Hickman v. Fox Television*, 231 F.R.D. 248 (S.D. Tex 2005).

22. In *Hickman,* plaintiff's counsel repeatedly refused to provide deposition dates for plaintiff.  Counsel either failed to respond to repeated requests, or when he did respond, made vague references to plaintiff being out of the country.  Counsel repeatedly failed to cooperate with scheduling of plaintiff's deposition, based in part on plaintiff's ongoing work assignment in Kuwait.

23. In granting a Rule 41(b) dismissal, the court noted that the "delay caused by her continuing unavailability subverts judicial economy and unduly prejudices [defendant]." 231 F.R.D. at 252.  The court explained that lengthy delays in proceedings "are entirely unacceptable because they clog the docket, subvert the court's efficiency, and unnecessarily waste judicial resources." *Id.* at 253.  Moreover, the court determined that outright dismissal was appropriate because there was no evidence that a sanction less than dismissal would "cure the ***indefinite delay*** to the disposition of this suit resulting from plaintiff's continuing and open-ended unavailability. *Id at 254 (*emphasis in original).

24. Here, counsel has refused to provide a date for Ms. Sanjanwala's deposition, has refused to produce Ms. Sanjanwala on the date noticed by defendant, has refused to provide any alternative dates, and has failed to give any indication as to when, if ever, Ms. Sanjanwala will be produced.  Under these circumstances, Ms. Sanjanwala's case should be dismissed.

25. Merck requests that Ms. Sanjanwala be instructed to show cause at a hearing on

1073854v.1

November 4, 2011 why her case should not be dismissed with prejudice if she fails to provide a date for her deposition on or before the November 4 hearing (with the deposition date occurring within the next 90 days). A proposed order is attached.

Dated:  October 26, 2011

Respectfully submitted,

 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1073854v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of October, 2011.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1073854v.1