UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|    PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

This document relates to:    ALL CASES

# ORDER

The history of this multi-district products liability litigation is familiar to all involved. For some time now the Court has been involved in the process of allocating and awarding compensation to the plaintiffs' attorneys whose effort contributed to the common benefit of all Vioxx claimants and plaintiffs. The Court has been guided by principles of transparency and due process and has permitted all of the interested attorneys multiple opportunities to be heard. One phase of that process involved addressing responses and objections to the Fee Allocation Committee (FAC)'s recommended fee allocation. Because of the substantial number of objectors, the Court ordered those objectors to meet and confer to select lead and liaison counsel who would facilitate coordinated briefing, discovery, and hearing regarding those objections. (Rec. Doc. 61616). The Court was informed of the outcome of that selection process and appointed Pascal Calogero as Liaison Counsel and Robert Arceneaux and Margaret Woodward as Co-Lead Counsel for the objectors ("Counsel"). (Rec. Doc. 61974). The Court later amended the order of appointment and stated that:

> Co-Lead and Liaison Counsel shall maintain contemporaneous records of all
> hours and costs expended by them in this matter. At the conclusion of this matter,
> they shall be entitled to apply to the Court for an award of fees. The Court shall
> determine the amount of the fee and who shall pay it. Reasonable costs expended

1

>by Co-Lead and Liaison Counsel may also be applied for and the Court will determine any amount and who shall pay it.

(Rec. Doc. 62738 at 4).

Counsel for the objectors performed their duties. After a significant portion of objections were resolved, the Court concluded that "there is no further need" for their efforts and terminated their appointment. (Rec. Doc. 63018). The Court stated that Counsel for the objectors could "file a motion with the Court setting forth their requested costs and fees, with appropriate supporting documentation." *Id.* at 2. Those fees would be assessed "against the parties that objected to the FAC's recommendation since any benefit will have inured to the objectors at the expense of other common benefit counsel." *Id.*

Counsel filed their motion, which the Court posted on its web site. Objections were filed by the objectors and the matter was taken under submission. The Court subsequently ordered that the amounts held by the Claims Administrator as common benefit fees be disbursed (Rec. Doc. 63449) and that certain amounts be withheld as potential fees for Co-Lead and Liaison Counsel (Rec. Doc. 63457). A hearing was held on October 12, 2011, so that all interested parties could be heard on the amount of Counsel's fees and how they should be paid.

Counsel's fee relationship with the objectors falls into three categories: (1) objectors who entered into a contractual contingent-fee compensation structure, pursuant to which Counsel are entitled to a fee based on the difference between the FAC's original recommended allocation and an amount later accepted by that objector[1]; (2) objectors who entered into a contractual hourly compensation structure, at agreed-upon rates subject to a lodestar multiplier to be set by the

---

[1]This group of objectors consists of Bruno & Bruno, Lockridge Grindal & Nauen, Morelli Ratner, The Murray Law Firm, RodaNast P.C., Placitella, Scheller, and Eric Weinberg.

2

Court, to be divided among the objectors who selected that option[2]; and (3) objectors who did not enter into a contractual agreement with Counsel.[3]

With respect to the first group, the amounts owed pursuant to the contingent-fee arrangements were not disputed and the Court ordered disbursement of those undisputed amounts by separate Order. (Rec. Doc. 63257).[4]

That leaves ten objectors with or without a contractual fee arrangement with Counsel.[5] Counsel request that these ten objectors pay an equal share of Counsel's hourly bills, on a contractual basis with respect to the objectors who entered into a written agreement and on a *quantum meruit* basis from the objectors who did not enter into a written agreement. Counsel stated that their hourly rates were $200.00 for Ms. Woodward,[6] $300.00 for Mr. Arceneaux, and $550.00 for Mr. Calogero. The Court previously stated that the hourly rates are reasonable and that the hours are sufficiently documented. (Rec. Doc. 63448 at 1). Counsel submitted time records documenting their hours worked on the matter and calculating a total bill of $318,183.04 at the above-mentioned rates.

