UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Smita Sanjanwala v. Merck & Co., Inc.,* | * | KNOWLES |
| 2:05-cv-01011-EEF-DEK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR ORDER TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits this reply memorandum in support of its motion for Plaintiff Sanjanwala to show cause why that claim should not be dismissed, and states as follows:

1. Defense counsel first contacted Ms. Oldfather on August 15, 2011 and requested that she provide dates for the depositions of her four FES plaintiffs. Specifically, as to the Sanjanwala claim, the legal plaintiff was identified in the request as "Sanjanwala, Smita U (Ulhas Sanjanwala)." *See* Exhibit A at A-1 (exhibit attached to Merck's 10/26/2011 Memorandum).[1] While it is true that some subsequent references simply referred to "Smita Sanjanwala," rather than her legal representative, there can be no doubt that Merck was seeking to depose whoever was standing in the plaintiff's shoes on the Sanjanwala claim.[2]

---

[1] All citations to Merck Exhibits reference exhibits submitted on October 26, 2011 in support of the Merck motion.

[2] Plaintiff's Exhibit A underscores this fact. The May 20, 2011 Order granting Plaintiff's motion for substitution expressly states: "Ulhas Sanjanwala, as the personal representative of the deceased, shall be substituted for Smita Sanjanwala for all purposes

2. Ms. Oldfather makes repeated references to defense counsel unilaterally selecting dates for depositions without consulting her. In every instance, however, defense counsel first requested that Ms. Oldfather provide her own desired dates, but she declined to do so –even when the request was repeated multiple times. *See* Merck Exh. A. Only after being stiff-armed, did counsel "unilaterally" select dates.[3] And, even then, while simultaneously transmitting the deposition notices, defense counsel offered to amend the notices if plaintiffs would provide dates that were more convenient.[4] *See* Merck Exh. B ( 9/20/11 Letter of E. Horn to A. Oldfather).

3. At no point between August 15, 2011 and October 25, 2011, on the numerous occasions when counsel repeatedly requested that Ms. Oldfather provide deposition dates for the Sanjanwala plaintiff, did Ms. Oldfather ever indicate that the product user was deceased and that is why she was declining to provide dates. Instead, in her letter specifically addressing the requested Sanjanwala deposition, she only stated "we will not be producing anyone" in response to the outstanding deposition notice, and stated her basis as "[a]mong other reasons, I will be out of town in two days of depositions." *See* Merck Exh. H.

---

in this action." The scope of "all purposes" unquestionably includes the obligation to appear for a plaintiff's deposition on the Sanjanwala claim.

[3] Ms. Oldfather's claim in her affidavit that "The deposition notices were all set for dates unilaterally selected by Ms. Horn with absolutely no prior consultation with me," Oldfather Aff. at Par. 1, is entirely misleading and belied by the factual record. Counsel solicited dates from Ms. Oldfather on August 15, 2011, and again on September 6, 2011, *see* Merck Exh A at A-1 and A-3, but no dates were forthcoming. The only reason that one could even arguably claim there was "no consultation" was because Ms. Oldfather refused to provide it. She expressly declined to provide any dates at all because she wanted to conduct other discovery of her choosing. *See* Merck Exh. A at A-4.

[4] Counsel has never asked Ms. Oldfather to produce her calendar for inspection. Instead, counsel asked that Ms. Oldfather herself examine her calendar and provide deposition dates. Moreover, another attorney in Ms. Oldfather's office (Megan Hastings) also handles Vioxx depositions, including the recent plaintiff deposition of Ms. Russel on October 24. Thus, it is unclear why every date turns solely on Ms Oldfather's calendar.

4.      Ulhas Sanjanwala now serves as plaintiff on the Smita Sanjanwala claim.  As noted in defense counsel's August 15, 2011 letter, Merck would like to depose that plaintiff, yet no date to do so has ever been provided—nearly three months after the initial request.  Notably, no potential date was provided in the response filed October 31st either.  It would seem that, if cooperation is the touchstone – as it certainly should be –counsel would have stated that Smita Sanjanwala is deceased and then provided a deposition date for the plaintiff's representative.

5.      Merck renews and clarifies its request that the *plaintiff in the Sanjanwala action* show cause why that case should not be dismissed with prejudice unless, of course, plaintiff provides a deposition date within the next three months prior to the hearing on November 4.

Dated:  November 1, 2011

Respectfully submitted,

 */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of November, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel