UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 67 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 67.

I.  THE SETTLEMENT PROGRAM

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  BrownGreer, the Claims Administrator appointed under the Agreement, has advised that all claims under the Program have now been processed.

1

II. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master. At the status conference on November 4, 2011, Mr. Juneau will report on his work.

III. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1] On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

IV. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the status conference on November 4, 2011.

V. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. By Order entered February 12, 2008, the Court appointed Robert

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock. Merck's counsel will be prepared to discuss this situation at the status conference on November 4, 2011.

2

M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the status conference on November 4, 2011.

      VI.    GOVERNMENT ACTIONS

          A.    Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. At Louisiana's request, briefing on that appeal has been stayed several times. However, in response to the last request, the Fifth Circuit dismissed the appeal, noting that it could be reinstated upon request. The parties will be prepared to discuss these issues further at the status conference on November 4, 2011.

          B.    Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

On August 26, 2010, the Court heard argument on certain discovery disputes between Merck and the Group I plaintiffs, and issued an Order addressing those disputes on September 13, 2010. On September 28, 2010, the Court heard argument by telephone on disputes concerning Florida's and New York's witness lists and issued a Minute Order later that day.

The Oklahoma Attorney General filed an amended complaint in late November, and Merck moved to dismiss that complaint on December 3. Briefing on that motion has not been completed.

On November 22, 2010, the Court stayed discovery in the Governmental Actions in order to explore global resolution of the AG cases. The Court will supervise the negotiations with the assistance of Special Master Patrick A. Juneau. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master has met with Merck's counsel and with counsel for each Government Action plaintiff.

During the stay, the parties have engaged in an information exchange of discovery related to resolution issues under the supervision of Special Master Juneau. Special Master Juneau continues to be in contact with all the parties, as well as representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units. On July 15, 2011 the Special Master brought Merck and all the governmental agencies (the vast majority of whom personally attended) to New Orleans for a two (2) day mediation.

On August 8, 2011, the Commonwealth of Kentucky filed a motion to remand. [Rec. Doc. 63194]. Merck filed its opposition to the motion on August 22, 2011 [Rec. Doc.

63309], and plaintiff filed a reply on August 29, 2011 [Rec. Doc. 63309]. The Court heard oral argument on August 31, 2011 and has taken the matter under submission.

On September 1, 2011, Judge Fallon held a telephone conference with counsel for Merck and counsel for Santa Clara County. Following the conference, the Court issued a Minute Entry [Rec. Doc. 63335] regarding the conference.

The Court held a telephonic status conference on October 12, 2011 to identify the states that would be continuing to litigate, to discuss how to proceed in those cases, and to discuss the County of Santa Clara's request for additional time to file an opposition to Merck's dispositive motion. The Court requested that Liaison Counsel for the AGs meet with Merck to formulate a new scheduling order for those AG cases remaining in the MDL. [Rec. Doc. 63478]. The parties have been conferring on that issue. As to Santa Clara's request, the Court granted a three-week extension of the deadline for opposing Merck's dispositive motion.

The parties will be prepared to discuss these issues further at the status conference on November 4, 2011.

VII.     THIRD PARTY PAYOR

On August 17, 2011, the Court issued Pre-Trial Order No. 57 [Rec. Doc. 63267], which establishes procedures and deadlines for private third party payor common benefit fees. Numerous applicants have submitted submissions pursuant to Section III of the Order and the Fee Allocation Committee is in the process of reviewing and considering such applications. Furthermore, the Fee Allocation Committee requested additional information which was recently received from various applicants and which shall also be considered by the Fee Allocation Committee. The Court has extended the October 10, 2011 and October 20, 2011 deadlines set

forth in Section IV of the Order. The Fee Allocation Committee will be prepared to discuss the matter further at the status conference on November 4, 2011.

### VIII. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

#### A. General Matters Relating to Remaining Personal Injury Cases

Liaison Counsel has substantially completed a census of the remaining personal injury cases and the parties will be prepared to discuss the census and plans for the remaining personal injury cases at the status conference on November 4, 2011.

#### B. Matters Noticed for Hearing on November 4, 2011

On August 18, 2011, Merck filed a Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Prosecute [Rec. Doc. 63268]. Merck withdrew the motion as to all claimants but two. Despite diligent efforts, Liaison Counsel have been unable to locate Lerene Campbell. Patricia Kelly, another claimant who is named in the motion, has been located but has declined to provide a consent. The motion remains pending as to Ms. Kelly and Ms. Campbell, and the matter is set for hearing on November 4, 2011.

