UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>        Products Liability Litigation | MDL NO. 1657 |
| | SECTION L |
| This Document Relates to: | JUDGE ELDON E. FALLON |
| *All Government Actions* | MAGISTRATE JUDGE KNOWLES |

**NEW YORK, FLORIDA, AND SOUTH CAROLINA'S MEMORANDUM IN SUPPORT
OF CROSS-MOTION TO STRIKE PLAINTIFFS' STEERING COMMITTEE'S
MOTION DENOMINATED AS AN EMERGENCY MOTION FOR ORDER
ESTABLISHING ESCROW FUND**

New York, Florida, and South Carolina move this Court for an order striking the

*Plaintiffs' Steering Committee's Emergency Motion for Order Establishing Escrow Fund for*

*Common Benefit Fees* ("Emergency Motion") [Dkt. # 63560], because the motion violates

Fed. R. Civ. P. 7(b)(1) and Local Rule 7.4.  In particular:  (1) the PSC fails to "state with

particularity the grounds for seeking the order; and . . . state the relief sought" as required by

Rule 7(b)(1); (2) the PSC did not submit a supporting memorandum, as required by Local Rule

7.4; and (3) although the PSC seeks the injunctive relief of impounding payment of proceeds

from potential settlements negotiated by the United States Attorney's Office in Boston and a

team from the National Association of Medicaid Fraud Control Units,[1] it nowhere addresses the

---

[1] NAMFCU is an association of Medicaid fraud enforcement authorities, most of which reside within the various State Attorney Generals' offices.  The team that has been involved in negotiations of the potential settlements at issue consists of governmental attorneys from states that do not have matters pending in this multidistrict proceeding.

standards it must meet under Fed. R. Civ. P. 65, let alone meets the burden of proof as to the
Rule 65 requirements.[2]

At issue here are funds that may be payable under confidential potential settlements that
were not negotiated by any of the governmental entities whose cases have been transferred to
this multidistrict proceeding.  These potential settlements resulted from a federal Department of
Justice investigation that began before this multidistrict proceeding existed.  The PSC, by its
motion, is seeking to prevent payment of 6.5% of such potential proceeds and thus to prevent the
use of millions of dollars that would otherwise immediately go to fulfilling the purpose of the
Medicaid program – namely providing essential medical care the poorest members of our society
at a time when states sorely need every last dollar of such funds.[3]

The PSC's "emergency" motion should be stricken because it is deficient on its face.
Fed. R. Civ. P. 7(b)(1) provides that "a motion must: . . .  (B) state with particularity the grounds
for seeking the order; and (C) state the relief sought."  Additionally, Local Rule 7.4 of this Court,
entitled "Motions Must Be Accompanied by Memorandum," states:

> All contested motions must be accompanied by separate
> memoranda which must contain a concise statement of reasons
> supporting the motion and citations of authorities.  If the motion
> requires consideration of facts not in the record, the movant must
> also file and serve upon opposing counsel a copy of all evidence
> supporting the motion.

Courts frequently strike or deny motions that fail to comply with Rule 7(b)(1) and with Local
Rule 7.4.[4]

---

[2] On November 22, 2011, New York, Florida, and South Carolina will file oppositions on the merits to the Emergency Motion.

[3] Contrary to the assertion in the Emergency Motion, there is no such thing as a "Government Action Third Party Payor Settlement Program."

[4] For Rule 7, *see*, *e.g.*, *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1240 (10th Cir. 2006) ("This motion did not meet the requirements of Rule 7(b)(1).  It did not provide a

The absence of a memorandum, or any specific statement of the relief sought or the basis for it, is fatal to the Emergency Motion.  The PSC does not cite any legal authority that would permit this Court to grant the requested injunction, does not explain why there is a supposed "emergency" when nothing has changed for months, does not specify what party is supposed to pay money into an escrow fund, and does not specify which sovereigns it is seeking to affect (for example, is the PSC asking to withhold money from states that did not have cases transferred to this multidistrict proceeding?).  While the PSC is seeking an extreme remedy that will literally take millions of dollars away from healthcare for the poor, it has advanced no justification at all for the Emergency Motion.  Thus, the PSC's failure to file a supporting memorandum is not a mere technical violation, but instead leaves the States in the dark as to the purported legal and factual basis for the motion.  (Obviously, the PSC should not be permitted to raise its actual arguments in a reply brief, as that would deprive the parties of any opportunity to address such arguments.)

