# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>　　　　Products Liability Litigation<br><br>This Document Relates to:<br><br>*All Government Actions* | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

### DECLARATION OF MARK C. SCHULTZ

1.　　I am co-counsel for South Carolina in the action originally filed in South Carolina State court against Merck, Sharp & Dohme concerning Vioxx. The action was filed in August 2009 in South Carolina State court and subsequently removed to federal court and transferred to this MDL.

2.　　I submit this declaration in support of *New York, Florida, And South Carolina's Memorandum In Opposition To Plaintiffs' Steering Committee's Motion Denominated As An Emergency Motion For Order Establishing Escrow Fund.*

3.　　South Carolina has agreed to settle with Merck by joining into the settlements negotiated by the United States Attorneys' Office in Boston (the "USAO") and the negotiating team from the National Association of Medicaid Fraud Control Units ("NAMFCU"), which settlements were negotiated in conjunction with the USAO's criminal plea agreement with Merck.

4.　　By joining in the USAO/NAMFCU settlements, South Carolina agreed to resolve its claims by taking the same proportionate share of settlement money available to all states through that offer. My understanding is that the allocation among states under that offer,

- 1 -

including the allocation to South Carolina, was based upon each state's Medicaid utilization of Vioxx.

5. As a representative for South Carolina, I sought to negotiate with counsel for Merck for more money than was being offered to South Carolina through the USAO/NAMFCU resolution. No such increase, however, was available. South Carolina agreed to take the amount offered through the USAO/NAMFCU resolution, without modification.

6. During negotiations with Merck, counsel for Merck advised me that the allocated amounts were based on the settlement between Merck, USAO and NAMFCU, and that in order to take advantage of the settlement South Carolina would have to withdraw the action pending in the MDL.

7. South Carolina did not review, access or utilize the work product of the plaintiffs' steering committee in any manner. South Carolina was in the third wave, and did not take any discovery.

8. In the MDL, South Carolina did not agree to any participation agreements.

9. South Carolina has not agreed to purchase the trial package from the Plaintiffs' Steering Committee in the MDL.

Executed on November 23, 2011.

_____
Mark C. Schultz