UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
| Products Liability Litigation | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | JUDGE ELDON E. FALLON |
| All Government Actions | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK SHARP & DOHME CORP.'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION FOR ORDER ESTABLISHING ESCROW FUND FOR COMMON BENEFIT FEES

The Plaintiffs' Steering Committee ("PSC") has filed an "emergency" motion seeking an order to hold settlement payments to "Government Action participants in the Government Action Third Party Payor settlement program" in escrow, pending resolution of the PSC's motion for common benefit fees.

Although the motion essentially seeks a preliminary injunction, the PSC has not even attempted to carry its burden of showing that such an injunction is justifiable, presumably because it realizes it cannot do so. Most notably, there is no "emergency" meriting the extraordinary relief sought, and transferring money from state Medicaid programs to private lawyers hardly qualifies as being in the "public interest." Accordingly, the PSC's motion should be denied.

1076476v.1

## ARGUMENT

It is beyond dispute that an order requiring the distribution of funds into an escrow account is inherently injunctive in nature. *See Knapp v. JP Morgan Chase Bank, N.A.*, No. S-10-2889 KJM GGH PS, 2011 U.S. Dist. LEXIS 113262, at *4 (E.D. Cal. Sept. 30, 2011) (characterizing escrow order as "injunctive relief order"). Accordingly, the PSC's request should be evaluated under the standard required for granting a preliminary injunction.

"A preliminary injunction is an extraordinary and drastic remedy," and "it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). Such relief "should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Importantly, these requirements are conjunctive; injunctive relief "should not be granted unless the party seeking it has ***clearly carried*** the burden of persuasion on ***all*** four requirements." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (citation and internal quotation marks omitted, emphases added).

Because the PSC "has not addressed ***any*** of these factors," *Nard v. Dir., Tex. Dep't Crim. Justice - Corr. Ins. Div.*, No. 2:10cv302, 2011 U.S. Dist. LEXIS 102617, at *2-3 (E.D. Tex. Aug. 19, 2011) (emphasis added), its motion should be denied. Indeed, courts have repeatedly denied requests for preliminary injunctions where, as here, the applicant failed to identify – much less analyze – the four prerequisites for injunctive relief. *See, e.g., Bashore v. Sec. Credit Sys.*, No. 4:11-CV-13, 2011 U.S. Dist. LEXIS 38674, at *3 (E.D. Tex. Mar. 11, 2011) ("The motion is devoid of any facts that would allow the Court to grant relief. Plaintiff fails to provide any

arguments that would support granting an injunction in this case. Plaintiff has failed to establish any of the elements necessary for injunctive relief."), *report and recommendation adopted by* 2011 U.S. Dist. LEXIS 38675 (E.D. Tex. Apr. 7, 2011); *Robinson v. Whittenberg*, No. 6:10cv501, 2010 U.S. Dist. LEXIS 128393, at *3 (E.D. Tex. Dec. 6, 2010) (recommending denial of motion for preliminary injunction because "[p]laintiff has not addressed any of the[] factors, much less shown that all of them are met"), *report and recommendation adopted by* 2010 U.S. Dist. LEXIS 128482 (E.D. Tex. Dec. 6, 2010); *Deroche v. Adu-Tutu*, No. CV 11-0302-PHX-DGC (JRI), 2011 U.S. Dist. LEXIS 120630, at *7 (D. Ariz. Oct. 18, 2011) (denying motion for preliminary injunction because "[p]laintiff fails to discuss any of the requirements for a preliminary injunction, much less demonstrate that injunctive relief is appropriate").

The PSC's failure to address the four requirements for a preliminary injunction presumably reflects its own recognition that it cannot meet them.

***Likelihood of Success on the Merits***. First, there is a substantial question as to whether the PSC can demonstrate likelihood of success on the merits because: (1) the payment of common benefit fees would contravene the requirement that such fees be equitable; (2) the imposition of such fees may encroach upon the states' constitutionally-protected sovereign immunity; and (3) the PSC appears to seek relief with respect to non-litigating states over which the Court lacks jurisdiction.

