UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br>SECTION L<br><br>This document relates to:<br><br>*All Government Actions* | MDL Docket No. 1657<br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF STEERING COMMITTEE'S EMERGENCY
MOTION FOR ORDER ESTABLISHING ESCROW
FUND FOR COMMON BENEFIT FEES**

On March 16, 2011, the Plaintiffs' Steering Committee ("PSC") moved the Court for entry of an order requiring an equivalent of six and one-half percent (6.5%) of the recoveries of Government Action participants in the Government Action Third Party Payor settlement program to be set aside for the payment of common benefit fees. [Doc. 62699]  Settlements have been reached between Merck & Co. and the States of Florida, New York, and South Carolina as well as other governmental entities.  Payments from Merck to these and other governmental entities may be imminent.

Since April 2005, the PEC and PSC have undertaken the enormous responsibility of trying bellwether cases, creating a document depository, undertaking discovery of the defendants that has seen production of millions of pages of documents and electronic databases, the preparation and completion of pleadings, the filing of motions, responding to motions, court appearances, etc.  The obligations and responsibilities undertaken by the PEC and members of

the PSC have been carried out in a professional manner and permitted this MDL to proceed at an expeditious pace. The work resulted in the achievement of a $4.85 billion settlement for those victims who suffered a heart attack or stroke as well as other settlements. Without question, Government Action Participants who have litigated their claims in the MDL, like Florida, New York, and South Carolina, have benefited from the work product of the PEC, the PSC, and other common benefit lawyers. As such, these and other Government Action Participants who are litigating their claims in the MDL should contribute to the compensation of those attorneys who performed the work from which they received a benefit.

It is the practice in MDL proceedings for the transferee court to appoint certain counsel to provide leadership amongst all plaintiffs' counsel to shepherd the cases through the proceedings. *See, e.g.*, Manual for Complex Litigation (Third) §20.22 at 26 (1995)("the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and clients with respect to specified aspects of the litigation."). Likewise, it is well recognized that those who perform work for the benefit of all should not go uncompensated. *Id*. §20.223 at 29 ("the judge has the authority to order reimbursement and compensation and the obligation to ensure that the amounts are reasonable."); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977).

In order for an MDL proceeding to be successful, the Court requires dedicated professionals to perform the managerial and leadership tasks. Unlike private fee agreements, these fees are subject to court scrutiny and can be objected to by those having standing. *See City of Detroit v. Grinnell,* 560 F.2d 1093, 1099 (2d Cir. 1977); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *In re Auction Houses Antitrust Litigation*, 197 F.R.D. 71, 75-78 (S.D.N.Y. 2000). Under these circumstances, to sustain the "laudable purposes" and goals

of this multidistrict litigation, *Florida Everglades*, 549 F.2d at 1016, the committee appointed to administer the MDL deserves just compensation, lest the participants be unjustly enriched at the committee's expense. "The interests to be served are too important." *Id.* at 1013. As the court stated in *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977):

> The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees. The doctrine is "employed to realize the broadly defined purpose of recapturing unjust enrichment." I Dawson 1597. That is, the doctrine is designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the "stranger" beneficiaries do not receive their benefits at no cost to themselves.

Recognizing that lead counsel become "officers of the court," the court in *Florida Everglades* found that a district court has the inherent authority to compel the payment of attorneys' fees by the lawyers appearing before the court in consideration for the benefits conferred upon them and their even greater number of clients. *Id.* at 1017 ("The power of the court to order compensation, and payment of it in the manner directed in this case, is reinforced by the body of law concerning the inherent equitable power of a trial court to allow counsel fees and litigation expenses out of the proceeds of a fund that has been created, increased or protected by successful litigation. This expanding jurisprudence has moved beyond the literal limits of its original bounds.").

Because the Governmental Action Participants who are litigating their cases in the MDL have benefitted from work performed by the PSC and other common benefit attorneys, the PSC now moves the Court for the immediate issuance of an order holding in escrow 6.5% of the recoveries to these states until the Court's consideration of the PSC's Motion for an Order Imposing Common Benefit Obligation upon the Recovery of Government Action Participants.

Doing so will maintain the status quo and ensure that funds are available for the payment of the common benefit fees at such a time in the future when the Court considers the PSC's motion for common benefit fees.

Moreover, the PSC moves the Court to extend the escrow order to all government actions pending in the MDL in which there is a settlement with Merck and the governmental entity has not reached an agreement with the PSC for the payment of common benefit fees. To date, the following governmental entities have agreed to pay common benefit fees in the amount of 6.5% of their respective recoveries (capped at 6.5% of the NAMFCU offer, if any offer was made): the States of Alaska, Kentucky, Mississippi, Montana, Oklahoma, and Utah.

For the reasons set forth above, the motion should be granted.

Respectfully submitted,

Date: November 30, 2011          By:      /s/ Russ M. Herman
                                 **Russ M. Herman (Bar No. 6819)**
                                 Leonard A. Davis (Bar No. 14190)
                                 Stephen J. Herman (Bar No. 23129)
                                 *Herman, Herman, Katz & Cotlar, L.L.P.*
                                 820 O'Keefe Avenue
                                 New Orleans, Louisiana 70113
                                 Telephone: (504) 581-4892

                                 **PLAINTIFFS' LIAISON COUNSEL**

5

By:      /s/ Andy D. Birchfield, Jr.,
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343

**PLAINTIFFS' CO-LEAD COUNSEL**


By:      /s/ Christopher A. Seeger
**Christopher A. Seeger**
*Seeger Weiss*
One William Street
New York, NY 10004
Telephone: (212) 584-0700

**PLAINTIFFS' CO-LEAD COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

Arnold Levin, Esquire
Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
Sanford Law Firm
16225 Park Ten Place, Suite 500
Houston, Texas 77008
(877) 447-6677 (telephone)
(713) 524-6611 (telecopier)

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Phillip Wittmann, and Ann B. Oldfather, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 30th day of November, 2011.

 /s/ Andy D. Birchfield, Jr.
**Andy D. Birchfield, Jr**.
*Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: (334) 369-2343
Facsimile: (334) 954-7555