## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX®PRODUCTS LIABILITY             MDL 1657
LITIGATION                                                 SECTION L
                                                                JUDGE FALLON
                                                                MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

**ALL CASES**

## OPPOSITION TO MOTION TO AMEND
## PRE-TRIAL ORDER NO. 19

Pre-Trial Order 19 has been in existence for over six years.  Without any stated rationale

or justification, the Plaintiffs' Steering Committee ("PSC") now asks this Court to amend PTO

19.  The undersigned asks that the Court to hear this motion at the next scheduled status

conference on January 5, 2012, rather than the currently scheduled date of December 14, 2011,

selected by the PSC.

PTO 19 was entered on August 4, 2005, and provides a common benefit fee of 2% (Two

Percent) as an Early Participation Option, and 4% (Four Percent) and 6% (Six Percent) for later

participation.  PTO 19 provides a common benefit expense assessment of 1% (One Percent) of

any settlement or paid judgment.  Pursuant to the terms of PTO 19, these percentages apply to

cases later filed or tolled.  Presumably, every case for which the PSC now seeks a reduced

assessment would be assessed at 6% under the terms of PTO 19.  Merck is required to withhold

these sums from all settlements, including the settlement of PTO 29 heart attack and stroke cases

which the PSC claims as "its" cases.  During the long course of this litigation and the six-plus

years since PTO 19 was entered, the PSC has never suggested reducing the required assessments, and has instead sought *more* in common benefit fees on multiple occasions.

The PSC has offered no justification for a reduction from the current assessment, be it 2%, 4% or 6%, to an across-the-board 2%. The PSC has not offered any evidence that the remaining heart attack and stroke cases arranged for the Early Participation Option. Oddly enough, the only reasoning offered in the PSC's motion is that the PSC serves as liaison counsel in said cases, not Ms. Oldfather, and as such the Court should amend PTO 19:

> The PSC maintains responsibility for liaison duties regarding these cases, unlike the cases which allege other injuries . . . and for which the [C]ourt has appointed Ms. Ann Oldfather to serve as Liaison Counsel. To be clear, the relief sought by the PSC does not apply to those cases for which Ms. Ann Oldfather serves as Court-appointed Liaison Counsel.

Even if this were an accurate statement (which it isn't), the common benefit fee is not the PSC's to give away. The setting and award of common benefit assessments is a function of the Court, and common benefit fees are awarded by the Court and on proof of services provided that are to the common benefit of these cases. The PSC's representations about the division of responsibility in PTO 29 cases are flatly wrong. On more than one occasion, the Court has heard motions from the undersigned dealing with leadership responsibilities for PTO 28 and PTO 29, and later PTO 43 claimants (*see*, for example Rec. Doc. No. 40333 and informal discussions with the Court March 2, 2011, and April 1, 2011, regarding leadership issues).

The undersigned has been acting as the *de facto* point of leadership for *all* the remaining personal injury cases for at least the last two years, and in increasing degrees since April, 2008. The undersigned has repeatedly expressed her concerns about the lack of leadership and failure of the PSC to provide support to the remaining personal injury claimants.

The undersigned (and only the undersigned) submits regular update reports following each status conference to all remaining personal injury claimants, and this year has sent out seven mass mailings to all pro se claimants and counsel of record.  The undersigned coordinated obtaining consent forms from nearly every claimant earlier this year, regardless of whether those were "her" cases or "their" cases, a time and resource consuming project, and then analyzed the materials for purposes of forming a census of the remaining cases.  The Oldfather Law Firm continues to provide support and leadership to all claimants regardless of what was assigned by PTO 56, largely because the claimants assigned to Mr. Herman receive no communication from the PSC.

The undersigned can discern no reason for this proposed amendment to PTO 19.  As of the date of filing, there are only eleven (11) remaining PTO 29 plaintiffs in this litigation.  The PSC's motion begs the question of whether those cases settled since the Master Settlement have ignored the directives of the original PTO 19.  Despite repeated promises, and ultimately instruction from this Court to provide to the undersigned the settlement information in the PSC's possession, the PSC has yet to do so.  If this motion is fueled by concerns over a shortfall of funds, similar to the shortfall found in the common benefit fund in August 2011, the PSC should vocalize the problem and find another way to address the shortfall rather than this *ex post facto* amendment to cases already settled and which should have been handled under a then-outstanding pre-trial order.

The PSC's motion also presents separate issues regarding lien resolution.  The revised PTO 19 provides that prior to any funds disbursement, all governmental liens are satisfied or an appropriate holdback for governmental liens is implemented.  The Private Lien Resolution Program was a spin-off of the Master Settlement Agreement and the thousands of cases that were

settled pursuant to the MSA.  With less than 100 personal injury cases remaining, a PTO on lien resolution hardly seems needed.  Forcing the attorneys into an undefined plan as proposed by the PSC is inappropriate and unnecessary.

The PSC's motion is arbitrary, at best, and punitive, at worse, to those attorneys who have provided support to the remaining claimants and who intend to make a claim to these funds. For the foregoing reasons, the Court is respectfully requested to deny the Motion to Amend PTO 19.

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing [name of motion] has been served upon Liaison

Counsel, Phillip Wittmann, Russ Herman, and Ann B. Oldfather, by U.S. Mail, an upon all

parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance

with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of

Court of the United States District Court for the Eastern District of Louisiana by using the

CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures

established in MDL 1657, on this 8th day of December, 2011.

/s/ Ann B. Oldfather

_____

Ann B. Oldfather