UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO: *Pending Personal Injury Cases*

**ORDER**

    Out of approximately fifty thousand claims, less than one hundred cases remain pending before the Court. On November 10, 2011, the Court held a conference with Doug Marvin, counsel for Merck, and Ronald Benjamin, the counsel who represents the largest fraction of these outstanding cases. Counsel agreed to meet and confer with their clients and with each to discuss how and where these cases should be tried.

    The Court has received letters from counsel indicating that they are unable to agree how to select a case or cases for preparation and eventual trial. Mr. Benjamin suggests that counsel each choose and submit two cases to the Court and have the Court decide or employ random selection to designate which case should proceed through discovery to trial. Mr. Marvin suggests that each side select three cases which will go through discovery preparations, after which the parties and the Court will decide which should be tried.

    The Court has tried six bellwether cases in this MDL. In the Court's experience, an appropriate way to select cases for trial is first to catalogue the cases and identify the major variables. Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2343 (2008). That has been done here. The next

1

step is to select a subset of those cases for accelerated pre-trial discovery, and then finally to select cases for trial.  *See id.* at 2346-65.  To select early bellwethers in the MDL, the Court directed the parties to select five cases each in which case-specific discovery was already complete, granted each side two veto strikes, and set the remaining cases for trial on an alternating basis.  *See In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 791 (E.D. La. 2007).  The Court will follow a similar procedure now.

     Mr. Benjamin's concern that Merck intends to inflict litigation costs by seeking to prepare multiple cases for trial are minimized under these circumstances; in this limited universe of cases, no pretrial work on any case will go to waste and will be used if it becomes necessary to try every pending case.  Preparing several cases, with variations in individual fact patterns, will also facilitate the development of strategies for handling the remaining cases as a whole.  Accordingly,

     IT IS ORDERED that the parties will each select three cases from Mr. Benjamin's inventory and proceed through pretrial discovery, after which the Court will confer with the parties to discuss a process for determining which of the cases from this group will be tried and in what order.

     New Orleans, Louisiana, this 9th day of December, 2011.

                                                       UNITED STATES DISTRICT JUDGE