UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | § | MDL DOCKET NO. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION "L" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE FALLON |
| | § | MAG. JUDGE KNOWLES |
| *All Government Actions* | § | |

### STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE FOR THE PURPOSE OF OPPOSING THE PSC'S ATTEMPT TO IMPOSE A COMMON BENEFIT OBLIGATION UPON THE GOVERNMENT PARTICIPANTS OF THE NAMFCU VIOXX SETTLEMENT

The State of Louisiana, through its Attorney General, James D. "Buddy" Caldwell, seeks to intervene in the above captioned matter for the purpose of opposing any attempt by the Vioxx MDL's Plaintiff Steering Committee (PSC) to claim an interest in any portion of monies due to Louisiana from the settlement of certain claims recently entered into between Louisiana and Merck regarding Merck's drug Vioxx.

**BACKGROUND**

Louisiana was previously a party to this MDL proceeding. By order of this court, dated June 30, 2010, Louisiana was dismissed from this proceeding with prejudice. Though Louisiana's claims against Merck in the Vioxx MDL were dismissed, Louisiana participated in a multi-state settlement with Merck regarding its drug Vioxx that was negotiated through the U.S. Attorney's Office in Boston, Massachusetts and the National Association of Medicaid Fraud Control Units (NAMFCU). The settlement resolved allegations that Merck promoted Vioxx for rheumatoid arthritis during a time period when it did not have a medically accepted indication for such use; that Merck caused Vioxx to be misbranded through certain statements by

1

representatives and promotional speakers that were inaccurate, misleading, and inconsistent with the approved labeling for the drug; and that Merck made false representations concerning the safety of Vioxx to state Medicaid agencies which relied to their detriment in making formulary and prior authorization decisions; and that as a result of this conduct, false claims for payment for Vioxx were submitted to the Medicaid program. These settlement negotiations occurred wholly separate and apart from the Vioxx MDL proceedings.

In March of 2011, the PSC filed a motion requesting that this court issue an order "requiring the contribution to a Common Benefit Fund of the equivalent of 6.5% of gross proceeds gained by participating Government Action Third Party Payors in the settlement program, including any case now pending or later filed, transferred to, or removed to, this Court, as well as unfiled or tolled cases and treated as part of these coordinated MDL proceedings, and cases later remanded to a state court or any cases on tolling agreements filed in any state court."

More recently, in November of 2011 the PSC filed a motion requesting that this court issue an order "holding in escrow 6.5% of the recoveries due to these [Florida, New York and South Carolina] states until the Court's consideration of the PSC's Motion for an Order Imposing Common Benefit Obligation upon the Recovery of Government Action participants." The PSC further requested that this Court "extend the escrow order to all government action in which there is a settlement with Merck and the government entity has not reached an agreement with the PSC for the payment [of] common benefit fees."

To the extent the PSC is attempting to claim an interest in the proceeds of the NAMFCU settlement from non-parties to this MDL proceeding, including Louisiana, the effect of such an order as the PSC is requesting would be to alienate and/or obligate monies properly belonging to the sovereign State of Louisiana in a matter in which Louisiana is not a party. As a result, it is

2

necessary that Louisiana intervene in this matter to properly protect its interest in the monies due to Louisiana from the NAMFCU settlement.

**LAW AND ARGUMENT**

Federal Rule of Civil Procedure 24(a) governs intervention as of right. It states in pertinent part:

> On timely motion, the court must permit anyone to intervene who:...(2) claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Requirements for intervention as of right are that (1) applicants must be timely, (2) must have an interest relating to property or transaction that is subject of the action, (3) applicant must be so situated that disposition of action may, as a practical matter, impair or impede its ability to protect its interests, and (4) the applicant's interest must be inadequately represented by existing parties to the suit. *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994).

As regards the four factors set out to determine whether a person may intervene as of right, Louisiana represents that each factor is met. First, Louisiana's motion is timely because the Court has not yet taken action on the PSC's original motion to assess common benefit fees, nor has the court even set a time schedule to brief the PSC's motion. Second, Louisiana has a direct interest relating to the property that is the subject of this action in that the property at issue are the proceeds due to Louisiana from the NAMFCU settlement. Third, absent intervention in this matter, Louisiana will be unable to protect its interest in those proceeds because no person currently a party to this litigation has the authority to represent Louisiana's interests. And fourth, Louisiana's legal rights and financial interests in this matter are not adequately represented by

3

the existing parties to the suit. Therefore, Louisiana should be allowed to intervene as of right in this matter.

**CONCLUSION**

Because Louisiana meets the four criteria for intervening as of right, Louisiana respectfully requests that this court grant leave for Louisiana to intervene in this matter for the purpose of opposing the PSC's attempts to impose a Common Benefit Fund obligation on the proceeds from the NAMFCU settlement.

Respectfully Submitted,

**JAMES D. "BUDDY" CALDWELL**
**Attorney General**

By: /s/Kathleen Petersen
Kathleen Petersen, La. Bar #20324
Assistant Attorney General
Louisiana Department of Justice
Medicaid Fraud Control Unit
1885 N. 3rd Street
Livingston Building, 2nd Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6210
Facsimile: (225) 326-6295

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2011, the foregoing Memorandum In Support of Motion for Leave to Intervene was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record via the CM/ECF System.

By: /s/Kathleen Petersen
Kathleen Petersen
Assistant Attorney General