# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | § | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | § § § | SECTION "L" |
| THIS DOCUMENT RELATES TO: | § § § | JUDGE FALLON MAG. JUDGE KNOWLES |
| *All Government Actions* | § | |

## STATE OF LOUISIANA'S [PROPOSED] OPPOSITION TO PSC'S EMERGENCY MOTION FOR ORDER ESTABLISHING ESCROW FUND FOR COMMON BENEFIT FEES

**NOW INTO COURT**, though undersigned counsel, comes the State of Louisiana (Louisiana), through Louisiana Attorney General James D. "Buddy" Caldwell, and files its opposition. In support of its opposition, Louisiana incorporates by reference the: (1) Submission of Declaration by New York, Florida, and South Carolina in Support of Their Opposition to Plaintiffs' Steering Committee's Motion to Denominate as an Emergency Motion for Order Establishing Escrow Fund, filed on November 23, 2011 [Rec. Doc. 63575]; (2) New York, Florida, and South Carolina's Emergency Motion to Expedite Disposition of Cross-Motion to Strike, filed on November 23, 2011 [Rec. Doc. 63576]; and (3) Merck Sharp & Dohme Corp.'s Opposition to Plaintiffs' Steering Committee's Emergency Motion for Order Establishing Escrow Fund for Common Benefit Fund, filed on November 21, 2011, and in further support shows the following:

The State of Louisiana, which is no longer a party to these MDL proceedings and has not received proper notice of the PSC's Emergency Motion, specifically joins in the arguments

1

asserted by these parties in opposition to the attempt to recover common benefit fees from the NAMFCU settlement negotiated without the assistance or involvement of the PSC, and in negotiations over claims wholly separate from those in this MDL proceeding. While the State of Louisiana did purchase the "trial package" promoted by the PSC, the PSC has not demonstrated (and could not demonstrate) that the trial package related or contributed in any way to the settlement of the claims at issue in the NAMFCU resolution. The PSC's motion, without legal or factual foundation, inappropriately asks this Court to reduce funds which will be recovered and are statutorily dedicated to other purposes.

Also, as Louisiana is no longer a party to these proceedings, such an order from this court as is being requested by the PSC would impinge upon the sovereignty of the State of Louisiana. Furthermore, the Medical Assistance Programs Integrity Law (La. R.S. 46:437.1 et seq) requires that the Medicaid program be made whole when entering into settlements, and La. R.S. 46:440.1 specifically dedicates funds received in Medicaid settlements in excess of actual damages to the Medical Assistance Programs Fraud Detection Fund. Louisiana law does not provide a mechanism by which private attorneys may be compensated from funds such as the funds at issue in this matter that have been dedicated to other purposes. As such, the State joins in the requests of New York, Florida, South Carolina and Merck to both strike and/or reject the PSC's emergency request.

Dated: December 13, 2011.

                Respectfully submitted,

                **JAMES D. "BUDDY" CALDWELL**
                **Attorney General**

By:   /s/Kathleen Petersen
       Kathleen Petersen LA Bar #: 20324
       Assistant Attorney General

Louisiana Department of Justice
Medicaid Fraud Control Unit
P.O. Box 9400
Baton Rouge, Louisiana 70804-9005
1885 N. 3rd Street
Livingston Building, 4th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6435
Facsimile: (225) 326-6498

## CERTIFICATE OF SERVICE

I hereby certify that that on December 13, 2011, the foregoing Louisiana's [Proposed] Opposition to PSC's Emergency Motion for Order Establishing Escrow Fund for Common Benefit Fees was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record via the CM/ECF System.

By: /s/Kathleen Petersen
Kathleen Petersen
Assistant Attorney General