UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document Relates to | * | JUDGE FALLON |
| Cases Listed on Exhibit A | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR IN THE ALTERNATIVE TO REMAND MERCK & CO., INC's MOTION FOR SUMMARY JUDGMENT IN VTE CASES

Two days before the last Status Conference, Defendant Merck & Co., Inc. submitted a 377 page Motion for Summary Judgment in VTE Cases, Rec. Doc. 63539 (hereafter "Merck's Motion").  Merck's fact driven Motion puts the cart far before the horse – Merck's Motion comes before any scheduling order has been established, before discovery is complete, before Plaintiffs' counsel has had deposed Merck's experts, and indeed, before Merck even *disclosed* the identity of those experts.  In order to succeed, Merck must establish multiple contested facts, starting with the assumption that each *Lone Pine* report accurately defined each Plaintiff's event of injury.  Merck then must establish that it had no knowledge that Vioxx could affect clotting mechanisms that cause or contribute to various venous thromboembolotic ("VTE") events and then that Vioxx did not in fact cause or contribute to those VTE events.

Moreover, Merck's Motion is inadequate on its face – it neglects the required choice-of-law analysis, fails to cite appropriate legal authority, and fails to analyze that authority as measured against the alleged "facts."  Because Merck's Motion comes before basic foundational proof is complete and because Merck fails to conduct the requisite legal analysis under applicable law, it is both premature and improper for Merck to submit its Motion for

consideration. Plaintiffs move the Court to strike Merck's Motion, or in the alternative, to remand Merck's Motion from the docket indefinitely until discovery is complete.

Plaintiffs do not, by this motion, respond to the merits of Merck's Motion. In the event that both of Plaintiffs' motions are overruled, Plaintiffs will request entry of a briefing schedule that allows for the appropriate discovery before summary resolution of adequately pled claims.

## MOTION TO STRIKE

Merck's Motion is in actuality a premature *Daubert* motion in advance of any *Daubert* hearing, and indeed in advance of any expert disclosures. The VTE cases are still open for discovery. Basic foundational discovery has not been completed against Merck, including in part, discovery from Merck with regard to the extent of its adverse event reports and other knowledge, through its FACTS database and otherwise, of the number and extent of VTE events in Vioxx users.

Moreover, the parties have yet to set deadlines for generic and case specific factual discovery, fact and expert discovery, expert reports, expert depositions, *Daubert* motions, and the like.

Merck's motion attaches *Lone Pine* reports for each VTE plaintiff and then argues the alleged inadequacies of those reports, as if that alone should entitle it to summary judgment. However, these reports were never meant to serve as expert reports *per se*, nor were they meant to establish causation. Rather, they were a procedural mechanism utilized by the Court, and, at least until now, recognized by Merck, as a method to snuff out non-viable cases. Merck's emphasis on and attempted rebuttal of a *Lone Pine* report as the functional equivalent of an expert report is baffling, since Merck's Motion attaches to its Motion documentation where the Court underscores the proper role of the *Lone Pine* reports . As stated by the Court in Merck's Exhibit B:

2

>To ask a claimant to submit a report that says they have a condition, and the condition is caused by Vioxx – I'm not asking for a *Daubert* report; I'm not asking for even a witness report; I'm not asking for someone to come forward and say, we're going to call this doctor as a witness. . . . I'm not looking for a report from somebody who the lawyer is going to call as a witness, I'm just trying to find out what a viable case is.  Hr'g Tr. (May 22, 2008) at 60 (*see* Merck's Motion, Ex. B) (emphasis added).

