UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This Document Relates to | * | |
| Cases Listed on Attached Exhibit A | * | |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

### MERCK & CO., INC.S' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR REMAND MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT IN VTE CASES

On November 2, 2011, Merck & Co., Inc. ("Merck") filed a motion for summary judgment in 28 cases in which the plaintiffs' injuries are pulmonary embolisms or deep vein thromboses, collectively referred to as venous thrombotic events or VTEs.  Doc. 63539-1 (Nov. 2, 2011).  The basis of Merck's motion is that, seven years after commencement of this MDL, there is no scientific evidence to support the claim that Vioxx can cause VTEs generally and, therefore, Merck is entitled to summary judgment in those 28 cases.

Without refuting any of the substantive arguments made in Merck's motion, eleven of the 28 Plaintiffs now move to strike the motion,[1] claiming that it is premature and legally deficient.

---

[1]  Plaintiffs also move in the alternative to "*remand* Merck's Motion from the docket indefinitely with leave to re-file after the completion of fact and expert discovery," Pls.' Mot. at 5 (emphasis added), but Merck is unclear what that means or how, in any event, that request differs from the motion to strike.  If Plaintiffs' motion to strike is granted on the basis that it is "premature," as Plaintiffs claim, then Merck would also have the ability to re-file at a time set by the Court, so both of Plaintiffs' "motions" have the same effect.  Discerning no difference between the two motions, Merck's arguments herein, while directed to the motion to strike, are also equally applicable to Plaintiffs' motion to remand.

Plaintiffs' arguments resisting this Court's consideration of Merck's summary judgment motion do not have merit, and the Court should enter a briefing schedule to allow prompt resolution of the motion.

## ARGUMENT

**I.     MERCK'S MOTION FOR SUMMARY JUDGMENT IN VTE CASES IS RIPE.**

Merck filed its motion for summary judgment in the VTE cases more than two-and-a-half years after the Court appointed a separate liaison counsel and Plaintiffs' Steering Committee ("PSC II") to coordinate cases involving injuries other than heart attack and stroke and more than two years after the Court directed the PSC II to develop the case for general causation for those cases. *See* PTO No. 42 (June 25, 2009).  There was thus no stay on discovery in these cases, but rather, the Court had specifically directed the PSC II, and its Lead Counsel to conduct discovery for the purpose of "marshaling issues regarding general causation."  PTO No. 46 (Aug. 20, 2009).  Nevertheless, Plaintiffs claim that Merck's motion for summary judgment is "premature."  Pls.' Mot. at 1.

First, Plaintiffs assert that, more than two years after the Court directed Lead Counsel to marshal the case for general causation, "[b]asic foundational discovery has not been completed against Merck."  *Id.* at 2.  Plaintiffs fail to recognize, however, that during the lengthy period of general discovery in this MDL, Merck produced millions of pages of documents and data over the course of several years, without limiting the discovery to any particular injury.  That is, Merck didn't simply produce documents relating to heart attacks or strokes but instead produced documents relating to clinical studies, adverse event reports, databases and other records, without regard to the nature of the injury.  Indeed, information relating to the discovery that Plaintiffs now claim they need has been sitting in the plaintiffs' depository for years, and Plaintiffs' counsel have had ample opportunity to review it.  Plaintiffs make no showing in support of their

2

motion to strike that they have even reviewed this available data, let alone attempted to make any use of it.

Second, Plaintiffs claim that Merck's motion is premature because the *Lone Pine* reports for each VTE Plaintiff "were never meant to serve as expert reports *per se*" and no other expert disclosures have yet been made. *Id.* Merck, however, specifically acknowledged in its summary judgment motion that "Plaintiffs are not limited to their *Lone Pine* expert reports for proof of causation" and that the reports did not have to withstand *Daubert* scrutiny. The point of Merck's motion, instead, was that the *Lone Pine* reports do not satisfy Plaintiffs' burden on general causation, and Merck submits that Plaintiffs cannot, as they have not, offered any other reliable expert testimony to provide the proof of general causation required under *Daubert*. *See* Merck Mot. at 16. Plaintiffs' motion to strike makes no assertions that they have any as-yet undisclosed general causation expert(s). Even now, while claiming that Merck's motion is "premature," Plaintiffs do not request that a discovery schedule be put in place so that experts can be named and deposed and these cases can move forward. Rather Plaintiffs seem content to let these cases languish on the docket. *See* Pls.' Mot. at 2 (requesting briefing schedule with "appropriate discovery" ***only*** if Plaintiffs' motion to strike is denied).

