UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

JOINT REPORT NO. 68 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 68.

I.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master.  At the status conference on January 5, 2012, Mr. Juneau will report on his work.

II.   CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in

---

[1]   Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will be prepared to discuss this situation at the status conference on January 5, 2012.

1

Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

### III. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the status conference on January 5, 2012.

### IV. *PRO SE* CLAIMANTS

By Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450, New Orleans, Louisiana 70130, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the status conference on January 5, 2012.

### V. GOVERNMENT ACTIONS

#### A. Louisiana Attorney General Action

On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs. A Notice of Appeal was filed by plaintiffs on July 28, 2010. At Louisiana's request, briefing on that appeal has been stayed several times. However, in response to the last request, the Fifth Circuit dismissed the appeal, noting that it could be reinstated upon

2

request. The parties will be prepared to discuss these issues further at the status conference on January 5, 2012.

### B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. On June 29, 2010, the Court entered Pre-Trial Order No. 39A, which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.

The Oklahoma Attorney General filed an amended complaint in late November, 2010, and Merck moved to dismiss that complaint on December 3, 2010. Briefing on that motion has not been completed.

On November 22, 2010, the Court stayed discovery in the Government Actions in order to explore global resolution of the AG cases. On December 7, 2010, the Court met with the Special Master, the parties, and a representative from the Department of Justice to discuss parameters of a possible global resolution. Thereafter, the Special Master met with Merck's counsel and with counsel for each Government Action plaintiff.

1080335v1

During the stay, the parties have engaged in an information exchange of discovery related to resolution issues under the supervision of Special Master Juneau. Special Master Juneau continues to be in contact with all the parties, as well as representatives from the Department of Justice and the National Association of Medicaid Fraud Control Units. On July 15, 2011, the Special Master convened representatives of Merck and the governmental agencies (the vast majority of whom attended in person) for a two (2) day mediation in New Orleans.

On August 8, 2011, the Commonwealth of Kentucky filed a motion to remand. [Rec. Doc. 63194]. Merck filed its opposition to the motion on August 22, 2011 [Rec. Doc. 63309], and plaintiff filed a reply on August 29, 2011 [Rec. Doc. 63309]. The Court heard oral argument on August 31, 2011 and has taken the matter under submission.

On September 1, 2011, Judge Fallon held a telephone conference with counsel for Merck and counsel for Santa Clara County. Following the conference, the Court issued a Minute Entry [Rec. Doc. 63335] regarding the conference. On September 26, 2011, Merck filed a Motion for Judgment on the Pleadings [Rec. 63425]; Santa Clara filed its opposition on November 7, 2011 [Rec. Doc. 63552]; and Merck filed its reply on November 18, 2011 [Rec. Doc. 63584] The motion will be heard on January 18, 2012 at 9:00 a.m.

The Court held a telephonic status conference on October 12, 2011 to identify the states that would be continuing to litigate and to discuss how to proceed in those cases. The Court requested that Liaison Counsel for the AGs meet with Merck to formulate a new scheduling order for those AG cases remaining in the MDL. [Rec. Doc. 63478]. The parties have been conferring on that issue.

At the last general governmental entities status conference on November 4, 2011, the Court outlined the procedure the parties must undertake before remands may be heard, including the procedure the Court will follow in reporting to the JPML on remands. Each governmental entity must meet and confer with Merck to determine what discovery is still outstanding and to suggest what discovery should be done in this Court and what may be done post remand. Since that date, almost every governmental entity has had a meet and confer with Merck. The parties will be prepared to address this issue at the status conference on January 5, 2012.

On November 10, 2011, the PSC filed an Emergency Motion for Order Establishing Escrow Fund for Common Benefit Fees in the Government Action cases. [Rec. Doc. 63560]. Numerous responses and oppositions were filed to the motion. [Rec. Docs. 63571, 63572, 63573, 63574, 63575, 63576, 63579, and 63597]. The PSC filed a reply memorandum. [Rec. Doc. 63586]. The motion was taken under advisement on November 30, 2011. [Rec. Doc. 63580].

On December 12, 2011 the Court held a telephonic conference with the District of Columbia, Merck and an Assistant Attorney General for the District of Columbia to discuss the status of the District of Columbia's consumer class claim brought on behalf of a taxpayer and the effect of the DOJ settlement on that claim.

The parties will be prepared to discuss these issues further at the status conference on January 5, 2012.

VI.     THIRD PARTY PAYORS

On August 17, 2011, the Court issued Pre-Trial Order No. 57 [Rec. Doc. 63267], which establishes procedures and deadlines for private third party payor common benefit fees. Numerous applicants have submitted submissions pursuant to Section III of the Order and the Fee Allocation Committee is in the process of reviewing and considering such applications. Furthermore, the Fee Allocation Committee requested additional information which was recently received from various applicants and which shall also be considered by the Fee Allocation Committee. The Court has extended the October 10, 2011 and October 20, 2011 deadlines set forth in Section IV of the Order. On November 17, 2011, the Fee Allocation Committee filed its recommendation pursuant to Pre-Trial Order No. 57.  [Rec. Doc. 63555].  The recommendation was supplemented on November 28, 2011.  [Rec. Doc. 63582].  The Fee Allocation Committee will be prepared to discuss the matter further at the status conference on January 5, 2012.

VII.    PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

A.      General Matters Relating to Remaining Personal Injury Cases

Liaison Counsel has substantially completed a census of the remaining personal injury cases and the parties will be prepared to discuss the census and plans for the remaining personal injury cases at the status conference on January 5, 2012.

On November 10, 2011, the Court held a conference with counsel for Merck and Ronald Benjamin who represents a significant number of the remaining personal injury claimants in order to discuss how and where Mr. Benjamin's cases should be tried.  Following submissions by the parties, the Court entered an Order establishing the procedure for selection of cases and pretrial discovery.  [Rec. Doc. 63596].

B.  Matters Noticed for Hearing on January 5, 2012

On April 21, 2010, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply with the *Lone Pine* Requirements of PTO 43 [Rec. Doc. 40199].  The motion was deferred as to plaintiffs Kenneth Novick and Richard Garcia until the Court ruled on pending motions to withdraw.  It is noticed for hearing following the monthly status conference.  As to plaintiff Kenneth Novick, new counsel has enrolled and has filed a Notice of Compliance arguing that the Mr. Novick is in compliance [Rec. Doc. 63570]. Merck intends to withdraw the motion without prejudice and file a Rule 56 motion as to plaintiff Kenneth Novick.  The motion will proceed as scheduled as to plaintiff Richard Garcia.

On November 2, 2011, Merck filed a Motion for Summary Judgment in VTE Cases [Rec. Doc. 63539].  The motion is noticed for submission on January 18, 2012.  In response, certain plaintiffs filed a Motion to Strike and Alternative Motion to Remand Motion for Summary Judgment [Rec. Doc. 63603].  Merck filed its opposition on December 30, 2011 [Rec. Doc. 63609].  The motion to strike is noticed for submission on January 5, 2012.  The parties will be prepared to discuss these motions further at the status conference on January 5, 2012.

On November 29, 2011, the PSC filed a Motion to Amend Pre-Trial Order No. 19 to address the common benefit fee and cost assessment for the subset of cases that are both subject to Pre-Trial Order 29 and allege a heart attack or stroke injury.  [Rec. Doc. 63585].  An opposition was filed by Ms. Oldfather, Liaison Counsel for certain cases [Rec. Doc. 63592]; Merck also filed a response to the motion [Rec. Doc. 63587].  The motion is scheduled for hearing immediately following the monthly status conference on January 5, 2012.

7

1080335v1

A dispute has arisen between the parties about a deposition in the *Slembarski* case which the parties would like to bring to the attention of the Court and will be prepared to discuss at the January 5, 2012 status conference.

VIII.    OTHER PENDING MOTIONS

Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck [Rec. Doc. 63105] remains pending as to one plaintiff, Louise Young, No. 08-0882. It is noticed for hearing immediately following the monthly status conference.

Merck's Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint [Rec. Doc.19681] in the *Gene Weeks* case was filed on June 22, 2009. The motion is fully briefed, including a recently filed Notice of Supplemental Authority [Rec. Doc.63320], was submitted for decision in July 2009, and remains pending.

On March 23, 2011, Merck filed a Motion for Judgment on the Pleadings Under Rule 12(c) in the Ronald Quackenbush matter [Rec. Doc. 62720]. The motion has been fully briefed, was submitted to the Court on April 13, 2011, and remains pending.

On May 31, 2011, Plaintiff, Emmanuel Iwobi, filed a Motion for Reconsideration [Rec. Doc. 63006]. Merck filed a response on June 21, 2011 [Rec. Doc. 63078] and the Plaintiff filed a reply on June 29, 2011 [Rec. Doc. 63095]. The motion was taken under advisement following the November 4, 2011 status conference.

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec.

Doc. 63389]. The matter was heard by the Court on September 21, 2011 and taken under submission.

On September 16, 2011, Merck filed a Motion for Summary Judgment as to plaintiff Rebecca Moore [Rec. Doc. 63405]. The motion has been fully briefed, was submitted to the Court on October 26, 2011, and remains pending.

Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] was discussed by Ms. Oldfather, Mr. Davis and Mr. Marvin at the September 21, 2011 status conference and an agreement was made for production of information that may satisfy the request. Ms. Oldfather's attempts to receive the promised information since then have been partially successful. The parties will be prepared to discuss the matter further at the status conference on January 5, 2012.

### IX. APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals, Fifth Circuit. The parties will be prepared to discuss these matters further at the status conference on January 5, 2012.

### X. NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis                                    /s/ Dorothy H. Wimberly
Russ M. Herman (Bar No. 6819)                Phillip A. Wittmann (Bar No. 13625)
Leonard A. Davis (Bar No. 14190)              Dorothy H. Wimberly (Bar No. 18509)

1080335v1

| | |
|---|---|
| *Herman, Herman, Katz & Cotlar, LLP* | *Stone Pigman Walther Wittmann L.L.C.* |
| 820 O'Keefe Avenue | 546 Carondelet Street |
| New Orleans, LA  70113 | New Orleans, LA  70130-3588 |
| PH:  (504) 581-4892 | PH:    (504) 581-3200 |
| FAX:  (504) 561-6024 | FAX:  (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, KY  40208
PH:    (502) 637-7200
FAX:  (502) 637-3999
**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

1080335v1

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 68 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of January, 2012.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1080335v1