UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | :    MDL NO. 1657<br>:<br>:    SECTION: L<br>:<br>:    JUDGE FALLON<br>:    MAG. JUDGE KNOWLES |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO:**     **CERTAIN PENDING PERSONAL INJURY ACTIONS**

**ORDER**

      On November 2, 2011, Merck filed a motion for summary judgment on the claims of twenty-eight Vioxx personal injury Plaintiffs. (Rec. Doc. 63539). Merck argues that these plaintiffs, who allege injuries of pulmonary embolism and/or deep vein thrombosis, collectively referred to as venous thrombotic events (VTEs), will not be able to produce scientific evidence of general causation that Vioxx can cause those categories of injuries. Merck argues that no general causation evidence has been generated in the several years that these cases have been pending after the Master Settlement Program, and summary judgment is now appropriate. The motion is noticed for January 18, 2012.

      On December 16, 2011, Liaison Counsel for certain cases, Ann Oldfather, filed a motion on behalf of twelve of those twenty-eight plaintiffs to strike or remand Merck's motion for summary judgment. (Rec. Doc. 63603). Ms. Oldfather argues that Merck's motion is insufficient on its face as well as premature because it "comes before basic foundational discovery is complete" such as case-specific discovery, expert report disclosure, expert depositions, and *Daubert* motions. Ms. Oldfather requests that the Court strike Merck's motion, hold it in abeyance, or set a discovery and briefing schedule that will fully develop the issues

1

raised in the motion. The Court heard oral argument on the motion to strike at the Monthly Status Conference on January 5, 2012.

The Vioxx personal injury litigation has been pending in this MDL for over six years, and was pending in state courts for several years before that. Substantial discovery has been accomplished in that time. In 2009, the Court directed that Ms. Oldfather's efforts as liaison counsel for certain personal injury cases "should primarily be focused on investigating and marshaling issues regarding general causation." (PTO 43 at 3). Although some additional time may be warranted before requiring any plaintiff to respond to Merck's motion or to produce an expert report regarding general causation in VTE cases, it is appropriate to set a hard deadline so that these cases do not languish. Accordingly,

IT IS ORDERED that the motion to strike (Rec. Doc. 63603) is DENIED and submission of Merck's motion for summary judgment in VTE cases (Rec. Doc. 63539) is CONTINUED as follows: any expert reports on general causation in VTE cases that any party intends to submit in opposition to Merck's motion for summary judgment shall be produced on or before May 7, 2012. If any reports are produced, the Court will set a schedule for relevant discovery and expert depositions, set a briefing schedule for *Daubert* motions, and reset Merck's motion for summary judgment for submission or argument.

New Orleans, Louisiana, this 5th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE