UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>　　Products Liability Litigation<br><br>This Document Relates to:<br><br>DISTRICT OF COLUMBIA, *ex rel*<br>　　KENNETH  WALKER,<br><br>　　　　　　　　　Plaintiff,<br><br>　versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>　　　　　　　　　Defendant.<br><br>Case No. 2:08-cv-4148 | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 54(b) CERTIFICATION

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully requests that the Court enter an order granting it final judgment with respect to plaintiff's claim under the D.C. False Claims Act, D.C. Code § 2-308.14 et seq. ("FCA"), which was previously dismissed with prejudice.

As set forth more fully below, certification under Rule 54(b) is proper because:  (1) dismissal of the FCA claim was a final determination of a substantive claim on the merits; and (2) there is no just reason for delaying the entry of final judgment.

### BACKGROUND

This Court dismissed plaintiff's FCA claim for lack of standing on March 28, 2011.  (*See* Order Dismissing FCA Claim ("Order"), Mar. 28, 2011 (attached as Ex. 1).)  While the Order is

1080979v1

final as to plaintiff's claim under the FCA, however, the claim for violation of the D.C. Consumer Protection Procedures Act ("CPPA") still remains. As such, plaintiff cannot appeal the order unless the Court grants defendant final judgment pursuant to Federal Rule of Civil Procedure 54(b).

In recent correspondence with the Court, plaintiff raised the potential appeal of the March 28 Order as a basis for expressing concern about the District of Columbia's potential settlement of certain claims with Merck. (*See* Letter to Court from H. Vincent McKnight, Jr., Dec. 6, 2011 (attached as Ex. 2).) As long as plaintiff's right to an appeal remains an open issue, Merck is concerned that plaintiff will continue to assert that his FCA claim has some sort of validity notwithstanding its dismissal. Accordingly, Merck requests that the Court enter judgment under Rule 54(b) so that plaintiff can appeal the judgment now if he is so inclined.

## ARGUMENT

Rule 54(b) permits a district court to enter final judgment as to any claim or any party if: (1) the judgment is effectively final; and (2) there is no just reason to delay an appeal. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *Stein v. N. Assurance Co.*, No. 09-CV-1029(TCP)(AKT), 2011 U.S. Dist. LEXIS 50551, at *6 (E.D.N.Y. May 9, 2011).[1] The first prong of the analysis requires the district court to determine whether there is a final judgment "in the sense that it is a decision upon a cognizable claim for relief," and whether it is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple

---

[1] Courts have recognized that Rule 54(b) relief can be granted at the request of the prevailing party. *See, e.g.*, *Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160, 2008 U.S. Dist. LEXIS 50919, at *47-48 (S.D. Tex. July 2, 2008) (granting prevailing defendant's motion for Rule 54(b) certification with respect to favorable arbitration award that plaintiff previously moved to vacate); *Lombard v. Econ. Dev. Admin.*, No. 94 Civ. 1050 (BSJ), 1998 U.S. Dist. LEXIS 7822, at *8 (S.D.N.Y. May 27, 1998) (granting prevailing defendants' motion for entry of final judgment under Rule 54(b)); *Olin Corp. v. Ins. Co. of N. Am.*, 771 F. Supp. 76, 80 (S.D.N.Y. 1991) (granting defendants' Rule 54(b) motion with respect to previously dismissed claims).

2

claims action.'" *Offshore Marine, Inc. v. Associated Gas & Oil Co.*, No. 11-775, 2011 U.S. Dist. LEXIS 109553, at *8 (W.D. La. Sept. 22, 2011) (quoting *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)) (internal quotation marks omitted). "Upon determining finality, the district court must then determine 'whether there is any just reason for delay.'" *Stein*, 2011 U.S. Dist. LEXIS 50551, at *7 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). In resolving this second question, the court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *See Road Sprinkler Filters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (internal quotation marks and citation omitted). As set forth below, both requirements are satisfied here.

I.   **THE FCA CLAIM HAS BEEN FINALLY ADJUDICATED.**

"Finality 'depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Stein*, 2011 U.S. Dist. LEXIS 50551, at *6-7 (internal quotation marks and citation omitted); *accord Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc.*, No. 09-3220 RSWL (MANx), 2011 U.S. Dist. LEXIS 54100, at *10-11 (C.D. Cal. May 9, 2011) (granting 54(b) judgment with respect to claim disposed of through partial summary judgment). In other words, the district court must have "dispose[d] fully 'of at least a single substantive claim.'" *In re Pac. Gas & Electric Co.*, No. C-02-1550 VRW, 2002 U.S. Dist. LEXIS 12679, at *10 (N.D. Cal. June 24, 2002) (quoting *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)). Here, the March 28 Order dismissed plaintiff's FCA claim on the ground that plaintiff lacks standing "to assert a *qui tam* claim on behalf of the District of Columbia." (Order at 11.) The claim has therefore been adjudicated on the merits, and the only remaining task for the Court is the execution of the judgment in defendant's favor. Accordingly, the first requirement of Rule 54(b) certification is easily satisfied.

## II.  THERE IS NO JUST REASON FOR DELAYING THE ENTRY OF FINAL JUDGMENT WITH RESPECT TO PLAINTIFF'S FCA CLAIM.

Nor is there any just reason for delaying the entry of final judgment as to plaintiff's FCA claim.

The second requirement under Rule 54(b) centers on equitable considerations, including the needs of the parties and the danger of denying justice, as well as the inconvenience and costs of piecemeal review.  *See, e.g.*, *Road Sprinkler*, 967 F.2d at 148; *Offshore Marine*, 2011 U.S. Dist. LEXIS 109553, at *10.  The following factors are generally considered as part of this inquiry:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in [a] set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Access Mediquip L.L.C. v. UnitedHealth Grp. Inc.*, No. H-09-2965, 2010 U.S. Dist. LEXIS 123107, at *9-10 (S.D. Tex. Nov. 19, 2010) (granting certification under Rule 54(b)) (internal quotation marks and citation omitted).  As set forth below, each of these factors favors Rule 54(b) certification here.

*First*, plaintiff's FCA claim is entirely separate from the remaining consumer-protection claim because "[t]he issues presented [by the claims] are both legally and factually distinct." *El Paso Prod. Gom, Inc. v. Smith*, No. 04-2121c/w04-2949 et al., 2009 U.S. Dist. LEXIS 60005, at *9 (E.D. La. June 29, 2009) (granting final judgment under Rule 54(b)).  After all, the gravamen of plaintiff's FCA claim is that Merck allegedly "caused [] physicians and Pharmacy Benefit Managers to generate false records and statements to get prescription claims for Vioxx paid for by the District of Columbia Medicaid program." (Compl. ¶ 48.)  By contrast, the crux of

4

plaintiff's consumer-protection claim is that Merck "intentionally misrepresent[ed] the risks associated with the use of Vioxx" in violation of the CPPA.  (*Id.* ¶ 52.)  Moreover, courts have found that Rule 54(b) certification is particularly appropriate in cases where – as here – a claim has been dismissed for a collateral reason – such as lack of jurisdiction (or in this case, standing) – that does not overlap with the remaining claim(s).  *See, e.g.*, *Wicker v. First Fin. of La. Sav. & Loan Ass'n*, 673 F. Supp. 167, 169-70 (M.D. La. 1987) (entering final judgment pursuant to Rule 54(b) upon finding lack of subject-matter jurisdiction); *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 661 (4th Cir. 1988) (Rule 54(b) certification proper where claim was dismissed for lack of jurisdiction); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (reasoning that jurisdictional issues are particularly appropriate for Rule 54(b) treatment because they are easily severable from merits of lawsuit).  Thus, the first factor weighs in favor of granting Merck's motion.

   *Second*, there is no possibility that the need for appellate review will be mooted by future developments before this Court.  After all, the issue on appeal is whether plaintiff has standing to assert a *qui tam* claim under the FCA on behalf of the District of Columbia.  (*See* Order at 7-8.)  This standing issue derives from the FCA's public-disclosure provision, which bars *qui tam* claimants from suing on behalf of the District of Columbia where the "underlying allegations or transactions have been disclosed by the news media, unless the person is the original source."  (Order at 4 (citing D.C. Code § 2-308.15(c)(2)).)  The CPPA has no similar requirement.  *See* D.C. Code § 28-3905(k)(1) ("A person, whether acting for the interests of itself, its members, or the general public, may bring an action . . . .").  Because plaintiff's consumer-protection claim does not present this threshold jurisdictional issue – and given the distinct nature of the two claims – subsequent developments regarding the consumer-protection claim cannot moot

appellate review of the Court's FCA ruling.  *See, e.g.*, *Haliburton Energy Servs.*, 2008 U.S. Dist. LEXIS 50919, at *26-27 ("The issues on appeal are unlikely to be mooted by this court's decision on the remaining [disparate] claims."); *Whitmer v. John Hancock Mut. Life Ins. Co.*, No. 91 C 3067, 1994 U.S. Dist. LEXIS 446, at *3 (N.D. Ill. Jan. 20, 1994) (granting motion for judgment where "the district court's resolution of the remaining [distinct] claim [would not] moot any appeal of the adjudicated claims").  For this reason too, the motion should be granted.

*Third*, there is no possibility that a reviewing court would be obliged to consider the same issue a second time.  As noted above, the standing issue implicated by plaintiff's FCA claim is unique to that claim.  *See* D.C. Code § 2-308.15(c)(2).  Accordingly, the question whether plaintiff has standing to sue under the FCA on behalf of the District of Columbia will require one – and only one – review.  *Adm'rs of Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-5096 SECTION: R(1), 2010 U.S. Dist. LEXIS 13993, at *4 (E.D. La. Feb. 1, 2010) (Vance, J.) ("The Court's order dismissing Ipsen and Ipsen Pharma for lack of personal jurisdiction does not overlap with the substantive liability issues that remain to be litigated against Biomeasure, and thus there is little risk that the appellate court would be called to decide the same issues more than once."); *El Paso Prod.*, 2009 U.S. Dist. LEXIS 60005, at *10 (given the distinctive nature of the claims, "entry of final judgment pursuant to Rule 54(b) does not present a significant risk of duplicative appellate review").

*Fourth*, the remaining claim against Merck cannot result in a set-off against the judgment on the dismissed claim.  This factor is generally reserved for cases – unlike plaintiff's – involving a counterclaim yet to be adjudicated.  In such cases, "the possibility of a set-off if defendant recovers on a counterclaim may indicate that an immediate appeal should not be allowed presumably because of the undesirability of awarding an amount that may be reduced by

6

a subsequent judgment on a defendant's counterclaim." *Botman Int'l, B.V. v. Int'l Produce Imps., Inc.*, No. 99-5088, 2005 U.S. Dist. LEXIS 12863, at *10 (E.D. Pa. June 29, 2005) (entering partial final judgment pursuant to Rule 54(b)).

*Fifth*, "economic and solvency considerations," *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993), as well as delay, also favor granting Merck final judgment with respect to plaintiff's FCA claim, *Curtiss-Wright Corp.*, 446 U.S. at 11-12; *Darr v. Muratore*, 8 F.3d 854, 863 (1st Cir. 1993) (district court did not err in granting Rule 54(b) relief, given the economic harm that could result from postponing appeal until unrelated issues were resolved); *Offshore Marine*, 2011 U.S. Dist. LEXIS 109553, at *10-11 ("'factors such as delay, economic and solvency considerations' may justify entry of judgment") (citation omitted); *Whitmer*, 1994 U.S. Dist. LEXIS 446, at *4-5 (granting Rule 54 certification, emphasizing that "Defendants have expended much time, effort and fees in defending the claims raised in plaintiffs' [] lawsuit").  Particularly in light of its recent Medicaid settlements, Merck is entitled to finality on plaintiff's FCA claim as well.

\*   \*   \*

In sum, a balance of the equities in this case can result in only one conclusion: there is no just reason for delaying the entry of final judgment with respect to plaintiff's FCA claim. Accordingly, the dismissal of that claim is ripe for immediate appeal.

## CONCLUSION

For the foregoing reasons, the Court should grant Merck final judgment with respect to plaintiff's FCA claim pursuant to Federal Rule of Civil Procedure 54(b).

1080979v1

Dated:	Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.