H. VINCENT MCKNIGHT (DC, MD)       MCKNIGHT& KENNEDY,LLC     ALTOMEASE R. KENNEDY (DC, MD)

8601 GEORGIA AVENUE, SUITE 1010
SILVER SPRING, MARYLAND 20910
301-565-5281 VOICE • 301-565-5285 FAX
WWW.MCKNIGHTANDKENNEDY.COM

December 6, 2011

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, Louisiana 70130

Re: District of Columbia ex. rel. Kenneth Walker v. Merck, MDL No. 1657

Dear Judge Fallon:

By this letter, Kenneth Walker, seeks a status conference with the court concerning the scope and nature of the settlement discussions in progress between the District of Columbia and Merck. It is our contention that these discussions are related to the matter of Kenneth Walker vs. Merck, currently pending before the court.

Kenneth Walker instituted the above referenced claim in the D.C. Superior Court under the DC False Claims Act and the DC Consumer Procedure Protection Act on August 4, 2005, after providing the Attorney General of the District of Columbia with written notice of the action. The matter remained under seal while the District of Columbia investigated and it eventually declined to intervene on September 27, 2007. Merck was served with an amended complaint on June 16, 2008, and immediately filed a motion to remove the matter to federal court. The case was then transferred to the MDL.

On March 28, 2011 Judge Fallon issued a 12 page decision, dismissing the DC False Claims Act portion of the case, but the claim under the DC Consumer Protection Procedures Act is still pending. The DC Consumer Protection Procedures Act (D.C. Code Section 28-3904(e) and (f) )makes it illegal to engage in unlawful trade practices, including deceptive marketing practices. Pursuant to D.C. Code Section 28-3904(e), it is an unlawful trade practice for a merchant to "misrepresent as to a material fact which has a tendency to mislead." Pursuant to D.C. Code Section 28-3904(f), it is an unlawful business practice for a merchant to "fail to state a material fact if such failure tends to mislead."

- As a result of Defendant Merck & Company's unfair trade practices, consumers of the District of Columbia are entitled to treble damages (3 times the total value of sales of Vioxx in the District of Columbia) or $1,500.00 for each sale, whichever is greater, plus attorneys fees and punitive damages.

1

- As a result of Defendant Merck & Company's unfair trade practices, the court may enter judgment against Defendant Merck & Company for compensatory damages, punitive damages, and attorney's fees as permitted under D.C. Code Section 28-3905(k)(l).

- In considering whether to award punitive damages under this statute, the court should consider "the amount of actual damages awarded, the frequency, persistency, and degree of intention of the merchant's unlawful trade practice, and the number of consumers adversely affected." *See, Rowan Heating-Air Conditioning*, 580 A.2d 583 (DC 1990).

There are some special features to the DC Consumer Protection Procedures Act

- It permits recovery on behalf of all the citizens of DC who were injured by a deceptive practice.
- Pursuant to DC Code Section 28-3903 (c) (3), "damages for personal injury of a tortuous nature" are not allowed.
- Damages recoverable under this statute are "cumulative and in addition to other remedies or penalties provided by law." DC Code Section 28-3905 (k)(2).
- "Injury" has been defined as suffering "any damage." In one case, this was defined as an improperly assessed $5.00 late fee. . *See, District Cablevision Limited Partnership v. Bassin*, 828 A.2d 714, 725 (DC 2003) (Consumers who were charged a $5.00 late fee suffered "any damage" under the CPPA)
- All DC residents who purchased Vioxx were so "injured."

Most importantly, the D.C. Consumer Protection Procedures Act does not provide for a statutory right of intervention by the District of Columbia.

Last week as the news concerning the settlement of the Vioxx claim began to emerge, press reports stated that the District of Columbia had settled its claim. This raised a number of concerns to me.

Even though the court has dismissed the DC FCA claim, no final judgment has issued, and Mr. Walker still has a right of appeal. This raises the question whether the District of Columbia can settle this matter unless the District of Columbia intervenes. *See* D.C. Code § 2-308.15 (e)(2) (2011) Second, because the District of Columbia has failed to intervene, there is a question as to whether Mr. Walker is entitled to attorney's fees. *See* D.C. Code § 2-308.15 (f)(4) (2011).

In addition, Merck has made it plain that it is seeking a release of all claims from all settling parties, and so I was concerned that the District of Columbia and Merck would attempt to settle the Consumer Protection Procedures Act claim. I contacted the attorney in charge of the DC Medicaid claim unit, Jane Drummey, and she assured me that contrary to press reports, the District of Columbia had not settled with Merck. *See* Exhibit 1, Attached Emails between Vincent McKnight and Jane Drummey dated November 30, 2011. We disagreed about whether Mr. Walker had any on-going DC FCA claim, but Drummey agreed to show me the settlement after it was signed. *Id.*; *see* Exhibit 2, Email from Vincent McKnight to Jane Drummey, Subject:

Follow-up. Further, she assured me that the District of Columbia was not attempting to settle the Consumer Protection Procedures Claim, because she agreed with me, that Mr. Walker, not the District of Columbia had filed these claims. *Id.* Moreover, she agreed to carefully review the settlement to make sure that it did not include the Consumer Protection Procedures Act claims advanced by Mr. Walker on behalf of himself and the similarly situated citizens of the District of Columbia. However, she refused my request to see the settlement agreement before it is executed.

Because of the issues raised above, and the potential impact on the matters still pending before the court, I believe that I have a right to see any settlement before it is finalized. Moreover, if a settlement has been signed that purports to resolve the Consumer Protection Procedures Act Claims brought by Mr. Kenneth Walkers on behalf of himself and similarly situated citizens of the District of Columbia, then I ask the court to set a briefing schedule to allow us to challenge the agreement.

Thank you for your prompt attention to this matter.

Sincerely,

H. Vincent McKnight, Jr.

cc: Jane Drummey, Esquire
John Beisner, Esquire
Russ Herman, Esquire