**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| MDL No. 1657 | ) | SECTION L |
| _____ ) | | JUDGE ELDON E. FALLON |
| This document relates to: | ) | |
| | ) | |
| WELBY RAY KNIFLEY AS | ) | |
| ADMINISTRATOR OF THE ESTATE | ) | |
| OF THELMA B. KNIFLEY, | ) | |
| DECEASED, | ) | CASE NO.   2:05 CV 5635 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR JOINDER IN RELIEF FROM MERCK'S VTE MOTION**

Now comes the Plaintiff, by and through his undersigned attorney, and moves for joinder in relief from Merck's VTE Motion for Summary Judgment, and for that states:

1.    Plaintiff is listed in Merck's Exhibit A attached to its Motion for Summary Judgment on the VTE cases (Record Doc. 63539-2).  Plaintiff's decedent died of a pulmonary embolus.  Plaintiff has already filed a *Lone Pine* report as required by prior orders of this Court (Record Doc. 16611).  However, Merck now seeks summary judgment by filing reports from two previously undisclosed, and so far un-deposed, expert witnesses.  Plaintiff is in compliance with all Court established deadlines regarding discovery and required disclosures.  Plaintiff was not aware of and had not been presented with a Court established deadline by which Plaintiff's trial ready and *Daubert*-level causation proof was to have been developed and presented.

2.      Plaintiff understands that the PSC for Ineligible Claims has a deadline to develop and present general causation expert witnesses in opposition to Merck's Motion for Summary judgment and that Merck's MSJ Motion has been continued generally as to cases where Ms. Oldfather is counsel so that testimony can be disclosed and tested by Merck's counsel.

3.      Plaintiff requests that he be allowed to benefit from the common benefit work anticipated from the PSC for Ineligible Claims with regard to expert proof on general causation, and that Merck's Motion for Summary Judgment likewise be continued generally as to Plaintiff.

WHEREFORE THE ABOVE PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court would grant the Motion and continue Merck's Motion for Summary Judgment generally as to Plaintiff.

**s/Leila H. Watson**
Leila H. Watson (ASB-3023-S74L)
CORY, WATSON, CROWDER & DEGARIS, P.C.
Attorney for the Plaintiff
2131 Magnolia Avenue
Birmingham, AL  35205
Telephone No.:  205-328-2200
Fax No.:  205-324-7896
Email:  lwatson@cwcd.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advance in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of January 2012.

**s/Leila H. Watson**