UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Gerald Wagganer v. Merck, 2:05-cv-03125* | * | KNOWLES |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT MERCK'S CROSS-MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE

In response to the Motion to Withdraw as Counsel that has been filed in the above-referenced case, Merck, through its undersigned counsel, cross-moves the Court for entry of an order requiring plaintiff to show cause why his case should not be dismissed with prejudice for failure to prosecute. Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing his claim. Dismissal should be granted, as discussed below, because Plaintiff either cannot be found or has otherwise failed to participate in this litigation by communicating with his counsel. In support of this Cross-Motion, Merck further states as follows:

1.  Pursuant to Pretrial Order 36 entered on May 6, 2008, plaintiffs' lawyers are required to supply this Court with a reason for their respective motions to withdraw. One of the possible reasons for withdrawal is that the plaintiff "cannot be found or fails to respond to communications." Plaintiff's counsel in this case has a pending motion to withdraw premised on

1

that reason.  (Record No. 41677356).  Specifically, counsel has stated that Mr. Wagganer "has not responded at efforts of the undersigned counsel at contact."

2. Plaintiff Wagganer filed claims against Merck for personal injuries alleged to have been caused by Vioxx.  However, based on the pending motion to withdraw as counsel, he has apparently abandoned his claims.  Accordingly, his claim should be dismissed.

3. Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and grounds for dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiffs' personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing claims of plaintiff because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting defendant's Rule 41(b) motion when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissing plaintiff's claim after plaintiff did not respond to court orders and a notice was returned to sender by United States Post Office) (Moore, Mag., J.).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in

courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

4. Here, despite diligent efforts, Mr. Wagganer apparently has failed to respond to communications from his counsel. As such, he has ceased participating in this litigation and his claims should be dismissed. Accordingly, Merck requests that Mr. Wagganer be instructed to appear and show cause at a hearing on March 1, 2012 why his case should not be dismissed with prejudice. A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why Mr. Wagganer's claims should not be dismissed with prejudice.

Dated: January 11, 2012

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cross-Motion to Dismiss has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B) in accord with the procedures established in MDL 1657 on this 11th day of January, 2012.

                                                       */s/ Dorothy H. Wimberly*
                                                       Dorothy H. Wimberly, 18509
                                                       STONE PIGMAN WALTHER
                                                       WITTMANN L.L.C.
                                                       546 Carondelet Street
                                                       New Orleans, Louisiana  70130
                                                       Phone:  504-581-3200
                                                       Fax:     504-581-3361
                                                       dwimberly@stonepigman.com