UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

*Cases identified on Exhibit A*

## MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" AND "PTO 29" CASES

During the progression of this MDL, the exact delineation of leadership responsibilities has been overlapping and somewhat confusing. It is unclear whether the original Plaintiffs' Steering Committee ("PSC") and Lead Counsel intend to assume any responsibilities regarding the heart attack and stroke cases that have yet to settle. The undersigned was appointed as Liaison Counsel and Lead Counsel for certain cases and has essentially served single-handed as the PSC for those cases since then. The undersigned has also provided *de facto* leadership for all of the remaining personal injury claimants[1]. The Court has issued an order setting out a schedule and plan for discovery in Ronald Benjamin's cases, and the undersigned has been serving as Liaison Counsel over Mr. Benjamin's cases as well, and nominally is Lead Counsel for those cases (although not actually providing those services). The undersigned is handling the gathering of general causation proof for al of the VTE cases.

This MDL has largely been resolved in phases. Given the resolution of many portions of this MDL, the personal injury cases and their resolution are now one of the Court's primary points of focus. After extensive debate at the last status conference on January 5, 2012, it was

---

[1] The undersigned also presently serves as counsel of record for 23 of these claimants.

determined by the Court that the undersigned, in her role as Lead Counsel, should focus on obtaining general causation proof for the remaining venous thromboembolism ("VTE") cases and provide an expert report by May 7, 2012. Accordingly, the undersigned is in the process of gathering that proof.

A benefit of an MDL for plaintiffs is the coordination of discovery and conducting of proof by a PSC, and the plaintiffs' ability to benefit from those collective efforts. For the same reasons and in the same manner that the heart attack and stroke cases were allowed to benefit from consolidation in the MDL and from the work of the original PSC, so too should the 26 plaintiffs identified on Merck's Exhibit A have the benefit of the MDL. Those plaintiffs are entitled to the common benefit work accomplished by the undersigned and any spinoff proof that follows once the VTE proof is pinned down. At a minimum, the undersigned in her role as the "PSC II" should be allowed to complete this discovery for the benefit of **_all_** plaintiffs before any other deadlines are set.

Conversely, if these 26 plaintiffs are not to derive benefit from this MDL, and if a plaintiff or a plaintiff's counsel requests a remand, this Court should consider remanding a case to the applicable transferor court, where appropriate case-specific deadlines may be put into place and where that plaintiff or his/her counsel can function in the place of the undersigned.

Irrespective of the foregoing, this scheduling order is premature. The deadlines proposed by Merck are simply too short given that this is the first time any scheduling order has been suggested for these particular plaintiffs or injuries. As the Court did with the VTE cases, the Defendant's motion should be deferred until the undersigned has an opportunity to gather expert proof on general causation for these cases.

With respect to the Notice of Submission for February 15, 2012, counsel have asked Merck to re-notice the motion for the next scheduled monthly status conference on March 1, 2012, and Merck has denied that request. Since counsel will be in New Orleans on March 1, 2012, the Court is asked to hear the motion at that time, rather than on February 15, 2012, when a special trip would have to be made. Moreover, due to the confusion in Merck's current Notice of Submission (which was Noticed only for the *Sanjanwala* case, a case not listed in Merck's Exhibit A), many affected plaintiffs may not have had adequate notice that the Motion applied to them or the deadline by which an Opposition was required. For those reasons, the Court is asked to hear this matter at the next regularly scheduled status conference, and not on February 15, 2012.

For the foregoing reasons, the Court is respectfully requested to deny the Defendant's Motion.

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Memorandum In Opposition To Defendant Merck & Co., Inc's Motion Seeking Entry Of A Comprehensive Scheduling Order For Certain "Other Injury" and "PTO 29" Cases has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of January, 2012.

/s/ Ann B. Oldfather

_____

Ann B. Oldfather