UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to | * | JUDGE FALLON |
| James Nestor v. Merck & Co., Inc. 2:09-cv-07648-EEF-DEK | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" AND "PTO 29" CASESLINE

Merck & Co., Inc. ("Merck")., Defendant, has filed a Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases (the "Motion"), which would include the case brought by James Nestor ("Nestor). This Motion attempts to impose deadlines for completion of fact and expert discovery which Merck describes as "expeditious," and which would allow for the "wrapping up of MDL 1657 in a timely and efficient manner."

James Nestor originally filed a Complaint in state court in the State of Maryland. Merck transferred this case to this Court in order for it to be included in the MDL. One of the perceived benefits of this transfer (to which Nestor agreed based on these representations) was that Nestor and all plaintiffs included in the MDL would receive the benefit of the work, including discovery, of the Plaintiffs' Steering Committee ("PSC"). Ann B. Oldfather was appointed as Liaison Counsel and has generally served as the PSC for all cases in the MDL since that appointment. In that capacity, Ms. Oldfather has attempted to resolve and work through the discovery issues for all of the Plaintiffs, including Nester, and as she appropriately asserted in the Memorandum she filed in opposition to the Merck's Motion (which is the subject of this

1

Memorandum), she should be given the opportunity to "complete this discovery for the benefit of all the plaintiffs before any other deadlines are set." (Memorandum, Page 2).  Merck's Motion attempts to undermine the benefits of the MDL by asserting its desire to "wrap" these cases up. Unfortunately, this effort by Merck fails to allow for a sufficient opportunity for Nestor to properly develop and present his case.

Nestor would adopt and support the assertions set forth in the Memorandum filed by Ann B. Oldfather as Liaison Counsel in MDL 1657. The deadlines proposed by Merck are not sufficient to allow for Nestor and other plaintiffs to properly prepare for trial.  Nestor would join Liaison Counsel in suggesting that Merck's Motion should be deferred until she (Ms. Oldfather) has "an opportunity to gather proof on general causation for the cases involved in Merck's Motion.  Alternatively, Nestor's case should be remanded back to the State Court in which it was filed so that appropriate time lines for his case could be developed. This would insure fundamental fairness to those plaintiffs, including Nestor, who have not been able to reap the benefits of being included in the MDL.

For the foregoing reasons, the Court is respectfully requested to deny the Defendant's Motion.

/s/  Douglas T. Sachse
**DOUGLAS T. SACHSE**
MD Bar #00284
606 Baltimore Avenue, Suite 402
Towson, Maryland 21204
(410)823-0711
dsachse@dtslawoffices.com

**CERTIFCATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Objection has been served upon Liaison Counsels, Phillip A. Wittmann, Russ Herman and Ann B. Oldfather, by U.S. mail and email and

2

upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF system which will send a Notice of Electronic filing in accordance with the procedures established in MDL 1657, on this    day of February, 2012.

/s/ Douglas T. Sachse\_\_\_
MD Bar #00284
606 Baltimore Avenue, Suite 402
Towson, Maryland 21204
(410)823-0711
dsachse@dtslawoffices.com