UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX®PRODUCTS LIABILITY	MDL 1657
LITIGATION	SECTION L
	JUDGE FALLON
	MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES
TO: SCHNEPF, JAMES K. VS. MERCK
    (Identified as Case No. 2:06-CV00321
					EEF-DEK)
Number 21
On Exhibit A

**MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" AND "PTO 29" CASES**

This law firm represents plaintiff, JAMES K. SCHNEPF, as referenced above. It is our sole case in this multi-district litigation.

This case was initiated in Supreme Court, State of New York, County of Queens. Thereafter it was removed to United States District Court for the Eastern District of New York. It then became part of the Multi-district Litigation known as MDL 1657 in the Eastern District of Louisiana.

Our case became part of the claims resolution program but ultimately did not pass the "Gates" review and a Future Evidence Stipulation (FES) was filed.

1

Subsequently, we asked Ann Oldfather, Esq. of the Oldfather Law Firm in Louisville, Kentucky to represent our client's interest and she has doe so, providing us with timely and important memoranda and orders from the Status Conferences.  Through her, we filed the necessary expert (or "Lone Pine") report required by Pretrial Order 29 (PTO 29).

As Ms. Oldfather alluded to in her Memorandum in Opposition filed on 1/27/12, she has provided de facto Leadership for the remaining claimants.

We are a two person law office with a staff of two support persons.  I concur with Ms. Oldfather that the remaining 26 plaintiffs on Exhibit A, including Mr. Schnepf should be entitled to common benefit work undertaken by Ms. Oldfather as part of the MDL.  I therefore agree on behalf of my client that Ms. Oldfather, "in her role "as the PSC II" should be allowed to complete discovery prior to the setting of firm deadlines for the common benefit of all plaintiffs.

In addition, there are circumstances unique to my client.  In or about June of 2011, Emily Renshaw-Pistilli, Esq. of Williams & Connolly contacted me about scheduling the deposition of my client, JAMES K. SCHNEPF.  I knew at that time that Mr. Schnepf had become completely housebound

2

and could no longer even use his specially equipped vehicle.

After speaking to Ms. Renshaw-Pistilli, I spoke to Mary Ann Schnepf, my client's spouse. Ms. Schnepf informed me that since about March of 2011, Mr. Schnepf had been at the following facilities:

   a) North Shore University, Manhasset, for hip surgery;
   b) The "CHF" (a comprehensive care facility) at North Shore University/Long Island Jewish Health Care Systems (NSU/LIJ);
   c) NSU/LIJ for the placement of stents;
   d) NSU/LIJ Stein Family Extended Care Facility (my client was actually at this facility when I spoke to Ms. Schnepf).

In addition to the many medications he had already been taking for all of his stroke and cardiovascular problems, he was on heavy pain medications. These seemed to be affecting his lucidity and memory.

As of February 3, 2012, I am advised by Ms. Schnepf that my client is "doing better."

I have an appointment to interview him tentatively scheduled for February 6, 2012 to re-evaluate his fitness.

3

Therefore, for the common benefit reasons set forth in Ms. Oldfather's Memorandum and for the reasons unique to this case, I am asking that the court deny defendant Merck's motion and grant such other and further relief which the court may deem just and proper.

Dated: Kew Gardens, New York
February 6, 2012

Respectfully Submitted,

_____
JAMES P. HARDING, ESQ.
NY Attorney Registration
No.: 1410422
HARDING & MOORE, ESQS.
Attorneys for Plaintiff
James K. Schnepf
80-59 Lefferts Boulevard
Kew Gardens, New York 11415
718-805-1500  fax:718-805-1503
hardingandmoore@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum In Opposition to Defendant Merck & Co., Inc's Motion Seeking Entry of A Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases has been served upon Liaison Counsels, Phillip A. Wittmann, Russ Herman, Ann B. Oldfather, Williams & Connolly LLP and Dorothy H. Wimberly of Stone Pigman Walther Wittmann L.L.C., by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1656, on this ____ day of February, 2012.

_____
James P. Harding