UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX® PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Melvin Cormier, et al. v. Merck & Co., Inc. 2:05-cv-04991-EEF-DEK*

MDL 1657

SECTION L

JUDGE FALLON

MAG. JUDGE KNOWLES

### MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" AND "PTO 29" CASES

COME NOW Plaintiff, Cheryl Kuykendall, who, through undersigned counsel, files this memorandum in opposition to Defendant Merck & Co., Inc.'s Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases, and state as follows:

Plaintiff, Cheryl Kuykendall, join in all arguments made by Plaintiff's Liaison Counsel, Ann Oldfather, in her memorandum in opposition to Defendant Merck & Co., Inc.'s Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases filed with this Court on January 12, 2012 (Document 63640). To accomplish this, Plaintiff, Cheryl Kuykendall, adopts and incorporates Ms. Oldfather's memorandum in opposition as if fully set forth herein.

As set forth in Ms. Oldfather's memorandum in opposition, during the progression of this MDL, the exact delineation of leadership responsibilities has been overlapping and somewhat confusing. It is unclear whether the original Plaintiffs' Steering Committee ("PSC") and Lead Counsel intent to assume any responsibilities regarding the heart attack and stroke cases that have yet to settle. Ann Oldfather was appointed as Liaison Counsel and Lead Counsel for certain cases and has essentially served as the PSC for those cases since then. Ms. Oldfather has also provided *de*

*facto* leadership for all of the remaining personal injury claimants[1]. The Court has issued an order setting out a schedule and plan for discovery in Ronald Benjamin's cases, and Ann Oldfather has been serving as Liaison Counsel over Mr. Benjamin's cases as well, and nominally is Lead Counsel for those cases (although not actually providing those services). Ann Oldfather is also handling the gathering of general causation proof for all of the VTE cases.

This MDL has largely been resolved in phases. Given the resolution of many portions of this MDL, the personal injury cases and their resolution are now one of the Court's primary points of focus. After extensive debate at the last status conference on January 5, 2012, it was determined by the Court that Ann Oldfather, in her role as Lead Counsel, should focus on obtaining general causation proof for the remaining venous thromboembolism ("VTE") cases and provide an expert report by May 7, 2012. Accordingly, and upon information and belief Ms. Oldfather is in the process of gathering that proof.

A benefit of an MDL for plaintiffs is the coordination of discovery and conducting of proof by a PSC, and the plaintiffs' ability to benefit from those collective efforts. For the same reasons and in the same manner that the heart attack and stroke cases were allowed to benefit from consolidation in the MDL and from the work of the original PSC, so too should the 26 plaintiffs identified on Merck's Exhibit A have the benefit of the MDL. Those plaintiffs, including Cheryl Kuykendall, are entitled to the common benefit work accomplished by Ann Oldfather and any spinoff proof that follows once the VTE proof is pinned down. At a minimum, Ms. Oldfather in her role as the "PSC II" should be allowed to complete this discovery for the benefit of **all** plaintiffs before any other deadlines are set.

---

[1] Ann Oldfather also presently serves as counsel of record for 23 of these claimants.

Conversely, if these 26 plaintiffs are not to derive benefit from this MDL, this Court should consider remanding the cases to the applicable transferor court, where appropriate case-specific deadlines may be put into place and where each plaintiff or his/her counsel can function in the place of Ann Oldfather.

Irrespective of the foregoing, the scheduling order urged by Merck is premature. The proposed deadlines are simply too short given that this is the first time any scheduling order has been suggested for these particular plaintiffs or injuries. As the Court did with the VTE cases, Plaintiff respectfully requests that Defendant's motion be deferred until Ms. Oldfather and/or the undersigned counsel of record for Cheryl Kuykendall has an opportunity to gather expert proof on general causation for these cases.

For the foregoing reasons, the Court is respectfully requested to deny the Defendant's Motion.

Respectfully Submitted,

/s/Robert L. Salim
Robert L. Salim (#11663)
ROBERT L. SALIM, APLC
1901 Texas Street
Natchitoches, Louisiana 71457
Phone: (318) 352-5999
Facsimile: (318) 354-1227
e-mail: robertsalim@cp-tel.net

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Opposition to Defendant Merck & Co., Inc.'s Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases has been served upon Liaison Counsel, Phillip Wittmann, Russ Herman, and Ann B. Oldfather by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of February, 2012.

/s/Robert L. Salim

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL 1657 |
| THIS DOCUMENT RELATES TO: | SECTION L |
| *Melvin Cormier, et al. v. Merck & Co., Inc. 2:05-cv-04991-EEF-DEK* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## ORDER

Motion having been made by the Plaintiff,

IT IS HEREBY ORDERED BY THE COURT that Merck's Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "Other Injury" and "PTO 29" Cases be denied generally and specifically as to Plaintiff, Cheryl Kuykendall.

So ordered.

New Orleans, Louisiana, this ___ day of _____, 2012.

_____
Eldon E. Fallon
United States District Judge