**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| THIS DOCUMENT RELATES TO: | : | |
| *Cheryl Sample, William A. Wodowski and* | : | JUDGE FALLON |
| *Mary R. Zak as Co-Administrators of the Est. of* | : | |
| *Michael Wodowski v. Merck & Co., Inc., et al.* | : | *2:08-CV-04559-EEF-DEK* |
| | : | |
| ——————————————— | : | MAG. JUDGE KNOWLES |

**MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S**
**MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR**
**CERTAIN "OTHER INJURY" AND "PTO 29" CASES**

On January 12, 2012, Merck filed a Motion to move this Court for entry of an order establishing a comprehensive schedule for the remaining personal injury cases. Pursuant to Local Rule 75, we are hereby submitting this Memorandum in Opposition to Merck's Motion. The Scheduling Order is premature and the deadlines proposed by Merck are far too short given that this is the first time any scheduling order has been suggested. As the Court did with the VTE cases, the Defendant's Motion should be deferred. Ms. Oldfather, in her role as PSC, should be allowed to complete discovery for the benefit of *all* Plaintiffs before any additional deadlines are set.

Ms. Ann Oldfather, as Liaison and Lead Counsel for certain cases, has essentially served single-handedly as the PSC for our case (heart attack and stroke cases that have yet to settle). She has handled the coordination of discovery in conducting the proof and Plaintiffs should be allowed to benefit from the work accomplished by Ms. Oldfather. During the progression of the MDL, the exact delineation of leadership responsibilities has been overlapping and somewhat confusing and it is unclear whether the original Plaintiffs' Steering Committee and Lead Counsel intend to assume responsibility for the heart attack and stroke cases that are not yet settled.

Since her appointment as Liaison and Lead Counsel, Ms. Oldfather continues to marshal proof on general causation, and as such, we should be allowed to benefit from this proof.

Ms. Oldfather is in the process of obtaining general causation proof for the remaining VTE cases and will provide an expert report by May 7, 2012.  A benefit of an MDL for Plaintiffs is the coordination of discovery and conducting of proof by a PSC, and the Plaintiffs' ability to benefit from those collective efforts.  For the same reasons and in the same manner that the heart attack and stroke cases were allowed to benefit from consolidation in the MDL and from the work of the original PSC, so too should the 26 Plaintiffs identified on Merck's Exhibit A have the benefit of the MDL.  Those Plaintiffs are entitled to the common benefit work accomplished by the undersigned and any spinoff proof that follows once the VTE proof is pinned down.  At a minimum, Ms. Oldfather, in her role as the "PSC II", should be allowed to complete this discovery for the benefit of *__all__* Plaintiffs before any other deadlines are set.

If it is not possible for our client to derive benefit from this MDL, this Court should consider remanding our case to the applicable transferor court, where appropriate case deadlines may be put into place and where the Plaintiffs and our law firm can function in place of the undersigned.

We respectfully request that the Court hear this matter at the next regularly scheduled status conference on March 1, 2012 and for the foregoing reasons, deny Defendant Merck's Motion.

Respectfully submitted,

THE MISERENDINO LAW FIRM

/s/____Joy Ellen Miserendino, Esq._____
Joy Ellen Miserendino, Esq.
Attorney(s) for Plaintiffs
964 Ellicott Square Building
295 Main Street
Buffalo, New York 14203
Telephone: (716) 854-1002

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition to Defendant Merck & Co., Inc.'s Motion Seeking Entry of a Comprehensive Scheduling Order to Certain "Other Injury" and "PTO 29" Cases has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th Day of February, 2012.

/s/   Joy Ellen Miserendino, Esq._____
      Joy Ellen Miserendino, Esq.