UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Escamilla, Rosie v. Merck & Co., Inc.* | * | KNOWLES |
| 2:08-cv-03573-EEF-DEK | * | |
| | * | |

*****************************************************************************

**DEFENDANT MERCK SHARP & DOHME'S
MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Rosie Escamilla has failed to provide the *prima facie* evidence of causation required by Pretrial Order No. 29 ("PTO 29"): The expert report that she provided does not assert that Mr. Escamilla's Vioxx usage was related in any way to the heart attack that he had years later. In fact, the proffered expert report does not provide a causation opinion of any kind. Instead, the only opinion offered is that "Mr. Ramsey (sic) suffered an acute myocardial infarction on 3/1/2007 that was complicated by ventricular fibrillation and sudden cardiac death." *See* Exhibit A (Gurudevan Declaration). This Court has previously found that PTO 28 expert reports that fail to support a causal link warrant summary judgment, and such an order is appropriate here.[1] Accordingly, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

---

[1] The requirements regarding expert reports in PTO 28 are identical to the expert report requirements in PTO 29.

In support of this motion, Merck further states as follows:

1. On November 9, 2007, this Court entered PTO 29, which required, *inter alia*, plaintiffs to provide specified materials relating to their claims, including certain medical records, signed authorization forms for the release of medical records, and a case specific expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury. *See* PTO 29 ¶¶ II.A.2, II.A.4, II.A.7.

2. A review of Plaintiff Escamilla's expert report demonstrates that summary judgment should be granted in favor of Merck and the Escamilla claims dismissed. The expert report states, *inter alia*, that:

- "Mr. Escamilla was a 50-year-old man with a past medical history of hypertension and hyperlipidemia who was employed as a troubleman with Sothern California Edison. He had a longstanding history of lumbosacral disc disease and chronic low back pain for which he took rofecoxib (Vioxx). Ex. A at ¶7, lines 9-12.[2]

- "On the morning of 3/1/07, while working, he developed 2 episodes of prolonged chest pain lasting 45 to 60 minutes requiring him to stop work and sit down to rest. He had no prior episodes of chest pain on earlier days and his chest pain continued while he was resting."[3] Ex. A at ¶7, lines 12-16.

- "In summary, Mr. Escamilla had two significant risk factors for coronary artery disease (hypertension and hyperlipidemia) and had two episode of chest discomfort followed by an acute cardiopulmonary arrest. Based upon my review of Mr. Ramsey's [sic] relevant medical records, as well as based upon my training, education and experience, I am of the opinion that Mr. Ramsey [sic] suffered an acute myocardial infarction on 3/1/2007 that was complicated by ventricular fibrillation and sudden cardiac death." Ex. A at   Ex. A at ¶7.

3. Plaintiff Escamilla's expert report does not satisfy PTO 29's requirement of a "Rule 26(a)(2) case specific expert report from a medical expert attesting (i) to a reasonable

---

[2]   This is the sole reference to Vioxx made in the entire declaration.

[3]   As this Court is aware, Vioxx was withdrawn from the market in September, 2004.

2

1085048v1

degree of medical probability that the Plaintiff . . . suffered an injury and (ii) that Vioxx caused the injury." PTO 29 ¶¶ II.A.7.  Indeed, Plaintiff Escamilla's expert declined to state *any* causal link existed between Mr. Escamilla's 2007 cardiac event and his remote history of prior Vioxx usage.  Rather, the expert noted that Mr. Escamilla had two significant risk factors for coronary artery disease – hypertension and hyperlipidemia.

4. Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(b)(2).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).  In the absence of ***any*** evidence Plaintiff's prior use of Vioxx caused or contributed to any injury, no reasonable jury could find in favor of Plaintiff's claims.  Accordingly, Merck respectfully requests that the Court enter summary judgment in favor of Merck on all of Plaintiff's claims.

A proposed order is attached.

Dated:  February 15, 2012                                   Respectfully submitted,

                                               */s/ Dorothy H. Wimberly*
                                               Phillip A. Wittmann, 13625
                                               Dorothy H. Wimberly, 18509
                                               STONE PIGMAN WALTHER
                                               WITTMANN L.L.C.
                                               546 Carondelet Street
                                               New Orleans, Louisiana 70130
                                               Phone: 504-581-3200
                                               Fax:    504-581-3361

                                               Defendants' Liaison Counsel

                                                   —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:   202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

4

**CERTIFICATE OF SERVICE**

I also hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of February, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1085048v1