## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX®                           ] | **MDL Docket No. 1657** |
|                                          ] | ***Roach Adm.: 2:10-cv-00868*** |
| **PRODUCTS LIABILITY LITIGATION** ] | |
|                                          ] | **Section L** |
|                                          ] | |
|                                          ] | **Plaintiff Adm. Walter J. Roach, Jr.'s:** |
| **Under PTO's 29 and 43, generally and** ] | |
| **particularly *Roach Adm.v. Merck & Co.*** ] | **RESPONSE to DEFENDANT'S** |
| **a conditionally transferred case.**        ] | **MOTION for SCHEDULING ORDER** |

Plaintiff Walter J. Roach, Jr., Administrator of the Estate of Joanne I. Roach, Deceased, by his attorney Emmanuel F. Guyon, Responds to the Motion of the Defendant Merck & Co. requesting a comprehensive scheduling protocol for the remaining PTO 29 and PTO 43 cases, future Discovery to proceed as limited by the dates stated in defendant's motion for cases referenced**,** *i.e, (a)* cases involving injury other than myocardial infarct, stroke, sudden cardiac death, or a venous thrombotic event, or *(b)* cases that were filed after November 9, 2007, the date of the Master Settlement Agreement *("the PTO 29 cases").*

In response to the motion, Plaintiff Adm. Roach, by his attorney states as follows:

**I.      *Procedural Background of the Roach Case and Preliminary Comments.***

1R.  Plaintiff does not have sufficient knowledge of all of the pending cases, nor of the category of any of the cases according to the categories set out in par. 1 of the motion. Plaintiff will accept Defendant's categorization for purposes of responding to this motion.

2R. Plaintiff Administrator states his claim is based on a statute, claiming Wrongful Death under the statutes of the State of Illinois, *740 ILCS 180/1-180/2.2,* the original suit filed on November 12, 2009, in the Circuit Court of LaSalle County, Illinois, cause no. 2009-L-221.  The legal theory of the action is that Plaintiff's decedent was prescribed and given Vioxx® pursuant

to physician's orders, suffered a stroke that greatly deteriorated her health, and led to the death of Plaintiff's decedent ultimately as a result of taking the drug.  Plaintiff's case falls under part *(b)*, *supra*.

3R. Defendant Removed Plaintiff's case to Federal District Court pursuant to *28 U.S.C. 1332, 1441, and 1446*, on January 27, 2010, the cause proceeding in Federal District Court as no. 10-cv-516 (Judge Darrah), Northern District of Illinois.

4R. Judge Darrah entered a Conditional Transfer Order on March 22, 2010, the cause transferred to the established case filed in Multidistrict Litigation as *MDL 1657*, EDLA.

5R. Since the date of transfer the case has been administered generally in the *MDL 1657* litigation in the Eastern District of Louisiana.

## II.    *Plaintiff's Motions in Response to Defendant's Motion.*

### A.   *First Motion:  Plaintiff is in compliance with all Discovery requirements. Plaintiff has never received Discovery from the Defendant.  The FRCP Rules contemplate Discovery to be available to all parties.*

1.      Plaintiff has previously provided to Defendant's counsel, Atty.'s Marvin, Esber, and Pistilli, at Williams & Connolly, LLP, in Washington, D.C., the requested, required Discovery obligated to be provided by the Plaintiff as set out in the various PTO's entered in EDLA court proceedings, to wit:

   a.    Medical Records.
   b.    Pharmacy Records
   c.    Expert's Report

2.      Plaintiff has been represented to date in the proceedings in EDLA by Plaintiff's Liaison Counsel I *(Atty.'s Herman and Birchfield)*, the PLC-I believed to have in their possession certain Discovery requested and provided by Defendant Merck & Co.  Later in the

litigation, Plaintiff has been represented by Plaintiff's Liaison Counsel II *(Atty. Oldfather)*. Plaintiff Roach as Administrator has never received any of this Discovery material from Defendant Merck & Co., and does not know what, if any, Discovery is available from Defendant that would assist in presentation of the Plaintiff's case.  Plaintiff's Liaison Counsel I *(Atty.'s Herman and Birchfield)* is believed to be in possession of the Discovery provided by Defendant Merck & Co., but Plaintiff Roach Administrator has never received any of these documents.

*3.*      Defendant now requests a Discovery Schedule for its benefit, directed to all remaining claimants for the following subjects, *inter alia:*  **A.**  Additional fact discovery;  **B.** Expert Discovery;  **C.** *Daubert* Motions;  and, **D.**  Dispositive Motions.

4.      The Federal Rules of Civil Procedure contemplate Discovery available to both sides.  *28 U.S.C., Title 28, F.R.C.P.26-37.*  This litigation was consolidated  in EDLA because of the enormous number of cases filed against the Defendant, originally believed to be a total of 60,000 cases, with all of those cases now processed, completed.   In the interest of judicial economy, standardization of the value of the claims, and consideration of the vast materials required to process the claims, the cases were consolidated through the Multidistrict Rules, *28 U.S.C. 1407, et. al.*  There remain only 90 cases to conclude the litigation.  Those 90 cases were rejected as part of the Master Settlement Agreement/Order entered by the Court in the *MDL* litigation, and now proceed separately.

5.      Defendant now wants a firm Discovery Schedule to be in readiness for trial, but Plaintiff is at a disadvantage in this request.  Plaintiff Administrator Roach has no Discovery from the Defendant.   Plaintiff requests the conditional transfer Order be rescinded, the case transferred back to the Northern District of Illinois, and let Discovery proceed as in any other case.  Defendant should be required to provide all Discovery to the Plaintiff Administrator,

Roach Estate.  All of the policy reasons to administer the cases by *MDL* rules, all of the advantages of consolidation by and through Multidistrict Litigation theories and procedures are no longer present.  Plaintiff has a right to have his case tried in a venue in the District where the claim arose.  If there are economies to be realized in the judicial treatment of the cases, *i.e.,* similarities in the cases that would enable the claims to be processed expeditiously, there would be some justification to continue this case in the Eastern District of Louisiana.  If the Defendant wants to proceed according to traditional rules of the *F.R.C.P.*, as evidenced by its request for deadlines setting out dates for this traditional discovery given to the Defendant, to be completed for each case separately, the Court should consider a transfer of any case back to the originating Federal District Court for trial and resolution of the cause.

> **B. Second Motion.  Plaintiff Suggests to the EDLA District Court to Consider Formal Settlement Conferences and Presentations as a Means to Resolve the Remaining Cases.**

1.      Plaintiff has attempted to negotiate a settlement with Defendant's attorneys, but there never has been a response by the Defendant's counsel to the settlement demand. Defendant's Atty. Marvin spoke by telephone to Plaintiff's Administrator's Atty. Guyon on one occasion where the settlement demand was discussed, but no responsive offer was stated by the defendant counsel in that conversation.

2.      Plaintiff's home district is the Northern District of Illinois, which District has a stated and enforced program styled "Settlement Conference".  This settlement conference occurs at the first status meeting of the case.  Attached to these motions is Magistrate Judge Geraldine Soat Brown's instructions for the settlement conferences, detailing the materials to be submitted, the procedure to be followed, and manner in which the conference occurs, all as stated in her Standing Order for Settlement Conferences.  *See copy of Standing Order attached.*

3.      Judge Brown Standing Order is summarily stated as follows:

     a.  Settlement should be considered at the earliest possible time.
     b.  Even if not settled, the issues in the case are brought into sharper focus.
     c.  The parties can save considerable costs by early valuation of the claim.
     d.  Thorough, thoughtful preparation is required to participate in settlement conferences.
     e.  Materials are to be exchanged to opposing counsel by letter before the actual conference with the Magistrate Judge.
     f.  The settlement letters to opposing counsel are to contain the following materials:  (1) a brief summary of the case, and the legal theory to establish liability;  (2) the damages sought;  (3) basis for the damages, the evidence to support the amount of the damages, and the legal rules to enable award of the damages; and (4), a settlement demand.
     g.  The Parties with Full Settlement Authority must attend the Settlement Conference.
     h.  The Person present at the Settlement Conference must be the Decision Maker.

4.      In the *MDL* proceedings in EDLA, there has been some discussion of "Summary Trials", as well as trial of several "bellweather cases" to enable assistance in valuation of claims. Plaintiff does not know the present status of any of these alternative approaches to resolution of the remaining cases. Whether the label is *Settlement Conference, Summary Trials, Bellweather* case trials, or other approach, Plaintiff Roach suggests to the court this to be a reasonable, efficient means of resolving the remaining cases in the *MDL* in the EDLA.

5.      At the Status Conference on January 4, 2012, Judge Fallon stated the *MDL* litigation has been in his court for over ten years, and expressed a preference to resolve the cases promptly.  If each case now starts with traditional Discovery, after all of the proceedings in the *MDL 1657* litigation, the entire set of cases, 90 total, would be extended for an additional period of time.

### III.   *Plaintiff Walter J. Roach, Jr., Requests Remand of the Case to the Northern District of Illinois, the original court of action.*

1.   If the Roach case cannot be resolved as suggested in the *First and Second Motions*, the Plaintiff requests the Court enter an Order remanding the cause back to the Northern District of Illinois for disposition in that court.

2.   If the cause remains in the Eastern District of Louisiana, New Orleans, LA, it would be inconvenient to the Plaintiff and plaintiff's witnesses to have to travel to that city to conduct a trial of the cause.  Venue is proper where a corporate defendant is deemed to reside. *28 U.S.C. 1391 (a)(1) and (2), 1391(c)*.  A corporate defendant is deemed present in any jurisdiction where it conducts business.  The product in this case, Vioxx ®, was marketed and distributed in Illinois.

3.   If the cause is to be developed by the parties, Discovery to occur in anticipation of trial, all in preparation for trial, the preference for the trial is where the witnesses are located. For Plaintiff, the witnesses reside primarily in the Northern District of Illinois.  The Defendant has a presence in every state where the drug Vioxx ® was sold, including Illinois.

    WHEREFORE, Plaintiff Administrator Walter J. Roach, Jr., by his attorney Emmanuel F. Guyon, respectfully requests the Court consider the matters of the Response stated herein, and grant the relief in the alternative discussed in this motion as would be convenient to the Court, and best serve the needs of the parties to determine a proper procedural outcome of cause in the interest of justice.

|  | Respectfully Submitted, |
|--|--|
|  | Walter J. Roach, Jr., Administrator of the |
|  | Estate of Joanne I. Roach, Deceased. |

                          By:  /s/ Emmanuel F. Guyon
pmr                            Emmanuel F. Guyon

*attachment: Mag. Judge Soat Brown's Standing Order*



## MAGISTRATE JUDGE GERALDINE SOAT BROWN
**219 South Dearborn Street**
**Chicago, IL 60604**

**Courtroom 1812**                          Telephone:    (312) 435-5612
**Chambers 1822**                          Fax Number: (312) 554-8472
**Web Site:** http://www.ilnd.uscourts.gov

**Courtroom Deputy - Nicole Fratto-Butz**
**Room 1808**
**(312) 435-7552**

### STANDING ORDER FOR SETTLEMENT CONFERENCE

The Court believes that the parties should fully consider settlement at the earliest reasonable opportunity in the case.  Even if the case cannot be resolved through settlement, early consideration of settlement often can result in focusing and streamlining the issues to be litigated– which can save the parties considerable time and money.

Consideration of settlement is a serious matter; therefore, a settlement conference requires serious and thorough preparation.  This Order sets out  the procedures that the Court requires the parties to follow in preparing for the settlement conference, and the procedures that the Court typically will employ in conducting the conference.  Counsel must provide a copy of this Order to their clients, and discuss these procedures with them prior to the settlement conference.

### INITIAL STATUS HEARING

In most cases, Judge Brown will hold an initial status hearing to set the date for the settlement conference and dates for the exchange of pre-conference letters. **Counsel primarily responsible for representing the parties must attend the status hearing and bring their calendars**. Counsel will be expected to name on the record the individuals who will be present on behalf of their respective parties, consistent with the requirements of this order.

All parties and their lead counsel are ORDERED TO APPEAR at the Dirksen Federal Building, 219 South Dearborn Street, Courtroom #1812, Chicago, IL  on the date and time set for the settlement conference.

### SETTLEMENT CONFERENCE PREPARATION

1. **PRE-SETTLEMENT CONFERENCE LETTERS.**  Settlement conferences are more likely to be productive if, before the conference, the parties have had a written exchange of

their settlement positions. The letters also provide Judge Brown information she needs to assist the parties in exploring settlement. Accordingly, at the initial status hearing Judge Brown will set a schedule for the exchange of pre-conference letters. The plaintiff's counsel's letter shall set forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the damages plaintiff believes can be proven at trial, and a brief summary of the evidence and legal principles supporting those damages; and (d) a settlement demand. The defendant's counsel's responsive letter shall set forth at least the following information: (a) any points in plaintiff's letter with which the defendant *agrees*; (b) any points in plaintiff's letter with which defendant *disagrees*; and (c) a settlement offer. Each of these letters typically should be five pages or fewer. Plaintiff's counsel shall fax or deliver copies of these letters to Judge Brown's Courtroom Deputy (Room 1808) no later than the date set at the initial status hearing, so that Judge Brown can review them in advance of the conference. **DO NOT FILE COPIES OF THESE LETTERS IN THE CLERK'S OFFICE.** Counsel must provide his/her client with the opposing party's letter prior to the settlement conference.

2. **ATTENDANCE OF PARTIES REQUIRED.** Unless the Court allows otherwise by separate order, *parties with full settlement authority are required to attend the conference in person*. If a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full settlement authority must personally attend; and if a party requires approval by an insurer to settle, then a representative of the insurer with full settlement authority must attend in person. The Court strongly believes that the personal presence of the parties, and their direct participation in the discussions and "give and take" that occur, materially increases the chances of settlement. Thus, absent a showing of unusual and extenuating circumstances, the Court will not permit a client or an insurance adjuster merely to be available by telephone. In the event that extenuating circumstances arise, counsel shall contact opposing  counsel and the Court's chambers immediately so that appropriate arrangements can be made. **All participants in the settlement conference must stay until 5:00 p.m. (Chicago time), unless the Court terminates the conference earlier.**

3. **FULL SETTLEMENT AUTHORITY.** The Court reserves a substantial block of time for each settlement conference. The Court's time is wasted and opposing parties incur unnecessary expense if a party comes to the settlement conference with limited authority. "Full settlement authority" means that **the person present at the settlement conference must be the decision maker.** He or she must have *both* authority to make a final and binding settlement *and* authority to make the decision to the last offer or demand. It does not require that any party make any particular offer or demand, but it does require that the person who is personally present be fully authorized to make the decision to the last offer or demand without having to get additional authorization from any person not present at the conference. A party who comes to a settlement conference without full settlement authority may be sanctioned. If a conference must be adjourned so that a party may obtain additional authority, that party may be sanctioned, including, but not limited to, the opposing party's attorney's fees incurred by the need to reconvene.

2

4. **CONFERENCE FORMAT.** The Court generally will follow a mediation format: that is, each side will make an opening presentation to the other side, which will be followed by joint discussion with the Court and private meetings by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate in the discussions. In these discussions, the Court encourages all parties to be willing to reassess their previous positions, and to be willing to explore creative means for resolving the dispute.

5. **CONFIDENTIALITY.** The pre-conference letters required by this Order and the settlement conference are governed by Local Rule 83.5 relating to Confidentiality of Alternative Dispute Resolution Proceedings. The Court expects the parties to address each other with courtesy and respect, but also to speak frankly and openly about their views of the case.

6. **THE PARTIES SHOULD BE PREPARED TO DISCUSS THE FOLLOWING AT THE SETTLEMENT CONFERENCE:**

   a.   What are your objectives in the litigation?

   b.   What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

   c.   Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

   d.   What are the points of agreement and disagreement between the parties? Factual? Legal?

   e.   What are the impediments to settlement?

   f.   What remedies are available through litigation or otherwise?

   g.   Are there possibilities for creative resolution of the dispute?

   h.   Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

   i.   Are there outstanding liens? Do we need a representative of the lienholder at the settlement conference?

   **ANY PARTY WHO WISHES TO VARY ANY OF THE PROCEDURES SET FORTH IN THIS STANDING ORDER SHOULD MAKE AN APPROPRIATE REQUEST TO THE COURT AT THE INITIAL STATUS HEARING.**

   **ENTER:**
   **GERALDINE SOAT BROWN**
   **United States Magistrate Judge**

Revised January 3, 2006                                      3

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX ®** | * | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | **JUDGE FALLON** |
| *Case No. 10-cv-0868* | * | **MAG. JUDGE KNOWLES** |

*Walter J. Roach, Jr. Administrator of the Estate of Joanne I. Roach, Deceased,   Plaintiff*

*v.*

*Merck & Co., Inc., Defendant*

---

### NOTICE OF FILING

To:     Atty. Douglas Marvin, c/o Williams and Connolly, PLLP, 725 Twelfth Street, N.W.
           Washington, DC  20005
        Atty. Russ Herman @ VIOXXMDL @ hhke.com.
        Atty. Dorothy H. Wimberly,  @  dwimberly@stonepigman.com.
        Atty. Ann B. Oldfather, @  aoldfather@oldfather.com

        Please Take Notice that on February 7, 2012, Plaintiff Walter J. Roach, Administrator of
the Estate of Joanne I. Roach, Deceased, by his attorney, Emmanuel F. Guyon, has filed a
Response to the Defendant's Motion to set New Discovery dates, the Response sent to the above
listed attorneys, by *(a)* traditional filing, or *(b) by* electronic filing, at the hour of 4:00 p.m.
*(CST)*, and also filed with Plaintiff's Liaison Counsel I and II, by electronic filing, the documents
as set out in this Notice of Filing.

        Documents filed:  Plaintiff's Response to Defendant's Motion to set Discovery Dates.
                         Magistrate Judge Geraldine Soat Brown Pre-Trial Scheduling
                            Conference Standing Order.
                         Notice of Filing and Proof of Service

                                        Walter J. Roach, Jr., Administrator of the Estate of
                                        Joanne I. Roach, Deceased.

Dated: February 7, 2012            /s/ Emmanuel F. Guyon
                                   Emmanuel F. Guyon, Attorney for the Estate.

## <u>CERTIFICATE OF SERVICE</u>

**A.**  I hereby certify that the above and foregoing Notice of Filing Plaintiff's Response to the Defendant's Motion to Set Discovery Dates, the Response, and Proof of Service has been served on the following by traditional mail, U.S.P.S., on February 7, 2012;

> Atty. Douglas Marvin, c/o Williams and Connolly, PLLP, 725 Twelfth Street, N.W.   Washington, DC  20005

**B.**  I hereby certify that the above and foregoing Notice of Filing Plaintiff's Response to the Defendant's Motion to Set Discovery Dates, the Response, and Proof of Service has been served by e-mail on February 7, 2012, on the following:

> Atty. Russ Herman, at *VIOXXMDL @ hhke.com.*
> Atty. Dorothy H. Wimberly,  at *dwimberly@stonepigman.com.*
> Atty. Ann B. Oldfather, at  *aoldfather@oldfather.com*

by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C).

**C.**  I hereby certify that the above and foregoing Notice of Filing Plaintiff's Response to the Defendant's Motion to Set Discovery Dates, the Response, and Proof of Service has been served by electronically filing with:

> The Clerk of Court of the United States District Court for the Eastern District of Louisiana, *https://litigatorlexisnexis.com/File AndServe/*

by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in *MDL 1657* by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with the procedures established in *MDL 1657*, on February 7, 2012.

>      /s/ Emmanuel F. Guyon
> *Office of Emmanuel F. Guyon, Attorney for the*
> *Estate of Joanne I. Roach, Deceased*