Antonio D. Denson
804 Lyons Street
New Orleans, Louisiana 70115



February 14, 2012

Re: <u>Vioxx Products Liability Litigation</u>
<u>Pretrial Order No. 57</u>

Honorable Judge Eldon Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street Room C456
New Orleans, Louisiana 70130

Dear Judge Fallon,

If it pleases the court this is the documentation needed to secure the settlement funds that were awarded in the pretrial order no. 57 dated September 14, 2009 between defendant Merck & Co., Inc. and private third party payor claimants in the amount of $65 million dollars. Enclosed please find the stipulation of dismissal with prejudice as to all defendants signed by Merck Attorney Stephen Strauss on October 22, 2009 and my former attorney Christopher A. Seeger on February 17, 2008. As a result of my former attorney no longer representing me I am a pro se claimant and I am requesting the agreement funds be sent via wire to my account. Enclosed is a direct deposit slip to facilitate this process. I am also enclosing additional documentation related to this matter.

Sincerely,

*Antonio D. Denson*

Antonio D. Denson

Enclosures

CC:
Duty Agent
Federal Bureau of Investigations

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | CK ☐ CG ☐ CA ☐ |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Christoper A. Seeger, David R. Buchanan | (973) 639-9100 | Atlantic County |
| FIRM NAME (if applicable) | | DOCKET NUMBER (When available) |
| Seeger Weiss L.L.P. | | ATL-L-10471-06 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 550 Broad Street, Suite 920 | | Abbreviated Short Form Complaint |
| Newark, NJ 07102 | | JURY DEMAND ☑ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| ANTONIO DENSON, Plaintiff(s) | ANTONIO DENSON, Plaintiff(s) v. Merck & Co., Inc. Defendant |

| CASE TYPE NUMBER (See reverse side for listing) 619 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING? ☑ YES ☐ NO | IF YES, LIST DOCKET NUMBERS | Vioxx Mass Tort Litigation |
|---|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☑ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☑ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

RECEIVED and FILED
AUG 30 2006
ATLANTIC COUNTY
LAW DIVISION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE

Revised effective 4/1/05

**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
Telephone: (973) 639-9100

RECEIVED and
FILED

NOV 12 2009

ATLANTIC COUNTY
LAW DIVISION

ANTONIO D DENSON,

    Plaintiff(s),

v.

MERCK & CO., INC.,

    Defendant(s).

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

In Re: VIOXX® LITIGATION
Case Code No. 619

DOCKET NO. ATL-L10471-06-MT

**STIPULATION OF DISMISSAL
WITH PREJUDICE
AS TO ALL DEFENDANTS**

Pursuant to R. 4:37:1(a), the undersigned counsel hereby stipulate that all claims of plaintiff, Antonio D Denson, against defendant Merck & Co., Inc. and all other named defendants be dismissed in their entirety with prejudice, each party to bear its own costs.

SEEGER WEISS LLP

_____
Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Seeger Weiss LLP
550 Broad Street, Suite 920
Newark, NJ 07102
973-639-9100

Dated: 2-17-08

Attorneys for
Merck & Co., Inc.

_____
Stephen G. Strauss
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020

Charles Cohen
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY 10004
Phone: (212) 837-6000
Fax: (212) 422-4726

Dated: 10/22/09

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX             :   MDL NO. 1657
   PRODUCTS LIABILITY LITIGATION  :   SECTION: L
                         :
                         :   JUDGE FALLON
                         :   MAG. JUDGE KNOWLES

**This document relates to:**  *Antonio Denson*

## ORDER

Considering the application and affidavit to proceed in forma pauperis,

**IT IS ORDERED** that:

☒ the motion is GRANTED; the party is entitled to proceed in forma pauperis.

☐ the motion is DENIED; the party has sufficient funds to pay the filing fee.

☐ the motion is DENIED; the party is not entitled to proceed in forma pauperis for the listed reasons: _____

New Orleans, Louisiana, this 19th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

Clerk to serve:
   Antonio Denson
   Citrus Avenue
   Arcadia, FL 34266

1

CLERK, U. S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This relates to all cases. | * | |
| | * | MAG. JUDGE |
| | * | KNOWLES |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRETRIAL ORDER NO. 57
(Establishing Procedures and Deadlines for Private Third Party Payor
Common Benefit Fees)

Agreements dated September 14, 2009 between defendant Merck & Co., Inc. ("Merck") and private third party payor ("TPP") claimants provided for payments by Merck, respectively, of an aggregate settlement of $65 million by Merck to identified settling plaintiffs (the "TPP Settlement Agreement"), and $15 million as a Common Benefit Attorneys fee (the "TPP CBF Agreement"). The common benefit attorneys' fees under the TPP CBF Agreement remain to be allocated and disbursed to qualified common benefit attorneys. To implement the process for the award and disbursement of fee and costs for services under the TPP CBF Agreement, IT IS HEREBY ORDERED:

## I. PRIVATE TPP FEE ALLOCATION COMMITTEE

The Court designates and appoints the following counsel to comprise the Private TPP Fee Allocation Committee, to receive and consider applications and materials from all counsel seeking common benefit fees and costs under the terms of the TPP CBF Agreement for

protecting and advancing the common interests of private TPPs in this litigation, and to make award and disbursement allocation recommendations to the Court for its consideration:

| | |
|---|---|
| Russ M. Herman (Bar No. 6819)<br>HERMAN, HERMAN, KATZ<br>& COTLAR, L.L.P.<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Facsimile: (504) 561-6024 | Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| Christopher Seeger<br>SEEGER WEISS<br>77 Water Street<br>New York, NY 10005<br>Telephone: (212) 584-0700<br>Facsimile: (212) 584-0799 | Thomas M. Sobol<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway<br>Suite 301<br>Cambridge, MA 02142<br>Phone: (617) 475-1950 |
| Andy D. Birchfield, Jr.<br>BEASLEY ALLEN<br>218 Commerce Street<br>Montgomery, AL 36104<br>Telephone: (800) 898-2034<br>Facsimile: (334) 954-7555 | James R. Dugan II<br>THE DUGAN LAW FIRM<br>One Canal Place, Suite 1000<br>365 Canal Street<br>New Orleans, LA 70130<br>Telephone: (504) 648-0180<br>Facsimile: (504) 648-0181 |

## II.   PRIVATE TPP FEES AND COSTS APPLICATION PROCESS

Within two (2) days of the Court's entering of this Order, the Private TPP Fee Allocation Committee shall: (i) post a filed signed copy of this Order to LexisNexis, (ii) provide a filed signed copy of this Order and the TPP Settlement and CBF Agreements to all counsel, known to them, who have served on a Court-appointed private TPP-related committee or subcommittee, or who have otherwise performed common benefit work at the request of plaintiffs' leadership in this MDL or related state proceedings, and (iii) provide a filed signed copy of this Order and the TPP Settlement and CBF Agreements to at least one counsel for each of the settling health plans under the TPP Settlement Agreement. This Order shall be accompanied by a letter notice from

the Private TPP Fee Allocation Committee that requests submission from any firm seeking to recover common benefit fees or costs under the TPP CBF Agreement, the following information:

        a.      Name(s) of any settling TPP clients represented by such applicant as counsel of record at or before the time of execution of the TPP CBF Agreement.

        b.      A description identifying the parties, the claims, and the common benefit work performed in any of the private TPP cases filed in this MDL or related state proceedings in which the applicant performed common benefit work, including an identification of all hours worked and expenses.

        c.      Lodestar information with supporting documentation on time and costs claimed to be expended for the common benefit of private TPP plaintiffs, along with an identification as to whether such time has previously been submitted in connection with any other applications for fees or costs, and if so a detailed statement sufficient to identify the nature and extent of the overlap.

        d.      A brief description of the applicant's significant contributions to the common benefit of private TPP efforts in this MDL and/or related state proceedings.

        e.      Description of leadership roles/committee appointments pertinent to the common benefit of private TPP plaintiffs.

        f.      A certification signed by a member of the firm seeking to recover common benefit fees and costs setting forth all sources and amounts of any other previous payments received from private TPP Vioxx claimants, or sources and amounts of any previous payment or award for other Vioxx common benefit work.

### III. DEADLINE FOR SUBMISSIONS TO PRIVATE TPP FEE ALLOCATION COMMITTEE

Private TPP common benefit applicants shall have until September 16, 2011 to make the above-described submissions to the Private TPP Fee Allocation Committee, by sending an electronic copy of such information to Plaintiffs' Liaison Counsel, Russ M. Herman, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, Ph: (504) 581-4892, Fax: (504) 561-6024, Email: rherman@hhkc.com.

### IV. DEADLINE SCHEDULE FOR PRIVATE TPP FEE ALLOCATION COMMITTEE RECOMMENDATIONS

The Private TPP Fee Allocation Committee shall review and consider applications conforming to the above instructions, and shall submit its initial recommendations to the Court and circulate same to all applicants and TPP clients (through their respective counsel) by October 10, 2011. Applicants and TPP clients (through their respective counsel) shall have ten days therefrom, until October 20, 2011, to comment on or object to the Private TPP Fee Allocation Committee's initial recommendations. The Private TPP Fee Allocation Committee shall review any such comments or objections, and submit and circulate its final recommendations to the Court no later than November 7, 2011. The Court will consider the final recommendations of the Private TPP Fee Allocation Committee, and post the same on its website and invite comment or objections, institute any additional procedures it deems necessary, and issue an Order making an allocation and disbursement of fees and costs, and issue further instructions for payment by the escrow holder of the funds.

NEW ORLEANS, LOUISIANA, this 17th day of August, 2011.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

CHRISTOPHER A. SEEGER NJ NY
STEPHEN A. WEISS NY
DAVID R. BUCHANAN NJ NY
DIOGENES P. KEKATOS NY
MOSHE HORN NJ NY
JEFFREY S. GRAND NY
LAURENCE V. NASSIF NJ NY
MICHAEL L. ROSENBERG NJ NY
MARC S. ALBERT NY
JONATHAN SHUB CA CO NY PA

DONALD R. BRADFORD △ OK
JAMES A. O'BRIEN III △ MA NY
TERRIANNE BENEDETTO △ NJ NY PA
SINDHU S. DANIEL △ MI NJ PA

△ COUNSEL
Attorneys admitted in
states as denoted.

**SEEGER WEISS LLP**
ATTORNEYS AT LAW
550 BROAD STREET
NEWARK, NEW JERSEY 07102-4573
(973) 639-9100
FAX (973) 639-9393
www.seegerweiss.com

PARVIN K. AMINOLROAYA NJ NY
ASIM BADARUZZMAN NJ
RICK BARRECA NJ NY
KEVIN G. BOISVERT NJ RI
ASA R. DANES NY
DENNIS M. GEIER NJ NY
SCOTT A. GEORGE NJ PA
PERPETUA MGBADA NY
ANDREA M. PI-SUNYER NY
DENISE K. STEWART NJ
JOSEPH TSAI NJ NY
CHRISTOPHER M. VAN DE KIEFT NY
DANIEL R. WASP NJ NY
DIANA R. ZBOROVSKY NJ NY

January 24, 2011

**VIA FEDERAL EXPRESS**

Mr. Antonio Denson
804 Lyons Street
New Orleans, LA 70115

Dear Mr. Denson:

    We received notice from the law firm Bryan Cave LLP that you called and left a message inquiring about the financial relief that was awarded to the attorney in your case. Bryan Cave LLP represents the defendant, Merck & Co., Inc., in the Vioxx matter. Since you were previously represented by our firm, they forwarded your message to our office.

    As we have stated previously, since your specific case did not qualify for relief in the Vioxx settlement, Seeger Weiss did not receive any fee in your case. As we no longer represent you in this matter, if you have any additional questions, please contact Brown Greer PLC, the Claims Administrators in the Vioxx matter.

Very truly yours,

Christopher A. Seeger

CAS/ssd

**CLERK, U. S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO: ALL CASES**

## ORDER

On October 19, 2010, the Court issued an Order and Reasons valuing the common benefit work in the Vioxx MDL and associated state litigations which produced the global settlement of November 9, 2007. The Court ordered that 6.5% of the $4.85 billion settlement, or $315,250,000.00, be set aside to compensate attorneys who did common benefit work that contributed to the creation of the settlement. On August 9, 2011, after a lengthy process, the Court determined the proper method of allocating that common benefit fund among the attorneys who did common benefit work that produced the global settlement.

The next step in the process is distributing the amounts that have been allocated. The Court has received a report from the Claims Administrator regarding the amount it currently holds in a common benefit fund derived from the 6.5% assessment on settlement proceeds. That report is attached as an exhibit to this Order. The report indicates that less than $315,250,000.00 is currently held because amounts were distributed, or were not withheld from disbursement to claimants. The Court must determine how each of these amounts should be borne by the common benefit applicants.

Accordingly, the Court will hold a hearing on Thursday, September 29, 2011, at 9:00

1

**CLERK, U. S. DISTRICT COURT**

a.m., in Courtroom C468, to hear from the parties on this matter. Any interested parties may file briefs on or before September 20, 2011, and response briefs on or before September 26, 2011. After the hearing and consideration of the briefs submitted, the Court will issue a final judgment setting forth the specific amount to be distributed to each common benefit attorney, pursuant to Article 9 of the Master Settlement Agreement.

The Court notes that several motions have been filed requesting a stay of any distribution of common benefit attorney's fees pending an appeal of the Court's August 9, 2011 Order and Reasons to the United States Court of Appeals for the Fifth Circuit. The above-mentioned hearing is a necessary step before any distribution can take place, and accordingly any motions to stay distribution are premature at this time. After the Court issues an Order addressing how the shortfalls shall be addressed and setting forth the specific amounts to be awarded to each attorney, the motions for a stay will be ripe and the Court will take appropriate steps to address the matter before any distribution is made.

New Orleans, Louisiana, this 9th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

**CLERK, U. S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | SECTION: L |
| : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |

This document relates to:   ALL CASES

## JUDGMENT

Pursuant to the Court's Order and Reasons of August 9, 2011, (Rec. Doc. 63195) and Order and Reasons of September 26, 2011 (Rec. Doc. 63424), IT IS ORDERED, ADJUDGED, AND DECREED that common benefit attorneys' fees are awarded in the following amounts:

| | |
|---|---|
| Alley, Clark, Greiwe & Fulmer: | $500,000 |
| Alvarez Law Firm: | $15,000 |
| Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley | $4,000,000 |
| Anastopoulo & Clore, LLC | $15,000 |
| Andrews & Thornton | $600,000 |
| Ashcraft & Gerel | $9,000,000 |
| Audet & Partners, LLP | $1,415,000 |
| Aylstock, Witkin, Kreis & Overholz, LLC | $225,000 |
| Balkin & Eisbrouch | $15,000 |
| Brian K. Balser | $130,000 |
| Barnow & Associates | $15,000 |
| Barrios, Kingsdorf & Casteix, LLP | $1,800,000 |
| Bartimus, Frickleton, Robertson & Gorney | $15,000 |
| Beasley, Allen, Methvin, Portis & Miles | $34,304,612.65 |
| Becnel Law Firm, LLC | $500,000 |
| Robert M. Becnel | $30,000 |
| Bencomo & Associates | $327,500 |
| Blizzard, McCarthy & Nabers | $9,827,807.95 |
| Bossier & Associates | $20,000 |
| Branch Law Firm | $500,000 |
| Brandi Law Firm | $970,000 |
| Brown & Crouppen, PC | $73,000 |
| Bruce Dean, LLC | $0 |

In re: Vioxx Products Liability Litigation

| | |
|---|---|
| Bruno & Bruno, LLP | $75,000 |
| Burg, Simpson, Eldredge, Hersh & Jardine, P.C. | $500,000 |
| Cafferty Faucher | $30,000 |
| Capshaw Goss | $0 |
| Carey & Danis | $350,000 |
| Charfoos & Christiansen | $0 |
| Childers, Buck & Schlueter | $0 |
| Cohen Milstein | $750,000 |
| Cohen, Placitella & Roth, PC | $3,500,000 |
| Cunard Law Firm | $375,000 |
| Cuneo & Gilbert | $0 |
| Robert J. Debry | $15,000 |
| Dugan & Browne | $0 |
| Engstrom, Lipscomb & Lack | $390,000 |
| Escobedo Tippit & Cardenas | $1,600,000 |
| Fayard & Honeycutt | $15,000 |
| Fibich, Hampton & Leebron, LLP | $610,000 |
| Freese & Goss | $25,000 |
| Friedman Law Offices | $6,500 |
| Gainsburgh, Benjamin, Davis, Meunier & Warshauer, LLC | $2,500,000 |
| Gallagher Law Firm | $40,000 |
| Gancedo & Nieves | $700,000 |
| Gianni Petoyan | $30,000 |
| Girardi & Keese | $17,052,772.74 |
| Goldenberg Heller | $0 |
| Goza & Honnold | $70,000 |
| Hagens Berman | $0 |
| Heins Mills | $4,000 |
| Heninger, Garrison & Davis, LLC | $1,300,000 |
| Herman, Herman, Katz & Cotlar, LLP | $24,402,739.19 |
| The Holman Law Firm | $0 |
| Hovde, Dassow & Deets, LLC | $1,415,000 |
| Irpino Law Firm | $877,000 |
| Jacobs Burns | $0 |
| John Hornbeck | $300,000 |
| Johnson & Perkinson | $15,000 |
| Jones, Swanson Huddell & Garrison | $350,000 |
| Ted Kanner Law Office | $1,350 |
| Kasowitz, Benson, Torres & Friedman, LLP | $1,100,000 |
| Keller Rohrback | $0 |
| Kerpsack | $10,000 |
| Khorrami Pollard & Abir | $30,000 |

2

In re: Vioxx Products Liability Litigation

| Firm | Amount |
|---|---|
| Kline & Specter | $15,000,000 |
| Labaton Sucharow | $0 |
| Langston Law Firm | $0 |
| The Lanier Law Firm | $25,298,478.23 |
| Levin, Fishbein, Sedran & Berman | $17,802,345.16 |
| Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor | $13,035,229.16 |
| Levin, Simes, Kaiser & Gornick, LLP | $15,000 |
| Lewis & Roberts | $225,000 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $6,000,000 |
| Lockridge, Grindal, Nauen, PLLP | $1,100,000 |
| Locks Law Firm | $1,700,000 |
| Lopez, Hodes, Restaino, Milman & Skikkos | $1,500,000 |
| Lundy & Davis | $100,000 |
| Martin & Jones | $150,000 |
| Matthews & Associates | $1,750,000 |
| Mithoff Law Firm | $15,000 |
| Morelli Ratner | $2,250,000 |
| Motley Rice, LLC | $1,250,000 |
| Murray Law Firm | $850,000 |
| Neblett, Beard & Arsenault | $1,450,000 |
| Panish, Shea & Boyle | $1,640,000 |
| Price, Waicukauski & Riley, LLC | $15,000 |
| Richardson, Patrick, Westbrook & Brickman | $15,000 |
| Robins, Kaplan, Miller & Ciresi, LLP | $850,000 |
| Robinson, Calcagnie & Robinson | $6,000,000 |
| Roda Nast, P.C. | $300,000 |
| Sanders Viener Grossman, LLP | $15,000 |
| Seeger Weiss | $34,304,612.65 |
| Sheller P.C. | $325,000 |
| Shelly Sanford, PLLC | $6,800,000 |
| Silverman & Fodera | $73,000 |
| Singleton Law Firm | $180,000 |
| Snapka, Turman & Waterhouse, LLP | $1,100,000 |
| Texas Consortium | $18,005,006.17 |
| Ury Moskow | $0 |
| Law Offices of Eric H. Weinberg | $3,500,000 |
| Weitz & Luxenberg | $16,711,831.39 |
| White, Meany & Wetherall | $160,000 |
| Whitehead Law Firm | $45,000 |
| Williamson & Williams | $15,000 |
| Wold Law Firm | $580 |
| Zimmerman Reed | $0 |

In re: Vioxx Products Liability Litigation

Diane K. Zink                                           $0

New Orleans, Louisiana, this 27th day of September, 2011.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | : MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : SECTION: L |
| | : JUDGE FALLON |
| | : MAG. JUDGE KNOWLES |

This document relates to:  *Antonio Denson*

## ORDER

The Court has received a letter from Mr. Antonio Denson, addressed to the Clerk of Court for the Superior Court of New Jersey, Atlantic County, requesting "any and all of the records, including any settlement documents with my name on it, Antonio D. Denson, specifically any document that lists the amount of money, if any, allotted to Antonio D. Denson's claim in case code no. 619, docket no. ATL-L10471-06-MT" to be sent to the United States Court of Appeals for the Fifth Circuit. This is apparently related to Mr. Denson's continued pursuit of money for his allegedly Viox-related injury. IT IS ORDERED that the letter be entered into the record.

The Court has contacted the office of the Clerk of Court for the Superior Court of New Jersey, who indicated that it possesses no such records because Mr. Denson's claim was resolved through the Vioxx Settlement Program. Nonetheless, the Court will forward a copy of the letter to the Clerk of Court to take whatever action, if any, they deem appropriate.

1

New Orleans, Louisiana, this 27th day of April, 2011.

                                                                         UNITED STATES DISTRICT JUDGE

Clerk to serve:

Mr. Russ Herman  
Plaintiff's Liaison Counsel  
Herman, Herman Katz & Cotlar, LLP  
820 O'Keefe Ave.  
New Orleans, LA 70113

Antonio Denson  
327 Citrus Avenue  
Arcadia, FL 34266

Mr. Phillip Wittmann  
Stone Pigman Walter Wittmann, LLC  
546 Carondelet Street  
New Orleans, LA 70130

Claims Administrator  
BrownGreer PLC  
115 S. 15th St.  
Suite 400  
Richmond, VA 23219

Clerk of Court  
Superior Court of New Jersey  
Atlantic County, Civil Court  
1201 Bacharach Blvd.  
Atlantic City, NJ 08401

2

# SUPREME COURT OF NEW JERSEY
## DISTRICT ETHICS COMMITTEE
For Essex County
District V-A



Hall of Records, Room 308
465 Dr. Martin Luther King, Jr., Blvd.
Newark, NJ 07102
(973) 622-6107
(973) 622-6115-Fax

December 13, 2011

Stephen V. Falanga
*Chair*

Frank Magaletta
*Vice Chair*

*Secretary*

Jeffrey A. Petit
Angel M. DeFilippo
Thomas J. O'Leary
Paul M. da Costa
John J. Zefutie, Jr.
David A. Niles
Peter Choy
Andrew L. Statmore
Joshua N. Howley
Lindal L. Scott-Foster
Kenneth E. Sharperson
Dennis J. Duncan
Gary S. Lipshutz
Natalie S. Watson
Kenneth J. Sheehan
Eric A. Savage
Jonathan M. Peck
Cynthia S. Betz
Lan Hoang
Jose R. Rivera-Benitez
Jeffrey S. Soos
Frank J. DeAngelis
Richard Bernstein
John M. Deitch
Susan S. Singer
Sheila A. Woolson
Vincent F. Papalia
John C. Garde
Scott B. Murray
Nicole A. Leonard
Jana L. Taylor
Amer S. Pharaon
Agnes Antonian
Angela G. Foster
Linda G. Hampton
Stephen L. Petrillo
Elizabeth D. Silver
Richard A. Reinartz
Keith H. Green
Michelle D. Marzouk
Marianne K. Avery
Laurena T. White
Roberto R. L. Santos
Sandra B. Kenny

Mr. Antonio D. Denson
804 Lyons Street
New Orleans, LA 70115

RE: **Denson vs. Christopher A. Seeger**

Dear Mr. Denson:

You have failed to provide sufficient information and/or documentation for the undersigned to make an informed decision as to whether or not to docket your grievance.

If, you wish for this matter to be reconsidered, kindly advise in writing specifically what you believe this attorney did or did not do that was unethical.

However, be informed, *if* litigation *is* pending, the Supreme Court of New Jersey has established a policy of not considering any grievance received from a litigant in a pending civil or criminal matter, either about the conduct of a trial attorney or about the conduct of any attorney who is a party to the litigation; until the case is finally concluded. However, *if after* all litigation has ended you believe that any attorney of this state has engaged in unethical misconduct therein, you are at liberty to file a grievance setting forth the facts supporting your allegations. At that time, this committee may investigate and consider all grievances made.

After all appellate proceedings has been concluded or when the time for filing such proceedings has elapsed, you may, if you wish, file with me a grievance specifying the results of any such appellate proceedings and whether the ethical misconduct that you have allege to have occurred was claimed in such proceedings and the results thereof. At that time, the Committee will consider your grievance to determine whether any of the Rules of Professional Conduct was violated.

Enclosed is the return of your Attorney Ethics Grievance Form with attachments, we have not retained a copy.

Very truly yours,

William B. Ziff, Esq.
Acting Secretary

Enc: