UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657 SECTION L JUDGE FALLON MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

*All Cases*

### OPPOSITION OF LIAISON COUNSEL AND LEAD COUNSEL FOR CERTAIN CASES TO DEFENDANT MERCK & CO., INC'S USE OF *LONE PINE* REPORTS AS A BASIS FOR SUMMARY JUDGMENT

The undersigned is not counsel of record for Plaintiff, Rosie Escamilla or Plaintiff, Cheryl Kuykendall[1], but Merck's recent filings for summary judgment in both cases based *solely* on alleged deficiencies in plaintiffs' *Lone Pine* report necessitates this Opposition.  The Court long ago clarified that the *Lone Pine* requirements of record are **not** as onerous as they appear, and in fact Merck's counsel over a year ago announced that it was satisfied with the *Lone Pine* efforts of all remaining plaintiffs (even then pointing out numerous deficiencies, including to the undersigned's memory, the current naming error in the *Escamilla* case), and that Merck would use other methods to dispose of cases.[2]    Merck obviously hopes that the passage of time and its perceived need to conclude this litigation will somehow cause the *Lone Pine* report to morph into an essential element of each claim sufficient on its own to survive *Daubert* and prove causation.

---

[1]   Respectively, these two cases are matters 2:08-CV-03573-EEF-DEK and  2:05-CV-04991-EEF-DEK

[2]  These statements have been made in chambers, certainly, and perhaps during recorded hearings.  Counsel apologizes that a cited reference cannot be provided, but the undersigned will search for it if Merck disputes the accuracy of this representation, which is not expected.

In seeking summary judgment in these two cases, Merck now uses the *Lone Pine* requirement as a *prima facie* showing of causation, and moves for dismissal of Plaintiff Escamilla's and Plaintiff Kuykendall's claims.  Accordingly, the undersigned objects to Merck's transformation of the *Lone Pine* report to something it was not meant to be, and asks this Court to overrule any Motion for Summary Judgment filed by Merck based solely on the adequacy of the *Lone Pine* report.

On May 22, 2008, the undersigned appeared before the Court and objected to the requirements of PTOs 28 and 29 on the basis that a very short turnaround was expected, that a *Lone Pine* report was not required for any of the MI or IS cases, and that a written expert report is not required by the Federal Rules of Civil Procedure until 90 days before trial.  Fed. R. Civ. P. 26(a)(2).  The Court clarified its reasoning in enacting the *Lone Pine* requirement in this litigation, stating:

> To ask a claimant to submit a report that says they have a condition, and the condition is caused by Vioxx – I'm **not** asking for a *Daubert* report; I'm **not** asking for even a witness report; I'm **not** asking for someone to come forward and say, we're going to call this doctor as a witness. . . . I'm **not** looking for a report from somebody who the lawyer is going to call as a witness, I'm just trying to find out what a viable case is.  Hr'g Tr. (May 22, 2008) at 60 (*see* Merck's Motion, Ex. B) (emphasis added).

Multiple plaintiffs have now prepared their reports in accordance with the Court's clarification of the written language in PTO 28 and PTO 29.  Now, in the *Escamilla* case, Merck attaches a *Lone Pine* report and argues the alleged inadequacy of the report, as if that alone should entitle it to summary judgment (Rec. Doc. 63662).  Today, it did the same thing in the Kuykendall case (Rec. Doc. 63674).  As this Court has made clear, *Lone Pine* reports in this litigation were never meant to serve as expert reports *per se*, nor were they meant to establish causation.

For the foregoing reasons, the Court is respectfully requested to deny the Defendant's Motion.

Respectfully submitted,

/s/ Ann B. Oldfather
_____
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition of Liaison Counsel and Lead Counsel For Certain Cases to Defendant Merck & Co., Inc's Use of *Lone Pine* Reports As a Basis for Summary Judgment has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2012.

/s/ Ann B. Oldfather
_____
Ann B. Oldfather