IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX ) | MDL NO. 1657 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION: L |
| ) | |
| ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| ) | |
| ALL PURCHASE CLAIMS CLASS ) | JURY TRIAL DEMANDED |
| ACTION COMPLAINTS PENDING OR ) | |
| SUBJECT TO TRANSFER TO ) | PURCHASE CLAIMS MASTER |
| MDL 1657 ) | CLASS |
| ) | |
| ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE CLASS ALLEGATIONS IN PURCHASE CLAIMS MASTER COMPLAINT**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this notice of supplemental authority in support of its pending motion for judgment on the pleadings or to strike class allegations in plaintiffs' Master Complaint.

In its motion, Merck argued that the Court should strike plaintiffs' class allegations because of the need for highly individualized inquiries to resolve plaintiffs' claims for violation of the New Jersey Consumer Fraud Act (Count I, Compl. ¶¶ 199-209), violations of the consumer protection laws of other states (Count II, Compl. ¶¶ 210-262), unjust enrichment (Count III, Compl. ¶¶ 263-267) and breach of implied warranty (Count IV, Compl. ¶¶ 268-324). (*See* Mot. at 35.)  At the Court's April 1, 2011 Status Conference, plaintiffs' counsel advised the Court that "the Kentucky Supreme Court issued an order upholding the *Ratliff v. Merck* state court Vioxx class action under Kentucky Rule 23," as support for their position that these cases

are properly certifiable. (*See* Tr. 8:17-21, Apr. 1, 2011 (attached as Ex. 1).) In fact, however, the trial court's class-certification order has now been reversed, providing further support for Merck's argument that plaintiffs' class claims should be stricken. *See Merck & Co. v. Ratliff*, No. 2011-CA-000234-MR, 2012 Ky. App. LEXIS 31 (Ky. Ct. App. Feb. 10, 2012) (attached as Ex. 2).

In *Ratliff*, the plaintiff brought a putative class action against Merck, seeking to certify a class of Kentucky Vioxx purchasers alleging claims for violations of the Kentucky Consumer Protection Act ("KCPA"), fraudulent and negligent misrepresentation and unjust enrichment. Merck appealed, arguing, *inter alia*, that plaintiff's claims failed the predominance requirement of Rule 23 because they raised highly individualized questions with respect to loss, causation and reliance. The Court of Appeals agreed, and reversed certification.

According to the Court of Appeals, certification was improper because "each of the putative class members would have to show that his or her respective physicians individually relied upon the false or misleading information disseminated by Merck when prescribing Vioxx to them." *Id.* at *16. In this regard, the Court of Appeals noted that class certification is generally "not granted in prescription drug cases because of the individualized inquiries such litigation typically involves." *Id.* at *17 n.6 (citing *In re Baycol Products Litigation*, 218 F.R.D. 197, 204 (D. Minn. 2003)).) The court also noted that Mr. Ratliff's physician testified that he would still prescribe Vioxx to some patients if the medication were available today.

While the *Ratliff* court recognized (as plaintiffs have argued here) that reliance can be presumed in certain contexts, it went on to state that the "'fraud-on-the-market' approach has never been recognized in [Kentucky] for a fraud or misrepresentation case," and that "***every other jurisdiction we found which has been confronted with the theory has rejected it outside***

*of the securities litigation context*." *Id.* at *20 (internal quotation marks and citation omitted, emphasis added).  (*See also* Pls.' Opp'n to Def.'s Mot. for J. on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Compl. at 41, ECF No. 50123).)  For this reason, the Kentucky court rejected the plaintiff's proposed classwide proof model, concluding that "[c]ausation, reliance, and damages are required to be shown on an individual basis," and that "if the action were tried as a class . . . the case would essentially fragment into a series of amalgamated 'mini-trials' on each of these individualized questions."  2012 Ky. App. LEXIS 31, at *20 (citing *Kleinman v. Merck & Co., Inc.*, 8 A.3d 851, 859 (N.J. 2009)).

The *Ratliff* court also rejected certification of the plaintiff's unjust-enrichment claim, noting that "since each plaintiff may have had different medical conditions and circumstances at the time they were prescribed the drug, and because each may have experienced different effects from the drug as compared to its risks, a separate risk/benefit analysis would effectively have to be undertaken for each putative class member" to determine whether it would be inequitable for Merck to retain any benefit it obtained from each consumer's purchase of Vioxx.  *Id.* at *21.

Finally, the Court of Appeals held that the lack of predominance also meant that plaintiff failed Rule 23's superiority requirement:  "because these individualized questions would substantially overtake the litigation, and would override any common questions of law or fact concerning Merck's conduct, we find that a class action is not the superior mechanism by which to try" the *Ratliff* case.  *Id.* at *21-22.

*Ratliff* reaffirms Merck's arguments that plaintiffs' consumer-fraud claims turn on highly individualized proof of causation and that plaintiffs' unjust-enrichment claims would require individualized evidence as to whether it would be unjust for Merck to retain the benefit *each plaintiff* allegedly conferred on it.  Just as in *Ratliff*, plaintiffs' ability to prove that Merck's

alleged misstatements caused plaintiffs to suffer a loss will turn on what each proposed class member's physician knew about the alleged risks of Vioxx before prescribing it and whether his or her prescribing decision would have been different if more information had been available about the drug.  Similarly, whether it was unjust for Merck to retain the money each class member paid for Vioxx will depend on how much pain relief each putative class member received from the drug and whether that relief outweighed any alleged risk to the plaintiff given his or her medical history.  Accordingly, resolution of plaintiffs' claims will necessarily require highly individualized inquiries into the facts of each consumer's experiences, making a finding of predominance impossible.

For this reason, and all of the other reasons set forth in Merck's prior briefing, the Court should strike plaintiffs' class claims.

Dated:  February 22, 2012

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2012.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:    504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel