UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | Judge Eldon E. Fallon<br>Magistrate Judge Knowles |

THIS DOCUMENT RELATES TO:

*See Attached Exhibit A*

---

**ATTORNEY AFFIRMATION IN SUPPORT OF PLAINTIFFS'
MOTION TO EXCLUDE MOVANT FROM THE REQUIREMENTS
OF PTO 19 WITH REGARD TO THE SETTLEMENT OF
THE 16 CASES DESCRIBED IN THE INSTANT MOTION**

STATE OF NEW YORK   )
                                    ) ss:
COUNTY OF BROOME  )

**RONALD R. BENJAMIN** an attorney duly licensed to practice before the Courts of the State of New York, hereby affirms under penalty of perjury the following:

1. I am the attorney for plaintiffs who have sustained heart attacks or strokes and are in the process of settling their claims with Merck and make the instant affirmation in support of the motion to be excluded from the requirements of PTO 19 reasons which follow.

2. I have completed a settlement in principle with Merck regarding plaintiffs who have sustained heart attacks or strokes and am in the process of finalizing all matters relative to the same.

3. I have not derived any benefit from any of the work accomplished by the PSC in this litigation and have not had access to either the discovery compiled by the PSC, the PSC work product, or the trial package prepared by the PSC.

4. Although I do not doubt the PSC was acting in the best interests of the clients in the management of this litigation, as the Court may be aware, in the past I have taken positions that were at odds with the positions taken by the PSC.

5. I respectfully submit for the reasons described above I be excluded from the requirements of PTO 19 with regard to the PSC.

6. I do not believe PTO 19 would apply to Ms. Oldfather for plaintiffs who have sustained strokes or heart attacks and would note that she has recently acknowledged not providing any liaison or lead counsel services in connection my cases.  *See,* Oldfather Memorandum in Opposition to Merck and Company Inc.'s Motion Seeking Entry of a Comprehensive Scheduling Order for Certain "other injury" cases and "PTO 29" Cases., p. 1.

7. I do have some remaining cases in which plaintiffs have alleged deep vein thrombosis and injuries other than heart attack or stroke and agree those cases would be subject to PTO 19 and I am not seeking to be excluded from PTO 19's requirements as to these cases.

**WHEREFORE**, your affiant respectfully requests to be excluded from the requirements of PTO 19 with regard to the heart attack and stroke cases described above.

Dated: February 17, 2012
    Binghamton, New York

_____/s/_____
RONALD R. BENJAMIN Fed Bar Roll No.: 101131
LAW OFFICE OF RONALD R. BENJAMIN

126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442 (Telephone)
(607)   772-1678 (Facsimile)
ronbenjaminlaw@stny.rr.com

# EXHIBIT A

| | |
|---|---|
| **David Agard, et al., v. Merck & Co.** | **Case No.: 2:05-cv-01089 (Agard, Henderson)** |
| **Adnan Aljibory, et al., v. Merck & Co.** | **Case No.: 2:05-cv-01090 (Santacrose, Bozich)** |
| **Matthew Cavallo, et al., v. Merck & Co.** | **Case No.: 2:05-cv-01513** |
| **Lori Dufresne v. Merck & Co.** | **Case No.: 2:08-cv-3220** |
| **Marjorie Connolly, et al., v. Merck & Co.** | **Case No.: 2:06-cv-02708 (Curtis) (Hia)(Hoyt)** |
| **Marilyn F. Core, et al. v. Merck & Co.** | **Case No.: 2:05-cv-02583** |
| **Carlo Devincentiis, et al., v. Merck & Co.** | **Case No.: 2:05-cv-02297 (Pratt)** |
| **Robert D. Gates, et al., v. Merck & Co.** | **Case No.: 2:05-cv-06221 (Berthel)** |
| **James Spencer Oakley v. Merck & Co.** | **Case No.: 05-cv-5912** |
| **Anthony Orioles et al., v. Merck & Co.** | **Case No.: 2:09-cv-3612** |
| **Ronald Quackenbush, Sr., v. Merck & Co.** | **Case No.: 2:10-cv-04506** |
| **Mary Kurtz v. Merck & Co.** | **Case No.: 2:06-cv-05779** |