JOHN W. VARDAMAN
PAUL MARTIN WOLFF
WILLIAM E. MCDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
DAVID D. AUFHAUSER
BRUCE R. GENDERSON
F. LANE HEARD III
STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
MARK S. LEVINSTEIN
DANIEL F. KATZ

WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES
DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
EMMET T. FLOOD
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER
NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS

KANNON K. SHANMUGAN
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF
STEPHEN P. SORENSEN
F. GREG BOWMAN
ANA C. REYES
JONATHAN B. PITT
DAVID I. BERL
ELLEN E. OBERWETTER
EDWARD C. REDDINGTON
DANIEL P. SHANAHAN
VIDYA ATRE MIRMIRA
JESSAMYN S. BERNIKER
RICHMOND T. MOORE
KENNETH J. BROWN

_____

OF COUNSEL
JEREMIAH C. COLLINS
DAVID POVICH
JOHN G. KESTER
ROBERT P. WATKINS
CAROLYN H. WILLIAMS
MARY G. CLARK

January 20, 2011

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

      Re:    In Re: Vioxx Products Liability Litigation, MDL No. 1657

Dear Judge Fallon:

      As discussed at the last status conference, we have identified some key next steps for moving the current phase of the litigation forward for the personal injury cases, and we have attempted to confer with Plaintiffs' representatives on these matters. To that end, we sent a letter outlining our proposals to both Andy Birchfield and Ann Oldfather. We received a response on behalf of Mr. Birchfield indicated that he agreed with our proposals. We received no response from Ms. Oldfather.[1]

      Although Ms. Oldfather has not responded to our written proposal, at the last status conference she broadly stated that she thought the MDL Court should simply remand remaining cases rather than coordinate any additional general or case specific discovery. These assertions are entirely misplaced.

---

[1]    A similar sequence of events occurred last summer. We circulated a detailed proposal for coordinating discovery in all of the remaining cases, a copy of which was filed with the Court in advance of the July, 2010 status conference. No response or comments were received.

WILLIAMS & CONNOLLY LLP

Hon. Eldon E. Fallon
January 20, 2011
Page 2

This Court has already overseen extensive general discovery on issues common to all cases. In addition, the Court has overseen case specific discovery with respect to certain myocardial infarction cases, and conducted trials of five bellwether myocardial infarction cases. However, issues common to cases alleging all injuries remain, and case specific discovery has taken place recently in only a limited group of the non-bellwether cases, including cases alleging injuries other than myocardial infarction. In short, none of the remaining cases are "trial ready," and given the amount of work remaining to be completed, remand back to the transferor courts is not appropriate at this time.

Given this Court's detailed familiarity with the history of this litigation and experience with the key relevant issues, it would be the most efficient use of judicial resources for this Court to continue to supervise the remaining discovery in a coordinated fashion – rather than have dozens of other federal judges start essentially from scratch.

Set forth below are our proposals for moving forward on completing key discovery and motions practice in the 185 personal injury cases that remain pending in the MDL (as of 1/1/2011).[2] We are also forwarding a proposed order. If at all practicable, we ask that the Court address these matters prior to the February 24, 2011 status conference.

1. **PTO 29 and PTO 43 Cases**

    Discovery in these cases is currently stayed. The stay should be lifted, and discovery in these cases should proceed along with the PTO 28 cases.

2. **Generic Expert Discovery in Non-MI/Stroke/SCD Cases**

    After MI/Stroke/SCD cases – which have received substantial attention in this MDL—the next largest group of cases consists of alleged pulmonary embolism and deep vein thrombosis injuries ("PE/DVT" cases), followed by cases alleging a range of other injuries that have some cardiovascular element ("Other CV" cases).

    At the July 30, 2009 case management conference for cases being handled by Ms. Oldfather's PSC, Ms. Oldfather requested a period of four months or so to focus on finding general causation experts for these other injury cases (rather than focus on case specific discovery). In keeping with those representations, when the Court issued PTO 46 on August 20, 2009, the Order noted that "the time and resources of that committee should primarily be focused on investigating and marshalling issues

---

[2] We forwarded a copy of our version of the lists of these cases to both Mr. Birchfield and Ms. Oldfather on January 13, 2011.

WILLIAMS & CONNOLLY LLP

Hon. Eldon E. Fallon
January 20, 2011
Page 3

regarding general causation." Almost eighteen months have passed since that initial charge. This is clearly more than sufficient time to investigate and marshal issues regarding general causation in the other injury cases. Thus, the Court should issue a schedule for the exchange of generic expert reports. We propose the following dates:

- PE/DVT Cases – Plaintiffs produce generic expert report(s) by **March 31, 2011**; Defendant produces generic expert report(s) by **May 27, 2011**.

- Other CV Cases – Plaintiffs produce generic expert report(s) by **May 27, 2011**; Defendant produces generic expert report(s) by **July 29, 2011**.

3. **Protocol for Case Specific Discovery Within the MDL**

This Court has stated numerous times that it intends for cases to be "trial ready" prior to remand. To accomplish that goal in an expeditious and efficient manner, without imposing undue burden on any one firm, we propose the following:

- Merck would limit the number of depositions at this stage, and would only depose the plaintiffs/plaintiff representative, Vioxx prescriber(s), and up to three additional fact witnesses (e.g., treating physicians, family members).

- Additional depositions may be taken by agreement or upon leave of Court.

- For cases where counsel of record (as of 1/1/2011) has ten (10) or more cases pending in the MDL, Merck will not notice more than eight (8) depositions in the same month collectively in cases represented by that law firm, unless otherwise agreed.

- Case specific fact discovery shall be completed by the following deadlines:
    - PE/DVT Cases – July 29, 2011
    - Other/CV Cases – September 30, 2011
    - All other cases including MI/Stroke/SCD – November 30, 2011

\* \* \*

Under the timelines proposed above, the PE/DVT cases and the Other CV cases will be positioned for the submission of appropriate dispositive motions or *Daubert* motions; and/or ready for the selection of potential bellwether trial candidates this fall.

WILLIAMS & CONNOLLY LLP

Hon. Eldon E. Fallon
January 20, 2011
Page 4

        We request that the Court enter appropriate orders implementing the forgoing proposals. A Proposed order is enclosed.

        Sincerely,

        Douglas R. Marvin

cc: Andy Birchfield
    Ann Oldfather

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| ALL Personal Injury Actions | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

*************************************************************************

**[PROPOSED] PRETRIAL ORDER NO. [57]**
**(Case Management Order for Remaining Personal Injury Actions )**

This Court has pending before it approximately 185 cases in which plaintiffs have asserted personal injury claims and have submitted the "*Lone Pine*" preliminary case-specific expert reports required by PTO Nos. 28, 29 and 43.

To govern the development of discovery in these cases and thereby advance the preparation of these claims for trial.

**IT IS HEREBY ORDERED:**

**I.   APPLICABILITY OF ORDER**

This Order shall govern all cases subject to PTO Nos. 28, 29 and 43.

**II.   LIFTING OF STAY**

Pretrial Order No. 30 stayed all litigation proceedings pending in this MDL, except as provided for in PTO Nos. 28 and 29. At various times, this stay has been partially lifted in accordance with written orders of this Court. It is hereby **ORDERED** that the stay of litigation proceedings in Pretrial Order No. 30 is hereby lifted for all purposes.

### III. REMAINING DISCOVERY IN THE MDL

The Court now finds it appropriate and necessary to the completion of MDL proceedings to set deadlines related to discovery to proceed in the MDL. The Court will issue an order establishing a schedule for the litigation of significant motions including *Daubert* motions and dispositive motions at a later date.

All remaining generic discovery and case specific factual discovery shall take place in accordance with Pretrial Order Nos. 9 and 13. All fact and expert discovery will be completed by the parties in the MDL prior to consideration of any motions to remand/transfer. It is the intention of this Court that any individual cases that are remanded back to transferor courts will be remanded in a "trial ready" posture.

Further proceedings in this MDL in the personal injury actions will proceed based upon the following groupings of cases: "Group 1" will consist of all DVT, PE and other injury cases, regardless of the date filed. "Group 2" will consist of all remaining Stroke cases (including ischemic strokes, cerebral vascular accidents, hemorrhagic strokes, strokes of any other origin, and "mini-strokes" or transient ischemic attacks), regardless of the date filed. "Group 3" will consist of all remaining MI and SCD cases, regardless of the date filed. "Group 4" will consist of all FES cases – cases that have served a Future Evidence Stipulation pursuant to the Vioxx Resolution Program (*see also* PTO No. 43).

### IV. GENERAL CAUSATION FOR DVT, PE AND OTHER INJURY CASES

After MI/Stroke/SCD cases – which have received substantial attention in this MDL and which were the subject of extensive bellwether trials—the next largest group of cases consists of alleged pulmonary embolism and deep vein thrombosis injuries ("PE/DVT" cases),

2

followed by cases alleging a range of other injuries that have some cardiovascular element ("Other CV" cases).

On July 13, 2009, this Court issued PTO 45 which established a special Plaintiffs' Steering Committee to coordinate certain remaining personal injury cases including the PE/DVT and Other CV cases. That Committee was charged, in part, with investigating and marshalling issues regarding general causation. Having found that a sufficient period of time has lapsed for this investigation and analysis, the Court instructs the parties to prepare and exchange expert reports on the general causation issues. The reports shall be exchanged on the following schedule:

### *PE/DVT Cases*

- Plaintiffs produce generic expert report(s) by **March 31, 2011**;
- Defendant produces generic expert report(s) by **May 27, 2011**.

### *Other CV Cases*

- Plaintiffs produce generic expert report(s) by **May 27, 2011**;
- Defendant produces generic expert report(s) by **July 29, 2011**.

**V.    REMAINING CASE SPECIFIC FACTUAL DISCOVERY**

All remaining case specific discovery shall be completed on the following schedule:

- *PE/DVT Cases* – **July 29, 2011**
- *Other/CV Cases* – **September 30, 2011**
- All other cases including *MI/Stroke/SCD* – **November 30, 2011**

3

Case specific discovery is subject to the following limitations:

- Without additional leave of Court, in an individual case, Merck may notice and take the deposition of the plaintiffs/plaintiff representative, all Vioxx prescribers, and up to three additional fact witnesses (e.g., treating physicians, family members).

- Additional depositions may be taken by agreement or upon leave of Court.

- For cases where counsel of record (as of 1/1/2011) has ten (10) or more cases pending in the MDL, Merck will not notice more than eight (8) depositions in the same month collectively in cases represented by that law firm, unless otherwise agreed.

NEW ORLEANS, LOUISIANA, this _____ day of January, 2011.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE