UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *All Cases* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK'S RESPONSE TO LIAISON COUNSEL OLDFATHER'S OPPOSITION TO USE OF *LONE PINE* REPORTS**

Liaison Counsel for PSC II (Ann Oldfather) has filed a general objection to Merck's use of Lone Pine reports in support of a motion for summary judgment.  This objection (Rec. Doc. 643749) was not filed in any specific case, but was apparently sparked by Merck's recent motions in the *Escamilla* and *Kuykendall* matters.[1]  The objection is entirely misplaced, and runs contrary to this Court's prior rulings.

1.       This Court previously indicated that if a plaintiff submitted a document from a medical person that purported to be a *Lone Pine* report, then a motion to dismiss under PTO 28 was not appropriate because plaintiff had actually submitted *something* to comply with the Order.  Instead, this Court indicated that Defendant should pursue a Rule 56 motion if there were a problem with the content of the report that was submitted.  *See* Order granting summary judgment in favor of Merck on the claims of Plaintiff Asa McDaniels, Dec. 17, 2009, ECF No. 30193.  And, Merck has pursued this procedure in numerous instances.[2]

---

[1]       As noted in her Opposition, Ms. Oldfather is not counsel for either Plaintiff Escamilla or Plaintiff Kuykendall.

[2]       Counsel's contention that "in fact Merck's counsel over a year ago announced that it was satisfied with the *Lone Pine* efforts of all remaining plaintiffs" is simply not true.  While

2.  Although this Court has previously explained that the *Lone Pine* reports need not be sufficient to satisfy *Daubert* standards, the reports did need to make some *prima facie* showing of a claim – *i.e.*, that the plaintiff was injured by taking Vioxx. This Court boiled down the *Lone Pine* requirements to very simple terms:

> - "***To ask a claimant to submit a report that says they have a condition, and the condition is caused by Vioxx*** – I'm not asking for a Daubert report; . . . But, for a plaintiff lawyer to have a case for four years and not have any access to ***a report that says this claimant's injury results from the taking of Vioxx***, after seven years if you don't have that in your file, it's a problem, I think."
>
> May 22, 2008 Transcript at 60 (excerpts attached as Exhibit A) (emphasis added).
>
> - "And how do I get to the bottom [of] it? How do I separate the wheat from the chaff in these matters other than to say, ***get me a report from somebody who says, assuming all of this to be true, I think my patient's problem is due to Vioxx***? That might pass muster."
>
> May 22, 2008 Transcript at 64 (Exh. A) (emphasis added).

3.  Thus, at a minimum, plaintiffs must submit a report that says "they have a condition, and the condition is caused by Vioxx." Whether or not such an opinion could withstand *Daubert* scrutiny is an entirely separate question from whether the opinion is actually being offered in the first instance.³ In the cases where Merck has moved for summary judgment, the proffered reports do not provide such an opinion – in one case, the physician makes no attempt to link the alleged injury to Vioxx usage that took place several years before, but instead recites various known cardiac risk factors of plaintiff that could have caused his event; in the

---

Merck's counsel has acknowledged that all plaintiffs have submitted a *Lone Pine* report, counsel never suggested satisfaction with the substance of each and every report.

³   For instance, there have been literally dozens of *Lone Pine* reports that state opinions in conclusory fashion without any meaningful explanation of the basis for those opinions. Merck has not sought to challenge those given the relatively minimum threshold that has been set out for plaintiffs at this stage. For the cases where plaintiffs have not made even this minimal showing, Merck has pursued the appropriate motions.

second case, the physician says that the medical records do not show the injury alleged by plaintiff. [4]

4.   Moreover, *after* the May 22, 2008 hearing referenced above and in Liaison Counsel's Objection, this Court issued a written order further explaining what kind of showing plaintiffs must make. *See* May 30, 2008 Order (Rec. Doc. 14567). This Court explained that PTO 28 is a "type of pre-trial order" that is "commonly known as a *Lone Pine* order," and that "*Lone Pine* orders have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." May 30 Order at 3 (citing *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Super. Nov. 18, 1986) (citations and internal quotation marks omitted).)

5.   This Court further explained:

> [A]t this advanced stage of the litigation, it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether that injury be deep vein thrombosis, a heart attack, an ulcer or some other malady. Surely if Plaintiffs' counsel believe that such claims have merit, they must have some basis for that belief; after all this time it is reasonable to require Plaintiffs to come forward and show the basis for their beliefs and some kind of basic evidence of specific causation.

*Id.* at 5.

6.   What this Court said in 2008 remains true today, "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury," and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury." *Id.* at 5-6.

---

[4] In the reports that were the subject of prior summary judgment motions granted by this Court, the reports likewise made no attempt to offer a causation opinion linking plaintiffs' alleged injuries to Vioxx. *See, e.g.*, Orders granting summary judgment in favor of Merck on the claims of Plaintiffs James Nelson, March 18, 2011, ECF No. 62701, and Darlene Harris, Sept. 23, 2011, ECF No. 63426.

3

7. In some instances, plaintiffs have failed to make this showing.  Thus, Merck has filed the appropriate motions.  For the foregoing reasons, and the reasons stated in the memoranda filed in those individual cases, Merck's motions should be GRANTED.

Dated:  February 24, 2012 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 /s/ Dorothy H. Wimberly
　　　　　　　　　　　　　　　　　　　　　　Phillip A. Wittmann, 13625
　　　　　　　　　　　　　　　　　　　　　　Dorothy H. Wimberly, 18509
　　　　　　　　　　　　　　　　　　　　　　STONE PIGMAN WALTHER
　　　　　　　　　　　　　　　　　　　　　　WITTMANN L.L.C.
　　　　　　　　　　　　　　　　　　　　　　546 Carondelet Street
　　　　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana 70130
　　　　　　　　　　　　　　　　　　　　　　Phone: 504-581-3200
　　　　　　　　　　　　　　　　　　　　　　Fax:    504-581-3361

　　　　　　　　　　　　　　　　　　　　　　Defendants' Liaison Counsel

　　　　　　　　　　　　　　　　　　　　　 —and—

　　　　　　　　　　　　　　　　　　　　　　Douglas R. Marvin
　　　　　　　　　　　　　　　　　　　　　　Eva Petko Esber
　　　　　　　　　　　　　　　　　　　　　　M. Elaine Horn
　　　　　　　　　　　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　　　　　　　　　　　725 Twelfth Street, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　　　Phone: 202-434-5000
　　　　　　　　　　　　　　　　　　　　　　Fax:    202-434-5029

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Scheduling Order has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) in accord with the procedures established in MDL 1657 on this 24th day of February, 2012.

                */s/ Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Phone:  504-581-3200
                Fax:     504-581-3361
                dwimberly@stonepigman.com