UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | § | |
| | § | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | § | |
| SECTION L | § | |
| | § | |
| This document relates to: | § | |
| | § | |
| All Cases | § | JUDGE FALLON |
| | § | MAG. JUDGE KNOWLES |

**RESPONSE BY PLAINTIFFS' LIAISON COUNSEL AND
THE PLAINTIFFS' STEERING COMMITTEE TO MOTION FOR
EXTENSION OF TIME TO DISCLOSE GENERAL CAUSATION
EXPERTS AND MOTION TO COMPEL DELIVERY
OF THE VIOXX CONCORDANCE DATABASE**

Plaintiff's Liaison Counsel, Russ M. Herman, ("PLC") and the Plaintiff Steering Committee ("PSC") file this response to the Motion for Extension of Time to Disclose General Causation Experts and Motion to Compel Delivery of the Vioxx Concordance Database filed by Ann Oldfather [Rec. Doc. 63668]. PLC and PSC take no position with respect to the Oldfather request for extension of time to disclose general causation experts for VTE plaintiffs.

PLC and PSC take issue with Ms. Oldfather's attempts to lay blame and accuse PLC and PSC for delays caused by Ms. Oldfather and counsel representing certain individual plaintiffs. As this Court is fully aware, the global settlement of approximately 50,000 claimants in the Vioxx litigation occurred November 9, 2007. At that time, the PSC had developed a trial package that had been made available to all plaintiffs counsel. Furthermore, multiple depositories throughout the United States (Alabama, California, Louisiana, and New York) had been available for access. Millions of documents had been produced by Merck, as well as third party documents. A substantial amount of material had been the subject of subpoenas and volumes of deposition transcripts and trial transcripts, together with Exhibits, had been amassed.

1

All of this material was contained either in hard copy or electronic copy in the depositories. The PSC spent thousands and thousands of dollars setting up depositories and maintaining materials throughout the course of the Vioxx litigation. Individual counsel representing plaintiffs in the Vioxx litigation have had opportunity to access the PSC depositories since the inception of the MDL. Both members of the PSC and PLC have offered throughout this litigation to provide analysis of documents in the depositories, including work performed by the PSC, relating to the science case, adverse events, expert discovery, etc. Merck made its production of discovery in the Vioxx litigation substantially, for the most part, on external hard drives and CDs. **Copies of all such Merck productions are available in the New Orleans, Louisiana, depository and were made available to Ms. Oldfather in the forms in which they were received by the PSC.** It was the PSC's work product that enabled the Merck production to be imaged, indexed and organized through the Vioxx Concordance database. Substantial funds were expended by the PSC to accomplish this. PLC and members of the PSC have met several times over the past few years at the request of Ms. Oldfather to discuss the millions of documents produced by Merck and to explain to Ms. Oldfather the work performed by the PSC to create the trial package. An index of materials housed in the depository was provided to Ms. Oldfather in advance of her most recent visit to the New Orleans, Louisiana, depository on January 18, 2012. No inquiry was ever made to PLC of the index in advance of Ms. Oldfather's visit on January 18, 2012.

Ms. Oldfather seeks to have PLC and/or the PSC perform work that is the responsibility of individual claimants' counsel and/or Ms. Oldfather. The raw data produced by Merck and assembled by the work of the PSC is available to individual claimants' counsel and Ms. Oldfather, just as it was made available by Merck (note additional materials from third parties and some work product of the PSC has also been made available to Ms. Oldfather). At no time has anyone other than Ms. Oldfather and members of her firm visited the depositories to review

the voluminous material contained in the depositories. Furthermore, at no time during Ms. Oldfather's visit beginning January 18, 2012 were any complaints made to Russ Herman who was available throughout Ms. Oldfather's visit to the depository. Ms. Oldfather and individual claimant's counsel must "roll up their sleeves" and do their own work. Placing blame on PLC and/or the PSC for delays and failure to review discovery at this late date in the Vioxx litigation is inappropriate. Every courtesy and accommodation was given to Ms. Oldfather and the others from her office. On April 28, 2009, Ms. Oldfather was appointed Liaison Counsel. At no time has Ms. Oldfather ever offered to pay the cost of maintaining the PSC's Concordance database, including hardware and software costs. Because very few counsel was requesting access to the depositories after the global settlement[1] the PSC elected not to expend substantial dollars to purchase software updates and additional hardware to keep the Concordance database accessible on a 24/7 basis. As a result, Ms. Oldfather complains that 2 ½ years after the global settlement, she could not have immediate access to the Concordance database of the PSC. Ms. Oldfather only gave a few days notice of her intent to appear in New Orleans and have access to the Concordance database. Immediately upon being notified, that Ms. Oldfather intended to be in New Orleans[2], efforts to load the Concordance database to make all documents accessible and usable were undertaken. PLC retained an outside IT expert who came to the depository, at considerable expense to the PSC, to begin the task of loading the many million pages of documents. While it is true that the concordance documents were not fully loaded by the time Ms. Oldfather arrived at the depository, Ms. Oldfather was provided the same hard drive and hard copy materials that were provided by Merck to the PSC. Furthermore, Ms. Oldfather was

---

[1] Though AG and TPP claimants did request information and access, no complaints had been made to the benefit and work provided by the PSC to those parties.

[2] A request was made to Ms. Oldfather to move the date back so that additional lead time could occur.

advised that she could make repeated visits to the depository and view any additional material she desired.[3] Ms. Oldfather has not yet offered to pay for any expenses that are being incurred in making the PSC's materials available. Alternatively, Ms. Oldfather could take the electronic data produced by Merck to the PSC, which she has copies, and create or establish a depository at her own expense.

One issue is clear from Ms. Oldfather's brief. The PSC investigated numerous Vioxx related injuries. Extensive scientific articles and peer reviewed materials are contained within the depository. Merck's discovery production reveals additional information. The PSC investigated deep vein thrombosis as well as issues other than MI and strokes. Ms. Oldfather in her brief acknowledges that during her visit to the depository such information was revealed to her and made available.

In summary, Ms. Oldfather desires for PLC and the PSC to do the work that is the responsibility of Ms. Oldfather as Liaison Counsel and those individual counsel to whom she is responsible.

Respectfully submitted,

Date:   February 27, 2012         By: /s/ Russ M. Herman_____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephan J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone (504) 581-4892
**Plaintiffs' Liaison Counsel**

---

[3] Ms. Oldfather has not recruited other lawyers with similar claims to participate in discovery.

4

**Andy D. Birchfield, Jr.**
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
P. O. Box 4160
Montgomery, AL 36103-4160
Telephone: (334) 269-2343

**Christopher A. Seeger**
**Seeger Weiss**
One William Street
New York, NY 10004
Telephone: (212) 584-0700

**PLAINTIFFS CO-LEAD COUNSEL**

**PLAINTIFFS' STEERING COMMITTEE**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER &WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO,
THOMAS,MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

Arnold Levin, Esquire
Fred S. Longer, Esquire
LEVIN, FISHBEIN, SEDRAN &
BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
Sanford Law Firm
16225 Park Ten Place, Suite 500
Houston, Texas 77008
(877) 447-6677 (telephone)
(713) 524-6611 (telecopier)

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Phillip Wittmann, and Ann B. Oldfather, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 27th day of February, 2012.

    /s/ Leonard A. Davis
Leonard A. Davis, #14190
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhkc.com