UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCT LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | |
| This Document relates to: | * | **HONORABLE JUDGE FALLON** |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| Dennis Harrison | * | |
| Pro Se 2:07-cv-00905-EEF-DEK | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" CASES INCLUDING BONE-SPINE INJURY   (Dennis Harrison 2:07-cv-00905-EEF-DEK)**

During the progression of this MDL, the Plaintiff Steering Committee's (i.e. PSC-I and PSC-II) leadership responsibilities have been overlapping and confusing. It is (still) unclear whether the original Plaintiffs' Steering Committee ("PSC-I") and Lead Counsel of such intend to assume any responsibilities regarding the heart attack and stroke cases that have yet to settle.

HOWEVER, it is **INDISPUTABLE THAT neither (PSC-I and its Lead Counsel) intends, or ever really intended, to assume any responsibilities for proper pre-trial Discovery of the bone-spine harm suffered by the Plaintiff Dennis Harrison (Pro Se 2:07-cv-00905-EEF-DEK)**. Nor will Merck acknowledge the bone-spine injuries caused by Vioxx – undoubtedly by thousands of victims that never knew why they did not heal properly. Simple math/statistics would indicate approximately 100,000 American victims[1] suffered.

---

[1] 20 million American Vioxx users intersecting approximately a 2-3% fractured bone-spine rate; conservatively reduced by about 80%.

1

Instead, Merck rolls along denying any such link. Merck further broadcasts its intention by never mentioning the bone-spine PI as a separate injury class. Merck continues to classify bone-spine PI in the "other injury" category. *As in bone-spine PI, the "other injury" category has been deprived of proper discovery by the "original" PSC (PSC-I) and is sorely in need of the benefits that the "new" PSC (PSC-II) is willing and has to offer.*

Plaintiff vehemently argues that Merck is again attempting to quash "non main-stream" cases (i.e. "other injury" of which bone-spine healing is one of) without proper Discovery. Merck has been, and still is, being assisted by the first PSC (PSC-I) and its lead counsel in creating an atmosphere attempting to neatly separate PI classes (especially "other PIs"). Merck then champions legal maneuvering, not the "Science of Vioxx", in creating confusion and withholding of vital information from PSC-II.

Merck's "scorch the earth" policy is powered via denial, ignoring the science of Vioxx, ignoring the pleas of respected and acknowledged institutions and surgeons (even its own paid consultant (T. Einhorn; Boston, MA), intimidation and threatening of surgeons and physicians, generalization, marginalization, and separation from the "main-stream" cases (MI/Stroke).

PSC-I's history is one of merely feigning true litigation and a healthy adversarial relationship with Merck. PSC-I now also feigns cooperation with PSC-II, but its practice is certainly different than the appearance it attempts to provide to this Honorable Court.

**The day of reckoning, after years of malignant neglect and legal abuse by the PSC-I has now approached.** This MDL, via PSC-I, has now reached a fork in the road. One direction leads to a path of maintaining confusion and its theatrics of deceit and deception towards PSC-II. The other direction, one favored by Plaintiff Dennis Harrison, is for the PSC-I to finally and fully cooperate with PSC-II. PSC-I needs to decouple its collusive relationship with Merck, stop feigning that it has, or is, properly representing litigants, and simply allow PSC-II an unfettered

opportunity for the PSC-II to properly address "other injury" general causation – something that PSC-I never attempted to do. PSC-I worked hard to provide to this Honorable Court the "appearance" of properly addressing "other injuries" while at the same time it was bargaining away the rights of all Plaintiff's – "mainstream" and "non-mainstream" litigants. PSC-I continued its secretive and manipulative ways as it marched towards a controversial "private settlement" with Merck. Plaintiff Dennis Harrison assures the court that he has ample evidence that most litigants believed that PSC-1 was collusive with Merck, intimidating to the litigants, arrogant and took part (with Merck) in defining a "private settlement" which was nothing less than a confusing sham.

*Plaintiff Dennis Harrison asks: with the very significant harm of legal rights that PSC-I has perpetuated upon "mainstream" litigants, why should Plaintiff Dennis Harrison feel that the PSC-I ever had anything else in its sights for said Plaintiff*?

The Plaintiff's in the "other injury" (including Plaintiff Dennis Harrison's bone-spine PI) category desperately need the efforts of the PSC-II. Plaintiff Dennis Harrison requests all the assistance possible from PSC-II to right this wrong.

Plaintiff Dennis Harrison understands that the PSC-II has priorities within classes of injuries, and accepts the priorities that PSC-II is attempting to make to ensure that the Discovery Process becomes fair and balanced.

The following are but a sample of PSC-1's egregious statements made to Plaintiff D. Harrison early on in this litigation. <u>**How could one possibly expect that Plaintiff Dennis Harrison's allegations, moved far away from his home state, were in "good hands?"**</u> *Surely the PSC-I was interested in only "mainstream" (PI/Stroke) cases,* and was on a path towards marginalizing "other injuries". Plaintiff Dennis Harrison's allegations were considered a nuisance by PSC-

3

I, even while PSC-I feigned a modicum of interest. In spite of Plaintiff Dennis Harrison's pleas for proper PSC-I representation, PSC-I chose to ignore his injury.

Note Plaintiff Dennis Harrison's communications with the PSC-1 as Plaintiff was seeking to understand the scope and commitment of PSC-I.

(1) The first email (2006) with PSC-I apparently patronizes Plaintiff D. Harrison

**From: Seeger, Chris <mailto:cseeger@seegerweiss.com>**
**To: DH <mailto:dharrison6@hvc.rr.com>**
Sent: Friday, September 01, 2006 1:32 PM
Subject: RE: POSSIBLY AN OPPORTUNITY TO EXPAND DISCOVERY, AND hence patterns of neglect, deceit and fraud.can the PSC represent my DISCOVERY (1:06cv932 - Harrison vs. Merck)?

**Thanks for your email Dennis. I've read it and the release and I've forwarded it to the PSC for discussion next week. I'll get back to you as soon as I can.**

(2) Plaintiff D. Harrison asks for a status nearly one whole month later as time had surely passed "next week"

**From: DH <dharrison6@hvc.rr.com>**
**To: Seeger, Chris <cseeger@seegerweiss.com>**
Sent: Thu Sep 28 11:41:54 2006
Subject: Fw: POSSIBLY AN OPPORTUNITY TO EXPAND DISCOVERY, AND hence patterns of neglect, deceit and fraud - can the PSC represent my DISCOVERY? (1:06cv932 - Harrison vs. Merck)
**Dear Chris:**

**Please provide me some kind of status on this.**
**Thank You,**
**Sincerely**
**Dennis Harrison**

**(3) The PSC, one day later, feigns ignorance and indicates the PI is not being pursued.**

**From: "Seeger, Chris" <cseeger@seegerweiss.com>**
**To: <dharrison6@hvc.rr.com>**
Sent: Thursday, September 28, 2006 12:06 PM
Subject: Re: POSSIBLY AN OPPORTUNITY TO EXPAND DISCOVERY, AND hence patterns of neglect, deceit and fraud.can the PSC represent my DISCOVERY (1:06cv932 - Harrison vs. Merck)?

**I don't know what you mean by status. Dennis, the PSC is not pursuing your kind of claim for many reasons….**

**(4) Plaintiff D. Harrison is told "YOU NEED TO DO THIS YOURSELF"**

9-28-2006 at 5:06 a.m. The PSC sent me this email:

**Dennis, as I said in my last email, the PSC is not pursuing discovery on your type of injury.  You need to do this yourself.  We'll help any other way we can.**
------
Sent from my BlackBerry Wireless Handheld --------------------

Plaintiff begins to understand that he is being sequestered into a **HOSTILE LEGAL ENVIRONMENT** – one spearheaded by an errant PSC (PSC-I). PSC-I's methodology promises but does not deliver, it uses time as an ally hoping a "problem" (esp. "other injury") will go away, and one which attempts to use confusion as a tool against a litigant that does not fit the neat set and structure of PIs that the PSC-I is "investigating".

Plaintiff then attends NOLA on December 14, 2006 but was unsuccessful in seeking a second PSC at the time. Notably at the meeting, Merck and the PSC-I took exception (via objection and patronizing) to this Plaintiff's efforts to define a level playing field. **(NOTE that Plaintiff was in essence asking for the benefit of the equivalent of the PSC-II to investigate "other injuries" of which bone-spine healing was one!)**

In his "OPPOSITION MEMORANDUM -  IN OPPOSITION TO DISMISS DOCKET NO. 17,840 -  BY MERCK DEFENDANT LAISON COUNCIL (DLC) ON 2-25-09",** Plaintiff Dennis Harrison provides point of view that the PSC-I, in collusion with Merck, even attempts to persuade the court that proper "Discovery" was being accomplished, when in fact PSC-I was working very hard to please the court with only the appearance of proper "Discovery".

5

*In the same "OPPOSITION MEMORANDUM" please note argument (3) "as the court explained"*

> In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury" and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury"

While Plaintiff Dennis Harrison understands, and complies (Lone Pine) with the court's position - Plaintiff must again point out that "extensive work" already performed in this MDL, is a misnomer, as ***NO WORK has been performed in this MDL (i.e. PSC-I and its Lead Counsel) for this Plaintiff's issue of bone and spine healing. Nor has any significant work been accomplished by PSC-I for non-mainstream cases ("other injuries").*** Perhaps incidental evidence in support of "other injuries" may appear, but surely the PSC-I would not follow such incidental evidence as it pursued **ONLY** "mainstream" PIs.

Plaintiff Dennis Harrison concurs that Ann B. Oldfather (KBA Bar #52553; Liaison Counsel/Lead Counsel has essentially served single-handed as the PSC (i.e. PSC-II) for those cases since then. In fact, had it not been for her pursuance, Plaintiff Dennis Harrison's litigation (PTO 28 Lone Pine compliance) may have continued to be "misplaced" (per D. Marvin – Merck) during the time when this Honorable Court ordered Merck to provide the names of PTO 28 Lone Pine compliant litigants to PSC-II.

This MDL has largely been resolved in phases. Given the resolution of many portions of this MDL, the personal injury cases and their resolution (including "other injuries") are now one

6

of the Court's primary points of focus. After extensive debate at the last status conference on January 5, 2012, it was determined by the Court that Ann B. Oldfather in her role as Lead Counsel, should focus on obtaining general causation proof for the remaining venous thromboembolism ("VTE") cases and provide an expert report by May 7, 2012. Accordingly, she is in the process of gathering that proof.

A benefit of an MDL for plaintiffs is the coordination of discovery and conducting of proof by a PSC, and the plaintiffs' ability to benefit from those collective efforts. ***Plaintiff Dennis Harrison's allegations of bone-spine injury simply did not benefit from coordination of discovery, as there simply was no (PSC-I) discovery.*** For the same reasons and in the same manner that the heart attack and stroke cases were allowed to benefit from consolidation in the MDL and from the work of the original PSC, **so too should the 26 "other injury" plaintiffs identified on Merck's Exhibit A (not attached) have the benefit of the MDL.** Plaintiff Dennis Harrison is one of those plaintiffs entitled to the common benefit work which will be accomplished by PSC-II and any spinoff proof that follows once the VTE proof is pinned down. At a minimum, "PSC II" should be allowed to complete this discovery for the benefit of ***all plaintiffs before any other deadlines are set.***

Conversely, if these 26 plaintiffs are not to derive benefit from this MDL, and if a plaintiff or a plaintiff's counsel requests a remand, this Court should consider remanding a case to the applicable transferor court, where appropriate case-specific deadlines may be put into place and where that plaintiff or his/her counsel can function in the place of PSC-II and lead counsel Ann B. Oldfather.

**Plaintiff intends to request remand of his case shall the PSC-II not be provided the proper opportunity to address General Causation of bone-spine PI.**

Irrespective of the foregoing, Merck's request for a scheduling order is premature. The deadlines proposed by Merck are simply too short given that this is the first time any scheduling order has been suggested for these particular plaintiffs or injuries. As the Court did with the VTE cases, the Defendant's motion should be deferred until PSC-II has had a fair opportunity to gather expert proof on general causation for these cases. ***Specifically in regard to bone-spine PI, Plaintiff Dennis Harrison asks this court to ensure proper General Causation Discovery of bone-spine PI so that Plaintiff Dennis Harrison may proceed with interrogatories in which he will pursue additional Discovery.***

For the foregoing reasons, the Court is respectfully requested to deny the Defendant's Motion.

Respectfully submitted,

/s/ Dennis R. Harrison

Dennis R. Harrison
MBA - BGS

Pro Se 2:07-cv-00905-EEF-DEK
Office/Residence
601 W. Brown Street
Iron Mountain, MI   49801
906-221-5906
badbonehealing@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing:

**MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" CASES INCLUDING BONE-SPINE INJURY (Dennis Harrison 2:07-cv-00905-EEF-DEK)**

has been served on Defense Laison Counsel (DLC) Dorothy H. Wimberly by electronic email as PDF attachment on this 7th day of February, 2012

Further I hereby note utilizing the same electronic PDF method to Plaintiff Steering Committee PSC-I Russ Herman, Plaintiff Steering Committee PSC-II Ann B. Oldfather and the Clerk of Court of the United States District Court Marianna Jackson.

/s/ Dennis R. Harrison
Dennis R. Harrison