UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

Cases identified on Exhibit A

### MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC'S MOTION SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR CERTAIN "OTHER INJURY" AND "PTO 29" CASES

During the progression of this MDL, the exact delineation of leadership responsibilities has been overlapping and somewhat confusing.  It is unclear whether the original Plaintiffs' Steering Committee ("PSC") and Lead Counsel intend to assume any responsibilities regarding the heart attack and stroke cases that have yet to settle.  The Ann B. Oldfather Law Firm was appointed as Liaison Counsel and Lead Counsel for certain cases and she has essentially served single-handed as the PSC for those cases since then.  Ann B. Oldfather has also provided de facto leadership for all of the remaining personal injury claimants.  The Court has issued an order setting out a schedule and plan for discovery in Ronald Benjamin's case, and Ann B. Oldfather has been serving as Liaison Counsel over Mr. Benjamin's cases as well, and nominally is Lead Counsel for those cases (although not actually providing those services).  Ann B. Oldfather is handling the gathering of general causation proof for all of the VTE cases.

This MDL has largely been resolved in phases.  Given the resolution of many portions of this MDL, the personal injury cases and their resolution are now one of the Court's primary points of focus.  It is my understanding that after extensive debate at the last status conference on

January 5, 2012, it was determined by the Court that Ann B. Oldfather , in her role as Lead Counsel, should focus on obtaining general causation proof for the remaining venous thrombeoembolism ("VTE") cases and provide an expert report by May 7, 2012.  Accordingly, it is my understanding that she is in the process of gathering that proof.

A benefit of an MDL for Plaintiffs is the coordination of discovery and conducting of proof by a PSC, and the Plaintiffs' ability to benefit from those collective efforts.  For the same reasons and in the same manner that the heart attack and stroke cases were allowed to benefit from consolidation in the MDL and from the work of the original PSC, so too should the 26 Plaintiffs identified on Merck's Exhibit A have the benefit of MDL.  Those Plaintiffs are entitled to the common benefit work accomplished by Ann B. Oldfather and any spinoff proof that follows once the VTE proof is pinned down.  At a minimum , Ann B. Oldfather in her role as the "PSC II" should be allowed to complete this discovery for the benefit of **all** Plaintiffs before any other deadlines are set.

Conversely, if these 26 Plaintiffs, including Velma Dunn, are not to derive benefit from this MDL, and if a Plaintiff or a Plaintiff's counsel requests a remand, this Court should consider remanding a particular case to the applicable transferor court, where appropriate case-specific deadlines may be put into place and where that Plaintiff or his/her counsel can function in the place of Ann B. Oldfather.

Irrespective of the foregoing, this scheduling order is premature.  The deadlines proposed by Merck are simply too short given that this is the first time any scheduling order has been suggested for these particular plaintiffs or injuries.  As the Court did with the VTE cases, the

Defendant's motion should be deferred until Ann B. Oldfather has had an opportunity to gather expert proof on general causation for these cases including the case of Velma Dunn.

With respect to the Notice of Submission for February 15, 2012, Merck has been asked to re-notice the motioin for the next scheduled monthly status conference on March 1, 2012, and Merck has denied that request.  Since counsel, Ann B. Oldfather will be in New Orleans on March 1, 2012, the Court is asked to hear the motion at that time.  Moreover, due to the confusion in Merck's current Notice of Submission (which was Noticed only for the Sanjanwala case, a case not listed in Merck's Exhibit A), many affected Plaintiffs may not have had adequate notice that the Motion applied to them or the deadline by which an Opposition was required.  For those reasons, the Court is asked to hear this matter at the next regularly scheduled status conference on March 1, 2012.

For the foregoing reasons the Court is respectfully requested to deny the Defendant's Motion.

        Respectfully submitted,

By:   /s/ Bennie L Jones, Jr
      Bennie L Jones, Jr
      MSB# 3185
      Attorney for Velma Dunn
      206 Court Street
      P O Box 357
      West Point, Ms 39773
      Tel: (662) 494-1024
      Fax: (662) 494-0643

ahjputer-VioxxMemo

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Memorandum In Opposition To Defendant Merck & Co., Inc's Motion Seeking Entry of a Comprehensive Scheduling Order For Certain "Other Injury" and "PTO 29" cases has been served upon the following by U.S. mail, postage prepaid and via facsimile and/or email:

Hon Phillip Wittman
Stone Pigman Walther & Wittmann, LlC
546 Carondelet Street
New Orleans, LA 70130

Hon. Douglas R. Marvin
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

Hon. Ann B. Oldfather
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208

Hon. Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

This the 21st day of February, 2012.

                                              /s/ Bennie L Jones, Jr
                                              Bennie L Jones, Jr

<u>*EXHIBIT A*</u>
*(Designated "Other Injury" and "PTO 29" Cases)*

| 1. | Dunn, Velma | Bennie L Jones, Jr & Associates | Singleton v. Merck | 2:09-cv-02413-EEF-DEK |