# EXHIBIT 3

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| DISTRICT OF COLUMBIA <u>ex rel</u> | * | |
| | * | |
| WALKER, KENNETH | * | Civil Action No.: 05 CABSLD 6143 |
| | * | |
| | * | Judge A. Blackburne-Rigsby |
| | * | Calendar 9 |
| BRINGING THIS ACTION ON | * | |
| BEHALF OF THE | * | |
| DISTRICT OF COLUMBIA | * | |
| | * | |
| v. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| MERCK & COMPANY | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### I.  Factual Background

The plaintiffs filed the complaint in this matter under the District of Columbia's False Claims Act on August 4, 2005. Subsequent to filing the complaint additional records and facts became available. The plaintiff seeks leave to amend the Complaint to clarify the factual allegations and to add a count based on Consumer Protection Procedures. Claims under the False Claims Act remain under seal for 180 days and the defendant is not served during that period. Therefore the defendant in this matter has not been served nor filed a responsive pleading. This is the Plaintiffs first motion to amend



the complaint. The deadline for filing an opposition to this motion was September 6, 2005 and no opposition has been filed.

## II. Standard of Review

Leave to amend a complaint is within the discretion of the Court, and it is granted freely "when justice so requires." *See Johnson v. Fairfax Vill. Condo. Owners Ass'n.*, 641 A.2d 495, 501 (D.C. 1994); Sup. Ct. R. 15(a). However, a policy favoring the resolution of cases on their merits creates a presumption that a court should grant leave to amend liberally, and so long as no good reason appears to the contrary. *Bennet v. Fun & Fitness of Silver Hill, Inc.*, 434 A.2d 895, 898 (D.C. 1999); *Johnson*, 641 A.2d at 501. A decision to deny leave to amend will be reviewed only for abuse of discretion. *Johnson*, 641 A.2d at 501.

In considering a Motion to Amend the Complaint, the Court evaluates five factors: (1) the number of requests to amend; (2) the length of time that the case has been pending; (3) the presence of bad faith or dilatory reasons for the request; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party. *Gaeten v. Weber*, 729 A.2d 895, 898 (D.C. 1999); *Johnson*, 641 A.2d at 501; *Bennet*, 434 A.2d 478-79.

## III. Analysis

This is the first time that the plaintiff has requested leave to amend the complaint, there is no presence of bad faith, the proffered amended complaint does not lack merit, and there is no substantial prejudice to the defendants because service has not been effectuated. Additionally, no opposition has been filed to the Plaintiffs Motion to Amend

the Complaint. Based on these facts the Court is persuaded that leave to amend shall be granted.

## IV.  Conclusion

Accordingly, upon consideration of the plaintiff's Motion to Dismiss the Complaint, it is this 29th day of September, 2005,

ORDERED that the Plaintiff's Motion is **GRANTED.**

_____
The Honorable Anna Blackburne-Rigsby

9/29/05
Date

Copies to:

H. Vincent McKnight, Jr. Esquire
Ashcraft & Gerel, LLP
2000 L. Street, N.W. Suite 400
Washington, D.C. 20036

Robert J. Stagnoletti, Esquire
Attorney General
District of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

FILED From Chambers  SEP 30 2005

DOCKETED In Chambers  SEP 30 2005