# EXHIBIT 5

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DISTRICT OF COLUMBIA ex rel )<br><br>KENNETH WALKER )<br>1301 Belmont Street, N. W., #7 )<br>WASHINGTON, DC 20009 )<br><br>BRINGING THIS ACTION ON )<br>BEHALF OF THE DISTRICT )<br>OF COLUMBIA )<br><br>c/o Robert J. Spagnoletti )<br>Attorney General, DC )<br>1350 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20004 )<br><br>            Plaintiffs, )<br><br>    v. )<br><br>MERCK & COMPANY )<br>One Merck Drive )<br>Whitehouse Station, NJ 08889 )<br><br>Serve: )<br>    Registered Agent )<br>    C.T. Corporation Systems )<br>    1015 15th Street, N. W., )<br>    Suite 1000 )<br>    Washington, D. C.  20005 )<br><br>            Defendant. )<br>_____ ) | COMPLAINT FOR<br><br>DISTRICT OF COLUMBIA FALSE<br> CLAIMS ACT<br><br>FILED UNDER SEAL<br><br>JURY TRIAL DEMAND<br><br>Civil Action No.:  2005 CABSLD 006143 |

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## AMENDED COMPLAINT

1.      This is an action to recover damages and civil penalties on behalf of the District of Columbia arising from the false claims made by the Merck & Company in violation of the False Claims Act, DC Code Section 2-308.14, et. seq. and the Consumer

Protection Procedures Act, D.C. Code Section 28-3904(e) and (f). This court has jurisdiction over the subject matter of this action pursuant to DC Code 11-921 (1981).

2. Plaintiff Mr. Kenneth Walker is a resident of the District of Columbia and a Medicaid beneficiary, who purchased the prescription drug, Vioxx.

3. Defendant, Merck & Company, is an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at One MERCK Drive, P. O. Box 100, Whitehouse Station, New Jersey. Defendant was in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug VIOXX (rofecoxib).

4. The False Claims Act, was enacted by the City Council to enhance the Government's ability to recover losses sustained as a result of fraud against the District of Columbia.

5. The False Claims Act provides that any person who knowingly submits, and/or causes another to submit, a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the Government, and attorneys' fees. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring a private cause of action for himself and on behalf of the Government and to share in any recovery. The complaint is to be filed under seal for 180 days (without service on the defendant during such 180-day

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

period) to enable the Government (a) to conduct its own investigation without the defendant's knowledge and (b) to determine whether to join the action.

6. Based on these provisions, Relator seeks to recover damages and civil penalties arising from Defendant's presentation of false claims to the District of Columbia Government.

7. Under the Consumer Protection Procedures, D.C. Code Section 28-3904, the City Council set forth a list of prohibited activities that merchants were required to avoid in their dealings with consumers in the District of Columbia.

8. Under the Consumer Protection Procedures, the terms "consumer", and "merchant" are broadly defined at D.C. Code Section 28-3901(a) (2) and (a) (3) respectively.

9. Defendant, Merck & Company, is a merchant, defined in the Consumer Protection Procedures, that sold the prescription drug, Vioxx, to District of Columbia residents, including the plaintiff. The District of Columbia, the plaintiff, and other residents of the District of Columbia, who purchased Vioxx, qualify as consumers under the Consumer Protection Procedures.

10. Plaintiff brings this action on behalf of himself, the District of Columbia, and the District of Columbia residents who purchased Vioxx. He alleges that Defendant, Merck & Company, committed unlawful trade practices in connection with marketing and selling Vioxx to consumers in the District of Columbia in violation of D.C. Code Section 28-3904(e) and (f)

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

3

## BACKGROUND

11. Kenneth Walker, a resident of the District of Columbia, has been a Medicaid beneficiary on and off for the last several years.

12. In approximately 2001, Dr. Paul A. Manner, GWU Medical Faculty Associates, 2150 Pennsylvania Avenue, NW, Washington, DC, was treating Mr. Walker for complaints of pain in his knee and was considering performing a total knee replacement.

13. As Dr. Manner evaluated Mr. Walker, he prescribed Vioxx for him to take to relieve his pain.

14. Mr. Walker usually filled his prescriptions at Morton Care Pharmacy, 724 E. Capitol Street, NE, Washington, DC. When Mr. Walker presented his prescription for Vioxx, the pharmacist told him that the prescription for Vioxx would have to be approved by Medicaid before the pharmacist could give him the drug. The pharmacist told him to return the next day.

15. The following day, Mr. Walker obtained Vioxx from the pharmacist after approval by DC Medicaid. He continued to take Vioxx through October, 2004. In this period, DC Medicaid paid for his prescription most of the time when he submitted it for refill. However, there were occasions when Mr. Walker paid for the refill out of his own funds.

16. Prior to taking Vioxx, Mr. Walker had a medical history of diabetes, high blood pressure, and coronary problems.

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

17. While he was taking Vioxx, he suffered a stroke and renal failure. No one warned him of any problems that may have been associated with taking Vioxx.

18. In October, 2004, he attempted to get his prescription for Vioxx refilled and the pharmacist advised him that the manufacturer had recalled the drug.

7. Upon hearing this, Mr. Walker contacted his Family Physician, Dr. Sadona, and the Perry Family Clinic, who confirmed that Vioxx had indeed been recalled. Still needing medication for his knee, Dr. Sadona prescribed a combination of Tylenol and Indocin to control his knee pain.

20. The DC Medicaid program has a preference for generic drugs and will not pay for a non-generic prescription unless the physician obtains prior authorization from Medicaid. Vioxx is a non-generic, brand name prescription drug.

21. When a Medicaid patient submits a non-generic drug prescription to a pharmacist, and the pharmacist enters the drug into the computer, it elicits an error code, denying the authority to dispense the drug, until the doctor obtains authorization from the Pharmacy Benefit Manager for the District of Columbia, First Health Services.

22. At page 14 of the First Health Services Pharmacy Provider Manual for the District of Columbia Medicaid Program, it notes that "D.C. Medicaid policy requires mandatory generic substitution when there is an AB-rated generic equivalent . . . . If the prescriber has mandated brand noting 'Brand Medically Necessary' on the prescription, the pharmacist or prescriber should call First Health Services Clinical call center . . . for consideration of a prior authorization."

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

23. At page 17, the Manual again reiterates that prior authorization is required for Brand Name drugs or non-generic drugs.

24. The prior authorization approval is not automatic, the Manual notes that, "[u]pon a call from the prescriber, First Health Services will work with the prescriber to determine the outcome of the prior authorization request. Often, a change will be made to the drug. In some cases the requested drug may be authorized, or in some cases, the requested drug may be denied." *Id.* at page 18.

25. In addition, the prescribing physician is required to fill out a Medwatch form indicating that he has tried two generic regimens that have failed before he can get authorization to prescribe a brand name drug that will be paid for by D.C. Medicaid.

26. Under the procedures to obtain approval, the prescribing physician must make statements that convince First Health Services that the brand name is medically necessary, superior to the generic alternatives, and he must fill out a Medwatch form.

27. This procedure was followed in Mr. Walker's case as indicated in paragraphs 11 to 15 above. Dr. Manner's medical records indicate that D.C. Medicaid approved Mr. Walker's Vioxx prescription on July 29, 2002. The note further indicates that Dr. Manner advised D.C. Medicaid that DayPro and Lodine had not been effective in the past.

28. Defendant Merck & Company withdrew Vioxx from the market on September 30, 2004 after announcing that, in a study, patients using Vioxx had experienced significantly more heart attacks and strokes than patients taking a placebo.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

29. However, prior to this announcement, Defendant Merck & Company, was aware of significant cardiovascular risks associated with the use of Vioxx and yet, in an aggressive and intentional sales blitz, obfuscated the risks and encouraged physicians and medical providers to prescribe Vioxx.

30. A highly trained Merck & Company sales force met face to face with medical providers and provided them with inaccurate and misleading information to encourage them to prescribe Vioxx to their patients.

31. Merck & Company assigned 3,000 highly trained company representatives across the United States, including the District of Columbia, to communicate face-to-face with medical providers about Vioxx.

32. A clinical trial known as Vioxx Gastrointestinal Outcomes Research was released on March 27, 2000 and published in The New England Journal of Medicine on November 23, 2000. The study compared patients using Vioxx with patients using Naprosyn. It revealed that the Vioxx patients were five (5) times more likely to suffer a heart attack than the patients using Naprosyn.

33. As medical providers began to ask questions about these results, Merck & Company directed its representatives to use the "Cardiovascular Card" to respond. This Cardiovascular Card contained unscientific data that suggested that patients on Vioxx were 11 times <u>less</u> likely to die than patients on other medications, and 8 time <u>less likely</u> to die from heart attacks and strokes.

34. The Cardiovascular Card did not mention or discuss the VIGOR Study

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

and the FDA considered the data on the Card as insufficient to make a safety analysis.

35.  In February, 2001, an FDA Arthritis Advisory Committee concluded that the drug presented significant health risks and that doctors should be warned about the VIGOR Study.

36.  In response to the FDA committee, Merck & Company issued a bulletin to its company representatives forbidding them from discussing the VIGOR Study or the FDC committee findings and, again, encouraged them to respond to questions about Vioxx using the unscientific Cardiovascular Card.

37.  On May 22, 2001, an article appeared in the New York Times questioning the safety of Vioxx. Merck & Company again forbade its representatives from discussing the article or the VIGOR Study, and instructed its representative to continue to use the Cardiovascular Card in responding to questions from medical providers about Vioxx.

38.  Through this effort, Merck & Company caused medical providers in the District of Columbia to prescribe Vioxx to Medicaid patients, whose prescriptions were being paid for in whole or in part, by the District of Columbia, when, in fact, generic drugs would have been safer.

39.  Through this effort, Merck & Company caused Pharmacy Benefit Managers, charged with approving the use of non-generic drugs to continue to approve prescriptions for Vioxx for DC Medicaid patients, whose prescriptions were being paid

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

for, in whole or in part, by the District of Columbia, when, in fact, generic drugs would have been safer.

40.  Through this effort, Merck & Company provided medical providers in the District of Columbia with misleading and unscientific studies that served as the basis for the physicians to prescribe Vioxx and to fill out the authorizing forms for DC Medicaid patients, like Mr. Walker, to obtain Vioxx over available generic drugs.

41.  From 1999 through 2004, 7177 Vioxx prescriptions were prescribed and paid for by DC Medicaid. In this period, DC Medicaid paid $724,046.88 for Vioxx prescriptions.

42.  But for the intentionally false and misleading campaign of Defendant Merck & Company, these prescriptions would not have been prescribed, and/or approved and paid for by DC Medicaid.

## Count I
### (Violation of DC Code Section 2-308.14 (a)(2))

43.  Paragraphs 1 through 42 are hereinafter realleged and incorporated by reference.

44.  Under DC Code Section 2-308.14(a)(2) it is unlawful for any person to knowingly make, use, or caused to be made or used a false record or statement to get a false claim paid or approved by the District of Columbia.

45.  As indicated above, the DC Medicaid program has a preference for generic drugs when available. Non-generic drugs, like Vioxx, will not be paid for unless the

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

prescribing doctor justifies that the non-generic drug is safer and more effective than the generic alternative.

46. The prescribing doctor must present his justification that the non-generic drug is safer and more effective than the generic alternative.

47. In the case of Vioxx, the doctors, who prescribed the drug for Mr. Walker and other DC Medicaid patients, relied upon false and misleading information from Merck & Company in obtaining the approval of Vioxx for use with DC Medicaid patients. The medical providers stated that Vioxx was safer and/or more effective than available generic alternatives.

48. Defendant, Merck & Company, by providing the physicians and Pharmacy Benefit Managers, with false and misleading information, knowingly caused the physicians and Pharmacy Benefit Managers to generate false records and statements to get prescription claims for Vioxx paid for by the District of Columbia Medicaid program.

49. Defendant Merck & Company, by its conduct, as described above, caused the District of Columbia to spend $724,046.88 to pay for Vioxx prescriptions for DC Medicaid patients like Mr. Walker between 1999 and 2004. Pursuant to DC Code Section 2-308.14 (a), Defendant Merck & Company are liable for three times this amount as a penalty. Defendant Merck & Company is liable for $2,172,140.64 in consequential damages.

LAW OFFICES
HCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

50. Defendant Merck & Company, by its conduct, as described above, caused the District of Columbia to pay for 7,177 Vioxx prescriptions between 1999 and 2004. DC Code Section 2-308.14 (a) penalizes each false claim with a penalty between $5,000.00 and $10,000.00. Defendant Merck & Company is liable for statutory penalties in an amount between $35,885,000.00 and $71,770,000.00.

Wherefore, Plaintiff Kenneth Walker, on behalf of himself as a Medicaid patient, and the District of Columbia, urges this court to enter judgment against Defendant Merck & Company and to award consequential and statutory damages as indicated in DC Code Section 2-308.14 (a) plus attorney's fees and costs associated with the prosecution of this action.

### Count II
### (Consumer Protection Procedures)

51. Paragraphs 1 through 50 are hereinafter realleged and incorporated by reference.

52. By intentionally misrepresenting the risks associated with the use of Vioxx, agents and employees of Defendant Merck & Company encouraged medical providers in the District of Columbia to prescribe Vioxx to consumers in the District of Columbia, like Mr. Walker, who purchased the prescription drug, Vioxx, with personal funds, payments from private insurance carriers, and payments from the District of Columbia.

53. Pursuant to D.C. Code Section 28-3904(e), it is an unlawful trade

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
ASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

11

practice for a merchant to "misrepresent as to a material fact which has a tendency to mislead."

54. Defendant Merck & Companyy, by its conduct, in intentionally obfuscating the risks and dangers associated with use of Vioxx, misled medical providers and consumers in the District of Columbia when there were safer and more effective alternatives that did not pose these risks, and, by its conduct, Defendant Merck & Company violated D.C. Code Section 28-3904(e).

55. Pursuant to D.C. Code Section 28-3904(f), it is an unlawful business practice for a merchant to "fail to state a material fact if such failure tends to mislead."

56. Defendant Merck & Company, by its conduct, failed to state a material fact when its agents purposely did not reveal and/or discuss studies that demonstrated increase cardiovascular risks associated with the use of Vioxx when it marketed the drug to medical providers and consumers in the District of Columbia.

57. Defendant Merck & Company, by its conduct, violated D.C. Code Section 28-3904(f) when it misled medical providers and consumers in the District of Columbia about the increased risks associated with the use of Vioxx.

58. As a result of Defendant Merck & Company's conduct as described above, consumers in the District of Columbia expended millions of dollars purchasing Vioxx prescriptions and some of these consumers experienced strokes, heart attacks and renal failure.

59. As a result of Defendant Merck & Company's unfair trade practices,

LAW OFFICES
HCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

consumers of the District of Columbia are entitled to treble damages (3 times the total value of sales of Vioxx in the District of Columbia) or $1,500.00 for each sale, whichever is greater, plus attorneys fees and punitive damages.

Wherefore, Plaintiff Kenneth Walker, urges this court to enter judgment against Defendant Merck & Company and to award compensatory damages, punitive damages, and attorney's fees as permitted under D.C. Code Section 28-3905(k)(l).

RESPECTFULLY SUBMITTED,

ASHCRAFT & GEREL, LLP

By: *[signature]*
H. Vincent McKnight, Jr.
D.C. Bar No. 293811
2000 L Street, N. W., Suite 400
Washington, D. C.  20036
(202) 783-6400
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint was hand-delivered, this __15__ day of August, 2005, to:

Robert J. Stagnoletti, Esquire
Attorney General
District of Columbia
1350 Pennsylvania Avenue, N. W.
Washington, D. C.  20004

*[signature]*
H. Vincent McKnight, Jr.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261