UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| Cases identified on Exhibit A To Doc 42560982 | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK'S OPPOSITION MEMORANDUM TO MOTION FOR EXTENSION OF TIME TO DISCLOSE GENERAL CAUSATION EXPERTS**

Liason Counsel for PSC II (Ann Oldfather) has filed a motion seeking yet more time to file generic causation expert reports in response to Merck's pending motion for summary judgment as to certain VTE claims – reports that are due May 7, 2012.  Plaintiffs have literally had years to develop a case for general causation in VTE cases, and their motion should be denied for two basic reasons:

<u>First</u>, Plaintiffs have had access to the PSC's depository for years —but apparently have neglected to review it.  As early as May 2008, Ms. Oldfather – who would become Lead Counsel for PSC II – was urged to visit the Depository as soon as possible.  During a discussion of "other injury" claims that took place at the May 22, 2008 MDL Conference, Mr. Birchfield explained:

> *As the Court is well aware, there have been individuals that were pursuing other injury claims, and they have come to the Court over the course of these years that this MDL has been going on, and the PSC has made available to them the depository.  All of the discovery that has been conducted in this litigation pertains to all the injuries.  The clinical trial settings that have been produced pertain to all of the injuries*.

May 22, 2008 Transcript at 67.

And, in follow-up, Mr Herman issued the following request:

> *Your Honor, I would request that Ms. Oldfather get together with Mr. Davis right now while we're here and reserve the dates that she wants access to the depository.*

Tr. at 71.

That invitation by Mr. Herman was extended nearly four years ago.  Inexplicably, it apparently took Lead Counsel for PSC II four years to get around to reviewing what was in that depository and nearly three years after the Court specifically charged PSC II with the responsibility to marshal the evidence in support of general causation.  *See* PTO No. 46 (August 20, 2009).  Absent from Plaintiffs' motion for an extension is any explanation whatsoever as to why it took *thirty months* for someone from the Committee responsible for coordinating cases alleging VTE injuries even to attempt to review the data relating to such injuries.  Any last minute issues that counsel may be having with the Plaintiffs' Depository arise from counsel's own failure to look.

Second, Plaintiffs' Motion contains an even more glaring omission.  The documents that Plaintiff asserts that she needs -- "raw data from Merck's clinical and other trials, Merck's internal adverse event reports and analysis, MedWatch reports and the like" Mem. at 4 – have been sitting in Lead Counsel's own files for years.  This data was produced directly to Ms. Oldfather in 2006 and 2007 in Vioxx cases that she had filed in Kentucky state court.  Indeed, virtually all of the science and adverse event data that was produced to the MDL was also produced to Ms. Oldfather.  *See* Production Chart attached as Exhibit A.

To point to just a *few* examples, items such as the following were directly produced to Ms. Oldfather:

- On 7/7/2006, a production of documents concerning renal adverse event reports--1,758 documents comprised of 2,927 pages.  [Entry #427]

- On 7/7/2006 and 8/11/2006, several productions of cardiovascular adjudication packets--approximately 23,000 documents.  [Entry Nos. 450-454]

2

- On 7/7/2006, a productions of documents concerning various categories of adverse event reports – 4008 documents comprised of 6,945 pages.  [Entry Nos. 427, 479]

- On 7/7/2006 and 8/11/2006, productions of cardiovascular adjudication packets for the APPROVe follow-up study—approximately --approximately 2800 documents.  [Entry Nos. 687-688]

- On 8/11/2006 and 5/15/2007, several productions of documents from Merck's epidemiology department—approximately 3,200 documents [Entry Nos. 409-411]

- On 8/21/2007, 8/22/2007 and 8/28/2007, several productions of Serious Adverse Experience forms—approximately 4400 documents comprised of 16,500 pages. [Entry Nos. 876-878]

These are only highlights.  The attached exhibit documents the production of substantial materials relevant to the issue at hand.

Moreover, when Merck produced these materials to Ms. Oldfather, they were produced in the same manner as all of Merck's productions.  They were produced with an "objective coding" text file that contained information such as To/From/CC, Date, Document Type, Custodian, etc.  Merck also provided descriptions of the contents of each production or indices.  An index contained the bates range of each production as well as a description of the productions included.  An Exemplar of such a production letter is attached as Exhibit B.

In sum, PSC II counsel has had access to the relevant data for many years, right in her own office.  This attempt to create additional delay in addressing the general causation issue should be rejected.  In light of all of the substantial time that has already passed, as well as two+ months remaining before the May deadline, Plaintiffs' motion for an extension of time should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be DENIED.


Dated:  February 27, 2012                                   Respectfully submitted,


                                                                    /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Scheduling Order has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) in accord with the procedures established in MDL 1657 on this 27th day of February, 2012.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com