**EXHIBIT D**

## **AFFIDAVIT OF COLLEEN M. SHIELDS**

Comes the Affiant, after first being duly sworn, and states as follows:

1. I am a paralegal with extensive legal technology experience employed by Oldfather Law Firm.

2. I have been assigned to the Vioxx matter since March 2011.

3. I accompanied Megan J. Hastings to the Vioxx Depository for our inspection and visit of January 18-19, 2012. We were joined by Ann B. Oldfather.

4. We had barely walked in the door when Mr. Herman announced that he had decided to provide us with a complete copy of the Vioxx Concordance Database, complete with images. He said that we could, in essence, go ahead and head back home since we would have the database from which to do all of our work. He went on to tell us that, because of his efforts to copy the Concordance Database, we would be unable to use the Vioxx Concordance Database that had been represented as being available during our visit to the Depository. We were told that the Concordance Database in the Depository was unusable because of the effort to upload files from Seeger Weiss in order to make the copy for us. Mr. Herman said that the process had begun the day before and was not yet finished but should finish soon. In fact, the process was not even 50% finished by the time we left New Orleans on January 20, 2012.

5. Mr. Herman promised that the Vioxx Concordance Database, exported as .dat, .opt, .log files, together with all images (.tif files) and Optical Character Recognition (.OCR files), would be delivered to us by January 23, 2012.

6.  Upon our return to Louisville, we promptly got in touch with Seeger Weiss due to Ms. Herman-Grisemore's unavailability as a result of a personal matter. We exchanged multiple emails with Seeger Weiss and were repeatedly promised dates by which the Vioxx Concordance Database would be delivered.

7.  The Vioxx Concordance Database has never been delivered.

8.  I have reviewed the Index prepared by Ms. Herman-Grisemore, and described by her as a "filing tool." She repeatedly told us that it was not complete, did not provide sufficient detail for document inspection and was an aid that she had prepared for herself. The Depository index does not contain multiple materials located in the depository. For instance, I found a redweld containing an unmarked hard drive and approximately a dozen CDs with files containing bates stamps indicative of Merck Production (ie, MRK-AJZ and MRK-AKA). The materials in this redweld were not identified on the index.

9.  At Ms. Oldfather's request, I have counted 153 external hard drives. I have also counted 1,011 CDs and DVDs.

10. During our visit to the depository, we asked for any items specific to any Committee or the P.S.C. that reflected the Committee's or P.S.C.'s work products, both in general and with regard to venous events. We were told that there were no such materials maintained.

Further the Affiant sayeth naught.

_____
Colleen M. Shields, Affiant


COMMONWEALTH OF KENTUCKY  )
                          ) ss:
COUNTY OF JEFFERSON       )


  I, a notary public within the Commonwealth and County aforesaid, do hereby certify that on this 29th day of February, 2012, personally appeared before me, Colleen M. Shields, to me personally known, who being by me first duly sworn, signed, acknowledged and delivered the foregoing document, as her voluntary act and deed.

_____
Notary Public, State-at-Large

My Commission Expires: February 19, 2014

3