IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY | * | MDL No. 1657 |
| LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| This document relates to: | * | |
| *D.C. ex. rel. Kenneth Walker v.* | * | MAGISTRATE JUDGE KNOWLES |
| *Merck & Company*, Civil Action No. 08-4148 | * | |

*************************************************************************

### MEMORANDUM IN SUPPORT OF KENNETH WALKER'S MOTION TO FOR LEAVE TO AMEND HIS COMPLAINTS

**I.     INTRODUCTION**

Plaintiff seeks leave to amend his original and amended complaints urging Rule 23 certification of a class of District of Columbia consumers based on Merck's deceptive trade practices violative of the D.C. Consumer Protection Procedures Act. D.C. Code § 28-3904, et. seq. ("DCCPA").  The statute permits, and in prior complaints Walker has filed for, a representative action on behalf of himself and the consumers of the District of Columbia.  However, conflicting court decisions, issued after the filings in 2005, raise an issue of the necessity for a formal class certification procedure.  As stated in the Amended Complaint filed with this MDL Court at the time of removal and transfer, Walker sought recovery of damages both for himself and, in a representative capacity, for the Vioxx consumers of the District of Columbia. First Am. Compl. at ¶ 52–59.  The instant proposed Second Amended and Restated Complaint is consistent with Walker's original claim, and does not prejudice the Defendant.  In fact, one of the bases urged by Merck for removal was federal jurisdiction under the Class Action Fairness Act ("CAFA").

## II.     BACKGROUND

This matter arises out of a Complaint filed under seal in the Superior Court of the District of Columbia by Kenneth Walker on August 4, 2005, designated as *D.C. ex. rel. Kenneth Walker v. Merck & Company*, 05-CABSLD 6143.  Initially, Plaintiff alleged that Merck violated the False Claims Act of the District of Columbia, D.C. Code § 2-308.14, et. seq., by making false statements and presenting false claims respecting Vioxx that were paid for by the government of the District of Columbia.  Subsequently, Mr. Walker sought leave of court, which was granted on September 29, 2005,  to add a claim under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, et. seq., alleging Merck engaged in deceptive trade practices regarding the sale of Vioxx to him and citizens of the District of Columbia.

The case remained under seal until April 3, 2008, and Merck was served with the Amended Complaint on June 16, 2008. On July 7, 2008, Merck filed its Notice of Removal to move the case from the District of Columbia Superior Court to United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. In support of its Notice of Removal, Merck urged federal subject matter jurisdiction pursuant to CAFA.   Merck acknowledged therein that

> "[P]laintiff's claims, which he purports to bring in a representative capacity, are the functional equivalent of a putative class action in which: (1) there are 100 or more members in the plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Merck; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1332(d)." Notice of Removal [#63694-4]at 27[1]

---

[1]     Defendant's Notice of Removal was attached to Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings [#63694] as Exhibit 4.

Merck further asserted that "(p)laintiff's (c)omplaint satisfies the definition of a class under CAFA[2] because it is a civil action brought under a 'statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.'" *Id* at 29.  Moreover, Merck asserted:

> D.C. Code § 28-3905 is a statute authorizing an action to be brought by a representative person. *See* D.C. Code § 28-3905(k)(1) ("A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia"). Congress intended such actions to be removable to federal court under the provisions of CAFA even if they are not labeled "class actions" by the named plaintiff. S. Rep. 109-14, at 35 (2005) ("[T]he definition of 'class action' is to be interpreted liberally [and] should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff .... Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purposes of applying these provisions.")

*Id* at 30.  Thereafter the case was designated as *D.C. ex. rel. Kenneth Walker v. Merck & Company*, Civil Action No. 08-1176 and was then transferred to *In Re Vioxx Products Liability Litigation*, MDL-1657.

In the MDL, the parties engaged in limited discovery.  Subsequently, Merck filed a Motion to Show Cause Why Count I of Mr. Walker's Complaint Respecting his Claims under the D.C. False Claims Act Should Not be Dismissed. Def. Mot. [#55437] Mr. Walker opposed this Motion.  The Court issued an Order and Memorandum dated March 28, 2011 granting the Motion, and dismissing the D.C. False Claims Act count.  Mem Op. [#62729].  This dismissal did not affect Mr. Walker's D.C. Consumer

---

[2]*See Tanoh v. Dow*, 561 F.3d. 945, 952 (9th Cir.2009). ("CAFA provides that a qualifying mass action 'shall be deemed to be a class action' removable to federal court under the Act, so long as the rest of CAFA's jurisdictional requirements are met.  *See* 28 U.S.C. § 1332(d)(11)(A).  Among these requirements, the aggregate amount in controversy must exceed '$ 5,000,000, exclusive of interest and costs,' and at least one plaintiff must be a citizen of a state or foreign state different from that of any defendant.  *See* 28 U.S.C. § 1332 (d)(2), (6). Subsection (d)(11).further limits federal removal jurisdiction in a 'mass action' to 'those plaintiffs whose claims in a mass action satisfy the [$75,000] jurisdictional amount [in controversy] requirements' for federal diversity jurisdiction. [4] 28 U.S.C. § 1332(d)(11)(B)(i)."

Protection Procedures Act claim advanced on behalf of himself and other consumers in the District of Columbia.

### III. ARGUMENT

Federal Rule of Civil Procedure 15(a) requires the Court to grant leave to amend "freely." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). Furthermore, "the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1983). Generally,

> "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Furthermore, seeking to amend to seek class certification is an accepted basis for granting a motion for leave to amend. *See Ferrell v. Louisiana & Nashville Railroad, Co.*, No. C76-1113A, 1976 U.S. Dist. LEXIS 12341, *12 (N.D. Ga. Nov. 11, 1976) (granting a party leave to amend and move for class certification); *see also Barrera v. MTC, Inc.*, No. SA-10-CV-665-XR, 2011 U.S. Dist. LEXIS 3093, *5 (W.D. Tex. Jan. 11, 2011) ("At this time, Plaintiff merely seeks to clarify the extent of her claims and her potential representative capacity in light of information that she has only recently obtained in initial discovery. It is in the interest of justice to allow the Plaintiff to amend her Complaint so that the live pleadings in this case include all allegations referred to in the pending motion for conditional certification.").

Though the power to grant leave to amend is within the discretion of the district court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the power of the court to deny leave to amend is restricted. This principle is best explained by *Dussouy v. Gulf Coast Investment Corporation*:

> 'Discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to

4

> facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

660 F.2d 594, 597 (5th Cir. 1981). The liberal interpretation of Rule 15(a) requires a court denying leave to state its reason for doing so. *Foman,* 371 U.S. at 182 (finding that unexplained refusal "is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

In the instant case, the Court should grant Plaintiff leave to amend his complaints, as no prejudice will arise, and therefore no substantial reason exists to deny leave. Defendant cannot claim that prejudice arises from delay. Despite the time between the initial filing of the Complaint and this present motion for leave to amend, discovery has not yet begun on this claim,, and progress on the instant case has been largely stalled pending the resolution of a variety of other issues. Moreover, delay alone is not sufficient grounds for denying a motion for leave to amend. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("And, we know that delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.")

More importantly, the original and amended complaints were brought by Walker individually and as a representative of other D.C. consumers. (Amended Complaint ¶ 52 – 59) Notably, Merck not only recognized Walker's representative claims as being analogous to a class action, but relied on the "class action/mass action" analogy to assert federal subject matter jurisdiction. Notice of Removal [#63694-4] at 26- 39.The proposed amendment does not change the substance of the action. Rather, the amendment is primarily procedural. *See Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d, at 599 (5th Cir. 1981) ("Similarly, we think that where the failure to include in the complaint a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case, denial of leave to amend is inappropriate."). Due to recent case law clarifying

5

the scope of the DCCPPA's private-attorney general-provisions, Plaintiff believes it necessary to adhere to the requirements of Fed. R. Civ. P. 23(b) to bring the representative action.

Originally, it appeared that Rule 23(b) certification would be unnecessary due to the statute's private-attorney-general provisions.[3] Since the filing of this case in 2005, however, a series of cases has distinguished between representative actions seeking injunctive relief and those seeking money damages. For instance, in *Breakman v. AOL*, 545 F. Supp. 2d 96, 101-102 (D.D.C. 2008), the District Court for the District of Columbia found that the DCCPPA authorizes representative actions that are "separate and distinct procedural vehicle[s] from a class action[s]." By contrast, in the following year *Margolis v. U-Haul, Inc.*, 2009 D.C. Super. LEXIS 8, *25-26 (D.C. 2009) ("*Margolis I*") found *Breakman* inapposite as regards the applicability of Rule 23 to a representative claim under the DCCPPA. *Margolis I* held that the plaintiff could maintain his claims under the DCCPPA for damages in his individual capacity and for injunctive relief both as an individual and in a representative capacity as a private attorney general." *Id.* at 3. However, the court also held that "to the extent that [the plaintiff] is asserting claims for money damages under the [DCCPPA] on behalf of third parties, the plaintiff must seek class certification and otherwise comply with Rule 23." *Id*. The court explained its distinction in the following manner:

> Based on the foregoing, the Court finds that Rule 23 of the Superior Court Rules of Civil Procedure is applicable to claims for money damages brought under the [DCCPPA] on behalf of third parties. That interpretation harmonizes the plain language of the statute with its legislative history, which indicates that the provision of the [DCCPPA] permitting representative actions was added specifically to address claims for injunctive relief and for the equitable remedy of disgorgement, as opposed to damages. Nothing in the statute indicates any intention by the legislative branch to abrogate the requirements of Rule 23 in cases where an individual is seeking money damages under the [DCCPPA] on behalf of third parties.

*Id*. at 26.

---

[3] D.C. Code § 28-3905(k)(1) provides: "A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia…."

This holding has since been accepted by the District Court for the District of Columbia in its interpretations of the distinction between "a class action brought on behalf of others similarly situated" and "a representative claim brought on behalf of the general public. *Nat'l. Consumers League v. General Mills, Inc.*, 680 F. Supp. 2d 132, 137 (D.D.C. 2010); *see also Margolis v. U-Haul, Inc.*, No. 10-169, 2011 U.S. Dist. LEXIS 117443, * (D.D.C. Oct. 12, 2011) ("*Margolis II*") (citing *Margolis I*, 2009 D.C. Super. LEXIS at *4-5) ("The court also ruled that while the plaintiff could seek injunctive relief in a representative capacity, the plaintiff could not seek money damages on behalf of third parties without obtaining class certification and complying with Rule 23 of the D.C. Superior Court Rules of Civil Procedure.").

These cases appear to clarify a matter that was previously unaddressed, which is directly relevant to this case and the propriety of the amendment of the complaints. The instant case's goal has always been to reimburse the citizens of the District of Columbia for purchases of a dangerous prescription drug, not to obtain injunctive relief. *See* First Am. Compl. at ¶¶ 52-59. Given the recent holdings in the District of Columbia, amendments following the directives of Rule 23 are necessary and appropriate. Moreover, they are accepted and logical amendments. *See Ferrell*, 1976 U.S. Dist. LEXIS 12341 at *12; *see also Barrera*, 2011 U.S. Dist. LEXIS 3093 at *5.

Furthermore, discovery has not yet begun and the amendments do not change the substance of the pleadings, so no prejudice to Merck exists. Defendant's preparations for the instant complaint would not substantially differ from those for the original and amended complaints. In fact, because the earlier complaints repeatedly referenced allegations made on behalf of the citizens of the District of Columbia, and monetary damages, any actions already undertaken by Defendant in preparation for the complaints would be directly relevant to the amended complaint as well. Because the Court has dismissed the D.C. False Claims Act matter, the federal question basis for removal no longer exists. Mr. Walker's claim as either a "mass action" or a "class action" is currently the only basis for federal jurisdiction, a position

7

urged by Merck in its removal papers. As indicated above, this is a proper situation for a class complaint amendment.

## IV. CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's Motion for Leave to Amend his original and amended complaints.

Dated: March 5, 2012                Respectfully submitted,

                                    MCKNIGHT & KENNEDY, LLC


                                    BY: /s/ H. Vincent McKnight, Jr.
                                    H. Vincent McKnight, Jr.
                                    D.C. Bar No. 293811
                                    8601 Georgia Avenue
                                    Suite 1010
                                    Silver Spring, MD 20910
                                    Telephone: (301) 565-5281

                                    Elizabeth J. Cabraser
                                    ecabraser@lchb.com
                                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                    275 Battery Street, 29th Floor
                                    San Francisco, CA 94111-3339
                                    Telephone: (415) 956-1000
                                    Facsimile: (415) 956-1008

                                    Dawn M. Barrios (#2821)
                                    barrios@bkc-law.com
                                    BARRIOS KINGSDORF & CASTEIX, LLP
                                    701 Poydras Street, Suite 3650
                                    New Orleans, LA 70139
                                    Telephone: (504) 524-3300
                                    Facsimile: (504) 524-3313

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of March 2012.

                /s/ Dawn M. Barrios
                Dawn M. Barrios