LAW OFFICES OF
CHAMBERS, NORONHA & KUBOTA
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
(714)558-1400

GARY L. CHAMBERS, ESQ.
ATTORNEY BAR NO. 86076
ATTORNEYS FOR PLAINTIFF, ROSIE ESCAMILLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx<br><br>PRODUCTS LIABILITY<br>LITIGATION<br><br>*This document relates to*<br><br>*Escamilla, Rosie v. Merck & Co., Inc.*<br>**2:08-cv-03573-EEF-DEK** | MDL Case No. 1657<br>SECTION L<br>JUDGE FALLON<br>MAGISTRATE JUDGE KNOWLES<br><br>PLAINTIFF, ROSIE ESCAMILLA'S, OPPOSITION TO DEFENDANT MERCK SHARP & DOHME'S LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE<br><br>Hearing: March 14, 2012<br>Time: 9:00 a.m. |

Plaintiff, ROSIE ESCAMILLA, respectfully submits the following opposition to Defendant, MERCK, SHARP & DOHME's, LR56.1 Statement of Material Facts.

///

## MATERIAL FACTS ASSERTED BY DEFENDANT MERC SHARP & DOHME
## PURSUANT TO LR56.1 STATEMENT OF MATERIAL FACTS

| MOVING PARTY'S ASSERTED MATERIAL FACTS | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. On November 9, 2007, this Court entered PTO 29, which required, *inter alia*, plaintiffs to provide specified materials relating to their claims, including certain medical records, signed authorization forms for the release of medical records, and a case specified expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury. | Undisputed. |
| 2. Plaintiff Escamilla submitted an expert report on December 28, 2011. | **DISPUTED.** Plaintiff Escamilla only submitted an initial expert declaration for purposes of satisfying the *Lone Pine* requirement of the Court, and did not intend the declaration filed to be its sole medical evidence in the case.<br><br>Plaintiff Escamilla submits with her Opposition a Supplemental Declaration of Swaminatha B. Gurudevan, M.D., which speaks specifically to causation, and states that Vioxx was a substantial factor in causing Robert Escamilla's acute cardiopulmonary arrest and his subsequent death. *See* Supplemental Declaration of Swaminatha B. Gurudevan, M.D. |

2

PLAINTIFF, ROSIE ESCAMILLA'S, OPPOSITION TO DEFENDANT MERCK SHARP & DOHME'S
LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

| | |
|---|---|
| 3. The expert report states, *inter alia*, that:<br><br>Mr. Escamilla was a 50 year-old-man with a past medical history of hypertension and hyerlipidemia who was employed as a troubleman with Southern California Edison. He had a longstanding history of lumbosacral disc disease and chronic low back pain for which he took rofecoxib (Vioxx).<br><br>On the morning of 3/1/07, while working, he developed 2 episodes of prolonged chest pain lasting 45 to 60 minutes requiring him to stop work and sit down to rest. He had no prior episodes of chest pain on earlier days and his chest pain continued while he was resting.<br><br>In summary, Mr. Escamilla had two significant risk factors for coronary artery disease (hypertension and hyperlipidemia) and had two episode of chest discomfort followed by an acute cardiolpulmonary arrest. Based on my review of Mr. Ramsey's [sic] relevant medical records, as well as based upon my training, education and experience, I am of the opinion that Mr. Ramsey [sic] suffered an acute myocardial infarction on 3/1/2007 that was complicated by ventricular fibrillation and sudden cardiac death. | **DISPUTED**. The Supplemental Declaration of Swaminatha B. Gurudevan, M.D., states the following:<br><br>The most common cause of ventricular fibrillation arrest in the United States today is plaque rupture leading to coronary thrombosis and acute myocardial infarction. It is further my opinion that Mr. Escamilla, to a reasonable degree of medical probability, suffered acute myocardial infarction because of his risk factors including hypertension, hyperlipidemia, and ongoing use of rofecoxib (Vioxx) for long standing history of lumbosacral disc disease and chronic low back pain. Based on my education, training, and experience, and based on my review of medical literature, use of rofecoxib (Vioxx) increases risk of coronary events in at-risk patients, including increased risk of myocardial infarction, cardiopulmonary arrest and sudden cardiac death. **The use of rofecoxib (Vioxx), *particularly in combination* with Mr. Escamilla's other significant risk factors, to a reasonable degree of medical probability, ultimately <u>caused</u> him to have acute myocardial infarction which then resulted in acute cariodpulmonary arrest and his subsequent death.** (Bold and underline added for emphasis). *See* Supplemental Declaration of Swaminatha B. Gurudevan, M.D. |
| 4. The sole reference to Vioxx made in the entire declaration is the one noted above at ¶7, lines 9-12. | **DISPUTED**. The Supplemental Declaration of Swaminatha B. Gurudevan, M.D., states the following:<br><br>The most common cause of ventricular fibrillation arrest in the United States today is plaque rupture leading to coronary thrombosis and acute myocardial infarction. It is further my opinion that Mr. Escamilla, to a reasonable degree of medical probability, suffered acute myocardial infarction because of his risk factors including hypertension, hyperlipidemia, and ongoing use of rofecoxib (Vioxx) for long standing history of lumbosacral disc disease and chronic low back pain. Based on my education, training, and experience, and based on my review of medical literature, use of rofecoxib (Vioxx) increases risk of coronary events in at-risk |

3

PLAINTIFF, ROSIE ESCAMILLA'S, OPPOSITION TO DEFENDANT MERCK SHARP & DOHME'S
LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

| | | |
|---|---|---|
| | | patients, including increased risk of myocardial infarction, cardiopulmonary arrest and sudden cardiac death. **The use of rofecoxib (Vioxx), *particularly in combination* with Mr. Escamilla's other significant risk factors, to a reasonable degree of medical probability, ultimately <u>caused</u> him to have acute myocardial infarction which then resulted in acute cariodpulmonary arrest and his subsequent death.** (Bold and underline added for emphasis). *See* Supplemental Declaration of Swaminatha B. Gurudevan, M.D. |
| 5. | Vioxx was withdrawn from the market in September, 2004. | Litigation is ongoing and Plaintiff cannot characterize as "disputed" or "undisputed" at this time. |
| 6. | The expert report does not state *any* causal link between Mr. Escamilla's 2007 cardiac event and his history of prior Vioxx usage. Rather, the expert noted that Mr. Escamilla had two significant risk factors for coronary artery disease - hypertension and hyperlipidemia. | **DISPUTED**. The Supplemental Declaration of Swaminatha B. Gurudevan, M.D., states the following:<br><br>The most common cause of ventricular fibrillation arrest in the United States today is plaque rupture leading to coronary thrombosis and acute myocardial infarction. It is further my opinion that Mr. Escamilla, to a reasonable degree of medical probability, suffered acute myocardial infarction because of his risk factors including hypertension, hyperlipidemia, and ongoing use of rofecoxib (Vioxx) for long standing history of lumbosacral disc disease and chronic low back pain. Based on my education, training, and experience, and based on my review of medical literature, use of rofecoxib (Vioxx) increases risk of coronary events in at-risk patients, including increased risk of myocardial infarction, cardiopulmonary arrest and sudden cardiac death. **The use of rofecoxib (Vioxx), *particularly in combination* with Mr. Escamilla's other significant risk factors, to a reasonable degree of medical probability, ultimately <u>caused</u> him to have acute myocardial infarction which then resulted in acute cariodpulmonary arrest and his subsequent death.** (Bold and underline added for emphasis). *See* Supplemental Declaration of Swaminatha B. Gurudevan, M.D. |

| PLAINTIFF'S MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Robert Escamilla was a 50 year-old-man with a past medical history of hypertension and hyerlipidemia who was employed as a troubleman with Southern California Edison. He had a longstanding history of lumbosacral disc disease and chronic low back pain for which he took rofecoxib (Vioxx). | Exhibit "1" - Pertinent medical records of Robert Escamilla. Supplemental Declaration of Sawinatha B. Gurudevan, M.D. |
| 2. On the morning of 3/1/07, while working, he developed 2 episodes of prolonged chest pain lasting 45 to 60 minutes requiring him to stop work and sit down to rest. He had no prior episodes of chest pain on earlier days and his chest pain continued while he was resting. | Exhibit "1" - Pertinent medical records of Robert Escamilla. Supplemental Declaration of Sawinatha B. Gurudevan, M.D. |
| 3. While his co-workers were making arrangements to take him to a hospital for medical attention, he suddenly lost consciousness and was found to be both pulseless and apneic. CPR was started by two of his co-workers (names omitted) and 911 was called. Upon arrival, the emergency medical services crew connected a defibrillator to Mr. Escamilla, which revealed ventricular fibrillation. Mr. Escamilla was then given a 360J countershock using the defibrillator as well as 2 mg of IV epinephrine and 1 mg of IV atropine. His rhythm then converted to asystole and despite prolonged attempts at CPR while en route to the hospital, he passed away and was pronounced dead at the Emergency Department at San Gabriel Valley Medical Center. In summary, Mr. Escamilla had two significant risk factors for coronary artery disease (hypertension and hyperlipidemia) and had two episode of chest discomfort followed by an acute cardiolpulmonary arrest. | Supplemental Declaration of Sawinatha B. Gurudevan, M.D. |

5

PLAINTIFF, ROSIE ESCAMILLA'S, OPPOSITION TO DEFENDANT MERCK SHARP & DOHME'S
LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

| | | |
|---|---|---|
| 4. | Mr. Escamilla suffered an acute myocardial infarction on 3/1/2007 that was complicated by ventricular fibrillation and sudden cardiac death. Mr. Escamilla, to a reasonable degree of medical probability, suffered acute myocardial infarction because of his risk factors including hypertension, hyperlipidemia, and ongoing use of rofecoxib (Vioxx) for long standing history of lumbosacral disc disease and chronic low back pain. The use of rofecoxib (Vioxx), *particularly in combination* with Mr. Escamilla's other significant risk factors, to a reasonable degree of medical probability, ultimately caused him to have acute myocardial infarction which then resulted in acute cardiopulmonary arrest and his subsequent death. | Supplemental Declaration of Sawinatha B. Gurudevan, M.D. |

Dated: March 5, 2012

CHAMBERS, NORONHA, & KUBOTA

By: /s/ *Gary L. Chambers*
GARY L. CHAMBERS
CHAMBERS, NORONHA & KUBOTA
2070 N. Tustin Avenue
Santa Ana, CA 92705
Phone: 714/558-1400
Fax:    714/558-0885

Attorney for Plaintiff Escamilla

---

6

PLAINTIFF, ROSIE ESCAMILLA'S, OPPOSITION TO DEFENDANT MERCK SHARP & DOHME'S
LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

## **CERTIFICATE OF SERVICE**

I also hereby certify that the above and foregoing **PLAINTIFF ROSIE ESCAMILLA'S OPPOSITION TO DEFENDANT MERCK, SHARP & DOHME'S LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**; has been served on Defendants' Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of March, 2012.

/s/ *Gary L. Chambers*
GARY L. CHAMBERS
CHAMBERS, NORONHA & KUBOTA
2070 N. Tustin Avenue
Santa Ana, CA 92705
Phone: 714/558-1400
Fax:    714/558-0885
chambers102@msn.com

Attorney for Plaintiff Escamilla