UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

*Cases Identified on Exhibit A*

### OPPOSITION OF LIAISON AND LEAD COUNSEL FOR CERTAIN CASES TO RONALD BENJAMIN'S MOTION TO EXCLUDE MOVANT FROM THE REQUIREMENTS OF PTO 19 WITH REGARD TO THE SETTLEMENT OF 16 CASES

Pre-Trial Order 19 has been in existence for over six years. Without any stated rationale or justification, Ronald Benjamin now asks this Court to exclude sixteen (16) of his cases, recently settled or in the process of settlement, from the requirements of PTO 19. It should be noted that Mr. Benjamin seeks to be excluded from both the common benefit fee assessment of six percent (6%) of the settlement and the common benefit expense assessment one percent (1%). Mr. Benjamin's clients are assessed the one percent (1%), whereas the six percent (6%) would reduce Mr. Benjamin's presumed forty percent (40%) or more fee.

PTO 19 was entered on August 4, 2005, and provides a common benefit fee of 2% as an Early Participation Option, and 4% for Late Participation and ultimately a maximum of 6%. Presumably, Mr. Benjamin would fall in the 6% group. PTO 19 provides a common benefit expense assessment of 1% of any settlement or paid judgment. Pursuant to the terms of PTO 19, these percentages apply to cases later filed or tolled. Merck is required to withhold these sums from *all* settlements.

On June 25, 2009, the Court entered PTO 45 appointing the undersigned as Liaison and Lead Counsel over fifteen (15) of the sixteen (16) cases on Mr. Benjamin's Exhibit A (all but the *Quackenbush* case).  Mr. Benjamin is trial counsel in his cases, but the undersigned has always served the Court and Mr. Benjamin in the Lead Counsel role for these cases.  Indeed, the undersigned has provided Liaison and Lead Counsel duties for and over Mr. Benjamin's cases, and others for the last two years and one half years (and to some extent even earlier), during which time she has also served as the *de facto* point of leadership for all of the remaining personal injury cases.

The undersigned submits regular update reports following to Mr. Benjamin and all personal injury claimants, and has sent multiple mass mailings to Mr. Benjamin.  The undersigned coordinated obtaining consent forms from Mr. Benjamin, and providing a census on his cases.  The undersigned and her staff have conferred with Mr. Benjamin about trial preparation.  All of the above has been in the role of Liaison and Lead Counsel, and all has been to Mr. Benjamin's benefit.

Before last month, Mr. Benjamin has never asked or suggested that he be excluded from the requirements of PTO 19, nor has he sought a reduction from the required assessments.  He provides no justification for why his cases should be treated differently than any other settled case.

Besides being unfounded and missing any stated justification, Mr. Benjamin's Motion is premature.  The requirement under PTO 19 is simply that these monies be withheld and escrowed at the time of settlement.  The Court can decide later upon adequate proof how and if the common benefit monies should be distributed, including whether any sums ought to be returned to Mr. Benjamin.

For the foregoing reasons, the Court is respectfully requested to deny Mr. Benjamin's Motion.

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition of Liaison Counsel and Lead Counsel For Certain Cases to Ronald Benjamin's Motion to Exclude Movant from the Requirements of PTO 19 With Regard to the Settlement of 16 Cases has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of March, 2012.

/s/ Ann B. Oldfather

Ann B. Oldfather

3