UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO: 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | |
| ANTONIO D. DENSON : | JUDGE FALLON |
| Plaintiff(s) : | MAG. JUDGE KNOWLES |
| : | |
| v. : | |
| : | |
| MERCK & CO., INC., : | |
| Defendant(s). : | |
| ..............................: | |

This document relates to:   Antonio Denson
Case NO: 2:05-md-01657-EEF-DEK

2nd Attempt to Retrieve Monies Related to Settlement

If it please the court, in following your order that I communicate with the Court and its staff solely through written correspondence I am presenting written documentation evidencing my request for the $47.5 million dollar award related to the settlement of my Vioxx litigation. The $47.5 million dollars is the same amount awarded to a plaintiff with similar Vioxx related injuries. See documentation attached related to Humeston v. Merck & Co., Inc. (Attachment 1). My case was initially slated for a jury trial (Attachment 2), however, my attorney opted to settle my case with Merck & Co. Inc. Enclosed are two stipulation of dismissal with prejudice as to all defendants' documents with only one signed. (Attachment 3).

I am a pro se claimant. I apologize to the court for any inconvenience the matter has caused as we are all aware that this case has been in litigation for seven years. I am hoping that the information I am providing will shed more light on the matter enabling an expeditious close of this matter. I am enclosing the following exhibits for your review:

1. Initial correspondence from my former attorney Christopher A. Seeger related to settlement funds dated 2/6/08 and 11/11/08
2. Vioxx 50 mg prescription filled at Walmart dated 2/17/03
3. The medical expenses report from 1/1/03 to 10/18/04 evidencing the Vioxx prescriptions filled
4. Correspondence from my former attorney Christopher Seeger related to the settlement
5. Seeger Weiss LLP Vioxx Client Interview
6. The client interview seems to contradict the reasons for the denial of my settlement. In correspondence from Mr. Christopher Seeger in exhibit 4 above it states that "in order to qualify

TENDERED FOR FILING
MAR 15 2012
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

for an award, a claimant must satisfy the requirements of three "gates": (1) Injury, meaning the claimant's records must establish that he or she suffered either a myocardial infraction (heart attack)...; (2) Duration, meaning the claimant's records must establish that he or she received at least 30 tablets of Vioxx within the 60 days prior to the alleged injury; and (3) Proximity, meaning the claimant's records must establish that he or she used Vioxx within 14 days of the alleged injury. The independent evidence I have provided in Exhibit 5 (Seeger Weiss LLP Vioxx Client Interview) proves that I met all three criteria. I had a heart attack. I took Vioxx from 2/17/03 to 8/30/04, and suffered the heart attack 9/3/03 with Vioxx filled date of 8/22/03 which is within the required 14 days of the heart attack. It is my hope and prayer that the independent documentation provided herein will prove to the Court that my request is not frivolous and in fact does have merit and warrant your immediate attention.

In your common benefit judgment related to Vioxx Products Liability Litigation you awarded Herman, Herman, Katz & Cotlar, LLP $24,402,739.19. Russ Herman was appointed as my liaison counsel but Mr. Herman refused to represent me as such I am now a pro se claimant. In addition I note that Seeger Weiss was awarded $34,304,612.65. Christopher Seeger was my attorney. My contention is that everyone related to my Vioxx suit was paid with the exception of me. I was permanently injured and respectfully request your help in righting this injustice I have suffered.

As I stated above the independent evidence (see exhibit 5) refutes the claim that I did not meet one of the criteria of the three "gates" mentioned in exhibit 4. In light of the documentation presented maybe the Court can explain how my case purportedly did not qualify for the settlement program. If in fact, my case was resolved would you please send copies of the resolution to myself and the Duty Agent of FBI New Orleans, Louisiana.

Please expedite this matter. Thanking you in advance for your help.

New Orleans, Louisiana, this 13th day of March, 2012.

*Antonio D. Denson*

Antonio D. Denson
804 Lyons Street
New Orleans, La. 70115

Enclosures
CC:
Duty Agent
Federal Bureau of Investigations New Orleans, La.