# EXHIBIT D

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| MARY PLUBELL, on behalf of herself and all others similarly situated, | ) ) ) |
| TED IVEY, on behalf of himself and all others similarly situated, | ) ) ) Case No. 04CV235817-01 ) Division 16 ) Class Action |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MERCK & CO., INC., | ) ) |
| Defendant | ) ) |

## ORDER

Before the Court is Merck & Co., Inc.'s (hereinafter "Merck" or "Defendant") Motion to Exclude Dr. Jack Fincham's Opinions Regarding Ascertainable Loss, its Suggestions in Support of Its Motion to Exclude Dr. Jack Fincham's Opinions Regarding Ascertainable Loss, its Reply in Support of Its Motion to Exclude Dr. Jack Fincham's Opinions Regarding Ascertainable Loss, and Plaintiffs' Opposition to Defendant's Motion to Exclude Dr. Jack Fincham's Opinions Regarding Ascertainable Loss. After reviewing the parties' extensive briefing, the facts and the law, and the arguments from both parties, the Court hereby **DENIES** Merck's motion in its entirety for the reasons outlined in the briefs as well as those reasons outlined in this Court's Order Regarding Summary Judgment.

I.  **Missouri Standards For Admissibility Of Expert Opinion.**

Admissibility of expert testimony is governed by Mo. Rev. Stat. § 490.065. *Elliot v. State*, 215 S.W.3d 88, 93 (Mo. 2007); *State Bd. of Registration for Healing Arts v. McDonagh*, 123 S.W.3d 146, 153 (Mo. 2003). Pursuant thereto, if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," a witness qualified as an

expert "by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Mo. Rev. Stat. § 490.065.1. The "facts or data in a particular case upon which the expert bases an opinion or inference may be those perceived by him or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable." Mo. Rev. Stat. § 490.065.3. While federal decisions may provide some guidance insofar as Section 490.065 and Federal Rule of Evidence 702 are the same, *McDonagh*, 123 S.W.3d at 155, the Supreme Court of Missouri has made expressly clear that "the standard of admissibility of expert testimony in civil cases that is set forth in *Frye v. United States,* 293 F. 1013 (D.C. Cir. 1923) or some other standard . . . are no longer to be followed. The relevant standard is that set out in section 490.065." *Id.* at 153. For example, Section 490.065 "does not authorize" the kind of "wide-ranging" hearing conducted in federal court pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 590 (Mo. banc 2006) (Wolff, Chief Judge, concurring). "Missouri's standard for admissibility of expert testimony in civil cases . . . is a far simpler approach than the federal rules. Under Missouri's approach, the trial judge must determine whether the testimony of the expert will assist the trier of fact and whether the expert's testimony is based upon reliable facts or data." *Id.*

Experts are generally qualified to estimate damages based on expertise and experience. *Missouri Highway and Transp. Com'n v. Kansas City Cold Storage, Inc.*, 948 S.W.2d 679, 685 (Mo. App. 1997) (citing *State ex rel. State Highway Com'n v. Beaty,* 505 S.W.2d 147, 154 (Mo. App. 1974)); *see also Doe v. McFarlane*, 207 S.W.3d 52, 62-65 (Mo. App. 2006) (expert qualified by experience to testify regarding lost profits); *L.L. Lewis Constr. LLC v. Adrian*, 142

S.W.3d 255, 265 (Mo. App. 2004) (opinion regarding repair costs properly based on experience with dry walling); *Missouri Dep't of Transp. Ex rel. PR Developers, Inc. v. Safeco Ins. Co. of America*, 97 S.W.3d 21, 39 (Mo. App. 2002) (opinion on valuation of equipment, lost use, and rental value properly based on experience). "As a rule, questions as to the sources and bases of the expert's opinion affect the weight, rather than the admissibility, of the opinion, and are properly left to the jury." *McFarlane*, 207 S.W.3d at 62 (Mo. App. 2006) (quoting *Wulfing v. Kansas City Southern Industries, Inc.*, 842 S.W.2d 133, 152 (Mo. App. 1992), *overruled on other grounds Executive Board of Missouri Baptist Convention v. Carnahan,* 170 S.W.3d 437, 447 n. 5 (Mo. App. 2005)); *accord Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W.3d 145, 175 (Mo. App. 2006) (same); *Sanders v. Hartville Mill Co.*, 14 S.W.3d 188, 208 (Mo. App. 2000) ("Questions concerning sources and bases of an expert's opinion affect the weight rather than the admissibility of the opinion."). Similarly, any concern about the accuracy of the facts and data on which the expert relies goes to "the weight the evidence should receive," not its admissibility. *Murrell v. State*, 215 S.W.3d 96, 111 (Mo. 2007). "Any weakness in [an expert's] . . . analysis [also are] proper subjects . . . to argue to the jury, but are not grounds for excluding his testimony." *Mathes v. Sher Express LLC*, 2000 S.W.3d 97, 111 (Mo. App. 2006). The same is true of "[a]ny weakness in the factual underpinnings of the expert's opinion or the expert's knowledge," which also are matters of weight, not admissibility. *Whithall v. State*, 129 S.W.3d 409, 414 (Mo. App. 2004); *accord Elliot v. State*, 215 S.W.3d 88, 95 (Mo. 2007) (same); *see also Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002) ("As a general rule, the factual basis of an expert opinion goes to the credibility of testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion on cross-examination."); *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955-56 (8th Cir. 2007) (same); *OCI Chemical Corp. v.*

*American Railcar Industries, Inc.*, No. 4:05CV1506FRB, 2009 WL 890525 at *2 (E.D. Mo. March 30, 2009) (same).

"Only in cases where the sources relied on by the expert are 'so slight as to be fundamentally unsupported,' should the opinion be excluded because testimony with that little weight would not assist the jury." *McFarlane*, 207 S.W.3d at 62 (quoting *Wulfing*, 842 S.W.2d at 152; *Goddard v. State*, 144 S.W.3d 848, 854 (Mo. App. 2004)); *accord Alcorn v. Union Pac. Railroad Co.*, 50 S.W.3d 226, 246 (Mo. 2001) (only if expert's sources are "so slight" as to be "fundamentally unsupported" should opinion be excluded); *8000 Maryland, LLC v. Huntleigh Financial Services Inc.*, 292 S.W.3d 439, 477 (Mo. App. 2009) (quoting *Keyser v. Keyser*, 81 S.W.3d 164, 169 (Mo. App. 2002) (same); *Whithall*, 129 S.W.3d at 414 (same); *Scott*, 25 S.W.3d at 176 (same); *In re Shafer*, 171 S.W.3d at 773 (same); *see also In re Genetically Modified Rice Litigation*, 666 F. Supp. 2d 1004, 1032 (E.D. Mo. 2009) (claim that opinion unreliable because four-year weighted average gave inaccurate results "is not a basis for excluding his opinions").

"If the facts and data are . . . reasonably relied upon by experts in the field, they are necessarily relevant to the issue the expert is addressing." *8000 Maryland, LLC*, 292 S.W.3d at 477 (quoting *Murrell v. State*, 215 S.W.3d 96, 112 (Mo. 2007)). A trial court "is expected to defer to the expert's assessment of what data is reasonably reliable." *Sanders*, 14 S.W.3d at 208 (quoting *Wulfing*, 842 S.W.2d at 152); *accord CADCO, Inc. v. Fleetwood Enterprises Inc.*, 220 S.W.3d 426, 434 (Mo. App. 2007) (same); *8000 Maryland, LLC*, 292 S.W.3d at 477 (same). Of course, "a disagreement between experts" does not require exclusion. *In re Shafer*, 171 S.W.3d at 773 (citing *Alcorn*, 50 S.W.3d at 246).

In the case at bar, the evidence proffered by Plaintiffs thus far contends that Dr. Fincham is well recognized in his field. *See* Pls.' SJ Ex. 7 (Fincham Aff. ¶ 2 and Curriculum Vitae).

Plaintiffs contend that, throughout his educational and work experiences, Dr. Fincham garnered extensive experience and expertise in the areas of pharmaceutical pricing and pharmaceutical valuation, including the appropriate and standard methodologies used to determine such pricing and valuation. *Id.* In addition, Plaintiffs contend that Dr. Fincham has extensive experience in government service and consultation pertaining to the fields of pharmacy, pharmacy administration and management and health policy. *Id.* Some of this experience, both in the United States and internationally, is listed in his curriculum vitae. *Id.* In addition, Dr. Fincham was a practicing pharmacist for five years at both a pharmacy of which he was the owner and a long-term care facility, and he currently is a licensed pharmacist. *Id.* Through these experiences, Plaintiffs contend that Dr. Fincham has garnered expertise as the individual responsible for the determination of the actual price and value of various medications that would ultimately be sold and dispensed at his pharmacy and by other pharmacists. *Id.* Merck does not argue that Dr. Fincham is not qualified to render his opinions in this case. And Merck's counsel *did not ask* at the deposition whether Dr. Fincham's opinions are based on facts and data "reasonably relied upon by experts in his field." Mot. at 3, ¶ 7; Sugg. at 11. However, even if Merck could make such an argument, Plaintiffs have produced sufficient evidence to claim that Dr. Fincham's opinions are based upon facts and data reasonably relied upon by expert in his field. Pls.' SJ Ex. 7 (Fincham Aff. ¶ 9). Moreover, as Missouri law makes clear, Dr. Fincham's assessment "of what data is reasonably reliable" is entitled to deference. *Sanders*, 14 S.W.3d at 208.

Merck's position here is like the defendant's position in *McFarlane*, where plaintiff's expert testified that the materials he relied on were "the kind of materials that people in my profession rely on in forming opinions and find reliable to forming these opinions" and

defendant "put on no evidence to contradict these assertions." *McFarlane*, 207 S.W.3d at 63. This Court hereby finds that the testimony of Dr. Jack Fincham will assist the trier of fact and the Plaintiffs have proffered sufficient evidence that the expert's testimony is based upon reliable facts or data. Moreover, as outlined above, this Court finds that any of the alleged weakness in the factual underpinnings of Dr. Jack Fincham's opinions or his knowledge are matters of weight and credibility to be determined by the jury in this case – not matters of admissibility to be determined by this Court.

For all of these reasons, as well as those outlined in the briefs and those outlined in this Court's Order Regarding Summary Judgment, Merck's Motion to Exclude Dr. Jack Fincham's Opinions Regarding Ascertainable Loss is **OVERRULED** in its entirety.

IT IS SO ORDERED.

*/s/ Marco A. Roldan*

MARCO A. ROLDAN
JUDGE, DIVISION 16

Dated: March 26, 2012

I hereby certify that copies of the foregoing were
duly faxed or mailed this day to all counsel of record.

PATRICK JOSEPH STUEVE
TODD HILTON
(816) 714-7101

Dan Ball (314) 552-8200

Steve Strauss (314) 552-8444

Travis Sales (713) 229-7878

Stephen Brody (202) 383-5414

John Beisner (202) 661-8301

Ben Barnett (215) 994-2222