# EXHIBIT G

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| MARY PLUBELL, on behalf of herself and all others similarly situated, ) ) ) | |
| TED IVEY, on behalf of himself and all others similarly situated, ) ) ) | Case No. 04CV235817-01 |
| ) Plaintiffs, ) ) | Division 16 |
| v. ) ) | Class Action |
| MERCK & CO., INC., ) ) ) | |
| Defendant. ) | |

## DEFENDANT MERCK SHARP & DOHME CORP.'S SUGGESTIONS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

accountable for even those portions of its overcharging that were not unlawful according to the liability theory," making the proffered evidence of damages "too broad." *Id.* at 1233-34. In other words, "[h]aving tailored a trim-fitting liability theory for the body of its case," the plaintiff could not "hang a baggy injury and damages theory on it." *Id.* at 1233.

That is precisely what plaintiffs have attempted to do here. Plaintiffs' Petition explicitly limits their theory of liability to the "purchase costs Plaintiffs paid for Vioxx." (Pet., Prayer for Relief.) And for purposes of the certified class, the relevant "Plaintiffs" are those identified in the class definition – i.e., "Missouri residents who purchased Vioxx for personal or family use" and who do not claim that "they suffered a personal injury as a result of taking Vioxx." (Class Cert. Order at 4-5.)

But plaintiffs' damages theory *far* outstrips this limited definition. Dr. Fincham readily admits that, in determining the "amount paid by Missouri consumers" for Vioxx, he did not consider the actual amount of money that Missouri consumers spent on their Vioxx prescriptions. (Fincham Dep. 118:17-119:22.) Instead, Dr. Fincham simply assumed that the price paid by consumers equals the "total retail cost" of all Vioxx sold in Missouri, which he estimates at over $220 million. (*See id.* 142:8-18.) This assumption is wrong because the class members **did not** pay for all Vioxx purchases made in the state (or even most of those purchases), as Dr. Fincham himself admits. (*See id.* 65:2-8; 68:20-69:7; 70:13-71:1; 111:15-18.) For example:

- ***Private insurers***: Dr. Fincham concedes that class members with private prescription-drug coverage would not have paid the total retail cost of their Vioxx prescriptions.[5] (*See id.* 71:16-24.) Instead, most of these class members would only have paid a limited co-pay for the drug, with their insurers paying the bulk of

---

[5] Of course, it would be impossible for Dr. Fincham to reliably calculate the actual cost of Vioxx to the class members versus private insurers because, in order to do so, he would have to resolve individualized questions concerning the minutiae of the class members' insurance policies – whether they covered Vioxx; if so, what co-pays applied; and whether those co-pays varied over time or by other factors, including where each class member purchased his or her Vioxx.

19