FILED

DEC 07 2011

*Mary Bennett*
Clerk County Court, Hood County, TX

CAUSE NO. P-06120

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| JOAN F. HORTON, | § | OF |
| DECEASED | § | HOOD COUNTY TEXAS |

## ORDER APPOINTING ADMINISTRATOR OF ESTATE, AUTHORIZING LETTERS OF ADMINISTRATION AND DETERMINING HEIRSHIP

On this day came on to be heard the Application filed herein by LEEANNA BRYANT on November 22, 2011, for appointment of administrator of the Estate of JOAN F. HORTON, hereinafter called Decedent, and for the issuance of Letters Administration and for determining heirship.

The Court, after having heard and considered the evidence and having reviewed the documents on file, finds that:

1. All parties interested in the Estate of Decedent have been made parties to the Application, have filed written waivers of service of citation, have appeared and answered herein, or have been duly and legally served with citation as required by law;

2. This Court has jurisdiction of the subject matter and all persons and parties and that venue is proper;

3. The evidence presented and admitted fully and satisfactorily proves each and every issue presented to the Court; and

4. The allegations contained in the Application are true.

**PLAINTIFF'S EXHIBIT A**

### LETTERS OF ADMINISTRATION FINDINGS

5. The Decedent is dead, having died on March 16, 2007, in Hood County, Texas in the Granbury Care Center Nursing Home, Granbury, Texas 76048, at the age of 80 years. Decedent's domicile at the time of her death was 9002 Woodlawn Drive, Granbury, Texas 76049;

6. Decedent left a valid written Will, but such Will did not dispose of the residuary of Decedent's estate and she did die intestate, in that regard;

7. There is a necessity for administration of the estate of the Decedent. Four years have

elapsed since the date of Decedent's death, however, administration of the estate is necessary in order to recover and distribute funds or other property due to the estate of the Decedent. Texas Prob. C. §74

    8. The Application for Letters of Administration should be granted;

    9. The Applicant is entitled by law to be appointed Independent Administrator of the Estate of Decedent and is not otherwise disqualified from acting as such Independent Administrator and is qualified to receive Letters of Administration; and

    10. No interested party has applied for appraisers and the Court deems none necessary.

    11. Applicant shall be allowed to serve as Independent Administrator of the Estate without bond.

## HEIRSHIP DETERMINATION FINDINGS

    12. JOAN F. HORTON, Decedent, died on March 16, 2007, in Hood Texas in the Granbury Care Center Nursing Home, Granbury, Texas 76048, at the age of 80 years, and though four years have elapsed since the date of the Decedent's death, administration of the estate is necessary in order to recover and distribute funds or other property due to the estate of the Decedent. Texas Prob. C. §74;

    13. The Decedent was domiciled in Hood County, Texas on the date of her death;

    14. No children were born to, or adopted by, Decedent at any time;

    15. The Decedent was married twice. The first marriage was to an unknown man, and that marriage ended with the husband's death at some date numerous years before the Deceased's date of death. The second marriage was to Claude Horton, and that marriage ended with Mr. Horton's death at some date numerous years before the Decedent's date of death;

    16. Decedent is known to have one living heir at the time of her death, a sister, Mary F. Dewitz, 5323 Whisperwood Lane, Indianapolis, Indiana 46226. Said sister filed a Small Estates Affidavit in this case on September 14, 2007, and she has executed a Settlement Agreement Concerning Disposition of Interest in Estate Property and a Waiver and Renunciation of Right to Letters of Administration and Waiver of Citation in favor of Leeanna Bryant, both filed with the Clerk of the Court prior to the final hearing in this cause. Heirship has been proven fully and satisfactorily, and the Court waives the appointment of an Ad Litem to investigate heirship; and

    17. The interest and shares of each Decedent's heir has been fully and satisfactorily proven.

LETTERS OF ADMINISTRATION ORDER

IT IS ORDERED AND DECREED THAT LEEANNA BRYANT is appointed as Independent Administrator of Decedent's Estate and to be able to serve without bond and upon the taking and the filing of the Oath required by law by the Administrator appointed herein, Letters of Independent Administration shall issue to LEEANNA BRYANT.

IT IS FURTHER ORDERED that the Administrator appointed herein shall file with the Court a sworn inventory describing of all personal property of the estate, exclusive of household goods and furnishings, that has come into the possession of the Administrator, so that the Court can consider whether a bond should ordered.

HEIRSHIP DETERMINATION FINDINGS-PERSONAL & REAL PROPERTY

IT IS ORDERED AND DECREED THAT the names and places of residence of the heirs of the Decedent and their respective shares and interests in the PERSONAL & REAL PROPERTY of the Decedent's Estate are as follows:

| NAME & ADDRESS | AGE | MARITAL STATUS | RELATIONSHIP TO DECEDENT | TRUE INTEREST |
|---|---|---|---|---|
| Mary F. Dewitz<br>5323 Whisperwood Lane<br>Indianapolis, Indiana 46226 | unknown | unknown | sister<br>(75% by Settlement Agreement) | 100.00% |
| Leeanna Bryant<br>2308 Navasota Street<br>Granbury, Texas 76048 | unknown | married | friend<br>(25% by Settlement Agreement) | 0.00% |

SIGNED on the ___12___ day of December, 2011.

ORIGINAL SIGNED BY
DARRELL COCKERHAM
HOOD COUNTY JUDGE

JUDGE PRESIDING