# EXHIBIT 1

**Compl.**

ATTESTED TRUE COPY
BY: _____ D.C.

MERCER CIRCUIT COURT
50TH JUDICIAL DISTRICT
DIVISION _____

| | |
|---|---|
| STANLEY LONG, | Case No. 05-CI-00302 |
| Plaintiff, | |
| V. | COMPLAINT |
| MERCK & COMPANY, INC. | |
| Defendant. | |

The Plaintiff herein, Stanley Long (the "Plaintiff"), through counsel, for his multiple claims and causes of action against Merck & Co., Inc. ("Merck" or "Defendant"), set forth in his Complaint, respectfully states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the Commonwealth of Kentucky and resides at 1705 Kirkwood Road, Salvisa, Kentucky 40372. The Plaintiff brings this action to recover damages for personal injuries sustained after ingesting Vioxx.

2. The Defendant is a New Jersey corporation with its principal place of business in New Jersey and is subject to jurisdiction in this Court. Merck describes itself as a global research-driven pharmaceutical products company.

3. This action is brought in Mercer Circuit Court because the Plaintiff's claims against the Defendant arise out of acts or omissions of the Defendant in this jurisdiction and the Plaintiff seeks damages in excess of the minimum jurisdictional requirements of this Court.

4. Venue is proper in the Mercer Circuit Court because the Defendant is subject to its jurisdiction, the Defendant has transacted business in this jurisdiction and the Plaintiff's claims against the Defendant arise from acts or omissions of the Defendant in this jurisdiction.

## SUBSTANTIVE ALLEGATIONS

5. Plaintiff brings this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive and other relief against Merck, who tested, marketed, distributed, promoted, sold, prescribed and provided Vioxx, which the Plaintiff took after it was prescribed to him, and as a result thereof, suffered serious damages and risk of harm to his health.

6. This case involves the Plaintiff's use of a drug called Vioxx (rofecoxib). It was purportedly designed to treat osteoarthritis, rheumatoid arthritis, acute pain, and migraines.

7. The drug was designed, formulated, patented, marketed, sold, and ultimately distributed by the Defendant as Vioxx.

8. Osteoarthritis, or degenerative joint disease, is characterized by the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

9. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

10. Vioxx is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). It is purported to reduce substances that cause inflammation, pain and fever.

11. Prostaglandins are chemicals that are important in promoting inflammation and its symptoms (pain, fever, swelling and tenderness). Vioxx allegedly blocks the enzyme that makes

2

M001525709

LongS-Complaint-   00002

prostaglandins thereby reducing the amounts of prostaglandins, and reducing inflammation and its symptoms.

12. The United States Food and Drug Administration ("FDA") first approved Vioxx in 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and menstrual pain. It was subsequently approved to treat rheumatoid arthritis in adults and children.

13. In June 2000, Merck submitted a safety study to the FDA entitled "Vioxx Gastrointestinal Outcomes Research" that found an increased risk of serious cardiovascular events, including heart attacks and strokes in patients taking Vioxx.

14. In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

15. In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

16. Other studies have only recently suggested an increased risk of serious and life threatening cardiovascular events, and the FDA has been in the process of reviewing these studies to determine if further labeling changes were needed.

17. On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the Data Safety Monitoring Board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. The risk was approximately twice that of individuals taking a placebo. Given the nature and extent of information gleaned from the earlier June 2000 study and other information available to Merck but not timely or fully disclosed to the consuming public, Merck knew or should have known of the substantial and increased risk of harm to those members of the public using Vioxx but failed to fully and adequately inform the public of all aspects of such serious

3

M001525710

LongS-Complaint-    00003

increased risk of harm to which the Plaintiff was subjected. Thus, the Defendant knew or should have known of the serious and life threatening harmful effects of Vioxx to the Plaintiff and to others but remained silent as to certain aspects concerning such harm and effects. The Plaintiff has suffered similar or the same harmful effects as a result of taking Vioxx, including but not limited to significant cardiovascular damage..

18. Annual sales of Vioxx total approximately $2.5 billion. Defendant's conduct and actions or inactions, the awareness of the Defendant of the serious immediate and life-threatening hazard of Vioxx, and the failure by Defendant to fully disclose and publicize the dangers of said medication, subject the Defendant to exemplary damages to the fullest extent of the law. At all relevant times, the Defendant's conduct was oppressive, fraudulent and carried forth with malice.

## COUNT I
### (Products (Strict) Liability)

19. Plaintiff restates and realleges each and every allegations set forth in Paragraphs 1-18 above and in addition states the matters set forth below.

20. The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, and/or distributing Vioxx, a dangerous drug which poses a hazard to the general public, which they sold and distributed throughout the world, including in Kentucky.

21. The Plaintiff was using Vioxx in the manner for which it was intended and/or in a reasonably foreseeable manner.

22. The Plaintiff was not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx and the serious risk of harm to his health. The Defendant was aware, or should have been aware, of the extremely dangerous nature of Vioxx. The Defendant either knew or could have reasonably discovered such extremely dangerous nature. Pursuant to the

4

above-described conduct and the Product Liability Act of Kentucky, the Defendant is liable to the Plaintiff for all general, special and punitive damages as well as for all equitable relief to which the Plaintiff may be entitled.

## COUNT II
### (Negligence And/Or Gross Negligence)

23. Plaintiff restates and realleges each and every allegation set forth in Paragraphs 1-22 above and in addition, states the matters set forth below.

24. The Defendant owed a duty of care to the Plaintiff regarding Vioxx.

25. By virtue of its conduct, the Defendant breached its duty and is guilty of negligent acts and/or omissions. By virtue of the above-described conduct, the Defendants conduct was grossly negligent and the Defendant was aware, or should have been aware, of the dangerous nature of Vioxx, or the Defendant could have reasonably discovered its dangerous nature and avoided harm to the Plaintiff and others.

26. As a direct and proximate result, the Plaintiff has suffered serious injuries and is entitled to recover special and compensatory damages.

## COUNT III
### (Negligence Per Se)

27. Plaintiff restates and realleges each and every allegation set forth in Paragraphs 1-26 above and in addition, states the matters set forth below.

28. The Defendant had an obligation not to violate the law in the manufacture, design, and sale of Vioxx.

29. By virtue of the above-described conduct, Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq.

5

LongS-Complaint-    00005

30. The Defendant failed to meet the standard of care set by the above statues and regulations, which were intended for the benefit of individual consumers such as the Plaintiff, thereby making the Defendant negligent per se.

31. As a result of the violations of the statues described above, the Plaintiff has suffered injuries for which the Defendant is liable.

## COUNT IV
### (Violations Of The Kentucky Consumer Protection Act)

32. Plaintiffs restate and reallege each and every allegation set forth in Paragraphs 1-31 above and in addition, states the matters set forth below.

33. The Defendant engaged in the unfair trade practices set forth above and specifically declared unlawful under KRS § 367.170, et seq. Such practices included making false or misleading representations, knowingly or with reason to know, as to the characteristics of Vioxx, and violated such statutory provisions by committing a deceptive trade practice as defined by KRS Chapter 367.

34. Plaintiff respectfully requests judgment for actual damages plus the costs and attorney fees incurred in bringing this action as provided for under applicable Kentucky law. In addition the Plaintiff respectfully requests an award of a civil penalty against the Defendants in the amount of $10,000 per violation, pursuant to the Kentucky Consumer Protection Act because of the Defendant's above-described conduct. Pursuant to KRS § 446.070, the Plaintiff has suffered compensatory damages to which they are also entitled, the exact amount of which will be determined at trial

M00152571

LongS-Complaint-   00006

## COUNT V
### (Unjust Enrichment)

35. Plaintiff restates and realleges each and every allegation set forth in Paragraphs 1-34 above and in addition, states the matters set forth below.

36. As an intended and expected result of their conscious wrongdoing, the Defendant has unfairly and wrongfully profited and benefited from the purchases of Vioxx by the Plaintiff.

37. The Defendant has voluntarily accepted and retained these substantial profits and benefits, with full knowledge and awareness that people who took Vioxx have suffered serious injuries and increased risks of harm to their health.

38. The Defendant has thus been unjustly enriched at the expense of the Plaintiff.

39. The Plaintiff respectfully requests that the Defendant be ordered to disgorge its profits made from the sale of Vioxx.

## COUNT VI
### (Breach Of Express Warranty)

40. Plaintiff restates and realleges each and every allegation set forth in Paragraphs 1-39 above and in addition, states the matters set forth below.

41. The Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by the Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

42. In using Vioxx, the Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

7

43. As a direct and proximate result of Defendant's breaches of warranties, the Plaintiff was injured and has suffered special and compensatory damages in amounts to be proven at trial.

### COUNT VII
### (Breach Of Implied Warranty)

44. Plaintiff restates and realleges each and every allegation set forth in Paragraphs 1-43 above and in addition, states the matters set forth below.

45. Prior to the time that Vioxx was used by the Plaintiff, the Defendant impliedly warranted to the market, including the Plaintiff, that Vioxx was of merchantable quality and safe and fit for the use for which is was intended.

46. As a direct and proximate result of Defendant's breaches of warranties, the Plaintiff was injured and has suffered special and compensatory damages in amounts to be proven at trial.

WHEREFORE, the Plaintiff respectfully requests Judgment on his Complaint as follows:

A. Judgment for Plaintiff on all Counts of the Complaint in excess of the minimum jurisdictional amounts of this Court;

B. A trial by jury on all Counts of the Complaint;

C. Judgment on Count I of the Complaint against the Defendant for consequential and punitive damages for Products Liability;

D. Judgment on Count II of the Complaint against the Defendant for special, consequential and punitive damages for Negligence and/or Gross Negligence;

E. Judgment on Count III of the Complaint against the Defendant for special and consequential damages for Negligence Per Se;

F. Judgment on Count IV of the Complaint against the Defendant for consequential and punitive damages for violation of the Kentucky Consumer Protection Act;

M0015257115

LongS-Complaint-   00008

G. Judgment on Count V of the Complaint against the Defendant for consequential damages for Unjust Enrichment;

H. Judgment on Count VI of the Complaint against the Defendant for consequential damages for Breach of Express Warranty;

I. Judgment on Count VII of the Complaint against the Defendant for consequential damages for Breach of Implied Warranty;

J. A reasonable attorney's fee; and

K. Such other and further relief which this Court deems just and proper in addition to the costs and disbursements of this action.

Respectfully submitted,

_____
RICHARD A. GETTY

GETTY HARGADON MILLER
& KELLER, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
(859) 259-1900
(859) 259-1909 (fax)

COUNSEL FOR PLAINTIFF

U:\GK&M\mmiller.Vioxx\Stanley Long Complaint.doc

M00152716

LongS-Complaint-   00009

| AOC-105  Doc. Code: CI | | Case No. | 05-CI-00302 |
|---|---|---|---|
| Rev. 4-01  09/22/2005 01:38 pm | | Court | ☑ Circuit ☐ District |
| Page 1 of 1  Ver. 1.01 | | | |
| Commonwealth of Kentucky | | County | Mercer |
| Court of Justice | | | |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | | |

**PLAINTIFF**

STANLEY                                     LONG
1705 Kirkwood Road

Salvisa                        Kentucky            40372

VS.

**DEFENDANT**

MERCK & CO., INC.
One Merck Drive, WS3AB-05

Whitehouse Station         New Jersey         08889

**Service of Process Agent for Defendant:**
C.T. CORP. SYSTEM

Registered Agent for Merck & Co., Inc.

KY Home Life Building, Room 1102

Louisville                   Kentucky           40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: Sept. 27, 2005        ROSE BISHOP
                                             CLERK MERCER CIRCUIT/DISTRICT COURT    Clerk
                                             By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2____
                                   Served by: _____

M001525717
LongS-Complaint-    00010

**CT CORPORATION**
A WoltersKluwer Company

VIOXX Litigation
Date Rec'd
OCT 0 3 2005

**Service of Process Transmittal**
09/29/2005
Log Number 510580799

RECEIVED
SEP 3 0 2005
LEGAL RECORDS

**TO:** Debra A Bollwage
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ, 08889-0100

**RE:** Process Served in Kentucky

**FOR:** Merck & Co., Inc. (Domestic State: NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** Stanley Long vs. Merck & Co Inc
**DOCUMENT(S) SERVED:** Summons, Complaint
**COURT/AGENCY:** Mercer Circuit Court of KY, KY
Case # 05-CI-302
**NATURE OF ACTION:** Personal Injury - Re: Vioxx
**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Louisville, KY
**DATE AND HOUR OF SERVICE:** By Certified Mail on 09/29/2005 postmarked on 09/27/2005
**APPEARANCE OR ANSWER DUE:** within 20 days
**ATTORNEY(S) / SENDER(S):** Richard A Getty
1900 Lexington Financial Center
250 W Main St
Lexington, KY, 40507
**ACTION ITEMS:** SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790661732489
**SIGNED:** C T Corporation System
**ADDRESS:** 1511 Kentucky Home Life Building
Louisville, KY, 40202
**TELEPHONE:** 502-587-5960

Page 1 of 1 / GH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

LongS-Complaint-   00011



COMMONWEALTH OF KENTUCKY
ROSE BISHOP CLERK
MERCER CIRCUIT AND DISTRICT COURTS
224 MAIN ST S
HARRODSBURG KY 40330-1696

CI 05-CI-00302
650181

**CERTIFIED MAIL**

7004 1160 0001 4580 8137

C. T. CORP. SYSTEM,
REGISTERED AGENT FOR MERCK & CO., INC.
KY. HOME LIFE BLDG, ROOM 1102
LOUISVILLE KY 40202

M001525719

LongS-Complaint-   00012

COMMONWEALTH OF KENTUCKY
ROSE BISHOP CLERK
MERCER CIRCUIT AND DISTRICT COURTS
224 MAIN ST S
HARRODSBURG KY 40330-1696

CI 05-CI-00302
650181

**CERTIFIED MAIL**

7004 1160 0001 4580 8137



C. T. CORP. SYSTEM,
REGISTERED AGENT FOR MERCK & CO., INC.
KY. HOME LIFE BLDG., ROOM 1102
LOUISVILLE KY 40202



$04.88
SEP 27 2005
MAILED FROM ZIPCODE 40330

M001525720

LongS-Complaint-   00013