**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | ) | |
| **In re: VIOXX** | ) | **MDL NO. 1657** |
| | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **SECTION: L** |
| | ) | |
| | ) | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *All Settled Third-Party-Payor and* | ) | |
| *Personal-Injury Claims Involving* | ) | |
| *Missouri Vioxx Users* | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF RULING RELEVANT TO ITS MOTION TO ENJOIN**
**MISSOURI PLAINTIFFS MARY PLUBELL AND TED IVEY FROM PURSUING**
**RELIEF FOR VIOXX EXPENDITURES ALREADY SUBJECT TO SETTLEMENTS**

Merck has moved the Court to enjoin plaintiffs in a Vioxx-related class action pending in

Missouri state court from seeking to recover amounts paid for Vioxx by personal-injury ("PI")

and third-party-payor ("TPP") claimants who have settled with Merck and released all of their

Vioxx-related claims.  (ECF No. 63,744.)  That motion is fully briefed.  Since Merck submitted

its reply brief in support of that motion on April 9, 2012, however, the Missouri trial court

reached another ruling that is highly relevant to Merck's motion and further underscores the need

for this Court to act in aid of its jurisdiction and to enforce and protect its judgments before the

trial, which is set to begin May 21, 2012.

Specifically, the Missouri court granted plaintiffs' motion to "Immediately Exclude All

Evidence Of Collateral Source Payments For Vioxx Prescription."[1]  (*See* Order at 1, *Plubell v.*

*Merck Sharp & Dohme Corp.*, No. 04CV235817-01 (Mo. Cir. Ct. Apr. 20, 2012) (attached as Ex.

---

[1]     The order contains two rulings, the second of which is the subject of this notice.  The first ruling in the order granted plaintiffs' equally sweeping request to bar Merck from making any mention of Celebrex at trial – even to prove that Vioxx is not worthless, either based on the price of Celebrex, or the fact that millions of patients (including one of the class representatives) took or still take it.

1).)  Although the order contains no reasoning, it demonstrates the Missouri court's continued resolve to allow plaintiffs to seek a recovery for amounts paid for Vioxx by PI and TPP claimants that have already settled with Merck.  Under this ruling, Merck will be barred from telling the jury that it has already paid for a substantial portion of the claims at issue, leaving nothing to prevent the evisceration of the PI and TPP settlements to the extent they cover payments for Missouri Vioxx purchases.

The Court should not permit this erosion of the PI and TPP settlements to continue.  The Court and the parties invested tremendous resources to achieve these landmark agreements, which resolved literally tens of thousands of claims pending in this and other courts.  Those efforts will have been for naught – and Merck may be forced to pay again for prescriptions already resolved by the agreements – if the Missouri plaintiffs are allowed to proceed.  And the prospects for future settlements of multidistrict proceedings will be cast into serious doubt if litigants can so easily use state courts to subvert the final resolutions of federal MDL courts.

For all of these reasons, as well as those set forth in Merck's prior briefs, the Court should enter an Order enjoining plaintiffs Mary Plubell and Ted Ivey from pursuing relief with respect to Vioxx expenditures made by PI claimants and TPPs that have already settled with Merck.  Alternatively, the Court should enter an Order enjoining the state-court proceedings to the extent the Missouri plaintiffs seek such relief.

 Dated:  April 20, 2012                                    Respectfully submitted,

                                                           /s/ Dorothy H. Wimberly
                                                           Phillip A. Wittmann, 13625
                                                           Dorothy H. Wimberly, 18509
                                                           STONE PIGMAN WALTHER
                                                           WITTMANN L.L.C.
                                                           546 Carondelet Street
                                                           New Orleans, LA 70130

1091417v1

3

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1091417v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Notice has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-

mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No.

8C, and that the foregoing was electronically filed with the Clerk of Court of the United States

District Court for the Eastern District of Louisiana by using the CM/ECF system which will send

a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this

20th day of April, 2012.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1091417v1