# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

The State of Utah moves to amend its complaint. The State's complaint was prepared in November and December of 2005. The basis of this Motion is several fold. First, the applicable Utah False Claims Act (the "Act") was amended effective April 30, 2007. At that time the case had been removed to federal court by the defendants and had been transferred to the multi-district litigation. The State requests this amendment to conform to the current statute.

In the amended complaint, the State alleges only violations of the Act as amended and common law negligence. Limiting the causes of action to those found under the Utah False Claims Act has two benefits. First, it simplifies discovery because it eliminates the need to determine when the State knew of the dangers of Vioxx. Second, the amendments establish that federal jurisdiction is inapplicable.

The third reason for removal is that there has been much discovery in the multi-district litigation which enables the State to plead with more particularity than they could have done in late 2005, which provides Merck with notice of the allegations against it with greater details.

1

Fourth, amendment will aid this court or any transferee court in understanding the State's allegations and making correct assessment of these issues.

## STANDARDS OF AMENDMENT

Federal Rules of Civil Procedure, Rule 15(c) provides that amendment may be made with the consent of the other party. It is not clear at this time whether Merck has consented to the amendment. However, amendment should be granted with leave of court, and the court should freely give leave when justice so requires.

This case has been removed since May of 2006. The State moved immediately for remand in the Utah District Court but the case was moved at Defendant Merck's insistence to the multi-district litigation where it has resided since November of 2006. This court has not considered the State's motion for remand.

The court, quite properly, directed attention first to the resolution of the individual Vioxx cases before turning to the State cases. The Department of Justice as well as the majority of State attorneys general negotiated a settlement of most of other State claims. During this period, the court stayed discovery and other matters relating to Utah's claim.

As required by Rule, the State submits its proposed amended complaint with this motion and memoranda. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772, 782 (8th Cir. 2009.) The case has not been dismissed. No motion for dismissal under Rule 12 has been filed, and even if it had been filed, the proper disposition would be to allow the State an opportunity to amend. "If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co v. Fox Rothschild LLP,* 615 F.3d 159, 175 (3rd Cir. 2010.)

There is no reasonable argument that the proposed amendment would be futile. Further, as noted, this case has been stayed and the court has entered no scheduling deadlines which have passed. *Alioto v. Town of Lisbon,* --F.3d –(7th Cir 2011.)

The same result would be reached by the Utah Courts under the Utah Version of Rule 15(a). *See Jones v. Salt Lake City Corp.,* 78 P.3d 988 (UT App 2003.)

Thus, at this juncture of the proceedings, it would seem fair and consistent with judicial economy to allow amendment of the complaint. The following portion of the pleadings summarizes the allegations of the State.

## CLAIMS ASSERTED BY THE STATE OF UTAH

As set forth above and in the attached proposed amended Complaint, the State seeks claims only under the law of the State of Utah. The State specifically denies that it is litigating in parens patriae on behalf of any Utah Medicaid recipient or any other Utah citizen. The State also denies that it is asserting any claims under federal statutory or common law. Instead, the State seeks claims for violations of the Utah False Claims Act and under state negligence laws.

## UTAH FALSE CLAIMS ACT

As noted, the Utah False Claims Act was amended by the legislature on April 30, 2007. This was at a time in which this case was in the MDL but in which the court quite properly was focused upon settling the individual cases. The proposed amendments add causes of action but relate solely to the claims that Merck, by omission or directly, did not inform the public including the Utah Department of Health of the safety and efficacy profile of Vioxx. The allegations of damages relate to the same allegations that Utah Medicaid paid for a drug which was unnecessary and harmful. Further, the amended complaint relates to the prior allegation that

3

Utah Medicaid was forced to pay for the remedial care of Medicaid recipients that took the pharmaceutical.

Federal Rule 15(c)(1)(B) permits the amended complaint to relate back to the original complaint for the purposes of the statute of limitations if it arises out of the same transaction or occurrence as pled in the original complaint provided there be no prejudice to the defendant. "[T]he pertinent inquiry... is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Slayton v. American Express,* 460 F.3d 215 (2nd Cir. 2006.) That is undoubtedly true in this case. Further, the same would be true in the Utah courts. *See Ottens v. McNeil,* 2010 UT App 237.

Additionally, the present Utah statute allows the relation back of allegations for events that occurred prior to the enactment of the statute. See UCA 26-20-15.

Therefore, there is no adequate reason to deny amendments to conform to the present Utah False Claims Statute. Indeed, the amendments to the Utah False Claims Act merely set out in greater detail that which was already unlawful under prior law. See former Utah Code Ann. §26-20-6 and Utah Code Ann. §26-20-7.

## AMENDMENTS CONFORMING TO THE PRESENT STATUTE REQUIRE LESS DISCOVERY

The focus of the Utah False Claims Act amended or not, is properly upon the actions of the defendant rather than notice to the State Medicaid Department. This is clearly set out in the allegations with respect to Utah Code Ann. §26-20-7 where Merck is precluded from *causing to be presented* claims to Utah Medicaid which are (1)(a) wholly or partially false, fictitious or fraudulent; (1)(c) which misrepresent the type of items provided; (1)(e) items which were not medically necessary. Under subsection 2, Merck is precluded from falsifying documents

4

required by federal or State law. Merck is also precluded from retaining payment or aiding or abetting commission of any act precluded by the section. The same is true of the allegations found in the conspiracy section, Utah Code Ann. §26-20-6.

With respect to the negligence count, State pharmacists were not informed of the problematic safely and efficacy profile. The Utah Statute of limitations for continuing negligence is four years. Utah Code Ann. §78-2-307.

Allowing Amendment of the Complaint therefore clarifies and sharpens the issues before the court.

### AMENDMENT OF THE COMPLAINT DEMONSTRATES NO FEDERAL JURISDICTION

In the amended complaint, the State clearly sets out its causes of action. Those causes of action are based only upon Utah statutory law and Utah law of negligence. The actions and omissions complained of relate only to violations of Utah law. The definitions of violations are found only within Utah statutory and common law.

The amended complaint will thus be of value to the Court when determining the appropriateness of a motion to remand.

### AMENDMENT OF THE COMPLAINT REFLECTS WORK DONE IN THE MDL

The plaintiff's counsel in the MDL worked diligently to take depositions and otherwise develop the factual background underlying the deficiencies of the drug and Merck's responses to knowledge of the lack of safety and efficacy of Vioxx. A great deal of work on these issues took place after the State's initial complaint was drafted in late 2005. The amended complaint pleads Merck's actions in greater detail than was available at the time of the original complaint. This greater detail focusses the parties' attention on the nature and type of violations of the Utah False

Claims Act as well as the negligence count.

The Court should allow the State to amend its pleadings to reflect the knowledge gained during the time it was in the multi-district litigation. There is no prejudice to the defendant in allowing factual amendment regarding what the defendant knew and the plaintiffs did not know.

Allowing the factual amendments at this time will greatly aid this court in evaluating any motions to dismiss. It is more efficient use of court time to allow the amendments prior to any Rule 12(b)(6) practice. This should be done because if the court was convinced that the original complaint did not survive Rule 12(b)(6) the appropriate course would be to allow amendment. It is therefore, easier and more convenient to allow amendment now.

## CONCLUSION

The Court should exercise its discretion under Rule 15 and permit the State to amend its Complaint. There is no prejudice to the defendant because the defendant has always been on notice that the State alleges problems with the safety and efficacy of Vioxx. The safety and efficacy has been before the multi-district litigation since it began.

Both federal and Utah law allow the relation back of amendments. The Utah False Claims Act clearly allows for retroactive enforcement of the amended claim. This is particularly true when the original complaint put Merck on notice of allegations relating to safety and efficacy.

The motion to amend should be granted.

DATED this 17th day of April, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123
*Attorneys for Plaintiff*

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ 08901
*Attorney for Plaintiff*

/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of April, 2012.

/S/
Joseph W. Steele