**EXHIBIT A**

# CHAPTER 20
# FALSE CLAIMS ACT

| Section | |
|---|---|
| 26-20-1. | Short title. |
| 26-20-2. | Definitions. |
| 26-20-3. | False statement or representation relating to medical benefits. |
| 26-20-4. | Kickbacks or bribes prohibited. |
| 26-20-5. | False statements or false representations relating to qualification of health institution or facility prohibited—Felony. |
| 26-20-6. | Conspiracy to defraud prohibited. |
| 26-20-7. | False claims for medical benefits prohibited. |
| 26-20-8. | Knowledge of past acts not necessary to establish fact that false statement or representation knowingly made. |
| 26-20-9. | Criminal penalties. |
| 26-20-9.5. | Civil penalties. |
| 26-20-10. | Revocation of license of assisted living facility—Appointment of receiver. |
| 26-20-11. | Presumption based on paid state warrant—Value of medical benefits—Repayment of benefits. |
| 26-20-12. | Violation of other laws. |
| 26-20-13. | Medicaid fraud enforcement. |

## § 26-20-1. Short title

This chapter shall be known and may be cited as the "False Claims Act."

Laws 1981, c. 126, § 19.

### Cross References

Human services, Administrative Determination of Overpayments Act, see § 62A-11-201 et seq.
Human services, office of recovery services, see § 62A-11-101.
Medical benefits, recovery, see § 26-19-1 et seq.
Public assistance fraud, application of part, see § 76-8-1202.

### Research References

**Treatises and Practice Aids**
BNA Health Law & Business Series No. 2600
§ 2600.03, Bases for Health Care Fraud Enforcement.

## § 26-20-2. Definitions

As used in this chapter:

(1) "Benefit" means the receipt of money, goods, or any other thing of pecuniary value.

(2) "False statement" or "false representation" means a statement or representation which is knowingly and willfully made if the person making the statement or representation has knowledge of the falsity thereof.

(3) "Knowing" and "knowingly" mean that a person is aware of the nature of his conduct and that his conduct is substantially certain to cause the intended result.

229

(4) "Medical benefit" means a benefit paid or payable to a recipient or a provider under a program administered by the state under Titles V and XIX of the federal Social Security Act,[1] Title X of the federal Public Health Services Act,[2] the federal Child Nutrition Act of 1966 as amended by P.L. 94-105[3] and any programs for medical assistance of the state.

(5) "Person" means an individual, corporation, unincorporated association, professional corporation, partnership, or other form of business association.

Laws 1981, c. 126, § 19; Laws 1986, c. 46, § 1.

[1] 42 U.S.C.A. § 701 et seq. and 42 U.S.C.A. § 1396 et seq.
[2] 42 U.S.C.A. § 300 et seq.
[3] 42 U.S.C.A. § 1771 et seq.

Cross References

Medical assistance, see § 26-18-1 et seq.

### § 26-20-3. False statement or representation relating to medical benefits

(1) A person shall not make or cause to be made a false statement or false representation of a material fact in an application for medical benefits.

(2) A person shall not make or cause to be made a false statement or false representation of a material fact for use in determining rights to a medical benefit.

(3) A person, who having knowledge of the occurrence of an event affecting his initial or continued right to receive a medical benefit or the initial or continued right of any other person on whose behalf he has applied for or is receiving a medical benefit, shall not conceal or fail to disclose that event with intent to obtain a medical benefit to which the person or any other person is not entitled or in an amount greater than that to which the person or any other person is entitled.

Laws 1981, c. 126, § 19; Laws 1986, c. 46, § 2.

Library References

Health ⚖=981.
Westlaw Key Number Search: 198Hk981.

### § 26-20-4. Kickbacks or bribes prohibited

A person may not solicit, offer, pay, or receive a kickback or bribe in connection with the furnishing of goods or services for which payment is or may be made in whole or in part pursuant to a medical benefit program, or pay or receive a rebate of a fee or charge for referring an individual to another person for the furnishing of goods or services.

Laws 1981, c. 126, § 19; Laws 1986, c. 46, § 3.

Library References

Health ⚖=981.
Westlaw Key Number Search: 198Hk981.

### Research References

Treatises and Practice Aids
700 Practising Law Institute Commercial Law and Practice 453, Health Care Reform: the Use of Anti-Kickback Statutes in Private Litigation, and the Need for an Antitrust-Type Approach.

### § 26-20-5. False statements or false representations relating to qualification of health institution or facility prohibited—Felony

(1) A person shall not knowingly and willfully make, or induce or seek to induce the making of a false statement or false representation of a material fact with respect to the conditions or operation of an institution or facility in order that the institution or facility may qualify, upon initial certification or upon recertification, as a hospital, skilled nursing facility, intermediate care facility, or home health agency.

(2) A person who violates this section is guilty of a second degree felony.

Laws 1981, c. 126, § 19.

### Cross References

Attempt, elements and classification, see §§ 76-4-101 and 76-4-102.
Conspiracy and solicitation, elements and penalties, see § 76-4-201 et seq.
Fines upon conviction of misdemeanor or felony, see § 76-3-301.
Inchoate offenses, limitations on sentencing, see §§ 76-4-301 and 76-4-302.
Penalties for felonies, see § 76-3-203.
Right to trial by jury, see Const. Art. 1, § 10.

### Library References

Health ⇐981.
Westlaw Key Number Search: 198Hk981.

### § 26-20-6. Conspiracy to defraud prohibited

A person shall not enter into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another to obtain the payment or allowance of a false, fictitious, or fraudulent claim for a medical benefit.

Laws 1981, c. 126, § 19; Laws 1986, c. 46, § 4.

### Cross References

Conspiracy and solicitation, elements and penalties, see § 76-4-201 et seq.

### Library References

Conspiracy ⇐33(2.1).
Westlaw Key Number Search: 91k33(2.1).
C.J.S. Conspiracy §§ 226, 228 to 229, 231, 235, 237.

C.J.S. Rico (racketeer Influenced and Corrupt Organizations) § 12.

### § 26-20-7. False claims for medical benefits prohibited

(1) No person may make or present or cause to be made or presented to an employee or officer of the state a claim for a medical benefit, knowing the claim to be false, fictitious, or fraudulent.

(2) In addition, no person shall knowingly:

231

(a) file a claim for a medical benefit for services which were not rendered or for items or materials which were not delivered;

(b) file a claim for a medical benefit which misrepresents the type, quality, or quantity of items or services rendered;

(c) file a claim for a medical benefit representing charges at a higher rate than those charged by the provider to the general public;

(d) file a claim for a medical benefit for items or services which the person or the provider knew were not medically necessary in accordance with professionally recognized standards;

(e) file a claim for a medical benefit which has previously been paid;

(f) fail to credit the state for payments received from other sources;

(g) file a claim for a medical benefit for services also covered by one or more private sources when the person or provider knew of the private sources without disclosing those sources on the claim;

(h) recover or attempt to recover payment from a recipient under a medical benefit program, or the recipient's family in violation of the provider agreement;

(i) file a claim for a medical benefit where a provider divides an accepted multiple medical procedure into artificial components or single procedures requesting full medical benefits for performing those component procedures as if they had each been performed independently and at separate times;

(j) falsify or alter with intent to deceive, any report or document required by state or federal law, rule, or medicaid provider agreement;

(k) retain any unauthorized payment as a result of acts described by this section; or

(*l*) aid or abet the commission of any act prohibited by this section.

Laws 1981, c. 126, § 19; Laws 1986, c. 46, § 5; Laws 1987, c. 92, § 35.

### Library References

Health ⚖=981.
Westlaw Key Number Search: 198Hk981.

### § 26-20-8. Knowledge of past acts not necessary to establish fact that false statement or representation knowingly made

In prosecution under this chapter, it shall not be necessary to show that the person had knowledge of similar acts having been performed in the past on the part of persons acting on his behalf nor to show that the person had actual notice that the acts by the persons acting on his behalf occurred to establish the fact that a false statement or representation was knowingly made.

Laws 1981, c. 126, § 19.

### § 26-20-9. Criminal penalties

(1) The punishment for violation of any provision of this chapter, except as provided under Section 26-20-5, is determined by the cumulative value of the

Case 2:05-md-01657-EEF-DEK   Document 63786-1   Filed 04/23/12   Page 6 of 8

funds or other benefits received or claimed in the commission of all violations of a similar nature, and not by each separate violation.

(2) Punishment for violation of this chapter, except as provided under Section 26-20-5, is as follows:

   (a) as a felony of the second degree if the cumulative value of the funds or other benefits received or claimed in violation of this chapter exceeds $1,000;

   (b) as a felony of the third degree if the cumulative value of the funds or other benefits received or claimed in violation of this chapter exceeds $250 but does not exceed $1,000;

   (c) as a class A misdemeanor if the cumulative value of the funds or other benefits received or claimed in violation of this chapter exceeds $100 but does not exceed $250; or

   (d) as a class B misdemeanor if the cumulative value of the funds or other benefits received or claimed in violation of this chapter does not exceed $100.

Laws 1986, c. 46, § 6.

### Cross References

Attempt, elements and classification, see §§ 76-4-101 and 76-4-102.
Conspiracy and solicitation, elements and penalties, see § 76-4-201 et seq.
Fines upon conviction of misdemeanor or felony, see § 76-3-301.
Inchoate offenses, limitations on sentencing, see §§ 76-4-301 and 76-4-302.
Penalties for felonies, see § 76-3-203.
Penalties for misdemeanors, see § 76-3-204.
Right to trial by jury, see Const. Art. 1, § 10.

## § 26-20-9.5. Civil penalties

(1) Any person who violates this chapter shall, in addition to other penalties provided by law, be subject to the following civil penalties:

   (a) in all cases, shall be required to make full and complete restitution to the state of all medical benefits improperly obtained;

   (b) in all cases, shall be required to pay the state its costs of enforcement of this chapter in that case, including but not limited to the cost of investigators, attorneys, and other public employees, as determined by the Bureau of Medicaid Fraud;

   (c) may be required, in the discretion of the court, to pay to the state a civil penalty not to exceed three times the amount of value improperly claimed or received as a medical benefit; or

   (d) may be required, in the discretion of the court, to pay to the state a civil penalty of up to $2,000 for each claim filed or act done in violation of this chapter.

(2) Any civil penalties assessed under Subsection (1) shall be awarded by the court as part of its judgment in both criminal and civil actions.

(3) A criminal action need not be brought against a person in order for that person to be civilly liable under this section.

Laws 1986, c. 46, § 7; Laws 1987, c. 92, § 36.

Research References

Treatises and Practice Aids
  Medicare and Medicaid Fraud and Abuse
    § 2:14. State False Claims Law.

### § 26–20–10. Revocation of license of assisted living facility—Appointment of receiver

(1) If the license of an assisted living facility is revoked for violation of this chapter, the county attorney may file a petition with the district court for the county in which the facility is located for the appointment of a receiver.

(2) The district court shall issue an order to show cause why a receiver should not be appointed returnable within five days after the filing of the petition.

(3) If the court finds that the facts warrant the granting of the petition, the court shall appoint a receiver to take charge of the facility. The court may determine fair compensation for the receiver.

(4) A receiver appointed pursuant to this section shall have the powers and duties prescribed by the court.

Laws 1981, c. 126, § 19; Laws 1998, c. 192, § 1, eff. July 1, 1998.

Cross References

Health care facility licensing and inspection, see § 26–21–1 et seq.
Receivers, see Rules Civ. Proc., Rule 66.

### § 26–20–11. Presumption based on paid state warrant—Value of medical benefits—Repayment of benefits

(1) In any civil or criminal action brought under this chapter, a paid state warrant, made payable to the order of a party, creates a presumption that the party received funds from the state.

(2) In any civil or criminal action brought under this chapter, the value of the benefits received shall be the ordinary or usual charge for similar benefits in the private sector.

(3) In any criminal action under this chapter, the repayment of funds or other benefits obtained in violation of the provisions of this chapter does not constitute a defense to, or grounds for dismissal of that action.

Laws 1986, c. 46, § 8.

### § 26–20–12. Violation of other laws

This chapter shall not be construed to prohibit or limit an action against a person for violation of any other law.

Laws 1986, c. 46, § 9.

### § 26–20–13. Medicaid fraud enforcement

(1) This chapter shall be enforced in accordance with this section.

(2) The department shall be responsible for:

(a) investigating and prosecuting all civil violations of this chapter; and

(b) promptly referring suspected criminal violations of this chapter to the attorney general for criminal investigation and prosecution.

(3) The attorney general shall be responsible for:

(a) investigating criminal violations of this chapter that are reported to the attorney general by the department or others;

(b) promptly referring probable civil violations of this chapter that are not related to a criminal investigation or prosecution to the department for civil investigation and prosecution; and

(c) prosecuting criminal violations of this chapter.

(4) The department and the attorney general may enter into an interagency agreement regarding the investigation and prosecution of violations of this chapter in accordance with this section, the requirements of Title XIX of the federal Social Security Act,[1] and applicable federal regulations.

Laws 2000, c. 316, § 2, eff. May 1, 2000.

[1] 42 U.S.C.A. § 1396 et seq.