U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   APR 2 3 2012

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIRGINIA G PICKETT | * | UNITED STATES DISTRICT COURT |
| | * | |
| PLAINTIFF | | |
| vs | * | MDL 1657 |
| | * | |
| MERCK, SHARPE & DOHME, CORP., FORMERLY KNOWN AS MERCK & CO. | * | CASE NUMBER: 2:10-CV-43 |
| | * | |
| | | JUDGE ELDON FALLON |
| DEFENDANT | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFF'S MOTION TO REMAND

Now Comes Virginia G Pickett, pro se plaintiff, and respectfully request this Honorable Court remand the above-captioned case to the State of Maryland and states:

1. That, in December, 2005, a Complaint was filed on behalf of the plaintiff in the New Jersey Superior Court, Atlantic City, NJ 08401, by the law offices of Levin, Simes, Kaiser and Gornick; specifically Steven Stein.

2. That, on November 9, 2007, Merck, the Plaintiff's Steering Committee, and participating judges agreed to a settlement amount of $4.85 billion creating the Vioxx Settlement Agreement. Judge Eldon E. Fallon of the Eastern District Court in New Orleans, Louisiana has been overseeing the federal cases, while Judge Carol E. Higbee of the Superior Court of New Jersey, having since cleared her docket, was in charge of the state Vioxx cases in New Jersey.

3. That, in October, 2008, following the plaintiff entering into the Settlement Agreement, the case was presented to the Superior Court of New Jersey. It was demonstrated the plaintiff had entered into the Settlement Agreement and signed the Release under extreme duress, coercion, and bullying tactics. Mr. Stein made threatening telephone calls to plaintiff's family members and friends and blackmailed the plaintiff by withholding pertinent information regarding her case. There were e-mails of admonishments and brow-beating that Mr. Stein sent to the plaintiff. Judge Higbee read Mr. Stein's e-mails and a letter from the plaintiff expressing her strong desire to remain out of the settlement. Judge Higbee ruled that Mr. Stein should not have submitted the Release to Merck and ruled the Release be retracted.

4. That, after that hearing, Judge Higbee, along with Mr. Cohen (Merck's counsel) and the plaintiff discussed a settlement in Judge Higbee's chambers and the amount that Merck offered was not enough to cover the plaintiff's then current medical bills. Judge Higbee agreed. the amount would not compensate Ms. Pickett for her losses.

5. That, Judge Higbee, after hearing the evidence, allowed the plaintiff to be removed from the Settlement and allowed Mr. Stein to be discharged as plaintiff's counsel. At the same time, Ms. Pickett asked that she be represented by Ronald Benjamin. Judge Higbee refused to allow Mr. Ronald Benjamin admittance pro hac vice to represent Ms. Pickett in New Jersey, and, as he was the only attorney taking on any Vioxx clients, the case was moved to New Orleans where he was admitted pro hac vice to the Louisiana Bar for the Vioxx litigation. With the case moved to New Orleans, Ms. Pickett could, at the very least, be represented. Since then, your Honor has allowed the discharge of Mr. Benjamin as counsel of record, whereas Ms. Pickett and Mr. Benjamin no longer shared a working relationship.

6. That, plaintiff has been precluded from entering into an attorney/client relationship with new counsel because of the dictates of the Settlement Agreement. Reference Article 1, Section 1.2.8.1 and Article 1, Section 1.2.8.2 in the Settlement Agreement where it clearly stipulates the unconstitutional "all of nothing" clause that prevents the plaintiff the right to her present attorney unless the claimant enters into the Settlement Agreement. However, because of the Settlement Agreement being a private settlement, it does not fall under the rights of the Constitution and is covered by a veil of protection by being classified as a "private settlement" and is sanctioned by the court.

7. That, plaintiff has been unable to obtain counsel that is versed and familiar with MDL 1657 in the state of Louisiana and will have a better chance to be represented in the state of Maryland where she is familiar in the legal community and at which time she can proceed to assist in a jury trial and seek compensatory, as well as punitive damages, which was prohibited from obtaining through the Settlement Agreement as stated in Article 3, Section 3.6 of the Settlement Agreement. Also, at the least, this case would not have to wait another six years to be placed on the court docket while awaiting the proceeds of the $4.85 billion Settlement Agreement to be calculated, dispersed, liens satisfied and reconciled with the Claims Administrator and the attorney fees to be distributed accordingly. This case has stood on its own merits and the plaintiff deserves her case to be heard.

8. That, on March 5, 2012, Ms. Pickett received, via e-mail, correspondence from Ann Oldfather's office relating to the most recent status conference meeting. Ms. Pickett was advised to contact Mr. Doug Marvin, Merck's counsel, to discuss this pending case.

9. That, on March 6, 2012, plaintiff contacted Merck's counsel, Douglas Marvin, to

communicate, in good faith, the above-captioned matter. During this conversation between Virginia Pickett and Douglas Marvin, Mr. Marvin said he would pull this case file and call plaintiff back in a few days.

10. That, on March 9, 2012, and not hearing from Merck's counsel, plaintiff called Mr. Marvin again and left a detailed voice mail to have Mr. Marvin return a call to the plaintiff in a timely manner.

11. That, on March 16, 2012, the plaintiff sent Mr. Marvin an e-mail requesting a conversation and or subsequent meeting.

12. That, as of March 20, 2012, Mr. Marvin had not returned a call to the plaintiff and is unable or unwilling to discuss this case and, furthermore, it demonstrates to the plaintiff a lack of good faith on the part of Merck's counsel.

13. That, it is Ms. Pickett's belief that Merck is practicing a continued and obvious delay tactic by ignoring the plaintiff's phone calls and e-mails, and, as your honor has stated, this case has been going on for over a decade. The plaintiff deserved a concerted effort on the part of Merck's counsel to discuss this matter; or at the very least, there should have been a cooperative and fervent effort to communicate with the plaintiff.

14. Notwithstanding your Honor's wish to conclude this case, the plaintiff wishes to proceed with this case in the State of Maryland, requesting a jury trial where she can present evidence that will prove her case unequivocally against Merck; as well as its manufacturing, marketing and sales maneuvering for the drug Vioxx. Since the onset of the Vioxx debacle, there has been a plethora of convincing evidence to demonstrate the "seeding" and marketing of Merck's Vioxx with no regard to patient's health or mortality. Plaintiff wishes her case to be tried and she does not feel confident,

      based on the accounts in the past 6 years, she will live long enough to see her case placed on a trial docket in Louisiana. It is the plaintiff's belief that this case will not be mired with the current issues your Honor has had to address in regards to the Settlement Agreement.

15. That, since September 2, 2002, plaintiff has continued to experience the residual and long term effects of Vioxx use. Ms.Pickett's health continues to deteriorate and she is unable to travel the 1200 miles to Louisiana to continue this case to trial.

16. That the plaintiff has continued to follow the MDL 1657 since its inception, is very versed on the evidence surrounding this case, and feels that by moving her case to Maryland, she could be more active, ever present and afforded the opportunity to assist in the trial process.

17. That, continuing her case in Louisiana places her at a disadvantage in that she is unable to be present and play an active part in her case against Merck.

**Whereas** the plaintiff has suffered with multiple cardiac events that required multiple cardiac stenting, plaintiff has, in addition, suffered with many TIAs consistent with symptoms in which the "settlement" has agreed to provide restitution. The plaintiff's health has deteriorated to the point where it would be impossible for her to travel to New Orleans to try this case. It is the plaintiff's wish to remand her case to the state of Maryland where she can be as active and aggressive as her health would allow. As said, health issues would prevent active participation, and certainly any aggressive participation, in a trial held in New Orleans, Louisiana. Plaintiff assures the court that health issues make it imperative that she now be permitted to have her case moved to Maryland where she is a resident.

**Wherefore**, it is respectfully requested your Honor allow this case to be moved to Maryland for the aforementioned reasons and to afford the plaintiff the opportunity to have her day in court.

*Virginia G. Pickett*
Virginia G. Pickett
Pro Se Plaintiff
519 B Lake Vista Circle
Cockeysville, MD 21030
Telephone: (843)530-4872

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion to Remand is case specific to the above case and has been served upon Phillip A. Wittmann, Russ Herman, Ann B. Oldfather, Robert M. Johnson, and Douglas Marvin, by U.S. mail and/or email and upon all parties and the aforementioned was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on this 23rd day of March, 2012.

*Virginia G. Pickett*
Virginia G. Pickett
Pro Se Plaintiff
519 B Lake Vista Circle
Cockeysville, MD 21030
Telephone: (843)530-4872

Email: aoldfather@oldfather.com
Oldfather Law Firm
Ann B Oldfather
1330 South Third Street
Louisville, KY 40208
Plaintiff's Liaison Counsel

Robert M. Johnson
Johnson, Hoefer, Holwadel & Eldridge
601 Poydras Street, Suite 2490
New Orleans, Louisiana
Curator for *Pro Se* plaintiffs

Email: rherman@khkc.com
Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Email: pwittmann@stonepigman.com
Phillip A. Wittmann
Stone Pigman Walther Wittmann, L.L.C
546 Carondolet Street
New Orleans, LA  70130-3588

Email: dmarvin@wc.com
Douglas Marvin
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005