UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO:   *Gene Weeks v. Merck & Co., Inc.*, Case No. 05-4578

## ORDER & REASONS

Pursuant to Pretrial Order 47A and the Court's Order of March 19, 2012 (Rec. Doc. 37739), the Court referred a number of attorney fee lien disputes to Special Master Patrick A. Juneau. The Special Master conducted proceedings in those matters and issued Reports and Recommendations. The Court has pending before it objections and motions to accept the Special Master's Report and Recommendations (Rec. Doc. 54246) on the fee dispute between Mr. Ronald Benjamin and Ms. Maria Tejedor in connection with *Gene Weeks v. Merck & Co*. The Court reviews the Special Master's Report and Recommendations *de novo* for factual findings and legal conclusions, and for abuse of discretion for procedural matters. Fed. R. Civ. P. 53(f).

In connection with this lien dispute, the Special Master issued a scheduling order which included deadlines for the parties to have "an <u>in-person</u> meeting to try to amicably resolve this dispute," to submit a bind of materials to the Special Master including memoranda, exhibits, deposition transcripts, contracts, and a certification that the parties met. (Rec. Doc. 54246-2 at

2-3) (emphasis in original).  The scheduling order also set a hearing before the Special master, making "<u>personal appearance</u> of all involved attorneys and parties ... <u>mandatory</u>." (*Id.* at 4).

The undisputed record reflects that Mr. Benjamin did not attend the in-person meeting, did not submit a binder to the Special Master, and did not attend the hearing.  At no time did the Special Master excuse Mr. Benjamin from any of these requirements.  Although Mr. Benjamin may have preferred to continue the hearing in favor of a motion for summary judgment, the Court referred the entire matter as well as that motion to the Special Master and declined to continue the hearing (Rec. Docs. 50995, 53885).  The Special Master acted reasonably and did not abuse his discretion in deciding to proceed with a live hearing in this matter.

As a consequence of Mr. Benjamin's failure to submit a binder of materials or attend the hearing, the Special Master concluded that the evidence introduced at the hearing established that the award issued to Mr. Gene Weeks through the Vioxx Settlement Program was the result of the work of Ms. Tejedor and her firm, and not the result of any effort by Mr. Benjamin.  Reviewing the record *de novo*, the evidence submitted at the Special Master's hearing supports this factual finding.  Accordingly, the Court accepts and adopts the Special Master's award of the entire disputed attorneys fee to Ms. Tejedor.

The Court will proceed to address each of Mr. Benjamin's seven objections pursuant to Federal Rule of Civil Procedure 53(f).  With respect tothe first objection, the Court finds that the Special Master did not abuse his discretion by ordering an in-person meeting or by failing to dispense with the in-person meeting as requested by Mr. Benjamin.  Mr. Benjamin's "unwillingness" was not sufficient grounds to cancel the meeting, and certainly was not sufficient grounds for him to fail to attend.  With respect to the second objection, the Court again

finds that the Special Master correctly concluded that no pre-hearing binder was submitted by Mr. Benjamin, nor did Mr. Benjamin even attempt to submit a binder without the certification of in-person meeting.  With respect to the third objection, it is immaterial whether Ms. Tejedor filed a motion for summary judgment because, although Mr. Benjamin filed a motion for summary judgment, the Special Master properly elected to resolve disputed facts through live testimony at a hearing, which Mr. Benjamin voluntarily failed to attend.  With respect to the fourth and fifth objections, Mr. Benjamin's account of the underlying handling of Mr. Weeks' claim is entirely speculative and not supported by evidence or testimony adduced at the Special Master's hearing; accordingly, the objection is overruled.  With respect to the sixth objection, the Court finds that the Special Master did not abuse his discretion in electing to proceed with the hearing rather than address Mr. Benjamin's motion for summary judgment.

Mr. Benjamin's seventh objection relates to the Special Master's recommendation regarding sanctions in the amount of $2,495.15 to Ms. Tejedor for her time and expenses in traveling to the in-person meeting which Mr. Benjamin did not attend, and $5,000.00 to the United States District Court for his "flagrant abuse and disregard of the judicial process."  (Rec. Doc. 55349 at 5).  With respect to the seventh objection, the Court finds that although Mr. Benjamin's conduct was unwarranted and inappropriate, it is sufficient to award the entirety of the disputed lien to Ms. Tejedor.  The objection is granted in this respect.

Accordingly, IT IS ORDERED that Maria Tejedor is awarded attorney fees of $67,556.63 and litigation expenses of $2,945.74.  To the extent that an additional $4,229.29 was transmitted to Mr. Benjamin, representing a refund between the 8% withheld by the Claims Administrator and the 6.5% common benefit fund awarded by the Court, Ms. Tejedor is entitled

to that amount as well.

    New Orleans, Louisiana, this 25th day of April, 2012.

                                                        _____

                                                             United States District Judge