# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JOINT REPORT NO. 70 OF
### PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 70.

### I.      CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint.  The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.  On February 22, 2012, Merck filed a Notice of Supplemental Authority in Support of Merck's Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint [Rec. Doc. 63678].

1

II.     STATE/FEDERAL COORDINATION -- STATE LIAISON
        COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several

communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also

has worked on coordinating the discovery efforts of the Government Action cases currently

pending before the Court.  The parties will be prepared to discuss these issues further at the

status conference on April 27, 2012.

III.    *PRO SE* CLAIMANTS

By Order entered February 12, 2008, the Court appointed Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, 400 Poydras Street, Suite 2450, New Orleans, Louisiana

70130, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se*

Claimants").  The PLC and Curator will be prepared to discuss this further at the status

conference on April 27, 2012.

IV.     GOVERNMENT ACTIONS AND CONSUMER CLASS
        CLAIMS

On September 1, 2011, Judge Fallon held a telephone conference with counsel for

Merck and counsel for Santa Clara County.  Following the conference, the Court issued a Minute

Entry [Rec. Doc. 63335] regarding the conference.  On September 26, 2011, Merck filed a

Motion for Judgment on the Pleadings [Rec. 63425]; Santa Clara filed its opposition on

November 7, 2011 [Rec. Doc. 63552]; and Merck filed its reply on November 18, 2011 [Rec.

Doc. 63584]  The motion was heard on January 18, 2012 and was taken under advisement by the

---

[1]     Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not
only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will

2

Court.  [Rec. Doc. 63644].  On March 20, 2012, the Court granted Merck's Motion for Judgment on the Pleadings.  [Rec. Doc. 63741].

The Court held a telephonic status conference on October 12, 2011 to identify the states that would be continuing to litigate and to discuss how to proceed in those cases.  The Court requested that Liaison Counsel for the AGs meet with Merck to formulate a new scheduling order for those AG cases remaining in the MDL.  [Rec. Doc. 63478].  The parties have been conferring on that issue, but at the present time have been unable to craft the order. The parties will be prepared to discuss this matter at the Government Entities' status conference on April 27, 2012.

On November 4, 2011, the Court outlined the procedure the parties must undertake before remands may be heard, including the procedure the Court will follow in reporting to the JPML on remands.  Each governmental entity is to meet and confer with Merck to determine what discovery is still outstanding and to make suggestions as to what discovery should be done in this Court and what may be done post remand.  Since that date, almost every governmental entity has had a meet and confer with Merck.  The parties will be prepared to address this issue at the status conference on April 27, 2012.

On December 12, 2011 the Court held a telephonic conference with the District of Columbia, Merck and an Assistant Attorney General for the District of Columbia to discuss the status of the District of Columbia's consumer class claim brought on behalf of a taxpayer and the effect of the DOJ settlement on that claim.  On February 6, 2012, Merck filed a Motion for Judgment on the Pleadings [Rec. Doc. 63656] on plaintiff Kenneth Walker's claim under the

---

be prepared to discuss this situation at the status conference on April 27, 2012.

D.C. Consumer Protection and Procedures Act ("CPPA").  Plaintiff filed an opposition [Rec. Doc. 63694], and Merck filed a reply.  The Court has the matter under advisement.

The Government Entities prepared a letter to the Court on April 20, 2012 discussing issues each Government Entity believes pertinent at this point in the proceedings.

The parties will be prepared to discuss these issues further at the Government Entities' status conference on April 27, 2012.

V.      THIRD PARTY PAYORS

On August 17, 2011, the Court issued Pre-Trial Order No. 57 [Rec. Doc. 63267], which establishes procedures and deadlines for private third party payor common benefit fees. Numerous applicants have submitted submissions pursuant to Section III of the Order and the Fee Allocation Committee is in the process of reviewing and considering such applications. Furthermore, the Fee Allocation Committee requested additional information which was recently received from various applicants and which shall also be considered by the Fee Allocation Committee. The Court has extended the October 10, 2011 and October 20, 2011 deadlines set forth in Section IV of the Order.  On November 17, 2011, the Fee Allocation Committee filed its recommendation pursuant to Pre-Trial Order No. 57.  [Rec. Doc. 63555].  The recommendation was supplemented on November 28, 2011.  [Rec. Doc. 63582].  The Fee Allocation Committee will be prepared to discuss the matter further at the status conference on April 27, 2012.

On April 23, 2012, the Court entered an Order enjoining Plaintiffs and Plaintiffs' counsel in *Mary Plubell, et al. v. Merck*, pending in the Circuit Court of Jackson County, Missouri, from offering any evidence that does not sufficiently exclude damages attributable to claims already settled through the personal injury and Third Party Payor settlements achieved in

4

this MDL and from executing any judgment obtained through admission of such evidence.  [Rec.

Doc. 63782].

VI.    PENDING PERSONAL INJURY CASES SUBJECT TO PTOS
       28, 29 AND 43

       A.    General Matters Relating to Remaining Personal
             Injury Cases

On November 2, 2011, Merck filed a Motion for Summary Judgment in VTE

Cases [Rec. Doc. 63539].   In response, Ms. Oldfather filed a Motion to Strike or in the

Alternative to Remand Merck & Co., Inc.'s Motion for Summary Judgment in VTE Cases [Rec.

Doc. 63606]; Merck filed an opposition [Rec. Doc. 63609].   The Court heard argument on the

motion to strike following the January 5, 2012 monthly status conference.   The Court denied the

motion to strike, continued Merck's motion for summary judgment in VTE cases generally, and

ordered that "any expert reports on general causation in VTE cases that any party intends to

submit in opposition to Merck's motion for summary judgment shall be produced on or before

May 7, 2012."  [Rec. Doc. 63623].

On February 16, 2012, Ms. Oldfather filed a Motion for Extension of Time to

Disclose General Causation Experts and Motion to Compel Delivery of the Vioxx Concordance

Database [Rec. Docs. 63667 and 63668].  These motions are addressed in Section C, *infra*.

       B.    Matters Noticed for Hearing on April 27, 2012

There are no new matters noticed for hearing on April 27, 2012.

       C.    Other Pending Motions

On November 29, 2011, the PSC filed a Motion to Amend Pre-Trial Order No. 19

to address the common benefit fee and cost assessment for the subset of cases that are both

1091799v1

subject to Pre-Trial Order 29 and allege a heart attack or stroke injury. [Rec. Doc. 63585]. An opposition was filed by Ms. Oldfather, Liaison Counsel for certain cases [Rec. Doc. 63592]; Merck also filed a response to the motion [Rec. Doc. 63587]. The motion was heard following the monthly status conference on January 5, 2012 and was taken under submission. [Rec. Doc. 63624].

On January 12, 2012, Merck filed a Motion for Entry of a Comprehensive Scheduling Order for "Other Injury" and "PTO 29" Cases [Rec. Doc. 63640]. An Opposition was filed by Ms. Oldfather as Liaison Counsel [Rec. Doc. 63649], and multiple responses were filed by affected plaintiffs [Rec. Docs. 63651, 63653, 63654, 63655, 63657, 63658, 63659, 63665, 63666, 63679, 63691]. The PSC also filed a response [Rec. Doc. 63652]. Merck filed a reply [Rec. Doc. 63684]. The motion was argued at a hearing following the March 1, 2012 status conference. At that conference, the Court indicated that it intended to issue a scheduling order and directed Ms. Oldfather to submit an alternative proposed schedule. *See* March 1, 2012 Minute Entry at 6-7 [Rec. Doc. 63718]. Ms. Oldfather intends to file a Proposed Scheduling Order before the status conference pending further discussions with Merck counsel on a suggested Order. The parties will be prepared to discuss this matter further at the status conference on April 27, 2012.

On February 15, 2012, Merck filed a Motion for Summary Judgment in the *Escamilla* case, No. 08-3573 [Rec. Doc. 63662]. On February 22, 2012, Merck filed under seal a Motion for Summary Judgment relating to the claims of plaintiff Cheryl Kuykendall, No. 05-4991 [Rec. Doc. 63674]. Responses and oppositions were filed and the matters were taken under submission on March 14, 2012. On April 23, 2012, the Court entered its Order and Reasons

granting summary judgment in the *Kuyenkendall* case and denying summary judgment in the *Escamilla* case [Rec. Doc. 63783]. In the Court's Order in the *Escamilla* case, Merck learned for the first time that plaintiff had filed a supplemental expert report in response to Merck's Motion for Summary Judgment -- a supplement which plaintiff filed via ECF/Pacer, but failed to properly serve on Merck via Lexis Nexis File & Serve (*see, e.g.,* PTO 8C), and of which Merck was unaware. The parties will be prepared to discuss this matter further at the status conference on April 27, 2012.

On February 16, 2012, Ms. Oldfather filed a Motion for Extension of Time to Disclose General Causation Experts and Motion to Compel Delivery of the Vioxx Concordance Database [Rec. Docs. 63667 and 63668]. The PSC and Merck filed responses [Rec. Docs. 63690 and 63695], and Ms. Oldfather filed a reply [Rec. Doc. 63700]. The parties have had numerous telephone conferences with the Court regarding the Vioxx Concordance Database since March 1, 2012,[2] and the parties will be prepared to discuss this issue and the Motion for Extension of Time to Disclose General Causation Experts at the status conference on April 27, 2012.

On February 23, 2012, Ron Benjamin filed a Motion to Exclude Movant from the Requirements of PTO 19 With Regard to the Settlement of 16 Cases [Rec. Doc. 63680]. These are MI and Stroke cases that Mr. Benjamin is in the process of settling. Ms. Oldfather filed an Opposition [Rec. Doc. 63724], and the motion was taken under submission on March 14, 2012.

On April 18, 2012, Merck filed two motions for summary judgment, one relating to plaintiff Joanne I. Roach [Rec. Doc. 63776] and one relating to plaintiff Stanley Long [Rec. Doc. 63777]. Both motions are noticed for submission on May 23, 2012.

1091799v1

VII. OTHER PENDING MOTIONS/MATTERS

Merck's Motion, Rule and Incorporated Memorandum to Show Cause Why Remaining Settlement Program Releases and Stipulations Should Not Be Tendered to Merck [Rec. Doc. 63105] remains pending as to one plaintiff, Louise Young, No. 08-0882.

Merck's Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint [Rec. Doc.19681] in the *Gene Weeks* case was filed on June 22, 2009.  The motion is fully briefed, including a recently filed Notice of Supplemental Authority [Rec. Doc.63320], was submitted for decision in July 2009, and remains pending.

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389].  The matter was heard by the Court on September 21, 2011 and taken under submission.

Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] was discussed by Ms. Oldfather, Mr. Davis and Mr. Marvin at the September 21, 2011 status conference and an agreement was made for production of information that may satisfy the request.  The parties will be prepared to discuss the matter further at the status conference on April 27, 2012.

On April 20, 2012, a Motion for Disbursement of Funds on behalf Kathryn Snapka was filed [Rec. Doc. 63780] and is noticed for submission on May 9, 2012.

---

[2]     The parties have had at least 11 phone conferences since March 1, 2012, and there have been four phone

1091799v1

VIII.   APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the

United States Court of Appeals, Fifth Circuit.  The parties will be prepared to discuss these

matters further at the status conference on April 27, 2012.

IX.     NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to

schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361
**Defendants' Liaison Counsel**

/s/ Ann B. Oldfather
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, KY  40208
PH:   (502) 637-7200
FAX:  (502) 637-3999
**Liaison and Lead Counsel for Ineligible or Non-Enrolled**
**Cases and Certain Other Remaining PI Claims**

conferences with the Court.

9

1091799v1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 70 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of April, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

10

1091799v1