UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to ALL Personal Injury Actions | MAGISTRATE JUDGE KNOWLES |

* * * * *

### [PROPOSED] PRETRIAL ORDER NO. 57

### PRE-TRIAL SCHEDULING ORDER
### FOR ALL REMAINING PERSONAL INJURY CASES

Whereas this Court has pending before it 71 personal injury cases, based on differing events, and

Whereas, some but not all of those cases will be subject to trial in this Court and others will be remanded to their transferor courts for trial, and

Whereas, this Court desires to have an Order in place that will advance *all* of the remaining cases to resolution, remand or trial, a common requirement of which is the existence of general causation that survives *Daubert* challenges, and

Whereas it would be appropriate for the court actually conducting the trial to set deadlines for a Final Scheduling Order, such as completion of fact discovery, disclosure of experts, cut-offs for written discovery and similar dates based upon an actual trial date once that is established by the court which will be trying the case, and so, for these reasons,

**IT IS HEREBY ORDERED:**

I. <u>Heart Attack/Stroke/TIA Cases Identified as Cases 1 through 28 on the Attached Case Census</u>.

   A.   On or before **June 1, 2012**, Merck shall identify which of the cases listed on the attached Case Census as numbers 1 through 14 it will stipulate to have adequately

        alleged a heart attack or related event so that a jury could conclude general causation within the parameters of the general causation testimony previously heard by the Court for heart attack and related injuries.

    B.    On or before **June 1, 2012**, Merck shall identify which of the cases listed on the attached Case Census as numbers 15 through 28 it will stipulate to have adequately alleged an ischemic stroke or related event so that a jury could conclude general causation for those events.

    C.    The cases (if any) so stipulated by Merck will not require a *Daubert* hearing on general causation. The cases to which Merck declines to stipulate shall be processed under Section III below as Other Personal Injury cases, although the claimants may submit the testimony previously heard by the Court on earlier *Daubert* hearings as part of their proof required by Section III. B.

    D.    On or before forty-five (45) days following Merck's stipulation, each plaintiff in the Group I.A and Group I. B. cases where Merck has stipulated that adequate proof exists from which a jury could conclude general causation, shall file a Notification with the Court establishing whether that plaintiff requests remand to the transferor court or whether the plaintiff consents to trial before this Court. The Court may at that time determine whether to remand cases where there is no consent, or whether to proceed with discovery in this court..

    E.    This Court shall establish the appropriate trial date for cases in this Court's jurisdiction, by consent or otherwise, and a Trial Scheduling Order and trial dates shall be set at that time, upon consideration of the number of cases remaining to be tried before this Court.

II.    <u>Venous Thromboembolism ("VTE") Cases.</u>

    A.    The VTE cases consist of the cases numbered 29 through 57 on the attached Case Census.

    B.    On or before August 27, 2012, plaintiffs shall serve expert reports establishing general causation for those claims.

    C.    On or before thirty (30) days thereafter, Merck shall serve expert reports on the issue of general causation.

    D.    The parties shall have the right to depose the other side's experts within a reasonable time thereafter.

    E.    The Court shall consider remand at the conclusion and as appropriate following the Court's determination after a *Daubert* hearing. If the Court has determined that adequate proof of general causation has been presented, then within thirty (30) days of such ruling, each plaintiff shall file a Notification with the Court establishing whether that plaintiff requests remand to the transferor court or whether the plaintiff consents to trial before this Court. The Court may at that

        time determine whether to remand cases where there is no consent, or whether to proceed with discovery in this court.

    F.    This Court shall establish the appropriate trial date for cases in this Court's jurisdiction, by consent or otherwise, and a Trial Scheduling Order and trial dates shall be set at that time, upon consideration of the number of cases remaining to be tried before this Court.

III. All Other Personal Injury ("OPI") Cases.

    A.    The OPI cases consist of the cases numbered 58 through 71 on the attached Case Census, and those cases from Section I where Merck has declined to stipulate the sufficiency of the proof so as not to require a *Daubert* hearing.

    B.    On or before **October 26, 2012**, plaintiffs shall serve expert reports establishing general causation for those claims.

    C.    On or before thirty (30) days thereafter, Merck shall serve expert reports on the issue of general causation.

    D.    The parties shall have the right to depose the other side's experts within a reasonable time thereafter.

    E.    The Court shall consider remand at the conclusion and as appropriate following the Court's determination after a *Daubert* hearing. If the Court has determined that adequate proof of general causation has been presented, then within thirty (30) days of such ruling, each plaintiff shall file a Notification with the Court establishing whether that plaintiff requests remand to the transferor court or whether the plaintiff consents to trial before this Court. The Court may at that time determine whether to remand cases where there is no consent, or whether to proceed with discovery in this court.

    F.    This Court shall establish the appropriate trial date for cases in this Court's jurisdiction, by consent or otherwise, and a Trial Scheduling Order and trial dates shall be set at that time, upon consideration of the number of cases remaining to be tried before this Court.

NEW ORLEANS, LOUISIANA,    THIS \_\_\_\_\_ day of _____, 2012.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

# VIOXX CASE CENSUS

## HEART ATTACKS (14 TOTAL)

| #   | Name | Firm | State |
|-----|------|------|-------|
| 1.  | Butcher, Lawrence (deceased) | Oldfather Law Firm | KY |
| 2.  | DeRose, Gary | Stratton Faxon | CT |
| 3.  | Donaldson, William | Stratton Faxon | CT |
| 4.  | Escamilla, Robert | Law Offices of Chambers, Noronha & Kubota | CA |
| 5.  | Flewellen, Neil | Stratton Faxon | NY |
| 6.  | Gros, Cheryl | Law Offices of Donald J. Melancon | LA |
| 7.  | Hess, Denise | Stratton Faxon | TN |
| 8.  | Levitt, Jo | Pro Se | MO |
| 9.  | Lockhart, Dolena (deceased) | Paul A. Weykamp Law Offices | MD |
| 10. | Nestor, James | Law Offices of Douglas T. Sachse | MD |
| 11. | Pickett, Virginia | Pro Se | NJ |
| 12. | Strujan, Elena | Pro Se | NY |
| 13. | White, Jackie | Oldfather Law Firm | IL |
| 14. | Wodowski, Michael (deceased) | Miserendino, Seegert & Estoff, P.C. | LA |

## STROKE/TIA (14 TOTAL)

| #   | Name | Firm | State |
|-----|------|------|-------|
| 15. | Knotts, Jerrlyn Kay | Law Office of Robert L. Salim | LA |
| 16. | Lewis, Barbara | Pro Se | FL |
| 17. | Lynch, Judith | Stratton Faxon | CT |
| 18. | Mannino, AnnMarie | Pro Se | NY |
| 19. | Martin, Kristen | Fibich, Hampton & Leebron, LLP | LA |
| 20. | Moxter, Bobby | Fibich, Hampton & Leebron, LLP | MO |
| 21. | Novick, Kenneth | Oldfather Law Firm | LA |

# VIOXX CASE CENSUS

| | | | |
|---|---|---|---|
| 22. | Perry, Samuel | Stratton Faxon | CT |
| 23. | Roach, Joanne (deceased) | Emmanuel Guyon | IL |
| 24. | Rodriguez, Marjorie | Stratton Faxon | CT |
| 25. | Russel, Donna | Oldfather Law Firm | KY |
| 26. | Schnepf, James | Harding & Moore | NY |
| 27. | Smith, Larry | Trenam Kemker | FL |
| 28. | Valencia-Bernal, Susana | Pro Se | FL |

## VENOUS THROMBOEMBOLISM "VTE" (29 TOTAL)

| | | | |
|---|---|---|---|
| 29. | Albertson, Beverly | Cory, Watson, Crowder & Degaris, PC | LA |
| 30. | Amiss, Louise (deceased) | Oldfather Law Firm | MN |
| 31. | Bland, Violet (deceased) | Oldfather Law Firm | KY |
| 32. | Brown, Dianne | Pro Se | MN |
| 33. | Butterfield, Myrtle | Oldfather Law Firm | MN |
| 34. | Byrd, Deborah | Pro Se | MN |
| 35. | Carver, Gail (deceased) | Oldfather Law Firm | LA |
| 36. | Demoski, James | Law Office of Ronald R. Benjamin | NY |
| 37. | Dumbell, Mabel | Fibich, Hampton & Leebron, LLP | MO |
| 38. | Eddy, Judith | Oldfather Law Firm | MN |
| 39. | Fulton, Rebeka | Cory, Watson, Crowder & Degaris, PC | AR |
| 40. | Garner, Elizabeth | Law Office of Robert L. Salim | LA |
| 41. | Gasio, Dane | Oldfather Law Firm | OK |
| 42. | Graham, Larry | Strong, Martin & Associates, PLLC | OK |
| 43. | Heisey-DeWolf, Deborah | Oldfather Law Firm | PA |

# VIOXX CASE CENSUS

| | | | |
|---|---|---|---|
| 44. | Hench, Edwin | Oldfather Law Firm | PA |
| 45. | Jelden, Todd | Oldfather Law Firm | LA |
| 46. | Knifley, Thelma (deceased) | Cory, Watson, Crowder & Degaris, PC | KY |
| 47. | Kollin, Jean | Pro Se | MN |
| 48. | Mack, Timothy | Law Office of Ronald R. Benjamin | NY |
| 49. | Major, Lynell | Law Office of Robert L. Salim | LA |
| 50. | Osieki, Marilyn | Oldfather Law Firm | PA |
| 51. | Painter, Gladys | Oldfather Law Firm | PA |
| 52. | Reilly, James | Oldfather Law Firm | MN |
| 53. | Silva, Valerie | James, Vernon & Weeks, P.A. | IO |
| 54. | Slembarski, John | Oldfather Law Firm | PA |
| 55. | Vecchio, Teresa | Pro Se | NY |
| 56. | Weese, Roxana | Pro Se | MN |
| 57. | Woodcock, Christine | Pro Se | MN |

## OTHER INJURY (13 TOTAL)

| | | | |
|---|---|---|---|
| 58. | Baum, Janice<br>Pulmonary hypertension and narrowed leg arteries | Pro Se | IN |
| 59. | Dunn, Velma<br>Pulmonary hypertension, right side heart failure, renal failure | Bennie L. Jones, Jr. & Associates | MS |
| 60. | Eldridge, Joanne<br>Paralysis due to spinal stroke | Savage Bowersox Supperstein LLP | LA |
| 61. | Elliot, Sandra<br>Congestive heart failure and Hypertension | Oldfather Law Firm | CA |

3

# **VIOXX CASE CENSUS**

| | | | |
|---|---|---|---|
| 62. | Harrison, Dennis<br>Right femur injury | Pro Se | NY |
| 63. | Hudnut, Lynn<br>Renal elevation of creatinine | Pro Se | LA |
| 64. | King, LaDonna<br>Kidney and renal insufficiency | Oldfather Law Firm | PA |
| 65. | Laviner, Rebecca<br>Coronary artery disease | Federman & Sherwood | LA |
| 66. | Long, Stanley<br>Gastric bleeding | Getty & Childers | KY |
| 67. | Moore, Rebecca<br>Occlusion of arterial blood Vessels | Law Office of Kenneth C. Chessick, M.D. | IL |
| 68. | Nolan, Maryann<br>Atherosclerotic damage, kidney damage, renal failure | Getty & Childers | NJ |
| 69. | Rarick, Kenneth<br>Ocular vascular ruptures and Occlusion | Oldfather Law Firm | MN |
| 70. | Sanjanwala, Smita (deceased)<br>Vascular insufficiencies and Amputations | Oldfather Law Firm | KS |

## RECORDS NOT AVAILABLE (1 TOTAL)

| | | | |
|---|---|---|---|
| 71. | Akyaamaa, Akosua (deceased) | Pro Se | NY |