UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| **ALL Personal Injury Actions** | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

*****************************************************************************

**[PROPOSED] PRETRIAL ORDER NO. [58]**
**(Case Management Order for Remaining Personal Injury Actions )**

Approximately 70 personal injury cases remain in this MDL proceeding, out of tens of thousands of cases that were resolved.

This Court has pending before it Merck's Motion for Summary Judgment in VTE Cases filed on Nov. 2, 2011. As a result of that motion, the plaintiffs named in that Motion were instructed to produce expert reports in support of general causation in VTE cases by May 7, 2012. Liaison Counsel Anne Oldfather subsequently filed a motion seeking additional time to submit such reports.

To govern the development of discovery in all remaining cases and thereby advance the preparation of these claims for trial and/or other disposition.

**IT IS HEREBY ORDERED:**

**I.    APPLICABILITY OF ORDER**

This Order shall govern all cases subject to PTO Nos. 28, 29 and 43.

1091915v1

## II. REMAINING DISCOVERY IN THE MDL

All remaining generic discovery and case specific factual discovery shall take place in accordance with Pretrial Order Nos. 9 and 13.  All fact and expert discovery will be completed by the parties in the MDL prior to consideration of any motions to remand/transfer.  As has been repeatedly noted previously, it is the intention of this Court that, if any individual cases are remanded back to transferor courts, the case shall be remanded in a "trial ready" posture.  At this late juncture of the proceedings, it would not be the most efficient use of limited judicial resources to require dozens of federal judges to essentially start anew with these cases.

A significant benefit of MDL coordination arises from the conservation of judicial resources, and the ability of a judge who is knowledgeable about the extensive history of the litigation to address and manage discovery issues and motions practice more efficiently.  The continued centralized management of pretrial proceedings under the supervision of this Court will assist the parties to ready cases for trial in the most just and efficient manner.  In short, continued MDL coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *In re Heritage Bonds Litigation*, 217 F.Supp.2d 1369, 1370 (J.P.M.L.2002) (citing 28 U.S.C. § 1407).

## III. GENERAL CAUSATION FOR VTE CASES

After MI/SCD cases – which have received substantial attention in this MDL and which were the subject of extensive bellwether trials—the next largest cohesive group of cases consists of alleged pulmonary embolism and deep vein thrombosis injuries ("VTE" cases).

1091915v1

Merck has a pending motion for summary judgment (filed November 2, 2011) that essentially asserts that plaintiffs cannot produce legally sufficient evidence to establish that Vioxx usage is capable of causing VTE injuries.  Plaintiffs were given until **May 7, 2012** to produce an expert report on general causation.  Due to unexpected problems encountered with the Plaintiffs' Document Depository, Liaison Counsel for PSC II has sought an extension of that deadline.

Further proceedings in the **VTE Cases** shall take place as follows:

- Plaintiffs produce generic expert report(s) on general causation by July 15, **2012**;

- Defendant produces any supplemental/rebuttal reports by **August 15, 2012**.

- Completion of expert depositions in *VTE* cases – **September 14, 2012**.

*Daubert Motions in PE/DVT Cases*

*Daubert* motions due – **September 28, 2012**

Opposition to *Daubert* motions due – **October 26, 2012**

*Daubert* Reply briefs due – **November 19, 2012**

*Daubert* hearing – ***T/B/A***

IV.   DISCOVERY IN ALL OTHER CASES

- o   Completion of All Fact Discovery– **December 14, 2012**
- o   Designation of Experts and Submission of Written Expert Reports – **February 1, 2013**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

3

1091915v1

- o Designation of Rebuttal Experts and Submission of Written Expert Reports — **March 15, 2013**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.
- o Completion of Expert Depositions – **May 10, 2013**
- o *Daubert* motions due – **June 28, 2013**
- o Opposition to *Daubert* motions due – **August 9, 2013**
- o *Daubert* Reply briefs due – **August 30, 2013**
- o *Daubert* hearing – **T/B/A**

*Dispositive Motions*

Dispositive motions in individual cases may be filed at any time. The opposing party will have 21 days to respond. The moving party will have 10 days to reply.

NEW ORLEANS, LOUISIANA, this _____ day of April, 2012.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

1091915v1