**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE JUDGE** |
| *All Cases* | * | **KNOWLES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS**
**MOTION SEEKING ENTRY OF**
**A COMPREHENSIVE SCHEDULING ORDER**

Defendant Merck Sharp & Dohme Corp. ("Merck") has asked this Court to enter a

scheduling order applicable to a significant portion of the remaining personal injury cases.  In a

Memorandum submitted yesterday (April 25, 2012), Liaison Counsel for PSC II indicated that

she now believes that an order applicable to *all* cases should be entered, rather than a category of

cases.  Merck has previously sought entry of an order applicable to all cases, and has no

objection to expanding the requested relief to embrace all currently pending cases.  Given the

passage of time since Merck originally submitted its proposed order, many of the deadlines

would not be realistic.  Accordingly, a revised proposed order is being submitted with this

memorandum.  *See* Exhibit A.

While the parties agree that an order should be put in place to govern all remaining cases,

the parties disagree on the scope of the order and on other points as well.

(1)      Rather than propose an actual scheduling order, Liaison Counsel essentially sets

forth a series of dates for the parties and the Court to make remand decisions, and asserts that

any other detail regarding scheduling should be left to the different trial courts.  This is

inconsistent with the repeated statements that this Court has made as to how it intends to wind up

the proceedings in this MDL.  This Court has indicated on *numerous* occasions that it intends to

consider remand only when cases are in a "trial ready" posture.  A significant benefit of MDL

coordination arises from the conservation of judicial resources, and the ability of a judge who is

well-versed in the extensive history of the litigation to more efficiently address and manage

discovery issues and motions practice.  Centralized management and coordination within the

MDL will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve

the resources of the parties, their counsel and the judiciary."  *In re Heritage Bonds Litigation*,

217 F.Supp.2d 1369, 1370 (J.P.M.L.2002) (citing 28 U.S.C. § 1407).

        (2)     The contention that the general causation issue should be addressed separately for

all cases – not only VTE cases—likewise misses the mark.  For many of the remaining cases

alleging injuries other than myocardial infarctions, strokes or VTEs, there has thus far been

insufficient evidence produced to even characterize the alleged injury, let alone parse whether

and on what basis causation could or should be challenged.[1]  As for the remaining myocardial

infarction and stroke injuries, Merck should not be asked to determine in which specific cases it

will file *Daubert* motions on general causation until it knows the facts relevant to each specific

case, both as to the exact injury and the usage of Vioxx.  For example, Merck would most

certainly contest general causation vigorously where it turns out from discovery that the plaintiff

took a couple of Vioxx pills in 2002 and is now complaining of a heart attack in 2007.  Basic

factual discovery must take place in the remaining MI, stroke and other injury cases – before

---

[1]     To the extent Liaison Counsel suggests that general causation has somehow been
        established for all MI and Strokes, that issue remains disputed.   For purposes of this
        case, myocardial infarctions and strokes are not monolithic injuries.  Important issues
        such as duration and proximity of Vioxx usage, among others, must be considered in
        evaluating any given category of MI or strokes.

1091913v1

more time elapses and evidence is lost or forgotten -- and a schedule for doing so should be implemented.

(3)      Scheduling orders, whether issued in routine or complex cases, set basic deadlines for discovery activities, the completion of discovery, and motions practice.  *See* Manual on Complex Litigation (Fourth) § 11.212 (2004).  They provide both the court and the parties a blueprint for moving forward, and "help ensure that counsel will timely complete the work called for by the management plan." *Id.*  The proposal offered by Liaison Counsel fails to accomplish any of these goals.  Instead, proposing a schedule for one stage and leaving other stages to be determined sometime in the future will only delay the wind up of the proceedings further.  In contrast, the attached proposed order sets a schedule for all cases that will achieve an orderly winding down of one of the largest MDL proceedings.

## CONCLUSION

For the foregoing reasons, Merck's Motion should be GRANTED.


Dated:  April 26, 2012                    Respectfully submitted,


                                          */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendants' Liaison Counsel

                                          —and—

3

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1091913v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Scheduling Order has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) in accord with the procedures established in MDL 1657 on this 26th day of April, 2012.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

1091913v1