UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Stanley Long v. Merck & Co., Inc.,* | * | KNOWLES |
| 2:05-cv-06510-EEF-DEK | * | |
| | * | |

*************************************************************************

**DEFENDANT MERCK & CO., INC.'S LR56.1
STATEMENT OF MATERIALS FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to LR56.1, Defendant Merck & Co., Inc., by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1. Plaintiff filed his complaint on September 17, 2005. Compl. (LongS-Complaint-00001-00013) (attached hereto as Ex. 1).

2. Plaintiff was admitted to the hospital with stomach bleeding on December 6, 2002. Excerpts from Pl.'s Claims Package (attached hereto as Ex. 2) at LongS-FESMedlnfo-00107-00108, 00003; Pl. Profile Form (attached hereto as Ex. 3) at 2.

3. Plaintiff was using several medications at the time, including two different non-steroidal anti-inflammatory products ("NSAIDs")—diclofenac and aspirin—and an anti-platelet drug, clopidogrel (Plavix). Ex. 2 at LongS-WinMedInfo-00263–00264.

4. Diclofenac, aspirin, and Plavix each are associated with an increased risk of gastrointestinal toxicity, including an increased risk of stomach bleeds. Diclofenac Package

1

Insert (attached hereto as Ex. 4); Aspirin Package Insert (attached hereto as Ex. 5); Plavix Package Insert (attached hereto as Ex. 6).

5. Plaintiff was not using Vioxx at the time his gastrointestinal bleed occurred. Ex. 2 at LongS-WinMedInfo-00186, 00200. Plaintiff did not receive a prescription for Vioxx until December 12, 2002, one day prior to being discharged from the hospital. Ex. 2 at LongS-WinMedInfo-00263–00264.

6. Merck specifically warned about the risk of GI events, including stomach bleeds, in the original May 1999 Vioxx package insert. The WARNINGS section stated:

> **WARNINGS**
>
> *Gastrointestinal (GI Effects) – Risk of GI Ulceration, Bleeding, and Perforation*
>
> Serious gastrointestinal toxicity ***such as bleeding, ulceration, and perforation of the stomach***, small intestine or large intestine, can occur at any time, with or without warning symptoms, in patients treated with nonsteroidal anti-inflammatory drugs (NSAIDs). . . . Patients should be informed about the signs and/or symptoms of serious GI toxicity and the steps to take if they occur. . . . NSAIDs should be prescribed with extreme caution in patients with a prior history of ulcer disease or gastrointestinal bleeding.

May 1999 Vioxx Package Insert (attached hereto as Ex. 7) at pp. 7–8.

7. The original label's *Information for Patients* section warned that "Vioxx can cause discomfort and, rarely, more serious side effects, such as gastrointestinal bleeding, which may result in hospitalization and even fatal outcomes." Ex. 7 at 10.

8. The original Patient Information Sheet provided to patients and appended to the physician labeling, added:

> Serious stomach problems, ***such as stomach and intestinal bleeding***, can occur without warning symptoms. These problems, if severe, could lead to hospitalization or death. Although this happens rarely, you should watch for signs that you may have this serious side effect and tell your doctor right away.

May 1999 Patient Information Sheet (attached hereto as Ex. 8) at MRK-LBL0000001.

9.      Merck specifically warned about the risk of GI events, including stomach bleeds, in the May 2002 Vioxx package insert. The WARNINGS section stated:

> **WARNINGS**
>
> *Gastrointestinal (GI Effects) – Risk of GI Ulceration, Bleeding, and Perforation*
>
> Serious gastrointestinal toxicity ***such as bleeding, ulceration, and perforation of the stomach***, small intestine or large intestine, can occur at any time, with or without warning symptoms, in patients treated with nonsteroidal anti-inflammatory drugs (NSAIDs). . . . Patients should be informed about the signs and/or symptoms of serious GI toxicity and the steps to take if they occur. . . . NSAIDs should be prescribed with extreme caution in patients with a prior history of ulcer disease or gastrointestinal bleeding.

May 2002 Vioxx Package Insert (attached hereto as Ex. 9) at MRK-LBL0000068.

10.     The May 2002 label's *Information for Patients* section warned that "Vioxx can cause discomfort and, rarely, more serious side effects, such as gastrointestinal bleeding, which may result in hospitalization and even fatal outcomes." Ex. 9 at MRK-LBL0000069.

11.     The May 2002 Patient Information Sheet provided to patients and appended to the physician labeling, stated:

> Serious stomach problems, ***such as stomach and intestinal bleeding***, can occur without warning symptoms. These problems, if severe, could lead to hospitalization or death. Although this happens rarely, you should watch for signs that you may have this serious side effect and tell your doctor right away.

May 2002 Patient Information Sheet (attached hereto as Ex. 10) at MRK-LBL0000227.

12.     On July 1, 2008, Plaintiff entered the Resolution Program, in which he claimed to have suffered a myocardial infarction on December 1, 2002. Pl.'s Claims Form (attached hereto as Ex. 11).

13.     Pursuant to Section 1.3 of the Vioxx Settlement Agreement, Plaintiffs submitted a Claims Package in support of their claims. Settlement Agreement (attached hereto as Ex. 12); Ex. 10.

3

14. Plaintiffs were required to submit, among other items, medical records involving Plaintiff's alleged injuries and pharmacy records from the relevant time periods. Settlement Agreement Ex. 1.3.1, Required PME Records (attached hereto as Ex. 13).

15. The Claims Administrator informed Plaintiff of Plaintiff's right to submit additional information for the Claims Administrator's review, in which case the Claims Administrator would review such material to determine whether it rendered Plaintiffs' claims eligible. Claims Administrator Notice of Ineligibility (attached hereto as Ex. 14).

16. Under the terms of the Settlement Agreement, the Claims Administrator was required to inform the Gate Committee of claimants who failed to meet the Settlement Program's eligibility requirements. Ex. 12 at Sec. 2.5.1. The Gate Committee then had authority to review a claimant's eligibility based on the available records. *Id.* at 2.5.2.

17. The Vioxx Resolution Program's Claims Administrator and Gate Committee determined that Plaintiff's claims failed to meet the Resolution Program's eligibility requirements because there is no evidence (i) that Plaintiff suffered a myocardial infarction on December 1 or December 6, 2002 or (ii) that Plaintiff was using Vioxx on December 1, 2002 or December 1 or December 6, 2002. Pl.'s Injury Gate Report (attached hereto as Ex. 15); Ex. 14; Gate Committee Notice of Ineligibility (attached hereto as Ex. 16).

18. On February 3, 2009, Plaintiffs exited the Resolution Program by executing a Future Evidence Stipulation ("FES"). Pls.' Future Evidence Stipulation (attached hereto as Ex. 17). Pursuant to this stipulation, Plaintiffs agreed, among other things, that they would not "make any allegations or introduce any evidence regarding: (a) Vioxx usage, including but not limited to the dose, duration, consistency of use of Vioxx to the date of alleged injury; (b) medical history; and/or (c) alleged injury, other than as were made and included in the Program

4

1091123v1

through the Claims Package associated with my claim." *Id.* Plaintiffs also stipulated that they would "not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as contained in my Claims Package, or allege an injury connected with Vioxx other than the injury or injuries I claimed through the Program, which is/are reflected in Section A of this Stipulation." *Id.*

Dated:  April 18, 2012 

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1091123v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of April, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel