

Sol H. Weiss, Esquire
1710 Spruce Street
Philadelphia PA  19103
sweiss@anapolschwartz.com

(215) 735-2098 Direct Dial
(215) 875-7701 Direct Fax

1710 Spruce Street
Philadelphia, PA 19103

1040 Kings Highway North
Suite 304
Cherry Hill, NJ 08034

252 Boas Street
Harrisburg, PA 17102

146 North 6th Street
Reading, PA 19601

230 N. Monroe Street
Media, PA 19063

8700 E Vista Bonita Dr.
Scottsdale, AZ 85255

866-735-2792  Toll Free

www.AnapolSchwartz.com

May 4, 2012

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

> **Re:**   **AvMed, Inc. et al. v. BrownGreer PLC et al.**
> **Case No. 08-1633**

Dear Judge Fallon:

Pursuant to Your Honor's April 26, 2012 Order with respect to the above-captioned matter, the proposed Defendant Law Firms jointly submit this status letter.

As Your Honor is aware, on June 22, 2010, the Plan Plaintiffs filed a Motion seeking leave to amend their First Amended Complaint to name the following twelve (12) law firms as defendants:  Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.;  Branch Law Firm; Cohen Placitella & Roth; Cohen, Segalis, Pallas, Greenhall & Furman, P.C.; Hovde, Dassow & Deets; Kassowitz, Benson, Torres & Fredman; Kline & Specter; Lanier Law Firm; Locks Law Firm; Morelli Ratner; Parks & Crump; and Weitz & Luxenberg. In addition, Plaintiffs sought leave to: (1) add claims for reimbursement as Medicare Advantage Organizations under the Medicare Secondary Payer Act of 1980 and as contracting plans under the Federal Employee Health Benefits Act, 5 U.S.C. § 8901 *et seq*; (2) seal that portion of the Corrected Declaration of Mark D. Fischer, Esq. that contained protected health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (3) obtain a preliminary injunction imposing a constructive trust and prohibiting the Defendant Law Firms from distributing identified settlement funds.

On July 22, 2010, the proposed Defendant Law Firms filed their Response in Opposition to the Plan Plaintiffs' Motion for Leave to Amend.  The Law Firms vehemently opposed the relief sought by the Plan Plaintiffs on several grounds, including, but not limited to, the following: Plaintiffs' undue delay; the undue prejudice the Named Law Firms would suffer by virtue of the

May 4, 2012
Page 2

Motions' allowance; the legal futility of the proposed amendment; and the interests of public policy.  An additional argument was that the proposed Defendant Named Law Firms had fully complied with this Court's Pre-Trial Orders 48 and 54 with respect to the Private Lien Resolution Program ("PLRP").  The PLRP was extremely successful due to the efforts of many firms, including the proposed Defendant Named Law Firms, as thousands of individual claimants voluntarily enrolled in the Program to satisfy their private lien obligations.  Allowing the law firms to now be named as defendants after our efforts to endorse the PLRP as well as our compliance with all court orders would have a chilling effect on any future voluntary lien resolution programs and mass tort settlements in general.

On August 26, 2010, the Court held oral argument to address the Motion and Response thereto. In addition to the arguments raised in their papers, the proposed Defendant Law Firms also contended that the Court lacked jurisdiction over the subject matter because all of the cases had been dismissed. At oral argument, counsel for the Plan Plaintiffs could not address the Law Firms' arguments or Your Honor's inquiries regarding their apparent lack of jurisdiction.  Accordingly, briefing on the jurisdictional issue was subsequently submitted by both parties.

Since oral argument, the proposed Defendant Named Law Firms have attempted to resolve this matter. Several months ago, the Plan Plaintiffs and proposed Defendant Named Law Firms held a telephonic meet-and-confer conference. During said conference, the proposed Defendant Named Law Firms reiterated our opinion as to why the Plan Plaintiffs' Motion was untimely and improper. We further stressed that the Plan Plaintiffs should voluntarily dismiss their Motion.  To date, the Plan Plaintiffs have failed to dismiss their Motion or take any action to avoid further waste of this Honorable Court's time and resources.

The proposed Defendant Named Law Firms' positions have not changed. We strongly believe that the Plan Plaintiffs' Motion should fail for the reasons expressed in our filed Response, during oral argument and in our jurisdictional briefing.

The proposed Defendant Named Law Firms will make ourselves available for a telephone conference at Your Honor's convenience.

Respectfully,

Sol H. Weiss

SHW/GSS

cc:    Peter St. Phillip, Esquire
       Proposed Defendant Law Firms