UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-CV-06618

USDC No. 205-CV-66130

LAWRENCE WILLIAM FITZGERALD
Plaintiff/Petitioner

VS

MERK & COMPANY., Inc
Voixx Product Liability Litigation.

---

### MOTION TO AMEND RELATION BACK AMENDMENTS
#### Pursuant Fed. R. Civ. P. Rule. 15 A, B, and C 1, (B), (c)

---

Comes Now, the Plaintiff-Petitioner, Lawrence W. Fitzgerald pro se
request this Honorable Court to issue it "Order" to reinstate Plaintiff case,
for amendment relation back to original pleading, and as for grounds state:

(1) This claim is a class action law suit against, Merck & Co., Inc, also
known as in re Vioxx Product Liability Litigation.

(2) Plaintiff, Lawrence W. Fitzgerald, filed his pro se, claim on about late
2005. To join the class action, in Case No. 05-6618 prior to any propsed
deadlines from Merck-Defendants.

(3) The 5th Circuit District Court issued Case Numbers 05-CV-6618, 2:05-CV-
66130 U.S.D.C. all filing fees have been paid. See Exhibit September 21,
2009 Clerk of Court Loreta G. White state Mr Fitzgerald inclosed is your
payment history that the Department of Corrections has overpaid your balance
due by $13.38. A refund in the amount of #13.38 will be sent to the Colorado
Department of Corrections within the next few weeks or she courts registry
to confirm payment.

TENDERED FOR FILING

SEP 15 2011

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk



4). In Forma Pauperis filed on about another date 9/18/2008

5). The Court issued its first "Order" denying Plaintiff Motion For Leave To Proceed In Forma Pauperis on Febrary 22, 2006. (check Court's regestry).

    (a) Also, the Courts order directed the Liaison Counsel to contact the Plaintiff to inform him of the status of MDL 1657 and to assist him in obtaining counsel.

**6). THE LIAISON COUNSEL FAILED TO FOLLOW THE COURT'S DIRECT ORDER OF FEBRUARY 22, 2006.**

7). The Court issued its second "order' on July 2, 2008. In this Order the Court refered the matter to Plaintiff Liaison Counsel "to advise [Plaintiff] of the status of MDL 1657 and to assist him...

8). Still the Liaison Counsel failed to follow the Court's direct order. And to contact the Plaintiff Lawrence W. Fitzgerald.

9). Court Order, Dated February 3, 2009. The Court ordered pending corres-pondence to be entered into record. In addition, copies of the letter shall be forwarded to Plaintiff's Liaison Counsel, the Pro Se Curator, Robert M. Johnston, and the claims admiministrator so that the appropriate actions, if any, may be taken.

10). Plaintiff never heard anything, from Liaison Counsel, It is obvious Liaison Counsel did not want Plaintiff as Class Member or part of the law suit. This is the Third Time Liaison Counsel failed to follow the Court's Order or Directive, Liaison Counsel also failed to follow the **criteria set forth in "In Re Vioxx Products Liability 2008 U.S. District Lexis 60269.**

    (a) The Court Orders of February 22, 2006, and July 2, 2008, February 3, 2009 prove that Liaison Counsel was well aware of Plaintiff Lawrence W. Fitzgerald condition as a result of the drug vioxx.

(2)

11). The Vioxx Pro Se Curator, Mr Robert Johnson, and Daine Bates Vioxx Claims Administrator, are directly involved and known of Plaintiff's condition as a result of the drug Vioxx, and fully aware of Plaintiff first filing in Federal District Court on about Case No. 2:05-CV-66130 in 2005.

    (a) Also, both Mr. Robert Johnson and Diann Bates are aware through Court-Orders, February 22, 2006; July 2, 2008; February 3, 2009. IN all three of these's Court-Orders, Judge, Eldon Fallen, specifically and clearly states. "...In addition, copies of the letter's shall be forwarded to Plaintiff's Liaison Counsel, the Pro Se Curator, (Robert Johnson) and the claims administrator (Diane Bates) so that the appropriate actions, if any, may be taken.

12). The Plaintiff was in the prison library and ran into an inmate who down loaded Pro Se Registration Affidavit by the Attorney at Law Firm Robert Johnson In re Vioxx Product Liability Litigation MDL 1657 so on February 3, 2009 Plaintiff sent the form to him and then the Plaintiff received a letter from Diann Bates: According to the letter dated May 29, 2009, from Diann Bate, pro se coordinator, she received the Plaintiff request to enroll in the vioxx settlement program. She states: "according to information from Merck, you are not eligible to participate in the program, for you were not a party to a pending lawsuite or a Tolling Agreement with Merck as of November 9, 2007,..." See exhibits

13). Its Plaintiff contention, Ms D. Bates and Robert Johnson are both, in deliberate indifference to Plaintiff claim filed in No. 2:05-CV-66130 and 2005, seeking enrollment into Vioxx Settlement Program. And in defiance of all three (3) Court-Orders from the Honorable Judge Eldom E. Fallon mentioned above.

14). Also accordingly to another letter dated August 6, 2009 from "unknown" (note "no" signature.) And a statement in second paragraph in pertinent part stating: "...you will not receive any further mailings from us relating to the program and cannot receive any payments in the program..." This show's complete defiance to the Judges-Orders mentioned above and to the Plaintiff's attempt to enroll prior to any of Robert Johnson or Diann Bates deadlines. See Exhibit.

14). (a) Also, the Plaintiff filed a show cause motion, on May 11, 2009. Asking the Court Show Cause why the Curator Robert Johnson, and Diann Bates refused to respond to any of the Courts-Orders. This also, proves the Plaintiff was never late in his attempt to enroll prior to any dates from Robert Johnson and Diann Bates. And failed to contacted Plaintiff pursuant to Judge Fallons court-orders.

15). Its the Plaintiff contention he meets all the requirements to become part of the Vioxx Law Suite based on the following facts and exhibits of all the information denied the Plaintiff by Robert Johnson, and Diann Bates such as in reviewing whether a claim is eligible for enrollment in the vioxx settlement program, the claims administrator must decide whether the claim satifies certain criteria a set forth by each of the "three gates" (1) evidence of a qualifying injury (2) duration of use, and (3) proximity of injuries to usage  ID. §§ 2.2.  If the  claims administrator determines that a claim is ineligible for enrollment in the program, the claim will automatically be reviewed by a independent gates committee, which consit of six members, three of whom are appointed by Merck and three who are appointed by the NPC Id § 2. 5.  The gates committee reviews each claim . pursuant to the three gates requirement set forth in the argreement ID.

15). (a) In reviewing the claim previously deemed ineligible by the claims administrator, gates committee has the authority to over rule the initial determination if it find that the claim is eligible for inrollment Id is, however, the gates committee determines that ineligible for enrollment, the Claimant may still appeal the committees decision to a special master determines that a claim is ineligble for enrollment, the claimant may either sign a certification and pursue the claims in trial or release the claim. ID. footnotes. On January 14, 2008, the Court [*12] formally appointed Mr Patrick A. Juneu to serve a special Master, under the terms of the settlement agreement Agreement on January 16, 2008, the Court appointed Justice John Trotter (Ret) and Judge Marina Coropemis (Ret) to serve a deputy special master to assist special master Juneau.

The final claim valuation process involves an objective, numerical deter-
mination. Id 3.2. Each Claimant is intitially awarded a number of points
based on such indivual factors as age, injury, duration of use usage,
consistency of use, the date of the relevant usage, whether the claimant
used vioxx pre-or post-lable adjustment and the claimants general health and
medical history Id factors in the claimants medical history that might
affectthe points awarded "ischemic strokes".  Id the points may be awarded
and the claimant may appeal points award when then become final, the points
will be converted into dollar amounts for use in calculating final settlement
payments Id § 4. 3.

16). The vioxx settlement agreement also provides for the disbursement of
interim settlement payments to eligible claims. Id. § 4. 1.  In order to
qualify interim [*15] payments, claimant must fullfill certain registration
and filing registration and filing obligations according to the terms set
forth in the agreement. Id to the terms of the agreement, certain claimant
who timely fullfill all there filing obligations may qualify to recieve
interim settlement payments beginning on August 1, 2008 or the date on which
the claims administrator has determined pre-review points award for a
specific number of claimant, which ever latter, conditioned on Mercks waiver
of its walk away privilege. Id.

(a) On July 17, 2008, Merck Formally announced that it was satisfied
that the treshold necessary to trigger finding of the vioxx settlement program
would be ment. See Rec DOC 15362 minute enjoy July 17, 2008, Merck further
advised that it intended to wave its walk away privileges and would commence
funding the vioxx settlement program by depositing an initial sum of $500
million into the programs account, clearing the way for distribution of
payments to eligible claimant Id.

FOOTNOTES Professor Melnick used three different methods to arrive at
estimates ranging from 15,400 to 17,604 claimants See 10. as of July 19,
2008, a total of 48,550 claimants had submitted material for enrollment in
the vioxx settlement program See Rel, Dol. 15362+ minute entry July 2008,
at 5 available at http://vioxx.laeduscourt.gov.  The aimed Plaintiff therefore
claim to represent approximately one-third of the total claimant enrolled
in the vioxx settlement program.  This Claim is not "without merit", nor
is it futile.

(5)

17). Plaintiff was at Limon Correctional Facility, on about the beginning
of the year 2001 I was prescribed the drug vioxx by medical provider "Phy-
sicial Health Parterns who was contracted to provide medical care. Plaintiff
was on vioxx for over a year, and never warned of any side effects of Vioxx
See Exhibits. Since the heart attack in May 14, 2002, Mr Fitzgerald has
suffered irregular heart-beat with myocardial ischemia other patterns of
heart failure with his irregular heart-beat pattern and heart failure,
continuing deteriration of health due to drug vioxx.

    (a) In support see the following argument and exhibits. In regards
to In re Vioxx Product Liability 2008 U.S. District Lexis 60269 MDL No.1657.

18). The issue before the Court is not whether Plaintiff will ultimately
prevail but whether the claimant is entitled to offer evidence in support
of the claims . Burlington Coat Factory, 114 F.3d at 1420 Quoting Schever
v. Rhodes, 416 U.S. 232, 236 94 S.Ct 1683, 402 Ed 2D 90 (1974).

MEDICAL HISTORY

    Exhibit (a) Cardiac Status Limon Correctional Facility May 14, Cover
Sheet (B) Colorado Department of Corrections Medicial Clinical Services
Nursing Protocol and Standing Orders For: CHEST PAIN see line 8 Medications
Vioxx was the medication he was on at the time of his heart failure with
this chest pain protocol trauma report dated 5/14/2002. Exhibit (c) EKG
showing heart troubles Abnormal Rhythm two sheets. Exhibit (d) Colorado
Department of Corrections/Ambulatory Health Record  dated 3/29/2009 on
3/13/2002 Doctor Bloor at Limon Correctional Facility reordered Vioxx for
me for another 6 months after being on the medication previously for 6
months. See also Exhibit (D)(a) Colorado Department of Correction/Ambul-
tory Health Records Dated 6/13/2002 Reorder of Vioxx see also top dated
6/21/02. Mr Fitzgerald asks this Honorable Court  to look at exhibit (D)(a)
showing on the bottom high lighted for this Court showing the Medical
Department were also aware of the danger of this product vioxx when they
stated they stated see Orders of 5-14-2002 if not yet drawn as the Vioxx
was reordered 6/13/2002 and then denied by Br Newfeild Medical Officer
Dated 6/21.2002. This Health Record Shows the Department of Corrections
Medical Staff also were aware the Vioxx product they placed me on caused
my heart failure injury and kept silent about the vioxx product causing
me my medical troubles and injuries, which are getting worse all of the
time.

(6)

Exhibit (E)(1)(2)  Mr Fitzgerald was placed in Denver Health Medical Center on April 23, 2006 for chest pains caused by Heart Attack see Medical Record Abnormal. (E)(1) Showing after getting out of hospital in Denver I was transfered out of the Department of Corrections and placed in a private prison called Kit Carson Correctional Facility, owned by Corrections Corrporations of America and this is a medical sick call request slip dated June 13, 2005 stating I just got out of the hospital for a week and all my health issues started after May 14, 2002 while I was on the vioxx product.  Exhibit (E)(2) Since May 14, 2002, Mr Fitzgerald has had heart troubles with his heart and these's passes from Medical Department were yearly given to me and I spent many times in there infirmary for heart troubles caused by after affects of the Vioxx product from 2001-2002, Mr Fitzgerald was given unaware of the life threatening danger the vioxx drug has now placed my life in.

Medical Report Sterling Correctional Medical Department Dated 4/14/2010 showing Mr Fitzgerald has cronic heart troubles caused by the vioxx product given to him by the Department of Corrections in 2001.  Which caused him all his on going health issues to this day.  Exhibit (H) date 4/26/2011 Colorado Department of Corrections Evaluation For Offenders showing Mr Fitzgeralds heart troubles Caused by the vioxx product given to me in 2001 which I took daily of 50 Mg for over one year, until my heart failure in May 14, 2002, were the medical staff took me off the product and refused to place me back on this product fully aware of my irregular heart beat caused by the product see page one of one exhibit (H) showing the medical staff were aware of my irregular heart beat since 2002 were they placed me on Beta Blockers as exhibit showing statement of ECG showed PVC--since 2002 to confirm my troubles all started while on the vioxx product from 2001 to May 14, 2002.

### FINAL ARGUMENT

All the above facts and arguments, Exhibits Show affimatively genuine issues of material facts in disput.  Prevent any dismissal or summary judgment pursuant to Fed.R.Civ.P. Rule 56. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 Sct 2548 (1986).

There is positive proff, Plaintiff was prescribed the drug vioxx for over 1 year &.  And this Plaintiff did in fact suffer a sever heart attack in May 14, 2002, and has resulted in deteriorating health.

And that Robert Johnson, Curator for Vioxx and Diann Bates Vioxxs Claims Administrator, were both in defiance of judge Eldon E. Fallons Court orders on three (3) different occasions. With deliberate indifference refuse to consider Plaintiff. Lawrence W. Fitzgerald, enrollment into the Vioxx Settlement Program. Prior to any deadlines dates imposed pursuant to the "Description of Settlement Agreement. See Exhibit (A).

Both these future Defendants deliberately failed to follow Court orders, preventing Plaintiff enrollment. By not sending appropriate enrollment forms or documents according to Court orders. Leaving genuine issue of material fact in dispute.

The malicious conduct of Robert Johnson and Diann Bates, prevented the Plaintiff enrollment into the Vioxx Product Liability Litigation.

### CONCLUSION

WHEREFORE, Plaintiff prays this Honorable Court grant the Motion For "Relation Back of Amendments, pursuant to Fed. R. Civ. P. Rule 15 (a), (b) and (c) (1), (b) (c). And grant relief under the Vioxx Settlement Program for the Plaintiff, by finding both Robert Johnson and Diann Bates in contempt of the Court's order. In the alternative issue the Court's order to immediately send the proper enrollment documents to Plaintiff for activation into Settlement Program; or evaluation process. Due to the cause of Drug Vioxx.

Dated this 14 day of September .2011

Respectfully Submitted

Lawrence W. Fitzgerald

Lawrence W. Fitzgerald

## CERTIFICATE OF MAILING

I, Lawrence W. Fitzgerald placed a correct copy of the foregoing **Motion To Amend** Relation Back Amendments Pursuant Fed. R. Civ. P. Rule 15 A. B, and C 1, (b), (c) was placed within the United States Mail Postage prepaid on this 14 day of September 2011 and addressed to the following below:

Clerk of Court
**Loretta G. Whyte**
United States District Court
Eastern District of Louisiana
500 Poydras St., Room C-151
New Orleans, LA 70130

Lawrence W. Fitzgerald
Prison Number # 66345
SCF Unit 2   Box 6000
Sterling Colorado 80751

**Exhibits Included**