UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Virginia G. Pickett v. Merck Sharpe & Dohme,* | * | KNOWLES |
| 2:10-cv-00043-EEF-DEK | * | |
| | * | |

******************************************************************************

### DEFENDANT MERCK SHARPE & DOHME, CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF VIRGINIA PICKETT'S MOTION TO REMAND

Defendant Merck Sharpe & Dohme, Corp. ("Merck"), through its undersigned counsel, hereby submits this Memorandum opposing Plaintiff Virginia Pickett's Motion to Remand (Rec. Doc. 63792). Ms. Pickett asks the Court to permit her case to be "remanded" to the state of Maryland, where she currently resides, so that she may "play an active part in her case," which she contends she cannot do while her case remains pending in this Multi District Litigation ("MDL") in the Federal District Court for the Eastern District of Louisiana. Pickett Mtn. ¶17. The motion should be denied. In short, the inclusion of this case within the Vioxx MDL does not hamper Ms. Pickett's ability to participate actively in her case. No discovery regarding her claims will take place in New Orleans, nor would a trial of her case be held in New Orleans absent Ms. Pickett's consent. Moreover, Ms. Pickett's request is premature, and contrary to the central goals of MDL proceedings to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Heritage Bonds Litig.*, 217 F.Supp.2d 1369, 1370 (J.P.M.L.2002) (citing 28 U.S.C. § 1407). Instead of transferring Ms. Pickett's case to proceed before a new judge unfamiliar with this

1092979v1

litigation, this Court should continue to oversee discovery and pretrial motion practice until this case is in a trial-ready posture. In opposition to the motion, Merck further states as follows:

1. While Ms. Pickett styles her motion as a request for "remand," remand is not applicable in a case, such as this one, that was directly filed into this MDL (as opposed to a case that was transferred into the MDL from another federal court under 28 U.S.C. § 1407). Instead, as set forth in this Court's Pretrial Order ("PTO") 11, "***upon the completion of all pretrial proceedings applicable to a case directly filed before this Court***," the Court will transfer such direct-filed cases to a federal district court of proper venue pursuant to 28 U.S.C. § 1404(a). *See* PTO 11 at §II.A (emphasis added).[1] This provision of PTO 11 reflects the primary objective of multidistrict litigation – to provide centralized management of pretrial proceedings in order to ready cases for trial in the most efficient manner. *See* H.R. Rep. 90-1130, 1968 U.S.C.C.A.N. 1898, 1899; *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978) (coordination of overlapping cases furthers judicial economy and eliminates the potential for conflicting pretrial rulings); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (same).

2. This Court has indicated on numerous occasions that it intends to consider remand or transfer in this MDL only when cases are in a "trial-ready" posture. In contrast, case specific discovery in this matter remains in the preliminary stages. For example, no depositions have

---

[1] Ms. Pickett originally filed her case in state court in New Jersey (where it was not subject to removal). However, she ultimately decided to dismiss the New Jersey action and filed in this Court, with Merck's consent. Her federal complaint acknowledges the understanding that "upon completion of discovery, the action will be returned to the federal forum in which venue is proper." Compl. ¶4

taken place since this case was filed into the MDL in January, 2010, and only one limited purpose deposition (of the physician who allegedly provided Vioxx samples to Ms. Pickett) was conducted while this case was pending in New Jersey state court. Neither Ms. Pickett, her treating physicians, nor any other fact witnesses have been deposed.[2]

       3.    Ms. Pickett contends that due to her health conditions, "she is unable to travel the 1200 miles" to New Orleans, where this Court is located, "to continue this case to trial," and that if the case were moved to Maryland, "she could be more active, ever present and afforded the opportunity to assist in the trial process." Pickett Mtn. ¶¶15, 16. However, no one expects that Ms. Pickett would travel to New Orleans, nor does it seem likely that there would be reason for her to do so. As with all of the out-of-state plaintiffs in this MDL, including the bellwether trial plaintiffs, discovery in this case will proceed in the states where Ms. Pickett's alleged injury and Vioxx usage occurred, and where her doctors and other fact witnesses are located. In this specific case, that is Maryland, South Carolina and Kentucky. Ms. Pickett's ability to participate in discovery in those locations would be the same regardless of what court exercises jurisdiction over this action. Moreover, to the extent any discovery-related court proceedings take place, this Court has routinely made arrangements to accommodate participation by phone. Nor would Ms. Pickett be required to attend trial in New Orleans. At the point where discovery and other pretrial proceedings are concluded in this matter, it may be transferred to a federal court of proper venue pursuant to 28 U.S.C. § 1404(a) and PTO 11.[3]

---

[2]    Merck had previously scheduled the depositions of Ms. Pickett and her son, Christopher Metcalfe, for July 16, 2010 in Towson, MD, when Ms. Pickett was represented by counsel. These depositions were postponed in light of ongoing document discovery issues.

[3]    Ms. Pickett also asserts that she "has been unable to obtain counsel that is versed and familiar with MDL 1657 in the state of Louisiana and will have a better chance to be represented in the state of Maryland where she is familiar in the legal community."

1092979v1

**CONCLUSION**

For the foregoing reasons, the interests of judicial efficiency and consistency are best served by continued centralized management and coordination of the remaining personal injury matters, including Ms. Pickett's case, within the Vioxx MDL until all pretrial issues are completed and the cases are trial-ready. Merck therefore respectfully requests that the Court deny Plaintiff's motion.

Dated: May 8, 2012

Respectfully submitted,

 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

---

Pickett Mtn. ¶7. Yet only a small fraction of plaintiffs in this litigation have been represented by Louisiana counsel. Ms. Pickett, who has already retained and dismissed at least two attorneys in connection with this litigation (neither of whom resided in Maryland), puts forth no reason why she should not be able to obtain counsel from Maryland or elsewhere who could represent her in the remaining discovery and pretrial proceedings in this Court.

1092979v1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Plaintiff Virginia Pickett by Federal Express at:

> 519 B Lake Vista Circle
> Cockeysville, MD 210301

I also hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of May, 2012.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:      504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1092979v1