IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| This document relates to: | * | |
| *State of Montana ex rel Mike McGrath v. Merck & Company*, Civil Action No. 06-4302 | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

******************************************************************************

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO AMEND COMPLAINT**

**INTRODUCTION**

This matter arises out of a Complaint filed December 28, 2005, in the First Judicial District Court for the State of Montana, Lewis and Clark County. In its complaint Montana asserted four causes of action based on state statutory and common law, including the Montana Unfair Trade Practices and Consumer Protection Act, the Montana Food, Drug and Cosmetic Act, Unjust Enrichment, and Deceit. The State very pointedly and intentionally did not allege violations of the Montana False Claims Act or seek reimbursement for false claims made to Medicaid.

Before service on Merck could be effectuated, on March 1, 2006, Merck appeared and removed the case to the United States District Court for the District of Montana (Helena Division). Despite Montana's intentional omission of a false claims count, in its removal papers Merck alleged that it was entitled to removal because the claims implicated federal questions of law in the interpretation of the federal Food, Drug and Cosmetic Act and federal Medicaid laws. Exhibit A, Notice of Removal, at 3.

The State of Montana moved the next day to remand, arguing that its claims were all based

1

exclusively on state law and that because resolution of the claims did not require interpretation of any federal laws there was therefore no jurisdiction in the District Courts of the United States. However, before the District Court in Montana could rule on the remand, the matter was transferred to this MDL. On November 20, 2007, the State of Montana renewed its Motion to Remand in this MDL.

Because its remand motion has never been heard and because the State has reached agreement with the Plaintiff Steering Committee to pay a portion of any future recovery into the common benefit fund, the State now has access to the full MDL database and to the work product and "trial package" of the PSC. Therefore the State has determined that to expedite its remand back to the courts of the State of Montana and to forego any further "common discovery," it should amend its complaint to precisely limit its claims to those provided by the state's Unfair Trade Practices and Consumer Protection Act, just as Kentucky has done.

## ARGUMENT

The plain policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits. As the leading Supreme Court decision long ago made clear,

> [i]n the absence of any apparent or declared reason ~ such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Fifth Circuit, case law re-affirms that Federal Rule of Civil Procedure 15(a) requires the court to grant leave to amend "freely." Lyn-*Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002). As the Fifth Circuit has held, "the language of this rule 'evinces a bias in favor of granting leave to amend." Id. (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc*., 690

2

F.2d 1157, 1162 (5th Cir. 1983).

While the power to grant leave to amend is within the discretion of the district court, the discretion to deny amendment is restricted. As the Fifth Circuit in *Dussouy v. Gulf Coast Investment Corporation* explained:

> 'Discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

660 F.2d 594, 597 (5th Cir. 1981).

As the Supreme Court has held, Rule 15(a) requires a court denying leave to state its reason for doing so. *Foman,* 371 U.S. at 182 (finding that unexplained refusal "is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

In the instant case, although the factual allegations have been expanded to a limited degree based on what has been learned in this litigation since the case was filed in 2005, the causes of action or claims for relief have been reduced from four to a single claim under the Montana Unfair Trade Practices and Consumer Protection Act. The proposed amendment thus does not change the substance of the action but only <u>narrows</u> the grounds for recovery. In *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d, at 599 (5th Cir. 1981) amendment was allowed even where it added a new theory of recovery. Thus, it would be entirely disingenuous for Merck to claim now that it is somehow unduly prejudiced by an amendment that substantially reduces its potential financial exposure and the amount of discovery it would need to conduct to defend itself. By the State dropping all claims for restitution or reimbursement, the discovery burden on both parties will

3

be substantially reduced and remand and trial on the merit should be facilitated.

Likewise, Merck cannot claim it would be somehow prejudiced by the State's delay in seeking amendment because any delay has not been due to any actions by the State. Amendment, as noted above, should actually speed resolution of this case by expediting transfer back to the State of Montana and eliminating considerable needless discovery on the issue of restitution and reimbursement. Moreover, delay alone is not sufficient grounds for denying a motion for leave to amend. *Mayeaux v. Louisiana Health Service and Indemnity Co.,* 376 F.3d 420, 427 (5th Cir. 2004) ("And, we know that delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") Indeed, the burdens on this Court and the transferee courts in Montana will be greatly reduced by this amendment to narrow and focus the State's claims.

## CONCLUSION

Based on all the foregoing, the State of Montana, through Attorney General Steve Bullock, respectfully urges this Court to grant its Motion for Leave to Amend the original complaint.

DATED this 8th day of May 2012

      /s/ William A. Rossbach
William A. Rossbach
ROSSBACH HART, P.C.
P.O. Box 8988
Missoula, MT  59807-8988
Telephone: (406) 543-5156
Telefax:  (406) 728-8878
bill@rossbachlaw.com

**CERTIFICATE OF SERVICE**

**I** hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of May, 2012.

/s/  Bruce Kingsdorf