UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION : SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE KNOWLES
...........................................:
THIS DOCUMENT RELATES TO:     ALL PENDING GOVERNMENT ACTION CASES

**ORDER**

    On Friday, April 27, 2012, the Court held a telephone status conference with counsel for Alaska, Mississippi, Montana, Pennsylvania, and Utah ("the Litigating States"), Merck, and the PSC. The subject of the conference was the scope and direction of further proceedings in the MDL with respect to the claims of the Litigating States. The parties submitted letters in advance of the conference, and the Court heard argument to ascertain the positions of the parties regarding additional common discovery in the MDL.

    The five remaining Litigating States emphasize the length of time that they have been in the MDL and generally take the position that the time is ripe for remand to the transferor courts. These five States emphasize that there is little discovery remaining that is common to all the states, particularly in light of the different legal claims asserted by each state, and that state-specific discovery can be handled after remand. Accordingly, the five States suggest that jurisdictional remand motions should be heard promptly. However, several of the Litigating States, including Utah and Alaska, are amenable to additional discovery in the MDL that is sufficiently tailored to each state's respective particularized discovery needs. And no state was "willing, at this point, to represent that they have no interest in this common discovery to the

1

Court."

Merck argues in response that continued discovery in the MDL makes sense in light of the Court's experience with the procedural history and legal issues surrounding Vioxx. It argues that addressing discovery on a state-by-state basis after remand would be inefficient and pose the risk of inconsistent rulings. Finally, Merck argues that the Court has jurisdiction over the Litigating States and that motions to remand based on jurisdictional grounds are not meritorious.

These cases were previously governed by Pretrial Order 39A, which was jointly proposed by the parties and adopted by the Court and stated that "it is the intention of the Court and the parties that all fact and expert discovery [except for damages experts] will be completed by the parties in the MDL prior to consideration of the motions to remand/transfer." This is consistent with the goals of multidistrict litigation, which include conducting and completing common discovery and coordinating pretrial proceedings before returning the cases to the transferor courts. The Court finds that at the present time it is still appropriate to complete the bulk of discovery here in the MDL. While the cases are here, there is an opportunity for the parties to complete that discovery in an efficient manner, whether it is "common" discovery or discovery more pertinent to a single state's claims. It would not be efficient, nor would it comport with this MDL Court's duties, to remand these cases with substantial discovery left to be done.

Accordingly, the Litigating States' cases will proceed on three concurrent tracks. First, the parties will prepare a joint scheduling order that provides a schedule for completing discovery here in the MDL. The proposed scheduling order should be tailored appropriately to reflect the discovery pertinent to each states' particular claims and needs.

Second, and concurrently, the parties will discuss the possibility of mediation or other resolution of these cases. The presence of these actions in the MDL provides an opportunity for

joint global resolution that should be explored.

Third, the parties may file motions to amend pleadings or motions to remand. With the input of the parties, the Court will set an appropriate briefing schedule on such motions. However, the pendency of a motion to remand shall not be a reason to postpone discovery pursuant to the joint proposed scheduling order that the parties will draft and submit.

Accordingly, the parties are instructed to meet and confer and promptly submit a joint proposed Pretrial Order 39B that sets reasonable dates consistent with the goals discussed in this Order.

New Orleans, Louisiana, this 9th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE