UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Walter J. Roach v. Merck & Co., Inc.,* | * | KNOWLES |
| 2:10-cv-00868-EEF-DEK | * | |
| | * | |

*************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Merck Sharp & Dohme Corp. ("Merck") has moved for summary judgment on the ground that the wrongful death claim of Plaintiff Walter J. Roach, as administrator for the estate of Joanne I. Roach, (the "Roach Estate") is untimely under Illinois's statute of limitations.

In its motion for summary judgment, Merck relied principally on this Court's previous decision establishing, as a matter of law, that an Illinois' plaintiff's Vioxx claims accrued no later than September 30, 2004, when Merck voluntarily withdrew Vioxx from the market. *See In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 813–14 (E.D. La. 2007) ("the *Pales* decision"). Based on the *Pales* decision, Merck argued, the Roach Estate's November 12, 2009 lawsuit was filed well outside the two-year period for wrongful death claims under Illinois law, and outside the five-year limitations period for fraudulent concealment, which, in any event, does not apply.

In its opposition to Merck's motion,[1] the Roach Estate does not dispute—indeed it acknowledges—that:

- Ms. Roach took Vioxx, suffered a stroke on November 22, 2001, and died on April 8, 2004.

- The statute of limitations for wrongful death is two years, and the statute of limitations for fraudulent concealment is five years.

- The Roach Estate did not sue Merck in Illinois state court until November 12, 2009, more than five years after Ms. Roach's death on April 8, 2004 and Vioxx's withdrawal on September 30, 2004.

As in its complaint, *see* Compl. ¶¶ 8, 18, the only basis on which the Roach Estate argues it should survive summary judgment is that it reasonably did not believe that Vioxx was linked to Ms. Roach's stroke until July 1, 2008, when Mr. Roach read a *Wall Street Journal* article about the Vioxx settlement. It does not, however, contend—as it cannot—that this was the first article about Vioxx and an alleged risk of stroke to trigger the running of the limitations period. In fact, that same newspaper published a front-page article on the day after Merck withdrew Vioxx, headlined "Expiration Date: Merck Pulls Vioxx From Market After Link to Heart Problems — Stock Plunges Amid Questions About Drug Giant's Future." *See* Mot., Ex. 28. The article identified the alleged link between Vioxx and strokes in the first paragraph. *See id.* That October 1, 2004 *Wall Street Journal* article was part of an "avalanche of media coverage" that

---

[1] Under PTO No. 17, the Roach Estate's opposition papers were due 20 days after Merck served its motion. Merck filed and served its motion on April 18, 2012, and thus, Plaintiff's opposition was due May 8. Plaintiff's opposition was not filed until May 21 (almost two weeks late). Moreover, even under the default Local Rules, opposition papers are due 8 days before the submission date. This Motion is scheduled for a May 23 submission, so, under that rule, the brief would have been due May 15.

led this Court to grant summary judgment in the *Pales* decision.  *See Vioxx*, 522 F. Supp. 2d at 803.  Knowing of Ms. Roach's stroke and Vioxx usage, but claiming that it did not sue earlier because it did not suspect a link between the two, the Roach Estate is in the same position as Ronald Pales.  Indeed, the Roach Estate's opposition makes no attempt to distinguish the *Pales* decision.  The Roach Estate's argument is simply that the Court should reach a different legal conclusion this time, one that the Court already rejected in the *Pales* decision: viz., that the media coverage of Vioxx's withdrawal was not enough, as a matter of law, to "put the plaintiff on notice of a potential link between [its] alleged injuries and the use of Vioxx." *Id.* at 814.  The Roach Estate has provided no reason to jettison the reasoning in *Pales* and reach a different conclusion in this case.

     As in *Pales*, no genuine issue of material fact precludes summary judgment.  The Roach Estate sued Merck more than five years after Ms. Roach died and Merck withdrew Vioxx from the market, outside the statute of limitations for both wrongful death and fraudulent concealment.  Accordingly, this Court should grant Merck's motion for summary judgment that the Roach Estate's wrongful death claim is time-barred under Illinois law.

Dated:  May 23, 2012

                                                     Respectfully submitted,

                                                */s/ Dorothy H. Wimberly*
                                                Phillip A. Wittmann, 13625
                                                Dorothy H. Wimberly, 18509
                                                STONE, PIGMAN WALTHER
                                                WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana 70130
                                                Phone:  504-581-3200
                                                Fax:     504-581-3361

                                                Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
527 Twelfth Street, N.W.
Washington, D.C. 20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1094507v1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply in Support of Merck Sharp & Dohme Corp.'s Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of May, 2012.

                                            */s/ Dorothy H. Wimberly*
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana  70130
                                            Phone:  504-581-3200
                                            Fax:     504-581-3361
                                            dwimberly@stonepigman.com

1094507v1