UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Elena Strujan v. Merck Sharpe & Dohme Corp., 2:07-cv-00906-EEF-DEK* | * | |
| | * | |

*************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S LR56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

Pursuant to LR56.1, Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1. Plaintiff Elena Strujan is a resident of New York, New York. Compl. (attached hereto as Ex. 1) ¶1.

2. Plaintiff filed her Complaint against Merck in the U.S. District Court for the Southern District of New York on September 27, 2006. Ex. 1 at 6.

3. Plaintiff has testified in connection with a separate legal proceeding that she attended three years of law school in Romania, is a certified paralegal in this country, completed a course of study to be a registered medical assistant and subsequently worked as a nurse technician in a hospital, and completed some portion of a graduate degree program in biological science. *See* Strujan Dep., Nov. 4, 2010, *Strujan v. Tepperman & Tepperman, LLC, et. al*, N.Y. Sup. Ct. (Index No. 401164/10)) (attached hereto as Ex. 2) at 9:9-15:10.

4.      Ms. Strujan has been a plaintiff in at least fourteen lawsuits (not including this action) since 1998, and she has represented herself *pro se* in the majority of these actions. *See Strujan v. Columbia Univ., et. al*, No. 1:08-cv-09589-WHP-HBP (S.D.N.Y. filed Nov. 7, 2008) (*pro se*); *Strujan v. Lehman College, et. al,* No. 1:06-cv-13201-AKH (S.D.N.Y. filed Nov. 14, 2006) (*pro se*); *Chitoiu v. UNUM Provident Corp., et. al*, No. 1:05-cv-08119-LAP-GWG (S.D.N.Y. filed Sept. 20, 2005) (*pro se*); *Strujan v. Friedman Mitchell, et. al*, No. 800029/2012 (N.Y. Sup. Ct. filed Jan. 30, 2012) (*pro se*); *Strujan v. Consol. Edison Co. of N.Y.*, No. 107975/2011 (N.Y. Sup. Ct. filed July 11, 2011) (*pro se*); *Strujan v. Adrian*, No. 570471/2011 (N.Y. Sup. Ct. filed June 17, 2011) (*pro se*); *Strujan v. State Farm Ins. Co.*, No. 400526/2011 (N.Y. Sup. Ct. filed Feb 25, 2011) (*pro se*); *Strujan v. N.Y. Div. of Hous. & Cmty. Renewal*, 402728/2010 (N.Y. Sup. Ct. filed Sept. 28, 2010) (*pro se*); *Strujan v. Tepperman & Tepperman*, No. 401164/2010 (N.Y. Sup. Ct. filed May 4, 2010) (*pro se*); *Strujan v. Glencord Bldg. Corp.*, No. 18853/2009 (N.Y. Sup. Ct. filed July 27, 2009); *Strujan v. Donlen Trust*, No. 104944/2008 (N.Y. Sup. Ct. filed Apr. 4, 2008); *Strujan v. Rainbow Ace Hardware*, No. 406368/2007 (N.Y. Sup. Ct. filed Sept. 10, 2007) (*pro se*); *Strujan v. MCI*, No. 570435/2007 (N.Y. Sup. Ct. filed July 11, 2007) (*pro se*); *Chitoiu v. N.Y. Health & Racquet*, No. 109233/1998 (N.Y. Sup. Ct. filed May 27, 1998).

5.      In her Complaint against Merck, Plaintiff alleges that she used Vioxx from 1999 or 2000 until 2004, and that it caused her to experience chest pain, palpitation, fatigue, shortness of breath, angina pectoris, excessive anxiety, depression, emotional stress disorder and "permanent risk [of] heart attack."  Ex. 1 ¶5.

6.      Plaintiff further alleges that in September 2004, her "Pharmacist called [her] at home, to stop taking Vioxx, because it is dangerous for body . . . ." Ex. 1 ¶5.

7.      In a signed report dated November 19, 2004, Serban I. Cocioba, M.D., stated with respect to Plaintiff's medical conditions and Vioxx use:

> Patient with chronic back pain, lumbago sciatica since 1997. Approximately 3.2000 patient was started on Vioxx 25mg BID, then 50mg BID, until September 2004 when was out of market. Patient developed chest pain, palpitation, depression, had a stress test and a myocardial perfusion test, showing ischemic heart. Her blood pressure is fluctuating 120/70-158/100 poor controlled medically. . . . I believe that her cardiac condition may be secondary to Vioxx. She had no previous cardiac condition. . . .

StrujanE-ClaimsPkgPPR-00010 (attached hereto as Ex. 3).

8.      Plaintiff has testified in connection with a separate legal proceeding that in 2004 she contacted her pharmacist to request a history of her medications in order to pursue a lawsuit against Merck related to her Vioxx use. Ex. 2 at 140:14-141:11.

9.      Plaintiff enrolled her claims against Merck in the Vioxx Resolution Program, alleging that Vioxx had caused her to suffer myocardial infarctions ("MI") on October 4, 2004 and September 1, 2000. *See* Claims Administrator Notice of Ineligibility (attached hereto as Ex. 4).

10.     The Vioxx Resolution Program's Claims Administrator and Gate Committee determined that Plaintiff's claims failed to meet the Program's eligibility requirements for settlement because there was no evidence that she suffered an MI on October 4, 2004 or September 1, 2000. *See* Ex. 4; Pl.'s Injury Gate Report (attached hereto as Ex. 5); Gate Committee Notice of Ineligibility (attached hereto as Ex. 6).

11.     Plaintiff executed a notarized Future Evidence Stipulation in connection with the Vioxx Resolution Program on August 3, 2009. *See* Strujan Future Evidence Stipulation (attached hereto as Ex. 7).

12. On October 16, 2005, Plaintiff filed a Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. *See* Strujan Bankruptcy Petition (attached hereto as Ex. 8).

13. Plaintiff was represented by an attorney in her bankruptcy proceeding. *See* Ex. 8 at 2.

14. Paragraph 20 of Schedule B filed with Plaintiff's Voluntary Petition for Bankruptcy required her to identify "contingent and unliquidated claims of every nature." Ex. 8 at 7. Plaintiff affirmatively indicated that she had no such claims. *Id.* Plaintiff's claims against Merck were not listed anywhere within her bankruptcy petition or the accompanying schedules. *See* Ex. 8.

15. On March 15, 2006, the U.S. Bankruptcy Court for the Southern District of New York issued an order granting Plaintiff a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). *See* Discharge of Debtor (attached hereto as Ex. 9). The debts discharged in Plaintiff's bankruptcy totaled $70,482.00. *See* Amended Schedules D, E and F (attached hereto as Ex. 10).

16. On March 17, 2006, the bankruptcy court issued an Order of Final Decree discharging the trustee of the estate and closing Plaintiff's bankruptcy case. *See* Order of Final Decree (attached hereto as Ex. 11).

17. In May of 2010, Plaintiff filed a legal malpractice action in the Supreme Court of the State of New York, County of New York against her former attorneys, the New York law firm of Tepperman & Tepperman, LLC, alleging that they failed to file a personal injury lawsuit on her behalf relating to a June 21, 2003 fall on the stairs of her apartment building within the applicable statute of limitations for personal injury claims. *See* Decision & Order, *Strujan v. Tepperman & Tepperman, et. al*, Index No. 401164/10 (N.Y. Sup. Ct. Jan. 31, 2011) (attached hereto as Ex. 12) at 1. In a January 31, 2011 Memorandum Decision and Order, Judge Jane S.

4

Solomon of the Supreme Court of the State of New York, County of New York granted summary judgment in favor of the defendant and dismissed Plaintiff's complaint on the grounds that because she failed to disclose her underlying personal injury claim in her 2005 bankruptcy proceeding, she lacked capacity to bring that lawsuit, and therefore her malpractice claim failed as a matter of law because could not have prevailed in the underlying action. *Id*. at 4-5.

Dated:  May 23, 2012

        Respectfully submitted,

        */s/ Dorothy H. Wimberly*
        Phillip A. Wittmann, 13625
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana 70130
        Phone: 504-581-3200
        Fax:    504-581-3361

        Defendants' Liaison Counsel

        —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        Emily Renshaw Pistilli
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts has been served on Plaintiff Elena Strujan by U.S. Mail at:

> P.O. Box 20632
> New York, NY 10021

I also hereby certify that the above and foregoing Statement of Material Facts has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of May, 2012.

> */s/ Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>  Defendants' Liaison Counsel

1094549v1