SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: __JANE S. SOLOMON__   PART _55_

Index Number : 401164/2010

STRUJAN, ELENA

vs

TEPERMAN & TEPERMAN

Sequence Number : 002

EXTEND TIME

INDEX NO. _____

MOTION DATE _12/14/10_

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1-3 |
| Answering Affidavits — Exhibits _____ | 4-6 |
| Replying Affidavits _____ | |

Cross-Motion: ☒ Yes  ☐ No

Upon the foregoing papers, It is ordered that this motion _is decided by the annexed Memorandum decision and Order_

FILED

JAN 31 2011

NEW YORK
COUNTY CLERK'S OFFICE

Dated: _1-28-11_

_____
JANE S. SOLOMON   J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Check one:  ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE

☐ SUBMIT ORDER/ JUDG.   ☐ SETTLE ORDER/ JUDG.

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 55
----------------------------------------X
ELENA STRUJAN,                              Index No. 401164/2010
                                            DECISION & ORDER
                Plaintiff,

        -against-

TEPPERMAN & TEPPERMAN, LLC. and
JOHN DOE,

                Defendants.
----------------------------------------X
```

FILED

JAN 31 2011

NEW YORK
COUNTY CLERK'S OFFICE

**JANE S. SOLOMON, J.:**

Pro se plaintiff Elena Strujan (Strujan) sues defendant Tepperman & Tepperman, LLC. (Tepperman), a law firm, for legal malpractice, negligence and breach of contract.

In April of 2005, Strujan retained Tepperman to represent her in connection with an incident which took place on June 21, 2003, when she fell on the stairs in front of the apartment building where she resided and sustained personal injuries, but it did not bring a lawsuit for her prior to the expiration of the statute of limitations. Strujan alleges that she first learned of this in December of 2007. This action was filed on May 4, 2010 and Tepperman answered on June 24. Since then, the parties have engaged in a rapid exchange of motions: Within two weeks of one another, Strujan filed a motion to extend the time to take depositions (motion sequence 002) and a motion to amend the complaint (motion sequence 004) while Tepperman filed a motion to amend its answer and for summary judgment (motion sequence 003).

1

Strujan does not attach a proposed amended complaint to her motion, and the motion may properly be denied due to this failure (*Abbott v. Herzfeld & Rubin, P.C.*, 202 AD2d 351, 352 [1st Dept., 1994]). That being said, Strujan's affidavit describes the amendments she seeks--specifically the addition of causes of action for breach of the standard of care, fraudulent misrepresentation and intentional misconduct. The first two are duplicative of her malpractice cause of action (*Natural Organics, Inc. v. Anderson Kill & Olick, P.C.*, 67 AD3d 541, 542 [1st Dept., 2009][breach of professional standards claim duplicative of malpractice]; *Sage Realty Corp. v. Proskauer Rose, LLP.*, 251 AD2d 35, 39 [1st Dept., 1988][fraud claim arising from same facts as malpractice claim is duplicative]), and the intentional tort claim is barred by the one year statute of limitations, as Strujan waited over a year from when she learned of the alleged misconduct before she brought this lawsuit (*see, Havell v. Islam*, 292 AD2d 210 [1st Dept., 2002]). Accordingly, Strujan's motion to amend is denied.

Motion Sequence 003 concerns Tepperman's combined motion to amend the answer to add the defense of lack of capacity and for summary judgment on that defense. The basis for the motion is newly discovered evidence that Strujan filed for bankruptcy on October 16, 2005 ("Answer at Defendant's Demand for Verified Bill of Particulars," ¶ 34 and 40; and Strujan's deposition transcript, attached to Contino Affirmation in Motion

-2-

Sequence 003, Ex. A, p. 129).[1]  At her deposition on November 4, 2010, she provided her bankruptcy papers (attached to Contino Affirmation, Ex. F), which do not list her 2003 claim as an asset.  On March 15, 2006 she received a discharge in bankruptcy, and two days later the bankruptcy court issued a final decree.

Leave to amend may be granted unless the amendment is palpably improper, insufficient as a matter of law, or creates prejudice or surprise.  Because this motion was made within weeks of learning of the bankruptcy proceeding, raises valid matters of law, and because Strujan does not argue that she suffered any prejudice or surprise, the motion to amend is granted.

Tepperman moves for summary judgment on the ground that once she filed for bankruptcy, Strujan lacked the capacity to bring a lawsuit in her individual capacity, so that her malpractice claim must be dismissed because she cannot establish that she would have prevailed in the underlying action.

The commencement of a bankruptcy case creates a bankruptcy estate, which gains control over the property of the debtor.  When Strujan filed for bankruptcy in 2005, the claim arising from her 2003 injury became the property of her estate. "[T]he failure to schedule a legal claim as an asset in a bankruptcy proceeding deprives the debtor of standing to raise it in a subsequent legal action" (*Barranco v. Cabrini Medical*

---

[1] Notably, she was represented by an attorney in her bankruptcy proceeding.

-3-

*Center*, 50 AD3d 281 [1st Dept., 2008]). Upon her dischasrge, the claim does not revert to Strujan, because "[i]f a claim owned by a bankrupt is of value, his creditors are entitled to it, and he cannot, by withholding knowledge of its existence from the trustee, obtain a release from his debts and still assert title to--and collect upon--the claim for his own benefit" (*Ortiz v. New York Medical Group, P.C.*, 55 AD3d 509 [1st Dept., 2008]). Accordingly, Strujan could not have brought the personal injury lawsuit in her individual capacity.

"In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action "but for" the attorney's negligence" (*AmBase Corp. v. Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007][citation omitted]). Here, Strujan lacked capacity to sue. As a matter of law, she could not have prevailed in the underlying action, and, therefore, cannot establish a cause of action for malpractice.

Strujan opposes the motion by arguing that she has not yet had the opportunity to depose Tepperman. Summary judgment may be denied where "it appears from affidavits . . . that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212[f]). Strujan has not demonstrated how

deposing Tepperman would expose material facts that would establish her capacity and defeat the motion. Accordingly, summary judgment should be granted dismissing the complaint.

Motion Sequence 002, concerning Strujan's unopposed motion to extend time, and Tepperman's unopposed cross motion to stay discovery, is denied as academic.

In accordance with the foregoing, it hereby is

ORDERED that Strujan's motion to extend time (Motion Sequence 002) and Tepperman's cross motion to stay discovery are are denied; and it further is

ORDERED that Strujan's motion to amend the complaint (Motion Sequence 004) is denied; and it further is

ORDERED that the branch of Motion Sequence 003 seeking to amend the answer is granted; and it further is

ORDERED that the branch of Motion Sequence 003 seeking summary judgment dismissing the complaint is granted and the complaint is dismissed, with costs and disbursements as taxed, and the Clerk of the Court shall enter judgment accordingly.

Dated: 1-28-11

ENTER:

JANE S. SOLOMON

**FILED**

JAN 31 2011

NEW YORK
COUNTY CLERK'S OFFICE

-5-