UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO:   *Janet Sue Morgan, et al. v. Merck & Co.*, Case No. 05–496, AS TO JAMES IRA SMITH ONLY

## ORDER & REASONS

Pursuant to Pretrial Order 47A and the Court's Order of March 19, 2010 (Rec. Doc. 37739), the Court referred a number of attorney fee lien disputes to Special Master Patrick A. Juneau. The Special Master conducted proceedings in those matters and issued Reports and Recommendations. The Court has pending before it objections and motions to accept the Special Master's Report and Recommendations (Rec. Doc. 55587) on the fee dispute between Mr. James Ira Smith, a Vioxx plaintiff who has represented himself in this dispute, and his attorneys Dawn M. Barrios and James Minge. The Court reviews the Special Master's Report and Recommendations *de novo* for factual findings and legal conclusions, and for abuse of discretion for procedural matters. Fed. R. Civ. P. 53(f).

The record reflects that Mr. Smith retained Ms. Barrios and Mr. Minge to represent him in connection with his claim that Vioxx caused his heart attack. The parties entered into a 40% contingent fee agreement, which was subsequently reduced by Order of this Court to 32% of Mr.

Smith's gross recovery. Upon announcement of the Vioxx Settlement Program, counsel recommended that Mr. Smith register and enroll in the program, and he did so. Counsel spent a significant amount of effort gathering materials and medical records and preparing Mr. Smith's submission to the Program. Counsel interacted at length with Mr. Smith regarding the potential remedies his medical records did and did not support. Counsel submitted Mr. Smith's claim to the Program, which resulted in an award of points; counsel then appealed Mr. Smith's points award on the basis of an incorrect application of a body mass index reduction in points. That appeal was successful and resulted in an increased points award. The record amply supports the Special Master's factual finding that counsel's efforts "were diligently and professionally performed" and complied with their professional obligations pursuant to the written contingent fee contract. (Rec. Doc. 55587 at 2, 5).

However, after the successful points appeal the attorney-client relationship deteriorated, evidently due in part to Mr. Smith's insistence on a second appeal on the basis of a point deduction for hypertension that Smith claimed he did not have. The record and testimony suggest that counsel felt an appeal on the hypertension issue was not supported by the available medical records and would have been potentially fraudulent. The attorney-client relationship was terminated on or about January 6, 2009, when Ms. Barrios withdrew as Smith's counsel. After the withdrawal, Mr. Smith pursued an additional appeal of the hypertension issue, which was successful and resulted in an additional award of points.[1] Counsel did not play a part in that

---

[1] The record indicates that Smith was successful in this appeal on the basis of a new letter he obtained from a former treating physician to the effect that Smith had not been diagnosed with hypertension; that letter, drafted eight years after Smith's admission to a hospital, contradicted numerous statements in Smith's medical records that Smith had been diagnosed with hypertension. Counsel acted reasonably and professionally in relying on the weight of

second appeal and accordingly does not seek any attorneys' fees for the additional amount Smith received pursuant to the increased points award. Rather, Counsel filed a lien seeking the Court-reduced contractual amount of 32% of Smith's gross recovery, or $136,858.90, less the deduction for common benefit attorneys' fees, and $4,314.35 in costs.

The Special Master in his Report and Recommendations concluded that counsel should be awarded the full amount owed under the contingent fee contract for the amount of Mr. Smith's recovery awarded prior to counsel's withdrawal. Mr. Smith filed objections to the Report and Recommendations. (Rec. Doc. 56128). He contends that counsel's service before withdrawal was unsatisfactory because counsel did not file the eventually successful second appeal and because counsel should have informed him about the option of "submit[ting] letters of explanation regarding incorrect statements contained within [his] medical records." (Rec. Doc. 56128).[2] Counsel filed a response (Rec. Doc. 56507) contending that the Special Master's conclusions are amply supported by the factual record.

Mr. Smith and counsel had a full and fair opportunity to submit materials to the Special Master and to argue their positions before him, and to appeal to this Court. Having reviewed that record, the Court adopts the Special Master's findings and conclusions in their entirety. Counsel performed their contractual and professional obligations ably and obtained a significant

---

those medical records in declining to appeal the Claims Administrator's finding of hypertension.

[2]Smith also makes a confusing argument that because counsel returned an interim payment check at a time when the attorney-client relationship was strained and he refused to sign a disbursement statement, counsel therefore "obtained no recovery for [him]" and that pursuant to the contingent fee contract, counsel is entitled only to 32% of nothing. The argument is nonsensical. As counsel correctly points out, the fee had already been earned by the time it was disbursed and before counsel withdrew.

outcome for Mr. Smith.  The Court can identify no reason to disrupt the contractual contingent fee agreement between the parties, which entitles counsel to 32% of Smith's gross recovery obtained during his representation by counsel.  The Court also concludes that the costs and expenses submitted by counsel are documented and reasonable.

Accordingly, IT IS ORDERED that Mr. Smith's objections to the Special Master's Report and Recommendations are OVERRULED.  Dawn M. Barrios and James Minge are awarded attorney fees of $136,858.90, less the 6.5% common benefit fee deduction, and litigation expenses of $4,314.35.

New Orleans, Louisiana, this 5th day of June, 2012.

_____
United States District Judge