UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:** *James D. Schneller, et al. v. Merck & Co., Inc.,* **No. 12-703**

## ORDER

In 2005, Plaintiff James D. Schneller filed suit against Merck in the Eastern District of Pennsylvania, seeking damages for the death of his mother Marjorie Schneller allegedly due to Vioxx. The case was transferred to this MDL Court. (Case No. 05-5382, Rec. Doc. 1). Ultimately, after Mr. Schneller received many extensions and opportunities to comply with Pretrial Order 28, the Court dismissed his case with prejudice. (Rec. Doc. 52672). The Court then denied Mr. Schneller's motion for leave to appeal *in forma pauperis* as frivolous and not in good faith. (Rec. Doc. 57710).

The United States Court of Appeals for the Fifth Circuit affirmed dismissal of his case, finding that because he "had almost three years in which to comply with PTO 28, and in light of the multiple extensions of time afforded to him for compliance, the court did not abuse its discretion in dismissing his complaint with prejudice based on his failure to comply with PTO 28." *In re Vioxx Prods. Liab. Litig.*, 452 F. App'x 500, 502 (5th Cir. 2011), *cert. denied*, — S. Ct. — (2011). The Supreme Court of the United States recently denied his petition for a writ of certiorari.

Now, Schneller has filed a second suit directly in this Court against Merck, again seeking

1

damages related to Marjorie Schneller's allegedly Vioxx-related death. *James D. Schneller, et al. v. Merck & Co., Inc.*, No. 12-703 (E.D. La. filed Mar. 12, 2012). The Complaint in this second case is functionally identical to the Complaint in Plaintiff's first case.

"'Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Res judicata 'insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.'" *Id.* (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). "Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Oreck*, 560 F.3d at 401 (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007).

Schneller's second-filed is barred by *res judicata*.[1] The parties in both cases are the heirs and trustees of Ms. Schneller. The Court had jurisdiction over the original case pursuant to 28 U.S.C. § 1407. The Court dismissed the case with prejudice, which constitutes a final judgment. *See Oreck*, 560 F.3d at 401. And finally, both cases involve the same Vioxx-related cause of

---

[1] Of course, Plaintiff's new suit is also untimely under Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524(2); *see also In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 808 (E.D. La. 2007) (holding that "at the very latest, Pennsylvania's two-year statute of limitations began to run on September 30, 2004" for Vioxx-related personal injury claims). But the Court need not resolve that question because the case is clearly mooted by *res judicata*.

action.  Accordingly, all four elements of *res judicata* are satisfied.  Moreover, this is an appropriate situation for *sua sponte* dismissal.  "Dismissal by the court sua sponte on res judicata grounds ... is permissible in the interest of judicial economy where both actions were brought before the same court."  *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980); *accord LaCroix v. Marshall County*, 409 F. App'x 794, 798-99 (5th Cir. 2011).

Accordingly, for the foregoing reasons, IT IS ORDERED that Plaintiff James Schneller's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 12th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE