UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *James K. Schnepf and Mary-Ann Schnepf* | * | KNOWLES |
| *v. Merck & Co., Inc.,* | * | |
| 2:06-cv-0321-EEF-DEK | * | |

*************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP'S  LR56.1
STATEMENT OF MATERIALS FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to LR56.1, Defendant Merck Sharp & Dohme Corp., by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1. On September 27, 2005, Plaintiffs James K. Schnepf ("Plaintiff"/Mr. Schnepf") and Mary-Ann Schnepf filed suit against Merck alleging that Mr. Schnepf's consumption of Vioxx caused him to suffer a stroke on five separate occasions:  February 28, 1999; April 1, 2001; June 23, 2001; October 4, 2001; and June 17, 2003.  Compl. at ¶¶ 18, 20–23.

2. On June 27, 2008, Plaintiffs entered the Vioxx Resolution Program.  In support of his claims, Plaintiff submitted a Claims Package, *see* Exhibit 1 (Certified Claims Package), as called for by the terms of the Vioxx Settlement Agreement.  *See* Exhibit 2 (Vioxx Settlement Agreement) at Sec.1.3.  Mr. Schnepf  alleged, as he had in the Complaint, that he suffered multiple strokes on dates in 1999, 2001 and 2003.  *See* Exhibit 1 (Certified Claims Package), at SchnepfJ-CertClmsPkg 0002-0007.

1

3. Plaintiff was required to submit as part of his Claims Package, among other things, medical and pharmacy records supporting Mr. Schnepf's alleged injuries and use of Vioxx. *See* Exhibit 2 (Settlement Agreement) at Sec. 1.3.1. The Claims Administrator provided claimants with detailed instructions on medical and pharmacy records required for a Claims Package. *See* Exhibit 9 (Claims Administrator Instructions)

4. After reviewing Plaintiff's Claims Package, the Claims Administrator determined that Mr. Schnepf had suffered a stroke in February 1999, but did not meet the eligibility requirements for the Settlement Program because, among other reasons, Mr. Schnepf did not provide evidence that he had used Vioxx. *See* Exhibit 3 (Claims Administrator Notice of Ineligibility). The Claims Administrator informed Plaintiff of his right to submit additional information within twenty-one days for the Claims Administrator's review, in which case the Claims Administrator would review such material to determine whether it rendered Plaintiffs' claims eligible. *Id*. No further evidence was submitted at that time.

5. Under the terms of the Settlement Agreement, the Claims Administrator was required to inform the Gate Committee of claimants who failed to meet the Settlement Program's eligibility requirements. *See* Exhibit 2 at Sec. 2.5.1. The Gate Committee then had authority to review and re-consider a claimant's eligibility based on the available records. *Id.* at 2.5.2.

6. On December 1, 2009, while the claim was before the Gates Committee, Mr. Schnepf's counsel requested and received an extension of time to supply additional evidence to support Mr. Schnepf's claims. *See* Exhibit 1 (Certified Claims Package), at SchnepfJ-CertClmsPkg at 560-561.

7. On January 7, 2010, Mr. Schnepf, submitted an affidavit in the Vioxx Resolution Program, attesting to use of Vioxx from August 1997 to September 2004, without any supporting

medical or pharmacy records, and attesting to receipt of prescriptions for Vioxx from three different physicians for almost two years before Vioxx was approved by the Food & Drug Administration ("FDA") in May 1999.  *See* Exhibit1 (Certified Claims Package, at SchnepfJ-CertClmsPkg at 000562-000568; Exhibit 8 (FDA Approval Letter).

8. On January 14, 2010, the Gate Committee deemed Plaintiffs' claims ineligible for, among other reasons, failure to provide sufficient evidence that Mr. Schnepf was taking Vioxx.  *See* Exhibit 4 (Gate Committee Notice of Ineligibility).

9. On February 16, 2010, the Claims Administrator received Mr. Schnepf's Future Evidence Stipulation ("FES"), signed by him on February 15, 2010, *see* Exhibit 5 (FES), as executed pursuant to Section 2.7.3 of the Settlement Agreement.  *See* Exhibit 3 (Settlement Agreement).

10. At the same time that the Future Evidence Stipulation was submitted to the Resolution Program in mid-February 2010, Mr. Schnepf also submitted pharmacy records *for the first time,* supporting that he filled prescriptions for Vioxx from November 2001 to August 2004.  *See* Exhibit 6 (Late-Submitted Evidence), at 322-354.

11. Despite the fact that this evidence was outside of the Claims Package that had already certified, and despite the fact that there was no showing that this evidence had not been previously available to plaintiff, the Claims Administrator nevertheless undertook a review of this newly submitted evidence.  After doing so, the Claims Administrator advised Mr. Schnepf's counsel that this newly submitted evidence was not material to the determination of Mr. Schnepf's ineligibility, and would not change the outcome.  *See* Exhibit 7 (Late Evidence Determination).


12.     The materials submitted by Mr. Schnepf to the Claims Administrator in his Certified Claims Package support that he suffered a stroke on February 28, 1999, but do not include support for any medical treatment or injuries after 1999.  *See* Exhibit 1 (Certified Claims Package).

13.     The materials submitted by Mr. Schnepf to the Claims Administrator in mid-February 2010 do not support that Mr. Schnepf's claims that he suffered additional strokes in April, June, or October 2001, or June 2003.  *See* Exhibit 6 (Late-Submitted Evidence).

Dated:  June 15, 2012

Respectfully submitted,

 */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of June, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel