# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

............................................. :

**THIS DOCUMENT RELATES TO:**   *Martha Alvarado, et al. v. Merck & Co., Inc.*, **Case No. 06-5980, AS TO LARRY LONG ONLY**

## ORDER & REASONS

Pursuant to Pretrial Order 47A and the Court's Order of March 19, 2010 (Rec. Doc. 37739), the Court referred a number of attorney fee lien disputes to Special Master Patrick A. Juneau. The Special Master conducted proceedings in those matters and issued Reports and Recommendations. The Court has pending before it objections and motions to accept the Special Master's Report and Recommendations (Rec. Doc. 55584) on the fee dispute between Mr. Larry Long, a Vioxx plaintiff, and his counsel The Miller Law Firm. The Court reviews the Special Master's Report and Recommendations *de novo* for factual findings and legal conclusions, and for abuse of discretion for procedural matters. Fed. R. Civ. P. 53(f).

The record reflects that Mr. Long retained The Miller Law Firm to represent him in connection with his Vioxx personal injury claim, pursuant to a written Agreement to Provide Legal Services for a Contingent Fee." The record reflects that counsel timely responded to Mr. Long's concerns, gathered medical records, kept him apprised of the progress of his claim

through the Vioxx Settlement Program, and filed the appeals requested by Mr. Long. Any complaints Mr. Long has about the determination of his claim by the Claims Administrator are not attributable to any failing of his counsel and are not grounds for disrupting their contractual fee agreement.[1] Accordingly, the Special Master recommended that The Miller Firm be awarded the amount of the contingent fee contract, as capped by this Court's Orders limiting attorneys' fees to 32%.[2]

Mr. Long filed a two-page, hand-written objection to the Special Master's report in which he disagrees with the findings as follows:

1) Special Master did not including [sic] Larry Long binder information.
2) Did not consider Miller Law Firm violated Merck agreement No Third Party.
3) No consideration work Debra Long did.
4) Unfair judgement toward Larry Long.
5) Miller is not entitle [sic] to fee for Vioxx case.

(Rec. Doc. 58010). The Court has reviewed the Special Masters Report and Recommendation and the record and finds that the objections are not well-taken. The Special Master heard testimony from all the parties and it is self-evident that he reviewed the exhibits submitted by the parties. The judgment is not unfair; The Miller Firm performed its obligations under the contingent fee agreement.

Mr. Long had a full and fair opportunity to submit materials to the Special Master and to

---

[1] To the extent that Mr. Long complains regarding a payment by the Miller Firm to Oasis Legal Finance, Inc., for the principal of a loan Mr. Long received, the Court has previously addressed this matter. *See* Minute Entry, December 21, 2009 (Rec. Doc. 30476).

[2] The Court issued an Order preliminarily adopting the Special Master's Report and Recommendation, without prejudice to either party's right to file objections at a later date. (Rec. Doc. 55952).

argue their positions before him, and to appeal to this Court. Having reviewed that record, the Court adopts the Special Master's findings and conclusions in their entirety. Counsel performed their contractual and professional obligations ably and obtained an outcome for Mr. Long. The Court can identify no reason to disrupt the contractual contingent fee agreement between the parties, which entitles counsel to 32% of Long's gross recovery obtained during his representation by counsel, less the common benefit fee assessment.

Accordingly, IT IS ORDERED that Mr. Long's objections to the Special Master's Report and Recommendations are OVERRULED. The Miller Firm is entitled to 32% of Mr. Long's settlement proceeds, less the 6.5% common benefit fee deduction, and litigation expenses of $277.25.

New Orleans, Louisiana, this 18th day of June, 2012.

*Eldon E. Fallon*
United States District Judge