UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| *State of Utah* | * | JUDGE ELDON E. FALLON |
| | * | |
| *v.* | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| *Merck Sharp & Dohme Corp.* | * | |
| | * | |
| Case No. 06-9336 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S MERCK SHARP & DOHME CORP. AMENDED ANSWER

Defendant Merck Sharp & Dohme Corp. ("Merck"), by its undersigned counsel,
answers Plaintiff's First Amended Complaint ("Complaint") as follows:

### RESPONSE TO JURISDICTION AND VENUE

1.      The allegation in paragraph 1 of the Complaint is a legal conclusion to
which no response is required.  To the extent that any response is required, Merck denies each
and every allegation in said paragraph.

2.      The allegation in paragraph 2 of the Complaint is a legal conclusion to
which no response is required.  To the extent that any response is required, Merck denies each
and every allegation in said paragraph.

3.      The allegation in paragraph 3 of the Complaint is a legal conclusion to
which no response is required.  To the extent that any response is required, Merck denies each
and every allegation in said paragraph.

**RESPONSE TO PARTIES**

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and on that basis, denies the same.

5.      Merck denies each and every allegation in paragraph 5 of the Complaint except to admit that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey and is authorized to do business within the State of Utah. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

**RESPONSE TO CLAIMS BY THE STATE OF UTAH**

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Merck denies each and every allegation contained in paragraph 8 except admits that Utah Medicaid was required to pay for approved Vioxx prescriptions and that Utah physicians prescribed Vioxx to Utah Medicaid patients.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that it undertook post-approval studies related to Vioxx.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

1097317v1

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13, including subparts a-k, of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal basis for the relief sought.

## RESPONSE TO BACKGROUND

14.     Merck denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint, except admits that Vioxx is part of a class of medications known as NSAIDs and that Vioxx is the brand name for rofecoxib.

15.     Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the study 090 involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

1097317v1

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the ADVANTAGE trial involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the ADVANTAGE trial involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint, except admits that it began marketing Vioxx in May 1999.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint, except admits that it issued a press release on May 21, 1999 and respectfully refers the Court to the press release for its full text.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

25. Merck denies each and every allegation in paragraph 25 of the Complaint, except admits that Plaintiff purports to quote portions of an e-mail but avers that said statements are taken out of context and respectfully refers the Court to the referenced e-mail for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that it issued a press release on March 27, 2000 and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint, except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, along other things, the VIGOR data and that Plaintiff purports to quote from a transcript of the hearing.  Merck respectfully refers the Court to the hearing transcript for complete language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that it issued other press releases and respectfully refers the court to the releases for their actual language and full text.

31.     Merck denies each and every allegation in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation in paragraph 33 of the Complaint, except admits that the VIGOR study and ADVANTAGE study involving Vioxx exist and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

1097317v1

34.     Merck denies each and every allegation in paragraph 34 of the Complaint, except admits that the ADVANTAGE study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

35.     Merck denies the allegations in paragraph 35 of the Complaint.

36.     Merck denies the allegations in paragraph 36 of the Complaint.

37.     Merck denies the allegations in paragraph 37 of the Complaint.

38.     Merck denies the allegations in paragraph 38 of the Complaint.

39.     Merck denies the allegations in paragraph 39 of the Complaint.

40.     The allegations in paragraph 40 are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

41.     Merck denies each and every allegation in paragraph 41 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to the referenced articles for their actual language and full text.

42.     Merck denies each and every allegation in the first two sentences of paragraph 42 of Plaintiff's Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck denies each and every other allegation in paragraph 42 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to the referenced articles for their actual language and full text.

43.     Merck denies the allegations in paragraph 43 of the Complaint.

1097317v1

44.     Merck denies each and every allegation in paragraph 44 of the Complaint except admits that Merck met with the FDA prior to the approval of the drug and respectfully refers the Court to the minutes of those meetings for information regarding them.

45.     Merck denies the allegations in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint, except admits that Plaintiff purports to quote certain statements but avers those statements are taken out of context and respectfully refers the Court to the referenced meeting minutes for their actual language and full text.  Merck further admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

47.     Merck denies the allegations in paragraph 47 of the Complaint, except admits that Plaintiff purports to quote certain statements, but avers that the quotations are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

48.     Merck denies the allegations in paragraph 48 of the Complaint.

49.     Merck denies the allegations in paragraph 49 of the Complaint, except admits that Plaintiff purports to quote the referenced memorandum, but avers that the quote is taken out of context and respectfully refers the Court to the referenced memorandum for its actual language and full text.

50.     Merck denies the allegations in paragraph 50 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail, but avers that the quote is taken out of context and respectfully refers the Court to the referenced email for its actual language and full text.

1097317v1

51.      Merck denies the allegations in paragraph 51 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail, but avers that the quotations are taken out of context and respectfully refers the Court to the referenced email for its actual language and full text.

52.      Merck denies the allegations in paragraph 52 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mails, but avers that the quotations are taken out of context and respectfully refers the Court to the referenced emails for their actual language and full text.

53.      Merck denies the allegations in paragraph 53 of the Complaint, except admits that Plaintiff purports to quote the referenced meeting minutes, but avers that the quotations are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

54.      Merck denies the allegations in paragraph 54 of the Complaint.

55.      Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.      Merck denies the allegations in the first two sentences of paragraph 56 of the Complaint, except admits that it submitted a New Drug Application for Vioxx to the FDA on November 23, 1998 and that the Arthritis Drug Advisory Committee granted expedited review of Merck's Vioxx application.  The allegation in sentence three of paragraph 56 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence three of paragraph 56.

57.      Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of Plaintiff's Complaint, except admits that in 1999, when Merck received FDA approval to market the prescription medicine Vioxx, the FDA-approved prescribing information for Vioxx included a gastrointestinal warning. Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

59.     Merck denies the allegations in paragraph 59 of the Complaint, except admits that it admits that in May 1999, Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx.

60.     Merck denies the allegations in the first sentence of paragraph 60. Merck admits that Utah Medicaid was required to pay for approved Vioxx prescriptions.

### Response to Merck Introduces Vioxx through the Largest Direct-to-Consumer Advertising Campaign in History While Misrepresenting its Risks

### Response to A.  Merck's Early Marketing Was False, Misleading and Public Regarding the Known Cardiovascular Risks of Vioxx

61.     Merck denies the allegations in paragraph 61 of the Complaint.

62.     Merck denies the allegations in paragraph 62 of the Complaint.

63.     Merck denies the allegations in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation set forth in the first, second, and third sentences of paragraph 64 of the Complaint. Merck denies each and every allegation set forth in the fourth, fifth, and sixth sentences of paragraph 64 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  Merck further avers that Plaintiff purports to

refer to information contained in documents produced in the Vioxx litigation and respectfully refers the Court to said documents for their actual language and full context. The allegation in the seventh sentence of paragraph 64 of the Complaint is a legal conclusion to which no response is required. To the extent that any response is required, Merck denies each and every allegation in sentence seven of paragraph 64.

65.     Merck denies the allegations in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint except admits that it issued a press release on March 27, 2000 and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the press release.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint except admits that the referenced letter exists and respectfully refers the Court to said document for its actual language and full text.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint, except admits that plaintiff purports to quote various statements, but avers said quotations are taken out of context.

70.     Merck denies the allegations in paragraph 70 of the Complaint.

71.     Merck denies the allegations in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation set forth in sentences one through four of paragraph 72 of the Complaint, except admits that Merck marketed Vioxx in a manner

consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that the study referenced in the fourth sentence of paragraph 72 exists and respectfully refers the Court to that study for its actual conclusions and full text.  The allegation in sentence five of paragraph 72 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence five of paragraph 72.

73.     Merck denies each and every allegation set forth in sentence one of paragraph 73 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  The allegation in sentence two of paragraph 73 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 73.

74.     Merck denies the allegations in paragraph 74 of the Complaint.

75.     Merck denies the allegations in the first sentence contained in paragraph 29 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statements referenced by Plaintiff for the actual language and full text of the press releases.  The allegation in sentence two of paragraph 75 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 75.

76.     Merck denies each and every allegation set forth in the first sentence of paragraph 76 of the Complaint, except admits plaintiff purports to quote a portion of a statement,

and respectfully refers the Court to the full statement for its actual language and full context. Merck denies each and every allegation set forth in the second sentence of paragraph 76 of the Complaint.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies the allegations in paragraph 78 of the Complaint except admits that Plaintiff cites to a December 16, 1999 letter from FDA to Merck and respectfully refers the Court to the letter cited by Plaintiff for the actual language and full text of the letter.

79.     Merck denies the allegations in the first sentence contained in paragraph 79 of the Complaint except refers to a letter from FDA to Merck and respectfully refers the Court to the letter cited by Plaintiff for the actual language and full text of the letter.  The allegation in sentence two of paragraph 79 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 79.

80.     Merck denies the allegations in the first sentence contained in paragraph 80 of the Complaint.  The allegation in sentence two of paragraph 80 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 80.

81.     Merck denies the allegations in paragraph 81 of the Complaint.

82.     Merck denies the allegations in paragraph 82 of the Complaint.

83.     Merck denies the allegations in paragraph 83 of the Complaint.

84.     Merck denies the allegations in paragraph 84 of the Complaint.

85.     Merck denies the allegations in paragraph 85 of the Complaint.

1097317v1

86.     Merck denies the allegations in paragraph 86 of the Complaint.

**Response to FDA Admonishes Merck for its "False and Misleading" Advertising**

87.     Merck denies the allegations in the first sentence contained in paragraph 87 of the Complaint except admits that it did receive letters from DDMAC and respectfully refers the Court to those letters for their actual language and full text.  The allegation in sentence two of paragraph 87 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 87.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint except admits that Merck received a letter dated July 16, 1999 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint except admits that Merck received a letter dated December 16, 1999 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint except admits that Merck received a letter dated December 16, 1999 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

1097317v1

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint except admits that Merck received a letter dated December 16, 1999 from DDMAC. Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint except admits that Merck received a letter dated December 16, 1999 from DDMAC. Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

93.     Merck denies the allegations in the first two sentences contained in paragraph 93 of the Complaint.   The allegation in sentence three of paragraph 93 of the Complaint is a legal conclusion to which no response is required.   To the extent that any response is required, Merck denies each and every allegation in sentence three of paragraph 93.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC. Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

95.     Merck denies the allegations in paragraph 95 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC.   Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff

1097317v1

has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text

96.     Merck denies the allegations in paragraph 96 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text

97.     Merck denies the allegations in the first sentence and subparagraphs (a)-(i) in paragraph 97 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.  The allegation in the last sentence of paragraph 97 of the Complaint is a legal conclusion to which no response is required. To the extent that any response is required, Merck denies each and every allegation in the last sentence of paragraph 97.

98.     Merck denies each and every allegation set forth in paragraph 98 of the Complaint.

**Response to II.  Science Establishes the Dangers of Vioxx**
**Response to Early Studies Show Risk of Vioxx**

99.     Merck denies each and every allegation set forth in paragraph 99 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

100.    Merck denies each and every allegation set forth in paragraph 100 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

101.    Merck denies the allegations in paragraph 101 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

102.    Merck denies the allegations in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation set forth in paragraph 103 of the Complaint, except admits the referenced study and presentation exist, and respectfully refers the Court to the referenced study and presentation for their actual conclusions and full text.

104.    Merck denies the allegations in paragraph 104 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

105.    Merck denies the allegations in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation set forth in paragraph 106 of the Complaint, except admits that the referenced Adverse Event Reporting System ("AERS") exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug.

- 16 -

Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

107.    Merck denies the allegations in paragraph 107 of the Complaint.

108.    The allegation in paragraph 108 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in paragraph 108.

109.    Merck denies each and every allegation set forth in paragraph 109 of the Complaint, except admits the referenced study and briefing document exist, and respectfully refers the Court to the referenced documents for their actual language and full text.

110.    Merck denies each and every allegation set forth in paragraph 110 of the Complaint, except admits the referenced study and briefing document exist, and respectfully refers the Court to the referenced documents for their actual language and full text.

111.    Merck denies each and every allegation set forth in paragraph 111 of the Complaint, except admits the referenced journal and article contained therein exist, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

112.    Merck denies each and every allegation set forth in paragraph 112 of the Complaint, except admits the referenced journal and article contained therein exist, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

113.    Merck denies each and every allegation set forth in paragraph 113 of the Complaint, except admits the referenced journal and article contained therein exist, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

114.     Merck denies each and every allegation set forth in paragraph 114 of the Complaint, except admits the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.

115.     Merck denies the allegations in paragraph 115 of the Complaint.

116.     Merck denies the allegations in paragraph 116 of the Complaint.

117.     The allegation in paragraph 117 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in paragraph 117.

118.     The allegation in paragraph 118 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in paragraph 118.

**Response to Merck Makes False and Misleading Statements Regarding Its VIGOR Study**

119.     Merck denies each and every allegation contained in paragraph 119 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

120.     Merck denies each and every allegation contained in paragraph 120 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

121.     Merck denies the allegations in paragraph 121 of the Complaint, except admits that Plaintiff purports to quote the referenced memorandum, but avers that the quote is taken out of context and respectfully refers the Court to the referenced email for its actual language and full text.

1097317v1

122.     Merck denies the allegations in paragraph 122 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mails, but avers that the quotes are taken out of context and respectfully refers the Court to the referenced emails for their actual language and full text.

123.     Merck denies each and every allegation set forth in paragraph 123 of the Complaint except admits that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

124.     Merck denies each and every allegation contained in paragraph 124 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

125.     Merck denies the allegations in paragraph 125 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail, but avers that the quote is taken out of context and respectfully refers the Court to the referenced email for its actual language and full text.

126.     Merck denies the allegations in paragraph 126 of the Complaint, except admits that Plaintiff purports to quote the referenced e-mail, but avers that the quote is taken out of context and respectfully refers the Court to the referenced email for its actual language and full text.

127.     Merck denies each and every allegation contained in paragraph 127 of the Complaint except admits that it issued a press release on March 27, 2000 and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

1097317v1

128.    Merck denies each and every allegation contained in paragraph 128 of the Complaint except admits that it issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the press release.

129.    Merck denies each and every allegation contained in paragraph 129 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

130.    Merck denies each and every allegation contained in paragraph 130 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

131.    Merck denies each and every allegation contained in paragraph 131 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

132.    Merck denies each and every allegation in paragraph 132 of the Complaint, except admits that Plaintiff purports to quote portions of statements but avers that said statements are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

133.    Merck denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Merck denies each and every allegation contained in paragraph 134 of the Complaint, except admits that the studies cited by Plaintiff exist and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

1097317v1

135.    Merck denies the allegations in the first sentence contained in paragraph 135 of the Complaint.  The allegation in sentence two of paragraph 135 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 135.

**Response to The FDA Cites Merck for False and Misleading Statements regarding the VIGOR Study**

136.    Merck denies each and every allegation set forth in paragraph 136 of the Complaint.

137.    Merck denies each and every allegation contained in paragraph 137 of the Complaint, except admits that the VIGOR study and referenced article involving Vioxx exists and respectfully refers the Court to the referenced study and article for their actual conclusions and full text.

138.    Merck denies each and every allegation set forth in the first sentence of paragraph 138 of the Complaint, except admits the referenced report exists and that Plaintiff purports to quote from same, but respectfully refers the Court to the referenced report for its actual language and full text.  Merck denies each and every allegation set forth in the second sentence of paragraph 138 of the Complaint, except admits that Merck issued a press release on January 23, 2001, and respectfully refers the Court to the referenced press release for its actual language and full text.

139.    Merck denies each and every allegation contained in paragraph 139 of the Complaint, except admits that Plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.

140.    Merck denies each and every allegation set forth in the first sentence of paragraph 140 of the Complaint, except Merck admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.  The allegation in sentence two of paragraph 140 of the Complaint is a legal conclusion to which no response is required.   To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 140.

141.    Merck denies each and every allegation contained in paragraph 141 of the Complaint, except admits that Plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.

142.    Merck denies each and every allegation set forth in paragraph 142 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

143.    Merck denies each and every allegation contained in paragraph 143 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC. Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.

144.    Merck denies each and every allegation in paragraph 144 of the Complaint, except admits that Plaintiff purports to quote from the referenced memorandum but avers that said quotations are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

- 22 -

145.    Merck denies each and every allegation in paragraph 145 of the Complaint, except admits that Plaintiff purports to quote from the referenced document but avers that said statements are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

146.    Merck denies each and every allegation contained in paragraph 146 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

147.    Merck denies each and every allegation contained in paragraph 147 of the Complaint.

148.    Merck denies each and every allegation contained in paragraph 148 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

149.    Merck denies each and every allegation contained in paragraph 149 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the press release.

**Response to Merck Falsely Claims that the Results of VIGOR Arose from Cardio-Protective Properties of Naproxen, and Not From Dangers Inherent in Vioxx**

150.    Merck denies each and every allegation contained in paragraph 150 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the press release.

151.    Merck denies each and every allegation contained in paragraph 151 of the Complaint except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the memorandum referenced by Plaintiff for its actual language and full text.

152.    Merck denies each and every allegation contained in paragraph 152 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the press release.

153.    Merck denies each and every allegation contained in paragraph 153 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced conference but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the transcript of the conference for its actual language and full text.

154.    Merck denies each and every allegation contained in paragraph 154 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced conference but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the transcript of the conference for its actual language and full text.

155.    Merck denies each and every allegation contained in paragraph 155 of the Complaint except admits that Merck received a letter dated September 17, 2001 from DDMAC. Merck further admits that Plaintiff purports to characterize the referenced correspondence but avers that Plaintiff's characterization is out of context and respectfully refers the Court to the referenced letter for its actual language and text.

156.    Merck denies each and every allegation contained in the first sentence of paragraph 156 of the Complaint except admits that Merck received a letter dated September 17,

2001 from DDMAC.  Merck further admits that Plaintiff purports to quote from the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to the referenced letter for its actual language and text.  The allegation in sentence two of paragraph 156 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence two of paragraph 156.

157.    Merck denies each and every allegation contained in paragraph 157 of the Complaint, except admits that the referenced articles exists and respectfully refers the Court to the referenced articles for their actual language and full text.

158.    Merck denies each and every allegation contained in paragraph 158 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

159.    The allegation contained in paragraph 159 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

160.    Merck denies each and every allegation contained in paragraph 160 of Plaintiff's Complaint.

161.    Merck denies each and every allegation contained in paragraph 161 of Plaintiff's Complaint.

162.    Merck denies each and every allegation contained in paragraph 162 of Plaintiff's Complaint.

163.    Merck denies each and every allegation contained in paragraph 163 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

### Response to Merck Hides the ADVANTAGE Study

164.    Merck denies each and every allegation contained in paragraph 164 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

165.    Merck denies each and every allegation contained in paragraph 165 of the Complaint except admits that the ADVANTAGE study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck also admits that Plaintiff purports to quote from an e-mail and respectfully refers the Court to the referenced document for its actual language and full text.

166.    Merck denies each and every allegation contained in paragraph 166.

167.    Merck denies each and every allegation contained in paragraph 167 of the Complaint, except admits that the referenced study and article exist and respectfully refers the Court to the referenced study and article for their actual conclusions and full text.

### Response to Merck Fails to Report Other Study Results that Show Vioxx Increases the Risk of Other Illnesses and Diseases, Including Alzheimer's

168.    Merck denies each and every allegation contained in paragraph 168 of Plaintiff's Complaint except admits that Protocols 078, 091 and 126 exist and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

169.    Merck denies each and every allegation contained in paragraph 169 of Plaintiff's Complaint and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

170.     Merck denies each and every allegation contained in paragraph 170 of Plaintiff's Complaint and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

171.     Merck denies each and every allegation contained in paragraph 171 of Plaintiff's Complaint and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

172.     Merck denies each and every allegation contained in paragraph 172 of Plaintiff's Complaint and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

173.     Merck denies each and every allegation contained in paragraph 173 of Plaintiff's Complaint.

174.     Merck denies each and every allegation contained in paragraph 174 of Plaintiff's Complaint.

**Response to Merck Challenges Scientists Who Discuss Vioxx's Health Risks**

175.     Merck denies each and every allegation contained in paragraph 175 of the Complaint, except admits that the referenced article exist and respectfully refers the Court to the referenced article for its actual conclusions and full text.

176.     Merck denies each and every allegation contained in paragraph 176 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the press release referenced by Plaintiff for the actual language and full text of the press release.

177.     Merck denies each and every allegation in the first three sentences contained in paragraph 177.  The allegation in sentence four of paragraph 177 of the Complaint

is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentence four of paragraph 177.

178.   The allegations set forth in paragraph 178 of the Complaint are not directed at Merck and therefore no response is required. Should a response be deemed required, Merck denies knowledge and information sufficient to form a belief as to the truth or falsity of allegations directed at others and denies each and every allegation directed at Merck in said paragraph.

179.   The allegations set forth in paragraph 179 of the Complaint are not directed at Merck and therefore no response is required. Should a response be deemed required, Merck denies knowledge and information sufficient to form a belief as to the truth or falsity of allegations directed at others and denies each and every allegation directed at Merck in said paragraph.

180.   Merck denies each and every allegation contained in paragraph 180 of the Complaint.

181.   Merck denies each and every allegation contained in the first sentence of paragraph 181 of the Complaint except admits that some presentations by Dr. Singh were cancelled and that Plaintiff purports to quote portions of a letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 181 of the Complaint except admits that Plaintiff purports to quote portions of a letter referenced in said paragraph, but Merck avers that such quotes are taken out of context and respectfully refers the Court to the letter referenced by Plaintiff for the actual language and full context.

1097317v1

182.    Merck denies each and every allegation contained in paragraph 182 of the Complaint except admits that Plaintiff purports to quote portions of a document referenced in said paragraph, but Merck avers that such quotes are taken out of context and respectfully refers the Court to the document  referenced by Plaintiff for the actual language and full context.

183.    Merck denies each and every allegation directed at Merck in paragraph 183 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

184.    Merck denies each and every allegation set forth in paragraph 184 of the Complaint, except admits plaintiff purports to quote from the article referenced in paragraph 184 of the Complaint, and respectfully refers the Court to the referenced article for its actual language and full text.

185.     Merck denies each and every allegation set forth in paragraph 185 of the Complaint, except admits that the article referenced in the first sentence of that paragraph exists, and it respectfully refers the Court to the referenced article for its actual language and full text. Merck further avers that the plaintiffs purport to quote a Merck statement but avers that the quote is taken out of context.  Merck respectfully refers the Court to the statement for its actual language and full text.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

186.    Merck denies each and every allegation contained in paragraph 186 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

187.   Merck denies each and every allegation contained in paragraph 187 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

188.   Merck denies each and every allegation set forth in paragraph 188 of the Complaint.

### Response to Vioxx is Withdrawn from the Merck

189.   Merck denies each and every allegation contained in paragraph 189 except admits that Merck manufactured and marketed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

190.   Merck denies each and every allegation contained in paragraph 190 of the Complaint except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the memorandum referenced by Plaintiff for its actual language and full text.

191.   Merck denies each and every allegation contained in paragraph 191 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck further admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

192.   Merck denies each and every allegation set forth in paragraph 192 of the Complaint, except it admits that the studies referenced in that paragraph exist, and it respectfully refers the Court to those studies for their actual language and full text.  Merck further avers that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

193.   Merck denies each and every allegation contained in paragraph 193.

194.   Merck denies each and every allegation contained in paragraph 194.

1097317v1

195.    Merck denies each and every allegation in the first three sentences set forth in paragraph 195 of the Complaint, except admits the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.  The allegation contained in the fourth sentence in paragraph 195 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in the fourth sentence of said paragraph.

196.    Merck denies each and every allegation set forth in paragraph 196 of the Complaint, except admits the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.

197.    Merck denies each and every allegation contained in paragraph 197 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

198.    Merck denies each and every allegation set forth in paragraph 198 of the Complaint, except admits the referenced articles exist, and respectfully refers the Court to the referenced articles for their actual language and full text.

199.    Merck denies each and every allegation contained in paragraph 199 of the Complaint, except admits that the referenced articles exist and respectfully refers the Court to the referenced articles for their actual conclusions and full text.

200.    Merck denies each and every allegation contained in paragraph 200 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

1097317v1

201.     Merck denies each and every allegation contained in paragraph 201 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

202.     Merck denies each and every allegation contained in paragraph 202 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

203.     Merck denies each and every allegation contained in paragraph 203 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

204.     Merck denies each and every allegation contained in paragraph 204 of the Complaint, except admits that the referenced articles exist and respectfully refers the Court to the referenced articles for their actual conclusions and full text.

205.     Merck denies each and every allegation contained in paragraph 205.

206.     Merck denies each and every allegation contained in the first two sentences paragraph 206 of the Complaint except admits that the APPROVe study and the referenced press release exist and respectfully refers the Court to the referenced study and press release for their actual conclusions and full text.  Merck further admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

207.     The allegation in paragraph 207 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

208.     Merck denies each and every allegation contained in paragraph 208 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

209.     Merck denies each and every allegation contained in paragraph 209 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

210.     Merck denies each and every allegation contained in paragraph 210 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

211.     Merck denies each and every allegation contained in paragraph 211 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

212.     Merck denies each and every allegation contained in paragraph 212 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

213.     The allegations set forth in paragraph 213 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 213 of the Complaint.

214.     Merck denies each and every allegation contained in paragraph 214 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

215.    Merck denies each and every allegation contained in paragraph 215 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

216.    Merck denies each and every allegation contained in paragraph 216 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

217.    Merck denies each and every allegation set forth in paragraph 217 of the Complaint, except admits that it has posted instructions to consumers on its website regarding how to obtain a refund for unused Vioxx and respectfully refers the Court to those instructions for the full text.

**Response to the State of Utah's Damages Caused by Merck's False Claims**

218.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.  Merck further denies each and every allegation contained in paragraph 218.

219.    Merck denies each and every allegation contained in paragraph 219.

220.    Merck denies each and every allegation contained in paragraph 220 except admits that Utah Medicaid was required to pay for approved Vioxx prescriptions prescribed to Utah Medicaid patients by physicians and admits that the Utah Drug Utilization Board put COX-II agents on prior approval effective in the third quarter of 2003 except for individuals over the age of 65.

221.    Merck denies each and every allegation contained in paragraph 221.

222.    Merck denies each and every allegation contained in paragraph 222.

223.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.  Merck further denies each and every allegation contained in paragraph 223.

**Response to First Cause of Action: Violations of the Utah False Claims Act (UCA §26-20-6. Conspiracy to Defraud.)**

224.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

225.    Merck denies each and every allegation contained in the first sentence of paragraph 225.  The allegations in sentences two through four of paragraph 225 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentences two through four of said paragraph.

226.    Merck denies each and every allegation contained in paragraph 226.

227.    The allegations in paragraph 227 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

228.    The allegations in paragraph 228 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

1097317v1

**Response to Second Cause of Action: Violations of the Utah False Claims Act**
**(UCA §26-20-7.  False Claims for Medical Benefits.)**

229.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

230.    Merck denies each and every allegation contained in the first sentence of paragraph 230.  The allegations in sentences two through four of paragraph 230 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in sentences two through four of said paragraph.

231.    The allegations in paragraph 231, including subparts a.-d., of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

**Response to Third Cause of Action: Violations of Utah False Claims Act**
**(UCA §26-20-9.5(2))**

232.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

233.    Merck denies each and every allegation contained in the first two sentences of paragraph 233.  The allegation in sentence three of paragraph 233 of the Complaint is a legal conclusion to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

1097317v1

234.    The allegations in paragraph 234 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

235.    Merck denies each and every allegation contained in the first sentence of paragraph 235.  The allegations in the second sentence of paragraph 235, including subparts a.-d., of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in the second sentence, including subparts a.-d., of said paragraph.

**Fourth Cause of Action: Miscellaneous Violations of the Utah False Claims Act**

236.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

237.    Merck denies each and every allegation contained in the first two sentences of paragraph 237.  The allegations in the third sentence of paragraph 237 of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in the third sentence of said paragraph.

238.    The allegations in paragraph 238, including subparts a.-d., of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

1097317v1

**Fifth Cause of Action: Violations of Utah False Claims Act (Prior Version of Statute)**

239.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

240.     The allegations in paragraph 240, including subparts a.-f., of the Complaint are legal conclusions to which no response is required.   To the extent that any response is required, Merck denies each and every allegation in said paragraph.

**Sixth Cause of Action: Negligence**

241.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

242.     The allegations in paragraph 242 of the Complaint are legal conclusions to which no response is required.   To the extent that any response is required, Merck denies each and every allegation in said paragraph.

243.     Merck denies each and every allegation contained in the first sentence of paragraph 243.  The allegations in the remaining sentences in paragraph 243, including subparts a.-d., of the Complaint are legal conclusions to which no response is required.  To the extent that any response is required, Merck denies each and every allegation in said paragraph.

244.     Merck denies each and every allegation contained in the first sentence of paragraph 244.  The allegations in the remaining sentences in paragraph 244 of the Complaint are legal conclusions to which no response is required.   To the extent that any response is required, Merck denies each and every allegation in said paragraph.

1097317v1

**RESPONSE TO SECTION CONTAINING PRAYER FOR RELIEF**

The last section of the Complaint, wherein Plaintiff lists in 4 numbered paragraphs the relief for which Plaintiff prays is not an allegation of fact and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in that section, including subparagraphs 1 through 4, and denies that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

245. Each and every claim asserted or raised in Plaintiffs Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely, including, but not limited to Utah Code § 78-12-29 (1998) (renumbered as Utah Code § 78B-2-302).

246. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

247. The claims of Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

248. The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

249. Each and every claim asserted or raised in Plaintiff's Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance

250. If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

1097317v1

251.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

252.    The claims of Plaintiff may be barred from recovery in whole or in part by the doctrine of implied preemption because the claims necessarily impinge on the regulatory authority of the FDA by asserting that but-for Merck's fraudulent and/or negligent misrepresentations to the FDA, Vioxx would not have been approved.

253.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

254.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

255.    To the extent that Plaintiff is seeking to recover compensatory or consequential damages for money expended to or on behalf of individuals within the State of Utah, Merck denies that any of those individuals' alleged injuries were due to Vioxx and instead asserts that those individuals' alleged injuries were due to those individuals' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, illnesses, or idiosyncrasies peculiar to those individuals and not found in the general public.

256.     If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

257.     Plaintiff's claims are barred because the injuries allegedly sustained by Plaintiff were not proximately caused by any act or omission of Merck.

258.     Plaintiff's claims under Utah Code Ann. § 25-20-7 fail because Merck did not make or present or cause to be made or presented to an employee or officer of the state a claim for a medical benefit.

259.     Plaintiff's claims under Utah Code Ann. § 25-20-6 fail because the alleged conspiracy between Merck and its employees is barred by the intracorporate conspiracy doctrine.

260.     If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

261.     To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in Plaintiff's Complaint, Merck's liability, if any, should be reduced accordingly.

262.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in Plaintiff's Complaint, such benefits are not recoverable in this action.

263.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

264.     Plaintiff's claims are barred in whole or in part by the First Amendment and/or applicable provisions of the United States Constitution and/or Utah Constitution.

265.     Private counsel's involvement in this matter violates the requirement of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment.

266.     Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

267.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

268.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that they have brought actions and have received judgments or settled claims on parts of some or all claims asserted herein.

269.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

270.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that third parties, including, but not limited to, third party payors or Utah Medicaid recipients, have brought actions and have received judgments or settled claims on parts of some or all claims asserted herein.

271.     Plaintiff's negligence claims are subject to and limited by the doctrine of contributory negligence, as codified in the provisions of Utah Code Ann. §§78-27-38 and 78-27-40 (renumbered as 78B-5-818 and 78B-5-280, respectively).

272.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

- 42 -

1097317v1

273.    The claims of Plaintiff are barred, in whole or in part, by its failure to mitigate damages.

274.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

275.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

276.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

277.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

278.    Plaintiff has not sustained any injury or damages compensable at law.

279.    To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in Plaintiff's Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

280.    To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

281.    Plaintiff's demand for penalties is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

1097317v1

282.    Plaintiff's claims for penalties and consequential damages is barred under the individualized-proof rule, which requires individualized consideration of each violation and prohibits the use of generalized or aggregate proof to establish reliance, loss causation, or injury.

283.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

284.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

285.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

286.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

287.    With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

288.    Plaintiff's tort-based claims are barred by the economic loss doctrine.

289.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

290.    Plaintiff cannot recover in the capacity in which it has sued because it is not the real-party-in-interest with respect to Plaintiff's claims.

291.    Plaintiff's claims are barred because Plaintiff is not authorized by state law to sue to recover the relief outlined in Plaintiff's Complaint.

292.    Plaintiff's claims are barred to the extent that statutes authorizing the remedies Plaintiff seeks were enacted after Merck voluntarily withdrew Vioxx from the market and those statutory provisions do not have retroactive effect.

293.    The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations. The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

294.    Plaintiff's claims are barred by federal Medicaid law which determines both which drugs a state must cover under its Medicaid program and the limited circumstances under which it can decline to pay for such drugs.  *See* 42 U.S.C. § 1396r-8.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and supplement the averments of it answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

- 45 -

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with Prejudice and awarding Merck its reasonable costs and disbursements together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all contested issues of fact.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

- 46 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 22nd day of June, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

1097317v1