UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| *State of Montana ex rel Steve Bullock* | * | JUDGE ELDON E. FALLON |
| | * | |
| *v.* | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| *Merck Sharp & Dohme Corp.* | * | |
| | * | |
| Case No. 06-4302 | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S MERCK SHARP & DOHME CORP. AMENDED ANSWER

Merck Sharpe & Dohme Corp. ("Merck") by its undersigned attorneys, answers this First Amended Complaint ("Complaint") herein as follows:

### I.    RESPONSE TO NATURE OF THE CLAIM

Merck denies each and every allegation contained in the "Nature of the Claim" section of the Complaint except admits that Plaintiff purports to bring a claim for certain damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO DEFENDANT'S CONDUCT

1.    The allegations in paragraph 1 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

2.    Merck denies each and every allegation in paragraph 2 of the Complaint except admits Merck sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®

("Vioxx") and, until voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses. Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycloxygenase 2 (COX 2) and that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

3.      Merck denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Plaintiff purports to quote the referenced document, but avers that the quotations are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

**Response to "Both Before Obtaining FDA Approval and After It Was on the Market, Merck Knew that Vioxx Increased the Risk of Cardiovascular Events, But Consistently Misrepresented to the FDA and the Public What it Knew"**

4.      Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint. The remaining allegations in paragraph 4 of the Complaint are not directed towards Merck and therefore no responsive pleading is required. Should a response be deemed required to sentences 2 through 4, Merck denies each and every allegation in said sentences.

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study.

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language, conclusions, and full text.

1097319v1

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Plaintiff purports to quote the referenced memorandum, but Merck avers that the quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint, except admits that it submitted a New Drug Application ("NDA") for Vioxx to FDA on November 23, 1998 and that the Arthritis Drug Advisory Committee granted expedited review of Merck's NDA for Vioxx.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that it issued a press release on May 21, 1999 and respectfully refers the Court to the referenced press release for the full text of the press release.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that upon approval from the FDA to market and manufacture the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, Merck did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck received a letter dated July 16, 1999 from DDMAC and respectfully refers the Court to the referenced letter for its actual language and text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that Plaintiff purports to quote portions of the referenced email, but Merck avers that said quote is taken out of context.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that it issued a press release on March 27, 2000 and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that it issued a press release on March 27, 2000 and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for the actual language and full text of the statement.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the studies were presented at EULAR and respectfully refers the Court to said studies for their actual conclusions and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for their actual conclusions and full text.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said article for the actual conclusions and full text.

34.     Merck denies each and every allegation set forth in the first sentence of paragraph 34 of the Complaint, except admits the referenced annual report exists and that plaintiffs purport to quote from same, but respectfully refers the Court to the referenced annual report for its actual language and full text.  Merck denies each and every allegation set forth in the second sentence of paragraph 34 of the Complaint, except admits that Merck issued a press

- 6 -

release on January 23, 2001, and respectfully refers the Court to the referenced press release for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint and respectfully refers the Court to the referenced press release for the actual language and full text of the press release.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.

38.     Merck denies each and every allegation in paragraph 38 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data, and admits that Plaintiff purports to quote from a hearing transcript and respectfully refers the Court to the referenced document for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the press releases referenced by Plaintiff for the actual language and full text of the press releases.

40.     Merck denies each and every allegation contained in paragraph 40.

41.     Merck denies each and every allegation contained in paragraph 41 except admits that Merck manufactured and marketed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that the ADVANTAGE study exists and respectfully refers the Court to said study for its actual conclusions and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that the ADVANTAGE study exists and respectfully refers the Court to said study for its actual conclusions and full text.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint except admits that the ADVANTAGE study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck also admits that Plaintiff purports to quote from e-mails and respectfully refers the Court to the referenced documents for their actual language and full text.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint except admits that the ADVANTAGE study exists and respectfully refers the Court to said study for its actual conclusions and full text.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that the Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to said

study for its actual conclusions and full text.  Merck further admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck further admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

**Response to Merck Publicly, and By Direct Communication to Prescribing Doctors, Made False and Misleading Statements about the Safety and Efficacy of Vioxx**

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint except admits that the referenced press release and article exist and respectfully refers the Court to said documents for their actual conclusions and full text.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

1097319v1

53.    Merck denies each and every allegation contained in paragraph 53 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

54.    Merck denies each and every allegation contained in paragraph 54 of the Complaint and respectfully refers the Court to the referenced FDA report for its actual language and full text.

55.    Merck denies each and every allegation contained in paragraph 55 of the Complaint, except admits that the referenced bulletin exists and respectfully refers the Court to said bulletin for its actual language and full text.

56.    Merck denies each and every allegation contained in paragraph 56 of the Complaint, except admits that the referenced bulletin exists and respectfully refers the Court to said bulletin for its actual language and full text.

57.    Merck denies each and every allegation contained in paragraph 57 of the Complaint, except admits that the referenced article and the referenced press release exist and respectfully refers the Court to the referenced article and referenced press release for their actual language and full text.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint, except admits that the referenced bulletin exists and respectfully refers the Court to said bulletin for its actual language and full text.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

1097319v1

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint, except admits that the referenced publication and article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiffs purport to quote a statement issued by Merck but avers that said statement is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint, except admits that a proposed transcript for the referenced voicemail exists and respectfully refers the Court to the proposed transcript for the referenced voicemail for its actual language and full context.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

1097319v1

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and that Plaintiff purports to quote from that letter and respectfully refers the Court to that letter for its actual language and full text.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and that Plaintiff purports to quote from that letter and respectfully refers the Court to that letter for its actual language and full text.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and that Plaintiff purports to quote from that letter and respectfully refers the Court to that letter for its actual language and full text.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Project Offense exists and respectfully refers the Court to the relevant documents for their actual language and full text.

**Response to Merck Resisted Changes Recommended by the FDA to Warn About Heart Attack Risks in Vioxx Labeling**

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint, except admits that the FDA proposed the quoted language in its October 15, 2001 labeling proposal.  Merck respectfully refers the Court to said proposal for its actual language and full text.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation in paragraph 77 of the Complaint, except admits that Plaintiff purports to quote from the referenced document but avers that said statements are taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

**Response to Merck Attempted to Suppress Research Showing That Vioxx Increases the Risk of Heart Attacks**

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint except admits that Plaintiff purports to quote portions of the letter referenced in said paragraph, but Merck avers that said quotations are taken out of context.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

### Response to Merck Deleted Data About Heart Attacks From an Article in The New England Journal of Medicine, Causing the Article to be Incomplete and Deceptive

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for the actual conclusions and full text.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

### Response to Merck Aggressively Marketed Vioxx to the Public and to Doctors Misrepresenting the Safety and Effectiveness of the Drug

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

1097319v1

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint, except admits that it trained its sales employees regarding the prescription drug Vioxx.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint, except admits that it trained its sales employees regarding the prescription drug Vioxx.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint, except admits that the referenced television advertisements exist and respectfully refers the Court to the advertisements for their actual language and full text.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint, except admits that it trained its sales employees regarding the prescription drug Vioxx.

## RESPONSE TO COUNT ONE- UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT CLAIM

93.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.

1097319v1

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

## RESPONSE TO SECTION CONTAINING PRAYER FOR RELIEF

The last section of the Complaint, wherein Plaintiff lists in 6 numbered paragraphs the relief for which Plaintiff prays is not an allegation of fact and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in that section, including subparagraphs 1 through 6, and denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

99.     Each and every claim asserted or raised in Plaintiffs Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

100.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

101.    Plaintiff fails to plead properly and cannot prove the elements of a claim for injunctive relief.

102.    Plaintiff's claim for an injunction is invalid.

103.    The claims of Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

104.    The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

- 16 -

105.    Each and every claim asserted or raised in Plaintiff s Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

106.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

107.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

108.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

109.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

110.    Plaintiff's claims are barred because the injuries allegedly sustained by Plaintiff were not proximately caused by any act or omission of Merck.

111.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

112.    To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in Plaintiff's Complaint, Merck's liability, if any, should be reduced accordingly.

113.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in Plaintiff's Complaint, such benefits are not recoverable in this action.

114.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

115.    Plaintiff's claims are barred in whole or in part by the First Amendment and/or the applicable provisions of the U.S. Constitution and/or Montana Constitution.

116.    Private counsel's involvement in this matter violates the requirement of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment.

117.    Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

118.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that they have brought actions and have received judgments on parts of some or all claims asserted herein.

119.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

120.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

121.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

122.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

123.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

124.    The claims of Plaintiff are barred, in whole or in part, by its failure to mitigate damages.

125.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

126.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

127.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

128.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

129.    Plaintiff has not sustained any injury or damages compensable at law.

1097319v1

130. To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in Plaintiff's Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

131. To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

132. Plaintiff's claim for penalties for an alleged act or omission of Merck is barred because no act or omission was malicious, willful, wanton, reckless, or grossly negligent.

133. Plaintiff's demand for penalties is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

134. To the extent Plaintiff's claim for penalties require proof that Merck fraudulently or negligently misrepresented material facts to the FDA, such claims are barred in whole or in part by the doctrine of implied preemption.

135. Plaintiff's claim for penalties is barred under the individualized-proof rule, which requires individualized consideration of each violation and prohibits the use of generalized or aggregate proof to establish reliance, loss causation, or injury.

136. With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

137.     Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

138.     Plaintiff cannot recover in the capacity in which it has sued because it is not the real-party-in-interest with respect to Plaintiff's claims.

139.     Plaintiff's claims are barred because Plaintiff is not authorized by state law to sue to recover the relief outlined in Plaintiff's Complaint.

140.     Plaintiff's claims are barred to the extent that statutes authorizing the remedies Plaintiff seeks were enacted after Merck voluntarily withdrew Vioxx from the market and those statutory provisions do not have retroactive effect.

141.     Plaintiff's claims related to national advertising prior to April 14, 2003 fail because Montana Code Ann. § 30-14-105(3) expressly prohibited claims related to national advertising prior to April 14, 2003.

142.     Plaintiff's claims for penalties for violations alleged to have occurred prior to April 14, 2003 cannot exceed $1,000 because Montana Code Ann. § 30-14-142(2) expressly limited the civil penalty to $1,000 for state actions brought under Montana Code Ann. § 30-14-111 prior to April 14, 2003.

143.     Plaintiff's claim for attorneys' fees fails because Montana Code Ann. § 30-14-131(2) did not authorize attorneys' fees prior to the 2005 amendment.

144.     The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations. The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and

1097319v1

regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and supplement the averments of it answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with Prejudice and awarding Merck its reasonable costs and disbursements together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury on all contested issues of fact.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

1097319v1

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME
CORP.

1097319v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 22nd day of June, 2012.

_/s/ Dorothy H. Wimberly_     
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

1097319v1