```
 1                IN THE UNITED STATES DISTRICT COURT FOR

 2                   THE EASTERN DISTRICT OF LOUISIANA

 3                             AT NEW ORLEANS

 4

 5

 6

 7

 8   IN RE:  VIOXX PRODUCTS              ) Case No. MDL 1657
     LIABILITY LITIGATION                ) June 14, 2012
 9                                       ) Status Conference
     _____)
10

11

12
                         TRANSCRIPT OF PROCEEDINGS
13
                  BEFORE THE HONORABLE ELDON E. FALLON
14
                       UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20   SUSAN A. ZIELIE, RPR, RMR, FCRR
     Official Court Reporter
21   HB 406
     500 Poydras Street
22   New Orleans, Louisiana 70130
     susan_zielie@laed.uscourts.gov
23   504.589.7781

24

25   Proceedings Recorded by Computer-aided Stenography.
```

```
 1   APPEARANCES:

 2


 3   For the Federal/State            DAWN M. BARRIOS, ESQ.
     Committee:                       Barrios Kingsdorf & Casteix, LLP
 4                                    One Shell Square
                                      701 Poydras Street, Suite 3650
 5                                    New Orleans LA 70139-3650
                                      barrios@bkc-law.com
 6                                    504.524.3300

 7


 8   For the PSC:                     RUSS M. HERMAN, ESQ.
                                      Herman Herman Katz
 9                                      & Cotlar, LLP
                                      820 O'Keefe Avenue
10                                    New Orleans LA 70113
                                      504.581.4892

11

12   Plaintiff Liaison Counsel:       ANN OLDFATHER, ESQ.
                                      Oldfather Law Firm
13                                    1330 South Third Street
                                      Louisville KY 40208
14                                    502.637.7200

15


16   For Merck:                       DOUGLAS MARTIN, ESQ.
                                      Williams & Connolly
17                                    725 12th Street NW
                                      Washington DC 20005
18                                    202.434.5000

19
     Also Present:                    JOHN BEISNER, ESQ.
20

21

22

23

24

25
```

```
 1                NEW ORLEANS, LOUISIANA; THURSDAY, JUNE 14, 2012
 2                                 8:30 A.M.
 3              THE COURT:  Good morning, ladies and gentlemen.
 4              Call the case, please.
 5              THE CLERK:  MDL 1657, in re:  VIOXX Product Liability
 6    Litigation.
 7              THE COURT:  Counsel make their appearance for the
 8    record, please.
 9              MR. HERMAN:  Good morning, Judge Fallon.  Russ Herman
10    for plaintiffs.
11              MR. MARVIN:  Good morning, Your Honor.  Douglas Marten
12    for Merck.
13              THE COURT:  Okay.  We're here today for our bi-monthly
14    status conference in the case.
15              Before we take up the agenda, I mention that my
16    law clerk Joe is leaving me.  He's going to the Fifth Circuit.
17    He's leaving the search for the truth to start on the search for
18    error, and he will be with Judge Jacques Wiener for the next
19    year.
20              His replacement is Kathy Pressley.  Kathy hails
21    from the Boston area, comes to us from Harvard Law School, and
22    she will be here.
23              So I appreciate Joe's help in this matter, we
24    couldn't have done it without him.  He's worked in a yoman
25    fashion, and I know he'll be a successful practitioner wherever
```

```
 1  he decides to light.
 2            Thank you, Joe.
 3            I met with counsel and lead liaison, discussed the
 4  agenda with them.  I'll take it in the order.
 5            Anything on class actions?
 6       MR. HERMAN:  No, Your Honor.
 7       THE COURT:  State federal coordination committees.
 8       MS. BARRIOS:  No, Your Honor.
 9       THE COURT:  We're getting down to the few cases now.
10            Pro se claimants.
11       MR. HERMAN:  I don't believe there's anything new since
12  the last time, Your Honor.
13       MS. WIMBERLY:  Dorothy Wimberly for Merck.
14            I did receive a communication from the curator's
15  office.  They have been contacted by a pro se plaintiff, Morris
16  Robinson, whose claim has been dismissed.  And apparently the
17  order of dismissal wasn't clear that the derivative claim was
18  also dismissed.  But Mr. Robinson has been contacting the
19  curator's office, and we've indicated that we'll look into this
20  and try to get the dismissal cleaned up so that there's no
21  question as to the status of his case.  Which is, that it's
22  gone.
23       THE COURT:  Okay, fine.  Thank you.
24            Government actions.  Is that the AG's?
25       MS. BARRIOS:  Yes, Your Honor.
```

1              Good morning, Your Honor.  Dawn Barrios for
2    liaison counsel for the AG's.
3              As reported in chambers, since your entry of
4    Pretrial Order 39B, we have no open issues with the Court.  The
5    AG's are presently choosing what track of discovery they want to
6    go on, and also amending their complaints per your order within
7    the time that they need to.
8              But, Your Honor, like to take the time to thank
9    Joe myself, because I probably called him more than anybody in
10   the case, and he's always been most professional and most kind.
11   The only thing, my only complaint about Joe, is, I couldn't get
12   him to call me Dawn.  He kept calling me Ms. Barrios.
13             So, Kathy, I hope you won't fall into his
14   footsteps and be more casual with me.
15             Thank you, Your Honor.
16        THE COURT:  Thank you, Dawn.
17             We're at the point now where a number of attorney
18   generals, a number of states -- we started with about 30 states,
19   and a number of them now have resolved their cases, their
20   differences.  We do have several states, four or five, that are
21   going to be pursuing their claims, at least at the present time.
22   And I felt that they could get some benefit from the MDL process
23   to clean up their final stages of the discovery, and then I'll
24   be dealing with their remand motions.
25             Third-party payors, anything on that?

1        MR. HERMAN:  Yes, Your Honor.  The fee committee for
2  third-party payors began meeting in August 2011, and have
3  proceeded on a number of occasions, exceeding six, and numerous
4  telephone discussions.  We have now sent to the Court and filed
5  of record a proposed fee distribution for the third-party payor
6  fund, which is on deposit, which is a fund negotiated with Merck
7  for the payment of fees in those cases.
8        Your Honor, also on the case, *Mary Plubell, et
9  al. vs. Merck*, we received not only a Notice of Appeal but other
10 pleadings in connection with that appeal, and it's pending in
11 the Fifth Circuit.
12       THE COURT:  All right.  With regard to the third-party
13 payors' fee aspect of it, as you all know from the last time, my
14 procedure is that I create a committee called the Fee Allocation
15 Committee from the people who have the most experience with a
16 particular issue.  I ask them to take information, to get
17 information, take any affidavits, any other testimony, whatever
18 it is from the people who are applying for fees.  Those who are
19 applying of fees, I ask them to submit any documentation that
20 would justify their participation and the amount that they're
21 requesting.
22       Then I get from the Fee Allocation Committee a
23 detailed recommendation.  It's just a recommendation to me.  I
24 then give people an opportunity to make objections to that
25 recommendation.  If there are a number of people, a number of

1   objections, then I have to put some structure in the process and
2   appoint a liaison and lead counsel for the objectors so that I
3   don't have to meet with 13, 14, 15, 18 objectors at one time.
4               But, once that's done, then I appoint an outside,
5   a third party, to look the matter over to give me some other
6   recommendations.  That person takes depositions, that person
7   takes testimony, affidavits, gets information, documentation,
8   has before them the Fee Allocation Committee's recommendation,
9   and then they come out with a recommendation of the distribution
10  and gives it to me.
11              At that point, I post that, as well as any further
12  objectors.
13              Then I take a look at all the material that I have
14  before me, and I write an opinion making the allocation as the
15  Court sees it.  I'll be doing that in the same fashion with this
16  one.
17              Any pending personal injury claims?
18         MR. HERMAN:  May it please the Court, before we get to
19  that issue, I'm not sure where this would fit.  We didn't get it
20  in time to add it to the status conference report.
21              Peter St. Philip, Junior, on behalf of the Lowey
22  firm in Afnee vs. BrownGreer, PLC, et al., has requested a
23  telephone conference or status conference.  It's been responded
24  to by Sol Wise of the Anapaul firm, who would also like the
25  benefit of a telephone conference, status conference.

1  THE COURT: I'll do that. I'll set a status conference
2  with them on the phone and I'll talk through what their issues
3  are.
4  MR. HERMAN: Thank you, Your Honor.
5  THE COURT: Thank you.
6  Any pending personal injuries, PTO 28, 29, 43?
7  MS. OLDFATHER: Good morning, Your Honor. Ann
8  Oldfather, liaison and lead counsel for certain of these cases.
9  First of all, I want to apologize for our plane
10  problems last status conference, and I appreciate the Court's
11  accommodation of the travel problems. First time in two or
12  three years, so I thought that was a plus.
13  Secondly, I'd like to just take a moment to say
14  that I'm going to miss Joe, too. I won't say I competed with
15  Dawn in terms of numbers of calls, but I was talking to a
16  federal law clerk last week who told me that his judge did not
17  allow the attorneys to call the law clerk, and I gast. The
18  notion to not call Joe is scary.
19  Now, Kathy, you've got shoes to fill.
20  I'd like to report on the personal injury case for
21  the benefit of those on the phone, and as I hope they all know
22  from updated reports that we've disseminated the Court entered
23  PTO 58 setting deadlines for these cases when certain expert
24  reports were due, when certain fact discovery needed to be
25  completed and the like. And that's all available of course on

1   the Court's website.
2              We have also prepared and brought today and have
3   available for anyone who emails and requests it a VIOXX case
4   census which lists the remaining personal injury cases.  The
5   count still remains somewhat flexible, but it is about 69.
6              There are in the heart attack and stroke
7   categories a combined total of 27 cases.  That's Group C on PTO
8   58.
9              There are 29 cases in the VTE, the venous
10  thromboembolism group, and that's Group A on PTO 58.
11             And then, in the other injury group, which is
12  Exhibit B on PTO 58, there are 13 cases.
13             So that would available.  And I also have a list
14  of the VIOXX deadlines established under PTO 58.  If any of the
15  or pro se plaintiffs or counsel would like to see a list, I'd be
16  happy to email that around.
17             Would Your Honor like me to go through these
18  issues on Section 6?
19        THE COURT:  Sure.
20        MR. HERMAN:  The first issue under Section 6 deals with
21  a pending motion that's been partially addressed by the Court's
22  order of April 25, 2012, record docket 63585, and it deals with
23  the question of cost assessments and common benefit fees on the
24  remaining cases.
25             We had an informal conversation before the status

1  conference, myself and the original PSC, and I believe we have
2  an understanding of the some types of information that will be
3  exchanged.
4        THE COURT:  Yeah.  I think that counsel's entitled to
5  get the full information as to what has been held, where it is,
6  any methods that can be suggested by the PSC as to procedures
7  for collecting the same kind of expenses that they were
8  successful in collecting and so forth.  Whatever information
9  they have in that regard will be helpful.
10       MS. OLDFATHER:  Thank you, Your Honor.
11       And then we also had asked the Court to informally
12 help us with a discovery dispute regarding the expert
13 depositions disclosed by Merck on the VTE cases.
14       With the Court's guidance, it's my understanding
15 that the discovery deposition of identified experts, both from
16 the plaintiffs and of Merck on the VTE issue will now commence
17 after Merck's supplemental reports are filed on August 31st.
18       THE COURT:  Yeah, this is my thinking on it.  Usually,
19 with the typical case, the plaintiff's responsibility to produce
20 their experts first and expert reports, and then the defendants,
21 their expert reports, and then oftentimes the plaintiff has a
22 supplemental report.  All of that paperwork is done, and then
23 the depositions start.  Otherwise, you wind up having to have
24 three or four depositions of the witnesses because the facts
25 change or the concepts change.  And we just don't have time in

1   this VIOXX case to proceed in that fashion.
2           MS. OLDFATHER:  The remaining matters under Section 6,
3   Your Honor, are really more just reporting that Merck has filed
4   two motions for summary judgment -- well, actually, this needs
5   to be updated, because I believe the Court has ruled on the
6   Joanne Roach motion for summary judgment and granted that.
7   There is a motion for summary judgment on Stanley Long which is
8   still pending.  Merck has also filed motions for summary
9   judgment on the Elena Strujan claim, on the Mary Ann Nolan claim
10  and on the Lynn Hudnut and Janice Baum claims.  So anyone
11  monitoring the status conference who is interested in those
12  claims needs to be aware of those filings and of the appropriate
13  deadlines for response.
14          THE COURT:  All right.  Thank you very much.
15              Any other pending motions on the matters?
16  Dorothy?
17          MS. WIMBERLY:  Your Honor, the only other pending
18  motions are listed in Section 7, and one was the remaining
19  straggler plaintiff Louise Young.  The estate matters that were
20  holding up payment of that claim were resolved.  The plaintiff
21  has been paid, and the motion is now moot.  We can either submit
22  an order if the Court wants to include it in its --
23          THE COURT:  Yeah, I'll do it ex-parte, and we'll
24  dismiss it.
25          MS. WIMBERLY:  And then the only other matter was the

1  motion to strike class allegations in the Gene Weeks' case,
2  which the Court entered its order and reasons last week
3  granting.
4          THE COURT:  All right.
5          MS. OLDFATHER:  Thank you, Your Honor.  Ann Oldfather
6  again.
7          Also, in the other pending motion/matters
8  category, on September 15, 2001, I filed a motion and a
9  supporting memorandum asking that the Court require that liaison
10 counsel Michael Stratton request court approval of the monies
11 that he unilaterally elected to withhold from monies that passed
12 through his hands from the PSC to various attorneys who had
13 objected to the original application for common benefit fee.
14 Working through the math, I have computed that Mr. Stratton must
15 have given himself an assessment of nine percent.
16         We and other attorneys that I'm aware of assumed
17 and believed and were expressly told, depending on who you
18 asked, that the Court would set Mr. Stratton's fee, not by the
19 Court, by Mr. Stratton.  And we are now asking that Mr. Stratton
20 be required to seek that court approval.
21         And we would also ask that, if the Court is
22 inclined to order Mr. Stratton to submit a motion for approval
23 of his fee, that he also be required to provide a complete
24 accounting of the funds that passed through his hands.
25         And I believe that Ms. Snapka has come today,

1  given that, on June 6th, that the Court entered an order record
2  document 63900 by which this Court added this item to the status
3  conference, and I believe Ms. Snapka has an interest, too.
4        THE COURT:  Sure.
5        Before I deal with that, what I'm going to do is
6  I'll set up a status conference with Mr. Stratton and Ms.
7  Oldfather, and I'll see what the situation is.  And then I'll
8  put it on the docket, and we'll deal with it that way.
9        MS. OLDFATHER:  Mr. Herman told me that I said I filed
10 my motion in 2001, which would have been very pressing on my
11 part.
12       Thank you, Mr. Herman.
13       It was 2011.
14       THE COURT:  Okay.  Thank you.
15       Let's deal with the motion.  I set that on this
16 status conference because I recognized that that had not been
17 done from the standpoint of distributing the funds.  And, I did
18 it I think with Mr. Becnel, I cut his funds lose, and I'll be
19 doing the same.
20       MS. OLDFATHER:  That actually has been done, Your
21 Honor.
22       THE COURT:  Yes, all right.
23       Any other issues?
24       There's been an appeal on the injunction.  John,
25 do you want to respond to that?

```
 1         MR. BEISNER:  Yes, with respect to the Plubell case,
 2   Your Honor.
 3         THE COURT:  Yes.
 4         MR. BEISNER:  Yes, there has been an appeal filed.  The
 5   Fifth Circuit has granted a motion for expedited treatment of
 6   that appeal, although a schedule has not been set up.
 7         THE COURT:  All right.  The next meeting will be on
 8   August the 16th, and the following one will be on October the
 9   11th.
10         Anything else from anyone?  Thank you very much.
11   The court stands in recess.
12              (9:03 a.m., proceedings concluded.)
13
14
15                            CERTIFICATE
16
17
          I, Susan A. Zielie, Official Court Reporter, do hereby
18   certify that the foregoing transcript is correct.
19
20
                                /S/ SUSAN A. ZIELIE, FCRR
21                              _____
                                   Susan A. Zielie, FCRR
22
23
24
25
```