UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Elena Strujan v. Merck Sharpe & Dohme Corp.*, 2:07-cv-00906-EEF-DEK | * | |
| | * | |
| | * | |

**************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Merck Sharp & Dohme Corp. ("Merck") has filed a Motion for Summary judgment in this case, seeking dismissal of Plaintiff Elena Strujan's complaint under the well-established doctrine of judicial estoppel because Ms. Strujan did not list her claims against Merck as an asset in her 2005 bankruptcy proceedings as required. *See* R. Doc. 63872.  In response to Merck's motion, Ms. Strujan has filed a lengthy opposition, which in large part rehashes the allegations contained within her complaint and digresses into factual matters apparently relating to her various other lawsuits, not her lawsuit against Merck.  *See* Pl.'s Opp'n, R. Doc. 63948.[1]  Most significantly, however, Ms. Strujan's opposition acknowledges that she filed for bankruptcy in 2005, and she does not dispute that at the time of that filing she "had enough information . . . to suggest that [she] may have a possible cause of action" against Merck and that those potential  claims were not disclosed in that proceeding. *In re Coastal Plains, Inc.*,

---

[1] Though this submission is styled as a "cross motion" for summary judgment, it appears instead to be a point-by-point response to the arguments raised in Merck's motion for summary judgment rather than a request for relief under Federal Rule of Civil Procedure 56.

1

1097617v1

179 F.3d 197, 2083 (5th Cir. 1999); s*ee also* Pl.'s Opp'n at 11-12.  Accordingly, as set forth in detail in Merck's Motion for Summary Judgment, the doctrine of judicial estoppel bars Ms. Strujan from asserting her claims against Merck, for "having obtained judicial relief on the representation that no claims existed, [she] cannot now resurrect them and obtain relief on the opposite basis." *Coastal Plains,* 179 F.3d at 208.

In reply to Ms. Strujan's opposition, and in support of its Motion for Summary Judgment, Merck further states as follows:

1.	In her opposition, Ms. Strujan implies that she relied on the advice of her bankruptcy attorney in filing her 2005 bankruptcy petition, and that she did not know what her attorney disclosed or did not disclose therein (though she does not state that she ever informed her attorney of her potential claims against Merck at the time).  *See* Pl.'s Opp'n at 11-12.  Beyond the fact that Ms. Strujan was required to sign her bankruptcy petition in her personal capacity, attesting that the information contained in the petition was true and correct, *see* Ex. 8 to Def.'s Stmt. Of Material Facts (Strujan Voluntary Petition for Bankruptcy) at 2, this argument is without merit.  Reliance on an attorney does not relieve a bankruptcy debtor "of her affirmative duty to disclose nor of the diligence required to ensure . . . that her sworn statements remain true."  *In re Walker*, 323 B.R. 188, 196 (S.D. Tex. 2005) (citing *In re Sholdra*, 249 F.3d 380, 383 (5th Cir. 2001) (holding that a debtor's purported inexperience with financial affairs did not negate the fact that he made false oaths by knowingly swearing to false information, and the debtor's reliance on the advice of counsel did not relieve the debtor of his duties)); *see also Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) (holding that even where it was undisputed that debtor's attorney failed to list a claim on the schedule of assets after debtor *specifically told him* about the claim, that nondisclosure could not be considered inadvertent).

Parties cannot avoid the omissions of their freely chosen attorneys. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant.").

2.      Ms. Strujan also suggests that this Court should allow her claims against Merck to proceed because she may be able to reopen her bankruptcy case to include those claims in her bankruptcy estate. It does not appear that Ms. Strujan has actually made any efforts to convince the bankruptcy court to reopen her case to include her Vioxx claims,[2] but regardless of whether that court would reopen a seven-year-old matter under these circumstances, reopening her bankruptcy case cannot save Ms. Strujan's claims against Merck. Allowing Ms. Strujan to "back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, [would] suggest[] that a debtor should consider disclosing personal assets only if [s]he is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). This approach was considered and firmly rejected by the Fifth Circuit in *Superior Crewboats*. *See In re Superior Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004) (holding that the debtors could not "be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition," for "[j]udicial estoppel was designed to prevent such abuses"); *Loyd v. Harrah's Shreveport/Bossier City Holding Co.*, No. Civ.A.03-

---

[2]     Ms. Strujan states that she has contacted her original bankruptcy attorney to "fix the problem" (and that he has not responded to her). Pl.'s Opp'n at 16. But the exhibits attached to her opposition make clear that she contacted that attorney regarding her claims against her former landlord about her ankle injury, not her claims against Merck relating to Vioxx. *See* Ex. 1 to Pl.'s Opp'n at 3.

1097617v1

0757-S, 2005 WL 3113028 at *2 (W.D. La. Nov. 21, 2005) ("The Fifth Circuit case law is clear. The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The judicial system should not be abused in this manner." (citing *Superior Crewboats*, 374 F.3d at 334)); *see also Barger*, 348 F.3d at 1297 (rejecting plaintiff's attempt to reopen her bankruptcy estate to include and thereby rehabilitate her dismissed discrimination claims).[3]

3. Ms. Strujan cites two cases in her opposition, but neither lends any support to her position. The first, *In re Doan*, relates to bankruptcy debtors' inadvertent omission of an expected tax refund from the proper schedules to their bankruptcy petition. Although the refund was not identified on the proper schedule of assets nor identified on the list of assets exempt from liquidation, the debtors repeatedly disclosed the existence of the anticipated refund to the bankruptcy trustee, their creditors, and the Court. The existence and identity of the asset were known to all relevant parties. Under those circumstances, the Court determined that it would be proper to reopen the Doans' bankruptcy estate. 672 F.2d 831, 832-33 (11th Cir. 1982). *Doan* is therefore irrelevant to the question presented here of whether the equitable doctrine of judicial estoppels bars Ms. Strujan's undisclosed legal claims against Merck.

4. Ms. Strujan also cites *Barger v. City of Cartersville*, 348 F.3d at 1295. While that case directly addresses the equitable question presented here, its holding *directly supports*

---

[3] Furthermore, even if Ms. Strujan's claims were not barred by judicial estoppel and could be included in her bankruptcy estate at this late date, those claims would be assets *of the bankruptcy estate*, to be pursued by the bankruptcy trustee with any proceeds to be distributed amongst her creditors. Having filed for bankruptcy after her claims against Merck arose, Ms. Strujan no longer would have standing to pursue these claims on her own behalf. *See Barger*, 348 F.3d at 1292 (holding that plaintiff's discrimination claims that arose prior to her bankruptcy petition "are the property of the bankruptcy estate," and therefore that the bankruptcy trustee "is the real party in interest [with] exclusive standing to assert" them) (citing 11 U.S.C. § 541(a) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy)).

*Merck's position* that Ms. Strujan's claims must be dismissed.  In *Barger*, the Eleventh Circuit applied judicial estoppel based upon the failure of the plaintiff to disclose in bankruptcy proceedings an employment discrimination claim, even though the plaintiff had told her bankruptcy attorney about the claim and he had failed to list it on the schedule of assets.[4] 348 F.3d at 1295; *see also Superior Crewboats*, 374 F.3d at 335 n.4 (citing *Barger* in support of its holding that debtors were judicially estopped from pursuing the claims they had failed to disclose in bankruptcy).  The *Barger* Court also rejected that plaintiff's attempt to revive her claim by reopening the bankruptcy estate to include it.  *Id.* at 1297 (noting that "[s]he only sought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds," and "[a]s such, [her] disclosure upon re-opening the bankruptcy estate deserves no favor").  Therefore, *Barger*, like the Fifth Circuit precedent cited by Merck herein and in its Motion for Summary Judgment, dictates that judicial estoppel bars Ms. Strujan's claims against Merck.

## CONCLUSION

For the foregoing reasons and the reason contained within Merck's Motion for Summary Judgment, the doctrine of judicial estoppel bars Ms. Strujan from asserting her claims against Merck because she did not disclose them as an asset in her 2005 bankruptcy proceeding.  Accordingly, Merck respectfully requests that the Court grant Merck's Motion for Summary Judgment and dismiss Plaintiff Strujan's complaint with prejudice.

Dated:  June 27, 2012

---

[4]  Indeed, Ms. Barger had even informed the bankruptcy trustee about her discrimination suit during her creditors' meeting, though she had simultaneously misrepresented to the trustee that the claim had no monetary value.  *See Barger*, 348 F.3d at 1296.

5

Respectfully submitted,

 */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1097617v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply in Support of Merck's Motion for Summary Judgment has been served on Plaintiff Elena Strujan by U.S. Mail, express service, at:

    P.O. Box 20632
    New York, NY 10021

I also hereby certify that the above and foregoing Reply in Support of Merck's Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of June, 2012.

    /s/ Dorothy H. Wimberly
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax: 504-581-3361
    dwimberly@stonepigman.com
    Defendants' Liaison Counsel