*Confidential Settlement Info*

31078207

May 12 2010
3:38PM

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES Date of Summary: 5/4/10 | | |
|---|---|---|---|
| **CLAIMANT NAME** | **Sandra Elliott** | **VCN** | **1088614** |
| **PRIMARY COUNSEL** | **Law Office of Steven A. Fabbro** | | |
| **PRIMARY INJURY** | **MI** | **CLAIM STATUS** | **Closed: Claim Extinguished – Accepted FES** |

| | Date | Event/Notice |
|---|---|---|
| 1. | 4/3/08 | Stipulation of Dismissal received. |
| 2. | 4/11/08 | Release received. |
| 3. | 6/28/08 | Claims Form received. |
| 4. | 7/1/08 | Claims Form plus Pharmacy Records, Medical Records, and Event Records ("PME Records") received, and the claim joined the queue for a Gates Review. |
| 5. | 7/13/08 | Release became NCD (no current deficiencies). |
| 6. | 10/29/08 | Supplemental Stipulation received. |
| 7. | 11/12/08 | Supplemental Stipulation became NCD (no current deficiencies). |
| 8. | 4/3/09 | Pharmacy Records received. |
| 9. | 4/29/09 | *Claims Administrator Notice of Ineligibility* posted to Primary Counsel's Vioxx Portal with email sent to Primary Counsel alerting them to the posting. The Notice reported that the claimed MI did not meet the Eligibility Requirements for the Settlement Program because the Primary Injury did not pass the Injury Gate. The Notice gave the Claimant 21 calendar days to send the claim to the Gate Committee or submit additional documentation and request a Secondary Review from the Claims Administrator. The Notice also explained that if the claim failed the Secondary Review, or if 21 days passed without a response from the Claimant, the claim would go to the Gate Committee. <br><br> Counsel viewed the *Claims Administrator Notice of Ineligibility* on 4/30/09. |
| 10. | 5/22/09 | Claim sent to Gate Committee because Primary Counsel did not respond to the *Claims Administrator Notice of Ineligibility* within 21 days. |

M013B29843

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 5/4/10 | | |
|---|---|---|---|
| **CLAIMANT NAME** | **Sandra Elliott** | **VCN** | **1088614** |
| **PRIMARY COUNSEL** | **Law Office of Steven A. Fabbro** | | |
| **PRIMARY INJURY** | **MI** | **CLAIM STATUS** | **Closed: Claim Extinguished – Accepted FES** |

| | Date | Event/Notice |
|---|---|---|
| **11.** | 7/6/09 | *Gate Committee Notice of Ineligibility* posted to Primary Counsel's Vioxx Portal with email sent to Primary Counsel alerting them to the posting. The Notice reported that the Gate Committee determined the claimed MI did not meet the Eligibility Requirements for the Program because the Primary Injury did not pass the Injury Gate. The Notice allowed 15 calendar days to elect to Appeal the Gate Committee's finding to the Special Master, or 30 calendar days to submit a Future Evidence Stipulation ("FES"). |
| **12.** | 7/13/09 | Primary Counsel logged on to its secure Vioxx Portal and viewed the *Gate Committee Notice of Ineligibility*, issued on 7/6/09, for the first time. |
| **13.** | 8/5/09 | Primary Counsel certified the contents of the Claimant's Claims Package and created an FES. |
| **14.** | 8/7/09 | FES (postmarked 8/5/09) received. |
| **15.** | 8/20/09 | *Notice of Rejection of Future Evidence Stipulation* posted to Primary Counsel's Vioxx Portal with email sent to Counsel alerting Counsel to the posting. The email explained that a new Notice had been posted on Counsel's Vioxx Portal and how to view the newly-posted Notice. The Notice explained that Merck's Counsel identified an issue with the FES in that the notary section (Section E) of the FES was left completely blank, causing Merck to assign the FES an FES-13 deficiency. The Notice further explained that Primary Counsel had 20 calendar days to cure this deficiency by submitting a replacement FES and that only one such opportunity would be provided. |
| **16.** | 8/21/09 | Primary Counsel accessed its secure Vioxx Portal and viewed the *Notice of Rejection of Future Evidence Stipulation*. |
| **17.** | 8/24/09 | Supplemental FES (postmarked 8/22/09) received. |
| **18.** | 10/9/09 | Claimant identified on Merck's Third Motion to Dismiss for Failure to Comply with Pretrial Order ("PTO") 43. |
| **19.** | 10/30/09 | Order entered dismissing with prejudice Claimant's lawsuit for failure to comply with PTO 43. |

M013B29844

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 5/4/10 | | |
|---|---|---|---|
| **CLAIMANT NAME** | Sandra Elliott | **VCN** | 1088614 |
| **PRIMARY COUNSEL** | Law Office of Steven A. Fabbro | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | Closed: Claim Extinguished – Accepted FES |

| | Date | Event/Notice |
|---|---|---|
| **20.** | 11/11/09 | *Notice of Acceptance of Future Evidence Stipulation* posted to Primary Counsel's Vioxx Portal with email sent to Counsel alerting Counsel to the posting.  The email explained that a new Notice had been posted on Counsel's Vioxx Portal and how to view the newly-posted Notice.  The Notice explained that Merck's Counsel is filing motions to dismiss with prejudice Claimants with lawsuits who have failed to comply with PTO 43.  The Notice further explained that if the Claimant's lawsuit is dismissed with prejudice, neither this Notice nor the acceptance by Merck's Counsel of the Claimant's FES modifies or impairs the *res judicata* effect of such dismissal or otherwise alters the finality of such dismissal in any manner.<br><br>Counsel never viewed this Notice. |
| **21.** | 11/12/09 | Claim was Closed because of the Accepted FES. |
| **22.** | 4/22/10 | Motion to Set Aside Order of Dismissal filed by Ann Oldfather. |

M013B29845

*Confidential Information*

| | **CLAIMS ADMINISTRATOR NOTICE OF INELIGIBILTY** |
|---|---|
| **V3034** | **Date of Notice: 4/29/09** |
| | ~~Deadline to Respond: 5/20/09~~ |

## I.  CLAIMANT INFORMATION

| Claimant Name | Elliott, Sandra K. | | VCN | 1088614 |
|---|---|---|---|---|
| **Law Firm** | Fabbro, Steven A., Law Office of | | | |
| **Primary Injury:** | MI | **Date of Event:**     5/12/03 | | |

## II.  CLAIMS ADMINISTRATOR DETERMINATION

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has determined that this claim does not meet the Eligibility Requirements for the Settlement Program because it does not pass the following Gate(s):

| 1. | **Injury** | X |
|---|---|---|
| 2. | **Duration** | ☐ |
| 3. | **Proximity** | ☐ |

## III.  STATUS OF REQUIRED PME RECORDS

Section 1.3.1 and, by reference, Exhibit 1.3.1 require PME records, which, for eligibility determinations include a completed Claims Form, Event Records and Proof of Vioxx Use. If any of the boxes in this section is checked, it is because the Claims Administrator has determined that your Claims Package did not include those required records. Without a completed Claims Form and both Event Records and Proof of Use, a claim may not pass the Eligibility Requirements.

| 4. | **No Event Records Submitted for Claimed Injury** | ☐ |
|---|---|---|
| 5. | **No Proof of Use Submitted** | ☐ |
| 6. | **No Asserted Injury Date on Claims Form** | ☐ |

## IV.  RIGHT TO SUBMIT ADDITIONAL INFORMATION

After you close out of this Notice, you will have the ability to choose one of the following options within **21 calendar days:** 1) I have not provided any additional information and do not intend on providing any additional information to the Claims Administrator. Send this Claim to the Gate Committee; or 2) I have completed gathering all additional information about my claim, and I am submitting the following new records and information to the Claims Administrator for a Secondary Review. If you choose option 2, do not send information you previously submitted, and you must use the "Upload" feature that becomes enabled when you select this option. During Secondary Review, we will review any newly submitted information to determine if it renders the claim eligible. If the claim passes pursuant to our Secondary Review, we will send you a *Claims Administrator Notice of Eligibility after Receipt of Additional Claims Material*. If the claim does not pass pursuant to our Secondary Review, or if 21 days pass from the date of this Notice and you have not selected option 1 or 2, we will send the claim and all information you have submitted to the Gate Committee, pursuant to Section 2.5 of the Settlement Agreement. **There will be no extensions granted to this 21-day deadline, and we will not unlock the claims portal for you to change your response or to submit additional documents.** Any new document submitted after the expiration of the 21-day period will not be included in your Claims Package for consideration by the Claims Administrator, the Gate Committee, Merck or the Special Master. Nor will it be available to you as part of your Claims Package if you later submit a Future Evidence Stipulation. Finally, we may discover during Secondary Review that a Gate we passed during our first review should be a failing Gate. If that occurs, we will issue a *Claims Administrator Notice of Ineligibility after Receipt of Additional Claims Material.*

M013B29846

**V. GATE COMMITTEE REVIEW**

The Gate Committee is comprised of three representatives appointed by Merck and three representatives appointed by the Negotiating Plaintiffs' Counsel. If your claim goes to the Gate Committee, it will review your submitted Claims Package and determine if you should be deemed a Qualifying Program Claimant who is eligible to receive benefits in the Settlement Program. If a majority of the Gate Committee decides that your claim is eligible, the Claims Administrator will notify you of that result and will then review the claim for Points Assessment. If the Gate Committee decides that your claim is not eligible, the Claims Administrator will send you a *Gate Committee Notice of Ineligibility*, which will outline the options available to you under the Settlement Agreement.

M013B29847

*Confidential Settlement Information*

| | |
|---|---|
| **V2065** | **GATE COMMITTEE NOTICE OF INELIGIBILITY**<br>**(Single Injury)**<br>**Date of Notice: 7/6/09**<br>Deadline to Appeal to Special Master: 7/21/09<br>Deadline to Submit FES: 8/5/09 |

### I. CLAIMANT INFORMATION

| Claimant Name | Elliott, Sandra K. | | VCN | 1088614 |
|---|---|---|---|---|
| Law Firm | Fabbro, Steven A., Law Office of | | | |
| Primary Injury | MI | Injury Date | | 5/12/03 |

### II. GATE COMMITTEE DETERMINATION

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Gate Committee has determined this claim does not meet the Eligibility Requirements for the Program because it does not pass the following Gate(s):

| | Gate | Primary Injury |
|---|---|---|
| 1. | Injury | X |
| 2. | Duration | ☐ |
| 3. | Proximity | ☐ |

### III. CLAIMANT'S RESPONSE TO THE NOTICE

After you close out of this Notice, you will have the ability to choose one of the following two options:

1) **Appeal to the Special Master.** You must select this option on or before the Deadline to Appeal to Special Master shown above. The Special Master's decision will be final and binding and, if the Special Master finds the claim Ineligible, the Claims Administrator will deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck. You will not be able to submit materials to the Special Master on appeal that you have not previously submitted to the Claims Administrator.

2) **Submit a Future Evidence Stipulation.** You must submit the Future Evidence Stipulation on or before the Deadline to Submit FES shown above. Upon proper completion and delivery of the Future Evidence Stipulation, the Claimant's Dismissal with Prejudice Stipulation and Release shall, subject to Section 2.7.3.1, be returned to the Claimant.

After you have chosen one of these options, you may not change your response.

*If you neither Appeal nor submit a Future Evidence Stipulation on or before the respective deadlines shown above, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck (and, without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.)*

M013B29848

| IV. APPEAL TO THE SPECIAL MASTER |
|---|
| If you decide to appeal to the Special Master, pursuant to 2.6.3 of the Settlement Agreement, the Special Master will determine de novo whether the claim meets the Eligibility Requirements, based solely on (i) the Claims Package submitted for the claim, and (ii) in the Special Master's discretion, any records or other documentation in the Litigation Medical Records Depository available to the Special Master pursuant to Section 1.3.4 that the Special Master deems relevant. The Special Master's decision on this matter shall be binding, final and Non-Appealable. The Special Master shall notify the Claims Administrator of its decision, and the Claims Administrator shall promptly notify the Gate Committee and the Enrolled Program Claimant of the Special Master's decision. |

| V.  FUTURE EVIDENCE STIPULATION |
|---|
| If you decide to submit a Future Evidence Stipulation pursuant to 2.7.3 of the Settlement Agreement, you must first certify the Claims Package available to you on the portal. You may then view, download, and print the Future Evidence Stipulation. The Future Evidence Stipulation must be signed by the Claimant, notarized, and delivered to the Claims Administrator on or before the Deadline to Submit FES shown above. If the Stipulation is timely submitted and is properly completed, the Claimant's Release and Dismissal with Prejudice Stipulation shall, subject to Section 2.7.3.1, be returned to the Claimant. If the Claimant fails to properly execute and deliver the Stipulation on or before the FES submission deadline, then promptly thereafter, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck, and without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.<br><br>**Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert.  Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.** |

M013B29849

*Confidential Settlement Information*

| V2075 | NOTICE OF REJECTION OF FUTURE EVIDENCE STIPULATION<br>Date of Notice: 8/20/09<br>Deadline to Submit FES: 9/9/09 |
|---|---|

### A. CLAIMANT INFORMATION

| Name | First<br>Sandra | MI<br>K. | Last<br>Elliott |
|---|---|---|---|
| **VCN** | 1088614 | **SSN** | 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 |
| **Law Firm** | Fabbro, Steven A., Law Office of | | |

### B. EXPLANATION

During their review of the Future Evidence Stipulation ("FES") you submitted for this Claimant, Merck's counsel identified the following issue(s):

| Incomplete Item | | Cure Action |
|---|---|---|
| FES-13 | On the FES you submitted, the Notary section (Section E) was left completely blank, with no Notary signature or other information completed in Section E. | You must download and print a replacement FES, have the Claimant or Representative Claimant sign it, have it notarized with the Notary Section (Section E) filled out completely, and return that original signed hard copy (with original signatures in ink) to the Claims Administrator, postmarked or placed with a carrier within 20 days after the date of this notice. |

### C. REQUIRED ACTION

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. You must take the Cure Action identified in Section B above no later than the Deadline to Cure FES shown at the top. If you do not successfully do so by then, we will be required to close this Claimant's file and deliver to Merck under Section 2.7.3.2 of the Settlement Agreement the original Release and Stipulation of Dismissal with Prejudice submitted during the Enrollment stage for this Claimant. This deadline is final and cannot be extended. Thus it is extremely important that you cure this FES correctly and that you do so by the Deadline to Cure FES date shown at the top. We also have been instructed that Claimants may have only one opportunity to cure these issues and submit a complete, signed FES, or the FES will be rejected finally and the Claimant's Release and Stipulation will be delivered to Merck.

Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert. Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.

The Deadline to Cure FES shown at the top and the deadline to file a Plaintiff Profile Form and expert report pursuant to Pretrial Order 43 are separate and distinct deadlines. The Deadline to Cure FES does not in any way extend the time to file a Plaintiff Profile Form and expert report pursuant to Pretrial Order 43.

**VIOXX CLAIMS ADMINISTRATOR**
BrownGreer PLC

M013B29850

| V2076 | NOTICE OF ACCEPTANCE OF FUTURE EVIDENCE STIPULATION<br>Date of Notice: 11/11/09 |
|---|---|

## A. CLAIMANT INFORMATION

| Name | First<br>Sandra | | MI<br>K. | | Last<br>Elliott |
|---|---|---|---|---|---|
| VCN | 1088614 | | SSN | | 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 |
| Primary Counsel | Fabbro, Steven A., Law Office of | | | | |

## B. NOTICE

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. Merck's counsel has accepted as complete the Future Evidence Stipulation submitted for the Claimant identified in this Notice. That Future Evidence Stipulation is now final and binding on the Claimant.

**WARNING:** Pursuant to Section 7.2 of the Settlement Agreement, any Claimant who does not have a pending lawsuit against Merck but who wishes to pursue litigation relating to Vioxx use and remains eligible to file suit must file a complaint against Merck within 60 days after the date of this Notice.

**The Claims Package Record for this Claimant:** Within 20 days after the date of this Notice, the Claims Administrator will send to the Primary Counsel for a represented Claimant and directly to a Claimant who is not represented by Counsel in the Program (a "Pro Se Claimant") a CD containing the Claims Package materials submitted in the Program on behalf of this Claimant. Pursuant to Section 2.7.3.1 of the Settlement Agreement and the terms of the Future Evidence Stipulation, this Claimant cannot attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to us in the Program, as contained in the Claimant's Claims Package, or allege an injury connected with Vioxx other than the injury or injuries claimed through the Program.

**The Enrollment Documents for this Claimant:**

(1) If the information the Claims Administrator has available indicates that this Claimant had a pending lawsuit against Merck as of November 9, 2007, then within 20 days after the date of this Notice the Claims Administrator will send to the Primary Counsel for a represented Claimant and directly to Pro Se Claimant the hard copies of the Release of All Claims and Stipulation of Dismissal this Claimant submitted to Enroll in the Vioxx Program.

(2) If the information the Claims Administrator has available indicates that this Claimant did not have a pending lawsuit against Merck as of November 9, 2007, the Claims Administrator will hold the Claimant's Release and Stipulation of Dismissal for up to 75 days after the date of this Notice. Such a Claimant who wishes to pursue litigation relating to Vioxx use must file a complaint against Merck within 60 days after the date of this Notice. The Claimant must send to the Claims Administrator by upload, email, or hard copy by mail or delivery a copy of that complaint so that the Claims Administrator receives it within 75 days after the date of this Notice, along with proof of when the complaint was filed (such proof can include a copy of the complaint stamped with a filed date by the clerk of the court where it was filed, a copy of a notice from the clerk of electronic filing, a copy of a certification from the clerk of the date or filing of the complaint, or a copy of a letter to the clerk that sent the complaint for filing). If the Claims Administrator does not receive within 75 days after the date of this Notice a copy of the complaint and such proof of filing, the Claims Administrator will deliver to Merck the Claimant's Release of All Claims and Stipulation of Dismissal (if one was submitted) and those documents will be effective and binding. If the Claims Administrator does receive the copy of the complaint and such proof within 75 days after the date of this Notice, the Claims Administrator will send to the Primary Counsel for a represented Claimant or directly to a Pro Se Claimant the Claimant's Release of All Claims and Stipulation of Dismissal (if one was submitted).

**NOTE:** Merck is filing motions to dismiss with prejudice Claimants with lawsuits who have failed to comply with Pretrial Order 43. The requirements for Pretrial Order 43 and for submitting a Future Evidence Stipulation are separate and distinct. Thus, this Notice has no impact on suits that appear on a motion to dismiss. If this Claimant had a lawsuit and that suit has been dismissed with prejudice or is at any time dismissed with prejudice, neither this Notice nor the acceptance by Merck's counsel of this Claimant's Future Evidence Stipulation modifies or impairs the *res judicata* effect of such dismissal or otherwise alters the finality of such dismissal in any manner.

M013B29851

Case 2:05-md-01657-EEF-DEK   Document 4478-5   Filed 05/22/10   Page 10 of 19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  VIOXX®PRODUCTS LIABILITY
LITIGATION

MDL 1657
SECTION L
JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

**Case Number:  2:06cv10987**

**Sandra Elliott**

PLAINTIFF

v.

**Merck & Co., Inc.**

DEFENDANT


**MOTION TO SET ASIDE ORDER OF DISMISSAL**
**and**
**REINSTATE CASE ON ACTIVE DOCKET OF THE COURT**

Sandra Elliott's claim against Merck was fully presented in the Vioxx Resolution
Program.  Merck was aware of her desire to pursue her claim.  Merck in fact knew that Ms.
Elliott had heart related problems, including a heart attack of uncertain date, and an established
course of Vioxx use.  Ms. Elliott was advised that her Future Evidence Stipulation ("FES") was
rejected, and she was never advised that the cure she attempted had been accepted.  Ms. Elliott's
former counsel were under the impression she was obtaining new counsel, and Ms. Elliott was
completely unaware that Merck had moved forward with dismissal of her claim without first
advising her, or without being advised by the Claims Administrator, that her FES had been
accepted.  Merck's assertion that it is entitled to dismissal due to the absence of a *Lone Pine*
report as a material non-compliance with PTO 43 in these circumstances is quite debatable.  It is
within the Court's authority to set aside the Order of dismissal entered October 30, 2009, and to
allow Sandra Elliott, a claimant who has always demonstrated her desire to pursue her claim, and

M013B29852

who never received the multiple notices of potential dismissal contemplated by these administrative orders, to proceed with her claim.

The Court has steadfastly emphasized the importance of each individual claimant's ability to have his case heard in these proceedings. It is only when a claimant has shown a steadfast and repeated unwillingness to proceed with a claim, or to conform to orders of Court, that the Court has been willing to dismiss an individual's claim. Merck's conduct here does not meet that stated goal. It moved for dismissal with no opportunity to cure, and its motion was barely a month after Ms. Elliott submitted her cured FES. The Order was entered three weeks later.

Ms. Elliott's Affidavit is attached. That Affidavit reflects that Ms. Elliott had heart failure and a heart attack of uncertain date diagnosed after approximately six months of Vioxx usage. With this sort of claim, it is arguable that Merck *already has* the case specific connection it presumably seeks with the *Lone Pine* report.

Nevertheless, the undersigned counsel is in the process of obtaining the case specific report contemplated by PTO 43, and believes that will be provided, and in all likelihood within the next two weeks if not sooner.

Merck moved for this dismissal despite that it had extensive discovery from Ms. Elliott, including substantial compliance with PTO 43, as follows:

| | |
|---|---|
| Plaintiff Profile Form and medical authorizations | April 5, 2007 |
| Supplement to PPF and additional information | August 28, 2007 |
| Enrollment in RP, with Claims Form, all medical records | Various, 2008-2009 |

M013B29853

The undersigned counsel is gathering the information that Merck already has. Once all of Ms. Elliott's materials are obtained from Brown Greer and from Merck's central medical records repository, counsel can determine whether any other requirements of PTO 43 remain to be met.

Accordingly, Sandra Elliott moves the Court to set aside the Order of Dismissal entered October 30, 2009, and to provide her with sixty (30) days to fully comply with PTO 43.

> s/ Ann B. Oldfather
> Ann B. Oldfather
> KBA Bar #52553
> OLDFATHER LAW FIRM
> 1330 S. Third Street
> Louisville, KY 40208
> 502.637.7200
> 502.637.3999
> aoldfather@oldfather.com
> *Counsel for Plaintiff, Sandra Elliott*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of April, 2010.

> s/ Ann B. Oldfather
> Ann B. Oldfather
> KBA Bar #52553
> OLDFATHER LAW FIRM
> 1330 S. Third Street
> Louisville, KY 40208
> 502.637.7200
> 502.637.3999
> aoldfather@oldfather.com
> *Counsel for Plaintiff, Sandra Elliott*

M013B29854

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX®PRODUCTS LIABILITY          MDL 1657
LITIGATION                                SECTION L
                                          JUDGE FALLON
                                          MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:                 **Case Number:  2:06cv10987**

**Sandra Elliott**                                          PLAINTIFF

**v.**

**Merck & Co., Inc.**                                        DEFENDANT


## ORDER

The motion of the Plaintiff to Set Aside the Order of Dismissal and to Reinstate this case

on the active docket of the Court having come before the Court, and the Court having considered

the arguments of counsel,

**IT IS HEREBY ORDERED** that the motion to set aside the Order of Dismissal entered

herein on October 30, 2009, and to reinstate this case on the active docket of this Court be and

the same hereby is **GRANTED.  IT IS ORDERED that** this matter shall be reinstated on the

active docket of this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the entry of

this Order to comply with PTO 43 and any other applicable Orders of this Court.

New Orleans, Louisiana, this _____ day of April, 2010.


_____
UNITED STATES DISTRICT JUDGE

M013B29855

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX®PRODUCTS LIABILITY
LITIGATION

MDL 1657
SECTION L
JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

Case Number: 2:06cv10987

Sandra Elliott

PLAINTIFF

v.

Merck & Co., Inc.

DEFENDANTS

* * * * * * *

AFFIDAVIT OF SANDRA ELLIOTT

Comes the Affiant, Sandra Elliott, after first being duly sworn, and states as follows:

1.  I took the prescription drug Vioxx from October 29, 2002 to May 25, 2004. As a result of the use of Vioxx, during that time period I was treated for a myocardial infarction of uncertain date, congestive heart failure, hypertension and kidney disease.

2.  I enrolled in the Vioxx Resolution Program. Prior to that time, I always complied with requests from my counsel for materials regarding the claim against Merck, and I continued to do so after my case was enrolled in the Resolution Program.

3.  I was disappointed that my claim was found not to be eligible. I had understood when I enrolled in the Resolution Program that if I did not qualify for a settlement I could return to the litigation, and I relied on that. So when I learned that I could either file a Future Evidence Stipulation or ask for further review by the Special Master, I chose to file a Future Evidence Stipulation.

M013B29856

4. I was notified by my former counsel that the Claims Administrator rejected my Future Evidence Stipulation. Even though I tried to "cure" the supposed problem with the Future Evidence Stipulation – there was apparently a problem due to absence of a notary – I was never told that the Future Evidence Stipulation had, in fact, been accepted. Consequently, I advised my counsel to "drop" my case because I understood that it was hopeless at that time to proceed given the rejection of my Future Evidence Stipulation and my attempt to cure it. Notice of rejection from the Claims Administrator is attached at TAB A.

5. My attorneys did not advise me that within days of my attempts to "cure" the Future Evidence Stipulation, Merck moved for dismissal with prejudice of my claim, which I understand because I had told them at that point to drop the case thinking that I had no other remedies.

6. As a lay person, I did not understand that I might have asked the Court to enforce Merck's obligations under the Master Settlement Agreement, and all I can say is that I have always wanted to pursue this claim and I have done everything within my ability as a lay person to make that happen.

7. It was not until my conversations with attorney Oldfather in 2010 that I realized that the Court might be willing to reinstate my claim. I now have a glimmer of hope that the justice system will not have failed me, and I implore Judge Fallon to allow this case to go forward. I am available to speak with Judge Fallon at his convenience regarding this request.

M013B29857

_Sandra Elliott_ (signature)

Sandra Elliott

Date: _4-22-10_

STATE OF _____ )
                            )SS:
COUNTY OF _____ )

    I, a notary public within the State and County aforesaid, do hereby certify that on this ____ day of April, 2010, personally appeared before me, Sandra Elliott, to me personally known, who being by me first duly sworn, signed, acknowledged and delivered the foregoing document, as her voluntary act and deed.

    My Commission expires: _____.

                              _____
                              Notary Public

M013B29858

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California

County of __Stanislaus__

Subscribed and sworn to (or affirmed) before me on this

__22__ day of __April__, 20 __10__, by
Date · Month · Year

(1)_____Sandra Elliot_____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

_____(and_____

(2)_____
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

J. MAGANA
Commission # 1760417
Notary Public - California
Stanislaus County
My Comm. Expires Sep 2, 2011

Place Notary Seal Above

———————————— OPTIONAL ————————————

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document:_____

Document Date:_____ Number of Pages:_____

Signer(s) Other Than Named Above:_____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org Item #5910 Reorder: Call Toll-Free 1-800-876-6827

M013B29859

Case 2:05-md-01657-EEF-DEK Document 63959-10 Filed 06/29/12 Page 18 of 19

TAB A

M013B29860

*Confidential Settlement Information*

| V2075 | NOTICE OF REJECTION OF FUTURE EVIDENCE STIPULATION<br>Date of Notice: 8/20/09<br>Deadline to Submit FES: 9/9/09 |
|---|---|

### A. CLAIMANT INFORMATION

| Name | First<br>Sandra | MI<br>K. | Last<br>Elliott |
|---|---|---|---|
| VCN | 1088614 | SSN | |
| Law Firm | Fabbro, Steven A., Law Office of | | |

### B. EXPLANATION

During their review of the Future Evidence Stipulation ("FES") you submitted for this Claimant, Merck's counsel identified the following issue(s):

| Incomplete Item | Cure Action |
|---|---|
| FES-13 On the FES you submitted, the Notary section (Section E) was left completely blank, with no Notary signature or other information completed in Section E. | You must download and print a replacement FES, have the Claimant or Representative Claimant sign it, have it notarized with the Notary Section (Section E) filled out completely, and return that original signed hard copy (with original signatures in ink) to the Claims Administrator, postmarked or placed with a carrier within 20 days after the date of this notice. |

### C. REQUIRED ACTION

This is an official communication from BrownGreer PLC, the Vioxx Claims Administrator. You must take the Cure Action identified in Section B above no later than the Deadline to Cure FES shown at the top. If you do not successfully do so by then, we will be required to close this Claimant's file and deliver to Merck under Section 2.7.3.2 of the Settlement Agreement the original Release and Stipulation of Dismissal with Prejudice submitted during the Enrollment stage for this Claimant. This deadline is final and cannot be extended. Thus it is extremely important that you cure this FES correctly and that you do so by the Deadline to Cure FES date shown at the top. We also have been instructed that Claimants may have only one opportunity to cure these issues and submit a complete, signed FES, or the FES will be rejected finally and the Claimant's Release and Stipulation will be delivered to Merck.

Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert. Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.

The Deadline to Cure FES shown at the top and the deadline to file a Plaintiff Profile Form and expert report pursuant to Pretrial Order 43 are separate and distinct deadlines. The Deadline to Cure FES does not in any way extend the time to file a Plaintiff Profile Form and expert report pursuant to Pretrial Order 43.

**VIOXX CLAIMS ADMINISTRATOR**
BROWNGREER ‖ PLC

M013B29861