UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION  L |
| | * | |
| STATE OF ALASKA V. MERCK, ET AL. | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP. | * | |
| | * | |
| | * | |
| CASE NO. 06-3132 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S MERCK & CO. AMENDED ANSWER

Merck Sharp & Dohme Corp. ("Merck") by its undersigned attorneys, answers this First Amended Complaint ("Complaint") herein as follows:

### RESPONSE TO "NATURE OF THE ACTION"

1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 1 of the Complaint.

2.     Merck denies each and every allegation contained in paragraph 2 of the Complaint.

### RESPONSE TO "PARTIES AND JURISDICTION"

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 3 of the Complaint.

- 1 -

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.      Merck denies the allegations in paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business within the State of Alaska.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that it is authorized to do business within the State of Alaska and that Merck manufactured and marketed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      The allegations contained in paragraph 7 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 10 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

11.     The allegations contained in paragraph 11 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 11 of the Complaint.

### Response to "Scientific" Background

12.     Merck denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint, except admits that Vioxx is part of a class of medications known as NSAIDs and that Vioxx is the brand name for rofecoxib.

13.     Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 14.

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 15.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 16.

1098013v1

17.     Merck denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint, except admits the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of an enzyme known as COX-2.

18.     Merck denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

### Response to "Merck Needed a New Blockbuster."

20.     Merck denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

### Response to "C. Merck Knew of Cardiovascular Risk of Vioxx Long Before It Withdrew Vioxx from the Market

### Response to "1.  Early Evidence."

22.     Merck denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint, except it admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint, except it admits that Plaintiff purports to quote only a portion of the

- 4 -

referenced e-mail and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint, except it admits that Plaintiff purports to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

26.     Merck denies each and every allegation set forth in Paragraph 26 of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

27.     Merck denies each and every allegation set forth in Paragraph 27 of the Complaint, except admits the referenced studies exist, and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

### Response to "2. VIGOR Results Confirm CV Risk."

28.     Merck denies each and every allegation contained in paragraph 28 of Plaintiff's Complaint, except admits that Merck designed a large-scale, long-term, double-blind gastrointestinal outcomes study named the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study.

29.     Merck denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual language and full text.

1098013v1

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint, except it admits that Plaintiff purports to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced e-mail for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of Plaintiff's Complaint, except it admits that Plaintiff purports to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

34.     Merck denies each and every allegation in paragraph 34 of the Complaint except admits that the VIGOR study and certain earlier studies involving Vioxx exist and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

**Response to D. Merck Manipulated Study Designs to Further its Marketing Goals.**

36.     Merck denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of Plaintiff's Complaint, except it admits that Plaintiff purports to characterize the referenced e-mail and avers that the characterized language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of Plaintiff's Complaint except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of Plaintiff's Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of Plaintiff's Complaint except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of Plaintiff's Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of Plaintiff's Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of Plaintiff's Complaint except admits the ADVANTAGE study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

44.     Merck denies each and every allegation contained in paragraph 44 of Plaintiff's Complaint except admits the ADVANTAGE study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

**Response to "Merck Knew that Vioxx's GI Benefit and Efficacy Was No Greater than Other NSAIDs."**

45.     Merck denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

1098013v1

46.     Merck denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

47.     Merck denies each and every allegation contained in paragraph 47 of Plaintiff's Complaint except admits Protocol 069 involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

48.     Merck denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

49.     Merck denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint.

**Response to "F. Merck Conducted a Lengthy, Purposeful Campaign of Misrepresentations to Minimize the CV Risk of Vioxx and Maximize Vioxx's Alleged Benefits to the Public."**

50.     Merck denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

**Response to "1. Merck Representatives Provided False and Misleading Information to Healthcare Providers and Programs that Treated Alaskans."**

51.     Merck denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint and respectfully refers the Court to the referenced approved resources for the full language and direction presented to Merck's field representatives.

53.     Merck denies each and every allegation contained in paragraph 53 of Plaintiff's Complaint.

1098013v1

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint except admits that Merck did have national instructions and communications to its field representatives and that those instructions and communications would be delivered to field representatives in Alaska and respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and admits that Plaintiff purports to quote only a portion of the referenced document and avers that the quoted language is taken out of context.  Merck respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint except admits that some Merck professional representatives were provided with the referenced bulletin and admits that Plaintiff purports to quote only a portion of the referenced document and avers that the quoted language is taken out of context.  Merck respectfully refers the Court to the referenced bulletin and the Cardiovascular Card for its actual language, full text, and additional context.

57.     Merck denies each and every allegation contained in paragraph 57 of Plaintiff's Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint except admits that the New York Times article referenced in the first sentence exists and respectfully refers the Court to said article for the full language and text and admits that the approved resource referenced in the second and third sentences exists and respectfully refers the

Court to Merck's approved resource for the full language and directions presented to its field representatives.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and additional context.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text, and further admits that the existence of this article was communicated to its field representatives on August 21, 2001.

61.     Merck denies each and every allegation contained in paragraph 61 of Plaintiff's Complaint except admits the existence of the referenced approved resource and respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint except it admits that Plaintiff purports to quote only a portion of the referenced statement and avers that the quoted language is taken out of context and respectfully refers the Court to Merck's responses and statements regarding the referenced JAMA article for their actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint except it admits that Plaintiff purports to quote only a portion of the referenced statement and avers that the quoted language is taken out of context and respectfully refers the Court to the referenced quotation for its actual language and full text.

1098013v1

64.     Merck denies each and every allegation contained in paragraph 64 of Plaintiff's Complaint except admits the existence of the referenced approved resource and respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

65.     Merck denies each and every allegation contained in paragraph 65 of Plaintiff's Complaint except admits the existence of the referenced approved resource and admits that Plaintiff purports to quote only a portion of the referenced document and avers that the quoted language is taken out of context.   Merck respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

66.     Merck denies each and every allegation contained in paragraph 66 of Plaintiff's Complaint except admits the existence of the referenced approved resource and abstract and admits that Plaintiff purports to quote only a portion of the referenced document and avers that the quoted language is taken out of context.   Merck respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives and abstract for its actual language and full text.

67.     Merck denies each and every allegation contained in the first and second sentences of paragraph 67 of Plaintiff's Complaint except admits the existence of the referenced approved resource and observational study and respectfully refer the Court to the referenced approved resource and observational study for their full text and conclusions.   Merck denies each and every allegation contained in the third and fourth sentences of paragraph 67 of Plaintiff's Complaint except admits the existence of the referenced approved resource and admits that Plaintiff purports to quote only a portion of the referenced document and avers that the quoted

language is taken out of context.  Merck respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint except admits that Merck did have national instructions and communications to its field representatives and that those instructions and communications would be delivered to field representatives in Alaska and respectfully refers the Court to Merck's approved resource for the full language and directions presented to its field representatives.

69.     Merck denies each and every allegation contained in paragraph 69 of Plaintiff's Complaint.

**Response to "2. Merck Sponsored and Disseminated False and Misleading Scientific Articles."**

70.     Merck denies each and every allegation contained in paragraph 70 of Plaintiff's Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

72.     Merck denies each and every allegation contained in paragraph 72 of Plaintiff's Complaint except admits Merck received preliminary data from the VIGOR trial in March 2000 and respectfully refers the Court to Merck's May 18, 2000 submission to the NEJM and to the published article for the actual language and full text.

73.     Merck denies each and every allegation contained in paragraph 73 of Plaintiff's Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of Plaintiff's Complaint.

1098013v1

75.    Merck denies each and every allegation contained in paragraph 75 of Plaintiff's Complaint.

76.    Merck denies each and every allegation contained in paragraph 76 of Plaintiff's Complaint.

### Response to "3. Merck Intimidated Academics"

77.    Merck denies each and every allegation contained in paragraph 77 of Plaintiff's Complaint except admits that Dr. Singh was associated with Stanford University.

78.    Merck denies each and every allegation contained in paragraph 78 of Plaintiff's Complaint.

79.    Merck denies each and every allegation contained in paragraph 79 of the Complaint except it admits that Plaintiff purports to quote various statements and avers that the quoted language is taken out of context and respectfully refers the Court to the sources of the referenced quotations for their actual language and full text.

80.    Merck denies each and every allegation contained in paragraph 80 of the Complaint except it admits that Merck personnel have had communications with Dr. Singh's supervisor.

81.    Merck denies each and every allegation contained in paragraph 81 of the Complaint except it admits that Plaintiff purports to quote various statements and avers that the quoted language is taken out of context and respectfully refers the Court to the sources of the referenced quotations for their actual language and full text.

82.    Merck denies each and every allegation contained in paragraph 82 of the Complaint.

1098013v1

**Response to "4.  Merck Issued and Disseminated False and Misleading Press Releases"**

83.    Merck denies each and every allegation set forth in paragraph 83 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-regulated prescribing information.

84.    Merck denies each and every allegation set forth in paragraph 84 of the Complaint, except it admits that Plaintiff purports to quote various statements and avers that the quoted language is taken out of context and respectfully refers the Court to the sources of the referenced quotations for their actual language and full text.

85.    Merck denies each and every allegation set forth in paragraph 85.

**Response to "5. Merck Sent False and Misleading Information Directly to Doctors and Consumers."**

86.    Merck denies each and every allegation set forth in paragraph 86.

**Response to "6. Merck Conducted a False and Misleading Advertising Campaign."**

87.    Merck denies each and every allegation set forth in paragraph 87 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-regulated prescribing information and respectfully refers the Court to the relevant advertisements, the relevant patient product information and the relevant FDA-regulated prescribing information for their actual language and full text.

88.    Merck denies each and every allegation set forth in paragraph 88 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-regulated prescribing information and respectfully refers the Court to the relevant advertisements, the relevant patient product information and the relevant FDA-regulated prescribing information for their actual language and full text.

1098013v1

89.     Merck denies each and every allegation set forth in paragraph 89 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-regulated prescribing information and respectfully refers the Court to the relevant advertisements, the relevant patient product information and the relevant FDA-regulated prescribing information for their actual language and full text.

90.     Merck denies each and every allegation set forth in paragraph 90 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-regulated prescribing information and respectfully refers the Court to the relevant advertisements, the relevant patient product information and the relevant FDA-regulated prescribing information for their actual language and full text.

91.     Merck denies each and every allegation set forth in paragraph 91.

92.     Merck denies each and every allegation set forth in paragraph 92.

93.     Merck denies each and every allegation set forth in paragraph 93.

94.     Merck denies each and every allegation set forth in paragraph 94.

95.     Merck denies each and every allegation set forth in paragraph 95.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation set forth in paragraph 97.

98.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.  Merck further denies each and every allegation set forth in paragraph 98.

99.     Merck denies each and every allegation set forth in paragraph 99.

1098013v1

100.    Merck denies each and every allegation set forth in paragraph 100.

101.    Merck denies each and every allegation set forth in paragraph 101.

102.    Merck denies each and every allegation set forth in paragraph 102.

103.    Merck denies each and every allegation set forth in paragraph 103.

104.    Merck denies each and every allegation set forth in paragraph 104.

**RESPONSE TO SECTION CONTAINING PRAYER FOR RELIEF**

The last section of the Complaint, wherein Plaintiff lists in 6 numbered paragraphs the relief for which Plaintiff prays is not an allegation of fact and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in that section, including subparagraphs 1 through 6, and denies that Plaintiff is entitled to the relief requested.

1098013v1

## AFFIRMATIVE DEFENSES

105.    Each and every claim asserted or raised in Plaintiffs Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

106.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

107.    Plaintiff fails to plead properly and cannot prove the elements of a claim for injunctive relief.

108.    Plaintiff's claim for an injunction is invalid.

109.    Plaintiff's claims are barred by Alaska Stat. § 45.50.481(a)(1) (2004), which exempts conduct that is subject to careful, ongoing regulation by a state or federal agency, because the FDA already prohibits and carefully regulates the false or misleading practices alleged in Plaintiff's complaint.

110.    The claims of Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

111.    The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

112.     Each and every claim asserted or raised in Plaintiff s Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

113.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

1098013v1

114.   To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

115.   If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

116.   If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

117.   Plaintiff's claims are barred because the injuries allegedly sustained by Plaintiff were not proximately caused by any act or omission of Merck.

118.   If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

119.   To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in Plaintiff's Complaint, Merck's liability, if any, should be reduced accordingly.

1098013v1

120.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in Plaintiff's Complaint, such benefits are not recoverable in this action.

121.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

122.     Plaintiff's claims are barred in whole or in part by the First Amendment and/or the applicable provisions of the U.S. Constitution and/or Alaska Constitution.

123.     Private counsel's involvement in this matter violates the requirement of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment.

124.     Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

125.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that they have brought actions and have received judgments on parts of some or all claims asserted herein.

126.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

127.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

128.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

1098013v1

129.    The claims of Plaintiff are barred, in whole or in part, by its failure to mitigate damages.

130.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

131.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

132.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

133.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

134.    Plaintiff has not sustained any injury or damages compensable at law.

135.    To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in Plaintiff's Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

136.    To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

137.    Plaintiff's claim for penalties for an alleged act or omission of Merck is barred because no act or omission was malicious, willful, wanton, reckless, or grossly negligent.

138.    Plaintiff's demand for penalties is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

139.    To the extent Plaintiff's claim for penalties require proof that Merck fraudulently or negligently misrepresented material facts to the FDA, such claims are barred in whole or in part by the doctrine of implied preemption.

140.    Plaintiff's claim for penalties is barred under the individualized-proof rule, which requires individualized consideration of each violation and prohibits the use of generalized or aggregate proof to establish reliance, loss causation, or injury.

141.    With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

142.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

143.    Plaintiff cannot recover in the capacity in which it has sued because it is not the real-party-in-interest with respect to Plaintiff's claims.

144.    Plaintiff's claims are barred because Plaintiff is not authorized by state law to sue to recover the relief outlined in Plaintiff's Complaint.

145.    Plaintiff's claims are barred to the extent that statutes authorizing the remedies Plaintiff seeks were enacted after Merck voluntarily withdrew Vioxx from the market and those statutory provisions do not have retroactive effect.

146.    The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations. The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and supplement the averments of it answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with Prejudice and awarding Merck its reasonable costs and disbursements together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury on all contested issues of fact.

1098013v1

Respectfully submitted,


 /s/ Dorothy H. Wimberly____
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

      —and—

BAKER BOTTS L.L.P.

 /s/ Richard L. Josephson
_____
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK & CO.

1098013v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing  has been served on Liaison Counsel,

Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail,

upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading

the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and

that the foregoing was electronically filed with the Clerk of Court of the United States District

Court for the Eastern District of Louisiana by using the CM/ECF system which will send a

Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2d

day of July, 2012.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1098013v1