UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION  L |
| | * | |
| JIM HOOD, ATTORNEY GENERAL, | * | JUDGE ELDON E. FALLON |
| *ex rel*, STATE OF MISSISSIPPI | * | |
| | * | |
| v. | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP. | * | |
| | * | |
| CASE NO. 05-6755 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S MERCK & CO. AMENDED ANSWER

Merck Sharp & Dohme Corp. ("Merck") by its undersigned attorneys, answers this First Amended Complaint ("Complaint") herein as follows:

### RESPONSE TO "INTRODUCTION"

1.     Merck denies each and every allegation contained in paragraph 1 of the Complaint.

2.     The allegations contained in paragraph 2 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 2 of the Complaint.

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 3 of the Complaint.

1098273v1

**RESPONSE TO PARTIES**

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.      Plaintiff's Amended Complaint does not contain a numbered paragraph 5 and therefore no response is required.

6.      Merck denies each and every allegation in paragraph 6 except admits that Merck maintains its principal place of business in New Jersey and is a corporation organized under the laws of the state of New Jersey and that it is authorized to do business in the State of Mississippi.

7.      The allegations contained in paragraph 7 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 9 of the Complaint.

**Response to "A. False and Misleading Statements"**

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that in May 1999, Merck received approval form the United States Food and Drug Administration ("FDA") to market the prescription medicine Vioxx for certain

- 2 -

indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx.

**Response to "1. Merck Announces FDA Approval of VIOXX®"**

11.     Merck denies each and every allegation contained in the first through fourth sentence of paragraph 11 of the Complaint except admits that in May 1999, Merck received approval form the United States Food and Drug Administration ("FDA") to market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the referenced press release for the release's actual language and full text.  Merck denies each and every allegation contained in the fifth sentence of paragraph 11 of the Complaint except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full text.

**Response to "2.  Merck Promotes VIOXX® while Purposely Failing to Disclose the
Cardiovascular Risks of the Drug."**

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

1098273v1

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, and that Merck received correspondence from FDA personnel on December 16, 1999 and that plaintiff purports to characterize those studies, e-mails and correspondence, but avers that Plaintiff's characterization is taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, and correspondence for their actual language and full text.

**Response to "B. 2000 Events and False and Misleading Statements"**

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

**Response to "1. Merck Announces Results of VIGOR Study, but Conceals Findings of Cardiovascular Risks Associated with VIOXX®"**

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context

- 4 -

and respectfully refers the Court to the referenced press release for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

**Response to "3. Merck Falsely Touts VIOXX®'s Safety Profile as Excellent"**

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that the referenced press release exists and that the referenced studies involving Vioxx exist and respectfully refers the Court to the referenced press release and studies for their actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

1098273v1

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, and that Merck received correspondence from FDA personnel on December 16, 1999 and that plaintiff purports to characterize those studies, e-mails and correspondence, but avers that Plaintiff's characterization is taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, and correspondence for their actual language and full text.

**Response to "C. 2001 Events and False and Misleading Statements."**

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

**Response to "1. Merck Announces the FDA Advisory Committee Meeting to Modify Vioxx Label"**

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context

1098273v1

and respectfully refers the Court to the referenced press release for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced article exists and that plaintiff purports to quote from a portion of said article, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced article for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

**Response to "3. Merck Promotes False Cardiovascular Safety Profile of Vioxx."**

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

**Response to "4. Merck Misrepresents Results of _Journal of American Medical Association_ Study."**

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that the referenced article exists and that plaintiff purports to quote from a portion of said article, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced article for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that the referenced article exists and that plaintiff purports to quote from a portion of said article, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced article for its actual language and full text.

1098273v1

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that plaintiff purports to quote a portion of said letter, but avers that said quotation is taken out of context and respectfully refers the Court to the letter for its actual language and text.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that plaintiff purports to quote a portion of said letter, but avers that said quotation is taken out of context and respectfully refers the Court to the letter for its actual language and text.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint except admits that Merck received a letter from a regulatory review officer in

September 2001 and that plaintiff purports to characterize a portion of said letter, but avers that said characterization is taken out of context and respectfully refers the Court to the letter for its actual language and text.

46.    Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that plaintiff purports to quote a portion of said letter, but avers that said quotation is taken out of context and respectfully refers the Court to the letter for its actual language and text.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced publication for its actual language and full text.

48.    Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, and that Merck received correspondence from FDA personnel on September 17, 2001 and that plaintiff purports to characterize those studies, e-mails and correspondence, but avers that Plaintiff's characterization is taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, and correspondence for their actual language and full text

**Response to "D. 2002 Events and False and Misleading Statements"**

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint.

- 10 -

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the court to the referenced press release for its actual language and full text.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint except admits that the referenced press release exists and respectfully refers the court to the referenced press release for its actual language and full text.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the court to the referenced press release for its actual language and full text.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, Merck has released various press releases related to Vioxx, and that Merck received correspondence from FDA personnel on December 16, 1999 and September 17, 2001 and that plaintiff purports to characterize those studies, e-mails, press releases, and correspondence, but avers that Plaintiff's characterization is taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, press releases, and correspondence for their actual language and full text.

- 11 -

**Response to "E. 2003 Events and False and Misleading Statements"**

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

**Response to "1. Merck Continues to Tout Vioxx as Safe, Refuting the Results of a Study Linking Vioxx to Cardiac Events"**

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint except admits that the referenced article exists and that plaintiff purports to quote from a portion of said article, but avers that said quotation is taken out of context and respectfully refers the court to the referenced article for its actual language and full text.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint except admits that the referenced letter to the editor exists and that plaintiff purports to quote from a portion of said letter to the editor, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, Merck has released various press releases related to Vioxx, and that Merck received correspondence from FDA personnel on December 16, 1999 and September 17, 2001 and that plaintiff purports to characterize those studies, e-mails, press releases, and correspondence, but avers that Plaintiff's characterization is taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, press releases, and correspondence for their actual language and full text.

1098273v1

**Response to "F. 2004 False and Misleading Statements"**

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint except admits that the referenced publication exists and that plaintiff purports to characterize a portion of said publication, but avers that said characterization is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint except admits that the referenced press release exists and that plaintiff purports to quote from a portion of said press release, but avers that said quotation is taken out of context and respectfully refers the Court to the referenced press release for its actual language and full text.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

**Response to "1. Merck Publicly Discredits Results of Kaiser Permanente Study"**

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote

1098273v1

from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

69. Merck denies each and every allegation contained in paragraph 69 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.

70. Merck denies each and every allegation contained in the first and second sentences of paragraph 70 of the Complaint except admits that the referenced publication exists and that plaintiff purports to quote from a portion of said publication, but avers that said quotation is taken out of context and respectfully refers the court to the referenced publication for its actual language and full text.  Merck denies each and every allegation contained in the

1098273v1

third sentence of paragraph 70 of the Complaint, except admits that Merck announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.

**Response to "2.  The Withdrawal of Vioxx and Merck's Continued Campaign of Concealment."**

71.    Merck denies each and every allegation contained in paragraph 71 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck further admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.

72.    Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that the referenced press conference occurred and that plaintiff purports to quote from a portion of said press conference, but avers that said quotation is taken out of context and respectfully refers the court to the transcript of the referenced press conference for its actual language and full text.

73.    Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that the referenced article exists and that plaintiff purports to quote from a portion of said article, but avers that said quotation is taken out of context and respectfully refers the court to the referenced article for its actual language and full text.

74.    Merck denies each and every allegation contained in paragraph 74 of the Complaint except admits that Merck scientists have participated in studies related to Vioxx, that Merck employees have authored e-mails related to Vioxx, Merck has released various press releases related to Vioxx, and that Merck received correspondence from FDA personnel on December 16, 1999 and September 17, 2001 and that plaintiff purports to characterize those studies, e-mails, press releases, and correspondence, but avers that Plaintiff's characterization is

1098273v1

taken out of context.  Merck respectfully refers the Court to the referenced studies, e-mails, press releases, and correspondence for their actual language and full text.

### Response to "Count I Violation of Mississippi's Consumer Protection Act"

75.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80, including subparts (a)-(e) of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

1098273v1

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     The allegations contained in paragraph 84 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required and the allegations in this paragraph are directed at Merck, Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 86, but denies that there is any legal or factual basis for said relief.

### Response to "Count II Injunctive Relief"

87.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

1098273v1

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required and the allegations in this paragraph are directed at Merck, Merck denies each and every allegation contained in paragraph 90 of the Complaint except admits that Plaintiff purports to seek the injunctive relief requested in paragraph 90, but denies that there is any legal or factual basis for said relief.

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 91 of the Complaint.

**Response to "Count II Untrue, Deceptive, and Misleading Advertising in Violation of § 97-23-3 Miss. Code Ann. (1972)"**

92.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     The allegations contained in the first sentence of paragraph 94 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 94 of the Complaint. Merck denies each and every allegation of the remainder of paragraph 94.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 96 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 96, but denies that there is any legal or factual basis for said relief.

### Response to "Count IV Fraud"

97.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    The allegations contained in paragraph 100 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 100 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 100, but denies that there is any legal or factual basis for said relief.

**Response to "Count V Unjust Enrichment"**

101.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 106, but denies that there is any legal or factual basis for said relief.

**Response to "Count VI Negligence"**

107.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in this First Amended Answer with the same force and effect as though set forth here in full.

108.    The allegations contained in paragraph 108 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 108 of the Complaint.

1098273v1

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.    The allegations contained in paragraph 111 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Merck denies each and every allegation contained in paragraph 112 of the Complaint.

113.    The allegations contained in paragraph 113 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 113 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 113, but denies that there is any legal or factual basis for said relief.

114.    The allegations contained in paragraph 114 of the Complaint are legal conclusions for which no answer is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 114 of the Complaint except admits that Plaintiff purports to seek the relief requested in paragraph 114, but denies that there is any legal or factual basis for said relief.

### RESPONSE TO SECTION CONTAINING PRAYER FOR RELIEF

The last section of the Complaint, wherein Plaintiff lists in 9 numbered paragraphs the relief for which Plaintiff prays is not an allegation of fact and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and

1098273v1

every allegation in that section, including subparagraphs 1 through 9, and denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

115.   Each and every claim asserted or raised in Plaintiffs Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

116.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

117.   Plaintiff fails to plead properly and cannot prove the elements of a claim for injunctive relief.

118.   Plaintiff's claim for an injunction is invalid.

119.   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

120.   Plaintiff's claims of fraud are barred because Plaintiff cannot establish that Merck had a fiduciary or confidential relationship with the State or any of its instrumentalities to require Merck to have an affirmative duty to make disclosures.

121.   The claims of Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

122.   The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

123.    Each and every claim asserted or raised in Plaintiff's Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance

1098273v1

124.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

125.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

126.    The claims of Plaintiff may be barred from recovery in whole or in part by the doctrine of implied preemption because the claims necessarily impinge on the regulatory authority of the FDA by asserting that but-for Merck's fraudulent and/or negligent misrepresentations to the FDA, Vioxx would not have been approved.

127.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

128.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

129.    To the extent that Plaintiff is seeking to recover compensatory or consequential damages for money expended to or on behalf of individuals within the State of Mississippi, Merck denies that any of those individuals' alleged injuries were due to Vioxx and instead asserts that those individuals' alleged injuries were due to those individuals' pre-existing

1098273v1

and/or unrelated medical, genetic, and/or environmental conditions, diseases, illnesses, or idiosyncrasies peculiar to those individuals and not found in the general public.

130.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

131.    Plaintiff's claims are barred because the injuries allegedly sustained by Plaintiff were not proximately caused by any act or omission of Merck.

132.    Plaintiff's claims are barred in whole or in part by the remoteness doctrine and principles of subrogation.

133.    If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

134.    To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in Plaintiff's Complaint, Merck's liability, if any, should be reduced accordingly.

135.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in Plaintiff's Complaint, such benefits are not recoverable in this action.

136.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

137.    Plaintiff's claims are barred in whole or in part by the First Amendment and/or applicable provisions of the United States Constitution and/or Mississippi Constitution.

138.    Private counsel's involvement in this matter violates the requirement of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment.

139.    Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

140.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

141.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that they have brought actions and have received judgments or settled claims on parts of some or all claims asserted herein.

142.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

143.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, to the extent that third parties, including, but not limited to, third party payors or Mississippi Medicaid recipients, have brought actions and have received judgments or settled claims on parts of some or all claims asserted herein.

144.    To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

145.    Plaintiff's negligence claims are subject to and limited by the doctrine of contributory negligence.

1098273v1

146.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

147.    The claims of Plaintiff are barred, in whole or in part, by its failure to mitigate damages.

148.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

149.    Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

150.    Merck avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

151.    Plaintiff is not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

152.    Should Merck be held liable to plaintiff, which liability is specifically denied, Merck would be entitled to a set off for the total of all amounts paid to plaintiff from all collateral sources.

153.    Some or all of the damages alleged by plaintiff are barred by Miss. Code §§ 75-2-714, 715 (1972).

154.    Notwithstanding the claims and contentions of plaintiff, plaintiff received all or substantially all of the benefit from Vioxx that he or she hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiff might be entitled to recover from Merck must be correspondingly reduced.

1098273v1

155.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

156.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

157.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

158.     Plaintiff has not sustained any injury or damages compensable at law.

159.     To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

160.     To the extent that Plaintiff seeks exemplary or punitive damages, because of the lack of clear standards, the imposition of punitive damages against Merck is unconstitutionally vague and/or overbroad.

161.     Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)     imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2)  is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3)  is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4)  is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)  is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)      imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)      imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)      imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the project alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

162.    Plaintiff's claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

163.    Plaintiff's claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60(1)(a) through (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective January 1, 2004.

164.    Plaintiff's demand for penalties is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

165.     Plaintiff's claims for penalties and consequential damages are barred under the individualized-proof rule, which requires individualized consideration of each violation and prohibits the use of generalized or aggregate proof to establish reliance, loss causation, or injury.

166.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

167.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

168.     Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

169.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

170.     With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

171.     Plaintiff's tort-based claims are barred by the economic loss doctrine.

172.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

173.    Plaintiff cannot recover in the capacity in which it has sued because it is not the real-party-in-interest with respect to Plaintiff's claims.

174.    Plaintiff's claims are barred because Plaintiff is not authorized by state law to sue to recover the relief outlined in Plaintiff's Complaint.

175.    Plaintiff's claims are barred to the extent that statutes authorizing the remedies Plaintiff seeks were enacted after Merck voluntarily withdrew Vioxx from the market and those statutory provisions do not have retroactive effect.

176.    The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations. The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

177.    Plaintiff's claims for fines under Miss. Code Ann. § 97-23-3(1972) fail because the fine is a criminal penalty, and Plaintiff fails to allege the elements and number of alleged violations with the requisite specificity.

178.    Plaintiff's claims for fines under Miss. Code Ann. § 97-23-3 (1972) are barred to the extent they seek fines for omissions rather than "assertion[s], representation[s], or statement[s] of fact."

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable

- 30 -

rights, Merck reserves the right to amend and supplement the averments of it answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with Prejudice and awarding Merck its reasonable costs and disbursements together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury on all contested issues of fact.

Respectfully submitted,

 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

1098273v1

BAKER BOTTS L.L.P.

_/s/ Richard L. Josephson_____
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK & CO.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 5th day of July, 2012.

/s/ Dorothy H. Wimberly_____
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

1098273v1