UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Knowles |

--------------------------------------------------------------------------------

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| David Agard, et al., v. Merck & Co. | Case No.: 2:05-cv-01089 (Agard, Henderson) |
| Adnan Aljibory, et al., v. Merck & Co. | Case No.: 2:05-cv-01090 (Santacrose, Bozich) |
| Matthew Cavallo, et al., v. Merck & Co. | Case No.: 2:05-cv-01513 |
| Marjorie Connolly, et al., v. Merck & Co. | Case No.: 2:06-cv-02708 (Curtis, Hia, Hoyt) |
| Marilyn F. Core, et al. v. Merck & Co. | Case No.: 2:05-cv-02583 |
| Carlo Devincentiis, et al., v. Merck & Co. | Case No.: 2:05-cv-02297 (Pratt) |
| Robert D. Gates, et al., v. Merck & Co. | Case No.: 2:05-cv-06221 (Berthel) |
| James Spencer Oakley v. Merck & Co. | Case No.: 2:05-cv-5912 |
| Mary Kurtz v. Merck & Co. | Case No.: 2:06-cv-05779 |

--------------------------------------------------------------------------------

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO
SET THE COMMON BENEFIT ASSESSMENTS FOR THEIR
SETTLEMENTS WITH MERCK AT 3%, INCLUDING
ATTORNEYS FEES OF 2% AND COSTS OF 1%**

MAY IT PLEASE THE COURT:

     The instant plaintiffs represented by undersigned counsel are both subject to Pre-Trial Order ("PTO") No. 28 and allege a heart attack or stroke injury, and have settled their claims with Merck outside the Master Settlement Agreement ("MSA"), and now move this Court to assess in their cases common benefit fees and costs of 2% for attorney fees and 1% for costs.

-1-

In a prior cross-motion (Rec.Doc.63680), the instant plaintiffs asked to be excluded entirely from the assessments for common benefit attorney fee and cost assessments under PTO 19 (Rec.Doc.63585), and this Court denied the cross-motion in the Order and Reasons of April 25, 2012, which granted the motion of the Plaintiff's Steering Committee ("PSC") to amend PTO 19 so that common benefit assessments for heart attack and stroke injury cases subject to PTO 29 were reduced to an across-the-board 2% assessments of fees and 1% assessment for costs.

Unlike their prior cross-motion, plaintiffs do not seek by the instant motion to be excluded from common benefits assessment, and instead make this motion in accordance with this Court's ruling that:

> Pursuant to [PTO 19], any case that was settled, compromised, dismissed, or otherwise reduced to judgment for monetary relief, with or without trial, was subject to an assessment.

April 25, 2012 Order & Reasons, Doc. 63798, at p. 3.   In light of the foregoing ruling, plaintiffs do not dispute that they are subject to assessment under PTO 19, and ask that such assessment be set at 2% for fees and 1% for costs for the reasons set forth below.

Plaintiffs respectfully submit that the remaining provisions of PTO 19, which set forth specific common benefit percentages the PSC sought to amend, do not apply to them in that their counsel did not enter into any written agreement with the PSC pursuant thereto.   In the April 25 Order and Reasons, this Court explained those remaining provisions as follows:

> In order to avail themselves of the initial work of the common benefit attorneys, individual plaintiffs' counsel could, for a limited time, enter into a contract that was to dictate the assessment amount. The "Full Participation Option," which was one such option, established an assessment of 2% of the recovery for fees and 1% of the recovery for costs. *See* Pretrial Order No. 19 (Aug. 4, 2005). Counsel were able to select the "Full Participation Option" within 90 days of the entry of Pretrial Order 19. Following that period, counsel could accept a "Traditional

>  Assessment Option" providing for 6% assessment of recoveries in MDL cases and 4% assessment of recoveries in state court cases.

*Id.,* at p. 3.   Plaintiffs respectfully submit such a written agreement under PTO 19 was not entered for their cases based on undersigned counsel's decision not to utilize the initial work of the common benefit attorneys and consistent therewith counsel has not entered a written agreement nor sought access to the same throughout the litigation.

It is respectfully submitted counsel's decision in that regard was consistent with the fact that PTO 19 did not require plaintiffs to avail themselves of the initial work of the common benefit attorneys, and, in light thereof, they request that this Court limit the common benefit assessment in their cases to 2% fees and 1% costs, similar to the assessments for PTO 29 cases.

It is respectfully submitted that the relief sought by the instant motion is both consistent with the nature of such common benefit contributions and does not require a case-by-case review since the percentages set forth in PTO 19 related to the voluntary written agreements allowing access to the common benefit work, as to which these plaintiffs did not avail themselves.

In support of this motion, the instant plaintiffs ask the Court to consider that their prior cross-motion was not opposed by Merck or the PSC, and plaintiffs anticipate it is unlikely either Merck or the PSC will oppose the instant motion in light of all the circumstances.

Since opposition to the instant motion will likely be limited to attorney Oldfather, there is no real dispute that the above percentages more than adequately meet any reasonable common benefit fees and expenses to which she may be found to be entitled, which, it is submitted, will not in any event be assessed against the Benjamin plaintiffs.

In light of the above matters, the instant plaintiffs respectfully submit this Court should

order that the common benefit assessment for their cases be set at 2% for fees and 1% for costs, along with such other and further relief consistent with the provisions of this Court's April 25, 2012 Order amending of PTO 19 with respect to plaintiffs subject to PTO 29.

Date:   July 8, 2012.

                              Respectfully submitted,

                              /s/ Ronald R. Benjamin
RONALD R. BENJAMIN Fed Bar Roll No.: 101131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442 (Telephone)
(607)   772-1678 (Facsimile)
ronbenjaminlaw@stny.rr.com
Attorneys for Plaintiff Movants in Above-Captioned Actions