UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

*Cases Identified on Exhibit A*

### OPPOSITION OF LIAISON AND LEAD COUNSEL FOR CERTAIN CASES TO RONALD BENJAMIN'S MOTION TO SET COMMON BENEFIT ASSESSMENTS WITH REGARD TO THE SETTLEMENT OF 13 CASES

Attorney Ronald Benjamin now takes a second bite at the apple that constitutes his fee in cases that he has now settled, all of which are under PTO 28. It is worth noting that Mr. Benjamin's clients are not the beneficiaries of this motion[1]; having finalized the resolution of their claims for an agreed amount, Mr. Benjamin makes a second attempt to increase his net fee beyond the 6.5% common benefit fee assessment paid by all other attorneys[2] up to this point in time.

Mr. Benjamin initially asked to be excluded entirely from PTO 19's common benefit requirements for sixteen (16) of his settled PTO 28 cases. [Rec. Doc. 63680]. Mr. Benjamin now asks that thirteen (13) of those cases be assessed a common benefit fee of 2% but he

---

[1] Mr. Benjamin apparently agrees that his clients should pay the same 1% common benefit expense assessment as paid by all other claimants; it is only the fee portion of the common benefit assessment for which he seeks special treatment.

[2] The only exceptions are those persons who signed Full Participation Options with the PSC at 2% -- most of whom paid a common benefit fee assessment of 4%-- and the limited subset of claimants who are BOTH PTO 29 claimants and heart attack or stroke victims with then-unresolved cases, which subset was addressed in the Order & Reasons of April 25, 2012 [Rec. Doc. 63798]. Mr. Benjamin is in neither group.

provides no good cause for why his cases should be treated differently than any other case settled during this litigation.  Further, Mr. Benjamin makes no effort to distinguish the reasons for his request from those already rejected by the Court, when the Court ruled that practicalities and case law preclude *ad hoc* case-by-case review for whether a particular claimant has actually benefitted from common benefit work:

> The Court is not aware of any authority recommending or authorizing that common benefit assessments in complex multidistrict litigation be subject to case-by-case review for whether any particular claimant has actually benefitted from common benefit work and whether any particular plaintiff should be required to contribute.  Such a proposition seems to be unworkable and is likely inconsistent with the nature of common benefit contributions.

Order & Reasons dated April 25, 2012, at 8.

Pursuant to the terms of PTO 19, the established percentages apply to cases later filed or tolled.  Merck is required to withhold these sums from all settlements.  When denying Mr. Benjamin's previous motion, the Court explained PTO 19 as follows:

> In order to avail themselves of the initial work of the common benefit attorneys, individual plaintiffs' counsel could, for a limited time, enter into a contract that was to dictate the assessment amount.  The "Full Participation Option," which was one such option, established an assessment of 2% of the recovery for fees and 1% of the recovery for costs.  *See* Pretrial Order No. 19 (Aug. 4, 2005).  Counsel were able to select the "Full Participation Option" within 90 days of the entry of Pretrial Order 19.  Following that period, counsel could accept a "Traditional Assessment Option" providing for 6% assessment of recoveries in the MDL cases and 4% assessment of recoveries in state court cases.

*Id*. at 3.

Mr. Benjamin argues that he "did not enter into any written agreement with the PSC". Rec. Doc 63968-1, at 2.  However, this undermines rather than supports Mr. Benjamin's argument.  The lack of such an agreement should require a full assessment *at least equal to* that owed by those attorneys who *did* comply with PTO 19.  By ignoring PTO 19, Mr. Benjamin

should not benefit by a *lower* common benefit obligation, since it is only now (after the Court has ruled against him) that he acknowledges that he owes any common benefit assessment at all.

Further, Mr. Benjamin never suggested that he should be excluded from the requirements of PTO 19 until after his cases were settled. The unique reduction sought by Mr. Benjamin for his PTO 28 cases does not encourage settlement, as these cases have already settled. These cases should be assessed at 6%, as would any other cases settled by an attorney under the Traditional Assessment option.

Mr. Benjamin was under no obligation to file his cases in the MDL, but by doing so he has benefitted from MDL coordination. As stated by this Court:

> The benefit created by common labor and compensated by joint assessments is sometimes intangible and difficult to quantify in individual cases. Nonetheless, the work done by common benefit attorneys does have a significant and meaningful effect on all case pending in the MDL.

Order & Reasons dated April 25, 2012, at 8.

On June 25, 2009, the Court entered PTO 45 appointing the undersigned as Liaison and Lead Counsel over 12 of the 13 cases on Mr. Benjamin's Exhibit A (all but the *Quackenbush* case). Mr. Benjamin is trial counsel in his cases, but the undersigned has always served the Court and Mr. Benjamin in the Liaison Counsel and Lead Counsel role for these cases.[3] Indeed, the undersigned has provided Liaison and Lead Counsel duties for and over Mr. Benjamin's

---

[3] This is not the time to detail common benefit services, other than to point out that, as the undersigned has explained in previous oppositions on these issues, the undersigned submits regular update reports to Mr. Benjamin and all personal injury claimants, and has sent multiple mass mailings to all claimants, including Mr. Benjamin. The undersigned coordinated obtaining consent forms from Mr. Benjamin, and providing a census on his cases. The undersigned and her staff have conferred with Mr. Benjamin about trial preparation. All of the above has been in the role of Liaison and Lead Counsel, and all has been to Mr. Benjamin's (and his clients') benefit.

cases for the last two and one half years (and to some extent even earlier), during which time she has also served as the *de facto* point of leadership for all of the remaining personal injury cases.

Last, and beyond its other short-comings, Mr. Benjamin's Motion is premature. The requirement under PTO 19 is simply that these monies be withheld and escrowed at the time of settlement. The Court can decide later upon adequate proof how and if the common benefit monies should be distributed, including whether any sums ought to be returned to Mr. Benjamin.

For the foregoing reasons, the Court is respectfully requested to deny Mr. Benjamin's Motion to Reduce the Common Benefit Fee Assessments for his PTO 28 cases.

Respectfully submitted,

/s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel for Certain Cases
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY 40208
502.637.7200
502.637.3999 (fax)
aoldfather@oldfather.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition of Liaison Counsel and Lead Counsel For Certain Cases to Ronald Benjamin's Motion to Set Common Benefit Assessments With Regard to the Settlement of 13 Cases has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of July, 2012.

/s/ Ann B. Oldfather

Ann B. Oldfather