UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Walter J. Roach v. Merck & Co., Inc.,* | * | KNOWLES |
| 2:10-cv-00868-EEF-DEK | * | |
| | * | |

*************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S OPPOSITION TO PLAINTIFF WALTER J. ROACH'S MOTION FOR RECONSIDERATION

The Court granted summary judgment in favor of Defendant Merck Sharp & Dohme Corp. ("Merck") in this Illinois wrongful death action on June 5, 2012. Rec. Doc. 63893. Under well-established Illinois law, the Court held that the wrongful-death claim was time-barred under the potentially applicable statutes of limitations. Plaintiff Roach moved for reconsideration on July 3, 2012. Rec. Doc. 63963-1. Mr. Roach's motion rehashes arguments that the Court correctly rejected and adds a meritless new argument that Mr. Roach could and should have urged when opposing Merck's motion for summary judgment. Because of these deficiencies, the motion does not satisfy the demanding standard for reconsideration under Federal Rule of Civil Procedure 59(e) and the Court should deny it.

### BACKGROUND

The Court has already set out the relevant background in the Order and Reasons granting Merck's motion for summary judgment, Rec. Doc. 63893, and other decisions. The basics are repeated here.

1099697v1

Joanne Roach of Streator, Illinois, was among the many people who took Vioxx to ease the symptoms of osteoarthritis.  According to the complaint, Ms. Roach suffered a stroke on November 22, 2001 and died on April 8, 2004.  Merck voluntarily withdrew Vioxx from the market on September 30, 2004.  Local and national television news programs began covering the withdrawal immediately, with print media following the next day, discussing studies associating Vioxx with a potential increased risk of heart attacks and strokes.

On November 9, 2007, Merck and the Plaintiffs' Steering Committee agreed to establish a Settlement Program open to individuals who had filed Vioxx-related personal injury claims or entered tolling agreements.  *See* Master Settlement Agreement ("MSA"), *available at* http://www.browngreer.com/vioxxsettlement/osa.htm.  Mr. Roach, acting as administrator for his mother's estate, applied to the Settlement Program on July 17, 2008.  After the Claims Administrator informed Mr. Roach that his claim was deficient because he had not submitted a copy of a complaint or an executed tolling agreement, Mr. Roach sued Merck in Illinois state court on November 12, 2009 under the mistaken belief that doing so would allow him to participate in the Settlement Program.  Rec. Doc. 63963-2, at 3.  The Claims Administrator denied Mr. Roach's claim on February 10, 2010 because Mr. Roach had not filed a complaint or executed a tolling agreement before the Settlement Agreement was reached.  Rec. Doc. 63864-1, at 3.  In the meantime, Merck removed Mr. Roach's claim to federal court, and the case was transferred to this MDL.

Merck moved for summary judgment that Mr. Roach's action is time-barred under Illinois law on April 18, 2012.  Merck argued that Mr. Roach's claims accrued no later than September 30, 2004, the day Merck voluntarily withdrew Vioxx from the market, as held by this Court in the *Pales* decision.  *See In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 814 (E.D.

2

La. 2007). Under the two-year statute of limitations for Illinois wrongful death claims, Merck argued, Mr. Roach was required to sue Merck no later than September 30, 2006, more than three years before Mr. Roach filed his complaint in Illinois state court. Mr. Roach filed an untimely opposition to Merck's motion on May 21, 2012. Shortly after Merck's May 23, 2012 reply, the Court granted Merck's motion for summary judgment in a June 5, 2012 Order and Reasons, Rec, Doc. 63893.

## THE LEGAL STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) applies to motions for reconsideration, such as Mr. Roach's motion, filed within 28 days of the challenged order. *Whetstone v. Jefferson Parish Pub. Sch. Bd.*, No. 07-9704, 2012 WL 1933730, at *2 (E.D. La. May 29, 2012) (Fallon, J.). Reconsideration under Rule 59(e) "'is an extraordinary remedy that should be used sparingly.'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors o[f] law or fact, or presenting newly discovered evidence." *Id.* (internal quotation marks and citations omitted). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Id.* (quotation marks omitted) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)). The manifest error standard "favors denial" of motions for reconsideration. *Id.*

## ARGUMENT

Mr. Roach offers no newly discovered evidence in support of his motion for reconsideration, nor could there be any such relevant new evidence given the nature of the matters at issue. Rather, Mr. Roach's motion for reconsideration is simply an improper attempt

3

1099697v1

"to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Whetstone*, 2012 WL 1933730, at *2 (alterations in original) (quoting *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010)). The Court's previous decision was a straightforward application of well-settled Illinois law, far from the necessary "complete disregard of the controlling law" that would make reconsideration appropriate. *See id.* Mr. Roach's new argument that the Release waived Merck's right to object to Mr. Roach's failure to execute a tolling agreement or file a complaint within the statute of limitations is both untimely and unfounded.

I.   **THE COURT'S CONCLUSION THAT MR. ROACH'S CLAIM ACCRUED NO LATER THAN SEPTEMBER 30, 2004 WAS NOT MANIFEST ERROR.**

First, Mr. Roach has not shown that the Court manifestly erred by determining that the wrongful death claim accrued no later than September 30, 2004, when Merck voluntarily withdrew Vioxx to an avalanche of media coverage. The Court based its conclusion on its prior ruling that media coverage can cause a claim to accrue as a matter of law under the Illinois discovery rule. *Vioxx*, 522 F. Supp. 2d at 814 (citing *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1116 (N.D. Ill. 1998)).

Mr. Roach has not cited any cases that undermine the Court's conclusion, nor has he pointed to any facts the Court overlooked in its analysis. *Mitsias v. I-Flow Corp.*, 959 N.E.2d 94 (Ill. App. Ct. 2011), on which Mr. Roach relies, is entirely consistent with the Court's previous decision. In *Mitsias*, an Illinois intermediate court addressed "the operation of the discovery rule in a situation where a plaintiff is aware of one potential wrongful cause of her injury, but she does not yet know, nor could she reasonably discover, a second potential wrongful cause, because the state of our scientific knowledge is as yet inadequate to unearth that second cause." *Id.* at 103. The plaintiff in that case had previously asserted a medical malpractice claim against

4

the doctors who had implanted a pain pump but argued that her product liability claim accrued later because the defect in the pump was initially scientifically unknowable. *Id.* at 99. Assuming that Mr. Roach initially suspected something other than Vioxx caused his mother's death, Mr. Roach's reliance on *Mitsias* fails because, unlike the *Mitsias* plaintiff, Mr. Roach easily could have discovered the basis for his claim. Myriad local and national television news programs covered Vioxx's withdrawal, and numerous local and national publications wrote about the alleged link between Vioxx and strokes in the days and months following the medicine's withdrawal. To require Mr. Roach to take advantage of such readily available information is not, in any sense, to require him to "'know[] the inherently unknowable.'" *See id.* at 105 (quoting *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981)). The Court's conclusion that Mr. Roach's claims accrued, and the effect of any alleged fraudulent concealment subsided, no later than September 30, 2004 was not manifest error.

## II. THE COURT'S CONCLUSION THAT MR. ROACH'S ATTEMPTED ENROLLMENT IN THE SETTLEMENT PROGRAM DID NOT RENDER HIS CLAIM TIMELY WAS NOT MANIFEST ERROR.

Second, Mr. Roach argues that his attempt to participate in the Settlement Program equitably tolled the fraudulent concealment statute of limitations, rendering his claim timely. But as the Court has already concluded, the fraudulent concealment limitations period does not apply if a reasonable time remains within the underlying limitations period to file a claim. Rec. Doc. 63893, at 7–8. Mr. Roach has not challenged the Court's conclusion that a reasonable time remained within the wrongful death limitations period after Merck withdrew Vioxx. Accordingly, there is no basis to challenge the Court's conclusion that Mr. Roach's participation in the Settlement Program could not toll the statute of limitations, because the statute of limitations had long expired. *See id.* "It is well settled in Illinois that conduct after the expiration of the limitations period cannot be relied upon to create an estoppel." *Sanders v. Chi.*

5

*Transit Auth.*, 581 N.E.2d 211, 214 (Ill. App. Ct. 1991) (citing cases); *see also Sokoya v. Schragel*, No. 07 C 137, 2010 WL 2166999, at *3 (N.D. Ill. May 27, 2010) ("Because equitable tolling concerns the defendant's prevention of plaintiff's assertion of rights, the conduct at issue must precede the expiration of the statute of limitations."). Whether the events surrounding Mr. Roach's application to the Settlement Program could toll the statute of limitations is simply irrelevant in this case.

### III. THE RELEASE DOES NOT WAIVE THE REQUIREMENT TO FILE A COMPLAINT OR EXECUTE A TOLLING AGREEMENT WITHIN THE LIMITATIONS PERIOD.

Mr. Roach's motion now argues — largely incomprehensibly — that his underlying cause of action merged "as a matter of law" into the Release he proffered when seeking to enroll in the Settlement Program, and that Merck, therefore, cannot assert the statute of limitations based on his failure to file a complaint or execute a tolling agreement within the limitations period.

As an initial matter, Mr. Roach has not explained why he could not timely assert this Release-based argument in opposition to the motion for summary judgment, and the Court should simply refuse to entertain it. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (holding that the district court did not abuse its discretion by refusing to consider an argument raised for the first time in a Rule 59(e) motion).

In any event, the argument clearly lacks merit. The Release Mr. Roach executed on October 30, 2008 was created pursuant to the form release established by the Settlement Agreement. *See* MSA § 1.2.2.3. The Release must, therefore, be construed in conjunction with the Settlement Agreement. *See In re Holocaust Victim Assets Litig.*, 256 F. Supp. 2d 150, 153 (E.D.N.Y. 2003) (citing *RJE Corp. v. Northville Indus. Corp.*, 198 F. Supp. 2d 249, 263 (E.D.N.Y. 2002), *aff'd*, 329 F.3d 310 (2d Cir. 2003)). Mr. Roach contends that the Release

6

somehow relieved him of the requirement to file a complaint or execute a tolling agreement.  It plainly does not.   The Settlement Agreement, through its definition of Eligible Claimants, limited participation in the Settlement Program to those who had already filed a complaint or executed a tolling agreement.  MSA §§ 1.2.1 (limiting Settlement Program participation to Eligible Claimants), 17.1.22 (defining Eligible Claimant).  Mr. Roach was never eligible to submit a Release, and his attempt to execute and proffer one therefore lacked any validity or consequence. Under the Settlement Program, the Release was simply tendered, and was not accepted by Merck, as the plaintiff was not found eligible by the Claims Administrator.

     Furthermore, the Settlement Agreement nowhere suggests that Merck would allow untimely complaints without a timely tolling agreement. To the contrary, the Settlement Agreement makes clear that Merck did not give up the right to assert any defense, including the statute of limitations, in any subsequent proceedings.  Although Merck agreed that the Claims Administrator would not consider the statute of limitations as a valid defense within the context of the Settlement Program, Merck could raise the statute of limitations, or any other defense, in "any litigation" outside the Settlement Program.  MSA § 7.1.  Under the plain language of the Settlement Agreement, Merck is free to assert the statute of limitations as a defense to Mr. Roach's stale claim.

1099697v1

## **CONCLUSION**

Mr. Roach's motion fails to satisfy the high standard for reconsideration. Accordingly, the Court should deny the motion for reconsideration.

Dated: July 19, 2012

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
527 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff Walter J. Roach's Motion for Reconsideration has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day of July, 2012.

>  */s/ Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com

1099697v1