UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Sandra Elliott v. Merck Sharpe & Dohme Corp.*, | * | KNOWLES |
| 2:06-cv-10987-EEF-DEK | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
TO MERCK'S MOTION FOR SUMMARY JUDGMENT**

On June 29, Defendant Merck Sharp & Dohme Corp. ("Merck") filed a Motion for Summary Judgment seeking dismissal of Plaintiff Sandra Elliott's claims against Merck under the doctrine of judicial estoppel because Ms. Elliott did not list her claims as an asset in her 2009 bankruptcy proceedings as required. *See* R. Doc. 63959. Ms. Elliott's opposition to Merck's motion was due on July 20, and the motion has been set for submission before this Court on this date, July 25. On July 24 (four days after her opposition was due), Ms. Elliott filed a motion requesting an additional four weeks to respond to Merck's motion so that she could seek to amend her 2009 bankruptcy filings to include her claims against Merck. *See* R. Doc. 64004 at 1. But this approach is explicitly foreclosed by well-established Fifth Circuit precedent, which makes clear that debtors who failed to disclose their claims in bankruptcy proceedings will not be permitted to resurrect such claims by re-opening the bankruptcy proceedings and amending their petitions, for "[j]udicial estoppel was designed to prevent such abuses." *See In re Superior Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004). Thus, Ms. Elliott's proposed course of action of

1

amending her bankruptcy filings would be futile, and her requested four-week extension pointless. Accordingly, Merck respectfully requests that the Court deny Ms. Elliott's request for an extension and consider its Motion for Summary Judgment on the merits without additional delay.[1] In opposition to Ms. Elliott's motion, Merck further states as follows:

1.  In her motion, Ms. Elliott states that the requested four-week extension is necessary "in order to pursue the option of amending the bankruptcy filings." R. Doc. 64004 at 2. But no amendment to her bankruptcy filings can save Ms. Elliott's claims against Merck. Allowing Ms. Elliott to "back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, [would] suggest[] that a debtor should consider disclosing personal assets only if [s]he is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). The Fifth Circuit has firmly rejected such an approach. *See Superior Crewboats,* 374 F.3d at 336 (holding that the debtors could not "be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition," for "[j]udicial estoppel was designed to prevent such abuses"); *see also Loyd v. Harrah's Shreveport/Bossier City Holding Co.*, No. Civ.A.03-0757-S, 2005 WL 3113028 at *2 (W.D. La. Nov. 21, 2005) ("The Fifth Circuit case law is clear. The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The judicial system should not be abused in this manner." (citing *Superior Crewboats*, 374 F.3d at 334)); *Barger v. City of Cartersville*, 348 F.3d

---

[1] In the alternative, Merck respectfully suggests that its Motion for Summary Judgment be reset for submission on August 16, 2012, the date of the next MDL Status Conference, with any opposition due on or before August 10, 2012 (which would afford Plaintiff an additional three weeks beyond the original due date) and Merck's reply due on or before August 14, 2012. Counsel for Merck will be prepared to discuss the motion at that conference if argument is requested.

2

1289, 1297 (11th Cir. 2003) (rejecting plaintiff's attempt to reopen her bankruptcy estate to include and thereby rehabilitate her dismissed discrimination claims).[2]

2. Accordingly, because amending her bankruptcy papers (if it is even permitted by the bankruptcy court at this late date)[3] would be futile to save Ms. Elliott's claims against Merck in this lawsuit, her requested four-week extension is not needed for this stated purpose, and would serve only to create unnecessary delay in the discovery schedule.[4]

3. Lastly, with respect to the merits of Merck's motion, Ms. Elliott attempts to create confusion by vaguely insinuating that her pending claims against Merck were not disclosed to the bankruptcy court "in large part due to the improper rejection of Ms. Elliott's Future Evidence Stipulation." *See* R. Doc. 64004 at 2. The actual undisputed facts belie any such suggestion: Ms. Elliott signed her false statements to the bankruptcy court under penalty of perjury, attesting that she had no contingent or unliquidated claims of any nature and that she was not a party in

---

[2] Furthermore, even if Ms. Elliott's claims were not barred by judicial estoppel and could be included in her bankruptcy estate at this late date, those claims would be assets *of the bankruptcy estate*, to be pursued by the bankruptcy trustee with any proceeds to be distributed amongst her creditors. Having filed for bankruptcy after her claims against Merck arose, Ms. Elliott no longer would have standing to pursue these claims on her own behalf. *See Barger*, 348 F.3d at 1292 (holding that plaintiff's discrimination claims that arose prior to her bankruptcy petition "are the property of the bankruptcy estate," and therefore that the bankruptcy trustee "is the real party in interest [with] exclusive standing to assert" them) (citing 11 U.S.C. § 541(a) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy)).

[3] Ms. Elliott's counsel makes the puzzling assertion that she first learned of the bankruptcy issue in this case when she received Merck's motion, and was thus caught unawares by it. R. Doc. 64004 at 1. That same counsel was present for Ms. Elliott's December, 2011 deposition where she testified that she had filed for bankruptcy in the previous year or so as well as on two additional occasions. *See* Ex. 9 to Def.'s Stmt. Of Material Facts at 48:20-49:12. Thus, Ms. Elliott's counsel learned of this issue at least as early as Merck did.

[4] Under Pretrial Order 58, all fact discovery is due to be completed in the "Other Injury" cases (including Ms. Elliott's case) by November 1, 2012.

any suit or administrative proceeding, on June 30, 2009 – *over seven weeks before her Future Evidence Stipulation was rejected* and a week before the Gate Committee had even issued its Notice of Ineligibility for the Resolution Program.  *See* Ex. 10 to Def.'s Stmt. Of Material Facts at 10, 25, 28, 37; Ex. 7 to Def.'s Stmt. Of Material Facts ¶¶ 11, 15.  Ms. Elliott never amended or corrected her false statements, and indeed for *every single day* that Ms. Elliott had a bankruptcy petition pending that asserted she had no concurrent lawsuits or claims, she was simultaneously seeking monetary recovery from Merck on her Vioxx claims.  As a result, when the bankruptcy court issued its "no-asset" discharge to Ms. Elliott on October 9, 2009, erasing approximately $40,000 of her debts and leaving her creditors empty-handed, it did so based on her false representations that she had no pending claims.  Ex. 10 to Def.'s Stmt. Of Material Facts at 23; Ex. 11 to Def.'s Stmt. Of Material Facts at 2; Ex. 12 to Def.'s Stmt. Of Material Facts.  All the while, Ms. Elliott was quietly sitting on her pending claims against Merck, for which she seeks to recover substantial money damages, only to pursue them with renewed vigor within months after receiving her bankruptcy discharge.  This is the exact result that the doctrine of judicial estoppel bars.[5]  *See Superior Crewboats*, 374 F.3d at 336; *Burnes v.* 291 F.3d at 1288.

---

[5]   Ms. Elliott's motion also implies that her failure to list her pending claims against Merck in her bankruptcy petition can be blamed on "errors made in the bankruptcy filing by bankruptcy counsel." R. Doc. 64004 at 1.  Beyond the fact that Ms. Elliott signed her bankruptcy petition in her personal capacity under penalty of perjury, attesting that all statements therein were true and correct, *see* Ex. 10 to Def.'s Stmt. Of Material Facts at 3, this argument is also without legal merit.  Reliance on an attorney does not relieve a bankruptcy debtor "of her affirmative duty to disclose nor of the diligence required to ensure . . . that her sworn statements remain true." *In re Walker*, 323 B.R. 188, 196 (S.D. Tex. 2005) (citing *In re Sholdra*, 249 F.3d 380, 383 (5th Cir. 2001) (debtor's purported inexperience with financial affairs did not negate the fact that he made false oaths by knowingly swearing to false information, and the debtor's reliance on the advice of counsel did not relieve the debtor of his duties)); *see also Barger* 348 F.3d at 1295 (even where it was undisputed that debtor's attorney failed to list a claim on the schedule of assets after debtor *specifically told him* about the claim, that nondisclosure could not be considered inadvertent).  Parties cannot avoid the omissions of their freely chosen

## CONCLUSION

For the foregoing reasons, the Court should deny Ms. Elliott's request for an extension of time and address the merits of Merck's Motion for Summary Judgment.

Dated:  July 25, 2012                    Respectfully submitted,


                         /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

---

attorneys. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant.").

5

1100204v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion for Extension of Time to Respond to Merck's Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of July, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com
Defendants' Liaison Counsel

1100204v1