# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | **MDL NO. 1657** |
| **IN RE: VIOXX** | : |  |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION:  L** |
|  | : |  |
|  | : | **JUDGE FALLON** |
|  | : |  |
|  | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**          *Elena Strujan v. Merck & Co., Inc.*, 07-906

## ORDER & REASONS

The Court has pending before it Merck's motion for summary judgment with respect to Plaintiff Elena Strujan.  (Rec. Doc. 63872).  The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

## I.     Background

To put this matter in perspective, a brief review of this litigation is appropriate.  This multidistrict products liability litigation involves the prescription drug Vioxx, known generically as Rofecoxib.  Merck, a New Jersey corporation, researched, designed, manufactured, marketed and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid arthritis, menstrual pain, and migraine headaches.  On May 20, 1999, the Food and Drug Administration approved Vioxx for sale in the United States.  Vioxx remained publicly available until September 30, 2004, when Merck withdrew it from the market after data from a clinical trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular

thrombotic events such as myocardial infarction (heart attack) and ischemic stroke. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort, fraud, and warranty claims. On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a $4.85 billion Master Settlement Agreement that eventually resolved over 99% of Vioxx claims.

This remaining personal injury case arises out of various alleged injuries to Plaintiff Elena Strujan. Strujan is a resident of New York who alleges that because she took Vioxx from 1999 or 2000 to 2004, she experienced chest pain, palpitation, fatigue, shortness of breath, angina pectoris, excessive anxiety, depression, emotional stress disorder, and a permanent risk of heart attack. Strujan alleges that in September 2004, her pharmacist advised her to stop taking Vioxx. Furthermore, in November 2004, her primary care physician stated in a report that he believed her cardiac condition had been caused by Vioxx.

This summary judgment motion relates to Strujan's filing for bankruptcy in October 2005. Merck notes that Strujan failed to disclose her potential claims against Merck as an asset within her bankruptcy petition.[1] Therefore, Merck argues that her claims against Merck should now be dismissed under the doctrine of judicial estoppel. Strujan's response describes in detail

---

[1]Strujan did not file a statement of contested material facts in accordance with Local Rule 56.2. As a result, Merck's Statement of Material Facts as to Which There Is No Dispute (Rec. Doc. 63872-1) would normally be deemed admitted, but the Court need not apply Local Rule 56.2 to resolve this matter, as Strujan admits the majority of these facts in her response (Rec. Doc. 63948) and sur-reply (Rec. Doc. 63982).

the circumstances surrounding her bankruptcy filing. The crux of her argument[2] is that she was unaware that her attorney in the bankruptcy proceeding did not include her potential Vioxx claim in the bankruptcy petition, because she was "very depressed, and very embarrassed" at having to file. (Rec. Doc. 63948 at 12). Strujan also suggests some desire to reopen her bankruptcy proceedings to cure the omission. *Id.* at 16-17.

## II.      Law and Analysis

## A.      Summary Judgment Standard

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255.

---

[2]Strujan proceeds in this case pro se and includes in her filings a great deal of information that is irrelevant to Merck's motion.

**B.     Judicial Estoppel**

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation."  *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004).  "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999).  This duty extends to potential causes of action.  *Id.* at 208.  Thus, judicial estoppel can bar a plaintiff from proceeding with a claim when he or she failed to disclose that claim in a bankruptcy petition.  There are three requirements for judicial estoppel to apply: "(1) [T]he party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent."  *Superior Crewboats*, 374 F.3d at 335.  A nondisclosure is considered inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  *Coastal Plains*, 179 F.3d at 210.

**C.     Analysis**

Merck argues that all three requirements listed above are met in Strujan's case.  Merck argues that Strujan's omission of her Vioxx-related claims from her bankruptcy filing was "tantamount to a representation that no such claim[s] existed," *Superior Crewboats*, 374 F.3d at 335, and this representation was accepted by the bankruptcy court when it adopted her position that she had no claims.  Merck argues that the disclosure was not inadvertent because Strujan was aware that she might have a claim due to her previous experience with Vioxx and the statements of her pharmacist and doctor.  Furthermore, Merck argues that Strujan had a motive

to conceal her claims because by concealing them, she would retain the ability to profit from them directly.

Strujan's response centers around the failure of her bankruptcy attorney to disclose Strujan's claims against Merck in her bankruptcy petition. Strujan essentially argues that she was not aware of this nondisclosure, and therefore her nondisclosure can be considered "inadvertent." Strujan also refers to the possibility of reopening her bankruptcy proceeding, and reports that she asked her bankruptcy lawyer "to fix the problem" this past September, but did not hear back from him. (Pl. Opp., Rec. Doc. 63948 at 17).

Strujan's arguments cannot succeed. Strujan essentially argues that from her perspective, the nondisclosure was "inadvertent" because she relied on her bankruptcy attorney to make the correct disclosures and he failed to do so. But Strujan was required to sign her own bankruptcy petition attesting to the truth of the contents. Strujan is, at this point, bound by her attorney's conduct and her own signature on her bankruptcy petition. *See Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) (holding that even where it was undisputed that debtor's attorney failed to list a claim on the schedule of assets after debtor *specifically told him* about the claim, that nondisclosure could not be considered inadvertent). Furthermore, while Strujan makes some reference to reopening her bankruptcy proceeding, and states in an affidavit that she will do so in the future (Rec. Doc. 63982-1 at 2), she has not actually made any attempt to do so (other than writing a letter to her former attorney) at this time. The Court does not disbelieve Strujan's assertions that she did not act in bad faith when she failed to disclose her claims. However, bad faith is not a requirement for the doctrine of judicial estoppel to apply. Merck has demonstrated that there is no genuine issue of material fact with respect to the application of

judicial estoppel in Strujan's case.  Therefore, Merck's motion for summary judgment must be granted.

**IV.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Merck's motion for summary judgment (Rec. Doc. 63872) is GRANTED.  Plaintiff Elena Strujan's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Strujan's cross motions (Rec. Doc. 63948) are DENIED.

New Orleans, Louisiana, this 25th day of July, 2012.

UNITED STATES DISTRICT JUDGE