**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *LaDonna King v. Merck & Co., Inc.*, | * | KNOWLES |
| 2:06-cv-10270-EEF-DEK | * | |
| | * | |

********************************************************************************

**DEFENDANT MERCK'S MOTION, RULE AND**
**INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE**
**SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Merck has filed a motion for summary judgment in this case based solely on a legal

issue—the applicable statute of limitations.  In response, Ms. King's counsel filed a Motion to

Withdraw as Counsel  (R. Doc. 64006), and has requested that Merck's summary judgment

motion be "remanded" until after the Court rules on counsel's Motion to Withdraw.  *See* R. Doc.

64006 at 2-3.

Based on the representations made in the Motion to Withdraw, as well as other recent

interactions with counsel, it appears that, despite her counsel's numerous diligent efforts to

communicate with her regarding her case, Plaintiff Ladonna King has (for the second time)

ceased communicating with counsel and has essentially abandoned her claim.  Accordingly,

Merck requests that Ms. King be instructed to show cause at a hearing on August 16, 2012 why

her case should not be dismissed with prejudice.  If Ms. King indicates in response to the Court's

Order to Show Cause that she intends to pursue her claims, Merck submits that the time for her

to respond to Merck's pending Motion for Summary Judgment could be deferred to allow her to

1

obtain new counsel or address the Motion *pro se* in the event the Court grants the Motion to Withdraw. [1]

In support of this Motion, Merck further states as follows:

1.        On many occasions in this litigation this Court has indicated that a plaintiff who files a personal injury lawsuit as an obligation to stay in communication with his or her attorneys.  When an attorney has made numerous diligent efforts to communicate with his client but cannot do so, that plaintiff has essentially abandoned his or her claim.  Such an abandonment warrants dismissal of that claim. [2]

2.        As set forth in the pending Motion to Withdraw, Ms. King has ceased communicating with her counsel regarding this case.  Specifically, Ms. King's counsel has attempted in recent months to contact her by telephone, regular mail, certified mail and Federal Express, all to no avail.  *See* R. Doc. 64006 at 1-2.

3.        While the Motion to Withdraw does not specify the date when Plaintiff's counsel last received a communication from Ms. King, it indicates that there has been no contact since at least the time that counsel for Merck began requesting dates for Plaintiff's deposition in June. *See* R. Doc. 64006 at 2; Ex. 1 (June 20, 2012 Letter from E. Horn to A. Oldfather) (following up

---

[1]        A copy of this motion is being served on Ms. King at her last known address.

[2]        *See, e.g., Landry v. Marine Transp. Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing  personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) *(gr*anting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, *Mag., J.); see also Link v. Wabash R.R., 370 U.S. 626,* 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control ne*cessarily vested in courts to* manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. Sch. Dist.*, 570 F.2d 541, 544 (5t*h Cir. 1978) (same).*

1100370v1

on an earlier rebuffed request).  As a result, Merck has been unable to secure a date for Plaintiff

King's deposition, despite the impending discovery deadline in her case.[3]

        4.       This is not the first time that Ms. King has ceased participating in her lawsuit by

failing to maintain contact with her counsel.  Over two years ago in June, 2010, Merck moved

the Court for an Order to Show Cause why Ms. King's case should not be dismissed for failure

to prosecute after it had tried unsuccessfully for a number of months to obtain signed medical

records authorizations from Ms. King.  *See* R. Doc. 45728.  At that time, the office of Ms. King's

co-counsel provided frank information about their inability to contact Ms. King:  :

> For LaDonna King – ***she is MIA and we cannot find her***.  ***All attempts to reach her by phone and mail have been fruitless***. You can stop sending the authorization forms – we have 3 copies of them now.  ***We have sent these forms to multiple addresses and made numerous phone calls, and have even involved our private investigator to try to track down Ms. King***.  However, like I said we have not been able to find her or get her to respond.  We are doing everything in our power to make this happen.

R. Doc. 45728 ¶5.  Several weeks after Merck filed its motion, Ms. King's other counsel (Ms.

Oldfather) notified Merck that they had found their client, and Merck agreed to withdraw its

motion at that time.  *See* R. Doc. 52608.  Now once again Ms. King has apparently gone "MIA."

        5.       In June, Merck contacted Ms. King's counsel to schedule the plaintiff's

deposition, in light of the November 1, 2012 discovery deadline.  In response to Merck's June

request for deposition dates, plaintiff's counsel informed Merck's counsel that "in the process of

setting up these depositions, [they had] realized that it may not be necessary to schedule Ms.

King's deposition."  Ex. 2 (July 5 and July 9, 2012 email chain).  In this message, Plaintiff's

counsel promised additional follow-up "in the next several days."  *Id.*

---

[3]      Under Pretrial Order 58, all fact discovery is due to be completed in the "Other Injury" cases (including Ms. King's case) by November 1, 2012.

1100370v1

6.      On July 9, after hearing nothing more about Ms. King's case, counsel for Merck inquired directly whether Ms. King intended to voluntarily dismiss her case.  *Id.*  Plaintiff's counsel responded that they were "not at liberty to comment further right yet."  *Id.*

7.      On July 12, still hearing nothing further from Plaintiff's counsel, counsel for Merck reiterated its request for deposition dates and asked for an update on the status of Ms. King's case.  Ex. 3 (July 12 emails between E. Horn and M. Hastings).  Plaintiff's counsel, now promising follow-up in an additional week, again reiterated that "as we stated in previous emails, we do not anticipate that it will be necessary to schedule her deposition."  *Id.*

8.      In short, for several weeks Ms. King's counsel provided repeated assurances that Ms. King's deposition *would not need to be scheduled*.  The only reasonable and logical conclusion one would draw from such assurances is that no additional discovery was necessary because Ms. King would no longer be proceeding with her case against Merck.

9.      On July 16, still hearing nothing further about Ms. King's case, counsel for Merck notified Plaintiff's counsel that it intended to file a dispositive motion in Ms. King's case, but that it would withdraw the motion if Ms. King did voluntarily dismiss her case.  Merck's counsel explained that in the absence of a definitive resolution of Ms. King's case, Merck  could not defer filing because the parties must provide the Court sufficient time to consider the motion in light of the impending discovery deadline.[4]  Ex. 3 (July 16, 2012 emails between E. Pistilli and A. Oldfather).

10.     In response to this correspondence, Plaintiff's counsel revealed for the first time that counsel planned to file a motion to withdraw from their representation of Ms. King, and had

---

[4]      The next MDL status conference is August 16, 2012.  The next conference has been scheduled for October 11, 2012.  Pursuant to PTO No. 58, any fact discovery in Ms. King's case must be completed by November 1, 2012.

been waiting for the applicable notice periods to run. *Id.* This action cannot be reconciled with

Plaintiff's counsel's previous repeated representations that scheduling Ms. King's deposition

"may not be necessary." Even if current counsel is permitted to withdraw, that does not make

scheduling Ms. King's deposition "unnecessary." Absent a dismissal or entry of summary

judgment in Ms. King's case, discovery would still be required prior to the Court's deadline

regardless of whether plaintiff's current attorneys chose to terminate their own involvement in

the case.

11.     In addition to requesting leave to withdraw, Plaintiff's counsel's Motion to

Withdraw also requests that Merck's pending summary judgment motion (which argues that Ms.

King's case must be dismissed because it was file over two years after the expiration of the

applicable statute of limitations, *see* R. Doc. 63995) be "remanded" until after the Court rules on

counsel's Motion to Withdraw. *See* R. Doc. 64006 at 2-3.

12.     Even if such action were procedurally proper, Plaintiff's counsel has provided no

reason as to why such steps would be warranted. Merck's Motion for Summary Judgment

should remain pending. If Ms. King indicates that she does intend to pursue her claims, the

dispositive statute of limitations issues raised in Merck's motion should be addressed

expeditiously, as it may obviate the need for any additional discovery in Ms. King's case.

13.     Accordingly, Merck moves the Court for entry of an order requiring Plaintiff

LaDonna King to show cause at a hearing on August 16, 2012 why her case should not be

dismissed with prejudice for failure to prosecute. Ms. King should be instructed to respond to

this Court's Order to Show cause and give some indication of whether she intends to continue to

pursue her claims against Merck before this Court. If she does not respond, Merck respectfully

1100370v1

moves the Court for an order dismissing her claim pursuant to Federal Rules of Civil Procedure

Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter an Order to Show

Cause why Ms. King's claims should not be dismissed with prejudice.  A proposed order is

attached.

Dated:  July 26, 2012                                        Respectfully submitted,


                                                 /s/ Dorothy H. Wimberly
                                                Phillip A. Wittmann, 13625
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER
                                                WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana 70130
                                                Phone: 504-581-3200
                                                Fax:    504-581-3361

                                                Defendants' Liaison Counsel

                                                 —and—

                                                Douglas R. Marvin
                                                Eva Petko Esber
                                                M. Elaine Horn
                                                Emily Renshaw Pistilli
                                                WILLIAMS & CONNOLLY LLP
                                                725 Twelfth Street, N.W.
                                                Washington, D.C. 20005
                                                Phone: 202-434-5000
                                                Fax:    202-434-5029


                                                Attorneys for Merck Sharp & Dohme Corp.

1100370v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cross-Motion to Dismiss has been served on

Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail or by hand

delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No.

8(C) in accord with the procedures established in MDL 1657 on this 26th day of July, 2012.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com

1100370v1