**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document Relates to | * | JUDGE FALLON |
| Cases Listed on Exhibit A | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR
EXTENSION OF TIME TO FILE EXPERT REPORTS
REQUIRED BY PTO 58, SECTION II**

Due to the absence of approximately 12,000 critical images that were thought to be included in the Vioxx Concordance Database ("VCD") provided by the Plaintiffs' Steering Committee ("PSC"), the undersigned respectfully requests a short extension of two weeks to file the VTE expert reports addressed in PTO 58.  The missing images are, as mentioned, approximately 12,000 in number, but their real significance is that they are MedWatch reports and adverse experience reports, without which the signal analysis of the VTE events caused by Vioxx cannot be completed.  Plaintiffs also request an emergency telephonic hearing pursuant to Local Rule 78.1.

On July 17, 2012, counsel encountered a problem with the images produced by the PSC in the VCD.  Plaintiffs' experts were finishing the extensive review of the MedWatch reports and adverse experience forms contained in the VCD provided by the PSC.  What was originally thought to be a minor glitch turned out to be much, much more.  MedWatch reports with objective character recognition ("OCR") text could not be associated with an actual imaged document, and the initial anticipated fix (correcting the image path) located some but not all of

the documents. In the end, it was determined that 11,781 MedWatch reports and adverse event reports were missing.

In order to isolate the VCD problem and determine its extent, counsel's staff exported approximately 27,000 Medwatch-related documents from the VCD to a separate database and ran a custom-made diagnostic script to locate records without a corresponding image file path. This generated a substantial error log revealing 11,781 missing images and numerous broken file paths. Counsel's staff was able to fix the broken file paths, but the images simply did not exist on the VCD. A detailed review of the VCD path structure revealed that the VCD did not contain numerous production folders.[1] The 11,781 images should have been in ten separate folders, but none of those folders were on the VCD.

A remote log-in to the VCD at the New Orleans Depository verified that the *exact same* image files were missing from the PSC's copy of the VCD. Thus, this confirmed that the missing images were not lost in the cloning process but rather that the VCD had not been fully reconstructed. The PSC confirmed that it could not locate these image folders on their VCD. The PSC was able to locate some, but not all, of these image folders on CDs or hard drives in the Vioxx Depository.

Plaintiffs' counsel and staff have worked diligently with the PSC and Merck to obtain these missing images. The PSC and Merck have been quite cooperative. A timeline of the efforts to expediently work through this problem is attached as Exhibit B. As a result, counsel has been able to overnight the missing images to Plaintiffs' experts on July 26, 2012. The experts now must re-load and re-index the new materials, and as a result the earliest that review of these extensive images can begin was today, Monday, July 30, 2012.

---

[1] This is believed to be the result of the PSC's use of Windows Explorer – rather than a dedicated copy product capable of handling large and deeply layered folders of image files – during the PSC's reconstruction of the VCD.

The missing image files are essential to complete the analysis on signal information, the statistical analysis, and the epidemiological review of the data from Merck's clinical trials and from adverse experiences, and is central to these expert reports, and of interest if not of central importance to other expert reports.  As a result of this completely unforeseen delay, Plaintiff's experts have lost a *minimum* of two weeks of forward progress on the VTE expert reports.

The undersigned communicated with Merck's counsel throughout this process, and in her initial email on this matter asked for agreement that the deadline be tolled until this problem could be resolved.  *See* Exhibit C, Email from A. Oldfather, dated July 20, 2012.  On July 27, 2012, Merck was asked to commit by Monday, July 30, 2012, to an agreed request for extension of the VTE deadlines.  *See* Exhibit D, Email from M. Hastings, dated July 27, 2012.  Merck has never responded, neither agreed nor disagreed, to any of counsel's inquiries and requests regarding the effect of this unforeseen delay on the PTO 58 deadline.

Plaintiffs respectfully request a telephonic hearing pursuant to Local Rule 78.1 to discuss an extension on the VTE expert reports since the established deadline will otherwise have come and gone before the parties can be heard.  An appropriate Order is tendered herewith.

                Respectfully submitted,

                /s/ Ann B. Oldfather

                Ann B. Oldfather
                KBA Bar #52553
                Liaison Counsel/Lead Counsel
                OLDFATHER LAW FIRM
                1330 S. Third Street
                Louisville, KY   40208
                502.637.7200
                502.637.3999  (fax)
                aoldfather@oldfather.com
                *Counsel for Certain Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Emergency Motion for Extension of Time to File Expert Reports Required by PTO 58, Section II has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of July, 2012.

/s/ Ann B. Oldfather
_____
Ann B. Oldfather