IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:  VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br><br>ALL PURCHASE CLAIMS CLASS<br>ACTION COMPLAINTS PENDING OR<br>SUBJECT TO TRANSFER TO<br>MDL 1657 | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' EIGHTH
NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

Plaintiffs have submitted to the Court their eighth notice of supplemental authority, citing a recent decision by the U.S. Court of Appeals for the Sixth Circuit in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 678 F.3d 409 (6th Cir. 2012), *rehearing en banc denied*, 2012 U.S. App. LEXIS 12560 (6th Cir. June 18, 2012).

In *Whirlpool*, the Sixth Circuit upheld certification of a class of washing-machine purchasers who claimed that their machines had a design defect that made them likely to develop mold and therefore less valuable.  678 F.3d at 412-13.  Plaintiffs argue that, by virtue of approving a class that included both those purchasers whose machines had already exhibited the alleged defect and those whose machines had not, the Sixth Circuit embraced the view that a "plaintiff class sufficiently establishes injury for standing purposes if each putative class member was relieved of money in a transaction."  (Pls.' Eighth Notice of Supp'l Auth. at 1, ECF No. 63977.)  Accordingly, plaintiffs submit *Whirlpool* in support of their argument that they have

standing to bring suit against Merck because they "paid money in whole or in part for Vioxx" (*id.*), even though the drug worked as intended and did not cause them any physical injury.

Plaintiffs' reliance on *Whirlpool* is misguided. *Whirlpool*, a class certification decision, neither held nor suggested that prescription-drug purchasers can consume a drug, receive its benefits and then sue to recover for alleged economic losses, absent a claim that the drug caused them personal injuries. By contrast, both this Court and the Fifth Circuit have held that such suits are improper. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2001); *District of Columbia ex rel. Walker v. Merck & Co.*, No. 08-4148, 2012 U.S. Dist. LEXIS 81637, at *20 (E.D. La. June 13, 2012).

In *Rivera*, the plaintiff brought a putative class action asserting a claim for violation of the Texas Deceptive Trade Practices Act arising out of the defendant pharmaceutical manufacturer's allegedly deceptive marketing of the drug Duract. 283 F.3d at 316-17. There, the plaintiff did "not claim Duract caused [her or any proposed class member] physical or emotional injury, was ineffective as a pain killer, or ha[d] any future health consequences to users." *Id.* at 319. The district court initially granted the motion for class certification, but the Fifth Circuit reversed, holding that the plaintiff was "not among the injured" and therefore lacked standing to sue. *Id.* at 320. In so holding, the Court of Appeals rejected the plaintiff's argument that she was denied the benefit of her bargain. *Id.* According to the court, because the plaintiff failed to allege that the drug was ineffective or caused her any physical injuries, she "paid for an effective pain killer, and . . . received just that – the benefit of her bargain." *Id.*

Based in large part on *Rivera*, this Court recently dismissed consumer fraud claims alleged by a Vioxx purchaser under the District of Columbia Consumer Protection and Procedures Act because the plaintiff did not allege that he suffered any physical injury as a result

of taking Vioxx.  As the Court explained, "merely purchasing a drug – which in fact helped Plaintiff – does not generate an economic injury giving rise to Article III standing."  *Walker*, 2012 U.S. Dist. LEXIS 81637, at *20; *accord In re McNeil Consumer Healthcare*, MDL No. 2190, 2011 U.S. Dist. LEXIS 76800, at *47 (E.D. Pa. July 15, 2011) ("[t]he mere purchase" of an allegedly misrepresented pharmaceutical medication "cannot be sufficient to establish injury-in-fact"); *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1369 (11th Cir. 2011) ("[A]llegations of out-of-pocket overpayment in the purchase of prescription drugs do not, alone, give rise to an actionable injury. . . . Rather, Martin, to meet her pleading burden under *Twombly* and *Iqbal*, must allege that she plausibly purchased medically unnecessary or inappropriate Seroquel prescriptions.").

The same is true here.  The Master Complaint is devoid of any allegation that the Vioxx purchased by plaintiffs failed to work as intended or caused plaintiffs any harm.  Instead, plaintiffs' claims are based entirely on the assertion that they would not have purchased Vioxx if Merck had disclosed more or different information about the drug's risks.  (*See, e.g.*, Master Compl. ¶¶ 174, 176, 206.)  However, as this Court has already recognized, "merely purchasing a drug" that worked as intended is not sufficient to create standing under federal law.  *Walker*, 2012 U.S. Dist. LEXIS 81637, at *20.  Thus, plaintiffs' class claims are barred and should be dismissed.

Finally, even if plaintiffs were correct that the named plaintiffs included in the Master Complaint allege a valid economic injury, their class claims would still fail because they cannot establish a causal connection, through common evidence, between Merck's alleged misstatements regarding Vioxx and each Vioxx purchaser's decision to take the drug.  *See Kleinman v. Merck & Co., Inc.*, No. ATL-L-3954-04, 2009 WL 699939, at *13 (N.J. Super. Ct.

3

Law Div. Mar. 17, 2009) (refusing to certify a class of Vioxx purchasers alleging New Jersey Consumer Fraud Act claims because, *inter alia*, individualized questions regarding causation would predominate); *see also In re Vioxx Consol. Class Action*, No. JCCP 4247, slip op. at 9 (Cal. Super. Ct. Los Angeles County Apr. 30, 2009) (refusing to certify consumer fraud and unjust enrichment claims brought by California Vioxx users because "each class member must demonstrate . . . that the misrepresentation or nondisclosure influenced [his or her] prescription decisionmaking," which is based on numerous patient-specific factors that influenced physicians to prescribe Vioxx.), *aff'd*, 180 Cal. App. 4th 116 (Cal. Ct. App. 2009).  As Judge Higbee noted in denying certification of a proposed New Jersey consumer class, "the decision of whether to prescribe a medication is made upon a host of individualized factors, including other risk factors the plaintiffs possessed and whether other drugs were effective in relieving the plaintiffs' pain." *Kleinman*, 2009 WL 699939, at *13.  Thus, "an individualized determination would be required for each plaintiff to determine if the concealment of the CV risk information had a causal relationship on the decision made as to whether or not the patient used Vioxx." *Id*.  Accordingly, in the event that the Court does not grant Merck judgment on the pleadings with respect to all of the claims in the Purchase Claims Master Complaint, it should, at the very least, strike plaintiffs' class claims.

Dated:  August 1, 2012　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Dorothy H. Wimberly*
　　　　　　　　　　　　　　　　　　　　　　　　Phillip A. Wittmann, 13625
　　　　　　　　　　　　　　　　　　　　　　　　Dorothy H. Wimberly, 18509
　　　　　　　　　　　　　　　　　　　　　　　　STONE PIGMAN WALTHER
　　　　　　　　　　　　　　　　　　　　　　　　WITTMANN L.L.C.
　　　　　　　　　　　　　　　　　　　　　　　　546 Carondelet Street
　　　　　　　　　　　　　　　　　　　　　　　　New Orleans, LA 70130

5

        Douglas R. Marvin
        WILLIAMS & CONNOLLY LLP
        725 Twelfth St., N.W.
        Washington, DC 20005

        John H. Beisner
        Jessica Davidson Miller
        SKADDEN, ARPS, SLATE, MEAGHER &
        FLOM LLP
        1440 New York Avenue, N.W.
        Washington, DC 20005

        ATTORNEYS FOR MERCK SHARP &
        DOHME CORP.

1100807v1

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of August, 2012.

        */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com
 Defendants' Liaison Counsel

1100807v1