UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX®PRODUCTS LIABILITY            MDL 1657
LITIGATION                                  SECTION L
                                            JUDGE FALLON
                                            MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:                   Case Number:  2:06-cv-10987

**Sandra Elliott**                          PLAINTIFF

v.

**Merck & Co., Inc.**                       DEFENDANTS

PLAINTIFF'S REPLY TO DEFENDANT MERCK'S OPPOSITION TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
MERCK'S MOTION FOR SUMMARY JUDGMENT

Merck opposes Sandra Elliott's request for an extension despite that it suffers no prejudice, despite that extensions are favored by this Court's Local Rules, and despite that Sandra seeks the extension to "make right" a procedural deficiency in order to allow further pursuit of her claim (as opposed to an inability to make a *pima facie* case).

Defendant Merck & Co. Inc.'s ("Merck") Opposition to Plaintiff's Motion for Extension of Time is based upon its claim of futility—futility alleged to be due to Fifth Circuit precedent opposing manipulation of bankruptcy filings and futility alleged to be due to the fact that the Trustee, not Sandra, would be the real party in interest.  Since an amended bankruptcy filing—which is what Sandra seeks time to accomplish—would result in the Trustee substituting as the Plaintiff or waiving any interest in the claim, the first alleged "manipulation" is automatically voided by the result ***sought by Sandra***, making it not much of a manipulation in the first place.

Merck paints Sandra as someone who only now "comes clean." The damning conclusion to which it has jumped might be more irrefutable had Merck given Sandra and her counsel *any* opportunity to address the issue in the months, or perhaps even years, that Merck has known about the omission of the Vioxx claim from Sandra's bankruptcy filing. Sandra maintains that she was not trying to hide her claim, and offers as proof her Affidavit, attached as Exhibit A, that she disclosed it fully to her bankruptcy counsel and disclosed her bankruptcy to her former personal injury counsel.[1]

Plaintiff disagrees with the conclusion that an extension would be futile, when, as here, the Court could well conclude that Sandra has attended faithfully to her claim, that she did not try to hide it, and that she has met all deadlines, appeared for her deposition (under great personal hardship) and in other measures tried hard to obtain an adjudication

---

[1] By her signing of this Reply, counsel attests that she was not aware that the personal injury claim was omitted from the bankruptcy filing until Merck filed this motion on June 29, 2012. Merck's questions at Sandra's deposition in December, 2011 had been general only, and consist in their entirety of the following, from which nothing was gleaned regarding omissions from the filing, waiver of right to pursue by bankruptcy trustee or the like:

> Q. Have you ever filed for bankruptcy?
> A. Yes.
> Q. What year did you do that?
> A. I did it I believe it was last year or -- last year, and then -- I know I filed once with my husband 30-something years ago, because he wouldn't pay the bills and I was -- I was made to file. And then one other time. And then this time, three times, I believe.
> Q. When was the -- so you filed once with your husband 30 years ago and then once last year. When was the other time, the third time?
> A. The third time was last year.
> Q. I'm sorry, the second time in the progression of --
> A. The second time was -- I'm trying to think my years, give me a minute. I believe about 12 years ago.

Elliott deposition, 12/22/2011, at 48-49.

on the merits of her claim against Merck.  This is not a substantive argument, where a plaintiff cannot show that Vioxx caused the claimed injury.  This is Sandra's first and only request for an extension, and is made so that Sandra may be allowed to correct (at considerable personal expense) the error in her bankruptcy filing.  Local Rule 7.8 states:

> Upon certification by a moving party that there has been no previous extension of time to plead and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, the court must allow one extension for a period of 21 days from the time the pleading would otherwise be due. Further extensions will not be granted by stipulation, but only upon motion and order of the court for good cause shown.

Local Rule 7.8.

Counsel was not aware of any omissions with regard to Schedule B of Sandra's bankruptcy petition until June 29, 2012, when Merck filed its Motion.  Since that time, the undersigned has diligently worked to resolve these issues, hindered by Sandra's very busy and difficult-to-reach bankruptcy attorney located in California, further compounding the communication problems.

Sandra acted on the advice of previous counsel when omitting her claim against Merck in her bankruptcy filings, and her claim against Merck was, in fact, dismissed with prejudice by this Court in October 2009.  Sandra's bankruptcy attorney is willing to assist in re-opening the bankruptcy estate in order to amend her Schedule B so as to reflect this personal injury claim, and Sandra is prepared to pay his required fees so that she can continue with her claim against Merck. The Affidavit attached establishes that Sandra had none of the evil motive that Merck attributes to her, but rather that she made an inadvertent error when following her then-counsel's advice.

Counsel predicts that it should take four (4) weeks to re-open the bankruptcy case and that this will not interfere with or create an unnecessary delay in the discovery schedule.[2]  Plaintiff seeks an extension of four (4) weeks in order to pursue the option of amending the bankruptcy filings, and for thereafter completing her Response to Merck's Motion. Defendant will not be prejudiced if the instant Motion is granted. Plaintiff is prepared to further argue these points at the next status conference scheduled for August 16, 2012.

Respectfully submitted,

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply to Opposition has been served upon Liaison Counsels, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of August, 2012.

s/ Ann B. Oldfather
Ann B. Oldfather

---

[2]  As Merck correctly points out, the discovery deadline for "Other Injury" cases is not until November 1, 2012. This deadline would be unaffected by any extension of time for responding to Merck's Motion for Summary Judgment.