UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO:** *James D. Schneller, et al. v. Merck & Co., Inc.,* **No. 12-703**

**ORDER**

In 2005, Plaintiff James D. Schneller filed suit against Merck in the Eastern District of Pennsylvania, seeking damages for the death of his mother Marjorie Schneller allegedly due to Vioxx.  The case was transferred to this MDL Court.  (Case No. 05-5382, Rec. Doc. 1). Ultimately, after Mr. Schneller received many extensions and opportunities to comply with Pretrial Order 28, the Court dismissed his case with prejudice.  (Rec. Doc. 52672).  The Court then denied Mr. Schneller's motion for leave to appeal *in forma pauperis* as frivolous and not in good faith.  (Rec. Doc. 57710).

The United States Court of Appeals for the Fifth Circuit affirmed dismissal of his case, finding that because he "had almost three years in which to comply with PTO 28, and in light of the multiple extensions of time afforded to him for compliance, the court did not abuse its discretion in dismissing his complaint with prejudice based on his failure to comply with PTO 28." *In re Vioxx Prods. Liab. Litig.*, 452 F. App'x 500, 502 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2392 (2012).

Mr. Schneller then filed a second suit directly in this Court against Merck, again seeking damages related to Marjorie Schneller's allegedly Vioxx-related death.  *James D. Schneller, et*

1

*al. v. Merck & Co., Inc.*, No. 12-703 (E.D. La. filed Mar. 12, 2012). The Complaint in this second case was functionally identical to the Complaint in Plaintiff's first case. On June 12, 2012, this Court dismissed Plaintiff's claims with prejudice on the grounds that they were barred by res judicata. (Rec. Doc. 63913).

On July 11, 2012, Plaintiff filed a notice of appeal as to that order (Rec. Doc. 63984) and a second motion for leave to appeal in forma pauperis (Rec. Doc. 63985), which is currently pending before this Court. Once again, this Court believes that Mr. Schneller's appeal is frivolous and not in good faith. As stated in the Court's order dismissing Mr. Schneller's second case, his claims are clearly barred by both res judicata and the relevant statute of limitations.

Accordingly, IT IS ORDERED that Mr. Schneller's motion is DENIED. Mr. Schneller may pursue review of this finding at the appellate level. Fed. R. App. P. 24(a)(5).

New Orleans, Louisiana, this 2nd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE