UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
|    State of Utah | * | JUDGE ELDON E. FALLON |
| | * | |
|    v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
|    Merck Sharp & Dohme Corp. | * | |
| | * | |
|    Civil Action No. 2:06-cv-09336 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SECOND SET OF REQUEST FOR ADMISSION AND THIRD SET OF INTERROGATORIES TO DEFENDANT

Pursuant to FED. R. CIV. P. 33 and 36 and Pretrial Order Number 39B, please respond to the following Request for Admission and Interrogatories.

## DEFINITIONS

1. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process.

2. "Food and Drug Administration") ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3. "Including" means "including but not limited to" and "including without limitation."

4. "Merck" means the defendant in this action, and any of the subsidiaries, divisions,

1

departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

5.   "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

6.   "Vioxx" means the dug rofecoxib sold by Merck under the registered trademark VIOXX®.

7.   "You" or "Your" means all defendants listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Defendant.

## INSTRUCTIONS

A.     The answers to these requests shall include such information as is available to Defendant and found within documents that are within the custody, possession or control of Plaintiffs, or are within the custody, possession or control of any consultants, accountants, attorneys or other agents of Defendant or which are otherwise available to Defendant.   In responding to these discovery requests, Defendant is specifically instructed to review his personal files, notes, records, correspondence, daily calendars and telephone logs or records for all persons who have knowledge of the information inquired about in each request.

B.     If the answer to any discovery requests is not made from the personal knowledge of Defendant who will be verifying the answers to these interrogatories, identify each person from whom information or documents were obtained to make the particular answer and identify each person having personal knowledge of such information.   If the answers or portions of the

2

answers to these discovery requests are supplied upon information and belief rather than upon actual knowledge, Defendant should so state and specifically describe or identify the source or sources of such information and belief.

C.      The answers to these discovery requests should include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

D       Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

E.      Where the terms "you", "defendant", or "plaintiff" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if the answers are different.

F.      Where the terms "incident" or "the incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

G.      If Defendant claims that any conversation, meeting or oral discussion inquired about in these discovery requests is privileged, Defendant should nevertheless identify such conversation, meeting or oral discussion in the manner required herein and set out specifically a detailed description of the factual circumstances supporting their claim of privilege.

H.      A "health care provider" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, psychiatrist, psychologist, mental health therapist, nurse practitioner, nurse's assistant, acupuncturist, neuro pathologist, massage therapist, podiatrist, doctor or chiropractic, naturopathic physician, or other person who performs any kind of healing art.

I.      All documents are to be produced which are in the possession of the individual or corporate party, their attorneys, investigators, agents, employees, or other representatives of the named party and his attorney.  The terms "incident" or "the incident" are meant to include the incident which is the basis of this lawsuit, unless otherwise specified.

J.      The term "document" is meant to include, but is not limited to, all writings, notes, memoranda, correspondence, charts, graphs, records, tapes, pictures, recorded, photographed, sketched, drawn or otherwise produced, maintained or stored information.

K.      These discovery requests are continuing in nature and should be amended and supplemented in accordance with the Federal Rules of Civil Procedure and Pretrial Order Number 39B.

## REQUEST FOR ADMISSION

**REQUEST NO. 1 :**   Please admit that Defendant's affirmative defenses found in Defendant's amended answer, paragraphs 247,249,253,254, 258,259,266,286,289 are precluded by the Utah Supreme Court's decision in *Apotex v. Utah*.

## INTERROGATORIES

**INTERROGATORY NO. 1:**       Did study 090 reveal that Vioxx caused a greater number of cardiovascular events such as heart attacks compared to placebo as alleged in paragraph 18 of the Amended Complaint?  What portions of the "actual conclusions and full text" support your answer to paragraph 18 denying that Vioxx caused a greater number of cardiovascular events?  In what manner did the Plaintiff take the study out of context?

**INTERROGATORY NO. 2:**        Did the 1999 VIGOR study show that Vioxx users had a higher incidence of cardiovascular events than naproxen users?  What portion of the actual study text and conclusions of the Vigor study support your denial found in paragraph 19 of your amended answer?  In what manner did the Plaintiff take the study out of context?

**INTERROGATORY NO. 3:**        Was a purpose for the ADVANTAGE study to avoid disclosure of Vioxx's poor safety and efficacy profile as alleged in paragraph 21 of the amended complaint?  Please indicate the portion of the study and its conclusions that support your denial of paragraph 21 of the amended complaint.  In what manner did the Plaintiff take the study out of context?

**INTERROGATORY NO. 4:**        Please state how the March 9, 2008 email from Edward Scolnick referenced in paragraph 25 of the amended complaint was taken out of context as alleged in your answer to that paragraph and how true context supports your denial of that allegation.

**INTERROGATORY NO. 5:**        Please state how the March 27, 2000 press release was taken out of context as alleged in paragraph 26 of the your answer to the amended complaint and how true context supports your denial of that allegation.

**INTERROGATORY NO. 6:**        Please disclose the portion of the February 8, 2001 transcript that is taken out of context with respect to the statements of Alise Reicin concerning the imbalance of cardiovascular events.  Please state how the true context of Reicin's statement supports the denial of this allegation.

**INTERROGATORY NO. 7:**        Please state how the articles referred to in paragraph 41 of the amended complaint's actual language are taken out of context and how true context supports the denial of this allegation.

**INTERROGATORY NO. 8:**     Please state how the statements of Merck employees and agents referred to in paragraph 46 are taken out of context.  Please state how such context supports your denial of this allegation.

**INTERROGATORY NO. 9:**     Please state how the statements of Alise Reicin referenced in paragraph 47 of the amended complaint are taken out of context and how true context supports your denial of this allegation.

**INTERROGATORY NO. 10:**     Please state how the November 21, 1996 memorandum by a Merck employee referenced in paragraph 49 of the amended complaint is taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 11:**     Please state how the Briggs Morrison email of February 25, 1997 referenced in paragraph 50 of the amended complaint was taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 12:**     Please state how the email of Alise Reicin found in paragraph 51 referred to in your answer to the amended complaint is taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 13:**     Please state how the emails referred to in paragraph 52 of the amended complaint is taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 14:**     Please state how the press releases of March 27, 2000 referred to in paragraph 66 of the amended complaint were taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 15:**      Please state how Merck's public response to the allegations of cardiovascular problems in the ingestion of Vioxx found in paragraph 67 of the amended complaint were taken out of context and support your denial of this allegation.

**INTERROGATORY NO. 16:**      Please state how the Phara Market letter of May 3, 2000 referenced in paragraph 68 of the amended complaint is taken out of context and how true context would support the denial of this allegation.

**INTERROGATORY NO. 17:**      Please state how the study referred to in paragraph 72 of the amended complaint is taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 18:**      Please state how the actual language and full text of the press release of May 28th and June 13th referred to in paragraph 75 of the amended complaint were taken out of context and how true context would support your denial of this allegation.

**INTERROGATORY NO. 19:**      Please state how the warning letter from the FDA referenced in paragraph 78 of the amended complaint is taken out of context and how true context would support the denial of this allegation.

**INTERROGATORY NO. 20:**      Please state why the warning letter from the FDA referenced in paragraphs 95 through 97 of the amended complaint is taken out of context and how true context would support the denial of these allegations.

**INTERROGATORY NO. 21:**      Please state how the statements of Garret A. Fitzgerald referenced in paragraph 99 of the amended complaint are taken out of context and how true context would support the denial of this allegation.

**INTERROGATORY NO. 22:**        Please state how the studies found in paragraph 103 and 104 of the amended complaint were taken out of context and how true context would support the denial of these allegations.

**INTERROGATORY NO. 23:**        Please state why the reports to Adverse Event Reporting System referenced in paragraph 106 of the amended complaint were inaccurate as stated in the answer to this paragraph.

**INTERROGATORY NO. 24:**        Please state how the studies referred to in paragraphs 109 through 115 of the amended complaint are taken out of context and how true context would support the denial of these allegations.

**INTERROGATORY NO. 25:**        Please state how the VIGOR studies and related materials referred to in paragraphs 119 through 135 are taken out of context and how true context would support your denials of these allegations.

**INTERROGATORY NO. 26:**        Please state how the citations by Merck of the FDA statements and scientific studies along with related materials referred to in paragraphs 136 through 149 of the amended complaint are taken out of context and how true context would support the denial of this allegation.

**INTERROGATORY NO. 27:**        Please state how the allegations in paragraphs 150 through 217 of the amended complaint are taken out of context and how true context would support the denials of those allegations.

**INTERROGATORY NO. 28:**        With respect to the affirmative defense of economic loss doctrine found in paragraph 288 of your answer to the amended complaint please state what contract covers the damages and penalties sought by the Plaintiff.

**INTERROGATORY NO. 29:**     Please indicate why the State of Utah is not the real party in interest as alleged in paragraph 290 of the answer to the amended complaint.

**INTERROGATORY NO. 30:**     Please state the basis of your allegation that the State of Utah is not authorized by state law to recover the relief sought as found in paragraph 291 of your answer to the amended complaint.

DATED this 7th day of August, 2012.

_____/S/_____
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

_____/S/_____
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901

_____/S/_____
Richard W. Schulte (Ohio Bar No. 0066031)
Wright & Schulte LLC
812 East National Road, Suite A
Vandalia, Ohio 45377

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S REQUESTS FOR

ADMISSION AND INTERROGATORIES TO DEFENDANT has been served on Liaison

Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by

hand delivery and e-mail, and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of

August, 2012.

_____/S/_____
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123