IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED
AUG - 3 2012
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

| | |
|---|---|
| James D. Schneller; | |
| James D. Schneller, Trustee ad Litem for the Individuals Entitled to Relief Due to the Wrongful Death of Marjorie C. Schneller, | COMPLAINT CIVIL ACTION<br><br>MDL DOCKET NO. 1657 |
| James D. Schneller, Trustee ad Litem for the Executrix of the Estate of Marjorie Schneller, Plaintiffs | This Document Relates To: |
| Marjorie Zitomer, Executrix of the Estate of Marjorie Schneller,        plaintiffs | No.   12 - 703 |
| v. | |
| Merck & Company, Inc.,    defendant | |

**MOTION FOR RECONSIDERATION, TO OPEN JUDGMENT,
AND FOR AMENDMENT**

*TO THE HONORABLE ELDON FALLON,
UNITED STATES BANKRUPTCY JUDGE,*

   COMES NOW movant James D. Schneller, representing himself, requesting this Court for reconsideration of the order dismissing the appeal with prejudice, and opening for evidence, amending the order or judgment, and/or entry of a new order or judgment, in order to correct plain and/or manifest errors of law and fact, and leave to amend the pleadings in any ways

2

legally necessary. In support of this motion plaintiff states the following.

Pursuant to F.R.B.P. 60, the Court is authorized to grant relief from the order and grant reconsideration, for reason of surprise, under section 1, for evidence under circumstances of surprise, under section 2, for reason of fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, under section 3, because the order or is void, under section 4, because the decision is based on an earlier judgment and applying that judgment prospectively is no longer equitable, and other reasons justifying relief, pursuant to section 6, including in support of opening for evidence, amend findings of fact and conclusions of law and make new ones, alter or amend the order or judgment, and direct the entry of a new order or judgment, in order to correct plain and/or manifest errors of law and fact, and to permit, where allowable, leave to amend the pleadings in any ways legally necessary.

Movant, sole living plaintiff, filed the complaint on March 12, 2012, and served all parties, at that time, by email and by United States Postal Service First Class Mail. Plaintiffs' petition for writ of certiorari from the Fifth Circuit Court of Appeals' affirming, entered November 30, 2011, of the dismissal of plaintiffs' prior case akin to this matter (No. 05-5382), was denied on May 14, 2012, No. 11-1117. The Court entered the order dismissing the case with prejudice under the doctrine of res judicata on June 12, 2012. Movant filed a notice of appeal and a motion for leave to appeal in forma pauperis on July 11, 2012. Fifth Circuit Appeal No. 12 – 30732. Movant with all respect and caution files this motion after filing of notice of appeal, and is notifying the Clerk of the Fifth Circuit Court of appeals of this filing. Movant filed the notice of appeal to ensure his rights, because his 2010 motion to appeal in forma pauperis was found frivolous by the Court.

Movant requests relief because the sua sponte action was not warranted under the circumstances, and the decision precluded response by defendants and any further opportunity for exposition of fact and law that that would bring, and because res judicata is unwarranted for substantial reasons, and for voidness.

3

Rule 60 Motion For Vacating of the Order Because Res Judicata Was Applied In Conflict With Law, and Sua Sponte Decision Was Unwarranted

Movant requests reconsideration and vacating, because the sua sponte action was not warranted under the circumstances, including the inapplicability of res judicata in this case.

The utilization of sua sponte adjudication was not warranted, and unfair, for reasons including that dismissal by the court did not further judicial economy, an element found necessary by the Fifth Circuit Court in Boone v. Kurtz, 617 F.2d 435, 29 Fed.R.Serv.2d 746 (1980, CA 5). Appeal was extremely likely to result, and the questions very possible of reversal, and thus the dismissal causes many months litigation. The utilization of sua sponte also is not a policy in Pennsylvania law, and the Eastern District of Pennsylvania is the forum state of this action. The infliction of sua sponte decision causes surprise and inability to bring fact into the record.

Also, the facts in this case are not fully present, and cases upon which the Boone decision rests rely on an element of worthiness of the record. See Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1255 (5th Cir.1990) ("the relevant facts are in the record before us and form an adequate basis for our invocation of res judicata.") ; Mowbray v. Cameron County, Tex., 274 F.3d 269, 281 (5th Cir. 2001) ("where all of the relevant facts are contained in the record ... and all are uncontroverted", a court "may not . . decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite [the court's] attention by technically correct and exact pleadings". (citing Am. Furniture Co. v. Int'l Accommodations Supply, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981).

Judicial economy is also not supported when it conflicts with fairness or a full exposition of the facts on the merits, nor when a patent error exists. In this district as in all, the realistic intent of the Courts remains one that use of sua sponte action should be when jurisdictional-level issues warrant it. Click v. Abilene Nat'l Bank, 822 F.2d 544 (5th Cir. 1987).

Plaintiffs request vacating and relief in the alternate because res judicata, even if warranted at this early phase, issues in a substantial conflict with existing law and authorities. Movant firstly requests relief, for reason of erroneous findings of fact and erroneous conclusions of law. Movant requests amendment of the finding that the " parties in both cases are the heirs and trustees of Ms. Schneller," because movant, the estate of husband George H. Schneller, and the estate of the deceased, are also plaintiffs. Movant requests amendment of the finding of

4

"many . . opportunities" at complying with Pretrial Order 28, because plaintiffs met all requirements but one at the earliest opportunity, and had little or no opportunity to file the expert report, under the circumstances.

Vacating, or reconsideration and supplement of the record, are requested, because the action of dismissal cannot conform to the requirements of Oreck Direct LLC v. v. Dyson, Inc. 560 F. 3d 398 (5th Cir. 2009) and similar cases. The new complaint is factually dissimilar to the previous complaint. New counts 8 and 11 make claim for conspiracy : conspiracy to interfere with civil rights and obstructing due course of justice, fail to warn, and neglect to prevent, and for damages to estates of deceased.

Also, the Court has insufficient jurisdiction and deprives due process in not ordering a responsive pleading, nor hearing, because the record is incomplete. Russell v. Sunamerica Securities, 962 F.2d 1169; 1992 U.S. App. LEXIS 13455, C.A. MS., 1992, citing Nagle v. Lee, 807 F.2d 435, 438 n. 2 (5th Cir.1987); Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1255 (5th Cir.1990), Mowbray v. Cameron County, Tex., 274 F.3d 269, 281 (5th Cir. 2001) , Am. Furniture Co. v. Int'l Accommodations Supply, 721 F.2d 478, 482 (5th Cir. ) In this case the Court has prevented any pleadings, and any opportunity for controverting, by imposing the sua sponte action, and the complaint contains a substantial statement of jurisdiction relevant to the issue.

Res judicata also did not apply in this case because plaintiffs appealed the prior decision, in detail, and sought review of the erroneous Circuit Court affirming with movant's petition to the Supreme Court, No. 11-1117 . Boone v. Kurtz, 617 F.2d 435, 29 Fed.R.Serv.2d 746, C.A.Ga., 1980.; Morgan Guar. Trust Co. of New York v. Mowl, 705 A.2d 923, Pa.Super.,1998; In re Estate of Braun, 650 A.2d 73, Pa.Super.,1994, Madara v. Com., 397 A.2d 1294, Pa.Cmwlth.,1979; Haines Industries, Inc. v. City of Allentown, 355 A.2d 588, Pa.Super.,1975.

Plaintiffs' delay did not prejudice, and was typical In support of this, it was only recently, on May 15, 2012, the Court issued Pretrial Order 58, setting discovery schedules for the seventy personal injury actions remaining in the MDL.

Plaintiffs believe that the law governing res judicata and other estoppel in this case is Pennsylvania law, and some jurisdictions in this circuit, like Pennsylvania, use a different standard for "on the merits" in deciding applicability of res judicata. Under Georgia law, "finality" for res judicata purposes is measured by the same standard as finality for appealability purposes. Gresham Park Community Organization v. Howell, 652 F.2d 1227, C.A.5.Ga.,1981.

5

Where transferee court presides over diversity action under multidistrict rules, governing law comes from jurisdiction in which transferred case originated. Smith v. Waste Management, Inc., 407 F.3d 381, C.A.5.Tex.,2005. Claims will be barred by application of "res judicata" if earlier judgment is final and on the merits, claims asserted by plaintiff are the same as those asserted in earlier action, and the parties are the same as, or in privity with, the parties from earlier action. Restatement (Second) of Judgments § 24. Huck on Behalf of Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45 (C.A.3.V.I.,1997.)

Plaintiff also invokes the long standing policy of the Courts regarding the meaning of "on the merits," which was until recently of the more logical persuasion and plaintiff requests common sense meaning of final judgment in all ways possible. Hughes v. U.S., 71 U.S. 232, U.S.La.,1866 ("If first suit was dismissed for defective pleadings, or parties, or a misconception of form of proceeding, or want of jurisdiction, or was disposed of on any ground which did not go to merits of action, judgment rendered will prove no bar to another suit..")

Application of Pennsylvania law causes res judicata to be harsh and overburdening. In Pennsylvania, plaintiffs would be required to certify a negligence action by way of a "certificate of merit" signed by an expert, certifying that reasonable cause and reason to believe that a medical or other causation exists in professional liability suits, can lead to ending of the pertinent causes by way of judgment of non pros. Pa.R.C.P. 1042.3 Intentional torts in Pennsylvania do not require a certificate of merit, so that the increasing evidence of intent by defendants in this case eliminates the need for a pre-trial certificate, or causes the need for an attorney or pro se party's certification that a certificate of merit is not required.

Importantly, delays in providing a certificate of merit in Pennsylvania cases can lead to ending of the pertinent causes by way of judgment of non pros upon praecipe of an opposing party. But in Pennsylvania, "a non pros against a plaintiff is not res judicata, and therefore, does not bar the plaintiff from commencing another action based upon the same cause of action within the applicable statute of limitations period." Moore v. John A. Luchsinger P.C., 862 A.2d 631 (Pa.Sup. 2004) Moreso, during the pendency of the case, "[T]here are no restrictions on the number of Orders that a Court may enter extending the [60 days'] time for filing a certificate of merit . . " Official Note to Pa.R.C.P. 1042.3 (d).

Res judicata is also unsupported because new circumstances deeply affect most if not all counts of the complaint, and a substantial amount of new evidence proves fraud, and concealment of the fraud, during the relevant times up to and through the MDL's principal phase of discovery, sample trials, and settlement. Movant requests some of the requested relief,

6

because some or all allegations of record are of a pervasive misrepresentation, mischaracterization, and even perjury, by respondents. A federal judge recently ordered defendant to pay a $321 million criminal fine for marketing Vioxx improperly as a painkiller. There has been a public outcry, matched by objection in the legal community, that a charge of misdeameanor was the sole convicted count. Defendant plead guilty to having illegally promoted Vioxx for the treatment of rheumatoid arthritis before it was approved for that use in 2002.

It is now commonly agreed that the year 2004 recorded, largest drop in annual deaths in the United States in at least 60 years, which occurred despite the growth in the size of the age of the nation's population, was a result of the withdrawal of Vioxx from the market. The largest rise in American mortality rates in the past 15 years occurred in 1999, the year Vioxx was introduced. These substantial changes in the national death-rate were substantially concentrated within the 65-plus population, and Vioxx was almost entirely marketed to the elderly. Cardiovascular diseases such as heart attacks and strokes have now shown to be the factors driving the changes in national mortality rates.  A new paper in the American Heart Journal notes that defendant hid evidence that Vioxx tripled the risk of cardiovascular death for more than three years before taking Vioxx off the market in 2004, while regularly insisting such an increase did not exist.

The above cause a basic difference in the pre-trial issues between this case and the prior case. What were accusations during the former are now certain. What affected movant's ability to decide between litigation and settlement has now shifted. A substantial amount of the claims of fraud, conceivably perceived as adjudicated during the active phase of settlement negotiations, stood outside of settlement and/or outside of the record per se, in substantial part. However, their presence and the common knowledge, and belief, of intentional concealment, among other factors, prevented validity of the settlement, which was subject to ridicule by the general public.

Defendant has to a considerable extent acted in bad faith in denying fraud and other malfeasance, which has since been proven in other venues. Defendant thus also has held a false and inaccurate position in negotiations leading to the settlement.

The application of res judicata is, therefore, also reversible because the circumstances, now worsened in various aspects, as shown herein, stand, separately and together, as exceptional. "Among the exceptions to the general rule of res judicata is the tenet that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. Mclean V. Majestic Mortuary Services, Inc., --- So.3d ----, 2012 WL 1867614 (La.App. 5 Cir.)   Departure from "law of the case doctrine" is permitted in exceptional cases such as intervening change in controlling law, substantial change in facts or evidence, or where prior holding was clearly erroneous. Safe Harbor Water Power Corp. v. Williams, 825 A.2d 733 Pa.Cmwlth.App.,2003.

Plaintiffs also awaited a motion to dismiss or other response so that they could again request alternatively, entry into the settlement, based on facts including that the pro se office and the settlement trust in telephoning and writing plaintiffs with notifications as to duties as to settlement class members, stated that plaintiffs were in the class, already registered with the class, and similar such facts.  Plaintiffs had only one obstacle to complying with settlement requirements, that being the same obstacle present here, namely, inability to logistically obtain an expert report.  Plaintiffs' decision to continue to pursue outside litigation was definitively influenced by their inability to locate an expert. Other plaintiffs pursuing non-opt-in litigation had attorneys which enabled them to locate experts.  Plaintiffs received no notice of the proposed settlement, and appear to not have been served with notice by the judicial panel on multidistrict litigation of their intent to transfer cases to the Court.  The deadline and rigorum decided upon in this matter was arrived at without sufficient consulting with counsel for plaintiffs in individual actions and without sufficient consulting with pro se plaintiffs in individual actions. Plaintiffs requested this at a prior instance, in their motion for leave to file answer to (ninth) motion to dismiss the complaint.  Prejudice to defendant and other plaintiffs by this action would be minimal, would have little or no impact on future proceedings in this multi district litigation, and plaintiffs have acted in good faith.  Plaintiffs have made this request at the earliest opportunity and this request was preceded by the settlement trust's inclusion of plaintiffs into the trust and the aquiescence of the pro se curator and plaintiffs' liaison counsel. Defendant has to a considerable extent acted in bad faith in denying fraud and other malfeasance, which has since been proven in other venues.  Defendant thus also has held a false and inaccurate position in negotiations leading to the settlement.  Plaintiffs did not appeal from confirmation order because other appeals were taken, by represented parties, and plaintiffs did raise the issue in their ultimate appeal, that Pretrial Order 30 unfairly and in a deprival of rights,

8

prevents plaintiffs from serving discovery on defendants and related parties as to the MSA negotiation process, that the Master Settlement Agreement should not have been finalized without adherence to Rule 23, and issues of unconstitutionality.

Plaintiffs request also an order entered, without prejudice, rather than with prejudice, for reasons including the circumstances of direct obstruction to them, lack of prejudice to parties, and the spirit of the MDL sections of the Judicial Code, as well as the reasons stated in this motion. Because of severity of dismissal with prejudice when used as sanction, it should be used only in those situations where lesser sanction would not better serve interests of justice. Morris v. Ocean Systems, Inc., 730 F.2d 248, 38 Fed.R.Serv.2d 1645 , C.A.Tex.,1984, Burden v. Yates, 644 F.2d 503, 505 (5th Cir.1981), Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir.1970).

Plaintiffs had, in the prior action, expressly requested that dismissal not be inflicted with prejudice and the Court declined to explain the prejudice suffix in the order and opinion. Other reasons include that specific instances exist where res judicata is precluded. The decision in Recchion on Behalf of Westinghouse Elec. Corp. v. Kirby, 637 F.Supp. 284, W.D.Pa.,1985 supports reconsideration in this case: "Dismissal of prior derivative action because of failure to make demand on board of directors did not bar subsequent derivative suit on the basis of res judicata or collateral estoppel. Fed.Rules Civ.Proc.Rule 23.1, 28 U.S.C.A. Importantly, a looming question now evident, is the fundamental question of whether a Lone Pine order, and a Lone Pine order issued with a sweeping policy of entry with prejudice, stands as res judicata in Louisiana or Pennsylvania.

Res judicata is also a harsh and overbroad determination because plaintiff had requested alternate relief, of leave to pursue only the claims not requiring expert testimony and any claims that fall outside of the scope of Pretrial Order 28. The Fifth Circuit has reviewed this request in the prior action, stating: "Although Schneller attempts to distinguish *In re Vioxx Products Liab. Litig.* on the ground that he raised multiple claims not requiring expert testimony under Pennsylvania law, he does not argue that he attempted to withdraw his personal injury claims or make any showing that he had a viable action in the absence of demonstrating some connection between Marjorie Schneller's use of Vioxx and her death." In re: Vioxx Products Liability Litigation; Schneller, v. Merck And Company, Inc., 452 Fed. Appx. 500; 2011 U.S. App. Lexis 23991, (2011, La. 5th Cir.)

9

Plaintiff, in the event he could not timely obtain an expert's report, stands prepared to support the legal existence of substantial causes in the absence or lower probability of connections between Marjorie Schneller's use of Vioxx, and her injuries and death, including husband George Schneller's, and movant's standing as caregiver and best friend, and co-plaintiff.

It is plaintiff's position that law of the case (as between the two pertinent cases), and collateral estoppel, are not applicable or are not applicable at a level needed for dismissal.

## Rule 60 Motion For Vacating Because the Order Is Void and Request for Disqualification

The order is void because due process has been definitively deprived to plaintiff by way of the Court's refusal to make findings nor to adjudicate the fact that plaintiff is intentionally deprived income, and funds left in trust by the deceased (including for the stated purpose of litigation) by parties who seek to directly prevent suit by plaintiff in tort actions. Plaintiff has overcome all impediments other than monetary in this regard, which causes the Court's refusal to adjudicate this wrong as a furtherance of the wrong, and in a deprival of due process rights and righjts to access to justice and fair and impartial trial, and trial by jury. Mere erroneous judgment will not be found to be void, and it must be determined that rendering court was powerless to enter judgment, plainly usurped its power, or acted in manner inconsistent with due process of law. United States v 119.67 Acres of Land (1981, CA5 La) 663 F2d 1328, 33 FR Serv 2d 172; Di Cesare-Engler Productions, Inc. v Mainman, Ltd. (1979, WD Pa) 81 FRD 703. In re Whitney-Forbes, Inc. (1985, CA7 Ill) 770 F2d 692, CCH Bankr L Rptr P 70703, 2 FR Serv 3d 786. Antoine v Atlas Turner, Inc. (1995, CA6 Ohio) 66 F3d 105, 1995 FED App 287P; Gschwind v Cessna Aircraft Co. (1999, DC Kan) 189 FRD 643, affd (2000, CA10 Kan) 232 F3d 1342, 2000 Colo J C A R 6448, 48 FR Serv 3d 162, cert den (2001) 533 US 915, 121 S Ct 2520.; United States v McDonald (1980, ND Ill) 86 FRD 204, 30 FR Serv 2d 1088.

Judicially derived rules of preclusion had to yield to command of Federal Rule of Civil Procedure authorizing court to relieve party from final judgment on ground that judgment is void. Jackson v. Fie Corporation, 302 F.3d 515, 53 Fed.R.Serv.3d 516, 302 F.3d 515, 53 Fed.R.Serv.3d 516.

10

The order may also be found void because the Court should have recused or recused sua sponte. The Court has, to movant's perception, judged in an openly partial manner that evidenced, starting early on, to the public, that a question as to the fairness and impartiality of adjudication was present. Plaintiff quotes Canon 1 of the Pennsylvania Code of Judicial Conduct: "A judge should uphold the integrity and independence of the judiciary." 207 Pa.Code § 33, Canon 1. Canon 3 of the Code of Judicial Conduct directs: " . . (4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, must not consider ex parte communications concerning a pending proceeding. " 207 Pa.Code § 33, Canon 1.

The partiality and bias looms in this case, for reasons, a sampling of which follow:

a) The Court's finding of plaintiff's prior appeal to be frivolous,

b) The Court's declining to address plaintiff's circumstances of direct obstruction to them for purposes of preventing their case,

c) The Court's allowing of the pro se curator and the settlement trust to approach prospective settlement members repeatedly on the wrong basis. These telephoned and mailed plaintiffs with notifications as to duties required of class members, but refused to answer questions that might in any way assist a party in making a balanced decision regarding entering the settlement, and the pro se curator refused to assist plaintiffs with any questions regarding matters like accessing existing discovery, locating experts, or related general assistance that would be assisting to pro se parties. See Dier v. Merck And Company, Inc., 388 Fed. Appx. 396

d) The Court's conflict with Acuna in finding in the prior opinion that the *Lone Pine* orders essentially required that information which plaintiffs should have had before filing their claims pursuant to F.R.C.P. 11(b)(3).

e) The Court's conflict with F.R.C.P. 11(b)(3) and with general state law, e.g. finding that"Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries." See Pennsylvania Rule of Civil Procedure 1042.3 above.

f) The Court has denied other recusal motions in this case, and these are also cumulative with this request,

11

g) The Court's avoidance of an evolving facet of the case, characterized by substantial facets of fraud and neglect to warn, nor prevent,

h) The reasons stated in this motion.

Again quoting with caution the Pennsylvania code: "A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware. . . In cases of obvious and egregious fraud, a judge should consider the possibility that his or her failure to report the fraud may undermine confidence in the integrity of the judiciary. §99-2, Code of Judicial Conduct, § 33; Subchapter B. Formal Opinions. Mutual avoidance of evidence and underlying fact by opposing attorneys is abhorrent to our system of law.

It is evident that the Court has likely foregone public faith in the judiciary and a repeated partiality and prejudgment. Determination of the legal sufficiency of an application for disqualification of a judge in a case like this would not even involve the exercise of judicial discretion, and the enumerated disqualifying factors deeply affected the fairness of the decisions. Once the Court did not voluntarily disqualify for existing bias and public harboring of suspicion of unfairness, so began a lessening of the appearance of propriety and a lessening of jurisdiction.

Now, with all respect, the decision of the Court is readily perceivable to the general public, as based on proceedings where no real adversarial evidence and argument occurred, and where the Judge maintained the position of the party deemed to prevail, out of arbitrariness, or partiality, and visible prejudgment, in conflict with tenets of fairness and adjudicative balancing of the evidence.

The due process clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. <u>Marshall v. Jerrico Inc.</u>, 446 U.S. 238, 100 S.Ct.1610. The due process clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decisionmaking process. See <u>Carey v. Piphus</u>, 415 U.S. 247, 259, 262, 266-267, 98 S. Ct. 1042,

1043, 1050-1052, 1053, 1054, (1978). The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. See Mathews v. Eldridge, 424 U.S. 319, 344 (1976). At the same time it preserves both the appearance and reality of fairness, 'generating the feeling, so important to popular government, that justice has been done,' Joint Anti Facist Committee v. McGrath, 341 U.S. 123, 162 (1951) (Frankfurter, J. concurring), by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially or whenever he believes his impartiality can be reasonably questioned., In re Bridgeport Fire Litigation, 5 A.3d 1250, Pa.Super.,2010,Com. v. King, 990 A.2d 1172, Pa.Super.,2010. A Court has the authority to vacate orders of judge who acted when he should have recused in circumstances like those in this case, or in bad faith, or in a manner overtly calling into question the integrity of a Court. see Moody v Simmons (1988, CA3) 858 F2d 137, cert den (US) 103 L Ed 2d 835, 109 S Ct 1529. At least in the current proceeding recusal by the Court would cause heightened appearance of propriety. Appearance of impropriety is sufficient justification for the grant of new proceedings before another judge. In re Lokuta, 11 A.3d 427, Pa.,2011.

Conclusion

The above error, as does the sum of activity and avenues directed in PTO 28 and PTO 29, including the objections in plaintiffs' other pleadings in this regard, inflict an unfair and unreasonable burden on plaintiffs that causes losses of rights to access to courts, remedy for injury, due process, and equal protection, including on the classes with immutable characteristics including elderly citizens, and religious citizens. All of these deprivals of rights are heightened in harm and affront by the defendant's clearly egregious acts, knowingly made, that are the basis of this MDL, which conceivably involve conspiracy to inflict same.

Movant requests judicial notice of the record in the prior case and of the record in this MDL.

Movant therefore, based on the above and on the record, respectfully requests reconsideration, and relief of opening for evidence, amending findings of fact and conclusions of law, entry of a new order vacating dismissal or vacating dismissal with prejudice, and, where allowable, leave to amend the pleadings in any ways legally necessary.

Movant respectfully requests a finding that the circumstances would require or do require that the Court is disqualified from the case.

Movant respectfully requests leave in the alternative, to plaintiffs, to participate as members of the Vioxx settlement.

I, James D. Schneller, movant, certify and attest that the above claims are made to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to penalty of perjury.

*[signature]*

James D. Schneller        pro se                                             Date: July 29, 2012
430 E. Lancaster Avenue E 25
Radnor, PA 19087
610-688-9471

14

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX
: MDL DOCKET NO. 1657

Products Liability Litigation
:

This Document Relates to:
:
JUDGE FALLON
MAG. JUDGE KNOWLES
12 - cv - 703
:

ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of plaintiff's Motion for reconsideration _____, and defendant's response thereto, it is hereby ORDERED that reconsideration is GRANTED, and the order dismissing the case is vacated. Honorable Judge Fallon has recused from this case.

Plaintiffs are deemed to have complied with Pretrial Order 29 including Section II paragraphs 1 to 6, subject to any notice of deficiency permitted by that pretrial order. Plaintiffs are granted 90 days' time in which to submit the expert report required under Pretrial Order 29 Section II paragraph 7.

_____
UNITED STATES DISTRICT JUDGE

15

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX      :     MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION

                                                   :

James D. Schneller, Trustee ad Litem for the     Civil Action No. 12 - 703
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al :
                           plaintiffs

v.

Merck & Company, Inc.,    defendant         :

## CERTIFICATE OF SERVICE

      I, James D. Schneller, hereby certify that I served a true and correct copy of the within motion upon the following, by electronic mail, and by USPS first class mail where indicated, as follows:

| | |
|---|---|
| Joshua G. Schiller Esquire<br>Dechert LLP<br>1717 Arch Street    Ste. 4000<br>Philadelphia, PA 19103<br>Joshua.schiller@dechert.com | USPS 1st Class Mail |
| Phillip Wittmann Esquire<br>Mrs. Dorothy Wimberly<br>Stone Pigman Walther Wittmann LLC<br>546 Carondelet St.<br>New Orleans, LA 70130<br>dwimberly@stonepigman.com | USPS 1st Class Mail |

16

| | |
|---|---|
| Russ Herman Esquire<br>Mrs. Regina Valenti<br>Herman, Herman, Katz & Cotlar, LLP<br>201 St. Charles Avenue, Suite 4310<br>New Orleans, LA 70170<br>rherman@hhkc.com<br>rvalenti@hhkc.com | USPS 1st Class Mail |
| Paul C Troy Esquire<br>Kane Pugh Knoell Troy & Kramer<br>510 Swede Street<br>Norristown, Pa 19401 4886<br>ptroy@kanepugh.com | USPS 1st Class Mail |
| Wealth Management Div.<br>Susquehanna Bank<br>17 E. Market Street<br>West Chester, PA 19381 | |

*/s/ James D. Schnell*
James D. Schneller

Date: July 29, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                                  :        MDL DOCKET NO. 1657

    Products Liability Litigation              :

                                                         :

This Document Relates to:                              :        JUDGE FALLON
                                                         :        MAG. JUDGE KNOWLES
    12 – cv - 703

                                                         :


## NOTICE OF MOTION


TO:   Joshua Schiller Esquire, Phillip A. Wittmann Esquire


PLEASE TAKE NOTICE that plaintiffs will apply to the above named Court, Judge Eldon E. Fallon presiding, at 500 Poydras Street, New Orleans, LA 70130, on August 22, 2012, at 9:00 A.M, for an Order which grants plaintiffs motion for reconsideration and for additional relief.


*/s/ James Schnell*
James Schneller       pro se

Dated: July 29, 2012

1

