UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Mary Ann Nolan v. Merck & Co., Inc.*, | * | KNOWLES |
| 2:05-cv-06146-EEF-DEK | * | |
| | * | |

*******************************************************************************

**DEFENDANT MERCK, SHARP & DOHME CORP.'S MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Merck, through its undersigned counsel, moves the Court for entry of an order requiring Plaintiff Mary Ann Nolan to show cause why her case should not be dismissed with prejudice for failure to prosecute. Over two months ago, on June 6, 2012, Merck filed a motion for summary judgment in Ms. Nolan's case (Rec. Doc. 63898), seeking dismissal of her personal injury claims on the grounds that they are barred by the applicable statute of limitations and that the Vioxx product labeling adequately warned physicians of the potential risk for the renal injuries that Ms. Nolan alleges. This motion was noticed for submission on July 11, 2012. Ms. Nolan's counsel has since filed two requests for extension of their time to submit a response to Merck's motion – the first seeking a 21-day extension and the second seeking a 14-day extension. Rec. Doc. 63979 and 64023. In these extension motions, which the Court granted, Ms. Nolan's counsel has indicated that despite their "diligent efforts" to reach their client, they have "been unable to contact her for some time." *See* Rec. Doc. 64023 at 1. Thus, it appears that Ms. Nolan has stopped communicating with her counsel and has thereby ceased participating in her lawsuit. Accordingly, Ms. Nolan should be instructed to respond to this Court's Order to Show cause and

1

give some indication of whether she intends to continue to pursue her claims against Merck before this Court.  If she does not respond, Merck respectfully moves the Court for an order dismissing her Complaint pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases.  In support of this Motion, Merck further states as follows:

1. As set forth in the second extension motion, Ms. Nolan's counsel attempted to contact her to advise her of Merck's motion for summary judgment, which was filed over two months ago.  They have been unable to do so despite "diligent efforts."  Indeed, her counsel indicates that Ms. Nolan's only known phone number no longer connects to her residence, and no alternative phone number can be found in the public records.  *See* Rec. Doc. 64023 at 1.  It therefore appears that Ms. Nolan has been out of contact with her attorneys since at least the beginning of June, when Merck first filed its summary judgment motion.

2. This Court has previously noted on many occasions in this litigation that a plaintiff who files a personal injury lawsuit has an obligation to stay in touch with his or her attorneys.  When an attorney has made numerous diligent efforts to communicate with his client but cannot do so, that plaintiff has essentially abandoned his or her claim.

3. Likewise, courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and warrants dismissal of that claim.  *See Landry v. Marine Transp. Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because

plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing plaintiff's claims because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Serv., Inc. v. Banca de Republica de Monica,* 697 F. Supp. 253, 257 (E.D. La. 1988) (granting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, Mag., J.); *see also Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

4.  In this case, it appears that despite her counsel's diligent efforts to communicate with her regarding her case, Ms. Nolan has ceased communicating with counsel and has essentially abandoned her claim. Accordingly, Merck requests that Ms. Nolan be instructed to appear and show cause at a hearing on September 5, 2012 why her case should not be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the Court to enter an Order to Show Cause why Ms. Nolan's claims should not be dismissed with prejudice. A proposed order is attached.

Dated:  August 14, 2012

3

1101900v1

Respectfully submitted,

  /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029


Attorneys for Merck Sharp & Dohme Corp.

1101900v1

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion for Order to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of August, 2012.

    */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com