UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 72 OF**
**PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 72.

I.  CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims[1] and Consumer Claims.  On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint [Rec. Doc. 46086].  The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will be prepared to discuss this situation at the status conference on August 16, 2012.

1

1101450v1

Since the last status conference, both plaintiffs and Merck have filed notices of supplemental authority with the Court.  [Rec. Docs. 63966, 63993, 64022].

On December 12, 2011 the Court held a telephonic conference with the District of Columbia, Merck and an Assistant Attorney General for the District of Columbia to discuss the status of the District of Columbia's consumer class claim brought on behalf of a taxpayer and the effect of the DOJ settlement on that claim.  On February 6, 2012, Merck filed a Motion for Judgment on the Pleadings [Rec. Doc. 63656] on plaintiff Kenneth Walker's claim under the D.C. Consumer Protection and Procedures Act ("CPPA").  Plaintiff filed an opposition [Rec. Doc. 63694], and Merck filed a reply.  Plaintiff also moved for leave to amend its complaint [Rec. Doc. 63713].  On May 9, 2012, the Court issued its Order & Reasons [Rec. Doc. 63822], allowing the parties to file supplemental memoranda regarding the legal sufficiency of the proposed Second Amended Complaint.  Plaintiff and Merck filed their supplemental memoranda on May 29, 2012 [Rec. Docs. 63876, 63877].  By Order & Reasons entered June 13, 2012, the Court granted Merck's motion for judgment on the pleadings and denied plaintiff's motion for leave to amend complaint.  [Rec. Doc. 63924].  On July 9, 2012, Plaintiff moved for an extension of time to file an appeal from the Court's ruling [Rec. Doc. 63970], which was granted by the Court [Rec. Doc. 63975].  Plaintiff subsequently filed a motion to alter judgment [Rec. Doc. 63980], which Merck opposed [Rec. Doc. 64020].  Plaintiff also filed a reply memorandum [Rec. Doc. 64052].  The Court has the matter under submission.

II.     GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pre-Trial Order No. 39B [Rec. Doc. 63895] relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases.  The parties are engaged in ongoing discovery.

The parties will be prepared to discuss these issues further at the Government Entities' status conference on August 16, 2012.

III.    THIRD PARTY PAYORS

On August 17, 2011, the Court issued Pre-Trial Order No. 57 [Rec. Doc. 63267], which establishes procedures and deadlines for private third party payor common benefit fees. Numerous applicants have submitted submissions pursuant to Section III of the Order and the Fee Allocation Committee is in the process of reviewing and considering such applications. Furthermore, the Fee Allocation Committee requested additional information which was recently received from various applicants and which shall also be considered by the Fee Allocation Committee. The Court has extended the October 10, 2011 and October 20, 2011 deadlines set forth in Section IV of the Order.  On November 17, 2011, the Fee Allocation Committee filed its recommendation pursuant to Pre-Trial Order No. 57.  [Rec. Doc. 63555].  The recommendation was supplemented on November 28, 2011.  [Rec. Doc. 63582].  On June 13, 2012, the TPP Fee Allocation Committee filed its final Recommendation [Rec. Doc. 63928].  The Court issued an Order on July 25, 2012 [Rec. Doc. 64011], which included a deadline of August 10, 2012 to file objections.  Numerous objections have been filed to the TPP Fee Allocation Committee's Recommendation.  The Fee Allocation Committee will be prepared to discuss the matter further at the status conference on August 16, 2012.

On April 23, 2012, the Court entered an Order enjoining Plaintiffs and Plaintiffs' counsel in *Mary Plubell, et al. v. Merck*, pending in the Circuit Court of Jackson County, Missouri, from offering any evidence that does not sufficiently exclude damages attributable to claims already settled through the personal injury and Third Party Payor settlements achieved in this MDL and from executing any judgment obtained through admission of such evidence. [Rec. Doc. 63782]. On May 17, 2012, the *Plubell* Plaintiffs filed a Notice of Appeal [Rec. Doc. 63844]. That appeal will be heard on an expedited basis by the Fifth Circuit Court of Appeal.

### IV. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

#### A. General Matters Relating to Remaining Personal Injury Cases & Pending Motions

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585], Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154] and Mr. Benjamin's Motion to Exclude Movant from the Requirements of PTO 19 with regard to certain cases [Rec. Doc. 63680]. The Order denied Mr. Benjamin's Motion, required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. On July 27, 2012, the PSC forwarded to Ms. Oldfather information regarding common benefit fee and expenses pertaining to non-settlement program cases. The parties will be prepared to discuss this matter further at the status conference on August 16, 2012.

On July 9, 2012, Mr. Benjamin filed a Motion to Be Assessed as to the Percentages of Common Benefit Attorney Fees and Expenses [Rec. Doc. 63968]. Merck and

4

1101450v1

Ms. Oldfather filed responses [Rec. Docs. 63997, 63999, and 64003]. Although Mr. Benjamin's motion was noticed for submission on July 25, 2012, Mr. Oldfather filed a notice of request for oral argument and asked that it be heard at the status conference on August 16, 2012 [Rec. Doc. 64009]. The parties will be prepared to discuss this matter further at the status conference on August 16, 2012. On November 2, 2011, Merck filed a Motion for Summary Judgment in VTE Cases [Rec. Doc. 63539]. In response, Ms. Oldfather filed a Motion to Strike or in the Alternative to Remand Merck & Co., Inc.'s Motion for Summary Judgment in VTE Cases [Rec. Doc. 63606]; Merck filed an opposition [Rec. Doc. 63609]. The Court heard argument on the motion to strike following the January 5, 2012 monthly status conference. The Court denied the motion to strike, continued Merck's motion for summary judgment in VTE cases generally, and ordered that "any expert reports on general causation in VTE cases that any party intends to submit in opposition to Merck's motion for summary judgment shall be produced on or before May 7, 2012." [Rec. Doc. 63623]. The deadline of May 7, 2012 was subsequently extended on Plaintiffs' motion, and the deadline of August 15, 2012 was set forth in Pre-Trial Order No. 58 (Case Management Order for Remaining Personal Injury Actions) [Rec. Doc. 63842] which the Court issued on May 15, 2012. On August 1, 2012, following a telephone status conference, the Court granted an Emergency Motion for Extension of Time [Rec. Doc. 64017]. Generic expert reports on general causation are now due by August 31, 2012, and each of the other deadlines in PTO 58 by approximately two weeks. [Rec. Doc. 64028].

      The parties will be prepared to discuss these matters further at the status conference on August 16, 2012.

On April 18, 2012, Merck filed two motions for summary judgment, one relating to plaintiff Joanne I. Roach [Rec. Doc. 63776] and one relating to plaintiff Stanley Long [Rec. Doc. 63777]. Both motions were noticed for submission on May 23, 2012. By Order & Reasons entered June 5, 2012, the Court granted summary judgment and dismissed with prejudice the claims of plaintiff Joanne Roach [Rec. Doc. 63893]. Plaintiff Roach moved for reconsideration [Rec. Doc. 63978], which was denied by the Court on August 2, 2012. [Rec. Doc. 64031]. On May 23, 2012, plaintiff Stanley Long moved for an extension of time to respond. By Order entered May 29, 2012, the Court ordered Mr. Long to file any opposition on or before June 12, 2012 and ordered that Merck's motion for summary judgment would be taken under submission, without oral argument, on June 20, 2012 [Rec. Doc. 63880]. Subsequently, the parties filed a Stipulation of Dismissal With Prejudice [Rec. Doc. 63973], and an Order of Dismissal With Prejudice was entered by the Court on July 11, 2012 [Rec. Doc. 63986]. The summary judgment motion is thus moot as to Mr. Long.

From May 23, 2012 through July 30, 2012, Merck filed motions for summary judgment relating to the claims of plaintiff Elena Strujan [Rec. Doc. 63872], plaintiff MaryAnn Nolan [Rec. Docs. 63891, 63898], Lynn Hudnut [Rec. Doc. 63916], Janice Baum [Rec. Doc. 63919], James and Mary-Ann Schnepf [Rec. Doc. 63936], Sandra Elliott [Rec. Doc. 63959], LaDonna King [Rec. Doc. 63995], and the Estate of Velma Dunn [Rec. Doc. 64015]. In various Orders & Reasons, the Court granted the summary judgment motions and dismissed the claims plaintiffs Strujan [Rec. Doc. 64010], Hudnut [Rec. Doc. 64001], Baum [Rec. Doc. 64048], and Schnepf [Rec. Doc. 64050].

1101450v1

The summary judgment motion as to Plaintiff Elliott was noticed for submission on July 25, 2012.  The central issue in that motion relates to a prior bankruptcy.  Plaintiff Elliott moved for additional time in which to respond to the motion [Rec. Doc. 64004], so that she could attempt to have her prior bankruptcy proceedings re-opened.  Merck opposed any extension [Rec. Doc. 64007].  The Court has not yet ruled on the motion for extension of time, and the summary judgment remains pending.  The parties will be prepared to discuss these issues at the August 16, 2012 status conference.

As to the summary judgment motion in *Nolan,* Plaintiff Nolan filed two motions for extension of time to respond [Rec. Docs. 63979 and 64023].  By Order entered August 9, 2012, the Court granted a 14 day extension of time [Rec. Doc. 64049].  On August 14, 2012, Merck filed a Motion, Rule and Order to Show Cause Why the *Nolan* case should not be dismissed with prejudice for failure to prosecute [Rec. Doc. 64054] which is noticed for submission on September 5, 2012.

Subsequent to the filing of Merck's summary judgment motion in *King,* Counsel moved to withdraw as counsel and to remand Merck's motion for summary judgment [Rec. Doc. 64006].  In response, Merck filed a motion to dismiss for lack of prosecution [Rec. Doc. 64013].  The *King* motions are noticed for submission on August 16, 2012.

As to the summary judgment in the *Dunn* case, Merck has moved for summary judgment based on an alleged VTE injury and has requested that the *Dunn* case be consolidated for scheduling purposed with the other VTE cases.

7

B.     Matters Noticed for Hearing on August 16, 2012

The *King* summary judgment motion [Rec. Doc. 63995], the *King* motion to dismiss for lack of prosecution [Rec. Doc. 64013], and the *King* motion to withdraw [Rec. Doc. 64006] are noticed for submission on August 16, 2012, as is the *Dunn* motion [Rec. Doc. 64015]. However, as to the *Dunn* motion, the only relief being sought at the August 16 hearing is an order moving the *Dunn* case to the "VTE" track set out in PTO 28 for scheduling purposes.

V.     OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response has been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was discussed. The parties will be prepared to discuss this matter further at the status conference on August 16, 2012.

Plaintiff James Schneller, whose prior case was dismissed with prejudice and the dismissal was upheld on appeal, filed a second suit against Merck, *James D. Schneller, et al. v. Mrck & Co., Inc.*, No. 12-703. By Order entered June 12, 2012, the Court dismissed the suit with prejudice [Rec. Doc. 63913]. Plaintiff Schneller filed a notice of appeal [Rec. Doc. 63984] and a motion for leave to appeal *in forma pauperis* [Rec. Doc. 63985]. By Order entered August 2, 2012, the Court denied the motion for leave to appeal *in forma pauperis* [Rec. Doc. 64033]. On August 7, 2012, plaintiff Schneller filed a motion for reconsideration, to open judgment and for amendment [Rec. Doc. 64040]. The motion remains pending.

On August 13, 2012, Plaintiff Elena Strujan filed a motion for reconsideration [Rec. Doc. 64053] of the Order dismissing her case.

## VI.    APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals, Fifth Circuit.  On August 13, 2012, Merck filed with the Fifth Circuit Court of Appeals a motion for summary affirmance in the *Schneller* case [No. 12-30732]. The parties will be prepared to discuss these matters further at the status conference on August 16, 2012.

## VII.   NEXT STATUS CONFERENCE

The Court has scheduled the next status conference for October 11, 2012.

Respectfully submitted,

*/s/ Leonard A. Davis*  
Russ M. Herman (Bar No. 6819)  
Leonard A. Davis (Bar No. 14190)  
***Herman, Herman & Katz, L.L.C.***  
820 O'Keefe Avenue  
New Orleans, LA  70113  
PH:  (504) 581-4892  
FAX:  (504) 561-6024  
**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*  
Phillip A. Wittmann (Bar No. 13625)  
Dorothy H. Wimberly (Bar No. 18509)  
***Stone Pigman Walther Wittmann L.L.C.***  
546 Carondelet Street  
New Orleans, LA  70130-3588  
PH:   (504) 581-3200  
FAX:  (504) 581-3361  
**Defendants' Liaison Counsel**

1101450v1

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, KY  40208
PH:    (502) 637-7200
FAX:  (502) 637-3999
**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 72 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of August, 2012.

>            /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1101450v1