UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                          :     MDL NO. 1657
PRODUCTS LIABILITY LITIGATION         :
                                      :     SECTION L
                                      :
                                      :     JUDGE FALLON
                                      :     MAG. JUDGE KNOWLES

## STATUS CONFERENCE MEMORANDUM REGARDING THE LIAISON COUNSEL OBJECTION HEARD ON SEPTEMBER 21, 2011

Undersigned files this memorandum in response to the opt out liaison counsel Ann Oldfather's motion or request relating to work done by undersigned on behalf of objectors to the PSC fee petition.

Ms. Oldfather filed the subject motion on September 15, 2011. The court heard this matter on September 21, 2011, in conjunction with other motions pertaining to the issue - all of which have been decided. While no additional filings are required given that the matter was argued orally, nonetheless, undersigned submits the following.

First, it is noted that this request has nothing to do with Ms. Oldfather's role as liaison counsel to opt outs.

Second, this appears to be a personal request, on her own behalf objecting to monies she accepted for payment in connection with the PSC common benefit fee resolution. At the time of payment in 2010, counsel was given the option of agreeing to the payment or arbitrating the matter. Ms. Oldfather accepted the payment.

Third, given the modest amount paid to undersigned, we are more than willing to simply refund her voluntary payment making this issue moot.

1

In the Order and Reasons concerning the shortfall in the common benefit fee pool the court recognized that the shortfall was caused by a private settlement agreement between the fee objectors and the PSC. That shortfall, as noted by the court, has been entirely replenished by the PSC, thus there is no deficit to be addressed and no ruling of any sort is required by the court as the issue is effectively moot. The court should deny Ms. Oldfather's request in this motion as the court denied similar requests related to the shortfall.

If Ms. Oldfather believes that this private agreement is unacceptable, she has legal remedies that she can pursue. The motion should be denied as the issue is moot since the fund was replenished by the PSC. She has sustained only a benefit from the undersigned's work and the matter is a private one involving the PSC and the objectors.

THE OBJECTORS,

By_____
MICHAEL A. STRATTON
STRATTON FAXON
Trial Lawyers, LLC
OBJECTOR'S LIAISON COUNSEL
59 ELM STREET
NEW HAVEN, CT 06510
TEL: 203-624-9500
FAX: 203-624-9100
Federal Bar No. CT08166
mstratton@strattonfaxon.com

Dated at New Haven, Connecticut this 15th day of August, 2012.

## **CERTIFICATION OF SERVICE**

I hereby certify that the above and forgoing *Status Conference Memorandum* has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of August, 2012.

_____
Michael A. Stratton