**MINUTE ENTRY**
**FALLON, J.**
**AUGUST 16, 2012**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E.

Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the

Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the

conference, counsel reported to the Court on the topics set forth in Joint Report No. 72 of

Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by

Ms. Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780

to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  On June 30, 2010,

---

[1]Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that
action contains not only purchaser claims, but also securities claims brought on behalf of owners
of Merck stock.

JS10(00:58)

Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint.  The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission.  Since the last status conference, both plaintiffs and Merck have filed notices of supplemental authority with the Court.  (Rec. Docs. 63966, 63993, 64022).

On December 12, 2011 the Court held a telephonic conference with the District of Columbia, Merck and an Assistant Attorney General for the District of Columbia to discuss the status of the District of Columbia's consumer class claim brought on behalf of a taxpayer and the effect of the DOJ settlement on that claim.  On February 6, 2012, Merck filed a Motion for Judgment on the Pleadings (Rec. Doc. 63656) on plaintiff Kenneth Walker's claim under the D.C. Consumer Protection and Procedures Act ("CPPA").  Plaintiff filed an opposition (Rec. Doc. 63694), and Merck filed a reply.  Plaintiff also moved for leave to amend his complaint (Rec. Doc. 63713).  On May 9, 2012, the Court issued its Order & Reasons (Rec. Doc. 63822), allowing the parties to file supplemental memoranda regarding the legal sufficiency of the proposed Second Amended Complaint.  Plaintiff and Merck filed their supplemental memoranda on May 29, 2012 (Rec. Docs. 63876, 63877).  By Order & Reasons entered 13, 2012, the Court issued granted Merck's motion for judgment on the pleadings and denied plaintiff's motion for leave to amend complaint.  (Rec. Doc. 63924).  On July 9, 2012, Plaintiff moved for an extension of time to file an appeal from the Court's ruling (Rec. Doc. 63970), which was granted by the Court (Rec. Doc. 63975). Plaintiff subsequently filed a motion to alter judgment (Rec. Doc. 63980), which Merck opposed (Rec. Doc. 64020). Plaintiff also filed a reply memorandum (Rec. Doc. 64052). The Court has the matter under submission.

II. GOVERNMENT ACTIONS AND CONSUMER CLASS CLAIMS

On June 5, 2012, the Court entered Pre-Trial Order No. 39B (Rec. Doc. 63895) relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases.  The parties are engaged in ongoing discovery.  The parties discussed this matter at the Monthly Status Conference on August 16, 2012.

III.    THIRD PARTY PAYORS

On August 17, 2011, the Court issued Pretrial Order No. 57 (Rec. Doc. 63267) which establishes procedures and deadlines for private third party payor common benefit fees. Numerous applicants have submitted submissions pursuant to Section III of the Order and the Third Party Payor Fee Allocation Committee is in the process of reviewing and considering such applications.  Furthermore, the Fee Allocation Committee requested additional information which was recently received from various applicants and which shall also be considered by the Fee Allocation Committee.  The Court extended the October 10, 2011 and October 20, 2011 deadlines set forth in Section IV of PTO 57.  On November 17, 2011 the Fee Allocation Committee filed its recommendation pursuant to Pretrial Order 57 (Rec. Doc. 63555) and supplemented the recommendation on November 28, 2011 (Rec. Doc. 63582).  The Fee Allocation Committee filed its recommendation on June 13, 2012.  (Rec. Doc. 63928).  The Court issued an Order on July 25, 2012 (Rec. Doc. 64011), which included a deadline of August 10, 2012 to file objections.  Numerous objections have been filed to the TPP Fee Allocation Committee's Recommendation.  The Fee Allocation Committee discussed the matter further at the status conference on August 16, 2012.

On April 23, 2012, the Court entered an Order enjoining Plaintiffs and Plaintiffs' counsel

in *Mary Plubell, et al. v. Merck*, pending in the Circuit Court of Jackson County, Missouri, from

offering any evidence that does not sufficiently exclude damages attributable to claims already

settled through the personal injury and Third Party Payor settlements achieved in this MDL and

from executing any judgment obtained through admission of such evidence.  (Rec. Doc. 63782).

On May 17, 2012, the *Plubell* Plaintiffs filed a Notice of Appeal (Rec. Doc. 63844).  That appeal

will be heard on an expedited basis by the United States Court of Appeal for the Fifth Circuit.

IV.     PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

        A.     General Matters Relating to Remaining Personal Injury Cases

        On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to

Amend Pre-Trial Order No. 19 (Rec. Doc. 63585), Ms. Oldfather's Motion for Order Requiring

Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of

Ineligible and Non-Enrolled Cases (Rec. Doc. 63154) and Mr. Benjamin's Motion to Exclude

Movant from the Requirements of PTO 19 with regard to certain cases (Rec. Doc. 63680).  The

Order denied Mr. Benjamin's Motion, required certain further steps by the PSC and directed the

parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate.

On July 27, 2012, the PSC forwarded to Ms. Oldfather information regarding common benefit

fee and expenses pertaining to non-settlement program cases.  The parties discussed this matter

further at the status conference on August 16, 2012.

        On July 9, 2012, Mr. Benjamin filed a Motion to Be Assessed as to the Percentages of

Common Benefit Attorney Fees and Expenses (Rec. Doc. 63968). Merck and Ms. Oldfather filed

responses (Rec. Docs. 63997, 63999, and 64003).  Although Mr. Benjamin's motion was noticed

for submission on July 25, 2012, Mr. Oldfather filed a notice of request for oral argument and

asked that it be heard at the status conference on August 16, 2012 (Rec. Doc. 64009).  The

parties discussed this matter at the status conference on August 16, 2012.  A separate order will

follow.

On November 2, 2011, Merck filed a Motion for Summary Judgment in VTE Cases (Rec.

Doc. 63539).  In response, Ms. Oldfather filed a Motion to Strike or in the Alternative to

Remand Merck & Co., Inc.'s Motion for Summary Judgment in VTE Cases (Rec. Doc. 63606);

Merck filed an opposition (Rec. Doc. 63609).  The Court heard argument on the motion to strike

following the January 5, 2012 monthly status conference.  The Court denied the motion to strike,

continued Merck's motion for summary judgment in VTE cases generally, and ordered that "any

expert reports on general causation in VTE cases that any party intends to submit in opposition

to Merck's motion for summary judgment shall be produced on or before May 7, 2012."  (Rec.

Doc. 63623).  The deadline of May 7, 2012 was subsequently extended on Plaintiffs' motion,

and the deadline of August 15, 2012 was set forth in Pre-Trial Order No. 58 (Case Management

Order for Remaining Personal Injury Actions) (Rec. Doc. 63842) which the Court issued on May

15, 2012, and can be found on the Court's website.  On August 1, 2012, following a telephone

status conference, the Court granted an Emergency Motion for Extension of time (Rec. Doc.

64017).  Generic expert reports on general causation are now due by August 31, 2012, and each

of the other deadlines in PTO 58 has been extended by approximately two weeks.  (Rec. Doc.

64028).  The parties discussed this matter at the status conference on August 16, 2012.

On April 18, 2012, Merck filed two motions for summary judgment, one relating

to plaintiff Joanne I. Roach (Rec. Doc. 63776) and one relating to plaintiff Stanley Long (Rec.

Doc. 63777).  Both motions were noticed for submission on May 23, 2012.  By Order & Reasons

entered June 5, 2012, the Court granted summary judgment and dismissed with prejudice the claims of plaintiff Joanne Roach (Rec. Doc. 63893). Plaintiff Roach moved for reconsideration (Rec. Doc. 63978), which was denied by the Court on August 2, 2012 (Rec. Doc. 64031). On May 23, 2012, plaintiff Stanley Long moved for an extension of time to respond. By Order entered May 29, 2012, the Court ordered Mr. Long to file any opposition on or before June 12, 2012 and ordered that Merck's motion for summary judgment will be taken under submission, without oral argument, on June 20, 2012 (Rec. Doc. 63880). Subsequently, the parties filed a Stipulation of Dismissal With Prejudice (Rec. Doc. 63973), and an Order of Dismissal With Prejudice was entered by the Court on July 11, 2012 (Rec. Doc. 63986). The summary judgment motion is thus moot as to Mr. Long.

From May 23, 2012 through June 7, 2012, Merck filed motions for summary judgment relating to the claims of plaintiff Elena Strujan (Rec. Doc. 63872), plaintiff MaryAnn Nolan (Rec. Docs. 63891, 63898), Lynn Hudnut (Rec. Doc. 63903), Janice Baum (Rec. Doc. 63896), James and Mary-Ann Schnepf (Rec. Doc. 63936), Sandra Elliott (Rec. Doc. 63959), LaDonna King (Rec. Doc. 63995), and the Estate of Velma Dunn (Rec. Doc. 64015). In various Orders & Reasons, the Court granted the summary judgment motions and dismissed the claims of plaintiffs Strujan (Rec. Doc. 64010), Hudnut (Rec. Doc. 64001), Baum (Rec. Doc. 64048), and Schnepf (Rec. Doc. 64050).

The summary judgment motion as to Plaintiff Elliott was noticed for submission on July 25, 2012. The central issue in that motion relates to a prior bankruptcy. Plaintiff Elliott moved for additional time in which to respond to the motion (Rec. Doc. 64004), so that she could attempt to have her prior bankruptcy proceedings re-opened. Merck opposed any extension (Rec.

Doc. 64007).  The Court has not yet ruled on the motion for extension of time, and the summary judgment remains pending.  The parties discussed these issues at the status conference on August 16, 2012.  A separate order will follow.

As to the summary judgment motion in *Nolan,* Plaintiff Nolan filed two motions for extension of time to respond (Rec. Docs. 63979 and 64023).  By Order entered August 9, 2012, the Court granted a 14 day extension of time (Rec. Doc. 64049).  On August 14, 2012, Merck filed a Motion, Rule and Order to Show Cause Why the *Nolan* case should not be dismissed with prejudice for failure to prosecute (Rec. Doc. 64054) which is noticed for submission on September 5, 2012.

Subsequent to the filing of Merck's summary judgment motion in *King,* Counsel moved to withdraw as counsel and to remand Merck's motion for summary judgment (Rec. Doc. 64006). In response, Merck filed a motion to dismiss for lack of prosecution (Rec. Doc. 64013).  The *King* motions are noticed for submission on August 16, 2012.  The parties discussed the matter at the status conference on August 16, 2012.  A separate order will follow.

As to the summary judgment in the *Dunn* case, Merck has moved for summary judgment based on an alleged VTE injury and has requested that the *Dunn* case be consolidated for scheduling purposed with the other VTE cases.  A separate order will follow.

B.      Matters Noticed for Hearing on August 16, 2012

The *King* summary judgment motion (Rec. Doc. 63995), the *King* motion to dismiss for lack of prosecution (Rec. Doc. 64013), and the *King* motion to withdraw (Rec. Doc. 64006) were noticed for submission on August 16, 2012, as was the *Dunn* motion (Rec. Doc. 64015).

V.      OTHER PENDING MOTIONS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton (Rec. Doc. 63389). The matter was heard by the Court on September 21, 2011.  The Court added this matter to the agenda of the status conference on June 14, 2012, where it was discussed.  The parties discussed the matter at the status conference on August 16, 2012.

Plaintiff James Schneller, whose prior case was dismissed with prejudice and the dismissal was upheld on appeal, filed a second suit against Merck, *James D. Schneller, et al. v. Merck & Co., Inc.*, No. 12-703.  By Order entered June 12, 2012, the Court dismissed the suit with prejudice (Rec. Doc. 63913).  Plaintiff Schneller filed a notice of appeal (Rec. Doc. 63984) and a motion for leave to appeal *in forma pauperis* (Rec. Doc. 63985).  By Order entered August 2, 2012, the Court denied the motion for leave to appeal *in forma pauperis* (Rec. Doc. 64033). On August 7, 2012, plaintiff Schneller filed a motion for reconsideration, to open judgment and for amendment (Rec. Doc. 64040).  The motion remains pending.

On August 13, 2012, Plaintiff Elena Strujan filed a motion for reconsideration (Rec. Doc. 64053) of the Order dismissing her case.

VI.    APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals for the Fifth Circuit.  On August 13, 2012, Merck filed with the Fifth Circuit Court of Appeals a motion for summary affirmance in the *Schneller* case (No. 12-30732). The parties discuss these matters at the status conference on August 16, 2012

VII.    OTHER MATTERS

Vioxx claimant Antonio Densen and his brother, Anthony Densen, appeared at the status

conference on August 16, 2012.  They discussed the status of Mr. Antonio Densen's case and

submitted some documents into the record.  The Court advised Mr. Densen of the appointed Pro

Se Curator, Mr. Robert Johnston.  His telephone number, which is also available on the Vioxx

website, is 504-561-7799.  The Court will forward to Ms. Ann Oldfather the documents that Mr.

Densen submitted to the Court.

VIII.   NEXT STATUS CONFERENCE

The next Monthly Status Conference will be held on Thursday, October 11, 2012, at **9:00

a.m.**, Central Standard Time.  This conference will be held in the courtroom of Judge Eldon E.

Fallon, Room C-468.  Any interested persons unable to attend in person may listen in via

telephone by dialing (866) 254-5938.  The participant access code is 257794.