**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Elena Strujan v. Merck Sharpe & Dohme Corp.*, | * | KNOWLES |
| **2:07-cv-00906-EEF-DEK** | * | |
| | * | |
| | * | |

*************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S OPPOSITION TO PLAINTIFF**
**ELENA STRUJAN'S MOTION FOR RECONSIDERATION**

The Court granted summary judgment in favor of Defendant Merck Sharp & Dohme Corp. ("Merck") in Ms. Strujan's case on July 25, 2012, holding that her personal injury claims against Merck were barred by the doctrine of judicial estoppel because she failed to disclose them in her prior bankruptcy proceeding.  Rec. Doc. 64010.  Ms. Strujan moved for reconsideration on August 10, 2012.  Rec. Doc. 64053.  Ms. Strujan's motion falls far short of the high bar for reconsideration set by Federal Rule of Civil Procedure 59(e).  Primarily, Ms. Strujan simply reiterates her previous arguments that this Court has already correctly rejected.  And her recent attempts to amend her bankruptcy filings present no basis for reconsideration, as well-established Fifth Circuit precedent renders such efforts irrelevant.  Accordingly, Merck respectfully requests that the Court deny Ms. Strujan's motion. In opposition to Ms. Strujan's motion for reconsideration, Merck further states as follows:

1.      Federal Rule of Civil Procedure 59(e) applies to motions for reconsideration, such as Ms. Strujan's motion, filed within 28 days of the challenged order.  *Whetstone v. Jefferson Parish Pub. Sch. Bd.*, No. 07-9704, 2012 WL 1933730, at *2 (E.D. La. May 29, 2012) (Fallon,

1

J.).  Reconsideration under Rule 59(e) "'is an extraordinary remedy that should be used sparingly.'"  *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).  "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors o[f] law or fact, or presenting newly discovered evidence."  *Id.* (internal quotation marks and citations omitted).  "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."  *Id.* (quotation marks omitted) (citing *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).  The manifest error standard "favors denial" of motions for reconsideration.  *Id.*

2.     In support of her motion for reconsideration, Ms. Strujan urges that the omission of her claims against Merck from her bankruptcy petition was "inadvertent" on her part because she relied on her bankruptcy attorney (notwithstanding the fact that she was required to sign her bankruptcy petition in her personal capacity).  *See* Rec. Doc. 64053 at 2, 3.  But the Court has already explicitly considered and rejected this precise argument in its Order granting Merck's motion for summary judgment, noting that Ms. Strujan "is, at this point, bound by her attorney's conduct and her own signature on her bankruptcy petition."  *See* Rec. Doc. 64010 at 5.  Ms. Strujan's arguments on this point are therefore merely an improper attempt "to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction."  *Whetstone*, 2012 WL 1933730, at *2 (alterations in original) (quoting *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010)).  Furthermore, Ms. Strujan's motion makes no effort whatsoever to show (nor could she show) that the Court manifestly erred in reaching its holding on this point, either by citing any case law that undermines the Court's conclusion or by

2

pointing to any facts the Court overlooked in its analysis.  Accordingly, these arguments do not

meet the high bar for reconsideration set by Rule 59(e).

3.      Ms. Strujan's motion also states that she has now filed a motion seeking to reopen

her bankruptcy petition in the Bankruptcy Court for the Southern District of New York to

include her personal injury claims against Merck (as well as eight other lawsuits that she claims

her bankruptcy attorney "inexplicabl(y)" omitted from her original petition).  Rec. Doc. 64053 at

3 and Ex. A.  This argument likewise retreads ground already covered in her opposition and

surreply to Merck's motion for summary judgment, where she stated that she would attempt to

do so.  *See* Rec. Doc. 63948 at 16; Rec. Doc. 63982-1 at 2.

4.      Moreover, well-established Fifth Circuit precedent forecloses this approach.

Debtors who fail to disclose their claims in bankruptcy proceedings are not permitted to later

resurrect and pursue such claims by re-opening the bankruptcy proceedings and amending their

petitions.  *See Love v. Tyson Foods, Inc.*, 677 F. 3d. 258, 265-66 (5th Cir. 2012); *In re Superior

Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004).  Allowing Ms. Strujan to "back-up, re-open the

bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been

challenged by an adversary, [would] suggest[] that a debtor should consider disclosing personal

assets only if [s]he is caught concealing them." *Love*, 677 F. 3d at 265-66 (quoting *Superior

Crewboats*, 374 F.3d at 336 and *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir.

2002)).  "Judicial estoppel was designed to prevent such abuses." *Superior Crewboats*, 374 F.3d

at 336.  Because reopening her case cannot save her claims against Merck, the Court did not

commit manifest error by granting Merck's motion for summary judgment, notwithstanding the

possibility that she might be able to amend her bankruptcy petition.

3

## CONCLUSION

Mr. Strujan's motion for reconsideration fails to satisfy the high standard required under Rule 59(e). Accordingly, Merck respectfully requests that the motion be denied.

Dated: August 23, 2012

Respectfully submitted,

By: /s/ Dorothy H. Wimberly
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

  —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    Emily Renshaw Pistilli
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion for Reconsideration has been served on Plaintiff Elena Strujan by U.S. Mail at:

> P.O. Box 20632
> New York, NY 10021

I also hereby certify that the above and foregoing Opposition to Plaintiff's Motion for Reconsideration has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of August, 2012.

> _/s/ Dorothy H. Wimberly_
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
> Defendants' Liaison Counsel

1102724v1