UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:** *James D. Schneller, et al. v. Merck & Co., Inc.,* **No. 12-703**

**ORDER**

In 2005, Plaintiff James D. Schneller filed suit against Merck in the Eastern District of Pennsylvania, seeking damages for the death of his mother Marjorie Schneller allegedly due to Vioxx. The case was transferred to this MDL Court. (Case No. 05-5382, Rec. Doc. 1). Ultimately, after Mr. Schneller received many extensions and opportunities to comply with Pretrial Order 28, the Court dismissed his case with prejudice. (Rec. Doc. 52672). The Court then denied Mr. Schneller's motion for leave to appeal *in forma pauperis* as frivolous and not in good faith. (Rec. Doc. 57710). The United States Court of Appeals for the Fifth Circuit affirmed dismissal of his case. *In re Vioxx Prods. Liab. Litig.*, 452 F. App'x 500, 502 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2392 (2012).

Mr. Schneller then filed a second suit against Merck directly in this Court, again seeking damages related to Marjorie Schneller's allegedly Vioxx-related death. *James D. Schneller, et al. v. Merck & Co., Inc.*, No. 12-703 (E.D. La. filed Mar. 12, 2012). The Complaint in this second case was functionally identical to the Complaint in Plaintiff's first case. On June 12, 2012, this Court dismissed Plaintiff's claims with prejudice on the grounds that they were barred by res judicata. (Rec. Doc. 63913). On July 11, 2012, Plaintiff filed a notice of appeal as to that

1

order (Rec. Doc. 63984) and a second motion for leave to appeal in forma pauperis (Rec. Doc. 63985), which this Court denied (Rec. Doc. 64033). Mr. Schneller now moves for reconsideration of the Court's dismissal of his claims pursuant to Fed. R. Civ. P. 60(b). (Rec. Doc. 64040). Because a notice of appeal has already been filed, this Court has jurisdiction to consider or deny Mr. Schneller's Rule 60(b) motion on the merits, though it may not grant Mr. Schneller's motion without obtaining leave from the Court of Appeals. *Shepherd v. Int'l Paper Co.*, 372 F.2d 326, 330 (5th Cir. 2004); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994).

Mr. Schneller raises several arguments in his motion, but all are without merit. For example, Mr. Schneller argues that the Court's sua sponte dismissal of his case on res judicata grounds was inappropriate because the parties in the two cases are not identical. However, res judicata applies whenever the parties are in privity with one another—as they clearly are in this case, where Mr. Schneller has simply added more relatives of the same injured party, or those relatives' estates, to the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 592 (5th Cir. 2006). Mr. Schneller also argues that he has added new claims to his petition. But to the extent that these claims arise out of the same course of events as his previous case, they too are barred by res judicata. And to the extent that they contain conclusory, implausible, and frivolous allegations, they cannot save his complaint from dismissal. Furthermore, recusal is not warranted in this case simply because the Court has made findings that are unfavorable to the Plaintiff. *See*, *e.g.*, *Likely v. United States*, 510 U.S. 540, 555 (1994) (noting that a judge's prior rulings or opinions formed based on facts introduced in judicial proceedings cannot demonstrate bias warranting recusal "unless they display a deep-seated favoritism or antagonism that would

make fair judgment impossible").

Accordingly, IT IS ORDERED that Mr. Schneller's motion is DENIED.

New Orleans, Louisiana, this 5th day of September, 2012.

                                         UNITED STATES DISTRICT JUDGE