# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| * | |
| * | |
| In re: VIOXX Products Liability Litigation * | MDL No. 1657 |
| * | |
| This Document Relates to: * | SECTION L |
| * | |
| State of Utah * | JUDGE ELDON E. FALLON |
| * | |
| v. * | MAGISTRATE JUDGE |
| * | KNOWLES |
| Merck Sharp & Dohme Corp. * | |
| * | |
| Civil Action no. 2:06-cv-09336 * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S FIRST SET OF REQUESTS TO ADMIT TO PLAINTIFF

Pursuant to FED. R. CIV. P. 36 and Pretrial Order Number 39B, please respond to the following Requests within thirty (30) days of service of the Requests.

### DEFINITIONS

1.     "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process, electronic or otherwise.  Communications in writing shall include printed, typed, handwritten, electronic and other readable documents.

2.     "Food and Drug Administration" ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3.    "Formulary" means any list of drugs for which you authorize purchases by, reimbursements to, or coverage for beneficiaries, including any co-pay, preference, or other tiers, lists of preferred drugs, or other sub-categories of lists of preferred drugs, together with any policies or procedures related to exceptions, prior authorization, step therapy, or similar restrictions or requirements related to the coverage or use of drugs.

4.    "Government Health Program" means a program under which you pay for, in whole or in part, the costs of medical treatment, including prescription drug benefits, to persons in your jurisdiction which is the subject of the present litigation.

5.    "Healthcare Professional" means any physician (including interns and residents), nurse, psychologist, psychiatrist, counselor, pharmacist, pharmacy, dispensary, hospital, clinic, or nursing home, or any other individual or entity who or which provides or assists in the provision of any medical, pharmaceutical or mental health treatment, including those employed by, or who practice or have practiced in your jurisdiction.

6.    "Including" means "including but not limited to" and "including without limitation."

7.    "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

8.    "Medical benefit" has the same meaning given to it in U.C.A. § 26-20-3 and § 26-20-7 (2006) and U.C.A. § 26-20-3 and § 26-20-7 (2008).

9.    "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

10.    "Relevant Drugs" means and includes (listed by branded (generic) names):

a.  Anthrotec (diclofenac/misoprostol)

b.  Bextra (valdecoxib)

c.  Celebrex (celecoxib)

d.  Daypro (oxaprozin)

e.  Ibuprofen

f.  Mobic (meloxicam)

g.  Naprosyn, Anaprox, Naprelan, Aleve (naproxen)

h.  Relafen (nabumetone)

i.  Voltaren (diclofenac)

j.  Proton pump inhibitors, including (listed by generic (branded) names:

1.  Omeprazole (Losec, Prilosec, Zegerid, Ocid, Lomac, Omepral, Omez)

2.  Lansoprazole (Prevacid, Zoton, Inhibitol, Levant, Lupizole)

3.  Dexlansoprazole (Kapidex)

4.  Esomeprazole (Nexium, Esotrex)

5.  Pantoprazole (Protonix, Somac, Pantoloc, Pantozol, Zurcal, Pan)

6.  Rabeprazole (Rabecid, Aciphex, Pariet, Rabeloc, Dorafem).

11.   "Relevant Time Frame" shall mean the time period from January 1, 1998 to December 31, 2006.

12.   "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

13.   "You" or "Your" means all plaintiffs listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys of the state, county, or city bringing this action or on whose behalf this action is

brought, including but not limited to, the Utah Department of Health and all bureaus and divisions therein, all Utah Government Health Programs, the Utah Drug Utilization Review Board, the Office of the Attorney General ("OAG"), any third-party independent contractor with the Plaintiff and/or any of its agencies, any of the attorneys or law firms that purport to represent the Plaintiff in this litigation, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Plaintiff.

14.    The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Request. The words, "each," "all," and "any," mean "any and all" or "each and every."

## INSTRUCTIONS

1.    Each Request herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, including any of the attorneys or law firms that purport to represent You in this litigation.

2.    If You object to any portion of a Request on the ground of privilege, respond to the non-privileged portion of the Request by providing such non-privileged information as is responsive.

3.    If You object to any portion of a Request on any ground other than privilege, You should still respond to the remaining non-objectionable portion.

4.    Separately for each Request to which You object in whole or in part, describe in detail and itemize each basis for Your objection.

5.    If the basis of an objection to any Request, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please.  Identify the basis of that purported obstacle with specificity.

6.　　　　　If the basis of an objection to responding to a Request is that the response requires provision of legally-protected confidential identifying information, please indicate this specifically, and state whether a non-identifying response can be provided.  Where possible, all non-identifying information should be provided.

7.　　　　　Each Request herein shall encompass the time period from January 1, 1998 to December 31, 2006 unless expressly stated in a specific Interrogatory.

## REQUESTS FOR ADMISSION

**Request Number 1:**  Admit that You have never paid money directly to Merck for the purchase of Vioxx.

**Response:**

**Request Number 2:**  Admit each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was eligible for reimbursement.

**Response:**

**Request Number 4:**　Admit that each prescription for Vioxx written for a participant in, and paid by, the Government health Program was for a "medically accepted indication" as defined in 42 U.S.C. § 1396r-8(k)(6).

**Response:**

**Request Number 5:**   Admit that Vioxx is not one of the drugs or within the drug classes enumerated in 42 U.S.C. § 1396r-8(d)(2).

**Response:**

**Request Number 6:**   Admit that during the Relevant Time Frame, You did have a formulary as described in 42 U.S.C. § 1396r-8(d)(4).

**Response:**

**Request Number 7:** Admit that during the Relevant Time Frame, You had no agreement with Merck authorized by the United States Secretary of Health and Human Services under 42 U.S.C. § 1396r-8(a)(1) or in effect pursuant to 42 U.S.C. § 1396r-8(a)(4).

**Response:**

**Request Number 8:**   Admit that You are unaware of any Utah healthcare professional who originally prescribed Vioxx later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine.

**Response:**

**Request Number 9:**  Admit that You have not identified a single prescription for Vioxx written for a Utah citizen that was the result of an alleged misrepresentation or omission to the prescribing Utah Healthcare Professional.

**Response:**


**Request Number 10:**  Admit that You cannot identify a single prescription for Vioxx for a Utah citizen that was the result of an alleged misrepresentation or omission to the prescribing Utah Healthcare Professional.

**Response:**


**Request Number 11:**  Admit that Merck has never made or presented a claim for a medical benefit related to Vioxx to an employee or officer of the State of Utah.

**Response:**


**Request Number 12:**  Admit that You have not identified a single Utah Healthcare Professional who read or heard, prior to September 30, 2004, the allegedly untrue, misleading, and/or deceptive statements identified in your responses to Interrogatory No. 2.

**Response:**


**Request Number 13:**  Admit that you are unaware of any prescription for Vioxx written for a participant in, and paid by, the Government Health Program that was not medically necessary.

**Response:**

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME
CORP.

1095742v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant's First Set of Requests to Admit to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

<div align="right">

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| Merck Sharp & Dohme Corp. | * | |
| | * | |
| **Civil Action no. 2:06-cv-09336** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, please respond to the following Interrogatories within thirty (30) days of service of the Interrogatories.

## DEFINITIONS

1.    "Food and Drug Administration" ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.  It is expressly included in the definition of "person" found below.

2.    "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process, electronic or otherwise.  Communications in writing shall include printed, typed, handwritten, electronic and other readable documents.

3.    "Document" means, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded or stored matter or information, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, databases, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, such items shall be considered to be separate original documents.

4.    "Government Health Program" means a program under which you pay for, in whole or in part, the costs of medical treatment, including prescription drug benefits, to persons in your jurisdiction.

5.    "Healthcare Professional" means any physician (including interns and residents), nurse, psychologist, psychiatrist, counselor, pharmacist, pharmacy, dispensary, hospital, clinic, or nursing home, or any other individual or entity who or which provides or assists in the provision of any medical, pharmaceutical or mental health treatment, including those employed by, or who practice or have practiced in your jurisdiction.

6.    "Identify" means the following:

   a.  when used in reference to a natural person, it means to state the person's full name, title, present (or last known) address, telephone number, occupation, present business affiliation or employer, business address, and exact duties and responsibilities of that individual; in addition, when used in reference to a healthcare professional, it means to state that person's medical specialty, if any, and to state whether that person has ever prescribed Vioxx to persons in your jurisdiction.

b.  when used in reference to an injury, it means to state formally the diagnosis, the features of the injury upon which the diagnosis is based, the treatment of the injury, and all known information concerning the cause of the injury.

c.  when use in reference to an entity, it means to state the full name of the company, organization, association, partnership, committee, board, or other business or government enterprise, its present address or, if no longer existing, its last-known address, and the name of the person(s) who controls the operations of or otherwise heads that entity.

d.  when in reference to a communication, it means the source of the communication, speaker, author, or other originator of the communication, form of communication, precise content or substance of the communication, date of communication, and recipient of communication.

7.  "Including" means "including but not limited to" and "including without limitation."

8.  "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

9.  "Medical benefit" has the same meaning given to it in U.C.A. § 26-20-3 and § 26-20-7 (2006) and U.C.A. § 26-20-3 and § 26-20-7 (2008).

10.  "Medically necessary" has the same meaning given to it in U.C.A. § 26-20-7 (2006) and U.C.A. § 26-20-7 (2008).

11.  "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

12.     "Relate to" or "Relating to" means referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

13.     "Relevant Drugs" means and includes (listed by branded (generic) names):

    a.  Anthrotec (diclofenac/misoprostol)

    b.  Bextra (valdecoxib)

    c.  Celebrex (celecoxib)

    d.  Daypro (oxaprozin)

    e.  Ibuprofen

    f.  Mobic (meloxicam)

    g.  Naprosyn, Anaprox, Naprelan, Aleve (naproxen)

    h.  Relafen (nabumetone)

    i.  Voltaren (diclofenac)

    j.  Proton pump inhibitors, including (listed by generic (branded) names:

        1.  Omeprazole (Losec, Prilosec, Zegerid, Ocid, Lomac, Omepral, Omez)

        2.  Lansoprazole (Prevacid, Zoton, Inhibitol, Levant, Lupizole)

        3.  Dexlansoprazole (Kapidex)

        4.  Esomeprazole (Nexium, Esotrex)

        5.  Pantoprazole (Protonix, Somac, Pantoloc, Pantozol, Zurcal, Pan)

        6.  Rabeprazole (Rabecid, Aciphex, Pariet, Rabeloc, Dorafem).

14.     "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

15.    "You" or "Your" means all plaintiffs listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys of the state, county, or city bringing this action or on whose behalf this action is brought, including but not limited to, the Utah Department of Health and all bureaus and divisions therein,  all Utah Government Health Programs, the Utah Drug Utilization Review Board, the Office of the Attorney General ("OAG"), any third-party independent contractor with the Plaintiff and/or any of its agencies,  any of the attorneys or law firms that purport to represent the Plaintiff in this litigation, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Plaintiff.

16.    The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Interrogatory.  The words, "each," "all," and "any," mean "any and all" or "each and every."

## **INSTRUCTIONS**

1.         Each Interrogatory herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, Including any of the attorneys or law firms that purport to represent You in this litigation.

2.         If You object to any portion of an Interrogatory on the ground of privilege, respond to the non-privileged portion of the Interrogatory by providing such non-privileged information as is responsive.

3.         If You object to any portion of an Interrogatory on any ground other than privilege, You should still respond to and identify Documents responsive to the remaining non-objectionable portion.

4.        Separately for each Interrogatory to which You object in whole or in part, describe in detail and itemize each basis for Your objection.

5.        If the basis of an objection to any Interrogatory, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please Identify the basis of that purported obstacle with specificity.

6.        If the basis of an objection to responding to an Interrogatory is that the response requires provision of legally-protected confidential identifying information, please indicate this specifically, and state whether a non-identifying response can be provided.  Where possible, all non-identifying information should be provided.

7.        Each Interrogatory herein shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.  Please indicate where any portion of Your response to an Interrogatory has been covered in Your response to another Interrogatory, and please specify the Interrogatory numbers at issue.

8.        Each Interrogatory herein shall encompass the time period from January 1, 1998 to December 31, 2006 unless expressly stated in a specific Interrogatory.

9.        These Interrogatories are continuing in nature and You must provide supplemental responses as additional information or Documents become known to You.

10.       If You claim that any information responsive to any Interrogatory is lost, destroyed, erased or otherwise is no longer in Your possession, (a) identify and describe such information, (b) describe how the information was lost or destroyed, and (c) state when the information was lost or destroyed.

11.     If You claim that any information responsive to any Interrogatory is already in the possession of Merck, please Identify the information with sufficient specificity to allow Merck to locate it.

## INTERROGATORIES

**Interrogatory Number 1:**  Identify with particularity all communications between Merck and you involving Vioxx or the Relevant Drugs including the date, location, form, content, substance, originator and recipient of each communication.

**Response:**

**Interrogatory Number 2:**  Identify with particularity all communications between Merck and any Person related to Vioxx that Plaintiff contends is violative of Utah law including the date, location, form, content, substance, originator and recipient of each communication.

**Response:**

**Interrogatory Number 3:**  For each communication identified in response to Interrogatory number 2, provide the specific provision of Utah code that was violated, including subclause (e.g. 26-20-7(1)(a)), and what specific action or omission lead to the alleged violation.

**Response:**

**Interrogatory Number 4:**  For each communication identified in response to Interrogatory number 2, provide the specific provision of Utah code prior to the 2007 amendments that was violated, including subclause (e.g. 26-20-7(2)(b)), and what specific action or omission lead to the alleged violation.

**Response:**

**Interrogatory Number 5:**  For each communication identified in response to Interrogatory number 2, identify with particularity the specific statement or omission that you claim renders the communication false or misleading.   If identifying an omission, identify with particularity the communication or information that you allege Merck should have provided.

**Response:**

**Interrogatory Number 6:**  Identify all individuals involved in preparing the answers to these interrogatories.

**Response:**

**Interrogatory Number 7:**  Identify with particularity any instance where Plaintiff has discovered or has been advised that a Utah healthcare professional who originally prescribed Vioxx later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine.

**Response:**

**Interrogatory Number 8:**  Identify all individuals allegedly injured by Vioxx for whom you claim the Government Health Program provided reimbursement, the nature of the individual's injury, the treatment for the individual's alleged injury, the individual's treating and prescribing physicians, and the date of the alleged injury.

**Response:**

**Interrogatory Number 9:**  Identify all claims Merck filed for a medical benefit related to Vioxx, including the date, location, form, content, substance, originator and recipient of each claim.

**Response:**

**Interrogatory Number 10:**  Identify all claims for Vioxx that Merck allegedly made or presented to an employee or officer of the state a claim for a medical benefit knowing the claim to be false, fictitious, or fraudulent, including the date, location, form, content, substance, originator and recipient of each claim.

**Response:**

**Interrogatory Number 11:**  For each claim identified in response to Interrogatory 10, what was false, fictitious, or fraudulent about the claim.

**Response:**

**Interrogatory Number 12:**  Identify all claims for Vioxx that Merck allegedly caused to be made or presented to an employee or office of the state a claim for a medical benefit, knowing the claim to be false, fictitious or fraudulent, including the date, location, form, content, substance, originator and recipient of each claim.

**Response:**

**Interrogatory Number 13:**  For each claim identified in response to Interrogatory 12, what was false, fictitious, or fraudulent about the claim.

**Response:**


**Interrogatory Number 14:**  Identify all claims for Vioxx where Merck allegedly made or presented or caused to be made or presented to an employee or office of the state a claim for a medical benefit which misrepresented the type, quality, or quantity of items or services rendered, including the date, location, form, content, substance, originator and recipient of each claim..

**Response:**


**Interrogatory Number 15:**  For each claim identified in response to Interrogatory 14, state with particularity and specificity what was misrepresented.

**Response:**


**Interrogatory Number 16:**  Identify all claims for Vioxx where Merck allegedly made or presented or caused to be made or presented to an employee or office of the state a claim for a medical benefit for items or services which Merck allegedly knew were not medically necessary in accordance with professionally recognized standards, including the date, location, form, content, substance, originator and recipient of each claim.

**Response:**

**Interrogatory Number 17:**  For each claim identified in response to Interrogatory 16, state with particularity why the claims was not medically necessary.

**Response:**

**Interrogatory Number 18:**  For each claim identified in response to Interrogatory 16, state with particularity what professionally recognized standards rendered each claim medically unnecessary.

**Response:**

**Interrogatory Number 19:**  Identify all occasions when Merck allegedly knowingly falsified or altered with intent to deceive any report or document related to Vioxx required by state or federal law, rule, or Medicaid provider agreement, including the date, location, form, content, substance, originator and recipient of each report or document.

**Response:**

**Interrogatory Number 20:**  For each occasion identified in response to Interrogatory 19, what was the report or document allegedly falsified or altered with intent to deceive?

**Response:**

**Interrogatory Number 21:**  For each occasion identified in response to Interrogatory 19, what was the state or federal law, rule, or Medicaid provider agreement that required the allegedly falsified or altered agreement?

**Response:**

**Interrogatory Number 22:**  Identify all times when Merck allegedly knowingly retained any unauthorized payment for Vioxx as a result of acts described in U.C.A. § 26-20-7(k) (2006) and U.C.A. § 26-20-7(2)(d) (2008).

**Response:**

**Interrogatory Number 23:**  If your answer to any request in Defendant's Requests to Admit is anything other than an unqualified "yes," explain on what basis you failed to unequivocally admit that request.

**Response:**

**Interrogatory Number 24:**  Identify with particularity any instance where Plaintiff has discovered or has been advised that a Utah healthcare professional read or heard, prior to September 30, 2004, the allegedly false and/or misleading statements or communications identified in response to Interrogatories No. 2.  For each instance, include:

      (1) the name and address of the healthcare professional

(2) the date when the healthcare professional red or heard the statement or communication

(3) the form, content, and substance of the statement or communication.

**<u>Response:</u>**

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME
CORP.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant's Second Set Interrogatories to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

<div align="right">

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

</div>

1095743v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| Merck Sharp & Dohme Corp. | * | |
| | * | |
| Civil Action no. 2:06-cv-09336 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to FED. R. CIV. P. 34 and Pretrial Order Number 39B, please respond to the following Requests for Production of Documents ("Requests") within thirty (30) days of service of the Requests.

## DEFINITIONS

1.    "Address" means the telephone number, street number, street name, city, state, and zip code of the subject person or entity.  For a natural person, please provide both the home and business address.

2.    "Document" means, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded or stored matter or information, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means,

including film, tapes, computer disks or cards, databases, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, such items shall be considered to be separate original documents.

3.     "Including" means "including but not limited to" and "including without limitation."

4.     "Medical Record" shall mean any document kept in the course of medical care for any Patient.

5.     "Patient" shall mean any person whom the Plaintiff alleges suffered injury from the use of Vioxx for which Plaintiff now seeks consequential damages.

6.     "Relate to" or "Relating to" means referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

7.     "Relevant Drugs" means and includes (listed by branded (generic) names):

    a.  Anthrotec (diclofenac/misoprostol)

    b.  Bextra (valdecoxib)

    c.  Celebrex (celecoxib)

    d.  Daypro (oxaprozin)

    e.  Ibuprofen

    f.  Mobic (meloxicam)

    g.  Naprosyn, Anaprox, Naprelan, Aleve (naproxen)

    h.  Relafen (nabumetone)

    i.  Voltaren (diclofenac)

    j.  Proton pump inhibitors—, including (listed by generic (branded) names:

        1.  Omeprazole (Losec, Prilosec, Zegerid, Ocid, Lomac, Omepral, Omez)

2. Lansoprazole (Prevacid, Zoton, Inhibitol, Levant, Lupizole)

3. Dexlansoprazole (Kapidex)

4. Esomeprazole (Nexium, Esotrex)

5. Pantoprazole (Protonix, Somac, Pantoloc, Pantozol, Zurcal, Pan)

6. Rabeprazole (Rabecid, Aciphex, Pariet, Rabeloc, Dorafem).

8.     "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

9.     The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Request.  The words, "each," "all," and "any," mean "any and all" or "each and every."

## <u>INSTRUCTIONS</u>

1.     Each Request herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, Including any of the attorneys or law firms that purport to represent You in this litigation.

2.     Each and every non-identical copy of a Document, whether different from the original because of indications of the recipient(s), handwritten notes, marks, attachments, marginalia, or any other reason, is a separate Document that must be produced.

3.     If You object to any portion of a Request on the ground of privilege, respond to the non-privileged portion of the Request by providing such non-privileged information as is responsive.

4.     If You object to any portion of a Request on any ground other than privilege, You should still provide Documents responsive to the remaining non-objectionable portion.

5.       In the event any Document is withheld on a claim of attorney/client privilege, other privilege, or work-product immunity, provide a detailed privilege log that describes the nature and basis for Your claim and the subject matter of the Document withheld, in a manner sufficient to disclose facts upon which You rely in asserting Your claim, and to permit the grounds and reasons for withholding the Document to be identified.  Such description should, at a minimum:

a.  state the date of the Document;

b.  identify each and every author of the Document;

c.  identify each and every Person who prepared or participated in the preparation of the Document;

d.  identify each and every Person who received the Document;

e.  identify each and every Person from whom the Document was received;

f.  state the present location of the Document and all copies thereof;

g.  identify each and every Person having custody or control of the Document and all copies thereof;

h.  describe the subject and purpose of the Document; and

i.  provide sufficient further information concerning the Document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

6.       If the basis of an objection to any Request, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please Identify the basis of that purported obstacle with specificity.

1095741v1

7.        If the basis of an objection to production is that a Document includes legally-protected confidential identifying information, please indicate this specifically, and state whether such information is capable of being redacted.  If redaction is possible, redacted versions should be produced.

8.        Each Request herein shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.  Please indicate where any portion of Your response to a Request has been covered in Your response to another Request, and please specify the Request numbers at issue.

9.        These Requests are continuing in nature and Your responses shall be supplemented or amended, and additional Documents produced promptly, if additional responsive Documents become known to You or come within Your possession, custody, or control.

10.        If a Document responsive to any Request once existed, but has been lost, destroyed, erased or otherwise is no longer in Your possession, (a) Identify and describe the Document, (b) describe how the Document was lost or destroyed, (c) state when the Document was lost or destroyed, and (d) provide the name and Address of the present custodian of any such Document known to You.

11.        If You claim that any Documents responsive to any Request are already in the possession of Merck, please Identify the Document with sufficient specificity to allow Merck to locate it.

12.        Documents should be produced electronically as single page tiffs with an IPRO load file, text files (OCR for documents originally in paper form and extracted text from originally electronic documents) with the following objective coding:

    a.  Author(s)

    b.  Recipient(s)

    c.  CC(s)

    d.  Document Date

    e.  Document Title

    f.  Document Type

    g.  Document Custodian

    h.  Beginning and End Bates Numbers

    i.  Beginning and End Bates Numbers of Attachments

    j.  Marginalia (yes or no)

    k.  Redacted (yes or no).

## DOCUMENT REQUESTS

**Request Number 1:**  For each individual and injury identified in response to Interrogatory Number 8 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents relating to the individual's Vioxx usage, the individual's treating and prescribing physicians, alleged resulting injury, treatment for the alleged resulting injury, and the amount Medicaid allegedly reimbursed for that injury.

**Request Number 2:**  For each individual and injury identified in response to Interrogatory Number 8 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents identifying the individual's name and address.

**Request Number 3:**  For each claim identified in response to Interrogatory Number 2 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 4:**  For each claim identified in response to Interrogatory Number 9 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 5:**  For each claim identified in response to Interrogatory Number 10 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 6:**  For each claim identified in response to Interrogatory Number 12 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 7:**  For each claim identified in response to Interrogatory Number 14 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 8:**  For each claim identified in response to Interrogatory Number 16 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents related to each claim.

**Request Number 9:**  For each document or report identified in response to Interrogatory

Number 19 of Defendant's Second Set of Interrogatories to Plaintiff, produce all documents

related to each document or report.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*

Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME
CORP.

</div>

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Second Set of Requests for Production to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com