# EXHIBIT 3



45771258

Aug 07 2012
04:21PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| State of Utah | JUDGE ELDON E. FALLON |
| v. | MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | |
| Civil Action No. 2:06-cv-09336 | |

## PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, Plaintiff hereby supplements the following Interrogatories.

### INTERROGATORIES

**Interrogatory Number 1:**   Identify with particularity all communications between Merck and you involving Vioxx or the Relevant Drugs including the date, location, form, content, substance, originator and recipient of each communication.

**Supplemental Answer:**   Objection, not relevant and seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, in addition to plaintiff's previous answer, this is not a misrepresentation, fraud, products liability or failure to warn case. Misrepresentations to the State or the State's knowledge are not relevant to any issue or defense in this case either in the claims under the Utah False Claims Act or the common law negligence cause of action. We presume familiarity with *Utah v. Apotex* in regard to relevance.

1

Subject to this objection, we know of no direct representation to the State other than the representations made to the general public and the medical profession through advertisement and the drug's labeling and general statements of Merck and it's representatives/agents.

**Interrogatory Number 2:**   Identify with particularity all communications between Merck and any Person related to Vioxx that Plaintiff contends is violative of Utah law including date, location, form, content, substance, originator and recipient of each communication.

**Supplemental Answer:**   Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, in addition to plaintiff's previous answer, liability under the Utah False Claims Act is not predicated upon communications to Utah or Utah doctors. Again, this is not a misrepresentation lawsuit. The State's burden is to show that Merck knowingly caused the submission of false claims. The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge rather than misrepresentations to the State. If Merck is confused as to the statements, times and places of their making, please refer to the specific allegations of fact set out in the Amended Complaint which demonstrate knowing causation of the submission of claims. In its Answer to the Amended Complaint, Merck did not deny the authenticity of any of those statements but rather relies upon the defense that each of the statements was taken out of context.

**Interrogatory Number 3:**   For each communication identified in response to Interrogatory number 2, provide the specific provision of Utah code that was violated, including subclause (e.g. 26-20-7(1)(a)), and what specific action or omission lead to the alleged violation.

**Supplemental Answer:**     In addition to Plaintiff's previous answer, the Amended Complaint sets out violations of Utah Code Annotated 26-20-7(1)(a) because Vioxx prescriptions were wholly or partially false when the true safety and efficacy profile known to Merck was not disclosed. Those same allegations support a knowing causation of the submission of prescriptions which were not medically necessary. Vioxx was never medically necessary because of its safety and efficacy profile. Thus there is a violation of 26-20-7(1)€. Merck caused the submission of false and fictitious documents with intent to deceive to the federal government, including CMS and the FDA as set out in the Amended Complaint. Thus, there is a violation of UCA 26-20-7(2)(c). Merck was not entitled to retain any monies from the sale of Vioxx because Vioxx would either have not been on the market or had been removed if Merck had not violated federal law by disclosing the accurate and truthful safety and efficacy profile. Thus there is a violation of UCA 26-20-7(2)(d). In addition Merck and its employees entered into a combination or agreement to defraud the state by aiding others to obtain payment for a false or fictitious claim for reimbursement of Vioxx as set out in the Amended Complaint. This constitutes a violation of UCA 26-20-6. For further enlightenment, see the specific allegations of violations found in the Amended Complaint. Merck admitted the authenticity of those statements and filings which demonstrate the knowing causation of the submission of claims. Merck's only asserted defense was that those statements were misinterpreted. That is the only argument with respect to Merck's statements and omissions remaining to be decided by the jury for liability under the False Claims Act.

**Interrogatory Number 4:**    For each communication identified in response to Interrogatory number 2, provide the specific provision of Utah Code prior to the 2007 amendments that was

3

violated, including subclause (e.g. 26-20-7(1)(a)), and what specific action or omission lead to the alleged violation.

**Supplemental Answer:**   In addition to the Plaintiff's previous answer, the allegations are the same under either version of the statute.  Please see footnotes 8, 9 and 11 of *Utah v. Apotex*. We have set out the statements, filings, emails and omissions which lead to liability in the Amended Complaint.  Those are the actions of which we are presently aware.  There may be more and further acts discovered in discovery in this case.  The Utah Supreme Court has specifically stated that under the UCA, deception and reliance are not issues.  The only relevant issue is if Merck knowingly caused the submission of false claims.  The actions of Merck in causing the submission of false claims are found most particularly in the Amended Complaint and Merck's answer in which Merck admits that its responsible officers and agents made the statements, omissions and filing.  The only remaining jury liability issue is the interpretation of Merck's admitted statements.

**Interrogatory Number 5:**   For each communication identified in response to Interrogatory number 2, identify with particularity the specific statement or omission that you claim renders the communication false or misleading.  If identifying an omission, identify with particularity the communication or information that you allege Merck should have provided.

**Supplemental Answer:**   In addition to previous Plaintiff's previous answer, again, this is not a misrepresentation lawsuit.  The State's burden is to show that Merck knowingly caused the submission of false claims.  The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge.  The State Claims that Merck should have and could have reported to the federal government all adverse information as to the safety and

4

efficacy of Vioxx. Those allegations are set out with particularity in the Amended Complaint. Merck does not deny the existence of such statements, filings, and omissions. Merck, on the other hand, claims only that such statements, filings and omissions are taken out of context. Therefore, Merck knows with exactitude the statements, filings and omissions upon which the State relies to show the knowledge of Merck.

**Interrogatory Number 6:** Identify all individuals involved in preparing the answers to these interrogatories.

**Supplemental Answer:** Plaintiff objects to this question on the basis of attorney client privilege.

**Interrogatory Number 7:** Identify with particularity any instance where Plaintiff has discovered or has been advised that a Utah healthcare professional who originally prescribed Vioxx later determined that he or she would not have prescribed Vioxx had he or she had additional information about Vioxx when he or she prescribed the medicine.

**Supplemental Answer:** In addition to Plaintiff's previous answer, neither the State's prima facie cause of action or any defense available to Merck under the Utah False Claims Act relates in any way to reliance upon statements to doctors or indeed to the causation of doctors to write prescriptions for Vioxx. This interrogatory, therefore, requests information that is not relevant or designed to lead to relevant information. Deceit, including deceit of the doctors is not an element of the State's cause of action nor is it an element of Merck's defense. The sole issue is if Merck knowingly caused the submission of false claims as described in the answers to these interrogatories, the Amended Complaint and Merck's Answer. Subject to this objection, the

state claims that no doctor would have or could have prescribed Vioxx had the true safety and efficacy profile been known because the drug would not have been on the market or would have been removed from the market in a timely fashion.

**Interrogatory Number 8:** Identify all individuals allegedly injured by Vioxx for whom you claim the Government Health Program provided reimbursement, the nature of the individual's injury, the treatment for the individual's alleged injury, the individual's treating and prescribing physicians, and the date of the alleged injury.

**Supplemental Answer:** In addition to Plaintiff's previous answer, the State has never identified specific individuals and attributed all of their post-Vioxx care to the receipt of the drug. Rather than engage in a simplistic and non-scientific exercise, the State has identified from its database all individuals who received any prescription of Vioxx. The State then engaged the services of epidemiologists and actuaries to scientifically assess the relative risk of damage to the Vioxx patients. The State's experts performed a retroactive actuarial evaluation of the excess costs to the Utah Medicaid. That evaluation relates to damages and is thus not a subject for discovery. The State only seeks damages to its Medicaid fund, together with the statutory penalties designed by the legislature to protect and defend the fund.

**Interrogatory Number 9:** Identify all claims Merck filed for a medical benefit related to Vioxx, including the date, location, form, content, substance, originator and recipient of each claim.

**Supplemental Answer:** Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, in addition

to Plaintiff's previous answer, the State has never claimed that Merck directly submitted false claims to the state. Rather, the state claims that Merck knowingly caused the submission of false claims as Merck made the omissions, concealments, statements, emails and filings as set out in the Amended Complaint. Merck caused the submission of each claim made upon Utah Medicaid for reimbursement for Vioxx. The number of claims, the dates of each claim and the pharmacy involved may easily be rendered from the Utah Medicaid pharmacy database. The statements supporting the State's allegations are found in the amended complaint. Merck has admitted the authenticity of such statements and only complains of the interpretation of those statements.

**Interrogatory Number 10:** Identify all claims for Vioxx that Merck allegedly made or presented to an employee or officer of the state a claim for a medical benefit knowing the claim to be false, fictitious, or fraudulent, including the date, location, form, content, substance, originator and recipient of each claim.

**Supplemental Answer:** Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, in addition to Plaintiff's previous answer, please see the answer to Interrogatory Number 9 above.

**Interrogatory Number 11:** For each claim identified in response to Interrogatory Number 10, what was false, fictitious, or fraudulent about the claim.

**Supplemental Answer:** In addition to Plaintiff's previous answer, again, this is not a misrepresentation lawsuit. The State's burden is to show that Merck knowingly caused the submission of false claims. The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge. Please see Answer to Interrogatory Number 9

above. The claims Merck caused to be submitted were wholly or partially false because of the statements, emails, omissions and filings set out with particularity in the Amended Complaint demonstrates that Merck knew of the falsity of the claims. Merck has admitted the making of those statements in its answer. The only remaining dispute is the interpretation of those statements, etc. That dispute will be decided by a Utah jury after transfer or remand.

**Interrogatory Number 12:** Identify all claims for Vioxx that Merck allegedly caused to be made or presented to an employee or office of the state a claim for a medical benefit knowing the claim to be false, fictitious, or fraudulent, including the date, location, form, content, substance, originator and recipient of each claim.

**Supplemental Answer:** Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Again, this is not a misrepresentation lawsuit. The State's burden is to show that Merck knowingly caused the submission of false claims. The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge.

**Interrogatory Number 13:** For each claim identified in response to Interrogatory Number 12, what was false, fictitious, or fraudulent about the claim.

**Supplemental Answer:** There is no supplementation needed for this interrogatory. The previous answer will suffice.

**Interrogatory Number 14:** Identify all claims for Vioxx where Merck allegedly made or presented or caused to be made or presented to an employee or office of the state a claim for a

8

medical benefit which misrepresented the type, quality, or quantity of items or services rendered, including the date, location, form, content, substance, originator and recipient of each claim.

**Supplemental Answer:** Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, there is no supplementation needed for this interrogatory. Every claim for payment of Vioxx was a false claim for the reasons set out above as well as the admitted statements found in the Amended Complaint. Again, this is not a misrepresentation lawsuit. The State's burden is to show that Merck knowingly caused the submission of false claims. The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge.

**Interrogatory Number 15:** For each claim identified in response to Interrogatory Number 14, what was false, fictitious, or fraudulent about the claim.

**Supplemental Answer:** This interrogatory need not be supplemented as the information is set out above and can be easily discerned from the admitted statements in Merck's admitted answers to the Amended Complaint as well as the Amended Complaint itself. Again, this is not a misrepresentation lawsuit. The State's burden is to show that Merck knowingly caused the submission of false claims. The statements of Merck, its officials and agents, are cited to show the nature and extent of Merck's knowledge.

**Interrogatory Number 16:** Identify all claims for Vioxx where Merck allegedly made or presented or caused to be made or presented to an employee or office of the state a claim for a medical benefit for items or services which Merck allegedly knew were not medically necessary

9

in accordance with the professionally recognized standards, including the date, location, form, content, substance, originator and recipient of each claim.

**Supplemental Answer:**   Objection. This interrogatory seeks information created, known by, and/or in the possession of the requesting party. Without waiving said objections, in addition to Plaintiff's previous answer, see Answer to Interrogatory Number 3 above. Vioxx was never medically indicated because the FDA and CMS were never informed of the safety and efficacy profile of Vioxx. This is demonstrated by the recitations in the Amended Complaint which were admitted by Merck.

**Interrogatory Number 17:**   For each claim identified in response to Interrogatory 16, state with particularity why the claims was not medically necessary.

**Supplemental Answer:**   In addition to Plaintiff's previous answer, all claims for Vioxx were false because of Merck's actions with regard to the federal government including the FDA and CMS. The times, dates and places may be found on the Utah Medicaid database.

**Interrogatory Number 18:**   For each claim identified in response to Interrogatory 16, state with particularity what professionally recognized standards rendered each claim medically un-necessary.

**Supplemental Answer:**   In addition to Plaintiff's previous answer, the knowing submission of Vioxx without a true safety and efficacy profile violated the statutes and rules of the FDA. The failure to report know side effects was a violation of the rule of the FDA. The submission of false information, including by conference after the withdrawal of the drug violated the statutes

10

and rules of the FDA.  The submission of the Drug to CMS without a disclosure of the safety and efficacy profile violated CMS statutes and rule.

**Interrogatory Number 19:**  Identify all occasions when Merck allegedly knowingly falsified or altered with intent to deceive any report or document related to Vioxx required by state of federal law, rule, or Medicaid provider agreement, including the date, location, form, content, substance, originator and recipient of each report or document.

**Supplemental Answer:**  Objection.  This interrogatory seeks information created, known by, and/or in the possession of the requesting party.  Without waiving said objections, in addition to Plaintiff's previous answer, see answers to Interrogatory No. 3,5,18 and the specific allegations in the Amended Complaint.  Merck has admitted the making of such statements, filings and omissions along with their dates and places.  The only liability question remaining is the interpretation of Merck's statements.

**Interrogatory Number 20:**  For each occasion identified in response to Interrogatory 19, what was the report or document allegedly falsified or altered with intent to deceive?

**Supplemental Answer:**  In addition to Plaintiff's previous answer, the documents relating to this interrogatory are set out in the amended complaint.  Merck has admitted the authenticity of such documents.  The only remaining liability dispute is the interpretation of such documents.  The allegations of falsity may be found in the amended complaint.

11

**Interrogatory Number 21:**   For each occasion identified in response to Interrogatory 19, what was the state or federal law, rule, or Medicaid provider agreement that required the allegedly falsified or altered agreement?

**Supplemental Answer:**   In addition to the Plaintiff's previous answer, the filings both to the FDA as well as to CMS violated federal law which requires truth and probity in representations to the federal government as to safety and efficacy.  Those allegations are supported by the allegations concerning documentary evidence found in the amended complaint.  Merck has admitted the authenticity of such documents, reserving only the argument that the documents are taken out of context.

**Interrogatory Number 22:**   Identify all times when Merck allegedly knowingly retained any unauthorized payment for Vioxx as a result of acts described in UCA §26-20-7(k) (2006) and UCA §26-20-7(2)(d) (2008).

**Answer:**   Objection.  This interrogatory seeks information created, known by, and/or in the possession of the requesting party.  Without waiving said objections, in addition to Plaintiff's previous answer, Merck retained monies to which it was not entitled every time a sale of Vioxx was made in the state of Utah.  This is because had Merck been forthcoming on the safety and efficacy profile of Vioxx, the drug would have never been sold or at the very least removed from the Utah market. Utah does not allege that there were specific sales that Merck should have returned the money.  Merck should have returned all monies.

12

**Interrogatory Number 23:**   If your answer to any request in Defendant's Requests to Admit is anything other than an unqualified "yes" explain on what basis you failed to unequivocally admit that request.

**Supplemental Answer:**   In addition to Plaintiff's previous answer and these supplemental answers, no supplementation is needed.

**Interrogatory Number 24:**   Identify with particularity any instance where Plaintiff has discovered or has been advised that a Utah healthcare professional read or heard, prior to September 30, 2004, the allegedly false and/or misleading statements or communications identified in response to Interrogatories No. 2.  For each instance, include:

    (1) The name and address of the healthcare professional

    (2) The date when the healthcare professional red [sic] or heard the statement or communication

    (3) The form, content, and substance or the statement or communication.

**Supplemental Answer:**   This answer needs no supplementation.  We presume familiarity with *Utah v. Apotex*.  This information is not relevant to any issue in the case either by the State or by the Defendant.  Subject to that objection, the State knows of none.

    DATED this 7th day of August, 2012.

                                       /S/
                               Joseph W. Steele
                               Kenneth D. Lougee
                               STEELE & BIGGS
                               5664 South Green Street
                               Salt Lake City, UT  84123

   /S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901


   /S/
Richard W. Schulte (Ohio Bar No. 0066031)
Wright & Schulte LLC
812 East National Road, Suite A
Vandalia, Ohio 45377

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of August, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123