# EXHIBIT 4

# BAKER BOTTS LLP

|  |  |
|---|---|
| ONE SHELL PLAZA | ABU DHABI |
| 910 LOUISIANA | AUSTIN |
| HOUSTON, TEXAS | BEIJING |
| 77002-4995 | DALLAS |
|  | DUBAI |
| TEL +1 713.229.1234 | HONG KONG |
| FAX +1 713.229.1522 | **HOUSTON** |
| www.bakerbotts.com | LONDON |
|  | MOSCOW |
|  | NEW YORK |
|  | PALO ALTO |
|  | RIYADH |
|  | WASHINGTON |

July 16, 2012

Richard L. Josephson
TEL +1 713.229.1460
FAX +1 713.229.7760
richard.josephson@bakerbotts.com

BY E-MAIL AND CERTIFIED MAIL

Kenneth M. Lougee
Steele & Biggs L.L.C
5664 South Green Street
Salt Lake City, Utah 84123

Re:   *State of Utah v. Merck Sharp & Dohme Corp.*, MDL Docket No. 1657, Case No. 06-432, In the United States District Court for the Eastern District of Louisiana.

Dear Ken:

I write regarding Utah's responses to Merck's Second Set of Interrogatories, Second Set of Requests for Production and First Set of Requests for Admission. Generally, Utah's discovery responses are deficient as they fail to provide Merck with even the most basic information regarding Utah's claims.

First, Utah has failed to provide Merck with information or documents regarding those individuals who Utah contends were injured by Vioxx and for whose medical treatment Utah is seeking reimbursement. (See Resp. to Second Set of Interrogs. 8; Resp. to Second Set of Req. for Prod. 1, 2.) Utah's First Amended Complaint states that Utah is seeking reimbursement for "all consequential damages (subsequent care for Utah Medicaid recipients.)" (First Am. Compl. at 68.) Thus, Merck is entitled to know for which individuals Utah is seeking reimbursement and to obtain discovery regarding those individuals, their treating and prescribing physicians, alleged resulting injury, treatment of the alleged injury, and the amount Medicaid allegedly reimbursed for that injury. This measure of damages asserted by Utah will necessitate extensive discovery regarding those individuals' alleged injuries, which can only take place once Utah has provided complete responses to these discovery requests. Accordingly, Utah must produce information and documents promptly to allow that discovery to proceed.

Next, Utah has failed to provide Merck with the basic information or documents regarding the alleged communications that Utah alleges give rise to its claims under its False Claims Act. Although Utah relies on *Utah v. Apotex* to argue that the State's knowledge is irrelevant, it fails to justify its refusal to identify with specificity the communications that form the basis of its claims under the Utah False Claims Act, as directly requested by Merck. (*See* Resp. to Second Set of Interrog. No. 1, 2, 3, 4, 5; Resp. to Second Set of Req. for Prod. 3.). Merck is entitled to this basic information regarding Utah's claims.

Further, Utah has refused to provide any information or documents regarding the claims that it alleges Merck submitted in violation of the Utah False Claims Act. (*See* Resp. to Second Set of Interrog. No. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18; Resp. to Second Set of Req. for

**BAKER BOTTS** LLP

Kenneth M. Lougee                          - 2 -                          July 16, 2012

Prod. 4, 5, 6, 7, 8.)  Instead of providing responsive information or documents, Utah argues that Merck did not submit claims, but caused them to be submitted.  Regardless, Merck is still entitled to discovery regarding those claims, including the date, location, form, content, substance, originator, and recipient of each claim and what was false, fictitious, or fraudulent about that claim or why the claim was not medically necessary.

In addition, Utah has not provided any information or documents regarding its claim that Merck knowingly falsified or altered with the intent to deceive any report or document related to Vioxx required by state or federal law, rule, or Medicaid provider agreement.  (*See* Resp. to Second Set of Interrogs. No. 19, 20, 21; Resp. to Second Set of Req. for Prod. 9.) Instead, Utah says it is "in the process of discovery [of] the full extent of the failure to submit and falsification of submissions to the FDA."[1]  Given that Utah filed this case over six years ago, it should be in a position to identify the basis for its claims, rather than stating that it is "in the process of discovery" regarding its claims.  Similarly, throughout its discovery responses, Utah refers to various deficiencies in Merck's submissions to FDA or asserts that Vioxx "violated safety and efficacy standards set by FDA." (*See e.g.*, Resp. to Second Set of Interrogs. 2, 5, 14, 16, 18, 19, 20, 21, 23.)  Accordingly, if it intends to pursue that theory, Utah needs to provide Merck with the specifics regarding these allegations in response to Merck's interrogatory requests, which expressly ask Utah to provide specific details regarding each claim.

Moreover, Utah fails to provide any information regarding all times when Merck allegedly knowingly retained unauthorized payment for Vioxx, but instead simply asserts that all money was unauthorized, without providing specific information or support for that statement. (*See* Resp. to Second Set of Interrogs. 22.)

Further, Utah refuses to identify all individuals involved in preparing the answers to interrogatories on the basis of the attorney-client privilege.  This is a standard interrogatory request and the mere identity of the individuals involved in preparing answers to interrogatories cannot possibly be subject to the attorney-client privilege.

In addition, Utah has not responded to discovery regarding potential witnesses or persons with knowledge of relevant facts, including the identity of healthcare providers who read or heard the allegedly false and/or misleading statements that form the basis of Utah's claims or the identity of any healthcare provider who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional information. (*See* Resp. to Interrog. 7, 24.)  Utah contends that Merck caused healthcare providers to submit false claims, and these requests directly address causation.  *Apotex* in no way relieves Utah of its burden to provide discovery relevant to Utah's alleged theory of causation.  Furthermore, regardless of the causation issue, Merck is entitled to discovery regarding potential witnesses of whom Utah is aware.

---

[1] Further, to the extent that Utah plans to base this claim on the adequacy Merck's submissions to the FDA, that claim clearly is pre-empted.

**BAKER BOTTS** LLP

Kenneth M. Lougee                         - 3 -                         July 16, 2012

   Furthermore, Utah does not provide adequate support for its basis for denying certain Requests for Admission. (*See* Resp. to Interrog. 23.) Please supplement this response to provide a detailed basis for each denial rather than unsubstantiated assertions.

   Please supplement your responses to rectify these deficiencies. Furthermore, please provide me with your availability during the week of July 16 for a telephonic meet and confer to discuss these deficiencies.

        Sincerely,

        Richard L. Josephson