# EXHIBIT 5

STEELE & BIGGS L.L.C.
TRIAL LAWYERS

July 18, 2012

Richard L. Josephson                    *Via Email and U.S. Postal Service*
BAKER & BOTT
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

RE:   *The State of Utah v. Vioxx*

Dear Richard:

We are in receipt of your letter of July 16, 2012. We fear Merck continues to misunderstand the nature of the State's causes of action. This is not a misrepresentation to the State lawsuit which requires the demonstration of reasonable reliance. It is a false claims lawsuit. The proof of a false claim is not the proof of a misrepresentation to a State officer or even to a Utah doctor. It is the filing of a false claim as defined by the statute. Further, Merck continues to seek damages testimony which is not called for under the current pre-trial order. Lastly, Merck does not recognize controlling Utah authority. Let me respond to each of these items in turn.

As we have said repeatedly, this is not a subrogation action nor does the State have parens patrie authority. The action is brought solely for monetary loss to the Utah Medicaid program. During the conference call last week (which you were not involved in), we made it plain that Utah did not hold a naïve belief that we could simply pick out individuals and blame Merck for the entire amount of those individual damages. We made it plain that we did not identify specific individuals and add up their costs. We did identify (as can Merck) the individuals who received Vioxx prescriptions. We did use epidemiologists and actuaries to identify the relative risk of Vioxx related insults. In other words, we did the same statistical analysis that Merck or any other drug company should do when approaching the FDA for approval. Your associates demanded the identification of which injuries our epidemiologists considered to result from the use of Vioxx. That is work product at this point in time. Merck has teams of epidemiologists and can easily identify injuries arising out of the use of Vioxx. At the appropriate time, we will give you our actuarial reports and calculations.

JOSEPH W. STEELE** / DAVID C. BIGGS‡
5664 South Green Street / Salt Lake City, Utah 84123
Telephone 801-266-0999 / Fax 801-266-1387
**California and Utah Bars  ‡United States Supreme Court

The State does claim that Merck caused the submission of false claims by representations and omissions. The representations include misleading the FDA as to the true safety and efficacy of the drug. We claim that Merck did not tell the FDA about its knowledge of the cardiovascular profile of the drug. Utah Code Ann. §26-20-7(1)(a) requires the State to prove only that Merck caused to be submitted a claim for a medical benefit that was wholly or partially false, fictitious or fraudulent. The claims Merck knowingly caused to be submitted by pharmacists to Utah Medicaid were wholly or partially false, fictitious or fraudulent. The focus is on what Merck knew rather than what Merck is supposed to have told the officials of the State or Utah doctors and pharmacists.

We intend to show these representations constitute false claims under the Utah law through the testimony of experts. Those experts will rely upon the documents that Merck has placed in the MDL repository. When we are required to disclose experts, we will do so.

You also complain that Utah has not designated Merck Statements to the State or its officers misrepresenting the drug. The State does not have to show that Merck misrepresented Vioxx to its officers or employees. That is not part of our cause of action nor is it a defense for Merck to show that the State knew or should have known of the safety profile. The fact that Merck did, or did not, make misrepresentations directly to State officials is no defense for Merck.

So that there is no misunderstanding on the State's lack of burden to show that Merck made misrepresentations directly to State officers or employees, let us quote from paragraph 45 of the recent Utah Supreme Court case, *Utah v. Appotex,* 2012 UT 36. There, the defendants attempted to put in evidence that the State had knowledge of the false claim. "Moreover, if the Department of Health information had been appropriate for the court to consider, the information speaks to the *State's* knowledge, whereas the UFCA (Utah False Claims Act) provisions focus on a *defendant's* knowing submissions of false claims. The district court's discussion of deception also was in error because the UFCA provisions at issue do not include an element of *deception,* but rather require allegations that false claims were made knowingly." (Italics by the court.) It does not matter whether we are claiming under the former statute or the current statute. See Footnote 8. As the court explains, the State could have known about the false drug profile and the claim would still be false.

The same analysis applies to the identity of doctors who heard "misrepresentations" and would have refrained from prescribing Vioxx. The claim is false because the safety and efficacy profile did not comply with Merck's knowledge. Merck therefore, knowingly caused the submission of false claims. Under either version of the statute, "deception" is not an element and we do not have to show Merck that there was a doctor who was deceived.

2

Merck continues to misrepresent the State's position as to the submission of false claims. The State has informed you that it considers every prescription of Vioxx to be a false claim. This is because Merck's actions and omissions, as specified, caused Utah doctors and pharmacists to submit claims for reimbursement of Vioxx. The evidence as set forth in the amended complaint indicates the type, nature and scope of Merck's conduct both before and after submission to the FDA for approval. Had Merck been forthcoming as to the safety and efficacy of the drug, it never would have been on the market. You can count the Vioxx prescriptions from the database. We can't be plainer on that point. Simply put, the False Claims Act does not require the Plaintiff to prove it relied on false statements and we are not asserting any causes of action that have such a reliance element. Accordingly, we do not need to prove reliance and any discovery targeted toward reliance issues is irrelevant and inappropriate.

Should you have further questions, please do not hesitate to call.

Sincerely,

Kenneth D. Lougee
Joseph W. Steele
*Attorneys for the State of Utah*

cc:    Dawn Barrios