UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * MDL No. 1657 |
| This Document Relates to: | * SECTION L |
| State of Utah | * JUDGE ELDON E. FALLON |
| v. | * MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | * |
| Civil Action No. 2:06-cv-09336 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S ANSWERS TO DEFENDANT'S
THIRD SET OF INTERROGATORIES**

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, plaintiff, State of Utah, hereby answers the following Interrogatories.

**INTERROGAOTORIES**

**INTERROGATORY NO. 1:** If your answer to any request in Defendant's Second Set of Requests to Admit is anything other than an unqualified "yes," explain on what basis you failed to unequivocally admit that request.

**ANSWER:** Plaintiff responds to interrogatory no. 1 as follows:

**REQUEST NO. 1 :** : The State of Utah was aware of all public statements made by Merck, its contractors, representatives and agents as to the safety and efficacy profile of Vioxx. This would include the labeling, direct to public advertisement, and press releases made by Merck. We believe the same to be true of medical doctors in Utah prescribing Vioxx to the

1

Medicaid population. Those representations, including omissions, proved to be materially false. It is admitted that the state pharmacists have nothing in their files which is unique to Utah.

**REQUEST NO. 2:** The false documentation (including material omissions) provided to the FDA and CMS is actionable under UCA §26-20-7(2)(c). Merck is also liable under UCA §26-20-7(1)(a) because Merck caused the submission of claims for medical benefits which were wholly or partially false, fictitious or fraudulent. Claims for Vioxx reimbursement were wholly or partially false because those claims did not reflect the true safety and efficacy profile of Vioxx. The claims were "knowingly" submitted because the record amply demonstrates that Merck was fully aware of the cardiovascular and Alzheimer's profile well before the drug went on the market and acquired further information as the drug continued to be sold. Merck is also liable under UCA §26-20-7(1)(e) because it caused to be submitted claims for Vioxx which were not medically necessary. This claim includes causing Vioxx claims to be submitted for patients without gastric problems. Those claims were not medically necessary because the actual profile of Vioxx does not show any improvement in pain or arthritis relief significantly different than any other NSAID which could have been obtained at a small fraction of the cost. Merck is liable under UCA §26-20-6 because its employees and agents entered into agreements, combination or conspiracy to defraud the state by aiding others to obtain allowance of a false, fictitious or fraudulent claim. The proof of these claims does not require intent to deceive nor does it require the showing of `knowledge of upper management as to these false statements or representation. UCA §26-20-8.

**REQUEST NO. 3 :**   It is unknown at the present time how the Utah Medicaid pharmacists were notified that Vioxx had been removed from the market.  It is presumed that they were alerted to that fact by public disclosure from Merck.

**REQUEST NO. 6 :**   The causes of Action for Utah False Claims were not complete until the true safety and efficacy profile was known to the Attorney General.    Information concerning the false representations and omissions by Merck as to the cardiovascular profile were not known by the Attorney General until early winter 2005.  This was after evidence of Merck's knowledge of the risk of cardiovascular events was disclosed and publically disseminated in the late summer of 2005.

Upon removal of the drug from the market, Merck represented that the unblinding of a study in September 2004 was the first knowledge it had concerning cardiovascular risks with Vioxx.  By late summer 2005, it was apparent that Merck had not been truthful and that the claims it had caused to be submitted beginning in 1999 were indeed false claims.  It was at that point that the cause of action was complete.  It should be noted that to the present, Merck continues to deny cardiovascular risk as has been shown in the recent attempts to obtain discovery of the Alzheimer studies.

**REQUEST NO. 8 :**   Once it became clear, that Merck had made representations and omissions concerning the safety and efficacy of the drug, the State's position is that it should never have been on the market or that it should have been removed immediately.  Further, no claims should have been made at any time for any patient that did not experience gastric upset.

**REQUEST NO. 9 :**   See response to request no. 8 above.

**REQUEST NO. 10 :**  In order to prevail on a negligence theory in Utah, a party must show duty, breach of duty , causation and damages.  Merck had a duty to make a safe drug.  That

3

duty was breached when Merck put and retained on the market a drug that was known to Merck to have significant risks of cardiovascular events. Merck was further negligent when it put and retained the drug on the market when its own scientists were properly questioning the testing. This is most clearly shown in the promotion of the naproxen cardio protection fable. If Merck scientists truly believed naproxen to be cardio protective they were entirely remiss in failing to test and verify that proposition. Causation is shown through recognized experts who will testify that the drug was not safely on the market. There appears no reasonable argument that Merck has the propensity to cause cardiovascular events.

The falsifications and omissions made to the FDA to obtain approval of Vioxx provide proof supporting the elements of duty and breach of duty. The falsifications and omissions to the FDA may provide the basis for liability under a negligence per se theory but the State has not completed fact discovery on this point.

**REQUEST NO. 11** : Under *State v. Apotex*, knowledge of the plaintiff as to the efficacy and safety of Vioxx is irrelevant to the prima facie case in the False Claims Causes of Action. The plaintiff need not prove that it was deceived. The focus of the act is upon what Merck knew and what Merck did rather than upon what the plaintiff knew. In that sense reliance by the plaintiff upon representations by Merck is not necessary to prevail on the False Claims causes of action.

However, if Merck is using the word "reliance" to indicate that its misrepresentations and omissions as to the true safety and efficacy profile are irrelevant, it is wrong. The misrepresentations and omissions prove the knowing submissions of false claims. If the question is "Did the plaintiff relied upon Merck to be truthful" the answer is "Yes." If Merck was not truthful, that evidence shows the causing of submission of false claims.

Likewise, in the negligence count, "reliance" is not a cognizable issue. The plaintiff did not bring a product liability by failure to warn case or a fraudulent or negligent misrepresentation case. Such cases require a showing of reliance upon the statements of Merck whereas this negligence count does not. However, again the plaintiff trusted Merck to safely test and disclose all known or knowable risks which was not done. If the question is "Did the plaintiff rely upon Merck to meet its duties of bringing a safe drug to market" the answer would be in the affirmative.

**REQUEST NO. 12 :** Admit that Utah Medicaid has asserted liens against Utah citizens' personal injury settlements related to Vioxx.

**RESPONSE:** Plaintiff admits that Utah Medicaid asserted liens against Utah citizens' personal injury settlements related to Vioxx as those claims were handled in the Multidistrict Litigation. We deny that we have asserted any other liens.

**REQUEST NO. 13 :** Admit that Utah Medicaid has received settlement funds from Merck through liens or other claims against Utah citizens' personal injury settlements related to Vioxx.

**RESPONSE:** Plaintiff admits that Utah Medicaid received settlement funds from Merck through liens against Utah citizens' personal injury settlements related to Vioxx in the Multidistrict Litigation but otherwise deny this request. Plaintiff presumes that Merck and the

settling officials have records of what monies were paid on behalf of Utah Medicaid recipients.

DATED this 14 day of September, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123


/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901


/S/
Richard W. Schulte (Ohio Bar No. 0066031)
Wright & Schulte LLC
812 East National Road, Suite A
Vandalia, Ohio 45377

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S ANSWERS TO DEFENDANT'S THIRD SET OF INTERROGATORIES has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of September, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123