UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * MDL No. 1657 |
| This Document Relates to: | * SECTION L |
| State of Utah | * JUDGE ELDON E. FALLON |
| v. | * MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | * |
| Civil Action No. 2:06-cv-09336 | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
SECOND SET OF REQUESTS TO ADMIT**

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, plaintiff, State of Utah, hereby responds to the following Requests to Admit.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1 :** Admit that You are not aware of any false statements, misrepresentations, or omissions made by Merck related to Vioxx to Utah Medicaid or any employee or representative of Utah Medicaid.

**RESPONSE:** Deny.

**REQUEST NO. 2 :** Admit that the entire basis for your allegations that Merck caused the submission of false claims related to Vioxx is based on alleged misstatements, misrepresentations, or omissions made by Merck to the FDA.

**RESPONSE:** Deny.

1

**REQUEST NO. 3 :**   Admit that on September 30, 2004, Merck notified Utah Medicaid that Merck had voluntarily withdrawn Vioxx from the market.

**RESPONSE:**   The plaintiff lacks the knowledge to either admit or deny request no. 3 and therefore denies the same.

**REQUEST NO. 4 :**   Admit that on September 30, 2004, Utah Medicaid was aware that Merck had voluntarily withdrawn Vioxx from the market.

**RESPONSE:**   Admit. Utah Medicaid was aware that Vioxx was removed from the market on or about September 30, 2004.

**REQUEST NO. 5 :**   Admit that Merck did not market Vioxx in the State of Utah after September 30, 2004.

**RESPONSE:**   Admit.

**REQUEST NO. 6 :**   Admit that Merck did not make or cause to be made any claims for Vioxx after September 30, 2004.

**RESPONSE:**   Deny.

**REQUEST NO. 7 :**   Admit that the state of Utah did not expend any money on reimbursement for prescriptions for Vioxx after September 30, 2004.

**RESPONSE:**   Admit.

**REQUEST NO. 8 :**   Admit that You contend that none of the claims submitted by healthcare professionals for Vioxx were valid.

**RESPONSE:**   Deny.

**REQUEST NO. 9 :**   Admit that You contend that none of the claims submitted by healthcare professionals for Vioxx were valid because Merck made misrepresentations or

omissions to the FDA, without which Vioxx would not have been on the market in the United States.

**RESPONSE:** Deny.

**REQUEST NO. 10:** Admit that You contend that you only need to establish that Merck's negligence caused the FDA to approve Vioxx to prevail on your negligence claim.

**RESPONSE:** Deny.

**REQUEST NO. 11:** Admit that You do not intend to introduce any evidence at trial that the state of Utah acted in direct reliance on any alleged negligent act or misrepresentation by Merck, as distinguished from Utah's reliance on the FDA's approval of Vioxx that You contend was allegedly caused by Merck's negligence.

**RESPONSE:** Deny.

**REQUEST NO. 12:** Admit that Utah Medicaid has asserted liens against Utah citizens' personal injury settlements related to Vioxx.

**RESPONSE:** Plaintiff admits that Utah Medicaid asserted liens against Utah citizens' personal injury settlements related to Vioxx as those claims were handled in the Multidistrict Litigation. We deny that we have asserted any other liens.

**REQUEST NO. 13:** Admit that Utah Medicaid has received settlement funds from Merck through liens or other claims against Utah citizens' personal injury settlements related to Vioxx.

**RESPONSE:** Plaintiff admits that Utah Medicaid received settlement funds from Merck through liens against Utah citizens' personal injury settlements related to Vioxx in the Multidistrict Litigation but otherwise deny this request. Plaintiff presumes that Merck and the

settling officials have records of what monies were paid on behalf of Utah Medicaid recipients.

DATED this 14th day of September, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123


/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901


/S/
Richard W. Schulte (Ohio Bar No. 0066031)
Wright & Schulte LLC
812 East National Road, Suite A
Vandalia, Ohio 45377

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS TO ADMIT has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of September, 2012.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123