## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | **MDL NO. 1657** |
| **IN RE: VIOXX** | : |  |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION:  L** |
|  | : |  |
|  | : | **JUDGE FALLON** |
|  | : |  |
|  | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : 

**THIS DOCUMENT RELATES TO:**        *Sandra Elliott v. Merck & Co., Inc.*, 06-10987

### ORDER & REASONS

The Court has pending before it Merck's motion for summary judgment with respect to

Plaintiff Sandra Elliott (Rec. Doc. 63872) and Plaintiff Elliott's motion for an extension of time

to respond to Merck's motion (Rec. Doc. 64004).  The Court has reviewed the briefs and the

applicable law and now issues this Order and Reasons.

### I.        BACKGROUND

To put this matter in perspective, a brief review of this litigation is appropriate.  This

multidistrict products liability litigation involves the prescription drug Vioxx, known generically

as Rofecoxib.  Merck, a New Jersey corporation, researched, designed, manufactured, marketed

and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid

arthritis, menstrual pain, and migraine headaches.  On May 20, 1999, the Food and Drug

Administration approved Vioxx for sale in the United States.  Vioxx remained publicly available

until September 30, 2004, when Merck withdrew it from the market after data from a clinical

trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarction (heart attack) and ischemic stroke. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort, fraud, and warranty claims. On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a $4.85 billion Master Settlement Agreement that eventually resolved over 99% of Vioxx claims.

This remaining personal injury case arises out of various alleged injuries to Plaintiff Sandra Elliott. Elliott is a resident of California who alleges that she took Vioxx from October 2002 to May 2004. Elliott claims that as a result of using Vioxx, she experienced congestive heart failure on May 12, 2003. Elliott filed suit in California state court in 2006. The case was subsequently removed to the Eastern District of California and transferred to this MDL. Elliott later enrolled in the Vioxx Resolution Program, but her claim was found ineligible by the Claims Administrator, so she signed a Future Evidence Stipulation and continued to pursue her case in court. Although Elliott's case was at one point dismissed with prejudice for failure to comply with Pretrial Order 43 (Rec. Doc. 26346), it was later reinstated with Merck's consent (Rec. Doc. 46845).

## II.     PRESENT MOTIONS

Merck now moves for summary judgment with respect to Elliott's claims. (Rec. Doc. 63959). Merck claims that Elliott failed to disclose her lawsuit against Merck when she filed for Chapter 7 bankruptcy in July 2009. Therefore, Merck argues that Elliott's claims against Merck should now be dismissed under the doctrine of judicial estoppel. In response, Elliott moves for

an extension of time to respond to Merck's motion. (Rec. Doc. 64004). Elliott requests

additional time in order to amend her bankruptcy petition to include her Vioxx claim.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party can show "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial

burden of "informing the district court of the basis for its motion, and identifying those portions

of [the record] which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule

56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the

mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). In deciding a summary judgment

motion, the court reviews the facts drawing all reasonable inferences in the light most favorable

to the nonmovant. *Id*. at 255.

### B. Judicial Estoppel

"Judicial estoppel is a common law doctrine that prevents a party from assuming

inconsistent positions in litigation." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir.

2004). "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express,

affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re*

*Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999). Thus, judicial estoppel can bar a plaintiff from proceeding with a claim when he or she failed to disclose that claim in a bankruptcy petition. There are three requirements for judicial estoppel to apply: "(1) [T]he party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Superior Crewboats*, 374 F.3d at 335. A nondisclosure is considered inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210.

**C.     Analysis**

Merck asserts that all three requirements listed above are met in Elliott's case. Merck argues that Elliott's omission of her Vioxx-related claims from her bankruptcy filing was "tantamount to a representation that no such claim[s] existed," *Superior Crewboats*, 374 F.3d at 335, and this representation was accepted by the bankruptcy court when it adopted Elliott's position that she had no claims. Merck argues that the disclosure was not inadvertent because Elliott was aware of her claims—which, at the time of her bankruptcy filing, she had already been pursuing for approximately three years—and that Elliott had a motive to conceal her claims because by doing so, she would be able to profit from them directly, rather than having to distribute the funds to her creditors.

Elliott responds with several arguments, focusing mainly on the element of inadvertence. Generally, she argues that "there is a genuine dispute about whether [she] made a good faith mistake," rather than attempting to game the system and keep the proceeds of her Vioxx claim for herself. (Pl.'s Supp. Opp., Rec. Doc. 64091 at 5). Elliott emphasizes that judicial estoppel is

appropriate in cases of "[i]ntentional bad faith, a reckless disregard for the truth, trickery, [and] clear motive," none of which apply to her case. *Id.* at 8. Elliott attempts to distinguish her case from *Superior Crewboats*, and argues that she had no motive to conceal her case because she believed she would not recover—she was found ineligible for the Settlement Program by the Claims Administrator shortly after she filed her bankruptcy petition. Furthermore, Elliott argues that dismissal of her claim would actually harm her creditors, since they would lose the ability to receive compensation.[1]

At the Court's request, both parties have submitted supplemental briefing on the application of *Superior Crewboats* to the circumstances of the present case. In particular, the Court was curious about the Fifth Circuit's position on amendment of a bankruptcy petition in similar circumstances, given the statement in *Superior Crewboats* that amendment could not allow a plaintiff to proceed with the underlying claim, since "[j]udicial estoppel was designed to prevent such abuses." 374 F.3d at 335 (citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)).

The parties' briefs have clarified that under Fifth Circuit case law, a plaintiff may *not* be permitted to pursue a claim that was omitted from a bankruptcy petition, even if that plaintiff reopens her bankruptcy proceedings and amends her petition. Recently, the Fifth Circuit

---

[1]Elliot also argues in her supplemental brief that since her case was originally filed in California state court and removed to the Eastern District of California, this Court should apply the law of the Ninth Circuit, not the Fifth Circuit, in applying the doctrine of judicial estoppel to Elliott's case. As this Court recently noted in a different MDL, an MDL transferee court "is obliged to apply . . . the substantive law of the transferor court . . . and the federal law of its own circuit." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 3815669, at *10 (E.D. La. Sept. 4, 2012) (Fallon, J.). Therefore, it is appropriate for this Court to decide this case under the Fifth Circuit's precedents on judicial estoppel.

reaffirmed its strict stance on judicial estoppel in the context of bankruptcy filings in *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012).  First, with respect to the required element of inadvertence, the *Love* Court noted that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court . . . because of potential financial benefit resulting from the nondisclosure."  *Love*, 677 at 262 (quoting *Thompson v. Sanderson Farms, Inc.*, No. 3:04CV837–WHB–JCS, 2006 U.S. Dist. LEXIS 48409, at *12–13 (S.D.Miss. May 31, 2006)) (internal quotation marks omitted).

Elliott's supplemental brief presents arguments relating to Elliott's *actual state of mind* when she omitted her Vioxx claim from her bankruptcy petition.  For example, Elliott argues that "intent to mislead or deceive [can] not be inferred from the mere fact of nondisclosure," and that "the evidence of [her] alleged motive is susceptible to more than one inference," precluding summary judgment.  (Pl.'s Supp. Opp., Rec. Doc. 64091 at 4).  In other words, Elliott argues that because she did not *actually intend* to conceal her Vioxx claims from the bankruptcy court, her nondisclosure was inadvertent for the purposes of judicial estoppel.  But this is not the standard for inadvertence in judicial estoppel.  In order to show that nondisclosure was inadvertent, a plaintiff must show that she *lacked a motive* to conceal her claims.  *In re Coastal Plains*, 179 F.3d at 210.  And as the court stated in *Love*, the "potential financial benefit resulting from nondisclosure" provides such a motive in almost all cases.  As such, Elliott cannot succeed in showing that there remains a general issue of material fact with respect to whether her failure to disclose was inadvertent; clearly, she had the same motive not to disclose that the *Love* plaintiff did.

Furthermore, *Love* clarifies that amending a bankruptcy petition is not enough to save an

omitted claim from dismissal.  Like Ms. Elliott seeks to do, the plaintiff in *Love* amended his

Chapter 13 bankruptcy petition following the defendant's motion for summary judgment arguing

for the application of judicial estoppel.  *Love*, 677 F.3d at 261.  The Fifth Circuit held that the

district court did not abuse its discretion when it granted summary judgment, because the

plaintiff had not adequately addressed his failure to disclose his claims in his original bankruptcy

petition—that is, "*at the time Love failed to meet his disclosure obligations*, which is the relevant

time frame for the judicial estoppel analysis."  *Id.* at 263.  The *Love* Court found it significant

that "Love did state that he would pay his creditors before collecting any money from his claims

against Tyson, but he made this assertion *only after* Tyson brought his nondisclosure to light."

*Id.*  On the other hand, "Love's disclosure obligations arose long beforehand," and he had not

adequately explained why he did not meet those obligations at that time.  *Id.*  The court also

noted that if "a debtor who is caught concealing his claims by an opponent could then disclose

his claims" in order to fix the problem, "there would virtually no incentive for a debtor to

disclose his claims until forced to do so by an opponent."  *Id.* at 266.11

In this case, Elliott claims that she failed to list her claims on her bankruptcy petition

because she did not believe she would win her Vioxx claims.  She supports this assertion with

the fact that her case was rejected from the Settlement Program in July 2009.  This explanation is

not adequate, however.  First, the Court notes that Elliott filed for bankruptcy on June 30, 2009,

before her case was rejected.  Second, it is significant that Elliott signed a Future Evidence

Stipulation shortly after her case was rejected, for the specific purpose of continuing to pursue

her case in court.  Even if Elliott did not believe she would recover funds from the Settlement

Program, and even if that explanation were sufficient to make her initial nondisclosure

inadvertent, there is no question that Elliott became obligated to disclose her Vioxx claims in her

bankruptcy proceedings when she decided to continue to pursue them in court.[2]  And finally, as

explained above, there can be no question that Elliott's disclosure was not "inadvertent" as

defined by Fifth Circuit law—that is, she was certainly aware of the existence of the claims, and

she certainly had a motive to conceal them.

Elliott also suggests in her supplemental brief she should be allowed to pursue her claims

on behalf of her creditors, and that dismissal of her claims at this stage would actually harm her

creditors by denying them the opportunity to recover.  It is true that the Fifth Circuit has allowed

innocent trustees to proceed with claims that the original plaintiffs omitted from their bankruptcy

petitions.  *See Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011); *Kane v. Nat'l Union Fire

Ins. Co.*, 535 F.3d 380 (5th Cir. 2008).  But that right does not extend to the plaintiffs

themselves.  *Love*, 677 F.3d at 266.  Furthermore, the *Love* Court rejected the argument that a

plaintiff in that situation could be acting "in an analogous position to a trustee" by pursuing her

claim and then distributing any money she recovered to her creditors.  *Id.*  And in *Reed* itself, the

court held that although the trustee could recover on behalf of the creditors, the original plaintiff

was completely estopped from any recovery in excess of the amount owed to his creditors.

*Reed*, 650 F.3d at 579 ("Absent unusual circumstances, an innocent bankruptcy trustee may

pursue for the benefit of creditors a judgment or cause of action that the debtor—having

concealed that asset during bankruptcy—is himself estopped from pursuing.").  Elliott's

---

[2]To the extent that Elliott may have been misadvised on these matters by either her
bankruptcy attorney or her Vioxx attorney, she may be able to bring a malpractice suit against
that attorney, but the fact remains that she represented to the bankruptcy court that she had no
assets.  Therefore, under the Fifth Circuit's case law, she cannot proceed with her Vioxx claims.

argument cannot succeed. There remains no genuine issue of material fact regarding the application of judicial estoppel to her case. Accordingly, Merck's motion for summary judgment must be granted.

## IV. CONCLUSION

Merck has demonstrated that Ms. Elliott is barred from pursuing her claim under the Fifth Circuit's doctrine of judicial estoppel. However, that doctrine expressly allows an innocent trustee to proceed with an omitted claim in some circumstances. As a result, it is appropriate for the Court to dismiss Ms. Elliot's claim without prejudice to the ability of the trustee to pursue it further.

Accordingly, IT IS ORDERED that Merck's motion for summary judgment (Rec. Doc. 63959) is GRANTED. Plaintiff Sandra Elliott's claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Sandra Elliott's motion for an extension of time to respond (Rec. Doc. 64004) is DENIED.

New Orleans, Louisiana, this 13th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE