## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|                                          |   |                       |
|------------------------------------------|---|-----------------------|
|                                          | : | **MDL NO. 1657**      |
| **IN RE: VIOXX**                         | : |                       |
| **PRODUCTS LIABILITY LITIGATION**        | : | **SECTION:  L**       |
|                                          | : |                       |
|                                          | : | **JUDGE FALLON**      |
|                                          | : | **MAG. JUDGE KNOWLES**|

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**  *Elena Strujan v. Merck & Co., Inc.*, 07-906

## ORDER

  This case arises out of alleged personal injuries to Plaintiff Elena Strujan.  Strujan claims that she suffered various injuries after being taking Vioxx from 1999 or 2000 to 2004.  On May 23, 2012, Merck moved for summary judgment with respect to Strujan based on her failure to disclose her Vioxx claims in a Chapter 7 bankruptcy petition that she submitted in October 2005. (Rec. Doc. 63872).  In the Fifth Circuit, judicial estoppel prevents a party from proceeding with a case when (1) the party's position in the present case is inconsistent with its previous position, (2) the court accepted the previous position, and (3) the failure to disclose was not inadvertent. *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004).  Merck's motion demonstrated that all three requirements had been met in Strujan's case, and on July 25, 2012, this Court issued an Order & Reasons granting Merck's motion and dismissing Strujan's claims with prejudice. (Rec. Doc. 64010).

Strujan now moves for reconsideration of that Order & Reasons. (Rec. Doc. 64053).[1] In part, Strujan simply reiterates her argument raised in opposition to Merck's motion that her failure to disclose her Vioxx claims to the bankruptcy court was inadvertent. More importantly, however, she provides a copy of a letter she has since filed with the bankruptcy court in an attempt to reopen the proceedings and amend her petition. (Rec. Doc. 64053-1 at 1-2).

This Court recently confronted a similar issue in a different Vioxx case. *See Sandra Elliott v. Merck & Co, Inc.*, Case No. 06-10987, MDL No. 1657 (E.D. La. Sept. 13, 2012) (Fallon, J.). In that case, the plaintiff had also failed to disclose her Vioxx claims on a Chapter 7 bankruptcy petition. She then sought to reopen her bankruptcy case and amend her petition in order to avoid dismissal based on judicial estoppel. After examining the Fifth Circuit's cases on the issue, this Court held that judicial estoppel would bar her from proceeding with her Vioxx claims regardless of whether her bankruptcy petition was amended to reflect the existence of those claims. (Rec. Doc. 64109).

The same reasoning applies here. As the Fifth Circuit has previously stated, "the relevant time frame for the judicial estoppel analysis" is "*the time [the plaintiff] failed to meet [her] disclosure obligations.*" *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 263 (5th Cir. 2012). Strujan's failure to disclose was not "inadvertent" as defined by the Fifth Circuit at the time that she failed to meet her disclosure obligations, so she is not able to proceed with her Vioxx claims now. Strujan may have a claim against her bankruptcy attorney for malpractice if he truly failed to

---

[1]Strujan also asks this Court to award her "[d]amages for pain and suffering due to Vioxx," and to "[g]ran[t] [her] Complaint in full." (Pl.'s Mot., Rec. Doc. 64053 at 2). Furthermore, Strujan requests various other forms of relief that this Court lacks jurisdiction to grant. All these requests are beyond the scope of a motion to reconsider and must be denied.

include potential claims that she disclosed to him beforehand. Regardless, however, she is estopped from proceeding with her claims against Merck because of her prior representation to the bankruptcy court that she had no potential claims.

Accordingly, IT IS ORDERED that Plaintiff Elena Strujan's motion for reconsideration (Rec. Doc. 64053) is DENIED.

New Orleans, Louisiana, this 19th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE