UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | \* | MDL Case No. 1657 |
| | \* | |
| PRODUCTS LIABILITY | \* | SECTION L |
| LITIGATION | \* | |
| | \* | JUDGE FALLON |
| *This document relates to* | \* | |
| | \* | MAGISTRATE JUDGE |
| *Susana Valencia Bernal v. Merck Sharp & Dohme Corp.*, | \* | KNOWLES |
| 2:07-cv-01049-EEF-DEK | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

On November 9, 2007, this Court entered Pretrial Order No. 28 ("PTO 28"), which required, *inter alia*, plaintiffs to provide specified materials relating to their claims. In particular, as pertinent to this motion, PTO 28 required plaintiffs to provide what is commonly referred to as a *Lone Pine* case specific expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury. As this Court has previously explained:

> This name comes from *Lore v. Lone Pine Corp.*, in which the Superior Court of New Jersey approved of a pre-trial order requiring plaintiffs to provide some basic facts in the form of expert reports or run the risk of having their case dismissed. *See* 1986 WL 637507, at \*1–\*3 (N.J. Super. Nov. 18, 1986). *Lone Pine* orders "are designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). "The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases." *Baker v. Chevron USA, Inc.*, 2007 WL 315346, \*1 (S.D. Ohio Jan. 30, 2007). Since the New Jersey Court's decision, *Lone Pine* orders have been routinely used by courts to manage mass tort cases.

*In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008).

Plaintiff Susana Valencia Bernal has failed to provide the *prima facie* evidence of causation required by PTO 28, that is, that the use of Vioxx by the plaintiff caused the injury for which she has brought suit. The *Lone Pine* expert report that she proffered in response to PTO 28 ***does not provide a causation opinion of any kind***. Instead, the report generally discusses Ms. Valencia Bernal's history with rheumatoid arthritis and femur-patella condromalacia (a term indicating damage to the cartilage under the kneecap), notes that she had been treated with "Cox2 Inhibitors," and separately notes that a 2003 electrocardiograph showed evidence of arrhythmia.[1] *See* Ex. 1 (Tejada Medical Report) at 4.[2] This Court has previously found that PTO 28 expert reports that fail to support a causal link warrant summary judgment, and such an order is appropriate here. Accordingly, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In support of this motion, Merck further states as follows:

1.  Ms. Valencia Bernal filed her complaint on September 26, 2006, alleging that her use of Vioxx caused her "serious continued cardiovascular and neurological damage" with "partial loss of vision." Compl. ¶ 2. In successive Plaintiff Profile Forms signed on July 24, 2007 and November 15, 2007, Ms. Valencia Bernal described the injuries she attributes to her alleged Vioxx usage as "medical side effects that[] have caused cardiovascular events harmful to

---

[1]   Ms. Valencia Bernal's proffered *Lone Pine* report consists of a one-page "Informe Medico," written in Spanish and signed by Dr. Arturo Sanchez Tejada of Guadalajara, Mexico, as well as a one page English translation of Dr. Tejada's report, also signed by Dr. Tejada. *See* Ex. 1. For purposes of this motion, Merck refers to the English translation of Dr. Tejada's report.

[2]   All exhibits referenced herein are attached to Defendant's Statement of Material Facts As To Which There Is No Dispute, filed contemporaneously with this Motion.

2

[her] health," loss of vision in her left eye, "sinus tachycardia – arrhythmia," and demyelinating disease. *See* Ex. 2 (Plaintiff Profile Forms) at 2, 14.

2. On her Plaintiff Profile Forms, Ms. Valencia Bernal alleges that she used Vioxx from April 2002 to September 2004, as prescribed by Dr. Arturo Sanchez Tejada of Guadalajara, Mexico, and that she received some samples of Vioxx from Dr. Tejada. Ex. 2 at 5, 19.

3. On November 9, 2007, this Court entered PTO 28, which as noted above, required, *inter alia*, plaintiffs to provide specified materials relating to their claims, including pharmacy records, certain medical records, signed authorization forms for the release of medical records, and a case-specific *Lone Pine* expert report from a medical expert attesting to a reasonable degree of medical probability that the plaintiff suffered an injury and that Vioxx caused the injury. *See* PTO 28 ¶¶ II.A.1, II.A.3, II.A.6, II.A.8.

4. Pursuant to PTO 28, Ms. Valencia Bernal submitted a report signed by Dr. Tejada, the doctor who she alleges prescribed her Vioxx. *See* Ex. 1. A review of Dr. Tejada's report demonstrates that summary judgment should be granted in favor of Merck and Ms. Valencia Bernal's claims dismissed. The report, which does not mention Vioxx by name, states, *inter alia*, that:

- In June of 2002 Ms. Valencia Bernal was diagnosed with rheumatoid arthritis;
- In March of 2003, she was diagnosed with "Femur-Patella Condromalasia;"
- "Cox2 Inhibitors" were used for six months; and
- In 2003 "there was . . . evidence of Arrythmia, detected through electrocardiograph," that had not previously been noted.

Ex. 1 at 4.

5. Plaintiff Valencia Bernal's proffered expert report does not satisfy PTO 28's requirement of a "Rule 26(a)(2) case specific expert report from a medical expert attesting (i) to

3

a reasonable degree of medical probability that the Plaintiff . . . suffered an injury and (ii) that Vioxx caused the injury."[3]  PTO 28 ¶¶ II.A.8.  Indeed, Dr. Tejada did not state that *any* causal link whatsoever existed between any of Ms. Valencia Bernal's medical conditions and her alleged use of Vioxx.[4]

6. Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b)(2).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

7. As this Court has previously explained, in light of the extensive work already performed in this MDL, "it is not too much to ask a Plaintiff to provide some kind of evidence to

---

[3] In August 2012, Ms. Valencia Bernal submitted a "general causation" expert report pursuant to the expert discovery schedule set forth in Pretrial Order 58.  *See* Ex. C.  This report, which was signed by a Ph.D. toxicologist and not a medical doctor, Dr. Richard Parent of Consultox, Limited in Damariscotta, Maine, does not overcome any of the shortcomings of Ms. Valencia Bernal's *Lone Pine* report, as it addresses only a *general* "causal relationship between exposure to rofecoxib and cardiovascular and cerebrovascular thrombotic adverse events," and does not offer any opinions relating specifically to Ms. Valencia Bernal or her health conditions.  *See* Ex. 3 at 18.

[4] Moreover, though PTO 28 required her to produce "[a]ll pharmacy records regarding the dispensing of drugs to the Plaintiff . . . for the period from January 1, 1995 to the present," PTO 28 ¶ II.A.1, Ms. Valencia Bernal has provided no pharmacy records reflecting the use of Vioxx.  Three pharmacies were identified on her Plaintiff Profile Forms as pharmacies that had dispensed medications to her in the last ten years: Walgreens and CVS in Boynton Beach, Florida, and Farmacia Guadalajara in Guadalajara, Mexico. Ex. 2 at 9.  Ms. Valencia Bernal did not produce records from any of them.  Using the authorization forms she provided, Merck has been able to obtain the prescription records from Walgreens and CVS, neither of which reflect any prescription for Vioxx; Merck is still attempting to collect records from the Mexican pharmacy. Merck submits that the burden to produce records to support her claim should properly be viewed as on plaintiff under PTO 28, particularly under circumstances like those here were the medication was allegedly obtained in a foreign country.

support their claim that Vioxx caused them personal injury." *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 744 (E.D. La. 2008). To that end, the Court previously has dismissed plaintiffs' claims in this litigation for failure to make this *prima facie* showing. *See, e.g.*, Orders granting summary judgment in favor of Merck on the claims of Plaintiffs James Nelson, March 18, 2011, ECF No. 62701, Darlene Harris, Sept. 23, 2011, ECF No. 63426, and Cheryl Kuykendall, *In re Vioxx Prods. Liab. Litig.*, Nos. 08–3573, 05–4991, 2012 WL 1398622, at *6 (E.D. La. Apr. 23, 2012).

    8.    Given the requirements of PTO 28, at this late stage in the litigation, the absence of a *Lone Pine* report providing ***any*** opinion that Ms. Valencia Bernal's alleged prior use of Vioxx caused or contributed to any injury that she sustained warrants summary judgment in this case. Accordingly, Merck respectfully requests that the Court enter summary judgment in favor of Merck on all of Plaintiff Valencia Bernal's claims.

A proposed order is attached.

Dated: September 28, 2012

    Respectfully submitted,

    /s/ Dorothy H. Wimberly
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

    Defendants' Liaison Counsel

    —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        Emily Renshaw Pistilli
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck Sharp & Dohme Corp.

1105737v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Summary Judgment has been served on pro se plaintiff Susana Valencia Bernal by United States Mail at the following addresses:

| 5713 Boynton Bay Circle<br>Boynton Beach, FL 334737-2669 | P.O. Box 740733<br>Boynton Beach, FL 33474 |

I further certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of September, 2012.

                                                */s/ Dorothy H. Wimberly*
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana  70130
                                                Phone:  504-581-3200
                                                Fax:     504-581-3361
                                                dwimberly@stonepigman.com

                                                Defendants' Liaison Counsel

1105737v1