

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT - 1 2012
LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**12-2406**
**SECT. L MAG. 3**

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

Linda Isner, Executrix of the Estate of )
 Jeffrey Isner, M.D., v. Seeger Weiss, LLP, et al., )   MDL No. 1657
 D. Massachusetts, C.A. No. 1:12-10909 )

### TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiff in this action (*Isner*) moves to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 1657. Responding defendants Hughes Hubbard & Reed LLP, Theodore V.H. Mayer, BrownGreer PLC, and Orran L. Brown oppose the motion.

In opposing transfer, the *Isner* plaintiff argues, *inter alia*, that her claims are wholly distinct from those in the MDL. Specifically, plaintiff contends that the claims involve factual issues pertaining solely to the content of representations allegedly made by defendants to plaintiff and her counsel in connection with plaintiff's decision to enter a November 2007 global settlement (referred to as the Master Settlement Agreement or "MSA") reached in the MDL. We are not persuaded by this argument. Actions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407.[1] *See In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ( "It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407.") (citing *In re Patenaude*, 210 F.3d 135, 142–144 (3d Cir. 2000)). Here, plaintiff has alleged misconduct on the part of some of the principal attorneys involved in the MDL, as well as the administrator of the MSA. The alleged misconduct concerns representations purportedly made to the plaintiff, which, according to the Complaint, formed "the basis for the plaintiff's decision to enter into the proposed settlement" of her wrongful death action, which was transferred to the MDL in 2006.[2] *See* Complaint ¶ 29. Moreover, as the transferee judge himself has previously stated in substantively similar context, he has "an undeniable interest in policing the conduct of attorneys who enrolled their clients in the settlement program." *See Poole v. Eichholz Law Firm*, No. 11-1456, 2011 WL 5900797, at *3 (E.D. La. Nov. 23, 2011); *see also In re Sulzer Hip Prosthesis and Knee Prosthesis Liab. Litig.*, 290 F.

---

[1] As defendants note, Section 8.1.2 of the MSA provides that any disputes arising "under or otherwise in connection with" the MSA "shall be submitted to the Chief Administrator [*i.e.*, the transferee judge] who shall sit as a binding arbitration panel and whose decision shall be final, binding and Non-Appealable." It is at least arguable that under that provision, plaintiff was required to bring this action in the Eastern District of Louisiana.

[2] *Isner v. Merck & Co., Inc.*, E.D. Louisiana, C.A. No. 2:05-06172.

- 2 -

Supp. 2d 840 (N.D. Ohio 2003) (holding unenforceable any contingent fee agreement entered into between an attorney and a plaintiff class member after the date of announcement of settlement, as no substantial contingency then remained). That same interest exists with respect to attorneys, such as certain of the defendants here, who are alleged to have made representations to induce a plaintiff's enrollment in that program.

After considering all argument of counsel, we find that *Isner* involves common questions of fact with actions previously transferred to MDL No. 1657, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions brought by or on behalf of persons allegedly injured by Merck's Vioxx anti-inflammatory drug. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers."). As explained above, *Isner* challenges the settlement of a wrongful death action brought by the same plaintiff and previously transferred to (and concluded in) the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |