UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>　　PRODUCTS LIABILITY LITIGATION | :<br>:<br>:<br>:<br>:<br>: | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *David Agard, et al., v. Merck & Co.* | Case No.: 2:05-cv-01089 (Agard, Henderson) |
| *Adnan Aljibory, et al., v. Merck & Co.* | Case No.: 2:05-cv-01090 (Santacrose, Bozich) |
| *Matthew Cavallo, et al., v. Merck & Co.* | Case No.: 2:05-cv-01513 |
| *Marjorie Connolly, et al., v. Merck & Co.* | Case No.: 2:06-cv-02708 (Curtis, Hia, Hoyt) |
| *Marilyn F. Core, et al. v. Merck & Co.* | Case No.: 2:05-cv-02583 |
| *Carlo Devincentiis, et al., v. Merck & Co.* | Case No.: 2:05-cv-02297 (Pratt) |
| *Robert D. Gates, et al., v. Merck & Co.* | Case No.: 2:05-cv-06221 (Berthel) |
| *James Spencer Oakley v. Merck & Co.* | Case No.: 2:05-cv-5912 |
| *Mary Kurtz v. Merck & Co.* | Case No.: 2:06-cv-05779 |

## ORDER

The Court has received the nine above-listed plaintiffs' motion to be assessed as to the percentages of common benefit attorney fees and expenses. (Rec. Doc. 63968). Plaintiffs indicate that they have settled their claims with Merck outside the Master Settlement Agreement and request a common benefit assessment of 2% for attorney's fees and 1% for costs. Previously, this Court denied Plaintiffs' motion to be excluded entirely from common benefit assessments pursuant to Pre-Trial Order 19. (Rec. Doc. 63798). Plaintiffs now argue that they fall into a gap, because they are undisputedly subject to an assessment, but are not covered under the remaining provisions of PTO 19, because Plaintiffs' counsel did not enter into a fee agreement dictating that assessment. Plaintiffs argue that a 2%/1% assessment is fair in their individual cases because

1

Plaintiffs' counsel, Mr. Ronald Benjamin, chose not to utilize or access any common benefit work.

Merck does not oppose this motion. (Rec. Docs. 63999, 64003). Rather, Merck agrees that Plaintiffs seem to fall into a gap, since that they are undoubtedly subject to an assessment, but it is not clear how much. Essentially, Merck requests clarification as to the quantity of that assessment to assist with resolution of the remaining cases in this litigation. However, Liaison and Lead Counsel for Certain Cases does oppose the motion. (Rec. Doc. 63997). Liaison Counsel argues that Plaintiffs' counsel seeks a second bite at the apple, attempting to decrease his fee beyond the 6% assessment paid by almost all other attorneys in this matter. Furthermore, Liaison Counsel points to this Court's previous statements that it is not practical to conduct case-by-case review in order to determine whether a claimant has actually benefitted from common benefit work.

The Court agrees with Liaison Counsel that an exception should not be made for Plaintiffs on the grounds that Plaintiffs' counsel did not avail himself of common benefit work. Counsel elected not to take the "Full Participation Option," which would have provided for a 2%/1% assessment; having chosen not to take that option, he cannot receive the 2%/1% assessment now.

For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion for a common benefit assessment of 3% (Rec. Doc. 63968) is DENIED.

New Orleans, Louisiana, this 26th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE