UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| THIRD PARTY PAYOR COMMON | * | MAG. JUDGE KNOWLES |
| BENEFIT FEES | * | |
| FILER: Robert E. Arceneaux/Margaret Woodward/ | * | November 9, 2012 |
| Pascal F. Calogero, Jr. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR PRODUCTION OR ALTERNATIVELY, FOR ACCESS TO GARRETT RECORDS

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted on behalf of the Law Offices of Eric H. Weinberg ("Weinberg") in support of his Motion for Production or alternatively for access to records on file with Phil Garrett.

Pursuant to the process established by this Court, Weinberg submitted a claim for payment of fees and costs incurred for the common benefit in the Third Party Payor ("TPP") litigation. In compliance with PTO 57 and the requirements of the TPP FAC, Weinberg presented detailed time and expense records demonstrating that he had spent time (most of it personally) yielding a lodestar of $1,138,500 and had expended $27,392.61 for a total claim of $1,165,892. He certified that none of this time or expense had been submitted in connection with the personal injury common benefit award, and that he had received no payments from clients for any of the time or expenses submitted as common benefit.

In making its recommendations to this court for allocation of the common benefit fee fund, the FAC noted these facts and certifications without dispute. It also noted without dispute Weinberg's claim that he occupied a leadership role in the New Jersey litigation. Nonetheless, the

FAC recommended that Weinberg receive **no** fees for his work and **no** reimbursement of his costs. It offered no explanation whatsoever for this recommendation. (Rec. Doc. 63928, pp. 25-25 and Exh. A).

Weinberg duly objected in August of 2012.  He requested access to the time records of other claimants so that he could make the requisite comparative analysis of his claim against other submissions. *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F. 3d 220, 232 (5th Cir. 2008)("One cannot . . . compare apples to oranges without knowing what the oranges are. *** After all, '[a]llocation means proportion; how does the share [one] counsel is taking compare to the shares others are getting?' *In re Vitamins Antitrust Litig.*, 398 F.Supp.2d at 234."). The FAC failed to produce the requested time records, and undersigned counsel re-presented their request to the Court by letter dated October 3, 2012.  In the monthly status conference conducted on October 11, 2012, the FAC sought to delay production, but the Court instructed the FAC to provide it promptly.   Despite those clear instructions, the FAC has neither timely nor fully complied. Moreover the records provided raise serious concerns about the FAC's recommended allocation, beyond the patent unreasonableness of its recommended zeroing of Weinberg.

**1. The FAC failed to timely or fully comply with the Court's instructions.**

On the day of the status conference, undersigned counsel provided Mr. Davis with a proposed confidentiality order– in the simple form ultimately accepted and executed.  After two weeks of further delay, the FAC provided undersigned counsel with a copy of Exhibit D on disc. Inspection of the disc revealed that it did not contain the time records of the Herman, Seeger, or Levin firms.  Among them, these three firms account for $6,300,000 of the $14,693,000 award recommended by the FAC.  (As in the personal injury litigation, the FAC has recommended awarding 2/3 of the fund to its members.)  Undersigned counsel promptly contacted  Lenny Davis,

who had provided the disc, to note the missing time records. Mr. Davis suggested that the problem might be technological, and easily corrected if the copy of Exhibit D on file with the Court contained the missing data. Accordingly, after another week of delay, he and undersigned counsel met yesterday at the courthouse to examine Exhibit D on file. That record appeared to contain nothing more than what Mr. Davis had previously provided on disc. The time records missing from Exhibit D appear, as the subject firms' submissions indicate and Mr. Davis confirmed on yesterday, to have been submitted to Mr. Garrett.

Undersigned counsel again requested access to those records. Mr. Davis said that the FAC had provided what undersigned counsel specifically asked for, Exhibit D, and said that he would need permission from the FAC to provide anything more, including the time records of his own firm. Undersigned counsel had already aired this dispute with Mr. Davis by email dated October 30, 2012. (Exh. A). She reiterated that she had requested Exhibit D because PTO 57 *required* submission of detailed time records, because the FAC had represented that Exhibit D contained the detailed time records (rec. Doc. 63582, n. 1), and therefore she assumed that it contained all claimants' time records. Since the FAC had access to Exhibit D all along, it was aware of the missing records, as undersigned counsel could not be until Exhibit D was provided.

More importantly, regardless of how undersigned counsel framed their request, they made it perfectly clear what they wanted– the time records– and this Court made it perfectly clear that they were entitled to receive them. Consequently, Mr. Davis did not need the FAC's permission to release what he had already been instructed by the Court to provide, nor did he need any more time to solicit such permission, having been notified on October 30th of counsel's intention to file a motion if the FAC would not voluntarily comply.

This Court will recall that the FAC requested a one-month delay in providing the requested

records, which the Court denied on October 11, 2012.  It instructed the parties to cooperate in crafting a confidentiality order, whereupon the records were to be produced promptly.  The FAC has, by its recalcitrance, secured the one-month delay denied by this Court, and the requested records have not yet been made fully available.  The unwarranted delays would be sanctionable except that this Court merely instructed the FAC to cooperate, rather than entering a formal order.  Undersigned counsel now seeks the entry of an order.

**2. Exhibit D, in its incomplete state, sheds troubling light on the FAC's processes.**

PTO 57 issued several directives which the FAC appears to have overlooked in making its fee and cost recommendations.  First, it required "submission from any firm seeking to recover common benefit fees or costs" of certain information.  That information was to be submitted "to the Private TPP Allocation Committee," care of Mr. Herman, no later than September 16, 2011.  Among the information required was "[l]odestar information with supporting documentation on time and costs."  Claimants were also required to report "whether such time has previously been submitted in connection with any other applications for fees and costs, and if so a detailed statement sufficient to identify the nature and extent of the overlap."

The TPP FAC was not exempted from these requirements, and indeed, only the Herman, Levin, and Seeger firms chose to disregard them.

Mr. Davis suggested on yesterday that the three firms in question had effectively complied with PTO 57 because their time and expense records have been routinely submitted to Mr. Garrett.  But submission to Mr. Garrett does not facilitate a review by the FAC of such records, and it essentially reveals that the FAC did not examine these three firms' time records in arriving at its recommendations.

This complete absence of FAC  review and oversight is particularly troubling because *all*

*three subject firms acknowledge that at least some of the time submitted was in fact previously submitted in the personal injury common benefit allocation.*  In the cases of Herman and Levin, no detailed statement has been provided, as required, of where the overlap occurred.  *In Seeger's case, **all** of the time was previously submitted.*  This is all the more disturbing because these firms received *full payment* for their time in the personal injury common benefit award.  And despite this overlap, the FAC has recommended a *higher-than-lodestar* award for Seeger of time for which he has already been fully paid at a higher-than lodestar rate.

By contrast, Weinberg, who submitted *unduplicated* TPP time and costs for a leadership position, received a recommendation for *zero* recovery from the CBF.  After it appeared obvious that members of the FAC were seeking to double-dip, Weinberg submitted a supplemental application, noting that if duplication were allowable, he should be credited with an additional 1680 hours of time that benefitted the TPP action, bringing his common benefit lodestar to $2,398,500.  In its submission, the FAC did not even acknowledge that such a submission was made.

Once again, the FAC's processes seem to be determined more by mutual respect for its members than by consideration of objective guidelines.

**3. The requested relief.**

As this Court has reiterated time and again, consonant with Fifth Circuit precedent, undersigned counsel should be permitted forthwith to examine the time records on file with Mr. Garrett.  That examination should occur under oath so that undersigned counsel can determine precisely what was submitted to Mr. Garrett, by whom it has been reviewed or altered in any fashion, and when.  It should occur forthwith, as the FAC has already secured a one-month delay which the Court denied it.

No member of the FAC should be permitted to supplement its submissions for TPP fees and

costs unless the process is reopened for everyone.  Several firms have received a recommendation of no award by the FAC as a result of noncompliance with PTO 57, and the deadlines for objections has passed.  The FAC cannot claim for itself any procedural privileges that have not been accorded to the remainder of the applicant pool.

In conclusion, Weinberg requests the entry of an order requiring Mr. Garrett within one week to provide the requested time records, and to answer under oath all questions pertinent to the TPP allocation, including but not limited to the submission, encoding, organization, review, alteration, and accessibility of such records.

Respectfully submitted:

/s/ Robert E. Arceneaux                           /s/ Margaret E. Woodward
_____   _____
Robert E. Arceneaux, La Bar No. 01199    MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC                No.13677
47 Beverly Garden Drive                         3701 Canal Street, Suite C
Metairie, LA 70001                                  New Orleans, Louisiana  70119
(504) 833-7533 office                              (504) 301-4333 office
(504) 833-7612 fax                                  (504) 301-4365 fax
rea7001@cox.net                                     mewno@aol.com

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Law Offices of Eric Weinberg

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, November 9, 2012.

_____s/Margaret Woodward_____

**Subject:** Fwd: TPP production
**From:** Mewno@aol.com
**Date:** 11/9/12 3:50 PM
**To:** rea7001@cox.net

> From: LDAVIS@hhklawfirm.com
> To: Mewno@aol.com
> CC: andy.birchfield@beasleyallen.com, rea7001@cox.net, pcalogero@alsfirm.com, CSeeger@seegerweiss.com, RHERMAN@hhklawfirm.com
> Sent: 10/31/2012 10:10:38 A.M. Central Standard Time
> Subj: RE: TPP production
>
> I had an opportunity to speak with Russ regarding your email.  I have not yet spoken to Chris or Andy but wanted to respond.  On August 17, 2011 Judge Fallon issued Pre-Trial Order No. 57.  PTO 57 established the private TPP fee allocation committee and in section II of that order set forth the fee and cost application process.  As you are aware the TPP fee allocation committee submitted a recommendation to the Court.  You had an opportunity to review what was submitted and specifically requested access to Exhibit D.  Based upon your request and Judge Fallon's comments Exhibit D was made available to you, under seal and on a confidential basis.  Should you desire to review additional timekeeping entries that may be in the possession on the court appointed CPA, Phil Garrett, additional accommodations will need to be made.  You will however note that PTO 57 required specific identification of time expended on TPP matters and the information contained in Exhibit D reflects individual firm submissions.  We provided to you exactly what you requested.  We further believe that additional information you may request would be irrelevant especially as it pertains to firms other than the one you represent who has made an objection.  I know you called me yesterday and I was out of the office.  I will call you later in the day today.
>
>
> Leonard A. Davis
> Attorney at Law
> Herman, Herman & Katz, L.L.C.
> Herman  Gerel LLP
> 820 O'Keefe Avenue
> New Orleans, Louisiana 70113
> 504-581-4892
> 504-561-6024(fax)
>
> *This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
>
> CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Mewno@aol.com [mailto:Mewno@aol.com]
**Sent:** Tuesday, October 30, 2012 1:40 PM
**To:** Lenny Davis
**Cc:** andy.birchfield@beasleyallen.com; rea7001@cox.net; pcalogero@alsfirm.com
**Subject:** TPP production

Lenny,

We've reviewed the CD provided yesterday. It's not what we wanted, needed, or expected, although it may be what we specifically asked for. We expected, upon this production, to replicate the work currently being undertaken by the TPP FAC, comparing time entries in the TPP action against time entries in the personal injury case. We requested Exhibit D, but we also made clear what we expected to do with Exhibit D. One of the advantages human beings offer over computers is the ability to comprehend and attend to what you mean instead of simply following what you say. Not having seen this Exh. D, which was under seal, we assumed that like the exhibits in the personal injury litigation, it would contain the detailed time records and permit the analysis. As you must know, having been privy to the contents of Exhibit D, it does not.

Judge Fallon understood what we wanted to do, and said we were entitled to the time records. Clearly, the TPP FAC has them, since it is currently engaging in the analysis we want to perform. Will you voluntarily produce them asap or do we need to go back to the Judge?

We'd appreciate your prompt attention to this request.

Margaret E. Woodward
3701 Canal St., Suite C
New Orleans, LA. 70119
Tel: 504-301-4333
Fax: 504-301-4365

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```