# Lillian Flemming

| | |
|---|---|
| **From:** | Lenny Davis |
| **Sent:** | Thursday, November 15, 2012 3:46 PM |
| **To:** | Lillian Flemming |
| **Subject:** | FW: TPP production |

ex

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Lenny Davis
**Sent:** Wednesday, October 31, 2012 11:11 AM
**To:** 'Mewno@aol.com'
**Cc:** andy.birchfield@beasleyallen.com; rea7001@cox.net; pcalogero@alsfirm.com; Seeger, Chris; Russ Herman
**Subject:** RE: TPP production

I had an opportunity to speak with Russ regarding your email.  I have not yet spoken to Chris or Andy but wanted to respond.  On August 17, 2011 Judge Fallon issued Pre-Trial Order No. 57.  PTO 57 established the private TPP fee allocation committee and in section II of that order set forth the fee and cost application process.  As you are aware the TPP fee allocation committee submitted a recommendation to the Court.  You had an opportunity to review what was submitted and specifically requested access to Exhibit D.  Based upon your request and Judge Fallon's comments Exhibit D was made available to you, under seal and on a confidential basis.  Should you desire to review additional timekeeping entries that may be in the possession on the court appointed CPA, Phil Garrett, additional accommodations will need to be made.  You will however note that PTO 57 required specific identification of time expended on TPP matters and the information contained in Exhibit D reflects individual firm submissions.  We provided to you exactly what you requested.  We further believe that additional information you may request would be irrelevant especially as it pertains to firms other than the one you represent who has made an objection.  I know you called me yesterday and I was out of the office.  I will call you later in the day today.


Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue

New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Mewno@aol.com [mailto:Mewno@aol.com]
**Sent:** Tuesday, October 30, 2012 1:40 PM
**To:** Lenny Davis
**Cc:** andy.birchfield@beasleyallen.com; rea7001@cox.net; pcalogero@alsfirm.com
**Subject:** TPP production

Lenny,

We've reviewed the CD provided yesterday.  It's not what we wanted, needed, or expected, although it may be what we specifically asked for.  We expected, upon this production, to replicate the work currently being undertaken by the TPP FAC, comparing time entries in the TPP action against time entries in the personal injury case.  We requested Exhibit D, but we also made clear what we expected to do with Exhibit D.  One of the advantages human beings offer over computers is the ability to comprehend and attend to what you mean instead of simply following what you say.  Not having seen this Exh. D, which was under seal, we assumed that like the exhibits in the personal injury litigation, it would contain the detailed time records and permit the analysis.  As you must know, having been privy to the contents of Exhibit D, it does not.

Judge Fallon understood what we wanted to do, and said we were entitled to the time records.  Clearly, the TPP FAC has them, since it is currently engaging in the analysis we want to perform.   Will you voluntarily produce them asap or do we need to go back to the Judge?

We'd appreciate your prompt attention to this request.

Margaret E. Woodward
3701 Canal St., Suite C
New Orleans, LA. 70119
Tel: 504-301-4333
Fax: 504-301-4365