UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: * | | JUDGE FALLON |
| THIRD PARTY PAYOR COMMON | * | MAG. JUDGE KNOWLES |
| BENEFIT FEES | * | |
| FILER: Robert E. Arceneaux/Margaret Woodward/ * | | November 20, 2012 |
| Pascal F. Calogero, Jr. | | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRODUCTION OR ALTERNATIVELY, FOR ACCESS TO GARRETT RECORDS

MAY IT PLEASE THE COURT:

This memorandum is respectfully submitted on behalf of the Law Offices of Eric H. Weinberg ("Weinberg") in reply to the FAC's opposition to his Motion for Production or alternatively for access to records on file with Phil Garrett

Let us dispense with the, "we gave you what you asked for" defense offered by the FAC. Weinberg reasonably assumed that Exhibit D contained the time records of every party that has submitted a claim for TPP common benefit costs, as was ordered by the Court. He submitted the records. How was he to know that Seeger Weiss, Herman Herman, and the Levin Firm did not submit any records that specifically related to TPP common benefit work. They apparently merely relied upon the general common benefit hours that had been submitted to Phil Garrett throughout the course of this litigation, while everyone else went to the considerable trouble required to break out their TPP hours.

What we learn from the FAC's opposition to Weinberg's motion for production or inspection of the time records which allegedly support its recommended fee allocation, are two startling facts: First, the FAC did not hold its members to the same set of rules applicable to the remaining

claimants; and second, that it did not even look at the time records of Herman, Levin, or Seeger in making its allocation recommendation. It goes on to make the following extraordinary suggestion: "The FAC suggests that the Weinberg discovery process should be limited to review of the materials reviewed by the FAC, all of which have been produced to Weinberg. Any additional information would be irrelevant and immaterial to the claim of Weinberg." (Opposition, pp. 2-3).

The FAC seems to have forgotten that its recommendation is only that. The final allocation is to be made by this Court, which has always been mindful of the established law concerning fee allocation. That law requires a review of time records, the ascertainment of lodestar, and the application of *Johnson* criteria. *See, Turner v. Murphy Oil USA, Inc*., ("*Murphy Oil II*"), 582 F.Supp.2d 797, 801 n.8 (E.D.La. Oct 6, 2008). The fact that the FAC did not pursue this methodology in making its recommendations casts considerable doubt on the reliability of its recommendations, but it does not bind the other parties to this process nor this Court to the FAC's flawed methodology. Nor does it render irrelevant data which the court directed the FAC to assemble in PTO 57.

Established precedent makes the time records the starting point of the requisite analysis. Weinberg, required by the Court and the FAC to submit detailed time records, did so. Those records establish a lodestar of $1,165,892, a *Johnson*-multiplied rate of $1.7million, and more than a million dollars in TPP-related duplicated time, if the FAC is to be re-compensated for its duplicated time. The FAC's admission that it did not look at time records brings Weinberg somewhat closer to an understanding how the FAC arrived at its recommended allocation of $0.00 to him; but he remains interested in seeing the time records that resulted in such generous recommendations by the FAC for its own members and friends. Undersigned counsel should not be prohibited from examining the FAC's detailed time records simply because the FAC did not do so.

The FAC says that it has no objection to undersigned counsel's reviewing Mr. Garrett's records, provided it pays for his time.  The FAC, however, did not pay for Mr. Weinberg's time in assembling his records nor that of any of the claimants.  Weinberg therefore should not be taxed with the costs of noncompliance by FAC members with PTO 57.  Moreover, in this matter Mr. Garrett is a fact witness, rather than an expert, and his time in producing the records and answering questions about the record-keeping, if it is compensable at all, properly comes under the overall Vioxx cost umbrella.

For these reasons, Weinberg's motion is due to be granted, at no cost to him.

Respectfully submitted:


/s/ Robert E. Arceneaux                                     /s/ Margaret E. Woodward
_____         _____
Robert E. Arceneaux, La Bar No. 01199         MARGARET E. WOODWARD, La. Bar
ROBERT E. ARCENEAUX LLC                       No.13677
47 Beverly Garden Drive                                3701 Canal Street, Suite C
Metairie, LA 70001                                         New Orleans, Louisiana  70119
(504) 833-7533 office                                    (504) 301-4333 office
(504) 833-7612 fax                                        (504) 301-4365 fax
rea7001@cox.net                                           mewno@aol.com


Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Law Offices of Eric Weinberg

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on by U.S. Mail and e-mail, and by upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, November 20, 2012.

                          _____s/Margaret Woodward_____