

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
|    State of Mississippi | * | JUDGE ELDON E. FALLON |
|    v. | * | MAGISTRATE JUDGE KNOWLES |
|    Merck, et al. | * | |
|    Civil Action no. 2:05-cv-6755 | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S FIRST SET OF REQUESTS TO ADMIT TO PLAINTIFF

Pursuant to FED. R. CIV. P. 36 and Pretrial Order Number 39B, please respond to the following Interrogatories within thirty (30) days of service of the Interrogatories.

### DEFINITIONS

1. "Claim" shall have the same meaning as in Miss. Code Ann. § 43-13-213.

2. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process, electronic or otherwise. Communications in writing shall include printed, typed, handwritten, electronic and other readable documents.

3. Formulary" means any list of drugs for which you authorize purchases by, reimbursements to, or coverage for beneficiaries, including any co-pay, preference, or other tiers, lists of preferred drugs, or other sub-categories of lists of preferred drugs, together with any

1095751v1

M014D99744

policies or procedures related to exceptions, prior authorization, step therapy, or similar restrictions or requirements related to the coverage or use of drugs.

4. "Government Health Program" means a program under which you pay for, in whole or in part, the costs of medical treatment, including prescription drug benefits, to persons in your jurisdiction.

5. "Healthcare Professional" means any physician (including interns and residents), nurse, psychologist, psychiatrist, counselor, pharmacist, pharmacy, dispensary, hospital, clinic, or nursing home, or any other individual or entity who or which provides or assists in the provision of any medical, pharmaceutical or mental health treatment, including those employed by, or who practice or have practiced in your jurisdiction.

6. "Including" means "including but not limited to" and "including without limitation."

7. "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

8. "Medicaid benefit" has the same meaning given to it in Miss. Code. Ann. S 43-13-203(d)

9. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

10. "Relate to" or "Relating to" means referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

11. "Relevant Time Frame" shall mean the time period from January 1, 1998 to December 31, 2006.

12. "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

13. "You" or "Your" means all plaintiffs listed in your complaint, along with any person or entity who you contend you represent.

14. The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Request. The words, "each," "all," and "any," mean "any and all" or "each and every."

## INSTRUCTIONS

1. Each Request herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, including any of the attorneys or law firms that purport to represent You in this litigation.

2. If You object to any portion of a Request on the ground of privilege, respond to the non-privileged portion of the Request by providing such non-privileged information as is responsive.

3. If You object to any portion of a Request on any ground other than privilege, You should still respond to the remaining non-objectionable portion.

4. Separately for each Request to which You object in whole or in part, describe in detail and itemize each basis for Your objection.

5. If the basis of an objection to any Request, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please identify the basis of that purported obstacle with specificity.

6. If the basis of an objection to responding to a Request is that the response requires provision of legally-protected confidential identifying information, please indicate this specifically,

and state whether a non-identifying response can be provided.  Where possible, all non-identifying information should be provided.

7.	Each Request herein shall encompass the time period from January 1, 1998 to December 31, 2006 unless expressly stated in a specific Interrogatory.

### REQUESTS FOR ADMISSION

**Request Number 1**:  Admit that Merck has not promoted the sale of Vioxx or engaged in the sale and distribution of Vioxx since September 30, 2004.

**Response:**

**Request Number 2**:  For the time period that Vioxx was on the market, admit that Merck never made or presented a claim for Medicaid benefits to the Mississippi Division of Medicaid related to Vioxx.

**Response:**

**Request Number 3**:  Admit that Merck is not a health care provider or health care vendor.

**Response:**

**Request Number 4**:  Admit that You have never paid money directly to Merck for the purchase of Vioxx.

**Response:**

**Request Number 5**:  Admit each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was eligible for reimbursement.

**Response:**

**Request Number 6:**  Admit that each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was medically necessary.

**Response:**

**Request Number 7:**   Admit that each prescription for Vioxx written for a participant in, and paid by, the Government health Program was for a "medically accepted indication" as defined in 42 U.S.C. § 1396r-8(k)(6).

**Response:**

**Request Number 8:**  Admit that Vioxx is not one of the drugs or within the drug classes enumerated in 42 U.S.C. § 1396r-8(d)(2).

**Response:**

**Request Number 9:**  Admit that during the Relevant Time Frame, You did have a formulary as described in 42 U.S.C. § 1396r-8(d)(4).

**Response:**

1095751v1

**Request Number 10:** Admit that during the Relevant Time Frame, You had no agreement with Merck authorized by the United States Secretary of Health and Human Services under 42 U.S.C. § 1396r-8(a)(1) or in effect pursuant to 42 U.S.C. § 1396r-8(a)(4).

**Response:**


**Request Number 11:** Admit that you are unaware of any Mississippi healthcare professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine.

**Response:**


**Request Number 12:** Admit that Merck has never made or presented a claim for a Medicaid benefit to an employee or officer of the State of Mississippi.

**Response:**


**Request Number 13:** Admit that You have not identified a single prescription for Vioxx written for a Mississippi citizen that was the result of an alleged misrepresentation or omission to the prescribing Mississippi Healthcare Professional.

**Response:**


**Request Number 14:** Admit that You cannot identify a single prescription for Vioxx for a Mississippi citizen that was the result of an alleged misrepresentation or omission to the

prescribing Mississippi Healthcare Professional.

**Response:**


**Request Number 15:** Admit that You have not identified a single Mississippi Healthcare Professional who read or heard, prior to September 30, 2004, the allegedly untrue, misleading, and/or deceptive statements identified in your responses to Interrogatories Nos. 1, 5, 8, and 10.

**Response:**


              Respectfully submitted,

              */s/ Dorothy H. Wimberly*
              Phillip A. Wittmann, 13625
              Dorothy H. Wimberly, 18509
              STONE, PIGMAN WALTHER
              WITTMANN L.L.C.
              546 Carondelet Street
              New Orleans, Louisiana 70130
              Phone:  504-581-3200
              Fax:     504-581-3361

              Defendants' Liaison Counsel

              —and—

              BAKER BOTTS L.L.P.

              */s/Richard L. Josephson*
              Richard L. Josephson
              State Bar No. 11031500
              Federal Bar No. 04614
              910 Louisiana Street
              Houston, Texas 77002
              Telephone:  (713) 229-1234
              Facsimile:  (713) 229-1522

              ATTORNEYS FOR MERCK SHARP & DOHME CORP.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendant's First Set of Requests to Admit to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

                                  */s/ Dorothy H. Wimberly*
                                  Dorothy H. Wimberly, 18509
                                  STONE PIGMAN WALTHER
                                  WITTMANN L.L.C.
                                  546 Carondelet Street
                                  New Orleans, Louisiana  70130
                                  Phone:  504-581-3200
                                  Fax:     504-581-3361
                                  dwimberly@stonepigman.com

1095751v1

M014D99751