

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * |
| | *   MDL No. 1657 |
| | * |
| This Document Relates to: | * |
| | *   SECTION L |
| | * |
| JIM HOOD, ATTORNEY GENERAL *ex rel.*, | *   JUDGE ELDON E. FALLON |
| | * |
| STATE OF MISSISSIPPI | *   MAGISTRATE JUDGE |
| | *   KNOWLES |
| | * |
| v. | * |
| | * |
| | * |
| MERCK & CO., INC. | * |
| | * |
| Civil Action No. 2:05-cv-6755 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSES
TO DEFENDANT'S FIRST SET OF REQUESTS TO ADMIT**

**GENERAL OBJECTIONS**

The following General Objections shall be deemed incorporated into Plaintiff's response to each and every specific Request:

1. Plaintiff objects generally to these Requests because it is contesting the jurisdiction of this Court over this matter, as set forth in Plaintiff's originally filed Motion to Remand. Pursuant to PTO 39B, Plaintiff intends to further pursue remand of its case to the appropriate state court. Any response to these Requests should not be construed as a waiver of Plaintiff's request for remand.

2. Plaintiff objects generally to the discovery of matters that are not "common" to this MDL proceeding, but rather, concern Plaintiff's specific State law claims and damages.

3. Plaintiff generally objects to each Request to the extent that it purports to impose obligations upon it beyond those of the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant Pre-Trial Orders.

4. Plaintiff specifically objects to the definition in Paragraph 13 of the terms "You" or "Your" on the grounds that said definition is grossly overbroad. Plaintiff will therefore interpret these terms to refer to the State of Mississippi, acting through the Mississippi Office of the Attorney General.

**RESPONSES AND SPECIFIC OBJECTIONS**

**REQUEST NO. 1:** Admit that Merck has not promoted the sale of Vioxx or engaged in the sale and distribution of Vioxx since September 30, 2004.

**RESPONSE:** Denied.

**REQUEST NO. 2:** For the time period that Vioxx was on the market, admit that Merck never made or presented a claim for Medicaid benefits to the Mississippi Division of Medicaid related to Vioxx.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:** Admit that Merck is not a health care provider or health care vendor.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:** Admit that you have never paid money directly to Merck for the purchase of Vioxx.

M015D05437

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:** Admit each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was eligible for reimbursement.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:** Admit that each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was medically necessary.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:** Admit that each prescription for Vioxx written for a participant in, and paid by, the Government Health Program was for a "medically accepted indication" as defined in 42 U.S.C. § 1396r-8(k)(6).

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:** Admit that Vioxx is not one of the drugs or within the drug classes enumerated in 42 U.S.C. § 1396r-8(d)(2).

M015D05438

**RESPONSE:**     In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**   Admit that during the Relevant Time Frame, You did have a formulary as described in 42 U.S.C. § 1396r-8(d)(4).

**RESPONSE:**     In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**   Admit that during the Relevant Time Frame, you had no agreement with Merck authorized by the United States Secretary of Health and Human Services under 42 U.S.C. § 1396r-8(a)(1) or in effect pursuant to 42 U.S.C. § 1396r-8(a)(4).

**RESPONSE:**     In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**   Admit that you are unaware of any Mississippi healthcare professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine.

**RESPONSE**:     In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**   Admit that Merck has never made or presented a claim for a Medicaid benefit to an employee or officer of the State of Mississippi.

M015D05439

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:** Admit that you have not identified a single prescription for Vioxx written for a Mississippi citizen that was the result of an alleged misrepresentation or omission to the prescribing Mississippi Healthcare Professional.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:** Admit that you cannot identify a single prescription for Vioxx for a Mississippi citizen that was the result of an alleged misrepresentation or omission to the prescribing Mississippi Healthcare Professional.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 15:** Admit that you have not identified a single Mississippi Healthcare Professional who read or heard, prior to September 30, 2004, the allegedly untrue, misleading and/or deceptive statements identified in your responses to Interrogatories Nos. 1, 5, 8, and 10.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Request No. 15 is denied.

This the 6th day of July, 2012.

M015D05440

                                      JIM HOOD, ATTORNEY GENERAL, *ex rel* THE
                                      STATE OF MISSISSIPPI


                                      /s/ Sheila M. Bossier_____
                                      By: SHEILA M. BOSSIER, (LA Bar No. 19491)
                                      PLAINTIFF'S ATTORNEY

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS  39296
Telephone: (601) 352-5450
Facsimile:   (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS  39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

M015D05441

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(C).

This the 6th day of July, 2012.

/s/ Sheila M. Bossier
SHEILA M. BOSSIER
(LA Bar No. 19491)
Plaintiff's Attorney
BOSSIER & ASSOCIATES, PLLC
P. O. Box 55567
Jackson, MS 39296
Telephone: (601) 352-5450
Facsimile: (601) 352-5452
sbossier@bossier-law.com

M015D05442