

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * |
| | * MDL No. 1657 |
| This Document Relates to: | * |
| | * SECTION L |
| | * |
| JIM HOOD, ATTORNEY GENERAL *ex rel.*, | * JUDGE ELDON E. FALLON |
| STATE OF MISSISSIPPI | * |
| | * MAGISTRATE JUDGE |
| | * KNOWLES |
| v. | * |
| | * |
| | * |
| MERCK & CO., INC. | * |
| | * |
| Civil Action No. 2:05-cv-6755 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
SECOND SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

The following General Objections shall be deemed incorporated into Plaintiff's response to each and every Interrogatory:

1.  Plaintiff objects generally to these Interrogatories because it is contesting the jurisdiction of this Court over this matter, as set forth in Plaintiff's originally filed Motion to Remand. Pursuant to PTO 39B, Plaintiff intends to further pursue remand of its case to the appropriate state court. Any response to these Interrogatories should not be construed as a waiver of Plaintiff's request for remand.

2.  Plaintiff objects generally to the discovery of matters that are not "common" to this MDL proceeding, but rather, concern Plaintiff's specific State law claims and damages.

M015D05443

3.      Plaintiff generally objects to each Interrogatory to the extent that it purports to impose obligations upon it beyond those of the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant Pre-Trial Orders.

4.      Plaintiff specifically objects to the definition in Paragraph 14 of the terms "You" or "Your" on the grounds that said definition is grossly overbroad. Plaintiff will therefore interpret these terms to refer to the State of Mississippi, acting through the Mississippi Office of the Attorney General.

## RESPONSES AND SPECIFIC OBJECTIONS

## INTERROGATORIES

**Interrogatory Number 1:** With respect to Vioxx, identify each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce prohibited by Miss. Code Ann. § 75-24-5 for which You are seeking penalties under Miss. Code Ann. § 75-24-19 (1972). For each unfair method of competition affect commerce or unfair or deceptive trade practice in or affecting commerce identified, include:

      (a) the time, place and date(s) of each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

      (b) the Merck employee(s) involved with each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

      (c) whether the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was written or oral;

      (d) any document(s) related to or utilized with the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

M015D05444

(e) the content of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

(f) how the method or trade practice was unfair or deceptive; and

(g) if You allege that the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce, method or act was knowing or willful, how or why unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was done knowingly or willfully.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff refers to the allegations contained in the First Amended Complaint.

**Interrogatory Number 2:** For each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce identified in response to Interrogatory Number Once, identify by name, address, and telephone number each person, including Mississippi Healthcare professionals, Mississippi citizens, and/or Your agents or employees, who You contend witnessed or was a recipient of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 3:** For each person identified as a witness or recipient in response to Interrogatory Number Two, state whether You are aware of any person who was actually misled

M015D05445

by any alleged unfair method of competition or unfair or deceptive act or practice, and if so, specify the person(s) misled and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 4:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number Two, state whether You are aware of any Mississippi Healthcare Professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Mississippi Healthcare Professional(s) and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 5:** For each Mississippi Healthcare Professional identified as a witness in response to Interrogatory Number Two, state whether You are aware of any Mississippi Healthcare Professional who read or heard, prior to September 30, 2004, the alleged untrue, misleading, and/or deceptive statements identified in response to Interrogatory Number Two, and if so, identify the Mississippi Healthcare Professional(s) and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

M015D05446

**Interrogatory Number 6:** With respect to Vioxx, identify each advertisement that You allege contains any assertion, representation, or statement of fact which is untrue, deceptive or misleading for which You are seeking fines under Miss. Code Ann. § 97-23-3. For each advertisement identified, include:

    (a) the time, place and dates(s) of the advertisement;

    (b) the Merck employee(s) involved with the advertisement;

    (c) the form of the advertisement;

    (d) any document(s) related to the advertisement;

    (e) the content of the advertisement; and

    (f) how the advertisement was untrue, deceptive or misleading.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff states that Defendant is in possession of the information sought by Interrogatory No. 6. Further, discovery is ongoing, and Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**Interrogatory Number 7:** For each advertisement identified in response to Interrogatory Number Three, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees who You contend witnessed or was a recipient of the advertisement.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither

M015D05447

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff states that Defendant is in possession of the information sought by Interrogatory No. 7.

**Interrogatory Number 8:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number 7, state whether You are aware of any Mississippi Healthcare Professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Mississippi Healthcare Professional(s) and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 9:** With respect to Vioxx, identify each false representation of a material fact in an application for Medicaid benefits, false statement or material fact for use in determining rights to a Medicaid benefit, or concealed or undisclosed even which You claim is violative of Miss. Code Ann. § 43-13-205.  For each identified representation, statement or concealed or undisclosed even include:

>(a) the time, place and date(s) of each representation, statement, or concealed or undisclosed event;

>(b) the Merck employee(s) involved with each representation, statement or concealed or undisclosed event;

>(c) whether the representation or statement was written or oral;

>(d) any document(s) related to or utilized with the representation, statement, or concealed or undisclosed event;

6

M015D05448

(e)  the content of the representation, statement, or concealed or undisclosed event;

(f)  how the representation or statement was false; and

(g)  if You allege that the representation, statement or concealed or undisclosed event was knowing or willful, how or why the representation, statement, or concealed or undisclosed event was done knowingly or willfully.

**RESPONSE:**   In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 10:**  For each representation, statement, or concealed or undisclosed event identified in response to Interrogatory Number 9, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who You contend witnessed the representation, statement, or concealed or undisclosed event.

**RESPONSE:**   In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 11:**  With respect to Vioxx, identify each false, fictitious, or fraudulent claim You claim is violative of Miss. Code Ann. § 43-13-213.  For each claim, include:

(a) the time, place and date(s) of each claim;

(b) the Merck employee(s) involved with each claim;

(c) whether the claim was written or oral;

(d) any document(s) related to or utilized with the claim;

(e) the content of the claim;

7

M015D05449

    (f) how the claim was false; and

    (g) if You allege that the claim was knowing or willful, how or why the claim was done knowingly or willfully.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff refers to the allegations contained in the First Amended Complaint. Further, Plaintiff states that discovery is ongoing, and this response will be supplemented in accordance with the rules of discovery and any applicable rules or orders of Court.

**Interrogatory Number 12:** For each claim identified in response to Interrogatory Number 11, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who You contend witnessed or was a recipient of the claim.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory Number 13:** If Your answer to any request in Defendant's Requests to Admit is anything other than an unqualified "yes", explain on what basis You failed to unequivocally admit that request.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

M015D05450

**Interrogatory Number 14:** Identify all unfair, false, misleading, or deceptive acts or practices that You allege Merck is currently engaging in related to Vioxx which You seek to enjoin under Miss. Code Ann. § 75-24-9.

<u>RESPONSE</u>: In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad and (2) unduly burdensome. Plaintiff further objects because discovery is ongoing, and thus the Interrogatory is premature. Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**Interrogatory Number 15:** How many alleged violations of Miss. Code Ann. § 75-24-5 are You seeking penalties for pursuant to Miss. Code Ann. § 75-24-19?

<u>RESPONSE</u>: In addition to its General Objections, Plaintiff further objects because discovery is ongoing, and thus the Interrogatory is premature. Subject to and without waiver of said objections, Plaintiff states that Defendant is in control and possession of the information necessary to allow Plaintiff to calculate the penalties and scope of its damages in this case. Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

This the 6th day of July, 2012.

Respectfully Submitted,

**JIM HOOD, ATTORNEY GENERAL, ex rel THE STATE OF MISSISSIPPI**

/s/ Sheila M. Bossier
By: SHEILA M. BOSSIER, (LA Bar No. 19491)
PLAINTIFF'S ATTORNEY

OF COUNSEL:

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS  39296

Telephone: (601) 352-5450
Facsimile:   (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS  39205
Telephone: (601) 359-3821


Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

M015D05452

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(C).

This the 6th day of July, 2012.

/s/ Sheila M. Bossier
SHEILA M. BOSSIER
(LA Bar No. 19491)
Plaintiff's Attorney
BOSSIER & ASSOCIATES, PLLC
P. O. Box 55567
Jackson, MS  39296
Telephone: (601) 352-5450
Facsimile:  (601) 352-5452
sbossier@bossier-law.com

M015D05453