UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| JIM HOOD, ATTORNEY GENERAL ex rel., STATE OF MISSISSIPPI | JUDGE ELDON E. FALLON MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK & CO., INC. | |
| Civil Action No. 2:05-cv-6755 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into Plaintiff's response to each and every Interrogatory:

1. Plaintiff objects generally to these Interrogatories because it is contesting the jurisdiction of this Court over this matter, as set forth in Plaintiff's originally filed Motion to Remand. Pursuant to PTO 39B, Plaintiff intends to further pursue remand of its case to the appropriate state court. Any response to these Interrogatories should not be construed as a waiver of Plaintiff's request for remand.

2. Plaintiff objects generally to the discovery of matters that are not "common" to this MDL proceeding, but rather, concern Plaintiff's specific State law claims and damages.

3. Plaintiff generally objects to each Interrogatory to the extent that it purports to impose obligations upon it beyond those of the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant Pre-Trial Orders.

4. Plaintiff specifically objects to the definition in Paragraph 14 of the terms "You" or "Your" on the grounds that said definition is grossly overbroad. Plaintiff will therefore interpret these terms to refer to the State of Mississippi, acting through the Mississippi Office of the Attorney General.

## RESPONSES AND SPECIFIC OBJECTIONS

## INTERROGATORIES

**Interrogatory Number 1:** With respect to Vioxx, identify each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce prohibited by Miss. Code Ann. § 75-24-5 for which You are seeking penalties under Miss. Code Ann. § 75-24-19 (1972). For each unfair method of competition affect commerce or unfair or deceptive trade practice in or affecting commerce identified, include:

> (a) the time, place and date(s) of each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (b) the Merck employee(s) involved with each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (c) whether the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was written or oral;
>
> (d) any document(s) related to or utilized with the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

(e) the content of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

(f) how the method or trade practice was unfair or deceptive; and

(g) if You allege that the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce, method or act was knowing or willful, how or why unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was done knowingly or willfully.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff refers to the allegations contained in the First Amended Complaint.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action. Plaintiff further objects to this request as overbroad because every document produced by Merck and third parties could relate to Merck's violations of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, et seq. ("MCPA"). In addition, Plaintiff objects that this interrogatory is premature because discovery is ongoing. Plaintiff will supplement its responses to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving these objections and the foregoing general objections, Plaintiff responds as follows: Plaintiff seeks a penalty for each and every communication, in whatever form, disseminated by Merck that was available to persons in Mississippi that presented information concerning the safety profile and efficacy of Vioxx in an unfair or deceptive manner in violation of the MCPA. Because discovery related to Merck's

3

conduct in Mississippi has not been completed, Plaintiff cannot fully answer this interrogatory. In addition, this interrogatory requests information that is related to expert disclosures and will be further supplemented by those disclosures. At this time, the acts or practices Plaintiff will seek penalties for includes, but is not limited to, detailing of doctors, all forms of advertisement (T.V., radio, print, etc.), direct-to-consumer advertisements and mailings, PIR Letters, methods and practices employed by Merck personnel in Mississippi such as obstacle responses taught through the Dodgeball Memo, Dear Doctor and Dear Healthcare Provider letters, Press Releases, distribution of specific medical journals, use of the cardiovascular card in the promotion of Vioxx, prescription inserts, and any other method, act or premise used by Merck to disseminate information related to Vioxx in Mississippi.

**Interrogatory Number 2:** For each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce identified in response to Interrogatory Number Once, identify by name, address, and telephone number each person, including Mississippi Healthcare professionals, Mississippi citizens, and/or Your agents or employees, who You contend witnessed or was a recipient of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff objects to this interrogatory to the extent it is inconsistent with the legal standard for establishing a

violation under the MCPA. Plaintiff further objects that this request is unduly burdensome to the extent it requires Plaintiff to compile information from the incomplete discovery received to date from Merck. Plaintiff will further supplement its response to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Without waiving those objections, every person who was subjected to any of Merck's Vioxx marketing practices witnessed and was a recipient of an unfair or deceptive act or practice. Plaintiff is aware from the limited discovery received from the Defendant to-date, of Mississippi Healthcare Professionals that were exposed to untrue, misleading, and/or deceptive statements by Defendant related to Vioxx. At this point, Defendant has provided Mississippi with only an incomplete set of distribution information that was previously produced in personal injury litigation and another limited distribution list. After Merck complies with discovery requests and provides Plaintiff with the distribution of the various written communications with Plaintiff, Plaintiff will supplement this response in accordance with an agreement between the parties or Court order.

**Interrogatory Number 3:** For each person identified as a witness or recipient in response to Interrogatory Number Two, state whether You are aware of any person who was actually misled by any alleged unfair method of competition or unfair or deceptive act or practice, and if so, specify the person(s) misled and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff further

objects to this interrogatory to the extent it is inconsistent with the legal standard for establishing a violation under the MCPA. Plaintiff will further supplement its response to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving those objections and foregoing general objections, Plaintiff responds as follows:  Plaintiff need only establish that Defendant knowingly and willfully committed the various unfair or deceptive acts and practices to establish a violation under the MCPA.  Actual deception is not required

**Interrogatory Number 4:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number Two, state whether You are aware of any Mississippi Healthcare Professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Mississippi Healthcare Professional(s) and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff further objects to this interrogatory to the extent it is inconsistent with the legal standard for establishing a violation under the MCPA. Plaintiff will further supplement its response to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving those objections and foregoing general objections, Plaintiff

responds as follows: Plaintiff need only establish that Defendant knowingly and willfully committed the various unfair or deceptive acts and practices to establish a violation under the MCPA.

**Interrogatory Number 5:** For each Mississippi Healthcare Professional identified as a witness in response to Interrogatory Number Two, state whether You are aware of any Mississippi Healthcare Professional who read or heard, prior to September 30, 2004, the alleged untrue, misleading, and/or deceptive statements identified in response to Interrogatory Number Two, and if so, identify the Mississippi Healthcare Professional(s) and how and when You became aware.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff further objects to this interrogatory to the extent it is inconsistent with the legal standard for establishing a violation under the MCPA. Plaintiff further objects that this request is unduly burdensome to the extent it requires Plaintiff to compile information from the incomplete discovery received to date from Merck. Plaintiff will further supplement its response to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving those objections and foregoing general objections, Plaintiff responds as follows: Plaintiff need only establish that Defendant knowingly and willfully committed the various unfair or deceptive acts and practices to establish a violation under the MCPA.

**Interrogatory Number 6:** With respect to Vioxx, identify each advertisement that You allege contains any assertion, representation, or statement of fact which is untrue, deceptive or misleading for which You are seeking fines under Miss. Code Ann. § 97-23-3. For each advertisement identified, include:

(a) the time, place and dates(s) of the advertisement;

(b) the Merck employee(s) involved with the advertisement;

(c) the form of the advertisement;

(d) any document(s) related to the advertisement;

(e) the content of the advertisement; and

(f) how the advertisement was untrue, deceptive or misleading.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff states that Defendant is in possession of the information sought by Interrogatory No. 6. Further, discovery is ongoing, and Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action. Plaintiff further objects to this request as overbroad because nearly every document produced by Merck and third parties concerning Vioxx advertisement could relate to Merck's violations of Miss. Code Ann. § 97-23-3. In addition, Plaintiff objects that this interrogatory is

premature because discovery is ongoing. Plaintiff will supplement its responses to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving these objections and the foregoing general objections, Plaintiff responds as follows: Plaintiff seeks a fine for each and every advertisement, in whatever form, disseminated by Merck that was available to persons in Mississippi that presented information concerning the safety profile and efficacy of Vioxx which was untrue, deceptive or misleading. Because discovery related to Merck's conduct in Mississippi has not been completed, Plaintiff cannot fully answer this interrogatory. In addition, this interrogatory requests information that is related to expert disclosures and will be further supplemented by those disclosures. At this time, the advertisements Plaintiff will seek fines for include, but are not limited to, all forms of advertisement (T.V., radio, print, etc.), direct-to-consumer advertisements and mailings, and any other advertisement that contained any assertion, representation, or statement of fact which was untrue, deceptive or misleading related to Vioxx in Mississippi.

**Interrogatory Number 7:** For each advertisement identified in response to Interrogatory Number Three, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees who You contend witnessed or was a recipient of the advertisement.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff states that Defendant is in possession of the information sought by Interrogatory No. 7.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff objects to this interrogatory to the extent it is inconsistent with the legal standard for establishing a violation of Miss. Code Ann. § 97-23-3. Plaintiff further objects that this request is unduly burdensome to the extent it requires Plaintiff to compile information from the incomplete discovery received to date from Merck. Plaintiff will further supplement its response to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Without waiving those objections, every person who was subjected to any of Merck's Vioxx advertising was a recipient of assertions, representations, or statements of fact which were untrue, deceptive or misleading.

**Interrogatory Number 14:** Identify all unfair, false, misleading, or deceptive acts or practices that You allege Merck is currently engaging in related to Vioxx which You seek to enjoin under Miss. Code Ann. § 75-24-9.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad and (2) unduly burdensome. Plaintiff further objects because discovery is ongoing, and thus the Interrogatory is premature. Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action and that this interrogatory is premature because discovery is ongoing. Plaintiff further objects to this interrogatory to the extent it is inconsistent with the legal standard for the injunctive relief sought by Miss. Code Ann. § 75-24-9. Subject to and without waiving those

objections and foregoing general objections, Plaintiff responds as follows: Based upon the myriad of instances of unfair, false, misleading, or deceptive acts or practices Plaintiff has set forth in its Complaint, the Attorney General of the State of Mississippi has reason to believe that Merck, "is using, has used, or is about to use any method, act or practice prohibited by Section 75-24-5." Moreover, due to Merck's guilty pleas in the federal case, *United States of America vs. Merck, Sharpe & Dohme*, United States District Court, District of Minnesota, 1: 11 CR 10384, the exorbitant criminal fines assessed against Merck, and the settlements with the other states by Merck, the Attorney General has reason to believe that the Defendant has used unfair acts prohibited by the Consumer Protection Act. Defendant's failure to admit it's wrongdoings in Mississippi, its continued defense of those wrongdoings, and the Defendant's previous acts leads the Attorney General to reasonably believe that the Defendant will use these illegal acts in the future if not monitored. The Attorney General seeks injunctive relief to ensure that the Defendant commits no further violations of MCPA.

**Interrogatory Number 15:** How many alleged violations of Miss. Code Ann. § 75-24-5 are You seeking penalties for pursuant to Miss. Code Ann. § 75-24-19?

**RESPONSE:** In addition to its General Objections, Plaintiff further objects because discovery is ongoing, and thus the Interrogatory is premature. Subject to and without waiver of said objections, Plaintiff states that Defendant is in control and possession of the information necessary to allow Plaintiff to calculate the penalties and scope of its damages in this case. Plaintiff will supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this

action. Plaintiff further objects to this request as overbroad because every document produced by Merck and third parties could relate to Merck's violations of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, et seq. ("MCPA"). In addition, Plaintiff objects that this interrogatory is premature because discovery is ongoing. Plaintiff will supplement its responses to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving these objections and the foregoing general objections, Plaintiff responds as follows: Plaintiff seeks a penalty (and hence, counts as a violation of § 75-24-5) for each and every communication, in whatever form, disseminated by Merck that was available to persons in Mississippi that presented information concerning the safety profile and efficacy of Vioxx in an unfair or deceptive manner in violation of the MCPA. Because discovery related to Merck's conduct in Mississippi has not been completed, Plaintiff cannot fully answer this interrogatory. In addition, this interrogatory requests information that is related to expert disclosures and will be further supplemented by those disclosures. At this time, the acts or practices Plaintiff will seek penalties for includes, for is not limited to, detailing of doctors, all forms of advertisement (T.V., radio, print, etc.), direct-to-consumer advertisements and mailings, PIR Letters, methods and practices employed by Merck personnel in Mississippi such as obstacle responses taught through the Dodgeball Memo, Dear Doctor and Dear Healthcare Provider letters, Press Releases, distribution of specific medical journals, use of the cardiovascular card in the promotion of Vioxx, prescription inserts, and any other method, act or premise used by Merck to disseminate information related to Vioxx in Mississippi.

This the 10th day of September, 2012.

        Respectfully Submitted,

        **JIM HOOD, ATTORNEY GENERAL, ex rel THE STATE OF MISSISSIPPI**

        /s/ Sheila M. Bossier
        By: SHEILA M. BOSSIER, (LA Bar No. 19491)
        PLAINTIFF'S ATTORNEY

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS 39296
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
2031 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(C).

This the 10th day of September, 2012.

        /s/ Sheila M. Bossier
        SHEILA M. BOSSIER
        (LA Bar No. 19491)
        Plaintiff's Attorney
        BOSSIER & ASSOCIATES, PLLC
        P. O. Box 55567
        Jackson, MS  39296
        Telephone: (601) 352-5450
        Facsimile:  (601) 352-5452
        sbossier@bossier-law.com