

47412210
Oct 26 2012
01:58PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| JIM HOOD, ATTORNEY GENERAL ex rel., STATE OF MISSISSIPPI | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK & CO., INC. | |
| Civil Action No. 2:05-cv-6755 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into Plaintiff's response to each and every Interrogatory:

1.      Plaintiff objects generally to these Interrogatories because it is contesting the jurisdiction of this Court over this matter, as set forth in Plaintiff's originally filed Motion to Remand. Pursuant to PTO 39B, Plaintiff intends to further pursue remand of its case to the appropriate state court. Any response to these Interrogatories should not be construed as a waiver of Plaintiff's request for remand.

2.      Plaintiff objects generally to the discovery of matters that are not "common" to this MDL proceeding, but rather, concern Plaintiff's specific State law claims and damages.

3.      Plaintiff generally objects to each Interrogatory to the extent that it purports to impose obligations upon it beyond those of the Federal Rules of Civil Procedure, the Local Rules of the Court, and relevant Pre-Trial Orders.

4. Plaintiff specifically objects to the definition in Paragraph 14 of the terms "You" or "Your" on the grounds that said definition is grossly overbroad. Plaintiff will therefore interpret these terms to refer to the State of Mississippi, acting through the Mississippi Office of the Attorney General.

## RESPONSES AND SPECIFIC OBJECTIONS

## INTERROGATORIES

**Interrogatory Number 1:** With respect to Vioxx, identify each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce prohibited by Miss. Code Ann. § 75-24-5 for which You are seeking penalties under Miss. Code Ann. § 75-24-19 (1972). For each unfair method of competition affect commerce or unfair or deceptive trade practice in or affecting commerce identified, include:

    (a) the time, place and date(s) of each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

    (b) the Merck employee(s) involved with each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

    (c) whether the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was written or oral;

    (d) any document(s) related to or utilized with the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

    (e) the content of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;

    (f) how the method or trade practice was unfair or deceptive; and

    (g) if You allege that the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce, method or act was knowing or willful, how or why

2

>unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was done knowingly or willfully.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff refers to the allegations contained in the First Amended Complaint.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action. Plaintiff further objects to this request as overbroad because every document produced by Merck and third parties could relate to Merck's violations of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, et seq. ("MCPA"). In addition, Plaintiff objects that this interrogatory is premature because discovery is ongoing. Plaintiff will supplement its responses to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving these objections and the foregoing general objections, Plaintiff responds as follows: Plaintiff seeks a penalty for each and every communication, in whatever form, disseminated by Merck that was available to persons in Mississippi that presented information concerning the safety profile and efficacy of Vioxx in an unfair or deceptive manner in violation of the MCPA. Because discovery related to Merck's conduct in Mississippi has not been completed, Plaintiff cannot fully answer this interrogatory. In addition, this interrogatory requests information that is related to expert disclosures and will be further supplemented by those disclosures. At this time, the acts or practices Plaintiff will seek penalties for includes, but is not limited to, detailing of doctors, all forms of advertisement (T.V., radio, print, etc.), direct-to-consumer advertisements and mailings, PIR Letters, methods

and practices employed by Merck personnel in Mississippi such as obstacle responses taught through the Dodgeball Memo, Dear Doctor and Dear Healthcare Provider letters, Press Releases, distribution of specific medical journals, use of the cardiovascular card in the promotion of Vioxx, prescription inserts, and any other method, act or premise used by Merck to disseminate information related to Vioxx in Mississippi.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to and without waiver of all previously urged objections, and reserving its right to further supplement its Interrogatory response, Plaintiff responds to Interrogatory No. 1 as follows: Please see attached Exhibit A in response to subsections (a), (c), (d) and (e). As to subsection (b), discovery is still ongoing as to the individual Merck employee(s) involved with each unfair method of competition commerce or unfair or deceptive trade practice in or affecting commerce. At this time, the Merck employee(s) known to Plaintiffs are David Anstice, Edward Scolnick, Susan Baumgartner, Charlotte McKines, Wendy Dixon, Lou Sherwood, Ornskov Flemming, Leo Mendez, Marilyn Krahe, James Fries, Linda Coppola, Russell Kosiorek, Tracy Mills, Margie McGlynn, Alise Reicin, Thomas, J. Simon, Barry Gertz, Ellen Westrick, and Raymond Gilmartin. Plaintiffs reserve the right to supplement as more identities become known.

The response to subsection (f) is, in part, the subject of expert testimony. Plaintiff will supplement these responses with responsive expert opinions at the time and in the manner required by the Court. However, Plaintiff would state at this time that the Defendant had actual knowledge of the risks and dangers of VIOXX following the VIGOR study, the results of which were reported to Merck in March 2000. Merck failed to inform healthcare providers and consumers of these risks. These failures can be seen throughout Exhibit A—none of the communications fully conveyed the risks and dangers of VIOXX. These misrepresentations in Merck's marketing and promotional activities are documented in MRK-ABA0003277—a

warning letter to Merck & Co sent August 17, 2001 from the Department of Health and Human Services. Specifically, the letter states that, "[Merck] has engaged in a promotional campaign for VIOXX that minimizes the potentially serious cardiovascular findings that were observed in the VIOXX Gastrointestinal Outcomes Research (VIGOR) study, and thus, misrepresents the safety profile for VIOXX." Even after receiving this letter, Merck failed to fully warn and inform health care providers and consumes of the dangers and risks of VIOXX. This failure to warn and inform despite the known results of the VIGOR study and receipt of the August 17, 2001 letter shows the knowing and willful conduct on the part of the Defendant to deceive the State of Mississippi.

**Interrogatory Number 6:** With respect to Vioxx, identify each advertisement that You allege contains any assertion, representation, or statement of fact which is untrue, deceptive or misleading for which You are seeking fines under Miss. Code Ann. § 97-23-3. For each advertisement identified, include:

      (a) the time, place and dates(s) of the advertisement;

      (b) the Merck employee(s) involved with the advertisement;

      (c) the form of the advertisement;

      (d) any document(s) related to the advertisement;

      (e) the content of the advertisement; and

      (f) how the advertisement was untrue, deceptive or misleading.

**RESPONSE:** In addition to its General Objections, Plaintiff further objects to this Request as (1) overbroad, (2) unduly burdensome, and (3) seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of said objections, Plaintiff states that Defendant is in possession of the information sought by Interrogatory No. 6. Further, discovery is ongoing, and Plaintiff will

supplement this response in accordance with the rules of discovery and any applicable rules or orders of Court.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this interrogatory to the extent it is overbroad and calls for disclosure of information that is not relevant to a claim or defense in this action. Plaintiff further objects to this request as overbroad because nearly every document produced by Merck and third parties concerning Vioxx advertisement could relate to Merck's violations of Miss. Code Ann. § 97-23-3. In addition, Plaintiff objects that this interrogatory is premature because discovery is ongoing. Plaintiff will supplement its responses to this interrogatory in accordance with the civil rules and the orders of the Court, or any agreement between the parties. Subject to and without waiving these objections and the foregoing general objections, Plaintiff responds as follows: Plaintiff seeks a fine for each and every advertisement, in whatever form, disseminated by Merck that was available to persons in Mississippi that presented information concerning the safety profile and efficacy of Vioxx which was untrue, deceptive or misleading. Because discovery related to Merck's conduct in Mississippi has not been completed, Plaintiff cannot fully answer this interrogatory. In addition, this interrogatory requests information that is related to expert disclosures and will be further supplemented by those disclosures. At this time, the advertisements Plaintiff will seek fines for include, but are not limited to, all forms of advertisement (T.V., radio, print, etc.), direct-to-consumer advertisements and mailings, and any other advertisement that contained any assertion, representation, or statement of fact which was untrue, deceptive or misleading related to Vioxx in Mississippi.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to and without waiver of all previously urged objections, and reserving its right to further supplement its Interrogatory response, Plaintiff responds to Interrogatory No. 6 as follows:  See Exhibit "A".

This the 26TH day of October, 2012.

          Respectfully Submitted,

          **JIM HOOD, ATTORNEY GENERAL, ex rel THE STATE OF MISSISSIPPI**

          /s/ Sheila M. Bossier
          By: SHEILA M. BOSSIER, (LA Bar No. 19491)
          PLAINTIFF'S ATTORNEY

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS 39296
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North, Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(C).

This the 26TH day of October, 2012.

/s/ Sheila M. Bossier
SHEILA M. BOSSIER
(LA Bar No. 19491)
Plaintiff's Attorney
BOSSIER & ASSOCIATES, PLLC
P. O. Box 55567
Jackson, MS  39296
Telephone: (601) 352-5450
Facsimile:  (601) 352-5452
sbossier@bossier-law.com

Exhibit "A"

| Description of Act | Bates Range | Number of Violations[1] | Conduct Constituting Violation | Distribution Date(s) |
|---|---|---|---|---|
| DHCP Letter | MRK-P 2475 to MRK P 2481 | 1,222 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | May 24, 2001 |
| DHCP Letter | MRK-P 2733 to MRK P 2739 | 19 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | August 17, 2001 |
| DHCP Letter | MRK-P 2740 to MRK P 2744 | 1,221 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. | August 24, 2001 |
| DHCP Letter | MRK-P11429 to MRK P 11439 | 4,272 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | April 19, 2002 to April 25, 2002 |
| Professional Medical Journal Inserts | MRK-P0002080 to MRK-P0002081 | Discovery Ongoing | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | November 2000 |
| Professional Medical Journal Inserts | MRK-P0002164 to MRK-P0002165 | Discovery Ongoing | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | November 2000 |

[1] Identities of those who witnessed these violations can be found in Merck's Responses to Plaintiffs' Request for Production of Documents No. 2 & 4.

| | | | |
|---|---|---|---|
| Professional Medical Journal Inserts | MRK-000565 to MRK-00567 | 27 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2003 |
| Professional Medical Journal Inserts | MRK-0007591 to MRK-0007592 | 64 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2004 |
| Professional Medical Journal Inserts | MRK-0007878 to MRK-0007880 | 45 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2004 |
| Professional Medical Journal Inserts | MRK-0011218 to MRK-0011219 | 7 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2004 |
| Detail Piece "CV Card" | MRK-AAR0019055 | Discovery Ongoing | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | **In use through April 2002** |
| Detail Piece "Roadmap to CV Card" | MRK-ADB0009039 | Discovery Ongoing | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | **In use through April 2002** |
| All PIR Letters distributed in Mississippi | MRK-ZHJ0000001 | 8,484 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | **June 16, 1999 through May 7, 2004** |

| | | | |
|---|---|---|---|
| PIR Letter "Comparing VIOXX to Celebrex" | VIO8148 | 1,995 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | October 5, 2000 |
| PIR Letter "VIGOR" VIO8612 | VIO8612 | 778 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | May 14, 2001 |
| Call Notes Recorded during VIOXX detail Recorded in FACTS | | 32, 340 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 1999—2002 |
| Customer Belief Notes Recorded in FACTS | | 150 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2002—2004 |
| VIOXX details Recorded in FACTS | | 263, 921 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 1999—2004 |
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 440 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 1999 |
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 1489 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2000 |

3

| | | | |
|---|---|---|---|
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 761 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2001 |
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 859 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2002 |
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 818 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2003 |
| Print Advertisements | Various; National and Regional Print and Television Advertising Spreadsheet | 281 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2004 |
| Television Advertisements | MRK-V 0000001 to MRK-V 0000002 | 71 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 1999 |
| Television Advertisements | MRK-V 0000002 to MRK-V 0000007  MRK-V 0000010 to MRK-V 0000011  MRK-V 0000013 to MRK-V 0000014  MRK-V 0000017 | 6,132 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2000 |

5

| | | | |
|---|---|---|---|
| Television Advertisements | MRK-V 0000002<br>MRK-V 0000004 to MRK-V 0000007<br>MRK-V 0000010 to MRK-V 0000011<br>MRK-V 0000013 to MRK-V 0000014<br>MRK-V 0000021<br>MRK-V 0000024 to MRK-V 0000027<br>MRK-V 0000029 to MRK-V 0000032<br>MRK-V 0000034 to MRK-V 0000036 | 2,080 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2001 |
| Television Advertisements | MRK-V 0000034 to MRK-V 0000036<br>MRK-V 0000041 to MRK-V 0000042 | 5,338 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2002 |
| Television Advertisements | MRK-V 0000041 to MRK-V 0000045 | 3,146 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2003 |
| Television Advertisements | MRK-V 00000045 to MRK-V 0000046 | 665 | Communicated the risk profile, benefits, and efficacy of VIOXX in an unfair or deceptive manner. Presented information concerning the cardiovascular risk of VIOXX in an unfair or deceptive manner. | 2004 |

| | | | |
|---|---|---|---|
| VIOXX Prescriptions Written 12.5 mg | MRK-ZIF0000001 | 135,377.49 | Based on the above information relating to the risk profile, benefits and efficacy of VIOXX being presented in an unfair or deceptive manner, specifically concerning the cardiovascular risk of VIOXX, physicians in the State of Mississippi were unaware of the risks and prescribed VIOXX to their patients. | 1999—2004 |
| VIOXX Prescriptions Written 25 mg | MRK-ZIF0000001 | 942,305.52 | Based on the above information relating to the risk profile, benefits and efficacy of VIOXX being presented in an unfair or deceptive manner, specifically concerning the cardiovascular risk of VIOXX, physicians in the State of Mississippi were unaware of the risks and prescribed VIOXX to their patients. | 1999—2004 |
| VIOXX Prescriptions Written 50 mg | MRK-ZIF0000001 | 82,880.841 | Based on the above information relating to the risk profile, benefits and efficacy of VIOXX being presented in an unfair or deceptive manner, specifically concerning the cardiovascular risk of VIOXX, physicians in the State of Mississippi were unaware of the risks and prescribed VIOXX to their patients. | 1999—2004 |
| VIOXX Prescriptions Written OS | MRK-ZIF0000001 | 780.426 | Based on the above information relating to the risk profile, benefits and efficacy of VIOXX being presented in an unfair or deceptive manner, specifically concerning the cardiovascular risk of VIOXX, physicians in the State of Mississippi were unaware of the risks and prescribed VIOXX to their patients. | 1999—2004 |