# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX  +1 713.229.1522
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

July 27, 2012

BY CERTIFIED MAIL AND E-MAIL

Richard L. Josephson
TEL +1 713.229.1460
FAX +1 713.229.7760
richard.josephson@bakerbotts.com

Sheila M. Bossier
Bossier & Associates, PLLC
1520 N. State Street
Jackson, MS 39202

Re:   *State of Mississippi v. Merck Sharp & Dohme Corp.*, MDL Docket No. 1657, Case No. 06-432, In the United States District Court for the Eastern District of Louisiana.

Dear Sheila:

Thank you for participating in the conference call to discuss Mississippi's discovery responses.

As we discussed, I agreed to provide you with a list of the categories of documents that Merck seeks related to Mississippi Medicaid, which you can discuss with the Mississippi Medicaid staff. The list of categories (attached as Appendix A) while not encompassing every pending discovery request, includes examples of major categories of documents that were not produced (or where only isolated documents were produced) and such categories of documents were found in other state's productions. During our call, you stated that you would utilize this list when meeting with the Mississippi Medicaid staff most knowledgeable regarding the location of responsive documents. As we discussed please respond by August 13 with the categories of documents that Mississippi has in its possession and a date certain when Mississippi will produce those responsive documents.

Further, you agreed to meet with State Health Plan staff most knowledgeable regarding the location of responsive documents and determine whether the categories of documents Merck seeks are: (1) in the State Health Plan's possession currently, (2) have been in the State Health Plan's possession in the past, but are no longer in the State Health Plan's possession, or (3) have never been in the State Health Plan's possession, but would be in Caremark's possession. Specifically, Merck is interested in obtaining this information for the categories of documents listed in Appendix B. Please provide a response on this issue by August 13, and for documents currently in the State Health Plan's possession, please give me a date certain when Mississippi will produce those responsive documents.

Regarding Interrogatories 1, 2, 3, 4, and 5 and Request for Production 4 (requests asking Mississippi to identify the allegedly unfair methods of competition or unfair or deceptive trade practices for which Mississippi is seeking penalties and any individuals who witnessed or received those practices) and Interrogatory 13 and Request for Production 5 (requests related to injunctive relief), you have agreed to supplement your responses by August 13.

HOU02:1255030.4

**BAKER BOTTS** LLP

- 2 -                                              July 27, 2012

Likewise, Merck requests that Mississippi supplement by August 13 its responses to requests related to the advertisements for which Mississippi is seeking fines under Miss. Code Ann. § 97-23-3 and any persons who witnessed or received those advertisements. (Resp. to Second Set of Interrog. 6, 7, 8.)

In addition, as I said on the call, please review your responses to Requests for Admission and supplement these responses promptly to either admit or deny the requests, rather than standing on your objections. *See* FED. R. CIV. P. 36(a)(4).

Finally, Merck renews its request for Mississippi to supplement its responses to Merck's First Set of Interrogatories, as set out in more detail in Merck's June 6, 2012 letter, and for Mississippi to produce a copy of any engagement letter between Mississippi and Private counsel, as requested in Merck's June 6, 2012 letter.

As we discussed, if you have any questions, please feel free to contact me directly. We look forward to hearing from you.

Sincerely,

Richard L. Josephson

## Appendix A

1. Monthly Medicaid Bulletins, Pharmacy Policy Manuals, and Provider Policy Manuals;

2. Medicaid staff or consultants' e-mails or electronic documents related to Vioxx or the relevant drugs;

3. All iterations of the Formulary or Preferred Drug List, including any proposed or implemented prior authorization criteria;

4. P&T and DUR meeting minutes, meeting agendas, meeting handouts/packets or meeting transcripts from the relevant time period;

5. DUR annual activity reports (which are prepared by HID) from the relevant time period;

6. Communications (including e-mails) between Mississippi and healthcare professionals, medical schools, consultants, and other third parties and documents created by those entities related to Vioxx and the relevant drugs (including intervention letters to healthcare professionals);

7. Communications with Merck related to Vioxx and other relevant drugs;

8. State-received promotional materials related to Vioxx and other relevant drugs; and

9. Documents from consultants, including, but not limited to, drug class reviews, Usage Evaluations, Outcome Assessments, proposed or utilized physician intervention letters, proposed or utilized clinical edits or step edits for Vioxx or the relevant drugs.

## Appendix B

1. State Health Plan claims database for the Vioxx and the Relevant drugs;

2. All Comprehensive Plan Documents and other governing materials relevant to prescription reimbursement for the State Health Plan during the relevant time period;

3. Any and all communications between Mississippi and Merck related to Vioxx and the Relevant drugs or related to the State Health Plan;

4. Communications between Mississippi and healthcare professionals, medical schools, and other third parties and documents created by those entities related to Vioxx and the Relevant drugs, including newsletters, pamphlets, bulletins, or other communications;

5. Promotional materials related to Vioxx and other Relevant drugs, received by State Health Plan employees or State Health Plan Board members;

6. Documents which provide any information regarding Vioxx and any other Relevant drugs on the State Health Plan Preferred Drug List and all iterations of the preferred drug list, including Preferred Drug Lists proposed, considered, rejected, approved, or implemented by the State Health Plan and prior authorization;

7. Documents and communications with the State Health Plan related to Vioxx and/or any other Relevant drugs;

8. Organizational charts of the entities that managed or administered the State Health Plan for the relevant time period;

9. Documents sufficient to identify all members of the State Health Plan Board for the relevant time period;

10. Copies of the Formulary for the State Health Plan from January 1, 1998 to the present, including all drafts and amendments;

11. Copies of all rebate and supplemental rebate agreements related to Vioxx and the Relevant drugs for the State Health Plan;

12. Contracts and/or rebate agreements between Mississippi and Merck related to the State Health Plan during the relevant time period;

13. Documents and communications related to any discounts or price concession that were received for Vioxx and related drugs for the State Health Plan;

14. Documents and communications relating to State Health Plan beneficiaries switching between Vioxx and other Relevant drugs;

15. Documents and communications related to medical services and treatment received by State Health Plan beneficiaries who received prescriptions for Vioxx and the Relevant drugs and showing damages;

16. Documents and communications related to damages Mississippi alleges were suffered by the State Health Plan in this case;

17. Documents and communications related to changes to the FDA approved label for Vioxx and Relevant drugs;

18. Documents and communications related to the monetary effect Vioxx and the Relevant drugs were to have on Mississippi's state budget, limited to the State Health Plan;

19. Documents and communications related to the amount of money Mississippi spent on PPIs, limited to the State Health Plan;

20. Documents and communications between the State Health Plan and FDA related to Vioxx and related drugs;

21. Communications with prescribing physicians, pharmacists, and/or other healthcare providers under the State Health Plan related to the implementation of any preferred drug lists, prior authorization, step therapy, or drug utilization restrictions for the Relevant drugs during the relevant time period;

22. All documents reviewed, considered, or relied upon by the State and State Health Plan Board to determine coverage or exclusions for the prescription drug benefit of the State Health Plan for the Relevant drugs;

23. Agendas, minutes, transcripts, materials, notes and/or other documents relating, reflecting, or referring to any and all to meetings of the State and Public School Employees Health Insurance Management Board related to the Relevant drugs during the relevant time period;

24. Documents relating to the denial of coverage or reimbursement for prescription drug benefits for the Relevant drugs under the State Health Plan, including but not limited to denials of coverage for medications considered not medically necessary, medications with an equivalent product available over the counter, and medications not proven effective in general medical practice;

25. Documents or communications related to the removal of any medication from the Preferred Drug List for the State Health Plan related to the Relevant drugs during the relevant time period;

26. Documents or communications related to a change of tier or reimbursement status for any drug on the Preferred Drug List for the State Health Plan for the Relevant drugs during the relevant time period;

27. Contracts and agreements, including amendments thereto, between you and any prescription benefit manager, including but not limited to PCS Health, AdvancePCS, and CatalystRx, relating to the State Health Plan during the relevant time period;

28. Documents or communications between you and any supplier or manufacturer of the Relevant drugs regarding potential cardiovascular safety concerns regarding Vioxx during the relevant time period;

29. Audits of the State Health Plan, including audits conducted by the State auditor or the Department of Finance and Administration and audits conducted by third parties during the relevant time period;

30. Documents sufficient to show the total amount the State Health Plan reimbursed and/or paid for the Relevant drugs during the relevant time period;

31. Documents sufficient to show the total amount of rebates the State Health Plan received for the Relevant drugs during the relevant time period; and

32. Documents sufficient to identify all State employees who reviewed claims for prescription drug benefits or who communicated with any prescription benefit manager regarding claims for prescription drug benefits for the State Health Plan during the relevant time period.

HOU02:1255054.1