IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In Re: VIOXX | : | MDL DOCKET NO. 1657 |
| Products Liability Litigation | : |  |
| This Document Relates to: | : | JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| 012 - cv - 703 | : |  |

## SWORN MOTION TO REOPEN TIME TO FILE APPEAL

James D. Schneller       pro se
430 E. Lancaster Avenue   #E 25
Radnor, PA 19087
610-688-9471

**TENDERED FOR FILING**

DEC -4 2012

U.S. DISTRICT COURT
Eastern District

Plaintiff James D. Schneller, the appellant, pursuant to F.R.A.P. 4, petitions the Court for an order reopening the time within which plaintiff may file a notice of appeal, stating as follows:

1. Petitioner requests reopening, in conformance with Rule 4 section (A)(6), because (A) this motion is filed within 180 days after the judgment or order is entered and within 14 days after plaintiff received notice of the entry, (B) plaintiffs were entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry, nor at all; and (C) no party would be prejudiced by the Court's order reopening the time to file appeal.

2. Plaintiff has not contacted, nor attempted to contact, defendant about this matter, because appeal time cannot be extended by stipulation, and the likelihood of the parties' stipulating to facts in this matter was diminutive. Petitioner is uncertain whether an opposition will be filed.

3. Plaintiff received no written nor mailed notice of the order deciding the motion for reconsideration of the trial court order dismissing the case with prejudice.

4. The Clerk had issued a stay, in their directive to plaintiff to file a forma pauperis application or pay the fee, dated August 16, 2012, of "All pending deadlines . . . until the fee issue is resolved." Because the fee issue remained pending, plaintiff did not file any answer to the motion for summary affirmance, knowing that his detailed motion for reconsideration would become a part of the record. When the designation of record was ordered and the record was ordered to be certified, plaintiff took this as further evidence that the motion for summary action would be argued as part of the briefs. Plaintiff's voice mail to the Clerk regarding the stay went unanswered. Plaintiff under these circumstances believed that the motion for reconsideration might go undecided at length.

5. The Court did not decide the motion for reconsideration for 40 days.

TENDERED FOR FILING

DEC -4 2012

U.S. DISTRICT COURT

6. Plaintiff checked the docket more than once. The longer the pleading did not appear, so plaintiff relied on the delay as an indicator that the pleading might not see prompt action, and might not even be acted upon until after an appellate decision (because it was filed after the notice of appeal) or appellate decision on the motion for summary affirmance. Plaintiff was lulled by these, and also by a successive stream of ministerial orders by the Circuit Court, and the Court's earlier holding of pleadings, not having them docketed until time of decision.

7. Plaintiff, concerned that the forma pauperis application to the Circuit Court might cause the different standard of review pertinent to review under 28 U.S.C. § 1915 and F.R.A.P. 24, watched the docket, and was relieved at least in part when the orders for designation of contents, and for transmittal of certified record, were issued. Plaintiff at the time of order requiring designation of record, relied on the acts of the defendants, who filed a designation on October 1, 2012, because in the prior appeal, defendants had not returned plaintiff's messages in this regard and stubbornly filed a thorough designation of record at the required time, without conferring with plaintiffs.

8. The sequence regarding designated record was 2 months since the motion for summary affirmance had been filed. The briefing schedule was then issued, and it stated that appellees were not required to file a brief. Plaintiff left a voice mail for the appellate clerk in late October seeking retraction of that decision, and noting the orders denying forma pauperis, and the reconsideration motion, which (to plaintiff's belief) remained undocketed.

9. Recently the Clerk, on a repeat telephone inquiry of plaintiff why appellees were not to be required to file an answer brief, stated that the forma pauperis application was not formally decided on, but could give no authority supporting said waiver of requirement to file an answer, nor how a forma pauperis motion forwarded to the panel might affect that. The Clerk did not mention the order deciding the motion for summary affirmance, nor the Court's order denying reconsideration, despite the fact that the former had been entered three days prior.

10. Plaintiff was surprised by the existence of the reconsideration motion, and order denying reconsideration motion, on the docket, and by the appellate summary affirming.

11. Plaintiffs were subjected to a definitive failure of service, by the clerk and the defendant, in the prior action, which required great and unnecessary amounts of resources and prejudiced plaintiffs' case (e.g. see paragraph 3, Motion for Leave to Answer Ninth Motion to Dismiss, Document 41198) Defendants may have switched to service by

LexisNexis file and serve, whereas at other times, they served plaintiffs by mail, and plaintiffs had established early on, the express unavailability to them of use of file-and-serve, because of their pro se standing.

12. Plaintiff, due to these circumstances was justified, and was lulled, into believing that the motion for reconsideration had not been decided. Plaintiff also claims that notice of the panel's summary affirmance was not served on plaintiff.

13. It is also relevant that in this MDL action, all pleadings, including in plaintiffs' prior action, were being filed in that docket, not the dockets of the individual cases. In this new case, the docket was active, for instance, the initial order granting forma pauperis was entered in that docket. Plaintiff believed that that docket would hold the reconsideration motion, and any order deciding it, as well.

14. Plaintiff therefore not only never received physical service pursuant to Rule 77, but also did not receive notice of the entry of the order until less than 14 days ago. The section (a)(6) of Rule 4, allowing this motion within the lesser of 180 days or notice, is uniformly interpreted as being based upon actual notice, as opposed to statutory notice occurring on date of entry by the clerk in the docket. see Poole v. Family Court of New Castle County, 368 F.3d 263 (3d Cir. 2004); Williams v. Washington Convention Center Authority, 481 F.3d 856 (D.C. Cir. 2007); and Lim v. Cortcall Inc., No. 11-C-748 (C.A.7, 6/19/12.) (" As far as we can tell, no court of appeals has accepted the district court's conclusion that a document is "received" for the purpose of Rule 4(a)(6) the instant it is "served" under Rules 5(b) and 77(d) . . . The committee notes to Rule 4(a)(6) show that [Rule 4] is designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service. The district court's most recent decision would prevent the rule from serving that function." )

15. Plaintiffs also missed their opportunity to amend the notice of appeal within the time required, in order to include review of the order denying reconsideration, in the pending appeal, because notice of the order was never served.

16. Plaintiff is meticulous about keeping up with his mail. Plaintiff has filed many hundreds of pleadings and has been served with thousands of pleadings. Plaintiff has filed hundreds of sworn statements in 8 different Courts, and has never been accused of false swearing or any related inaccuracy in his pleadings. As a citizen experienced with filing and

service of legal pleadings, plaintiff is competent to swear to the general fact that the postal service does experience difficulty and failure, with a given percentage of parcels.

17. Plaintiff at the time of initializing preparation of the record and concurrent research and note-taking in preparation for creating the appellant's brief, jumped at the opportunity to again inspect his copies of the dockets, and download a new, current copy of the dockets, in order to investigate the status of the reconsideration motion. Petitioner discovered, on November 24, 2012, that the Fifth Circuit Court had summarily affirmed, and discovered at the same time, that the reconsideration motion, and the order denying that motion, had been docketed at some time after September 14, 2012. This was plaintiff's first notice of either decision. Plaintiff is therefore filing the within motion within the 14 days required under the Rule, and this is a time well within the 180 day limitation of time for such a motion.

18. All of the above claims of non-service include the possibility that the U.S. Postal Service failed to deliver, however, the fact that two different documents were not served raises a question as to where the block occurred. Plaintiff submits that the circumstances lessened, or confused, some measure of his typical awareness and alertness, to know of the reconsideration motion's status, under the circumstances.

19. Plaintiff has increasingly in 2012 been subjected to express and unceasing harassment, assault, and stalking upon him, in his dwelling place and home office, and without, including for the entire time relevant to this matter, which caused the progress of his tasks to become exceedingly slowed, and appellant's mental and physical state to become, at the same time, exceedingly worn and non-conducive to the task at hand. Plaintiff believes this harm to be religiously or politically motivated and discriminatory, and conceivably motivated by defendants in some cases litigated by him as well.

20. Plaintiffs request any support available from the fact that the Circuit Court of Appeals has affirmed in a summary manner, despite legal error thereby inflicted. Reference is made to the petition for rehearing en banc, filed hereabouts, pursuant to F.R.A.P. 35 and F.R.A.P. 40, a copy of which is served on the Court herewith.

21. The appeal that would result from granting of this motion is meritorious. Said petition for reconsideration is strong evidence of this claim and is again referred to and incorporated as if set forth in full herein.

22. Defendants will not be prejudiced by the proposed relief. The relief will balance prior prejudice because plaintiffs have been prejudiced by acts of the defendants, including in the way of arguing false support for affirmance in the appeal, and consistent sweeping denials, and refusals to address numerous defenses of plaintiffs', in the prior case.

23. I, James D. Schneller, movant, swear under penalty of perjury that I am competent to attest and affirm, and do so attest and affirm, that the allegations stated in this motion are true and correct to the best of my personal knowledge, information, and belief.

WHEREFORE, plaintiff respectfully requests the Court grant the motion to re-open time for appeal, and permit plaintiff to file a notice of appeal pursuant to the order.

*James D. Schneller*                            Date: November 30, 2012
James D. Schneller         pro se
430 E. Lancaster Avenue    #E 25
Radnor, PA 19087    610-688-9471

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:  VIOXX                                                          :

PRODUCTS LIABILITY LITIGATION              CIVIL ACTION
                                                                           :
James D. Schneller, Trustee ad Litem for the
Individuals Entitled to Relief Due to the            No. 12 – 703 '  .
Wrongful Death of Marjorie C. Schneller, et al   :
                   plaintiffs
v.

Merck & Company, Inc.,      defendant

---

## NOTICE OF MOTION

---

To:  Mrs. Dorothy Wimberly, Joshua G. Schiller Esquire, Russ Herman Esquire


     Please take notice that on December 3, 2012, James D. Schneller filed his motion to re-open the time for appeal the order entered on September 6, 2012.


*James D. Schneller*
James D. Schneller

Date: December 3, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:   VIOXX                                              :         MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION

                                                            :

James D. Schneller, Trustee ad Litem for the                          Civil Action No.   12 - 703
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al :
                        plaintiffs
v.

Merck & Company, Inc.,      defendant                       :


CERTIFICATE OF SERVICE


        I, James D. Schneller, hereby certify that I served a true and correct copy of the within motion upon the following, by electronic mail, or by USPS first class mail where indicated, as follows:


Honorable Eldon E. Fallon                                   USPS 1st Class Mail
United States District Court,
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Joshua G. Schiller Esquire                                  USPS 1st Class Mail
Dechert LLP
1717 Arch Street   Ste. 4000
Philadelphia, PA 19103
Joshua.schiller@dechert.com

USPS 1st Class Mail

Phillip Wittmann Esquire
Mrs. Dorothy Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

Russ Herman Esquire
Mrs. Regina Valenti
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA  70170
rherman@hhkc.com   rvalenti@hhkc.com

Paul C Troy Esquire
Kane Pugh Knoell Troy & Kramer
510 Swede Street
Norristown, Pa 19401 4886
ptroy@kanepugh.com

Wealth Management Div.
Susquehanna Bank
17 E. Market Street
West Chester, PA 19381


_____
James D. Schneller

Date:  November 30, 2012



Mr. James Schaeller
430 E Lancaster Ave Unit J11D
Radnor, PA 19087

7011 2970 0000 1255 2992

CERTIFIED MAIL

Clerk
U.S. District Court E.D. Louisiana
500 Poydras Street
New Orleans, LA 70130

U.S. POSTAGE PAID
WAYNE, PA 19087
DEC 01. 12
AMOUNT
$3.60
00062958-06

70130