**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>All Actions | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**[PROPOSED] DECISION DISTRIBUTING**
**THIRD PARTY PAYOR COMMON BENEFIT FUND**

On September 14, 2009, Merck and 176 third party payors agreed to a private settlement of Vioxx-related economic claims that were either pending in various locations (including this MDL, the state of New Jersey and elsewhere) or which otherwise could have been asserted by several large designated health benefit providers. Under the settlement agreement, the parties agreed to set aside a fund of $15 million to pay counsel fees. That fund was governed by a separate third party payor common benefit settlement agreement which established the terms for allocation of the $15 million to be distributed among attorneys for third party payors who were parties to the agreement and who had done work for the common benefit of third party payors.

In accordance with that agreement, this Court formed a TPP Fee Allocation Committee who has spent almost two years requesting, receiving, and reviewing submissions by TPP counsel applicants. The Committee has made a final recommendation as to how the common benefit fund should be allocated. The Court now adopts and implements that allocation. Pursuant to the terms of the Third Party Payer Common Benefit Agreement, this allocation and distribution is not appealable.

## I.      PROCEDURAL HISTORY

In early-2009, settlement discussions between TPP counsel and Merck began in earnest. Over the next eight months or so, Chris Seeger of Seeger Weiss LLP and Thomas M. Sobol of Hagens Berman Sobol Shapiro LLP negotiated an $80 million non-class settlement between litigating TPPs (and certain other designated TPPs) and Merck; the $80 million included a $65 million fund for the parrticipating TPPs and a $15 million fund for TPP common benefit attorneys.  The Private Third Party Payor Settlement Agreement and Common Benefit Settlement Agreement were executed on September 14, 2009.

Mr. Seeger and Mr. Sobol expended significant effort to enroll in the settlement all TPPs in the country who were litigating Vioxx-related TPP economic claims against Merck.  At Merck's request, counsel also enrolled several other large health benefit providers who Merck believed might pursue individual economic claims against Merck (though not all had cases on file).

All told, 176 TPPs participated in the settlement.  Collecting releases and coordinating the exchange of claims data with all settling TPPs was a significant undertaking.  The participating TPPs were paid their respective allocations in early 2010.

### A.      The Common Benefit Agreement was intended to resolve the costs and expenses incurred by counsel for litigating and settling TPPs who performed common benefit work.

The Common Benefit Agreement resolves claims for the costs and expenses incurred by counsel for litigating and settling TPPs who performed common benefit work.  In order for an attorney or law firm to be eligible for an allocation from the fund, the attorney (or firm) must have (i) represented a TPP participating in the settlement, and (ii) agree to be bound by the terms of the settlement (as any rights to an allocation emerge from the private CBA).  The common benefit agreement describes 'common benefit attorneys' as those attorneys representing one or

more of the 176 TPPs identified in Exhibit A to the agreement who settled claims against Merck in connection with Vioxx.  The agreement refers to "certain Common Benefit Attorneys and their respective third party provider/payor clients, identified in Exhibit A," and states "Common Benefit Attorneys represent private Third Party Providers/Payors who have made claims, in litigation as well as pre-litigation, against Merck in connection with VIOXX"[1]

The parties intended that the Common Benefit Agreement resolve the costs and expenses associated with litigating TPPs claims and serve to compensate attorneys reasonably for common benefit work (recognizing, of course, that the amount the parties agreed to set aside was a compromise of claims):

- "Merck …wish[es] to resolve the costs and expenses associated with this litigation" and " Common Benefit Attorneys and their clients similarly wish to resolve these costs and expenses";[2]

- "It is the express intention of the parties to this Agreement that the payment of the Common Benefit Fees and Expenses Payment compensates Common Benefit Attorneys and along with the Private TPP Settlement Agreement serves to fully compensate Plaintiffs and Plaintiffs' attorneys for all Released Claims and Liabilities against the Released Parties"[3]

The Common Benefit Agreement designates the Honorable Eldon. E. Fallon as the authority to preside over the award of common benefit fees and expenses[4], and it contemplated that he would create procedures for allocating the $15 million fund:

> The Honorable Eldon E. Fallon may create administrative procedures, supplementary to (and not inconsistent with) those specified herein, that provide further specific details about how Common Benefit Fees and Expenses are determined and paid; provided, however, that such procedures comply with the terms of

---

[1] Common Benefit Agreement, at p. 1.

[2] *Id.*

[3] *Id.* at 3.1.5

[4] *Id.* at 4.1.1, 4.1.3

this Agreement.[5]

The Common Benefit Agreement further provides that a decision by this Court as to the

disbursement of common benefit fees is not appealable:

> *Any decision of The Honorable Eldon E. Fallon with regard to the
> award and disbursement of Common Benefit Fees and Expenses
> shall be final and Non-Appealable* and binding on the Parties and
> (without limitation of the foregoing) the Parties shall take all
> actions required in order to implement such decision.[6]

> In connection with the operation of Paragraph 5.21, the Common
> Benefit Attorneys shall propose to the Honorable Eldon E. Fallon
> that Christopher A Seeger of Seeger Weiss LLP) and Russ M.
> Herman of Herman, Herman, Katz & Cotler be designated to be
> responsible for devising and recommending a plan of allocation of
> award of Common Benefit Fees and Expenses.  Mr. Seeger and
> Mr. Herman, or any other designee or designees of the Honorable
> Eldon E. Fallon, shall be guided by objective measures of
> Common Attorneys' contributions, in addition to their subjective
> understanding of the relative contributions of counsel towards
> generating the Aggregate Settlement Amount in accordance with
> established fee jurisprudence subject to the approval of the
> Honorable Eldon E. Fallon.  *The Honorable Eldon E. Fallon's
> final determination of Common Benefit Fees and Expenses shall
> not be subject to any appeal or other appellate review*, including
> mandamus review.[7]

**B.      Per PTO 57, the TPP Fee Allocation Committee reviewed applications and
          requested additional information from applicants**

In accordance with the Common Benefit Agreement, this Court set forth procedures for

allocating the TPP Common Benefit Fund in Pretrial Order No. 57.  PTO 57 appointed a Fee

Allocation Committee, set a schedule for making submissions, and described the required

contents of those submissions.  Applications for TPP common benefit fees were due by

September 16, 2011.  The Fee Allocation Committee received 26 timely initial submissions on

---

[5] *Id.* at 4.1.6.

[6] *Id.* ay 4.1.4 (emphasis added).

[7] *Id.* at 5.2.2 (emphasis added).

behalf of 30 firms.[8]  On October 3, the Committee received a late application from Kline Specter PC.  The Fee Allocation Committee substantively reviewed all submissions and discussed these submissions during multiple phone calls.

The Committee decided that it needed additional information from applicants and advised the Court that it would require more time to make a recommendation.  The Committee asked all applicants to complete a supplemental form that asked applicants to (i) segregate and report TPP-only time and to exclude any client-specific work from their claimed TPP common benefit lodestar, (ii) categorize and describe their common benefit activities, (iii) identify their unreimbursed costs, and (iv) indicate what portion of the claimed TPP common benefit time, if any, was previously submitted in conjunction with the Court's earlier common benefit proceedings.   The Committee informed all applicants via email that the attached form must be completed by Monday, October 17, 2011.  A few applicants asked for additional time, and the Committee granted reasonable extensions.  The Fee Allocation Committee received 27 supplemental forms.  Two firms that submitted initial applications did not submit supplemental forms:  Sheller P.C. and the Sulzer Law Firm.  Two firms submitted supplemental forms but did not submit initial applications: the Young Law Group[9] and Freese & Goss PLLC.  The Committee provided the Court with a quantitative summary of the data provided by each applicant and a copy of all initial applications and supplemental forms (including attachments). The Committee has expressly relied upon the representations made by the various firms in these submissions.

---

[8] Hovde Dassow and Deets submitted one application on behalf of five firms:  Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC.

[9] The Young Law Group indicated that it had not received notice of the earlier fee application deadline.

C.     **The Fee Allocation Committee's Recommendations.**

The Committee made an initial recommendation to the Court on November 8, 2011.[10]  At the Court's request, the Committee later submitted a revised recommendation that included a proposed allocation for each firm.[11]  The Court set a deadline for objections to the recommended allocation.  The Committee received six objections on behalf of ten firms: Audet and Partners, Ewing McMillin & Willis PLLC, Gary L. Franke & Co., Hovde Dassow & Deets, The Lanier Law Firm, Cohen Placitella & Roth PC,  Price Waicukauski & Riley LLC, Scott Yung, Sheller PC, and The Law Office of Eric Weinberg.  At the Court's request, the Committee reached out to the objectors to determine whether resolution was possible.

The Committee has recently submitted a revised allocation that resolves most, but not all, of the objections.  The revised allocation does not change the proposed allocations to those firms who did not object to the original allocation.  It increases the recommended allocation for some, but not all, objectors.  It also reflects a 5.23% *reduction* in the previous recommended allocations to all members of the Fee Allocation Committee, in order to make up for the shortfall incurred by increasing awards to some objectors.

## II.     ALLOCATION OF FEES AND EXPENSES

The Court will address each common benefit applicant in alphabetical order, setting out the amount of the allocation.  The underlying basis for the Court's conclusion is set forth in the Fee Allocation Committee's Recommendations.

A.     **Audet and Partners**

Audet and Partners is awarded TPP common benefit fees and expenses in the amount of $240,000.00.

---

[10] Dkt. No. 6355-2.

[11] Dkt. No. 63928 (June 13, 2012).

**B.**     **Barrios Kingsdorf & Cateix LLP**

Barrios Kingsdorf & Cateix LLP is awarded TPP common benefit fees and expenses in the amount of $10,000.00.

**C.**     **Bossier & Associates PLLC**

Bossier & Associates PLLC is awarded TPP common benefit fees and expenses in the amount of $6,000.00.

**D.**     **Cafferty Faucher LLP**

Cafferty Faucher LLP is awarded TPP common benefit fees and expenses in the amount of $180.000.00.

**E.**     **Charfoos & Christensen PC**

Charfoos & Christensen is awarded TPP common benefit fees and expenses in the amount of $75,000.00.

**F.**     **Cohen Placitella & Roth PC**

Cohen Placitella & Roth is awarded TPP common benefit fees and expenses in the amount of $122,000.00.

**G.**     **The Dugan Law Firm**

The Dugan Law Firm is awarded TPP common benefit fees and expenses in the amount of $1,421,550.00.

**H.**     **Ewing McMillin & Willis PLLC**

Ewing McMillin & Willis PLLC is awarded TPP common benefit fees and expenses in the amount of $60,000.00.

**I.**     **Favre Law Office**

The Favre Law Office is not awarded any TPP common benefit fees or expenses.  The Favre firm did not represent a TPP.

**J.      Gary L. Franke & Co.**

Gary L. Franke & Co. is awarded TPP common benefit fees and expenses in the amount
of $35,000.00.

**K.      Freese and Goss PLLCS**

Freese and Goss PLLC is awarded TPP common benefit fees and expenses in the amount
of $180.000.00.

**L.      Hagens Berman Sobol Shapiro LLP**

Hagens Berman Sobol Shapiro LLP is awarded TPP common benefit fees and expenses
in the amount of $2,653,549.00.

**M.      Herman Herman Katz & Cotlar**

Herman Herman Katz & Cotlar is awarded TPP common benefit fees and expenses in the
amount of $900,315.00.

**N.      Hovde Dassow & Deets**

Hovde Dassow & Deets is awarded TPP common benefit fees and expenses in the
amount of $375,000.00.

**O.      Keefe Bartels LLC**

Keefe Bartels LLC is awarded TPP common benefit fees and expenses in the amount of
$430,000.00.

**P.      Kline & Specter P.C.**

Kline & Specter P.C. is not awarded any TPP common benefit fees or expenses.  Kline &
Specter did not represent a TPP.

**Q.      Labaton Sucharow LLP**

Labaton Sucharow LLP is awarded TPP common benefit fees and expenses in the
amount of $280,000.00.

**R.      Lanier Law Firm**

The Lanier Law Firm is awarded TPP common benefit fees and expenses in the amount of $50,000.00.

**S.      Levin Fishbein Sedran & Berman**

Levin Fishbein Sedran & Berman is awarded TPP common benefit fees and expenses in the amount of $650,000.00.

**T.      Levy Phillips & Konigsberg**

Levy Phillips & Konigsberg is not awarded any TPP common benefit fees or expenses. The Court notes that Levy Phillips & Konigsberg did not object to the Committee's recommendation that it not receive any common benefit fees.

**U.      Lieff Cabraser Heimann & Bernstein**

Lieff Cabraser Heimann & Bernstein is awarded TPP common benefit fees and expenses in the amount of $1,450,000.00.

**V.      Murray Law Firm**

The Murray Law Firm is awarded TPP common benefit fees and expenses in the amount of $274,243.78.  Per the Committee's recommendation, $100,000.00 shall be held in escrow pending resolution of a dispute with the Dugan Law Firm regarding Attorney Doug Plymale's time.

**W.      Price Waicukauski & Riley LLC**

Price Waicukauski & Riley LLC is awarded TPP common benefit fees and expenses in the amount of $450,000.00.

**X.      Sadin Law Firm**

The Sadin Law Firm is awarded TPP common benefit fees and expenses in the amount of $80,000.00.

**Y.     Scott Yung**

Scott Yung is awarded TPP common benefit fees and expenses in the amount of $70,000.00.

**Z.     Seeger Weiss LLP**

Seeger Weiss LLP is awarded TPP common benefit fees and expenses in the amount of $3,965,176.80.

**AA.    Sheller PC**

Sheller PC is awarded TPP common benefit fees and expenses in the amount of $550,000.00.

**BB.    Slate Carter Comer PC**

Slate Carter Comer PC is not awarded any TPP common benefit fees or expenses.  The Court notes that Slate Carter Comer did not object to the Committee's recommendation that it not receive any common benefit fees.

**CC.    Sommers & Schwartz PC and Jason Thompson & Associates**

Sommers & Schwartz PC and Jason Thompson & Associates is awarded TPP common benefit fees and expenses in the amount of $100,000.00.

**DD.    Sulzer Law Firm**

The Sulzer Law Firm is not awarded any TPP common benefit fees or expenses.  The Court notes that the Sulzer Law Firm did not object to the Committee's recommendation that it not receive any common benefit fees.

**EE.    Wallace Jordan Ratliff & Brandt LLC**

Wallace Jordan Ratliff & Brandt LLP is not awarded any TPP common benefit fees or expenses.  The Court notes that Wallace Jordan did not object to the Committee's recommendation that it not receive any common benefit fees.

**FF.     Law Offices of Eric Weinberg**

The Law Office of Eric Weinberg is awarded TPP common benefit fees and expenses in the amount of $450,000.00.  The Court notes that in the objection filed by Mr. Weinberg he notes that "[t]he agreement's provision of non-appealability is unconscionable and unenforceable as to attorneys such as Weinberg who neither negotiated nor signed the agreement."[12]  However, in contradiction to that Mr. Weinberg seeks an allocation of the CBF (which itself is only created by reason of the Common Benefit Agreement he asserts he did not sign) and his co-counsel did sign the agreement (presumably on behalf of all the client's lawyers).

The Fee Allocation Committee shall determine in ten (10) days whether Mr. Weinberg agrees to be bound unequivocally by the term of the Common Benefit Agreement.  If he does not so agree, the allocation shall be re-distributed ratably by the Committee back to its members (in order to make up for a portion of the 5.23% it ceded as a gesture to get a reasonably acceptable allocation presented to the Court that adjusted for certain objections).

**GG.     Young Law Group**

The Young Group is awarded TPP common benefit fees and expenses in the amount of $18,000.00.

**HH.     Garve Ivey**

Garve Ivey is not awarded any TPP common benefit fees or expenses.  The Court notes that Ivey did not object to the Committee's recommendation that it not receive any common benefit fees.

**II.     Concluding remarks**

Although this allocation process seems tedious and time-consuming, the Court finds that

---

[12] Eric H. Weinberg's Objection to the Recommendation of the TPP FAC for the Allocation of Common Benefit Fees and Costs, Lexis File and Serve No. 45839649 (Aug. 10, 2012) at p. 4.

the Committee diligently completed its task and that the process was necessary to achieve a

reasoned and appropriate result and to provide a thorough opportunity for all interested attorneys

to set forth their contributions.

### III.    CONCLUSION

As stated above, the common benefit fund shall be allocated in the following amounts:

| Firm | Allocation |
|---|---|
| Audet & Partners | $240,000.00 |
| Barrios Kingsdorf & Cateix LLP | $10,000.00 |
| Bossier & Associates PLLC | $6,000.00 |
| Cafferty Faucher LLP | $180,000.00 |
| Charfoos & Christensen PC | $75,000.00 |
| Cohen Placitella & Roth PC | $122,000.00 |
| The Dugan Law Firm | $1,421,550.00 |
| Ewing McMillin & Willis PLLC | $60,000.00 |
| Favre Law Office | None |
| Gary L. Franke & Co. | $35,000.00 |
| Freese and Goss PLLC | $180,000.00 |
| Hagens Berman Sobol Shapiro LLP | $2,653,549.00 |
| Herman Herman Katz & Cotlar | $900,315.00 |
| Hovede Dassow & Deets | $375,000.00 |
| Keefe Bartels LLC | $430,000.00 |
| Kline & Specter P.C. | None |
| Labaton Sucharow LLP | $280,000.00 |
| Lanier Law Firm | $50,000.00 |
| Levin Fishbein Sedran & Berman | $650,000.00 |
| Levy Phillips & Konigsberg | None |
| Lieff Cabraser Heimann & Bernstein | $1,374,165.00 |
| Murray Law Firm | $274,243.78 |
| Price Waicukauski & Riley LLC | $450,000.00 |
| Sadin Law Firm | $80,000.00 |
| Scott Yung | $70,000.00 |

| Firm | Allocation |
|---|---|
| Seeger Weiss | $3,965,176.80 |
| Sheller PC | $550,000.00 |
| Slate Carter Comer PC | None |
| Sommers & Schwartz PC and Jason Thompson & Associates | $100,000.00 |
| Sulzer Law Firm | None |
| Wallace Jordan Ratliff & Brandt LLC | None |
| Law Offices of Eric Weinberg | $450,000.00 |
| Young Law Group (f/k/a Kenney Egan McCafferty & Young) | $18,000.00 |
| Garve Ivey | None |

**IT IS SO ORDERED.**

Dated:  December __, 2012

_____

The Honorable Eldon E. Fallon