**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2012

Lyle W. Cayce
Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JAN 2 3 2013
LORETTA G. WHYTE
CLERK

No. 11-30347
Summary Calendar

D.C. Docket No. 2:05-MD-1657 L
D.C. Docket No. 2:06-CV-2364

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION
-----------------------------------------------------------------
JAMAL ALI BILAL, formerly known as John L. Burton,

    Plaintiff - Appellant

v.

MERCK AND COMPANY, INCORPORATED,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

# JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: JAN 2 1 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: Sabrina B. Short
    Deputy

JAN 2 1 2013

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2012

No. 11-30347
Summary Calendar

Lyle W. Cayce
Clerk

IN RE:
VIOXX PRODUCTS LIABILITY LITIGATION.

* * * * * * * * * * * * * * *

JAMAL ALI BILAL, Formerly Known as John L. Burton,

        Plaintiff-Appellant,

versus

MERCK AND COMPANY, INCORPORATED,

        Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-MD-1657
USDC No. 2:06-CV-2364

No. 11-30347

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Jamaal Bilal appeals a judgment dismissing his products-liability action for failure to comply with pretrial obligations—specifically, his failure to comply with a *Lone Pine* order directing him to provide information regarding the nature of his injuries and their relationship to the product in question. Bilal lists four issues in his opening brief. There is no error, so we affirm.

Bilal claims he was denied due process when, he says, "Vioxx Pro Se Curator failed to assist him in producing a proper doctor's report need [*sic*] to comply with [Pretrial Order] 28." But it was Bilal's obligation to produce evidence supporting his claim, and he did not.

Bilal complains that he was not allowed to testify at a fairness hearing. He was heard through his briefs, however. He is civilly committed, and the district court was not obliged to require his release to testify or appear in person.

Bilal says he should have been appointed a guardian *ad litem*. Such appointments are required, however, only for incompetent persons, and Bilal does not aver that he is incompetent.

Bilal asserts he should have been appointed counsel. This is not the sort of extraordinary circumstance that compels appointed counsel in a civil case.

The judgment of dismissal is AFFIRMED. The motion to supplement the record is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.