UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | : MDL NO. 1657<br>:<br>: SECTION: L<br>:<br>: JUDGE FALLON<br>: MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:   *Marcus Rosenlehner v. Merck & Co, Inc.*,
Case No. 06-5995; *Marcus Rosenlehner, et al. v.
Merck & Co, Inc.*, Case No. 06-10098

### ORDER

The Court is in receipt of correspondence from Vioxx claimant Marcus Rosenlehner. IT IS ORDERED that this correspondence be forwarded to Mr. Rosenlehner's counsel in this matter for any further action they deem necessary.

New Orleans, Louisiana, this 30th day of January, 2013.

*[signature]*
UNITED STATES DISTRICT JUDGE

Clerk to serve:

Michael J. Miller
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

J. Christopher Ide
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

Jack H. Olender
Jack H. Olender & Associates, PC
888 17th Street, NW
Washington, DC 20006

1

Marcus E. Rosenlehner, LL.M.

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana

500 Poydras Street

Room C-456 New Orleans, LA 70130

Facsimile: 1- 504-589-6966

December 17, 2012

### RE: Vioxx Settlement Merck at al ./. Rosenlehner

Your Honor:

I am writing to you directly as I am not represented by a council.

Caused by the consumption of Vioxx I have suffered an almost life-ending stroke although I was healthy and fit - a marathon runner and No.7 in squash in the US in my age group - without any medical history.

The stroke was so severe that the doctors told my wife I would not survive but die a brain death. Miraculously, I stayed alive, however, I was struck with the so-called locked-in-syndrome, a condition in which a person is aware and awake but cannot move or communicate due to a complete paralysis of all voluntary muscles in the body except the eye lids - the closest thing of being buried alive.

Prior to the stroke, I worked as a German attorney, preparing for the US Bar Examination, in the Antitrust Department of Kirkland & Ellis LLP in Washington, D.C.
With the additional Bar admission, I would have had the chance to enter the partnership track.

Due to the entailing severe disability, I was not only incapable to perform my employment duties and had to leave this promising position, but also was unable to take the Bar Examination.
I am still unemployed with no prospects. The stroke fundamentally destroyed my

Marcus E. Rosenlehner, LL.M. 1213 Shingleback Drive Mount Pleasant, SC 29466
Tel: 240-441-1901 E-mail: mrosenlehner@gmail.com

once promising career and left me as a broken nothing, an outcast of society, unable to support myself and depending as an invalid on social welfare.
The stroke not only physically, but also psychologically took its toll.

I am well aware that you are not in a position to remedy the above; however, I respectfully ask you to consider the following facts.
During the lengthy settlement process with the company, I went to Europe for vital treatment.
Despite not having heard from the Administrator for a long time, I received – via my attorney – the Administrator's request to submit all salary information in order to get compensated for lost wages.

I pointed out in my immediate return email that I was out of the country and therefore did not have access to the wage information, to wit all W-2 forms and tax returns and requested a time extension.

Surprisingly, such was not granted due to the administrative reason that the Administrator wanted to bring all matters to a close by a certain time.

Consequently, I was not afforded the opportunity to submit all relevant evidence in order to being compensated for my lost wages. I therefore ask you to correct this negative and not justified refusal.

All of the above is evidenced by medical records, salary information, doctor's statements, affidavits and email correspondence with the Administrator and Merck's General Council, altogether several hundred pages.

Please let me know whether Merck or I should provide you with the necessary papers for your decision.

Sincerely,

*[signature]*

Marcus E. Rosenlehner, LL.M.