# EXHIBIT 14

# OLDFATHER LAW FIRM
## ATTORNEYS AT LAW
### 1330 SOUTH THIRD STREET
### LOUISVILLE, KENTUCKY 40208
TELEPHONE 502.637.7200 • FAX 502.637.3999
WWW.OLDFATHER.COM

ANN B. OLDFATHER †
aoldfather@oldfather.com

VICKI L. BUBA*
vbuba@oldfather.com

RICHARD V. EVANS
revans@oldfather.com

SHELDON L. HADEN
shaden@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

MEGAN J. HASTINGS
mhastings@oldfather.com

MICHAEL R. HASKEN
mhasken@oldfather.com

† Board Certified in Civil Trial Advocacy
* Also admitted in Indiana

December 5, 2012

**VIA U.S. MAIL AND EMAIL**
Elizabeth Brooks, Ph.D.
Decision-Driver Analytics, Inc.
1011 Tunnel Road, Suite 205
Asheville, NC 28805

April Zambelli-Weiner, Ph.D, M.P.H.
1535 Brodbeck Road
Hampstead, MD 21074

RE: *Vioxx Analysis and Missing Data in Trial Package*

Dear Drs. Brooks and Zambelli-Weiner:

The purpose of this letter is to confirm the history of materials you have asked to review as part of your task in analyzing the safety signal for Venous Thromboembolic Events ("VTEs") in the Vioxx clinical trials.

In order to design your project, you asked that we send you every Clinical Study Report ("CSR") synopsis on clinical trials conducted by Merck. In sending you those materials, we relied upon the completeness of the Trial Package created by the Plaintiffs' Steering Committee ("PSC"). The Trial Package is the accumulation of thousands of hours of manpower by hundreds of plaintiffs' attorneys in this litigation, and has been lauded by the PSC as a necessary and indispensible tool for any other plaintiffs' attorneys desirous of successfully litigating a Vioxx case. The PSC has repeatedly referred us to the Trial Package when we have attempted to make use of their work product and discovery. In January 2012 the PSC switched out an incomplete version of the Trial Package in our possession for what we were told was a complete, up-to-date version. We relied on the PSC's representations regarding the completeness of the Trial Package.

So that you could both design and conduct your statistical analysis, we initially sent you a folder copied directly from the Trial Package which was indexed as containing Clinical Study Report Synopses. We also sent you other select materials. Based on the content of these CSR synopses, you formulated the methodology used in your expert report, filed on August 31, 2012. This methodology included analysis of Phase III Clinical Studies. Out of a total of 77 completed

Elizabeth Brooks, Ph.D.
April Zambelli-Weiner, Ph.D, M.P.H.
December 5, 2012
Page 2 of 3

or partially completed CSR synopses we made available to you, 16 had available data and fit this criteria, and for these reasons were included in your signal analysis.

It became apparent during the depositions on October 26, 2012, that there were a number of CSRs that were not included in your analysis. These included CSRs 096, 097, 098/103, 120 and 121 ("Missing CSRs"). The Missing CSRs had not been provided to you by us. We did not know that these Missing CSRs were not contained in what we had thought was a complete folder of CSR Synopses on the Trial Package due to the indexing on the Trial Package. As a result, you could not include in your analysis CSRs that you did not have.

Since the Missing CSRs were possibly relevant, we felt obligated to locate these studies so you could consider them in your signal analysis. We set out to track them down immediately at the conclusion of your depositions, and on October 29, 2012, sent specific discovery to Merck to identify and obtain the Missing CSRs (*See* Certain VTE Plaintiffs' Second Set of Requests for Production of Documents). We asked for bates ranges identifying the Missing CSRs. On November 14, 2012, Doug Marvin replied with bates ranges for the Missing CSRs.

At about the same time as this discovery was sent, we discovered an additional 16 CSR synopses on the Trial Package, mislabeled and misfiled and NOT with what appeared to be the complete CSR synopsis collection. For reasons unknown to us, these 16 synopses were scanned into one document, so that at first glance the document appears to be a synopsis for CSR 049/081 (a Phase IIa study which would not have been included in your analysis), but thereafter contains unrelated synopses for the Missing CSRs and many others. Had these synopses been filed correctly on the Trial Package, they would have been provided to you months ago.

Once you identified a particular study as pertinent from its synopsis, you have asked us to provide the complete CSR. That has presented a whole new set of difficulties. Locating the Missing CSRs on the Trial Package was a mostly futile effort. We were able to locate CSRs 098/103 and 120, and a partial version of CSR 096, Part I. Again, the Trial Package was not as complete as had been represented. We attempted to use the bates ranges identified by Doug Marvin's November 14, 2012 letter to obtain the remaining CSRs, but Merck did not provide Bates ranges for CSR 096, Part I, or CSR 097, Part II. So we then turned to the Vioxx Concordance Database ("VCD") to try to find these CSRs since other interrogatory responses from Merck which we found on the Trial Package provided Bates ranges.

In May 2012, after a lengthy process that involved Merck, the PSC, and the Court, we finally obtained a workable version of the VCD. For reasons unknown to us, the PSC dismantled the VCD following the Master Settlement so that it took several months to put it back together and provide it to us. As you may recall, in August 2012 we discovered that the VCD was missing hundreds if not thousands of Medwatch images required for your analysis. These images were found to be missing as a result of errors created when the PSC attempted to copy the images folders to re-assemble the VCD. As a result of these missing images, we were granted a two-week extension of the VTE deadlines so you could complete review of these

Elizabeth Brooks, Ph.D.
April Zambelli-Weiner, Ph.D, M.P.H.
December 5, 2012
Page 3 of 3

materials.  However, the VCD did not contain the Bates range of documents identified on the other discovery as the location of the Missing CSRs.[1]

We also attempted to use a list of CSR Bates ranges compiled by the PSC to find documents on the VCD, but those ranges led to incomplete CSRs, or did not contain the CSRs we needed.[2]  Finally, through multiple objective coding searches on the VCD, the process of elimination, and luck, we were able to track down the Missing CSRs and provide them to you BUT NOT because they were where they should have been on the Trial Package, on the VCD or as represented in discovery responses from Merck.

We intend to ask the PSC to fix errors in the VCD, other than those already addressed from January through May, and again in August.  The Medwatch images that were found to be missing in August 2012 are only a fraction of the images that are missing from the database.  A consultant has found thousands of pages of documents which are unlinked and are therefore unusable by us.  The file paths will need to be fixed before we can identify the images that were not copied properly when the database was restored.  This pathing issue is a result of the database being archived and later restored without a proper "map" to restore the images to their original locations.  After the images paths have been corrected, we can then determine all images truly missing from the database as a result of image folders not being properly copied when the VCD was restored by the PSC earlier this year.  This will be a time consuming and expensive project.

This has taken a great deal of time, and as a result you both have had to work over the Thanksgiving holiday and intervening weekends, and you have given up much personal time to complete a supplement of your report to include the Missing CSRs.  In the interest of time, we have instructed you to restrict your supplementation to these five Missing CSRs, and the fact that these constitute the balance of the pooled data Merck submitted to the FDA is another reason for this decision.

Sincerely,

Megan J. Hastings

MJH:mlc

---

[1]   096, Part I: MRK-ACB0007156, MRK-01420154415-MRK-01420154420; 096, Part II: MRK-I8940075845-MRK-I8940075848; 097, Part II: MRK-01420154421.

[2] 096, Part I: MRK-ACB0007097- MRK-ACB0007209; 097.  There was no range for 097, Part II.