UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Actions | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE KNOWLES |

**RESPONSE OF THE TPP FEE ALLOCATION COMMITTEE TO GENERAL STATEMENTS MADE BY THE WEINBERG OBJECTORS**

This Response and its attachments are respectfully submitted to reaffirm information and representations made in prior submissions of the Third Party Payor Fee Allocation Committee ("TPP FAC"), and to provide the additional information as set forth in the attachments, in order to further demonstrate that the Weinberg objections are without merit.

In considering its fee allocation recommendations, the Fee Allocation Committee appropriately relied upon the applicants' submissions of time records to the Court-appointed auditor, and the representations made by counsel regarding time allocation for TPP-related work.

Applicant firms are in compliance with PTO 57 by submissions that refer to, and incorporate by reference, the time they submitted to the Court-appointed auditor.

Several of the objections raised by Weinberg are firm-specific, i.e., the objections challenge the accuracy of time reporting for a specific firm for TPP matters, or challenge whether a specific firm has already been compensated for the TPP time through the previous, personal injury common benefit fee process. The FAC requested that each implicated firm submit a statement to the Court in response to the firm-specific objections. The attached statements by the [Herman (Exhibit 1), Seeger (Exhibit 2) and Levin (Exhibit 3)] firms are those

- 1 -

firms' responses. Each firm relates that its claimed TPP time fairly and accurately reflects the amount of TPP time, and that the firms do not seek TPP fees on work already compensated from the earlier personal injury common benefit awards. Although firms submitted time pursuant to Pre-Trial Order No. 6, such time that was TPP related was not considered by the prior Fee Allocation Committee for personal injury recommendations for common benefit fee awards. Each asserts it seeks TPP fees only on work pertinent and beneficial to the TPP Claims.

The TPP FAC recommended an allocation for Mr. Weinberg that more than handsomely compensates his firm for the modest relative contribution he made to TPP-related efforts. Views among the TPP FAC members varied, but none expressed the judgment that the value of his time, relative to the significant contributions of many other law firms, was worth more than the allocated amount. The Weinberg objection fails to acknowledge that there are insufficient funds to pay all lawyers what each of them, from a self-interested perspective, believes they are entitled to. Absent any information, demonstration, or reason to believe his contributions outweigh those of many others, the allocation to Weinberg is generous.

Mr. Weinberg fails to understand that no TPP counsel are receiving a multiplier on their lodestar. Most are receiving substantially less. Mr. Weinberg has not demonstrated a unique entitlement, nor any basis, to a multiplier on TPP work. Again, there were many other persons and firms far more intimately and extensively involved in TPPs matters over the many years of Vioxx litigation. The FAC judgment is not even a close one.

The membership of the Fee Allocation Committee was driven by the facts of TPP claims prosecution in the MDL and related state court litigation. The Court selected several firms (Seeger Weiss; Hagens Berman; Lieff Cabraser; and Dugan) that it knew had court-appointed representatives and/or had contributed significantly to TPP matters in these courts over time.

This background gave the TPP FAC an informed basis on which to evaluate the representations on which TPP-related fees requests were based.  Collectively, the TPP FAC members knew from their direct experience, assignment of tasks, and observation of ongoing work which firms and attorneys had done which work, and the extent, quality and benefit of that work.

The Committee did not simply allocate fees among its members; to the contrary, it sought to act selflessly (and each member abstained from the voting for its own firm).  It should, however, not be a surprise that those firms with significant enough work on TPP claims to be selected as TPP FAC members will also end up with some of the higher awards.  That was not by dint of being on the Committee, but by having driven the TPP litigation and expended time and effort on TPP matters over the past eight years.

Objections interposed to delay, distract, or interfere with the fair and equitable allocation of the attorney fees generated by the TPP settlement agreement to those counsel who expended time and effort on TPP-related work should not succeed in delaying the immediate award and distribution recommended by the TPP FAC in the [Proposed] Decision Distributing TPP Common Benefit Funds submitted on December 11, 2012.

Respectfully submitted,

Dated:  February 1, 2013

*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fee Allocation Committee Facsimile:
(504) 561-6024

PLAINTIFFS' LIAISON COUNSEL

TPP FAC Committee Chair

| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS<br>  & MILES, P.C.<br>234 Commerce Street<br>Montgomery, AL 36103 4160<br>(800) 898-2034 (telephone)<br>(334) 954-7555 (fax)<br><br>Co-Lead Counsel<br><br>TPP FAC | Christopher A. Seeger, Esquire<br>SEEGER WEISS<br>One William Street<br>New York, NY 10004<br>(212) 584-0700 (telephone)<br>(212) 584-0799 (fax)<br><br>Co-Lead Counsel<br><br>TPP FAC |
| Elizabeth J. Cabraser, Esquire<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000 (telephone)<br>(415) 956-1008 (fax)<br><br>TPP FAC | Thomas M. Sobol, Esquire<br>HAGENS BERMAN LLP<br>55 Cambridge Parkway<br>Suite 301<br>Cambridge, MA 02142<br>Tel:  (617) 482-3700<br>Fax:  (617) 482-3003<br><br>TPP FAC |

- 5 -

James R. Dugan, II, Esquire
THE DUGAN LAW FIRM, LLC
One Canal Place - Suite 1000
365 Canal Street
New Orleans, LA 70130
Tel:  (504) 648-0180
Fax: (504) 648-0181

TPP FAC

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Philip Wittmann and Ann Oldfather, by U.S mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 1st day of February, 2013.

      /s/ Leonard A. Davis
      Russ M. Herman (Bar No. 6819)
      Leonard A. Davis (Bar No. 14190)
      Stephen J. Herman (Bar No. 23129)
      Herman, Herman & Katz, L.L.C.
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Telephone: (504) 581-4892
      Fee Allocation Committee Facsimile:
      (504) 561-6024
      ldavis@hhklawfirm.com