UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Rosemary Holobosky, et al. v. Merck Sharp & Dohme Corp.*, 2:05-cv-01091-EEF-DEK (Plaintiffs Ann Marie Mannino and Joseph Mannino) | * | |
| | * | |
| | * | |

*******************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION, RULE, AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE

Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring Plaintiffs Ann M. Mannino and Joseph Mannino to show cause why their claims should not be dismissed with prejudice for failure to prosecute. Merck has been unable to depose the Manninos despite repeated attempts to do so, even though it has done its best to accommodate their schedule. Although Merck's counsel was eventually able to procure a deposition date for these plaintiffs, they inexplicably failed to appear for their properly noticed depositions, even though Merck's counsel reminded them of the depositions three days before and called on the day of the deposition to inquire whether they would attend. Moreover, more than a week later, they still have not offered an explanation why they did not attend their depositions or provided any other communication regarding their case.

Pursuant to Federal Rule of Civil Procedure 41(b) and this Court's broad discretion to clear its calendar of inactive cases, Merck respectfully moves the Court for an order dismissing the claims of these non-responsive plaintiffs.

In further support of this motion, Merck states as follows:

1. Merck first noticed depositions for the Manninos on May 5, 2011, when the Manninos were represented by counsel. With the agreement of the Manninos' counsel, Merck set the Manninos' depositions for June 27, 2011 at the offices of Hughes Hubbard & Reed LLP in Manhattan. *See* Ex. A.

2. On June 17, Ms. Mannino sent an e-mail to both her then-attorney, Mr. Ronald Benjamin, and to Merck's counsel. In that e-mail, she told her own attorney: "I have decided that I no longer wish for you to represent me" and explained the reasons for that decision. The e-mail further indicated that the Manninos had retained new counsel and invited Merck's counsel to "contact me at your convenience and I will forward you my new attorneys information." Ex. B.

3. Four days later, on June 21, Merck's counsel notified Ms. Mannino that, in light of her statement that she had obtained new counsel, Merck would postpone the Manninos' depositions. Merck's counsel requested that Ms. Mannino provide her attorney's contact information so new deposition dates could be arranged. *See* Exs. B, C.

4. Instead of providing contact information for her new attorney, Ms. Mannino asked Merck's counsel how to obtain "all of our information and medication packaging back from Mr. Benjamin." Concerned that Ms. Mannino had not, as her June 17 e-mail suggested, retained new counsel, Merck's counsel responded by informing Ms. Mannino that Merck's counsel could not advise her and giving Ms. Mannino contact information for Robert Johnson, the *pro se* coordinator, and Ann Oldfather. *See* Ex. B.

5. After that June 17 e-mail exchange, Merck's counsel did not hear anything more from the Manninos nor did new counsel ever enter an appearance. By December 2012, the

Manninos still had not provided contact information for a new attorney. On December 14, 2012, Merck's counsel sent a letter to Ms. Mannino, indicating that Merck would like to depose her and her husband and requesting that she identify dates in mid- to late January when they would not be available. *See* Ex. D.

6. Having received no response by January 2, 2013, Merck sent notices of deposition by Federal Express to the same address. The notices set the Manninos' depositions for January 18 at the Hampton Inn & Suites on Staten Island, less than eight miles from the their home at 64 Columbus Ave., Staten Island, NY 10304. *See* Ex. E.

7. The cover letters for the notices made clear that Merck was willing to reschedule the depositions if the date was not convenient for the Manninos, but that Merck would seek dismissal if the Manninos failed to attend. The cover letter to Ms. Mannino read, in pertinent part:

> Please contact me at the phone number or e-mail address listed above to confirm that you have received this letter. If January 18 is inconvenient for you or your husband, I am happy to work with you to find a more convenient date. It is important that you and your husband attend your depositions. **If you do not attend your deposition, Merck will move to dismiss your case.**

*Id.* at 1 (emphasis in original). The cover letter sent to Mr. Mannino provided the same offer to accommodate and notice that Merck would seek dismissal if the Manninos did not appear. *See id.* at 10.

8. Ms. Mannino contacted Merck's counsel one week later on January 9, 2013. She requested that the deposition be rescheduled to a Monday, as she does not work on Mondays. She noted that her husband would have to arrange his schedule to be able to attend a deposition on a Monday, but she indicated that Merck's counsel need not take that into consideration in

3

choosing a date.  She specifically indicated during the phone call that she and her husband could be deposed on January 28, 2013.

9. Merck sent notices of deposition by Federal Express to the Manninos on January 11, setting the depositions for January 28 at the Hampton Inn and Suites on Staten Island.  Ms. Mannino's deposition was set for 9:30 a.m. and Mr. Mannino's deposition was set for 1:00 p.m.  In the cover letters to the Manninos, counsel for Merck indicated that the timing could be adjusted to accommodate Mr. Mannino's schedule.  *See* Ex. F.  Merck's counsel did not hear anything more from the Manninos regarding the date or time of the noticed depositions.

10. On Friday, January 25, Merck's counsel called Ms. Mannino and left a message reminding the Manninos of their upcoming depositions and repeating the offer to adjust the order of the depositions to accommodate Mr. Mannino's schedule.  The number Merck's counsel called was the same number he had used successfully to reach Ms. Mannino on January 9.  Ms. Mannino did not respond.

11. Merck's counsel traveled from Washington, D.C. to Staten Island on January 27 to take the Manninos' depositions.  The next morning, Ms. Mannino had not arrived by 9:30 a.m., the scheduled time for her deposition.  Nor had Ms. Mannino called in advance to indicate that she was encountering problems attending.  Counsel for Merck called Ms. Mannino at 10:15 a.m., forty-five minutes after the deposition was scheduled to begin.  Ms. Mannino did not answer.  Merck's counsel left a message informing her that he was at the Hampton Inn & Suites for her deposition and asking her to return the call to let him know whether she and her husband intended to attend their depositions.  Merck's counsel left his personal cell phone number for Ms. Mannino to call.  Ms. Mannino did not return the call.  At 11:15 a.m., one hour and forty-five

minutes after the deposition was scheduled to begin, counsel for Merck closed Ms. Mannino's deposition after stating the notice given to Ms. Mannino on the record. *See* Ex. G.

12. By 1:00 p.m., the scheduled start time for Mr. Mannino's deposition, Merck's counsel still had not received a phone call from Ms. Mannino and neither of the Manninos had arrived at the Hampton Inn. Merck's counsel waited until 1:40 p.m. for Mr. Mannino to arrive, stated the notice given to Mr. Mannino on the record, and closed the deposition. *See* Ex. H.

13. From January 28 to date, Merck's counsel has not received any communication of any kind from the Manninos. By their actions (in skipping their depositions) and subsequent non-communication, it appears that the Manninos have abandoned their case.

14. Federal Rule of Civil Procedure 41(b) gives courts discretion to dismiss cases for failure to prosecute "to prevent undue delays in the disposition of pending cases . . . so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A plaintiff's failure to cooperate in setting a deposition and to attend a deposition constitutes failure to prosecute. *See, e.g.*, *Hepperle v. Johnston*, 590 F.2d 609, 611–13 (5th Cir. 1979) (Rule 41(b) dismissal for want of prosecution where plaintiff repeatedly failed to appear for deposition based on claims of alleged inconvenience); *see also Tech. Corp. Comp. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224–25 (5th Cir. 1987) (willful failure of California plaintiff to appear for Texas deposition and failure to comply with subsequent court order to do so).

15. Moreover, where a plaintiff's actions or inactions essentially abandon his or her claim, this warrants dismissal. *See, e.g.*, *Landry v. Marine Transp. Lines, Inc.*, No. Civ. A. 00–267, 2000 WL 1741881, *1 (E.D. La. Nov. 22, 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute

5

their claims") (Fallon, J.); *Thomas v. Parker*, Civ. A. No. 07-9450, 2008 WL 782547, at * 1 (E.D. La. Mar. 19, 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when unable to contact plaintiff); *Anderson v. Jackson*, Civ. A. No. 06–3298, 2007 WL 2903038, at * 1 (E.D. La. Sept. 28, 2007) (claims dismissed when plaintiff could not be reached and the Court was "constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Serv., Inc. v. Banca, de Republica de Dominica*, 697 F. Supp. 253, 257 (E.D. La. 1988) (granting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.).

16.   As set out above, Merck has attempted to accommodate the Manninos' schedule in setting depositions. Most recently, after Ms. Mannino did not respond to a December 14, 2012 letter seeking convenient deposition dates, Merck scheduled the depositions for January 18, 2013 but indicated that it would reschedule to fit the Manninos' schedule and seek dismissal if the Manninos did not attend. Merck then rescheduled the Manninos' depositions on a day Ms. Mannino indicated the Manninos could attend and chose a location less than eight miles from the Manninos' home. Merck's counsel reminded Ms. Mannino of the depositions three days before they were to occur, called Ms. Mannino forty-five minutes after her deposition was scheduled to begin to inquire whether she and her husband would attend, waited an hour afterward before closing her deposition, and waited forty minutes after Mr. Mannino's deposition's scheduled start before closing it. In total, Merck's counsel waited more than four hours at the Hampton Inn for the Manninos to appear before returning to Washington without having heard from either one of them. A week later, Merck's counsel has heard nothing from either of the Manninos explaining their absence.

6

17. The Manninos' actions in skipping their depositions after Merck indicated it would seek dismissal if they failed to attend and their subsequent silence and complete lack of communication demonstrate that they have abandoned their claims. Merck requests that the Manninos be required to show cause why their case should not be dismissed with prejudice at a hearing on February 26, 2013, the date of the next MDL status conference. A proposed order is attached.

Dated: February 5, 2013

        Respectfully submitted,

        By: */s/ Dorothy H. Wimberly*
            Phillip A. Wittmann, 13625
            Dorothy H. Wimberly, 18509
            STONE PIGMAN WALTHER
            WITTMANN L.L.C.
            546 Carondelet Street
            New Orleans, Louisiana 70130
            Phone: 504-581-3200
            Fax:   504-581-3361

        Defendants' Liaison Counsel

        —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:   202-434-5029

        Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Ann M. Mannino and Joseph Mannino by Federal Express at the following address:

>64 Columbus Ave.
>Staten Island, NY 10304

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5 day of February, 2013.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel