# EXHIBIT A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                     MDL DOCKET NO. 1657
PRODUCTS LIABILITY LITIGATION       SECTION L

                                                          JUDGE FALLON
                                                          MAGISTRATE JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

*Rosemary Holobosky, et al. v. Merck, & Co., Inc.,* **2:05-cv-01091-EEF-DEK (Plaintiff Ann Marie Mannino)**

## MERCK & CO., INC.'S NOTICE OF DEPOSITION OF ANN MARIE MANNINO

PLEASE TAKE NOTICE that the deposition of Plaintiff **Ann Marie Mannino** will be held on **June 27, 2011**, at **9:00 a.m.** at Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482.  The deposition will be taken by a certified court reporter and may be used at trial.

Additionally, the Plaintiff is directed to produce copies of the following documents to Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005 for receipt no later than June 13, 2011 and bring the originals to the deposition:

With the exception of the records already produced to Merck by the Plaintiff in this case, please produce all documents within your possession, custody or control that relate to or refer to any or all of the following:

1.      All writings in Plaintiff's possession, custody or control regarding VIOXX.

2.      All writings created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing VIOXX or Plaintiff's ingestion of VIOXX in Plaintiff's possession, custody or control.

3.      All prescriptions, prescription records, and receipts for VIOXX® in Plaintiff's possession, custody or control.

4.      All VIOXX tablet(s) prescribed to or otherwise obtained by Plaintiff, which have not been ingested, in Plaintiff's possession, custody or control (this item may be produced at the deposition).

5.      All containers and packaging which contain or contained VIOXX in Plaintiff's possession, custody or control (this item may be produced at the deposition).

6.      All records, including physician or office records, that show the period during which Plaintiff took VIOXX, the dosage of VIOXX, and the frequency with which the Plaintiff took VIOXX in Plaintiff's possession, custody or control.

7.      All personal diaries, calendars, journals, logs, or similar materials in Plaintiff's possession, custody  or control that relate to Plaintiff's mental or physical condition at any time, including his or her physical and mental conditions before, during and after ingestion of Vioxx.

8.      All writings concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed or provided to Plaintiff when the Plaintiff's VIOXX prescription was filled or when the Plaintiff otherwise obtained VIOXX in Plaintiff's possession, custody or control.

9.     All prescriptions, prescription records, drug containers, bottles, labels, package inserts, warnings, and/or instructions relating to any prescription drug, over-the-counter drug, medication, herbal remedy or medical preparation taken by Plaintiff in the past ten (10) years in Plaintiff's possession, custody or control.

Dated:  May 5, 2011, 2011

Respectfully submitted,

By:     */s/ Emily Renshaw Pistilli*
        Douglas R. Marvin
        M. Elaine Horn
        Emily Renshaw Pistilli
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone:  202-434-5000
        Fax:     202-434-5029

        Attorneys for Merck & Co., Inc.

        —and—


        Phillip A. Wittman, 13625
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER WITTMAN, L.L.C.
        546 Carondelet Street
        New Orleans, LA 70130
        Phone:  504-581-3200
        Fax:     504-581-3361

        Defendants' Liaison Counsel

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Deposition has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 5th day of May, 2011.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                          MDL DOCKET NO. 1657
PRODUCTS LIABILITY LITIGATION         SECTION L

                                      JUDGE FALLON
                                      MAGISTRATE JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

*Rosemary Holobosky, et al. v. Merck, & Co., Inc.,* 2:05-cv-01091-EEF-DEK (Plaintiff Ann
Marie Mannino)

### MERCK & CO., INC.'S NOTICE OF DEPOSITION OF JOSEPH MANNINO

PLEASE TAKE NOTICE that the deposition of Plaintiff **Joseph Mannino** will be held on **June 27, 2011**, at **4:00 p.m.** at Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482. The deposition will be taken by a certified court reporter and may be used at trial.

Additionally, the Plaintiff is directed to produce copies of the following documents to Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005 for receipt no later than June 13, 2011 and bring the originals to the deposition:

With the exception of the records already produced to Merck by the Plaintiff in this case, please produce all documents within your possession, custody or control that relate to or refer to any or all of the following:

1.      All writings in Plaintiff's possession, custody or control regarding VIOXX.

2.      All writings created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing VIOXX or Plaintiff Ann Marie Mannino's ingestion of VIOXX in Plaintiff's possession, custody or control.

3.      All prescriptions, prescription records, and receipts for VIOXX® in Plaintiff's possession, custody or control.

4.      All VIOXX tablet(s) prescribed to or otherwise obtained by Plaintiff Ann Marie Mannino, which have not been ingested, in Plaintiff's possession, custody or control (this item may be produced at the deposition).

5.      All containers and packaging which contain or contained VIOXX in Plaintiff's possession, custody or control (this item may be produced at the deposition).

6.      All records, including physician or office records, that show the period during which Plaintiff Ann Marie Mannino took VIOXX, the dosage of VIOXX, and the frequency with which the Plaintiff Ann Marie Mannino took VIOXX in Plaintiff's possession, custody or control.

7.      All personal diaries, calendars, journals, logs, or similar materials in Plaintiff's possession, custody  or control that relate to Plaintiff Ann Marie Mannino's mental or physical condition at any time, including his or her physical and mental conditions before, during and after ingestion of Vioxx.

8.      All writings concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed or provided to Plaintiff Ann Marie Mannino when the Plaintiff Ann Marie Mannino's VIOXX prescription was

filled or when the Plaintiff Ann Marie Mannino otherwise obtained VIOXX in Plaintiff's possession, custody or control.

9.     All prescriptions, prescription records, drug containers, bottles, labels, package inserts, warnings, and/or instructions relating to any prescription drug, over-the-counter drug, medication, herbal remedy or medical preparation taken by Plaintiff Ann Marie Mannino in the past ten (10) years in Plaintiff's possession, custody or control.

Dated:  May 5, 2011

Respectfully submitted,

By:     */s/ Emily Renshaw Pistilli*
Douglas R. Marvin
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone:  202-434-5000
Fax:      202-434-5029

Attorneys for Merck & Co., Inc.

—and—

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMAN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Deposition has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 5th day of May, 2011.

<div style="margin-left: 50%;">

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

</div>