# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE
SIXTH CAUSE OF ACTION OF THE AMENDED COMPLAINT**

The State of Utah has moved the court for an order dismissing the Sixth Cause of Action of its Amended Complaint. That count pursued a claim of negligence. The State agrees to dismiss the count with prejudice. The State further agrees that it will not bring an action for negligence against defendant arising out of the factual allegations in the State's amended complaint at any time or in any jurisdiction.

FRCP 41(a)(2) provides that after an answer has been filed, an action may be dismissed only "by court order, on terms that the court considers proper." "Unless the order specifies otherwise, a dismissal under this paragraph (2) is without prejudice."

The decision of the court to dismiss is subject to the Court's sound discretion. However, that discretion should be exercised in favor of a dismissal with prejudice. There are no counter-claims. There is no statute or rule allowing for the imposition of attorney's fees incurred in the dismissal of a negligence count. Because other counts, namely those based upon the Utah False

1

Claims Act, remain, there is no prevailing party. The Fifth Circuit has held:

> The situation is different in the case of a dismissal with prejudice. Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. Adjudication in favor of the defendants, by court or jury, can rise no higher than this. A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant. Consequently, no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.
> *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir 1985), *overruled on other grounds by Buckhannon Bd& Care Home, Inc. v. W.Va. Dep't of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed2d 855 (2001).* (citations omitted.)

Based upon that authority, the State requests the court dismiss the Sixth Cause of Action as to the negligence of the defendant with prejudice.

There is differing opinion as to the proper rule to be followed in dismissing one but not all counts with prejudice. The Eleventh Circuit has held that the proper manner in which to dismiss some but not all claims is through a FRCP 15(a) motion to amend. *Campbell v. Altec Industries Inc.,* 605 F.3d 839,841 n.1 (11th Cir. 2010). Of course, under FRCP 15(a) the court should freely grant leave to amend when justice requires. Rule 41(a)(2) is the functional equivalent of Rule 15(a). *Jet, Inc. v. Sewage Aeration Systems,* 223 F.3d 1360, 1364 (Fed. Cir. 2000).

Accordingly, the State of Utah respectfully requests that the Sixth Cause of Action (Negligence) of the amended complaint be dismissed pursuant to FRCP 41(a)(2) or in the alternative; enter an order allowing the amendment of the State's amended complaint to delete

the Sixth Cause of Action (Negligence).

DATED this 15th day of February, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123


/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ 08901


/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 15th day of February, 2013.

/S/
Joseph W. Steele