UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | |
| | * | SECTION L |
| JIM HOOD, ATTORNEY GENERAL *ex rel.*, STATE OF MISSISSIPPI | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| MERCK & CO., INC. | * | |
| | * | |
| Civil Action No. 2:05-cv-6755 | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |

**PLAINTIFF'S OBJECTION TO THE FIRST AMENDED NOTICE
OF INTENTION TO TAKE VIDEOTAPED DEPOSITION OF
<u>EDIE IVEY WITH SUBPOENA DUCES TECUM</u>**

COMES NOW, Plaintiff, Jim Hood, Attorney General of the State of Mississippi, *ex rel*. the State of Mississippi (the "State" and/or "Plaintiff'), by and through its undersigned counsel of record acting as duly-appointed Special Assistant Attorney General, and objects to the First Amended Notice of Intention to Take Videotaped Deposition of Edie Ivey With Subpoena Duces Tecum served upon it by Merck Sharpe & Dohme Corp. ("Merck") in the above-captioned proceeding as follows:

1.  Plaintiff objects to the subject Amended Notice, and the attached Ex. "A," Subpoena Duces Tecum ("Subpoena"), (attached hereto as Ex. 1) to the requests contained therein, and to the definitions and instructions contained therein, to the extent they are inconsistent with, and/or seek to impose obligations in excess of those imposed by Federal Rule of Civil Procedure 34 and 45, and/or any applicable Local Rules of this Court.

2. The subpoena was not properly served pursuant to Fed.R.Civ.P. 45(b).

3. Plaintiff objects to the scope of the documents sought by the Subpoena, as it is overly broad and seeks the production of documents previously produced to Defendant by Plaintiff in response to Defendant's Request for Production of Documents pursuant to Rule 35, Fed. R. Civ. Pro.

4. Plaintiff objects to the Subpoena to the extent that it seeks information that is confidential or proprietary in nature. Plaintiff further objects to the Subpoena to the extent that it seeks the production of documents and information protected from disclosure by any applicable privilege, immunity, or privacy right, including but not limited to the attorney-client privilege and/or the attorney work product doctrine. Nothing contained in these objections, or any documents produced in accordance with the responses, is intended to be, nor should be construed as, a waiver or any such privilege or immunity.

5. Plaintiff similarly objects to the Subpoena to the extent that any of the requests seek information that is Protected Health Information ("PHI") pursuant to the Health Information Portability and Accountability Act of 1996, the Federal Privacy Rule, 45 C.F.R. §§ 160, 164 and any other applicable law or regulation, or information with the State is under contractual agreements with other parties to keep confidential.

6. Plaintiff objects to the requests made in the Subpoena to the extent that they may seek information and documents that are (a) not in the State's or it's employee's possession, custody, or control; (b) publicly available or otherwise equally available to an actual party to the lawsuit; or (c) more appropriately obtained from sources other than the State, or by other means of discovery.

7. Plaintiff objects to each of the request made in the Subpoena to the extent that

they seek information and documents outside the scope of the claim and defenses asserted in this action, including documents concerning programs, prescription drugs and time periods that are not relevant to this action, and including documents concerning databases that were not used to process claims for prescription drugs and to the extent that they assume facts that are or may be inaccurate. Likewise, the Plaintiff objects to each of the request made in the Subpoena to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

8. The respondent objects to each and every request 2-12, on the grounds outlined and specified herein.

Respectfully submitted, this the 18th day of February, 2013.

BY:    /s/ Sheila M. Bossier  
SHEILA M. BOSSIER, (LA Bar No. 19491)  
**Attorney for JIM HOOD, ATTORNEY GENERAL,** *ex rel* **THE STATE OF MISSISSIPPI**

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**  
P. O. Box 55567  
Jackson, MS  39296  
Telephone: (601) 352-5450  
Facsimile:   (601) 352-5452

Geoffrey Morgan, Esq.  
George W. Neville  
**OFFICE OF THE ATTORNEY GENERAL**  
P. O. Box 220  
Jackson, MS  39205  
Telephone: (601) 359-3821

Richard A. Freese, Esq.  
**FREESE & GOSS, PLLC**  
Regions Harbert Center  
1901 6th Avenue North  
Suite 3120  
Birmingham, AL 35203  
Telephone: (205) 871-4144  
Facsimile:   (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Service Advance this 18th day of February, 2013.

　　　　　　　　　　　　　　　　　　　　　　／s/ Sheila M. Bossier
　　　　　　　　　　　　　　　　　　　　　　SHEILA M. BOSSIER