UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Dennis R. Harrison v. Merck Sharp & Dohme,* | * | KNOWLES |
| 2:07-cv-00905-EEF-DEK | * | |
| | * | |

*****************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S OPPOSITION
TO DENNIS HARRISON'S MOTION TO COMPEL INITIAL DISCLOSURES**

Defendant Merck Sharp & Dohme ("Merck"), through its undersigned counsel, submits this memorandum in opposition to Mr. Harrison's Motion to Compel.  Mr. Harrison seeks an Order from this Court compelling Merck to provide him with the "Initial Disclosures" specified in Rule 26(a)(1) of the Federal Rules of Civil Procedure.  It appears that Mr. Harrison has, unfortunately, become fixated on matters of form rather than substance.  The basic information contemplated by Rule 26(a)(1) has been produced in this litigation many years ago, and has likewise been available to Mr. Harrison for several years.  No additional "Initial Disclosure" is required or necessary.  In support of its Opposition, Merck further states as follows:

1)    On June 13, 2005, this Court issued Pretrial Order No. 17 which by its terms applied to all cases then-pending or subsequently transferred to this MDL, with the exception of class action cases.  *See* PTO No. 17 at 1.

2)    Section II.A of that Order is entitled "Initial Disclosures" and states:  "In light of the discovery plan set forth herein, the parties in all cases in this proceeding are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)."

1

1118430v1

3) The Order then set out various provisions to govern general discovery including: establishment of a document depository ("the PSC Depository"), coordination of universal document production for Merck's Vioxx-related litigation documents, avoidance of duplicative discovery requests, an exchange of sets of Master Interrogatories and Master Requests for Production, and the provision of copies of deposition testimony and other discovery from parallel state court proceedings. *Id.* at 2-5.

4) On July 3, 2007, this Court issued Pretrial Order No. 25 which ***expressly applied to Mr. Harrison by name*** and granted him access to the discovery materials housed in the PSC Depository. Specifically, PTO No. 25 "governs the access and availability of the documents and materials to Mr. Harrison and provides for the preservation of any applicable privileges or protections." PTO 25 at 1.

5) Any information or materials that would have been required through Rule 26(a) Initial Disclosures was provided to Plaintiffs pursuant to the discovery plan set out in PTO 17. This same information was available to Mr. Harrison as of July 2007.

6) The additional information sought by Mr. Harrison in his current motion is not the type of information contemplated by Rule 26(a). This is a summary of what Mr. Harrison believes he would receive in a set of Initial Disclosures:

> [N]ames and addresses of individuals who may have knowledge of the bone/spine allegations, communications with the FDA (they did express concern), communications with independent research (such as the NJ team that warned PSC-1), communications with Merck paid consultants such as Thomas Einhorn (who told me never to contact him again), mitigation plans 'in case any issues arise' per Merck meeting minutes, any testing results in re to bone/spine before or after Merck released Vioxx, any testing, warnings concerns, etc on any testing, viewpoints, or proof of due diligence Merck had in re to its impact when used with other medications, any numerical calculations on additional incremental sales attributed to not disclosing or pursuing the bone/spine

1118430v1

> allegations (which include both healing and potential decrease of bone density), anything which addresses concurrent usage of Vioxx and Fosamax, Merck's various views on animal testing etc. ***The above are examples of what I mostly would expect to exist, but are not meant to be all inclusive.***

Harrison Br at 11-12 (quoting his 11/11/12 correspondence) (emphasis in original).

7) In contrast, the actual Rule 26(a) requirement for Initial Disclosures specifies disclosure only of:

- the identity of individuals likely to have discoverable information that the disclosing party (i.e., Merck) may use to support its claims or defenses;
- the identity of documents that Merck may use to support its claims or defense;
- a computation of damages claimed by the disclosing party; and
- access to relevant insurance agreements.

*See* Fed. R. Civ. P. 26(a).

8) Notably, the Federal Rules Advisory Committee Notes (for the 2000 Amendment) explain that the scope of the disclosure obligation is "narrowed to cover only information that the disclosing party may use to support its position." *See* Fed. R. Civ. P. 26(a), Committee Notes on Rules—2000 Amendment.

9) Although Mr. Harrison focuses his arguments on the difference between cardiovascular injuries and bone/spine injuries, in terms of Merck witnesses and Merck documents that may be used to support Merck's position, the basic information noted above remains the same. This litigation involves one medication with one clinical development program that was marketed for a defined period of time. The relevant witnesses and documents have already been identified and produced in this litigation. The other category of documents that would be used to support Merck's position is Mr. Harrison's own medical records. And

3

access to the records that Merck has collected has been provided to Mr. Harrison through its records collection vendor, LMI.

10) Accordingly, Mr. Harrison's motion should be denied.

Dated:  February 22, 2013                                        Respectfully submitted,

                                                      */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition has been served on Plaintiff Dennis Harrison by Federal Express at:

> 601 W. Brown Street
> Iron Mountain, MA 49801

I also hereby certify that the above and foregoing Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2013.

> /s/ *Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1118430v1