UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This Document Relates to | * | |
| Cases Listed on Exhibit A to | * | |
| PTO 58 (as Amended) | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

**DEFENDANT MERCK SHARP & DOHME CORP.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR CONTINUED REMAND OF
MERCK'S RENEWED SUMMARY JUDGMENT MOTION IN VTE CASES**

Defendant Merck Sharp & Dohme Corp. ("Merck") submits the following in opposition to Plaintiffs' Motion for Continued Remand of Merck's Renewed Motion for Summary Judgment in VTE Cases. As a practical matter, the substantive issues to be resolved by the Court on the *Daubert* motions are dispositive on the matter of summary judgment. Thus, it is unnecessary for the Court to defer ruling on Merck's summary judgment motion; rather, it can rule on both motions at the same time. In support of its position, Merck further states as follows:

   1) On November 2, 2011, Merck filed a motion for summary judgment as to Plaintiffs alleging that they suffered Pulmonary Embolisms and/or Deep Vein Thrombosis events (collectively "VTE claims"). *See* Rec. Doc. 63539. Merck argued that Plaintiffs could not produce scientifically valid evidence sufficient to establish general causation for those claims.

   2) On December 16, 2011, Plaintiffs' Liaison Counsel filed a motion to strike or remand Merck's motion. *See* Rec. Doc. 63603.

   3) The Court heard oral argument on the motion to strike on January 5, 2012, and it issued a written Order on that same day. *See* Rec. Doc. 63623. The Court stated:

1118475v1

"Although some additional time may be warranted before requiring any plaintiff to respond to Merck's motion or to produce an expert report regarding general causation in VTE cases, it is appropriate to set a hard deadline so that these cases do not languish." *Id.*

4) The Court then "ORDERED that the motion to strike (Rec. Doc. 63603) is DENIED and submission of Merck's motion for summary judgment in VTE cases (Rec. Doc. 63539) is CONTINUED as follows." The Court then set a date for the submission of expert reports, and noted that if Plaintiffs could find experts to support general causation, then it "will set a schedule for relevant discovery and expert depositions, set a briefing schedule for DAUBERT motions, and reset Merck's motion for summary judgment for submission or argument." Rec. Doc. 63623.

5) Over the course of the next year, while various deadlines were extended, the parties proceeded with preparing expert reports and conducting related discovery. At the conclusion of expert discovery, Merck filed a consolidated motion seeking to strike plaintiffs' proffered expert opinions under *Daubert* and renewing its motion for summary judgment. Plaintiffs also filed their own *Daubert* motion and filed a separate motion for "Continued Remand" of Merck's Renewed Motion for Summary Judgment and noted that they did not intend to respond to the motion until some date to be determined in the future.

6) For the reasons set forth more fully in Merck's Reply Memorandum submitted in support of its Consolidated Motion to Exclude Opinion Testimony on General Causation and Renewed Motion for Summary Judgment in VTE Cases, Plaintiffs motion for "Continued Remand" should be denied. There is no reason to defer ruling on the issue of summary judgment. *See* Reply Mem. at § III pp. 21-23 (Rec. Doc. 64251). If this Court grants Merck's *Daubert* Motion, it should likewise grant summary judgment in Merck's favor. With

the exclusion of Plaintiffs' experts on general causation, Plaintiffs lack an essential element of proof.  *See, e.g.*, *In re Propulsid*, 261 F. Supp. 2d 603, 616–18 (summary judgment granted where plaintiffs' experts' causation opinion excluded as scientifically unreliable and irrelevant); *Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151, 1179 (E.D. La. 1997) (summary judgment granted where plaintiffs' expert evidence on causation inadmissible).

### Conclusion

For the reasons set forth above, Plaintiffs' motion for "Continued Remand" should be denied.

Dated:   February 22, 2013                       Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029

ATTORNEYS FOR MERCK SHARP &
DOHME CORP

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition To Plaintiffs' Motion For Continued Remand Of Merck's Renewed Summary Judgment Motion In VTE Cases has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel