U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED FEB 26 2013

LORETTA G. WHYTE
CLERK

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2013

Lyle W. Cayce
Clerk

No. 12-30311
Summary Calendar

D.C. Docket No. 2:05-MD-1657 L
D.C. Docket No. 2:08-CV-1422

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

-----

EMMANUAL IWOBI,

    Plaintiff - Appellant

v.

MERCK AND COMPANY, INCORPORATED,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: 2 2 FEB 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: /s/
    Deputy

New Orleans, Louisiana   2 2 FEB 2013

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2013

Lyle W. Cayce
Clerk

No. 12-30311
Summary Calendar

In re: VIOXX PRODUCTS LIABILITY LITIGATION

---

EMMANUAL IWOBI,

                      Plaintiff - Appellant

v.

MERCK AND COMPANY, INCORPORATED,

                      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-MD-1657
USDC No. 2:08-CV-1422

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Emmanual Iwobi appeals from the district court's denial of his motion for reconsideration of a final order dismissing his action against Defendant-Appellee Merck Sharp & Dohme Corp. (Merck). Because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Iwobi's arguments either do not satisfy the standard for relief under Rule 60(b), or are not properly before this court, we AFFIRM the district court's order.

## I. BACKGROUND

In 2007, before Iwobi filed suit, Merck reached a Master Settlement Agreement (MSA) with negotiating counsel for plaintiffs in the multidistrict litigation (MDL) over Vioxx, a non-steroidal anti-inflammatory drug that was withdrawn from the market in 2004, and is alleged to cause heart attacks and other maladies. On the day the MSA was announced, the district court entered pretrial order (PTO) 29, which applied to all plaintiffs whose claims were transferred into the MDL on or after November 9, 2007. PTO 29, a *Lone Pine* order,[1] imposed certain discovery requirements on such plaintiffs, including production of pharmacy and medical records, expert reports, and answers to Merck's interrogatories. The productions required under PTO 29 are due within forty-five days of arrival in the MDL proceedings. A failure to produce within forty-five days could be cured within an additional thirty-day period after receiving a notice of deficiency from Merck. Failure to comply with the requirements after the cure period "shall lead to the dismissal of the claim with prejudice" absent showing of good cause.

Iwobi's case was governed by PTO 29 because it arrived in the MDL after November 9, 2007. Iwobi filed suit against Merck in Texas state court on January 15, 2008, alleging that he was injured from ingesting Vioxx. Merck removed the case to federal court, and then the case was transferred to the Eastern District as part of the MDL proceeding occurring therein.[2]

---

[1] As we have explained, *Lone Pine* orders are "named for *Lore v. Lone Pine Corp.*," and "are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation." *In re Vioxx Prods. Liab. Litig. (Dier v. Merck & Co.)*, 388 F. App'x 391, 393 n.1 (5th Cir. 2010) (internal quotation marks and citation omitted).

[2] The multidistrict proceedings were established in the district court in 2005. *See generally Dier*, 388 F. App'x at 393. In the instant case, the transfer to the Eastern District

Eight months later, after Iwobi had failed to comply with the discovery requirements of PTO 29, Merck filed a motion for order to show cause why his case should not be dismissed. The motion explained that: (1) Iwobi had not satisfied the requirements of PTO 29, and that (2) Merck had notified Iwobi's counsel of the deficiency, but Iwobi had not cured it in the thirty-day period following receipt. Accordingly, Merck asked the court to dismiss Iwobi's claims with prejudice. Iwobi did not reply to the motion, and on Feburary 3, 2009, the court dismissed his case with prejudice for failure to comply with the *Lone Pine* requirements of PTO 29.

On March 29, 2010, Iwobi submitted a letter to the district court. Iwobi claimed that his attorney had told him that his case was on the right course, that he had been unable to contact his attorney for over a year, and that he recently learned that his action had been dismissed and that his attorney had been disbarred in February 2010. Accordingly, Iwobi asked the district court to reopen the case. The court ordered Merck to respond.

After receiving Merck's response and Iwobi's reply, the district court denied Iwobi's motion for reconsideration. The court reaffirmed the basis for dismissing Iwobi's claims: "[d]espite several notices, no materials required by Pretrial Order 29 were ever produced in connection with Mr. Iwobi's case, including no *Lone Pine* report." The court then noted that Iwobi's motion for reconsideration was filed more than a year after his case was dismissed, and therefore was governed by Federal Rule of Civil Procedure 60(b)(4)-(6). The district court further observed that Iwobi "was represented by counsel at all times prior to the dismissal of his case," and that his attorney was not disbarred until more than a year after his case was dismissed. The court reasoned that, "[u]nder these circumstances, post-dismissal disciplinary action against a party's

was made pursuant to orders issued by the Judicial Panel on Multidistrict Litigation.

attorney is not sufficient grounds to revisit the dismissal under Rule 60." The court concluded by "express[ing] no opinion regarding Mr. Iwobi's possible remedy against his former attorney." Iwobi timely appealed.

## II. STANDARD OF REVIEW

We review the denial of a Rule 60(b) motion for abuse of discretion. *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). "'A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)). "It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984). Our review is focused on the motion for reconsideration, and an appeal from the denial of such a motion "does not bring up the underlying judgment for review." *Bailey*, 609 F.3d at 767.

## III. DISCUSSION

Iwobi makes two arguments on appeal: (1) that the district court abused its discretion in denying his motion to reconsider, and (2) that dismissal with prejudice was an improperly harsh sanction for failure to comply with the district court's *Lone Pine* orders. Iwobi's first argument does not satisfy the "exceptional circumstances" standard justifying relief under Rule 60(b). His second argument is not properly before this court because it concerns the underlying judgment. Therefore, we find neither argument persuasive. We address each of these arguments in turn.

### A.  Denial of the Motion to Reconsider

Iwobi's principal argument is that the district court abused its discretion in denying his motion to reconsider. Iwobi argues that dismissal of his case resulted from his counsel's unresponsiveness and noncompliance with court

4

orders, and that he should not bear the consequences of his counsel's alleged incompetence. In particular, Iwobi claims that he did not have notice that his case was facing dismissal because his attorney did not tell him so, and that he was unaware of the alleged misconduct and sanction of his attorney. Based on these grounds, Iwobi argues that dismissal was inappropriate. This argument fails because attorney malpractice is not grounds for reopening a judgment under Rule 60(b).

Rule 60(b) provides six grounds that authorize a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding." The first three grounds apply only to motions filed within a year of judgment, which is not the case here, so they are inapplicable. *See* Fed. R. Civ. P. 60(b)(1)-(3) & (c)(1). Two of the remaining three grounds—that the "judgment is void," and that the "judgment has been satisfied, released, or discharged"—are also not applicable here. *See id.* 60(b)(4)-(5).

Thus, to prevail on his Rule 60(b) motion, Iwobi had to satisfy the final, catch-all provision. *Id.* 60(b)(6) (authorizing reopening of a case for "any other reason that justifies relief"). We have determined that a party moving for relief under Rule 60(b)(6) "must show the initial judgment to have been manifestly unjust," as this clause "is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (citation and internal quotations omitted).

Iwobi has not shown that the initial judgment was manifestly unjust or that his case involves the sort of exceptional circumstances that would entitle him to relief. Iwobi's argument rests on his contention that he did not discover until too late that his attorney was incompetent. Yet, "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.3d 281, 288 (5th Cir. 1985) (holding that district court did not

abuse its discretion in denying Rule 60 motion). In *Pryor*, this court found that "mistakes and omissions of an indifferent counsel" that lead to dismissal are not a basis for reopening a judgment, and that "this is especially true where the timeliness of postjudgment filings is concerned." *Id.*

Iwobi cannot "avoid the consequences of the acts or omissions" of his attorney, who was "his freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *see also Pryor*, 769 F.3d at 288 (finding that the attorney is the legal agent of her client, and that the client is therefore responsible for her mistakes). Although such a rule may breed some unfairness, the necessity of finality demands that we abide by it. *See Pryor*, 769 F.3d at 288-89 ("Were [we] to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney . . . meaningful finality of judgment would largely disappear."). In addition, the rationales in *Link* and *Pryor* extend to the discovery phase. We have previously found that dismissal due to noncompliance with discovery orders is not an abuse of discretion, and therefore is not subject to relief under Rule 60(b). *See, e.g., James v. Rice Univ.*, 80 F. App'x 907, 911 (5th Cir. 2003) (finding that the argument that plaintiff "should be excused [under Rule 60(b)] from her complete lack of compliance with the district court's pretrial orders" because of her counsel's incompetence was unavailing) (citing *Pryor*, 769 F.3d at 286-89). All of Iwobi's arguments to the contrary are unpersuasive.[3]

## B. Appropriateness of Dismissal

Iwobi also argues that dismissal with prejudice was an improperly harsh sanction for his failure to comply with the district court's *Lone Pine* orders. However, the time to challenge the sanction of dismissal was at final judgment,

---

[3] For example, Iwobi's arguments that he is entitled to relief because his counsel was disbarred a year after the dismissal of his case, and because Merck was obligated to keep Iwobi informed of the status of his action, are meritless.

not in an appeal from a motion to reconsider brought more than a year after final judgment. *See Bailey*, 609 F.3d at 767 (appeal from the denial of a Rule 60(b) motion "does not bring up the underlying judgment for review"). Indeed, "we have frequently upheld district court decisions denying [such] motions," where those motions raise grounds for reversal that could have been raised in a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam). Thus, this argument is meritless too.

## IV. CONCLUSION

For the reasons given, we AFFIRM the order of the district court.