UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|  | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : 

**THIS DOCUMENT RELATES TO:** *James D. Schneller, et al. v. Merck & Co., Inc.,* **No. 12-703**

## ORDER

The Court has received Plaintiff James D. Schneller's Sworn Motion to Reopen Time to File Appeal. (Rec. Doc. 64191).

As was previously detailed, this Court dismissed Mr. Schneller's first Vioxx case with prejudice on September 23, 2010 (Rec. Doc. 52672) for failure to comply with Pretrial Order 28. The United States Court of Appeals for the Fifth Circuit affirmed dismissal of his case. *In re Vioxx Prods. Liab. Litig.*, 452 F. App'x 500, 502 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2392 (2012).

Mr. Schneller then filed a second suit against Merck directly in this Court, again seeking damages related to Marjorie Schneller's allegedly Vioxx-related death. *James D. Schneller, et al. v. Merck & Co., Inc.*, No. 12-703 (E.D. La. filed Mar. 12, 2012). The Complaint in this second case was functionally identical to the Complaint in Plaintiff's first case. On June 12, 2012, this Court dismissed Plaintiff's claims with prejudice on the grounds that they were barred by res judicata. (Rec. Doc. 63913). On July 11, 2012, Plaintiff filed a notice of appeal as to that order (Rec. Doc. 63984) and a second motion for leave to appeal in forma pauperis (Rec. Doc. 63985), which this Court denied on the grounds that the appeal was frivolous and not in good faith (Rec.

Doc. 64033). On September 5, 2012, the Court denied Plaintiff's motion for reconsideration of

the order dismissing his case. (Rec. Doc. 64093). On November 16, 2012, the Fifth Circuit

granted Merck's motion for summary affirmance of this Court's order dismissing Mr.

Schneller's case. (Rec. Doc. 64178).

Plaintiff now requests that this Court reopen the time to file an appeal from the Court's

order denying his motion for reconsideration pursuant to Federal Rule of Appellate Procedure

4(a)(6). He argues that he meets the three requirements listed in that rule, and that the underlying

appeal is meritorious.

Reopening the time to file an appeal is a matter of discretion for the district court. *See*

Fed. R. App. P. 4(a)(6) (noting that "the district court *may* reopen the time to file an appeal" if

certain conditions are met (emphasis added)). As this Court has previously explained on multiple

occasions, Plaintiff's second case is clearly barred by res judicata, and is likely barred by the

applicable statute of limitations as well. As a result, Mr. Schneller's appeal is frivolous, and the

Court declines to exercise its discretion to reopen the time to file an appeal.

Accordingly, IT IS ORDERED that Mr. Schneller's Sworn Motion to Reopen Time to

File Appeal (Rec. Doc. 64192) is DENIED.

New Orleans, Louisiana, this 28th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE