UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**   *Jim Hood, Attorney General, ex rel. State of Mississippi, v. Merck & Co., Inc.,* **No. 05-6755**

## ORDER

On February 14, 2013 and February 19, 2013, the Court held two telephone hearings on Merck's Motion to Compel. (Rec. Doc. 64181). During the first hearing, the Court made some comments summarizing its views on Merck's motion. The Court has reviewed the briefs and the applicable law and heard oral argument, and now issues this Order ruling on the motion.

Merck's motion challenges the adequacy of some of Mississippi's responses to Merck's First Set of Requests to Admit and Second Set of Interrogatories. As discussed during the hearings, there are two main substantive topics on which Merck seeks additional information: (1) the specific misrepresentations regarding Vioxx that Merck allegedly made in Mississippi, and (2) the specific ways in which Mississippi claims that those misrepresentations caused harm, for which Mississippi seeks both damages and statutory penalties.

With respect to the specific misrepresentations, the Court denies Merck's motion. Specifically, the Court finds that Mississippi has sufficiently answered Interrogatory Number One and Interrogatory Number Six. However, the Court also specifically holds that if Mississippi obtains any other relevant information that it and/or its experts will use, Mississippi

must immediately supplement its responses, as it has previously done.

With respect to causation, the Court grants Merck's motion. The Court concludes that these requests encompass relevant material, due primarily to the fact that Mississippi is pursuing claims for negligence, unjust enrichment, and common law fraud. Some proof of causation will be required for each of these claims, and Merck has a right to obtain material that is relevant to causation in order to prepare its defense. Additionally, the Court notes that the penalties that Mississippi seeks under the Mississippi Consumer Protection Act may be discretionary, which would mean that information relating to causation could help to guide the Court's exercise of its discretion in issuing penalties. *See In re Zyprexa Products Liab. Litig.*, 671 F. Supp. 2d 397, 458-59 (E.D.N.Y. 2009). Accordingly, the Court will grant Merck's motion with respect to Interrogatories Number Two, Three, Four, and Five.

For the foregoing reasons, IT IS ORDERED that Merck's Motion to Compel (Rec. Doc. 64181) is GRANTED IN PART. IT IS FURTHER ORDERED that the motion is DENIED with respect to Interrogatories One and Six. IT IS FURTHER ORDERED that the motion is GRANTED with respect to Interrogatories Two, Three, Four, and Five, as well as Requests to Admit Number 11, 13, and 14.

New Orleans, Louisiana, this 28th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE