# Commonwealth Of Kentucky

## Court of Appeals

NO. 2010-CA-000873-OA

MERCK & CO., INC. PETITIONER

v.

ORIGINAL ACTION ARISING FROM
PIKE CIRCUIT COURT
ACTION NO. 04-CI-01493

HON. STEPHEN D. COMBS, JUDGE,
PIKE CIRCUIT COURT RESPONDENT

JAMES RATLIFF REAL PARTY IN INTEREST

ORDER
DENYING PETITION FOR WRIT OF MANDAMUS

** ** ** ** **

BEFORE: ACREE, NICKELL, AND STUMBO, JUDGES.

By this original action, the petitioner, Merck & Co, Inc., is seeking a writ of mandamus to direct the Pike Circuit Court to enter a summary judgment in its favor or to vacate the order certifying the class. The real party in interest, James Ratliff, has objected.

**EXHIBIT G**

As a preliminary matter, Merck has filed a motion to admit Jessica D. Miller and John H. Beisner as counsel *pro hac vice*. Ratliff filed a response indicating that he has no objection. Having considered the motion, the Court ORDERS the motion be, and it is hereby, GRANTED. Jessica D. Miller and John H. Beisner are hereby ADDED as counsel *pro hac vice* for Merck this date.

This action arises out of a class action complaint filed Ratliff related to the prescription pain reliever Vioxx, which was voluntarily withdrawn from the market by Merck in 2004 based on safety concerns and an increased risk of cardiovascular events. Ratliff brought this action on behalf of Kentucky residents who had purchased Vioxx; who did not allege any physical injury from Vioxx; and who claimed to have paid, or would have to pay, for a medical consultation to assess their risk from taking Vioxx. He alleged the following causes of action against Merck: 1) violation of Kentucky's Consumer Protection Act; 2) fraudulent concealment and/or misrepresentation; 3) negligent and/or grossly negligent misrepresentation; and 4) unjust enrichment.

Ratliff moved to certify a class pursuant to CR 23.01 and 23.02(c), and indicated that the proposed class would seek reimbursement for the cost of their medical consultations, lost income and expenses arising from the consultations and related procedures, and the cost of the Vioxx they purchased. Merck opposed the motion for class certification, arguing that the proposed

members' claims would turn on highly individualized facts related to their Vioxx use and that Ratliff was not an adequate class representative due to his inability to recall the basic facts of his claim. Merck also moved for summary judgment, arguing that Ratliff's claims should fail because Kentucky law does not recognize product liability actions where the plaintiff was not injured by the alleged defect, because he did not suffer any economic loss, and because he lacked privity with Merck to assert a claim against it under the CPA. By separate orders entered April 2, 2010, the circuit court denied Merck's motion for summary judgment and certified the action as a class action. Merck has now sought a writ of mandamus to direct the circuit court to grant summary judgment in its favor or to vacate the order certifying the class.

The standard for granting a writ is set forth in *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004):

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. [Emphasis in original.]

Merck is proceeding under the second class of writ actions, and accordingly must establish that the circuit court is acting erroneously within its jurisdiction, that it

has no adequate remedy by appeal, and that irreparable injury will result if relief is not granted. *Id.*

Merck argues that the circuit court's erroneous orders will cause it harm by forcing it to either proceed in a single trial or settle the claims, despite its belief that the claims lack merit. While recognizing that having to bear the costs of defending a lawsuit has not been found to rise to the level of irreparable injury, Merck nonetheless contends that the injury which would be caused here goes beyond merely having to bear the cost of defending. Rather, the circuit court through its orders was requiring it to choose between "an inherently unfair, potentially crippling trial" and settling the case, despite a lack of merit in the claims.

On the other hand, Ratliff contends that Merck has not met the prerequisites for seeking a writ in this Court. He cites to *Garrard County Board of Education v. Jackson*, 12 S.W.3d 686 (Ky. 2000), in which the Supreme Court stated that "the act of class certification itself is not a proper subject for relief in the form of a writ of mandamus[.]" *Id.* at 689. The Court went on to state that "the appellants have not demonstrated that an erroneous class certification constitutes a substantial miscarriage of justice or would prejudice them in a manner which the courts cannot address on appeal[.]" *Id.* Ratliff argues that Merck failed to establish that it does not have an adequate remedy by appeal, as it will be able to

appeal any adverse trial ruling and the order certifying the class once a final judgment is entered. Ratliff cites several cases to contest Merck's claim that an appeal following trial is not an adequate remedy. Furthermore, Ratliff contends that Merck has failed to establish that it will suffer an irreparable injury by having to proceed with trial and continue to defend the lawsuit.

Kentucky law is clear that petitions must meet two preliminary requirements before this Court may address the merits of the lower court's alleged error. In *Bender v. Eaton*, 343 S.W.2d 799 (Ky. 1961), the former Court of Appeals explained the mechanics in the class of writ where the court is alleged to be acting erroneously within its jurisdiction:

> In the second class of cases relief ordinarily has not been granted unless the petitioner establishes, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied). This is a practical and convenient formula for determining, *prior to deciding the issue of alleged error*, if petitioner may avail himself of this remedy. As a general rule, if he has an adequate remedy by appeal or otherwise, or will not suffer great and irreparable injury, the petition should be dismissed forthwith.

*Id.* at 801 (internal citations omitted, emphasis in original). The Supreme Court later cited this paragraph and stated: "In other words, only after determining that the prerequisites exist will the court decide whether an error occurred for which a writ should issue." *Hoskins*, 150 S.W.3d at 18. Finally, in *Cox v. Braden*, 266

S.W.3d 792 (Ky. 2008), the Supreme Court cited these same passages as support for its pronouncement that "[t]he test for the second class of writs is directly aimed at reducing the number of writ cases that proceed to the merits of the controversy." *Id.* at 796. "Remedy by way of extraordinary writ is disfavored, applications for such relief are discouraged, and the test articulated in *Hoskins* will be used to effectuate these preferences and to limit such writs to truly extraordinary cases." *Id.* at 797.

In the present case, we hold that based upon the Supreme Court's holding in *Garrard County*, Merck has failed to establish the necessary prerequisite findings to show it is entitled to a writ. Merck has failed to prove that it lacks an adequate remedy by appeal because it will be able to appeal from any final judgment once one is entered, and it will be able to raise the issue of the class certification at that point. Furthermore, the circumstances of this case do not reach the level of the extraordinary facts in the federal cases granting writs on class certification orders that were mentioned, but distinguished, in *Garrard County*. The Court in *Garrard County* noted that "[e]ach of the federal cases cited by the appellants not only involved multi-state litigation over medical products, but also presented issues other than erroneous class certification." 12 S.W.3d at 690 n.1. That is not the case here. Finally, Merck has not established irreparable harm or injury in having to defend against Ratliff's claims or the class action.

Therefore, the petition for writ of mandamus is DENIED.

ENTERED: JUL 12 2010

JUDGE, COURT OF APPEALS




**PIKE CIRCUIT COURT**
**35TH JUDICIAL CIRCUIT**
**DIVISION II**

**Civil Action No. 04-CI-01493**

**JAMES RATLIFF, On Behalf Of Himself And All Others Similarly Situated** — **PLAINTIFFS**

**V.**

**PLAINTIFFS' MOTION TO ISSUE CLASS NOTICE PURSUANT TO CR 23.03(2)**

**MERCK & COMPANY, INC., A Foreign Corporation** — **DEFENDANT**

* * * * * * * *

Plaintiff James Ratliff, On His Behalf And All Others Similarly Situated ("Ratliff" or "Plaintiff"), through counsel, respectfully requests the Court to issue the Notice of Class Action Certification, along with proposed Class Member Exclusion Form, attached as Exhibit A. On July 30, 2008, Plaintiff moved to certify a class in this matter pursuant to CR 23.01 and 23.02 (c). The Court granted the Plaintiff's Motion to Certify by Order dated April 2, 2010. The Defendant challenged this Order by filing a Petition for Writ Of Mandamus with the Court of Appeals on May 6, 2010. Subsequently, the Court of Appeals, by Order dated July 12, 2010, denied the Defendant's Petition for Writ of Mandamus. See Order Denying Petition for Writ of Mandamus, attached as Exhibit B.

Kentucky Civil Rule 23.03 (2) provides:

> In any class action maintained under Rule 23.02(c), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; (b) the judgment, whether favorable or not, will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

Plaintiff submits that the Notice of Class Certification attached as Exhibit A satisfies the notice requirements set forth in CR 23.02(2). The Plaintiff therefore requests that the Court issue the attached Notice, and allow Class Members 60 days to request exclusion from the Class.

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the foregoing Plaintiffs' Motion to Issue Class Notice pursuant to CR 23.03(2) will come before the Court at such time as will be set by the Court for hearing.

Respectfully submitted,

RICHARD A. GETTY
JOE F. CHILDERS
and
KRISTOPHER D. COLLMAN

GETTY & CHILDERS, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
(859) 259-1900
(859) 259-1909 (fax)

COUNSEL FOR PLAINTIFFS
JAMES RATLIFF, et al.

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiffs' Motion To Issue Class Notice and CR 23.02(c) was mailed, postage prepaid, to the following on this the 16th day of August, 2010:

Susan J. Pope, Esq.
Frost Brown Todd LLC
250 West Main Street, Suite 2700
Lexington, Kentucky 40507

Winston E. Miller, Esq.
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202

Jessica D. Miller, Esq.
and
John H. Beisner, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

COUNSEL FOR PLAINTIFFS

jkcpld0310