RENDERED: MARCH 24, 2011
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2010-SC-000529-MR

MERCK & COMPANY, INC.                                                 APPELLANT

V.             ON APPEAL FROM COURT OF APPEALS
                CASE NO. 2010-CA-000873-MR
            PIKE CIRCUIT COURT NO. 04-CI-01493

HON. STEPHEN D. COMBS (JUDGE,                       APPELLEE
PIKE CIRCUIT COURT)

AND

JAMES RATLIFF                                       REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

      Appellant, Merck & Co., Inc., appeals from an order of the Court of Appeals denying its petition for a writ of mandamus against Appellee, Judge Stephen D. Combs, of the Pike Circuit Court. The underlying lawsuit, brought by the Real Party in Interest, James Ratliff, is a class action alleging that Merck concealed the dangerous side effects of the prescription pain medication marketed under the name "Vioxx". Merck now seeks an order directing the Pike Circuit Court to enter summary judgment in its favor or, alternatively, to vacate the court's order certifying a class action pursuant to CR 23.

      Merck contends that it was entitled to summary judgment on Ratliff's claims. Alternatively, Merck contends that the class certified in this case is impermissible because Ratliff is an improper class representative, and because

**EXHIBIT H**

class issues do not predominate over individualized issues. For the reasons set forth below, we affirm the Court of Appeals.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States. Vioxx quickly gained widespread acceptance among physicians treating patients with arthritis and other conditions causing chronic or acute pain. However, on September 30, 2004, Merck withdrew Vioxx from the market after a study indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as heart attacks and strokes. Following the withdrawal of Vioxx, the FDA issued a Public Health Advisory informing all patients who were currently taking Vioxx to contact their physician for guidance regarding the discontinuation of the drug and alternative therapies. In a press release, Merck likewise acknowledged that patients who were currently taking Vioxx "should contact their health care providers to discuss discontinuing the use of Vioxx and possible alternative treatments." Thousands of lawsuits followed in both state and federal court. *See In re Vioxx Products Liability Litigation*, 401 F.Supp. 2d 565, 571 (E.D. La. 2005).

Ratliff, who took Vioxx from January of 2000 through early 2004, filed the present class action litigation in Pike Circuit Court on behalf of himself and all others similarly situated in Kentucky. As ultimately certified by the circuit court, the class is defined as being comprised "of all Kentucky residents who

have purchased and taken Vioxx during the period of May 1999 through September 30, 2004, and who, upon recommendation and advice of the FDA and Merck have or will contact physicians to seek advice regarding their Vioxx use[.]".

As grounds for relief Ratliff pled: (1) violations of the Kentucky Consumer Protection Act; (2) fraudulent concealment and/or misrepresentation; (3) negligent and/or grossly negligent misrepresentation; and (4) unjust enrichment. As damages he sought compensatory damages for: (1) reimbursement of the cost of the drug itself; (2) reimbursement for the cost of the precautious medical exams; and (3) the loss of wages for lost work-time to receive the medical examinations. Collectively, his damages amount to about $350.00. He projects that other members of the putative class would experience similar damages.[1] Merck opposed the motion to certify the class on the grounds that: (1) plaintiff's causes of action require proof of causation and reliance, which would entail individualized inquiries that are unsuited for a class trial; (2) Ratliff is neither a typical nor adequate class representative; and (3) the proposed class definition is unworkable because there is no practical way to ascertain class membership. At the same time, Merck moved for

---

[1] It should be noted that the complaint does not seek compensation for personal injuries or medical conditions caused by taking Vioxx. The damages sought by Ratliff on behalf of the putative class are those that Vioxx consumers incurred for diagnostic testing and examination to discover if they had an adverse medical condition related to Vioxx use. Presumably, such damages incurred by consumers who actually suffered an adverse medical condition because of Vioxx would be compensated for such expenses as part of a recovery for medical expenses incurred for treatment. Here, the putative class is consumers that required diagnostic testing because they took Vioxx, but needed no actual treatment for the adverse side effects of Vioxx.

summary judgment on Ratliff's claims on the grounds that: (1) Kentucky law does not allow product liability actions where the plaintiff was not injured by the product's alleged defect; (2) Ratliff has not suffered any actual economic loss because under his prescription drug plan he paid the exact same co-pay for Vioxx as he did for the prescription pain medication he would have taken in lieu of Vioxx; and (3) Ratliff lacks privity with Merck as required by Kentucky law to assert a claim under the Consumer Protection Act.

On April 2, 2010, the circuit court entered orders denying Merck's motion for summary judgment and certifying the class as described above.

On May 6, 2010, Merck petitioned the Court of Appeals for writ of mandamus directing the circuit court to enter judgment in Merck's favor or, alternatively, to vacate its order certifying the class. On July 12, 2010, the Court of Appeals, relying principally upon our decision in *Garrard County Board of Education v. Jackson*, 12 S.W.3d 686 (Ky. 2000), entered an order denying Merck's petition. This appeal followed.

### II. STANDARDS FOR WRIT OF PROHIBITION OR MANDAMUS

"A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Although *Hoskins* involved a writ of prohibition, we have applied the same standard for the issuance of a writ of mandamus. *Hodge v. Coleman*, 244 S.W.3d 102, 109 (Ky. 2008), n. 25. Relief by way of prohibition or mandamus is an "extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). We review a decision to deny a writ for abuse of discretion. *Newell Enterprises, Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky. 2005).

### III. ARGUMENTS RELATING TO CLASS CERTIFICATION

Merck contends that the Court of Appeals should have granted a writ of prohibition against further proceedings as a class action for the same reasons upon which the circuit court should have denied certification of the described class. We need not look at the specific merits of Merck's arguments in favor of a writ of prohibition, because *Jackson*, 12 S.W.3d 686, is dispositive. In *Jackson*, the class action plaintiffs filed a lawsuit in Garrard Circuit Court alleging exposure to unsafe environmental conditions at a local middle school. The trial court granted the plaintiffs' motion to certify the matter as a class action. The defendants sought mandamus relief in the Court of Appeals for an order instructing the circuit court to decertify the class action, which was denied.

In affirming the Court of Appeals' denial of the writ, we stated that "the act of class certification itself is not a proper subject for relief in the form of a

writ of mandamus[.]". *Id.* at 689. Citing the mandatory requirements for mandamus relief of irreparable harm and no adequate remedy by appeal, we made clear that "[w]e do not use mandamus as a corollary to our 'error correction power' to revise or correct the discretion of an inferior court[,]" and held that "the appellants have not demonstrated that an erroneous class certification constitutes a substantial miscarriage of justice or would prejudice them in a manner which the courts cannot address on appeal, [and so] we do not reach the issue of whether the trial court erred in certifying the case as a class action." *Id.* In summary, *Jackson* holds that a petition for a writ of mandamus is not a proper medium for challenging the trial court's discretion in certifying a class.

Notwithstanding the foregoing language, Merck contends that the *Jackson* decision left the door open for mandamus review in certain cases pursuant to our citation of recent federal court decisions in which the courts granted writs of mandamus and ordered the decertification of class actions in medical product litigations. *Id.* at 689-690 fn1; *see also In Re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995); *In Re American Medical Systems, Inc.*, 75 F.3d 1069, 1074 (6th Cir. 1996); *In Re Bendectin*, 749 F.2d 300, 307 (6th Cir. 1984). However, we emphasized in *Jackson* that "each of [the federal court] decisions presented objective evidence of prejudice to the parties or involved collateral consequences to non-parties, [and thus] we do not feel that they are factually germane to the appellant's situation." *Jackson*, 12

S.W.3d at 690.

> In further discussing and distinguishing these cases we stated:
>
> Each of the federal cases cited by the appellants not only involved multi-state litigation over medical products, but also presented issues other than erroneous class certification. *In Rhone-Poulenc Rorer, Inc., supra,* the Seventh Circuit Court of Appeals took issue with the trial court's certification of a class with respect to particular issues and intention to empanel a jury to render a special verdict solely on the issue of negligence. *Id.* at 1297. In *American Medical Systems, Inc., supra,* the court was troubled by the trial court's "utter disregard for the judicial bias ... and ... strong bias in favor of class certification" evidenced by his statement in open court that "I have seen plaintiffs beaten down because they couldn't compete, and I am aware that the only way that plaintiffs can compete is by a class action." *Id.* at 1088-9, Note 20. *In Bendectin, supra,* the court was concerned with prejudice to plaintiffs in other jurisdictions who "have spent a considerable amount of their resources preparing for trial, and now that their trials are at hand, they would be forced to direct their attention to a settlement offer which they feel is totally inadequate." *Id.* at 304.

*Id.* Thus, while *Jackson* did emphasize that a writ of prohibition is usually an inappropriate tool to challenge class certification, it acknowledged that certain special circumstances can exist where a class can be challenged through mandamus. However, Merck presents no evidence that this case presents a special circumstance like the above federal cases where mandamus was found to be appropriate.

Merck argues, and the record reflects, that the class which was certified may include up to 200,000 members and there may be potential total liability in the range of sixty million dollars and that this would be crippling to the company. Yet, Merck presents no specific evidence of how this particular class

7

action would be crippling to the company and we do not see how there would not be adequate remedy by appeal.

> [T]he appellants unquestionably may appeal the class certification ruling if trial results in an adverse verdict. A number of Kentucky cases reaffirm that the appellants' proper remedy is direct appeal. *See Dorsey v. Bale*, Ky., 521 S.W.2d 76, 78 (1975) (where the Court reversed a class action certification because the trial court had not properly analyzed the prerequisites of CR 23.01); *Brockman v. Jones*, Ky. App., 610 S.W.2d 943 (1980) (where the Court of Appeals held improper a class certification made without findings of fact); *Pyro Mining Company v. Kentucky Commission on Human Rights*, Ky., 678 S.W.2d 393 (1984) (reversal of class certification because of trial court's failure to make findings of fact). Unless the trial court's decision presents unique and extraordinary prejudice, a party's proper remedy comes on direct appeal. *See, In Re NLO, Inc.*, 5 F.3d 154 (6th Cir. 1993). As the appellants have demonstrated no such prejudice, the issuance of a writ is improper and the appellants may raise the issue of whether the trial court erroneously certified the class on appeal.

*Jackson*, 12 S.W.3d at 690-691.

Nor will we accept at this time Merck's invitation to expand the circumstances under which mandamus review of class action litigation is permissible. Although Merck has identified potential shortcomings in the plaintiffs' case and class certification, including the failure of the circuit court in its initial order to make findings required to satisfy the prerequisites of CR 23.01[2], we discern no "unique and extraordinary prejudice" to justify a departure from *Jackson,* and therefore Merck's "proper remedy comes on direct appeal." *Id.*

---

[2] *See Dorsey v. Bale*, 521 S.W.2d 76 (Ky. 1975).

## IV. ARGUMENTS RELATING TO SUMMARY JUDGMENT

Merck further contends that the Court of Appeals should have granted a writ of mandamus directing the circuit court to enter summary judgment dismissing Ratliff's claims, on the grounds that: (1) Kentucky law does not allow product liability actions where the plaintiff was not injured by the product's alleged defect; (2) Ratliff has not suffered any actual economic loss because under his prescription drug plan he paid the exact same co-pay for Vioxx as he would have for prescription pain medication in lieu of Vioxx; and (3) Ratliff lacks privity with Merck as required by the Kentucky Consumer Protection Act. However, similar to the fatal flaw in Argument III, *supra*, a request that a circuit court be directed to grant summary judgment is not a proper issue to be raised in a writ of mandamus.

First, as noted, a writ of mandamus is reserved for *extraordinary* circumstances. The denial of a summary judgment motion by a trial court is among the *least* extraordinary circumstances in civil litigation. Second, if the trial court has indeed erred in denying summary judgment, and Merck nevertheless loses upon the issues at trial, it will have an adequate remedy by appeal – which in and of itself bars mandamus relief.

And finally, we have already spoken to this point in *Fannin v. Keck*, 296 S.W.2d 226 (Ky. 1956). In *Fannin*, the petitioner sought an order of mandamus requiring the circuit court to grant summary judgment in denying the petitioner's motion for a writ, our predecessor Court stated as follows:

> Mandamus is a proper remedy to compel an inferior court to

> adjudicate on a subject within its jurisdiction where the court neglects or refuses to do so, but it will not lie to revise or correct a decision of a court. *J. B. B. Coal Co. v. Halbert*, 169 Ky. 687, 184 S.W. 1116. While mandamus will lie to set a court in motion, it cannot be used to control the result. *Shine v. Kentucky Cent. R. Co.*, 85 Ky. 177, 3 S.W. 18. *Gayheart v. Childers*, 137 Ky. 472, 125 S.W. 1085. In short, mandamus will not issue to control the discretion of an inferior court. *Hargis v. Swope*, 272 Ky. 257, 114 S.W.2d 75; *Goheen v. Myers*, 18 B. Monroe 423, 57 Ky. 423.
>
> The purpose of the mandamus sought herein is not to compel [the circuit court] to act on the motion, for he has acted, but to control his discretion and to compel him to grant summary judgment in petitioner's favor. Under these circumstances it is well-settled that this Court has no authority to issue the order requested. *Boone v. Smith*, Ky., 263 S.W.2d 928; *Union Trust Co. v. Garnett*, 254 Ky. 573, 72 S.W.2d 27; *Smith v. Shamburger*, 314 Ky. 850, 238 S.W.2d 844.

*Id.* at 226-227.

We are persuaded that the holding in *Fannin* remains sound.[3] We accordingly affirm the Court of Appeals upon this point.

### V. CR 23.06

When *Jackson* was decided, an interlocutory appeal from an order certifying a class action was not available, and therefore our reference to an adequate remedy by direct appeal presumed an appeal from the final judgment. However, effective January 1, 2011, the Kentucky Rules of Civil Procedure were amended to include a new rule, CR 23.06, providing: "An order granting or denying class action certification is appealable within 10 days after the order is entered. An appeal does not stay proceedings in the circuit court unless the

---

[3] Returning momentarily to the previous section, we note that *Fannin*'s holding that "[w]hile mandamus will lie to set a court in motion, it cannot be used to control the result" applies with equal force to the trial court's certification of the class.

circuit judge or the Court of Appeals so orders." Although the trial court's initial order was entered several months before the effective date of the new rule, the Real Parties in Interest more recently moved the trial court to amend that order. On January 27, 2011, the trial court entered an Amended Order setting forth more explicitly the specific findings that support its certification of the class in this matter. From that Amended Order, and pursuant to the new CR 23.06, Merck filed a Notice of Appeal. The Court of Appeals has abated that appeal pending our review herein. We presume that upon rendition of this opinion that review will resume.

Our opinion in this matter is confined to the question of whether the Court of Appeals properly exercised its discretion to deny the writ of mandamus, mindful that the standard for granting or denying a extraordinary writ differs significantly from the applicable standard of appellate review. We thus express herein no opinion as to the merits of any issues now pending appellate review before the Court of Appeals under CR 23.06.

## VI. CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals denying mandamus is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Susan J. Pope
Frost Brown Todd LLC
250 W. Main Street, Suite 2800
Lexington, Kentucky 40507-1749

John H. Beisner
Jessica Miller
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005

APPELLEE:

Steven Daniel Combs
Circuit Judge, Division II
Hall of Justice, Suite 423
172 Division Street
Pikeville, Kentucky 41501

COUNSEL FOR REAL PARTY IN INTEREST:

Joe Francis Childers, Jr.
Richard A. Getty
Jessica K. Case
Kristopher D. Collman
Getty & Childers, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507