UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This Document Relates to ALL | * | |
| CONSUMER CLASS ACTION | * | |
| CASES | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

### DEFENDANT'S INITIAL RESPONSE TO *RATLIFF* PLAINTIFF'S "PRELIMINARY NOTICE OF OBJECTION"

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this initial response to the "Preliminary Notice of Objection" submitted by the plaintiff in *Ratliff v. Merck & Co., Inc.*, No. 04-CI-01493 (Ky. Cir. Ct. Pike County).  Merck will submit a more fulsome response to the merits of the *Ratliff* plaintiff's preliminary objection at a later time, but Merck seeks to respond briefly and immediately to two misconceptions in the Preliminary Notice.

*First*, Mr. Ratliff's counsel states that he was informed by a representative of the PSC "that the proposed settlement had been drafted as a universal settlement based on the attorneys' belief that no state court consumer class actions remained pending against" Merck.  (Prelim. Notice of Objection at 2.)  The record is clear, however, that the PSC has long been aware of the *Ratliff* case.  At an April 1, 2011 hearing, for example, Ms. Cabraser stated on the record at the Court's monthly status conference, "I'm also informed that last week the Kentucky Supreme Court issued an order upholding the *Ratliff v. Merck* state court Vioxx class action under Kentucky Rule 23 and affirming the denial of summary judgment in that case," and indicated that the PSC would "submit that decision to Your Honor in due course."  (*See* Hr'g Tr. 8:17-21, Apr. 1, 2011, attached as Ex. 1).)  Later that day, the PSC filed a copy of the ruling as

1119489v1

supplemental authority in support of its opposition to Merck's motion to strike the class claims in the Purchase Claims Master Class Action Complaint.  (*See* Pls.' Submission of Ky. Supreme Ct. Decision, ECF No. 62794, Apr. 1, 2011 (submitted by Ms. Dawn Barrios, Ms. Elizabeth Cabraser and Mr. James Dugan, all members of the PSC, and noting that the decision "discussed by counsel in today's status conference" was being submitted for the Court's review).  The PSC also mentioned the *Ratliff* case in advising the Court of the settlement agreement at the February 26 status conference.  (*See* Hr'g Tr. 8:7-11, Feb. 26, 2013 (attached as Ex. 2).)  Thus, the statement that the PSC was not aware of the *Ratliff* case and its status is simply incorrect.

*Second*, contrary to Mr. Ratliff's counsel's suggestion, the Kentucky Court of Appeals clearly *did* reverse the trial court's certification of a consumer-fraud class.  Although the court acknowledged that "there are fewer obstacles to a class claim proceeding under the KCPA" (Op. Rev'g & Remanding at 10 ("Op."), *Merck & Co., Inc. v. Ratliff*, No. 2011-CA-000234 (Ky. Ct. App. Feb. 10, 2012 (attached as Ex. 3)), and observed that a Vioxx consumer-protection suit had been certified for class treatment in *Plubell v. Merck & Co.* in Missouri, the court nonetheless concluded that, in the *Ratliff* case, "[c]ausation, reliance, and damages are required to be shown on an individual basis" and that "if the action were tried as a class . . . the case would essentially fragment into a series of amalgamated 'mini-trials' on each of these individualized questions" (*id.* at 15 (citation omitted)).  In so doing, the court approvingly cited to *Kleinman v. Merck & Co., Inc.*, 8 A.3d 851, 862-63 (N.J. Super. Ct. L. Div. 2009) (cited in Op. at 15), in which Judge Higbee denied certification of a class of Vioxx users asserting claims under the New Jersey Consumer Fraud Act.  The Court of Appeals' citation to *Kleinman* in support of its conclusion that the predominance requirement was not satisfied, as well as its broad language of reversal in other parts of its opinion, make it unquestionably clear that it reversed certification on all claims,

including the KCPA.  (*See, e.g.*, Op. at 2 ("[W]e reverse the order of the Pike Circuit Court."); *id.* at 16 ("[C]lass certification is inappropriate . . . ."); *id.* ("[W]e find that the class cannot be certified . . . ."); *id.* ("We reverse and remand to the Pike Circuit Court with instructions for the court to vacate its prior order.").)

Dated:   March 5, 2013                                   Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP

1119489v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, and also upon Richard A. Getty, counsel for plaintiff James Ratliff, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of March, 2013.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1119489v1