```
 1                  IN THE UNITED STATES DISTRICT COURT FOR

 2                    THE EASTERN DISTRICT OF LOUISIANA

 3                             AT NEW ORLEANS

 4

 5

 6

 7

 8    IN RE:  VIOXX PRODUCTS                ) Case No. MDL 1657
      LIABILITY LITIGATION                  ) December 11, 2012
 9                                          ) Status Conference
      _____ )
10

11

12

                          TRANSCRIPT OF PROCEEDINGS
13
                  BEFORE THE HONORABLE ELDON E. FALLON
14
                      UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20    SUSAN A. ZIELIE, RPR, RMR, FCRR
      Official Court Reporter
21    HB 406
      500 Poydras Street
22    New Orleans, Louisiana 70130
      susan_zielie@laed.uscourts.gov
23    504.589.7781

24

25    Proceedings Recorded by Computer-aided Stenography.
```

2

```
 1    APPEARANCES:

 2


 3    For the Federal/State        DAWN M. BARRIOS, ESQ.
      Committee:                   Barrios Kingsdorf & Casteix, LLP
 4                                 One Shell Square
                                   701 Poydras Street, Suite 3650
 5                                 New Orleans LA 70139-3650
                                   barrios@bkc-law.com
 6                                 504.524.3300

 7
      For the PSC:                 RUSS M. HERMAN, ESQ.
 8                                 Herman Herman Katz
                                     & Cotlar, LLP
 9                                 820 O'Keefe Avenue
                                   New Orleans LA 70113
10                                 504.581.4892

11
      Plaintiff Liaison Counsel:   ANN OLDFATHER, ESQ.
12                                 Oldfather Law Firm
                                   1330 South Third Street
13                                 Louisville KY 40208
                                   502.637.7200

14

15    For Merck:                   DOUGLAS MARTIN, ESQ.
                                   Williams & Connolly
16                                 725 12th Street NW
                                   Washington DC 20005
17                                 202.434.5000

18                                 MARGARET WOODWEDGE, ESQ.
                                   Law Offices of Eric Weinberg
19                                 149 Livingston Avenue
                                   New Brunswick NJ 08903
20                                 732.246.7080

21

22

23

24

25
```

| | | |
|---|---|---|
| :42:01 | 1 | NEW ORLEANS, LOUISIANA; TUESDAY, DECEMBER 11, 2012 |
| :42:19 | 2 | 2:00 P.M. |
| :05:38 | 3 | THE COURT:  Be seated, please. |
| :05:40 | 4 | Let's call the case. |
| :05:41 | 5 | CASE MANAGER:  MDL 1657, in re:  VIOXX Products |
| :05:47 | 6 | Liability litigation. |
| :05:48 | 7 | THE COURT:  Counsel, please state your appearances for |
| :05:49 | 8 | the record. |
| :05:49 | 9 | MR. HERMAN:  After you. |
| :05:51 | 10 | MR. MARTIN:  Good morning, Your Honor.  May it please |
| :05:54 | 11 | the Court, Douglas Martin for Merck. |
| :05:57 | 12 | MR. HERMAN:  Afternoon, Judge Fallon.  Russ Herman for |
| :06:02 | 13 | the Plaintiffs' Steering Committee. |
| :06:03 | 14 | THE COURT:  All right.  We have several people on the |
| :06:05 | 15 | line. |
| :06:06 | 16 | I met with counsel for liaison and lead counsel, |
| :06:10 | 17 | and discussed with them the agenda for this monthly meeting. |
| :06:15 | 18 | I'll take it in the order given. |
| :06:17 | 19 | Class actions, any report on that? |
| :06:19 | 20 | MR. MARTIN:  Your Honor, the class actions, there are |
| :06:21 | 21 | no new developments since the last conference. |
| :06:25 | 22 | THE COURT:  Governmental actions. |
| :06:25 | 23 | MR. HERMAN:  Ms. Barrios is here. |
| :06:30 | 24 | MS. BARRIOS:  Good afternoon, Your Honor. |
| :06:30 | 25 | THE COURT:  Good afternoon. |

4

:06:32  1          MS. BARRIOS:  If you recall, in one of your last

:06:34  2   orders, you asked that the government action cases be put on a

:06:37  3   triple track, and one of those tracks is mediation.  Mr. Juneau

:06:41  4   has been mediating.

:06:42  5              He has successfully mediated with the State of

:06:44  6   Pennsylvania on October 22nd.

:06:47  7              He had a mediation with Montana that did not

:06:50  8   result in a settlement, but he's going to try again.

:06:53  9              And, today, there's mediation with Mississippi.

:06:56  10             So, all told, we will have five left in the MDL.

:06:59  11         THE COURT:  All right.  Well, that's some progress.

:07:02  12  Good.  Thank you.

:07:02  13         MR. HERMAN:  On other pending motions.  Ms. Wimberly is

:07:07  14  here, as is Ms. Oldfather, Your Honor.

:07:09  15         THE COURT:  All right.  We have one pending motion on

:07:14  16  the LaDonna King matter.

:07:17  17         MS. WIMBERLY:  Yes, Your Honor.  Dorothy Wimberly on

:07:21  18  behalf of Merck.

:07:22  19              Would you like to hear that now?

:07:23  20         THE COURT:  Sure.  Why don't we do that.

:07:26  21         MS. WIMBERLY:  Yes, Your Honor.

:07:27  22              Merk had filed a motion for summary judgment in

:07:29  23  the LaDonna King case on July 17th of 2012, and that's record

:07:33  24  document No. 63995.

:07:36  25              After that motion was filed, counsel moved to

:07:39  1   withdraw.

:07:42  2               In response to that, Merck filed a motion to

:07:44  3   dismiss for lack of prosecution, which is record document 64013.

:07:50  4               At the last status conference, on October 11th,

:07:53  5   the Court granted the motion to withdraw and ordered that Ms.

:07:56  6   King show cause why her case should not be dismissed with

:07:59  7   prejudice at today's conference.

:08:02  8               Since the filing of the original motion in July

:08:05  9   and the subsequent motion in I believe it was early August, and

:08:09  10  since the Court's order, we have had absolutely no contact from

:08:13  11  Ms. King.  And we would ask that her case be dismissed with

:08:16  12  prejudice for lack of prosecution.

:08:19  13       THE COURT:  They've had enough time for her to respond.

:08:24  14  I've given her several times to respond.  She has not done so.

:08:28  15  So I'm going to dismiss it.  Over the objection of counsel,

:08:33  16  liaison counsel, I'm going to dismiss it with prejudice.

:08:37  17       MS. WIMBERLY:  Thank you, Your Honor.

:08:38  18       MR. HERMAN:  Your Honor, I apologize, I went out of

:08:42  19  order.

:08:43  20       THE COURT:  That's all right.

:08:44  21       MR. HERMAN:  With regard to third party payers, we're

:08:46  22  making our final report today.  It will be filed.  We're going

:08:50  23  to hand-deliver to counsel for Mr. Weinberg a copy.

:08:57  24               Your Honor's issued an order for us to produce

:09:00  25  certain records for inspection.  We're gathering those records,

| | | |
|---|---|---|
| :09:04 | 1 | and they will be given in a way that counsel can -- for Mr. |
| :09:12 | 2 | Weinberg -- can review them and your order. |
| :09:15 | 3 | THE COURT:  Before that, let's have Mr. Weinberg -- and |
| :09:21 | 4 | I'll put this in a minute entry -- to review them within a week. |
| :09:25 | 5 | I'll give them a week to review them.  That should be enough |
| :09:29 | 6 | time for them. |
| :09:29 | 7 | MR. HERMAN:  Yes, Your Honor. |
| :09:30 | 8 | And we will notify the Court when those records |
| :09:33 | 9 | have been delivered.  And I assume the week will run from that |
| :09:37 | 10 | date. |
| :09:39 | 11 | THE COURT:  From the time he gets them, yes. |
| :09:41 | 12 | MR. HERMAN:  Your Honor, the next issue, there's |
| :09:44 | 13 | pending personal injury cases subject to PTOs.  And I believe |
| :09:48 | 14 | that Ms. Oldfather has a report on pending injury cases.  And |
| :09:54 | 15 | Mr. Martin may wish to respond. |
| :10:00 | 16 | MS. OLDFATHER:  Thank you, Mr. Herman. |
| :10:03 | 17 | Good morning, Your Honor.  Ann Oldfather, liaison |
| :10:06 | 18 | counsel for certain cases. |
| :10:07 | 19 | Your Honor, the joint status report contains an |
| :10:09 | 20 | update of the developments since the last status conference in |
| :10:13 | 21 | October. |
| :10:14 | 22 | And I'll just mention to you briefly, we are in |
| :10:17 | 23 | continued conversations with the original PSC regarding the |
| :10:20 | 24 | common benefit expense account and various information on |
| :10:23 | 25 | settled cases. |

:10:24  1          And also the BTE cases are in the process of being

:10:29  2     submitted to the Court on briefs in connection with *Daubert*

:10:33  3     motions with regard to the general causation issues.

:10:37  4          We anticipate that the first brief will be

:10:39  5     submitted on December 21st, and that the briefing should be

:10:43  6     finished by the end of January.

:10:45  7          Everything else is contained in the joint status

:10:47  8     report.

:10:48  9          Other than that, Your Honor, I'll simply report

:10:50  10    that the case census shows that we are down to 44 cases.  Six

:10:56  11    cases have been settled since April, and several more have been

:11:01  12    resolved but are in the process of final preparation.

:11:04  13         I would encourage anyone on the phone conference

:11:08  14    to have discussions with Merck with regard to resolution of

:11:11  15    heart attack or stroke cases.

:11:14  16         And the only remaining case in the other injury

:11:18  17    category, since the LaDonna King case has just been dismissed

:11:22  18    for lack of prosecution, is Mr. Harrison's bone healing claim.

:11:28  19         So we expect that Merck will be very open to

:11:32  20    conversations regarding resolution, and we would encourage all

:11:35  21    of the plaintiffs to engage in those conversations.

:11:38  22         Thank you, Your Honor.

:11:39  23      THE COURT:  It's important from the standpoint of the

:11:42  24    plaintiffs, particularly the pro se plaintiffs, to respond to

:11:45  25    the information requests.  Because, if Merck indicates that they

| | | |
|---|---|---|
| :11:52 | 1 | need some material, that's a good sign, from your standpoint. |
| :11:57 | 2 | And you ought to deliver the material, so that they will at |
| :12:01 | 3 | least have some basis for discussing the matter with you.  So I |
| :12:05 | 4 | urge you to do so. |
| :12:07 | 5 | If not, then I'll have to act accordingly. |
| :12:12 | 6 | But it should be taken seriously by you. |
| :12:17 | 7 | This is a good indication.  I mean, we had 50,000 |
| :12:21 | 8 | individual claims.  And so now we're down to 40 or so.  And |
| :12:28 | 9 | they're dwindling because of the work of the lawyers.  So we've |
| :12:32 | 10 | been able to move this case. |
| :12:34 | 11 | MR. HERMAN:  Your Honor, I'm advised by Ms. Wimberly, |
| :12:39 | 12 | there's no further issue need discussion under appeals. |
| :12:45 | 13 | I'd note that Mr. Robert Johnston, who is well |
| :12:49 | 14 | schooled in professionalism and general advocacy, and he may |
| :12:54 | 15 | have something as we approach the holidays to say. |
| :12:57 | 16 | THE COURT:  All right. |
| :12:59 | 17 | MR. JOHNSTON:  You know, you get nervous when you get |
| :13:01 | 18 | that kind of a lead-in. |
| :13:03 | 19 | THE COURT:  Introduction. |
| :13:06 | 20 | MR. JOHNSTON:  Your Honor, the last month, I just was |
| :13:08 | 21 | talking to Jenette McKernan, the paralegal who fields some |
| :13:12 | 22 | calls.  But we are down to a half dozen or less, and there's |
| :13:20 | 23 | some that we talked to more than once. |
| :13:23 | 24 | So I think the only thing that I would advise the |
| :13:24 | 25 | Court is consistent with what we're all hearing here, all quiet |

| | | |
|---|---|---|
| :13:32 | 1 | on the waterfront. |
| :13:33 | 2 | THE COURT:  Good.  That's fine. |
| :13:34 | 3 | And you rendered a good service to the Court, as |
| :13:37 | 4 | well as to the litigants.  Because, in these particular cases, |
| :13:39 | 5 | as I mentioned, a lot of people either don't wish to have a |
| :13:44 | 6 | lawyer or they can't find a lawyer to handle their case, and |
| :13:48 | 7 | they need somebody with legal experience and ability to be able |
| :13:53 | 8 | to talk to.  And they've looked to you.  And I know sometimes |
| :13:59 | 9 | it's been rather challenging from your standpoint.  But I think |
| :14:03 | 10 | you've rendered a good service and I appreciate all your |
| :14:06 | 11 | efforts. |
| :14:07 | 12 | MR. JOHNSTON:  Thank you, Your Honor. |
| :14:09 | 13 | And Doug Martin and I have had a couple of |
| :14:11 | 14 | instances where I've been able to get into the dialog with pro |
| :14:16 | 15 | ses, and I think that they resolved -- that helped resolve the |
| :14:20 | 16 | cases. |
| :14:20 | 17 | THE COURT:  Great. |
| :14:21 | 18 | MR. JOHNSON:  So I feel good about it. |
| :14:23 | 19 | And thank you so much. |
| :14:25 | 20 | MR. HERMAN:  You didn't wish everybody happy holidays, |
| :14:28 | 21 | though. |
| :14:31 | 22 | MR. JOHNSON:  I will do that individually. |
| :14:33 | 23 | MR. MARTIN:  Your Honor, I just do want to again thank |
| :14:36 | 24 | Mr. Johnston, because, as you indicated, Your Honor, he's been |
| :14:39 | 25 | of help to Merck as well as to the Court.  And there have been a |

| | | |
|---|---|---|
| :14:45 | 1 | number of instances where we're dealing with a pro se that we've |
| :14:49 | 2 | called Mr. Johnston, and he has in turn spoken to the pro se, |
| :14:52 | 3 | and we've been able to resolve cases.  Because he is someone who |
| :14:57 | 4 | has been appointed by you, Your Honor, and that's been very |
| :15:01 | 5 | helpful in the discussions.  So we appreciate greatly the |
| :15:05 | 6 | services he's rendered. |
| :15:07 | 7 | THE COURT:  Yes.  I think I mentioned that to my |
| :15:11 | 8 | colleagues around the country, too.  I think that that's a good |
| :15:14 | 9 | aspect to put in play in an MDL case, because you do have |
| :15:19 | 10 | individuals who just want to ask questions and they don't know |
| :15:24 | 11 | who to ask the questions to.  And I think that this is a way of |
| :15:26 | 12 | dealing with that. |
| :15:27 | 13 | MR. MARTIN:  Thank you. |
| :15:29 | 14 | MR. HERMAN:  Your Honor, I think Ms. Oldfather would |
| :15:32 | 15 | like to address the Court. |
| :15:34 | 16 | MS. OLDFATHER:  Your Honor, I neglected to mention a |
| :15:37 | 17 | sad note.  We understand that Antonio Dennison passed away.  The |
| :15:42 | 18 | gentleman had come in here with his brother. |
| :15:44 | 19 | And, while that is very sad, I did want to point |
| :15:49 | 20 | out that he did have the heartening news of knowing that Your |
| :15:53 | 21 | Honor had listened to his claim, to be able to pursue his action |
| :15:57 | 22 | in New Jersey.  So I think it was great that the Court acted so |
| :16:00 | 23 | promptly on that, and he at least had that recognition of |
| :16:04 | 24 | justice before he left us. |
| :16:07 | 25 | THE COURT:  Good. |

:16:08    1          I'm sorry to hear that, but I hope matters work

:16:13    2   out for the family.

:16:16    3               Anything further?

:16:17    4        MR. HERMAN:   Your Honor, I believe that concludes the

:16:21    5   status conference today.

:16:25    6          THE COURT:   One moment.

:16:29    7        MS. WOODWEDGE:   If Your Honor please, I just would

:16:31    8   request a point of clarification.

:16:32    9               Margaret Woodwedge on behalf of Eric Weinberg.

:16:35   10               I feel confident we can review the records within

:16:38   11   a week of the time that we receive them.

:16:40   12               But, at the end of the week, what is it that we

:16:42   13   are to do?

:16:43   14        THE COURT:   I think, if you need to respond to their

:16:45   15   material, just give me -- I think you needed to look at it to

:16:50   16   make some sense out of it.   So, if you have a response, give me

:16:54   17   a response.   And then we'll deal with it from there.

:16:59   18          MS. WOODWEDGE:   Thanks.

:17:00   19        THE COURT:   Thank you very much.

:17:01   20               What's the next date?

:17:04   21               February 26th at 2:00 o'clock.   And I will meet

:17:07   22   with the committees at 1:30.

:17:09   23               Thank you very much.   The court stands in recess.

:17:12   24               (2:15 p.m., proceedings concluded.)

         25

1

2

3                                    CERTIFICATE

4

5

            I, Susan A. Zielie, Official Court Reporter, do hereby
6     certify that the foregoing transcript is correct.

7

8                                    /S/ SUSAN A. ZIELIE, FCRR

                                     _____
9                                         Susan A. Zielie, FCRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25