UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Rosemary Holobosky, et al. v. Merck Sharp & Dohme* | * | KNOWLES |
| *Corp.*, 2:05-cv-01091-EEF-DEK (Plaintiffs Ann Marie | * | |
| and Joseph Mannino) | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S RESPONSE TO
PLAINTIFFS' REQUEST TO VACATE DISMISSAL**

On February 28, 2013, the Court granted Merck's motion to dismiss the claims of Plaintiffs Ann Marie and Joseph Mannino for failure to prosecute, Rec. Doc. 64240 ("Merck Mot."), giving the Manninos until March 13, 2013 to "request in writing that this Order be vacated," Rec. Doc. 64277.  On March 8, 2013, Merck's counsel received a letter (dated March 5), from Ms. Mannino, indicating that she is "opposed to [dismissal] and want[s] to move forward with the case" and that she is "available for a phone deposition as well as in person." Ex. A.  She also provides an address—64 Columbus Ave., Staten Island, NY 10304—and a phone number—347-231-4708—where she can be reached.  *Id.*

Despite the clear record that the Manninos were given repeated notice of their depositions, including letters, a telephone call with Merck's counsel to set a convenient date, and voice messages from Merck's counsel reminding them of the depositions, Ms. Mannino's letter provides no reason at all why she and her husband failed to appear for their depositions without

any notice to Merck's counsel.[1]  Mrs. Mannino's March 5 letter does not even acknowledge that they failed to appear for their depositions, much less acknowledge that they did so without warning or explanation, or explain why they did not respond to the phone call from Merck's counsel from the deposition site.  In addition, Ms. Mannino's letter follows almost six weeks of complete silence since she and her husband failed to appear for their depositions, including the lack of any response to Merck's Motion.

Ms. Mannino's letter clearly confirms that she and her husband had considerable notice of the depositions, and notice of Merck's subsequent request that the Court dismiss the case.  The address Ms. Mannino provided in her March 5 letter is *identical* to the address to which Merck's counsel sent:

1. The December 14, 2012 letter to Ms. Mannino requesting that she provide any dates she and her husband could not be deposed, to which she did not respond, *see* Merck Mot. ¶¶ 5–6 & Ex. D;

2. The notices of deposition setting the Manninos' depositions for January 18, 2012 that led to Ms. Mannino's phone call to Merck's counsel requesting that Merck reschedule the depositions to a more convenient date for her and her husband, *see* Merck Mot. ¶¶ 6, 8 & Ex. E;

3. The cover letters to those notices of deposition indicating to the Manninos that Merck would move to dismiss their claims if they did not appear for their depositions, *see* Merck Mot. ¶ 7 & Ex. E;

4. The notices of deposition resetting the Manninos' depositions for January 28, 2013, the date Ms. Mannino requested, *see* Merck Mot. ¶ 9 & Ex. F; and

---

[1]  Although Ms. Mannino's letter states that she "severed the relationship with [her] attorney a few months ago," Ex. A, this is an obvious error.  The relationship was severed in 2011.  Merck first had to cancel deposition dates for the Manninos in June 2011 after Ms. Mannino fired her then-counsel, Ronald Benjamin.  Merck Mot. ¶¶ 1–4 & Exs. B, C.  Ms. Mannino never provided any contact information for a new attorney, and no attorney ever entered an appearance on her behalf in the eighteen months before Merck contacted the Manninos in December 2012.  Merck Mot. ¶ 5; *see also* Pretrial Or. No. 58, at 9 (May 15, 2012) (listing Ms. Mannino as *pro se*).

   5. Merck's Motion, Rule, and Incorporated Memorandum to Show Cause Why Case Should not Be Dismissed with Prejudice for Failure To Prosecute, to which the Manninos did not respond, *see* Merck Mot. 8.

In addition, it is the same address where the Clerk sent the Court's Order dismissing the case, Rec. Doc. 64277, at 2, which prompted Ms. Mannino's March 5, 2013 letter.

Similarly, the phone number Ms. Mannino provided is ***identical*** to the phone number at which Merck's counsel:

   1. Reached Ms. Mannino by telephone on January 9, 2013, in response to Ms. Mannino's telephone call, to discuss scheduling the Manninos' depositions at a time more convenient for them, *see* Merck Mot. ¶ 8;

   2. Left a voice mail message on January 25, 2013 for Ms. Mannino reminding her and her husband of their January 28, 2013 depositions, and to which Ms. Mannino did not respond, *see* Merck Mot. ¶ 10; and

   3. Left a voice mail message with Ms. Mannino forty-five minutes after the time Ms. Mannino's deposition was scheduled to begin, inquiring whether Ms. Mannino and her husband intended to attend their depositions, and to which Ms. Mannino never responded, *see* Merck Mot. ¶ 11.

There is clear precedent in the Fifth Circuit for courts, faced with this same situation, to dismiss cases where there is clear evidence of the plaintiffs' disregard of their obligation to be deposed. The significant delay and expense imposed on Merck in this case is attributable solely to the Manninos' intentional conduct—conduct that Merck cautioned the Manninos could cause their case to be dismissed. *See, e.g.*, *Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 823–24 (5th Cir. 2012) (per curiam) (noting that dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate when delay is attributable to intentional conduct of the plaintiff, not the plaintiff's attorney, and affirming dismissal of pro se plaintiff's case for failure to attend hearings); *Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *4 (5th Cir. Mar. 22, 2000) (per curiam) (summary calendar) (affirming dismissal primarily on the basis that pro se plaintiff failed to attend deposition after being warned that failure to attend could result in dismissal). The

Manninos have already chosen to fail to appear for their depositions after being warned that their cases could be subject to dimissal.

Although Merck believes that the order of dismissal should remain in place, if the Court decides to provide the Manninos another opportunity to proceed, Merck respectfully requests that, in lieu of a notice of deposition, the Court order Ms. Mannino to appear for deposition at Hughes, Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482, on Monday, March 25, 2013 at 9:30 a.m. and order her husband to appear for deposition at the same location on the same date at 1:00 p.m.  Ms. Mannino previously told Merck that Monday is the most convenient day for her and her husband to attend, and March 25 is the only remaining Monday before the close of discovery.  Merck further requests that the Court's order make clear to the Manninos that failure to attend their depositions will result in final dismissal of their claims, with prejudice.

Dated:  March 15, 2013                                   Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.

4

Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiffs' Request to Vacate Dismissal has been served on Ann Marie Mannino and Joseph Mannino by Federal Express at the following address:

> 64 Columbus Ave.
> Staten Island, NY 10304

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of March, 2013.

>                 /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Phone: 504-581-3200
> Fax:    504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel