UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO: THIRD PARTY PAYOR COMMON BENEFIT FEES

**ORDER**

**I.  BACKGROUND**

Agreements dated September 14, 2009 between defendant Merck & Co., Inc. ("Merck") and private third party payor ("TPP") claimants provided for payments by Merck of an aggregate settlement of $65 million to identified settling plaintiffs, and $15 million as a Common Benefit Attorneys fee (the "TPP CBF Agreement"). The common benefit attorneys' fees under the TPP CBF Agreement remain to be allocated and disbursed to qualified common benefit attorneys.

The Court has previously detailed the procedure it intends to follow with respect to allocating common benefit attorney's fees in Pretrial Order 57. As part of that order, the Court appointed a Fee Allocation Committee (the "TPP FAC") to receive and analyze applications for common benefit fees. The TPP FAC consists of people who have been intimately involved with the TPP litigation at every stage and who were instrumental in the settlement process. The Court set forth guidelines for assessing the relative contribution of each fee applicant. The TPP FAC solicited applications and supporting documentation from attorneys requesting an allocation.

Using these procedures and guidelines, the TPP FAC was directed to prepare an initial recommendation regarding the allocation of common benefit fees and to circulate that

1

recommendation to applicants and their clients. The TPP FAC completed its initial recommendation on November 8, 2011 and solicited comments from and objections from applicants. The final recommendation was then submitted to the Court on June 13, 2012.

On July 25, 2012, the Court published the recommendation on the Vioxx website and also issued an Order (Rec. Doc. 64011) stating that any objections to that recommendation were due August 10, 2012. The Court's Order stated that the Court would determine further procedures to resolve objections based on the nature and number of objections received, and that in deciding what further procedures would be necessary, the Court would consider the cost of additional procedures and who would be taxed for those costs.

The Court received six objections on behalf of ten firms. At the Court's request, the TPP FAC then reached out to the objectors to determine whether resolution was possible. On December 11, 2012, the TPP FAC submitted a Proposed Decision Distributing Third Party Payor Common Benefit Fund and Final Proposed Allocation. (Rec. Doc. 64193). The TPP FAC indicated to the Court that all but two objections had been resolved. The remaining objectors are: (1) the Law Offices of Eric H. Weinberg and (2) four firms that previously submitted a joint objection with a fifth firm (as the "Central States" objectors), but now withdraw from that joint objection and object on an individual basis. After the filing of the Proposed Decision, as well as the resolution of Weinberg's motion for production (Rec. Doc. 64183), the remaining objectors supplemented their original objections, and the TPP FAC responded to those filings. Briefing on the remaining objections appeared to be complete as of February 8, 2013 for Weinberg and February 14, 2013 for the former Central States objectors.

The Court must now determine whether any additional procedures are necessary to resolve the remaining objections. The main factors weighing against additional procedures are

the potential cost of such procedures and the delays to allocation of the fund that would result. Weighing in favor of additional procedures are the highly factual nature of the remaining objections and governing Fifth Circuit case law, although the Court acknowledges that under the terms of the TPP CBF Agreement, this Court's decision on allocation is not appealable.

After considering all of these factors, the Court has decided that it is necessary to appoint a Special Master to review the two remaining objections. Although the Court appreciates that such review will present an additional cost, the Court believes further review by an independent Special Master is necessary to provide a degree of fairness to the objectors and to follow the guidelines that the Fifth Circuit has set in place regarding the allocation of common benefit fees. The Court will take into consideration the FAC's recommendation, the Special Master's recommendation, and the materials and objections submitted in connection with those recommendations, to arrive at the Court's own independent final allocation of common benefit attorney's fees.

## II.    APPOINTMENT OF SPECIAL MASTER

Accordingly, by this Order, the Court formally appoints Patrick A. Juneau to serve as Special Master under the terms of the TPP CBF Agreement. This appointment is made pursuant to Section 4.1.6 of the TPP CBF agreement, the inherent authority of this Court, and Federal Rule of Civil Procedure 53. Pursuant to Rule 53, Special Master Juneau is directed to proceed with all reasonable diligence.

### A.    Special Master's Duties

Rule 53(a)(1)(B) of the Federal Rules of Civil Procedure states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided by the Court without a jury," and Rule 53(a)(1)(C) states that the Court may

appoint a special master to address "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Accordingly, pursuant to Rule 53, the terms of the TPP CBF Agreement, and by Order of the Court, the Special Master shall review any relevant documents, conduct hearings (including, as necessary, briefs, oral argument, and testimony), and then make recommendations with respect to the allocation of the fee award in this case. The Special Master shall submit a written recommendation of the amount that the remaining objectors should receive.

**B.     Communications with the Parties and the Court**

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." The Special Master in this fee allocation proceeding may communicate ex parte with the Court, without notice to the parties, regarding logistics and the status of his activities. The Special Master may also communicate ex parte with any party or any party's attorney without notice to the parties or the Court.

**C.     Special Master's Record**

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

**D.     Review of Special Master's Orders**

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 21 days after it is

served. The Court shall, as Rule 53(f)(3) requires, review *de novo* all objections to such reports, rulings, recommendations, or findings.

**E.     Compensation**

Rule 53(b)(2)(E) states that the Court shall state "the basis, terms, and procedure for fixing the master's compensation." Special Master Juneau shall be compensated at the rate of $400.00 per hour from the common benefit fund. However, pursuant to Rule 52(g)(1), the Court may change this basis and terms at a later time after giving notice and an opportunity to be heard. To assist in these endeavors, the Special Master may, with the consent of the Court, retain any necessary office space, purchase any office supplies and/or equipment, and employ staff and support personnel.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special Master shall periodically submit itemized statements of fees and expenses to the Court. The Court shall review these statements for regularity and reasonableness, and retain them for record. The Special Master shall attach a summary statement to each of his itemized statements. If the Court determines that an itemized statement is regular and reasonable, the Court shall endorse the summary statement and direct payment from the common benefit fund. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 15th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE