UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| *Cheryl Sample (as administrator for the deceased Michael Wodowski), et al. v. Merck & Co., Inc., et al.,* 2:08-cv-04559-EEF-DEK | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORPORATION'S MOTION FOR APPOINTMENT OF JANIS L. FERGUSON *NUNC PRO TUNC* PURSUANT TO RULE 28(a)(1)(B) AND INCORPORATED MEMORANDUM OF LAW**

Janis L. Ferguson served as the court reporter for the May 2012 depositions of the three plaintiffs in this case, as well as the January 2013 deposition of Michael Wodowski's primary care physician. All four depositions took place in Buffalo, New York, within the vicinity of Ms. Ferguson's home in Erie, Pennsylvania.

The parties recently became aware that Ms. Ferguson is not a Notary Public in New York and is not authorized to administer oaths under New York law. Ms. Ferguson is, however, a highly skilled, federally approved court reporter with over twenty-five years of experience, and there is no basis for any party to question the accuracy of the depositions she transcribed, which were simultaneously videotaped. Furthermore, there is no question that each of the four witnesses believed themselves to be under oath at the time of their depositions.

Rule 28(a)(1) of the Federal Rules of Civil Procedure allows a deposition within the United States to be taken before "(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or ***(B) a person appointed by the court where the***

***action is pending to administer oaths and take testimony***." (emphasis added).  Considering all of the circumstances here, Merck respectfully moves pursuant to Rule 28(a)(1)(B) that Ms. Ferguson be deemed *nunc pro tunc* appointed to administer oaths and take testimony for purposes of the four depositions that already have been conducted in this case.  Defendant Moden-Giroux, Inc. d/b/a Transit Hill Pharmacy ("Transit Hill") has consented to the relief requested by this motion.  Plaintiffs have not consented to the relief requested by this motion.[1]

In support of this motion, Merck further states as follows:

1. On May 15, 2012, the deposition of plaintiff Cheryl Sample was taken at the law offices of her counsel in Buffalo, New York.  The depositions of plaintiffs Mary Zak and William Wodowski followed in the same location on May 16 and May 17, respectively.  The court reporter assigned by Golkow Technologies, Inc. ("Golkow") to report these three depositions ("the May 15-17 depositions") was Janis L. Ferguson.  Ms. Ferguson administered oaths to each deponent and reported their depositions.  All three depositions were videotaped.  Ex. A (Affidavit of Linda L. Golkow), ¶¶ 2-3; Ex. B (Deposition Excerpts) at 1-6.

2. On May 30, 2012, Golkow e-mailed transcripts of the May 15-17 depositions to Plaintiffs' counsel and to counsel for Defendants Merck and Transit Hill.  Ex. A ¶ 6.  The cover page of each transcript identified Ms. Ferguson as a Notary Public in and for the Commonwealth of Pennsylvania.  Ex. B at 1, 3, 5.  No party raised any objection to Ms. Ferguson's service as the court reporter at that time or at any time in the subsequent eight months.

3. Ms. Ferguson also served as the court reporter for the January 17, 2013 deposition of Michael Wodowski's primary care physician ("the January 17 deposition").  Ex. B at 7-8.  No

---

[1] Of course, even without an order from the Court, the statements made by the four witnesses during their depositions can be used for impeachment and, in the case of the three plaintiffs, also are admissible as party admissions under Federal Rule of Evidence 801(d)(2).

2

objection to Ms. Ferguson's service as court reporter was raised at that time.  Subsequent to the deposition, after receipt of the deposition transcript, counsel for that physician-deponent advised the parties that Ms. Ferguson was from Pennsylvania, not New York, and thus was not authorized to administer oaths under New York law.  Golkow has since confirmed that Ms. Ferguson is a Notary Public in Pennsylvania but is not authorized by New York law to administer oaths.  Ex. A ¶ 11.

4. Pursuant to Rule 28(a)(1) of the Federal Rules of Civil Procedure, a deposition in the United States may be taken before "(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony."

5. Ms. Ferguson has been a certified court reporter for over twenty-five years.  She received her Registered Professional Reporter certification from the National Court Reporters Association in 1985 after passing an exam consisting of a written knowledge test and a skills test.  Ex. A ¶¶ 4, 13 & Att. 1.  She also is a federally approved court reporter, has been the per diem court reporter for the Erie Division of the U.S. District Court for the Western District of Pennsylvania since the early 1980s, and comes highly recommended by that court's Contracts Specialist.  *Id.* ¶ 14 & Att. 2.  Ms. Ferguson has been reporting depositions for Golkow since 2010 and has received satisfactory grades on the rigorous proofreading reviews Golkow has conducted of her transcripts—including the one conducted of her May 15, 2012 deposition of Cheryl Sample, in which the proofreader's notes identified no substantive errors.  *Id.* ¶¶ 3-4, 7.

6. All four depositions Ms. Ferguson reported in this case were videotaped by Golkow-assigned videographer Emmett Connolly.  Ex. A ¶¶ 5, 9; Ex. B at 2, 4, 6, 8.  The videotapes provide independent and irrefutable proof of the statements made by each deponent.

7.  Linda L. Golkow, Golkow's founder and CEO, has personally spoken with Ms. Ferguson about the depositions she reported in this case.  When she reported the four depositions, Ms. Ferguson—whose home is in Erie, Pennsylvania, within the vicinity of the New York State border—lacked an appreciation for the geographical limits of her authority to administer oaths.  Ms. Golkow has since advised Ms. Ferguson of those limitations (and of the requirement that she not exceed them) and has taken steps to ensure that Ms. Ferguson will not be assigned to report any additional depositions in New York.  Ex. A. ¶¶ 1, 12.

8.  On March 5, 2013, Merck sent a letter to counsel for all parties seeking consent for the filing of this motion.  Counsel for Transit Hill promptly provided such consent.  Plaintiffs' counsel, however, did not provide consent.  Rather, after remaining silent for over nine months after receiving the transcripts of her clients' May 15-17 depositions—transcripts which on their face indicated that Ms. Ferguson was notary public in and for the Commonwealth of Pennsylvania, not New York, *see* Ex. B at 1, 3, 5, 7—Plaintiffs' counsel now takes the position that all depositions in the case were not sworn statements and objects to their use in any manner.  Ex. C (March 5 letter & March 13 response).  Plaintiffs' counsel has not identified any rationale for her objection or any prejudice to her clients—who surely believed they were testifying under oath during their depositions—from entry of the requested order, and Merck can imagine none.

## CONCLUSION

For the reasons stated above, the Court should grant Defendant's Motion for Appointment of Janis L. Ferguson *Nunc Pro Tunc* Pursuant To Rule 28(a)(1)(B).

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

    Douglas R. Marvin
    Eva Petko Esber
    Amy R. Davis
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

Attorneys for Merck Sharp & Dohme Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Appointment of Janis L. Ferguson *Nunc Pro Tunc* Pursuant To Rule 28(a)(1)(B) and Incorporated Memorandum of Law has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 20th day of March, 2013.  I hereby certify that the above and foregoing Motion for Appointment of Janis L. Ferguson *Nunc Pro Tunc* Pursuant To Rule 28(a)(1)(B) and Incorporated Memorandum of Law also has been served on Joy Ellen Miserendino, counsel for Plaintiffs, by U.S. Mail at 295 Main Street, Room 964, Buffalo, NY 14203 and by email at jemiserendino@mac.com, on Bruce Gilpatrick, counsel for Moden-Giroux, Inc. d/b/a Transit Hill Pharmacy, by U.S. Mail at 81 Main Street, White Plains, NY 10601 and by email at bgilpatrick@hpmb.com, and on Marylou K. Roshia, counsel for Dr. Pramod Luthra, by U.S. Mail at Damon Morey LLP, The Avant Building – Suite 1200, 200 Delaware Avenue, Buffalo, NY 14202 and by e-mail at mroshia@damonmorey.com on this 20th day of March, 2013.

                                                */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel