## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | *   MDL Case No. 1657 |
| | * |
| PRODUCTS LIABILITY | *   SECTION L |
| LITIGATION | * |
| | *   JUDGE FALLON |
| *This document relates to* | * |
| | *   MAGISTRATE JUDGE |
| *Donna Gebhart v. Merck Sharp & Dohme Corp. et al.,* | *   KNOWLES |
| Civ. A. No. 2:08-cv-00326-EEF-DEK | * |
| | * |

### ANSWER OF DEFENDANT MERCK SHARP & DOHME CORP.

COMES NOW Defendant Merck Sharp & Dohme Corp. ("Merck"), by and through its

undersigned counsel, and presents the following Answer and Defenses to Plaintiff Donna

Gebhart's Complaint as follows:

### RESPONSE TO "JURISDICTION AND VENUE"

1.      The allegations set forth in paragraph 1 of the Complaint are legal conclusions as

to which no response is required.  Should a response be deemed required, Merck admits that

Plaintiff purports to place an amount in controversy satisfying the jurisdictional limits of this

court and file this Complaint in this Court under Pretrial Order No. 11, but denies that there is

any legal or factual basis for any of the relief sought.

2.      Merck admits that the New Jersey corporation known as Merck & Co., Inc. at the

time the Complaint was filed has been known as Merck Sharp & Dohme Corp. since November

4, 2009, and that under Pretrial Order No. 55 Merck Sharp & Dohme Corp. is the Defendant in

this action.  Merck further admits that it has a principal place of business at One Merck Drive,

P.O. Box 100, Whitehouse Station, New Jersey.  Merck further admits that Merck is a leading

research-driven pharmaceutical products and services company that researches, discovers,

develops, manufactures and markets a broad range of innovative pharmaceutical products to

improve human health.  Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every remaining allegation of paragraph 2 of the Complaint.

3.     Merck denies each and every allegation set forth in paragraph 3 of the Complaint, except admits that Merck Frosst Canada Ltd., a company organized under law in Canada, with its principal place of business located at 16711 Trans Canada Highway, Kirkland, Quebec, H9H3L1, marketed, distributed and sold the prescription medicine Vioxx in Canada.

### RESPONSE TO "PARTIES"

4.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5.     Merck denies each and every allegation directed at Merck set forth in paragraph 5 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.  Merck admits that the unknown citizenship of Doe Defendants does not defeat diversity jurisdiction.

6.     The allegations set forth in paragraph 6 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that Plaintiff has defined the terms "Merck" and "Defendants" for purposes of the Complaint.

### RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

### RESPONSE TO "A BRIEF SYNOPSIS OF VIOXX: USES AND VALUE TO DEFENDANTS"

7.     The allegations set forth in paragraph 7 of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck

2

denies each and every allegation set forth in paragraph 7 of the Complaint, except admits the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen and naproxen, is used to treat pain and inflammation, and that the cyclooxygenase-2 (COX-2) inhibitor subclass of NSAIDs was introduced to the market in 1998. Merck further admits, on information and belief, that approximately 100,000 patients are hospitalized, and 16,500 die every year in the United States as a result of NSAID-associated gastrointestinal (GI) events.

8.      The allegations set forth in paragraph 8 of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 8 of the Complaint, except admits that the inhibition of cyclooxygenase 1 (COX-1) in patients taking traditional non-selection NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

9.      Merck denies each and every allegation set forth in paragraph 9 of the Complaint except admits that Vioxx is the brand name for rofecoxib, that Vioxx is part of a class of medications known as NSAIDs and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2, and that the inhibition of COX-1 in patients taking traditional non-selective NSAIDs, such as naproxen, is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

10.      Merck denies each and every allegation set forth in paragraph 10 of the Complaint except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the approved product label as required by FDA rules and regulations.

11.     Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck further admits that the article referenced in the third sentence of paragraph 12 of the Complaint exists and respectfully refers the Court to the referenced article for its actual language and full text.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits the referenced report exists and respectfully refers the Court to that report for its actual language and full text.

14.     Merck denies each and every allegation set forth in paragraph 14 of the Complaint, except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Complaint including subparagraphs a through e of said paragraph, except admits that Vioxx sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were $1.3 billion.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint.

**RESPONSE TO "DEFENDANTS' INITIAL
FRAUDULENT MARKETING SCHEME"**

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint, except admits that on November 23, 1998, Merck submitted New Drug Applications

1121897v1

("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets to the U.S. Food and Drug Administration ("FDA") and respectfully refers the Court to the NDAs for their actual language and full text.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that on November 23, 1998, Merck submitted a NDA for Vioxx Oral Suspension to the FDA and respectfully refers the Court to said NDA for its actual language and full text.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint, except admits that, in May 1999, Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its indicated uses and full text.

20.     Merck denies each and every allegation set forth in paragraph 20 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.  Merck further admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist and that Vioxx is the brand name for rofecoxib.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

5

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint, except admits that the referenced article, memorandum and study exist and respectfully refers the Court to the referenced documents for their actual language and full text.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that Plaintiff purports to quote certain emails, but Merck avers that said quoted language is taken out of context.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint, except admits that the referenced broadcast exists and that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full context.

6

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint, except admits that Plaintiff purports to quote several statements, but avers that said statements are taken out of context.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint.

32.     The allegations set forth in paragraph 32 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph except admits that Plaintiff purports to quote from various FDA regulations and respectfully refers the Court to said regulations for their actual language and full text.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

7

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint, except admits that Merck received a letter from Spencer Salis of the FDA's Division of Drug Marketing and Communications ("DDMAC") dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiff purports to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiff purports to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiff purports to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

43.     Merck denies each and every allegation set forth in the first sentence of paragraph 43 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Merck denies each and every allegation set forth in the second sentence of paragraph 43 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that the article referenced in sentence two of paragraph 44 exists and respectfully refers the Court to said article for its actual language and full text.  Merck further avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

45.     Merck denies each and every allegation set forth in the first sentence of paragraph 45 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of paragraph 45 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text. Merck denies the allegations set forth in the third sentence of paragraph 45 of the Complaint, except admits the referenced email exists and respectfully refers the Court to the referenced email for its actual language and full text.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint including subparagraphs a through c, except admits that Vioxx is a selective NSAID and that the

9

inhibition of COX-1 in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint, except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context.

48.     Merck denies each and every allegation set forth in paragraph 48 of the Complaint, except admits that Plaintiff purports to quote certain statements from a videotaped deposition, and respectfully refers the Court to the referenced deposition for its actual language and full context.

49.     Merck denies each and every allegation set forth in paragraph 49 of the Complaint, except admits that the referenced broadcast exists and that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full text.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint, except Merck admits the referenced press release exists and that Plaintiff purports to quote from that press release and respectfully refers the Court to the referenced press release for its actual language and full text.

51.     Merck denies each and every allegation set forth in the first sentence of paragraph 51 of the Complaint. Merck denies each and every allegation set forth in the second and third sentences of paragraph 51 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

10

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint, and avers that the document referenced in the fourth sentence of said paragraph is subject to the attorney/client privilege.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint, except admits that the training materials referenced exist and respectfully refers the Court to said training materials for their actual language and full text.

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint, except admits that Merck employs professional representatives and that the referenced complaint exists but denies the referenced allegations set forth therein.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint, except admits that the referenced complaint exists but denies the referenced allegations set forth therein.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint, except admits the referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint, except admits the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

59.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

61.     Merck denies each and every allegation set forth in the first sentence of paragraph 61 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck denies each and every allegation set forth in the second sentence of paragraph 61 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

1121897v1

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

67.     Merck denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint, except admits that Merck employs professional representatives and that the referenced document exists but states that the quotes are taken out of context and respectfully refers the Court to said document for its actual language and full text.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said document for its actual language and full text.

70.     Merck denies each and every allegation set forth in paragraph 70 of the Complaint, except admits that Merck employs professional representatives and that the referenced incentive plan exists and respectfully refers the Court to the referenced document for its actual language and full text.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

72.     Merck denies each and every allegation set forth in paragraph 72 of the Complaint, except admits that Plaintiff purports to quote from the referenced email, but states that said quotation is taken out of context.

13

### RESPONSE TO "DEFENDANTS' MISREPRESENTATIONS EVOLVE TO DEFEAT AND DISCREDIT ADVERSE PROFESSIONAL STUDY RESULTS"

73. Merck denies each and every allegation set forth in paragraph 73 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 73 and the article referenced in the second sentence of paragraph 73 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is has been a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR.

74. Merck denies each and every allegation set forth in paragraph 74 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text. Merck further admits Dr. Claire Bombardier was an author on the referenced publication and co-chair of the steering committee for the VIGOR trial.

75. Merck denies each and every allegation set forth in paragraph 75 of the Complaint, and respectfully refers the Court to the referenced article for its actual language and full text.

76. Merck denies each and every allegation set forth in paragraph 76 of the Complaint, except admits that worldwide sales of Vioxx exceeded $2 billion in the year 2000.

77. Merck denies each and every allegation set forth in paragraph 77 of the Complaint, except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

78. Merck denies each and every allegation set forth in paragraph 78 of the Complaint, and respectfully refers the Court to the referenced FDA report for its actual language and full text.

14

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint, except admits that the referenced marketing campaign existed.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to said documents for their actual language and full text.

82.     Merck denies each and every allegation set forth in paragraph 82 of the Complaint, except admits the referenced bulletin exists, and respectfully refers the Court to said bulletin for its actual language and full text.

83.     Merck denies each and every allegation set forth in paragraph 83 of the Complaint, except admits the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

84.     Merck denies each and every allegation set forth in paragraph 84 of the Complaint, except admits the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W.

15

Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

87.     Merck denies each and every allegation set forth in paragraph 87 of the Complaint, except admits the referenced journal and article contained therein exist and respectfully refers the Court to said article for its actual language and full text.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint, except admits the referenced journals and articles contained therein exist and respectfully refers the Court to said articles for their actual language and full text.

89.     Merck denies each and every allegation set forth in paragraph 89 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

90.     Merck denies each and every allegation set forth in paragraph 90 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

91.     Merck denies each and every allegation set forth in paragraph 91 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

92.     Merck denies each and every allegation set forth in paragraph 92 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

93.     Merck denies each and every allegation set forth in paragraph 93 of the Complaint, except admits that Merck sent a letter regarding Vioxx to physicians in August 2001 and respectfully refers the Court to that letter for its actual language and full text.

94.     Merck denies each and every allegation set forth in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation set forth in paragraph 95 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

96.     Merck denies each and every allegation set forth in paragraph 96 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

97.     Merck denies each and every allegation set forth in paragraph 97 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

98.     Merck denies each and every allegation set forth in paragraph 98 of the Complaint, except admits that Merck employs professional representatives, and that the referenced marketing campaign exists, and respectfully refers the Court to the relevant marketing materials for their actual language and full text.

99.     Merck denies each and every allegation set forth in paragraph 99 of the Complaint, except admits that Plaintiff purports to quote the referenced document but states that said quotations are taken out of context.

100.    Merck denies each and every allegation set forth in paragraph 100 of the Complaint, except admits that Merck trains its professional representatives.

101.    Merck denies each and every allegation set forth in paragraph 101 of the Complaint, except admits that Merck trains its professional representatives.

102.    Merck denies each and every allegation set forth in paragraph 102 of the Complaint, except admits the existence of the referenced journal and article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

103.    Merck denies each and every allegation set forth in paragraph 103 of the Complaint, except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of DDMAC, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

104.    Merck denies each and every allegation set forth in paragraph 104 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

105.    Merck denies each and every allegation set forth in paragraph 105 of the Complaint, except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

106.    Merck denies each and every allegation set forth in paragraph 106 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet and respectfully refers the Court to the referenced prescribing information, letter and Patient Information sheet for their actual language and full text.

107.    Merck denies each and every allegation set forth in paragraph 107 of the Complaint and states that, in April 2002, the FDA approved certain changes to the Vioxx

18

prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

108.    Merck denies each and every allegation set forth in paragraph 108 of the Complaint, except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

109.    Merck denies each and every allegation set forth in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation set forth in paragraph 110 of the Complaint and states that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

111.    Merck denies each and every allegation set forth in paragraph 111 of the Complaint, except admits that Merck employs professional representatives.

112.    Merck denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that Merck employs and trains professional representatives.

113.    Merck denies each and every allegation set forth in paragraph 113 of the Complaint, except admits that Merck trains its professional representatives.

114.    Merck denies each and every allegation set forth in paragraph 114 of the Complaint, except admits that Merck trains its professional representatives.

115.    Merck denies each and every allegation set forth in paragraph 115 of the Complaint.

116.    Merck denies each and every allegation set forth in paragraph 116 of the Complaint, except admits that Merck employs professional representatives.

117.    Merck denies each and every allegation set forth in paragraph 117 of the Complaint, except admits that Merck trains its professional representatives.

118.    Merck denies each and every allegation set forth in paragraph 118 of the Complaint.

119.    Merck denies each and every allegation set forth in paragraph 119 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by MERCK SHARP & DOHME DE ESPAÑA, S.A. (MSD).

120.    Merck denies each and every allegation set forth in paragraph 120 of the Complaint, except admits that the referenced campaign existed.

121.    Merck denies each and every allegation set forth in paragraph 121 of the Complaint and to the extent Plaintiff purports to refer to Merck documents, Merck respectfully refers the Court to those documents for their actual language and full text.

122.    Merck denies each and every allegation set forth in paragraph 122 of the Complaint, except admits that the referenced article, from which Plaintiff purports to quote, exists, and respectfully refers the Court to the referenced article for its actual language and full text.

123.    Merck denies each and every allegation set forth in paragraph 123 of the Complaint.

124.    Merck denies each and every allegation set forth in paragraph 124 of the Complaint, except admits that the referenced article, from which Plaintiff purports to quote, exists and respectfully refers the Court to said article for its actual language and full text.

20

125.    Merck denies each and every allegation set forth in paragraph 125 of the Complaint, except admits that Plaintiff purports to quote portions of certain statements and respectfully refers the Court to said statements for their actual language and full text.

126.    Merck denies each and every allegation set forth in paragraph 126 of the Complaint, except admits that Merck launched the "Teacher DTC" campaign in March 2004, which included information reflecting cardiovascular data contained in the FDA-approved product label for Vioxx, and respectfully refers the Court to the referenced advertisements for their actual language and full text.

127.    Merck denies each and every allegation set forth in paragraph 127 of the Complaint.

128.    Merck denies each and every allegation set forth in paragraph 128 of the Complaint.

129.    Merck denies each and every allegation set forth in paragraph 129 of the Complaint.

130.    Merck denies each and every allegation set forth in paragraph 130 of the Complaint, except admits that the referenced presentation and study exists and respectfully refers the Court to said presentation and study for their actual language and full text.

131.    Merck denies each and every allegation set forth in paragraph 131 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

132.    Merck denies each and every allegation set forth in paragraph 132 of the Complaint, excepts admits that on August 26, 2004, Merck issued a press release regarding the conclusion of a study presented at the 20th International Conference of Pharmacoepidemiology

21

and Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

133.    Merck denies each and every allegation set forth in paragraph 133 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

134.    Merck denies each and every allegation set forth in paragraph 134 of the Complaint, except states that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

135.    Merck denies each and every allegation set forth in paragraph 135 of the Complaint, except admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

136.    Merck denies each and every allegation set forth in paragraph 136 of the Complaint, except admits that on September 30, 2004, Merck issued a "Dear Healthcare Provider" letter and respectfully refers this Court to the referenced letter for its actual language and full text.

137.    Merck denies each and every allegation set forth in paragraph 137 of the Complaint, except admits the referenced broadcast exists and that Plaintiff purports to quote from same, and respectfully refers the Court to the transcript of said broadcast for its actual language and full text.

138.    The allegations set forth in paragraph 138 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation in Paragraph 138, except admits that Plaintiff purports to quote from certain of Merck's SEC filings and respectfully refers the Court to those filings for their actual language and full text.

139.    Merck denies each and every allegation set forth in paragraph 139 of the Complaint, except admits that Plaintiff purports to quote from certain of Merck's SEC filings and respectfully refers the Court to those filings for their actual language and full text.

140.    Merck denies each and every allegation set forth in paragraph 140 of the Complaint, except admits that Plaintiff refers to a Merck SEC filing and respectfully refers the Court to that filing for its actual language and full text.

141.    Merck denies each and every allegation set forth in paragraph 140 of the Complaint, except admits that Plaintiff refers to a Merck SEC filing and respectfully refers the Court to that filing for its actual language and full text.

142.    Merck denies each and every allegation set forth in paragraph 142 of the Complaint, except admits that William N. Kelley, M.D., is a Professor of Medicine, Biochemistry and Biophysics at the University of Pennsylvania School of Medicine; Samuel O. Thier, M.D., has served as a Professor of Medicine and Professor of Health Care Policy at Harvard Medical School; Thomas E. Shenk, Ph.D. and served in that position when the Complaint was filed, is the Elkins Professor at Princeton University; and Edward M. Scolnick was President of Merck Research Laboratories and Executive Vice President of Science & Technology and that Merck received a letter from Thomas W. Abrams of DDMAC in September

23

2001 addressed to Raymond V. Gilmartin, and respectfully refers the Court to the referenced letter for its actual language and full text.

143.    Merck denies each and every allegation set forth in paragraph 143 of the Complaint, except admits that Vioxx was prescribed to millions of patients and that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

144.    Merck denies each and every allegation set forth in paragraph 144 of the Complaint, except admits that the referenced memorandum exists and respectfully refers the Court to said memorandum for its actual language and full text.

145.    Merck denies each and every allegation set forth in paragraph 145 of the Complaint, except admits that the referenced memorandum exists and respectfully refers the Court to said memorandum for its actual language and full text.

146.    Merck denies each and every allegation set forth in paragraph 146 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

147.    Merck denies each and every allegation set forth in paragraph 147 of the Complaint.

148.    Merck denies each and every allegation set forth in paragraph 148 of the Complaint.

149.    Merck denies each and every allegation set forth in paragraph 149 of the Complaint.

150.    Merck denies each and every allegation set forth in paragraph 150 of the Complaint.

24

151.    Merck denies each and every allegation set forth in paragraph 151 of the Complaint.

**RESPONSE TO "CAUSES OF ACTION**
**FIRST CAUSE OF ACTION"**

152.    With respect to the allegations set forth in paragraph 152 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 151 of this Answer with the same force and effect as though set forth here in full.

153.    The allegations set forth in paragraph 153 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

154.    The allegations set forth in paragraph 154 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

155.    The allegations set forth in paragraph 155 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

156.    Merck denies each and every allegation set forth in paragraph 156 of the Complaint.

25

157.     Merck denies each and every allegation set forth in paragraph 157 of the Complaint.

158.     Merck denies each and every allegation set forth in paragraph 158 of the Complaint.

159.     Merck denies each and every allegation set forth in paragraph 159 of the Complaint.

160.     Merck denies each and every allegation set forth in paragraph 160 of the Complaint, including subparagraphs a through e.

161.     Merck denies each and every allegation set forth in paragraph 161 of the Complaint.

162.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 of the Complaint.

163.     Merck denies each and every allegation set forth in paragraph 163 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

164.     Merck denies each and every allegation set forth in paragraph 164 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "SECOND CAUSE OF ACTION"

165.     With respect to the allegations set forth in paragraph 165 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 164 of this Answer with the same force and effect as though set forth here in full.

26

166.     Merck denies each and every allegation set forth in paragraph 166 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

167.     Merck denies each and every allegation set forth in paragraph 167 of the Complaint.

168.     Merck denies each and every allegation set forth in paragraph 168 of the Complaint.

169.     Merck denies each and every allegation set forth in paragraph 169 of the Complaint.

170.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 170 of the Complaint.

171.     Merck denies each and every allegation set forth in paragraph 171 of the Complaint.

172.     Merck denies each and every allegation set forth in paragraph 172 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "THIRD CAUSE OF ACTION"

173.     With respect to the allegations set forth in paragraph 173 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 172 of this Answer with the same force and effect as though set forth here in full.

174.     The allegations set forth in paragraph 174 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each

27

and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

175.     Merck denies each and every allegation set forth in paragraph 175 of the Complaint.

176.     Merck denies each and every allegation set forth in paragraph 176 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the condition in which Vioxx reached Vernon L. Webster.

177.     Merck denies each and every allegation set forth in paragraph 177 of the Complaint.

178.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 178 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx.

179.     Merck denies each and every allegation set forth in paragraph 179 of the Complaint.

180.     Merck denies each and every allegation set forth in paragraph 180 of the Complaint.

181.     Merck denies each and every allegation set forth in paragraph 181 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

182.     With respect to the allegations set forth in paragraph 182 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 181 of this Answer with the same force and effect as though set forth here in full.

1121897v1

183.    Merck denies each and every allegation set forth in paragraph 183 of the Complaint, except admits that Merck manufactured, marketed and distributed Vioxx.

184.    Merck denies each and every allegation set forth in paragraph 184 of the Complaint.

185.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 185 of the Complaint.

186.    Merck denies each and every allegation set forth in paragraph 186 of the Complaint.

187.    Merck denies each and every allegation set forth in paragraph 187 of the Complaint.

188.    Merck denies each and every allegation set forth in paragraph 188 of the Complaint.

189.    Merck denies each and every allegation set forth in paragraph 189 of the Complaint.

190.    Merck denies each and every allegation set forth in paragraph 190 of the Complaint.

191.    Merck denies each and every allegation set forth in paragraph 191 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "FIFTH CAUSE OF ACTION"

192.    With respect to the allegations set forth in paragraph 192 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 191 of this Answer with the same force and effect as though set forth here in full.

1121897v1

193.     Merck denies each and every allegation set forth in paragraph 193 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

194.     Merck denies each and every allegation set forth in paragraph 194 of the Complaint, except admits that Merck scientists participated in studies involving Vioxx.

195.     Merck denies each and every allegation set forth in paragraph 195 of the Complaint.

196.     Merck denies each and every allegation set forth in paragraph 196 of the Complaint.

197.     Merck denies each and every allegation set forth in paragraph 197 of the Complaint.

198.     Merck denies each and every allegation set forth in paragraph 198 of the Complaint.

199.     Merck denies each and every allegation set forth in paragraph 199 of the Complaint.

200.     Merck denies each and every allegation set forth in paragraph 200 of the Complaint.

201.     Merck denies each and every allegation set forth in paragraph 201 of the Complaint.

1121897v1

202.     Merck denies each and every allegation set forth in paragraph 202 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "SIXTH CAUSE OF ACTION"

203.     With respect to the allegations set forth in paragraph 203 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 202 of this Answer with the same force and effect as though set forth here in full.

204.     Merck denies each and every allegation set forth in paragraph 204 of the Complaint.

205.     Merck denies each and every allegation set forth in paragraph 205 of the Complaint.

206.     Merck denies each and every allegation set forth in paragraph 206 of the Complaint.

207.     Merck denies each and every allegation set forth in paragraph 207 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and complete text.

208.     Merck denies each and every allegation set forth in paragraph 208 of the Complaint.

209.     Merck denies each and every allegation set forth in paragraph 209 of the Complaint.

210.     Merck denies each and every allegation set forth in paragraph 210 of the Complaint.

31

211.    Merck denies each and every allegation set forth in paragraph 211 of the Complaint.

212.    Merck denies each and every allegation set forth in paragraph 212 of the Complaint.

213.    Merck denies each and every allegation set forth in paragraph 213 of the Complaint.

214.    Merck denies each and every allegation set forth in paragraph 214 of the Complaint.

215.    Merck denies each and every allegation set forth in paragraph 215 of the Complaint.

216.    Merck denies each and every allegation set forth in paragraph 216 of the Complaint.

217.    Merck denies each and every allegation set forth in paragraph 217 of the Complaint, including subparagraphs a through c.

218.    Merck denies each and every allegation set forth in paragraph 218 of the Complaint.

219.    Merck denies each and every allegation set forth in paragraph 219 of the Complaint.

220.    The allegations set forth in paragraph 220 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and respectfully refers the Court to the referenced statutes for their actual language and full text.

32

221.     Merck denies each and every allegation set forth in paragraph 221 of the Complaint.

222.     Merck denies each and every allegation set forth in paragraph 222 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"

223.     With respect to the allegations set forth in paragraph 223 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 222 of this Answer with the same force and effect as though set forth here in full.

224.     Merck denies each and every allegation set forth in paragraph 224 of the Complaint, except admits that Plaintiff purports to seek restitution and other forms of relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"

225.     With respect to the allegations set forth in paragraph 225 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 224 of this Answer with the same force and effect as though set forth here in full.

226.     The allegations set forth in paragraph 226 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

227.     Merck denies each and every allegation set forth in paragraph 227 of the Complaint.

33

## RESPONSE TO "PRAYER FOR RELIEF"

228.    Plaintiff's "Prayer for Relief" section of the Complaint is not an allegation of fact and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation set forth in the "Prayer for Relief" section, including subparagraphs a through i, of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested.

## RESPONSE TO "JURY TRIAL DEMAND"

229.    Plaintiff's "Jury Trial Demand" section of the Complaint is not an allegation of fact and therefore no response is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

230.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

231.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

232.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because Vernon L. Webster has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

233.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

1121897v1

**AS FOR A FIFTH
<u>DEFENSE, MERCK ALLEGES:</u>**

234.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH
<u>DEFENSE, MERCK ALLEGES:</u>**

235.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH
<u>DEFENSE, MERCK ALLEGES:</u>**

236.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH
<u>DEFENSE, MERCK ALLEGES:</u>**

237.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Vernon L. Webster directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH
<u>DEFENSE, MERCK ALLEGES:</u>**

238.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Vernon L. Webster.

1121897v1

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

239.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

240.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Vernon L. Webster knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

241.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

242.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Vernon L. Webster's misuse or abuse of Vioxx.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

243.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Vernon L. Webster's preexisting and/or unrelated medical,

36

genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

244.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

245.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

246.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

247.    Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

248.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

249.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

250.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

251.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

252.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

253.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

254.    The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

255.    To the extent there were any risks associated with the use of the product which is

the subject matter of this action that Merck knew or should have known and which gave rise to a

duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

256.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to

spoliation of evidence.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

257.    The claims of Plaintiff may be barred, in whole or in part, by the governing state

laws.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

258.    Any conduct allegedly causing liability on the part of Merck is not a substantial

cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

259.    Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

260.    Merck reserves its right to dismiss the Complaint and seek further relief for

Plaintiff's failure to provide it with due process of law.

39

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

261.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

262.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Vernon L. Webster allegedly consumed within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

263.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

264.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

265.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

1121897v1

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

266.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

267.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

268.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

269.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

270.    Plaintiff's claims under New York General Business Law Section 349 are barred by reason of Plaintiff's failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to plead causation with sufficient specificity.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

271.    To the extent Plaintiff's claims under New York General Business Law Section

349 are based on conduct that took place outside the state of New York, the claims are barred.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

272.    Plaintiff's claims under New York General Business Law Section 350 are barred

by reason of Plaintiff's failure to allege sufficient facts identifying any statement or

misrepresentation alleged to constitute false advertising and their failure to plead causation or

reliance with sufficient specificity.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

273.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with

sufficient particularity to enable Merck to determine all of its legal, contractual and equitable

rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert

any and all pertinent liability defenses ascertained through further investigation and discovery in

this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any

other defendant in this action. Merck will rely on all defenses that may become available during

discovery or trial.

42

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated:  March 28, 2013                          Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck Sharp & Dohme Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of March, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel