UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| State of Utah | JUDGE ELDON E. FALLON |
| v. | MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. |  |
| Civil Action No. 2:06-cv-09336 |  |

**PLAINTIFF'S FOURTH REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to FED. R. CIV. P. 33, 34 and 36 and Pretrial Order Number 39B, please respond to the following Requests for Admission, Interrogatories and Request for Production of Documents.

**DEFINITIONS**

1.  "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process.

2.  "Food and Drug Administration") ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3.  "Including" means "including but not limited to" and "including without limitation."

1

4.   "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

5.   "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

6.   "Vioxx" means the dug rofecoxib sold by Merck under the registered trademark VIOXX®.

7.   "You" or "Your" means all defendants listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Defendant.

## INSTRUCTIONS

A.      The answers to these requests shall include such information as is available to Defendant and found within documents that are within the custody, possession or control of Plaintiffs, or are within the custody, possession or control of any consultants, accountants, attorneys or other agents of Defendant or which are otherwise available to Defendant.   In responding to these discovery requests, Defendant is specifically instructed to review his personal files, notes, records, correspondence, daily calendars and telephone logs or records for all persons who have knowledge of the information inquired about in each request.

B.      If the answer to any discovery requests is not made from the personal knowledge of Defendant who will be verifying the answers to these interrogatories, identify each person from whom information or documents were obtained to make the particular answer and identify

2

each person having personal knowledge of such information.  If the answers or portions of the answers to these discovery requests are supplied upon information and belief rather than upon actual knowledge, Defendant should so state and specifically describe or identify the source or sources of such information and belief.

C.      The answers to these discovery requests should include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

D       Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

E.      Where the terms "you", "defendant", or "plaintiff" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if the answers are different.

F.      Where the terms "incident" or "the incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

G.      If Defendant claims that any conversation, meeting or oral discussion inquired about in these discovery requests is privileged, Defendant should nevertheless identify such conversation, meeting or oral discussion in the manner required herein and set out specifically a detailed description of the factual circumstances supporting their claim of privilege.

H.      A "health care provider" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, psychiatrist, psychologist, mental health therapist, nurse practitioner, nurses assistant, acupuncturist, neuro pathologist, massage therapist, podiatrist, doctor or chiropractic, naturopathic physician, or other person who performs any kind of healing art.

I.      All documents are to be produced which are in the possession of the individual or corporate party, their attorneys, investigators, agents, employees, or other representatives of the named party and his attorney.  The terms "incident" or "the incident" are meant to include the incident which is the basis of this lawsuit, unless otherwise specified.

J.      The term "document" is meant to include, but is not limited to, all writings, notes, memoranda, correspondence, charts, graphs, records, tapes, pictures, recorded, photographed, sketched, drawn or otherwise produced, maintained or stored information.

K.      These discovery requests are continuing in nature and should be amended and supplemented in accordance with the Utah Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Who was the Merck Medical Director for the region of the United States in which Utah was a part from 1999-2004?  Was this position substantially the equivalent of the position held by Dr. Jaffe?

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all Vioxx files relating to Utah created by the Merck Medical Director for the region of the United States for which Utah was a part.  If previously produced, please specify by Bates numbers.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce every version of the "Medical Affairs Procedure and Policies" ("MAPP") regarding Data Safety Monitoring Boards from 1997-2004.  If previously produced, please specify Bates numbers.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce the entire MAPP in effect between 1996 and September 30, 2004.  If previously produced, please specify by Bates numbers.

**REQUEST FOR PRODUCTION NO. 4:**   All drafts of Merck publications (scientific papers in which Merck employees were authors) regarding the Alzheimer's Studies, Protocols 091 and 078.  Those drafts would include The VIGOR study; The Advantage Study; the APPROVe Study; The Victor Study; The VIP Study and protocol 203 study.  The drafts should include all edits or comments by Merck employees in the Marketing Divisions e.g. WHHM. This request is ongoing and requires the production of such papers up to the present.

**REQUEST FOR PRODUCTION NO. 4:**   All documents furnished to the Department of Justice by Merck in connection with plea negotiations resulting in a misdemeanor conviction and fine with respect to over promotion of the pharmaceutical VIOXX.

### REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**     Please admit the following documents are genuine, authentic and admissible.

A.   Standby Statement: GI Outcomes Study for Vioxx.  *See* Exhibit A attached hereto.

B.   Version 6A  Standby statement.  *See* Exhibit B attached hereto.

C.   Letter from Joyce Korvick, MD (FDA) to Dennis M. Erb (MRL) received in October 2004.  *See* Exhibit C attached hereto.

D.   Version 2  Standyby Statement—Vioxx and Cardiovascular Events in VIGOR.  *See* Exhibit D attached hereto.

E.   Email of March 20, 2000 from Lawrence J. Hercsh to Eva Slater, Linda Distlerath, Linda Weiner.  *See* Exhibit E attached hereto.

F.   Email from Christopher Assad to Alise Reicin et al date November 3, 2003.  *See* Exhibit F attached hereto.

G.   Draft Version 2  "Rofecoxib does not delay the onset of Alzheimer's disease."  *See* Exhibit G attached hereto.

**REQUEST FOR ADMISSION NO. 2:**      Please admit that Dennis Erb of Merck made the following statement before the house committee on government reform, May 5, 2005: "Further, in two large studies ongoing placebo-controlled trials, we found no difference in the rates of cardiovascular thrombotic events between Vioxx and placebo.  These data led us to conclude that the difference in cardiovascular event rates in the VIGOR (sic) resulted from the anti-platelet effect of naproxen...Yet while Vioxx was on the market, in the combined analysis of our controlled clinical trials, there was no demonstrated increased risk of cardiovascular or thrombotic events for patients taking Vioxx compared to patients taken placebo."

**REQUEST FOR ADMISSION NO. 3:**      Please admit that Dr. Erb's statement significantly misstated the known cardiovascular profile of Vioxx prior to the completion of the VIGOR study.

**REQUEST FOR ADMISSION NO. 4:**      Please admit that as of October 2004, the FDA concluded that Vioxx was too dangerous to allow clinical trials to continue.

DATED this ⁴ᵗʰ day of April, 2013.

_____/S/_____
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

6

_/S/_____

Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901


_/S/_____

Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
**_Attorneys for Plaintiff_**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S FOURTH SET OF

REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUEST FOR PRODUCTION

OF DOCUMENTS TO DEFENDANT has been served on Liaison Counsel, Russ Herman,

Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail,

and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced

in accordance with Pre-Trial Order No. 8(C) on this ____ day of April, 2013.


_/S/_____

Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123