MINUTE ENTRY
FALLON, J.
APRIL 23, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 76 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Ms. Arlene Movahed, Official Court Reporter. Counsel may contact Ms. Movahed at (504) 589-7777 to request a copy of the transcript. A summary of the monthly status conference follows.

**I.   CLASS ACTIONS**

The only remaining, pending class actions involve Purchase Claims.[1]  On June 30, 2010,

---

[1] Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

1

JS10(00:25)

Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint. The motion has been fully briefed, and the Court has heard oral argument and taken the matter under submission. Since the last status conference, both plaintiffs and Merck have filed notices of supplemental authority with the Court. (Rec. Docs. 63966, 63993, 64022).

On February 6, 2012, Merck filed a Motion for Judgment on the Pleadings (Rec. Doc. 63656) on plaintiff Kenneth Walker's claim under the D.C. Consumer Protection and Procedures Act ("CPPA"). By Order & Reasons entered June 13, 2012, the Court granted Merck's motion for judgment on the pleadings. (Rec. Doc. 63924). On July 9, 2012, Plaintiff moved for an extension of time to file an appeal from the Court's ruling (Rec. Doc. 63970), which was granted by the Court (Rec. Doc. 63975). On September 12, 2012, the Court entered a judgment of dismissal. (Rec. Doc. 64101). Plaintiff has filed a motion to alter judgment (Rec. Doc. 63980), which Merck opposed (Rec. Doc. 64020). Plaintiff filed a reply (Rec. Doc. 64052), and the Court has the matter under submission.

At the February 26, 2013 Monthly Status Conference, Plaintiff's Liaison Counsel announced the consumer settlement, which should resolve all pending consumer claims. The Court indicated that it would conduct a hearing on the parties' forthcoming motion for preliminary approval of the settlement on March 14, 2013. On March 4, 2013, plaintiff James Ratliff filed a Preliminary Notice of Objection to the referenced settlement. (Rec. Doc. 64289). Merck filed an initial response to the preliminary notice of objection (Rec. Doc. 64290), and the Court has held multiple status conferences on the pending consumer settlement. The parties discussed these matters further at the April 23, 2013 Monthly Status Conference.

**II. GOVERNMENT ACTIONS**

On June 5, 2012, the Court entered Pre-Trial Order No. 39B (Rec. Doc. 63895) relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pre-Trial Order No. 39C (Rec. Doc. 64223) on January 17, 2013. The parties are engaged in ongoing discovery.

On November 30, 2012, Merck filed a motion to compel in the *Jim Hood (State of Mississippi)* proceeding. (Rec. Doc. 64181). The Court heard argument on the motion by phone on February 14, 2013 and reconvened the parties for further consultation on the issues on February 19, 2013. By Order entered February 28, 2013, the Court granted the motion with respect to Interrogatories 2, 3, 4, and 5 and Requests to Admit 11, 13, and 14; the Court denied the motion with respect to Interrogatories 1 and 6. (Rec. Doc. 64279).

On January 30, 2013, counsel for the Government Action Plaintiffs submitted a letter brief seeking to compel additional productions by Merck of custodial files and data from the FACTs database. Merck submitted a letter brief opposing this additional discovery on February 12, 2013, and counsel for the Government Action Plaintiffs replied on February 14, 2013. The Court heard argument on these issues on February 20, 2013, and a Minute Entry was entered. (Rec. Doc. 64261).

On December 19, 2012, the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a Motion for an Order Imposing a Common Benefit Obligation Upon the Recovery of the Commonwealth of Pennsylvania Attorney General's Claims Asserted Against Merck, Sharp & Dohme Corp., in this MDL. (Rec. Doc. 64205). On January 9, 2013, the

3

Commonwealth of Pennsylvania filed an Opposition. (Rec. Doc. 64216). On February 25, 2013, the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a Reply (Rec. Doc. 64270), and the Court set a hearing date on the motion (Rec. Doc. 64271). On March 20, 2013, the Commonwealth of Pennsylvania filed a sur-reply. (Rec. Doc. 64315). The Court heard oral argument on March 20, 2013 and took the matter under submission.

The parties discussed these issues further at the April 23, 2013 Monthly Status Conference.

### III.   THIRD PARTY PAYORS

On August 17, 2011, the Court issued Pre-Trial Order No. 57 (Rec. Doc. 63267), which establishes procedures and deadlines for private third party payor common benefit fees.  On November 17, 2011, the Fee Allocation Committee filed its recommendation pursuant to Pre-Trial Order No. 57. (Rec. Doc. 63555). The recommendation was supplemented on November 28, 2011. (Rec. Doc. 63582). On June 13, 2012, the TPP Fee Allocation Committee filed its final Recommendation. (Rec. Doc. 63928). On August 10, 2012, Eric H. Weinberg filed an Objection (Rec. Doc. 64044), and a Joint Objection of Audet & Partners, LLP; Hovde Dassow & Deets, LLC; The Lanier Law Firm, P.C.; Ewing, McMillin & Willis, PLLC; and Gary Franke Co., LPA, was also filed (Rec. Doc. 64046). On December 11, 2012, the Fee Allocation Committee filed a final Proposed Decision allocating the common benefit fund. (Rec. Doc. 64193). On December 20, 2012, Weinberg filed an additional memorandum in support of his objection. (Rec. Doc. 64206). On February 1, 2013, the TPP Fee Allocation Committee filed a Response. (Rec. Doc. 64238). On February 7, 2013, the Weinberg Objectors filed a Reply to the TPP FAC's Response. (Rec. Doc. 64246). On February 12, 2013, W. Mark Lanier of The Lanier

Law Firm, P.C. forwarded correspondence to Judge Fallon withdrawing its objection, but requesting additional review of its proposed allocation. On February 14, 2013, Robert T. Dassow forwarded correspondence to Judge Fallon withdrawing the objections of Hovde Dassow & Deets, LLC.; Ewing, McMillin & Willis, PLLC; and Gary Franke Co., LPA, but requesting additional review of their proposed allocations. The Court appointed Patrick A. Juneau to serve as Special Master under the terms of Section 4.1.6 of the TPP Common Benefit Attorneys Fee agreement (Rec. Doc. 64304), and the parties are awaiting further instructions from the Special Master.

The parties discussed these matters further at the April 23, 2013 Monthly Status Conference.

## IV.  PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

### A.  General Matters Relating to Remaining Personal Injury Cases

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 (Rec. Doc. 63585) and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases (Rec. Doc. 63154). The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate.

On December 24, 2012, the VTE plaintiffs filed a Motion to Preclude Testimony of Mark A. Crowther, M.D., and the Testimony of John P. Kress, M.D. (Rec. Doc. 64210), and Merck filed a Consolidated Motion to Exclude Opinion Testimony on General Causation and Renewed Motion for Summary Judgment in VTE Cases (Rec. Doc. 64211). On January 31, 2013,

opposition memoranda were filed by the VTE plaintiffs (Rec. Doc. 64232) and Merck (Rec. Doc. 64234). On February 15, 2013, reply memoranda were filed by the VTE plaintiffs (Rec. Doc. 62450) and Merck (Rec. Doc. 64233). On January 31, 2013, the VTE plaintiffs also filed a Motion for Continued Remand of Merck's Renewed Motion for Summary Judgment in VTE Cases. (Rec. Doc. 64233).[2] The matters were heard by the Court on March 8, 2013 and were taken under submission. By Order and Reasons entered April 9, 2013 (Rec. Doc. 64341), the Court denied Merck's motion to exclude, denied Plaintiffs' motion to exclude, and granted Plaintiffs' motion to continue the submission date on Merck's motion for summary judgment. The parties discussed the remaining VTE cases at the April 23, 2013 Monthly Status Conference.

On February 5, 2013, Merck filed a Motion, Rule, and Incorporated Memorandum to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute as to the claims of Ann Marie Mannino and Joseph Mannino. (Rec. Doc. 64240). The matter was heard following the February 26, 2013 Monthly Status Conference. At that time, the Court entered an Order dismissing the claims, but giving the Manninos two weeks to protest the dismissal and request that it be vacated. (Rec. Doc. 64277). By letter dated March 5, 2013, the Manninos opposed the dismissal and asked to move forward. By Order entered March 27, 2013, the Court granted Plaintiffs' request, withdrew its prior Order, and ordered that Plaintiffs' depositions be rescheduled within 30 days. (Rec. Doc. 64323). The depositions were rescheduled for April 22, 2013.

On February 19, 2013, *pro se* plaintiff Dennis Harrison filed a Motion to Compel

---

[2] Merck had previously filed Merck filed a Motion for Summary Judgment in VTE Cases. (Rec. Doc. 63539).

Defendant Merck to Provide Initial Disclosure to Plaintiff. (Rec. Doc. 64257). Merck filed its opposition on February 22, 2013. (Rec. Doc. 64259). The matter was heard on February 28, 2013 and the Court took Plaintiff's motion under submission. (Rec. Doc.64293). The Court also instructed Plaintiff to send Merck specific interrogatories and requests for documents, and to await a response from Merck. *Id.* Plaintiff served the discovery on Merck on March 28, 2013. Pursuant to PTO 17, Merck's responses are due May 13, 2013. Plaintiff has advised the Court that he intends to file a motion to compel responses to that discovery and also to extend the scheduling order. Mr. Harrison has been incommunication with Plaintiffs' Liaison Counsel, who has cooperated and provided access to materials requested by Mr. Harrison.

The number of pending personal injury cases continues to decrease. Liaison Counsel and Lead Counsel for Certain Cases discussed these issues further at the April 23, 2013 Monthly Status Conference.

  **B.** **Matters Noticed for Submission on April 23, 2013**

None.

**V.** **OTHER PENDING MOTIONS**

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton (Rec. Doc. 63389). The matter was heard by the Court on September 21, 2011. The Court added this matter to the agenda of the status conference on June 14, 2012, where it was discussed. On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011." (Rec. Doc. 64064).

On March 20, 2013, Merck filed a Motion for Appointment of Janis L. Ferguson *Nunc*

*Pro Tunc* Pursuant to Rule 28(a)(1)(B). (Rec. Doc. 64310). The motion was originally submitted as an *ex parte* motion. When Merck's counsel learned that the motion was opposed by plaintiff, Merck notified the Court and requested that it be noticed for submission following the April 23, 2013 Monthly Status Conference. Plaintiff's counsel advised the Court that it would request a different hearing date and notify all counsel, but to date no action has been taken. Accordingly, Merck requested at the April 23, 2013 Monthly Status Conference that the Court schedule a submission date within the next 10 days, and the Court stated it would grant Merck's request. A separate order will follow.

The parties discussed these matters further at the April 23, 2013 Monthly Status Conference.

## VI.  APPEALS

Several appeals have been filed by pro se plaintiffs and are pending before the United States Court of Appeals for the Fifth Circuit.

On August 31 and September 19, 2012, Plaintiff Joanne Roach filed a Notice of Appeal and an Amended Notice of Appeal (Rec. Docs. 64089 and 64115) of the Court's dismissal of her case. Briefing has been completed.

On February 27, 2013, the appeal record in the *Strujan* case, No. 07-906, was transmitted to the Clerk of the Fifth Circuit Court of Appeals. (Rec. Doc. 64282).

The parties discussed these matters further at the April 23, 2013 Monthly Status Conference.

## VII.  NEXT STATUS CONFERENCE

The next Monthly Status Conference will be held on Tuesday, June 25, 2013, at **9:00**

**a.m.**, Central Standard Time. This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468. Any interested persons unable to attend in person may listen in via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 062513.

