# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| STATE OF UTAH | * | JUDGE ELDON E. FALLON |
| v. | * |  |
| MERCK SHARP & DOHME CORP. | * |  |
| Case No. 09-9336 | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK'S MOTION AND INCORPORATED MEMORANDUM FOR ENTRY OF
## ORDER FOR PRODUCTION AND PROTECTIVE ORDER

Pursuant to the Court's November 7, 2012 Order requiring additional discovery from the State of Utah, Merck Sharp & Dohme Corp. ("Merck") files this Motion for Entry of Order for Production and Protective Order.

## I.      Introduction and Procedural History

On November 7, 2012, the Court granted Merck's Motion to Compel and ordered Utah to fully respond to Interrogatory Number Eight, which asked Utah to "[i]dentify all individuals allegedly injured by Vioxx for whom you claim the Government Health Program provided reimbursement, the nature of the individual's injury, the treatment for the individual's alleged injury, the individual's treating and prescribing physicians, and the date of the alleged injury."

On January 21, 2013, Utah sent the Court a letter with a proposed Order for Production and Protective Order related to information responsive to Interrogatory Number Eight. Counsel for Merck wrote an e-mail to the Court's Law Clerk, Katy Preston, informing her that

Merck had not received the Order for Production and Protective Order until it was filed and did not agree or consent to the Order.  Counsel for Merck also informed the Court that the parties would meet and confer and report back to the Court.

Following Utah's January 21, 2013, submission of its own proposed Order for Production and Protective Order, the parties have met and conferred regarding the terms of an Order for Production and Protective Order, but have remaining areas of disagreement for the Court's consideration.  Merck respectfully requests that the Court enter Merck's proposed Order for Production and Protective Order.

## II.     Merck's Proposal

Merck submits its proposed Order for Production and Protective Order (Merck's Proposed Order for Production and Protective Order, which incorporates all areas on which the parties were able to reach agreement.  (attached as Ex. A).)  Based on Utah counsel's most recent communication regarding the proposed Order for Production and Protective Order, Merck outlines below its understanding of the remaining areas of disagreement and Merck's justification for its position.

### A.     *Affidavit of Information Recipient*

Merck has agreed that third parties (all outside experts and their staff) will execute an Affidavit of Information Recipient, confirming that they agree to keep the individually identifiable health information confidential.  However, Merck sees no need for its in-house and outside counsel, along with their staff, to execute a similar Affidavit.  Utah continues to insist that anyone who has access to the data execute an Affidavit.

1124649v1

**B.**     ***Affidavit of Return of Production***

Merck has agreed to return all individually identifiable health information to the State upon conclusion of the litigation.  Merck also has agreed that counsel for Merck will execute an affidavit confirming the return of all such data.

Utah continues to maintain that each individual person who had access to the data at any point in the litigation must execute such an affidavit.  Utah's proposal can be read to require Merck to engage in the highly burdensome task of obtaining affidavits from every former and current employee of Merck's in-house and outside counsel, its consultants, and its staff who came into contact with or had access to the data or any portion of it.  Merck, however, believes that it is sufficient to have one representative from Merck attest to the return of the data.  This will provide Utah with adequate assurance that the data has been returned without requiring Merck to undertake an unduly burdensome process of obtaining a large volume of affidavits.

**C.**     ***Contacting Medicaid Patients***

Finally, Merck has agreed to compromise and include a provision that it will notify Utah prior to contacting any Utah Medicaid patients.  (*See* Merck's Proposed Order for Production and Protective Order ¶ 21.)  Utah, however, insists that Merck include the following language in the Order for Production and Protective Order:

> Neither Merck nor any person or entity in receipt of individually identifiable health information contemplated under this Order may contact any individual Utah Medicaid recipient for matters related to this litigation without prior leave of court.  The Court will not grant leave in the absence of a showing of necessity.
>
> Upon showing necessity as set forth in the preceding section, the State shall serve written notification mailed to the Utah Medicaid recipient's last known address with information about the litigation or proceeding to permit the individual to raise an objection to the Court within ten (10) calendar days of the Court granting leave to contact the Utah Medicaid recipient.  *United States v. Sutherland,* 143 F. Supp 2d 609 (W.D. Va. 2001).  The Defendant shall then be

3

permitted to contact the Medicaid recipient no earlier than twenty (20) calendar days after the Court grants leave to contact the Utah Medicaid recipient.

Utah's request has no basis in the law.  As the Court is aware, HIPAA governs the disclosure of protected health information for use in litigation, *see* 45 C.F.R. § 164.512(e), but the regulations that govern disclosure do not bar litigants from contacting the individuals whose information is properly disclosed.  Thus, not surprisingly, Utah is unable to cite any regulation or case to support the contention that its proposed language is proper under HIPAA.[1]  And in the context of this case, it is clear that such a restriction would be highly improper.  One of Merck's contentions – accepted by the Court in its order compelling Utah to produce this information – has always been that patient information is relevant to the individualized proof and defense of Utah's claim that its residents suffered injuries attributable to Vioxx.  (*See, e.g.*, Mem. of Law in Supp. of Mot. to Compel at 13-15 & n.1, ECF No. 64,094-2 (filed Sept. 6, 2012) (setting forth this argument).)  To provide Merck access only to records and not the patients themselves would severely restrict Merck's ability to litigate this claim.

Merck notes that Utah cites *United States v. Sutherland*, 143 F. Supp. 2d 609, 610 (W.D. Va. 2001) in support of its position, but that case is not on point.  *Sutherland* involved a criminal prosecution against a doctor for unlawful distribution of controlled substances.  *Id.* at 610.  Although the case discusses HIPAA requirements, it was decided before HIPAA's effective date and in any event concerned the standard governing disclosures **where not protective order is in place** (*i.e.*, the opposite of what is proposed here).  *See id.* at 612.  Moreover, the court's conclusion was simply that the government (which was the party seeking

---

[1]     The regulations provide that, as a general matter, a HIPAA-covered disclosure should reveal the "[m]inimum necessary," but the regulation expressly exempts from this requirement "[u]ses or disclosures that are required by law, as described by § 164.512(a)," the provision under which this Court's protective order would be authorized, *see* 45 C.F.R. § 164.502(b)(2)(v).

4

protected health information) give notice to the party whose medical information is sought.  *See id.*  Although the case discussed the need to show cause, the question was not whether the government was allowed to contact the party; indeed it was the opposite:  the government had to show good cause to be relieved from the requirement that it contact the party whose medical information is sought.  *See id.* at 613.  Thus, if anything, *Sutherland* undermines Utah's effort to impede Merck's ability to contact Utah Medicaid beneficiaries.

For these reasons, there is no legitimate basis for requiring Merck to show "necessity" prior to contacting Utah Medicaid recipients and Merck's proposed language in paragraph 21 of the Proposed Order for Production and Protective Order is sufficient.

## II.    Conclusion

For the foregoing reasons, Merck respectfully requests that the Court enter Merck's proposed Order for Production and Protective Order.

Respectfully submitted,

BAKER BOTTS L.L.P.

By:    /s/Richard L. Josephson
_____
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1124649v1

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone:  (504) 581-3200
Facsimile: (504) 581-3361

DEFENDANTS' LIAISON COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of April, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1124649v1