UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | |
| | * | MDL No. 1657 |
| This Document Relates to: | * | |
| | * | SECTION L |
| JIM HOOD, ATTORNEY GENERAL *ex rel.*, STATE OF MISSISSIPPI | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| MERCK & CO., INC. | * | |
| | * | |
| Civil Action No. 2:05-cv-6755 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER**

Plaintiff, Jim Hood, Attorney General *ex rel.*, the State of Mississippi ("Plaintiff" or "the State") respectfully submits this Memorandum of Law in support of its Motion for Protective Order, to writ:

On April 1, 2013, Defendant issued a Rule 30 (b) (6) Notice of Deposition to the State. Date, time, and location were to be decided before the close of fact discovery. The notice instructed that at least seven days before the deposition (s), Plaintiff shall identify the person (s) most knowledgeable who will speak on its behalf of each 16 topics listed in Exhibit A. *See*, Exhibit 1 (Defendant's Notice of Deposition dated 4/1/2013).

The notice invariably seeks the testimony of the State's counsel, and Defendant cannot meet any of the criteria for obtaining such testimony. Thus, Plaintiff seeks a Protective Order pursuant to Fed. R. Civ. Pro. 26 (c), so that the deposition sought may not be taken. FRCP 26(c) provides that,

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding the disclosure or discovery; specifying terms, including time and place, for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; designating the persons who may be present while the discovery is conducted; requiring that a deposition be sealed and opened only on court order; requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

## ARGUMENT

**1. A PROTECTIVE ORDER SHOULD BE ISSUED BECAUSE THE DEFENDANT CANNOT JUSTIFY ITS ATTEMPT TO DEPOSE THE STATE'S COUNSEL.**

This Court should issue a Protective Order pursuant to Fed. R. Civ. P. 26 (c) because the only person (s) who could provide the most knowledgeable testimony requested by Defendant's Notice of Deposition are the State's counsel. Only in limited circumstances will courts allow a party to take the deposition of an opponent's counsel, this is not present such circumstances. Each of the topic areas 1- 15 seek factual and legal information about Plaintiff's case which could only be provided by counsel. In *Shelton v. American Motors Corp*., the Court found that a party may conduct such deposition of counsel only where "1) no other means exist to obtain the information than to depose opposing counsel; 2) the information is relevant and non-privileged; and 3) the information is crucial to the preparation of the case. 805 F.2d 1323, 1327 (8th Cir. 1986).

Initially, it should be noted that other means exist to obtain information sought. Specifically, topic 1 is requesting the identical information sought in written discovery, to which the State has provided responses. The current discovery vehicle is merely duplicative of that effort.

Second, the deposition notice clearly seeks privileged information. An attorney's choice of factual material on which he will base his party's case is information protected by attorney work-product privilege. Moreover, courts have found that the preparation of interview notes and summaries in anticipation of litigation constitutes work product because the selection of these documents reveals her thought processes and theories of litigation. *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Deposition topics 1- 15 seek information that is essential to the State's case and one of which only counsel would be able to answer. Additionally, topics 11, 12, and 13 request information that is not related to a count, or a defense, and is not reasonably calculated to lead to relevant information.

Third, Defendant cannot show that the information it is seeking is crucial to the preparation of its case. Information sought can be relevant but certainly not critical. Plaintiff has responded to written discovery and is under a duty to seasonably supplement those responses. Defendant has had the opportunity to obtain the subject information, and this further discovery, through deposition testimony, cannot be deemed "critical." Therefore, Defendant cannot satisfy the criteria for taking the deposition of the State's counsel, and Plaintiff's motion should be granted.

2.  **DEFENDANT SEEKS INFORMATION PROTECTED BY PRIVILEGE.**

Defendant's Rule 30 (b) (6) Notice seeks information protected by the attorney work-product privilege, the attorney–client privilege, and deliberative process privilege, and as such, it is objectionable and the requested discovery should not be allowed.

The work product immunity doctrine provides qualified protection of documents and tangible things prepared in anticipation of litigation, including "a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements." *Dunn v.*

*State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991) (*citing Upjohn Co. V. United States*, 449 U.S. 383, 400 91981). To invoke work product privilege four criteria must be met: 1) the materials must be documents or tangible things; 2) materials must be prepared in anticipation of litigation; 3) materials must be prepared by or for a party's representative; and if the party seeks to show that material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative party. *Federal Trade Commission v. U.S. Grant Resources*, LLC et al, 2004 WL 1444951 (E.D.La.,2004) (citing Fed. R. Civ. P. 26 (b) (3) ; *In re Kaiser Aluminum & Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000); *In re International Systems and Controls Corp.*, 693 F.2d 1235, 1240 (5th Cir. 1982); *Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 508-509 (W.D. La. 1988)). Here, the Defendant is seeking specific information regarding the legal theories behind Plaintiff's case. Not only are the requested materials prepared in anticipation of litigation, but they are the opinions and theories of the State's counsel.

In *Hickman v.Taylor*, the Court stated that attorney's thoughts, heretofore inviolate, would not be his own if certain work-product was not protected. The Court went on to say that "Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." 329 U.S. 495, 511 (1947).

Using a Rule 30 (b) (6) to delve into the State's Counsel's impression of the case, interpretation of evidence, and assessment of legal theories is improper attempt to expose attorney work product. *SEC v. Buntrock*, 217 F.R.D. 441, 444 (N.D.IL., 2003). In *Hickman v. Taylor*, the United States Supreme Court found that an attorney's culling of relevant facts and

documents is one of the key attorney functions deserving work product protection. 329 U.S. 495, 511 (1947). Topics 1-11 and 14-15 all seek an examination as to the facts supporting the allegations of Plaintiff's First Amended Complaint. Moreover, the Defendant is seeking Plaintiff's legal position in this case and how it arrived at that position, all of which are not discoverable. *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992).

Additionally, Defendant's 30 (b) (6) Notice seeks information protected by the State's deliberative process privilege. The privilege itself applies to "communications which are pre-decisional that is generated before the adoption of agency policy, and deliberative, that is, reflecting the give-and-take of the consultative process." *Federal Trade Commission v. U.S. Grant Resources, LLC et al.*, 2004 WL 1444951, 8 (E.D., La, 2004). The privilege encompasses traditional attorney-client privilege and work-product privilege, and also provides an executive deliberative process privilege, designed to protect pre-decisional internal memorandums from public disclosure. *Maricopa Audubon Society v. U.S. Forest Service*, 108 F.3d 1089, 1092 (9th Cir. 1997). Specifically, the deliberative process privilege exists to protect "free expression, integrity and independence of those responsible for making the determinations that enable government to operate." *Kinoy v. Mitchell*, 67 F.R.D. 1, 11 (S.D.N.Y. 1975). In addition, certain governmental processes cannot be carried out effectively in the public eye. *Branch v. Phillips Petroleum*, 638 F.2d 873, 881-82 (5th Cir. 1981). This privilege encompasses any advice, recommendations, and opinion that are part of the deliberate, consultative, decision-making processes of the government. *Federal Trade Commission v. U.S. Grant Resources*, LLC et al, 2004 WL 1444951 (E.D.La.,2004).

Moreover, "the quality of administrative decision-making would be seriously undermined if agencies were forced to `operate in a fishbowl' because the full and frank exchange of ideas on

legal or policy matters would be impossible." *Mead Data Cent., Inc. v. Department of the Air Force*, 566 F.2d 242, 256 (D.C.Cir.1977). The Defendant is seeking information that would hinder the ability of internal decision-making of the both the government and the attorney's involved. Most importantly this is an attempt by the Defendant to examine the State's legal position and theories in this case, the type of information that legislators were trying to protect.

## CONCLUSION

For the foregoing reasons, this Court should issue a Protective Order concerning the Deposition Notice that was served on the State by Defendant on April 1, 2013.

Respectfully submitted, this the 30th day of April, 2013.

> BY:  /s/ Sheila M. Bossier
> SHEILA M. BOSSIER, (LA Bar No. 19491)
> **Attorney for JIM HOOD, ATTORNEY GENERAL,** *ex rel* **THE STATE OF MISSISSIPPI**

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS  39296
Telephone: (601) 352-5450
Facsimile:   (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS  39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile:   (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Service Advance this 30th day of April, 2013.

/s/ Sheila M. Bossier
SHEILA M. BOSSIER