UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | |
| | * | SECTION L |
| JIM HOOD, ATTORNEY GENERAL *ex rel.*, STATE OF MISSISSIPPI | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| MERCK & CO., INC. | * | |
| | * | |
| Civil Action No. 2:05-cv-6755 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**PLAINTIFF'S OBJECTION TO NOTICE OF VIDEOTAPED
DEPOSITION OF PLAINTIFF PURSUANT TO FRCP 30(b) (6)**

COMES NOW, Plaintiff, Jim Hood, Attorney General of the State of Mississippi, *ex rel*. the State of Mississippi (the "State" and/or "Plaintiff'), by and through its undersigned counsel of record acting as duly-appointed Special Assistant Attorney General, and objects to the Notice of Videotaped Deposition of Plaintiff served upon it by Merck Sharpe & Dohme Corp. ("Merck") in the above-captioned proceeding, to writ:

On April 1, 2013, Defendant issued a Rule 30 (b) (6) Notice of Deposition to the State. Date, time, and location were to be decided before the close of fact discovery. The notice instructed that at least seven days before the deposition (s), Plaintiff shall identify the person (s) most knowledgeable who will speak on its behalf of each 16 topics listed in Exhibit A. *See*, Exhibit 1 (Defendant's Notice of Deposition dated 4/1/2013). Plaintiff objects to the deposition notice because it is overbroad, unduly burdensome, and violative of applicable privileges and work product immunity of counsel. Furthermore, the notice invariably seeks the

testimony of the State's counsel, and Defendant cannot meet any of the criteria for obtaining such testimony.

## OBJECTIONS AND RESPONSES TO
## MATTERS OF TESTIMONY REQUESTED IN EXHIBIT A

1. Each and every way that the following documents allegedly "communicated the risk profile, benefits, and efficacy of Vioxx in an unfair or deceptive manner" or "presented information concerning the safety profile and efficacy of Vioxx in an unfair or deceptive manner" as claimed in Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories:

    a. "Dear HCP Letters" identified by Bates range in Exhibit A to Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories

    b. Professional Medical Journal Inserts identified by Bates range in Exhibit A to Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories

    c. The "CV Card" bearing Bates MRK-AAR0019055

    d. The "Roadmap to CV Card" bearing Bates MRK-ADB0009039

    e. The PIR Letters distributed in Mississippi, including the letters "Comparing Vioxx to Celebrex" and "VIGOR" as identified by Bates number in Exhibit A to Plaintiff's Second Supplemental Response to Merck's Second Set of Interrogatories

    f. The print advertisements identified in Exhibit A to Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories

    g. The television advertisements identified by Bates range in Exhibit A to Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories

    h. Prescriptions for Vioxx in the state of Mississippi

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on

the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served.

2. Each and every way that Merck's detailing of doctors was unfair, false, misleading or deceptive, as claimed in Plaintiff's Second Supplemental Response to Merck's Second Set of Interrogatories.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

3. Each and every way that Merck's distribution of "specific medical journals" was unfair, false, misleading or deceptive, as claimed in Plaintiff's Second Supplemental Response to Merck's Second Set of lnterrogatories.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the

extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

4. Each and every way that Merck's distribution of FDA-approved product inserts/labels for Vioxx was unfair, false, misleading or deceptive.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

5. Each and every way that Merck's distribution of sample packages for Vioxx was unfair, false, misleading or deceptive.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

6.      Each and every alleged deceptive representation or omission by Merck that Plaintiff claims exists in any scientific articles about Vioxx.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

7.      To the extent not covered above, every other act or practice by Merck that Plaintiff claims to be unfair, false, misleading or deceptive regarding Vioxx and/or the risk profile, benefits, and efficacy of Vioxx in an unfair, false, misleading or deceptive manner.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections. Finally, Plaintiff further objects to this subject matter to the extent that it constitutes improper "discovery about discovery."

8. Each and every fact that supports Plaintiff's contention that Merck willfully engaged in unfair, false, misleading, or deceptive acts or practices in violation of Mississippi law.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

9. Each and every fact that supports Plaintiff's contention that each of the Mississippi Healthcare Professionals listed in Exhibit A to Plaintiff's Third Supplemental Response to Merck's Second Set of Interrogatories "witnessed or was a recipient of Merck's unfair method of competition affecting commerce or deceptive trade practice in or affecting commerce."

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections. Finally, Plaintiff further objects to this subject matter to the extent that it constitutes improper "discovery

about discovery."

10. Each and every fact that supports Plaintiff's contention that each of the Mississippi Healthcare Professionals listed in Exhibit A to Plaintiff's Third Supplemental Response to Merck's Second Set of Interrogatories "was actually misled by Merck's unfair method of competition or unfair or deceptive trade practice, because they would not have otherwise prescribed Vioxx to their patients or assisted in the provision of Vioxx to their patients."

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections. Finally, Plaintiff further objects to this subject matter to the extent that it constitutes improper "discovery about discovery."

11. The detailed bases for all factual statements made by Plaintiff in its Amended Complaint filed July 3, 2012.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative

of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

12. The names and contact information of all healthcare providers and consumers whom Plaintiff interviewed regarding Merck's promotion, sale, or marketing of Vioxx prior to filing the Amended Complaint on July 3, 2012.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served. Plaintiff further objects to this subject matter to the extent that it is inextricably entangled with the attorney client privilege and attorney work product doctrines, and the disclosure of such information would violate such protections.

13. All names and contact information of all healthcare providers and consumers who made any complaints to the State of Mississippi between 1999 and the present about Merck's promotion, sale, or marketing of Vioxx.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served.

14.     The number of alleged violations of Mississippi law for which Plaintiff is currently seeking penalties pursuant to Miss Code Ann. § 75-24-19.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served.

15.     Each and every act or practice of Merck that Plaintiff seeks to enjoin in this case.

**RESPONSE:** Plaintiff objects to this subject matter on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of relevant and admissible evidence. Plaintiff further objects to this subject matter on the grounds that it is overbroad and unduly burdensome inasmuch as it is not reasonably limited in time or scope. Plaintiff further objects to this subject matter to the extent that it is duplicative of discovery requests previously served.

Respectfully submitted, this the 30th day of April, 2013.

BY:     /s/ Sheila M. Bossier
SHEILA M. BOSSIER, (LA Bar No. 19491)
**Attorney for JIM HOOD, ATTORNEY GENERAL,** *ex rel* **THE STATE OF MISSISSIPPI**

OF COUNSEL:

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS  39296
Telephone: (601) 352-5450
Facsimile:   (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS  39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile:   (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Service Advance this 30th  day of April, 2013.

　　　　　　　　　　　　　　　　　　　　　　 _/s/ Sheila M. Bossier__
　　　　　　　　　　　　　　　　　　　　　　 SHEILA M. BOSSIER