UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * MDL No. 1657 |
| This Document Relates to: | * SECTION L |
| State of Utah | * JUDGE ELDON E. FALLON |
| v. | * MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | * |
| Civil Action No. 2:06-cv-09336 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S SIXTH REQUESTS FOR ADMISSIONS, REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY TO DEFENDANT**

Pursuant to FED. R. CIV. P. 33 and 36 and Pretrial Order Number 39B, please respond to the following Requests for Admission and Interrogatory.

**DEFINITIONS**

1. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process.

2. "Food and Drug Administration") ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3. "Including" means "including but not limited to" and "including without limitation."

4. "Merck" means the defendant in this action, and any of the subsidiaries, divisions,

1

departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

5. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

6. "Vioxx" means the dug rofecoxib sold by Merck under the registered trademark VIOXX®.

7. "You" or "Your" means all defendants listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Defendant.

## INSTRUCTIONS

A. The answers to these requests shall include such information as is available to Defendant and found within documents that are within the custody, possession or control of Plaintiffs, or are within the custody, possession or control of any consultants, accountants, attorneys or other agents of Defendant or which are otherwise available to Defendant. In responding to these discovery requests, Defendant is specifically instructed to review his personal files, notes, records, correspondence, daily calendars and telephone logs or records for all persons who have knowledge of the information inquired about in each request.

B. If the answer to any discovery requests is not made from the personal knowledge of Defendant who will be verifying the answers to these interrogatories, identify each person from whom information or documents were obtained to make the particular answer and identify each person having personal knowledge of such information. If the answers or portions of the

answers to these discovery requests are supplied upon information and belief rather than upon actual knowledge, Defendant should so state and specifically describe or identify the source or sources of such information and belief.

  C. The answers to these discovery requests should include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

  D Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

  E. Where the terms "you", "defendant", or "plaintiff" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if the answers are different.

  F. Where the terms "incident" or "the incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

  G. If Defendant claims that any conversation, meeting or oral discussion inquired about in these discovery requests is privileged, Defendant should nevertheless identify such conversation, meeting or oral discussion in the manner required herein and set out specifically a detailed description of the factual circumstances supporting their claim of privilege.

  H. A "health care provider" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, psychiatrist, psychologist, mental health therapist, nurse practitioner, nurses assistant, acupuncturist, neuro pathologist, massage therapist, podiatrist, doctor or chiropractic, naturopathic physician, or other person who performs any kind of healing art.

I. All documents are to be produced which are in the possession of the individual or corporate party, their attorneys, investigators, agents, employees, or other representatives of the named party and his attorney. The terms "incident" or "the incident" are meant to include the incident which is the basis of this lawsuit, unless otherwise specified.

J. The term "document" is meant to include, but is not limited to, all writings, notes, memoranda, correspondence, charts, graphs, records, tapes, pictures, recorded, photographed, sketched, drawn or otherwise produced, maintained or stored information.

K. These discovery requests are continuing in nature and should be amended and supplemented in accordance with the Utah Rules of Civil Procedure.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Please admit that Merck & Co. spent more than $20 million to obtain the John Martin report relating to Vioxx.

**REQUEST NO. 2:** Please admit that Jan Weiner testified that Merck exposed every person residing in the United States to at least ten advertisements concerning the benefits of Vioxx.

**REQUEST NO. 3:** Please admit that the Utah television and radio market is similar to all other media markets of its size.

**REQUEST NO. 4:** Please admit that Merck exposed every individual in the Utah Television and Radio market to multiple advertisements concerning the benefits of Vioxx.

**REQUEST NO. 5:** Please admit that Merck's advertisement campaign was designed in large part to influence patients to ask their doctors for prescriptions of Vioxx.

**REQUEST NO. 6:** Please admit that Merck's advertisements lacked fair balance and did not disclose the risks of cardiovascular disease, renal failure, Venous Thromboembolism or conversion to Alzheimer's disorder.

**REQUEST NO. 7:** Please admit that Utah Medicaid recipients were exposed to Merck advertisements.

**REQUEST NO. 8:** Please admit that the advertisements with respect to Utah Medicaid patients caused false claims to be submitted by Doctors and pharmacists.

**REQUEST NO. 9:** Please admit that you tested elderly individuals with signs of dementia to prove that Vioxx retarded the onset of Alzheimer's disorder.

**REQUEST NO. 11:** Please admit that your testing showed a statistically significant increase in conversion to Alzheimer's disorder in the Vioxx arm of the study as compared to the placebo arm of the study.

**REQUEST NO. 12:** Please admit that Utah Medicaid was and is required to care for those patients that converted to Alzheimer's while on Vioxx.

**REQUEST NO. 13:** Please admit that Vioxx caused a statistically significant increase in Venous Thromboembolic Events in Utah Medicaid patients.

**REQUEST NO. 14:** Please admit that Utah Medicaid was required to care for those Vioxx patients who incurred Venous Thromboembolic Events.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Please produce the employment contract of John Martin and/or his law firm to produce his report concerning Vioxx including all appendixes.

5

**REQUEST FOR PRODUCTION NO. 2:** If there were further reports made to the officers and board of Merck by Mr. Martin, please produce those materials.

**REQUEST FOR PRODUCTION NO. 3:** To the extend not already produced, please produce the radio and television spots regarding Vioxx shown or heard within the Salt Lake Media market. If you claim such information has already been produced, please state the bates numbers where it might be found.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all versions of the DSMP MAPP from 1996-2005.

## INTERROGATORY

**INTERROGATORY NO. 1:** From September 2004 until the present, please state the total compensation paid to attorneys hired by Merck to defend Merck against claims that Vioxx was defective. Those costs would include costs of defense in the MDL, the New Jersey actions and individual actions throughout the country.

DATED this 30 day of April, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ 08901


/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S SIXTH SET OF REQUESTS FOR ADMISSION, REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY TO DEFENDANT has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C) on this 30 day of April, 2013.


/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123