# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>      Plaintiff,<br><br>vs.<br><br>JANSSEN ORTHO LLC; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS INC.; and ASTRAZENECA PHARMACEUTICALS LP,<br><br>      Defendant. | Case No. 3:11-cv-0002-RRB<br><br>**CERTIFICATION ORDER** |

Pursuant to Alaska Rule of Appellate Procedure 407, the United States District Court for the District of Alaska requests that the Alaska Supreme Court answer a question of law that may be determinative of the above-captioned matter pending in the certifying court.

### I. Statement of Relevant Facts

This lawsuit involves a prescription medicine approved by the U.S. Food and Drug Administration ("FDA") known as Risperdal®, marketed and sold by Janssen.[1]  Risperdal is approved by the FDA

---

[1]     Defendants are Janssen Ortho LLC and Ortho-McNeil-Janssen Pharmaceuticals, Inc., collectively referred to herein as "Janssen" (continued...)

CERTIFICATION ORDER - 1
3:11-CV-0002-RRB

for the treatment of certain mental health conditions. Plaintiff the State of Alaska filed a Complaint against Defendants alleging violations of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA"), AS 45.50.471, et seq. The Complaint describes methods by which Janssen wrongfully marketed their drug, including allegations that physicians and consumers were deceived.[2]

The issue currently before this court is whether Plaintiff's UTPA claim is barred by the "Safe Harbor" provision of the Act. Alaska Statute 45.50.481(a)(1) exempts unfair acts and practices from the purview of the UTPA "where the business is both regulated elsewhere and the unfair acts and practices are therein prohibited."[3] The parties dispute the meaning of this two-part test.

Janssen argues that allegations of unlawful off-label marketing are addressed and remedied, if necessary, by the FDA, acting within its comprehensive regulatory and enforcement scheme. They assert that the purported practices at issue here are

---

[1]   (...continued) or "Defendants." On June 22, 2011, Ortho-McNeil-Janssen Pharmaceuticals, Inc., changed its name to Janssen Pharmaceuticals, Inc. Docket 111 at fn. 1. For the sake of brevity, these entities will be referred to as "Janssen" by the court.

[2]   See Complaint, Docket 49, ¶¶ 14- 23.

[3]   State v. O'Neill Investigations, Inc., 609 P.2d 520, 528 (Alaska 1980).

CERTIFICATION ORDER - 2
3:11-CV-0002-RRB

expressly prohibited by the Food, Drug, and Cosmetic Act ("FDCA") and FDA regulations.

This court has noted the Alaska Supreme Court's holding that Alaska Statute 45.50.481(a)(1) "exempts only those acts or transactions which are the subject of **ongoing, careful regulation**."[4] The Alaska Supreme Court found in Matanuska Maid that to define "regulate" as merely "subject to any prohibitory law" would severely limit the applicability of the UTPA. In other words, this court interprets Matanuska Maid as holding that a prohibition on certain conduct, without more, cannot satisfy the requirements of AS 45.50.481.

With this holding in mind, the court asked the parties for further briefing regarding what enforcement, if any, exists as to the applicable Federal regulations. Upon further briefing, the State suggests that "the primary function of the FDA is to evaluate new drugs – not to regulate drug advertising."[5] The State suggests, with anecdotal support, that the FDA is "poorly staffed" and has "woefully inadequate technology." The State complains that "Defendants should not be permitted to hide behind lax, ambiguous

---

[4] Matanuska Maid, Inc. v. Alaska, 620 P.2d 182, 186 (Alaska 1980) (emphasis added).

[5] Docket 95 at 3.

CERTIFICATION ORDER - 3
3:11-CV-0002-RRB

and unenforced federal regulations to claim a safe harbor, and thus complete immunity, for their patently unlawful activities."[6]

Janssen alleges that "The FDA actively pursues companies that violate the prohibition of off-label promotion in the FDCA and its implementing regulations," in conjunction with the Department of Justice.[7]  Specifically, Defendants identify the Office of Prescription Drug Promotion ("OPDP") as the entity responsible for reviewing prescription drug advertising and promotional materials to ensure that the information contained in them is not false or misleading.[8]  Janssen argues that the FDA and DOJ have considerable tools at their disposal to enforce the regulations, including the issuance of "Warning Letters" or "Untitled Letters" (notifying manufacturers that they are not in compliance) and litigation.[9]

But the State maintains that lack of adequate funding, staffing, and effective enforcement of the FDCA demonstrates that the federal regulatory scheme "lacks any real teeth to curb the false and misleading marketing and promotional activities of the

---

[6]   Docket 95 at 7.

[7]   Docket 97 at 7.

[8]   Docket 97 at 8.

[9]   Docket 97 at 12-15.

CERTIFICATION ORDER - 4
3:11-CV-0002-RRB

Defendants."[10] By way of example, the State argues that the fact that the FDA issued a warning letter to Janssen regarding promoting Risperdal for off-label uses in January 1999, and Janssen was still falsely marketing and promoting Risperdal to Alaska physicians through at least 2006, is evidence of the ineffectiveness of the FDA's warning letters. By way of further example, the State notes that following the 1999 issuance of the FDA's warning letter, there was a twelve year delay before settlement of the criminal investigation regarding off-label promotion of Risperdal. The State suggests that a twelve year delay is not indicative of "ongoing, careful regulation" required under the UTPA.[11] The State argues that the FDA relies on whistleblowers and State Attorneys General to "plug the enormous gaps in its enforcement capabilities."[12]

Janssen argues that the only question is whether there is a separate regulatory framework and continuing interaction between the regulator and the regulated entities.[13] Janssen argues that the <u>Matanuska Maid</u> decision does not require "any particular type or amount of regulatory activity in order for the exemption to

---

[10]   Docket 110 at 2.

[11]   Docket 110 at 5.

[12]   Docket 110 at 6.

[13]   Docket 111 at 3.

CERTIFICATION ORDER - 5
3:11-CV-0002-RRB

apply."[14] Janssen argues that a determination of whether the regulation is effective, and to what degree, is not part of the equation. To so require would necessitate a "mini-trial to determine whether the regulator at issue was careful enough or its regulatory enforcement efforts were effective enough."[15]

This court has examined the <u>Matanuska Maid</u> decision closely for guidance. It explains that "Regulation is . . . clearly distinct from and involves something more than mere prohibition."[16] Regulation without prohibition of the acts and practices thought unfair is insufficient to trigger the "safe harbor" exemption of section 481(1).[17] More recently, in <u>Smallwood v. Central Peninsula General Hosp.</u>, 151 P.3d 319 (Alaska 2006), the Alaska Supreme Court discussed application of the UTPA in relation to Medicaid laws. Although provider billing is regulated by federal and state Medicaid laws and regulations, the UTPA did not prevent a claim that a hospital's billing practices violated the UTPA "because they create[d] the likelihood of confusion or misunderstanding and . . . misled [Plaintiff] in connection with the sale of medical

---

[14]   Docket 111 at 4.

[15]   Docket 111 at 5.

[16]   <u>Id.</u> at 186.

[17]   <u>Id.</u>

CERTIFICATION ORDER - 6
3:11-CV-0002-RRB

services."[18] The Court noted none of the Medicaid laws regulated the form of the billing practices, which was the crux of the claim under the UTPA.

The case before the Court presents a different problem: whether regulations in place, which are arguably ineffective as a practical matter, satisfy the Safe Harbor provision of the UTPA.

## II. Question of Law to Be Answered

The following question shall be certified to the Alaska Supreme Court for decision:

Whether a claim under the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA") is barred by the regulated activity exemption in Alaska Statute § 45.50.481(a)(1), where activity is regulated elsewhere, but the regulation is arguably ineffective.

ENTERED this 30th day of March, 2012.

          S/RALPH R. BEISTLINE
          UNITED STATES DISTRICT JUDGE

---

[18] Id. at 329.

CERTIFICATION ORDER - 7
3:11-CV-0002-RRB