# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## STATE OF UTAH'S RENEWED MOTION TO REMAND

**Introduction and Procedural History**

The State of Utah filed this case in the Third Judicial District Court for the State of Utah on April 28, 2006. The case was brought by the Attorney General alleging state causes of action based upon injury to the State Medicaid program arising out of the sale of Vioxx. Merck removed this case on May 18, 2006 to the United States District Court, Northern Division of the District of Utah, not based upon diversity of citizenship but upon the alleged existence of a federal question. On that same date, Defendants filed a Motion to Stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

On May 24, 2006, the State filed a Motion to Remand [hereinafter, "Utah Remand"], the Defendant filed its Memorandum in Opposition on June 8, 2006, and the State of Utah filed its Reply on June 19, 2006 [hereinafter, "Utah Remand Reply"]. On November 15, 2006, this case was transferred to this Court as part of the Vioxx Multi-District Litigation.

On September 20, 2007, the State filed another Motion to Remand [hereinafter, "MDL Remand"], placing the matter before this Court. The Court stayed matters related to remand

shortly thereafter. The State now files this renewed Motion to Remand to discuss developments in the law and in the discovery in this case and to request that the Court decide Utah's remand motion. In sum, recent case law further supports the State's right to remand and discovery is nearly complete, further supporting Plaintiff's request for separation of this case from the Vioxx pre-trial consolidated proceedings.

The State incorporates as if fully re-written herein, all prior pleadings supporting remand of this case, as set forth in the Procedural History described above.

**Argument**

**A. Federal Question and the "Well-Pleaded Complaint" Rule**

Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance, such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id.*, at 566-67.

In the absence of diversity jurisdiction, a civil action filed in state court may only be removed if the claim "arises under" federal law. *See*, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Whether the claim arises under federal law or raises a federal question is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the facts of the plaintiffs properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.C.t. 2425, 2429 (1987). "The Supreme Court has long recognized that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues or turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2364

(2005). "However, this is a 'slim category' and 'it takes more than a federal element to open the 'arising under' door." *Id.*, at 308.

As discussed in the State's prior pleadings, there is no federal jurisdiction or pre-emption, as the federal government has delegated the authority to the States to bring an action on behalf of its respective systems of Medicaid for damages. *See, e.g., Ark. Dep't of Human Servs. V. Ahlborn*, 547 U.S. 268, 126 S.Ct. 1752 (2006). If Congress had intended a federal cause of action and federal jurisdiction for violations of Medicaid law, it would have specifically created the remedy. "Where a federal statute such as Medicaid requires a state to enforce liability against a third party but does not provide the ground that liability, nor require establishment of a ground for liability, federal jurisdiction will not lie." *New York v. Lutheran Center for the Aging, Inc.*, 957 F.Supp. 393, 403 (E.D.N.Y. 1997); *see*, *also*, *Hawaii v. Abbott Laboratories, Inc.*, 2006 WL 3457617 (D. Hawaii 2006); *Utah v. Eli Lilly and Company*, 509 F.Supp.2d 1016 (D. Utah 2007) (granting remand and noting that "Congress has specifically required states to seek reimbursement from legally liable third parties, but has provided no federal cause of action to do so[,] citing 42 U.S.C. 1396a(a)(25)").

This straightforward proposition is seen in the numerous decisions granting remand in cases brought by various States' attorneys general against defendant drug manufacturers pursuant to their respective State's laws. In the MDL Remand, the State brought to this Court's attention the following cases: *Pennsylvania v. Eli Lilly & Co., Inc.*, 2007 WL 1876531 (E.D. Penn. 2007); *Alaska v. Eli Lilly*, 2006 WL 2168831 (D. Alaska 2006); *Texas v. Merck & Co., Inc.*, 385 F.Supp.2d 604, 608 (W.D. Texas 2005); and, *South Carolina v. Eli Lilly & Co.,* No. 7:07-1875-HMH, Docket 16 at 5-6 (unpublished order). Other cases have reached the same

result. *Missouri v. Mylan Laboratories, Inc.*, 2006 WL 1459772 (E.D. Missouri 2006); *West Virginia v. Rite Aid*, 2010 WL 454488 (S.D. W.Va. 2010)[1].

In fact, as far as the State of Utah is aware, the only United States District Court Judge to hold to the contrary is Judge Weinstein from the Eastern District of New York, who has denied remand in various Attorneys General claims concerning the pharmaceutical Zyprexa. The State believes Judge Weinstein's reasoning is not correct for the reasons stated by every other United States District Court Judge who has reached a contrary result. Indeed, even other District Court Judges have disagreed with Judge Weinstein and granted remand concerning Attorneys General's claims regarding Zyprexa. *See*, *Pennsylvania v. Eli Lilly, supra*; *Utah v. Eli Lilly, supra*. The Zyprexa litigation is also distinguishable on the facts since that case dealt with "off-label" promotion, as recognized by this Court in *In re VIOXX Products Liability Litigation*, 843 F.Supp.2d 654 (E.D. La. 2012).

In that case, this Court recently granted remand in this consolidated litigation for claims brought by the State of Kentucky. *Id.* Although there are some differences between the cases, this Court correctly recognized that the case was grounded in Kentucky law, even if references to conduct involving the FDA is set forth as a violation of that law. This Court should grant remand to the State of Utah just as it has done for Kentucky as the State's claims for relief are grounded in Utah law.

Finally, the State notes that the United States Supreme Court has very recently issued another decision analyzing federal question jurisdiction. Recognizing that federal question jurisdiction was not a clear painting but rather a "Jackson Pollock" exercise, the Supreme Court

---

[1] Even if the Court somehow finds that the federal government would otherwise have an interest in the State of Utah's lawsuit, no such interest remains. Vioxx previously plead guilty to a criminal misdemeanor. Merck also agreed to pay a $321.6 million fine and reached a civil settlement agreement to pay $628.4 million. This settlement thus resolved pending civil lawsuits involving the United States (and 43 participating states as well as Washington, D.C.), including among other things, matters related to the Medicaid system.

set out to clarify federal question jurisdiction. In *Gunn v. Minton,* --- S.Ct. ---, No. 11-1118, 2013 WL 610193 (February 20, 2013), the Court considered a state court legal malpractice case in which the relevant facts concerned the potential viability for a failure to secure patent protection. Congress not only gave exclusive jurisdiction to the federal court system to decide patent cases, it expressly forbade state court from hearing such cases.

Nevertheless, the Supreme Court found no federal question jurisdiction. For statutory purposes, a case can "aris[e] under" federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted. *See, American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) ("A suit arises under the law that creates the cause of action"). As a rule of inclusion, this "creation" test admits of only extremely rare exceptions (*see*, *e.g., Shoshone Mining Co. v. Rutter,* 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864 (1900)), and accounts for the vast bulk of suits that arise under federal law. *See*, *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Here, there is no cause of action under federal law. All of the causes of action arise directly from the state enacted Utah False Claims Act. Indeed, the federal government has settled all of its claims related to Vioxx (see fn 1, *supra*), and there are no federal issues left to be decided. Therefore, if federal jurisdiction exists, it must be through an exception to the general rule.

The Court in *Gunn* explained this exception exists for a "special and small category" of cases when a claim finds its origins in state rather than federal law—as Minton's legal malpractice claim indisputably does. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). *Id.*, at *5. In outlining the contours of this

slim category, the Court noted it does not paint on a blank canvas, though it looks like one that Jackson Pollock got to first. See 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3562, pp. 175–176 (3d ed. 2008) (reviewing general confusion on question). *Id.* The Court then explained the standard:

> In an effort to bring some order to this unruly doctrine several Terms ago, we condensed our prior cases into the following inquiry: Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? *Grable,* 545 U.S., at 314, 125 S.Ct. 2363. That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id.,* at 313–314, 125 S.Ct. 2363. *Id.*, at *6.

The Court makes clear that all four elements must coincide. For our case, elements three and four clearly do not exist.

Any federal interest in this case is not substantial. The Court makes plain that the federal question must be more than the interests of the parties in this particular case. "As our past cases show, however, it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim "necessarily raise[s]" a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*, at *7.

If Merck is right about federal question jurisdiction arising out of federal Medicaid law, then every time the Attorney General seeks to enforce the Utah False Claims Act, he must do so in federal court. This would be true if he was suing a single doctor for overcharging. That is clearly contrary to congressional intent that the actions be state law specific and would impose a

significant increase in the work of the federal courts. Federal jurisdiction might be important to Merck, but it would significantly affect the federal system.

Likewise, the fourth element—appropriate balance of state and federal judicial responsibilities—is not present. Congress told the states to handle Medicaid fraud and to do it under their own respective State statutes. There is also no federal jurisdiction pursuant to federal pre-emption. "If Congress thought state-law suits posed an obstacle to its objectives, it surely would have enacted an express pre-emption provision at some point in the FDCA's 70 year history." *Wyeth v. Levine, 129 S.Ct. 1187,1200, 173 L.Ed2d 51,66 (2009).* Congress has not done so in this area of the law.

The courts are supposed to remand even when there is reasonable doubt as to federal jurisdiction. A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co,* 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Further, if federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey,* 29 F.3d at 151. When a sovereign State brings a claim, "considerations of comity make [the Court] reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 21 n. 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *McMaster*, *supra.*

Applying these standards, this Court is required to remand this matter to Utah State Court.

**B. This Court's supervision over pre-trial proceedings is no longer required.**

This matter was transferred to this Court by the Joint Panel on Multidistrict Litigation. See, *Order*, attached as Exhibit A. Plaintiffs assert that this matter is subject to remand regardless of the status of pre-trial proceedings. Nonetheless, the status of pre-trial proceedings, including discovery, further weigh in favor of remand.

The vast majority of the proceedings in this Multidistrict Litigation concern allegations that Vioxx failed to adequately warn of the cardiovascular risks of Vioxx. The State's claim is not a failure to warn claim, so any consolidated pre-trial matters specifically relevant to failure to warn claims are not helpful in this case. Instead, the State's claims arise under Utah's False Claims Act. Liability thereunder is solely related to false statements made by Defendant and not to an inadequate warning or other matters related to negligence or strict liability. Similarly, damages solely relate to a calculation of medical care paid for by the State's Medicaid system to persons receiving treatment within the State of Utah and statutory damages under the state's False Claims Act.

Utah anticipates taking six remaining depositions: a deposition currently scheduled for May 14, a deposition tentatively scheduled for June 17, 2013, two Rule 30(b)(6) depositions, and two additional depositions yet to be scheduled. The only remaining discovery issue which may be of interest to this Court is the State of Utah's production of certain portions of the Medicaid database. The parties have resolved the vast majority of this issue and have briefed those issues that remain unresolved. Utah is willing to postpone remand until the Court rules on this issue and Utah has produced the materials consistent with this Court's order.

In turn, since this case involves the State of Utah's Medicaid system, numerous witnesses needed for trial reside in Utah, including the State's Pharmacists, Duane Parke and Tim Morley;

Randy Baker, the person with most knowledge regarding the Medicaid database; Dennis Tolley, Ph.D., Plaintiffs' statistical expert, and a representative of the health department to testify as to reimbursement procedures.

Finally, on May 3, 2013, Merck filed a Motion for Judgment on the Pleadings, which concerns interpretation of Utah law as to the statute of limitations under the False Claims Act and matters related to the admissibility of evidence. Judges in the Utah State court system should decide these issues of Utah law.

**Conclusion**

For the foregoing reasons, Utah respectfully requests that this Court remand this case to the 3rd Judicial District Court in Utah where it was initially filed.

DATED this 8 day of May, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ 08901

/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **STATE OF UTAH'S RENEWED MOTION TO REMAND** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 8 day of May, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123