UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Percy Harris v. Merck Sharp & Dohme Corp., et al.*, | * | KNOWLES |
| 2:11-cv-02603-EEF-DEK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK'S MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Plaintiff Percy Harris commenced this action on June 14, 2010. In the nearly three years since his complaint was filed, Mr. Harris has not undertaken a single action to prosecute his claims. Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, respectfully moves the Court for entry of an Order requiring plaintiff to show cause why his claims should not be dismissed with prejudice for failure to prosecute. In support of this motion, Merck further states as follows:

1.   Plaintiff Harris commenced this action on June 14, 2010, by filing his complaint in Missouri state court.

2.   The Harris complaint was never served on Merck, but pursuant to its ordinary practice in the Vioxx litigation, Merck answered the complaint upon receiving notice of it in July, 2010, and thereafter removed the case to the U.S. District Court for the Eastern District of Missouri. *See* Rec. Doc. 1-2.

3. The case was subsequently transferred into this MDL in October 2011. *See* Rec. Doc. 1-2.

4. In the complaint, Mr. Harris alleges that his late wife, Deborah Harris "was prescribed Vioxx," and "suffered a stroke and died on January 14, 2008." Compl. ¶ 1.

5. Mrs. Harris's stroke is alleged to have occurred approximately three and a half years after the Vioxx withdrawal from the market. Vioxx was withdrawn from the market on September 30, 2004, and was no longer available for prescription after that date. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 802-803 (E.D. La. 2007). No additional facts are alleged relating to any connection between Mrs. Harris's alleged injury and Vioxx.

6. Included with the Conditional Transfer Order issued by the MDL Panel and docketed on October 13, 2011 was this Court's Pretrial Order ("PTO") No. 14. That Order gives notice to all counsel in the Vioxx litigation of the Court's practices relating to electronic filing and service. The Order also provides information about where the Court's Pretrial Orders and other information relating to the Vioxx litigation may be found on the Court's website, and it instructs that "[i]t is the responsibility of all counsel to regularly check the website and to familiarize themselves and comply with all orders governing this case." *See* Rec. Doc. 1-3 (PTO 14 at 3).

7. The Court has issued numerous pretrial discovery orders in the Vioxx litigation, including PTO 29, which applies to this case. PTO 29 requires, *inter alia*, that plaintiffs produce certain preliminary discovery materials within forty-five days of the transfer of their cases into the MDL, including a Plaintiff Profile Form, authorizations for the collection of medical records, and a Rule 26(a)(2) case-specific expert report from a medical expert attesting (i) that the plaintiff suffered an injury, and (ii) that Vioxx caused the injury. *See* PTO 29 at 1, 3. Mr. Harris

has not produced any of the materials required by PTO 29 in the year and half since his case was transferred into this MDL.

8. Upon noting that this case remained pending on the Court's docket, in the past two months counsel for Merck twice attempted to contact Mr. Harris's attorney of record to discuss the case. No response was received from plaintiff's counsel.

9. A district court may dismiss an action for failure to prosecute or to comply with any court order. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Harrelson v. U.S.*, 613 F.2d 114, 116 (5th Cir. 1980) (dismissal for failure to prosecute was not an abuse of discretion "[i]n light of the significant inactivity of the plaintiff," where the last pleading prior to a show cause order was filed twenty-two months before dismissal); *see also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

10. Courts in this District have repeatedly held that a plaintiff's failure to participate in his litigation is grounds for dismissal of that plaintiff's case. *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiffs' personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting defendant's Rule 41(b) motion when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL

3

54768, at * 1 (E.D. La. 1988) (dismissing plaintiff's claim after plaintiff did not respond to court orders and a notice was returned to sender by United States Post Office) (Moore, Mag., J.).

11.     Here, Mr. Harris has not taken a single action to pursue his claims since the filing of his complaint almost three years ago.  As such, he has failed to participate in this litigation, and his claims should be dismissed.  Accordingly, Merck requests that Mr. Harris be instructed to appear and show cause at a hearing on May 29, 2013 why his case should not be dismissed with prejudice.  A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter an order to show cause why Mr. Harris's claims should not be dismissed with prejudice.

Dated:  May 9, 2013

Respectfully submitted,

By: /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

4

1125980v1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion to Dismiss has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of May, 2013.

                                            */s/ Dorothy H. Wimberly*
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana  70130
                                            Phone:  504-581-3200
                                            Fax:     504-581-3361
                                            dwimberly@stonepigman.com

1125980v1