**EXHIBIT C**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re:  VIOXX Products Liability Litigation | * | MDL No. 1657 |
|  | * |  |
| This Document Relates to: | * | SECTION L |
|  | * |  |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
|  | * |  |
|  | * | MAGISTRATE JUDGE |
|  | * | KNOWLES |
|  | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF DAVID R. STALLARD

COUNTY OF  _SALT LAKE_          )

                                       )SS:

STATE OF UTAH                    )

David R. Stallard, being first duly cautioned and sworn, deposes and says on personal knowledge:

1.  I am a lawyer with bar membership in both Texas and Utah.  I am also a CPA in both states.

2.  I have personal knowledge of the matters hereinafter stated.

3.  In the summer of 2005, I was the Budget Director and Chief of the Administration Division for the Utah Attorney General's office.  In that capacity, I reported directly to the Attorney General, Mark Shurtleff.

4.  I was the first person in the Utah Attorney General's office or the health department

1

to  report to Attorney General Shurtleff the possibility of falsity in the submissions of claims to Utah Medicaid by Merck & Co. for the pharmaceutical Vioxx.

5.   My information arose out of press reports of the State of Texas filing suit against Merck alleging false advertisement and other actions indicating fraudulent behavior.  These press reports were in early or mid July 2005.

6.   I took that information to Attorney General Shurtleff.  He authorized me to investigate the possibility of fraudulent behavior.  This was a task beyond my duties as Budget Director and Administration Division Chief, and I could not devote full time to the investigation. The only actions I had time to do were monitoring what other states were doing and alleging.  I did not have the time to do further investigations of Merck activities or statements.

7.   In July 2005, I obtained a copy of the Texas complaint.  It did allege indications of fraudulent behavior by Merck.  I brought those concerns to the attention of Attorney General Shurtleff.

8.   At that point, no one in the Utah Attorney General's office knew what causes of action the State might have arising out of the Merck conduct.  My notes reflect that the first suggestion of a Utah False Claims Act action was on September 21, 2005.  At that time, we did not know if the Utah Consumer Protection Act would also cover this conduct.

9.   No one at the Attorney General's office had ever prosecuted a civil pharmaceutical claim on the scale of Vioxx.  No one in the institutional memory of the office had ever brought a civil false claims action other than indirectly through NAMFCU multi-state "global" cases.  At that time, there was only one attorney in the Medicaid Fraud Control Unit and his background and focus were in criminal prosecutions.

10. It was obvious that if there was a cause of action, the matter was too large for the Attorney General's office to handle.  Beginning in mid-August 2005 and continuing through December 2005, the Attorney General's office interviewed a number of law firms with pharmaceutical expertise.

11. Based upon my notes, on December 4, 2005, we met with prospective counsel Mike Gallagher of Texas.  Mr. Gallagher informed the Attorney General's office of the New England Journal of Medicine article placed by Merck in 2002.  Mr. Gallagher informed us that the Journal was to publish a retraction or clarification of the prior study as Merck had knowingly failed to report three additional heart attacks.  This was the first notice of falsity to the Utah Attorney General's office of Merck's knowing misrepresentations as to the VIGOR study.

12. Based primarily upon the Gallagher information, counsel was retained the first week in January 2006 with suit filed in April 2006.

Further affiant sayeth naught.

David R. Stallard

SUBSCRIBED AND SWORN TO before me on this 15th day of
May , 2013.

NOTARY PUBLIC

My Commission Expires:
5/11/16

Notary Public
BONNIE LARSEN
Commission #655881
My Commission Expires
May 11, 2016
State of Utah

3