**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>Products Liability Litigation<br><br>This Document Relates to:<br><br>DISTRICT OF COLUMBIA, *ex rel*<br>KENNETH WALKER,<br><br>Plaintiff,<br><br>versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>Defendant.<br><br>Case No. 2:08-cv-4148 | *<br>*<br>*<br>*<br>* MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* KNOWLES<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY RELATOR'S FALSE CLAIMS ACT CLAIM SHOULD NOT BE DISMISSED

Merck's motion is based on a simple fact: "Relator does not . . . have any information about his [False Claims Act ("FCA")] claim." (Def.'s Mem. Of Law In Supp. Of Mot. For Order To Show Cause Why Relator's False Claims Act Claim Should Not Be Dismissed ("Mot.") at 2.) Relator offers not a single word in response. Instead, his opposition argues exclusively that the public-disclosure bar does not apply to the articles he cites in his complaint because those articles do not show fraud. Merck welcomes this admission, but the argument misses the point – what *does* show fraud? More specifically, what allegation of fraud does *Relator* make that is based on facts not already available in the public domain? The answer is "nothing," and Relator's claim therefore fails as a matter of law.

According to Relator, the articles in his complaint are not the source of his fraud allegations because those articles do not disclose "'allegations and transactions' of fraud." (Opp'n To Def.'s Mot. For Order To Show Cause Why Relator's False Claims Act Claim Should Not Be Dismissed ("Opp'n") at 2.) Rather, Relator argues, the relevant "fraud" here is "that Merck intentionally withheld information or that Merck engaged in . . . nefarious conduct in its marketing efforts" – which he says is not disclosed in the articles he cites. (*Id.* at 3.) But Relator's complaint offers absolutely no basis for these allegations.

Putting aside references to publicly available information, Relator's complaint merely consists of the same generic allegations about Vioxx and Merck's conduct that have appeared in nearly every one of the thousands of Vioxx complaints filed since the drug was taken off the market:

- Merck failed to warn Relator of "any problems that may have been associated with Vioxx" (Am. Compl. ¶ 17);

- Merck withdrew Vioxx from the market (*id.* ¶¶ 18, 28);

- Prior to withdrawal, Merck "was aware of significant cardiovascular risks associated with the use of Vioxx and yet, in an aggressive and intentional sales blitz, obfuscated the risks and encouraged physicians and medical providers to prescribe Vioxx" (*id.* ¶ 29);

- Merck's "highly trained . . . sales force met face to face with medical providers" to promote Vioxx with "inaccurate and misleading information" (*id.* ¶ 30);

- The sales force was instructed "to use the 'Cardiovascular Card' to respond" to the results of the VIGOR study (*id.* ¶¶ 33, 34, 36, 37);

- Merck's sales force used "misleading and unscientific studies" to persuade "physicians to prescribe Vioxx" (*id.* ¶ 40).

None of these allegations breaks new ground. And of course, reliance on allegations in other civil complaints is likewise prohibited by the public-disclosure bar. D.C. Code § 2-308.15(c)(2)(A) ("No person may bring an [FCA] action . . . based upon allegations . . . in a . . .

civil . . . proceeding . . . unless the person bringing the action is an original source of the information."). Indeed, as one of Relator's own cases observed, "[a] relator's suit [that] is 'based upon' prior allegations" is barred "where it consists of 'merely variations on the fraud [that a prior] complaint described.'" *United States ex rel. Hockett v. Columbia HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 49 (D.D.C. 2007) (citation omitted). (Opp'n at 6 (citing *Hockett*).) This bar effectuates the basic purpose of the act (common to most false claims acts): to "deter and punish false claims" by empowering **whistleblowers** – i.e., individuals "with **direct** and **independent** knowledge of those claims" – "to file suit on behalf of the District as a *qui tam* plaintiff." Council of the District of Columbia, Committee on Government Operations, Report on Bill 12-363, *The Procurement Reform Amendment Act of 1997*, Oct. 28, 1997, at 1 (emphases added) (attached as Ex. 1). After all, once allegations of fraud have been disseminated in the public domain, "a *qui tam* action would serve no purpose" because the government is itself "in a position to vindicate society's interests." *United States ex rel. Feingold v. AdminaStar Fed., Inc.*, 324 F.3d 492, 495 (7th Cir. 2003) (interpreting federal FCA). That is clearly the case here, since two governmental entities filed similar suits against Merck – before Relator filed his complaint – making substantively identical allegations. *See, e.g.*, Compl., *Foti v Merck & Co., Inc.*, No. 2005-9085 (La. Civ. Dist. Ct. filed July 6, 2005), in D.1-2, *Louisiana v. Merck & Co., Inc.*, No. 2:05-cv-3700 (E.D. La. filed Aug. 5, 2005); *see also* Orig. Pet., *Texas v. Merck & Co., Inc.*, No. GV 503021 (Dist. Ct. Travis County, Tex. filed June 30, 2005) (attached as Ex. 2).

In any event, the Court need not parse Relator's complaint or the articles he quotes in it to determine that this suit is improper. After all, Relator's conduct to date makes it clear that he is empty-handed. As Merck explained in its opening brief, "Relator has been unable or unwilling to provide Merck with discovery relevant to the FCA claim." (Mot. at 3.) As a result, "Merck is

3

being forced to seek discovery from a third party" – the District of Columbia – "in order to defend itself against Relator's unauthorized case." (*Id.* at 2.) All of this is still true – and Relator does not contend otherwise in his opposition. This is precisely the sort of *qui tam* case that the D.C. Council sought to prevent through the public-disclosure bar. Accordingly, the Court should enter an order to show cause why Relator's FCA claim should not be dismissed.[1]

## CONCLUSION

For the foregoing reasons, and those set forth in Merck's opening brief, the Court should enter an order to show cause why Relator's FCA claim should not be dismissed.

Dated: December 17, 2010                                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

---

[1] Although Merck's opening brief did not address Relator's standing to assert a claim under the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3904, Relator has chosen to raise the issue in his opposition brief. Merck disagrees that Relator has a cause of action under the CPPA, but because that argument has no bearing on the viability of Relator's FCA claim, Merck does not address it here.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of December, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel