UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| ***Cheryl Sample (as administrator for the*** | * | |
| ***deceased Michael Wodowski), et al. v. Merck &*** | * | |
| ***Co., Inc., et al., 3:08-cv-04559-EEF-DEK*** | * | |
| | * | |

**************************************************************************

## DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully requests that the Court enter summary judgment pursuant to Federal Rule of Civil Procedure 56 in Defendant's favor on all of Plaintiffs' claims and dismiss Plaintiffs' claims against Merck with prejudice.  By Order of February 1, 2013, this Court set April 18, 2013 as the revised and extended deadline for Plaintiffs to designate experts and submit written expert reports as required by Rule 26(a)(2). Plaintiffs neither designated a testifying expert nor submitted a written expert report as required by the Court's February 1, 2013 Order.

In this case, the administrators of the estate of Michael Wodowski seek to recover for injuries related to a stroke Mr. Wodowski suffered on May 29, 2005, nearly eight months after he stopped taking Vioxx.  To prevail, Plaintiffs must prove—through competent expert testimony—that the injuries Mr. Wodowski sustained were caused by Vioxx.  Because Plaintiffs have put forth no competent evidence on causation—an element of each and every claim in their

complaint—Plaintiffs' claims fail as a matter of law, and summary judgment in Merck's favor should be granted.[1]

## BACKGROUND

Michael Wodowski, a resident of New York, was prescribed Vioxx in June 2002 for arthritic pain and inflammation.  Ex. 1 (Compl.) ¶¶ 1, 21; Ex. 2 (Am. & Suppl. Pl. Profile Form), at 5, 8-9.[2]  Mr. Wodowski stopped taking Vioxx on or about September 30, 2004, when Vioxx was withdrawn from the market.  Ex. 2, at 8; Ex. 3 (Sept. 30 Merck News Release), at 1; *see also* Ex. 1 ¶ 21.  On May 29, 2005—approximately eight months later—Mr. Wodowski suffered a "cerebral vascular accident," commonly known as a stroke.  Ex. 1 ¶ 24; Ex. 5 (Selected Mercy Hospital Records), at 1.  There is no evidence in the record that Mr. Wodowski was taking Vioxx at the time of his stroke or that he had taken Vioxx at any time in the nearly eight months leading up to it.  Merck's L.R. 56.1 Stmt. of Mat. Facts ("Stmt. of Mat. Facts") ¶ 6.

On May 27, 2008, Mr. Wodowski, through counsel,[3] filed a complaint in New York state court alleging that his use of Vioxx caused his May 29, 2005 stroke.  Ex.1, at 1, 11.  The complaint asserted claims for negligence, breach of warranty, strict liability, and failure to warn.

---

[1] Merck has retained an expert who will testify that Vioxx did not cause or contribute to Mr. Wodowski's May 29, 2005 stroke and who stands ready to provide a written expert report that complies with Rule 26(a)(2).  Because Plaintiffs bear the burden of proof on the issue of causation, however, and because Plaintiffs have not yet designated an expert willing and prepared to testify that Vioxx caused Mr. Wodowski's stroke, it is Merck's position that the Court's scheduling order does not obligate Merck to serve Plaintiffs with its opposing expert report at this time.

[2] All exhibits referenced herein are attached to Defendant's Statement of Material Facts As To Which There Is No Dispute, filed contemporaneously with this Motion.

[3] Mr. Wodowski's complaint was filed by Joy Ellen Miserendino of Miserendino, Celniker, Seegert & Estoff, P.C., a law firm to whom Mr. Wodowski's power of attorney authorized the release of medical records regarding Mr. Wodowski for purposes of litigation in January 2006.  Ex. 6 (Power of Attorney); Ex. 7 (Authorization for Release of Health Information).  Ms. Miserendino, now of The Miserendino Law Firm, continues to represent Plaintiffs in this case.

*Id.* ¶¶ 38-72.  Merck removed Mr. Wodowski's case to federal court, and the case was transferred to this Court for inclusion in the Vioxx Products Liability Litigation MDL.  Ex. 4 (Selected Court Records), at 1-5.  After Mr. Wodowski passed away, the Court substituted Cheryl Sample, William Wodowski, and Mary R. Zak ("Plaintiffs") for Michael Wodowski for purposes of this case.  *Id.* at 6-7.

On May 15, 2012, the Court entered Pretrial Order ("PTO") No. 58 to govern all remaining discovery in the cases identified therein, including this case.  *Id.* at 8-17.  The PTO set February 18, 2013 as the deadline for Plaintiffs to designate experts and submit written expert reports as required by Federal Rule of Civil Procedure 26(a)(2).  *Id.* at 12, 17.  On February 1, 2013, the Court entered an order extending the deadlines set forth in PTO 58 by approximately two months in the cases identified therein, including this case.  *Id.* at 18-19.  The order set April 18, 2013 as the revised deadline for Plaintiffs to designate experts and submit written expert reports as required by Rule 26(a)(2).  *Id.* at 18.

April 18, 2013 came and went, and Plaintiffs neither designated a testifying expert nor submitted a written expert report as required by the Court's February 1, 2013 Order.  Ex. 8 (Decl. of Amy R. Davis) ¶¶ 3-5.  As of the time of the filing of this motion, Plaintiffs still have not made an expert designation or submitted a written expert report, nor has Plaintiffs' counsel contacted Merck or filed a motion with the Court seeking an extension of time for compliance with the Court's order.  *Id.*; Dkt. in MDL No. 1657.

## LEGAL STANDARD

Summary judgment should be granted whenever it becomes apparent that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). A party moving for summary judgment may discharge its burden to support the motion "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. The burden of production then shifts to the nonmoving party to introduce specific facts showing there is a genuine issue for trial. *Id.* at 322-24; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Where expert testimony is necessary to prove an element of a plaintiff's cause of action, and where the plaintiff fails to designate an expert capable of providing admissible testimony on that element, Rule 56 requires entry of summary judgment against the plaintiff. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 471 (5th Cir. 2012) (per curiam); *see also Celotex*, 477 U.S. at 322.

## ARGUMENT

In this case, Plaintiffs seek to recover for injuries related to a stroke Mr. Wodowski suffered in May 2005 that Plaintiffs claim was caused by Vioxx. Plaintiffs' complaint alleges four causes of action:  negligence, breach of warranty, strict liability, and failure to warn. Ex. 1

¶¶ 38-72.  Under New York law,[4] regardless of which of these theories Plaintiffs pursue, it is Plaintiffs' burden to prove that Vioxx caused, *i.e.*, was a substantial factor in causing, Mr. Wodowski's claimed injuries.  *See Tardella v. RJR Nabisco, Inc.*, 576 N.Y.S.2d 965, 966 (N.Y. App. Div. 1991).[5]

When a case presents an issue of causation that is presumed to be beyond the common knowledge and experience of an ordinary juror, New York law requires causation to be proven through expert testimony.  *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991) (citing *Meiselman v. Crown Heights Hosp.*, 34 N.E.2d 367, 370 (N.Y. 1941)); *Parker v. Mobil Oil Corp.*, 793 N.Y.S.2d 434, 436-37 (App. Div. 2005), *aff'd*, 857 N.E.2d 1114 (N.Y. 2006).  "Expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person."  *Nealy*, 587 F. Supp. 2d at 586 (applying New York law) (internal quotation marks omitted); *see also Parker*, 793 N.Y.S.2d at 436-37 (plaintiff could not prove that leukemia was caused by exposure to carcinogenic substance without expert testimony).  This is particularly true when the claimed injury did not result immediately after contact with the alleged cause, *see Barnes v. Anderson*, 202 F.3d 150,

---

[4] This Court has previously determined that the applicable substantive law in Vioxx cases is the law of the state where the plaintiff resided when he was prescribed Vioxx, when he ingested Vioxx, and when he was allegedly injured by the drug—in this case, New York.  *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 905-06 (E.D. La. 2007); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 455-58 (E.D. La. 2006); *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741, 749 (E.D. La. 2006); Ex. 2, at 8-9.

[5] *See also Becker v. Schwartz*, 386 N.E.2d 807, 812 (N.Y. 1978) (negligence); *Nealy v. U.S. Surgical Corp.*, 587 F. Supp. 2d 579, 584 (S.D.N.Y. 2008); N.Y. U.C.C. Law § 2-314 (McKinney 2013), cmt. 13 (breach of warranty); *Codling v. Paglia*, 298 N.E.2d 622, 628 (N.Y. 1973) (strict liability); *Voss v. Black & Decker Mfg.*, 450 N.E.2d 204, 207 (N.Y. 1983) (strict liability-failure to warn); *accord In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. at 462 (noting that each Vioxx plaintiff bears the burden of proving medical causation in his specific case).

159-61 (2d Cir. 1999), or where an illness or injury "has multiple potential etiologies," *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004).

Here, Plaintiffs bear the burden of proving that Vioxx was a substantial factor in causing Mr. Wodowski's stroke. Given that nearly eight months had passed between Mr. Wodowski last contact with Vioxx and his May 2005 stroke, *see* Stmt. of Mat. Facts ¶¶ 2-7, and given that Mr. Wodowski's stroke was said to be of "question[able] etiology," Ex. 5, at 1, Plaintiffs cannot satisfy their burden to prove causation without expert testimony. *See* cases cited *supra* pp. 5-6; *accord Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1214 (10th Cir. 2002) (causal link between prescription drug and plaintiff's stroke had to be proven through expert testimony).

The Court initially set February 18, 2013 as the deadline for Plaintiffs to designate an expert willing to testify under oath that Vioxx caused Mr. Wodowski's injury and to submit a written expert report that complies with Rule 26(a)(2). Ex. 4, at 12, 17. The court later extended that deadline an additional two months to April 18, 2013. *Id.* at 18. Plaintiffs did not designate an expert on the issue of causation or submit a Rule 26 expert report by that Court-imposed deadline. Ex. 8 ¶¶ 3-5. This is despite Plaintiffs' counsel having filed this lawsuit nearly five years ago and having been authorized to receive Mr. Wodowski's medical records for purposes of litigation over seven years ago. Ex. 1, at 1-11; Stmt. of Mat. Facts ¶¶ 7-8.

Nearly a month has passed since the April 18 deadline, and Plaintiffs *still* have not identified a testifying expert or submitted an expert report that complies with Rule 26(a)(2). Ex. 8 ¶¶ 3-5. Nor has counsel for Merck received any communication from Plaintiffs' counsel seeking an extension of time for compliance with the expert deadlines in the Court's February 1, 2013 Order. *Id.* Rather, it appears that Plaintiffs have entirely ignored the Court's scheduling order (not the first time Plaintiffs have missed deadlines), or have implicitly conceded that they

6

are unable to identify a competent expert on the issue of causation.[6]  Either way, summary

judgment in Merck's favor is appropriate.  *See, e.g.*, *Smith v. Johnson & Johnson*, 483 F. App'x

909 (5th Cir. 2012) (per curiam) (affirming grant of summary judgment when plaintiffs failed to

timely designate a competent expert on causation despite having had ample time to do so).

## CONCLUSION

For the reasons stated above, the Court should grant Defendant's Motion for Summary

Judgment and dismiss Plaintiffs' claims against Merck with prejudice.

Dated:  May 17, 2013                                Respectfully submitted,

                                                    By: */s/ Dorothy H. Wimberly*
                                                         Phillip A. Wittmann, 13625
                                                         Dorothy H. Wimberly, 18509
                                                         STONE PIGMAN WALTHER
                                                         WITTMANN L.L.C.
                                                         546 Carondelet Street
                                                         New Orleans, Louisiana 70130
                                                         Phone: 504-581-3200
                                                         Fax:    504-581-3361

                                                    Defendants' Liaison Counsel

                                                     —and—

                                                         Douglas R. Marvin
                                                         Eva Petko Esber
                                                         Amy R. Davis
                                                         WILLIAMS & CONNOLLY LLP
                                                         725 Twelfth Street, N.W.
                                                         Washington, D.C. 20005
                                                         Phone: 202-434-5000
                                                         Fax:    202-434-5029

                                                    Attorneys for Merck Sharp & Dohme Corp.

---

[6] Plaintiffs' *Lone Pine* expert report contains no more than a conclusory statement on causation.
*See* Ex. 9 (*Lone Pine* report of Richard S. Castaldo, M.D.), at 2.  Notably, Dr. Castaldo includes
a sentence in his report identifying the medical findings that support Mr. Wodowski's *stroke
diagnosis* but does not include a comparable sentence explaining the basis for his causation
opinion.  *Id.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Summary Judgment and Incorporated Memorandum of Law has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of May, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel