UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| *Cheryl Sample (as administrator for the* | * | |
| *deceased Michael Wodowski), et al. v. Merck &* | * | |
| *Co., Inc., et al.,* 3:08-cv-04559-EEF-DEK | * | |
| | * | |

*****************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S L.R. 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

Pursuant to L.R. 56.1, Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1. Plaintiffs allege that Mr. Wodowski was prescribed Vioxx in June of 2002 for arthritic pain and inflammation. Compl. (attached hereto as Ex. 1) ¶ 21; *see also* Am. & Suppl. Pl. Profile Form ("PPF") (attached hereto as Ex. 2), at 5.

2. Plaintiffs allege that Mr. Wodowski stopped taking Vioxx when Vioxx was taken off the market. Ex. 2, at 8; *see also* Ex. 1 ¶ 21.

3. Vioxx was voluntarily withdrawn from the worldwide market by Merck on September 30, 2004. Sept. 30, 2004 Merck News Release (attached hereto as Ex. 3).

4. Plaintiffs allege that, on May 29, 2005, Mr. Wodowski suffered "a cerebral vascular accident (stroke)." Ex. 1 ¶ 24.

5.      A History and Physical from Mercy Hospital of Buffalo dated May 31, 2005 states that Mr. Wodowski was admitted to the hospital on May 29, 2005 with an admission diagnosis of "CVA." Selected Medical Records (attached hereto as Ex. 4), at 1. The clinical impression was that Mr. Wodowski suffered an "occipital infarct question etiology." *Id.*

6.      There is no evidence in the record that Mr. Wodowski was taking Vioxx on May 29, 2005 or that he had taken Vioxx at any time after its withdrawal from the market.

7.      On June 29, 2005, Mr. Wodowski granted Cheryl Sample a durable general power of attorney, which included the authority to handle "claims and litigation" and to "delegate any or all of the foregoing powers to any person or persons whom [Ms. Sample] shall select." Durable Power of Attorney (attached hereto as Ex. 6), at 1-3.

8.      On January 24, 2006, Ms. Sample authorized the release of Mr. Wodowski's medical records to the law firm of Miserendino, Celniker, Seegert & Estoff, P.C. for purposes of litigation. Authorization for Release of Health Information (attached hereto as Ex. 7), at 1.

9.      On May 27, 2008, Mr. Wodowski, by counsel Joy Ellen Miserendino, Esq. of Miserendino, Celniker, Seegert & Estoff, P.C., filed a complaint in the Erie County Supreme Court in the state of New York. Ex. 1, at 1, 11. The complaint alleged that Mr. Wodowski's use of Vioxx caused him to suffer a stroke on May 29, 2005. *Id.* ¶ 24. The complaint asserted four causes of action: negligence, breach of warranty, strict liability, and strict product liability failure to warn. *Id.* ¶¶ 38-72.

10.     Michael Wodowski resided in the state of New York when the complaint was filed and had resided in the state of New York since at least 1995. Ex. 1 ¶ 1; Ex. 2, at 8-9.

11.     On July 24, 2008, Mr. Wodowski's case was removed to the United States District Court for the Western District of New York. Ex. 4, at 1-2. On September 30, 2008, the

case was transferred to the United States District Court for the Eastern District of Louisiana (hereinafter, the Court) for inclusion in MDL No. 1657.  *Id.* at 3-5.

12. On February 23, 2010, Mr. Wodowski passed away.  Ex. 4 at 6.  Cheryl Sample, Mary R. Zak, and William A. Wodowski were appointed as administrators of Mr. Wodowski's estate.  *Id.*  On September 29, 2011, the Court granted the Motion for Substitution of Parties filed by counsel on behalf of Ms. Sample, Ms. Zak, and Mr. Wodowski ("Plaintiffs") and substituted Plaintiffs for Mr. Wodowski for purposes of this case.  *Id.* at 7.

13. On May 15, 2012, the Court entered Pretrial Order ("PTO") No. 58 to govern all remaining discovery in the cases identified therein, including this case.  Ex. 4 at 8-17.  The PTO set February 18, 2013 as the deadline for Plaintiffs to designate experts and submit written expert reports as required by Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)).  *Id.* at 12, 17.

14. On February 1, 2013, the Court entered an order extending the deadlines set forth in PTO 58 by approximately two months in the cases identified therein, including this case.  Ex. 4, at 18-19.  The Court's order set April 18, 2013 as the revised deadline for Plaintiffs to designate experts and submit written expert reports as required by Rule 26(a)(2).  *Id.* at 18.

15. No expert designation or written expert report by Plaintiffs pursuant to Rule 26(a)(2) was posted to LexisNexis File & Serve Advanced ("File & Serve") on or before April 18, 2013 in the above-captioned case.  Decl. of Amy R. Davis (attached hereto as Ex. 8) ¶ 3.

16. No expert designation or written expert report by Plaintiffs pursuant to Rule 26(a)(2) has been posted to File & Serve since April 18, 2013.  Ex. 8 ¶ 3.

17. No expert designation or written expert report by Plaintiffs pursuant to Rule 26(a)(2) was received by email, first-class mail, overnight mail, or any other method on or before

April 18, 2013 by Defendants' Liaison Counsel Dorothy Wimberly or by the attorneys or paralegals at Williams & Connolly LLP that have had involvement with this case.  Ex. 8 ¶¶ 4-5.

18. No expert designation or written expert report by Plaintiffs pursuant to Rule 26(a)(2) was received by email, first-class mail, overnight mail, or any other method since April 18, 2013 by Defendants' Liaison Counsel Dorothy Wimberly or by the attorneys or paralegals at Williams & Connolly LLP who have had involvement with this case.  Ex. 8 ¶¶ 4-5.

19. Neither Dorothy Wimberly nor any of the attorneys or paralegals at Williams & Connolly LLP who have had involvement with this case have received any communication from Plaintiffs' counsel or her paralegals seeking an extension of time for compliance with the expert deadlines set forth in the Court's February 1, 2013 Order.  Ex. 8 ¶¶ 4-5.

20. The *Lone Pine* expert report submitted by Richard S. Castaldo, M.D., on behalf of Plaintiffs states that it is Dr. Castaldo's opinion to a reasonable degree of medical certainty that Mr. Wodowski sustained bilateral occipital lobe infarcts with right temporal lobe infarct and that Vioxx caused such injury.  *Lone Pine* Expert Report of Richard S. Castaldo, M.D. (attached hereto as Ex. 9), at 2.  Dr. Castaldo's report includes a sentence identifying the medical findings which support Mr. Wodowski's diagnosis but does not contain a sentence explaining the basis for his opinion that Vioxx caused Mr. Wodowski's stroke.  *Id.*

Respectfully submitted,

By: /s/ *Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

    Douglas R. Marvin
    Eva Petko Esber
    Amy R. Davis
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts as to Which There Is No Dispute and the exhibits referenced therein have been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of May, 2013.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel