# Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
- - - - - - - - - - - - - - - - - - - - - - - - - -x
:
MICHAEL WODOWSKI,                                   :
:
                         Plaintiff,   :   Index No.: 2008/6265
:
       vs.                                          :   **NOTICE OF FILING OF**
:   **NOTICE OF REMOVAL**
MERCK & CO., INC., MODEN-GIROUX, INC.                :
d/b/a TRANSIT HILL PHARMACY,                         :
:
                       Defendants..  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - -x

      PLEASE TAKE NOTICE that Defendant, Merck & Co., Inc. ("Merck"), through undersigned counsel, has removed this case to the United States District Court for the Western District of New York by filing a Notice of Removal. A copy of Merck's Notice of Removal is attached as Exhibit A hereto.

Exhibit 4 – Page 1

Dated: New York, New York
July 2⁂, 2008

          Respectfully submitted,

          HUGHES HUBBARD & REED LLP

          By: /s/ Vilia B. Hayes
          Theodore V. H. Mayer
          Vilia B. Hayes

          One Battery Park Plaza
          New York, New York 10004-1482
          (212) 837-6000


          PHILLIPS LYTLE LLP
          Peter D. Braun
          Tamar P. Halpern
          Cindy Kaplan Bennes
          Suite 3400
          One HSBC Center
          Buffalo, New York  14203-2887
          (716) 847-8400


          *Attorneys for Defendant Merck & Co., Inc.*

Exhibit 4 – Page 2



A CERTIFIED TRUE COPY
ATTEST

By April Layne on Sep 30, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 30, 2008

FILED
CLERK'S OFFICE

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Michael Wodowski v. Merck & Co., Inc., et al.,
W.D. New York, C.A. No. 6:08-6334

08-4559
SECT. L   MAG. 3

MDL No. 1657

### ORDER LIFTING STAY OF CONDITIONAL TRANSFER ORDER

A conditional transfer order was filed in this action (*Wodowski*) on August 26, 2008. Prior to expiration of that order's 15-day stay of transmittal, plaintiff in *Wodowski* filed a notice of opposition to the proposed transfer. Plaintiff in *Wodowski* subsequently failed to file the required motion and brief to vacate the conditional transfer order.

IT IS THEREFORE ORDERED that the stay of the Panel's conditional transfer order designated as "CTO-141" filed on August 26, 2008, is LIFTED insofar as it relates to this action. The action is transferred to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 being conducted by the Honorable Eldon E. Fallon.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Exhibit 4 – Page 3

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

CHAIRMAN:
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

September 30, 2008

Loretta G. Whyte, Clerk
U.S. District Court
500 Poydras Street, Room C-151
New Orleans, LA 70130

Re: MDL No. 1657 -- IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation

   Michael Wodowski v. Merck & Co., Inc., et al., W.D. New York, C.A. No. 6:08-6334

Dear Ms. Whyte:

   A conditional transfer order was filed in the above matter on August 26, 2008. Prior to the expiration of that order's 15-day stay, opposition to the proposed transfer was filed and, pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order was stayed until further order of the Panel. The opposition has now been withdrawn and I am therefore attaching as a separate PDF document a certified copy of today's order lifting the stay of the conditional transfer order and transferring the action to your district pursuant to 28 U.S.C. § 1407. The order is directed to you for filing

   **The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation. Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

   Attached to this letter is a list of involved counsel.

                                              Very truly,

                                              Jeffery N. Lüthi
                                              Clerk of the Panel

                                              By _/s/ April C. Layne_
                                                 April C. Layne
                                                 Docket Specialist

Enclosures

cc:   Transferee Judge: Judge Eldon E. Fallon

                                                                         JPML Form 68C

Exhibit 4 – Page 4

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1657

### INVOLVED COUNSEL LIST

Cindy K. Bennes
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203

Bruce F. Gilpatrick
HEIDELL PITTONI MURPHY & BACH LLP
99 Park Avenue
New York, NY 10016

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Norman C. Kleinberg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Theodore V. Mayer
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Joy Ellen Miserendino
MISERENDINO CELNIKER SEEGERT & ESTOFF PC
964 Ellicott Square Building
295 Main Street
Buffalo, NY 14203

Phillip A. Wittmann
STONE PIGMAN WALTHER & WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130-3588

Exhibit 4 – Page 5

Certificate# 2406

# SURROGATE'S COURT OF THE STATE OF NEW YORK
## CATTARAUGUS COUNTY

File #: 2010-33911

## CERTIFICATE OF APPOINTMENT OF ADMINISTRATOR(S)

IT IS HEREBY CERTIFIED that Letters in the estate of the Decedent named below have been granted by this court, as follows:

Name of Decedent: **Michael J Wodowski**              Date of Death: **February 23, 2010**

Domicile of Decedent: **Village Of Gowanda**

Fiduciary Appointed: **Cheryl Sample**                               **William A Wodowski**
Mailing Address:    39 Williamstown Court, #2          45 Fox Hunt
                    Cheektowaga NY  14227              Lancaster NY  14043

**Mary R Zak**
591 Pleasant View
Lancaster NY  14043

Type of Letters Issued: **LETTERS OF LIMITED ADMINISTRATION**

Letters Issued On: **September 24, 2010**

Limitations:     In any action hereafter brought by said Administrator(s) against any person, party or corporation whatsoever, for negligently causing personal injuries and/or the death of said Deceased, the authority of said Administrator(s) is/are hereby limited to the prosecution of such action; and said Administrator(s) is/are hereby prohibited and restrained from compromising said action or enforcing any judgment which may be recovered until further order of this Court or Supreme Court or other Trial Court.

and such Letters are unrevoked and in full force as of this date.

Dated: **September 27, 2010**

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Cattaraugus County Surrogate's Court at Little Valley, New York.

WITNESS, Hon. Larry M Himelein, Judge of the Cattaraugus County Surrogate's Court.

_____
Christine M Wrona, Chief Clerk
Cattaraugus County Surrogate's Court

*This Certificate is Not Valid Without the Raised Seal of the Cattaraugus County Surrogate's Court*

Exhibit 4 – Page 6



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | : | MDL NO. 1657 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO: | : | |
| *Michael Wodowski v. Merck & Co., Inc., et al.,* | : | JUDGE FALLON |
| *2:08-CV-04559-EEF-DEK* | : | |
| | : | MAG. JUDGE KNOWLES |

## ORDER

Considering the Suggestion of Death and Motion for Substitution of Parties and the consent of Merck Sharp Dohme Corp. to the motion,

IT IS ORDERED that Cheryl Sample, William Wodowski and Mary R. Zak's Suggestion of Death and Motion for Substitution of Parties is granted. Cheryl Sample, William Wodowski and Mary R. Zak, as Administrators of the deceased, Michael Wodowski, shall be substituted for Michael Wodowski for all purposes in this action.

New Orleans, Louisiana, this __29th__ day of September, 2011.

*/s/ Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

Exhibit 4 – Page 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| **Cases listed on Exhibits A, B and C** | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRETRIAL ORDER NO. 58**
**(Case Management Order for Remaining Personal Injury Actions )**

Approximately 70 personal injury cases remain in this MDL proceeding, out of tens of thousands of cases that were previously resolved. The cases can largely be categorized into three groups – (1) cases alleging a myocardial infarction ("MI") or stroke injury; (2) cases alleging venous thromboembolism injuries ("VTEs"); and (3) cases alleging all other injuries ("Other Injuries")[1].

This Order governs the management of cases that allege VTE injuries, Other Injuries, and Heart Attack/Stroke/TIA injuries.

Accordingly, it is hereby **ORDERED:**

**I.    REMAINING DISCOVERY IN VTE AND "OTHER INJURY" CASES**

All remaining generic discovery and case specific factual discovery shall take place in accordance with Pretrial Orders issued by this Court. All fact and expert discovery will be completed by the parties in the MDL prior to consideration of any motions to remand/transfer. As this Court has indicated previously, it is the intention of this Court that, if any individual

---

[1] The characterization of individual injuries is for the purposes of the scheduling order only.

Exhibit 4 – Page 8

cases are remanded back to transferor courts, the case will be remanded in a "trial ready" posture. At this late juncture of the proceedings, it would not be the most efficient use of limited judicial resources to require other judges to essentially start anew with these cases.

A significant benefit of MDL coordination arises from the conservation of judicial resources, and the ability of a judge who is knowledgeable about the extensive history of the litigation to address and manage discovery issues and motions practice more efficiently. The continued centralized management of pretrial proceedings under the supervision of this Court will assist the parties to ready cases for trial in the most just and efficient manner. In short, continued MDL coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407).

## II.  GENERAL CAUSATION FOR VTE CASES

The largest group of cases remaining in this MDL consists of venous thromboembolism injuries, such as pulmonary embolisms and deep vein thromboses.

Merck has a pending motion for summary judgment (filed November 2, 2011) that essentially asserts that plaintiffs cannot produce legally sufficient evidence to establish that Vioxx usage causes VTE injuries. Plaintiffs were given until **May 7, 2012** to produce an expert report on general causation. Due to unexpected problems encountered with the Plaintiffs' Document Depository, Liaison Counsel has sought an extension of that deadline.

Further proceedings in the **VTE Cases** (*listed on Exhibit A*) shall take place as follows:

- Plaintiffs produce generic expert report(s) on general causation by **August 15, 2012**;

2

Exhibit 4 – Page 9

- Defendant produces any supplemental/rebuttal reports by **August 31, 2012**.
- Completion of expert depositions in *VTE* cases – **October 15, 2012**.

*Daubert Motions in PE/DVT Cases*

*Daubert* motions due – **November 21, 2012**

Opposition to *Daubert* motions due – **December 21, 2012**

*Daubert* Reply briefs due – **January 7, 2013**

*Daubert* hearing – ***T/B/A***

III. DISCOVERY IN "OTHER INJURY" CASES

Further proceedings in the **Other Injury Cases (*listed on Exhibit B*),** which comprise 13 in number, shall proceed in accordance with the following schedule:

o Completion of All Fact Discovery– **November 1, 2012**
o Designation of Experts and Submission of Written Expert Reports by Plaintiffs – **November 16, 2012**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.
o Designation of Experts and Submission of Written Expert Reports by Defendant – **December 14, 2012**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.
o Completion of Expert Depositions – **February 18, 2013**
o *Daubert* and Dispositive Motions due – **March 11, 2013**

3

Exhibit 4 – Page 10

- o   Opposition to *Daubert* and Dispositive Motions due – **April 11, 2013**
- o   Reply briefs due – **May 20, 2013**
- o   *Daubert* hearing – **T/B/A**

### *Dispositive Motions*

Dispositive motions in individual cases may be filed at any time.  The opposing party will have 21 days to respond.  The moving party will have 10 days to reply.

### IV.   GENERAL CAUSATION AND DISCOVERY IN HEART ATTACK/STROKE/TIA CASES

A significant benefit of prior MDL coordination efforts includes *Daubert* hearings and expert reports that have been previously reviewed by the Court or prepared as a result of coordinated effort of various Plaintiffs' counsel.  Taking advantage of these efforts will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *Id*.

Further proceedings in the **Heart Attack/Stroke/TIA Cases** (*listed on Exhibit C*), which comprise 28 in number, shall proceed in accordance with the following schedule:

- o   Plaintiffs produce generic expert report(s) on general causation by **June 15, 2012**, for the purpose of preliminarily establishing general causation as to the event and sufficiency of Vioxx usage in Heart Attack/Stroke/TIA cases in general, not with regard to individual cases
- o   Defendant shall notify Plaintiffs' Lead Counsel which of the Heart Attack/Stroke/TIA cases will require a *Daubert* hearing on general causation as to the event and/or Vioxx usage – **September 17, 2012**
- o   Completion of All Fact Discovery– **February 1, 2013**

4

Exhibit 4 – Page 11

- o   Designation of Experts and Submission of Written Expert Reports by Plaintiffs – **February 18, 2013**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

- o   Designation of Experts and Submission of Written Expert Reports by Defendant – **March 18, 2013**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

- o   Completion of Expert Depositions – **May 6, 2013**
- o   *Daubert* and Dispositive Motions due – **June 3, 2013**
- o   Opposition to *Daubert* and Dispositive Motions due – **July 1, 2013**
- o   Reply briefs due – **July 15, 2013**
- o   *Daubert* hearing – **T/B/A**

### *Dispositive Motions*

Dispositive motions in individual cases may be filed at any time. The opposing party will have 21 days to respond. The moving party will have 10 days to reply.

NEW ORLEANS, LOUISIANA, this 15th day of May, 2012.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

5

Exhibit 4 – Page 12

*Exhibit A*
*(VTE Cases)*

|  | **Plaintiff** | **Plaintiff Counsel** | **Case Caption** | **Docket Number Current** |
|---|---|---|---|---|
| 1. | Albertson, Beverly A | Cory, Watson, Crowder & DeGaris | Albertson, Beverly v. Merck & Co., Inc. | 2:06-cv-06236-EEF-DEK |
| 2. | Amiss, Louise H | Oldfather Law Firm | D'Angelo, Mary v. Merck & Co., Inc. | 2:06-cv-09755-EEF-DEK |
| 3. | Bland, Violet M | Oldfather Law Firm | Popp, Jennifer M. v. Merck & Co., Inc. | 2:06-cv-01926-EEF-DEK |
| 4. | Brown, Dianne | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 5. | Byrd, Deborah A | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 6. | Carver, Gail F. | Oldfather Law Firm | Carver, Roger v. Merck & Co., In | 2:05-cv-04981-EEF-DEK |
| 7. | Demoski, James J | Law Office of Ronald R. Benjamin | Agard, David v. Merck & Co., Inc. | 2:05-cv-01089-EEF-DEK |
| 8. | Dumbell, Mabel C | Fibich, Hampton & Leebron | Barker, Rita B. v. Merck & Co., Inc. | 2:05-cv-06535-EEF-DEK |
| 9. | Eddy, Judith | Oldfather Law Firm | Albright, Ann M. G. v. Merck & Co., Inc. | 2:06-cv-02204-EEF-DEK |
| 10. | Fulton, Rebeka K | Cory, Watson, Crowder & DeGaris | Fulton, Arthur v. Merck & Co., Inc. | 2:05-cv-00436-EEF-DEK |
| 11. | Garner, Elizabeth A | Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 12. | Gasio, Dane B | Oldfather Law Firm | Gasio, Dane v. Merck & Co., Inc. | 2:07-cv-01054-EEF-DEK |
| 13. | Graham, Larry N | Federman & Sherwood | Graham, Larry v. Merck & Co., Inc. | 2:07-cv-01055-EEF-DEK |
| 14. | Heisey-DeWolf, Deborah A | Oldfather Law Firm | Heisey DeWolf v. Merck & Co., Inc. | 2:06-cv-09810-EEF-DEK |
| 15. | Hench, Edwin C | Oldfather Law Firm | Hench, Edwin C. v. Merck & Co., Inc. | 2:06-cv-09811-EEF-DEK |
| 16. | Jelden, Todd | Oldfather Law Firm | Atkinson, Allen v. Merck & Co., Inc. | 2:05-cv-04130-EEF-DEK |
| 17. | Knifley, Thelma M | Cory, Watson, Crowder & DeGaris | Knifley, Welby R. v. Merck & Co., Inc. | 2:05-cv-05635-EEF-DEK |
| 18. | Kollin, Jean M | Pro Se | Allen, Marie v. Merck & Co., Inc. | 2:06-cv-02220-EEF-DEK |
| 19. | Mack, Timothy F | Law Office of Ronald R. Benjamin | Dier, Glenn L v. Merck & Co., Inc. | 2:05-cv-01088-EEF-DEK |
| 20. | Major, Lynell | Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 21. | Martin, Kristen M | Fibich, Hampton & Leebron | Martin, Khristen v. Merck & Co., Inc. | 2:06-cv-06808-EEF-DEK |
| 22. | Osiecki, Marilyn J | Oldfather Law Firm | Osiecki, Marilyn J. v. Merck & Co., Inc. | 2:06-cv-09814-EEF-DEK |
| 23. | Painter, Gladys R | Oldfather Law Firm | Gibson, Kathy v. Merck & Co., Inc. | 2:06-cv-09812-EEF-DEK |
| 24. | Reilly, James A | Oldfather Law Firm | Ballantyne, Arthur W. v. Merck & Co., Inc. | 2:06-cv-02195-EEF-DEK |

|  | Plaintiff | Plaintiff Counsel | Case Caption | Docket Number Current |
|---|---|---|---|---|
| 25. | Silva, Valerie A | James, Vernon & Weeks, P.A. | Silva, Valerie A. v. Merck & Co., Inc. | 2:05-cv-01768-EEF-DEK |
| 26. | Slembarski, John C | Oldfather Law Firm | Slembarski, John C. v. Merck & Co., Inc. | 2:06-cv-09809-EEF-DEK |
| 27. | Vecchio, Teresa M | Pro Se | Daluiso, Anna v. Merck & Co., Inc. | 2:06-cv-01197-EEF-DEK |
| 28. | Weese, Roxana | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 29. | Woodcock, Christine | Pro Se | Adams, Mary E. v. Merck & Co., Inc. | 2:06-cv-02200-EEF-DEK |

**Exhibit B**
(*"Other Injury" cases*)

|     | Plaintiff | Plaintiff's Counsel | Case Caption | Case Number |
| --- | --- | --- | --- | --- |
| 1.  | Baum, Janice M | Pro Se | Van Jelgerhuis v. Merck | 2:05-cv-0458-EEF-DEK |
| 2.  | Butterfield, Myrtle | Oldfather Law Firm | Allen, Marie v. Merck & Co., Inc. | 2:06-cv-02220-EEF-DEK |
| 3.  | Dunn, Velma | Bennie L Jones, Jr. & Associates | Singleton v. Merck | 2:09-cv-02413-EEF-DEK |
| 4.  | Eldridge, Joanne | Savage Bowersox Supperstein LLP | Eldridge, Joanne v. Merck & Co., Inc. | 2:05-cv-04447-EEF-DEK |
| 5.  | Elliott, Sandra | Oldfather Law Firm | Elliott, Sandra v. Merck & Co., Inc. | 2:06-cv-10987-EEF-DEK |
| 6.  | Harrison, Dennis R | Pro Se | Harrison. v. Merck | 2:07-cv-00905-EEF-DEK |
| 7.  | Hudnut, Lynn D | Pro Se | Jenkins, Ruth v. Merck | 2:05-cv-04054-EEF-DEK |
| 8.  | King, LaDonna | Oldfather Law Firm | King, LaDonna v. Merck & Co.,Inc | 2:06-cv-10270-EEF-DEK |
| 9.  | Laviner, Rebecca | Federman & Sherwood | Laviner, Rebecca v. Merck | 2:06-cv-06932-EEF-DEK |
| 10. | Long, Stanley | Getty & Childers | Long, Stanley v. Merck | 2:05-cv-06510-EEF-DEK |
| 11. | Nolan, Maryann G | Getty & Childers | Nolan, Mary A. v. Merck. | 2:05-cv-06146-EEF-DEK |
| 12. | Rarick, Kenneth | Oldfather Law Firm | Amie, Vernon v. Merck & Co., Inc. | 2:06-cv-02219-EEF-DEK |
| 13. | Sanjanwala, Smita | Oldfather Law Firm | Smita, Sanjanwala v. Merck & Co., Inc. | 2:05-cv-01011-EEF-DEK |

- 1 -

Exhibit 4 – Page 15

**Exhibit C**
*(MI/Stroke/TIA Cases)*

|  | <u>Plaintiff</u> | <u>Plaintiff's Counsel</u> | <u>Case Caption</u> | <u>Case Number</u> |
|---|---|---|---|---|
| 1. | Akyaamaa, Akosua | Pro Se | Akyaamaa, Akosua v. Merck & Co., Inc. | 2:07-cv-08080-EEF-DEK |
| 2. | Butcher, Lawrence K | Oldfather Law Firm | Butcher, Lawrence K. v. Merck & Co., Inc. | 2:06-cv-01901-EEF-DEK |
| 3. | DeRose, Gary A | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 4. | Donaldson, William J | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 5. | Escamilla, Robert | Law Offices of Chambers, Noronha & Kubota | Escamilla, Rosie v. Merck & Co., Inc. | 2:08-cv-03573-EEF-DEK |
| 6. | Flewellen, Neil | Lopez, Hodes, Restaino, Milman & Skikos // Stratton Faxon | Flewellen, Neil v. Merck & Co., Inc. | 2:08-cv-04165-EEF-DEK |
| 7. | Gros, Cheryl D | Law Offices of Donald J. Melancon | Gros, Cheryl D. v. Merck | 2:08-cv-05128-EEF-DEK |
| 8. | Hess, Denise R | Stratton Faxon | Hess, Denise R. v. Merck & Co., Inc. | 2:05-cv-05893-EEF-DEK |
| 9. | Knotts, Jerrlyn Kay S | Law Office of Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 10. | Levitt, Jo | Pro Se | Levitt, Jo v. Merck & Co., Inc. | 2:06-cv-09757-EEF-DEK |
| 11. | Lewis, Barbara J | Pro Se | Lewis, Barbara v. Merck & Co., Inc. | 2:08-cv-04925-EEF-DEK |
| 12. | Lockhart, Dolena | Paul A. Weykamp Law | Lockhart, Jimmy v. Merck & Co., Inc. | 2:08-cv-00876-EEF-DEK |
| 13. | Lynch, Judith A | Stratton Faxon | Lynch, Judith v. Merck & Co., Inc. | 2:05-cv-05072-EEF-DEK |
| 14. | Mannino, Ann M | Pro Se | Holobosky, Rosemary v. Merck & Co., Inc. | 2:05-cv-01091-EEF-DEK |
| 15. | Moxter, Bobby L | Fibich, Hampton & Leebron, LLP | Barker, Rita B. v. Merck & Co., Inc. | 2:05-cv-06535-EEF-DEK |
| 16. | Nestor, James | Law Offices of Douglas T. Sachse | Nestor, James v. Merck & Co. Inc. | 2:09-cv-07648-EEF-DEK |
| 17. | Novick, Kenneth A | Oldfather Law Firm | Novick, Kenneth v. Merck & Co., Inc. | 2:07-cv-07756-EEF-DEK |
| 18. | Perry, Samuel C | Stratton Faxon | Chambers, Marianne v. Merck & Co., Inc. | 2:05-cv-01997-EEF-DEK |
| 19. | Pickett, Virginia G | Pro Se | Pickett, Virginia v. Merck Sharp & Dohme, Corp. | 2:10-cv-00043-EEF-DEK |
| 20. | Roach, Joanne I | Emmanuel Guyon | Roach, Walter J. Jr. v. Merck & Co., Inc. | 2:10-cv-00868-EEF-DEK |
| 21. | Rodriguez, Marjorie | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 22. | Russel, Donna C | Oldfather Law Firm | Russel, Donna C. v. Merck & Co., Inc. | 2:06-cv-00781-EEF-DEK |
| 23. | Schnepf, James K | Harding & Moore | Schnepf, James K. v. Merck & Co., Inc. | 2:06-cv-00321-EEF-DEK |

Exhibit 4 – Page 16

|     | **Plaintiff** | **Plaintiff's Counsel** | **Case Caption** | **Case Number** |
| --- | --- | --- | --- | --- |
| 24. | Smith, Larry L | Trenam, Kemker, Scharf, Barkin, Frye | Smith, Larry L. v. Merck & Co., Inc. | 2:08-cv-04639-EEF-DEK |
| 25. | Strujan, Elena | Pro Se | Strujan, Elena v. Merck & Co., Inc. | 2:07-cv-00906-EEF-DEK |
| 26. | Valencia-Bernal, Susana | Pro Se | Valencia Bernal, Susana v. Merck & Co., Inc. | 2:07-cv-01049-EEF-DEK |
| 27. | White, Jackie K | Oldfather Law Firm | White, Jackie v. Merck & Co., Inc. | 2:10-cv-00504-EEF-DEK |
| 28. | Wodowski, Michael | The Miserendino Law Firm | Wodowski, Michael v. Merck & Co., Inc. | 2:08-cv-04559-EEF-DEK |

Exhibit 4 – Page 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| **All Pending Cases Listed On Exhibits B and C to Pretrial** | * | KNOWLES |
| **Order 58 (Non-VTE Cases)** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER REGARDING
## DEADLINES FOR NON-VTE CASES UNDER PTO 58

Considering the request for an extension of deadlines in the non-VTE cases, and upon consideration of the issues, the record in this case, and the applicable law, it is hereby

**ORDERED** that the deadlines regarding any remaining pending cases listed on Exhibits B and C to Pretrial Order 58, entered by this Court on May 15, 2012, (all remaining non-VTE cases) shall be extended by approximately two months, and all further proceedings conducted in accordance with the following schedule:

- Completion of All Fact Discovery– April 1, 2013

- Designation of Experts and Submission of Written Expert Reports by Plaintiffs – April 18, 2013

    o Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

- Designation of Experts and Submission of Written Expert Reports by Defendant – May 17, 2013

    o Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

Exhibit 4 – Page 18

- Completion of Expert Depositions – July 5, 2013

- *Daubert* and Dispositive Motions due – August 2, 2013

- Opposition to *Daubert* and Dispositive Motions due – September 3, 2013

- Reply briefs due – September 16, 2013

- *Daubert* hearing – T/B/A

*Dispositive Motions*

Dispositive motions in individual cases may be filed at any time. The opposing party will have 21 days to respond. The moving party will have 10 days to reply.

**SO ORDERED.**

NEW ORLEANS, LOUISIANA, this 1st day of February, 2013.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Exhibit 4 – Page 19