# EXHIBIT 1



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| State of Mississippi | * | JUDGE ELDON E. FALLON |
| v. | * | MAGISTRATE JUDGE KNOWLES |
| Merck, et al. | * | |
| Civil Action no. 2:05-cv-6755 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, please respond to the following Interrogatories within thirty (30) days of service of the Interrogatories.

### DEFINITIONS

1. "Address" means the telephone number, street number, street name, city, state, and zip code of the subject person or entity. For a natural person, please provide both the home and business address.

2. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process, electronic or otherwise. Communications in writing shall include printed, typed, handwritten, electronic and other readable documents.

3. "Claim" shall have the same meaning as in Miss. Code Ann. § 43-13-213.

1095750v1

4.  "Document" means, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded or stored matter or information, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, databases, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, such items shall be considered to be separate original documents.

5.  "Government Health Program" means a program under which you pay for, in whole or in part, the costs of medical treatment, including prescription drug benefits, to persons in your jurisdiction.

6.  "Healthcare Professional" means any physician (including interns and residents), nurse, psychologist, psychiatrist, counselor, pharmacist, pharmacy, dispensary, hospital, clinic, or nursing home, or any other individual or entity who or which provides or assists in the provision of any medical, pharmaceutical or mental health treatment, including those employed by, or who practice or have practiced in your jurisdiction.

7.  "Identify" means the following:
    a. when used in reference to a natural person, it means to state the person's full name, title, present (or last known) address, telephone number, occupation, present business affiliation or employer, business address, and exact duties and responsibilities of that individual; in addition, when used in reference to a healthcare professional, it means to state that person's medical specialty, if any, and to state whether that person has ever prescribed Vioxx to persons in your jurisdiction.

    b. when used in reference to an injury, it means to state formally the diagnosis, the features of the injury upon which the diagnosis is based, the treatment of the injury, and all known information concerning the cause of the injury.

    c. when use in reference to an entity, it means to state the full name of the company, organization, association, partnership, committee, board, or other business or government enterprise, its present address or, if no longer existing, its last-known address, and the name of the person(s) who controls the operations of or otherwise heads that entity.

    d. when in reference to a communication, it means the source of the communication, speaker, author, or other originator of the communication, form of communication, precise content or substance of the communication, date of communication, and recipient of communication.

8. "Including" means "including but not limited to" and "including without limitation."

9. "Medicaid benefit" shall have the same meaning as in Miss. Code Ann. § 43-13-213.

10. "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

11. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

12. "Relate to" or "Relating to" means referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

1095750v1

M014D99734

13. "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

14. "You" or "Your" means all plaintiffs listed in your complaint, along with any person or entity who you contend you represent.

15. The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Request. The words, "each," "all," and "any," mean "any and all" or "each and every."

## INSTRUCTIONS

1. Each Interrogatory herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, Including any of the attorneys or law firms that purport to represent You in this litigation.

2. If You object to any portion of an Interrogatory on the ground of privilege, respond to the non-privileged portion of the Interrogatory by providing such non-privileged information as is responsive.

3. If You object to any portion of an Interrogatory on any ground other than privilege, You should still respond to and Identify Documents responsive to the remaining non-objectionable portion.

4. Separately for each Interrogatory to which You object in whole or in part, describe in detail and itemize each basis for Your objection.

5. If the basis of an objection to any Interrogatory, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please Identify the basis of that purported obstacle with specificity.

6.     If the basis of an objection to responding to an Interrogatory is that the response requires provision of legally-protected confidential identifying information, please indicate this specifically, and state whether a non-identifying response can be provided. Where possible, all non-identifying information should be provided.

7.     Each Interrogatory herein shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory. Please indicate where any portion of Your response to an Interrogatory has been covered in Your response to another Interrogatory, and please specify the Interrogatory numbers at issue.

8.     Each Interrogatory herein shall encompass the time period from January 1, 1998 to December 31, 2006 unless expressly stated in a specific Interrogatory.

9.     These Interrogatories are continuing in nature and You must provide supplemental responses as additional information or Documents become known to You.

10.    If You claim that any information responsive to any Interrogatory is lost, destroyed, erased or otherwise is no longer in Your possession, (a) Identify and describe such information, (b) describe how the information was lost or destroyed, and (c) state when the information was lost or destroyed.

11.    If You claim that any information responsive to any Interrogatory is already in the possession of Merck, please Identify the information with sufficient specificity to allow Merck to locate it.

## INTERROGATORIES

**Interrogatory Number 1:** With respect to Vioxx, identify each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce prohibited by Miss. Code Ann. § 75-24-5 for which You are seeking penalties under Miss. Code Ann. § 75-24-19 (1972). For each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce identified, include:

> (a) the time, place, and date(s) of each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (b) the Merck employee(s) involved with each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (c) whether the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was written or oral;
>
> (d) any document(s) related to or utilized with the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (e) the content of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce;
>
> (f) how the method or trade practice was unfair or deceptive; and
>
> (g) if You allege that the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce, method or act was knowing or willful, how or why unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce was done knowingly or willfully.

**RESPONSE:**

**Interrogatory Number 2:** For each unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce identified in response to

Interrogatory Number One, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who you contend witnessed or was a recipient of the unfair method of competition affecting commerce or unfair or deceptive trade practice in or affecting commerce.

**RESPONSE:**

**Interrogatory Number 3:** For each person identified as a witness or recipient in response to Interrogatory Number 2, state whether you are aware of any person who was actually misled by any alleged unfair method of competition or unfair or deceptive act or practice, and if so, specify the person(s) misled and how and when you became aware.

**RESPONSE:**

**Interrogatory Number 4:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number 2, state whether you are aware of any Mississippi healthcare professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Mississippi Healthcare Professional(s) and how and when you became aware.

**RESPONSE:**

**Interrogatory Number 5:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number 2, state whether you are aware of any Mississippi healthcare professional who read or heard, prior to September 30, 2004, the alleged untrue, misleading, and/or deceptive statements identified in response to Interrogatory Number 2, and if so, identify the Mississippi Healthcare Professionals and how and when you became aware

**RESPONSE:**

**Interrogatory Number 6:** With respect to Vioxx, identify each advertisement that You allege contains any assertion, representation or statement of fact which is untrue, deceptive or misleading for which you are seeking fines under Miss. Code Ann. § 97-23-3. For each advertisement identified, include:

    (a) the time, place, and date(s) of the advertisement;

    (b) the Merck employee(s) involved with the advertisement;

    (c) the form of the advertisement;

    (d) any document(s) related to the advertisement;

    (e) the content of the advertisement; and

    (f) how the advertisement was untrue, deceptive, or misleading.

**RESPONSE:**

**Interrogatory Number 7:** For each advertisement identified in response to Interrogatory Number Three, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who you contend witnessed or was a recipient of the advertisement.

**RESPONSE:**

**Interrogatory Number 8:** For each Mississippi Healthcare Professional identified as a witness or recipient in response to Interrogatory Number 7, state whether you are aware of any Mississippi healthcare professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Mississippi Healthcare Professional(s) and how and when you became aware.

**RESPONSE:**

**Interrogatory Number 9:** With respect to Vioxx, identify each false representation of a material fact in an application for Medicaid benefits, false statement of material fact for use in determining rights to a Medicaid benefit, or concealed or undisclosed event which you claim is violative of Miss. Code. Ann. 43-13-205. For each identified representation, statement, or concealed or undisclosed event include:

> (a) the time, place, and date(s) of each representation, statement, or concealed or undisclosed event;
>
> (b) the Merck employee(s) involved with each representation, statement, or concealed or undisclosed event;
>
> (c) whether the representation or statement was written or oral;
>
> (d) any document(s) related to or utilized with the representation, statement, or concealed or undisclosed event;
>
> (e) the content of the representation, statement, or concealed or undisclosed event;
>
> (f) how the representation or statement was false; and
>
> (g) if You allege that the representation, statement, or concealed or undisclosed event was knowing or willful, how or why the representation, statement, or concealed or undisclosed event was done knowingly or willfully.

**RESPONSE:**

**Interrogatory Number 10:** For each representation, statement, or concealed or undisclosed event identified in response to Interrogatory Number 9, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who you contend witnessed the representation, statement, or concealed or undisclosed event.

**RESPONSE:**

**Interrogatory Number 11:** With respect to Vioxx, identify each false, fictitious, or fraudulent claim you claim is violative of Miss. Code. Ann. 43-13-213. For each claim include:

    (a) the time, place, and date(s) of each claim;

    (b) the Merck employee(s) involved with each claim;

    (c) whether the claim was written or oral;

    (d) any document(s) related to or utilized with the claim;

    (e) the content of the claim;

    (f) how the claim was false, fictitious, or fraudulent; and

    (g) if You allege that the claim was knowing or willful, how or why the claim was done knowingly or willfully.

**RESPONSE:**

**Interrogatory Number 12:** For each representation, statement, or concealed or undisclosed event identified in response to Interrogatory Number 11, identify by name, address, and telephone number each person, including Mississippi Healthcare Professionals, Mississippi citizens, and/or Your agents or employees, who you contend witnessed or was a recipient of the claim.

**RESPONSE:**

**Interrogatory Number 13:** If your answer to any request in Defendant's Requests to Admit is anything other than an unqualified "yes," explain on what basis you failed to unequivocally admit that request.

**RESPONSE:**

**Interrogatory Number 14**: Identify all unfair, false, misleading, or deceptive acts or practices that you allege Merck is currently engaging in related to Vioxx which You seek to enjoin under Miss. Code Ann. § 75-24-9.

**RESPONSE:**

**Interrogatory Number 15:** How many alleged violations of Miss. Code Ann. § 75-24-5 are you seeking penalties for pursuant to Miss. Code Ann. § 75-24-19?

**RESPONSE:**

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Second Set of Interrogatories to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com