# EXHIBIT 3



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| State of Montana | * | JUDGE ELDON E. FALLON |
| v. | * | MAGISTRATE JUDGE KNOWLES |
| Merck, et al. | * | |
| Civil Action no. 2:06-cv-04302 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to FED. R. CIV. P. 33 and Pretrial Order Number 39B, please respond to the following Interrogatories within thirty (30) days of service of the Interrogatories.

### DEFINITIONS

1. "Address" means the telephone number, street number, street name, city, state, and zip code of the subject person or entity. For a natural person, please provide both the home and business address.

2. "Document" means, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded or stored matter or information, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, databases, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, such items shall be considered to be separate original documents.

1095747v1

3. "Healthcare Professional" means any physician (including interns and residents), nurse, psychologist, psychiatrist, counselor, pharmacist, pharmacy, dispensary, hospital, clinic, or nursing home, or any other individual or entity who or which provides or assists in the provision of any medical, pharmaceutical or mental health treatment, including those employed by, or who practice or have practiced in your jurisdiction.

4. "Identify" means the following:

   a. when used in reference to a natural person, it means to state the person's full name, title, present (or last known) address, telephone number, occupation, present business affiliation or employer, business address, and exact duties and responsibilities of that individual; in addition, when used in reference to a healthcare professional, it means to state that person's medical specialty, if any, and to state whether that person has ever prescribed Vioxx to persons in your jurisdiction.

   b. when used in reference to an injury, it means to state formally the diagnosis, the features of the injury upon which the diagnosis is based, the treatment of the injury, and all known information concerning the cause of the injury.

   c. when use in reference to an entity, it means to state the full name of the company, organization, association, partnership, committee, board, or other business or government enterprise, its present address or, if no longer existing, its last-known address, and the name of the person(s) who controls the operations of or otherwise heads that entity.

   d. when in reference to a communication, it means the source of the communication, speaker, author, or other originator of the communication, form of communication,

precise content or substance of the communication, date of communication, and recipient of communication.

5. "Including" means "including but not limited to" and "including without limitation."

6. "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

7. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

8. "Relate to" or "Relating to" means referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

9. "Vioxx" means the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

10. "You" or "Your" means all plaintiffs listed in your First Amended Complaint, along with any person or entity who you contend you represent.

11. The singular herein includes the plural and vice versa; the words "and" and "or" shall be construed as "and/or" in order to bring all information within the scope of the Request. The words, "each," "all," and "any," mean "any and all" or "each and every."

1095747v1

M014D99692

## INSTRUCTIONS

1. Each Interrogatory herein extends to any information in the possession, custody or control of any of Your present or former employees, agents, representatives, or attorneys, Including any of the attorneys or law firms that purport to represent You in this litigation.

2. If You object to any portion of an Interrogatory on the ground of privilege, respond to the non-privileged portion of the Interrogatory by providing such non-privileged information as is responsive.

3. If You object to any portion of an Interrogatory on any ground other than privilege, You should still respond to and Identify Documents responsive to the remaining non-objectionable portion.

4. Separately for each Interrogatory to which You object in whole or in part, describe in detail and itemize each basis for Your objection.

5. If the basis of an objection to any Interrogatory, or any portion thereof, is a statute, contract or other agreement, or any other obstacle to production that You claim is based in the law, please Identify the basis of that purported obstacle with specificity.

6. If the basis of an objection to responding to an Interrogatory is that the response requires provision of legally-protected confidential identifying information, please indicate this specifically, and state whether a non-identifying response can be provided. Where possible, all non-identifying information should be provided.

7. Each Interrogatory herein shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory. Please indicate where any portion of Your response to an Interrogatory has been covered in Your response to another Interrogatory, and please specify the Interrogatory numbers at issue.

1095747v1

M014D99693

8. Each Interrogatory herein shall encompass the time period from January 1, 1998 to December 31, 2006 unless expressly stated in a specific Interrogatory.

9. These Interrogatories are continuing in nature and You must provide supplemental responses as additional information or Documents become known to You.

10. If You claim that any information responsive to any Interrogatory is lost, destroyed, erased or otherwise is no longer in Your possession, (a) Identify and describe such information, (b) describe how the information was lost or destroyed, and (c) state when the information was lost or destroyed.

11. If You claim that any information responsive to any Interrogatory is already in the possession of Merck, please Identify the information with sufficient specificity to allow Merck to locate it.

## INTERROGATORIES

**Interrogatory Number One:** With respect to Vioxx, identify each method, act, or practice for which You are seeking penalties under Montana Code Ann. § 30-14-142. For each method, act, or practice identified, include:

> (a) the time, place, and date(s) of the method, act, or practice;
>
> (b) the Merck employee(s) involved with the method, act, or practice;
>
> (c) whether the method, act, or practice was written or oral;
>
> (d) any document(s) related to or utilized with the method, act, or practice;
>
> (e) the content of the method, act, or practice;
>
> (f) if you allege that the method, act, or practice was willful, how or why the method, act, or practice was done knowingly or willfully; and
>
> (g) how the method act or practice was unfair under Montana Code Ann. § 30-14-103.

**RESPONSE:**

**Interrogatory Number Two:** For each method, act, or practice identified in response to Interrogatory Number One, identify by name, address, and telephone number each person, including Montana citizens, Montana healthcare professionals, and Your employees or agents, who you contend witnessed or was a recipient of that method, act, or practice.

**RESPONSE:**

**Interrogatory Number Three:** With respect to Vioxx, identify the fraudulent course of conduct for which You are seeking penalties under Montana Code Ann. § 30-14-142, including:

> (a) the time, place, and date(s) of the fraudulent course of conduct;
>
> (b) the Merck employee(s) involved with the fraudulent course of conduct;

(c) whether the fraudulent course of conduct was written or oral;

(d) any document(s) related to or utilized with the fraudulent course of conduct;

(e) the content of the fraudulent course of conduct; and

(f) if you allege that the fraudulent course of conduct was willful, how or why the fraudulent course of conduct was done knowingly or willfully.

**RESPONSE:**

**Interrogatory Number Four:** For the fraudulent course of conduct identified in response to Interrogatory Number Three, identify by name, address, and telephone number each person, including Montana citizens, Montana healthcare professionals, and Your employees or agents, who You contend witnessed or was a recipient of the fraudulent course of conduct.

**RESPONSE:**

**Interrogatory Number Five:** To the extent that You are seeking penalties for each prescription written for Vioxx in Montana, describe, in detail, how each prescription written for Vioxx constitutes an unfair method of competition or unfair or deceptive act or practice under Montana Code Ann. § 30-14-103.

**RESPONSE:**

**Interrogatory Number Six:** With Respect to Vioxx, identify each unfair method of competition or unfair or deceptive act or practice that You contend was unlawful under Montana Code Ann. § 30-14-103. For each method of competition or unfair or deceptive act or practice identified, include:

(a) the time, place, and date(s) of the unfair method of competition or unfair or deceptive act or practice;

(b) the Merck employee(s) involved in the unfair method of competition or unfair or deceptive act or practice;

(c) whether the unfair method of competition or unfair or deceptive act or practice was written or oral;

(d) any document(s) related to or utilized with the unfair method of competition or unfair or deceptive act or practice;

(e) the content of the unfair method of competition or unfair or deceptive act or practice;

(f) if you allege that the unfair method of competition or unfair or deceptive act or practice was willful, how or why the method, act, or practice was done knowingly or willfully; and

(g) how the unfair method of competition or unfair or deceptive act or practice was unlawful under Montana Code Ann. § 30-14-103.

**RESPONSE:**

**Interrogatory Number Seven:** For each unfair method of competition or unfair or deceptive act or practice identified in response to Interrogatory Number Six, identify by name, address, and telephone number each person, including Montana citizens, Montana healthcare professionals, and Your employees or agents, who you contend witnessed or was a recipient of the unfair method of competition or unfair or deceptive act or practice.

**RESPONSE:**

**Interrogatory Number Eight:** For each Montana Healthcare Professional identified as a witness or recipient in response to Interrogatory Number Two, state whether you are aware of any Montana healthcare professional who originally prescribed Vioxx and later determined that he or she would not have prescribed Vioxx had he or she had additional or different information about Vioxx when he or she prescribed the medicine, and if so, specify the Montana Health Professional(s) and how and when you became aware.

**RESPONSE:**

**Interrogatory Number Nine:** For each Montana Healthcare Professional identified as a witness or recipient in response to Interrogatory Number Two, state whether you are aware of

1095747v1

M014D99697

any Montana healthcare professional who read or heard, prior to September 30, 2004, the alleged unfair, false, misleading, and/or deceptive statements identified in response to Interrogatory Numbers One and Six, and if so, specify the Montana Health Professional(s) and how and when you became aware.

**RESPONSE:**

**Interrogatory Number Ten**: Identify all unfair, false, misleading, or deceptive acts or practices that you allege Merck is currently engaging in related to Vioxx which You seek to enjoin under Montana Code Ann. § 30-14-111.

**RESPONSE:**

**Interrogatory Number Eleven:** How many alleged violations of Mont. Code Ann. § 30-14-103 are you seeking penalties for pursuant to Mont. Code Ann. § 30-14-142?

**RESPONSE:**

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

/s/Richard L. Josephson
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Second Set of Interrogatories to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 6th day of June, 2012.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361
dwimberly@stonepigman.com