# EXHIBIT 4

Attachment 2- Interrogatories- State of Alaska

M0DC498871

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
| Products Liability Litigation | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | JUDGE ELDON E. FALLON |
| *State of Alaska v. Merck & Co., Inc.*, 3:06- | * | |
| CV-00018 (TMB) | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSES AND OBJECTIONS OF PLAINTIFF STATE OF ALASKA TO
FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

**PRELIMINARY STATEMENT**

Plaintiff State of Alaska's responses and objections to these discovery requests
are made for the sole purpose of this litigation. Each response is subject to all objections
as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy,
and any and all other objections on grounds that would require the exclusion of any
response herein if such were offered in Court, which objections are reserved and may be
interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's
response to all or any part of these discovery requests should not be taken as an
admission that: (1) they accept or admit the existence of any fact(s) set forth in or
assumed by the discovery requests; or (2) they have in their possession, custody or
control documents responsive to that discovery request; or (3) documents are responsive

Attachment 2- Interrogatories- State of Alaska

M0OC498872

to that discovery request. Plaintiff's response to all or any part of any discovery request is not intended to be, and shall not be, a waiver by that Government Action Plaintiff of all or any part of its objection(s) to that discovery request.

Plaintiff and its counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to their right to supplement those responses prior to trial or to produce evidence based on subsequently discovered information. These responses are based upon, and therefore are limited by, Plaintiff's knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS TO DISCOVERY

1.     To the extent that these definitions, instructions and discovery requests are inconsistent with or exceed obligations imposed upon a party under the applicable rules of Court, Plaintiff objects. Plaintiff will respond according to the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

2.     To the extent that these discovery requests seek information that is subject to the work product, attorney-client, investigative or other applicable privileges, or seek information or documents generated in the course of pursuit of this action, Plaintiff objects, preserves its rights thereto and refuses to provide any such information other than that which is required by the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

Attachment 2- Interrogatories- State of Alaska

M0C498873

3.      To the extent that these discovery requests seek information that would require the disclosure of information that is confidential or private in nature, covered by third party protective orders, or privileges granted by state or federal law, Plaintiff objects and refuses to provide any such information.

4.      To the extent that these discovery requests purport to request information which is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible evidence, Plaintiff objects.

5.      To the extent that these discovery requests seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense, Plaintiff objects.

6.      To the extent that these discovery requests seek information not available or known to Plaintiff, Plaintiff objects.

7.      To the extent the burden or expense of the discovery request outweighs its likely benefit, Plaintiff objects.

8.      To the extent that these discovery requests are vague, ambiguous, incomprehensible, or require Plaintiff to engage in conjecture as to their meaning, Plaintiff objects.

9.      To the extent that these discovery requests seek information from a time period that is overly broad, Plaintiff objects.

10.     To the extent that these discovery requests seek information regarding drugs other than Vioxx, those requests are overly broad, unduly burdensome and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence, and Plaintiff objects.

Attachment 2- Interrogatories- State of Alaska

3

M0DC498874

11. To the extent that these discovery requests call for information that is unreasonably cumulative or duplicative; outside of Plaintiff's possession, custody or control; already in the possession of Defendant; or obtainable from some other source that is more convenient, less burdensome or less expensive, Plaintiff objects.

12. To the extent that these discovery requests seek information that contains proprietary or confidential business information, Plaintiff objects.

13. Plaintiff reserves until the time of the trial all objections as to the relevance or admissibility of any information provided in response to these discovery requests. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's discovery requests is accurate or complete.

14. To the extent that these discovery requests purport to require Plaintiff to disclose or produce documents concerning any expert or other person or entity retained by counsel to assist in the preparation of its case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of their case and is not required by the applicable rules of Court, Plaintiff objects.

15. To the extent that these discovery requests purport to require Plaintiff to disclose or produce information generated in the course of the pursuit of this action, Plaintiff objects.

Attachment 2- Interrogatories- State of Alaska

4

MDOC498875

16.     To the extent that these discovery requests purport to require Plaintiff search beyond files where responsive information reasonably can be expected to be found, Plaintiff objects.

17.     To the extent that these discovery requests purport to require Plaintiff to create, compile or summarize information in a form that does not currently exist, Plaintiff objects.

18.     Because of the overly broad nature of these discovery requests, it is not possible for Plaintiff to anticipate all possible grounds for objection with respect thereto. Plaintiff reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

19.     All discovery responses incorporate these General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

## GENERAL OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects generally to the Definitions to the discovery requests to the extent they are overly broad, and would encompass information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and/or attempt to impose obligations on Plaintiff other than those authorized by the applicable rules of Court and/or any applicable Court Order.

2.     Plaintiff objects to the definition in Paragraph 2 of the term "Beneficiary" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or

Attachment 2- Interrogatories- State of Alaska

5

M0DC498876

to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Beneficiaries" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

3.      Plaintiff objects to the definition in Paragraph 5 of the term "Document." Said definition is overly broad and creates potential ambiguities, vagueness and confusion. Plaintiff will attempt to answer these discovery requests based upon the language in which the discovery requests are commonly understood. Plaintiff further object to the term "Document" as it seeks to impose obligations on Plaintiff beyond those required by the applicable rules of Court and literal compliance with the definition would cause Plaintiff to incur significant and undue burdens. Further, to the extent that definition seeks to impose an obligation on Plaintiff to respond in a manner which would be subject to any privilege, Plaintiff objects and will not disclose any such privileged information.

4.      Plaintiff objects to the definition in Paragraph 6 of the term "Drug Utilization Review Board" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Drug Utilization Review Board" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

Attachment 2- Interrogatories- State of Alaska

M0DC498877

5.      Plaintiff objects to the definition in Paragraph 8 of the term "Formulary" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Formulary" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

6.      Plaintiff objects to the definition in Paragraph 9 of the term "Government Health Program" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs respond to the Interrogatories based upon the understanding that the term "Government Health Program" refers to the program with respect to which relief is sought, namely Alaska Medicaid Program.

7.      Plaintiff objects to the definition in Paragraph 11 of the term "Identify." The definition is expanded beyond the reasonable meaning of the term and creates potential ambiguities, vagueness, confusion, and undue burden. Additionally, each sub-paragraph creates a sub-set of additional questions, which would cause the number of discovery requests to far exceed those allowed by the applicable rules of Court. Plaintiff will answer the discovery requests by interpreting the language contained therein as the language is commonly used.

8.      Plaintiffs object to the definition in Paragraph 16 of the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" on the grounds that they are vague

Attachment 2- Interrogatories- State of Alaska

7

MODC498878

and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs respond to the Interrogatories based upon the understanding that the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" conform to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

9.      Plaintiffs object to the definition in Paragraph 17 of the term "Pharmacy Benefit Manager" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs respond to the Interrogatories based upon the understanding that the term "Pharmacy Benefit Manager" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

10.     Plaintiff specifically objects to the definition in Paragraph 19 of the term "Relevant Drugs" on the grounds that the drugs listed are not relevant to the proceedings before the Court, and the disclosure of information regarding those drugs will not lead to the discovery of admissible evidence and will only cause Plaintiff to incur significant and undue burden and expense without any corresponding benefit.

11.     Plaintiff specifically objects to the definition in Paragraph 21 of the terms defines "You" or "Your" on the grounds that said definition is grossly overbroad and purports to include the entire state, along with the attorneys or law firms representing any

MDOC498879

governmental entity, and is not limited to the governmental entities or their representatives on whose behalf recovery is sought in these proceedings. Plaintiff will therefore interpret these terms refer to the program with respect to which relief is sought, namely, Alaska Medicaid Program.

12.     Plaintiff objects to the definitions to the extent they require disclosure of personal information of program beneficiaries, which disclosure would violate the privacy rights and expectations of those beneficiaries and potentially subject Plaintiff to liability for such disclosure. Plaintiff therefore will not disclose any of the personal information regarding program beneficiaries which might be required by the language of the definitions.

### GENERAL OBJECTIONS TO INSTRUCTIONS

1.     Plaintiff objects to the Instructions to the extent they utilize definitions which have been objected to by Plaintiff and to the extent they seek to impose obligations on Plaintiff which are inconsistent with or in excess of those imposed by the applicable rules of Court. Plaintiff further objects to the extent the Instructions purport to instruct Plaintiff on how to answer questions and object to the Instruction regarding supplementation, which Instruction is at variance with the obligations imposed by the applicable rules of Court. Plaintiff will respond in the manner required by the applicable rules of Court, orders of the Court and agreement of the parties, as appropriate.

2.     Plaintiff objects to the time period which the discovery purportedly encompasses as that time period is overbroad and unduly burdensome and seeks production of information which cannot lead to the discovery of admissible evidence.

Attachment 2- Interrogatories- State of Alaska

MDOC498880

# RESPONSES TO INTERROGATORIES

## Interrogatories Relating to the Administration of the Government Health Program

**Interrogatory Number 1:** Do You maintain any databases or other electronically stored information containing Documents Relating to prescriptions for Vioxx and Relevant Drugs that were written and/or filled for Beneficiaries by Healthcare Professionals and other medical treatment provided to Beneficiaries? If your response is anything other than an unequivocal "No," Identify all fields in Your databases or other electronically stored information from January 1, 1998 to the present.

**Response:** Plaintiff objects to this interrogatory to the extent that it is overbroad and calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  The Alaska Medicaid Program maintains an electronic database containing data relating to processing claims for prescriptions for Vioxx, among other prescription drugs, provided to program beneficiaries for which claims were submitted.  As requested by Merck in Instruction 12, Alaska will meet and confer with Merck's representatives concerning the fields of data in such databases and similarly confer with persons with knowledge of Merck's databases concerning the data maintained therein.

**Interrogatory Number 2:** If Your response to Interrogatory Number 1 is anything other than an unequivocal "No," Identify the Person(s) most knowledgeable about maintaining, updating, repairing, or otherwise servicing the databases or other electronically stored information You described in the response, whether that/those Person(s) be a present or former employee of Yours, a consultant, or a third party with whom You have contracted to provide services to You.

Attachment 2- Interrogatories- State of Alaska

MODC498881

**Response:** Plaintiff hereby incorporates by reference and restates its objections to Interrogatory Number 1 as if they were fully set forth herein.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  Current employee Linda Walsh, Systems Manager, State of Alaska Medicaid Office (attorney-client privilege applies).

**Interrogatory Number 3:** Identify all Persons responsible for deciding whether to place Vioxx and Relevant Drugs on the Formulary from January 1, 1998 to the present.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  No person was responsible for making this decision because, by federal regulations [42 U.S.C. 1396r–8 (section 1927 d(4)], the Alaska Medicaid Program must include on its list of covered drugs all drugs offering rebate.

**Interrogatory Number 4:** Identify all Relevant Drugs Including Vioxx that have been placed on the Formulary from January 1, 1998 to the present, and Identify the dates that each such drug was on the Formulary.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  Vioxx was included on Alaska's list of covered drugs on May 24, 1999, which was the first "date of service" for which a claim was paid for Vioxx.  The last "date of service" for which a claim was paid was September 30, 2004.

Attachment 2- Interrogatories- State of Alaska

MDC498882

**Interrogatory Number 5:** Identify whether Vioxx and any of the Relevant Drugs were placed by You on any lists of preferred drugs, preferences or other tiers, or were subject to prior authorization, co-pay, step therapy, or other requirements, or were exempted from any such lists or requirements, and Identify the dates that each such drug was subject to such preferences and requirements.

**Response:** Plaintiff objects to this interrogatory on the ground that the term "other requirements" is vague and undefined. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, and including information concerning "restrictions" that were not designed to favor one brand name drug over another (*e.g.*, mandatory generic substitution, co-pays, and restrictions based on such factors as pill quantity, age, and gender). Subject to these objections and the foregoing General Objections, plaintiff responds as follows: COX-2s were reviewed at the October 29, 2004, Pharmacy and Therapeutics (P&T) Committee meeting. At that time, Vioxx was already off the market. The P&T Committee recommended and confirmed by vote that COX-2s (Celebrex and Bextra) should be listed on the preferred drug list as non-preferred because there were concerns about the safety of COX-2s generally. Bextra was later removed from the market due to safety concerns. Celebrex was confirmed as non-preferred and, on July 30, 2008, became preferred, but with a step edit placed on it.

MDOC498883

**Interrogatory Number 6:** Have You implemented any methods for restricting or limiting Coverage of prescription drugs for Beneficiaries between January 1, 1998 and the present, Including prior authorization requirements, lists of preferred drugs, sub-categories of lists of preferred drugs, tiers or other preferences, exclusions, step therapy requirements, or co-payments that are applicable to Relevant Drugs? If Your response is anything other than an unequivocal "No," Identify all such methods and Identify the dates during which time those requirements were or have been in place.

**Response:**  Plaintiff objects to this interrogatory on the ground that the term "methods for restricting or limiting Coverage" is vague and undefined.  Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, and including information concerning "restrictions" that were not designed to favor one brand name drug over another (*e.g.*, mandatory generic substitution, co-pays, and restrictions based on pill quantity, age, and gender).  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  Since January 1, 1998, the Alaska Medicaid Program has used preferred drug lists, prior-authorization, step therapy edits, and co-payments to control utilization of certain medications.

**Interrogatory Number 7:** Identify any and all drugs for which You have restricted or limited Coverage for Beneficiaries because they were required by the Food and Drug Administration to carry a black box warning from January 1, 1998 to the present.

**Response:**  Plaintiff objects to this interrogatory on the ground that the term "restricted or limited Coverage" is vague and undefined.  Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or

MDOC498884

defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action. Subject to these objections and the foregoing General Objections, plaintiff responds as follows: The reason the Alaska Medicaid Program places an item on prior-authorization is usually due to utilization patterns rather than the existence of a black box warning. Some of the drugs under prior-authorization have black box warnings.

**Interrogatory Number 8:** Identify all Persons responsible for analyzing the clinical risks and benefits of Vioxx and Relevant Drugs and for conducting or reviewing drug utilization studies for the Government Health Program from January 1, 1998 to the present, Identifying the time periods for which they have provided such services.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action. Plaintiff further objects to this interrogatory on the ground that the term "drug utilization studies" is vague and undefined. Subject to these objections and the foregoing General Objections, plaintiff responds as follows: Dave Campana R.Ph., 1998 through present (attorney-client privilege applies); Tomas Porter, MD, 1998 through September 2001; Terry Babb Pharm.D, April 2004 through February 2005 (First Health); Melinda Sater, Pharm.D, May 2005 to present (First Health); Rose-Ellen Hope, R.Ph, 1996 to 2003 (First Health); Chad Hope, Pharm.D, May 2009 to present.

**Interrogatory Number 9:** Identify all members of Your P & T Committee from January 1, 1998 to the present, Identifying the dates of their service.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning time programs, periods that are not relevant to this

MODC498885

action.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  Thomas Hunt, February 2004 through September 2007; Michale Boothe, October 2003 through October 2006; Kelly Conright, October 2003 through January 2009; Dharna Begich, April 2008 through present; Ronald Miller, October 2003 through October 2006; Gregory Polston, October 2003 through May 2008; Ronald Keller, September 2004 through September 2007; Andrzej Macielewski, February 2005 through present; Sherrie Rickey, October 2004 through present; George Stransky, October 2003 through October 2006; Daniel Kiley, April 2007 through present; Lucy Curtis, October 2006 through present; Claudia Phillips, November 2008 through present; Heidi Brainerd, October 2003 through present; Richard Brodsky, October 2003 through present; Jeffrey Demain, February 2004 through present; R. Duane Hopson, October 2003 through May 2008; Alex von Hafften, October 2003 through October 2006; Amber Briggs, February 2005 through present; Marvin Bergeson, September 2004 through present; Janice Stables, October 2003 through present; Vincent Greer, February 2005 through present; Trish White, October 2003 through present; Robert Carlson, October 2003 through present; Traci Gale, October 2003 through present; and Diane Liljegren, October 2003 through present.

**Interrogatory Number 10:** Identify all present or former Merck employees or Persons acting on Merck's behalf that You allege provided false or misleading information upon which You relied, and Identify with specificity what information they provided, to whom they provided it, how they provided it, and when they provided it.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action.  Plaintiff further objects to this interrogatory to the extent that it is premature because discovery is ongoing.  Subject to these objections and the foregoing General Objections, plaintiff

Attachment 2- Interrogatories- State of Alaska

MODC498886

responds as follows:  Because discovery has just started, Alaska is not in a position to specifically identify the individuals Merck asks Alaska to identify.  Those individuals include, but are not limited to, any individuals involved in any way in the conduct that misled the FDA, the Alaska Medicaid Program, and Alaskans into (1) approving, paying for, and using a dangerous drug and (2) allowing the dangerous drug on the market without an appropriate warning label.  Alaska refers Merck to Alaska's Complaint.

**Interrogatory Number 11:** Identify all present or former Merck employees or Persons acting on Merck's behalf that You allege fraudulently concealed or failed to disclose material information that Merck had a duty to disclose to You, and Identify with specificity what material information they concealed/failed to disclose, from whom they concealed/failed to disclose it, how they concealed/failed to disclose it, and when they concealed/failed to disclose it.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning time programs.  Plaintiff further objects to this interrogatory to the extent that it is premature.  Subject to these objections and the foregoing General Objections, plaintiff responds as follows:  Because discovery has just started, Alaska is not in a position to specifically identify the individuals Merck asks Alaska to identify.  Those individuals include, but are not limited to, any individuals involved in any way in conduct that misled the FDA, the Alaska Medicaid Program, and Alaskans into (1) approving, paying for, and using a dangerous drug and (2) allowing the dangerous drug on the market without an appropriate warning label.  Alaska refers Merck to Alaska's Complaint.

**Interrogatory Number 12:** Identify each of the factual allegations in Your complaint that you contend constituted misrepresentations by Merck to You.

Attachment 2- Interrogatories- State of Alaska

MODC498887

**Response:** Subject to the foregoing General Objections, Alaska refers Merck to Alaska's Complaint.

**Interrogatory Number 13:** Identify all Persons who have participated in the negotiation of Your supplemental rebate agreements with pharmaceutical manufacturers Relating to Vioxx and Relevant Drugs between January 1, 1998 and the present, if any.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs, time periods and agreements that are not relevant to this action. Subject to these objections and the foregoing General Objections, plaintiff responds as follows: Doug Brown, R.Ph, and Sandy Kapur, Pharm.D, who are both employees of First Health.

**Interrogatory Number 14:** To the extent they Relate to Vioxx and Relevant Drugs, Identify all Persons who, from January 1, 1998 to the present, have had Communications with the Government Health Program Relating to: the creation or maintenance of databases or other electronically stored information; decisions Relating to which drugs should be placed on the Formulary for the Government Health Program and their clinical risks and benefits; drug utilization studies; and rebates, discounts, or other price concessions from pharmaceutical manufacturers.

**Response:** Plaintiff objects to this interrogatory on the ground that it is not comprehensible. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, and information concerning technical database matters. Plaintiff further objects to this interrogatory on the ground that the term "drug utilization studies" is vague and undefined. Subject to these objections and the foregoing General

Attachment 2- Interrogatories- State of Alaska

17

MDC498888

Objections, plaintiff responds as follows: Sandy Kapur, Doug Brown, Terry Babb,

Melinda Sater, who are all employees of First Health, and Dave Campana, an employee

of Alaska's Medicaid Office (attorney-client privilege applies).

## Interrogatories Relating to Damages You Seek

**Interrogatory Number 15:** State the types of damages You seek to recover in this
lawsuit and state with specificity the factual and legal basis for each such claim for relief,
the amount of damages You seek under each claim for relief, the factual basis for how
You calculate the amount of damages You seek for each claim for relief, and the amount
of money, if any, You have received as a result of any settlement Relating to Vioxx.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in

calling for information that will be the subject of expert reports and expert and fact

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court. Subject to these objections and the

foregoing General Objections, Plaintiff responds as follows: At the present time, Alaska

seeks the damages prayed for in its Complaint.

**Interrogatory Number 16:** Do You seek to recover from Merck expenditures made by
You to pay for Vioxx prescriptions for Beneficiaries? If Your response is anything other
than an unequivocal "No," state the amount of money You seek, whether any part of that
amount was paid by any other federal, state, or local government entity, the amount paid
by such entities (if any), and the amount subject to rebate payments, discounts, or price
concessions (if any).

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and discovery in this

Attachment 2- Interrogatories- State of Alaska

18

action. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning whether amounts were paid by other government entities. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Alaska seeks the damages prayed for in its Complaint, which includes, among other types of damages, recovery of funds spent paying claims for the payment for Vioxx prescriptions and includes the State, Federal and local share of all such expenditures, as determined by applicable law.

**Interrogatory Number 17:** Identify the number of reimbursements made by the Government Health Program for Vioxx and Relevant Drugs for each year since January 1, 1998, and Identify the prices reimbursed for each such Relevant Drug, itemizing the prices by date if they varied over time.

**Response:** Plaintiff objects to this interrogatory on the ground that its request for "prices" is vague and undefined and ignores the specific, various uses of the term "price" in the pharmaceuticals industry and the statutory and regulatory frameworks relating to reimbursements of prescription drugs with public funds. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: The Alaska Medicaid Program paid the following number of claims for Vioxx prescriptions: 1999: 1,372; 2000: 8,386; 2001: 13,523; 2002: 14,273; 2003: 14,043; 2004: 10,281.

**Interrogatory Number 18:** Identify the number of reimbursements made by the Government Health Program for Proton Pump Inhibitors for each year since January 1, 1998, and Identify the prices reimbursed for each such Proton Pump Inhibitor, itemizing the prices by date if they varied over time.

M0DC498890

**Response:** Plaintiff objects to this interrogatory on the ground that its request for "prices" is vague and undefined and ignores the specific, various uses of the term "price" in the pharmaceuticals industry and the statutory and regulatory frameworks relating to reimbursements of prescription drugs with public funds. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs and time periods that are not relevant to this action.

**Interrogatory Number 19:** Do You seek to recover from Merck the cost of treating alleged Vioxx-related injuries suffered by Beneficiaries? If Your response is anything other than an unequivocal "No," Identify each such affected Beneficiary, Identify the injury he or she allegedly suffered, and state with specificity each legal basis You contend supports Your claim for relief, the types and amount of damages You seek to recover, the factual basis for how You calculate that amount, and the amount of money You spent for medical treatment of such injuries.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Yes.

**Interrogatory Number 20:** Do You seek to recover from Merck damages on behalf of Persons whom You contend individually have claims against Merck for the purchase of Vioxx by virtue of Your status as *parens patriae* or as a representative plaintiff? If Your response is anything other than an unequivocal "No," Identify each such Person, and state with specificity each legal basis You contend supports Your claim for relief on their behalf, the types and amount of damages You seek to recover on their behalf, and the factual basis for how You calculate that amount.

Attachment 2- Interrogatories- State of Alaska

M0C498891

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: No.

**Interrogatory Number 21:** Do You seek to recover damages on behalf of a government entity by virtue of Your status as a *qui tam* plaintiff, relator, taxpayer, or informer? If Your response is anything other than an unequivocal "No," state with specificity each legal basis You contend authorizes You to bring and proceed with this lawsuit, the types and amount of damages You seek to recover on the government's behalf, and the factual basis for how You calculate that amount.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Subject to the foregoing General Objections, Plaintiff responds as follows: No.

**Interrogatory Number 22:** Do You seek disgorgement and/or restitution of funds Merck obtained as a result of the sale of Vioxx? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of money You seek, and the factual basis for how You calculate that amount.

Attachment 2- Interrogatories- State of Alaska

MDOC498892

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and fact and expert discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.   Subject to these objections and the foregoing General Objections, Plaintiff responds as follows:  Yes.

**Interrogatory Number 23:** Do You seek punitive and/or exemplary damages from Merck? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**  Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.   Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Yes, in an amount determined by the jury.

**Interrogatory Number 24:** Do You seek to recover statutory penalties from Merck?  If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of such penalties You seek, and the factual basis for how You calculate that amount.

Attachment 2- Interrogatories- State of Alaska

MDOC498893

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and fact and expert discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.   Subject to these objections and the foregoing General Objections, Plaintiff responds as follows:  Yes, in an amount equal to $25,000 per violation of Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 and .551.

**Interrogatory Number 25:** Do You seek to recover damages Relating to costs incurred by any self-insured health, welfare or benefit plans?  If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the types and amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.   Subject to these objections and the foregoing General Objections, Plaintiff responds as follows:  Subject to the foregoing General Objections, Plaintiff responds as follows:  Alaska seeks damages suffered by the Alaska Medicaid Program.

Attachment 2- Interrogatories- State of Alaska

MDOC498894

**Interrogatory Number 26:** Do You seek to recover any other relief, either monetary or injunctive, that is not covered in any other Interrogatory? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the types and amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature in

calling for information that will be the subject of expert reports and fact and expert

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Plaintiff

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.    Subject to these objections and the

foregoing General Objections, Plaintiff responds as follows:  Yes. *See* Complaint.

**Interrogatory Number 27:** Do You seek to recover attorneys' fees from Merck? If Your answer is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such fees and Identify the amount You seek.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature.

Subject to these objections, the foregoing General Objections, and that this interrogatory

calls for a legal opinion as to the "legal basis" supporting the claim for relief as a legal

opinion is not properly the subject of an interrogatory under the applicable rules of Court,

Plaintiff responds as follows:  Yes, full attorneys' fees, pursuant to Alaska's Unfair Trade

Practices and Consumer Protection Act, AS 45.50.537.

**Interrogatory Number 28:** Were any of the expenditures You seek to recover paid for, in whole or in part, by any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program, and state the amount paid to You by each such entity or program.

Attachment 2- Interrogatories- State of Alaska

24

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning whether amounts were paid by other government entities. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Alaska seeks recovery of funds paid by the Alaska Medicaid Program, and said funds were contributed at the local, state and federal levels of government pursuant to applicable statutes and regulations. Plaintiff refers Merck to the relevant law governing the allocation of the shares contributed. The Alaska Medicaid Program, however, is vested with the legal responsibility and power to recover any Medicaid funds improperly spent, including the federal, local and state share.

**Interrogatory Number 29:** Is the Government Health Program administered by, in whole or in part, any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program and state the amount You paid each such entity or program.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, information about the operation of the Medicaid Program that is unrelated to this action, including, *e.g.*, patient eligibility and participation by providers, and information concerning payments to outside entities or programs. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: The Alaska Medicaid Program is administered by the Department of Health and Social Service, which is the designated single state agency responsible for administering the

Attachment 2- Interrogatories- State of Alaska

MDOC498896

program.  During the relevant period, the Alaska Department of Health and Social

Service entered into contracts with various entities to perform various services related to

the Alaska Medicaid Program, including, *e.g.*, contracting with a fiscal agent for the

processing of claims, among other services.

**Interrogatory Number 30:** Identify the amount of money You spent annually treating
gastrointestinal bleeds or perforated ulcers Relating to Beneficiaries who were prescribed
non- Cox-2 NSAIDs from January 1, 1998 to the present.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs and time periods that are not relevant to this

action, and information on conditions that exist in the general population for reasons

other than NSAID use.  Subject to these objections and the foregoing General Objections,

Plaintiff responds as follows:  Alaska has not calculated this amount at this time, but the

data that will allow Merck to calculate this amount will be provided to Merck after the

discussions referenced in Alaska's response to Interrogatory # 1.

**Interrogatory Number 31:** Identify the amount of money You spent annually for Vioxx

and each of the Relevant Drugs prescribed for Beneficiaries for each year since January 1,

1998 to the present.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning prescription drugs and time periods that are not

relevant to this action.  Subject to these objections and the foregoing General Objections,

Plaintiff responds as follows: The Alaska State Medicaid Program paid claims for Vioxx

Attachment 2- Interrogatories- State of Alaska

MDOC498897

prescriptions in the following amounts: 1999: $129,376.70; 2000: $710,514; 2001:

$1,123,106; 2002: $1,169,441; 2003: $1,163,103; 2004: $902,032.  Total $4,034,469.35.

**Interrogatory Number 32:** Identify the total amount of money the Government Health Program spent annually on Vioxx prescriptions for each year since January 1, 1998 to the present.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs and time periods that are not relevant to this

action.  Subject to these objections and the foregoing General Objections, Plaintiff

responds as follows:  *See* Response to Interrogatory No. 31.

**Interrogatory Number 33:** Identify the total amount of money the Government Health Program spent annually on Celebrex prescriptions for each year since January 1, 1998 to the present.

**Response:**  Plaintiff objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs, a prescription drug and time periods that are

not relevant to this action.  Subject to these objections and the foregoing General

Objections, Plaintiff responds as follows:  Alaska has not calculated this amount at this

time, but the data that will allow Merck to calculate this amount will be provided to

Merck after the discussions referenced in Alaska's response to Interrogatory # 1.

**Interrogatory Number 34:** Identify the amount of money the Government Health Program spent annually on the concomitant use of Proton Pump Inhibitors with the Relevant Drugs by Beneficiaries for each year since January 1, 1998 to the present.

Attachment 2- Interrogatories- State of Alaska

MODC498896

**Response:** Plaintiff objects to this interrogatory on the ground that the term "concomitant use" is vague and undefined. Plaintiff further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Alaska has not calculated this amount at this time, but the data that will allow Merck to calculate this amount will be provided to Merck after the discussions referenced in Alaska's response to Interrogatory # 1.

### Miscellaneous Interrogatories

**Interrogatory Number 35:** Do you now, or have You previously operated or participated in any joint programs, educational programs, or symposia, or entered into any agreements with any medical school, pharmacy school, medical association, medical organization, or medical specialty society Relating to decisions about Your Formulary? If Your response is anything other than an unequivocal "No," Identify all Persons with whom You have had Communications Relating to such joint programs and agreements.

**Response:** Plaintiff objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs and time periods that are not relevant to this action. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: The Alaska Medicaid Program has in the past had a contract with Oregon Health and Sciences University ("OHSU") for OSHU to provide information services used in the development of Alaska Medicaid's preferred drug list.

**Interrogatory Number 36:** Identify all expert witnesses You intend to use at trial, Including their likely testimony.

M0C498899

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature. Subject to this objection and the foregoing General Objections, Plaintiff responds as follows: Plaintiff will identify expert witnesses they intend to use at trial and will provide their expert reports in accordance with the Court's scheduling Order or in compliance with the Orders of the Court.

**Interrogatory Number 37:** Identify all fact witnesses You intend to call at trial, Including their likely testimony.

**Response:** Plaintiff objects to this interrogatory on the ground that it is premature and calls for disclosure not provided for in the rules of court. Subject to these objections and the foregoing General Objections, Plaintiff responds as follows: Plaintiff will identify fact witnesses they intend to use at trial in accordance with the court's scheduling Order or in compliance with other Orders of the Court.

**Interrogatory Number 38:** Have You put in place a legal hold to ensure the preservation of all relevant Documents and information Relating to Your lawsuit? If so, Identify the date that hold was put in place.

**Response:** Subject to the foregoing General Objections, Plaintiff responds as follows: Plaintiff does understand what Defendant means by "legal hold," but no relevant documents have been or will be destroyed.

DATED: August 2, 2009.     FOSLER LAW GROUP, INC.

Attorneys for the State of Alaska

By:___/s/ James E. Fosler_____
James E. Fosler
737 W. 5th Ave., Suite 205
Anchorage, AK 99501
Phone: (907) 277-1557
Fax: (907) 277-1657
E-mail: jfosler@foslerlawgroup.com

Attachment 2- Interrogatories- State of Alaska

29

## **Rule 26(g) Certification**

I certify that, to the best of my knowledge, information, and belief, formed after reasonable inquiry, these discovery responses are complete and correct when made.

By:\_\_\_\_/s/ James E. Fosler_____
　　　　James E. Fosler

Attachment 2- Interrogatories- State of Alaska

30

M0DC498901

## Rule 26(g) Certification

I certify that, to the best of my knowledge, information, and belief, formed after reasonable inquiry, these discovery responses are complete and correct when made.

By:   /s/ James E. Fosler
       James E. Fosler

## Verification

STATE OF ALASKA         )
                           )
THIRD JUDICIAL DISTRICT  )

DAVID CAMPANA, being first duly sworn upon oath, deposes and says that he has reviewed the answers to interrogatories, and that they are correct to the best of his knowledge and belief.

DAVID CAMPANA

SUBSCRIBED AND SWORN to before me this 3rd day of August 2009.

Notary Public in and for Alaska
My Commission Expires:  10-22-12

30

MDC498902