# EXHIBIT 6



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Montana | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| Merck, et al. | * | |
| | * | |
| Civil Action No. 06-4302 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S NOTICE OF VIDEOTAPED DEPOSITION
### OF PLAINTIFF PURSUANT TO FRCP 30(b)(6)

Pursuant to FED. R. CIV. P. 30(b)(6), Defendant Merck & Co., Inc, will take the

deposition(s) of the Plaintiff as an organization concerning each of the matters identified in

Exhibit A, which is attached hereto. This deposition(s) will take place at a location, date, and

time before the close of fact discovery to be agreed upon by counsel. The deposition(s) may

occur over several days if more than one person is necessary to provide the information

requested. The deposition(s) will be taken before an officer authorized to administer oaths and

will be recorded by stenographic and sound-and-visual means.

At least seven days before the deposition(s), Plaintiff shall identify the person(s) most

knowledgeable who will speak on its behalf on each topic listed in Exhibit A.

1122013v1

M01SD32604

**EXHIBIT A**

1. Each and every way that the following documents allegedly "presented information concerning the safety profile and efficacy of Vioxx in an unfair or deceptive manner" as claimed in Plaintiff's Supplemental Response to Merck's Second Set of Interrogatories:

   a. Any and all press releases from Merck regarding Vioxx

   b. The creation, dissemination, and utilization of the Cardiovascular Card by Merck representatives

   c. Communications within Merck, including but not limited to the February 2001 bulletin to sales people, the Jo Jerman August 2001 voice mail, Fall 2001 Project Offense, and training regarding "Dodge Ball Vioxx"

   d. Direct to consumer print and television advertising

   e. Numerous letters to Health Care Providers in Montana identified by Bates ranges in Plaintiff's Supplemental Response to Merck's Second Set of Interrogatories

   f. Pre-release marketing

2. Each and every way that Merck's detailing of doctors was unfair, false, misleading or deceptive, as claimed in Plaintiff's Supplemental Response to Merck's Second Set of Interrogatories.

3. Each and every way that Merck's distribution of "journal articles in national publications that reached Montana" was unfair, false, misleading or deceptive, as claimed in Plaintiff's Supplemental Response to Merck's Second Set of Interrogatories.

4. Each and every way that Merck's distribution of FDA-approved product inserts/labels for Vioxx was unfair, false, misleading or deceptive.

5. Each and every way that Merck's distribution of sample packages for Vioxx was unfair, false, misleading or deceptive.

6. Each and every alleged deceptive representation or omission by Merck that Plaintiff claims exists in any scientific articles about Vioxx.

7. To the extent not covered above, every other act or practice by Merck that Plaintiff claims to be unfair, false, misleading or deceptive regarding Vioxx and/or the risk profile, benefits, and efficacy of Vioxx in an unfair, false, misleading or deceptive manner.

8. Each and every fact that supports Plaintiffs contention that Merck willfully engaged in unfair, false, misleading, or deceptive acts or practices in violation of Montana law.

9. The detailed bases for all factual statements made by Plaintiff in its Complaint filed December 28, 2005.

1122013v1

M01SD32605

10. The names and contact information of all healthcare providers and consumers whom Plaintiff interviewed regarding Merck's promotion, sale, or marketing of Vioxx prior to filing the Complaint on December 28, 2005.

11. All names and contact information of all healthcare providers and consumers who made any complaints to the State of Montana between 1999 and the present about Merck's promotion, sale, or marketing of Vioxx.

12. The number of alleged violations of Montana law for which Plaintiff is currently seeking penalties pursuant to M.C.A. § 30-14-142.

13. Each and every act or practice of Merck that Plaintiff seeks to enjoin in this case.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE, PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

—and—

BAKER BOTTS L.L.P.

*/s/Richard L. Josephson*
Richard L. Josephson
State Bar No. 11031500
Federal Bar No. 04614
910 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

1122013v1

M01SD32606

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Notice of (30)(b)(6) Deposition to Plaintiff has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C) on this 1st day of April, 2013.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

1122013v1

M015D32607