UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION  L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| THIRD PARTY PAYOR COMMON | * | SPECIAL MASTER JUNEAU |
| BENEFIT FEES | * | |
| | * | |
| FILER: Robert E. Arceneaux/Margaret Woodward/ | * | May 20, 2013 |
|         Pascal F. Calogero, Jr. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ERIC H. WEINBERG'S MEMORANDUM IN SUPPORT
### OF MOTION *IN LIMINE* TO BAR "POSSIBLE WILL CALL" WITNESSES

This memorandum is respectfully submitted on behalf of the Law Offices of Eric H. Weinberg ("Weinberg"), in support of his Motion *in Limine* to Bar "Possible Will Call Witnesses."

The Special Master's protocol unequivocally provided that by 5:00 pm on May 17, 2013, the parties were to "file their list of witnesses they **will** call at the hearing." R. Doc.  64361 (emphasis added). Weinberg complied, *see* R. Doc. 46406, but the FAC filed a list that contained three "will call" witnesses, and a much larger number of additional "possibly will call" witnesses, including every member of the FAC except Elizabeth Cabraser.  *See* R. Doc. 64405.  This List was supplemented at approximately 6:00 pm Friday night to include an additional "possibly will call" witness. *See* R. Doc.64408.

The protocol made no provision for "may call" witnesses. Needless to say, there is a difference between "will call" witnesses and "may call" witnesses.  *See e.g., John v. State of La.*, 899 F.2d 1441, 1447, (5th Cir. 1990) (minute entry that litigant had limited time to convert "may call" witnesses to "will call" witnesses" was "very clear" and did not require clarification.).  The protocol clearly stated that the parties would identify the witnesses "they will call at the hearing."

The scheduled hearing, as the Court is aware, was set on short notice, and each side has

extremely limited time in which to prepare. Offsetting that difficulty, the Special Master restricted each side to four hours for its presentation, limiting the required preparation time– at least according to the protocol's design. Weinberg complied with both the letter of the protocol and its spirit, streamlining his case as the Special Master clearly expected: he listed only himself and Mr. Herman as will call witnesses.

By contrast, the TPP FAC included more "may call" witnesses on its list than it did "will call" witnesses, and in so doing violated the protocol. Weinberg understood that the process envisioned by the protocol was to ensure that no side would have any advantage over the other. For this reason, "may call" witnesses were not provided in the protocol because they would allow the parties to decide which witnesses they would call after they had received the other side's list, or more importantly, in response to the course of testimony as it developed at the hearing. This would be particularly unfair to Weinberg, who is to present his case first. TheTPP FAC's lengthy list of "possible will call" witnesses upsets the balance established by the protocol.

Clearly, the FAC cannot call all of the "possible" witnesses it has listed. Under the protocol, the FAC's four hours includes the time it will devote to cross-examination of Weinberg. It advanced cross-examination as its principal interest in requesting a hearing. Therefore, it cannot fit ten witnesses into a few hours which will also include cross-examination. Its lengthy list is impossible– but it offers the FAC the flexibility to modify its case based on the case Weinberg may offer. Weinberg, however, had no similar advantage in selecting his witnesses, which he did in accordance with the protocol.

The FAC's "possible will call" witness also severely prejudices Weinberg in his preparation for the hearing. Instead of preparing to meet three "will call" witnesses, he must be ready to confront **every member of the FAC** (except Cabraser) **and four others besides.** Because there has

been no discovery about what these witnesses might address in their testimony, Weinberg and his counsel must review voluminous correspondence, emails, and time records in an effort to determine what they might say, and an appropriate response.

The TPP FAC's "possible will call" witnesses are a flagrant violation of the protocol, but one which the TPP FAC surmised was worth committing[1] in exchange for the leg up it receives by (1) making Weinberg spend valuable and scarce trial preparation on witnesses that may not be called, and (2) preserving a pool of witnesses it can draw upon if needed to answer Weinberg's case, without committing to calling any of them.

This violation of the protocol, particularly given that it was done in an attempt to secure advantage in the process, should not be excused. The "possible will call" witnesses should not be allowed to testify.

Respectfully submitted:

/s/ Robert E. Arceneaux
Robert E. Arceneaux, La Bar No. 01199
ROBERT E. ARCENEAUX LLC
47 Beverly Garden Drive
Metairie, LA 70001
(504) 833-7533 office
(504) 833-7612 fax
rea7001@cox.net

/s/ Margaret E. Woodward
MARGARET E. WOODWARD, La. Bar No.13677
3701 Canal Street, Suite C
New Orleans, Louisiana  70119
(504) 301-4333 office
(504) 301-4365 fax
mewno@aol.com

Pascal F. Calogero, Jr., La. Bar No. 03802
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
New Orleans LA 70163-1950
(504) 582-2300 office
(504) 582-2310 fax
pcalogero@alsfirm.com

Attorneys for Law Offices of Eric Weinberg

---

[1] The artifice of designating "may call" as "possibly will call" demonstrates that the TPP FAC knew that it was violating the protocol by trying to categorize its "may call" witnesses in language that at least purported to follow the protocol.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on a member of the FAC by e-mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pre Trial Order No.8, on this date, May 20, 2013.

s/Margaret Woodward
_____