**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: VIOXX PRODUCTS                    MDL No. 1657
LIABILITY LITIGATION                     Section: L
This document applies to:
*Poole v. Eichholz Law Firm, P.C., et al.*      Judge Eldon E. Fallon
*E.D. La., Case No. 2:11-cv-1546*               Mag. Judge Knowles

**ORDER  PRELIMINARILY APPROVING SETTLEMENT,**
**CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,**
**APPROVING THE FORM OF NOTICE AND AUTHORIZING THE DISSEMINATION**
**OF THE NOTICE, SCHEDULING A FAIRNESS HEARING,**
**AND STAYING THE LITIGATION**

The Parties have reached a proposed Settlement Agreement which has been submitted to this Court for its consideration, together with Class Members' request for provisional certification of the Class defined in the proposed Settlement Agreement and a proposed plan for dissemination of notice to the class regarding the Action, the proposed Settlement Agreement and related procedures, and setting a schedule for final approval of the Settlement and entry of a Final Order and Judgment. All Parties deem the proposed Settlement Agreement to be in their best interest and Defendants support entry of this Order.

The Court has considered the submissions by and presentations of counsel regarding the proposed Settlement Agreement in light of the requirements of Federal Rules of Civil Procedure Rule 23 and the criteria set forth in the *Manual for Complex Litigation, Fourth*, (2004), which provides procedural guidance on the conduct of the settlement approval process in class actions.

The Court has carefully reviewed all the documents filed by the Parties in this Action in support of the Settlement, as well as other pleadings and documents filed in this Action, including the briefs and evidence submitted in connection with the motion for certification of a

settlement class. For the reasons set forth more fully below, the Court now GRANTS provisional class certification and preliminary approval of the Settlement.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Capitalized terms used in this Order shall have the same meaning as those defined in the Class Settlement Agreement in Case No. 2:11-cv-1546 of MDL No. 1657, dated March 26, 2013, attached as Exhibit 1 to the Memorandum of Law in Support of the Joint Motion of Plaintiffs and Defendants for an Order (1) Preliminarily Approving the Settlement; (2) Conditionally Certifying a Settlement Class; (3) Approving the form, content and method for dissemination of the Notice and authorizing the dissemination of the Notice; (4) Scheduling a Fairness Hearing; and (5) Staying the Action against Defendants ("Joint Memo.").

2.      The Settlement Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's length, in good faith, and free of collusion to the detriment of the Settlement Class, and as being within the range of possible judicial approval at a prospective Fairness Hearing.

3.       The following Settlement Class is conditionally certified and shall consist of:  All persons who entered into a litigation funding transaction with Pacific Legal Funding, LLC whereby such person received an advance relative to a Vioxx settlement obtained by a client or clients of Defendant TELF and, further, where such person paid to PLF (by a disbursement from the Vioxx settlement proceeds) some fee, interest or other charges, exclusive of the repayment of the principal amount of the advance.  Excluded from the Settlement Class are Defendants and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

2

4.      With respect to the Settlement Class, the Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the class members are so numerous, making joinder of all class members impracticable; (ii) there are questions of fact and law that are common to all members of the class; (iii) the claims of the class representative are typical of the claims of the class; and (iv) the class representative will fairly and adequately protect the interests of the class.

5.      With respect to the Settlement Class, the Court further finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes in that: (i) questions of fact and law common to the class members predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      The Court finds that Class Representative Verie Poole has claims typical of the Class Members and is an adequate representative of the Class Members. The Court appoints her to serve as Class Representative.  The Court further finds that Mark A. Tate and C. Dorian Britt of Tate Law Group, LLC have extensive experience and expertise in prosecuting consumer class action cases.  The Court appoints this firm as Class Counsel.

7.       The form and content of the Class Notice as set forth in Exhibit 4 to the Joint Memo is approved.  The proposed Class Notice, both the summary form and the detailed notice, is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the proposed Settlement.

8.      The proposed plan for distributing the Class Notice, as set forth in Section 7 of the Settlement Agreement, is a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, Counsel for Defendant The Eichholz Firm

will cause the Class Notice to be distributed to Class Members by first class U.S. Mail to their last known addresses. The Notice shall also be posted on this Court's website for Vioxx product liability MDL at least until such time as the Fairness Hearing occurs.

9.      The Class Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (1) appropriate and sufficient information about the nature of this Action, the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement; (2) appropriate and sufficient information about Class Counsel's forthcoming application for attorneys' fees; (3) appropriate and sufficient information about how to object or opt-out of the Settlement, if they wish to do so, and the effect of failing to do so; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Settlement Class Members' right to appear through counsel if they desire; and (5) appropriate instructions as to how to obtain additional information regarding this Action, the Settlement Agreement and the approval process.

10.      The Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e) and satisfies all other legal and due process requirements.

11.      Accordingly, the Court hereby ORDERS as follows:

    a. The form and content of the Class Notice is approved.

    b. The manner of distributing the Class Notice is approved.

    c. Promptly following the entry of this Order, Class Counsel shall prepare final versions of the Class Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

d. Within fifteen (15) days of entry of this Preliminary Approval Order preliminarily certifying the Class, Counsel for Defendant The Eichholz Firm shall mail, via first class postage, the Notice to all known potential Class members at their last known address ("Notice Date").

12. The cost of Notice shall be paid by Defendants in accordance with Section 7.2 of the Settlement Agreement.

13. The Notice, Settlement Agreement, and any additional relevant Settlement documents shall also be posted on the Court's Vioxx MDL website: http://vioxx.laed.uscourts.gov/.

14. Any Class Member wishing to opt out of the Settlement must notify either Class Counsel (Mark A. Tate, Tate Law Group LLC, 2 East Bryan Street, Suite 600, Savannah, Georgia 31401) or counsel for Defendant The Eichholz Law Firm (Joe Coomes, McConnell, Sneed & Cohen, LLC, 990 Hammond Drive, Suite 840, Atlanta, Georgia 30328), in writing, by first class mail, within sixty (60) days of the Notice Date (the date of such notification to be the postmark date) of their intention to opt out of the Settlement. The opt-out notice must be signed by the individual Class Member.

15. Any Class Member who does not properly and timely request exclusion from the proposed Settlement shall, upon final approval of the proposed Settlement, be bound by the terms and provisions of the proposed Settlement so approved, including but not limited to the releases, waiver, and covenants described in the proposed Settlement, whether or not such person or entity objected to the proposed Settlement and whether or not such person or entity makes a claim against the Settlement Fund.

16. Any Settlement Class Member wishing to object to the Settlement must notify the Clerk of Court (United States District Court for the Eastern District of Louisiana, 500 Poydras

Street, New Orleans, Louisiana 70130), Class Counsel (Mark A. Tate, Tate Law Group LLC, 2 East Bryan Street, Suite 600, Savannah, Georgia 31401), counsel for Defendant The Eichholz Law Firm (Joe Coomes, McConnell, Sneed & Cohen, LLC, 990 Hammond Drive, Suite 840, Atlanta, Georgia 30328), and counsel for Defendant Pacific Legal Funding (Jonah Flynn, Flynn Law Firm, LLC, 945 East Paces Ferry Road, Suite 2525, Atlanta, Georgia 30326) in writing, within sixty (60) days of the Notice Date (the date of such notification to be the postmark date), of their intention to object to the Settlement and/or appear at the Fairness Hearing.

17. The objection must set forth all objections, explain the reasons for the objection, and include any written material on which the objection is based or on which he or she intends to rely. The objection must state whether the Settlement Class Member or his/her lawyer intends to appear at the Fairness Hearing. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing. All objections must contain the caption of the Action, include the name, mailing address, e-mail address, if any, and telephone number of the objecting Settlement Class Member, and be signed by the individual Settlement Class Member and by his or her counsel, if any. The objection must be signed by the individual Settlement Class Member and by his/her/its counsel; an objection signed by counsel alone shall not be sufficient.

18. The objection must contain the caption of the Action and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Settlement Class Member.

19. No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through the objector's counsel), or to object to certification of the Class or to the Settlement, and no written objections or briefs submitted by any Settlement Class

Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the Settlement Class Member's objection, any brief in support of the objection, and any statement of intention to appear at the Fairness Hearing have been served upon Class Counsel and Defendants' counsel within the 60-day period following the Notice Date (the date of such notification to be the postmark date),. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection.

20. Class Counsel shall file all objections with the Court at the same time it files its memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

22. A formal Fairness Hearing shall take place on the  27th  day of  August , 2013 at  9  o'clock in the a.m., in order to consider comments on and objections to the proposed Settlement and to consider whether (a) to grant final approval of the Settlement Agreement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to grant final certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, (c) to enter the Final Order and Judgment provided in paragraph 3.1.2 of the Settlement Agreement dismissing the claims of the Settlement Class Members against Defendants with prejudice, and (d) such other matters as the Court may deem appropriate.

23. All briefs, memoranda, and papers in support of final approval of the Settlement shall be filed no later than 21 days before the Fairness Hearing.

24. Prosecution of the Action against Defendants shall be stayed pending the final approval of the Settlement and further orders of the Court.

25. Pending the final determination of whether the proposed Settlement should be approved, each Settlement Class Member, and any person purporting to act on their behalf, as well as any other individual or entity, or agent or attorney acting on their behalf, are hereby enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court asserting any of the Released Claims; provided, that this injunction shall not apply to individual claims of any Settlement Class Member who has timely and properly opted out from the Class as permitted by the Court. Such injunction shall remain in force until final approval or until such time as the Parties notify the Court that the proposed Settlement has been terminated. This injunction is necessary to protect and effectuate the proposed Settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the proposed Settlement and to enter final judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

26. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or in connection with the proposed Settlement.

IT IS SO ORDERED.

This 17th day of ___May___, 2013, at New Orleans, Louisiana.

_____
United States District Court Judge