UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| State of Utah | JUDGE ELDON E. FALLON |
| v. | MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | |
| Civil Action No. 2:06-cv-09336 | |

**PLAINTIFF'S SEVENTH REQUESTS FOR ADMISSIONS
AND INTERROGATORIES TO DEFENDANT**

Pursuant to FED. R. CIV. P. 33 and 36 and Pretrial Order Number 39B, please respond to the following Requests for Admission and Interrogatory.

**DEFINITIONS**

1. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process.

2. "Food and Drug Administration") ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3. "Including" means "including but not limited to" and "including without limitation."

4. "Merck" means the defendant in this action, and any of the subsidiaries, divisions,

1

departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

5. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

6. "Vioxx" means the dug rofecoxib sold by Merck under the registered trademark VIOXX®.

7. "You" or "Your" means all defendants listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Defendant.

## INSTRUCTIONS

A. The answers to these requests shall include such information as is available to Defendant and found within documents that are within the custody, possession or control of Plaintiffs, or are within the custody, possession or control of any consultants, accountants, attorneys or other agents of Defendant or which are otherwise available to Defendant. In responding to these discovery requests, Defendant is specifically instructed to review his personal files, notes, records, correspondence, daily calendars and telephone logs or records for all persons who have knowledge of the information inquired about in each request.

B. If the answer to any discovery requests is not made from the personal knowledge of Defendant who will be verifying the answers to these interrogatories, identify each person from whom information or documents were obtained to make the particular answer and identify each person having personal knowledge of such information. If the answers or portions of the

answers to these discovery requests are supplied upon information and belief rather than upon actual knowledge, Defendant should so state and specifically describe or identify the source or sources of such information and belief.

  C. The answers to these discovery requests should include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

  D Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

  E. Where the terms "you", "defendant", or "plaintiff" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if the answers are different.

  F. Where the terms "incident" or "the incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

  G. If Defendant claims that any conversation, meeting or oral discussion inquired about in these discovery requests is privileged, Defendant should nevertheless identify such conversation, meeting or oral discussion in the manner required herein and set out specifically a detailed description of the factual circumstances supporting their claim of privilege.

  H. A "health care provider" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, psychiatrist, psychologist, mental health therapist, nurse practitioner, nurses assistant, acupuncturist, neuro pathologist, massage therapist, podiatrist, doctor or chiropractic, naturopathic physician, or other person who performs any kind of healing art.

I.    All documents are to be produced which are in the possession of the individual or corporate party, their attorneys, investigators, agents, employees, or other representatives of the named party and his attorney. The terms "incident" or "the incident" are meant to include the incident which is the basis of this lawsuit, unless otherwise specified.

J.    The term "document" is meant to include, but is not limited to, all writings, notes, memoranda, correspondence, charts, graphs, records, tapes, pictures, recorded, photographed, sketched, drawn or otherwise produced, maintained or stored information.

K.    These discovery requests are continuing in nature and should be amended and supplemented in accordance with the Utah Rules of Civil Procedure.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**   Please admit that the document, Bates Number MRK-JAF0016264, attached hereto as Exhibit A, is authentic, relevant and admissible with regard to this litigation.

**REQUEST NO. 2:**   Please admit that Exhibit A was not produced in the Multi-District litigation.

**REQUEST NO. 3:**   Please admit that Exhibit A was within the possession and/or control of Merck.

**REQUEST NO. 4:**   Please admit that Merck, for its own purposes, introduced Exhibit A in the Reines deposition.

**REQUEST NO. 5:**   Please admit that there was no impediment to producing Exhibit A prior to the deposition.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  If you claim that Exhibit A was produced prior to the deposition of Reines, please indicate if a different Bates Number was used, when it was produced and to whom it was produced.

**INTERROGATORY NO. 2:**  Please state by category and Bates Numbers, what Merck documents remain unproduced?

**INTERROGATORY NO. 3:**  For each document listed above please state the reason each document has not been produced.

**INTERROGATORY NO. 4:**  Has Merck produced all documents which relate in any way to the defenses of Merck specific to the Utah cause of action?

**INTERROGATORY NO. 5:**  If Merck claims privilege for any documents that have not been produced, please state the basis for that claim for each document.

DATED this 22nd day of May, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ 08901


/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing PLAINTIFF'S SEVENTH SET OF REQUESTS FOR ADMISSIONS AND INTERROGATORIES TO DEFENDANT has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C) on this 22nd day of May, 2013.


/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123

**EXHIBIT A**

To: Reines, Scott A.; Nies, Alan S.
From: Block, Gilbert A.
Cc
Bcc:
Date: 1998-04-02 19:19:01
Subject: FW: MK-0966 Prevention Trial Committees

FYI.
Gil

From: Snapinn, Steven
To: Block, Gilbert A.
Subject: RE: MK-0966 Prevention Trial Committees
Date: Thursday, April 02, 1998 2:55PM

Gil,

Yes, I agree. If there is no desire or perceived ethical requirement for efficacy monitoring, and no plan for safety monitoring, then there's no reason to put a DMB in place.

Steve

From: Block, Gilbert A.
To: Snapinn, Steven
Subject: MK-0966 Prevention Trial Committees
Date: Thursday, April 02, 1998 2:49PM
Priority: High

Steve,
As per our conversation this morning, would you please confirm by e-mail that you concur with our elimination of the Steering and DMB committees for the above prevention trial in AD. As we discussed, the sole basis for having these committees was the planned interim analysis. This interim analysis was to be an analysis based on efficacy such that if we saw overwhelming evidence of efficacy we would discontinue the placebo arm of the trial. Based on our discussions with the FDA yesterday, we feel that it is more important to have the trial go to completion. Thus we will not be conducting an interim analysis. The DMB was not going to be monitoring any aspects of safety. Thus, there is, in our opinion, no need for anything but the external endpoint adjudication committee.
Thanks in advance,
Gil

MRK-JAF0016264