UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**   *State of Utah v. Merck Sharpe & Dohme Corp.*, No. 09-9336

### ORDER FOR PRODUCTION AND PROTECTIVE ORDER

Pursuant to the Court's November 7, 2012 Order requiring additional discovery from the State of Utah, the Court now enters the following findings and modifies its discovery order as follows:

1. Utah Medicaid is a covered entity pursuant to the Health Insurance Portability and Accountability Act of 1996. (HIPAA). The Act requires that the confidentiality of "individually identifiable health information" be maintained through what are known as the HIPAA Privacy Rules, set forth at 45 CFR Part 160 and Part 164, Subparts A and E.

2. The Court finds that a limited production of individually identifiable health information is relevant to this case and will facilitate the resolution of the dispute.

3. 45 CFR 164.512(e) provides an exception to the prohibition against disclosure of individually identifiable health information in a judicial setting. The Court must "expressly authorize" production of individually identifiable health information through an appropriate protective order. 164.512(e)(1)(v); *U.S. ex rel. Stewart v. The Louisiana Clinic*, 2002 WL 31819130 (E.D. La. 2002), at *4.

4. The Court finds that both the State and Merck have complied with the HIPAA

regulations by seeking an appropriate protective order and the Court has the authority to order disclosure of non-party patient information subject to such a protective order, without conducting a contradictory hearing or having the parties obtain any patient's consent. 45 C.F.R. 164.512(e)(1)(v); 45 C.F.R. 164.512(e)(1)(ii)(B) and (e)(1)(iv).

5. There is good cause for entry of a protective order and that the order should offer certain protections of the privacy interests of the non-party patients while facilitating appropriate production of individually identifiable health information.

6. The names, addresses, ages, and gender of all Utah Medicaid recipients who were prescribed and consumed VIOXX [hereinafter, "Utah Medicaid VIOXX Patients"] are relevant to this case. The Court expressly authorizes the State to produce the names, addresses, ages, and genders of the Utah Medicaid VIOXX Patients.

7. The Court also finds that data regarding Utah Medicaid recipients who were not prescribed VIOXX, included in Dr. Tolley's data set of Medicaid claims data, from 3/09/1995 to June 30, 2012, as described in the first paragraph of section "2.Overview" of Dr. Tolley's January 18, 2013 report [hereinafter, "the Utah Medicaid non-Vioxx Patients"], is relevant. The Court expressly authorizes the State to produce all data regarding those Utah Medicaid non-Vioxx Patients, other than the Utah Medicaid non-Vioxx Patients' names and addresses or other "patient identifiers" as defined at 45 C.F.R. § 164.514(2)(i)(A)-(R). Defendant shall not request and shall not be entitled to the names, addresses, or "patient identifiers" (as defined in this Section 7) of Utah Medicaid non-Vioxx patients, with the exception that the State shall provide this information for any Medicaid Patient who will testify or provide evidence at a hearing or trial in this

matter. Merck is entitled to obtain a unique patient identifier, such as an identification number, independently generated consistently throughout the Medicaid database, for each of the Utah Medicaid non-Vioxx patients and the Court expressly authorizes the State to produce unique patient identifiers for each of the Utah Medicaid non-Vioxx patients.

8. The diagnoses of sickness or injury, whether physical, mental or otherwise, of any Utah Medicaid Vioxx Patient and Utah Medicaid non-VIOXX Patients (hereinafter, collectively, "Utah Medicaid Patients"] is relevant to this case. The Court expressly authorizes the State to produce all records relating to any diagnosis of sickness or injury, whether physical, mental or otherwise, to all Utah Medicaid Patients from March 9, 1995 to June 30, 2012. This authorization includes records not only relating to cardiovascular events and renal failure, but any injury, illness or disorder, whether physical, mental or otherwise. It is produced in identified data with respect to Utah VIOXX Medicaid Patients but in de-identified format with respect to other recipients.

9. Medical treatment and care of all Utah Medicaid Patients is relevant to this case. The Court expressly authorizes the State to produce all records concerning treatment and care of any Utah Medicaid Patient from March 9, 1995 to June 30, 2012. This authorization includes records not only relating to cardiovascular events and renal failure, but any injury, illness or disorder, whether physical, mental or otherwise. It is produced in identified data with respect to Utah VIOXX Medicaid Patients but in de-identified format with respect to other recipients.

10. The Court finds that the records of prescriptions made to all Utah Medicaid Patients are

relevant to this case. Accordingly, the Court specifically authorizes the State to produce all records of any prescription given to any Utah Medicaid Patient from March 9, 1995 to June 30, 2012. This production shall include all VIOXX prescriptions as well as every other prescription given to any Utah Medicaid Patient, as well as the date(s) of the individual prescriptions. It is produced in identified data with respect to Utah VIOXX Medicaid Patients but in de-identified format with respect to other recipients.

11. The Court finds the amounts of money Utah Medicaid paid for the care of Utah Medicaid Patients is relevant to this case. Accordingly, the Court expressly authorizes the State to produce records reflecting the monies actually paid by Utah Medicaid for all health care and prescriptions of Utah Medicaid Patients, from March 9, 1995 to June 30, 2012.

12. Attached as Exhibits A and A-1, respectively, to this Protective Order and incorporated by reference is the technical description of the production of individually identifiable information of Utah Medicaid VIOXX Patients with sample pages of produced information, created by the State and provided to the Court. The State has redacted certain identifying information, to wit, the first and last name and full street address of the Utah Medicaid VIOXX Patients, in Exhibit A-1 as this document will become a public record upon the filing of this Order. The Court expressly authorizes production of individually identifiable information consistent with the form set forth in Exhibit A and A-1, except that the State shall include the information redacted at Exhibit A-1, consistent with the terms and provisions of this Protective Order.

13. The State of Utah also will produce information sufficient to identify the 3,802

individuals from the Utah Medicaid file who did not take Vioxx and who were matched with patients who did take Vioxx, as described in Dr. Tolley's January 6 18, 2013 report ("Control Match Patients"), including all data (other than names, addresses, and other "patient identifiers" as defined at Section 7 herein) associated with those 3,802 individuals. The State of Utah will further prepare a list containing each Vioxx patient and each Control Match Patient to whom each Vioxx patient was matched.

14. The State will produce the information in electronic form using "tab-delimited" format on a password protected CD-ROM disk or other media storage device. The Court will make the disk and the password available to Merck following the signing of this Order and the execution of the accompanying Affidavit(s) under paragraph 17.

15. The terms and provisions of this Protective Order shall not affect any prior protective order of this Court unless this Protective Order clearly conflicts with such prior order, in which case the terms and provisions of this Protective Order shall control.

16. Pursuant to paragraph 32 of Pretrial Order 13C, highly confidential information shall not be disclosed to anyone except as provided herein, and the contents thereof shall not be used for any regulatory, business, commercial or competitive purpose. Any use of Highly Confidential Information other than as permitted herein will be deemed a violation of this Order and may be subject to sanctions or other applicable penalties under the law.

17. The parties may disclose the information and password only for purposes of this litigation to in-house counsel, counsel of record, counsel of record's paralegals, counsel of record's staff, experts, and experts' staff.

18. All outside experts and their staff to whom such information is disclosed must sign an

affidavit that shall be produced to opposing counsel, agreeing to the terms of the protective order that shall submit the affiant to the jurisdiction of the court for enforcement of those terms. Additionally, counsel for Merck will execute a proper Affidavit agreeing to the terms to the protective order that shall submit the affiant to the jurisdiction of the Court for enforcement of those terms.

19. Pursuant to CFR 164.512(e)(1)(v)(A), no person may use the individually identifiable health information produced by the State for any purpose other than the litigation of the above-captioned matter.

20. Pursuant to CFR 164.512(e)(1)(v)(B), any person in possession of individually identifiable health information shall return all produced information, including all copies, for proper disposal by the State upon the conclusion of the litigation of the above-captioned matter. Counsel for Merck will execute a proper Affidavit attesting to the return of all individually identifiable health information.

21. Merck or its representatives must provide Utah's counsel with notice in advance of contacting any individual Utah Medicaid recipient. If Utah objects to Merck's contacting that individual, Utah may contact the Court, and the Court will rule on the issue immediately.

New Orleans, Louisiana, this 22nd day of May, 2013.

*Eldon E. Fallon*
_____
UNITED STATES DISTRICT JUDGE