UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | * MDL No. 1657 |
| This Document Relates to: | * SECTION L |
| State of Utah | * JUDGE ELDON E. FALLON |
| v. | * MAGISTRATE JUDGE KNOWLES |
| Merck Sharp & Dohme Corp. | * |
| Civil Action No. 2:06-cv-09336 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S EIGHTH SET OF REQUESTS ADMITTIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to FED. R. CIV. P. 33, 34 and 36 and Pretrial Order Number 39B, please respond to the following Requests for Production of Documents.

**DEFINITIONS**

1. "Communication" means, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process.

2. "Food and Drug Administration") ("FDA") means the United States Food and Drug Administration and any department, agent, director, officer, representative, or present or former employee thereof.

3. "Including" means "including but not limited to" and "including without limitation."

4. "Merck" means the defendant in this action, and any of the subsidiaries, divisions,

1

departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

5. "Person" means any natural person and any entity, including any corporation, association, partnership, or other business or government enterprise.

6. "Vioxx" means the dug rofecoxib sold by Merck under the registered trademark VIOXX®.

7. "You" or "Your" means all defendants listed on the complaint, along with all present and former employees, agents, representatives, departments, committees or equivalent entities, or attorneys, or any other division, entity, employee, agent, representative, committee member, or other actor on behalf of the Defendant.

8. "Label" means drug information needed to sell Viioxx in a particular country. By way of example the United States "label" was the information approved by the Food and Drug Administration.

## INSTRUCTIONS

A. The answers to these requests shall include such information as is available to Defendant and found within documents that are within the custody, possession or control of Plaintiffs, or are within the custody, possession or control of any consultants, accountants, attorneys or other agents of Defendant or which are otherwise available to Defendant. In responding to these discovery requests, Defendant is specifically instructed to review his personal files, notes, records, correspondence, daily calendars and telephone logs or records for all persons who have knowledge of the information inquired about in each request.

B. If the answer to any discovery requests is not made from the personal knowledge of Defendant who will be verifying the answers to these interrogatories, identify each person from whom information or documents were obtained to make the particular answer and identify each person having personal knowledge of such information. If the answers or portions of the answers to these discovery requests are supplied upon information and belief rather than upon actual knowledge, Defendant should so state and specifically describe or identify the source or sources of such information and belief.

C. The answers to these discovery requests should include, but not be limited to, an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

D Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

E. Where the terms "you", "defendant", or "plaintiff" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if the answers are different.

F. Where the terms "incident" or "the incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

G. If Defendant claims that any conversation, meeting or oral discussion inquired about in these discovery requests is privileged, Defendant should nevertheless identify such conversation, meeting or oral discussion in the manner required herein and set out specifically a detailed description of the factual circumstances supporting their claim of privilege.

H. A "health care provider" as used in these interrogatories is meant to include any medical doctor, osteopathic physician, psychiatrist, psychologist, mental health therapist, nurse

3

practitioner, nurses assistant, acupuncturist, neuro pathologist, massage therapist, podiatrist, doctor or chiropractic, naturopathic physician, or other person who performs any kind of healing art.

I. All documents are to be produced which are in the possession of the individual or corporate party, their attorneys, investigators, agents, employees, or other representatives of the named party and his attorney. The terms "incident" or "the incident" are meant to include the incident which is the basis of this lawsuit, unless otherwise specified.

J. The term "document" is meant to include, but is not limited to, all writings, notes, memoranda, correspondence, charts, graphs, records, tapes, pictures, recorded, photographed, sketched, drawn or otherwise produced, maintained or stored information.

K. These discovery requests are continuing in nature and should be amended and supplemented in accordance with the Utah Rules of Civil Procedure.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**: Please admit that contained with every prescription of Vioxx dispensed within the State of Utah was a Patient Insert prepared by Merck.

**REQUEST NO. 2**: Please admit that the patient insert gave incorrect information as to Vioxx's safety and efficacy profile in the following particulars:

    a. Cardiovascular safety

    b. Rate of Conversion to Alzheimer's disorder

    c. Rate of Venous Thromboembolic events

    d. Accidents

    e. Renal disease including renal failure

**REQUEST NO. 3**: Please admit that Patient Inserts were included in Merck containers for NDC 6011068.

**REQUEST NO. 4**: Please admit that the Utah Medicaid records disclose that pharmacists prescribed more than 52,790 individual prescriptions of NDC 6011068.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Were patient inserts prepared by Merck included by Merck in NDC 6011068?

**INTERROGATORY NO. 2**: Were patient inserts included in prescription containers prepared by Merck for direct delivery to patients by pharmacists in NDC codes other than NDC 6011068?? If so, please indicate which NDC prescriptions would contain patient inserts.

**INTERROGATORY NO. 3**: If you contend that the NDC 6011068 inserts were not false with respect to the conditions, diseases and disorders set out in Request No. 2, please state in detail the basis of that denial and by bates number, state all documents that support in any way your denials of falsehood.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents relating to claims of falsity, including misrepresentations and omissions, produced in any other litigation in which the safety and efficacy of Vioxx was at issue? If such documents were not produced in the MDL, please produce such documents accompanied by bates numbers and an indication as to

why they were not so produced.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce all documents previously requested by the State which were not produced by Merck in either the MDL or in the Securities Litigation.

DATED this 20th day of May, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901

/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S EIGHTH SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C) on this 28th day of May, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT 84123