IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
|     State of Utah, | * | SECTION L |
| | * | |
|               Plaintiff, | * | JUDGE ELDON E. FALLON |
| | * | |
|   versus | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
|     Merck Sharp & Dohme Corp., | * | |
| | * | |
|               Defendant. | * | |
| | * | |
|     Case No. 2:06-cv-09336 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

Plaintiff has produced in discovery two claims charts reflecting the amount of money the State supposedly spent on nonsteroidal anti-inflammatory ("NSAID") and pain-relief drugs, including Vioxx. Merck is entitled to basic information regarding these charts, including why and how these documents were prepared, as well as the meaning of the data reflected in both documents. Plaintiff is unwilling to designate a corporate representative to provide such information on the ground that the person with the most knowledge of the charts is deceased. Instead, the State seeks to re-designate the prior testimony of another government witness as 30(b)(6) testimony. As set forth below, such retroactive designation of prior individual testimony is improper and cannot shield Plaintiff from submitting to a proper Rule 30(b)(6) deposition. This is particularly so because, as the State itself concedes, the previously deposed witness "knows very little, if anything, about these documents." Accordingly, Plaintiff's

proposal is improper, and the Court should require Plaintiff to designate a corporate representative to provide basic information about the two charts.

## BACKGROUND

Over the course of discovery in this action, Plaintiff produced two claims charts, one prepared in 2004 and one prepared in 2005. Both charts appear to reflect the amount of money the State spent on NSAIDs and pain-relief drugs, including Vioxx. (*See* UDOH0163240-UDOH0163349; UDOH0163350) (attached collectively as Ex. 1).) In order to better understand the contents of these charts, Merck posed questions regarding these documents to two government witnesses during their depositions: Randy Baker and Duane Parke. Neither witness was able to provide any information about the two charts. Mr. Baker was unable to identify the individual who prepared the 2004 chart. (*See* Dep. of Randy Baker, Oct. 29, 2012 ("Baker Dep.") 188:2-192:8 (attached as Ex. 2).) He was also unaware of the person who selected the diagnosis codes reflected in the 2004 chart. (*Id.* 194:5-7.) When asked whether certain information could be derived from the 2004 chart, Mr. Baker stated that he "cannot just look at this table and make any of those conclusions." (*Id.* 197:8-12.) Mr. Baker also lacked a basic understanding of the 2005 chart, testifying that he did not "know who prepared" the charts, "why they were prepared, or who they were prepared for." (*Id.* 207:16-17.)

Mr. Parke's testimony proceeded along a similar path. Mr. Parke testified that he had not reviewed the 2004 chart in preparation for his deposition and could not answer how that document was prepared. (*See* Dep. of Duane Parke, Nov. 9, 2012 ("Parke Dep.") 228:3-8 (attached as Ex. 3).) Mr. Parke similarly stated that he did not know how the 2005 document was prepared, whether he was involved in its preparation, or the meaning of the data set forth in

the document.  (*Id.* 226:4-13.)  Mr. Parke testified that he "would need more information" before being able to "unpack what's in" that chart.  (*Id.* 226:14-20.)

Given these witnesses' inability to answer basic questions regarding two charts that underlie Utah's lawsuit, Merck served the State on February 8 with a notice of its intent to take a deposition pursuant to Rule 30(b)(6) and asked Utah to provide available dates for the deposition.  (*See* Email from Richard Josephson to Joseph Steele, Feb. 8, 2013 (attached as Ex. 4).  Utah failed to respond, and Merck followed up on its request a month later.  (*See* Email from Richard Josephson to Joseph Steele, Mar. 22, 2013 (attached as Ex. 5).)  After Utah failed to respond again, Merck formally served a notice of deposition.  (*See* Notice of Intention to Take Oral & Videotaped Dep., Ex. A (served May 10, 2013) (attached as Ex. 6).)

The notice seeks the designation of a representative of the State "most knowledge regarding the contents" of the two charts.  (*See id.*)  Counsel for the State responded by email, resisting Merck's request for a 30(b)(6) deposition on the ground that the "the only person who has knowledge about [these charts]" is Brenda Strain, who died last July.  (*See* Email from Stephen Behnke to Richard Josephson, May 16, 2013 (attached as Ex. 7).)  Plaintiff's counsel has proposed stipulating that the testimony of Mr. Parke, the "living person with the most knowledge," be deemed as "if he was testifying as a 30(b)(6) deponent concerning the" two charts set forth in Merck's Notice.  (*Id.*)  Merck does not believe the State's proposal is proper and respectfully asks the Court to compel a 30(b)(6) deposition.  Pursuant to Fed. R. Civ. P. 37(a)(1), counsel for Merck has conferred with counsel for Plaintiff prior to filing this motion, and counsel for Plaintiff has refused to designate a Rule 30(b)(6) deponent.

**ARGUMENT**

Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ." Fed. R. Civ. P. 30(a)(1).  In turn, Rule 30(b)(6) provides that, "[i]n its [deposition] notice . . . a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and [] describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  When faced with a 30(b)(6) deposition notice, the corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Mike Hooks Dredging Co. v. Eckstein Marine Serv.*, No. 08-3945 SECTION: "C" (1), 2011 U.S. Dist. LEXIS 68989, at *4-5 (E.D. La. June 28, 2011) (internal quotation marks and citation omitted; alterations in original); *BBC Sales Grp., Inc. v. Twin City Fire Ins. Co.*, No. 07-5259 SECTION "H" (2), 2012 U.S. Dist. LEXIS 75235, at *1 (E.D. La. May 31, 2012) (same).

While the designated witness "need not have personal knowledge concerning the matters set forth in the deposition notice . . . the corporation is **obligated** to prepare [him or her] so that the [witness] may give **knowledgeable** answers." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391 (LGS) (JCF), 2013 U.S. Dist. LEXIS 44977, at *6 (S.D.N.Y. Mar. 28, 2013) (internal quotation marks and citation omitted, emphases added); *see also Tamburri v. SunTrust Mortg. Inc.*, No. C-11-02899 JST (DMR), 2013 U.S. Dist. LEXIS 53624, at *10 (N.D. Cal. Apr. 15, 2013) (the 30(b)(6) designee "must be sufficiently prepared on the topics such to be able to provide **knowledgeable** and binding testimony") (internal quotation marks and citation omitted, emphasis added).  As part of this preparation, the designated witness must review

4

1127726v1

appropriate documents and communicate with current and past employees.  *See N. Am. Specialty Ins. Co. v. Iberville Coatings, Inc.*, No. 99-859-A-M2, 2002 U.S. Dist. LEXIS 28319, at *6-7 (M.D. La. Jan. 18, 2002) ("This kind of preparation is necessary because the deponents are required to testify as to the knowledge of the corporation, not the individual.").

     Importantly, courts have repeatedly held that a party cannot avoid a 30(b)(6) deposition by retroactively designating prior individual testimony as a 30(b)(6) deposition. *See, e.g.*, *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-C-1266 et al., 2006 U.S. Dist. LEXIS 65889, at *8 (E.D. Wis. Aug. 29, 2006) ("[Party] is entitled to depose designated Rule 30(b)(6) witnesses[.]  [Opposing party] may not, as it suggests, review prior deposition testimony and designate it as Rule 30(b)(6) testimony."); *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 U.S. Dist. LEXIS 40185, at *16 (N.D. Cal. Apr. 5, 2010) (rejecting attempt to retroactively designate individual witnesses as 30(b)(6) witnesses because their testimony was given in an individual capacity); *see also Lacaillade v. Loignon Champ-Carr, Inc.*, No. 10-cv-68-JD, 2011 U.S. Dist. LEXIS 139282, at *12-13 (D.N.H. Dec. 2, 2011) (refusing to allow plaintiffs to introduce testimony of individual witness as 30(b)(6) testimony because "[t]he plaintiffs deposed Morin in his individual capacity, not as a Rule 30(b)(6) witness testifying on behalf of the corporation.").  As one court has explained, there is a "qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent"; thus, the fact that a party "may choose to designate certain individual[s] as its corporate designees whose fact depositions have already occurred does not insulate [a party] from the requirements of Rule 30(b)(6)." *AG-Innovations, Inc. v. United States*, 82 Fed. Cl. 69, 81 (Ct. Fed. Cl. 1998) (internal quotation marks and citation omitted).

In *Alloc*, for example, the plaintiff brought a patent infringement suit against the defendant and, during discovery, noticed a 30(b)(6) deposition listing 52 different topics. 2006 U.S. Dist. LEXIS 65889, at *6. The defendant responded to the notice by seeking to retroactively designate the prior testimony of two individual witnesses as 30(b)(6) testimony. *Id.* The plaintiff rejected this effort and moved to compel a 30(b)(6) deposition. *Id.* at *1-2. The court sided with the plaintiff, recognizing that "[a] Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity." *Id.* at *6 (internal quotation marks and citation omitted). This is a critical distinction, the court found, because of the "qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent." *Id.* at *7-8. Accordingly, the defendant could "not . . . review prior deposition testimony and designate it as Rule 30(b)(6) testimony." *Id.* at *8.

Similarly, in *JSR Micro*, the plaintiff brought a suit arising out of an insurance coverage dispute with defendant. 2010 U.S. Dist. LEXIS 40185, at *1-2. During the course of discovery, the plaintiff noticed the individual depositions of two witnesses, who were employees of the defendant. *Id.* at *11. Then, in the middle of one witness's deposition, counsel for the defendant announced that both witnesses would also serve as 30(b)(6) witnesses and testify in that capacity as well. *Id.* "The [c]ourt agree[d] with [p]laintiff that [d]efendant did not timely designate these individuals as Rule 30(b)(6) witnesses" and rejected the designation. *Id.* at *13. According to the court, there was no "showing that [p]laintiff deposed [the witnesses] as Rule 30(b)(6) witnesses." *Id.* While one of the witnesses testified about a topic set forth in one of the plaintiff's 30(b)(6) deposition notices, "[d]efendant . . . made no showing that [either witness's] testimony was given on behalf of [d]efendant, nor has [d]efendant provided any authority for retroactive designation of these percipient witnesses as Rule 30(b)(6) witnesses under the

circumstances of th[e] case." *Id.* at *14. Accordingly, these designations did not satisfy the defendant's obligations under Rule 30(b)(6). *Id.* at *13.

The situation here is no different. As in *Alloc* and *JRS Micro*, no witness has testified about the two claims charts in a ***corporate capacity***. While Mr. Parke was asked questions about these documents, he provided testimony solely as an individual witness. Given the "qualitative difference" between 30(b)(6) and individual testimony, Merck is "entitled to" a proper Rule 30(b)(6) deposition. *Alloc*, 2006 U.S. Dist. LEXIS 65889, at *7-8.

Plaintiff's effort to redesignate the prior deposition testimony as 30(b)(6) testimony is particularly improper because Mr. Parke was not "knowledgeable" about the charts and was not prepared to testify about them. When asked about the 2005 chart, Mr. Parke admitted that he did not know how that document was prepared, whether he was involved in its preparation, or the meaning of the data set forth in the document. (*See* Parke Dep. 226:4-13.) Rather, Mr. Parke testified that he "would need more information" before being able to "unpack what's in" that chart. (*Id.* 226:14-20 ("I don't know what – to what end this is, is, other, other than a basically numerical listing of clients.").) "[T]he law is well-established that a 30(b)(6) deponent [] ha[s] an ***affirmative obligation*** to educate himself as to the matters regarding the corporation." *Calzaturficio S.C.A.R.P.A., S.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001) (emphasis added); *see also Crable v. State Farm Mut. Auto. Ins. Co.*, No. 5:10-cv-402-Oc-37TBS, 2011 U.S. Dist. LEXIS 131092, at *28-29 (M.D. Fla. Nov. 14, 2011) (ordering party to designate another 30(b)(6) representative where the prior one "was not reasonably prepared to testify" on matters covered in the deposition notice). Thus, even if Mr. Parke had been designated as a Rule 30(b)(6) deponent before the deposition took place, Merck would still be entitled to another deposition on the ground that he was not prepared to testify about the charts

1127726v1

and could not answer Merck's questions. *See Skyline Potato Co. v. Tan-O-On Mktg., Inc.*, No. CIV 10-0698 JB/RHS, 2012 U.S. Dist. LEXIS 107849, at *21 (D.N.M. July 30, 2012) (requiring party to designate a proper 30(b)(6) witness where prior one "was not able to respond with any reasonable particularity to questions on those topics"); *Soroof Trading Dev.*, 2013 U.S. Dist. LEXIS 44977, at *16-17 (requiring defendants to designate a second 30(b)(6) witness who could adequately answer the questions or to "properly prepare" the prior witness to testify about topics covered in deposition notice).

For all of these reasons, the Court should compel a 30(b)(6) deposition.

## CONCLUSION

For the foregoing reasons, the Court should grant Merck's motion to compel.

Dated:  May 29, 2013                                   Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1127726v1

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Memorandum has been served on Liaison Counsel, Russ Herman, Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, upon Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of May, 2013.

                   */s/ Dorothy H. Wimberly*
                   Dorothy H. Wimberly, 18509
                   STONE PIGMAN WALTHER
                   WITTMANN L.L.C.
                   546 Carondelet Street
                   New Orleans, Louisiana  70130
                   Phone:  504-581-3200
                   Fax:  504-581-3361
                   dwimberly@stonepigman.com