## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:  Linda Isner** | * | |
| **Executrix of the Estate of Jeffrey Isner,** | * | **MAGISTRATE JUDGE KNOWLES** |
| **M.D., vs. Seeger Weiss, LLP, et al** | * | |
| **(D. Mass. 1:12-10909/Isner v. Merck** | * | |
| **EDLA No. 05-06172)** | * | |
| * * * * * * * * * * * * * * * * * | | |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF SEEGER WEISS LLP AND CHRISTOPHER A. SEEGER

Defendants Seeger Weiss LLP ("SW") and Christopher A. Seeger (collectively, "SW Defendants") by and through their undersigned counsel, answer the Complaint of Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D. as follows:

1.      SW Defendants admit the allegations in paragraph 1 of the Complaint based on information and belief.

2.      SW Defendants deny the allegations in paragraph 2 of the Complaint in part. Seeger Weiss' principal place of business is 77 Water Street, New York, New York, 10005.

3.      SW Defendants admit the allegations in paragraph 3 of the Complaint based on information and belief.

4.      SW Defendants do not have sufficient information to respond to this allegation; however, upon information and belief, the SW Defendants admit the allegations in paragraph 4 of the Complaint.

5.      SW Defendants do not have sufficient information to respond to this allegation; however, upon information and belief, the SW Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.      SW Defendants do not have sufficient information to respond to this allegation; however, upon information and belief, the SW Defendants admit the allegations in paragraph 6 of the Complaint.

7.      SW Defendants do not have sufficient information to respond to this allegation; however, upon information and belief, the SW Defendants admit that defendant Orran Brown has been a member and manager of BrownGreer PLC at all times since November 2007.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      The allegations in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

10.      The allegations in paragraph 10 of the Complaint merely characterize the nature of the action and state legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 10 of the Complaint, except admit that plaintiff filed an action against Merck & Co., Inc. and Kimberly Hendricks in Middlesex Superior Court in 2004 (the "Isner Vioxx Action").

11.    SW Defendants deny each and every allegation in paragraph 11 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its actual content.

12.    SW Defendants deny each and every allegation in paragraph 12 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its actual content.

13.    SW Defendants deny each and every allegation in paragraph 13 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its actual content.

14.    SW Defendants admit the allegations in paragraph 14 of the Complaint based on information and belief.

15.    SW Defendants deny each and every allegation in paragraph 15 of the Complaint, except admit that the Isner Vioxx action was an action alleging personal injury claims against Merck arising out of the plaintiff's decedent's use of Vioxx, and that other civil actions alleging personal injury claims arising out of the use of Vioxx were filed in federal and state courts.

16.    SW Defendants admit the allegations in paragraph 16 of the Complaint based on information and belief.

17.    SW Defendants deny each and every allegation in paragraph 17 of the Complaint, except admit that defendant Seeger was appointed to the Plaintiffs' Steering Committee in MDL-1657 in 2005.

18.    SW Defendants deny each and every allegation in paragraph 18, except admit that members of the Plaintiffs' Steering Committee were compensated for their work in MDL-

1657 and respectfully refer the Court to the applicable orders in MDL-1657 and the November 9, 2007 Settlement Agreement between Merck and Negotiating Plaintiffs' Counsel (hereinafter, the "Vioxx Settlement Agreement") for their contents and full details.

19.     SW Defendants deny each and every allegation in paragraph 19, except admit that defendants Hughes Hubbard & Reed and Theodore Mayer were among the counsel that represented Merck in Vioxx products liability litigation throughout the United States, including in MDL-1657.

20.     SW Defendants deny each and every allegation in paragraph 20, except admit that Brown Greer LLC was appointed by the Vioxx Settlement Agreement as the Claims Administrator with respect to the settlement of Vioxx Claims.

21.     The SW Defendants deny each and every allegation in paragraph 21, except admit that Merck entered into the Vioxx Settlement Agreement in November 2007, and respectfully refer the Court to the Vioxx Settlement Agreement for its content and full details.

22.     SW Defendants deny each and every allegation in paragraph 22.  The Vioxx Settlement Agreement sets forth the best terms and conditions of the Settlement.

23.     SW Defendants deny each and every allegation in paragraph 23.

24.     SW Defendants deny each and every allegation in paragraph 24.  The Vioxx Settlement Agreement sets forth the best terms and conditions of the Settlement.

25.     SW Defendants deny each and every allegation in paragraph 25, and respectfully refer the Court to the referenced e-mail for its content and full text.

26.     SW Defendants deny each and every allegation in paragraph 26, and respectfully refer the Court to the referenced e-mail for its content and full text.

27.     SW Defendants deny each and every allegation in paragraph 27, and respectfully refer the Court to the referenced e-mail for its content and full text.

28.     SW Defendants deny each and every allegation in paragraph 28.

29.     SW Defendants deny each and every allegation in paragraph 29.

30.     SW Defendants deny each and every allegation in paragraph 30.

31.     The allegations in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32.     SW Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     SW Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     SW Defendants deny each and every allegation in paragraph 34, and avers that the amount in the Extraordinary Injury Fund exceeded the value of allowed Extraordinary Injury Fund claims.

35.     SW Defendants deny each and every allegation in paragraph 35.

36.     SW Defendants deny each and every allegation in paragraph 36. The Vioxx Settlement Agreement sets forth the best terms and conditions of the Settlement.

37.     SW Defendants deny each and every allegation in paragraph 37, except admit that plaintiff was awarded $5,359,316.74 in EI damages. The Vioxx Settlement Agreement sets forth the best terms and conditions of the Settlement.

38.     SW Defendants deny each and every allegation in paragraph 38. The Vioxx Settlement Agreement sets forth the best terms and conditions of the Settlement.

## COUNT I - NEGLIGENT MISREPRESENTATION

39.     With respect to the allegations contained in paragraph 39 of the Complaint, SW Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-38 of this Answer with the same force and effect as though set forth here in full.

40.     SW Defendants deny each and every allegation in paragraph 40, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

41.     The allegations in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 41 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

42.     The allegations in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 42 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

43.     The allegations in paragraph 43 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 43 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

44.     The allegations in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 44 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

45.     SW Defendants deny each and every allegation contained in paragraph 45.

## COUNT II - INTENTIONAL MISREPRESENTATION

46.     With respect to the allegations contained in paragraph 46 of the Complaint, SW Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-45 of this Answer with the same force and effect as though set forth here in full.

47.     Deny each and every allegation in paragraph 40, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

48.     The allegations in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 48 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

49.     The allegations in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 49 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

50.     SW Defendants deny each and every allegation contained in paragraph 50.

## COUNT III - VIOLATIONS OF M.G.L. CHAPTER 93A, § 9

51.     With respect to the allegations contained in paragraph 51 of the Complaint, SW Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-50 of this Answer with the same force and effect as though set forth here in full.

52.     The allegations in paragraph 52 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 52 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

53.     The allegations in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 53 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger.

54.     SW Defendants deny each and every allegation contained in paragraph 54.

55.     SW Defendants deny each and every allegation contained in paragraph 55, except admit that on January 20, 2012, Plaintiff's counsel sent a letter to Mr. Seeger at Seeger Weiss LLP which purported to be a demand pursuant to M.G.L. Chapter 93A, § 9, and respectfully refer the Court to the letter for its contents.

56.     The allegations in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, SW Defendants deny each and every allegation contained in paragraph 56 of the Complaint, to the extent they are directed towards Seeger Weiss LLP and Christopher A. Seeger, and respectfully refer the Court to the letter for its contents.

57.     SW Defendants deny each and every allegation contained in paragraph 57, except admit that it has been more than thirty days since January 20, 2012.

58.     SW Defendants deny each and every allegation contained in paragraph 58, except aver that SW Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations directed at the other defendants.

8

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE:

Plaintiff's claims are barred by settlement and release.

### THIRD DEFENSE:

Plaintiff's claims are barred by the Vioxx Settlement Agreement and the settlement in connection with the Isner Vioxx Action, which incorporated the terms of the Vioxx Settlement Agreement.

### FOURTH DEFENSE:

Plaintiff's claims are barred by the Release she signed in connection with entering into the settlement of the Isner Vioxx Action.

### FIFTH DEFENSE:

Plaintiff's claims are barred by the Certification of Counsel and the Enrollment Form submitted by Plaintiff's counsel in connection with the settlement of the Isner Vioxx Action.

### SIXTH DEFENSE:

Pursuant to the Vioxx Settlement Agreement, all of Plaintiff's claims must be arbitrated before Judge Eldon E. Fallon, and therefore the filing of this Complaint violates the Vioxx Settlement Agreement.

### SEVENTH DEFENSE:

Plaintiff waived any purported right to bring this claim by entering into an agreement in which she specifically submitted to the authority of Judge Eldon E. Fallon, who will sit as an

arbitrator, and specifically agreed not to bring any such claim in any forum other than before Judge Eldon E. Fallon pursuant to Section 8.1 of the Vioxx Settlement Agreement.

### EIGHTH DEFENSE:

Plaintiff specifically disclaimed reliance on any statements in agreeing to the Vioxx Settlement Agreement and related Release.

### NINTH DEFENSE:

Plaintiff's claims may be time-barred, in whole or in part, under prescription, preemption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

### TENTH DEFENSE:

Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

### ELEVENTH DEFENSE:

Plaintiff's claims may be barred, in whole or in part, by res judicata.

### TWELFTH DEFENSE:

Plaintiff's claims may be barred by the doctrines of waiver and/or estoppel.

### THIRTEENTH DEFENSE:

To the extent Plaintiff's claims are based on fraud, Plaintiff has failed to allege the circumstances constituting fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### FOURTEENTH DEFENSE:

Plaintiff has failed to state a viable claim under M.G.L. c. 93A, § 9, as the acts complained about did not occur in the conduct of any trade or commerce within the meaning of the statute.

### FIFTEENTH DEFENSE:

Plaintiff has not sustained any injury or damages compensable at law.

### SIXTEENTH DEFENSE:

Plaintiff's claims may be barred, in whole or in part, by the parol evidence rule.

### SEVENTEENTH DEFENSE:

Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

### EIGHTEENTH DEFENSE:

Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction.

### NINETEENTH DEFENSE:

SW Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings or trial in this case and hereby reserve their right to amend their answer to assert any such defenses.

### TWENTIETH DEFENSE:

SW Defendants incorporate any applicable affirmative defense or other defense asserted by any other defendant in this action.

### TWENTY-FIRST DEFENSE:

Plaintiffs M.G.L. c. 93A is barred because the alleged conduct did not occur primarily and substantially in the Commonwealth of Massachusetts.

**WHEREFORE**, Defendants Seeger Weiss LLP and Christopher A. Seeger respectfully request that the Plaintiff take nothing in this suit, that they recover their costs of court and expenses, and such other relief to which they may show themselves justly entitled.

Date:   May 31, 2013

By: /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
***Herman, Herman &, Katz, L.L.C.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone (504) 581-4892
**Attorneys for Defendants,**
**Seeger Weiss, LLP and**
**Christopher A. Seeger**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Philip Murray, counsel for Plaintiff, and Liaison Counsel, Phillip Wittmann, and Ann B. Oldfather, by U.S. Mail and e-mail or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL No. 1657, on this 31st day of May, 2013.

 /s/ Leonard A. Davis
Leonard A. Davis, #14190
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

14.