**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | : | **MDL 1657** |
| **IN RE: VIOXX** | : |  |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION: L** |
|  | : |  |
|  | : | **JUDGE FALLON** |
|  | : | **MAG. JUDGE KNOWLES** |
| ............................................................................. | : |  |

**THIS DOCUMENT RELATES TO: CASE NO. 2:05-cv-06755**


<u>**STATE OF MISSISSIPPI'S RENEWED / SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**</u>

| | |
|---|---|
| Jim Hood | Shane F. Langston |
| Attorney General | Rebecca M. Langston |
| State of Mississippi | Jessica E. Murray |
| | *Langston & Langston, PLLC* |
| | 201 North President Street |
| | Jackson, Mississippi 39201 |
| | 601.969.1356 |
| | |
| Sheila Bossier | William M. Quin II |
| *Bossier & Associates, PLLC* | O. Stephen Montagnet, III |
| 1520 North State Street | *McCraney Montagnet Quin & Noble, PLLC* |
| Jackson, Mississippi 39202 | 602 Steed Road, Suite 200 |
| 601.352.5450 | Ridgeland, Mississippi 39157 |
| | 601.707.5725 |

**TABLE OF CONTENTS**

Introduction ……………………………………………………………………………………….3

Procedural History …………………………………………………………………………………..3

Argument ……………………………………………………………………………………………5

    I.   Supplementation to the Original Motion to Remand …………………………………........5

        a)    The Mere Relatedness of the FDCA Does Not Give Rise to Federal Jurisdiction…………………………………………………………………………...5

        b)    The Mere Relatedness of the Federal Medicaid Statute Does Not Give Rise to Federal Jurisdiction……………………………………………………………..…......9

    II.  Claims that Even Arguably Could Have Implicated Federal Question Jurisdiction were Dismissed Upon the Filing of the First Amended Complaint; thus Allowing for Remand of the Pendent or Supplemental State Court Claims Under 28 U.S.C. §1367(c)…......... 12

Conclusion ……………………………………………………………………………………....13

## INTRODUCTION

The State of Mississippi (sometimes referred to as "the State") files this renewed and/or supplemental memorandum in support of its motion to remand (sometimes referred to as "Renewed Motion") requesting the Court to remand this cause to state court on grounds that: a) the original complaint never implicated federal question jurisdiction; and/or b) the claims advanced in the First Amended Complaint eliminated even an arguable basis for federal question jurisdiction and, therefore, this Court should exercise its discretion to remand pursuant to 28 U.S.C. §1367(c).

This Renewed Motion is particularly timely in that Merck has recently moved this Court pursuant to Fed. R. Civ. P. 12(c) to grant it a judgment on the pleadings relative to the sole remaining state law claims. Merck's 12(c) motion asks this Court to interpret and apply complex and relatively untested state statutory and common law claims. Before engaging in that process, this Court should resolve the threshold question of whether it has jurisdiction. For these reasons, the State of Mississippi renews its Motion to Remand and requests that this Court remand this cause to state court on grounds that no substantial federal question was ever implicated; or, alternatively, that any claims that arguably implicated federal questions have since been dismissed thus allowing remand of the pendent state law claims pursuant to 28 U.S.C. §1367(c).

## PROCEDURAL HISTORY

The original Complaint was filed in state court on October 4, 2005. On November 1, 2005, Merck removed this cause to the United States District Court for the Southern District of Mississippi. The sole ground for removal was that the original Complaint raised federal

questions pursuant to 28 U.S.C §1331[1] requiring interpretation and application of the federal Food, Drug and Cosmetic Act and federal Medicaid laws. (Merck Opp. to Motion to Remand, pp. 5-13)

The State of Mississippi timely filed its Motion to Remand, and Merck opposed. After briefing was complete but before the federal district court in Mississippi ruled on the motion to remand. This cause, pursuant to Merck's motion, was transferred to the Judicial Panel on Multidistrict Litigation and then to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. For the next seven (7) plus years, this Court retained jurisdiction for purposes of discovery and pre-trial proceedings, but has yet to rule on the Motion to Remand.

On June 25, 2012, the State of Mississippi filed its First Amended Complaint, wherein all claims relating to the Mississippi State Department of Medicaid were eliminated or withdrawn. Thus, Merck's removal basis no longer exists.[2]

For the reasons argued in Mississippi's original Motion to Remand relative to the original Complaint, federal question jurisdiction has never existed. (State of Mississippi Brief and Reply Brief In Support of Motion to Remand) Further, since the now pending First Amended Complaint has eliminated any Medicaid claims that predicates Merck's remand, the State of Mississippi respectfully requests this Court to remand, pursuant to its authority in 28 U.S.C. §1367(c).

---

[1] While Merck's Notice of Removal also implicated diversity jurisdiction, it since clarified that such was a typographical error and the only ground for removal was federal question jurisdiction. (Merck Opp.to Motion for Remand)

[2] Merck has argued that every state law claim asserted by the State of Mississippi "implicates" federal law because resolution of the claims require an interpretation of FDCA.

## ARGUMENT

### I.     Supplementation to Original Motion to Remand.

In 2005, the State of Mississippi filed original remand pleadings in the transferor court. Therein, the State of Mississippi demonstrated that none of the state law claims advanced in the original Complaint "implicated" (as alleged by Merck in its Notice of Removal) substantial federal questions giving rise to federal jurisdiction. (State of Mississippi Brief and Reply Brief In Support of Motion to Remand) The State incorporates those arguments in this Renewed Motion along with the below supplemental authorities.

### a)  Mere Relatedness of the FDCA Does Not Give Rise to Federal Jurisdiction.

Merck does not and cannot provide any support for its assertion that the State's claim "implicitly incorporates violations of federal law as a basis for liability because any finding that Merck…had falsely represented the safety of VIOXX to the FDA…would be a finding that Merck has violated [federal statutes]." (Merck Notice of Removal, p.4) Not a single paragraph in the State's complaint alleges a violation of the FDCA. Further, the Mississippi Consumer Protection Act requires no FDCA violations.  The only issue "necessary to resolution" of this lawsuit is whether Merck's conduct and statements made regarding VIOXX® were "false, misleading and untrue when made." Miss.Code.Ann.§ 75-24-1, *et seq.*  Accordingly, on the face of the State of Mississippi's well-pled complaint, no federal issue is "necessary to resolution" of the MCPA claim, and, therefore, no basis for federal- question jurisdiction exists.  *Singh v. Duane Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). This basis alone is sufficient to reject federal-question jurisdiction. Faced with the reality of the State's complaint, Merck's argument depends on its assertion that the FDCA is "implicate[d]" by the State's

claim. (Merck Notice of Removal, p. 3) The State disputes this assertion, but for the sake of argument, even if the FDCA were merely "implicated," such falls far short of the Fifth Circuit's requirement that the issue be "necessary" to the resolution of the claim. *Singh,* 538 F.3d at 338; <u>accord</u> *Howery v. Allstate Ins. Co.*, 243 F. 3d 916, 918 (5th Cir. 2001) (even where complaint alleges violations of federal law, federal question jurisdiction does not attach where violation merely supports an "alternative theory supporting a single claim" and where such violation is not a "necessary element of [the] state law claim.") Merck's attempt to proffer an "implicated" issue as "necessary" is foreclosed under *Singh* and *Howery*.

Here, the State of Mississippi's state-law claims make no allegation of federal law violations, and therefore do not involve a federal issue "necessary to [its] resolution" as required by *Singh.* 538 F.3d at 338. Even if Merck's conduct also happens to be a "violation of the FDCA rules and regulations," (Notice of Removal, p. 3) the State of Mississippi need not establish a violation of the FDCA to establish a violation of the Mississippi Consumer Protection Act (MCPA), i.e., violation of the FDCA is not an element of the MCPA. Finally, even if one accepted Merck's attempt to read violations of the FDCA into the State's complaint, that issue would, at most, be an alternate theory that does not give rise to federal jurisdiction. Again, the application of *Singh* and *Howery* alone are sufficient to reject federal question jurisdiction.

In the 2005 filings, Merck relied heavily on *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363 (2005). In *Grable & Sons,* federal jurisdiction was determined appropriate where the meaning of a federal statute was "an essential element" of a state law claim that involved an important interest of the federal government (tax collection), and where federal jurisdiction would have a "microscopic effect on the federal-state division of labor." *Grable & Sons*, 545 U.S. at 315. Since the 2005 briefing, the United States Supreme

6

Court decided *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677 (2006) in which the Court clarified that *Grable & Sons* created a "special and small category" of federal-question jurisdiction that exists when a federal issue is "both dispositive of the case and would be controlling in numerous other cases." *Id. at* 699-700.

In *Empire,* the United States Supreme Court clarified that jurisdiction under *Grable & Sons* is not appropriate when federal law is simply implicated and the state law claim depends heavily on factual issues. 547 U.S. at 699-700.

Unlike Merck's present "implication" of a federal statute, the federal issue in *Grable & Sons* was "an essential element" of the state-law claim and "appear[ed] to be the only issue contested in the case." *Empire,* 547 U.S. at 70. Furthermore, the issue in *Grable & Sons* was a "pure issue of law" that was "both dispositive of the case and would be controlling in numerous other cases." *Id.* In contrast, the state-law claim at issue in *Empire,* like the Mississippi's MCPA claim, was "fact-bound and situation specific." *Id.*

The lack of federal-question jurisdiction over the State claims similar to those asserted in the State's original Complaint is confirmed by opinions across the country. Pharmaceutical companies' attempts to remove complaints filed by states that implicated the federal Medicaid statute and the FDCA have been routinely rejected. *See e.g., Hood v. Astra Zeneca Pharm., LP,* 744 F. Supp. 2d 590, 601-02 (N. D. Miss. 2010) (remanding Medicaid fraud, consumer protection, and common law tort claims related to sale of pharmaceutical Seroquel); *New Mexico ex rel. King v. Ortho-McNeil-Janssen,* No. Civ. 08-0779 (Remand Order, Jan. 26, 2009) (remanding state Medicaid fraud and misrepresentation claims related to Risperdal and rejecting argument that Medicaid statute or FDCA created federal jurisdiction); *Utah v. Eli Lilly & Co.,* 509 F. Supp. 2d 1016, 1022-25 (D. Utah 2007) (relying on *Grable, Merrell*

*Dow,* and *Empire* to remand state's Medicaid fraud claims related to Zyprexa); *South Carolina v. Eli Lilly & Co.,* 2007 WL 2261693, at *3 (D.S.C. 2007) (remanding state Medicaid fraud and consumer protection claims related to Zyprexa); *Pennsylvania v. Eli Lilly & Co.,* 511 F. Supp. 2d 576, 584-86 (E.D. Pa. 2007) (relying on *Grable, Merrell Dow,* and *Empire* to remand state Medicaid fraud claims related to Zyprexa); *Alaska v. Eli Lilly & Co.,* 2006 WL 2168831, *2-3 (D. Ak. 2006) (remanding state claims for Medicaid reimbursement, misrepresentations, and restitution related to Zyprexa).[3]

*Mississippi v. Astrazeneca* provides a good example of the application of the principles of *Singh, Empire, Grable & Sons,* and *Merrell Dow* to the State's claims in this cause. In *Astrazeneca*, Mississippi alleged violations of its Medicaid and consumer protection statutes based on misrepresentations made about the pharmaceutical Seroquel. *Astrazeneca*, 744 F. Supp. 2d at 594. The defendant removed arguing that issues related to the FDCA and the Medicaid statute were implied. *Id.* at 599. In granting Mississippi's motion to remand, the federal trial court rejected the notion that a federal issue was even present in the state's claim. *Id.* at 601. Describing as "gestalt" the notion that a federal issue was present simply because "Medicaid is largely a complex federal program," the court recognized that the "defendants' liability will depend upon its breach of duties as defined and created by state law." *Id.* The court concluded that Mississippi's claim more closely resembled the claims at issue in *Empire* as compared to the claim at issue in *Grable & Sons. Id.* at 601. Finally, the Court held that "[e]ven if Defendants could demonstrate the existence of a federal question," federal jurisdiction in the instant case would not be "consistent with

---

[3] In the State's case, where there is no longer an issue related to the Medicaid statute, the argument against federal jurisdiction is even more compelling.

Congressional judgment about the sound division of labor between state and federal courts." *Id.*

At its best, Merck's argument is that federal question jurisdiction exists because facts alleged by the State could possibly support a violation of the FDCA. This attenuated argument is insufficient to carry Merck's burden. It takes much more than "a federal element 'to open the 'arising under' door.'" *Empire,* 547 U.S. at 701 (quoting *Grable & Sons,* 545 U.S. at 313). Cases from the Supreme Court, Fifth Circuit, and district courts across the country confirm that no federal-question jurisdiction exists in this case. Try as it might, Merck "cannot squeeze [the State of Mississippi's case] into the slim category *Grable & Sons* exemplifies." *Id.*

      **b) The Mere Relatedness of the Federal Medicaid Statute Does Not Give Rise to Federal Jurisdiction.[4]**

A large body of national case law has rejected analogous federal question jurisdiction arguments where, as here, a State raises ***state law*** causes of action to rectify improper costs and trade practices arising from prescription drug sales and/or Medicaid payments. *See, e.g., AstraZeneca,* 744 F. Supp. 2d at 590 (distinguishing *Grable* and remanding case under, *inter alia,* MCPA arising from false claims in determining rights to Medicaid benefits); *South Carolina ex rel. Wilson v. GlaxoSmithKline, LLC,* 7:11-cv-01475- GRA, 2011 U.S. Dist. LEXIS 80522, *10 (D.S.C. July 22, 2011) *("GlaxoSmithKline")* (rejecting similar claims against Merck); *West Virginia, ex rel. McGraw v. Rite Aid of West Virginia, Inc.,* No. 2:09-0956, 2010 U.S. Dist. LEXIS 8041 (S.D. W. Va. Feb. 6, 2010) *("McGraw")* (federal subject matter jurisdiction did not exist in case challenging defendants' failure to pass on

---

[4] Once again, the State of Mississippi in its First Amended Complaint has withdrawn its state Medicaid claims against Merck. Nonetheless, the State offers these supplemental authorities to show that jurisdiction never existed even when these claims were present.

generic drug cost savings to purchasers); *Michigan ex rel. Gurganus v. CVS Caremark Corp.,* 1:09-CV-776, 2009 U.S. Dist. LEXIS 124567 (W.D. Mich. Nov. 24, 2009) (in cases alleging violations of state law requiring that savings from generic drugs be passed on to consumers, court rejected attempts to establish federal question jurisdiction under *Grable); City of Lansing v. Rite Aid of Mich., Inc.,* 1:09-CV-0777, 2009 U.S. Dist. LEXIS 124565 (W.D. Mich. Nov. 24, 2009) (same); *South Carolina ex rel. McMaster v. AstraZeneca Pharms. LP,* No. 7:09-387-HFF, 2009 U.S. Dist. LEXIS 39174 (D.S.C. May 5, 2009) (remanding case in which South Carolina alleged *inter alia* causes of action for submission of false and fraudulent claims under Medicaid); *Arkansas ex rel. McDaniel v. AstraZeneca Pharms.,* LP, No. 4:08CV00601 BSM, 2008 U.S. Dist. LEXIS 67306 (E.D. Ark. Aug. 25, 2008) (remanding Seroquel case to state court); *South Carolina ex rel. McMaster v. Eli Lilly & Co., Inc.,* No. 7:07-cv-1875-HMH, 2007 U.S. Dist. LEXIS 56847 (D.S.C. Aug. 3, 2007); *South Carolina ex rel. jtfcMaster v. Janssen Pharmaceutical Inc.,* No. 7:07-1452-HMH, 2007 U.S. Dist. LEXIS 49904 (D.S.C. July 10, 2007); *Arkansas ex ref. McDaniel v. Janssen Pharmaceutical,* No. 4:07-CV-1210-WRW, 2008 U.S. Dist. LEXIS 107769 (E.D. Ark. Mar. 25, 2008) (remanding case based on similar claims); *Pennsylvania v. Eli Lilly & Co.,* 511 F. Supp. 2d 576, 581 (E.D. Pa. 2007) (remanding similar case to state court and noting "[e]ven though 'medically accepted indication' is defined by federal law, liability under the state law claims presented here nonetheless does not depend on the violation of any federal standard or statute"); *Hawaii v. Abbott 'Labs., Inc.,* 469 F. Supp. 2d 842, 852 (D. Haw. 2006)(remanding to state court claims for recovery of Medicare co-payments); *Missouri ex ref. Nixon v. Mylan Labs., Inc.,* No. 4:06CV603 HEA, 2006 U.S. Dist. LEXIS 32570 (E.D. Mo. May 23, 2006) (remanding case seeking damages for allegedly excessive reimbursement of

Medicaid funds); *State of Wisconsin v. Abbott Labs.,* 390 F. Supp. 2d 815 (W.D. Wis.. 2005) (remanding to state court suit by state based on state law claims for, *inter alia,* Medicaid fraud and false representation); *Texas v. Merck & Co.,* 385 F. Supp. 2d 604 (W.D. Tex. 2005); *Minnesota v. Pharmacia Corp.,* No. 05-1394, 2005 U.S. Dist. LEXIS 27638 (D. Minn. Oct. 22, 2005)(remanding case asserting claims for, *inter alia,* state Medicaid fraud and false advertising).

Additionally, as in *Astrazeneca,* "Defendants proceed under the gestalt notion that, since Medicaid is largely a complex federal program, federal issues must somehow come into play." 744 F. Supp. 2d at 601. The fact that a number of Medicaid regulations may exist, however, is irrelevant because "Defendants' liability will depend upon its breach of duties as defined and created by state law." *Id.* Here, too, Merck cannot manufacture federal question jurisdiction over a case alleging no federal claims by merely citing that "federal funds compromise the majority of Mississippi Medicaid funds" and "the vast majority of the money the State seeks to recoup through this lawsuit is federal money."(Merck's Notice of Removal, p.5.)

On January 3, 2012, this Court granted the Commonwealth of Kentucky's Motion to Remand its case against Merck in the VIOXX litigation. (Order & Reasons, Doc. 63613). Specifically, this Court held that remand was proper because, "the claims in the complaint do not depend on necessary resolution of a substantial federal question. Although Merck's alleged conduct may be assessed against the backdrop of federal regulation, the gravamen of the complaint is whether Merck's conduct independently violated Kentucky law." *Id.* at 25.

Mississippi's claims against Merck are similar to those asserted by Kentucky against Merck. As with Kentucky, jurisdiction is lacking and this cause therefore should be remanded.

11

## II.     This Court has the Discretion to Remand Even if the Original Complaint Necessitated Resolution of A Substantial Federal Medicaid Question.

Though the State contends that the original Complaint created no federal question jurisdiction, the First Amended Complaint has now eliminated Merck's meritless removal basis since the State's Medicaid claims have been withdrawn. Since the remaining state law claims do not require interpretation and application of the FDCA or resolution of any other "substantial federal question", pursuant to 28 U.S.C. §1367(c), this Court has the authority to remand these remaining claims to state court even if the original Complaint created federal question jurisdiction.

A district court may decline jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The remaining state law claims advanced in the First Amended Complaint satisfy all of the above criteria. The Court, for example, will recall discovery arguments among counsel regarding whether the State has the burden to show individual, independent "damage" causation relating to each act of deceptive trade practice for purposes of a judgment for penalties under the Mississippi Consumer Protection Act found at Miss. Code Ann. §75-24-1, et seq. (Rev. 2000). While the MCPA on its face requires no such proof, a court of competent jurisdiction ultimately will be asked to interpret these consumer protection statutes (and, similarly, Mississippi's deceptive advertising statutes found at Miss. Code Ann. §97-23-3 (Rev. 2000)) and determine the requisite proof and manner of proof to establish violations and penalties. With very little existing Mississippi Supreme Court precedent interpreting these statutory schemes, some

determinations will certainly be novel or of first impression; thus, satisfying the first criteria in 28 U.S.C. § 1367(c). Satisfaction of the second and third listed criteria is apparent.

In addition to the criteria specified in § 1367(c), the Court should consider "'judicial economy, convenience, fairness, and comity.'" *Welch v. Jannereth*, 5th Circuit 11-41035 (Nov. 7, 2012)(quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002)). Other than a handful of recent depositions and minor discovery disputes, very little "state-specific" litigation has taken place in this cause. Moreover, as previously noted, Merck has now asked the Court pursuant to Rule 12(c) to interpret and apply its consumer protection and deceptive advertising statutory schemes; and to dismiss the State's First Amended Complaint in its entirety. This requested relief comes more than seven (7) years after the State filed its original Motion to Remand. Certainly, judicial economy, convenience, fairness, and comity all weigh in favor of remand at this time.

## Conclusion

For these reasons, the State of Mississippi requests that the Court remand this cause to the Chancery Court of the First Judicial District of Hinds County, Mississippi.

Respectfully submitted this 30th day of May, 2013.

>   */s/ Shane F. Langston*
>   Shane F. Langston
>   Rebecca M. Langston
>   Jessica E. Murray
>   *Langston & Langston, PLLC*
>   201 North President Street
>   Jackson, Mississippi 39201
>
>   Sheila Bossier
>   *Bossier & Associates, PLLC*
>   1520 North State Street
>   Jackson, Mississippi 39202
>
>   William M. Quin II

> O. Stephen Montagnet, III
> *McCraney Montagnet Quin & Noble, PLLC*
> 602 Steed Road, Suite 200
> Ridgeland, Mississippi 39157

## Certificate of Service

I hereby certify that the above and foregoing Renewed/Supplemental Memorandum in Support of Motion to Remand has been served on Liaison Counsel, Dawn Barrios, by electronic mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 on this 30th day of May, 2013.

> /s/ Shane F. Langston
> Shane F. Langston