UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :
**THIS DOCUMENT RELATES TO: THIRD PARTY PAYOR COMMON BENEFIT FEES**

**ORDER**

The Court has received the Law Offices of Eric H. Weinberg's Motion to Quash Subpoena in Part. (Rec. Doc. 64412). Weinberg seeks to a quash a subpoena issued by the Third Party Payor ("TPP") Fee Allocation Committee ("FAC"), requesting that he produce the following material:

> All records of time spent on any Vioxx Related Matter from February 2005 to present for any attorney, paralegal, law clerk, or member of your firm. As used herein, the term "Vioxx Related Matter" includes any type of Vioxx litigation related activity worked on (e.g., personal injury, third-party payor, Attorney General, etc.). The records should include for each entry an identification of the individual performing such activity, a description of the activity performed, the date the activity was performed, and any other information identifying the work performed and who performed the specific activity.

(Rec. Doc. 64395 at 3). Weinberg indicates that he has already produced most of the requested material, and seeks to quash the subpoena only to the extent that it requests additional material that he has not yet produced.

Weinberg argues that the subpoena "seeks voluminous new material on extremely short notice." (Rec. Doc. 64412-1 at 1). He argues that the TPP FAC is seeking "massive document

1

production" only 10 days before a hearing is scheduled (although that hearing was later cancelled, as the Special Master opted to consider the matter on the briefs). Weinberg contends that only Weinberg himself is able to assemble and produce the material, and that the TPP FAC is asking him to interrupt his current work on Vioxx cases. Weinberg also objects to the relevance of the material requested, arguing that the subpoena "represents a gigantic, and gigantically-burdensome *fishing expedition*." *Id.* at 4.[1] Weinberg argues that the production is unnecessary because, pursuant to Pretrial Order No. 57, he has already produced personal injury submissions, and the TPP FAC can check his purported TPP time against those submissions itself. Furthermore, Weinberg argues that he has attempted to separate TPP time from government action ("AG") time by cutting off his TPP entries in September 2009, when the TPP case was settled. Although Weinberg concedes that there is some overlap, he argues that he has done the best he can in light of the circumstances by committing "that he would not submit any time for which he is compensated from the TPP fund in future AG common benefit allocations." *Id.* at 6.[2]

The TPP FAC opposes Weinberg's motion. (Rec. Doc. 64419). They argue that the subpoena is reasonable and requests relevant material. Although the TPP FAC acknowledges the existence of PTO 57, they assert that Weinberg has previously "failed to comply with the Court's Pre-Trial Orders setting forth the procedures for time keeping," specifically, by failing to submit

---

[1] In his reply brief, Weinberg also underscores the fact that the TPP FAC originally requested Weinberg to produce these documents at trial, for purposes of cross-examination, suggesting that they would not have had an adequate opportunity to review the extensive materials they are requesting.

[2] Weinberg also suggests that the requested material is privileged. As the TPP FAC points out, however, all of this information is being kept confidential, and in fact, production of time records is necessary for the allocation of common benefit fees.

time records to Phil Garrett, the Court-appointed CPA. *Id.* at 3.[3] The TPP FAC argues that because Weinberg has not submitted these hours to Mr. Garrett, Mr. Garrett has not had the opportunity to review or evaluate those hours, and therefore, Special Master Juneau lacks necessary information to recommend an allocation to Weinberg. Furthermore, with respect to Weinberg's suggestion that the TPP FAC is requesting records beyond the scope of the present matter, the TPP FAC argues that without all of Weinberg's Vioxx-related records, "it is not possible to fully analyze all of the work claimed to have been performed by Mr. Weinberg." *Id.* at 4. The TPP FAC argues that the requested material does not place an undue burden on Weinberg because he was required to keep records of his time, and the subpoena simply requires him to produce those records. In order to explain its need for these materials, the TPP FAC also includes in its memorandum some specific examples of potentially duplicative or otherwise questionable time records for which Weinberg has requested compensation. Finally, the TPP FAC emphasizes that Weinberg himself has objected to the TPP FAC's recommended allocation, and therefore, it is appropriate for him "to produce additional information to support his contentions." *Id.* at 9.

The Court agrees with the TPP FAC that its subpoena encompasses a relevant and eminently reasonable request. The TPP FAC has not requested that Weinberg produce time records that are far outside the scope of this matter; rather, they have requested additional Vioxx-related time records for the purpose of comparison and analysis. Considering the fact that Weinberg has repeatedly alleged that members of the TPP FAC have "double-dipped," or

---

[3] The TPP FAC acknowledges that Weinberg has submitted some time records to Mr. Garrett in the past, but argues that those records were "submitted in connection with the personal injury portion of the case for which Mr. Weinberg was compensated" already. *Id.* Weinberg disputes this contention in his reply brief.

submitted time for which they have already been compensated, it is incongruous for Weinberg to object to the production of records that may be necessary for the TPP FAC to "check the accuracy" of Weinberg's submissions. (Rec. Doc. 64419 at 7). Nonetheless, the Court is mindful of the fact that compliance with the subpoena may require Weinberg to incur certain expenses. Accordingly, the Court will require Weinberg to keep track of these costs so that the Court can consider at a later time whether some cost-shifting is appropriate.

For the foregoing reasons, IT IS ORDERED that Weinberg's motion to quash (Rec. Doc. 64412) is DENIED. IT IS FURTHER ORDERED that Mr. Weinberg shall keep records of the expenses he incurs complying with the subpoena.

IT IS FURTHER ORDERED that Weinberg's motion for leave to file reply memorandum (Rec. Doc. 64428) is GRANTED.

New Orleans, Louisiana, this 6th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE