# Exhibit C

LAW OFFICES

# HARE, WYNN, NEWELL AND NEWTON, LLP

THE HISTORIC MASSEY BUILDING
SUITE 800
2025 THIRD AVENUE NORTH

BIRMINGHAM, ALABAMA 35203-3331

TELEPHONE (205) 328-5330
FAX 8TH FLOOR (205) 324-2165
www.hwnn.com

*100 years*

ALEX W. NEWTON
TERRELL WYNN
JAMES J. THOMPSON, JR.
ALVA C. CAINE
JOHN W. HALEY
D. LEON ASHFORD
SCOTT A. POWELL
JAMES R. PRATT, III
STEPHEN SHAY SAMPLES
BRUCE J. McKEE
MICHAEL D. ERMERT
NOLAN E. AWBREY*
DON McKENNA
MATTHEW C. MINNER
JAMES R. MONCUS, III***
S. HUGHSTON NICHOLS
BRIAN M. VINES

*ALSO LICENSED IN GEORGIA
**LICENSED IN ARKANSAS
***ALSO LICENSED IN TENNESSEE AND MISSISSIPPI
****LICENSED IN GEORGIA, VIRGINIA, AND NEW YORK

RALPH D. COOK
PAUL BYRD**
DANIEL D. BARKS****

OF COUNSEL

FRANCIS H. HARE
(1904-1983)
CARLTON T. WYNN
(1917-2002)
NEAL C. NEWELL
(1920-2005)
RAY O. NOOJIN, JR.
(1945-1996)
JAMES O. HALEY
(1912-2002)

ARKANSAS OFFICE
4220 NORTH RODNEY PARHAM RD.
250 METROPOLITAN NATIONAL PLAZA
LITTLE ROCK, ARKANSAS 72212
TELEPHONE 501-225-5500
FAX 501-225-5501

October 11, 2012

Richard L. Josephson, Esquire
Baker Botts, LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

Re:   *State of Alaska v. Merck & Co.*

Dear Richard,

This letter is in response to your letter of September 4, 2012, and our telephone conference last week.

Based on our conversation last week, Alaska has filed a second supplemental response that addresses the supplementations requested in your September 4, 2012, letter and our subsequent conversations. Also, I want to let you know we are looking for the contract(s) between Alaska and First Health and will produce those to you if and when they are located.

As we discussed on the telephone, Alaska does not intend to seek violations for print or television advertisements that were not run in the "National" market as noted in the "Intended Media Marketplace" column of Merck's "Vioxx National and Regional Print and Television Advertising Spreadsheet."

At this point, Alaska believes it has fully responded to Merck's Third Set of Interrogatories given the state of discovery in this case. Your letter references Interrogatory 1(e) which requests the "content" of the unfair act. In Alaska's Supplemental Response, Alaska outlines how each alleged violation violated the Alaska Unfair Trade Practices and Consumer Protection Act. (*See* Alaska Response to Third Interrogatories App. A). Alaska provided the bates ranges of specific communications by Merck and states that those communications either "communicated the risk profile, benefits, and efficacy of Vioxx in an unfair or deceptive manner" and/or "presented information concerning the cardiovascular risk of Vioxx in an unfair or deceptive manner." (*Id.*). Furthermore, in response to Interrogatory 1, Alaska details the various forms of communications that are

Richard L. Josephson, Esquire
October 11, 2012
Page 2

---

violations of the Acts and notes that the interrogatory "requests information that is related to expert disclosures and will be further supplemented by those disclosures." (*Id.* at Resp. No. 1).

As we discussed, Alaska does not take the position that Merck is not entitled to further details regarding the violations of the Act. However, any further detail at this point would require expert opinion, which, under Judge Fallon's order, need not be produced until May 2013.

If you have any further questions, please do not hesitate to contact me or Ed Sniffen in the Attorney General's office.

Sincerely,

Brian M. Vines

BMV/agm

cc:   Benjamin R. Barnett, Esquire
      Clyde E. Sniffen, Jr., Esquire
      James E. Fosler, Esquire
      Scott A. Powell, Esquire
      Don McKenna, Esquire
      Matthew C. Minner, Esquire