UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX Products Liability Litigation

|  |  |  |
|---|---|---|
| | * | MDL No. 1657 |
| This Document Relates to: | * | |
| | * | SECTION L |
| JIM HOOD, ATTORNEY GENERAL *ex* | * | |
| *rel*., STATE OF MISSISSIPPI | * | JUDGE ELDON E. FALLON |
| | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| MERCK & CO., INC. | * | |
| | * | |
| Civil Action No. 2:05-cv-6755 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiff, Jim Hood, Attorney General of the State of Mississippi, *ex rel*. the State of Mississippi (the "State" and/or "Plaintiff"), by and through its undersigned counsel of record acting as duly-appointed Special Assistant Attorney General, and objects to Defendant's Motion for Protective Order as follows:

## BACKGROUND

On April 4, 2013, Mississippi served its 30(b)(6) deposition notice on Merck. The deposition notice contained six designated topic areas that were specifically tailored to Mississippi's claims.  On June 5, 2013, Merck filed a Motion for Protective Order. Counsel for the parties have conferred about the subject discovery dispute, however, no resolution of the issues has been achieved.

1

## ARGUMENT AND AUTHORITY

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *David v. Signal Intern., LLC*, 257 F.R.D. 114 (E.D.La., 2009). Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters...." *Id*. The burden is upon the party seeking non-disclosure or a protective order to show good cause. *Id*., citing, *United States v. Garrett*, 571 F.2d 1323, 1326 & n. 3 (5th Cir.1978); *Blanchard and Co., Inc. v. Barrick Gold Corp*., 2004 WL 737485 (E.D.La.2004).

In *Blanchard*, supra, this Court held that "good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order. *Id*.  Furthermore, the Court explained, "the litigant seeking a protective order must articulate the injury with specificity. Broad allegations of harm, unsubstantiated by specific examples, do not support a showing of good cause. The burden of justifying a protective order remains on the litigant seeking the order. In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. The court has wide discretion in determining the scope of a protective order." *Id*. See also, *Salter v. Upjohn Co*., 593 F.2d 649, 651 (5th Cir.1979), citing, 4 J. Moore & J. Lucas, Moore's Federal Practice P 26.69 (3d ed. 1976); 8 C. Wright & A. Miller, Federal Practice & Procedure s 2037 (1970).) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.")

2

In its Motion for Protective Order, Merck argues two grounds for the protective order that it seeks: (1) that the 30(b) (6) deposition is duplicative of prior MDL discovery, and (2)   that the deposition notice is "overly broad."   Neither of these grounds support Merck's position, however, and it has failed to establish that "good cause" exists to deny the State of Mississippi its right to this crucial discovery.

In support of Merck's first contention, that the subject deposition notice is "duplicative" of earlier discovery, Merck relies upon   *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537 (4th Cir.2004), which is wholly inapposite. In *Nicholas*, the Court found that the discovery sought by plaintiffs was "cumulative and duplicative, unduly burdensome, and harassing," and entered a protective order accordingly. However, that discovery was sought from a *non-party*, whereas here, the deposition sought is that of the defendant.   The basis for granting the protective order in these two cases cannot be compared.

Simply because the information sought by the State of Mississippi may be duplicative of that testimony which obtained in the earlier MDL proceeding, does not make it less relevant to this Plaintiff's case, nor does it preclude defendant from being required to provide the requested testimony. Importantly, none of the earlier MDL depositions were taken on behalf of an Attorney General – indeed during the majority of time that discovery in the personal injury cases were ongoing, the governmental actions were lying dormant at the behest of the defendant.   Moreover, Merck has failed to identify any of the deposition testimony taken in the MDL that would specifically address the topic areas outlined in the State of Mississippi's 30(b)(6) Notice. Thus, there is nothing to establish that the sworn deposition testimony sought by the State if in any way duplicative of that which has been previously offered by this defendant. Finally, the documents

referenced by Merck as having been produced in response to similar topic areas as outlined in the deposition notice does nothing to alleviate the obligation that Merck has to provide a corporate witness to testify about those same topic areas. The Plaintiff has the right to examine a party about documents and data it produced, that is highly relevant to its case.

As a further example of the "duplicative" nature of the State's deposition notice, Merck also references the topic area concerning the government investigation of Merck, and its resulting guilty plea in 2012, and the Court's earlier ruling regarding same. However, the Court's earlier ruling, in 2009, was prior to the actual entry of the plea, and prior to the recent Order entered by the Eastern District of New York in the securities litigation against Merck, which required Merck to produce exactly the same information (via document production) Plaintiff is seeking here. Additionally, this Court's prior ruling was not with respect to the claims of this Plaintiff, whose claims are based upon Consumer Protection Act penalties and damages, which are of a different sort than anything previously addressed in the MDL proceedings. Given these facts, Plaintiff's deposition notice concerning this topic area is anything but duplicative of prior discovery in the MDL.

Lastly, Merck contends that the State of Mississippi does not intend to take corporate representative depositions for the purpose of obtaining any new, state-specific information. This statement appears to be based solely on Merck's experience in the State of Kentucky's case. There is no evidence presently that the State of Mississippi has any motivations for obtaining the deposition testimony that it seeks other than pursuant to the field and served 30(b)(6) Notice. Merck's conjecture in this regard is simply that – and that alone is no basis for a protective order.

Mississippi has presented a narrow list of topic areas, which are all relevant to the State of Mississippi's claims. Merck's motion is therefore due to be denied.

Merck's second basis for seeking a protective order is that the State's notice is overly broad. However, Merck offers no specific examples of why a corporate representative could not be designated to address *any* actual contact that the company had with the State of Mississippi, and has not even attempted to offer a single corporate representative to provide testimony generally about the contact that the company had with the State. Interestingly, Merck has argued to the Court on several occasions the State has the burden of proving its damages on an "individualized" basis, yet it is now refusing to provide a single witness who can testify about the type of direct contact that Merck had with the State, which is exactly the kind of direct relevant evidence the State would need to satisfy the burden Merck contends exists.

Merck has delayed its obligation to provide sworn deposition testimony in the State of Mississippi's case, based upon specious and meritless arguments, which should be overruled by the Court. No "good cause" exists to prevent the corporate deposition of Merck from going forward, and thus, the motion for protective order should be denied.

## **CONCLUSION**

Based upon the foregoing, Plaintiff requests that Merck's Motion for Protective Order be denied, and for such other further relief as the Court may deem proper.

Respectfully submitted, this the 24th day of June, 2013.

BY:    /s/ Sheila M. Bossier
SHEILA M. BOSSIER, (LA Bar No. 19491)
**Attorney for JIM HOOD, ATTORNEY
GENERAL,** *ex rel* **THE STATE OF
MISSISSIPPI**

5

**OF COUNSEL:**

**BOSSIER & ASSOCIATES, PLLC**
P. O. Box 55567
Jackson, MS   39296
Telephone: (601) 352-5450
Facsimile:    (601) 352-5452

Geoffrey Morgan, Esq.
George W. Neville
**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 220
Jackson, MS   39205
Telephone: (601) 359-3821

Richard A. Freese, Esq.
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile:    (205) 871-4104

Shane Langston, Esq.
Rebecca Langston, Esq.
Jessica Murray, Esq.
**LANGSTON & LANGSTON, PLLC**
Post Office Box 23307
Jackson, MS 39225
Telephone: (601) 969-1356
Facsimile: (601) 968-3866

William M. Quin, II
O. Stephen Montagnet, III
**McCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Service Advance this 24th day of June, 2013.

    /s/ Sheila M. Bossier
    SHEILA M. BOSSIER