UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| THIRD PARTY PAYOR COMMON | * | MAG. JUDGE KNOWLES |
| BENEFIT FEES | * | |
| FILER: Robert E. Arceneaux/Margaret Woodward/ | * | June 27, 2013 |
| Pascal F. Calogero, Jr. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF ROBERT E. ARCENEAUX

1. I am an attorney licensed to practice law in Louisiana, and various federal courts, since 1982. I am a graduate of Paul M. Hebert Law Center, at L.S.U., and a former clerk for then Louisiana Supreme Court Justice James L. Dennis, now a judge on the U.S. Fifth Circuit Court of Appeal. Following associateships at the firms of Barham and Churchill and Barham and Associates, I became a partner in the firm of Barham and Arceneaux, a boutique firm whose practices emphasized appeals to the state and federal courts. Following the closure of that firm, I have been in solo practice.

2. I represent Eric H. Weinberg in MDL 1657, In re Vioxx Products Liability Litigation, in connection with fee disputes, and at present, an objection to the offer of "zero" which has been made to him by the TPP FAC appointed by the Hon. Eldon Fallon, presiding judge.

3. In connection with that representation, I participated in a telephone status conference on April 24, 2013 with Patrick Juneau, who has been appointed special master by Judge Fallon. At least the following persons participated: Special Master Juneau, Margaret Woodward, Robert Arceneaux, Robert Dassow, Lenny Davis, Russ Herman, and Christopher Seeger. The first issue that was discussed was whether any of the parties requested discovery. Woodward stated that the only discovery needed by Weinberg was documentation related to what happened to $600,000 paid by Merck as costs in the La. AG case, and whether any of it went to private counsel. Russ Herman stated that it was his belief that the funds were not paid to private counsel, but went to the La. Attorney General (a fact which he promised to document in a letter which was never supplied). For its part, the only discovery that was requested by the TPP FAC was a deposition of Weinberg. This led to a general discussion of how many depositions would be taken of the various parties, the ultimate resolution of which was a decision by Special Master Juneau that there would be no depositions. Rather, there would

EXHIBIT 2

        be a "trial by ambush," as he stated these matters used to be called. Special Master Juneau explained by using this term, he did not mean to imply an unfair procedure, but simply that the trial would occur in the absence of any pre-trial discovery. No one objected to this procedure. Nor did the TPP FAC did not ask for any production of documents, such as any time records from Weinberg. The Special Master stated that his procedure would be set down in a forthcoming scheduling protocol.

4.      I did not learn of this Court's June 19, 2013 order, Rec. Doc. 64451, until sometime after 1:00 pm on June 20, 2013, after I returned from the June 20 proceeding before Special Master Juneau. There, I found that I had received via e-mail a Notice of Service of a copy of an order of this Court dated June 19. This notice from File and Serve arrived by e-mail at 9:39 am, almost forty minutes *after* the June 20 proceeding had begun. The timestamp on the Order shows it was not received by File and Serve until June 20, at 9:38 am, again almost 40 minutes *after* the commencement of the hearing. Accordingly, while the hearing was in progress neither I nor my client knew of the June 19 order. While Lenny Davis mentioned the order at the hearing, he did not provide a copy to the undersigned. Before the hearing, I had checked my e-mail to make sure there were no orders issued by this Court bearing on the issue, and did not find any. Unaware of any such order, I viewed Davis' comment as an overstatement, and not an accurate reflection of any order contained in the record, since I had not seen any such order.

5.      My co-counsel and I advised Eric Weinberg about how and when to respond to the subpoena duces tecum served on Weinberg by the TPP FAC, and Weinberg followed our advice.

In accordance with 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2013.

*Robert E. Arceneaux*