June 22, 2013

Dear Judge Fallon,

I am writing to you from Zambia, where I am vacationing with my children.  Under other circumstances, I would put this writing in the form of a brief or affidavit; but I do not know how to find a notary or even whether there is one available to me.  In any event, I write mindful of my obligations of integrity toward the Court.

This trip had been planned for more than a year.  On June 10, 2013, as I was preparing for a June 15th departure, I believed the TPP matter had been submitted on the briefs.  On that day, however, I received two orders from the court relating to the TPP common benefit allocation.  The first, generated by your office, denied our Motion to Quash.  The provenenance of the order came as a surprise because discovery issues had been referred to Special Master Juneau by the order in which he had been appointed; and he had indicated his intention to rule on that motion when he decided the other issues before him.  The second order of the day, about an hour later, advised that Master Juneau had determined that he could not decide the case without the opportunity to pose questions to various parties; he fixed a hearing on June 20, 2013 for that purpose.

On receiving the second order, I immediately contacted Master Juneau, advised him of my travel plans and told him that if he considered it necessary, I would cancel my trip.  He assured me that he did not require my presence, and explained that there would be neither direct nor cross-examination conducted by counsel, and that the hearing was solely for purposes of propounding his questions to the witnesses he had named.  He reiterated these advices in a written order within a couple of days.

In my conversation with Master Juneau, I specifically inquired whether he would need at the hearing the subpoenaed documents which you had just ordered produced.  He assured me that he did not.  Given that Master Juneau did not want the documents, and no other questions or testimony would be permitted at the hearing, we concluded that the hearing date of June 20th did not represent the return date for the subpoena.  This was important because Mr. Weinberg had a tight work schedule which permitted him little time-- and none of it during ordinary business hours-- to assemble the documents responsive to the subpoena.  In our minds, because the Special Master was not interested in the documents, we needed only to provide them to the TPP FAC before the matter was transferred back to you.  I therefore advised Mr. Weinberg to work diligently on the production requests but without upending his calendar; and I left town.

From June 16 until today, I have been without email or telephone contact with the United States.  I expect to return to safari in Botswana on June 24, and will again be off the grid until June 30, when I will board a series of international flights, culminating in a return to Houston on July 2d.  (I lose a day in transit).  If at all

possible, I would like to attend the contempt hearing.  I understand that it has been scheduled for July 1st, and if the Court holds to that schedule, my co-counsel will represent Mr. Weinberg in my absence.

Written respectfully and with thanks for your consideration, but in great haste on a borrowed computer which is needed by its owner, I am, this 22d day of June 2013,


Margaret Woodward
3701 Canal St., Suite C
New Orleans, LA. 70119
Tel: 504-301-4333
Fax: 504-301-4365
mewno@aol.com


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 22, 2013.

/s/ Margaret E. Woodward