## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | |
| | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| THIRD PARTY PAYOR COMMON | : | |
| BENEFIT FEES | : | |
| | : | |

### TPP FEE ALLOCATION COMMITTEE'S REPLY MEMORANDUM TO ERIC WEINBERG'S OPPOSITION TO THIS COURT'S JUNE 21, 2013 SHOW CAUSE ORDER RELATING TO TPP FEE ALLOCATION COMMITTEE'S MOTION FOR CONTEMPT, OR ALTERNATIVELY TO STRIKE

**MAY IT PLEASE THE COURT:**

The Third Party Payor Fee Allocation Committee ("TPP FAC") submits this reply memorandum to Eric Weinberg's Opposition to This Court's June 21, 2013 Show Cause Order Relating to TPP Fee Allocation Committee's Motion for Contempt, or Alternatively to Strike.

Eric H. Weinberg and the Law Offices of Eric H. Weinberg ("Weinberg") continues to challenge this Court's authority by dancing around the issues and playing games. Despite Weinberg's refusal to comply with a properly issued subpoena and the orders of this court the TPP FAC feels compelled to set forth a few responses to the opposition filed by Weinberg on June 27, 2013 [Rec. Doc. 64466].

1.     The TPP FAC waives any right to recover attorneys fees for the bringing of this

1

motion.  A recovery of attorneys fees by the TPP FAC would not further the efforts of this litigation.  Should the court determine that contempt is appropriate the court should sanction Weinberg in a manner that results in no monetary benefit to the TPP FAC.

2.    The original subpoena issued to Weinberg on May 13, 2013 was served on Weinberg on May 13, 2013 [Rec. Doc. 64395].  The subpoena requested:

> "All records of time spent on any Vioxx Related Matter from February 2005 to present for any attorney, paralegal, law clerk or member of your firm.  As used herein, the term "Vioxx Related Matter" includes any type of Vioxx litigation related activity worked on (*e.g.* personal injury, third-party payor, Attorney General, etc.).  The records should identify for each entry an identification of the individual performing such activity, a description of the activity performed, the date the activity was performed and any other information identifying the work performed and who performed the specific activity."

Despite Weinberg's contention that the subpoena was limited to only common benefit time and three distinct categories, namely PI, TPP and AG it is very clear from the subpoena that the request was for "**All records of time spent on any Vioxx Related Matter...**".  Vioxx Related Matter was defined to include any type of Vioxx litigation related activity worked on.

3.    On April 26, 2013 Special Master Juneau issued a Scheduling Protocol for Third Party Payor Common Benefit Fees [Rec. Doc. 64361] which scheduled a hearing on May 23, 2013.  The subpoena issued by the TPP FAC had a return date of May 23, 2013 at 9:00 a.m. which coincided with the hearing date.  Weinberg filed a Motion to Quash on May 21, 2013 [Rec. Doc. 64412].  The TPP FAC filed an Opposition to the Motion to Quash on May 23, 2013 [Rec. Doc. 64419].  The court issued an Order

on June 6, 2013 denying the Motion to Quash [Rec. Doc. 64437].  Weinberg did not produce documents in compliance with the June 6 Order even after the Special Master issued a Revised Scheduling Protocol for Third Party Payor Common Benefit Fees [Rec. Doc. 64439] which required a hearing on Thursday, June 20, 2013 and after several communications by email to Weinberg's counsel asking when a return on the subpoena would take place and advising that the TPP FAC was anxious to receive the documents.  Despite the court's Order and request by the TPP FAC Weinberg advised that he intended to produce documents by June 28, 2013 and therefore the TPP FAC filed a Motion for Contempt or Alternatively to Strike on June 19, 2013 [Rec. Doc. 64448].

4.   Even though Special Master Juneau sent an email on June 12, 2013 (See Exhibit A) stating that the purpose of the hearing was to ask questions and get clarification on certain issues the TPP FAC was mindful of the court's Order dated June 19, 2013 [Rec. Doc. 64451] which stated **"Just as Weinberg has a right to respond to the TPP FAC's recommendation with relevant supporting evidence, the TPP FAC has a right to rebut his objections with relevant supporting evidence. Weinberg's failure to produce this evidence during the Special Master's hearing would be prejudicial to the ability of the TPP FAC to rebut Weinberg's objections."**  The TPP FAC always intended to utilize Weinberg's documents produced in response to the subpoena in connection with the hearing before Special Master Juneau.  The TPP FAC has and continues to be prejudiced by Weinberg's failure to produce all Vioxx related records of time.

5.      On June 20 prior to commencement of the Special Master conducting the hearing comments were made on the record specific as to a return on the subpoena.  No documents were provided by Weinberg despite reference made to the court's Order of June 19, 2013 [Rec. Doc. 64451].[1]  The TPP FAC was prejudiced by not having the documents at the hearing.

6.      Weinberg has not complied with PTO 6 and submitted all of his time and expense records.

7.      Despite Weinberg sending a letter on June 24, 2013 all documents responsive to the subpoena have not been produced.  Weinberg only produced time records from October 1, 2004 until November 8, 2007 for common benefit personal injury time, from November 12, 2007 to September 13, 2009 for common benefit TPP time and from September 14, 2009 to present for common benefit AG time.  It is incongruous to believe that each of these three categories of common benefit time fit squarely into the three distinct date periods claimed by Weinberg.  The Vioxx case was not seamless.  The case continued for many years and the work on PI, AG and TPP could not be segmented into three discreet time periods as suggested by Weinberg.  Furthermore the subpoena did not ask for just "common benefit" time.  No records have been produced relating to other work allegedly performed by Weinberg including the work performed on Vioxx cases he was retained individually which are necessary to address Weinberg's objection.

---

[1] The court's Order was received through the ECF system at 2:07 p.m. on June 19, 2013 (See attached Exhibit B).

## CONCLUSION

The real and ongoing damage that has been done by Weinberg's refusal to cooperate while obstructing the award and distribution of TPP common benefit fees to those who earned them deserves strong rebuke. A score of attorneys advanced costs and performed authorized TPP work, on a contingent basis, to protect and promote TPP claims in the coordinated MDL and New Jersey litigation. These lawyers have compromised their claims, cooperated in documenting their work, followed the rules and procedures of this Court, and have received nothing to date from the TPP Fund. They have in short been punished by the efforts of one attorney to block and disrupt the process. Mr. Weinberg's contempt for the process, and for the attorneys who worked for the TPP common benefit, has a real cost. It has caused those attorneys substantial economic loss through delayed receipt of funds. Punishment should not result from good faith adherence to court orders and common benefit principles; it should be meted out, in due measure, to those who thwart them. But perhaps the most effective punishment here would be to simply deny the Weinberg request for excessive fees, and to expedite the award and distribution of TPP fees and costs, as recommended by the FAC and as determined by the Special Master, forthwith.

Dated: June 28, 2013                       Respectfully submitted,

                                           /s/ Russ M. Herman
                                           Russ M. Herman
                                           **Herman, Herman & Katz, L.L.C.**
                                           820 O'Keefe Avenue
                                           New Orleans, Louisiana 70113
                                           Telephone: (504) 581-4892
                                           Fax: (504) 561-6024
                                           rherman@hhklawfirm.com

/s/ Elizabeth Cabraser
Elizabeth Cabraser
**Lieff Cabraser Heimann & Bernstein, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com

/s/ Christopher A. Seeger
Christopher A. Seeger
**Seeger Weiss LLP**
77 Water Street
New York, NY 10005
Telephone: (212) 584-0700
cseeger@seegerweiss.com

/s/ Thomas M. Sobol
Thomas M. Sobol
**Hagens Berman Sobol Shapiro LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com

/s/ Andy D. Birchfield, Jr.
Andy D. Birchfield, Jr.
**Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: (800) 898-2034
Fax: (334) 954-7555
andy_birchfield@beasleyallen.com

/s/ James Dugan
James Dugan
**Dugan Law Firm**
One Canal Place
Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
Fax: (504) 648-0181

*The TPP Fee Allocation Committee*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of June, 2013.

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (#14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, LA  70113
Ph:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

C:\Users\kdanahay\Desktop\TPP FAC Reply Memo to Eric Weinberg's Opposition to This Court's June 21, 2013 Show Cause Order relating to TPP FAC Motion for Contempt.wpd

7