IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on behalf of a proposed class of those similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**<u>MERCK'S STATEMENT IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u>**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully submits this statement in support of plaintiff's unopposed motion for preliminary approval of class settlement.

The proposed settlement was reached by the parties after significant, arm's-length negotiations. The attorneys involved in the negotiations have been engaged in the MDL proceeding since its initiation: Russ Herman, Andy Birchfield and Chris Seeger, all members of the PSC's Executive Committee; Elizabeth Cabraser and Dawn Barrios on behalf of the purchase claims committee on the plaintiffs' side; and Douglas Marvin and John Beisner on behalf of Merck. The negotiations spread over nearly a year.

Under the terms of the settlement, Merck has agreed to pay up to $23 million into a common fund to resolve claims made for out-of-pocket expenditures by members of the settlement class and for other related costs. Each member of the settlement class who qualifies

for payment may recover either: (1) his/her out-of-pocket expenditures for the purchase of Vioxx for personal or family use and up to seventy-five dollars ($75.00) for his/her other out-of-pocket costs and losses in connection with a post-withdrawal medical consultation related to Vioxx use as defined in the Settlement Agreement; or (2) a one-time payment of up to fifty dollars ($50.00) with proof of Vioxx prescription. In addition, the common fund will pay, subject to the $23 million aggregate, all costs of class notice and settlement administration, and will pay Court-awarded attorneys' fees and expenses.

This agreement is fair and adequate to the proposed class members. Absent the settlement agreement, the proposed class would face significant obstacles to class certification in light of the highly individualized nature of their claims – including the need to prove causation on the part of each putative class member. As numerous other courts have recognized, classwide trials of prescription drug claims are particularly unmanageable in light of the many factors that underlie prescription decisions and the differing benefits that individual patients receive from medications. Accordingly, absent the proposed settlement agreement, it is highly unlikely that class treatment would be approved in this case.

In addition, even if a litigation class were certified, the class members would face substantial hurdles in trying to prove injury and causation since they do not allege any physical injuries from Vioxx. Indeed, this Court previously dismissed similar consumer fraud claims in *District of Columbia ex rel. Walker v. Merck & Co., Inc.* (D.63,656-1), based on a finding that the plaintiff could not establish injury as a matter of law because he "thought he was purchasing a medication that would relieve his pain without causing him personal injury . . . and that is what he received." (D.63,924, at 11.) In short, the proposed settlement agreement ensures meaningful

recovery to qualified Vioxx purchasers who would likely not receive any compensation if they were to pursue litigation.

Finally, the proposed settlement order provides for a comprehensive notice program designed to inform settlement class members of the agreement between the parties and how to exercise their rights under that agreement. The notice plan involves a combination of earned and paid media, as well as a broad range of publication sources, from traditional sources such as newspapers and magazines to dissemination via the internet. Merck believes that this vigorous notice plan will allow for maximum exposure among the proposed class members.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' unopposed motion for preliminary approval of the settlement agreement in this action.

Dated: July 17, 2013

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1132685v1

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of July, 2013.

                /s/ *Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana 70130
                Phone: 504-581-3200
                Fax:  504-581-3361
                dwimberly@stonepigman.com

                Defendants' Liaison Counsel

1132685v1