UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Larry Smith v. Merck Sharp & Dohme Corp.,* | * | |
| *2:08-cv-04639-EEF-DEK* | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully requests that the Court enter summary judgment pursuant to Federal Rule of Civil Procedure 56 in Defendant's favor on all of Plaintiffs' claims. By Order of April 12, 2013, this Court set June 18, 2013 as the revised and extended deadline for Plaintiff to designate experts and submit written expert reports as required by Rule 26(a)(2). Rec. Doc. 65345.[1] Plaintiff neither designated a testifying expert nor submitted a written expert report as required by the Court's Order. Several weeks after Plaintiff's deadline had passed, on July 10, 2013, Plaintiff's counsel contacted defense counsel, acknowledged that the deadline had expired, and indicated that she planned to seek an extension of the expired deadline from the Court. As of this writing, no such motion has been filed.

In this case, Plaintiff Larry Smith seeks to recover for injuries related to a stroke he suffered on June 29, 2004. Mr. Smith was a short-term, intermittent user of Vioxx. Mr. Smith

---

[1] Plaintiff's previous deadline for submitting an expert report was April 18, 2013. Rec. Doc. 64236. Plaintiff sought and received a 60-day extension of that deadline. Rec. Doc. 64345.

bears the burden of proving—through competent expert testimony—that the injuries he sustained were caused by Vioxx, rather than by his extensive pre-existing cardiovascular risk factors. Because Plaintiff has put forth no competent evidence on causation—an element of each and every claim in his complaint—his claims fail as a matter of law, and summary judgment in Merck's favor should be granted.[2]

**BACKGROUND**

Larry Smith began taking Vioxx in March, 2001 to treat his sciatica flare ups. By his own testimony, he took Vioxx sporadically over the years for short, limited periods of time. As he explained, he took Vioxx only if and when he had a sciatica flare up, and then he would take it for 7 to 10 days until the episode cleared. He acknowledged that months would go by between these flare ups, and he would not use Vioxx during those intervals. Smith Dep. 53:13–24 (Ex. A).[3]

On June 29, 2004, Mr. Smith went to the emergency room when he began experiencing problems with his eyesight and hearing. Ultimately, he was diagnosed with a stroke. Dr. Robert A. Kurtis, Mr. Smith's primary care physician, instructed him to discontinue Vioxx more than a year earlier, and there are no references to Vioxx use in his medical records until after his stroke. February 5, 2003 Notes of Dr. Robert Kurtis (Ex. B). When Mr. Smith arrived at the ER and

---

[2]   Merck has retained an expert who will testify that Vioxx did not cause or contribute to Mr. Smith's June 29, 2004 stroke and who stands ready to provide a written expert report that complies with Rule 26(a)(2). Plaintiff, however, bears the burden of proof on the issue of causation. Given his failure to satisfy that burden by designating an expert willing and prepared to testify that Vioxx caused his stroke, Merck has deferred serving Plaintiffs with its opposing expert report at this time.

[3]   All exhibits referenced herein are attached to Defendant's Statement of Material Facts As To Which There Is No Dispute, filed contemporaneously with this Motion.

was asked to identify his current medications, he did not list Vioxx or any other NSAID.  June 29, 2004 Medication History (Ex. C).[4]

Mr. Smith was discharged home after three days.  He had several weeks of speech therapy in which he made substantial progress.  Smith Dep. 87:4–18; Goodwin Dep. 23:17–24:1 (Ex. D).  His recovery was largely uneventful, and he returned to work at his construction business within two weeks of his stroke, where he continued to work at his deposition 8 years later.  Smith Dep.  17:10-18:1; 74:8–10.

At the time of his event, Mr. Smith was 63 years old and had numerous cardiovascular risk factors, including:

- A personal history of cardiovascular disease, including angioplasty and insertion of a stent in 2000.
- Hypertension
- Hyperlipedemia
- Family history – his father had an MI at age 50; two of his brothers had cardiovascular disease
- History of tobacco abuse – former heavy smoker and current tobacco chewer.

*Lone Pine* Report of Dr. Peter M. Schosheim (Ex. E).

Merck voluntarily withdrew Vioxx from the market on September 30, 2004.  After several years of litigation, Merck announced a comprehensive settlement program for certain alleged cardiovascular injuries on November 9, 2007.  Nearly a year later, on August 22, 2008, Mr. Smith initiated this lawsuit.  Compl.

---

[4]   Notwithstanding the lack of contemporaneous records documenting any Vioxx usage in 2004 or around the time of his stroke, Mr. Smith testified eight years later at his deposition that he was experiencing a sciatica flare up at the time of his stroke (also not documented in the emergency records) and that he had been taking Vioxx for the past seven days.  Smith Dep. 142:13–143:9.

3

Because this case was filed after November 9, 2007, it was subject to the requirements of PTO No. 29 which, *inter alia*, required submission of a *Lone Pine* expert report.  Plaintiff eventually supplied such a report in November, 2009. Ex. E.  That report, prepared by an orthapaedist who never treated Mr. Smith, states in conclusory fashion that Vioxx caused Mr. Smith's 2004 stroke. *Id.* at 2.

On May 15, 2012, the Court entered Pretrial Order ("PTO") No. 58 to govern all remaining discovery in the cases identified therein, including this case.  Rec. Doc. 63842.  The PTO set February 18, 2013 as the deadline for Plaintiffs to designate experts and submit written expert reports as required by Federal Rule of Civil Procedure 26(a)(2).  Rec. Doc. 63842.  On February 1, 2013, the Court entered an order extending the deadlines set forth in PTO 58 by approximately two months in the cases identified therein, including this case.  The order set April 18, 2013 as the revised deadline for Plaintiffs to designate experts and submit written expert reports as required by Rule 26(a)(2).  Rec. Doc. 64236.  Shortly before that deadline, Plaintiff sought and received an additional 60-day extension to provide a report – to June 17, 2013.  Rec. Doc. 64345.

The extended June 17, 2013 deadline passed without Plaintiff designating a testifying expert or submitting a written expert report as required by the Court's Order.  Although on July 10, 2013 – a few weeks *after* the deadline had passed – Plaintiff's counsel contacted Merck's counsel and expressed an intent to file a motion with the Court seeking an extension of time to designate an expert and provide a report, no such motion has been filed.

## LEGAL STANDARD

Summary judgment should be granted whenever it becomes apparent that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

4

1132687v1

of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  A party moving for summary judgment may discharge its burden to support the motion "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.  The burden of production then shifts to the nonmoving party to introduce specific facts showing there is a genuine issue for trial. *Id.* at 322-24; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Where expert testimony is necessary to prove an element of a plaintiff's cause of action, and where the plaintiff fails to designate an expert capable of providing admissible testimony on that element, Rule 56 requires entry of summary judgment against the plaintiff. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 471 (5th Cir. 2012) (per curiam); *see also Celotex*, 477 U.S. at 322.

1132687v1

**ARGUMENT**

In this case, Plaintiff seeks to recover for injuries related to a stroke Mr. Smith suffered in June 2004 that he claims was caused by Vioxx. Under Florida law,[5] it is Plaintiff's burden to prove that Vioxx caused, *i.e.* was a "substantial factor" in causing, his claimed injuries. *Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1193 (11th Cir. 2010).[6] When a case presents an issue of medical causation, which is presumed to be beyond the common knowledge and experience of an ordinary juror, causation must be proven through expert testimony. *See, e.g., Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1334 n.4 (11th Cir. 2010) (applying Florida law); *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005); *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-28DAB, 2011 WL 2174010, at *9 (M.D. Fla. May 31, 2011).

Here, Plaintiff bears the burden of proving that Vioxx was a substantial factor in causing his stroke. Given that Mr. Smith had significant cardiovascular disease prior to ever taking Vioxx, including a history of angioplasty and a stent, as well as numerous other well-established cardiovascular risk factors, Plaintiff cannot satisfy his burden to prove causation without expert testimony. *See Kilpatrick*, 613 F.3d 1334 n.4; *McClain*, 401 F.3d at 1237; *accord Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1214 (10th Cir. 2002) (causal link between prescription drug and plaintiff's stroke had to be proven through expert testimony).

---

[5] Because this case was originally filed in Florida and before transfer under 28 U.S.C. § 1407, Florida's choice-of-law rules apply. *See In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 813 (E.D. La. 2007). Because Mr. Smith's stroke occurred in Florida, Florida law applies. *See Noel v. Ford Motor Co.*, No. 6:11-cv-370-Orl-28DAB, 2013 WL 1786637, at *3–4 (M.D. Fla. Apr. 26, 2013) (law of place of injury applies in product liability action unless another state has a "more significant relationship").

[6] *See also In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 462 (E.D. La. 2006) (noting that each Vioxx plaintiff bears the burden of proving medical causation in his specific case).

1132687v1

Plaintiff has had ample time to marshal his required evidence.  He has failed to do so. Merck is entitled to summary judgment in its favor.  *See, e.g.*, *Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909 (5th Cir. 2012) (per curiam) (affirming grant of summary judgment when plaintiffs failed to timely designate a competent expert on causation despite having had ample time to do so).

## CONCLUSION

For the reasons stated above, the Court should grant Defendant's Motion for Summary Judgment and dismiss Plaintiffs' claims against Merck with prejudice.

Dated:  July 17, 2013                                                    Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
M. Elaine Horn
Jonathan L. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1132687v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Summary Judgment and Incorporated Memorandum of Law has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of July, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1132687v1