# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | *   MDL DOCKET NO. 1657<br>*   SECTION L<br>*<br>*   JUDGE FALLON<br>*   MAGISTRATE JUDGE KNOWLES<br>* |
| THIS DOCUMENT RELATES TO:<br><br>*Larry Smith v. Merck Sharp & Dohme Corp.,*<br>*2:08-cv-04639-EEF-DEK* | *<br>*<br>*<br>*<br>*<br>* |

**DEFENDANT MERCK SHARP & DOHME CORP.'S L.R. 56.1 STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to L.R. 56.1, Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1.  Larry Smith began taking Vioxx in March, 2001 to treat his sciatica flare ups. By his own testimony, he took Vioxx sporadically over the years for short, limited periods of time. As he explained, he took Vioxx only if and when he had a sciatica flare up, and then he would take it for 7 to 10 days until the episode cleared. He acknowledged that months would go by between these flare ups, and he would not use Vioxx during those intervals. Smith Dep. 53:13–24 (attached hereto as Ex. A).

2.  On June 29, 2004, Mr. Smith went to the emergency room when he began experiencing problems with his eyesight and hearing. Ultimately, he was diagnosed with a stroke.

1132689v1

3. Dr. Robert A. Kurtis, Mr. Smith's primary care physician, instructed him to discontinue Vioxx more than a year earlier, and there are no references to Vioxx use in his medical records until after his stroke. February 5, 2003 Notes of Dr. Robert Kurtis (attached hereto as Ex. B). When Mr. Smith arrived at the ER and was asked to identify his current medications, he did not list Vioxx or any other NSAID. June 29, 2004 Medication History (attached hereto as Ex. C).

4. Mr. Smith was discharged home after three days. He had several weeks of speech therapy in which he made substantial progress. Smith Dep. 87:4–18; Goodwin Dep. 23:17–24:1 (attached as Ex. D). His recovery was largely uneventful, and he returned to work at his construction business within two weeks of his stroke, where he continued to work at his deposition 8 years later. Smith Dep. 17:10-18:1; 74:8–10.

5. At the time of his event, Mr. Smith was 63-years old and had numerous cardiovascular risk factors, including: (1) a personal history of cardiovascular disease, including angioplasty and insertion of a stent in 2000; (w) hypertension; (3) hyperlipedemia; (4) family history – his father had an MI at age 50 and two of his brothers had cardiovascular disease; and (6) history of tobacco abuse – former heavy smoker and current tobacco chewer. Lone Pine Report of Dr. Peter M. Schosheim (attached as Ex. E).

6. Because this case was filed after November 9, 2007, it was subject to the requirements of PTO No. 29 which, inter alia, required submission of a Lone Pine expert report. Plaintiff eventually supplied such a report in November, 2009. Ex. E. That report, prepared by an orthapaedist who never treated Mr. Smith, states in conclusory fashion that Vioxx caused Mr. Smith's 2004 stroke. *Id.* at 2.

7. On May 15, 2012, the Court entered Pretrial Order ("PTO") No. 58 to govern all remaining discovery in the cases identified therein, including this case. Rec. Doc. 63842. The PTO set February 18, 2013 as the deadline for Plaintiffs to designate experts and submit written expert reports as required by Federal Rule of Civil Procedure 26(a)(2). Rec. Doc. 63842.

8. On February 1, 2013, the Court entered an order extending the deadlines set forth in PTO 58 by approximately two months in the cases identified therein, including this case. The order set April 18, 2013 as the revised deadline for Plaintiffs to designate experts and submit written expert reports as required by Rule 26(a)(2). Rec. Doc. 64236. Shortly before that deadline, Plaintiff sought and received an additional 60-day extension to provide a report – to June 17, 2013. Rec. Doc. 64345.

9. The extended June 17, 2013 deadline passed without Plaintiff designating a testifying expert or submitting a written expert report as required by the Court's Order. Although on July 10, 2013 – a few weeks after the deadline had passed – Plaintiff's counsel contacted Merck's counsel and expressed an intent to file a motion with the Court seeking an extension of time to designate an expert and provide a report, no such motion has been filed.

Respectfully submitted,

By: /s/ *Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    M. Elaine Horn
    Jonathan L. Williams
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck Sharp & Dohme Corp.

1132689v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Statement of Material Facts as to Which There Is No Dispute and the exhibits referenced therein have been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of July, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1132689v1