# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:**

Plaintiff's Name:     Larry L. Smith

Case Name:          Larry L. Smith vs. Merck & Company, Inc.

Case Number:      2:08-cv-04639

### MOTION FOR EXTENSION OF TIME OF DEADLINES UNDER PTO 58 (AND SUBSEQUENT EXTENDED DEADLINES) AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Larry L. Smith ("Plaintiff"), hereby moves for an extension of time of deadlines under Pretrial Order 58, as subsequently extended, to make his expert disclosures under Rule 26(a)(2)(B).  In support, Plaintiff states as follows:

### BACKGROUND

1.      This case is controlled by Pretrial Order 58 in the Vioxx Multi-District Litigation.

2.      Pursuant to Pretrial Order 58 and subsequent Court Orders, Plaintiff's deadline to submit expert disclosures was April 17, 2013.  Prior to that deadline, Plaintiff filed an agreed motion for extension of time, seeking a 60-day extension for all deadlines, including expert disclosures.  (Dkt. No. 64342).  One of the reasons for the extension was to determine whether the case could be settled by sharing preliminary

damages information. The Court subsequently granted the motion for extension of time, allowing an additional sixty (60) days for all deadlines. (Dkt. No. 64345). All of the new dates were promptly calendared, with reminders, on the calendars of both lawyers at the Trenam Kemker firm working on this case.

3. On July 2, 2013, counsel for Plaintiff sent a settlement letter to Defendant's counsel. On July 9, 2013, Plaintiff's counsel spoke to counsel for Defendant following up on the settlement letter. Due to the odd nature of the phone call with defense counsel on July 9, 2013, Plaintiff's counsel reviewed their calendars and neither could find a calendar deadline or reminder stating the deadline for filing expert reports (or any other deadlines for this case). Plaintiff's counsel then reviewed the pleadings and determined that the deadline for expert disclosures was June 17, 2013. Lead Counsel, John Goldsmith ("Mr. Goldsmith") also learned that the calendar on his office computer had all calendar entries in three cases deleted, apparently resulting from a software conflict caused by the later deletion of e-mails containing calendar invites for those cases on an Apple iPad. This, in turn, apparently deleted the calendar entries of all others at the law firm.

4. Undersigned counsel contacted Merck's counsel, Jonathan Williams, explained the situation and asked whether Merck opposed an extension of the case management deadlines. Mr. Williams stated that he did not think there would be a problem, but needed to talk with others. On July 10, 2013, Mr. Williams sent an e-mail stating: "We cannot consent to the requested relief at this time and will set out our position in a response to your motion." (Exhibit A). Merck's counsel provided no other explanation for its position.

5.      This motion was filed as soon as possible, given the need to first find out how dates on an electronic calendar could have been deleted.

6.      Although Merck knew Plaintiff would be filing this motion, Merck put together and filed a summary judgment motion the day before this motion was filed.

7.      Plaintiff has retained damages and causation experts, but such reports currently are not completed.  The missed deadline was a result of an inadvertent error and excusable neglect by Plaintiff's counsel, due to the computer software problem described above.  As a result, Plaintiff respectfully requests that the Court grant him an extension until the later of August 1, 2013 or ten (10) days after the date of an order on this motion.

## ARGUMENT

Plaintiff respectfully requests that the Court grant him additional time to submit expert disclosures.  Good cause exists.  The failure to meet the Court's expert disclosure deadline is due to excusable neglect.  Pursuant to Federal Rule of Civil Procedure (6)(b)(2), if an enlargement of time request is made after the deadline for the act to be done expires, the Court, at its discretion, may grant the enlargement of time request where the failure to act was the result of excusable neglect. *Catalano v. Cohen & Grigsby, P.D.,* 2010 WL 2103460 (M.D. Fla. 2010) (citing *Clinkscales v. Chevron U.S.A., Inc.,* 831 F.2d 1565, 1568 n. 10 (11th Cir. 1987)).  Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (citations omitted); *see Betzel v. State Farm Lloyds,* 480 F.3d 704 (5th Cir. 2007( (holding that the trial court should have allowed testimony of late designated expert witnesses); *DAG Enterprises, Inc. v. Exxon Mobil Corp.,* 2007 WL

4294317 (D.D.C. 2007) (denial of motion to strike expert reports where expert reports were untimely). In determining whether neglect is excusable, courts consider the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Id.* (citations omitted).

A. **THE LENTH OF DELAY AND IMPACT ON THE JUDICIAL PROCEEDINGS IS MINIMAL.**

Here, the expert disclosures were due on June 17, 2013. Plaintiff's counsel did not realize the calendaring problem until late July 9, 2013. Plaintiff's counsel spoke with defense counsel, who (although initially suggested Merck might consent) stated that Merck opposes the motion "at this time." (Exhibit A). Plaintiff's counsel immediately began diligently preparing this motion and investigating how the calendar entries were deleted. An additional extension is not an unreasonable delay. This case has not been set for trial. This case is part of multi-district litigation that has been pending for many years. Although it is Plaintiff's desire to have this case resolved, to date, the case has not been remanded back to the Middle District of Florida and trial has not yet been set.

Plaintiff's counsel recognizes the importance of the Court's deadlines and rules. Mr. Goldsmith has practiced in the federal courts for more than 27 years and has not missed an expert disclosure or similar deadline. Further, counsel was unaware of this computer software problem which deleted the calendar dates; counsel apologizes to defense counsel and this Court, and has taken steps to make certain this will not happen in the future. Merck did file a summary judgment motion yesterday, but it was long prior to the dispositive motion deadline and with the knowledge that this motion for

4

an extension of the case management deadlines was about to be filed. The short extension of these deadlines does not affect the timely administration of this case. Because this case is not set for trial and has not been remanded back to the original trial court, an extension will not have an impact on the judicial proceedings. To the contrary, the extension may provide the parties an opportunity to settle the case.

**B.  PLAINTIFF HAS ACTED IN GOOD FAITH AND THE MISTAKE WAS INADVERTENT.**

Plaintiff's request for an extension and actions in this case have been done in good faith. Experts have been retained, and Plaintiff's counsel has been working with the experts to get the reports drafted and finalized. Indeed, drafts of the damages reports have been provided to Defendant's counsel. The delay in providing the reports or moving for an extension prior to the expiration of the deadline was an unknown and unique software problem. There have been numerous extensions of deadlines in this case since its inception (many over which Plaintiff had no control) or were requested by Defendant. The software error was a good faith mistake, especially considering that Plaintiff has been diligently attempting to procure his final expert reports and has complied with all deadlines to date.

**C.  THERE IS NO PREJUDICE TO DEFENDANT.**

There is no prejudice to Defendant in this matter, as it has not submitted its expert report, nor has this case been set for trial.

The undersigned certifies that she conferred with counsel for Defendant, Jonathan Williams, Esquire, who objects to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests the Court enter an order, granting him an extension until the later of August 1, 2013 or ten (10) days after the date of an order on this motion, along with any further relief the Court deems just and proper.

        /s/ Amy L. Drushal
JOHN D. GOLDSMITH
Fla. Bar No. 444278
jdgoldsmith@trenam.com
AMY L. DRUSHAL
Fla. Bar No. 546895
aldrushal@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida  33602
Tel:  (813) 223-7474
Fax:  (813) 229-6553
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's Motion for Extension of Time of Deadlines under PTO 58 and Incorporated Memorandum of Law has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail (pwittmann@stonepigman.com) and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), on this 18th day of July, 2013.

        /s/ Amy L. Drushal
        Attorney

7726513v1