UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:

Plaintiff's Name:   Larry L. Smith

Case Name:   Larry L. Smith vs. Merck & Company, Inc.

Case Number:   2:08-cv-04639

### AFFIDAVIT OF JOHN D. GOLDSMITH

STATE OF FLORIDA        )

COUNTY OF HILLSBOROUGH  )

BEFORE ME, the undersigned authority duly authorized to administer oaths, personally appeared John D. Goldsmith, who is personally known to me, and being duly sworn, deposes and says:

1.   I am a member of the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill and Mullis, P.A. ("TKS"), in Tampa, Florida, and I am one of the lead attorneys in this matter, along with my partner Amy L. Drushal ("Ms. Drushal"). I have practiced law in the federal and state courts for more than 27 years. I am admitted to practice law in various jurisdictions, including the States of Florida and Connecticut, the Federal District Courts for the Middle, Northern, and Southern Districts of Florida, the Southern and

Eastern Districts of New York, and the District of Connecticut, and the Eleventh, Sixth, and Federal Circuit Courts of Appeal, and the United States Supreme Court.

2.      On July 2, 2013, Ms. Drushal sent a settlement letter to counsel for Defendant, Merck & Company, Inc. ("Defendant"), which included drafts of two (2) expert reports.

3.      My practice is to calendar all deadlines, plus 30 day, 14 day, and 7 day reminders prior to the deadline, which is what occurred in this case.

4.      The calendaring system used by TKS allows for the user to calendar deadlines and to invite others to accept those deadlines. The system also allows an invitee to accept, delete, or change those calendar appointments. I use an Apple iPad, which allows me to send and receive e-mails and calendar events. The Apple iPad synchronizes with my office computer such that a calendar entry or deletion on my iPad calendar will alter my office calendar. When I calendared the deadlines in this case on my office computer, I sent calendar invites to Ms. Drushal, myself, and our respective assistants. The e-mails with the calendar invites were sent to my iPad. Unknown to me, when I deleted the e-mails containing the calendar invites on my iPad, it in turn deleted the calendar entries on my iPad. When the iPad synchronized with my office computer, it deleted the calendar entries from my office computer calendar. Although my firm is still investigating how this occurred, apparently this caused a deletion on everyone's calendar who was sent a calendar invite.

5.      I did not discover this problem until July 9, 2013. When I reviewed my calendar on July 9, 2013, and again on July 10, 2013, there were no deadlines or

reminders for this case, despite the fact that there had been deadlines and reminders on my calendar for this case up until May 2013.

6. In 27 years practicing law in the federal and state courts, I have never missed an expert disclosure or similar deadline, prior to this case. I apologize to this Court and opposing counsel.

THIS CONCLUDES MY AFFIDAVIT.

_____
JOHN D. GOLDMITH

Sworn to and subscribed before me this 18TH day of July, 2013, by John D. Goldsmith, who is personally known to me or who produced _____ as identification.

_____
Notary Public       FRANCES SCOTT
Print:
My Commission Expires: 8/31/14

FRANCES SCOTT
MY COMMISSION # DD 987586
EXPIRES: August 31, 2014
Bonded Thru Budget Notary Services