UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:

Plaintiff's Name:      Larry L. Smith

Case Name:            Larry L. Smith vs. Merck & Company, Inc.

Case Number:         2:08-cv-04639

## AFFIDAVIT OF AMY L. DRUSHAL

STATE OF FLORIDA                )

COUNTY OF HILLSBOROUGH  )

BEFORE ME, the undersigned authority duly authorized to administer oaths, personally appeared Amy L. Drushal, who either is personally known by me or produced _____ as identification, and being duly sworn, deposes and says:

1. I am a member of the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill and Mullis, P.A. ("TKS"), and I am one of the attorneys in this matter, along with my partner, John D. Goldsmith ("Mr. Goldsmith").

2. On July 2, 2013, we sent a settlement letter to counsel for Defendant, Merck & Company, Inc. ("Defendant"), which included drafts of two (2) expert reports.

3.      On July 9, 2013, I spoke with Jonathan Williams, counsel for Defendant following up on the settlement letter.

4.      At that time, I believed that Plaintiff's expert reports were due on July 25, 2013.

5.      During the call with Mr. Williams, he made some comments which caused me to check the deadline for submitting the expert reports again.

6.      I reviewed my calendar on a day by day basis from May 2013 through September 2013 and found one (1) deadline for this matter. The deadline was for the filing of *Daubert* motions in August 2013, which was not a current deadline. Both Mr. Goldsmith and I reviewed our calendars and found no evidence of any calendared deadlines or reminders in this case other than the one mentioned above.

7.      My practice in calendaring deadlines is to calendar the deadline, plus 30 day, 14 day, and 7 day reminders prior to the deadline.

8.      When I reviewed my calendar on July 9, 2013, and again on July 10, 2013, there were no deadlines or reminders for this case, despite the fact that there had been deadlines and reminders on my calendar for this case up until at least May 2013.

9.      After I confirmed that the deadline was June 17, 2013, and that the deadline was not on my calendar, I contacted Mr. Williams and explained what had happened. I asked him if Defendant would oppose an extension, and he stated that it likely would agree to an extension, depending on how much time was sought.

10.     I notified Mr. Williams by email that day that we would be seeking a thirty (30) day extension, at which time he replied that Defendant opposed the extension. However, he did not state why Defendant opposed the motion, but, rather, he stated that Defendant's' responsive pleading would state the reason for its opposition.

2

THIS CONCLUDES MY AFFIDAVIT.

_____
AMY L. DRUSHAL

Sworn to and subscribed before me this 18th day of July, 2013, by Amy L. Drushal, who is <u>personally known to me</u> or who produced _____ as identification.

_____
Notary Public
Print: FRANCES SCOTT
My Commission Expires: 8/31/14

FRANCES SCOTT
MY COMMISSION # DD 987586
EXPIRES: August 31, 2014
Bonded Thru Budget Notary Services

7750143v1-064600

3