UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERILL HERKE, individually and on behalf of a proposed class of those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>        Defendant. | MDL No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**PLAINTIFFS' REPLY TO PRELIMINARY NOTICE OF OBJECTION AND RESPONSE TO CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT FILED BY JAMES RATLIFF**

**I.   INTRODUCTION**

Plaintiffs, on behalf of the proposed Vioxx Consumer Settlement Class, respectfully submit this Reply to the Preliminary Notice of Objection filed herein on March 4, 2013, and the Response to Consent Motion for Preliminary Approval of Class Settlement, Notice of Objection, and Request to be Excluded from Proposed Settlement by Interested Party James Ratliff, filed herein on July 20, 2013, by Vioxx consumer James Ratliff, a resident of Kentucky.

This Court is fully familiar with the procedural background and history of the Kentucky state court action James Ratliff filed as a putative class action; and Mr. Ratliff recounts, in detail, the course of that action, and his views regarding its prospects, in his above-referenced filings. Counsel for Mr. Ratliff addressed the Court on these very issues several months ago. This Court

is likewise familiar with the efforts, facilitated by the undersigned counsel, to address Mr. Ratliff's concerns, and to accommodate them within the context of the proposed Vioxx consumer class action settlement. At this time, given the absence of a certified Kentucky class in the *Ratliff* proceedings; the inability of counsel for the parties, despite ongoing best efforts, to reach an accord that satisfies Mr. Ratliff; and the fact that the members of the Vioxx consumer class have waited nine years for an opportunity to claim refunds for out-of-pocket costs they paid in connection with their Vioxx use, Plaintiffs respectfully submit that preliminary approval of the proposed consumer class settlement is now appropriate, for all the reasons set forth in Plaintiffs' Motion for Preliminary Approval of Class Settlement, and that this Court should proceed to consider and grant preliminary approval to the settlement, and commence the class notice and final approval process.

## II.  PRELIMINARY APPROVAL OF THE PROPOSED VIOXX CONSUMER CLASS SETTLEMENT, AS DEFINED IN THE SETTLEMENT AGREEMENT, IS APPROPRIATE AT THIS TIME

The proposed settlement provides an opportunity for all class members, in every state,[1] to make claims to recover their out-of-pocket costs for the Vioxx these class members purchased, as well as for some of the costs of their medical consultations. The settlement, in the aggregate amount of $23 million, provides, at long last, a meaningful opportunity for class members to make claims for significant amounts of reimbursement: up to $75 for their out-of-pocket costs and losses in connection with a post-withdrawal medical consultation related to Vioxx use; and their documented actual out-of-pocket expenditures for the purpose of Vioxx, or a one-time payment of up to $50 with proof of Vioxx prescription. Great efforts have been made to make

---

[1] The proposed nationwide Vioxx consumer settlement class does exclude the residents of one state, Missouri, in recognition that a separate class action settlement has been reached in the *Plubell* case, a certified Missouri state class action that was resolved shortly before the class trial. *See Plubell v. Merck*, 289 S.W.3d 707 (Mo. Ct. App. 2009). The proposed Vioxx settlement class includes residents of all other 49 states.

the claims process as simple as possible, while still avoiding fraud, so that those who actually paid for Vioxx, and incurred other out-of-pocket related medical costs, can recover.

The consumer laws of all states provide for such damages, and, while these consumer laws differ in other regards, such as with respect to the standard of proof, whether reliance is required, and what other remedies might be available, at their common core, these statues support the nationwide treatment, for settlement purposes under Rule 23(e), of an approach that gives all class members, in every included state, the same opportunity to claim and recoup their Vioxx out of pocket costs. In this respect, the similarities of the state consumer laws far outweigh, in Plaintiffs' view, their differences, such that all class members, from every state should have the same refund and reimbursement opportunities, which this settlement provides. *See*, *e.g. Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).[2]

As the Court is well aware, the settlement excludes residents of the state of Missouri, for whom a separate settlement was forged, in light of the fact that the Missouri state courts unequivocally certified and maintained the certification of the Missouri state class, denied motions to dismiss and summary judgment made by Merck, and cleared the way for that certified class to present its claims at trial. The Missouri settlement occurred on the eve of trial. Plaintiffs respectfully submit that this fact is notable when coupled with the repeated articulations, by this Court (with its intimate knowledge of the factual and legal issues arising from the sale and marketing of Vioxx gained from presiding over several Vioxx trials) that, on the facts, and notwithstanding the affirmative protections of the states' consumer laws, actual recovery, via adjudicated trial, by Vioxx consumers of their out-of-pocket costs, presents Plaintiffs with challenges.

---

[2] Plaintiffs also note that this opportunity is provided to the residents of the states of New Jersey and California, in which state courts denied class certification of Vioxx consumer claims.

The settling parties have duly taken note of the judicial views expressed in this case, informed by a number of actual Vioxx bellwether trials, including a trial of purchase claims (the Louisiana Attorney General trial). Accordingly, we respectfully submit that, at this juncture, both the parties and the Court are thoroughly cognizant of the risks and issues that have informed the settlement, that have enabled the parties to undertake informed negotiations, and that will enable this Court to make informed decisions on both the preliminary and final approval of the settlement. Plaintiffs also respectfully submit, that, given the inability of Merck and Mr. Ratliff's counsel to reach an agreement with respect to the Kentucky state claims, it is appropriate to include Kentucky state residents within the settlement class, and to provide each of them (including Mr. Ratliff) with the individual opportunity to make claims under the settlement, to opt-out of the settlement under Rule 23(b)(3), (c), and (e), or to object to the settlement and be heard in connection with its ultimate final approval.

The parties request certification of the settlement class under Rule 23(b)(3). "The procedural due process rights of these members include an opportunity to be excluded from the action. The right to participate, or to opt-out, is an individual one and should not be made by the class counsel." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1024. In *Hanlon*, the court held that even the representative or class counsel of a certified state class could not exercise that class' rights "en masse, either by making a class-wide objection or by attempting to effect a group-wide exclusion" from the federal class. *Id.* "Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and intentionally choose to continue in a suit as class members." 150 F.3d at 1024; *accord*, *In re Diet Drugs Prod. Liab. Litig.*, 282 F.3d 220, 237-238 (3rd Cir. 2001).

Mr. Ratliff predicts that the Kentucky Supreme Court will render a decision, sometime this fall, that will revive the prospects for class certification of the Kentucky class. The undersigned applauded the class certification of the Missouri class in the *Plubell* proceedings, have steadfastly defended the consumer claims against dismissal of class and merits allegations in this *Vioxx* MDL proceeding, unsuccessfully battled for class certification in California and New Jersey, and respect and appreciate the efforts of Mr. Ratliff and his counsel with respect to class certification in Kentucky. The undersigned do not presume to critique the decisions of the Kentucky courts thus far, or to predict the outcome of the briefing and argument in the matter now before the Kentucky Supreme Court. This Court need not do so either. Should the Kentucky Supreme Court render a decision, during the class notice period, or before final approval, which has a material bearing, in the view of any party or class member, on the final approval determination, it can be brought to the Court's attention and considered at that time. At this point, it is conjecture, and all members of the proposed nationwide Vioxx consumer settlement class have a legitimate interest in avoiding further delay in this case. We thus respectfully submit that it is appropriate for the preliminary approval process to go forward, for the settlement and settlement class to be granted preliminary approval, for the notice program to be approved, for the notice, opt-out, and objection process to take place, and for the Court to consider all pertinent factors, with respect to the final approval of the proposed settlement, at that time.

Respectfully submitted,

Dated: July 22, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 1657 and*
*Co-Lead Class Settlement Counsel*

Elizabeth J. Cabraser, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN, L.L.P.
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone:  (415) 956-1000
Fax:  (415) 956-1008
ecabraser@lchb.com
*Co-Lead Class Settlement Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, and on Richard Getty (counsel for James Ratliff) by U.S. mail and/or e-mail or by hand delivery and/or e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of July, 2013.

/s/ *Leonard A. Davis*
Leonard A. Davis