UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Larry Smith v. Merck Sharp & Dohme Corp.,* | * | |
| *2:08-cv-04639-EEF-DEK* | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

DEFENDANT MERCK SHARP & DOHME CORP.'S RESPONSE TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME OF DEADLINES
UNDER PTO 58 (AND SUBSEQUENT EXTENDED DEADLINES)

In Plaintiff Larry Smith's Motion for Extension of Time, he acknowledges that an extension of the deadline to serve his expert reports is appropriate only if he can demonstrate excusable neglect. Rec. Doc. 64493, at 3. He has failed to do so. Nevertheless, if the Court is inclined to grant Mr. Smith's request for an extension, Merck is not opposed to an order that Mr. Smith designate witnesses and serve Rule 26 reports no later than August 9, 2013, eight days after Mr. Smith's requested date, with Merck's deadline to designate its expert witnesses and serve reports to follow on September 6, 2013.[1] Merck wishes, however, to clarify the record.

---

[1] Mr. Smith proposes an extension to August 1, 2013, though the motion is noticed for August 7, 2013. Mr. Smith alternatively requests a deadline of 10 days after the Court's order granting his motion. In light of Merck's statement that it does not oppose an extension until August 9, 2013, and the parties' and Court's shared interest in the speedy resolution of this case, Merck does not oppose entry of an order extending deadlines before the noticed submission date. Merck concedes that such relief will moot its motion for summary judgment, Rec. Doc. 64490, and its motion to file certain documents under seal, Rec. Doc. 64489.

1.      Mr. Smith argues that missing the expert deadline by more than a month was excusable neglect, blaming his lawyer's computers. *See* Rec. Doc. 64493, at 3.  Merck is sympathetic to the difficulties that computers can pose.  Nevertheless, it is too simple to blame the technology.  Mr. Smith's expert deadline was not a remote, court-ordered deadline that Mr. Smith's counsel could not have been expected to remember.  It was Mr. Smith's own previous request of a 60-day extension, filed a week before the existing deadline, and granted just five days after his request.  By asking for just 60 days more to serve reports, Mr. Smith represented to the Court that he could and would designate experts and provide reports to Merck within that time period.  Mr. Smith's Motion for Extension of Time requires the Court to accept that Mr. Smith's attorneys so thoroughly forgot the deadline that only an "odd" phone call with Merck's counsel on July 9—22 days after the expert deadline—could prompt them to look at the Court's order granting their request for an extension to discover the forgotten deadline.  *See* Rec. Doc. 64493, at 2.  It may be that this is what happened, but based on the current record, Merck submits that Mr. Smith has failed to show good cause to extend the deadline.  *See* Fed. R. Civ. P. 6(b)(1).

2.      When Mr. Smith's counsel contacted Merck's counsel on July 10, 2013 to request another extension of the expert report date, she explained only that she believed she put the deadline on her electronic calendar, but neither she, nor anyone else at her firm, could find the date on their calendars.  With no other information, Merck's counsel was not comfortable consenting to an extension, and Merck's counsel confirmed this position by e-mail to Mr. Smith's counsel.  *See* Pl.'s Mem. ¶ 4, at 2; *see also, e.g.*, *United States v. $30,000.00 U.S. Currency*, Civ. A. No. H-12-0471, 2012 WL 5456172, at *2 (S.D. Tex. Nov. 7, 2012) (Rosenthal, J.) ("[C]ounsel's failure to calendar the deadline . . . is not excusable neglect.").

3. Mr. Smith's motion appears to suggest there was something improper about Merck requesting summary judgment after his counsel had previously stated to Merck that she intended to request an extension. Mr. Smith's counsel had indicated on July 10 that she intended to move for an extension of time within the next two days, by Friday, July 12. Having heard nothing more a week later, Merck moved for summary judgment on July 17—its own deadline to designate experts and serve expert reports—explaining the series of events that led to the motion, including Mr. Smith's counsel's statement that she intended to move for an extension of the expert deadline. *See* Rec. Doc. 64490, at 1. Merck hardly hid the ball.[2]

4. Nevertheless, Merck recognizes that the Court has the discretion to excuse a party's failure timely to designate an expert witness, particularly when expert testimony is "essential" to a party's case. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 & n.2 (5th Cir. 2007). If the Court is inclined to grant Mr. Smith's request for an extension, Merck respectfully suggests that Mr. Smith's deadline to designate expert witnesses and serve Rule 26(a)(2) reports be set for August 9, 2013, with Merck's deadline for the same falling on September 6, 2013. Merck further suggests that the Court order the parties to meet and confer and propose a joint proposed schedule for the remaining deadlines in the case within 14 days of the Court's order.

---

[2] Merck did not refer to the damages reports sent by Mr. Smith's counsel in its motion for summary judgment because it did not wish to discuss documents presented to Merck in the context of settlement negotiations. Merck's motion was consistent with Mr. Smith's presentation of draft ***damages*** reports, however. *See* Rec. Doc. 64493, at 5. To date, Mr. Smith has not served a ***causation*** report, final or draft, on Merck's counsel, other than the *Lone Pine* report served in 2009. *See* Rec. Doc. 64490, at 4.

Dated:  July 22, 2013                                      Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
   Phillip A. Wittmann, 13625
   Dorothy H. Wimberly, 18509
   STONE PIGMAN WALTHER
   WITTMANN L.L.C.
   546 Carondelet Street
   New Orleans, Louisiana 70130
   Phone: 504-581-3200
   Fax:    504-581-3361

   Defendants' Liaison Counsel

    —and—

   Douglas R. Marvin
   M. Elaine Horn
   Jonathan L. Williams
   WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
   Washington, D.C. 20005
   Phone: 202-434-5000
   Fax:    202-434-5029

   Attorneys for Merck Sharp & Dohme Corp.

4

1133045v1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Response to Plaintiff's Motion for Extension of Time of Deadlines Under PTO 58 (and Subsequent Extended Deadlines) has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of July, 2013.

                                                   /s/ Dorothy H. Wimberly
                                                 Dorothy H. Wimberly, 18509
                                                 STONE PIGMAN WALTHER
                                                 WITTMANN L.L.C.
                                                 546 Carondelet Street
                                                 New Orleans, Louisiana  70130
                                                 Phone:  504-581-3200
                                                 Fax:     504-581-3361
                                                 dwimberly@stonepigman.com

                                                 Defendants' Liaison Counsel

1133045v1