UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | *<br>*<br>*<br>*<br>*<br>* | MDL DOCKET NO. 1657<br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE KNOWLES |
| **THIS DOCUMENT RELATES TO:** | *<br>* | |
| *Rosemary Holobosky, et al. v. Merck Sharp & Dohme Corp.*, **2:05-cv-01091-EEF-DEK**<br>**(Plaintiffs AnnMarie and Joseph Mannino)** | *<br>*<br>*<br>* | |

****************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S L.R. 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to L.R. 56.1, Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1.   AnnMarie Mannino and her husband, Joseph, are residents of Staten Island, New York. On March 29, 2004, Ms. Mannino's face began to feel numb, and she felt disoriented. The next day, her doctor, Ernest Visconti, told her to go to Staten Island University Hospital after finding that her blood pressure was "very, very high." Mannino Dep. 67:3–13 (attached hereto as Ex. A). Ms. Mannino was ultimately diagnosed with a transient ischemic attack ("TIA") by her children's neurologist, Dr. Idan Sharon.

2.   At the time of her TIA diagnosis, Ms. Mannino had a long history of hypertension. She was taking an antihypertensive medication, Toprol XL, as early as April 1999, nearly five years before she took Vioxx. See April 20, 1999 Patient Progress Notes

1133773v1

(attached hereto as Ex. B).  But, at the time of her event, Ms. Mannino had stopped seeing her cardiologist, Dr. Andrew Warchol, and stopped taking her antihypertensive medications.  April 8, 2004 Ltr. of Dr. Andrew J. Warchol (attached hereto as Ex. C).  Following her visit to the hospital, she was directed to resume taking antihypertensive medications.

       3.      Ms. Mannino has a genetic mutation, C677T, associated with elevated homocystine levels; a history of hyperlipidemia; and of difficulty managing her weight.  *See* Ex. D (Collected Medical Records).  All of these characteristics are considered TIA risk factors.  *See* Ex. E (Mayo Clinic Transient Ischemic Attack Information).

       4.      She had received only a single prescription for Vioxx, from Dr. Ernest Visconti, for 10 Vioxx pills.  She filled that prescription on February 4, 2004, nearly two months before her TIA.  Ms. Mannino does not recall whether she took Vioxx the day she went to the hospital, or even within the week before.  Mannino Dep. 60:6–20.  Nor does she know how many samples she received, or ingested.  Mannino Dep. 53:18–20.  All she could state with certainty was that she had not completed her prescription—one pill remained—and she never took Vioxx after her TIA.  Mannino Dep. 58:11–13, 60:21-61:3.

       5.      Ms. Mannino experienced symptoms similar to her 2004 TIA even years after she stopped taking Vioxx.  A March 13, 2006 note from Dr. Sharon indicates that Ms. Mannino experienced tingling in her left shoulder after a five-minute headache.  March 13, 2006 Note of Dr. Idan Sharon (attached hereto as Ex. G).  As in 2004, Ms. Mannino was not taking her antihypertensive medication.  Ms. Mannino reported to another doctor, Dr. Ashton, that she had been unable to take her medications for the last two weeks due to a delivery problem.  March 11, 2006 Staten Island Family Practice Associates Record (attached hereto as Ex. H).  Ms. Mannino

also testified that she had experienced another event with similar symptoms in the Fall of 2012, eight years after the TIA she claims Vioxx caused.  Mannino Dep. 49:23.

6. The Manninos sued Merck on November 28, 2004.  All of their claims depend on their claim that Vioxx caused Ms. Mannino's TIA.  Compl.; Pl. Profile Form § I(C)(1) (a), (b) (attached hereto as Ex. I).

                                                       Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

    Defendants' Liaison Counsel

     —and—

    Douglas R. Marvin
    M. Elaine Horn
    Jonathan L. Williams
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

    Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Statement of Material Facts As to Which There Is No Dispute has been served on AnnMarie Mannino and Joseph Mannino by Federal Express at the following address:

>64 Columbus Ave.
>Staten Island, NY 10304

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of July, 2013.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel

1133773v1