```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
                            NEW ORLEANS

IN RE:  VIOXX PRODUCTS          :   MDL DOCKET NO. 1657
LIABILITY LITIGATION            :   SECTION "L"
                                :
                                :   New Orleans, Louisiana
                                :   April 23, 2013
: : : : : : : : : : : : : : :       9:00 a.m.

                    MONTHLY STATUS CONFERENCE
             TAKEN BEFORE THE HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:       Herman, Herman & Katz, L.L.C.
                          BY:
                               LEONARD A. DAVIS
                          820 O'Keefe Avenue
                          New Orleans, Louisiana  70113
                          (504)  581-4892

                          Oldfather Law Firm
                          BY:  ANN B. OLDFATHER
                          1330 South Third Street
                          Louisville, Kentucky  40208
                          (502)  637-7200

                          Gainsberg, Benjamin, David, Meunier &
                          Warshauer, L.L.C.
                          BY:  GERALD E. MEUNIER
                          2800 Energy Centre
                          1100 Poydras Street
                          New Orleans, Louisiana  70163
                          (504)  521-7643

For Merck:                Skadden Arps
                          BY:  JOHN H. BEISNER
                          1440 N.Y. Avenue NW
                          Washington, DC  20005

                          Williams, Connolly, LLP
                          BY:  DOUGLAS MARVIN
                          725 12th Street NW
                          Washington, DC  20005
```

```
APPEARANCES (Continued)

                        Stone Pigman Walther Wittmann L.L.C.
                        BY:  DOROTHY H. WIMBERLY
                        546 Carondelet Street
                        New Orleans, Louisiana  70130
                        (504)  581-3200

For Alaska and Montana: Hare, Wynn, Newell & Newton, LLP
                        BY:  DON McKENNA
                             BRIAN VINES
                        2025 3rd Avenue North, Suite 800
                        Birmingham, Alabama  35203
                        (205)  328-5330



Reported By:            Arlene Movahed, CCR
                        OFFICIAL COURT REPORTER
                        500 Poydras Street, Room 406
                        New Orleans, Louisiana  70130
                        (504)  589-7777

    Proceedings recorded by mechanical stenography;
transcript produced by dictation.
```

```
 1                    P R O C E E D I N G S
 2                       MORNING SESSION
 3                       (April 23, 2013)
 4       (The following is a transcript of the Status Conference
 5   taken on April 23, 2013.)
 6       (Open court.)
 7            THE COURT:   Be seated, please.  Good morning, ladies
 8   and gentlemen.  Call the case, please.
 9            THE CLERK:   MDL No. 1657, In Re:  Vioxx Products
10   Liability Litigation.
11            THE COURT:   Counsel make their appearance for the
12   record.  Liaison.
13            MR. DAVIS:   Good morning, Your Honor.  Leonard Davis
14   from the Law Firm of Herman, Herman, Katz on behalf of my
15   partner, Russ Herman, Plaintiffs' Liaison Counsel.
16            MR. MARVIN:   Good morning, Your Honor.  Douglas
17   Marvin representing Merck.
18            THE COURT:   This is our every two month conference.
19   Now we're down to two months and we only have about half a
20   dozen or a dozen people and some on the phone.  We have got a
21   couple of issues to discuss today.  I met with Liaison Counsel
22   in a meeting a moment ago and I have a Joint Report No. 76.
23   Anything on class actions?
24            MR. MARVIN:   No new developments, Your Honor.
25            THE COURT:   What's the development on government
```

1  actions?

2          MR. DAVIS:   Your Honor, Mr. Juneau is here with
3  respect to that.  Also, I mean, there are a couple of things
4  that are going on.  Number one, the discovery is ongoing and
5  the parties continue to speak regarding your February order and
6  other discovery matters.  And if Mr. Juneau has anything to
7  add.

8          THE COURT:   Anything on the discussions?

9          MR. JUNEAU:   Yes, Your Honor.  The matter which was
10 referred to me as Special Master had to do with the dispute
11 regarding the Third Party Payor claims amongst lawyers.  I have
12 activated, as a matter of fact, the meeting, or conference call
13 to be held tomorrow.  I am going to receive the input from both
14 sides in so far as the protocol.  I am trying to put this on a
15 fast track so this matter can be addressed, but we will come up
16 with a protocol and immediately thereafter activate whatever
17 filings they have got to make to me so that I can be in a
18 position to evaluate the matter and report to the Court.

19         THE COURT:   That's the Third Party Payor matters.
20 The government actions, I know there have been some issues with
21 discovery and I understand that the parties have either worked
22 that out or are working that out.  Do you want to say anything
23 about that?

24         MR. MCKENNA:   Yes, Your Honor.  Don McKenna with
25 Hare, Wynn for Alaska, Montana.

```
 1         For those two states, we have reached an agreement
 2  with Merck on the production of the FACTs database and then we
 3  are going to take the FACTs database and try to further whittle
 4  down the custodial files.  We're working with Merck
 5  understanding that we need those documents to take depositions
 6  on a potential extension of the FACTs discovery deadline
 7  without impeding the other deadlines.
 8         THE COURT:  As I was saying, Don, I would like to, if
 9  I could, facilitate the parties, meaning both sides, with the
10  discovery.  But we're getting to the point now where the
11  discovery is nearing an end and the motions that I can deal
12  with, I will have to deal with and then send the cases for
13  trial.
14         I kept everybody here because I really do think that a
15  lot has been accomplished, many of the states have been able to
16  resolve the matter and it can be done in this area a little bit
17  better, a little easier. And also with discovery, if you join
18  together it's an easier way than going by yourself on it.  But
19  we're getting to the point where I will have done as much as I
20  can for the parties and you will have to go on your own soon.
21         MR. MCKENNA:  Yes, Your Honor, we appreciate your
22  help and cooperation in that regard.
23         THE COURT:  And with regard to the Third Party
24  Payors, as Mr. Juneau was mentioning, there's an issue of fee
25  dispute.  And what I do with that, as many of you know, I,
```

1  first of all, appoint an Allocation Committee comprised of the
2  people who have done the work in that area of the litigation
3  and they either invite comment from the parties who are
4  requesting a fee, deal with any discovery that they need, any
5  interviews that are necessary, and then they make a
6  recommendation.  I post the recommendation, get input from the
7  people involved.
8          If the objections can't be worked out, then I appoint
9  a Special Master so that I can get the view of someone who is
10 not involved in the case and will not benefit from it and
11 that's where we are at this stage.
12         And then when I get the Allocation Committee's
13 recommendation, Special Master's recommendation, I meet with
14 the accountant, Phil Garrett in this case, and then I take all
15 of that into consideration and bring into focus my own
16 experience with the litigation and with the work being done and
17 then I make a ruling dealing with it.  That's where we are at
18 this point.
19         The next item on the agenda is the pending personal
20 injury cases subject to 28, 29 and 43.
21         MR. DAVIS:  Ms. Oldfather will deal with it.
22         MS. OLDFATHER:  Thank you, Your Honor.  Good morning
23 to the Court and counsel.
24         We have circulated the updated Vioxx case census
25 report and there are 37 personal injury cases remaining.  Three

 1   of those are heart attack cases, four are stroke cases, 29 are
 2   VTE, Venous Thromboembolism cases.  And one is in the other
 3   injury category and that would be Mr. Harrison with the bone
 4   injury issue.
 5              On April 9th, the Court issued a ruling regarding the
 6   Daubert challenges that Merck had made to plaintiffs' causation
 7   experts on the general causation issue for the VTE cases and
 8   the Court overruled the Daubert motions made by Merck.
 9              The plaintiffs had also issued Daubert challenges as
10   to two of Merck's experts and the Court overruled those motions
11   also.
12              So we are at the point where it's appropriate to
13   develop a trial plan for the resolution of these 29 cases.  Mr.
14   Marvin and I have had some preliminary efforts at discussion
15   over the last week and it's my understanding that the Court
16   would like to address that topic with us following this
17   conference.
18              THE COURT:  Yes.  The heart attack and stroke cases
19   might be easier if you can focus on that and see whether or not
20   they can be resolved.  The VTE cases might present more of a
21   challenge.  But those particular cases, first of all, I think
22   the parties have to decide whether I have jurisdiction over
23   these cases for trial.  I don't think any of them have been
24   filed here so I would have to have the parties enter into some
25   kind of stipulation or agreement in view of Lexicon.

1          But assuming that can be done, then there are three
2   ways of doing it. I have done them all.  The bellwether
3   approach, which has been used in this litigation successfully
4   in the past, but that is only advantageous to give the parties
5   some input as to the cost involved, the method of trying the
6   cases, what the jury's view is of this type of litigation and
7   so forth.  We can do summary trials, if that's possible.  That
8   also gives more information.  The other approach is just to try
9   them.
10         And with this number they would probably lend
11  themselves to grouping.  We would have to kind of think about
12  how to group them.  When you're grouping cases, it's best if
13  you have got some similarity in the cases that you group.  I
14  would look to the parties, if we go that route, for some
15  guidance on how many could be done, three to four generally is
16  doable.  And that may take some discussion as to how we go
17  about that.  But it can be done so I think the first step would
18  be for the parties to at least think about it and then for us
19  to meet and talk about it.  But I will meet further at the end
20  of this hearing and talk a little bit more with you all.
21         MS. OLDFATHER:   And, Your Honor, I believe the other
22  items are all on track or are pending for submission to the
23  Court.
24         THE COURT:   Okay.
25         MS. OLDFATHER:   Thank you.

```
 1          THE COURT:   I know we have a notice of appeals.
 2 Anything on the appeals?
 3          MR. BEISNER:   No.
 4          THE COURT:   There have been some appeals filed.  I
 5 know I have received some opinions from the Fifth Circuit
 6 dismissing the ones that I have seen.
 7          Anything else or any other pending motions or matters
 8 that we need to talk about?
 9          MR. DAVIS:   That's it, Your Honor.
10          THE COURT:   Our next status conference then is June
11 25th.  Folks, we're getting down to the nitty gritty here.  The
12 stalwarts are showing up, but we don't have that many cases
13 left in this litigation.  It's been able to be handled up until
14 this point.  Thank you very much.  Count stands in recess.
15      (End of proceedings.)
16
17
18
19
20
21
22
23
24
25
```

**REPORTER'S CERTIFICATE**

    I, Arlene Movahed, Official Court Reporter, for the United States District Court for the Eastern District of Louisiana, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of proceedings had in the within-entitled and numbered cause on the date herein before set forth and I do further certify that the foregoing transcript has been prepared by me or under my direction.

                                              <u>s/   Arlene Movahed</u>
                                              ARLENE MOVAHED, CCR
                                              Official Court Reporter
                                              United States District Court
                                              Eastern District of Louisiana