IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on behalf of a proposed class of those similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**MERCK'S OPPOSITION TO JAMES RATLIFF'S
PROPOSED CHANGES TO PROPOSED CLASS NOTICE**

Mr. Ratliff's counsel has asked the Court to insert new language in the class settlement notice materials that were already agreed to by Merck and the PSC. Specifically, Mr. Ratliff seeks to include several sentences in the notice materials that essentially urge Kentucky residents to opt out so they can "participate in the Kentucky class action that may be proceeding in Kentucky state court." (*See* Proposed Changes, Ex. A.) Mr. Ratliff thus seeks to have Merck pay for a notice plan that would encourage Kentucky residents to abandon the agreement Merck reached with MDL plaintiffs' counsel. Merck cannot agree to this language. When Merck negotiated the MDL settlement agreement with the PSC, the underlying premise of those negotiations was that the PSC represented all classes of purchasers remaining nationwide, including purchasers in Kentucky. In other words, Merck believed it was entering into a global settlement that would resolve all of the remaining Vioxx consumer class actions – not one that would encourage continued, parallel litigation. If the Court agrees that the terms of the

1134116v1

settlement and the notice materials are fair to consumers (and they are), the Court should approve the settlement as is. It would be highly inappropriate to approve a settlement as fair, while simultaneously requiring the parties to encourage class members to reject it. This is particularly so because the language Mr. Ratliff proposes is misleading and would confuse Kentucky consumers.

## ARGUMENT

The Court should reject Mr. Ratliff's proposed changes to the notice materials for two reasons.

*First*, Mr. Ratliff's proposed insert is fundamentally inconsistent with the agreement reached by the parties. Merck entered into the proposed settlement agreement in good faith, understanding that the settlement would extinguish **all** consumer-fraud claims nationwide that were not already subject to the settlement reached in *Plubell*. The proposed class notice materials submitted by the PSC are consistent with this agreement. By contrast, Mr. Ratliff's suggested language would encourage Kentucky residents to opt out of the settlement and pursue separate litigation in state court. Merck would never have agreed to a settlement that encouraged parallel litigation in Kentucky – and cannot be required to do so. At this point, the Court has the option of approving the settlement or rejecting it, but "it is not the role of the district court to modify the terms of the agreement . . . which is a result of very extensive negotiations by the parties." *Skelton v. Gen. Motors Corp.*, Nos. 79 C 1243, 80 C 2151 (Consolidated), 1987 U.S. Dist. LEXIS 795, at *1-2, *7 (N.D. Ill. Feb. 3, 1987) (rejecting the imposition of additional notice requirements on defendant where they were not included in the settlement agreement); *see also Klier v. Elf Atochem N. Am., In*c., 658 F.3d 468, 475 (5th Cir. 2011) ("Because a district court's authority to administer a class-action settlement derives from Rule 23, the court cannot

1134116v1

modify the bargained-for terms of the settlement agreement."); *Fox v. Massey-Ferguson Inc.*, No. 93-74615, 2009 WL 5166207, at *4 (E.D. Mich. Dec. 18, 2009) ("a material modification of the parties' contract can only be accomplished through a negotiated agreement between the parties that is approved by the Court"); *In re Black Farmers Discrimination Litig.*, No. 08-0511 (PLF), 2013 WL 3155598, at *4 (D.D.C. June 21, 2013) (refusing to change claims resolution process; "Because the plaintiffs are seeking to alter terms that were bargained for by the parties and inscribed in the Settlement Agreement, in the absence of significantly changed circumstances, their motion cannot be granted without the consent of the defendant.").

Mr. Ratliff's request that the Court require the parties to include language in their agreement encouraging Kentucky residents to flee from the MDL settlement is particularly inappropriate because it is precisely the antithesis of the steps MDL courts – including this one – have typically taken to **protect** MDL class settlements from competing state-court cases. Most notably, this Court stayed related state-court proceedings to aid its jurisdiction over a preliminarily approved class action settlement in the *Chinese-Manufactured Drywall* litigation. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 U.S. Dist. LEXIS 62222 (E.D. La. June 9, 2011) (preliminarily approving the settlement agreement and staying related state-court proceedings under the All Writs Act). A long line of other courts have done the same. *See, e.g.*, *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 U.S. Dist. LEXIS 149738, at *34-35 (D. Minn. Oct. 18, 2012) ("the Court hereby orders that any actions or proceedings pending in any court in the United States involving F1807 Fittings . . . are stayed pending the final fairness hearing and the issuance of a final order and judgment"); *In re Skechers Toning Shoe Prods. Liab. Litig.*, No. MDL 2308, 2012 U.S. Dist. LEXIS 113641, at *36 (W.D. Ky. Aug. 13, 2012) (enjoining parallel state-court proceedings

1134116v1

upon preliminarily approving nationwide class action settlement in MDL proceeding).  By contrast, Merck is not aware of a single MDL proceeding in which the Court sent out notice materials that promoted a competing class action, particularly one that may never offer potential class members any relief.

*Second*, the language in Mr. Ratliff's proposed insert is misleading because it essentially urges Kentucky residents to exclude themselves from the MDL class without explaining four critical considerations:  (1) the proposed Kentucky class is narrower than the federal court class, and many Kentucky Vioxx consumers would not be eligible to participate in it;[1] (2) Kentucky residents who opt out may end up empty-handed because they will lose the opportunity to participate in the MDL settlement, and there is no guarantee that they will prevail in a state-court trial; (3) even if class certification were reinstated and the case proceeded to trial, and even if Mr. Ratliff were to prevail despite the weakness of his own claims, it would be years before the Kentucky residents ever received any money; and (4) this Court has the authority to shut down the Kentucky case because it interferes with the federal court settlement.

In short, Mr. Ratliff's proposed insert would defeat the primary purpose of the Class Notice, which is to "convey[] the information absent class members need to decide whether to opt out and the opportunity to do so."  Manual for Complex Litigation (4th) § 21.311 (citing 7B Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d §§ 1789, 1793).  Instead, it provides Kentucky class members with distorted information that could well encourage them to make the wrong decision.

---

[1] Mr. Ratliff's proposed class is limited to those Vioxx purchasers who claim to have sought a medical consultation related to Vioxx after its withdrawal – or intend to do so in the future.  *See* Am. Compl. ¶ 3, *Ratliff v. Merck & Co.*, No. 04-CI-01493, Pike Circuit Court (attached as Ex. 1); Am. Order Certifying Class Action at 6, Jan. 27, 2011) (attached as Ex. 2) (defining class as "all Kentucky residents who have purchased and taken Vioxx and who, upon the recommendation and advice of the FDA and Merck, have or will contact their physicians to seek advice regarding their use of Vioxx").  By contrast, the federal settlement class includes ***all*** qualified Kentucky Vioxx users, regardless of whether they sought or will seek a post-withdrawal medical consultation.

## CONCLUSION

For the foregoing reasons, the Court should reject Mr. Ratliff's proposed changes to the Class Notice materials.

Dated:  August 1, 2013

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1134116v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of August, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1134116v1