IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on<br>behalf of a proposed class of those<br>similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

### PLAINTIFFS' OPPOSITION TO JAMES RATLIFF'S
### PROPOSED CHANGES TO PROPOSED CLASS NOTICE

Plaintiffs file this Opposition to James Ratliff's Proposed Changes to Proposed Class Notice [Rec. Doc. 64513].  Mr. Ratliff seeks to include several sentences in the notice materials submitted in Plaintiffs' Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64487], which would urge Kentucky residents to opt out so they can "participate in the Kentucky class action that may be proceeding in Kentucky state court." (*See* Proposed Changes, Ex. A.)  The Settlement Agreement negotiated with Merck contemplates a class of purchasers nationwide, including purchasers in Kentucky, thus is a global settlement that would resolve all of the remaining Vioxx consumer class actions.  Plaintiffs suggest that the terms of the settlement and the notice materials are fair to all consumers and the Court should approve the settlement as was submitted in Plaintiffs' Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64487]. There is no basis for the Court to issue the Notice as amended and suggested by interested party James Ratliff, which encourages class members to reject the Class Settlement proposed in

Plaintiffs' Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64487]. Any changes proposed by James Ratliff would be misleading and would confuse Kentucky consumers.

## ARGUMENT

The Court should reject Mr. Ratliff's proposed changes to the notice materials for several reasons.

Plaintiffs agree with Merck that Mr. Ratliff's proposed insert is fundamentally inconsistent with the agreement reached by the parties. Plaintiffs entered into the proposed settlement agreement after participating in arms-length negotiations with Merck with the understanding that the settlement would encompass ***all*** consumer-fraud claims nationwide that were not already subject to the settlement reached in *Plubell*. The proposed class notice materials submitted by the PSC in Plaintiffs' Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64487] is consistent with this agreement. By contrast, Mr. Ratliff's suggested language would encourage Kentucky residents to opt out of the settlement and pursue separate litigation in state court.

Mr. Ratliff's request would encourage Kentucky residents to flee from the MDL settlement. Such action would potentially destroy the settlement reached with Merck and would result in competing state-court cases that could confuse claimants. The MDL settlement proposed by Plaintiffs encompasses a nationwide class.

The language in Mr. Ratliff's proposed insert is misleading. Mr. Ratliff would urge Kentucky residents to exclude themselves from the MDL class and would create confusion. Essentially, the changes requested by Mr. Ratliff would defeat the primary purpose of the Class Notice, which is to "convey[] the information absent class members need to decide whether to

opt out and the opportunity to do so." Manual for Complex Litigation (4th) § 21.311 (citing 7B Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d §§ 1789, 1793) and would create havoc for Kentucky Class Members who would end up having confusing and distorted information.

On August 1, 2013, Plaintiffs' counsel provided communication to the Court, copy attached as Exhibit "1", setting forth Plaintiffs' position and basis why the proposed Notice Plan suggested by Plaintiffs should be implemented now so that additional delays do not occur. Plaintiffs adopt and incorporates Exhibit "1" herein.

## CONCLUSION

For the foregoing reasons, the Court should reject Mr. Ratliff's proposed changes to the Class Notice materials.

Respectfully submitted,

Dated: August 1, 2013

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 1657 and*
*Co-Lead Class Settlement Counsel*

Elizabeth J. Cabraser, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN, L.L.P.
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
*Co-Lead Class Settlement Counsel*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, and on Richard Getty (counsel for James Ratliff) by U.S. mail and/or e-mail or by hand delivery and/or e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 1st day of August, 2013.

    /s/ *Leonard A. Davis*
    Leonard A. Davis