# EXHIBIT "1"



820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Jeremy S. Epstein[1]
Aaron Z. Ahlquist[3]
Craig M. Robinson
Carl A. Woods
Adam H. Weintraub[4]
Mikalia M. Kott[5]
Donald A. Mau
C. Bowman Fetzer, Jr.
Danielle Treadaway Hufft

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, MD, JD

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in New Jersey
& Pennsylvania
[5] Also Admitted in Colorado

August 1, 2013

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

   **Re:** ***In Re: Vioxx Products Liability Litigation***
      **MDL 1657**

Dear Judge Fallon:

   As the Court is aware Class Counsel and the PSC have participated in arm's length negotiations with Merck regarding the proposed class settlement and class notice for consumer claims. The notice seeks to encompass all consumers in all states including Kentucky.

   On July 24, 2013 the Court entered a Minute Entry [Rec. Doc. 64511] following the hearing involving the proposed class preliminary approval which directed counsel for the movants and counsel for James Ratliff to meet and confer "to set dates within the proposed order. (Rec. Doc. 64487-1)". The Court further ordered that if unable to agree counsel was instructed to submit dates individually for the Court to make a determination.

   Immediately following the hearing counsel for movants attempted to reach counsel for James Ratliff, but to no avail. Without any advance notice to movants, counsel for Mr. Ratliff filed on July 26, 2013 a Notice of Filing of Interested Party James Ratliff's Proposed Changes to Proposed Class Notice [Rec. Doc. 64513]. The parties have not spoken and confered but have exchanged emails (See Exhibit A). In light of the Court's scheduling and the desire to proceed movant submits its response to Mr. Ratliff and movant's proposal for class notice

   Attached as Exhibit B is a copy of movant's proposed consumer notice and attached as Exhibit C is the proposed preliminary approval order with dates inserted that are suggested by Kinsella who is assisting in providing notice. The date for the final approval hearing in December 2013 has been left blank for the Court to fill in.

   Movant is concerned that additional delays may impact the proposed notice plan. If the Court

August 1, 2013
Hon. Eldon E. Fallon
PAGE 2


approves a notice the dates set forth in the original submission by movants can still be good.  Delays
in issuing the notice plan will cause additional delays and therefore movant requests that the Court
approve the form and contents of a notice so that the notice can be disseminated and dates and
procedures for a fairness hearing can be put in place.

Sincerely,

RUSS M. HERMAN

RMH:kad
Enclosures
cc:      Richard Getty
         Doug Marvin
         John Beisner
         Dawn Barrios
         Chris Seeger
         Andy Birchfield
         Leonard Davis

# EXHIBIT A

## Joyce Romano

| | |
|---|---|
| **From:** | Russ Herman |
| **Sent:** | Thursday, August 01, 2013 11:47 AM |
| **To:** | Jessica Case |
| **Cc:** | Cabraser, Elizabeth J.; Dawn Barrios; Richard Getty; Douglas Marvin; Lenny Davis; Andy D. Birchfield Jr. (PSC); Christopher Seeger (PSC); Joyce Romano |
| **Subject:** | Re: Vioxx Consumer Preliminary Approval Order |

At this juncture I feel necessary to Reply to the implied and a stated threat in your last communication. Frankly we have provided Richard every professional courtesy for many months and do not treat any matters entrusted to us in a"cavalier " manner . Take whatever action you feel warranted and we will respond in a factual and professional manner . Because of the tone  and content of your last communication I am requesting co-class counsel ,the PSC and State Liaison to have no further communication until such time as mr Getty responds directly to Elizabeth And Me . Yours truly Russ Herman

Sent from my iPhone

On Aug 1, 2013, at 11:32 AM, "Jessica Case" <jcase@gettylawgroup.com> wrote:

> Once again, I refer you to the Court's Order [DE 64511] and his statement at the end of the hearing on the 24[th]. In response to Ms. Cabraser's comment at the end of the hearing to the effect of "We'd like to be able to fill in dates for the proposed order and resubmit that to you. They need to go into the notice as well," Judge Fallon stated: "Why don't you do that. And meet with Richard, Elizabeth, and get his input. See if there is such a notice that can be fashioned that satisfies his concern about confusion." Absolutely no attempt has been made on your part to meet or confer with us about any of the concerns raised in the July 24[th] hearing. We fully intend to share your cavalier rejection of our good faith attempts to confer with the Judge in the event you move forward in this manner.

> *****Please note new firm name and e-mail address*****

> Jessica K. Case, Of Counsel
> THE GETTY LAW GROUP, PLLC
> 1900 Lexington Financial Center
> 250 West Main Street
> Lexington, Kentucky 40507
> Telephone: (859) 259-1900, Ext. 36
> Facsimile: (859) 259-1909
> jcase@gettylawgroup.com

> This electronic message transmission contains information from The Getty Law Group, PLLC, which may be confidential or privileged. The information is intended to be for the use of the individual or entity addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by reply email or by calling (859) 259-1900.

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Thursday, August 01, 2013 12:28 PM
**To:** Jessica Case

**Cc:** Cabraser, Elizabeth J.; Richard Getty; Kate Danahay; dmarvin@wc.com; Dawn Barrios; Lenny Davis
**Subject:** Re: Vioxx Consumer Preliminary Approval Order

Too bad !! We have schedules also and have been at a settlement process which benefits the class we represent for more than 18 months . We will not accept any further delays. We intend to ask the Court to move forward with dates proposed by notice expert this week Regards Russ Herman

Sent from my iPhone

On Aug 1, 2013, at 10:35 AM, "Jessica Case" <jcase@gettylawgroup.com> wrote:

> Elizabeth – The Court specifically directed the parties via written Order to meet and confer re: dates. I am sorry, but Richard's schedule does not permit responding to you immediately. Please let us know when you will be available for a telephone conference tomorrow to discuss. Thank you.
> Jessica
>
> ***Please note new firm name and e-mail address***
>
> Jessica K. Case, Of Counsel
> THE GETTY LAW GROUP, PLLC
> 1900 Lexington Financial Center
> 250 West Main Street
> Lexington, Kentucky 40507
> Telephone: (859) 259-1900, Ext. 36
> Facsimile: (859) 259-1909
> jcase@gettylawgroup.com
>
> This electronic message transmission contains information from The Getty Law Group, PLLC, which may be confidential or privileged. The information is intended to be for the use of the individual or entity addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by reply email or by calling (859) 259-1900.

---

> **From:** Cabraser, Elizabeth J. [mailto:ECABRASER@lchb.com]
> **Sent:** Thursday, August 01, 2013 11:29 AM
> **To:** Jessica Case; Richard Getty; kdanahay@hhklawfirm.com; dmarvin@wc.com; Dawn Barrios; Russ Herman
> **Subject:** RE: Vioxx Consumer Preliminary Approval Order
>
> Richard/Jessica-
> If you are proposing different dates, please send us these for consideration. The dates we propose are consistent with the schedule we described to the Court at the hearing. We wish to submit to the Court this week to avoid further delay in the settlement approval process.
> Thanks
>
> <image001.gif>     **Elizabeth J. Cabraser**
>                     ecabraser@lchb.com
>                     t 415.956.1000
>                     m 415.806.2100
>                     f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

**From:** Jessica Case [mailto:jcase@gettylawgroup.com]
**Sent:** Thursday, August 01, 2013 11:20 AM
**To:** Richard Getty; kdanahay@hhklawfirm.com; dmarvin@wc.com; Dawn Barrios;
Cabraser, Elizabeth J.; Russ Herman
**Subject:** RE: Vioxx Consumer Preliminary Approval Order

Richard is in deposition, but I wanted to respond to say that we received the attachment
and are reviewing re: dates. I should note that the Court's July 24th order directed the
parties to "meet and confer to set dates within the proposed order." Please let us know
whether you are available tomorrow or early next week for a conference call during
which we can discuss the proposed dates.
Best,
Jessica

*****Please note new firm name and e-mail address*****

Jessica K. Case, Of Counsel
THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900, Ext. 36
Facsimile: (859) 259-1909
jcase@gettylawgroup.com

This electronic message transmission contains information from The Getty Law Group, PLLC,
which may be confidential or privileged. The information is intended to be for the use of the
individual or entity addressee named above. If you are not the intended recipient, be aware that
any disclosure, copying, distribution or use of the contents of this information is prohibited. If you
have received this electronic transmission in error, please notify us by reply email or by calling
(859) 259-1900.

**From:** Richard Getty
**Sent:** Wednesday, July 31, 2013 5:40 PM
**To:** Jessica Case
**Subject:** FW: Vioxx Consumer Preliminary Approval Order

**From:** Kate Danahay [mailto:kdanahay@hhklawfirm.com]
**Sent:** Wednesday, July 31, 2013 5:27 PM
**To:** Richard Getty
**Cc:** Lenny Davis; Russ Herman; DMarvin@wc.com; Dawn Barrios (barrios@bkc-law.com)
(barrios@bkc-law.com); Lillian Flemming
**Subject:** Vioxx Consumer Preliminary Approval Order

FROM LEONARD A. DAVIS:

3

Attached is a Preliminary Approval Order with revised dates inserted that have been provided by Kinsella who will be assisting with notice. The date of the final approval hearing is to be set by the court. Just wanted you to be aware of this.

**Kate Danahay**
Legal Assistant to Leonard A. Davis,
Jeremy S. Epstein and Adam H. Weintraub
Herman, Herman & Katz, LLC
Herman Gerel, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024 (fax)
kdanahay@hhklawfirm.com
www.hhklawfirm.com

**PLEASE NOTE THAT MY E-MAIL ADDRESS HAS CHANGED. PLEASE UPDATE YOUR CONTACT INFORMATION ACCORDINGLY.**

# CONFIDENTIAL ATTORNEY WORK PRODUCT

This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

 Please consider the environment before printing this e-mail

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee. Please do not read, copy, or
disseminate it unless
you are the addressee. If you have received it in error, please
call us
(collect) immediately at (504) 581-4892 and ask to speak with the
message
sender. Also, we would appreciate your forwarding the message
back to us and
deleting it from your system. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee. Please do not read, copy, or disseminate it unless
you are the addressee. If you have received it in error, please call us

(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

## Russ Herman

| | |
|---|---|
| **From:** | Russ Herman |
| **Sent:** | Thursday, August 01, 2013 11:38 AM |
| **To:** | Jessica Case |
| **Cc:** | Cabraser, Elizabeth J.; Dawn Barrios; Richard Getty; Douglas Marvin; Lenny Davis; Joyce Romano; Andy D. Birchfield Jr. (PSC); Christopher Seeger (PSC) |
| **Subject:** | Re: Vioxx Consumer Preliminary Approval Order |

YES THE COURT DIRECTED RICHARD TO MEET WITH ELIZABETH. HE IGNORED THE SUGGESTION AND INSTEAD FILED A SUBSTITUTE NOTICE ! Unfortunately we can no longer accept this pattern of delay and will move forward Yours Truly Russ Herman

Sent from my iPhone

On Aug 1, 2013, at 11:32 AM, "Jessica Case" <jcase@gettylawgroup.com> wrote:

> Once again, I refer you to the Court's Order [DE 64511] and his statement at the end of the hearing on the 24th. In response to Ms. Cabraser's comment at the end of the hearing to the effect of "We'd like to be able to fill in dates for the proposed order and resubmit that to you. They need to go into the notice as well," Judge Fallon stated: "Why don't you do that. And meet with Richard, Elizabeth, and get his input. See if there is such a notice that can be fashioned that satisfies his concern about confusion." Absolutely no attempt has been made on your part to meet or confer with us about any of the concerns raised in the July 24th hearing. We fully intend to share your cavalier rejection of our good faith attempts to confer with the Judge in the event you move forward in this manner.

***Please note new firm name and e-mail address***

Jessica K. Case, Of Counsel
THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900, Ext. 36
Facsimile: (859) 259-1909
jcase@gettylawgroup.com

This electronic message transmission contains information from The Getty Law Group, PLLC, which may be confidential or privileged. The information is intended to be for the use of the individual or entity addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by reply email or by calling (859) 259-1900.

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Thursday, August 01, 2013 12:28 PM
**To:** Jessica Case
**Cc:** Cabraser, Elizabeth J.; Richard Getty; Kate Danahay; dmarvin@wc.com; Dawn Barrios; Lenny Davis
**Subject:** Re: Vioxx Consumer Preliminary Approval Order

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

# If You Paid for Vioxx Before October 1, 2004,

## You May Be Able To Get Money Back

*A Federal Court authorized this Notice. It is not a solicitation from a lawyer. You are not being sued.*
*The Court expresses no views on the merits of Plaintiffs' claims.*

- There is a proposed Settlement with Merck Sharp & Dohme Corp., formerly known as Merck & Co., ("Merck") about the prescription anti-inflammatory drug, Vioxx. This proposed class action Settlement is subject to court approval.

- This lawsuit claims that Merck falsely advertised the drug Vioxx as having greater benefits than less expensive pain medicines, which contradicted the drug's Food and Drug Administration approved labeling. This lawsuit does not include claims for personal injuries or wrongful death.

- Merck has agreed to pay a total of up to $23 million to settle this lawsuit, including all costs and attorneys' fees. Merck denies any liability for the claims in the lawsuit, but it is settling to avoid the costs and distraction of further litigation.

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will not receive a payment from the Settlement and you will give up your rights to sue Merck about the claims in this case. *See* Question 12. |
| **FILE A CLAIM** | This is the only way for you to receive a payment from the Settlement. *See* Question 10. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to keep your right to sue Merck on your own about the claims in the lawsuit. *See* Question 14. |
| **OBJECT OR COMMENT** | Write to the Court about why you don't like the Settlement. *See* Question 15. |
| **GO TO A HEARING** | Ask to speak in Court about the Settlement. *See* Question 21. |

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION................................................................................................PAGE 3
1.      Why did I get this Notice?
2.      What is the lawsuit about?
3.      What is a class action?
4.      Why is there a proposed Settlement?
5.      Who is part of the Class?
6.      Who is excluded from the Class?
7.      What about other cases involving Vioxx?

BENEFITS OF THE SETTLEMENT — WHAT YOU GET........................................................PAGE 4
8.      What does the Settlement provide?
9.      How do I know if I have a Post-Withdrawal Medical Consultation claim?
10.     How do I file a claim?
11.     How much will I get?

REMAINING IN THE SETTLEMENT..............................................................................PAGE 5
12.     What claims am I giving up?
13.     What entities am I releasing?

EXCLUSION FROM THE SETTLEMENT.........................................................................PAGE 5
14.     How do I exclude myself from the Settlement?

OBJECTING TO OR COMMENTING ON THE SETTLEMENT..............................................PAGE 6
15.     May I object to or comment on the Settlement?
16.     What is the difference between objecting and excluding myself from the Settlement?

THE LAWYERS REPRESENTING YOU..........................................................................PAGE 6
17.     Do I have a lawyer in the case?
18.     How will the lawyers be paid?

THE COURT'S FINAL APPROVAL HEARING..................................................................PAGE 7
19.     When and where will the Court decide whether to approve the Settlement?
20.     Do I have to attend the Final Approval Hearing?
21.     May I speak at the Final Approval Hearing?

GETTING MORE INFORMATION.................................................................................PAGE 8
22.     How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this Notice?

You received this Notice because you are a consumer who may have paid some or the entire purchase price for the prescription anti-inflammatory drug, Vioxx. You may also have requested this Notice after seeing the Summary Notice in a publication.

This Notice explains:

- What the lawsuit and Settlement are about.
- What the lawsuit claims and what Merck says about the claims.
- Who is affected by the Settlement.
- Who represents the Class in the lawsuit.
- What your legal rights and choices are.
- How and by when you need to act.

Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana is overseeing this case. The case is known as *In re Vioxx Products Liability Litigation,* No. 05-cv-01657. The people who sued are called the Plaintiffs, and the company they sued, Merck Sharp & Dohme Corp. ("Merck"), is the Defendant.

### 2. What is this lawsuit about?

Vioxx was approved for marketing and sale in the United States on May 20, 1999, and was withdrawn from the market on September 30, 2004.

The lawsuit claims that:

- Merck falsely marketed Vioxx as having benefits greater than "non-selective" Non-Steroidal Anti-Inflammatory Drugs (NSAIDs) like ibuprofen or naproxen, when no such benefits had been established; and
- The marketing of Vioxx was inconsistent with its FDA-approved labels.

It also claims that this allegedly false marketing caused consumers to pay a greater price for Vioxx instead of less expensive alternative NSAIDs (or no medication at all).

Merck denies any liability for the claims in the lawsuit and makes no admissions of any wrongdoing by agreeing to this Settlement. Both sides have agreed to settle this lawsuit to avoid the costs and distraction of continuing the lawsuit.

### 3. What is a class action?

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." In a class action, the Court resolves the issues for all Class Members, either in trial or in settlement, except for those who exclude themselves from the Class. A court must determine if a lawsuit or a settlement should proceed as a class action. This is a class action settlement and will settle the lawsuit for everyone in the class, if approved by the Court.

Sometimes, the parties may settle without a trial. The Parties here have agreed to a proposed Settlement that includes a national Class of consumers who paid some or the entire purchase price of this drug (except for those who were living in Missouri at the time they purchased Vioxx).

## 4. Why is there a Settlement?

A proposed settlement is an agreement between a plaintiff and a defendant following extended negotiations. Settlements conclude litigation but this does not mean that the court has ruled in favor of the plaintiff or the defendant. The Settlement allows both parties to avoid the cost and risk of a trial, and permits both parties to establish a just, fair and final resolution that is best for all involved. The class representatives and their attorneys decide that a settlement is the best result for all class members and the Court is asked to approve the settlement as fair, reasonable and adequate. Class Members will get money now rather than years from now, if at all. If the Court approves the proposed Settlement, then Merck will no longer be legally responsible for the consumer economic injury claims made in this lawsuit to any member of the Class. The lawyers representing the Class ("Class Counsel") and Merck have engaged in extensive, arms-length negotiations regarding the issues presented in this lawsuit and the possible terms of a settlement. The Parties want to settle the claims in this lawsuit and the Class Representatives and Class Counsel believe the Settlement is fair, reasonable and adequate and in the best interests of the Class.

## 5. Who is part of the Class?

Generally speaking, you are a Class Member and are included in the Settlement if you are an individual consumer who paid (or were required to pay) for all or part of the purchase price of Vioxx before October 1, 2004. The Settlement does not include any consumer who purchased Vioxx for personal or family use before October 1, 2004 while living in Missouri.

The complete Class definition is:

> All individual consumer purchasers of Vioxx in the United States (except members of the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case with respect to purchases made while a resident of the State of Missouri) (the "Settlement Class"), except that the Settlement Class shall include only individuals who purchased Vioxx (by paying all or part of the purchase price). For sake of clarity, the Settlement Class defined in the foregoing sentence includes, but is not limited to, all persons referenced in the foregoing sentence who also received a Post-Withdrawal Medical Consultation as defined below [in Question 9]. All other Vioxx purchasers (including any private or governmental third-party payors that may have paid all or part of the purchase price of Vioxx for use by individual consumers) are excluded. Also excluded are (a) all persons who have previously settled Vioxx-related claims, including all participants in the Vioxx Resolution Program, (b) any of Merck's directors, officers, employees, or agents, (c) the Court, the judge's immediate family members, and the staff of the Court assigned to work on MDL 1657, and (d) those individuals who timely and validly exclude themselves from the Class by means of the Opt Out Procedure.

The Settlement Agreement, order granting preliminary approval to the Settlement, key dates and deadlines, and other important orders and documents in the case are available at www.VioxxSettlement.com.

## 6. Who is excluded from the Class?

Not included in the Class are:

- The Defendants and their present or former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates;
- The United States government, its officers, agents, agencies and departments; the States of the

United States and their respective officers, agents, agencies and departments; and all other local governments and their officers, agents, agencies and departments;

- Any consumer who has released her/his claims against Merck related to Vioxx and/or participated in the Vioxx Resolution Program;
- Any private or governmental third-party payor who may have paid all or any part of the purchase price of Vioxx for use by individual consumers;
- Any consumer who was a resident of the State of Missouri who purchased Vioxx for personal or family use before October 1, 2004 (*see* Question 8); and
- Class members who timely and validly exclude themselves from the Class (*see* Question 13).

| **7. What about other cases involving Vioxx?** |
| --- |

You may have already received a notice if you were a member of the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case with respect to purchases made while a resident of Missouri. You are not included in this Settlement if you are part of the *Plubell* class. This Settlement does not involve any personal injury or wrongful death claims involving Vioxx, nor does it revive any such claims.

## BENEFITS OF THE SETTLEMENT — WHAT YOU GET

| **8. What does the Settlement provide?** |
| --- |

Merck will pay up to $23 million to settle the lawsuit. All costs for the Claims Administrator to administer the Settlement, the cost to inform people about the Settlement, and the attorneys' fees and expenses incurred in bringing this case and related cases in the MDL will be paid out of this Settlement Amount (*see* Question 18).

Class Members who submit valid claims can get: (1) up to $50 in cash or (2) reimbursement for up to the actual out-of-pocket expenses paid for Vioxx and up to $75 for certain other losses. Payment amounts will vary depending upon several factors such as the number of claims submitted, the amounts claimed, the proof submitted, and other adjustments and deductions. If claims exceed the amount available, the cash payments will be reduced on a proportional basis so that all valid claims can be paid some amount.

| **9. How do I file a claim?** |
| --- |

To receive any payment under this Settlement, you must complete and return a Claim Form with the required supporting documentation. A Claim Form is attached to this notice. You can also get a Claim Form on the Internet at www.VioxxSettlement.com. Read the Claim Form instructions carefully. **You must fill out the Claim Form and submit it online or mail it to the Claims Administrator with supporting proof, postmarked by Month 00, 2013, and addressed to:**

Vioxx Consumer Claims Administrator
P.O. Box 26882
Richmond, VA 23261

**Documentation Requirements:** To be valid, a Claim must be (1) timely submitted with all required information and documentation, (2) submitted by the individual Settlement Class Member or a family member or legal guardian (no other third-party submissions), (3) timely supplemented with additional information or documentation in response to requests by the Claims Administrator, (4) signed by the Settlement Class Member and (5) include documentary proof of the purchase of, and payment for, Vioxx for personal or family. No Claims submitted by third parties are permitted.

**Option 1a – Proof of Payment:** The following forms of proof are acceptable: (a) a receipt, cancelled check, or credit card statement showing payment for Vioxx for the Class Member; (b) an EOB (explanation of benefits) from a third-party payor that shows Vioxx was prescribed for the Member and reflects the out-of-

pocket expense that the Class Member paid for Vioxx, or (c) records from a pharmacy, pharmacy benefit manager ("PBM") or similar entity that shows Vioxx was prescribed to the Class Member and reflects the out-of-pocket expense that the Class Member paid for Vioxx.

**Option 1b – Post-Withdrawal Medical Consultation:** If, as part of an Option 1a Claim, you also want to be reimbursed for up to $75 in total for costs or losses in connection with any and all Post-Withdrawal Medical Consultations (defined above), you must provide documentation of the consultation. Proof of the additional cost or loss must be submitted along with a statement that your medical consultation or diagnostic testing occurred between September 30, 2004 and November 30, 2004 and was not scheduled or recommended before September 30, 2004. This option is only available with an Option 1a claim.

**Option 2 – Proof of Prescription:** If the proof of payment forms in Option 1a are not available you can use an alternative proof of payment to make an Option 2 claim. A Class Member may submit documentary proof of a prescription of Vioxx (including, e.g., a prescription bottle with clearly visible label) without proof of payment and/or a sworn statement of having had and paid for a prescription of Vioxx. Under this option, a Class Member with a valid claim may receive a one-time payment of $50.

## 10. How do I know if I have a Post-Withdrawal Medical Consultation claim?

Generally speaking, if after September 30, 2004 you arranged for and saw a doctor to get advice about discontinuing Vioxx you may have an Option 1b claim for a Post-Withdrawal Medical Consultation.

The definition of Post-Withdrawal Medical Consultation is:

> Any office visit to a licensed physician to obtain advice regarding the Class Member's own use of Vioxx and/or to discuss discontinuing the use of Vioxx and possible alternative treatments for that Class Member and that occurred following September 30, 2004, which is when Vioxx was withdrawn from the market, and prior to November 30, 2004. Further, the term Post-Withdrawal Medical Consultation includes any reasonable and necessary diagnostic testing that is solely the result of the Class Member's use of Vioxx and recommended by the Class Member's physician at the Post-Withdrawal Medical Consultation, performed as a result of such recommendation, and occurred after September 30, 2004 but prior to November 30, 2004 ("Vioxx-related diagnostic testing"). However, the definition of Post Withdrawal Medical Consultation does not include any office visits or diagnostic testing occurring during the period from September 30, 2004 through November 30, 2004 that had been scheduled or recommended by the Class Member's physician or licensed prescriber prior to September 30, 2004.

## 11. How much will I get?

Your payment cannot be determined at this time. How much you receive from this Settlement depends on the total number and amount of claims submitted by other Class Members and the type of proof you submit with your claim. If claims exceed the amount available after the Court-approved fees and costs are deducted from the Settlement Amount, payments to Class Members will be reduced on a proportional basis so that all Class Members receive a payment. Your payment will not be greater than the amount of your claim, whether you make a claim for your actual out-of-pocket costs for the drug or for the one-time payment of $50. It is possible that your payment will be lower than the amount of your claim, whether you make a claim for your actual out-of-pocket costs for the drug, for other losses, or for the one-time payment of $50.

## REMAINING IN THE SETTLEMENT

### 12. What claims am I giving up?

If the Settlement is approved, generally speaking you give up any right you may otherwise have to sue Merck for money damages or other relief related to any consumer *economic* injury claims made or that could have been made in this lawsuit.

Specifically, you release any claim relating to the purchase, price, payment, reimbursement, use, prescription, marketing, manufacture, distribution, sale, promotion, research, design, development, supply and/or ingestion of Vioxx during the Class Period that Class Members ever had, currently have, or may subsequently have in any capacity against Merck and/or Merck's associated or affiliated companies and certain others.

However, the Settlement does not release personal injury or wrongful death claims. More information about the release is available in section 6 of the Settlement Agreement available at wwwVioxxSettlement.com.

### 13. What entities am I releasing?

The Released Entities include: Merck, Sharp & Dohme, Corp., formerly known as Merck & Co., Inc. ("Merck"), its parent companies, subsidiaries, and affiliates, and their past, present and future officers, directors, trustees, employees, agents, attorneys, shareholders, predecessors, successors and assigns, and any retailers, suppliers, wholesalers, pharmacies, pharmacists and physicians or other health care providers that were in the chain of distribution for any such sales of Vioxx to Class Members.

## EXCLUSION FROM THE SETTLEMENT

### 14. How do I exclude myself from the Settlement?

To ask to be excluded (also known as opting out), you must send a letter stating that you want to be excluded from *In re Vioxx Products Liability Litigation,* No. 05-cv-01657. Be sure to include your name, address, and telephone number. Your exclusion letter must be mailed first class, postmarked no later than **Month 00, 2013** to:

Vioxx Consumer Claims Administrator
P.O. Box 26882
Richmond, VA 23261

You cannot exclude yourself by phone, email, or fax.

## OBJECTING OR COMMENTING ON THE SETTLEMENT

### 15. May I object to or comment on the Settlement?

Yes. If you are a Class Member and you have comments about, or disagree with, any part of the proposed Settlement, you may express your views to the Court. To object, send a letter saying that you object to *In re Vioxx Products Liability Litigation,* No. 05-cv-01657 (EDLA). Be sure to include your name, address, telephone number, signature, and a brief explanation of your reasons for objecting. Your written comment or objection must be received by **Month 00, 2013** at the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Eastern District of Louisiana<br>500 Poydras Street<br>New Orleans, LA 70130 | Russ Herman<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Avenue<br>New Orleans, LA 70113 | Douglas R. Marvin<br>Williams & Connolly, LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005 |

### 16. What is the difference between objecting and excluding myself from the Settlement?

An objection to the Settlement is made when you wish to remain a Class Member and be part of the Settlement but disagree with some aspect of it. An objection allows your views to be heard in Court. In contrast, exclusion means that you are no longer a Class Member and are not part of the Settlement's terms and conditions. Once excluded, you lose any right to object to the Settlement or to the attorneys' fees because the case and Settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in the case?

Yes. The Court has appointed law firms who have been prosecuting Vioxx claims to represent you and the other Class Members as "Class Counsel," including:

| Herman, Herman & Katz LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70113 | Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
|---|---|

These lawyers will ask the Court for payment out of the Settlement Amount for attorneys' fees and costs (*see* Question 18); you will not otherwise be charged for their work. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense. If you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (*see* Question 21).

### 18. How will the lawyers be paid?

To date, Class Counsel have not received any payment for their services in conducting this case and have not been paid for their expenses. They will ask the Court to approve fees for their case-related time, efforts, and results, and reimbursement for the costs they spent on the consumer claims and related actions, of up to 32% of the maximum Settlement Amount of up to $23 million or $7.36 million in total. These fees and costs will be paid out of the up to $23 million Settlement Amount. More information about Class Counsel and their experience is available at www.VioxxSettlement.com.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **Month 00, 2013** at XX:XX a.m. to consider whether the proposed Settlement is fair, reasonable and adequate. At the Hearing, the Court will decide whether to approve the Settlement and the request for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time.

Note: The Hearing may be postponed to a different date without additional notice. Updated information will be posted on the Vioxx Consumer Claims website at www.VioxxSettlement.com.

| **20. Do I have to attend the Final Approval Hearing?** |
|---|

No.  Attendance is not required.  Class Counsel will answer the Court's questions on your behalf.  If you or your personal attorney still wants to attend the Hearing, you are more than welcome to attend at your expense.  However, it is not necessary that either of you attend.  As long as the objection was postmarked before the deadline, the Court will consider it, even if you or your attorneys do not attend.

| **21. May I speak at the Final Approval Hearing?** |
|---|

Yes.  If you want you or your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must send the Court a document that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Final Approval Hearing for *In re Vioxx Products Liability Litigation,* No. 05-cv-01657.  Be sure to include your name, address, telephone number and signature. Your "Notice of Appearance" must be received by **Month 00, 2013.**  You may not speak at the Hearing if you previously asked to be excluded from the Class.

The Notice of Appearance must be mailed to the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Eastern District of Louisiana<br>500 Poydras Street<br>New Orleans, LA 70130 | Russ Herman<br>Co-Lead Class Counsel<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Avenue<br>New Orleans, LA 70113 | Douglas R. Marvin<br>Counsel for Merck<br>Williams & Connolly, LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005 |

## GETTING MORE INFORMATION

| **22. How do I get more information?** |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement and the other important legal documents that have been filed with the Court in this lawsuit.  You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130.  These documents are also available online, on the Vioxx Consumer Claims Settlement website at www.VioxxSettlement.com.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the Vioxx Consumer Claims Settlement website at www.VioxxSettlement.com.
- Call toll free 1-866-439-6932
- Write to: The Vioxx Consumer Claims Administrator, P.O. Box 26882, Richmond, VA 23261
- Email: Questions@VioxxSettlement.com

# EXHIBIT D

Legal Notice

# If You Paid for Vioxx Before October 1, 2004

## You Could Get Up to $50 or More from a Settlement

A Settlement has been reached with Merck Sharp & Dohme Corp. ("Merck") about the prescription anti-inflammatory drug, Vioxx. This proposed class action Settlement will pay consumers who paid out-of-pocket expenses for Vioxx (that were not reimbursed).

### What is the Lawsuit About?

This lawsuit claims that Merck falsely advertised the drug Vioxx as having greater benefits than less expensive pain medicines, which contradicted the drug's Food and Drug Administration approved labeling. Merck denies any liability for the claims in the lawsuit and admits no wrongdoing by agreeing to this Settlement. The Court did not decide which side was right. Instead, the parties decided to settle. The Settlement does not release personal injury claims.

### Who's Included?

Generally, you are included if you paid (or were required to pay) for all or part of the purchase price of Vioxx (for personal or family use) before October 1, 2004. If you settled a Vioxx personal injury claim you are not included in the Settlement. Similarly, if you were a Missouri resident when you purchased Vioxx, you are not included in the Settlement. The full Class definition is included in the long form Notice available at the Settlement Website.

### What Can You Get?

Merck will pay up to $23 million to settle the lawsuit. All costs of the Claims Administrator to administer the Settlement, the cost to inform people about the Settlement, and the attorneys' fees and costs will be paid out of

this Settlement Amount. Class Members who submit valid claims can get: (1) up to $50 in cash or (2) reimbursement for up to the actual out-of-pocket expenses paid for Vioxx and up to $75 for certain other costs and losses. Payments will vary depending upon several factors such as the number of claims submitted, the amounts claimed, the proof submitted, and other adjustments and deductions.

### How to Make a Claim for Payment?

You must submit a Claim Form by **Month 00, 2013** to get a payment from the Settlement. The Claim Form is available at www.VioxxSettlement.com or by calling 1-866-439-6932. The Claim Form can be submitted online or by mail.

### Your Other Rights.

If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Class by **Month 00, 2013** or you will not be able to sue Merck for any claim relating to the lawsuit. If you stay in the Class, you may object to the Settlement by **Month 00, 2013**, but will be bound by the terms of the Settlement if approved by the Court.

The Court will hold a hearing on **Month 00, 2013** to consider whether to approve the Settlement and a request for attorneys' fees and expenses up to 32% of the maximum $23 million Settlement Amount or up to $7.36 million. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

---

**For complete information and a Claim Form:**
**Visit: www.VioxxSettlement.com   Call: 1-866-439-6932**

EXHIBIT C

~~Exhibit A to Vioxx MDL Consumer Settlement Agreement~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ------------------------------------------------ X | | |
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION : | MDL No. 1657 | |
| : | | |
| ------------------------------------------------ : | SECTION L | |
| SHERRILL HERKE, individually and on behalf of a X | | |
| proposed class of those similarly situated, | JUDGE FALLON | |
| : | MAG. JUDGE KNOWLES | |
| Plaintiffs, : | | |
| v. : | No. 2:09-cv-07218 | |
| : | | |
| MERCK & CO., INC., X | | |
| Defendant. | | |
| ------------------------------------------------ | | |

**(PROPOSED) ORDER FOR PRELIMINARY CERTIFICATION OF A CLASS
FOR PURPOSES OF SETTLEMENT AND PRELIMINARY APPROVAL OF
CLASS SETTLEMENT, CLASS NOTICE AND RELATED MATTERS**

[Formatted: Underline]

Upon considering the Plaintiffs' Motion for Preliminary Approval of Class

Settlement, Class Notice and Related Matters (the "Plaintiffs' Motion"), filed by plaintiffs on

behalf of a putative class of consumers, seeking preliminary approval of the Proposed

Settlement Agreement, together with all of its Exhibits attached thereto, dated July 17, 2013

(the "Proposed Settlement") attached hereto as Exhibit A[1]), and on considering the record of

these proceedings, the representations, argument, and recommendation of counsel for the

moving parties, and the requirements of law, the Court finds that:   (1) this Court has

---

[1] Unless otherwise set forth herein, capitalized terms used in this Order shall have the same
meaning as those defined in the Proposed Settlement.

1

jurisdiction over the subject matter and parties to this proceeding; (2) the proposed Class meets the requirements of Rule 23 and should be certified on a preliminary basis for purposes of settlement only and the person set forth below should be appointed class representative; (3) the Proposed Settlement is the result of arm's-length negotiations between the parties; (4) the Proposed Settlement is not the result of collusion; (5) the Proposed Settlement bears a probable, reasonable relationship to the claims alleged by the plaintiffs and the litigation risks of both plaintiffs and Merck; (6) the Proposed Settlement is within the range of possible judicial approval; (7) the proposed class notice substantially in the forms attached hereto as Exhibits D and E to the Proposed Settlement (the "Notice") and the proposed notice plan will provide the best practicable notice to the putative Class under the circumstances, satisfying the requirements of Rule 23 and due process; (8) reasonable cause exists to conduct a hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider whether the Proposed Settlement is fair, reasonable and adequate and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (9) the other related matters pertinent to the preliminary approval of the Proposed Settlement should also be approved.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district.

3. The Court finds, on a preliminary basis for settlement purposes only, that the Rule 23 factors are present, and that certification of the proposed Class as set forth below is appropriate under Rule 23 and Rule 23(b)(3); in particular:

2

"Class" or "Settlement Class" means:

> All individual consumer purchasers of Vioxx in the United States (except members of the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case with respect to purchases made while a resident of the State of Missouri) (the "Settlement Class"), except that the Settlement Class shall include only individuals who purchased Vioxx (by paying all or part of the purchase price) through September 30, 2004, when Vioxx was removed from the market. For sake of clarity, the Settlement Class defined in the foregoing sentence includes, but is not limited to, all persons referenced in the foregoing sentence who also received a Post-Withdrawal Medical Consultation as defined below in Paragraph 1.13. All other Vioxx purchasers (including any private or governmental third-party payors that may have paid all or part of the purchase price of Vioxx for use by individual consumers) are excluded. Also excluded are (a) all persons who have previously settled Vioxx-related claims, including all participants in the Vioxx Resolution Program, (b) any of Merck's directors, officers, employees, or agents, (c) the Court, the judge's immediate family members, and the staff of the Court assigned to work on MDL 1657, and (d) those individuals who timely and validly exclude themselves from the Class by means of the Opt Out Procedure.

4.      The following are the "Released Claims" as defined in the Proposed Settlement Agreement and the related definition of Post-Withdrawal Medical Consultation:

> "Released Claim" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of or in any way connected with the purchase of Vioxx in the United States (except for purchases made while a resident of the State of Missouri covered by the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case), including, but not limited to, (i) any and all expenditures of, or costs and losses incurred by, the Class Member in connection with a Post-Withdrawal Medical Consultation, including but not limited to, the costs of such medical consultation and Vioxx-related diagnostic testing, and (ii) the allegations contained in the MDL 1657 Purchase Claims Master Class Action Complaint dated August 1, 2005 and all Related Actions. The Released Claims do not include any claims for personal

3

injury or death or claims derivative of such claims, nor does this Settlement revive any such claims.

"Post-Withdrawal Medical Consultation" means any office visit to a licensed physician to obtain advice regarding the Class Member's own use of Vioxx and/or to discuss discontinuing the use of Vioxx and possible alternative treatments for that Class Member and that occurred following September 30, 2004, which is when Vioxx was withdrawn from the market, and prior to November 30, 2004. Further, the term Post-Withdrawal Medical Consultation includes any reasonable and necessary diagnostic testing that is solely the result of the Class Member's use of Vioxx and recommended by the Class Member's physician at the Post-Withdrawal Medical Consultation, performed as a result of such recommendation, and occurred after September 30, 2004 but prior to November 30, 2004 ("Vioxx-related diagnostic testing"). However, the definition of Post Withdrawal Medical Consultation does not include any office visits or diagnostic testing occurring during the period from September 30, 2004 through November 30, 2004 that had been scheduled or recommended by the Class Member's physician or licensed prescriber prior to September 30, 2004.

5.   Specifically, the Court preliminarily finds for settlement purposes only that the
proposed Class described above satisfy the following factors of Rule 23(a) and Rule
23(b)(3):

(a)   Numerosity:  In this case, many thousands of individuals have asserted claims or have potential claims.  Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b)   Commonality:  Plaintiffs' claims are common in that they allege that Vioxx was overpriced because Merck allegedly failed to disclose its alleged cardiovascular risks.

(c)   Typicality:  The proposed class representatives' claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the putative Class members.   Furthermore, the proposed Class representatives will advance the interests of all class members.  The individual class representatives allege various causes of action for recovery of alleged economic harms arising from the purchase of Vioxx®.   The proposed class representatives' claims are typical of those of the proposed Class and satisfy Rule 23(a)(3).

4

      (d)    <u>Adequacy</u>:  The proposed class representatives assert claims representative of the claims of the entire class.  As such, even though the claims may not be identical to every claim of every putative Class member, the proposed class representatives can adequately represent the putative Class.

           The adequacy factor also considers Class Counsel.  In this case, Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied.

      (e)    <u>Predominance</u>:  There is predominance.  Common issues include: (a) whether Vioxx® carries a risk of cardiovascular disease, and (b) whether Merck adequately disclosed the risks of Vioxx.  The resolution of these questions is relevant to essential elements of every Class member's claims.

      (f)    <u>Superiority</u>:  A settlement class that will determine the issues common to all Class members and fix compensation for alleged economic injury is superior to thousands of trials that would risk disparate results for similarly situated people and entities.

6.    In the interest of clarity, the Court reiterates that the Court makes the above findings set forth in paragraph 5 regarding certification of the proposed Class only on a preliminary basis and only for the purposes of settlement.  The Court's preliminary findings regarding the class certification requirements of Rule 23(a) and Rule 23(b)(3) are subject to final certification at the fairness hearing.

7.    The Court appoints the following as class representative: Sherrill Herke.

8.    The Court preliminarily approves the Proposed Settlement, together with all of its Exhibits, attached hereto as Exhibit A, as being fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval, such that the terms and conditions shall be considered by the putative members of the Class (as defined in the Proposed Settlement).

9.  The Court approves the form and content of the Claim Form, substantially in the form
    attached as Exhibit B to the Proposed Settlement, and the procedure and proof
    required to establish a valid claim under the Proposed Settlement.

10. The Court approves the form and content of the ~~attached~~ Notice for mailing and the
    ~~attached~~ abbreviated Notice for publication, substantially in the forms attached
    hereto as Exhibits D and E to the Proposed Settlement, as satisfying the
    requirements of Rule 23 and due process.

> **Formatted:** Indent: Hanging: 0.5", Right: 0.21", Space Before: 0 pt, Line spacing: Double, Tab stops: 0.71", Left

11. The Court directs that Kinsella Media, LLC be confirmed to act as the Notice Agent
    (as defined in the Proposed Settlement) and directs the Notice Agent to disseminate
    the Notice pursuant to manner set forth in the Notice Plan contained in  Plaintiffs'
    Motion, which satisfies the requirements of Rule 23 and due process.

12. The Court approves of the appointment of Russ Herman of Herman, Herman & Katz,
    LLC and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein as Co-Lead
    Settlement Class Counsel for the Class and who are collectively appointed "Class
    Counsel" for the Class.

13. The Court directs that Brown Greer LLP be confirmed to act as the Claims
    Administrator (as defined in the Proposed Settlement) and directs the Claims
    Administrator to perform the functions of the Claims Administrator as set forth in the
    Proposed Settlement.

14. The Court directs that the Claims Administrator receive any exclusion requests and
    Claim Forms submitted by members of the Class pending the final approval of the

6

Proposed Settlement.  The Court further directs that pending the Effective Date, the Claims Administrator may communicate with any Class members, counsel for Class Members, if any, Class Counsel and other counsel, concerning Class members' Proof of Claim Forms submitted pursuant to the terms of the Proposed Settlement. However, the Claims Administrator may not communicate with either party, Class Counsel and Merck's counsel, without representatives of both parties being present (personally or telephonically).

15.   The exclusion or opt-out procedure set forth in the Proposed Settlement and in Exhibit E of the Proposed Settlement is approved, which directs that any Class Member wishing to be excluded from the Class must sign a written request to be excluded containing the information required to be set forth in the Notice, and this exclusion request must be mailed to the "Vioxx Consumer Claims Administrator, P.O. Box 26882, Richmond, VA 23261" and be postmarked (no metered postmarks) on or before November 9, 2013——————.

16.   The Claims Administrator will provide timely reports to counsel for the Parties of the number and identity of those members of the Class who have requested exclusion from the Class.

17.   The Court directs that Class Counsel may assist members of the Class in filing Proof of Claim Forms in accordance with the Proposed Settlement pending the final approval of the Proposed Settlement, and Class Counsel may accept and respond to inquiries by members of the Class wishing to speak with Class Counsel pending the final approval of the Proposed Settlement.

7

18.   The Court directs that a hearing be scheduled for <u>December      , 2013   </u> (the "Fairness Hearing") to assist the Court in determining whether certification is appropriate and the Proposed Settlement is fair, reasonable and adequate.  Objectors to the Proposed Settlement may be heard at the Fairness Hearing; however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless on or before <u>November 9, 2013   </u>, any such objector:  (1) has filed with the Clerk of the Court <u>in writing</u> a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance, (2) such objector personally or by counsel, to any of the applications before the Court, submits a written statement describing in full the basis for such objector's opposition, and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court, and (3) has served, on or before <u>November 9, 2013   </u>, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that objector files with the Court or wishes the Court to consider at the Fairness Hearing, upon:  (i) Russ Herman of Herman, Herman & Katz, LLC, Co-Lead Settlement Class Counsel for Plaintiffs, at 820 O'Keefe Avenue, New Orleans, LA 70113, and (ii) Douglas R. Marvin, Esq. of Williams & Connolly LLP, Co-Counsel for Merck, at 725 Twelfth Street, N.W., Washington, D.C. 20005.  Objections will be deemed waived if the procedures for objecting to the Proposed Settlement are not followed.

19.   The Court further directs and approves the establishment and maintenance of a Common Fund Escrow Account pursuant to the terms of the Proposed Settlement pending a decision on final approval, which Common Fund Escrow Account shall be

8

under the jurisdiction of this Court and which is approved as a Qualified Settlement Fund pursuant to Treas. Reg. §1.468B-1.

20.     Prosecution of this litigation shall be stayed pending the settlement proceedings and further Orders of the Court.

21.     Those Related Actions that are identified on Exhibit C to the Proposed Settlement as being a part of the docket of this MDL No. 1657 also shall be stayed pending the settlement proceedings and further Orders of the Court.

22.     The parties have reserved all claims and defenses should the Proposed Settlement not become final for whatever reason.

23.     Merck has reserved the right to contest certification of the class *de novo* should the Proposed Settlement not become final for whatever reason.   If the Proposed Settlement does not become final, the conditional certification of the class will be null and void and the litigation will proceed as if there had been no settlement, conditional certification or notice.

DATED: New Orleans, Louisiana
This _____, day of July, 2013

_____
Honorable Eldon E. Fallon, Judge
United States District Court

9