UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-MD-01657
MDL Docket No. 1657

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | *<br>*  SECTION "L"<br>*<br>*  JUDGE FALLON<br>*<br>*  MAGISTRATE JUDGE KNOWLES<br>*<br>* |

**INTERESTED PARTY JAMES RATLIFF'S
MOTION TO STAY DISSEMINATION OF NOTICE AND
MODIFY DATES CONTAINED IN THE PROPOSED CLASS
NOTICE AND INCORPORATED MEMORANDUM OF LAW**

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and through counsel, and as an individual and representative of a previously certified class interested in the Consent Motion for Preliminary Approval Of Class Settlement filed by Plaintiffs on July 17, 2013 [DE 64487], respectfully Moves the Court to stay dissemination of the Proposed Class Notice in this action pending the Kentucky Supreme Court's ruling with respect to the certification of the Kentucky Class, and to modify the dates contained in the Proposed Class Notice to permit a sufficient period for discovery into issues related to the Proposed Settlement and presentation of informed objections to the Court.  In support of this Motion, Ratliff states as follows:

**INTRODUCTION**

This consolidated action has been pending before the Court for eight years, and the parties have represented to the Court that the Proposed Settlement that has been presented is the product of more than one and a half years of settlement negotiations.  The parties requested that the Court preliminarily approve the Proposed Settlement without providing the Court or the

putative class members with sufficient information with which to analyze the adequacy of the proposed settlement.  The Court has provisionally approved the settlement preliminarily.  Unfortunately, the MDL Liaison Counsel and Merck have sought to push both the Preliminary Approval, the dissemination of Class Notice, and the ultimate fairness hearing on an expedited basis.  This request, its motivations, and the propriety of moving forward as the parties suggest must, however, be viewed in light of the interests of other interested parties, including Ratliff and the Kentucky Class.

      Ratliff has been pursuing claims under Kentucky statutory and common law arising from the same facts for nearly nine years.  The claims of the Kentucky class were removed to Federal Court <u>but were remanded on the grounds that Federal Courts do not have subject matter jurisdiction over the claims</u>.  The question of the propriety of the certification of the claims of Kentucky consumers – a state-wide class consisting of more than 200,000 Kentucky residents – is not final, but is currently pending before the Kentucky Supreme Court.  As Ratliff has represented to this Court multiple times, it is expected that the Kentucky Supreme Court will issue an opinion definitively addressing the question within the next two months.  Given these facts, and the long history of the case, it is clear that the parties' insistence that Class Notice in these MDL proceedings move forward in an expedited manner is nothing more than an improper attempt to undermine and dismiss the claims of the Kentucky Class of consumers, which claims are demonstrably worth well in excess of the amount for which the MDL parties propose to settle all consumer claims nationwide.

      Counsel for Ratliff has pleaded with counsel for the parties to be reasonable and wait just two more months – until the likely ruling from the Kentucky Supreme Court – to move forward with the Proposed Settlement and the required Notice, but to no avail.  Counsel for the parties have been unwilling to even discuss the matter with counsel for Ratliff despite the Court's

direction that they do so. Ratliff requests the Court to take a step back, consider the matter as a whole, and direct that the Proposed Class Notice be held pending a ruling from the Kentucky Supreme Court regarding the certification of the Kentucky Class. Ratliff further requests that the Court adopt Ratliff's proposed changes to the Class Notice, [DE 64513], and extend the notice, opt out, and fairness hearing dates suggested by the parties each for an additional sixty (60) days.

I.  **THE PARTIES HAVE IGNORED THE COURT'S DIRECTIVE TO MEET AND CONFER WITH COUNSEL FOR RATLIFF REGARDING THE PROPOSED CLASS NOTICE.**

First it should be noted that the period in which Ratliff or others similarly situated were permitted to file objections to the parties Proposed Motion for Preliminary Approval was exceedingly, and without good cause, truncated. The parties filed their Motion for Preliminary Approval on July 17, 2013, and interested parties were required to file Responses or Objections less than three days later, by July 20, 2013. As Ratliff pointed out in his Objection filed on July 20th, this period was certainly not a sufficient time in which to fully evaluate the Proposed Settlement or Notice. Nonetheless, during the July 24, 2013 hearing in which the Court considered the Parties' request for Preliminary Approval, the Court indicated that it would grant the parties' Motion for Preliminary Approval but cautioned counsel to confer as to the language and timing of dissemination of the Notice and as to other deadlines.

The Court did, however, express concern that the Notice and opt out period be sufficiently lengthy to give the Kentucky Supreme Court an opportunity to rule on the pending question of certification of the Kentucky Class. See Transcript of July 24, 2013 Hearing, 20:14-17, attached as Exhibit B to Ratliff's Motion to Intervene [DE 64520]. The Court also expressed that the Notice should be drafted so as to address the concern of counsel for the Kentucky Class with respect to confusion regarding the pendency of the Kentucky litigation and the opportunity of putative class members to participate in the Kentucky Class. Id., ("And meet

3

with Richard, Elizabeth, and get his input. See if there is such a notice that can be fashioned that satisfies his concern about confusion."). By written Order dated the same day, the Court directed all counsel to meet and confer to set dates within the proposed order. Counsel were instructed that if they were unable to agree, they must submit dates individually for the Court's consideration. [DE 64511].

The very next day, on Thursday, July 25, 2013, counsel for Ratliff emailed Dawn Barrios to inform her that a client emergency was commandeering their time and that it would take them an additional two days – until the beginning of the week beginning Monday, July 29th – to respond with suggested changes. See Email Correspondence, attached as Exhibit A. Ms. Barrios responded that the Court wanted the proposed changes by Monday, July 26, 2013, and that she expected counsel to adjust their schedules to as to provide feedback by the close of business on Friday, July 26, 2013. Counsel for Ratliff went to great pains to prepare written suggestions to the Proposed Notice, which they provided to counsel for the parties and the Court before the close of business on Friday, July 26, 2013, despite the emergency situation that had confronted them that week. [DE 64513].

On Tuesday, July 30th, after reviewing the written Order entered by the Court following the July 24th hearing, counsel for Ratliff emailed counsel for the parties to indicate that they would provide suggestions regarding Notice and opt out dates within the week. See Email correspondence, Exhibit A. Today, counsel for Ratliff requested that the MDL parties schedule a conference call to discuss Ratliff's proposed changes and suggestions regarding dates. The suggested dates for such a teleconference included Friday, August 2nd or Monday, August 5th. Counsel for the MDL parties refused to agree to schedule a call or to engage in any attempts to confer regarding Ratliff's proposed changes to the Class Notice or suggestions regarding dates. Counsel for the MDL parties rejected counsel for Ratliff's multiple requests for such a

4

teleconference, even as counsel for Ratliff reminded counsel for the parties of the Court's direction – during the July 24th hearing and by written Order – that the parties meet and confer and that the thoughts of counsel for Ratliff be taken into consideration.  Id.  Today, Merck and Plaintiffs have filed objections to Ratliff's proposed changes, and counsel for Plaintiffs has sent chambers correspondence improperly besmirching counsel for Ratliff and skewing what has occurred in the past several days.

**II.   PERMITTING DISSEMINATION OF THE PROPOSED CLASS NOTICE PRIOR TO A RULING OF THE KENTUCKY SUPREME COURT WILL LIKELY LEAD TO DUPLICATION OF EFFORTS AND WASTE OF RESOURCES.**

Merck's objection to Ratliff's suggested changes to the Proposed Class Notice [DE64518] argues that Ratliff's proposed changes encourage Kentucky residents to abandon the Proposed MDL Settlement reached by the parties.  Ratliff's changes were suggested at the direction of the Court to deal with concerns regarding confusion in the event that the Class Settlement Notice was disseminated prior to a ruling on the question of certification in the Kentucky litigation.  The simple fact of the matter is that proceeding with dissemination of Class Notice prior to obtaining a ruling by the Kentucky Supreme Court regarding the certification of the Kentucky Class <u>will</u> <u>create</u> <u>confusion</u> and potentially result in exponentially higher costs that will improperly deplete the capped fund that has been proposed.

If the Kentucky Supreme Court rules that the Kentucky Class was properly certified by the Pike Circuit Court in 2010 with respect to <u>any</u> of the claims asserted against Merck in the Kentucky litigation, the Kentucky Class <u>will</u> <u>be</u> <u>entitled</u> to proceed with its claims against Merck in Kentucky state court and presumably be entitled to be excluded from the Proposed Settlement. If Notice of the MDL settlement has been disseminated before it is finally determined whether the Kentucky Class may be properly included within the nationwide settlement, it could lead to the necessity of a complete overhaul of not only the Proposed Settlement, but also the Notice,

and subsequent dissemination of an entirely new Notice, which would create substantial confusion amongst class members. The answer to Merck's concerns, to Ratliff's concerns, and to the concerns of the Liaison Counsel is at this point obvious – WAIT. Simply exercise more patience. A rush to judgment does nothing more than create a series of problems that could otherwise be avoided. That is exactly what Ratliff is now proposing.

### III. THE DEADLINES FOR NOTICE, OPT OUT AND FAIRNESS HEARING NEED TO BE EXTENDED BY AN ADDITIONAL SIXTY DAYS TO PERMIT DISCOVERY INTO ISSUES CONCERNING THE PROPOSED SETTLEMENT AND THE PRESENTATION TO THE COURT OF WELL-REASONED OBJECTIONS.

The parties' proposal contemplates an August 23, 2013 commencement date for the Notice period. The parties wish to require parties to opt out by November 9, 2013, and have requested that a final fairness hearing be held before the end of the year – less than four months from the commencement of the Notice period. This suggested timeline is quite clearly intended to prevent meaningful discovery into issues concerning the Proposed Settlement and the presentation to the Court of well-reasoned and informed objections. At the very least, and in light of the concerns that have been repeatedly voiced to the Court, both through written filings and during Status Conferences, the Court should modify the Proposed Notice to extend all dates by an additional sixty (60) days.

Requesting discovery on these matters bearing directly on key issues concerning the Proposed Settlement is reasonable in light of the limited capped fund proposed, and the Court is well within its discretion to require disclosure of this additional information and to direct the parties to negotiate further prior to granting even preliminary approval in order to address these concerns. As the Court is aware, questions relating to the cost of the proposed notice plan and number of potential class members relative to the overall proposed settlement amount are factors that are <u>required</u> to be considered by courts in making even a <u>preliminary determination</u>

6

regarding the fairness of a proposed settlement and directing issuance of Class Notice. See Federal Judicial Center , "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide" (2010), attached as Exhibit B . These considerations cannot be evaluated at all in the absence of this basic information  See also, e.g., In re Amino Acid Lysine, 1996 U.S. Dist. LEXIS 5308, 10-15 (N.D. Ill. Apr. 19, 1996) (requiring more extensive disclosure regarding the fairness of the value of the proposed settlement, establishing a timetable for the parties to provide additional information with respect to this issue, and deferring ruling on even the preliminary determination of fairness until such time as the parties were able to address the Court's concerns);  Manual for Complex Litigation, § 21.632 (noting that at the preliminary hearing, "the judge should raise questions," and "perhaps seek an independent review if there are reservations about the settlement," including "unduly preferential treatment of class representative or segments of the class," or "inadequate compensation or harms to the classes," and  concluding that after questions are raised by the Court, "[t]he parties then have an opportunity to resume negotiations in an effort to remove potential obstacles to court approval.").

## **CONCLUSION**

For these and the foregoing reasons, Ratliff respectfully requests the Court to stay dissemination of the Proposed Class Notice pending a final ruling on the question of the certification of the Kentucky Class by the Kentucky Supreme Court or such other reasonable time set by the Court.  Ratliff furthermore respectfully requests that the Notice reflect his proposed changes [DE 64513] and that deadlines for notice, opt-out and fairness hearing set forth in the Proposed Notice be extended by at least an additional sixty (60) days to permit the filing of well informed objections to the Proposed Settlement.  Finally, Ratliff requests a hearing on this matter at the Court's convenience.

Respectfully submitted,


 /s/ Richard A. Getty
RICHARD A. GETTY
    and
JESSICA K. CASE

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909

COUNSEL FOR JAMES RATLIFF,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Interested Party James Ratliff's Motion To Stay Dissemination of Notice And Modify Dates Contained In The Proposed Class Notice And Incorporated Memorandum Of Law has been served upon all parties by electronically uploading the same to LexisNexis File and Serve Advance in accordance with Pre-Trial Order No. 8C, and e-mailing and mailing same, postage prepaid, to the individuals listed below, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 1st day of August, 2013.

Russ M. Herman, Esq. (Bar No. 6819)
    and
Leonard A. Davis, Esq. (Bar No. 14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana  70113
E-Mail:  rherman@hhklawfirm.com
E-Mail:  ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel

Phillip A. Wittmann, Esq. (Bar No. 13625)
    and
Dorothy H. Wimberly, Esq. (Bar No. 18509)
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
E-Mail:  pwittmann@stonepigman.com
E-Mail:  dwimberly@stonepigman.com
Defendants' Liaison Counsel

Ann B. Oldfather, Esq. (KY Bar No. 52553)
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky  40208
E-Mail:  aoldfather@oldfather.com
Liaison And Lead Counsel For Ineligible
Or Non-Enrolled Cases And Certain
Other Remaining PI Claims

John H. Beisner, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
E-Mail:  John.Beisner@skadden.com
Counsel for Merck & Co., Inc.

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
E-Mail:  barrios@bkc-law.com
Government Action Liaison Counsel

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
E-Mail:  ecabraser@lchb.com
Co-Lead Class Settlement Counsel

        /s/ Richard A. Getty
       COUNSEL FOR JAMES RATLIFF, ET AL.

jkcpld0732