IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on<br>behalf of a proposed class of those<br>similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**PLAINTIFFS' OPPOSITION TO INTERESTED PARTY JAMES RATLIFF'S
MOTION TO INTERVENE AND INCORPORATED MEMORANDUM  OF LAW
AND MOTION TO STAY DISSEMINATION OF NOTICE AND MODIFY DATES
CONTAINED IN THE PROPOSED CLASS NOTICE AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiffs file this Opposition to Interested Party James Ratliff's Motion to Intervene and Incorporated Memorandum of Law [Rec. Doc. 64520] and Interested Party James Ratliff's Motion to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice and Incorporated Memorandum of Law [Rec. Doc. 64521].

In the first quarter of 2012 negotiations began between Merck and Liaison Counsel assisted by the Executive Committee members appointed by Judge Fallon.  The initial conference took place on February 8, 2012 in Philadelphia, Pennsylvania, and present were Doug Marvin, John Beisner, Russ Herman, who was joined by Christopher Seeger and Andy Birchfield.  Thereafter, negotiations continued for approximately two (2) years in numerous face-to-face negotiation and telephone conference with Russ Herman reporting to the Executive

Committee of the PSC. Merck's representatives required that no other individuals be advised of the ongoing negotiations but that progress would be periodically reported to Judge Fallon by the parties without discussing particulars of the negotiations in terms of quantum, class definitions and other details as reflected in the settlement negotiated. When a settlement was ultimately negotiated, the terms were reflected in the papers filed with the Court. The Executive Committee of Seeger, Birchfield and Herman met to review the product of the negotiation. Thereafter, Elizabeth Cabraser (Chairperson), Dawn Barrios and James Dugan of the Court appointed Purchase Claims (Consumer Claimant) Committee were advised and consulted for their input and approval. The recommendations of that committee were communicated to Merck's representatives and a number of those recommendations were successfully negotiated and included in the final Settlement papers. Elizabeth Cabraser, who represents the Class Representative, and Russ Herman, were unanimously recommended as Co-Class Counsel. Immediately, Plaintiffs' representatives contacted a notice expert, the Kinsella organization, and began to gather the necessary information regarding notice. At the same time, final papers were filed with the Court, a conference involving a Merck and Plaintiffs' representatives took place with the Court. The issue of a Kentucky State Class was discussed among the representatives of Merck and Plaintiffs. At that juncture, there was no certified Kentucky State Class and counsel, Richard Getty, was contacted by Liaison Counsel and Mr. Getty was furnished the MDL Class Action Settlement papers filed of record. Thereafter on numerous occasions, there were face-to-face meetings and conference calls between Plaintiffs' representatives (principally Russ Herman, Elizabeth Cabraser and Dawn Barrios, with input from the Executive Committee and James Dugan) and Richard Getty. There were also meetings between Merck representatives and Mr. Getty in attempts to resolve all differences. Further, there were communications among Merck

representatives, Mr. Getty and Liaison Counsel, which the Court monitored and the Court encouraged resolution. The matter could not be resolved inasmuch as Mr. Getty was insistent that he would prevail before the Kentucky Supreme Court and have a State Class certified.

At the hearing before Judge Fallon on July 24, 2013 for the Preliminary Approval of Class Settlement [Rec. Doc. 64487], all parties appeared through counsel (including Mr. Getty) or telephonically and the Court, in a Minute Entry, required movants to resubmit a proposed order with agreed upon dates for notice and cutoffs. Just after the hearing, Mr. Getty was given a full package of proposed settlement documents, briefs and notice requirements, but unfortunately, left for the airport before discussions could take place. In the meantime, Notice Experts were contacted by Plaintiffs and were advised that the dates which they had previously provided, if moved would push the notice matters and deadlines into the first quarter of 2014 requiring probable increases in costs and notice would have to be reinvestigated. In accordance with the Court's Minute Entry, attempts were made to reach Mr. Getty, which failed. However, emails did take place. Counsel for the State of Kentucky Class, rather than discussing the time table required by the July 24, 2013 Order, filed an exparte version of proposed amendments to the MDL Settlement documents and re-argument of positions which he had made previously.

Plaintiffs' representatives were advised by Mr. Getty's office that they had not been aware of the Minute Entry to meet and confer on dates. Attempts were made to engage Mr. Getty, but Plaintiffs were advised that he was unavailable due to an emergency and other legal matters. The correspondence and emails among counsel illustrate that the discussions and the contrary positions revealed an impasse and the communications certainly rise to the level of failed Meets and Confers. Because movants' counsel was "…Unable to agree…" with Mr. Getty on dates, movants submitted dates to the Court which were consistent with the MDL Settlement

documents in support of Preliminary Approval (after input and discussions with movants' Notice Experts).  Movants adopt and incorporate herein as if copied in extenso the filing made August 1, 2013, Plaintiffs' Opposition to James Ratliff's Proposed Changes to Proposed Class Notice [Rec. Doc. 64519].

Mr. Ratliff attempts to have a second bite at the apple.  He appeared at the preliminary approval of class settlement hearing on July 24, 2013.  He voiced objection at that time.  After considering the arguments of counsel, the Court stated that it did not need to focus on the fairness or adequacy of the Kentucky Class and that he would focus on Kentucky and other states possibly at a later date. (*See:* page 35, lines 5- 13 of July 24, 2013 Transcript.)  Further, the Court opined "I don't think it's going to be confusing to Kentucky residents because it doesn't call upon them to do anything on either side.  And, if they get more than one notice, they get more than one notice.  But they don't have to do anything, other than object.  And, if they do object to the class certification nationwide and then a certification is granted in Kentucky, they have two bites at the apple.  They cannot object to that certification or object to it if they wish.  If they don't object to that (Kentucky Settlement) and they objected to the national, perhaps they're in that one."  (*See:* pages 35 and 36 of July 24, 2013 Transcript.)  The Court further observed Ratliff's position (Mr. Getty's position) and stated, "But I need to tell the parties that this isn't any indication that I'm not concerned about Kentucky or will not take them seriously.  When and if I get to the point of final certification, I'll look at that, as well as any other objections, with the scrutiny that I put on that stage of the case.  But I will take this opportunity to announce that I will conditionally certify it (MDL Settlement) and view it again with greater specificity at a later date."[1]  (*See:* page 36 of July 24, 2013 Transcript.)

---

[1] Parentheses in the July 24, 2013 quoted transcript were provided by undersigned counsel.

4

To this date, including papers filed yesterday by Mr. Getty, neither specific dates have been requested nor has Mr. Getty provided any Expert opinions regarding specific Notice dates. It is apparent to Plaintiffs that the sixty (60) day non-specific delay requested by Mr. Getty is motivated by Mr. Getty's desire to have the Supreme Court of Kentucky reverse the Ratliff denial of class certification prior to the MDL Class Settlement moving forward. The Court appointed the MDL Class Counsel, PSC Executive Committee, and Court appointed Purchase Claims Committee to be charged with the responsibility and obligation to protect the opportunity of ALL potential Class Members nationwide, which MDL Settlement is inclusive of ALL Kentucky potential Class Members.

James Ratliff has not met the applicable requirements for intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure. There is no Kentucky Class at the present time. At best, Mr. Ratliff may be a member of the class preliminarily approved on July 24, 2013. The MDL Settlement is a nationwide settlement that encompasses all states including Kentucky. Kentucky Class Members' interests will be adequately protected in the MDL Settlement. Further, there is no unconditional right to intervene by statute for Mr. Ratliff.

## **CONCLUSION**

Movants respectfully request that Interested Party James Ratliff's Motion to Intervene and Incorporated Memorandum of Law [Rec. Doc. 64520] and Interested Party James Ratliff's Motion to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice and Incorporated Memorandum of Law [Rec. Doc. 64521] both should be denied.

Respectfully submitted,

Dated: August 2, 2013

/s/ Russ M. Herman_____
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 1657 and*
*Co-Lead Class Settlement Counsel*

Elizabeth J. Cabraser, Esquire
LIEFF CABRASER HEIMANN & BERNSTEIN, L.L.P.
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
*Co-Lead Class Settlement Counsel*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, and on Richard Getty (counsel for James Ratliff) by U.S. mail and/or e-mail or by hand delivery and/or e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 2nd day of August, 2013.

                                                /s/ *Leonard A. Davis*
                                                Leonard A. Davis