IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on<br>behalf of a proposed class of those<br>similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**MERCK'S OPPOSITION TO JAMES RATLIFF'S
MOTION TO INTERVENE**

  Mr. Ratliff seeks to intervene – on behalf of himself and a class that does not presently exist – for purposes of derailing a nationwide class settlement that culminates years of litigation before this Court and a year and half of negotiations between Merck and the PSC. The Court should deny the motion. As a threshold matter, the motion is procedurally defective because it is not accompanied by a pleading as required under Rule 24(c). On that basis alone, it should be denied. Moreover, intervention is substantively improper. Mr. Ratliff is part of the nationwide class, and as such he is free to object or opt out. But he has no basis to intervene, either of right or by permission, particularly when his goal is to undermine the MDL settlement rather than improve it in any constructive manner.

1134249v1

**ARGUMENT**

**I. THE MOTION IS PROCEDURALLY DEFICIENT.**

The motion should first be denied because Mr. Ratliff failed to include a pleading with his submission. Under Rule 24(c), a "motion to intervene must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." A putative intervening plaintiff must include a complaint in order to allow the court to determine whether he "states a cause of action or adds new claims" and whether the court, when sitting in diversity, can exercise jurisdiction over the intervenor. *E.g., Chaucer Corporate Capital v. Azad*, No. H-10-180, 2011 U.S. Dist. LEXIS 101170 (S.D. Tex. Sept. 8, 2011) (rejecting intervention by putative plaintiff intervenor who failed to include pleading required under Rule 24(c)). No such pleading was attached here, and on this basis alone, the motion should be denied.

**II. INTERVENTION IS, IN ANY EVENT, IMPROPER.**

Even if the motion were procedurally proper, the request for intervention lacks merit. *First*, the requirements for intervention of right are not satisfied. Rule 24(a) permits intervention by a person who has an unconditional right to intervene as a matter of federal statute or who has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Thus, to intervene as a matter of right, Mr. Ratliff is required to demonstrate that: (1) his application for intervention is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action would impair his ability to protect that interest; and (4) his interest is inadequately represented by the existing parties to the suit. *Taylor Communs. Group, Inc. v. Southwestern Bell Tel. Co.*, 172

F.3d 385, 387 (5th Cir. 1999).  "Failure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id.*

Intervention is not proper under this standard.  Courts have repeatedly rejected requests for intervention of right in ongoing class settlement proceedings because the representatives of the class serve to protect the interests of the absent class members and, to the extent they do not, the absent class members' rights are protected by the right to object or opt out.  In *In re Domestic Air Transportation Antitrust Litigation*, for example the court rejected a claim of intervention as of right in class-settlement proceedings, explaining that "the named plaintiffs adequately portray the interests of the class, and . . . they are represented by competent and experienced counsel." 144 F.R.D. 421, 423 (N.D. Ga. 1992).  And in *In re NASDAQ Market-Makers Antitrust Litigation*, the court rejected a similar request, noting that the "only evidence of inadequate representation" offered by the putative intervenors "is that class counsel negotiated a settlement of which he does not approve.  This difference of opinion can be adequately addressed through this Court's consideration of the fairness of and timely objections to the settlement. Intervention as of right is unnecessary and unwarranted." 187 F.R.D. 465, 490 (S.D.N.Y. 1998).

The same is true here.  The clear purpose of the companion motions to intervene and to stay is to upset a settlement "of which [Mr. Ratliff] does not approve."  As the *Domestic Air* and *NASDAQ Market-Makers* cases make plain, this desire does not give rise to the sort of inadequate representation that is necessary to justify intervention of right.  Instead, Mr. Ratliff – like anyone else who views the settlement as insufficient – can express his position through objections or, ultimately, by opting out.

Moreover, there is simply no merit to Mr. Ratliff's argument that he is not adequately represented.  There has been no effort to undermine, as Ratliff describes it, "the Kentucky class

1134249v1

of consumers." (*See* Stay Mot. at 2.)  For starters, that "class" simply does not exist.  But in any event, more Kentucky residents will benefit from the MDL settlement than from Mr. Ratliff's proposed class because the MDL class is open to all Kentucky consumers who purchased Vioxx and not just those who also consulted medical personnel.  Moreover, Kentucky consumers will be able to recover the full value of their purchase upon presenting proof of the purchase, without going to trial or waiting years for a judicial ruling in state courts.  If the focus is simply on putative class members, and not their counsel's fees, it is clear that consumers' interests are not being undermined.

*Second*, permissive intervention is equally inappropriate.  Under Rule 24(b), the Court "*may* permit" a person to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  (Emphasis added).  Notably, "[i]n exercising its discretion, the court *must* consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Id.* (emphasis added).  Thus, a district court's decision whether to permit intervention is "wholly discretionary," and a district court may deny permissive intervention even where there are common questions of law or fact if intervention would "unduly delay or prejudice the adjudication of the rights of the original parties."  *Graham v. Evangeline Parish Sch. Bd.*, 132 Fed. Appx. 507, 513 (5th Cir. 2005) (quoting Fed. R. Civ. P. 24(b)) (citation and internal quotation marks omitted).

For the same reasons they have denied intervention of right, courts have likewise concluded that permissive intervention is improper in the context of class settlements.  As the *Domestic Air* court explained, there is "no compelling reason to permit the proposed intervention" because, as an objector, Mr. Ratliff would have a "right to object and to appear

through counsel at the fairness hearing," and intervention would not offer anything more. 144 F.R.D. at 423.

Not only is there no need for intervention in the class-settlement context, but such intervention would unduly prejudice the parties, a mandatory consideration under Rule 24(b). As the *NASDAQ Market-Makers* case explained, "'jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit.'" 184 F.R.D. at 514 (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 72 (2d Cir. 1994), and noting that the point has been "repeatedly" made). In rejecting permissive intervention, the court noted that the action before it involved "more than a million . . . class members," and the settlement "took four years to achieve, more than a year to negotiate, and consumed untold hours of the lawyers, the parties, and this Court." In light of these efforts, "intervention at this stage would cause great prejudice to the existing parties." *Id.* at 515; *accord, e.g.*, *Ciba Specialty Chemicals Corp. v. Tensaw Land & Timber Co., Inc.*, 233 F.R.D. 622, 628-29 (S.D. Ala. 2005) (rejecting permissive intervention where "a fair reading of Intervenors' submissions suggests that they wish to inject themselves in this litigation precisely for the purpose of disrupting the nearly-concluded settlement negotiations between the parties"); *Bailey v. White*, 320 Fed. Appx. 364, 366-367 (6th Cir. 2009) (affirming district court's denial of objectors' motion to intervene where objectors had opportunity to participate in the fairness hearing and emphasizing that "[t]here would have been prejudice to the parties if intervention were permitted because the settlement would have been disrupted").

The same is true here. Mr. Ratliff contends that he seeks to intervene "for the purposes of obtaining discovery and access to sealed documents bearing on the fairness of the Proposed Settlement," but as set forth in Merck's opposition to the stay motion, he has no legitimate need for discovery. Mr. Ratliff has already determined that the settlement is unfair and has filed

5

several briefs to that effect.  In truth, what Mr. Ratliff wants is delay, not discovery.  And the ultimate goal of his counsel is not fairness but fees.  As such, his intervention will clearly prejudice the parties.  For this reason too, the motion should be denied.

Finally, and in any event, Mr. Ratliff's counsel cannot intervene on behalf of "Ratliff and the Kentucky class" because no such class exists.  The Kentucky Court of Appeals reversed the trial court's certification order in full.  (*See*, *e.g.*, Op. Rev'g & Remanding at 2 , *Merck & Co., Inc. v. Ratliff*, No. 2011-CA-000234 (Ky. Ct. App. Feb. 10, 2012) (attached as Ex. __) ("[W]e reverse the order of the Pike Circuit Court."); *id.* at 16 ("[C]lass certification is inappropriate . . . ."); *id.* ("[W]e find that the class cannot be certified . . . ."); *id.* ('We reverse and remand to the Pike Circuit Court with instructions for the court to vacate its prior order."). Thus, the class to which Mr. Ratliff refers is imaginary.

1134249v1

**CONCLUSION**

For the foregoing reasons, the Court should deny Mr. Ratliff's motion to intervene.

Dated: August 2, 2013

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1134249v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of August, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1134249v1