IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on<br>behalf of a proposed class of those<br>similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

**MERCK'S OPPOSITION TO JAMES RATLIFF'S
MOTION TO STAY DISSEMINATION OF NOTICE AND MODIFY DATES
CONTAINED IN THE PROPOSED CLASS NOTICE**

Mr. Ratliff's motion asks the Court to stay notice of the proposed nationwide consumer class settlement agreed to by the parties in this MDL proceeding because his parallel consumer-fraud class action is pending before the Kentucky Supreme Court. But Mr. Ratliff's bid to delay the fruits of nearly a decade of effort by the parties and this Court is precisely backwards. Rather than stay ***MDL proceedings*** in deference to state-court matters, MDL courts routinely ***stay state court proceedings that would interfere with a pending MDL settlement***. That result is particularly appropriate here because Mr. Ratliff's counsel is not seeking to improve the class settlement (which covers significantly more Kentucky consumers than Mr. Ratliff's proposed class) or to provide more benefits to class members; he simply wants to scuttle the MDL settlement in the hopes that he can obtain generous fees from a competing state-court action.

1134247v1

Because Mr. Ratliff has provided the Court with no legitimate reason to delay the dissemination of class notice, his request should be rejected outright.

## BACKGROUND

### A. Mr. Ratliff

Mr. James Ratliff – a former user of Vioxx – brought suit in Kentucky state court on behalf of himself and a proposed class of Kentucky residents who purchased Vioxx, alleging that he suffered economic losses in purchasing the drug because Merck failed to disclose its alleged cardiovascular risks.  (*See, e.g.*, Am. Compl. ¶ 30 ("*Ratliff* Compl."), *Ratliff v. Merck & Co.*, No. 04-CI-01493 (Pike Cir. Ct.) (attached as Ex. 1).)  Ratliff asserted multiple causes of action, including a claim for violation of the KCPA.  (*Id.* ¶¶ 28-33.)

On February 10, 2012, a unanimous Court of Appeals panel issued an order reversing the class-certification order and remanding the case to Pike Circuit Court for further proceedings. (*See* Op. Rev'g & Remanding, *Ratliff v. Merck & Co.*, No. 2011-CA-000234 (Ky. Ct. App. Feb. 10, 2012) (attached as Ex. 2).)  Mr. Ratliff subsequently sought discretionary review by the Kentucky Supreme Court, which was granted.  (*See* Order Granting Discretionary Review, *Ratliff v. Merck & Co.*, No. 2012-SC-000162-D (Ky. Nov. 14, 2012) (attached as Ex. 3).)  Mr. Ratliff's appeal is pending before that court.

### B. The MDL Proposed Settlement

Counsel for the parties in this MDL proceeding have engaged in extensive pretrial preparations during which "[m]illions of documents were discovered and collated," "[t]housands of depositions were taken and at least 1,000 discovery motions were argued." *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 721 (E.D. La. 2012) ("*Plubell*").  The Court conducted six bellwether trials, resulting in one verdict for a plaintiff, one hung jury, and four verdicts for

Merck. *Id.* Ultimately, after more than a year of effort comprising more than fifty meetings between counsel for Merck and Court-designated negotiating counsel for plaintiffs, the parties reached an agreement to settle most of the pending personal-injury cases, ultimately resolving almost 50,000 cases. *Id.* at 721-22. Other settlements followed from the efforts of the parties and under the Court's guidance, including resolution of economic-loss claims asserted by private and governmental third-party payors. *See, e.g., id.* at 722-23.

Building on these prior efforts, counsel for Merck and the Plaintiffs' Steering Committee reached a nationwide class action settlement with respect to consumer-fraud claims asserted on behalf of purchasers of Vioxx in February 2013. The settlement provides that any class member who does not opt out of the class will release "all known or unknown economic injury claims . . . under any theory or statute whatsoever . . . arising out of or in any way connected with the purchase of Vioxx in the United States." (*In re Vioxx* MDL Settlement Agreement Related To Consumer Class Actions ("*In re Vioxx* Settlement Agreement"), §§ 1.16, 5.9, July 23, 2013 (attached as Ex. 4.) Thereafter, this Court provisionally certified the class action and gave preliminary approval to the proposed settlement. (*See* Minute Entry, Dkt. No. 64511, July 24, 2013; Tr. Of July 24, 2013 Hearing, 35:14-17 (attached as Ex. 5).)

## ARGUMENT

Although Mr. Ratliff offers a series of arguments in support of his bid to delay the nationwide consumer settlement, they all boil down to his mistaken view that the proceedings should be stayed in light of the pendency of his parallel consumer-fraud class action in Kentucky. (*See* Mot. at 2.) As set forth more fully below, Mr. Ratliff's arguments are baseless and should therefore be rejected.

3

1134247v1

*First*, there is no truth to Mr. Ratliff's assertion that dissemination of class notice on the current schedule would duplicate efforts and waste resources. (Mot. at 5.) Regardless of how the Kentucky Supreme Court ultimately resolves the certification question in Mr. Ratliff's lawsuit, that ruling will have no bearing on the propriety of the nationwide consumer settlement in this Court. The Court has already approved this settlement on a preliminary basis, and Plaintiffs and Merck are entitled to proceed down the path towards final approval of that agreement, including dissemination of class notice.

Mr. Ratliff apparently believes that he is entitled to a stay of the federal nationwide consumer settlement until the Kentucky Supreme Court resolves the certification issue in the *Ratliff* action. (*See* Mot. at 5.) But this suggestion is precisely backwards. MDL courts have repeatedly stayed or enjoined parallel **state court** class actions that could interfere with their administration of a preliminarily approved class-action settlement. *See, e.g.*, *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, 2011 U.S. Dist. LEXIS 62222, at *18-19 (E.D. La. June 9, 2011) (staying related class-action proceedings in state court because "most importantly, the InEx Settlement Agreement is a class action settlement agreement" that has been "preliminarily approved by" this Court); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 U.S. Dist. LEXIS 149738, at *34-35 (D. Minn. Oct. 18, 2012) ("the Court hereby orders that any actions or proceedings pending in any court in the United States involving F1807 Fittings . . . are stayed pending the final fairness hearing and the issuance of a final order and judgment"); *In re Skechers Toning Shoe Prods. Liab. Litig.*, No. MDL 2308, 2012 U.S. Dist. LEXIS 113641, at *36 (W.D. Ky. Aug. 13, 2012) (enjoining parallel state court proceedings upon preliminarily approving nationwide class action settlement in MDL proceeding). As one federal appeals court explained in affirming such an

injunction, "[i]n complex cases where certification or settlement has received conditional approval . . . the challenges facing the overseeing court are such that it is likely that almost ***any*** parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal court." *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 236 (3d Cir. 2002) (emphasis added); *see also Liles v. Campo*, 350 F.3d 742, 746-47 (8th Cir. 2003) (affirming injunction directed at parallel state court proceedings to ensure enforceability of preliminarily approved nationwide class-action settlement). Mr. Ratliff's invitation for the Court to delay the nationwide consumer settlement would turn the widely recognized preeminence of MDL proceedings on its head.

Mr. Ratliff also claims that proceeding down the current class notice schedule before the Kentucky Supreme Court issues its ruling in the parallel Kentucky consumer-fraud class action "will create confusion and potentially result in exponentially higher costs that will improperly deplete the capped fund that has been proposed." (*Id.*) However, when faced with the specter of "competing classes, subjecting class members to dueling class action notices," MDL courts have chosen to shut down the parallel state-court proceedings rather than stay their own hands. *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, MDL 1559, 2003 U.S. Dist. LEXIS 26070, at *16 (W.D. Mo. Dec. 22, 2003) (enjoining parallel state- and federal-court proceedings in light of conditionally approved nationwide settlement); *In re Cmty. Bank of N. Va. & Guaranty Bank Second Mortg. Litig.*, MDL 1674, 2008 U.S. Dist. LEXIS 27684, at *19 (W.D. Pa. Mar. 27, 2008) (enjoining parallel state class action; "members of both the nationwide class and the North Carolina class will be confused as to whether their claims have been settled, or not," which "would directly, and greatly, interfere with the [MDL] action"). Therefore, any confusion generated from a "competing [Kentucky] class" that generates "dueling class action notices" weighs in favor of staying the ***state court*** proceeding – not "frustrat[ing] this [Court's] efforts to

craft a [nationwide] settlement in the multidistrict litigation before it." *In Re Wireless Tele.*, 2003 U.S. Dist. LEXIS 26070, at *15 (internal quotation marks and citation omitted).

***Second***, Mr. Ratliff also urges the Court to delay all dates in the Proposed Notice by an additional sixty days, including the dates for opting out of the nationwide settlement and holding a final fairness hearing, on the ground that additional discovery is needed to present the Court with "well-reasoned and informed objections" to the proposed settlement. (Mot. at 6.) But this request is nothing more than a transparent attempt to delay final resolution of the nationwide settlement until the Kentucky Supreme Court issues its ruling. Notably, Mr. Ratliff fails to specify ***what*** information he would seek with regard to the nationwide settlement. That is not surprising. Mr. Ratliff has already determined that he is dissatisfied with the MDL proceeding and delineated his objections to it. It is simply not plausible that he would require additional discovery to buttress those conclusions at this point. In short, Mr. Ratliff's attempt to delay the nationwide settlement under the guise of discovery simply reflects his counsel's desire to scuttle the MDL settlement in the hopes of obtaining more lucrative fees.[1]

---

[1]  Recent correspondence by Mr. Ratliff's counsel suggests that the PSC and Merck have rushed to seek judgment in this matter. Not so. The parties reached agreement on the principal terms of a settlement nearly four months ago. In the intervening time, the parties have been discussing the settlement with Mr. Ratliff's counsel to try to resolve any objections to the settlement. Indeed, the parties amended the agreement on which they had been working to ensure that it addressed the kind of relief that Mr. Ratliff has been seeking in his action. But this effort has not satisfied Mr. Ratliff's counsel because his real concern is his fees.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Mr. Ratliff's motion to stay dissemination of notice and modify dates contained in the proposed class notice.

Dated: August 2, 2013                                      Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

1134247v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of August, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel