UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ------------------------------------------------------------- | X | |
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | : | MDL No. 1657 |
| | : | |
| ------------------------------------------------------------- | : | SECTION L |
| SHERRILL HERKE, individually and on behalf of a | X | |
| proposed class of those similarly situated, | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:09-cv-07218 |
| | : | |
| MERCK & CO., INC., | X | |
| | | |
| Defendant. | | |
| ------------------------------------------------------------- | | |

**ORDER FOR PRELIMINARY CERTIFICATION OF A CLASS FOR
PURPOSES OF SETTLEMENT AND PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, CLASS NOTICE AND RELATED MATTERS**

The Court is in receipt of Plaintiffs' Motion for Preliminary Approval of Class Settlement (Rec. Doc. 64487), Plaintiffs' Proposed Order (Rec. Doc. 64487-1), James Ratliff's Proposed Changes to Proposed Class Notice (Rec. Doc. 64513-1), Defendant Merck's Opposition to Ratliff's Proposed Changes to Proposed Class Notice (Rec. Dec. 64518), Plaintiff's Opposition to Ratliff's Proposed Changes to Proposed Class Notice (Rec. Doc. 64519), Ratliff's Motion to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice (Rec. Doc. 64521), and related filings.

On July 24, 2013, the Court heard oral argument on the Plaintiffs' Motion for Preliminary Approval of Class Settlement. (Rec. Doc. 64511). At the conclusion of the hearing, the Court noted that objections to the Proposed Class Settlement were premature and should be addressed

at the Fairness Hearing, to be held following the notice period. Nonetheless, the Court instructed counsel for the Plaintiffs and counsel for Ratliff, who has brought a related suit in Kentucky state court on behalf of himself and those similarly situated, to discuss dates. In the minute entry for the hearing (Rec. Doc. 64511), the Court clarified that the parties should meet and confer to find a mutually agreeable set of dates to be included in the Plaintiffs' Proposed Order. It now appears to the Court that the parties have been unsuccessful in their attempts to do so. Pursuant to the Court's minute entry, each of the parties has submitted their own set of dates.[1] The Court has reviewed the respective sets of dates and determined that those proposed by the Plaintiffs are adequate.

IT IS ORDERED that the Ratliff's Motion to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice (Rec. Doc. 64521) is DENIED. The Court sets forth the dates within and language of the Order as follows:

———

Upon considering the Plaintiffs' Motion for Preliminary Approval of Class Settlement, Class Notice and Related Matters (the "Plaintiffs' Motion"), filed by plaintiffs on behalf of a putative class of consumers, seeking preliminary approval of the Proposed Settlement Agreement, together with all of its Exhibits attached thereto, dated July 17, 2013 (the "Proposed Settlement") attached hereto as Exhibit A[2]), and on considering the record of these proceedings,

---

[1] Ratliff requests that the date for members of the Proposed Class to opt-out and the date for the Fairness Hearing be extended by 60 days. (Rec. Doc. 64521 at 7). Ratliff also requested that the Court stay dissemination of the Notice until after the Kentucky Supreme Court had ruled. (Rec. Doc. 64521 at 7).

[2] Unless otherwise set forth herein, capitalized terms used in this Order shall have the same meaning as those defined in the Proposed Settlement.

the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law, the Court finds that:  (1) this Court has jurisdiction over the subject matter and parties to this proceeding; (2) the proposed Class meets the requirements of Rule 23 and should be certified on a preliminary basis for purposes of settlement only and the person set forth below should be appointed class representative; (3) the Proposed Settlement is the result of arm's-length negotiations between the parties; (4) the Proposed Settlement is not the result of collusion; (5) the Proposed Settlement bears a probable, reasonable relationship to the claims alleged by the plaintiffs and the litigation risks of both plaintiffs and Merck; (6) the Proposed Settlement is within the range of possible judicial approval; (7) the proposed class notice substantially in the forms attached hereto as Exhibits D and E to the Proposed Settlement (the "Notice") and the proposed notice plan will provide the best practicable notice to the putative Class under the circumstances, satisfying the requirements of Rule 23 and due process; (8) reasonable cause exists to conduct a hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider whether the Proposed Settlement is fair, reasonable and adequate and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (9) the other related matters pertinent to the preliminary approval of the Proposed Settlement should also be approved.

       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2.      Venue is proper in this district.

3.      The Court finds, on a preliminary basis for settlement purposes only, that the Rule 23 factors are present, and that certification of the proposed Class as set forth below is appropriate under Rule 23 and Rule 23(b)(3); in particular:

"Class" or "Settlement Class" means:

> All individual consumer purchasers of Vioxx in the United States (except members of the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case with respect to purchases made while a resident of the State of Missouri) (the "Settlement Class"), except that the Settlement Class shall include only individuals who purchased Vioxx (by paying all or part of the purchase price) through September 30, 2004, when Vioxx was removed from the market.  For sake of clarity, the Settlement Class defined in the foregoing sentence includes, but is not limited to, all persons referenced in the foregoing sentence who also received a Post-Withdrawal Medical Consultation as defined below in Paragraph 1.13.  All other Vioxx purchasers (including any private or governmental third-party payors that may have paid all or part of the purchase price of Vioxx for use by individual consumers) are excluded.  Also excluded are (a) all persons who have previously settled Vioxx-related claims, including all participants in the Vioxx Resolution Program, (b) any of Merck's directors, officers, employees, or agents, (c) the Court, the judge's immediate family members, and the staff of the Court assigned to work on MDL 1657, and (d) those individuals who timely and validly exclude themselves from the Class by means of the Opt Out Procedure.

4.      The following are the "Released Claims" as defined in the Proposed Settlement Agreement and the related definition of Post-Withdrawal Medical Consultation:

> "Released Claim" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of or in any way connected with the purchase of Vioxx in the United States (except for purchases made while a resident of the State of Missouri covered by the class previously certified by the Circuit Court of Jackson County, Missouri in the *Plubell* case), including, but not limited to, (i) any and all expenditures of, or costs and losses

incurred by, the Class Member in connection with a Post-Withdrawal Medical Consultation, including but not limited to, the costs of such medical consultation and Vioxx-related diagnostic testing, and (ii) the allegations contained in the MDL 1657 Purchase Claims Master Class Action Complaint dated August 1, 2005 and all Related Actions.  The Released Claims do not include any claims for personal injury or death or claims derivative of such claims, nor does this Settlement revive any such claims.

"Post-Withdrawal Medical Consultation" means any office visit to a licensed physician to obtain advice regarding the Class Member's own use of Vioxx and/or to discuss discontinuing the use of Vioxx and possible alternative treatments for that Class Member and that occurred following September 30, 2004, which is when Vioxx was withdrawn from the market, and prior to November 30, 2004. Further, the term Post-Withdrawal Medical Consultation includes any reasonable and necessary diagnostic testing that is solely the result of the Class Member's use of Vioxx and recommended by the Class Member's physician at the Post-Withdrawal Medical Consultation, performed as a result of such recommendation, and occurred after September 30, 2004 but prior to November 30, 2004 ("Vioxx-related diagnostic testing").  However, the definition of Post Withdrawal Medical Consultation does not include any office visits or diagnostic testing occurring during the period from September 30, 2004 through November 30, 2004 that had been scheduled or recommended by the Class Member's physician or licensed prescriber prior to September 30, 2004.

5.    Specifically, the Court preliminarily finds for settlement purposes only that the proposed

Class described above satisfy the following factors of Rule 23(a) and Rule 23(b)(3):

(a)    <u>Numerosity</u>:  In this case, many thousands of individuals have asserted claims or have potential claims.  Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b)    <u>Commonality</u>:  Plaintiffs' claims are common in that they allege that Vioxx was overpriced because Merck allegedly failed to disclose its alleged cardiovascular risks.

(c)    <u>Typicality</u>:  The proposed class representatives' claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the putative Class members.  Furthermore, the proposed Class representatives will advance the interests of all class members.  The individual class representatives allege various causes of action for recovery of alleged economic harms arising from the purchase of Vioxx®.  The proposed class representatives' claims are typical of those of the proposed Class and satisfy Rule 23(a)(3).

(d)   <u>Adequacy</u>:  The proposed class representatives assert claims representative of the claims of the entire class.  As such, even though the claims may not be identical to every claim of every putative Class member, the proposed class representatives can adequately represent the putative Class.

The adequacy factor also considers Class Counsel.  In this case, Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied.

(e)   <u>Predominance</u>:  There is predominance.  Common issues include: (a) whether Vioxx® carries a risk of cardiovascular disease, and (b) whether Merck adequately disclosed the risks of Vioxx.  The resolution of these questions is relevant to essential elements of every Class member's claims.

(f)   <u>Superiority</u>:  A settlement class that will determine the issues common to all Class members and fix compensation for alleged economic injury is superior to thousands of trials that would risk disparate results for similarly situated people and entities.

6.   In the interest of clarity, the Court reiterates that the Court makes the above findings set forth in paragraph 5 regarding certification of the proposed Class only on a preliminary basis and only for the purposes of settlement.  The Court's preliminary findings regarding the class certification requirements of Rule 23(a) and Rule 23(b)(3) are subject to final certification at the fairness hearing.

7.   The Court appoints the following as class representative: Sherrill Herke.

8.   The Court preliminarily approves the Proposed Settlement, together with all of its Exhibits, attached hereto as Exhibit A, as being fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval, such that the terms and conditions shall be considered by the putative members of the Class (as defined in the Proposed Settlement).

9.      The Court approves the form and content of the Claim Form, substantially in the form attached as Exhibit B to the Proposed Settlement, and the procedure and proof required to establish a valid claim under the Proposed Settlement.

10.     The Court approves the form and content of the Notice for mailing and the abbreviated Notice for publication, substantially in the forms attached hereto as Exhibits D and E to the Proposed Settlement, as satisfying the requirements of Rule 23 and due process.

11.     The Court directs that Kinsella Media, LLC be confirmed to act as the Notice Agent (as defined in the Proposed Settlement) and directs the Notice Agent to disseminate the Notice pursuant to manner set forth in the Notice Plan contained in  Plaintiffs' Motion, which satisfies the requirements of Rule 23 and due process.

12.     The Court approves of the appointment of Russ Herman of Herman, Herman & Katz, LLC and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein as Co-Lead Settlement Class Counsel for the Class and who are collectively appointed "Class Counsel" for the Class.

13.     The Court directs that Brown Greer LLP be confirmed to act as the Claims Administrator (as defined in the Proposed Settlement) and directs the Claims Administrator to perform the functions of the Claims Administrator as set forth in the Proposed Settlement.

14.     The Court directs that the Claims Administrator receive any exclusion requests and Claim Forms submitted by members of the Class pending the final approval of the Proposed Settlement.   The Court further directs that pending the Effective Date, the Claims Administrator may communicate with any Class members, counsel for Class Members, if

any, Class Counsel and other counsel, concerning Class members' Proof of Claim Forms submitted pursuant to the terms of the Proposed Settlement.   However, the Claims Administrator may not communicate with either party, Class Counsel and Merck's counsel, without representatives of both parties being present (personally or telephonically).

15.    The exclusion or opt-out procedure set forth in the Proposed Settlement and in Exhibit E of the Proposed Settlement is approved, which directs that any Class Member wishing to be excluded from the Class must sign a written request to be excluded containing the information required to be set forth in the Notice, and this exclusion request must be mailed to the "Vioxx Consumer Claims Administrator, P.O. Box 26882, Richmond, VA 23261" and be postmarked (no metered postmarks) on or before **November 9, 2013**.

16.    The Claims Administrator will provide timely reports to counsel for the Parties of the number and identity of those members of the Class who have requested exclusion from the Class.

17.    The Court directs that Class Counsel may assist members of the Class in filing Proof of Claim Forms in accordance with the Proposed Settlement pending the final approval of the Proposed Settlement, and Class Counsel may accept and respond to inquiries by members of the Class wishing to speak with Class Counsel pending the final approval of the Proposed Settlement.

18.    The Court directs that a hearing be scheduled for **December 13, 2013, at 8:30 a.m.,** (the "Fairness Hearing") to assist the Court in determining whether certification is appropriate and the Proposed Settlement is fair, reasonable and adequate.  Objectors to the Proposed

Settlement may be heard at the Fairness Hearing; however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless on or before **November 9, 2013**, any such objector:  (1) has filed with the Clerk of the Court <u>in writing</u> a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance, (2) such objector personally or by counsel, to any of the applications before the Court, submits a written statement describing in full the basis for such objector's opposition, and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court, and (3) has served, on or before **November 9, 2013**, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that objector files with the Court or wishes the Court to consider at the Fairness Hearing, upon:  (i) Russ Herman of Herman, Herman & Katz, LLC, Co-Lead Settlement Class Counsel for Plaintiffs, at 820 O'Keefe Avenue, New Orleans, LA 70113, and (ii) Douglas R. Marvin, Esq. of Williams & Connolly LLP, Co-Counsel for Merck, at 725 Twelfth Street, N.W., Washington, D.C. 20005.   Objections will be deemed waived if the procedures for objecting to the Proposed Settlement are not followed.

19.	The Court further directs and approves the establishment and maintenance of a Common Fund Escrow Account pursuant to the terms of the Proposed Settlement pending a decision on final approval, which Common Fund Escrow Account shall be under the jurisdiction of this Court and which is approved as a Qualified Settlement Fund pursuant to Treas. Reg. §1.468B-1.

20.     Prosecution of this litigation shall be stayed pending the settlement proceedings and further Orders of the Court.

21.     Those Related Actions that are identified on Exhibit C to the Proposed Settlement as being a part of the docket of this MDL No. 1657 also shall be stayed pending the settlement proceedings and further Orders of the Court.

22.     The parties have reserved all claims and defenses should the Proposed Settlement not become final for whatever reason.

23.     Merck has reserved the right to contest certification of the class *de novo* should the Proposed Settlement not become final for whatever reason.  If the Proposed Settlement does not become final, the conditional certification of the class will be null and void and the litigation will proceed as if there had been no settlement, conditional certification or notice.

New Orleans, Louisiana, this 2nd day of August, 2013.

UNITED STATES DISTRICT JUDGE