**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: VIOXX PRODUCTS**                    MDL No. 1657
**LIABILITY LITIGATION**                      Section: L
**This document applies to:**
*Poole v. Eichholz Law Firm, P.C., et al.*        Judge Eldon E. Fallon
*E.D. La., Case No. 2:11-cv-1546*              Mag. Judge Knowles

<u>**CLASS SETTLEMENT AGREEMENT**</u>

This Class Settlement Agreement is entered into by and between Plaintiff Verie Poole, on behalf of herself and all those in the Settlement Class as defined herein, and The Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC, the named Defendants in the above-captioned case (the "Action").

WHEREAS, Plaintiff, on behalf of herself and all those in the Class as defined in the Complaint filed in the Action, has asserted claims against Defendants alleging tortious conduct in regard to certain advances made by Defendant PLF with respect to settlements of Vioxx claims of clients of Defendant TELF;

WHEREAS, Defendants have denied any misconduct or liability as alleged by Plaintiff in the Action;

WHEREAS, Plaintiff and Defendants have engaged in significant litigation in the Action through experienced counsel and have come to a thorough understanding of the facts and issues therein; and

WHEREAS, the Parties have engaged in good-faith negotiations regarding the matters at issue in this Action; and

WHEREAS, the Parties wish to avoid the effort, expense and risk of continued litigation;

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound, Plaintiff, the Settlement Class Members and Defendants agree as follows:

1. **Definitions**

    1.1. "**Action**" shall mean the above-captioned case, to wit: *Verie Poole, on behalf of herself and all those similarly situated v. The Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC, E.D. La., Case No. 2:11-cv-1546, pending in MDL No. 1657.*

    1.2. "**Administrative Expenses**" shall mean the expenses associated with notice to the Settlement Class Members and administering the Settlement, specifically including the expenses of mailing notice to the Settlement Class and any fees associated with establishing and maintaining the Escrow Account and compensating the Escrow Agent(s) for services rendered in regard to this Settlement.

    1.3. "**Class Representative**" or "**Settlement Class Representative**" shall mean Plaintiff Verie Poole.

    1.4. "**Court**" shall mean the United States District Court for the Eastern District of Louisiana and the Honorable Eldon E. Fallon, who presides over *In re Vioxx Products Liability Litigation*, MDL No. 1657, including the Action.

    1.5. "**Defendants**" shall mean The Eichholz Law Firm, P.C. and Pacific Legal Funding, LLC, collectively.

    1.6. "**Effective Date**" shall have the meaning set forth in Section 3 below.

    1.7. "**Escrow Account**" shall have the meaning set forth in Section 11 below.

    1.8. "**Escrow Agent**" shall have the meaning set forth in Section 11.1 below.

1.9. "**Execution Date**" shall mean March __, 2013, the date this Settlement Agreement is signed by all Parties.

1.10.  "**Final Order and Judgment**" shall mean a Final Order and Judgment entered by the Court as set forth in Sections 3.1.2 and 4.3 below.

1.11.  "**PLF**" shall mean Pacific Legal Funding, LLC and all of its past, present and future owners, partners, shareholders, officers, directors, agents, attorneys, employees, parents, associates, subsidiaries, divisions, affiliates, insurers, and all predecessors and successors, assigns, or legal representatives.

1.12.  "**Preliminary Approval Order**" shall mean an order of this Court preliminarily approving the Settlement.

1.13.  "**Released Claims**" shall have the meaning set forth in Section 5.1.1.

1.14.  "**Released Party[ies]**" shall mean Defendants and their respective parents, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns, together with their respective past, present and future officers, directors, board members, shareholders, members, presidents, managers, partners, employees, agents, servants, representatives, consultants, in-house or outside attorneys.

1.15.  "**Settlement**" or "**Settlement Agreement**" shall mean this Class Settlement Agreement, and the settlement for which it provides, resolving all claims against Defendants related to or arising from the subject matter of the Action, as well as all exhibits attached hereto or incorporated herein by reference.

1.16.  "**Settlement Class**" or "**Settlement Class Members**" shall mean Plaintiff and all persons who entered into a litigation funding transaction with Pacific Legal Funding, LLC whereby such person received an advance relative to a Vioxx settlement

obtained by a client or clients of Defendant TELF and, further, where such person paid to PLF (by a disbursement from the Vioxx settlement proceeds) some fee, interest or other charges, exclusive of the repayment of the principal amount of the advance.  Excluded from the Settlement Class are Defendants and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants, as well as those individuals who would otherwise qualify as a Settlement Class Member but who timely opt out of the Settlement Class as set forth in Section 8 hereof.  A list of the individuals comprising the Settlement Class (subject to opt outs) is attached hereto as Exhibit 1.

1.17.    "**Settlement Class Counsel**" means Mark Tate and C. Dorian Britt of Tate Law Group, LLC.

1.18.    "**Settlement Amount**" or "**Settlement Fund**" is ninety-five thousand dollars and no cents ($95,000.00).

1.19.    "**Settling Parties**" shall mean Plaintiff, the Settlement Class Members and Defendants.

1.20.    "**TELF**" shall mean The Eichholz Law Firm, P.C. (f/k/a The Law Office of Benjamin Sheftall Eichholz, P.C.) and all of its past, present and future owners, partners, shareholders, officers, directors, agents, attorneys, employees, parents, associates, subsidiaries, divisions, affiliates, insurers, and all predecessors and successors, assigns, or legal representatives.

2.      **Settlement Fund**

2.1. Subject to the provisions herein, and in full, complete and final settlement of the Action and all claims related thereto, Defendants shall pay the Settlement Amount into an escrow account to be administered in accordance with the provisions of Section 11 of this Settlement Agreement (the "Escrow Account") according to the following schedule: an initial payment of $16,000.00 shall be paid no later than thirty (30) days after the Effective Date and $15,800.00 shall be paid monthly thereafter for the following five (5) months. The Settling Parties will cooperate to execute an appropriate escrow agreement.

2.2. Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Defendants of all Released Claims, and shall have no other recovery of costs, fees, attorneys' fees, damages, or any other relief against Defendants.

2.3  After the Effective Date of this Settlement Agreement within the meaning of Section 3, the Settlement Fund shall be distributed in accordance with the following plan of distribution:

(i) First, Plaintiff shall be paid an incentive award of $1,000.00 for serving as the Class Representative in the Action.

(ii) Next, each Settlement Class Member submitting a timely claim after notice shall receive a refund of 75% of the charges paid by such claimant to PLF for the advance (exclusive of the principal amount of the advance).  The claims shall be paid in the order received as the Settlement Funds become available pursuant to the payment schedule set forth in Section 2.1 hereof.

(iii) After the foregoing distributions are complete, Settlement Class Counsel would be entitled to a distribution from the Settlment Fund of such Fee and Expense Award as may be approved by the Court pursuant to the terms of Section 13 hereof.

(iii) Finally, any remaining Settlement Funds shall be distributed evenly to three designated non-profit organizations as set forth in Section 11.5 hereof.

2.4. The Settlement Fund and plan of distribution shall provide redress and satisfaction of all claims by the Settlement Class Members related to the subject matter of the Action.  In no event, with the exception of reasonable costs of notice and claims administration as set forth in Section 12.1 of this Agreement, shall Defendants have any further responsibility, financial obligation, or liability whatsoever to the Settlement Class Members.

3.    **Effective Date**

3.1. The Settlement shall become effective on the Effective Date. The Effective Date shall be the date when each of the following has occurred:

3.1.1. Final approval by the Court of the Settlement Agreement, following notice to the Settlement Class and a Fairness Hearing, in accordance with Rule 23 of the Federal Rules of Civil Procedure;

3.1.2. Entry by the Court of a Final Order and Judgment in all material respects in the form set forth in Exhibit 2, attached hereto (with only such changes in form as may be agreed to by Settling Parties); and

3.1.3. The expiration of any time for appeal, review or alteration of such Final Order and Judgment, or, if any appeal is filed and not dismissed, after such Final Order and Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal by writ of certiorari, or alteration in any respect.

4.    **Approval of this Agreement and Dismissal of All Claims Against Defendants**

4.1. Settlement Class Counsel and Defendants shall recommend approval of this Settlement by the Court. The Settling Parties shall use their best efforts to effectuate this

Settlement, including cooperating in seeking judicial approval for the establishment of procedures (including the filing of class notice under Federal Rules of Civil Procedure 23(c)) to secure the prompt, complete, and final dismissal with prejudice of the Action.

4.2. As soon as reasonably practicable, Settlement Class Counsel shall submit to the Court a motion for: (a) preliminary approval of the Settlement; (b) conditional certification of the Settlement Class; (c) authorizing the form and dissemination of notice of the Settlement; and (d) scheduling a Fairness Hearing. The Motion shall include a proposed order preliminarily approving this Settlement and a proposed form of, method for, and date of dissemination of notice. The text of the foregoing items shall be agreed upon by Settlement Class Counsel and Defendants before submission to the Court. The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement is valid, due and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23. The Motion shall request approval of the notice and preliminary approval of the Settlement.

4.3. The Settling Parties jointly shall seek entry of a Final Order and Judgment, the terms of which shall include:

4.3.1. A finding that the notice given to the Settlement Class constitutes due, adequate and sufficient notice, and meets the requirements of due process, the Federal Rules of Civil Procedure, and any applicable state laws;

4.3.2. A finding that the appropriate State official of each State in which a Class Member resides, and the appropriate Federal official, have been served with a notice of proposed settlement that complies with the requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1711-15;

7

4.3.3. Certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3);

4.3.4. A finding that the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved and, consequently, approving the Settlement;

4.3.5. The approval of the Class Release provided in Section 5 hereof and an order that, as of the Effective Date, the Released Claims as defined in 5.1.1 will be released as to Defendants;

4.3.6. A dismissal with prejudice of all of the Settlement Class Members' claims in the Action against Defendants;

4.3.7. An order enjoining and forever barring any and all Settlement Class Members from commencing and/or maintaining any action, legal or otherwise, or any and all claims, currently known or unknown, which could have been brought against Defendants and/or any other Released Party arising from or relating to the subject matter of the Action; and

4.3.8. A finding that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

4.4. Neither this Settlement Agreement (whether or not it becomes final), nor the Final Order and Judgment, or any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Defendants or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by Plaintiff or the Settlement Class Members in the Action. Neither this Settlement Agreement, or any of its terms and provisions, or any of the negotiations or proceedings

connected with it, by any of the Settling Parties shall be offered by the Settling Parties as evidence in any pending or future civil, criminal or administrative action or proceedings, except in a proceeding to enforce this Settlement, or defend against the assertion of Released Claims, or as otherwise required by law. This Section shall survive any termination or rescission of the Settlement.

5.      **Releases, Discharges and Covenants Not to Sue.**

5.1. In addition to and not in lieu of the effect of any Final Order and Judgment entered in accordance with this Agreement, upon this Settlement Agreement becoming final as set forth in Section 3 above, and in consideration of the payment of the Settlement Amount and for other good and valuable consideration, Defendants and the Released Parties shall be fully, finally, and forever released as follows:

5.1.1.   Defendants and the Released Parties shall be completely released, acquitted and forever discharged from any and all claims, demands, judgments, actions, suits, or causes of action, known or unknown, whether class, individual or otherwise (whether or not any member of the Settlement Class has objected to the Settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity) that members of the Settlement Class ever had, have now or hereafter can, shall, or may have on account of, arising out of, or relating to any act or omission of Defendants or the Released Parties concerning the subject matter of the Action, including but not limited to, any conduct alleged and causes of action asserted in the Action, or that could have been asserted or alleged in the Action and that arise out of the facts alleged in the Action (collectively the "Released Claims").

5.1.2.  The Settlement Class Members shall not, after the Execution Date, seek to establish liability in the Action against Defendants or any Released Party based, in whole or in part, upon any of these Released Claims or conduct at issue in the Released Claims.

5.2. The Settlement shall be the sole and exclusive remedy for any and all Released Claims of all Settlement Class members against Defendants and the Released Parties. Other than as set forth in this Settlement, Defendants shall not be subject to liability or expense of any kind to any Settlement Class Member with respect to any Released Claim.

5.3. Upon entry of the Final Order and Judgment pursuant to the Final Fairness Hearing, the Settlement Class Members shall be barred from initiating, asserting, or prosecuting any and all claims, settled or otherwise, known or unknown, against the Defendants and any other Released Party, that arises from, concerns or otherwise relates, directly or indirectly, to the subject matter of the Action.

5.4. The Settling Parties shall move the Court to enjoin and forever bar any and all Settlement Class Members from maintaining, continuing, prosecuting, and/or commencing the Action or any and all claims or actions, pending or future, against Defendants that arises from, concerns or otherwise relates, directly or indirectly, the subject matter of the Action.

6.      **Certification of Federal Rule of Civil Procedure 23(b)(3) Settlement Class and Related Motions**

6.1. This Settlement shall be subject to approval of the Court.

6.2. The Settlement Class Members and Defendants will move jointly for a Preliminary Approval Order:

6.2.1. Preliminarily certifying the Settlement Class and preliminarily approving the Settlement;

6.2.2. Confirming that the proposed form of and method for dissemination of the notice of the Settlement is valid, due and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23;

6.2.3. Setting a date for the Fairness Hearing; and

6.2.4. Staying all claims in the Action as to Defendants.

6.3. Settlement Class Members and Defendants will stipulate to the Court in the request for entry of the Preliminary Approval Order that (i) the Settlement Class is being certified for settlement purposes only pursuant to the Settlement, (ii) Defendants reserves the right to object to class certification de novo in the event this Settlement is terminated for any reason, and (iii) this Settlement shall have no precedential effect with regard to certification of a litigation class that may arise if this matter is not fully and completely resolved through this settlement effort, or otherwise.

7.      **Notice to Settlement Class Members**

7.1. Within fifteen (15) days of entry of the Preliminary Approval Order ("Notice Date") preliminarily certifying the Settlement Class as defined in Section 1.16 hereof, Defendant TELF's Counsel will disseminate the Class Settlement Notice ("Notice") approved by the Court as follows:

7.1.1. By first-class mail to the current (if known) or last known address(es) of the Settlement Class Members, such last known address(es) to be determined and/or confirmed by three people-search databases; and

7.1.2. By providing a copy of the Notice and requesting that it be posted on the Court's Vioxx Products Liability MDL website.

7.2. The cost of Notice shall be paid by Defendants separately from the Settlement Fund.

8.    **Exclusion from the Settlement**

8.1. **Opt-Out Period**

8.1.1. Settlement Class Members will have sixty (60) days from the Notice Date (or such different period as the Court may direct) to opt out of the Settlement in accordance with Section 8.2. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out pursuant to the terms set forth in Section 8.2 by the end of the 60-day period will be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the Released Claims. Any Settlement Class Member who opts out in conformance with Section 8.2 shall retain whatever rights he or she may have against Defendants and the other Released Parties.

8.2. **Opt-Out Process**

8.2.1. To properly opt out of the Class, a Settlement Class Member must provide a written request which must be: (1) in writing, indicating the Class Member's mailing address; (2) signed by the Class Member – any request made verbally or signed by counsel as opposed to the Class Member themselves shall not be sufficient notice of the Class Member opting out of this Settlement; (3) mailed to Settlement Class Counsel, Mark Tate, Esq., at Tate Law Group, LLC, 2 East Bryan Street, Suite 600, Savannah, Georgia  31401 or to Defendant TELF's counsel, Joseph Coomes, Esq., at McConnell, Sneed & Cohen, LLC, 990 Hammond Drive, Suite 840, Atlanta, Georgia 30328; and (4) postmarked within the 60-day period described in Section 8.1.1.

8.2.2. Settlement Class Counsel shall file all opt outs with the Court at the same time they file their memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

8.2.3. Defendants and Settlement Class Members shall seek an order of the Court compelling mediation of opt-out claims at least 14 days before the Fairness Hearing.

9.    **Objections**

9.1. Any Class Member who has any objection to certification of the Class, or to the approval of this Settlement or any terms hereof, or to the approval process must make that objection by the following procedure:

9.1.1. The objection must be in writing;

9.1.2. The objection must be postmarked within the 60-day period described in Section 8.1.1;

9.1.3. The objection must set forth all objections, explain the reasons for the objection, and include any written material on which the objection is based or on which the objector intends to rely;

9.1.4. The objection must state whether the Class Member or her lawyer intends to appear at the Fairness Hearing. The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence, at the Fairness Hearing;

9.1.5. The objection must be signed by the individual Class Member and by his or her counsel - an objection signed by counsel alone shall not be sufficient;

9.1.6. The objection must contain the caption of the Action and include the name, mailing address, e-mail address (if any, an e-mail address is not required), and telephone number of the objecting Class Member;

9.1.7. The objection and/or any notice of intent to appear at the Fairness Hearing must be mailed to the following address: Clerk of Court, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, with copies to Settlement Class Counsel, Mark Tate, Esq., at Tate Law Group, LLC, 2 East Bryan Street, Suite 600, Savannah, Georgia  31401 and to Defendant TELF's counsel, Joseph Coomes, Esq., at McConnell, Sneed & Cohen, LLC, 990 Hammond Drive, Suite 840, Atlanta, Georgia 30328 and to counsel for Defendant PLF's counsel, Jonah Flynn, Esq., Flynn Law Firm, LLC, 945 East Paces Ferry Road, Suite 2525, Atlanta, Georgia  30326. The objection must be postmarked before the expiration of the 60-day period described in Section 8.1.1. Settlement Class Counsel shall file all objections with the Court at the same time they file their memorandum in support of final approval of the Settlement, which is no later than 21 days prior to the Fairness Hearing.

9.2. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through the objector's counsel), or to object to certification of the Settlement Class or to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the Member's objection, any brief in support of the objection, and any statement of intention to appear at the Fairness Hearing have been served

upon Settlement Class Counsel and Defendant TELF's counsel within the 60-day period described in Section 8.1.1.

9.3. Settlement Class Members who fail to file and serve timely written objections in accordance with Section 9.1 shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the certification of the Settlement Class or to the Settlement.

10.   **Fairness Hearing**

10.1. The Fairness Hearing shall be scheduled no earlier than 96 days from the Notice Date described in Section 7.1.

10.2. At the Fairness Hearing the Court shall, *inter alia*, (i) consider any properly filed objections to the Settlement, (ii) determine de novo whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith, and (iii) enter the Final Order and Judgment, including final approval of the Settlement Class and the Settlement.

11.   **Escrow Account**

11.1. The Escrow Account will be established at a bank or such other financial institution agreed upon by the Settling Parties, with counsel for Defendant TELF, Joseph Coomes, serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Settlement Class Counsel and Defendants, which Escrow Account shall be administered under the Court's continuing supervision and control.

11.2. All funds held in the Escrow Account shall be deemed to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such funds shall be distributed pursuant to this Settlement Agreement and/or further orders of the Court.

11.3. Any accrued interest shall remain with the balance of the Settlement Fund except as provided in Section 11.4.

11.4. The Settlement Fund shall be first used for the payment of the claims of the Settlement Class Members, an incentive award of $1,000.00 to Plaintiff Verie Poole for her serving as the Class Representative, followed by payment of Plaintiff's attorneys' fees and the reimbursement of reasonable litigation expenses in the Action (such fees and expenses in no event to exceed one-third of the Settlement Amount). As will be set forth in the motion for preliminary and final approval, Settlement Class Counsel will seek an order from the Court granting Settlement Class Counsel payment of attorneys' fees and reimbursement of expenses from the Settlement Fund.

11.5. In the event any monies remain as residue in the Settlement Fund following all distributions to Settlement Class Members and Settlement Class Counsel approved by the Court, Settlement Class Counsel shall move the Court for an order directing the Escrow Agent to distribute the remaining funds equally among: a) United Way; b) Savannah Jewish Federation; and c) Rambam Day School of Savannah. Such delivery of the remaining funds shall be accompanied by a letter to the recipients stating that the funds comprise the residue of the Settlement Fund in the Action and are being provided by agreement of the Parties and their counsel.

11.6. Neither Defendants nor any other Released Party, nor their respective counsel shall have any liability or responsibility for any taxes associated with the Settlement Fund, nor for maintaining or securing any desired tax status for the Settlement Fund, nor for any negligence, fraud, or malfeasance regarding the Settlement Fund.

11.7. If this Agreement does not receive final approval as described in Section 3.1.2 and 4.3, the Settlement Amount shall be promptly returned to Defendants from the Escrow Account by the Escrow Agent including any interest accrued thereon.

12.     **Payment of Administrative Expenses**

12.1.Defendants agree to bear the reasonable cost of notice to the Settlement Class Members and related administration, claims processing costs and costs relating to the Escrow Account and Escrow Agent ("Administrative Expenses").

13.     **Fees and Reimbursement of Expenses for Settlement Class Counsel**

13.1. Settlement Class Counsel shall be awarded such fees and reimbursed such reasonable expenses from the Settlement Fund as are approved by the Court.

13.2. Settlement Class Counsel may submit an application to the Court for distributions from the Settlement Fund, and Defendants shall not oppose or object to Settlement Class Counsel's application for an award of attorneys' fees and the reimbursement of reasonable expenses incurred in connection with prosecuting the Action, such award not to exceed one-third of the Settlement Amount (the "Fee and Expense Award"). Other than any award to Settlement Class Counsel as describe above, Defendants shall not have any responsibility for the payment of any other attorneys' fees or expenses, including to the Plaintiff's Steering Committee in this Vioxx Product Liability MDL.

13.3. The Fee and Expense Award, as approved by the Court in the Final Order and Judgment, shall be paid from the Settlement Fund to Settlement Class Counsel after all valid Settlement Claims have been paid, as Settlement funds become available. Settlement Class Counsel shall provide Escrow Agent with a copy of such Final Order.

13.4. Other than paying the Settlement Amount into escrow, Defendants shall not have any responsibility for, or interest in, or liability whatsoever with respect to any payment of any Fee and Expense Award in the Action to Settlement Class Counsel.

13.5. Defendants and the Released Parties shall not have any responsibility for, interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

14. **Conduct During The Pendency Of This Settlement.**

14.1. Plaintiff and Defendants agree to jointly seek a stay of the Action during the Court's consideration of this Settlement and the related time period before the Court can enter the Final Order and Judgment. Prior to the Order granting the joint motion to stay the Action, or in the event the Court does not grant the joint motion to stay, neither Defendants nor Settlement Class Members shall file motions against, or seek discovery from, the other in the Action during the pendency of the Settlement. Neither Defendants nor Settlement Class Members need respond to formal discovery or motions from the other and shall not otherwise participate in the Action against one another during the pendency of this Settlement Agreement commencing upon execution of this Settlement. In the event that the Settlement is not approved by the Court or otherwise terminates, Defendants and Settlement Class Members expressly reserve all of their rights, and agree to propose to the Court a reasonable schedule for the continuance of the litigation of the Action.

15. **Rescission If This Agreement Is Not Approved Or Final Judgment Is Not Entered.**

15.1. If the Court refuses to approve this Settlement or if such approval is modified in a material way or set aside on appeal, or if the Court does not enter the final judgment, or if final

judgment is entered and appellate review is sought, and on such review, such final judgment is reversed, then Defendants and the Settlement Class Members shall each, in their sole discretion, have the option to rescind this Settlement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Section 16.9 below. If either Defendants or the Settlement Class Members opt to rescind this Settlement, the Settlement Amount shall be returned to Defendants within ten (10) business days, all parties are to be restored to their respective positions prior to the execution of this Settlement Agreement, and no assignment of rights will have accrued in favor of the Settlement Class Members. A modification or reversal on appeal of any amount of attorneys' fees and expenses awarded by the Court from the Settlement Fund, or of an order approving a plan of distribution, shall not be deemed a modification of all or a part of the terms of this Settlement or such final judgment.

15.2. In the event that this Settlement Agreement does not become final or is otherwise terminated, then this Settlement Agreement shall be of no force or effect except as otherwise stated herein, and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Defendants within ten 10) business days. Defendants expressly reserve all of their respective rights if this Settlement does not become final. Further, Settlement Class Members and Defendants agree that this Agreement, whether or not it becomes final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Defendants (or the Released Parties), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed by Settlement Class Members in the Action, and evidence

thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding to the fullest extent allowed by law.

16.    **Miscellaneous**

16.1. This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this agreement, for a complete resolution of Settlement Class Members' claims with respect to Defendants and the Released Parties as provided in this Settlement Agreement.

16.2. This Settlement Agreement does not settle or compromise any claims by Settlement Class Members asserted in the Actions against any defendant other than Defendants and the Released Parties, nor any claims Defendants have or may have. All rights against such other defendants other than Defendants and the Released Parties are specially reserved by Settlement Class Members.

16.3. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Georgia without regard to its choice of law or conflict of laws principles. The United States District Court for the Eastern District of Louisiana shall retain jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Settlement or the applicability of this Settlement that cannot be resolved by negotiation and agreement by Settlement Class Members and Defendants.

16.4. This Settlement Agreement constitutes the entire, complete and integrated agreement among Settlement Class Members and Defendants pertaining to the settlement of the Action against Defendants, and supersedes all prior and contemporaneous undertakings of Settlement Class Members and Defendants in connection herewith. Notwithstanding the foregoing, any written addendum to this Agreement that is signed on behalf of the Settlement

20

Class Members and Defendants who are bound by that addendum shall be given the same force and effect as if it were part of this Agreement. This Agreement may not be modified or amended except in writing executed by Settlement Class Members and Defendants, and approved by the Court.

16.5. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Participating Settlement Class Members, Defendants and the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Settlement Class Members shall be binding upon all Settlement Class Members.

16.6. This Agreement may be executed in counterparts by Settlement Class Members and Defendants, and signature transmitted electronically or by facsimile shall be deemed an original signature for purposes of executing this Settlement.

16.7. Neither Settlement Class Members nor Defendants shall be considered the drafter of this Settlement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might case any provision to be construed against the drafter of this Settlement Agreement.

16.8. The headings in this Settlement Agreement are inserted as a matter of convenience only, and do not define, limit, or describe the scope of this Settlement Agreement or the intent of its provisions.

16.9. Where the Settlement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by e-mail, facsimile, or letter by overnight delivery to the undersigned counsel of record for the party to whom the notice is being provided.

16.10. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Class Settlement Agreement, subject to Court approval.


DATED: March___, 2013

Respectfully submitted,


_____
Mark A. Tate
Georgia Bar No. 698820
C. Dorian Britt
Georgia Bar No. 083259
*Counsel for Plaintiff Verie Poole*

Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, Georgia 31401
Tel: (912) 234-3030
Fax: (912) 234-9700
Email: marktate@tatelawgroup.com


_____
Joseph Coomes
Georgia Bar No. 184999
*Counsel for Defendant The Eichholz Law Firm, P.C.*

McConnell, Sneed & Cohen, LLC
990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3476
Email: jcoomes@msclaw.net


_____
Jonah Flynn
Georgia Bar No. 266555
*Counsel for Defendant Pacific Legal Funding, Inc.*

22

Flynn Law Firm, LLC
945 East Paces Ferry Road
Suite 2525
Atlanta, GA 30326
Tel: (404) 835-9660
Fax: (404) 835-6005
Email: jflynn@flynnfirm.com

**EXHIBIT 1**

SETTLEMENT CLASS MEMBERS

Altman, Susan
Bernard, Patricia
Clifton, Tina
Dillon, Joshua
Fleming, Tara
Foots, Angela
Green, Priscilla
Greene, Alphagia
Greene, Gary
Horsley, Jeanette
Kennedy, Mary
Lee, Demetrius Lee
Morgan, Steve
Morris, Norma
Poole, Verie
Robinson, Maria
Sims, Christopher
Sims, Diane
Sims, George
Sims, Kelvin
Sims, Leann
Tillman, Abby
Tookes, Patricia
White, Dorothy
Williams, Katherine

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS                                   MDL No. 1657
LIABILITY LITIGATION                                    Section: L
This document applies to:
*Poole v. Eichholz Law Firm, P.C., et al.*              Judge Eldon E. Fallon
*E.D. La., Case No. 2:11-cv-1546*                       Mag. Judge Knowles

## [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT WITH DEFENDANTS

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Settlement with Defendants set forth in the Settlement Agreement, dated March _____, 2013, relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Order and Judgment approving the Settlement.

Accordingly, the Court directs entry of this Final Order and Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefore, it is:

ORDERED, ADJUDGED AND DECREED that**:**

1.      **Jurisdiction of the Court**. The Court has personal jurisdiction over all Settlement Class Members because adequate notice has been provided to them and because they have been provided the opportunity to exclude themselves from the Action.  The Court has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement and to dismiss the Action on the merits and with prejudice.

2.      **Incorporation of Documents.** This Final Order and Judgment incorporates herein and makes a part hereof (i) the Settlement Agreement (a copy of which, without exhibits, is appended hereto as Exhibit 1); (ii) the Class Notice (a copy of which is appended hereto as Exhibit 2); and (iii) the CAFA service list (appended hereto as Exhibit 3). The definitions of terms set forth in the Settlement Agreement are incorporated hereby as though fully set forth in this Judgment.

3.      **Final Certification of the Class for Settlement Purposes.** A class for settlement purposes is hereby finally certified consisting of all persons who entered into a litigation funding transaction with Pacific Legal Funding, LLC ("PLF") whereby such person received an advance relative to a Vioxx settlement obtained by a client or clients of Defendant The Eichholz Law Firm ("TELF") and, further, where such person paid to PLF (by a disbursement from the Vioxx settlement proceeds) some fee, interest or other charges, exclusive of the repayment of the principal amount of the advance.  Excluded from the Settlement Class are Defendants and any person, firm, trust, corporation, or other entity related or affiliated with Defendants including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants. A list of those persons who have timely and validly excluded themselves from the Settlement Class, and who are therefore not bound by this Final Order and Judgment, has been filed jointly by the Settling Parties with the Court and is incorporated herein and made a part hereof. Those Settlement Class Members who have not been excluded from the Settlement Class are bound by this Final Order and Judgment and the terms of the Settlement Agreement.

4.      **Class Findings.** For purposes of the Settlement of the Action (without an adjudication on the merits), the requirements of due process and the Federal Rules of Civil Procedure and the Rules of the Court have been met in that:

The members of the Settlement Class are so numerous that it is impracticable to bring all members of the Settlement Class before the Court.

There is a well-defined community of interest among members of the Settlement Class in certain questions of law or fact that are common to the Settlement Class, are substantially similar, and predominate over any individual questions of fact and law.  Plaintiff claims that all of the members of the Class have been harmed in a similar fashion as a result of a pattern of conduct by Defendants.  Specifically, it is contended that all the members of the Class were not advised of the timing of their Vioxx settlement payments, nor were they adequately informed of the relationship between the Defendants.   Thus, common questions include whether: (i) Defendant PLF's conduct was improper toward each class member and, (ii) Defendant TELF's conduct fell below the duty of care owed by it to the Settlement Class. These common questions are central to each Settlement Class Member's claim and predominate over questions affecting only individual members of the Settlement Class.

The claims of the Class Representative, Verie Poole, are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Class, in that: (i) the interests of the Class Representative and the nature of her alleged claims are consistent with those of the Settlement Class; (ii) there are no conflicts between or among the Class Representative and Settlement Class Members; (iii) the Class Representative has been and is capable of continuing to be an active participant in both the prosecution of, and the settlement negotiations of, the Action; and (iv) the Class Representative and the Settlement Class Members

are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged by Plaintiff Verie Poole in this Action.

A resolution of the Action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the Action. In making these findings, the Court has considered, among other factors: (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5.     **Satisfaction of Due Process**. The Court finds that the mailing of the Class Notice and the publishing of the Class Notice on the Court's website as provided for by, and undertaken pursuant to, the Preliminary Approval Order (i) constituted the best practicable notice to members of the Settlement Class under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and of the terms of the Settlement Agreement and their rights thereunder, including their rights to object to those terms or to exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Rules of the Court.

6.     **CAFA Notice**. The Court finds that service of the Settlement Agreement together with the materials specified in 28 U.S.C. § 1715(b), upon the entities and individuals listed in

Exhibit 3 hereto on _____, 2013 constituted sufficient and adequate notice to the appropriate federal and state officials as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

7. **Adequate Representation.** Settlement Class Counsel and the Class Representative have adequately represented the Settlement Class throughout this Action. Therefore, the Court finds that Mark A. Tate and C. Dorian Britt of Tate Law Group, LLC shall be appointed as Settlement Class Counsel and Verie Poole shall be appointed Settlement Class Representative.

8. **Final Approval.** The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Defendants and the Settlement Class Members and in full compliance with all applicable requirements of law, including constitutional due process. Defendants and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. **Claims Released.** The Release set forth in Section 5.1.1 of the Settlement Agreement is expressly incorporated in this Final Order and Judgment in all respects (and also is set forth in its entirety, below) and is effective as of the date of this Final Order and Judgment, such that Defendants and the Released Parties are forever discharged from the claims or liabilities that are the subject of the Release.  Defendants and the Released Parties shall be completely released, acquitted and forever discharged from any and all claims, demands, judgments, actions, suits, or causes of action, known or unknown, whether class, individual or otherwise (whether or not any member of the Settlement Class has objected to the Settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively,

derivatively, or in any other capacity) that members of the Settlement Class ever had, have now or hereafter can, shall, or may have on account of, arising out of, or relating to any act or omission of Defendants or the Released Parties concerning the subject matter of the Action, including but not limited to, any conduct alleged and causes of action asserted in the Action, or that could have been asserted or alleged in the Action and that arise out of the facts alleged in the Action (collectively the "Released Claims"). The Settlement Class Members shall not, after the Execution Date, seek to establish liability in the Action against Defendants or the Released Parties based, in whole or in part, upon any of these Released Claims or conduct at issue in the Released Claims.

10.    **Permanent Injunction.** All Settlement Class Members who have not been excluded from the Settlement Class (and all persons acting on behalf of Settlement Class Members who have not been excluded from the Settlement Class) and any individual or entity who has not properly opted out are hereby permanently and forever barred and enjoined from maintaining, continuing, prosecuting, and/or commencing the Action or any and all claims or actions, pending or future, against Defendants that arise from, concern or otherwise relate, directly or indirectly, to the subject matter of the Action. The Court finds that entry of this permanent injunction is necessary and appropriate to aid the Court's jurisdiction over the Action and to protect and effectuate the Settlement Agreement and this Final Order and Judgment.

11.    **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the Class Representative, Settlement Class Members, and Defendants, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings that assert claims

that are encompassed within the Released Claims set forth in Section 5.1.1 of the Settlement Agreement.

12.     **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as any evidence, admission or concession by or against Defendants of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by any of the Defendants and shall not be offered or received in evidence in any action or proceeding against any of them in any court, administrative agency or other tribunal for any purpose whatsoever other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by any of the Defendants to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, covenant not to sue, accord and satisfaction, judgment bar or reduction, full faith and credit, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     **Enforcement of Settlement Agreement.** Nothing in this Final Order and Judgment shall preclude any action to enforce its terms or the terms of the Settlement Agreement, including, without limitation, the releases and permanent injunction.

14.     **Severability of Attorneys' Fees and Expenses Award.** Notwithstanding anything herein to the contrary, this Final Order and Judgment shall be entirely severable from, and not subject to appeal on the basis of, any award of attorneys' fees and expenses or costs to be

made to Settlement Class Counsel and any such award of attorneys' fees and expenses or costs shall have no effect on the finality or effectiveness of this Final Order and Judgment.

15.     **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this Settlement and any distribution to Settlement Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund pursuant to further orders of this Court; (c) hearing and determining an application for attorneys' fees, costs, expenses, and interest; (d) Defendants until the final judgment contemplated herein has become effective and each and every act agreed to be performed by the Settling Parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of distribution of Settlement proceeds; and (f) all parties, including the Settlement Class Members, for the purpose of enforcing and administering the Settlement Agreement and Exhibits thereto and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement.

16.     **Plan of Distribution**. The plan of distribution of the Settlement Fund as set forth in Section 2.3 of the Settlement Agreement is hereby approved and incorporated by reference in this Final Order and Judgment.  The Settlement Fund and plan of distribution shall provide redress and satisfaction of all claims by the Settlement Class Members related to the subject matter of the Action.  In no event, with the exception of reasonable costs of notice and claims administration as set forth in Section 12.1 of the Settlement Agreement, shall Defendants have any further responsibility, financial obligation, or liability whatsoever to the Settlement Class Members.

17.    **Dismissal with Prejudice**. This Action, including all claims and counterclaims asserted in it and/or resolved herein, is hereby dismissed on the merits and with prejudice against the Class Representative and all other Settlement Class Members (with respect to the claims they have asserted) and Defendants (with respect to claims made against them, and/or any counterclaims they may have asserted as Defendants), without fees or costs to any party except as otherwise provided in this Final Order and Judgment or any separate order concerning attorneys' fees and expenses.

IT IS SO ORDERED.

This _____ day of _____, 2013, at New Orleans, Louisiana

_____
United States District Court Judge

DATED: _____, 2013.

Consented to by:

/s/Mark A. Tate
Mark A. Tate
Georgia Bar No. 698820
C. Dorian Britt
Georgia Bar No. 083259
*Counsel for Plaintiff Verie Poole*

Tate Law Group, LLC

2 East Bryan Street
Suite 600
Savannah, Georgia  31401
Tel: (912) 234-3030
Fax: (912) 234-9700
Email: marktate@tatelawgroup.com


/s/Joseph Coomes
Joseph Coomes
Georgia Bar No. 184999
*Counsel for Defendant The Eichholz Law Firm, P.C.*

McConnell, Sneed & Cohen, LLC
990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3476
Email: jcoomes@msclaw.net


/s/Jonah Flynn
Jonah Flynn
Georgia Bar No. 266555
*Counsel for Defendant Pacific Legal Funding, Inc.*

Flynn Law Firm, LLC
945 East Paces Ferry Road
Suite 2525
Atlanta, GA 30326
Tel: (404) 835-9660
Fax: (404) 835-6005
Email: jflynn@flynnfirm.com