STEELE & BIGGS L.L.C.
TRIAL LAWYERS

August 9, 2013

TO ALL COUNSEL

RE:   *The State of Utah v. Merck*

Dear Counsel:

It has come to our attention that our office inadvertently included emails, by and between counsel, in Harry Boghigian's expert report, attached as Exhibit 5 of Plaintiff's Designation of Expert Witnesses filed on July 19, 2013. Those emails are found at pages 82 through 94. Such emails reflect work product as defined in both Utah Rules of Civil Procedure 26(b)(5) and Federal Rules of Civil Procedure 26(b)(3). As such, they are not subject to production within the Rules of Civil Procedure.

Both the federal rules and the state rules provide for return of inadvertently produced material. Federal Rule 26(b)(5)(B) provides: "If information produced in discovery is subject to a claim of privilege or protection as trial-preparation material; the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal for the determination of the claim." Equivalent language is found in Utah Rules of Civil Procedure 26(b)(8)(B).

We are making a prompt demand for the return of the above referenced emails and their non-use in this or any other matter as disclosure was discovered yesterday. Two cases from Utah, one federal and one state, set the limitations on the demand for the return of work product or other privileged material. *Gold Standard, Inc. v. American Barrick*, 805 P.2d 164 (Utah 1991) provides that unreasonable delay in requesting the return of the documents demonstrates the non-work product designation of the documents. In *Calder v. Blitz, USA*, 2010 WL 4237792 (D.Utah) upon prompt application, the court ordered the return of inadvertent memorandum.

To All Counsel
August 9, 2013

Page 2
_____

      We further note that such communications between counsel are Confidential Material or Highly Confidential Material under Pretrial Order 13 or Pretrial Order 13C. Under either order, Merck and its counsel are under obligation to protect the information from further dissemination.

      We, therefore seek the return of the above referenced emails. If this return or destruction is not agreeable to your clients, please inform us, no later than August 16, 2013 in order to allow us to file the appropriate motions before Judge Fallon. In any event, we expect Merck to handle the information as required by the Federal and State Rules of Civil Procedure.

      We attach Boghigian's revised report.

                                    Sincerely,

                                      Kenneth D. Lougee
                                    *Attorney for the State of Utah*

KDL/kh