UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-MD-01657
MDL Docket No. 1657

| | | |
|---|---|---|
| In Re:  VIOXX | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |

**INTERESTED PARTY JAMES RATLIFF'S
RESPONSE IN OPPOSITION TO CO-LEAD SETTLEMENT
COUNSEL'S MOTION FOR EXPEDITED HEARING**

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and through counsel, and as an individual and representative of a previously certified class interested in the Preliminary Approval Of Class Settlement [DE 64526], respectfully objects to the Motion of Co-Lead Class Settlement Counsel seeking an expedited hearing on their Motion for an Order Enjoining James Ratliff, His Counsel, And Any Other Class Member From Prosecuting A Competing and Overlapping Consumer Class Action And Interfering With This Court's Continuing Jurisdiction Over This Litigation And The Nationwide Vioxx Consume Class Settlement Preliminarily Approved By This Court (the "Motion to Enjoin") [DE 64540].

In support of this Objection, Ratliff states that by their Motion to Enjoin, and their corresponding Motion to Stay Vioxx-Related Consumer-Protection Claims In Kentucky State Court And Enjoin Further Prosecution Of Such Claims ("Motion to Stay") [DE 01657], Merck seeks to <u>essentially</u> <u>dispose</u> of litigation that Ratliff and counsel for the previously certified Kentucky Class have been pursuing against Merck since 2004 – before the instant MDL proceeding was even initiated – all on the eve of receiving a ruling from the Kentucky Supreme Court with respect to the question of class certification.  The Motions therefore carry great

weight and will require substantive responses from Ratliff.  The Motion to Stay and Motion to Enjoin, filed on August 12, 2013, were noticed for hearing on August 21, 2013, and September 4, 2013, respectively.   Neither Noticed hearing date permits Ratliff or his counsel to adequately respond to these Motions.  Fundamental principles of fairness dictate that the Court set the hearing date on the Motions for such a date as to permit Ratliff to file meaningful responses to the Motions – particularly considering the procedural history of this action and the Kentucky litigation.

As this Court is aware, Ratliff has previously objected to the preliminary approval of the class in this action on the grounds that any such approval should be delayed pending resolution of the appeal before the Kentucky Supreme Court.  Counsel for Ratliff has also previously informed this Court of concerns that preliminarily approving the settlement and a notice plan that provides for dissemination of notice to class members before the Kentucky class certification issue has been resolved would likely prompt the Class Counsel to improperly seek to enjoin or otherwise interfere with the Kentucky litigation.  The Court recognized these concerns and directed Class Counsel to work with counsel for Ratliff regarding dates relative to dissimination of the Notice and the opt-out period.  Class Counsel refused to comply with the directions of the Court, and the Court approved a Notice Plan for the preliminarily approved class settlement that permitted premature dissemination of a class Notice.

The concerns of Ratliff and undersigned counsel have now been fully realized, and the Court should, at the least,  allow Ratliff an adequate opportunity to respond to late-filed Motions that seek to terminate the rights of the 200,000-plus strong class of Kentucky Consumers whose right to class certification in an independent state court action has not been finally adjudicated by the Kentucky Supreme Court.  This is particularly so given the fact that the Federal District

Court for the Eastern District of Kentucky has previously determined there is no federal jurisdiction over the Kentucky Class.

Based on the foregoing, Ratliff respectfully requests the Court to deny the Motion seeking expedited hearing on the Motion to Stay and Motion to Enjoin, and to set a date for hearing on both Motions that is sufficiently far in advance so as to permit Ratliff to file meaningful Responses to the Motions.  Ratliff further requests the Court to stay dissemination of the class Notice pending such date so as to avoid further duplication of time and resources that has been occasioned by allowing this proceeding to move forward prior to the Kentucky Supreme Court issuing a ruling, which is expected to occur in a matter of weeks.

    Respectfully submitted,

    /s/ Richard A. Getty
    RICHARD A. GETTY
       and
    JESSICA K. CASE

    THE GETTY LAW GROUP, PLLC
    1900 Lexington Financial Center
    250 West Main Street
    Lexington, Kentucky  40507
    Telephone:  (859) 259-1900
    Facsimile:   (859) 259-1909

    COUNSEL FOR JAMES RATLIFF,
    ON BEHALF OF HIMSELF AND ALL
    OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

        I hereby certify that the foregoing Interested Party James Ratliff's Response to the Motion of Co-Lead Class Settlement Counsel Seeking Expedited Hearing has been served by email and mail upon the individuals listed below and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 13th day of August, 2013.

| | |
|---|---|
| Russ M. Herman, Esq. (Bar No. 6819)<br>    and<br>Leonard A. Davis, Esq. (Bar No. 14190)<br>Herman, Herman & Katz, L.L.C.<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>E-Mail: rherman@hhklawfirm.com<br>E-Mail: ldavis@hhklawfirm.com<br>Plaintiffs' Liaison Counsel | John H. Beisner, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br>E-Mail: John.Beisner@skadden.com<br>Counsel for Merck & Co., Inc. |
| Phillip A. Wittmann, Esq. (Bar No. 13625)<br>    and<br>Dorothy H. Wimberly, Esq. (Bar No. 18509)<br>Stone Pigman Walther Wittmann, L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana 70130-3588<br>E-Mail: pwittmann@stonepigman.com<br>E-Mail: dwimberly@stonepigman.com<br>Defendants' Liaison Counsel | Dawn M. Barrios, Esq.<br>Barrios, Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, Louisiana 70139<br>E-Mail: barrios@bkc-law.com<br>Government Action Liaison Counsel |
| Ann B. Oldfather, Esq. (KY Bar No. 52553)<br>Oldfather Law Firm<br>1330 South Third Street<br>Louisville, Kentucky 40208<br>E-Mail: aoldfather@oldfather.com<br>Liaison And Lead Counsel For Ineligible Or Non-Enrolled Cases And Certain Other Remaining PI Claims | Elizabeth J. Cabraser, Esq.<br>Lieff Cabraser Heimann & Bernstein<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111-3339<br>E-Mail: ecabraser@lchb.com<br>Co-Lead Class Settlement Counsel |

                /s/ Richard A. Getty
                COUNSEL FOR JAMES RATLIFF, ET AL.

jkcpld0738