# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOLDHABER RESEARCH ASSOCIATES, LLC, | : | VIOXX MARKETING, SALES, PRACTICES AND PRODUCTS LIABILITY LITIGATION |
| Plaintiff, | : | |
| -against- | : | MDL NO. 1657 |
| TOMMY JACKS, P.C. d/b/a THE JACKS LAW FIRM and BLIZZARD, MCCARTHY & NABERS, LLP, | : | CASE NO. 07-2062 |
| Defendants. | : | |

**PLAINTIFF GOLDHABER RESEARCH ASSOCIATES, LLC
FIRST SET OF REQUESTS FOR PRODUCTION TO
DEFENDANT TOMMY JACKS, P.C. d/b/a THE JACKS LAW FIRM**

**PROPOUNDING PARTY:** GOLDHABER RESEARCH ASSOCIATES, LLC

**RESPONDING PARTY:** TOMMY JACKS, P.C. d/b/a THE JACKS LAW FIRM

**SET:** ONE

TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:

Plaintiff GOLDHABER RESEARCH ASSOCIATES, LLC, pursuant to Federal Rule of Civil Procedure 34, requests that RESPONDING PARTY produce the following documents and things at the office of Plaintiff's counsel within 30 days after service hereof.

### DEFINITIONS AND INSTRUCTIONS

A. For purposes of these requests:

1. The terms "you" and "your" are meant to refer to the RESPONDING PARTY, as well as its agents, employees, subsidiaries, affiliates, attorneys, investigators, or anyone else working on its behalf, as well as its contractors, their agents, their representatives, and their employees, including but not limited to Mithoff & Jacks LLP.

1

2. "Plaintiff" shall refer to GOLDHABER RESEARCH ASSOCIATES, LLC, as well as its agents, employees, attorneys, accountants, investigators, or anyone else working on their behalf.

3. "Blizzard" shall refer to BLIZZARD, MCCARTHY & NABERS, LLP, as well as its agents, employees, subsidiaries, affiliates, attorneys, investigators, or anyone else working on its behalf, as well as its contractors, their agents, their representatives, and their employees.

4. The terms "documents" or "all documents", as used herein include all documents available to you including, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies or drafts; and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of you. The terms "document" or "documents" include, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, DVD's, CD's, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages (emails), notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements

and contracts, brochures, pamphlets, advertisements, letters to the trade, and any tangible things within the scope of Rule 26 of the Federal Rules of Evidence.

5. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of a request all responses that might otherwise be construed to be outside its scope.

C. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the scope of a request all responses that might otherwise be construed to be outside its scope.

D. Definitions provided herein apply to any grammatical variant of the term or phrase definition.

E. Should Responding Party deem to be privileged any document concerning information requested by any of the following requests, Responding Party shall provide a list of such documents and supply the information requested in Paragraph E of these Instructions concerning such documents. For each such document for which privilege is claimed, Responding Party should state the nature of the document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original or any copy was sent or circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of each such document in sufficient detail to permit a determination of any claim of privilege or exclusion, and the basis for the claimed assertion of privilege for each such document.

G. Each of the separate requests herein seeks separate answers and responses as of the date hereof. These requests shall be deemed to be continuing. If Responding Party acquires additional information relating in any way to these requests and to events occurring or documents existing prior to the filing of the complaint herein, or any such information becomes known to Responding Party, Responding Party shall promptly furnish such information and documents to Plaintiff.

H. You are required to respond to these Requests in writing to the party propounding them.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All contracts between you and Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting communications between you and Plaintiff from January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All invoices you received from Plaintiff from January 1, 1991 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All documents showing all payments you made to Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting all communications between you and Defendant Blizzard, that refer to, relate to or concern Plaintiff, including but not limited to, in-person or telephone conversations, facsimiles, letters, electronic mail, telegrams, telexes, tapes or other sound

recordings, or other means of transmitting information from one source to another.

Dated: May 17, 2013  By: _____
Michael D. Steger (MS 2009)
STEGER KRANE LLP
1601 Broadway
12th Floor
New York, NY 10019
(212) 736-6800
(845) 689-2155 (fax)
msteger@skattorney.com
Attorneys for Plaintiff
GOLDHABER RESEARCH ASSOCIATES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2013, I served a true and correct copy of Plaintiff Goldhaber Research Associates, LLC's First Set of Requests for Production on counsel for Defendant Tommy Jacks, P.C. d/b/a The Jacks Law Firm electronically and by placing a true and correct copy in an envelope, first class postage prepaid, addressed to:

Christopher A. Seeger, Esq.
77 Water Street
New York, NY 10005
(212) 584-0700

Michael D. Steger