UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>  PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:** *Commonwealth of Pennsylvania v. Merck & Co., Inc.,* No. 09-2861

## ORDER

For the purpose described in its Order and Reasons of April 29, 2013, (Rec. Doc. 64364), the Court formally appoints Patrick A. Juneau to serve as Special Master. This appointment is made pursuant to the inherent authority of this Court and Federal Rule of Civil Procedure 53. Pursuant to Rule 53, Special Master Juneau is directed to proceed with all reasonable diligence.

**I.    APPOINTMENT OF SPECIAL MASTER**

   **A.    Special Master's Duties**

Rule 53(a)(1)(B) of the Federal Rules of Civil Procedure states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided by the Court without a jury," and Rule 53(a)(1)(C) states that the Court may appoint a special master to address "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Accordingly, pursuant to Rule 53, and by Order of the Court, the Special Master shall review any relevant documents, conduct hearings (including, as necessary, briefs, oral argument, and testimony), and then make a written recommendation as to whether the Plaintiffs' Steering Committee ("PSC") is entitled to a common benefit fee in this case and, if so, the amount to which they are entitled.

### B. Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." The Special Master in this fee allocation proceeding may communicate ex parte with the Court, without notice to the parties, regarding logistics and the status of his activities. The Special Master may also communicate ex parte with any party or any party's attorney without notice to the parties or the Court.

### C. Special Master's Record

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

### D. Review of Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 21 days after it is served. The Court shall, as Rule 53(f)(3) requires, review *de novo* all objections to such reports, rulings, recommendations, or findings.

### E. Compensation

Rule 53(b)(2)(E) states that the Court shall state "the basis, terms, and procedure for fixing the master's compensation." Special Master Juneau shall be compensated at the rate of $400.00 per hour from the common benefit fund. However, pursuant to Rule 52(g)(1), the Court may change this basis and terms at a later time after giving notice and an opportunity to be heard. To assist in these endeavors, the Special Master may, with the consent of the Court, retain any necessary office space, purchase any office supplies and/or equipment, and employ staff and support personnel.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special Master shall periodically submit itemized statements of fees and expenses to the Court. The Court shall review these statements for regularity and reasonableness, and retain them for record. The Special Master shall attach a summary statement to each of his itemized statements. If the Court determines that an itemized statement is regular and reasonable, the Court shall endorse the summary statement and direct payment from the common benefit fund. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 19th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE