# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
|   | : | **MDL 1657** |
| **IN RE: VIOXX** | : |   |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION: L** |
|   | : |   |
|   | : | **JUDGE FALLON** |
|   | : | **MAG. JUDGE KNOWLES** |
| ………………………………………………………… | : |   |

**THIS DOCUMENT RELATES TO: CASE NO. 2:05-cv-06755**

## STATE OF MISSISSIPPI'S SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Jim Hood
*Attorney General of the State of Mississippi*
P.O. Box 220
Jackson, Mississippi 39205
P: 601.359.3680

Shane F. Langston
Rebecca M. Langston
Jessica E. Murray
*Langston & Langston, PLLC*
201 North President Street
Jackson, Mississippi 39201
P: 601.969.1356

Sheila Bossier
*Bossier & Associates, PLLC*
1520 North State Street
Jackson, Mississippi 39202
P: 601.352.5450

William M. Quin II
*McCraney Montagnet Quin & Noble, PLLC*
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
P: 601.707.5725

## INTRODUCTION

The State of Mississippi (the "State") files this Second Supplemental Memorandum of Law in Support of Motion to Remand to address the Supreme Court's recent opinion in *Gunn v. Minton*, 133 S. Ct. 1059 (2013). Specifically, *Gunn* held that a federal patent issue was not substantial enough within a state legal malpractice claim to give rise to federal question jurisdiction. For even stronger reasons, there is no federal question jurisdiction in this action. The State, therefore, respectfully renews its request to be remanded to the Chancery Court of the First Judicial District of Hinds County, Mississippi.

## ARGUMENT

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Congress has authorized federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws or treaties of the United States." *28 U.S.C. § 1331*. A case can "arise under" federal law in two ways. The first is when federal law creates the cause of action asserted. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). The second is when a claim finds its origins in state rather than federal law, but nevertheless necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Recognizing in *Grable* that this second means of federal question jurisdiction involves only a "special and small category" of cases,[1] the Supreme Court outlined a four-part test: "That is, federal jurisdiction over a state law claim will lie if a federal

---

[1] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006).

issue is: (1) necessarily raised, (2) actually disputed, (3) substantial and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn*, 133 S. Ct. at 1065.

The first route to federal jurisdiction does not apply in this case because federal law did not give rise to the causes of action asserted. In its original complaint, the State asserted only state law claims of Fraud, Violation of Mississippi's Consumer Protection Act, violations of Miss. Code Ann. §97-23-3, Medicaid Fraud, Unjust Enrichment, Negligence, Indemnity, Violation of Mississippi's Products Liability Act, and Injunctive Relief. The State has twice amended its complaint since its removal to federal court. The State first amended its complaint on June 25, 2012 to eliminate all claims seeking recovery of money expended by the Mississippi State Department of Medicaid in its purchase of Vioxx.[2] The State subsequently amended its complaint to eliminate all claims except those pursuant to the Mississippi Consumer Protection Act.

*Gunn* illustrates that the second route to federal jurisdiction is also inapplicable. *Gunn* involved claims of legal malpractice brought against the attorneys for a patent holder who was unsuccessful in an underlying federal patent infringement action. *Gunn*, 133 S. Ct. at 1063. Although the Court acknowledged that a federal patent question was both "actually disputed" and "necessary" for resolution of the legal malpractice case,[3] the Court found that the latter two prongs of the four-part test were not met.

As for the third prong, the Court concluded that the "backward-looking" nature of a legal malpractice action negated the action's ability to interfere with the underlying patent litigation:

---

[2] These claims were withdrawn, despite the federal government's delegation of authority to the State of Mississippi to bring an action on behalf of its respective systems of Medicaid for damages. *Ark. Dep't of Human Servs. v. Ahlborn*, 547 U.S. 268 (2006). Regardless, no federally-created cause of action exists in this case and therefore this first route to federal jurisdiction does not apply.

[3] 133 S. Ct. at 1065-66.

"No matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation. Minton's patent will remain invalid." *Id*. at 1067. Similarly, the Court determined that the federal-state balance would not be disrupted by state court resolution of the patent issues within the legal malpractice action, largely because federal courts are not bound by "state court case-within-a-case patent rulings," because "state courts can be expected to hew closely to the pertinent federal precedents" and because novel patent issues "will at some point be decided by a federal court in the context of an actual patent case." *Id.*

The absence of federal jurisdiction is even more glaring in the present case than in *Gunn*, in that none of the four prongs are implicated. The only claim asserted by the State arises under state statutory law and its resolution does not invoke underlying issues of federal law. These matters alone dictate that remand of this action to state court is appropriate. *See, e.g., Urata v. Canare Electric Co., Ltd.*, 2013 U.S. Dist. LEXIS 76820, *18-19 (D. N.J. May 10, 2013) ("Courts interpreting *Gunn* and *Grable* hold that federal jurisdiction exists only when a necessary, disputed, and substantial federal issue is an element of the plaintiff's state-law claim.") (citing numerous cases from around the country); *Bollea v. Clem*, 2013 U.S. Dist. LEXIS 44625, *15-21 (M.D. Fla. March 28, 2013) (finding state common law invasion of privacy action did not "rise and fall on interpretations of the *First*, *Fifth*, or *Fourteenth* Amendments" and thus denying federal question jurisdiction).

Moreover, as the First Circuit recently observed, the availability and prescription of Vioxx within the State's Medicaid program does give rise to an issue important enough give rise to federal question jurisdiction. As the court explained:

> But what makes an issue important to the federal system as a whole? Recent Supreme Court case law has suggested at least two answers to this question. First,

4

an issue may be substantial where the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases. In other words, a case is more likely to be important to the federal system as a whole if it presents "a nearly 'pure issue of law … that could be settled once and for all'" rather than an issue that is "fact-bound and situation specific" and whose holding will more likely be limited to the facts of the case.

Second, a federal issue may also be substantial where the resolution of the issue has "broader significance … for the Federal Government." That is, because "[t]he Government has a direct interest in the availability of a federal forum to vindicate its own administrative action," … the Court has repeatedly suggested that a federal issue is more likely to be substantial where a claim between two private parties, though based in state law, directly challenges the propriety of an action taken by "a federal department, agency, or service."

*Municipality of Mayaguez v. Corporacion Para El Desarrollo Del Oeste, Inc.*, 2013 U.S. App. LEXIS 16333, *13-15 (1st Cir. 2013) (internal citations omitted); see also, *Merced Irrigation District v. County of Mariposa*, 2013 U.S. Dist. LEXIS 58208, *22-26 (E.D. Calif. April 23, 2013). There are neither pure issues of federal law nor federal issues of broader significance for the federal government in this action. Accordingly, remand is appropriate.

## CONCLUSION

In the many years since this action was first removed, the United States Supreme Court has defined the very limited bounds of federal question jurisdiction that Merck claims are invoked in this case. The *Gunn* case and its progeny illustrate the error of Merck's position; and, accordingly, the State of Mississippi renews its request that this Court remand this cause to the Chancery Court of the First Judicial District of Hinds County, Mississippi.

RESPECTFULLY SUBMITTED, this the 26th day of August, 2013.

BY: /s/ *William M. Quin II*
William M. Quin II (LA Bar No. 25219)
**Special Assistant Attorney General, for
JIM HOOD, ATTORNEY GENERAL,** *ex rel.*
**THE STATE OF MISSISSIPPI**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been filed with the Clerk of Court and served on Liaison Counsel using the CM/ECF system and upon all parties by electronically uploading the same to LexisNexis File and Service Advance this 26th day of August 2013.

/s/ *William M. Quin II*
William M. Quin II