UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-MD-01657
MDL Docket No. 1657

| | |
|---|---|
| In Re:  VIOXX                                   * | |
| PRODUCTS LIABILITY LITIGATION    * | SECTION "L" |
| * | |
| * | JUDGE FALLON |
| * | |
| * | MAGISTRATE JUDGE KNOWLES |
| * | |
| * | |

**INTERESTED PARTY JAMES RATLIFF'S
 MOTION TO STAY PENDING APPEAL**

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and through counsel, and as an individual and representative of a previously certified class interested in the Order For Preliminary Certification Of A Class For Purposes Of Settlement And Preliminary Approval Of Class Settlement, Class Notice And Related Matters (the "Preliminary Approval Order") [DE 64526], respectfully Moves the Court to Stay the operation of that Order pending resolution of the appeal filed by Ratliff with the Fifth Circuit, in which Ratliff seeks review of this Court's Order denying Ratliff's Motion to Intervene [DE 64487].  In support of this Motion, Ratliff respectfully states as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

I. **COUNSEL FOR DEFENDANT AND LIAISON COUNSEL FOR PLAINTIFFS PRESENT A PROPOSED NATIONWIDE SETTLEMENT TO THE COURT, WHICH THE COURT PRELIMINARILY APPROVES.**

As this Court is aware, Ratliff, through his counsel, has been representing himself and more than 200,000 similarly situated Kentucky residents in Kentucky state court litigation arising from Merck's Vioxx marketing and sales practices since 2004, well before this MDL

proceeding was initiated. The Complaint filed in the Pike Circuit Court asserts claims under the Kentucky Consumer Protection Act ("KCPA") <u>and</u> under common law fraud and misrepresentation theories on behalf of all Kentucky residents who have purchased and taken Vioxx and who, upon the recommendation and advice of the FDA and Merck, have contacted or will contact their physicians to seek advice regarding their use of Vioxx. <u>See</u> Class Action Complaint, <u>Ratliff, et al. v. Merck & Co., Inc.</u>, 04-CI-01493, Pike Circuit Court, 35th Judicial Circuit, attached to Ratliff's Preliminary Notice of Objection, [DE64289], as Exhibit A. The Kentucky litigation was removed to Federal Court by Merck but then remanded on the grounds that the Federal Court lacked subject matter jurisdiction. <u>The Kentucky Class was therefore not consolidated with the other class actions for pretrial proceedings or otherwise before this Court</u>.

The full procedural history of the Kentucky state court action was previously detailed for the Court, as set forth in Ratliff's July 20, 2013 Objection to Preliminary Approval of Proposed Class Settlement ("Proposed Settlement") [DE 64496] and accordingly will not be fully detailed herein. In sum, however, the claims of the Kentucky Class <u>survived summary judgment</u> and the class was certified by the trial court in <u>2010</u>. The certification was later reversed by the Court of Appeals. The propriety of class certification has not, however, been finally determined – the question is now pending before the Kentucky Supreme Court, which is expected to render a ruling, hopefully, within the month. If the Kentucky Supreme Court rules in Ratliff's favor and remands the case to the trial court, that means that the Kentucky Class has been a legitimately certified class action for more than three years – encompassing the entire time period during which the Proposed Settlement now before this Court was being negotiated.

Ratliff has been attempting to challenge the fairness and adequacy of the Proposed Settlement since February 2013, when counsel for Ratliff learned of the existence of a nearly

final universal settlement proposal.  At that time, Ratliff served Liaison Counsel and the Court with a Preliminary Notice of Objection objecting to any Proposed Settlement class inclusive of the Kentucky Class claims.  [DE 64289].  Counsel for Ratliff thereafter traveled to New Orleans and participated in a Status Conference on March 14, 2013, during which certain preliminary objections of Ratliff and the Kentucky Class to inclusion in any settlement reached in this matter were briefly heard by the Court.

On July 17, 2013, the parties to this action sought preliminary approval of a Proposed Settlement that unfairly includes the Kentucky Class and proposes to settle the claims of an entire nation of consumers for an inherently unreasonable sum that does not begin to provide redress to the consumers in question.  [DE 64487].  Any objectors had only three days – until July 20, 2013 – to file Objections to the Proposed Settlement.  See Order [DE 64491].  Ratliff filed an Objection to the Consent Motion for Preliminary Approval on July 20, 2013 [DE 64496], arguing that the Proposed Settlement should not include the Kentucky Class and that the Proposed Settlement was unfair to the proposed class members.  A Status Conference hearing was held on July 24, 2013, during which counsel for Ratliff expressed concern regarding the Proposed Settlement's fairness and also the ability of the parties to include the Kentucky Class in a nationwide settlement when the propriety of the certification of that class is a matter still pending in Kentucky state court.

During the July 24, 2013 hearing, the Court indicated that it would grant the parties' Motion for Preliminary Approval, but expressed concern as to whether the notice and opt out period was sufficiently lengthy to give the Kentucky Supreme Court an opportunity to rule on the pending question of certification of the Kentucky Class.  See Transcript of July 24, 2013 Hearing, 20:14-17, attached as Exhibit B to Motion to Intervene [DE 84520].  The Court also

expressed that the notice should be drafted to address confusion regarding the pendency of the Kentucky litigation and the opportunity of putative class members to participate in the Kentucky Class. Id. ("And meet with Richard, Elizabeth, and get his input. See if there is such a notice that can be fashioned that satisfies his concern about confusion."). By written Order dated the same day, the Court directed all counsel to meet and confer to set dates within the proposed order. Counsel were instructed that if they were unable to agree, they must submit dates individually for the Court's consideration. [DE 64511]. Ratliff submitted proposed changes to the Proposed Settlement Notice [DE 64513], requesting that the Notice contain language regarding the existence of the Kentucky litigation. Ratliff also filed with the Court a Motion To Stay Dissemination Of Notice And Modify Dates Contained In The Proposed Class Notice ("Motion to Stay Notice") [DE 64521] asking that dissemination of Notice be delayed pending a decision of the Kentucky Supreme Court as to the certification of the Kentucky Class. Both parties objected to Ratliff's proposed changes ([DE 64518] and [DE64519]) and refused entirely to consider Ratliff's suggestions for changes to the proposed notice, opt-out, and fairness hearing dates.

On August 2, 2013, the Court issued the Preliminary Approval Order [DE 64526], which found that Ratliff's Objections to preliminary approval were "premature" and would not be addressed until the Fairness Hearing. The Court in its Order did not address Ratliff's proposed changes to the Class Notice, and adopted the notice, opt-out, and Fairness Hearing dates proposed by the parties. The Court denied Ratliff's Motion to Stay Notice, and without analysis regarding the fairness of the Proposed Settlement, granted preliminary approval – presumably deferring such consideration until later. The Court furthermore approved the Proposed Notice,

4

set the opt-out date for November 9, 2013, and scheduled a fairness hearing for December 13, 2013.

## II.  THIS COURT DENIES RATLIFF'S MOTION TO INTERVENE AS A MATTER OF RIGHT.

On August 1, 2013, Ratliff sought to intervene as a matter of right, and also under the Rule governing permissive intervention for the purpose of obtaining discovery regarding the adequacy of the Proposed Settlement, presenting objections thereto, and seeking to stay dissemination of any Class Notice pending the anticipated ruling of the Kentucky Supreme Court with respect to the propriety of the certification of the Kentucky Class.  Ratliff also requested the Court to unseal the record relating to the motions for summary judgment recently filed by Merck so that Ratliff and other class members may properly evaluate the record evidence and assess the relative strength of the claims that the parties seek to release in these proceedings on a class-wide basis, and that Ratliff retain the right on behalf of himself and the Kentucky Class to pursue claims for violations of the KCPA, which have not been asserted by the MDL class representatives but which would be released by the Proposed Settlement.

The parties filed Objections to Ratliff's Motion to Intervene ([DE 64523] and [DE 64524]) on August 2, 2013.  That same day the Court entered an Order denying Ratliff's Motion to Intervene. [DE 64525].  The Court's Order does not contain any analysis of the requirements for intervention as a matter of right under Rule 24.  Instead, the Court's Order simply states that Rule 23, which permits a class member to object to a proposed class settlement, is the appropriate mechanism for Ratliff to object.  The Order does not address Ratliff's request for discovery or to unseal portions of the record.  The Court denied Ratliff's Motion to Intervene for the additional reason that the Motion was not "accompanied by a pleading that sets out the claim or defense for which intervention is sought" pursuant to Rule

24(c) – even though Ratliff referenced both the Complaint filed against Merck in Kentucky state court and the prior Objection filed by Ratliff in the Motion to Intervene.  Both documents are of record and clearly set forth the basis for Ratliff's claims against Merck as well as the preliminary objections to the Proposed Settlement.

While Ratliff's right to object to the Proposed Settlement under Rule 23 will permit Ratliff to present objections at the scheduled Fairness Hearing and to seek review of any final order regarding class certification and settlement, it will not permit Ratliff to obtain discovery regarding the fairness of the settlement or access to previously sealed portions of the record that will be essential to Ratliff developing and presenting the Court with well-reasoned objections to the proposed settlement.  Ratliff is in fact entitled to intervene in the action as a matter of right.  As such, Ratliff has sought review of this Court's Order denying Ratliff's Motion to Intervene with the Court of Appeals for the Fifth Circuit.

Ratliff now requests this Court to stay operation of the Preliminary Approval Order [DE 64526] pending resolution of the appeal.  If the notice and opt-out periods set forth in that Order are permitted to proceed, Ratliff will lose any meaningful right to intervene.  Specifically, if Ratliff is successful on his appeal and is in fact granted the right to intervene in this litigation, such intervention will have no purpose if the time for preparing and presenting the Court with objections to the settlement has already run and the Fairness Hearing regarding the settlement has taken place.  Although Ratliff intends to seek an expedited appeal before the Fifth Circuit, even an expedited appeal takes a substantial amount of time.  The Fairness Hearing is set for December 13, 2013 under the Court's Preliminary Approval Order, and this date may come and go before Ratliff is able to obtain a ruling from the Fifth Circuit Court of Appeals, therefore causing irreparable harm to Ratliff.  Further the public interest is undoubtedly served by the stay

because the Proposed Settlement seeks to terminate the claims of a nation of consumers who each have a substantial interest in ensuring that the fairness of the settlement is thoroughly investigated and analyzed. The requested stay is therefore justified.

## ARGUMENT

This Court has authority to stay its Preliminary Approval Order pending the resolution of the appeal filed by Ratliff. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). In determining whether to issue a stay pending appeal, a court must assess four factors:

> (1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> Hilton v. Braunskill, 481 U.S. 770, 776 (1987).[1]  See also In re Texas Health Enterprises, Inc., 255 B.R. 185, 187-88 (Bankr. E.D. Tx. 2000).

The Supreme Court recognizes that these four factors cannot be reduced to a set of rigid rules and that it is sufficient merely to show that the applicant can demonstrate a strong case on the merits. Id. at 77, 778. The Fifth Circuit recognizes that the movant for a stay "need only present a substantial case on the merits . . . and show that the balance of equities weighs heavily in favor of granting the stay." United States v. Baylor Univ. Med. Ctr., 711 F.2d 38, 39 (5th Cir. 1983). As set forth in detail, infra, each of the four factors weighs heavily in favor of issuing a stay.

**I.      RATLIFF HAS A SUBSTANTIAL CASE ON THE MERITS OF HIS APPEAL AND IS LIKELY TO SUCCEED ON THE MERITS.**

While Ratliff believes there is a substantial likelihood he will prevail on the merits of his appeal, the Fifth Circuit requires only a demonstration that there is a serious legal question and

---

[1] Although Hilton, supra, involves a motion for a stay brought under Federal Rule of Civil procedure 62(c), consideration of the factors enumerated is generally appropriate in this case.

7

that the movant has presented a substantial case on the merits. Id at 39. That standard is satisfied here. The rules relating to intervention as a matter of right are liberally construed for the benefit of the proposed intervenors, and any doubts are resolved in their favor. See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993). As set forth in detail, infra, Ratliff meets each of the requirements for intervention as a matter of right under Rule 24(a)(2) and Ratliff's failure to technically comply with Rule 24(c)'s requirement that the Motion be accompanied by a "pleading that sets out the claim or defense for which intervention is sought" is not a sufficient basis for denying the Motion.

### A. Ratliff Satisfied Rule 24(a)(2)'s Requirements For Intervention As A Matter Of Right.

Ratliff is appealing that portion of the Court's August 2, 2013 Order that denied his Motion to Intervene as a matter of right. To intervene successfully as a matter of right under Rule 24(a)(2) in the Fifth Circuit, Ratliff must establish that (1) the application for intervention is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) his interests are inadequately represented by the existing parties to the suit. Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001). District Courts are encouraged to apply a "practical rather than technical yardstick" in determining intervention under Rule 24(a)(2). United States v. Texas E. Transmission Corp., 923 F.2d 410, 413 (5th Cir. 1991).

With respect to the first element, it is clear that Ratliff timely sought intervention for the purposes of protecting his interests and the interests of the Kentucky Class. The timeliness requirement is measured based on four factors: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the action before

petitioning for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the action; (3) the extent of the prejudice that the would-be intervenor may suffer if its petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.  Stallworth v. Monsanto, 558 F.2d 257, 264-66 (5th Cir. 1977).

     Ratliff did not know that his interests, or the interests of the Kentucky Class, could possibly be jeopardized by the settlement of this matter until February of 2013, when Kentucky counsel learned that negotiations for the settlement of this action purported to include the Kentucky Class.  As the Court has now been informed numerous times, the litigation attendant to the Kentucky Class claims had been previously removed to Federal Court and then remanded to Kentucky state court, and Ratliff and his counsel were therefore well within reason to assume that the settlement of this action could not possibly include claims asserted by the Kentucky Class in Kentucky state court.  Ratliff did not learn for certain that the Kentucky Class had been included in the Proposed Settlement until that Proposed Settlement was filed of record in this action on July 17, 2013.  [DE 64487].  The question of certification of the Kentucky Class is still undecided, is pending before the Kentucky Supreme Court, and a decision is expected to be issued hopefully within weeks.  Ratliff's interest in intervening at this juncture, and the prejudice that will be suffered as a result of the denial of his request to intervene, is therefore quite obvious.

     Further, there are no special circumstances militating against a finding that the timing of Ratliff's Motion to Intervene was reasonable under Rule 24(a)(2).  See United Airlines, Inc. v.

9

McDonald, 432 U.S. 385, 394 (1977) (intervention by a member of the class is timely when the intervenor acts "as soon as it [becomes] clear . . . that the interests of the unnamed class members would no longer be represented by the named class representatives."). When class actions overlap, there is no need to intervene until class members suspect that the representative (or putative representative) is not acting in the best interests of the class. See, e.g., Crawford v. Equifax Payment Serv., 201 F.3d 877, 880 (7th Cir. 2000); Beckert v. TPLC Holdings, Inc., 221 F.3d 870, 882 (6th Cir. 2000) (class action objectors' intervention motions filed before the Fairness Hearing were timely).

      With respect to the second and third elements governing intervention as a matter of right, it is clear that Ratliff and the Kentucky Class possess a substantial interest in this action and that approval of the Proposed Settlement will significantly impair Ratliff's rights and the rights of the Kentucky Class. The Settlement proposed by the parties to this action purports to include the claims of Ratliff and the Kentucky Class asserted under the KCPA and common law theories of fraud and misrepresentation. Under Kentucky law, Ratliff and each member of the Kentucky Class can potentially obtain benefit of the bargain damages up to and including their out-of-pocket expenses incurred in purchasing Vioxx, seeking a consultation of a physician, punitive damages, and attorneys' fees. Under the proposed Settlement, Ratliff and the Kentucky Class waive their rights to this recovery in exchange for a payment through the proposed common fund that is substantially limited and highly unlikely to compensate them for their actual losses.

      Ratliff and the Kentucky Class therefore have a direct interest in the fund established by the Proposed Settlement. These rights are substantial and satisfy the second and third prongs of the Rule 24 analysis. See, e.g., Shaunfield v. Citicorp Diners Club, Inc., 2005 U.S. Dist. LEXIS 11244, *16 (N.D. Tex. 2005) (holding that "when a particular fund is at issue, an applicant

claims an interest in the very property that is the subject matter of the suit."); Lelsz v. Kavanagh, 710 F.2d 1040, 1043-44 (5th Cir.1983) ("Intervention is a means whereby class members can monitor the representation of their rights.").

With respect to the fourth element, it is likewise obvious that Ratliff and the Kentucky Class's interests have not been and will not be adequately represented by the parties before the Court. Most importantly, the Proposed Settlement severely undervalues the claims of Ratliff and similarly situated consumers in Kentucky. As previously explained to the Court in detail, the Kentucky Class has asserted multiple claims against Merck, including a claim under the KCPA – Merck has settled a state-wide class action asserting a claim under a nearly identical statute for multiple times the amount proposed to settle a nationwide class of consumers. Again, the KCPA does not require proof of reliance, and certification of a class of consumers under that statute is therefore likely. The Kentucky Action also includes claims for common law fraud and misrepresentation which involve the possibility of punitive damages. The claims of the Kentucky Class survived summary judgment at the trial court and therefore have a much stronger likelihood of success than others encompassed by the Proposed Settlement.

Furthermore, the Proposed Settlement does not take into account the difference between various states' consumer protection statutes, the likelihood of success with respect to class claims asserted against Merck under each statute, or the vast difference in the Kentucky claims versus most of the claims proposed to be settled. Ratliff is entitled to protect his interests and the interests of the Kentucky Class by conducting discovery into the appropriateness of a Proposed Settlement that purports to treat the claims of each consumer in this nation in the same manner (despite vast differences in operative law) and which disregards the additional and different claims asserted in the Kentucky Action.

A common fund capped at $23 million inclusive of attorneys' fees and costs appears to be facially insufficient to cover the claims of consumers who have purportedly been made a part of the class.  After attorneys' fees of $7,360,000 are subtracted from the common fund, this leaves little more than $15 million to cover the claims of consumers who are part of the class.  This does not even take into consideration that the fund will be drastically reduced by the costs associated with the extensive Notice Plan proposed by the parties – at least another $2 million.  In addition, the estimated number of potential class members has not been disclosed to the Court.  The absence of this information makes it impossible for Ratliff or other putative class members to perform any real analysis with respect to their potential recovery under the Proposed Settlement.  Ratliff is entitled to conduct discovery to determine the range of his and the Kentucky Class's potential recovery and evaluate the fairness of the proposal.

A proposed intervenor need only show that its interests in the action may be inadequately represented by the existing party; "the burden of making that showing should be treated as minimal."  Trbovic v. United Mine Worker of America, 405 U.S. 528, 538, n. 10 (1972).  Thus, even where the parties' interests are technically aligned, but they have different perspectives and approaches to the litigation, intervention should be permitted.  Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989) ("The fact that the interests are similar does not mean that approaches to litigation will be the same.").

### B. Ratliff's Failure To File A Pleading With His Motion Seeking Intervention Is Not A Sufficient Basis For Denying The Motion.

Rule 24(c) is designed to insure that parties have advance notice of claims which the intervenor plans to make.  See, e.g., Advisory Committee Notes, Fed. R. Civ. P. 24 (c). The purpose of the Rule has informed its interpretation, and a majority of Circuits, including the Fifth, favor "a permissive interpretation" of Rule 24(c).  See, e.g., Liberty Surplus Ins. Cos. v.

Slick Willies of Am., Inc., No. H-07-0706, 2007 U.S. Dist. LEXIS 59723, 2007 WL 2330294, at *1-2 (S.D. Tex. Aug. 15, 2007) (Rosenthal, J.).  Thus, the rule's requirements typically are excused where the motion to intervene sufficiently "does put the parties on notice of [the intervenor's] grounds for intervention."  Liberty Surplus, 2007 U.S. Dist. LEXIS 59723, 2007 WL 2330294, at *2; cf. also 7C Wright et al., supra, § 1914, at 521 (noting that, "apparently without exception," courts denying a motion to intervene due to "procedural mistakes" under Rule 24(c) also discuss "reasons of substance why intervention should not be allowed," thereby suggesting "that a deserving applicant for intervention is not likely to be turned away because of a procedural blunder of no real significance").  The Fifth Circuit has in fact permitted intervention even in the absence of a motion to intervene, citing Federal Rule of Civil Procedure 8(e)(1) ("no technical forms of pleadings or motions are required") and Rule 8(f) ("all pleadings shall be so construed as to do substantial justice").  Farina v. Mission Inv. Trust, 615 F.2d 1068, 1074 (5th Cir. 1980).

  At least four other Circuits have likewise taken a lenient approach to the requirements of Rule 24(c). The D.C. Circuit has explained that "'procedural defects in connection with intervention motions should generally be excused by a court,'" particularly where there is no claim that the parties do not have notice of the intervenor's appeal. Mass. v. Microsoft Corp., 373 F.3d 1199, n. 19 (D.C. Cir. 2004) (quoting McCarthy v. Kleindienst, 741 F.2d 1406, 1416 (D.C. Cir. 1984)). The Eleventh Circuit has similarly suggested that "inconsequential" procedural noncompliance with the requirements of Rule 24 should be excused. Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir. 1985).  The Fourth Circuit has held "the proper approach [to Rule 24(c)] is to disregard non-prejudicial technical defects." Spring Constr. Co. v. Harris, 614 F.2d 374, 377 (4th Cir. 1980).  See also, e.g., Providence Baptist Church v. Hillandale

13

Comm., Ltd., 425 F.3d 309, 313-318 (6th Cir. Ohio 2005) (holding that the District Court abused its discretion in denying a motion to intervene as a matter of right where the motion included a statement of legal grounds for contending intervention was appropriate: "The district court's exacting application of Rule 24(c) is not in accord with the jurisprudence of a majority of the Circuits, which favor a permissive approach, or with the rationale applied by other Circuits to approve strict enforcement of Rule 24(c) in some circumstances (e.g., where the parties are not on notice as to the grounds asserted for intervention, or there is some other prejudice to the parties)."); United States v Wagner, 107 AFTR 2d 2580 (D.C. Colo. 2011) (holding that while a loan servicing company had not filed a pleading with its renewed motion to intervene as required by Fed. R. Civ. P. 24(c), the omission was not fatally defective where its motion and reply had adequately informed the court and addressed the factors necessary to justify intervention of right).

     Here, Ratliff's Motion to Intervene referenced the Kentucky Class Action Complaint filed against Merck in the Kentucky Litigation, which has been filed in the record of this action, and sets forth in detail the claims asserted by Ratliff on behalf of the Kentucky Class. The Motion likewise references the objections previously filed by Ratliff, which set forth in detail the nature of the objections to the Proposed Settlement that Ratliff intends to make. Finally, the Motion itself provides additional detail regarding the nature of Ratliff's objections and the relief regarding discovery and access to the full record, which he intended to seek upon intervening. As such, the parties have been more than sufficiently apprised of the nature of Ratliff's objections and the relief he intended to seek before this Court. Given the Fifth Circuit's explicit adoption of the permissive interpretation of Rule 24 (c), there is absolutely no justification for

14

denying Ratliff's Motion to Intervene on the basis of a procedural deficiency, and Ratliff is likely to prevail on this portion of his appeal.

## II. ABSENT ISSUANCE OF A STAY, RATLIFF WILL BE IRREPARABLY INJURED.

Here, the irreparable harm Ratliff will suffer in the event that the opt-out and Fairness Hearing dates set forth in the Preliminary Approval Order are not stayed pending Ratliff's appeal of the denial of his Motion to Intervene is obvious. If the Order is not stayed, Ratliff will effectively lose the ability to intervene even if he is successful on appeal. The Fairness Hearing is scheduled for December 13, 2013. Ratliff has sought intervention for the purpose of obtaining discovery and access to the entire record of this matter so that he might formulate and articulate well-informed objections to the Proposed Settlement. This discovery and fact gathering must take place well in advance of the Fairness Hearing. Even assuming Ratliff's request for expedited appeal is granted, the appeal of this Court's denial of his Motion to Intervene may not be decided by the Fifth Circuit prior to the Fairness Hearing.

Where denial of the Motion to Stay allows things to come to pass that can either not be later corrected or cannot be cured by money damages, courts find that an applicant will be irreparably harmed absent the stay. See, e.g., Hollingsworth v. Perry, 558 U.S. 183, 195-96 (U.S. 2010) (noting that the applicants' appeal challenged the decision of a District Court to broadcast a trial, and finding that applicants established irreparable harm would likely result from the denial of the stay because without a stay, the District Court will broadcast the trial and it would be difficult – if not impossible – to reverse the harm from those broadcasts); Smith & Nephew, Inc. v. Arthrex, Inc., 2010 U.S. Dist. LEXIS 60356, 16-17 (E.D. Tex. June 18, 2010) ("Such loss is not easily measured by money damages and hence qualifies as 'irreparable harm'").

15

### III. DELAY RESULTING FROM A STAY WILL CAUSE NO HARM TO THE PARTIES.

Postponing the Notice and opt out dates and the date set for the Fairness Hearing by the Preliminary Approval Order until Ratliff's (presumably expedited) appeal of the Court's denial of the Motion to Intervene will not harm the parties to the action because the delay occasioned by the stay will be fairly minimal given the long history of this action and the parties' negotiations. Seeking a stay of weeks to permit sufficient discovery regarding the fairness of the Proposed Settlement serves a public interest that is strong enough to outweigh any minimal harm to the parties. Furthermore, here, given the strength of Ratliff's likelihood of success on appeal, and the irreparable nature of the harm he will suffer if the stay is not granted, the balance of equities tips in favor of granting the stay. Nken v. Holder, 556 U.S. 418, 434 (2009) (concluding that "likelihood of success" and "irreparable harm" factors are "the most critical."); United States v. Transocean Deepwater Drilling, Inc., 2013 U.S. App. LEXIS 15086, 8-9 (5th Cir. 2013) (same).

### IV. THE PUBLIC INTEREST FAVORS GRANTING A STAY.

Pursuant to Federal Rule of Civil Procedure 23, governing class actions, "[r]eview of a proposed class action settlement generally involves two hearings," the first of which is a "preliminary fairness evaluation" made by the Court. Manual for Complex Litigation (Fourth) § 21.632 (2004). During the preliminary evaluation, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Id. § 21.6. Additionally, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final

fairness hearing." Id.  See also, e.g., Cope v. Duggins, 2001 U.S. Dist. LEXIS 4380, at *1 (E.D. La. 2001).

After having granted preliminary approval and allowed the notice process to move forward, the Court conducts a more thorough and rigorous analysis of the same factors in order to determine the appropriateness of granting final approval.  Manual for Complex Litigation § 21.6; see also In re OCA, Inc. Securities & Derivative Litig., 2008 U.S. Dist. LEXIS 84869, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008).  "Counsel for the class and the other settling parties bear the burden of persuasion that the proposed settlement is fair, reasonable, and adequate."  Manual for Complex Litigation (Fourth) § 21.631 (2004); In re Vioxx Prods. Liab. Litig., 239 F.R.D. 450, 459 (E.D. La. 2006).  The fairness considerations attendant to the Court's consideration of final approval of the Proposed Class inherently implicate the public interest. The public, which consists in part of the millions of consumers nationwide whose claims are to be released under the Settlement Agreement, has a substantial interest in ensuring that Objectors to the Proposed Settlement are permitted a sufficient opportunity to obtain information regarding the settlement and present arguments regarding the same.  Moving forward with a fairness hearing before Ratliff is able to obtain a final determination regarding whether he is entitled to intervene for the purpose of obtaining discovery regarding the settlement and lodging an Objection would impair the public's interest in a full and fair hearing on the adequacy of the Proposed Settlement.  All Cases v. Knauf Gips, KG (In re Chinese-Manufactured Drywall Prods. Liab. Litig.), 2013 U.S. Dist. LEXIS 16811, 17-19 (E.D. La. Feb. 7, 2013) (holding that settlement classes – cases certified as class actions solely for settlement – require "closer judicial scrutiny than approval of settlements reached only after class certification has been litigated through the adversary process.") (citations omitted).  See also, e.g., Girsh v. Jepson, 521 F.2d

153, 157 (3d Cir. 1975) (reversing final approval entered by the District Court in part on the grounds that Objectors had not been given an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement).

## CONCLUSION

Based on the foregoing, Ratliff, on behalf of himself and the Kentucky class, meets all of the requirements for a stay of the Court's Preliminary Approval Order pending appeal of the Court's denial of his Motion to Intervene.  Ratliff therefore respectfully requests that the Court grant the instant Motion, and suspend the dates relating to the opt-out deadline and the Fairness Hearing as set forth in the Preliminary Approval Order pending resolution of Ratliff's appeal to the Fifth Circuit.

Respectfully submitted,

 /s/ Richard A. Getty
RICHARD A. GETTY
 and
JESSICA K. CASE

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909

COUNSEL FOR JAMES RATLIFF,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing Interested Party James Ratliff's Motion To Stay Pending Appeal has been served upon all parties by electronically uploading the same to LexisNexis File and Serve Advance in accordance with Pre-Trial Order No. 8C, and e-mailing and mailing same, postage prepaid, to the individuals listed below, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 30th day of August, 2013.

Russ M. Herman, Esq. (Bar No. 6819)
   and
Leonard A. Davis, Esq. (Bar No. 14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
E-Mail: rherman@hhklawfirm.com
E-Mail: ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel

Phillip A. Wittmann, Esq. (Bar No. 13625)
   and
Dorothy H. Wimberly, Esq. (Bar No. 18509)
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
E-Mail: pwittmann@stonepigman.com
E-Mail: dwimberly@stonepigman.com
Defendants' Liaison Counsel

Ann B. Oldfather, Esq. (KY Bar No. 52553)
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky 40208
E-Mail: aoldfather@oldfather.com
Liaison And Lead Counsel For Ineligible
Or Non-Enrolled Cases And Certain
Other Remaining PI Claims

John H. Beisner, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
E-Mail: John.Beisner@skadden.com
Counsel for Merck & Co., Inc.

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana 70139
E-Mail: barrios@bkc-law.com
Government Action Liaison Counsel

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
E-Mail: ecabraser@lchb.com
Co-Lead Class Settlement Counsel

       /s/ Richard A. Getty
       COUNSEL FOR JAMES RATLIFF, ET AL.

jkcpld0739