**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**Case No. 05-MD-01657**
**MDL Docket No. 1657**

| | | |
|---|---|---|
| In Re:  VIOXX | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

**INTERESTED PARTY JAMES RATLIFF'S COMBINED RESPONSE
IN OPPOSITION TO MOTION TO STAY VIOXX-RELATED
CONSUMER-PROTECTION CLAIMS IN KENTUCKY STATE COURT
AND ENJOIN FURTHER PROSECUTION OF SUCH CLAIMS AND
RESPONSE IN OPPOSITION TO MOTION FOR ORDER ENJOINING
JAMES RATLIFF, HIS COUNSEL, AND ANY OTHER CLASS MEMBER
FROM PROSECUTING AN OVERLAPPING CONSUMER CLASS ACTION
AND INTERFERING WITH THIS COURT'S CONTINUING JURISDICTION
OVER THIS LITIGATION AND THE NATIONWIDE CONSUMER CLASS
SETTLEMENT PRELIMINARILY APPROVED BY THIS COURT**

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and

through counsel, and as an individual and representative of a previously certified class interested

in the Order For Preliminary Certification Of A Class For Purposes Of Settlement And

Preliminary Approval Of Class Settlement, Class Notice And Related Matters (the "Preliminary

Approval Order") [DE 64526], respectfully submits this combined Response in Opposition to:

(1) Defense Counsel's Motion To Stay Vioxx-Related Consumer-Protection Claims In Kentucky

State Court And Enjoin Further Prosecution Of Such Claims [DE 64537] (the "Motion to Stay");

and (2) Class Counsel's Motion For An Order Enjoining Ratliff, His Counsel, And Any Other

Class Member From Prosecuting A Competing And Overlapping Consumer Class Action And

Interfering With This Court's Continuing Jurisdiction Over This Litigation And The Nationwide

Vioxx Consumer Class Settlement Preliminarily Approved By This Court [DE64539] (the

"Motion to Enjoin").  Each Motion is addressed below.

## INTRODUCTION

After obtaining Preliminary Approval of a nationwide settlement that affords consumers extremely limited compensation (particularly in comparison to the settlement value of both a class action in Missouri which Merck settled and the claims of Kentucky consumers) for their legitimate claims against Merck relating to Merck's fraudulent sales and marketing of Vioxx, the parties now seek an Order from this Court that will stifle legitimate objections to the Proposed Settlement and stay proceedings in Kentucky – even though no such "proceedings" are imminent.  In so doing, the parties ignore principles of federalism and comity as well as plain fairness and seek to punish and prevent any activities by Ratliff and his Counsel that are wholly within the bounds of the law.  This Court must decline the invitation of counsel for the parties to issue unnecessary Orders improperly prohibiting legitimate conduct.  Under the circumstances of this case, any Order staying the Kentucky litigation under the All Writs or Anti-Injunction Act is not justified.

## ARGUMENT

### I.  THERE ARE NO "PROCEEDINGS" IN KENTUCKY STATE COURT TO ENJOIN.

As this Court is aware, Ratliff, through his counsel, has represented himself and more than 200,000 similarly situated Kentucky residents in Kentucky state court litigation arising from Merck's Vioxx marketing and sales practices since 2004, well before this MDL proceeding was initiated.  The Complaint filed in the Pike Circuit Court asserts claims under the Kentucky Consumer Protection Act ("KCPA") and under common law fraud and misrepresentation theories on behalf of all Kentucky residents who have purchased and taken Vioxx and who, upon the recommendation and advice of the FDA and Merck, have contacted or will contact their physicians to seek advice regarding their use of Vioxx.  See Class Action Complaint, Ratliff, et

al. v. Merck & Co., Inc., 04-CI-01493, Pike Circuit Court, 35th Judicial Circuit, attached to Ratliff's Preliminary Notice of Objection, [DE64289], as Exhibit A.  Merck removed the Kentucky litigation to Federal Court, but the case was remanded on the grounds that the Federal Court lacked subject matter jurisdiction.  The Kentucky Class was therefore not consolidated with the other class actions for pretrial proceedings or otherwise before this Court. This Court does not therefore have subject matter jurisdiction over the Kentucky Class claims, or personal jurisdiction over Ratliff or Ratliff's counsel, who have been denied intervention in this matter.[1]

The full procedural history of the Kentucky state court action was previously detailed for the Court, as set forth in Ratliff's July 20, 2013 Objection to Preliminary Approval of Proposed Class Settlement ("Proposed Settlement") [DE 64496] and accordingly will not be fully restated here.  In sum, however, the claims of the Kentucky Class survived summary judgment and the trial court certified the class in 2010.  The Court of Appeals later reversed the certification.  The propriety of class certification has not, however, been finally determined – the question is now pending before the Kentucky Supreme Court.  Briefing is complete, and oral argument has already taken place.  There are currently no active proceedings before the trial court.

As there are no "proceedings" currently under way in the Kentucky state courts, there is actually nothing for this Court to enjoin.  It would be highly improper – and not supported under any prior decision of any court – for this Court to enjoin a state's highest court from ruling on a matter of state law that is fully briefed and pending.  As Settlement Counsel point out in their brief in support of the extraordinary relief they have requested, it is "pure conjecture" whether the Kentucky Supreme Court will rule on the certification question at any point during the Notice period.  The case was not ruled upon in the August opinions issued on August 29th, as had been

---

[1]    On Friday, August 30, 2013, Ratliff filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit and simultaneously moved to Stay the District Court's earlier Order Preliminarily Approving the Class Action Settlement in the MDL proceedings.

hoped by Ratliff and Kentucky class counsel.  The Kentucky Supreme Court will not release the next round of Opinions until the end of September.  If the Kentucky Supreme Court rules on the issue during the notice period, there are two possible outcomes, only one of which may require this Court to act.  The Kentucky Supreme Court could affirm the Kentucky Court of Appeals ruling decertifying the Kentucky Class.  In that case, there will be no competing Kentucky Class and no class proceedings to enjoin.  However, if the Kentucky Supreme Court rules on the question of class certification during the notice period, and if the Court rules that the Court of Appeals erred in reversing class certification, then and only then would there be any competing state class action "proceedings" to enjoin.  Under these circumstances, this Court should refrain from issuing unnecessary orders.

## II.     COUNSEL FOR RATLIFF HAVE NOT ENGAGED IN ANY IMPROPER CONDUCT.

The Motions to Stay and Enjoin accuse Ratliff and his counsel of attempting to "undermine" the MDL settlement with the goal of "securing hefty attorney's fees" in the Kentucky Litigation.  Lead Settlement Counsel have asserted that Ratliff and his counsel have engaged in "public efforts to derail this nationwide settlement."  On the contrary, however, neither Ratliff nor his counsel have engaged in any untoward conduct whatsoever in any attempt to "undermine" the Proposed Settlement, and Lead Settlement Counsel's accusations of such conduct are highly improper and unfounded.  None of the conduct outlined in the Motions – the filing of objections, motions to stay, and changes to proposed notice – is improper, and in fact many of Ratliff's filings were specifically suggested by the District Court.  This includes the proposed changes to class Notice suggested by Ratliff, which the Court directed counsel for the parties to consider – a direction they wholly ignored.

Kentucky counsel has a duty to protect the interests of the Kentucky Class and to pursue the means of legal redress that will most fully compensate the Kentucky Class members for the harms they have suffered as a result of Merck's wrongful actions.  It is important to note, however, that in fulfilling their duties to protect the interests of Kentucky consumers, neither Ratliff nor his counsel have engaged in any publicity efforts to destabilize the MDL settlement. This is true despite the fact that even a cursory review of the Proposed Settlement reflects that it is woefully deficient in that it will award each class member only pennies while Plaintiffs' class counsel receive millions.  The deficiency of the settlement is even more obvious when one compares the total <u>nationwide</u> settlement fund now proposed (a limited fund of $23 million) to the settlement previously agreed to by Merck in satisfaction of the claims of consumers in Missouri alone (an <u>unlimited</u> fund established with an in initial payment of $39 million).

Ratliff believes that a nationwide class that includes Kentucky and subjects Kentucky consumers – whose claims are virtually identical to those at issue in the <u>Plubell</u> Missouri action – to minimal redress is inherently unfair.  Ratliff believes that the Proposed Settlement should be rejected, and that the Kentucky Class should be permitted to proceed in Kentucky state court as they have been doing for the past nine years.[2]  But counsel for Ratliff do not intend to pursue any means other than those provided by the applicable Rules of Procedure and legal precedent for seeking exclusion and objecting to the overall fairness of the Proposed Class.  The processes by

---

[2]     The "fly in the ointment" in the MDL settlement is the fact that Merck included the Kentucky claims in the MDL settlement toward the end of the MDL settlement discussions (presumably because of the Kentucky Court of Appeals ruling decertifying the claims Merck insisted on that addition as well as the condition that without Kentucky no settlement would result).  This agreement appears to have been reached despite counsel for Merck's obvious awareness that the Kentucky Supreme Court had taken the case on Discretionary Review and that the Court of Appeals' Opinion was not final.  Kentucky counsel is unaware of the extent of counsel for the MDL Plaintiffs' awareness of the non-finality of the Court of Appeals Opinion when counsel agreed to such condition of settlement.  Obviously, the current procedural problems would have been avoided had MDL counsel insisted that the addition of Kentucky had come too late and that the uncertainty of ongoing appellate proceedings in Kentucky justified Kentucky's exclusion from the MDL settlement.

which Ratliff and his counsel seek to object to the Proposed Settlement are well founded in law and serve the legitimate purpose of questioning the adequacy of the Proposed Settlement. Objectors such as Ratliff "add value to the [settlement] process by:  (1) transforming the fairness hearing into a truly adversarial proceeding; (2) supplying the [c]ourt with both precedent and argument to gauge the reasonableness of the settlement and the lead counsel's fee request; and (3) preventing collusion between lead plaintiff and defendants." In re UnitedHealth Group Inc. PSLRA Litig., 643 F. Supp. 2d 1107, 1109 (D. Minn. 2009) (citing In re Cardinal Health Inc. Sec. Litig., 550 F. Supp. 2d 751, 753 (S.D. Ohio 2008)).

Here, to the extent that counsel for the parties request the Court to proactively enjoin Ratliff and his counsel from taking unidentified actions for which counsel has presented no evidence of prejudice or harm, there is simply no basis for the relief requested.  First, it is questionable whether the District Court has personal jurisdiction over Ratliff, his counsel, or any members of the Kentucky Class for the purposes of enjoining any activity on their part.  Second, even with respect to parties properly before a court, the United States Supreme Court has explicitly held that a court shall not restrict counsel's ability to contact class members or undertake other action during notice or opt-out periods unless the court has been presented with and analyzed specific allegedly wrongful conduct.  MDL Plaintiffs' counsel has not presented such evidence in connection with the instant Motions, and the extraordinary relief requested must be denied.  See, e.g., Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 101-02 (1981) ("…an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.  Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure,

6

especially Rule 23.  In addition, such a weighing – identifying the potential abuses being addressed – should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances."); Coles v. Marsh, 560 F.2d 186, 189 (3d Cir. 1977) ("…to the extent that the district court is empowered . . . to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties.").  No such evidence exists here and the draconian relief sought by Merck and MDL Liaison Counsel is entirely unwarranted.

## III. ENJOINING OR STAYING THE KENTUCKY LITIGATION UNDER THE ALL WRITS OR ANTI-INJUNCTION ACT IS IMPROPER UNDER THE CIRCUMSTANCES OF THIS CASE.

The parties base their instant requests for relief upon the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283.  The All Writs Act provides that "…all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a). The All Writs Act is limited, however, by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (emphasis added); In re Diet Drugs, 282 F.3d 220, 233 (3d Cir. 2002).

7

Therefore, if an order from a federal court has the effect of staying a state court's proceedings, it is <u>prohibited</u> by the Anti-Injunction Act unless the order falls within one of the Act's three stated exceptions.  <u>In re Diet Drugs</u>, 282 F.3d at 233.  Here, the only exception that arguably applies is the "necessary in aid of jurisdiction" provision.  Further, the Court should recall that the Supreme Court has held that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  <u>Atlantic C.C.R. Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 297 (1970).  The Fifth Circuit likewise recognizes "…the overarching principle that federal courts are to be cautious about infringing on the legitimate exercise of state judicial power."  <u>Texas v. United States</u>, 837 F.2d 184, 186 (5th Cir. 1988).

**A.    The "Necessary In Aid Of Jurisdiction" Exception Traditionally Applies To In Rem, Not In Personam Proceedings.**

Traditionally, under the "necessary in aid of jurisdiction" exception, an injunction staying a state court proceeding could only occur where a res was at stake.  <u>See</u> <u>In re Diet Drugs</u>, 282 F.3d at 234 (recognizing the traditional notion that the All Writs Act exceptions do not apply to in personam actions); <u>Winkler v. Eli Lilly & Co.</u>, 101 F.3d 1196, 1202 (7th Cir. 1996) ("Ordinarily, the 'aid of jurisdiction' exception to the Anti-Injunction Act applies only to parallel state <u>in rem</u> rather than <u>in personam</u> actions") (emphasis added); <u>In re Baldwin-United Corp.</u>, 770 F.2d 328 (2d Cir. 1985)("[T]he federal court is empowered to enjoin any state court proceeding affecting [its] res.");

The Supreme Court has long recognized that where a federal court has jurisdiction over a res and a state court exercises jurisdiction over that same res, the federal court may enjoin the parties from proceeding in state court.  <u>See</u> <u>Kline v. Burke Constr. Co.</u>, 260 U.S. 226, 229

8

(1922).  As to concurrent state and federal in personam actions, however, the Supreme Court has stated "[t]he traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to [the All Writs Act] was intended to alter this balance."  <u>Vendo Co. v. Lektro-Vend Corp.</u>, 433 U.S. 623, 642 (1977).

In the context of consolidated multi-district litigation, a number of Circuits have permitted an MDL court, in certain circumstances, to enjoin a concurrent state court in personam proceeding under the theory that complex litigation cases are sufficiently similar to in rem proceedings so as to permit injunctions on such cases.  <u>See</u>, <u>e.g.</u>, <u>In re Diet Drugs</u>, <u>supra</u>, 282 F.3d at 235 n. 12.  This Court adopted the analysis employed by these Circuits in its recent decision to enjoin parallel state court proceedings, as reflected in <u>In re Chinese-Manufactured Drywall Prods. Liab. Litig.)</u>, 2011 U.S. Dist. LEXIS 62222, 9-13 (E.D. La. June 9, 2011).  In that case, this Court concluded that the significant resources at issue in reaching a preliminary approval of class settlement were sufficient to create a "res" and thereby justify exclusive jurisdiction as with in rem cases.  Here, however, even utilizing a conceptual res theory to bring this matter within the "in aid of jurisdiction" exception, this Court must acknowledge that (1) the jurisdictional prerequisites to the issuance of an injunction are not met; (2) prior-filed litigation controls; and (3) the factors supporting injunctions of parallel state court proceedings are simply not present.

**B.      The Jurisdictional Prerequisites To Issuance Of An Injunction Are Not Present Here – This Court Does Not Have Subject Matter Jurisdiction Over Ratliff's Claims.**

As the Court is aware, in 2005 Merck removed the Kentucky Litigation to federal court and requested that it be consolidated with this MDL proceeding.  On March 3, 2005, Judge

Joseph Hood granted Ratliff's Motion to Remand and sent the case back to the Pike Circuit Court, where it has been vigorously and extensively litigated since that time.  In remanding the case to state court, Judge Hood found that there was no federal subject matter jurisdiction over the claims asserted by the Kentucky Class.  "As the text of the All Writs Act recognizes, a court's power to issue any form relief – extraordinary or otherwise – is contingent on that court's subject-matter jurisdiction over the case or controversy."  United States v. Denedo, 556 U.S. 904, 911 (2009).  Therefore, this Court simply cannot grant the relief requested by the parties.

Ratliff has sought intervention in this matter for the purpose of objecting to the proposed settlement only, and has never consented to the jurisdiction of this Court.  Further, the Court denied Ratliff's motion to Intervene.  As such, this Court does not have either personal or subject matter jurisdiction over the Kentucky litigation, the jurisdictional prerequisites of the All Writs and Anti-Injunction Act are not satisfied, and the parties' Motions must be denied.  Carlough v. Amchem Prods., 10 F.3d 189, 198 (3d Cir. Pa. 1993)("We note that neither the Anti-Injunction Act, 28 U.S.C. § 2283 (1970), nor the All-Writs Act, 28 U.S.C. § 1651 (1988), dispels the federal court's jurisdictional requisite or divests the [] court of its jurisdiction to adjudicate the [] action, but rather the judicial authority extended by the Acts is wholly derivative in nature. Thus the application of the Anti-Injunction and  All-Writs Acts should have been preceded by the satisfaction of jurisdictional prerequisites.") (emphasis original); Atlantic C.C.R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970) (exceptions to § 2283 should not be enlarged by liberal statutory construction).

**C.** **To The Extent This Court Analogizes The MDL Proceeding To An In Rem Action, The Court Must Pay Heed To The Corresponding Principle That Prior-Filed In Rem Proceedings Control And May Not Be Enjoined.**

Utilizing the "in aid of jurisdiction" exception by effectively treating an MDL proceeding as an in rem rather than in personam proceeding, this Court must also pay heed to the manner in which use of the exception has been applied in traditional in rem actions. Specifically, the law is well-settled that with respect to in rem proceedings, the first-filed action controls and cannot be enjoined. That is, under the "necessary in aid of jurisdiction" exception to the All Writs Act utilized in in rem cases, a federal court may issue an injunction against state proceedings to protect its jurisdiction <u>only</u> when the federal court acquires jurisdiction before the state court and the state proceedings interfere with the control and disposition of the res. <u>See, e.g.</u>, <u>Trs. Of the Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr</u>, 694 F.3d 803, 811 (7th Cir. 2012) (noting that the necessary in aid of jurisdiction exception to the All Writs act "…applies when a federal court acquires jurisdiction, <u>prior</u> <u>in</u> <u>time</u> to the state-court action, over a case involving the disposition of a res) (emphasis added).

In the <u>Trustees</u> case, the court properly noted that the "necessary in aid of jurisdiction" exception was inapplicable where the state suit preceded federal suit. <u>See also</u>, <u>e.g.</u>, <u>Kline v. Burke Constr. Co.</u>, 260 U.S. 226, 229 (1922) (holding that federal action is precluded when state jurisdiction attaches first); <u>Princess Lida of Thurn & Taxis v. Thompson</u>, 305 U.S. 456, 466 (1939) (court may not exercise jurisdiction over action if another court in previously filed action is exercising control over property at issue, and second court must exercise control over same property).

Pursuant to principles of intersystem comity and federalism, state and federal courts must respect each system's prior in rem jurisdiction. Thus, a federal court must respect and not

interfere with a state court's prior in rem jurisdiction, and after finding that a state court has prior in rem jurisdiction, a federal court should abstain.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21-22 (1983); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 819 (1976).  Here, there is no dispute that the Kentucky litigation was instituted before this MDL proceeding.  While Ratliff  does not dispute that the proceedings before this Court have been substantial, it is important for the Court to recognize that the proceedings in Kentucky state court have likewise been substantial, thereby creating a conceptual res in that court over which the Kentucky Courts have exclusive jurisdiction. Thousands of pages of documents have been exchanged in that litigation, several depositions have taken place, summary judgment motions have been briefed and decided, and the issue of class certification has journeyed through the Kentucky courts all the way to the Kentucky Supreme Court twice.  The pivotal question of whether the trial court properly certified the Kentucky Class remains pending before the Kentucky Supreme Court.  Under these circumstances, and given the fact that the Kentucky litigation is first in time, this Court cannot justify enjoining the Kentucky case under a theory that analogizes the MDL to an in rem proceeding for purposes of the "in aid of jurisdiction" exception to the Anti-Injunction Act.

**D.      Even Under The Analysis Used By This And Other Courts To Enjoin Parallel State Court Proceedings That Pose A Threat Of Interfering With An MDL Settlement, Factors Favoring A Stay Or Injunction Do Not Exist Here.**

Here, the litigation that the parties seek to enjoin was filed before the initiation of this MDL proceeding.  The Kentucky litigation has not been utilized as a "preemptive strike" to federal jurisdiction.  In fact, more than seven years ago, a federal court previously found that federal courts could not exercise jurisdiction over the claims of the Kentucky Class.  The Kentucky litigation thereafter proceeded properly in Kentucky state court, being actively

litigated for the next <u>six</u> <u>years</u> without any party contending that the case should be in federal court or that it somehow posed a threat of interfering with the federal litigation.  Ratliff did not become aware of the <u>potential</u> for a nationwide consumer class settlement until February, 2012 – well after the Kentucky Supreme Court had accepted discretionary review of the Court of Appeals' ruling reversing class certification.[3]  In fact, it is only now, when Merck has refused to agree to any settlement of the cases actually before this court unless the settlement includes the sole remaining state class that is not properly before this Court, and when MDL class counsel are clearly ready to take their fees and head for the door, that the parties raise the specter that the Kentucky litigation is somehow improperly interfering with this proceeding.

> **i)**     **The Kentucky Claims Should Be Allowed To Proceed Because They Are Broader And Involve Potentially Greater Recovery Than That <u>Provided In The MDL Settlement To Kentucky Consumers.</u>**

The claims at issue in the Kentucky litigation are broader and provide the possibility of a wider range of recovery, than those involved in this proceeding.  The Kentucky Class asserts not only claims under the Kentucky Consumer Protection Act, but also a claim for common law fraud.  These claims have survived the summary judgment stage, and the Kentucky litigants have therefore established at least some degree of likelihood of success on the merits of their claims. If they succeed, the Kentucky consumers will be entitled under Kentucky law to benefit of the bargain damages, punitive damages, and attorneys fees.  Kentucky consumers therefore stand to obtain a far greater recovery by pursuing their rights in Kentucky state court than under the Proposed Settlement, which offers its class claimants extremely limited recovery.  As such,

---

[3]     As noted above, Merck's counsel were aware of the status of the Kentucky case – namely that the Kentucky Supreme Court would decide the class certification issues – when they sought to include Kentucky in the present settlement.  If anyone should have been enjoined it was Merck given the secret and dishonorable manner in which they injected Kentucky in the MDL settlement after nearly two years of settlement discussions with no apparent discussion of the Kentucky case.

Kentucky consumers, including Ratliff, are well within reason and their rights to object to the Proposed Settlement.

In particular, the Court should note that neither Ratliff nor his counsel have engaged in any efforts to improperly undermine the settlement proposed in this action, and there are no active proceedings in Kentucky state court that pose a threat of interfering with the proposed settlement. Furthermore, it remains unclear whether the Kentucky Supreme Court will rule on the certification question prior to the expiration of the Notice period.[4] If the Court rules before the Notice period expires, and holds that certification of the Kentucky class was proper, <u>then</u> there may or may not be an issue for consideration by this Court. Even then, however, it is unlikely that state class notice would issue prior to the expiration of the Notice period for this action.[5] Furthermore, any potential for confusion among class members could have been minimized by inclusion in the Class Notice of the terms suggested by Ratliff. The parties refused to implement a proactive solution for minimizing confusion and the Court chose to approve the Notice as submitted. Now the MDL parties instead seek the radical relief of staying a proceeding that has minimal potential for interfering with this action.

In a majority of the cases where courts have issued injunctions staying state court proceedings, the state litigation in question was active and there was the imminent possibility of some interference with the federal action. Indeed, it is doubtful whether the Fifth Circuit would uphold any injunction issued here – the only circumstances in which that Court has approved an injunction of parallel state court litigation involved intentionally vexatious conduct on the part of

---

[4]      Given that an Opinion was not released at the end of August, it appears more likely that a ruling will not occur before the Notice period expires. This further justifies removing the Kentucky proceedings from the current MDL settlement.

[5]      If the Kentucky Supreme Court rules that the trial court properly certified the Kentucky claims as a Class, then the Kentucky case has effectively been a viable and proper class action since 2010 – well before the parties to this proceeding began settlement negotiations.

the state court litigants deigned to undermine federal court jurisdiction.  See Newby v. Enron Corp, 338 F.3d 467 (5th Cir. 2003).

In other cases, the Fifth Circuit has refused to extend the "necessary in aid of jurisdiction" exception to in personam actions, citing principles of federalism and comity and the congressional intent underlying the Anti-Injunction Act.  See, e.g. Royal Ins. Co. v. Quinn-L Capital Corp., 960 F.2d 1286 (5th Cir. 1992).  Instructively, in Royal Insurance, the Fifth Circuit concluded that an injunction of a state court proceeding under the "necessary in aid of jurisdiction" exception was not appropriate because the claims in state court posed no threat to the district court's continuing jurisdiction that could not be protected by the relitigation exception to the Anti-Injunction Act.  Id. at 1298 ("In cases decided under [the 'in aid of jurisdiction'] exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case.  In no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision." (Emphasis added and in original, quoting  Texas v. United States, 837 F.2d 184, 186 n.4 (5th Cir. 1988))).

Finally, the relief requested by the parties – a general injunction staying the Kentucky litigation – is not sufficiently tailored to minimize any threat posed by the Kentucky action, and for this reason alone the Motions should be denied. See, e.g.,  In re Cmty. Bank of N. Va., 2008 U.S. Dist. LEXIS 27684, 14-22 (W.D. Pa. Mar. 27, 2008) (noting that Courts acting under the All Writs or Anti-Injunction Acts must ensure that any injunction is "consistent with considerations of federalism and comity.").

## <u>CONCLUSION</u>

Based on the foregoing, Ratliff, on behalf of himself and the Kentucky class, respectfully requests that the Court:  (1) deny Class Counsel's Motion For An Order Enjoining Ratliff, His Counsel, And Any Other Class Member From Prosecuting A Competing And Overlapping Consumer Class Action And Interfering With This Court's Continuing Jurisdiction Over This Litigation And The Nationwide Vioxx Consumer Class Settlement Preliminarily Approved By This Court [DE64539]; (2) deny Defense Counsel's Motion To Stay Vioxx-Related Consumer-Protection Claims In Kentucky State Court And Enjoin Further Prosecution Of Such Claims [DE 64537]; and (3) permit the Kentucky litigation to proceed unimpeded by this Court.

Respectfully submitted,

 /s/ Richard A. Getty
RICHARD A. GETTY
            and
JESSICA K. CASE

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909

COUNSEL FOR JAMES RATLIFF,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Interested Party James Ratliff's Combined Response In Opposition To Motion To Stay Vioxx-Related Consumer-Protection Claims In Kentucky State Court And Enjoin Further Prosecution Of Such Claims And Response In Opposition To Motion For Order Enjoining James Ratliff, His Counsel, And Any Other Class Member From Prosecuting An Overlapping Consumer Class Action And Interfering With This Court's Continuing Jurisdiction Over This Litigation And The Nationwide Consumer Class Settlement Preliminarily Approved By This Court has been served upon all parties by e-mailing and mailing same, postage prepaid, to the individuals listed below, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 3rd day of September, 2013.

Russ M. Herman, Esq. (Bar No. 6819)
    and
Leonard A. Davis, Esq. (Bar No. 14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana  70113
E-Mail:  rherman@hhklawfirm.com
E-Mail:  ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel

Phillip A. Wittmann, Esq. (Bar No. 13625)
    and
Dorothy H. Wimberly, Esq. (Bar No. 18509)
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
E-Mail:  pwittmann@stonepigman.com
E-Mail:  dwimberly@stonepigman.com
Defendants' Liaison Counsel

Ann B. Oldfather, Esq. (KY Bar No. 52553)
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky  40208
E-Mail:  aoldfather@oldfather.com
Liaison And Lead Counsel For Ineligible
Or Non-Enrolled Cases And Certain
Other Remaining PI Claims

John H. Beisner, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
E-Mail:  John.Beisner@skadden.com
Counsel for Merck & Co., Inc.

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
E-Mail:  barrios@bkc-law.com
Government Action Liaison Counsel

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
E-Mail:  ecabraser@lchb.com
Co-Lead Class Settlement Counsel

jkcpld0746

   /s/ Richard A. Getty
COUNSEL FOR JAMES RATLIFF, ET AL.

17