# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

**STATE OF NEW MEXICO,** *ex rel.*
**GARY KING, ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,**

        Plaintiff,

v.                                                                                     No. CIV 08-0779 BB/WDS

**ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JANSSEN, LP, and JOHNSON &
JOHNSON, INC.,**

        Defendants.

**MEMORANDUM OPINION**

      This matter comes before the Court for consideration of a motion to remand filed by the State (Doc. 9), as well as a motion for oral argument on that motion (Doc. 19). The Court has reviewed the submissions of the parties and the relevant law. Based on the parties' arguments and the relevant law, the motion to remand will be granted. Oral argument is unnecessary and the motion for same will be denied.

      **Facts**

      The State filed a lawsuit in state court concerning Risperdal, an antipsychotic drug manufactured and marketed by Defendants. The complaint alleged, in essence, that Defendants engaged in a deceptive marketing scheme designed to conceal harmful side effects that often accompany the use of Risperdal, and to exaggerate the benefits of Risperdal for treatment of various psychological conditions. According to the complaint, this harmed the State in two major ways: first, the State was required to pay, through its Medicaid program, for Risperdal prescriptions that were both unnecessary and in many cases affirmatively harmful; second, the

State has had to pay for medical expenses incurred by Medicaid patients who suffered ill effects from taking Risperdal.  The State also presented claims as *parens patriae* for physical injuries suffered by patients who were prescribed Risperdal.  None of the State's claims invoked a federal statute, the federal Constitution, or federal common law.  Despite the absence of any federal claims in the complaint, Defendants removed the case to this Court, and the State has filed a motion to remand.  The State maintains this Court does not have jurisdiction to hear the case.

**Discussion**

This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).  If a complaint contains only state-law causes of action, as does the one in this case, federal-court jurisdiction may still exist if the plaintiff's right to recover under one or more of the claims in the complaint necessarily depends on resolution of a substantial question of federal law.  *Id.*  The federal issue raised by the state-law claim must be both actually disputed and substantial in order to provide a basis for federal-court jurisdiction.  *See id.*, 440 F.3d at 1233.  The question in this case, therefore, is whether any of the state-law claims raised by the State in its complaint necessarily require resolution of a disputed and substantial federal question.

The State points out that the majority of federal district courts that have considered this question, in directly analogous cases involving cases brought by states against pharmaceutical companies, have refused to find a substantial federal question in the cases before them and have remanded the cases for resolution in state court.  *See, e.g., Arkansas v. Astrazeneca Pharm., LP*, 2008 WL 3992746 (E.D. Ark. 2008);  *Pennsylvania v. Eli Lilly & Company, Inc.*, 511 F.Supp.2d 576 (E.D. Pa.2007); *Utah v. Eli Lilly and Co.*, 509 F.Supp.2d 1016, 1022 (D. Utah 2007); *South Carolina v. Janssen Pharm., Inc.*, 2007 WL 2022173 (D. S.C. 2007); *Alaska v. Eli Lilly & Co.*, 2006 WL 2168831 (D. Alaska 2006).  One district court has ruled to the contrary in several different opinions.  *See, e.g., West Virginia v. Eli Lilly & Co.*, 476 F.Supp.2d 230, 232 (E.D.

2

N.Y. 2007).[1]  However, the Court cannot simply engage in a mechanical opinion-counting exercise in order to resolve this issue.  This is especially true since resolution of the issue depends on an analysis of the exact claims brought by the State in this case, and the Court is not able to directly compare those claims to the ones that might have been raised in the above-cited cases.  In other words, the mere fact that all of these cases involved states bringing lawsuits against pharmaceutical companies for similar claims does not automatically make the cases identical for jurisdictional purposes, as some of the cases might have involved different causes of action than those the State brings in this case.  The Court must therefore review the complaint filed in this case to determine whether recovery under any of the causes of action will require resolution of an actually disputed, substantial federal question.

Defendants maintain the federal question presented by the State's complaint concerns the federal Medicaid statute and the State's obligation to pay for prescriptions that are authorized under that statute.  More specifically, Defendants argue as follows:  (1) Risperdal is a "covered outpatient drug" under provisions of the Medicaid statute; (2) federal Medicaid law requires participating states to pay for prescriptions of covered outpatient drugs, both for FDA-approved uses and for "off-label" use; (3) the State's complaint is an effort, at least in part, to obtain reimbursement from Defendants for payments it has made for Risperdal prescriptions, even though such payment is required by federal law; and (4) therefore, the State's complaint requires an examination of the extent of the State's obligations under the federal Medicaid statute with regard to payment for prescriptions of covered outpatient drugs.

If Defendants' characterization of the State's complaint were accurate, it is possible a substantial federal question might be present in this case.  However, the Court's review of the complaint indicates Defendants have misconstrued the nature of the State's claims.  The State is not attempting to claim that it has no legal obligation under the federal Medicaid statute to pay

---

[1] The Court has found no circuit-level case addressing a similar case.  This is not surprising, since remand orders based on lack of jurisdiction are rarely appealable.

3

for Risperdal prescriptions. Instead, the State claims that Defendants fraudulently induced physicians to issue those prescriptions, by engaging in false and deceptive marketing practices. Specifically, the State claims Defendants, among other actions, concealed and misrepresented health risks associated with the use of Risperdal; deceived physicians and consumers as to the efficacy of Risperdal when compared to other cheaper antipsychotic medications; marketed Risperdal for use in populations, such as children and the elderly, in which the efficacy and safety of the drug had not been established through testing; and misrepresented to physicians and consumers the efficacy and safety of using Risperdal to treat a number of conditions such as bipolar disorder, dementia, panic disorder, and Alzheimer's disease. In sum, the State claims that Defendants fraudulently caused physicians to prescribe an expensive and unsafe medication, thereby triggering the State's obligation under Medicaid to pay for this expensive and unsafe medication. Claiming that Defendants wrongly triggered the State's obligation to pay for Risperdal is completely different than claiming that the State should not have such an obligation as a matter of law, despite the requirements of the federal Medicaid statute. *See Pennsyvania v. Eli Lilly, supra,* 511 F.Supp.2d at 582 ("[I]t is not the act of causing the submission of a claim for a non-medically accepted indication that creates liability under the state law causes of action, but rather the act of causing the submission of a false or fraudulent claim."). The former claim does not require any construction of the Medicaid statute or the State's obligations under that statute. It merely requires an examination of the facts surrounding Defendants' conduct to determine whether the State's claims, brought under state law, have merit.[2]

     As a secondary argument, Defendants point out that a federal statute, the Food, Drug, and Cosmetic Act ("FDCA") requires the Food and Drug Administration ("FDA") to regulate the safety, labeling, and marketing of prescription medications. 21 U.S.C. §§ 301 *et seq.* Defendants contend the State's claims concerning allegedly deceptive marketing of Risperdal

---

[2]The State's other claims, such as the products-liability claim maintaining Risperdal is an unsafe product, have no connection at all to the Medicaid statute.

raise a substantial federal issue because "[i]n the State's view, what makes such marketing 'deceptive' or 'fraudulent' and therefore actionable is that marketing for off-label use is prohibited by federal law." [Doc. 11, pp. 15-16] Again, however, this is not an accurate description of the claims raised in the State's complaint. The complaint does not allege, or come close to alleging, that Defendants' marketing practices were deceptive or fraudulent because those practices violated the FDCA or other federal law; in fact, the complaint nowhere mentions the FDCA. Instead, the complaint alleges Defendants violated state law by deceiving physicians and consumers in various ways.[3] The State's ability to recover under this claim will in no way depend on any showing of violation of federal law, although it is possible such a showing would strengthen the State's case. Therefore, the State's right to recover will not "necessarily depend" on resolution of a substantial question of federal law, as would be required to find federal jurisdiction over this case. *See Nicodemus, supra*, 440 F.3d at 1232.[4]

---

[3]The complaint does allege that the FDA has reprimanded Defendants for "promoting Risperdal for the treatment of the elderly" and has required Defendants to warn of several health risks posed by the use of Risperdal. These allegations do not, however, form the basis of the State's claims; instead, they are presented as examples of Defendants' deceptive and fraudulent conduct.

[4]The Court also notes that, despite Defendants' arguments to the contrary, the Supreme Court case of *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) is directly opposed to Defendants' FDCA-based argument. In *Merrell Dow* the plaintiff did directly rely on FDA regulations as support for a cause of action – the plaintiff claimed violation of the regulations constituted negligence per se for purposes of a state-law negligence claim. Despite that reliance, *Merrell Dow* rejected the possibility of federal-court jurisdiction over the plaintiff's state-law claim. In this case, on the other hand, the State has not relied on FDA regulations or actions for any purpose other than background information tending to show Defendants engaged in deceptive or fraudulent conduct. *Merrell Dow* is thus even less supportive of federal jurisdiction when applied to the allegations presented in this case.

In addition, it should be pointed out that this case is quite different from *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), a case on which Defendants heavily rely. In *Grable*, the essential (and perhaps only) question in the case was whether there had been compliance with the requirements of a federal statute, placing the meaning of that statute into actual dispute. In this case, on the other hand, there appears to be no reason why the meaning of any federal statute should be an issue in the action brought by the State.

5

**Conclusion**

In sum, this is not a case that will require construction of any provision of federal Medicaid law or of the FDCA. Instead, it is a fact-intensive inquiry into the efficacy of Risperdal as well as Defendants' actions in testing and marketing that medication. The case presents no substantial federal question for decision, and this Court therefore has no jurisdiction over the case.

Dated this 26th day of January, 2009.

BRUCE D. BLACK
United States District Judge

6