## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| In re:  VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENT TO STATE OF UTAH'S RENEWED MOTION TO REMAND

**Introduction and Procedural History**

The State of Utah filed this case in the Third Judicial District Court for the State of Utah on April 28, 2006.  The case was brought by the Attorney General alleging state causes of action based upon injury to the State Medicaid program arising out of the sale of Vioxx.  Merck removed this case on May 18, 2006 to the United States District Court, Northern Division of the District of Utah, not based upon diversity of citizenship but upon the alleged existence of a federal question.  On that same date, Defendants filed a Motion to Stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

On May 24, 2006, the State filed a Motion to Remand [hereinafter, "Utah Remand"], the Defendant filed its Memorandum in Opposition on June 8, 2006, and the State of Utah filed its Reply on June 19, 2006 [hereinafter, "Utah Remand Reply"].  On November 15, 2006, this case was transferred to this Court as part of the Vioxx Multi-District Litigation.  On September 20, 2007, the State filed another Motion to Remand [hereinafter, "MDL Remand"], placing the matter before this Court.  The Court stayed matters related to remand shortly thereafter.

On May 8, 2013, the State filed a Renewed Motion to Remand.  The State now files this supplement to the renewed Motion to Remand to discuss additional developments in the law and briefly discuss discovery issues.  The State incorporates as if fully re-written herein, all prior pleadings supporting remand of this case, as set forth in the Procedural History described above.

**Argument**

### A. Recent Cases Interpreting *Gunn v. Minton* further demonstrate the very narrow scope of state court cases that arise under federal law

Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance, such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing that federal jurisdiction exists is on the party seeking removal.  *Id.*, at 566-67.

In the Renewed Motion to Remand, the State discussed *Gunn v. Minton*, 133 S.Ct. 1059 (2013) the most recent United States Supreme Court pronouncement concerning the standards for determining whether a case arises under federal law for removal purposes.  To summarize, since the State's Complaint is not subject to diversity and does not invoke a right to relief under federal statute or law then Plaintiff's Complaint is subject to removal only if the state law claims "arise under" federal law, or put another way, that "implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). As set forth in the Renewed Motion to Remand, the Supreme Court in *Gunn* stated as follows:

> In an effort to bring some order to this unruly doctrine several Terms ago, we condensed our prior cases into the following inquiry: Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? *Grable,* 545 U.S., at 314, 125 S.Ct. 2363. That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and

(4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id.,* at 313–314, 125 S.Ct. 2363.  *Id.,* at *6.

As discussed in greater detail in the Renewed Motion to Remand, "(arising under jurisdiction) is a 'slim category' and 'it takes more than a federal element to open the 'arising under' door." *Grable*, at 308.

The State now directs the Court's attention to the various cases that have considered *Gunn*. With rare exception, the Courts across the country have considered *Gunn* and ordered remand across a wide variety of cases. Often times, the Court will find that a federal issue is necessarily raised and actually disputed, but the removal generally fails the "substantiality" element of the *Gunn* test.

For instance, in *Municipality of Mayaguez v. Corporacion Para El Desarrollo Del Oeste, Inc.*, Case No. 11-2241 (1st Cir. P.R., 8-7-13), Plaintiff purchased land that it contracted with Defendant to develop under a Community Development Block Grant administered by HUD. *Id.,* at 3.  HUD alleged these funds were being mismanaged, and Plaintiff paid HUD $4 million under a HUD Complaint. *Id.,* at 5.  Plaintiff then sued Defendant seeking repayment of this amount because it alleged that the mismanagement alleged by HUD was caused by Defendant's mismanagement of the development project. *Id.,* at 5.  Plaintiff alleged that Defendant violated the contract by violating applicable state and federal law, including certain HUD regulations. *Id.*

The "substantiality" inquiry is distinct from the "necessary" inquiry, and the Court noted that a case is substantial only if it is important to the "federal system as a whole." *Id.,* at 11, citing *Gunn*, at 1066.  An issue is important if it "presents a nearly pure issue of law...that could be settled once and for all" (citing *McVeigh*, at 700-701) or where the resolution of the issue has

3

a broader significance for the Federal Government through an interest in the availability of a direct federal forum to vindicate its own administrative action. *Id.*, at 11 (citing *Gunn*, at 1066). The Court noted that a claim is more likely to be substantial where a private party challenges the propriety of an action taken by a federal department, agency or service. *McVeigh*, at 700. *Id.*, at 11.

The Court agreed that Defendant's claimed violation of the contract turns on whether it complied with federal regulations. *Id.*, at 13. However, the Court noted that the parties' dispute is precisely the sort of fact-bound and situation specific claim that will not impact the development of federal law. *Id.* Further, although HUD was involved in this case, there was no allegation that HUD acted inappropriately. *Id.*, at 14.

Also as to "substantiality" under *Gunn*, the 11th Circuit recently provided three factors to consider when determining the issue: (1) a pure question of law is more likely to be a substantial federal question, (2) a question that will control many other cases is more likely to be a substantial federal question, and (3) if the government has a strong interest in litigating in a federal forum. *MDS (Canada), Inc. v. Rad Source Technologies*, 720 F.3d 833 (11th Cir. Fla., 2013). In that underlying case, Plaintiff needed to prove patent infringement to prevail on its state breach of contract action. *Id.* The Court found, under *Gunn*, that the patent claim was fact bound and that the Government does not have a strong interest in ensuring a single case of patent infringement is heard in a federal forum. *Id.*, at 843.

Using one or more of these considerations, Courts have ordered remand in a variety of situations. For instance, in *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, Civ. Action No. 3:13-2546, 2013 WL 3927833, (S.D. W. Va., May 13, 2013), the West Virginia Attorney General, alleged that Defendants submitted false patent information, prosecuted baseless patent

infringement actions and entered into anticompetitive arrangements, all to protect Lipitor from generic competition. *Id.*, at *1. The Court found a lack of substantiality because the case involves a highly fact-sensitive analysis of a patent application; the case, unlike in *Grable*, would not affect other cases; there was no allegation the patent and trademark office acted inappropriately; and, the case would not affect later litigants in other actions. *Id.*, at *6 - *7. Finally, the Court rejected any claim that remand is inappropriate because the decision in the case may affect other cases within the Multi-District Litigation established concerning the issues at stake in the case. *Id.*, at *7.

The Courts have found other federal issues necessarily and actually raised in Complaint are, nonetheless, subject to remand because the issues are not substantial and their resolution would upset the state-federal balance. In *Marcus v. Medical Initiatives, Inc.*, No. 8:12-cv-2864-T-24 TGW, 2013 WL 718630, (M.D. Fla., 2-27-13), * 1, for instance, the Plaintiff alleged that Defendant was selling counterfeit drugs that were being passed off as brand name drugs. As the Plaintiff was not asserting a federal cause of action, the Court considered the narrowness of federal "arising under" jurisdiction:

> The vast majority of cases that come within federal question jurisdiction are those in which federal law creates the cause of action. See id. However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, <u>545 U.S. 308</u>, 312 (2005)(citation omitted). The Supreme Court has described the "'special and small category' of cases" in which federal question jurisdiction will lie over state-law claims that implicate significant federal issues as "slim." *Gunn v. Minton*, 2013 WL 610193, at *5 (Feb. 20, 2013)(quoting Empire Healthchoice Assurance v. McVeigh, <u>547 U.S. 677</u>, 699, 701 (2006)). *Id.*, at *2.

In the case, the Court assumed, without deciding, that issues related to the Food, Drug and Cosmetic Act were actually disputed. *Id.*, at *5.  The Court then rejected the defense claim that these issues were "substantial" with an analysis applicable to our case:

> With regards to the substantiality of embedded FDCA issues in state law claims, another court has stated the following:
>
> [T]he application of the FDCA regulatory regime is not a federal interest that requires the experience, solicitude, or uniformity provided by federal courts. To the contrary, the Supreme Court has recognized that state courts have traditionally handled state claims with embedded FDCA standards. Indeed, the Supreme Court [in Merrell Dow] noted that even a *novel* FDCA issue raised as part of a state cause of action would not typically justify the exercise of federal jurisdiction. Regarding the FDCA regime in particular, the Supreme Court has put great weight on Congress's decisions (1) not to create a federal remedy for violations of the FDCA, while (2) selectively declining to pre-empt most state causes of action based on FDCA standards. That is, Congress has affirmatively decided to keep such actions out of federal courts while tolerating overlapping regulation and litigation in state forums. All of this strongly suggests there is no need in drug-related consumer protection cases for the "experience, solicitude, and hope of uniformity that a federal forum offers." Within the context of the FDCA regime in particular, the Supreme Court [in Merrell Dow] has therefore concluded "that the presence of a claimed violation of the [FDCA] statute as an element of a state cause of action is insufficiently `substantial' to confer federal-question jurisdiction." *Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F. Supp.2d 1250, 1257 (internal citations omitted).
>
> *******
>
> Defendant also has not shown that recognizing federal question jurisdiction over this case would not disrupt the balance struck by Congress between state and federal judicial responsibilities. As explained by one court:
>
> The substantiality and federalism prongs of Grable are closely intertwined. For the same reasons that an embedded FDCA standard does not generally constitute a "substantial" federal issue, the Supreme Court has concluded that Congress did not intend to preclude state courts from hearing FDCA-related actions. . . . Finding federal jurisdiction here could open the federal courthouse door to "a tremendous number of cases, and could therefore upset the congressionally approved division of labor between state and federal courts." *Kroger*, 832 F. Supp.2d at 1257-58. *Id.*, at *5 - *6.

Although the State asserts relief under the Utah False Claims Act, rather than a consumer protection statute, a similar analysis is warranted here.  To the extent Merck claims that a Utah state Court may need to consider an FDCA issue, the United States Supreme Court has repeatedly instructed that such issues are properly heard in state court.

Numerous cases have also rejected a claim of substantiality of federal issues in a variety of circumstances.  *See*, *also*, *Merced Irr. Dist. V. County of Mariposa*, Case No. 1:12-cv-01645-LJO-SKO, 2013 WL 1749904, (E.D. Cal., 4-23-13) (consideration of the National Wild and Scenic Rivers Act to determine damages is fact-specific and not substantial, did not involve a federal agency, and not likely to have broad application); *Haith ex rel. Accretive Health, Inc. v. Bronfman*, Nos. 12 C 6781, 12 C 6798, 2013 WL 3895246, , (N.D. Ill., Mar. 1, 2013) (shareholder derivative suit that considered whether corporation violated various federal statutory laws does not raise substantial issue as the "state court's rulings will not bind the federal courts" regardless of whether the state court properly or improperly interprets the regulations); *Mirowski Family Ventures, LLC v. Boston Scientific Corp.*, Cause No. 1:11-cv-736-WTL-DKL, 2013 WL 3895246, (S.D. Ind., July 29, 2013) (patent at issue had long since expired so any ruling as to claimed infringement would have no effect on future events and there was no issue that would affect anyone but the parties to the case); *Andrews v. Daughtry*, Case No. 1:2012cv00441, 2013 WL 664564, (M.D. N.C., 2-22-13) (an alternate theory of recovery not requiring resolution of federal issue defeats federal jurisdiction, and here, the Plaintiff could proceed under the copyright act or state contract and unjust enrichment laws).

Utah has also noted that the fact that Medicaid does not provide for enforcement by the State's weighs against federal jurisdiction.  In *Van Vactor v. Wells Fargo Bank, N.A.*, No. CV 13-2310-CAS (PJWx), 2013 WL 3053014, (C.D. Cal., June 14, 2013), at *1, Plaintiffs sought

various causes of action including failure to assist Plaintiffs with their mortgage under the Home Affordability Mortgage Program (HAMP).  Among other reasons in support of remand, the Court similarly noted that HAMP does not provide a private cause of action, which weighs against federal jurisdiction.  *Id.*, at *2.

The State has only found two cases finding federal jurisdiction when applying the *Gunn* test, neither of which apply in our case.  First, in *Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Civ. Action No. 12-4466 (JLL), 2013 WL 1164838, (D.C. N.J., 3-18-13), * 1, Plaintiffs alleged Defendants engaged in a practice called "naked short selling," which is short selling shares that the seller does not even own.  The Plaintiff asserted causes of action under New Jersey RICO and various state common law causes of action.  *Id.*, at *3.  Importantly, Plaintiffs conceded that the only way they could prevail is by establishing a violation of certain SEC regulations.  *Id.*, at *3, *5.  The Court found this issue substantial because its resolution would affect similar cases interpreting the SEC regulation at issue.  *Id.*, at *6.  There were other important issues that warranted federal jurisdiction in *Manning*.  If Plaintiff prevailed, then it would impermissibly subject certain aspects of short selling explicitly permitted under the federal regulations to state liability.  *Id.*  The case may be summed up when the Court, in explaining how Defendants satisfied the fourth element of the Gunn test, noted that "Plaintiffs do not point to a violation of New Jersey's securities law."  *Id.*, at *6.

This case is different from the instant case in that the State can establish liability under the Utah False Claims Act.  If Merck submitted a false claim, as specifically defined under Utah law, then Merck is liable to the State.  Also, there is no determination that would be made by the State Court that would affect similar cases.  Rather, a consideration of Merck's actions is exactly

the type of fact-specific situation only affecting the parties that Courts have repeatedly held defeats federal jurisdiction.

In another case, *One and Ken Valley Housing Group v. Maine State Housing Authority*, 716 F.3d 218, 224 - 225 (1st Cir. 2013), the Court found "arising under" jurisdiction since resolution of the Section 8 issue is a pure issue of law that will affect other cases and may cause HUD and/or the public housing agencies that administer Section 8 to have to pay millions to landlords, which could financially harm the federal Section 8 program.  In our case, there is no pure issue of law, there is no regulatory agency's actions implicated, and there is no anticipated finding that would cause a federal agency to pay money or otherwise be subject to an adverse outcome.

In sum, there are numerous reasons to find that the Defendant's removal fails the third and fourth elements of the *Gunn* test:  (a) there is no pure issue of law whose determination will affect other parties; (b) the case involves a fact-specific dispute between two parties; (c) the federal government does not have an interest in litigating this matter in federal court and, indeed, the United States Supreme Court has repeatedly held that issues that may implicate the Food Drug and Cosmetic Act are properly heard in State Court; (d) there is no implication of a regulatory agency and no finding will cause a federal agency to pay money or otherwise be subject to an adverse outcome; (e) the State's claim will rise and fall on interpretation of the Utah False Claims Act; and (f) the Medicaid statutes do not provide a private cause of action so the State's must enact state laws to protect the various state's systems of Medicaid.  For all of these reasons, this Court must remand this case, consistent with the *Gunn* test.

**B. This Court's supervision over pre-trial proceedings is no longer required.**

In their Renewed Motion to Remand, Utah explains why this Court's supervision over pre-trial proceedings is no longer required.  Utah just received a copy of John H. Beisner's letter to Your Honor, and Utah will respond shortly.  Suffice to say here that the State does not agree with Mr. Beisner's interpretation of PTO 39C.  PTO 39C does not indicate that non-damages expert depositions must be concluded before considering remand as the order states that depositions may take place and does not state when they must be completed.  And, of course, damages discovery is to be addressed after remand issues have been heard, pursuant to PTO 39B.

Finally, Utah notes that the State has, until recently, been proceeding under PTO 39B.  And, claiming authority under PTO 39B, Merck closed down paper discovery in the beginning of June of this year.  Also, the parties discussed, and the State received, an extension of time pursuant to PTO 39B to file their expert liability witness reports.

**Conclusion**

For the foregoing reasons, Utah respectfully requests that this Court remand this case to the 3rd Judicial District Court in Utah where it was initially filed.

DATED this 3rd day of September, 2013.

_____/S/_____

Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

_____/S/_____.

Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901

_/S/_____
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

**_Attorneys for Plaintiff_**


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **SUPPLEMENT TO STATE OF UTAH'S RENEWED MOTION TO REMAND** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 3rd day of September, 2013.


_/S/_____
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123