## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This Document Relates to** | * | |
| **Cases Listed on Exhibit A to Pretrial** | * | |
| **Order 58, As Amended (the VTE Cases)** | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSE TO PLAINTIFFS' SURREPLY

Plaintiffs' Surreply incorrectly argues that Merck:  (1) asked the Court "for the first time" in its Reply to bar the application of Plaintiffs' "multipliers" to pulmonary embolism ("PE") data; (2) mischaracterizes Dr. Spyropoulos's testimony concerning the applicability of DVT-based multipliers to PEs; and (3) was late in filing its Motion for Reconsideration.  This response is necessary to address these inaccuracies.

***First***, Plaintiffs are simply wrong to argue that "in its Reply, Merck asks for relief not specifically requested in its Motion for Reconsideration" and "[i]n its Reply, and for the first time" asked the Court to bar the use of the multipliers if not to all VTEs, then at least to PEs.[1] The first page of Merck's Motion for Reconsideration could not be more clear.  It stated, "[E]ven if a multiplier could be reliably used, it would apply only to cases involving deep vein thromboses ("DVT"), ***and not [PEs]***."[2]  And on page 8, at the end of a section entitled "The Multipliers Are Inapplicable ***To Pulmonary Emboli***," the Motion asked the Court to reconsider

---

[1]    Surreply at 2.

[2]    Mot. for Reconsideration at 1 (emphasis added).

its ruling and disapprove "the use of a 'theoretical' and 'imprecise extrapolation' from DVT data *to PE cases*."[3]  Indeed, Plaintiffs' argument is particularly bewildering in light of the fact that their Opposition specifically addressed this argument.[4]

 *Second*, recognizing that Drs. Zambelli-Weiner and Brooks's application of a DVT-based "multiplier" to the number of PEs in their pooled analysis is based solely on Dr. Spyropoulos's testimony, Plaintiffs assert that Dr. Spyropoulos is "comfortable" with and "consistently holds true" to the view that "the multiplier can and should be applied to both DVT and PE."[5]  But this assertion fundamentally mischaracterizes his testimony.  Merck's Reply highlighted at length the key portions of Dr. Spyropoulos's testimony that Plaintiffs ignored in their Opposition.[6] Plaintiffs fail even to acknowledge—much less explain—the many concessions, hesitations, caveats, and obvious overall discomfort that Dr. Spyropoulos expressed about applying the DVT-based multipliers *to PEs*.

 Instead, Plaintiffs claim that Merck relies on "selective sound bites" from Dr. Spyropoulos's testimony[7]—but the opposite is true.  Plaintiffs contend, for example, that Dr.

---

[3] *Id.* at 8 (emphasis added).  Indeed, Merck raised this issue at the outset.  *See* Merck's *Daubert* Mot. [Rec. Doc. 64211-1] at 23 n.17.

[4] *See* Opp'n at 8 (expressly (and incorrectly) arguing that "Dr. Spyropoulos specifically states that the [VTE] multiplier ***should*** apply to PE as well as DVT").  To be sure, Merck has also requested relief based on the lack of scientific basis for applying a multiplier to ***non-hospitalized*** patients (both DVT and PE) because the data come entirely from hospitalized patients.  *See, e.g.*, Reply at 6–8.  The Surreply does not address Merck's arguments that it is invalid to apply a multiplier based on hospitalized-patient data to non-hospitalized patients.

[5] Surreply at 3.

[6] Reply at 3–5.

[7] Surreply at 3.

1137218v1

Spyropoulos is "comfortable" with the application of a multiplier to PEs,[8] but they ignore Dr. Spyropoulos's clarification *in the very same answer* that applying the DVT ratio to PEs is "an imprecise extrapolation" and that there are "much more data in terms of objective verification using DVT based objective testing."[9]  Plaintiffs also rely on Dr. Spyropoulos's testimony (in response to a leading question from Plaintiffs' counsel) that there needs to be "some kind of multiplier" for PEs.[10]  But he never suggested that *just any* multiplier would do.  Rather, in response to defense counsel's questions, he conceded that:  (1) it would *not* be methodologically appropriate to apply those multipliers to PE events; and (2) he is *not* aware of any data to support the application of those multipliers in the context of PE.[11]  Only Merck's briefs present the *totality* of Dr. Spyropoulos's testimony on this topic, which establishes the unreliability of his opinion.

Even if Dr. Spyropoulos had testified without reservation that a particular multiplier can be applied to the PE data, *Daubert* does not permit an expert to vouch for the reliability of his own opinions.  *See, e.g.*, *Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011) (affirming district court's exclusion of expert's "conclusory assertion that the [ ] biopsy resulted in a cardiac injury" because it was "'connected to existing data only by the *ipse dixit* of the expert'") (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 157 (1999)); *Thomas v. City of Chattanooga*,

---

[8]   *Id.* at 4 (citing Spyropoulos Dep. at 228:20–229:16).

[9]   Spyropoulos Dep. at 228:19–229:5.

[10]   Surreply at 3–4 (citing Spyropoulos Dep. at 299:20–300:1).

[11]   *Compare* Opp'n at 8 *with* Reply at 4–5.  If the Court has any doubt about the extent of Dr. Spyropoulos's concessions on this subject, Merck respectfully requests a narrowly tailored evidentiary hearing so that the Court can hear Dr. Spyropoulos's testimony on this subject first-hand.

1137218v1

398 F.3d 426, 432 (6th Cir. 2005) (excluding expert's testimony where expert "provide[d] no rationale for his conclusions" and essentially "ask[ed] that we take [his] word for it"); *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1244 (11th Cir. 2005) ("[T]he trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'") (quoting Fed. R. Evid. 702 advisory committee's note (2000)).  Simply put, the test under *Daubert* is not whether an expert is "comfortable" with expressing an opinion but whether there is a sound basis for doing so. Here, there is not.  As Dr. Spyropoulos acknowledged, there is no study and no published article on which to base an opinion on a "multiplier" for PEs.[12]  Indeed, he clearly stated that an extrapolation from DVT-based data to PEs is theoretical, "imprecise," and not "methodologically proper."[13]  *Daubert* demands more than a theoretical application of an imprecise extrapolation from a dissimilar database.[14]

Perhaps sensing this problem, Plaintiffs assert that the "use of a multiplier to correct for under-powering is common in peer-reviewed literature, and does not change the relative risk ratio of the causation testimony, only the power of the results."[15]  If that claim were true, Plaintiffs would have been able to cite to at least *one* example from the peer-reviewed literature

---

[12]  Spyropoulos Dep. at 228:14–229:5.

[13]  *Id.* at 299:6–17; 228:14–230:1.

[14]  Moreover, the burden of proving the reliability of their experts' opinions falls on Plaintiffs, not Merck, making Plaintiffs' attack on Merck's experts' alleged failure to address "the application of the same multiplier to both the PE and the DVT branches of VTEs" beside the point.  *See* Surreply at 4.  But in any event, this assertion too is incorrect.  Merck's expert, Dr. Crowther (a coauthor of the publication that Dr. Spyropoulos relies upon to derive his multipliers), stated in his rebuttal report:  "[T]he ratios provided in the paper compare asymptomatic DVT only to all symptomatic VTE—***they are inapplicable to asymptomatic PE***"—an assertion with which Dr. Spyropoulos readily agreed at his deposition.  Crowther Rebuttal Rep. at 2 (emphasis added); Spyropoulos Dep. at 241:12–17.

[15]  Surreply at 5.

4

where this methodology has been applied, but the Surreply does not do so.  The only "precedent" from the peer-reviewed literature that Plaintiffs have ever offered did not involve the use of multipliers at all.[16]

**_Third_**, in once again arguing that Merck's Motion is untimely, Plaintiffs rely entirely on the period of time that lapsed before one motion to reconsider was filed in one prior case—a case that did not even address the issue of timeliness.[17]  This argument ignores the substantial case law that actually addresses the issue of timeliness cited in Merck's Reply at pages 10–11.  These cases establish the poverty of Plaintiffs' position, and the Court should reject Plaintiffs' timeliness arguments.

For all of these reasons, Merck respectfully renews its request that the Court grant its Motion for Reconsideration and exclude the so-called "pooled analysis" and general causation testimony of Drs. Zambelli-Weiner and Brooks as to both DVT and PE.  In the alternative, Merck requests that the so-called "pooled analysis" and general causation testimony be excluded as to the PE cases.  If the Court is disinclined to reconsider and modify its prior ruling, Merck respectfully requests that the Court certify an interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

---

[16]   *See* Reply in Support of *Daubert* Mot. at 15–16.

[17]   *See* Surreply at 8.

Dated:   September 6, 2013                    Respectfully submitted,

                                             By: */s/ Dorothy H. Wimberly*
                                                   Phillip A. Wittmann, 13625
                                                   Dorothy H. Wimberly, 18509
                                                   STONE PIGMAN WALTHER
                                                   WITTMANN L.L.C.
                                                   546 Carondelet Street
                                                   New Orleans, LA 70130
                                                   Phone: 504-581-3200
                                                   Fax:    504-581-3361

                                                   Defendants' Liaison Counsel

                                                     —and—

                                                   Douglas R. Marvin
                                                   Eva Petko Esber
                                                   M. Elaine Horn
                                                   WILLIAMS & CONNOLLY LLP
                                                   725 Twelfth Street, N.W.
                                                   Washington, DC 20005
                                                   Phone: 202-434-5000
                                                   Fax:    202-434-5029

                                                   John H. Beisner
                                                   Jessica Davidson Miller
                                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                                   FLOM LLP
                                                   1440 New York Avenue, N.W.
                                                   Washington, DC 20005

                                                   ATTORNEYS FOR MERCK

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiffs' Surreply has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of September, 2013.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

7