IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | |
| *Ratliff v. Merck & Co., Inc.*, | ) | |
| No. 04-CI-01493 (Pike Cir. Ct.) | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION TO STAY VIOXX-RELATED CONSUMER-PROTECTION CLAIMS IN KENTUCKY STATE COURT AND ENJOIN FURTHER PROSECUTION OF SUCH CLAIMS**

Mr. Ratliff's opposition frankly concedes that his intent is to seek "reject[ion]" of "the Proposed Settlement" so that "the Kentucky Class" (which does not presently exist) can "proceed in Kentucky state court as [it has] been doing for the past nine years." (Opp'n at 5.) This statement alone justifies intervention by the Court. After all, the very purpose of the All Writs Act is to prevent efforts by state-court litigants to scuttle federal class action settlements that are the fruit of years of labor by the parties and the court.

In opposition, Mr. Ratliff argues that: (1) this Court lacks the power to stay the state-court proceeding or to enjoin him from acting; and (2) it is not necessary for this Court to act. Neither argument is correct. In the MDL context – particularly where, as here, a preliminary settlement has been approved – a court has broad power to act against state-court proceedings that threaten the MDL court's ability to resolve the litigation. Indeed, this Court has already enjoined other Vioxx state-court plaintiffs from prosecuting their claims in state court in a manner that posed a threat to an MDL settlement. *See In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719 (E.D. La. 2012). And given the risk that Mr. Ratliff's putative class action would

1137281v1

confuse consumers and disrupt a national settlement of economic-loss claims, a stay is clearly necessary in this case – notwithstanding Mr. Ratliff's arguments to the contrary.[1]

## ARGUMENT

### I. THE COURT HAS THE POWER TO ENTER A STAY.

As set forth in Merck's opening brief, MDL courts have broad power to act against state-court proceedings that threaten the MDL court's ability to resolve the litigation before it. (*See* Mot. at 6-10 (citing cases).)  As this Court has recognized, this power is at its apex when "settlement is complete or imminent in the federal court" because, in such circumstances, staying or enjoining state-court proceedings promotes "both judicial efficiency and prevent[s] interference with a federal court's resolution of a case." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 U.S. Dist. LEXIS 62222, at *13 (E.D. La. June 9, 2011).

Mr. Ratliff disagrees, arguing that the Court is powerless to act in this case because: (1) it does not have subject-matter jurisdiction over the Kentucky litigation or personal jurisdiction over him (Opp'n at 3, 9-10); (2) it cannot act in aid of its jurisdiction because the MDL proceedings were not in rem (*id.* at 8-9); and (3) in rem principles, in any event, bar the requested relief because the Kentucky action was filed "well before this MDL proceeding was initiated" (*id.* at 2, 11-12).  As set forth below, each of these arguments lacks merit.

---

[1] Mr. Ratliff also reiterates his view that the settlement here is insufficient. (*See, e.g.*, Opp'n at 5 (claiming, without support, that "it will award each class member only pennies").)  But as the Court well knows, the settlement provides substantial relief in the forms of full refunds both for Vioxx prescriptions and for any post-withdrawal Vioxx-related doctor visits.  Mr. Ratliff's counsel's real complaint is that he wishes to pursue the *Ratliff* case in state court where he hopes for more generous fees, but that is not a legitimate basis to interfere with a hard-fought, reasonable and fair federal settlement.  *See In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 132 (S.D.N.Y. 2009) (granting final approval of settlement over the objections of plaintiffs in related state-court actions where the "objections were motivated entirely by self-interest and of no utility to the Class").  (*See also generally* Def.'s Resp. To James Ratliff's Objection To Consumer Class Action Settlement, Dkt. No. 64,500 (filed July 22, 2013) (responding to substantially identical complaints about the settlement).)

### A.     There Are No Jurisdictional Bars To An Injunction In This Case.

Mr. Ratliff begins by raising two jurisdictional arguments: that this Court lacks subject-matter jurisdiction over the Kentucky litigation and that it lacks personal jurisdiction over Mr. Ratliff and his counsel. Both of these arguments misunderstand the relevant law.

*First*, Mr. Ratliff's argument that subject-matter jurisdiction is lacking "over the Kentucky litigation" (Opp'n at 10; *see also id.* at 3) completely misconceives the basis of the Court's power to act under the All Writs Act. This Court's authority stems from the national class action that it has certified for settlement, litigation over which it clearly has subject-matter jurisdiction. (*See* Order at 3, Dkt. No. 64,526 (filed Aug. 2, 2013) ("The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.").) Thus, while the "All Writs Act does not itself confer subject matter jurisdiction," none is needed. *Scardelletti v. Rinckwitz*, 68 F. App'x 472, 475-76, 478 n.5 (4th Cir. 2003). Because the "[C]ourt ha[s] jurisdiction to adjudicate the [nationwide] class action at issue here," it has authority under the All Writs Act "to enter an order to protect a judgment it had entered in a case over which it already had jurisdiction." *Id.* (affirming injunction issued under the All Writs Act to enjoin putative intervenor's "continued attacks on the settlement"); *Newby v. Enron Corp.*, 302 F.3d 295, 300-01 (5th Cir. 2002) (where a court has subject-matter jurisdiction over underlying proceedings, "[i]t is a given that" the Court also "ha[s] subject matter jurisdiction to issue an injunction to preserve and protect its jurisdiction" under the All Writs Act).[2]

---

[2]     Mr. Ratliff's authority is not to the contrary. Mr. Ratliff cites *United States v. Denedo*, 556 U.S. 904 (2009) (Opp'n at 10), which holds that "[t]he authority to issue a writ under the All Writs Act is not a font of jurisdiction." 556 U.S. at 914. But again, no additional subject-matter jurisdiction is required to stay a state-court action that is in competition with the nationwide class action over which this Court already has subject-matter jurisdiction. *See id.* at 911 ("As the text of the All Writs Act recognizes, a court's power to issue any form of relief – extraordinary or otherwise – is contingent on that court's subject-matter jurisdiction over the case or controversy.").

*Second*, Mr. Ratliff's personal-jurisdiction challenge forgets that Mr. Ratliff is a member of the nationwide class certified by this Court. "Because this Court properly has jurisdiction over th[e] [nationwide] class action, it does not need a separate basis for personal jurisdiction in order to enjoin . . . individual lawsuits of [absent] class members during the pendency of class settlement proceedings." *Midland Funding, LLC v. Brent*, No. 3:08 CV 1434, 2011 U.S. Dist. LEXIS 52449, at *8 (N.D. Ohio May 17, 2011) (reaffirming propriety of enjoining parallel state litigation that could undermine pending settlement); *accord In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 397 F. Supp. 2d 957, 964 (N.D. Ill. 2005) (enjoining parallel state-court litigation that overlapped with a federal class action; "The court clearly has personal jurisdiction over absent, unnamed putative class members."). Mr. Ratliff's own case recognizes that the Supreme Court has "relax[ed] [] the minimum contacts standard for personal jurisdiction as applied to absent" class members. *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 199 (3d Cir. 1993) (Opp'n at 10) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)).[3] Under this standard, a court has personal jurisdiction over an absent class member where – as here – the individual is given notice of the class action, as well as an opportunity to be heard and to opt out of the proceeding. *See id.* at 201.[4]

---

[3] Mr. Ratliff's other authority, *Atlantic Coastline Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 287 (1970) (Opp'n at 10), does not advance his cause either. That case did not even address the question of either personal or subject-matter jurisdiction. Rather, the Supreme Court merely held that a federal district court's injunction barring a railroad from enforcing a state-court injunction against picketers was improper "as a means to protect or effectuate [an earlier order of the district court], or in aid of that court's jurisdiction." *Id.* at 288.

[4] Even if personal jurisdiction were otherwise lacking, Mr. Ratliff has forfeited any objection by his conduct. Mr. Ratliff has already appeared before this Court – and filed a number of motions before it – seeking to challenge the pending nationwide class settlement. At no point did Mr. Ratliff purport to appear only for limited purposes or otherwise assert that the Court lacks personal jurisdiction over him. Thus, it is too late to object to personal jurisdiction. *See, e.g.*, *Nelson v. Commercial Diving Servs.*, No. 00-0781 SECTION: "C"(1), 2000 U.S. Dist. LEXIS 11370, at *4 (E.D. La. Aug. 2, 2000) ("CDS effectively waived the right to assert the personal jurisdiction argument by coming to New Orleans and appearing before this Court."). This is particularly so given that Mr. Ratliff moved to intervene in the nationwide class action, albeit unsuccessfully. As one court succinctly explained, "a motion to intervene is fundamentally incompatible with an objection to personal jurisdiction." *Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary

*(cont'd)*

For all of these reasons, Mr. Ratliff's argument that the Court lacks jurisdiction is unavailing.

**B.    It Is Well Settled That MDL Courts Can Enter Stays And Injunctions To Protect Their Proceedings.**

Mr. Ratliff next claims that this Court cannot act to protect its jurisdiction because "an injunction staying a state court proceeding c[an] only occur where a res [i]s at stake." (Opp'n at 8.) According to Mr. Ratliff, a federal court may only enjoin "'parallel state *in rem* rather than *in personam* actions.'" (*Id.* (quoting *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996)).)

This argument is frivolous. Although "[t]he traditional notion is that in personam actions in federal and state court may proceed concurrently," *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977) (plurality), the Supreme Court long ago stated that a court's power to act in aid of its jurisdiction is not "limited to cases where property has actually been seized under judicial process" but also extends to "all suits of a like nature," *Kline v. Burke Constr. Co.*, 260 U.S. 226, 231-232 (1922) (Opp'n at 8).[5] And as Mr. Ratliff himself concedes, "a number of Circuits have permitted an MDL court . . . to enjoin a concurrent state court in personam proceeding under the theory that complex litigation cases are sufficiently similar to in rem proceedings[.]" (Opp'n at 9.) Mr. Ratliff also acknowledges that "[t]his Court adopted the analysis employed by these

---

*(cont'd from previous page)*
Kay Kane, *Federal Practice and Procedure*, § 1920, at 612 (3d ed. 2007) ("[T]he intervenor has submitted to the personal jurisdiction of the court by seeking to intervene in the action[.]").

[5]     In any event, to the extent *Vendo* holds to the contrary it does not control, as it was a plurality opinion that is "not binding and therefore cannot be held to change Fifth Circuit jurisprudence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 846-47 (E.D. La. 2012); *see also Graham v. Hamilton*, No. 3:11-609, 2012 U.S. Dist. LEXIS 35322, at *9 (W.D. La. Mar. 15, 2012) ("This opinion, however, did not command a majority of the justices and is not binding on this Court."); *accord Transouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1296 (11th Cir. 1998) (rejecting argument that *Vendo* requires a court to apply the "'aid of jurisdiction' exception . . . exclusively to *in rem* proceedings" because "that opinion did not command a majority of the Court, and Justice Blackmun's concurrence, joined by one other justice, does not adopt that position").

Circuits in its recent decision to enjoin parallel state court proceedings[.]" (*Id.* (citing *In re Chinese-Manufactured Drywall*, 2011 U.S. Dist. LEXIS 62222, at *9-13).) As the Court explained, "when complex litigation has reached the point of sufficient advancement, and there has been substantial investment of time and resources, . . . a *res* is created." *In re Chinese-Manufactured Drywall*, 2011 U.S. Dist. LEXIS 62222, at *13; *see also Juris v. Inamed Corp.*, 685 F.3d 1294, 1339-40 (11th Cir. 2012) (an MDL proceeding that consumes years of effort and ultimately achieves resolution of tens of thousands of claims through settlement is "'paradigmatically complex' litigation [that] 'presumptively satisfies this [virtual res] standard'") (citation omitted), *cert. denied*, 133 S. Ct. 940 (2013).

In short, MDL courts have consistently exercised jurisdiction under the All Writs Act to bar plaintiffs from taking actions in furtherance of parallel state-court actions that could interfere with their administration of a settlement. *See, e.g.*, *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332, 1334-35 (5th Cir. Unit A Oct. 1981); *In re Baldwin-United Corp. (Single Premium Deferred Annuities Litig.)*, 770 F.2d 328, 337 (2d Cir. 1985).[6] In fact, "stay orders on parallel state court cases are ***routinely*** included in preliminary approval orders of class settlements issued by federal district courts pursuant to their authority under the All Writs Act and Anti-Injunction Act." *In re Chinese-Manufactured Drywall*, 2011 U.S. Dist. LEXIS 62222, at *19 (emphasis added). For all of these reasons, Mr. Ratliff's arguments about in rem jurisdiction must be rejected.

---

[6] Notably, the MDL court's authority to secure settlements is so important that its power to issue injunctions in aid of its jurisdiction can accrue before any suits are commenced in state court and "[e]ven before a [settlement] is reached." *Baldwin-United*, 770 F.2d at 333, 335 (noting that All Writs Act empowered a federal court to issue an injunction against any potential actions in state court before a federal judgment was reached and even though a suit had not actually been filed in state court and was merely "imminent").

6

### C. The Fact That The Kentucky Action Was "First-Filed" Is Irrelevant.

Finally, Mr. Ratliff claims that even if the Court does "treat[] an MDL proceeding as an in rem rather than in personam proceeding, . . . . the first-filed action controls and cannot be enjoined"; thus, "a federal court may issue an injunction against state proceedings to protect its jurisdiction <u>only</u> when the federal court acquires jurisdiction before the state court[.]"  (Opp'n at 11.)  Once again, Mr. Ratliff is wrong.  As Merck explained in its opening brief, in determining whether to issue an injunction, the "relative timing of the competing actions is not determinative" if the state proceedings "will have the practical, even if perhaps unintended, effect of interfering with [the federal] court's administration of the settlement." *In re Cmty. Bank of N. Va. & Guaranty Bank Second Mortg. Litig.*, MDL No. 1674, 2008 U.S. Dist. LEXIS 27684, at *19-20 (W.D. Pa. Mar. 27, 2008) (Mot. at 5 n.2); *see also In re Diet Drugs (Phentermine, Fenfluramine, Dexenfluramine) Prods. Liab. Litig.*, 282 F.3d 220, 238 (3d Cir. 2002) (affirming injunction of first-filed state-court class action where state proceeding "so interfer[ed] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case") (internal quotation marks and citation omitted).[7]  Here, there is no doubt that Mr. Ratliff intends to undermine the nationwide consumer class settlement reached by the parties in the MDL proceeding.  (*See* Mot. at 3-4 (recounting Mr. Ratliff's efforts to interfere with settlement); *see also* Opp'n at 5 (stating belief that "the Proposed Settlement should be rejected" to allow the Kentucky suit to proceed).)  Nothing more is required.

---

[7]     Mr. Ratliff's other cases are inapposite, as they were traditional in rem actions involving property.  *See, e.g.*, *Trs. of Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 811 (7th Cir. 2012) (Opp'n at 11) (declining to enjoin state-court action involving distribution of trust fund benefits where state court had already exercised jurisdiction over rem).  Thus, the res existed before either suit was filed.  Here, as explained in Merck's opening brief, there was no res until the MDL proceedings matured.

## II.     THE COURT SHOULD ENTER A STAY.

In addition to his jurisdictional arguments, Mr. Ratliff argues that an injunction is "unnecessary" or inappropriate because: (1) "there are no 'proceedings' currently under way in the Kentucky state courts" (Opp'n at 3-4); (2) there is no evidence that Mr. Ratliff or his counsel has engaged in "specific allegedly wrongful conduct" (*id.* at 6); and (3) the claims asserted in the Kentucky litigation are "broader and provide the possibility of a wider range of recovery than those involved in this proceeding" (*id.* at 13). Again, each of these arguments lacks merit.

### A.     Mr. Ratliff's Assertion That There Are No Proceedings In Kentucky Is Frivolous.

Mr. Ratliff begins by asserting that there are no "proceedings" in Kentucky state court for this Court to enjoin. (Opp'n at 2.) That is obviously incorrect; as Mr. Ratliff is well aware, his case is pending before the Kentucky Supreme Court. Mr. Ratliff contends that "[i]t would be highly improper . . . for this Court to enjoin a state's highest court from ruling on a matter of state law that is fully briefed and pending" (*id.* at 3), but federal courts have done just that, as Merck pointed out in its opening brief (Mot. at 4 & n.1 (collecting cases)). Mr. Ratliff ignores these authorities and offers none of his own. In short, the precise status of Mr. Ratliff's case in the Kentucky court system does not bear on the propriety of an order to stay those proceedings.

Mr. Ratliff's related argument – that it would be imprudent to act now because a ruling by the Kentucky Supreme Court in Merck's favor would obviate the need for an injunction (*see* Opp'n at 4) – is no more persuasive. Mr. Ratliff has demonstrated his willingness to do anything and everything within his power to undermine the settlement before this Court as long as he has some hope of pursuing his own action in state court. This very potential for interference and the uncertainty of the status quo makes action by the Court especially appropriate. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL No. 1559, 2003 U.S. Dist. LEXIS 26070, at

1137281v1

*16 (W.D. Mo. Dec. 22, 2003) ("The potential for [such] confusion and chaos [from parallel litigation] is great enough that this Court ***need not*** wait for it to happen before enjoining the ***possibility***.") (emphases added); *see also In re Mex. Money Transfer Litig.*, Nos. 98 C 2407, 98 C 2408, 1999 U.S. Dist. LEXIS 17268, at *13 (N.D. Ill. Oct. 13, 1999) ("Without this preliminary injunction [at the settlement stage] . . . class members ***could*** be burdened and confused by ***potentially*** receiving several class notifications" in "overlapping litigation in other forums.") (emphases added).  Even the most preliminary state-court conduct can pose such a threat and can be properly enjoined under the All Writs Act; indeed, the Fifth Circuit affirmed an injunction where the class action at issue had not been certified, much less litigated to a final judgment, in state court.  *See In re Corrugated Container*, 659 F.2d at 1333-34.  In short, Mr. Ratliff's putative class action, which is pending before the Kentucky Supreme Court, undoubtedly constitutes "proceedings" in state court that this Court should enjoin under the All Writs Act.

        **B.**     **<u>Misconduct Is Not Required To Order An Injunction.</u>**

Mr. Ratliff next contends that the "draconian relief sought by Merck and MDL Liaison Counsel is entirely unwarranted" because there is no evidence that either Mr. Ratliff or "his counsel have engaged in any untoward conduct whatsoever[.]"  (Opp'n at 4, 7.)  But a decision to act under the All Writs Act does not depend on any showing of misconduct.  To the contrary, as the Supreme Court has made clear, the "power conferred by the [All Writs] Act extends" "to persons who, ***though not parties to the original action or engaged in wrongdoing***, are in a position to frustrate the implementation of a court order or the proper administration of justice, and ***encompasses even those who have not taken any affirmative action to hinder justice***." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) (citations omitted, emphases added).  All that matters is the capacity for state-court proceedings "to ***interfere*** with the federal court's

orderly handling of the massive federal [MDL] litigation." *Newby v. Enron Corp.*, 338 F.3d 467, 474 (5th Cir. 2003) (emphasis added).

That capacity is more than established here. The issue is not whether Mr. Ratliff's conduct is good or bad but whether it is interfering with the MDL settlement. There can be no question that it is. As Merck set forth in its opening brief, this settlement is many years in the making, and Mr. Ratliff's counsel has made clear that his goal is to scuttle it. He has sought to intercede in the notice process, delay the notice period and intervene in the suit in order to challenge the settlement. And as Mr. Ratliff's counsel himself has pointed out, the prospect of competing class actions will pose a serious threat of confusion to Kentucky class members. (*See generally* Mot. at 1, 11-13.) This showing well exceeds the minimal showing necessary to establish the potential for interference by state litigation. As one court explained, "[i]n complex cases where certification or settlement has received conditional approval, or perhaps even where settlement is pending, the challenges facing the overseeing court are such that it is likely that ***almost any parallel litigation*** in other fora presents a genuine threat to the jurisdiction of the federal court." *In re Diet Drugs*, 282 F.3d at 236 (emphasis added). Thus, despite Mr. Ratliff's protestations to the contrary, Mr. Ratliff and his counsel's conduct weighs heavily in favor of granting an injunction.

### C. The Parallel Federal And State Actions Need Not Be Premised On The Same Legal Theory For An Injunction To Issue.

Finally, Mr. Ratliff is also wrong to argue that the possibility that some Kentucky consumers "stand to obtain a far greater recovery by pursuing their rights in Kentucky state court" militates against an injunction in this case. (Opp'n at 13.) This, too, is irrelevant. As the Fifth Circuit explained in *In re Corrugated Container*, action under the All Writs Act is warranted against state-court proceedings advancing "substantially similar" claims, even if the

state-law claims might theoretically permit broader relief.  659 F.2d at 1334.  Indeed, in that case, the plaintiffs specifically objected to the injunction in part on the ground that "South Carolina antitrust law provide[d]" for broader remedies than the laws invoked in the federal proceeding, but the Fifth Circuit found this argument "frivolous," noting that nothing had prevented such claims from being presented in the federal forum.  *Id.* at 1336.  The same is true here.  The gravamen of the Kentucky suit is that Merck engaged in consumer fraud and damaged Kentucky citizens as a result – precisely the alleged harm that is the substance of the certified settlement class pending in this Court.  Indeed, both suits expressly seek relief under the Kentucky Consumer Protection Act.  The mere fact that Mr. Ratliff included additional legal theories in pursuit of the same basic claim does not affect this Court's ability to act; it is enough that the cases are "substantially similar," as they clearly are.  Any other rule would destroy the utility of the All Writs Act injunction because litigants looking to derail a federal settlement could simply file an essentially identical suit in state court that asserted a nominally distinct cause of action.  No court has adopted so limited a view of the All Writs Act, and this Court should not either.

## CONCLUSION

For the reasons set forth above and in Merck's opening brief, the Court should enter an order staying further proceedings in Mr. Ratliff's case and enjoining further efforts by Mr. Ratliff's counsel to prosecute his case pending final approval of the MDL settlement.

Dated:  August 12, 2013                                    Respectfully submitted,


                                        By: /s/ Dorothy H. Wimberly
                                            Phillip A. Wittmann, 13625
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.

11

1137281v1

546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—
Douglas R. Marvin
M. Elaine Horn
Jonathan L. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029


John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP & DOHME CORP.

1137281v1

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Reply in Support of Motion to Stay Vioxx Related Consumer-Protection Claims in Kentucky State Court and Enjoin Further Prosecution of Such Claims* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of September, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1137281v1