**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: VIOXX                              *    MDL No. 1657
PRODUCTS LIABILITY LITIGATION            *
                                         *    SECTION "L"
                                         *
                                         *    JUDGE FALLON
                                         *
                                         *    MAGISTRATE JUDGE KNOWLES

**CLASS COUNSEL'S REPLY IN SUPPORT OF MOTION**
**TO ENJOIN INTERFERENCE WITH THE VIOXX**
**CONSUMER CLASS SETTLEMENT APPROVAL PROCESS**

Class counsel hereby respectfully replies to the "Combined Response In Opposition" [Doc 64572] submitted on behalf of Vioxx Consumer Class member James Ratliff, opposing Class Counsel's motion for this Court's issuance of an order under the All Writs Act, to assure the uninterrupted and undistracted progress and conclusion of the class action settlement approval process set in motion by this Court's grant of preliminary settlement approval. [Doc 64526] This matter is set for hearing on September 11, 2013.

A lengthy reply to Ratliff's convoluted and confused "Combined Response in Opposition" is unnecessary. The Ratliff opposition misapprehends the nature of the injunction sought, misunderstands this Court's jurisdiction to issue it, and ignores this Court's unquestionable jurisdiction over James Ratliff himself, as a member of the Vioxx Consumer Class certified by this Court, for purposes of commencing and completing the settlement approval process in an orderly and efficient manner.

First, Ratliff attempts a distinction between *in rem* and *in personam* jurisdiction, and argues that this Court may not enter an order under the All Writs Act. This entire argument

overlooks the fact that it is most frequently in class action settlement approval processes, such as this one, that federal district courts, including, but not limited to MDL transferee courts, issue orders under the All Writs Acts to enjoin interference with their exclusive jurisdiction over the class action settlement approval process.   Complex litigation is itself the functional and jurisdictional equivalent of a *res*.   Surprisingly, a number of the cases Mr. Ratliff cites prove this point, including *In re Diet Drugs*, 282 F.3d 220 (3rd Cir. 2001) and *In re Baldwin-United Corp.*, 770 F.2d (2d Cir. 1985).   The *res* that authorizes this Court to act is the settlement over which it has exclusive jurisdiction.   *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 62222 (E.D. La. 2011).   Ratliff cites, but does not acknowledge, the extensive analysis given by this Court to the in rem/in personam jurisdictional issue in *Chinese-Manufactured Drywall*.   This opinion summarizes the view prevailing throughout the Circuits, and in the Fifth Circuit itself:  "In practice, the Circuit Courts have been most willing to uphold an injunction pursuant to the in aid of jurisdiction exception in the MDL or complex litigation context when settlement is complete or imminent in the federal court . . ."   2011 U.S. Dist. LEXIS 62222 at *13, citing, *inter alia*, *In re Diet Drugs*, 282 F.3d at 236-237; *Newby v. Enron Corp.*, 338 F.3d 467 (5th Cir. 2003); *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir. 1981); *In re Baldwin-United*; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1981); and *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1998).

Here, the *res* is not only the Vioxx MDL Litigation, which has already spanned eight years of intensive and continuous activity in, and supervision by, this Court, but a multimillion dollar consumer settlement, over which this Court presides, including a state-of-the-art notice program, which has already commenced, and for which payments have been made, under the

auspices and jurisdiction of this Court, including its Funding Order.[1]  More is not required for All Writs Act jurisdiction.

Mr. Ratliff then claims that this Court does not have jurisdiction over him, because the action he filed in Kentucky state court, which was removed to federal court, was remanded back to state court.  But Mr. Ratliff ignores the fact that he is included in the settlement class definition, certified by this Court.  Federal courts unquestionably have jurisdiction over unnamed class members.  If Mr. Ratliff wishes to remove himself from the jurisdiction of this Court, he may opt-out of the class; he may not, however, opt-out a putative Kentucky class, because (1) there is no such certified class; and (2) *en masse* opt-outs of even certified classes from federal class action settlement approval proceedings are forbidden, as violative of due process, because they interfere with each class member's own right to make an inclusion in the class membership or opt-out decision for herself.

In *Hanlon*, an All Writs Act injunction by a federal court against further proceedings in a Georgia state class action was affirmed.  Although the Georgia state court case was certified, *Hanlon* held "the district court was entirely correct" in holding that the objector's "actions in proceeding with his state class action, in direct contravention against such a proceeding, operated to exclude him from the nationwide class, but his opt-out had no effect on the remaining Georgia class members."  Their opt-out decisions belonged to themselves alone.  150 F.3d at 1024.  Similarly, in *In re Diet Drugs*, an All Writs Act order enjoining application of a state court order purporting to opt out a certified Texas state class from the federal nationwide settlement class was affirmed.  282 F.3d at 238-239.

---

[1] See August 19, 2013 Order [Document 64546] establishing the Vioxx Consumer Settlement Fund as a Qualified Settlement Fund subject to the MDL court's continuing jurisdiction, establishing Esquire Bank as the Depository Bank, appointing Brown Greer as administrator of the Vioxx Consumer Settlement Fund, and setting forth detailed procedures and protocols for the deposit, investment and use of the Fund.

Thus, even getting, at an unspecified future date, a positive signal from a Kentucky state court regarding class certification would not change the fact that it is the federal court, now and until final settlement determination, that has exclusive jurisdiction over all members of the Vioxx Consumer Settlement Class to protect their rights under the settlement approval procedure, and to ensure its orderly conduct.

Oddly, while denying this court's jurisdiction, Mr. Ratliff has also moved to intervene in these proceedings; an irrelevant as well as contradictory request, since intervention is not necessary to exercise a class member's rights and options in the settlement approval process, and intervention does not serve to increase or enhance such options. The long and short of it is that Mr. Ratliff desires to be more than a class member in these proceedings, and to have more than a class member's rights, because he has sought a statewide Kentucky class in Kentucky state court proceedings. As *Hanlon* held, that initiative does not suffice to authorize or justify interference with this Court's settlement approval process. 150 F.3d at 1024-1025. Ratliff has used the Kentucky action as a springboard to disrupt and delay the settlement approval process in this Court, by, for example, seeking inappropriate discovery, and attempting to derail and delay the notice plan approved by the Court and the entire settlement approval process. Regardless of whether his intentions are benign, he has sought orders from this Court that would disrupt its own jurisdiction and case management, and that work to the detriment of all other class members in the settlement approval process.

Ratliff continues to insist that, in some unspecified manner, Kentucky consumer law is different and better than other states' consumer protection laws, such that Kentucky residents (who are not represented by Ratliff's counsel) are ill-served by membership in the comprehensive settlement class; rather they (and the rest of the MDL class) should wait, in a

stalled settlement approval process, while Ratliff tests the scope of Kentucky consumer law in his state court proceedings[2].  This is a recurring, threadbare and rejected theme in multistate class action settlements:  that the laws of the objectors' states are somehow better than the settlement recognizes.  As noted, for example, in *Hanlon* "although some class members may possess slightly differing remedies based on state statute or common law . . . to the extent distinct remedies exist, they are local variants of a generally homogenous collection of causes which include products liability, breaches of express and implied warranties, and [in the case of *Hanlon*] 'lemon laws.'"  Individual claims based on personal injury or wrongful death are excluded from the MDL consumer class settlement.  Thus, the idiosyncratic differences between state consumer protection laws are not sufficiently substantive to predominate over the shared claims."  150 F.3d at 1022-1023.[3]  The situation noted in *Hanlon* is unchanged.  The settlement provides for refunds of out-of-pocket costs, which all states' consumer laws address; many states do so under statutes or case law more expansive and less rigorous than Kentucky's.  Mr. Ratliff's hopes for a favorable ruling by the Kentucky Supreme Court will certainly not change the substance of Kentucky consumer law to afford broader protections, on more liberal terms, than the laws of the states included in the settlement class.

Against such efforts, this Court may act:  "the All Writs Act . . . empowers the federal courts to enjoin state proceedings that interfere, derogate, or conflict with federal judgments, orders, or settlements."  *Hanlon*, 150 F.3d at 1025, quoting *Keith v. Volpe*, 118 F.3d 1386, 1390

---

[2] It is important to the issue of federal jurisdiction to note that this MDL has the issue of the scope of Kentucky's consumer protection laws before it, as the Purchase Claims Master Class Action Complaint [Document 790], Memorandum in Support of Merck's Motion for Judgment on the Pleadings or to Strike Class Allegations in Purchase Claims Master Complaint [Document 46086-1] and Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings or to Strike Class Allegations in the Purchase Claims Master Complaint [Document 50123],  contain assertion of claims under Kentucky state consumer protection law.

[3] Accord, *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2012), cert. denied, 2012 U.S. LEXIS 2656 (neither subclasses nor differing damages to address different state's laws not required in nationwide consumer class settlement); *In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2002), cert. denied, 2002 U.S. LEXIS 2858 (deployment of every state law theory not required for fair and adequate nationwide consumer settlement).

(9th Cir. 1997).  This Court may thus determine the nature and scope of orders it should issue

regarding class member Ratliff's activity in order to secure, without disruption or distraction, its

own jurisdiction and case management authority over the unfolding settlement approval process

for the benefit of the entire class.  These properly include an All Writs Act Order.

DATED:  September 8, 2013                    Respectfully submitted,


By: */s/ Russ M. Herman*_____
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA  70113
Phone: (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 1657*
*And Co-Lead Class Settlement Counsel*

Elizabeth J. Cabraser, Esquire
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111
Phone: (415) 956-1000
Fax:  (415) 956-1008
ecabraser@lchb.com
*Co-Lead Class Settlement Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 8th day of September, 2013.

/s/ Dawn M. Barrios
Dawn M. Barrios, Esquire #2821
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone:  (504) 524-3300
Fax:  (504) 524-3313
barrios@bkc-law.com