UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX : | |
| : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| : | |
| This document relates to ALL ACTIONS : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |
| : | |

PLAINTIFFS' LIAISON COUNSEL'S MEMORANDUM
IN SUPPORT OF MOTION FOR AWARD OF PLAINTIFFS'
COMMON BENEFIT REIMBURSEMENT OF EXPENSES

MAY IT PLEASE THE COURT:

This memorandum is being submitted on behalf of Russ M. Herman, Plaintiffs' Liaison Counsel, in support of his Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses.

On September 23, 2009, the Court issued Pre-Trial Order No. 51 with respect to disbursement of costs which established a 1% holdback on all claimants for reimbursement of common benefit expenses. That Order addressed reimbursement of common benefit expenses relating to the personal injury aspect of the litigation. Since that time, a number of additional expenses have been incurred.

The Settlement Agreement provides for reimbursement of common benefit expenses from the clients' share of their recovery, as follows:

> In addition to those amounts provided in Section 9.2 above, Common Benefit Attorneys shall also be entitled to reimbursement of their reasonable common benefit expenses. Reimbursement of these expenses shall be deducted from the clients' net recovery. The PLC shall submit to the Claims Administrator the audited common benefit

>expenses of Common Benefit Attorneys,' which sum will be deducted on an equal percentage basis from the MI Settlement Fund and IS Settlement Fund.

Settlement Agreement §9.2.2. This provision was agreed to by all Vioxx claimants. At this time, it is appropriate to make additional reimbursements for additional expenses incurred, but not yet reimbursed to common benefit counsel. The following expenses have been incurred, all of which have been reviewed and vetted by Philip Garrett, CPA.

Philip Garrett, CPA, and BrownGreer, the Claims Administrator for the Vioxx Settlement, have performed a complete analysis of the hold back for costs applicable to Vioxx claimants and advise that the 1% hold back was not withheld form the 1,050 payments that were issued during the first month of the Vioxx Settlement Program. BrownGreer advises that all of these were $5,000.00 Fixed Payments for which a 1% withholding of $50.00 per claim would have applied. The parties agreed not to attempt to recoup these funds. Additionally, the parties agreed to waive an additional withholding payment of $370.00 and therefore the total 1% common benefit expense withholding equals $48,447,130.00 from which PTO 51 funds have been paid. The total presently available in the common benefit expense withholding fund available for reimbursement of expenses equals $7,848,165.76.

>1. <u>Plaintiffs' Steering Committee (PSC) Assessments</u> - These assessments have been contributed by various member firms on the PSC. The funds have been utilized for common benefit shared expenses. Mr. Garrett has reviewed all expenses and monitors shared expenses on a monthly basis and reports such expenses routinely to the Court. None of these assessments have been reimbursed as yet and should now be reimbursed.

| | |
|---|---|
| Ashcraft & Gerel | $30,000.00 |
| Beasley Allen | $15,000.00 |
| Gainsburgh | $40,000.00 |
| Herman, Herman | $30,000.00 |
| Kline & Spector | $40,000.00 |
| Levin Fishbein | $30,000.00 |
| Levin Papantonio | $15,000.00 |
| Lieff Cabraser | 15,000.00 |
| Neblett Beard & Arsenault | $40,000.00 |
| Ranier Gayle | $40,000.00 |
| Robinson, Calcagnie & Robinson | $25,000.00 |
| Sanford Pinedo, LLP | $15,000.00 |
| SeegerWeiss | $25,000.00 |

TOTAL PSC ASSESSMENTS TO BE REIMBURSED:   $360,000.00

2. <u>Fee Allocation Committee (FACE) Assessments</u> - These assessments have been contributed by various member firms of the FACE.  The funds have been utilized for FACE activities. Mr. Garrett has reviewed all expenses and reports such expenses routinely to the Court.  None of theseassessments have been reimbursed as yet and should now be reimbursed.

| | |
|---|---|
| Beasley Allen | $5,000.00 |
| Blizzard McCarthy | $5,000.00 |
| Girardi Keese | $5,000.00 |
| Herman, Herman | $5,000.00 |
| Lanier | $5,000.00 |
| Levin, Fishbein | $5,000.00 |
| Levin, Papantonio | $5,000.00 |
| Weitz & Luxenberg | $5,000.00 |

TOTAL FACE ASSESSMENTS TO BE REIMBURSED:   $40,000.00

3. <u>Special Master Juneau</u> - The Court appointed Special Master Juneau to provide certain services in connection with Vioxx matters.  On July 16, 2013, the Court issued an Order authorizing Plaintiffs' Liaison Counsel to take such action as is

necessary to effect payment from the Common Benefit Fund to Special Master Juneau in the amount of $23,382.60.  This amount should now be paid.

Furthermore, on July 17, 2013, the Court issued an Order directing Plaintiffs' Liaison Counsel to contact the Court to discuss five (5) separate invoices from Special Master Juneau, each relating to attorney fee lien disputes.

   a.   *Maria D. Tejedor v. Gene A. Weeks* - $10,922.08;

   b.   *Teresa Toriseva v. Anapol Schwartz Firm; Hill Peterson Firm; Clark, Perdue & List; and Barry Hill* - $13,298.83;

   c.   *Gary L. Eubanks v. Johnie Stephens (Deceased)* - $10,797.84;

   d.   *Michele A. DiMartino v. Larry Long* - $10,680.51; and

   e.   *Dawn M. Barrios v. James I. Smith* - $11,349.60.

These amounts should be paid.

4.  Expenses incurred by Plaintiffs' Liaison Counsel prior to the appointment of the Plaintiffs' Steering Committee shall be reimbursed to Herman, Herman & Katz, LLC - On February 28, 2005, the Court issued Pre-Trial Order No. 2 appointing Russ Herman as Plaintiffs' Liaison Counsel.  The Order sets forth numerous responsibilities of Plaintiffs' Liaison Counsel and stated that "Liaison Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court."  None of the expenses incurred by Plaintiffs' Liaison Counsel from February 28, 2005 until April 8, 2005, the date of Pre-Trial Order No. 6, have been reimbursed to Plaintiffs' Liaison Counsel.  These expenses have been submitted, reviewed and vetted by Philip Garrett, CPA, in the amount of $ 5,575.18

and should now be reimbursed.

5. <u>Expenses incurred by Plaintiffs' Liaison Counsel relating to settlement matters prior to November 9, 2007 shall be reimbursed to Herman, Herman & Katz, LLC</u> - On April 10, 2008, the Court issued Pre-Trial Order No. 6C regarding reporting of common benefit time by NPC and others. Russ Herman, Plaintiffs' Liaison Counsel, was appointed by the Court as a member of the NPC. Section I(2) of the Order directed members of the NPC to report common benefit efforts relating to settlement matters that occurred after November 9, 2007 consistent with the requirements of PTO No. 6. None of the expenses incurred relating to settlement matters by Plaintiffs' Liaison Counsel prior to November 9, 2007 have been reimbursed. Plaintiffs' Liaison Counsel was actively involved in settlement discussions with Merck prior to November 9, 2007 and as such, incurred expenses which expenses have been submitted, reviewed and vetted by Philip Garrett, CPA, in the amount of $9,369.42 and should now be reimbursed.

In the Vioxx litigation, the court-appointed auditor, Philip Garrett, CPA, has reviewed each of the above referenced expenses that are common benefit properly documented.[1] Accordingly, reimbursement of the above referenced common benefit expenses should be recognized and reimbursed.

There are additional expenses that have not yet been fully vetted by the Philip Garrett, CPA. These expenses include held costs, additional personal injury

---

[1] *See* Garrett Affidavit.

claimants costs and various ongoing administrative and other Vioxx related case costs, all of which shall be addressed at a later date.

6. <u>Common Benefit Shared Expenses</u> - There are presently a number of expenses that have or will be a common benefit shared expense that have or will be incurred on an ongoing routine basis. Each of these expenses have been and will continue to be documented as ordered in Pre-Trial No. 6. In order to fund ongoing common benefit shared expenses, it is necessary that Plaintiffs' Liaison Counsel be provided a distribution at this time of $200,000.00 to be utilized for the payment of common benefit shared expenses in this matter, which expenses shall be documented as ordered in Pre-Trial Order No. 6 or reimbursed to the Common Benefit Fee Expense Fund.

## CONCLUSION

Sufficient funds are available in the Vioxx Common Benefit Expense Fund to reimburse various costs incurred for common benefit. Reimbursement of those costs is appropriate at the present time.

Respectfully submitted,

Date:  September 11, 2013        By:  /s/ Leonard A. Davis
                                                                 **Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman & Katz, L.L.C.*
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhklawfirm.com

**PLAINTIFFS' LIAISON COUNSEL**

6

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th day of September, 2013.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman & Katz, L.L.C.***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhklawfirm.com