**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>SHERRILL HERKE, individually and on<br>behalf of a proposed class of those<br>similarly situated,<br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br>Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>No. 2:09-cv-07218 |

## MERCK'S OPPOSITION TO JAMES RATLIFF'S MOTION TO STAY PENDING APPEAL

Mr. Ratliff's motion to stay is the latest volley in his counsel's persistent strategy of seeking to derail the MDL class action settlement for his own purposes.  That strategy should not be rewarded by the Court.  Mr. Ratliff's appeal has virtually no chance of success, and the equities do not favor a stay.  MDL class members have waited for years to resolve this litigation and would be highly prejudiced by any further delay.  By contrast, Mr. Ratliff would not be prejudiced if the stay is denied because he can still object to the settlement or opt out.  Finally, the public interest clearly favors completing the MDL settlement, which will provide real benefits in real time to class members throughout the country, including those in Kentucky.

## BACKGROUND

Mr. Ratliff is the named plaintiff in a proposed class action in Kentucky state court.  (*See generally* Am. Compl., *Ratliff v. Merck & Co.*, No. 04-CI-01493 (Pike Cir. Ct. Ky.), MDL Dkt. No. 64,524-1.)  Mr. Ratliff has repeatedly sought to undermine the MDL class action settlement.

First, he proposed that the parties insert notice language that would confuse Kentucky consumers and encourage them to abandon the MDL settlement in favor of a state-court case that may never yield any benefits for the class members.  (*See* Notice of Proposed Changes to Proposed Class Notice, MDL Dkt. No. 64,513, July 26, 2013.)  Then, he sought to stay dissemination of class notice, in the hopes that the Kentucky Supreme Court would find his class certifiable, and he could bring a renewed challenge to the final settlement invoking that ruling.  (*See* Mot. to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice, MDL Dkt. No. 64,521, Aug. 1, 2013.)  And finally, he sought to intervene in the MDL action, ostensibly so that he could obtain discovery that might support his efforts to undermine the MDL settlement. (*See* Mot. to Intervene, MDL Dkt. No. 64520, Aug. 1, 2013.)

This Court properly rejected Mr. Ratliff's motion to intervene, holding that "Rule 23 provides an opportunity for '[a]ny class member [to] object to a [proposed class settlement] . . . .'"  (*See* Order at 1, MDL Dkt. No. 64,525, Aug. 2, 2013 ("Intervention Order") (citation omitted).)  According to the Court, "Rule 23, not Rule 24, provides the appropriate mechanism for Ratliff and others similarly situated to object to the Proposed Class Settlement." (*Id.*)  The Court also held that plaintiff failed to attach the pleading required under Rule 24(c). (*See id.*)  Although the Court's ruling was without prejudice (*id.*), Mr. Ratliff did not attempt to address the deficiencies in his motion and instead noticed an appeal to the U.S. Court of Appeals for the Fifth Circuit and sought a stay from this Court pending that appeal.

### ARGUMENT

A stay is "'not a matter of right,'" but rather "'an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.'"  *United States v. Transocean Deepwater Drilling, Inc.*, No. 13-20243, 2013 WL 3803873, at *2 (5th Cir. July

1138010v1

23, 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).  In determining whether to grant a motion to stay pending appeal, a court must assess four factors:  "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest."  *Bauer v. Dean Morris, L.L.P.*, Nos. 08-5013, 08-5014, 2009 WL 2973119, at *1 (E.D. La. Sept. 11, 2009) (quoting *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994)).  The movant "bears the burden of showing that a stay is justified." *Transocean*, 2013 WL 3803873, at *2.  A court should only grant a stay "where there is something close to **genuine necessity**," and even then, "only to the extent that other litigants are not unduly prejudiced."  *Grant v. Houser*, 799 F. Supp. 2d 673, 675 (E.D. La. 2011) (internal quotation marks and citation omitted, emphasis added); *see also Transocean*, 2013 WL 3803873, at *6 (cautioning that "[a] stay is an intrusion into the ordinary processes of administration and judicial review") (internal quotation marks and citation omitted).  Here, all four factors weigh against granting Mr. Ratliff's motion.

I.    **MR. RATLIFF HAS FAILED TO DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS OF HIS APPEAL.**

First, Mr. Ratliff's motion should be denied because he cannot satisfy the most important factor in the Court's analysis – demonstrating a likelihood of success on his appeal to the Fifth Circuit.  *See S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 577226, at *1 & n.4 (N.D. Tex. Mar. 4, 2008) ("Because the court holds that [movant] has not made the required showing of a likelihood of success on the merits, and because without such a showing she is not entitled to a stay, the court denies her motion to stay the contempt order pending appeal"); *United States v. Cornerstone Wealth Corp.*, No. 3:05-CV-2147-D, 2008 WL 336384, at

3

*1 & n.2 (N.D. Tex. Feb. 5, 2008) (denying motion to stay pending appeal; "[b]ecause defendants cannot satisfy the first element," likelihood of success on the merits, "the court need not analyze the remaining three").

As an initial matter, the Fifth Circuit does not have jurisdiction over Mr. Ratliff's appeal. As set forth in Merck's motion to dismiss the appeal, the Fifth Circuit lacks jurisdiction to hear Mr. Ratliff's appeal for two reasons.  First, the denial of Mr. Ratliff's motion was entered without prejudice.  As the U.S. Court of Appeals for the Seventh Circuit noted in dismissing a similar appeal of an order denying a motion to intervene, where the "district court's denial for failure to comply with [Rule 24(c)] was, explicitly, without prejudice," the putative intervenor "could refile his motion in compliance with Rule 24(c)" and therefore appellate jurisdiction does not exist.  *United States v. City of Milwaukee*, 144 F.3d 524, 528-29 (7th Cir. 1998).  Second, even if the Court had denied Mr. Ratliff's motion with prejudice, he still would have no likelihood of succeeding before the Fifth Circuit because the order is reviewable on appeal from a final judgment.  Mr. Ratliff, as an absent class member, has a right to object at the fairness hearing and appeal from any final settlement.  Accordingly, denial of his motion to intervene is reviewable on final judgment, and immediate appeal is inappropriate.  *See Carlough v. Amchem Prods., Inc.*, 5 F.3d 707, 712-13 (3d Cir. 1993) (absent class members were not permitted to appeal denial of a motion to intervene after preliminary approval of class settlement because putative class members "retain substantial rights of participation in the lawsuit as objecting class members," and as "aggrieved class members," they would have the ability to "appeal from the district court's final approval of the settlement").  These arguments alone doom Mr. Ratliff's motion to stay.

1138010v1

In any event, even if the Fifth Circuit did have jurisdiction, Mr. Ratliff has no "substantial case on the merits." (Mot. at 7.) Courts have repeatedly rejected requests for intervention like Mr. Ratliff's in ongoing class settlement proceedings because the representatives of the class serve to protect the interests of the absent class members and, to the extent they do not, the absent class members' rights are protected by the right to object or opt out. *See, e.g.*, *Bailey v. White*, 320 F. App'x 364, 366-67 (6th Cir. 2009) (affirming denial of motion to intervene and noting that the "purpose for intervening – to investigate and evaluate the proposed settlement – was satisfied by the opportunity to participate in the fairness hearing"); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 264 (D. Del. 2002) (denying motion to intervene as "the court [has] provided every class member who did not opt out with the opportunity to present argument or evidence of the unfairness of the settlement in writing and/or orally at the fairness hearing"), *aff'd*, 391 F.3d 516 (3d Cir. 2004); *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 (6th Cir. 1982) (affirming district court's decision to deny motion to intervene where the "proposed intervenors [had] an opportunity to air their objections" under Rule 23). In short, as the Court properly recognized, "Rule 23, not Rule 24, provides the appropriate mechanism for Ratliff and others similarly situated to object to the Proposed Class Settlement." (Intervention Order at 1.)

Mr. Ratliff concedes that his "right to object to the Proposed Settlement under Rule 23 will permit [him] to present objections at the scheduled Fairness Hearing and to seek review of any final order regarding class certification and settlement." (Mot. at 6.) Nonetheless, Mr. Ratliff contends that he is "entitled to intervene in the action as a matter of right" in order "to obtain discovery regarding the fairness of the settlement or access to previously sealed portions of the record that will be essential to Ratliff developing and presenting the Court with well-reasoned objections." (*Id.*) Mr. Ratliff also claims that intervention is necessary because "[Mr.]

Ratliff and the Kentucky Class's interests have not been and will not be adequately represented by the parties before the Court."  (*Id.* at 11.)  Mr. Ratliff is wrong on both counts.

*First*, Mr. Ratliff does not have any right to intervene to obtain discovery in this action. As an initial matter, Mr. Ratliff's ability to obtain discovery does not turn on his status as an intervenor or absent class member; limited discovery is permitted to objecting class members without intervention.  *See Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004).  But even if a legitimate need for discovery did make intervention appropriate, Mr. Ratliff could not meet that standard.  Courts are clear that "[o]bjecting class members . . . do not have a vested 'entitlement to discovery.'"  *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 635 (6th Cir. 2007) (citation omitted); *see also Cotton v. Hinton*, 559 F.2d 1326, 1331-32 (5th Cir. 1977) (rejecting objectors' argument that they "were without sufficient information to determine what objections, if any, they might have to the" agreement; while objectors should be granted "leave to be heard," they are not automatically entitled to discovery or to "question and debate every provision of the proposed compromise").  To the contrary, a "district court . . . need grant objectors discovery only if they can make a colorable claim that the settlement should not be approved."  *UAW*, 497 F.3d at 635 (citing *Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986) ("To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process. . . . [U]nless the objectors have made a clear and specific showing that vital material was ignored by the District Court[,] [t]here is no need for the District Court to hold an additional evidentiary hearing on the propriety of the settlement.").

Here, Mr. Ratliff has not made any showing that the settlement reached by the parties is unlikely to succeed; he merely objects to the settlement on grounds that it would interfere with his ability to pursue his own proposed state court class action, which he believes may result in a

1138010v1

greater recovery to himself and other Kentucky Vioxx purchasers.  However, Mr. Ratliff can adequately voice his personal dissatisfaction with the settlement by objecting to it during the settlement approval process.  Further, to the extent Mr. Ratliff or other Kentucky consumers are ultimately dissatisfied with the terms of the settlement, they can sufficiently protect their legal interests by simply opting out.  *See, e.g.*, *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 2325798, at *3 (D. Minn. June 19, 2012) (denying motion to intervene because intervenor "had the option to opt out of the class" and "settlement parties [ ] would be prejudiced by an expensive, time-consuming delay, additional discovery, and by restarting or revisiting settlement negotiations"), *aff'd*, 716 F.3d 1057 (8th Cir. 2013); *Farinella v. Paypal, Inc.*, 611 F. Supp. 2d 250, 258-59 (E.D.N.Y. 2009) (denying motion to intervene as intervenor was "not prejudiced because she had the opportunity to opt out of the litigation and pursue her own claim against the defendants"); *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 70 (S.D.N.Y. 2003) (intervention stemming from class members' differences of opinion with negotiated settlement was "unnecessary and unwarranted" where class members "could have opted-out of the settlement and litigated elsewhere").  Accordingly, Mr. Ratliff has no legal right or need to intervene in the action.

**Second**, there is no merit to the argument that intervention is required because "Mr. Ratliff and the Kentucky Class's interests have not been and will not be adequately represented by the parties before the Court."  (Mot. at 11.)  It is well settled that where "the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members," there is a presumption of adequate representation.  *Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996); *see also Cook v. Powell Buick, Inc.*, 155 F.3d 758, 762 (5th Cir. 1998) ("When, as here, the parties seeking to intervene

7

have the same ultimate objective as the parties to the suit, the existing parties are presumed to represent adequately the parties seeking to intervene[.]"), *overruled on other grounds by Devlin v. Scardelletti*, 536 U.S. 1, 6 (2002).  Moreover, "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation."  *Jenkins*, 78 F.3d at 1275.  Rather, a party seeking to intervene must demonstrate "adversity of interest, collusion, or nonfeasance."  *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995) (internal quotation marks and citation omitted).

Under this standard, it is clear that Mr. Ratliff's appeal will fail.  Mr. Ratliff has not provided any evidence suggesting collusion between Merck and the PSC; nor has he pointed to any other reason that the parties before this Court will not adequately represent the interests of Kentucky consumers.  Quite the opposite, more Kentucky residents will benefit from the MDL settlement than from Mr. Ratliff's proposed class because the MDL class is open to all Kentucky consumers who purchased Vioxx and not just those who also consulted medical personnel.  Moreover, Kentucky consumers will be able to recover the full value of their purchase upon presenting proof of the purchase, without going to trial or waiting years for judicial rulings in state courts.  Thus, there is no question that the settlement represents the proposed Kentucky class members' interests.

Mr. Ratliff's cases are not to the contrary.  Mr. Ratliff cites *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), and *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989), for the proposition that he only needs to make the "minimal" showing that the parties "have different perspectives and approaches to the litigation" in order to establish that he and his proposed class are not adequately represented by the parties to the settlement.  (Mot. at 12.) However, neither of these cases involves an absent class member seeking to intervene in class

1138010v1

proceedings.  *See Trbovich*, 404 U.S. at 538-39 (allowing union member to intervene in action brought by Secretary of Labor to set aside results of union election); *Chiles*, 865 F.2d at 1214-15 (allowing detainees to intervene in senator's suit against officials alleging that federal government was operating detention center illegally).  As set forth above, the standard for intervention by an absent class member is much higher than in other types of actions because it is presumed that his or her interests are adequately represented – and that standard is not met here.

For all of these reasons, there is no chance that Mr. Ratliff will succeed on the merits of his appeal, and his motion to stay should be denied.

## II.   <u>MR. RATLIFF HAS NOT SHOWN IRREPARABLE HARM.</u>

Mr. Ratliff's motion also fails because he cannot show irreparable harm absent a stay. Mr. Ratliff contends that he will suffer irreparable harm because he will "effectively lose the ability to intervene."  (Mot. at 15.)  But even if Mr. Ratliff were correct that he would lose his right to intervene absent a stay, that would not constitute irreparable harm because he can object to and/or opt out of the settlement if he chooses.  As courts have recognized, a putative intervenor's "difference of opinion" regarding the terms of a settlement negotiated by class counsel can be "adequately addressed through [a] Court's consideration of the fairness of and timely objections to the settlement."  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 491 (S.D.N.Y. 1998).  Accordingly, an inability to intervene in a class settlement "will not prejudice objectors' ability to protect their interests" because the intervenors have the right to object to that settlement or choose not to participate in it.  *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 423 (N.D. Ga. 1992); *see also Bailey*, 320 F. App'x at 366-67 (affirming district court's denial of objectors' motion to intervene where objectors had opportunity to participate in the fairness hearing; "[t]here would have been prejudice to the parties if intervention were permitted because the settlement would have been disrupted").

9

The same is true here. Mr. Ratliff does not face any irreparable injury if settlement proceedings go forward because there is nothing stopping him from objecting to the class settlement or opting out of it down the line. No one will force Mr. Ratliff to participate in the MDL settlement if he does not agree with its terms. Thus, there is no danger that Mr. Ratliff's legal rights will be infringed by the settlement approval process. For this reason, too, Mr. Ratliff's motion should be denied.

III.   **GRANTING THE STAY WOULD SUBSTANTIALLY INJURE MERCK AND THE PSC.**

Mr. Ratliff is also wrong that staying settlement proceedings until the Fifth Circuit resolves the issue of intervention will not cause any harm to the parties. According to Mr. Ratliff, a stay would not be prejudicial in light of the "long history of this action and the parties' negotiations." (Mot. at 16.) But it is precisely in the context of protracted litigation that courts have found stays, like the one sought here, to be injurious to the parties. *See, e.g.*, *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1108 (C.D. Cal. 2003); *Bridgeport Guardians, Inc. v. Delmonte*, 620 F. Supp. 2d 337, 343-44 (D. Conn. 2009) (denying motion to stay pending appeal in thirty-year old case that was headed toward resolution). After all, a stay would "place the parties in a type of extended limbo which . . . has the potential to return the parties to the antagonism of the past" and jeopardize the agreement. *See Bridgeport Guardians, Inc.*, 620 F. Supp. 2d at 343 (internal quotation marks and citation omitted).

For example, in *National Rural Telecommunications Cooperative*, the court refused to stay class action settlement proceedings pending appeal of its refusal to allow certain non-parties to intervene for the purpose of objecting to the settlement. 319 F. Supp. 2d at 1105. There, the court held that a stay was inappropriate because, *inter alia*, "the issuance of a stay may substantially injure [the parties to the settlement] who have been involved in this litigation" for

10

over four years "and are entitled to an expeditious resolution of the" action. *Id*. at 1108.  Further, the court agreed that a stay would injure the parties because "any delay in the resolution of the [action] may have an adverse effect on the settlement of the [c]lass [a]ction lawsuit" they had negotiated and had an interest in seeing succeed. *Id*.

The same risk of injury exists here.  The parties have been engaged in protracted litigation for years, only reaching a proposed settlement after difficult negotiations.  Granting a stay at this point in the settlement proceedings would unnecessarily delay the long-awaited resolution of this litigation and would also threaten a settlement to which the parties have already dedicated substantial time and resources – all of which would be lost if the settlement comes undone.[1]  Because "[c]ontinued delay, particularly in light of the history of this case and the carefully negotiated [ ] terms, would [only] threaten the joint efforts of the [parties] to move toward a final conclusion," a stay is inappropriate and should be denied.  *Bridgeport Guardians, Inc.*, 620 F. Supp. 2d at 344.

## IV.   A STAY WOULD BE CONTRARY TO THE PUBLIC INTEREST.

Finally, Mr. Ratliff argues that "[m]oving forward with a fairness hearing before [he] is able to obtain a final determination regarding whether he is entitled to intervene . . . would

---

[1]     Mr. Ratliff asserts that he, too, has been engaged in litigation at some length – even from "well before this MDL proceeding was initiated." (Mot. at 1-2.)  This claim is overstated.  Although Mr. Ratliff may have filed his suit before the MDL proceeding was established, its prosecution has been substantially less vigorous.  Indeed, by November 2006, his case had lain dormant for more than a year, prompting the state trial court to issue a notice to show cause why it should not be dismissed for want of prosecution.  (*See* Notice, *Ratliff v. Merck & Co.*, No. 04-CI-01496 (Pike Cir. Ky. Nov. 1, 2006) (attached as Ex. 1) (citing Ky. CR 77.02(2)).)  The case was dismissed a month later.  (*See* Orig. Record of Pike Cir. Ct. at 4, *Ratliff v. Merck & Co.*, No. 04-CI-01496 (attached as Ex. 2).)  Mr. Ratliff ultimately obtained reinstatement a few weeks after dismissal, but only after his counsel explained that he was relying on the efforts of MDL counsel to develop his own case.  (*See* Pl.'s Resp. to Notice to Dismiss, *Ratliff v. Merck & Co.*, No. 04-CI-01496 (Pike Cir. Ky. Nov. 29, 2006) (attached as Ex. 3).)  It was then another year and a half – not until July 2008 – before Mr. Ratliff finally took the first substantive step in his case by moving for class certification.  (*See* Ex. 3, at 5.)  By that time, the parties to the MDL proceeding had long completed briefing on class certification of a nationwide consumer class, had litigated six bellwether personal injury trials, and had reached an agreement that would ultimately settle approximately 50,000 personal injury suits, among other substantial accomplishments.

11

impair the public's interest in a full and fair hearing on the adequacy of the Proposed

Settlement." (Mot. at 17.) But Mr. Ratliff's argument that further delay of the nationwide

consumer class settlement would serve the public interest is precisely backwards. As other

courts have recognized in denying similar motions, "there is a strong public interest in

encouraging settlement of complex litigation and class action suits because they are notoriously

difficult and unpredictable and settlement conserves judicial resources." *In re Uponor, Inc.*, No.

11-MD-2247 ADM/JJK, 2012 WL 4328370, at *3 (D. Minn. Sept. 20, 2012) (internal quotation

marks and citation omitted). Thus, because "a stay may have an injurious impact on the related

Class Action lawsuit's settlement," the public interest will undoubtedly "be better served by an

expedient resolution of the . . .Class Action lawsuit." *Nat'l Rural Telecomms. Coop.*, 319 F.

Supp. 2d at 1108; *In re Frascella Enters., Inc.*, 388 B.R. 619, 628-29 (Bankr. E.D. Pa. 2008)

(denying defendant's motion for a stay because "[d]elay is inconsistent with the maximization of

participation in the benefits of the Settlement Agreement"); *Ruggles v. Bulkmatic Transport Co.*,

No. 2:03-CV-00617, 2007 WL 496671, at *2 (S.D. Ohio Feb. 7, 2007) ("To allow prospective

intervenors to wait in the wings until a provisional settlement is reached would have a chilling

effect on settlements, and thereby run counter to the strong policy favoring settlement of class

actions."). For these reasons, "[o]ther courts, after denying intervention" in the context of a class

settlement, have "concluded that a stay pending appeal was not warranted." *Bridgeport

Guardians*, 620 F. Supp. 2d at 344.

This situation is no different. As set forth above, the parties have been litigating these

cases – which involve a drug that was withdrawn from the market in 2004 – for years and have

dedicated substantial resources to negotiating a fair settlement that will provide real

compensation to members of the settlement class in a timely fashion. Thus, the public interest

will be best served by allowing settlement proceedings to go forward so that the parties and the Court can accomplish the resolution of plaintiffs' nationwide class claims.  By contrast, only Mr. Ratliff's personal interests will be served by a stay, which is clearly intended to undermine a settlement agreement that Mr. Ratliff believes interferes with his own – and his attorney's – ability to make money in parallel state court litigation.  For this reason, too, Mr. Ratliff's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Mr. Ratliff's motion to stay pending appeal.

Dated:  September 16, 2013

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
Nina Ramos Rose
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

13

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing  Opposition to James Ratliff's Motion to Stay has been served on  Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of September, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

14

1138010v1