EXHIBIT A

No. 13-30930

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | ) In the Court Below: |
| | ) United States District Court for the |
| | ) Eastern District Of Louisiana |
| This document relates to: | ) |
| | ) MDL NO. 1657 |
| James Ratliff, Individually, and on Behalf of a Proposed Class of Those Similarly Situated | ) |
| | ) HON. ELDON E. FALLON |
| | ) |

---

**MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION
OR IN THE ALTERNATIVE FOR SUMMARY AFFIRMANCE**

---

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
   WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  (504) 581-3200
Fax:     (504) 581-3361

Douglas Marvin
WILLIAMS & CONNOLLY LLP
Washington, D.C.  20005
Phone:  (202) 434-5000
Fax:     (202) 434-5029

John H. Beisner
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Ave., N.W.
Washington, DC  20005
Phone:  (202) 371-7000
Fax:     (202) 393-5760

*Counsel for Defendant-Appellee Merck Sharp & Dohme Corp.*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Rule 28.2.1 have an interest in

the outcome of this case.  These representations are made in order that the judges

of this Court may evaluate possible disqualification or recusal.

1.     James Ratliff, Plaintiff-Appellant; The Getty Law Group, PLLC
(Richard A. Getty and Jessica K. Case), Counsel for Plaintiff-Appellant;

2.     Merck Sharp & Dohme Corp., Defendant-Appellee (the parent
corporation of Merck Sharp & Dohme Corp. is Merck & Co., Inc., which is the
only publicly traded company that owns more than 10% of the stock of Merck
Sharp & Dohme Corp.);

3.     Skadden, Arps, Slate, Meagher & Flom LLP (John H. Beisner, Jessica
D. Miller, Geoffrey M. Wyatt), Stone Pigman Walther Wittmann L.L.C. (Phillip A.
Wittmann, Dorothy H. Wimberly), Williams & Connolly LLP (Douglas R.
Marvin), Counsel for Defendant-Appellee;

_s/Dorothy H. Wimberly_____
Dorothy H. Wimberly
*Attorney of record for Merck Sharp &*
*Dohme Corp.*

i

1137374v1

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS ........................................................i

TABLE OF AUTHORITIES ...................................................................... iii

BACKGROUND ..................................................................................2

ARGUMENT ......................................................................................6

    I.    The Court Lacks Appellate Jurisdiction................................................6

        A.    The Court Lacks Jurisdiction Because The Order Below Was Without Prejudice And Therefore Not Conclusive. ..........7

        B.    The Court, In Any Event, Would Lack Jurisdiction Under the Collateral-Order Doctrine Because The Order Denying Intervention Is Reviewable After Final Judgment. ..................................................................8

    II.    Alternatively, The Court Should Summarily Affirm. ........................13

CONCLUSION ..................................................................................18

1137374v1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*American Bible v. Richie*,
522 U.S. 1011 (1997).................................................................7

*Bailey v. White*,
320 F. App'x 364 (6th Cir. 2009) .......................................16

*Carlough v. Amchem Products, Inc.*,
5 F.3d 707 (3d Cir. 1993)................................................9, 11

*Ciba Specialty Chemicals Corp. v. Tensaw Land & Timber Co.*,
233 F.R.D. 622 (S.D. Ala. 2005) ......................................16

*Cook v. Powell Buick, Inc.*,
155 F.3d 758 (5th Cir. 1998) .........................................10, 11

*In re Corrugated Container Antitrust Litigation*,
659 F.2d 1332 (5th Cir. Unit A Oct. 1981) .....................12

*Der-Rong Chour v. INS*,
578 F.2d 464 (2d Cir. 1978)...........................................14, 17

*Devlin v. Scardelletti*,
536 U.S. 1 (2002)........................................................9, 10, 11

*In re Domestic Air Transport Antitrust Litigation*,
144 F.R.D. 421 (N.D. Ga. 1992).........................................15

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) ...............................................11

*Essex Ins. Co. v. Long Island Owners Association*,
379 F. App'x 422 (5th Cir. 2010) .......................................8

*Graham v. Evangeline Parish School Board*,
132 F. App'x 507 (5th Cir. 2005) ......................................15

1137374v1

*Groendyke Transport, Inc. v. Davis*,
    406 F.2d 1158 (5th Cir. 1969) ..........................................................................14

*Mercado Riera v. Mercado Riera*,
    167 F.2d 207 (1st Cir. 1948)......................................................................14, 17

*Newby v. Enron Corp.*,
    394 F.3d 296 (5th Cir. 2004) ..........................................................................15

*In re NASDAQ Market-Makers Antitrust Litigation*,
    187 F.R.D. 465 (S.D.N.Y. 1998) ................................................................15, 16

*Ozee v. American Council on Gift Annuities*,
    110 F.3d 1082 (5th Cir. 1997) ...........................................................................6

*Pan Eastern Exploration Co. v. Hufo Oils*,
    798 F.2d 837 (5th Cir. 1986) ...........................................................................13

*Pin v. Texaco, Inc.*,
    793 F.2d 1448 (5th Cir. 1986) .........................................................................17

*Rhode Island v. U.S. Environmental Protection Agency*,
    378 F.3d 19 (1st Cir. 2004).................................................................................9

*Sierra Club v. City of San Antonio*,
    115 F.3d 311 (5th Cir. 1997) ...............................................................6, 7, 8, 11

*Stringfellow v. Concerned Neighbors in Action*,
    480 U.S. 370 (1987).............................................................................................6

*Taylor Communications Group, Inc. v. Southwestern Bell Telegraph Co.*,
    172 F.3d 385 (5th Cir. 1999) ...........................................................................14

*United States v. City of Milwaukee*,
    144 F.3d 524 (7th Cir. 1998) ...................................................................7, 8, 17

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir. 1994)..................................................................................16

1137374v1

*In re Vioxx Products Liability Litigation (Dier v. Merck & Co.)*,
    388 F. App'x 391 (5th Cir. 2010) ...................................................................3, 10

*In re Vioxx Products Liability Litigation*,
    869 F. Supp. 2d 719 (E.D. La. 2012)......................................................................4

## STATE CASES

*Merck & Co. v. Ratliff*,
    No. 2011-CA-000234-MR, 2012 Ky. App. LEXIS 31
    (Ky. Ct. App. Feb. 10, 2012) ...............................................................................3

*Ratliff v. Merck & Co.*,
    No. 2012-SC-000162-DG, 2012 Ky. LEXIS 346 (Ky. Nov. 14, 2012).............3

## FEDERAL STATUTE & RULE

28 U.S.C. § 1291 .............................................................................................................6

Fed. R. Civ. P. 24(b) .....................................................................................................15

1137374v1

Appellant James Ratliff seeks to appeal the district court's denial ***without prejudice*** of his motion to intervene.  As set forth below, this Court lacks jurisdiction to hear the appeal, and it should be dismissed.

Mr. Ratliff is the named plaintiff in a single-state putative consumer-fraud class action involving the prescription drug Vioxx in Kentucky state court.  He is also an unnamed member of a nationwide settlement class of Vioxx purchasers that has been preliminarily approved by the federal Vioxx MDL court.  Mr. Ratliff has moved to intervene in the federal class action because he is concerned that it may extinguish his ability to pursue his competing putative class action in Kentucky state court.  The district court denied Mr. Ratliff's motion without prejudice, holding that he would have the opportunity to challenge the settlement as an objector, making intervention unnecessary, and also holding that his request was deficient because he failed to attach a pleading as required by Rule 24(c).  Because the district court denied Mr. Ratliff's motion without prejudice and because Mr. Ratliff could, in any event, appeal a final order approving the settlement, this Court lacks jurisdiction under the collateral-order doctrine and must dismiss the appeal.  Failure to do so would invite class-action objectors like Mr. Ratliff to undertake piecemeal appeals in order to disrupt the settlement approval process.

Alternatively, even if it has jurisdiction, the Court should summarily affirm. The objection process contemplated by Rule 23 is sufficient to protect legitimate

1137374v1

concerns of absent class members.  The only reason Mr. Ratliff finds it inadequate
is because he does not have a legally cognizable objection to the settlement.
Rather, Mr. Ratliff's only purpose in seeking intervention is to scuttle a hard-
fought nationwide class-action settlement that he fears will shut down his own
competing action in state court – and thereby threaten his counsel's ability to
secure substantial fees.  This appeal likewise is intended only to delay the
proceedings below in the hopes that it will buy Mr. Ratliff more time to pursue his
competing action.  The district court properly concluded that no proper purpose
would be served by intervention, and to the extent this Court determines that it has
jurisdiction, it should expeditiously affirm.

## BACKGROUND

Mr. Ratliff's appeal arises from the multidistrict litigation involving Vioxx,
which is pending before the Honorable Eldon Fallon in the U.S. District Court for
the Eastern District of Louisiana.  After Merck voluntarily withdrew Vioxx from
the market in 2004, plaintiffs began filing claims in courts in several jurisdictions,
alleging that Vioxx caused them to suffer heart attacks and other maladies and/or
seeking refunds for Vioxx purchases.  The multidistrict proceedings were
established in the district court in 2005.  *See generally In re Vioxx Prods. Liab.*
*Litig. (Dier v. Merck & Co.)*, 388 F. App'x 391, 393 (5th Cir. 2010), *cert. denied*,
131 S. Ct. 1477 (2011).

1137374v1

Mr. Ratliff – a former user of Vioxx – brought suit in Kentucky state court in 2004 on behalf of himself and a proposed class of Kentucky residents who purchased Vioxx and who subsequently underwent or will undergo a medical consultation regarding their prior use of Vioxx, alleging that he suffered economic losses in purchasing the drug because Merck failed to disclose its alleged cardiovascular risks. (*See, e.g.*, Am. Compl. ¶ 30, *Ratliff v. Merck & Co.*, No. 04-CI-01493 (Pike Cir. Ct. Ky.), MDL Dkt. No. 64524-1.) Mr. Ratliff asserted multiple causes of action, including a claim for violation of the Kentucky Consumer Protection Act ("KCPA"). (*Id.* ¶¶ 28-33.)

On February 10, 2012, a unanimous panel of the Kentucky Court of Appeals issued an order reversing the trial court's class-certification order in Mr. Ratliff's case and remanding the case for further proceedings. *See Merck & Co. v. Ratliff*, No. 2011-CA-000234-MR, 2012 Ky. App. LEXIS 31 (Ky. Ct. App. Feb. 10, 2012). Mr. Ratliff appealed that decision to the Kentucky Supreme Court, which granted review. *See Ratliff v. Merck & Co.*, No. 2012-SC-000162-DG, 2012 Ky. LEXIS 346 (Ky. Nov. 14, 2012). Mr. Ratliff's appeal is pending before that court.

Meanwhile, counsel for the parties in the Vioxx MDL proceeding below have engaged in extensive pretrial preparations during which "[m]illions of documents were discovered and collated," "[t]housands of depositions were taken and at least 1,000 discovery motions were argued." *In re Vioxx Prods. Liab. Litig.*,

869 F. Supp. 2d 719, 721 (E.D. La. 2012).  The MDL court conducted six bellwether trials, resulting in one verdict for a plaintiff, one hung jury, and four verdicts for Merck.  *Id.*  Ultimately, after more than a year of effort comprising more than fifty meetings between counsel for Merck and negotiating counsel for plaintiffs designated by the court below, the parties reached an agreement to settle most of the pending personal-injury cases, ultimately resolving almost 50,000 cases.  *Id.* at 721-22.  Other settlements followed from the efforts of the parties and under the MDL court's guidance, including resolution of economic-loss claims asserted by private and governmental third-party payors.  *See, e.g.*, *id.* at 722-23.

Building on these prior efforts, counsel for Merck and the Plaintiffs' Steering Committee reached a nationwide class action settlement with respect to consumer-fraud claims asserted on behalf of purchasers of Vioxx in February 2013.[1]  The settlement provides that any class member who does not opt out of the class will release "all known or unknown economic injury claims . . . under any theory or statute whatsoever . . . arising out of or in any way connected with the purchase of Vioxx in the United States."  (*In re Vioxx* MDL Settlement Agreement Related To Consumer Class Actions ("*In re Vioxx* Settlement Agreement"), §§ 1.17, 5.9, July 23, 2013, MDL Dkt. No. 64487-2.)

---

[1]     The settlement excludes Vioxx purchasers in Missouri, who have already settled their claims in a separate proceeding.

1137374v1

Mr. Ratliff has repeatedly sought to scuttle the settlement.  First, he proposed that the parties insert notice language that would confuse Kentucky consumers and encourage them to abandon the MDL settlement in favor of a state-court case that may never yield any benefits for Kentucky class members.  (*See* Notice of Proposed Changes to Class Notice, MDL Dkt. No. 64513, July 26, 2013.)  Then, he sought to stay dissemination of class notice, in the hopes that the Kentucky Supreme Court would find his class certifiable and he could bring a renewed challenge to the final settlement invoking that ruling.  (*See* Mot. to Stay Dissemination of Notice and Modify Dates Contained in the Proposed Class Notice, MDL Dkt. No. 64521, Aug. 1, 2013.)  And finally, he sought to intervene in the case, ostensibly so that he could obtain discovery that might support his efforts to undermine the MDL settlement.  (*See* Mot. to Intervene, MDL Dkt. No. 64520, Aug. 1, 2013.)

To date, the MDL court has rejected each of these efforts, and that court has now preliminarily approved the proposed settlement.  (*See* Order, MDL Dkt. No. 64525 ("Intervention Order"), Aug. 2, 2013 (attached as Ex. 1); Order For Preliminary Cert. Of A Class For Purposes Of Settlement & Preliminary Approval Of Class Settlement, Class Notice & Related Matters, MDL Dkt. No. 64526, Aug. 2, 2013 (attached as Ex. 2).)  In denying Mr. Ratliff's motion for intervention, the MDL court noted that "Rule 23 provides an opportunity for '[a]ny class member

1137374v1

[to] object to a [proposed class settlement] . . . .'" (Intervention Order at 1.) In addition, the MDL court found "that Rule 23, not Rule 24, provides the appropriate mechanism for Ratliff and others similarly situated to object to the Proposed Class Settlement." (*Id.*)

## **ARGUMENT**

## I.    **THE COURT LACKS APPELLATE JURISDICTION.**

This Court has "jurisdiction of appeals from all *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). A district court's denial of intervention is "clearly" not "'final' in the traditional sense." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 374 (1987). Thus, as this Court has explained, appellate jurisdiction over denials of motions to intervene rests on the collateral-order doctrine, which permits review from orders other than final judgments that:  "(1) determine conclusively the disputed issue; (2) resolve an issue that is separable completely from the merits of the action; (3) effectively would be unreviewable on appeal from a final judgment; and (4) are too important to be denied review." *Sierra Club v. City of San Antonio*, 115 F.3d 311, 313 (5th Cir. 1997); *see also, e.g., Ozee v. Am. Council on Gift Annuities*, 110 F.3d 1082, 1094 (5th Cir. 1997) (orders denying intervention are collateral), *certiorari granted, vacated and remanded on other grounds sub nom. Am. Bible v. Richie*, 522 U.S. 1011 (1997).

The Court lacks appellate jurisdiction because at least two prongs of the collateral-order doctrine are not satisfied: (1) the order below was without prejudice and thus did not "determine conclusively the disputed issue"; and (2) the order is reviewable "on appeal from a final judgment" because Mr. Ratliff is a member of the MDL class and will be entitled to object to, and appeal from, any final settlement.

### A.     The Court Lacks Jurisdiction Because The Order Below Was Without Prejudice And Therefore Not Conclusive.

First, the order below did not "determine conclusively the disputed issue." *Sierra Club*, 115 F.3d at 313. Rather, the motion to intervene was denied without prejudice – in part because Mr. Ratliff failed to attach the pleading required under Rule 24(c). (*See* Intervention Order at 1.) The U.S. Court of Appeals for the Seventh Circuit dismissed an appeal for lack of appellate jurisdiction in essentially identical circumstances in *United States v. City of Milwaukee*, 144 F.3d 524, 528-29 (7th Cir. 1998). As that court explained, the "district court's denial for failure to comply with [Rule 24(c)] was, explicitly, without prejudice," and the record was clear that the putative intervenor "could refile his motion in compliance with Rule 24(c)." *Id.* at 528-29. Noting the putative intervenor's history as a class representative in a parallel proceeding, the Seventh Circuit viewed the district court's insistence on compliance with Rule 24(c) as "a practical approach to case management." *Id.* at 530; *accord, e.g., Essex Ins. Co. v. Long Island Owners*

7

*Ass'n*, 379 F. App'x 422, 424 (5th Cir. 2010) (order not final for purposes of collateral-order doctrine where "future federal litigation" on the issue is contemplated).

The same reasoning applies here.  Mr. Ratliff is the named plaintiff in a parallel proceeding in Kentucky state court, where he seeks to represent a class of similarly situated individuals.  Rather than advancing the interests of the class, Mr. Ratliff's counsel's apparent goal is to derail the settlement in the hopes of obtaining more lucrative attorneys' fees.  Accordingly, the district court's insistence that Mr. Ratliff spell out the purported bases of his intervention in a Rule 24(c) pleading was well founded and demonstrates that the order below – entered without prejudice – is not a "conclusive[]" determination of Mr. Ratliff's request. On this basis alone, jurisdiction is lacking, and the appeal should be dismissed.

**B.**     **The Court, In Any Event, Would Lack Jurisdiction Under the Collateral-Order Doctrine Because The Order Denying Intervention Is Reviewable After Final Judgment.**

Jurisdiction is also lacking for the separate reason that Mr. Ratliff, as an absent class member, has a right to object at the fairness hearing and appeal from any final settlement.  Thus, the order below is not "effectively . . . unreviewable on appeal from a final judgment."  *Sierra Club*, 115 F.3d at 313.

Unlike putative intervenors in other contexts, an absent class member whose motion to intervene is denied can still participate in the proceeding by objecting

8

and can ultimately seek appellate review after a final judgment. *See Devlin v. Scardelletti*, 536 U.S. 1, 4 (2002). Thus, as the U.S. Court of Appeals for the Third Circuit explained in *Carlough v. Amchem Products, Inc.*, 5 F.3d 707, 712 (3d Cir. 1993), the third prong of the collateral-order doctrine is not satisfied when an absent class member is denied intervention, and appellate jurisdiction is therefore lacking. In *Carlough*, absent class members sought to appeal the denial of a motion to intervene after the district court had preliminarily approved a class settlement. The Third Circuit acknowledged the general rule that a movant who is denied intervention may appeal immediately, *id.* at 712, but concluded that the class context was different. As the court explained, "anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention." *Id.* (citing *Stringfellow*, 480 U.S. 370). And while the absent class members "have not been permitted to intervene formally, they retain substantial rights of participation in the lawsuit as objecting class members," and as "aggrieved class members," they would have the ability to "appeal from the district court's final approval of the settlement." *Id.* at 713; *accord, e.g.*, *Rhode Island v. U.S. Envtl. Prot. Agency*, 378 F.3d 19, 26-27 (1st Cir. 2004) (concluding that jurisdiction over appeal from agency decision denying intervention was lacking under collateral-order doctrine

9

1137374v1

because the putative intervenor would have standing to appeal from final agency action).

The same is true here. Mr. Ratliff is currently a member of a class action certified for settlement. Unless he opts out, he will have the opportunity to object to the class, and if the settlement is approved over his objections, to appeal that final ruling. *See Devlin*, 536 U.S. at 4 (absent class members "who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening").[2] Because Mr. Ratliff can seek effective review at the end of the case, the Court should hold that the requirements for jurisdiction under the collateral-order doctrine are not satisfied.

Importantly, Mr. Ratliff's status as a class member and his concomitant rights to object and appeal serve to distinguish this case from prior decisions of this Court finding that appellate jurisdiction existed regarding orders denying intervention. In *Cook v. Powell Buick, Inc.*, 155 F.3d 758, 761 (5th Cir. 1998), *abrogated by Devlin*, 536 U.S. 1, for example, this Court concluded that an unnamed class member who had been denied intervenor status could appeal from

---

[2]   Mr. Ratliff may well opt out rather than be bound by the settlement, but that would not give the Court jurisdiction over his appeal. After all, a class settlement does not pose any cognizable risk to the legal rights of parties who opt out, and they therefore lack standing to challenge the settlement in the district court or on appeal. *See, e.g.*, *In re Vioxx*, 388 F. App'x at 395 ("[I]n the context of class settlements, non-settling parties generally have no standing to challenge the settlement.").

1137374v1

that order.  But *Cook* was premised on the view, later rejected by the Supreme

Court, that "nonnamed class members of a certified class may not appeal the final

judgment."  155 F.3d at 761; *see also, e.g.*, *Edwards v. City of Houston*, 78 F.3d

983, 992-93 (5th Cir. 1996) (en banc) (similar).  If that were still the case, a rule

allowing immediate appeal would make sense because delay would serve no

purpose:  at the end of the case, the putative intervenor would still only be able to

challenge the order denying intervention, and reversal would potentially

necessitate reopening the settlement.  *See Cook*, 155 F.3d at 761 n.8.

After *Devlin*, however, it is clear that absent class members may appeal at

the end of the case and challenge the substance of a class settlement.  *See* 536 U.S.

at 6 (specifically identifying *Cook* as one of the cases following the rule that the

Supreme Court ultimately rejected).  Thus, the rationale for allowing an

intermediate appeal to such litigants no longer makes sense; an absent class

member now can present all issues – not only intervention but also objections to

the fairness of a class settlement – in a single appeal at the end of the case.  *See*

*Carlough*, 5 F.3d at 713.[3]

---

[3]     This Court's decision in *Sierra Club*, 115 F.3d 311, is also distinguishable.
There, the State of Texas sought to intervene in four distinct capacities:  as the
state; on behalf of three state agencies; on behalf of Texas citizens; and on behalf
of the Texas Department of Criminal Justice.  *Id.* at 313.  The district court allowed
intervention in the last of these capacities but denied it in the rest.  The appellee
argued that collateral-order jurisdiction was lacking because Texas could appeal
from a final judgment.  The Court disagreed, explaining that the state's distinct

1137374v1

The policy considerations underlying the collateral-order doctrine also favor dismissal in this case. Recognizing a right to appeal to resolve intervenor status in the class-action settlement context would promote abuse. This case involves a sensitive class settlement that was many years in the making – an interest that this Court has previously recognized as worthy of significant protection. *See, e.g.*, *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332, 1334-35 (5th Cir. Unit A Oct. 1981) (affirming injunction designed to protect class settlement of a "complicated antitrust action" that had "required a great deal of the district court's time"). If absent class members could immediately appeal the denial of a motion to intervene, enterprising objectors bent on delaying or derailing such a settlement could move to intervene and, on being denied intervenor status, immediately appeal and seek a stay of the proceedings below – precisely what Mr. Ratliff has done here. Whatever the result of the appeal, the putative intervenor would then have an opportunity on remand to object to the settlement, either as an intervenor or an absent class member, and, if the settlement were given final approval, to appeal again on the merits. These tactics not only threaten the very settlements

---

capacities were in effect "*different parties*" and that the district court order was therefore tantamount to a total denial of "participatory rights in the litigation" to three of the four parties requesting intervention. *Id.* at 314. That is not the case here for the reasons discussed above. As *Carlough* explained, absent class members "retain substantial rights or participation in the lawsuit as objecting class members," including the opportunity to object and to appeal. 5 F.3d at 713. (*Accord* Intervention Order at 1.)

12

1137374v1

that this Court has previously deemed worthy of protection but would also promote the sort of piecemeal litigation that the final-judgment rule is intended to prevent. *See, e.g.*, *Pan E. Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986) (explaining that the collateral-order doctrine should be construed to "serve the intended purpose of [28 U.S.C. §] 1291, to prevent piecemeal adjudication of suits and the delays caused by intermittent appeals"). For all of these reasons, the Court should follow the Third Circuit's reasoning in *Carlough*, find that jurisdiction is lacking, and dismiss the appeal.

## II.    **ALTERNATIVELY, THE COURT SHOULD SUMMARILY AFFIRM.**

Even if the Court had appellate jurisdiction, the appeal would nevertheless be ripe for summary disposition because the class-objection procedure obviates the need for intervention. The law on this issue is clear, making plenary briefing unnecessary, and summary affirmance is particularly appropriate because the only purpose of Mr. Ratliff's appeal is to create delay, as the record makes clear.

This Court expressly contemplates summary appellate resolution of cases in which "no reversible error of law appears." 5th Cir. R. 47.6. As the Court has previously explained, the summary-affirmance standard is met whenever "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406

1137374v1

F.2d 1158, 1162 (5th Cir. 1969).  And as other courts of appeal have emphasized, summary disposition is particularly appropriate where the appeal has been taken to further a party's "dilatory tactics." *Der-Rong Chour v. INS*, 578 F.2d 464, 468-69 (2d Cir. 1978); *Mercado Riera v. Mercado Riera*, 167 F.2d 207, 208 (1st Cir. 1948) ("[J]ustice requires summary affirmance in order to prevent further useless expense and delay in this already overly long and undoubtedly very expensive litigation.").

These considerations would compel summary affirmance if this Court had jurisdiction over Mr. Ratliff's appeal.  The district court correctly concluded "that Rule 23, not Rule 24, provides the appropriate mechanism for Mr. Ratliff and others similarly situated to object to the Proposed Class Settlement." (Intervention Order at 1.)  It also properly held that Mr. Ratliff "fail[ed] to meet Rule 24's mandate that" his motion "'be accompanied by a pleading that sets out the claim or defense for which intervention is sought.'" (*Id.*)

Both holdings are "clearly right."  The cases that speak to the question of intervention in the class-action context have repeatedly rejected requests to intervene, either as of right or by permission.  Intervention as of right requires, among other things, a showing that the putative intervenor's interests are not adequately represented, *see Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999), an interest that is protected by design in the class-

14

certification context, *see, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 423 (N.D. Ga. 1992).  And particularly where the allegedly inadequate representation is nothing more than a complaint "that class counsel negotiated a settlement of which [the putative intervenor] does not approve," intervention as of right does not lie because such a "difference of opinion can be adequately addressed through [the court's] consideration of the fairness of and timely objections to the settlement."  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 491 (S.D.N.Y. 1998).  Permissive intervention has been denied on similar grounds.  *See, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. at 423.  Thus, Mr. Ratliff has no basis for intervention, either as of right or by permission.[4]

Notably, denial of intervention was particularly appropriate here because one factor a district court must consider in deciding whether to permit intervention is undue delay or prejudice.  Fed. R. Civ. P. 24(b); *see also Graham v. Evangeline Parish Sch. Bd.*, 132 F. App'x 507, 513-14 (5th Cir. 2005).  And as courts considering this question have emphasized, "'jeopardizing a settlement agreement

---

[4]    In his motion to stay, filed with the district court, Mr. Ratliff argues that he needs to intervene in order to "obtain discovery regarding the fairness of the settlement."  (*See* Motion To Stay Pending Appeal at 5-6, MDL Dkt. No. 64,570, Aug. 30, 2013.)  But limited discovery is permitted to objecting class members already, *see Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004), obviating the need for intervention.

1137374v1

causes prejudice to the existing parties to a lawsuit.'" *NASDAQ Market-Makers*, 187 F.R.D. at 514 (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 72 (2d Cir. 1994), and noting that the point has been made "on several occasions"); *Ciba Specialty Chems. Corp. v. Tensaw Land & Timber Co.*, 233 F.R.D. 622, 628-29 (S.D. Ala. 2005) (rejecting permissive intervention where "a fair reading of Intervenors' submissions suggests that they wish to inject themselves in this litigation precisely for the purpose of disrupting the nearly-concluded settlement negotiations between the parties"); *see also Bailey v. White*, 320 F. App'x 364, 366-67 (6th Cir. 2009) (affirming district court's denial of objectors' motion to intervene where objectors had opportunity to participate in the fairness hearing and emphasizing that "[t]here would have been prejudice to the parties if intervention were permitted because the settlement would have been disrupted").

That is precisely what Mr. Ratliff's counsel seeks here – to jeopardize a hard-fought settlement in order to advance his own pecuniary interests in securing more lucrative fees.  Mr. Ratliff's appeal is plainly calculated to delay action by the district court until the Kentucky Supreme Court rules on whether his state-court case can proceed as a class action, as evidenced by the fact that it was filed the day after the Kentucky Supreme Court issued its August opinions, and he was disappointed to learn that his case was not among them.  (*See, e.g.*, Interested Party James Ratliff's Motion To Stay Dissemination Of Notice & Modify Dates

16

1137374v1

Contained In The Proposed Class Notice & Incorporated Memorandum Of Law at ,

MDK Dkt. No. 64,521, Aug. 1, 2013 (seeking to stay proceedings below until the

Kentucky Supreme Court rules); Interested Party James Ratliff's Combined

Response at 3-4, MDL Dkt. No. at 64,572, Sept. 3, 2013 (acknowledging that he

had incorrectly predicted an August 29 decision date); Notice of Appeal at 1, MDL

Dkt. No. 64,569, Aug. 30, 2013; Motion To Stay Pending Appeal, MDL Dkt. No.

64,570, Aug. 30, 2013.)  It has nothing to do with his belief in the merits of his

request for intervention – which are notably lacking.  This dilatory intent provides

all the more reason for the Court to summarily affirm.  *See Der-Rong Chour*, 578

F.2d at 468-69; *Mercado Riera*, 167 F.2d at 208.

Finally, the district court was also "clearly right" to deny Ratliff's motion to

intervene without prejudice in light of his failure to attach the pleading required by

Rule 24(c).  Although it is generally true, as Ratliff has argued below, that this

Circuit favors "'a permissive interpretation' of Rule 24(c)," this and other courts of

appeal have insisted on its strict application in cases, like this one, in which the

intentions of the putative intervenor are subject to question in light of

developments in parallel litigation.  As already noted, where the putative

intervenor is the named plaintiff in a parallel class proceeding, insistence on

compliance with Rule 24(c) reflects a "practical approach to case management."

*Milwaukee*, 144 F.3d at 530; *see also Pin v. Texaco, Inc.*, 793 F.2d 1448, 1455 (5th

17

Cir. 1986) (district court properly denied intervention based on inadequate Rule 24(c) pleading where it was apparent that the only purpose of intervention was to attempt to prevent dismissal of the suit as a result of a settlement in a parallel proceeding).  For this reason too, summary affirmance would be appropriate, if the Court had jurisdiction over the appeal.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court dismiss this appeal for lack of jurisdiction or, in the alternative, grant summary affirmance.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Fax:  (504) 581-3361
E-mail:  dwimberly@stonepigman.com

John H. Beisner
Jessica D. Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue N.W.
Washington, D.C.  20005
Telephone:  (202) 371-7008
Facsimile:  (202) 393-5760
E-mail:  john.beisner@skadden.com

18

Douglas Marvin
WILLIAMS & CONNOLLY LLP
Washington, D.C.  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  dmarvin@wc.com

*Attorneys for Merck Sharp & Dohme Corp.*

1137374v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2013, a copy of Defendant-Appellee's

Motion to Dismiss for Lack of Appellate Jurisdiction or in the Alternative for

Summary Affirmance was served by FedEx on the following:

    Richard A. Getty
    Jessica K. Case
    The Getty Law Group, PLLC
    1900 Lexington Financial Center
    250 West Main Street
    Lexington, Kentucky  40507

                    */s Dorothy H. Wimberly*___
                    Dorothy H. Wimberly
                    *Attorney of record for Merck Sharp & Dohme Corp.*

1137374v1