UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | MDL Docket No. 1657 |
| PRODUCT LIABILITY LITIGATION | SECTION L |
| This Document relates to: | HONORABLE JUDGE FALLON |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | MAGISTRATE JUDGE KNOWLES |

**MOTION TO AMEND ORIGINAL COMPLAINT TO INCORPORATE ADDITIONAL ALLEGATIONS, NEW FINDINGS OF FACT, CLARIFY COMPLAINT AND INCLUDE ADDITIONAL INJURIES**

Since Plaintiff Dennis R. Harrison filed his original complaint against Defendant Merck & Co there have been a number of significant developments in the regulatory and judicial landscape relevant to Plaintiff's case. Plaintiff submits these amendments to his original complaint by the additional complaints addressing additional facts that have been uncovered by his investigation. By amending the original Complaint filed on June 26, 2006, originally filed in THE SUPREME COURT OF ULSTER COUNTY, STATE OF NY (Case No.: 06-2247), transferred to United States District Court, Northern District of New York (Case No.: 1:06-CV-932) to MDL -1657 (2:07-cv-00905-EEF-DEK), while still preserving the Statutory Rights of NY, Plaintiff is reaffirming and restating all the allegations contained there within to full power and force as though they were stated herein. Plaintiff now moves to amend his original complaint.

TENDERED FOR FILING

SEP 10 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## I. FRAUD

99. Plaintiff has been injured by Defendant Merck by a false misrepresentation of material facts regarding safety and efficacy of its drug Vioxx. The Defendant had obtained an FDA

2
#64598

approval to market and promoted its product Vioxx for the approved use of treatment of symptoms of osteoarthritis, acute pain, and dysmenorrheal. However Defendant Merck began marketing Vioxx for the unapproved uses of treatment of Rheumatoid Arthritis and Post-Surgical recovery – all the while it knowingly misinformed prescribing physicians to prescribe Vioxx for known unapproved uses, at dosages and duration of administration known to be far above safe levels.

100. The FDA sent Defendant Merck a Warning Letter and declared to them, with specifics, to clearly let them know that they were engaging in specific prohibited acts which made false and misleading representations, on or about September 17, 2001.

101. The research that exposed those false claims had been completed in or about March of 2000 and Defendant Merck had the duty to inform the public but instead waited for approximately 18 months until it received the Warning Letter from the FDA, and even then, it did not make any effort to inform the public or the prescribing physicians until April of 2002. Defendant delayed approximately 2 years before it took corrective action, corrective action that it was obligated to take immediately, and that delay left Plaintiff taking much too much of a drug that harmed him with devastating effect.

102. Plaintiff was being treated by a Rheumatologist for the symptoms and pain accompanying Rheumatoid Arthritis with a dosage and duration that exceeded safety by a factor of at least 2X and possibly 4X the dosage, which was not publically disclosed to be safe at a much lower dosage than Plaintiff was prescribed, until in or about April of 2002; so that Plaintiff was induced into taking Vioxx in accordance with a prescription that the doctor had been lead into prescribing to Plaintiff by Defendant Merck's knowingly false claims and at a

known to be improper dosage for a known to be excessive duration, which greatly injured plaintiff.

103. By taking Vioxx at a dosage of 50 mg instead of 12.5 mg., for an extended period of approximately 1700 days during which period Plaintiff had to undergo two major surgeries, Spinal Fusion and Femur Revision, while taking a drug for unapproved uses and was exposed to the undisclosed consequence of taking Vioxx while bones are healing, which was the underlying reason that Vioxx had not been approved for Post-Orthopedic Surgery Pain, an application it had applied for but for which approval was denied on grounds that it was not safe to use, because Vioxx inhibits an enzyme which is required for bone formation and bone union.

104. Plaintiff was injured and his life has been ruined, and his family destroyed, and his marriage ended, and the true financial losses are incalculable, but will easily exceed $1,000,000 in direct financial costs, and also lifetime earnings of at least $2,000,000, it is estimated that it will have increased the costs of future surgeries by at least $20,000,000, and pain and suffering of $300,000,000 would still not be enough.

Because all the elements of fraud do exist in this case, the Plaintiff is also alleging gross negligence and expects that punitive damages are called for.

## II. GROSS NEGLIGENCE

105. Plaintiff Dennis R. Harrison was diagnosed with and treated for Rheumatoid Arthritis (RA) beginning in and about April 2000 and he thereby was receiving and ingesting a prescribed medication at dosages that have been discovered to be 2 to 4 times greater than what he should have been taking and which resulted in harm to Plaintiff.

106. Defendant Merck was sent a Warning Letter, on or about September 17, 2000, by the FDA, in which it was stated that Defendant Merck had been discovered to be promoting sales of its product Vioxx for the unapproved use for the treatment of RA and that based on studies for which had already been completed the off-label recommendations that these promotions were leading patients to take dosages of 2 to 4 times greater than the research indicated was to be recommended and in thereby doing, harmed Plaintiff.

107. Defendant had obtained FDA approval for its product, Vioxx, for the approved uses, but not unapproved uses and therefore it should not have been marketing Vioxx for the use of treating RA and by so doing Defendant Merck recklessly, without regard for its duty to promote and market its FDA approved product Vioxx safely, it marketed Vioxx in a manner that failed to give appropriate dosage and duration of administration instructions as required by the FDA, and thereby exposed Plaintiff to devastating injuries, through the unapproved uses it was promoting.

108. During the period following Defendant Merck's completing the studies required for a planned application for the treatment of RA and Defendant's reformulation of its dosage and duration of administration the defendant did not respond to these developments by issuing a safety warning, and when it received an FDA warning letter, then it did not react to even that by issuing a warning to the public that taking of Vioxx for the treatment of RA should only be taken at one half the dosage recommended for osteoarthritis (OA), and that in the case of both OA and RA the dosage for chronic use should become halved after initial treatment had begun.

109. Herein restating the allegations 99 TO 108 and incorporating them here as though they have been stated herein with full force, Defendant Merck had through false and misleading statements, utterances, publication of false and misleading claims of efficacy and safety in

violation of its statutory obligation, for the purpose of influencing defendant to the taking of its product Vioxx, for the monetary benefit of Defendant Merck and at the risk of doing harm to the public generally and actually causing injury to the plaintiff by in effect overdosing the Plaintiff with a drug that had failed to be clinically safe during pre- clinical tests for which the previously applied for additional application of Post-Orthopedic Surgery had failed on grounds of safety, which here now demonstrate that Vioxx can harm patients when they underwent surgical procedures that required bone formation, bone ossification, bone union, bone healing, Defendant Merck now is alleged, by this amended complaint, of committing gross negligence through its commitment of fraud in the marketing of Vioxx which lead to Plaintiff's injuries, and now and forevermore, they stand accused by the Plaintiff of being a Fraud and are charged for Gross Negligence for distributing an FDA approved drug for an unapproved use and not having any warning in the label as they are required to have so that defendant suffered injury and financial damages by perpetrating their fraudulent promotions to induce people in general and Plaintiff in particular to take their product Vioxx.

110. Now here the Plaintiff amends its complaint to clarify and add the following injuries for which Plaintiff suffered in consequent of Defendants reckless disregard for its statutory obligations to Plaintiff which caused these injuries:

Plaintiff Failed Spinal Fusion Surgery performed on or about Jan 15, 2001; which lead

 to,

  a. Interruption of signals normally transmitted between Plaintiff's brain and his extremities; thereby,

  b. Causing Plaintiff to have a diminished ability to walk and carry himself about; which thereby,

c. Caused Plaintiff to fall and break his femur; which

   thereby,

d. Caused Plaintiff to suffer by undergoing orthopedic surgery to align his femur so that it could mend by the process of bone formation known as bone union which proved to be unsuccessful; which

   thereby,

e. lead to Sepsis infection; which

   lead to,

f. An extensive period of recovery prior to and even after his ultimate successful partial hip replacement orthopedic surgery with many bouts of sepsis following it;

g. After which was, minor bouts of sepsis and infections interrupted by brief infection free periods followed by continuous bouts of post-orthopedic surgical bouts of infection, a factor that will forever cause Plaintiff even more pain and suffering, and for which Plaintiff is now, in September of 2013, fighting off infections that came up after orthopedic surgery on his knees in or about 2010 and still have not abated;

   and also,

h. injured Plaintiff to suffer a prolonged period of non-consortium with his wife; and which, also led to divorce of their marriage and the loss of the nurturing affection of not only his wife but also his child through separation and divorce;

   also,

    i. for which Plaintiff has never been able to present himself to return to the workplace which was the intended outcome of Plaintiff's Spinal Surgery, which had demonstrated post surgery to have been successful in restoring his ability to walk, other than the spine collapsing, he would have resumed working in the position that he was qualified for by reasons of experience of 25 years and education including a Masters of Business Administration; and,

    j. the surgery had not ultimately failed he would have been physically improved so that he could have returned to work, other than the failure of his surgery due to the effects of Vioxx.

111. Plaintiff now incorporates a-j (above) as individual and separate injuries and alleges that Defendant's product caused each and every one of them.

112. Plaintiff will now ask for and demand an award for his specific and non-specific injuries, and the resulting pain and suffering and loss of income, of $250 Million Dollars and permission to seek punitive damages, which are justified by the additional charge of gross negligence, for whatever amount the Jury deems appropriate.

113. By amending original Complaint June 26, 2006, originally filed in THE SUPREME COURT OF ULSTER COUNTY, STATE OF NY (Case No.: 06-2247), transferred to United States District Court, Northern District of New York (Case No.: 1:06-CV-932) to MDL -1657 (2:07-cv-00905-EEF-DEK), while still preserving the Statutory Rights of NY, Plaintiff is reaffirming and restating all the allegations contained within to full power and force as though they were stated herein.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing:

**MOTION TO AMEND ORIGINAL COMPLAINT TO INCORPORATE ADDITIONAL ALLEGATIONS, NEW FINDINGS OF FACT, CLARIFY COMPLAINT AND INCLUDE ADDITIONAL INJURIES**

has been served on Defense Liaison Counsel (DELCO) Dorothy H. Wimberley by electronic email as PDF attachment, Emily Pastille of Merck by electronic email as PDF attachment, and Doug Marvin of Merck by electronic email as PDF attachment on this 9th day of September, 2013.

Further I hereby note utilizing the same electronic PDF method to Plaintiff Steering Committee PSC-I Russ Herman and Leonard Davis, and Plaintiff Steering Committee PSC-II Ann B. Oldfather and Megan Hastings.

I have also sent the above and the foregoing to the Clerk of Court of the United States District Court for the Eastern District of Louisiana via the same electronic email/PDF method and hard copy, on this 9th day of September, 2013.

/s/Dennis R. Harrison
Dennis R. Harrison
Plaintiff
601 W. Brown Street
Iron Mountain, MI 49801
Phone: Cell 906-221-5906
badbonehealing@gmail.com

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| This Document relates to: | * | HONORABLE JUDGE FALLON |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | * | MAGISTRATE JUDGE KNOWLES |

*************************************************************

**MOTION** TO AMEND ORIGINAL COMPLAINT TO INCORPORATE ADDITIONAL ALLEGATIONS, NEW FINDINGS OF FACT, CLARIFY COMPLAINT AND INCLUDE ADDITIONAL INJURIES

**IT IS HEREBY ORDERED** that Plaintiff be allowed to amend his original complaint against Defendant Merck & Co to incorporate a number of significant developments in the regulatory and judicial landscape that Plaintiff alleges are relevant to Plaintiff's case. Plaintiff submits these amendments to his original complaint by the additional complaints addressing additional facts that have been uncovered by his investigation. By amending original Complaint June 26, 2006, originally filed in THE SUPREME COURT OF ULSTER COUNTY, STATE OF NY (Case No.: 06-2247), transferred to United States District Court, Northern District of New York (Case No.: 1:06-CV-932) to MDL -1657 (2:07-cv-00905-EEF-DEK), while still preserving the Statutory Rights of NY, Plaintiff is reaffirming and restating all the allegations contained within to full power and force as though they were stated herein. So ordered.

**NEW ORLEANS, LOUISIANA,** this _____ day of September, 2013.

_____

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

10