Attachment 7- Interrogatories- State of Montana

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| | * |
| In re: VIOXX | * MDL No. 1657 |
| Products Liability Litigation | * |
| | * SECTION L |
| This Document Relates to: | * |
| | * JUDGE ELDON E. FALLON |
| **THE STATE OF MONTANA, ex rel.** | * |
| **MIKE MCGRATH, Attorney General,** | * MAGISTRATE JUDGE |
| | * KNOWLES |
| **v.** | * |
| | * Civil Action No. |
| **MERCK & CO. INC.** | * 2:06-cv-4302 (EEF-DEK) |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RESPONSES AND OBJECTIONS OF PLAINTIFF STATE OF MONTANA TO FIRST SET OF INTERROGATORIES TO PLAINTIFFS

### PRELIMINARY STATEMENT

Plaintiff State of Montana's responses and objections to these discovery requests are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of these discovery requests should not be taken as an admission that: (1) they accept or admit the existence of any fact(s) set forth in or assumed by the discovery requests; or (2) they have in their possession, custody or

control documents responsive to that discovery request; or (3) documents are responsive to that discovery request. Plaintiff's response to all or any part of any discovery request is not intended to be, and shall not be, a waiver by that Government Action Plaintiff of all or any part of its objection(s) to that discovery request.

Plaintiff and its counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to their right to supplement those responses prior to trial or to produce evidence based on subsequently discovered information. These responses are based upon, and therefore are limited by, Plaintiff's knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS TO DISCOVERY

1.     To the extent that these definitions, instructions and discovery requests are inconsistent with or exceed obligations imposed upon a party under the applicable rules of Court, Plaintiff objects. Plaintiff will respond according to the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

2.     To the extent that these discovery requests seek information that is subject to the work product, attorney-client, investigative or other applicable privileges, or seek information or documents generated in the course of pursuit of this action, Plaintiff objects, preserves its rights thereto and refuses to provide any such information other than that which is required by the applicable rules of Court, orders of the Court and the agreement of the parties, as appropriate.

Attachment 7- Interrogatories- State of Montana

3.      To the extent that these discovery requests seek information that would require the disclosure of information that is confidential or private in nature, covered by third party protective orders, or privileges granted by state or federal law, Plaintiff objects and refuses to provide any such information.

4.      To the extent that these discovery requests purport to request information which is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible evidence, Plaintiff objects.

5.      To the extent that these discovery requests seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense, Plaintiff objects.

6.      To the extent that these discovery requests seek information not available or known to Plaintiff, Plaintiff objects.

7.      To the extent the burden or expense of the discovery request outweighs its likely benefit, Plaintiff objects.

8.      To the extent that these discovery requests are vague, ambiguous, incomprehensible, or require Plaintiff to engage in conjecture as to their meaning, Plaintiff objects.

9.      To the extent that these discovery requests seek information from a time period that is overly broad, Plaintiff objects.

10.     To the extent that these discovery requests seek information regarding drugs other than Vioxx, those requests are overly broad, unduly burdensome and seek information that is neither relevant to this action nor likely to lead to discovery of admissible evidence, and Plaintiff objects.

Attachment 7- Interrogatories- State of Montana

11.     To the extent that these discovery requests call for information that is unreasonably cumulative or duplicative; outside of Plaintiff's possession, custody or control; already in the possession of Defendant; or obtainable from some other source that is more convenient, less burdensome or less expensive, Plaintiff objects.

12.     To the extent that these discovery requests seek information that contains proprietary or confidential business information, Plaintiff objects.

13.     Plaintiff reserves until the time of the trial all objections as to the relevance or admissibility of any information provided in response to these discovery requests. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's discovery requests is accurate or complete.

14.     To the extent that these discovery requests purport to require Plaintiff to disclose or produce documents concerning any expert or other person or entity retained by counsel to assist in the preparation of its case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of their case and is not required by the applicable rules of Court, Plaintiff objects.

15.     To the extent that these discovery requests purport to require Plaintiff to disclose or produce information generated in the course of the pursuit of this action, Plaintiff objects.

Attachment 7- Interrogatories- State of Montana

16.     To the extent that these discovery requests purport to require Plaintiff search beyond files where responsive information reasonably can be expected to be found, Plaintiff objects.

17.     To the extent that these discovery requests purport to require Plaintiff to create, compile or summarize information in a form that does not currently exist, Plaintiff objects.

18.     Because of the overly broad nature of these discovery requests, it is not possible for Plaintiff to anticipate all possible grounds for objection with respect thereto. Plaintiff reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

19.     All discovery responses incorporate these General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

## GENERAL OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects generally to the Definitions to the discovery requests to the extent they are overly broad, and would encompass information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and/or attempt to impose obligations on Plaintiff other than those authorized by the applicable rules of Court and/or any applicable Court Order.

2.     Plaintiff objects to the definition in Paragraph 2 of the term "Beneficiary" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or

Attachment 7- Interrogatories- State of Montana

to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Beneficiaries" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

3.     Plaintiff objects to the definition in Paragraph 5 of the term "Document." Said definition is overly broad and creates potential ambiguities, vagueness and confusion. Plaintiff will attempt to answer these discovery requests based upon the language in which the discovery requests are commonly understood. Plaintiff further object to the term "Document" as it seeks to impose obligations on Plaintiff beyond those required by the applicable rules of Court and literal compliance with the definition would cause Plaintiff to incur significant and undue burdens. Further, to the extent that definition seeks to impose an obligation on Plaintiff to respond in a manner which would be subject to any privilege, Plaintiff objects and will not disclose any such privileged information.

4.     Plaintiff objects to the definition in Paragraph 6 of the term "Drug Utilization Review Board" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Drug Utilization Review Board" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

Attachment 7- Interrogatories- State of Montana

5.     Plaintiff objects to the definition in Paragraph 8 of the term "Formulary" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff responds to the Interrogatories based upon the understanding that the term "Formulary" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

6.     Plaintiff objects to the definition in Paragraph 9 of the term "Government Health Program" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs respond to the Interrogatories based upon the understanding that the term "Government Health Program" refers to the programs with respect to which relief is sought, namely the Department of Health & Human Services.

7.     Plaintiff objects to the definition in Paragraph 11 of the term "Identify." The definition is expanded beyond the reasonable meaning of the term and creates potential ambiguities, vagueness, confusion, and undue burden. Additionally, each sub-paragraph creates a sub-set of additional questions, which would cause the number of discovery requests to far exceed those allowed by the applicable rules of Court. Plaintiff will answer the discovery requests by interpreting the language contained therein as the language is commonly used.

8.     Plaintiffs object to the definition in Paragraph 16 of the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" on the grounds that they are vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs respond to the Interrogatories based upon the understanding that the terms "Pharmacy and Therapeutics Committee" and "P&T Committee" conform to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

9.     Plaintiffs object to the definition in Paragraph 17 of the term "Pharmacy Benefit Manager" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and encompasses information that is not relevant to the claims or defenses of any party to or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs respond to the Interrogatories based upon the understanding that the term "Pharmacy Benefit Manager" conforms to the statutory, regulatory or other definitions applicable to the programs with respect to which relief is sought.

10.     Plaintiff specifically objects to the definition in Paragraph 19 of the term "Relevant Drugs" on the grounds that the drugs listed are not relevant to the proceedings before the Court, and the disclosure of information regarding those drugs will not lead to the discovery of admissible evidence and will only cause Plaintiff to incur significant and undue burden and expense without any corresponding benefit.

Attachment 7- Interrogatories- State of Montana

11.     Plaintiff specifically objects to the definition in Paragraph 21 of the terms defines "You" or "Your" on the grounds that  said definition is grossly overbroad and purports to include the entire state, along with the attorneys or law firms representing any governmental entity, and is not limited to the governmental entities or their representatives on whose behalf recovery is sought in these proceedings. Plaintiff will therefore interpret these terms refer to the programs with respect to which relief is sought, namely, the Montana Department of Public Health & Human Services

12.     Plaintiff objects to the definitions to the extent they require disclosure of personal information of program beneficiaries, which disclosure would violate the privacy rights and expectations of those beneficiaries and potentially subject Plaintiff to liability for such disclosure. Plaintiff therefore will not disclose any of the personal information regarding program beneficiaries which might be required by the language of the definitions.

## GENERAL OBJECTIONS TO INSTRUCTIONS

1.      Plaintiff objects to the Instructions to the extent they utilize definitions which have been objected to by Plaintiff and to the extent they seek to impose obligations on Plaintiff which are inconsistent with or in excess of those imposed by the applicable rules of Court. Plaintiff further objects to the extent the Instructions purport to instruct Plaintiff on how to answer questions and object to the Instruction regarding supplementation, which Instruction is at variance with the obligations imposed by the applicable rules of Court. Plaintiff will respond in the manner required by the applicable rules of Court, orders of the Court and agreement of the parties, as appropriate.

2.      Plaintiff objects to the time period which the discovery purportedly encompasses as that time period is overbroad and unduly burdensome and seeks production of information which cannot lead to the discovery of admissible evidence.

## RESPONSES TO INTERROGATORIES

**Interrogatories Relating to the Administration of the Government Health Program**

**Interrogatory Number 1:** Do You maintain any databases or other electronically stored information containing Documents Relating to prescriptions for Vioxx and Relevant Drugs that were written and/or filled for Beneficiaries by Healthcare Professionals and other medical treatment provided to Beneficiaries? If your response is anything other than an unequivocal "No," Identify all fields in Your databases or other electronically stored information from January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory to the extent that it is overbroad and calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, [and calls for information concerning databases that are not used to process claims for prescription drugs].  Subject to these objections and the foregoing General Objections, Montana responds as follows:  during the relevant times,

Attachment 7- Interrogatories- State of Montana

10

the Medicaid Program maintained electronic databases containing data relating to processing claims for prescriptions for Vioxx, among other prescription drugs, provided to program beneficiaries for which claims were submitted.  As requested by Merck in Instruction 12, Montana will meet and confer with Merck's representatives concerning the fields of data in such databases and similarly confer with persons with knowledge of Merck's databases concerning the data maintained therein.

**Interrogatory Number 2:** If Your response to Interrogatory Number 1 is anything other than an unequivocal "No," Identify the Person(s) most knowledgeable about maintaining, updating, repairing, or otherwise servicing the databases or other electronically stored information You described in the response, whether that/those Person(s) be a present or former employee of Yours, a consultant, or a third party with whom You have contracted to provide services to You.

**Response:**   Montana hereby incorporates by reference and restates its objections to Interrogatory Number 1 as if they were fully set forth herein.  Subject to these objections and the foregoing General Objections, Montana responds as follows:  during the relevant period, Montana contracted with ACS State Healthcare, LLC to maintain, update and service the Montana Medicaid database. Those most knowledgeable with the Montana database include:

> David Meadows, Account Manager
> Brian Haw, Data Analyst
> ACS Government Healthcare Solutions
> 34 North Last Chance Gulch, Suite 200
> Helena, Montana 59601

**Interrogatory Number 3:** Identify all Persons responsible for deciding whether to place Vioxx and Relevant Drugs on the Formulary from January 1, 1998 to the present.

**Response:**   Montana objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action,

Attachment 7- Interrogatories- State of Montana

including information concerning programs, prescription drugs and time periods that are not relevant to this action.   Subject to these objections and the foregoing General Objections, Montana responds as follows: Montana contracted with Montana Pacific Quality Health to administer the State's Drug Utilization Review (DUR) Board and P&T Committee. During the relevant period, the following persons had primary responsibility for placing Vioxx and other outpatient prescription drugs on the Montana Formulary.

**Shannon Marr** – Pharmacy Program Officer, Health Policy and Services Division, Montana Department of Public Health & Human Services

**Dorothy Poulsen**- Pharmacy Program Officer, Health Policy and Services Division, Montana Department of Public Health & Human Services

**Duane Preshinger** – Senior Policy Manager – Former Acute Services Bureau Chief, Montana Department of Public Health & Human Services

**Dan Peterson** – Acute Services Bureau Chief, Montana Department of Public Health & Human Services

**Chuck Hunter** – Administrator of the Health Resources Division,  Montana Department of Public Health & Human Services

**Roger Citron** – Medicaid Pharmacist, Montana Department of Public Health & Human Services

**Mary Dalton** – Administrator Health Resources Division, Montana Department of Public Health & Human Services

**Mark Eichler** – DUR Board Coordinator, Montana Pacific Quality Health

**DUR and P&T Committees**

**Interrogatory Number 4:** Identify all Relevant Drugs Including Vioxx that have been placed on the Formulary from January 1, 1998 to the present, and Identify the dates that each such drug was on the Formulary.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

Attachment 7- Interrogatories- State of Montana

including information concerning programs, prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows:  For the Medicaid Program, Vioxx was included on the State's formulary no later than June 22, 2009, which was the first "date of service" for which a claim was paid with respect to one of the formulations of Vioxx. The last "date of service" for which a claim was paid for one of the formulations of Vioxx was September 20, 2004.  The State of Montana did not implement the Preferred Drug List (PDL) until after Vioxx was withdrawn from the market.

**Interrogatory Number 5:** Identify whether Vioxx and any of the Relevant Drugs were placed by You on any lists of preferred drugs, preferences or other tiers, or were subject to prior authorization, co-pay, step therapy, or other requirements, or were exempted from any such lists or requirements, and Identify the dates that each such drug was subject to such preferences and requirements.

**Response:**  Montana objects to this interrogatory on the ground that the term "other requirements" is vague and undefined.  Montana further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action, and including information concerning "restrictions" that were not designed to favor one brand name drug over another (*e.g.*, mandatory generic substitution, co-pays, and  restrictions based on such factors as pill quantity, age, and gender).  Subject to these objections and the foregoing General Objections, Montana responds as follows:  during the relevant period, Vioxx was included on the Medicaid formulary with prior authorization requirements for certain

prescriptions of the medication. The State of Montana did not implement the Preferred

Drug List (PDL) until after Vioxx was withdrawn from the market.

**Interrogatory Number 6:** Have You implemented any methods for restricting or limiting Coverage of prescription drugs for Beneficiaries between January 1, 1998 and the present, Including prior authorization requirements, lists of preferred drugs, sub-categories of lists of preferred drugs, tiers or other preferences, exclusions, step therapy requirements, or co-payments that are applicable to Relevant Drugs? If Your response is anything other than an unequivocal "No," Identify all such methods and Identify the dates during which time those requirements were or have been in place.

**Response:** Montana objects to this interrogatory on the ground that the term "methods

for restricting or limiting Coverage" is vague and undefined. Montana further objects to

this interrogatory to the extent that it calls for the disclosure of information that is not

relevant to a claim or defense in this action, including information concerning programs,

prescription drugs and time periods that are not relevant to this action, and including

information concerning "restrictions" that were not designed to favor one brand name

drug over another (*e.g.*, mandatory generic substitution, co-pays, and restrictions based

on pill quantity, age, and gender). Subject to these objections and the foregoing General

Objections, Montana responds as follows: during the relevant period, the State

implemented prior authorizations for Vioxx and other drugs within its class. The State of

Montana did not implement the Preferred Drug List (PDL) until after Vioxx was

withdrawn from the market.

**Interrogatory Number 7:** Identify any and all drugs for which You have restricted or limited Coverage for Beneficiaries because they were required by the Food and Drug Administration to carry a black box warning from January 1, 1998 to the present.

**Response:** Montana objects to this interrogatory on the ground that the term "restricted

or limited Coverage" is vague and undefined. Montana further objects to this

interrogatory to the extent that it calls for the disclosure of information that is not relevant

Attachment 7- Interrogatories- State of Montana

to a claim or defense in this action, including information concerning programs,

prescription drugs and time periods that are not relevant to this action.  Subject to these

objections and the foregoing General Objections, Montana responds as follows:  during

the relevant period, the DUR Board and P&T Committee would review classes of drugs

and medications and make recommendations to limit and restrict coverage of medications

based on the safety and efficacy of medications.


**Interrogatory Number 8:** Identify all Persons responsible for analyzing the clinical risks
and benefits of Vioxx and Relevant Drugs and for conducting or reviewing drug
utilization studies for the Government Health Program from January 1, 1998 to the
present, Identifying the time periods for which they have provided such services.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs, prescription drugs and time periods that are

not relevant to this action.  Montana further objects to this interrogatory on the ground

that the term "drug utilization studies" is vague and undefined.  Subject to these

objections and the foregoing General Objections, Montana responds as follows: the State

of Montana contracted with the following third parties to provide information on the risks

and benefits of medications including Vioxx:

> **Montana Pacific Quality Health**
> **Oregon Health & Science University**
> **First Databank**


**Interrogatory Number 9:** Identify all members of Your P & T Committee from January
1, 1998 to the present, Identifying the dates of their service.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

Attachment 7- Interrogatories- State of Montana

including information concerning time programs, periods that are not relevant to this

action.  Subject to these objections and the foregoing General Objections, Montana

responds as follows: Montana contracted with Montana Pacific Quality Health to

administer and appoint members to the State's P&T Committee. The State has provided

responsive documents, including Committee Agendas and Minutes that sufficiently detail

the membership of the Committee during the relevant time period. The current members

of the Board consist of the following:

> Lee Ann Bradley, PharmD
>
> Sherrill Brown, PharmD
>
> Bill Burton, RPh
>
> Carla Cobb, PharmD
>
> Jim Crichton, MD
>
> Lori Fitzgerald, PharmD
>
> V. Lee Harrison, MD
>
> Stephen S. Nagy, MD
>
> Richard Sargent, MD

For information regarding the membership of previous DUR boards refer to the

documents produced in Montana's Responses to Request for Production of Documents.

**Interrogatory Number 10:** Identify all present or former Merck employees or Persons
acting on Merck's behalf that You allege provided false or misleading information upon
which You relied, and Identify with specificity what information they provided, to whom
they provided it, how they provided it, and when they provided it.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning time programs.  Montana further objects to this

interrogatory to the extent that it is premature.  Subject to these objections and the

Attachment 7- Interrogatories- State of Montana

foregoing General Objections, Montana responds as follows:  Montana refers Merck to

its complaint.

**Interrogatory Number 11:** Identify all present or former Merck employees or Persons acting on Merck's behalf that You allege fraudulently concealed or failed to disclose material information that Merck had a duty to disclose to You, and Identify with specificity what material information they concealed/failed to disclose, from whom they concealed/failed to disclose it, how they concealed/failed to disclose it, and when they concealed/failed to disclose it.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning time programs.  Montana further objects to this

interrogatory to the extent that it is premature.  Subject to these objections and the

foregoing General Objections, Montana responds as follows:  Montana refers Merck to

its complaint.

**Interrogatory Number 12:** Identify each of the factual allegations in Your complaint that you contend constituted misrepresentations by Merck to You.

**Response:**  Subject to the foregoing General Objections, Montana responds to this

interrogatory by referring to its complaint.

**Interrogatory Number 13:** Identify all Persons who have participated in the negotiation of Your supplemental rebate agreements with pharmaceutical manufacturers Relating to Vioxx and Relevant Drugs between January 1, 1998 and the present, if any.

   **Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs, prescription drugs, time periods and

Attachment 7- Interrogatories- State of Montana

agreements that are not relevant to this action.  Subject to these objections and the

foregoing General Objections, Montana responds as follows: Montana is in the process of

determining those individuals responsible for negotiating supplemental rebates and will

produce accordingly. Should further investigation uncover this information, Montana will

supplement as necessary.

**Interrogatory Number 14:** To the extent they Relate to Vioxx and Relevant Drugs,
Identify all Persons who, from January 1, 1998 to the present, have had Communications
with the Government Health Program Relating to:  the creation or maintenance of
databases or other electronically stored information; decisions Relating to which drugs
should be placed on the Formulary for the Government Health Program and their clinical
risks and benefits; drug utilization studies; and rebates, discounts, or other price
concessions from pharmaceutical manufacturers.

**Response:**   Montana objects to this interrogatory on the ground that it is not

comprehensible.  Montana further objects to this interrogatory to the extent that it calls

for the disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs, prescription drugs and time periods that are

not relevant to this action, and information concerning technical database matters.

Montana further objects to this interrogatory on the ground that the term "drug utilization

studies" is vague and undefined.  Subject to these objections and the foregoing General

Objections, Montana responds as follows:  The identity of persons who communicated

with the Medicaid Department is unknown. The State has produced any and all

documents detailing any communications that the State has had with third parties with

respect to Vioxx. With respect to creation and maintenance of databases Montana has

contracted with ACS Healthcare Solutions. The State has contracted with Montana

Pacific Quality Health on all issues relating to its formulary or preferred drug list.

Attachment 7- Interrogatories- State of Montana

**Interrogatories Relating to Damages You Seek**

**Interrogatory Number 15:** State the types of damages You seek to recover in this lawsuit and state with specificity the factual and legal basis for each such claim for relief, the amount of damages You seek under each claim for relief, the factual basis for how You calculate the amount of damages You seek for each claim for relief, and the amount of money, if any, You have received as a result of any settlement Relating to Vioxx.

**Response:** Montana objects to this interrogatory on the ground that it is premature in calling for information that will be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Montana further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court. Subject to these objections and the foregoing General Objections, Montana responds as follows: at the present time, Montana seeks the types of damages set forth in its complaint.

**Interrogatory Number 16:** Do You seek to recover from Merck expenditures made by You to pay for Vioxx prescriptions for Beneficiaries? If Your response is anything other than an unequivocal "No," state the amount of money You seek, whether any part of that amount was paid by any other federal, state, or local government entity, the amount paid by such entities (if any), and the amount subject to rebate payments, discounts, or price concessions (if any).

**Response:** Montana objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and discovery in this action. Montana further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning whether amounts were paid by other government entities. Subject to these objections and the foregoing General Objections, Montana

Attachment 7- Interrogatories- State of Montana

responds as follows:  at the present time, Montanas seek the types of damages set forth in

its complaint, which includes recovery of  funds spent paying claims for the payment for

Vioxx prescriptions and includes the State, Federal and local share of all such

expenditures, as determined by applicable law.

**Interrogatory Number 17:** Identify the number of reimbursements made by the
Government Health Program for Vioxx and Relevant Drugs for each year since January 1,
1998, and Identify the prices reimbursed for each such Relevant Drug, itemizing the
prices by date if they varied over time.

**Response:**  Montana objects to this interrogatory on the ground that its request for

"prices" is vague and undefined and ignores the specific, various uses of the term "price"

in the pharmaceuticals industry and the statutory and regulatory frameworks relating to

reimbursements of prescription drugs with public funds.  Montana further objects to this

interrogatory to the extent that it calls for the disclosure of information that is not relevant

to a claim or defense in this action, including information concerning programs,

prescription drugs and time periods that are not relevant to this action.  Subject to these

objections and the foregoing General Objections, Montana responds as follows:  The

State will produce a database of claim information relating to Vioxx prescriptions for

Medicaid patients.

**Interrogatory Number 18:** Identify the number of reimbursements made by the
Government Health Program for Proton Pump Inhibitors for each year since January 1,
1998, and Identify the prices reimbursed for each such Proton Pump Inhibitor, itemizing
the prices by date if they varied over time.

**Response:**  Montana objects to this interrogatory on the ground that its request for

"prices" is vague and undefined and ignores the specific, various uses of the term "price"

in the pharmaceuticals industry and the statutory and regulatory frameworks relating to

reimbursements of prescription drugs with public funds.  Montana further objects to this

Attachment 7- Interrogatories- State of Montana

interrogatory to the extent that it calls for the disclosure of information that is not relevant

to a claim or defense in this action, including information concerning programs and time

periods that are not relevant to this action.

**Interrogatory Number 19:** Do You seek to recover from Merck the cost of treating alleged Vioxx-related injuries suffered by Beneficiaries? If Your response is anything other than an unequivocal "No," Identify each such affected Beneficiary, Identify the injury he or she allegedly suffered, and state with specificity each legal basis You contend supports Your claim for relief, the types and amount of damages You seek to recover, the factual basis for how You calculate that amount, and the amount of money You spent for medical treatment of such injuries.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and expert and fact

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.  Subject to these objections and the

foregoing General Objections, Montana responds as follows: The State is seeking to

recover any and all expenses and costs for treating Vioxx related injuries in Medicaid

participants. The State will produce a database of medical claim information relating to

the expenses and costs of Vioxx related injuries for Medicaid patients.

**Interrogatory Number 20:** Do You seek to recover from Merck damages on behalf of Persons whom You contend individually have claims against Merck for the purchase of Vioxx by virtue of Your status as *parens patriae* or as a representative Montana? If Your response is anything other than an unequivocal "No," Identify each such Person, and state with specificity each legal basis You contend supports Your claim for relief on their behalf, the types and amount of damages You seek to recover on their behalf, and the factual basis for how You calculate that amount.

Attachment 7- Interrogatories- State of Montana

**Response:**  Montana objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Montana further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.    Subject to these objections and the foregoing General Objections, Montana responds as follows:  The State seeks to recover damages under the Attorney General's status as *parens patriae.* The State needs additional discovery in order to fully answer this interrogatory and will supplement as necessary.

**Interrogatory Number 21:** Do You seek to recover damages on behalf of a government entity by virtue of Your status as a *qui tam* plaintiff, relator, taxpayer, or informer? If Your response is anything other than an unequivocal "No," state with specificity each legal basis You contend authorizes You to bring and proceed with this lawsuit, the types and amount of damages You seek to recover on the government's behalf, and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in calling for information that may be the subject of expert reports and expert and fact discovery in this action, which expert reports will be submitted in accordance with the Court's scheduling Order or in compliance with other Orders of the Court. Montana further objects to this interrogatory calling for a legal opinion as to the "legal basis" supporting the claim for relief as a legal opinion is not properly the subject of an interrogatory under the applicable rules of Court.

**Interrogatory Number 22:** Do You seek disgorgement and/or restitution of funds Merck obtained as a result of the sale of Vioxx? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You

Attachment 7- Interrogatories- State of Montana

are entitled to such relief, the amount of money You seek, and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and fact and expert

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.   Subject to these objections and the

foregoing General Objections, Montana responds as follows: The State is seeking to

recover any and all expenses and costs for prescriptions of Vioxx as well as expenses for

Vioxx-related injuries in Medicaid participants. The State will produce a database of

prescription and medical claims information relating to the expenses and costs of Vioxx

and Vioxx-related injuries for Medicaid patients.

**Interrogatory Number 23:** Do You seek punitive and/or exemplary damages from Merck? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and expert and fact

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.   Subject to these objections and the

Attachment 7- Interrogatories- State of Montana

23

foregoing General Objections, Montana responds as follows: The State seeks punitive

and exemplary damages. For the basis of said damages the State directs Merck to its

complaint.

**Interrogatory Number 24:** Do You seek to recover statutory penalties from Merck?  If
Your response is anything other than an unequivocal "No," state with specificity each
legal basis under which You contend You are entitled to such relief, the amount of such
penalties You seek, and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and fact and expert

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.   Subject to these objections and the

foregoing General Objections, Montana responds as follows: The State seeks statutory

penalties for each prescription of Vioxx covered under Medicaid and other government

programs.

**Interrogatory Number 25:** Do You seek to recover damages Relating to costs incurred
by any self-insured health, welfare or benefit plans? If Your response is anything other
than an unequivocal "No," state with specificity each legal basis under which You
contend You are entitled to such relief, the types and amount of such damages You seek,
and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that may be the subject of expert reports and expert and fact

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

Attachment 7- Interrogatories- State of Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.    Subject to these objections and the

foregoing General Objections, Montana responds as follows:  Subject to the foregoing

General Objections, Montana responds as follows: The State seeks damages for all

persons within the State of Montana under its status as *parens patriae.*

**Interrogatory Number 26:** Do You seek to recover any other relief, either monetary or injunctive, that is not covered in any other Interrogatory? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the types and amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**  Montana objects to this interrogatory on the ground that it is premature in

calling for information that will be the subject of expert reports and fact and expert

discovery in this action, which expert reports will be submitted in accordance with the

Court's scheduling Order or in compliance with other Orders of the Court. Montana

further objects to this interrogatory calling for a legal opinion as to the "legal basis"

supporting the claim for relief as a legal opinion is not properly the subject of an

interrogatory under the applicable rules of Court.    Subject to these objections and the

foregoing General Objections, Montana responds as follows:  *See* Montana's complaint.

**Interrogatory Number 27:** Do You seek to recover attorneys' fees from Merck? If Your answer is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such fees and Identify the amount You seek.

**Response:**  Montana objects to this interrogatory on the ground that it is premature.

Subject to these objections, the foregoing General Objections, and that this interrogatory

calls for a legal opinion as to the "legal basis" supporting the claim for relief as a legal

Attachment 7- Interrogatories- State of Montana

opinion is not properly the subject of an interrogatory under the applicable rules of Court,

Montana responds as follows:  at the present time, yes.  *See* Montana's complaint.


**Interrogatory Number 28:** Were any of the expenditures You seek to recover paid for, in whole or in part, by any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program, and state the amount paid to You by each such entity or program.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning whether amounts were paid by other government

entities.  Subject to these objections and the foregoing General Objections, Montana

responds as follows:  Montana seeks recovery of funds paid by the Medicaid Program,

and said funds were contributed at the local, state and federal levels of government

pursuant to applicable statutes and regulations.  Montana refers Merck to the relevant law

governing the allocation of the shares contributed.  The Medicaid Program, however, is

vested with the legal responsibility and power to recover any Medicaid funds improperly

spent, including the federal, local and state share.


**Interrogatory Number 29:** Is the Government Health Program administered by, in whole or in part, any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program and state the amount You paid each such entity or program.


Attachment 7- Interrogatories- State of Montana

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs, prescription drugs and time periods that are

not relevant to this action, information about the operation of the Medicaid Program that

is unrelated to this action, including, *e.g.*, patient eligibility and participation by providers,

and information concerning payments to outside entities or programs.  Subject to these

objections and the foregoing General Objections, Montana responds as follows:  The

Medicaid Program is administered by the Montana Department of Public Health &

Human Services (DPHHS), which is the designated single state agency responsible for

administering the program.  During the relevant period, the Montana DPHHS entered into

contracts with various entities to perform various services related to the Medicaid

Program, including, *e.g.*, contracting with a fiscal agent, ACS, for the processing of

claims, among other services.


**Interrogatory Number 30:** Identify the amount of money You spent annually treating
gastrointestinal bleeds or perforated ulcers Relating to Beneficiaries who were prescribed
non- Cox-2 NSAIDs from January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the

disclosure of information that is not relevant to a claim or defense in this action,

including information concerning programs and time periods that are not relevant to this

action, and information on conditions that exist in the general population for reasons

other than NSAID use.  Subject to these objections and the foregoing General Objections,

Montana responds as follows:  Montana does not maintain its data in the form requested

and is not able to provide information as requested.

Attachment 7- Interrogatories- State of Montana

**Interrogatory Number 31:** Identify the amount of money You spent annually for Vioxx and each of the Relevant Drugs prescribed for Beneficiaries for each year since January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows: The State will produce a database of claim information relating to Vioxx prescriptions for Medicaid patients.

**Interrogatory Number 32:** Identify the total amount of money the Government Health Program spent annually on Vioxx prescriptions for each year since January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows:  *See* Response to Interrogatory No. 31.

**Interrogatory Number 33:** Identify the total amount of money the Government Health Program spent annually on Celebrex prescriptions for each year since January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, a prescription drug and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows: The State will produce a database of claim information relating to Celebrex prescriptions for Medicaid patients.

Attachment 7- Interrogatories- State of Montana

**Interrogatory Number 34:** Identify the amount of money the Government Health Program spent annually on the concomitant use of Proton Pump Inhibitors with the Relevant Drugs by Beneficiaries for each year since January 1, 1998 to the present.

**Response:**  Montana objects to this interrogatory on the ground that the term "concomitant use" is vague and undefined.  Montana further objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs, prescription drugs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows:  The State will produce a database of claim information relating to proton pump inhibitor prescriptions for Medicaid patients.

### Miscellaneous Interrogatories

**Interrogatory Number 35:** Do you now, or have You previously operated or participated in any joint programs, educational programs, or symposia, or entered into any agreements with any medical school, pharmacy school, medical association, medical organization, or medical specialty society Relating to decisions about Your Formulary? If Your response is anything other than an unequivocal "No," Identify all Persons with whom You have had Communications Relating to such joint programs and agreements.

**Response:**  Montana objects to this interrogatory to the extent that it calls for the disclosure of information that is not relevant to a claim or defense in this action, including information concerning programs and time periods that are not relevant to this action.  Subject to these objections and the foregoing General Objections, Montana responds as follows:  The State has produced documents relating to agreements relating to its formulary. The State contracts with Montana Pacific Quality Health to administer the DUR and P&T Committee.

**Interrogatory Number 36:** Identify all expert witnesses You intend to use at trial, Including their likely testimony.

**Response:**  Montana objects to this interrogatory on the ground that it is premature. Subject to this objection and the foregoing General Objections, Montana responds as follows:  Montana will identify expert witnesses they intend to use at trial and will provide their expert reports in accordance with the Court's scheduling Order or in compliance with the Orders of the Court.

Attachment 7- Interrogatories- State of Montana

**Interrogatory Number 37:** Identify all fact witnesses You intend to call at trial, Including their likely testimony.

**Response:** Montana objects to this interrogatory on the ground that it is premature and

calls for disclosure not provided for in the rules of court.  Subject to these objections and

the foregoing General Objections, Montana responds as follows:  Montana will identify

fact witnesses they intend to use at trial in accordance with the court's scheduling Order

or in compliance with other Orders of the Court.


**Interrogatory Number 38:** Have You put in place a legal hold to ensure the preservation of all relevant Documents and information Relating to Your lawsuit?  If so, Identify the date that hold was put in place.

**Response:**  Subject to the foregoing General Objections, Montana responds as follows:

The State continues to maintain and preserve all relevant documents to this litigation.


Respectfully submitted,

Date:  August 3, 2009

MICHAEL J. MILLER, ESQ.
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA  22960
(540) 672-4224

WILLIAM A. ROSSBACH, ESQ.
ROSSBACH HART BECHTOLD, PC
401 North Washington, Box 8988
Missoula, MT 59807
(406) 543-5156

*Attorneys for Plaintiff, The State of Montana*

30

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Responses and Objections to Defendant's First Set of Interrogatories was served on the following counsel of record by Federal Express on this August 5, 2009.

David J. Dickens

31