# HARE | WYNN
NEWELL & NEWTON

Since 1890

ALEX W. NEWTON
JOHN W. HALEY
D. LEON ASHFORD
SCOTT A. POWELL
JAMES R. PRATT, III
STEPHEN SHAY SAMPLES
BRUCE J. McKEE
MICHAEL D. ERMERT
DON McKENNA
MATTHEW C. MINNER*
JAMES R. MONCUS, III †
S. HUGHSTON NICHOLS
BRIAN M. VINES
ASHLEY REITZ PEINHARDT

*Of Counsel*

ALVA C. CAINE
RALPH D. COOK

* ALSO LICENSED IN KY
† ALSO LICENSED IN TN, MS & WV

May 29, 2013

<u>Via E-Mail</u>
Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street; Room C-456
New Orleans, Louisiana 70130

Re:   *In re: Vioxx MDL 1657*

Dear Judge Fallon,

Below, Alaska and Montana briefly outline their reasons why the briefing for Merck's Motion for Judgment on the Pleadings should be stayed until after the states' motions for remand are considered. Merck's motion is premature and consideration of it at this point would only distract from the substantial work being done to complete common discovery as soon as possible. Contrary to Merck's assertion, consideration of these motions would result in an inefficient use of resources for both this Court and the parties.

As an initial matter, this Court's scheduling order, PTO 39B, does not contemplate the consideration of dispositive motions before common discovery is complete and motions to remand are considered. Briefing and considering dispositive motions would shift substantial resources from completing the discovery contemplated by this Court to focusing on a premature dispositive motion.[1]

PTO 39B is, of course, consistent with the principle that this Court should first consider whether Merck improvidently removed these cases from state court before it considers any dispositive motions. As the Supreme Court has noted, "[w]hether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also, Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) ("[S]ubject matter jurisdiction and personal jurisdiction claims are 'threshold grounds for denying

---

[1] Given that Montana and Alaska's lawsuits were filed more than seven years ago, it is unlikely that Merck would be prejudiced by delaying consideration of its Motion for Judgment on the Pleadings until after remand. Having waited seven years to raise these issues, it is not clear why Merck now considers these issues ripe given that the parties are on the eve of the fact discovery cut-off and expert disclosures

Hare, Wynn, Newell & Newton, LLP
Birmingham | Little Rock | Lexington
2025 Third Avenue North, Suite 800, Birmingham, Alabama 35203
www.hwnn.com   Tel 205.328.5330   Fax 205.324.2165

Honorable Eldon E. Fallon
May 29, 2013
Page 2

---

audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." (citations omitted)). This is particularly important where, as here, Merck asserts federal jurisdiction over purely state-law claims brought by sovereign states. The Court's prior remand of Kentucky's action suggest remand is appropriate here as well.[2]

Mr. Beisner is correct that Merck's motion needs to be considered by "this Court or another court" before trial, but it is still not certain whether a federal or state court should be deciding the issue. Briefing and considering Merck's motions before consideration of remand simply puts the cart before the horse and imposes unwarranted burdens on this Court, Alaska, and Montana.

Beside the prematurity of these motions, without going into great detail, Merck's arguments on the merits misunderstands and mischaracterizes Montana and Alaska law. Neither the individualized proof rule precludes recovery nor are Alaska and Montana's claims moot for lack of seeking injunctive relief.

First, it is clear, under both the Montana and Alaska consumer protection statutes that there is no requirement that the Attorney General prove that any person actually relied on, and was in fact deceived, by Merck's deceptive practices. Thus individualized proof is irrelevant and immaterial. *See e.g., Kenai Chrysler Center, Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007); *Rohrer v. Knudson*, 203 P.3d 759, 763 (Mont. 2009) (noting that Montana's Act should be interpreted consistent with the FTC which does not require a showing of individual harm); *In re International Harvester Co.*, 104 F.T.C. 949, *85 (1984) (Under the FTC Act, when considering whether an act or practice is deceptive the court should "focus[] on risk of consumer harm, *and actual injury need not be shown*."). In addition, a recent First Circuit opinion suggests that individualized proof is not required to establish facts related to the marketing of pharmaceuticals. In *In re Neurontin Marketing and Sales Practices Litigation*, the court rejected substantially similar dispositive arguments by a drug company in a different context of off label marketing claims by Third Party Payers.[3] 712 F.3d 21, 45 (1st Cir. 2013).

Finally, Alaska and Montana both do, in fact, seek injunctive relief rendering Merck's other argument meritless. Expert discovery will disclose specific items that Alaska and Montana intend to seek injunctions on to curb Merck's ability to promote drugs in a false and misleading way in the future. Though Vioxx has long been pulled from the market, injunctive relief should extend to all of Merck's other products, prohibiting the same deceptive marketing practices as seen with Vioxx because Merck's conduct could certainly recur with respect to other drugs it is marketing.

For the above stated reasons, Alaska and Montana ask this Court to stay consideration of Merck's motions until after the Court considers the states' motions to remand.

Very truly yours,

*Scott A. Powell*

Scott A. Powell

---

[2] This is especially true where Merck relied solely on Federal Question jurisdiction for the removal of Alaska and Montana's claims. An issue Merck essentially conceded by relegating its response to a footnote in response to Kentucky's motion to remand

[3] In *In re Neurontin Marketing Sales Practices Litigation*, the plaintiffs relied on expert testimony to establish that the defendants' marketing of the product had caused an increase in off-label use. 712 F.3d at 45. Even if individualized proof were required to establish the level of penalties in an consumer protection action, the states expert testimony on that aspect of damages would not be required until after remand according to PTO39B.

Honorable Eldon E. Fallon
May 29, 2013
Page 3

---

SAP/agm

cc: John H. Beisner, Esquire
 Dawn Barrios, Esquire
 Russ Herman, Esquire
 Leonard Davis, Esquire
 Eric H. Weinberg, Esquire
 Mitch Jensen, Esquire
 Kenneth Lougee, Esquire
 David Stallard, Esquire
 Clyde E. Sniffin, Jr., Esquire
 James E. Fosler, Esquire
 Matthew C. Minner, Esquire
 Don McKenna, Esquire
 Brian M. Vines, Esquire
 Kelley L. Hubbard, Esquire
 William A. Rossbach, Esquire
 Sheila Bossier, Esquire
 Shane Langston, Esquire
 John H. Beisner, Esquire
 Dorothy H. Wimberly, Esquire