UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-MD-01657
MDL Docket No. 1657

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | *<br>*   SECTION "L"<br>*<br>*   JUDGE FALLON<br>*<br>*   MAGISTRATE JUDGE KNOWLES<br>*<br>* |

**INTERESTED PARTY JAMES RATLIFF'S REPLY
IN SUPPORT OF MOTION TO STAY PENDING APPEAL**

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and through counsel, and as an individual and representative of a previously certified class, provides this Reply in further support of his Motion To Stay Pending Appeal ("Motion to Stay") [DE 64576] and respectfully states as follows:

## INTRODUCTION

The settlement proposed in this matter seeks to settle the claims of an entire nation of consumers for a fraction of the amount Merck previously paid to settle the claims of consumers in a single state. The Proposed Settlement is facially insufficient, in that it presents a reducing fund that – contrary to Merck's assertions – is not likely to provide <u>any</u> consumer with full recovery for out-of-pocket expenses spent on a drug with deadly undisclosed side effects.[1] Class

---

[1] Merck states, at p. 8 of its Response, that "Kentucky consumers will be able to recover the full value of their purchase upon presenting proof of the purchase without going to trial or waiting for years for judicial rulings in state courts." [DE 64596]. This statement is false. A common fund capped at $23 million inclusive of attorneys' fees and costs is insufficient to cover the claims of consumers subject to the Proposed Settlement. After attorneys' fees of $7,360,000 and notice and administrative fees, which are believed ultimately will exceed $5.0 million, are subtracted from the common fund, little more than $10 million is left to cover the class members' claims. Although the parties have not presented the Court with any figures regarding the number of possible class members, in Kentucky alone, more than 200,000 consumers purchased Vioxx during the Relevant Time Period. If one extrapolates this number to the other

Counsel and Merck argue that the settlement is nonetheless fair because the consumer class members are not otherwise likely to prevail upon their claims as a class and are not entitled to substantial damages in the event of success on the merits. History belies these assertions, however. As demonstrated by the success of the Missouri consumer class, consumers in states whose consumer protection statutes do not require of proof of the element of reliance have a much higher likelihood of success with respect to their claims on a class-wide basis than consumers in states whose statutes require proof of this element. There are at least twenty-three such states, and Kentucky is one of them. In fact, the history of the Kentucky litigation further demonstrates the stronger likelihood of success in the non-reliance states – the claims of the Kentucky consumers, which include claims under the Kentucky Consumer Protection Act and claims for fraud, were certified as a class[2] <u>and</u> survived summary judgment. Given these basic facts, which cannot be disputed, it quickly becomes clear that Ratliff's concerns regarding the sufficiency and fairness of a settlement proposal that treats consumers with widely varying chances of success in a uniform manner are valid not only with respect to his claims, but also with respect to the claims of class members in roughly half of the states encompassed by the Proposed Settlement.[3]

Although Merck and Class Counsel undoubtedly wish that Ratliff would simply shut up and go away, what they continually ignore in their complaints to the Court regarding Ratliff's objections is that Ratliff has a right to voice his concerns and object to the Proposed Settlement.

---

48 states that will be included within the settlement class, the class may cover up to 9,600,000 consumers. This scenario would result in a recovery by each consumer of slightly more than a dollar.

[2] As this Court is well aware, the question of whether the class was properly certified by the Trial Court is not final, and remains pending before the Kentucky Supreme Court.

[3] There are also questions regarding the fairness of treating the claims of plaintiffs such as Ratliff who have legitimate claims for fraud under various state laws uniformly. These claims carry with them the potential for awards of punitive damages against Merck. State law varies regarding the treatment of fraud claims on a class-wide basis.

Ratliff's concerns are valid with respect to a large portion of the class member claims included in the Proposed Settlement. Courts consistently recognize that objectors are the only means by which a Proposed Settlement is subjected to any adversarial review – at the settlement stage the interests of class counsel and counsel for a defendant become aligned for the purposes of promoting the settlement. In seeking to protect his rights, the rights of similarly situated Kentucky consumers, and the rights of the consumers in more than twenty other states with similarly worded consumer protection statutes, Ratliff has not engaged in any improper conduct.

Merck's brief in opposition to Ratliff's Motion to Stay argues that this Court must deny Ratliff's request because Ratliff's appeal is not likely to succeed. Along these lines, Merck has filed a Motion to Dismiss Ratliff's Appeal with the Fifth Circuit making many of the same arguments now presented to this Court. Merck's argument ignores well-established Fifth Circuit law concerning the appealability of denials of motions to intervene as a matter of right. As set forth in detail, infra, Ratliff has a right to appeal this Court's denial of his Motion to Intervene, and has sought expedited review of the appeal to minimize the impact of the delay occasioned by the appeal and any corresponding stay of these proceedings granted by this Court. Ratliff has established the elements for intervention as a matter of right under Rule 24, and this Court's conclusion that his rights can be adequately protected by the ability to object under Rule 23 is in error.

In arguing that Ratliff's appeal is not likely to succeed, Merck neglects to note that intervention by absent class members for the purpose of objecting to a proposed settlement and conducting discovery regarding the same has historically been the only means by which an absent class member could protect the full extent of his or her rights with respect to the proposed settlement – including a right of appeal. While the Supreme Court's 2002 decision in Devlin v.

Scardelletti, 536 U.S. 1 (2002), held that formal intervention is no longer required in order to perfect a right of appeal, that opinion does not stand for the proposition that intervention by an objecting class member prior to final approval of a proposed settlement is no longer proper. In fact, where, as here, a class member is seeking discovery with respect to the proposed settlement for the purpose of testing its fairness, and where the interests of the absent class member diverge significantly from those of the proposed settlement class, intervention and the corresponding right to discovery is entirely appropriate and warranted.

Ratliff has previously argued to this Court that in the absence of intervention, Ratliff will lose his right to meaningfully object to the Proposed Settlement. Likewise, in the absence of a stay of these proceedings pending the resolution of Ratliff's appeal, Ratliff will lose his right to meaningfully object because the deadline for presenting objections is likely to pass before the Fifth Circuit resolves the question of whether Ratliff is entitled to intervene. Ratliff has requested an expedited review of his appeal, which Merck has represented it will not oppose in the event that the appeal is not dismissed. It is therefore likely that the appeal will be resolved before the end of the year. The stay requested by Ratliff is not therefore significant or likely to cause prejudice to any party. Finally, there can be no question that the public interest is furthered by staying these proceedings to ensure that there are no errors of law made with respect to the rights of the unnamed class members and that the fairness of the Proposed Settlement is thoroughly vetted. For these and the following reasons, Ratliff respectfully requests that proceedings before this Court with respect to the Proposed Settlement of the consumer claims be stayed pending resolution of the appeal of the denial of Ratliff's Motion seeking intervention.

**ARGUMENT**

I. **RATLIFF HAS A SUBSTANTIAL CASE ON THE MERITS OF HIS APPEAL.**

This Court has authority to stay its Preliminary Approval Order pending the resolution of the appeal filed by Ratliff. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). The parties are not in disagreement about the factors to be considered in ruling on such a request. Merck has failed to recognize, however, that a movant "need only present a substantial case on the merits . . . and show that the balance of equities weighs heavily in favor of granting the stay." United States v. Baylor Univ. Med. Ctr., 711 F.2d 38, 39 (5th Cir. 1983). While Ratliff believes there is a substantial likelihood he will prevail on the merits of his appeal, the Fifth Circuit requires only a demonstration that there is a serious legal question and that the movant has presented a substantial case on the merits. Id at 39. That standard is satisfied here. The Fifth Circuit has jurisdiction over Ratliff's appeal, the rules relating to intervention as a matter of right are liberally construed for the benefit of the proposed intervenors, and any doubts are resolved in their favor. See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993).

A. **The Denial Of Ratliff's Motion To Intervene As Of Right Is Appealable.**

Regarding the general appealability of orders denying intervention, the Fifth Circuit follows the "anomalous rule" which grants provisional jurisdiction to the Court of Appeals to determine whether a District Court erroneously denied intervention as a matter of right under Fed. R. Civ. P. 24(a) or abused its discretion in denying an application for permissive intervention under Rule 24(b). See Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977). Specifically with respect to orders denying intervention of right under Rule 24(a), the

Fifth Circuit has further clarified its position in Sierra Club v. City of San Antonio, 115 F.3d 311 (5th Cir. 1997) ("We have recognized previously that an order denying intervention of right under Rule 24(a) is appealable as a collateral order."), and has confirmed the appealability of such orders without qualification in Edwards v. City of Houston, 78 F.3d 983, 992 (5th Cir. 1996) ("The denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291."). See also Piambino v. Bailey, 610 F.2d 1306, 1320 (5th Cir. 1980) ("It is well settled that one who sought intervention of right may appeal from an order denying his application and that an appellate court will reverse if it concludes that he was entitled to intervene of right.").

Based on the foregoing authorities, it is clear that in the Fifth Circuit, this Court's denial of a Motion to Intervene under Rule 24(a) is, by definition, an appealable final order and that the Fifth Circuit has jurisdiction over Ratliff's appeal. See Edwards, supra at 992 (stating, without qualification, that the denial of a Motion to Intervene of right is an appealable final order); Woolen v. Surtran Taxicabs, 684 F.2d 324, 330 (5th Cir. 1982) ("The law of this Circuit is clear that denial of a motion to intervene of right under Rule 24(a) is appealable.").

### B. This Court Improperly Found That Rule 23 Precludes Ratliff's Intervention.

Ratliff's Memorandum in Support of Motion To Stay [DE 64576], which is incorporated fully herein, sets forth in detail the grounds for Ratliff's assertion that the element of likelihood of success on the merits of his appeal is satisfied. Further, and as the Fifth Circuit previously held in Woolen, supra, a class member is not limited to protecting his rights through the procedural mechanisms afforded by Rule 23. A class member who claims that his or her interests are not adequately represented by the existing class should not be ". . . put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he

6

Case 2:05-md-01657-EEF-DEK   Document 64618   Filed 09/27/13   Page 7 of 12

should, as a general rule, be <u>entitled</u> <u>to</u> <u>intervene</u> <u>in</u> <u>the</u> <u>action</u>." <u>Id.</u>, 684 F.2d at 331 (emphasis added).  <u>See</u> <u>also</u> <u>Edwards v. City of Houston</u>, <u>supra</u>, 78 F.3d at 998 (stating that ". . . nonparties seeking to intervene . . . are not precluded from doing so because they were afforded notice of their right to object to [a] decree and the opportunity to do so at a fairness hearing . . .").

Merck's Response to the instant Motion focuses to a large degree on the merits of Ratliff's request for intervention – merits which this Court never addressed, but which were argued in detail by Ratliff's Motion to Intervene.  [DE 64520].[4]  For instance, Merck argues that Ratliff is not required to intervene to obtain discovery with respect to the fairness of the Proposed Settlement.  Of course, if Ratliff sought discovery without first seeking intervention, Merck's argument would likely be the exact opposite.  The simple fact is that intervention for this purpose is a normal procedural mechanism employed by objectors in the process of vetting the fairness and sufficiency of a Proposed Settlement.  Further, and contrary to Merck's assertions, Ratliff has provided the Court with at least two arguments questioning the fairness of the Proposed Settlement that have nothing to do with Ratliff's corresponding argument that the Kentucky Class should be excluded from the Proposed Settlement Class.  Specifically, Ratliff

---

[4]  Ratliff incorporates these arguments as if set forth fully herein, and will not set them forth in detail in this Reply, as Ratliff is restricted to ten pages.  It should be specifically noted, however, that the strong likelihood of success with respect to the claims of consumers in Kentucky and other states in which proof of the element of reliance is not required and in which consumers can bring claims of fraud on a class-wide basis is sufficient to establish that the interests of these consumers are at odd with those of consumers in states where the likelihood of success is not as high or where punitive damages awards are not available.  As such, the interests of Ratliff and similarly situated consumers are most certainly not adequately represented by Class Counsel, who refuse to recognize these differences and are pushing for approval of a Proposed Settlement that will result in a <u>de</u> <u>minimus</u> award in satisfaction of these claims.  Evidence of collusion between the Class Counsel and counsel for Defendant Merck is simply not required to establish Ratliff's entitlement to intervene.  It is undisputed that Ratliff and the Kentucky Class have a direct interest in the fund established by the Proposed Settlement.  These rights are substantial and satisfy the second and third prongs of the Rule 24 analysis.  <u>See, e.g.</u>, <u>Shaunfield v. Citicorp Diners Club, Inc.</u>, 2005 U.S. Dist. LEXIS 11244, *16 (N.D. Tex. 2005) (holding that "when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit."); <u>Lelsz v. Kavanagh</u>, 710 F.2d 1040, 1043-44 (5th Cir.1983) ("Intervention is a means whereby class members can monitor the representation of their rights.").

has argued that the Proposed Settlement is unfair and should not be approved because it treats the claims of class members uniformly despite vast differences in controlling law, and that it is facially insufficient to compensate the class members for their demonstrable damages. Ratliff has further alleged that Class Counsel failed in their duties to protect the interests of the <u>entire</u> class by refusing to consider the substantial chance of success on the merits of the claims of Ratliff and the Kentucky Class in negotiating the settlement with Merck and in refusing to demand that the Kentucky Class be excluded from the Proposed Settlement on those grounds. Ratliff submits that these factors suffice to present a "colorable claim that the settlement should not be approved" that would entitle Ratliff to limited and carefully tailored discovery. <u>UAW v. Gen. Motors Corp.</u>, 497 F.3d 615, 635 (6th Cir. 2007).

Ratliff has sought intervention in this proceeding for the purposes of obtaining limited discovery regarding the fairness of the Proposed Settlement, including details regarding the negotiation of the Proposed Settlement, and information in sealed portions of the record that may be relevant to evaluating the likelihood of the success of the class claims included in the settlement. Further Ratliff will seek to obtain basic information regarding the manner in which the Settlement Funds will be spent, including the exact costs of the Notice Plan and the Settlement Administration, and the estimated number of Class Plaintiffs- all information that has not been disclosed to the Court but that is essential in order to evaluate the sufficiency and fairness of the Proposed Settlement.

## II. ABSENT ISSUANCE OF A STAY, RATLIFF WILL BE IRREPARABLY INJURED.

Here, the irreparable harm Ratliff will suffer in the event that the opt-out and Fairness Hearing dates set forth in the Preliminary Approval Order are not stayed pending Ratliff's appeal of the denial of his Motion to Intervene is obvious. If the Order is not stayed, Ratliff will


effectively lose the ability to intervene even if he is successful on appeal. The Fairness Hearing is scheduled for December 13, 2013. Ratliff has sought intervention for the purpose of obtaining discovery and access to the entire record of this matter so that he might formulate and articulate well-informed objections to the Proposed Settlement. This discovery and fact gathering must take place well in advance of the Fairness Hearing. Even assuming Ratliff's request for expedited appeal is granted, the appeal of this Court's denial of his Motion to Intervene may not be decided by the Fifth Circuit prior to the Fairness Hearing. Merck does not dispute these simple facts in its Response, but rather reiterates its argument against intervention, arguing that Ratliff's rights will be adequately protected by his right to object and to appeal any final approval of the Proposed Settlement. As set forth in detail, infra, as well as in Ratliff's Motion to Stay [DE 64576] and Motion to Intervene [DE 64520], Ratliff's rights are not adequately protected by these procedural mechanisms, and the harm Ratliff will suffer in the event approval of the settlement proceeds and is finalized while Ratliff's appeal is pending is irreparable.

### III. DELAY RESULTING FROM A STAY WILL CAUSE NO HARM TO THE PARTIES.

Postponing the Notice and opt out dates and the date set for the Fairness Hearing by the Preliminary Approval Order until Ratliff's (presumably expedited) appeal of the Court's denial of the Motion to Intervene will not harm the parties to the action because the delay occasioned by the stay will be fairly minimal given the long history of this action and the parties' negotiations. Merck argues that delay of any amount will "substantially" injure Merck and the Proposed Class, but does not provide the Court with any evidence demonstrating how the parties will be damaged by the delay. Because there is no concrete basis for finding that damage to the parties will arise as a result of the requested stay, then it becomes clear that the stay requested to

permit sufficient discovery regarding the fairness of the Proposed Settlement serves a public interest that is strong enough to outweigh any minimal harm to the parties.

### IV.  THE PUBLIC INTEREST FAVORS GRANTING A STAY.

In arguing that the public interest does not favor granting the requested stay, Merck again points to the delay that will be occasioned by granting the requested relief.  What Merck does not, and cannot argue, however, is that granting a stay that permits meaningful analysis of the fairness of the Proposed Settlement to occur is against the public interest.  Moving forward with a Fairness Hearing before Ratliff is able to obtain a final determination regarding whether he is entitled to intervene for the purpose of obtaining discovery regarding the settlement and lodging an Objection would in fact <u>impair</u> the public's interest in a full and fair hearing on the adequacy of the Proposed Settlement.  <u>Girsh v. Jepson</u>, 521 F.2d 153, 157 (3d Cir. 1975) (reversing final approval entered by the District Court in part on the grounds that Objectors had not been given an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement).

### CONCLUSION

Based on the foregoing, Ratliff, on behalf of himself and the Kentucky class, meets all of the requirements for a stay of the Court's Preliminary Approval Order pending appeal of the Court's denial of his Motion to Intervene.  Ratliff therefore respectfully requests that the Court grant the instant Motion, and suspend the dates relating to the opt-out deadline and the Fairness Hearing as set forth in the Preliminary Approval Order pending resolution of Ratliff's appeal to the Fifth Circuit.

Respectfully submitted,

 /s/ Richard A. Getty
RICHARD A. GETTY
        and
JESSICA K. CASE

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909

COUNSEL FOR JAMES RATLIFF,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing Interested Party James Ratliff's Reply In Support Of Motion To Stay Pending Appeal has been served upon all parties by e-mailing and mailing same, postage prepaid, to the individuals listed below, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 27th day of September, 2013.

Russ M. Herman, Esq. (Bar No. 6819)
      and
Leonard A. Davis, Esq. (Bar No. 14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana  70113
E-Mail:  rherman@hhklawfirm.com
E-Mail:  ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel

Phillip A. Wittmann, Esq. (Bar No. 13625)
      and
Dorothy H. Wimberly, Esq. (Bar No. 18509)
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
E-Mail:  pwittmann@stonepigman.com
E-Mail:  dwimberly@stonepigman.com
Defendants' Liaison Counsel

Ann B. Oldfather, Esq. (KY Bar No. 52553)
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky  40208
E-Mail:  aoldfather@oldfather.com
Liaison And Lead Counsel For Ineligible
Or Non-Enrolled Cases And Certain
Other Remaining PI Claims

John H. Beisner, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
E-Mail:  John.Beisner@skadden.com
Counsel for Merck & Co., Inc.

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
E-Mail:  barrios@bkc-law.com
Government Action Liaison Counsel

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
E-Mail:  ecabraser@lchb.com
Co-Lead Class Settlement Counsel

                                       /s/ Richard A. Getty
                                       COUNSEL FOR JAMES RATLIFF, ET AL.

jkcpld0755