## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: VIOXX PRODUCTS** | MDL No. 1657 |
| **LIABILITY LITIGATION** | Section: L |
| **This document applies to:** | |
| *Poole v. Eichholz Law Firm, P.C., et al.* | Judge Eldon E. Fallon |
| *E.D. La., Case No. 2:11-cv-1546* | Mag. Judge Knowles |

### DEFENDANT THE EICHHOLZ LAW FIRM, P.C.'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT

COMES NOW The Eichholz Law Firm, P.C. ("TELF"), Defendant in the above-captioned case, and files this Motion for Reconsideration with respect to the Court's Order and Reasons entered on September 18, 2013 [Doc. 64601] ("Fee Order") with respect to Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Costs, and Incentive Payment [Doc. 64531] ("Fee Motion").

### Introduction/Procedural Background

On August 27, 2013, this Court entered its Order and Reasons [Doc. 64561] ("Class Settlement Approval Order") granting the parties' Joint Motion for Final Approval of Class Settlement [Doc. 64529]. On August 6, 2013, in conjunction with the filing of that Joint Motion, Class Counsel had separately filed the Fee Motion, requesting an award of fees and expenses <u>exceeding the maximum amount as agreed to by the Parties (including Class Counsel) in the Class Settlement Agreement as approved and adopted by the Court</u>.

On August 15, 2013, TELF timely filed an objection to the Fee Motion with Lexis File and Serve (a stamped copy of which is attached as Exhibit A and incorporated herein

by reference) ("TELF Fee Objection") objecting to the attempt by Class Counsel to belatedly and unilaterally increase the amount of the their own award in contravention of the Parties' Agreement.[1]   Thus, the objection was filed of record in the Lexis filing system and served on all parties. Apparently due to an administrative oversight, however, the TELF Fee Objection was not filed with the Clerk of the Court and therefore was not before the Court for its consideration.

The Court conducted a telephonic hearing on the Fee Motion on September 3, 2013 and issued the Fee Order on September 18, 2013.  In that Fee Order, the Court not only awarded certain of the expense reimbursements to Class Counsel exceeding the one-third cap in the Settlement Agreement, but also purported to unilaterally alter the amount of the settlement payments to the Class Claimants by ordering that such Claimants receive up to 100% of the charges they paid to PLF, rather than the 75% agreed to by the parties in the Settlement Agreement (and adopted by the Court in the Class Settlement Approval Order).  Thus, not only does the Fee Order change substantive terms of the parties' Settlement Agreement in two respects, but it is inconsistent with the Court's own prior Order.

As noted, given the administrative oversight, the Court was without the benefit of TELF's Fee Objection when it ruled on the Fee Motion.  This fact only came to the

---

[1] As set forth in detail in TELF Fee Objection, TELF did not (and does not now) object to an award of fees and expenses as agreed to by the Parties.  Specifically, the Parties negotiated and agreed that the award for fees and expenses would not exceed one-third of the Settlement Fund of $95,000.00, or $31,666.67. (Settlement Agreement ("Sett. Agr."), ¶ 13.2.) Accordingly, TELF does not object to an award of fees and expenses up to $31,666.67.

undersigned counsel's attention subsequent to the entry of the Fee Order.  Thus, TELF now moves the Court to reconsider its Fee Order for the reasons set forth in the TELF Fee Objection, as well as for the reasons stated herein.

## ARGUMENT

## This Court Lacks Authority to Alter the Parties' Class Settlement Agreement

As set forth in more detail in the TELF Fee Objection, this Court is without authority to modify the terms of the parties' Class Settlement Agreement.  Rather, the Court can merely approve or disapprove the Settlement Agreement as submitted to the Court.

Pursuant to Rule 23(e), this Court must review and approve the proposed Class Settlement. Fed.R.Civ.P. 23(e). The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement.   Manual for Complex Litigation, Fourth, § 21.6, p. 309 (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety.")); accord Evans v. Jeff D., 475 U.S. 717, 726 (1986) (under Rule 23(e), court has authority to approve or reject settlement, but cannot impose a settlement on unwilling parties); Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 630 (9th Cir. 1982) (a court is not "empowered to rewrite the settlement agreed upon by the parties" or to "delete, modify, or substitute certain provisions of the consent decree").

The Fifth Circuit has stated:

> Typically, class action settlements are reached by the parties, who draft a consent decree which is submitted to the trial judge for approval. The court's role is generally limited to mediating disputes and offering suggestions. Indeed, we have recently stated that <u>while the court in reviewing a settlement may make suggestions for modifications of the proposed decree, it may not unilaterally change the decree. Approval of the parties' settlement must be either given or withheld.</u>

<u>Pettway v. American Cast Iron Pipe Co.</u>, 576 F.2d 1157, 1172 (5th Cir. 1978) (emphasis added) (citing <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1331 (5th Cir. 1977) ("We must consider the effect of the settlement as a whole. We are not free to delete, modify or substitute certain provisions of the settlement. The settlement must stand or fall as a whole.") and <u>Flinn v. FMC Corp.</u>, 528 F.2d 1169, 1173-74 (4th Cir. 1975)).

Based on this authority, this Court had no authority to unilaterally alter the terms of the parties' Settlement Agreement, which it approved and adopted by virtue of the Class Settlement Approval Order entered on August 27, 2013.  Nevertheless, the Court's Fee Order purports to alter the parties' Settlement Agreement both with respect to the one-third fee and expense cap and the amount of the settlement claims to be paid to the Class Claimants.

The terms of the Settlement Agreement on these two issues were both central, negotiated points integral to TELF's decision to enter the Settlement Agreement.  With respect to the total amount to be paid to the Class Members, the parties expressly negotiated and agreed to a repayment of 75% of the PLF fees/interest/charges paid by them.  This percentage reflected TELF's assessment that it had meritorious defenses

(both factually and legally) to Plaintiff's claims and that such fees and charges had been paid to PLF for a legitimate benefit in return. The Court, however, now seeks to unilaterally impose upon the Defendants an obligation to pay up to 100% of such fees and charges to the Class Claimants.

It is important to note that, under the terms of the Fee Order, the cy pres award to the selected charities would be reduced to zero (0). That is, the entire Settlement Fund would be exhausted after payment of the attorney fees, expense reimbursements and the payment of the claims of the 17 Class Claimants. Indeed, there would not be sufficient funds available to repay the 17 Claimants 100% of the PLF charges. Thus, the cy pres provision -- specifically negotiated and agreed to by the parties -- would effectively be deleted from the Settlement Agreement.

By its Fee Order, the Court has substituted its own settlement terms for those of the Parties. While the Court had the right and opportunity to comment upon, and even make recommendations for modifications to, the Settlement Agreement prior to adopting it by its Class Settlement Approval Order, it did not elect to do so. The parties' Class Settlement became the Final Order of this Court on August 27, 2013, including the one-third cap and the 75% reimbursement rate. The Court cannot now make alterations to that negotiated Settlement Agreement and its own Order, as it has done by the Fee Order.

## Conclusion

For the foregoing reasons and those set forth in the TELF Fee Objection, TELF respectfully requests that the Court reconsider and vacate its Fee Order and enter an Order consistent with the parties' Settlement Agreement and the Class Settlement

Approval Order.  Specifically, TELF respectfully requests that the Court enter an Order (1) awarding an amount of fees and expenses to Class Counsel not to exceed one-third of the Settlement Fund ($31,666.67) and (2) confirming that the amount of the payments to the 17 class claimants will be at the agreed 75% rate.

Respectfully submitted this 2nd day of October, 2013.

MCCONNELL & SNEED, LLC


/s/Joseph Coomes
Joseph Coomes
Georgia Bar No. 184999
*Counsel for Defendant The Eichholz Law Firm, P.C.*

990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
T: (404) 220-9994
F: (404) 665-3476
Email: ajc@mcconnellsneed.com

6

## CERTIFICATION OF SERVICE

I hereby certify that the above and foregoing **The Eichholz Law Firm, P.C.'S Motion for Reconsideration and Brief in Support** has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

This 2nd day of October, 2013.

s/ Joseph Coomes
Joseph Coomes
Georgia Bar No. 184999
*Counsel for Defendant The Eichholz Law Firm, P.C.*

McConnell & Sneed, LLC
990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3476
Email: ajc@mcconnellsneed.com