UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS<br>LIABILITY LITIGATION<br>**This document applies to:**<br>*Poole v. Eichholz Law Firm, P.C., et al.*<br>*E.D. La., Case No. 2:11-cv-1546* | MDL No. 1657<br>Section: L<br><br>Judge Eldon E. Fallon<br>Mag. Judge Knowles |

**THE EICHHOLZ LAW FIRM, P.C.'S OBJECTION TO MOTION OF CLASS COUNSEL FOR AWARD OF FEES AND REIMBURSEMENT OF EXPENSES**

COMES NOW The Eichholz Law Firm, P.C. ("TELF"), Defendant in the above-captioned case, and hereby files this objection to the motion of Mark A. Tate, C. Dorian Britt and Tate Law Group, LLC ("Class Counsel") for an award of fees and reimbursement of expenses as Settlement Class Counsel.

### Introduction

Currently pending before this Court is the Parties' Joint Motion for Final Approval of Class Settlement. In conjunction with that Joint Motion, Class Counsel has requested an award of fees and expenses in the amount of $43,867.43, <u>exceeding the maximum amount of $31,666.67 as agreed to by the Parties (including Class Counsel) in the Class Settlement Agreement</u>. TELF objects to this attempt by Class Counsel to belatedly and unilaterally increase the amount of the their own award in contravention of the Parties' Agreement.

To be clear, TELF <u>does not object</u> to an award of fees and expenses as agreed to by the Parties. Specifically, the Parties agreed that the award for fees and expenses

1

would not exceed one-third of the Settlement Fund of $95,000.00, or $31,666.67. (Settlement Agreement ("Sett. Agr."), ¶ 13.2.) Accordingly, TELF does not object to an award of fees and expenses up to $31,666.67.

All Parties, including Plaintiff and Class Counsel, agreed to this one-third cap as a total award for fees and expenses. Further, the Parties specifically negotiated and agreed that any excess amounts remaining in the Settlement Fund would be paid equally to three charities. (Sett. Agr., ¶ 11.5.) Moreover, the Notice that was sent to the Class explaining the terms of the Settlement disclosed the one-third cap on fees and expenses. Only now, after the Agreement was reached, after Notice was sent to the Class and after the expiration of the Class Claim period, has Class Counsel sought to exceed the agreed cap and thereby reduce the amount to be paid to the agreed charities.

This Court, however, is without authority to modify the terms of the Settlement Agreement as Class Counsel now requests. Rather, the Court can merely approve or disapprove the Settlement Agreement as submitted to the Court. TELF objects to the requested increase in fees and expenses and respectfully requests that the Court, pursuant to the clear terms of the Parties' Settlement Agreement, award an amount of fees and expenses to Class Counsel not to exceed one-third of the Settlement Fund and to deny the motion of Class Counsel to the extent it requests any additional sums.

## Relevant Procedural History

After lengthy litigation and significant negotiation, the Parties agreed upon the

terms of a proposed Class Action Settlement.[1] Under the terms of the Settlement Agreement, the Defendants will establish a Settlement Fund for the benefit of the Class in the total amount of $95,000. (Sett. Agr., ¶¶ 1.18; 2.1.) The Settlement Fund will provide refunds for Class Members who timely submitted claims in the amount of 75% of the fees/interest/charges paid by such claimants to Pacific Legal Funding ("PLF") for the advances at issue in this case. (Sett. Agr., ¶ 2.3(ii).)

The Settlement Agreement also specifically addressed the award of fees and expenses to Class Counsel:

> Settlement Class Counsel may submit an application to the Court for distributions from the Settlement Fund, and Defendants shall not oppose or object to Settlement Class Counsel's application for an award of attorneys' fees and the reimbursement of reasonable expenses incurred in connection with prosecuting the Action, <u>such award not to exceed one-third of the Settlement Amount (the "Fee and Expense Award")</u>. Other than any award to Settlement Class Counsel as describe above, Defendants shall not have any responsibility for the payment of any other attorneys' fees or expenses, including to the Plaintiff's Steering Committee in this Vioxx Product Liability MDL.

(Sett. Agr., ¶ 13.2 (emphasis added).) By this unambiguous language, the Parties agreed to cap the Fee and Expense Award at one-third of the Settlement Fund of $95,000.00, which equals a cap of $31,666.67.

In addition, the Parties specifically contemplated and agreed that any portion of the Settlement Fund remaining after the payment of Plaintiff's incentive award, all Class claims and the Fee and Expense Award would be given equally to three specified

---

[1] A fully executed copy of the Settlement Agreement was filed with this Court on March 26, 2013, in conjunction with the Parties' motion for preliminary approval of that Settlement.

charities. (Sett. Agr., ¶ 11.5.)

On March 26, the Parties submitted the Settlement Agreement to the Court for preliminary approval. By Order dated May 17, 2013, this Court granted preliminary approval of the proposed Settlement, conditionally certifying the Settlement Class, ordering notice to potential Class Members, and providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed Settlement. The Court also approved the procedure for giving notice and the forms of notice, and set a final Fairness Hearing to take place on August 27, 2013. (Prelim. Approv. Order, May 17, 2013, ECF No. 64411).

Pursuant to the Preliminary Approval Order, counsel for TELF arranged to provide copies of the approved Class Notice to the 25 potential members of the class in this case. (Coomes Decl.,[2] ¶ 3.) The approved Class Notice specifically advised the potential Class Members of the one-third cap for the fee and expense award to Settlement Class Counsel, as follows:

> At a later date, Class Counsel will ask the Court for attorneys' fees and the reimbursement of expenses for their work in the Action, <u>such amount not to exceed one-third of the $95,000 Settlement Fund. Any payment to the attorneys will be subject to Court approval and the Court may award less than the requested amount</u>. The fees, costs, expenses and awards that the Court orders will come out of the Settlement Fund.

(Class Notice,[3] ¶ 16 (emphasis added).) Thus, while the Notice advised the Class

---

[2] The Declaration of Joseph Coomes has been filed with this Court as Exhibit B to the Parties' Joint Motion for Final Approval of Class Settlement.

[3] A true and correct copy of the Class Notice as mailed to each potential Class Member is

4

Members that the Court might award a <u>lesser</u> amount than one-third of the Settlement Fund, it clearly advised the Class Members that <u>no greater amount</u> would be awarded.

Consistent with the Court's Preliminary Approval Order, the Class Notice specified the deadline of July 22, 2013 (60 days after the mailing of Notice) for any potential class member to submit a claim, assert an objection to the class settlement, or submit a request to opt out of the settlement. (Coomes Decl., ¶ 5.) Subsequent to the Class Notice being sent, 17 of the 25 members of the proposed class timely submitted claim forms to TELF's counsel or to Class Counsel.[4] No potential Class Member opted out of the Class or filed an objection. (Coomes Decl., ¶ 7.)

If the Class Settlement is approved, the total amount to be paid to the 17 claimants (constituting 75% of the PLF fees/interest/charges paid by them) is $45,354.35. Plaintiff has also requested an incentive award for her serving as the Class Representative in the amount of $1,000.00. If the Court awards the maximum agreed one-third Fee and Expense Award to Settlement Class Counsel ($31,666.67), there would be balance of $16,978.98 in the Settlement Fund which, pursuant to the Settlement Agreement is to be equally divided among three specified charities. (Sett. Agr., ¶ 11.5.) Thus, under the terms of the Settlement Agreement, a total of $46,354.35 (48.8%) of the Settlement Fund would be paid out to the benefit of the Class Members, a maximum of $31,666.67 (33.3%) would be paid to Settlement Class Counsel and a minimum of $16,978.98

---

attached to the Coomes Declaration as Exhibit B.

[4] A list of the 17 Class Members who filed claims is attached to the Coomes Declaration as Exhibit C.

5

(17.9%) would be paid to the selected charities.

Despite having agreed to the terms of the Settlement Agreement and the one-third cap, Class Counsel has now requested, directly contrary to the Settlement Agreement and Class Notice, that the Court ignore the agreed one-third cap and increase the Fee and Expense award, such that they receive one-third of the Fund for just for fees, <u>with an additional award of $12,201.08</u> for expenses, for a total of $43,867.43. The requested increase, if allowed, would effect a dollar-for-dollar reduction of the amount of funds given to charity in the total amount of $12,201.08. Thus, per Class Counsel's request, <u>its own award would increase to 46.2% of the Settlement Fund</u>, nearly equaling the 48.8% to be paid to the Settlement Class Members, and the portion paid to charity would be reduced to $4,777.90, a mere 5% of the Settlement Fund.

As set forth below, however, this Court may not alter the agreed Fee and Expense Award as Plaintiff now requests.

## **Argument**

Pursuant to Rule 23(e), this Court must review and approve the proposed Class Settlement in this case. Fed.R.Civ.P. 23(e). The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement. Manual for Complex Litigation, Fourth, § 21.6, p. 309 (citing <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety.")); <u>accord</u> <u>Evans v. Jeff D.</u>, 475 U.S. 717, 726 (1986) (under Rule 23(e), court has authority to approve or reject settlement, but cannot impose a settlement on unwilling parties); <u>Officers for Justice v.</u>

6

Civil Serv. Comm'n, 688 F.2d 615, 630 (9th Cir. 1982) (a court is not "empowered to rewrite the settlement agreed upon by the parties" or to "delete, modify, or substitute certain provisions of the consent decree").

More specifically, The Manual for Complex Litigation addresses the Court's consideration of the parties' agreement regarding an award of fees and expenses:

> The court's settlement review should include provisions for the payment of class counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. . . . . If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees and expenses, both amounts must be disclosed to the class. Moreover, the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, <u>with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel</u>. The total fund could be used to measure whether the portion allocated to the class and to attorney fees is reasonable. <u>Although the court may not rewrite the parties' agreement, it can find the proposed funds for the class inadequate and the proposed attorney fees excessive, and can allow the parties to renegotiate their agreement</u>. The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

Manual for Complex Litigation, Fourth, § 21.7, p. 335 (emphasis added).

The U.S. Supreme Court has specifically addressed the lack of authority of the courts to modify the terms of class settlement agreements under Rule 23(e). In <u>Evans v. Jeff D.</u>, 475 U.S. 717 (1986), the parties has agreed to a settlement providing injunctive relief to the class and waiving an award of statutory attorneys' fees to the class under the Civil Right Attorney's Fees Award Act. Although the district court approved the parties' settlement in its entirety, the Court of Appeals invalidated the fee waiver, but leaving

7

intact the injunctive relief and remanding the case to the district court for determination of a reasonable fee award. Id. at 726. The Supreme Court reversed this ruling, however, holding that

> Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed. . . . Rule 23(e) does not give the court the power, in advance of trial, to modify a proposed consent decree and order its acceptance over either party's objection. The options available to the District Court were essentially the same as those available to respondents: it could have accepted the proposed settlement; it could have rejected the proposal and postponed the trial to see if a different settlement could be achieved; or it could have decided to try the case. The District Court could not enforce the settlement on the merits and award attorney's fees anymore than it could, in a situation in which the attorney had negotiated a large fee at the expense of the plaintiff class, preserve the fee award and order greater relief on the merits.

Evans, 475 U.S. at 726-27 (emphasis added). Thus, the Supreme Court plainly held that a district court cannot alter the terms of the parties' settlement, but must accept it or reject it in toto.

Thus, in this case, the Court's review is limited to a determination of whether the Settlement Agreement (including the one-third cap on fees and expenses) as originally agreed to by the Parties is fair and reasonable. The Court does not have the authority to modify the terms of the Settlement Agreement to increase the award of attorneys' fees and expenses beyond the agreed upon cap of $31,666.67. If the Court did so, it would be forcing upon TELF a different settlement than the one to which it consented.

In that regard, it should be noted that the Parties specifically negotiated and agreed

8

upon the distribution to charity of any funds remaining after claims, fees and expenses had been paid. (Sett. Agr., ¶ 11.5.) The uncertainty as to the amount of any remainder of course arises from the fact that it was unknown to the Parties at the time of settlement how many Class Members would file claims. While TELF could have maintained a position during settlement negotiations that any remaining funds be returned to Defendants, it was willing to compromise on that point to allow the sums to be paid to acceptable charities. It did not agree that those sums could be paid to Class Counsel. As inequitable as it would be for Defendants to now demand that the remaining sums be returned to them, it is equally unfair to TELF that Class Counsel now seeks to reallocate those sums for their own benefit.

In short, this Court does not have the authority to alter the terms of the Class Settlement Agreement as Class Counsel requests. Rather, this Court <u>does</u> have the power and authority to review and approve the Settlement Agreement as consented to by the Parties and submitted to the Court for approval. Accordingly, TELF requests that the Court award an amount of fees and expenses to Class Counsel not to exceed $31,666.67, with all remaining sums to be distributed in equal parts to the three charities designated by the Parties in the Settlement Agreement.

## Conclusion

For the foregoing reasons, TELF respectfully requests that the Court award an amount of fees and expenses to Class Counsel not to exceed one-third of the Settlement Fund ($31,666.67) and to deny the motion of Class Counsel to the extent it requests any additional sums.

Respectfully submitted this 15th day of August, 2013.

                MCCONNELL & SNEED, LLC


                /s/Joseph Coomes
                Joseph Coomes
                Georgia Bar No. 184999
                *Counsel for Defendant The Eichholz Law Firm, P.C.*

990 Hammond Drive
Suite 840
Atlanta, Georgia 30328
T: (404) 220-9994
F: (404) 665-3476
Email: ajc@mcconnellsneed.com

## CERTIFICATION OF SERVICE

I hereby certify that the above and foregoing **The Eichholz Law Firm, P.C.'S Objection to Motion of Class Counsel for Award of Fees and Reimbursement of Expenses** has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

This 15th day of August, 2013.

>s/ Joseph Coomes
>Joseph Coomes
>Georgia Bar No. 184999
>*Counsel for Defendant The Eichholz Law Firm, P.C.*
>
>McConnell & Sneed, LLC
>990 Hammond Drive
>Suite 840
>Atlanta, Georgia 30328
>Tel: (404) 220-9994
>Fax: (404) 665-3476
>Email: ajc@mcconnellsneed.com