UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| *Rosemary Holobosky, et al. v. Merck Sharp & Dohme Corp.*, 2:05-cv-01091-EEF-DEK (Plaintiffs AnnMarie and Joseph Mannino) | * * * | |
| | * | |

*************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S
### REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

On July 29, 2013, Defendant Merck Sharp & Dohme Corp. ("Merck") moved for summary judgment because AnnMarie and Joseph Mannino failed to designate a causation expert by the Court's June 17, 2013 deadline, and thus, could not meet their burden to prove their allegations that Vioxx caused Ms. Mannino's 2004 transient ischemic attack ("TIA"). As Merck explained in its motion, only evidence from a medical expert can establish any such link.

On October 3, 2013, more than two months after Merck's motion, and more than three months after her deadline to designate experts, Ms. Mannino sent an e-mail to the Court opposing Merck's motion, stating that she did not plan to hire an expert and that she would like to travel to New Orleans to testify to the Court. *See* Ex. A. Ms. Mannino also provides her commentary on the various medical issues documented in Merck's summary judgment motion. Neither Ms. Mannino's personal commentary nor her personal testimony can provide the necessary evidence to prove medical causation. Ms. Mannino is not a doctor, and as she testified during her deposition, she has no medical training. *See* Mannino Dep. 30:4–6 (attached as Ex.

B). Plaintiffs, including *pro se* ones, bear the burden of demonstrating medical causation through expert evidence. *See* Rec. Doc. 64276 (declining to appoint causation expert for a *pro se* plaintiff); *cf. Hannah v. United States*, Civ. A. No. 4:04-CV-643-Y, 2006 WL 2583190, at *3–4 (N.D. Tex. Sept. 1, 2006) (declining to appoint medical expert for *pro se* plaintiff and granting summary judgment for defendant), *aff'd* 523 F.3d 597 (5th Cir. 2008). Merck is entitled to summary judgment on all of the Manninos' claims.

Merck further wishes to clarify two issues that may be unclear from Ms. Mannino's e-mail. First, Merck has not deposed Dr. Idan Sharon, Ms. Mannino's neurologist. Merck initially noticed a deposition of Dr. Idan Sharon for May 3, 2013, but cancelled that deposition on April 29, 2013. Merck sent notice of both the deposition and cancellation to Ms. Mannino. Consistent with the Court's Orders dated June 6, 2005 and July 21, 2005, Merck's counsel in this case have had no contact with Dr. Sharon and his office, other than correspondence between a paralegal for Merck's counsel and one of Dr. Sharon's office assistants related to logistical matters for the cancelled deposition.

Second, Ms. Mannino states that Merck's counsel, Jonathan L. Williams, informed her that he "was limited in advising me on what he was presenting me with." Mr. Williams has on several occasions stated to Ms. Mannino that he represents Merck's interests in this matter and cannot provide her with legal advice, and Ms. Mannino has expressed that she understands that fact. Merck does not take Ms. Mannino to be suggesting otherwise, but simply wishes to ensure the Court that Merck's counsel have made sure Ms. Mannino understands that they are her adversary in this action.

For the reasons set forth in its motion for summary judgment and in this reply, Merck respectfully requests that the Court enter summary judgment in its favor.

Dated:  October 7, 2013                    Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
M. Elaine Horn
Jonathan L. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

3

1140033v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Summary Judgment and Incorporated Memorandum of Law has been served on AnnMarie Mannino and Joseph Mannino by Federal Express at the following address:

>64 Columbus Ave.
>Staten Island, NY 10304

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of October, 2013.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel

4

1140033v1