UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX Products Liability Litigation | *  MDL No. 1657 |
| This Document Relates to: | *  SECTION L |
| State of Utah v. Merck, et al. | *  JUDGE ELDON E. FALLON |
| | *  MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE STATE OF UTAH'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
NOTICE OF EXPERT DEPOSITIONS AND
DOCUMENT PRODUCTION**

COMES NOW, Plaintiff, The State of Utah (the "State" and/or "Plaintiff"), pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Louisiana, by and through their undersigned counsel, hereby serves these Responses and Objections to Defendants' Notice of Expert Depositions and Document Production dated October 8, 2013 (the "Notice") (the "Responses").

Plaintiff has already agreed to the dates, times, and locations set forth in Defendants' Notice for each of Plaintiff's experts' depositions, which are common to those designated by Plaintiffs in the consolidated securities action (the "Securities Action"), and service of such Notice was unnecessary. As set forth below, Plaintiff also objects to Defendants' request for documents under each of the topics listed on Exhibit A to the Notice.

**GENERAL OBJECTIONS**

The following General Objections apply to the Notice, including the Notice's request for documents.

1.      Plaintiff objects to the Notice to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and/or any other applicable law or doctrine.

2.      Plaintiff objects to the Notice to the extent that it is contrary to the protections and privileges afforded to experts pursuant to the Federal Rules and all other applicable law or doctrine.

3.      Plaintiff objects to the Notice because Plaintiff has already provided Defendants with the information that it was required to disclose in its experts' reports pursuant to Federal Rule of Civil Procedure 26.

4.      Plaintiff objects to the Notice to the extent it is inconsistent with, and contrary to, the agreed-upon protocol (concerning shared experts) between Plaintiffs in the Consolidated Securities Action and Defendants dated July 11, 2013, for the parties' mutual exchanges of materials considered or relied upon by the parties' experts.  That protocol provides that the parties agreed to "the reciprocal production of all backup materials without the need to serve formal document requests and/or subpoenas for the production of such materials … on the same day that any such expert report or declaration is served."  That protocol also provided that it "encompasses the parties' complete understanding with respect to the production and exchange of backup materials during expert discovery in the Securities Action."  The Notice is contrary to that provision.  Plaintiffs also complied with the terms of the parties' protocol throughout the expert discovery period.  In certain instances where Plaintiffs inadvertently failed to initially produce any specific materials to Defendants pursuant to that protocol, Plaintiffs produced all such materials to Defendants shortly after Defendants made Plaintiffs aware of any such deficiency.  Plaintiffs have also needed to make numerous requests of Defendants for the

production of specific materials relied upon by Defendants' experts that Defendants omitted from their initial productions of documents pursuant to the parties' protocol. As a result, to date, Plaintiffs have produced to Defendants more than 70,000 pages of documents pursuant to the protocol. In addition, after Plaintiffs took approximately one week to produce certain documents that were relied upon by Plaintiffs' statistical experts in connection with their opening reports, Defendants requested, and Plaintiffs granted to Defendants, a one-week extension for Defendants to serve their statistician's expert report. The parties have thus worked together up to this point to reach agreement in a timely manner concerning the production of expert materials and abided by their agreed-upon protocol. Defendants' Notice is contrary to that protocol and the parties' established practice.

5. Plaintiff objects to the Notice to the extent it is untimely and unduly burdensome. Defendants served the Notice by Lexis-Nexis on the afternoon of October 8, 2013, less than 24 hours before the first expert deposition was scheduled to take place.

6. Plaintiff objects to the Notice to the extent that the Notice and the list of requested documents attached to it are vague, ambiguous, overly broad, or otherwise not susceptible to a meaningful or complete response.

7. Plaintiff objects to the Notice to the extent that it requests the production of documents or information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to the Notice to the extent that it requests the production of documents or information whose production would impose an undue burden or expense on Plaintiff and/or Plaintiff's experts.

9. Plaintiff objects to the Notice to the extent it requests the production of

documents or information for which production is premature at this stage of the litigation, including, for example, all exhibits the experts intend to use in this matter.

10. Plaintiff objects to the Notice to the extent that it requests the production of documents or information that Plaintiff or Defendants previously produced to, or otherwise served on, the opposing party.

11. Plaintiff objects to the Notice to the extent that it requests the production of documents or information that are subject to the attorney-client privilege, the work product doctrine, the joint prosecution or common interest privilege, or any other applicable privilege, protection or immunity from disclosure, including all privileges, protections and immunities from disclosure related to experts. Privileged or protected documents requested by the Notice will not be produced. Plaintiff does not waive, and intend to preserve, any applicable privilege, protection, or immunity from disclosure. In the event that privileged or protected information or documents are produced by Plaintiff, such production is inadvertent and will not constitute a waiver of any privilege, protection or immunity from disclosure. Pursuant to the Protective Orders in this Action (as modified through any and all amendments thereto), Plaintiff reserves the right to demand the return of all copies of any such inadvertently-produced documents.

12. In providing these Responses, Plaintiff does not in any way waive or intend to waive any objections, including:

    a. The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of information identified in response to the Notice that may arise in any subsequent proceeding in, or the trial of, this or any other action;

    b. The right to objects to the use of these Responses in any subsequent

proceeding in, or the trial of, this or any other action on any grounds;

      c.      The right to objects to the introduction into evidence of any or all of these Responses;

      d.      The right to objects on any ground at any time to other notices or document requests involving the subject matter thereof; or

      e.      The right to appropriately redact portions of documents.

13.      Plaintiff reserves the right to amend, supplement or correct these Responses if and when they discover other or additional documents or grounds for further responses and objections.

14.      Plaintiff further reserves the right to make any use of, or to introduce at hearing or trial, documents responsive to the Notice discovered subsequent to the date of their production, including, without limitation, any documents obtained in discovery herein.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE NOTICE

**NOTICE TOPIC NO. 1**:

Deponent's complete file for this case, including all documents, work product or notes generated by or for Deponent in the course of his assignment in this matter.

**RESPONSE AND OBJECTIONS TO NOTICE TOPIC NO. 1**:

Plaintiff incorporates by reference herein the General Objections set forth above. Plaintiff objects to Notice Topic No. 1 to the extent it seeks privileged or protected documents or information, or work product, or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Rule 26(b) related to expert discovery. Plaintiff further objects that Notice Topic No. 1 is untimely and inconsistent with the above-referenced agreed upon July 11, 2013 protocol. Plaintiff also objects to the phrase

"complete file for this case" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to the extent Notice Topic No. 1 requests material that is duplicative of the material already produced in connection with the deponents' expert reports.

**NOTICE TOPIC NO. 2**:

Deponent's billing file for this case, including all time sheets, bills, invoices, expenses, or costs (whether actually invoiced or not) related to Deponent's work on this case, including any documents pertaining to persons working for or with Deponent on this case.

**RESPONSE AND OBJECTIONS TO NOTICE TOPIC NO. 2**:

Plaintiff incorporates by reference herein the General Objections set forth above. Plaintiff objects to Notice Topic No. 2 to the extent it seeks privileged or protected documents or information, or work product, or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Rule 26(b) related to expert discovery. Plaintiff further objects that Notice Topic No. 2 is untimely and inconsistent with the above-referenced agreed upon July 11, 2013 protocol. Plaintiff also objects that the phrase "billing file for this case" is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to the extent Notice Topic No. 2 requests material that is duplicative of the material already produced in connection with the deponents' expert reports.

On October 4 and 7, 2013, Plaintiffs' counsel in the Securities Action proposed to Defendants that the parties mutually agree that three days before each expert's deposition the party propounding the expert provide to the other side the number of hours the expert has billed for his or her study and testimony in this case. To date, Defendants have not accepted that proposal.

**NOTICE TOPIC NO. 3**:

All documents, correspondence, memoranda, notes, e-mails, and/or communications (and any attachments thereto) between Deponent, [*sic*] (or persons, agents or employees under his direction, control or supervision) and counsel for Plaintiff that: (a) relate to compensation for Deponent's study or testimony; (b) identify facts or data that the counsel for Plaintiff provided and Deponent considered in forming the opinions to be expressed; or (c) identify assumptions that counsel for Plaintiff provided and that Deponent relied on in forming his opinions to be expressed.

**RESPONSE AND OBJECTIONS TO NOTICE TOPIC NO. 3**:

Plaintiff incorporates by reference herein the General Objections set forth above. Plaintiff objects to Notice Topic No. 3 to the extent it seeks privileged or protected documents or information, or work product, or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Rule 26(b) related to expert discovery. Plaintiff further objects that Notice Topic No. 3 is untimely and inconsistent with the agreed-upon July 11, 2013 protocol. Plaintiff also objects that Notice Topic No. 3 is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to the extent Notice Topic No. 3 requests material that is duplicative of the material already produced in connection with the deponents' expert reports.

**NOTICE TOPIC NO. 4**:

All documents relating to or reflecting the facts or data considered by Deponent in forming his opinions in this matter.

**RESPONSE AND OBJECTIONS TO NOTICE TOPIC NO. 4**:

Plaintiff incorporates by reference herein the General Objections set forth above. Plaintiff objects to Notice Topic No. 4 to the extent it seeks privileged or protected documents or information, or work product, or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Rule 26(b) related to expert discovery. Plaintiff further objects that Notice Topic No. 4 is untimely and inconsistent with the agreed upon July 11, 2013 protocol. Plaintiff also objects to Notice Topic No. 4 as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to the extent Notice Topic No. 4 requests material that is duplicative of the material already produced in connection with the deponents' expert reports.

**NOTICE TOPIC NO. 5**:

Any exhibits that will be used to summarize or support Deponent's opinions in this matter.

**RESPONSE AND OBJECTIONS TO NOTICE TOPIC NO. 5**:

Plaintiff incorporates by reference herein the General Objections set forth above. Plaintiff objects to Notice Topic No. 5 to the extent it seeks privileged or protected documents or information, or work product, or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Rule 26(b) related to expert discovery. Plaintiff further objects that Notice Topic No. 5 is untimely and inconsistent with the above-referenced agreed upon July 11, 2013 protocol. Plaintiff also objects to Notice Topic No. 5 as premature at this stage of the litigation. Plaintiff also objects to the extent Notice Topic No. 5 requests material that is duplicative of the material already produced in connection with the

deponents' expert reports.

DATED this 14th day of October, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

/S/
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901

/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **THE STATE OF UTAH'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF EXPERT DEPOSITIONS AND DOCUMENT PRODUCTION** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of October, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123