UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| **PRODUCT LIABILITY LITIGATION** | * | SECTION L |
| This Document relates to: | * | HONORABLE JUDGE FALLON |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | * | MAGISTRATE JUDGE KNOWLES |

**********************************************************

## PLAINTIFF DENNIS R. HARRISON'S LR56.2 STATEMENT REGARDING DEFENDANT'S MATERIAL FACTS

Pursuant to LR56.2 Plaintiff submits his statement of material facts controverting Defendant's statement of material facts accompanying its Motion for Summary Judgment following FRCP 56.

1. ADMIT.

2. ADMIT.

3. ADMIT.

4. DENIED, on grounds that this statement is purely argumentative, and deals with issues that can only be resolved by a hearing before a jury to weigh the evidence.

5. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

6. DENIED, because the diagnosis offered by Dr. Blavatsky is not one that should be offered by other than a rheumatologist, and he is not a rheumatologist.

2

7. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

8. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

9. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

10. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

11. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

12. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

13. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial; also, DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

14. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial; also, DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

15. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

16. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

17. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

18. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

19. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

20. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

21. #4 DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

22. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

23. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

24. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

25. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

26. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial; also, DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

27. DENIED. This is purely an argumentative statement raising issues that can only be weighed by a jury at trial; and also statements that are untrue and not supported by the documents cited.

28. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

29. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

30. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine its evidentiary weighed.

31. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. These issues must be presented to a jury to determine is evidentiary weighed.

32. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. These issues must be presented to a jury to determine is evidentiary weighed.

33. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed; also, DENIED, because the diagnosis offered by Dr. Blavatsky is not one that should be offered by other than a rheumatologist, and he is not a rheumatologist; also,

DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

34. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

35. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

36. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

37. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

38. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

39. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

40. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

41. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. These issues must be presented to a jury to determine is evidentiary weighed.

42. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

43. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

44. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

45. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. These issues must be presented to a jury to determine is evidentiary weighed.

46. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

47. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

48. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

49. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

50. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

51. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

52. ADMIT.

53. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial; also, DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

54. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed; also, DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

55. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

56. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

57. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial.

58. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

59. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

60. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

61. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

62. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

63. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

64. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

65. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

66. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

67. DENIED, this is purely an argumentative statement raising issues that can only be weighed by a jury at trial; also, DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been

given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented to a jury to be properly weighed.

68. DENIED, the referred to transcript has not been signed by Dr. Wise. Plaintiff controverts Defendant's reliance on the transcript because Dr. Wise had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Dr. Wise lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

69. DENIED, the referred to transcript has not been signed by Dr. Wise. Plaintiff controverts Defendant's reliance on the transcript because Dr. Wise had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Dr. Wise lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

70. DENIED. The referred to transcript has not been signed by Dr. Wise. Plaintiff controverts Defendant's reliance on the transcript because Dr. Wise had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Dr. Wise lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

71. DENIED, the referred to transcript has not been signed by Dr. Wise. Plaintiff controverts Defendants reliance on the transcript because Dr. Wise had not been given the opportunity to

prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Dr. Wise lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

72. DENIED, the referred to transcript has not been signed by Dr. Wise. Plaintiff controverts Defendants reliance on the transcript because Dr. Wise had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Dr. Wise lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

73. DENIED, the referred to transcript has not been signed by Plaintiff. Plaintiff controverts Defendants reliance on the transcript because Plaintiff had not been given the opportunity to prepare his responses by reviewing the materials that he was questioned with regards to prior to being questioned. Therefore, Plaintiff lacked sufficient knowledge at that time, and thus Defendants statement is purely argumentative and must be presented tp a jury to be properly weighed.

74. DENIED, INSUFFICIENT FACTUAL INFORMATION TO FORM AN OPINION. This issue must be presented to a jury to determine is evidentiary weighed.

75. DENIED. The specific research paper cited by Defendant's Expert Witness was authored by Dr. Scott S. Reuben who has been personally convicted for having falsified this data. Dr. Reuben appears on a list of excluded persons maintained by the U.S. Inspector Generals Office, who Defendant Merck is restricted from using as part of its probation requirements. Dr. Reuben has been disbarred by the FDA , and otherwise completely disgraced, ans as this statement goes to safety of Vioxx in conjunction with Spinal fusion, it is now obvious that

Defendant Merck is an unreformed fraud with regards to this case for hoisting before this court such inadmissible evidence.

76. DENIED. The protocol 083 study is merely a coincident index which supports only that while taking Vioxx, a healthy person will not diminish their Bone Mineral Density. It does not at all indicate that while bones are healing, or remodeling, or undergoing union, that Vioxx was safe; As such, it offered no proof at all for the FDA to consider as being safe Post-Orthopedic Surgery, which is what it was proffered to do; therefore, protocol 083 was not accepted by the FDA as part of Clinical Safety, and that resulted in Vioxx not obtaining the approval by the FDA for Post Orthopedic Surgery, and using it to support the safety of Vioxx in anyway, is fraud. Dr. Reuben got caught in this delema, now so has Dr. Blavtsy, and whoever it was that gave him that information is also involved in fraud.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing:

### PLAINTIFF DENNIS R. HARRISON'S LR56.2 STATEMENT REGARDING DEFENDANT'S MATERIAL FACTS

has been served on Defense Liaison Counsel (DLC) Dorothy H. Wimberley by electronic email/PDF attachment, Emily Pistille of Merck by electronic email/PDF attachment, and Doug Marvin of Merck by electronic email/PDF attachment also on this 9th day of October, 2013.

Further I hereby note utilizing the same electronic email/PDF method for the Plaintiff Steering Committee PSC-I Russ Herman and Leonard Davis, and Plaintiff Steering Committee PSC-II Ann B. Oldfather and Megan Hastings, also on this 9th day of October, 2013.

I have also sent the above and the foregoing to the Clerk of Court of the United States District Court for the Eastern District of Louisiana via the same electronic email/PDF method and hard copy, also on this 9th day of October, 2013.

Respectfully submitted,

/s/Dennis R. Harrison
Dennis R. Harrison
Plaintiff
601 W. Brown Street
Iron Mountain, MI 49801
Phone: Cell 906-221-5906
badbonehealing@gmail.com