UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | | MDL NO: 1657 |
|     PRODUCT LIABILITY LITIGATION | | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| On Behalf of the Estate of: | : | |
| Antonio D. Denson Deceased | : | |
|         Plaintiff(s) | : | |
| | : | |
| v. | : | ABBREVIATED SHORT FORM |
| | : | COMPLIANT FOR VIOXX |
| MERCK & CO., INC. | : | LITIGATION |
|       Defendant(s) | : | |
| …. … … … … … … … … … … … … … … … … | | EXPEDITED JURY TRIAL |
| | | DEMANDED |

## ABBREVIATED ESTATE COMPLIANT FOR VIOXX LITIGATION AND ADOPTION BY REFERENCE

1.      On behalf of the estate of deceased claimant Antonio D. Denson claims against the defendant states and alleges as follows and incorporates by reference the relevant portions of the Master Compliant on file entitled: In Re: Vioxx Product Liability Litigation, now pending in the United States District Court Eastern District of Louisiana before the Honorable Judge Eldon Fallon.

        The Estate selects and indicates by checking off the appropriate boxes, those claims that are specific to it's case.  Where claims require, pursuant to Louisiana law, specific pleading or case specific facts and individual information, estate shall add and include them herein.

2.      Plaintiff, Estate of deceased claimant Antonio D. Denson (hereinafter referred to as "Plaintiff), are the legal heirs of deceased claimant Antonio D. Denson who resides at 804 Lyons Street, New Orleans, Louisiana, 70115.

SEP 1 0 2013

2A.  On or about September 3, 2003,  Antonio D. Denson suffered the following injury as a result of ingesting Vioxx: Heart Failure.  This injury resulted in his death on November 7, 2012.

2B.  Plaintiff(s) brings this action:

___x___ as Administrator of the Estate of Plaintiff's (hereinafter " Decedent", see Letters of Administration annexed hereto as Exhibit A), who died on November 7, 2012.

2C.  Plaintiff claims damages as a result of:

___x___Wrongful Death

___x___Survival Action

3.   Decedent purchased and/or otherwise obtained Vioxx, which Decedent ingested from February 17, 2003 to August 30, 2004.

4. The following claims asserted in the Master Compliant and the allegations with regard thereto in the Master Compliant are herein adopted by reference:

_____X___ Count I:  Product Liability – Defective Design

___X____ Count II:  Product Liability – Failure to Warn

___x____ Count III:  Louisiana Consumer Fraud Act

__X___ Count IV:  Breach of Express Warranty

___X____Count V:  Punitive Damages Under Common Law & Products Liability Act

__X___ Count VI:  Wrongful Death

___x___ Count VII: Survival Action

        Plaintiff asserts the following additional theories of recovery against Merck & Co., Inc.:  Please refer to Dean Oser, the Court's Case Manager, all of Mr. Denson's fillings and other matters pertaining to Mr. Denson record in this action, specifically: Rec. Docs. 40832, 51200, 54507, 59693, 59699, 60497, 62697, 62722, 62728, 62897, 62898, 62899, 62923, 63072, 63675, and 63755, a disc containing Mr.

Denson's claim materials as filed with Brown Greer, and certain documents from Mr. Denson.  Also refer to reports from liaison counsel Ms. Ann Oldfather.

### EXPEDITED DEMAND FOR JURY TRIAL

Demand is hereby made for an expedited trial by jury.

Anthony D. Denson, Pro Se on behalf of
Estate of Deceased Antonio D. Denson
804 Lyons Street
New Orleans, Louisiana  70115
(504) 800-2132

Served:

Clerk U.S. District Court, by hand

Dorothy H. Wimberly,
Stone Pigman Walther Wittmann, LLC
via certified mail

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2013, a copy of the foregoing Expedited Demand for Jury Trial was served by certified mail delivery on the following:

Dorothy H. Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana 70130

I also certify that on the same date, the Expedited Demand for Jury Trial was hand delivered to the Clerk of the Court for the United States District Court Eastern District of Louisiana

Anthony D. Denson
Pro Se on behalf of
Estate of Deceased Antonio D. Denson

Anthony D. Denson
804 Lyons Street
New Orleans, Louisiana  70115

September  10, 2013

Dorothy H. Wimberly
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, Louisiana  70130

Re:   Expedited Demand for Jury Trial

Dear Ms. Wimberly:

I enclosed a copy of the Expedited Demand for Jury Trial which I have filed with the Court today.

Sincerely,

Anthony D. Denson

Enclosure

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                              :          MDL NO. 1657
      PRODUCTS LIABILITY LITIGATION          :
                                                :          SECTION: L
                                                :
                                                :          JUDGE FALLON
                                                :          MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**    *Antonio Denson*

## ORDER

The Court has repeatedly received correspondence from Vioxx claimant Antonio Denson. Mr. Denson and his brother, Anthony Denson, appeared at the August 16, 2012 Monthly Status Conference in this matter. At that time, Ms. Oldfather, as Liaison Counsel, offered to look into Mr. Denson's request for relief and report back to the Court. At the October 11, 2012 Monthly Status Conference, Ms. Oldfather gave that report, and Anthony Denson also appeared with Leonard Fisher on Mr. Denson's behalf.

The Court understands that Mr. Denson filed a Vioxx claim in New Jersey state court and subsequently entered the Vioxx Settlement Program. Furthermore, the Court understands that Mr. Denson did not qualify for relief under the Vioxx Settlement Program, and his claim was subsequently rejected from that program. Based on the report from Liaison Counsel, this Court understands that Mr. Denson did suffer some injury after being prescribed Vioxx, but that his specific injury did not qualify for relief under the Vioxx Settlement Program.

On numerous occasions, Mr. Denson has asked the Court to award him $47.5 million, and the Court has explained that it is not able to do so. (Rec. Docs. 51200, 54507, 62967, 63675, 63755, 64129). That remains true today. This Court does not have jurisdiction over Mr.

1

Denson's case. Mr. Denson filed his original claim in New Jersey state court, and Merck is a New Jersey corporation, so the case cannot be removed here.

However, this Court does have limited authority over the Vioxx Settlement Program, since this Court was appointed as that program's Chief Administrator. Accordingly, it is the opinion of this Court that Mr. Denson should no longer be bound by the exclusivity requirements of the Vioxx Settlement Program and should have leave from this Court to continue to pursue his claim in state court. As stated above, this Court has no jurisdiction over Mr. Denson's New Jersey claim and cannot dictate whether Mr. Denson will ultimately be allowed to proceed with that claim in New Jersey state court. This Court merely holds, in its role as Chief Administrator of the Vioxx Settlement Program, that the program should no longer bar Mr. Denson from continuing to pursue any existing viable state court claim.

New Orleans, Louisiana, this 26th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE

Clerk to serve:

Russ Herman
Plaintiff's Liaison Counsel
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave
New Orleans, LA 70113

Antonio Denson
804 Lyons Street
New Orleans, LA 70115

Ann Oldfather
Lead/Liaison Counsel for Certain Cases
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208

Robert M. Johnston
Vioxx Pro Se Curator
400 Poydras Street, Suite 2450
New Orleans, LA 70130

2