# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

**OUR FILE NUMBER**

DOROTHY H. WIMBERLY
A PROFESSIONAL CORPORATION
DIRECT DIAL: (504) 593-0849
DIRECT FAX: (504) 596-0849
E-Mail: dwimberly@stonepigman.com

66,000

May 1, 2013

Mr. Anthony Denson
804 Lyons St.
New Orleans, LA 70115

Re:   *Vioxx Products Liability Litigation*

Dear Mr. Denson:

I understand that your brother's case was originally filed in state court in New Jersey and, further, that you recently filed an expedited motion for summary judgment in the case and have been corresponding with the Court there. I acknowledge receiving a copy of the pleadings, which I forwarded to Merck. I also acknowledge your recent phone messages. However, I do not represent Merck in New Jersey and therefore am not in a position to do anything with respect to your case. In short, I am sorry, but that is a matter for the Court and the lawyers in New Jersey.

Sincerely,

Dorothy H. Wimberly

DHW/jas

cc:   Russ Herman, Esq./Lenny Davis, Esq. (via e-mail)
      Robert M. Johnston, Esq. (via e-mail)
      Ann Oldfather, Esq. (via e-mail)

1124909v.1

**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
Telephone: (973) 639-9100

RECEIVED and
FILED

NOV 12 2009

ATLANTIC COUNTY
LAW DIVISION

ANTONIO  D DENSON,

              Plaintiff(s),

v.

MERCK & CO., INC.,

              Defendant(s).

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  ATLANTIC COUNTY

In Re:  VIOXX® LITIGATION
Case Code No. 619

DOCKET NO.  ATL-L10471-06-MT

**STIPULATION OF DISMISSAL
WITH PREJUDICE
AS TO ALL DEFENDANTS**

Pursuant to R. 4:37:1(a), the undersigned counsel hereby stipulate that all claims of

plaintiff, Antonio  D Denson, against defendant Merck & Co., Inc. and all other named

defendants be dismissed in their entirety with prejudice, each party to bear its own costs.

SEEGER WEISS LLP

Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Seeger Weiss LLP
550 Broad Street, Suite 920
Newark, NJ 07102
973-639-9100

Dated: _2 -17 - 08_

Attorneys for
Merck & Co., Inc.

Stephen G. Strauss
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020

Charles Cohen
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY 10004
Phone: (212) 837-6000
Fax: (212) 422-4726

Dated: 10/22/09

AM-758-10T2



FILED
APPELLATE DIVISION
9/22/11

CLERK

ORDER ON MOTION
---------------

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   AM-000758-10T2
MOTION NO.   M-007149-10
BEFORE       PART I
JUDGE(S):    ARIEL A RODRÍGUEZ

ANTONIO DENSON
VS
MERCK & CO.,INC

MOTION FILED:    07/18/2011        BY:  ANTONIO DENSON
ANSWER(S)                          BY:
FILED:

SUBMITTED TO COURT: August 29, 2011

                    ORDER
                    -----

     THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS
20th day of September, 2011, HEREBY ORDERED AS FOLLOWS:

MOTION BY  APPELLANT

MOTION TO FILE APPEAL FROM          DENIED
STIPULATION OF DISMISSAL OUT OF
TIME

SUPPLEMENTAL:

     This court has no jurisdiction.  Appellant is challenging "a
stipulation of dismissal with prejudice" entered on November 12, 2009.
The time to appeal has long expired.

                    FOR THE COURT:


                    ARIEL A RODRÍGUEZ, P.J.A.D.

L-010471-06   ATLANTIC
ORDER - REGULAR MOTION
TLP

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                    :        MDL NO. 1657
      PRODUCTS LIABILITY LITIGATION        :
                                              :        SECTION: L
                                              :
                                              :        JUDGE FALLON
                                              :        MAG. JUDGE KNOWLES
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**        *Antonio Denson*

## ORDER

The Court has repeatedly received correspondence from Vioxx claimant Antonio Denson.

Mr. Denson and his brother, Anthony Denson, appeared at the August 16, 2012 Monthly Status

Conference in this matter. At that time, Ms. Oldfather, as Liaison Counsel, offered to look into

Mr. Denson's request for relief and report back to the Court. At the October 11, 2012 Monthly

Status Conference, Ms. Oldfather gave that report, and Anthony Denson also appeared with

Leonard Fisher on Mr. Denson's behalf.

      The Court understands that Mr. Denson filed a Vioxx claim in New Jersey state court and

subsequently entered the Vioxx Settlement Program. Furthermore, the Court understands that

Mr. Denson did not qualify for relief under the Vioxx Settlement Program, and his claim was

subsequently rejected from that program. Based on the report from Liaison Counsel, this Court

understands that Mr. Denson did suffer some injury after being prescribed Vioxx, but that his

specific injury did not qualify for relief under the Vioxx Settlement Program.

      On numerous occasions, Mr. Denson has asked the Court to award him $47.5 million,

and the Court has explained that it is not able to do so. (Rec. Docs. 51200, 54507, 62967, 63675,

63755, 64129). That remains true today. This Court does not have jurisdiction over Mr.

1

Denson's case. Mr. Denson filed his original claim in New Jersey state court, and Merck is a New Jersey corporation, so the case cannot be removed here.

However, this Court does have limited authority over the Vioxx Settlement Program, since this Court was appointed as that program's Chief Administrator. Accordingly, it is the opinion of this Court that Mr. Denson should no longer be bound by the exclusivity requirements of the Vioxx Settlement Program and should have leave from this Court to continue to pursue his claim in state court. As stated above, this Court has no jurisdiction over Mr. Denson's New Jersey claim and cannot dictate whether Mr. Denson will ultimately be allowed to proceed with that claim in New Jersey state court. This Court merely holds, in its role as Chief Administrator of the Vioxx Settlement Program, that the program should no longer bar Mr. Denson from continuing to pursue any existing viable state court claim.

New Orleans, Louisiana, this 26th day of October, 2012.

UNITED STATES DISTRICT JUDGE

Clerk to serve:

Russ Herman
Plaintiff's Liaison Counsel
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave
New Orleans, LA 70113

Antonio Denson
804 Lyons Street
New Orleans, LA 70115

Ann Oldfather
Lead/Liaison Counsel for Certain Cases
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208

Robert M. Johnston
Vioxx Pro Se Curator
400 Poydras Street, Suite 2450
New Orleans, LA 70130

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EMILY RENSHAW PISTILLI
(202) 434-5652
epistilli@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 19, 2012

Via U.S. Mail

Anthony Denson
804 Lyons St.
New Orleans, LA 70115-1629

      Re:    Vioxx Litigation

Dear Mr. Denson:

      This is in response to the voice mail message I received from you today. I wanted to clarify that this firm represents Merck, the defendant in the lawsuit brought by your brother Mr. Antonio Denson. Therefore, I cannot advise you in any way regarding Antonio's claims. I understand that you reached out to me because I had sent you a disc containing records relating to Antonio's case this past September. That disc was sent to you as a courtesy at the request of Plaintiff's Liaison Counsel Ann Oldfather.

      I also understand that your family is currently represented by counsel in this matter, and as a result it is not permissible for me to speak with you personally about the case. If your counsel has questions about the matter, he or she may be able to get additional information from Ms. Oldfather, or he or she can contact me directly at the phone number and email address above.

      Sincerely,

      Emily Renshaw Pistilli

Enclosures

cc:    Ann B. Oldfather (*via e-mail*)



RECEIVED and
FILED

APR 2 3 2013

By the Court:

ATLANTIC COUNTY
LAW DIVISION

FILED

APR 2 3 2013

Carol E. Higbee, P.J.C

| Antonio Denson, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff(s), | ATLANTIC COUNTY |
| | |
| vs. | DOCKET NO. ATL-L-10471-06-MT |
| | |
| Merck & Co. Inc. | Civil Action |
| | |
| Defendant(s). | **ORDER** |

THIS MATTER being opened to the court by way of motion for expedited summary judgment filed by Anthony Denson, brother of the deceased plaintiff Antonio Denson, and the court having considered all papers filed, and for good cause shown;

IT IS on this _23_ day of _April_, 2013, **ORDERED** that the motion filed by plaintiff's brother is hereby dismissed for the reasons set forth on the attached Memorandum of Decision.

_____
CAROL E. HIGBEE, P.J.Cv.



FILED

APR 2 3 2013

Carol E. Higbee  P.J.C.

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS**

## SUPERIOR COURT OF NEW JERSEY
### COUNTIES OF
### ATLANTIC AND CAPE MAY

CAROL E. HIGBEE, P.J.Cv.

1201 Bacharach Boulevard
Atlantic City, NJ 08401-4527
(609) 594-3396

### MEMORANDUM OF DECISION ON MOTION
Pursuant to Rule 1:6-2(f)

**CASE:**            **Antonio Denson v. Merck & Co., Inc.**

**DOCKET #:**       **ATL-L-10471-06-MT**

**DATE:**            **April 23, 2013**

**MOTION:**          **Expedited Summary Judgment**

**ATTORNEYS:**       **Anthony Denson, Pro Se (Brother of Deceased Plaintiff)**
                     **Charles Cohen, Esq.**

Having carefully reviewed the moving papers and any response filed, I have ruled on the above Motion as follows:

The applicant, Anthony Denson, has filed a motion for summary judgment in his deceased's brother Antonio Denson's case. There are several problems with this motion. First, the case was dismissed when the plaintiff Antonio Denson entered the VIOXX® settlement program and it never has been reinstated. Presently, there is no open case.

Second, the applicant is not the plaintiff. In order to have standing to pursue his brother's claim (now that he has died), Anthony Denson would have to be legally appointed administrator of Antonio Denson's estate by a State probate court.

Anthony Denson's motion is therefore not properly before the court and is dismissed.

If Anthony Denson wants to pursue his brother's claim, he must be appointed as administrator of his brother's estate. If he is properly appointed, he may then move to have his brother's case reinstated and move to amend the complaint to reflect his status. Until that is done, the court cannot consider any application by Anthony Denson in this case.

It is important that Anthony Denson be aware that summary judgment cannot be granted in his brother's case just based on Judge Fallon's Order. Judge Fallon has released the case from the settlement process. Judge Fallon also states that it appears that Antonio Denson took VIOXX® and suffered an injury, but that would still have to be proved at a trial in New Jersey.

In addition, an expert medical witness would be required to prove the ingestion of VIOXX® caused the injury and that there was liability on the part of Merck.

Lastly, the motion was not served on Merck or Merck's counsel in New Jersey. I am forwarding a copy of the motion and this Memorandum of Decision to Charles Cohen, Esquire of the law firm of Hughes Hubbard & Reed, which is the firm that represented Merck in the New Jersey litigation.

_____
CAROL E. HIGBEE, P.J.Cv.

XXXX    Order is attached.

**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
(973) 639-9100

**Attorneys for Plaintiffs**

**FILED**

JUN 0 8 2005

CAROL E. HIGBEE, J.S.C.

------------------------------------------------------- x

In Re: VIOXX LITIGATION

     : SUPERIOR COURT OF NEW JERSEY
     : LAW DIVISION: ATLANTIC COUNTY
     :
     : CASE CODE 619
     :
     : CIVIL ACTION
     :
     : **ORDER**
     :

------------------------------------------------------- x

HUMESTON V. MERCK & CO., INC.

     : ATL-L-2272-03
     :
     :

------------------------------------------------------- x

     **THIS MATTER** having come before the Court on June 3, 2005 and counsel for

plaintiffs and counsel for defendant having been present and for good cause shown,

     **IT IS** on this _8th_ day of June, 2005,

     **ORDERED** as follows:

     In the case of *Humeston v. Merck & Co., Inc.*, ATL-L-2272-03, the pre-trial

schedule is as follows:

     1.   **Jury Selection**:  September 12, 2005

     2.   **Dispositive Motions**

          a.  July 22, 2005:  Filing of summary judgment motions (other than

             N.J. R. Evid. 702 motions)

    b.  August 8, 2005:  Oppositions to summary judgment motions (other

        than N.J. R. Evid. 702 motions)

3.    **N.J. R. Evid. 702 Motions**

    a.  August 1, 2005:  Filing of N.J. R. Evid. 702 motions

    b.  August 15, 2005:  Opposition to N.J. R. Evid. 702 motions

    c.  August 19, 2005:  Reply to N.J. R. Evid. 702 motions

4.    **In Limine Motions**

    a.  August 12, 2005:  Filing of motions in limine

    b.  August 22, 2005:  Opposition to motions in limine

    c.  August 25, 2005:  Reply to motions in limine

5.    **Designation of Deposition Testimony**

    a.  July 29, 2005:  Designations of deposition testimony

    b.  August 12, 2005: Objections to designations of deposition testimony

        and counter-designations

    c.  August 19, 2005:  Objections to counter-designations

6.    **Witness Lists, Exhibit Lists, and Proposed Jury Questionnaires**

Parties will exchange witness lists, exhibit lists, and proposed jury

questionnaires on August 1, 2005.

_____

Honorable Carol E. Higbee, J.S.C

2

RECEIVED and
FILED

MAR 1 2 2008

ATLANTIC COUNTY
LAW DIVISION



Jul 31 2008
12:33PM

ANTONIO DENSON,

           Plaintiff,

    v.

MERCK & CO., INC.,

           Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

DOCKET NO. ATL-L-10471-06-MT

CASE NO. 619

CIVIL ACTION
VIOXX® LITIGATION

**ORDER OF DISMISSAL WITHOUT
PREJUDICE**

      **THIS MATTER** having been raised by the Court *sua sponte* with the form of this

Order agreed to by Plaintiffs and Defendant, and for good cause shown,

      **WHEREAS**, Merck & Co., Inc. ("Merck") and the Plaintiffs' Negotiating

Counsel have entered into a Master Settlement Agreement to resolve certain Vioxx

claims. Pursuant to the Agreement, a plaintiff may enroll in the program by submitting

certain documentation to a Claims Administrator (the law firm of BrownGreer). There is

a process in place to determine whether each individual claim is eligible for payment.

Merck will be filing stipulations of dismissals with prejudice pursuant to Section 7.3 of

the Master Settlement Agreement in some cases, which may or may not include this case;

IT IS on this 12th day of March 2008,

**ORDERED** as follows:

1.     Due to the unique nature of the process established by the Master Settlement Agreement, the Court dismisses this case without prejudice effective immediately pending a final determination of the Plaintiffs' claim under the provisions of the Master Settlement Agreement.  The Court is taking no position on the ultimate outcome of that claim.

2.     Subject to Section 7.3 of the Master Settlement Agreement, Merck might file a stipulation of dismissal with prejudice for this case.  If this occurs, the case shall be dismissed with prejudice pursuant to that stipulation.

3.     If Plaintiff's signed Release and Dismissal with Prejudice Stipulation are returned by Merck or the Claims Administrator to the Plaintiff in accordance with the terms and conditions of the Master Settlement Agreement, then Plaintiff may reinstate the case by filing within ninety (90) days the approved (1) Certification Supporting Reinstatement attaching the cover correspondence from Merck or the Claims Administrator and (2) form of Order.  (The approved Certification Supporting Reinstatement and form of Order are attached to the Court's February 20, 2008 letter to all counsel.)  There will be no fee associated with the filing of such certification and the case will be reinstated without cost or further procedure.  If the case is reinstated, it shall carry its original docket number and the date of its commencement shall be deemed to be the filing date of the original complaint.

_Carol E Higbee_

HON. CAROL E. HIGBEE, P.J.Cv.



# MARK W. SMITH
## & ASSOCIATES, P.L.C.
### ATTORNEY-NOTARY

NEW ORLEANS
9701 Lake Forest Blvd., Suite 101
New Orleans, Louisiana 70127
Telephone: 504-254-5888
Facsimile: 504-254-5856

METAIRIE
500 N. Causeway Blvd.
Metairie, Louisiana 70001
Telephone: 504-830-7660
Facsimile: 504-830-7661
www.markwsmithlaw.com

November 27, 2012

**VIA CERTIFIED MAIL**
**7011 1150 0000 8610 3882**
**Fred Zemel, Esq.**
**The Zemel Law Firm, P.C.**
Zemel Plaza
70 Clinton Ave.
Newark, NJ 07114

RE:  *Antonio Denson*

Dear Mr. Zemel:

I am writing to follow up with our conversation earlier this month in regards to Mr. Antonio Denson. I do not represent Mr. Denson, but I have been assisting him with the Federal Court system in regards to his dismissal from the Vioxx Class Settlement. Mr. Denson had originally filed a civil lawsuit in the Superior Court of New Jersey, Docket # ATL-L10471-06-MT, wherein he was represented by the Seeger Weiss Firm. Apparently, his claim was then removed to the Federal MDL system to be included in a class settlement, which required that his state claim be dismissed.

Ultimately, Mr. Denson was dismissed from the class settlement for failing to meet certain criteria. Now Mr. Denson would like to pursue his claim in the state court of New Jersey. I have attached two orders from the Eastern District of LA that states Mr. Denson should be allowed to pursue his state law claim since any claim would have been automatically tolled why his federal claim was pending. I am writing you to forward this information and convey Mr. Denson's wishes that he be represented by you in New Jersey for claims against Merck for his injuries. He asked that you please evaluate his claim and let him know if you would be willing to take on his case. Mr. Denson has a wealth of documentation and information that he would be happy to provide if you would contact him at (504) 800-2132.

Sincerely,

Leonard "Trey" K. Fisher, III
Attorney at Law

LTKF/sam
CC: Antonio Denson (hand delivery)

# CHARBONNET
## LAW FIRM, LLC

3750 SOUTH CLAIBORNE AVENUE
NEW ORLEANS, LOUISIANA 70125-4695
TELEPHONE: (504) 897-3700
FAX: (504) 891-3741

KENNY M. CHARBONNET *
ROBERT P. CHARBONNET, JR. *
ROBERT P. CHARBONNET
JACK J. CHARBONNET
JAMES S. REES, IV

*Admitted in Texas*

501 CLEARVIEW PARKWAY
METAIRIE, LOUISIANA 70001
TELEPHONE: (504) 888-2227
FAX: (504) 456-3469

January 24, 2013

CERTIFIED MAIL NO. 7007 0710 0002 6614 9583
RETURN RECEIPT REQUESTED

Antonio Denson
804 Lyons Street
New Orleans, LA 70115

RE:      VIOXX Products Liability Litigation
         USDC MDL No. 1657

Dear Mr. Denson:

I return to you herewith paperwork you dropped at my office on January 22, 2013 concerning a potential VIOXX claim.

My secretary advises she spoke with you on the afternoon of January 22, 2013 and you informed her you were seeking my services to assist you in contacting an attorney in the Atlantic City, New Jersey area to represent you in this matter.

In that connection, I enclose herewith copy of a print out of an online search which my secretary obtained from the New Jersey State Bar Association - Lawyer Referral Service which may be of some assistance to you.

Please be advised my office declines to handle this matter and would suggest that you immediately contact another attorney to assist you in handling this matter.

Yours very truly,

ROBERT P. CHARBONNET

RPC/bbd
Enclosures



**ROSSETTI ▪ DEVOTO** P.C.
ATTORNEYS AT LAW

20 Brace Road, Suite 115
Cherry Hill, NJ 08034
ph: (856) 354-0900
fx: (856) 354-0920
www.RossettiDeVoto.com

Andrew J. Rossetti*
Louis J. DeVoto*

J. David Nemeth
Of Counsel

* Certified by the
  Supreme Court of NJ
  as Civil Trial Attorneys

February 26, 2013

Anthony Venson
804 Lyons Street
New Orleans, LA 70115

Dear Mr. Venson:

Our case evaluation committee has analyzed your potential claim based on the information you provided to us. Unfortunately, we do not handle this type of claim therefore we are unable to represent you.

Please do not regard our decision as a disposition on the merits of your potential case. You have every right to get a second opinion from another attorney and we strongly suggest you do so.

Please know that there are important time limits for when you must file a lawsuit. Generally, you have two years from the date of your incident in which to file a lawsuit or you will forever be barred from doing so. There are important exceptions to this rule that an attorney must explain to you in detail.

Thank you for allowing us the opportunity to review your potential case. We wish you all the best.

Very truly yours,

**ROSSETTI & DEVOTO, P.C.**

Andrew J. Rossetti
AJR/jak

## LOCKS LAW FIRM, LLC

457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
T  856.663.8200
T  866.LOCKSLAW
F  856.661.8400
www.lockslaw.com

Gene Locks
James J. Pettit††
Michael A. Galpern††
Karl Friedrichs

*Of Counsel:*

Lee S. Goldsmith, M.D., LLP*†

Steven P. Knowlton
Michael B. Leh
Jonathan W. Miller
Jerry A. Lindheim
Andrew P. Bell
David D. Langfitt
Andrew J. Dupont

Charles N. Riley
Christopher A. Brown

Jennifer L. Emmons
James A. Barry
Neel D. Bhuta
Ryan W. Anderson
Pamela A. Lee
Stephanie R. Milstein
Priscilla E. Jimenez

††CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY
Direct Dial

April 9, 2013

Anthony Denson
804 Lyons Street
New Orleans, LA 70115

### Re:  Potential Vioxx Claim for Antonio Denson, dec'd

Dear Mr. Denson:

Thank you for speaking with this office regarding your potential matter. Please be advised that after reviewing the information you provided, we have concluded that this firm will not be able to accept representation of your potential claim.

Please be advised that we are not now stating that you do not have a claim; we have simply declined to accept representation of your case. Therefore, if you are interested in pursuing this matter, you should immediately contact another attorney as there are various Statutes of Limitation (time limits) which apply to your claim, depending on which legal route you elect to take. These Statutes of Limitation are strictly enforced by the Courts and failure to abide by them in a timely fashion could result in your being barred (prevented) from ever bringing a claim.

This shall confirm that the Locks Law Firm, LLC is not representing you in any capacity.

Very truly yours,
LOCKS LAW FIRM LLC

James J. Pettit

JJP/ka
cc:  Randolph Lafferty, Esquire

LAW OFFICES

# HOFFMAN ♦ DIMUZIO

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS



JOSEPH J. HOFFMAN, JR.
KENNETH A. DIMUZIO, SR.
ERNEST L. ALVINO, JR.
ROBERT J. WILTSEE
DANTE B. PARENTI
LAURA J. GLENN
PETER J. BONFIGLIO, III
DONALD CARUTHERS, III
LEONARD L. GRASSO, JR.*
CRAIG W. KUGLER
ROBERT P. GROSSMAN
MICHAEL W. GLAZE
SCOTT C. MCKINLEY
CHRISTINE DIMUZIO SOROCHEN
CRISTIE R. NASTASI
KENNETH A. DIMUZIO, JR.
JAMES M. CARTER
JAMES S. TAYLOR
JEREMIAH J. ATKINS
JOSEPH J. HOFFMAN, III
RICHARD S. HOFFMAN, JR.
JOHN P. CIOCCO*

OF COUNSEL:
ERNEST L. ALVINO, SR.
CHARLES J. SPRIGMAN, JR.
JOSEPH J. SLACHETKA
DONALD F. BROWNE, JR.
VICTORIA M. DALTON

*Licensed in NJ & PA

Direct Dial: (856) 845-8243
Facsimile: (856) 686-3552
dbrowne@hoffmandimuzio.com

25-35 Hunter Street
Post Office Box 7
Woodbury, New Jersey 08096

OTHER LOCATIONS:

1739-1753 Delsea Drive
Post Office Box 285
Franklinville, New Jersey 08322
Telephone: (856) 694-0306
Facsimile: (856) 694-2737

4270 Route 42
Turnersville, New Jersey 08012
Telephone: (856) 637-3000
Facsimile: (856) 637-3001

412 Swedesboro Road
Mullica Hill, NJ 08062
Telephone: (856) 803-5800
Facsimile: (856) 803-5036

515 Woodbury-Glassboro Road
Post Office Box 482
Sewell, New Jersey 08080
Telephone: (856) 256-9222
Facsimile: (856) 256-9220

1719 Rittenhouse Square
Philadelphia, PA 19103
Telephone: (215) 279-9555

March 19, 2013

**Via Regular Mail**
Mr. Anthony Denson
804 Lyons Street
New Orleans, LA 70115

    **Re:**    **Your potential claim**

Dear Mr. Denson:

    Thank you for providing me with the opportunity to discuss your legal rights today. As I advised, we would not be in a position to handle this particular claim on your behalf against Merck. However, I would urge you to secure a second opinion from another law firm. Only in this way would you have the peace of mind of knowing whether or not a viable claim exists. Please be advised that this decision is based on our firm's opinion only, and is not a reflection of whether or not the case would be meritorious. Our decision not to proceed is based on practical considerations, including a weighing of the time, effort and expenses anticipated to be required to pursue a claim versus the likelihood of any recovery.

    As we discussed, in New Jersey there is a two-year statute of limitations. The statute of limitations is a time period during which a lawsuit must be filed in order to preserve the legal rights to a claim. The statute of limitations begins on the day of the incident. There are, however, some exceptions to this rule which may prolong the statute of limitations in certain instances, such as when the negligence was not reasonably discoverable until sometime later. If a lawsuit is not filed within the statute of limitations period, the Court could dismiss what would have been an otherwise valid claim. Only a Court can definitively make the determination as to when the statute of limitations expires. As

we have not performed a detailed analysis as to when the statute of limitations would run regarding the potential claim, we suggest that if you are interested in pursuing this matter further, you seek another opinion from another attorney immediately.

You should also be aware that if this matter involves a claim against the public entity, notice of the possible claim must be given to that entity within 90 days of the date of the alleged incident. This is done by sending to the public entities which you believe are responsible for the incident what is known as a Notice of Tort Claim within that 90 day period. Failure to provide a timely notice may result in forever being barred from pursuing an action against that public entity. In certain limited circumstances, after receiving permission from the Court, you may be able to file a late Notice of Tort Claim, but this must be done as soon as possible and no later than one year following the incident at issue. It is extremely important if you wish to proceed with this matter further with another attorney, you must make certain that this issue is addressed immediately.

Pursuant to the above, should you wish to proceed with this matter, I suggest that you contact another attorney immediately.

One of the things we discussed is the importance of filing a complaint with the Ombudsman at the New Jersey Department of Health and Senior Services. The Office of the Ombudsman for the Institutionalized Elderly investigates allegations of abuse and neglect for people age 60 and older, who live in nursing homes and other long-term healthcare facilities. "The Ombudsman" is like the police department over nursing homes. The Ombudsman maintains a 24-hour hotline for complaints about abused and neglected nursing home residents: 1-877-582-6995. The Ombudsman has tremendous powers to enter a facility unannounced and to demand the immediate review of the facility and any documentation. Their investigators will inspect the nursing home chart and perform an investigation concerning your complaints and your loved one's injuries. In some situations, the investigator actually speaks with the nurses who cared for your loved one.

Before closing, I would like to update you on some recent developments in our firm. As you may already know, we have grown rapidly over the past few years and we now have six separate locations for the convenience of our clients. With 27 attorneys and a very large staff of paralegals and secretaries to serve you, we can provide the powerful resources of a large firm and the personal attention of a small one.

Each of the attorneys in our firm concentrates in a particular area of law, and we have expanded the areas of our practice to include that of labor/employment law and immigration law. These are in addition to the eight departments of the firm previously in place. Please remember, however, that whether you have a very large case, such as the one we handled on behalf of the victims tragically injured in the Tropicana Casino parking garage collapse a few years ago, or a very small case, we will always do our very best to serve you.

Finally, we would appreciate it if you would visit our newly designed website at hoffmandimuzio.com. There you will find additional information concerning the legal services that our firm provides. Thank you for your attention to this matter. We are sorry that we could not be of assistance to you and wish you the best in the future. Remember you should never hesitate to contact

**HOFFMAN ♦ DIMUZIO**

me directly if you, your family members or friends are in need of legal services.  I will personally
ensure that all legal matters are handled properly.

Very truly yours,

Donald F. Browne, Jr.

DFB/tlp
cc:     Joseph Hoffman, Jr., Esquire

P.S.     It is our practice to advise our clients as to the importance of having a Last Will and
Testament, a Living Will, and Power of Attorney prepared on their behalf.  Should you have questions
concerning the advisability of having these documents prepared for you, I would appreciate it if you
would call Robert J. Wiltsee, Esquire.  Bob will be more than happy to answer any questions that you
may have concerning this subject matter and prepare any documents that you may desire.