UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: VIOXX PRODUCTS** | MDL No. 1657 |
| **LIABILITY LITIGATION** | Section: L |
| | |
| **This document applies to:** | |
| *Poole v. Eichholz Law Firm, P.C., et al.* | Judge Eldon E. Fallon |
| E.D. La., Case No. 2:11-cv-1546 | Mag. Judge Knowles |

## PLAINTIFFS' OPPOSITION TO DEFENDANT THE EICHHOLZ LAW FIRM, P.C.'S MOTION FOR RECONSIDERATION

**COME NOW** Class Counsel Mark A. Tate, C. Dorian Britt and Tate Law Group, LLC (collectively "Class Counsel"), on behalf of Plaintiffs Verie Poole and the Settlement Class, and submit the following Opposition to Defendant The Eichholz Law Firm, P.C.'s Motion for Reconsideration, showing the following:

### I.   STATEMENT OF FACTS

After a year and half of litigating this case, the Parties engaged in substantive settlement discussions in January of this year. During these discussions it was determined and agreed that the total number of Settlement Class Members was twenty-five (25). It was further determined and agreed that the total amount of all fees, interest, and charges paid to Pacific Legal Funding ("PLF") by the Settlement Class Members in connection with their advances was $75,369.53. In order to effectuate a settlement that would substantially benefit the Settlement Class Members within the range possible to Defendants, it was contemplated that the Settlement Class Members would receive reimbursement of seventy-five percent (75%) of their fees, interest and charges paid to

PLF. In the event that all 25 Settlement Class Members participated in the settlement, Class Counsel agreed to cap their attorneys' fees and expenses at one-third of the gross settlement amount. The gross amount of the settlement was $95,000.00.

The Parties presented this Court with a proposed Class Action Settlement on March 26, 2013. By Order dated May 17, 2013, this Court granted preliminary approval of the proposed Settlement between the Parties, conditionally certifying the Settlement Class, ordering notice to potential Class Members, and providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed Settlement. The Court also provisionally approved the procedure for giving notice and the forms of notice, and set a final Fairness Hearing to take place on August 27, 2013. (Prelim. Approv. Order, May 17, 2013, ECF No. 64411).

Notice of the proposed settlement was mailed to all 25 members of the Settlement Class in May. By the time the deadline to submit a claim expired on July 22, 2013, seventeen (17) of the Settlement Class Members had returned claim forms. No members of the Settlement Class objected to the proposed settled and none chose to be excluded from the settlement. The total (i.e. 100%) amount of fees, interest, and charges paid by the 17 Settlement Class Members who submitted claim forms is $62,148.24. Pursuant to the terms of the Settlement Agreement, these individuals would be reimbursed 75% of that amount, or $46,611.18. After including an incentive award to Plaintiff Verie Poole in the amount of $1,000, the total net payment to Settlement Class Members, pursuant to the Settlement Agreement, is $47,611.18, with a remaining balance of $47,388.82.

Pursuant to this Court's direction and Fed. R. Civ. P. 23(h), Class Counsel filed

their motion for approval of their attorneys' fees and expenses on August 6, 2013. In light of the amount of settlement funds that would remain after disbursement to the Settlement Class Members, Class Counsel asked that they receive their litigation expenses in addition to a one-third fee. Class Counsel mailed a copy of their motion to each Settlement Class Member who submitted a claim form. No Settlement Class Member has raised any objection to this motion.

On August 27, 2013, after conducting a hearing, this Court entered its Order and Reasons granting final approval of the settlement, but reserved ruling on Class Counsel's motion regarding attorneys' fees and expenses until a later date. (Doc. 64529). The Court subsequently conducted a hearing on Class Counsel's motion for fees and expenses, and on September 18, 2013 granted said motion in part. (Doc. 64601). Specifically, this Court approved fees to Class Counsel of one-third of the gross settlement amount and also expenses in the amount of $8,493.08.

Defendant The Eichholz Law Firm, P.C. has moved for reconsideration of the Court's September 18, 2013 Order seeking, *inter alia*, reversal of its award of fees and expenses. For the reasons set forth below, Defendant's motion should be denied.

## II.  ARGUMENT AND CITATION OF AUTHORITY

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). "The amount of the award of attorneys' fees and expenses is controlled by the Court and is within its sound discretion." In re Computron

Software, 6 F. Supp. 2d 313, 321 (D.N.J. 1998).

Importantly, "[a] district court is not bound to the agreement of the parties to the amount of attorneys' fees." Piambino v. Bailey, 610 F.2d 1306, 1328 (5th Cir. 1980). "[T]he district court must not cursorily approve the attorney's fees provision of a class settlement or delegate that duty to the parties." Strong v. BellSouth Telcoms., 137 F.3d 844, 850 (5th Cir. 1998). "[T]he district court has an independent supervisory duty to assess the appropriateness of the fee award apart from any agreement reached by plaintiff and defense counsel." Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1296 n.9 (11th Cir. 1999). If a court disagrees with the amount of attorneys' fees and expenses agreed to by the settling parties, "[t]he Court has the discretion to amend or modify the award of attorneys' fees." Little-King v. Hayt Hayt & Landau, 2013 U.S. Dist. LEXIS 129587, 51-52 (D.N.J. Sept. 10, 2013).

In the present case, while the Parties initially agreed to a proposed amount of attorneys' fees and expenses in the Settlement Agreement, that amount was always subject to the Court's approval. Indeed, Fed. R. Civ. P. 23(h) clearly requires that any award of class action fees and expenses be submitted to the district court for consideration. As indicated above, this Court was vested with authority not only to approve or disapprove the amount of fees and expenses contemplated by the Parties, but also was granted discretion to modify those fees or expenses to the extent it deemed appropriate. The Court's September 18, 2013 Order modifying the amount of fees and expenses Class Counsel will receive was well within its authority and discretion. Accordingly, Defendant's motion for reconsideration should be denied.

Dated:   October 21, 2013.


Respectfully submitted,

   /s/ *Mark A. Tate*
Mark A. Tate
Georgia Bar No. 698820
C. Dorian Britt
Georgia Bar No. 083259
Counsel for Plaintiff Verie Poole and the settlement class

**TATE LAW GROUP, LLC**
2 East Bryan Street
Suite 600
Savannah, Georgia 31401
Tel: (912) 234-3030
Fax: (912) 234-9700
Email: marktate@tatelawgroup.com