UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Allen Atkinson, et al.  v. Merck Sharp & Dohme Corp.*, | * | KNOWLES |
| No. 2:05-cv-04130-EEF-DEK  (Plaintiff Todd | * | |
| Jelden) | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK, SHARP & DOHME CORP.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Todd Jelden filed this lawsuit on August 25, 2005.  In connection with enrolling in the Vioxx Resolution Program on June 30, 2008, Plaintiff submitted a Claims Form and Claims Package alleging that he had suffered a myocardial infarction ("MI"), commonly referred to as a heart attack, on January 5, 2001.  Because Plaintiff failed to provide any evidence of the alleged heart attack, his claims were rejected by the Vioxx Resolution Program's Claims Administrator, and, rather than appeal to the Program's Special Master, Plaintiff elected to enter a Future Evidence Stipulation pursuant to Section 2.7.3 of the Settlement Agreement.

In section A of Plaintiff's Future Evidence Stipulation, Plaintiff again claimed a single injury—heart attack, or MI.  Plaintiff also stipulated and affirmed that Plaintiff would "not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's

Claims Administrator . . . <u>or allege an injury connected with Vioxx other than the injury or injuries [he] claimed through the Program, which is/are reflected in Section A of this Stipulation</u>." Future Evidence Stipulation (Ex. A)  (emphasis added).

Since exiting the Settlement Program and returning to this Court however, Plaintiff seeks to pursue an entirely different injury than the one alleged in the Vioxx Resolution Program.  He is now pursuing a claim for pulmonary embolism injury. Because pursuit of that claim violates the explicit terms of Plaintiff's Future Evidence Stipulation, and because Plaintiff has failed to adduce any evidence whatsoever in support of his allegation that Ms. Dunn experienced an MI, Plaintiff's claims must be dismissed.

## LEGAL STANDARD

Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(b)(2).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

## FACTUAL BACKGROUND

I.   **Brief Summary of this Litigation**

On May 20, 1999, the U.S. Food and Drug Administration approved Vioxx for sale in the United States.  Vioxx remained publicly available until September 30, 2004, when Merck voluntarily withdrew it from the market after preliminary data from a

2

1141448v1

clinical trial known as APPROVe showed an increased incidence of heart attacks in study participants using Vioxx for eighteen months or more compared to study participants taking placebo.

On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a Master Settlement Agreement that resolved over 99 percent of Vioxx claims. The requirements of that Program were set out in the Master Settlement Agreement ("Agreement" or "MSA") (Ex. B). By submitting an Enrollment Form, claimants and their enrolling counsel agreed to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4. Submission of an Enrollment Form was irrevocable, and a claimant could not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program. *See* MSA § 1.2.3.

As part of the settlement process, claimants submitted to the Claims Administrator complete Claims Packages, including key pharmacy records and medical records. *See* MSA §§ 1.3.1, 1.2.2.1.

In order to be eligible for payment, claimants had to meet certain criteria regarding their alleged injury, their duration of Vioxx usage, and proximity of Vioxx usage to the injury alleged. The Claims Administrator made the initial determination as to whether the requisite gate criteria had been satisfied. *See* MSA §§ 2.1, 2.2, 2.3. If the Claims Administrator determined that a claimant did not meet the requisite gate requirements, the Gate Committee conducted an additional review. *See* MSA § 2.5. If the Gate

Committee also determined that a claimant was not eligible, the claimant could appeal the Gate Committee's determination to the Special Master as set forth in the MSA.  *See* MSA § 2.6.  The Special Master's decision on claimant eligibility was binding, final, and non-appealable.  *See* MSA § 2.6.3.

Alternatively, program claimants who chose not to appeal the Gate Committee's determination of ineligibility could exit the Resolution Program and obtain return of their release and stipulation of dismissal by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility.  See MSA § 2.7.3.  If the FES was not executed and delivered within thirty days, the MSA directed the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck.  *See* MSA § 2.7.2.

## II. Plaintiff Enrolled in the Resolution Program Alleging that Vioxx Caused Him to Experience a Myocardial Infarction, But His Claims Were Deemed Ineligible For Lack of Evidence.

Plaintiff elected to enroll in the Vioxx Resolution Program, and his counsel submitted a Claims Form on his behalf on June 30, 2008.  In that Claims Form, Plaintiff stated that the alleged injury was a myocardial infarction that he had suffered on January 5, 2001.  *See* Ex. C.

On May 19, 2009, the Claims Administrator issued a Notice of Ineligibility on Plaintiff's claim based on insufficient proof for all three gates—Injury, Duration, and Proximity—and Plaintiff was given an opportunity to submit additional evidence.  *See* Ex. D.  Upon a second review by the Gate Committee, Plaintiff's claims again were

4

1141448v1

deemed ineligible on June 23, 2009 for failure to provide proof of his alleged injury.  *See* Ex. E.

Rather than appeal the denial of his claim, Plaintiff elected to execute a Future Evidence Stipulation pursuant to the MSA.  On July 22, 2009, he provided an executed and notarized Future Evidence Stipulation.  *See* Ex. A.

In section A of Plaintiff's Future Evidence Stipulation, Plaintiff claimed a single injury—heart attack, or MI.  Moreover, in the same document, Plaintiff stipulated to and affirmed the following:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as set forth in or appended to my Claims Package, <u>or allege an injury connected with Product other than the injury I claimed through the Program which is/are reflected in Section A of this Stipulation</u>.

*See id*. ¶ 6 (emphasis added).  Again, MI is the only injury alleged in section A of Plaintiff's Stipulation.  *Id.*  Plaintiff did not identify a secondary injury.  *Id.*

### III.   Plaintiff Admits He Never Experienced a Myocardial Infarction.

At no time has Plaintiff been able to produce any *prima facie* evidence establishing that Plaintiff experienced an MI.  No doctor ever diagnosed Plaintiff with such an injury.  Indeed, when Merck's counsel reviewed Plaintiff's Future Evidence Stipulation with him at his deposition, Plaintiff made clear that he never experienced an MI:

> Q.   And if you turn to the second page, it says, "Primary Injury Claimed:  MI."  Do you understand an MI to be a myocardial infarction?

      A.  Yes, I do.

      Q.  And is myocardial infarction another way of saying what we commonly call a heart attack?

      A.  Correct.

      Q.  Have you ever had a heart attack?

      A.  No.

Jelden Dep. Tr. 121:19–122:2 (attached as Ex. F).

## ARGUMENT

**I.    PLAINTIFF IS BOUND BY HIS FUTURE EVIDENCE STIPULATION.**

Plaintiff has stipulated that the only claims he will raise in this litigation concern her alleged MI. Plaintiff, after being deemed ineligible for the Resolution Program for lack of evidence, has returned to this Court to litigate his claims pursuant to her Future Evidence Stipulation that he signed on July 22, 2009. Pursuant to that Stipulation, Plaintiff agreed that, upon returning to this Court, his alleged claims would be strictly limited to the injury he presented for evaluation to the Resolution Program—namely, myocardial infarction. *See* Ex. A § B.6.

As this Court is aware, the Resolution Program was designed in part to ensure that plaintiffs could not take more than "one bite at the apple." In other words, the Program was structured such that, if a plaintiff decided to enroll in the Resolution Program and pursue resolution of his claims according to its terms, he could not later pursue a claim against Merck for entirely different injuries related to their consumption of Vioxx. Here, during the entire time that Plaintiff's claim travelled through the various stages of the Resolution Program, MI was the only alleged injury he asserted, including in Section A

1141448v1

of Plaintiff's Future Evidence Stipulation, where he expressly agreed not attempt to "allege an injury connected with Vioxx other than the injury or injuries [he] claimed through the Program, which is/are reflected in Section A of this Stipulation." Ex. A.

Plaintiff can proffer no evidence that he suffered an MI in September 2001.  In fact, notwithstanding his claim in his claims form that he suffered an MI, he admitted during his deposition that he never had an MI.  *See supra* pp. 5–6.  Plaintiff's admission that he never actually suffered the injury he alleges warrants summary judgment.  And, because Plaintiff is now attempting to pursue a claim for an entirely different injury, contrary to the terms of the Resolution Program and his Stipulation that he would not pursue such a claim, his claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated:  October 24, 2013  　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Dorothy H. Wimberly*
　　　　　　　　　　　　　　　　　　　　　Phillip A. Wittmann, 13625
　　　　　　　　　　　　　　　　　　　　　Dorothy H. Wimberly, 18509
　　　　　　　　　　　　　　　　　　　　　STONE PIGMAN WALTHER
　　　　　　　　　　　　　　　　　　　　　WITTMANN L.L.C.
　　　　　　　　　　　　　　　　　　　　　546 Carondelet Street
　　　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana 70130
　　　　　　　　　　　　　　　　　　　　　Phone: 504-581-3200
　　　　　　　　　　　　　　　　　　　　　Fax:    504-581-3361

　　　　　　　　　　　　　　　　　　　　　Defendants' Liaison Counsel

1141448v1

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

*Attorneys for Merck, Sharp & Dohme Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of October, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1141448v1