UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Valerie A. Silva v. Merck Sharp & Dohme Corp.*, No. | * | KNOWLES |
| 2:05-cv-01768-EEF-DEK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK, SHARP & DOHME CORP.'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Valerie A. Silva filed this lawsuit on February 15, 2006. In connection with enrolling in the Vioxx Resolution Program on December 8, 2008, Plaintiff submitted a Claims Form and Claims Package alleging that Plaintiff had suffered a myocardial infarction ("MI"), commonly referred to as a heart attack, on August 8, 2005. Because Plaintiff failed to provide any evidence of the alleged heart attack or any Vioxx usage, her claims were rejected by the Vioxx Resolution Program's Claims Administrator, and, rather than appeal to the Program's Special Master, Plaintiff elected to enter a Future Evidence Stipulation pursuant to Section 2.7.3 of the Settlement Agreement.

In section A of Plaintiff's Future Evidence Stipulation, Plaintiff again claimed a single injury—heart attack, or MI. Plaintiff also stipulated and affirmed that Plaintiff would "not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator . . . or allege an injury connected with Vioxx other than the injury

1

or injuries [she] claimed through the Program, which is/are reflected in Section A of this Stipulation." Future Evidence Stipulation (attached as Ex. A) (emphasis added).

Since exiting the Settlement Program and returning to this Court however, Plaintiff seeks to pursue an entirely different injury than the one alleged in the Vioxx Resolution Program. She is now pursuing a claim for pulmonary embolism injury. Because pursuit of that claim violates the explicit terms of Plaintiff's Future Evidence Stipulation, and because Plaintiff has failed to adduce any evidence whatsoever in support of her allegation that Plaintiff experienced an MI, Plaintiff's claims must be dismissed.

## LEGAL STANDARD

Summary judgment should be entered where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b)(2). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

## FACTUAL BACKGROUND

**I.      Brief Summary of this Litigation**

On May 20, 1999, the U.S. Food and Drug Administration approved Vioxx for sale in the United States. Vioxx remained publicly available until September 30, 2004, when Merck voluntarily withdrew it from the market after preliminary data from a clinical trial known as APPROVe showed an increased incidence of heart attacks in study

2

participants using Vioxx for eighteen months or more compared to study participants taking placebo.

On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a Master Settlement Agreement that resolved over 99 percent of Vioxx claims.  The requirements of that Program were set out in the Master Settlement Agreement ("Agreement" or "MSA") (attached as Ex. B).  By submitting an Enrollment Form, claimants and their enrolling counsel agreed to be bound by all of the terms and conditions of the Agreement.  *See* MSA § 1.2.4.  Submission of an Enrollment Form was irrevocable, and a claimant could not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of her Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program.  *See* MSA § 1.2.3.

As part of the settlement process, claimants submitted to the Claims Administrator complete Claims Packages, including key pharmacy records and medical records.  *See* MSA §§ 1.3.1, 1.2.2.1.

In order to be eligible for payment, claimants had to meet certain criteria regarding their alleged injury, their duration of Vioxx usage, and proximity of Vioxx usage to the injury alleged.  The Claims Administrator made the initial determination as to whether the requisite gate criteria had been satisfied.  *See* MSA §§ 2.1, 2.2, 2.3.  If the Claims Administrator determined that a claimant did not meet the requisite gate requirements, the Gate Committee conducted an additional review.  *See* MSA § 2.5.  If the Gate Committee also determined that a claimant was not eligible, the claimant could appeal the

Gate Committee's determination to the Special Master as set forth in the MSA. *See* MSA § 2.6. The Special Master's decision on claimant eligibility was binding, final, and non-appealable. *See* MSA § 2.6.3.

Alternatively, program claimants who chose not to appeal the Gate Committee's determination of ineligibility could exit the Resolution Program and obtain return of their release and stipulation of dismissal by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility. See MSA § 2.7.3. If the FES was not executed and delivered within thirty days, the MSA directed the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck. *See* MSA § 2.7.2.

## II. Plaintiff Enrolled in the Resolution Program Alleging that Vioxx Caused Her to Experience a Myocardial Infarction, But Her Claims Were Deemed Ineligible For Lack of Evidence.

Plaintiff elected to enroll in the Vioxx Resolution Program, and her counsel submitted a Claims Form on her behalf on December 8, 2008. In that Claims Form, Plaintiff stated that the alleged injury was a myocardial infarction that she had suffered on August 8, 2004. *See* Ex. C.

On March 30, 2009, the Claims Administrator issued a Notice of Ineligibility on Plaintiff's claim based on insufficient proof for all three Gates—Injury, Duration, and Proximity—and Plaintiff was given an opportunity to submit additional evidence. *See* Ex. D. Upon a second review by the Gate Committee, Plaintiff's claims were deemed ineligible on July 6, 2009 for failing again to pass any of the three Gates. *See* Ex. E.

Rather than appeal the denial of her claim, Plaintiff elected to execute a Future Evidence Stipulation pursuant to the MSA. On August 6, 2009, she provided an executed and notarized Future Evidence Stipulation. *See* Ex. A.

In section A of Plaintiff's Future Evidence Stipulation, Plaintiff claimed a single injury—heart attack, or MI. Moreover, in the same document, Plaintiff stipulated to and affirmed the following:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as set forth in or appended to my Claims Package, <u>or allege an injury connected with Product other than the injury I claimed through the Program which is/are reflected in Section A of this Stipulation</u>.

*See id*. ¶ 6 (emphasis added). Again, MI is the only injury alleged in section A of Plaintiff's Stipulation. *Id.* Plaintiff did not identify a secondary injury. *Id.*

### III.  Plaintiff Has Failed to Produce Evidence of Having Experienced a Myocardial Infarction.

At no time has Plaintiff been able to produce any *prima facie* evidence establishing that Plaintiff experienced an MI. No doctor ever diagnosed Plaintiff with such an injury. Indeed, Plaintiff admitted during her deposition that she never suffered a heart attack. Silva Dep. Tr. 133:4–10 (attached as Ex. F).

## ARGUMENT

I.   **PLAINTIFF IS BOUND BY HER FUTURE EVIDENCE STIPULATION.**

Plaintiff has stipulated that the only claims she will raise in this litigation concern her alleged MI.  Plaintiff, after being deemed ineligible for the Resolution Program for lack of evidence, has returned to this Court to litigate her claims pursuant to her Future Evidence Stipulation that she signed on July 30, 2009.  Pursuant to that Stipulation, Plaintiff agreed that, upon returning to this Court, her alleged claims would be strictly limited to the injury she presented for evaluation to the Resolution Program—namely, myocardial infarction.  *See* Ex. A § B.6.

As this Court is aware, the Resolution Program was designed in part to ensure that plaintiffs could not take more than "one bite at the apple."  In other words, the Program was structured such that, if a plaintiff decided to enroll in the Resolution Program and pursue resolution of his claims according to its terms, he could not later pursue a claim against Merck for entirely different injuries related to their consumption of Vioxx.  Here, during the entire time that Plaintiff's claim travelled through the various stages of the Resolution Program, MI was the only alleged injury she asserted, including in Section A of Plaintiff's Future Evidence Stipulation, where she expressly agreed not attempt to "allege an injury connected with Vioxx other than the injury or injuries [she] claimed through the Program, which is/are reflected in Section A of this Stipulation." Ex. A.

Plaintiff can proffer no evidence that she suffered an MI in September 2001.  In fact, she admits that she did not.  *See supra* p.5.  Plaintiff's failure to produce *prima facie*

6

evidence that she actually suffered the injury she alleges warrants summary judgment. And, because Plaintiff is now attempting to pursue a claim for an entirely different injury, contrary to the terms of the Resolution Program and her Stipulation that she would not pursue such a claim, her claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.


Dated:  October 24, 2013                    Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

*Attorneys for Merck, Sharp & Dohme Corp.*

7

1141501v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of October, 2013.

          */s/ Dorothy H. Wimberly*
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER
          WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana  70130
          Phone:  504-581-3200
          Fax:     504-581-3361
          dwimberly@stonepigman.com

          Defendants' Liaison Counsel