UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Rita B. Barker, et al. v. Merck Sharp & Dohme Corp.*, | * | KNOWLES |
| Civ. A. No. 2:05-6535-EEF-DEK (Plaintiff Mabell | * | |
| Dumbell) | * | |

**************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to L.R. 56.1, Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1.  On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a Master Settlement Agreement that resolved over 99 percent of Vioxx claims. The requirements of that Program were set out in the Master Settlement Agreement ("Agreement" or "MSA") (attached as Ex. B). By submitting an Enrollment Form, claimants and their enrolling counsel agreed to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4. Submission of an Enrollment Form was irrevocable, and a claimant could not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of

1141510v1

her Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program.  *See* MSA § 1.2.3.

2.   As part of the settlement process, claimants submitted to the Claims Administrator complete Claims Packages, including key pharmacy records and medical records.  *See* MSA §§ 1.3.1, 1.2.2.1.

3.   In order to be eligible for payment, claimants had to meet certain criteria regarding their alleged injury, their duration of Vioxx usage, and proximity of Vioxx usage to the injury alleged.  The Claims Administrator made the initial determination as to whether the requisite gate criteria had been satisfied.  *See* MSA §§ 2.1, 2.2, 2.3.  If the Claims Administrator determined that a claimant did not meet the requisite gate requirements, the Gate Committee conducted an additional review.  *See* MSA § 2.5.  If the Gate Committee also determined that a claimant was not eligible, the claimant could appeal the Gate Committee's determination to the Special Master as set forth in the MSA.  *See* MSA § 2.6.  The Special Master's decision on claimant eligibility was binding, final, and non-appealable.  *See* MSA § 2.6.3.

4.   Alternatively, program claimants who chose not to appeal the Gate Committee's determination of ineligibility could exit the Resolution Program and obtain return of their release and stipulation of dismissal by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility.  See MSA § 2.7.3.  If the FES was not executed and delivered within thirty days, the MSA directed the Claims Administer to

deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck. *See* MSA § 2.7.2.

5. Plaintiff elected to enroll in the Vioxx Resolution Program, and her counsel submitted a Claims Form on her behalf on July 1, 2008. In that Claims Form, Plaintiff stated that the alleged injury was a myocardial infarction that she had suffered on August 8, 2004. *See* Ex. C.

6. On September 16, 2009, the Claims Administrator issued a Notice of Ineligibility on Plaintiff's claim based on insufficient proof for all three Gates―Injury, Duration, and Proximity―and Plaintiff was given an opportunity to submit additional evidence. *See* Ex. D. Upon a second review by the Gate Committee, Plaintiff's claims again were deemed ineligible on January 13, 2010 for failing again to pass any of the three Gates. *See* Ex. E.

7. Rather than appeal the denial of her claim, Plaintiff elected to execute a Future Evidence Stipulation pursuant to the MSA. On February 12, 2010, she provided an executed and notarized Future Evidence Stipulation. *See* Ex. A.

8. In section A of Plaintiff's Future Evidence Stipulation, Plaintiff claimed a single injury—heart attack, or MI. Moreover, in the same document, Plaintiff stipulated to and affirmed the following:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as set forth in or appended to my Claims Package, <u>or allege an injury connected with Product other than the injury I claimed through the Program which is/are reflected in Section A of this Stipulation</u>.

*See id*. ¶ 6 (emphasis added).  Again, MI is the only injury alleged in section A of Plaintiff's Stipulation.  *Id.*  Plaintiff did not identify a secondary injury.  *Id.*

9. At no time has Plaintiff been able to produce any *prima facie* evidence establishing that she experienced a stroke in February 2003 or at any other time.  No doctor has diagnosed her with such an injury at any time.  Nor does her *Lone Pine* report claim ischemic stroke.  *See* Ex. F.

Dated:  October 24, 2013                                      Respectfully submitted,

                                     By: */s/ Dorothy H. Wimberly*
                                         Phillip A. Wittmann, 13625
                                         Dorothy H. Wimberly, 18509
                                         STONE PIGMAN WALTHER
                                         WITTMANN L.L.C.
                                         546 Carondelet Street
                                         New Orleans, Louisiana 70130
                                         Phone: 504-581-3200
                                         Fax:    504-581-3361

                                         Defendants' Liaison Counsel

                                          —and—

                                         Douglas R. Marvin
                                         Eva Petko Esber
                                         M. Elaine Horn
                                         WILLIAMS & CONNOLLY LLP
                                         725 Twelfth Street, N.W.
                                         Washington, D.C. 20005
                                         Phone: 202-434-5000
                                         Fax:    202-434-5029

                                         *Attorneys for Merck Sharp & Dohme Corp.*

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Statement of Material Facts As to Which There Is No Dispute has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of October, 2013.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1141510v1