UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Don R Ham
10-22-2013

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| This Document relates to: | * | HONORABLE JUDGE FALLON |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | * | MAGISTRATE JUDGE KNOWLES |

**********************************************************************

### AMENDMENT TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - THE MOVING PARTY MUST FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE FOR SUMMARY JUDGMENT, RULE 56, AND DEFENDANT MERCK HAS FAILED TO DO SO

The non-movant, Plaintiff Dennis Harrison moves to amend his MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT by adding the following language. The non-movant Plaintiff Dennis Harrison, asserts in opposition to Defendants assertion that Vioxx could not have caused his femur fracture, the following statement, contained on the FDA web site which was found at (www.access_data.fda.gov/drugsatfda/2002/21-042s007_Vioxx.cfm), in a document found in section Medical Reviews(s), Part 1 (PDF) on page 10.

1. "A second area of concern is that there were more fractures in the rofecoxib 50 mg group as compared to naproxen in this data set, and this is consistent with the VIGOR study (also in a population of patients with RA) in which there were 41 (1%) and 29 (0.7%) fractures (all sites) in the rofecoxib and naproxen groups, respectively." ; and also states,

2. " Since COX-2 is involved in regulation of bone metabolism, concerns have been raised regarding the long term bone effects of COX-2 inhibitors".

The first statement calls attention to an increase of 12 Fractures more in the Vioxx group when compared to the ibupropen group fractures of 29. That means a 41% increase (calculated as 12 divided by 29) was experienced by Vioxx users.

This stands in stark opposition to Dr. Blavatsky's opinion that Vioxx played no part in Plaintiff's femur fracture, and as the statement comes from the official FDA site, it is admissible.

The second statement reflects that the presumption contained in the 21-042 E. Clinical Safety section with regards to the risks of COX-2 INHIBITORS, is still very much a presumption of the FDA that had not been overcome when the review took place in or about December 2001, which supports Plaintiff's argument that this indeed was and still is the presumption of the FDA.

On or about May 13, 2013 Merck filed its responses to Dennis Harrison's Interrogatories, and that document is now presented here as Plaintiff Ex. BY – part 1 and part II. Starting on page 11 the first in a series of questions with regards to the 2002 Label where in there appeared the following statement contained in the approved label "ADVERSE REACTIONS": "Musculoskeletal System: ankle sprain, arm pain, arthralgia, back strain, bursitis, cartilage trauma, joint swelling, muscular cramp, muscular disorder, muscular weakness, musculoskeletal pain, musculoskeletal stiffness, myalgia, osteoarthritis, tendinitis, traumatic arthropathy, wrist fracture." , the question was 4(a) "What does Merck mean by the simple phrase "wrist fracture" and what does Merck believes causes "wrist fracture" ?

Merck first states that it is answering based on the 1999 Label, see, Plaintiff's Ex. F, which does not have the quoted statement in it.

Then Merck, without hesitation states, the quoted language speaks for itself… and "wrist fracture" can be assumed to mean a fracture of the wrist.

Never-the-less, Plaintiff must conclude that in spite of the fact that the reviewer of the Vigor study noted a 41% increase in the number fractures reported in the rheumatoid arthritis (VIGOR) study of Vioxx users as compared to ibuprofen users in the same study, the only fracture that was mentioned

directly in the April 2002 label that was even significance at all to report was a mere incidence of unknown causation was the wrist fracture.

The answers Merck gave pre-supposed that Merck would never have to answer questions with any more detail than they had just done because their answers had passed muster with the FDA Act 21 U.S.C. 355 ("the ACT") and are entirely sufficient under the ACT.

However, the question is not being asked under the ACT, it is being asked under 21 U.S.C. 352 (f) because Merck has already plead guilty to fraud under 21 U.S.C. 352(f) and it must now prove the safety of Vioxx, to a standard of a preponderance of evidence and it has merely stated that the issues raised by the reviewer were not answered by any means or reference, no matter how obscure, by any expansive interpretation of wrist fracture meaning, all fractures, or covering femur fractures, or being representative of all fractures.

Therefore, Plaintiff has conclusively shown that Merck had not covered itself in any way to the charge that Vioxx may have contributed to Plaintiff's femur fracture, with the VIGOR Study, with the Protocol 083, and certainly with the Reuben et al fraud, so there is no defense having been offered by Defendant Merck against the charge that Defendant Merck's fraudulent miss representations mislead Plaintiff Dennis R. Harrison to his detriment of not being able to avoid suffering the femur fracture by not taking Defendant's drug that increased the risk of having a fracture by 41% simply by the taking Vioxx.

The fraud that Defendant Merck plead guilty to started with misrepresentations regarding the approved uses of Vioxx from within a few months of its initial approval in or about June of 1999. The study that Merck needed to gain approval for marketing Vioxx to rheumatoid arthritis patients had begun in or about May of 1999 and so had the fraudulent promotions and this fact is discussed in

the Warning Letter sent by the FDA to Merck in or about September 17, 2001.

The VIGOR study was intended to prove Vioxx's safety for rheumatoid arthritis sufferers and Merck did gain the FDA Approval in or about May of 2002. But here now we can see from the facts spoken about in the Darby vs. Merck appeal decision showing the false statements, intentional misrepresentations, concealment of factual issues that were then going on, although not admitted to until Defendant Merck's Guilty Plea on or about November 11, 2012, which is of course now known by the circulation of autographed copies being circulated in this case, but at the time of their approval in May of 2002, while the fraud was still on going, and otherwise not discovered, Merck was already seeking legal advice concerning an ongoing fraud with regards to this VIGOR study and chooses to keen them concealed under privilege . See page 48 of Plaintiff's Ex. YY, at "As to No. 26- This document is privileged and privilege will not be waived. This answer is, of course, unresponsive to <u>INTERROGATORY NO: 26</u>

Taken now in light of all the fraud surrounding this case, I believe Defendant Merck should now waive that privilege, expose itself to justice and have the attorney's who helped perpetrate the fraud take their share of responsibility and benefit from starting their lives fresh from the specter of the fraud that they helped commit; and, then go on and lead productive lives freed from the shackles of guilt that they must now be consumed by; or just settle this case and compensate Plaintiff Dennis R. Harrison for his unjust injuries, and benefit from his forgiveness, which he shall generously give when he visits them in jail along with Defendant Merck.

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

the question posed as follows:

(a) Is the following internal email topic related to the various studies implicating Vioxx in bone/healing or bone/healing general health?*

(b) If so, please describe this email in a manner that <u>can be utilized to lead to lead to the discovery of admissible evidence.</u>

"May 22, 2002 Request for legal advice and opinions regarding Risk Factors for Fracture"

|  | Document 581 of 1,947 |
|---|---|
| 13ATES_RANGE | MRK-AADG225g09-MRK-AAD0225909 |
| ATTACI-LINFO | Attached to IARK-AAD0225908-MR1<-AA00225908 |
| PRN_CLAIM | Attorney-Client Privilege |
| DATE | 0E+22+02 |
| AUTHOR | Lahner, Joanne |
| RECEPIENT | OSTIC Correspondence; DeTora, Lisa M. |
| DESCRIPTION | Document reflecting a request for legal advice and opinions regarding Risk Factors for $M_i \cdot T_a$ in Patients with Rheumatoid Arthritis study issues. |
| W_HELD_RECAC | Entire document. |
| SULREC | GRANTED |
| OX_NLIM | 2 |
| FOLDERNO | 2 |

*Plaintiff notes that this internal email was Granted Attorney-Client privilege within the Vioxx cardiovascular litigation. Plaintiff understands that this document may not be available as evidence. <u>HOWEVER the title implies that it would be reasonable to lead to lead to the discovery of admissible evidence.</u> Per the FRCP: For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| **PRODUCT LIABILITY LITIGATION** | * | **SECTION L** |
| This Document relates to: | * | **HONORABLE JUDGE FALLON** |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | * | **MAGISTRATE JUDGE KNOWLES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDMENT TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - THE MOVING PARTY MUST FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE FOR SUMMARY JUDGMENT, RULE 56, AND DEFENDANT MERCK HAS FAILED TO DO SO**

**IT IS HEREBY ORDERED** that Plaintiff be allowed to amend his "**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**" (full title above) by adding the language in this Motion which begins with:

"The non-movant Plaintiff Dennis Harrison, asserts in opposition to Defendants assertion that Vioxx could not have caused his femur fracture, the following statement, contained on the FDA web site which was found at (www.access data.fda.gov/drugsatfda/2002/21-042s007_Vioxx.cfm)" ... and ends with...

"May 22, 2002 Request for legal advice and opinions regarding Risk Factors for Fracture"

| | Document 581 of 1,947 |
|---|---|
| 13ATES_RANGE | MRK-AADG225g09-MRK-AAD0225909 |
| ATTACH-LINFO | Attached to IARK-AAD0225908-MR1<-AA00225908 |
| PRN_CLAIM | Attorney-Client Privilege |
| DATE | 0E+22+02 |
| AUTHOR | Lahner, Joanne |
| RECEPIENT | OSTIC Correspondence; DeTora, Lisa M. |
| DESCRIPTION | Document reflecting a request for legal advice and opinions regarding Risk Factors for $M_i \cdot T_o$, in Patients with Rheumatoid Arthritis study issues. |
| W_HELD_RECAC | Entire document. |
| SULREC | GRANTED |
| OX_NLIM | 2 |
| FOLDERNO | 2 |

*Plaintiff notes that this internal email was Granted Attorney-Client privilege within the Vioxx cardiovascular litigation. Plaintiff understands that this document may not be available as evidence. HOWEVER the title implies that it would be reasonable to lead to

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| **PRODUCT LIABILITY LITIGATION** | * | SECTION L |
| This Document relates to: | * | HONORABLE JUDGE FALLON |
| Dennis Harrison Pro Se 2:07-cv-00905-EEF-DEK | * | MAGISTRATE JUDGE KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - THE MOVING PARTY MUST FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE FOR SUMMARY JUDGMENT, RULE 56, AND <u>DEFENDANT MERCK HAS FAILED TO DO SO</u>

**IT IS HEREBY ORDERED:**

DEFENDANT HAS FAILED TO ASSERT A PRIMA FACIA CASE ON THE MERITS.

DEFENDANT MERCK'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

DEFENDANT HAS FILED MOTION IN BAD FAITH AND HERE ORDERS:

DEFENDANT TO PAY $25,000 AS A SANCTIONED LEVIED BY THE COURT AND THIS SUM IS TO BE PAID TO PLAINTIFF DENNIS R. HARRISON AS PUNISHMENT FOR BAD FAITH.

Also, So ordered.

NEW ORLEANS, LOUISIANA, this _____ day of October, 2013.

TENDERED FOR FILING

OCT 23 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**

9