**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Joe Levitt v. Merck & Co., Inc.* | * | MAGISTRATE JUDGE KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff, through her counsel of record, respectfully asks this Court to enter an Order Modifying the Scheduling Order.  As grounds for this motion, Plaintiff states the following:

1.      On July 16, 2013 the law firm of Humphrey Farrington & McClain, P.C. (HFM) filed its entry of appearance in the above-captioned case. (Rec. Doc. 64482)

2.      At the time HFM filed its Entry of Appearance Plaintiff had not yet identified or produced her expert reports which were due by June 27, 2013.

3.      On July 19th, 2013, Plaintiff filed a Motion to Modify the Scheduling Order.  (Rec. Doc. 64495).

4.      In pertinent part, Plaintiff requested that this court amend the scheduling order and allow Plaintiff additional time to designate and submit written expert reports.

5.      Plaintiff's motion was unopposed and the relevant due dates were agreed-upon by defense counsel.

6.      Upon information and belief, Plaintiff's counsel never received notification of a ruling from this Court via CM/ECF or LexisNexis File & Serve (LNFS) concerning the Motion to Amend.

7.      Upon information and belief, Plaintiff's counsel was compliant with PTO 8 in that he registered with CM/ECF and LNFS and entered his appearance on behalf of Plaintiff around the time he filed his original Motion to Amend.

8.      Plaintiff counsel's administrative assistant has placed several calls over the last couple of months out of concern that filings may be going unnoticed.  Based on these phone calls, counsel's administrative assistant thought that the electronic notification issues had been resolved.

9.      In early October, plaintiff's counsel again grew concerned due to the lack of notifications on any of the cases, including Ms. Levitt's.  At this time, plaintiff counsel's administrative assistance called the Court's office directly.

10.     On October 3, 2013, plaintiff counsel's administrative assistant was informed by one of the judicial clerks that the Court had entered an Order approving Plaintiff's Motion to Modify the Scheduling Order.  (Rec. Doc.  64565).  A copy of the above Order was emailed to plaintiff counsel's administrative assistant at 4:21 PM .

11.     Pursuant to the Court's Order, Plaintiff was given until September 16, 2013 to designate and submit expert reports.  (Rec. Doc. 64565).

12.     Due to the technical and administrative complications noted above, plaintiff's counsel was not aware that the court had granted Plaintiffs Motion to Modify.  As a result, Plaintiff did not file her expert reports by September 16, 2013.

13.     For the reasons set forth above and in Plaintiff's Suggestion in Support, filed concurrently with this Motion, Plaintiff requests that the Court amend the scheduling order. Plaintiff submits the following proposed deadlines.

        a.      Discovery to be completed by February 1, 2014.

b. All discovery motions shall be filed on or before March 1, 2014.

c. Designation of Experts and Submission of Written Expert Reports by Plaintiff - April 1, 2014.

d. Designation of Experts and Submission of Written Expert Reports by Defendant - June 1, 2014

e. Completion of Expert Depositions  - August 1, 2014

f. All Daubert and Dispositive Motions due September 1, 2014

g. Oppositions to Daubert and Dispositive Motions due October 1, 2014.

h. Replies to Oppositions to Daubert and Dispositive Motions due by October 15, 2014.

i. Daubert hearing to be determined at a later date.

14. The above proposal does not represent an extended modification of the Court's Amended Scheduling Order, particularly in light of the circumstances.

15. Plaintiff directs the Court's attention to the fact that in addition to seeking additional time to identify and provide expert reports, Plaintiff is also asking that the Court re-open discovery in this matter.

16. Plaintiff did seek consent from the Defendant prior to filing this motion.  Upon information and belief, Defendant does not oppose extending the deadline for disclosing experts and expert reports.  Defendant does oppose Plaintiff's plea to re-open discovery.

17. Plaintiff's counsel has only been involved in this case for three (3) months. Defense counsel has been involved in this litigation for almost ten (10) years.  This case has not been set for trial and there is no reasonable justification for opposing Plaintiff's request other than tactical

advantage.

18.     Plaintiff's request to re-open discovery is not submitted lightly. Plaintiff understands the importance of adhering to the Court's Scheduling Order.  Plaintiff reminds the Court, however, that since January of 2012, Plaintiff has been litigating her case on a *pro se* basis.

19.     During that time, Plaintiff made contact with numerous individuals in an attempt to retain expert witnesses in this case.  Unfortunately, due to her lack of financial means and legal expertise, Plaintiff's was unable to retain qualified industry experts who could adequately conduct the necessary research, offer admissible opinions, and submit proper Rule 26 reports.

20.     Plaintiff's claim presents complex issues of medicine, law and science.  Plaintiff's counsel has been in contact with several potential experts in this case.  Some of these potential experts have indicated that they would need more time to prepare an appropriate report for a case that has been pending as long as Plaintiff's.

21.     At least one of the potential experts has indicated that he would prefer that Plaintiff be allowed to conduct some individual discovery before a final report is required.

22.     Again, Plaintiff does not make these requests lightly.  The magnitude and complexity of the claims, however, require additional time for Plaintiff's counsel and Plaintiff's experts to adequately prepare this case for presentation to this Court.

23.     Plaintiff respectfully submits that good cause exists to grant an enlargement of time under the circumstances.

24.     The length of delay and impact on the judicial proceedings to this case is minimal.

25.     Plaintiff has acted in good faith in an attempt to retain experts and comply with the Court's scheduling orders.  Likewise, the oversights related to electronic notifications were also

excusable and plaintiff has acted in good faith to address the problem before and after the filing deadlines.

26.     This motion is not being made for the purpose of unnecessary delay or hindrance, but is being made in good faith for the purposes set forth above.

27.     In the interest of fairness, Due Process and resolving this claim on the merits, Plaintiff respectfully requests this Court to enter an Order approving Plaintiff's Motion to Modify the Scheduling Order.

28.     A proposed Order is attached hereto as Exhibit A.

WHEREFORE, for the reasons set forth above and in Plaintiff's Suggestions in Support of Motion to Modify the Scheduling Order, Plaintiff respectfully requests this Court to enter an Order GRANTING this Motion to Modify the Scheduling Order and extending the deadlines noted herein.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

/s/ Daniel A. Thomas

| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Plaintiff's Motion to Modify Scheduling Order** has been served on Defense Counsel, Jonathan Williams, and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of October, 2013.

/s/ Daniel A. Thomas
Kenneth B. McClain                 MO #32430
Daniel A. Thomas                   MO #52030
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**