UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Joe Levitt v. Merck & Co., Inc.* | * | MAGISTRATE JUDGE KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### [PROPOSED] ORDER GRANTING PLAINTIFF' MOTION TO MODIFY SCHEDULING ORDER

NOW, on this ____ day of November, 2013, Plaintiff's Motion to Modify the Scheduling Order comes before the Honorable Judge Fallon.

WHEREUPON, the Court being well versed in the premises:

1. On July 16, 2013 the law firm of Humphrey Farrington & McClain, P.C. (HFM) filed its Entry of Appearance in the above-captioned case. (Rec. Doc. 64482)

2. At the time HFM filed its Entry of Appearance Plaintiff had not yet identified or produced her expert reports which were due by June 27, 2013.

3. On July 19th, 2013, plaintiff filed a Motion to Modify the Scheduling Order. (Rec. Doc. 64495).

4. In pertinent part, Plaintiff requested that this Court amend the scheduling order and allow Plaintiff additional time to designate and submit written expert reports.

5. Plaintiff's motion was unopposed and the relevant due dates were agreed-upon by defense counsel.

6. Plaintiff's counsel never received notification of a ruling from this Court via CM/ECF or LexisNexis File & Serve ("LNFS") concerning the Motion to Amend.

7. Plaintiff's counsel was compliant with PTO 8 in that he registered with CM/ECF and LNFS and entered his appearance on behalf of Plaintiff around the time he filed his original Motion to Amend.

8. On October 3, 2013, plaintiff counsel's administrative assistant was informed by one of the judicial clerks that the Court had entered an Order approving Plaintiff's Motion to Modify the Scheduling Order. (Rec. Doc. 64565).

9. Prior to October 3, 2013, Plaintiff's counsel did not know, nor was he notified, that the Court had granted his Motion to Modify.

10. Pursuant to the Court's Order, Plaintiff was given until September 16, 2013 to designate and submit expert reports. (Rec. Doc. 64565).

11. Because Plaintiff's counsel was unaware of the Court's Order, Plaintiff did not file her expert reports by September 16, 2013.

12. Plaintiff now seeks a Modification of the Scheduling Order to comport with the following proposed deadlines:

    a. Discovery to be completed by February 1, 2014.

    b. All discovery motions shall be filed on or before March 1, 2014.

    c. Designation of Experts and Submission of Written Expert Reports by Plaintiff - April 1, 2014.

    d. Designation of Experts and Submission of Written Expert Reports by Defendant - June 1, 2014

    e. Completion of Expert Depositions - August 1, 2014

    f.    All Daubert and Dispositive Motions due September 1, 2014

    g.    Oppositions to Daubert and Dispositive Motions due October 1, 2014.

    h.    Replies to Oppositions to Daubert and Dispositive Motions due by October 15, 2014.

    i.    Daubert hearing to be determined at a later date.

13. The above proposal does not represent an extended modification of the Court's Amended Scheduling Order, particularly in light of the circumstances.

14. In addition to seeking additional time to identify and provide expert reports, Plaintiff is also asking that the Court re-open discovery in this matter.

15. Plaintiff did seek consent from the Defendant prior to filing this motion. Defendant does not oppose extending the deadline for disclosing experts and expert reports. Defendant does however, oppose Plaintiff's plea to re-open discovery.

16. Plaintiff counsel has only been involved in this case for three (3) months. Defense counsel has been involved in this litigation for almost ten (10) years. This case has not been set for trial and there is no reasonable justification for opposing Plaintiff's request other than tactical advantage.

17. Plaintiff has been litigating her case *pro se* since January of 2012.

18. During that time, Plaintiff made contact with numerous individuals in an attempt to retain expert witnesses in this case. Unfortunately, due to her lack of financial means and legal expertise, Plaintiff was unable to retain qualified industry experts who could adequately conduct the necessary research, offer admissible opinions, and submit proper Rule 26 reports.

19. Plaintiff's claim present complex issues of medicine, law and science.

20. Since entering his appearance, Plaintiff's counsel has been in contact with potential

expert witnesses. Some of the potential expert witnesses contacted by Plaintiff's counsel have indicated that they would need more time to prepare an appropriate report for a case that has been pending as long as Plaintiff's.

21. At least one of these potential experts has indicated that he would prefer that Plaintiff be allowed to conduct some individual discovery before a final report is required.

22. The magnitude and complexity of the claims require additional time for Plaintiff's counsel and Plaintiff's experts to adequately prepare this case for presentation to this Court.

23. Pursuant to Fed. R. Civ. Proc. (6)(b)(2), good cause exists to grant an enlargement of time under the circumstances.

24. The length of delay and impact on the judicial proceedings of this case is minimal.

25. Plaintiff has acted in good faith in an attempt to retain experts and comply with the Court's scheduling orders.

26. The oversights related to electronic notifications were also excusable and plaintiff has acted in good faith to address the problem before and after the filing deadlines.

27. This motion is not being made for the purpose of unnecessary delay or hindrance, but is being made in good faith for the purposes set forth above.

28. In the interest of fairness, Due Process and resolving this claim on the merits, Plaintiff respectfully requests this Court to enter an Order approving the proposed Amendment to the Scheduling Order.

29. IT IS THEREFORE ORDERED that Plaintiff's Motion to Modify the Scheduling Order is GRANTED and the amended deadlines are as follows:

    a. Discovery to be completed by February 1, 2014.

    b. All discovery motions shall be filed on or before March 1, 2014.

    c.      Designation of Experts and Submission of Written Expert Reports by Plaintiff - April 1, 2014.

    d.      Designation of Experts and Submission of Written Expert Reports by Defendant - June 1, 2014

    e.      Completion of Expert Depositions  - August 1, 2014

    f.      All Daubert and Dispositive Motions due September 1, 2014

    g.      Oppositions to Daubert and Dispositive Motions due October 1, 2014.

    h.      Replies to Oppositions to Daubert and Dispositive Motions due by October 15, 2014.

    i.      Daubert hearing to be determined at a later date.

IT IS SO ORDERED.

                                                                            _____
                                                                            Judge Fallon