UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | * MDL Case No. 1657 |
| | * |
| PRODUCTS LIABILITY | * SECTION L |
| LITIGATION | * |
| | * JUDGE FALLON |
| *This document relates to* | * |
| | * MAGISTRATE JUDGE |
| *Dennis R. Harrison v. Merck Sharp & Dohme Corp.,* | * KNOWLES |
| 2:07-cv-00905-EEF-DEK | * |
| | * |

*****************************************************************************

## DEFENDANT MERCK SHARP & DOHME CORP.'S RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

In connection with Plaintiff Dennis Harrison's opposition to Merck's Motion for Summary Judgment [Rec. Doc. 64510] and his Cross Motion for Summary Judgment Against Defendant Merck et al. Designed To Hoist Defendant Upon Its Own Petard & Denude It Of All Defenses [Rec. Doc. 64639], Plaintiff Harrison has filed a document entitled "Plaintiff Dennis R. Harrison's Statement Regarding Defendant's Material Facts Includes Excerpts From Opposition Motion Exhibits and Excerpts From Plaintiff's Cross Motion For Summary Judgment" [Rec. Doc. 64639-1]. To the extent this document represents Plaintiff Harrison's statement of material facts as to which there is no dispute pursuant to LR56.1, Merck hereby submits the following responses pursuant to LR56.2:[1]

1.      Merck does not agree with Plaintiff's characterization of the September 17, 2001 FDA Warning Letter, or his attempt to link it to a Department of Justice

---

[1] The numbering of responses below corresponds to the numbering of the statements in Plaintiff Harrison's document.

1142272v1

("DOJ") investigation. Moreover, neither the Warning Letter nor the DOJ investigation constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation.

2. Merck does not agree with Plaintiff's characterization of his CVS pharmacy records. A pharmacy record can show only that a particular medication was dispensed. It does not show that the medication was actually taken, the frequency that it was taken, or the total daily dosage. Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

3. Merck does not agree with Plaintiff's characterization of the referenced document. Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis. *See* Harrison Dep. Trans. at 78:8-79:6 (attached as Ex. B to Merck's Reply in Support of Summary Judgment). Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

4. Merck does not agree with Plaintiff's characterization of the referenced document. Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis. *See* Harrison Dep. Trans. at 78:8-79:6. Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

5. Merck does not agree with Plaintiff's characterization of the referenced document. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

6. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

7. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

8. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

9. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

1142272v1

10. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

11. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

12. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

13. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

14. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

1142272v1

15. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

16. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

17. This document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

18. This document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

19. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

20. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute

material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

21. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

22. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary.

23. Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

**[On Page 7 of his Statement of Undisputed Facts [Doc. 64639-1 at p. 6], Plaintiff changes the numbering system used for his individual statements, and commences unnumbered bullet point. Merck's responses to these points will commence with the label "Bullet-1" and continue.]**

*Bullet-1.* Merck does not agree with Plaintiff's characterization of the September 17, 2001 FDA Warning Letter, or his attempt to link it to a DOJ investigation. Moreover, neither the Warning Letter nor the DOJ investigation constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation.

6

1142272v1

***Bullet-2.***     Merck does not agree with Plaintiff's characterization of the referenced documents or the related commentary.  Moreover, neither the Warning Letter nor the DOJ investigation constitute material facts relevant to Mr. Harrison's claims.  They do not provide competent evidence regarding injury and causation.

***Bullet-3.***     Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary.  Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims.  If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

***Bullet-4.***     Merck does not agree with Plaintiff's characterization of the referenced document.  Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis.  *See* Harrison Dep. Trans. at 78:8-79:6.  Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims.  They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

***Bullet-5.***     Merck does not agree with Plaintiff's characterization of the referenced document.  Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis.  *See* Harrison Dep. Trans. at 78:8-79:6.  Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims.  They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

1142272v1

*Bullet-6.* Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-7.* Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-8.* Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-9.* Merck does not agree with Plaintiff's characterization of the referenced document. Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis. *See* Harrison Dep. Trans. at 78:8-79:6. Moreover, these records do not constitute material facts relevant to Mr. Harrison's claims. They do not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-10.* Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute

material facts relevant to Mr. Harrison's claims.  If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-11.*   Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary.  Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims.  If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-12.*   Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary.  Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims.  If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-13.*   Merck does not agree with Plaintiff's characterization of the referenced document.  Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis.  *See* Harrison Dep. Trans. at 78:8-79:6.  Moreover, this document does constitute material facts relevant to Mr. Harrison's claims.  It does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-14.*   Merck does not agree with Plaintiff's characterization of the referenced document.  Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis.  *See* Harrison Dep. Trans. at 78:8-79:6.  Moreover, this document does constitute material facts relevant to Mr. Harrison's

1142272v1

claims. It does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-15.* Merck does not agree with Plaintiff's characterization of the referenced document. Mr. Harrison provided sworn deposition testimony that he was never diagnosed with rheumatoid arthritis. *See* Harrison Dep. Trans. at 78:8-79:6. Moreover, this document does constitute material facts relevant to Mr. Harrison's claims. It does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

*Bullet-16.* Merck does not agree with Plaintiff's characterization of the referenced document, or the related commentary. Moreover, this document does not constitute material facts relevant to Mr. Harrison's claims. If does not provide competent evidence regarding injury and causation as to alleged inadequate bone healing.

Dated: November 4, 2013

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin

10

1142272v1

        M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1142272v1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Responses to Plaintiff's Statement of Material Fact has been served on Plaintiff Dennis Harrison by email and by Federal Express at:

> 601 W. Brown Street
> Iron Mountain, MA 49801

I also hereby certify that the above and foregoing Responses to Plaintiff's Statement of Material Fact has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of November, 2013.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1142272v1