UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

**PLAINTIFFS' LIAISON COUNSEL'S MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL AWARD OF COMMON BENEFIT
REIMBURSEMENT OF EXPENSES**

This memorandum is being submitted on behalf of Ann B. Oldfather and the Oldfather Law Firm, Plaintiffs' Lead Counsel and Liaison Counsel for the PSC for Ineligible and Not Enrolled Claims ("PSC II"), in support of her Motion for Partial Award of Plaintiffs' Common Benefit Reimbursement of Expenses.

On July 13, 2009, the Court issued PTO 45, appointing the undersigned to the Plaintiffs' Steering Committee for the Ineligible or Not Enrolled Claims [Rec. Doc. 20888]. Since that time, the undersigned has provided liaison and lead counsel duties for these cases.[1]

PTO 6 (and later PTO 42) charges a PSC with myriad responsibilities: to initiate, coordinate, and conduct all pretrial discovery on behalf of all plaintiffs in all actions; to conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs; to initiate proposals, schedules or other pretrial proceedings; to submit and argue motions before this Court; to explore, develop, and pursue all

---

[1] Although PTO 45 appointed Shawn Foster, Grant Davis, and Thomas Pruess to this PSC, those members have since resigned. *See* the Court's Order dated October 11, 2012, granting relief from responsibilities under PTO 45 and 45A [Rec. Doc. 64144].

settlement options pertaining to any claim or portion thereof of any case filed in this litigation; to maintain a document depository; and other duties. *See* PTO 6 and PTO 42.

Pursuant to her appointment under PTO 45 and in her role as liaison and lead counsel for PSC II, the undersigned has expended considerable time and expense in furtherance of her Court appointed responsibilities, including initiating, coordinating, and conducting pretrial discovery on behalf of the VTE plaintiffs in the MDL; working with counsel to establish a scheduling order for all remaining cases in this MDL; developing expert proof, procuring experts, submitting expert reports, attending expert depositions on the general causation issues for the VTE plaintiffs; attending status conferences and hearings; submitting and arguing motions before this Court; submitting monthly update reports to all remaining plaintiffs; and performing others duties as authorized by this Court. Expenditures in pursuit of these responsibilities are in line with the duties of liaison counsel as outlined in PTO 6.

PTO 19 established a Plaintiffs' Litigation Expense Fund to compensate and reimburse attorneys for services performed and for expenses incurred for the MDL administration and common benefit. PTO 19 was entered to "provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for the MDL administration and common benefit of all plaintiffs," and provides that by Court order, "payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients." PTO 19 at 2, 5. The agreements signed and returned by participating attorneys stipulated that funds deposited into the Expense Fund "shall be available for distribution to attorneys who have performed

professional services or incurred expenses for the benefit of the plaintiffs in MDL 1657 and the coordinated state court litigation pursuant to written authorization from the Liaison counsel of the PSC." *See* PTO 19, Full Participation Option and Traditional Assessment Option.

On September 23, 2009, the Court issued PTO 51 with respect to disbursement of costs which established a 1% holdback on all claimants for reimbursement of common benefit expenses. That Order addressed reimbursement of common benefit expenses relating to the personal injury aspect of the litigation. Since that time, a number of additional expenses have been incurred. Numerous counsel that participated in this litigation have previously been reimbursed for their expenses for similar work. *See* PTO 51(A). The undersigned has continued the cause for many claimants who did not have the benefit of having their matters resolved earlier in the litigation. Pursuant to PTO 45, the undersigned has continued to advocate for these claimants and a number of cases have been resolved by attorneys other than the undersigned.

Pursuant to the Court's directives, the undersigned has submitted all expenses to date to Philip Garrett, CPA. These expenses have been reviewed and vetted by Philip Garrett, CPA. Some of the expenses incurred in connection with the retention and services of certain experts totaling $257,204.90 have received final approval by Mr. Garrett. Mr. Garrett's affidavit regarding this matter is attached to this Motion as TAB 1.[2] Another motion for reimbursement will follow once Mr. Garrett approves the remaining

---

[2] As a result of the Court's monthly meetings with Mr. Garrett, the Court may already be aware of the specific charges that comprise the total for which reimbursement is sought by this motion. In the event further detail of the expenses comprising the total is required, counsel requests that the same be submitted under seal due to the on-going litigation with Merck.

expenses incurred by the undersigned in furtherance of her liaison and lead counsel duties.

## CONCLUSION

For the reasons set forth herein, Liaison Counsel respectfully submits that this Motion for Partial Award of Reimbursement of Common Benefit Expenses should be granted.

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com
*Counsel for Certain Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Liaison Counsel's Memorandum in Support of Motion for Partial Award of Reimbursement of Common Benefit Expenses has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of November, 2013.

/s/ Ann B. Oldfather

Ann B. Oldfather