UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

| | | |
|---|---|---|
| STATE OF LOUISIANA | : | |
| | : | SS |
| PARISH OF ORLEANS | : | |

Philip A. Garrett, being duly sworn according to law, deposes and says:

1.      I am a certified public accountant. For over 35 years I was associated with the public accounting firm of Wegmann Dazet & Company (WDC) and I am now associated with the firm of Philip A. Garrett, CPA.

2.      Pretrial Order No. 6 required that members of the Plaintiffs' Steering Committee (PSC) in MDL 1657, and other attorneys working at their direction, report their time and expenses on a monthly periodic basis in accordance with the requirements of that order.

3.      Pretrial Order No. 6 approved my retention and the retention of WDC to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 1657, as follows:

> Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA, of the accounting firm of Wegmann-Dazet to assist and provide services to Plaintiffs' Liaison Counsel, the Plaintiffs' Steering Committee, and the Court in the MDL 1657. Wegmann-Dazet will be assisting in compiling submissions and will

provide reports to Plaintiffs' Liaison Counsel who shall file them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up details, the submissions of all firms. Submission of time and expense records to Wegmann-Dazet and the Court shall be considered as if filed under seal.

4.      In connect with this assignment WDC, under my supervision, reviewed the expense records of those counsel in MDL 1657 who submitted such records for costs for "common benefit" in the Vioxx Litigation.

5.      I have recently been asked to include the expenses and time submissions of the second PSC, the PSC for In-Eligible and Non-Eligible Claimants and its Liaison Counsel ("PSC II").

6.      I have reviewed the financial records submitted by PSC II in connection with my work as the Court-appointed "accountant." This primarily involved a review of the expense submissions and reports to determine whether the complied with the dictates of PTO No. 6. I have kept the Court advised of my ongoing activities.

7.      Any items of time and expense that were disallowed are or will be reported to the Court in the regular monthly reports provided by WDC. Under PTO Nos. 6 and 6C, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits. Both orders made it clear that a disallowance by me was without prejudice to determination by the Court of the merits of any submission at a time and manner determined by the Court.

8.      The protocol which I observed in reviewing the time and expense submissions of PSC II consisted of three segments.

    a.  Initially, we reviewed each submission to determine if it compiled with the form requirements of PTO No. 6. Among other things, this

examination focused on whether the Fee Applicant reported time according to the guidelines of PTO No. 6, whether appropriate time records were included with the submission, whether the positions (e.g., partner, associate, paraprofessional or investigator) of each timekeeper were disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO No. 6, and whether the Fee Applicant attached records documenting its claimed expenses. If we discovered deficiencies in compliance with the procedural requirements of PTO No. 6, they were brought to the attention of the common benefit counsel by means of a notification through the Case Cost Management System (CCMS).

b. Once we received a time or expense records that was in proper form we examined the submission substantively to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO No. 6. If we determined that there were such items, we notified the common benefit counsel through the CCMS of our conclusions. We clearly advised the applicant of each type of item contained in the submission which was disallowed. Typically, we provided illustrations of each item from the counsel's time and expense records. We ultimately approve or reject the counsel's submission of time and expense.

c. Throughout the outlined process, we check the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying details records that were supplied to us. This procedure was limited to items of time and expense.

9.     WDC, under my supervision, has reviewed and approved the expense submissions by Oldfather Law Firm in connection with the retention and services of certain expert witnesses, totaling $257,204.90.

PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed
Before me this 7th
Day of November, 2013.

NOTARY PUBLIC
Attested to signature only

JENNIFER KLEYLE
Notary Public
State of Louisiana
St. Bernard Parish
Notary ID # 92082
My Commission is for Life