UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Dennis R. Harrison v. Merck Sharp & Dohme Corp.*, | * | KNOWLES |
| 2:07-cv-00905-EEF-DEK | * | |
| | * | |

*****************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S RESPONSE TO PLAINTIFF'S
STATEMENT THAT HE IS NOW ABLE TO GAIN AN EXPERT WITNESS**

After briefing on cross motions for summary judgment has been completed—a process that has consumed four months—Mr. Harrison has submitted a statement advising the Court that he is now able to "get an expert witness." He has asked the Court to "allow the admittance" of this expert, who Mr. Harrison stated on November 11 would be "available" in approximately one to two weeks. *See* Plaintiff Statement That He Is Now Able To Gain An Expert Witness (Nov. 22, 2013) [Rec. Doc. 64706]. It is not clear from this filing precisely what relief Mr. Harrison is seeking. For example, it is unclear whether Mr. Harrison is requesting permission to submit supplementary materials from this expert relating to the cross motions for summary judgment, or whether Mr. Harrison intends to submit an expert report that complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and if so, on what topics. But no matter how this request is construed, it should be denied on the grounds that it is futile and likely to lead to additional unnecessary delay and expense, because his case is subject to dismissal for reasons beyond his lack of an expert report.

1144823v1

In its motion for summary judgment, Merck argued, *inter alia*, that Mr. Harrison's claims are time-barred as a matter of law under the applicable New York statute of limitations. Merck also argued that there is no evidence in the contemporaneous medical records that Mr. Harrison actually suffered the injury that he alleged in his Complaint—*i.e.*, insufficient healing of his femur following the January 2003 fracture—and therefore that Mr. Harrison would be unable to meet his burden of proof at trial. Clearly, an expert witness with no personal knowledge of the 2003 events (and retained over ten years after those events transpired) would not be able to change the date of Mr. Harrison's alleged injury for statute of limitations purposes, or alter the medical facts reflected in the contemporaneous records. Designation of an expert would therefore be futile in light of these dispositive issues raised in Merck's motion.

Allowing Mr. Harrison to designate an expert witness at this point, without any indication of the relevance of the expert's opinions to the cross motions for summary judgment, would also inevitably result in unwarranted additional delay—after all the time spent briefing the issues. At a minimum, the introduction of a new expert and report would likely necessitate the reopening of expert discovery (*e.g.*, supplemental reports, depositions, etc.), and supplemental briefing relating to the cross motions for summary judgment, with the concomitant time and expense. And, based on the materials presented in Mr. Harrison's request, this additional expenditure of resources would likely be devoted to irrelevant and/or tangential issues rather than the dispositive issues that have been fully briefed and submitted.[1]

Accordingly, Merck respectfully requests that the Court enter an order denying Mr. Harrison's request for "the admittance" of this expert witness. If, however, the Court should

---

[1] Mr. Harrison's injury claims relate to the healing of his femur fracture, but his proposed expert is not an orthopedist, but a rheumatologist, with no discernible qualifications relating to the topic of bone healing.

decide to allow Mr. Harrison's request to proffer an expert, Merck requests that the Court set a date certain by which Mr. Harrison must submit an expert report that complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure.[2]  Merck also requests that it be permitted to reserve the right to seek expert discovery from the proposed expert, and to respond, if necessary, following the submission of any expert report, including with the submission of a supplemental expert report.


Dated:  December 6, 2013                              Respectfully submitted,

                                          By: */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendants' Liaison Counsel

                                            —and—

                                          Douglas R. Marvin
                                          M. Elaine Horn
                                          Emily Renshaw Pistilli
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, N.W.
                                          Washington, D.C. 20005
                                          Phone: 202-434-5000
                                          Fax:    202-434-5029

                                          Attorneys for Merck Sharp & Dohme Corp.

---

[2]     In his request dated November 11, Mr. Harrison indicated that his expert would be available in one to two weeks.  Three weeks have since passed without any report being proffered.

3

1144823v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiff's Statement That He Is Now Able To Gain An Expert has been served on Plaintiff Dennis Harrison by email and by Federal Express at:

>601 W. Brown Street
>Iron Mountain, MA 49801

I also hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of December, 2013.

>/s/ Dorothy H. Wimberly
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel

1144823v1