<u>UNITED STATES DISTRICT COURT</u>

<u>EASTERN DISTRICT OF LOUISIANA</u>

In Re:  VIOXX® PRODUCTS LIABILITY          MDL 1657
LITIGATION                                 SECTION L
                                           JUDGE FALLON
                                           MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:                  <u>Case Number:  2:05-cv-04130-
                                           EEF-DEK</u>

**Allen Atkinson et al.**                  PLAINTIFFS

**Only with regard to:**
**Todd Jelden and Lynette Jelden (h/w)**
**v.**

**Merck & Co., Inc.**                      DEFENDANTS

<u>PLAINTIFF TODD JELDEN'S STATEMENT OF MATERIAL FACTS WHICH
PRESENT A GENUINE ISSUE</u>

**\*\*\*\*\*\*\*\*\***

Pursuant to L.R. 56.2, Plaintiff Todd Jelden presents the following materials facts in

opposition to Merck Sharp & Dohme Corp.'s ("Merck") Statement of Material Facts as to Which

There is No Dispute, which Plaintiff contends present a material issue:

1.      Todd Jelden first took Vioxx on October 16, 2000. *See* JeldenT-CPME-00494-

495, attached at TAB A.

2.      On January 5, 2001, Mr. Jelden suffered a pulmonary embolism. *See* JeldenT-

CPME-00347-348, attached at TAB B.

3.      On August 24, 2005, Plaintiff filed his Complaint, alleging strict liability (failure

to warn), negligence, breach of implied warranty, breach of express warranty, deceit by

concealment, negligent misrepresentation, and loss of consortium. *See* Complaint, filed at TAB C. Notably, his Complaint does not allege a myocardial infarction ("MI").

4.      The **original** Future Evidence Statement (FES), Exhibit 2.7.3 to the Master Settlement Agreement (MSA) – and the version agreed to by Merck and the Negotiating Plaintiffs' Counsel – states as follows:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as set forth in or appended to my Claims Package, or allege an injury connected with Product other than the injury I claimed through the Program." *See* Exhibit 2.7.3, Original Future Evidence Stipulation.

It does not contain the "as reflected in Section A" language that was added by Merck *after* the MSA was ratified by all parties. *See* Exhibit 2.7.3, Original FES, attached as TAB F.

5.      On June 30, 2008, Plaintiff was enrolled in the Vioxx Resolution Program (the "Resolution Program"). As part of entering the Resolution Program, Plaintiff submitted numerous medical records as part of his claims package. These records show that Plaintiff suffered a PE. *See* JeldenT-CPME-00347-348.  These medical records and others are part of Plaintiff's Claims Package, as referenced by the terms of the MSA, the Original FES, and the FES signed by Plaintiff.

6.      Plaintiff was found to be not eligible for a settlement through the Vioxx Resolution Program. From here, he had two options – to appeal to a Special Master, or to execute a Future Evidence Stipulation and obtain return of the release and the stipulation of dismissal he signed when entering the Resolution Program. MSA § 2.6.3 and § 2.7.3.  Plaintiff was deemed ineligible for an award on May 19, 2009, declined to appeal to a special master, and signed an FES on July 22, 2009. *See* Merck's Motion at 4-5, and the FES, attached as Exhibit A to Merck's Motion.

7.      The FES submitted by Merck and referenced in ¶8 of its Statement of Material

Facts Of Which There Is No Dispute *is in dispute.*   The dispute is both as to the document itself

and as selectively quoted by Merck. The document is inconsistently page-numbered and the

format also raises questions as to its contents when executed by Plaintiff. There is no Section B,

and no page 1 of 3. Merck does not quote from Paragraph 4, which is also a stipulation but

different from the one in Paragraph 6, as follows:

> I further understand and specifically acknowledge and stipulate that if I should
> decide to pursue the claim outside of the Program, I may not make any allegations
> or introduce any evidence regarding: (a) Vioxx usage, including but not limited to
> the dose, duration, consistency of Vioxx usage, and/or alleged proximity of use of
> Vioxx to the date of alleged injury; (b) medical history; and/or (c) alleged injury,
> other than as were made and included in the Program through the Claims Package
> associated with my claim. I have reviewed the contents of the Claims Package
> associated with my claim and have certified its contents.

Merck also misquotes Paragraph 6 in a way that may seem minor but is in fact determinative.

The last clause of that Paragraph as written in the FES reads:

> "… or allege an injury connected with Vioxx other than the injury or injuries I
> claimed through the Program, which is/are reflected in Section A of this
> Stipulation."

The comma after "Program" makes the clause that follows an example and is not restrictive. The

FES should be read as a whole when determining its import.

8.      On April 26, 2010, Plaintiff filed a case-specific expert report, wherein Dr. David

Changaris states that Vioxx was a substantial factor in causing Plaintiff to suffer a pulmonary

embolism, to a reasonable degree of medical probability. *See* Lone Pine Report, attached at TAB

D.

9.      Merck took Plaintiff's deposition on January 9, 2012. During the deposition,

Plaintiff testified about his PE. *See generally* Deposition of Todd Jelden, attached at TAB E. Mr.

Jelden is not competent to testify about his medical event, and whether it was or wasn't a PE or MI.

10.    On October 24, 2013, more than four years after Plaintiff signed the FES and more than eight years after Plaintiff filed his Complaint, Merck moved for summary judgment in Plaintiff's case, on the basis that Plaintiff's FES states he suffered a heart attack, and arguing that only that injury can now be claimed.

11.    Plaintiff has presented a *prima facie* case that he suffered a PE.

Respectfully submitted,

/s/ Ann B. Oldfather
_____
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com
*Counsel for Certain Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff Todd Jelden's Statement of Material Facts Which Present A Genuine Issue has been served upon Liaison Counsel, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th  day December, 2013.

/s/ Ann B. Oldfather
_____
Ann B. Oldfather