## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX® PRODUCTS LIABILITY
LITIGATION

MDL 1657
SECTION L
JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

**Case Number:  2:05-cv-01768-EEF-DEK**

**Val Silva**
**v.**

PLAINTIFFS

**Merck & Co., Inc.**

DEFENDANTS

## PLAINTIFF VAL SILVA'S STATEMENT OF MATERIAL FACTS WHICH PRESENT A GENUINE ISSUE

*********

Pursuant to L.R. 56.2, Plaintiff Val Silva presents the following materials facts in

opposition to Merck Sharp & Dohme Corp.'s ("Merck") Statement of Material Facts as to Which

There is No Dispute, which Plaintiff contends present a material issue:

1.      Val Silva first took Vioxx in April 2004. *See* Complaint, attached as TAB A.

2.      On August 6, 2004, Ms. Silva suffered a pulmonary embolism ("PE"). *See*

original Plaintiff Profile Form at 2, attached as TAB D.

3.      On February 15, 2005, Plaintiff filed her Complaint in the First District of Idaho,

alleging products liability (strict liability and failure to warn), breach of warranty, and

negligence. *See* Complaint, attached as TAB A.. Plaintiff's Complaint specifically alleges that

Ms. Silva "suffered an acute massive pulmonary embolism in August of 2004 along with other

cardiovascular problems." *Id.* at Count VII.  Notably, the Complaint does not allege a

myocardial infarction ("MI").

    4.    The **original** Future Evidence Statement (FES), Exhibit 2.7.3 to the Master

Settlement Agreement (MSA) – and the version agreed to by Merck and the Negotiating

Plaintiffs' Counsel – states as follows:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any
> evidence contrary to, or in addition to, the allegations, facts or records that were
> presented to the Program's Claims Administrator, as set forth in or appended to
> my Claims Package, or allege an injury connected with Product other than the
> injury I claimed through the Program." *See* Exhibit 2.7.3, Original Future
> Evidence Stipulation.

It does not contain the "as reflected in Section A" language, which was added by Merck

*after* the MSA was ratified by all parties. *See* Exhibit 2.7.3, Original FES, attached as TAB F.

    5.    On December 8, 2008, Plaintiff was enrolled in the Vioxx Resolution Program

("the Resolution Program)". As part of entering the Resolution Program, Plaintiff submitted

numerous medical records as part of her claims package. These records show that Plaintiff

suffered a PE. *See* SilvaV-CPME-00002-00023, attached at TAB B. These medical records and

others are part of Plaintiff's Claims Package, as referenced by the terms of the MSA, the Original

FES, and the FES signed by Plaintiff.

    6.    Plaintiff was found to be not eligible for a settlement through the Vioxx

Resolution Program. From here, she had two options – to appeal to a Special Master, or to

execute a Future Evidence Stipulation and obtain return of the release and the stipulation of

dismissal she signed when entering the Resolution Program. MSA § 2.6.3 and § 2.7.3.  Plaintiff

was deemed ineligible for an award on March 30, 2009 and July 6, 2009, declined to appeal to a

special master, and signed an FES on July 30, 2009.  *See,* Merck's Motion for Summary

Judgment at 4-5, as corrected by FES, attached to Merck's Motion as Exhibit A.

7.      The FES submitted by Merck and referenced in ¶8 of its Statement of Material Facts Of Which There Is No Dispute *is in dispute.*  The dispute is both as to the document itself and as selectively quoted by Merck. Merck does not quote from Paragraph 4, which is also a stipulation but different from the one in Paragraph 6, as follows:

> I further understand and specifically acknowledge and stipulate that if I should decide to pursue the claim outside of the Program, I may not make any allegations or introduce any evidence regarding: (a) Vioxx usage, including but not limited to the dose, duration, consistency of Vioxx usage, and/or alleged proximity of use of Vioxx to the date of alleged injury; (b) medical history; and/or (c) alleged injury, other than as were made and included in the Program through the Claims Package associated with my claim. I have reviewed the contents of the Claims Package associated with my claim and have certified its contents.

Merck also misquotes Paragraph 6 in a way that may seem minor but is in fact determinative. The last clause of that Paragraph as written in the FES reads:

> "… or allege an injury connected with Vioxx other than the injury or injuries I claimed through the Program, which is/are reflected in Section A of this Stipulation."

The comma after "Program" makes the clause that follows an example and is not restrictive. The FES should be read as a whole when determining its import.

8.      On August 20, 2009, Plaintiff filed a case-specific expert report, wherein Dr. Peter Gailiunas, Jr. states that Plaintiff's pulmonary embolism was directly due to and casually related to her Vioxx usage, to a reasonable degree of medical probability. *See* Lone Pine Report, attached at TAB C.

9.      On August 24, 2009, Plaintiff signed off on another Plaintiff Profile Form wherein she stated her injury as "pulmonary embolism, bilateral." *See* Plaintiff Profile Form at 2, TAB E.

10.     Merck took Plaintiff's deposition on July 12, 2011, 2012. During the deposition, Plaintiff testified about her PE injury. When asked about her 2009 Plaintiff Profile Form, she testified that the injury she was alleging in the litigation is a PE. *See* Val Silva Deposition at 13:12-14:2, attached at TAB G.

11.     Ms. Silva is not competent to testify about her medical event, and whether it was or wasn't a PE or MI.

12.     On October 24, 2013, more than four years after Plaintiff signed the FES and more than eight years after Plaintiff filed her Complaint, Merck moved for summary judgment in Plaintiff's case, on the basis that Plaintiff's FES states she suffered a heart attack, and arguing that only that injury can now be claimed.

13.     Plaintiff has presented *prima facie* evidence that she suffered a PE.

Respectfully submitted,

/s/ Ann B. Oldfather
_____
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999  (fax)
aoldfather@oldfather.com
*Counsel for Certain Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that Plaintiff Val Silva's Statement of Material Facts Which Present a Genuine Issue has been served upon Liaison Counsel, Phillip A. Wittmann and Russ Sherman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th  day December, 2013.

/s/ Ann B. Oldfather

_____

Ann B. Oldfather