# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX® PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | Case Number:  2:05-cv-06535-EEF-DEK |
| **Mabel Dumbell**<br>v.<br>**Merck & Co., Inc.** | PLAINTIFFS<br><br>DEFENDANTS |

## PLAINTIFF MABEL DUMBELL'S STATEMENT OF MATERIAL FACTS WHICH PRESENT A GENUINE ISSUE

*********

Pursuant to L.R. 56.2, Plaintiff Mabel Dumbell presents the following material facts in opposition to Merck Sharp & Dohme Corp.'s ("Merck") Statement of Material Facts as to Which There is No Dispute, which Plaintiff contends present a material fact issue:

1. Mabel Dumbell first took Vioxx in December, 2000. *See* Plaintiff's Original Complaint, attached hereto as **Exhibit A** at ¶12 and incorporated herein by reference.

2. On February 22, 2003, Ms. Dumbell suffered a pulmonary embolism ("PE"). *See id; see also* Plaintiff Amended Profile Form at 3, which is attached hereto as **Exhibit B** and incorporated by reference.

3. On August 25, 2005, Plaintiff filed her Complaint in the Circuit Court of the City of St. Louis, State of Missouri, alleging claims including, but not limited to, strict products liability (defective design and failure to warn), negligent design, negligent failure to warn, deceptive trade practices, fraudulent misrepresentation, fraudulent omission/concealment,

concert of action, and conspiracy. *See* **Exhibit A** generally. Plaintiff's Complaint specifically alleges that Ms. Dumbell "suffered a pulmonary embolism in 2003 as a result of her use of Vioxx" *Id*. at paragraph 12. Notably, the Complaint does not allege an ischemic stroke ("IS").

4. The **original** Future Evidence Statement (FES), Exhibit 2.7.3 to the Master Settlement Agreement (MSA) – and the version agreed to by Merck and the Negotiating Plaintiffs' Counsel – states as follows:

> I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as set forth in or appended to my Claims Package, or allege an injury connected with Product other than the injury I claimed through the Program." *See* Exhibit 2.7.3, Original Future Evidence Stipulation.

It does not contain the "as reflected in Section A" language, which was added by Merck *after* the MSA was ratified by all parties. *See* Exhibit 2.7.3, Original FES, attached hereto as **Exhibit C** and incorporated by reference.

5. On July 1, 2008, Plaintiff was enrolled in the Vioxx Resolution Program ("the Resolution Program)." As part of entering the Resolution Program, Plaintiff submitted numerous medical records with her claims package. These records show that Plaintiff suffered a PE. *See* DumbellM-CPME-000401-000492, attached hereto as **Exhibit D** and incorporated by reference. These medical records and others are part of Plaintiff's Claims Package, as referenced by the terms of the MSA, the Original FES, and the FES signed by Plaintiff.

6. Plaintiff was found to be not eligible for a settlement through the Vioxx Resolution Program. From here, she had two options – to appeal to a Special Master, or to execute a Future Evidence Stipulation and obtain return of the release and the stipulation of dismissal she signed when entering the Resolution Program. MSA § 2.6.3 and § 2.7.3. Plaintiff was deemed ineligible for an award on September 16, 2009 and January 13, 2010, declined to

appeal to a special master, and signed an FES on February 12, 2010. *See* Merck's Motion for Summary Judgment at 4-5 and Plaintiff's executed FES, attached to Merck's Motion as Exhibit A.

7.  The FES submitted by Merck and referenced in ¶8 of its Statement of Material Facts of Which There Is No Dispute *is in dispute.* The dispute is both as to the document itself and as selectively quoted by Merck. Merck does not quote from Paragraph 4, which is also a stipulation but different from the one in Paragraph 6, as follows:

> I further understand and specifically acknowledge and stipulate that if I should decide to pursue the claim outside of the Program, I may not make any allegations or introduce any evidence regarding: (a) Vioxx usage, including but not limited to the dose, duration, consistency of Vioxx usage, and/or alleged proximity of use of Vioxx to the date of alleged injury; (b) medical history; and/or (c) alleged injury, other than as were made and included in the Program through the Claims Package associated with my claim. I have reviewed the contents of the Claims Package associated with my claim and have certified its contents.

Merck also misquotes Paragraph 6 in a way that may seem minor but is in fact determinative. The last clause of that Paragraph as written in the FES reads:

> "… or allege an injury connected with Vioxx other than the injury or injuries I claimed through the Program, which is/are reflected in Section A of this Stipulation."

The comma after "Program" makes the clause that follows an example and is not restrictive. The FES should be read as a whole when determining its import.

8.  On March 15, 2010, Plaintiff filed a case-specific expert report, wherein Dr. Christopher L. Ingram opined to reasonable degree of medical certainty that Vioxx contributed to Plaintiff's PE. *See* Lone Pine Report, attached hereto as **Exhibit E** and incorporated by reference.

3

9. On December 5, 2005, Plaintiff signed off on her Amended Plaintiff Profile Form wherein she stated her injury as "pulmonary embolism/thrombotic event" *See* **Exhibit B** at 3.

10. It is undisputed that Merck took Plaintiff's deposition on June 24, 2011 and that during the deposition Plaintiff testified about her PE injury.

11. Ms. Dumbell is not a medical doctor and, as such, is not legally qualified to testify about the cause of her medical event.

12. On October 24, 2013, more than three years after Plaintiff signed the FES and more than eight years after Plaintiff filed her Complaint, Merck moved for summary judgment in Plaintiff's case, on the basis that Plaintiff's FES states she suffered a ischemic stroke, and arguing that is the only injury she can now claim.

13. Plaintiff has presented *prima facie* evidence that she suffered a PE.

Respectfully submitted,

**FIBICH ♦ HAMPTON**
**LEEBRON ♦ BRIGGS ♦ JOSEPHSON LLP**

By: /s/ Kenneth T. Fibich
    Kenneth T. Fibich
    State Bar No. 06952600
    Erin K. Copeland
    State Bar No. 24028157
    1150 Bissonnet
    Houston, TX 77005
    (713) 751-0025 Telephone
    (713) 751-0030 Fax

**ATTORNEYS FOR MABEL DUMBELL**

## CERTIFICATE OF SERVICE

     I hereby certify that Plaintiff Mabel Dumbell's Statement of Material Facts Which Present a Genuine Issue has been served upon Liaison Counsel, Phillip A. Wittmann and Russ Sherman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day December, 2013.

                            */s/ Kenneth T. Fibich*

                            _____

                            Kenneth T. Fibich