UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| | * | |
| *Maurice Robinson, et al vs. Merck & Co* | * | |
| *Inc,  2:08-cv-01406* | * | |

**************************************************************************

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
MERCK SHARP & DOHME CORP.'S MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Plaintiffs oppose the Motion to Dismiss (Rec. Doc. 64716) of Defendant, Merck Sharp & Dohme Corp. (Merck).  Plaintiffs submit that there are two factors that weigh in favor of this Court granting their motion to amend their complaint and to deny defendants motion to dismiss:

1. Plaintiff, Maurice Robinson on behalf of Danielle Patrice Robinson, is entitled to pursue claims against defendant not as "derivative claims" of Mr. Robinson but as a right particular to that of Miss Robinson (disabled daughter of decedent, Bobbie Robinson).

2. Plaintiff did not become aware of the potential for pursuing a wrongful death action related to the death of his spouse until recently and should be allowed to proceed based upon the Kansas state statute of repose.

ARGUMENT AND AUTHORITIES

I. **Decedent's Daughter Danielle P. Robinson is entitled to pursue claims of wrongful death**

In its omnibus memorandum, defendant Merck alleges that the proposed supplemental and amending complaint of Plaintiffs seeks to add derivative claims on behalf of Danielle Robinson, Mrs. Robinson's minor daughter[1]. *See Merck's incorporated omnibus supporting memorandum (Rec. Doc. 64716) at p. 5.* A wrongful death action may be brought by an heir at law who has sustained a loss by reason of the death. *See Macie Martin, et al v. Sandpik Naik, M.D., et al,* No. 101,146 (Kan. App. 2010) (citing Kan. Stat. Ann. 60-1902 and 60-1904). The right to bring a wrongful death action is a property right that vests at the time of wrongful death. *Id. at p. 14.* As the daughter of Bobbie Robinson, Danielle P. Robinson has a vested property right in pursuing a wrongful death action. Her claims are not "derivative" of her father's claims.

Danielle P. Robinson was born disabled as a result of Down's syndrome. Because of her particular disability, Miss Robinson's father is her legal guardian. He has the authority to pursue any and all property rights on her behalf. Miss Robinson has compensable damages that include pecuniary as well as nonpecuniary damages, such as loss of support, loss of companionship and mental anguish. *See Kan. Stat. Ann 60-1903 and 60-1904.* Furthermore, in theory, Miss Robinson's claims do not necessarily have to be pursued by her father Mr. Robinson. Any individual with the appropriate legal authority to do such would be able to bring forth her claims. In addition, the knowledge of Mr. Robinson concerning the facts of the ingestion of Vioxx by Mrs. Robinson should not be imputed to Miss Robinson or any potential representative. Thus, the claims brought on behalf of Miss Robinson in the proposed supplemental and amending complaint should be allowed to proceed.

---

[1] Danielle P. Robinson was born on April xx, 1983. Miss Robinson is not a minor but was born disabled.

Furthermore, K.S.A. 60-515 provides Miss Robinson with liberal protection for the assertion of claims on her behalf.  The statute provides, in pertinent part, that:

"if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action."  K.S.A. 60-515(a).

Mr. Robinson filed the initial *pro se* complaint on February 12, 2008.  Even if this Honorable Court finds that Mr. Robinson's individual claims are time barred, the claims of the disabled daughter of decedent are not.  Mr. Robinson's filing of the original complaint was well within the time period afforded to Miss Robinson of eight years after the time of the act giving rise to the cause of action.  The original complaint serves as an interruption of the prescriptive period that may be applicable to Miss Robinson.  Furthermore, Defendant, Merck, has failed to show that granting leave, particularly to add Miss Robinson as a party plaintiff, will permit undue delay, acting out of bad faith or as a dilatory motive on the part of Miss Robinson.  Defendant Merck will not be unduly prejudiced by virtue of the allowance of the amendment nor is the amendment futile as it relates to the claims of Miss Robinson.  Merck, in its motion opposing the supplemental and amending complaint do not address the particular claims and rights of Miss Robinson thereby not meeting its burden to establish its futility.  It is in the best interest of justice that individual claims of Miss Robinson be allowed to proceed.

>   II.   **Plaintiffs should be allowed to proceed as a matter of right pursuant to K.S.A. 60-513(a) and 60-513 (b).**

Merck, in its omnibus memorandum, correctly points out that Mr. Robinson, in his *pro se* complaint, limited his allegations to those associated with Mrs. Robinson's experience of shortness of breath. Mr. Robinson was unaware, until quite recently, that the ingestion of Vioxx has been related to other maladies and injuries, of which his wife may have suffered. Mr. Robinson further neglected to state in his original complaint, that Mrs. Robinson ingested Vioxx well past what was alleged in his complaint. Mr. Robinson submits that Mrs. Robinson did indeed take Vioxx for an extended period of time and only stopped taking it within the days prior to her death on April 10, 2003. Unfortunately, the pharmacy that filled the latter prescriptions of Vioxx for Mrs. Robinson was unable to provide records to that effect because their internal records have since been purged.

Dismissal is justified only when the plaintiff's allegations cleary demonstrate that plaintiff does not have a claim. *Hemphill v. Shore,* (Kansas, 2012) No. 102,938 at p. 11 (*citing Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman,* 267 Kan. 245, 250, 978 P.2d 922 (1999)). Mr. Robinson's original complaint and the proposed supplemental and amended complaint offered on his behalf and on behalf of his disabled daughter cleary state allegations upon which relief can be granted. Mr. Robinson is now attempting to assert claims for the wrongful death of his wife Bobbie Robinson.

Mr. Robinson should be entitled to avail himself of the liberal protections afforded to him under K.S.A. 60-513(b). If an injury is known but the facts of such injury are not reasonably ascertainable until later, K.S.A. 60-513(b) bars an action thereon unless the facts of injury are ascertained and action commenced within ten years of the substantial injury. Although Mr. Robinson admits in his original complaint that he began "looking into Vioxx" after hearing that it

was pulled from the market in September of 2004, he had no knowledge that its use could be reasonably connected to injuries suffered by his wife nor that its use could be associated with her death.

This Honorable Court has consistently ruled that the statute of limitations in this matter began to run on September 30, 2004, the day that Vioxx was pulled from the market.  Mr. Robinson began "looking into" the correlation between some of his wife's symptoms and her ingestion of Vioxx shortly thereafter.  Mr. Robinson only considered that his wife's shortness of breath, fainting spells and other maladies were related to her ingestion of Vioxx.  Mr. Robinson had no idea that his wife's death could potentially be related to her ingestion of Vioxx.  Mr. Robinson only recently learned that the ingestion of Vioxx has been related to more serious injuries than of what he originally complained of in his complaint.

K.S.A. 60-513(b) was enacted by the Kansas state legislature to protect individual rights such as those of Mr. Robinson when the circumstances permit.  The liberal time afforded under Kansas's statute of repose gives individuals the right to assert prescriptive period of ten years.  A cause of action for wrongful death accrues on the date of death unless information from which the fact of death or negligence can be determined was either concealed, altered, falsified, inaccurate, or misrepresented.  *Martin, et al v. Sandip Naik, M.D., et al* No. 101,146 (Kansas 2013) at p. 19 citing *Davidson v. Denning*, 259 Kan. 659, Syl ¶ 2, 914 P.2d 936 (1996).  In this particular case, Mr. Robinson may be able to sustain a finding of fact that the cause of death of his deceased wife was inaccurate.  Mr. Robinson should be allowed the opportunity to support his proposed new allegations regarding not only the potential cause of death of Mrs. Robinson but the potentially contributing factor of her ingestion of the drug Vioxx.  Mr. Robinson's original complaint and the

allegations contained within the proposed supplemental and amended complaint are made well within the ten year time frame authorized by K.S.A. 60-513(b).

    III.    CONCLUSION

For all of the above reasons, Plaintiffs respectfully request this Court grant their Motion for Leave to file their Supplemental and Amended Complaint and likewise deny defendants motion to dismiss. In the alternative, if this Honorable Court deems the claims of Mr. Robinson to be dismissed, the claims on behalf of decedent's disabled daughter should be allowed to proceed for the all of the afore stated reasons not only applicable to Mr. Robinson but as well applicable to Miss Robinson individually.

Respectfully submitted,

WOODS, BOWERS & WOODS, LLC

BY:    s/Justin I. Woods
**JUSTIN I. WOODS (#24713)**
1610 Oretha Castle Haley Boulevard
Suite B
New Orleans, Louisiana  70113
Tel.: (504) 309 – 4177
Fax:  (504) 309 – 4377
E-mail:  jwoods@wbw-law.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2013, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

    s/ Justin I. Woods
    JUSTIN I. WOODS