UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:  *Elena Strujan v. Merck & Co., Inc., No. 07-906*

## ORDER & REASONS

The Court is in receipt the attached filing from *pro se* Plaintiff Elena Strujan, which it treats as a motion for reconsideration of the Court's October 17, 2013, judgment. (Rec. Doc. 64642). Specifically, Ms. Strujan requests relief from the Court's award of costs to Defendant Merck & Co., Inc.

A motion for reconsideration will be "evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A. & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). Whether the motion is considered under Rule 59(e) or Rule 60(b) depends on when it was filed. *Tex. A. & M. Research Found.*, 338 F.3d at 400. If it was filed within 28 days, it is considered under Rule 59(e), otherwise it is considered under Rule 60(b). *See also Steward v. City of New Orleans*, No. 11–30947, 2013 WL 3964005, *2 (5th Cir. Aug. 2,

2013). Here, the judgment was issued on October 17, 2013, and the motion was tendered for filing on November 21, 2013. Thus, it must be considered under Rule 60(b).[1]

Rule 60(b) allows alteration of a judgment for "mistake, inadvertence," "newly discovered evidence," as well as "any other reason that justifies relief." FED. R. CIV. P. 60(b). "By its very nature the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in the light of all the facts.'" *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927. The following factors should be considered:

> (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Id.*

Here, the issue is whether altering the award of costs in the interest of justice outweighs the strong presumption that the judgment remain undisturbed. Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). The Fifth Circuit has

---

[1] "A motion under Rule 60(b) must be made within a reasonable time—and [in some instances] no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). By this standard, Ms. Strujan's Rule 60(b) motion was filed in a timely manner.

2

interpreted Rule 54(d) to mean that "'the prevailing party is *prima facie* entitled to costs.'" *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). Thus, a cost award may only be reduced or eliminated if there is "'some good reason for doing so.'" *Id.* at 794 (quoting *Schwarz*, 767 F.2d at 131). "[R]educing or eliminating a *prevailing* party's cost award based on its wealth—either relative or absolute—is impermissible . . . ." *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013) (emphasis added). However, it is possible that "a *losing* party who has demonstrated indigency may properly be excused from paying a prevailing party's costs or may properly be permitted to pay reduced costs." *Id.* at 320 n.9 (emphasis added).

On July 25, 2012, this Court ordered that Ms. Strujan's "claims [were] DISMISSED WITH PREJUDICE," but it did not make any determination as to the award of costs. (Rec. Doc. 64010 at 6). Over a year later, and following her unsuccessful appeal, it entered a standard judgment "dismissing [Ms. Strujan's] claims with prejudice and costs." (Rec. Doc. 64642 at 1).Although this Court had previously considered Ms. Strujan's economic situation in the context of her request to proceed *in forma pauperis* on appeal (Rec. Doc. 64147), it did not do so when it entered a judgment awarding costs pursuant to Rule 54. Further, Ms. Strujan was unaware that costs could be awarded until after the judgment had been entered, which appears understandable given the fact that the order dismissing her claims did not address costs.

Thus, the Court concludes that it is in the interest of justice to reconsider its award of costs given the circumstances. As the Court noted in its order denying her request to proceed *in forma pauperis*, "Ms. Strujan [attests] she receives Social Security benefits each month and has minimal, if any, other income." (Rec. Doc. 64147 at 1). Additionally, Ms. Strujan's now provides a November 12, 2013, statement from the Social Security Administration ("SSA") indicating that

3

she also receives Supplemental Security Income ("SSI"). As the SSA notes, SSI "is designed to help aged, blind, and disabled people, who have little or no income" and "provides cash to meet basic needs for food, clothing, and shelter." *Supplemental Security Income*, SOC. SEC. ADMIN. http://www.ssa.gov/ssi/ (last visited Dec. 6, 2013). Considering this and the other materials attached to her motion, the Court finds that Ms. Strujan's indigency is a good reason for not awarding costs. Having considered the facts and the applicable law, the Court also concludes that with regard to the award of costs, principles of justice outweigh any interest in finality.

Accordingly, **IT IS ORDERED** that the judgment in this matter (Rec. Doc. 64642) be set aside and that a new judgment be entered dismissing Ms. Strujan's claims with prejudice and without costs.

New Orleans, Louisiana, this 12th day of December, 2013.

UNITED STATES DISTRICT JUDGE