# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| State of Montana v. Merck, et al. | * | |
| State of Alaska v. Merck, et al | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE AND OBJECTIONS TO MERCK'S THIRD AMENDED NOTICE OF VIDEPTAPED DEPOSITION OF DAVID EGILMAN, M.D.

Plaintiff objects to the instructions set forth in Exhibit A to Merck's Notice as overbroad, unduly burdensome, irrelevant, and beyond the scope of permissible discovery as the instructions seek work product or otherwise privileged materials. Specifically:

1. Objection, overbroad, seeks work product. However, all materials referenced by Dr. Egilman in the body of his expert report and corrections to his expert report will be available for inspection at the time of deposition. Copies of said materials will be made available to Merck at Merck's sole and complete expense.

2. Objection, relevance, overbroad.

3. No such documents are known to exist.

4. Objection, unduly burdensome. All deposition transcripts are available to the Defendant.

5. Objection, relevance and overbroad. No such documents are known to exist.

6. Objection, unduly burdensome and irrelevant. This document has already been provided.

7. See Answer to Instruction 1, above.

8. See Answer to Instruction 1, above.

9. See Answer to Instruction 1, above.  Furthermore, no such documents exist.

10. Objection, unduly burdensome, seeks work product.  Furthermore, no drafts of such documents exist; to the extent such documents have been published they are already in the public domain and therefore available to the Defendant.

11. Objection, irrelevant and not comprehensible as written.  Furthermroe, no such documents exist.

12. The entire database of Merck documents, including the Martin Report, will be printed and produced at Merck's sole expense.  Given the date of service of this Instruction and the practical time constraints involved in printing the millions of documents that comprise Merck's database of documents, production of these documents will be made as soon as practicable, but not at the time of the Deposition.  An exhibit number shall be reserved to mark the entire database of Merck documents as an Exhibit to Dr. Egilman's deposition.

    DATED this 17TH day of December, 2013.

    ___/S/_____
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123

    ___/S/_____
Eric H. Weinberg
The Law Offices of Eric H. Weinberg
149 Livingston Avenue
New Brunswick, NJ  08901

/S/
Richard W. Schulte (Ohio Bar No. 0066031)
812 E. National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Response and Objections to Merck's Third Amended Notice of Videotaped Deposition of David Egilman, M.D.** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of December, 2013.

/S/
Joseph W. Steele
Kenneth D. Lougee
STEELE & BIGGS
5664 South Green Street
Salt Lake City, UT  84123