**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | Case No: 2:09 CV024:30EEF-DEK |
| **Catherine Singleton,**<br>**Sandra Hammack, obo the Estate of Velma Dunn**<br>v. | PLAINTIFF |
| **Merck & Co., Inc.** | DEFENDANTS |

PLAINTIFF VELMA DUNN'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO DISPUTE

Pursuant to L.R. 56.1, Plaintiff, Velma Dunn (d), ("Dunn"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany it's Memorandum In Opposition to Motion For Summary Judgment of Merck pursuant to Federal Rule of Civil Procedure 56:

1.      On November 9, 2007, after extensive discovery, pretrial proceedings, and a number of bellwether trials, the parties announced a Master Settlement Agreement that resolved over 99 percent of Vioxx claims. The requirements of that Program were set out in the Master Settlement Agreement ("Agreement" or "MSA"). Defendants Exhibit B. By submitting an Enrollment Form, under duress in a one sided adhesion agreement, claimants and their enrolling counsel agreed to be bound by all of the terms and conditions of the Agreement. See MSA §

1.2.4. submission of an Enrollment Form was deemed irrecoverable, under duress and a one aided "agreement" and a claimant could not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of her release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program. See MSA§ 1.2.3. all of this was under duress and pursuant to an adhesion agreement.

2. As part of the settlement process, claimants submitted to the Claims Administrator complete Claims Packages, including key pharmacy records and medical records. See MSA § 1.3.1, 1.2.2.1.

3. In order to be eligible for payment, claimants had to meet certain criteria regarding their injury, their duration of Vioxx usage, and proximity of Vioxx usage to the injury alleged. The Claims Administrator made the initial determination as to whether the requisite gate criteria had been satisfied. See MSA § 2.1, 2.2, 2.3. If the Claims Administrator determined that a claimant did not meet the requisite gate requirements, the Gate Committee conducted an additional review.  See MSA§ 2.5.  If the Gate Committee also determined that a claimant was not eligible, the claimant could appeal the Gate Committee's determination to the Special Master as set forth in the MSA. See MSA § 2.6. The Special Master's decision on claimant eligibility was alleged to be binding, final and non-appealable. However, under the alleged agreements mandating this were entered into by representative for the Velma Dunn estate under duress and it was and is a one sided document of adhesion. See MSA § 2.6.3.

4. Alternatively, program claimants who chose not to appeal the Gate Committee's determination of ineligibility could exit the Resolution Program and obtain return of their release and stipulation of dismissal by properly executing and delivering a Future Evidence Stipulation

within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility. See MSA § 2.7.3. If the FES was not executed and delivered within thirty days, the MSA directed the Claims Administer to deliver such Program Claimants' Stipulations for Dismissal With Prejudice and Releases to Merck. See MSA § 2.7.2. All of this was pursuant to a one sided contract of adhesion document.

5.      Plaintiff elected to enroll in the Vioxx Resolution Program, and her counsel submitted a Claims Form on her behalf on December 1, 2008. In that Claims Form Plaintiff stated that the alleged injury was a myocardial infarction that Ms. Dunn had suffered on September 5, 2001. See Defendant's Ex. C attached to their alleged Statement of material facts to which they allege there is no alleged dispute. However, she actually suffered other injuries such as a pulmonary embolism, kidney failure and congestive heart failure. See Dr. Dwight A. Dishmon's report dated September 13, 2009.

6.      On April 13, 2009, the Claims Administrator issued a Notice on Ineligibility on Plaintiff's claim based on alleged insufficient proof for the Injury Gate, and Plaintiff was given an opportunity to submit additional evidence. See Defendant's Ex. D. Attached to their alleged Statement of Material Facts to which Defendants allege there is no alleged dispute. Upon a second review by the Gate Committee, Plaintiff's claims again were deemed ineligible on July 6, 2009 for alleged failure to provide proof of her alleged injury of myocardial infarction. See Defendant's Ex. D.

7.      Plaintiff did not appeal the denial of her claim, Plaintiff elected to execute a Future Evidence Stipulation pursuant to the MSA. On August 6, 2009, she provided an executed and notarized Future Evidence Stipulation. See Defendants Ex. A. See Plaintiffs Opposition

Response to Merck's Memorandum in Support of their Motion For Summary Judgment and Memorandum of Law.

8.     Consider Plaintiff's Memorandum of Law In Opposition to Merck's Motion For Summary Judgment as if fully copied herein. It is to be considered as part of Plaintiff, Velma Dunn's Response to Merck's Motion For Summary Judgment and Memorandum of Law.

9.     Plaintiff has produced prima facie evidence establishing that Ms. Dunn experienced an injury or injuries because of taking Vioxx. See medical records and pharmacy records produced by Plaintiff.  Several doctors records diagnosed Ms. Dunn with various injuries in her medical records. Moreover her Lone Pine expert, Dr. Dwight H. Dishmon concluded that Plaintiff suffered Injuries pursuant to having taken Vioxx and that it is within reasonable medical certainty that Vioxx was a contributing fact to her death and her injuries. In fact, hospital records and pharmacy records  expressly state that she was taking Vioxx right until a few days before the time of her death on October 6, 2001. And started at least as early as September and October of 2000.

　　　　Dated:   December 19, 2013

　　　　　　　　　　　　　　　　　　　　Respectfully submitted
　　　　　　　　　　　　　　　　　　　　SANDRA HAMMACK
　　　　　　　　　　　　　　　　　　　　OBO ESTATE OF VELMA DUNN, (D)

　　　　　　　　　　　　　　　　　　　　/s/ Bennie L Jones, Jr
　　　　　　　　　　　　　　　　　　　　BENNIE L JONES, JR, MSB#3185

OF COUNSEL:
BENNIE L JONES, JR, ESQ.,
B.L. JONES., JR & ASSOCIATES
P O BOX 357
206 COURT STREET
WEST POINT, MS 39773
662.494.1024

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff, Sandra Hammack, obo Estate of Velma Dunn's Statement of Material Facts As to Which There Is No Dispute has been served on Liason Counsel Russ Herman and Phillip Wittmann, by U.S. Mail and email, or by hand delivery and email, upon Liason Counsel Ann Oldfather by email, and upon all parties by electronically uploading the same to Lexis Nexis file & Serve Advanced in accordance with Pre-Trial Order No. 8c, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which wills end a Notice of Electronic filing in accord with the procedures established in MDL 1657, on this the 19th day of December, 2013.

/s/ Bennie L. Jones, Jr.
Bennie L. Jones, Jr.