UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX LITIGATION ) | |
| ) | MDL Docket No. 1657 |
| This Document Relates to All Cases ) | Section L |
| ) | |
| ) | Judge Fallon |
| ) | Magistrate Judge Knowles |
| THIS DOCUMENT RELATES TO THIRD ) | |
| PARTY PAYOR COMMON BENEFIT ) | December 2, 2013 |
| FEES ) | |

**CENTRAL STATES LAW FIRMS' OBJECTION TO THE SPECIAL MASTER'S REPORT OF NOVEMBER 8, 2013 AND RECOMMENDATION REGARDING THIRD PARTY PAYOR COMMON BENEFIT AWARDS**

Pursuant to Judge Fallon's order of March 15, 2013, Central States Law Firms' (Hovde Dassow & Deets, LLC, Lanier Law Firm, Ewing, McMillin & Willis, PLLC, Gary F. Franke Co, L.P.A., hereinafter referred to as "CS lawyers") submit this Objection to the Special Master's Report of November 8, 2013 and Recommendation Regarding Third Party Payor Common Benefit Awards. CS lawyers incorporate by reference the previously filed objections (Document Nos. 64046, 6046-1, 60408, and 64397). This objection was previously filed on November 26, 2013 and resubmitted in pleading format per the Court's request on Friday, November 29, 2013.

With all due respect to the Special Master, the FAC and Special Master have significantly undervalued the contribution of the CS lawyers. The CS lawyers submitted an Application of $1,283,747.20 in fees and expenses and were recommended for allocation as follows:

1

| Vioxx TPP | Total Fees Submitted | Total Expenses Submitted | Total Fees/Expenses **Requested** | Total Recommended by FAC | Special Master |
|---|---|---|---|---|---|
| Ewing McMillin & Willis | $185,600.00 | $1,539.14 | $187,139.14 | $60,000.00 | $60,000.00 |
| Gary Franke & Co. | $128,297.50 | $9,522.52 | $137,820.02 | $35,000.00 | $35,000.00 |
| HDD, LLC | $696,600.00 | $105,573.54 | $802,173.54 | $375,000.00 | $423,000.00 |
| Lanier Law Firm | $157,615.00 | $0.00 | $157,615.00 | $50,000.00 | $75,000.00 |
|  | $1,168,112.50 | $116,635.20 | **$1,284,747.70** | $520,000.00 | $593,000.00 |

The Special Master's report added $25,000 to Lanier Law Firm and $48,000 to Hovde Dassow & Deets, LLC and nothing to the two other firms. The total for CS lawyers stands at $593,000.00 for both fees and expenses; or roughly 47% of the submitted fees and expenses.

RESPONSE TO SPECIAL MASTER'S REPORT AND FAC'S
MEMORANDUM AND TESTIMONY

1)      <u>Concern about the number of firms prosecuting Central States trial case.</u>

The FAC does not dispute the work done by the CS lawyers. The FAC does not dispute the hours, expenses, and the quality of work performed by those lawyers. However, the FAC does have concerns with the number of firms and lawyers involved in the prosecution of the only New Jersey TPP trial case. The Special Master considered this a factor in his evaluation (*see page 3 Special Master's report*.)

Seven lawyers prosecuted and submitted for trial the Central States TPP trial case: Mark Lanier, Rob Dassow, Rick Meadow, Evan Janush, Gary Franke, David Ewing, and Susanne Scovern. The CS lawyers did not utilize or enhance their submission with associates, clerks or

2

paralegals.[1] Instead, the CS lawyers used an experienced skeleton crew of lawyers to prepare for the first trial. There was no duplication of work.

The FAC criticizes the CS lawyers for using seven (7) lawyers with 20+ years of experience who have tried hundreds of cases. Ironically, the FAC recommended rewarding 50+ lawyers, paralegals, and law clerks who worked on Local 68. They allocated $11 million dollars out of the $15 million dollars available to FAC firms. The FAC approved substantial work by associates, paralegals, and law clerks for research, document review, and other non-trial preparation work all valued at nearly 100% of their submission.

FAC categorizes Central States' work as "case specific" and not for the common benefit of all. This is wrong. All work performed by CS lawyers was at the direction of Judge Higbee and in preparation for the first and only scheduled trial in the country.

The FAC further criticized Central States and accused them of "accrual of excess lodestar and costs." The New Jersey Court instructed Central States to be ready for trial. Yet, the FAC, and other fully compensated firms, charged associates, paralegals, and clerk time similar to that of the CS lawyers who have 20+ years of experience. Such paralegal rates approached CS lawyers. Some FAC lawyers were paid for their time on Local 68 years after the case was decertified, and yet there is no similar reference to the "accrual of excess lodestar and costs" concerning such other fee awards.

As to the hourly rates charged, the Central States' work was performed by lawyers with 20+ years of experience except, for Evan Janush who has 15 years of experience and is Chief of Staff of Lanier's New York office. The CS lawyers submitted rates between $325 and $500 per hour. On the other hand, the FAC as well as other "preferred firms" claimed time up to

---

[1] For example, while Rob Dassow's paralegal, Nickie Eisele, spent several hundreds of hours on the Central States case, her hours were not submitted.

3

Case 2:05-md-01657-EEF-DEK   Document 64769-3   Filed 12/23/13   Page 4 of 8
Case 2:05-md-01657-EEF-DEK   Document 64722   Filed 12/02/13   Page 4 of 8

$300/hour for law clerks, paralegal time up $270/hour and associate time up to $465/hour and partners with limited trial experience of $700/hour. This is patently unbalanced. Had the CS lawyers charged rates similar to that of the FAC and other firms, the common benefit submission by CS lawyers would have been increased by about $400,000 using simple multiplication; a gross submission in excess of $1.6 million dollars. Again, Central States did not submit any law clerk or paralegal time. Instead, we submitted extremely conservative time, rates, and manpower. We should not be penalized for doing so.[2]

        2)      <u>Central States lead trial counsel in comparison to Audet Law Firm</u>

The second reason for the lack of a full allocation according to the FAC and the Special Master was the Audet Law Firm's "joint involvement" with Hovde Dassow and Deets, LLC and the Lanier Law Firm and the subsequent acceptance by the Audet firm of a reduced fee percentage of their submission.[3]

The FAC's argument that the Audet law firm's level of involvement and decision making was equal to that of the other firms is inaccurate. Audet's level of participation and decision making was zero. Only Hovde Dassow & Deets, LLC, Lanier Law Firm, Gary Franke, and David Ewing, had decision making ability.

Further, Audet's work can easily be distinguished from the other Central States firms. First, Audet did not have any client contact, client involvement, or client trial preparation. Second, Audet had no involvement in trial depositions or coordination of the case for trial. Audet played no leadership role. Audet could not and did not dictate trial strategy. There is no doubt that Susanne Scovern provided exceptional legal work and was a tremendous asset to the

---

[2] The FAC should have factored in the materially disparate hourly rates charged by associates and partners in the same city, e.g. New York and Indianapolis.
[3] One can only speculate why the FAC and Audet agreed to a reduction of compensable fees.

case and her work should be valued at 100%. She was asked to participate by Rob Dassow. All of her work was performed at the direction of Lanier Law Firm and Hovde Dassow & Deets, LLC, and to a smaller extent, David Ewing and Gary Franke. Moreover, Susanne Scovern was the only Audet lawyer involved in the case.

The FAC's argument to the Special Master, and the subsequent report and finding that Audet's firm was "jointly involved with HDD" is simply untrue. The remaining Central States firms strongly disagree with any reduction based upon the unilateral decision of Audet to accept less than the amount they initially claimed and should have no bearing on the Central States firms.

    3)    <u>Lanier Law Firm</u>

As with all of the CS lawyers, the FAC did not contest the hours of work or the quality of work performed by the Lanier Law Firm. The FAC claims that Lanier Law Firm's common benefit work does not equal that of the FAC and certain other firms' partners, associates, paralegals, and clerks, who were compensated at nearly 100% of their submissions. The lawyers, paralegals, and clerks that worked on Local 68 were approved at nearly full value and at a much higher rate than other firms. The Lanier Law Firm's value in the Vioxx litigation is not considered on par with document review by associates, clerks, and paralegals. No reason was provided for not allocating full value to the Lanier Law Firm.

    4)    <u>Ewing, McMillin & Willis, PLLC, Gary F. Franke Co, L.P.A.</u>

No findings were made by the Special Master as to Ewing and Franke. David Ewing and Gary Franke were critical to the prosecution of the Central States case. They were deeply involved in trial strategy and performed extensive legal work for the common benefit of this litigation. These two lawyers have tried hundreds of cases and had day-to-day contact with the

5

client. For trial preparation, they were involved in depositions and document discovery. David Ewing, for example, was Co-Lead for the State of Ohio in a trial against Merck-Medco. He obtained an $11 million dollar verdict against Merck-Medco. Surely, the FAC would acknowledge his benefit to all of the TPP claimants for his participation on the trial team.

     5)    <u>No Small Case</u>

Mr. Seeger testified that the vast majority of the TPP claimants' damages were too small to justify the time and expense of a jury trial; hence, one of the reasons to settle the case. This was not true of Central States. Central States had 200,000 plus Vioxx prescriptions and paid more than $18 million dollars. The total damages potentially sought from a jury would have been $55 million dollars, plus attorney fees and costs. Central States with 270,000 members was a real threat to Merck at trial.

The FAC claims that Local 68 was the driving force in the TPP settlement. While excellent legal work was performed on the Local 68 case prior to decertification, it could not be the only factor in the settlement. Local 68 was never scheduled for trial, not selected as an individual bellwether case despite thousands of hours of work, and was eventually not even a viable TPP plaintiff because the Local 68 representatives were indicted on corruption charges. After that revelation, Central States moved to the forefront of the TPP ligation. It is truly disingenuous for the FAC to suggest that all of the trial work by CS lawyers had no bearing on settlement. Had Central States not been selected and prepared for trial, it is doubtful that the FAC would have had any bargaining leverage with Merck?

The CS lawyers only want to be treated fairly and compensated in a proper and lawful amount. The CS lawyers request an entry allocating at a minimum 90% of the $1,283,747.20 original submission.

6

We fully appreciate the fact that Judge Fallon did not have the opportunity to work directly with the CS lawyers on the case at issue. However, Judge Higbee interacted with CS Lawyers regularly and in depth. As such, we respectfully request that the respective courts to whom this submission is addressed confer about the subject matter addressed herein.

           Respectfully submitted,

           HOVDE DASSOW & DEETS, LLC

    By: _s/Robert T. Dassow_
      Robert T. Dassow, #15145-64
      201 W. 103rd Street, Suite 500
      Indianapolis, IN 46290
      Phone: (317) 818-3100
      Fax: (317) 818-3111

      W. Mark Lanier
      Richard D. Meadow
      The Lanier Law Firm, P.C.
      6810 FM 1960 West
      Houston, TX 77069
      Phone: (713) 659-5200
      Fax: (713) 659-2204

      Gary F. Franke
      Gary F. Franke Co, L.P.A.
      120 East 4th Street, Suite 1040
      Cincinnati, OH 45202
      Phone: (513) 564-9222
      Fax: (513) 564-9990

      C. David Ewing
      Ewing, McMillin & Willis, PLLC
      1100 Republic Building
      429 W. Muhammad Ali Boulevard
      Louisville, KY 40202
      Phone: (502) 585-5800
      Fax: (502) 585-5858

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above Central States Law Firms' Objection To The Special Master's Report Of November 8, 2013 And Recommendation Regarding Third Party Payor Common Benefit Awards has been served upon all parties by electronically uploading the same to LexisNexis File & Serve and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing and Lexis Nexis File and Serve Express this 2nd day of December, 2013. This objection was previously filed on November 26, 2013.


       /s/Robert T. Dassow
       Robert T. Dassow