

**HUGHES HUBBARD & REED LLP**
A New York Limited Liability Partnership
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3910
Telephone:  (201) 536-9220
Telecopy:    (201) 536-0799
Attorneys for Defendant Merck & Co., Inc.

**FILED**

SEP 22 2008

Carol E. Higbee, P.J.Cv.

Sep 22 2008
3:01PM

|  |  |
|---|---|
| In Re: VIOXX LITIGATION | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br><br>CASE CODE 619<br><br>CIVIL ACTION |
| APPLICABLE TO ALL THIRD PARTY PAYOR CASES | **DISCOVERY ORDER #2 RELATING TO THIRD PARTY PAYOR CASES** |

**THIS MATTER** having come before the Court on August 8, 2008 and counsel for Plaintiffs and counsel for Defendant having been present and for good cause shown,

IT IS on this _22_ day of September ___, 2008,

**ORDERED** as follows:

1. By September 5, 2008, the parties shall, through a meet and confer process, select four (4) or five (5) plaintiffs that represent a cross-section of business models other than union welfare funds (*e.g.*, health insurers and health maintenance organizations with and without captive prescription benefit managers), who will then be subject to the directives set forth below.

2. Counsel for the selected plaintiffs shall review with their clients Merck's attached discovery requests and shall by September 19, 2008 respond separately to each discovery request. The response shall:

    a. describe any documents the Plaintiff will produce in response to the request;

    b. set forth any objections the Plaintiff has to producing some or all the documents;

        i. if Plaintiff asserts a objection based on the burden of production, Plaintiff should set forth information sufficient to support the objection, such as the estimated time it would take to produce responsive documents; the estimated cost of producing responsive documents; the estimated number of pages of responsive documents, the storage format and locations of such responsive documents, and the specific basis for such estimates.

        ii. If Plaintiff asserts that it has no responsive documents, Plaintiff shall so specify.

        iii. If Plaintiff asserts that they have already produced the responsive documents, Plaintiff shall identify such documents by Bates range.

2

3. Plaintiffs and defense counsel may each submit to the Court in a single submission per side a list of cases involving state-law consumer fraud actions brought by third-party payors similar to the current cases. The list should include only the caption, docket number, jurisdiction, and judge's name.

_____
Carol E. Higbee, P.J.Cv.