


**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
(973) 639-9100

**Attorneys for Plaintiffs**

FILED
OCT 10 2008
Carol E. Higbee, P.J.Cv.

Oct 10 2008
2:22PM

21928299

---

| | |
|---|---|
| In Re: VIOXX LITIGATION | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br><br>CASE CODE 619<br><br>CIVIL ACTION |
| APPLICABLE TO ALL<br>THIRD PARTY PAYOR CASES | DISCOVERY ORDER NO. 3<br>RELATING TO THIRD PARTY<br>PAYOR CASES |

**THIS MATTER** having come before the Court on September 24, 2008 and counsel for Plaintiffs and counsel for Defendant having been present and for good cause shown,

**IT IS** on this ____8th____ day of October, 2008,

**ORDERED** as follows:

1. Plaintiffs who do not have personnel to identify pursuant to Subparagraphs No. 1(b) through 1(f), inclusive, of the Initial Core Discovery Order, dated July 22, 2008, in the Third-Party Payor ("TPP") cases (the "Initial Core Discovery Order"), shall:

    a. Provide to Defendant within thirty (30) days after entry of this Order, a writing that (1) identifies the personnel in Plaintiff's organization who are most knowledgeable about Plaintiff's prescription drug benefit plan during the period from January 1, 1998, through December 31,

2006, inclusive (Plaintiff shall have no obligation to identify more than three (3) such persons), and (2) designates one of those identified persons to serve as a corporate representative to provide deposition testimony on Plaintiff's behalf; and

b. Within sixty (60) days after entry of this Order, produce the records in Plaintiff's possession, custody, and control that pertain to Plaintiff's prescription drug benefit plan during the period from January 1, 1998, through December 31, 2006, inclusive (hereafter "Relevant Time Period").

2. The records ordered to be produced in paragraph 1(b) of this Order include:

a. all documents within Plaintiff's files that pertain to Plaintiff's prescription drug benefit plan during the Relevant Time Period.

b. all contracts and communications with third parties that provided and/or administered prescription drug benefits to Plaintiff's plan beneficiaries during the Relevant Time Period;

c. templates of all written materials that were provided to Plaintiff's plan beneficiaries pertaining to Plaintiff's prescription drug benefit plan(s) during the Relevant Time Period;

d. union contracts and other written materials that establish and describe how Plaintiff's prescription drug benefit plan was to be paid for (e.g., through hourly employer contributions, or otherwise) during the Relevant Time Period; and

2

  e. documents that summarize the aggregate costs Plaintiff incurred to provide prescription drug benefits to plan beneficiaries and the amounts paid for Vioxx during the Relevant Time Period;

Plaintiff shall not redact such documents and information where such materials refer or relate to FDA-approved drugs in the NSAID class; provided, however, that Plaintiff may redact information about drugs unrelated to the NSAID class and to the extent necessary to protect attorney-client privileged information. Plaintiff may also withhold documents that are specific to drugs unrelated to the NSAID class that do not have general applicability.

              _____
              Carol E. Higbee, P.J.Cv.