LAW OFFICES
O'MELVENY & MYERS LLP
1652 Eye Street, NW
Washington, DC 20006
Phone: (202) 383-5300
Fax: (202) 383-5414

**HUGHES HUBBARD & REED LLP**
A New York Limited Liability Partnership
101 Hudson Street, Suite 3601
Jersey City, New Jersey  07302-3910
Phone: (201) 536-9220
Attorneys for Defendant Merck & Co., Inc.



**FILED**

FEB 19 2009

Carol E. Higbee, P.J.Cv.

23848234

Feb 19 2009
12:31PM

| | |
|---|---|
| IN RE: VIOXX® LITIGATION | SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  ATLANTIC COUNTY

CASE CODE 619
VIOXX® LITIGATION

CIVIL ACTION |
| -------------------------------------------------- | **DISCOVERY ORDER RELATING TO DEFENDANT MERCK & CO., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFFS IN ALL THIRD-PARTY PAYOR CASES** |
| **APPLICABLE TO ALL THIRD PARTY PAYOR CASES** | |

**THIS MATTER** having come before the Court on January 28, 2009, and counsel for

Plaintiffs and counsel for Defendant having been present, upon consideration of the arguments of

the parties and based on the record herein,

**IT IS** on this 19th day of February, 2009,

**ORDERED** as follows:

1.      On or before March 2, 2009, Plaintiffs in the following cases shall produce to

Defendant all documents in their possession, custody or control that are responsive to Defendant

Merck & Co., Inc.'s Requests for Production to Plaintiffs in All Third-Party Payor Cases, as

amended to reflect the January 28, 2009 rulings from the Court, attached hereto as Exhibit A,

and specifically incorporated herein:

    a.    AFTRA Health Fund (Docket 03739-08)

    b.    Central States Southeast and Southwest Areas Health & Welfare Fund (Docket 14445-06)

    c.    Guardian Life Insurance Co. (Docket 02387-08)

    d.    International Union of Operating Engineers Local 137 (Docket 04249-07)

    e.    International Union of Operating Engineers Local 825 (Docket 02534-08)

    f.    Medical Mutual of Ohio (Docket 07319-06)

    g.    National Elevator Industry Benefit Plan (Docket 01197-08)

    h.    Philadelphia Federation of Teachers Health & Welfare Fund (Docket 02330-08)

    i.    Teamsters Local 804 Welfare Trust Fund (Docket 03333-08)

2.    All other Plaintiffs in the Third-Party Payor cases shall produce documents in their possession, custody or control responsive to Defendant Merck & Co., Inc.'s Requests for Production to Plaintiffs in All Third-Party Payor Cases, as amended to reflect the January 28, 2009 rulings from the Court and attached hereto as Exhibit A, and specifically incorporated herein, on or before July 2, 2009.

3.    This Order shall not be construed as having the effect of waiving a party's objections to the Requests for Production annexed hereto as Exhibit A or to the use of responsive documents at trial, except that no party shall withhold documents from production based on any objection to the Requests for Production other than attorney-client privilege, attorney work product or other privileges, and in such instance any document withheld shall be identified on a privilege log that complies with the instructions in the Requests for Production.

4.     Merck shall attempt to confer with Express Scripts, Inc. regarding Express Scripts' objections to Merck's Request for Production of Documents.  In the event Merck is unable to reach agreement with Express Scripts, a motion to compel shall be filed by March 4, 2009.

5.     The following deadlines shall apply in the cases of all plaintiffs identified in paragraph 1(a)-(i):

    (a)  Plaintiffs' expert reports shall be due by June 1, 2009;

    (b)  Defendant's expert reports shall be due by July 1, 2009;

    (c)  Expert depositions shall be completed by July 31, 2009; and

    (d)  Dispositive motions shall be filed by August 1, 2009.

_____
Honorable Carol E. Higbee, P.J.Cv.

## EXHIBIT A

**LAW OFFICES**
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

**HUGHES HUBBARD & REED LLP**
A New York Limited Liability Partnership
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3910
Telephone: (201) 536-9220
Facsimile: (201) 536-0799

Attorneys for Defendant Merck & Co., Inc.

| | |
|---|---|
| IN RE VIOXX® LITIGATION | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br><br>CASE NO. 619<br><br>CIVIL ACTION<br><br>**DEFENDANT MERCK & CO., INC.'S<br>REQUESTS FOR PRODUCTION<br>TO PLAINTIFFS IN ALL<br>THIRD-PARTY PAYOR CASES --<br>*AMENDED TO REFLECT JANUARY 28, 2009<br>RULINGS FROM THE COURT*** |

TO:   COUNSEL FOR PLAINTIFFS IN ALL
        THIRD-PARTY PAYOR CASES

COUNSEL:

PLEASE TAKE NOTICE that, pursuant to *R.* 4:18-1, Defendant Merck & Co., Inc.

hereby requests that Plaintiffs in all Third-Party Payor cases produce the documents,

electronically stored information, and tangible things described below at the offices of

Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey

07302, within 35 days of service.

HUGHES HUBBARD & REED LLP
Attorneys for Defendant
Merck & Co., Inc.


By: _____
                    Charles W. Cohen

Dated:  January 5, 2009

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
John H. Beisner, Esq. (admitted *pro hac vice*)
Jessica D. Miller, Esq. (admitted *pro hac vice*)
Stephen D. Brody, Esq. (admitted *pro hac vice*)


## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.      "You" or "your" mean and refer to Plaintiff(s) and any of its subsidiaries, divisions, departments, affiliates, predecessors, successors or offices, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Plaintiff(s), as well as any person acting or purporting to act on its behalf.

2.      "Merck & Co., Inc." and "Merck" means the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

3.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in *R.* 4:18-1, including, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise

recorded matter, including electronically stored information, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other electronically stored information, including film, tapes, computer disks or cards, or personal data assistant memory.  Where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

4.      "Formulary" means any list of drugs for which you authorize purchases by, reimbursements to, or coverage for plan beneficiaries, including any tiers, lists of preferred drugs or other sub-categories of that list of drugs including criteria for and limitations to coverage, and any other restrictions or requirements that could influence drug selection or use.

5.      "NSAIDs" means non-steroidal anti-inflammatory drugs.

6.      "Relevant Drugs" means and includes (listed by branded (generic) names):

   a.      Anthrotec (diclofenac/misoprostol)

   b.      Bextra (valdecoxib)

   c.      Celebrex (celecoxib)

   d.      Daypro (oxaprozin)

   e.      Ibuprofen

   f.      Mobic (meloxicam)

   g.      Naprosyn, Anaprox, Naprelan, Aleve (naproxen)

   h.      Relafen (nabumetone)

   i.      Vioxx (rofecoxib)

   j.      Voltaren (diclofenac)

7.     Pharmacy and Therapeutics Committee ("P & T Committee") or formulary committee means any person or persons with responsibility for determining which drugs will be placed on your formulary, and the conditions and terms under which you will authorize purchase of, coverage of, or reimbursement for those drugs.

8.     The term "relate," "related," "relates," or "relating" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

9.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10.    As used herein, "all," "any," "each," or "every" means "all, any, each and every."

11.    The term "including" means "including, but not limited to."

12.    The use of the plural shall be deemed to include the singular and the use of the singular shall be deemed to include the plural.

13.    All documents shall be produced in the booklet, binder, file, folder, envelope, .zip file, .pst or other container in which the documents are kept or maintained by you.  If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings or file/folder names.  Documents attached to each other should not be separated.

14.    In the event any document is withheld on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log pursuant to R. 4:10-2(e)(1) that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you rely in asserting your claim, and to permit

the grounds and reasons for withholding the document to be identified. Such description should, at a minimum:

    a.    state the date of the document;

    b.    identify each and every author of the document;

    c.    identify each and every person who prepared or participated in the preparation of the document;

    d.    identify each and every person who received the document;

    e.    identify each and every person from whom the document was received;

    f.    state the present location of the document and all copies thereof;

    g.    identify each and every person having custody or control of the document and all copies thereof;

    h.    describe the subject and purpose of the document; and

    i.    provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

15.    If a document once existed, but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

16.    If you contend that documents responsive to any of these requests have been previously produced to Merck, you should so state in your response and provide a specific reference to the Bates ranges of the previously produced, responsive material.

17.    The "Relevant Time Period" referred to in these requests is defined as January 1, 1998 through December 31, 2006. Unless otherwise stated, all requests are limited to the relevant time period.

18.    Documents should be produced electronically as single page tiffs with an IPRO load file and text files (OCR for documents originally in paper form and extracted text from

originally electronic documents). To the extent you create objective coding for paper documents, the objective coding should be produced. In addition, the following fields of objective coding should be provided for materials existing in electronic form:

a. Author(s)

b. Recipient(s)

c. CC(s)

d. Document Date

e. Document Title

f. Document Type

g. Document Custodian

h. Beginning and End Bates Numbers

i. Beginning and End Bates Numbers of Attachments

j. Marginalia (yes or no)

k. Redacted (yes or no)

## REQUESTS FOR PRODUCTION

1. Copies of all formularies showing the Relevant Drugs during the Relevant Time Period, and documents sufficient to show all formulary tier structures for the Relevant Drugs.

2. Rosters or lists of members of any P&T Committee (or related committees) making formulary decisions for your pharmaceutical/prescription drug benefits plan(s) during the Relevant Time Period.

3. Minutes of any P&T Committee (or related committees) making formulary decisions for your pharmaceutical/prescription drug benefits plan(s) pertaining to review of the Relevant Drugs for the Relevant Time Period.

4.     Documents referred to or relied on by P&T Committee members (or related committees) making formulary decisions for your pharmaceutical/prescription drug benefits plan(s) in connection with formulary reviews for the Relevant Drugs during the Relevant Time Period.

5.     Documents to showing the amount of compensation that You paid to each member of the P&T Committee (or related committees) making formulary decisions for your pharmaceutical/prescription drug benefits plan(s), and the nature of Your relationship with each member of any P&T Committee (or related committees) (*e.g.*, employee or consulting physician).

6.     Documents sufficient to show the benefit design for pharmaceutical benefits You provide to members in any pharmaceutical benefits plan, including Documents showing any changes to the benefit design during the Relevant Time Period.

7.     Documents relating or referring to any rebates, discounts, or price concessions that You received from any suppliers or manufacturers of the Relevant Drugs regarding the Relevant Drugs during the Relevant Time Period.

8.     Documents relating or referring to any communications between You and the suppliers or manufacturers of the Relevant Drugs regarding the Relevant Drugs during the Relevant Time Period.

9.     Documents relating or referring to any communications between Your P&T Committee, or the P&T Committee making formulary decisions applicable to Your pharmaceutical benefit plan(s) and the suppliers or manufacturers of the Relevant Drugs regarding the Relevant Drugs during the Relevant Time Period.

7

10.     Any communications sent to plan beneficiaries regarding Your formulary decision-making processes, including any processes, procedures, or guidelines related to determining or modifying coverage, tier placement, prior authorizations, exceptions, or restrictions.

11.     Documents relating or referring to any communications between You and any plan sponsors regarding Your formulary decision-making processes for Vioxx (rofecoxib), Celebrex (celecoxib) or Bextra (valdecoxib), including any processes, procedures, or guidelines related to determining or modifying coverage, tier placement, prior authorizations, exceptions, or restrictions.

12.     Documents relating or referring to any changes to the FDA-approved label or product insert for any of the Relevant Drugs during the Relevant Time Period.

13.     Documents sufficient to show, on a yearly basis and a monthly basis for each year, the number of Your plan beneficiaries entitled to a prescription drug benefit.

14.     Documents relating or referring to any communications between You and plan beneficiaries or plan sponsors regarding any changes in premiums that refer to the Relevant Drugs.

15.     To the extent you have such documents in your possession, documents sufficient to show the percentage of Your total drug costs (after rebates and discounts) devoted to each of the Relevant Drugs.

16.     Documents relating or referring to any effect a Relevant Drug (including its presence, absence, and status on Your formulary(ies)) was expected to have or did have on Your financial performance at any time during the Relevant Time Period.

8

17.     Policies and procedures relating to the calculation of charges for any self-insured plan for which You assert claims.

18.     Documents sufficient to show all costs for Vioxx and other Relevant Drugs billed to self-insured plans by You during the Relevant Time Period.

19.     All studies, reports, analyses, and data compilations (including, without limitation, utilization, outcome, usage, and pharmacoeconomic studies) relating or referring to the concomitant use of proton pump inhibitors or H2 antagonists with the Relevant Drugs by plan beneficiaries during the Relevant Time Period.

20.     Studies, reports, analyses or compilations relating or referring to plan beneficiaries switching between any of the Relevant Drugs and any other drug or therapy during the Relevant Time Period.

21.     Documents reflecting the creation or modification of any therapeutic intervention or switching policies, procedures or programs (or any other program intended to encourage plan beneficiaries or their physicians to switch to different medications or treatments) related to the Relevant Drugs during the Relevant Time Period.

22.     Copies of any promotional materials or advertisements relating to Cox-2s that You received or reviewed.

23.     Procedures or guidelines related to determining or modifying coverage, tier placement, prior authorizations, exceptions, or restrictions, which would apply to Vioxx during the Relevant Time Period.

24.     Documents sufficient to show the formulary status of each Relevant Drug at all times in the Relevant Time Period.

25.     All documents discussing the withdrawal of Vioxx from Your formulary, prescription drug benefit coverage, or the market generally.

26.     Any document or communication discussing the formulary placement or utilization of Relevant Drugs.

27.     Any general communications between You and all beneficiaries or a group of beneficiaries regarding the use, cost, availability, restriction or withdrawal of Vioxx, except individual bills, claims forms or Explanation of Benefits (EOB), and any communications regarding Vioxx with individual members that are maintained in a file specifically identifiable as one containing such communications.

28.     Prescribing or treatment guidelines related to (1) osteoarthritis and rheumatoid arthritis, and (2) any of the Relevant Drugs, during the Relevant Time Period.

29.     All form communications prepared for and/or sent to physicians, providers, plan sponsors, plan beneficiaries, and pharmacies relating to the Relevant Drugs during the Relevant Time Period.

30.     All contracts with prescription drug manufacturers that pertain directly to purchases of the Relevant Drugs during the Relevant Time Period.

31.     Utilization reviews and/or studies pertaining to the Relevant Drugs during the Relevant Time Period.