# EXHIBIT "B"

The Fee Allocation Committee ("FAC") submits the following updated and Revised Proposed Allocation.   In its Revised Proposed Allocation, the FAC has accepted the recommendations made by Special Master Juneau as to Hovde, Dassow & Deets, Lanier Law Firm and The Law Office of Eric Weinberg.  Those awards have not been adjusted.  However, all other FAC Revised Proposed Allocations have been adjusted  to reflect a pro-rata reduction necessitated by the awards made by the Special Master taking into consideration that the total amount of funds available for distribution equals $15,000,000.00.[1]

A.      **Audet and Partners**

Audet and Partners reported a TPP common benefit lodestar of $403,762.50 based upon 897.25 total hours and $49,264.01 in unreimbursed costs, for a total of $453,026.51.  They report that they did not submit any of this time in conjunction with the personal injury common benefit process, where they were awarded $1.45 million.[2]  They received $5,669.31 in fees from their TPP clients, which appears to have been shared between five law firms: Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC (the "Central States").  Audet and Partners' submission regarding their contribution was provided within the Central States' Supplemental Vioxx Third-Party Payor Common Benefit Application. Audet and Partners' application does not specify their contributions to Vioxx TPP litigation.  The Central States objected to the Fee Allocation Committee's Recommendation and participated in a hearing before Special Master Juneau.  Special Master Juneau did not make a specific award allocation to Audet and Partners.  However, prior to submission to the Special Master, Audet and Partners agreed to the Recommendation made by the Fee Allocation

---

[1] Due to a rounding up or down adjustment, the total equals $14,999,999.93.

[2] Award amounts were taken from the Court's August 9, 2011 Order and Reasons, Dkt. No. 63195.

1

Committee for Audet and Partners.

**FAC PROPOSED ALLOCATION: $240,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $234,615.23**

B.    **Barrios Kingsdorf & Casteix LLP**

Barrios Kingsdorf & Casteix LLP reported a TPP common benefit lodestar of $7,618.75 based upon 17.35 hours and $14.24 in unreimbursed costs, for a total of $7,632.99.   They previously submitted $2,431.25 of this time in conjunction with the personal injury common benefit process, where they were awarded $1.8 million.

Barrios Kingsdorf & Casteix did not represent any TPPs, but Dawn Barrios was appointed to the Private Third Party Payor Bellwether Trial Committee by PTO 41.   According to her application, Ms. Barrios "assisted leadership in the selection of Bellwethers for the MDL," "created spreadsheet for all TPP cases in MDL and one for all Bellwethers for Leadership," "participated in all TPP conference calls," "reported status information to Russ Herman, Chris Seeger, and Elizabeth Cabraser," and "prepared and circulated memos to all counsel with TPP cases to provide status report of the MDL activities."

The Committee observes that Ms. Barrios performed an important liaison role that benefitted all TPPs litigating in the MDL.

**FAC ORIGINAL PROPOSED ALLOCATION: $10,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $9,775.63**

C.    **Bossier & Associates PLLC**

Bossier & Associates PLLC reported a TPP common benefit lodestar of $6,625.00 based upon 26.5 hours and no costs, for a total of $6,625.00.   They did not indicate whether they previously submitted any of this time in conjunction with the personal injury common benefit

process, where they were awarded $20,000.00.  They did not receive any fees from TPP clients.

Bossier & Associates PLLC's application says that they were appointed to the Purchase Claims Committee and the Private Third Party Payor Bellwether Trial Committee, and served on the Bellwether's Discovery and Expert committees.  Neither the application nor supplemental form provides any additional details about their specific contributions.

**FAC PROPOSED ALLOCATION: $6,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $5,865.38**

**D.     Cafferty Faucher LLP**

Cafferty Faucher LLP reported a TPP common benefit lodestar of $250,857.00 based upon 499.15 hours and $10,900.68 in unreimbursed costs, for a total of $261,757.68.  They previously submitted $242,450.00 of this time in conjunction with the personal injury common benefit process, where they were awarded $30,000.00.  We note, however, that this award was not based on TPP work, and that therefore TPP time reported by Cafferty Faucher was not compensated for in the personal injury common benefit process.  They did not receive any fees from TPP clients.

According to Cafferty Faucher LLP's application, the firm performed legal research and analysis in connection with the preparation of the Master TPP Complaint," "was appointed as a member of the Purchaser Claims / Economic Claims Subcommittee," "drafted and revised responses and objections to interrogatories and document requests and communicated with the client to collect the information necessary to assess its possible role in the bellwether trial process."

**FAC PROPOSED ALLOCATION: $180,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $175,961.42**

**E.    Charfoos & Christensen PC**

Charfoos & Christensen reported a TPP common benefit lodestar of $96,008.75 based upon 310.85 hours and no costs.  They did not previously submitted any of this time in conjunction with the personal injury common benefit process, where they did not receive an award.  They did not receive any fees from clients.

Charfoos & Christensen submission includes time and expenses incurred by Jason J. Thompson, a former employee.  Mr. Thompson is currently employed by the firm of Somers and Schwartz, who also submitted an application.  Both applications attest that there is no overlap between the time and expense submissions.

According to Charfoos & Christensen's application, the firm engaged in "participation and attendance in PSC phone conference regarding TPP matters," "review[ed] Vioxx Third Party Payor documents," "research[ed] Michigan's drug product liability statute … and related state and federal cases for Bellwether trial selection," and "review[ed] and contribut[ed] to court status reports regarding TPP's."

The Committee observes that Jason Thompson was a member of the Purchaser Claims committee and drafted a memo on Michigan state law that informed counsel's selection of Bellwether TPPs and benefitted all TPPs litigating in the MDL.

**FAC PROPOSED ALLOCATION: $75,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $73,317.26**

**F.    Cohen Placitella & Roth PC**

Cohen Placitella & Roth reported a TPP common benefit lodestar of $69,750.00 based upon 139.50 hours and $52,382.28 in unreimbursed costs, for a total of $122,132.28.  They did not indicate whether they previously submitted any of this time in conjunction with the personal

injury common benefit process, where they were awarded $3.5 million.  Harry M. Roth of Cohen

Placitella & Roth wrote the committee noting that his firm had received $246,721.95 in fees

from their TPP clients – not the $789,766.54 that had been reported in their initial submission.

According to Cohen Placitella & Roth's application, "C/P/R lawyer Mark Schultz spent

considerable time developing a damage model that would be applicable to these cases" and "was

an active participation … in both discovery and in developing damage experts."  C/P/R also

"explor[ed] [the admissibility of aggregate proof data] and, with others, assess[ed] the likelihood

of success," and "provided material support to the document review project specifically for the

TPP cases."

**FAC PROPOSED ALLOCATION: $122,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $119,262.74**

**G.      The Dugan Law Firm**

The Dugan Law Firm reports a TPP common benefit lodestar of $1,502,845.00 based

upon 2,995 hours and $105,795.74 in unreimbursed costs, for a total of $1,608,640.74.  They did

not receive any fees in conjunction with the personal injury common benefit process. They did

not receive any fees from TPP clients.[3]

According to the Dugan Law Firm's application, James R. Dugan II has been "involved

in every aspect of the Vioxx Private Third Party Payer (TPP) cases from the filing of the first

private TPP case in the MDL, Blue Cross Blue Shield of Louisiana, to implementation of the

final settlement."  The application also indicates that they "argued motions in court," "prepared

all of our TPP plaintiffs' discovery response," "hired experts including Johns Abramson, David

Kessler, Terry Leach, Neil Julie, and Jeffrey Harris to work on the Bellwether Trial Cases," and

---

[3] The Murray Law Firm on September 16, 2011 submitted a cost expended fact of $88,377 and/or 510 hours claiming some hours and costs which may be duplicative of Dugans' costs and fees.

"assisted counsel for various TPPs with implementation of the settlement program."

The Committee observes that James Dugan was appointed Vice Chair of the MDL Purchase Claims Committee, co-chair of the Private Third Party Payer Bellwether Trial Committee (and co-chair of the Bellwether expert committee and member of the Bellwether discovery committee), and contributed significantly to litigation of TPPs' claims in the MDL.

**FAC PROPOSED ALLOCATION: $1,500,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $1,466,345.21**

**H.    Ewing McMillin & Willis PLLC**

Ewing McMillin & Willis PPC reported a TPP common benefit lodestar of $185,600.00 based upon 371.20 hours and $1,539.14 in unreimbursed costs, for a total of $187,139.14.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor receive an award.   The firm received $5,669.31 in fees from their clients, which appears to have been shared between five law firms: Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC (the "Central States").  Ewing McMillin & Willis PLLC's submission regarding their contribution was provided within the Central States' Supplemental Vioxx Third-Party Payor Common Benefit Application. Ewing McMillin & Willis PLLC's application does not specify their contributions to Vioxx TPP litigation.  The Central States objected to the Fee Allocation Committee's Recommendation and participated in a hearing before Special Master Juneau.  Special Master Juneau did not make a specific award allocation to Ewing McMillin & Willis PLLC.  However, prior to submission to the Special Master, Ewing McMillin & Willis PLLC agreed to the Recommendation made by the Fee Allocation Committee for Ewing McMillin & Willis PLLC.

**FAC PROPOSED ALLOCATION: $60,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $58,653.81**

I.       **Favre Law Office**

The Favre Law Office reported a TPP common benefit lodestar of $5,005.00 based upon 10.70 hours and $366.00 in unreimbursed costs, for a total of $5,371.00.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  They did not receive any fees from TPP clients.

The committee observes that the Favre Law Office did not represent any TPP clients. Their application indicates that they filed a case on behalf of consumers asserting claims for economic loss in Illinois; that case was later consolidated and coordinated with the TPP and consumer economic loss claims in the MDL.

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

J.       **Gary L. Franke & Co.**

Gary Franke & Co. reported a TPP common benefit lodestar of $128,297.50 based upon 270.10 hours and $9,522.52 in unreimbursed costs, for a total of $137,820.02.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  They received $5,669.31 in fees from their clients, which appears to have been shared between five law firms: Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC (the "Central States").   Gary L. Franke & Co.'s submission regarding their contribution was provided within the Central States' Supplemental Vioxx Third-Party Payor Common Benefit Application. Gary L. Franke & Co.'s application does not specify their

contributions to Vioxx TPP litigation. The Central States objected to the Fee Allocation Committee's Recommendation and participated in a hearing before Special Master Juneau. Special Master Juneau did not make a specific award allocation to Gary L.Franke & Co. However, prior to submission to the Special Master, Gary L. Franke & Co. agreed to the Recommendation made by the Fee Allocation Committee for Gary L.Franke & Co.

According to their application, Gary L. Franke & Co. (along with Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, and Ewing McMillin & Willis PLLC) "litigated and prosecuted the trial cases," and "participated in the trial preparation of the cases." It has been represented that this refers to the Central States and Central Pennsylvania cases in New Jersey.

**FAC PROPOSED ALLOCATION: $35,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $34,214.72**

**K.     Freese and Goss PLLCS**

Freese and Goss reported a TPP common benefit lodestar of $317,487.50 based upon 928.25 hours and $6,000.00 in unreimbursed costs, for a total of $323,487.50.  They previously submitted $238,987.50 of this time in conjunction with the personal injury common benefit process, where they were awarded $25,000.  We note, however, that this award was not based on TPP work, and that therefore TPP time reported by Freese and Goss PLLC was not compensated for in the personal injury common benefit process.   They received $75,000 in fees from TPP clients.

Freese and Goss did not submit an initial application.  Their supplemental form provides no information about their contributions.

The Committee observes that Rich Freese was appointed to the Purchase Claims Committee and helped draft the Master Purchase Claims Complaint.

**FAC PROPOSED ALLOCATION: $180,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $ 175,961.42**

**L.      Hagens Berman Sobol Shapiro LLP**

Hagens Berman Sobol Shapiro LLP reported a TPP common benefit lodestar of $2,823,586.50 based upon 7248.43 hours and $491,316.07 in unreimbursed costs, for a total of $3,314,902.57.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received any award. The firm did not receive any fees from TPP clients.

According to their application, "HBSS actively litigated TPP claims in three forums: the MDL, California state court, and New Jersey state court."  In California, "HBSS led litigation on behalf of proposed classes of third party payors and consumers in consolidated proceedings" and "appealed the trial court's denial of class certification all the way to the California Supreme Court." In the MDL, HBSS was a member of the Purchase claim committee and "heavily involved in drafting the Master Complaint Regarding Class Action Cases." Thomas M. Sobol was co-chair of the TPP Bellwether Committee and served on Bellwether TPPs discovery, expert, and law & briefing committees and "helped ramp up for the bellwether trials."

HBSS also asked the committee to consider work done relating to the private lien resolution program as being done for the common benefit of TPPs:  "HBSS then represented approximately eighty TPPs in negotiations with the Plaintiffs' Steering Committee to implement a mutually beneficial lien resolution program."

The Committee observes that Tom Sobol of HBSS (along with Chris Seeger negotiated the cross-venue TPP settlement and TPP common benefit agreement. HBSS also contributed significantly to MDL and California state TPP litigation and created and implemented the Private

Lien Resolution Program that resolved liens on behalf of several hundred TPPs.

**FAC PROPOSED ALLOCATION: $2,800,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $2,737,177.72**

**M.     Herman Herman & Katz ("HHK")[previously Herman Herman Katz & Cotlar]**

HHK reported a TPP common benefit lodestar of $981,100.00 based upon 3477.75 hours of submitted but not compensated time in the Vioxx litigation through December 26, 2012.[4] HHK asserted in its position that approximately 2500 hours of TPP common benefit time was comingled with other time submitted by HHK  and it identified 601.75 hours of entries with specific narratives, which included "TPP," "Third Party," "3rd party," "NJ," "New Jersey," "local 68," "AG," or "Attorney General." that were submitted from the inception of the case through the date of application for common benefit fees in connection with the personal injury fee award. HHK also identified 369 hours of entries applicable to TPP common benefit related matters post date of application for common benefit fees in connection with the personal injury fee award. HHK did not specify the amount of unreimbursed costs, for a total of $981,100.00.   They previously submitted $425,613.00 of this time in conjunction with the personal injury common benefit process, but were not awarded a fee for TPP time in the prior award of $23.3 million. They did not receive any fees from TPP clients.

HHK served as liaison counsel in the MDL. According to their application, "HHKC was involved in all aspects of the MDL proceedings, including coordinating and participating in TPP activities."  "HHKC actively participated in the TPP motions, appearances at conferences and hearings and discovery matters, the Lien Resolution Program, dealt with the court appointed

---

[4] Additional time has been devoted to the Vioxx litigation and submitted since December 26, 2012 and Philip Garrett has advised that as of December 16, 2013 HHK has 4,488.5 hours of submitted time and $17,011.64 of unreimbursed held expenses.

Lien Administrator and Claims Administrator, participated in class certification issues and scheduling exemplar cases for trial," and "participated as co-trial counsel (along with Seeger Weiss) in the TPP Local 68 matter." The Committee observes that HHKC played a vital role as liaison counsel that benefitted all TPPs in the MDL.

**FAC PROPOSED ALLOCATION: $950,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $928,685.30**

**N.      Hovde Dassow & Deets**

Hovde Dassow & Deets reported a TPP common benefit lodestar of $696,600.00 based upon 1548 hours and $105,573.54 in unreimbursed costs, for a total of $802,173.54.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they were awarded $1.45 million.  They received $5,669.31 in fees from their clients, which appears to have been shared between five law firms: Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC (the "Central States").  Hovde Dassow & Deets' submission regarding their contribution was provided within the Central States' Supplemental Vioxx Third-Party Payor Common Benefit Application.  Hovde Dassow & Deets' application does not specify their contributions to Vioxx TPP litigation.  The Central States objected to the Fee Allocation Committee's Recommendation and participated in a hearing before Special Master Juneau.  Special Master Juneau made a specific award allocation to Hovde Dassow & Deets in the amount of $425,152.00.

According to their application, Hovde Dassow & Deets (along with Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC) "prosecuted and litigated the [Central States and Central Pennsylvania] trial cases at Judge Higbee's direction, and "participated in the expedited discovery and trial preparation of the [Central States and

11

Central Pennsylvania] cases" in New Jersey.

**FAC PROPOSED ALLOCATION: $425,152.00**

**FAC REVISED PROPOSED ALLOCATION:  $425,152.00**

O.     **Keefe Bartels LLC**

Keefe Bartels LLC reported a TPP common benefit lodestar of $577,506.25 based upon 1761.30 hours and $15,327.77 in unreimbursed costs, for a total of $592,834.02.   They previously submitted all of this time in conjunction with the personal injury common benefit process, where it appears that they did not receive an award.[5]  They did not receive any fees from TPP clients.

According to their application, Keefe Bartels LLC represented the International Union of Operating Engineers Local No. 68 Welfare Fund in New Jersey, and "were key members of a consortium of attorneys who originally conceived theories of claims against Merck, designed a litigation plan and worked on developing a case strategy."  The supplemental form indicates that the "design[ed] a litigation strategy, develop[ed] legal theories and liability facts, provid[ed] original insight into Merck's defense and participat[ed] in a voluminous document review project which essentially helped create the blueprint for MDL litigation which succeeded in large party due to such contributions."

**FAC PROPOSED ALLOCATION: $430,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $420,352.29**

P.     **Kline & Specter P.C.**

Kline & Specter P.C. did not report a TPP common benefit lodestar or unreimbursed costs.  They requested an award of $1,836,591.20.  The Court previously awarded the firm $15

---

[5] The Court's August 9, 2011 Order and Reasons allocating common benefit fees [dkt. No. 63195] does not mention Keefe Bartels LLC.

million for their common benefit work.

Kline & Specter, PC's application does not contain any information about TPP specific activities.  The firm's claim "is based on the strength of the work it performed for the common benefit of all Vioxx cases." Kline & Specter argues, "Kline & Specter should be paid $1,836,591.20 from this fund, an amount taking into account Kline & Specter's positive contributions and the need to punish the members of the Vioxx FAC, who overpaid themselves for the initial common benefit fund and who wrongly participated in the secret Stratton deal."

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

**Q.     Labaton Sucharow LLP**

Labaton Sucharow LLP reported a TPP common benefit lodestar of $617,721.50[6] based upon 1645.30 hours and $22,996.06 in unreimbursed costs, for a total of $640,717.56.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they did not receive an award.  They did not receive any fees from TPP clients.

Labaton Sucharow LLP was a member of the Purchase Claims Committee and the Private Third Party Payor Bellwether Trial Committee.  According to their application, Labaton Sucharow LLP filed "the first post-recall class action seeking TPP economic damages filed in the country," "participated as part of a 'subgroup to discuss key issues for the upcoming oral argument on defendant's motion to dismiss'," "researched and drafted a memorandum concerning ascertainable loss and cognizable injury to assist Elizabeth Cabraser in preparing for oral argument," and "was actively involved in the bellwether trial process as a member of the Private Third Party Payor Bellwether Trial Committee."

---

[6] Labaton provided lodestar figures at current and historical rates.  The Committee elected to use the lodestar value calculated with historical rates.

**FAC PROPOSED ALLOCATION: $280,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $273,717.77**

**R.     Lanier Law Firm**

The Lanier Law Firm reported a TPP common benefit lodestar of $157,615.00 based upon 393.20 hours and no unreimbursed costs, for a total of $157,615.00.   They did not previously submit any time in conjunction with the personal injury common benefit process, where the firm was awarded $27 million.   They received $5,669.31 in fees from their clients, which appears to have been shared between five law firms: Hovde Dassow and Deets, Lanier Law Firm, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC (the "Central States").   Lanier Law Firm's submission regarding their contribution was provided within the Central States' Supplemental Vioxx Third-Party Payor Common Benefit Application. Lanier Law Firm's application does not specify their contributions to Vioxx TPP litigation.   The Central States objected to the Fee Allocation Committee's Recommendation and participated in a hearing before Special Master Juneau.   Special Master Juneau made a specific award allocation to Lanier Law Firm of $75,000.00.

According to their application, the Lanier Firm (along with Hovde Dassow & Deets, Audet & Partners, Gary Franke LPA, and Ewing McMillin & Willis PLLC) was "a leader amongst plaintiffs' firms within the New Jersey coordinated Vioxx litigation," and "devoted altogether separate hours of legal work to the private TPP litigation," "often attended telephonic and in-person meetings, discovery strategy session, expert witness preparation, as well as numerous conferences before Judge Higbee both before and after the resolution of the personal injury actions.

**FAC PROPOSED ALLOCATION: $75,000.00**

**FAC REVISED PROPOSED ALLOCATION:  $75,000.00**

**S.**    **Levin Fishbein Sedran & Berman**

Levin Fishbein Sedran & Berman reported a TPP common benefit lodestar of $658,850 based upon 2,164.75 hours.  Consistent with this Court's reporting procedures they submitted all but 34 hours of this time (2,134.75 hours) in conjunction with the personal injury common benefit process, where they were awarded $19 million, but only for their efforts related to personal injury matters; TPP matters were not properly among the factors considered in that award.  They did not receive any fees from TPP clients.  Further, Phil Garrett has advised that Levin Fishbein Sedran & Berman has, as of December 16, 2013, $60,320.64 of unreimbursed held expenses. [7]

According to their application, Levin Fishbein Sedran & Berman represented Local 68 in New Jersey.  They "assisted in the development and implementation of the notice program in that class action," "engaged in extensive discovery against Merck specific to the Third Party Payor claims asserted by Local 68," "participated in the legal research and drafting of briefing performed in the New Jersey Appellate Division, as well as before the New Jersey Supreme Court."

**FAC PROPOSED ALLOCATION: $650,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $635,416.26**

**T.**    **Levy Phillips & Konigsberg**

Levy Phillips & Konigsberg reported a TPP common benefit lodestar of $128,981.50 based upon 433.21 hours and no unreimbursed costs, for a total of $128,981.50.  They did not

---

[7] Additional time has been devoted to the Vioxx litigation and submitted since December 26, 2012 and Philip Garrett has advised that as of December 16, 2013 Levin Fishbein Sedran & Berman has 1,029.75 hours of submitted time.

previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  They received $45,191.51 in fees from TPP clients.

According to their application, Levy Philips & Konigsberg "investigated 2 experts, Jay Brophy M.D. and John Abramson, M.D., retaining Dr. Abramson for its 2 bellwether cases," "prepar[ed] for, [took] and handl[ed] follow up work for the deposition of Merck 30b6 witness Janett Tavs," "prepared for an defended a custodian of records deposition in each of its bellwether cases," and "contributed to reviewing document in the Seeger Weiss depository."

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

U.     **Lieff Cabraser Heimann & Bernstein**

Lieff Cabraser Heimann & Bernstein reported a TPP common benefit lodestar of $1,485,307.50 based upon 2353.50 hours and no unreimbursed costs, for a total of $1,485,307.50.  Lieff Cabraser did not request or receive compensation for any of this time, or for common benefit time incurred for other Purchase claims (governmental entities and consumers), in connection the personal injury common benefit fee process, in which they were awarded $6 million by the Court for their personal injury common benefit time.  They did not receive any fees from their TPP clients.

According to Lieff Cabraser Heimann & Bernstein's application, they contributed significantly in the MDL and New Jersey.  In the MDL, Elizabeth Cabraser "convened and presided over regular meeting of the Committee, which included discussions and action on strategic and tactical matters related to the assertion of purchase claims in the Master Complaint, discovery, selection of potential bellwether plaintiffs, and other matters."  In New Jersey, the

firm "assist[ed] Lead Counsel on class certification (including contributions to appellate level briefing), class notice, bellwether plaintiff selection, and discovery matters."  "Don Arbitblit worked on medical/scientific/expert issues as these related to TPP claims."

The Committee observes that Elizabeth Cabraser was the chair of the Purchase Claims Committee and Co-chair of the Private Third Party Payor Bellwether Trial Committee; she was primarily responsible for the brief in opposition to Merck's motion to dismiss, argued the motion to dismiss, and contributed significantly to all TPP efforts in the MDL.

**FAC PROPOSED ALLOCATION: $1,450,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $1,417,467.03**

V.    **Murray Law Firm**

The Murray Law Firm reported a TPP common benefit lodestar of $222,537.50 based upon 512.75 hours and $88,377.02 in unreimbursed costs, for a total of $374,243.78.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they were awarded $850,000.00. *See* footnote 1, *supra.* They did not receive any fees from TPP clients.

According to their application, "[t]he Murray Law Firm's principle participation in the Vioxx TPP effort was through the work of … attorney James Dugan, who served as co-lead counsel for the TPP plaintiffs in this MDL."  Mr. Dugan's contributions are described above. The application also states, "[t]he Murray Law firm hereby puts the TPP FAC on notice of its interest in any fees awarded to Mr. Dugan and requests that no fees allocation to either the Murray Law Firm or James Dugan (or the Dugan Law Firm) be disbursed without agreement of both the Murray Law Firm and James Dugan."

The Committee recognizes James Dugan's contributions above in discussing the Dugan

Law Firm's application.

### FAC PROPOSED ALLOCATION: $274,243.78

### FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $268,090.70

**W.  Price Waicukauski & Riley LLC**

Price Waicukauski & Riley LLC reported a TPP common benefit lodestar of $893,501.25 based upon 2813 hours and $20,004.68 in unreimbursed costs, for a total of $913,505.93.  They did not previously submit any time conjunction with the personal injury common benefit process, where they were awarded $15,000.  They did not receive any fees from TPP clients.

According to their application, Price Waicukauski & Riley LLC "participated in all aspects of this case from the initial stages of drafting the original complaint, to participating in the MDL proceedings and being appoint to the Purchase Claim Committee," "conducted [research assignment] at the request of the PCC and document review at the law offices of Seeger Weiss," researched "the use of RICO as an allegation in the litigation," and "provided research for the PCC on consumer protection statutes."

### FAC PROPOSED ALLOCATION: $450,000.00

### FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $439,903.56

**X.  Sadin Law Firm**

The Sadin Law Firm reported a TPP common benefit lodestar of $117,725.00 based upon 214.75 hours and $2,035.38 in unreimbursed costs, for a total of $119,760.38.  They did not indicate whether they previously submitted any of this time in conjunction with the personal injury common benefit process, but it appears that they neither applied for nor received any award.  They did not receive any fees from TPP clients.

According to their application, the Sadin Law Firm has "been involved in every aspect of

the Vioxx Private Third Party Payer (TPP) cases from the filing of one of the first private TPP case in the MDL, the Allied Services Division case, to implementation of the final settlement," including "organizing the Purchase Claims counsel and attending and participating in the very first MDL TPP meeting in New Orleans and assisting in setting up the Private Third Party Payer Structure" and "participated in conference calls and reviewed email, correspondence, filing and the court documents in these matters."  The application also notes that the firm "was in constant contact with The Dugan Law Firm about these matters."

**FAC PROPOSED ALLOCATION: $80,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $78,205.08**

Y.     **Scott Yung**

Scott Yung reported a TPP common benefit lodestar of $139,042.50 based upon 373 hours and no unreimbursed costs, for a total of $139,042.50.  They did not previously submit any of this time conjunction with the personal injury common benefit process, where they neither applied for nor received any award.  They received $281,591.00 in fees from TPP clients, however, it advised the FAC that it did not receive any fee from its Bellwether TPP client and has not been compensated for their claimed TPP common benefit lodestar.

According to their application, "Andrew Yung was appointed to the Private Third Party Payor Bellwether Trial Committee."   The firm "worked with the steering committee to investigate and make recommendations (sic) on experts," "conducted "Bellwether discovery," and "was a valuable resources for the TPP steering committee in its ability to provide strategy thoughts, conduct research, provide client input, and prepare a bellwether case for trial."

**FAC PROPOSED ALLOCATION: $70,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $68,429.44**

**Z.      Seeger Weiss LLP**

Seeger Weiss LLP reported a TPP common benefit lodestar of $4,164,058.75 based upon 8748.25 hours and $20,005.05 in unreimbursed costs, for a total of $4,184,063.80.  In accordance with Pre-Trial Order No. 6, Seeger Weiss submitted periodic reports for their common benefit time expended in this MDL, in New Jersey, and in connection with TPP matters.  The firm's earlier-submitted reports accumulated approximately $4,202,858.75 for TPP common benefit efforts.  Notably, the firms' TPP time was not considered by the personal injury FAC in its evaluation of common benefit conferred in the personal injury proceedings (Seeger Weiss was awarded $36.6 million in common benefit fees for its role in the personal injury claims).  Through 2010, Seeger Weiss had submitted approximately 60,000 hours of non-TPP Vioxx common benefit time pursuant to PTO 6, and approximately 8,800 hours for its common benefit TPP efforts.  Seeger Weiss has not received any fees from TPP clients.

According to its application, Seeger Weiss LLP "spearheaded the prosecution of such cases in the New Jersey state courts."  The firm "filed the first TPP action against Merck," and thereafter, months before Vioxx had been withdrawn from the market, in *Plumbers & Pipefitters Local 572 v. Merck & Co., Inc.,* Civ. No. L-857-02, it successfully defended Local 68 against a serious dismissal challenge that, if successful, would have precluded all TPPs from pursuing their claims under New Jersey's Consumer Fraud Act.  Following the denial of Merck's dismissal challenge, Seeger Weiss prosecuted Local 68's claims, conducted extensive discovery, including the review of tens of thousands of pages of documents, developed TPP-specific experts, and litigated class certification, ultimately obtaining certification of a "nationwide class of TPPs in their claims for reimbursement of Vioxx prescription costs."  Seeger Weiss litigated certification in *Int'l Union of Operating Engr's Local No. 68 Welfare Fund v. Merck & Co., Inc.*

through the intermediate appellate court, where the trial court's decision was affirmed, and before the New Jersey Supreme Court, where certification was vacated.  However, the New Jersey Supreme Court left undisturbed the trial and intermediate appellate court's 50-state choice-of-law ruling that the New Jersey Consumer Fraud Act applied nationwide to non-New Jersey TPPs.  Thus, through the efforts of Seeger Weiss, the road was paved for New Jersey and non-New Jersey Vioxx TPPs alike to pursue claims (a) under New Jersey law, (b) in New Jersey state court, (c) with treble damages, and (d) that resulted in mandatory attorneys' fees upon success.  Following the New Jersey Supreme Court's ruling in *Local 68*, Seeger Weiss was appointed and served as Liaison Counsel on TPP litigation activities before Judge Higbee and coordinated the continued discovery and individual prosecution of such claims.

As to settlement, "Mr. [Christopher] Seeger served as lead negotiator in settlement discussions with Merck, often coordinating with other TPP counsel, to facilitate a resolution acceptable to all involved," and "also led negotiations concerning the creation of a common benefit fund . . . to compensate those who performed common benefit services, and incurred common benefit expenses, to the benefit of TPP claimants."

The Committee observes that Seeger Weiss served as co-lead counsel in the MDL and Liaison counsel in New Jersey.  Christopher Seeger negotiated the TPP settlement (along with Tom Sobol) and contributed significantly to TPP litigation in both New Jersey and the MDL.

**FAC PROPOSED ALLOCATION:  $4,184,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $4,090,125.56**

**AA.   Sheller PC**

Sheller PC reported a TPP lodestar of $2,131,247.65 based upon 6276.55 hours and no unreimbursed costs, for a total of $2,131,247.65.  Sheller did not submit a supplemental form.

21

The Committee notes that Sheller previously submitted $566,000.00 in conjunction with the personal injury common benefit process (where the firm was awarded $325,000); the committee cannot tell whether this included any of the TPP time claimed here.

According to their application, Sheller PC "represented Local 68 in New Jersey," "assist[ed] the Seeger Weiss law firm with the document review in the New York depository," "worked on several of the bellwether cases by preparing and organizing the exhibits for trial and working with the trial attorneys on witness and exhibit outlines," and "became one of the leading firms, if not the leading firm, in managing the document review and depository."

**FAC PROPOSED ALLOCATION: $550,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $537,659.91**

**BB.    Slate Carter Comer PC**

Slate Carter Comer PC reported a TPP common benefit lodestar of $108,975.00 based upon 251.50 hours and no unreimbursed costs, for a total of $108,975.00.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  The firm received $671,596.99 in fees from TPP clients.

According to their application, the firm "worked extensively with the Hagens Berman and Dugan firms in drafting discovery to Merck, preparing TPP plaintiffs' response to Merck's discovery, and in coordinating discovery with the AGs."  Pamela B. Slate was appointed co-chair of the MDL Bellwether Plaintiffs' discovery committee and was member of the expert committee.

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

**CC.    Sommers & Schwartz PC and Jason Thompson & Associates**

Sommers & Schwartz PC and Jason Thompson & Associates reported a TPP common benefit lodestar of $120,017.50 based upon 290.80 hours and $1,226.12 in unreimbursed costs, for a total of $121,243.62.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  They did not receive any fees from TPP clients.

Sommers & Schwartz's submission includes time and expenses incurred by Jason J. Thompson, a current employee.  Mr. Thompson was formerly employed by the firm of Charfoos and Christensen, who also submitted an application.  Both applications attest that there is no overlap between the time and expense submissions.

According to their application, Sommers & Schwartz PC was involved in New Jersey and MDL litigation "from the beginning."  The firm's common benefit work included, "completing and overseeing my TPP clients' discovery," "review of Vioxx Third Party Payor documents produced by defendants," "work on the lien resolution program," "research of Michigan's drug product liability statute," and "discussions with clients regarding formularies and coverage for Vioxx."

The Committee discussed Jason Thompson's contributions above in discussing Charfoos and Christensen's application.

**FAC PROPOSED ALLOCATION: $100,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $97,756.35**

**DD.    Sulzer Law Firm**

The Sulzer Law Firm submitted a three page document reporting 41.75 hours and costs of $8.00.  They did not submit a substantive application.

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

EE.    **Wallace Jordan Ratliff & Brandt LLC**

Wallace Jordan Ratliff & Brandt LLP reported a TPP common benefit lodestar of $133,137.50 based upon 269.75 hours and no unreimbursed costs, for a total of $133,137.50. They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.   They received $671,596.99 in fees from TPP clients.

According to their application, the firm spent time "describing, reviewing and coordinating Bellwether plaintiff CBS Michigan's internal data production with discovery committee chairs and co-leads as to the payment information available for the experts;" reviewing and objecting to the 30(b)(6) notice and document requests for Bellwether plaintiff," "responding to [Bellwether] discovery, first disclosures, document requests, objections, supplemental objections," and "discussing [Bellwether] strategy, reviewing the NJ cases, and reviewing the trial package."

**FAC PROPOSED ALLOCATION: No award**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $0.00**

FF.    **Law Offices of Eric Weinberg**

Eric Weinberg reported a TPP common benefit lodestar of $1,138,500.00 based upon 1518 hours and $27,392.61 in unreimbursed costs, for a total of $1,165,892.61.  He did not previously submit any of this time in conjunction with the personal injury common benefit process, where he was awarded $3.5 million.  He did not receive any fees from TPP clients.  The Law Offices of Eric Weinberg objected to the Fee Allocation Committee's Recommendation and

participated in a hearing before Special Master Juneau.  Special Master Juneau made a specific award allocation to the Law Offices of Eric Weinberg in the amount of $135,292.00.

According to his application, Mr. Weinberg was "a de facto leader in organizing Plaintiffs' Counsel in New Jersey Consolidated Private Third Party Payor Litigation."  He "held a leadership role in the overall development of liability and damages theories and experts in the New Jersey Consolidated Private Third Party Payor Litigation," "conducted extensive research into Merck documents, and medication and scientific information related to Vioxx," "was one of only two lawyers … to actually contribute information to the Trial Package after the settlement, "developed and shared with Plaintiffs' Counsel a benefit/risk theory of Merck's liability that is unique to the Vioxx Third Party Payor litigation," created and shared with Plaintiffs' Counsel a database of information regarding the adverse bone mineral density effects of Vioxx, "analyzed Merck's Alzheimer's Studies," and was "Co-counsel to the Australian Firm Slater Gordon in the successful Personal Injury Class Action Matter ... in Melborne, Australia."

**FAC PROPOSED ALLOCATION: $135,292.00**

**FAC REVISED PROPOSED ALLOCATION:  $135,292.00**

## GG.    Young Law Group[8]

The Young Group reported a TPP common benefit lodestar of $20,635.00 based upon 59.70 hours and $318.69 in unreimbursed costs, for a total of $20,953.69.  They did not previously submit any of this time in conjunction with the personal injury common benefit process, where they neither applied for nor received an award.  They did not receive any fees from TPP clients.

---

[8] The Young Law Group did not submit an initial application, but explained in their supplemental submission that they did not receive notice of the deadline for the original application.  The Committee observes that this is plausible, as they appear to have been omitted from our initial email forwarding PTO 57 and are not otherwise involved in the Vioxx MDL.

**FAC PROPOSED ALLOCATION: $18,000.00**

**FAC REVISED PROPOSED ALLOCATION WITH PRO-RATA REDUCTION: $17,596.14**