UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:   *Poole v. Eichholz Law Firm, P.C., et al.,*
                                                      No. 11-1546

## ORDER & REASONS

Before the Court is The Eichholz Law Firm's ("TELF") motion for reconsideration (Rec. Doc. 64626) of the Court's September 18, 2013, order regarding attorneys' fees (Rec. Doc. 64601). After holding a final fairness hearing, the Court entered an order approving the class settlement in this matter on August 27, 2013.[1] (Rec. Doc. 64561). The Court deferred resolution of Class Counsel Mark Tate, Dorian Britt, and Tate Law Group's (collectively "Class Counsel") motion for the award of attorneys' fees, reimbursement of costs, and award of an incentive payment (Rec. Doc. 64531), holding a separate hearing on September 3, 2013, in which both TELF and Class Counsel participated (Rec. Doc. 64562). Following the hearing, the Court closely considered that motion—to which no opposition was filed—as well as the applicable law, then issued an order on September 18, 2013, awarding attorneys' fees of $31,350 (that is, 33% of the $95,000.00 settlement fund) and costs of $8,493.08 to Class Counsel and awarding a $1,000.00 incentive payment to the Class Representative.[2] (Rec. Doc. 64601 at 9).

---

[1] The background of this litigation is summarized in that order. (Rec. Doc. 64561).
[2] The Court also ordered that any funds remaining after payment of attorneys' fees, the incentive award, and the claims themselves were to be disbursed, *pro rata*, to claimants until they had been fully compensated for their loss, with any remaining funds to have been disbursed as envisioned by the settlement agreement itself.

TELF now moves for reconsideration of the Court's order awarding attorneys' fees, costs, and the incentive payment. (Rec. Doc. 64626). Specifically, TELF notes that it "timely filed an objection to the Fee Motion with Lexis File and Serve . . . [t]hus, the objection was filed of record in the Lexis filing system and served on all parties." (Rec. Doc. 64626 at 1-2). This objection, which TELF attaches to its motion for reconsideration, includes the following signed certification by its counsel:

> *I hereby certify* that the above and foregoing The Eichholz Law Firm, P.C.'S Objection to Motion of Class Counsel for Award of Fees and Reimbursement of Expenses has been served on . . . upon all parties [via] LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and *that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system* . . . .

(Rec. Doc. 64626-1 at 11 (emphasis added). However, it now notes that "[a]pparently due to an administrative oversight, . . . the TELF Fee Objection was not filed with the Clerk of the Court . . . ." (Rec. Doc. 64626 at 2). TELF argues that because "the Court was without the benefit of [its] Objection," reconsideration is appropriate. (*Id.* at 2-3). Specifically, it argues that the order "change[d] the substantive terms of the parties' Settlement Agreement" and "is inconsistent with" the order approving the class settlement. (*Id.* at 2). Class Counsel responds that the Court has discretion, if not an obligation, to amend or modify the award of attorneys' fees if appropriate.

A motion for reconsideration is "evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A. & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Whether the motion is considered under Rule 59(e) or Rule 60(b) depends on when it was filed. *Tex. A. & M. Research Found.*, 338 F.3d at 400. If it was filed

2

within 28 days, it is considered under Rule 59(e), otherwise it is considered under Rule 60(b). *See also Steward v. City of New Orleans*, No. 11–30947, 2013 WL 3964005, *2 (5th Cir. Aug. 2, 2013). Here, the order for which reconsideration is sought was issued on September 18, 2013, and TELF's motion for reconsideration was filed on October 2, 2013, thus it must be considered under Rule 59(e).

A motion under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). The Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Grp, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

---

[3] Rule 54 defines the term "judgment" as "a decree [or] any order from which an appeal lies."

Here, the question is whether either TELF's error in neglecting to file its objection or the previous order's modification of the parties' agreement regarding fees, costs, and the incentive payment warrant relief. First, the Court considers TELF's "administrative oversight." As the Court's pretrial orders and its *Vioxx* website make clear, the Local Rules of the United States District Court for the Eastern District of Louisiana govern this litigation. *See Frequently Asked Questions*, U.S. DIST. COURT FOR THE E. DIST. OF LA., http://vioxx.laed.uscourts.gov/FAQ/faq.htm. For instance:

> Question: What procedural rules govern this litigation?
> Answer: The Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Louisiana.

*Id.* Local Rule 5.1 requires that "[a]ll documents must be filed with the clerk of court in the manner provided in the court's Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings." L.R. 5.1. Local Rule 83.2.8 requires that "[a]ll counsel of record must be familiar with the substance of all documents and court orders filed in the case and any consolidated cases." L.R. 83.2.8. Thus, TELF had an obligation to familiarize itself with the Court's pretrial orders on filing documents, to file documents in the manner articulated by the Court, and to be familiar enough with the record to notice whether a document it had intended to file had been filed. TELF must have been familiar with its obligations because the served—but not filed—objection included a certification by counsel that it had been "electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system . . . ." (Rec. Doc. 64626-1 at 11).

Second, the Court considers whether the previous order improperly altered the parties' agreement regarding the allocation of fees, costs, and the incentive payment. "To properly fulfill its Rule 23(e) duty, the district court must not cursorily approve the attorney[s'] fees provision of

4

a class settlement or delegate that duty to the parties." *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998). Nor is it "bound by the agreement of the parties as to the amount of attorneys' fees." *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980). Here, the Court heard oral argument from all parties, including TELF, reviewed the materials before it, considered the applicable law, and issued a thorough nine-page order regarding allocating fees, costs, and the incentive payment. TELF seeks to rehash evidence, legal theories, or arguments that could have been—and were—offered or raised prior to the Court's order. Accordingly, **IT IS ORDERED** that TELF's motion for reconsideration (Rec. Doc. 64626) is **DENIED**.

New Orleans, Louisiana, this 23rd day of December, 2013.

*/s/ Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE