UNITED STATES DISTRICT COURT
EASTERN DISTRCIT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX LITIGATION ) | |
| ) | MDL Docket No. 1657 |
| This document relates to All Cases ) | Section L |
| ) | |
| ) | Judge Fallon |
| ) | Magistrate Judge Knowles |
| THIS DOCUMENT RELATES TO THIRD ) | |
| PARTY PAYOR COMMON BENEFIT ) | December 23, 2013 |
| FEES ) | |

**CENTRAL STATES LAW FIRMS' REPLY TO THE FAC'S RESPONSE TO THE OBJECTION TO THE SPECIAL MASTER'S REPORT AND THE FAC'S ALLOCATION**

The Central States law firms (Hovde, Dassow & Deets, LLC, Lanier Law Firm, Ewing, McMillin & Willis, PLLC, Gary F. Franke Co., LPA hereinafter CS Lawyers) submit this short reply and incorporate by reference the Objection filed on November 26, 2013, docket number 64722 (attached hereto as Exhibit "A").

The Central States law firm's reply is as follows:

1. With regard to what the FAC thinks, we would urge the Court to discuss with Judge Higbee what was and what was not important in Judge Higbee's Court.

2. Contrary to the FAC assertions in Exhibit 'B' "Revised Proposed Allocation," Franke and Ewing have <u>never</u> agreed to the FAC proposed allocation. The FAC's claim of acceptance is untrue. Each and every objection and brief filed by the CS Lawyers reflects Franke and Ewing's consistent objection position with that of Lanier and Hovde Dassow & Deets.

3. The FAC and the Special Master did not even consider Ewing and Franke's important role in the trial preparation of the bellwether case. (See Exhibit A, page 5, paragraph 4). There was no consideration of Ewing and Franke's client work, deposition preparation and

1

attendance, damages preparation and evaluation, and trial strategy. Their work grossly overshadows the work of the FAC associates, paralegals, and secretaries. Yet the FAC nor the Special Master evaluated or revised their allocation.

4. It is implausible to compensate FAC firms at nearly a 100% for partners, associates, paralegals, and secretaries whose work consisted of research, document review, and administerial work when compared to the bellwether trial preparation of lawyers who have tried hundreds of cases; like the CS Lawyers, including the Ewing and Franke firms.

5. The FAC's continued attempt to categorize the Central States trial case as being principally handled by, directed by and litigated by the Audet Law Firm is farcical. To this day, Audet's decision to cut his own deal with the FAC is disconcerting and should have no bearing on the other CS Lawyers. The FAC's speculation about the CS law firms' duties and responsibilities associated with the Central States bellwether trial team is wrong.

6. For reasons known only to the FAC and Audet, they "struck a deal" as to what Audet would accept. The Special Master's findings are a product of the FAC's uneducated assumptions as to Audet's litigation role. The FAC uses that uneducated speculation to devalue the work of the other CS firms for the benefit of the FAC. Audet's deal should have no bearing on the other CS Lawyers.

7. The FAC strongly criticizes the CS Lawyers for utilizing seven experienced lawyers for a complex TPP bellwether case. This is comical.

8. These seven lawyers submitted extremely conservative hourly rates and should not be punished for doing so. Instead of acknowledging this conservative approach, the FAC ironically approved compensation for the FAC firms at nearly 100% for fifty-plus partners, associates, paralegals and secretaries at suspiciously high rates for simple research, docket

review and other non-trial work on one case; viz, Local 68, thus creating a truly excessive lodestar. The excessively staffed and bloated work by the FAC firms should be evaluated, analyzed, and compared with CS Lawyers bellwether trial preparation.

      In conclusion, the CS Lawyers only want to be treated fairly and compensated in a lawful amount. The CS Lawyers request an entry allocated at a minimum 90% of the $1,287,747 original submission (see Exhibit A, page 2 spreadsheet).

      Respectfully submitted,

HOVDE DASSOW & DEETS, LLC

By:   /s/Robert T. Dassow
Robert T. Dassow, #15145-64
201 W. 103rd Street, Suite 500
Indianapolis, IN 46290
Phone: (317) 818-3100
Fax: (317) 818-3111

W. Mark Lanier
Richard D. Meadow
The Lanier Law Firm, P.C.
6810 FM 1960 West
Houston, TX 77069
Phone: (713) 659-5200
Fax: (713) 659-2204

Gary F. Franke
Gary F. Franke Co, L.P.A.
120 East 4th Street, Suite 1040
Cincinnati, OH 45202
Phone: (513) 564-9222
Fax: (513) 564-9990

C. David Ewing
Ewing, McMillin & Willis, PLLC
429 W. Muhammad Ali Boulevard, Suite 1100
Louisville, KY 40202
Phone: (502) 585-5800
Fax: (502) 585-5858

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above CENTRAL STATES LAW FIRMS' REPLY TO THE FAC'S RESPONSE TO THE OBJECTION TO THE SPECIAL MASTER'S REPORT AND THE FAC'S ALLOCATION has been served upon all parties by electronically uploading the same to LexisNexis File & Serve and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing this 23rd day of December, 2013.

      /s/Robert T. Dassow
      Robert T. Dassow