Elzina Rutherford
8711 County Road 236
Town Creek, AL 35672

Cindy Rutherford
72 County Road 566
Town Creek, AL 35672



12/09/2013

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras St.
New Orleans, LA 70112

Dear Honorable Eldon E. Fallon:

I am enclosing for your review a contingent fee agreement in the amount of 40% for vioxx claimants. We do not know the amount of of the award awarded by your court for IN Re Harold Lamar Rutherford deceased 2002. We have your order that limited the contract fees to 32%. However, they have taken more than your order MDL 1657. Our Estate Attorney never collected on his fees through the Fee Assessment committees, so can he still file his hours and expenses. Ken Schuppert Post Office Box 1469 Decatur, Alabama 35602 Represents my Husband and my dad's estate. He does not have anything telling him the full award. Nor do we or can we find out from Davis and Norris or Bouloukos and Oglesby what the final award was given.

The reason we are writing is to ask if they collected through the fee Assessment committees and 40 percent in compliance with your order. If not what is our recourse now?

**We did not receive 68 percent of the award.**

Our probate Attorney never was entered into these Committees.

Enclosed is the contract, personal representative, death certificate.

Harold Lamar Rutherford died of a sudden cardiac death. He was gone in less than 5 minutes. He had never had heart problems.

Thank You.

Sincerely,

Elzina Rutherford/ wife of deceased
Cindy Rutherford / daughter of deceased

STATE OF ALABAMA
JEFFERSON COUNTY

I, hereby employ the law offices of BOULOUKOS AND OGLESBY and such other attorneys as they may associate with them as my attorneys in the matter of any claims which I may have against ________ as a result of ingesting Vioxx by Harold Lamar Rutherford.

I appoint and constitute the said BOULOUKOS AND OGLESBY, my attorneys and agents, and I give and grant unto them full power to act as my attorneys, to institute suit on said claim, to prosecute said suit, to settle said claim at their discretion before or after suit is instituted, and to take any and all steps which they deem proper or desirable.

For and in consideration of their advice, counsel and professional services and of their promise to manage and conduct my said claim, I promise to pay to BOULOUKOS & OGLESBY a fee equal to ~~forty percent (40%) of the gross amount recovered from said claim.~~ In the event of an appeal to a higher court, the attorney fee for handling the appeal will be forty percent (40%) of the interest earned on the judgment while on appeal.

33-48

It is understood that all court costs and other out-of-pocket expenses incurred by said attorneys in the investigation and preparation and prosecution of my said claim shall be deducted from any recovery before any division of the proceeds. In the event no recovery is effected, I am to pay no legal fee to said attorneys and will not be responsible for any expenses incurred.

It is agreed that if I or anyone acting in my behalf shall employ any other attorney to render any services with regard to the claim hereinabove referred to, I shall be responsible to pay such attorney or attorneys for any such services rendered and said BOULOUKOS AND OGLESBY shall not be responsible in any manner for such payment. In the event that BOULOUKOS AND OGLESBY shall employ any other such attorney, they shall likewise be responsible for his payment, and agrees to pay out of its fees a referral fee to my attorney, Ken Schuppert of Decatur, AL. POB 1464 Decatur AL 256/353-7826

It is understood that said attorneys agree to manage and conduct my claim as they deem appropriate and further agree to the provisions hereof.

Dated this 14th day of July, 2006.

X E Lynn Rutherford
CLIENT NAME

ADDRESS AND PHONE NO.:

8711 County Road 236
Town Creek, AL 35672
256/974-4305

Eisenberg and Miller studied settlements of class actions, and although this Court has recognized that in some respects the MDL resembles a class action, in other respects this case is quite different.

In a typical application for a class action fee award, the Court allocates a percentage of the class's recovery to class counsel as compensation. Fed. R. Civ. P. 23(h). Class counsel perform all the work on behalf of the class and are the sole attorneys for the class members. With few exceptions, all work done by class counsel benefits all members in the class and not just the lead plaintiffs. Thus, in a typical class action fee award the tension is between the interests of counsel in receiving reasonable compensation for their work, and class members in ensuring that counsel does not receive a windfall.

The dynamic involved in the fee application in the present case is different. The Settlement Agreement was not a class action settlement, but was rather a complicated opt-in resolution of individual personal injury claims. The vast majority of these personal injury claims were governed by a contingent fee contract between the individual claimant and his or her primary attorney. The Court, as mentioned, previously capped the amount of those contingent fee contracts at 32%. By the terms of the Settlement Agreement and this Court's Order capping fees, a common benefit award is deducted not from the claimant's portion but from the total amount of counsel fees payable under the individual contingent fee arrangements. Thus, 32% of $4.85 billion represents the total amount of possible attorney compensation, including work done by the claimant's primary attorney on his or her behalf and work done by common benefit attorneys on behalf of all Vioxx claimants. The tension in this case is between the attorneys who

---

lower fee than the class action fee award.") (emphasis in original).

At the conference, the Court considered issues raised by Liaison Counse Report No. 43, including Settlement Agreement, Registration and Enrol Settlement Program, Lien Administrator, Special Master and Deputy Sp State Court Trial Settings, Class Actions, Discovery Directed to Third P State/Federal Coordination-State Liaison Committee, Pro Se Claimants, Motions, Issues Relating to Pre-Trial Order No. 9, Vioxx Suit Statistics, Trial Package, Third Party Payor Cases, Motion to Dismiss Foreign Indi Third Party Payors' Motion, 1199 SEIU Greater New York Benefit Fun Nonresponsive Plaintiffs Cross-Motion and Rule, Merck's Motion and I 28 Non-Compliance (Lone Pine Requirements), DecisionQuest, Inc., Fe Committee, Certain Attorneys' Motion for Reconsideration/Revision of Capping Contingent Fees, and Merck's Motions and Rules on PTO 29 N Compliance.

This monthly status conference was transcribed by Ms. Karen Anderson Court Reporter. Counsel may contact Ms. Ibos at (504) 589-7776 to req the transcript.

The next monthly status conference will be held on Tuesday, February 1 2:00 p.m., CST, in the Courtroom of Judge Eldon E. Fallon. Counsel un in person may listen-in via telephone at 1-866-213-7163. The access co 83054017 and the Chairperson will be Judge Fallon.

These matters are memorialized in the Court's Minute Entry dated Janu

## December 31, 2008

On December 31, 2008, the Fifth Circuit entered a stay of the Court's O appointing the Tulane Civil Litigation Clinic pending hearing on the ma the issuance of the stay, the Court had received inquiries from several cl directed the inquiries to the Clinic as per the Court's Order.

## December 19, 2008

On August 27, 2008, the Court issued an Order & Reasons capping all c for attorneys representing claimants in the Vioxx Settlement at 32% plu costs. Pursuant to the Court's Order, no attorney representing a Vioxx c collect more than 32% of the claimant's settlement award for attorneys' words, all Vioxx claimants should receive at least 68% of their net settle minus reasonable costs.

On December 10, 2008, certain plaintiffs' attorneys ("The Vioxx Litigat Consortium" or "VLC") filed a motion to reconsider the Court's ruling. group of plaintiffs' attorneys from the law firms of Provost & Umphrey LLP; Williams, Kherker, Hart, Boundas, LLP; Ranier, Gayle & Elliot, I Watts Law Firm, LLP; and the Kaiser Law Firm, LLP. The VLC seeks t contingent fees in excess of the 32% cap set by the Court. Because any a attorneys' fees will come directly from the claimants' settlement awards

Elzina Rutherford
8711 County Road 236
Town Creek, AL 35672

12/02/2013

Cindy Rutherford

Davis & Norris, LLP
IOLTA Account
The Bradshaw House
2154 Highland Avenue, South
Birmingham, AL 35205

Dear Davis & Norris, LLP

We have the $55,390.80 check from escrow, but we need something with what the award was for Harold Rutherford. We also need the copy of the check front and back of the award, along with what your firm took from the award. We need this for our accounting. This is the vioxx pay out. Hope you have a Merry Christmas.

Thank You,

Elzina Rutherford
Cindy Rutherford

Eisenberg and Miller studied settlements of class actions, and although this Court has recognized that in some respects the MDL resembles a class action, in other respects this case is quite different.

In a typical application for a class action fee award, the Court allocates a percentage of the class's recovery to class counsel as compensation. Fed. R. Civ. P. 23(h). Class counsel perform all the work on behalf of the class and are the sole attorneys for the class members. With few exceptions, all work done by class counsel benefits all members in the class and not just the lead plaintiffs. Thus, in a typical class action fee award the tension is between the interests of counsel in receiving reasonable compensation for their work, and class members in ensuring that counsel does not receive a windfall.

The dynamic involved in the fee application in the present case is different. The Settlement Agreement was not a class action settlement, but was rather a complicated opt-in resolution of individual personal injury claims. The vast majority of these personal injury claims were governed by a contingent fee contract between the individual claimant and his or her primary attorney. The Court, as mentioned, previously capped the amount of those contingent fee contracts at 32%. By the terms of the Settlement Agreement and this Court's Order capping fees, a common benefit award is deducted not from the claimant's portion but from the total amount of counsel fees payable under the individual contingent fee arrangements. Thus, 32% of $4.85 billion represents the total amount of possible attorney compensation, including work done by the claimant's primary attorney on his or her behalf and work done by common benefit attorneys on behalf of all Vioxx claimants. The tension in this case is between the attorneys who

---

lower fee than the class action fee award.") (emphasis in original).

This is a true and exact copy of the record on file with the Lawrence County Health Department.

Beverly Armstrong
Signature & Title Registrar

June 10, 2002
Date of Issue

IN PERMANENT BLACK INK. DO NOT USE GREEN, RED, OR BLUE INK

# ALABAMA

## CERTIFICATE OF DEATH

County File Number —

State File Number 101

1. DECEASED—NAME First Middle Last (Type last name all capitals): Harold Lamar RUTHERFORD
2. DATE OF DEATH (Month, Day, Year): June 3, 2002
3. COUNTY OF DEATH: Lawrence
4. CITY, TOWN, OR LOCATION OF DEATH AND ZIP CODE: Moulton 35650
5. INSIDE CITY LIMITS (Specify Yes or No): Yes
6. PLACE OF DEATH—HOSPITAL OR OTHER INSTITUTION—(If not in either, give street and number): Lawrence Baptist Medical Center
7. IF HOSPITAL (Specify Inpatient, ER or Outpatient, DOA): E.R.
8. OF HISPANIC ORIGIN (Specify Yes or No) If Yes, Specify Cuban, Mexican, Puerto Rican, etc.: No
9. RACE—(Specify American Indian, Black, White, etc.): American Indian
10. SEX: Male
11. AGE: 63 YRS.
12. UNDER 1 YEAR MOS. DAYS / UNDER 1 DAY HOURS MINS.:
13. DATE OF BIRTH (Month, Day, Year): November 4, 1938
14. DECEASED'S SOCIAL SECURITY NUMBER: 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
15. EDUCATION (Specify ONLY highest grade completed below) Elementary or High School (0-12): 12 College (1-4 or 5+):
16. MARITAL STATUS (Specify Married, Never Married, Widowed, Divorced): Married
17. SURVIVING SPOUSE (If wife, give maiden name): Elzina Steadman
18. Was Deceased ever in U.S. Armed Forces (Specify Yes or No): No
19. STATE OF BIRTH (If not in USA, name country): Alabama
20. RESIDENCE—STATE: Alabama
21. COUNTY: Lawrence
22. CITY, TOWN, OR LOCATION AND ZIP CODE: Town Creek 35672
23. INSIDE CITY LIMITS (Specify Yes or No): No
24. STREET AND NUMBER: 8711 County Road 236
25. INFORMANT—Name and Address: Elzina Rutherford 8711 Co. Rd. 236 Town Creek, Al. 3567[illegible]
26. USUAL OCCUPATION (Give kind of work done during most of working life even if retired): Business Owner / Farmer
27. KIND OF BUSINESS OR INDUSTRY: Construction
28. FATHER—NAME First Middle Last: Alek Rutherford
29. MAIDEN NAME OF MOTHER— First Middle Last: Annie Louise Craig
30. DISPOSITION OF BODY (Specify Burial, Cremation, Medical Donation, Hospital Disposal, Other): Burial
31. DATE OF DISPOSITION (Month, Day, Year): 06/06/2002
32. CEMETERY OR CREMATORY—Name: Moulton Mem. Garden
33. LOCATION—(City or Town—State): Moulton, Alabama
34. FUNERAL HOME—Name and Address: Elliott Funeral Home 15215 Court St. Moulton, Al. 35650
35. FUNERAL DIRECTOR—Signature: Robert Clem
36. DATE SIGNED (Month, Day, Year): 06/10/2[illegible]
37. — Certifying Physician (Physician certifying cause of death) "To the best of my knowledge death occurred at the time and date, and due to the cause(s) and manner stated." — Medical Examiner — Coroner "On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, place, and due to the cause(s) and manner stated."
Signature: Steven C Hodges MD
38. DATE SIGNED (Month, Day, Year): 6/3/02
39. TIME AND DATE OF DEATH: 6/3/02 1652
40. DATE AND TIME PRONOUNCED DEAD (For Coroner/M.E. use only):
41. NAME AND TITLE OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46): Steven C Hodges MD
42. ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46): P.O. Box 39, Moulton, AL 35650
43. CERTIFIER LICENSE NUMBER: 6257

For State or County use only

44. REGISTRAR— Signature: Beverly Armstrong
45. DATE FILED (Month, Day, Year): June 10, 2[illegible]

### MEDICAL CERTIFICATION

46. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. LIST ONLY ONE CAUSE ON EACH LINE.

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. Sudden cardiac death — 4[illegible]
DUE TO (OR AS A CONSEQUENCE OF):
b.
DUE TO (OR AS A CONSEQUENCE OF):
c.
DUE TO (OR AS A CONSEQUENCE OF):
d.

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST

47. PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.: degenerative joint disease
48. WAS THERE A P[illegible] 42 DAYS? (Spec[illegible])
49. MANNER OF DEATH (Specify—Accident, Homicide, Suicide, Undetermined Circumstances, Pending Investigation, Natural Causes): Natural Causes
50. AUTOPSY (Specify Yes or No): No
51. If yes, were findings considered in determ[illegible] (Specify Yes or No)
52. HOW INJURY OCCURRED (Enter nature of injury in Item 46, Part I or Item 47, Part II)
53. DATE OF INJURY (Month, Day, Year)
54. HOUR O[illegible]
55. INJURY AT WORK (Specify Yes or No)
56. PLACE OF INJURY—(Specify at home, farm, street, factory, office building, etc.)
57. LOCATION OF INJURY (Street or R.F.D. No., City or Town, State)

NAME OF DECEASED

46.

49.

STATE OF ALABAMA )
) COURT OF PROBATE
COUNTY OF LAWRENCE )

LETTERS TESTAMENTARY

The will of Harold Lamar Rutherford, deceased, having been duly admitted to record in said county, Letters Testamentary are hereby granted to Elzina S. Rutherford, the Personal Representative named in said will, who has complied with the requisitions of law and is authorized to take upon herself the execution of said will. Subject to the priorities stated in Code of Alabama 1975, as amended, §43-8-76, the said Personal Representative, acting prudently for the benefit of interested persons, has all the powers authorized in transactions under the Code of Alabama 1975, as amended, §43-2-843, except the following limitations:

NONE

WITNESS my hand, and dated this 8th day of July, 2002.

[signature]
Judge of Probate

STATE OF ALABAMA )
)
COUNTY OF LAWRENCE )

I, Richard Proctor, Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true, correct and complete copy of the Letters Testamentary issued to Elzina S. Rutherford, as Personal Representative of the Estate of Harold Lamar Rutherford, deceased, as the same appears of record in my office, and are still in full force and effect.

GIVEN under my hand and seal of office, this 8th day of July, 2002.

[signature]
Judge of Probate

2-37070-3.149

Town Creek, al 35672
7013 0600 0000 3599 9413
U.S. POSTAGE
PAID
MUSCLE SHOALS, AL
35661
AMOUNT
$6.97
00063527-17
UNITED STATES POSTAL SERVICE
1000
70112
U.S. MARSHALS
U.S. MARSHALS
U.S. MARSHALS
Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras St
New Orleans LA
RECEIPT
REQUESTED
