UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

**JOINT REPORT NO. 80 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 80.

**I.    CLASS ACTIONS**

On July 17, 2013, plaintiffs filed a Motion for Preliminary Approval of Class Settlement of the pending economic loss claims (consumer claims) [Rec. Doc. 64487], the lone remaining group of class actions in the MDL.  Merck filed a Statement in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64488].  By Order entered July 18, 2013, the Court scheduled the motion for hearing on July 24, 2013 and set briefing deadlines [Rec. Doc. 64491].  Plaintiff James Ratliff filed an objection to the motion [Rec. Doc. 64289]; the PSC and Merck filed responses [Rec. Docs. 64497, 64500].  The motion came on for hearing on July 24, 2013.  Following the hearing, the Court entered an Order indicating its intent to preliminarily approve the settlement and instructing counsel to confer regarding date issues [Rec. Doc. 64511].  On July 26, 2013, plaintiff Ratliff filed proposed changes to the proposed class notice [Rec. Doc. 64513].  On August 1, 2013, the PSC and Merck

filed responses in opposition [Rec. Docs. 64518, 64519]. Also on August 1, 2013, plaintiff Ratliff filed motions to intervene and to stay dissemination of notice and modify dates contained in the proposed class notice [Rec. Docs. 64520, 64521]. On August 2, 2013, the PSC and Merck filed oppositions to plaintiff's motions to intervene and to stay [Rec. Docs. 64522-24]. By Orders entered August 2, 2013 [Rec. Docs. 64525-26], the Court denied plaintiff Ratliff's motions and granted preliminary approval to the Class with authorized short and long form notice, notice plan, and claim form.. On November 15, 2013, Merck and plaintiffs' co-lead class settlement counsel filed a joint motion to set a briefing schedule for final approval of the class action settlement [Rec. Doc. 64691]. By Order entered November 19, 2013, the Court granted the parties' motion, entered the proposed briefing schedule, and confirmed that the fairness hearing for final approval of the settlement would be held on December 13, 2013 [Rec. Doc. 64697]. On November 22, 2013, class settlement counsel filed a motion for final approval of the Vioxx consumer class settlement [Rec. Doc. 64703], and Merck filed a statement in support of plaintiffs' motion for final approval [Rec. Doc. 64704]. On November 22, 2013, the Court entered into the record several objections to the proposed class settlement [Rec. Docs. 64709, 64710, 64711, 64714]. On December 6, 2013, plaintiffs' co-lead class settlement counsel filed supplemental exhibits in support of its motion for final approval [Rec. Doc. 64728]. On December 9, 2013, certain New Mexico putative class members filed objections to the motion for final approval of the settlement [Rec. Doc. 64739]. A telephone status conference was held on December 9, 2013 to discuss the status of the settlement [Rec. Doc. 64738]. The fairness hearing for final approval was held on December 13, 2013. By Order and Reasons entered January 3, 2014, the Court granted the motion for final approval of the Vioxx consumer class settlement, denied Merck's motion to stay and enjoin the Kentucky proceedings and plaintiffs'

co-lead class settlement counsel's motion to enjoin Mr. Ratliff from prosecuting any related claims as moot, and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].

On August 2, 2013, the Court appointed BrownGreer as the claims administrator [Rec. Doc. 64526]. BrownGreer, the claims administrator, has established a website at www.VioxxSettlement.com. The class notice program, as originally ordered by the Court has been completed, and claims are being filed and reviewed. On December 6, 2013, BrownGreer filed a Settlement Administration Status Report [Rec. Doc. 64729]. Class members have until May 6, 2014 to submit a claim. The parties are discussing the claims with BrownGreer.

The parties will be prepared to discuss this matter further at the monthly status conference on January 15, 2014.

## II.  GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pre-Trial Order No. 39B [Rec. Doc. 63895] relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pre-Trial Order No. 39C [Rec. Doc. 64223] on January 17, 2013. The parties are engaged in ongoing discovery.

On December 19, 2012 the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a Motion for an Order Imposing a Common Benefit Obligation Upon the Recovery of the Commonwealth of Pennsylvania Attorney General's Claims Asserted Against Merck, Sharp & Dohme Corp., in this MDL [Rec. Doc. 64205]. On January 9, 2013, the Commonwealth of Pennsylvania filed an Opposition [Rec. Doc. 64216]. On February 25, 2013, the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a reply, and the Court scheduled a hearing date on the motion [Rec. Docs. 64270, 64271]. The motion was heard

on March 20, 2013 and was taken under submission [Rec. Doc. 64309]. On April 29, 2013, the Court issued Order & Reasons [Rec. Doc. 64364]. On July 22, 2013, the PSC and Government Action Liaison Counsel served a First Set of Document Requests to the Attorney General of the Commonwealth of Pennsylvania, as well as on counsel, Cohen, Placitella & Roth, P.C. The parties continue to meet and confer.

On April 29, 2013, Merck filed a Motion for Protective Order and Entry for Order for Production in the *State of Utah* case. [Rec. Doc. 64362]. The motion was noticed for submission on May 15, 2013. Plaintiff filed its response [Rec. Doc. 64393]. By Order entered May 22, 2103, the Court granted the motion in part [Rec. Doc. 64417], and entered a separate Order for Production and Protective Order [Rec. Doc. 64418].

On April 29, 2013, the State of Mississippi filed a Motion for Protective Order [Rec. Doc. 64365]. The motion was noticed for submission on June 12, 2013.

On May 3, 2013, Merck filed Motions for Judgment on the Pleadings in the Alaska, Mississippi, Montana, and Utah actions [Rec. Docs. 64372, 64373, 64374, and 64375]. Thereafter, the State of Utah filed a Motion to Remand and a Motion to Stay [Rec. Docs. 64382 and 64383], and, on May 16, 2013, filed a Motion for Summary Judgment on Judicial Estoppel [Rec. Doc. 64399].

On May 31, 2013, the State of Mississippi filed a Supplemental Motion to Remand [Rec. Doc. 64430]. The motion is noticed for submission on October 2, 2013. Also on May 31, 2013, the Court conducted a telephonic status conference to discuss Merck's motions for judgment on the pleadings [Rec. Docs. 64372, 64373, 64374, and 64375]. The Court ordered that the submission dates on Merck's motions be continued, with dates to be reset following the

resolution of plaintiffs' motions to remand in accordance with Pre-Trial Order 39C [Rec. Doc. 64432].

On June 5, 2013, Merck filed a Motion for Protective Order in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64436]. On June 24, 2013, Mississippi filed an opposition memorandum [Rec. Doc. 64460]. On June 14, 2013, the State of Alaska and the State of Montana filed motions for protective order [Rec. Docs. 64441 and 64442]. On June 21, 2013, Merck filed a memorandum in further support of its Motion to Compel 30(b)(6) Depositions (originally filed on May 17, 2013 [Rec. Doc. 64407]) and in opposition to the state's motions for protective order [Rec. Doc. 64457]. These motions were noticed for submission on June 25, 2013, immediately following the monthly status conference. Because Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64407] and the state's Motions for Protective Order [Rec. Docs. 64441 and 64442] addressed similar issues, the parties agreed to treat the state's Motions for Protective Order as oppositions to Merck's Motion to Compel. The motions were heard on June 25, 2013, immediately following the monthly status conference. By Order entered June 25, 2013, the Court granted Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64462]. By Order entered June 28, 2013, the Court denied as moot the motions for protective order filed by Alaska, Mississippi, and Montana [Rec. Doc. 64470].

On July 17, 2013, the Government Action plaintiffs submitted expert reports. On September 6, 2013, Merck submitted its expert reports. Discovery continues in these cases.

On October 2, 2013, the Court heard the remaining Attorneys Generals' motions to remand, and Merck's opposition to the same. Pursuant to prior discussions with the Court and obligations under PTO 39C, there will be no ruling issued by the Court until all fact and expert

discovery contemplated by PTO 39C is completed while the Attorneys Generals' cases are in the MDL. The parties will keep the Court apprised of the status of the remaining discovery on a routine basis. As of the date of the filing of the Joint Report, all expert depositions have been scheduled, and completion is presently expected by early February 2014.

On December 20, 2013 the Court held a telephonic conference at the request of the 4 Attorneys General regarding the cancelled deposition of David Egilman. In a Minute Entry of December 20, 2013, the Court [Rec. Doc. 64766] ordered that the deposition of Dr. Egilman be set for a mutually agreeable date prior to February 28, 2014 and that counsel for the Attorneys General provide the Court with receipts for their travel to and from the cancelled December 18, 2013 deposition of Dr. Egilman. Merck will take the deposition of Dr. Egilman in January.

On January 17, 2014 the Court will hold a telephone status conference to resolve a discovery issue on IMS data between Merck and the Attorneys General of Alaska and Montana.

The parties will update the Court on the status of any remaining discovery and will be prepared to discuss the Government Action issues further at the monthly status conference on January 15, 2014.

### III. THIRD PARTY PAYORS

On January 3, 2014, the Court entered its Order and Reasons allocating the common benefit fund for the TPP cases [Rec. Doc. 64783]. The TPP Fee Allocation Committee will be prepared to discuss these matters further at the status conference on January 15, 2014.

IV.     **PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43**

     A.     **General Matters Relating to Remaining Personal Injury Cases & Pending Motions**

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. On September 11, 2013, the PSC filed Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses [Rec. Doc. 64588]. The Court granted the motion, and entered Pre-Trial Order No. 51(A). On October 9, 2013, Ms. Oldfather requested updated information from the PSC regarding available common benefit funds, and requested updated information from Merck on withholdings in settled cases. Those requests are pending.

On November 14, 2013, Ann Oldfather filed a motion for partial award of common benefit reimbursement of expenses [Rec. Doc. 64686]. By Order entered December 19, 2013, the Court granted the motion [Rec. Doc. 64755].

The parties will be prepared to discuss this further at the January 15, 2014 status conference.

On June 3, 2013, Merck filed a Motion for Reconsideration of the Court's April 9, 2013 Order and Reasons [Rec. Doc. 64435], denying its motion to exclude certain expert opinions in the VTE cases, and granting plaintiffs' motion [Rec. Doc. 64233] to continue the submission date of Merck's motion for summary judgment with dates to be reset. On July 16, 2013, the VTE plaintiffs filed an opposition memorandum [Rec. Doc. 64483]. Merck filed a

reply on August 6, 2013 [Rec. Doc. 64528].  On August 26, 2013, the VTE plaintiffs filed a surreply in opposition [Rec. Doc. 64558]; Merck filed a response to the surreply on September 6, 2013 [Rec. Doc. 64577].  The motion is submitted to the court for a ruling.

Liaison and Lead counsel for Certain Claims will be prepared to discuss these issues further at the status conference on January 15, 2014.

    **B.**    **Matters Noticed for Submission on January 15, 2014**

None.

    **C.**    **Other Motions Involving Remaining Personal Injury Cases**

On July 25, 2013, Merck filed a Motion for Summary Judgment in the *Dennis Harrison* case [Rec. Doc. 64510].  Although the motion was originally submitted under seal, it was unsealed at plaintiff's request [Rec. Doc. 64509].  The motion was noticed for submission on September 18, 2013.  On August 20, 2013, the Court entered an Order scheduling a telephone status conference in the case for August 23, 2013 [Rec. Doc. 64548].  Following the telephone status conference, the Court entered an Order extending Mr. Harrison's response time through September 23, 2103 [Rec. Doc. 64556].  By Order entered September 9, 2013, the Court denied Mr. Harrison's request for additional time [Rec. Doc. 64585].  On September 10, 2103, Mr. Harrison filed a motion to amend complaint [Rec. Doc. 64598].  Merck opposed the motion [Rec. Doc. 64599].  The parties await a ruling on the motion.  Following a further request for extension, the Court entered an Order extending the deadline for responding to Merck's motion for summary judgment until October 4, 2013 [Rec. Doc. 64611].  On October 8, 2013, Mr. Harrison submitted a pleading entitled Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment -- The Moving Party Must Follow the Federal Rule of Civil Procedure for Summary Judgment, Rule 56, and Merck has Failed to Do So as well as a proposed Order [Rec. Doc. 64641], submitted another opposition to Merck's motion for summary judgment [Rec. Doc.

64640], and submitted a cross-motion for summary judgment [Rec. Doc. 64639]. Mr. Harrison subsequently advised that these submissions were not complete. His complete submissions were sent via overnight delivery to the Court on October 22, 2013 and were accompanied by an e-mail advising the Court that his filings were now complete and ready for decision. Mr. Harrison's supplemental submission was docketed by the Clerk on October 25, 2013 [Rec. Doc. 64666]. On November 4, 2013, Merck filed a reply in support of its motion for summary judgment and in opposition to Mr. Harrison's cross-motion [Rec. Doc. 64671]. Merck also filed a response to plaintiff's statement of material facts [Rec. Doc. 64672]. On November 22, 2013, the Court entered an Order filing into the record Mr. Harrison's Statement That He is Now Able to Gain an Expert Witness and ordering that Merck file a response to plaintiff's request [Rec. Doc. 64705]. On November 22, 2013, the Court also entered an Order filing into the record Mr. Harrison's combined surreply [Rec. Doc. 64707]. The Statement [Rec. Doc. 64706] and Surreply [Rec. Doc. 64708] were entered on November 22, 2013. On December 6, 2013, Merck filed its response to plaintiff's Statement [Rec. Doc. 64727]. On January 2, 2014, the Court entered an Order granting Mr. Harrison's request for leave to substitute an exhibit [Rec. Doc. 64776]. On January 8, 2014, the Court entered an Order [Rec. Doc. 64789] granting plaintiff's request to file a reply [Rec. Doc. 64788] to Merck's response. The parties will be prepared to discuss this matter further at the status conference on January 15, 2014.

On July 29, 2013, Merck filed a Motion for Summary Judgment in the *Mannino* case [Rec. Doc. 64514]. The motion was noticed for submission on September 4, 2013. On October 3, 2013, more than two months after Merck's motion, and more than three months after her deadline to designate experts, Ms. Mannino sent an e-mail to the Court opposing Merck's motion [Rec. Docs. 64629, 64630]. On October 7, 2013, Merck filed a reply in support of its

motion for summary judgment [Rec. Doc. 63631]. The motion is now fully briefed and ready for submission.

On October 18, 2013, Merck filed a motion for clarification of expert deadlines in the *Jo Levitt* case [Rec. Doc. 64643]. The motion was noticed for submission on November 20, 2013. On October 30, 2013, plaintiff in the *Jo Levitt* case filed a motion for extension of time to complete discovery [Rec. Docs. 64668, 64669]. On November 5, 2013, the Court entered an Order scheduling a telephone conference to discuss the competing motions [Rec. Doc. 64680]. On November 13, 2013, Merck filed an opposition to plaintiff's motion [Rec. Doc. 64685]. A telephone conference was held on November 14, 2013. Thereafter, the Court entered a revised scheduling order and denied as moot the parties' respective motions [Rec. Doc. 64688].

On October 24, 2013, Merck filed motions for summary judgment in the *Velma Dunn* [Rec. Doc. 64654]*, Todd Jelden* [Rec. Doc. 64656]*, Elizabeth Garner* [Rec. Doc. 64658], *Lynell Major* [Rec. Doc. 64660], *Val Silva* [Rec. Doc. 64662], and *Mabel Dumbell* [Rec. Doc. 64664] cases. The motions were noticed for submission on November 20, 2013. On November 14, 2013, Ann Oldfather filed a consent motion for briefing schedule [Rec. Doc. 64687]. By Order entered November 19, 2013, the Court granted the motion and set briefing deadlines [Rec. Doc. 64694]. On December 6, 2013, plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda [Rec. Docs. 64730-64732]. Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013 in which to file her opposition [Rec. Docs. 64743, 64747] and thereupon filed her opposition to Merck's motion [Rec. Doc. 64756]. On January 3, 2014, Merck filed replies in support of each of its six motions [Rec. Docs. 64778-64782]. Plaintiffs Jelden and Silva plan to request leave to file sur-replies, and Ms. Oldfather as

1147680v1

Liaison Counsel will request that such permission, if granted, be extended to the other effected Plaintiffs.

On November 6, 2013, plaintiff filed a motion for leave to file a supplemental and amended complaint in the *Maurice Robinson* case [Rec. Doc. 64681]. The motion was noticed for submission on December 4, 2013. On November 26, 2013, Merck filed a motion to dismiss and opposition to plaintiff's motion to amend [Rec. Doc. 64716]. Merck's motion was noticed for submission on December 18, 2013. On December 12, 2013, plaintiff filed an opposition to Merck's motion to dismiss [Rec. Doc. 64741]. On December 16, 2013, Merck filed a reply in support of its motion to dismiss [Rec. Doc. 64749]. Both motions are fully briefed and have been submitted.

On December 4, 2013, Merck filed a motion to show cause why the *Posey* case should not be dismissed with prejudice under Rule 25(a)(1). The motion was noticed for submission on January 8, 2014. No opposition was filed and the matter has been submitted.

On December 18, 2013, defendant Moden-Giroux, Inc. filed a motion for summary judgment in the *Wodowski* case. The motion was noticed for submission on January 8, 2014. No opposition was filed and the matter has been submitted.

The parties will be prepared to discuss these matters further at the status conference on January 15, 2014.

V. **OTHER PENDING MOTIONS/MATTERS**

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On

- 12 -

August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. The parties will be prepared to discuss this matter further at the status conference on October 25, 2013.

The parties will be prepared to discuss these matters further at the status conference on January 15, 2014.

## VI.     APPEALS

All appeals have been resolved. On November 18, 2013, the United States Supreme Court entered an Order denying the petition for review filed by Elena Strujan [Rec. Doc. 64699]. On December 9, 2013, the appeal of the Ratliff plaintiffs was dismissed pursuant to their motion [Document No. 00512465131].

## VII. NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman & Katz, L.L.C.**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax: (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Fax: (504) 581-3361

**Defendants' Liaison Counsel**

/s/ Ann B. Oldfather
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky 40208
Telephone: (502) 637-7200
Fax: (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

1147680v1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 80 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of January, 2014.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel