UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Alexander et al. v. BrownGreer PLC*, No. 2:13-cv-05048-EEF-DEK | * | KNOWLES |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT BROWNGREER PLC'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Elizabeth Alexander and Johan Rodriguez submitted claims to the Vioxx Resolution Program in 2008. They failed to provide basic information required to participate in the Resolution Program, and consistent with the Program's rules, their claims were denied on January 28, 2009. Now, Mr. Rodriguez and the administrator of Ms. Alexander's estate, Ernestine Alexander, are suing the Settlement Administrator, BrownGreer PLC ("BrownGreer") for negligence. BrownGreer moves for summary judgment on three independent bases: (i) as a matter of law, BrownGreer was not negligent because the claims were properly denied; (ii) the Settlement Agreement bars negligence claims against BrownGreer arising out of its settlement administration activities; and (iii) Plaintiffs' claims are untimely under New York law. For each of these three reasons, BrownGreer is entitled to summary judgment.

**BACKGROUND**

Following its voluntary withdrawal of the prescription medication Vioxx on September 30, 2004, Merck Sharp & Dohme Corp. ("Merck")[1] faced tens of thousands of lawsuits alleging

---

[1] Merck was then known as Merck & Co., Inc.

various personal injuries.  Among those plaintiffs were Elizabeth Alexander and Johan Rodriguez.  Compl. ¶¶ 12, 30.  On November 9, 2007, Merck entered a Settlement Agreement, creating the Vioxx Resolution Program.  *See* Ex. A ("Settlement Agreement" or "MSA").  Defendant BrownGreer was appointed Administrator of the Resolution Program.  MSA § 6.1.2.

Under the terms of the Settlement Agreement, claimants' counsel were required to initiate Resolution Program claims by submitting an Enrollment Form with a schedule of Program Claimants to BrownGreer.  MSA §§ 1.2.2, 1.2.2.1; *see also id.* § 17.1.73 (defining "Program Claimant" to include "a Person . . . on whose behalf an Enrollment Form has been submitted").  Under the terms of the Settlement Agreement, Enrolling Counsel submitting Enrollment Forms bound themselves and the Program Claimants they represented to "all the terms and conditions" of the Settlement Agreement.  *Id.* § 1.2.4.  Before the Administrator, BrownGreer, could evaluate a claim, the claimant was also required to submit a Claims Form, along with medical records.  *Id.* §§ 1.3, 17.1.13.

Becker & D'Agostino, P.C. ("B&D") submitted an Enrollment Form on May 21, 2008, listing Elizabeth Alexander and Johan Rodriguez as claimants, but failed to submit the required Claims Forms and records for each claimant.  *See* Ex. B (Enrollment Form).[2]  BrownGreer issued First, Second, and Final Notices of Claims Deficiency to B&D, but B&D failed to remedy the deficiencies.  *See* Exs. C (Alexander Summary of Claims Event Notices), D (Rodriguez Summary of Claims Event Notices) (8/29/08, 9/18/08, and 11/6/08 entries).  On December 5, 2008, BrownGreer issued Notices of Non-Submitting Program Claimant for Alexander and Rodriguez, notifying B&D that their claims had been denied due to the failure to comply with the Resolution Program's requirements and explaining that the claimants had 15 days to appeal

---

[2] In submitting the enrollment form, B&D agreed to the Settlement Agreement's terms on its own behalf and on behalf of Alexander and Rodriguez. *Id.* ¶ 3.

to seek review of that denial. *See id.* After B&D failed to appeal within the 15-day deadline, Alexander's and Rodriguez's claims were closed on January 28, 2009. *Id.* In accordance with the Settlement Agreement, BrownGreer forwarded to Merck the dismissal stipulations that the claimants had submitted to enroll in the Resolution Program. Merck filed them with this Court on July 29, 2009. (Rec. Doc. 21428 , 21437). Without objection, the Court dismissed the claims on July 30, 2009. (Rec. Doc. 21495, 21502).

BrownGreer heard nothing from B&D until approximately eight months later, at which point B&D began efforts to have the claims considered even though it had failed to provide the most basic information required by the Settlement Agreement. On August 14, 2009, B&D contacted two BrownGreer employees, who informed B&D that the claims had been denied for failure to submit complete Claims Packages and that they could not be reopened. Exs. C, D. Following a June 21, 2010 letter from B&D, BrownGreer provided B&D a detailed explanation of the reasons the claims were denied informing B&D that there was "nothing more we can do on these claims." *See* Ex. E.

After giving up on those efforts, B&D attempted on September 1 and again on December 10, 2010, to have this Court intervene and order BrownGreer to pay their properly denied claims. (*See* Rec. Doc. 60482-1). The Court placed the letters in the record and ordered BrownGreer to take "appropriate action." (Rec. Doc. 60482). Because, as BrownGreer had by then repeatedly explained to B&D, the claims were properly denied, BrownGreer did not reopen Alexander and Rodriguez's respective claims. In 2012, B&D twice asked the Court to compel BrownGreer to reverse its proper denial of the Alexander and Rodriguez claims, but each time the Court refused, explaining that it had no authority to reverse BrownGreer's determination and, accordingly, that it "consider[ed] the matter to be concluded." (Rec. Doc. 63912, 64186).

Undeterred, B&D brought this action against BrownGreer on Plaintiffs' behalf in the Supreme Court of Kings County, New York on May 7, 2013, alleging that BrownGreer acted "in a negligent manner" by "failing to properly process the claim[s]." Compl. ¶¶ 24, 43. For the reasons explained below, this latest attempt must also fail.

## THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted), *aff'd*, 131 S. Ct. 1651 (2011).

## ARGUMENT

### I. THE SETTLEMENT AGREEMENT BARS PLAINTIFFS' CLAIMS.

Plaintiffs' claims fail under the Settlement Agreement for two reasons. First, the Settlement Agreement shows that BrownGreer was not negligent because it properly denied the claims of Alexander and Rodriguez. Second, even if BrownGreer was negligent, the Settlement Agreement prohibits claims for negligence against BrownGreer.

#### A. **BrownGreer Properly Denied the Claims.**

BrownGreer was not negligent because it properly denied the claims.[3] An essential element of negligence is breach of a duty. *See, e.g.*, *Akins v. Glens Falls City Sch. Dist.*, 424 N.E.2d 531, 535 (N.Y. 1981). In addition, the breach must be the cause of the plaintiff's

---

[3] For the purposes of this motion only, BrownGreer assumes that New York law would permit an action for negligence against a settlement administrator whose duties are established through contract. *But see Clark-Fitzpatrick, Inc. v. Long Island R.R.*, 516 N.E.2d 190, 193–94 (N.Y. 1987) ("Merely charging a breach of a 'duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.").

- 5 -

damages.  *Burgos v. Aqueduct Realty Corp.*, 706 N.E.2d 1163, 1164 (N.Y. 1998).  Plaintiffs allege that BrownGreer did not "properly process" the claims, resulting in damages.  Compl. ¶¶ 24, 43.  Under the plain terms of the Settlement Agreement, however, the claims were properly denied, because B&D failed to provide the required Claims Materials.  Indeed, B&D admitted in its September 1, 2010 letter to the Court that it provided only authorizations for medical records, not the medical records themselves, as required by the Settlement Agreement.  (*See* Rec. Doc. 60482-1, at 1).  BrownGreer provided three notices to B&D of these deficiencies before the deadline to remedy the deficiencies, but B&D failed to do so.  It was this failure, not any negligent action by BrownGreer, that caused the claims to be denied.

### B. The Settlement Agreement Prohibits Negligence Claims Against BrownGreer.

BrownGreer is also entitled to summary judgment because the Settlement Agreement, by its explicit terms, forecloses their negligence claims.  The Settlement Agreement speaks to this point clearly, providing that "<u>no Administrator</u>, or employee or agent of any Administrator, <u>shall be liable to any Program Claimant</u> or any Enrolling Counsel for his acts or omissions, or those of any agent or employee of any Administrator, in connection with the Program <u>except . . . for such Person's own willful misconduct</u>."  MSA § 6.3 ("Liability of Administrative Personnel") (emphases added).  It is well established under New York law that a waiver of negligence liability is enforceable.  *See, e.g.*, *Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*, 387 F. Supp. 2d 299, 305–08 (S.D.N.Y. 2005); *Net2Globe Int'l, Inc. v. Time Warner Telecom of N.Y.*, 273 F. Supp. 2d 436, 451 (S.D.N.Y. 2003); *Metro. Prop. & Cas. Ins. Co. v. Budd Morgan Cent. Station Alarm Co.*, 95 F. Supp. 2d 118, 122 (E.D.N.Y. 2000); *Ninacci Diamond & Jewelry Co. v. Miller Freeman, Inc.*, 722 N.Y.S.2d 519, 519–20 (App. Div. 2001); *St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*, 700 N.Y.S.2d 28, 30 (App. Div. 1999); *Colnaghi, U.S.A., Ltd. v.*

*Jewelers Prot. Servs., Ltd.*, 611 N.E.2d 282, 283–84 (N.Y. 1993); *Stuart Rudnick, Inc. v. Jewelers Prot. Servs., Ltd.*, 598 N.Y.S.2d 235, 236 (App. Div. 1993); *David Gutter Furs v. Jewelers Prot. Servs., Ltd.*, 79 N.Y.S.2d 1027, 1029 (App. Div. 1992).  Negligence waivers are enforceable against sophisticated corporations and individuals alike.  *See, e.g.*, *Lubell v. Samson Moving & Storage, Inc.*, 763 N.Y.S.2d 30, 32 (App. Div. 2003) (dismissing consumer's claims against moving company).[4]

Claimants Ernestine Alexander and Johan Rodriguez accepted the terms of the Settlement Agreement when they enrolled in the Resolution Program, including the negligence waiver.  Ex. B (Enrollment Form), ¶ 3.[5]  Because the Complaint alleges negligence and nothing more, the negligence waiver bars Plaintiffs' claims.

## II.     PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs' claims are also time-barred because they sued BrownGreer on May 20, 2013 more than four years after BrownGreer denied the claims on January 28, 2009.  New York's statute of limitations for professional negligence is three years.  N.Y. C.P.L.R. § 214(6) (McKinney 2013); *Williamson ex rel. Lipper Convertibles, LP v. PricewaterhouseCoopers LLP*,

---

[4]     New York law applies to the Settlement Agreement.  MSA § 16.3.

[5]     The Settlement Agreement applies equally to Plaintiff Alexander, as Elizabeth Alexander's representative.  *Smith v. Smith*, No. 15550/09, 2012 WL 1860783, at *5 (N.Y. Sup. Ct. May 15, 2012) ("'It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives.'" (quoting *Gura v. Herman*, 238 N.Y.S. 230, 233 (App. Div. 1929))).  BrownGreer is entitled to enforce the anti-suit provision as an intended third-party beneficiary.  *See Noveck v. PV Holdings Corp.*, 742 F. Supp. 2d 284, 296 (E.D.N.Y. 2010) (third party is intended beneficiary where contract shows intent to give third party the benefit of performance), *aff'd sub nom*. *Noveck v. Avis Rent a Car Sys., LLC*, 446 F. App'x 370 (2d. Cir. 2011).

872 N.E.2d 842, 845 (N.Y. 2007).[6]  A tort claim accrues as soon as the plaintiff suffers damage. In the analogous circumstance of an insurance claim that is allegedly wrongfully denied, the claim accrues as soon as the denial occurs, as the denial of the claim is what causes the plaintiff's alleged damages.  *Bonded Waterproofing Servs., Inc. v. Anderson-Bernard Agency, Inc.*, 927 N.Y.S.2d 133, 136 (App. Div. 2011); *Lewiarz v. Travco Ins. Co.*, 919 N.Y.S.2d 227, 229 (App. Div. 2011).  Similarly, the event that allegedly damaged Plaintiffs was BrownGreer's denial of the claims on January 28, 2009.  Because more than three years passed before Plaintiffs brought this action on May 7, 2013, their claims are time-barred.

## CONCLUSION

For the reasons stated above, Defendant BrownGreer PLC is entitled to summary judgment as a matter of law on all claims.

Dated:  January 17, 2014                                      Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
  Phillip A. Wittmann, 13625
  Dorothy H. Wimberly, 18509
  STONE PIGMAN WALTHER
  WITTMANN L.L.C.
  546 Carondelet Street
  New Orleans, Louisiana 70130
  Phone: 504-581-3200
  Fax:    504-581-3361

  Defendants' Liaison Counsel

  —and—

---

[6]  New York's statute of limitations applies because this MDL Court applies the choice of law principles of the transferee court.  *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007).  New York federal courts apply New York's statute of limitations.  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998).  Moreover, the Settlement Agreement requires that New York law apply.

1148272v1

- 8 -

        Douglas R. Marvin
        Eva Petko Esber
        Jonathan L. Williams
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for BrownGreer PLC

1148272v1

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Motion for Summary Judgment and Incorporated Memorandum of Law has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of January, 2014.

                                                 */s/ Dorothy H. Wimberly*
                                                 Dorothy H. Wimberly, 18509
                                                 STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                 546 Carondelet Street
                                                 New Orleans, Louisiana  70130
                                                 Phone:  504-581-3200
                                                 Fax:     504-581-3361
                                                 dwimberly@stonepigman.com

                                                 Defendants' Liaison Counsel