UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Alexander et al. v. BrownGreer PLC*, No. 2:13-cv-05048-EEF-DEK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT BROWNGREER PLC'S STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE**

Pursuant to L.R. 56.1, Defendant BrownGreer PLC ("BrownGreer"), by undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine issue to accompany its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

1.  Following its voluntary withdrawal of the prescription medication Vioxx on September 30, 2004, Merck Sharp & Dohme Corp. ("Merck") faced tens of thousands of lawsuits alleging various personal injuries.  Among those plaintiffs were Elizabeth Alexander and Johan Rodriguez.  Compl. ¶¶ 12, 30.  On November 9, 2007, Merck entered a Settlement Agreement, creating the Vioxx Resolution Program.  *See* Ex. A ("Settlement Agreement" or "MSA").  Defendant BrownGreer was appointed Administrator of the Resolution Program. MSA § 6.1.2.

2.  Under the terms of the Settlement Agreement, claimants' counsel were required to initiate Resolution Program claims by submitting an Enrollment Form with a schedule of Program Claimants to BrownGreer.  MSA §§ 1.2.2, 1.2.2.1; *see also id.* § 17.1.73 (defining

"Program Claimant" to include "a Person . . . on whose behalf an Enrollment Form has been submitted").  Under the terms of the Settlement Agreement, Enrolling Counsel submitting Enrollment Forms bound themselves and the Program Claimants they represented to "all the terms and conditions" of the Settlement Agreement.  *Id.* § 1.2.4.  Before the Administrator, BrownGreer, could evaluate a claim, the claimant was also required to submit a Claims Form, along with medical records.  *Id.* §§ 1.3, 17.1.13.

3. Becker & D'Agostino, P.C. ("B&D") submitted an Enrollment Form on May 21, 2008, listing Elizabeth Alexander and Johan Rodriguez as claimants, but failed to submit the required Claims Forms and records for each claimant.  *See* Ex. B (Enrollment Form).  In submitting the enrollment form, B&D agreed to the Settlement Agreement's terms on its own behalf and on behalf of Alexander and Rodriguez.  *Id.* ¶ 3.  BrownGreer issued First, Second, and Final Notices of Claims Deficiency to B&D, but B&D failed to remedy the deficiencies.  *See* Exs. C (Alexander Summary of Claims Event Notices), D (Rodriguez Summary of Claims Event Notices) (8/29/08, 9/18/08, and 11/6/08 entries).  On December 5, 2008, BrownGreer issued Notices of Non-Submitting Program Claimant for Alexander and Rodriguez, notifying B&D that their claims had been denied due to the failure to comply with the Resolution Program's requirements and explaining that the claimants had 15 days to appeal to seek review of that denial.  *See id.*  After B&D failed to appeal within the 15-day deadline, Alexander's and Rodriguez's claims were closed on January 28, 2009.  *Id.*  In accordance with the Settlement Agreement, BrownGreer forwarded to Merck the dismissal stipulations that the claimants had submitted to enroll in the Resolution Program.  Merck filed them with this Court on July 29, 2009.  (Rec. Doc. 21428 , 21437).  Without objection, the Court dismissed the claims on July 30, 2009.  (Rec. Doc. 21495, 21502).

2

4. BrownGreer heard nothing from B&D until approximately eight months later, at which point B&D began efforts to have the claims considered even though it had failed to provide the most basic information required by the Settlement Agreement. On August 14, 2009, B&D contacted two BrownGreer employees, who informed B&D that the claims had been denied for failure to submit complete Claims Packages and that they could not be reopened. Exs. C, D. Following a June 21, 2010 letter from B&D, BrownGreer provided B&D a detailed explanation of the reasons the claims were denied informing B&D that there was "nothing more we can do on these claims." *See* Ex. E.

5. After giving up on those efforts, B&D attempted on September 1 and again on December 10, 2010, to have this Court intervene and order BrownGreer to pay their properly denied claims. (*See* Rec. Doc. 60482-1). B&D admitted in its September 1, 2010 letter to the Court that it provided only authorizations for medical records, not the medical records themselves, as required by the Settlement Agreement. (*See* Rec. Doc. 60482-1, at 1). The Court placed the letters in the record and ordered BrownGreer to take "appropriate action." (Rec. Doc. 60482). Because, as BrownGreer had by then repeatedly explained to B&D, the claims were properly denied, BrownGreer did not reopen Alexander and Rodriguez's respective claims. In 2012, B&D twice asked the Court to compel BrownGreer to reverse its proper denial of the Alexander and Rodriguez claims, but each time the Court refused, explaining that it had no authority to reverse BrownGreer's determination and, accordingly, that it "consider[ed] the matter to be concluded." (Rec. Doc. 63912, 64186).

6. B&D brought this action against BrownGreer on Plaintiffs' behalf in the Supreme Court of Kings County, New York on May 7, 2013, alleging that BrownGreer acted "in a negligent manner" by "failing to properly process the claim[s]." Compl. ¶¶ 24, 43.

8. The Settlement Agreement provides that "no Administrator, or employee or agent of any Administrator, shall be liable to any Program Claimant or any Enrolling Counsel for his acts or omissions, or those of any agent or employee of any Administrator, in connection with the Program except . . . for such Person's own willful misconduct." MSA § 6.3 ("Liability of Administrative Personnel").

Dated:  January 17, 2013                             Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
Jonathan L. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

*Attorneys for BrownGreer PLC*

4

1148270v1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Statement of Material Facts As to Which There Is No Dispute has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of January, 2014.

                                                  */s/ Dorothy H. Wimberly*
                                                  Dorothy H. Wimberly, 18509
                                                  STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana  70130
                                                  Phone:  504-581-3200
                                                  Fax:     504-581-3361
                                                  dwimberly@stonepigman.com

                                                  Defendants' Liaison Counsel