IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
|     State of Utah, | * | SECTION L |
| | * | |
|         Plaintiff, | * | JUDGE ELDON F. FALLON |
| | * | |
|     vs. | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
|     Merck Sharp & Dohme Corp., | * | |
| | * | |
|         Defendant. | * | |
| | * | |
| | * | |
| | * | |
|     Case No. 2:06-cv-09336 | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL</u>**

For over a year, Merck has attempted to elicit deposition testimony regarding two key documents produced by the State of Utah. These two key documents (attached as Ex. A) suggest that as early as 2004, Utah was evaluating potential legal claims it could bring against Merck for Vioxx. These documents appear inconsistent with an affidavit submitted by the Utah Attorney General in support of Utah's opposition to Merck's motion for judgment on the pleadings, which states that "no one in the Utah Attorney General's office knew what causes of action the State might have arising out of the Merck conduct" until July 2005. (Ex. B, Stallard Aff. ¶ 8.) The State of Utah, which produced the documents, denies anyone has any knowledge regarding their contents or construction.

Because of the potential significance of these documents, the Court ordered Utah to present a knowledgeable fact witness to testify regarding these documents on June 25, 2013. Utah, however, failed to produce an informed 30(b)(6) deponent, and drastically changed the 30(b)(6) witness testimony after-the-fact by wholesale errata sheet changes. Because Utah failed to produce a witness with knowledge regarding the documents and now refuses to produce a witness with knowledge, Merck requests that the Court again compel Utah to produce a witness with knowledge who can answer questions regarding these documents.

## BACKGROUND

Over the course of discovery, Utah produced two claims charts, one prepared in 2004 and one prepared in early 2005. Both charts reflect the amount of money Utah spent on Vioxx, even though Vioxx had already been removed from the market. (*See* Ex. A.) To understand the circumstances around the preparation of these charts, Merck posed questions regarding these documents to two government witnesses during their depositions: Randy Baker and Duane Parke. Neither witness was able to provide any information about the two charts. Baker lacked a basic understanding of the 2005 chart and testified that he did not "know who prepared" the charts, "why they were prepared, or who they were prepared for." (*See* Dep. of Randy Baker, Oct. 29, 2012 ("Baker Dep.") 188:2-192:8; 194:5-7; 197:8-12; 207:16-17 (attached as Ex. C).) Parke testified that he did not know how the 2005 document was prepared, whether he was involved in its preparation, or the meaning of the data set forth in the document, and "would need more information" before being able to "unpack what's in" that chart. (See Dep. of Duane Parke, Nov. 9, 2012 ("Parke Dep.") 226:4-20 (attached as Ex. D).)

Given these witnesses' inability to answer basic questions regarding the two charts, Merck served the State with a notice of its intent to take a deposition pursuant to Rule 30(b)(6) on February 8, 2013, and asked Utah to provide available dates for the deposition. (*See* Email

from Richard Josephson to Joseph Steele, Feb. 8, 2013 (attached as Ex. E).)  Utah failed to respond, and Merck followed up on its request a month later.  (*See* Email from Richard Josephson to Joseph Steele, Mar. 22, 2013 (attached as Ex. F).)

After Utah failed to respond again, Merck formally served a notice of deposition.  (*See* Notice of Intention to Take Oral & Videotaped Dep., (served May 10, 2013) (attached as Ex. G).)  The notice sought the designation of a representative of the State "most knowledge regarding the contents" of the two charts.  (*See id*.)  Counsel for the State responded by email, resisting Merck's request for a 30(b)(6) deposition on the ground that "the only person who has knowledge about [these charts]" is Brenda Strain, who died in July 2012.  (*See* Email from Stephen Behnke to Richard Josephson, May 16, 2013 (attached as Ex. H).)  Utah's counsel proposed stipulating that Parke's testimony, as the "living person with the most knowledge," be deemed as "if he was testifying as a 30(b)(6) deponent concerning the" two charts set forth in Merck's Notice.  (*Id.*)  Merck did not believe Utah's proposal was proper and respectfully asked the Court to compel a 30(b)(6) deposition.  The Court agreed with Merck and, on June 25, 2013, granted Merck's Motion to Compel.

After being ordered to produce a witness, Utah identified Alex Yei as a person who could knowledgeably testify regarding the two documents.  Due to Yei's scheduling conflicts, Merck was unable to depose Yei until September 2013.  When Yei finally was deposed it was clear that Yei had no personal knowledge regarding the two documents, had done no preparation or investigation prior to the deposition, and lacked even the most basic knowledge of the two documents.  Indeed, he admitted that he had not undertaken any investigation or inquiry regarding the documents:

> Q:   Have you done anything to investigate or to inquire of any people
>      at the Department of Health or the Attorney General's Office to be

> able to answer the question as to who created or drafted Exhibit 2 [UDOH0163240–349]?
>
> A:   No, I have not.
>
> Q:   You understand that you've been designated as the person knowledgeable to answer that question?
>
> A:   Correct.

(*See* Dep. of Alex Yei, Sept. 11, 2013 ("Yei Dep.") 29:4-12 (attached as Ex. I).)

Yei speculated on who created one of the charts and speculated on a reason why but readily acknowledged that he did not know. (*Id.* at 31:23-32:4; 39:15-20; 71:8-10; 72:20-21). On September 23, 2013, Merck wrote the State, notifying it of its failure to meet its burden in designating a witness knowledgeable to testify regarding the noticed topics. (*See* Travis Sales Letter to Richard Schulte and Kenneth Lougee, Sept. 23, 2013 (attached as Ex. J).) On October 9, the State responded by, for the first time, providing some basic information from metadata regarding the two documents. The metadata information contradicted Yei's speculation as to the author of the documents and indicated, for the first time, that Duane Parke was the author of the documents. (*See* Stephen Behnke Letter to Travis Sales, Oct. 9, 2013 (attached as Ex. K).) On October 28, 2013, Yei entered an errata sheet in which he made wholesale changes to parrot the State's October 9 letter. (*See* Errata sheet for Deposition of Alex Yei, Oct. 28, 2013 (attached as Ex. L).)

On December 3, 2013, Merck wrote the State noting that due to the conflicting record on the issue (including the corrections made to Yei's deposition), Merck required the deposition of David Stallard. (*See* Travis Sales Letter to Stephen Behnke, Dec. 3, 2013 (attached as Ex. M).) Notably, the State relies on Stallard's affidavit testimony for the proposition that the State did not explore a possible lawsuit against Merck until September 2005. On December 12, 2013, the State responded by declining to produce Stallard for deposition, claiming that "[Merck] knew of

David Stallard before the close of fact witness discovery and chose not to depose him.  Therefore we are unwilling to produce him for deposition." (*See* Stephen Behnke Letter to Travis Sales, Dec. 12, 2013 (attached as Ex. N).)  Merck responded by requesting the deposition of a proper 30(b)(6) witness. (*See* Travis Sales Letter to Stephen Behnke, Jan. 23, 2014 (attached as Ex. O).) Utah refused, claiming that the State could not produce a witness, that the documents are not relevant and that nobody knows anything about their contents. (*See* Stephen Behnke Letter to Travis Sales, Jan. 27, 2014 (attached as Ex. P).)

Because Utah still has not produced a knowledgeable witness for deposition pursuant to this Court's order, Merck respectfully requests the Court again compel Utah to produce a witness with knowledge of the documents at issue.

## ARGUMENT

Merck is entitled to obtain necessary discovery under oath regarding the circumstances that led to preparation of the 2004 and 2005 charts setting forth preliminary damage analyses of Vioxx expenditures.  Moreover, Merck should not be penalized for Utah's failure to comply with its obligations under Rule 30(b)(6) in a timely manner.

Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ." Fed. R. Civ. P. 30(a)(1).  In turn, Rule 30(b)(6) provides that, "[i]n its [deposition] notice . . . a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and [ ] describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

When faced with a 30(b)(6) deposition notice, the noticed entity "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can

answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Mike Hooks Dredging Co. v. Eckstein Marine Serv.*, No. 08-3945 SECTION: "C" (1), 2011 U.S. Dist. LEXIS 68989, at *4-5 (E.D. La. June 28, 2011) (internal quotation marks and citation omitted; alterations in original); *BBC Sales Grp., Inc. v. Twin City Fire Ins. Co.*, No. 07-5259 SECTION "H" (2), 2012 U.S. Dist. LEXIS 75235, at *1 (E.D. La. May 31, 2012) (same). While the designated witness "need not have personal knowledge concerning the matters set forth in the deposition notice . . . the corporation is *obligated* to prepare [him or her] so that the [witness] may give *knowledgeable* answers." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391 (LGS) (JCF), 2013 U.S. Dist. LEXIS 44977, at *6 (S.D.N.Y. Mar. 28, 2013) (internal quotation marks and citation omitted, emphases added); *see also Tamburri v. SunTrust Mortg. Inc.*, No. C-11-02899 JST (DMR), 2013 U.S. Dist. LEXIS 53624, at *10 (N.D. Cal. Apr. 15, 2013) (the 30(b)(6) designee "must be sufficiently prepared on the topics such to be able to provide *knowledgeable* and binding testimony") (internal quotation marks and citation omitted, emphasis added). As part of this preparation, the designated witness must review appropriate documents and communicate with current and past employees. *See N. Am. Specialty Ins. Co. v. Iberville Coatings, Inc.*, No. 99-859-A-M2, 2002 U.S. Dist. LEXIS 28319, at *6-7 (M.D. La. Jan. 18, 2002) ("This kind of preparation is necessary because the deponents are required to testify as to the knowledge of the corporation, not the individual.").

The State's designated witnesses failed to meet even the most basic standards outlined by the Federal Rules. Neither Alex Yei nor any other previously produced deponent has had the requisite knowledge of the circumstances surrounding the two previously-produced documents in question. Instead, the State's two prior witnesses on this topic have both admitted that they did not prepare for their depositions − and even worse, the second witness changed all of his

testimony after the deposition was completed.  In an effort to avoid having to provide basic testimony about the charts, Utah now claims the documents are not relevant and that it cannot produce a witness with knowledge.  As the Court has already recognized, however, these documents appear to directly refute the State's affidavit submitted in opposition to Merck's motion on the pleadings.  It is simply not plausible for the State to now say they are irrelevant.  In addition, it is hard to believe that the State cannot conduct research, prepare a witness and finally offer meaningful testimony about two documents prepared by its own office. .

For all of these reasons, Merck respectfully requests that the Court order Utah to produce a witness with knowledge to answer questions regarding the two documents at issue within 30 days.

## CONCLUSION

For the foregoing reasons, the Court should grant Merck's motion to compel.

Dated:  February 4, 2014

Respectfully submitted,

                                           */s/ Dorothy H. Wimberly*
                                           Phillip A. Wittmann, 13625
                                           Dorothy H. Wimberly, 18509
                                           STONE PIGMAN WALTHER
                                           WITTMANN L.L.C.
                                           546 Carondelet Street
                                           New Orleans, LA 70130

                                           Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing **Defendant's Memorandum of Law in Support of Motion to Compel** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of February 2014.

        */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel