<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF LOUISIANA</u>

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | Case No: 2:09 CV024:30EEF-DEK |
| **Catherine Singleton,**<br>**Sandra Hammack, obo the Estate of Velma Dunn**<br>v. | PLAINTIFF |
| **Merck & Co., Inc.** | DEFENDANTS |

<u>**PLAINTIFF, SANDRA HAMMACK'S, RESPONSE TO MERCK'S REBUTTAL RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MERCK. SHARPE & DOHME CORP'S MOTION FOR SUMMARY JUDGMENT**</u>

Velma Dunn suffered a pulmonary embolism as well as other injuries such as congestive heart failure, kidney failure, and thromboembolic pulmonary hypertension as a result of taking Vioxx from October 2000 until she passed away on or about October 6, 2001. She was taking 25 mg tablets at the time of her death.

The Expert Witness in this case, Dr. Dwight Dishmon states in his report that Vioxx was a substantial factor in causing Plaintiff's above referred to injuries and death to a reasonable degree of medical certainty based on reasonable medical probability. See Plaintiff's Memorandum in Opposition to Merck's Motion For Summary Judgment at page(s) 3, filed 19th December, 2013.

<u>ARGUMENT</u>

Should the FES be enforced it would result in a manifest injustice being perpetrated

against the Plaintiff.  See Memorandum in Opposition filed by Plaintiff, the Estate of Velma Dunn herein at pages 6 & 7. *United States v. State of Texas, 680 F2d 356, 370 (5th Cir. 1982); Central Distributors, Inc., v. M.E.T., Inc. 403 F2d 943, 945, 5th Circuit 1968; Coastal States Marketing, Inc. v. Hunt, 694 F2d at 1369; Rathborne Land Co., LLC v. Ascent Energy, Inc., 610 F3rd at  262-263 (5th Cir. 2010).*

The Plaintiff herein, the Estate of Velma Dunn (deceased), by and through Sandra Hammack, the Administratrix of said Estate stands by her arguments as set out in her twelve page memorandum in opposition to Defendants, Merck, et al's Motion For Summary Judgment and incorporated Memorandum of Law. Said Plaintiff's Memorandum In Opposition was filed on or about December 19, 2013.

## CONCLUSION

For the above and foregoing reasons this Honorable Court should deny the Motion for Summary Judgment filed by Merck, et al pursuant to Rule 56 of the Federal Rules of Civil Procedure because of the existence herein of genuine issues of material fact.

Further it is the position of Plaintiff herein to have suffered a compensable injury as set out hereinabove and to be denied an opportunity to pursue such injury and/or to be limited to claiming a myocardial infarction would amount to a manifest injustice.

This the 12th day of February, 2014.

        Respectfully submitted
        SANDRA HAMMACK
        OBO ESTATE OF VELMA DUNN, (D)

        /s/ Bennie L Jones, Jr
        BENNIE L JONES, JR, MSB#3185

ahjputer-Vioxx-ResponsetoRebutt

OF COUNSEL:
BENNIE L JONES, JR, ESQ.,
B.L. JONES., JR & ASSOCIATES
P O BOX 357
206 COURT STREET
WEST POINT, MS 39773
662.494.1024

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff, Sandra Hammack's, Response to Merck's Rebuttal Response to Plaintiff's Memorandum in Opposition to Merck. Sharpe & Dohme Corp's Motion For Summary Judgment has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system via electronic filing to:

Hon. Phillip Wittman
Stone Pigman Walther & Wittman, LIC
546 Carondelet Street
New Orleans, LA 70130

Hon. Douglas R. Marvin
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

Hon. Ann B. Oldfather
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208

Hon. Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

This the 12th day of February, 2014.

/s/ Bennie L. Jones, Jr.
Bennie L. Jones, Jr.