UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Actkinson v. Merck, 2:05-cv-05582-EEF-DEK* | * | |
| | * | |
| *As to Plaintiffs Lester Boudreaux, Steve Dyer, Billie Hermit, Earnestine Knight, Cherryl Morphis, George Pickens, Elizabeth Trainor* | * * * * | |
| *--AND—* | * * | |
| *Grixgby v. Pfizer, Inc. et al, 2:07-cv-01493-EEF-DEK* | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S
MOTION TO DISMISS CERTAIN PLAINTIFFS
SOLELY ASSERTING CELEBREX AND/OR
<u>BEXTRA CLAIMS AND INCORPORATED MEMORANDUM</u>**

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss the claims of each of the plaintiffs listed above. In support of this Motion Merck states:

1)  As this Court is aware, a few months after the Judicial Panel on Multidistrict Litigation ("JPML") created the present MDL proceeding for Vioxx-related claims (MDL 1657), it created a separate MDL proceeding to address claims related to Cox-2 Inhibitors manufactured by Pfizer – Celebrex and Bextra (MDL 1699). For those plaintiffs who asserted claims involving **both** Merck's Vioxx and one of the Celebrex drugs, the JPML severed the claims and transferred the Pfizer claims to MDL 1699 and the Merck claims to MDL 1657.

2) Each of the plaintiffs identified above were named in a complaint that, on its face, appeared to assert both Merck claims and Pfizer claims. An actual reading of the full complaint, however, clearly shows that the listed plaintiffs were not attempting to assert any Vioxx claims against Merck at all.

3) The *Actkinson* case was a multi-plaintiff case originally filed in the USDC for the Eastern District of Texas and included the claims of 15 individual plaintiffs. *See* Case No. 2:05-cv-05582. Each of those 15 plaintiffs was the spouse of someone who had taken Bextra, Celebrex, or Vioxx. When this case was presented to the JPML, along with several other "tag-along" cases, the Panel issued an Order severing the Vioxx claims from the Bextra/Celebrex claims, and transferred the Vioxx claims to MDL 1657 and the Bextra and Celebrex claims to MDL 1699. *See* Case No. 2:05-cv-05582, Rec.Doc. 1 (CTO-27).

4) When the *Actkinson* case arrived in the Eastern District of Louisiana, it appears that the Clerk's office listed every plaintiff identified as a party in the Complaint on the docket. However, not all of the plaintiffs were asserting Vioxx-related claims. Specifically, as alleged in the body of the complaint:

- Plaintiff Boudreaux's spouse took Bextra and that plaintiff pursued claims against Pfizer; (Compl. ¶25)

- Plaintiff Dyer's spouse took Celebrex and that plaintiff pursued claims against Pfizer; (Compl. ¶27)

- Plaintiff Herbert's spouse took Celebrex and that plaintiff pursued claims against Pfizer; (Compl. ¶30)

- Plaintiff Knight's spouse took Bextra and that plaintiff pursued claims against Pfizer; (Compl. ¶33)

- Plaintiff Morphis's spouse took Celebrex and that plaintiff pursued claims against Pfizer; (Compl. ¶36)

- Plaintiff Pickens' spouse took Celebrex and that plaintiff pursued claims against Pfizer; (Compl. ¶37)

- Plaintiff Morphis's spouse took Celebrex and that plaintiff pursued claims against Pfizer. (Compl. ¶38)

5) These individual plaintiffs do not assert any claims related to Vioxx usage, nor assert any claims against Merck. They should be dismissed from this MDL.

6) The *Grixgby* case presents a similar situation. That case was originally filed directly into MDL 1699, the proceeding for Pfizer products. Unfortunately, in the caption of the complaint, and in the introductory paragraph, the Complaint identifies Merck as a defendant. However, a review of the entire complaint clearly shows that Ms. Grixgby did not intend to actually assert any claims involving Vioxx.

7) It appears that the inclusion of Merck in the first page of the complaint may have been a scrivener's or word processing error. The same introductory paragraph that includes Merck in a list of defendants states that Ms. Grixby's claims are against those who manufactured and distributed Celebrex. Moreover, the section of the Complaint which describes each party does not include Merck at all. Rather, the only defendants described are Pfizer and two Pfizer-related entities. *See* Case No. 2:07-cv-01493. In short, Ms. Grixgby did not assert any claims regarding Vioxx or Merck.

8) Nevertheless, the case was transferred from the Bextra/Celebrex MDL to the JPML so that any Vioxx claims could be addressed. Consistent with past practice, the JPML issued an order severing Ms. Grixgby's Vioxx claims from her Celebrex claims, and sending the Vioxx claims to MDL 1657 and the Celebrex claims back to MDL 1699 where the case had been originally filed.

9) Given that, as a substantive matter, Ms. Grixgby did not actually assert any Vioxx claims, her case should be dismissed from this Vioxx MDL.

10) Not surprisingly, none of these plaintiffs ever pursued their claims in this MDL: They never registered as required by PTO 31; they never submitted Plaintiff Profile Forms pursuant to PTO 18 and 28, nor did they produce Lone Pine expert reports pursuant to PTO 28. No additional activity of any kind occurred after the initial JPML transfer. These have always been inactive, erroneous plaintiffs. They should all be dismissed, and their cases closed on the Court's docket.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant Defendant's Motion and enter an order dismissing the cases of each of the specified plaintiffs.

Dated:  February 18, 2014                    Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

4

1151226v1

## CERTIFICATE OF SERVICE

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of February, 2014.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel