UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Gene Weeks, et. al v. Merck, 2:09-cv-3713-EEF-DEK* | * | KNOWLES |
| *(As to all plaintiffs named therein)* | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S
MOTION TO DISMISS THE "GENE WEEKS" CASE IN IT
ENTIRETY AN INCORPORATED MEMORANDUM**

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss the referenced case in its entirety and direct the Clerk's Office to terminate all plaintiffs and close the case on the Court's docket in that all claims of all plaintiffs in this action have been dismissed.  In support of this Motion Merck states:

1) On or about February 13, 2009, represented by attorney Ronald Benjamin, plaintiffs Gene Weeks, Kristine Cramer, Nathan Wilkins, Virginia Pickett, and Susan Smith filed a complaint in New Jersey state court challenging the validity of the Vioxx Master Settlement Agreement.  As part of their complaint, plaintiffs asserted certain class action allegations seeking to represent a nationwide class of litigants who they claimed were harmed by certain counsel-related provisions of the Master Settlement Agreement.  *See* Rec. Doc. 63899.

2) Merck removed the case to federal court, and it was transferred to the MDL.

3) On June 6, 2012, this Court issued an Order granting Merck's motion to dismiss the class allegations contained in the First Amended Complaint.  *See id*.

4) Between February 13, 2009 and the present, all of the individual claims of the plaintiffs identified in this case were resolved in various manners; and a stipulation of dismissal with prejudice was entered as to each plaintiff.  Specifically:

   a. ***Gene Weeks*** – Mr. Weeks progressed through the Resolution Program and received payment.  Accordingly, Merck filed the stipulation of dismissal that he had provided upon enrolling in the Program.  This Court denied Mr. Weeks' subsequent challenge to the validity of that stipulation, and the Fifth Circuit affirmed that denial on appeal.  *See Gene Weeks v. Merck,* 2:05-cv-04578, Rec. Doc. 2 (dismissal order) and Rec. Doc 4 (appellate judgment).

   b. ***Kristine Cramer***— This case was filed in New Jersey state court as *Kristine Cramer v. Merck & Co.,* ATL-L-9801-06-MT.  The case was dismissed with prejudice on April 22, 2010 pursuant to stipulation of dismissal.  *See* Exhibit A.

   c. ***Nathan Wilkins***— Mr. Wilkins filed his individual claim in *Pansy Adams, et al. v. Merck & Co.,* 2:05-cv-02968.  This Court dismissed Mr. Wilkins' claim with prejudice on October 30, 2009 based on Merck's *Lone Pine* motion under PTO 43.  *See* Rec. Doc. 26346 at Ex. A line 34.

   d. ***Virginia Pickett***— Ms. Pickett initially filed her case in New Jersey.  She enrolled in the Resolution Program but was ultimately released from that Program by Judge Higbee.  Subsequently her claim in New Jersey was voluntarily dismissed in connection and was, by agreement, re-filed in the MDL.  Eventually, she filed a case in the MDL (2:10-cv-00043) and her case was dismissed with prejudice on December 17, 2012 pursuant to a stipulation of dismissal.  *See Picket v. Merck, Sharp & Dohme,* 2:10-cv-00043, Rec. Doc. 3. The stipulation of dismissal was also filed on the docket of this case.  *See Weeks,* Case No. 09-3713 Rec. Doc. 2.

   e. ***Susan Smith*** – Ms. Smith filed her original claim as part of *Gillette, et. al., v. Merck & Co.,* 2:05-cv-05442.  Her case was dismissed with prejudice on March 4, 2010 pursuant to a stipulation of dismissal.  *See* Rec. Doc. 36161.

5) Because this Court has dismissed the class allegations contained in the complaint and because all of the individual claims of plaintiffs have been dismissed with prejudice, no viable claims of any kind remain in this case.  Nevertheless, the case remains pending on the docket of this Court—apparently awaiting a comprehensive order sufficient to close the case.  Accordingly, Merck requests that the Court issue an order dismissing this case in its entirety and instructing the clerk's office to mark the case as closed.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant Defendant's Motion and enter an order dismissing and closing this case.

Dated: February 18, 2014

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of February, 2014.

> */s/ Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

1151219v1