# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| State of Utah v. Merck, et al. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 37 CERTIFICATION OF PLAINTIFF'S COUNSEL
## REGARDING GOOD-FAITH NEGOTIATIONS

The parties in the above-captioned case conferred by letter in a good-faith attempt to

resolve or narrow this discovery dispute without the need to involve the Court.  Defendant Merck

Sharp & Dohme Corp. ("Merck") sent a letter to Plaintiff's counsel highlighting the deficiencies

addressed in their motion to compel, on September 23, 2013.  Plaintiff's counsel replied on

October 3, 2013, October 9, 2013, and October 18, 2013.  *See* letters attached hereto as Exhibit

A.  Merck does not feel that Plaintiff's response to their concerns is sufficient.  The parties are

not able to reach a resolution to this discovery issue.


DATED this ____ day of February, 2014.



                                        _____
                                        Joseph W. Steele
                                        Kenneth D. Lougee

1

SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, UT  84123


/s/
_____

Eric H. Weinberg

THE LAW OFFICES OF ERIC H. WEINBERG
149 Livingston Avenue
New Brunswick, NJ  08901


/s/
_____

Richard W. Schulte
812 E. National Road, Suite A
Vandalia, OH  45377

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **RULE 37 CERTIFICATION OF PLAINTIFF'S COUNSEL REGARDING GOOD-FAITH NEGOTIATIONS** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th day of February, 2014.

_____/S/_____

# EXHIBIT A

# BAKER BOTTS LLP

| | | |
|---|---|---|
| ONE SHELL PLAZA | ABU DHABI | **HOUSTON** |
| 910 LOUISIANA | AUSTIN | LONDON |
| HOUSTON, TEXAS | BEIJING | MOSCOW |
| 77002-4995 | BRUSSELS | NEW YORK |
| | DALLAS | PALO ALTO |
| TEL +1 713.229.1234 | DUBAI | RIO DE JANEIRO |
| FAX +1 713.229.1522 | HONG KONG | RIYADH |
| BakerBotts.com | | WASHINGTON |

September 23, 2013

BY E-MAIL

Travis Sales
TEL +1 713.229.1378
FAX +1 713.229.7878
travis.sales@bakerbotts.com

Richard W. Schulte
Wright & Schulte, LLC
812 E. National Road
Vandalia, Ohio 45337
rschulte@yourlegalhelp.com

Kenneth M. Lougee
Steele & Biggs L.L.C
5664 South Green Street
Salt Lake City, Utah 84123

> Re:   Inadequate Rule 30(b)(6) Deposition Given by Mr. Alex Yei
>
> *State of Utah v. Merck Sharp & Dohme Corp.*, MDL Docket No. 1657, Case No.
> 06-432, In the United States District Court for the Eastern District of Louisiana.

Dear Rick & Ken:

This letter is in follow-up to the 30(b)(6) deposition of the State of Utah we took on September 11, 2013. As you know, Merck had been trying to schedule this important deposition for many months and consented to move the date to accommodate the schedule of Utah's selected witness, Alex Yei. The deposition notice called for a government representative to answer basic questions about only two documents that had been produced by Utah with Utah Department of Health bates numbers (UDOH0163240-UDOH0163349 and UDOH0163350). Specifically, the 30(b)(6) deposition notice obligated the State of Utah to present a witness who could answer based upon information reasonably available to the State as to who requested the preparation of the documents, who actually prepared them, their purpose, the information contained therein, as well as the communications and meetings related to the documents.

Despite Merck's patience in waiting for this deposition to occur and the fees and expense Merck incurred in traveling to take it, Utah completely failed to produce an informed witness who had conducted the necessary investigation pursuant to Federal Rule of Civil Procedure 30(b)(6). Mr. Yei testified that he had no personal knowledge as to either document. He testified that he did no investigation whatsoever to be able to answer the questions posed by the notice. Indeed, Mr. Yei testified that he spent a grand total of one hour reading the two documents themselves and did not talk to any Utah fact witnesses about them. Thus, unsurprisingly, Mr. Yei testified he would be speculating as to the first document but assumed it was some type of utilization report, and that he could not even speculate about the nature of the second document.

**BAKER BOTTS** LLP

- 2 -                                        September 23, 2013


Before seeking Court intervention for Utah's failure to comply with its obligations under Rule 30(b)(6), Merck is willing to give Utah one more chance to provide basic information about these documents that were produced among Utah's own files.  Please let us know as soon as possible if you will produce the metadata associated with the two documents, including from whose computer they were retrieved, whose custodial files they came from, and any drafts or transmittals of the documents.  Based upon that information, we can discuss whether another deposition is needed to address the documents or whether we can avoid a deposition by obtaining the necessary information in the form of stipulations or sworn discovery responses.

If we do not hear from you by September 27, 2013, we will have no choice but to seek court intervention.

Thank you for your prompt attention.

Sincerely,

Travis J. Sales

cc:    Andy Goldman

Ned P. Siegfried
Mitchell R. Jensen•
Michael A. Katz
Brad L. Anderson
Randal G. Payne•
Kenneth D. Lougee††
Mark R. Taylor†
Steven Jensen
Brian C. Stewart
Steven J. Johnson
C. Ryan Christensen‡
Taylor R. North
Lauren E. Channell
Todd A. Bradford



SIEGFRIED & JENSEN

OF COUNSEL
Steele & Biggs

Joseph W. Steele•
David C. Biggs•

OF COUNSEL
Parker & McConkie

Bradley H. Parker
James W. McConkie II
Alex Evans

•Also admitted in California
††Also admitted in Alaska
‡Also admitted in Arizona
†Also admitted in Idaho

October 3, 2013

Travis Sales                                    *Via E-Mail*
BAKER & BOTT
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

      RE:   *The State of Utah v. Vioxx*
             Rule 30(b)(6) Deposition of Alex Yei

Dear Mr. Sales:

The State of Utah responds to your letter of September 23, 2013 concerning the deposition of Alex Yei. The State believes that it has satisfied the requirements of Federal Rules of Civil Procedure Rule 30(b)(6). That Rule provides in pertinent portion that the person designated "must testify as to information known or reasonably available to the organization." As discussed below we have conducted additional investigation, but first I would like to discuss the appropriate and reasonable steps we had already taken leading up to the designation of Alex Yei as the 30(b)(6) deponent.

Long ago, we told Merck that we believed Brenda Strain, who is now deceased, made the data runs. We produced Alex Yei, no longer a state employee, but supervisor of Brenda at the time in question. Mr. Yei had much information as to the type of the report, the contents of the report, and how many of these reports Utah Medicaid ran per week. The answer was many reports. That information was not of interest to Merck. Rather Merck sought information as to the state of mind of a deceased person. Merck claimed that Mr. Yei had done insufficient investigation to answer Merck's questions. The facts are otherwise.

For example, you repeatedly ask if the State had done usage analysis for drugs that were off the market. The question that you did not ask was if the State did usage analysis of a class of drugs when one of those drugs went off the market midway through the study period. It is beyond dispute that Vioxx was on the market during the third quarter of 2004 and thus was not off the market during the study period. You were uninterested in that information.

1

You were uninterested in the historical context of the computer runs. Merck removed the drug from the Market on September 30, 2004. Merck informed the FDA and the public that it had discovered cardiovascular dangers revealed in the APPROVe study. Merck said that this was the first time it knew of cardiovascular risk. At that time, neither the State nor the public had any information that would lead them to suspect that Merck was not candid. Merck's CEO, Ray Gilmartin testified before the Senate in November 2004 that the APPROVe study was the first inkling Merck had of cardiovascular problems with Vioxx. Again, the State had no inkling that this testimony was not the complete truth. Again, you were not interested in such testimony.

The earliest that the computer run could have occurred was December 16, 2004. Merck and Mr. Gilmartin had told the public that there was a cardiovascular problem with Vioxx. Utah had never confirmed or eliminated that possibility. Mr. Yei was prepared to testify that it would not have been unusual to try to confirm or deny the information Merck gave the public as to the existence of cardiovascular problems in the COX-2 inhibitors. Mr. Yei was further prepared to testify that there is nothing on the computer runs that either indicates an increased rate of cardiovascular problems (there was no comparator group) or that would indicate Merck's falsity.

If you wish testimony as to when the Utah Attorney General obtained information as to Merck's falsity, we refer you to the affidavit of David Stallard filed with Utah's Motion for Summary Judgment. If Mr. Stallard testified, he would indicate that the Utah Attorney General was not given the information on the printout and would have had insufficient information from the printout to warrant further investigation. There was only one attorney in the Medicaid Fraud Control Unit, Wade Farraway. Mr. Stallard has asked Wade Farraway if he had knowledge of the printout or otherwise had knowledge of Vioxx or misrepresentations of Merck before the late summer of 2005. Mr. Stallard asked Mr. Farraway if he requested the printouts from Brenda Strain. If called to testify, Mr. Farraway will state that his first knowledge of any problems with Vioxx came when either he or Mr. Stallard contacted Pat O'Connell of the Texas Medicaid Fraud Control Unit to inquire as to the contents of the Texas complaint. Mr. Farraway did not request the Brenda Strain computer print-out.

You criticized Mr. Yei for not calling others in the Health Department to inquire as to any knowledge they might have gained as to the computer printouts that he did not personally know. The question could only be understood in the context of the small number of individuals who would have knowledge of such printouts. You deposed Mr. Randy Baker, who handled such requests. You deposed the state pharmacists, Duane Parke and Tim Morley, who would have been likely candidates for information. We refer you to their depositions for their testimony. Mr. Yei would have learned nothing more from those sources.

Nonetheless, we have conducted further investigation consistent with your request. In Alex Yei's deposition, he was asked if he spoke to a Scott Ellis, Vance Eggers, or John Bronburger. John Bronburger (actually spelled John D. Bromberger)

2

immigrated to Utah from South Africa in 2007 and started work for the State in 2008. He worked with nursing homes and not pharmaceuticals. He did not know the deceased Brenda Strain. Asking Mr. Bromberger about pharmaceutical events in 2004 would be fruitless.

You also asked about Mr. Vance Eggers. Mr. Eggers died thirteen months ago. Speaking with Mr. Eggers would not only have been fruitless but impossible. You asked about Mr. Scott Ellis. Mr. Ellis worked for the children's health insurance program (CHIP.) Mr. Baker hired Mr. Ellis as Mr. Baker's assistant in approximately 2007-2008. It is not likely that he would have information concerning events in December 2004. He did not create the data run and would have no information as to why the run was made. Nonetheless, we are in the process of trying to locate him and will let you know if he says anything different.

We reviewed the depositions of Mr. Parke, Mr. Morley and Mr. Yei and ran across two other names: Colleen Hilton and John Curtis. Colleen Hilton (actually spelled Kylene Hilton) retired from the State of Utah last December. She was between Alex and Brenda in the chain of command. She did not get involved in Brenda's data pulls because Brenda was the expert. She thinks we have covered the likely basis for who might have given her work, i.e., Parke, Morely, Yei or Farraway. She suggested that we check with the Office of Inspector General, which we have done as discussed below. John Curtis (actually spelled John Curless) is out of the office until October 15, and we can speak to him then.

In your letter you asked for "metadata associated with the two documents…from whose computer they were retrieved, whose custodial files they came from, and any drafts or transmittals of the documents." We have been unable to locate an electronic copy of this file, and therefore we have not been able to find any metadata and we do not know from whose computer the documents came. We believe these documents were most likely in Duane Parke's custodial file, but we are not certain. We believe Duane's testimony to be the best source of information on that subject. We do not have any drafts or transmittals of the documents. As for these issues, though, we have contacted the Office of Inspector General to see if they can find any more information on these points. Nolene Warrick, of that department, is addressing the matter and will contact us when she completes her investigation.

During the deposition, Mr. Yei was also asked who may have asked for the document to be produced. Brenda Strain worked independently, but it most likely would have possibly been Duane Parke or Wade Farraway who is in the Medicaid Fraud Control Unit. You have already deposed Mr. Parke. Mr. Farraway said he did not do so and that he did not know anything about Vioxx until 2005 after the Texas AG filed its lawsuit.

Simply put, the individuals that worked with data believe that the deceased Brenda Strain created the data runs. You have deposed her boss and the pharmacists. You have deposed the individual in charge of data. We do not know anyone else that would have knowledge about the computer run. The State does not have any more

information and we have made available all parties that would have had dealings with Ms. Strain. We think we have turned all stones. That is all that we are required to do.

The rule only requires us to provide information within the State's control or that the State could reasonably obtain.

Sincerely,

_/S/_

Stephen D. Behnke
Richard Schulte
*Attorneys for the State of Utah*

SDB/kh
cc:    Dawn Barrios

4

Ned P. Siegfried
Mitchell R. Jensen*
Michael A. Katz
Brad L. Anderson
Randal G. Payne*
Kenneth D. Lougee††
Mark R. Taylor†
Steven Jensen
Brian C. Stewart
Steven J. Johnson
C. Ryan Christensen‡
Taylor R. North
Lauren E. Channell
Todd A. Bradford



## SIEGFRIED & JENSEN

October 9, 2013

OF COUNSEL
Steele & Biggs

Joseph W. Steele*
David C. Biggs*

OF COUNSEL
Parker & McConkie

Bradley H. Parker
James W. McConkie II
Alex Evans

*Also admitted in California
††Also admitted in Alaska
‡Also admitted in Arizona
†Also admitted in Idaho

Travis Sales                          *Via E-Mail*
BAKER & BOTT
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

      RE:   *The State of Utah v. Vioxx*
             Rule 30(b)(6) Deposition of Alex Yei

Dear Mr. Sales:

    I am writing to again to follow up concerning the two documents that are subject to your Rule 30(B)(6) deposition. We prepared an earlier letter in response to your request to fully investigate the activities and associates of the deceased Brenda Strain. At the time we believed Brenda Strain to be the most likely author of both documents. We asked the Office of the Inspector General to research information concerning these documents. We also asked the State Pharmacist's Office to check again, and this Office just located the electronic copy of the first of the two documents (the one marked as Exhibit 2 to Alex Yei's deposition). None of the attorneys' offices ever had an electronic copy of this document so this is also our first knowledge of the existence of the electronic copy.

    We have checked the metadata on these documents, and determined that it was created by Duane Parke. If you wish, we can send the electronic document and you can review the underlying metadata as well. The metadata indicates the following about the documents:

    File name: [Vioxx+Potential+Claim+For+Medicaid - Morley (00324046).XLS]
        a.  Originally created by: Duane Parke
        b.  Date created: 12/16/2004

    Just this morning we were also able to locate an electronic copy of the second document (the one marked as Exhibit 3 to Alex Yei's deposition). As before, none of the

Travis Sales
October 9, 2013

Page 2

attorneys ever had an electronic copy. This document was created by Duane Parke on
April 5, 2005.

As far as we can tell from the metadata, these documents were never transferred
to anyone. If you wish, we can send the electronic document and you can review the
underlying metadata as well.

You have already deposed Duane Parke and asked him questions about the
documents that are the subject of the Rule 30(B)(6) deposition. With that, then, we hope
this matter has resolved to your satisfaction. However, please do not hesitate to contact
me if you require anything else.

Sincerely,

_____/S/_____
Stephen D. Behnke
Richard Schulte
*Attorneys for the State of Utah*

SDB/kh
cc:     Dawn Barrios



# WRIGHT & SCHULTE, LLC.

October 18, 2013

*Law Offices*

812 E. NATIONAL ROAD
SUITE A
VANDALIA, OHIO 45377
(937) 435-7500
FAX (937) 435-7511
www.legaldayton.com

130 W. 2ND. STREET
SUITE 1600
DAYTON, OHIO 45402
(937) 222-7477
FAX (937) 222-7911
www.yourohiolegalhelp.com

MICHAEL L. WRIGHT +
RICHARD W. SCHULTE **
STEPHEN D. BEHNKE *
JONATHAN C. TURNER
LAURA J. MARTIN
SHIREEN J. HEBERT *
NATHAN J. STUCKEY
COREY J. ARTIM
DAVID J. SMITH
ERIK R. BLAINE***
SEAN L. WALTON

* Also admitted in California
** Also admitted in Iowa
*** Also admitted in Kentucky
+ Also admitted in Alabama
+ Also admitted in Florida
+ Also admitted in Georgia
+ United States Patent and
   Trademark Office

Travis Sales
Baker Botts, LLP
910 Louisiana
Houston, Texas  77002-4995
VIA ELECTRONIC MAIL ONLY

   RE:   Correspondence regarding Yei Deposition

Dear Travis:

   This letter is in response to your letter of October 14, 2013. All underlying metadata are included in the electronic files. I have attached the spreadsheets to this correspondence. You will note, however, that Kay Hanson (who is a paralegal with Ken Lougee's firm) is listed as the last saver of the document on October 15, 2013. We know of no way to send the documents to you without this notation, so we are also attaching screen shots as the documents appear on the native computer.

   In response to your first question, we can tell these documents were never transferred to anyone because the metadata does not show that it was forwarded. Also, the spreadsheets are noted as never printed, which is further evidence it was not circulated. Additionally, as evident from our prior letter and other correspondence we conducted a thorough investigation concerning these documents and questioned numerous people who may have any knowledge regarding them. Simply put, no one remembers them or has any knowledge of them. Moreover, as a consequence of this investigation, we have not located any information as to why these documents were created.

   Finally, we can confirm that no attorney or outside counsel ever received or was aware of the contents of either of these documents prior to their production by the State of Utah in this litigation. The Attorney General lawyers, David Stallard and Wade Farraway, did not know anything about Vioxx until the filing of the Texas AG lawsuit. Additionally, Ken Lougee and his paralegal again examined their electronic files and confirmed they do not have an electronic copy of these documents.

   I hope this finally puts this issue to rest, but please contact me if you require anything else.

   Sincerely,

   Stephen D. Behnke
   Attachments



COX-II.STUDY.4.5.05.xls [Compatibility Mode] - Microsoft Excel

File   Home   Insert   Page Layout   Formulas   Data   Review   View

Save
Save As
Open
Close
Info
Recent
New
Print
Save & Send
Help
Options
Exit

Information about COX-II.STUDY.4.5.05
G:\VIOXX Burn 7-27-09\COX-II.STUDY.4.5.05.xls

Convert

**Compatibility Mode**
Some new features are disabled to prevent problems when working with
previous versions of Office. Converting this file will enable these features, but
may result in layout changes.

Protect Workbook

**Permissions**
Anyone can open, copy, and change any part of this workbook.

Check for Issues

**Prepare for Sharing**
Before sharing this file, be aware that it contains:
• Document properties, printer path and author's name
• Content that cannot be checked for accessibility issues because of the
  current file type

Manage Versions

**Versions**
There are no previous versions of this file.

Properties
Size          15.0KB
Title         Add a title
Tags          Add a tag
Comments      Add comments
Template
Status        Add text
Categories    Add a category
Subject       Specify the subject
Hyperlink Base Add text
Company       Utah Department of Health

Related Dates
Last Modified   4/7/2005 4:14 AM
Created         4/5/2005 4:04 AM
Last Printed    Never

Related People
Manager         Specify the manager
Author          DParks
                Add an author
Last Modified By DParks

Related Documents
Open File Location
Show Fewer Properties

