IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
|     State of Utah, | * | SECTION L |
| | * | |
|         Plaintiff, | * | JUDGE ELDON F. FALLON |
| | * | |
|     vs. | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
|     Merck Sharp & Dohme Corp., | * | |
| | * | |
|         Defendant. | * | |
| | * | |
| | * | |
| | * | |
|     Case No. 2:06-cv-09336 | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**<u>DEFENDANT'S REPLY TO THE STATE OF UTAH'S RESPONSE TO MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER</u>**

        The State of Utah's response admits that Utah failed to comply with the Court's order to present an adequate witness to testify on two documents at issue. Instead, *after* providing a witness who did no investigation and had no knowledge, Utah states it then conducted an investigation which it claims shows that no one can explain the origin of these documents. Utah's response continues to ignore its obligations under Federal Rule of Civil Procedure 30(b)(6). Accordingly, the Court should reject Utah's arguments and compel a witness who this time has conducted an investigation to be able to testify under oath on Utah's position on these documents. Alternatively, Utah should be prohibited from providing any evidence or position regarding these documents during this litigation.

**ARGUMENT**

Utah claims that Merck's motion should be rejected because any attempt to provide information on the documents would be futile and Duane Parke, the custodian of the documents, previously testified that he did not recall these documents. Utah's response ignores the Court's order compelling Utah to provide a witness and Utah's duty under Federal Rule of Civil Procedure 30(b)(6). Rule 30(b)(6) requires that Utah "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Mike Hooks Dredging Co. v. Eckstein Marine Serv.*, No. 08-3945, 2011 WL 2559821 (E.D. La. June 28, 2011). Utah has made no such attempt here. Instead, at significant wasted expense to Merck, Utah produced a witness who not only failed to provide testimony, but provided information that was later wholly contradicted when Utah produced the metadata associated with the documents.

If Utah's position is that it has no recollection of these documents, it must still present a designated 30(b)(6) witness to explain that position. A party's attorney, as a mere conduit of that party, may not put forth the position that the entity has no knowledge or no memory of a set of facts, but rather the party, through its designated 30(b)(6) representative, must "give reasons for that position, and, more importantly, stand subject to cross-examination." *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996).

Finally, if Utah's 30(b)(6) witness will claim that the State knows nothing regarding these documents, as Utah now claims, it would be extraordinarily unfair to permit Utah to offer an explanation or position regarding the documents at trial when it could not do so during discovery. The law is clear: if an entity "pleads lack of memory after diligently conducting a good faith effort to obtain information reasonably available to it, then it still must

present an opinion as to why the corporation believes the facts should be construed a certain way *if* it wishes to assert a position on that topic at trial." *QBE Ins. Corp. v. Jorda Enter., Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012) (emphasis in original).  But if an entity claims "it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reason for the change." *Id*.  Therefore, if Utah fails to provide a knowledgeable 30(b)(6) witness able to testify regarding the issues raised by Merck, Merck would request the Court issue an order precluding Utah from providing any evidence or position regarding these documents in further pretrial motions or at trial.

     Dated:  March 3, 2014

     Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

## CERTIFICATE OF SERVICE

I hereby certify that the above and Foregoing ***Defendant's Reply To The State Of Utah's Response To Motion To Compel And Motion For Protective Order*** has been served on Liaison Counsel, Russ Herman, and upon Ann Oldfather by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C on this 3rd day of March, 2014.

                         _/s/ Dorothy H. Wimberly_