UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 05-MD-01657
MDL Docket No. 1657

| | | |
|---|---|---|
| In Re:  VIOXX | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |

### INTERESTED PARTY JAMES RATLIFF'S MOTION TO APPROVE DIRECT MAIL NOTICE TO CLASS MEMBERS, TO REQUIRE MERCK TO PAY COSTS ASSOCIATED WITH SUCH ADDITIONAL NOTICE, AND TO EXTEND CLAIMS PERIOD BY NINETY DAYS

James Ratliff, on behalf of himself and all others similarly situated ("Ratliff"), by and

through counsel, in support of this Motion to Approve Direct Mail Notice to Class Members, To

Require Merck To Pay Costs Associated With Such Additional Notice, And To Extend Claims

Period By Ninety Days, states as follows:

As the Court is aware, the undersigned firm litigated the claims of Kentucky consumers

relating to the purchase claims for more than nine years.  The claims asserted in Kentucky State

Court by Ratliff on behalf of a proposed class of all Kentucky consumers who purchased Vioxx

included claims for negligent and fraudulent misrepresentations, as well as a claim under the

Kentucky Consumer Protection Act – a statute that does not require proof of the element of

reliance.  If successful, under Kentucky law, the claims asserted by Kentucky consumers would

have entitled them to reimbursement for amounts spent on Vioxx, attorneys' fees and punitive

damages.  In 2010, counsel for Ratliff successfully defended a Motion for Summary Judgment

filed by Merck, and the Kentucky trial court certified the proposed class of Kentucky consumers.

This class certification was later reversed by the Kentucky Court of Appeals.  However, the

Kentucky Supreme Court granted discretionary review, and the matter was pending before that

Court when a settlement of Ratliff's claims was reached in November, 2013.  In settling his

claims and agreeing to dismiss the Kentucky Class Action litigation, the relinquishment of

substantial rights on behalf of the Kentucky class weighed heavily upon Ratliff and his counsel.

A significant factor concerning the settlement of the Kentucky Action was the assurance

of counsel for Merck that Kentucky consumers would be provided with adequate Notice

regarding the nationwide settlement of the consumer claims approved by this Court.

Undersigned counsel were assured that the Notice Plan developed by Kinsella Media, LLC

("Kinsella Media"), which relied heavily on cable TV advertisements, was more than sufficient.

In reliance on that assurance, Mr. Ratliff and undersigned counsel for Mr. Ratliff and the putative

class agreed to the settlement of the Kentucky claims.

However, it has now become clear that the ONLY "direct" Notice provided to Kentucky

consumers (or those of any state), was Notice that was published more than three months ago in

a handful of national magazines and newspaper supplements, and in sporadic online and cable

advertisements.[1]  There has been no notice published since September 25, 2013 and in the

interim both the deadline for opting out of the class and the final approval of the class settlement

have occurred.  Class members have until May, 2014 to file claims, yet have received no word

regarding the proposed settlement, or its final approval, since September 2013.  As a result, the

claims rates under the Settlement are appalling low.  As of March 10th, only 47 Kentucky

---

[1]     The Notice Plan submitted by Kinsella Media claimed that direct mailing notice was not practicable,
despite the fact that numerous databases containing the consumer names and addresses of those prescribed
Vioxx exist and are readily available to both the Plaintiffs and counsel for Merck.

consumers had filed claims under the Settlement.[2]  Only 4,419 claims have been submitted

Nationwide.

Although the Court approved the proposed Notice Plan submitted in conjunction with the

parties' request for preliminary approval of settlement, and subsequently held that the Notice

Plan as carried out by Kinsella Media, was sufficient to satisfy the requirements of Rule 23, the

claims rate under the MDL Settlement undermines this conclusion.  This Court has in fact voiced

concern on this point, and in response, the parties have been in discussions regarding a Reminder

Notice Campaign.  The Reminder Notice Campaign that has been submitted to this Court, which

Merck has agreed to pay for, calls only for additional–one-time publication of small

advertisements in a handful of newspapers in Kentucky and New Mexico.  This proposed

Reminder Notice simply will not be enough to inform class members that they must act now to

---

[2]     In fact, it now appears that undersigned counsel was misinformed about a number of aspects of the
Proposed Settlement in securing Ratliff's agreement to settle his claims and dismiss the Kentucky
litigation, withdraw his objection to the Proposed Settlement, and to withdraw his Fifth Circuit appeal of
this Court's denial of his Motion to Intervene.  An integral part of Ratliff's agreement to settle was the
agreement by Merck and Plaintiffs' Counsel not to object to a fee petition filed in this matter by Ratliff's
counsel seeking "up to $2.25 million of the common benefit fund."

This agreement is consistent with an understanding of the Proposed Settlement being a common fund
settlement.  And indeed, the Proposed Settlement of the Vioxx consumer claims purports, on its face, to be
a "common fund" settlement.  The Settlement Agreement discusses, at page 5, a "common fund" of $23
million, and states that attorneys' fees and costs will be deducted from the common fund, which is typical
of common fund cases.  On page 20 of the Agreement, attorneys' fees are capped at 32% of the "Common
Fund," or up to $7,360,000.  This would also be normal and reasonable in the context of a common fund
settlement with relatively low per-plaintiff recovery.

Ratliff's agreement to settle was in fact contingent upon his counsel's understanding of the Proposed
Settlement as a common fund settlement, and the understanding that the attorneys' fees petitions would be
analyzed under the common fund rubric.  Unfortunately, it appears that the Court may intend to interpret
the Settlement as a "reversionary, claims-made settlement" masquerading as a "common fund" settlement.
These settlements are sometimes disfavored by Courts because Merck will actually only be paying "up to"
the amount indicated, depending on the number and value of the claims that are submitted. So, if only 50%
of eligible claims are submitted, then Merck may wind up paying only half of the agreed-upon amount,
with the rest of the "common fund" reverting to Merck.  Typically, under these types of agreements, courts
will limit attorney fees' petitions to a reasonable percentage of claims-made under the settlement, and this
Court has signaled an intention to do likewise, thereby resulting in a scenario in which counsel for Ratliff
may be unable to recover anywhere near the $2.25 million in fees addressed as part of the Settlement
Agreement.  The agreement of Plaintiffs' Counsel and counsel for Merck not to object to a fee petition
from Ratliff's counsel of up to that amount may therefore be an illusory promise that provides no
consideration to Ratliff's agreement to settle.

protect their legal rights. In fact, the dismal claims rate in this case demonstrates the need for

<u>direct</u> <u>mail</u> <u>notice</u> to Vioxx purchasers.

Ratliff's counsel has been working over the last several weeks to develop a

comprehensive reminder notice campaign for the Commonwealth of Kentucky, which will be

detailed below.  We firmly believe that extreme measures are needed at this point to truly reach

the ears and eyes of consumers who are quite obviously in the dark regarding the nationwide

settlement of the consumer claims.  With this in mind, we request Court approval of the

following:

1.  Publication in 108 papers throughout Kentucky, with a total circulation of 758,202, through the ARK Network.  We recently learned of the existence of the ARK program through the Kentucky Press Association.  This program provides for a one-time publication of a 2x4" Notice at a cost of only $3,850.

2.  Direct Notice to a list of 5,439 Vioxx purchasers in Kentucky.  We have consulted with Cameron Azari at Epiq Systems, who has informed us that a database containing the names and addresses of addresses of former Vioxx purchasers living in Kentucky can be obtained for $712.  The total cost of direct mail Notice to these consumers, including a separate letter from Kentucky counsel offering to help without charge as to the submission of claims, is estimated at $8,074.  This cost assumes the use of the Reminder Notice designed by Kinsella, which requires an envelope. We have been informed that reformatting the notice to a postcard format could result in substantial savings.  However, we believe the use of an envelope Notice is likely to be more effective. This Notice will be accompanied by a cover letter drafted by our office offering free assistance to Kentucky consumers who wish to file claims under the settlement.  Undersigned counsel will obtain appropriate approval of this cover letter from the Kentucky Office of Attorney Advertising.

3.  Direct mailing of the Reminder Notice, with a cover letter, to a database listing of all Kentucky physicians.  This database information can be obtained for $300, and the mailing accomplished for a total cost of approximately $1.35 per item.

4.  Posting of a Press Release regarding the Settlement and deadlines on the Kentucky Press Association website.  This Press Release will remain active and visible to all Kentucky newspapers for three months at a total cost of $50.

5.  The email of the Kinsella Reminder Notice to all Kentucky newspapers can be achieved for a total cost of $300.

6.      The email of the Kinsella Reminder Notice to members of the Kentucky Rural Health Association, which consists of 500 members.  This can be achieved at nominal cost.

7.      The email of the Kinsella Reminder Notice to members of the Kentucky Public Health Association.  This can be achieved at nominal cost.

8.      Posting of full-color Kinsella Reminder Notice flyers on the message boards of Health Departments throughout Kentucky.  We have made contact with and obtained approval from more than 50 Health Departments throughout the state, which have agreed to post these flyers inside their facilities.  The total cost to print and disseminate these flyers is estimated at $300.

9.      Radio advertising on Kentucky radio stations, using the Reminder Notice script developed by Kinsella.  Repeated broadcasts of Notice on these stations can be obtained for an estimated cost of $5,000.

The total cost associated with the Kentucky Reminder Notice Campaign we have developed is quite reasonable – approximately $15,000.  We hereby request the Court to approve this suggested Reminder Notice for Kentucky, and to direct Merck agree to pay for this Reminder Notice, as they have agreed to pay for the Reminder Notice campaign developed by the PSC that has been submitted to the Court.  The $15,000 expense is nominal when viewed in light of the number of Kentucky consumers that will be directly reached through this reminder campaign.  As only 47 Kentucky claims have been submitted, it is obvious that swift and comprehensive action is necessary.[3]  In the event that Merck is not directed to bear the costs associated with this Reminder Notice, undersigned counsel is prepared to move forward at its own expense for the benefit of Kentucky consumers.

---

[3]      Ratliff's counsel has worked with the PSC in developing the reminder notice campaign that has been previously submitted to this Court.  During that process, however, we repeatedly requested that the Reminder Notice Campaign include publication of full page ads in Kentucky papers, to run twice prior to the expiration of the claims filing deadline.  This publication would cost the parties approximately $134,000.  While we continue to believe that this would be an effective component of a Reminder Notice Campaign, the direct mailing Notice and targeted Notice to media outlets and the medical community outlined above appears to be the most cost effective way to reach Kentucky consumers, and thereby achieve at least some degree of the notice saturation Ratliff was assured would occur prior to his agreement to settle his claims and drop his Objection to the Settlement.

There is no reason that the obviously cost-effective reminder campaign for Kentucky outlined above could not be utilized in every state.  In fact, the extremely low claims rate demonstrates the need for direct mail notice to consumers throughout the United States.  According to Mr. Azari of Epiq Systems, direct mail Reminder Notice can be provided to 366,940 Vioxx purchasers throughout the country for a total cost of $243,188.  The cost of this direct mail Notice can be reduced by $90,000 if postcards are utilized.  We are hereby formally requesting the Court to approve this nationwide direct mail notice, and to further direct Merck to pay for such Notice efforts, as the Rule 23 Notice previously disseminated and paid for under the Settlement Agreement was quite clearly not effective in reaching the nationwide class.

Ratliff further respectfully requests that the claims period be extended by at least an additional ninety (90) days to permit the dissemination of direct mail Notice and to allow the Reminder Notice Campaign proposed by PSC and Ratliff to have full effect.

## CONCLUSION

This Court maintains complete control over the settlement in question and has the discretion to order the parties to engage in additional efforts to ensure that the class members receive information regarding their rights under the proposed settlement.  This Court may also order the payment of any costs associated with additional notice.  As it currently stands, however, Merck has every incentive to refuse to provide this additional Notice, because fewer claims submitted by class members translates to fewer dollars being paid into the settlement by Merck.  We therefore urge the Court to require the additional Notice requested, that the Court require Merck to pay all such additional costs, and that the claims period be extended by at least ninety (90) days. Ratliff requests the Court to hear the instant Motion during the status conference scheduled in this matter for March 21, 2014.

Respectfully submitted,


 /s/ Richard A. Getty
RICHARD A. GETTY
        and
JESSICA K. WINTERS

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909

COUNSEL FOR JAMES RATLIFF,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Interested Party James Ratliff's Motion to Approve Direct Mail Notice to Class Members, To Require Merck To Pay Costs Associated With Such Additional Notice, And To Extend Claims Period By Ninety Days has been served upon all parties by e-mailing and mailing same, postage prepaid, to the individuals listed below, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 17th day of March, 2014.

Russ M. Herman, Esq. (Bar No. 6819)
    and
Leonard A. Davis, Esq. (Bar No. 14190)
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana  70113
E-Mail:  rherman@hhklawfirm.com
E-Mail:  ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel

Phillip A. Wittmann, Esq. (Bar No. 13625)
    and
Dorothy H. Wimberly, Esq. (Bar No. 18509)
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
E-Mail:  pwittmann@stonepigman.com
E-Mail:  dwimberly@stonepigman.com
Defendants' Liaison Counsel

Ann B. Oldfather, Esq. (KY Bar No. 52553)
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky  40208
E-Mail:  aoldfather@oldfather.com
Liaison And Lead Counsel For Ineligible
Or Non-Enrolled Cases And Certain
Other Remaining PI Claims

John H. Beisner, Esq.
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
E-Mail:  John.Beisner@skadden.com
Counsel for Merck & Co., Inc.

Dawn M. Barrios, Esq.
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
E-Mail:  barrios@bkc-law.com
Government Action Liaison Counsel

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
E-Mail:  ecabraser@lchb.com
Co-Lead Class Settlement Counsel

  /s/ Richard A. Getty
COUNSEL FOR JAMES RATLIFF, ET AL.

jkcpld0803

8