UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
March 10, 2014

| | |
|---|---|
| IN RE: VIOXX | MDL NO: 1657 |
|     PRODUCT LIABILITY LITIGATION | SECTION: L |
|           : | |
|           : | JUDGE FALLON |
| On Behalf of the Estate of:   : | MAG. JUDGE KNOWLES |
| Antonio D. Denson Deceased  : | |
|         Plaintiff(s)   : | |
|           : | |
| v.          : | |
| MERCK & CO., INC.     : | |
|       Defendant(s)  : | |

…. … … … … … … … … … … … … … … … …

<u>Order</u>

I am requesting and expedited order for Attorney Ann Oldfather, Lead/Liaison Counsel for Certain Cases to provide all necessary medical documentation to,

Benedict Lucchesi, M.D., Ph.D., M.S., F.A.H.A.
Department of Pharmacology
A220 Medical Science Research Building III
The University of Michigan Medical School
Ann Arbor, Michigan 48109-0632,

expert witness to facilitate a report requested by Honorable Judge Carol E. Higbee, in Superior Court of New Jersey. Please also provide any medical records, i.e. from Brown and Greer to aid in the creation of the expert report on causation requested by the Honorable Judge Carol Higbee.  Please have a copy of the expert witness report sent to the following: (1) Clerk of Court Superior Court of New Jersey Law Division: Atlantic County 1201 Bacharach Boulevard Atlantic City, New Jersey 08401-4510, (2) Charles Cohen, Hughes Hubbard & Reed LLP One Battery Park Plaza New York, New York 10004 and (3) Rita Shelling at the address below.

I thank Your Honor for your kind attention to this matter.

**TENDERED FOR FILING**

MAR 1 0 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Rita D. Shelling, Pro Se on behalf of
Estate of Deceased Antonio D. Denson
306 South Pierce Street
New Orleans, Louisiana 70119
(504) 722-0144

# OLDFATHER LAW FIRM
## ATTORNEYS AT LAW
### 1330 SOUTH THIRD STREET
### LOUISVILLE, KENTUCKY 40208
### TELEPHONE 502.637.7200 · FAX 502.636.0066
### WWW.OLDFATHER.COM

**ANN B. OLDFATHER** †
aoldfather@oldfather.com

**SHELDON L. HADEN**
shaden@oldfather.com

**R. SEAN DESKINS**
sdeskins@oldfather.com

**MEGAN J. HASTINGS**
mhastings@oldfather.com

**MICHAEL R. HASKEN**
mhasken@oldfather.com

† Board Certified in Civil Trial Advocacy

February 18, 2014

Anthony Denson
804 Lyons St.
New Orleans, LA 70115

*RE:*   *Antonio Denson*

Dear Mr. Denson:

Per your request below is a list of experts.

1. Jerry Avorn, M.D.
   Professor of Medicine
   Division Chief, Pharmacoepidemiology and Pharmacoeconomics
   Brigham and Women's Hospital
   Harvard Medical School
   1620 Tremont Street, Suite 3030
   Boston, MA 02120

2. Edward Feldmann, M.D.
   Director, Clinical Research
   Tufts Medical Center
   800 Washington Street, Suite 314
   Boston, MA 02111

3. Benedict Lucchesi, M.D., Ph.D., M.S., F.A.H.A.
   Department of Pharmacology
   A220 Medical Science Research Building III
   The University of Michigan Medical School
   Ann Arbor, MI 48109-0632

4. Russell Luepker, M.D., M.S.
   Mayo Professor
   Division of Epidemiology and Community Health
   School of Public health
   Universityo f Minnesota
   1300 S. Second St., Suite 300
   Minneapolis, MN 55454

Anthony Denson
February 18, 2014
Page 2 of 2

Sincerely,

*Michelle L Chiavene*

Michelle L. Chiavene, KCL§
Secretary

**HUGHES HUBBARD & REED LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3910
(201) 536-9220



FILED

JAN 17 2014

arol E. Higbee  P.J.Cv

Attorneys for Defendant
Merck Sharp & Dohme Corp.

| | |
|---|---|
| ANTONIO D. DENSON, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L-10471-06 |
| MERCK & CO., INC., | |
| Defendant. | **ORDER** |

IT IS on this __17__ day of January, 2014,

ORDERED as follows:

1.  Plaintiff's motion is GRANTED IN PART and DENIED IN PART as set forth herein.

2.  This action is reinstated and is deemed to have been filed on the date the original complaint in ATL-L-10471-06-MT was filed: August 30, 2006.

3.  The motion to amend the complaint is granted, and the amended complaint will be filed as of this date.

4.  The motion for summary judgment is denied.

5.  Plaintiff must hire an expert who will provide an expert report stating and explaining his opinion and the scientific basis for the opinion. Plaintiff will have until May 1, 2014 to submit an expert report on causation. If the report is not submitted by that time, defendant may move for summary judgment.

6.  Plaintiff shall not contact the court except in writing, and any writing sent to the court must be copied to defense counsel. The same applies to defense counsel.

HON. CAROL E. HIGBEE, P.J.Cv.

IN THE SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, ATLANTIC COUNTY

**ESTATE OF ANTONIO D. DENSON**

Plaintiff

v.

**MERCK & CO., INC.,**

No.: ATL-L-10471-06-MT

VIOXX LITIGATION

Case Code Number: 619

**AMENDED ABBREVIATED
SHORT FORM COMPLIANT
FOR VIOXX LITIGATION**

## AMENDED ABBREVIATED ESTATE COMPLIANT FOR VIOXX LITIGATION AND ADOPTION BY REFERENCE

1.  Estate for their claims against the Defendant states and alleges as follows and incorporates by reference the relevant portions of the Master Compliant on file entitled: In Re: Vioxx Litigation Case Code Number 619, in the Superior Court of New Jersey, Law Division, Atlantic County before the Honorable Carol E. Higbee, J.S.C.

    Estate selects and indicates by checking off the appropriate boxes, those claims that are specific to it's case. Where claims require, pursuant to New Jersey law, specific pleadings or case specific facts and individual information, estate shall add and include them herein.

2.  Plaintiff, Estate of Antonio D. Denson (hereinafter referred to as ("Plaintiff"), are the legal heirs of deceased Antonio D. Denson who resides at 804 Lyons Street, New Orleans, Louisiana 70115.

2A.     On or about September 3, 2003, Plaintiff suffered the following injury as a result of ingesting Vioxx: Congestive Heart Failure.

2B.     Plaintiff brings this action:
_____ on behalf of himself.
_____ as the representative of _____.
_____ as the parent and natural guardian ad litem of _____,
a minor born on _____.
\_\_\_\_x\_\_\_\_\_ as Administrator of the Estate of Plaintiff's <u>Antonio D. Denson</u>
(hereinafter "Decedent", see Letter of Administration annexed hereto as Exhibit A), who died on <u>November 7, 2012</u> .

2C.     Plaintiff claims damages as a result of:
_____ Personal Injury to himself
\_\_\_\_x\_\_\_ Wrongful Death
\_\_\_\_x\_\_\_\_ Survival Action
_____ Loss of Consortium (per quod)
_____ Loss of Services
_____ Economic Loss

3.     Plaintiff purchased and/or otherwise obtained Vioxx, which Plaintiff ingested from February 17, 2003 to August 30, 2004.

4.     Plaintiff's spouse, \_\_\_NA_____, (hereinafter referred to as "Spouse")
Is an adult individual residing at, _____NA\_\_\_\_\_, and claims damages as a result of:
_____ Loss of Consortium, date of marriage_____.
_____ Wrongful Death, date of death_____.

5. The following claims asserted in the Master Compliant and the allegations with regard thereto in the Master Compliant are herein adopted by reference:

\_\_\_\_X\_\_\_ Count I:  Product Liability – Defective Design(New Jersey Products Liability Act – N.J.S.A.
2A:58C-1 et seq.)

\_\_\_\_X\_\_\_ Count II:  Product Liability – Failure to Warn (New Jersey Products Liability Act – N.J.S.A.
2A:58C-1 et seq.)

\_\_\_\_x\_\_\_ Count III:  NJ Consumer Fraud Act (N.J.S.A. 56:8-1 et. Seq.)

__X___ Count IV:  Breach of Express Warranty

__X___ Count V:  Punitive Damages Under Common Law & Products Liability Act (N.J.S.A. 2A:C-1)

__X___ Count VI:  Wrongful Death

__x___ Count VII:  Survival Action

Plaintiff asserts the following additional theories of recovery against Merck & CO., Inc.: NA

Demand is made for the sum of $47,500,000 based on precedence law which represents the amount

paid to vioxx claimant Fredrick Mike Humeston awarded in the case of Humeston vs Merck & Co., Inc.

ordered on June 8, 2005; Case No. 619, ATL-L-2272-03, judgment award of $47,500,000.


**EXPEDITED MOTION FOR SUMMARY JUDGMENT**

Demand is hereby made for an expedited motion for summary judgment.


Rita D. Shelling, Pro Se on behalf of
Estate of Deceased Antonio D. Denson
306 S. Pierce Street
New Orleans, Louisiana  70119
(504) 722-0144

```
............................................:
                                            :
                                            :
                                            :
On Behalf of the Estate of:                 :
Antonio D. Denson Deceased                  :
                    Plaintiff(s)            :
                                            :
                                            :
v.                                          :
                                            :
                                            :
MERCK & CO., INC.                           :
                    Defendant(s)            :
.... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...
```

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: ATLANTIC COUNTY

In Re: VIOXX LITIGATION

Case Code No. 619

DOCKET NO. ATL-L10471-06-MT

STIPULATION OF DISMISSAL

WITH PREJUDICE

AS TO ALL DEFENDANTS

Pursuant to the wrongful death case of deceased Antonio D. Denson the estate hereby stipulate that all claims against the defendant Merck and all other named defendants be dismissed in their entirety with prejudice after the sum of $47,500,000 is paid to the estate which will represent an end to this matter, each party to bear its own costs. The sum of $47,500,000 is based on precedence law which represents the amount paid to vioxx claimant Fredrick Mike Humeston awarded in the case of Humeston vs Merck & Co., Inc. ordered on June 8, 2005; Case No. 619, ATL-L-2272-03, judgment award of $47,500,000.

On behalf of the Estate of
Antonio D. Denson

Attorney for
Merck & Co., Inc.

_Rita D. Shelling, Executrix_

Rita D. Shelling, Pro Se on behalf of
Estate of Deceased Antonio D. Denson
306 S. Pierce Street
New Orleans, Louisiana  70119
(504) 722-0144

Charles Cohen
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY  10004
Phone: (212) 837-6000
Fax: (212) 422-4726

Date: 12/9/13

Date:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
        PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON
MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO:**    *Antonio Denson*

## ORDER

    The Court has received and reviewed the attached documents from Anthony Denson. The Court reiterates that it does not have jurisdiction over claims arising from the injuries of Antonio Denson, Anthony Denson's brother. (*See* Rec. Docs. 62697, 64516, 64644).

    **IT IS ORDERED** that no further action be taken.

    New Orleans, Louisiana, this 22nd day of October, 2013.

UNITED STATES DISTRICT JUDGE

CLERK TO SERVE:    Anthony D. Denson
                  804 Lyons Street
                  New Orleans, LA 70115

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| . . . .. . .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

**THIS DOCUMENT RELATES TO:**     *Antonio Denson*

## ORDER

      The Court has repeatedly received correspondence from Vioxx claimant Antonio Denson. Mr. Denson and his brother, Anthony Denson, appeared at the August 16, 2012 Monthly Status Conference in this matter. At that time, Ms. Oldfather, as Liaison Counsel, offered to look into Mr. Denson's request for relief and report back to the Court. At the October 11, 2012 Monthly Status Conference, Ms. Oldfather gave that report, and Anthony Denson also appeared with Leonard Fisher on Mr. Denson's behalf.

      The Court understands that Mr. Denson filed a Vioxx claim in New Jersey state court and subsequently entered the Vioxx Settlement Program. Furthermore, the Court understands that Mr. Denson did not qualify for relief under the Vioxx Settlement Program, and his claim was subsequently rejected from that program. Based on the report from Liaison Counsel, this Court understands that Mr. Denson did suffer some injury after being prescribed Vioxx, but that his specific injury did not qualify for relief under the Vioxx Settlement Program.

      On numerous occasions, Mr. Denson has asked the Court to award him $47.5 million, and the Court has explained that it is not able to do so. (Rec. Docs. 51200, 54507, 62967, 63675, 63755, 64129). That remains true today. This Court does not have jurisdiction over Mr.

1

Denson's case. Mr. Denson filed his original claim in New Jersey state court, and Merck is a New Jersey corporation, so the case cannot be removed here.

However, this Court does have limited authority over the Vioxx Settlement Program, since this Court was appointed as that program's Chief Administrator. Accordingly, it is the opinion of this Court that Mr. Denson should no longer be bound by the exclusivity requirements of the Vioxx Settlement Program and should have leave from this Court to continue to pursue his claim in state court. As stated above, this Court has no jurisdiction over Mr. Denson's New Jersey claim and cannot dictate whether Mr. Denson will ultimately be allowed to proceed with that claim in New Jersey state court. This Court merely holds, in its role as Chief Administrator of the Vioxx Settlement Program, that the program should no longer bar Mr. Denson from continuing to pursue any existing viable state court claim.

New Orleans, Louisiana, this 26th day of October, 2012.

UNITED STATES DISTRICT JUDGE

Clerk to serve:

Russ Herman
Plaintiff's Liaison Counsel
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave
New Orleans, LA 70113

Antonio Denson
804 Lyons Street
New Orleans, LA 70115

Ann Oldfather
Lead/Liaison Counsel for Certain Cases
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208

Robert M. Johnston
Vioxx Pro Se Curator
400 Poydras Street, Suite 2450
New Orleans, LA 70130

2