UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * | * | |

**JOINT REPORT NO. 81 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 81.

**I.    CLASS ACTIONS**

On July 17, 2013, plaintiffs filed a Motion for Preliminary Approval of Class Settlement of the pending economic loss claims (consumer claims) [Rec. Doc. 64487], the lone remaining group of class actions in the MDL.  Merck filed a Statement in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement [Rec. Doc. 64488].  By Order entered July 18, 2013, the Court scheduled the motion for hearing on July 24, 2013 and set briefing deadlines [Rec. Doc. 64491].  Plaintiff James Ratliff filed an objection to the motion [Rec. Doc. 64289]; the PSC and Merck filed responses [Rec. Docs. 64497, 64500].  The motion came on for hearing on July 24, 2013.  Following the hearing, the Court entered an Order indicating its intent to preliminarily approve the settlement and instructing counsel to confer regarding date issues [Rec. Doc. 64511].  On July 26, 2013, plaintiff Ratliff filed proposed changes to the proposed class notice [Rec. Doc. 64513].  On August 1, 2013, the PSC and Merck

filed responses in opposition [Rec. Docs. 64518, 64519]. Also on August 1, 2013, plaintiff Ratliff filed motions to intervene and to stay dissemination of notice and modify dates contained in the proposed class notice [Rec. Docs. 64520, 64521]. On August 2, 2013, the PSC and Merck filed oppositions to plaintiff's motions to intervene and to stay [Rec. Docs. 64522-24]. By Orders entered August 2, 2013 [Rec. Docs. 64525-26], the Court denied plaintiff Ratliff's motions and granted preliminary approval to the Class with authorized short and long form notice, notice plan, and claim form.. On November 15, 2013, Merck and plaintiffs' co-lead class settlement counsel filed a joint motion to set a briefing schedule for final approval of the class action settlement [Rec. Doc. 64691]. By Order entered November 19, 2013, the Court granted the parties' motion, entered the proposed briefing schedule, and confirmed that the fairness hearing for final approval of the settlement would be held on December 13, 2013 [Rec. Doc. 64697]. On November 22, 2013, class settlement counsel filed a motion for final approval of the Vioxx consumer class settlement [Rec. Doc. 64703], and Merck filed a statement in support of plaintiffs' motion for final approval [Rec. Doc. 64704]. On November 22, 2013, the Court entered into the record several objections to the proposed class settlement [Rec. Docs. 64709, 64710, 64711, 64714]. On December 6, 2013, plaintiffs' co-lead class settlement counsel filed supplemental exhibits in support of its motion for final approval [Rec. Doc. 64728]. On December 9, 2013, certain New Mexico putative class members filed objections to the motion for final approval of the settlement [Rec. Doc. 64739]. A telephone status conference was held on December 9, 2013 to discuss the status of the settlement [Rec. Doc. 64738]. The fairness hearing for final approval was held on December 13, 2013. By Order and Reasons entered January 3, 2014, the Court granted the motion for final approval of the Vioxx consumer class settlement, denied Merck's motion to stay and enjoin the Kentucky proceedings and plaintiffs'

co-lead class settlement counsel's motion to enjoin Mr. Ratliff from prosecuting any related claims as moot, and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].  On February 3, 2014, objector Geneva Meloy appealed the judgment [Rec. Doc. 64817].  *See infra* discussion at section VI.

On August 2, 2013, the Court appointed BrownGreer as the claims administrator [Rec. Doc. 64526].  BrownGreer, the claims administrator, has established a website at www.VioxxSettlement.com. The class notice program, as originally ordered by the Court has been completed, and claims are being filed and reviewed.  On December 6, 2013, BrownGreer filed a Settlement Administration Status Report [Rec. Doc. 64729], and on March 19, 2014 filed the Vioxx Consumer Settlement -- Claim Activity Update [Rec. Doc. 64857].  Class members have until May 6, 2014 to submit a claim.  A reminder notice program was devised by Co-Class Settlement Counsel and Merck, and shared with the Court and all interested parties on January 23, 2014.  BrownGreer implemented this reminder campaign on February 17, 2014.

The Notice Expert, Kinsella Media L.L.C., worked with Co-Class Settlement Counsel and Merck on a media reminder notice campaign which was sent to the Court and all interested parties on February 28, 2014.

On March 17, 2014, James Ratliff filed Interested Party James Ratliff's Motion to Approve Direct Mail Notice to Class Members, to Require Merck to Pay Costs Associated With Such Additional Notice, and to Extend Claims Period by Ninety Days [Rec. Doc. 64855].  Class counsel and Merck expect to file responses to the motion.  Although the motion is set for hearing immediately following the monthly status conference on March 21, 2104, the Court has proposed new dates for on the motion.

The parties will be prepared to discuss these matters further at the monthly status conference on March 21, 2014.

## II.     GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pre-Trial Order No. 39B [Rec. Doc. 63895] relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pre-Trial Order No. 39C [Rec. Doc. 64223] on January 17, 2013. The parties are engaged in ongoing discovery.

On December 19, 2012 the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a Motion for an Order Imposing a Common Benefit Obligation Upon the Recovery of the Commonwealth of Pennsylvania Attorney General's Claims Asserted Against Merck, Sharp & Dohme Corp., in this MDL [Rec. Doc. 64205]. On January 9, 2013, the Commonwealth of Pennsylvania filed an Opposition [Rec. Doc. 64216]. On February 25, 2013, the Plaintiffs' Steering Committee and Government Action Liaison Counsel filed a reply, and the Court scheduled a hearing date on the motion [Rec. Docs. 64270, 64271]. The motion was heard on March 20, 2013 and was taken under submission [Rec. Doc. 64309]. On April 29, 2013, the Court issued Order & Reasons [Rec. Doc. 64364]. On July 22, 2013, the PSC and Government Action Liaison Counsel served a First Set of Document Requests to the Attorney General of the Commonwealth of Pennsylvania, as well as on counsel, Cohen, Placitella & Roth, P.C. The parties continue to meet and confer.

On April 29, 2013, Merck filed a Motion for Protective Order and Entry for Order for Production in the *State of Utah* case. [Rec. Doc. 64362]. The motion was noticed for submission on May 15, 2013. Plaintiff filed its response [Rec. Doc. 64393]. By Order entered

May 22, 2103, the Court granted the motion in part [Rec. Doc. 64417], and entered a separate Order for Production and Protective Order [Rec. Doc. 64418].

On April 29, 2013, the State of Mississippi filed a Motion for Protective Order [Rec. Doc. 64365]. The motion was noticed for submission on June 12, 2013.

On May 3, 2013, Merck filed Motions for Judgment on the Pleadings in the Alaska, Mississippi, Montana, and Utah actions [Rec. Docs. 64372, 64373, 64374, and 64375]. Thereafter, the State of Utah filed a Motion to Remand and a Motion to Stay [Rec. Docs. 64382 and 64383], and, on May 16, 2013, filed a Motion for Summary Judgment on Judicial Estoppel [Rec. Doc. 64399].

On May 31, 2013, the State of Mississippi filed a Supplemental Motion to Remand [Rec. Doc. 64430]. The motion is noticed for submission on October 2, 2013. Also on May 31, 2013, the Court conducted a telephonic status conference to discuss Merck's motions for judgment on the pleadings [Rec. Docs. 64372, 64373, 64374, and 64375]. The Court ordered that the submission dates on Merck's motions be continued, with dates to be reset following the resolution of plaintiffs' motions to remand in accordance with Pre-Trial Order 39C [Rec. Doc. 64432].

On June 5, 2013, Merck filed a Motion for Protective Order in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64436]. On June 24, 2013, Mississippi filed an opposition memorandum [Rec. Doc. 64460]. On June 14, 2013, the State of Alaska and the State of Montana filed motions for protective order [Rec. Docs. 64441 and 64442]. On June 21, 2013, Merck filed a memorandum in further support of its Motion to Compel 30(b)(6) Depositions (originally filed on May 17, 2013 [Rec. Doc. 64407]) and in opposition to the state's motions for protective order [Rec. Doc. 64457]. These motions were noticed for submission on June 25,

2013, immediately following the monthly status conference.  Because Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64407] and the state's Motions for Protective Order [Rec. Docs. 64441 and 64442] addressed similar issues, the parties agreed to treat the state's Motions for Protective Order as oppositions to Merck's Motion to Compel.  The motions were heard on June 25, 2013, immediately following the monthly status conference.  By Order entered June 25, 2013, the Court granted Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases [Rec. Doc. 64462].  By Order entered June 28, 2013, the Court denied as moot the motions for protective order filed by Alaska, Mississippi, and Montana [Rec. Doc. 64470].

On July 17, 2013, the Government Action plaintiffs submitted expert reports. On September 6, 2013, Merck submitted its expert reports.   Discovery continues in these cases.

On October 2, 2013, the Court heard the remaining Attorneys Generals' motions to remand, and Merck's opposition to the same.  Pursuant to prior discussions with the Court and obligations under PTO 39C, there will be no ruling issued by the Court until all fact and expert discovery contemplated by PTO 39C is completed while the Attorneys Generals' cases are in the MDL.  The parties will keep the Court apprised of the status of the remaining discovery on a routine basis.  As of the date of the filing of the Joint Report, all expert depositions have been scheduled, and completion is presently expected by early February 2014.

On December 20, 2013 the Court held a telephonic conference at the request of the 4 Attorneys General regarding the cancelled deposition of David Egilman.  In a Minute Entry of December 20, 2013, the Court [Rec. Doc. 64766] ordered that the deposition of Dr. Egilman be set for a mutually agreeable date prior to February 28, 2014 and that counsel for the Attorneys

General provide the Court with receipts for their travel to and from the cancelled December 18, 2013 deposition of Dr. Egilman.  Merck deposed Dr. Egilman on January 25, 2014.

On January 17, 2014 the Court held a telephone status conference to resolve a discovery issue on IMS data between Merck and the Attorneys General of Alaska and Montana.

On February 4, 2014, Merck filed a motion to compel in the *Utah* case [Rec. Doc. 64818].  The motion was noticed for submission on February 19, 2014.  Utah filed a response on February 18, 2014 [Rec. Doc. 64836].  Thereafter, the Court entered an order scheduling the motion for argument via telephone on March 6, 2014 [Rec. Doc. 64844].  On March 3, 2014, Merck filed a reply [Rec. Doc. 64845]; and on March 5, 2014, Utah filed a further response [Rec. Doc. 64846].  The motion was argued on March 6, 2014, and the Court entered a Minute Entry of its ruling, ordering the parties to attempt to agree to a stipulation to resolve the matter, and in the event no stipulation was reached by March 20, 2014, the State of Utah had to produce a 30(b)(6) witness [Rec. Doc. 64851].

On February 25, 2014, the Attorney General of Mississippi's counsel notified the Court that all discovery was completed in the MDL per PTO 39 [Rec. Doc. 18584], PTO 39A [Rec. Doc. 45738], PTO 39B [Rec. Doc. 63895], and PTO 39C [Rec. Doc. 64223].  On March 3, 2014, counsel for the Attorneys General of Alaska and Montana announced it had similarly completed discovery.  All 3 Attorneys General seek a ruling on the Motions to Remand filed and heard.

On February 28, 2014, the Court convened a telephonic status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky Attorney General Vioxx litigation seeking the de-designation of certain documents, many of

which were originally produced in the Vioxx MDL.    The Court made clear that PTO 13, 13A, and 13B remain in full force [Rec. Doc. 64848].

The parties will update the Court on the status of any remaining discovery and will be prepared to discuss the Government Action issues further at the monthly status conference on March 21, 2014.

### III.   THIRD PARTY PAYORS

On January 3, 2014, the Court entered its Order and Reasons allocating the common benefit fund for the TPP cases [Rec. Doc. 64783]. The TPP Fee Allocation Committee will be prepared to discuss these matters further at the status conference on March 21, 2014.

### IV.   PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

#### A.   General Matters Relating to Remaining Personal Injury Cases & Pending Motions

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate.  On September 11, 2013, the PSC filed Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses [Rec. Doc. 64588]. The Court granted the motion, and entered Pre-Trial Order No. 51(A).  On October 9, 2013, Ms. Oldfather requested updated information from the PSC regarding available common benefit funds, and requested updated information from Merck on withholdings in settled cases. Those requests are pending.

The parties will be prepared to discuss this further at the March 21, 2014 status conference.

On June 3, 2013, Merck filed a Motion for Reconsideration of the Court's April 9, 2013 Order and Reasons [Rec. Doc. 64435], denying its motion to exclude certain expert opinions in the VTE cases, and granting plaintiffs' motion [Rec. Doc. 64233] to continue the submission date of Merck's motion for summary judgment with dates to be reset.  On July 16, 2013, the VTE plaintiffs filed an opposition memorandum [Rec. Doc. 64483].  Merck filed a reply on August 6, 2013 [Rec. Doc. 64528].  On August 26, 2013, the VTE plaintiffs filed a surreply in opposition [Rec. Doc. 64558]; Merck filed a response to the surreply on September 6, 2013 [Rec. Doc. 64577].  The motion is submitted to the court for a ruling.

Liaison and Lead counsel for Certain Claims will be prepared to discuss these issues further at the status conference on March 21, 2014.

## B. Matters Noticed for Submission on March 21, 2014

Merck's Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims [Rec. Doc. 64832].

## C. Other Motions Involving Remaining Personal Injury Cases

On July 25, 2013, Merck filed a Motion for Summary Judgment in the *Dennis Harrison* case [Rec. Doc. 64510].  The motion was noticed for submission on September 18, 2013, but that date was extended several times.  [Rec. Doc. 64556].  By Order entered September 9, 2013, the Court denied Mr. Harrison's request for additional time [Rec. Doc. 64585].

On September 10, 2103, Mr. Harrison filed a motion to amend complaint [Rec. Doc. 64598].  Merck opposed the motion [Rec. Doc. 64599].  The parties await a ruling on the motion.

On October 8, 2013, Mr. Harrison submitted pleadings in opposition to Merck's Motion for Summary Judgment and his own cross-motion. [Rec. Docs. 64639, 64660, 64641]. Mr. Harrison subsequently advised that these submissions were not complete. His complete submissions were sent via overnight delivery to the Court on October 22, 2013 and were accompanied by an e-mail advising the Court that his filings were now complete and ready for decision. Mr. Harrison's supplemental submission was docketed by the Clerk on October 25, 2013 [Rec. Doc. 64666]. On November 4, 2013, Merck filed a reply in support of its motion for summary judgment and in opposition to Mr. Harrison's cross-motion [Rec. Doc. 64671]. Merck also filed a response to plaintiff's statement of material facts [Rec. Doc. 64672]. On November 22, 2013, the Court entered an Order filing into the record Mr. Harrison's Statement That He is Now Able to Gain an Expert Witness and ordering that Merck file a response to plaintiff's request [Rec. Doc. 64705]. On November 22, 2013, the Court also entered an Order filing into the record Mr. Harrison's combined surreply [Rec. Doc. 64707]. The Statement [Rec. Doc. 64706] and Surreply [Rec. Doc. 64708] were entered on November 22, 2013. On December 6, 2013, Merck filed its response to plaintiff's Statement [Rec. Doc. 64727]. On January 2, 2014, the Court entered an Order granting Mr. Harrison's request for leave to substitute an exhibit [Rec. Doc. 64776]. On January 8, 2014, the Court entered an Order [Rec. Doc. 64789] granting plaintiff's request to file a reply [Rec. Doc. 64788] to Merck's response. The parties will be prepared to discuss this matter further at the status conference on March 21, 2014.

On July 29, 2013, Merck filed a Motion for Summary Judgment in the *Mannino* case [Rec. Doc. 64514]. The motion was noticed for submission on September 4, 2013. On October 3, 2013, more than two months after Merck's motion, and more than three months after her deadline to designate experts, Ms. Mannino sent an e-mail to the Court opposing Merck's

motion [Rec. Docs. 64629, 64630].  On October 7, 2013, Merck filed a reply in support of its motion for summary judgment [Rec. Doc. 63631]. The motion is now fully briefed and ready for submission.

On October 24, 2013, Merck filed motions for summary judgment in the *Velma Dunn* [Rec. Doc. 64654]*, Todd Jelden* [Rec. Doc. 64656]*, Elizabeth Garner* [Rec. Doc. 64658], *Lynell Major* [Rec. Doc. 64660], *Val Silva* [Rec. Doc. 64662], and *Mabel Dumbell* [Rec. Doc. 64664] cases.  By Order entered November 19, 2013, the Court set briefing deadlines [Rec. Doc. 64694].  On December 6, 2013, plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda [Rec. Docs. 64730-64732].  Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013 in which to file her opposition [Rec. Docs. 64743, 64747] and thereupon filed her opposition to Merck's motion [Rec. Doc. 64756].  On January 3, 2014, Merck filed replies in support of each of its six motions [Rec. Docs. 64778-64782].  Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies [Rec. Docs. 64806, 64807].  On January 30, 2014 and February 4, 2014, plaintiff Velma Dunn moved for additional time to file a further response [Rec. Docs. 64809, 64816].  By Order entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 [Rec. Doc. 64819].  On February 10, 11, and 12, 2014, Velma Dunn filed responses [Rec. Docs. 62826, 64827, 64829].  And on February 20, 2014, Velma Dunn submitted a further response [Rec. Doc. 64838].  All six motions are now fully briefed and are submitted to the Court for decision.

On November 6, 2013, plaintiff filed a motion for leave to file a supplemental and amended complaint in the *Maurice Robinson* case [Rec. Doc. 64681].  On February 19, 2014, the parties filed a Stipulation of Dismissal With Prejudice [Rec. Doc. 64837].

On December 4, 2013, Merck filed a motion to show cause why the *Posey* case should not be dismissed with prejudice under Rule 25(a)(1). The motion was noticed for submission on January 8, 2014. No opposition was filed and the matter has been submitted.

On December 18, 2013, defendant Moden-Giroux, Inc. filed a motion for summary judgment in the *Wodowski* case. The motion was noticed for submission on January 8, 2014. No opposition was filed. On January 15, 2014, the Court entered an Order granting the motion and dismissing the case with prejudice [Rec. Doc. 64797].

On January 17, 2014, defendant BrownGreer filed a motion for summary judgment in the *Alexander* case [Rec. Doc. 64800]. The motion was noticed for submission on February 5, 2014. No opposition was filed and the motion is submitted and awaiting decision.

On February 10, 2014, defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case [Rec. Docs. 64823, 64825]. The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014 to enable plaintiff to respond [Rec. Doc. 64850].

On February 18, 2014, Merck filed a Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims [Rec. Doc. 64832]. The motion is noticed for submission on March 21, 2014, immediately following the monthly status conference.

On February 18, 2014, Merck also filed a Motion to Dismiss Cases in its Entirety in the *Gene Weeks* case [Rec. Doc. 64833]. The motion was granted by Order entered March 14, 2014 [Rec. Doc. 64854].

On March 5, 2014, Merck filed a Motion for Extension of Deadlines in the *Jo Levitt* case [Rec. Doc. 64847]. The Court granted the motion and modified the deadlines by Order entered March 5, 2014 [Rec. Doc. 64849].

The parties will be prepared to discuss these matters further at the status conference on March 21, 2014.

## V.   OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. The parties will be prepared to discuss this matter further at the status conference on October 25, 2013.

The parties will be prepared to discuss these matters further at the status conference on March 21, 2014.

## VI.   APPEALS

On February 7, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, Fifth Circuit No. 14-30109. On February 25, 2014, Merck filed a Motion to Dismiss Appeal for Lack of Jurisdiction. On March 7, 2014, Objector/Appellant filed an Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction. On March 10, 2014, Merck filed a Reply to the Opposition to the Motion to Dismiss Appeal for

Lack of Jurisdiction.  The parties await a ruling on the motion from the Fifth Circuit Court of Appeals.

## VII.	NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis*_____ | */s/ Dorothy H. Wimberly*_____ |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman & Katz, L.L.C.*** | ***Stone Pigman Walther Wittmann L.L.C.*** |
| 820 O'Keefe Avenue | 546 Carondelet Street |
| New Orleans, Louisiana  70113 | New Orleans, Louisiana  70130-3588 |
| Telephone:  (504) 581-4892 | Telephone:  (504) 581-3200 |
| Fax:  (504) 561-6024 | Fax:  (504) 581-3361 |
| | |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*_____
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky  40208
Telephone:  (502) 637-7200
Fax:  (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

**CERTIFICATE**

      I hereby certify that the above and foregoing Joint Status Report No. 81 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2014.

      */s/ Leonard A. Davis*
      Leonad A. Davis, 14190
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana  70113
      Phone:  504-581-4892
      Fax:      504-561-6024
      ldavis@hhklawfirm.com

      Plaintiffs' Liaison Counsel