MINUTE ENTRY
FALLON, J.
MARCH 21, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

A monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC"). At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 81 of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. This monthly status conference was transcribed by Toni Tusa, official Court reporter. Counsel may contact Ms. Tusa at (504) 523-7778 to request a copy of the transcript. A summary of the monthly status conference follows.

**I.    CLASS ACTIONS**

On July 17, 2013, plaintiffs filed a Motion for Preliminary Approval of Class Settlement of the pending economic loss claims (consumer claims) (Rec. Doc. 64487), the only remaining group of class actions in this multidistrict litigation ("MDL"). Merck filed a Statement in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement (Rec. Doc. 64488). By Order entered July 18, 2013, the Court scheduled the motion for hearing on July 24, 2013, and set briefing deadlines (Rec. Doc. 64491). Plaintiff James Ratliff filed an objection to

JS10(00:55)

the motion (Rec. Doc. 64289), and the PSC and Merck filed responses (Rec. Docs. 64497, 64500). The motion was heard on July 24, 2013. Following the hearing, the Court entered an Order indicating its intent to preliminarily approve the settlement and instructing counsel to confer regarding date issues (Rec. Doc. 64511). On July 26, 2013, Mr. Ratliff filed proposed changes to the proposed class notice (Rec. Doc. 64513). On August 1, 2013, the PSC and Merck filed responses in opposition (Rec. Docs. 64518, 64519). Also on August 1, 2013, Mr. Ratliff filed motions to intervene and to stay dissemination of notice and modify dates contained in the proposed class notice (Rec. Docs. 64520, 64521). On August 2, 2013, the PSC and Merck filed oppositions to Mr. Ratliff's motions to intervene and to stay (Rec. Docs. 64522-24, 64523, 64524). By Orders entered August 2, 2013, (Rec. Docs. 64525, 64526), the Court denied Mr. Ratliff's motions and granted preliminary approval to the Class with an authorized notice plan.

On November 15, 2013, Merck and plaintiffs' co-lead class settlement counsel filed a joint motion to set a briefing schedule for final approval of the class action settlement (Rec. Doc. 64691). By Order entered November 19, 2013, the Court granted the parties' motion, entered the proposed briefing schedule, and confirmed that the fairness hearing for final approval of the settlement would be held on December 13, 2013 (Rec. Doc. 64697). On November 22, 2013, class settlement counsel filed a motion for final approval of the Vioxx consumer class settlement (Rec. Doc. 64703), and Merck filed a statement in support of plaintiffs' motion for final approval (Rec. Doc. 64704). On November 22, 2013, the Court entered into the record several objections to the proposed class settlement (Rec. Docs. 64709, 64710, 64711, 64714). On December 6, 2013, plaintiffs' co-lead class settlement counsel filed supplemental exhibits in support of its motion for final approval (Rec. Doc. 64728). On December 9, 2013, certain New Mexico putative class members filed objections to the motion for final approval of the settlement (Rec.

Doc. 64739). A telephone status conference was held on December 9, 2013, to discuss the status of the settlement (Rec. Doc. 64738). The final fairness hearing was held on December 13, 2013. By Order and Reasons entered January 3, 2014, the Court granted the motion for final approval of the Vioxx consumer class settlement, denied Merck's motion to stay and enjoin the Kentucky proceedings and plaintiffs' co-lead class settlement counsel's motion to enjoin Mr. Ratliff from prosecuting any related claims as moot, and entered final judgment dismissing with prejudice all released claims of the class against all released persons, as described in the order (Rec. Doc. 64784). On February 3, 2014, objector Geneva Meloy appealed the judgment (Rec. 64817).

On August 2, 2013, the Court appointed BrownGreer as the claims administrator (Rec. Doc. 64526). BrownGreer, the claims administrator, has established a website at www.vioxxsettlement.com. The class notice program, as originally ordered by the Court, has been completed, and claims are being filed and reviewed. On December 6, 2013, BrownGreer filed a status report (Rec. Doc. 64729), and on March 19, 2014, filed a claim activity update (Rec. 64857). Class members have until May 6, 2014, to submit claims. A reminder notice program was devised by counsel for the class and for and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign on February 17, 2014. The notice expert, Kinsella Media L.L.C., worked with counsel for the class and Merck on a media reminder notice campaign, which was sent to the Court and all interested parties on February 28, 2014.

On March 17, 2014, Mr. Ratliff filed a motion to approve additional notice and extend the claims period by ninety days. (Rec. Doc. 64855). Class counsel and Merck expect to file responses to the motion. Although the motion was set for hearing immediately following the monthly status conference, it has been continued until March 27, 2014, at 9:30 a.m.

## II. GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pre-Trial Order 39B (Rec. Doc. 63895) relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pre-Trial Order 39C (Rec. Doc. 64223) on January 17, 2013. The parties are engaged in ongoing discovery.

On December 19, 2012, the PSC and Government Action Liaison Counsel filed a Motion for an Order Imposing a Common Benefit Obligation Upon the Recovery of the Commonwealth of Pennsylvania Attorney General's Claims Asserted Against Merck, Sharp & Dohme Corp., in this MDL (Rec. Doc. 64205). On January 9, 2013, the Commonwealth of Pennsylvania filed an Opposition (Rec. Doc. 64216). On February 25, 2013, the PSC and Government Action Liaison Counsel filed a reply, and the Court scheduled a hearing date on the motion (Rec. Docs. 64270, 64271). The motion was heard on March 20, 2013, and was taken under submission (Rec. Doc. 64309). On April 29, 2013, the Court issued Order & Reasons (Rec. Doc. 64364). On July 22, 2013, the PSC and Government Action Liaison Counsel served a First Set of Document Requests to the Attorney General of the Commonwealth of Pennsylvania, as well as on counsel, Cohen, Placitella & Roth, P.C. The parties continue to meet and confer.

On April 29, 2013, Merck filed a Motion for Protective Order and Entry for Order for Production in the Utah case (Rec. Doc. 64362). The motion was noticed for submission on May 15, 2013. Plaintiff filed its response (Rec. Doc. 64393). By Order entered May 22, 2103, the Court granted the motion in part (Rec. Doc. 64417), and entered a separate Order for Production and Protective Order (Rec. Doc. 64418).

On April 29, 2013, Mississippi filed a Motion for Protective Order (Rec. Doc. 64365). The motion was noticed for submission on June 12, 2013. On May 3, 2013, Merck filed Motions

4

for Judgment on the Pleadings in the Alaska, Mississippi, Montana, and Utah actions (Rec. Docs. 64372, 64373, 64374, and 64375). Thereafter, the Utah filed a Motion to Remand and a Motion to Stay (Rec. Docs. 64382, 64383) and, on May 16, 2013, filed a Motion for Summary Judgment on Judicial Estoppel (Rec. Doc. 64399).

On May 31, 2013, Mississippi filed a Supplemental Motion to Remand (Rec. Doc. 64430). The motion is noticed for submission on October 2, 2013. Also on May 31, 2013, the Court conducted a telephonic status conference to discuss Merck's motions for judgment on the pleadings (Rec. Docs. 64372, 64373, 64374, 64375). The Court ordered that the submission dates on Merck's motions be continued, with dates to be reset following the resolution of plaintiffs' motions to remand in accordance with Pre-Trial Order 39C (Rec. Doc. 64432).

On June 5, 2013, Merck filed a Motion for Protective Order in the Alaska, Mississippi, and Montana cases (Rec. Doc. 64436). On June 24, 2013, Mississippi filed an opposition memorandum (Rec. Doc. 64460). On June 14, 2013, the Alaska and Montana filed motions for protective order (Rec. Docs. 64441, 64442). On June 21, 2013, Merck filed a memorandum in further support of its Motion to Compel 30(b)(6) Depositions, originally filed on May 17, 2013, (Rec. Doc. 64407), and in opposition to the state's motions for protective order (Rec. Doc. 64457). These motions were noticed for submission on June 25, 2013, immediately following the monthly status conference. Because Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases (Rec. Doc. 64407) and the state's Motions for Protective Order (Rec. Docs. 64441,64442) addressed similar issues, the parties agreed to treat the state's Motions for Protective Order as oppositions to Merck's Motion to Compel. The motions were heard on June 25, 2013, immediately following the monthly status conference. By Order entered June 25, 2013, the Court granted Merck's Motion to Compel 30(b)(6) Depositions in the Alaska,

5

Mississippi, and Montana cases (Rec. Doc. 64462). By Order entered June 28, 2013, the Court denied as moot the motions for protective order filed by Alaska, Mississippi, and Montana (Rec. Doc. 64470).

On July 17, 2013, the Government Action plaintiffs submitted expert reports. On September 6, 2013, Merck submitted its expert reports. Discovery continues in these cases.

On October 2, 2013, the Court heard the remaining Attorneys Generals' motions to remand, and Merck's opposition to the same. Pursuant to prior discussions with the Court and obligations under Pre-Trial Order 39C, there will be no ruling issued by the Court until all fact and expert discovery contemplated by Pre-Trial Order 39C is completed while the Attorneys Generals' cases are in the MDL. The parties will keep the Court apprised of the status of the remaining discovery on a routine basis. As of today, all expert depositions have been scheduled, and completion is presently expected by early February 2014.

On December 20, 2013, the Court held a telephone status conference at the request of the four Attorneys General regarding the cancelled deposition of David Egilman. In its December 20, 2013, minute entry the Court (Rec. Doc. 64766) ordered that the deposition of Dr. Egilman be set for a mutually agreeable date prior to February 28, 2014, and that counsel for the Attorneys General provide the Court with receipts for their travel to and from the cancelled December 18, 2013, deposition of Dr. Egilman. Merck deposed Dr. Egilman on January 25, 2014.

On January 17, 2014, the Court held a telephone status conference to resolve a discovery issue on IMS data between Merck and the Attorneys General of Alaska and Montana.

On February 4, 2014, Merck filed a motion to compel in the *Utah* case (Rec. Doc. 64818). The motion was noticed for submission on February 19, 2014. Utah filed a response on

February 18, 2014 (Rec. Doc. 64836). Thereafter, the Court entered an order scheduling the motion for argument via telephone on March 6, 2014 (Rec. Doc. 64844). On March 3, 2014, Merck filed a reply (Rec. Doc. 64845), and on March 5, 2014, Utah filed a further response (Rec. Doc. 64846). The motion was argued on March 6, 2014, and the Court entered a minute entry of its ruling, ordering the parties to attempt to agree to a stipulation to resolve the matter, and in the event no stipulation was reached by March 20, 2014, Utah was to produce a 30(b)(6) witness.(Rec. Doc. 64851).

On February 25, 2014, the Mississippi's counsel notified the Court that all discovery was completed in the MDL per Pre-Trial Order 39 (Rec. Doc. 18584), Pre-Trial Order 39A (Rec. Doc. 45738), Pre-Trial Order 39B (Rec. Doc. 63895), and Pre-Trial Order 39C (Rec. Doc. 64223). On March 3, 2014, counsel for Alaska and Montana announced they had similarly completed discovery. All three a ruling on the motions to remand filed and heard.

On February 28, 2014, the Court convened a telephone status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky litigation seeking the de-designation of certain documents, many of which were originally produced in this case. The Court made clear that Pretrial Orders 13, 13A, and 13B remain in full force (Rec. Doc. 64848).

### III. THIRD PARTY PAYORS

On January 3, 2014, the Court entered an Order and Reasons allocating the common benefit fund for the TPP cases (Rec. Doc. 64783 ) and posted it on its website.

## IV. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

### A. General Matters Relating to Remaining Personal Injury Cases & Pending Motions

On April 25, 2012, the Court issued its Order and Reasons addressing the PSC's Motion to Amend Pre-Trial Order 19 (Rec. Doc. 63585) and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases (Rec. Doc. 63154). The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. On September 11, 2013, the PSC filed Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses (Rec. Doc. 64588). The Court granted the motion, and entered Pre-Trial Order 51(A). On October 9, 2013, Ms. Oldfather requested updated information from the PSC regarding available common benefit funds, and requested updated information from Merck on withholdings in settled cases. Those requests are pending.

On June 3, 2013, Merck filed a Motion for Reconsideration of the Court's April 9, 2013, Order and Reasons (Rec. Doc. 64435), which denied its motion to exclude certain expert opinions in the VTE cases, and granting plaintiffs' motion (Rec. Doc. 64233) to continue the submission date of Merck's motion for summary judgment with dates to be reset. On July 16, 2013, the VTE plaintiffs filed an opposition memorandum (Rec. Doc. 64483). Merck filed a reply on August 6, 2013 (Rec. Doc. 64528). On August 26, 2013, the VTE plaintiffs filed a sur-reply in opposition (Rec. Doc. 64558); Merck filed a response to the sur-reply on September 6, 2013 (Rec. Doc. 64577). The motion is submitted to the Court for a ruling.

### B. Matters Noticed for Submission

For the reasons given orally, the Court granted Merck's Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims (Rec. Doc. 64832).

### C. Other Motions Involving Remaining Personal Injury Cases

On July 25, 2013, Merck filed a Motion for Summary Judgment in the Dennis Harrison case (Rec. Doc. 64510). Although the motion was originally submitted under seal, it was unsealed at plaintiff's request (Rec. Doc. 64509). The motion was noticed for submission on September 18, 2013. On August 20, 2013, the Court entered an Order scheduling a telephone status conference in the case for August 23, 2013 (Rec. Doc. 64548). Following the telephone status conference, the Court entered an Order extending Mr. Harrison's response time through September 23, 2103 (Rec. Doc. 64556). By Order entered September 9, 2013, the Court denied Mr. Harrison's request for additional time (Rec. Doc. 64585). On September 10, 2103, Mr. Harrison filed a motion to amend complaint (Rec. Doc. 64598). Merck opposed the motion (Rec. Doc. 64599). The parties await a ruling on the motion. Following a further request for extension, the Court entered an Order extending the deadline for responding to Merck's motion for summary judgment until October 4, 2013 (Rec. Doc. 64611). On October 8, 2013, Mr. Harrison submitted a pleading entitled Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment – The Moving Party Must Follow the Federal Rule of Civil Procedure for Summary Judgment, Rule 56, and Merck has Failed to Do So and well as a proposed Order (Rec. Doc. 64641), submitted another opposition to Merck's motion for summary judgment (Rec. Doc. 64640), and submitted a cross-motion for summary judgment (Rec. Doc. 64639). Mr. Harrison subsequently advised that these submissions were not complete. His complete submissions were sent via overnight delivery to the Court on October 22, 2013, and were accompanied by an e-mail advising the Court that his filings were now complete and ready for decision.

Mr. Harrison's supplemental submission was docketed by the Clerk on October 25, 2013 (Rec. Doc. 64666). On November 4, 2013, Merck filed a reply in support of its motion for summary judgment and in opposition to Mr. Harrison's cross-motion (Rec. Doc. 64671). Merck also filed a response to plaintiff's statement of material facts (Rec. Doc. 64672). On November 22, 2013, the Court entered an Order filing into the record Mr. Harrison's Statement That He is Now Able to Gain an Expert Witness and ordering that Merck file a response to plaintiff's request (Rec. Doc. 64705). On November 22, 2013, the Court also entered an Order filing into the record Mr. Harrison's combined sur-reply (Rec. Doc. 64707). The statement (Rec. Doc. 64706) and sur-reply (Rec. Doc. 64708) were entered on November 22, 2013. On December 6, 2013, Merck filed its response to plaintiff's Statement (Rec. Doc. 64727). On January 2, 2014, the Court entered an Order granting Mr. Harrison's request for leave to substitute an exhibit (Rec. Doc. 64776). On January 8, 2014, the Court entered an Order (Rec. Doc. 64789) granting plaintiff's request to file a reply (Rec. Doc. 64788) to Merck's response.

On July 29, 2013, Merck filed a Motion for Summary Judgment in the *Mannino* case (Rec. Doc. 64514). The motion was noticed for submission on September 4, 2013. On October 3, 2013, more than two months after Merck's motion, and more than three months after her deadline to designate experts, Ms. Mannino sent an e-mail to the Court opposing Merck's motion (Rec. Docs. 64629, 64630). On October 7, 2013, Merck filed a reply in support of its motion for summary judgment (Rec. Doc. 63631). The motion is now fully briefed and ready for a ruling.

On October 24, 2013, Merck filed motions for summary judgment in the *Dunn* (Rec. Doc. 64654)*, Jelden* (Rec. Doc. 64656)*, Garner* (Rec. Doc. 64658), *Major* (Rec. Doc. 64660), *Silva* (Rec. Doc. 64662), and *Dumbell* (Rec. Doc. 64664) cases. By Order entered November 19, 2013, the Court set briefing deadlines (Rec. Doc. 64694). On December 6, 2013, Plaintiffs

10

Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda (Rec. Docs. 64730-32). Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013, in which to file her opposition (Rec. Docs. 64743, 64747) and thereupon filed her opposition to Merck's motion (Rec. Doc. 64756 ). On January 3, 2014, Merck filed replies in support of each of its six motions (Rec. Docs. 64778-82). Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies (Rec. Docs. 64806, 64807). On January 30, 2014 and February 4, 2014, Plaintiff Dunn moved for additional time to file a further response (Rec. Docs. 64809, 64816). By order entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 (Rec. Doc. 64819). On February 10, 11, and 12, 2014, additional responses were filed (Rec. Docs. 62826, 64827, 64829) and, on February 20, 2014, a further response (Rec. Doc. 64838). All six motions are now fully briefed and are submitted to the Court for decision.

On November 6, 2013, Plaintiff filed a motion for leave to file a supplemental and amended complaint in the *Robinson* case (Rec. Doc. 64681). On February 19, 2014, the parties filed a Stipulation of Dismissal with Prejudice (Rec. Doc. 64837) and the Court has entered an order dismissing that case.

On December 4, 2013, Merck filed a motion to show cause why the *Posey* case should not be dismissed with prejudice under Rule 25(a)(1). The motion was noticed for submission on January 8, 2014. No opposition was filed and the matter has been submitted and the Court issued an order dismissing that case. (Rec. Doc. 64795).

On December 18, 2013, Defendant Moden-Giroux, Inc. filed a motion for summary judgment in the *Wodowski* case. The motion was noticed for submission on January 8, 2014. No

11

opposition was filed On January 15, 2014, the Court entered an order granting the motion and dismissing the case with prejudice (Rec. Doc. 64797).

On January 17, 2014, Defendant BrownGreer filed a motion for summary judgment in the *Alexander* case (Rec. Doc. 64800). The motion was noticed for submission on February 5, 2014. No opposition was filed and the Court has issued an order granting it.

On February 10, 2014, Defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case (Rec. Docs. 64823, 64825). The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014, to enable the Plaintiff to respond (Rec. Doc. 64850).

On February 18, 2014, Merck filed a Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims (Rec. Doc. 64832). As addressed above, the Court has granted the motion for the reasons provided orally a this monthly status conference.

On February 18, 2014, Merck also filed a Motion to Dismiss Cases in its Entirety in the *Gene Weeks* case (Rec. Doc. 64833). The motion was granted by an order entered March 14, 2014 (Rec. Doc. 64854).

On March 5, 2014, Merck filed a Motion for Extension of Deadlines in the *Levitt* case (Rec. Doc. 64847). The Court granted the motion and modified the deadlines by order entered March 5, 2014 (Rec. Doc. 64849).

V.   **OTHER PENDING MOTIONS AND MATTERS**

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton (Rec. Doc. 63389). That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On

June 6, 2012, the Court entered an Order (Rec. Doc. 63900) adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a Status Conference Memorandum Regarding the Liaison Counsel Objection Heard on September 21, 2011 (Rec. Doc. 64064 ).

### VI. APPEALS

On February 7, 2014, an appeal was docketed with the United States Court of Appeals for the Fifth Circuit in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, 14-30109. On February 25, 2014, Merck filed a Motion to Dismiss Appeal for Lack of Jurisdiction. On March 7, 2014, Ms. Meloy filed an opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction. On March 10, 2014, Merck filed a reply to the Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction. The parties await a ruling.

### VII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on **Friday, June 6, 2014, at 9:00 a.m.**, in the Courtroom of Judge Eldon E. Fallon, Room C-468, United States Courthouse, New Orleans, Louisiana. Any interested persons unable to attend in person may audit via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 060614.