# EXHIBIT 2

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
                            NEW ORLEANS

IN RE:  VIOXX PRODUCTS            :    MDL DOCKET NO. 1657
LIABILITY LITIGATION              :    SECTION "L"
                                  :
                                  :    New Orleans, Louisiana
                                  :    December 13, 2013
: : : : : : : : : : : : : : : :        9:00 a.m.

                         FAIRNESS HEARING
              TAKEN BEFORE THE HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:        Herman, Herman & Katz, L.L.C.
                           BY:  LEONARD A. DAVIS
                           820 O'Keefe Avenue
                           New Orleans, Louisiana  70113

                           Lieff, Cabraser, Heimann, & Bernstein
                           BY:  ELIZABETH J. CABRASER
                           Embarcadero Center West
                           275 Battery Street, Suite 3000
                           San Francisco, CA  94111-3339

                           Dugan Law Firm, LLC
                           BY: JAMES DUGAN
                           One Canal Place, Suite 100
                           365 Canal Street
                           New Orleans, Louisiana 70130

For New Mexico             James P. Lyle, PC
Claimants:                 BY:  JAMES LYLE
                           1116 Second Street, N.W.
                           Albuquerque, New Mexico 87102

For the Governmental       Barrios, Kingsdorf & Casteix, LLP
Action Plaintiffs:         BY:  DAWN M. BARRIOS
                           701 Poydras Street, Suite 3650
                           New Orleans, Louisiana 70139

For Merck:                 Skadden, Arps
                           JOHN H. BEISNER
                           JORDAN SCHWARTZ
                           1440 N.Y. Avenue N.W.
                           Washington, D.C. 20005
```

 1   reach to the most people to meet the Rule 23 best practicable
 2   notice requirements.
 3           We submit, Your Honor, that that requirement, the Rule
 4   23 due process past practical notice requirement was amply met
 5   here.  Our reach was far higher as Dr. Wheatman reports than is
 6   the norm, even in today's multi-media notice campaigns.  We
 7   designed it that way, we are desirous of maximizing and
 8   optimizing interest in the settlement program and claims. And
 9   we note that the Kinsella group, Dr. Wheatman in particular,
10   has been not only qualified as a preeminent notice expert in
11   the country but a notice program like this was recently
12   approved as meeting Rule 23 requirements by Judge Pratter in
13   her decision in October of this year, it was so recent we
14   didn't put it in our papers, granting approval to the
15   nationwide consumer settlement in the <u>Imprelis</u> MDL in the
16   Eastern District of Pennsylvania.
17           With respect to the claims that have come in to date,
18   as Your Honor noted, it is early days.  Our claims period runs
19   through May 5th, 2014, so we have nearly six more months to go.
20   And to date we have not simply the numbers of claims that Your
21   Honor reported, those are completed claims, but approximately
22   18,000 visits to the settlement website and well over 6,000
23   registrations in addition to approximately 10,000 calls.  So
24   there is interest, there is activity that will develop into
25   additional claims and, yes, we are very used to seeing most

1  claims by far come in in the last month or even the last weeks
2  before the deadline.  And we expect that we will see the same
3  thing here.
4          We have had discussions simply about simplifying and
5  refining the internal operations at Brown, Greer to make it
6  easier for folks to navigate the process as settlement
7  administrators gain experience with a particular demographic,
8  particular population claimants. They're often able to do that
9  based on what they learn, and I am sure that will be done here
10 as well.
11         Your Honor, unless there are other questions about the
12 settlement provisions or the notice program, I will turn this
13 over to Mr. Davis.
14         THE COURT:  Just one with the notice program.  As I
15 understand it, both sides are amenable to supplementing the
16 notice to see whether or not a further notice would be of help
17 to the litigants.
18         MS. CABRASER:   Certainly, Your Honor, from the class
19 side we're happy to do whatever makes sense to refine the
20 process both with respect to the Rule 23 notice. And actually
21 at this stage, because we believe the notice itself has met and
22 exceeded the due process standards, what we really are
23 concerned about is not Rule 23 notice but simply claim
24 reminders which reminds me that one of the things that we're
25 doing with respect to reminding people of their opportunity to

 1  cover envelope where that name or that law firm came from, I
 2  called that law firm because it was no phone number on the pro
 3  se filing by Ms. Meloy and I did not know how to get in touch
 4  with Ms. Meloy.  I left a message at that law firm specifically
 5  addressing this individual but I have not heard anything
 6  further from them.  And I requested that they call me.  The
 7  third --
 8          THE COURT:  Ms. Meloy was interested, or she objected
 9  because of the attorney's fees.  I want to mention to her that
10  I have not set any attorney's fees yet in this case.  So I am
11  aware of her concern.
12          The Court also is always concerned with that because
13  the attorney's fees in many of these matters come out of the
14  amount of settlement, so I am concerned about that.  But I have
15  not set it yet.  And I will do so after all the claims are in
16  so that I can take a look at what the situation is.  So that
17  objection is simply calling the Court's attention to something.
18  I appreciate her doing that, but there is no objection there.
19          MR. DAVIS:  The third comment was from New Mexico's
20  counsel who is here today and we have had an opportunity to
21  speak several times both face-to-face and on the phone and I
22  believe those issues have been addressed.
23          Finally, Your Honor, I do need to comment in that
24  there is a question as to whether or not any of these or all of
25  them were valid objections, and I am not so sure that they are,

 1    what federal district courts have historically been presented
 2    with respect to what's going on with the settlement.  The class
 3    counsel in this case have taken a different approach and an
 4    approach of complete transparency with the Court about what is
 5    going on with the claims process.  And I was trying to think
 6    last night if that's been done before but, you know, my hat is
 7    off to class counsel for approaching it in that way.  But I
 8    don't think there should be any concern on the Court's part
 9    that the way the claims process is working here is radically
10    different from what we have seen in other consumer class
11    settlements.  The response rates to these aren't necessarily at
12    the levels that one would expect, but I think the thought is
13    that you make people aware through the notice process that this
14    opportunity is there for recovery if they want it.
15            As Your Honor has noted, this is a case in which I
16    think you have a class of people who have a variety of views
17    about the product.  Some are very happy and, therefore,
18    probably don't feel like they should claim anything.  But, you
19    know, the opportunity to claim it, if they wish, is there.
20            But I just wanted to note that class counsel, who I
21    have taken my hat off to on other occasions, but I would again
22    and have been operating on a completely transparent basis with
23    the Court on this one.
24            THE COURT:  Right.  In that connection, I have been
25    receiving from the claims administrator, as well as counsel, a