UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION TO STAY
EXPERT DISCOVERY PENDING RESOLUTION OF A MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Merck Sharp & Dohme Corp. ("Merck") moves for a stay of all remaining expert discovery pending the Court's ruling on its Motion for Summary Judgment, which is based on Plaintiff Jo Levitt's withdrawal of the only properly designated expert disclosed to testify that Vioxx caused her to have a heart attack (formally known as a "myocardial infarction" or "MI").  The reasons for the requested relief are stated below.

1. Ms. Levitt initiated this lawsuit on September 29, 2006, alleging that Vioxx caused her to experience two "heart attacks," or MI's.  Compl. ¶ 36 (attached as Ex. A); *see also* Plaintiff Profile Form ¶ I.C.1.a, at 2 (attached as Ex. B) (identifying alleged injury as "heart attacks").

2. As explained in Merck's contemporaneously filed Motion for Summary Judgment, applicable Missouri law requires the plaintiff to prove medical causation with expert evidence.

3. The only qualified expert Ms. Levitt designated who offered an opinion that Vioxx caused Ms. Levitt to have a heart attack was Dr. Jay Schapira, a cardiologist.  However,

1154924v1

Ms. Levitt withdrew Dr. Schapira on March 20, 2014, without explanation. E-mail from S. Hall to J. Williams (Mar. 20, 2014) (attached as Ex. C). Although Ms. Levitt provided several other expert reports for her case, none of those reports presents an opinion that Vioxx caused Ms. Levitt to experience a heart attack.[1]

4.     Ms. Levitt has the sole burden of proof as to specific causation, and that issue can only be established through competent expert medical testimony. As explained in the Motion for Summary Judgment, without an expert who will testify that Vioxx caused her to experience an MI, Ms. Levitt's claims cannot survive summary judgment.

5.     At this point, all fact discovery is closed. Expert discovery is currently slated to conclude on April 30, 2014. Rec. Doc. 64849. Ms. Levitt has designated four other experts, only one of whom has been deposed. Merck has designated one expert who also has not been deposed. Obviously preparing for and taking and defending the depositions of these additional experts will generate a substantial expense in terms of expert fees and travel costs, as well as expenditures of substantial attorney time and other resources. All of these expenditures would be entirely unnecessary if Merck's motion is granted.

6.     "It is within the district court's discretion to stay discovery pending resolution of dispositive motions." *Brown v. DFS Servs., LLC*, 434 F. App'x 347, 352 (5th Cir. 2011) (affirming district court's decision to stay discovery pending resolution of Rule 12(b)(6) motion to dismiss). A "plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery

---

[1]   Notably, none of Ms. Levitt's contemporaneous medical records contain an opinion from any of her treating physicians that she experienced a heart attack. Although Ms. Levitt did have cardiovascular disease, which ultimately required an angioplasty and stents, and then subsequently a CABG, all of her subsequent medical records note that an MI had been "ruled out" and that there was no evidence of any ischemia.

is not likely to produce the facts needed . . . to withstand a . . . motion for summary judgment." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (affirming decision to stay discovery pending resolution of motion for summary judgment). Furthermore, "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Id.*

7. Here, continuing expert discovery after Ms. Levitt has withdrawn the only expert offering an opinion that Vioxx caused her to have an MI would result only in "cost and inconvenience" to the parties and their experts. *See Landry*, 901 F.2d at 436. The absence of expert medical causation evidence of the only injury Ms. Levitt has alleged clearly entitles Merck to summary judgment, and no deposition of any expert will change the relevant facts. Specifically, because no expert contends that Ms. Levitt experienced an MI because of Vioxx, as required for Ms. Levitt to prove specific causation, Merck has no obligation to produce its own expert(s) on that issue. And, because all of Ms. Levitt's damages flow from the alleged MI, there is no reason for the parties or the other experts to be taxed and inconvenienced by depositions that are unrelated to this dispositive issue.[2]

Accordingly, Merck respectfully requests that the Court stay all remaining expert discovery pending resolution of the Motion for Summary Judgment.

---

[2] In addition to the two experts who address damages issues (an economist and a vocational rehabilitation specialist), Ms. Levitt has designated two general causation experts—David Madigan, Ph.D., a statistician whose report is virtually identical to his prior reports in Vioxx matters and solely addresses general causation; and Dr. David Egilman, an internist with training in preventive occupational medicine and epidemiology. Dr. Egilman's 50-page report (plus additional appendices) largely tracks the other reports he has previously submitted in Vioxx matters and contains opinions on Merck's studies, company conduct, and the label. It also contains approximately seven pages related specifically to the Levitt case—six pages that summarize her medical history or assumed hypotheticals regarding her medical history and one page that contains two opinions, both of which assert that Vioxx contributed to her preexisting heart disease. There are no opinions regarding her alleged heart attacks.

Dated:  March 28, 2014

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
　　Phillip A. Wittmann, 13625
　　Dorothy H. Wimberly, 18509
　　STONE PIGMAN WALTHER
　　WITTMANN L.L.C.
　　546 Carondelet Street
　　New Orleans, Louisiana 70130
　　Phone: 504-581-3200
　　Fax:    504-581-3361

Defendants' Liaison Counsel

　—and—

　　Douglas R. Marvin
　　M. Elaine Horn
　　Jonathan L. Williams
　　WILLIAMS & CONNOLLY LLP
　　725 Twelfth Street, N.W.
　　Washington, D.C. 20005
　　Phone: 202-434-5000
　　Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Stay Expert Discovery Pending Resolution of a Motion for Summary Judgment and Incorporated Memorandum of Law has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of March, 2014.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1154924v1