COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  CIVIL ACTION
                                                  NO. 04-4304

LINDA ISNER, Executrix of           )
ESTATE OF JEFFREY ISNER, M.D.       )
     Plaintiff                      )
                                    )
v.                                  )
                                    )
MERCK & CO., INC. and KIMBERLY      )
HENDRICKS,                          )
     Defendants                     )



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE ... OCT 29 2004

05-11984 DPW

## COMPLAINT AND JURY CLAIM

### THE PARTIES

1.  The Plaintiff, Linda Isner, is the duly appointed Executrix of the Estate of Jeffrey Isner, and resides in Weston, Middlesex County, Massachusetts.

2.  The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Commonwealth of Massachusetts.

3.  The Defendant, Kimberly Hendricks, is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

### FACTS

4.  The Plaintiffs' causes of action against the Defendant Merck, arise from Merck's: (a) transacting business in the Commonwealth of Massachusetts; (b) contracting to supply and/or sell goods in the Commonwealth of Massachusetts; (c) doing or causing a tortious act to be done

within the Commonwealth of Massachusetts; and/or (d) causing the consequence of a tortious act to occur within the Commonwealth of Massachusetts.

5. The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), prior to October 31, 2001.

6. The Defendant, Kimberly Hendricks, (hereinafter "Hendricks") carelessly and negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001.

7. Vioxx is, and has been, since its introduction to the market in 1997, unsafe, unreasonably dangerous and defective.

8. The Defendant, Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians, and to the general public, that Vioxx was safe and did not pose any cardiovascular risks, when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

9. The Defendant Hendricks, as an employee, agent, servant, and/or marketing representative of Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians and other members of the public, that Vioxx was safe, and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, and did pose cardiovascular risks.

10. Prior to September 17, 2001, the Defendants marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

11. On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

12. The Defendant, Merck, ignored and/or failed to comply with the requirements of the FDA warning letter of September 17, 2001, and did not begin to provide any warnings or advice concerning the cardiovascular risks of Vioxx until 2002.

13. Prior to October 31, 2001, and by at least August, 2001 the Defendants were aware that Vioxx was linked to an increase in the risk of blood clots, heart attacks and strokes. Despite this knowledge by the Defendants, continued to manufacture, promote, market, advertise, distribute and sell Vioxx without providing adequate warnings as to the risks associated with using the drug.

14. Plaintiff's decedent, Jeffrey Isner, on a regular/daily basis, took Vioxx that was provided to him by Merck, through its representative Kimberly Hendricks, for approximately two years prior to his death on October 31, 2001.

15. During this time period, the defendants knew, or should have known, of the unreasonably dangerous and defective nature of Vioxx but continued to manufacture, market, advertise, distribute, promote and sell Vioxx a failed to provide appropriate warnings as to the risks of Vioxx.

16. On September 30, 2004 Merck withdrew Vioxx from the market thereby acknowledging the unreasonably dangerous and a defective nature of Vioxx.

17. During the year 2003, Vioxx sales resulted in more than $2.5 billion dollars in gross revenues to Merck.

18. At all times pertinent hereto, Vioxx was produced, manufactured, fabricated, supplied and/or sold by the Defendants and reached the Plaintiff's decedent without any substantial change in the condition of the product from the time that it was produced.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE/WRONGFUL DEATH AGAINST MERCK

19. Plaintiff realleges the allegations of Paragraphs 1 through 18 of the Complaint, and incorporates then by reference herein.

20. Merck had a legal duty to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising, and sale of Vioxx.

21. The Defendant, Merck, failed to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising and sale of Vioxx and was thereby negligent.

22. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Merck.

23. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Merck, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Merck, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT II
## NEGLIGENCE/WRONGFUL DEATH AGAINST KIMBERLY HENDRICKS

24. Plaintiff realleges the allegations of Paragraphs 1 through 23 of the Complaint, and incorporates them by reference herein.

25. Kimberly Hendricks had a legal duty to exercise reasonable care in the marketing, promotion and distribution of Vioxx.

26. The Defendant, Kimberly Hendricks, failed to exercise reasonable care in the marketing, promotion and distribution of Vioxx, and was thereby negligent.

4

27. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Hendrick.

28. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Kimberly Hendricks, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

### COUNT III
### BREACH OF WARRANTY-STRICT LIABILITY/WRONGFUL DEATH AGAINST THE DEFENDANTS, MERCK AND KIMBERLY HENDRICKS

29. Plaintiff realleges the allegations of Paragraphs 1 through 28 of the Complaint, and incorporates then by reference herein.

30. The Defendants expressly and impliedly warranted that the drug Vioxx was safe and appropriate for use by Jeffrey Isner.

31. The Defendants breached their express and implied warranties of merchantability and of fitness for a particular use by virtue of the fact that Vioxx was unsafe, unreasonably dangerous and defective, and because it was provided to Jeffrey Isner without appropriate warnings as to the risks of using the drug.

32. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the breaches of warranties by the Defendants.

33.  As a direct and proximate result of the breaches of warranties by the Defendants, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT III
## WILLFUL, WANTON, RECKLESS CONDUCT AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS MERCK AND KIMBERLY HENDRICKS

34.  Plaintiff realleges the allegations of Paragraphs 1 through 33 of the Complaint, and incorporates then by reference herein.

35.  The above described conduct of the defendants constitutes willful, wanton, reckless conduct and gross negligence

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of appropriate punitive damages, to be determined by the jury, plus interest and costs of this action.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CAUSES OF ACTION PRESENTED IN THIS COMPLAINT

Joseph L. Doherty, Jr., BBO# 127280
Eileen Quill Riley, BBO# 567745
Joseph Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
(617) 217-2837