UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE |
| **Taylor v. Merck, 2:05-cv-00613-EEF-DEK** | * | KNOWLES |
| | * | |
| | * | |

*************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S
### MOTION FOR SECOND SUPPLEMENTAL ORDER OF DISMISSAL

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss all remaining claims in the case listed above with prejudice. In support of this Motion Merck states:

1)      On May 5, 2009, this Court entered an Order dismissing medical monitoring and personal injury class action claims of all plaintiffs in certain actions, including the class action claims of the plaintiffs in the above-referenced *Taylor* action (Rec. Doc. No. 18783). The *Taylor* action, however, remains open on the Court's docket, perhaps because there may have been some ambiguity as to whether the named plaintiffs, in addition to asserting class claims, may also have been asserting individual personal injury claims. If, indeed, the *Taylor* Complaint could be construed as having asserted both class and individual claims when filed in 2005, the fact is that no individual claims were pursued and *any s*uch potential claims were abandoned. *At t*he time that this Court issued its May 5, 2009 Order dismissing the class *actio*n claims, the plaintiffs in *Taylor* had not taken any steps to pursue any claims beyond class claims. Nor have

1155413v1

they done so since the issuance of the May 5, 2009 Order.  In the more than nine years since their case was first filed in February 2005, the six plaintiffs in the *Taylor* [1] case did not, among other things,  (a) register any individual personal injury claims as required by this Court's Pre-Trial Order ("PTO") 31,  (b) serve a Plaintiff Profile Form, medical records, or authorizations for the collection of medical records pursuant to *PTOs 1*8A or 28, or (c) serve notices of preservation of medical records or a Lone Pine Expert report pursuant to PTO 28.

2)      Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claims of these plaintiffs.  It is clearly within the Court's inherent authority to dismiss the claims of these plaintiffs with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding.  *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by statute or rule but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") *see also Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

3)      These plaintiffs have made no attempt to prosecute any claims since their class action claims were dismissed.  This court has recognized that plaintiffs who fail to participate in their litigation should be dismissed.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiff's personal injury case because "plaintiffs'

---

[1] The named plaintiffs in this action are Aaron Lumar, Albert Noel, Jr., Quince Perrilloux, Irma St. Pierre, Jude St. Pierre and Zenobia Taylor.

counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims");

4)   Accordingly, Merck requests that the Court enter a supplemental order of dismissal that directs the clerk's office to dismiss any and all remaining claims in the *Zenobia Taylor* action for lack of prosecution, and close this case on the Court's docket.  A proposed order is attached.

## CONCLUSION

For the reasons stated above, Merck respectfully requests that the Court grant Defendant's Motion and enter the requested order.

Dated:  April 2, 2014                                   Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
*Defendants' Liaison Counsel*

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029
*Attorneys for Merck Sharp & Dohme Corp.*

3

1155413v1

**CERTIFICATE OF SERVICE**

  I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of April, 2014.

                _____
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Phone:  504-581-3200
                Fax:     504-581-3361
                dwimberly@stonepigman.com

                Defendants' Liaison Counsel

1155413v1