UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Cases and Plaintiffs Listed on Exhibits A, B and C attached hereto* | * | |

****************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss with prejudice the claims of each of the plaintiffs and derivative plaintiffs listed on Exhibits A, B and C to this motion as against all defendants. Based on years of inactivity and the failure to comply with applicable court orders, these plaintiffs are subject to dismissal for failure to prosecute. In support of this Motion Merck states:

1)   The claims of the plaintiffs on the Exhibits to this motion are reflected as open on the Court's docket. These claims, however, have been wholly dormant for many years, with plaintiffs having failed to take action to comply with applicable orders of this Court, or to otherwise prosecute their claims.

2)   At the time the Vioxx Resolution Program was announced, by Pretrial Order ("PTO 31") entered on November 9, 2007, the Court required "[a]ll Counsel of Record with claims pending in this proceeding" to "register (or ensure that other attorneys register) all claims in which they have an interest . . .that are pending in any court or tribunal in the United States." PTO 31, para. 1(c). The express terms of PTO 31 also required "[p]ersons who represent

1155456v1

themselves *pro se* in this litigation" to "complete the Pro Se Registartion Affidavit . . . and [to] serve Defendant Merck, PEC, and the Claims Administrator by no later than Januray 15, 2008." Id., at para 4.

3)    This Court has previously entered several orders dismissing the claims of numerous other plaintiffs for failure to register under PTO 31. *See, e.g.* R.24270 (Order dated September 25, 2009 and R.36335, Order dated March 4, 2010).

4)    With respect to the plaintiffs on Exhibit A, no action has been taken to prosecute the claims of those plaintiffs since at least 2006. These plaintiffs, therefore, have been inactive since at least a year prior to this Court's entry of PTO 31, including failure to register pursuant to that Order. It appears, however, that they were not previously included on a PTO 31 dismissal motion. In addition, since the time compliance with PTO 31 was called for, plaintiffs have also failed to comply with other applicable orders of the Court, including the obligations under PTO 28 to file a Statement of Preservation Notices served on medical care providers and pharmacies for preservation of records, to file an affidavit attesting that all pharmacy and medical records called for by the Order had been produced, and to serve a Lone Pine Expert report.[1]

5)    With respect to the plaintiffs listed on Exhibit B, the claims of those plaintiffs have been dormant since at least early 2008. The Plaintiffs listed on Exhibit B also did not register pursuant to PTO 31, and do not appear to have been included on a previous PTO 31 dismissal motion. In addition, the plaintiffs listed on Exhibit B have not otherwise complied with the orders of this Court, including the obligations under PTO 28 to file a Statement of

---

[1]    In addition, plaintiffs Rick Booker and Lorena Singleton also filed duplicative claims in another action, which were dismissed without prejudice after the claims listed on Exhibit A were filed. Plaintiff Booker had duplicative claims filed and dismissed in California state court. *See* Exhibit D. Plaintiff Singleton had filed duplicative claims in another case pending in this MDL that were also dismissed. (R. 3789, entered March 22, 2006).

Preservation Notices served on medical care providers and pharmacies for preservation of records, to file an affidavit attesting that all pharmacy and medical records called for by the Order had been produced, and to serve a Lone Pine Expert report.

6) The plaintiffs on Exhibit C were registered pursuant to PTO 31 in late 2007. However, plaintiffs have not taken any action since that time to prosecute their claims, including failure to comply with any of the requirement of PTO 28.

7) Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claims of these plaintiffs. It is clearly within the Court's inherent authority to dismiss the claims of these plaintiffs with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding. *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by statute or rule but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") *see also Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same). This court has recognized that plaintiffs' failure to participate in their case warrants dismissal. *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000)(personal injury case dismissed because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims")(Fallon, J.).

8) Accordingly, Merck requests that the Court enter an order dismissing with prejudice all claims of the plaintiffs on Exhibits A, B and C as to all defendants. A proposed order is attached.

**CONCLUSION**

For the reasons stated above, Merck respectfully requests that the Court grant Defendant's Motion and enter the requested order.

Dated:  April 2, 2014

                                        Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    *Attorneys for Merck Sharp & Dohme Corp.*

**CERTIFICATE OF SERVICE**

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of April, 2014.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1155456v1