# EXHIBIT 3

```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA



IN RE:  VIOXX                    *        MDL No. 1657
PRODUCTS LIABILITY LITIGATION    *
                                 *        Section L
                                 *
                                 *        February 28, 2014
* * * * * * * * * * * * * * * *



               STATUS CONFERENCE BEFORE
             THE HONORABLE ELDON E. FALLON
              UNITED STATES DISTRICT JUDGE



Appearances:                    Dawn Barrios, Esq.
                                Leonard Davis, Esq.
                                John Beisner, Esq
                                David Egilman, M.D.
                                William Garmer, Esq.
                                Ben Barnett, Esq.
                                Liz Natter, Esq.
                                Sean Deskins, Esq.
                                Michael Hasken, Esq.
                                Doug Marvin, Esq.


Official Court Reporter:        Toni Doyle Tusa, CCR, FCRR
                                500 Poydras Street, Room HB-406
                                New Orleans, Louisiana 70130
                                (504) 589-7778
                                Toni_Tusa@laed.uscourts.gov




Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

```
02:11   1  or have some other privilege that should be kept from public
02:11   2  view.  I have to look at them.
02:11   3          MR. BARNETT:  Your Honor, it's Ben Barnett again,
02:11   4  just briefly.
02:11   5              We have made clear to many if not most of the
02:11   6  individuals on the phone that we have no objection to resolving
02:11   7  issues related to the MDL documents produced in the MDL subject
02:11   8  to the MDL protective order in the MDL.  What we don't think
02:11   9  would be appropriate is to have documents that weren't actually
02:11  10  produced in another matter de-designated under that matter's
02:11  11  protective order.  We think that you, as the judge who entered
02:12  12  the protective order and retained authority, really has the
02:12  13  final say regarding de-designation.
02:12  14          THE COURT:  I don't disagree with that.  I am
02:12  15  interested in giving everybody an opportunity to tell me why
02:12  16  the documents should be kept under designation.
02:12  17              And, of course, you having the documents, or at
02:12  18  least the party with the greatest interest in keeping them
02:12  19  under the protective order, you have the burden of showing why
02:12  20  they should be kept.  If there's no reason that they should be
02:12  21  kept, then they shouldn't be kept under the protective order.
02:12  22          DR. EGILMAN:  Your Honor, this is Dr. Egilman.
02:12  23              I'm not so clear exactly what you just said,
02:12  24  maybe because I'm not a lawyer.  Does that mean you're
02:12  25  instructing the judge, Judge Shepherd, to not rule on any MDL
```

| | | |
|---|---|---|
| 02:13 | 1 | documents that were used in the Kentucky case? |
| 02:13 | 2 | **THE COURT:** I think that the judge ought to be ruling |
| 02:13 | 3 | on the documents that the judge has used in his litigation. |
| 02:13 | 4 | I'm not, as a federal court, going to instruct a state court |
| 02:13 | 5 | judge not to act on material that he had, but I don't think |
| 02:13 | 6 | that his ruling on them is necessarily the only ruling that's |
| 02:13 | 7 | necessary. If those documents are also under the MDL |
| 02:13 | 8 | protective order, then I'm going to have to weigh in on that. |
| 02:13 | 9 | Now, I'm going to certainly take into |
| 02:13 | 10 | consideration the fact that a state court colleague felt that |
| 02:13 | 11 | it ought to be released. Under Rule 23 that is very persuasive |
| 02:14 | 12 | to me, that he felt it should be released, but I don't think |
| 02:14 | 13 | that he would wish to try to release documents in the MDL |
| 02:14 | 14 | proceeding, documents that were not even involved in the |
| 02:14 | 15 | Kentucky litigation. I don't think he would feel comfortable |
| 02:14 | 16 | doing that. I would urge him to not deal with documents that |
| 02:14 | 17 | were not introduced in his litigation. |
| 02:14 | 18 | Let me go back to the log because I think that |
| 02:14 | 19 | it is necessary to have some logs of these documents. We can't |
| 02:14 | 20 | just dump them. We ought to have a log of those documents. At |
| 02:15 | 21 | least if it comes to me in a motion, I will need a log showing |
| 02:15 | 22 | which documents should continue, according to the moving party, |
| 02:15 | 23 | under protective order and what they are and why they should |
| 02:15 | 24 | remain under the protective order. |
| 02:15 | 25 | It's not as if at this point we don't know what |

02:15  1  the documents are.  So it's not like a privilege where you say
02:15  2  very little about the document and the other person responding
02:15  3  knows very little about the document.  Here, everybody knows
02:15  4  what the documents are, and the only issue is whether or not
02:15  5  they should be released to the public.
02:15  6               So just in summary, the documents that my
02:15  7  protective order are covering are still under the protective
02:15  8  order.  If anyone wishes that the documents under the
02:16  9  protective order be removed from the protective order, then a
02:16  10 motion should be made.
02:16  11              Doctor, from your standpoint, I don't have any
02:16  12 problem if an attorney on your behalf moves, but there is an
02:16  13 issue as to whether or not you have standing, and I'll have to
02:16  14 deal with that issue.  What I'm hearing is that whether or not
02:16  15 you have standing, Ms. Oldfather's position may have standing.
02:16  16 So if she's on the same motion that you are on, then I guess to
02:16  17 some extent your standing is mooted.
02:16  18              **DR. EGILMAN:**  Right.  That's the difference between
02:16  19 your order and the state's order.  The judge specifically wrote
02:16  20 in third-party standing in the state order.  He is going to
02:16  21 determine whether that will apply to me on Wednesday.  That's a
02:16  22 huge difference.  I'm the only one who has asked for
02:17  23 de-designation, as far as I know, in this litigation in
02:17  24 general.
02:17  25              **THE COURT:**  All right.  I have a transcript of this