# EXHIBIT 4

---

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 09-CI-1671

COMMONWEALTH OF KENTUCKY, EX REL.
JACK CONWAY, ATTORNEY GENERAL         PLAINTIFF

vs.

MERCK & CO., INC, n/k/a
MERCK SHARP & DOHME CORP.             DEFENDANT

HEARING HELD MARCH 5, 2014
BEFORE THE HONORABLE PHILLIP J. SHEPHERD

COUNSEL FOR PLAINTIFF:
Elizabeth U. Natter
William R. Garmer
LeeAnne E. Applegate

COUNSEL FOR DEFENDANT:
Ben Barnett
Susan J. Pope

THE OLDFATHER LAW FIRM:
Michael R. Hasken

PRESENT BY SPEAKERPHONE:
Dr. David Egilman

ACTION COURT REPORTERS
116 Mechanic Street
Lexington, Kentucky 40507
859.252.4004

---

**Page 2**

1  THE COURT: ...on Wednesday, March the
2  5th for a hearing on some post-judgment matters in the
3  case of Commonwealth of Kentucky vs. Merck, which is
4  No. 09-CI-1671.
5     And this hearing is prompted by a request from
6  Dr. Egilman, who is an -- served as an expert witness
7  in the case, for the de-designation of a number of
8  documents that have been designated as confidential
9  during the discovery in this case, and there has been
10 quite a bit of exchange of correspondence with regard
11 to that.
12    And then, finally, we had a preliminary
13 hearing on it a couple of weeks ago and -- or a week or
14 so ago, and now we're going to have a hearing just to
15 hear out all parties on that request to de-designate
16 these documents.
17    And we've got a motion in support of
18 Dr. Egilman's request that has been filed by the Ann
19 Oldfather Law Firm, and I think -- and the -- Merck, as
20 defendants, are contesting the standing of both
21 Dr. Egilman and the Oldfather Law Firm to seek
22 de-designation of these documents under the protective
23 order that was entered by the Court.
24    So with that background, why don't we -- let's
25 do this for the record before -- we will call

---

**Page 3**

1  Dr. Egilman here in just a minute. We had told him
2  that he could appear by telephone.
3     And let's go ahead, though, before we do that
4  and get the entry of appearances for all parties who
5  are represented here today; so...
6     MR. HASKEN: Good afternoon, Your Honor.
7  My name's Michael Hasken. I'm here on behalf of Ann
8  Oldfather and the Oldfather Law Firm.
9     THE COURT: Okay. And we've got
10 representatives of the Commonwealth, who I understand
11 are -- you all are not taking a position; is that
12 right? We have Ms. Natter and Mr. Garmer and
13 Ms. Applegate.
14    MS. NATTER: Your Honor, we are here to
15 assist the Court. As Your Honor knows, in our letter
16 we said it was our impression that Dr. Egilman was a
17 proper party for the purpose of standing, although
18 we're not taking a position as to the redesignation of
19 documents.
20    THE COURT: Correct. Okay. All right.
21 So, again, we do have representatives of the attorney
22 general's office who are the -- representing the
23 Commonwealth in the matter. And then we've also got
24 counsel for Merck; so...
25    MR. BARNETT: Good afternoon, Your Honor.

---

**Page 4**

1  Ben Barnett on behalf of Merck, and I'm joined by my
2  colleague, Susan Pope, on behalf of Merck as well.
3     THE COURT: Okay. Okay. Well, why don't
4  we go ahead and let's see if we can get Dr. Egilman.
5     Let me ask, before we do that, are there any
6  preliminary matters we ought to address before we get
7  Dr. Egilman on the phone?
8     MR. HASKEN: Your Honor, I just want to
9  state that I'm here on behalf of Ms. Oldfather because
10 she is currently in trial. I do want to let you know
11 that I'm still making myself comfortable with the Vioxx
12 litigation. I kind of got thrown in here. I'm here
13 kind of pinch-hitting.
14    THE COURT: Okay.
15    MR. HASKEN: So I just wanted to let you
16 know that beforehand, that I'm here to help
17 Ms. Oldfather the best I can.
18    THE COURT: Okay. And I guess -- and
19 it's your -- Mr. Deskins was another associate of
20 Ms. Oldfather who filed the pleading, so you're --
21 you're really...
22    MR. HASKEN: I'm down the totem pole.
23    THE COURT: You're being thrown -- you've
24 been thrown in at the -- into the mix here maybe, as
25 often happens in a small law office, as being the

**Page 37**

1 tour of duty in the MDL, I guess.
2     MS. NATTER: It's also true that Judge
3 Fallon, although -- Judge Fallon's order required two
4 things. It required Merck to keep a log of
5 de-designated documents, and I've mentioned this
6 before, but we have not been able to get it.
7     It originally did require -- paragraph 23 of
8 that order requires -- required that documents that had
9 been de-designated in other courts would be considered
10 de-designated in the MDL.
11     Judge Fallon, last week, did say -- that's
12 what his order said -- that Judge Fallon, last week,
13 though, did say that he -- while he would grant
14 deference to this Court's determination on any of those
15 documents, that he ultimately would rule on this.
16     THE COURT: Right. He would make an
17 independent determination of -- which I think is
18 entirely correct, so -- you know, and I certainly don't
19 want to -- I don't want to become the forum in which
20 every dispute over confidentiality of documents that
21 have been produced in the multidistrict litigation is
22 in -- is in dispute, but, by the same token, you know,
23 I do think that, you know, to the extent that there are
24 documents that were designated as confidential in other
25 cases that were brought into this litigation by virtue

**Page 38**

1 of the expert testimony of Dr. Egilman and formed the
2 bases of his opinions that were testified to under oath
3 in this case, that there is some, you know, again,
4 legitimate interest in -- in having some means of
5 public access or public discussion or public scrutiny
6 of that testimony.
7     So, you know -- and that's not to say that
8 there's not -- that many of those documents may be --
9 you know, may be the subject of a very legitimate claim
10 of confidentiality and may well be entitled to
11 continuing protection, you know, if there is a
12 specific, you know, basis that would qualify as good
13 cause under Rule 26, you know.
14     But, again, I don't -- this is the difficulty
15 we get into with these -- you know, these kinds of
16 confidentiality orders in which -- you know, in order
17 to -- in order to efficiently proceed with the
18 litigation and not spend years in dispute over fights
19 about confidentiality, we agree to essentially a
20 provisional but binding court order giving confidential
21 treatment to large volumes of documents, but the
22 requirement of Rule 26 is still in effect that there's
23 got to be good cause to support it.
24     And, you know, we try to defer those fights
25 and, you know, sometimes even post-judgment in the

**Page 39**

1 situation that we're in now, it still becomes an issue.
2     So, you know, that's -- I'm not sure what the
3 most efficient way to resolve that dispute is, but I do
4 think there's a legitimate public interest in examining
5 those issues.
6     And I do think that Merck has a duty -- and,
7 again, just pursuant to the order under which they
8 obtained confidential designation, I do think that
9 Merck's got a duty to demonstrate good cause.
10     That may be a very burdensome undertaking for
11 Merck at this point, but I'm not sure there's any
12 way -- I'm not sure that there's any way to avoid that,
13 although I do think that, you know, the order that was
14 entered does contemplate a period of time in which the
15 party requesting disclosure or de-designation and the
16 party that has claimed the confidential treatment
17 are -- I think the order contemplates that there would
18 be an effort to try to resolve those requests without
19 the intervention of the Court, and if they can't be
20 resolved without the intervention of the Court, then,
21 you know, I think there would have to be a -- you know,
22 a further hearing and the burden would be on Merck to
23 demonstrate good cause.
24     So, you know, it does seem to me like at this
25 point I'm certainly not prepared to say what documents

**Page 40**

1 can be -- are required to be disclosed and which ones
2 are required to be kept confidential at this point
3 except maybe with regard to the ones we discussed here
4 today on the autopsy.
5     But I do think that -- I do think Dr. Egilman
6 has got standing to make the request for
7 de-designation. And that being said, I think that we
8 need to provide a process for Merck to attempt to meet
9 and confer with Dr. Egilman to try to resolve the
10 request that he makes.
11     And, Dr. Egilman, I would say that, you know,
12 I don't know the volume of documents you're talking
13 about. We have got two kind of very different
14 perspectives about how extensive that is, but I think
15 that -- I'm going to give you the opportunity to make
16 another -- for you and Merck to try to resolve some of
17 these things, and I think to the extent that you can
18 maybe break those requests down into manageable parts,
19 it might -- it might be helpful in the attempt to try
20 to get a resolution of these things.
21     DR. EGILMAN: I don't think that's going
22 to be too much of a problem.
23     THE COURT: Okay. Well, that's what I'm
24 inclined to do. I think -- I think, you know, to the
25 extent that the documents that have been requested to