# EXHIBIT 6

# Andrew Goldman

| | |
|---|---|
| **From:** | David Egilman <degilman@egilman.com> |
| **Sent:** | Thursday, March 20, 2014 7:44 AM |
| **To:** | Andrew Goldman |
| **Cc:** | 'ehw@erichweinberg.com'; 'Kenneth@sjatty.com'; 'degilman@egilman.com'; 'bvines@hwnn.com' |
| **Subject:** | Deposition designations |

March 20, 2014

Dear Mr. Goldman:

In my experience in Vioxx litigation Merck has complied with PTO 13 paragraph 8. I am required to follow the procedures in PTO 13 paragraph 8 which states unambiguously:

"Information disclosed at a deposition taken in connection with this Action may be designated as Confidential Information by:

(a) stating on the record during the taking of the deposition that the

deposition, or some part of it, may constitute Confidential Information; **and**

(b) designating the portions of the transcript in a letter to be served on the
court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's
receipt of the transcript of a deposition. [Emphasis added]"

Merck has failed to comply with the PTO as no letter was sent pursuant to subpart (b) above. Therefore, none of my deposition testimony is confidential and no exhibits are confidential. If you think otherwise, I suggest that you seek guidance from the Court.


David Egilman MD MPH
Professor Dept of Family Medicine Brown University
President **GHETS.ORG**
8 N Main Street
Attleboro, Ma 02703
508-472-2809 cell
508-226-5091 office
425-699-7033 fax
508-216-0667 Skype
Degilman     Skype
Degilman@egilman.com

---

**From:** Andrew Goldman [mailto:AGoldman@goldmanismail.com]
**Sent:** Tuesday, March 18, 2014 7:38 AM
**To:** David Egilman
**Cc:** Eric H. Weinberg; Kenneth Lougee; bvines@hwnn.com
**Subject:** RE: Hi there

1

Dr. Egilman, as counsel for plaintiffs in the Vioxx MDL litigation know, typically the parties have not gone back to designate particular lines and pages of deposition as confidential particularly where, as in your case, the examiner designated at the outset the entire deposition as confidential under the MDL Protective Order.  At your MDL Attorney General deposition, at the very end of your deposition and without asking any questions, Utah AG's outside counsel (Eric Weinberg) simply dumped a hodgepodge of exhibits consisting of all of the multi-color folders and documents contained therein that you brought with you to the deposition.  I did not have the time then nor have I taken the time since your deposition to review each of those exhibits to determine if all of the documents marked by Mr. Weinberg contained confidential documents produced by Merck or whether they also contained documents not produced by Merck but that were prepared by you or others on your behalf using in part the contents of Merck's confidential documents.  Thus, even these non-Merck documents may contain confidential Merck information.  In terms of your deposition testimony, all of that is confidential under the Protective Order to the extent it disclosed or is based in any way on the content of Merck's confidential documents.

Thanks,

Andy

---

**From:** David Egilman [mailto:degilman@egilman.com]
**Sent:** Monday, March 17, 2014 3:02 PM
**To:** Andrew Goldman
**Cc:** Eric H. Weinberg; Kenneth Lougee; bvines@hwnn.com; David Egilman
**Subject:** Re: Hi there

Dear Mr. Goldman:

Just to be clear exhibits that we're not stamped confidential remain non-confidential?  I think PTO 13 requires that you specify page and lines that you are designating within thirty days of the deposition.  I take it you think otherwise.  Is it your position that the entire deposition is confidential?


David Egilman md mph
8 N Main Street
Professor Dept of Family Medicine Brown University
President GHETS.ORG
Attleboro, Ma 02703
508-472-2809 cell
508-226-5091 office
425-699-7033 fax
Degilman@egilman.com

On Mar 17, 2014, at 3:03 PM, "Andrew Goldman" <AGoldman@goldmanismail.com> wrote:

> Dr. Egilman, I have reviewed your email below, and Merck respond as follows:
>
> 1. You are a non-party to the MDL Attorney General Actions and therefore you lack standing to assert any challenges to the confidentiality designations to the testimony and exhibits to your January 25, 2014 deposition;
> 2. At the outset of your deposition, I objected to your entire January 25, 2014 deposition as confidential under the terms of the MDL Protective Order.  (1/25/14 Egilman Dep. Tr., at 26:8:10), which covered both your testimony about confidential exhibits and the exhibits

    themselves.  There is no requirement in PTO 13 that Merck subsequently re-assert objections to previously deposition exhibits that were previously designated as confidential; and

3. If you do not abide by the non-disclosure requirements in MDL Protective Order #13, we will seek Judge Fallon's intervention.

Andy


Andrew L. Goldman
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph, Ste. 400 · Chicago · IL · 60661
312.881.5960 (direct)
773.251.2064 (cell)
312-881-5196 (fax)
agoldman@goldmanismail.com · www.goldmanismail.com

---

**From:** David Egilman [mailto:degilman@egilman.com]
**Sent:** Friday, March 14, 2014 12:54 PM
**To:** Andrew Goldman
**Cc:** Eric H. Weinberg ; 'Kenneth Lougee'; bvines@hwnn.com
**Subject:** Hi there

Dear Mr. Goldman:

I hope all is well with you and yours.

I think thirty days have passed since my deposition was provided to you. (I got it after you did.) Since you have not followed up with a letter designating portions of the deposition or attached exhibits confidential I consider the material to be public.

Let me know if you disagree.


<image001.jpg>

David Egilman MD, MPH
Editor IJOEH
Clinical Professor
Department of Family Medicine
Brown University
8 North Main St
Suite 404
Attleboro, Ma 02703
Cell 508-472-2809
Office 508-226-5091
Skype 508-216-0667
degilman@ijoeh.com

3

I am using the Free version of SPAMfighter.
SPAMfighter has removed 3591 of my spam emails to date.

Do you have a slow PC? Try a free scan!

4