# EXHIBIT 7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7410
DIRECT FAX
(202) 393-5760
EMAIL ADDRESS
JOHN.BEISNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 25, 2014

**VIA E-MAIL**

Honorable Eldon E. Fallon
United Stated District Court
500 Poydras Street, Room C-456
New Orleans, LA 70130

      RE: <u>Vioxx Confidential Documents – Dr. David Egilman</u>

Dear Judge Fallon:

  I am writing to request an additional conference call at the Court's earliest convenience regarding the continued efforts by Dr. David Egilman to secure release of certain Merck documents that were produced with confidential designations and remain subject to protective orders in the MDL proceeding. The need for such a call has been prompted by almost-daily e-mails from Dr. Egilman to Merck's counsel regarding a wide array of confidentiality issues. Most recently, Dr. Egilman has claimed that his recent deposition in the MDL is not confidential because of a technicality that was allegedly not observed by the parties and that he plans to release that deposition and the accompanying exhibits shortly unless Merck seeks relief from this Court.

  Merck seeks the Court's assistance in two respects:

  *First*, Dr. Egilman refuses to resolve his issues regarding document confidentiality through proper legal channels. Instead, he communicates directly with Merck's counsel via e-mail, forwards Merck's responses to other courts, engages in purported legal analysis, and even has applied a computer program to his e-mails so that he can determine who reads attachments to his emails and to whom

they are forwarded.  Dr. Egilman's constant communications have become a huge distraction for Merck's counsel and are highly irregular, particularly given his lack of standing to address these issues in the first place.  Merck believes that any further communications regarding these issues should be handled through counsel to minimize harassment and ensure that the dispute is resolved in an orderly, efficient manner.

*Second*, Dr. Egilman has threatened to unilaterally disclose confidential depositions unless Merck seeks court intervention.  In a recent letter to Merck's counsel Andrew Goldman, for example, Dr. Egilman asserted that his deposition in the AG cases is not confidential because "I think thirty days have passed since my deposition was provided to you" and "you have not followed up with a letter designating portions of the deposition or attached exhibits confidential."  Thus, Dr. Egilman "consider[s] the material to be public."[1]  Mr. Goldman reminded Dr. Egilman that he began the deposition by stating on the record that the entire deposition was confidential and therefore covered by PTO 13.[2]  Dr. Egilman then responded with his legal analysis that PTO 13 requires written designation of the transcript as confidential even if it had already been made clear at the deposition that the entire transcript would be subject to the protective order.[3]  The fact that the practice in the MDL has been to the contrary did not sway Dr. Egilman.  He then followed up with a letter to Judge Shepherd in Kentucky that copied Mr. Goldman's statement about prior practice, calling the precedent Merck cited "inapposite" and alleging that Merck's adherence to longstanding practice was "a delaying tactic and effort to exhaust my energy and resources."[4]  And on the same day, he insisted in yet another e-mail to Mr. Goldman that "none of my deposition testimony is confidential and no exhibits are confidential," and "[i]f you think otherwise, I suggest you seek guidance from the Court."[5]  In short, Dr. Egilman has given us no choice but to return to the Court and seek further assistance in light of his threat to unilaterally release documents without Court permission to do so.

We are available for a telephone conference on this subject at the Court's convenience.

---

[1]  E-mail from David Egilman to Andrew Goldman, Mar. 14, 2014 (attached as Ex. 1).

[2]  E-mail from Andrew Goldman to David Egilman, Mar. 17, 2014 (attached as Ex. 2).

[3]  E-mail from David Egilman to Andrew Goldman, Mar. 20, 2014 (attached as Ex. 3).

[4]  Letter from David Egilman to Hon. Phillip Shepherd, Mar. 20, 2014, at 2 (attached as Ex. 4).

[5]  E-mail from David Egilman to Andrew Goldman, Mar. 20, 2014.

Honorable Eldon E. Fallon
March 25, 2014
Page 3

                                                   Sincerely,

                                                   John H. Beisner

cc:    Dawn Barrios
        Russ Herman
        Leonard Davis
        Dr. David Egilman

Enc.