# EXHIBIT 10

| | | |
|---|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002 | | Δ COURT USE ONLY Δ<br><br>Case Number: 96-CV-2532 |
| Plaintiff(s): | MICHAEL D. BALLINGER, *et al.*, | Div.: 5       Ctrm: |
| v.<br>Defendant(s): | BRUSH WELLMAN INC., an Ohio corporation. | |

### FINDINGS, CONCLUSIONS, AND ORDERS CONCERNING SANCTIONS

After considering the submitted evidence and the oral argument of the parties at the hearing held June 18, 2001, the Court makes the following specific findings and enters the following Order:

The Court finds that Dr. Egilman knowingly, deliberately, intentionally and willfully violated the Court's 5/30/01 Order Prohibiting Certain Extrajudicial Statements. While there is always room for legitimate disagreement between opposing expert witnesses, the scurrilous and inflammatory statements posted by Dr. Egilman on his web site go so far beyond the bounds of legitimate disagreement as to cast great doubt on his legitimacy and integrity as a witness. It is clear to the Court that Dr. Egilman's testimony was motivated by his personal agenda and by his

06-22-01

animosity, bias, prejudice, hostility and vindictiveness against defendant and defendant's law firm. Dr. Egilman is not a credible witness.

The Court finds that Dr. Egilman's hostile, inflammatory and intemperate statements and attitude were well known to plaintiffs' lead counsel ("plaintiffs' counsel") before this trial began. Plaintiffs' counsel nonetheless persisted in trying to justify Dr. Egilman's grossly inappropriate behavior, and elected to call Dr. Egilman as a witness at trial when it must have been obvious to them that he was neither objective nor reliable. Not only has Dr. Egilman been "playing games" but, to a lesser extent, so has plaintiffs' counsel. By calling Dr. Egilman as a witness at trial when plaintiffs' counsel knew he was out of control, said counsel placed in jeopardy the integrity of this entire trial.

The Court rejects the position of plaintiffs' counsel that counsel believed in good faith that the statements on Dr. Egilman's web site did not violate this Court's order. The Court has made it very clear in entering its 5/30/01 Order that it considered Dr. Egilman's vituperative web site statements to be grossly inappropriate and to place at risk the fairness of the trial. The e-mail communications from plaintiffs' counsel to Dr. Egilman cannot reasonably be given any innocent connotation. The Court finds that these communications indicate that plaintiffs' counsel was to some degree complicit with Dr. Egilman in his flagrant violations of this Court's order.

It is therefore ORDERED that:

1. The testimony of Dr. Egilman is stricken.

2. The jury is instructed to disregard Dr. Egilman's testimony in its entirety.

3. Dr. Egilman shall not be permitted to testify with regard to the claims of any other plaintiff in this case, or in any other case which may later come before this Court.

DATED this 22 day of June, 2001.

*[signature]*

Frank Plaut
District Court Judge