EASTERN DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Vioxx Marketing, Sales Practices And Products Liability Litigation** | MDL Case No. 1657 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| <u>Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D</u>, Plaintiff | MAGISTRATE JUDGE KNOWLES |
| v. | |
| <u>Seeger Weiss, LLP et al,</u> Defendants | |
| 2:12-cv-02406-EEF-DEK | |

**REPLY MEMORANDUM OF THE PLAINTIFF, LINDA ISNER, EXECUTRIX OF THE ESTATE OF JEFFREY ISNER, M.D, IN OPPOSITION TO THE MOTIONS FOR SUMMARY JUDGMENT OF THE DEFENDANTS, BROWNGREER PLC, ORRAN L. BROWN, HUGHES HUBBARD & REED, LLP AND TED MAYER**

The plaintiff, Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D. (Mrs. Isner), submits this Reply Memorandum in opposition to the respective Motions for Summary Judgment of the defendants, BrownGreer PLC and Orran L. Brown and Hughes Hubbard & Reed, LLP and Ted Mayer (collectively, Defendants). In their Omnibus Reply Memorandum, the Defendants reiterate three of the arguments initially raised as grounds for their Motions, each of which was addressed in detail in the Plaintiff's initial Memorandum of Law filed in opposition to the Motions. These arguments are unavailing, and the Motions must be denied.

**I.   The Plaintiff's Claims Are Not Barred By Language Contained Within The Release Signed By Mrs. Isner.**

The arguments advanced by the Defendants in their Reply Memorandum, which are based in part on an unsupported assertion that "the breadth of the Release cannot be

overstated" (Reply Memorandum, p. 2, n. 2), ignore both the language of the Release and the factual and legal bases for the Plaintiff's claims. As explained in her initial Opposition Memorandum, Mrs. Isner's claims do not fall within the scope of § 16.9.2 of the Agreement, because this is not an action "to enforce or otherwise with respect to this Agreement." The Release provides that "the terms of the Agreement would govern the resolution of [Mrs. Isner's] claim"; however, the tort claims in this action arise out of the Defendants' wrongful conduct that induced the Plaintiff to enter the Vioxx Resolution Program (the Program) and do not challenge the resolution of Mrs. Isner's Vioxx-related claims, the manner in which her claims were evaluated under the Program, or the application of the mechanisms contained in the Agreement to her Vioxx-related claims against the defendants in the Isner Vioxx Action. The Defendants' contention, made without citation to any legal authority or to any part of the record, that "Ms. Isner's claims unquestionably relate to her dissatisfaction with how the Program was applied to her claim and the amount of the resulting award" (Reply Memo., p. 6) simply mischaracterizes her claims by suggesting that the claims involve a challenge to the award she received, and is without merit. This case involves misrepresentations made to Mrs. Isner and her counsel by the Defendants about certain standards that would apply to evaluating claims and determining the amount of any award that induced her to enter the Program. Mrs. Isner does not allege that she was guaranteed an award or any specific amount in settlement funds; rather, she contends that she was induced to enter the Program by certain express misrepresentations made by the Defendants "with certainty" about the claim resolution methodology that would be applied by the Program that the Defendants either knew to be false or, at least, did not know to be true. (Ex. 1, ¶11). Moreover, the Defendants were in a position of superior knowledge with respect to the claim settlement methodology and, in the

case of the Settlement Administrator, controlled whether the representations would ultimately be true or false. The fact that the proper measure of damages in this action is the "benefit of the bargain"; that is, "the difference between the value of what [Mrs. Isner] has received and the actual value of what [s]he would have received if the representations had been true" (Rice v. Price, 340 Mass. 502, 507 (1960)) does not change the essential nature of her claims, and does not support an argument that the Plaintiff's claims against the Defendants constitute claims "with respect to [the] Agreement" or claims arising out of the evaluation of her claims under the Program.

## II. The Defendants Made Factual Misrepresentations To Mrs. Isner That Are Actionable Under Massachusetts Law.

The Defendants have failed to produce any affidavits or other admissible evidence challenging or contradicting the material facts set forth in the Affidavit of Attorney Joseph L. Doherty, Jr. dated March 27, 2014 (Doherty Affidavit) submitted by the Plaintiff in opposition to the Motions. All of the factual statements in the Doherty Affidavit are made on Attorney Doherty's personal knowledge and would be admissible in evidence at trial; accordingly, Attorney Doherty would be competent to testify to those facts. The Doherty Affidavit meets the requirements of Fed.R.Civ.P. 56(c), and the Defendants do not contend otherwise[1]. Therefore, the facts set forth in the Doherty Affidavit that form the basis for the Plaintiff's claims are uncontested for the purposes of the Motions. In the absence of any contrary

---

[1] The Defendants appear to suggest that the fact that the Doherty Affidavit was "created for purposes of litigation" is relevant to the issues before the Court, although they do not make any reasoned argument or cite to any case law in support of this suggestion. (Reply Memo., p. 10, n. 5) As a witness with first-hand knowledge of material facts, it is entirely appropriate for Attorney Doherty to have submitted an affidavit in this action, and any suggestion to the contrary is wholly without basis and simply ignores the provisions of Rule 56 of the Federal Rules of Civil Procedure.

evidence, there is no basis for the Defendants to contend that the Plaintiff has mischaracterized the statements attributable to them. (Reply Memo. at p. 3)

Notwithstanding the Defendants' failure to submit any affidavits challenging the accuracy or completeness of the detailed facts contained in Attorney Doherty's Affidavit, they argue in a footnote that the Affidavit should be "disregarded for purposes of summary judgment" because statements contained therein "are flatly contradicted by [Attorney Doherty's] contemporaneous communications". (Reply Memorandum, p. 10, n. 5) This assertion is without basis. In his Affidavit, Attorney Doherty provides a detailed description of various communications that he had with the individual defendants, Brown, Mayer and Seeger. The e-mails that Attorney Doherty sent to the Defendants do not purport to record or reflect the entirety of the various conversations that Attorney Doherty had with them, and the Doherty Affidavit contains a more detailed description of those communications that is entirely consistent with the e-mails.  Accordingly, there is no merit to the Defendants' argument that their distorted proffered analysis of the contents of certain e-mail communications between Attorney Doherty and the individual defendants requires a conclusion, as a matter of law, that those e-mails "contradict" statements contained in the Doherty Affidavit.  Furthermore, to the extent that the Defendants' argument constitutes a challenge to the accuracy of Attorney Doherty's memory, or to his credibility, any such contention clearly raises issues of fact that are not properly addressed on summary judgment.

The Defendants further assert that the misrepresentations at issue in this action are not actionable because "[y]et-to-be established criteria to be developed at a future time" cannot constitute actionable statements of fact. (Reply Memo., p. 10-11)  This argument is misplaced, because it mischaracterizes the factual basis for the Plaintiff's claims in this case.   Mrs. Isner's

claims are not premised upon representations about <u>unspecified</u> criteria that were either unknown or unknowable to the Defendants. Contrary to the Defendants' contentions, the record evidence before the Court establishes that specific representations were made to Mrs. Isner and her counsel with respect to recovery of her husband's past lost earnings and future lost earning capacity on a "dollar for dollar basis". (*See* Doherty Affidavit, Ex. 1 to Plaintiff's Memorandum in Opposition to Defendants' Motion, ¶ 6-14.)  The record reflects that the Defendants never suggested that they were unwilling or unable to make provide the requested information; they did not inform Mrs. Isner or her counsel about any potential for a "flat" reduction to her damage award in any amount (suggesting only the possibility that the portion of the dollar for dollar award attributed to future lost earnings during the period after the payment date could be discounted to present value as of the payment date); and, Mrs. Isner relied upon the representations made to her in deciding to enter the Program. (Ex. 1, ¶14, 17) It is undisputed that the Defendants did not decline to provide assurances to Mrs. Isner and her counsel in response to their inquiries; to the contrary, they represented that her recovery for lost earnings and future lost earning capacity would be dollar for dollar.  Any ambiguity that may have existed with respect to other, unspecified criteria to be utilized in the Program is simply irrelevant, and does not support an argument that the affirmative statements made by the Defendants with respect to the specific element of lost earnings and future lost earning capacity are not actionable.  The Defendants invoke "straw men" by arguing that the precise amount of any award was unknowable at the time Mrs. Isner entered the Program; however, they do not deny that they made certain representations "with certainty" about the manner in which damage awards would be determined (Ex. 1, ¶11), that such representations did not set forth accurately the basis on which awards were actually made, that such representations were

made by Defendants with superior knowledge about and/or actual control over the manner in which awards would be determined, and that such representations were either known to be false or, at least, not known to be true when they were made.

Under Massachusetts law, a fact is defined as something "susceptible of knowledge." Zimmerman v. Kent, 31 Mass.App.Ct. 72, 79 (1991).  In their Reply Memorandum, the Defendants assert that under Massachusetts law "[s]tatements of opinion, or conditions to exist in the future, or matters promissory in nature" are not actionable. (Reply Memo. at p. 7) This is an incorrect statement.  Massachusetts law holds that "a statement of opinion may be actionable where the speaker possesses superior knowledge concerning the subject matter to which the misrepresentations relate." Gopen v. American Supply Co., 10 Mass.App.Ct. 342, 345 (1980).  In addition, a statement is actionable "where the opinion is 'reasonably interpreted by the recipient to imply that the speaker knows facts that justify the opinion.'" Stolzoff v. Waste International Sys., Inc., 58 Mass. App. Ct. 747, 760 (2003) *quoting* Briggs v. Carol Cars, Inc., 407 Mass. 391, 396 (1990).  Here, the Defendants possessed superior knowledge to Mrs. Isner and her attorney with respect to whether she would be entitled to "dollar for dollar" recovery of <u>all</u> of her husband's lost earnings and future lost earning capacity, subject only to the global cap and an age cap on work-life expectancy.  Furthermore, the uncontested facts support a finding that Mrs. Isner and her attorney reasonably believed that the Defendants knew facts that justified the statements made by them.

In support of their Motions, the Defendants minimize the significance of their explicit representations by describing them as "at best", "incomplete predictions involving largely 'un-knowable' future events." (Reply Memo, p. 7). This characterization is belied by the undisputed facts before the Court with respect to the specific statements made by the

Defendants, including Attorney Mayer's statement that the information he provided to Attorney Doherty was "[w]hat can be said with certainty", and that BrownGreer agreed with this information. (Ex. 1, ¶11).

It is undisputed that Mrs. Isner and her attorney relied upon the Defendants' representations. The evidence before the Court establishes that the individual defendants made statements that could reasonably be interpreted by Mrs. Isner and her attorney as based upon facts that justified their respective assurances; accordingly, they are actionable. The reasonableness of the Plaintiff's reliance upon the Defendants' representations that she would be entitled to a "dollar for dollar" award of lost earnings under the Program is a factual issue that cannot be resolved on summary judgment. *See* Stolzoff, 58 Mass. App. Ct. at 760.

### III. The Defendants Have Failed To Establish That No Genuine Issues Of Material Fact Exist With Respect The Reasonableness Of The Plaintiff's Reliance Upon The Defendants' Misrepresentations.

Under Massachusetts law, the question whether a plaintiff's reliance on the defendants' misrepresentations was reasonable is generally a jury question that cannot be resolved as a question of law unless "the undisputed facts permit only one conclusion." Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, *quoting* Fox v. F & J Gattozzi Corp., 41 Mass.App.Ct. 581, 587-588 (1996). *See also* Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc., 81 Mass. App. Ct. 282, 290 (2011)(question of plaintiff's reasonable reliance upon defendant's misrepresentations was one of fact). In this case, the uncontested facts do not permit a conclusion that the Plaintiff's reliance upon the Defendants' representations was unreasonable as a matter of law. The facts of the Cumis case cited by the Defendants are distinguishable from the uncontested facts before this Court, and the holding of that case has no application here. (See Reply Memo., p. 12) The Cumis case arose out of the

theft of credit card data from the defendant's stores. The plaintiffs were credit unions that issued the compromised cards and their insurer. The plaintiffs claimed, *inter alia*, that they were fraudulently induced to participate as issuers for BJ's transactions because they relied upon the defendants' misrepresentations concerning their compliance with certain operating regulations. Id. at 473. Noting that the plaintiffs "presented no evidence that any representations by the defendants induced them to become or remain issuers in the Visa and Master card system", the Court ruled that the defendants' motions for summary judgment on the plaintiff's fraud/deceit claims were properly allowed. Id. at 473. In contrast, the undisputed facts before this Court establish that Mrs. Isner was induced by the Defendants' misrepresentations to enter the Program.

The Cumis Court further ruled that the plaintiffs could not establish that their reliance upon the alleged misrepresentations was reasonable, because the undisputed facts were that the plaintiffs had "actual knowledge of ongoing instances of noncompliance with the magnetic strip regulations involving millions of accounts". Id. at 475-76. There is no evidence before this Court to support any argument that Mrs. Isner had actual knowledge of any facts that would, as a matter of law, have precluded her from accepting the truth and accuracy of the statements made by the Defendants. Accordingly, the Defendants have failed to identify undisputed facts that would permit this Court to conclude that the summary judgment record is "so clear as to permit only one conclusion" regarding the reasonableness of Mrs. Isner's reliance upon the Defendants' representations and assurances. Id., *quoting* Nota Constr. Corp. v. Keys Assoc., 45 Mass. App. Ct. 15, 20 (1998).

Furthermore, the Defendants cannot rely upon the exculpatory language of the Release to support their argument that the Plaintiff could not, as a matter of law, reasonably have

relied upon the misrepresentations at issue. The Defendants' arguments fail to acknowledge that under well-settled Massachusetts law, exculpatory, integration or merger clauses cannot be relied upon to defend against claims based upon fraud or deceit. <u>Sound Tech. Inc. v. Hoffman</u>, 50 Mass. App. Ct. 425, 430 (2000) *citing* <u>Bates v. Southgate</u>, 308 Mass. 170, 182-183 (1941). The federal court cases cited by the Defendants are distinguishable on their facts, and also ignore the public policy rationale for this well-established rule of law, as articulated by the Massachusetts Supreme Judicial Court in <u>Bates</u>: "In the realm of fact it is entirely possible for a party knowingly to agree that no representations have been made to him, while at the same time believing and relying upon representations which in fact have been made and in fact are false but for which he would not have made the agreement…. To refuse relief would result in opening the door to a multitude of frauds and in thwarting the general policy of the law." <u>Bates</u>, 308 Mass. at 182.

Moreover, nothing in the Release or Agreement "specifically contradicts" the misrepresentations at issue in this matter, because the Plaintiffs does not allege that the representations pertained to the total settlement payment she would receive under the Program. Instead, the misrepresentations pertained to whether Dr. Isner's past lost wages and future lost earning capacity would be compensated on a "dollar for dollar" basis, and nothing in the Release contradicts the representations made by the Defendants on this issue. Accordingly, there is no basis for the Defendants to contend that the undisputed facts establish, as a matter of law, that Mrs. Isner specifically disclaimed reliance upon the misrepresentations at issue in this action.

For the reasons set forth above, and in the Memoranda of Law filed by the Plaintiff in opposition to the Motions, the Plaintiff requests that the Motions be denied.

    Respectfully submitted,

    /s/Philip E. Murray, Jr.
    Philip E. Murray, Jr.

    /s/ Carol Ann Kelly
    Carol Ann Kelly
    Murray, Kelly & Bertrand, P.C.
    300 Trade Center, Suite 2700
    Woburn, Massachusetts 01801
    Telephone No. (781) 569-0020
    Fax No. (781) 569-0022
    Email:  ckelly@mkblegal.com
    Counsel for the Plaintiff,
    Linda Isner, Executrix of the Estate
    Of Jeffrey Isner, M.D.

Dated:  April 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum Of The Plaintiff, Linda Isner, Executrix Of The Estate Of Jeffrey Isner, M.D, In Opposition To The Motions For Summary Judgment Filed By The Defendants, Browngreer PLC, Orran L. Brown, Hughes Hubbard & Reed, LLP and Ted Mayer has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and email or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of April, 2014.

/s/ Carol Ann Kelly_____
Carol Ann Kelly
Murray, Kelly & Bertrand, P.C.
300 Trade Center, Suite 2700
Woburn, Massachusetts 01801
Telephone No. (781) 569-0020
Fax No. (781) 569-0022
Email: ckelly@mkblegal.com
Counsel for the Plaintiff,
Linda Isner, Executrix of the Estate
Of Jeffrey Isner, M.D.