

E-SERVICE
54665929
Dec 06 2013
01:24PM
File & ServeXpress

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | <u>**Case Number:  2:05-cv-4452**</u> |
| **Lynell Major**<br>**v.** | PLAINTIFFS |
| **Merck & Co., Inc.** | DEFENDANTS |

## PLAINTIFF LYNELL MAJOR'S STATEMENT OF
## GENUINE ISSUES OF MATERIAL FACT

Pursuant to L.R. 56.2, Plaintiff Lynell Major, by undersigned counsel, hereby submits the following statement of genuine issues of material fact:

1. Plaintiff's Complaint, filed before Plaintiff filed a claim in the Vioxx Resolution Program, alleges that Plaintiff suffered a blood clot or deep-vein thrombosis (DVT) and pulmonary embolism as a result of ingesting Vioxx and controls her injury claims in this litigation.

2. Plaintiff's counsel was obligated to enroll 100% of his clients in the Resolution Program in order for those who had a IS and MI could be considered for settlement.

3. Many ineligible claimants received settlements from the Resolution Program.

4. On June 23, 2008, Plaintiff submitted a Claim Package pursuant to the terms of the Master Settlement Agreement ("MSA"), which included, *inter alia*, medical records showing that Plaintiff had a blood clot or deep-vein thrombosis (DVT) and pulmonary embolism ("PE") as a result of ingesting Vioxx.

5. Plaintiff, as part of her Claim Package, also submitted a Claim Form, which listed her *primary* injury as Ischemic Stroke ("IS").  The Claim Form did not contain any blanks for Plaintiff to fill in any other injuries than those specifically listed in Section E of the Claim Form.

6.  Plaintiff executed a Future Evidence Stipulation ("FES") rather than face dismissal, but the FES Plaintiff executed was not the same FES as Exhibit 2.7.3 to the MSA. Specifically, Section A did not exist in the original FES and the wording of Paragraphs 4 and 6 of the FES was substantially different.

7.  Section A of the Claim Form—titled "Claimant Information"—listed Plaintiff's "primary injury claimed" as IS.   Nothing in Section A represented or stipulated that IS was the sole injury Plaintiff suffered as a result of ingesting Vioxx.

8.  The plain language of both the original FES and executed FES demonstrates that Plaintiff can claim any injuries and introduce any evidence as long as the injuries were contained in the Claims Package presented to the Program's Claims Administrator.  *See* Defendant's Exhibit "A," at ¶¶4 and 6.

9.  Alternatively, the language in Paragraphs 4 and 6 of both the original FES and executed FES are inconsistent.  The Court should reconcile these Paragraphs to give effect to both as required by the general cannons of contract construction.

10. Alternatively, the FES is unenforceable because the alleged stipulation as argued by the Defendant stipulates to a fact that does not exist, the evidence contrary to the alleged stipulation is substantial, enforcing the alleged stipulation would be manifestly unjust, and the alleged stipulation regards questions of law.

11. The FES is not supported by any legal cause in that Plaintiff received no benefit from entering the Resolution Program.

12. Plaintiff did not intentionally relinquish her right to litigate her claim for DVT and PE injuries caused by Vioxx.

13. The executed FES, which is substantially different than the original FES, is an adhesion contract signed based on Plaintiff's reliance that it was the same form agreed upon when it entered the Resolution Program.  Plaintiff signed this pre-printed form in error, and she did not consent to any stipulation limiting her injuries solely to IS.

14. Merck, in continuing this litigation and deposing Plaintiff years after receiving Plaintiff's FES should be estopped from asserting it and has waived its right to rely upon it.

15. The attached deposition testimony shows that Plaintiff received both a prescription and Vioxx samples; therefore, there is a fact issue on ingestion.

16. The attached medical records, expert report, and deposition testimony establish that Lynell Major had a blood clot or deep-vein thrombosis (DVT) and pulmonary emboloism as a result of ingesting Vioxx.

17. Pursuant to Federal Rule of Civil Procedure 10, Plaintiff adopts and incorporates by reference any other genuine issue of material fact in other Plaintiff's Statement of Genuine Issues of Material Fact.

Respectfully submitted,

BY: /s/Lisa Causey-Streete
Robert L. Salim
Lisa Causey-Streete
SALIM-BEASLEY, LLC
1901 TEXAS STREET
NATCHITOCHES, LA 71457
PHONE: (318) 352-5999
FAX: (318) 352-5998
Email: robertsalim@cp-tel.net
Email: lcausey@salim-beasley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff, Lynell Major's Statement of Genuine Issues of Material Fact has been served upon Liaison Counsels, Phillip A. Wittmann, Russ Herman, and Ann B. Oldfather, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day December, 2013.

/s/Lisa Causey-Streete