UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Charlotte Diane Costley v. Vioxx Products* | * | KNOWLES |
| *Liability*, 2:12-cv-01196-EEF-DEK | * | |

**************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION TO DISMISS
WITH PREJUDICE, OPPOSITION TO PLAINTIFF'S PETITION TO CHANGE
DEFENDANTS, AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff Charlotte Costley's claims against Merck for personal injuries allegedly arising out of her use of Vioxx were dismissed with prejudice by the Superior Court of California, Los Angeles County, where she originally filed her claims in a 2006 lawsuit. Moreover, in connection with her participation in the Vioxx Resolution Program, Ms. Costley has executed a Release that unequivocally bars her pursuit of claims against Merck or Merck's agents arising out of her alleged Vioxx-related personal injuries. Plaintiffs' redundant Vioxx personal injury claims currently pending in this MDL are therefore precluded under the principle of *res judicata* and by the plain language of her Release, and should be dismissed with prejudice. Her petition to "change defendants," seeking to name Merck and Merck's attorney as defendants to her pending claims, should likewise be denied. In support of its motion and opposition, Merck further states as follows:

**FACTUAL BACKGROUND**

1. Ms. Costley originally asserted her Vioxx personal injury claims in a multi-plaintiff complaint filed by counsel in California Superior Court in September 2006. *See* Compl., *Arnold, et al. v. Merck & Co., Inc., et al.*, JCCP 4247, Docket No. BC358531 (Cal. Super. Ct., L.A. Co., Sep. 14, 2006), (attached hereto as Exhibit A) at ¶22.

2. After the Vioxx Resolution Program (the "Program") was announced in 2007, Ms. Costley and her attorneys enrolled her Vioxx personal injury claims in the Program. As required by the terms of the Vioxx Master Settlement Agreement for enrollment into the Program, Ms. Costley submitted a stipulation of dismissal of her claims with prejudice, and a Release Of All Claims, which she signed and had notarized on March 7, 2008. *See* Release of All Claims ("Release") (attached hereto as Exhibit B) at 9.

3. In her Release, Ms. Costley released any and all claims against Merck, Merck's attorneys and other agents, and all parties connected in any way to Vioxx or her alleged Vioxx injuries, "arising out of, relating to, resulting from and/or connected with" Vioxx or any "injury she ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part." *Id.* at 2. Ms. Costley also affirmed her agreement in this Release to never "initiate, pursue or maintain" any legal action against Merck or any other released party arising out of or connected to Vioxx or any injury allegedly caused by Vioxx. *Id.* at 4.

4. Ms. Costley ultimately was determined by the Program's Claims Administrator to be ineligible for an award under the Program because she did not provide any event records or other proof relating to the specific injury she alleged (an ischemic stroke occurring on June 1, 2002). *See* BrownGreer PLC Injury Gate Report (attached hereto as Exhibit C). Thereafter, her Release and Stipulation of Dismissal with Prejudice were provided to Merck pursuant to the

terms of the Program.  Ms. Costley's claims in her California action against Merck and all other defendants were dismissed with prejudice in 2010 following the filing of her Stipulation of Dismissal with Prejudice.  *See* Stipulation of Dismissal With Prejudice (attached hereto as Exhibit D).

5.  In May 2012, Ms. Costley (now proceeding *pro se*) filed a new complaint in this Court which named "Vioxx Products" as the sole defendant, again alleging personal injuries arising out of her use of Vioxx (including dizziness, weight gain, and nerve pain associated with a herpes zoster infection allegedly caused by Vioxx).  *See* Compl., *Costley v. Vioxx Products*, 2:12-cv-01196-EEF-DEK (E.D. La. May 17, 2012) [Rec. Doc. 1].  This complaint was never served on Merck or any other entity.

6.  Two years later, in February 2014, Ms. Costley filed a pleading styled as a "Motion to Join MDL-1657," which again alleged Vioxx-related personal injury claims against "Vioxx Products," and also referred back to her unserved May 2012 complaint.  *See In Re Vioxx Prods. Liab. Litig.*, 2:05-md-01657-EEF-DEK [Rec. Doc. 64821].  To the extent this pleading was intended as a new complaint, it also was never served on Merck or any other entity.

7.  In response to the February 2014 pleading, on April 30, 2014, this Court denied Ms. Costley's request to join MDL No. 1657, noting that her 2012 complaint was already pending as part of this MDL. [Rec. Doc. 64913.]  The Court also noted in its April 30th Order that Ms. Costley has not named Merck, the manufacturer of Vioxx, as a defendant to her claims in the MDL.

8.  Thereafter, Ms. Costley submitted a petition (dated May 8, 2014) to "change defendants" in her pending action to name Merck and Company Inc. and Dorothy Wimberly, an

attorney representing Merck in this MDL, as defendants in place of "Vioxx Products."  *See* Pl.'s Pet. to Change Defendants (attached hereto as Exhibit E).[1]

## ARGUMENT

Plaintiffs Costley's claims should be dismissed with prejudice, as they are precluded under the principle of *res judicata* and because they are barred by the unambiguous terms of her Release.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted).  A claim is barred by the doctrine of *res judicata* if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.*  (internal quotation marks and citation omitted).

Here, each of these requirements plainly is met with respect to Ms. Costley:  Though her complaints filed in this MDL did not properly name Merck and were never served on Merck, it appears (especially in light of Ms. Costley's most recent submission) that she intended to bring her claims against Merck, the manufacturer of Vioxx, which she alleges caused her personal injuries.  Therefore, the parties (Ms. Costley and Merck) are identical in both cases.  Moreover, plaintiff's claims have already been dismissed with prejudice by a court of competent jurisdiction—namely, the court that oversaw the Vioxx coordinated proceedings in California

---

[1]   This pleading, which was sent to Merck's counsel by mail, does not yet appear of record on the MDL docket.

state court. And the claims at stake Ms. Costley's pending action in this MDL are the same as those that already have been dismissed—claims for personal injuries allegedly arising out of her use of Vioxx. Because the principle of *res judicata* barrs claims that already have been dismissed with prejudice, plaintiff's duplicate claims that she has filed in this MDL are precluded and should be dismissed.

Moreover, Ms. Costley's purported claims against Merck and Merck's attorney relating to her alleged Vioxx-related personal injuries are barred by the express provisions of her Release. Ms. Costley's Release "operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and is an absolute bar to any right of action on the released matter." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993) (citing *Hart v. Traders & Gen. Ins. Co.*, 189 S.W.2d 493, 494 (Tex. 1945)). The claims now asserted by Ms. Costley in this MDL fall squarely within the scope of the Release that she signed and its incorporated terms which bar such claims, and thus the Release warrants the dismissal of such claims with prejudice.[2]

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant its motion to dismiss with prejudice the duplicate claims of Plaintiff Charlotte Costley pending in this MDL (Case No. 2:12-cv-01196-EEF-DEK). Plaintiff's petition to "change defendants" in her pending MDL case should likewise be denied as moot.

---

[2] Even if Ms. Costley's duplicative claims in this MDL had not been extinguished by the prior dismissal of those claims with prejudice and by the execution of her Release, it is unlikely that her 2012 complaint could assert any viable, timely cause of action against Merck. The statute of limitations for product liability actions in Texas, where plaintiff resides, is two years. Tex. Civ. Prac. & Rem. Code § 16.003(b). Yet plaintiff's 2012 complaint was filed over nine years after Vioxx was voluntarily withdrawn from the market in October 2004.

Dated:  May 27, 2014                              Respectfully submitted,

                                               By: _/s/ Dorothy H. Wimberly_
                                                  Phillip A. Wittmann, 13625
                                                  Dorothy H. Wimberly, 18509
                                                  STONE PIGMAN WALTHER
                                                  WITTMANN L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana 70130
                                                  Phone: 504-581-3200
                                                  Fax:    504-581-3361

                                                  Defendants' Liaison Counsel

                                                   —and—

                                                  Douglas R. Marvin
                                                  Eva Petko Esber
                                                  M. Elaine Horn
                                                  WILLIAMS & CONNOLLY LLP
                                                  725 Twelfth Street, N.W.
                                                  Washington, D.C. 20005
                                                  Phone: 202-434-5000
                                                  Fax:    202-434-5029

                                                  Attorneys for Merck Sharp & Dohme Corp.

1159295v1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition and Motion to Dismiss has been served on Plaintiff Charlotte Diane Costley by Federal Express at:

309 E. Ross Avenue
Mart, TX 76664

I further certify that the above and foregoing Opposition and Motion to Dismiss has been served on Liaison Counsel, Russ Herman, Phillip Wittmann, and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of May, 2014.

/s/ Dorothy H. Wimberly

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com
Defendants' Liaison Counsel

1159295v1