# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| All Government Actions | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRETRIAL ORDER NO. 39**
**(Case Management Schedule for Government Actions)**

I.  **APPLICABILITY AND PURPOSE OF ORDER**

This Order shall govern all cases pending before the Court brought by or on behalf of any state, county, city and/or other government entity administering government public assistance programs against Merck & Co., Inc. ("Merck") (the "Government Actions"), any other Government Actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, and all related cases originally filed in this Court or transferred or removed to this Court. To the extent any conflict exists between this Order and any previous order regarding the Government Actions, this Order shall supersede such prior orders. Plaintiffs' State Liaison Counsel, Dawn M. Barrios ("Barrios"), shall promptly provide this Order to Plaintiffs in the Government Actions in this Court at the time of the Order, and to plaintiffs in all Government Actions transferred to this Court as and when they are so transferred. If any Government Action case is later transferred to this Court, Merck shall notify Barrios and Barrios will coordinate it with

the Government Action cases currently pending in the MDL pursuant to Paragraph IV.B.3. of this Order.

Pursuant to this Court's directive and the procedures set forth in this Order, the parties to the Government Actions will proceed with discovery of information that is common to all or some Government Action Plaintiffs while in the jurisdiction of this Court. The parties shall, to the extent practicable, review and use discovery material previously produced in this proceeding to maximize efficiency and avoid duplicative requests, and shall work cooperatively and in good faith to resolve disputes over the scope of discovery and burdens associated with responding to discovery requests. Any and all activities in the MDL by the Plaintiffs in the Government Actions pursuant to this Order shall neither be deemed a waiver of pending Remand Motions or a party's right to file a Remand Motion nor shall such activities affect Government Actions' pending or yet to be filed Remand Motions.

## II. PARTIAL LIFTING OF STAY

Pretrial Order No. 30 stayed all litigation proceedings pending in this MDL, and that stay was partially lifted in an Order signed by the Court on November 21, 2008 for the limited and sole purpose of conducting a program of common mutual discovery in the Government Actions. It is hereby ORDERED that the stay of litigation proceedings in Pretrial Order No. 30 is hereby lifted for all purposes in *State of Louisiana ex rel. Caldwell v. Merck & Co., Inc.*, No. 05-3700, and that discovery in that case shall proceed under the schedule outlined in Paragraph IV.B.1. of this Order. IT IS FURTHER ORDERED that all other portions of the stay, as set forth in Pretrial Order No. 30, as revised by the Order of November 21, 2008, remain in effect as to remaining and subsequently-transferred cases in the MDL. Any Plaintiff in a Government Action that

2

has not filed a Motion to Remand and wishes to do so may file such motion.

### III. WRITTEN DISCOVERY GENERALLY

#### A. Initial Disclosures

In light of the discovery plan set forth herein, the parties in all Government Actions are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)(1).

#### B. Production of Discovery in Government Actions

Documents and discovery material disclosed and produced by any Plaintiff in a Government Action will be produced to Merck through Defense Liaison Counsel.

Documents and discovery material disclosed and produced by Defendant pursuant to this Order shall be produced to Plaintiffs' Liaison Counsel, who shall adopt the protocol for organizing and maintaining for the benefit of the Plaintiffs in the Government Actions the additional documents and material produced by Defendant, including the filing system, access, copying, logs, and inventory records in the same manner and pursuant to prior pretrial orders governing production of documents in this MDL, including Merck's delivery of documents to Plaintiffs' Liaison Committee for inclusion in the Plaintiffs' Steering Committee ("PSC") document depositories. As Barrios shall coordinate the discovery with the Government Action Plaintiffs, Defendant shall provide Barrios a copy of Merck's responses to the discovery requests, but not the documents produced. Merck, shall additionally, as an accommodation to the Government Action Plaintiffs, provide each Plaintiff with a copy of the material or documents to be produced that are specific to that Government Action Plaintiff.

#### C. Avoidance of Multiple or Duplicative Requests

Plaintiffs counsel shall utilize to the fullest extent practicable discovery

3

previously taken in this MDL proceeding. To this end, the PSC shall ensure that Plaintiffs counsel for the Government Actions will have full access to the MDL discovery (documents, databases, depositions, responses to discovery, expert reports, trial transcripts, trial exhibits, the trial package(s), and all formal or informal discovery). The Court reserves a ruling on any assessment for use of these materials until a later date. Any Plaintiffs counsel's use of the MDL discovery or material shall not be a waiver of any privilege associated with the discovery or any document.

In an effort to avoid multiple or duplicative requests, counsel for Plaintiffs in the Government Actions shall work cooperatively through and with Barrios to coordinate discovery requests by consolidating their initial discovery requests into a single master set of discovery directed to Merck, as described in Paragraphs IV.B.2.a.-b. of this Order.

With respect to requests for production of documents, Plaintiffs in the Government Actions have had access to the contents of the PSC document depositories that have already been made available to them through a prior Order and, thereafter shall in good faith not request documents from Merck that are available in the PSC document depositories. If Merck believes that particular documents responsive to a request have been previously produced and currently exist in the PSC depositories, Merck, the propounding Plaintiff(s), and the PSC shall work cooperatively to identify those materials with sufficient specificity to allow Plaintiffs to locate them. Merck and Plaintiffs shall also work together and in good faith to reach agreement on the proper focus of requests for additional responsive documents that overlap with materials in the PSC depositories (i.e., if Plaintiffs request is general in nature and some specific documents responsive to that request have already been produced) in order to fairly balance the burden of

4

producing such additional documents with their relevance to the litigation. The parties may seek the Court's assistance in resolving disputes arising over requests for additional documents that overlap with discovery material in the PSC depositories.

### D. Document Identification, Inadvertent Production, and Electronic Service

Provisions of Pretrial Order No. 17 governing issues of document identification and inadvertent production (*see* Pretrial Order 17, §§ C, D, & F) and Pretrial Order No. 8B governing electronic service shall be operative in the Government Actions and are fully incorporated herein by reference.

## IV. WRITTEN DISCOVERY

Discovery contemplated herein in the Government Actions shall be conducted in the MDL in accordance with (1) the Federal Rules of Civil Procedure; (2) the local rules of the Eastern District of Louisiana; (3) the schedule set forth herein; (4) Pretrial Orders No. 8(B), 9 (amended), 13, 13A, 13B, and 17A (governing, respectively, Electronic Service, Depositions, Confidential Information, Confidentiality Pertaining to Government Actions, Access to the PSC Document Depositories for Government Action Plaintiffs, and Merck's Production of Documents); (5) the Order of the Court entered in Paragraph II herein to lift the stay of all litigation proceedings in *State of Louisiana ex rel. Caldwell v. Merck & Co., Inc.*, and the November 21, 2008 Order to lift the stay for discovery in the Government Actions; and (6) any other orders this Court may enter hereinafter. Orders previously issued by other courts imposing dates for initiation or completion of discovery in the Government Action cases are vacated and replaced by the schedule provided in this Order. Requests for discovery previously served by the parties to the Government Actions are likewise vacated, to be replaced by discovery requests served

5

pursuant to this Order.

### A.     Prior Discovery by the Parties

Materials in the PSC document depositories shall be deemed produced in each Government Action. Questions about admissibility thereof into evidence are not being addressed in this Order and are reserved for future consideration. Materials produced to Merck by the Government Action Plaintiffs need not be produced again in response to future document requests, and *vice versa*. However, either party may use the documents and materials produced previously by the other party as though the requests for discovery previously served have not been vacated.

The parties shall work together to facilitate the MDL Government Action Plaintiffs obtaining access to documents produced by Merck in the New Jersey TPP litigation should that discovery be deemed relevant to the Government Actions. Any and all confidentiality Orders entered in the New Jersey litigation shall be respected and followed when Merck documents produced in the New Jersey TPP litigation are subsequently produced or provided to the Government Action Plaintiffs in the MDL.

### B.     Written Discovery

Discovery in *Louisiana ex rel. Caldwell v. Merck & Co., Inc.* shall proceed under the schedule outlined in Paragraph IV.B.1. of this Order. All other Government Actions pending in this Court at the time of this Order shall proceed under the schedule outlined in Paragraph IV.B.2. of this Order. All Government Actions transferred to the Court by the Judicial Panel on Multidistrict Litigation after entry of this Order shall proceed under the procedures outlined in Paragraph IV.B.3. of this Order. Any party may seek extensions of time for any deadlines imposed in Paragraph IV.B. of this Order for good cause shown.

1. **Trial Schedule for Louisiana ex rel. Caldwell v. Merck & Co., Inc.**

    a. **Amending Complaint**

Plaintiffs shall file their motion for leave to file an Amending Complaint within 10 days after the entry of this Order.

    b. **Master Requests for Production of Documents and Interrogatories**

Written discovery shall proceed pursuant to the provisions outlined in Paragraphs IV.B.2.a-d. of this Order, except that rolling production of documents responsive to the Master Discovery Requests shall begin as soon as practicable, but in no event later than thirty (30) days after service of Requests for Production, with the goal of completing production of responsive documents within one hundred twenty (120) days after service of the Requests.

    c. **Additional Document Discovery**

Within ten (10) days after completion of the discovery described in the previous Paragraph, Plaintiff and Defendant may serve supplemental state-specific Requests for Production of Documents. Responses shall be served within twenty (20) days, and rolling production of responsive documents shall begin as soon as practicable, but in no event later than thirty (30) days after service of the supplemental Requests for Production, with the goal of completing production of responsive documents within forty-five (45) days after service of the supplemental Requests.

    d. **Depositions**

Depositions shall proceed pursuant to the provisions outlined in Paragraph V. of this Order, except that depositions of any fact witnesses (including third party witnesses)

7

shall be completed no later than September 30, 2009.

e. **Expert Discovery**

Plaintiff shall make its expert disclosures no later than July 31, 2009, and Merck shall make its expert disclosures no later than September 1, 2009. Plaintiffs' Rebuttal Expert Reports shall be served no later than September 14, 2009.

f. **Dispositive Motions**

All dispositive motions, including summary judgment and *Daubert* motions, shall be filed no later than September 30, 2009. All oppositions to summary judgment and *Daubert* motions shall be filed no later than October 16, 2009. All replies to oppositions to summary judgment and *Daubert* motions shall be filed no later than October 27, 2009.

g. **Completion of Discovery**

Written discovery and depositions shall be completed by September 30, 2009.

h. **Trial**

A later Order will prescribe a schedule for completing all necessary pretrial activities with the goal that, subject to the Court's calendar, trial will be ready to commence in November 2009.

2. **Discovery Schedule for Other Government Action Cases Pending at the Time of Entry of this Order**

a. **Meetings by Parties to Confer on Process for Conducting Written Master Discovery**

Within ten (10) days of entry of this Order, Plaintiffs in the Government Actions shall draft and transmit to Merck through Barrios a single set of draft Master Discovery Requests (Interrogatories and Requests for Production). Simultaneously, Merck shall provide to Barrios for the Plaintiffs in the Government Actions draft Master Discovery Requests addressed to the Government Action Plaintiffs. Such draft Master Discovery

8

Requests will be exchanged between the parties for purposes of review and discussion. Within ten (10) days the parties shall meet and confer to discuss the proposed additional written discovery to be taken in this Court, to attempt to come to agreement on the scope of such discovery, to discuss the extent to which such discovery material exists in the PSC depositories, and to develop a plan by which rolling productions of documents responsive to the Master Discovery Requests can be made. The Court expects the parties to discuss candidly the relevance of and burden associated with producing the requested information and to work creatively and in good faith to negotiate the scope and feasibility of any proposed discovery and to balance appropriately those competing factors. The parties may request the Court's assistance to resolve, informally or formally, disputes as necessary.

b. **Master Requests for Production of Documents and Interrogatories**

After the meet-and-confer process occurs as described in Paragraph IV.B.2.a and the Court has assisted, formally or informally, if necessary, but in any event, no later than thirty (30) days after entry of this Order, Plaintiffs in the Government Actions shall serve a Master Set of Interrogatories and a Master Set of Requests for Production of Documents on Defendant's Liaison Counsel, and Merck shall serve on Plaintiffs' Liaison Counsel (with a copy to Barrios) a Master Set of Interrogatories, a Master Set of Requests for Production of Documents, to be presented to each of the Plaintiffs in the Government Actions. The limits on the number of permissible interrogatories established by Fed. R. Civ. P. 33(a) shall not apply. The parties shall serve their objections and responses on each others' respective Liaison Counsel (with a copy to Barrios) within thirty (30) days and shall begin a rolling production of responsive documents in accordance with a

9

schedule to be established pursuant to agreement of the parties or a subsequent Order of the Court. During the course of discovery, Merck may object to production of additional documents on the grounds that the material sought is already available to Plaintiffs in the PSC document depositories.

          c.     **Written Requests for Admission**

Merck may serve Requests for Admission upon a party to any Government Action case. Plaintiffs' Liaison Counsel, on behalf of the Plaintiffs in the Government Actions, may serve Requests for Admission on Merck. Responses to Requests for Admission shall be served in accordance with a schedule to be established by agreement of the parties or in a subsequent order of this Court. As with Requests for Production of Documents, Plaintiffs in the Government Actions shall to the extent practicable eliminate duplicative Requests for Admission propounded by the Government Action Plaintiffs.

          d.     **Additional Discovery**

No earlier than sixty (60) days after commencement of the production of information responsive to the written Master discovery requests pursuant to Paragraph IV.B.2.a-c begins, the Plaintiffs in the Government Actions shall meet (either collectively or separately, as appropriate) with Merck to discuss whether, in light of the discovery provided from the PSC document depositories and in response to the Master Discovery Requests, there is a need for any additional common discovery, attempt to reach agreement upon the nature of such discovery, and proceed thereafter to conduct such discovery. The parties may seek guidance from the Court if necessary regarding if and how to proceed with such additional discovery.

All parties acknowledge the Court's statements about conducting common discovery in the MDL Court. Resolution of the issue of whether Government Action

Plaintiffs may seek additional discovery after transfer or remand to another court is still outstanding and is not addressed in this Order.

e.     **Non-Party Discovery**

The parties shall have the right to seek discovery from any non-party under the applicable procedural rules. Commencing upon entry of this Order, any party may serve subpoenas on non-parties pursuant to the Federal Rules of Civil Procedure. In the event that documents are produced by persons or entities who are not parties to this action when produced, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of Paragraph III.D. above, and providing them to Plaintiffs' Liaison Counsel for inclusion in the PSC depositories.

3.     **Government Action Cases Subsequently Transferred to The MDL**

Discovery in Government Action cases transferred to the Court after entry of this Order shall proceed in accordance with the procedures outlined in this Order and subsequent Orders setting deadlines for completion of discovery, but the exact deadlines shall be adapted by Liaison Counsel, Merck, and counsel for such Government Action Plaintiffs to account for the fact that deadlines may have passed or be impractical to meet in light of subsequent transfer.

V.     **DEPOSITIONS**

Depositions of any fact witnesses (including third party witnesses) concerning issues of common discovery in any Government Action shall occur in conformance with Pretrial Order No. 9, as amended. Working through Liaison Counsel, the parties shall coordinate and consolidate their requests for depositions to eliminate duplicative requests to depose the same witness. Parties are encouraged to make use of depositions

11

previously taken in this and other proceedings where practicable, and, where good cause exists, may take the deposition of a witness who has already been deposed in this or any other related proceeding. Merck may object to the re-taking of a deposition and/or to the areas of the deposition inquiry. The Court may also limit the Plaintiff's request upon good cause shown by Merck.

VI.     **EXPERT DISCOVERY**

Other than the *Louisiana* action this Order does not address matters of expert discovery.

VII.    **MOTIONS GENERALLY**

Motion practice to resolve discovery disputes pursuant to this Order in this Court shall proceed in accordance with the provisions of Pretrial Order No. 17, § IV, which is fully incorporated herein by reference. Parties are reminded, in particular, of the obligation in such motions to include a certificate that the Movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action. To the extent that disputes over discovery between the parties apply to more than one of the Government Action cases, each side (defendant and plaintiffs) shall be allowed to file one set of briefs (*e.g.*, there shall be one opening brief, one opposition brief, and one reply brief filed through respective Liaison Counsel). In this event, any rule regarding page limitation of briefs will not apply. If the Court's ruling on any specific overlapping discovery dispute is applicable to other Government Actions, it shall apply to those Government Actions.

To the extent that disputes over discovery between parties applies to only a single Government Action, the parties to those specific actions will file briefs, and the Court's ruling on such disputes shall be used as guidance by the parties in other Government

12

Actions to the extent it is applicable.

## VIII.   FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this Order shall be construed to abrogate the Federal Rules of Civil Procedure.


New Orleans, Louisiana

Dated: April 30, 2009

*Eldon E. Fallon*
United States District Judge

13