# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| | * | |
| ALL PENDING GOVERNMENT ACTION CASES | * | MAG JUDGE KNOWLES |
| | * | |
| ************************************ | * | |

## PRETRIAL ORDER NO. 39B

Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases.

## I. APPLICABILITY OF ORDER

This Order supplements PTO 39, PTO 39A, and this Court's Order of May 9, 2012 (Rec. Doc. 63823) and is applicable to all remaining Government Action cases governed by PTO 39 and PTO 39A. Any matter set forth in PTO 39, PTO 39A, or the Court's Order of May 9, 2012 that is not expressly addressed herein shall remain in full force and effect.

## II. DISCOVERY IN THE MDL

Pretrial Order No. 30 stayed all litigation proceedings pending in this MDL, and that stay was partially lifted in an Order signed by the Court on November 21, 2008, and subsequently by Pretrial Order No. 39A, which lifted the stay for the limited purpose of conducting common mutual discovery in the Government Actions. Subsequently, on November 22, 2010, the Court entered a temporary stay of all discovery in the Government Actions for the purpose of global resolution discussions. It is hereby ORDERED that the November 22, 2010 stay is lifted for purposes of amending the pleadings in these matters, conducting common discovery and addressing any

1

motions to remand or transfer, in accord with this Court's Order of May 9, 2012. It is FURTHER ORDERED that all other portions of the stay, as set forth in Pretrial Order No. 30, remain in effect as to the remaining matters and cases in the MDL, except where the Court has previously ruled otherwise.

The Court now finds it appropriate and necessary to the completion of MDL proceedings to set deadlines for amending the pleadings, completing common discovery in this MDL, and for consideration of motions to remand or transfer these cases to state courts or to their transferor courts.

The discovery contemplated to take place in the MDL is the common fact discovery by the parties, including document/data discovery and depositions, and liability expert discovery, with depositions to occur in conformance with Pretrial Order No. 9. Expert discovery on damages[1] will be addressed after remand or transfer. As noted in Pretrial Order No. 39, the parties have the right to seek discovery from any non-party (whether document discovery or depositions) under the applicable procedural rules at any time. With the exception of discovery related to damages experts, it is the intention of the Court and the parties that all fact and expert discovery will be completed by the parties in the MDL prior to consideration of the motions to remand/transfer. The Court anticipates that all parties will use best efforts to complete fact discovery and liability expert discovery in this MDL and any remand or transfer order from this Court will detail the discovery completed in this MDL.

The Court will hear arguments regarding the scope of discovery to be conducted in the MDL in the context of specific discovery disputes that may arise in the Government Action cases. Any and all activities in the MDL by the Government Action Plaintiffs pursuant to this Order shall not affect or waive their pending or future Remand Motions, Motions to Transfer, or the

---

[1] References to damages may include penalties, if applicable.

2

jurisdictional issues raised therein, except insofar as it relates to scheduling such motions which shall be governed by this Order.

Either party may rely upon expert reports and depositions taken earlier in the MDL proceedings, including those taken in an earlier Government Action case. It is the intent of the parties that the discovery previously completed in the MDL, particularly the expert reports and depositions of witnesses, except for good cause shown, be utilized without additional discovery of those witnesses. Upon a sufficient showing, good cause may include instances in which a prior deposition examination was insufficient, or did not address facts relevant to the Government Actions.

Reasonable extensions to the deadlines set forth below for the parties will be available by consent of the parties or by Court order based upon a showing of good cause. Conversely, the parties are free to complete necessary discovery tasks more quickly than the deadlines contemplated below by, for example, avoiding discovery disputes or narrowing the scope of their discovery requests, utilizing discovery previously done and/or expert reports previously created to permit a given action to proceed more quickly. Hence, regardless of the briefing schedules herein for remand or transfer motions, the Court may entertain such motions once it has determined that the common discovery contemplated herein has been completed.

### III.  AMENDED COMPLAINT

All motions for leave to amend any Plaintiff's complaint must be filed within ten (10) days of the entry of this Order. The proposed amended complaint shall be attached to any such motion. Within ten (10) days after Plaintiff's motion for leave is filed, Merck may file its response, and Plaintiff will have five (5) days to file its reply thereto.

If a Plaintiff's motion for leave to file an amended complaint is granted, Merck shall have ten (10) days in which to move, answer, or otherwise plead in response to the amended complaint.

3

If Merck moves to dismiss the amended complaint, Merck's motion will be held in abeyance until such time that the Plaintiff's Motion to Remand is ruled upon.

## IV. **DISCOVERY GENERALLY**

Set forth below are two potential discovery schedules, Discovery Track 1 and Discovery Track 2. Within seven days of entry of this Order, each state must select, in writing by copy to Merck's Liaison Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' State Liaison Counsel, Dawn M. Barrios, which of the two discovery schedules will govern its individual action. If any Governmental Action Plaintiff does not select a discovery track in writing within 7 days of entry of this Order, those non-selecting Plaintiffs shall be deemed to have selected Discovery Track 1. Regardless of which discovery schedule is selected by an individual Plaintiff, all Governmental Action Plaintiffs are expected to consolidate discovery requests, depositions, and expert discovery whenever possible.

### A. Discovery Track 1

Plaintiffs and Merck will complete in the MDL the common discovery described above based upon the following schedule:

Document Requests and Interrogatories

1. To the extent they have not already done so, the parties will respond to the master discovery previously served with written responses by August 6, 2012.

2. The parties shall endeavor to finalize their responses and document productions to existing discovery within 30 days after the resolution of any disputes concerning same, either by agreement of the parties or by order of this Court, but in no event later than September 10, 2012.

3. The parties are free to serve additional discovery requests consistent with this Order.

Merck's Requests for Database Information from Plaintiffs

4. To the extent Database information from the Plaintiff is relevant after Plaintiff's motion to amend its complaint is decided by the Court, Merck may informally interview a person with knowledge of the claims-related databases for the Plaintiffs'

4

    Medicaid or other governmental programs at issue in the specific cases by August 6, 2012. Merck shall provide Plaintiffs with questions 7 days in advance of such interview.

5.     The production of responsive data from Plaintiffs' databases shall be concluded by Plaintiffs within 30 days after resolution of any disputes, either by agreement of the parties or by order of this Court, but in no event later than September 10, 2012.

Plaintiffs' Requests for Database Information from Merck

6.     To the extent they have not already done so, all Plaintiffs shall make a single, unified request for specific database information from Merck databases and systems, with separate subsets for each state, if necessary, by September 10, 2012.

7.     The production of responsive data from Merck's databases and systems shall begin on a rolling basis within 30 days after resolution of any disputes, either by agreement of the parties or by order of this Court, with the goal of completing the production by October 1, 2012.

Depositions

8.     Notwithstanding remaining written discovery obligations in paragraphs A.1-A.7 no later than January 4, 2013, the parties shall exchange good-faith lists of fact trial witnesses who may or will be called. Fact depositions may begin on July 9, 2012 and continue up through and including March 4, 2013.

Non-Damages Expert Disclosures and Depositions

9.     For common liability experts, Plaintiffs shall make their expert disclosures and reports by May 3, 2013.

10.    Merck may take depositions of Plaintiffs' common liability experts beginning in May 2013.

11.    For their non-damage defense experts, Merck shall make its expert disclosures and reports by June 3, 2013.

12.    Plaintiffs may take depositions of Merck's non-damages experts beginning in June 2013.

Remand or Transfer Motions

13.    Plaintiffs shall file remand or transfer motions, supplement previously-filed remand or transfer motions, or provide notice that they intend to rely on a previously-filed remand or transfer motion by July 1, 2013.

14.    Merck shall file any responses or supplemental responses to remand or transfer

5

motions by July 19, 2013.

15. Plaintiffs shall file any replies to Merck's responses or supplemental responses by July 29, 2013.

16. The Court will set a date for hearing remand and transfer motions for a date following July 31, 2013.

### B. Discovery Track- 2

Plaintiffs and Merck will complete in the MDL the common discovery described above based upon the following schedule:

Document Requests and Interrogatories

1. To the extent they have not already done so, the parties will respond to the master discovery previously served with written responses within 30 days of the entry of this Order but in no event later than July 2, 2012.

2. The parties shall endeavor to finalize their responses and document productions to existing discovery within 30 days after the resolution of any disputes concerning same, either by agreement of the parties or by order of this Court, but in no event later than August 2, 2012.

3. The parties are free to serve additional discovery requests consistent with this Order.

Merck's Requests for Database Information from Plaintiffs

4. To the extent Database information from the Plaintiffs is relevant after Plaintiff's motion to amend its complaint is decided by the Court, Merck may informally interview a person with knowledge of the claims-related databases for the Plaintiffs' Medicaid or other governmental programs at issue in the specific cases by July 2, 2012. Merck shall provide Plaintiffs with questions 7 days in advance of such interview.

5. The production of responsive data from Plaintiffs' databases shall be concluded by Plaintiffs within 30 days after resolution of any disputes, either by agreement of the parties or by order of this Court, but in no event later than August 2, 2012.

Plaintiffs' Requests for Database Information from Merck

6. To the extent they have not already done so, within 60 days of the date of entry of this Order, but in no event later than July 2, 2012, Plaintiffs shall make a single, unified request for specific database information from Merck databases and systems.

7. The production of responsive data from Merck's databases and systems shall begin on a rolling basis within 30 days after resolution of any disputes, either by agreement of the parties or by order of this Court, with the goal of completing the

production by August 31, 2012.

Depositions

8. Notwithstanding remaining written discovery obligations in paragraphs B.1-B.7 no later than August 2, 2012, the parties shall exchange good-faith lists of fact trial witnesses who may or will be called. Fact depositions may begin on July 9, 2012 will continue up through and including January 31, 2013.

Non-Damages Expert Disclosures and Depositions

9. For common liability experts, Plaintiffs shall make their expert disclosures and reports by December 3, 2012.

10. Merck may take depositions of Plaintiffs' common liability experts beginning in December 2012.

11. For their non-damage defense experts, Merck shall make its expert disclosures and reports by January 10, 2013.

12. Plaintiffs may take depositions of Merck's non-damages experts beginning in January 2013.

Remand or Transfer Motions

13. Plaintiffs shall file remand or transfer motions, supplement previously-filed remand or transfer motions, or provide notice that they intend to rely on a previously-filed remand or transfer motion by February 18, 2013.

14. Merck shall file any responses or supplemental responses to remand or transfer motions by March 4, 2013.

15. Plaintiffs shall file any replies to Merck's responses or supplemental responses by March 14, 2013.

16. The Court will set a date for hearing remand and transfer motions for a date following March 18, 2013.

New Orleans, Louisiana this 5th day of June, 2012.

Judge Eldon E. Fallon
United States District Court Judge

7