# EXHIBIT 6

Page 1

```
       COMMONWEALTH OF KENTUCKY
         FRANKLIN CIRCUIT COURT
              DIVISION I
          Civil No. 09-CI-1671
************************************
COMMONWEALTH OF KENTUCKY,
        Plaintiff,
    v.
MERCK & CO., INC., n/k/a MERCK
SHARP & DOHME CORP.,
        Defendant.
************************************
         VIDEOTAPED DEPOSITION OF
      DAVID STEVEN EGILMAN, M.D., M.P.H.


        Friday, May 24th, 2013
              9:08 a.m.


   Held At:
     Renaissance Boston Patriot Place Hotel
     28 Patriot Place
     Foxboro, Massachusetts


   REPORTED BY:
   Maureen O'Connor Pollard, RPR, CLR, CSR #149108
```

Page 2

```
 1   APPEARANCES:
 2
 3   FOR THE PLAINTIFF:
 4      BY:  MATTHEW C. MINNER, ESQ.
 5         HARE, WYNN, NEWELL & NEWTON, LLP
 6         200 West Vine Street, Suite 700
 7         Lexington Kentucky 40507
 8         859-550-2900
 9         matt@hwnn.com
10            -and-
11      BY:  BRIAN VINES, ESQ.
12         HARE, WYNN, NEWELL & NEWTON, LLP
13         2025 3rd Avenue North, Suite 800
14         Birmingham, Alabama 35203
15         bvines@hwnn.com
16         205-328-5330
17            -and-
18      BY:  GARMER & PRATHER, PLLC
19         141 North Broadway
20         Lexington, Kentucky 40507
21         859-254-9351
22         bgarmer@garmerprather.com
23
24
```

Page 3

```
 1   APPEARANCES (Cont.'d):
 2
 3   FOR THE DEFENDANT:
 4      BY:  TAREK ISMAIL, ESQ.
 5         GOLDMAN ISMAIL TOMASELLI BRENNEN
 6         & BAUM LLP
 7         564 W. Randolph Street, Suite 400
 8         Chicago, Illinois 60661
 9         312-681-6000
10         tismail@goldmanismail.com
11
12   Present:  Timothy Howard, Esquire, Merck
13
14   Videographer:  Christopher Coughlin
15
16         PRESENT VIA SPEAKERPHONE:
17
18   FOR THE PLAINTIFF:
19      BY:  LEEANNE E. APPLEGATE, ESQ.
20         Assistant Attorney General
21         1024 Capital Center Drive, Suite 200
22         Frankfort, Kentucky 40601-8204
23         502-696-5503
24         leeanne.applegate@ag.ky.gov
```

Page 4

```
 1              INDEX
 2   EXAMINATION                           PAGE
 3   DAVID STEVEN EGILMAN, M.D., M.P.H.
 4    BY MR. ISMAIL                          8
 5             EXHIBITS
 6   NO.      DESCRIPTION                  PAGE
 7   1    Merck Sharp & Dohme Corp.'s
 8        Re-Notice of Videotaped Deposition
 9        of David Egilman, MD................. 46
10   2    Two invoices from Never Again
11        Consulting........................... 59
12   3    Curriculum Vitae of David Steven
13        Egilman, MD, MPH..................... 79
14   4    Curriculum Vitae of David Steven
15        Egilman, MD, MPH..................... 80
16   5    One page handwritten document........100
17   6    E-mail chain, Bates MRK-ACT0009928...104
18   7    Dear Doctor letter prescribing
19        information with attached Vioxx
20        Label, with attached package insert
21        and physician product label, Bates
22        MRK-P0011429 through 439.............105
23   8    Plaintiff's Expert Disclosure's......114
24
```

Page 301

1  that for a long time, but that's, I mean --
2      Q.  So going back to my question, the
3  documents that are reflected as --
4      A.  I mean, I was at a lot of those
5  depositions.
6      Q.  The documents that are reflected as N
7  documents in Exhibit 11, putting aside the
8  depositions that were taken the last couple of
9  weeks, you have had for -- long before
10 April 15th, 2013, correct?
11     A.  I've had them in one form or another,
12 probably.
13     Q.  So at this time, what I want to do is
14 just confirm on the record what we're taking.
15         We're going to ask for a copy of all
16 the notes to which you have been referring to in
17 this --
18     A.  Can we go off the video record?
19     Q.  Why?
20     A.  Well, because if you're -- if you're
21 going to be --
22         MR. HOWARD:  It's going to be on the
23 record.
24     A.  I didn't say go off the record.  I

Page 302

1  said can we go off the video record.
2  BY MR. ISMAIL:
3      Q.  No.  Just let me say my -- let me make
4  my statement, and then I don't think you're
5  going to want to go off the record.
6      A.  Okay.
7      Q.  What we're going to ask for is a copy
8  of the folders as is that you have brought with
9  you today, including the titles on them and the
10 way you have organized the materials, and I
11 believe that will include all of the notes that
12 you've brought with you and referred to
13 throughout the day.  And so we would like an
14 as-is copy of all those, in addition to the
15 binders that correspond to what was provided
16 today, which was Exhibit 11.
17         And I believe there is no objection
18 from counsel as to that request?
19         MR. MINNER:  No.
20 BY MR. ISMAIL:
21     Q.  Doctor, are there any other notes or
22 summaries of information that you have prepared
23 or relied upon for your opinions in the
24 Commonwealth of Kentucky case that do not fall

Page 303

1  in one of the categories of information that I
2  just reflected?
3      A.  I don't think so.  The only -- there's
4  other notes interspersed in these notebooks.
5      Q.  That's fine.  So materials that --
6      A.  I'm just telling you.  I'm just
7  telling you.  Okay?
8      Q.  I appreciate that.  So when you say
9  "these notebooks," you mean the notebooks
10 provided during the course of the deposition,
11 Exhibits 16, 17 and 15?
12     A.  Well, I think maybe in some of the
13 others, too.
14     Q.  Those --
15     A.  I think mostly it will be in those.
16     Q.  When you say "some of the others,"
17 you're referring to the binders back there in
18 the corner?
19     A.  Right.
20     Q.  Are those the binders that correspond
21 to Exhibit 11?
22     A.  Right.
23     Q.  Okay.  So we're going to take a copy
24 of those, we're going to take a copy of the

Page 304

1  folders and all your notes therein, we have the
2  binders you have provided during the course of
3  the deposition.
4          And my then question is whether there
5  are any other notes or summaries of data that
6  you prepared or are relying upon for your
7  opinions in the Kentucky case that is not
8  otherwise described?
9      A.  No.
10     Q.  Okay.
11         MR. ISMAIL:  With that, Doctor, thank
12 you for your time, as always.  I tender the
13 witness.
14         MR. MINNER:  Are you going to mark the
15 two Reicin reports that you asked him some
16 questions on and examined him on earlier?
17         MR. ISMAIL:  I didn't actually examine
18 him on.  He referred to them at times, but I
19 didn't --
20         MR. MINNER:  He did.  You asked him a
21 few questions about it.  I just wanted clarity
22 for the record.  I'm happy to mark them as
23 Plaintiff's exhibits, or if you want to --
24         MR. ISMAIL:  I --

Page 305

1    MR. MINNER: -- include them as
2 exhibits that came up during your examination.
3    MR. ISMAIL: You don't have to include
4 them. You don't have to mark them as Plaintiff
5 or Defendants. They're just Egilman 18 and 19,
6 if you want to mark them. It's fine with me. I
7 don't particularly care.
8        (Whereupon, Egilman Exhibit Number 18,
9         Supplemental Witness Statement of
10        Alise Reicin, MD, and Number 19,
11        Witness Statement of Alise Reicin, MD,
12        were marked for identification.)
13   THE WITNESS: Okay. Can we go off the
14 video record now?
15   MR. MINNER: Let me --
16   MR. ISMAIL: Well, we're going to sign
17 off, try to get Matt to his plane, then with
18 Brian we can figure out whether we need to stay.
19   MR. MINNER: Exhibit 18 is the
20 March 19, 2009 Alise Reicin report that was
21 referred to earlier --
22   MR. ISMAIL: Alise, but okay.
23   MR. MINNER: -- Alise Reicin report
24 that was referred to earlier today.

Page 306

1    MR. ISMAIL: All right.
2    MR. MINNER: And 19 is a December 18,
3 2008 Alise Reicin opinion and report.
4    MR. ISMAIL: Okay.
5    MR. MINNER: Here is a stack of the
6 remaining depositions that have been marked for
7 the court reporter.
8    MR. ISMAIL: And my tendering of the
9 witness today is all subject to the reservation
10 of rights that I made at the start of the
11 deposition and renew at this point. I don't
12 think we even had seven hours on the record
13 today.
14   Mr. Videographer, do you know what the
15 total time is?
16   THE VIDEOGRAPHER: Six -- it's under
17 six and a half.
18   MR. ISMAIL: Okay. I take it you have
19 no questions, Counsel?
20   MR. MINNER: No questions.
21   MR. ISMAIL: Okay. With that, we can
22 sign off.
23   THE WITNESS: Just let me put on the
24 record, this deposition is not stopping because

Page 307

1 I have to leave. I'm perfectly willing to stay
2 and answer questions right now. If you have any
3 more questions, you feel free to ask them.
4    MR. MINNER: We have one day
5 agreements in this.
6    MR. ISMAIL: We have one day
7 agreements, subject then to the fact that we got
8 a late disclosure of materials and, frankly, got
9 disclosures during the day of materials that
10 are -- we think should have been properly
11 provided on April 15th. But you and I aren't
12 going to solve that problem today, Doctor,
13 and --
14   THE WITNESS: No. I just wanted to
15 make sure that it was clear that I wasn't
16 stopping the deposition.
17   MR. ISMAIL: Okay.
18   THE WITNESS: So some -- there was
19 some, shall we say, issues with how many breaks
20 I took or how much -- so I'm just saying, you
21 know, if that's an issue, go right ahead and ask
22 questions. If it's not, I'll be glad to go
23 home.
24   MR. ISMAIL: Well, in deference to my

Page 308

1 colleagues who are trying to catch flights, I'm
2 going to refrain, subject to my objections and
3 reservation of rights.
4    MR. MINNER: Thanks.
5    THE WITNESS: Okay. Your colleagues,
6 your colleagues are more than willing to stay,
7 because I asked them, for you to finish asking
8 any questions you want. I assure you.
9    MR. ISMAIL: Yes.
10   THE WITNESS: I can make that
11 representation for Mr. Vines.
12   MR. ISMAIL: Right.
13   THE WITNESS: Because he wants to go
14 to a Red Sox game tonight.
15   MR. ISMAIL: We're adjourned, perhaps
16 temporarily.
17   THE VIDEOGRAPHER: This concludes the
18 May 24, 2013 deposition of Dr. David Egilman.
19 Going off the record. This is the end of tape
20 four of four tapes used today, and the time is
21 5:42.
22        (Off the record discussion.)
23
24

Page 309

1  (Whereupon, Egilman Exhibit Number 20,
2  Two large file folders and twelve
3  black binders, and Number 21, Series
4  of file folders, were marked for
5  identification.)
6  (Whereupon, the deposition adjourned.)

Page 310

1  COMMONWEALTH OF MASSACHUSETTS )
2  SUFFOLK, SS.            )
3      I, MAUREEN O'CONNOR POLLARD, RPR, CLR,
4  and Notary Public in and for the Commonwealth of
5  Massachusetts, do certify that on the 24th day
6  of May, 2013, at 9:08 o'clock, the person
7  above-named was duly sworn to testify to the
8  truth of their knowledge, and examined, and such
9  examination reduced to typewriting under my
10 direction, and is a true record of the testimony
11 given by the witness.  I further certify that I
12 am neither attorney, related or employed by any
13 of the parties to this action, and that I am not
14 a relative or employee of any attorney employed
15 by the parties hereto, or financially interested
16 in the action.
17     In witness whereof, I have hereunto
18 set my hand this 30th day of May, 2013.
19
20  _____
21     MAUREEN O'CONNOR POLLARD, NOTARY PUBLIC
22  Realtime Systems Administrator
23  CSR #149108

Page 311

INSTRUCTIONS TO WITNESS

    Please read your deposition over carefully and make any necessary corrections. You should state the reason in the appropriate space on the errata sheet for any corrections that are made.
    After doing so, please sign the errata sheet and date it.  It will be attached to your deposition.
    It is imperative that you return the original errata sheet to the deposing attorney within thirty (30) days of receipt of the deposition transcript by you.  If you fail to do so, the deposition transcript may be deemed to be accurate and may be used in court.

Page 312

------
E R R A T A
------
PAGE  LINE  CHANGE
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____
   REASON: _____
____  ____  _____