# EXHIBIT 9



ENTERED
MAR 1 0 2014
FRANKLIN CIRCUIT COURT
SALLY JUMP, CLERK

**COMMONWEALTH OF KENTUCKY**
**FRANKLIN CIRCUIT COURT**
**DIVISION I**
**CIVIL ACTION NO. 09-CI-1671**

| | |
|---|---|
| **COMMONWEALTH OF KENTUCKY** | **PLAINTIFF** |
| V.               **ORDER** | |
| **MERCK & CO., INC.** | **DEFENDANT** |

This matter came before the Court pursuant to the February 20, 2013 Protective Order and Dr. Egilman's request for a hearing regarding the de-designation of materials as confidential, as well as Ann Oldfather's Motion to Intervene. A hearing was held on Wednesday, March 5, 2014. Counsel for the Attorney General, The Oldfather Law Firm, and Merck were present, while Dr. Egilman appeared telephonically. After reviewing the record, and hearing arguments of counsel, and being sufficiently advised, **IT IS ORDERED**:

1. Dr. Egilman has standing under protective order as a third party. Standing exists where an individual has "a judicially recognizable interest in the subject matter; interest may not be remote and speculative, but must be present and substantial." *City of Louisville v. Stock Yards Bank & Trust Co.*, 543 S.W.2d 328, 329 (Ky. 1992). In the context of this litigation, important public policy questions regarding consumer protection and public health have been raised. As an expert witness retained by the Commonwealth, Dr. Egilman testified and his services were paid with taxpayer dollars. The public has an interest in evaluating Dr. Egilman's opinions and the documents on which they were based. Dr. Egilman is subject to the provisions of the protective order and, consequently, subject to sanctions for its violation. As a result, he has a valid and substantial legal interest in the implementation of the protective

M016B36351

order and a right to request re-designation of documents that have been previously designated as confidential;

2. The Court directs the parties to adhere to the provisions of the protective order. (*See* Paragraph 22 of this Court's *Agreed Protective Order Regarding Confidential Information*). Dr. Egilman's October 29, 2013 request should be responded to under the provisions Paragraph 22, requiring a response from the Supplying Party's counsel within ten (10) days of the entry of this Order (March 20, 2014), either agreeing to remove the designation or stating the reasons for such designation. If the parties are unable to agree on the terms and conditions for designation, then the document will have its designation removed, unless Merck, within 30 days (by April 9, 2014), moves the Court for an order upholding the designation. If Merck files such a motion, it shall have the burden of proving that the material is subject to protection under CR 26.03(g);

3. With regard to the documents listed in Exhibit A of Merck's *Hearing Brief*, only two (2) of the sixteen (16) documents produced, specific to Kentucky, were marked as confidential by Merck. Those two documents were the autopsy reports that Merck claims were protected under the Informed Consent Agreement between the study participant and Merck. As long as the names of the deceased are redacted from the autopsy reports, and Dr. Egilman uses some other identifier, the reports are not subject to the protective order and should not be deemed confidential. The other fourteen (14) Kentucky-specific documents contain no restriction for Dr. Egilman's public use;

M016B36352

4. The Court directs Merck and Dr. Egilman to file a status report by March 24, 2014, setting forth with specificity any document on which there is agreement to de-designate.

5. In the event that Merck and Dr. Egilman cannot reach an agreement as to all documents requested to be de-designated, Merck will be directed to file a log asserting a specific privilege as to each individual document for which it continues to seek protection, and the basis on which there is "good cause" [1] for continued protection under the standard adopted in *Fiorella v. Paxton Media Group, LLC*, --- S.W.3d---, 2014 WL 685482 (Ky. App. 2014). If the documents sought by Dr. Egilman are subject to a separate protective order in another case, Merck should identify, and provide copies of, any such orders from other courts.

6. The Court will conduct another hearing with regard to any documents that remain in dispute.

7. With regard to Ms. Oldfather's Motion to Intervene, the Court RESERVES ruling on that Motion. The Court directs Ms. Oldfather, within 20 days of the entry of this Order, to address the question raised at the hearing on Wednesday, March 5, 2014, concerning why her firm should be granted standing to make this request in this lawsuit without being required to request and obtain the relevant documents through the normal course of discovery in the continuing litigation for her individual clients.

**SO ORDERED** this 10th day of March, 2014.

PHILLIP J. SHEPHERD, JUDGE
Franklin Circuit Court, Division I

---

[1] "...if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection." 2014 WL 685482.

DISTRIBUTION:

SUSAN J. POPE
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, KY 40507-1749

JOHN H. BEISNER
Skadden, Arps, Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005-2111

TAREK ISMAIL
Goldman Ismail Tomaselli Brennan & Baum LLP
1 North Franklin Street, Suite 625
Chicago, IL 60606

DR. DAVID EGILMAN
8 North Main Street, Suite 404
Attleboro, MA 02703

RICHARD L. JOSEPHSON
Baker Botts, LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

WILLIAM R. GARMER
Garmer & Prather LLC
141 North Broadway
Lexington, KY 40507

SCOTT A. POWELL
DON P. MCKENNA
MATTHEW C. MINNER
BRIAN M. VINES
Hare, Wynn, Newell & Newton
2025 Third Avenue North, Suite 800
Birmingham, AL 35203

TODD LEATHERMAN
MARYELLEN MYNEAR
ELIZABETH UNGAR NATTER
Office of Consumer Protection
Office of the Attorney General
1024 Capitol Center Drive, Suite 200
Frankfort, KY 40601

ANN B. OLDFATHER
R. SEAN DESKINS
Oldfather Law Firm
1330 South Third Street
Louisville, KY 40208

M016B36354