# EXHIBIT 14



**Susan J. Pope**
Member
859.244.3204 (t)
859.231.0011 (f)
spope@fbtlaw.com

April 17, 2014

***Via  Electronic Mail -*** <u>juliataylor@kycourts.net</u>

Hon. Phillip Shepherd
Franklin Circuit Court
Franklin County Courthouse
222 St. Clair Street
Frankfort, KY 40601

> Re:  *Commonwealth of Kentucky v. Merck & Co., Inc.*, Franklin Circuit Court,
> Division I, Civil Action No. 09-CI-1671

Dear Judge Shepherd:

I am writing with regard to Dr. Egilman's challenges to the confidential status of certain Merck documents.  Based on our review, we have determined that Dr. Egilman is seeking de-designation of many documents that were never produced in this Kentucky action.  Merck does not plan to file a motion seeking to defend the confidentiality designation of any documents sought by Dr. Egilman that were only produced in other proceedings.  Because those documents will remain confidential under the protective orders of other courts notwithstanding Dr. Egilman's challenges here, as this Court has previously recognized (Hr'g Tr. 43:6-13), Merck has determined that the most efficient course will be to defend their status, if necessary, only once – in the tribunals that issued the protective orders covering those documents.  Merck is hopeful that this approach will substantially simplify the task facing this Court.[1]

This Court's protective order covers confidential information "produced or disclosed ***during this Action***."  (Agreed Protective Order ¶ 1 (emphasis added).)  As the Court has explained, "[t]he protective order entered in this case does not impose new or additional obligations of confidentiality on third parties (witnesses, consulting experts, or other parties executing a certification pursuant to the Protective Order) who may have access to documents from other sources."  (Order Clarifying Effect Of Agreed Protective Order at 1.)  A significant number of the documents Dr. Egilman has identified were not produced or disclosed "during this Action"; instead, they were produced prior to commencement of litigation here.  The documents

---

[1]     Dr. Egilman's October 29th de-designation request alone implicates more than 2,500 documents, the vast majority of which were never sought by, or produced to, counsel in the Kentucky Attorney General action.

Hon. Phillip Shepherd
April 17, 2014
Page 2

were never re-produced in Kentucky, and Merck has never sought their protection under this Court's protective order. Rather, the designations originate from, and are governed by, the protective orders in the courts where the information was disclosed or produced, and they remain subject to enforcement by those tribunals. Accordingly, Merck intends to defend those designations, as needed, in those other courts.

With respect to the few documents identified in Dr. Egilman's requests that were originally produced or disclosed "during this Action," Merck has adhered to the provisions of the Agreed Protective Order and this Court's Order entered April 10, 2014, by responding to counsel for Dr. Egilman indicating confidential status on a document-by-document basis. Merck will determine whether any relief is needed from this Court with respect to those documents after it has had the opportunity to meet and confer with Dr. Egilman, pursuant to the procedures set out in those Orders.

Thank you.

Very truly yours,

Susan J. Pope

Copies via electronic mail to:

Alexander A. Reinert
Ann B. Oldfather
Megan J. Hastings
Robyn Bender
Elizabeth Natter
LeeAnne Applegate
Bill Garmer
Matt Minner
Scott A. Powell
Don McKenna
John Beisner
Ben Barnett
Tarek Ismail
Richard L. Josephson

LEXLibrary 0106603.0570801  614506v1