# EXHIBIT 15



**Susan J. Pope**
Member
859.244.3204 (t)
859.231.0011 (f)
spope@fbtlaw.com

April 17, 2014

**VIA ELECTRONIC MAIL**

Ann B. Oldfather
Megan J. Hastings
Oldfather Law Firm
1330 S. Third Street
Louisville, KY 40208
aoldfather@oldfather.com
mhastings@oldfather.com

Alexander A. Reinert
c/o Benjamin N. Cardozo School of Law
55 Fifth Avenue, Room 938
New York, NY 10003
areinert@yu.edu

Re: Commonwealth of Kentucky v. Merck & Co., Inc.

Dear Counsel:

Pursuant to Judge Shepherd's April 10th Order, attached as Exhibit 1 is a chart that sets forth the response of Merck & Co., Inc. ("Merck") to Dr. David Egilman's October 29, 2013 request to remove the confidential designation from certain Merck documents previously produced for litigation purposes in a variety of Vioxx matters.

This chart addresses more than 2,500 documents identified or implicated by Dr. Egilman's October 29th request. That request included just 96 actual Bates numbers, thus requiring Merck's counsel to engage in multiple layers of review and analysis in an attempt to actually identify the documents at issue--the vast majority of which it turns out were never requested by nor produced to counsel in the Kentucky Attorney General matter. Many of these documents were designated as, and remain, confidential under other protective orders issued by other courts where Vioxx cases are or were venued. Those orders, and the protections they provide for confidential information in Merck documents, remain in full force unless and until amended by the issuing courts. Just so you are aware, we are sending a letter to Judge Shepherd today that more fully addresses these issues.

Similarly, Dr. Egilman's October 29th request includes references to dozens of deposition transcripts (and attached exhibits) which were not taken in the Kentucky matter and are governed by other courts' protective orders. Challenges to the confidentiality of such testimony and exhibits must be made in the court with jurisdiction over the matters in which those depositions were taken. Moreover, a challenge to the confidentiality of deposition testimony does not strip any Merck documents used during that deposition of their confidential status.

Ann B. Oldfather
Alexander A. Reinert
April 17, 2014
Page 2

The chart provides the following information for documents specifically identified by Bates number in Dr. Egilman's October 29th letter and for those documents that we could accurately identify following a reasonable investigation:

(1) the Bates number;
(2) the Protective Order under which the document was originally produced;
(3) Merck's general confidential designation for the document;
(4) whether the document was directly produced to counsel in the Kentucky Attorney General matter;
(5) Merck's position with respect to the confidentiality status under Rule 26.03(g) only for documents produced directly in the Kentucky Attorney General matter; and
(6) the basis for Merck's claim of confidentiality under Rule 26.03(g) only for documents produced directly in the Kentucky Attorney General matter.

The chart also reflects additional documents or materials that we cannot accurately identify from Dr. Egilman's October 29th request in order to complete a confidentiality assessment. We have repeatedly requested that Dr. Egilman provide additional information or clarification about these documents but our requests have thus far been ignored or rejected. These documents fall into separate color-coded categories reflected in the chart: (1) documents with inaccurate or no Bates numbers; (2) documents produced by third-parties, not Merck; (3) deposition exhibits not identified by deponent or Bates number; and (4) deposition transcripts in which the entire deposition is listed (but the challenged portions are not) or where insufficient information is provided to identify the specific deposition (as you know, many witnesses in the Vioxx litigation were deposed on multiple occasions). Additionally, there were composite documents created by, or at the direction of, Dr. Egilman that include information from Merck documents without reference to the production Bates number (examples attached as Exhibit 2), and these documents are not included in this response.

The failure to fully or fairly identify these documents renders them ineligible for proper resolution under ¶ 22 of the Agreed Protective Order. Accordingly, we do not waive our position with respect to the confidentiality of any such unidentified documents because Dr. Egilman has not complied with ¶ 22.

In addition, some of these documents contain personal information that Merck views as confidential outside of Rule 26.03(g). For those documents produced to Kentucky counsel under the Kentucky Agreed Protective Order, we assume you will take the necessary steps to safeguard this information (e.g., by redaction) prior to publication. You, not Merck, will be responsible for answering any complaints about the public disclosure of such personal information.

Please notify us if Dr. Egilman is withdrawing his challenge for any of the confidential documents listed on the attached chart. Moreover, please immediately identify any Bates ranges for documents set forth in the October 29th letter that Dr. Egilman believes we have omitted from

our chart. This step is made necessary by the simple fact that there are thousands of Bates numbers implicated by Dr. Egilman's October 29th request and, given this volume, any inadvertent omission of a document is not a waiver of our position with respect to whether such documents are confidential.

Thanks very much.

Sincerely,

Susan J. Pope

Attachments

Copies via electronic mail to:

    Julia Taylor
    Robyn Bender
    Elizabeth Natter
    LeeAnne Applegate
    Bill Garmer
    Matt Minner
    Scott A. Powell
    Don McKenna
    John Beisner
    Ben Barnett
    Tarek Ismail
    Richard L. Josephson

LEXLibrary 0106603.0570801 614501v1

250 West Main Street | Suite 2800 | Lexington, Kentucky 40507-1749 | 859.231.0000 | frostbrowntodd.com
Offices in Indiana, Kentucky, Ohio, Tennessee and West Virginia