UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck & Co., Inc.* | * | MAGISTRATE JUDGE KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF LEVITT'S RESPONSE TO MERCK'S MOTION FOR SANCTIONS AGAINST DR. DAVID EGILMAN

This response is being filed solely by Plaintiff Jo Levitt, through her attorneys, in an effort to clarify some of the misstatements and misunderstandings contained in Merck's Motion for Sanctions Against Dr. David Egilman, filed on April 4, 2014. In its Motion, Merck wrongly assumes that every Plaintiff in this multidistrict litigation ("MDL") has signed the confidentiality agreement subjecting them to the Court's Protective Order ("Pretrial Order # 13"). However, not every Plaintiff has agreed to the confidentiality agreement. Specifically, Plaintiff Jo Levitt has never agreed and, as a result, is not bound in any way by Pretrial Order # 13.

Further, Ms. Levitt disclosed Dr. Egilman on December 13, 2013 as an expert in her case and provided Merck with a signed copy of Dr. Egilman's expert report on the same date. Dr. Egilman's report in Ms. Levitt's case contains more than 50 pages of findings and specific quotations from the same set of allegedly confidential documents now at issue in Merck's Motion for Sanctions. In his expert report, Dr. Egilman referred to these documents specifically by Bates Number and quoted extensively from them, detailing hundreds of incidents of misconduct by Merck in regard to the manufacture, marketing and sale of Vioxx. While Merck has acknowledged receiving Dr. Egilman's expert report and has requested deposition dates for

Dr. Egilman in Ms. Levitt's case, it has surprisingly never taken any steps to "assure the security of any Confidential Information" contained in Dr. Egilman's report. Cf. Pretrial Order # 13, ¶ 17 ("Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order"). Nor has Merck made a single request since receiving Dr. Egilman's 72-page report in December, 2013 that Ms. Levitt sign a confidentiality agreement in this case subjecting Ms. Levitt and her experts to the Protective Order.

Under the Protective Order, repeatedly cited in its motion for sanctions, Merck has an affirmative obligation to ensure that all Plaintiffs sign the confidentiality agreement subjecting them to the Court's Protective Order. See, e.g., Pretrial Order # 13, ¶ 17 ("Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order"). Merck's failure to take all reasonable steps, indeed any steps, to protect its own internal documents in the cases where no confidentiality agreement was signed waives its right to complain of any documents disclosed outside of Pretrial Order # 13. See Pretrial Order # 13, ¶ 23 ("To the extent that any material designated as Confidential Information herein becomes publicly available other than through a violation of this or another protective order . . . the Confidential Information designation shall be deemed withdrawn from such material and shall, on notice, be removed from the log"). Stated another way, Merck cannot take advantage of this Court's Protective Order after knowingly waiving the confidentiality of its own documents.

According to the Pretrial Order, such a waiver affects confidentiality not only in the individual's case that was not subject to the confidentiality agreement, but in all Vioxx actions, including all actions in this MDL. Id. In short, Merck's failure to take the reasonable steps

necessary in Ms. Levitt's case to protect what they claimed was "confidential" has waived the confidentiality of these documents in every case. As a result, Dr. Egilman's purported disclosure(s) of information related to these documents in 2014 (more than 3 months after he was disclosed as an expert witness on these same documents in Ms. Levitt's case) would not be in violation of this Court's Protective Order or any protective order.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

/s/ Daniel A. Thomas
Kenneth B. McClain         MO #32430
Daniel A. Thomas           MO #52030
Scott B. Hall              MO #50793
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **PLAINTIFF LEVITT'S RESPONSE TO MERCK'S MOTION FOR SANCTIONS AGAINST DR. DAVID EGILMAN** has been served on Defense Counsel, Jonathan Williams, and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of May, 2014.

/s/ Daniel A. Thomas
| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |
| Scott B. Hall | MO #50793 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**