UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br>VIOXX PRODUCT LIABILITY LITIGATION )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**THIS DOCUMENT RELATES TO:** )<br>Ahouse, et al., v. Merck & Co., Inc., et al.; )<br>2:06-cv-02216-EEF-DEK as to )<br>Margaret Pickett ONLY )<br>_____ ) | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**PLAINTIFF'S VERIFIED PETITION FOR DISTRIBUTION OF VIOXX SETTLEMENT PROCEEDS**

Petitioner Cynthia Sievert, Trustee for the Estate of Margaret Pickett and Mrs. Pickett's surviving daughter, respectfully petitions this Court to order distribution of the settlement funds awarded through the Vioxx settlement program. Decedent Mrs. Pickett was a citizen of the State of Minnesota and Mrs. Sievert was appointed trustee pursuant to Minnesota Statutes section 573.02 governing the prosecution of wrongful death and survivorship actions. Mrs. Sievert's verification of this petition is attached as Exhibit A. This Court, in a previous substantively similar motion filed by the undersigned counsel, *sua sponte* sealed the motion and struck all references of it from the PACER system as documented in the order attached as Exhibit B. Petitioner does not object to likewise sealing this petition should this Court again so order and the attached proposed order anticipates that this Court will choose to proceed in this manner.

Pursuant to Minnesota General Rules for the Practice of District Courts, Rule 144.05 Distribution of Proceeds, for actions brought pursuant to Minnesota Statutes

1

573.02, "[i]f an action was commended, such petition shall be heard by the court in which the action was tried, or in the case of a settlement, by the court in which the action was pending at the time of settlement." At the time of settlement, the Estate's case remained pending before this Court following transfer to MDL 1657, *In re: Vioxx Products Liability Litigation*, 2:05-md-01657-EEF-DEK. Rule 144.04 further indicates that when a civil action is filed in a court other than the court establishing the trust that "jurisdiction over the trust will thereupon be transferred to such court." A copy of the Consent and Oath of Trustee and the Petition for Appointment of Trustee are attached as Exhibit C.

In support of this request, Mrs. Sievert complies with Rule 144.05 by filing this verified petition stating (1) the amount of settlement, (2) the litigation disbursements, (3) attorney and trustee fees, (4) funeral expenses, (5) the name, age and address of herself and each other potential next of kin and (6) the share to which each person so identified in entitled.

Exhibit D to this verified petition is the settlement statement prepared by plaintiff's counsel that identifies the settlement amount, disbursements and attorney fees at issues. Mrs. Sievert further attests that no funeral bills or other expenses remain due. Counsel respectfully advises this Court that the Vioxx settlement program's Lien Resolution Administrator reports no pending liens.

Mrs. Sievert identifies her age as 63 years and her home address as 14185 Blaine Avenue, Rosemount MN 55068. Mrs. Pickett's other potential heirs, the surviving children of her predeceased biological children, are identified as Margaret Ramer Wall of 151 Winnon Road, Colliston, LA 91229-9234, age 44, and Cheryl Tyson of 2806 Clearlake Road, Pioneer, LA 71266-7265, age 47 (children of decedent's

predeceased son William Ramer) and Michelle Tucker, 17146 Jay Bell Court, Lakeville, MN 55044, age 47 (child of decedent's predeceased daughter Wanda Taylor). All potential heirs have received notice of this petition.

With regard to the shares to which each person is entitled, Minnesota Statutes section 524.2-103(1) directs "to the decedent's descendants by representation." Mrs. Seivert attests that there are no descendant heirs other than herself and the children of predeceased William Ramer and Wanda Taylor.

As Mrs. Sievert and the children of Mr. Ramer and Ms. Taylor are entitled to equally divide all assets of Mrs. Pickett's estate, Mrs. Sievert as Trustee respectfully requests that this Court grant her verified petition and order distribution of the Vioxx settlement funds in accord with Exhibit D including payment of attorney fees, disbursements remaining due and the net proceeds divided with a one third distribution to herself and Ms. Tucker and a one-sixth distribution each to Ms. Wall and Ms. Tyson. A proposed order is provided for this Court's consideration.

DATED:     February 11, 2014

                Respectfully submitted,

                **CELLINO & BARNES, P.C.**

By: _____
                Brian A. Goldstein
                Main Place Towers
                350 Main Street, 25th Floor
                Buffalo, NY 14202
                1-800-888-8888