UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
---------------------------------------------------------------x
In re: VIOXX PRODUCTS LIABILITY
LITIGATION                                          MDL NO. 1657 (EEF)

THIS DOCUMENT RELATES TO ALL CASES   SECTION L

                                                    AFFIRMATION OF ALEXANDER
                                                    A. REINERT
---------------------------------------------------------------x

**ALEXANDER A REINERT**, an attorney admitted *pro hac vice* for the practice of law in this Court, affirms under penalty of perjury as follows:

1. I represent Dr. David S. Egilman in this matter, and as such am fully familiar with the facts and circumstances of this case. I make this affirmation in support of Dr. Egilman's opposition to Defendant Merck Sharp & Dohme Corp.'s ("Merck") Motion for Sanctions Against Dr. David Egilman.

2. The instant matter was commenced by Merck by motion filed on April 4, 2014.

3. In its motion, Merck claims that Dr. Egilman has disclosed information contained in documents protected by protective orders entered by this Court, Pretrial Order Nos. 13, 13A, and 13C.

4. Merck has failed to date to specify the documents that contained the information disclosed by Dr. Egilman, nor has Merck identified whether any of these documents is protected by this Court's Pretrial Orders.

5. Merck also has failed to date to provide any confidentiality log to counsel for Dr. Egilman, the details of which would assist Dr. Egilman in understanding whether he made reference to any documents classified as confidential pursuant to this Court's protective orders.

1

6. In litigation pending in Kentucky state court, however, Merck has provided a list of documents, including MDL documents, that includes a characterization of whether Merck considers them to be confidential under governing protective orders. Attached as Exhibit A are the lists generated by Merck in Kentucky state court. This document includes MDL documents that Merck considers to be confidential, MDL documents that Merck considers not to be confidential, as well as confidential and non-confidential documents produced in at least four other actions and governed by separate protective orders.

7. Dr. Egilman's expert report, filed in this action and available on PACER, contains numerous assertions that relate to Merck's fraud, misrepresentation, and failure to disclose relevant health effects. A true and correct copy of Dr. Egilman's report is attached hereto as Exhibit B; a true and correct copy of Dr. Egilman's amendment to his report is attached hereto as Exhibit C.

8. Attached as Exhibit D are four tables. The first cross-references the documents relied upon by Dr. Egilman for his expert opinions with the MDL documents that Merck agrees are not confidential under this Court's protective order. The next three tables list detailed statements in Dr. Egilman's expert report regarding fraud, misrepresentation, and VIOXX health effects and which also are fully supported by non-confidential documents. This comparison shows that Dr. Egilman's specific statements regarding fraud, misrepresentation, and the cover-up of health effects in his expert report can be supported by documents conceded to be non-confidential by Merck, even as they are far more detailed than the more general comments contained in *The Wall Street Journal* article.

9. Dr. Egilman is a full Clinical Professor of Family Medicine at Brown University, who has published several articles (based on previously confidential Merck documents) on Vioxx - related matters, in peer-reviewed medical journals including the Journal of the American Medical Association, the British Medical Journal and the Annals of Internal Medicine. Attached as Exhibit E is a true and correct copy of Dr. Egilman's curriculum vitae.

10. Dr. Egilman has regularly sought permission, through Merck's counsel, to discuss in published articles or other statements any materials that Merck had designated as confidential. Attached as Exhibit F are examples of such correspondence with Merck's counsel. These show, for example, that on April 9, 2007, Merck's counsel Theodore Mayer emailed Dr. Egilman to respond to his inquiries regarding the confidentiality of certain internal Merck documents. And on April 3, 2012, Merck counsel R.J. Cinquegrana provided another response to Dr. Egilman's questions regarding the confidential status of certain documents. Dr. Egilman also solicited comments from Merck on drafts of his articles, both for their substance and to ensure that Dr. Egilman did not reveal any confidential information. Included in Exhibit F is a March 23, 2007, letter from Mr. Mayer to Dr. Egilman providing Merck's comments on a draft article Dr. Egilman had sent to Mr. Mayer.

11. If one compares the list of documents designated non-confidential by Mr. Cinquegrana with the list of documents that Merck describes as confidential in the Kentucky litigation, *see* Ex. A, it is apparent that Merck is inconsistent in its descriptions. Of the documents declared non-confidential by Mr. Cinquegrana, at least seven are claimed to be confidential by Merck in its April 17 and 20 submissions in Kentucky. *Compare* April 3, 2012 email from Cinquegrana, attached as Ex. F (declaring following documents confidential: MRK-

3

01420115559; MRK-AAA0007702; MRK-AAD0048884; MRK-ABY0002041; MRK-ACV0020639; MRK-AJA0092876; MRK-NJ0347581) *with* Merck Response to Dr. Egilman April 3, 2014 De-Designation Request at 12, 16, 20, 29, 32, 43, 60, attached as Ex. A (declaring identical documents to be confidential). In addition, in its Kentucky submission there are at least two documents that Merck claims are both confidential and not confidential. *Compare* Merck Response to Dr. Egilman April 9, 2014 De-Designation Request at 4, attached as Ex. A (designating as confidential MRK-NJ0089972 - MRK-NJ0090021) *with* Merck Response to Dr. Egilman October 29, 2013 De-Designation Request at 45, attached as Exhibit A (designating same documents as not confidential); *compare* Merck Response to Dr. Egilman October 29, 2013 De-Designation Request at 45, attached as Ex. A (designating as confidential MRK-NJ0120240 - MRK-NJ0120245) *with* Merck Response to Dr. Egilman April 9, 2014 De-Designation Request at 4, attached as Ex. A (designating same documents as not confidential).

12. Because of confusion surrounding the confidential status of numerous internal documents, and consistent with his prior practice, by letter dated October 29, 2013, Dr. Egilman again approached Merck to discuss the confidentiality of Vioxx documents that Dr. Egilman had reviewed as part of his preparation as an expert witness in an action brought by the State of Kentucky against Merck. As a result of Dr. Egilman's inquiries, proceedings are pending in Kentucky state court which will resolve the confidential status of numerous Vioxx documents. As part of its pleadings in Kentucky, Merck has submitted Dr. Egilman's October 29, 2013 letter to the Court, thereby entering the letter into the public record. Attached as Exhibit G is a submission by Merck making reference to the letter, a February 14, 2014, Letter from Susan J.

Pope to The Hon. Phillip Shepherd.  Attached as Exhibit H is Dr. Egilman's October 29, 2013 letter, originally designated Exhibit A to Ms. Pope's letter.

13. As this Court knows, Merck pleaded guilty to criminal charges brought by the United States Department of Justice, relating to its marketing of Vioxx.  Attached as Exhibit I is a true and correct copy of the transcript of Merck's Dec. 16, 2011, Rule 11 Hearing

14. The State of Utah has, through separate pleading, fully canvassed the extent to which Merck has disclosed and discussed confidential material through its publication of an expert report by Judge John Martin.  *See* State of Utah's Motion in Opposition to Contempt Citation.  Merck has engaged in similar disclosures on other occasions.  Attached as Exhibit J is a true and correct copy of the June 13, 2013, expert report filed by Dr. Lisa Rarick on Merck's behalf in the Vioxx litigation brought by the State of Kentucky.  Attached as Exhibit K is a true and correct copy of Merck's November 18, 2004, testimony before the United States Senate Committee on Finance.

15. Merck's confidential documents also have been discussed in other publicly filed litigation documents.  Attached as Exhibit L is a true and correct copy of the Sixth Amended Securities Class Action Complaint filed against Merck in the District of New Jersey.  Attached as Exhibit M is a true and correct copy of Merck's Answer to that Complaint.  Neither document was filed under seal or designated confidential.

16. In Merck's motion, it places great reliance on a Southern District of Georgia case, *Nevil v. Ford Motor Co.*, 94 Civ. 15, 1999 WL 1338625 (S.D. Ga. Dec. 23, 1999).  Attached hereto as Exhibit N is a true and correct copy of the response brief filed by the expert witness accused of disclosing confidential information.  This brief does not make any coherent argument

5

that the expert disclosed information that was identical to publicly available documents. Attached hereto as Exhibit O is a true and correct copy of the protective order entered in the *Nevil* litigation. It contains no provision analogous to Paragraph 23 of PTO 13.

17. Accordingly, counsel respectfully maintains that Merck had failed to provide any evidence that Dr. Egilman has disclosed information protected as confidential by Pretrial Order Nos. 13, 13A, and 13B.

**WHEREFORE**, affirmant respectfully requests that this Court deny Merck's motion for sanctions.

Dated: New York, New York
      May 28, 2014

                                        <u>s:/Alexander A. Reinert</u>
                                        ALEXANDER A REINERT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the attached **AFFIRMATION OF ALEXANDER A. REINERT** was sent to the following parties and Counsel of Record via electronic mail on May 28, 2014:

John H. Beisner
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
john.beisner@skadden.com

Dawn Barrios
Barrios, Kingsdorf & Casteix LLP
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
barrios@bkc-law.com

Leonard Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
ldavis@hhklawfirm.com

William R. Garmer
Garmer & Prather
141 N Broadway
Lexington, KY  40507
BGarmer@garmerprather.com

Russ Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
rherman@hhklawfirm.com

Ann B. Oldfather
Oldfather Law Firm
1330 South Third Stree
Louisville, Kentucky  40208
aoldfather@oldfather.com

Dorothy H. Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
DWimberly@stonepigman.com

Phillip Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
pwittmann@stonepigman.com

<u>s:/Alexander A. Reinert</u>
Alexander A. Reinert, Esq.
55 Fifth Avenue, Room 938
New York, NY  10003
Tel: (212) 790-0403
areinert@yu.edu