## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

This Document Relates to:    ***Com. Of Kentucky v. Merck & Co., Inc.,*** No. 19-CI-1671 (Franklin Circuit Court, and formerly No. 2:10-cv-1115 (E.D. La.)

### RESPONSE OF DR. DAVID EGILMAN AND HIS COUNSEL TO MOTION FOR EXPEDITED CONSIDERATION OF MERCK'S MOTION TO ENJOIN ACTION IN KENTUCKY STATE COURT

Dr. David Egilman and his counsel join in Merck's Motion for Expedited Consideration of Merck's Motion to Enjoin action in the Kentucky state court, and agree that the Motion to Enjoin should be heard on June 6, 2014, ***provided that*** the Court is able to accommodate Dr. Egilman and his counsel with sufficient time to prepare a response in the very few days between now and June 6, 2014. Dr. Egilman requests a period through June 4, 2014, in which to file a formal Response, if that leaves the Court sufficient time to review his papers.

Dr. Egilman does not agree that the merits of the Motion justify an expedited hearing, and notes that Merck's invocation of the All Writs Act appears to conflict with this Court's prior statement on February 28, 2014 that: "I'm not, as a federal court, going to instruct a state court judge not to act on material that he had, but I don't think that his rulings on them is necessarily the only ruling that's necessary."

(*See* Tr. at 19, Ex. 7, Merck's Mtn. to Enjoin).  Merck could have brought this de-designation issue to this Court at any time. It chose not to do so. The extraordinary relief it seeks is not a substitute for motion practice that was available but not used.

Dr. Egilman also notes that Merck did not meet and confer in any regard before filing the Motion to Enjoin at 8:22 p.m. on the evening of May 28, 2014, and that every indication from Merck up until that point was that the de-designation process in Kentucky could run its course without objection (Mr. Beisner for Merck, Hearing, Franklin Circuit Court, Kentucky, May 14, 2014: "In listening to Ms. Oldfather's presentation, I have a feeling that the problem here is that Plaintiffs are not taking 'yes' for an answer here. … With the exception of the 11 documents which Merck intends to move for protective treatment, we are not asking the court to protect any documents." Video record, 10:59:42- 11:00:12). Merck made a reasoned decision to forsake relief in Kentucky, and now invokes the extraordinary powers of the All Writs Act to attempt to cure its mistake ("Merck decided not to file a motion to uphold confidential designations in this Court for any documents that are also covered under protective orders issued by other federal and state courts because it does not benefit anyone – Merck, Dr. Egilman, or the Court – to litigate matters here that would still need to be litigated again elsewhere." Merck's Opposition to Dr. Egilman's Motion to Declare Documents Non-Confidential," at 1, Franklin Circuit Court, Kentucky).[1] Merck could have presented its reasons for

---

[1]   The Kentucky Protective Order did not require a "motion" but rather a description of the Merck's reason for the claimed confidentiality. It is of interest that Merck refused to provide this most basic of information, even though it was also required by this Court's PTO 13 to state the "reasons for such designation" once confidentiality was challenged.

2

confidential treatment to Judge Shepherd. It chose not to do so.

Nevertheless, Dr. Egilman agrees that consideration of the Motion on June 6, 2014 is acceptable as long as the Court will have an opportunity to review Dr. Egilman's Response on such a short turn-around.

Respectfully Submitted,

*/s/ Ann B. Oldfather*

_____

Ann B. Oldfather, KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.636.0066  (fax)
aoldfather@oldfather.com
*Co-counsel for David S. Egilman, M.D.*
*in Kentucky Action*

and

*/s/ Alexander A. Reinert*

_____

Alexander A. Reinert
55 Fifth Avenue, Room 1005
New York, New York  1003
(212) 790-0403
areinert@yu.edu
*Co-counsel for David S. Egilman, M.D.*
*in Kentucky Action*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of May, 2014.

*/s/ Ann B. Oldfather*
_____
Ann B. Oldfather