UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| Com. of Kentucky v. Merck, et al. No. 09-CI-1671 (Franklin Cir. Ct.) | * | JUDGE ELDON E. FALLON |
| And formerly No. 2:10-cv-1115 (E.D. La.) | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF, STATE OF UTAH'S, LIMITED OPPOSITION TO DEFENDANT'S MOTION TO ENJOIN DR. DAVID EGILMAN AND HIS COUNSEL FROM PURSUING AN ORDER FROM KENTUCKY STATE COURT THAT WOULD DECLARE PROTECTED DOCUMENTS NON-CONFIDENTIAL**

Plaintiff, State of Utah (hereinafter "Utah"), enters a limited opposition to Defendant's Motion to Enjoin Dr. David Egilman and His Counsel from Pursuing an Order from Kentucky State Court that would Declare Protected Documents Non-Confidential. Utah will be brief.

A.  **The Court cannot apply a national standard of privilege or waiver.**

In Utah's Supplemental Motion in Opposition to Contempt Citation, filed May 28, 2014, Utah set out the applicable evidentiary law to be followed by the court in cases removed from state courts.

**Rule 501** of the Federal Rules of **Evidence** provides that "in a civil case, **state law** governs privilege regarding a claim or defense for which **state law** supplies the rule of decision." *The Shaw Group v. Zurich American Insurance,* 2014 WL 1784046 (M.D. La.) *See Also In Re*

1

*Lipre,* 480 B.R. 658 (W.D. La. 2012). As this Court recognized in *In re Vioxx Products Liability Litigation,* 478 F.Supp.2d 649 (E.D. La. 2011), the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules. See <u>Ferens v. John Deere Co., 494 U.S. 516, 524, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990)</u>.

      Thus, privileged information in one jurisdiction might be public under Utah Rules of Evidence Rule 510. The Utah Rule waives privilege when a party discloses a significant part of the matter or communications. Utah places the burden of showing both the existence of a confidentiality privilege and non-waiver upon Merck. Comingling privileged and unprivileged documents waives the privilege. Utah does not have to show that Merck intended to waive the privilege but only that Merck intended to disclose the confidential documents. In Utah Merck cannot use the confidential information as both a sword and a shield. Those rules are different from the Federal Rules.

      Counsel for Utah are not admitted in all jurisdictions. We do not know Kentucky evidentiary law. We would not venture opinions over other State's privilege and confidentiality waiver law. We know that we proceed under Utah Rule 510.

      Therefore, in deciding Utah or Kentucky privilege and waiver law, the court should follow its prior order and apply the law of the applicable forum. As tempting as it might be in lessening the burden of the court, FRE 501 gives specific instruction not to arbitrarily apply a national standard on confidentiality and waiver.

## B. The Court should give clear instructions as to how confidential material should be handled after remand.

For most of the cases remaining in this court, retention of jurisdiction over the data base will not be troublesome. This is because those cases came to the court on diversity of citizenship and will be returned to their home state's federal court.

The State cases, however, present more difficulties should they be remanded to State Court. They came to the court on alleged federal question jurisdiction. The Court has not yet remanded Utah's case but in light of *Gunn v. Minton,* 133 S.Ct. 1059 (2012), that possibility should be entertained. In federal question cases, the Court's jurisdiction exists only to decide if it has jurisdiction. This Court decided that it did not have Kentucky jurisdiction and that therefore, Kentucky had never been properly before the court.

It seems problematic for the court to issue a writ staying state court proceedings after remanding for lack of jurisdiction. It would appear that in order to enjoin state court proceedings, there would of necessity need to be statutory authority to bring the state court and its participants before the federal court. This would be true even if the purpose of bringing the state court or participants before this Court was to enforce the confidentiality rules. The Supreme Court has definitively stated that the "All Writs" statute does not confer federal jurisdiction.

The seminal case for this discussion is *Syngenta Crop Protection v. Henson,* 537 U.S. 28 (2002). There, the petitioners removed a case from state court in order to effectuate a federal court class action judgment. They alleged jurisdiction based upon the All Writs Act and the doctrine of ancillary jurisdiction. The Court held otherwise. "Because the All Writs Act does

3

not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal…" Id. at 370.

Ancillary jurisdiction is likewise unavailable. "[A] court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claim." Id. at 372. This Court by remand determined that it never did have federal question jurisdiction over Kentucky. A remand of the Utah matter (or Alaska, Montana or Mississippi) would also indicate that federal jurisdiction was lacking. A writ in the Kentucky case should not be issued without federal subject matter jurisdiction. If jurisdiction is based only upon the All Writs act, enjoining a state court and litigants properly before it seems problematic.

The impossibility of a federal court exercising jurisdiction over a case that has been remanded is shown clearly in a case heavily relied upon by Merck.

> In the case at bar, we note that the district court enjoined not only the *Mahoney* and *Winkler* plaintiffs, but also "[a]ll plaintiffs in all cases ever included in multidistrict litigation docket no. 907 and all counsel who are or have been of record in MDL 907." Given the facts in the case before us, this broad language sweeps too many people within its interdict, and such a far-reaching and overly expansive injunction is an abuse of discretion. *PepsiCo, Inc. v. Redmond,* 54 F.3d 1262, 1272 (7th Cir.1995). Such an injunction would, for example, include a plaintiff whose case was consolidated in the multidistrict litigation, but remanded to state court long before the quarrel over the *Fentress* agreement arose, or even before Smith became lead counsel. Such a plaintiff could not be accused of forum-shopping. **It might also encompass a plaintiff whose case had been wrongly removed to federal court and over whom the district court never had jurisdiction. The court would have no more power to enjoin such a plaintiff than it would to enjoin the ongoing *Fentress* proceedings in Kentucky.** [emphasis added] [FN7] We are of the opinion that the district court has authority under the Anti–Injunction Act to enjoin only those persons (and their counsel) whose cases are presently part of federal multidistrict litigation, or **who were properly** [emphasis added] part of such multidistrict litigation at the time the court granted Smith's motion to withdraw as lead counsel.
> *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1204 (7th Cir. 1996)

The Court should articulate the basis of federal subject matter jurisdiction over remanded proceedings. This would alleviate further litigation.

### C.  Comity and Judicial Economy would allow state courts or local federal courts to decide the issues of privilege and waiver under the applicable law.

If there were no other reasons to remand the cases, FRE 501's dictate that privilege and confidentiality are to be decided by the law of the forum state should convince the Court of the wisdom of remand or suggestion of return to the MDL.

### Conclusion

As much as Merck would like the Court to impose one standard for privilege and waiver of privilege, FRE 501 precludes that result. Even if Merck succeeds in having this court issue a writ to the courts of Kentucky, this Court would be forced to decide an issue of Kentucky evidentiary law.

Utah suggests that the States are fully competent to decide issues of confidentiality, privilege and waiver. Each state is distinct. As raised in our earlier filing, Utah does not believe that Merck has any privileges or confidential documents left because of disclosure of a significant part of the matter through the Martin report. Utah has unique rules on waiver of attorney work product. Within the bounds of law, whether they are federal or state, Utah intends to bring the appropriate motion on privilege and waiver under Utah law.

The States need clear guidance on challenges to Merck's waiver of privileged-confidential documents. If remanded, the States need to know if they will be hailed back into the MDL if they make evidentiary decisions that are consistent with State law but offend Merck's

notions of the post-remand status of the documents.

DATED this 30th day of May, 2014.

/S/
Joseph W. Steele
Kenneth D. Lougee
SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, UT 84123


/S/
Richard W. Schulte
812 E. National Road, Suite A
Vandalia, OH 45377


/S/
Eric H. Weinberg
THE LAW OFFICES OF ERIC H. WEINBERG
149 Livingston Avenue
New Brunswick, NJ 08901

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **PLAINTIFF, STATE OF UTAH'S, LIMITED OPPOSITION TO DEFENDANT'S MOTION TO ENJOIN DR. DAVID EGILMAN AND HIS COUNSEL FROM PURSUING AN ORDER FROM KENTUCKY STATE COURT THAT WOULD DECLARE PROTECTED DOCUMENTS NON-CONFIDENTIAL** has been served on Liaison Counsel, Russ Herman, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of May, 2014.

_____/S/_____