## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| *This document relates to* | * | **JUDGE FALLON** |
| | * | |
| *Jo Levitt v. Merck & Co., Inc.* | * | **MAGISTRATE JUDGE KNOWLES** |
| **2:06-cv-09757-EEF-DEK** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ELAINTIFF JO LEVITT'S EX-PARTE MOTION FOR LEAVE
### TO FILE SUR-REPLY IN OPPOSITION TO MERCK'S
### MOTION FOR SUMMARY JUDGMENT

Plaintiff Jo Levitt, by and through her undersigned counsel, respectfully seeks leave of this Court to submit a Sur-Reply Memorandum in opposition to Defendant Merck's Motion for Summary Judgment (ECF #64878).

1.      On March 28, 2014, Defendant Merck filed a Motion for Summary Judgment.  (ECF #64878)

2.      On that same date, Defendant Merck filed a "Notice of Submission" which stated that Merck's "Motion for Summary Judgment . . . will be brought for hearing on April 23, 2014, at 9:00 a.m."  (Attachment 5 to ECF #64878)

3.      Subsequently thereto, Plaintiffs' counsel sent an email specifically requesting to move the "hearing date" and defense counsel agreed.  Upon information and belief, a submission was subsequently conveyed to the Court via liaison counsel which set forth a stipulated date upon which the "hearing" would be moved.

4.      On April 21, 2014, this Court entered an Order titled "Order Continuing Hearing on Merck's Motion for Summary Judgment to May 21, at 9:00 A.M."  (ECF #64904)

5.      On Friday, May 9, 2014, Plaintiff filed her pleadings in opposition to Merck's Motion for Summary Judgment.   The following Friday, May 16, 2014, Defendant Merck filed a Reply to the Plaintiffs' Opposition.  (ECF # 64931)

6.      Based on the title of the Order entered in the ECF system, Plaintiffs' counsel was under the mistaken belief that the Summary Judgment was to be argued via a hearing with this Court on May 21, 2014.  With only a couple of days to prepare before the hearing date, Plaintiffs counsel began researching the arguments and authorities cited in Defendants' Reply Brief.  Plaintiff did not believe that she had time to prepare a Reply Brief in the short amount of time.  Thus, Plaintiff anticipated addressing the issues raised in Merck's Reply during oral argument.

7.      In fact, Plaintiffs' counsel flew down to New Orleans and presented to this Court's chambers on the morning of May 21, 2014.  At this time, Plaintiff's counsel was informed that the Court's submission date is not a date for oral arguments.  Plaintiff's counsel was also informed that this matter had not been set for an oral argument at that time.

8.      To be clear, Plaintiff's counsel does not suggest that opposing counsel did anything untoward or inappropriate regarding the hearing date.  Plaintiff's counsel merely misinterpreted the Court's Order in conjunction with the local rules regarding submission dates.  Likewise, Plaintiff's counsel does not suggest that opposing counsel did anything inappropriate in terms of the timeliness of its Reply brief.

9.      Upon returning to Kansas City, Plaintiffs' counsel contacted Defense counsel to inquire about an agreed upon date for oral argument on this issue.  Counsel for both parties compared calendars and have confirmed that counsel for both parties are available on July 23, 2014.  Plaintiff's counsel has since filed a Motion for Oral Argument on Defendant's Summary Judgment Motion. (Doc #64962).

10.     Plaintiff's counsel also conveyed to Defense counsel that Plaintiff intended to seek leave to file a Reply Brief.  Defense counsel has indicated that Merck does not plan to oppose this motion.

11.     Plaintiff's sur-reply seeks to address issues raised in Defendant Merck's Reply in Support of its Motion for Summary Judgment.  Many of these issues were not previously briefed nor addressed in the original Motion for Summary Judgment.  In fairness to opposing counsel, these issues appear to have been raised in response to Plaintiff's Opposition to Summary Judgment.

12.     Plaintiff respectfully submits that it will be fair and just to all parties and it will be beneficial to this Court to allow Plaintiff to submit a sur-reply in order to fully address all of these issues.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Court enter an Order granting Plaintiff's Motion for Leave to File a Sur Reply which shall be filed no later than July 16, 2014.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

/s/ Daniel A. Thomas
_____

| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff Jo Levitt's Motion to Seal has been served upon Defense Counsel, Jonathan Williams, Defendant Liaison Counsel, Dorothy H. Wimberly, and Plaintiff Liaison Counsel, Ann Oldfather, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of June, 2014.

/s/ Daniel A. Thomas
_____

Kenneth B. McClain                    MO #32430
Daniel A. Thomas                      MO #52030
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile
**ATTORNEYS FOR PLAINTIFFS**