**EXHIBIT A**

FRANKLIN CIRCUIT COURT
DIVISION I
CASE NUMBER 09-CI-01671

COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF

and

DAVID EGILMAN, M.D., M.P.H.                                                     MOVANT

vs.

MERCK & CO., INC.                                                                      DEFENDANT

\* \* \* \* \* \* \* \*

**REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO DECLARE DOCUMENTS NON-CONFIDENTIAL
DUE TO NON-COMPLIANCE WITH COURT'S ORDER**

After maintaining initially that the multitude of documents associated with this Kentucky proceeding weren't "produced" in this litigation, Defendant Merck Sharp & Dohme Corp. ("Merck") does an about-face and now concedes they were. After refusing to follow this Court's ***express*** Order that, within ten (10) days, it de-designate or provide reasons why a document is confidential, it now conflates that obligation with a non-existent obligation to file a motion, and it tells the Court it simply "decided not to file" a [mythical] motion. Opp. at 1. Finally, Merck suggests that this Court does not have the authority to allow Kentucky citizens access to documents that were a part of litigation in this courtroom involving millions of dollars of public funds because—according to Merck – all this Court can do is remove one "layer of protection" and then wait to see how other courts rule, presumably until all the "layers" are aligned. Merck fails to distinguish its wishful thinking from the reality that multiple courts can issue orders that bind different

sets and subsets of parties, but once one court allows publication of a document, then there is nothing left to protect.

These points are pertinent to the Court's decision:

(1) Merck concedes by express statement, or at worst by declining to contest, that these *are* documents produced in Kentucky ("The effect of Merck's decision … [is] that those documents lose whatever protection they might have enjoyed under the Kentucky Protective Order." Merck's Opposition to Motion to Declare Documents Non-Confidential (Merck's Opp.) at 6-7, and at 7, ftn. 3). In other words, as Merck itself concedes, it really has no objection to this Court ordering that the subject documents were both produced pursuant to the governing protective order in Kentucky and are no longer confidential pursuant to that order.

(2) The terms of the Protective Order *to which Merck agreed* establish that the non-disclosure protection is withdrawn as soon as the confidentiality designation is withdrawn. Agreed Protective Order at ¶23.

(3) This Court is not a "layer." This is a court of independent jurisdiction, bound by and beholden to the Kentucky Constitution and Kentucky Rules of Procedure and the common law, with the attendant rights to open courts (KY. CONST. §14) and public access to judicial documents ("We recognize that the government belongs to the people, that its activities are subject to public scrutiny, and that the news media is a primary source for protecting the right of public access. This right includes the public's 'right to inspect and copy public records and documents, including judicial records and documents.' *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, (1978)," *Courier-Journal and Louisville Times Co. v. Peers*, 747 S.W.2d 125, 128 (Ky. 1988)). Courts of separate and independent jurisdiction each have the right to protect presumptively confidential documents, but any one of them has the power to end that confidentiality by ordering that the documents be made public. Merck makes no argument in opposition to Dr. Egilman's request that this Court order it to file the documents in a publicly accessible format with the Court. This, after all, is the only way to accomplish this Court's goal of ensuring that Kentucky citizens are able to assess and understand the resolution of this important action, brought by their own public officer.

(4) Dr. Egilman is not asking this Court to make any findings regarding the consequences of de-designation for the status of the documents under other governing protective orders. Although the Protective Order governing the MDL proceeding is crystal clear that a de-designation here

2

shall automatically be a de-designation in the MDL[1] -- a term parallel to Agreed Protective Order at ¶23 -- we agree that Judge Fallon is in charge of his own Orders. It is somewhat puzzling that Merck has today emailed Judge Fallon copies of the Motions to be heard before this Court tomorrow, *see* Mr. Beisner's letter at TAB A (without attachments), but we will leave it to Merck's counsel to explain their motivation for that strategy, just as they must justify the misguided effort to sanction Dr. Egilman for his temerity to talk to a reporter with less precision and specificity than publicly available information found in expert witness disclosures.[2]

Movant respectfully requests that this Court affirm by Order the non-confidential status of all listed documents and require Merck to provide reasonable means by which the Kentucky public can gain access to the documents.

---

[1] Paragraph 23 of MDL Pretrial Order 13:"To the extent that any material designated as Confidential Information … has its designation as Confidential Information withdrawn or judicially removed in any U.S. VIOXX action or MDL-1658, the Confidential Information designation shall be deemed withdrawn from such material …".

[2] Had Merck been legitimately concerned that the Court may violate the Supremacy Clause we in all likelihood would have seen more than letter to Judge Fallon. Since the MDL Protective Order explicitly contemplates that the actions of other courts will result in de-designation of documents in the MDL, there is none of the risk presented in *Newby v. Enron Corp.*, 338 F.3d 467 (5th Cir. 2003), a situation in which the appellate court found that pending state court proceedings would interfere with substantive determinations and would pose the risk of duplicate and inconsistent injunctive relief, thereby exposing the defendants to "serious risk." *Id.* at 475.

Respectfully submitted,


/s/ Ann B. Oldfather
Ann B. Oldfather
Megan J. Hastings
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, Kentucky  40208
(502) 637-7200
aoldfather@oldfather.com
mhastings@oldfather.com
cms@oldfather.com
mlc@oldfather.com
*Co- Counsel for Movant David Egilman, M.D., M.P.H.*

*and*

Alexander A. Reinert (NY 3046331)
c/o Benjamin N. Cardozo School of Law
55 Fifth Avenue, Room 1005
New York, NY 10003
(212) 790-0403
areinert@yu.edu
*Co- Counsel for Movant David Egilman, M.D., M.P.H.*

4

**CERTIFICATE OF SERVICE**

  The above signature certifies that a true and correct copy hereof was served via e-mail as designated below on **May 14, 2014**, to:

| | |
|---|---|
| Scott A. Powell<br>Don McKenna<br>Matthew C. Minner<br>Brian Vines<br>Hare, Wynn, Newell and Newton, LLP<br>2025 Third Avenue North; Suite 800<br>Birmingham, AL 35203<br>scott@hwnn.com<br>matt@hwnn.com | Todd Leatherman<br>Maryellen B. Mynear<br>Elizabeth Ungar Natter<br>Office of Consumer Protection<br>Office of the Attorney General<br>1024 Capital Center Drive; Suite 200<br>Frankfort, KY 40601<br>liz.natter@ag.ky.gov |
| William R. Garmer<br>Jay Prather<br>Garmer & Prather, PLLC<br>Opera House Building<br>141 North Broadway<br>Lexington, KY 40504<br>BGarmer@garmerprather.com | John H. Beisner<br>Skadden, Arps, Slate Meager & Flom, LLP<br>1440 New York Avenue Northwest<br>Washington, DC 20005-2111<br>John.Beisner@skadden.com |
| Tarek Ismail<br>Goldman Ismail Tomaselli Brennan & Baum, LLP<br>564 West Randolph Street, Suite 400<br>Chicago, IL 60661<br>TIsmail@goldmanismail.com | Richard L. Josephson<br>Baker Botts, LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>richard.josephson@bakerbotts.com |
| Susan J. Pope<br>Frost Brown Todd, LLC<br>250 West Main Street; Suite 2800<br>Lexington, KY 40507-1749<br>spope@fbtlaw.com | Ms. Julia Taylor<br>Chambers of Hon. Phillip J. Shepherd<br>Franklin Circuit Court<br>222 St. Clair Street<br>Frankfort, Kentucky 40601<br>juliataylor@kycourts.net |

**TAB A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL
(202) 371-7410
DIRECT FAX
(202) 393-5760
EMAIL ADDRESS
JOHN.BEISNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 13, 2014

**VIA E-MAIL**

Honorable Eldon E. Fallon
United States District Court
500 Poydras Street, Room C-456
New Orleans, LA 70130

                RE:     Vioxx Confidential Documents – Dr. David Egilman

Dear Judge Fallon:

     I am writing to update the Court on the latest developments in the ongoing dispute between Merck and Dr. Egilman over document confidentiality.

     As the Court knows, Dr. Egilman has demanded that Merck de-designate as confidential potentially thousands of documents in the Kentucky AG proceeding, even though the Kentucky AG matter is long settled and even though the vast majority of the documents at issue in his requests were designated confidential under *this* Court's Protective Order. Shortly after Merck moved in this proceeding for sanctions against Dr. Egilman for leaking confidential information to the press, his counsel responded by filing a motion in Kentucky asking that court to: (1) declare non-confidential (and thereby release) all documents that Dr. Egilman challenges, ***even if they are protected by this Court's confidentiality order as well***; and (2) impose criminal and civil sanctions on Merck. The basis for Dr. Egilman's motion is that Merck has determined – given the extreme costs and difficulty of dealing with Dr. Egilman's constantly shifting requests – that it does not make sense to defend the additional layer of protection offered by the Kentucky confidentiality order for documents that were produced in this proceeding.

Honorable Eldon E. Fallon
May 13, 2014
Page 2

Dr. Egilman's counsel in Kentucky sought an immediate hearing on his motion, well in advance of the dates offered by this Court for a hearing on Merck's motion. That hearing is scheduled for tomorrow.

Merck believes that Dr. Egilman's request that the Kentucky court declare documents "public" even though they have been designated confidential in this proceeding violates PTOs 13, 13A and 13B, and the Court's recent order that Dr. Egilman "strictly comply" with those orders pending a hearing on Merck's motion for sanctions. (*See* Order, Apr. 14, 2014, ECF No. 64900.)

For the Court's information, the parties' briefs are attached.

Sincerely,

John H. Beisner

cc: Dawn Barrios
Russ Herman
Leonard Davis
Alexander Reinert
Ann Oldfather