UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

**JOINT REPORT NO. 82 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 82.

**I.      CLASS ACTIONS**

By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].  On February 3, 2014, objector Geneva Meloy appealed the judgment [Rec. Doc. 64817].  *See infra* discussion at section VI.

The class notice program, as originally ordered by the Court has been completed, and claims have been submitted and are being reviewed.  On December 6, 2013, BrownGreer, appointed by the Court as the Claims Administrator,  filed a Settlement Administration Status Report [Rec. Doc. 64729], and on March 19, 2014 filed the Vioxx Consumer Settlement -- Claim Activity Update [Rec. Doc. 64857].  Thereafter, a reminder notice program was devised by Co-

Class Settlement Counsel and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign starting on February 17, 2014.

The Notice Expert, Kinsella Media L.L.C., worked with Co-Class Settlement Counsel and Merck on a media reminder notice campaign which was sent to the Court and all interested parties on February 28, 2014. That program has been fully implemented as well.

The settlement claims period has now concluded; class members had until May 6, 2014 to submit a claim.

The parties will be prepared to discuss these matters further at the monthly status conference on June 6, 2014.

## II.  GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pre-Trial Order No. 39B [Rec. Doc. 63895] relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pre-Trial Order No. 39C [Rec. Doc. 64223] on January 17, 2013. The parties have been engaged in ongoing discovery since then.

On October 2, 2013, the Court heard oral argument on the remaining Attorneys Generals' motions to remand, and Merck's opposition to the same. Pursuant to prior discussions with the Court and obligations under PTO 39C, the Court determined that there would be no ruling issued by the Court until all fact and expert discovery contemplated by PTO 39C was completed while the Attorneys Generals' cases are in the MDL.

On December 20, 2013, the Court held a telephonic conference at the request of the 4 Attorneys General regarding the cancelled deposition of David Egilman. In a Minute Entry of December 20, 2013, the Court [Rec. Doc. 64766] ordered that the deposition of Dr. Egilman

be set for a mutually agreeable date prior to February 28, 2014, and that counsel for the Attorneys General provide the Court with receipts for their travel to and from the cancelled December 18, 2013 deposition of Dr. Egilman. Merck deposed Dr. Egilman on January 25, 2014.

On February 4, 2014, Merck filed a motion to compel in the *Utah* case [Rec. Doc. 64818]. The motion was noticed for submission on February 19, 2014. Utah filed a response on February 18, 2014 [Rec. Doc. 64836]. Thereafter, the Court entered an order scheduling the motion for argument via telephone on March 6, 2014 [Rec. Doc. 64844]. On March 3, 2014, Merck filed a reply [Rec. Doc. 64845]; and on March 5, 2014, Utah filed a further response [Rec. Doc. 64846]. The motion was argued on March 6, 2014, and the Court entered a Minute Entry of its ruling, ordering the parties to attempt to agree to a stipulation to resolve the matter, and in the event no stipulation was reached by March 20, 2014, the State of Utah had to produce a 30(b)(6) witness [Rec. Doc. 64851].

On February 25, 2014, the Attorney General of Mississippi's counsel notified the Court that all discovery was completed in the MDL per PTO 39 [Rec. Doc. 18584], PTO 39A [Rec. Doc. 45738], PTO 39B [Rec. Doc. 63895], and PTO 39C [Rec. Doc. 64223]. On March 3, 2014, counsel for the Attorneys General of Alaska and Montana announced they had similarly completed discovery. And on March 25, 3014, the State of Mississippi again requested a ruling on its motion to remand [Rec. Doc. 64872]. All 3 Attorneys General seek a ruling on the Motions to Remand filed and heard.

Pursuant to the Court's direction, each Attorney General was to mediate the claims with the Special Master, Patrick A. Juneau. In a June 3, 2014 letter to the Court, the Special Master provided the following status report on the Attorney General mediations:

      a.      The Montana mediation was held and the parties were not able to reach a resolution.

      b.      The Alaska mediation was scheduled, but it was cancelled because it was determined that a resolution was not possible.

      c.      The Utah mediation is scheduled for June 13, 2014.

      d.      The Special Master is attempting to schedule a mediation in the Mississippi matter for July 2014.

The parties will be prepared to discuss the Government Action issues further at the monthly status conference on June 6, 2014.

On February 28, 2014, the Court convened a telephonic status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky Attorney General Vioxx litigation seeking the de-designation of certain documents, many of which were originally produced in the Vioxx MDL. During that call, the Court made clear that PTO 13, 13A, and 13B remain in full force [Rec. Doc. 64848].

On April 4, 2014, Merck filed Motion for Sanctions Against Dr. Egilman [Rec. Doc. 64894]. By Order entered April 7, 2014, the Court scheduled oral argument on the motion for April 23, 2014 [Rec. Doc. 64896]. By Order entered April 14, 2014, the Court continued the hearing on Merck's motion for sanctions until June 6, 2014, and ordered Dr. Egilman to strictly comply with the requirements imposed by Pretrial Orders 13, 13A, and 13B in the interim [Rec. Doc. 64900]. On May 19, 2014, the State of Utah, for whom Dr. Egilman served as an expert witness, filed an opposition to Merck's motion [Rec. Doc. 64934], and on May 28, 2014, filed a supplemental opposition [Rec. Docs. 64949, 64952]. Plaintiff Levitt also filed a response [Rec.

Doc. 64953]. On May 29, 2014, Dr. Egilman filed an opposition [Rec. Doc. 64957]. On June 4, 2014, Merck filed a combined reply to the opposition memoranda [Rec. Doc. 64970].

On May 27, 2014, Merck filed a Motion to Enjoin Dr. Egilman and His Counsel from Pursuing an Order from Kentucky State Court that Would Declare Protected Documents Non-Confidential [Rec. Doc. 64947]. Merck also filed a motion to expedite consideration of the motion [Rec. Doc. 64948]. On May 29, 2014, Dr. Egilman filed a response joining in the motion to expedite [Rec. Doc. 64958]. The State of Utah filed a limited opposition to Merck's Motion to Enjoin on May 30, 2014 [Rec. Doc. 64959]. By Order entered June 2, 2014, the Court granted Merck's motion to expedite and set oral argument on its motion for June 6, 2014 and also set briefing deadlines [Rec. Doc. 64960]. On June 4, 2014, co-counsel for Dr. Egilman filed a Memorandum of Law in Opposition to Merck's Motion to Enjoin Dr. David Egilman and His Counsel [Rec. Doc. 64968].

Merck's motion for sanctions against Dr. Egilman [Rec. Doc. 64894] and its motion to enjoin Dr. Egilman and his counsel [Rec. Doc. 64947] are both set for oral argument following the monthly status conference on June 6, 2014.

The parties will be prepared to discuss these matters further at the status conference on June 6, 2014.

**III.    PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43**

   **A.    General Matters Relating to Remaining Personal Injury Cases & Pending Motions**

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain

- 6 -

further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On June 3, 2013, Merck filed a Motion for Reconsideration of the Court's April 9, 2013 Order and Reasons [Rec. Doc. 64435], denying its motion to exclude certain expert opinions in the VTE cases, and granting plaintiffs' motion [Rec. Doc. 64233] to continue the submission date of Merck's motion for summary judgment with dates to be reset. The motion was denied by Order and Reasons entered April 24, 2014 [Rec. Doc. 64908].

The parties will be prepared to discuss these issues further at the status conference on June 6, 2014.

  B.  **Matters Noticed for Hearing on June 6, 2014**

No matters in this category are set for argument on June 6, 2014.

  C.  **Other Motions Involving Remaining Personal Injury Cases**

On May 12, 2014, the Court entered a Suggestion of Remand in the *Dennis Harrison* case [Rec. Doc. 64924], concluding that the issues raised in multiple pending motions [*see, e.g.*, Rec. Docs. 64510, 64639, 64598] would be more appropriately addressed by the transferor court.

On July 29, 2013, Merck filed a Motion for Summary Judgment in the *Mannino* case [Rec. Doc. 64514]. By Order and Reasons entered May 12, 2014, the Court granted Merck's motion and dismissed the claims with prejudice [Rec. Doc. 64923].

On October 24, 2013, Merck filed motions for summary judgment in the *Velma Dunn* [Rec. Doc. 64654]*, Todd Jelden* [Rec. Doc. 64656]*, Elizabeth Garner* [Rec. Doc. 64658], *Lynell Major* [Rec. Doc. 64660], *Val Silva* [Rec. Doc. 64662], and *Mabel Dumbell* [Rec. Doc. 64664] cases. By Order entered November 19, 2013, the Court set briefing deadlines [Rec. Doc.

64694]. On December 6, 2013, plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda [Rec. Docs. 64730-64732]. Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013 in which to file her opposition [Rec. Docs. 64743, 64747] and thereupon filed her opposition to Merck's motion [Rec. Doc. 64756]. On January 3, 2014, Merck filed replies in support of each of its six motions [Rec. Docs. 64778-64782]. Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies [Rec. Docs. 64806, 64807]. On January 30, 2014 and February 4, 2014, plaintiff Velma Dunn moved for additional time to file a further response [Rec. Docs. 64809, 64816]. By Order entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 [Rec. Doc. 64819]. On February 10, 11, and 12, 2014, Velma Dunn filed responses [Rec. Docs. 62826, 64827, 64829]. And on February 20, 2014, Velma Dunn submitted a further response [Rec. Doc. 64838]. On May 15, 2014, counsel for plaintiffs Lynell Major and Elizabeth Garner filed motions for leave to file oppositions and motions to file certain exhibits under seal [Rec. Docs. 64927, 64928, 64932, 64933]. The motions were granted by Orders entered May 23, 2014 [Rec. Docs. 64938, 64939, 64940, 64941], and the opposition memoranda were filed of record [Rec. Docs. 64942, 64943]. All six motions are now fully briefed and are submitted to the Court for decision.

On January 17, 2014, defendant BrownGreer filed a motion for summary judgment in the *Alexander* case [Rec. Doc. 64800]. The motion was noticed for submission on February 5, 2014. No opposition was filed. By Order entered March 24, 2104, the Court granted the motion and dismissed the claims with prejudice [Rec. Doc. 64863].

On February 10, 2014, defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case [Rec. Docs.

64823, 64825]. The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014 to enable plaintiff to respond [Rec. Doc. 64850]. On March 28, 2014, plaintiffs filed opposition memoranda [Rec. Docs. 64882, 64883, and 64884]. On April 4, 2014, Merck filed a motion to continue the submission date until April 23, 2014 [Rec. Doc. 64891]. The Court granted the motion and continued the submission date until April 23, 2014 [Rec. Doc. 64892]. On April 15, 2014, Merck filed a reply memorandum in support of its motions [Rec. Doc. 64901]. And on April 29, 2014, plaintiffs filed a further response [Rec. Doc. 64911]. The motions are fully briefed and submitted for decision.

On February 18, 2014, Merck filed a Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims [Rec. Doc. 64832]. By Order entered March 24, 2014, the Court granted the motion and dismissed the claims with prejudice [Rec. Doc. 64861].

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15, 2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment [Rec. Doc. 64903]. By Order entered April 21, 2014, the Court continued the submission date on the motion for summary judgment until May 21, 2014 [Rec. Doc. 64904]. On May 9, 2014, plaintiff filed an opposition memorandum under seal [Rec. Doc. 64965]. Merck filed a reply in support of its motion on May 16, 2014 [Rec. Doc. 64931]. On June 3, 3014, plaintiff filed a motion requesting oral argument on Merck's motion for summary judgment [Rec. Doc. 64962]. Also on June 3, 2014, plaintiff filed

a motion for leave to file a surreply [Rec. Doc. 64964].  Merck filed a response to the motion on June 4, 2014 [Rec. Doc. 64967].

On April 2, 2014, Merck filed a Motion to Dismiss for Failure to Prosecute which was noticed for submission on April 23, 2014 [Rec. Doc. 64889].  By Order entered April 23, 2014, the Court granted the motion in part and dismissed with prejudice the claims of all plaintiffs listed on Exhibits A, B, and C, except for the claims of Bennie Henderson, Arnetta Spencer Dedmon and Terry Lanham [Rec. Doc. 64907].  As to these three plaintiffs, the motion was continued until May 21, 2014.  Plaintiffs Dedmon and Lanham did not file any response; plaintiff Bennie Henderson has submitted both correspondence and pleadings to the Court (although they are not of record).

The parties will be prepared to discuss these matters further at the status conference on June 6, 2014.

### IV.     OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389].  That matter was argued on September 21, 2011.  No response had been filed by Mr. Stratton.  On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed.  On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064].  The parties will be prepared to discuss this matter further at the status conference on October 25, 2013.

The parties will be prepared to discuss these matters further at the status conference on June 6, 2014.

V.  **APPEALS**

On February 7, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, Fifth Circuit No. 14-30109.  On February 25, 2014, Merck filed a Motion to Dismiss Appeal for Lack of Jurisdiction.  On March 7, 2014, Objector/Appellant filed an Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction.  On March 10, 2014, Merck filed a Reply to the Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction.  On May 15, 2014, the Fifth Circuit ordered that the motion be carried with the case and entered a briefing schedule.

On April 24, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Elena Strujan, Plaintiff/Appellant v. Merck & Co., Inc., Defendant/Appellee,* Fifth Circuit No. 14-30300.  On May 6, 2014, Merck filed a Motion to Dismiss Appeal.  On May 19, 2014, Ms. Strujan filed a cross-motion as a response/opposition.  The parties await a ruling by the Fifth Circuit.

VI.  **NEXT STATUS CONFERENCE**

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman & Katz, L.L.C.**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Fax:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, Louisiana  70130-3588
Telephone:  (504) 581-3200
Fax:  (504) 581-3361

**Defendants' Liaison Counsel**

- 11 -

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky  40208
Telephone:  (502) 637-7200
Fax:  (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

- 11 -

1160169v1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 82 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of June, 2014.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel