# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA



IN RE:  VIOXX                    *        MDL No. 1657
PRODUCTS LIABILITY LITIGATION    *
                                 *        Section L
                                 *
                                 *        February 28, 2014
* * * * * * * * * * * * * * * *



                    STATUS CONFERENCE BEFORE
                  THE HONORABLE ELDON E. FALLON
                   UNITED STATES DISTRICT JUDGE



Appearances:                     Dawn Barrios, Esq.
                                 Leonard Davis, Esq.
                                 John Beisner, Esq
                                 David Egilman, M.D.
                                 William Garmer, Esq.
                                 Ben Barnett, Esq.
                                 Liz Natter, Esq.
                                 Sean Deskins, Esq.
                                 Michael Hasken, Esq.
                                 Doug Marvin, Esq.


Official Court Reporter:         Toni Doyle Tusa, CCR, FCRR
                                 500 Poydras Street, Room HB-406
                                 New Orleans, Louisiana 70130
                                 (504) 589-7778
                                 Toni_Tusa@laed.uscourts.gov




Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

02:07   1        **MS. NATTER:**  This is Liz Natter.  I'm an assistant
02:07   2   attorney general here in the Commonwealth of Kentucky.
02:07   3        **THE COURT:**  Go ahead, Liz.
02:07   4        **MS. NATTER:**  First of all, thank you very much.  That
02:07   5   was a helpful explanation of your approach to these matters.
02:08   6            I guess I would ask, paragraph 23 of the order
02:08   7   which I agreed to on behalf of the commonwealth -- this is your
02:08   8   PTO 13 -- provides that "to the extent any material designated
02:08   9   as confidential information herein becomes publicly available,"
02:08   10  and then there's a paragraph about other than through a
02:08   11  violation of this order, "or has its designation as
02:08   12  confidential information withdrawn or judicially removed in any
02:08   13  U.S. Vioxx action," and then it says "the confidential
02:08   14  information designation shall be deemed withdrawn from such
02:08   15  material."
02:08   16           This is why I was under the impression that your
02:08   17  order had addressed precisely this situation.  We are not
02:08   18  asking for those documents to be globally de-designated, but it
02:08   19  was our understanding that Judge Shepherd would have
02:08   20  jurisdiction pursuant to your order.
02:08   21       **THE COURT:**  Over the 14?  Is that what we are talking
02:08   22  about?
02:09   23       **MS. NATTER:**  Actually, this is in your order, PTO 13.
02:09   24  It says "to the extent any material designated as confidential
02:09   25  information."  I thought that referred to material designated

02:09  1  as confidential in the MDL.  The paragraph appears to me to
02:09  2  suggest that when that designation is judicially removed in any
02:09  3  U.S. Vioxx action, the confidential information designation
02:09  4  shall be deemed withdrawn.  However, I'm here to be instructed.
02:09  5           **THE COURT:**  I think that's a legitimate point.  I
02:09  6  think that that ought to be raised when anybody wishes to have
02:09  7  the documents that are governed by this protective order
02:09  8  removed or withdrawn.  I think I would need to know which
02:09  9  documents are there.  I'll make a decision on that, but I will
02:09  10 also make a decision as to which documents that were not
02:09  11 introduced in Kentucky but are part of the MDL could or should
02:10  12 be removed at this point.
02:10  13           From Ms. Oldfather's standpoint with the MDL
02:10  14 documents, she should have access to them because she's an
02:10  15 active litigant in a proceeding.  The issue is whether or not,
02:10  16 outside of the litigation, other people ought to have access to
02:10  17 it.  That's a legitimate point, particularly if the litigation
02:10  18 is over.  There is a time when some documents that have no
02:10  19 reason for being kept under a protective order ought not to be
02:10  20 allowed.  I have to look at those things because I don't think
02:10  21 things just ought to be deep-sixed, so to speak, forever and a
02:11  22 day, destroyed.  That's not the way that courts ought to
02:11  23 operate.
02:11  24           There are some documents, frankly, that are
02:11  25 proprietary in nature, that have some attorney-client privilege

```
02:11   1   or have some other privilege that should be kept from public
02:11   2   view.  I have to look at them.
02:11   3           MR. BARNETT:  Your Honor, it's Ben Barnett again,
02:11   4   just briefly.
02:11   5               We have made clear to many if not most of the
02:11   6   individuals on the phone that we have no objection to resolving
02:11   7   issues related to the MDL documents produced in the MDL subject
02:11   8   to the MDL protective order in the MDL.  What we don't think
02:11   9   would be appropriate is to have documents that weren't actually
02:11  10   produced in another matter de-designated under that matter's
02:11  11   protective order.  We think that you, as the judge who entered
02:12  12   the protective order and retained authority, really has the
02:12  13   final say regarding de-designation.
02:12  14           THE COURT:  I don't disagree with that.  I am
02:12  15   interested in giving everybody an opportunity to tell me why
02:12  16   the documents should be kept under designation.
02:12  17               And, of course, you having the documents, or at
02:12  18   least the party with the greatest interest in keeping them
02:12  19   under the protective order, you have the burden of showing why
02:12  20   they should be kept.  If there's no reason that they should be
02:12  21   kept, then they shouldn't be kept under the protective order.
02:12  22           DR. EGILMAN:  Your Honor, this is Dr. Egilman.
02:12  23               I'm not so clear exactly what you just said,
02:12  24   maybe because I'm not a lawyer.  Does that mean you're
02:12  25   instructing the judge, Judge Shepherd, to not rule on any MDL
```

|       |    |                                                                              |
|-------|----|------------------------------------------------------------------------------|
| 02:13 | 1  | documents that were used in the Kentucky case?                               |
| 02:13 | 2  | **THE COURT:**  I think that the judge ought to be ruling                    |
| 02:13 | 3  | on the documents that the judge has used in his litigation.                  |
| 02:13 | 4  | I'm not, as a federal court, going to instruct a state court                 |
| 02:13 | 5  | judge not to act on material that he had, but I don't think                  |
| 02:13 | 6  | that his ruling on them is necessarily the only ruling that's                |
| 02:13 | 7  | necessary.  If those documents are also under the MDL                        |
| 02:13 | 8  | protective order, then I'm going to have to weigh in on that.                |
| 02:13 | 9  | Now, I'm going to certainly take into                                        |
| 02:13 | 10 | consideration the fact that a state court colleague felt that                |
| 02:13 | 11 | it ought to be released.  Under Rule 23 that is very persuasive              |
| 02:14 | 12 | to me, that he felt it should be released, but I don't think                 |
| 02:14 | 13 | that he would wish to try to release documents in the MDL                    |
| 02:14 | 14 | proceeding, documents that were not even involved in the                     |
| 02:14 | 15 | Kentucky litigation.  I don't think he would feel comfortable                |
| 02:14 | 16 | doing that.  I would urge him to not deal with documents that                |
| 02:14 | 17 | were not introduced in his litigation.                                       |
| 02:14 | 18 | Let me go back to the log because I think that                               |
| 02:14 | 19 | it is necessary to have some logs of these documents.  We can't              |
| 02:14 | 20 | just dump them.  We ought to have a log of those documents.  At              |
| 02:15 | 21 | least if it comes to me in a motion, I will need a log showing               |
| 02:15 | 22 | which documents should continue, according to the moving party,              |
| 02:15 | 23 | under protective order and what they are and why they should                 |
| 02:15 | 24 | remain under the protective order.                                           |
| 02:15 | 25 | It's not as if at this point we don't know what                              |

```
02:15   1   the documents are.  So it's not like a privilege where you say
02:15   2   very little about the document and the other person responding
02:15   3   knows very little about the document.  Here, everybody knows
02:15   4   what the documents are, and the only issue is whether or not
02:15   5   they should be released to the public.
02:15   6            So just in summary, the documents that my
02:15   7   protective order are covering are still under the protective
02:15   8   order.  If anyone wishes that the documents under the
02:16   9   protective order be removed from the protective order, then a
02:16  10   motion should be made.
02:16  11            Doctor, from your standpoint, I don't have any
02:16  12   problem if an attorney on your behalf moves, but there is an
02:16  13   issue as to whether or not you have standing, and I'll have to
02:16  14   deal with that issue.  What I'm hearing is that whether or not
02:16  15   you have standing, Ms. Oldfather's position may have standing.
02:16  16   So if she's on the same motion that you are on, then I guess to
02:16  17   some extent your standing is mooted.
02:16  18            **DR. EGILMAN:**  Right.  That's the difference between
02:16  19   your order and the state's order.  The judge specifically wrote
02:16  20   in third-party standing in the state order.  He is going to
02:16  21   determine whether that will apply to me on Wednesday.  That's a
02:16  22   huge difference.  I'm the only one who has asked for
02:17  23   de-designation, as far as I know, in this litigation in
02:17  24   general.
02:17  25            **THE COURT:**  All right.  I have a transcript of this
```