UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:      *Com. of Kentucky v. Merck & Co., Inc.,* **10-1115**

## PRELIMINARY INJUCTION AND/OR TEMPORARY RESTRAINING ORDER

Before the Court is Defendant Merck's motions for sanctions and for a preliminary injunction. (Rec. Docs. 64894, 64947). Having considered the memoranda and oral argument of the parties, as well as the applicable law, the Court is satisfied that immediate and irreparable harm, injury, loss, or damage will result to Defendant Merck and it is necessary to maintain the *status quo*.

Pursuant to Federal Rule of Civil Procedure 26, a Court may issue a protective order, for good cause, "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." FED. R. CIV. P. 26(c)(1). In doing so, it may forbid disclosure or discovery, specify the terms for disclosure or discovery, limit the scope of disclosure or discovery as to certain matters, limit or completely restrict the disclosure or discovery of certain confidential information, and require that certain information be filed under seal "to be opened as the court directs." *Id*. On May 24, 2005, this Court entered Pretrial Order 13, a stipulation and protective order pertaining to information that had been and would be sought, produced, or exhibited in the multidistrict litigation ("MDL"). Pretrial Order 13 pertained also to third parties who elected to avail themselves of, and agree to be bound by, its terms and conditions.

Upon good cause shown, the Court finds that Dr. David Egilman may have acted in derogation of his responsibilities under Pretrial Order 13 by making the disclosure of confidential information and also seeking the designation of confidential information outside of the proper disclosure mechanism.

Therefore, **IT IS ORDERED** that a preliminary injunction be and hereby is entered, enjoining and prohibiting Dr. David Egilman and those persons in active concert or participation with him from:

1.      Destroying, altering, erasing, secreting, or failing to preserve any and all confidential information covered under Pretrial Order 13 and its progeny.

2.      Disclosing, disseminating, discussing, referencing, or using for his own purpose or any other purpose the same confidential information, including, but not limited to, all materials provided to Dr. Egilman in his capacity as an expert witness in this and other coordinated proceedings.

3.      Accessing, studying, or taking notes regarding the same confidential information.

**IT IS FURTHER ORDERED** that the issuance of this preliminary injunction is conditioned upon the furnishing of security by Merck of $5,000.00.

**IT IS FURTHER ORDERED** that this preliminary injunction, unless extended for good cause, will expire by its terms within 14 days of the date and hour of its issuance.

**IT IS FURTHER ORDERED that** a hearing on the merits to determine whether this Court should modify or make permanent this preliminary injunction and/or impose sanctions will be held on **June 20, 2014, at 9:00 a.m.**

New Orleans, Louisiana, this 6th day of June, 2014.

UNITED STATES DISTRICT JUDGE

3