MINUTE ENTRY
FALLON, J.
JUNE 6, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

A monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC"). At the conference, counsel reported to the Court on the topics set forth in Joint Report 82 of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. This monthly status conference was transcribed by Court Reporter Jodi Simcox. Counsel may contact Ms. Simcox at (504) 523-7780 to request a copy of the transcript. A summary of the monthly status conference follows.

**I.    CLASS ACTIONS**

By order entered January 3, 2014, the Court granted the motion for final approval of the Vioxx consumer class settlement, denied Merck's motion to stay and enjoin the Kentucky proceedings and plaintiffs' co-lead class settlement counsel's motion to enjoin Mr. Ratliff from prosecuting any related claims as moot, and entered final judgment dismissing with prejudice all released claims of the class against all released persons, as described in the order (Rec. Doc. 64784). On February 3, 2014, objector Geneva Meloy appealed the judgment (Rec. 64817).

JS10(00:47)

The class notice program, as originally ordered by the Court, has been completed, and claims have been submitted and are being reviewed. On December 6, 2013, BrownGreer, the claims administrator, filed a status report (Rec. Doc. 64729), and on March 19, 2014, filed a claim activity update (Rec. Doc. 64857). Class members have until May 6, 2014, to submit claims. A reminder notice program was devised by counsel for the class and for and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign on February 17, 2014. The notice expert, Kinsella Media L.L.C., worked with counsel for the class and Merck on a media reminder notice campaign, which was sent to the Court and all interested parties on February 28, 2014. That program has been implemented, as well. The settlement claims period has now concluded. Class members had until May 6, 2014, to submit a claim.

## II.     GOVERNMENT ACTIONS

On June 5, 2012, the Court entered Pretrial Order 39B (Rec. Doc. 63895) relating to Amendment of Pleadings, Discovery, and Remand/Transfer Scheduling Order for Remaining Government Action Cases; the time period for completion of discovery and timing of remands was extended by joint motion in Pretrial Order 39C (Rec. Doc. 64223) on January 17, 2013. The parties are engaged in ongoing discovery.

On December 19, 2012, the PSC and Government Action Liaison Counsel filed a Motion for an Order Imposing a Common Benefit Obligation Upon the Recovery of the Commonwealth of Pennsylvania Attorney General's Claims Asserted Against Merck, Sharp & Dohme Corp., in this MDL (Rec. Doc. 64205). On January 9, 2013, the Commonwealth of Pennsylvania filed an Opposition (Rec. Doc. 64216). On February 25, 2013, the PSC and Government Action Liaison Counsel filed a reply, and the Court scheduled a hearing date on the motion (Rec. Docs. 64270, 64271). The motion was heard on March 20, 2013, and was taken under submission (Rec. Doc.

64309). On April 29, 2013, the Court issued Order & Reasons (Rec. Doc. 64364). On July 22, 2013, the PSC and Government Action Liaison Counsel served a First Set of Document Requests to the Attorney General of the Commonwealth of Pennsylvania, as well as on counsel, Cohen, Placitella & Roth, P.C. The parties continue to meet and confer.

On April 29, 2013, Merck filed a Motion for Protective Order and Entry for Order for Production in the Utah case (Rec. Doc. 64362). The motion was noticed for submission on May 15, 2013. Plaintiff filed its response (Rec. Doc. 64393). By Order entered May 22, 2103, the Court granted the motion in part (Rec. Doc. 64417), and entered a separate Order for Production and Protective Order (Rec. Doc. 64418).

On April 29, 2013, Mississippi filed a Motion for Protective Order (Rec. Doc. 64365). The motion was noticed for submission on June 12, 2013. On May 3, 2013, Merck filed Motions for Judgment on the Pleadings in the Alaska, Mississippi, Montana, and Utah actions (Rec. Docs. 64372, 64373, 64374, and 64375). Thereafter, the Utah filed a Motion to Remand and a Motion to Stay (Rec. Docs. 64382, 64383) and, on May 16, 2013, filed a Motion for Summary Judgment on Judicial Estoppel (Rec. Doc. 64399).

On May 31, 2013, Mississippi filed a Supplemental Motion to Remand (Rec. Doc. 64430). The motion is noticed for submission on October 2, 2013. Also on May 31, 2013, the Court conducted a telephonic status conference to discuss Merck's motions for judgment on the pleadings (Rec. Docs. 64372, 64373, 64374, 64375). The Court ordered that the submission dates on Merck's motions be continued, with dates to be reset following the resolution of plaintiffs' motions to remand in accordance with Pretrial Order 39C (Rec. Doc. 64432).

On June 5, 2013, Merck filed a Motion for Protective Order in the Alaska, Mississippi, and Montana cases (Rec. Doc. 64436). On June 24, 2013, Mississippi filed an opposition

memorandum (Rec. Doc. 64460). On June 14, 2013, the Alaska and Montana filed motions for protective order (Rec. Docs. 64441, 64442). On June 21, 2013, Merck filed a memorandum in further support of its Motion to Compel 30(b)(6) Depositions, originally filed on May 17, 2013, (Rec. Doc. 64407), and in opposition to the state's motions for protective order (Rec. Doc. 64457). These motions were noticed for submission on June 25, 2013, immediately following the monthly status conference. Because Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases (Rec. Doc. 64407) and the state's Motions for Protective Order (Rec. Docs. 64441,64442) addressed similar issues, the parties agreed to treat the state's Motions for Protective Order as oppositions to Merck's Motion to Compel. The motions were heard on June 25, 2013, immediately following the monthly status conference. By Order entered June 25, 2013, the Court granted Merck's Motion to Compel 30(b)(6) Depositions in the Alaska, Mississippi, and Montana cases (Rec. Doc. 64462). By Order entered June 28, 2013, the Court denied as moot the motions for protective order filed by Alaska, Mississippi, and Montana (Rec. Doc. 64470).

On July 17, 2013, the Government Action plaintiffs submitted expert reports. On September 6, 2013, Merck submitted its expert reports. Discovery continues in these cases.

On October 2, 2013, the Court heard the remaining Attorneys Generals' motions to remand, and Merck's opposition to the same. Pursuant to prior discussions with the Court and obligations under Pretrial Order 39C, there will be no ruling issued by the Court until all fact and expert discovery contemplated by Pretrial Order 39C is completed while the Attorneys Generals' cases are in the MDL. The parties will keep the Court apprised of the status of the remaining discovery on a routine basis. As of today, all expert depositions have been scheduled, and completion is presently expected by early February 2014.

On December 20, 2013, the Court held a telephone status conference at the request of the four Attorneys General regarding the cancelled deposition of David Egilman. In its December 20, 2013, minute entry the Court (Rec. Doc. 64766) ordered that the deposition of Dr. Egilman be set for a mutually agreeable date prior to February 28, 2014, and that counsel for the Attorneys General provide the Court with receipts for their travel to and from the cancelled December 18, 2013, deposition of Dr. Egilman. Merck deposed Dr. Egilman on January 25, 2014.

On January 17, 2014, the Court held a telephone status conference to resolve a discovery issue on IMS data between Merck and the Attorneys General of Alaska and Montana.

On February 4, 2014, Merck filed a motion to compel in the *Utah* case (Rec. Doc. 64818). The motion was noticed for submission on February 19, 2014. Utah filed a response on February 18, 2014 (Rec. Doc. 64836). Thereafter, the Court entered an order scheduling the motion for argument via telephone on March 6, 2014 (Rec. Doc. 64844). On March 3, 2014, Merck filed a reply (Rec. Doc. 64845), and on March 5, 2014, Utah filed a further response (Rec. Doc. 64846). The motion was argued on March 6, 2014, and the Court entered a minute entry of its ruling, ordering the parties to attempt to agree to a stipulation to resolve the matter, and in the event no stipulation was reached by March 20, 2014, Utah was to produce a 30(b)(6) witness.(Rec. Doc. 64851).

On February 25, 2014, the Mississippi's counsel notified the Court that all discovery was completed in the MDL per Pretrial Order 39 (Rec. Doc. 18584), Pretrial Order 39A (Rec. Doc. 45738), Pretrial Order 39B (Rec. Doc. 63895), and Pretrial Order 39C (Rec. Doc. 64223). On March 3, 2014, counsel for Alaska and Montana announced they had similarly completed discovery. Since then, Special Master Patrick Juneau has engaged in discussions with the

remaining states to determine whether mediation is possible. Alaska and Montana have indicated that mediation has not been and will not be fruitful and have requested a ruling on their motions to remand. However, Mississippi and Utah plan to attempt mediation in the near future.

On February 28, 2014, the Court convened a telephone status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky litigation seeking the de-designation of certain documents, many of which were originally produced in this case. The Court made clear that Pretrial Orders 13, 13A, and 13B remain in full force (Rec. Doc. 64848).

On April 4, 2014, Merck filed motion for sanctions against Dr. Egilman. (Rec. Doc. 64894). By order entered April 7, 2014, the Court scheduled oral argument on the motion for April 23, 2014. (Rec. Doc. 64896). By order entered April 14, 2014, the Court continued the hearing on Merck's motion for sanctions until June 6, 2014, and ordered Dr. Egilman to strictly comply with the requirements imposed by Pretrial Orders 13, 13A, and 13B in the interim. (Rec. Doc. 64900). On May 19, 2014, Utah, for which Dr. Egilman served as an expert witness, filed an opposition to Merck's motion (Rec. Doc. 64934), and on May 28, 2014, filed a supplemental opposition (Rec. Docs. 64949, 64952). Plaintiff Jo Levitt also filed a response. (Rec. Doc. 64953). On May 29, 2014, Dr. Egilman filed an opposition. (Rec. Doc. 64957). On June 4, 2014, Merck filed a combined reply to the opposition memoranda. (Rec. Doc. 64970).

On May 27, 2014, Merck filed a motion to enjoin Dr. Egilman and his counsel from pursuing an order from Kentucky state court that would declare protected documents non-confidential. (Rec. Doc. 64947). Merck also filed a motion to expedite consideration of the motion. (Rec. Doc. 64948). On May 29, 2014, Dr. Egilman filed a response joining in the motion to expedite. (Rec. Doc. 64958). Utah filed a limited opposition to Merck's motion to enjoin on

May 30, 2014. (Rec. Doc. 64959). By order entered June 2, 2014, the Court granted Merck's motion to expedite and set oral argument on its motion for June 6, 2014, and also set briefing deadlines. (Rec. Doc. 64960). On June 4, 2014, counsel for Dr. Egilman filed a memorandum of law in opposition to Merck's motion to enjoin (Rec. Doc. 64968).

Merck's motion for sanctions against Dr. Egilman (Rec. Doc. 64894) and its motion to enjoin Dr. Egilman and his counsel (Rec. Doc. 64947) were heard following the monthly status conference.

### III.   THIRD PARTY PAYORS

On January 3, 2014, the Court entered an Order and Reasons allocating the common benefit fund for the TPP cases (Rec. Doc. 64783 ) and posted it on its website.

### IV.   PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

#### A.   General Matters Relating to Remaining Personal Injury Cases & Pending Motions

On April 25, 2012, the Court issued its order addressing the PSC's motion to amend Pretrial Order 19 (Rec. Doc. 63585) and Ms. Oldfather's motion for order requiring escrow and disclosures of common benefit fee and cost withholdings from settlement of ineligible and non-enrolled cases (Rec. Doc. 63154). The order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On June 3, 2013, Merck filed a motion for reconsideration of the Court's April 9, 2013, Order and Reasons (Rec. Doc. 64435), which denied its motion to exclude certain expert opinions in the VTE cases, and granting plaintiffs' motion (Rec. Doc. 64233) to continue the submission date of Merck's motion for summary judgment with dates to be reset. On July 16, 2013, the VTE plaintiffs filed an opposition memorandum (Rec. Doc. 64483). Merck filed a

reply on August 6, 2013 (Rec. Doc. 64528). On August 26, 2013, the VTE plaintiffs filed a sur-reply in opposition (Rec. Doc. 64558); Merck filed a response to the sur-reply on September 6, 2013 (Rec. Doc. 64577). The motion was denied by order entered April 24, 2014.

### B. Other Motions Involving Remaining Personal Injury Cases

On May 12, 2014, the Court entered a suggestion of remand in the *Harrison* case. (Rec. Doc. 64924). It concluded that the issues raised in multiple pending motions (*See* Rec. Docs. 64510, 64639, 64598) would be more appropriately addressed by the transferor court.

On July 29, 2013, Merck filed a motion for summary judgment in the *Mannino* case. (Rec. Doc. 64514). By order entered May 12, 2014, the Court granted Merck's motion and dismissed the claims with prejudice. (Rec. Doc. 64923).

On October 24, 2013, Merck filed motions for summary judgment in the *Dunn* (Rec. Doc. 64654)*, Jelden* (Rec. Doc. 64656)*, Garner* (Rec. Doc. 64658), *Major* (Rec. Doc. 64660), *Silva* (Rec. Doc. 64662), and *Dumbell* (Rec. Doc. 64664) cases.  By order entered November 19, 2013, the Court set briefing deadlines (Rec. Doc. 64694). On December 6, 2013, Plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda (Rec. Docs. 64730-32). Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013, in which to file her opposition (Rec. Docs. 64743, 64747) and thereupon filed her opposition to Merck's motion (Rec. Doc. 64756 ). On January 3, 2014, Merck filed replies in support of each of its six motions (Rec. Docs. 64778-82). Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies (Rec. Docs. 64806, 64807). On January 30, 2014 and February 4, 2014, Plaintiff Dunn moved for additional time to file a further response (Rec. Docs. 64809, 64816). By order entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 (Rec. Doc. 64819). On February 10, 11, and 12, 2014, additional responses were filed (Rec. Docs. 62826, 64827, 64829) and, on February 20, 2014, a

8

further response (Rec. Doc. 64838). All six motions are now fully briefed and are submitted to the Court for decision.

On January 17, 2014, Defendant BrownGreer filed a motion for summary judgment in the *Alexander* case (Rec. Doc. 64800). The motion was noticed for submission on February 5, 2014. No opposition was filed. The Court granted the motion and dismissed the claims with prejudice on March 24, 2014. (Rec. Doc. 64863).

On February 10, 2014, Defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case (Rec. Docs. 64823, 64825). The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014, to enable the plaintiff to respond. (Rec. Doc. 64850). On March 28, 2014, plaintiffs filed opposition memoranda. (Rec.Docs. 64882, 64883, 64884). On April 4, 2014, Merck filed a motion to continue the submission date until April 23, 2014. (Rec. Doc. 64891). The Court granted the motion and continued the submission date until April 23, 2014. (Rec. Doc. 64892). On April 15, 2014, Merck filed a reply memorandum in support of its motions. (Rec. Doc. 64901). Pn April 29, 2014, plaintiffs filed a further response (Rec. Doc. 64911). The motions are fully briefed and submitted for decision.

On February 18, 2014, Merck filed a Motion to Dismiss Certain Plaintiffs Solely Asserting Bextra and/or Celebrex Claims (Rec. Doc. 64832). On March 24, 2014, the Court granted the motion and dismissed the claims with prejudice. (Rec. Doc. 64861).

On February 18, 2014, Merck also filed a motion to dismiss cases in its entirety in the *Gene Weeks* case (Rec. Doc. 64833). The motion was granted by an order entered March 14, 2014. (Rec. Doc. 64854).

9

On March 28, 2014, Merck filed a motion for summary judgment in the *Jo Levitt* case (Rec. Doc. 64878). At the same time, Merck filed a motion to stay expert discovery pending a ruling on its motion for summary judgment. (Rec. Doc. 64879). By order entered April 15, 2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment. (Rec. Doc. 64903). By order entered April 21, 2014, the Court continued the submission date on the motion for summary judgment until May 21, 2014. (Rec. Doc. 64904). On May 9, 2014, plaintiff filed an opposition memorandum under seal. (Rec. Doc. 64965). Merck filed a reply in support of its motion on May 16, 2014. (Rec. Doc. 64931). On June 3, 3014, plaintiff filed a motion requesting oral argument on Merck's motion for summary judgment. (Rec. Doc. 64962). Also on June 3, 2014, plaintiff filed a motion for leave to file a sur-reply. (Rec. Doc. 64964). Merck filed a response to the motion on June 4, 2014. (Rec. Doc. 64967).

On April 2, 2014, Merck filed a motion to dismiss for failure to prosecute, which was noticed for submission on April 23, 2014. (Rec. Doc. 64889). By order entered April 23, 2014, the Court granted the motion in part and dismissed with prejudice the claims of all plaintiffs except for the claims of Plaintiffs Bennie Henderson, Arnetta Spencer Dedmon, and Terry Lanham. (Rec. Doc. 64907). As to these three plaintiffs, the motion was continued until May 21, 2014. Plaintiffs Dedmon and Lanham did not file any response; Plaintiff Bennie Henderson has submitted both correspondence and pleadings to the Court (although they are not of record).

V.    **OTHER PENDING MOTIONS AND MATTERS**

On September 15, 2011, Ms. Oldfather filed a motion and supporting memorandum to require Court approval of liaison counsel's fee of Michael A. Stratton. (Rec. Doc. 63389). That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an order (Rec. Doc. 63900) adding this matter to the agenda of the

status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a status conference memorandum regarding the liaison counsel objection heard on September 21, 2011. (Rec. Doc. 64064).

## VI.  APPEALS

On February 7, 2014, an appeal was docketed with the United States Court of Appeals for the Fifth Circuit in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, 14-30109. On February 25, 2014, Merck filed a motion to dismiss appeal for lack of jurisdiction. On March 7, 2014, Ms. Meloy filed an opposition to the motion to dismiss appeal for lack of jurisdiction. On March 10, 2014, Merck filed a reply to the opposition to the motion to dismiss appeal for lack of jurisdiction. On May 15, 2014, the Fifth Circuit ordered that the motion be carried with the case and entered a briefing schedule.

On April 24, 2014, an appeal was docketed with the Fifth Circuit in the *Elena Strujan* case. On May 6, 2014, Merck filed a motion to dismiss appeal. On May 19, 2014, Plaintiff Elena Strujan filed a cross-motion as a response/opposition. The parties await a ruling by the Fifth Circuit.

## VII.  NEXT STATUS CONFERENCE

The next monthly status conference will be held on **Friday, October 2, 2014, at 9:00 a.m.**, in the Courtroom of Judge Eldon E. Fallon, Room C-468, United States Courthouse, New Orleans, Louisiana. Any interested persons unable to attend in person may audit via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 100214.

11