UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:    *State of Montana v. Merck & Co., Inc.*, 06-4302

## SUGGESTION OF REMAND TO TRANSFEROR COURT

This suggestion of remand pertains to Plaintiff State of Montana, whose case was transferred to this Court from the United States District Court for the District of Montana.

**I.    BACKGROUND**

To put this matter in perspective, a brief overview of this litigation is appropriate. This multidistrict litigation ("MDL") involves the prescription drug Vioxx, known generically as Rofecoxib. Defendant Merck, a New Jersey corporation, researched, designed, manufactured, marketed, and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid arthritis, menstrual pain, and migraine headaches. On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States. Vioxx remained publicly available until September 30, 2004, when Merck withdrew it from the market after data from a clinical trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarctions (heart attacks) and ischemic strokes. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort, fraud, and warranty claims. It is estimated that 105 million prescriptions for Vioxx were written

in the United States between May 20, 1999, and September 30, 2004. Based on this estimate, it was thought that approximately 20 million patients have taken Vioxx in the United States.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") conferred MDL status on Vioxx lawsuits filed in federal court and transferred all such cases to this Court to coordinate discovery and to consolidate pretrial matters pursuant to 28 U.S.C. § 1407. *See In re Vioxx Prods. Liab. Litig.,* 360 F. Supp. 2d 1352 (J.P.M.L. 2005). One month later, on March 18, 2005, this Court held the first status conference in the Vioxx MDL to consider strategies for moving forward with the proceedings. Shortly thereafter, the Court appointed a Plaintiffs' Steering Committee ("PSC") and Defendant's Steering Committee to represent the parties and to meet with the Court once every month or two to review the status of the litigation.

On December 28, 2005, Montana brought this action in its state court in Helena, Montana, alleging violations of its Food, Drug, and Cosmetic Act and its Unfair Trade Practices and Consumer Protection Act ("CPA"), as well as claims for deceit, unjust enrichment, and restitution. (Rec. Doc. 1-2). On March 1, 2006, Merck removed the action to the United States District Court for the District of Montana. (Rec. Doc. 1-3). Montana then filed a motion to remand. On August 10, 2006, the JPML transferred it to this Court for inclusion in the *Vioxx* MDL. (Rec. Doc. 1). On June 5, 2012, this Court entered Pretrial Order 39B, which set a schedule for the remand or transfer of the remaining actions brought by the states, including Montana. (Rec. Doc. 63895). The schedule was subsequently extended by Pretrial Order 39C. (Rec. Doc. 64223). On June 13, 2012, Montana filed an amended complaint, retaining only its claim under the CPA and limiting its requested relief to civil penalties, an injunction, costs, and attorneys' fees. Then, on May 3, 2013, Merck filed a motion to dismiss. (Rec. Doc. 64374).

On September 9, 2013, Montana re-urged its motion for remand to state court. (Rec. Doc. 64583). As discussed below, this motion remains pending. Specifically, it argued that subject

2

matter jurisdiction is lacking because it will not be "necessary" to resolve any issue of federal law in considering its state law claims and because such an issue is not otherwise "implicated." Merck then responded that subject matter jurisdiction existed over the claims in the original complaint and supplemental jurisdiction exists over the claim in the amended complaint. (Rec. Doc. 64605). With regard to the claims contained in the original complaint, it argues, *first*, that the claims "necessarily" raise an issue of federal law concerning Medicaid, *second*, that the Medicaid issue is "disputed" because Montana did not have the authority to exclude or restrict Vioxx from its Medicaid coverage, *third*, that the Medicaid issue is "substantial" because it concerns a complicated statutory and regulatory scheme for prescription medication, and *fourth*, that the exercise of subject matter jurisdiction will not disturb the balance of federal and state judicial responsibilities. Having asserted that the Court had subject matter jurisdiction over the claims in Montana's original complaint, it argued that it should also exercise supplemental jurisdiction over the claim in the amended complaint. Montana replied, reasserting that the claim in the original complaint did not involve an issue of federal law significant enough to create subject matter jurisdiction and, even if it did, the exercise of jurisdiction would alter the balance between federal and state courts. (Rec. Doc. 64623). It also argued that, even if there is a basis for subject matter jurisdiction over the claim in the original complaint, the Court should decline to exercise supplemental jurisdiction over the claim in the amended complaint.

On October 2, 2013, the Court heard oral argument on Montana's motion to remand but, at the request of the parties, withheld any ruling until after discovery contemplated by Pretrial Order 39C had been completed. On March 3, 2014, Montana informed the Court that this discovery was complete. At its regular status conference on March 21, 2014, the Court indicated that Special Master Patrick Juneau had initiated mediation. As a result, the Court further postponed its ruling on Montana's motion to remand. In his June 3, 2014, letter to the Court,

Special Master Juneau stated that, although mediation had been scheduled, it was canceled after the parties determined that a resolution was not possible.

## II.     LAW & ANALYSIS

The JPML created this MDL by consolidating and transferring certain cases "focus[ed] on [the] alleged increased health risks (including heart attack and/or stroke) when taking Vioxx . . . and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354. Specifically, it found that consolidation was "necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*.

Pursuant to 28 U.S.C. § 1407, the JPML is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a). It is further authorized to "prescribe rules for the conduct of its business," provided such rules are "not inconsistent with [statute] and the Federal Rules of Civil Procedure." *Id*. § 1407(f). Those rules provide that "the [JPML] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b).  "In considering the question of remand, the [JPML] has consistently given great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). The transferee court's suggestion of remand "is obviously an indication that [it] perceives [its] rule . . . to have ended." *Id*.

Here, coordinated pretrial proceedings have concluded with regard to Montana's action. As noted above, a motion for remand to state court remains pending before the Court. The issue raised in that motion is whether the interplay between Montana state law and federal law forms a

4

basis for subject matter jurisdiction and, if so, whether the exercise of supplemental jurisdiction is appropriate. Rather than resolve the issue in Louisiana, it would be more prudent to allow this issue to be addressed by the transferor court in Montana.[1] The United States District Court for the District of Montana will be equally—if not better—able to determine whether remand is necessary.

Accordingly, remand to the transferor court—not further proceedings in this Court—will promote the just and efficient resolution of the above-referenced matter. All coordinated proceedings have been completed and only case-specific issues remain. The Court concludes that this case will not benefit from further coordinated proceedings as part of the *Vioxx* MDL and that it is ready to be remanded to the transferor court. In so doing, it observes that Montana's presence in this MDL was not a vain and useless exercise. Instead, it allowed it to benefit from a significant and rigorous discovery process that will form the basis of a trial on the merits, whether that occurs in the transferor court or in a state court.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that the Clerk's Office serve copies of this suggestion of remand, as to *State of Montana v. Merck & Co., Inc.*, 06-4302, on the Judicial Panel on Multidistrict Litigation and to the United States District Court for the District of Montana.

New Orleans, Louisiana, this 10th day of June, 2014.

                                                                           UNITED STATES DISTRICT JUDGE

---

[1] It appears that, since at least 1970, this is only one of two cases in this Court in which Montana has appeared as a party.