IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
|  | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: *Com. of Kentucky v. Merck & Co., Inc.*, No. 09-CI-1671 (Franklin Cir. Ct.) And formerly No. 2:10-cv-1115 (E.D. La.) |  |

**STIPULATION TO EXTEND THE COURT'S PRELIMINARY
INJUNCTION FOR GOOD CAUSE**

The parties to the above-captioned case hereby stipulate to the extension of the preliminary injunction entered by the Court against "Dr. David Egilman and those persons in active concert or participation with him"[1] regarding the preservation and treatment of information designated confidential under PTO 13 on June 6, 2014. The order entering the preliminary injunction provided that the injunction would "expire . . . within 14 days of the date and hour of its issuance," but it further provided that it may be "extended for good cause." (Dkt. No. 64,973, at 2.)

Good cause exists here for two reasons. First, both sides seek to engage in certain limited discovery regarding the issues addressed by the June 6 order, as the Court contemplated at the hearing on Merck's motion to enjoin. (*See* Tr. 33:25-34:3, June 6, 2014 ("But if the parties have

---

[1] The parties wish to clarify two points regarding their understanding of the operation of the injunction on Dr. Egilman and his counsel: (1) the parties agree that Dr. Egilman does not violate the injunction by any actions required to consult with his counsel; and (2) the parties agree that Dr. Egilman and his counsel are not in violation of the injunction by responding to Merck's motion to uphold the confidentiality designations as to 11 PMRD documents in Kentucky state court because those documents are not protected by PTO 13.

1161246v1

a problem with that date [June 20], if they need to do some discovery, or if they want to supplement any of their material, they should get together and give me a different date, and I'll work it out with you all.").)  The parties will not be able to complete the anticipated discovery, which may include the depositions of Dr. Egilman and other individuals, in time to present their positions for a decision on whether to enter sanctions or to make the injunction permanent by June 20.  Second, the parties are presently engaged in settlement conversations, and this process would benefit from additional time to explore possible avenues for nonjudicial resolution.

## CONCLUSION

For the foregoing reasons, and in light of the ongoing need for injunctive relief to preserve the status quo for the reasons stated in the Court's June 6 order, the parties respectfully request that the Court extend its preliminary injunction until July 20, 2014, or such other date as the Court deems appropriate, subject to further extensions for which good cause may be shown.

Dated:  June 17, 2014

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.


Ann B. Oldfather
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, Kentucky 40208

Alexander A. Reinert
55 Fifth Avenue, Room 1005
New York, New York 10003

ATTORNEYS FOR DR. DAVID
EGILMAN