UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**     *State of Utah v. Merck & Co., Inc.*, **06-9336**

<u>SUGGESTION OF REMAND TO TRANSFEROR COURT</u>

This suggestion of remand pertains to Plaintiff State of Utah, whose case was transferred to this Court from the United States District Court for the District of Utah.

**I.    BACKGROUND**

To put this matter in perspective, a brief overview of this litigation is appropriate. This multidistrict litigation ("MDL") involves the prescription drug Vioxx, known generically as Rofecoxib. Defendant Merck, a New Jersey corporation, researched, designed, manufactured, marketed, and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid arthritis, menstrual pain, and migraine headaches. On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States. Vioxx remained publicly available until September 30, 2004, when Merck withdrew it from the market after data from a clinical trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarctions (heart attacks) and ischemic strokes. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort,

fraud, and warranty claims. It is estimated that 105 million prescriptions for Vioxx were written in the United States between May 20, 1999, and September 30, 2004. Based on this estimate, it was thought that approximately 20 million patients have taken Vioxx in the United States.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") conferred MDL status on Vioxx lawsuits filed in federal court and transferred all such cases to this Court to coordinate discovery and to consolidate pretrial matters pursuant to 28 U.S.C. § 1407. *See In re Vioxx Prods. Liab. Litig.,* 360 F. Supp. 2d 1352 (J.P.M.L. 2005). One month later, on March 18, 2005, this Court held the first status conference in the Vioxx MDL to consider strategies for moving forward with the proceedings. Shortly thereafter, the Court appointed a Plaintiffs' Steering Committee ("PSC") and Defendant's Steering Committee to represent the parties and to meet with the Court once every month or two to review the status of the litigation.

On April 28, 2006, Utah brought this action in its state court in Salt Lake City, Utah, seeking damages and penalties for violations of Utah law. *See* UTAH CODE § 26-20-13. Specifically, it alleged strict products liability under failure to warn and design defect theories, fraud and negligent misrepresentation, negligence and negligence *per se*, breach of express and implied warranties, and violations of state health laws. (*Id.*). It sought an award of "past, present and future medical expenses for recipients of the Utah Medicaid Program," expenses of the Utah Medicaid Program, penalties for its violations of state law, enforcement costs, punitive damages, and exemplary damages. On May 18, 2006, Merck removed the action to the United States District Court for the District of Utah, and on May 24, 2006, Utah filed a motion to remand. On November 2, 2006, the JPML transferred it to this Court for inclusion in the *Vioxx* MDL. On September 29, 2007, Utah filed another motion to remand, which was then stayed. On June 5,

2012, this Court entered Pretrial Order 39B, which set a schedule for the remand or transfer of the remaining actions brought by the states, including Utah. (Rec. Doc. 63895). That schedule was later extended by Pretrial Order 39C. (Rec. Doc. 64223). On June 13, 2012, Utah filed an amended complaint, which eliminated all but several claims.

On September 10, 2013, Utah re-urged its motion for remand to state court. (Rec. Doc. 64587). As discussed below, this motion remains pending.[1] Specifically, it argues that its claims do not arise under federal law, and therefore federal subject matter jurisdiction does not exist. It also argues that the claims do not involve any issue of federal law. Merck then responded. (Rec. Doc. 64606). It states that, *first*, Utah's claims "necessarily" raise an issue of federal law concerning Medicaid, *second*, that the Medicaid issue is "disputed" because Utah did not have the authority to exclude or restrict Vioxx from its Medicaid coverage, *third*, that the Medicaid issue is "substantial" because it concerns a complicated statutory and regulatory scheme for prescription medication, and *fourth*, that the exercise of subject matter jurisdiction will not disturb the balance of federal and state judicial responsibilities. Utah replied, reasserting that the claims do not involve an issue of federal law significant enough to create subject matter jurisdiction. (Rec. Doc. 64621).

On October 2, 2013, the Court heard oral argument on Utah's motion to remand but, at the request of the parties, withheld any ruling until after discovery contemplated by Pretrial Order 39C had been completed.

On February 4, 2014, Merck filed a motion to compel. (Rec. Doc. 64818). Oral argument on the motion was heard by telephone on March 6, 2014, and the Court entered a minute entry of

---

[1] In addition, Merck has filed a motion for judgment on the pleadings, which also remains pending.

its ruling, ordering the parties to attempt to agree to a stipulation to resolve the matter, and in the event no stipulation was reached by March 20, 2014, Utah was to produce a 30(b)(6) witness.(Rec. Doc. 64851).

At its regular status conference on March 21, 2014, the Court indicated that Special Master Patrick Juneau had initiated mediation in the Utah matter. As a result, the Court further postponed its ruling on Utah's motion to remand. In his June 3, 2014, letter to the Court, Special Master Juneau reported that mediation was scheduled for June 13, 2014. On June 16, 2014, Utah filed a notice of suggestion for remand to the transferor court, noting that mediation had been unsuccessful. (Rec. Doc. 64980).

## II.     LAW & ANALYSIS

The JPML created this MDL by consolidating and transferring certain cases "focus[ed] on [the] alleged increased health risks (including heart attack and/or stroke) when taking Vioxx . . . and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354. Specifically, it found that consolidation was "necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*.

Pursuant to 28 U.S.C. § 1407, the JPML is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a). It is further authorized to "prescribe rules for the conduct of its business," provided such rules are "not inconsistent with [statute] and the Federal

4

Rules of Civil Procedure." *Id*. § 1407(f). Those rules provide that "the [JPML] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b).  "In considering the question of remand, the [JPML] has consistently given great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). The transferee court's suggestion of remand "is obviously an indication that [it] perceives [its] rule . . . to have ended." *Id*.

Here, coordinated pretrial proceedings have concluded with regard to Utah's action. As noted above, a motion for remand to state court remains pending before the Court. The issue raised in that motion is whether the interplay between Utah state law and federal law forms a basis for federal subject matter jurisdiction. Rather than resolve the issue in Louisiana, it would be more prudent to allow this issue to be addressed by the transferor court in Utah.[2] The United States District Court for the District of Utah will be equally—if not better—able to determine whether remand is necessary.

Accordingly, remand to the transferor court—not further proceedings in this Court—will promote the just and efficient resolution of the above-referenced matter. All coordinated proceedings have been completed and only case-specific issues remain. The Court concludes that this case will not benefit from further coordinated proceedings as part of the *Vioxx* MDL and that it is ready to be remanded to the transferor court. In so doing, it observes that Utah's presence in this MDL was not a vain and useless exercise. Instead, it allowed it to benefit from a significant

---

[2] It appears that, since at least 1970, this is the only case in this Court in which Utah has appeared as a party.

and rigorous discovery process that will form the basis of a trial on the merits, whether that occurs in the transferor court or in a state court.

### III.   CONCLUSION

For these reasons, **IT IS ORDERED** that the Clerk's Office serve copies of this suggestion of remand, as to *State of Utah v. Merck & Co., Inc.*, 06-9336, on the Judicial Panel on Multidistrict Litigation and to the United States District Court for the District of Utah.

New Orleans, Louisiana, this 18th day of June, 2014.

*Eldon E. Fallon*
_____
UNITED STATES DISTRICT JUDGE