IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | |
| *Com. of Kentucky v. Merck & Co., Inc.*, | ) | |
| No. 09-CI-1671 (Franklin Cir. Ct.) | ) | |
| And formerly No. 2:10-cv-1115 (E.D. La.) | ) | |

**SECOND STIPULATION TO EXTEND THE COURT'S PRELIMINARY INJUNCTION FOR GOOD CAUSE**

The parties to the above-captioned case hereby stipulate to the further extension of the preliminary injunction entered by the Court against "Dr. David Egilman and those persons in active concert or participation with him" regarding the preservation and treatment of information designated confidential under PTO 13 on June 6, 2014.  The June 6 order entering the preliminary injunction provided that the injunction would "expire . . . within 14 days of the date and hour of its issuance," but it further provided that it may be "extended for good cause."  (Dkt. No. 64,973, at 2.)  On June 19, 2014, the Court extended the injunction until July 23, 2014 pursuant to the stipulation of the parties.  (*See* Dkt. No. 64,984.)

Good cause exists to extend the injunction a second time because it has become clear that the parties will not be able to complete the anticipated discovery in time to present their positions for a decision on whether to enter sanctions or to make the injunction permanent by July 23.  In addition, the parties are presently engaged in continuing settlement conversations, and this process would benefit from additional time to explore possible avenues for nonjudicial resolution.

1163565v1

**CONCLUSION**

For the foregoing reasons, and in light of the ongoing need for injunctive relief to preserve the status quo for the reasons stated in the Court's June 6 order, the parties respectfully request that the Court extend its preliminary injunction through the date of the hearing on Merck's motion for sanctions to allow the parties to continue to complete discovery and engage in settlement negotiations. The parties will request a date for that hearing as they approach the conclusion of their discovery efforts.

Dated: July 14, 2014

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK SHARP &
DOHME CORP.

Ann B. Oldfather
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, Kentucky 40208

Alexander A. Reinert
55 Fifth Avenue, Room 1005
New York, New York 10003

ATTORNEYS FOR DR. DAVID EGILMAN

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing stipulation has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of July, 2014.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

1163565v1