UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX
       PRODUCTS LIABILITY LITIGATION     MDL Docket No. 1657

                                                     SECTION L

                                                   JUDGE FALLON

                                                   MAGISTRATE JUDGE
                                                   KNOWLES

_____/

**MOTION TO COMPEL THE DEPOSITION OF
BROWN GREER, PLC.'S CORPORATE REPRESENTATIVE**

Comes Now, the Requesting Party, Fred Szulczewski, by and through his undersigned counsel, and pursuant to the Order Setting Procedure for Access to Vioxx Resolution Program Information and Federal Rules of Civil Procedure Rule 26(b)(1), who respectfully requests that the Court compel the deposition of Brown Greer, PLC's Corporate Representative with the most knowledge of (1) Fred Szulczewski's Vioxx claim, (2) claims package and submissions of PME records and additional claim information, (3) Fred Szulczewski's eligibility for claims valuation, (4) Fred Szulczewski's eligibility requirements, and; (5) records that may be submitted during the claims evaluation, appeals and appeals to Special Master.

The Requesting Party, Fred Szulczewski, is a Plaintiff in a legal malpractice and breach of fiduciary duty case which has been filed in Circuit Court in Pinellas County Florida, Case Number 12-1207-CI-15. The Defendants in the subject matter, The Miller Firm, LLC and Clark and Martino, P.A., were two law firms who represented Fred Szulczewski against Merck and Company in the Vioxx Claim. After Fred Szulczewski's lawyers submitted his claim through the claims valuation process, the claims

administrator determined Fred Szulczewski was a level five. The claims administrator opined that despite Fred Szulczewski's allegation that he was a level three; the medical records did not support the fact that he was a level three. After exhausting two appeals, again, the claims administrator opined he was a level five and his claim was finalized.

After, Plaintiff discovered that the two above mentioned law firms failed to submit medical records for the entire one year period following the eligible event (July 17, 2004) and moreover, failed to submit additional information and documents pursuant to the Notice of Points Award dated January 7, 2010. Had the Defendants, who had access to these records and Fred Szulczewski's authority to request, gather and submit this additional information, submitted these additional records, Brown Greer, PLC would have determined that Fred Szulczewski suffered from aphasia from the date of onset through one year post eligible event and thus, Fred Szulczewski would have been identified as a level three.

As a result of the Defendants' failure to gather and submit the medical records, additional information and documents, Fred Szulczewski did not receive full compensation and/or damage award pursuant to the November 9, 2007 Settlement Agreement Between Merck & Co., Inc. and The Counsel Listed on the Signature Pages Hereto.

Fred Szulczewski wishes to question Brown Greer, PLC regarding specific medical records, additional information and documents which according to Brown Greer, PLC, could have been submitted during the claims process and/or the initial appeal which would have ultimately concluded that Fred Szulczewski suffered from aphasia from the date of onset (July 17, 2004) through at least one year thereafter and thus conclude he

was a level three.

Fred Szulczewski wishes to conduct the deposition of Brown Greer, PLC's Corporate Representative in the above noted areas so as to confirm and corroborate that Brown Greer, PLC would have taken into account the additional records, including but not limited to medical records supporting the diagnosis of aphasia which continued at least one year from the date of onset or July 17, 2004, and would have ultimately opined that Fred Szulczewski was a level three, not a level five.

Moreover, Fred Szulczewski wishes to conduct the deposition of Brown Greer, PLC's Corporate Representative in the above noted areas as the subject areas are material, relevant and critical in proving his causes of action filed in Pinellas County, Florida. The deposition is being taken for purposes of discovery and for use at trial and all other purposes permitted under the Florida Rules of Civil Procedure.

The deposition will have a material bearing upon the subject matter of the action in Florida.

Fred Szulczewski shall take all steps necessary to preserve its confidentiality and shall not disclose such information to any other party without the permission of this Court.

Fred Szulczewski shall be responsible for reimbursing Brown Greer, PLC for its time spent in responding to this request, measured by the billing rates of the personnel involved in researching and producing the information and testimony permitted, and the reasonable costs incurred by Brown Greer, PLC in connection with any such testimony.

Requesting Party, Fred Szulczewski respectfully submits that the Motion to Compel the Deposition of Brown Greer, PLC.'s Corporate Representative be granted.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail and U.S. Mail this 21st, day of July, 2014, to David, Smith, Esquire, Esquire, of Brown Greer, PLC, at dsmith@browngreer.com and at Brown Greer, PLC, 250 Rocketts Way, Richmond, Virginia 23231.

GEORGE C. KEZEMIDES, P.A.
ATTORNEY AT LAW

/s/ George C. Kezemides
George C. Kezemides, Esq.
Fla. Bar Number: 0177040
905 E. M. L. King Jr., Dr., Suite 630
Tarpon Springs, FL 34689
Tel: (727) 945 – 1300
Fax: (727) 945 – 1355
*Attorney for Requestor/Plaintiff*