UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX
       PRODUCTS LIABILITY LITIGATION          MDL Docket No. 1657

                                              SECTION L

                                              JUDGE FALLON

                                              MAGISTRATE JUDGE
                                              KNOWLES
_____/

**MEMOMRANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THE
DEPOSITION OF BROWN GREER, PLC.'S CORPORATE REPRESENTATIVE**

I. **JURISDICTION**

This Court, as the United States District Court in which the Vioxx Product Liability Litigation is pending, has undeniable jurisdiction and authority to rule on a motion to compel the deposition of Brown Greer's, PLC's Corporate Representative. In addition, pursuant to the Order Setting Procedure for Access to Vioxx Resolution Program Information dated May 11, 2011, this Court has jurisdiction and authority to rule on requestor's motion.

II. **ARGUMENT**

The touchstone of all civil discovery is that the parties are entitled to unrestricted access to all sources of potentially relevant information. "Mutual knowledge of all relevant facts gather by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507-508 (1940). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," without regard to whether the material sought will be admissible at trial, "if the information sought appears

reasonably calculated to lead to the discovery of admissible evidence." "[R]elevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevancy "should be construed liberally and with common sense, rather than in terms of narrow legalisms." 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2008 at 107 (2d ed. 1994).

Therefore, discovery should ordinarily be allowed as relevant unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. Snowden v. Connaught Laboratories, Inc., 137 F.R.D. 325, 329, (D. Kan.1991) (citing, Hoeme v. Golden Corral Corp., No. 89-1530 (D. Kan. June, 1990)) Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass.1984) (citing, Miller v. Doctor's General Hospital, 76 F.R.D. 136, 139 (W.D. Okla. 1977)); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980).

As previously mentioned, as a result of the Defendants' failure to gather and submit the medical records, additional information and documents, Fred Szulczewski did not receive full compensation and/or damage award pursuant to the November 9, 2007 Settlement Agreement Between Merck & Co., Inc. and The Counsel Listed on the Signature Pages Hereto. After Fred Szulczewski exhausted all his appeals, Brown Greer, PLC concluded that Fred Szulczewski was a level five. Prior to the finalization of this claim and on numerous occasions, Brown Greer, PLC informed Fred Szulczewski's counsel, The Miller Firm, that it had failed to provide the necessary documents to support Fred Szulczewski's claim that he was a level three. Both law firms and/or Defendants

had multiple opportunities to submit Plaintiff's complete medical records and additional documents to prove he suffered from aphasia from the date of onset and that the aphasia diagnoses continued for at least one year thereafter, however, the law firm and/or Defendants failed to do so.

Fred Szulczewski wishes to conduct the deposition of Brown Greer, PLC's Corporate Representative in the above noted areas as the subject areas are material, relevant and critical in proving his causes of action filed in Pinellas County, Florida. The deposition will have a material bearing upon the subject matter of the action in Florida.

Specifically, Fred Szulczewski wishes to question Brown Greer, PLC regarding specific medical records, additional information and documents which according to Brown Greer, PLC could have been submitted during the claims process and/or the initial appeal which would have ultimately concluded that Fred Szulczewski suffered from aphasia from the date of onset (July 17, 2004) through at least one year thereafter and thus conclude he was a level three.

Again, the deposition and the specific topics to be discussed during the deposition are narrowly tailored to seek only information and documents necessary for the articulated purpose of the request.

The deposition must be allowed as the information/testimony sought is material, relevant and reasonably calculated to lead to the discovery of admissible evidence.

### III.  CONCLUSION

For the foregoing reasons, Requesting Party, Fred Szulczewski respectfully submits that the Motion to Compel the Deposition of Brown Greer, PLC.'s Corporate Representative must be granted.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail and U.S. Mail this 21st, day of July, 2014, to David, Smith, Esquire, Esquire, of Brown Greer, PLC, at dsmith@browngreer.com and at Brown Greer, PLC, 250 Rocketts Way, Richmond, Virginia 23231.

GEORGE C. KEZEMIDES, P.A.
ATTORNEY AT LAW

/s/ George C. Kezemides
George C. Kezemides, Esq.
Fla. Bar Number: 0177040
905 E. M. L. King Jr., Dr., Suite 630
Tarpon Springs, FL 34689
Tel: (727) 945 – 1300
Fax: (727) 945 – 1355
*Attorney for Requestor/Plaintiff*