UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| **PRODUCTS LIABILITY LITIGATION** | **JUDGE ELDON E. FALLON** |
| | **MAGISTRATE JUDGE DANIEL E. KNOWLES, III** |

## OPPOSITION TO NON-PARTY FRED SZULCZEWSKI'S MOTION TO COMPEL THE DEPOSITION OF BROWNGREER, PLLC'S CORPORATE REPRESENTATIVE

Non-Party, Clark & Martino, P.A., pursuant to LR 7.5, through undersigned counsel, files this opposition to Non-Party, Fred Szulczewski's, Motion to Compel the Deposition of BrownGreer, PLLC.'s Corporate Representative [Doc. No. 65002].

### MEMORANDUM OF LAW

Rule 26(b)(2) provides that discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. *Shimon v. Sewerage & Water Bd of New Orleans*, 2006 WL 2475309 (E.D. La. Aug. 24, 2006). The Court may make any order which justice requires to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26.

On May 11, 2011, this Court entered an Order Setting the Procedure for Access to Vioxx Resolution Program Information [Doc. No. 62958]. The Court's order provides that any party seeking from BrownGreer PLLC (as the Vioxx Claims Administrator) any testimony relating to the Vioxx Resolution Program, before issuing a subpoena, must file a motion with this Court

specifying the information sought by the party, the basis for the request, and the request shall be narrowly tailored to seek only information necessary for the articulated purpose.

On July 21, 2014, Non-Party, Fred Szulczewski, filed a motion requesting that the Court compel the deposition of BrownGreer PLLC's Corporate Representative. Mr. Szulczewski's motion fails to comply with the Court's order on requesting such a deposition. Indeed, the motion fails to identify a proper basis for the request and is not narrowly tailored to seek only information necessary for the articulated purpose. Mr. Szulczewski is seeking overbroad, duplicative, irrelevant, and speculative information that would cause undue burden and expense to BrownGreer and Clark & Martino, P.A. Further, because the information Mr. Szulczewski is seeking is available through more convenient, less burdensome or less expensive methods, there is no critical need to depose BrownGreer.

Fred Szulczewski is a plaintiff in a legal practice action in the Circuit Court in Pinellas County Florida, Case Number 12-1207-CI-15. Clark & Martino, P.A. is a defendant in that legal malpractice action. The legal malpractice case arises from the global settlement reached in the Vioxx Resolution Program, wherein an objective formula was created to assign value to individual claims. Mr. Szulczewski received an injury level 5 award. Unsatisfied with his injury level award, <u>yet accepting the settlement payment</u>, and having exhausted his right to appeal the award, Mr. Szulczewski has resorted to suing his attorneys and claiming the attorney-defendants should have included medical records that 1) did not exist AND 2) are not material in the formulaic global settlement calculation.

In an attempt to salvage his claim against the defendant-attorneys, Mr. Szulczewski seeks to compel the deposition of BrownGreer. As evidenced by his motion to compel, Mr. Szulczewski would have BrownGreer provide speculative testimony as to whether it would have

opined that Mr. Szulczewski was a level three (as opposed to level five) based on the non-existent and immaterial medical records.  Stated differently, Mr. Szulczewski is requesting that the Court compel BrownGreer to reopen Mr. Szulczewski's case with Vioxx and retrospectively second-guess the final and non-appealable results of the Vioxx Resolution Program.

If the Court were to allow such discovery after a claim in the Vioxx Resolution Program is finalized and payment has been made, every claimant in the Program, who is unsatisfied with his/her injury award, could potentially force the deposition of the Vioxx Claims Administrator and seek an after-the-fact speculative opinion based on hypothetical medical records.  Indeed, such discovery would create an undue burden and extreme expense for this Court and BrownGreer, and would severely obstruct the purpose of the Court's order protecting BrownGreer from such discovery tactics.

Further, this kind of annoying, burdensome, and expensive discovery is unnecessary when there are more convenient, less burdensome, or less expensive methods to obtain the information at issue in this case.  For example, the Settlement Agreement and its exhibits, under which the Vioxx Resolution Program was governed, clearly explains the formulae, matrix, medical conditions, applicable dates, documents and medical records that were required and considered by BrownGreer.  There is no need to depose BrownGreer for the duplicative information that is readily available, nor should BrownGreer be required to speculate after-the-fact.

If this Court allows the deposition, Clark & Martino requests that its attorneys be allowed to attend the deposition and ask questions pursuant to Rule 30, *Federal Rules of Civil* Procedure and *Florida Rules of Civil Procedure*.

WHEREFORE, Non-Party, Clark & Martino, P.A., requests that the Court deny Non-Party, Fred Szulczewski's, Motion to Compel the Deposition of BrownGreer, PLLC.'s Corporate Representative [Doc. No. 65002].

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ Allen C. Miller
Allen C. Miller, (Bar #26423)
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Phone: (504) 584-9221
Fax: (504) 568-9130
Email: allen.miller@phelps.com

and

Robert Stines, Fla. Bar No.: 78447
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Telephone: 813-472-7550
Telecopier: 813-472-7570
Email: robert.stines@phelps.com

ATTORNEYS FOR NON-PARTY CLARK & MARTINO, P.A.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was filed on this 21st day of August, 2014, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ Allen C. Miller
Allen C. Miller