UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| *This Document Applies to All Cases* | No. 2:09-cv-07218 |

**STIPULATION CONCERNING ENFORCEMENT OF PTO 13 AND IN FURTHERANCE OF THIS COURT'S JUNE 6, 2014 PRELIMINARY INJUNCTION OF DAVID S. EGILMAN, M.D.**

WHEREAS, on May 24, 2005, the Court issued a protective order to "facilitate a timely and efficient discovery process" in this litigation, while addressing the confidentiality concerns of all parties ("PTO 13" or "MDL Protective Order");

WHEREAS, the MDL Protective Order "govern[s] all documents, the information contained therein, and all other information produced or disclosed during th[e] [MDL] Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action" (PTO 13 ¶ 1);

WHEREAS, the MDL Protective Order binds not only the parties but also the experts and consultants who receive confidential information by virtue of their participation in Vioxx proceedings – including Dr. David S. Egilman;

WHEREAS, the MDL Protective Order achieves this binding effect by requiring

experts and others to sign a certification, which provides, among other things, that the signatory "agree[s] to be bound by the Stipulation and Protective Order" and "to submit to the jurisdiction of this Court for purposes of enforcing the Stipulation and Protective Order," and that he or she "understand[s] that the Court may impose sanctions on [the signatory] for any violation of the Stipulation and Protective Order" and that PTO 13 continues "in force until amended or superseded by express order of the Court," and "survive[s] any final judgment or settlement" in the MDL action (*id.*);

WHEREAS, the obligations of PTO 13 were imposed on "[c]ounsel for plaintiffs in Governmental Actions, including the plaintiff Attorneys General, and all persons employed by or acting on their behalf" (PTO 13A at 1) and "continue in force until amended or superseded by express order of this Court and shall survive remand of Governmental Actions to their transferor courts (*id.* at 2);

WHEREAS, this Court reiterated that the obligations of PTO 13 and PTO 13A apply to Government Action plaintiffs having access to the PSC document depositories, stating "Plaintiffs and counsel for plaintiffs in the Government Actions, and all persons employed by or acting on their behalf, shall comply with Pretrial Order Nos. 13 and 13A in maintaining the confidentiality of designated materials and information and shall not disclose the contents thereof to any person, entity or member of the public unless provided for by subsequent order of this Court" and that "such obligations shall continue in force until amended or superseded by express order of this Court and shall survive remand of the Government Actions to their transferor courts" (PTO 13B, Dkt 17,822) and included additional obligations with respect to highly confidential material (PTO 13C);

WHEREAS, this Court entered a Preliminary Injunction on June 6, 2014 to ensure

compliance with PTO 13, 13A and 13C;

WHEREAS, Dr. David S. Egilman has agreed to fully comply with the requirements of PTO 13, 13A, 13B, and 13C;

WHEREAS, Merck acknowledges that Dr. David S. Egilman admits no wrongdoing by his agreement to the terms of this Stipulated Order; and

WHEREAS, this Court having reviewed the below Stipulation between Merck and Dr. David S. Egilman in the context of the MDL Protective Order and the matters before it and views it as an acceptable means of resolving the dispute between the undersigned parties;

**NOW THEREFORE, IT IS HEREBY STIPULATED BY THE UNDERSIGNED AND FOR GOOD CAUSE ORDERED** that:

1. Dr. David S. Egilman and any agent, employee, contractor, consultant, or consulting firm of Dr. Egilman, including but not limited to Never Again Consulting, Inc., who has or does come into possession of the documents and data subject to this Stipulated Order as a result of Dr. Egilman's work as an expert witness or consultant (hereinafter collectively referred to as "Dr. David S. Egilman" or "Dr. Egilman") shall return all documents and data, [1] including any copies or electronically stored versions, that were designated

[1] The term "documents" in this Stipulated Order means every original, draft and duplicate by any means of every writing, transcript, and recording of every type and description, including, but not limited to, all writings, recordings, electronic writings, e-mail, reports and photographs. The term "documents" also means all information contained in the documents and any and all summaries, notes, compilations, and excerpts of such documents or information in whatever manner (*e.g.*, electronically) or location stored (*e.g.*, server) wherever situated. The term data in this Stipulated Order means data in whatever form or format produced by Merck.

confidential in these MDL proceedings pursuant to PTO 13, 13A, 13B, or 13C and that Dr. Egilman received and has in his possession, custody or control in any form.[2]

2. The documents and data to be returned pursuant to paragraph 1 shall be returned in the following manner:

a. Dr. David S. Egilman, at his own expense, shall cause all such documents and data to be securely delivered within thirty (30) days of the entry of this Stipulated Order to Alexander A. Reinert, Esq., Counsel for Dr. Egilman. Dr. Egilman shall notify Merck when that delivery process has been completed.

b. Counsel for Dr. Egilman shall notify Merck's counsel in writing of receipt of the documents and data pursuant to subparagraph 2 a. above and/or paragraph 7 below with an estimate of the volume of the documents and data so received. Counsel for Dr. Egiman shall maintain possession of such documents and data securely and shall only provide access to such documents to Dr. Egilman in accordance with the provisions of paragraph 5 below and PTO 13, 13A, 13B, and 13C, except that in the exercise of his discretion, Counsel for Dr. Egilman may cause any such documents or data to be destroyed. To the extent that Counsel for Dr. Egilman exercises his discretion and causes documents or data to be destroyed, he shall inform Merck's counsel in writing with an estimate of the

---

2 The phrase "possession, custody or control" in this Stipulated Order includes but is not limited to assistants, associates, consultants, consulting firms, counsel, students, or others who received the documents or data from Dr. Egilman or as directed by Dr. Egilman. For purposes of this provision, the term "counsel" does not include Alexander A. Reinert, Esq. or Ann Oldfather, Esq. to the extent they received materials from Dr. Egilman as part of their representation of him in connection with the motions referred to in paragraph 9.

volume of documents and data so destroyed.

3. In order to reduce the time and costs for Dr. David S. Egilman to comply with this Stipulated Order and other agreement(s) to return documents and data, Dr. Egilman, at his option, may include with the documents and data returned pursuant to paragraph 1, non-confidential Merck documents and data obtained in connection with this MDL. To the extent Dr. Egilman exercises this option, the documents and data shall be handled in the same manner as documents and data returned pursuant to paragraph 1 as set forth in paragraph 2. Dr. Egilman shall inform Merck in advance of delivering documents and data pursuant to paragraph 2 whether he is exercising his option pursuant to this paragraph.

4. To the extent Dr. David S. Egilman does not exercise the option set forth in paragraph 3, he is obligated to provide Merck with a certified list of every Vioxx document and data that Dr. Egilman believes is not protected by any of this Court's PTO 13's (including complete and accurate Bates ranges) and that he intends to maintain in his possession, custody, or control. Dr. Egilman shall furnish such certified list within fifteen (15) days of the entry of this Stipulated Order. To the extent Dr. Egilman is unable to confirm that any document or data in his possession, custody or control is protected by any PTO 13 and therefore subject to the return provisions of paragraphs 1 and 2 above, Dr. Egilman is obligated to treat any such document or data as confidential and subject to PTO 13, 13A, 13B, and 13C. Merck will review the certified list and inform Dr. Egilman in writing which documents and data, if any, remain confidential and subject to the foregoing requirements of paragraphs 1 and 2 above, and which documents or data need not be returned. Merck will provide that written response within thirty (30) days of the entry of

this Stipulated Order.

5. Following the return of the documents and data as required by this Stipulated Order, Dr. Egilman shall not come into actual or constructive possession of, or have access to, the documents returned pursuant to paragraphs 1 and 2 above, the information contained therein, or any other documents and data designated confidential in these MDL proceedings, except as follows:

   a. To the extent that any of the documents and data returned pursuant to paragraphs 1 and 2 above have their confidentiality designation withdrawn pursuant to PTO 13, 13A, 13B, or 13C, Dr. Egilman shall be permitted to come into actual or constructive possession of such documents or the information contained therein; or

   b. To the extent that Merck agrees in writing that any of the documents returned pursuant to paragraphs 1 and 2 above, the information contained therein, or any other documents and data designated confidential in these MDL proceedings have become publicly available not in violation of PTO 13, 13A, 13B, and 13C or any other applicable protective order, Dr. Egilman shall be permitted to come into actual or constructive possession of such documents or the information contained therein; or

   c. Any counsel of record in any of the currently pending Vioxx-related actions in the Vioxx MDL may review with Dr. Egilman in person, in preparation for his testimony at trial or deposition in that pending Vioxx action for which he has been disclosed as a putative expert witness, the documents returned pursuant to

paragraphs 1 and 2 above, the information contained therein, or any other documents and data designated confidential in these MDL proceedings, but Dr. Egilman may not retain possession of, or have remote access to, such materials at the conclusion of such review with counsel.

6. To the extent Dr. David S. Egilman has transmitted the documents or data to be returned pursuant to this Stipulated Order or copies of those documents or data to other persons or entities (including any remote servers or other means of storage), Dr. Egilman shall retrieve those documents or data including copies from those persons or entities, inform those persons or entities of the terms of this Stipulated Order, and return the documents and data pursuant to the procedures set forth in paragraph 2 above.

7. To the extent Dr. David S. Egilman has maintained and/or stored documents and data subject to the return provisions of paragraphs 1 and 2 above on a database, server (remote or otherwise), or other means of storage, Dr. Egilman shall return such documents or data to Alexander A. Reinert, Esq., Counsel for Dr. Egilman. Dr. Egilman shall notify Merck when that delivery process has been completed. Counsel for Dr. Egilman shall retain such documents and data however stored in a secure manner according to the provisions of paragraph 2 b. above and the provisions of PTO 13, 13A, 13B, and 13C, except that in the exercise of his discretion, Counsel for Dr. Egilman may cause any such documents or data to be destroyed. To the extent that Counsel for Dr. Egilman exercises his discretion and causes documents or data to be destroyed, he shall inform Merck's counsel in writing with an estimate of the volume of documents and data so destroyed. Dr. Egilman shall permanently delete such documents or data from his database, server, or other means of storage. To the extent Dr. Egilman is unable to remove the documents and data subject to

this Stipulation from such database, server or other means of storage, Dr. Egilman shall dismantle or otherwise render inoperable any database, server or other means of storage, to the extent it contains any documents or data subject to the return provisions of paragraphs 1 and 2 above.

8. Dr. David S. Egilman personally shall certify in writing to Merck and this Court that Dr. Egilman and any agent, counsel, employee, contractor, consultant, or consulting firm of Dr. Egilman, including but not limited to Never Again Consulting, Inc.: (a) have complied with all the terms of this Stipulated Order, including that no prior recipients of the documents or data from, or as directed by, Dr. Egilman retain any such documents or data and any databases of confidential Vioxx documents maintained by, or accessible to, Dr. Egilman have been disabled or rendered inoperable, and (b) have taken no actions to circumvent this Stipulated Order by the transmission of copies of documents or data subject to this Stipulated Order in any form to any other persons, location, or entity, other than as specified in this Stipulated Order. To the extent Dr. Egilman needs to retrieve documents or data from any other person or entity (including any remote servers or other means of storage) to comply with the terms of this Stipulated Order, those persons or entities (including any remote servers or other means of storage) shall be identified in the certification of compliance. Dr. Egilman shall furnish such certificate of compliance within forty-five (45) days of the entry of this Stipulated Order.

9. In return for Dr. David S. Egilman's compliance with the terms of this Stipulated Order, Merck will withdraw its pending All-Writs motion (Dkt. No. 64,947) and motion for sanctions (Dkt. No. 64,894) and will agree not to pursue a Permanent Injunction preventing Dr. Egilman and his counsel from pursuing the release of documents before

Judge Shepherd of the Franklin Circuit Court of the Commonwealth of Kentucky and not to pursue sanctions in any court for the conduct that formed the basis of Merck's motion for sanctions (Dkt. No. 64,894). That agreement by Merck, however, is contingent on (a) Dr. Egilman withdrawing his Motion to Declare Documents Non-Confidential Due to Merck's Non-Compliance with Court's Order (filed in the Franklin Circuit Court of the Commonwealth of Kentucky on or about April 28, 2014) and forgoing any further request to declare Merck documents non-confidential in any court other than this Court until such time as the Vioxx MDL and all Vioxx-related actions and proceedings are concluded; (b) Dr. Egilman agreeing to forgo any further efforts to obtain the release of any documents or data that were designated confidential pursuant to the MDL Protective Order in any court other than this Court, and (c) his compliance with that agreement and this Stipulated Order. Notwithstanding the forgoing, Merck's Sealed Motion To Maintain Confidentiality Of Eleven Documents Pursuant to CR ¶26.03(1)(g) pending in Kentucky shall be argued and decided on the merits unless further agreement to the contrary.

10. Counsel for Dr. Egilman acknowledges and agrees: (i) to fulfill the obligations placed upon him in paragraphs 2 and 7 of this Stipulated Order, (ii) that he has read the terms of PTO 13, 13A, 13B and 13C and agrees to be subject to their provisions, and (iii) that he is subject to the Court's jurisdiction in connection with this Stipulated Order and the Protective Orders referenced herein.

11. This Court retains personal jurisdiction over Dr. David S. Egilman with respect to the subject matter of this Stipulation, the operation of any PTO 13, and any effort by Dr. Egilman in the future to seek disclosure of the documents and data subject to paragraphs

1 and 2 above, even if all Vioxx-related matters are concluded before this Court. Any future efforts by Dr. Egilman to: (a) modify this Order or (b) seek to obtain the release of any documents or data that were designated confidential pursuant to the MDL Protective Order must be made by motion exclusively to this Court or the successor to Judge Eldon E. Fallon.

12. The entry of this Stipulated Order shall result in the termination of the preliminary injunction entered by this Court on June 6, 2014 (Docket No. 64973) and extended on two prior occasions (Docket Nos. 64984 and 65000).

**STIPULATED AND AGREED:**

**DAVID S. EGILMAN, M.D.**

David Egilman MD, MPH

____________________________ Dated___8/9/2014_

David Egilman, M.D., M.P.H.

**COUNSEL FOR DAVID S. EGILMAN, M.D.**

____________________________ Dated 8/9/2014

Alexander A. Reinert, Esq.

**MERCK, SHARP & DOHME, CORP.**

By:____________________________ Dated: 8/13/14

**FOR GOOD CAUSE SHOWN, SO ORDERED.**

New Orleans, Louisiana this 9th day of September, 2014.

Honorable Eldon E. Fallon, Judge
United States District Court