IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX ) | | |
| PRODUCTS LIABILITY LITIGATION ) | MDL NO. 1657 | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | SECTION L | |
| ) | | |
| SHERRILL HERKE, individually and on ) | JUDGE FALLON | |
| behalf of a proposed class of those ) | | |
| similarly situated, ) | No. 2:09-cv-07218 | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| MERCK & CO., INC., ) | | |
| Defendant. ) | | |
| ) | | |
| _____ ) | | |

**PLAINTIFFS MICHAEL ELWARD AND DONNA KANTNERS'
MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT
TIME AND EXPENSE RECORDS**

NOW COME Plaintiffs Michael Elward and Donna Kantner, by and through Gary E. Mason, David O. Tittle and Brian W. Welch, counsel of record in the case styled *Michael Elward and Donna Kantner v. Merck & Co., Inc.*, Case No. 49D06-0411-PL-002185 (Marion County Superior Court, Indiana) (hereafter "*Elward*" or the "Indiana Action") [1] and hereby files this Memorandum in Support of their Motion For Leave to Submit Time and Expense Records to Philip Garrett, CPA, the Court-appointed CPA, for review and reporting to the Court. Plaintiffs, in support of their motion, state as follows:

1. On or about November 18, 2004, Plaintiffs' counsel, Gary E. Mason of the law firm Mason LLP and David O. Tittle and Brian W. Welch of the law firm Bingham Greenebaum Doll

---

[1] The complaint was originally filed on behalf of Donna Kantner, at that time styled as *Donna Kanter, individually and on behalf of all others similarly situated v. Merck & Co., Inc.* ("*Kantner*"). An Amended Complaint was filed on or about September 29, 2008 to add Michael Elward as an additional class representative. The caption of this action was amended to read "*Michael Elward and Donna Kantner, individually and on behalf of all others similarly situated v. Merck & Co., Inc.*" The case number remained the same.

LLP, co-counsel in the Indiana Action, filed a class action complaint against Merck & Co. Inc. ("Merck") on behalf of Donna Kantner, and all other persons in Indiana similarly situated, alleging, among other things, that Ms. Kantner and members of the class overpaid for Vioxx, a pharmaceutical product manufactured by Merck that had been recalled due to undisclosed adverse health effects. *Kantner* was originally filed in Indiana State Court.

2.  On or about December 15, 2004, Merck noticed the removal of *Kantner* to the United States District Court for the Southern District of Indiana. Further, Merck moved for a stay pending the Judicial Panel on Multi-District Litigation's order on its motion to transfer and consolidate *Kantner* with other related economic-loss class actions filed in, or removed to, federal courts around the country.

3.  Plaintiff Kantner filed her Motion to Remand in the District Court on December 23, 2004, seeking remand and opposing Merck's motion to stay. After fully briefing the motion, the District Court on January 26, 2005, entered an order granting Kantner's Motion to Remand.

4.  On or about September 29, 2008, Plaintiff Kantner filed her First Amended Complaint to add Michael Elward as Additional Class Representative. Plaintiff Kantner indicated she was no longer able to serve as class representative in this action, and Mr. Elward was therefore added and the caption of this action was amended to read "*Michael Elward and Donna Kantner, individually and on behalf of all others similarly situated vs. Merck & Co., Inc.*"

5.  Upon remand, counsel for *Elward* aggressively litigated the class action. Among other things, counsel served discovery requests, reviewed documents produced in response to discovery requests, retained and paid an economist with experience calculating damages in cases involving "premium" pricing, replied to Merck's Motion for Judgment on the Pleadings, responded to Merck's discovery requests, negotiated a protective order to facilitate the production

of documents, prepared a Case Management Order, participated in a hearing on the Motion for Judgment on the Pleadings, filed a First Amended Complaint, prepared and filed a Motion to Correct Errors, prepared and filed a Response to Merck's Motion to Strike, prepared for and argued upon hearing the Motion to Correct Errors and Motion to Strike, prepared and filed an Opposition to Merck's Motion to Dismiss First Amended Class Action Complaint, prepared an Opposition to Merck's Motion to Certify Interlocutory Appeal, responded to a Motion to Accept Interlocutory Appeal, responded to Merck's Petition for Rehearing in Appellate Court, opposed Merck's Brief re Transfer to Indiana Supreme Court, filed a Motion For Order Lifting Stay in State Court, prepared and filed a Second Amended Class Action Complaint, prepared and filed a Motion for Class Certification and Memorandum in Support of Class Certification supported by over fifty (50) exhibits that included expert reports and affidavits, research articles, FDA Advisory Committee Meeting Minutes, Merck's Vioxx Project Team Minutes, etc. Counsel also reviewed a substantial number of discovery documents and propounded additional discovery requests related to class certification, and oral argument on Merck's Motion to Compel.

6.     While *Elward* proceeded in state court, a multidistrict litigation ("MDL") was established and proceeded in this Court. The MDL mostly involved personal injury cases, but also included consumer protection cases. In or about August 2013, the Plaintiffs' Steering Committee ("PSC") negotiated a $23 million settlement with Merck for qualified claims made for out-of-pocket expenditures by members of the Class. *Elward* was one of the cases resolved by the settlement and one of a total of two class actions pending in state court. *See* Exhibit C to Vioxx MDL Consumer Settlement Agreement [Rec. Doc. 64501-3].

7.     Prior to the settlement, Mason LLP had devoted 639.63 hours to the prosecution of *Elward* and Bingham Greenebaum Doll LLP devoted 2583.10 hours to the prosecution of *Elward*.

Based on the firms' current rates, the total lodestar of Mason LLP in the prosecution of the litigation is $307,728.00 and the total lodestar of Bingham Greenbaum Doll LLP is $722,566.00. Counsel believes the time spent representing Plaintiffs Elward, Kantner and the class in the Indiana Action was reasonable and necessary. *See* Declaration of Gary E. Mason in Support of Motion for Leave to Submit Time and Expense Records at ¶ 8 ("Mason Decl.") and Declaration of David O. Tittle in Support of Motion for Leave to Submit Time to Phillip Garrett at ¶ 8 ("Tittle Decl.").

8. Mason LLP and Bingham Greenebaum Doll LLP also advanced all expenses throughout the prosecution of *Elward* and none of the expenses have been reimbursed by any client or any other person or entity. Mason LLP has incurred a total of $32,074.76 in unreimbursed expenses. *See* Mason Decl., ¶ 9. Bingham Greenebaum Doll LLP has incurred a total of $45,155.94 in unreimbursed expenses. *See* Tittle Decl., ¶ 10.

9. In or about August, 2013, Mason received a telephone call from Russ Herman, the Plaintiffs' Steering Committee ("PSC") Chair, who informed him of the Consumer Settlement and advised him that the attorneys involved in *Elward* could make a claim for attorneys' fees in the *Herke* settlement. *See* Mason Decl., ¶ 10.

10. On November 11, 2013, Mason transmitted by email his time and expenses, as well as the time and expenses of Bingham Greenebaum Doll LLP, to Elizabeth Cabraser, Russ Herman and Lenny Davis. He also requested an opportunity to discuss with them the procedures for applying for an award of attorneys' fees and reimbursement of costs. He did not receive any replies to this email. *See* Mason Decl., ¶ 11.

11.     On or about May 15, 2014, Mason made an inquiry to Dawn Barrios with respect to applying for an award of fees and reimbursement of costs. Barrios advised him to wait for the Court to issue an order. *See* Mason Decl., ¶ 12.

12.     On July 30, 2014, in a subsequent conversation with Barrios, she alerted Mason to the fact that Pretrial Order No. 6C requires submission of time and expenses and that he should contact Philip Garrett, the Court-appointed CPA. *See* Mason Decl., ¶ 13.

13.     On August 21, 2014, in response to an email from Mason of the same date, Garrett advised Mason that he could not upload his time onto the system without Court permission since the time was over six months old. *See* Mason Decl., ¶ 14.

WHEREFORE, counsel for Michael Elward and Donna Kantner respectfully pray they be granted leave of Court to submit time and expense records to Philip Garrett, CPA.

Dated: September 22, 2014

Respectfully submitted,

*/s/Gary E. Mason*
Gary E. Mason
MASON LLP
1625 Massachusetts Avenue, NW
Suite 605
Washington, DC 20036
Telephone: 202-429-2290
Facsimile:  202-429-2294
gmason@masonlawdc.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone: 317-635-8900
Facsimile: 317-236-9907
dtittle@bgdlegal.com

Brian W. Welch
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone: 317-686-5208
Facsimile: 317-236-9907
bwelch@bgdlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs Michael Elward and Donna Kantners' Memorandum in Support of Motion for Leave to Submit Time and Expense Records has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22$^{\text{nD}}$ day of September, 2014.

*/s/Gary E. Mason*
Gary E. Mason