IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 1657 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION L |
| | ) | |
| SHERRILL HERKE, individually and on | ) | JUDGE FALLON |
| behalf of a proposed class of those | ) | |
| similarly situated, | ) | No. 2:09-cv-07218 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERCK & CO., INC., | ) | |
| Defendant. | ) | |
| | ) | |
| ———————————————— | ) | |

## DECLARATION OF GARY E. MASON IN SUPPORT OF
## MOTION FOR LEAVE TO SUBMIT TIME AND EXPENSE RECORDS

I, Gary E. Mason, declare as follows:

1.      I, Gary E. Mason, am a Partner at Mason LLP. My firm is counsel of record for

Plaintiffs Michael Elward and Donna Kantner in the case styled *Michael Elward and Donna*

*Kantner v. Merck & Co., Inc.*, Case No. 49D06-0411-PL-002185 (Marion County Superior Court,

Indiana) (hereafter "*Elward*" or the "Indiana Action").[1] My co-counsel in the Indiana Action was

David O. Tittle, Brian W. Welch and the law firm of Bingham Greenebaum Doll LLP.

2.      On or about November 18, 2004,  Mr. Tittle, Mr. Welch and I filed a class action

complaint against Merck & Co. Inc. ("Merck") on behalf of Donna Kantner, and all other persons

in Indiana similarly situated, alleging, among other things, that Ms. Kantner and members of the

---

[1] The complaint was originally filed on behalf of Donna Kantner, at that time styled as *Donna Kanter, individually and on behalf of all others similarly situated v. Merck & Co., Inc. ("Kantner")*. An Amended Complaint was filed on or about September 29, 2008 to add Michael Elward as an additional class representative. The caption of this action was amended to read "*Michael Elward and Donna Kantner, individually and on behalf of all others similarly situated v. Merck & Co., Inc."* The case number remained the same.

class overpaid for Vioxx, a pharmaceutical product manufactured by Merck that had been recalled due to undisclosed adverse health effects. *Kantner* was originally filed in Indiana State Court.

3.      On or about December 15, 2004, Merck noticed the removal of *Kantner* to the United States District Court for the Southern District of Indiana.  Further, Merck moved for a stay pending the Judicial Panel on Multi-District Litigation's order on its motion to transfer and consolidate *Kantner* with other related economic-loss class actions filed in, or removed to, federal courts around the country.

4.      Plaintiff Kantner filed her Motion to Remand in the District Court on December 23, 2004, seeking remand and opposing Merck's motion to stay.  After fully briefing the motion, the district court on January 26, 2005, entered an order granting Kantner's Motion to Remand.

5.      On or about September 29, 2008, Plaintiff Kantner filed her First Amended Complaint to add Michael Elward as Additional Class Representative. Plaintiff Kantner indicated she was no longer able to serve as class representative in this action, and Mr. Elward was therefore added and the caption of this action was amended to read "*Michael Elward and Donna Kantner, individually and on behalf of all others similarly situated vs. Merck & Co., Inc.*"

6.      Upon remand, counsel for *Elward* aggressively litigated the class action.  Among other things, counsel served discovery requests, reviewed documents produced in response to discovery requests, retained and paid an economist with experience calculating damages in cases involving "premium" pricing, replied to Merck's Motion for Judgment on the Pleadings, responded to Merck's discovery requests, negotiated a protective order to facilitate the production of documents, prepared a Case Management Order, participated in a hearing on the Motion for Judgment on the Pleadings, filed a First Amended Complaint, prepared and filed a Motion to Correct Errors, prepared and filed a Response to Merck's Motion to Strike, prepared for and argued upon hearing the Motion to Correct Errors and Motion to Strike, prepared and filed an

2

Opposition to Merck's Motion to Dismiss First Amended Class Action Complaint, prepared an Opposition to Merck's Motion to Certify Interlocutory Appeal, responded to a Motion to Accept Interlocutory Appeal,  responded to Merck's Petition for Rehearing in Appellate Court, opposed Merck's Brief re Transfer to Indiana Supreme Court, filed a Motion For Order Lifting Stay in State Court,  prepared and filed a Second Amended Class Action Complaint, prepared and filed a Motion for Class Certification and Memorandum in Support of Class Certification supported by over fifty (50) exhibits that included expert reports and affidavits, research articles, FDA Advisory Committee Meeting Minutes, Merck's Vioxx Project Team Minutes, etc. Counsel also reviewed a substantial number of discovery documents and propounded additional discovery requests related to class certification, and oral argument on Merck's Motion to Compel.

7.      While *Elward* proceeded in state court, a multidistrict litigation ("MDL") was established and proceeded in this Court.  The MDL mostly involved personal injury cases, but also included consumer protection cases.  In or about August 2013, the Plaintiffs' Steering Committee ("PSC") negotiated a $23 million settlement with Merck for qualified claims made for out-of-pocket expenditures  by members of the Class. *Elward*  was one of the cases resolved by the settlement and one of a total of two class actions pending in state court. *See* Exhibit C to Vioxx MDL Consumer Settlement Agreement [Rec. Doc. 64501-3].

8.      Prior to the settlement, Mason LLP had devoted 639.63 hours to the prosecution of the *Elward*. Based on my firm's current rates, the total lodestar of Mason LLP in the prosecution of the litigation is $307,728.00.  I reasonably believe the time spent representing our clients and the class in *Elward* was reasonable and necessary.  The summary chart below sets forth the identity of each attorney of my firm who worked on *Elward*, amount of time spent by each devoted to this case, and corresponding billing rate for each attorney:

| NAME | RATE | HOURS | TOTAL |
|---|---|---|---|
| Gary E. Mason | $680.00 | 86.00 | $58,480.00 |
| Donna F. Solen | $570.00 | 267.75 | $152,617.50 |
| Nicholas A. Migliacco | $505.00 | 45.00 | $22,725.00 |
| Khushi K. Desai | $350.00 | 185.08 | $64,778.00 |
| Monica C. DiCocco | $180.00 | 40.50 | $7,290.00 |
| Lauren P. Charney | $125.00 | 12.30 | $1,537.00 |
| Amanda M. DiCocco | $100.00 | 3.00 | $300.00 |
|  | **Total** | **639.63** | **$307,728.00** |

The hours devoted to *Elward* were compiled from contemporaneous records regularly maintained by Mason LLP.

9.      Mason LLP also advanced numerous expense items throughout the prosecution of the Indiana Action and none of the expenses have been reimbursed by any client or any other person or entity.  Below is a summary chart of those unreimbursed out of pocket expenses incurred in the prosecution of *Elward*.  As detailed below, Mason LLP has incurred a total of $32,074.76 in unreimbursed expenses:

| Category | Total |
|---|---|
| Travel (lodging, meals, airfare, etc.) | $12,059.16 |
| Courier/Express Mail | $834.69 |
| Court Reporting | $330.60 |
| Expert Fees | $4,765.00 |
| Filing Fees | $261.25 |
| Meetings/Conventions | $3,021.65 |

| Photocopies | $94.20 |
|---|---|
| Reference Westlaw/Pacer/Lexis | $9,885.93 |
| Telephone/Conference Calls | $822.28 |
| **TOTAL EXPENSES** | **$32,074.76** |

The expenses incurred in the Indiana Action are reflected on the books and records of Mason LLP. These books and records are prepared from expense vouchers, check records and other source materials, and are an accurate record of the expenses incurred.

10.     In or about August, 2013, I received a telephone call from Russ Herman, the Plaintiffs' Steering Committee ("PSC") Chair. Mr. Herman informed me of the Consumer Settlement and advised me that the attorneys involved in *Elward* could make a claim for attorneys' fees in the *Herke* settlement.

11.     On November 11, 2013, I transmitted by email my time and expenses, as well as the time and expenses of Bingham Greenebaum Doll, to Elizabeth Cabraser, Russ Herman and Lenny Davis. I requested an opportunity to discuss with them the procedures for applying for an award of attorneys' fees and reimbursement of costs. I did not receive any replies to this email.

12.     On or about May 15, 2014, I made an inquiry to Dawn Barrios with respect to applying for an award of fees and reimbursement of costs. Ms. Barrios advised me to wait for the Court to issue an order.

13.     On July 30, 2014, in a subsequent conversation with Ms. Barrios, she alerted me to the fact that Pretrial Order No. 6C requires submission of time and expenses and that I should contact Philip Garrett, the Court-appointed CPA.

14.    On August 21, 2014, in response to my email of the same date, Mr. Garrett advised me that he could not upload my time onto his system without Court permission since it is over six months old.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746 that the foregoing is true and correct.

_____                                   _____
Gary E. Mason                                                                          DATED   Sep 22, 2014
MASON LLP
1625 Massachusetts Avenue, NW
Suite 605
Washington, DC 20036
Telephone: 202-429-2290
Facsimile:  202-429-2294
gmason@masonlawdc.com