IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657 |
| THIS DOCUMENT RELATES TO: | SECTION L |
| SHERRILL HERKE, individually and on behalf of a proposed class of those similarly situated,<br>Plaintiffs, | JUDGE FALLON<br><br>No. 2:09-cv-07218 |
| | Hearing Date:  XXXXX |
| v. | |
| MERCK & CO., INC.,<br>Defendant. | Time:  8:30 am |

### DECLARATION OF DAVID O. TITTLE IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT TIME TO PHILLP GARRETT

I, David O. Tittle, declare as follows:

1. I, David O. Tittle, am a Partner at Bingham Greenebaum Doll LLP. My firm is counsel of record for Plaintiff Donna Kantner in the case styled *Kantner v. Merck*, Case No. 49D06-0411-PL-002185 (Marion County Superior Court, Indiana) (hereafter "*Kantner*" or the "Indiana Action"). My co-counsel in the Indiana Action was my partner, Brian W. Welch of Bingham Greenebaum Doll LLP and Gary E. Mason of the law firm of Mason LLP.

2. On or about November 18, 2004, Mr. Mason, Mr. Welch and I filed a class action complaint against Merck & Co. Inc. ("Merck") on behalf of Donna Kantner, and all other persons in Indiana similarly situated, alleging, among other things, that Ms. Kantner and members of the class overpaid for Vioxx, a pharmaceutical product manufactured by Merck that had been recalled due to undisclosed adverse health effects. The *Kantner* Action was originally filed in Indiana State Court.

3.      On or about December 15, 2004, Merck noticed the removal of *Kantner* to the United States District Court for the Southern District of Indiana. Further, Merck moved for a stay pending the JPMDL's order on its motion to transfer and consolidate *Kantner* with other related economic-loss class action filed in or removed to federal courts around the country.

4.      Plaintiff Kantner filed her Motion to Remand in the District Court on December 23, 2004, seeking remand of the Indiana action and opposing Merck's motion to stay. After full briefing on the motion, the District Court on January 26, 2005, entered an order granting Kantner's Motion to Remand.

5.      On or about September 29, 2008 Plaintiff Kantner filed her First Amended Complaint to Add Michael Elward as Additional Class Representative. Plaintiff Kantner indicated she was no longer able to serve as class representative in this action and Mr. Elward was therefore added and the caption of this action was amended to read "*Michael Elward and Donna Kantner, Individually and on behalf of all others similarly situated*" ("Elward").

6.      Upon remand, counsel for *Elward* aggressively litigated the class action. Among other things, counsel for *Elward* retained and paid an economist with experience calculating damages in cases involving "premium" pricing, served discovery requests, reviewed documents produced in response to discovery requests, replied to Merck's Motion for Judgment on the Pleadings, responded to Merck's discovery requests, negotiated a protective order to facilitate the production of documents, prepared a Case Management Order, participated in a hearing on the Motion for Judgment on the Pleadings, filed a First Amended Complaint, prepared and filed a Motion to Correct Errors, prepared and filed a response to Merck's Motion to Strike, prepared for and argued upon hearing the Motion to Correct Error and Motion to Strike, prepared and filed Opposition to Merck's Motion to Dismiss First Amended Class Action Complaint, prepared

opposition to Merck's Motion to Certify Interlocutory Appeal, responded to Motion to Accept Interlocutory Appeal, responded to Merck's petition for Rehearing in Appellate Court, opposed Merck's brief re transfer to Indiana Supreme Court, filed a Motion For Order Lifting Stay in state court, prepared and filed a Second Amended Class Action Complaint, prepared and filed a Motion for Class Certification and Memorandum in Support of Class Certification supported by over fifty (50) exhibits that included expert reports and affidavits, research articles, FDA Advisory Committee Meeting Minutes, Merck's Vioxx Project Team Minutes, etc., counsel also reviewed a substantial number of discovery documents and propounded additional discovery requests related to class certification, and participated in oral argument on Merck's motion to compel.

7. While *Elward* proceeded in state court, a multidistrict litigation ("MDL") was established and proceeded in this Court. The MDL mostly involved personal injury cases, but also included consumer protection cases. In or about August 2013, the Plaintiffs' Steering Committee ("PSC") negotiated a $23 million settlement with Merck for qualified claims made and for out-of-pocket expenditures by members of the Class. *Elward* was one of the cases resolved by the settlement and one of a total of two class actions pending in state court. *See* Exhibit C to Vioxx MDL Consumer Settlement Agreement (Dkt. No. 64501-3).

8. Prior to the settlement, Bingham Greenebaum Doll had devoted 2583.10 hours to the prosecution of the Indiana Action. Based on my firm's current rates, the total lodestar of Bingham Greenebaum Doll LLP in the prosecution of the litigation is $998,666.00. I reasonably believe the time spent representing our clients and the class in the Indiana Action was reasonable and necessary. The summary chart below sets forth the identity of each attorney and paralegal of

my firm who worked on the Indiana Action, amount of time spent by each devoted to this case, and corresponding billing rate for each attorney:

| NAME | RATE | HOURS | TOTAL |
|---|---|---|---|
| David O. Tittle | $510.00 | 902.40 | $460,224.00 |
| Brian W. Welch | $470.00 | 543.80 | $255,586.00 |
| David C. Campbell | $515.00 | 30.20 | $15,553.00 |
| Patrick L. Elward | $435.00 | 42.50 | $18,487.50 |
| Nana Quay Smith | $405.00 | 156.30 | $63,301.50 |
| Kent D. Zepick | $255.00 | 19.80 | $5,049.00 |
| Melissa J. Wray | $255.00 | 48.90 | $12,469.50 |
| Briana L. Clark | $280.00 | 159.50 | $44,660.00 |
| Brian R. Drummy | $195.00 | 12.20 | $2,379.00 |
| Julie D. Reed | $175.00 | 232.10 | $40,617.50 |
| Eileen R. Ridgway | $185.00 | 414.40 | $76,664.00 |
| Laura E. Thirion | $175.00 | 21.00 | $3,675.00 |
| | **Total** | **2583.10** | **$998,666.00** |

9. The hours devoted to this Indiana Action were compiled from contemporaneous records regularly maintained by Bingham Greenebaum Doll LLP.

10. Bingham Greenebaum Doll LLP also advanced numerous expense items throughout the prosecution of the Indiana Action and none of the expenses have been reimbursed by any client or any other person or entity. Below is a summary chart of those unreimbursed out of pocket expenses incurred in the prosecution of this Indiana Action. As detailed below, Bingham Greenebaum Doll LLP has incurred a total of $45,155.94 in unreimbursed expenses:

4

| Category | Total |
|---|---:|
| Travel (lodging, meals, airfare, etc.) | $160.60 |
| Courier/Express Mail | $733.27 |
| Medical Records | $469.90 |
| Expert Fees | $23,984.89 |
| Cardmember Service – Factiva | $71.95 |
| Filing Fees/Pro Hac Vice Fees | $1,034.00 |
| Research/Reference Materials | $7,748.78 |
| Reference Westlaw/Pacer/Lexis | $1,292.59 |
| Printing/Photocopy/Scanning/CD/Binding | $9,125.97 |
| Telephone/Conference Calls | $72.52 |
| Postage | $452.47 |
| Faxes | $9.00 |
| | |
| **TOTAL EXPENSES** | $45,155.94 |

11. The expenses incurred in the Indiana Action are reflected on the books and records of Bingham Greenebaum Doll LLP. These books and records are prepared from expense vouchers, check records and other source materials, and are an accurate record of the expenses incurred.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746 that the foregoing is true and correct.

_____         9-22-14
David O. Tittle                                              DATED
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone: 317-635-8900
Facsimile: 317-236-9907
dtittle@bgdlegal.com

*15542951_1*