UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

## ORDER REGARDING MOTION TO COMPEL DEPOSITION OF BROWNGREER PLC CORPORATE REPRESENTATIVE

Upon consideration of the Motion to Compel BrownGreer PLC's Corporate Representative filed by Non-Party Fred Szulczewski (Rec. Doc. 65002), Non-Party, Clark & Martino, P.A.'s Opposition to the Motion to Compel Deposition of BrownGreer, PLC's Corporate Representative (Rec. Doc. 65018), and Response by BrownGreer, PLC to Motion to Compel Deposition by Non-Party Fred Szulczewski (Rec. Doc. 65026), and deeming it just and proper so to do, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. BrownGreer may designate one representative with knowledge of the eligibility and evaluation criteria of claims under the November 9, 2007 Settlement Agreement between Merck & Co., Inc., and counsel for claimants designated as Negotiating Plaintiffs' Counsel ("Settlement Agreement") and the processing of the claim made by the Requesting Party in the Vioxx Resolution Program created by the Settlement Agreement.  Five (5) days before the deposition, BrownGreer will provide the Requesting Party and Clark & Martino, P.A. with the representatives curriculum vitae describing the representatives experience and qualifications to testify on matters related to the Vioxx Resolution Program.

2. The BrownGreer representative is permitted to testify on the eligibility and evaluation criteria of claims under the Settlement Agreement, the claim made by the Requesting Party in the Vioxx Resolution Program, the documents submitted in support of such claim, the processing and disposition of the claim, and the subject of whether and how the additional medical records described in the Motion would have affected the outcome of the claim. The Requesting Party shall furnish BrownGreer and Clark & Martino, P.A. with PDF copies of all such additional records no later than five days before the date of the deposition.  Clark & Martino, P.A. shall also furnish the Requesting Party and BrownGreer with any documents or records that it anticipates will be the subject of cross-examination during the deposition.  The BrownGreer representative shall not be questioned regarding any additional record not timely furnished to BrownGreer.

3. The deposition shall be held in the offices of BrownGreer in Richmond, Virginia.

4. Within ten days after the date of the deposition, BrownGreer shall submit to counsel for the Requesting Party an invoice showing the time spent in responding to inquiries by the Requesting Party to BrownGreer regarding his request, in reviewing and replying to the Requesting Party's Motion, and in researching and providing the testimony permitted, along with the resulting cost of such time measured by the billing rates of the personnel involved and any reasonable costs incurred by BrownGreer in connection with any such research and the deposition. Counsel for the Requesting Party shall reimburse BrownGreer the full amount of such invoice within ten days after its receipt by counsel for the Requesting Party.

5. Counsel for Clark & Martino shall be allowed to attend the deposition and cross-examine the deponent pursuant to Rule 30, *Federal Rules of Civil Procedure* and Florida Rules of Civil Procedure.

**NEW ORLEANS, LOUISIANA**, this _____ day of September, 2014.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE