- 1 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO. 83 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 83.

**I.     CLASS ACTIONS**

By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].  On February 3, 2014, objector Geneva Meloy appealed the judgment [Rec. Doc. 64817].  *See infra* discussion at section VI.

The class notice program, as originally ordered by the Court has been completed, and claims have been submitted and are being reviewed.  On December 6, 2013, BrownGreer, appointed by the Court as the Claims Administrator,  filed a Settlement Administration Status Report [Rec. Doc. 64729], and on March 19, 2014 filed the Vioxx Consumer Settlement -- Claim Activity Update [Rec. Doc. 64857].  Thereafter, a reminder notice program was devised by Co-

Class Settlement Counsel and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign starting on February 17, 2014.

The Notice Expert, Kinsella Media L.L.C., worked with Co-Class Settlement Counsel and Merck on a media reminder notice campaign which was sent to the Court and all interested parties on February 28, 2014. That program has been fully implemented as well.

The settlement claims period has now concluded; class members had until May 6, 2014 to submit a claim. BrownGreer will be present at the status conference.

The parties will be prepared to discuss these matters further at the monthly status conference on October 2, 2014.

## II. GOVERNMENT ACTIONS

At the time of the last status conference on June 6, 2014, there were four remaining Government Action cases: Alaska, Mississippi, Montana, and Utah. The Court issued Suggestions of Remand in the Alaska case on June 10, 2014 [Rec. Doc. 64978], in the Montana case on June 11, 2014 [Rec. Doc. 64979], and the Utah case on June 19, 2014 [Rec. Doc.64985]. The MDL Panel issued a Conditional Remand Order for the Alaska and Montana cases on June 12, 2014, and for the Utah case on July 1, 2014. Merck filed its notices of opposition for the Alaska and Montana cases on June 19, 2014, and for the Utah case on July 8, 2014.

Merck subsequently filed a motion to vacate the conditional remand order with the MDL panel on July 3, 2014 for the Alaska and Montana cases, and on July 23, 2014 for the Utah case. The states filed their oppositions on July 24, 2014 and August 11, 2014. Merck filed its replies on July 31, 2014 and August 11, 2014. The MDL Panel has set the motions to vacate

the conditional remand orders in all three Government Action cases for consideration without oral argument at the Panel's October 2, 2014 hearing in Louisville, Kentucky.

On August 25, 2014, the parties filed a Stipulation of Dismissal with Prejudice in the Mississippi Government Action case [Rec. Doc. 65015]. By Order entered September 10, 2014, the Court dismissed the case with prejudice [Rec. Doc. 65024].

The parties will be prepared to discuss the Government Action issues further at the monthly status conference on October 2, 2014.

On February 28, 2014, the Court convened a telephonic status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky Attorney General Vioxx litigation seeking the de-designation of certain documents, many of which were originally produced in the Vioxx MDL. During that call, the Court made clear that PTO 13, 13A, and 13B remain in full force [Rec. Doc. 64848].

On April 4, 2014, Merck filed Motion for Sanctions Against Dr. Egilman [Rec. Doc. 64894]. And on May 27, 2014, Merck filed a Motion to Enjoin Dr. Egilman and His Counsel from Pursuing an Order from Kentucky State Court that Would Declare Protected Documents Non-Confidential [Rec. Doc. 64947]. The motions were opposed by Dr. Egilman and others [Rec. Docs. 64934, 64949, 64952, 64953, 64957, 64958, and 64968].

Merck's motion for sanctions against Dr. Egilman [Rec. Doc. 64894] and its motion to enjoin Dr. Egilman and his counsel [Rec. Doc. 64947] were heard following the monthly status conference on June 6, 2014. The Court granted Merck's motions and entered a preliminary injunction [Rec. Doc. 64973]. On September 10, 2014, the Court entered a Stipulated Order concerning enforcement of PTO 13 and terminated the preliminary injunction previously entered by the Court [Rec. Doc. 65025].

The parties will be prepared to discuss these matters further at the status conference on October 2, 2014.

### III. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On October 24, 2013, Merck filed motions for summary judgment in the *Velma Dunn* [Rec. Doc. 64654], *Todd Jelden* [Rec. Doc. 64656], *Elizabeth Garner* [Rec. Doc. 64658], *Lynell Major* [Rec. Doc. 64660], *Val Silva* [Rec. Doc. 64662], and *Mabel Dumbell* [Rec. Doc. 64664] cases. By Order entered November 19, 2013, the Court set briefing deadlines [Rec. Doc. 64694]. On December 6, 2013, plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda [Rec. Docs. 64730-64732]. Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013 in which to file her opposition [Rec. Docs. 64743, 64747] and thereupon filed her opposition to Merck's motion [Rec. Doc. 64756]. On January 3, 2014, Merck filed replies in support of each of its six motions [Rec. Docs. 64778-64782]. Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies [Rec. Docs. 64806, 64807]. On January 30, 2014 and February 4, 2014, plaintiff Velma Dunn moved for additional time to file a further response [Rec. Docs. 64809, 64816]. By Order

- 4 -

entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 [Rec. Doc. 64819]. On February 10, 11, and 12, 2014, Velma Dunn filed responses [Rec. Docs. 62826, 64827, 64829]. And on February 20, 2014, Velma Dunn submitted a further response [Rec. Doc. 64838]. On May 15, 2014, counsel for plaintiffs Lynell Major and Elizabeth Garner filed motions for leave to file oppositions and motions to file certain exhibits under seal [Rec. Docs. 64927, 64928, 64932, 64933]. The motions were granted by Orders entered May 23, 2014 [Rec. Docs. 64938, 64939, 64940, 64941], and the opposition memoranda were filed of record [Rec. Docs. 64942, 64943]. All six motions are now fully briefed and are submitted to the Court for decision.

On February 10, 2014, defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case [Rec. Docs. 64823, 64825]. The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014 to enable plaintiff to respond [Rec. Doc. 64850]. On March 28, 2014, plaintiffs filed opposition memoranda [Rec. Docs. 64882, 64883, and 64884]. On April 4, 2014, Merck filed a motion to continue the submission date until April 23, 2014 [Rec. Doc. 64891]. The Court granted the motion and continued the submission date until April 23, 2014 [Rec. Doc. 64892]. On April 15, 2014, Merck filed a reply memorandum in support of its motions [Rec. Doc. 64901]. And on April 29, 2014, plaintiffs filed a further response [Rec. Doc. 64911]. By Order and Reasons entered July 7, 2014, the Court granted defendants' motions and dismissed the cases with prejudice [Rec. Doc. 64966].

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery

pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15, 2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment [Rec. Doc. 64903]. By Order entered April 21, 2014, the Court continued the submission date on the motion for summary judgment until May 21, 2014 [Rec. Doc. 64904]. On May 9, 2014, plaintiff filed an opposition memorandum under seal [Rec. Doc. 64965]. Merck filed a reply in support of its motion on May 16, 2014 [Rec. Doc. 64931]. On June 3, 3014, plaintiff filed a motion requesting oral argument on Merck's motion for summary judgment [Rec. Doc. 64962]. Also on June 3, 2014, plaintiff filed a motion for leave to file a surreply [Rec. Doc. 64964]. Merck filed a response to the motion on June 4, 2014 [Rec. Doc. 64967]. Plaintiff filed a surreply on June 30, 2014 [Rec. Doc. 64994]. On July 22, 2014, Merck filed a response to plaintiff's surreply [Rec. Doc. 65005]. On September 24, 2014, the parties held a mediation before the Special Master. The mediation was unsuccessful. The parties will be prepared to discuss this matter further at the status conference on October 2, 2014.

On April 2, 2014, Merck filed a Motion to Dismiss for Failure to Prosecute certain listed claims which was noticed for submission on April 23, 2014 [Rec. Doc. 64889]. By Order entered April 23, 2014, the Court granted the motion in part and dismissed with prejudice the claims of all plaintiffs listed on Exhibits A, B, and C, except for the claims of Bennie Henderson, Arnetta Spencer Dedmon and Terry Lanham [Rec. Doc. 64907]. As to these three plaintiffs, the motion was continued until May 21, 2014. Plaintiffs Dedmon and Lanham did not file any response; plaintiff Bennie Henderson has submitted both correspondence and pleadings to the Court (although they are not of record). By Order entered June 19, 2014, the Court

granted the motion and dismissed with prejudice the claims of Bennie Henderson, Arnetta Spencer Dedmon, and Terry Lanham [Rec. Doc. 64986].

On August 20, 2014, Merck filed a Motion to Dismiss With Prejudice Under Rule 25(a)(1) in the *Byrd* case [Rec. Doc. 65012]. On September 2, 2014, decedent's husband filed a suggestion of death and motion for substitution of parties [Rec. Doc. 65019], and also filed an opposition to Merck's motion [Rec. Doc. 65020]. The motion was noticed for submission on September 17, 2014. The parties await a ruling from the Court.

The parties will be prepared to discuss these matters further at the status conference on October 2, 2014.

### IV.   OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. The parties will be prepared to discuss this matter further at the status conference on October 2, 2014.

The parties are consulting with the Clerk to address issues regarding the docket.

### V.   APPEALS

On February 7, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, Fifth Circuit No. 14-30109. On February 25, 2014, Merck filed a Motion to Dismiss Appeal for Lack of Jurisdiction. On March 7, 2014,

Objector/Appellant filed an Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction. On March 10, 2014, Merck filed a Reply to the Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction. On May 15, 2014, the Fifth Circuit ordered that the motion be carried with the case and entered a briefing schedule. Briefing is now completed and the parties await further action from the Fifth Circuit.

On April 24, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Elena Strujan, Plaintiff/Appellant v. Merck & Co., Inc., Defendant/Appellee,* Fifth Circuit No. 14-30300. On May 6, 2014, Merck filed a Motion to Dismiss Appeal. On May 19, 2014, Ms. Strujan filed a cross-motion as a response/opposition. The parties await a ruling by the Fifth Circuit. By Order entered July 3, 2014, the Fifth Circuit granted Merck;s motion and dismissed the appeal, and further ordered that, other than filing a timely motion for reconsideration, Ms. Strujan was barred from filing any further documents in the Fifth Circuit or in the district court without first obtaining leave from a Judge of the forum court [Doc. 00512687156]. Further filings by Ms. Strujan, asking for reconsideration and *en banc* rehearing were denied by the Fifth Circuit.

- 9 -

## VI.   NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman & Katz, L.L.C.*** | ***Stone Pigman Walther Wittmann L.L.C.*** |
| 820 O'Keefe Avenue | 546 Carondelet Street |
| New Orleans, Louisiana  70113 | New Orleans, Louisiana  70130-3588 |
| Telephone:  (504) 581-4892 | Telephone:  (504) 581-3200 |
| Fax:  (504) 561-6024 | Fax:  (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky  40208
Telephone:  (502) 637-7200
Fax:  (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 83 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of September, 2014.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel