MINUTE ENTRY
FALLON, J.
OCTOBER 2, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO ALL CASES

A monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC"). At the conference, counsel reported to the Court on the topics set forth in Joint Report 83 of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. This monthly status conference was transcribed by Court Reporter Jodi Simcox. Counsel may contact Ms. Simcox at (504) 523-7780 to request a copy of the transcript. A summary of the monthly status conference follows.

I.      CLASS ACTIONS

By order entered January 3, 2014, the Court granted the motion for final approval of the Vioxx consumer class settlement, denied Merck's motion to stay and enjoin the Kentucky proceedings and plaintiffs' co-lead class settlement counsel's motion to enjoin Mr. Ratliff from prosecuting any related claims as moot, and entered final judgment dismissing with prejudice all released claims of the class against all released persons, as described in the order (Rec. Doc. 64784). On February 3, 2014, objector Geneva Meloy appealed the judgment (Rec. 64817).

JS10(00:57)

The class notice program, as originally ordered by the Court, has been completed, and claims have been submitted and are being reviewed. On December 6, 2013, BrownGreer, the claims administrator, filed a status report (Rec. Doc. 64729), and on March 19, 2014, filed a claim activity update (Rec. Doc. 64857). Thereafter, a reminder notice program was devised by Co-Class Settlement Counsel and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign starting on February 17, 2014.

The Notice Expert, Kinsella Media L.L.C., worked with Co-Class Settlement Counsel and Merck on a media reminder notice campaign which was sent to the Court and all interested parties on February 28, 2014. That program has been fully implemented as well.

The settlement claims period has now concluded; class members had until May 6, 2014 to submit a claim. BrownGreer was present at the status conference.

## II.  GOVERNMENT ACTIONS

At the time of the last status conference on June 6, 2014, there were four remaining Government Action cases: Alaska, Mississippi, Montana, and Utah. The Court issued Suggestions of Remand in the Alaska case on June 10, 2014 [Rec. Doc. 64978], in the Montana case on June 11, 2014 [Rec. Doc. 64979], and the Utah case on June 19, 2014 [Rec. Doc.64985]. The MDL Panel issued a Conditional Remand Order for the Alaska and Montana cases on June 12, 2014, and for the Utah case on July 1, 2014. Merck filed its notices of opposition for the Alaska and Montana cases on June 19, 2014, and for the Utah case on July 8, 2014.

Merck subsequently filed a motion to vacate the conditional remand order with the MDL panel on July 3, 2014 for the Alaska and Montana cases, and on July 23, 2014 for the Utah case. The states filed their oppositions on July 24, 2014 and August 11, 2014. Merck filed its replies

on July 31, 2014 and August 11, 2014. The MDL Panel has set the motions to vacate the conditional remand orders in all three Government Action cases for consideration without oral argument at the Panel's October 2, 2014 hearing in Louisville, Kentucky.

On August 25, 2014, the parties filed a Stipulation of Dismissal with Prejudice in the Mississippi Government Action case [Rec. Doc. 65015]. By Order entered September 10, 2014, the Court dismissed the case with prejudice [Rec. Doc. 65024].

On February 28, 2014, the Court convened a telephonic status conference to discuss issues raised by a motion filed by Dr. Egilman in the previously dismissed Kentucky Attorney General Vioxx litigation seeking the de-designation of certain documents, many of which were originally produced in the Vioxx MDL. During that call, the Court made clear that PTO 13, 13A, and 13B remain in full force [Rec. Doc. 64848].

On April 4, 2014, Merck filed Motion for Sanctions Against Dr. Egilman [Rec. Doc. 64894]. And on May 27, 2014, Merck filed a Motion to Enjoin Dr. Egilman and His Counsel from Pursuing an Order from Kentucky State Court that Would Declare Protected Documents Non-Confidential [Rec. Doc. 64947]. The motions were opposed by Dr. Egilman and others [Rec. Docs. 64934, 64949, 64952, 64953, 64957, 64958, and 64968].

Merck's motion for sanctions against Dr. Egilman [Rec. Doc. 64894] and its motion to enjoin Dr. Egilman and his counsel [Rec. Doc. 64947] were heard following the monthly status conference on June 6, 2014. The Court granted Merck's motions and entered a preliminary injunction [Rec. Doc. 64973]. On September 10, 2014, the Court entered a Stipulated Order concerning enforcement of PTO 13 and terminated the preliminary injunction previously entered by the Court [Rec. Doc. 65025].

**III.    PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43**

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its order addressing the PSC's motion to amend Pretrial Order 19 (Rec. Doc. 63585) and Ms. Oldfather's motion for order requiring escrow and disclosures of common benefit fee and cost withholdings from settlement of ineligible and non-enrolled cases (Rec. Doc. 63154). The order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On October 24, 2013, Merck filed motions for summary judgment in the *Velma Dunn* [Rec. Doc. 64654], *Todd Jelden* [Rec. Doc. 64656], *Elizabeth Garner* [Rec. Doc. 64658], *Lynell Major* [Rec. Doc. 64660], *Val Silva* [Rec. Doc. 64662], and *Mabel Dumbell* [Rec. Doc. 64664] cases. By Order entered November 19, 2013, the Court set briefing deadlines [Rec. Doc. 64694]. On December 6, 2013, plaintiffs Jelden, Silva, Dumbell, Garner and Major filed opposition memoranda [Rec. Docs. 64730-64732]. Plaintiff Velma Dunn moved for and was granted an extension of time until December 19, 2013 in which to file her opposition [Rec. Docs. 64743, 64747] and thereupon filed her opposition to Merck's motion [Rec. Doc. 64756]. On January 3, 2014, Merck filed replies in support of each of its six motions [Rec. Docs. 64778-64782]. Plaintiffs Jelden and Silva notified the Court that they did not intend to file sur-replies [Rec. Docs. 64806, 64807]. On January 30, 2014 and February 4, 2014, plaintiff Velma Dunn moved for additional time to file a further response [Rec. Docs. 64809, 64816]. By Order entered February 5, 2014, the Court granted the motion and ordered that any sur-reply be filed by February 14, 2014 [Rec. Doc. 64819]. On February 10, 11, and 12, 2014, Velma Dunn filed responses [Rec. Docs. 62826, 64827, 64829]. And on February 20, 2014, Velma Dunn

submitted a further response [Rec. Doc. 64838]. On May 15, 2014, counsel for plaintiffs Lynell Major and Elizabeth Garner filed motions for leave to file oppositions and motions to file certain exhibits under seal [Rec. Docs. 64927, 64928, 64932, 64933]. The motions were granted by Orders entered May 23, 2014 [Rec. Docs. 64938, 64939, 64940, 64941], and the opposition memoranda were filed of record [Rec. Docs. 64942, 64943]. Prior to the status conference, Defense Liaison Counsel notified the court that Merck had settled with Mabel Dumbell, Elizabeth Garner, and Lynell Major. The three remaining motions are now fully briefed and are submitted to the Court for decision.

On February 10, 2014, defendants BrownGreer and Orrin Brown and Hughes Hubbard Reed and Ted Mayer filed motions for summary judgment in the *Isner* case [Rec. Docs. 64823, 64825]. The motions were noticed for submission on March 12, 2014. Upon plaintiff's request for additional time to respond and pursuant to the parties' agreement, the Court ordered that the submission date be continued until April 9, 2014 to enable plaintiff to respond [Rec. Doc. 64850]. On March 28, 2014, plaintiffs filed opposition memoranda [Rec. Docs. 64882, 64883, and 64884]. On April 4, 2014, Merck filed a motion to continue the submission date until April 23, 2014 [Rec. Doc. 64891]. The Court granted the motion and continued the submission date until April 23, 2014 [Rec. Doc. 64892]. On April 15, 2014, Merck filed a reply memorandum in support of its motions [Rec. Doc. 64901]. And on April 29, 2014, plaintiffs filed a further response [Rec. Doc. 64911]. By Order and Reasons entered July 7, 2014, the Court granted defendants' motions and dismissed the cases with prejudice [Rec. Doc. 64966].

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15,

5

2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment [Rec. Doc. 64903].  By Order entered April 21, 2014, the Court continued the submission date on the motion for summary judgment until May 21, 2014 [Rec. Doc. 64904].  On May 9, 2014, plaintiff filed an opposition memorandum under seal [Rec. Doc. 64965].  Merck filed a reply in support of its motion on May 16, 2014 [Rec. Doc. 64931].  On June 3, 3014, plaintiff filed a motion requesting oral argument on Merck's motion for summary judgment [Rec. Doc. 64962].  Also on June 3, 2014, plaintiff filed a motion for leave to file a surreply [Rec. Doc. 64964].  Merck filed a response to the motion on June 4, 2014 [Rec. Doc. 64967].  Plaintiff filed a surreply on June 30, 2014 [Rec. Doc. 64994].  On July 22, 2014, Merck filed a response to plaintiff's surreply [Rec. Doc. 65005].  On September 24, 2014, the parties held a mediation before the Special Master.  Counsel for Plaintiff indicated they would like to schedule oral argument.

On April 2, 2014, Merck filed a Motion to Dismiss for Failure to Prosecute certain listed claims which was noticed for submission on April 23, 2014 [Rec. Doc. 64889].  By Order entered April 23, 2014, the Court granted the motion in part and dismissed with prejudice the claims of all plaintiffs listed on Exhibits A, B, and C, except for the claims of Bennie Henderson, Arnetta Spencer Dedmon and Terry Lanham [Rec. Doc. 64907].  As to these three plaintiffs, the motion was continued until May 21, 2014.  Plaintiffs Dedmon and Lanham did not file any response; plaintiff Bennie Henderson has submitted both correspondence and pleadings to the Court (although they are not of record).  By Order entered June 19, 2014, the Court granted the motion and dismissed with prejudice the claims of Bennie Henderson, Arnetta Spencer Dedmon, and Terry Lanham [Rec. Doc. 64986].

On August 20, 2014, Merck filed a Motion to Dismiss With Prejudice Under Rule 25(a)(1) in the *Byrd* case [Rec. Doc. 65012].  On September 2, 2014, decedent's husband filed a suggestion of death and motion for substitution of parties [Rec. Doc. 65019], and also filed an opposition to Merck's motion [Rec. Doc. 65020].  The motion was noticed for submission on September 17, 2014.  Merck withdrew its motion during the status conference.

### IV.   OTHER PENDING MOTIONS AND MATTERS

On September 15, 2011, Ms. Oldfather filed a motion and supporting memorandum to require Court approval of liaison counsel's fee of Michael A. Stratton. (Rec. Doc. 63389). That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an order (Rec. Doc. 63900) adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a status conference memorandum regarding the liaison counsel objection heard on September 21, 2011. (Rec. Doc. 64064).

The parties are consulting with the Clerk to address issues regarding the docket.

On July 21, 2014, Plaintiff Fred Szulczewski filed a motion to compel the deposition of BrownGreer's corporate representative in a legal malpractice case against his former attorney, who had represented him against Merck regarding his Vioxx claims.  (Rec. Doc. 65002). Nonparty Clark & Martino, P.A. ("Clark & Martino"), the defendant in the legal malpractice case, filed an Opposition on August 25, 2014.  (Rec. Doc. 65018).  The Court issued an order on September 5, 2014 and set the motion for hearing during the October 2, 2014 monthly status conference.  (Rec. Doc. 65022).  The Court also instructed any parties in opposition to the motion to submit their briefs by September 24, 2014.  BrownGreer filed its response on September 17, 2014 and averred that it did not oppose the motion but provided a proposed order

7

that contained terms for the deposition.  On September 29, 2014, Clark & Martino filed another Opposition to the motion.  (Rec. Doc. 65032).

During the status conference, the Court heard from counsel for both Mr. Szulczewski and Clark & Martino.  The Court noted that it would allow the deposition of a BrownGreer representative but instructed the parties to try to agree on a proposed order regarding the terms of the deposition.  The parties stated that they would notify the Court within a week of the status conference whether they were able to agree on deposition terms or whether they would require the Court's involvement.

## V.     APPEALS

On February 7, 2014, an appeal was docketed with the United States Court of Appeals for the Fifth Circuit in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated, Defendant/Appellee*, 14-30109. On February 25, 2014, Merck filed a motion to dismiss appeal for lack of jurisdiction. On March 7, 2014, Ms. Meloy filed an opposition to the motion to dismiss appeal for lack of jurisdiction. On March 10, 2014, Merck filed a reply to the opposition to the motion to dismiss appeal for lack of jurisdiction. On May 15, 2014, the Fifth Circuit ordered that the motion be carried with the case and entered a briefing schedule.

On April 24, 2014, an appeal was docketed with the Fifth Circuit  in the *Elena Strujan* case. On May 6, 2014, Merck filed a motion to dismiss appeal. On May 19, 2014, Plaintiff Elena Strujan filed a cross-motion as a response/opposition. The parties await a ruling by the Fifth Circuit.

## VI.    NEXT STATUS CONFERENCE

The next monthly status conference will be held on **Tuesday, December 16 at 9:00 a.m.**, in the Courtroom of Judge Eldon E. Fallon, Room C-468, United States Courthouse, New

Orleans, Louisiana. Any interested persons unable to attend in person may audit via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 121614.

