UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *Mary Banks v. Merck & Co., Inc.*, 2:06-cv-02214-EEF-DEK (pertaining to Dianne Brown only) | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE

Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring *pro se* Plaintiff Dianne Brown to show cause why her claims should not be dismissed with prejudice for failure to prosecute. Merck has made repeated attempts over the past several months to contact Ms. Brown through the *Pro Se* Curator, Robert Johnston, to discuss the status of her case and whether there is any prospect for resolution. All efforts to contact Ms. Brown, however, have been unsuccessful. Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claim of this non-responsive plaintiff who either cannot be found and who has otherwise failed to participate in this litigation by maintaining contact with the Court and opposing counsel.

In support of this motion, Merck further states as follows:

1. Plaintiff Dianne Brown filed a claim against Merck for personal injuries alleged to have been caused by Vioxx.

2. For several months, the *Pro Se* Curator, Robert Johnston, has made attempts to contact Ms. Brown, at the request of counsel for Merck, to discuss the status of her case and any potential for resolution. Mr. Johnston, however, has been unable to make contact with Ms. Brown despite efforts to reach her through multiple means, including contact information provided by counsel for Merck from Court documents and discovery materials; contact information provided by Liaison Counsel, Ann Oldfather; and contact information for Ms. Brown's two sons provided by prior counsel for Ms. Brown, Cellino & Barnes. *See* Exhibit A hereto.

3. Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and warrants dismissal of that claim. *See Landry v. Marine Transp. Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547. at *1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038, at *1 (E.D. La. 2007) (dismissing plaintiff's claims because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F. Supp. 253, 257 (E.D. La. 1988) (granting Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768, at *1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, Mag. J.); *see also Link v. Wabash R.R.*, 370

U.S. 626, 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

4. It is apparent that Ms. Brown has ceased participating in this litigation and her claims should be dismissed. Merck requests that Ms. Brown be instructed to appear and show cause at a hearing why her case should not be dismissed with prejudice. A proposed order is attached.

Dated: December 9, 2014            Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1175729v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on *pro se* plaintiff Dianne Brown via Federal Express on this 9th day of December, 2014 at the following last known addresses for Ms. Brown:

    11105 West Center Street, Apt. 3, Medina, NY 14103

       and

    729 Church Street, Medina, NY 14103-1618

I hereby certify that the above and foregoing Rule to Show Cause also has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of December, 2014.

                                        */s/ Dorothy H. Wimberly*
                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana  70130
                                        Phone:  504-581-3200
                                        Fax:     504-581-3361
                                        dwimberly@stonepigman.com

                                        Defendants' Liaison Counsel

1175729v1