MINUTE ENTRY
FALLON, J.
DECEMBER 16, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO ALL CASES

    A monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC"). At the conference, counsel reported to the Court on the topics set forth in Joint Report 84 of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. This monthly status conference was transcribed by Court Reporter Jodi Simcox. Counsel may contact Ms. Simcox at (504) 523-7780 to request a copy of the transcript. A summary of the monthly status conference follows.

I.    CLASS ACTIONS

    By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784]. On February 3, 2014, objector Geneva Meloy appealed the judgment [Rec. Doc. 64817]. *See infra* discussion at section VI.

JS10(00:44)

The class notice program, as originally ordered by the Court has been completed, and claims have been submitted and are being reviewed. On December 6, 2013, BrownGreer, appointed by the Court as the Claims Administrator, filed a Settlement Administration Status Report [Rec. Doc. 64729], and on March 19, 2014 filed the Vioxx Consumer Settlement -- Claim Activity Update [Rec. Doc. 64857]. Thereafter, a reminder notice program was devised by Co-Class Settlement Counsel and Merck, and shared with the Court and all interested parties on January 23, 2014. BrownGreer implemented this reminder campaign starting on February 17, 2014.

The Notice Expert, Kinsella Media L.L.C., worked with Co-Class Settlement Counsel and Merck on a media reminder notice campaign which was sent to the Court and all interested parties on February 28, 2014. That program has been fully implemented as well.

The settlement claims period has now concluded; class members had until May 6, 2014 to submit a claim. Since that time, BrownGreer has communicated with class members whose claims submissions were incomplete or otherwise inadequate to give them an opportunity to perfect their claims for payment. BrownGreer will be present at the December 16 status conference to address the status of these efforts.

On October 22, 2014, BrownGreer filed a Motion for Approval of Budget for Administrative Expenses [Rec. Doc. 65049]. On November 17, 2014, the Court issued an Order [Rec. Doc. 65064] granting the motion and approving the proposed budget and administrative agreement.

Interested Attorney Richard A. Getty filed a Motion Seeking Direct Phone Contact With Claimants Under Seal [See Rec. Doc. 65061]. On December 12, 2014, Class Counsel filed a Response to the Motion Regarding Telephone Communications With Claimants [Rec. Doc.

65070]. An Objection to Direct Phone Contact With Ineligible Claimants was filed on December 8, 2014 [Rec. Doc. 65075] and Class Counsel filed a Response to the Objection on December 12, 2014 [Rec. doc. 65080].

## II.  GOVERNMENT ACTIONS

At the time of the last status conference on October 2, 2014, there were three remaining Government Action cases: Alaska, Montana, and Utah. The Court issued Suggestions of Remand in the Alaska case on June 10, 2014 [Rec. Doc. 64978], in the Montana case on June 11, 2014 [Rec. Doc. 64979], and the Utah case on June 19, 2014 [Rec. Doc.64985]. The MDL Panel issued a Conditional Remand Order for the Alaska and Montana cases on June 12, 2014, and for the Utah case on July 1, 2014. Merck filed its notices of opposition for the Alaska and Montana cases on June 19, 2014, and for the Utah case on July 8, 2014.

Merck subsequently filed a motion to vacate the conditional remand order with the MDL panel on July 3, 2014 for the Alaska and Montana cases, and on July 23, 2014 for the Utah case. The states filed their oppositions on July 24, 2014 and August 11, 2014. Merck filed its replies on July 31, 2014 and August 11, 2014. The MDL Panel has set the motions to vacate the conditional remand orders in all three Government Action cases for consideration without oral argument at the Panel's October 2, 2014 hearing in Louisville, Kentucky. On October 10, 2014, the MDL Panel remanded the Government Actions for the states of Alaska, Montana, and Utah. The status of these Government Action cases is as follows: The U.S. District Court for the District of Montana has received supplemental briefing on the Montana Government Action's Motion to Remand. The U.S. District Court for the District of Alaska is receiving supplemental briefing on Alaska's Motion for Remand and has set oral argument on that motion for February 2, 2015. Counsel for Utah's Government Action has sent a letter to the Eastern District of Louisiana's Clerk's Office to designate the elements of the record that they want transmitted to

3

the U.S. District Court for the District of Utah. Merck intends to designate additional items. Once the record is physically transferred to the Utah court, counsel for the Utah Attorney General intend to notice, the Motion to Remand.

The States of Utah, Montana, and Alaska have agreed with the PSC to pay common benefit fees of 6.5% of the gross amount recovered on the State's claim against Merck & Co., subject to a cap of 6.5% of the amount NAMFCU offered the state.

### III. PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On October 24, 2013, Merck filed motions for summary judgment in six cases. Since then, three of the cases have been resolved, leaving motions pending only in the *Velma Dunn* [Rec. Doc. 64654]*, Todd Jelden* [Rec. Doc. 64656]*, and Val Silva* [Rec. Doc.. 64662], cases. ]. The motions are fully briefed.

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15, 2014, the Court granted the motion and stayed all remaining expert discovery pending resolution

of Merck's motion for summary judgment [Rec. Doc. 64903]. Merck's motion for summary judgment was set with oral argument on December 3, 2014 [Rec. Doc. 64878], but was continued and is to be reset for the same date and time as that for the second dispositive motion referenced in Merck's Motion to Continue [Rec.Doc. 65068].

On August 20, 2014, Merck filed a Motion to Dismiss With Prejudice Under Rule 25(a)(1) in the *Byrd* case [Rec. Doc. 65012]. On September 2, 2014, decedent's husband filed a suggestion of death and motion for substitution of parties [Rec. Doc. 65019], and also filed an opposition to Merck's motion [Rec. Doc. 65020]. The motion was noticed for submission on September 17, 2014. Merck notified the Court after the status conference that the parties had resolved the *Byrd* claim.

Since the status conference on October 2, 2014, Merck has filed a number of motions designed to close-out cases still remaining on the docket. These include:

1. On November 4, 2014, Merck filed a Motion for Supplemental order of Dismissal Regarding Estate Representative Plaintiffs [Rec. Doc. 65052]. On November 4, 2014, the Court issued an Order [Rec. Doc. 65054] granting the motion.

2. On November 12, 2014, Merck filed a Motion for Supplemental Order of Dismissal Addressing Plaintiff Name Discrepancies [Rec. Doc. 65056]. On November 14, 2014, the Court issued an Order [Rec. Doc. 65062] granting the motion.

3. On November 13, 2014, Merck filed a Motion Regarding Orders on Stipulations of Dismissal [Rec. Doc. 65057]. On November 17, 2014, the Court issued an Order [Rec.Doc. 65065] granting the motion.

4. On November 14, 2014, Merck filed an Omnibus Motion to Supplement Prior Orders of Dismissal Regarding Derivative Plaintiffs [Rec. Doc. 65058]. On November 17,

2014, the Court issued an Order [Rec. Doc. 65063] granting the motion and directing the Clerk's office to mark each of the cases identified on Exhibit A as closed in their entirety.

5. On December 9, 2014, Merck filed a Supplemental Motion to Dismiss Regarding Estate Representative Plaintiffs [Rec. Doc. 65072]. The motion is under submission.

6. On December 9, 2014, Merck filed a Motion to Dismiss Without Prejudice [Rec. Doc. 65073]. On December 10, 2014, the Court issued an Order [Rec. Doc. 65077] granting the motion.

On December 9, 2014, Merck filed a Motion and Rule to Show Cause why the Claims of Plaintiff Dianne Brown (no. 06-2214) Should Not be Dismissed with Prejudice for Failure to Prosecute [Rec. Doc. 65071]. On December 10, 2014, the Court issued an Order that Ms. Brown file any opposition by January 15, 2015, and that Merck file any reply by January 19, 2015 [Rec. Doc. 65076]. The motion is noticed for submission on January 21, 2015.

## IV. OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. The parties are consulting with the Clerk to address issues regarding the docket.

## V. APPEALS

On February 7, 2014, an appeal was docketed with the Fifth Circuit Court of Appeals in the matter of *Geneva Meloy, Plaintiff/Appellant v. Merck and Company, Incorporated,*

*Defendant/Appellee*, Fifth Circuit No. 14-30109.  As noted in Section I, that is an appeal from the Order giving final approval of the consumer class action settlement.  On February 25, 2014, Merck filed a Motion to Dismiss Appeal for Lack of Jurisdiction.  On March 7, 2014, Objector/Appellant filed an Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction.  On March 10, 2014, Merck filed a Reply to the Opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction.  On May 15, 2014, the Fifth Circuit ordered that the motion be carried with the case and entered a briefing schedule.  Briefing is now completed and the parties await further action from the Fifth Circuit.

VI.   **NEXT STATUS CONFERENCE**

The next monthly status conference will be held on **Thursday, February 26, 2015 at 9:00 a.m.** in the Courtroom of Judge Eldon E. Fallon, Room C-468, United States Courthouse, New Orleans, Louisiana. Any interested persons unable to attend in person may audit via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 022615.

