UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE |
| *Cases Listed on Exhibits A, B and C attached hereto* | * | KNOWLES |

**************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S
### MOTION TO DISMISS FOR FAILURE TO PROSECUTE
### OR BASED ON PREVIOUS ORDERS OF DISMISSAL

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss with prejudice the claims of each of the plaintiffs listed on Exhibits A, B and C to this motion as against all defendants. These plaintiffs are subject to dismissal for failure to prosecute based on years of inactivity and the failure to comply with applicable court orders, and/or have previously been subject to dismissal. In support of this Motion Merck states:

1)  The claims of the plaintiffs on the Exhibits to this motion are reflected as open on the Court's docket.

2)  With respect to the plaintiffs on Exhibit A, these claims have been wholly dormant since at least early 2008. No action has been taken since that time to comply with orders of this Court, including obligations under PTO 28 to file a Plaintiff Profile Form, produce medical records, and serve a Lone Pine Expert report.[1]

---

[1] The *Normand* and *Jenkins* cases on Exhibit A appear to be unserved cases pending on the Court's docket, and Merck further reserves its rights with respect to any failure of service.

3)	Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claims of these plaintiffs.  It is clearly within the Court's inherent authority to dismiss the claims of these plaintiffs with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding.  *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by statute or rule but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") *see also Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).  This court has recognized that plaintiffs' failure to participate in their case warrants dismissal.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000)(personal injury case dismissed because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims")(Fallon, J.).

4)	With respect to the plaintiffs listed on Exhibit B, the claims of those plaintiffs were previously dismissed by the Court for failure to comply with enrollment requirements of the Vioxx Resolution Program; they were reflected on those orders, however, only as tolling claimants, and the orders of dismissal extinguishing their claims did not reference their more recently filed case pending on this Court's docket.

5)	Finally, the plaintiff listed on Exhibit C was subject to a prior order of dismissal with prejudice, but is still listed as open on the Court's docket.

6)	Accordingly, Merck requests that the Court enter an order dismissing with prejudice all claims of the plaintiffs on Exhibits A, B and C as to all defendants.  A proposed order is attached.  Furthermore, if the Court grants the relief requested by this motion, there will

be no remaining claims pending in each of the cases listed on Exhibits A, B, and C. Accordingly, Merck further requests that the Court direct that each of these cases be marked as "closed" on the Court's docket.

## CONCLUSION

For the reasons stated above, Merck respectfully requests that the Court grant Defendant's Motion and enter the requested order.

Dated:  December 29, 2014

                                          Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    *Attorneys for Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of December, 2014.

                                              */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1176877v1