UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | ) | MDL Case No. 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) ) | SECTION L |
| | ) | JUDGE FALLON |
| *This document relates to:* | ) ) | |
| | ) | MAGISTRATE JUDGE KNOWLES |
| *Cases on attached Exhibit A* | ) | |

*************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S
SECOND MOTION TO DISMISS PLAINTIFFS
SOLELY ASSERTING CELEBREX AND/OR BEXTRA CLAIMS**

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss the claims of each of the plaintiffs listed on Exhibit A hereto on the grounds that none of the listed plaintiffs asserted claims against Merck, but rather asserted claims solely related to Celebrex and/or Bextra, which are not Merck products. In further support of this motion Merck states:

1) As this Court is aware, a few months after the Judicial Panel on Multidistrict Litigation ("JPML") created the present MDL proceeding for Vioxx-related claims (MDL 1657), it created a separate MDL proceeding to address claims related to Cox-2 Inhibitors manufactured by Pfizer – Celebrex and Bextra (MDL 1699). For those plaintiffs who asserted claims involving *both* Merck's Vioxx and one of the Celebrex drugs, the JPML severed the claims and transferred the Pfizer claims to MDL 1699 and the Merck claims to MDL 1657.

2) Each of the plaintiffs listed on Exhibit A was named in a complaint that, on its face, appeared to assert both Merck claims and Pfizer claims. An actual reading of the full

1177286v1

complaint, however, clearly shows that the listed plaintiffs were not asserting any Vioxx claims against Merck.

3)  The *Sherman* case was a multi-plaintiff case that was originally filed in Missouri state court and, after removal to federal court, was transferred to this MDL proceeding. *See* Exhibit B hereto. In the caption, the Complaint identifies Merck as a defendant. However, a review of the Complaint clearly shows that no claims against Merck are asserted by any plaintiff. *See* Exhibit C hereto. It appears the inclusion of Merck in the caption was a scrivener's or word processing error. In fact, a voluntary stipulation of dismissal was filed in the original Missouri state action prior to transfer of the case to this MDL. *See* Exhibit D hereto.

4)  The *Baron* case was also a multi-plaintiff case originally filed in Missouri state court and transferred to this MDL after removal to federal court. The *Baron* Complaint included some plaintiffs who alleged Vioxx claims, as well as plaintiffs who asserted Bextra and Celebrex claims. *See* Exhibit E hereto. The JPML Conditional Transfer Order directed that the Vioxx claims be transferred to this MDL, and the Celebrex and Bextra claims to MDL 1699. *See* Exhibit F hereto. Plaintiff Debbie Wilburn (for decedent Richard Wilburn) asserted only Bextra claims, *see* Exhibit E hereto, para. 5, but was mistakenly listed as a plaintiff on the docket of this MDL proceeding.

5)  Not surprisingly, none of these plaintiffs ever pursued their claims in this MDL: They never registered as required by PTO 31; they never submitted Plaintiff Profile Forms pursuant to PTO 18 and 28, nor did they produce Lone Pine expert reports pursuant to PTO 28. No additional activity of any kind occurred after the initial JPML transfer. These have always been inactive, erroneous plaintiffs. They should all be dismissed, and their cases closed on the Court's docket.

6) Given that, as a substantive matter, these plaintiffs did not actually assert any Vioxx claims, their cases should be dismissed from this Vioxx MDL.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant Defendant's Motion and enter an order dismissing the cases of each of the specified plaintiffs.

Dated: January 6, 2015

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1177286v1

**CERTIFICATE OF SERVICE**

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of January, 2015.

                                                  /s/ *Dorothy H. Wimberly*  
                                                  Dorothy H. Wimberly, 18509  
                                                  STONE PIGMAN WALTHER WITTMANN L.L.C.  
                                                  546 Carondelet Street  
                                                  New Orleans, Louisiana  70130  
                                                  Phone:  504-581-3200  
                                                  Fax:     504-581-3361  
                                                  dwimberly@stonepigman.com

                                                  Defendants' Liaison Counsel

1177286v1