IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

Betty Sherman, Nancy Wise, Michael
Starling, James Whitlow, Lester Vogel,
Herman Bogard, Jessie Carson, David
Aragon, Thomas Tibble, Alfred Mazzanti,
Ed James, Jack Fateley, William Fiedler,
John Foster, Maggie Osby, Carolyn
Staashlem, Janice Talbot, Don Hughes,
Richard Kiehl, Johnnie James, Peter
Hanczaryk, Cynthia Cox, Pearlena
Crockette, Olivette Woods, Mary Jane
Jonasen, Barbara Lowden, Shirley Hangst
for decedent Amy Love, Lucinda Lego,
Dawn McDaniel, Anita McDonald,
Dorothy Schimmel for decedent Owen
Schimmel

                Plaintiffs,

   v.

MERCK & CO. INC.,

Serve:     Registered Agent
           The Corporation Company
           120 South Central Ave.
           Clayton, MO 63105

PFIZER INC

Serve:     Registered Agent
           CT Corporation
           120 S. Central
           Clayton, MO 63105

MONSANTO COMPANY

Serve:     Registered Agent
           CT Corporation
           120 S. Central

Cause No. 0622-CC06110

Division 18

480247 / 004128

M005A36149

Clayton, MO 63105

**PHARMACIA CORPORATION,**

Serve:      Registered Agent
             CT Corporation
             120 S. Central
             Clayton, MO 63105

**G.D. SEARLE LLC,**

Serve:      Registered Agent
             CT Corporation
             120 S. Central
             Clayton, MO 63105

Defendants.

## PETITION

COME NOW Plaintiffs, and for their petition against G.D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer Inc. and allege as follows:

1.  This action is brought by plaintiffs, seeking damages for personal injuries and economic damages suffered as a result of a defective and dangerous pharmaceutical product, Celebrex (Celecoxib), which was manufactured, marketed, distributed and/or sold by G.D. Searle LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc.. This action seeks monetary damages for personal injuries, including damages caused by the drugs named herein and ingested by plaintiffs.

2

2. Betty Sherman is a citizen of the state of Illinois. Because of her use of Celebrex, she suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of her health problems.

3. Nancy Wise is a citizen of the state of Illinois. Because of her use of Celebrex, she suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of her health problems.

4. Michael Starling is a citizen of the state of Illinois. Because of his use of Celebrex, he suffered a stroke and related injuries. Celebrex caused or was a contributing cause of his health problems.

5. James Whitlow is a citizen of the state of Illinois. Because of his use of Celebrex, he suffered a stroke and related injuries. Celebrex caused or was a contributing cause of his health problems.

6. Lester Vogel is a citizen of the state of Illinois. Because of his use of Celebrex, he suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of his health problems.

7. Herman Bogard is a citizen of the state of Illinois. Because of his use of Celebrex, he suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of his health problems.

8. Jessie Carson is a citizen of the state of Illinois. Because of his use of Celebrex, he suffered heart attacks and related injuries. Celebrex caused or was a contributing cause of his health problems.

9. David Aragon is a citizen of the state of New Mexico. Because of his use of

M005A36151

Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

10.  Thomas Tibble is a citizen of the state of New Mexico.  Because of his use of Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

11.  Alfred Mazzanti is a citizen of the state of Pennsylvania.  Because of his use of Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

12.  Ed James is a citizen of state of Arkansas.  Because of his use of Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

13.  Jack Fateley is a citizen of the state of Ohio.  Because of his use of Celebrex, he suffered a stroke and related injuries.  Celebrex caused or was a contributing cause of his health problems.

14.  William Fiedler is a citizen of the state of Texas.  Because of his use of Celebrex, he suffered a stroke and related injuries.  Celebrex caused or was a contributing cause of his health problems.

15.  John Foster is a citizen of the state of New York.  Because of his use of Celebrex, he suffered a heart attack and stroke and related injuries.  Celebrex caused or was a contributing cause of his health problems.

16.  Maggie Osby is a citizen of the state of Missouri.  Because of her use of

480247 / 004128

M005A36152

Celebrex, she suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of her health problems.

17.  Carolyn Staashlem is a citizen of the state of Missouri.  Because of her use of Celebrex, she suffered a stroke and related injuries.  Celebrex caused or was a contributing cause of her health problems.

18.  Janice Talbot is a citizen of the state of Missouri.  Because of her use of Celebrex, she suffered heart attacks and related injuries.  Celebrex caused or was a contributing cause of her health problems.

19.  Don Hughes is a citizen of the state of Missouri.  Because of his use of Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

20.  Richard Kiehl is a citizen of Missouri.  Because of his use of Celebrex, he suffered a stroke and related injuries.  Celebrex caused or was a contributing cause of his health problems.

21.  Johnnie James is a citizen of the state of Texas.  Because of his use of Celebrex, he suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of his health problems.

22.  Peter Hanczaryk is a citizen of the state of New York.  Because of his use of Celebrex, he suffered a stroke and loss of vision and other related injuries.  Celebrex caused or was a contributing cause of his health problems.

23.  Cynthia Cox is a citizen of the state of Texas.  Because of her use of Celebrex, she suffered a heart attack and related injuries.  Celebrex caused or was a contributing cause of her health problems.

M005A36153

24. Pearlena Crockette is a citizen of the state of Alabama. Because of her use of Celebrex, she suffered a stroke and related injuries. Celebrex caused or was a contributing cause of her health problems.

25. Olivette Woods is a citizen of the state of Kansas. Because of her use of Celebrex, she suffered a stroke and heart attack and related injuries. Celebrex caused or was a contributing cause of her health problems.

26. Mary Jane Jonasen is a citizen of the state of Pennsylvania. Because of her use of Celebrex, she suffered a stroke and related injuries. Celebrex caused or was a contributing cause of her health problems.

27. Barbara Lowden is a citizen of the state of South Carolina. Because of her use of Celebrex, she suffered strokes and related injuries. Celebrex caused or was a contributing cause of her health problems.

28. Shirley Hangst is the survivor of Amy Love and brings this action on her behalf. Shirley Hangst is a citizen of the state of Pennsylvania. Decedent Amy Love was a citizen of the state of Pennsylvania. Because of her use of Celebrex, she suffered a heart attack, which caused her wrongful death. Celebrex caused or was a contributing cause to her wrongful death.

29. Lucinda Lego is a citizen of the state of Pennsylvania. Because of her use of Celebrex, she suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of her health problems.

30. Dawn McDaniel is a citizen of the state of Indiana. Because of her use of Celebrex, she suffered a stroke and related injuries. Celebrex caused or was a contributing cause of her health problems.

6

31. Anita McDonald is a citizen of the state of California. Because of her use of Celebrex, she suffered a heart attack and related injuries. Celebrex caused or was a contributing cause of her health problems.

32. Dorothy Schimmel is the surviving spouse of Owen Schimmel and brings this action on his behalf. Dorothy Schimmel is a citizen of the state of New Jersey. Decedent Owen Schimmel was a citizen of the state of New Jersey. Because of his use of Celebrex, he suffered a heart attack, which caused her wrongful death. Celebrex caused or was a contributing cause to his wrongful death.

## JURISDICTION AND VENUE

33. Defendants are subject to the *in personam* jurisdiction of this Court, and venue is proper herein, by virtue of the fact that defendants did and/or do business within the state of Missouri and committed torts in whole or in part in this state against plaintiff, as more fully set forth herein. Defendants advertised in Missouri and the City of St. Louis, made material omissions and representations in this district, and breached warranties in St. Louis City.

34. There is no federal subject matter jurisdiction because no federal question is raised and there is no jurisdiction based on diversity of citizenship because plaintiffs and defendants are citizens of the same state, Missouri and/or other defendants maintain their principal place of business in the state of Missouri.

35. The applicable statute of limitations is tolled based on defendants' fraudulent concealment of the dangers and adverse side effects of the drugs Vioxx and Celebrex, respectively, from plaintiffs as more fully stated herein. Additionally, for the reasons stated herein, all defendants are equitably estopped from raising the statute of limitations defense.

M005A36155

## PARTIES--CELEBREX

36.     Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation with its principal place of business in New York and Pfizer was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra. Pfizer is licensed and registered to do business in Missouri. For diversity purposes, Pfizer is a citizen of New York.

37.     Defendant Pharmacia is a Delaware Corporation licensed and registered to do business in Missouri with its principal place of business in New York and or New Jersey. Defendant Pharmacia was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra. For diversity purposes, Pfizer is a citizen of New York and/or New Jersey.

38.     Defendant G.D. Searle LLC (hereinafter "Searle") is upon information belief an Illinois Corporation, and is registered to do business in Missouri. Searle was a division of Monsanto and was in the business of designing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib).

39.     Defendant Monsanto Company (hereinafter "Monsanto") is a Delaware Corporation with its principal place of business in Missouri. Monsanto was in the business of designing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Monsanto is licensed and registered to do business in Missouri. Alternatively, Monsanto is the successor to the former Monsanto and liable for its debts under successor liability law and for an action for concert of action with the other defendants as more fully alleged herein. For purposes of federal diversity jurisdiction, Monsanto is a citizen of the state of Missouri.

M005A36156

## BACKGROUND-CELEBREX

40. Celebrex is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Searle, Pharmacia and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Searle, Pharmacia, Monsanto and Pfizer aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Searle, Pharmacia, Monsanto and Pfizer did this to increase sales and profits.

41. At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Searle, Pharmacia, Monsanto and Pfizer's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the plaintiffs' individual rights, and hence punitive damages are appropriate.

42. The damages sought herein are the direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising,

9

M005A36157

promoting, selling, packaging, supplying and/or distributing the prescription drug Celebrex (Celecoxib).

43. At all times relevant hereto, Pharmacia, Searle, Monsanto and Pfizer were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Celebrex (Celecoxib) throughout the United States.

44. Plaintiff did not know of the potential connection between the use of Celebrex (Celecoxib) and his injury until after the FDA issued its recommendation, on April 7, 2005, that Celebrex (Celecoxib) be required to include a black box warning.

**COUNT I**

**STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN**

45. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

46. Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by plaintiffs and others.

47. At the time Celebrex (Celecoxib) was manufactured and sold to plaintiffs by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of the products, and for which other safer products were available. This defective condition made the product unreasonably dangerous when put to a reasonably anticipated use as treatment for pain relief, which was the use for which Celebrex (Celecoxib) was advertised.

M005A36158

48.  Alternatively, when the Celebrex (Celecoxib) products were manufactured and sold to plaintiffs by Pharmacia, Searle, Monsanto and Pfizer, the products were defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

49.  Plaintiffs used Celebrex (Celecoxib) in a manner reasonably anticipated.

50.  The Celebrex (Celecoxib) sold to the plaintiffs reached the plaintiffs without substantial change. Plaintiffs were unaware of the dangerous propensities of the product until well after his use and subsequent stroke requiring hospitalization. The Plaintiffs ingested the Celebrex (Celecoxib) without making any changes or alterations.

51.  As a direct and proximate result of the defective and dangerous design of the Celebrex (Celecoxib), Plaintiffs have been damaged.

52.  Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including plaintiffs.

## COUNT II

## STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX

53.  Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

54.  The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Celebrex (Celecoxib), and the comparative severity and duration of the adverse effects. The warnings given by Pharmacia, Searle, Monsanto and Pfizer did not accurately reflect the symptoms, type, scope, or severity of the side effects.

480247 / 004128

11

55. The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was an unreasonably dangerous defective product which posed unacceptable risks to human health when put to a reasonably anticipated use by a plaintiffs that was without knowledge of its dangerous characteristics.

56. Pharmacia, Searle, Monsanto and Pfizer failed to perform adequate testing and study Celebrex (Celecoxib) prior to marketing it. Such adequate testing, study or analysis would have shown that Celebrex (Celecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Celebrex (Celecoxib).

57. Pharmacia, Searle, Monsanto and Pfizer also failed to act properly on adverse event reports it received about Celebrex (Celecoxib), and failed to properly study Celebrex (Celecoxib), pre-market as well as post market.

58. Pharmacia, Searle, Monsanto and Pfizer also failed to effectively warn users and physicians that numerous other methods of pain relievers, including Ibuprofen

59. Pharmacia, Searle, Monsanto and Pfizer failed to give adequate postmarketing warnings or instructions for the use of Celebrex (Celecoxib) because after Pharmacia, Searle, Monsanto and Pfizer knew or should have know of the risk of injury from Celebrex (Celecoxib) use, Pharmacia, Searle, Monsanto and Pfizer failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

60. Plaintiffs used Celebrex (Celecoxib) in a manner reasonably anticipated.

61. As a direct and proximate result of Pharmacia, Searle, Monsanto and

M005A36160

Pfizer selling Celebrex (Celecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, plaintiffs have been damaged.

62. Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including plaintiffs.

## COUNT III

## NEGLIGENT DESIGN -CELEBREX

63. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

64. Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by plaintiffs and others.

65. At the time Celebrex (Celecoxib) was manufactured and sold to plaintiffs by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

66. Alternatively, when Celebrex (Celecoxib) product was manufactured and sold to the plaintiffs by Pharmacia, Searle, Monsanto and Pfizer, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

67. The Celebrex (Celecoxib) sold to plaintiffs reached the plaintiffs without substantial change. Plaintiffs were unaware of the dangerous propensities of the product. Plaintiffs ingested the Celebrex (Celecoxib) without making any changes or alterations.

M005A36161

68. In designing and manufacturing Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

69. As a direct and proximate result of the negligent design of Celebrex (Celecoxib), Plaintiffs have been damaged.

70. Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including plaintiffs.

**COUNT IV**

**NEGLIGENT FAILURE TO WARN -CELEBREX**

71. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

72. Pharmacia, Searle, Monsanto and Pfizer owed plaintiff a duty to warn of any dangerous defects or side effects; a duty to assure its product did not cause users unreasonable and dangerous risks, reactions, side effects; and a duty to provide adequate post market surveillance and warnings as it learned of Celebrex (Celecoxib) substantial dangers.

73. Pharmacia, Searle, Monsanto and Pfizer breached its duty of reasonable care to plaintiffs in that Pharmacia, Searle, Monsanto and Pfizer failed to:

> a. Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

b. Include adequate warnings with the Celebrex (Celecoxib) products that would

alert users to the potential risks and serious side effects the drugs; and/or

c. Warn the Plaintiffs that use of Celebrex (Celecoxib) carried a risk of death or

permanent disability from heart attacks, strokes, blood clots, other cardiovascular

disorders and other serious side effects; and/or

d. Advise the FDA, the health care industry, and the public about the adverse

reports it had received regarding Celebrex (Celecoxib); and/or

e. Provide plaintiffs with other appropriate warnings.

74. Pharmacia, Searle, Monsanto and Pfizer should have known that Celebrex

(Celecoxib) caused unreasonably dangerous risks and serious side effects of which the general

public would not be aware. Pharmacia, Searle, Monsanto and Pfizer nevertheless advertised,

marketed and promoted its product knowing there were safer methods and products for pain

control.

75. As a direct and proximate result of Pharmacia, Searle, Monsanto and

Pfizer negligence and breaches of its duty of reasonable care, plaintiffs have been damaged.

## COUNT V

## FRAUDULENT CONCEALMENT -CELEBREX

76. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at

length herein.

77. Pharmacia, Searle, Monsanto and Pfizer had actual knowledge of the

cardiothrombotic effects of Celebrex (Celecoxib). Despite having knowledge of the

cardiothrombotic effects of Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and

M005A36163

Pfizer actively concealed and omitted to disclose those effects when marketing Celebrex (Celecoxib) to doctors, health care providers, and to the general public through direct advertisements.

78.  At the time these omissions were made, Pharmacia, Searle, Monsanto and Pfizer had knowledge of the substantial and significant cardiothrombotic effects of Celebrex (Celecoxib).

79.  Pharmacia, Searle, Monsanto and Pfizer omitted to inform plaintiffs of the true cardiothrombotic and other adverse health effects of Celebrex (Celecoxib).  Pharmacia, Searle, Monsanto and Pfizer further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Celebrex (Celecoxib) such as heart attacks and strokes.

80.  Pharmacia, Searle, Monsanto and Pfizer's failure to disclose material facts constituted fraudulent concealment. Pharmacia, Searle, Monsanto and Pfizer sanctioned approved and/or participated in the failure to disclose.

81.  Pharmacia, Searle, Monsanto and Pfizer had a duty to speak because they had superior knowledge regarding the adverse health effects of Celebrex (Celecoxib) as set forth herein.

82.  The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was unavailable to plaintiffs and/or their treating health care professionals. Pharmacia, Searle, Monsanto and Pfizer knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote

M005A36164

the sales of Celebrex (Celecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such as Ibuprofen.

83.  Plaintiffs were diligent in attempting to seek the information by consulting with his physicians.

84.  The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was not within the reasonable reach of plaintiffs and/or their treating physicians in the exercise of reasonable care.

85.  The non-disclosed information was material, Pharmacia, Searle, Monsanto and Pfizer knew they were not disclosing complete information and intended that plaintiffs and/or their treating physicians act upon the non-disclosed information in the manner reasonable contemplated.

86.  Plaintiffs and/or their treating physician were ignorant as to the undisclosed information and had a right to rely on full disclosure.

87.  If Plaintiffs and/or their treating physicians had known the complete information, they would not have prescribed and/or plaintiffs would not have taken Celebrex (Celecoxib) as evidenced by Pharmacia, Searle, Monsanto and Pfizer being required to include a black label warning.

88.  Pharmacia, Searle, Monsanto and Pfizer's non-disclosure of information was outrageous due to their evil motive and reckless indifference to the rights of plaintiffs, justifying and award of punitive damages.

## COUNT VI

## COMMON LAW FRAUD -CELEBREX

M005A36165

89.  Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

90.  Pharmacia, Searle, Monsanto and Pfizer, at all relevant times, made false representations and omissions to plaintiffs and other members of the public, including but not limited to, that Celebrex (Celecoxib) was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

91.  These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Celebrex (Celecoxib) was not safe, had not been adequately tested, and had dangerous and life-threatening side effects. When Pharmacia, Searle, Monsanto and Pfizer made the representations, it knew them to be false, and said representations were made by Pharmacia, Searle, Monsanto and Pfizer with the intent to deceive plaintiffs and/or their prescribing physicians and with the intent to induce plaintiffs to use the Celebrex (Celecoxib) manufactured by Pharmacia, Searle, Monsanto and Pfizer.

92.  Plaintiffs and/or their physicians reasonably relied upon false representations and omissions;  Plaintiffs' physicians prescribed Celebrex (Celecoxib); and plaintiffs used Celebrex (Celecoxib). Plaintiffs would not have done so if he had known the true facts. In using Celebrex (Celecoxib), plaintiffs exercised ordinary care.

93.  As a direct and proximate result of the aforesaid fraudulent conduct, Pharmacia, Searle, Monsanto and Pfizer caused plaintiffs to suffer the damages and injuries herein alleged.

94.  Pharmacia, Searle, Monsanto and Pfizer conduct was outrageous due to its evil motive or reckless indifference to the rights of plaintiffs, justifying an award of punitive damages.

M005A36166

## COUNT VII

### BREACH OF IMPLIED WARRANTY-CELEBREX

95.  Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

96.  When Pharmacia, Searle, Monsanto and Pfizer placed the Celebrex (Celecoxib) into the stream of commerce, Pharmacia, Searle, Monsanto and Pfizer knew of the use for which the supplement was intended and impliedly warranted to consumers including plaintiffs that the use of Celebrex (Celecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the product was of merchantable quality and safe for its intended use.

97.  Plaintiffs relied upon Pharmacia, Searle, Monsanto and Pfizer and its judgment when they purchased and utilized Celebrex (Celecoxib).

98.  The Celebrex (Celecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to plaintiffs.

99.  As a direct and proximate result of the dangerous and defective condition of the Celebrex (Celecoxib), plaintiffs have been damaged.

100.  Plaintiffs are entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and incurred expense.

### COUNT VIII

480247 / 004128

M005A36167

## BREACH OF EXPRESS WARRANTY-CELEBREX

101. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

102. At all relevant times, Pharmacia, Searle, Monsanto and Pfizer expressly warranted to plaintiffs by statements made by Pharmacia, Searle, Monsanto and Pfizer or its authorized agents, orally or in written publications, package labels, and/or inserts, that the Celebrex (Celecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to:

Celebrex (Celecoxib) is used in adults for:

a. for relief of the signs and symptoms of osteoarthritis

b. for relief of the signs and symptoms of rheumatoid arthritis in adults

c. management of short-term pain

d. for the management of acute pain in adults

e. for the treatment of primary dysmenorrheal

f. to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP).

103. In utilizing Celebrex (Celecoxib), plaintiffs relied upon the skill, judgment, representations, and express warranties of the Pharmacia, Searle, Monsanto and Pfizer.

104. The express warranties and representations made by Pharmacia, Searle, Monsanto and Pfizer were false in that Celebrex (Celecoxib) was not safe and was not fit for the use for which it was intended.

105. As a direct and proximate result of the dangerous and defective condition

M005A36168

of Celebrex (Celecoxib), plaintiffs have been damaged.

106. Plaintiffs are entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNTS IX

## NEGLIGENT MISREPRESENTATION-CELEBREX

107. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

108. At all relevant times, Pharmacia, Searle, Monsanto and Pfizer knew, or should have known, that there were dangerous side effects resulting from the ingestion of Celebrex (Celecoxib).

109. Pharmacia, Searle, Monsanto and Pfizer knew or reasonably should have known that consumers such as plaintiffs would not have known about the increased risk of stroke associated with the ingestion of Celebrex (Celecoxib).

110. Pharmacia, Searle, Monsanto and Pfizer armed with the knowledge stated in the preceding two paragraphs, preceded with the design, production, manufacture, promotion, advertising, and sale of Celebrex (Celecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including plaintiffs.

111. Pharmacia, Searle, Monsanto and Pfizer negligently represented plaintiffs the safety and effectiveness of Celebrex (Celecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Celebrex (Celecoxib).

M005A36169

The misrepresentations and/or material omissions made by or perpetuated by Pharmacia, Searle, Monsanto and Pfizer are as follows, Pharmacia, Searle, Monsanto and Pfizer failed to:

a. Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

b. Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects the drugs; and/or

c. Warn the plaintiffs that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

d. Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

e. Provide plaintiffs with other appropriate warnings.

112.  Pharmacia, Searle, Monsanto and Pfizer made the misrepresentations and omissions with the intent for plaintiffs the consuming public to rely upon such information of the absence of such information in selection Celebrex (Celecoxib) as a treatment for pain relief.

113.  Plaintiffs justifiably relied on and/or were induced by the misrepresentations and/or active concealment by Pharmacia, Searle, Monsanto and Pfizer and he relied upon the absence of safety information which Pharmacia, Searle, Monsanto and Pfizer suppressed, concealed, or failed to disclose all plaintiffs' detriment.

114.  As a direct and proximate result of the dangerous and defective condition

M005A36170

of Celebrex (Celecoxib), plaintiff suffered complete stroke, and he incurred economic damages in the form of medical expense.

115.   Plaintiffs are entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and occurred expense.

### COUNT X

### (Concert of Action)

Come now plaintiffs and for Count X of his Petition against defendants Pfizer, Pharmacia, Monsanto, and Searle, allege:

116.   Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

117.   Pfizer, Pharmacia, Monsanto, and Searle continued to profit from their scheme, concert of action by withholding information from plaintiffs, the consuming public, the FDA, and/or the health care industry.

118.   Defendants Pfizer, Pharmacia, Monsanto, and Searle acted in concert of action to promote the use of Celebrex to individual doctors, hospitals and/or to the general public, knowingly misrepresenting Celebrex as safe.   In doing so, they engaged in tortious conduct by failing to disclose and/or affirmatively misrepresenting the safety of Celebrex with regard to heart attacks, strokes, and other cardiovascular events in order to obtain the the FDA approval of Celebrex and/or to promote the sale and distribution of Celebrex to individuals including the plaintiffs herein, acting in concert of action with each other.   These actions included providing

M005A3617I

samples to doctors and hospitals, entering into formulary agreements, etc., and/or providing misleading and false material representations and omitting to disclose material facts as alleged herein.

119.  Defendants Pfizer, Pharmacia, Monsanto, and Searle actively pursued a common plan or scheme to design, promote, advertise, distribute and sell Celebrex for their individual financial gain and benefit by willfully and fraudulently misrepresenting and/or concealing and/or intentionally failing to disclose material facts to the FDA, plaintiffs, plaintiffs' treating physicians, health care providers and/or to the general public about the risks and dangers of Celebrex.

120.  Defendants Pfizer, Pharmacia, Monsanto, and Searle advanced this common intent, plan, scheme and purpose by: (1) failing to inform plaintiffs, plaintiffs' treating physicians, health care providers, the FDA and/or the general public, of the true cardiothrombotic and other adverse health effects of Celebrex; and/or (2) intentionally downplaying, misinterpreting, and/or engaging in the intentional omissions of information regarding the results of various studies showing the cardiothrombotic effects and explaining the cardiothrombotic effects of Celebrex; and that the FDA did not approve it for treatment of acute pain based on its preapproved submissions to the FDA;  and/or (3) withholding adverse reports and/or giving incorrect information about the reports they received about the side effects of Celebrex such as heart attacks, strokes and blood clots to plaintiffs and plaintiffs' treating physicians, health care providers, the FDA, and the general public;  and/or (4) engaging in a pattern and conduct of actively misrepresenting, concealing, and or omitting to disclose these effects when marketing

M005A36172

and promoting Celebrex through direct to consumer advertising and marketing to plaintiffs, plaintiffs' treating physicians, health care providers and/or the general public.

121. Defendants Pfizer, Pharmacia, Monsanto, and Searle's misrepresentations of material facts as described herein constituted fraudulent concealment in furtherance of the concert of action.

122. Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle sanctioned, approved and/or participated in misrepresenting material facts to the FDA, plaintiffs and/or to plaintiffs' treating physicians and health care providers and/or failed to disclose/omitted material facts to the FDA plaintiffs, plaintiffs' treating physicians and health care providers and to the general public in connection with the common purpose or scheme to promote, advertise, distribute and profit, each of them, from the sale of Celebrex to plaintiffs' and the general public.

123. Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle knew their conduct, as described above, as well as the conduct of all of the defendants, jointly and severely, constituted a breach of duty owed plaintiffs, yet gave substantial assistance and/or encouragement to the others to carry out defendants' common plan or scheme, and/or to promote, advertise, distribute and profit from the sale of Celebrex to plaintiffs and the general public, which in turn was a substantial factor in causing or contributing to cause plaintiffs' personal injuries and actual damages in an amount to be proved at trial.

124. Defendants Pfizer, Pharmacia, Monsanto, and Searle's conduct, as described herein, knowing of the dangers and risks of Celebrex, yet fraudulently concealing and/or omitting to tell the FDA plaintiffs and/or plaintiffs' treating physicians of these material facts, in

M005A36173

furtherance of their concert of action was outrageous because of defendants' evil motive or a reckless indifference to the safety of users of Celebrex, including plaintiffs.

## COUNT XI

### (Conspiracy)

Comes now plaintiffs, and for Count XI of their Petition against defendants Pfizer, Pharmacia, Monsanto, and Searle state the following:

125. Plaintiffs reallege the allegations in the preceding paragraphs as if fully set forth herein. Plaintiffs further allege that all wrongdoing alleged in the preceding counts was done in conspiracy with defendants Pfizer, Pharmacia, Monsanto, and Searle, and that each defendant did acts in furtherance of the conspiracy alleged herein.

126. Defendants Pfizer, Pharmacia, Monsanto, and Searle, each of them, reached a meeting of the minds regarding the common plan or scheme and actively pursued a common plan or scheme to design, promote, advertise, distribute and sell Celebrex for their individual financial gains and benefit by willfully and fraudulently misrepresenting and/or concealing and/or intentionally failing to disclose material facts to plaintiffs, plaintiffs' treating physicians, health care providers and to the general public about the risks and dangers of Celebrex.

127. Defendants Pfizer, Pharmacia, Monsanto, and Searle , and each of them, in one or more of the following ways, advanced this common intent, plan, scheme and purpose by: (1) failing to inform plaintiffs, plaintiffs' treating physicians, health care providers, the FDA and/or the general public, of the true cardiothrombotic and other adverse health effects of Celebrex; and/or (2) intentionally downplaying, misinterpreting, and/or engaging in the intentional omissions of information regarding the results of various studies showing the cardiothrombotic

M005A36174

effects and explaining the cardiothrombotic effects of Celebrex; and/or (3) withholding adverse reports and/or giving incorrect information about the reports they received about the side effects of Celebrex such as heart attacks, strokes and blood clots to plaintiffs and plaintiffs' treating physicians, health care providers, the FDA, and the general public; and/or (4) engaging in a pattern and conduct of actively misrepresenting, concealing, and or omitting to disclose these effects when marketing and promoting Celebrex through direct to consumer advertising and marketing to plaintiffs, plaintiffs' treating physicians, health care providers and/or the general public.

128.  Defendants Pfizer, Pharmacia, Monsanto, and Searle's misrepresentations of material fact as described herein, constituted fraudulent misrepresentations and defendants Pfizer, Pharmacia, Monsanto, and Searle failure to disclose material facts, as further described herein, constituted fraudulent concealment in furtherance of the conspiracy which occurred in part, in the City of St. Louis, State of Missouri.

129.  Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle participated in misrepresenting material facts to plaintiffs and/or to plaintiffs' treating physicians and health care providers and/or failed to disclose/omitted material facts to plaintiffs, plaintiffs' treating physicians and health care providers and to the general public in connection with the common purpose or scheme to promote, advertise, distribute, and each of them profit from the sale of Celebrex to plaintiffs and to the general public.

130.  As a result of the conspiracy of the defendants Pfizer, Pharmacia, Monsanto, and Searle, as described above, plaintiffs' sustained personal injuries and actual monetary damages in an amount to be proved at trial.

480247 / 004128

27

M005A36175

131.  Defendants Pfizer, Pharmacia, Monsanto, and Searle's conduct, as described herein, knowing of the dangers and risks of Celebrex, yet fraudulently misrepresenting and/or concealing and/or omitting to tell plaintiffs and/or plaintiffs' treating physicians of these material facts,  was outrageous because of defendants' evil motive or reckless indifference to the safety of users of Celebrex, including plaintiffs.

WHEREFORE, each plaintiff demands judgments in their favor against defendants Merck, Pharmacia, Searle, Monsanto and Pfizer, jointly, severally and for common liability for:

A.  A fair and just amount of actual damages in an amount to be proved at trial;

B.  Costs of suit;

C.  Pre-judgment and post-judgment interest;

D.  Punitive damages in a fair and reasonable amount to punish and deter defendants and others from engaging in the wrongful conduct; and

E.  Such other and further relief as the Court deems just and proper under the circumstances.

JEFFREY J. LOWE, PC

By: _____
    Jeffrey J. Lowe #35114
    Francis J. ("Casey") Flynn #52358
    Attorney for Plaintiff
    8235 Forsyth, Suite 1100
    St. Louis, Missouri 63105
    (314) 678-3400
    Fax: (314) 678-3401

    John Carey
    Joseph P. Danis
    CAREY & DANIS, LLC

8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

Charles Lampin
Kell Lampin LLC
4700 Mexican Rd.
St. Peters, Missouri 63376
636-498-4000

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597

480247 / 004128

M005A3617



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ROBERT H DIERKER JR | Case Number: 0622-CC06110 |
|---|---|
| Plaintiff/Petitioner:<br>BETTY SHERMAN | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY J LOWE<br>8235 FORSYTH<br>SUITE 1100<br>SAINT LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MERECK & COMPANY INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MERECK & COMPANY INC**
                    Alias:

C/O RAGT THE CORPORATION
COMPANY 120 SOUTH CENTRAL AVE
CLAYTON, MO 63105
                                         **ST LOUIS COUNTY**



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

OCTOBER 4, 2006
Date

Mariano Favazza
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                  Date                           Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | ( ___ miles @ $ .____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

M06SA36178

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/09/2006
Log Number 511544298



**TO:**   Debra A Bollwage, Assistant Secretary
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ, 08889-0100

**RE:**   **Process Served in Missouri**

**FOR:**   Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Betty Sherman, et al., Pltfs. vs. Merck & Co., Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | St. Louis City Circuit Court, MO<br>Case # 0622CC06110 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Personal injuries/Celebrex |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/09/2006 at 11:14 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey J. Lowe<br>Jeffrey J. Lowe, P.C.<br>8235 Forsyth, Suite 1100<br>St. Louis, MO, 63105<br>314-678-3400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight, 790088996235<br>Email Notification, Debra A Bollwage DEBRA_BOLLWAGE@MERCK.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Mary Belton<br>120 South Central Avenue<br>Suite 400<br>Clayton, MO, 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / EK

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

M005A36179