UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *Andrea Cordel v. Merck Sharp & Dohme* | * | KNOWLES |
| *Corp.*, No. 2:14-cv-01053-EEF-DEK | * | |
| | * | |

**************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH REQUIREMENTS OF PTO 29

Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring Plaintiff Andrea Cordel to show cause why her individual claims should not be dismissed with prejudice for failure to comply with requirements of Pre-Trial Order No. 29 ("PTO 29") to provide a case-specific expert report. In support, Merck states as follows:

1. On April 22, 2014, nearly a decade after Merck voluntarily withdrew Vioxx from the market in September 2004, Plaintiff Andrea Cordel filed her complaint in the United States District Court for the District of Colorado. Compl. (*Cordel* Rec. Doc. 1-1). As the Court is well aware, Vioxx was withdrawn from the market following findings of increased rates of heart attacks in the APPROVe study, leading to thousands of lawsuits across the country. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 889 F. Supp. 2d 857, 858–59 (E.D. La. 2012). Ms. Cordel's complaint is not so limited. She claims that Vioxx caused her "various injuries and damages including cardiopulmonary distress, chest pain, shortness of breath, and gastrointestinal

1178354v1

discomfort." *Id.* ¶ 12.  In her Amended and Supplemental Plaintiff Profile Form Ms. Cordel also identified a "heart tumor," "multiple throat and thyroid surgeries," and depression as among her other injuries.  Ex. A, at 3.  These injuries, she alleges, occurred "from 1998" (fifteen years ago and the year *before* Vioxx was approved by the FDA) to the "[p]resent date."  *Id.*[1]

2. PTO 29 imposes mandatory discovery and preservation requirements for cases filed or transferred to this court after November 9, 2007.  Section II of PTO 29 sets forth discovery requirements that must be met within forty-five (45) days of the filing of the issuance of the transfer order from the Judicial Panel on Multidistrict Litigation.  These requirements include a case-specific expert, or *Lone Pine*, report, PTO 29 ¶ II.C.  If plaintiffs fail to produce such discovery, including a case specific expert report, the Order provides for a 30-day cure period.  *See id.*  After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*[2]

3. The Judicial Panel on Multidistrict Litigation transferred Ms. Cordel's case to this Court on May 8, 2014.  On August 11, 2014, having not received any of the materials required

---

[1] Although Ms. Cordel's alleged injuries began well over a decade before she filed her Complaint, the statute of limitations for Ms. Cordel's claims are all three years or less. *See* Colo. Rev. Stat. § 6-1-115 (three years for Consumer Protection Act); *id.* § 13-80-101(a) (three years for contractual actions); *id.* § 13-80-102(a), (b) (two years for tort and strict liability).  If Ms. Cordel provides defendant with the threshold discovery required by this Court, Merck plainly anticipates bringing further motions to the Court to address the glaring statute of limitations issues.  In the absence of fundamental compliance by plaintiff, however, Merck does not wish to burden the Court with that motion at this time.

[2] Section II of PTO 29 also requires the production of pharmacy and medical records, the plaintiff's affidavit attesting to the completeness of the records or the reasons why any of the required records no longer exist, an Amended and Supplemental Plaintiff Profile Form, and answers to interrogatories. In addition, Section I.D. of PTO 29 requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent.  Other than the interrogatory responses and Amended and Supplemental Plaintiff Profile Form, Ms. Cordel has not provided any of this required information.

by PTO 29, Merck sent Ms. Cordel's counsel letters notifying her of her failure to comply with PTO 29, explaining that "[i]f any failure to comply with PTO 29 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice." Exs. B, C.

4. Five months later, Merck has received only Ms. Cordel's Amended and Supplemental Plaintiff Profile Form and interrogatory responses. Although Ms. Cordel motion for 45 additional days to comply with PTO 29's requirements on September 19, 2014 suggested that she would ultimately supply a *Lone Pine* report and other required documents, she has still failed to do so. (*See* Rec. Doc. 65028.)

5. As this Court has previously explained, "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether that injury be deep vein thrombosis, a heart attack, an ulcer or some other malady. Surely if Plaintiffs' counsel believe that such claims have merit, they must have some basis for that belief." *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 744 (E.D. La. 2008). The Fifth Circuit has affirmed this Court's previous dismissals for failure to comply with the *Lone Pine* requirement. *In re Vioxx Prods. Liab. Litig.*, 509 F. App'x 383, 386–87 (5th Cir. 2013); *In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 397–98 (5th Cir. 2010). Ms. Cordel has had ample notice that failing to comply with PTO 29 would result in dismissal, yet she still has not complied.

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why Ms. Cordel's claims should not be dismissed with prejudice for failure to comply with the *Lone Pine* requirements of PTO 29.

1178354v1

- 4 -

Dated: January 23, 2015                           Respectfully submitted,


By:*/s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

      —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck Sharp & Dohme Corp.

- 5 -

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of January, 2015.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel