UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION, | MDL No. 1657 |
| THIS DOCUMENT RELATES TO: | SECTION L |
| Potentially fraudulent claims filed in the Nationwide Vioxx Consumer Settlement Program, | JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| Plaintiffs | No. 2:09-cv-07218 |
| v. | |
| MERCK & CO., INC., | |
| Defendant. | |

**REPORT BY THE CLAIMS ADMINISTRATOR ON POTENTIALLY FRAUDULENT CLAIMS FILED IN THE NATIONWIDE VIOXX CONSUMER SETTLEMENT PROGRAM.**

Pursuant to Paragraph 11.9 of the Settlement Agreement (Doc. No. 64501-3, the "Agreement") in the Nationwide Vioxx Consumer Settlement Program (the "Settlement" or the "Program"), the Claims Administrator, BrownGreer PLC, respectfully submits this Report to the Court on potentially fraudulent claims submitted to the Program.

### I.   INTRODUCTION

Following the Court's preliminary approval of the Settlement (Doc. No. 64526), the Claims Administrator launched a Program website and PO Box and began receiving online and hard copy claims seeking reimbursement of out-of-pocket Vioxx expenditures from this Program. The Agreement required the Claims Administrator to make "all decisions with respect to the validity and timeliness of all Claims submitted . . . including the adequacy of all documentary proof of purchase[.]" (Agmt. ¶ 11.4.) BrownGreer carried out that role, as well as

the multi-phased noticing and curing process with claimants whose initial submissions were not eligible for payment, as required by Paragraph 11.7 of the Agreement. Throughout the Program, BrownGreer routinely reported to the Court and the parties to the Agreement (the "Parties") on review and notice progress and findings. BrownGreer ultimately presented its final report on payable claims to the Court in the December 5, 2014 Declaration of Orran L. Brown, Sr. (Doc. No. 65070-1) and then in open court at the December 16, 2014 status conference in this matter.

## II.     ANALYSIS OF CLAIMS FOR FRAUD

### A.  Review and Processing of Claims to Prevent Payment on Fraudulent Claims.

Paragraph 11.9 of the Agreement provides as follows:

> To the extent a Claim is submitted that is fraudulent or which contains materially false information or false supporting documentation as determined by the Claims Administrator, the Claim will be denied in its entirety as invalid and the Settlement Class Member shall be disqualified from making any further Claim.

In the course of reviewing each claim, BrownGreer flagged claims that appeared to be "fraudulent" or contain "materially false information or false supporting documentation," as determined by specially trained document intake handlers and claims reviewers, as well as data analytics. BrownGreer issued notices to claimants on 256 claims that presented some indicia of potential fraud either on the Claim Forms themselves or in the supporting documentation submitted alongside the Claim Forms. These notices, drafted and issued in consultation with the Parties, clearly and plainly identified the irregularity in each individual claim, provided express instructions on how to remedy the issue, and afforded the claimant 30 days to respond either online or by mail. If the claimant responded but did not clear up the issue, we issued a second round of notices explaining the remaining question on the claim and affording the claimant another 30 days to explain.

We did not receive a response of any kind to 194 of the 256 notices after either the initial or final notice round. As the notices had warned, these claims were denied and those individuals will not receive payment in this Program. Of the 62 individuals who did respond to these notices, 39 claimants submitted responses sufficient to overcome the initial suspicion of potential fraud and became payable, but the claims from 23 claimants continued to present indicia of fraud. After consultation with the Parties, BrownGreer issued final notices to these 23 claimants informing them that their claims were denied and would not be paid because the information provided with the claims was not reliable.

### B. Explanation of the Basis of Denial of Claims as Fraudulent.

The 23 claims denied because of indicia of fraud can be divided into three categories: (1) claims using fictitious identities, (2) claims using suspicious documents, and (3) a claimant with a propensity for fraud.

#### 1. Claims Using Fictitious Identities.

BrownGreer intake specialists, claims reviewers, and data analysts flagged 20 of the 23 claims as potentially fraudulent because they shared first and/or last names, birthdates, taxpayer identification numbers, and/or other identifying information, though slightly varied and in some cases only by one character as part of an apparent effort to circumvent detection by data analytics searching for duplicate claims by analyzing matching data. Most of these claims were submitted in hard copy and completed and signed by what appears to have been the same small group of people. Further still, some of the claims were mailed out of the same Post Office (as determined by postmark), even though that Post Office is located in a state that differed entirely from a number of the reported claimant addresses. Each of these claims sought $50 based on a sworn statement with no supporting documentation. The notices we issued to these claimants enclosed

a form requesting that they verify their dates of birth, Social Security Numbers ("SSNs"), and addresses to ensure that they had not simply made errors in reporting their identifying information to us on their original Claim Forms. One person responded with a carbon copy of his Claim Form and failed to provide the identity verification form or any other explanation of his apparent fictitious identity, so his claim remained unpayable for failure to comply with the audit inquiry notice. When we investigated the other 19 individuals, none of the identities associated with the SSNs provided by the claimants in response to the notices matched the associated claimant names used on the affected Claim Forms. In fact, 17 of the claimants had asserted SSNs that belonged to an entirely different individual, some of whom are deceased. Two claims used apparently invalid SSNs that did not match any known individual. As a result, we concluded that these claims are based on fictitious identities and should not be paid.

**2. Claims Using Suspicious Documents.**

Two of the 23 claims contained documentation we concluded was false, both purporting to be pharmacy records showing a combined total of $4,535 in Vioxx purchases. The documents provided by these claimants both contained impossible dosages of Vioxx and other indicia of material falsification, such as typing over a blank, but authentic pharmacy record, or impossible dates, such as "June 31." Both claimants, when offered the opportunity to clarify their claims or submit valid proof in response to a notice, either resubmitted the same proof or provided other documents that were similarly tainted and obviously false. Accordingly, we denied the claims as based on fraudulent supporting materials.

**3. Claimant With a Propensity for Fraud.**

Finally, we received a claim for $50 from an individual found to be potentially fraudulent in a separate settlement program administered by BrownGreer. At the Parties' direction, we

issued this claimant a letter requesting clarification and elaboration on his claim. Though the claimant responded to our requests in part, he did not provide the explanation we requested in our two notices to him and avoided the central question on the integrity of his claim. Therefore, we denied this claim as based on a fraudulent attempt by someone who did not in fact purchase Vioxx to obtain $50 in this Program.

4. **Summary of Audit Findings.**

This table shows the audit findings as to the above three groups:

| | VIOXX CONSUMER – FINAL AUDIT FINDINGS | | |
|---|---|---|---|
| **Row** | **Reason for Suspected Fraud** | **# of Claims** | **Amount Claimed** |
| 1. | Claims Using Fictitious Identities | 20 | $1,000 |
| 2. | Claims Using Suspicious Documents | 2 | $4,535 |
| 3. | Claimant with a Propensity for Fraud | 1 | $50 |
| 4. | **TOTAL** | 23 | $5,585 |

### III.   CONCLUSION

BrownGreer files this Report pursuant to Paragraph 11.9 of the Agreement, which requires the Claims Administrator to "report to the Court, the Parties, and the appropriate law enforcement authorities, any evidence of claims that are fraudulent or which include materially false information or false supporting documentation." As the suspected fraud in this program amounts to an attempt to recover only $5,585 wrongfully, we have not yet referred the matter to any law enforcement agencies, though we certainly will implement any direction from the Court in that regard.

Respectfully submitted,

Dated: February 25, 2015          /s/ Orran L. Brown, Sr.

Orran L. Brown, Sr.
VSB No. 25832
BrownGreer PLC
250 Rocketts Way
Richmond, VA 23231
Phone: (804) 521-7201
Fax: (804) 521-7299
obrown@browngreer.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Report by the Claims Administrator on Potentially Fraudulent Claims Filed in the Nationwide Vioxx Consumer Settlement Program has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email or by hand delivery and email, upon Liaison Counsel Ann Oldfather by email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of February, 2015.

       /s/   Orran L. Brown, Sr.
Orran L. Brown, Sr.
VSB No. 25832
BrownGreer PLC
250 Rocketts Way
Richmond, VA  23231
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299