UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | | |

## O R D E R AND REASONS

**THIS DOCUMENT RELATES TO ALL CASES**

This matter is before the Court on the Motion of Ann B. Oldfather to Require Court Approval of Liaison Counsel's Fee of Michael Stratton [Rec. Doc. 63389]. Mr. Stratton has filed a "Memorandum in Response to Objections" [Rec. Doc. 63416] and a "Status Conference Memorandum Regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. The record also reflects that Kathryn Snapka and Daniel Becnel have objected to fees retained by Mr. Stratton. *See* Rec. Doc. 63415 and 62671 and attachments.

On September 30, 2009, the Court entered Pretrial Order Number 52, appointing Michael A. Stratton as Liaison Counsel for Common Benefit Fee Application Objectors [Rec.Dec.24522]. The Common Benefit Fee Application Objectors were multiple attorneys who represented claimants under the Master Settlement Agreement, and who had filed objections to the Common Benefit Fee Application. On July 28, 2010, Mr. Stratton presented a letter to the Court withdrawing the objections of the Common Benefit Fee Application Objectors [Record Doc 47918]. The record reflects that monies from the common benefit funds were remitted to Mr. Stratton, for the purpose of distribution to the Objectors. Documents of record indicate that the total amount transferred to Mr. Stratton in his role as Liaison Counsel for the Objectors was

$19,271,639 to be "disbursed" to the 78 Objectors. *See* Report by Brown Greer "Summary of Common Benefit Fee Withholdings," attached to Court Order of September 9, 2011 [Rec. Doc. 63360, page 4]. The record also reflects that the representatives of the NPC and certain members of the PSC negotiating with Mr. Stratton believed the monies were to be refunded to the Objectors. *See* Rec. Doc. 63414 at page 3. At no time has the Court been asked by Mr. Stratton to set a fee for his services as Liaison Counsel for the Objectors.

The Court has subsequently learned that Mr. Stratton withheld a fee from the funds he ultimately remitted to the Objectors. Ms. Oldfather's motion estimates that fee at 9% of the monies passing through Mr. Stratton's hands (Memorandum in Support, Rec. Doc. 63389-3, at 4). However, other filings of record, specifically emails from Mr. Stratton to Mr. Becnel, contain Mr. Stratton's statement "[W]e (stratton faxon) *(sic)* then assessed a 25 percent fee on the amounts reimbursed to your firm". Rec Doc 62671-4, at 2. Since $19,271,639 was disbursed to Mr. Stratton, the math results in a potential fee "assessed" by Mr. Stratton from these funds of anywhere from $1,734,447.51 to $4,817,909.75.

Mr. Stratton has represented in his papers, but not attached confirming documents, that Ms. Oldfather "agree[d] to her contribution to fees and costs" [Rec. Doc. 63416 at 2]. He has also stated that "the two objectors [specifically Ms. Oldfather and Ms. Snapka] were represented" by him. If Mr. Stratton has fee agreements with any of the objectors, no such papers have been placed of record with the Court.

As set forth in this Court's Order of June 6, 2012, on this precise motion [Rec. Doc. 63900], this Court has exercised oversight over compensation of court-appointed attorneys who performed common benefit tasks or served in Liaison or Lead Counsel capacities, and this Court will continue to exercise that oversight. Accordingly,

**IT IS ORDERED** that Michael A. Stratton, having been appointed by the Court as Liaison Counsel for the Common Benefit Fee Objectors, and the responsible members of his firm, Stratton Faxon, or any successor-in-interest firm, shall **on or before April 23, 2015,** file the following with the Court:

1. A full and complete accounting of the $19,271,639 disbursed to him on or about September 2, 2010, indicating all sums remitted to each Objector by name, and all sums retained by him or his firm, together with all supporting documentation; and

2. All documents constituting a fee agreement between Mr. Stratton and any Objector. Mr. Stratton shall file these materials under seal, with copies of these materials to Plaintiffs' Liaison Counsel and Ms. Oldfather only.

Mr. Stratton, or the complying person, shall file a certificate of compliance with this Order in the court record as soon as the foregoing has been accomplished.

New Orleans, Louisiana, this 10th day of March, 2015.

_____
Eldon E. Fallon
United State District Judge