Viox Consumer Settlement Fund
Vioxx Consumer Claims Administrator
P.O. Box 26882
Richmond, VA 23261

V-04007
Jamaal A Bilal
FCCC 13619 Se Highway 70
Arcadia, FL 34266

37 BDS-IP1 34266

Enclosed is your payment for the Vioxx Consumer Settlement Program. This check is issued pursuant to the terms of the Vioxx Consumer Class Settlement with Merck & Co., Inc. **The issuance of this check concludes your claim with this Settlement Program.**

You have released claims relating to Vioxx as set forth in the Settlement Agreement and the Court's January 3, 2014 Final Order approving the Settlement regardless of whether you cash or deposit the enclosed check.

You must cash or deposit this check within 180 days from its date.

You should consult your personal tax advisor if you have any questions about the tax consequences of this payment.



**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF FLORIDA**
**NEW ORLEANS DIVISION**

**JAMAAL ALI BILAL,**
**Plaintiff,**

**Case No. MDL No. 1657.**

**v.**

**MERCK, INC.,**
**Defendants.**

_______________________________/

**MOTION FOR AWARD OF ATTONEY FEES AND/OR AWARD OF FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988 PURSUANT TO PLAINTIFF ACCEPTANCE OF SETTLEMENT MONIES/PLAINTIFF BILL OF COSTS**

**I. REQUEST FOR ATTORNEY FEES**

**COMES NOW** Jamaal Ali Bilal, in proper persona, pursuant to 42 U.S.C. §1988 and 28 U.S.C § 1920 requesting an award of attorney fees and cost upon the following grounds:

1. Mr. Bilal is not a prisoner but rather a civil detainee inasmuch the limits of the PLRA do not apply in this case. *Troville v. Venz*, 303 F. 3d 1256 (11th Cir. 2002).

2. In *Kay v. Ehrler*, 499 U.S. 432, 436-37, 111 S. Ct. 1435, 113 L.Ed.2d 486 (1991), the U.S. Supreme Court stated the Supreme Court held that 42 U.S.C.

§ 1988 does not permit attorneys' fees for an attorney who represents himself ***personally***. Id. at 438, 111 S. Ct. 1435. (emphasis added).

3. Petitioner dis not represent himself personally in this case but was simply one of 50,000 plaintiff apart of the Vioxx litigation. The bulk of litigation done in this case in reaching the settlement was performed by an host of more than 100 attorneys representing the more than 50, 000 client throughout the Vioxx litigation. In other words plaintiff should be entitled to attorney fees for the work those attorneys performed for the bulk of its clients pro se and otherwise; because the attorney –client relationship was still in place.

4. In fact plaintiff did in fact benefited from counsel representation by the several class attorney's attendant at all Vioxx hearings, meetings and status conference. See *Vioxx Products Liability Litigation, In re,* 760 F.Supp.2d 640 (E.D.La. 2010) (the Court appointed twelve attorneys to serve on the Plaintiffs' Steering Committee ("PSC"), see Pretrial Order No. 6 (Apr. 8, 2005). Membership on these subcommittees was open to all attorneys who had clients and wanted to participate and was **not** limited to the members of the Steering Committee; **all** plaintiffs had common benefit attorneys. The common benefit attorneys were responsible for all aspects of pre-trial preparation, including document discovery,

the taking of depositions, preparation of experts, motions practice, and to some extent, coordination of federal and state court proceedings)).

5. Plaintiff is therefore entitled to attorney fees an award of a percentage of the attorney fees as decided by the court.

6. On the date of March 20, 2015 the plaintiff received a fifty dollar ($50) settlement germane to his participation in the Vioxx settlement. See attached documents substantiating such settlement.

## II. <u>COSTS AND FEES</u>

7. In the event the parties do not agree with the plaintiff's argument he Seeks fees and cost he personally incurred pursuant to 28 U.S.C § 1920. A judge or clerk of any court of the United States may tax as costs the following: Cost should be dispensed as follows:

(1) Fees of the clerk and marshal**<u>$400.00</u>**;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**<u>$300.00</u>**;

(3) Fees and disbursements for printing and witnesses**<u>$200.00</u>**;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title**<u>$400.00</u>**;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section28 U.S.C. 1828 of this title **$43,000**.

(7) Postal Cost $ 300.00

(8) Long distance phone calls **$300,00**

(9) Photo copying $117.00

8. Although the above is just estimates of plaintiff's incurred costs, estimates should be received as proof of costs only upon a showing that such other evidence is not available through no fault of the claimant if he is not in a position to approximate such costs. *Wahl v. Carrier Mfg. Co.*, Inc., 511 F.2d 209(7th Cir. 1975).

Respectfully submitted,

Jamaal Ali Bilal

Jamaal Ali Bilal 990124
FCCC, 13613 S.E. Hwy 70
Arcadia, FL 34266

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to Dorothy Hudson Wimberly, Phillip A. Wittmann, Stone Pigman Walther Wittmann, L.L.C., New Orleans, LA, at their address of record this 19th day of March 2015.

Jamaal Ali Bilal

Jamaal Ali Bilal 990124
Florida Civil Commitment Center
13619 S. E. Hwy 70
Arcadia, Fl 34266

TAMPA FL 335
SAINT PETERSBURG FL
24 MAR 2015 PM 2 L

Honorable Eldon Fallon
U. S. District Court Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

70130$3373

Legal Mail

Mailed
MAR 24 2015
Legal Mail