UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF FLORIDA
NEW ORLEANS DIVISION



**JAMAAL ALI BILAL,**
　　Plaintiff,　　　　　　　　　　　Case No. MDL No. 1657

v.

**MERCK, INC.,**
　　Defendants.
_____/

# SECOND AMENDED MOTION FOR AWARD OF ATTONEY FEES AND/OR AWARD OF FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988 & 28 U.S.C. § 1920 PURSUANT TO PLAINTIFF ACCEPTANCE OF SETTLEMENT MONIES/PLAINTIFF BILL OF COSTS

I. **REQUEST FOR ATTORNEY FEES**

**COMES NOW** Jamaal Ali Bilal, in proper persona, pursuant to 42 U.S.C. §1988 and 28 U.S.C § 1920 requesting an award of attorney fees and cost upon the following grounds:

1.　Mr. Bilal is not a prisoner but rather a civil detainee inasmuch the limits of the PLRA do not apply in this case. *Troville v. Venz*, 303 F. 3d 1256 (11th Cir. 2002).

1

2. In *Kay v. Ehrler*, 499 U.S. 432, 436-37, 111 S. Ct. 1435, 113 L.Ed.2d 486 (1991), the Supreme Court held that 42 U.S.C. § 1988 does not permit attorneys' fees for an attorney who represents himself **_personally_**. Id. at 438, 111 S. Ct. 1435. (emphasis added).

3. Petitioner did not represent himself personally in this case but was simply one of 50,000 plaintiff apart of the Vioxx litigation. The bulk of litigation done in this case in reaching the settlement was performed by an host of more than 100 attorneys representing the more than 50, 000 client throughout the Vioxx litigation. In other words, plaintiff should be entitled to attorney fees for the work those attorneys performed for the bulk of its clients pro se and otherwise; because the attorney-client relationship was still in place.

4. In fact plaintiff did in fact benefited from counsel representation by the several class attorney's attendant at all Vioxx hearings, meetings and status conference etc. See *Vioxx Products Liability Litigation, In re*, 760 F.Supp.2d 640 (E.D.La. 2010) (the Court appointed twelve attorneys to serve on the Plaintiffs' Steering Committee ("PSC"), see Pretrial Order No. 6 (Apr. 8, 2005). Membership on these subcommittees was open to all attorneys who had clients and wanted to participate and was **not** limited to the members of the Steering Committee; **all** plaintiffs had common benefit attorneys. The common benefit attorneys were

responsible for all aspects of pre-trial preparation, including document discovery, the taking of depositions, preparation of experts, motions practice, and to some extent, coordination of federal and state court proceedings)).

5. Plaintiff is therefore entitled to attorney fees an award of a percentage of the attorney fees as decided by the court.

6. On the date of March 20, 2015 the plaintiff received a fifty dollar ($50) settlement germane to his participation in the Vioxx settlement. See attached documents substantiating such settlement.

## II.   COSTS AND FEES

7. In the event the parties do not agree with the plaintiff's argument he seeks fees and cost he personally incurred pursuant to 28 U.S.C § 1920. A judge or clerk of any court of the United States may tax as costs for the following: as follows:

(1) Fees of the clerk and marshal**$400.00**;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**$300.00**;

(3) Fees and disbursements for printing and witnesses**$200.00**;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title **$400.00**;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section28 U.S.C. 1828 of this title **$43,000**.

(7) Postal Cost **$ 300.00**

(8) Long distance phone calls **$300,00**

(9) Photo copying **$117.00**

(10) Vioxx medication payments (100 tablets per bottle, roughly 15 bottles) **$300.00**

**TOTAL**

**$44, 117.00P**

8.  Although the above is just estimates of plaintiff's incurred costs, estimates should be received as proof of costs only upon a showing that such other evidence is not available through a fault of the claimant if he is not in a

4

position to approximate such costs. *Wahl v. Carrier Mfg. Co.*, Inc., 511 F.2d 209(7th Cir. 1975).

9. Plaintiff would also request "incentive award" of **$ 6,500.00.** See *Bezdek v. Vibram USA Inc.*, 2015 WL 223786(D. Mass. 2015) which provided:

### REQUEST FOR INCENTIVE AWARDS

**Finally, I address the request for incentive awards for the plaintiffs. Incentive awards serve to promote class action settlements by encouraging named plaintiffs to participate actively in the litigation in exchange for reimbursement for their pursuits on behalf of the class overall.** See *Celexa*, 2014 WL 4446464, at *9; *Lupron*, 228 F.R.D. at 98. Class counsel requests that the court approve a total of **$6,500 in incentive awards for three plaintiffs: $2,500 for Bezdek, $2,500 for DeFalco, and $1,500 for Safavi**. Two of the objectors challenge these incentive awards, asserting that the plaintiffs did not participate substantially in the litigation. According to their own declarations and the representations of class counsel, the three named plaintiffs participated in the investigations leading up to the filing of their respective complaints, reviewed these complaints with counsel prior to filing, discussed the motions to dismiss in their respective cases with counsel, participated in limited discovery by responding to document requests and preparing for depositions, and communicated with counsel regarding the settlement negotiations.

These awards are equivalent to those approved in *Compact Disc*, 292 F.Supp.2d at 189, where the named plaintiffs engaged at a similar level in the litigation. There, Judge Hornby recognized that the plaintiffs "put forth some effort in pursuit of the class," and while "the bulk of the time in [the] case was spent by the lawyers," a minimal award was appropriate for their willingness to prosecute the case, help in conferring a benefit upon the class, and responsiveness to discovery efforts. Id. (quoting *Lachance v. Harrington*, 965 F.

5

Supp. 630, 652 (E.D.Pa.1997)). The slightly lesser award for Safavi is appropriate where he is a plaintiff in a separate, similar action in another federal district court, and has engaged in similar activity in that case. See *Arnold*, 2014 WL 1670133, at *6 (granting $1,500 service award to named plaintiff in related but separate proceeding).

Respectfully submitted,

*Jamaal Ali Bilal*
Jamaal Ali Bilal 990124
FCCC, 13613 S.E. Hwy 70
Arcadia, FL 34266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to Dorothy Hudson Wimberly, Phillip A. Wittmann, Stone Pigman Walther Wittmann, L.L.C., New Orleans, LA, at their address of record this 2nd day of April 2015.

*Jamaal Ali Bilal*

Jamaal ali Bilal 990124
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia, Fl 34266

TAMPA FL 335
SAINT PETERSBURG FL
03 APR 2015 PM 3 L

Honorable Eldon E. Fallon
U.S. District Court Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

70130$3373

Legal Mail