UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

**JOINT REPORT NO. 86 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 86.  The Court has indicated that the litigation is at a point where most status conferences can be attended telephonically by Liaison and Lead Counsel, absent good reason to the contrary.

**I.      CLASS ACTIONS**

By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].

The class notice program, as ordered by the Court was completed and claims were submitted.  BrownGreer advises that the claims review process is now complete and that they have proceeded with the payment of approved claims in short order now that the Fifth Circuit has ruled on objector Geneva Meloy's motion to voluntarily dismiss her appeal.  The parties will be prepared to discuss these matters further at the monthly status conference on May 7, 2015.

II.     **PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43**

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On October 24, 2013, Merck filed motions for summary judgment in six cases. Since then, five of the cases have been resolved or are on the verge of being resolved, leaving a motion pending only in the *Val Silva* case [Rec. Doc. 64662]. The motion is fully briefed.

Merck's counsel and plaintiffs' counsel for the unresolved VTE cases continue to explore settlement, which is complicated in speed of resolution due to lien issues. Those cases, which are thirteen in number, are in varying stages of resolution.

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15, 2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment [Rec. Doc. 64903]. On December 22, 2014, Merck filed a Motion for Summary Judgment Regarding Proximate Causation [Rec. Doc. 65087]. Both motions [Rec. Doc. 65087 and Rec. Doc. 64878] were heard, with oral argument, on March 17, 2015 and were taken under submission [*see* Minute Entry at Rec. Doc. 65186].

By Order and Reasons entered April 21, 2015, the Court denied the motions, re-opened discovery, and lifted any discovery stay [Rec. Doc. 65200].

On January 23, 2015, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Comply With the Requirements of PTO 29 in the *Andrea Cordel* case [Rec. Doc. 65140]. The matter was heard on February 26, 2015 and the Court entered a Minute Entry [Rec. Doc. 65178] granting the motion. On March 5, 2015, *Andrea Cordel* filed a Motion to Dismiss Without Prejudice [Rec. Doc. 65177]. Inasmuch as the Court already dismissed *Andrea Cordel's* case, with prejudice, the Court considered the motion [Rec. Doc. 65177] as a motion for reconsideration of its dismissal. The Court issued an Order [Rec. Doc. 65180] and the matter was scheduled for submission on March 20, 2015. Defendant did not oppose the motion for reconsideration and on April 6, 2015 entered an Order [Rec. Doc. 65191] granting the motion for reconsideration and ordering plaintiff's claims dismissed without prejudice.

The parties will be prepared to discuss these matters further at the status conference on May 7, 2015.

### III.    OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011. No response had been filed by Mr. Stratton. On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed. On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064]. On March 10, 2015, the Court issued Order and Reasons [Rec. Doc. 65182] ordering Michael Stratton to produce

accounting and supporting documentation on amounts disbursed to him to the Court on or before April 23, 2015. On April 22, 2015, Joel T. Faxon transmitted certain materials to the Court, and it is not clear whether any of those materials have as of yet been filed of record. The parties will be prepared to discuss this further at the status conference of May 7, 2015.

### IV. NEXT STATUS CONFERENCE

Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman & Katz, L.L.C.*** | ***Stone Pigman Walther Wittmann L.L.C.*** |
| 820 O'Keefe Avenue | 546 Carondelet Street |
| New Orleans, Louisiana 70113 | New Orleans, Louisiana 70130-3588 |
| Telephone: (504) 581-4892 | Telephone: (504) 581-3200 |
| Fax: (504) 561-6024 | Fax: (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky 40208
Telephone: (502) 637-7200
Fax: (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 86 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of May, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, 14190
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Ave.
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:     504-561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*