UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * | * | |

THIS DOCUMENT RELATES TO ALL CASES

## MEMORANDUM IN SUPPORT OF MOTION TO REFER CERTAIN FACT-FINDING IN THE STRATTON MATTER TO SPECIAL MASTER

Ann B. Oldfather moves the Court to refer to Special Master Patrick Juneau certain fact finding regarding monies kept by Liaison Counsel for Common Benefit Fee Objectors, Michael Stratton, under claim of agreed fees. The undersigned filed a Motion to Require Court Approval of Liaison Counsel's Fee of Michael Stratton [Rec. Doc. 63389].[1] The basis for that Motion is Mr. Stratton's "assessment" of the Common Benefit Fee Objectors of fees from all funds he remitted to them. We now know that Mr. Stratton retained as "fees and costs" $4,447,444.91 for negotiating on behalf of the Common Benefit Fee Application Objectors. This amount is roughly 23% of the total amount that passed through Mr. Stratton's hands. This percentage puts his fee far above the NPC or PSC's 6.5%, and far above the amount we now know he promised his co-objectors, who signed joint prosecution agreements as a *maximum* that would be asked for were the parties never to agree and the Court to

---

[1] Kathryn Snapka and Daniel Becnel also objected to Mr. Stratton's exorbitant fee. Rec. Doc. 63415 and 62671.

set a fee (5% to 7%). We also now know that Mr. Stratton waived his fees entirely for lawyers who complained. So, Mr. Stratton "assessed", purely on his own say-so, fees ranging from 0% to 23% of the amounts recovered.

Mr. Stratton never sought approval from the Court for this substantial fee. The undersigned made no agreement with Mr. Stratton or his law firm, Stratton Faxon, authorizing Mr. Stratton to receive *any* fee. Those attorneys who did enter into joint prosecution agreements with Mr. Stratton (less than one-fifth of the Objectors) had the express commitment that Mr. Stratton would seek Court approval before collecting any fee:

> Liaison counsel…may make application to the court for common benefit fees and costs if a reasonable agreement is not reached as to reimbursement of costs and payment for work and result…no counsel signing this agreement is bound in any way to the payment of any fees to liaison counsel and/or other members doing common benefit work…and in no event would liaison counsel request an amount larger than 7% of the amount saved….

Joint Prosecution Agreements, filed with the Court by Joel Faxon.

Mr. Stratton collected a massive fee, without any agreements in place from *any* Objectors if the recent filing is accurate, and he never asked the Court to set or otherwise approve this fee.

The "accounting" filed with the Court by Joel Faxon in response to the Court's March 10, 2015 Order only prompts further questions, such as "what percentage did Mr. Stratton charge each firm, and why?" Fact-finding by the Special Master will fully develop this matter so that the Court may exercise appropriate oversight over Mr. Stratton's compensation in his court-appointed Liaison role.

Specifically, a line-by-line fee accounting, showing the breakdown of percentages assessed to each Objector law firm, as well as any and all "agreements" entered into by Mr. Stratton for this work, should be determined by the Special Master. Accordingly, the undersigned respectfully requests the Court to refer this issue to the Special Master for fact-finding; that the Faxon Law Group, Mr. Faxon and Mr. Stratton be required to provide all materials and testimony requested by the Special Master; and that the Court enter all documents produced by Faxon Law Group in response to the Court's March 10, 2015 Order into the record for purposes of the Special Master's investigation and for access by interested parties.

Respectfully submitted,

/s/ Ann B. Oldfather

Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Require Court Approval of Liaison Counsel's Fee for Michael Stratton has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, and upon Michael A. Stratton and Faxon Law Group, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of May, 2015.

/s/ Ann B. Oldfather
_____
Ann B. Oldfather