MINUTE ENTRY
FALLON, J.
MAY 7, 2015

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

The bi-monthly status conference was held on this date via telephone with the Honorable Judge Eldon E. Fallon. At the conference, counsel reported to the Court on the topics set forth in Joint Report 85 of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. This monthly status conference was transcribed by Court Reporter Terri Hourigan. Counsel may contact Ms. Thompson at (504) 589-7775 to request a copy of the transcript. A summary of the monthly status conference follows.

**I.    CLASS ACTIONS**

By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].

JS10(00:23)

The class notice program, as ordered by the Court was completed and claims were submitted. BrownGreer advises that the claims review process is now complete and that they have proceeded with the payment of approved claims in short order now that the Fifth Circuit has ruled on objector Geneva Meloy's motion to voluntarily dismiss her appeal.

## II.  PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154]. The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate. The parties continue to exchange information in this regard.

On October 24, 2013, Merck filed motions for summary judgment in six cases. Since then, five of the cases have been resolved or are on the verge of being resolved, leaving a motion pending only in the *Val Silva* case [Rec. Doc. 64662]. The motion is fully briefed.

Merck's counsel and plaintiffs' counsel for the unresolved VTE cases continue to explore settlement, which is complicated in speed of resolution due to lien issues. Those cases, which are thirteen in number, are in varying stages of resolution.

On March 28, 2014, Merck filed a Motion for Summary Judgment in the *Jo Levitt* case [Rec. Doc. 64878]. At the same time, Merck filed a Motion to Stay Expert Discovery pending a ruling on its motion for summary judgment [Rec. Doc. 64879]. By Order entered April 15,

2014, the Court granted the motion and stayed all remaining expert discovery pending resolution of Merck's motion for summary judgment [Rec. Doc. 64903].   On December 22, 2014, Merck filed a Motion for Summary Judgment Regarding Proximate Causation [Rec. Doc. 65087]. Both motions [Rec. Doc. 65087 and Rec. Doc. 64878] were heard, with oral argument, on March 17, 2015 and were taken under submission [*see* Minute Entry at Rec. Doc. 65186].   By Order and Reasons entered April 21, 2015, the Court denied the motions, re-opened discovery, and lifted any discovery stay [Rec. Doc. 65200].

On January 23, 2015, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Case Should Not Be Dismissed With Prejudice for Failure to Comply With the Requirements of PTO 29 in the *Andrea Cordel* case [Rec. Doc. 65140].   The matter was heard on February 26, 2015 and the Court entered a Minute Entry [Rec. Doc. 65178] granting the motion.  On March 5, 2015, *Andrea Cordel* filed a Motion to Dismiss Without Prejudice [Rec. Doc. 65177]. Inasmuch as the Court already dismissed *Andrea Cordel's* case, with prejudice, the Court considered the motion [Rec. Doc. 65177] as a motion for reconsideration of its dismissal. The Court issued an Order [Rec. Doc. 65180] and the matter was scheduled for submission on March 20, 2015.  Defendant did not oppose the motion for reconsideration and on April 6, 2015 entered an Order [Rec. Doc. 65191] granting the motion for reconsideration and ordering plaintiff's claims dismissed without prejudice.

### III.    OTHER PENDING MOTIONS/MATTERS

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389]. That matter was argued on September 21, 2011.  No response had been filed by Mr. Stratton.  On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed.  On August 15, 2012, Mr.

Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064].  On March 10, 2015, the Court issued Order and Reasons [Rec. Doc. 65182] ordering Michael Stratton to produce accounting and supporting documentation on amounts disbursed to him to the Court on or before April 23, 2015. On April 22, 2015, Joel T. Faxon transmitted certain materials to the Court.

**IV.     NEXT STATUS CONFERENCE**

The next monthly status conference will be held on **Friday, July 10, 2015 at 9:00 a.m. via telephone**.  Any interested persons may participate via telephone by dialing (877) 336-1839. The participant access code is 4227405, and the security code is 071015.

