UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

JOINT REPORT NO. 88 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 88. The Court has indicated that the litigation is at a point where most status conferences can be attended telephonically by Liaison and Lead Counsel, absent good reason to the contrary.

I.    CLASS ACTIONS

By Order and Reasons entered January 3, 2014, following a fairness hearing on December 13, 2013, the Court granted the motion for final approval of the Vioxx consumer class settlement and entered final judgment dismissing with prejudice all Released Claims of the Class against all Released Persons as described in the order [Rec. Doc. 64784].

The class notice program, as ordered by the Court was completed and claims were submitted.  BrownGreer advises that the payment of approved claims is virtually complete and will be providing a fuller report in that regard.  The parties will be prepared to discuss these matters further at the monthly status conference on September 3, 2015.

II.  **PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43**

The only matters relating to pending personal injury cases subject to PTOs 28, 29 and 43 are the following:

On April 25, 2012, the Court issued its Order & Reasons addressing the PSC's Motion to Amend Pre-Trial Order No. 19 [Rec. Doc. 63585] and Ms. Oldfather's Motion for Order Requiring Escrow and Disclosures of Common Benefit Fee and Cost Withholdings from Settlement of Ineligible and Non-Enrolled Cases [Rec. Doc. 63154].  The Order required certain further steps by the PSC and directed the parties to meet and confer, after which Ms. Oldfather's Motion could be revisited if appropriate.  The parties continue to exchange information in this regard.

On May 11, 2015, pro se litigant Jamal Ali Bilal filed a Motion for Relief of Order or in the Alternative Motion to Award Costs [Rec. Doc. 65209].  By Order and Reasons entered August 17, 2015, the Court denied the motion [Rec. Doc. 65244].

On June 5, 2015, Merck filed a Motion to Close Cases With No Pending Plaintiff Claims [Rec. Doc. 65216].  By Order entered June 24, 2015, the Court granted the motion and dismissed the claims [Rec. Doc. 65217].

On June 26, 2015, Merck filed a Motion for Supplemental Orders of Dismissal as to Remaining Open Plaintiffs [Rec. Doc. 65218].  By Order entered July 14, 2015, the Court granted the motion and dismissed the claims [Rec. Doc. 65226].

On July 7, 2015, Merck filed a Fourth Motion for Supplemental Order of Dismissal Regarding Estate Representative Plaintiffs [Rec. Doc. 65219].  By Order entered July 10, 2015, the Court granted the motion and dismissed the claims [Rec. Doc. 65223].

On July 15, 2015, Merck filed a Motion to Close Cases Based on Absence of Pending Plaintiff Claims [Rec. Doc. 65230].  By Order entered July 21, 2015, the Court granted the motion and ordered the cases closed [Rec. Doc. 65231].

On August 3, 2015, plaintiff and Merck filed a Joint Motion to Vacate an Order of dismissal mistakenly entered in the *Isner* case [Rec. Doc. 65236].  By Order entered August 5, 2015, the Court granted the motion and reinstated the case [Rec. Doc. 65241].

On August 12, 2015, Merck filed a Motion to Dismiss and/or Close Certain Non-Active Cases [Rec. Doc. 65243].  By Order entered August 18, 2015, the Court granted the motion [Rec. Doc. 65246].

There are two (2) cases alleging a VTE injury that remain pending.  Merck's counsel and plaintiffs' counsel for these cases continue to explore resolution of these cases.  By Order entered July 14, 2015, the Court scheduled a telephone status conference [Rec. Doc. 65227].  The telephone status conference was held on August 21, 2015.  The Court ordered a follow up telephone status conference [Rec. Doc. 65247] which is scheduled for September 14, 2015.

By Order entered July 14, 2015, the Court scheduled a telephone status conference in *Levitt v. Merck* [Rec. Doc. 65227].  The telephone status conference was held on July 24, 2015.  The Court ordered a follow up telephone status conference [Rec. Doc. 65232] which was held on July 30, 2015.  Following that conference, the Court issued a Minute Entry ordering the parties to submit a joint or competing scheduling order(s) on or before August 10, 2015 [Rec. Doc. 665233].  The parties could not agree on a joint scheduling order and submitted their competing scheduling orders.  By Order entered August 18, 2015, the Court entered a Case Management Order [Rec. Doc. 65245].

The parties will be prepared to discuss these matters further at the status conference on September 3, 2015.

III.   **OTHER PENDING MOTIONS/MATTERS**

On September 15, 2011, Ms. Oldfather filed a Motion and Supporting Memorandum to Require Court Approval of Liaison Counsel's Fee of Michael A. Stratton [Rec. Doc. 63389].  That matter was argued on September 21, 2011.  No response had been filed by Mr. Stratton.  On June 6, 2012, the Court entered an Order [Rec. Doc. 63900] adding this matter to the agenda of the status conference on June 14, 2012, where it was further discussed.  On August 15, 2012, Mr. Stratton filed a "Status Conference Memorandum regarding the Liaison Counsel Objection Heard on September 21, 2011" [Rec. Doc. 64064].  On March 10, 2015, the Court issued Order and Reasons [Rec. Doc. 65182] ordering Michael Stratton and the responsible members of Stratton Faxon and of any successor-in-interest firm to produce accounting and supporting documentation on amounts disbursed to him to the Court on or before April 23, 2015. On April 22, 2015, Joel T. Faxon transmitted certain materials to the Court, and it is not clear whether any of those materials have as of yet been filed of record. On May 12, 2015, Ms. Oldfather filed a Motion to Refer Certain Fact-Finding in the Stratton Matter to Special Master [Rec. Doc. 65207].  The motion was set for hearing on May 27, 2015 [Rec. Doc. 65211].  On May 19, 2015, Joel Faxon sent a letter to the Court in response to the motion [Rec. Doc. 65214].  On May 21, 2015, the Court entered an Order that Joel Faxon's letter be entered into the record as a response to Ms. Oldfather's motion [Rec. Doc. 65213].  On May 27, 2015, Ms. Oldfather filed a reply to the Faxon letter [Rec. Doc. 65215].  The motion was submitted for decision on May 27, 2015.  The parties will be prepared to discuss this further at the status conference of September 3, 2015.

IV.    **ATTORNEY GENERAL TRIALS**

      1.   The Montana Attorney General case is scheduled to go to trial on September 12, 2016.

      2.   The Alaska Attorney General case is scheduled to go to trial on January 3, 2017.

V.    **NEXT STATUS CONFERENCE**

      Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman & Katz, L.L.C.*** | ***Stone Pigman Walther Wittmann L.L.C.*** |
| 820 O'Keefe Avenue | 546 Carondelet Street |
| New Orleans, Louisiana  70113 | New Orleans, Louisiana  70130-3588 |
| Telephone:  (504) 581-4892 | Telephone:  (504) 581-3200 |
| Fax:  (504) 561-6024 | Fax:  (504) 581-3361 |
| | |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

*/s/ Ann B. Oldfather*
Ann B. Oldfather (KY Bar No. 52553)
**OLDFATHER LAW FIRM**
1330 South Third Street
Louisville, Kentucky  40208
Telephone:  (502) 637-7200
Fax:  (502) 637-3999

**Liaison and Lead Counsel for Ineligible or Non-Enrolled Cases and Certain Other Remaining PI Claims**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 88 of Plaintiffs' and Defendants' Liaison Counsel and Ann Oldfather, Liaison Counsel for certain pending personal injury cases, has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of September, 2015.

/s/ Leonard A. Davis
Leonard A. Davis, 14190
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:     504-561-6024
ldavis@hhklawfirm.com

Plaintiffs' Liaison Counsel