UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILTY LITIGATION | * * | MDL Docket No. 1657 |
| | * | SECTION L |
| This document relates to: | * | |
| | * | JUDGE FALLON |
| *Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D., v. Seeger Weiss, LLP, et al.,* | * * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| 2:12-cv-02406-EEF-DEK | * | |

*************************************************************************

## DEFENDANTS SEEGER WEISS, LLP AND CHRISTOPER A. SEEGER'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff Linda Isner ("Isner") enrolled in the Vioxx Resolution Program in 2008, ultimately receiving the highest award issued through that Program. She received full payment of her multi-million dollar award in 2010. She subsequently filed suit against numerous participants in the settlement process, alleging that these defendants had misrepresented the amount she would recover, and thus, wrongfully induced her into enrolling in the Program.

The defendants included attorney Christopher Seeger (who had a leadership role on behalf of all plaintiffs in negotiating the settlement) and his law firm, Seeger Weiss, LLP (the, "Seeger Defendants"), as well as Merck's legal counsel, Hughes Hubbard & Reed, LLP, and attorney Theodore Mayer (the, "HHR Defendants") and the Claims Administrator, BrownGreer, PLC and Orran L. Brown (the, "BG Defendants").

The BG Defendants filed a motion for summary judgment ("BG Motion") on February 10, 2014 [Rec. Doc. 64823]. The HHR Defendants also filed a motion for summary judgment ("HHR Motion") on February 10, 2014 [Rec. Doc. 64825]. Notice of both motions was electronically transmitted via the CM/ECF system to Isner on that date. On March 28, 2014, Isner filed her Oppositions to the BG Motion and HHR Motion [Rec. Doc. 64882 and 64883,

respectively]. On April 15, 2014, BG and HHR filed a joint omnibus reply memorandum [Doc. Rec. 64901]. In response, Plaintiff filed a reply to the BG/HHR reply memorandum on April 29, 2014 [Doc. Rec. 64911]. **On July 7, 2014, this Court granted both the BG Motion and HHR Motion [Rec. Doc. 64996], which dismissed all of Isner's claims against the BG Defendants and the HHR Defendants.**

Isner's claims against the Seeger Defendants fail for many, if not all, of the same reasons set forth in the motions for summary judgment filed herein by the BG Defendants and HHR Defendants and the Court's order granting summary judgment. For instance, the claims against the Seeger Defendants, BG Defendants and HHR Defendants are virtually identical. Thus, the Seeger Defendants adopt and incorporate in this motion both the BG Motion and the HHR Motion. As set forth in the aforementioned motions and below, all of Isner's claims against the Seeger Defendants fail as a matter of law and should also be dismissed.

## BACKGROUND

The BG Motion provides a factual summary concerning the history of the Vioxx litigation, the Vioxx Resolution Program, the circumstances of Isner's enrollment in the Program, and the evaluation and payment of her claim. *See* BG Motion at 3-14. That summary is incorporated herein by reference.

## ARGUMENT

To avoid the highly, if not entirely, duplicative legal arguments already set forth in both the BG Motion and HHR Motion already filed (and granted by this Court), the arguments set forth in Parts I, II, III, IV and V of the BG Motion and the HHR Motion, as well as the BG Defendants' Statement of Material Facts As To Which There Is No Dispute [Rec. Doc. 64823-

24], are adopted and incorporated by reference, and the Seeger Defendants rely upon these arguments to support their motion for judgment as a matter of law in their favor.

Isner asserts the same three claims against the Seeger, BG and HHR Defendants: (1) Negligent Misrepresentation; (2) Intentional Misrepresentation / Deceit; and (3) Violations of M.G.L. Chapter 93A, the Massachusetts consumer protection act. These claims all fail as a matter of law concerning the Seeger Defendants for the following reasons:

<u>First</u>, Isner executed a Release with the settlement program that prohibits her from bringing any claims against the Seeger Defendants because the parties covered by the Release include the Seeger Defendants as the Negotiating Plaintiffs' Counsel ("NPC"). *See,* BG Motion, Part I.A. *See*, also Ex. F, Oct. 30, 2008 Release, which is referenced in and attached to the BG Defendants' Statement of Material Facts As to Which There is No Dispute.

<u>Second</u>, Isner's Release further contains express disclaimers stating that: "I am entering into this Release…without relying on any representation or other statement made by or on behalf of, …any other person" and specifically that, "there is no guarantee that I will receive any settlement payment or, if any settlement payment is made, the amount thereof." These disclaimers bar Isner's claims of misrepresentation concerning the Seeger Defendants. *See* BG Motion, Part I.B (pp. 18–20).

<u>Third</u>, Isner's claims for negligent and fraudulent misrepresentation as to the Seeger Defendants fail because no actionable misrepresentation of any kind occurred. Statements of a promissory nature and predictions regarding future events that are not false when made are not actionable. *See* BG Motion, Parts II.A and II.B (pp. 20–23).

Fourth, Isner waived any right to challenge the award produced by the procedures of the Vioxx Resolution Program when she decided to accept and retain her multi-million dollar award. *See* BG Motion, Part III (pp. 24–27).

Fifth, the "dollar for dollar" recovery that Isner seeks exceeds the compensatory damages recoverable under Massachusetts law. *See* BG Motion, Part IV (pp. 27–31).

Last, Isner cannot establish a statutory claim under M.G.L. Chapter 93A because the transaction at issue is not commercial in nature, and because she cannot establish that the Seeger Defendants committed any underlying tort. *See* BG Motion, Part V (pp. 31–32).

## CONCLUSION

For the reasons set for above, summary judgment should be granted in favor of the Seeger Defendants on all of plaintiff's claims.

Respectfully submitted,

*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Counsel for Defendants Seeger Weiss, LLP and Christopher A. Seeger**

**CERTIFICATE**

I hereby certify that the above and foregoing Motion for Summary Judgment and Incorporated Memorandum of Law has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of September, 2015.

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**