UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck & Co., Inc.* | * | MAGISTRATE JUDGE KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF JO LEVITT'S MOTION FOR LEAVE TO DEPOSE DR. ARNOLD KATZ**

Plaintiff Jo Levitt, through her counsel of record, respectfully asks this Court to grant her leave to depose Dr. Arnold Katz. In support, Plaintiff states the following:

**I.    Introduction**

Plaintiff Jo Levitt has brought this lawsuit against the pharmaceutical manufacturer Merck & Dohme Corporation to recover for the cardiovascular injuries she suffered as a result of her intake of Merck's drug Vioxx. This Court has recently denied two Motions for Summary Judgment filed in this case by Defendant Merck, and has reopened discovery (See Rec. Doc. 65200, filed April 21, 2015).

In its second Motion for Summary Judgment, Merck argued that the learned intermediary doctrine barred Plaintiff's claims, as the physician who prescribed her Vioxx, Dr. Arnold Katz, would have prescribed the medication even if a more stringent warning had been provided. Plaintiff opposed this Motion, and provided the Court with extensive facts as to how her primary care physician, Dr. Hartman, had prescribed her Vioxx before Dr. Katz, and that Dr. Katz did not exercise sole control over Ms. Levitt's Vioxx prescription and intake. This Court denied Merck's Motion for Summary Judgment, holding that disputed issues of material fact existed as to Dr.

Hartman's prescription of Vioxx, and that a reasonable juror could question the testimony of Dr. Katz, due to credibility issues raised in Plaintiff's Opposition.

Plaintiff has never had the opportunity to depose Dr. Arnold Katz, although Defendant Merck previously deposed Dr. Katz **twice** while Plaintiff was participating in this lawsuit pro se. Plaintiff now seeks leave to depose Dr. Katz, in order to explore the facts surrounding his treatment of Plaintiff, his relationship with the Defendant, and any potential bias he may have or may have had at the time of his patient-physician relationship with Plaintiff. Plaintiff will discuss each issue in turn:

### II.      Plaintiff Has Not Had An Opportunity to Depose Dr. Katz

As noted by this Court, "Of [Plaintiff's] treating physicians, Merck only deposed Dr. Arnold Katz, her rheumatologist." (Rec. Doc. 65200, page 5). Plaintiff filed this suit in 2006. While represented by counsel, Merck chose not to depose Plaintiff, her husband, her business associate, or any of her treating physicians. Once Ms. Levitt's attorney withdrew from the case and she was representing herself pro se, Merck noticed the deposition of Dr. Arnold Katz, in January, 2013. Plaintiff has been represented by her undersigned attorneys from the law firm of Humphrey, Farrington & McClain since July, 2013 (Rec Doc. 64482). Discovery had closed on May 15, 2013, and although Plaintiff sought leave to modify the scheduling order to reopen discovery (Rec. Doc. 64668), this motion was denied (Rec. Doc. 64688).

As such, Plaintiff has never had the opportunity to depose Dr. Katz since she has been represented by legal counsel. Plaintiff thus now seeks leave of this Court to do so.

### III.     Dr. Katz Has a Potential Bias That Must Be Explored

As extensively briefed in Plaintiff's Opposition to Defendant's Motion for Summary Judgment Regarding Proximate Causation, Dr. Katz's credibility has been called into question by

2

his contradictory deposition testimony, and his extensive relationship with the pharmaceutical industry and particularly Defendant Merck. Merck paid Dr. Katz to participate in its Vioxx trial, Dr. Katz was a member of the Speaker Bureau for Merck for several years, and spoke on behalf of Merck in order to market Vioxx to other physicians. Dr. Katz appeared by name in a poem that was shared at a 2001 meeting of the Multi-Disciplinary Advisory Board for Vioxx, and did not stop speaking about Vioxx on behalf of Merck until it was completely withdrawn from the market in September, 2004. Throughout the entire time Dr. Katz was treating Plaintiff Jo Levitt, he never disclosed the fact that he was a paid speaker for Merck, specifically speaking on the alleged benefits of Vioxx.

As held by this Court, "Ms. Levitt also raises a genuine question of Dr. Katz's credibility, and a reasonable juror could question his testimony that he would prescribe Vioxx to Ms. Levitt with a black box warning. **Further fact investigation** into these alleged biases could ultimately thwart application of the learned intermediary doctrine and thus bolsters support for denial of summary judgment." (Rec. Doc. 65200, page 16) (emphasis added).

Plaintiff seeks leave to conduct this further fact investigation into Dr. Katz's potential bias through deposition testimony.

### IV. This Court Has Re-Opened Discovery

As previously mentioned, this Court reopened discovery in April, 2015 (Rec. Doc. 65200). As such, there are no procedural hurdles to overcome prior to taking Dr. Katz's deposition. However, as Defendant Merck has previously deposed Dr. Katz when Plaintiff was without the benefit of legal counsel, Plaintiff and her counsel believe leave of Court to be necessary prior to noticing up the deposition of Dr. Katz.

3

**V.     Conclusion**

For all the foregoing reasons, Plaintiff Jo Levitt respectfully requests that this Court grant her leave to depose Dr. Arnold Katz. Plaintiff has never deposed Dr. Katz previously, and believes his testimony crucial in exploring her prescription of, and treatment with, the subject pharmaceutical Vioxx. Plaintiff further wishes to explore the credibility issues of Dr. Katz which have previously been briefed and explained to this Court. Plaintiff believes a jury is entitled to know of Dr. Katz's potential bias prior to affording his testimony any weight. This Court has previously re-opened discovery. Plaintiff now merely seeks to conduct the "further fact investigation" this Court has already previously noted could be useful in proving her claims.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

/s/ Daniel A. Thomas
Kenneth B. McClain           MO #32430
Daniel A. Thomas             MO #52030
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Plaintiff's Motion to Depose Dr. Arnold Katz** has been served on Defense Counsel, Jonathan Williams, and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14 day of September, 2015.

/s/ Daniel A. Thomas
Kenneth B. McClain            MO #32430
Daniel A. Thomas              MO #52030
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

5