UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * | * | |

THIS DOCUMENT RELATES TO ALL CASES

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER

Ann B. Oldfather moves the Court to reconsider its September 10, 2015 Order & Reasons [Rec. Doc. 65254] regarding the undersigned's Motion to Refer to Special Master Patrick Juneau certain fact finding regarding monies unilaterally held by Liaison Counsel for Common Benefit Fee Objectors, Michael Stratton, under claim of agreed fees.

The undersigned appreciates the Court's consideration in determining whether a correction of the record may be warranted, if only to assure that there will be no confusion in the event further civil proceedings are pursued against Mr. Stratton and his firm, or Bar proceedings against Mr. Stratton.

The Court's Order & Reasons mistakenly concludes that Ms. Oldfather received a refund of fees from Mr. Stratton. Order at 16. The undersigned apologizes for not making it clear that Mr. Stratton *never* refunded any fees to her or, to her knowledge, any member of the Kentucky Vioxx Working Group. *See* Declaration of Ann B. Oldfather at TAB 1.

Second, the Court's Order could be read to suggest that Mr. Stratton *did* have fee agreements with other objectors, or with the undersigned, i.e., "[e]xperienced counsel negotiated a fee with Mr. Stratton." Order at 15. Despite Mr. Faxon's suggestion to the contrary, the undersigned *did not* negotiate any agreed fee with Mr. Stratton or his law firm, Stratton Faxon, authorizing Mr. Stratton to receive *any* fee. The sole agreement with Mr. Stratton was that the Court would set his fee. *See* Oldfather Declaration.

To the undersigned's knowledge, there are no written fee agreements between Mr. Stratton and anyone, except one after-the-fact agreement with Daniel Becnel. The materials filed by Mr. Faxon reveal five joint prosecution agreements (with persons other than the undersigned), none of which provide that Mr. Faxon shall receive any fee. The other emails or letters filed by Mr. Faxon do not reflect any commitment by anyone to an agreed fee.

The joint prosecution agreements with Mr. Stratton instead state that Mr. Stratton would seek Court approval before collecting any fee:

> Liaison counsel…may make application to the court for common benefit fees and costs if a reasonable agreement is not reached as to reimbursement of costs and payment for work and result…no counsel signing this agreement is bound in any way to the payment of any fees to liaison counsel and/or other members doing common benefit work…and in no event would liaison counsel request an amount larger than 7% of the amount saved….

Joint Prosecution Agreements, filed with the Court by Joel Faxon.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."

*Malancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981); *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.,* 921 F. Supp. 2d 548, 563 (E.D. La. 2013). "Rule 54(b) is the proper procedural vehicle to request reconsideration" of interlocutory orders. *See McClung v. Gautreaux,* 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012).

The undersigned respectfully requests that the Court correct the statements in its September 10, 2015 Order regarding fees refunded to the undersigned, and fee contracts negotiated by Mr. Stratton; that the Court order all documents produced by Faxon Law Group in response to the Court's March 10, 2015 Order entered into the record for purposes of any investigation by third parties and for access by interested persons; and that the Court refer this matter to the Connecticut Bar Association for further investigation.

Respectfully submitted,

*/s/ Ann B. Oldfather*
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.0066
aoldfather@oldfather.com

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion to Reconsider has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, and upon Michael A. Stratton and Faxon Law Group, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of September, 2015.

      */s/ Ann B. Oldfather*
      _____
      Ann B. Oldfather