UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | * MDL Case No. 1657 |
| | * |
| PRODUCTS LIABILITY | * SECTION L |
| LITIGATION | * |
| | * JUDGE FALLON |
| *This document relates to* | * |
| | * MAGISTRATE JUDGE |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * KNOWLES |
| 2:06-cv-09757-EEF-DEK | * |
| | * |

*******************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO RE-DEPOSE DR. KATZ**

Plaintiff Jo Levitt has filed a motion seeking leave to depose Dr. Katz, a physician who was previously deposed in this case. In response, Merck states as follows:

1. Although this Court has re-opened discovery in this case, nothing in its order denying summary judgment suggests that the parties have been permitted a complete do-over of the previous nine years of factual development in this case. While Merck does not oppose a limited deposition of Dr. Katz, Merck respectfully requests that the Court set some limitation as to the scope of that additional deposition, or otherwise provide some guidance on the matter.

2. The Court denied Merck's summary judgment motion as to proximate causation on two grounds: (1) because there was a disputed issue of fact "as to whether Dr. Katz is the only relevant prescribing physician" or "whether Dr. Hartman continued to prescribe Vioxx for Ms. Levitt"; and (2) because there was "a genuine question of Dr. Katz's credibility, and a reasonable juror could question his testimony that he would prescribe Vioxx to Ms. Levitt with a black box warning." *See* 4/21/2015 Order & Reasons at 16.

1192871v1

3. Notably Dr. Hartman has now been deposed. He testified that he did not continue to prescribe Vioxx for Mrs. Levitt after she began seeing Dr. Katz. Instead, he confirmed that Dr. Katz was the physician who managed Ms. Levitt's Vioxx prescription once she started seeing him for her fibromyalgia; and that he never intervened to switch Ms. Levitt from Vioxx to some other medication. *See* Exhibit A (excerpts from 9/17/15 deposition of Dr. Hartman).[1]

4. As for Dr. Katz, he has already testified that he continues to prescribe Celebrex to some of his patients even though it now has a black box warning, and that he would have continued to prescribe Vioxx if it had the same black box warning.

5. Plaintiff has argued, however, that the fact that Dr. Katz had previously done consulting work for Merck relating to Vioxx calls this testimony into question.[2] As this Court explained in its Order, the issue to be resolved is whether "the doctor failed to exercise independent judgment when prescribing the drug in question." Order & Reasons at 17. The Court specifically noted that the question of whether or not Dr. Katz conveyed any warnings about Vioxx directly to Ms. Levitt is not relevant to determining liability in this case. *Id.*

6. Notwithstanding the discrete issues identified in this Court's order, Plaintiff's request to re-depose Dr Katz appears to be unfettered in scope.[3] She wants to depose Dr. Katz

---

[1] Dr. Hartman's testimony clarified that when he saw Ms. Levitt on August 24, 1999, he provided a *limited* trial of Vioxx, and that when she saw Dr. Katz almost two months later, she would most likely have been out of whatever Vioxx she had received from Dr. Hartman. Ex. A at 66-68. Dr. Hartman agreed that as of October 11, Dr. Katz was the physician who was managing Ms. Levitt's pain medications. *Id.* at 68-69. *See also id* at 71 (discussing Ms. Levitt's CV event in March 2000: "Q: And you weren't managing the Vioxx prescription at this point, is that right? A: No, it looks like Dr. Katz was.")

[2] Presumably plaintiff does not dispute that Dr. Katz continues to prescribe Celebrex today; or that Dr. Katz has also provided consulting services to Pfizer, the manufacturer of Celebrex.

[3] Contrary to the assertions made in plaintiff's motion, Ms. Levitt was never denied the opportunity to depose Dr. Katz. As this Court will recall, discovery in certain categories of cases

"in order to explore *the facts surrounding his treatment of Plaintiff*, *his relationship with the Defendant*, and any potential bias he may have or may have had at the time of his patient-physician relationship with Plaintiff." Mot. at 2 (emphasis added). In addition to exploring potential credibility issues, plaintiff states that she wants to depose Dr. Katz to "explor[e] her prescription of, and treatment with, the subject pharmaceutical Vioxx." Mot. at 4. Merck respectfully requests that any order allowing a further deposition limit that deposition to credibility issues relating to whether Dr. Katz exercised his independent judgment when deciding to prescribe Vioxx to Ms. Levitt.

7. Furthermore, any Order regarding an additional deposition of Dr. Katz should include some recognition of and protection of the interests of this third party witness. Dr. Katz is not a party to this litigation, and presumably has not been privy to the allegations being made against him. Plaintiff's briefs have been filled with insulting and inflammatory accusations against Dr. Katz. And, this Court has noted that some of those accusations, while having no bearing on Merck's liability, "could support an argument that Dr. Katz breached his duty to Ms. Levitt and caused her injuries." Order & Reasons at 18.

8. To defense counsel's knowledge, Dr. Katz has not been represented by counsel with respect to these matters. It would be extremely unfair to Dr. Katz to have him summoned to a deposition without any knowledge of the overall context. As such, if he is to be re-deposed, Dr. Katz should be provided a copy of this Court's April 21, 2015 opinion, and a copy of plaintiff's motion for leave to depose him.

---

in the MDL was stayed for an extended period of time. When active case-specific discovery occurred in the category of cases that included Ms. Levitt, she was proceeding *pro se*. All depositions were properly noticed. Ms. Levitt declined to appear (although noted on the record, she did call Dr. Katz prior to the deposition).

9. Further, in light of the fact that plaintiffs met with Dr. Hartman prior to his deposition, Merck asks that, if plaintiffs intend to meet with Dr. Katz prior to his deposition, Merck be given notice and the opportunity to attend the meeting, particularly given these circumstances and the possible claim of a breach of duty.

10. In sum, Merck does not oppose the request to depose Dr. Katz. It does request, however, that some limitation be placed on the scope of the deposition, and that Dr. Katz be provided fair notice of the nature of the allegations being made against him (and his potential exposure).

Dated: September 25, 2015

Respectfully submitted,

By: /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
M. Elaine Horn
Emily R. Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:   202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

1192871v1

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of September, 2015.

                                                        */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel