**TAB 1**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * | * | |

THIS DOCUMENT RELATES TO ALL CASES

### SUPPLEMENTAL DECLARATION OF ANN B. OLDFATHER

Declarant, Ann B. Oldfather, having personal knowledge of the facts stated herein, and being of legal age and of sound mind and memory does hereby declare as follows in supplement to my Declaration dated 9/21/2015:

1. I was a Common Benefit Fee Objector in my individual capacity and as one of three attorney members of a group informally known as the Kentucky Vioxx Working Group ("KVWG"). Michael Stratton served as Liaison Counsel for the Common Benefit Fee Objectors.

2. We had a total of 141 cases from which a potential 8% common benefit fee assessment had been withheld at the time of settlement of those cases, and with regard to which we had objected to the PSC's request for an 8% common benefit fee assessment rather than what we believed to be our contractual agreement with the PSC to a 2% common benefit fee assessment.

3. On July 23, 2010, we learned that Michael Stratton was recommending an agreement with the PSC to set the potential common benefit fee assessment for the Objectors at 4%, rather than the potential 8% that was being withheld. Mr. Stratton further suggested that we agree to pay him a fee for his work of 4-5% of the savings he claimed to have effectuated by reducing the common benefit fee assessment from an 8% potential assessment to an agreed 4% assessment. *See* email dated 7/23/2010 from KVWG attorney Leslie Cronen to the KVWG members attached as Exhibit 1.

4. Mr. Stratton had no fee agreement with me, or with any members of the Kentucky Vioxx Working Group, nor did he have any kind of "joint prosecution agreement" or any written or oral agreement with me or the KVWG regarding a fee payment to him.

5. Declarant and the KVWG agreed to the reduction of the common benefit fee assessment from 8% to 4%, and so advised Mr. Stratton in writing, which included the proviso that Mr. Stratton's fee needed to be set by the court, a condition which Mr. Stratton acknowledged. *See* email from Leslie Cronen to Mr. Stratton dated 7/26/2010, with Mr. Stratton's response, attached as Exhibit 2.

6. The Fee Objectors' dispute with the PSC was resolved on the above terms, the PSC reduced its request for common benefit fee assessments of 7.5% for counsel other than Objectors, and the Court later ordered that the common benefit fee assessment would be set at 6.5% [Rec. Doc. 54040] for counsel other than Objectors.

7. In the meantime, the PSC and Mr. Stratton agreed on the list of cases and primary counsel with regard to whom one-half of the withheld 8% potential common benefit fee assessment would be rebated in order to result in a net 4% common benefit assessment. Declarant is not privy to that paperwork or list, but is aware that the gross amount transmitted to Mr. Stratton by BrownGreer was $19,271,639. *See* Court Report No. 30 of BrownGreer, page 4, ftn. 3 [Rec. Doc. 63360] and materials submitted by Mr. Faxon, Attachment 1 [no Rec. Doc. reference exists]).

8. According to our own internal paperwork, the 138 KVWG cases had a total withholding of $2,203,556.38 for the 8% potential common benefit fee assessment, and Declarant's three additional cases had a total withholding of $78,193.76 for the 8% potential common benefit fee assessment. Declarant states on information and belief that these are the exact amounts that BrownGreer and the PSC show as being the 8% potential common benefit fee assessments held by BrownGreer on Declarant's and the KVWG's cases.

9. According to the agreement made by Declarant and the KVWG to pay a total of 4% as a common benefit fee assessment, the amount of common benefit fee assessment to be refunded by BrownGreer to the KVWG was $1,101,778.19 and to Declarant for her three additional cases was $39,096.88. Declarant states on information and belief that these are the exact amounts that BrownGreer delivered to Mr. Stratton for remittal to the KVWG and to Declarant.

3

10. Instead of remitting these amounts to Declarant and the KVWG, on or about 9/2/2010, Mr. Stratton remitted $1,002,618.15 to the KVWG and $35,578.16 to Declarant. *See* check sent to KVWG attached as Exhibit 3, and screen shot of Declarant's escrow deposit of 10/4/2010 attached as Exhibit 4. These sums are identical to the cancelled checks provided by Joel Faxon as part of his Attachment 2 [no Rec. Doc. Reference exists].

11. Mr. Stratton unilaterally kept $99,160.04 from the KVWG as his unilaterally established "fee" for his services as Liaison Counsel for the Fee Objectors.

12. Mr. Stratton unilaterally kept $3,518.72 from Declarant separately as his unilaterally established "fee" for his services as Liaison Counsel for the Fee Objectors.

13. These two amounts combine for a total of $102,678.76 unilaterally held back by Mr. Stratton from common benefit fee assessment rebates in which Declarant had an interest. These amounts are what Mr. Stratton claims as "his fee."

14. Mr. Stratton never refunded any of the amounts in ¶13 that he held back as "his fee" to me, or, to my knowledge, to any member of the Kentucky Vioxx Working Group.

15. Mr. Stratton did not honor our understanding that he would submit his fees as Liaison Counsel to the Court for approval. Further, the amounts he arbitrarily withheld were more than double the amount he asked Declarant and the

4

KVWG to agree to pay him as his fee on July 23, 2010 (*see* Exhibit 1), a request with which Declarant and the KVWG expressly did not to agree.

16.     Based on materials filed by Mr. Faxon, Mr. Stratton unilaterally held back the amount of $4,447,444.91 of the $19,271,639 delivered to him in his fiduciary capacity as Liaison Counsel, which equates to a 23% fee unilaterally established by him and then kept by him for his services as Liaison Counsel. None of the materials filed by Mr. Faxon reflect that anyone agreed to that fee. It exceeds by almost six-fold the 4-to-5% Mr. Stratton represented he would claim (*see* Exhibit 1). It exceeds by more than three-fold the common benefit fee assessment awarded the PSC and other attorneys who developed the underlying case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2015.

/s/ Ann B. Oldfather
Ann B. Oldfather (KY Bar No. 52553)

# EXHIBIT 1

# Ann B. Oldfather

| | |
|---|---|
| **From:** | Cronen, Leslie <lcronen@BHTrialLaw.com> |
| **Sent:** | Friday, July 23, 2010 11:10 AM |
| **To:** | _Vioxx Working Group |
| **Subject:** | NEED INPUT ASAP - Common Benefit Fee AGREEMENT TENTATIVELY REACHED |
| **Importance:** | High |

I just got off the phone with Michael Stratton, liaison counsel for the objectors regarding the common benefit fee dispute. He indicated that after conducting some discovery and their expert from Harvard giving the PSC a hard time, they have reached a tentative agreement on a **reduction** in the 8% assessment.

Specifically, for any attorney/firm that filed an objection <u>and</u> had a prior contract with the PSC (we did both), the common benefit fee would be **decreased to 4%**. For any attorney/firm who did not object or did not have a prior contract, the fee will be reduced to 7.5%. Mike feels this is a very good deal, as he thinks Fallon is leaning towards letting them have the full 8%.

**REDACTED**

Also, as part of this, **Mike plans to ask for a 4-5% fee from the savings**, but he wants to make sure the objectors are not going to also object to this. He said it will result in a gross refund to us of approximately 3.7-3.8% of the fees currently being held, instead of the full 4%.

Please let me know if you are in agreement with this or if you have questions/concerns you would like to share with Mike. I am supposed to get back in touch with him over the weekend or at the latest, Monday. PLEASE RESPOND ASAP!

Sincerely,

BUBALO, HIESTAND
& ROTMAN, PLC
CIVIL TRIAL ADVOCATES

Leslie M. Cronen, Esq.
9300 Shelbyville Road, Suite 215
Louisville, KY 40222
502.753.1630 (direct)
502.753.1631 (facsimile)

**EXHIBIT 1**

**EXHIBIT 2**

# Ann B. Oldfather

| | |
|---|---|
| **From:** | MStratton@StrattonFaxon.com |
| **Sent:** | Monday, July 26, 2010 3:53 PM |
| **To:** | Cronen, Leslie |
| **Cc:** | Ann Oldfather; Bubalo, Greg; Rotman, Steven; Shepard, Liz; Thompson, Tyler; Fugate, Christine |
| **Subject:** | Re: Vioxx Common Benefit Fee Dispute |

Thank you leslie!
I will convey this tomorrow.
Mike

Sent via BlackBerry by AT&T

---

**From:** "Cronen, Leslie" <lcronen@BHTrialLaw.com>
**Date:** Mon, 26 Jul 2010 19:32:04 +0000
**To:** 'mstratton@strattonfaxon.com'<mstratton@strattonfaxon.com>
**Cc:** AOldfather<aoldfather@oldfather.com>; Bubalo, Greg<GBubalo@BHTrialLaw.com>; Rotman, Steven<srotman@BHTrialLaw.com>; Shepard, Liz<lshepherd@kytrial.com>; Thompson, Tyler<tthompson@kytrial.com>; Fugate, Christine<cfugate@BHTrialLaw.com>
**Subject:** Vioxx Common Benefit Fee Dispute

Hi Mike,
The members of the Kentucky Vioxx Working Group (Greg Bubalo, Ann Oldfather and Tyler Thompson) have discussed the potential resolution of the Common Benefit fee dispute that you and I discussed last Friday. We are all in agreement that a reduction from an 8% assessment to a 4% assessment is acceptable to all of us, and we believe that your fee will need to be approved by the Court. If you have any need to discuss further, Ann Oldfather will be in New Orleans tonight and tomorrow for the status conference.

Sincerely,

Leslie M. Cronen, Esq.
BUBALO, HIESTAND & ROTMAN, PLC
9300 Shelbyville Road, Suite 215
Louisville, KY 40222
502.753.1630 (direct)
502.753.1631 (facsimile)

EXHIBIT 2

1

# EXHIBIT 3

| | |
|---|---|
| **STRATTON FAXON**<br>**FIRM ACCOUNT**<br>59 ELM STREET<br>NEW HAVEN, CT 06510 | **NEW ALLIANCE BANK**<br>NEW HAVEN, CT 06510<br>51-7013/2111 |

11082

9/2/2010

PAY TO THE ORDER OF  Bubalo Law Firm    $  **1,002,618.15

One Million Two Thousand Six Hundred Eighteen and 15/100**************************************************  DOLLARS

Bubalo Law Firm

MEMO  Full and final vioxx fee

AUTHORIZED SIGNATURE

⑈011082⑈ ⑆211170130⑆ 571 11660 5⑈

EXHIBIT 3

**EXHIBIT 4**



EXHIBIT 4