UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX PRODUCTS LIABILTY LITIGATION | * * * | MDL Docket No. 1657 |
| This document relates to: | * * | SECTION L |
| *Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D., v. Seeger Weiss, LLP, et al.,* | * * * | JUDGE FALLON MAGISTRATE JUDGE KNOWLES |
| 2:12-cv-02406-EEF-DEK | * | |

*****************************************************************************

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SEEGER WEISS, LLP AND CHRISTOPHER A. SEEGER'S MOTION FOR SUMMARY JUDGMENT

Defendants Seeger Weiss, LLP and Christopher A. Seeger, (the "Seeger Defendants") respectfully submit this reply memorandum in support of their motion for summary judgment against Plaintiff, Linda Isner. As noted in the Seeger Defendants' memorandum of law in support of summary judgment [Rec Doc 65252-1], on July 7, 2014, this Court granted the summary judgment motions of Merck's legal counsel, Hughes Hubbard & Reed, LLP, and attorney Theodore Mayer (the, "HHR Defendants") and the Claims Administrator, BrownGreer, PLC and Orran L. Brown (the, "BG Defendants"), which dismissed all of Isner's claims against the BG Defendants and the HHR Defendants. [Rec. Doc. 64996].

Plaintiff's claims against the Seeger Defendants are substantially similar, if not identical, to the Plaintiff's claims against the BG Defendants and HHR Defendants that the Court dismissed. Likewise, an analysis of Plaintiff's claims against the Seeger Defendants in the context of summary judgment is no different than that already performed by the Court in its Order granting summary judgment and dismissing all of Plaintiff's claims against the BG Defendants and HHR Defendants. Accordingly, the Seeger Defendants fully incorporate herein by reference the BG Defendants' motion for summary judgment [Rec. Doc. 64823], the HHR

Defendants' motion for summary judgment [Rec. Doc. 64825], and the joint omnibus reply memorandum filed by BG and HHR [Doc. Rec. 64901], including all declarations, exhibits and attachments thereto.

**I.     Plaintiff's Arguments Presented in Her Opposition to the Seeger Summary Judgment Motion are Substantially Similar or Identical to the Arguments this Court Rejected in Plaintiff's Opposition to the BG and HHR Defendants' Summary Judgment Motions.**

In Isner's opposition memorandum, Plaintiff argues:

I.      That Massachusetts law, not New York law, governs the release and settlement;[1]

II.     That there are genuine issues of material fact that preclude summary judgment;

III.    That the Release and the Master Settlement Agreement do not bar her claims against the Seeger Defendants;

IV.    That the release language does not preclude her claims that she relied upon the purported misrepresentations of the Seeger Defendants;

V.     That the Seeger Defendants did, in fact, make actionable misrepresentations because, under Massachusetts law, the Seeger Defendants had superior knowledge about the matters about which the statements were made;

VI.    That her acceptance of an award does not preclude her claim because she does not dispute the validity of that award. Instead, she asserts that her claim seeks recovery for the loss she incurred by enrolling in the resolution program on the basis of the Seeger Defendants' misrepresentations;

---

[1]  As noted in the incorporated BG and HHR Defendant's separate summary judgment motions and joint omnibus reply [Rec. Doc. 64823, 64825 and 64901], those defendants maintain that New York law governs the interpretation and enforcement of Plaintiff's executed Release [Rec. Doc 64823-6] and agreement to be bound by the terms of the Master Settlement Agreement [Rec. Doc. 64823-2]. Even accepting application of Massachusetts law, the Plaintiff's common law tort claims still fail as a matter of law as identified in this memorandum and the incorporated BG and HHR summary judgment motions and joint omnibus reply.

VII. That she is entitled to what she would have received if the misrepresentations had been true, not what she would have received if she had decided not to enter into the settlement agreement; and

VIII. That her consumer protection claim arises out of a business context because the misrepresentations were not motivated by personal reasons.

These matters have previously been briefed extensively. See, e.g., the BG Defendants' motion for summary judgment [Rec. Doc. 64823], the HHR Defendants' motion for summary judgment [Rec. Doc. 64825], and the joint omnibus reply memorandum filed by BG and HHR [Doc. Rec. 64901]. These arguments have already been addressed by the Court in its Order granting summary judgment [Rec. Doc. 64996] in favor of BG and HHR. This Court rejected Plaintiff's arguments. The language in both the Release that Plaintiff executed and in the Master Settlement Agreement bar Plaintiff's claims. No misrepresentation occurred. Plaintiff could not show then and cannot now show that she reasonably or justifiably relied on the representations of the Seeger Defendants, BG Defendants or HHR Defendants in concluding that she would receive a dollar-for-dollar recovery she now claims was due to her in the Vioxx Resolution Program.

The Seeger Defendants' position is just like the BG and HHR Defendants. This Court's analysis of the Seeger Defendants' summary judgment motion should be no different than that applied in the Court's Order dismissing all of Plaintiff's claims against the BG and HHR Defendants. [Rec. Doc. 64996].

**II.    The Terms of the Master Settlement Agreement Bar Plaintiff's Claims Against the Seeger Defendants.**

Attorney Christopher A. Seeger ("Seeger") was appointed by this Court to the Plaintiff's Steering Committee ("PSC") as Co-Lead Counsel on April 8, 2005 pursuant to Pretrial Order #6. [Rec. Doc. 245]. Seeger performed all duties as ordered and as required by Judge Fallon

pursuant to Pretrial Order #6. Seeger subsequently became a member of the Plaintiffs' Negotiating Counsel ("PNC") as approved by Judge Fallon. Under the express terms of the Master Settlement Agreement ("MSA") [Rec. Doc. 64823-2], Isner expressly waived any right to "institute any proceeding, judicial or otherwise, against Merck, **the NPC** or [BrownGreer] to enforce, **or otherwise with respect to**, [the MSA]. MSA § 16.9.2 (emphasis added). In the Order granting summary judgment in favor of BG and HHR, this court specifically noted that, "Even though [Plaintiff] does not seek relief under the terms of the MSA, Mrs. Isner's present action is clearly brought with respect to the MSA." [Rec. Doc. 64996 at 13]. As such, Plaintiff's claims are clearly barred by the MSA and must fail as a matter of law.

### III. The Terms of the Release Bar Plaintiff's Claims Against the Seeger Defendants.

Despite Plaintiff's claims to the contrary, the Release executed by the Plaintiff on October 30, 2008 served to release the claims Plaintiff currently asserts against the Seeger Defendants. The Release expressly barred:

> (i)　any and all rights, remedies, actions, claims, demands, causes of action, suits at law or in equity, …of any kind whatsoever…,which I… may now have or at any time hereafter may have against any Released Party and (ii) any and all debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever…, which any Released Party may have ever had, may now have or at any time hereafter may have to … to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I… have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part.

[Rec. Doc 64823-6 at 3]. The Release, which incorporates the MSA by reference, also makes clear that the releases contained therein "**are intended to be as broad as can possibly be created**." *Id*. (emphasis added). For instance, in its prior Order, this Court noted that the term "released party" is broadly defined as "**all the parties, past, present and/or future, in any way and/or at any time connected with VIOXX** and/or with any injury I…have ever claimed, or

4

hereafter claim, VIOXX caused in whole or in part." (emphasis added). [Rec. Doc. 64996 at 9]. The Seeger Defendants certainly fall within this group of protected parties.

Plaintiff had no representation agreement with the Seeger Defendants. Moreover, under Massachusetts's law, Plaintiff cannot contend that the she had an attorney-client relationship as a class member with the Seeger Defendants as a class was never certified. *See Fulco v. Contl. Cablevision, Inc.*, 789 F. Supp. 45, 47 (D. Mass. 1992) ("While this is apparently a case of first impression in the first circuit, I agree with courts which have held that 'once the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel'"). The lack of class certification coupled with Plaintiff's hiring independent legal counsel precludes any attorney-client duties owed by the Seeger Defendants to Plaintiff. Thus, as a member of the NPC and a released party pursuant to the Release she executed, Plaintiff's claims against the Seeger Defendants are barred as a matter of law.

**IV.     As a Matter of Law, Plaintiff Could Not Have Reasonably Relied on the Alleged Misrepresentations of the Seeger Defendants in Deciding to Enter the Vioxx Resolution Program.**

For Plaintiff to prevail on her misrepresentation claim(s), she would be required to establish that her alleged reliance on the Seeger Defendants representations was "reasonable and justifiable." *Cumis Ins. Soc'y, Inc. v. BJ's Wholsale Club, Inc.* 918 N.E.2d 36, 50 (Mass. 2009). "[W]hether the plaintiffs' reliance was reasonable and justifiable can be a question of law where the undisputed facts permit only one conclusion." *Cumis*, 918 N.E. 2d at 50 (citing *Fox v. F & J Gattozzi Corp.*, 672 N.E.2d 547, 551 (Mass. 1996)).

Here, Plaintiff's allegations as to the Seeger Defendants representations are limited. The Seeger Defendants had no representation agreement with Plaintiff. Rather, Plaintiff had her own independent counsel, Joseph L. Doherty, Jr. Plaintiff, through her own independent counsel, alleges to have participated in extensive discussions, including telephone calls and emails with

representatives of BG and HHR, concerning known and unknown criteria for a base and extraordinary injury ("EI") award Plaintiff could pursue in the Vioxx Resolution Program. However, her allegations concerning the Seeger Defendants' representations only appear to be made at an October 20, 2008 settlement meeting in New York City with Judge Corodemus. [Doc. Rec. 64882-1]. Nonetheless, any representations made by the Seeger Defendants on October 20, 2008 could not have been reasonably relied upon by the Plaintiff. On October 23, 2008, three days <u>after</u> the alleged representations made by the Seeger Defendants, Plaintiff's counsel, Doherty, sent an email to Theodore Mayer, an HHR attorney and counsel for Merck, indicating that:

> I had a long telephone conference with Orran Brown this afternoon. We resolved several issues, but **we acknowledged that there were also many issues that involved "un-knowable" factors, at this time, which will not be resolved prior to October 30th**.

BG Motion for Summary Judgment (included in Ex. E) (emphasis added) [Doc. Rec. 64823].

Given Plaintiff's counsel's statements that the criteria for IE damages had not yet been finalized and that many issues were still "un-knowable", Plaintiff cannot, in good faith, contend that she reasonably relied on any purported statements of the Seeger Defendants in opting into the Vioxx Resolution Program. In no sense, then, were the purported representations made by the Seeger Defendants legally actionable misrepresentations of fact.

Seeger neither coerced nor made any recommendation to Plaintiff or her independent legal counsel to execute the Release and enter into the resolution program. Further, as noted in the BG/HHR Ominbus Reply Memorandum [Rec. Doc. 64901], Plaintiff and her counsel were expressly informed, and acknowledged, that all of the criteria for Plaintiff's purported claim had not been established yet. Indeed, at the time that Plaintiff enrolled in the resolution program, which Plaintiff did on her own voluntarily after consultation with her own independent counsel,

the details regarding how EI payments were to be calculated and distributed had still not yet been established.

This calculation uncertainty was further espoused in the Release that Isner voluntarily signed, which expressly memorialized that by opting to be bound by the terms of the MSA, Plaintiff was, **"ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, MERCK OR ANY OTHER PERSON."** [Rec. Doc. 64823-6 at 8]. This last act by Plaintiff precludes her assertion that she reasonably relied on any statements made by the Seeger Defendants in ultimately deciding to enroll in the Vioxx Resolution Program. Moreover, to the extent Plaintiff contends she relied on the Seeger Defendants' representations to establish entitlement to some particular dollar amount, such reliance was not reasonable as a matter of law because it is directly contradicted by the executed Release, which states, **"I FURTHER ACKOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE [SETTLEMENT AGREEMENT] AND THAT THERE IS NO GUARANTEE THAT I WILL RECEIVE ANY SETTLMENT PAYMENT OR, IF ANY SETTLEMENT PAYMENT IS MADE, THE AMOUNT THEREOF."** *Id*. The Release further states that, **"By signing this Release, both I and any such Derivative Claimant understand and acknowledge that there is no assurance as to the amount, if any, of payment to be made to any claimant under the Program, and this fact shall in no way affect the validity or effect of this Release."** *Id*. at 3. Because Plaintiff's purported reliance on any representations made by the Seeger Defendants was clearly not reasonable or justifiable, Plaintiff's claims must fail as a matter of law.

7

**CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the (1) Seeger Defendants' summary judgment motion, (2) BG Defendants' summary judgment motion, (3) HHR Defendants' summary judgment motion, and (4) Joint Omnibus Reply filed by the BG and HHR Defendants, summary judgment should be granted in favor of the Seeger Defendants on all of Plaintiff's claims.

Dated:   October 27, 2015

                Respectfully submitted,

                */s/ Leonard A. Davis*
                Russ M. Herman (Bar No. 6819)
                Leonard A. Davis (Bar No. 14190)
                ***Herman, Herman, & Katz, LLC***
                820 O'Keefe Avenue
                New Orleans, LA  70113
                PH:  (504) 581-4892
                FAX:  (504) 561-6024

                **Plaintiffs' Liaison Counsel**

                **Counsel for Defendants Seeger Weiss, LLP and Christopher A. Seeger**

**CERTIFICATE**

I hereby certify that the above and foregoing Reply has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of October, 2015.

                                                                           */s/ Leonard A. Davis*
                                                                           Russ M. Herman (Bar No. 6819)
                                                                           Leonard A. Davis (Bar No. 14190)
                                                                           ***Herman, Herman, & Katz, LLC***
                                                                           820 O'Keefe Avenue
                                                                           New Orleans, LA 70113
                                                                           PH: (504) 581-4892
                                                                           FAX: (504) 561-6024

                                                                           **Plaintiffs' Liaison Counsel**