UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE JUDGE |
| *Saenz v. Merck & Co Inc. et al,* 2:07-cv-02122-EEF-DEK | * | KNOWLES |

**************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION AND INCORPORATED MEMORANDUM TO DISMISS FOR FAILURE TO PROSECUTE

Defendant Merck Sharp & Dohme Corp. ("Merck"), by undersigned counsel, respectfully moves this Court to dismiss this action, *Saenz v. Merck & Co Inc. et al,* 2:07-cv-02122-EEF-DEK with prejudice. Based on years of inactivity and the failure to comply with applicable court orders, plaintiff's claims are subject to dismissal for failure to prosecute. In support of this Motion Merck states:

1) This action is reflected as open on the Court's docket. This case, however, has been wholly dormant for many years, with plaintiff having failed to take action to comply with applicable orders of this Court, or to otherwise prosecute his claims.

2) At the time the Vioxx Resolution Program was announced, by Pretrial Order ("PTO 31") entered on November 9, 2007, the Court required "[a]ll Counsel of Record with claims pending in this proceeding" to "register or ensure that other attorneys register) all claims in which they have an interest . . .that are pending in any court or tribunal in the United States." PTO 31, para. 1(c). The express terms of PTO 31 also required "[p]ersons who represent themselves *pro se* in this litigation" to "complete the Pro Se Registartion Affidavit . . . and [to]

1196527v1

serve Defendant Merck, PEC, and the Claims Administrator by no later than Januray 15, 2008." Id., at para 4.

3) This Court has previously entered several orders dismissing the claims of numerous other plaintiffs for failure to register under PTO 31. See, e.g. R.24270 (Order dated September 25, 2009 and R.36335, Order dated March 4, 2010).

4) With respect to the *Saenz* case, no action has been taken to prosecute the plaintiff's claims at any time since the case was transferred to this MDL in May 2007. It appears, however, that the case was not previously included on a PTO 31 dismissal motion. In addition, since the time compliance with PTO 31 was called for, plaintiff has also failed to comply with other applicable orders of the Court, including the obligations under PTO 28 to file a Statement of Preservation Notices served on medical care providers and pharmacies for preservation of records, to file an affidavit attesting that all pharmacy and medical records called for by the Order had been produced, and to serve a Lone Pine Expert report. The only pleading filed after transfer to this MDL was a motion to withdrawal filed by plaintiff's counsel in June 2007 indicating a failure of plaintiff to communicate with counsel.

5) Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing this action. It is clearly within the Court's inherent authority to dismiss the claims of these plaintiffs with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding. *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by statute or rule but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

1196527v1

expeditious disposition of cases") *see also Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same). This court has recognized that plaintiffs' failure to participate in their case warrants dismissal. *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000)(personal injury case dismissed because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims")(Fallon, J.).

## CONCLUSION

For the reasons stated above, Merck respectfully requests that the Court grant Defendant's Motion and enter the requested order.

Dated: December 4, 2015

>Respectfully submitted,
>
>By: */s/ Dorothy H. Wimberly*
>Phillip A. Wittmann, 13625
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana 70130
>Phone: 504-581-3200
>Fax:    504-581-3361
>
>Defendants' Liaison Counsel
>
>  —and—
>
>Douglas R. Marvin
>Eva Petko Esber
>M. Elaine Horn
>WILLIAMS & CONNOLLY LLP
>725 Twelfth Street, N.W.
>Washington, D.C. 20005
>Phone: 202-434-5000
>Fax:    202-434-5029
>
>*Attorneys for Merck Sharp & Dohme Corp.*

1196527v1

## CERTIFICATE OF SERVICE

I further certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8C, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of December, 2015.

                                                                                    */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1196527v1