UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

PRETRIAL ORDER NO. 59(A)

(Appointment of Common Benefit Fee and Cost Committee in Connection with the Vioxx MDL Consumer Settlement Agreement and Guidelines for Common Benefit Attorneys' Fees and Costs Reimbursement)

On September 23, 2015, this Court entered Pre-Trial Order No. 59, regarding Appointment of Common Benefit Fee and Cost Committee in Connection with the Vioxx MDL Consumer Settlement Agreement and Guidelines for Common Benefit Attorneys' Fees and Costs Reimbursement [Rec. Doc. 65267] ("PTO 59"). Because of the influx of submissions in accordance with Step One of PTO 59, it is necessary for the Court to extend certain deadlines contained in PTO 59. This Order shall extend certain deadlines set forth in PTO 59 and restate the Order as follows:

Even though a formal petition for an award of common benefit attorneys' fees and reimbursement of costs ("Aggregate Fee and Cost Petition") has not been filed as of yet and it is likely that an Aggregate Fee and Cost Petition will not be filed in this litigation until 2016, it is important at this time to begin the process of creating a structure, establishing guidelines, and setting a timetable for the eventual presentation to the Court of an Aggregate Fee and Cost Petition and a subsequent recommendation regarding allocation of the Aggregate Common Benefit Fee and Costs Award among eligible Fee Applicants ("Allocation Recommendation") in

1

accordance with Section 14.1 of the Settlement Agreement Related to Consumer Class Actions dated July 2013 [Rec. Doc. 64487-2] ("The Consumer Settlement Agreement").

The claims process established in The Consumer Settlement Agreement is virtually complete.  Each member of the Settlement Class who sought recovery of his/her out of pocket expenditures for the purchase of Vioxx and losses in connection with a Post-Withdrawal Medical Consultation who submitted a valid Proof of Claim Form has been processed through the Claims Administrator, BrownGreer PLC.  This Court has focused and made a priority the implementation of the Consumer Settlement Agreement, and this Court continues its oversight with regard to the Consumer Settlement Agreement to ensure that all eligible Class Members receive all of the benefits to which they are entitled.

Merck has agreed not to oppose an application for fees and litigation expenses in an amount not to exceed 32% of the maximum of up to $23 million Settlement Amount (or an aggregate maximum amount of up to $7,360,000).  Merck has reserved the right to oppose any application for fees and litigation expenses that is not consistent with that limitation and to appeal any award of fees and litigation expenses that exceed that limitation.  The payment of class notice and other administrative expenses of the Consumer Settlement Agreement as set forth in Section 2.5 of the Consumer Settlement Agreement are not included in the fees and litigation expenses subject to the 32% maximum set forth above.

Early in the litigation, on April 8, 2005, the Court entered an Order setting forth the standards and procedures for any counsel seeking to apply for an award of common benefit fees and/or reimbursement of expenses in this litigation.  *See* Pretrial Order No. 6 ("PTO 6").  PTO 6 was subsequently amended by Pretrial Orders No. 6A, 6B, 6C, 6D, 6E and 6F.  Pursuant to PTO 6, only a small number of law firms have submitted time and/or expenses to the Court-appointed

CPA Philip Garrett ("PG") in connection with the handling of Vioxx Consumer matters. These law firms may be considered potential Fee Applicants. In addition there may be other law firms that have not yet complied with PTO 6. An overarching consideration for the allocation of an Aggregate Common Benefit Fee and Costs Award is the nature and extent of common benefit contributions of the Fee Applicants to the outcome of this phase of the litigation. Accordingly, the Court is interested in receiving input from Counsel who have performed significant roles in this MDL litigation and are familiar with the work performed by common benefit counsel in connection with the Consumer claims and the Consumer Settlement Agreement. Pursuant to the Court's inherent authority over this multidistrict litigation, the Court hereby appoints a fee committee and sets forth guidelines for common benefit fee and cost reimbursements, as set forth below.

IT IS HEREBY ORDERED THAT:

1. The Court appoints a Common Benefit Fee and Cost Committee ("FCC") to be responsible for calculating all necessary supporting documents from fee and cost applicants and submitting to the Court, at an appropriate time, an Aggregate Fee and Cost Petition and an Allocation Recommendation.

2. The FCC shall be comprised of:

    Russ M. Herman and Leonard A. Davis of Herman, Herman & Katz, LLC, Liaison Counsel in MDL 1657, who shall serve as Chair of the FCC.

    Dawn Barrios

    Elizabeth Cabraser

    Richard Getty

    James Lyle

3. Appointments to the FCC are of a personal nature. Accordingly, the above

appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the FCC's exclusive functions, except with prior approval of the Court.

4. The Chair of the FCC shall call and preside over all meetings and shall maintain the books and records of the FCC.

5. Communications in any form between and among members of the FCC regarding the Aggregate Fee and Cost Petition, the Allocation Recommendation, and/or related matters, and the deliberations of the FCC, including its minutes, are privileged and confidential, and not subject to discovery unless ordered by the Court.

6. All lawyers and law firms that submitted time and expenses to PG pursuant to PTO 6 shall cooperate fully with the FCC.

7. The following procedures and guidelines shall govern the orderly and efficient presentation of an Aggregate Fee and Cost Petition and Allocation Recommendation to the Court.

**STEP ONE:  REVIEW AND AUDIT OF TIME AND EXPENSES**

8. Counsel seeking compensation and reimbursement of expenses for common benefit services performed on behalf of all Consumer claimants in MDL 1657 ("Fee Applicants") shall initially review and audit their firm's submissions to PG from the inception of the litigation through and including September 30, 2015 ("Initial Cut-Off Date"), which are posted on the Philip Garrett Case Cost Management System located at www.garrettco-ccms.com/vioxx, pursuant to PTO 6, to assure that the time and expense records are complete and accurate.  Only time and expense records timely submitted pursuant to and in compliance with PTO 6 and this Order shall be considered by the Court in support of a Common Benefit Fee and Costs Award unless for exception cause shown.

9. By no later than October 15, 2015, Fee Applicants may request, in writing, that PG modify their time and/or expenses to amend or correct any prior submissions. Counsel are encouraged to make revisions to disallow for any of the following:

  a. Any submission of professional time or expenses in which the hours of service or expense were not properly submitted or coded in accordance with PTO 6.

  b. Any item of expense for which proper receipts or other proof of payment has not been submitted in accordance with PTO 6.

  c. Any item of time or expense that was incurred in connection with the prosecution of an individual case or group of individual cases asserting claims in this litigation, unless the case or cases were designated by the PSC or the Court as bellwether and Counsel were authorized by the PSC, through Liaison Counsel or the Executive Committee or Class Counsel, to perform such work primarily for the common benefit of the Consumer litigants in MDL 1657.

  d. Any submission which is not based on time that was contemporaneously recorded when the professional services were rendered.

  e. Any item of expense that does not meet the requirements of PTO 6.

  f. Any item of time or expense that is not described in sufficient detail to determine the nature and purpose of the service or expense involved.

  g. Any item of professional time that was expended to "review" pleadings, emails, correspondence and similar items, unless such "review time" was directly related to and reasonably necessary for the performance of that particular timekeeper's approved assignments from Liaison Counsel, the Executive Committee or Class Counsel.

  h. Any submission of professional time in which the amount of "review" time is excessive as a whole when judged in reference to the role of the timekeeper or which did not substantially benefit the Consumer claimants in MDL 1657 or the Class Members in the Consumer Settlement Agreement.

  i. Any submission of time and expense that is grossly excessive on its face when considered as a whole in light of the role(s) that the timekeeper(s) had in this litigation, which did not substantially benefit the Consumer claimants in MDL 1657 or the Consumer Settlement Agreement.

  j. Unnecessary and/or excessive items of time and expense for "monitoring"

        or review of Electronic Court Filings ("ECF") in this MDL.

k.     Unnecessary and/or excessive items of time and expense for "monitoring" or review of items posted on Lexis Nexis File & Serve Xpress in this MDL.

l.     Unnecessary and/or excessive items of time and expense for "monitoring" the MDL proceedings or related state court litigation by attending hearings, status conferences, or meetings where such attendance was not required by the Court or requested by Liaison Counsel, the Executive Committee or Class Counsel.

m.     Any item of time or expense not reasonably necessary and not part of a bona fide effort to advance the interests of the Consumer claimants in MDL 1657 or the Consumer Settlement Agreement.

n.     Any time in which more than one timekeeper within one (1) firm reviewed a single document or email without a clear independent reason for review by more than one timekeeper.

o.     Any time within one (1) firm for the purpose of monitoring or reviewing the work of a timekeeper for that firm's internal purposes.

p.     Any time or expense related to preparing, amending, or correcting time and expense reports for submission to PG pursuant to PTO 9 or this Order.

Fee Applicants shall consolidate all amendments and corrections to time and expense submissions ("Corrected Submissions") in a single written request to PG. By no later than November 15, 2015, PG shall inform Fee Applicants whether there are any denials, rejections, or other problems with their Corrected Submissions, if any.

10.     If any Corrected Submissions of Fee Applicants are denied or rejected by PG, Fee Applicants shall have one (1) opportunity to respond to the PG denial or rejection within 5 days from the denial or rejection provided by PG.

11.     By no later than December 31, 2015, PG shall post on the Philip Garrett Case Cost Management System located at www.garrettco-ccms.com/vioxx the final, corrected hours and expenses through Initial Cut-Off Date accepted by PG pursuant to PTO 6 and this Order.

12.     Only time and expenses that are accurate and solely related to approved and

6

assigned common benefit services in connection with Consumer Claims shall be eligible for consideration of a Common Benefit Fee and Costs Award. Fee Applicants shall include in their claim for consideration of a Common Benefit Fee and Costs Award only time or expenses authorized by PTO 6 or this Order through Initial Cut-off Date. The failure to submit accurate and reliable time and expense records in compliance with PTO 6 and this Order may result in sanctions, which may include the denial in whole or part of a Common Benefit Fee and Costs Award.

### STEP TWO: SUBMISSION OF A FEE AFFIDAVIT TO THE FCC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR COMMON BENEFIT SERVICES

13. By no later than January 15, 2016, Fee Applicants shall deliver to the FCC through its Chair (but not file with the Court) a completed and signed Fee Affidavit for Compensation for Common Benefit Time and Reimbursement of Expenses ("Fee Affidavit") providing all information required in the form attached as Exhibit "A" to this Order. In particular, the Fee Affidavits shall provide the following:

   a. The extent to which the Fee Applicant made a substantial contribution to the outcome of the litigation;

   b. The consistency quantum, duration, and intensity of the Fee Applicant's commitment to the litigation;

   c. The level of partner participation by each firm;

   d. Membership and leadership on the PSC, Executive Committee or Class Counsel;

   e. Participation and leadership in discovery (motions, depositions);

   f. Participation and leadership in law and briefing matters;

   g. Participation and leadership in science and experts;

   h. Participation and leadership in document review;

      i.      Activities which impacted proceedings on a common benefit level;

      j.      Participation and leadership in common benefit settlement negotiations or mediations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations);

      k.      Where MDL common benefit work occurred;

      l.      Leadership positions for groups engaged in authorized common benefit work;

      m.      Participation in ongoing activities, such as the FCC, Settlement Claims Administration, or Court-appointed Committees and Leadership, which are intended to provide common benefits;

      n.      Whether the Fee Applicant was involved in the litigation prior to the formation of this MDL, and the time and expense incurred during such time that was for common benefit.

      o.      Whether the Fee Applicant made significant contributions to the funding of the litigation;

      p.      Those PSC members, group members, Executive Committee members or Class Counsel whose commitment to the litigation did not ebb;

      q.      A certification by a senior partner in the firm seeking to recover common benefit fees and costs setting forth all sources and amounts of any other previous payments received in this litigation from a claimant or other sources (broken down to identify amounts paid for fees and amounts paid for costs); and

      r.      Any other relevant factors.

14.    The Fee Affidavit is to be fully completed and signed by a senior partner of the law firm seeking an allocation of the Aggregate Common Benefit Fee and Costs Award, attesting to its truth and accuracy. Only one (1) Fee Affidavit shall be submitted for a particular law firm, and there is no need for individual counsel within a law firm to submit separate Fee Affidavits. The Fee Affidavits shall be kept confidential and only shared with the FCC or the Court's designees (*e.g.*, PG).

15. Fee Applicants shall provide the FCC through its Co-Chairs, as an attachment to their Fee Affidavit, a memorandum of no greater than one (1) page for every 1,000 hours posted by the Fee Applicant on the Philip Garrett Case Cost Management System, detailing and describing with particularity the professional services performed in this litigation and the common benefit contribution provided by the Fee Applicant for the benefit of all Consumer claimants in MDL 1657 or the Consumer Settlement Agreement. Fee Applicants shall describe those aspects of their work which they believe best describe their firm's common benefit contributions to this litigation. The memorandum shall be prepared using 12-point font, double-spaced, and with margins of no less than 1 inch on all sides. Counsel signing the Fee Affidavit shall include a certification that their submission has been made following a review and audit of their submissions posted on the Philip Garrett Case Cost Management System for this litigation and that the system contains the Fee Applicant's true and correct time and expense information, which complies with PTO 6 and this Order.

## STEP THREE: FILING OF AN AGGREGATE PETITION FOR A COMMON BENEFIT FEE AND COSTS AWARD

16. By no later than February 15, 2016, the FCC shall submit to the Court an Aggregate Fee and Cost Petition. The Aggregate Fee and Cost Petition shall represent and encompass all Fee Affidavits timely received by the FCC, which comply with the terms of this Order. In connection with the filing of the Fee Petition, the FCC shall file under seal all Fee Affidavits. The filing of the Aggregate Fee and Cost Petition is a matter of administrative convenience for the Court, but shall have substantive significance in any rulings by the Court as to an award of common benefit fees and expense reimbursement allowed.

17. To the extent a Consumer claimant in MDL 1657 or a Class Member objects to the Aggregate Fee and Cost Petition, the objector shall file with the Court its objection by March

1, 2016.

18. Any responses to objections to the Aggregate Fee and Cost Petition or separate fee petition(s), if any, shall be filed with the Court by March 11, 2016.

### STEP FOUR: AGGREGATE COMMON BENEFIT FEE AND COSTS AWARD

19. After the filing of the Aggregate Fee and Cost Petition and any separate fee petition(s), if any, the Court shall determine the Aggregate Common Benefit Fee and Costs Award for time and expenses through Initial Cut-Off Date and shall issue an Order reflecting same ["Aggregate Order"].

### STEP FIVE: COMMON BENEFIT FEES AND COSTS ALLOCATION

20. In order to assist the Court with determining a fair and equitable allocation of the Common Benefit Fee and Costs Award, the FCC shall recommend an allocation of the amounts awarded by the Court to compensate counsel for common benefit fees and reimbursement of reasonable expenses. In making the recommendation, the FCC shall review the time and expense records submitted to PG pursuant to PTO 6 through the Initial Cut-Off Date, as well as each of the Fee Affidavits, and take into consideration the common benefit work performed by the Fee Applicants. The FCC may take recorded testimony if necessary.

21. The FCC shall evaluate the Fee Applicants' common benefit contributions, using objective measures and the FCC's subjective understanding of the relevant contributions of each Fee Applicant toward generating the benefits provided pursuant to the Consumer Settlement Agreement, and/or otherwise substantially advancing the litigation on behalf of all Consumer claimants in MDL 1657, in accordance with established protocols, and make a recommendation to the Court for consideration as to each Fee Applicant.

22. The FCC's implementation of this Order and its recommendation to the Court

regarding allocation of the Common Benefit Fee and Costs Award should be governed and guided by this comprehensive statement of general principles. The over-arching guideline that the FCC is to consider is the relative common benefit contribution of each Fee Applicant to the outcome of the litigation, including whether the Fee Applicant:

- a. Made no known material common benefit contribution to the litigation;

- b. Made isolated material common benefit contributions, but mostly "monitored" the material common benefit efforts of other firms and perhaps performed some document review;

- c. Made periodic material common benefit contributions and/or mostly performed document review;

- d. Made consistent material common benefit contributions from inception of the litigation through 2015;

- e. Made consistent material common benefit contributions from inception of the litigation through the current date;

- f. Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Liaison Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through 2015;

- g. Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Liaison Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through the current date;

- h. Was a senior leader taking primary responsibility to accomplish the goals of the PSC, organized others and/or led a team of common benefit attorneys and was heavily relied upon by Liaison Counsel and provided consistent material common benefit contributions almost full-time for a substantial time during the litigation; or

- i. Was a senior leader providing maximum senior leadership effort in terms of intensity, consistency, and duration relative to all other common benefit counsel, taking primary responsibility for entire litigation to accomplish the goals of the PSC, engaging in overall strategic planning since the inception of the litigation, organizing others and/or leading one or more teams of common benefit attorneys, providing consistent material common benefit contributions, virtually full-time for much of the litigation, and will likely continue to assume a key leadership role for

11

several more years.

23. The FCC will implement additional processes to provide appropriate deliberative fairness to the Fee Applicants. The process outlined herein will afford Fee Applicants an opportunity to advocate their positions, in addition to providing time and expense record submissions and a Fee Affidavit. The FCC will be guided by governing fee jurisprudence to identify the factors that should be applied in making appropriate common benefit fee allocations. The *Johnson* factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *In re High Sulfur Gulf Content Gasoline Prods. Liab. Lit.,* 517 F.3d 220, 226 n.6 (5th Cir. 2008); *In re: Vioxx Products Liability Litigation*, 802 F.Supp.2d 740 (E.D. La. 2011); and *Union Asset Mgmt Holding AG v. Dell, Inc.,* 669 F.3d 632, 644 (5th Cir. 2012). As such, the FCC should determine and weigh the following criteria: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

24. Numerous factors are pertinent for consideration to derive the appropriate allocation of fees among participating attorneys. Other special considerations here include:

    a. Fee Applicants will not be compensated for work performed without prior authorization by the Liaison Counsel, the Executive Committee or Class Counsel.

    b. Monitoring and review work not related to ongoing common benefit assignments is not compensable.

   c.  Where work was performed by contract lawyers, Counsel are required to disclose the salary/wage of such contract lawyers to avoid paying windfall profits to Fee Applicants.

25. Beginning on or before February 4, 2016, the FCC may request that any Fee Applicant, which has timely submitted a Fee Affidavit, appear before the FCC, or a three-member panel of FCC, to respond to questions of the FCC as to the reasons, grounds and explanations for the Fee Applicant's entitlement to common benefit fees and reimbursement of expenses.  Appearances before the FCC will be held in New Orleans, Louisiana, unless for good cause shown, and each requested appearance shall be recorded by a court reporter.  A Court representative shall participate in FCC meetings as needed and shall assist in accordance with PTO 6.

26. On or before April 1, 2016, the FCC shall prepare a proposed Allocation Recommendation for each Fee Applicant that submitted a Fee Affidavit.  The FCC shall provide to each Fee Applicant notice of the FCC's proposed Allocation Recommendation as it pertains to the Fee Applicant.

27. In the event a Fee Applicant objects to the FCC's proposed Allocation Recommendation, a detailed written objection setting forth with specificity the basis of the objection shall be submitted to the FCC by April 15, 2016, for consideration by the FCC.

28. By no later than, April 29, 2016, the FCC shall submit its final Allocation Recommendation for each Fee Applicant either to the Court directly or possibly through a Special Master.

29. In making the final Allocation Recommendation to the Court, the FCC shall exercise its discretion, as previously ordered by the Court, in evaluating which work and expenses furthered the common benefit of the litigation.  The above guidelines provide direction,

but do not create entitlements and do not override the independent judgment and discretion of the FCC and the Court.

30. The Court will consider any Allocation Recommendations made by the FCC and post the same on its website and invite comments or objections, and institute any additional procedures it deems necessary, including the appointment of a Special Master to further consider these matters.

31. Any notices or submissions made to the FCC pursuant to this Order or any application for fees for common benefit and reimbursement of expenses shall be made to Liaison Counsel Leonard A. Davis, c/o Herman, Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113; PH: (504) 581-4892; FAX: (504) 561-6024; E-Mail: ldavis@hhklawfirm.com.

32. If at any time the FCC makes a filing with the Court that includes any Fee Affidavits, such filing shall not be a violation of the confidentiality provision contained in this Order, provided such filing is made under seal with the Court.

33. The Court may issue subsequent Orders governing the procedures by which the FCC shall carry out its functions.

This Court retains all authority and jurisdiction as to the final decisions of awards and allocations of awards for common benefit fees and reimbursement of expenses.

New Orleans, Louisiana, this ___4th___ day of December, 2015.

_____
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE