UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | * MDL Case No. 1657 |
| | * |
| PRODUCTS LIABILITY | * SECTION L |
| LITIGATION | * |
| | * JUDGE FALLON |
| *This document relates to* | * |
| | * MAGISTRATE JUDGE |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * KNOWLES |
| 2:06-cv-09757-EEF-DEK | * |
| | * |

******************************************************************************

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION TO MAINTAIN CONFIDENTIAL DOCUMENT DESIGNATIONS UNDER PRETRIAL ORDER 13

In connection with her retention of Dr. David Egilman as an expert witness, and in anticipation of his upcoming deposition, Plaintiff Jo Levitt has requested that Merck remove any confidential document designations on "any and all Vioxx documents relating to marketing, research, science, studies, testing, production etc."—in other words, essentially all documents designated confidential by Merck during the course of this twelve-year litigation. *See* Feb. 25, 2016 and Dec. 31, 2015 emails from D. Thomas to E. Pistilli (attached as Exhibits A and B hereto). This blunderbuss demand is vastly overbroad, contrary to both this Court's orders and the Federal Rules, and should be denied.

In addition to her across-the-board de-designation request, Plaintiff also requests that Merck "address the confidentiality designation" of forty-one specific documents, identified by Bates number. *Id*. Counsel for Merck has undertaken a document-by-document review of these documents. All but five of the forty-one documents identified by Plaintiff are ***not*** currently designated as confidential by Merck in this litigation. Of the five documents currently designated as confidential, four documents should be maintained as confidential for the reasons

set forth below and on the attached table (Exhibit C hereto).  Following its review, Merck has determined that one document identified by Plaintiff (Bates number MRK-NJ0061267–68) can also be de-designated as confidential.

Accordingly, Merck respectfully moves the Court for an order upholding Merck's current confidentiality designations, including the four specific confidential documents identified in Plaintiff's request.

**I.     Plaintiff's Blanket Request to De-Designate Essentially All Confidential Documents Produced in this Litigation Is Vastly Overbroad and Should Be Rejected.**

At the outset of this litigation, this Court entered Pretrial Order 13 ("PTO 13") to allow for the protection of the parties' confidential and proprietary information pursuant to Federal Rule of Civil Procedure 26(c).  *See* Pretrial Order #13, Stipulation and Protective Order Regarding Confidential Information (May 24, 2015).  Protective orders similar to PTO 13 are widespread in litigation and are "essential to the functioning of civil discovery." *Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00-2313, 2001 WL 930879, at *2 (E.D. La. Aug. 14, 2001) (quoting *Bayer AG and Miles, Inc. v. Barr Labs.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995)).  They allow for the orderly production of documents, while permitting parties to shield from public disclosure documents that they believe in good faith contain confidential information, including trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(1)(G).

PTO 13 permits a party producing documents to designate as confidential any document that the party "believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)(7)" (now Fed. R. Civ. P. 26(c)(1)(G)).  PTO 13 ¶ 5.  PTO 13 further allows any party to object to the propriety of the designation of *specific material* as confidential by serving a writing objection on counsel for the party supplying the

document so designated ("Supplying Party"). *Id.* ¶ 22.  Following a meet-and-confer process, if the parties cannot agree on the designations for the specific documents identified, the Supplying Party must move the Court for an order upholding the designations.  *Id.*  "The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise."  *Id.*  The Supplying Party must then provide good cause with specific demonstration of fact to support the protection of such documents, and the Court must evaluate whether the information sought is relevant and necessary for public disclosure so as to outweigh the harm disclosure would cause.  *See generally* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2043 (3d ed.); *see also Soule v. RSC Equip. Rental, Inc.*, No. CIV. A. 11-2022, 2012 WL 425166, at *2 (E.D. La. Feb. 9, 2012) ("To maintain a protective order, a party must be able to show 'for each particular document it seeks to protect . . . that specific prejudice or harm will result if no protective order is granted.'" (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003))).

Plaintiff's blanket demand to de-designate as confidential "any and all Vioxx documents relating to marketing, research, science, studies, testing, production etc." is not a proper request under PTO 13, which requires identification of ***specific*** materials.  The Order's requirement for the identification of specific materials is logical, given the individual and fact-based inquiry that must underlie confidentiality determinations.  Of the more than 3.6 million documents that have been produced by Merck in the Vioxx litigation, approximately 1.3 million are designated as confidential by Merck.  In general, Merck maintains that the documents previously designated confidential in this MDL were properly designated in good faith and should remain confidential, as they contain trade secrets and/or other highly sensitive or proprietary and confidential research, development, or commercial information.  *See* Fed. R. Civ. P. 26(c)(1)(G).  Without

3

further identification of the documents that Plaintiff believes are improperly designated, it is simply unreasonable for Merck to respond regarding the specific reasons for the continued designation of essentially all the confidential documents in this litigation.

Even if such a re-review of all previous confidentiality designations were possible in the remaining timeframe for this case established by this Court, Plaintiff's all-encompassing request would require Merck to undertake this very costly task with no apparent basis for believing that it would yield anything meaningful.  The parties in this MDL proceeding have engaged in extensive pretrial preparations, during which "[m]illions of documents were discovered and collated," "[t]housands of depositions were taken and at least 1,000 discovery motions were argued."  *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 721 (E.D. La. 2012).  More than a dozen trials, involving twenty plaintiffs, were held in this litigation—six in this MDL—and in no instance were Merck's confidentiality designations an issue.  Plaintiffs presented their cases without any imposition of the sort Ms. Levitt, the very last personal injury plaintiff in the Vioxx litigation, demands.  Where a particular confidential document came up in the context of these cases, the parties were able to address any concerns on a document-by-document basis, just as PTO 13 contemplated.

Merck produced these confidential documents during discovery governed by Federal Rule of Civil Procedure 26.  As amended, Rule 26 requires that a party's request be "proportional to the needs of the case[.]"  *See* Fed. R. Civ. P. 26(b)(1).  The Rule weighs, among other things, "the parties' relative access to relevant information" and "the importance of the discovery in resolving the issues" against "the burden or expense of the proposed discovery[.]"  Fed. R. Civ. P. 26(b)(1).  Ms. Levitt already has access to every confidential document produced.  Whether those documents remain designated as confidential does not contribute to the resolution

of any legal or factual issue in the case.  Ms. Levitt points to nothing specific to justify the extraordinary expense that her blanket request entails, and has made no claims as to why the public disclosure of these documents is necessary to her case at this point.

It is noteworthy that Plaintiff makes her de-designation requests in connection with her retention of Dr. David Egilman as an expert witness and with his upcoming deposition in this matter (currently scheduled to take place in April 12, 2016).  PTO 13 generally allows disclosure of documents designated "Confidential" to expert witnesses.  *See* Pretrial Order #13, Stipulation and Protective Order Regarding Confidential Information (May 24, 2005), at ¶ 10(e).  As the Court is aware, Dr. Egilman is subject to a stipulation that further restricts his access to documents designated confidential under PTO 13.  *See* Stipulation Concerning Enforcement of PTO 13 and In Furtherance of This Court's June 6, 2014 Preliminary Injunction of David S. Egilman, M.D., dated Sept. 12, 2014 (Rec. Doc. 65025) ("Egilman Stipulation").  Even under the terms of the Egilman Stipulation however, Dr. Egilman is permitted to review confidential documents in the presence of counsel in any currently pending actions in the Vioxx MDL in preparation for testimony at trial or deposition in a matter where he has been disclosed as an expert.  *See id.* ¶ 5(c).  Accordingly, Dr. Egilman is not prevented from reviewing whatever confidential materials may be necessary for him to prepare for deposition or trial in this matter, and his presence in this case does not justify Plaintiff's requests.

Under the PTO 13 and Federal Rule of Civil Procedure 26(c), Merck has designated as confidential in this litigation documents that it believes in good faith to contain confidential information, including trade secret or other confidential research, development, or commercial information.  Without specific identification of which documents Plaintiff believes are improperly designated, Merck cannot set forth the specific reasons for their designation as

confidential, nor can the Court evaluate the basis for the designations or the need for the documents' public disclosure. Plaintiff's blanket request is contrary to the procedure set forth in PTO 13, and should be denied.

**II.     The Court Should Continue to Uphold the Current Confidentiality Designations of the Specific Documents Identified in Plaintiff's Request.**

In additional to her blanket request for de-designation of essentially all confidential Merck documents in this litigation, Plaintiff's request identified forty-one specific documents for which she apparently contests Merck's confidentiality designations. Of the documents, only *five* were designated as confidential as of the time of Plaintiff's request. Four of these documents should remain confidential under the terms of PTO 13.[1] Merck has determined that the fifth document, MRK-NJ0061267–68, can be de-designated. The remaining thirty-six documents identified in Plaintiff's counsel's email are not currently designated confidential in this litigation.

In response to Plaintiff's request, Counsel for Merck has undertaken a document-by-document review of the confidentiality designations of each identified document. The chart attached hereto as Exhibit C lays out the confidentiality status of each of the forty-one documents identified by Plaintiff, as well as the basis for maintaining four of the "confidential" designations.

The Federal Rules of Civil Procedure do not expressly define the terms "trade secret" or "confidential research, development, or commercial information" as used in Rule 26(c). Many district courts have defined these terms as "information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information

---

[1]     The corrected Bates numbers for these four confidential documents are (1) MRK-AAU0000029–94, (2) MRK-ABF0004419–44, (3) MRK-ABS0212961–85, and (4) MRK-AJU0000016–17. Plaintiff's request occasionally identified a single page by Bates number within a document. The corrected Bates numbers provided here mark the full range of each document.

6

was obtained." *See Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 388 (E.D. La. 2015) (citing *In re S3 Ltd.*, 242 B.R. 872, 876 (Bankr. E.D. Va. 1999); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994)); *Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01–21151 JW (PVT), 2008 WL 2811968, at *2 (N.D. Cal. July 21, 2008)).

Document MRK-AJU0000016 is an email discussion about a doctor who serves as a local thought leader for Merck. This document is confidential because it contains sensitive marketing information, disclosing the identity of and information about a Merck thought leader. Documents MRK-ABS0212961 and MRK-ABF0004419 are Vioxx Project Team Meeting Minutes and Agendas discussing a potential use for Vioxx that has not previously been publically disclosed and are therefore competitively-sensitive scientific information regarding potential research and development projects. Document MRK-AAU0000029 is a Medical Affairs Policy document regarding adverse experience reporting. This document contains un-redacted information regarding other Merck drugs, and is therefore confidential.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter order rejecting Plaintiff's blanket request to de-designate as confidential "any and all Vioxx documents relating to marketing, research, science, studies, testing, production etc.," and to maintain Merck's previous confidentiality designations of documents and materials in this litigation, including the "confidential" designations on four of the five confidential documents specifically identified in Plaintiff's request. A Proposed Order is included herewith.


Dated:  March 28, 2016               Respectfully submitted,

                                     By: */s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
M. Elaine Horn
Emily R. Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck Sharp & Dohme Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of March, 2016.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel