UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck & Co., Inc.* | * | MAGISTRATE JUDGE KNOWLES |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS
CONTAINED IN DEFENDANT MERCK'S NOTICE OF VIDEOTAPED DEPOSITION
OF DAVID EGILMAN, M.D.**

Plaintiffs, by and through their undersigned counsel, responds and objects to the Document Requests contained in Defendant Merck's Amended Notice of Videotaped Deposition of David Egilman, M.D. (the "Requests").  In support of their objections, Plaintiffs states as follows:

**GENERAL OBJECTIONS**

1. Plaintiffs object to the Requests to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Requests to the extent they seek information or documents, or otherwise purport to impose obligations upon Plaintiffs, beyond those permitted by Federal Rules of Civil Procedure and/or court orders entered in this case or in the Vioxx MDL, of which this case is a part.

2.      Plaintiffs object to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs do not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to the Requests; on the contrary, Plaintiffs specifically intend to preserve any and all applicable protections or privileges.

3.      Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent they call for the production of "all" or "any and all" documents when all relevant facts can be obtained from fewer than "all" or "any and all" documents.

4.      Plaintiffs object to the Requests to the extent they call for information or documents that Merck already has in its possession, custody, or control; or that are equally available to Merck.

5.      Plaintiffs object to the Requests on the grounds that they purport to require the witness not merely to produce documents already in his possession, but to access, compile, extract, or generate new documents specifically for purposes of the Requests.

6.      Plaintiffs object to these Requests to the extent they seek disclosure of documents or information that would violate any constitutional, statutory, or common-law rights to privacy; confidentiality agreement; or court order restricting the disclosure of such information.

7.      Plaintiffs' responses to the Requests are made without waiver of Plaintiffs' right to object on any proper grounds to the subject matter of the Requests, including but not limited to privilege, relevance (including information that has no connection with Vioxx), burden, vagueness and overbreadth, and Plaintiffs' reserve the right to supplement

and/or amend these responses, to raise any additional objections deemed necessary, and/or to call witnesses or present testimony or documentary evidence on any of the Requests up to and at trial, and Plaintiffs specifically incorporate the foregoing reservation into each and every one of the following responses.

## RESPONSES TO DOCUMENT REQUESTS

Plaintiffs incorporate their General Objections into the responses that follow. Any specific objections set forth in these responses are in addition to those objections and, unless otherwise specified, Plaintiffs' responses are limited in accordance with each of its objections. To the extent Plaintiff offers to produce confidential information or documents, Plaintiff will only do so subject to and in reliance upon the Protective Orders entered in the Vioxx MDL, of which these cases are a part, and in some cases, only with additional confidentiality protections.

**DOCUMENT REQUEST NO. 1:** Deponent's complete file for this case, including all documents, work product or notes generated by or for deponent in the course of his assignment in this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object further to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs further objects to this Request to the extent it seeks information or documents that are beyond the scope of expert discovery permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

Subject to and without waiver of the foregoing objections, Plaintiffs refer Merck to the documents previously produced by Plaintiffs to Merck's counsel.

**DOCUMENT REQUEST NO. 2:** Deponent's billing file for this case, including all time sheets, bills, invoices, expenses, or costs (whether actually invoiced or not) related to deponent's work on this case, including any documents pertaining to persons working for or with deponent on this case.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object further to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs further objects to this Request to the extent it seeks information or documents that are beyond the scope of expert discovery permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

Subject to and without waiver of the foregoing objections, Plaintiffs refer Merck to the documents previously produced by Plaintiffs to Merck's counsel.

**DOCUMENT REQUEST NO. 3:** All documents, correspondence, memoranda, notes, e-mails, and/or communications (and any attachments thereto) between deponent (or persons, agents or employees under his direction, control or supervision) and counsel for Plaintiff that: 1) relate to compensation for deponent's study or testimony; 2) identify facts or data that the counsel for Plaintiff provided and deponent considered in forming the opinions to be expressed;

or 3) identify assumptions that counsel for Plaintiff provided and that deponent relied on in forming his opinions to be expressed.

### RESPONSE TO DOCUMENT REQUEST NO. 3:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object further to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs further objects to this Request to the extent it seeks information or documents that are beyond the scope of expert discovery permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

Subject to and without waiver of the foregoing objections, Plaintiffs refer Merck to the documents previously produced by Plaintiffs to Merck's counsel, including Dr. Egilman's report.

**DOCUMENT REQUEST NO. 4:** All documents relating to or reflecting the facts or data considered by deponent in forming his opinions in this matter.

### RESPONSE TO DOCUMENT REQUEST NO. 4:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object further to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs further objects to this Request to the extent it seeks information or documents that are beyond the scope of expert

discovery permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case. Plaintiffs further object to this Request to the extent it seeks information or documents which are equally available to Merck or which are already in Merck's custody and/or control.

Subject to and without waiver of the foregoing objections, Plaintiffs refer Merck to the documents previously produced by Plaintiffs to Merck's counsel, including Dr. Egilman's expert report.

**DOCUMENT REQUEST NO. 5:** Any exhibits that will be used to summarize or support deponent's opinions in this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in these actions, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object further to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Plaintiffs further objects to this Request to the extent it seeks information or documents that are beyond the scope of expert discovery permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

Subject to and without waiver of the foregoing objections, Plaintiffs refer Merck to the documents previously produced by Plaintiffs to Merck's counsel.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

*/S/ DANIEL A. THOMAS*

| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Plaintiffs' Responses And Objections To The Document Requests Contained In Defendant Merck's Notice Of Videotaped Deposition Of David Egilman, M.D.** has been served on Defense Counsel, Jonathan Williams, and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of April, 2016.

/S/ DANIEL A. THOMAS
Kenneth B. McClain            MO #32430
Daniel A. Thomas              MO #52030
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**