# EXHIBIT 6

| From: | Danny Thomas |
|---|---|
| To: | Pistilli, Emily |
| Cc: | Horn, Elaine; Christy A. Griffin; Nichelle L. Closson |
| Subject: | RE: Egilman |
| Date: | Thursday, December 31, 2015 3:40:26 PM |
| Attachments: | image001.png |

Counsel,

I have reviewed the stipulation signed by Dr. Egilman. Candidly, I think the stipulation is extremely heavy handed on Merck's part but that's neither here nor there. We have additional materials we would like to provide to Dr. Egilman, however, our ability to do so is severely restricted by the Stipulation. Frankly, I personally believe that it is ludicrous that any Merck documents are still confidential. The drug has not been market in over a decade. What are we hiding from the rest of the country? With that being said, pursuant to PTO 13, I am officially requesting that Merck de-designate any and all Vioxx documents relating to marketing, research, science, studies, testing, production, etc. I am not asking for lift the confidential designation of any financial documents or related business contracts with insurance companies, hmo's etc.

Please let me know within 10 days your position.

Daniel A. Thomas
Shareholder
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Fax: 816-836-8966
Website: www.hfmlegal.com





**From:** Pistilli, Emily [mailto:EPistilli@wc.com]
**Sent:** Wednesday, December 23, 2015 12:15 PM
**To:** Danny Thomas
**Cc:** Horn, Elaine; Christy A. Griffin; Nichelle L. Closson
**Subject:** RE: Egilman

No problem – here it is.

**Emily Renshaw Pistilli**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5652 | (F) 202-434-5029
epistilli@wc.com | www.wc.com/epistilli

---

**From:** Danny Thomas [mailto:DAT@hfmlegal.com]
**Sent:** Wednesday, December 23, 2015 12:50 PM
**To:** Pistilli, Emily
**Cc:** Horn, Elaine; Christy A. Griffin; Nichelle L. Closson
**Subject:** Re: Egillman

I specifically looked for the stip and even contacted liaison counsel and couldn't find it. Would you mind sending it to me please?

Daniel A. Thomas
Humphrey, Farrington & McClain, P.C.
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Website: www.hfmlegal.com


On Dec 23, 2015, at 11:43 AM, Pistilli, Emily <EPistilli@wc.com> wrote:

> Hi Danny. There is a stipulation that addresses this issue that is available on the MDL docket. It applies to Dr. Egilman in all MDL cases. Let me know if you can't locate it and I can send. To confirm, obviously we won't agree to any deviation from the terms that were stipulated to with Dr. Egilman regarding confidential documents.
>
> Happy holidays.
>
> Emily
>
>
>
> Emily Renshaw Pistilli
> Williams & Connolly LLP
> 725 Twelfth Street, N.W., Washington, DC 20005
> (P) 202-434-5652 | (F) 202-434-5029
> epistilli@wc.com | www.wc.com/epistilli
>
>
> -----Original Message-----
> **From:** Danny Thomas [DAT@hfmlegal.com]
> **Sent:** Wednesday, December 23, 2015 12:28 PM Eastern Standard Time
> **To:** Pistilli, Emily; Horn, Elaine
> **Cc:** Christy A. Griffin; Nichelle L. Closson
> **Subject:** Egillman

I spoke with Emily a couple of weeks ago about how to address the order regarding Dr. Egilman.  She was going to check with someone and get back to me.  This is very important as we have many documents that need to be reviewed by Dr. Egilman for his opinions in this case.  Can someone please let me know who I need to contact?  Emily was going to get back to me but I haven't heard anything.

Daniel A. Thomas
HUMPHREY, FARRINGTON & MCCLAIN, P.C.
221 West Lexington, Suite 400
Independence, Missouri 64051
(816) 836-5050
dat@hfmlegal.com

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

LAW OFFICES

# WILLIAMS & CONNOLLY

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

EMILY PISTILLI
(202) 434-5652
epistilli@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 5, 2016

Via E-mail (DAT@hfmlegal.com) and Facsimile (816-836-8966)

Daniel A. Thomas
Humphrey, Farrington & McClain, P.C.
221 W Lexington Ave #400
Independence, MO 64050

      Re:    Pretrial Order 13 Confidentiality Designations

Dear Danny:

      This letter responds to your e-mail request dated December 31, 2015 that Merck "de-designate" as confidential under the terms of PTO 13 "any and all Vioxx documents relating to marketing, research, science, studies, testing, production, etc."

      Your blanket request is improper under PTO 13, which allows a party to object to the propriety of a confidentiality designation as to ***"specific material"*** for which the designation is allegedly improper. Your December 31 e-mail does not identify any specific documents in any manner (e.g., bates numbers). Rather, it generally purports to request re-designation of essentially "any and all" documents designated as confidential by Merck in the Vioxx MDL, with the exception of "any financial documents or related business contracts . . . ." Given the lack of any specificity to your request, Merck cannot respond regarding the specific reasons for the continued designation of all the confidential documents in this litigation. In general, Merck maintains that documents previously designated confidential in this MDL were properly designated and should remain confidential, as they contain trade secrets and/or other highly sensitive or proprietary and confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(1)(G) (formerly Fed. R. Civ. P. 26(c)(7)).

      Sincerely,

      s/ Emily Renshaw Pistilli

| | |
|---|---|
| **From:** | Danny Thomas |
| **To:** | Pistilli, Emily |
| **Cc:** | Horn, Elaine |
| **Subject:** | De-Designation of Merck Documents |
| **Date:** | Thursday, February 25, 2016 3:24:58 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Dear Emily-

I am in receipt of your January 5, 2016 letter regarding our December 31, 2015 request that Merck de-designate as confidential any and all Vioxx documents relating to marketing, research, science, studies, testing, production etc.  At this point, it is clear that we are unable to agree upon the terms and conditions of disclosure for the material(s) in issue.  Therefore, pursuant to PTO 13, this will serve as written notice that our negotiations have ended.  It is now your burden to prove the Confidential designation of these documents to the Court.

While we continue to abide by the contention that none of the above-referenced documents are confidential and that you have a burden to prove the Confidential designation of all of these documents to the Court, please first address the confidentiality designation of the following bates ranges:

MRK-01420094346-7186
MRK-01420115559
MRK-01420115573
MRK-01420115583
MRK-AAF0003892-3
MRK-AAU0000039
MRK-ABF0004419-44
MRK-ABH0015578
MRK-ABS0212961-85
MRK-ABW0004799
MRK-ACF0000845-924
MRK-ACF0003784-6
MRK-ACF0005753-67
MRK-ACF0005768
MRK-ACR0009151-2
MRK-ACR0009153
MRK-ACR0009287
MRK-ACR0013883-5
MRK-ACV0026087-91
MRK-ADI0009109-17
MRK-AFH0025852-67
MRK-AFV0210573-77
MRK-AJA0092876-98
MRK-AJA0158347
MRK-AJU0000016

MRK-AOZ0000997-9
MRK-GUE0008582-3
MRK-GUE0017779-812
MRK-NJ0061267
MRK-NJ0070073
MRK-NJ0070074
MRK-NJ0070084
MRK-NJ0120690-92
MRK-NJ0124427-28
MRK-NJ0124436-8
MRK-NJ020994-3
MRK-NJ0209955-73
MRK-NJ0221292-423
MRK-NJ0338430-2
MRK-NJ0363443-5
MRK-PLBAJ0000001-76


Daniel A. Thomas
Shareholder
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Fax: 816-836-8966
Website: www.hfmlegal.com





| | |
|---|---|
| **From:** | Danny Thomas |
| **To:** | Pistilli, Emily |
| **Subject:** | Merck Documents |
| **Date:** | Tuesday, March 29, 2016 2:26:42 PM |
| **Attachments:** | image001.png |
| | Chart-Vioxx (00559706x9CC31).xlsx |

Dear Emily-

As a follow-up to our February 25, 2016 email, please address the confidentiality designation of the bates ranges in the attached spreadsheet.

In addition, pursuant to paragraph 21 of PTO 13, please provide a listing of all the documents that have had their Confidential Information Designation withdrawn on or before the end of business this Thursday, March 31st. Paragraph 21 requires that a "redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation and simultaneously producing a re-designated copy of such material".

Similarly, paragraph 26 of PTO 13 requires that Defendant provide a confidentiality log that identifies *inter alia*, the confidential status (e.g., "Confidential" or "Non-Confidential") of each document. Defendant shall update the confidentiality log on the first business day of each month. We ask that you comply with this requirement and provide this log on or before the end of business this Thursday, March 31st, and continue to provide updates on a monthly basis per PTO 13.


Daniel A. Thomas
Shareholder
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Fax: 816-836-8966
Website: www.hfmlegal.com







This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written

by Humphrey, Farrington & McClain, P.C. to be used, and any such tax advice cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.

| | |
|---|---|
| **From:** | Danny Thomas |
| **To:** | Pistilli, Emily |
| **Subject:** | Merck Documents |
| **Date:** | Thursday, March 31, 2016 2:04:31 PM |

Emily,

Your motion states that MRK-ABS0212961 and MRK-ABF0004419 are Vioxx Project Team Meeting Minutes and Agendas discussing a potential use for Vioxx that has not previously been publically disclosed and are therefore competitively-sensitive scientific information regarding

potential research and development projects.

In addition, you state that MRK-AAU0000029 is a Medical Affairs Policy document regarding adverse experience reporting. This document contains unredacted information regarding other Merck drugs, and is therefore confidential.

We will agree to a redaction of the objectionable parts.

With this agreement please de-designate the confidentiality status of these three documents immediately.

Daniel A. Thomas
Humphrey, Farrington & McClain, P.C.
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Website: www.hfmlegal.com

| From: | Pistilli, Emily |
|---|---|
| **To:** | "Danny Thomas" |
| **Cc:** | Horn, Elaine; Graham, Benjamin |
| **Subject:** | Levitt matter -- Document confidentiality |
| **Date:** | Monday, April 04, 2016 4:30:00 PM |

Danny,

We are perplexed by your recent correspondence regarding the confidentiality designation of Merck documents.  First, as to your March 29 email, you asked that we "please address the confidentiality designation of the bates ranges in the attached spreadsheet."  The referenced spreadsheet listed over 1,000 documents.  A high level review of this list reveals that many of these documents were never produced as confidential in the MDL.  Indeed, it also appears that this list tracks prior lists promulgated by your expert Dr. Egilman.  By way of example, listed below are sets of Bates ranges as they are listed in your spreadsheet that appear not to be designated as confidential.  This is a representative sample, not an exhaustive evaluation of the spreadsheet.

MRK-00420008018, at 18
MRK-00420008031-117
MRK-00420012526, at 45, 12526-16831, 792, 739, 792, 744
MRK-00420012526, Table 54 at 711, 679-715, 736-51, 675, 787, 794
MRK-00420027870, at 70072
MRK-00420027870, Tables 19, 20 at 904-09
MRK-00420027876, Table 9 at 896
MRK-00420027870, Table 9, at 896, 895, 887-89, 891-93, 895-97, 904-09, 903, Table 19 at 904-05
MRK-AAI0000001, at 05
MRK-AAI0000061, at 64, 93, 94, 61
MRK-AAR0019[7]73, at 74, 77, 78
MRK-AAX0001417-29, 21
MRK-ABA0009600
MRK-ABC0006396, at 402
MRK-ABD0001756
MRK-ABD0001819, at 21

Each of these Bates ranges was previously the subject of Dr. Egilman's October 29, 2013 de-designation request.  At that time, Merck counsel informed Dr. Egilman that the documents above, among others, were not designated as confidential—and, to be clear, that many had <u>never</u> been designated as confidential.

Pretrial Order 13 allows parties to object to the designation of specific material as confidential.  Your voluminous spreadsheet contains many documents that are <u>not</u>

designated as confidential.  The failure to identify specific documents that are actually confidential and subject to challenge is really no different than your initial omnibus challenge to the continued designation of any the produced documents as confidential—a challenge that is currently addressed in our pending motion.

Moreover, your requests are hard to understand given the current status of the litigation.  There has not been a production of documents in the Vioxx MDL in <u>years</u>.  At the time that productions were being made on a rolling basis in the MDL, Merck's obligation under PTO 13 regarding the logging of designations was met through the ongoing provision of metadata to the PSC that allowed for the updating of the document database to reflect the current status of any confidentiality designations.  Thus, to the extent that you are seeking a current "log" of confidential documents, that information has been provided and is available in the metadata of the plaintiffs' document database.

We also find your March 31 request to receive new copies of documents with the confidential portions redacted out confusing and troubling.  A central purpose of entering a protective order such as PTO 13 is so that the parties can produce documents *without* redactions, secure in the knowledge that the documents cannot be disclosed or used outside of the litigation.  You have full use of these documents within the context of Mrs. Levitt's personal injury case.  Thus, we can discern no litigation-related purpose for the request that we prepare additional copies of these same documents in a redacted form, and it appears to be harassing.  We must also note that the creation of new production versions of documents with redactions for confidential information on any substantial scale would entail significant costs—costs that are otherwise unnecessary and completely disproportionate to the needs of the case.

Although we do not understand why you believe it is necessary to challenge confidentiality designations at this point in Mrs. Levitt's case, as we have previously indicated, and as contemplated by PTO 13, if you have <u>specific</u> documents that are actually designated as confidential that you challenge, we will respond.

Best,
Emily

**Emily Renshaw Pistilli**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5652 | (F) 202-434-5029
epistilli@wc.com | www.wc.com/epistilli

| | |
|---|---|
| **From:** | Danny Thomas |
| **To:** | Pistilli, Emily |
| **Cc:** | J"Nan Kimak |
| **Subject:** | De-Designation of Documents |
| **Date:** | Tuesday, April 12, 2016 12:07:03 PM |
| **Attachments:** | image001.png |
| | Ex.A.Consolidated.Merck Response to De-Designation Req....pdf |

Dear Emily-

As a follow up to our February 25, 2016 email, we request de-designation of every  document on the attached spreadsheet that is listed as Confidential.

In addition, we request that you de-designate the confidential status of the spreadsheet itself and provide your basis for designating it as confidential.

Since you haven't negotiated in good faith, pursuant to PTO 13, this will serve as written notice that our negotiations have ended.  It is your burden to prove the confidential designation of these documents to the Court.


Daniel A. Thomas
Shareholder
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Fax: 816-836-8966
Website: www.hfmlegal.com







This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein.  If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited.  If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written by Humphrey, Farrington & McClain, P.C. to be used, and any such tax advice cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.

| From: | Danny Thomas |
|---|---|
| To: | Pistilli, Emily |
| Subject: | Document De-Designation |
| Date: | Thursday, April 14, 2016 4:17:15 PM |
| Attachments: | image001.png |

Emily,

With respect to the document bates stamped MRK- AAU0000029, we believe that page MRK-AAU0000039 contains no information regarding other Merck drugs and is not confidential.

Please agree to de-designate that page immediately.

Daniel A. Thomas
Shareholder
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64051
Office: 816-836-5050
Fax: 816-836-8966
Website: www.hfmlegal.com







This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein.  If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited.  If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written by Humphrey, Farrington & McClain, P.C. to be used, and any such tax advice cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.

| | |
|---|---|
| **From:** | J'Nan Kimak |
| **To:** | Pistilli, Emily |
| **Cc:** | Danny Thomas; J'Nan Kimak |
| **Subject:** | Levitt |
| **Date:** | Thursday, May 05, 2016 3:17:43 PM |
| **Attachments:** | 2014 - De-Designation Requests.pdf |
| | Standard Operating Procedure for the Surveillance ect.pdf |

Emily,

Danny is in trial so I am sending this email on his behalf.

First, please provide us an update on responding to our several emails regarding de-designation.

In addition, for your convenience, we are attaching Merck's Response to Dr. Egilman's April 9, 2014 De-Designation Request. As you can see, MRK-NJ0089972-MRK-NJ90021 was designated as NON-CONFIDENTIAL, however, the document itself bears a confidentiality stamp. I'm sure you can understand the confusion that results in what is one example of inconsistent designations. Please confirm the de-designation of MRK-NJ0089972-MRK-NJ90021 immediately.

In addition, we would ask that you de-designate the confidentiality status of the following documents:

MRK-AD00063720

AJA0092876 - MRK-AJA0092898

As previously stated, since you haven't negotiated in good faith, pursuant to PTO 13, this will serve as written notice that our negotiations have ended. It is your continuing burden to prove the confidential designation of these documents to the Court.

We look forward to hearing from you.


*J'Nan C. Kimak*
*Humphrey, Farrington & McClain, P.C.*
*221 W. Lexington, Suite 400*
*P.O. Box 900*
*Independence, Missouri 64051*
*Telephone: (816) 836-5050*
*Facsimile: (816) 836-8966*



This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written by Humphrey, Farrington & McClain, P.C. to be used, and any such tax advice cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.