UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LINDA ISNER, EXECUTRIX OF THE :
ESTATE OF JEFFREY ISNER, M.D.,
:
       Plaintiff,        Civil Action
                             :        No. 12-10909-DJC
  vs.
                             :
SEEGER WEISS, LLP, et al.,
                             :
       Defendants.
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND AFFIRMATIVE DEFENSES
OF BROWN GREER PLC AND ORRAN L. BROWN**

      Defendants BrownGreer PLC and Orran L. Brown (collectively, "BrownGreer Defendants") by and through their undersigned counsel, answer the Complaint of Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D. as follows:

      1.    BrownGreer Defendants admit the allegations in paragraph 1 of the Complaint based on information and belief.

      2.    BrownGreer Defendants admit the allegations in paragraph 2 of the Complaint based on information and belief.

      3.    BrownGreer Defendants admit the allegations in paragraph 3 of the Complaint based on information and belief.

      4.    BrownGreer Defendants admit the allegations in paragraph 4 of the Complaint based on information and belief.

      5.    BrownGreer Defendants admit the allegations contained in paragraph 5 of the Complaint based on information and belief.

6. BrownGreer Defendants admit the allegations in paragraph 6 of the Complaint.

7. BrownGreer Defendants admit that defendant Orran Brown has been a member and manager of BrownGreer PLC at all times since November 2007.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint merely characterize the nature of the action and state legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 10 of the Complaint, except admit on information and belief that plaintiff filed an action against Merck & Co., Inc. (the "Isner Vioxx Action").

11. BrownGreer Defendants deny each and every allegation in paragraph 11 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its actual content.

12. BrownGreer Defendants deny each and every allegation in paragraph 12 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its actual content.

13. BrownGreer Defendants deny each and every allegation in paragraph 13 of the Complaint, and respectfully refer the Court to the complaint in the Isner Vioxx Action for its

actual content.

14. BrownGreer Defendants are without knowledge or information sufficient to admit the allegations in paragraph 14 of the Complaint, and the allegation are therefore denied.

15. BrownGreer Defendants deny each and every allegation in paragraph 15 of the Complaint, except admit that the Isner Vioxx action was an action alleging personal injury claims against Merck arising out of the plaintiff's decedent's use of Vioxx, and that other civil actions alleging personal injury claims arising out of the use of Vioxx were filed in federal and state courts.

16. BrownGreer Defendants admit the allegations in paragraph 16 of the Complaint on information and belief.

17. BrownGreer Defendants deny each and every allegation in paragraph 17 of the Complaint, except admit on information and belief that defendant Seeger was appointed to the Plaintiffs' Steering Committee in MDL-1657.

18. BrownGreer Defendants deny each and every allegation in paragraph 18, except admit that members of the Plaintiffs' Steering Committee were compensated for their work in MDL-1657 and respectfully refer the Court to the applicable orders in MDL-1657 and the November 9, 2007 Settlement Agreement between Merck and Negotiating Plaintiffs' Counsel (hereinafter, the "Vioxx Settlement Agreement") for their contents and full details.

19. BrownGreer Defendants deny each and every allegation in paragraph 19, except admit that defendants Hughes Hubbard and Reed and Theodore Mayer were among the counsel that represented Merck in Vioxx products liability litigation throughout the United States, including in MDL-1657.

20. BrownGreer Defendants deny each and every allegation in paragraph 20, except

3

admit that Brown Greer LLC was appointed by the Vioxx Settlement Agreement as the Claims Administrator with respect to the settlement of Vioxx Claims.

21. The BrownGreer Defendants deny each and every allegation in paragraph 21, except admit that Merck entered into the Vioxx Settlement Agreement in November 2007, and respectfully refer the Court to the Vioxx Settlement Agreement for its content and full details.

22. BrownGreer Defendants deny each and every allegation in paragraph 22.

23. BrownGreer Defendants deny each and every allegation in paragraph 23.

24. BrownGreer Defendants deny each and every allegation in paragraph 24.

25. BrownGreer Defendants deny each and every allegation in paragraph 25, and respectfully refer the Court to the referenced e-mail for its content and full text.

26. BrownGreer Defendants deny each and every allegation in paragraph 26, and respectfully refer the Court to the referenced e-mail for its content and full text.

27. BrownGreer Defendants deny each and every allegation in paragraph 27, and respectfully refer the Court to the referenced e-mail for its content and full text.

28. BrownGreer Defendants deny each and every allegation in paragraph 28.

29. BrownGreer Defendants deny each and every allegation in paragraph 29.

30. BrownGreer Defendants deny each and every allegation in paragraph 30.

31. The allegations in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32. BrownGreer Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. BrownGreer Defendants admit the allegations contained in paragraph 33 of the

Complaint.

34. BrownGreer Defendants deny each and every allegation in paragraph 34, and avers that the amount in the Extraordinary Injury Fund exceeded the value of allowed Extraordinary Injury Fund claims.

35. BrownGreer Defendants deny each and every allegation in paragraph 35.

36. BrownGreer Defendants deny each and every allegation in paragraph 36.

37. BrownGreer Defendants deny each and every allegation in paragraph 37, except admit that plaintiff was awarded $5,359,316.74 in EI settlement payments.

38. BrownGreer Defendants deny each and every allegation in paragraph 38.

## COUNT I - NEGLIGENT MISREPRESENTATION

39. With respect to the allegations contained in paragraph 39 of the Complaint, BrownGreer Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-38 of this Answer with the same force and effect as though set forth here in full.

40. BrownGreer Defendants deny each and every allegation in paragraph 40, to the extent they are directed towards the Brown Greer Defendants.

41. The allegations in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 41 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

42. The allegations in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer

5

Defendants deny each and every allegation contained in paragraph 42 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

43. The allegations in paragraph 43 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 43 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

44. The allegations in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 44 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

45. BrownGreer Defendants deny each and every allegation contained in paragraph 45.

## COUNT II - INTENTIONAL MISREPRESENTATION

46. With respect to the allegations contained in paragraph 46 of the Complaint, BrownGreer Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-45 of this Answer with the same force and effect as though set forth here in full.

47. BrownGreer Defendants deny each and every allegation in paragraph 40, to the extent they are directed towards the BrownGreer Defendants.

48. The allegations in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 48 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

6

49. The allegations in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 49 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

50. BrownGreer Defendants deny each and every allegation contained in paragraph 50.

## COUNT III - VIOLATIONS OF M.G.L. CHAPTER 93A, § 9

51. With respect to the allegations contained in paragraph 51 of the Complaint, BrownGreer Defendants repeat and reallege each and every admission, denial, averment, and statement contained in paragraphs 1-50 of this Answer with the same force and effect as though set forth here in full.

52. The allegations in paragraph 52 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 52 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

53. The allegations in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 53 of the Complaint, to the extent they are directed towards the BrownGreer Defendants.

54. BrownGreer Defendants deny each and every allegation contained in paragraph 54.

55. BrownGreer Defendants deny each and every allegation contained in paragraph 55, except admit that on January 20, 2012, Plaintiff's counsel sent a letter to the BrownGreer

7

Defendants which purported to be a demand pursuant to M.G.L. Chapter 93A, § 9, and respectfully refer the Court to the letter for its contents.

56. The allegations in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, BrownGreer Defendants deny each and every allegation contained in paragraph 56 of the Complaint, to the extent they are directed towards the BrownGreer Defendants, and respectfully refer the Court to the letter for its contents.

57. BrownGreer Defendants deny each and every allegation contained in paragraph 57, except admit that it has been more than thirty days since January 20, 2012.

58. BrownGreer Defendants deny each and every allegation contained in paragraph 58, except aver that BrownGreer Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations directed at the other defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE:

Plaintiff's claims are barred by settlement and release.

### THIRD DEFENSE:

Plaintiff's claims are barred by the Vioxx Settlement Agreement and the settlement in connection with the Isner Vioxx Action, which incorporated the terms of the Vioxx Settlement Agreement, including but not limited to the bar of plaintiff's claims against the BrownGreer Defendants under Section 6.3 of the Vioxx Settlement Agreement.

### FOURTH DEFENSE:

Plaintiff's claims are barred by the Release she signed in connection with entering into the settlement of the Isner Vioxx Action.

### FIFTH DEFENSE:

Plaintiff's claims are barred by the Certification of Counsel and the Enrollment Form submitted by Plaintiff's counsel in connection with the settlement of the Isner Vioxx Action.

### SIXTH DEFENSE:

Pursuant to the Vioxx Settlement Agreement, all of Plaintiff's claims must be arbitrated before Judge Eldon E. Fallon, and therefore the filing of this Complaint violates the Vioxx Settlement Agreement.

### SEVENTH DEFENSE:

Plaintiff waived any purported right to bring this claim by entering into an agreement in which she specifically submitted to the authority of Judge Eldon E. Fallon, who will sit as an arbitrator, and specifically agreed not to bring any such claim in any forum other than before Judge Eldon E. Fallon pursuant to Section 8.1 of the Vioxx Settlement Agreement.

### EIGHTH DEFENSE:

Plaintiff specifically disclaimed reliance on any statements in agreeing to the Vioxx Settlement Agreement and related Release.

### NINTH DEFENSE:

Plaintiff's claims may be time-barred, in whole or in part, under prescription, preemption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

**TENTH DEFENSE:**

Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

**ELEVENTH DEFENSE:**

Plaintiff's claims may be barred, in whole or in part, by res judicata.

**TWELFTH DEFENSE:**

Plaintiff's claims may be barred by the doctrines of waiver and/or estoppel.

**THIRTEENTH DEFENSE:**

To the extent Plaintiff's claims are based on fraud, Plaintiff has failed to allege the circumstances constituting fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

**FOURTEENTH DEFENSE:**

Plaintiff has failed to state a viable claim under M.G.L. c. 93A, § 9, as the acts complained about did not occur in the conduct of any trade or commerce within the meaning of the statute.

**FIFTEENTH DEFENSE:**

Plaintiff has not sustained any injury or damages compensable at law.

**SIXTEENTH DEFENSE:**

Plaintiff's claims may be barred, in whole or in part, by the parol evidence rule.

**SEVENTEENTH DEFENSE:**

Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

**EIGHTEENTH DEFENSE:**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINETEENTH DEFENSE:**

BrownGreer Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings or trial in this case and hereby reserve their right to amend their answer to assert any such defenses.

**TWENTIETH DEFENSE:**

BrownGreer Defendants incorporate any applicable affirmative defense or other defense asserted by any other defendant in this action.

**TWENTY-FIRST DEFENSE:**

Plaintiff's M.G.L. c. 93A is barred because the alleged conduct did not occur primarily and substantially in the Coimmonwealth of Massachusetts.

**WHEREFORE**, Defendants BrownGreer PLC and Orran L. Brown respectfully request that the Plaintiff take nothing in this suit, that they recover their costs of court and expenses, and such other relief to which they may show themselves justly entitled.

Dated: June 11, 2012  
       Boston, Massachusetts

Respectfully submitted,

Of Counsel:  
John H. Beisner  
Jessica D. Miller  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
1440 New York Avenue, N.W.  
Washington, D.C. 20005-2111  
(202) 371-7410

/s/ David S. Clancy  
David S. Clancy (BBO #636031)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800  
david.clancy@skadden.com

Counsel for Defendants  
BrownGreer PLC and Orran L. Brown

---

**CERTIFICATE OF SERVICE**

    I, David S. Clancy, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 11, 2012.

Dated: June 11, 2012    /s/ David S. Clancy  
                                  David S. Clancy