## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®                     *     MDL Docket No. 1657
                                  *
PRODUCTS LIABILITY               *     SECTION L
LITIGATION                        *
                                  *     JUDGE FALLON
                                  *
                                  *     MAG. JUDGE KNOWLES
* * * * * * * * * * * * * * * *   *
THIS DOCUMENT RELATES TO ALL CASES

### DECLARATION OF ANN B. OLDFATHER IN CONNECTION WITH MOTION TO REQUIRE DISCLOSURE OF COMMON BENEFIT FEE AND COSTS WITHHOLDINGS FROM SETTLEMENT OF PERSONAL INJURY CASES AND ACCOUNTING OF COMMON BENEFIT EXPENSE ADVANCEMENTS

Declarant, Ann B. Oldfather, having personal knowledge of the facts stated herein, and being of legal age and of sound mind and memory does hereby declare as follows under penalty of perjury, in support of Motion to Require Disclosure of Common Benefit Fee and Costs Withholdings from Settlement of Personal Injury Cases and Accounting of Common Benefit Expense Advancements:

1.     Under PTO 45, Declarant has been appointed by the Court as Liaison Counsel and Lead Counsel for Certain Ineligible and Non-Enrolled Cases.

2.     Declarant has complied with Pretrial Order No. 6, as amended, in all material aspects and Oldfather Law Firm has submitted true and correct time and expense submissions pursuant to the Court's Pretrial Orders.

3.     Declarant has provided services and expended funds which have been of benefit to all personal injury cases, including those heart attack and stroke cases

nominally the responsibility of the Plaintiffs' Steering Committee. Some of those services have been described in the Affidavit Declarant submitted to the Common Benefit Fee and Costs Committee ("FCC") in connection with the Vioxx MDL Consumer Settlement Agreement.

4.      Declarant has submitted all of the time recorded by Declarant and members of her firm, and all of the expense incurred by the firm, as approved by Phillip Garrett, to the FCC.

5.      Declarant believes that the services of Declarant and her firm benefitted the Vioxx Consumer Class (by enhancing the liability case as it pertains to non-heart attack and non-stroke injuries), and it is Declarant's intent to avoid a double recovery of those fees and expenses. Toward that end, it is critical that Declarant understands what funds are available through the common benefit monies attributable to the personal injury cases.

6.      By Order entered April 25, 2012 (Rec. Doc. 63798), this Court ordered that the PSC establish an escrow account at BrownGreer for the purpose of holding and maintaining an accounting of common benefit fees and costs held for cases resolved outside the Master Settlement Agreement. The Court further ordered that appropriate disclosures to the undersigned should be discussed once the escrow account was established by the PSC. Lastly, the Court ordered that certain personal injury cases would not be exempted from the obligation to contribute to common benefit fees and costs.

7.     The PSC and Merck have from time to time advised Declarant of the amounts withheld as common benefit fees and costs on cases settled outside the Master Settlement Program, but that information has been incomplete. The PSC has at times promised to provide the information requested herein, but nothing has been provided since 2012.

8.     Declarant does not know how much has been withheld, if anything, from each settled personal injury case settled outside the Master Settlement Program; Declarant does not know where the common benefit fees and costs are held; and Declarant does not know the total amount held in common benefit fees or costs.

9.     The Court has, from time to time, allowed the PSC to receive advancements from the remaining balance of the common benefit costs fund resulting from the Master Settlement Program. Declarant's computation of the advancements to the PSC, all of which have been by court order requiring an accounting or reimbursement to the fund, is $900,000 to date. Declarant's computation of the funds remaining on hand is $6,725,584.80 to date.

10.     The PSC has from time to time provided Declarant with spreadsheets from Phil Garrett detailing expenditures made from the advancements, and has further provided bank statements confirming the common benefit expense funds still on hand, but such information has not been provided since 2012. Declarant does not know how the PSC has expended funds from the Court-ordered advancements subsequent to August 21, 2012.

11.     Declarant has resolved all of her individual personal injury cases. Providing this information to her will be of no prejudice to Merck.

12.     Declarant has made repeated efforts to obtain from the PSC the following information, all without success:

    a.  The current account balance(s) of the common benefit expense fund generated by the Master Settlement Agreement.

        i.  Copy(ies) of current statement(s).

    b.  Accounting post-August 21, 2012 from Phil Garrett similar to that previously provided for the monies advanced to the PSC from the common benefit expense fund generated by the Master Settlement Agreement, in an excel format.

    c.  The total amount held for common benefit fees and expenses generated by the personal injury cases resolved outside the Master Settlement Agreement.

        i.  Copy(ies) of account statement(s).

    d.  The individual percentage assessed and the amount collected for common benefit fee and expense from each personal injury case resolved outside the Master Settlement Agreement.

13.     The current schedule under PTO 59(A) will require Declarant to object to the Aggregate Fee and Cost Petition in the Vioxx Consumer Settlement on or before June 17, 2016.

14.    Declarant requests the Court to require the PSC to provide the requested information in a timely fashion so that Declarant can be fully informed with regard to the funds available in respect to withheld common benefit fees and costs in connection with submission related to both the Vioxx Consumer Settlement Fees and Costs Reimbursements and anticipated fees and costs reimbursements in the personal injury cases resolved outside the Master Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2016.


May 24, 2016                          */s/ Ann B. Oldfather*

_____              _____

DATE                                ANN B. OLDFATHER (KY Bar No. 52553)

COMMON BENEFIT EXPENSE FUND
ORDERS APPROVING DISBURSEMENTS

| | | | Debit/Credit | Running Balance | Notes |
|---|---|---|---|---|---|
| 1 | | Starting Balance in Common Benefit Expense Fund | $48,500,000.00 | $48,500,000.00 | *per* PTO 51 |
| 2 | | Corrected Starting Balance | $48,477,130.00 | $48,477,130.00 | *per* Doc. 64588 |
| 3 | | Reimburse Expenses to attorneys per PTO 51 | -$40,049,748.16 | $8,427,381.84 | *per* PTO 51 |
| 4 | | Advance to PSC | -$500,000.00 | $7,927,381.84 | *per* PTO 51 |
| 5 | 12/16/2009 | Supplemental Reimbursements to Attorneys | -$49,216.08 | $7,878,165.76 | *per* Doc. 30153 |
| 6 | 9/11/2013 | Reimburse assessments | -$400,000.00 | $7,478,165.76 | *per* PTO 51(A) Doc. 64592 |
| 7 | 9/11/2013 | Pay Special Master | -$80,431.46 | $7,397,734.30 | *per* PTO 51(A) Doc. 64592 |
| 8 | 9/11/2013 | Reimburse HHK for pre-appointment expenses | -$5,575.18 | $7,392,159.12 | *per* PTO 51(A) Doc. 64592 |
| 9 | 9/11/2013 | Reimburse HHK for settlement expenses | -$9,369.42 | $7,382,789.70 | *per* PTO 51(A) Doc. 64592 |
| 10 | 9/11/2013 | Advance for expenses | -$200,000.00 | $7,182,789.70 | *per* PTO 51(A) Doc. 64592 |
| 11 | 12/19/2013 | Reimburse (partial) OLF for expert expenses | -$257,204.90 | $6,925,584.80 | *per* Doc. 64755 |
| 12 | 12/9/2014 | Advance for CB expenses | -$75,000.00 | $6,850,584.80 | *per* Doc. 65074 |
| 13 | 8/5/2015 | Advance for PLC Expenses | -$125,000.00 | $6,725,584.80 | *per* Doc 65237 |
| | | Balance on hand in CB expense fund | | $6,725,584.80 | |
| | | Advancements to PSC for which accounting or reimbursement are due | | -$900,000.00 | |