# EXHIBIT B

## Skadden, Arps, Slate, Meagher & Flom LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C.  20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7410
DIRECT FAX
(202) 393-5760
EMAIL ADDRESS
JOHN.BEISNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 9, 2014

**VIA E-MAIL**

Ann B. Oldfather
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, Kentucky 40208

Alexander A. Reinert
55 Fifth Avenue, Room 1005
New York, New York 10003

      RE: Dr. David Egilman – Notice of 30(b)(6) Deposition

Dear Counsel:

  I am writing to request that you withdraw your July 3, 2014 notice of Rule 30(b)(6) deposition propounded to Merck.  As set forth below, the topics identified in your notice are all irrelevant and/or clearly not within the knowledge of Merck.  If you will not agree to withdraw the notice, Merck will be forced to move to quash and/or for a protective order.

  *First*, your deposition notice requests testimony regarding seven topics that are irrelevant to the dispute between Merck and Dr. Egilman.  The Court has allowed the parties to take limited discovery at this time regarding Merck's motion for sanctions against Dr. Egilman for his violation of Pretrial Order No. 13.  Only three of the 10 topics identified in your deposition notice – numbers 2, 3 and 8 – even arguably relate to Merck's motion.  The remainder of the topics in the notice purport to require Merck to offer a deponent to testify on a range of issues that are not

Ann B. Oldfather
Alexander A. Reinert
July 9, 2014
Page 2

connected to Dr. Egilman's unauthorized disclosure of confidential documents to the *Wall Street Journal*.

      For example, topic number 4 requests testimony regarding "[t]he documents designated by Merck as confidential in this litigation pursuant to Pretrial Order Nos. 13, 13A, or 13C that contain information on the toxicity of Vioxx that has not been previously published by Defendant."  (Notice Ex. A at 1.)  Such information bears no relationship to Merck's motion for sanctions, which is based on Dr. Egilman's admitted disclosure of confidential information protected by the MDL court's protective order to a newspaper reporter.  Similarly, topic number 5 requests testimony regarding "[t]he documents designated by Merck as confidential in this litigation pursuant to Pretrial Order Nos. 13, 13A, or 13C that provide new information on the health hazards of Vioxx."  (*Id.*)  Once again, such information is not related to Dr. Egilman's admitted disclosure of protected confidential information.

      The topics listed in your deposition notice are also overbroad and unduly burdensome.  For example, topic number 1 seeks testimony regarding "[t]he information contained within documents designated by Merck as confidential in this litigation pursuant to Pretrial Order Nos. 13, 13A, or 13C."  (Notice Ex. A at 1.)  Obviously, it would take hundreds of deponents to provide testimony regarding every one of the documents designated as confidential by Merck in the Vioxx MDL proceeding.  Your notice also requests deposition testimony regarding "[t]he documents that were used, summarized, referred to, communicated, or otherwise disclosed by the September 5, 2006 report by The Honorable John S. Martin, Jr." (*Id.*)  Once again, even if this topic were relevant to Merck's sanctions motion, the Martin report referred to numerous documents, and no individual deponent could ever be qualified to offer testimony as to all of them.

      *Second*, although the remaining three topics are arguably relevant to Merck's pending motion, Dr. Egilman well knows that nobody at Merck has knowledge on these issues.  Rather, this is information that Merck could only obtain from Dr. Egilman himself.  (*See, e.g.*, Topic No. 2 (seeking testimony regarding "[t]he information contained within documents designated by Merck as confidential in this litigation pursuant to Pretrial Order Nos. 13, 13A, or 13C that has been used, summarized, referred to, or otherwise disclosed by Dr. David Egilman in violation of those Orders"); *see also* Topic No. 3 (seeking testimony regarding "[t]he documents designated by Merck as confidential in this litigation pursuant to Pretrial Order Nos. 13, 13A, or 13C that were disclosed or communicated by Dr. Egilman's statements contained in the March 26,2014, Wall Street Journal article entitled 'More Disclosure Coming in Merck's Decade-Long Vioxx Nightmare'").)  No Merck

Ann B. Oldfather
Alexander A. Reinert
July 9, 2014
Page 3

witness can testify about the confidential documents Dr. Egilman discussed with the *Wall Street Journal* reporter because the article does not identify the source documents.  See Ed Silverman, *More Disclosure Coming in Merck's Decade-Long Vioxx Nightmare*, Mar. 26, 2014, http://blogs.wsj.com/corporate-intelligence/2014/03/26/more-disclosure-coming-in-mercks-decade-long-vioxx-nightmare.

     We are happy to discuss these matters in the hope that we can avoid moving for protection from the Court.

                                       Sincerely,

                                       John H. Beisner

cc:    Dawn Barrios
        Russ Herman
        Leonard Davis