UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

**MDL PLAINTIFFS' LIAISON COUNSEL'S RESPONSE TO PLAINTIFFS' LIAISON COUNSEL/LEAD COUNSEL FOR IE/NE CASES TO REQUIRE DISCLOSURE OF COMMON BENEFIT FEES AND COSTS WITHHOLDINGS FROM SETTLEMENT OF PERSONAL INJURY CASES AND ACCOUNTING OF COMMON BENEFIT EXPENSE ADVANCEMENTS**

**MAY IT PLEASE THE COURT:**

Russ M. Herman, Plaintiffs' Liaison Counsel in MDL 2047, files this Response to Plaintiffs' Liaison Counsel/Lead Counsel for IE/NE Cases to Require Disclosure of Common Benefit Fees and Costs Withholdings From Settlement of Personal Injury Cases and Accounting of Common Benefit Expense and Advancements.

As the Court is well aware, Ms. Oldfather was appointed as Lead Counsel for certain personal injury claims that were either ineligible or not enrolled in the Settlement Program (*see* PTO 42 – Rec. Doc. 19915, PTO 48 – Rec. Doc. 20888, and PTO 45A – Rec. Doc. 31448).  The appointment of Ann Oldfather was for a select finite number of cases and was not all encompassing.  The PSC originally appointed by this Court (as amended over time) and, in particular, Plaintiffs' Liaison Counsel, Russ M. Herman, and Co-Lead Counsel, Andy Birchfield and Chris Seeger, have undertaken the vast majority of efforts to resolve and conclude the various claims brought and pursued in this MDL.  This included, personal injury claims,

1

Attorney General claims, third party payor claims, and consumer claims. Ms. Oldfather's appointment only applied to a small select group of personal injury cases. The Court appointed a CPA, Philip Garrett, to assist the PSC and the Court with various financial matters. In connection with the efforts undertaken by Philip Garrett, monthly reports were provided to the Court.[1] Financial reporting of all matters has been overseen by Mr. Garrett and reported to the Court. This includes Mr. Garrett communicating with BrownGreer, as well as The Garretson Group. All financial matters have been given appropriate confidential designations and the PSC activities reported by Mr. Garrett have been made on a confidential basis to the Court.

Consistent with prior dealings between Ms. Oldfather and the PSC, periodic accounting of the aggregate amounts involved in settling cases outside the Settlement Program under the Master Settlement Agreement has taken place. This Court received regular updates from BrownGreer and The Garretson Group who has responsibility for the resolution of cases. Various documents have been provided during the course of the Vioxx litigation to Ms. Oldfather. The escrowing of funds on settled cases has been handled by Merck, The Garretson Group and BrownGreer. Confidentiality Agreements were entered into by the parties and the PSC cannot violate those Confidentiality Agreements. Further, the PSC does not oversee or maintain these accounts. Information concerning the activity in any account must be obtained from The Garretson Group and/or BrownGreer and the particular entries are subject to Confidentiality Agreements. Even if such information were to be provided with redactions to protect confidentiality, any such document would need to continue to be subject to a Confidentiality Order.

---

[1] Most recently the Court, at the suggestion of Philip Garrett, suspended monthly reporting due to decreased and diminished activity in the MDL.

The PSC is prepared to provide to Ms. Oldfather the most current Phil Garrett monthly financial report for the period ending March 31, 2016, a copy of which was also provided to the Court in the same fashion as Philip A. Garrett has done on a regular basis.  This report should remain confidential as it outlines financial information of the PSC.  This report sets forth information that the PSC believes sufficiently should respond to Ms. Oldfather's questions.  Any further information Ms. Oldfather should obtain from Mr. Garrett.

The PSC would only be willing to provide to Ms. Oldfather certain information if such information remained confidential.  This would preserve prior Confidentiality Agreements and Orders and keep financial information outside of the public arena.  As such, Ms. Oldfather's motion would be moot and any further information which Ms. Oldfather may desire to obtain would need to be provided by individuals other than the PSC.

Furthermore, there is no pending deadline for Ms. Oldfather as the time frame for objecting to the aggregate fee and cost petition in the Vioxx Consumer Settlement, as set forth in PTO 59A, has been extended.  The date for submission of the aggregate fee and cost petition has been extended by the Court on several prior occasions and just recently the PSC requested a further extension of the deadline for submission of an aggregate fee and cost petition [Rec. Doc. 65359].

Dated: June 1, 2016

Respectfully submitted,

By: */s/ Leonard A. Davis*
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA  70113
Phone: (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 1657*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 1st day of June, 2016.

                                  /s/ Leonard A. Davis
                                  **Leonard A. Davis**