## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| | * | MAGISTRATE JUDGE |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | KNOWLES |
| **2:06-cv-09757-EEF-DEK** | | |

**************************************************************************

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT
### MERCK SHARP & DOHME CORP.'S SECOND SET OF INTERROGATORIES

COMES NOW Jo Levitt, by and through her counsel of record, and for her answers to

Defendant Merck Sharp & Dohme Corp.'s Second Set of Interrogatories states as follows

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify each accounting firm and/or each accountant or other tax preparer who has

handled, prepared, received, or reviewed tax filing information for both your personal  finances

and those of the Chocolate Soup/AXO Companies.

**ANSWER: Objection. This Interrogatory is overly broad, unduly burdensome in that it is
not properly limited in time and scope.  Subject to and without waiving said objections,
please see list below.**

Thomas King & Company, PC                              CBIZ Accounting, Tax & Advisory Services
Robert Bazan

**Plaintiff reserves the right to supplement, if necessary.**

1

**INTERROGATORY NO. 2**

Please identify all tax returns filed on your behalf, on behalf of you and your  husband jointly, or on behalf of the business entities that comprise the Chocolate Soup/AXO  Companies for the period of January 1, 1999 to the present, including a listing of the date for  each filing, the year or years covered by each filing, and the entities or persons covered by each  filing.

**ANSWER:  This interrogatory is somewhat confusing.  It asks Plaintiff to "identify" tax returns versus provide copies.  Plaintiff has provided a disk of documents responsive to this Interrogatory.  If further identification or information is needed please contact counsel.**

**INTERROGATORY NO. 3**

Please describe in detail any and all actions taken to preserve documents related  to the claims raised in this litigation in your possession, custody, or control between July 1, 2006  and the present.

**ANSWER:  Objection.  This interrogatory is overly broad, vague, ambiguous and not properly limited in time or scope.  All medical records in my possession have been provided to my experts which are equally available to Defendant.**

**INTERROGATORY NO. 4**

In the event that you currently possess no tax filings concerning you (either  individually or filed jointly with your husband) or the Chocolate Soup/AXO Companies,  describe in detail why such documents are no longer in your possession, including the date you  last recall having any such documents, and descriptions of any locations where such documents  have been stored.

**ANSWER:  Plaintiff was very ill as a result of Vioxx at the time the businesses were failing.  North American Savings Association foreclosed on the building where the records were stored and she was not able to retrieve the records prior to the foreclosure.  The only records in Plaintiff's possession are included on the disk of documents produced with these Interrogatory answers.**

**INTERROGATORY NO. 5**

Please identify all sources of income—including but not limited to salary, other employment

compensation, dividends, other investment income or proceeds, business profits, inheritance

or bequests, or any and all other distributions—from January 1, 1999 to the present date,

along with any documents evidencing such income.

**ANSWER:    Plaintiff does not have in her possession documents which will allow her to be responsive to this Interrogatory.  The only records in Plaintiff's possession are included on the disk of documents produced with these Interrogatory answers.  Please also see the documents which are Bates-stamped LevittJ-SSA-00001 – LevittJ-SSA-00015.   Social Security has been Plaintiff's Jo's primary source of income during this time.  She has also received $5,000 following her mother's death.   She also received somewhere between $70,000 and $80,000 from her 401k.**

**INTERROGATORY NO. 6**

Please identify all sources of financial support—including but not limited to salary, dividends,

business profits, disbursements or withdrawals from retirement accounts, social security

payments, gifts, or other compensation—from January 1, 2009 to the present date, along with

any documents evidencing such support.

**ANSWER:   Please see response to Interrogatory No. 5.**

**INTERROGATORY NO. 7**

Please identify all financial institutions with which you, your husband, or the Chocolate

Soup/AXO Companies have held accounts, or which provided you, your husband, or the

Chocolate Soup/AXO Companies with credit from January 1, 1999 until the time of the final

dissolution of all the Chocolate Soup/AXO Companies.

**ANSWER:  Plaintiff does not have a record of all the financial institutions used with each business location.   All financial transactions were transferred to The Mission Bank. Plaintiff also defers to the deposition testimony of Jim Levitt.**

**INTERROGATORY NO. 8**

Please provide the value of your net worth for *each* year from January 1, 1999 to the present

and explain in detail the basis for the calculation of those values.

**ANSWER:  Objection.  This Interrogatory calls for expert testimony, which is a more appropriate method of discovery for this subject matter.  Plaintiff also defers to the recent deposition testimony of Jim Levitt.  Plaintiff does not have documentation for her net worth for each calendar year from 1999 to present.  Plaintiff does have documentation of her net worth for the following years:**

> **December 15, 1999 - $11,346,000 .00 (LevittJ-WinNRPDMedMisc – 00026)**
>
> **April 30, 2001 - $10,994,000.00 (LevittJ-WinNRPDMedMisc – 00029)**
>
> **July 31, 2002 - $10,216,000.00 (LevittJ-WinNRPDMedMisc – 00032)**
>
> **January 31, 2003 - $9,351,000.00 (LevittJ-WinNRPDMedMisc - 00035)**
>
> **April 30, 2004 - $9,160,500.00 (LevittJ-WinNRPDMedMisc – 00056)**
>
> **November 15, 2005 - $9,356,025.00 (LevittJ-WinNRPDMedMisc – 00059)**
>
> **July 1, 2007 - $12,564,931.00 (LevittJ-WinNRPDMedMisc – 00062)**

**The above calculations were prepared by Plaintiff's husband.  Jo Levitt does not know how he arrived at his calculations.  Plaintiff's husband, Jo Levitt, was deposed at length about his net worth calculation and Plaintiff defers to that testimony as well as the testimony of her expert witness.**

**INTERROGATORY NO. 9**

Please explain in detail the basis for your prior claim, given in response to

Interrogatory No. 3 of Defendant's First Set of Interrogatories, that your net worth was

$20  million in the year 2000, and state each fact upon which this claim is based.

**ANSWER:  Objection.  Plaintiff objects to this Interrogatory on the grounds that it calls for expert testimony, which is a more appropriate method of discovery for this subject matter.  Subject to and without waiving said objection, Plaintiff states that she relied upon her husband's representation regarding net worth.  Any further questions regarding the issue can be directed to my expert witness.  Plaintiff also defers to the testimony provided by Jim Levitt in his deposition.**

4

**INTERROGATORY NO. 10**

If you contend that you suffered economic damages beyond those opined upon by your previously designated expert witness, please explain in detail the basis for those damage calculations and state each fact upon which this claim is based.

**ANSWER:  Objection.  Plaintiff objects to this Interrogatory on the grounds that it calls for expert testimony, which is a more appropriate method of discovery for this subject matter.  Plaintiffs further object to this Interrogatory on the grounds that it is a contention interrogatory, which is impermissible and unduly burdensome.  Subject to and without waiving said objection, Plaintiff does intend to identify an expert witness to testify about her additional damages which include medical expenses and additional lost income.**

**INTERROGATORY NO. 11**

Please identify each address at which you have resided since July 1, 2006, along  with the dates during which you resided at such addresses.  If you have changed residences since  July 1, 2006, please explain the reasons for your relocation.

**ANSWER:  Plaintiff resides at 1247 W. 56th Street, Kansas City, MO 64113.  Plaintiff has resided at this address for approximately 35 to 40 years.**

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

*/S/ DANIEL A. THOMAS*
Kenneth B. McClain                    MO #32430
Daniel A. Thomas                        MO #52030
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT MERCK SHARP & DOHME CORP.'S SECOND SET OF INTERROGATORIES** has been served on Defense Counsel, Jonathan Williams, and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of December, 2015.

*/S/ DANIEL A. THOMAS*
Kenneth B. McClain          MO #32430
Daniel A. Thomas            MO #52030
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFFS**