Page 1

```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,         )
                                  )
           Plaintiff              )
                                  )
      -VS-                        ) Criminal No. 11-10384-PBS
                                  ) Pages 1 - 57
MERCK SHARP & DOHME CORP.,        )
                                  )
           Defendant              )




                    SENTENCING - DAY ONE


           BEFORE THE HONORABLE PATTI B. SARIS
              UNITED STATES DISTRICT JUDGE




                        United States District Court
                        1 Courthouse Way, Courtroom 19
                        Boston, Massachusetts  02210
                        March 16, 2012, 2:25 p.m.
```

```
             LEE A. MARZILLI
          OFFICIAL COURT REPORTER
         United States District Court
         1 Courthouse Way, Room 7200
              Boston, MA  02210
                (617)345-6787
```

d8d888f9-372f-4e95-90a7-1961fa668116

Case 2:05-md-01657-EEF-DEK Document 65406-2 Filed 07/27/16 Page 2 of 7
Case 1:11-cr-10384-PBS Document 20 Filed 05/30/12 Page 2 of 95

Page 2

1  A P P E A R A N C E S:

2      SUSAN G. WINKLER, ESQ., JEREMY M. STERNBERG, ESQ.,
   and ZACHARY A. CUNHA, ESQ., Assistant United States Attorneys,
3  United States Attorney's Office, 1 Courthouse Way, Suite 9200,
   Boston, Massachusetts, 02210, for the Plaintiff.
4
       JILL P. FURMAN, ESQ., United States Department of Justice,
5  Consumer Litigation, P.O. Box 386, Washington, DC, 20044,
   for the Plaintiff.
6
       R.J. CINQUEGRANA, ESQ., Choate, Hall & Stewart,
7  Two International Place, 100-150 Oliver Street, Boston,
   Massachusetts, 02110, for the Defendant.
8
       THEODORE V. WELLS, JR., ESQ., Paul, Weiss, Rifkind,
9  Wharton & Garrison, LLP, 1285 Avenue of the Americas, New York,
   New York, 10019-6064, for the Defendant.
10
   ALSO PRESENT:
11
       LAURA M. ROFFO, United States Probation Office.
12
       BRUCE N. KUHLIK, ESQ., Executive Vice President and
13 General Counsel, Merck & Co., Inc., P.O. Box 100,
   Whitehouse Station, New Jersey, 08889, for the Defendant.
14
       MICHAEL COREN, ESQ., Special Counsel, Commonwealth of
15 Pennsylvania.

16     ROBERT PATTEN, ESQ., Massachusetts Assistant Attorney
   General.
17
       DAVID S. EGILMAN, Editor, International Journal of
18 Occupational and Environmental Health.

19

20

21

22

23

24

25

Page 38

1     MR. WELLS: I've talked to the government about the
2 number. I did not talk directly with Pennsylvania, but they
3 communicated, Ms. Winkler did, to me just what they just
4 represented to the Court.
5     THE COURT: All right. So I think right now,
6 something else happened in the interlude, which is, somebody
7 said that they are also a victim. Was there anyone else who
8 wanted to allocute, Ms. Winkler, that you know of?
9     MS. WINKLER: I think Mr. Egilman is here and would
10 like to --
11     THE COURT: Are you a doctor?
12     DR. EGILMAN: Yes.
13     THE COURT: All right, sir, in what sense are you a
14 victim? Go ahead, come on up. Yes, I'm sorry, I just didn't
15 know you were here. And I think that the probation officer,
16 did you communicate with them at all?
17     DR. EGILMAN: I did yesterday, but they didn't -- not
18 with her.
19     MS. ROFFO: I did not know that.
20     THE COURT: Okay. All right, thank you, sir. So what
21 do you want to say?
22     DR. EGILMAN: Okay, well, trailing from the victim
23 issue, I was given misinformation. I think part of the
24 restitution should be that the documents, all of the documents
25 that Merck considers confidential --

Case 2:05-md-01657-EEF-DEK Document 65406-2 Filed 07/27/16 Page 4 of 7
Case 1:11-cv-10384-PBS Document 20 Filed 03/30/12 Page 39 of 57

Page 39

1    THE COURT: Who are you? Are you a --
2    DR. EGILMAN: I'm a physician in Massachusetts, and
3 I'm also the editor of a medical journal and --
4    THE COURT: Which medical journal?
5    DR. EGILMAN: International Journal of Occupational
6 and Environmental Health.
7    THE COURT: So are you personally a victim in the
8 sense of somebody who paid for this or represented -- I don't
9 even know what --
10   DR. EGILMAN: I can give you a money -- I was marketed
11 by detail reps at Merck and spent time, which is money, being
12 given misinformation by Merck's detail reps. And they have
13 records of them detailing me.
14   THE COURT: What kind of doctor are you?
15   DR. EGILMAN: An internist.
16   THE COURT: So they detailed you regarding, you would
17 say, rheumatoid arthritis?
18   DR. EGILMAN: I can't recall specifically, but the
19 drug, yes, during the relevant time period.
20   THE COURT: Well, that's --
21   DR. EGILMAN: Well, I can't recall specifically
22 rheumatoid arthritis, but I believe so.
23   THE COURT: Is that the -- I am sorry. So a general
24 internist would generally get some details having to do with
25 rheumatoid arthritis?

Case 2:05-md-01657-EEF-DEK Document 65406-2 Filed 07/27/16 Page 5 of 7
Case 1:11-cr-10384-PBS Document 20 Filed 03/30/12 Page 40 of 57

Page 40

1    DR. EGILMAN: Yes. They sampled me. I got Vioxx
2 samples from them on a regular basis, and I distributed those
3 samples to patients, and we also wrote prescriptions for Vioxx.
4    THE COURT: Thank you. So are you looking for
5 monetary?
6    DR. EGILMAN: I'm looking to comment on the
7 settlement. I'm not looking for any --
8    THE COURT: Can I just say something?
9    DR. EGILMAN: Yes.
10    THE COURT: I just emphasized this to Merck: I am a
11 judge sitting in a criminal context. I don't issue -- what
12 we're looking for is if somebody is a victim who's entitled to
13 restitution as the statutes provide. This isn't a more -- so
14 that's why Pennsylvania is saying, for example, that they were
15 economically injured. I'm not hearing that you were
16 economically injured.
17    DR. EGILMAN: Only by the loss of my time in talking
18 to them.
19    THE COURT: Thank you.
20    DR. EGILMAN: So that whatever my time is worth,
21 there's a monetary amount of money in them wasting my time
22 giving misinformation.
23    THE COURT: Okay, thank you very much. I mean --
24    DR. EGILMAN: If that doesn't qualify me, then I'm not
25 qualified.

Page 41

1    THE COURT: Okay, thank you. Thank you. All right,
2 so I appreciate your victim impact statement and that a doctor
3 would take the time to come in here. You must care a lot, and
4 you must feel as if -- did you file a victim impact statement?
5    DR. EGILMAN: No.
6    THE COURT: Well, how do we usually handle this? You
7 know, usually I know about this in advance.
8    MS. ROFFO: Your Honor, from my understanding, there
9 was some communication with Ms. Sinclair over the past couple
10 of days I'm only hearing today. Generally we would ask the
11 victim to give us a victim impact statement or would let the
12 government and the judge --
13    THE COURT: Why don't we make sure he gets a form.
14    MS. ROFFO: And those don't come from our office, your
15 Honor. Those generally come from the U.S. Attorney's office.
16    THE COURT: Do you have a victim coordinator here?
17    MS. WINKLER: Not in the room, but we will --
18    THE COURT: Make sure we get your address and send you
19 a statement to be made.
20    MS. WINKLER: Well, although, your Honor, from a
21 conversation that I had with Mr. Egilman before the proceedings
22 today, it was nothing about economic or harm in that fashion,
23 but it was about comments he wanted to make on the nature of
24 the settlement and things having to do with provisions that he
25 liked or didn't like.

Page 42

1      THE COURT: All right, well, he can put that on his
2  statement if he wants. That sounds good. Thank you very much.
3      DR. EGILMAN: Thank you.
4      THE COURT: All right, so what are we going to do
5  here? So from the government's point of view?
6      MS. WINKLER: From the government's point of view,
7  your Honor, we think you should approve the 11(C)(1)(c)
8  agreement in its current form. We would hope that you would do
9  the sentence in accord with that set forward in the plea
10 agreement. We think that, you know, the only grounds, the only
11 basis to provide restitution is to the extent the parties have
12 agreed, and that is pursuant to the terms in the civil
13 settlement and then the state settlement agreements under
14 3663(a)(3); and that to do anything else is going to prejudice
15 a lot of parties, a lot of sovereigns, 44 sovereigns plus the
16 District of Columbia on the Medicaid side, as well as all the
17 United States programs, federal healthcare programs, all of
18 which are relying on this money, over what is -- where the
19 Commonwealth, while they're coming in at this late date, had an
20 opportunity to participate had they wanted to, and was given
21 the same --
22     THE COURT: But as I understand, they were only -- let
23 me just stop you.
24     MS. WINKLER: Yes, yes.
25     THE COURT: They were only allowed to participate if