## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 1657

### REMAND ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 10.2, defendant Merck Sharp & Dohme Corp. (Merck) moves to vacate our orders, entered at the suggestions of the transferee judge, the Honorable Eldon E. Fallon, conditionally remanding the actions listed on the attached Schedule A to their respective transferor courts. Plaintiffs in those actions oppose the motions.

In opposing Section 1407 remand, Merck principally argues that Judge Fallon and not the respective transferor judges should rule on plaintiffs' pending motions for remand to state court. It argues also that Judge Fallon is in a better position to resolve these and other remaining pretrial issues, such as its pending motions for judgment on the pleadings. Certainly, the transferee judge will often rule on such motions. Here, in each Suggestion of Remand, Judge Fallon describes the pending remand motion as involving a determination of "whether the interplay between [the plaintiff state's] state law and federal law forms a basis for subject matter jurisdiction," and unambiguously states that having the transferor courts make those determinations "would be more prudent." Our view is that Judge Fallon is in the best position to make this discretionary decision. We see no reason to accord anything other than "great weight" to his conclusions.[1]

Section 1407(a) expressly authorizes remand "at or before" the conclusion of pretrial proceedings.[2] The three actions here have been pending in the MDL since 2006. Common fact and expert discovery has been completed. A mediation was conducted in the *State of Utah* action, and was scheduled in the other two actions, but cancelled when the parties determined that no resolution at the time was possible. In his Suggestion of Remand as to each action, Judge Fallon expressly

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] *See, e.g., In re: Columbia/HCA Healthcare Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008) ("'In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.'") (quoting *Holiday Magic Secs. & Antitrust Litig.*, 433 F. Supp. 2d 1125, 1126 (J.P.M.L. 1977)).

[2] *See In re: CVS Caremark Corp. Wage and Hour Employment Practices Litig.*, 684 F. Supp. 2d 1377, 1378 n. 1 (J.P.M.L. 2010) ("A transferee judge is always free to suggest early remand of state law claims, especially where he or she believes that such claims would be more appropriately resolved by the transferor court or courts.").

- 2 -

concluded that "the case will not benefit from further coordinated proceedings as part of the *Vioxx* MDL," and that "only case-specific issues remain." For all these reasons, the Panel will support Judge Fallon's recommendations to remand.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are remanded to their respective transferor courts as set forth in Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan    Sarah S. Vance
R. David Proctor

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 1657

## SCHEDULE A

<u>District of Alaska</u>

STATE OF ALASKA v. MERCK & CO., INC., C.A. No. 3:06-00018

<u>District of Montana</u>

STATE OF MONTANA, ET AL. v. MERCK & CO., INC., C.A. No. 6:06-00007

<u>District of Utah</u>

STATE OF UTAH v. MERCK & CO., INC., C.A. No. 2:06-00406