UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | MAGISTRATE JUDGE |
| 2:06-cv-09757-EEF-DEK | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
RELATED TO MYOCARDIAL INFARCTION**

**(MOTION *IN LIMINE* NO. 1)**

Merck moves to exclude evidence that attempts to show a casual association between Vioxx and myocardial infarction for two reasons.  First, such evidence is not relevant because Ms. Levitt does not claim to have experienced myocardial infarction; she claims to have experienced a different injury known as unstable angina.  *See* Fed. R. Evid. 402.  Second, any probative value is substantially outweighed by the prejudicial effect and likelihood of jury confusion.  Fed. R. Evid. 403.

**I.    EVIDENCE RELATED TO MYOCARDIAL INFARCTION IS NOT RELEVANT BECAUSE PLAINTIFF DOES NOT ALLEGE SHE EXPERIENCED A MYOCARDIAL INFARCTION.**

Plaintiff does not allege that she experienced myocardial infarction.  Instead, Plaintiff claims Vioxx caused her to experience unstable angina.  Myocardial infarction and unstable angina are different cardiovascular events.  The former is a *heart attack* that involves the death of heart muscle.  The latter is *chest pain* resulting from poor blood flow in the coronary arteries.  Plaintiff has twice acknowledged that difference in briefing before this Court, and clarified which event Ms. Levitt experienced:

> As previously explained, ACS includes a combination of three separate coronary outcomes, including unstable angina (***which Plaintiff Jo Levitt had***), myocardial infarction, and sudden death.

Egilman Opp'n 23 (Rec. Doc. 65415) (emphasis added); *see also id*. at 26 (contrasting "unstable angina, which Jo Levitt had," with myocardial infarction).  Plaintiff describes the proposition "that Ms. Levitt's only cardiovascular injury was unstable angina" as a "fact."  *Id*. at 22.  Moreover, the contemporaneous medical records contain *no diagnosis* of myocardial infarction.  An allegation that Vioxx caused Ms. Levitt to experience unstable angina will be the theory presented at trial.

As this Court knows well, in previous Vioxx trials, the evidence focused on particular "cardiovascular thrombotic events such as myocardial infarction (heart attack) and ischemic stroke."  *In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 642 (E.D. La. 2010).  That evidence, however, is not relevant to Ms. Levitt's injury.  Those previous Vioxx trials did not involve allegations of unstable angina, and Ms. Levitt does not allege myocardial infarction.  Courts regularly exclude evidence of injuries the plaintiff did not sustain as irrelevant.  *See, e.g.*, *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1331 (9th Cir. 1985) ("[W]here plaintiffs' claims were limited to injuries associated with pregnancy, any testimony regarding other possible injuries to, or other side effects suffered by, users of the Dalkon Shield would be inadmissible as irrelevant, prejudicial, collateral, and potentially confusing.").  As this Court explained in applying Fifth Circuit law, a party cannot rely on an association with "general cardiac events" to conclude "that Vioxx is directly linked to unstable angina."  Order & Reasons at 17 (Rec. Doc. 654567) (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194 (5th Cir. 1996)).  Similarly, a party cannot rely on an association with one type of cardiac event, here a myocardial infarction, to conclude that there is a link between Vioxx and another type of event, here, unstable angina.  To

introduce evidence of myocardial infarction to the jury is to ask them to draw precisely that conclusion.  Rule 403 serves to prevent this kind of misleading testimony.

Additionally, any marginal probative value in references to myocardial infarction would be substantially outweighed by the prejudicial effect.  *See* Fed. R. Evid. 403; *United States v. Nichols*, 416 F.3d 811, 824–25 (8th Cir. 2005) ("[I]n deciding whether relevant evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice," a district court "exercises more control over experts than over lay witnesses.").  Testimony of a technical or scientific nature—like the difference between myocardial infarction and unstable angina—is at particular risk of confusing a jury.  The difference between the two types of events is not within the lay knowledge of the jury.  A juror who understands myocardial infarction to mean "heart attack" could all too easily conclude that "heart attack" and "unstable angina" both are simply a "heart problem."  (One can almost hear it:  "it's a heart problem, whatever . . . .")  Evidence related to a cardiovascular injury that Ms. Levitt did not experience "threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative."  *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 445 (8th Cir. 2001).  Accordingly, any reference to a causal association between Vioxx and myocardial infarction should be excluded.

## CONCLUSION

For the reasons stated above, Merck respectfully requests that the Court exclude evidence and argument that attempt to show a casual association between Vioxx and myocardial infarction.

Dated: September 30, 2016                              Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendants' Liaison Counsel*

—and—

Douglas R. Marvin
M. Elaine Horn
Emily Renshaw Pistilli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029

*Attorneys for Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of September, 2016.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel