UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | MAGISTRATE JUDGE |
| 2:06-cv-09757-EEF-DEK | * | KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE PUNITIVE DAMAGES OPINIONS OF JOHN O. WARD, PH.D.**

**(MOTION *IN LIMINE* NO. 2)**

Merck moves to exclude the opinions proffered by Plaintiff's economics expert, John Ward, regarding Merck's ability to pay a hypothetical punitive damages award. By his own admission, Dr. Ward does not rely on any specialized knowledge or expert analysis in rendering the proffered opinions, and he has "no idea" if they are even relevant. Rather, he has simply summarized publicly available financial filings that he accessed on Merck's website and on the Yahoo.com finance website, and then applied simple percentage calculations to these figures. This is nothing but simple math. As such, his opinions are not the product of any "technical or specialized knowledge" as required by Federal Rule of Evidence 702, and they would not be of assistance to a factfinder. These opinions are not expert testimony and should be barred.

**I.   DR. WARD'S PUNITIVE DAMAGES OPINIONS.**

In his report relating to punitive damages ("Ward Punitives Report," attached hereto as Ex. A), Dr. Ward lists "selected financial measures" relating to Merck & Co. Inc. (the parent company of Defendant Merck Sharp & Dohme Corp.) that he and his associates compiled from an internet search for Merck's public filings. Ward Punitives Report at 1. These figures include

sales, net income, cash reserves, cash dividends to shareholders, market capitalization, and other financial data commonly reported by public companies like Merck. *Id.* at 2–3 and Table 1.

After listing these publicly available figures, Dr. Ward's report goes on to list seven hypothetical "Punitive Damages Awards" in amounts ranging from $10 million to $200 million,[1] and he provides what percentage each of these hypothetical awards represents of each financial figure previously listed. *Id.* at Table 2. For example, his table depicts that $200 million comprises 98.598% of $202,844,236, the figure he lists for total compensation paid to certain named executive officers from 2008 through 2012. *Id.*

The calculations provided in Dr. Ward's report are a matter of simple mathematics—he divides one (hypothetical) number into another (publicly available) number to derive a percentage. Indeed, Dr. Ward acknowledges that these calculations are not complex: "Although in this case, what we do for punitive is so simplistic in many respects, we're just using the company's own financial documents." Deposition of John Ward ("Ward Dep.") (excerpts attached as Ex. B) 36:8–10; *see also id.* at 123:2–124:18 (I mean, there's nothing to it. . . . All I tell them are what are a company's basic financial characteristics in terms of net profit, net worth, marketing capitalization, treasury stocks purchased in a given year. . . . I simply say what those numbers are. Whether or not they have any relevance, I have no idea.").

## II. DR. WARD'S PUNITIVE DAMAGES OPINIONS ARE NOT BASED ON ANY TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE AND WOULD NOT ASSIST A FACTFINDER.

Federal Rule of Evidence 702 provides that a qualified expert may offer opinion testimony only "[i]f . . . technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact at issue." Testimony is properly characterized as

---

[1] Dr. Ward does not provide any support or explanation for why he selected these particular hypothetical numbers.

"expert" only if it concerns matters that the average juror is not capable of understanding on his or her own. *See Adams v. Shoney's, Inc.*, 1994 WL 449427, at *1 (E.D. La. Aug. 12, 1994) ("Rule 702 does not embrace the admission of expert testimony on matters within the common knowledge of jurors.").

The publicly available information and basic mathematical calculations presented in Dr. Ward's report are not a matter of any technical or other specialized knowledge, and they would be easily comprehended by an average juror without any expert assistance.  Dr. Ward's opinions are therefore not helpful to a factfinder.  Purported expert testimony should be excluded when "the jury could adeptly assess th[e] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990); *see also Bouton v. Kim Susan, Inc.*, 1997 WL 61450, at *3 (E.D. La. Feb. 6, 1997).

By Dr. Ward's own admission, there is essentially no expert analysis whatsoever involved in his proffered opinion:

> Q.   And is there any -- the 2013 punitive damage report, is there any analysis, or are all the numbers that appear in the publicly available financial records?
>
> A.   Just all that comes through the publicly available financial records.  There's no analysis.

Ward Dep. 125:7–13 (Ex. B).  The financial figures he lists are simply a compilation of publicly available financial data, and the percentage calculations are a matter of simple arithmetic that could be performed by any lay person.  These are straightforward matters that are well within the comprehension of jurors, and Dr. Ward's proffered testimony would not shed any additional light on the subject of punitive damages.  *See id.* at 140:25–141:2 ("[I]f I'm asked about punitives, I'll simply read directly from the Merck financials.").  Accordingly, Dr. Ward's opinions relating to punitive damages should be excluded.  *See Schwartz v. Fortune Magazine*,

193 F.R.D. 144, 147 (S.D.N.Y. 2000) (excluding expert opinion regarding amount of lost commissions because "testimony was not generated based on any specialized knowledge, but rather involved basic calculations").

## CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Ward's opinions relating to punitive damages.

Dated: September 30, 2016

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
　　Phillip A. Wittmann, 13625
　　Dorothy H. Wimberly, 18509
　　STONE PIGMAN WALTHER
　　WITTMANN L.L.C.
　　546 Carondelet Street
　　New Orleans, LA 70130
　　Phone: 504-581-3200
　　Fax:　 504-581-3361

*Defendants' Liaison Counsel*

—and—

　　Douglas R. Marvin
　　M. Elaine Horn
　　Emily Renshaw Pistilli
　　WILLIAMS & CONNOLLY LLP
　　725 Twelfth Street, N.W.
　　Washington, DC 20005
　　Phone: 202-434-5000
　　Fax:　 202-434-5029

*Attorneys for Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of September, 2016.

                                                                            */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

*Defendants' Liaison Counsel*