# Exhibit B

John O. Ward, Ph.D.

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2
 3   IN RE:  VIOXX                 MDL DOCKET NO. 1657
     PRODUCTS LIABILITY LITIGATION    SECTION L
 4
                                      JUDGE FALLON
 5                                    MAGISTRATE JUDGE
                                      KNOWLES
 6
 7   THIS DOCUMENT RELATES TO:
 8   Jo Levitt v. Merck Sharp & Dohme Corp.,
 9   2:06-cv-09757-EEF-DEK
10   _____
11
12
13           VIDEOTAPED DEPOSITION OF JOHN O. WARD,
14   Ph.D., produced, sworn and examined on behalf of the
15   Defendant, pursuant to Notice, on Tuesday, the 9th
16   day of February 2016, between the hours of 9:40 a.m.
17   and 1:12 p.m. of that day, at the office of John
18   Ward Economics, 8340 Mission Road, Suite 235, in the
19   City of Prairie Village, in the County of Johnson,
20   and the State of Kansas, before me, NAOLA C. VAUGHN,
21   KS CCR 0895, CRR, RPR, a Certified Court Reporter,
22   within and for the States of Kansas and Missouri.
23
24
25
```

```
 1            THE VIDEOGRAPHER:  We're now on the
 2   record.  My name is Jim Ross.  I'm the
 3   videographer with Golkow Technologies.  Today's
 4   date is February the 9th, 2016.  The time is
 5   9:40 a.m.  This deposition is being held in
 6   Prairie Village, Kansas, in the matter of
 7   Levitt v. Merck, for the United States District
 8   Court of Louisiana.  The deponent is John Ward.
 9            Counsel, will you please identify
10   yourselves for the record.
11            MR. THOMAS:  Danny Thomas for
12   plaintiffs.
13            MS. HORN:  Elaine Horn from Williams
14   and Connolly for Merck.
15            MS. PISTILLI:  Emily Pistilli, also
16   from Williams and Connolly, for Merck.
17            THE VIDEOGRAPHER:  The court reporter
18   is Sam Vaughn and will now swear the witness.
19                 JOHN O. WARD, Ph.D.,
20   a witness, being first duly sworn, testified as
21   follows:
22                      EXAMINATION
23   BY MS. HORN:
24        Q.   Good morning.
25        A.   Good morning.
```

1  to be paid till -- the first dividend payment
2  would have been January 20th of 2016.  All I
3  had -- they had about 4.4 billion of net income
4  available.  Whether or not they would have paid it
5  or not, I have no idea.  I simply -- all I have
6  are some numbers.
7       Q.   And is there any -- the 2013 punitive
8  damage report, is there any analysis, or are all
9  the numbers that appear in the publicly available
10 financial records?
11      A.   Just all that comes through the
12 publicly available financial records.  There's no
13 analysis.
14      Q.   So is there any value added from
15 Dr. Kelsey in putting those numbers together?
16      A.   Well, the only value added is
17 explanation of what they are.  So if a jury --
18 someone were to say, well, this company had gross
19 sales of $44 billion.  Well, that shouldn't be a
20 basis for punitive damages because the company has
21 to pay labor.  They have to buy materials to
22 exist.
23           What I'm looking at is what part of a
24 financial statement represents discretionary --
25 potentially discretionary payments that could be