UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | MAGISTRATE JUDGE |
| 2:06-cv-09757-EEF-DEK | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, ARGUMENT,
AND COMMENT RELATED TO CHARITABLE DONATIONS AND TO
MERCK'S SIZE, STATUS, OR ATTORNEYS**

**(MOTION *IN LIMINE* NO. 7)**

Merck moves to exclude irrelevant evidence, argument, and comment by counsel on: (i) Merck's out-of-state status, as well as Merck's status as a large, national corporation doing business throughout the world; (ii) the number of attorney representing either party or the locations of counsels' offices; and (iii) the fact that certain experts chose to donate their fees to charity. Such evidence is irrelevant and laden with substantial prejudicial effect.

**I.   PRIOR RULINGS.**

This Court has previously considered similar issues on Merck's motion *in limine* in *Plunkett*, where the Court reserved ruling until trial. *See* Rec. Doc. 1563 at 7. No such evidence was offered at trial.

**II.   MERCK'S SIZE AND OUT-OF-STATE STATUS IS IRRELEVANT.**

Merck's state of incorporation is not relevant. Neither is the fact that Merck does business throughout the world. The only conceivable purpose for introducing those facts would be to exploit a perceived belief that jurors are hostile to large, out-of-state defendants. Arguments become "improper 'conscience of the community' arguments when the parties'

1

relative popular appeal, identities or geographical locations are invoked to prejudice the viewpoint of the jurors." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276–77 (5th Cir. 1998) (holding verdict impermissibly "infected by passion and prejudice" where plaintiff's counsel commented that defendant was "a national, not a local, corporation" and contrasted his status as an in-state resident with the defendant's status as a national corporation) (citing *Guar. Serv. Corp.*, 893 F.2d 725, 729 (5th Cir. 1990)); *see also NY. Cent. R.R. Co. v. Johnson*, 279 U.S. 310, 319 (1929) (finding improper "references to [defendant] as an 'eastern [company];' and statements that the [defendant] had 'come into this town' and that witnesses and records had been 'sent on from [a Northern state]' for the trial"); *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) (holding impermissibly prejudicial argument that foreign parent corporation makes "foreign goods" or "foreign products").

Reference to Merck's size or status (at trial or during *voir dire*), or introduction of evidence of that size or status, is a "blatant appeal to sectionalism." *Whitehead*, 163 F.3d at 276, 278–79. These facts do not make "more probable or less probable" any "fact that is of consequence to the determination of [this] action," and are, therefore, plainly irrelevant. *See* Fed. R. Evid. 401. They have nothing to do with Ms. Levitt's alleged injury or the adequacy of Merck's warning.

### III. COMMENTS ABOUT THE PARTIES' COUNSEL, INCLUDING THE NUMBER OF ATTORNEYS AND THE LOCATION OF THEIR OFFICES, SHOULD BE PRECLUDED.

For similar reasons, the Court should prohibit comments about Merck's defense counsel at trial and during *voir dire*. It would be inappropriate in either context to refer to matters such as the number of firms representing Merck in this MDL, the size of the firms, or the areas of the country in which defense counsel have their offices. Likewise, it would be inappropriate for Plaintiff's counsel to refer to the location of their office in Independence, Missouri near the

venue where this case will be tried. *See, e.g.*, Dep. of David Egilman (Apr. 12, 2016) (excerpt attached as Ex. A) at 27:9–10 ("Mr. McClain: . . . I'm just a simple lawyer from Independence, Missouri."). Such commentary is irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 403. The Fifth Circuit and other courts have recognized the unfair prejudice that occurs when such comments are not prohibited. *See Bufford v. Rowan Cos.*, 994 F.2d 155, 157–59 (5th Cir. 1993) (finding reversible error where counsel maligned opposing counsel); *In re Worldcom Sec. Litig.*, 2005 U.S. Dist. LEXIS 2216, at *10–11 (S.D.N.Y. Feb. 18, 2005) (granting defendants' motion to preclude references to counsel's background, size of the law firms involved in the matter, number of lawyers representing the defendant and the residence of defendants' lawyers); *Brown v. Arco Petroleum Prods. Co.*, 552 N.E.2d 1003, 1005–06 (Ill. App. 1989) (concluding plaintiff's counsel acted improperly by asking a potential juror if he knew any of the 150 attorneys in the law firm representing the defendants).

There is no legitimate reason for Plaintiff or her attorneys to comment on Merck's defense counsel, nor to seek to sway the jury by alluding to Plaintiff's counsel's local status. Such references are improper appeals to the jury that "unquestionably tarnish the badge of evenhandedness that normally marks our system of justice." *Bufford*, 994 F.2d at 158 (citation omitted). This Court should preclude all such comments.

**IV.   WHETHER EXPERTS' FEES ARE DONATED IS IRRELEVANT AND CONFUSING BECAUSE DONATIONS STILL CONSTITUTE COMPENSATION.**

Plaintiff should also be excluded from soliciting testimony from her expert witnesses on whether they have donated fees received for their work in this, or any other, litigation. David Egilman, one of Plaintiff's experts in this case, has offered testimony to support this improper inference before. In *Ernst*, another Vioxx trial, Dr. Egilman testified that he asked [plaintiff's counsel] to donate the fees . . . to the charities that I work for and some to a charity that

3

[plaintiff's counsel] chose." *See* Testimony of David Egilman, *Ernst v. Merck* (July 29, 2005) (excerpts attached as Ex. B) at 102:19–105:15.  Predictably, that plaintiff's attorney chose a local hospital and exploited the improper inference in closing argument.  *See* Closing Argument, *Ernst* (Aug. 17, 2005) (excerpts attached as Ex. C) at 91:13–92:17 (arguing Dr. Egilman's $250,000 fee made him "not a hired gun[, and he] must be something else" because of the donation).  Whether an expert chooses to make a charitable donation with his income has no bearing on the weight of his testimony.  Such testimony is but a ploy to capitalize on the jury's good will and should be excluded under Rules 402 and 403.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests this Court exclude evidence of (i) Merck's out-of-state status, as well as Merck's status as a large, national corporation doing business throughout the world; (ii) the number of attorney representing either party or the locations of counsels' offices; and (iii) the fact that certain experts chose to donate their fees to charity.

Dated:  September 30, 2016            Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, LA 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

*Defendants' Liaison Counsel*

—and—

Douglas R. Marvin
M. Elaine Horn

4

Emily Renshaw Pistilli  
WILLIAMS & CONNOLLY LLP  
725 Twelfth Street, NW  
Washington, DC 20005  
Phone: 202-434-5000  
Fax:    202-434-5029  

*Attorneys for Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of September, 2016.

                                            */s/ Dorothy H. Wimberly*
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, LA  70130
                                            Phone:  504-581-3200
                                            Fax:     504-581-3361
                                            dwimberly@stonepigman.com

                                            *Defendants' Liaison Counsel*