UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | MAGISTRATE JUDGE |
| 2:06-cv-09757-EEF-DEK | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ITS MOTION
TO EXCLUDE EXPERT OPINIONS OF DAVID EGILMAN, M.D.**

In its September 16, 2016, Order & Reasons, the Court found that under Fifth Circuit law, "Dr. Egilman cannot utilize a study linking Vioxx to general cardiac events—which may include unstable angina—to prove that Vioxx is directly linked to unstable angina." Rec. Doc. 65457 (Order) at 17. The Court deferred to the trial court, however, to "determine whether Dr. Egilman's testimony that Vioxx is causally associated with unstable angina meets the *Daubert* requirements under Missouri law." Order at 18.

Defendant seeks reconsideration of the Court's ruling because it is federal law, not Missouri law, that governs the admissibility of expert testimony under *Daubert*. And under federal law, whether in the controlling Fifth Circuit or the Eighth Circuit, Dr. Egilman's causation opinions concerning the injury Plaintiff alleges—unstable angina—are inadmissible. *See* Order at 17 (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 197 (5th Cir. 1996)); *see also Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989–90 (8th Cir. 2001) (affirming exclusion of expert opinion that relied, in part, on medical reports relating to "diseases *other* than ICH [intracranial hemorrhage]," which plaintiff alleged, "such as coronary vasospasm and heart attack," which plaintiff did not allege, because "this data does not demonstrate to an acceptable

degree of medical certainty that Parlodel can cause an ICH"); *see also Nat'l Bank of Commerce v. Associated Milk Producers, Inc.*, 22 F. Supp. 2d 942, 970–71 (E.D. Ark. 1998) (finding that a study associating a drug with the general category of "respiratory cancers" provides "no scientific basis for [the expert's] causation opinion" associating the drug with laryngeal cancer in particular), *aff'd*, 191 F.3d 858 (8th Cir. 1999).

## I.  LEGAL STANDARD.

Federal Rule of Civil Procedure 59(e) allows motions for reconsideration filed within 28 days of a challenged order. *Whetstone v. Jefferson Par. Pub. Sch. Bd.*, 2012 WL 1933730, at *2 (E.D. La. May 29, 2012) (Fallon, J.). On an interlocutory order, "the trial court [is] free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010) (citation omitted). Reconsideration thus certainly is proper to "correct[] manifest errors of law." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

## II.  THE FEDERAL LAW OF THE FIFTH CIRCUIT APPLIES.

When a federal court sits in diversity jurisdiction, the Federal Rules of Evidence and federal case law govern the admissibility of evidence.[1] *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 957 (5th Cir. 1979); *see also Lofton v. GM Corp.*, 33 F.3d 1379 (5th

---

[1]  Courts phrase this rule as one of *general* applicability because the Federal Rules of Evidence incorporate, in limited circumstances, certain state laws. *See, e.g.*, Fed. R. Evid. 601 ("[I]n a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."); Fed R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Evidence Rule 702 and the *Daubert* standard for the admissibility of expert testimony are not such an exception.

2

Cir. 1994) (applying Evidence Rule 702 and federal case law in diversity case to assess the admissibility of expert testimony). Every circuit agrees with the Fifth Circuit on this point.[2]

In fact, the Supreme Court jurisprudence governing the admissibility of expert testimony was created in diversity tort cases. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 582 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *cf. Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998) (applying *Daubert* in a diversity tort case). "It is frivolous to assert that a federal court should not have applied the federal rules governing expert witnesses, just because the case happened to be a diversity case and thus one governed by state substantive law." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943 (7th Cir. 2005). Federal law, not Missouri law, applies.

The federal law of the Fifth Circuit, moreover, governs the proceedings here. Ms. Levitt may have filed her case in the Western District of Missouri, but it later was transferred here under the federal MDL statute. *See* 28 U.S.C. § 1407. After such a transfer, "the transferee court should apply the law of the circuit in which it is located" "[w]hen analyzing questions of

---

[2]   *See Stutzman v. CRST, Inc.*, 997 F.2d 291, 295 (7th Cir. 1993) ("the Federal Rules of Evidence govern the admissibility of expert testimony in federal diversity cases"); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 761 n.31 (3d Cir. 1994) ("[State] substantive law does not change the federal standard for the admissibility of expert testimony."); *Brown v. Ford Motor Co.*, 10 F. App'x 39, 47 (4th Cir. 2001) ("As a general matter, of course, the Federal Rules of Evidence, and not state law, govern the admissibility of evidence in diversity actions in the Federal courts."); *Fitzgerald v. Expressway Sewerage Const., Inc.*, 177 F.3d 71, 74 (1st Cir. 1999) ("It is equally axiomatic, however, that federal evidentiary rules govern in diversity cases."); *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998) (same); *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997) (same); *Liebsack v. United States*, 731 F.3d 850, 855 (9th Cir. 2013) (same); *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) (same); *Potts v. Benjamin*, 882 F.2d 1320, 1324 (8th Cir. 1989) (same); *Richardson by Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 825 n.9 (D.C. Cir. 1988) (same). The Second Circuit appears not to have addressed the question directly, but the district courts apply the Federal Rules of Evidence in diversity jurisdiction. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001) (noting diversity jurisdiction); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding expert testimony under Evidence Rule 702).

federal law." *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citing *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (R. B. Ginsburg, J.), *aff'd*, 490 U.S. 122 (1989)); *see also Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (same); *Menowitz v. Brown*, 991 F.2d 36, 40–41 (2d Cir. 1993) (same); *Murphy v. FDIC*, 208 F.3d 959, 965 (11th Cir. 2000) (same).

### III.    DR. EGILMAN'S CAUSATION TESTIMONY IS INADMISSIBLE UNDER FIFTH CIRCUIT LAW.

As the Court noted in its Order, "under Fifth Circuit law, Dr. Egilman's testimony that Vioxx is causally associated with unstable angina—as opposed to general cardiac events—likely has too great of an analytical gap between the data and his opinions to meet the *Daubert* standard." *Id*. at 17 (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 197 (5th Cir. 1996)). The Fifth Circuit reached a similar conclusion in *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577 (5th Cir. 2004), where it affirmed the exclusion of expert testimony in part because the expert offered "no studies which demonstrate a statistically significant link between [the carcinogen to which the plaintiff was exposed] and [the plaintiff]'s type of . . . cancer." *Id*. at 585–86. "Scientific testimony is relevant only if the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2015 WL 3603624, at *2 (E.D. La. June 5, 2015) (Fallon, J.) (citing *Daubert*, 509 U.S. at 593). If this Court applies the law of the Fifth Circuit, as it should, then Dr. Egilman's causation opinions must be excluded.

4

## CONCLUSION

Merck respectfully requests that the Court apply the law of the Fifth Circuit and exclude Dr. Egilman's expert opinion that Vioxx is causally associated with unstable angina.[3]


Dated: October 5, 2016

Respectfully submitted,

By: /s/ Dorothy H. Wimberly
　　Phillip A. Wittmann, 13625
　　Dorothy H. Wimberly, 18509
　　STONE PIGMAN WALTHER
　　WITTMANN L.L.C.
　　546 Carondelet Street
　　New Orleans, LA 70130
　　Phone: 504-581-3200
　　Fax:　 504-581-3361

*Defendants' Liaison Counsel*

—and—

　　Douglas R. Marvin
　　M. Elaine Horn
　　Emily Renshaw Pistilli
　　WILLIAMS & CONNOLLY LLP
　　725 Twelfth Street, N.W.
　　Washington, DC 20005
　　Phone: 202-434-5000
　　Fax:　 202-434-5029

*Attorneys for Merck Sharp & Dohme Corp.*

---

[3]　As noted above, although not controlling, the law of the Eighth Circuit leads to the same result. *See Glastetter*, 252 F.3d at 990–91 (rejecting expert testimony based on "conditions which are quite distinct from [Plaintiff's] ICH"); *Nat'l Bank of Commerce*, 22 F. Supp. 2d at 970.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman, Ann B. Oldfather, and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 5th day of October, 2016.

                                                                */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

*Defendants' Liaison Counsel*

1