**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:     *Jo Levitt v. Merck Sharp & Dohme Corp.*, 06-9757

## ORDER

The Court received the attached correspondence from Defense counsel requesting rulings on various pending issues in the *Levitt* case. Counsel informed the Court that a conditional remand order has been issued in this matter. However, pursuant to MDL Panel Rule 10.2, a conditional remand order is only effective once it is filed with the clerk of the transferee district court. Thus, this Court still has jurisdiction to address pending issues in this case, and finds it would be helpful to resolve certain matters at this time.

First, Defendants request that the Court clarify the deadline for Plaintiff to decide whether she will accept the costs related to the discovery of certain confidential documents. In the Court's initial order, Plaintiff had until September 30, 2016 to reach a decision on this issue. The Court recently granted a 30-day extension, giving the Plaintiff until October 30, 2016 to decide whether she will accept these costs. Defendants are concerned that delaying this decision until after the case is transferred will result in even further delay, forcing Defendant to incur additional costs. As such, the Court finds it appropriate to clarify that Plaintiff must decide whether she will accept the costs associated with Merck's Rule 26(c) analysis, and whether she is willing to post a bond to

secure the payment of these costs. If she has not accepted the costs by October 30, 2016, Plaintiff is not entitled to these documents.

Second, Defendants have filed a Motion for Reconsideration, R. Doc. 65470, regarding the Court's Order addressing the *Daubert* Motion to exclude the testimony of Dr. Egilman. The Court finds that the trial court judge should resolve this issue.

Finally, Defendants seek leave to conduct an additional deposition of Dr. Madigan, specifically in regards to a statistical analysis Dr. Madigan performed concerning Vioxx and acute coronary syndrome. The Court finds that because the study was not disclosed at the time of Dr. Madigan's initial deposition, Defendants are entitled to complete an additional deposition on this limited issue. Therefore,

**IT IS ORDERED** that the attached correspondence is hereby **ENTERED INTO THE RECORD**.

**IT IS FURTHER ORDERED** that Plaintiff shall indicate on or before October 30, 2016, whether she accepts the costs associated with Mercks Rule 26(c) analysis of the challenged documents, as well as the potential costs of the appointment of a Special Master to review the parties' Rule 26(c) arguments alongside the documents at issue, and is willing to post a bond securing the payment of these costs. If she has not accepted by October 30, 2016, Plaintiff has waived her right to these materials.

**IT IS FURTHER ORDERED** that Defendant's Motion to Take Deposition of David Madigan, R. Doc. 65471, is **GRANTED**. Defendants have leave of Court to depose Dr. Madigan a second time. This deposition is limited to testimony regarding the statistical study concerning Vioxx and acute coronary syndrome.

New Orleans, Louisiana, this 7th day of October, 2016.

UNITED STATES DISTRICT JUDGE