LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DOUGLAS R. MARVIN
(202) 434-5400
DMarvin@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 4, 2016

The Honorable Judge Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:  **Request for Clarification in *Levitt v. Merck*, 2:06-cv-09757**

Dear Judge Fallon:

    We have learned that the Court recently sent a letter to the JPML requesting that the above-referenced matter, which is the last personal injury case in the Vioxx MDL, be transferred back to Missouri. We respectfully request that the Court address three discrete issues prior to completion of the transfer.

    First, as the Court is aware, Plaintiff was given until September 30 to decide whether she wished to pay the costs associated with reviewing the confidentiality status of certain documents and post a bond. On September 29, Plaintiff filed a motion seeking a 30-day extension, which the Court granted, thereby extending Plaintiff's deadline to October 30, 2016.

    At the time that the original schedule of costs was submitted, it was believed that this matter would be resolved quickly. In light of Plaintiff's request for additional time, however, and the imminent transfer of this case back to a new judge who would necessarily require time to get up to speed on these issues, we have significant concerns regarding the continued delay of the ultimate resolution of this matter. Each month, Merck incurs substantial costs in database vendor fees in connection with hosting the documents at issue. Accordingly, we ask that the Court issue an amended order clarifying that Plaintiff must make her decision and post the required bond by October 30, 2016, or the motion is denied.

    Second, we have a short motion for reconsideration to file to correct an issue in the Court's Order on our Egilman *Daubert* motion. In its September 16, 2016, Order & Reasons, the Court found that under Fifth Circuit law, "Dr. Egilman cannot utilize a study linking Vioxx to

WILLIAMS & CONNOLLY LLP
The Honorable Judge Fallon
October 4, 2016
Page 2

general cardiac events—which may include unstable angina—to prove that Vioxx is directly linked to unstable angina." Rec. Doc. 65457 (Order) at 17. The Court deferred to the trial court, however, to "determine whether Dr. Egilman's testimony that Vioxx is causally associated with unstable angina meets the *Daubert* requirements under Missouri law." Order at 18. As explained more fully in Merck's motion for reconsideration, Ms. Levitt filed this case in federal court in Missouri under the court's diversity jurisdiction. As such, the Federal Rules of Evidence and federal case law govern the admissibility of evidence in her case, not Missouri law. *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 957 (5th Cir. 1979); *see also Lofton v. GM Corp.*, 33 F.3d 1379 (5th Cir. 1994) (applying Evidence Rule 702 and federal case law in diversity case to assess the admissibility of expert testimony); *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998) (applying *Daubert* in a diversity tort case).

Third, we need to request the Court's leave to depose Plaintiff's expert David Madigan on his statistical analysis of Vioxx and acute coronary syndrome. The analysis was not disclosed (or even conducted) prior to Madigan's March 7, 2016 deposition. Plaintiff's counsel indicated in the *Daubert* briefing that Merck "is free to re-depose him on that limited issue" and that she "will agree to make him available for a second deposition" if required. Rec. Doc. 65407 at 15, 6. Merck has acted on this invitation and requested Plaintiff's stipulation to conduct a second deposition, but Plaintiff has not yet responded. We are prepared to file a short motion seeking the Court's leave to depose Madigan pursuant to Federal Rule of Civil Procedure 30(a)(2)(A).

We believe that the three issues referenced above can be resolved in an expeditious manner, and, while we understand the Court's intention to transfer this case for trial promptly, we respectfully request that the Court entertain before that transfer is complete.

Respectfully,

*Douglas R. Marvin*

Douglas R. Marvin