UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® <br><br> PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |

**This Document Relates to All Cases**

**MOTION OF ANN B. OLDFATHER AND MEMORANDUM IN SUPPORT
TO ESTABLISH COMMON BENEFIT FEE AND COST AWARD
PROCEDURES IN CONNECTION WITH THE UNREIMBURSED
COMMON BENEFIT WORK ON THE PERSONAL INJURY CASES**

The Court has pending before it the Aggregate Fee Petition submitted by the Common Benefit Fee and Cost Committee for the Consumer Class. *See* Rec. Doc 65491 *et. seq*. The Court's decision regarding the aggregate fee for the consumer class is affected by work done by the P.S.C. in the personal injury cases prior to the Master Settlement, and by work done by the undersigned subsequent to the Master Settlement, in her role as Lead Counsel for the P.S.C. for the Ineligible or Not Enrolled Claims (*see* Pretrial Order 45)[1] and as Liaison Counsel for the same cases.

The consumer cases as a whole depended upon the general causation proof developed in the personal injury cases. Some of that work has been reimbursed (*see* Order and Reasons dated 10/19/2010, Rec. Doc. 54040), but a significant block of

---

[1] In PTO 45, the undersigned was charged with the duties and responsibilities for these claims as set forth in Pretrial Orders No. 1 and No. 6 (*id.,* and *see also* Pretrial Order 42). The undersigned was expressly charged by the Court with the responsibility of "investigating and marshalling issues regarding general causation." *See* Pretrial Order No. 46.

that work has not yet been the subject of a common benefit fee award, specifically, the common benefit work performed by Movant and members of her firm. Movant has been reimbursed for the expert expense of $257,204.90, advanced from her own funds, on the ultimately-successful effort to establish general causation for the VTE cases. However, Movant has other, significant held costs that have not yet been reimbursed. All of Movant's time (and that of her firm) has been submitted to Phil Garrett and approved by him. It has been a substantial hardship for a small firm to carry such a large investment of time for such a long period of time, and no fees have been paid to Movant on any common benefit work. Movant files herewith her Declaration of February 6, 2017 (Exhibit A), which refers to those hours, and the same materials she submitted to the Consumer Class Fee Committee (Exhibit B), which has the approved, but as-yet-unpaid, hours and expenses of Movant.

Since the question of common benefit awards has not yet been addressed for the presently unreimbursed personal injury work, Movant does not know the amount of funds which will be available for these potential awards, nor does Movant know what reimbursements may be sought by firms other than her own. As a result, Movant timely submitted her approved time and expenses to the Common Benefit Fee and Cost Committee for the Consumer Class, expressly acknowledging that her claim was based not on work specifically done for the consumer class, but on work from which the class benefitted, i.e. on extending the general causation proof from arterial strokes and heart attacks (established by the P.S.C.) to include the venous system.

The allegations in the class complaint *expressly required* the general causation proof provided by Movant's work, and those class claims were not settled by Merck until general causation had been established at to both arterial and venous injuries. *See* Movant's submission to the Consumer Class Fee Committee, attached as to Exhibit B.

Although the Common Benefit Fee and Cost Committee for the Consumer Class attached Movant's submission as Exhibit I to its Aggregate Fee Petition (Rec. Doc. 65491), it is Movant's understanding (which she cannot verify) that the hours expended by Movant and her firm, although approved by Phil Garrett, were not included in the Garrett chart (described in the Aggregate Fee Petition as Exhibit A).[2] It should also be clear that Movant is *not* seeking double payment, but rather that a sufficient fund be available so that this Court can consider the *Johnson* factors for fee awards, just as it did when establishing compensation for the firms that worked on the heart attack and stroke cases.

---

[2]  Movant objects that her firm's hours were not included in Exhibit A. Movant has been told that the reason is because her firm's hours were logged in the Garrett system under the code for the MDL or Vioxx General and not the specific code for the consumer class. But Movant complied with all requirements of Pretrial Order 59 and 59A, and participated in an interview with the Committee. The Court has already expressed the guiding principal that common benefit work inures across all claimants, and usually cannot be narrowly assigned to just one aspect of the case: "The benefit created by common labor and compensated by joint assessments is sometimes intangible and difficult to quantify in individual cases. Nonetheless, the work done by common benefit attorneys does have a significant and meaningful effect on all cases pending in the MDL." Order & Reasons, Rec. Doc. 63798 at 8. If anything, Movant's work and the benefit it provided to the consumer class ought to be resolved by the Court or should be treated as a question of allocation; in no event should it have simply been omitted with no reference in the overall chart.

Materials produced to Movant in 2016 (as a result of her motion to require disclosure of common benefit fee and costs withholdings from settlement of personal injury cases and accounting of common benefit expense advancements, *see* Rec. Doc 65357 *et. seq.*) revealed that approximately 147 personal injury cases were settled post-Master Settlement Agreement. To Movant's knowledge, the only personal injury case which is not resolved (*Levitt*) has been remanded to state court.

Lastly, monies exist in the Common Benefit Expense Fund that can be considered for these awards. On September 23, 2009, the Court ordered that $48.5 million, which represents 1% of the total settlement amount in this case, be set aside as the Common Benefit Expense Fund. *See* Pretrial Order No. 51 (Sept. 23, 2009). The Court also ordered that $40,049,748.16 in costs be reimbursed at that time. *Id.* On December 17, 2009, the Court ordered that an additional $49,216.08 in costs be reimbursed. *See* Order, Rec. Doc. 30153 (Dec. 17, 2009). The Court then entered Pretrial Order 51, establishing a procedure whereby future common expenses would be reviewed and reimbursed. *See* Pretrial Order No. 51 (Sept. 23, 2009). The Court has entered several subsequent orders for advancements to the PSC, many of which, like PTO 51, are subject to the express requirement that the expenditures from the advance "shall be documented as ordered in Pre-Trial Order No. 6 or reimbursed to the Common Benefit Expense Fund." Other ordered disbursements from the Common Benefit Expense Fund have been for specific approved expenditures and are not subject to further accounting. Movant's calculation of the remaining balance in the Common Benefit Expense Fund is in

4

Para. 8 of Movant's Declaration, attached as Exhibit A.

Movant had asked the P.S.C. to make the motion to establish the necessary committees to address the common benefit payments from the remaining Common Benefit Expense Fund and the Personal Injury Fund held by the Garretson Firm. The P.S.C. suggested that Movant make this motion instead, given that Movant is in the unusual position of also seeking a common benefit award from the consumer class, as set forth above.

For the foregoing reasons, Movant respectfully requests the Court to establish the necessary procedures to determine the appropriate fund and the appropriate award for common benefit services and funds expended by Movant and her firm in fulfillment of her obligations as Lead and Liaison counsel for the Ineligible and Non-Enrolled Cases.

Respectfully Submitted,

*/s/ Ann B. Oldfather*
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.636.0066  (fax)
aoldfather@oldfather.com
*Liaison and Lead Counsel for Certain Personal Injury Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of February, 2017.

*/s/ Ann B. Oldfather*
_____
Ann B. Oldfather