UNITED STATES COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This Document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

**RESPONSE TO MOTION OF ANN B. OLDFATHER TO ESTABLISH COMMON BENEFIT FEE AND COST AWARD PROCEDURES IN CONNECTION WITH THE UNREIMBURSED COMMON BENEFIT WORK ON THE PERSONAL INJURY CASES**

Plaintiffs' Liaison Counsel, Russ M. Herman ("Herman"), and the law firm of Herman, Herman & Katz, LLC ("HHK") (collectively, "Herman/HHK") submit this response to the Motion filed by Ann B. Oldfather ("Oldfather") to Establish a Common Benefit Fee and Cost Award Procedure in Connection with the Unreimbursed Common Benefit Work in the Personal Injury Cases.

As this Court is well aware, MDL No. 1657 was established in 2005. Since that time substantial work was performed by the Plaintiffs' Steering Committee appointed pursuant to Pretrial Order No. 6 dated April 8, 2005 as well as other counsel including HHK and other common benefit counsel. This Court has overseen the entirety of the multidistrict litigation involving Vioxx which involved cases consisting of personal injury, third party payor actions, government actions, consumer actions and cases that did not resolve in the Settlement Agreement between Merck & Co., Inc. dated November 9, 2007 (the "Vioxx Settlement Agreement").

On July 13, 2009 the Court issued Pretrial Order No. 45 which appointed a Plaintiffs' Steering Committee for the Ineligible or Not Enrolled Claims [Rec. Doc. 20888] in the Vioxx

Settlement Agreement.  In that order the Court appointed Oldfather as Lead Counsel for the PSC whose duties and responsibilities of the PSC were identical to those set forth in Pretrial Orders No. 1 and 6 in handling these claims.  Attached as Exhibit A to Pretrial Order No. 45 was a list of 113 specific claims that were the subject of Oldfather's appointment.  Thereafter, on January 8, 2010 Pretrial Order No. 45A was issued [Rec. Doc. 31448] which added additional members to the Plaintiffs' Steering Committee.  On August 20, 2009, the Court issued Pretrial Order No. 46 [Rec. Doc. 22705] which addressed 116 cases that were subject to "Lone Pine" preliminary case-specific expert reports required by PTO Nos. 28 and 29.  Furthermore, on June 14, 2010, the Court issued Pretrial Order No. 56 [Rec. Doc. 44553] which further addressed the responsibilities of Oldfather for ineligible or not enrolled claims and attached as Exhibit A a list of 46 claims which were also subject to Oldfather's responsibility.  In total Oldfather was appointed by the Court to act as Plaintiffs' Liaison Counsel for 165 cases pursuant to those pretrial orders.[1]

Pretrial Order No. 6 dated April 8, 2005 set forth procedures and guidelines for plaintiffs' counsel's time and expense submissions.  The time and expense guidelines were "…intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 1657."  The Court approved the retention of Philip Garrett, CPA to assist and provide accounting services.  Mr. Garrett compiled time and expense submission and provided monthly reports to the Court, under seal.  All counsel were to submit time and expense submission on a monthly basis.  The Court's order provided that "only time spent on matters common to all claimants in MDL 1657 will be considered in determining fees.  <u>No time spent on</u>

---

[1] Oldfather was given access to the PSC depository and work product without any contribution to the common benefit fund or charged against fees for individual cases.

developing or processing any case for an individual client (claimant) will be considered or should be submitted."

Law firms that were involved in the common benefit work in Vioxx litigation were to maintain and submit time and expense records. Many firms' records and submissions were not necessarily broken down or categorized by the particular type of issue (personal injury, third party payor actions, government actions, consumer actions and cases that did not resolve in the Vioxx Settlement Agreement however those counsel submitted their time in accordance with Pretrial Order No. 6.[2]

Essential to any request for the establishment of a common benefit fee and cost award will be a determination of any outstanding unreimbursed costs. The Court should request that Mr. Garrett provide a comprehensive analysis of any unreimbursed costs so any remaining unreimbursed expenses can be addressed.[3]

### Personal Injury Cases

A Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses [Rec. Doc. 17642] was filed with the Court and on September 23, 2009 Pretrial Order No. 51 was issued addressing disbursement of costs. Additionally, the Court determined the value of the common benefit work in the Vioxx MDL and associated state litigations and issued an Order and Reasons on October 19, 2010 [Rec. Doc. 54040]. Thereafter, an Order and Reasons allocating the common benefit attorneys' fees among the attorneys who did the work which produced the personal injury settlement (the Vioxx Settlement Agreement) was issued on August 9, 2011 [Rec. Doc. 63195]. These cases were handled by numerous common benefit counsel, including HHK, prior to Oldfather being appointed as Plaintiffs' Liaison Counsel.

---

[2] Oldfather's functions and duties were limited solely to matters set forth in Pretrial Order No. 45 though such time may have been considered "common benefit" by Oldfather.
[3] The Court issued an Order on August 3, 2016 [Rec. Doc. 65422] ordering reimbursement of TPP held costs.

Cases remaining after the Vioxx personal injury settlement, except those specific cases which the Court identified and ordered Oldfather to act as Plaintiffs' Liaison Counsel, continued to be worked by common benefit counsel and their respective individual counsel.

### Third Party Payor

On August 17, 2011 the Court issued Pretrial Order No. 57 which established a procedure and deadlines for Private Third Party Payor common benefit fees. On January 3, 2014 the Court issued an Order establishing the Third Party Payor fee [Rec. Doc. 64783]. This portion of the Vioxx Litigation is concluded.

### Consumer Cases

On September 23, 2015 the Court issued Pretrial Order No. 59 which appointed a common benefit fee and cost committee in connection with the Vioxx Consumer Settlement Agreement and established guidelines for common benefit attorneys' fees and cost reimbursement. Pretrial Order No. 59A was issued on December 7, 2015 [Rec. Doc. 65311]. On January 21, 2017, an Aggregate Fee Petition pursuant to Pretrial Order No. 59A by the Common Benefit Fee and Cost Committee was filed with the Court [Rec. Doc. 65491]. Oldfather claims to have a right to a fee in connection with these cases (see Rec. Doc. 65498). This portion of the Vioxx Litigation is still on going as regards to reimbursement of fees (see footnote 2 herein).

### Government Actions

No fee petition has been filed with the Court with respect to government actions.

### Conclusion

The Court should establish a common benefit fee and cost procedure to address the disbursement of all remaining funds held on deposit that are available for distribution to common benefit counsel that have worked and continued to work on Vioxx MDL matters including those

handled by Oldfather. Oldfather should make a report outlining fees and costs received from the 165 cases that were handled pursuant to Pre-Trial Order Nos. 45, 45A, 46 and 56. A listing of any unreimbursed common costs from any cases in this MDL needs to be provided to the Court and an allocation of fees will also need to be made to common benefit counsel.

                Respectfully submitted,

Dated: March 22, 2017

        /s/ Russ M. Herman
        Russ M. Herman, Esquire
        Leonard A. Davis, Esquire
        HERMAN, HERMAN & KATZ, L.L.C.
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        ldavis@hhklawfirm.com
        *Plaintiffs' Liaison Counsel*
        *MDL 1657, Co-Lead Class Settlement Counsel*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittman, by U.S. mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of March, 2017.

        /s/ Leonard A. Davis
        Leonard A. Davis