UNITED STATES COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This Document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

THE FEE COMMITTEE'S RESPONSE TO
MOTION FOR LEAVE TO FILE FEE
PETITION INSTANTER AND FOR OTHER
<u>RELIEF FILED BY ROBERT J. SHELIST</u>

**MAY IT PLEASE THE COURT:**

This memorandum is being submitted on behalf of the Common Benefit Fee and Cost Committee (the "Fee Committee"), through its Chairs, Russ M. Herman and Leonard A. Davis, pursuant to Pre-Trial Order 59(A), in response to the Motion for Leave to file Fee Petition Instanter and For Other Relief filed by Robert J. Shelist on February 22, 2017 [Rec. Doc. 65511].

MDL 1657, In re: Vioxx Products Liability Litigation began in early 2005.  Upon the formation of the MDL, this Court promulgated a number of initial Pre-Trial Orders intended to address administrative matters.  One of the first orders issued by the Court was Pretrial Order 6 dated April 8, 2005.  PTO 6 appointed the Plaintiffs' Steering Committee and set forth its members' responsibilities.  It also set forth standards and procedures to be utilized by any counsel seeking fees and/or expense reimbursement.  The order outlined the timing and manner in which reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions for common benefit were to be handled.  Among other items, time and expense submissions were to be submitted timely on a monthly basis, compiled by Philip Garrett, CPA

who was approved by the Court and set forth the manner in which time and expense reporting was to be maintained and submitted by all counsel.  The Court's Orders were posted on the Court's website, distributed by Plaintiffs' Liaison Counsel to counsel in the litigation that registered pursuant to PTO 8.  Furthermore, discussions regarding PTO 6 and PTO 59 and its amendments have taken place at a substantial number of monthly status conferences and references to all pre-trial orders are posted in the monthly status report filed with the Court.  Furthermore, the Court-appointed CPA, Philip Garrett, has been in communication with firms that complied with PTO 6 to assist those firms in reviewing the entries posted on the Case Cost Management System. PTO 59 and its amendments set forth a number of deadlines.  All of these Orders were all circulated and made available to counsel.

  Since the entry of PTO 59, the Fee Committee has followed the directives issued by the Court and undertaken a substantial amount of work.  For instance, the Fee Committee has worked with Philip Garrett to assist those firms who submitted time and expenses, received firms' Affidavits and set up firm presentations.  Affidavits were an essential component of PTO 59 as amended, and all firms who sought reimbursement for time and expenses were required to outline certain information on a timely basis so that the Fee Committee and the Court could evaluate each firm's common benefit contribution to this litigation.  The Fee Committee kept in constant contact with all firms that submitted time and expenses and Affidavits.  Mr. Garrett spent considerable time performing his Court-ordered tasks with firms that made time and expense submissions.  His review of the time and expense submissions was purely administrative to ensure compliance with the guidelines set forth in PTO 6 and PTO 59 as amended.  All counsel were responsible for monitoring the Court's docket and maintaining its practices

...

consistent with this Court's Pre-Trial Orders, including PTO 6. It appears from Mr. Shelist's motion that his law firm failed to comply with PTO 6.

On June 6, 2013, Robert Shelist ("Shelist") wrote Plaintiffs' Liaison Counsel Russ Herman and counsel for Merck, Dorothy Wimberley and Phil Wittmann, about the prospective settlement of the purchase class actions claims against Merck. At that time, Mr. Shelist advised "Since I review each and every filing in the litigation, I am aware that settlement discussions have been ongoing of the class actions and that written settlement agreements have been drafted and now are finalized." He also stated that he wanted to participate in settlement and "review all communications, emails, settlement drafts and the final proposed agreement, etc." After Shelist was provided certain information pertaining to the Consumer Settlement in July 2013, Shelist continued to communicate with Herman, advising Herman that he had "reviewed every single document that has been filed in the entire history of the MDL."

The time submission requested by Mr. Shelist to be accepted by the Court is woefully delinquent. Based on the attachments to the Shelist Motion for Leave to File Fee Petition Instanter and for Other Relief, all time appears to be "review" as opposed to time for case assessment, development and administration, the preparation of pleadings, discovery, trial preparation, appeal or settlement. The Shelist claim appears to be one of several consumer matters that were resolved by the MDL Consumer Settlement Agreement to which Mr. Shelist did not negotiate or participate in any way in the MDL.

The MDL docket sheet shows no affirmative action on Shelist's part. Shelist was advised by Herman to address time and expense matters with Mr. Garrett. Herman advised Shelist that Brown Greer was handling the claims process and that "any submissions which are not timely and those which deviate from the court's requirements may not be considered." Herman also

informed Mr. Shelist that all orders were on the Court's website. On September 25, 2015, Mr. Shelist requested a copy of PTO 6 in order to file a fee request, and Herman promptly provided information so Shelist could access it from the Court's website. Also, in October 2015, Mr. Garrett and Mr. Shelist consulted regarding the Shelist request to submit time.

On March 14, 2016, Mr. Shelist provided Herman an affidavit in support of his firm's fee request to which the Fee Committee immediately responded, explaining that the Affidavit was not timely and no time or expenses had been submitted to Mr. Garrett. Mr. Shelist replied on March 16, 2016, and further questions regarding the submission arose. Finally, in January 2017, Mr. Shelist apparently reviewed the common benefit fee petition filed in the Consumer cases and inquired about his firm's time. The submission by the Fee Committee did not include any time for Mr. Shelist as no affidavit was timely submitted pursuant to Pretrial Order No. 59 and time had not been submitted to Mr. Garrett.

If this Court were inclined to allow Mr. Shelist or any other late filer to seek common benefit fees or costs reimbursement, the Court should require full compliance with PTO 6 and PTO 59 as amended. No late filer should be given any benefit in this eleventh hour, and any late filer must comply with the same Pre-Trial Order procedures that all other firms who sought reimbursement have complied. This means that all late filers must report and satisfy the requirements of PTO 59 as amended, which include submitting all firm time and expenses on the Philip Garret Case Cost Management System, providing an Affidavit, and making a presentation to the Fee Committee. Any additional cost and expenses incurred by Philip Garrett that are necessitated by the late filing of time and expense submissions should be assessed to the late filer, in recognition of the fact that Mr. Garrett has engaged in an extensive accounting review of all hours and costs submitted in the litigation and must now redo his calculations and revise any

Affidavit that he may have presented to the Court. Furthermore, late filings will require new interviews of late filers, in New Orleans, Louisiana, on an expedited and immediate basis. Although the Fee Committee does not want further delay, if the Court is inclined to allow late filers, new deadlines will need to be established that also preclude further filings.

For the foregoing reasons, the Motion for Leave to File Fee Petition Instanter and for Other Relief filed by Robert Shelist should be denied.

                                                 Respectfully submitted,

Dated: March 22, 2017

/s/ Russ M. Herman
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 1657, Co-Lead Class Settlement Counsel*
*Fee Committee Chair*

COMMON BENEFIT FEE AND
COST COMMITTEE:

/s/ Richard A. Getty
RICHARD A. GETTY
Fee Committee Member

/s/ James P. Lyle
JAMES P. LYLE
Fee Committee Member

/s/ Dawn M. Barrios
DAWN M. BARRIOS
Fee Committee Member

/s/ Elizabeth J. Cabraser
ELIZABETH J. CABRASER
Fee Committee Member

5

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittman, by U.S. mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of March, 2017.

                                                     /s/ Leonard A. Davis
                                                   Leonard A. Davis