UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| *This document relates to* | * | JUDGE FALLON |
| *Jo Levitt v. Merck & Co., Inc.*<br>2:06-cv-09757-EEF-DEK | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### JO LEVITT'S MOTION PURSUANT TO THE ALL WRITS ACT TO COMPEL THE WESTERN DISTRICT OF MISSOURI TO VACATE AND SET ASIDE ORDER OF DISMISSAL

Contrary to this Court's explicit orders and clear intent, Defendant Merck waited until this ten-year-old litigation was transferred out of the Vioxx MDL to file a Motion for Judgment on the Pleadings claiming that Ms. Levitt's case was untimely filed because, even though her doctor continued to prescribe her Vioxx, there was no question that she was aware her heart problem was caused by it. Merck should have filed this Motion in 2006 and was required by an Order from this Court to file it by June 2016. Instead, it waited until it believed it had a friendly judge, less familiar with the case, to file its Motion. This flagrant forum shopping violates the orders from this Court and must not be rewarded. Jo Levitt asks this Court to use its authority to correct this obvious injustice.

### INTRODUCTION

The All Writs Act grants this Court broad power to enforce its orders, even after remand to the trial court. The law of the case doctrine also holds that in multidistrict litigation the trial court must abide by the orders of the MDL even after remand. This Court issued a Scheduling Order requiring all dispositive motions to be filed by June 2016. After it ruled upon all three of Merck's dispositive motions, this Court held that the case "is ready for trial," and remanded it to

ORAL ARGUMENT REQUESTED

the Western District of Missouri for that purpose. Upon remand, Merck violated this Court's Scheduling Order by filing a fourth dispositive motion. It argued that even though Ms. Levitt's physician continued to prescribe Vioxx into 2002 and she continued to take it, it is undisputed that she had knowledge that her cardiovascular events were caused by Vioxx by September of 2001, and her case is untimely as a matter of law. The Western District of Missouri rejected Ms. Levitt's argument that "this Court is bound by the deadlines set by the MDL" and held that because by September of 2001 a small scattering of articles had been published across the country suggesting that Vioxx may cause heart problems, Ms. Levitt could not deny that she knew Vioxx caused her heart condition. (Merck, of course, continued to deny any association between Vioxx and heart problems until it took the drug off the market in 2004). This erroneous order, in violation of this Court's previous findings and Scheduling Order and contrary to Missouri law, was entered on April 13, 2017, and is attached as Exhibit A.

      This Court should exercise its broad authority to enforce its own orders granted by the All Writs Act. The Western District of Missouri might not acknowledge the authority that this Court's orders have but the Supreme Court of the United States of America and several Circuit Courts do. As held by those Courts, the law of the case doctrine protects the MDL process by preventing a rogue court from undermining years of judicial resources and informed decisions of the multidistrict judge upon remand. This Court remanded the case for the sole purpose of trial - not to permit a court with no prior knowledge of the case to violate the Scheduling Order and wrongly decide a dispositive issue that could have been raised a decade ago. This Court should issue an Order compelling the Western District of Missouri to vacate its order dismissing Ms. Levitt's case.

## FACTUAL BACKGROUND

Jo Levitt filed suit against Merck on September 29, 2006. On November 8, 2006, the case was transferred to this Court for inclusion in the Vioxx MDL. The case remained in the MDL for ten years, until October 14, 2016, when this Court issued a Suggestion of Remand, ordering that the case: "**is now ready for trial**. All the discovery in this matter has been completed, and the Court has issued substantive rulings on various pretrial issues." (MDL Rec. Doc. 1620-1) (emphasis added). Prior to remand, the MDL oversaw discovery and dispositive motion briefing. Specifically, this Court entered a Scheduling Order mandating that dispositive motions be filed by June 27, 2016 (MDL Rec Doc. 65373). Merck knew that it needed to file its dispositive motions in the MDL—indeed, Merck filed three separate Motions for Summary Judgment: on March 28, 2014; December 22, 2014; and June 27, 2016 (See MDL Rec. Docs. 64878, 65087, and 65379). All three of these Motions were ruled upon by this Court (*See* MDL Rec. Docs. 65200 and 65458).

Merck waited until the case was remanded to the Western District of Missouri to file its Motion for Judgment on the Pleadings Pursuant to the Statute of Limitations. The Western District of Missouri accepted transfer of the case on November 18, 2016 and it was assigned to Judge Dean Whipple. On February 13, 2017, Merck filed its Motion for Judgment on the Pleadings. Merck could have filed this Motion at any time during the ten years the case was in the MDL and was required by order of this Court to file it no later than June 27, 2016. But it waited until the complaint had been on file for ten years and the case had been remanded to file its motion. Despite this, On April 13, 2017, the Western District of Missouri granted the Motion and dismissed Ms. Levitt's claims with prejudice.

In its Order, attached as Exhibit A, the Western District held that even though the MDL ordered that dispositive motions be filed by June 27, 2016, "Plaintiff has not shown prejudice as a result of the alleged untimely filing, **or that this Court is bound by the deadlines set by the MDL**." (Exhibit A, page 5) (emphasis added). This order ignores the law of the case and the MDL's authority. This Court did not lose its authority to enforce its Scheduling Order and other findings once Ms. Levitt's case was remanded for trial.  It should exercise the extraordinary power conferred by the All Writs Act and enter an Order compelling the Western District of Missouri to vacate and set aside its Order of Dismissal so that the case can proceed to trial as this Court intended.

## LEGAL STANDARD

The Western District's refusal to recognize the legitimacy of this Court's Orders as it presided over Ms. Levitt's case for the past decade violates the law of the case doctrine, which ensures both efficiency and consistency within MDL cases.  This Court has the authority pursuant to the All Writs Act to enforce its orders after remanding the case for trial and must do so here to protect and uphold the principles of the MDL system. Merck should not be permitted to overturn a decade of litigation, orders, and findings, by withholding a dispositive motion until remand on the hope that a judge less familiar with the history of the case will issue a favorable ruling.  This Court's Scheduling Order correctly ordered that it was the only proper Court to rule on dispositive motions.  Merck violated this order and it must be enforced.

A. <u>The All Writs Act</u>

The All Writs Act, 28 U.S.C. § 1651(a), confers "extraordinary powers" upon federal courts. *See ITT Community Dev. Corp. v. Barton,* 569 F.2d 1351 (5th Cir.1978). The Act grants federal courts the authority to issue "all writs necessary or appropriate in aid of their respective

4

jurisdictions." See 28 USC § 1651. Therefore, on its face, the All Writs Act gives this Court the authority to protect its prior Orders entered in the MDL. The Supreme Court of the United States has confirmed the Act grants this broad authority and has "repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.,* 434 U.S. 159, 172, 98 S. Ct. 364, 372, 54 L. Ed. 2d 376 (1977). The All Writs Act has been found to authorize Courts to issue writs to protect "not only ongoing proceedings, but potential future proceedings**, as well as already-issued orders and judgments**." *Burr & Forman v. Blair*, 470 F.3d 1019, 1026 (11th Cir. 2006), citing *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1099 (11th Cir.2004) (internal citations removed). "Proceedings in other courts that involve the same facts as already issued judgments and orders, or that could result in the issuance of an inconsistent judgment, threaten the jurisdiction of the district court enough to warrant an injunction" *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1104 (11th Cir. 2004).

### B. The Law of the Case Doctrine

The law of the case doctrine is central to the MDL system and ensures that the decisions and orders of the multidistrict judge are not rendered meaningless upon remand: "The law of the case doctrine requires attention to the special authority granted to the multidistrict transferee judge and ensures that transferor courts respect the transferee court's decisions." *In re Ford Motor Co.,* 591 F.3d 406, 411 (5th Cir. 2009) (internal citation omitted). In reviewing the decisions of MDL courts under the law of the case doctrine, "transferor courts should rarely reverse, because any widespread overturning of transferee court decisions would frustrate the principle aims of the MDL process and lessen the system's effectiveness." *Id*. The proper

coordination and management of complex litigation would be frustrated if other courts refuse to follow the lead of transferee MDLs. *In re Multi-Piece Rim Prod. Liab. Litig.*, 653 F.2d 671, 678 (D.C. Cir. 1981). Here, to allow Merck to litigate in the remand Court—the Western District of Missouri—issues and arguments it was required by Order to raise in the Vioxx MDL but refused to do so because a judge less acquainted with the case could rule in its favor would "frustrate the purposes of centralized pretrial proceedings." *McKay v. Novartis Pharm. Corp.,* 751 F.3d 694, 705 (5th Cir. 2014), citing *In re Ford Motor,* 591 F.3d at 411.

## ARGUMENT

The MDL statute, 28 U.S.C. § 1407, allows for the transfer of civil actions that are pending in different districts to a single district for coordinated or consolidated pretrial proceedings if the cases involve one or more common questions of fact. 28 U.S.C. § 1407(a). Pretrial proceedings in MDL cases operate pursuant to both Section 1407 and the Federal Rules of Civil Procedure.

In Ms. Levitt's lawsuit, the MDL correctly determined that its intimate knowledge of the issues qualified it as the proper Court to issue rulings on dispositive motions. The Supreme Court and several Circuits have also recognized that pretrial proceedings, including dispositive motions, are properly decided by the transferee court prior to remand. *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F. Supp. 2d 25, 37 (D.D.C. 2007), citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998) (including summary judgment motions when considering pretrial proceedings under § 1407); *In re Rhone–Poulenc Rorer Pharmaceuticals, Inc.,* 138 F.3d 695, 697 (7th Cir.1998) (stating that transferee judge has power to issue final pretrial order under F.R.C.P. 16; collecting authorities); *In re Patenaude,* 210 F.3d 135, 144–45 (3d Cir.2000) (reviewing legislative history of § 1407

and other authorities and concluding that pretrial proceedings include summary judgment) (explanatory parentheticals in original).

It is well-established law that "orders issued by a federal transferee court remain binding if the case is sent back to the transferor court*." Parkinson v. Novartis Pharm. Corp.,* 5 F. Supp. 3d 1265, 1271 (D. Or. 2014), citing *In re Zyprexa Prods. Liab, Litig.,* 467 F.Supp.2d 256, 273 (E.D.N.Y.2006) (citing Manual for Complex Litigation § 20.133 (4th ed.2004)). Despite this, the Western District of Missouri—here, the transferor court—determined on its own that it was not bound by the order entered by the MDL—the transferee court.

This Court, the Vioxx MDL, expressed its clear intent that this case is **"ready for trial**." (MDL Rec. Doc. 1620-1). One of the reasons why the case is ready for trial is because this Court set a deadline for dispositive motions to be filed no later than June 2016 and then ruled upon all three motions filed by Merck. In doing so, this Court was fulfilling its duty as the MDL to oversee all discovery and dispositive motions and leave only the trial to the Western District of Missouri after remand.

This Court previously denied Merck's Motion for Summary Judgment for Failure to Satisfy Specific Causation on Ms. Levitt's Claims of Heart Attacks (MDL Rec. Doc. 65200). This Court additionally denied Merck's Motion for Summary Judgment Regarding Proximate Causation that invoked the learned intermediary doctrine. *Id*. This Court was well versed with the facts of Ms. Levitt's case, and previously noted that Ms. Levitt continued to take Vioxx until April 29, 2002 (MDL Rec. Doc. 65200, page 4). Knowing this, Merck understood that this Court would deny any Motion arguing that Ms. Levitt's claims were barred by the statute of limitations and so waited until the case was remanded to file its dispositive Motion for Judgment on the Pleadings.

7

Merck also knew the history of the MDL's prior rulings on statute of limitations arguments, a majority of which held that September 30, 2004 was the triggering date for the statute of limitations because that was the date Merck withdrew Vioxx from the market. In its Motion for Judgment on the Pleadings in Ms. Levitt's case, however, Merck argued that Ms. Levitt should have known by September 29, 2001 that Vioxx was associated with an increased risk of cardiovascular events—even though Vioxx remained on the market and even though Ms. Levitt continued to be prescribed and take the drug until April 2002. Merck's flawed argument rested on a few scattered news reports from other states that mentioned the possibility of such a connection, which Merck actively denied.

The Western District of Missouri found that these news reports alone provided Ms. Levitt with sufficient notice to trigger the statute of limitations as a matter of law and dismissed her case after ten years of litigation in the MDL. This holding and Merck's Motion ignored the law of the case in the MDL, which had previously held numerous times that media reports alone were insufficient to provide potential plaintiffs notice. Instead, it was not until the withdrawal of Vioxx from the market that provided definitive notice of the link between plaintiffs' cardiovascular injuries and their ingestion of Vioxx. The MDL applied this finding to cases from Pennsylvania, California, Indiana, Texas, Kentucky, Tennessee, and Illinois. *See In re Vioxx Products Liab. Litig.*, 522 F. Supp. 2d 799 (E.D. La. 2007) (applying Pennsylvania law) (statute of limitations began to run on **September 30, 2004**); *In re Vioxx Products Liab. Litig.*, MDL NO. 1657, 2007 WL 3334339 (E.D. La. Nov. 8, 2007) (applying Texas, California, and Indiana law) (statute of limitations began to run on **September 30, 2004**); *In re Vioxx Products Liab. Litig.*, 05-5545, 2007 WL 3353404 (E.D. La. Nov. 8, 2007) (applying Kentucky and Tennessee law) (statute of limitations began to run on **September 30, 2004**); *In re Vioxx Products Liab.*

*Litig.*, 10-868, 2012 WL 2021945 (E.D. La. June 5, 2012) (applying Illinois law) (again used **September 30, 2004** as the triggering date).

After seeking MDL treatment to assure uniform ruling on all common issues, Merck waited until Ms. Levitt's lawsuit was remanded to argue that Ms. Levitt's cause of action accrued in September 2001 or earlier, even though Vioxx remained on the market for another three years and Ms. Levitt continued to take Vioxx until April 2002. Knowing that this Court would deny its Motion, Merck waited for a more favorable forum with less knowledge on the history and issues of the case.

## CONCLUSION

Despite this Court's Orders and the law of the case, the Western District of Missouri improperly permitted Merck to wait until Ms. Levitt's lawsuit was remanded to file a Motion for Judgment on the Pleadings so that it could have the issue be determined by a court that lacked the decade's worth of knowledge and experience of the issues that this Court has.  In fact, Merck refused to ask both this Court and the Western District of Missouri to examine the evidence collected over ten years of litigation to determine whether Ms. Levitt's claims were time-barred. Instead, it filed a Motion for Judgment on the Pleadings only after this Court remanded the case for trial. Merck deliberately waited for a more favorable forum with an inferior understanding of Vioxx cases. It cannot avoid the deadline to file dispositive motions set forth in this Court's Scheduling Order by disguising a Motion for Summary Judgment as a Motion for Judgment on the Pleadings.  If it truly was a motion on the pleadings, Merck would have filed it in 2006 when the complaint was filed.  Instead, it is a deliberate attempt to undermine the authority, findings, and orders of this Court by improperly saving a dispositive motion for remand.

This forum shopping is improper and must not be allowed. Jo Levitt respectfully requests that this Court exercise the jurisdiction afforded to it by the All Writs Act and enter an Order enforcing its prior Scheduling Order and Suggestions in Support of Remand that held Ms. Levitt's case was ready for trial upon remand. Had Merck desired to file a fourth dispositive motion it was required by Order from this Court to do so in the MDL prior to June 2016. The law of the case doctrine prohibits Merck from violating this Court's Scheduling Order by litigating issues in the Western District of Missouri that were available to it in the MDL. To allow Merck and the Western District of Missouri to ignore this Court's unequivocal Orders would obliterate the purposes of centralized multidistrict litigations. This Court should use the broad power granted to it by the All Writs Act to enforce its orders and uphold its authority as the multidistrict court to preside over all pre-trial matters including dispositive motions.

For all these reasons, Jo Levitt seeks relief from this Court in the form of an Order mandating that the Western District of Missouri vacate and set aside its Order of Dismissal and for such further relief as this Court deems just and proper.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

*/s/ Daniel A. Thomas*
| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |
| Nichelle L. Oxley | MO #65839 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile
**ATTORNEYS FOR JO LEVITT**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 18, 2017, a true and correct copy of the foregoing was served on all counsel of record by the Court's electronic filing system (CM/ECF):

*/s/ Daniel A. Thomas*
Attorney for Jo Levitt

Stephen D. Raber
Paul E. Boehm
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029
and
Stephen G. Strauss
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Phone: 314-259-2000
Fax:    314-259-2020

**ATTORNEYS FOR MERCK**