**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck Sharp & Dohme Corp.*, | * | MAGISTRATE JUDGE |
| 2:06-cv-09757-EEF-DEK | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO THE
ALL WRITS ACT TO COMPEL THE WESTERN DISTRICT OF MISSOURI
TO VACATE AND SET ASIDE ITS ORDER OF DISMISSAL**

Plaintiff's motion misrepresents Judge Whipple's authority to manage pretrial matters,

misunderstands the purpose and scope of the All Writs Act, mischaracterizes this Court's prior

rulings, and maligns a sitting United States District Court Judge who has served in the Western

District of Missouri for nearly thirty years, including seven years as the District's Chief Judge.

To the extent this Court considers Plaintiff's motion at all, it should be summarily denied.

**I.      Plaintiff's Motion Is Procedurally Improper.**

Plaintiff's motion cannot be heard by this Court because it is procedurally improper.

"After remand, the transferor court has exclusive jurisdiction, and further proceedings in the

transferee court with respect to a remanded case are not authorized absent a new transfer order

by the Panel."  Manual for Complex Civil Litigation (4th Ed.) at § 20.133, p. 226 (citing *In re*

*Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 508 F. Supp. 1020 (E.D. Mich. 1981)).  Even

arguments concerning "'law of the case' considerations" are properly addressed to the trial court,

not to the MDL court.  *Id.*   In other words, as an initial matter, this Court does not have authority

to hear this motion absent a new transfer order from the Judicial Panel on Multidistrict

Litigation.

## II.     Judge Whipple Properly Exercised His Authority in Granting Merck's Motion for Judgment on the Pleadings.

Judge Whipple's ruling recognizes Federal Rule of Civil Procedure 12(c), which "provides that a motion for judgment on the pleadings may be filed '[a]fter the pleadings are closed—but early enough not to delay trial[.]'" *Levitt v. Merck Sharp & Dohme Corp.*, --- F. Supp. 3d ---, 2017 WL 1653700, at *2 (W.D. Mo. Apr. 13, 2017).  Indeed, "a motion under Rule 12(c) *must* be heard and decided before trial unless the court orders a deferral until trial."  Fed. R. Civ. P. 12(i) (emphasis added).  Merck's motion was filed, heard, and decided well in advance of the August 2017 trial date in this matter.  There is no dispute about that.

Instead, Plaintiff argues that Judge Whipple violated the law-of-the-case doctrine by hearing and ruling on Merck's motion for judgment on the pleadings under Rule 12.  Br. at 5–6. Plaintiff's argument fails for two reasons.

***First***, there is no "law of the case" on this issue.  This Court has never ruled on the application of Missouri's statute of limitations to Plaintiff's claims.  As Judge Whipple noted,

> [T]he MDL ruled that "**at the very latest** . . . [the] statute of limitations began to run on September 30, 2004."  *See In re Vioxx Prod. Liab. Litig.*, 522 F. Supp. 2d 799, 808, 810, 814 (E.D. La. 2007) (emphasis supplied).  This ruling does not establish that the statute of limitations could not begin at an earlier date, and Plaintiff's argument to the contrary is disingenuous.  Additionally, to the extent this ruling is even relevant, the MDL did not issue it under Missouri law; instead, Plaintiff concedes that the MDL was applying Pennsylvania, California, Indiana, Texas, Kentucky, Tennessee, and Illinois law.

*Levitt*, 2017 WL 1653700, at *3.  The law-of-the-case doctrine "'expresses the practice of courts generally to refuse to reopen what has been decided,' but it is 'not a limit on their power'" to manage the case or address matters of first impression.  *Cottier v. City of Martin*, 604 F.3d 553, 556 (8th Cir. 2010) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).  In effect, Plaintiff's motion asks this Court not only to disregard the trial court's authority to address

2

pretrial motions, but to second-guess the substantive ruling made by Judge Whipple, a United States Federal District Court Judge experienced in applying the state law that governs this issue.

It is true that this Court's pre-transfer scheduling order addressed certain pretrial matters before the case was remanded to the Western District of Missouri. But nothing in this Court's scheduling order abrogated—or could have abrogated—the trial court's authority to set additional pretrial deadlines, generally manage pretrial matters, or hear pretrial motions pursuant to the timing set forth in the Federal Rules of Civil Procedure. To the contrary, before remanding this matter to the Western District of Missouri, this Court held "that any previous pretrial deadlines set by this Court are no longer binding on this matter[,]" including "what deadlines will control the various pretrial motions and motions *in limine* after this case is transferred to the trial court." Rec. Doc. 65475, at 1 (Ex. 1). "All pretrial deadlines in the matter," this Court advised, "will be reset by the trial court." *Id.* All "district courts have the inherent authority to manage their dockets[.]" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see also Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to set filing deadlines[.]").

***Second***, even if Judge Whipple's scheduling order had contradicted this Court's pre-transfer scheduling order—which it did not—the law-of-the-case doctrine does not apply to scheduling matters. *See Morris v. Am. Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) (explaining the doctrine applies "when a court decides upon a rule of law")). A scheduling order does not decide a rule of law. It is an interlocutory order to which "[t]he doctrine does not apply[.]" *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008); *see also United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997) ("in civil cases a district court is not precluded by the law-of-the-case

3

doctrine from reconsidering previous rulings on interlocutory orders"); *Fenner v. Wyeth*, 912 F. Supp. 2d 795, 800 (E.D. Mo. 2012) (holding that the law-of-the-case doctrine does not apply to interlocutory orders from the MDL court).[1]

## III. Plaintiff's Proper Recourse Is to Request Reconsideration or Appeal to the Eighth Circuit.

The All Writs Act does not give this Court authority to vacate Judge Whipple's substantive ruling concerning the application of Missouri's statute of limitations. *See ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1358 (5th Cir. 1978) (the power granted courts through the All Writs Act is "firmly circumscribed"); *see also Alhassid v. Bank of Am., N.A.*, 2014 WL 2581355, at *1 (S.D. Fla. June 9, 2014) (holding that the All Writs Act "does not authorize one federal court to enjoin another from proceeding absent extraordinary circumstances").

Such circumstances are exceedingly rare. In general, one court will only enjoin another under the All Writs Act when doing so is necessary to protect the resolution of an action currently pending before the enjoining court, either by trial or by settlement. *See, e.g., Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007) ("the Act is generally used to prohibit activities in another court that threaten to undermine a pending settlement"); *see also Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 343 (5th Cir. 1986) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, the general principle is to avoid duplicative litigation.")). The MDL is resolved, and no event before Judge Whipple could "interfere with [this] federal court's

---

[1] The Fifth Circuit affords a transferor trial court "the same discretion to reconsider an order as would the first judge" who issued the order in the MDL. *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009). "Under the law of the case doctrine and general principles of comity, a successor judge has the same discretion to reconsider an order as would the first judge[.]" *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997). Here, of course, there was no order for Judge Whipple to reconsider.

own path to judgment[.]" *Grider*, 500 F.3d at 329–30 (internal quotation marks omitted).  In the context of an MDL, using the All Writs Act is even more problematic, as it would frustrate the trial court's exclusive jurisdiction as the litigants return to the MDL court for what amounts to interlocutory appeals.

The Supreme Court has "established that extraordinary writs cannot be used as substitutes for appeals." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).  Because "[a]n injunction under the All Writs Act invokes the equitable power of the court[,] . . . a court may not issue an injunction under the All Writs Act if adequate remedies at law are available." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005).  The appellate process is an adequate remedy at law.  *See Hill v. Traxler*, 550 F. App'x 1, 2 (D.C. Cir. 2013); *United States v. Muldrow*, 2009 WL 3299598, at *1 (D. Kan. Oct. 13, 2009) (holding that an equitable remedy is proper only in the "absence of a legal remedy, including the right of appeal"), *aff'd*, 373 F. App'x 903 (10th Cir. 2010).

Plaintiff has moved for reconsideration under Rule 59(e).  *See* Pl.'s Suggs. in Supp., *Levitt v. Merck Sharpe & Dohme Corp.*, Civ. No. 4:06-818, Rec. Doc. 63 (W.D. Mo. May 12, 2017) (Ex. 2).  In addition, Judge Whipple entered a final judgment against Plaintiff, *see Levitt*, Doc. 57 (Apr. 14, 2017), so she may appeal this issue to the Eighth Circuit.  *See* Fed. R. Civ. P. 54(a); Fed. R. App. P. 3.  Plaintiff's efforts to end-run those channels by filing this motion are procedurally and substantively improper.

## IV.     Plaintiff's Statements Regarding Judge Whipple Are Improper.

Plaintiff's counsel's characterization of Judge Whipple as "a rogue court" does not meet the standards of professional conduct expected from attorneys appearing before this (or any) Court.  *See* Br. at 2.  Judge Whipple was appointed with the unanimous consent of the United States Senate and has served as a judge on the Western District of Missouri for three decades.

His order is detailed, well-reasoned, and correctly applies the Missouri law by which he is bound.[2]  Having practiced law in Missouri for his entire 50-year career, including 30 years as a United States District Court Judge, Judge Whipple is well-positioned to address this issue.

Describing Judge Whipple as "a rogue court" does not qualify as zealous advocacy; it is a failure of decorum, civility, and professionalism.  "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge[.]"  ABA Model Rule of Professional Conduct 8.2(a); *see also Travelers Ins. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417 n.6 (5th Cir. 1994) (affirming sanctions against counsel who "attempt[ed] to impugn the integrity of the Court").

Plaintiff's disagreement on the merits of Judge Whipple's order, however misplaced, could have been stated through a motion for reconsideration or by appeal to the Eighth Circuit. Instead, by attacking Judge Whipple's integrity and competency before a sister United States District Court, Plaintiff's counsel (in addition to underscoring the weakness of their argument) "cross the line from passionate advocacy and disagreement with a court's decision into sanctionable conduct evincing bad faith."  *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) (discussing attorney who accused a federal judge of "fundamental ignorance").  In

---

[2]   As Judge Whipple's order recognizes, Missouri's statute of limitations does not employ the subjective "knew or should have known" standard—common in many other jurisdictions—for assessing when its five-year statute of limitations is triggered for purposes of personal injury claims.  Thus, the statute of limitations did not begin to run, as Plaintiff continues to argue, only when she first "was aware her heart problem was caused by [Vioxx]."  Br. at 1.  Missouri's statute of limitations is triggered when the medical community becomes aware of the *possibility* that a product might cause a particular injury.  *See Levitt*, 2017 WL 1653700, at *1 (restating Missouri law that the statute runs when "[the injury] is diagnosed, and . . . a theory as to its cause is ascertainable") (citing *Lockett v. Owens-Corning Fiberglas*, 808 S.W.2d 902, 907 (Mo. Ct. App. 1991)).  "This is an objective test" that does not depend on a plaintiff's subjective knowledge.  *Id.*  Indeed, the Missouri Supreme Court expressly rejected the subjective test that Plaintiff continues to advance.  *Powel v. Chaminade Coll. Prep., Inc.*, 197 S.W.3d 576, 581 (Mo. 2006) (ruling that a subjective test "is not what the legislature did and it is not for us to rewrite the statute to so provide").

Missouri—as in most jurisdictions—courts take a dim view of such conduct: "Once a judge rules, a zealous advocate complies, then challenges the ruling on appeal; the advocate has no free-speech right to reargue the issue, resist the ruling, or insult the judge." *In re Coe*, 903 S.W.2d 916, 917 (Mo. 1995) (citing *Maness v. Meyers*, 419 U.S. 449, 459 (1975)).

## CONCLUSION

Merck respectfully asks the Court, if it considers it at all, to deny Plaintiff's motion to "vacate and set aside" *Levitt v. Merck Sharp & Dohme Corp.*, --- F. Supp. 3d ---, 2017 WL 1653700 (W.D. Mo. Apr. 13, 2017).


Dated:  May 23, 2017                    Respectfully submitted,

                                        By: */s/ Dorothy H. Wimberly*
                                            Phillip A. Wittmann, 13625
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, LA 70130
                                            Phone: 504-581-3200
                                            Fax:    504-581-3361

                                        *Defendants' Liaison Counsel*

                                          —and—

                                            Douglas R. Marvin
                                            Paul E. Boehm
                                            WILLIAMS & CONNOLLY LLP
                                            725 Twelfth Street, N.W.
                                            Washington, DC 20005
                                            Phone: 202-434-5000
                                            Fax:    202-434-5029

                                        *Attorneys for Merck Sharp & Dohme Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2017, the foregoing was filed via the Court's e-filing system to be served upon Counsel of Record:

Kenneth B. McClain
Daniel A. Thomas
Nichelle L. Oxley
HUMPHREY, FARRINGTON, & MCCLAIN PC
221 W. Lexington, Suite 400
Independence, MO 64051
Phone: 816-836-5050

*Counsel for Plaintiff*

By: */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

*Defendants' Liaison Counsel*