# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JO LEVITT, | ) |
| | ) |
| Plaintiff, | )  Case No. 4:06-cv-00818-DW |
| | ) |
| v. | ) |
| | ) |
| MERCK SHARP & DOHME CORP., | ) |
| | ) |
| Defendant. | ) |

## JO LEVITT'S SUGGESTIONS IN SUPPORT
## OF HER RULE 59(E) MOTION TO AMEND AND VACATE

This Court committed clear reversible error by relying on three-hundred (300) pages of exhibits filed by Merck Sharp & Dohme Corporation in support of its Motion for Judgment on the Pleadings without first converting the Motion into one for Summary Judgment as required by Rule 12(d).  Jo Levitt, by and through counsel, respectfully requests that pursuant to Federal Rule of Civil Procedure 59(e), this Court amend and vacate its judgement, dated April 14, 2017.

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD............................................................................................................2

ARGUMENT .........................................................................................................................3

    1.   The Eighth Circuit Has Previously Reversed a District Court on This Same Issue ......3

    2.   This Court Should Not Have Relied on Merck's Exhibits Without Converting its Motion to a Motion for Summary Judgment .................................................................4

    3.   Due to this Court's Error, Ms. Levitt Was Prejudiced....................................................9

CONCLUSION.....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Bannister v. Armontrout,* 807 F.Supp. 516, 556 (W.D.Mo.1991), *aff'd,* 4 F.3d 1434 (8th Cir.1993)……………………………………………………………………………………..2

*BJC Health Sys. v. Columbia Cas. Co.,* 348 F.3d 685 (8th Cir. 2003) ..........................3, 4, 5, 8

*Blankenship v. Manchin*, 410 F. Supp. 2d 483 (S.D.W. Va.),
*aff'd,* 471 F.3d 523 (4th Cir. 2006) .......................................................................................8

*B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.,*
No. 11-4029-NKL, 2012 WL 5818001, at *1 (W.D. Mo. Nov. 15, 2012) ................................2

*Buttice,* 938 F. Supp. at 567; Def.'s Suggs. in Support, p. 4-5 ...................................................5

*Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005
(8th Cir. 2000)...................................................................................................................4, 5

*Ericson v. City of Meriden,* 113 F. Supp. 2d 276 (D. Conn. 2000),
*aff'd,* 55 F. App'x 11 (2d Cir. 2002) ........................................................................................7

*Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) ....................................................................3, 4

*Kaestel v. Lockhart*, 746 F.2d 1323, 1324 (8th Cir.1984) (per curiam) ...................................4

*Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107
(8th Cir.), cert. denied, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999) ...................2

*Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996).....................................2

*Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).............................2, 6

*Schultz v. Braga,* 290 F. Supp. 2d 637 (D. Md. 2003), *aff'd,* 455 F.3d 470 (4th Cir. 2006) .....8

*United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) ....................2

*Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir.1993) ..................................................................8

iv

**Statutes and Rules**

Federal Rules of Civil Procedure

Rule 12 ...................................................................................................................................5
Rule 12(b) .............................................................................................................................3

Rule 12(b)(6) ......................................................................................................................3, 7

Rule 12(c) .............................................................................................................................3

Rule 12(d) ........................................................................................2, 3, 4, 7, 8, 9, 10

Rule 56 .......................................................................................................................1, 3, 5, 11

Rule 59(e) .............................................................................................................................2

Western District of Missouri Local Rule 7.0(c)(2) .......................................................9

Wright & Miller, Federal Practice and Procedure § 1366 .........................................3

## INTRODUCTION

Defendant Merck filed only six (6) pages worth of Suggestions in Support of its Motion for Judgment on the Pleadings Pursuant to the Statute of Limitations but attached over three-hundred (300) pages of exhibits. Despite its title, it was a Motion for Summary Judgment and **not** a Motion for Judgment on the Pleadings. Rule 12(d) mandates that when "matters outside the pleadings are presented to and not excluded by the court, the motion **must** be treated as one for summary judgment under Rule 56." (emphasis added). This Court did not exclude the exhibits but specifically embraced them in its Order granting Merck's Motion dated April 13, 2017 (Doc. 56). This Court then entered judgment in the case, dismissing Ms. Levitt's lawsuit with prejudice, on April 14, 2017 (Doc. 57).

Because this Court did not give notice that it was converting the Motion and did not provide Ms. Levitt additional time and the opportunity to respond and attach her own evidence, Ms. Levitt's Opposition focused on her petition and the facts set forth therein, as opposed to presenting documents, deposition testimony, medical records, and other evidence that would refute the exhibits relied on by Merck. As such, Ms. Levitt was denied the "reasonable opportunity to present all the material that is pertinent to the motion" guaranteed to all parties by Rule 12(d). This Court must correct this clear error of law and manifest injustice by amending and vacating its judgment so that Merck's motion can be converted into one for summary judgment to which Ms. Levitt can fully respond.

## LEGAL STANDARD

Motions brought pursuant to Rule 59(e) serve the valuable function of "correcting manifest errors of law or fact or to present newly discovered evidence." *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.,* No. 11-4029-NKL, 2012 WL 5818001, at *1 (W.D. Mo. Nov. 15,

1

2012), citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006). The purpose of Rule 59(e) is to provide the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." *Id.*, citing *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996). The Motion will be granted if the party can establish: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." *Id.*, citing *Bannister v. Armontrout,* 807 F.Supp. 516, 556 (W.D.Mo.1991), *aff'd,* 4 F.3d 1434 (8th Cir.1993).

Here, Ms. Levitt moves pursuant to Rule 59(e) to amend this Court's judgment to correct the clear error of law that occurred when this Court relied on material outside the pleadings without converting Merck's motion into one for summary judgment. When considering a Rule 12(c) Motion for Judgment on the Pleadings, the court must ignore materials outside the pleadings. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999), citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999). Instead, when parties introduce evidence beyond the pleadings, the Motion is converted into a Motion for Summary Judgment, pursuant to Rule 12(d), which provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

## ARGUMENT

This Court considered matters outside the pleadings, yet it failed to convert the Motion to one for Summary Judgment. In doing so, it denied Ms. Levitt additional time and the opportunity to present evidence in opposition. This was clear reversible error, and this Court violated Rule

2

12(d) by allowing Merck to present matters outside the pleadings, and outside the public record, while denying Ms. Levitt that same opportunity.

### 1. The Eighth Circuit Has Previously Reversed a District Court on This Same Issue

In *BJC Health Sys. v. Columbia Cas. Co.,* 348 F.3d 685 (8th Cir. 2003), the defendant moved to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6), and attached three documents to its motion, including the agreements between the parties and a letter from the defendant. *Id*. at 687. After referring to the documents in its order, the district court—the Eastern District of Missouri—granted the motion and dismissed the plaintiff's claims. *Id*. On appeal, the plaintiff argued that the district court erred in relying on the documents attached to the defendant's motion to dismiss, arguing that the documents were "matters outside the pleadings" requiring that the motion be treated as one for summary judgment. *Id*.

The Eighth Circuit agreed and held that district courts are offered no discretion on the matter:

> Rule 12(b) is not permissive. "[T]he motion *shall* be treated as one for summary judgment ...." *Id.* (emphasis added). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). This interpretation of the rule is "appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the *688 face of the complaint." *Gibb,* 958 F.2d at 816.

*Id.* at 687–88. Likewise, here Rule 12(d) is not permissive and the Court was compelled to convert Merck's Motion for Judgment on the Pleadings to a motion for summary judgment. The Eighth Circuit explained that "there must be reliance by the district court on the matters outside the pleadings before it can be said that a motion . . . has been converted into one for summary judgment." *Id*. at 688 (internal citation omitted). There clearly was such reliance in this case, as

3

this Court specifically cited Merck's exhibits in its Order granting Merck's Motion for Judgment on the Pleadings.  Order (Doc. 56), pages 4-5.

In reversing the Eastern District of Missouri's Order in *BJC Health Sys.*, the Eighth Circuit found it significant that the documents outside the pleading were provided in opposition to the pleading. *Id*. at 688-89. "For what purpose would [defendant] have provided the documents to the district court, other than to discredit and contradict [plaintiff's] allegations?" *Id.* As the plaintiff was not provided notice or an opportunity to produce evidence in response, the district court's order of dismissal was reversed, and the case remanded to the district court for further proceedings. *Id*. at 688-89.

### 2. This Court Should Not Have Relied on Merck's Exhibits Without Converting its Motion to a Motion for Summary Judgment

*BJC Health Sys.* is by no means an isolated case.  The Eighth Circuit has confirmed that a district court **must strictly comply** with the rule to provide notice and a fair opportunity to respond to the arguments and facts that go beyond the face of the pleadings so as not to unfairly prejudice the non-moving party:  The general rule in this Circuit is that "strict compliance" with this notice procedure is required. *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000) (citing *Kaestel v. Lockhart*, 746 F.2d 1323, 1324 (8th Cir.1984) (per curiam).

Just like the district court in *BJC Health Sys.*, this Court improperly relied on matters outside the pleadings without providing Ms. Levitt notice or an opportunity to provide evidence in response.[1] And just like the Court in *Country Club Estates*, nowhere in Defendant's Motion or Suggestions in Support does the phrase "summary judgement" or "Rule 56" appear.  *Id.* at 106.

---

[1] Indeed, not only did this Court rely on materials outside the pleadings, but it confirmed that it was treating Merck's motion as one that went beyond the pleadings by relying exclusively on cases which were decided under Rule 56, not Rule 12." Order (Doc. 56), pages 3-4.

4

Nevertheless, this Court's Order relied on several newspaper articles and press releases attached by Merck to its Motion as Exhibits B-K:

> Second, a theory as to the cause of these injuries was ascertainable before September 2001. In particular, Defendant has produced several articles and studies that were published before September 2001, and which showed that "the medical community was aware . . . of a possible link between the conditions for which plaintiff seeks recovery and [Vioxx]." *Buttice*, 938 F. Supp. at 567; *Def.'s Suggs. in Support, p. 4-5* (citing pre-September 2001 sources).
>
> By way of example, on April 29, 2000, The Star-Ledger (Newark, New Jersey) reported that "[a] pall was cast over Merck & Co. yesterday after investors reacted to a study that found its hot-selling Vioxx painkiller—the drug maker's most important new product—caused a higher incidence of strokes or heart attacks than a generic medicine [and] also detected statistically 'significant' cardiovascular problems." Doc. 37-1, p. 2. On August 22, 2001, the Wall Street Journal cited a study which reported that Vioxx use "might lead to increased cardiovascular events [and that] patients taking Vioxx had more than twice as many heart attacks, strokes and other cardiovascular events as patients getting an older, generic arthritis drug[.]" Doc. 37-8, p. 2-3.
>
> Indeed, as early as July 23, 2001, lawsuits were being filed for injuries allegedly caused by the ingestion of Vioxx. On that date, a lawsuit was filed in the Superior Court of California which alleged that Vioxx caused "serious medical problems such as serious cardiovascular events and death." Doc. 37-11, p. 2. The Complaint cited "a large study . . . in 2000 . . . [that] link[ed] the subject drug formulations to . . . serious cardiovascular events[.]" Id., p. 6.

Order (Doc. 56), pages 4-5. The amount of extrinsic materials submitted to this Court and subsequently relied upon in this Court's Order is extraordinary.

This Court apparently believed that the newspaper articles and a 2001 Complaint filed in California somehow constituted materials that are "part of the public record." In its Order, this Court specifically cites to *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) for the principle that courts "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the

5

pleadings." Order (Doc. 56), p. 3.[2] But this Court's reliance on *Porous Media Corp.* is misplaced. In *Porous*, the extrinsic material at issue was a transcript of proceedings in front of the district court in an underlying case between the same parties. *Id*. The Eighth Circuit held that the district court did not err in relying upon the transcript of the proceedings in front of the district court, and that the district court had already implicitly determined the issue at bar. *Id*.

The only scenario in which the holding in *Porous Media Corp.* would be analogous is if the Court relied on a transcript of a proceeding in front of the Vioxx MDL Court in which Ms. Levitt and/or her attorneys were also a participating party. This is not what happened. Merck did not attach any such transcript, or any other "items appearing in the record of the case" or "exhibits attached to the complaint" as exhibits to its Motion. Instead, this Court relied on newspaper articles (Merck's Exhibits B-C, F-K) and a Complaint from another Vioxx lawsuit that was filed in California (Merck's Exhibit L) in granting Merck's Motion. These documents do not constitute "materials part of the public record," that would excuse the Court for considering them without converting Merck's Motion into a Motion for Summary Judgment. Under Eighth Circuit precedent, this is reversible error.

There can be no doubt that the Court relied on material that was outside the pleadings and not part of the public record in this matter. In granting Merck's Motion for Judgment on the Pleadings, this Court specifically cited reliance on an unrelated lawsuit filed in California in 2001, as well as newspaper articles from the Wall Street Journal (Merck's Exhibit I) and from the Star-Ledger from Newark, New Jersey (Merck's Exhibit B) (Court's Order (Doc. 56) pages 4 - 5). This Court also placed reliance on "several articles and studies that were published before September 2001." *Id*. Merck also attached articles from USA Today (Merck's Exhibit E); the

---

[2] This Court also referenced the *Porous* decision in a footnote on the first page of its Order. However, the purpose of the Court's reference to *Porous* in this section is unclear. All of the facts referenced in this portion of the Order appear to come from the pleadings.

6

Washington Post (Merck's Exhibits F and K); The Early Show on CBS (Merck's Exhibit G); and the St. Louis Post-Dispatch (Merck's Exhibit J). Merck additionally cited two studies published in medical journals, from the New England Journal of Medicine (Merck's Exhibit C) and the Journal of the American Medical Association (Merck's Exhibit H). All of these items were improper for a Rule 12(c) Motion for Judgment on the Pleadings and this Court should have stricken them from the record or afforded Plaintiff an opportunity to present competing evidence.

Other courts have refused to consider such materials in deciding motions without converting them into Motions for Summary Judgment pursuant to Rule 12(d). In *Ericson v. City of Meriden,* 113 F. Supp. 2d 276 (D. Conn. 2000), *aff'd,* 55 F. App'x 11 (2d Cir. 2002), the defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and asked the court to consider "extraneous documents" including a newspaper article in its consideration of the motion. *Id*. at 283. The court rejected the defendant's attempt and excluded the contents of the newspaper article from its analysis, and "consider[ed] only matters alleged within the four corners of the complaint in ruling on [the] motion." *Id*. The court reasoned that the plaintiff's claims were not founded on the documents, including the newspaper article, therefore they were not properly considered in analyzing a motion about the complaint. *Id*. Here, Ms. Levitt's claims were not founded on any of the materials Merck attached to its Motion and relied on by this Court. Merck's Motion should have been struck or converted pursuant to Rule 12(d).

In *Schultz v. Braga,* 290 F. Supp. 2d 637 (D. Md. 2003), *aff'd,* 455 F.3d 470 (4th Cir. 2006) the defendants similarly moved to dismiss the complaint for failure to state a claim. *Id*. at 646. There, a defendant argued that the court should have considered news articles in which the plaintiff and her lawyer made statements contradicting the allegations contained in the

7

complaint. *Id*. at 651, f.n. 8. The court held that it could not consider documents other than the complaint without converting the motion to one for summary judgment. *Id*. The court explained that while exceptions have been made "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint," the news articles did not fit into any of those exceptions. *Id*., citing *Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir.1993). Similarly here, the documents Merck attached to its Motion and this Court relied on in granting the Motion did not fit into any of the above exceptions to the rule requiring that the Motion be converted into one for Summary Judgment.

A court did consider a news article in analyzing a motion to dismiss without converting the motion pursuant to Rule 12(d) in *Blankenship v. Manchin*, 410 F. Supp. 2d 483 (S.D.W. Va.), *aff'd,* 471 F.3d 523 (4th Cir. 2006). There, however, the news article at issue was specifically quoted in the plaintiff's complaint. *Id*. at 487, f.n. 1. The same cannot be said about the news articles and studies relied upon by this Court in granting Merck's Motion.

On appeal, this Court's Order granting Merck's Motion will present to the Eighth Circuit with the same error that it previously reversed and remanded in *BJC Health Sys.* This Court should avoid this error by amending and vacating its judgment to provide Ms. Levitt the opportunity to respond to Merck's Motion, which should be treated as one for summary judgment.

### 3. Due to This Court's Error, Ms. Levitt Was Prejudiced

Merck's Motion was not truly one "*on the pleadings.*" It consisted of a mere six (6) pages of argument, followed by over three-hundred (300) pages of exhibits. By being forced to respond to it as if it were truly a motion on the pleadings, not only was Ms. Levitt prevented from

8

introducing evidence in opposition to Merck's three-hundred pages of exhibits, but she also had less time in which to prepare an Opposition. Due to this Court's failure to convert Merck's Motion, Ms. Levitt only had fourteen (14) days to file her Opposition pursuant to Western District of Missouri Local Rule 7.0(c)(2), as opposed to the twenty-one (21) days that would have been afforded to her had this Court properly converted the Motion to one for Summary Judgment.

Ms. Levitt was prejudiced in this Court's failure to abide by Rule 12(d). She had less time to prepare an Opposition, and was prevented from producing documents, affidavits, deposition testimony, and other evidence to refute the articles and studies Merck attached to its Motion and this Court relied on. Indeed, how can it be said that a Plaintiff sitting in Kansas City, Missouri in 2000, who did not even own a computer or have access to the internet at the time, somehow had access to disputed scientific literature, newspaper articles and a complaint filed in California (presumably before e-filing existed) so as to rule as a matter of law that the cause of her injury was capable of ascertainment.

Ms. Levitt had a right to refute Merck's extrinsic materials with contradictory evidence and common sense historical and factual materials which would have clearly demonstrated that the cause of her injury was not capable of ascertainment prior to September of 2001. Instead, Ms. Levitt's Opposition focused *on the Pleadings* because that's what the law dictated and Ms. Levitt had no notice from this Court that it would consider Merck's extrinsic materials and convert Merck's Motion into a motion for summary judgment. Ms. Levitt quoted eleven (11) separate paragraphs from her pleading in her Opposition (Doc. 42, pages 8-10). Ms. Levitt explained to this Court how the allegations in her Complaint must be accepted as true for purposes of deciding the Motion regarding the pleadings, yet this Court chose to look outside the

9

four corners of Ms. Levitt's Complaint and considered extraneous documents in violation of Rule 12(d).

## CONCLUSION

Ms. Levitt disputes that her Complaint was barred by the statute of limitations, and believes that it was not until Vioxx was withdrawn from the market in September 2004 that the limitations period on her claims began to run (*See* Doc. 42). Absent providing Ms. Levitt an opportunity to properly respond, it cannot be said that this Court granted Merck's Motion "on the merits."  It was reversible error to fail to convert Merck's Motion into one for Summary Judgment and permit Ms. Levitt to provide her own evidence. It was reversible error for this Court to rely on Merck's extrinsic materials without giving Plaintiff notice of its intent.  Merck relied on three-hundred (300) pages of exhibits to its Motion. It was clearly not one "on the pleadings." Ms. Levitt should have been afforded the same opportunity to present evidence in opposition to Merck's statute of limitations arguments. This Court should amend and vacate its April 13, 2017 Order granting Merck's Motion for Judgment on the Pleadings.  If the Court is further inclined to allow Merck to file a dispositive motion despite the MDL Court's clear Scheduling Order and instructions, then the Court should order that Merck present its Motion as a Rule 56 Motion for Summary Judgment and allow Ms. Levitt a reasonable opportunity to present all the material that is pertinent to the just determination of such a motion.

Respectfully submitted,

**HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

*/s/ Daniel A. Thomas*

| | |
|---|---|
| Kenneth B. McClain | MO #32430 |
| Daniel A. Thomas | MO #52030 |
| Nichelle L. Oxley | MO #65839 |

221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile

**ATTORNEYS FOR PLAINTIFF**

11

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 12, 2017, a true and correct copy of the foregoing was served on all counsel of record by the Court's electronic filing system (CM/ECF):

>
> */s/ Daniel A. Thomas*
> Attorney for Plaintiff

Stephen D. Raber
Paul E. Boehm
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Phone: 202-434-5000
Fax:    202-434-5029
and
Stephen G. Strauss
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Phone: 314-259-2000
Fax:    314-259-2020

**ATTORNEYS FOR DEFENDANT**