---

[2] This group of objectors consists of Branch Law Firm, Kline & Specter, the Locks Law Firm, Kathryn Snapka, Escobedo Tippit & Cardenas, and Jones Swanson.

[3] This group of objectors consists of Anapol Schwartz, Daniel E. Becnel, Jr., The Cunard Law Firm, and Motley Rice.

[4] The amount withheld from disbursement to Sheller P.C. was $10,910.48. (Rec. Doc. 63457 at 2). That is the full amount should be disbursed, and the Court's Order of October 26, 2011 (Rec. Doc. 63527) is amended to reflect the correct amount of $10,910.48 that should be disbursed to Counsel.

[5] The Cunard Law Firm filed an objection requesting that it compensate Counsel pursuant to a contingent-fee rate, rather than the hourly rate. The Court has been informed by The Cunard Law Firm that the objection is withdrawn.

[6] This was the rate contractually agreed to by the Group 2 objectors. Counsel suggest that with respect to the Group 3 objectors who did not enter into a contract, Ms. Woodward's time should be billed at a higher rate.

A number of the objectors oppose Counsel's request for a lodestar multiplier. They argue that the final awards they received in the fee allocation process were the result of their underlying common benefit work as well as the efforts of their privately-retained counsel and that Counsel for the objectors did not contribute in a manner that warrants compensation beyond their hourly rate.[7] In support of a multiplier, Counsel argue that they performed substantial work in a short period of time, that they are skilled, and that the legal issues were novel.

The Court has considered nature of the work done by Counsel, the responses to their application for fees, and the pertinent *Johnson* factors. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court finds that an increase of $40,641, or a multiplier of .128 over the hourly billing total of $318,183.04, is appropriate to reflect an increased billing rate for Ms. Woodward. This would reflect an increased billing rate of $300.00 per hour, over the $200.00 per hour contemplated by the parties. Thus, the Court finds that a total fee award to Counsel of $358,824.04 is reasonable and appropriate, and that the fee should be paid in equal part by the ten objectors who did not enter into a contingent fee contract arrangement with Counsel, on a contractual basis with respect to objectors who entered into a written agreement and on a *quantum meruit* basis with respect to objectors who did not. Additionally, the Court received no objections to compensating Counsel for the fees incurred by the Court-appointed CPA during the fee allocation process and paid by Counsel, in the amount of $510.48 per objector.

Accordingly, IT IS ORDERED that the Claims Administrator disburse the following

---

[7] Some objectors also suggest that Counsel are "double-dipping" by seeking full compensation for their hourly billing from some objectors in addition to contingent fees from other objectors. This was the contractual arrangement between the parties, and the Court does not find it necessary to disrupt that arrangement under these circumstances.

4

amounts to Co-Lead and Liaison Counsel for the objectors from the funds ordered withheld on September 30, 2011 (Rec. Doc. 63457), in full satisfaction of the following objectors' obligation to Co-Lead and Liaison Counsel for fees and costs:

| | |
|---|---|
| Anapol Schwartz: | $36,392.88 |
| The Becnel Law Firm: | $36,392.88 |
| Branch Law Firm: | $32,328.48[8] |
| The Cunard Law Firm: | $36,392.88 |
| Escobedo Tippit & Cardenas: | $36,392.88 |
| Jones Swanson: | $36,392.88 |
| Kline & Specter: | $36,392.88 |
| Locks Law Firm: | $36,392.88 |
| Motley Rice: | $36,392.88 |
| Kathryn Snapka: | $36,392.88 |

All amounts in excess of this disbursement to Counsel held by the Claims Administrator shall be disbursed to the objectors themselves.

    New Orleans, Louisiana, this 28th day of October, 2011.

                                                _/s/ Eldon E. Fallon_
                                                UNITED STATES DISTRICT JUDGE

---

[8] This is the amount of fees awarded to the Branch Law Firm currently withheld by the Claims Administrator, pursuant to the Court's Order (Rec. Doc. 63457) granting Counsel's motion for a partial holdback in that amount (Rec. Doc. 63455 at 3). Thus, that is the amount that is available for disbursement to Counsel pursuant to this Order.