On March 23, 2011, Merck filed a Motion for Judgment on the Pleadings Under Rule 12(c) in the Ronald Quackenbush matter [Rec. Doc. 62720]. The motion has been fully briefed, was submitted to the Court on April 13, 2011, and remains pending.

On May 31, 2011, Plaintiff, Emmanuel Iwobi, filed a Motion for Reconsideration [Rec. Doc. 63006]. Merck filed a response on June 21, 2011 [Rec. Doc. 63078] and the Plaintiff filed a reply on June 29, 2011 [Rec. Doc. 63095]. The motion has been fully briefed, and can either be submitted or argued on November 4, 2011.

On September 16, 2011, Merck filed a Motion for Summary Judgment as to plaintiff Rebecca Moore [Rec. Doc. 63405]. The motion has been fully briefed, was submitted to the Court on October 26, 2011, and remains pending.

On October 26, 2011, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Prosecute as to plaintiff Smita Sanjanwala [Rec. Doc. 63522]. A response was filed on October 31, 2011, and Merck filed a reply on November 1, 2011. The motion is noticed for hearing immediately following the monthly status conference.

## IX.     FEE ALLOCATION COMMITTEE

Pursuant to Pretrial Order 6D and an Order entered February 28, 2011, the Special Master conducted hearings on allocations and the objections to the recommended allocation of the Fee Allocation Committee during the week of May 9, 2011. The Special Master issued a Report and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees on June 27, 2011 [Rec. Doc. 63093]. Objections to the Report and Recommendation of Special Master on Allocation of Common Benefit Attorney Fees were filed by Daniel Becnel, The Branch Law Firm, Escobedo, Tippit & Cardenas, LLC, and Kathryn Snapka. The PSC filed a reply to those objections. On August 5, 2011, the Court issued its Orders and Reasons [Rec. Doc. 63188] ruling on a number of issues relating to the common benefit fee. In its ruling, the Court denied motions for reconsideration regarding the 6.5% common benefit assessment and denied objections to the Special Master's evidentiary and discovery rulings. Thereafter, on August 9, 2011, the Court issued its Order and Reasons [Rec. Doc. 63195] allocating the

common benefit attorneys' fees.  On September 27, 2011, the Court issued a Judgment awarding common benefit fees [Rec. Doc. 63433].

### X.     OTHER PENDING MOTIONS

Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck [Rec. Doc. 63105] remains pending as to one plaintiff, Louise Young, No. 08-0882.  It is noticed for hearing immediately following the monthly status conference.

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389].  The matter was heard by the Court on September 21, 2011 and taken under submission.

Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] was discussed by Ms. Oldfather, Mr. Davis and Mr. Marvin at the September 21, 2011 status conference and an agreement was made for production of information that may satisfy the request.  Ms. Oldfather's attempts to receive the promised information since then have been partially successful.  The parties will be prepared to discuss this further at the status conference.

On October 31, 2011, Merck delivered a letter to the Court regarding issues related to payment of witness fees to treating physicians for their deposition testimony and responsibility for payment of same. The parties will be prepared to discuss this matter at the status conference on November 4, 2011.

XI. <u>APPEALS</u>

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals, Fifth Circuit. The parties will be prepared to discuss these matters further at the status conference on November 4, 2011.

XII. <u>OTHER MATTERS</u>

Merck intends to ask that the Court reset the Kenneth Novick, No. 07-7756, and Richard Garcia, No. 07-0902, matters [Rec. Doc. 40199], for the next status conference..

Merck's Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint [Rec. Doc.19681] in the *Gene Weeks* case was filed on June 22, 2009. The motion is fully briefed, including a recently filed Notice of Supplemental Authority [Rec. Doc.63320], was submitted for decision in July 2009, and remains pending.

### XIII. NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis*_____ | */s/ Dorothy H. Wimberly*_____ |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | ***Stone Pigman Walther Wittmann L.L.C.*** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:     (504) 581-3200 |
| | FAX:   (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*_____
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, KY  40208
PH:   (502) 637-7200
FAX:  (502) 637-3999
**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

10

## **CERTIFICATE**

      I hereby certify that the above and foregoing Joint Status Report No. 67 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of November, 2011.

                                                */s/ Leonard A. Davis*
                                                Leonard A. Davis, 14190
                                                HERMAN, HERMAN, KATZ & COLTAR, LLP
                                                820 O'Keefe Ave.
                                                New Orleans, Louisiana  70113
                                                Phone:  504-581-4892
                                                Fax:     504-561-6024
                                                ldavis@hhkc.com
                                                Plaintiffs' Liaison Counsel