As a result of its failure to submit a memorandum and to state the grounds for its motion, the PSC does not even address the dictates of Fed. R. Civ. P. 65, even though it implicitly – and

---

single ground for relief, let alone state the grounds for relief with 'reasonable specification.'"); *Stovall v. Settle*, No. 10-2388-STA-DKV, 2011 U.S. LEXIS 109780, at *6 (W.D. Tenn. Sept. 27, 2011) (motions held deficient and stricken "because they do not 'state with particularity the grounds for seeking the order' and because they are not accompanied by memoranda of law") (citations omitted).

For Rule 7.4, *see*, *e.g., Anderson v. Louisiana*, N0. 10-1448, 2011 U.S. LEXIS 93025, at *5 (W.D. La. July 11, 2011) (court struck memorandum "because plaintiffs failed to include a table of contents and table of cases as required by Local Rule 7.8W"); *Kador v. City of New Roads*, No. 07-682-D-M2, 2010 U.S. LEXIS 52382, at *16-17 (M.D. La. May 27, 2010) ("[D]efendants' present motion should be denied because it is procedurally deficient…. [T]he motion does not include a Memorandum in Support, containing a concise statement of the reasons in support of the motion and citations to the legal authorities upon which defendants rely, as required by Local Rule 7.4."); *Motharam, Inc. v. Scottsdale Ins. Co.*, No. 07-4499, 2009 U.S. LEXIS 88078, at *5 n.2 (E.D. La. Sept. 24, 2009) ("The notice of deficient document  issued on July 17, 2009 clearly states that the deficient document 'must be refiled in its entirety.'").

correctly – acknowledges that rule's applicability by contending that it seeks to "maintain the status quo." Emergency Motion, at p. 1. In fact, courts consistently apply Rule 65 to assess motions to place funds into escrow accounts or to otherwise freeze assets.[5]

The PSC's failure to address the Rule 65 requirements dooms the Emergency Motion.[6] As the Fifth Circuit has explained, "Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The burden on the PSC as the party moving for preliminary injunctive relief is to show: "'(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'" *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citation omitted).

The PSC does not address *any* of those requirements, let alone meet its burden of proof as to all four of them. *See Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) ("'We have cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has "clearly carried the burden of

---

[5] *See*, *e.g.*, *Janvey v. Alguire*, 647 F.3d 585, 600 n.9 (5th Cir. 2011) (motion to freeze assets must satisfy "the usual elements necessary to obtain a preliminary injunction"); *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 60269, at *27 (E.D. La. Aug. 7, 2008) (denying motion for preliminary injunction, which sought in part to prevent the "distribution of interim payments" to claimants).

[6] Although it calls its motion an "emergency" motion, the PSC nowhere explains the purported "emergency." On March 18, 2011, counsel for the State of Florida wrote to this Court, on behalf of Florida, New York and Pennsylvania, noting the substantial reasons why the PSC's motion for fees could not be granted and asking that the motion be held in abeyance because it was premature. The PSC agreed to hold its motion in abeyance, and this Court so ordered on April 1, 2011, indicating that "the Court will confer with the parties to set a briefing schedule to permit all parties an opportunity to be heard on the motion." (Dkt. # 62788). Since that time, the PSC has not asked for any action to be taken on its fee demand. In light of these facts, the PSC cannot point to any "emergency" that justifies its Emergency Motion.

persuasion" on all four requirements.'") (citations omitted); *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 60269, at *70 (noting that "the Plaintiffs have failed to carry their burden of persuasion as to any of the requirements for a preliminary injunction").  The failure of the PSC to offer any argument or evidence in support of its motion for a preliminary injunction requires that the Emergency Motion be stricken as defective.

In addition, the proposed order submitted by the PSC utterly fails to meet the standards imposed by Rule 65(d).  The proposed order does not state the reasons why the Emergency Motion should be granted, nor does it state the terms of the injunction specifically or describe in reasonable detail the acts required.  *See* Rule 65(d)(1).  Instead, the PSC's proposed order merely states that the Court should order "that 6.5% of the recoveries to the States of Florida, New York, and South Carolina, and any other governmental entities that have not yet reached an agreement with the PSC be held in escrow…."  [Dkt. # 63560-2.]  *Why* should those funds be placed in escrow?  *Who* should place the funds in escrow?  *What* escrow?  *Who* are the "other governmental entities", and has the PSC given them notice of the Emergency Motion, as required by Rule 65(a)(1)?  *How* can funds from an agreement that has not been concluded and that has been negotiated outside of this multidistrict proceeding be placed into escrow?  These and other key matters are left unanswered by the vague proposed Emergency Motion and supporting proposed order, in violation of Rule 65(d).

The States should not be required to respond to a defective motion (or attend a hearing on that motion) that cannot be granted under any circumstances because of the PSC's disregard for its obligation to file a supporting memorandum that addresses its burden of proof in arguing for the injunctive relief it seeks.  For all of the above reasons, the Emergency Motion should be stricken, as should the hearing date of November 30 set by the PSC for that motion.

Dated:  November 18, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the State of New York

 /s/ Randall M. Fox
RANDALL M. FOX
Bureau Chief, Taxpayer Protection Bureau
120 Broadway – 25th Floor
New York, New York  10271-0007
(212) 416-6199

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for the City of New York

 /s/ John R. Low-Beer
JOHN R. LOW-BEER
New York City Senior Assistant Corporation
Counsel
100 Church Street
New York, New York  10007
(212) 788-1007

 /s/ Steve W. Berman
STEVE W. BERMAN
CRAIG R. SPIEGEL
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA  98101
(206) 623-7292
Attorneys for New York and the City of New York

**STATE OF SOUTH CAROLINA**
**OFFICE OF THE ATTORNEY GENERAL**

Alan M. Wilson
Attorney General
JOHN W. McINTOSH
Chief Deputy Attorney General
C. HAVIRD JONES, JR.
Senior Assistant Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
(803) 734-3970
(803) 734-3677 Fax

**SCHULTZ LAW LLC**

 /s/ Mark C. Schultz
MARK C. SCHULTZ
161 Washington Street, Suite 400
Conshohocken, PA. 19428
(610) 828-0700
Attorneys for South Carolina

**COVINGTON, PATRICK, HAGINS,
STERN & LEWIS, P.A.**

 /s/ Eugene C. Covington, Jr.
EUGENE C. COVINGTON, JR.
State Bar No. 1422
Post Office Box 2343
Greenville, South Carolina 29602
(864) 240-5502
(864) 240-5533 Fax
Attorneys for South Carolina

**ROE, CASSIDY, COATES & PRICE, P.A.**

 /s/ William A. Coates
WILLIAM A. COATES
State Bar No. 1289
Post Office Box 10529
Greenville, South Carolina 29603
(864) 349-2600
(864) 349-0303 Fax
Attorneys for South Carolina

**STATE OF FLORIDA
PAMELA JO BONDI
ATTORNEY GENERAL FOR FLORIDA**

 /s/ James D. Young
JAMES D. YOUNG
Special Counsel for Florida
Florida Bar No. 567507
Office of the Attorney General
1300 Riverplace Blvd., Suite 405
Jacksonville, Florida  32207
(904) 348-2720

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Phillip Wittmann, and Ann B. Oldfather, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 18th day of November, 2011.

/s/ Steve W. Berman
STEVE W. BERMAN
CRAIG R. SPIEGEL
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA  98101
(206) 623-7292