***First***, an award of common benefit fees would not be equitable. As court after court has recognized, the hallmark of any common benefit fund is equity. *Se. Legal Defense Grp. v. Adams*, 657 F.2d 1118, 1122 (9th Cir. 1981) ("To qualify for an award under the ***equitable*** common fund or common benefit doctrine, the successful litigant must either impart a substantial nonmonetary benefit or create or preserve a common fund for an identifiable class of

beneficiaries.") (emphasis added); *Cooperstock v. Pennwalt Corp.*, 820 F. Supp. 921, 923 (E.D. Pa. 1993) ("the 'common benefit' or 'common fund' equitable doctrine, is premised upon the rationale that it would be unfair to require one party to bear the entire expense which results in the benefit to a large class of persons"). Consistent with this principle, courts have declined to award common benefit fees in cases where such fees would result in an inequitable result. *See Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1480, 1484-85 (10th Cir. 1993) (rejecting common benefit request where "[p]laintiffs received significant money damages, while the Union members received only the incidental benefit of potentially improved future treatment by the Union"). Here, the PSC has not explained why monies that would otherwise be spent to benefit the public should be diverted to a fund for attorneys' fees, particularly given the size of the original common benefit fund.

**Second**, the PSC's motion also raises constitutional concerns. Under the Eleventh Amendment, states enjoy sovereign immunity from lawsuits brought by private persons in federal court. *See* Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure* 203 (4th ed. 2007). In construing the Eleventh Amendment, multiple courts have held that sovereign immunity bars federal courts from ordering states to pay money. *See Edelman v. Jordan*, 415 U.S. 651, 672-73 (1974) (allowing the state to invoke Eleventh Amendment immunity even though it was not a named party in the underlying action because the petitioner sought remedy from state funds and the state was the "real, substantial party in interest"); *Thomas v. Huval*, No. 09-144-P, 2011 U.S. Dist. LEXIS 126786, at *9 (W.D. La. Oct. 3, 2011) ("The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State

Treasury."). The PSC has failed to explain how the requested holdback order would comport with sovereign immunity principles, as it would seize state money.

*Third*, the PSC seeks a holdback order with respect to "all government actions in which there is a settlement with Merck, and the governmental entity has not reached an agreement with the PSC for the payment [of] common benefit fees." (Mot. at 1-2.) Read literally, the PSC appears to seek funds with respect to states that never initiated any litigation against Merck and thus are not subject to this Court's jurisdiction. As the U.S. Court of Appeals for the Fourth Circuit explained in rejecting a similar effort, an MDL court's jurisdiction "is limited to cases and controversies between persons who are properly parties to the cases transferred" to it. *In re Showa Denko K.K. L-Tryptophan Prod. Liab. Litig. II*, 953 F.2d 162, 165-66 (4th Cir. 1992) (rejecting common benefit order on the ground that it "compel[led] contributions from plaintiffs in state or federal litigation who are not before the court and by claimants who have chosen not to litigate but to compromise their claims outside the court"); *In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 U.S. Dist. LEXIS 19168, at *132 (E.D. Mo. Feb. 24, 2010) ("I have no jurisdiction over the state cases and I cannot order the defendants to withhold amounts they may end up owing the state plaintiffs."); *In re OSB Antitrust Litig.*, No. 06-826, 2009 U.S. Dist. LEXIS 17361, at *13-14 (E.D. Pa. Mar. 5, 2009) ("the common fund doctrine does not afford me jurisdiction to order non-Parties . . . to pay Class Counsel's fees"); *see also* Manual for Complex Litigation (Fourth) § 22.62 ("[Common benefit] [f]ees . . . may not be imposed by an MDL transferee judge on attorneys in cases that are not within the jurisdiction of the MDL court.").

For all of these reasons, the PSC faces substantial challenges on the merits of its injunctive-relief request, not one of which is addressed in its motion.

*Irreparable Harm.* The PSC must also establish that denial of its request would subject it to irreparable harm. *Metro Riverboat Assocs., Inc. v. Bally's Entm't Corp.*, No. 96-3812 SECTION "C", 1996 U.S. Dist. LEXIS 18085, at *4 (E.D. La. Nov. 25, 1996). Irreparable harm is not shown by invoking one's "imaginative, worst case scenario"; rather, the party must provide a "concrete showing of *imminent* irreparable injury." *USA Network v. Jones Intercable, Inc.*, 704 F. Supp. 488, 491 (S.D.N.Y. 1989) (emphasis added). This generally requires "specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant" if the request for injunctive relief is denied. *ITL Int'l, Inc. v. Groupo Constenla*, No. 1:10CV467 LG-RHW, 2010 U.S. Dist. LEXIS 113611, at *7 (S.D. Miss. Oct. 18, 2010) (denying motion for temporary restraining order).

Importantly, mere financial hardship, no matter how significant, does not constitute the kind of irreparable harm necessary to sustain a motion for a preliminary injunction. *See, e.g., Bluefield Water Ass'n Inc. v. City of Starkville*, 577 F.3d 250, (5th Cir. 2009) ("any harm is financial, and monetary compensation will make [petitioner] whole if [it] prevails on the merits"); *Bond Pharm., Inc. v. Anazaohealth Corp.*, No. 3:11-CV-00058-CWR-FKB, 2011 U.S. Dist. LEXIS 117876, at *18 (S.D. Miss. Feb. 11, 2011) ("monetary loss, even where substantial, does not, in and of itself, constitute irreparable harm"). This is so because "an injury is 'irreparable' only if it *cannot* be undone through monetary remedies." *Azteca Enters., Inc. v. Dallas Area Rapid Transit*, No. 3:99-CV-0281-P, 1999 U.S. Dist. LEXIS 2048, at *7 (N.D. Tex. Feb. 23, 1999) (internal quotation marks and citation omitted, emphasis added). *See also id.* ("the possibility that adequate compensatory or other corrective relief will be available at a later date . . . weigh[s] heavily against a claim of irreparable harm") (internal quotation marks and citation omitted).

6

1076476v.1

Here, the PSC claims only monetary loss – and it is only alleged, rather than supported "by affidavit or verified complaint," as is usually required. *ITT Int'l*, 2010 U.S. Dist. LEXIS 113611, at *7. Moreover, the PSC has an adequate alternative remedy – namely, seeking payment from the states in the event it prevails on its previously filed motion. The PSC does not address any of these obvious flaws in its "emergency" motion either, and for this reason too, it should be denied.

*Balance of the Harms.* A balance of the harms likewise weighs strongly against granting the PSC's request. The emergency relief sought by the PSC would reduce the amount of money available to the settling states to enhance their Medicaid programs. Thus, the injunctive relief being sought here would "provide a disservice to the public." *See Ross v. Tex. Educ. Agency*, No. H-08-3049, 2008 U.S. Dist. LEXIS 86897, at *25-26 (S.D. Tex. Oct. 27, 2008) (finding that "[t]he State . . . and the public will [] be disserved should the Court grant the relief requested by the Plaintiffs" because the injunction could exacerbate "financial problems plaguing the [school] district"). The PSC's motion fails to identify what corresponding harm, if any, it would suffer in the event that its request is denied. This omission, coupled with the fact that the PSC has already received substantial compensation for the work it has done in connection with the Vioxx litigation, makes it difficult to see how a balance of the harms could possibly tip in the PSC's favor.

*Public Interest.* Lastly, the PSC has not attempted to carry its burden with respect to the fourth and final prong: that the requested relief serve the public interest. As set forth above, an order that holds back funds from state Medicaid programs would seemingly disserve the public interest, and the PSC has offered no explanation to the contrary. Thus, the fourth and final prerequisite has not been satisfied either.

1076476v.1

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court deny the PSC's motion for an order holding any amount of money in escrow from forthcoming settlement payments.

Dated:  November 21, 2011

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of November, 2011.

                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana 70130
                                        Phone:  504-581-3200
                                        Fax:    504-581-3361
                                        dwimberly@stonepigman.com

                                        Defendants' Liaison Counsel

1076476v.1