Where as here, a party moves for summary judgment when no scheduling order is in place and before discovery has been completed, the motion should be denied.  *See Friede & Goldman, Ltd. v. Gotaverken Arendal Consultants AB*, 2000 WL 690271 at *3 (E.D. La. May 30, 2000) (denying summary judgment motion as premature given the complex nature of the claims, that discovery was not complete, and stating that the parties may revisit the issue so long as the motion is filed in accordance with the Court's scheduling order); *Phongsavane v. Potter*, No. 05CA0219-XR, 2005 WL 1514091 at *5 (W.D. Tex. June 24, 2005) (denying summary judgment motion as premature, explaining that there was no scheduling order directing a timetable for discovery); *Milligan v. Chase Home Finance, LLC*, No. 1:08CV32-SA-JAD, 2009 WL 562165 at *1 (N.D. Miss. March 4, 2009) (denying motion for summary judgment as premature as the parties have not participated in discovery); *Salinas v. AT&T Corp.*, No: 4:07-CV-01952, 2008 WL 8053983 at *1 (S.D. Tex March 5, 2008) (finding that summary judgment motion was premature where five months remained until the agreed deadline to complete discovery).

Additionally, Merck's motion is inadequate on its face for failure to conduct even a rudimentary choice-of-law analysis. This Court has made clear in other cases how choice-of-law questions are to be resolved:

> As the Court is sitting in diversity, the threshold question of the choice of law is to be resolved by reference to the conflict-of-law rules of Louisiana. *See Houston N. Hosp. Prop. v. Telco Leasing, Inc.,* 680 F.2d 19, 21 (5th Cir.1982). Under those rules, if the injured person was not domiciled in Louisiana at the time of the alleged injury, the state whose law is applicable is determined by evaluating the "pertinent contacts" of the states whose policies might be implicated by the case. *See* La. Civ.Code art. 3542. Here, it is undisputed that Plaintiff's claims against Radiator arise out of the decedent's work as a mechanic in Alabama during the 1970s. It is also undisputed that at that time, the decedent was a resident of Alabama. The parties are correct in suggesting that Alabama law applies to Plaintiff's claims against Radiator.

*Wagoner v. Exxon Mobil Corp*., No. 09–7257, 2011 WL 3759499 (E.D. La. 2011) (Fallon J.).

The "pertinent contacts" of each Plaintiff must be evaluated, and the applicable law of that jurisdiction in terms of requisite epidemiologic proof and the like, must be determined before any summary judgment argument of this sort can be analyzed. "Pertinent contacts" include the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered. *See* LA. CIV. CODE ANN. art. 3542. The VTE cases Merck's attempts to eliminate involve Plaintiffs who resided in seven states at the time of their injuries – Kentucky, Massachusetts, South Carolina, Pennsylvania, Nebraska, New York and New Jersey. Merck *fails to make any argument whatsoever*, pursuant to LA. CIV. CODE ANN. art. 3542, as to which state's laws should control for each Plaintiff, but rather simplistically analyzes *all cases* as if *all* were subject to the *Texas* product liability requirements enunciated by the Texas Supreme Court in *Merck & Co. v. Garza*, 347 S.W.3d 256 (Tex. 2011). Note that *no* VTE plaintiff resided in Texas at the time of injury.

4

Where a party cites no authority or incorrect authority to support its contentions, a motion for summary judgment fails. *See Gregg v. Tractor Supply Co.*, No. 3:06-CV-0640-L., 2008 WL 898923 at * 4 (N.D. Tex. April 3, 2008) (holding that where defendant predicated its motion for summary judgment on incorrect legal precedent, the court cannot make the legal determination that no genuine issue of material fact exists and summary judgment is not warranted); *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002) (party who sought to overturn summary judgment failed to cite any legal authority); *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006) (finding waiver for failure to cite legal authority in a brief). Merck's Motion should be stricken.

## MOTION TO REMAND

For all the reasons stated above and in the alternative, Plaintiffs move the Court to remand Merck's Motion from the docket indefinitely with leave to re-file after the completion of fact and expert discovery.

For the foregoing reasons, the Court is respectfully requested, pursuant to F.R. Civ.P. 12(f), to enter the tendered Order.

Respectfully submitted,


/s/ Ann B. Oldfather
_____
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com
*Counsel for Certain Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion To Strike or In The Alternative To Remand Merck & Co., Inc.'s Motion for Summary Judgment in VTE Cases has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of December, 2011.

/s/ Ann B. Oldfather
_____
Ann B. Oldfather