Third, Plaintiffs' suggestion that Merck's motion is not ripe because "case specific factual discovery" is not complete, *id.*, evidences a misunderstanding of the basis for Merck's motion. Merck has challenged whether Plaintiffs have evidence of ***general*** causation—"whether a substance is capable of causing a particular injury or condition in the general population"—as opposed to specific causation—"whether a substance caused a particular individual's injury." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)). Evidence of general causation will

be common to all Plaintiffs and will not depend on the details of each individual case.  Case-specific details about each Plaintiff, such as risk factors, family history, the severity of the injury, other medications the Plaintiff was taking, and the warnings a Plaintiff received are irrelevant to general causation, and the state of discovery with regard to those issues has no relevance to the ripeness of Merck's motion.

Finally, nothing in the Court's current orders governing these cases prevents Merck from filing a motion for summary judgment at this time, or renders it premature.  Federal Rule of Civil Procedure 56(b) allows a party to move for summary judgment "at any time," and there has certainly been adequate time for discovery.  The earliest of the cases that are the subject of Merck's motion was filed in 2003, with the bulk of the cases filed in 2005 and 2006.  Consequently, Plaintiffs have had years to conduct discovery regarding their claims, and they have been on notice since at least August 2009 that they should be marshaling their case for general causation.  *See* PTO No. 46.  They have now had ample time to do so.  Given this advanced stage of the litigation, Merck's motion is ripe, and the cases cited by Plaintiffs are inapplicable.  *See, e.g.*, *Milligan v. Chase Home Finance, LLC*, Civ. A. No. 1:08CV32-SA-JAD, 2009 WL 562165, at *1 (N.D. Miss. Mar. 4, 2009) (denying motion for summary judgment as premature where initial disclosures had not been served and no discovery had been completed at all); *Phongsavane v. Potter*, No. CIVASA05CA0219-XR, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005) (denying motion for summary judgment filed only three months after complaint was filed and before defendant had even filed an answer); *Friede & Goldman, Ltd. V. Gotaverken Arendal Consultants AB*, Nos. Civ. A. 99-1970, Civ. A. 00-0209, 2000 WL 690271, at *3 (E.D. La. May 30, 2000) (denying summary judgment motion that was filed just a few

months after commencement of the case and before the parties' agreed-upon year for conducting discovery was complete).

## II.     IT IS THE LAW IN EVERY STATE THAT A PLAINTIFF IN A PRODUCT LIABILITY SUIT MUST ESTABLISH THAT THE PRODUCT CAN CAUSE THE COMPLAINED-OF INJURY IN GENERAL.

Plaintiffs are also incorrect in asserting that Merck's motion for summary judgment is "inadequate on its face for failure to conduct even a rudimentary choice-of-law analysis." Pls.' Mot. at 4. Merck informed the Court that the 28 Plaintiffs that are the subject of its motion were residents of 14 different states, respectively, at the time of their alleged injuries. *See* Merck Mot. at 12 n.7; Ex. A to Merck Mot. Merck indicated that the law of each Plaintiff's home state will apply to his or her claims and cited cases from *each* of those 14 jurisdictions demonstrating that it is the law in each of those states that a plaintiff cannot satisfy his or her burden of proof unless he or she can present reliable, scientific evidence of general causation. *See* Merck Mot. at 12-14, 17-18 & nn. 8, 11. At no point in its motion did Merck argue that "*all*" the cases are "subject to the Texas product liability requirements enunciated by the Texas Supreme Court in *Merck & Co. v. Garza*, 347 S.W.3d 256 (Tex. 2011)." Pls.' Mot. at 4. Indeed, Merck did not cite *Garza* in the "Argument" section of its brief at all.[2] Plaintiffs' claim that Merck "cites no authority or incorrect authority to support its contentions" is thus puzzling and flat wrong. *Id.* at 5.

Because of the universal applicability of the requirement to establish general causation— which Plaintiffs' motion does not dispute—Plaintiffs' argument that the Court must "evaluate[]" the "pertinent contacts" of each Plaintiff with Louisiana versus the state of residence at the time

---

[2]   Merck cited *Garza* for certain basic legal propositions in the "Factual Background" section of its motion. *See* Merck Mot. at 7, 9, 10 n.5. *Garza* is persuasive authority because it addresses similar issues in the context of this very litigation.

5

of the alleged injury is a red herring. Pls.' Mot. at 4. The very case cited by Plaintiffs demonstrates that, as Merck indicated in its motion, the law of each Plaintiff's state of residence at the time of the alleged injury is likely to be the law that applies, and so the choice-of-law analysis is straightforward and uncomplicated. *Id.* (citing *Wagoner v. Exxon Mobil Corp.*, --F. Supp. 2d--, No. 09-7257, 2011 WL 3759499, at *8 (E.D. La. Aug. 24, 2011) ("Here, it is undisputed that Plaintiff's claims against Radiator arise out of the decedent's work as a mechanic in Alabama during the 1970s. It is also undisputed that at that time, the decedent was a resident of Alabama. The parties are correct in suggesting that Alabama law applies to Plaintiff's claims against Radiator.")).

Merck has, therefore, provided the Court with the law from the relevant jurisdictions that will govern Merck's motion, and because there are no significant differences between the law of any of those states with respect to Plaintiffs' burden to establish general causation, Plaintiffs cannot rely on choice-of-law issues as a reason to strike or delay resolution on Merck's motion.

### III.    IT IS PLAINTIFFS' BURDEN TO ESTABLISH GENERAL CAUSATION AND NOT THE OTHER WAY AROUND.

Plaintiffs' motion also evidences a misunderstanding of the parties' respective burdens of proof. It is Plaintiffs' burden to establish "that Vioxx did . . . in fact cause or contribute to" Plaintiffs' VTEs, not Merck's burden to establish the absence of causation. Pls.' Mot. at 1 (claiming that "Merck must establish multiple contested facts," including the absence of causation). Plaintiffs also misunderstand the parties' burden on summary judgment. It was the Plaintiffs who submitted *Lone Pine* reports in these cases identifying each Plaintiff's injury as a VTE. Merck moved for summary judgment on the basis that there is no proof of general causation between Vioxx and VTEs and therefore these 28 Plaintiffs' claims fail as a matter of law. If Plaintiffs have evidence that the *Lone Pine* reports do not "accurately define[] each

6

Plaintiff's event of injury," Pls.' Mot. at 1, it is their burden—not Merck's—to bring that evidence forward and demonstrate to the Court that there is a genuine dispute of fact about whether Plaintiffs suffered VTEs or some other injury.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (The moving party must "'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." (emphasis omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  And, if Plaintiffs cannot meet their burden on an essential element of their case, such as causation, then Merck has no duty to address its defenses, such as the adequacy of the warnings regarding Vioxx and VTEs.  *See* Pls.' Mot. at 1 (claiming that Merck "must establish that it had no knowledge that Vioxx could affect clotting mechanisms that cause or contribute to [VTEs]").

### IV.     MERCK RESPECTFULLY ASKS THIS COURT TO ESTABLISH A BRIEFING SCHEDULE ON ITS MOTION FOR SUMMARY JUDGMENT.

Given that the Plaintiffs have had more than two and one-half years to develop a case for general causation, Merck respectfully asks that the Court require Plaintiffs to respond to its Summary Judgment Motion by April 1, 2012, three months from now.  If Plaintiffs, at that time, cannot produce a well-founded report from a qualified expert, Merck asks that the Court enter an Order granting its Motion.  If Plaintiffs do produce an expert report, Merck asks that the Court set a period of sixty days for expert discovery.  At the end of expert discovery, Merck proposes a schedule along the following lines:

Daubert Motion(s) Due: 30 days following the end of expert discovery

Opposition(s) to Daubert Motion(s): 30 days following the Motion(s)

Replies: 15 days following Opposition(s)

Daubert Hearing: Date to be set by the Court

As Merck made clear in its motion, whether Plaintiffs can establish a scientifically-valid causal link between Vioxx and VTEs is a threshold, dispositive issue that is common to all VTE claims.  *See* Merck Mot. at 3-4.  The time for Plaintiffs to come forth with their evidence is now, and if they do not have it, as demonstrated in Merck's motion, summary judgment should be entered for Merck.  *See id.* at 4 (citing *Little*, 37 F.3d at 1076 ("If, after adequate time for discovery, a party cannot produce proof that it has facts to support its case, then the case should be resolved at that point, and this is true irrespective of the type of case.")).  Accordingly, Merck respectfully asks the Court to set a briefing schedule, along the lines proposed above, that provides for prompt resolution of the motion.

## CONCLUSION

Plaintiffs offer no valid reasons why Merck's Motion for Summary Judgment in VTE Cases should be stricken at this time.  Merck's motion is ripe, and Merck has provided the Court with the factual and legal analysis that it needs to decide the motion.  For these reasons, Plaintiffs' motion to strike or remand should be denied, and the Court should enter a briefing schedule to ensure prompt resolution of Merck's Motion for Summary Judgment in VTE Cases.

Dated:  December 30, 2011

Respectfully submitted,

 */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

8

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiffs' Motion To Strike or Remand Merck & Co., Inc.'s Motion for Summary Judgment in VTE Cases has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of December, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel