UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to* | * | JUDGE FALLON |
| | * | |
| *Jo Levitt v. Merck & Co., Inc.* | * | |
| 2:06-cv-09757-EEF-DEK | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JO LEVITT'S REPLY IN SUPPORT OF HER MOTION PURSUANT TO
THE ALL WRITS ACT TO COMPEL THE WESTERN DISTRICT OF MISSOURI
TO VACATE AND SET ASIDE ITS ORDER OF DISMISSAL**

Merck offers four (4) reasons why this Court should not exercise its authority under the All Writs Act to enforce its Orders. Yet, Merck offers no excuse for its choice to disobey this Court's Scheduling Order; offers no explanation as to why it waited for over ten (10) years before filing its Motion to Dismiss; and fails to offer any legally sufficient grounds for denying Ms. Levitt's Motion. First, Merck complains of procedural impropriety. But because this motion has been brought pursuant to the All Writs Act, there is nothing preventing this Court from granting it. Next, Merck argues that the law of the case doctrine does not apply to this Court's Orders. But this doctrine is strengthened, not weakened, in multidistrict litigation so that the Court overseeing the MDL can protect its Orders upon transfer back to the trial court. Merck also argues that only the Eighth Circuit can decide this issue. Again, the All Writs Act gives this Court the authority to enforce and protect its orders. Ms. Levitt is not seeking appellate relief from this Court – she is simply asking that it enforce the orders already in place. Finally, Merck attempts to distort the use of a single word in the Introduction to Ms. Levitt's Motion into a

personal attack on the Honorable Judge Whipple. This strange ad hominem attack on counsel by Merck only underscores the absence of merit in its arguments.

Merck violated an order from this Court by filing an untimely dispositive motion. This Court has the power to enforce its orders. As the Court has held, the time to file dispositive motions has passed and this case is ready for trial. This Court should use the broad authority given to it by the All Writs Act to compel the Western District of Missouri to set aside the order dismissing the case so that it may proceed to trial.

## LEGAL AUTHOIRTY AND ARGUMENT

### A. Ms. Levitt's Motion is Procedurally Proper Because it Asks This Court to Exercise the Broad Authority Granted to it by The All Writs Act

Merck argues that a transfer order from the Judicial Panel on Multidistrict Litigation is needed before this Court has authority to hear this motion. Merck's argument completely ignores the fact that this Motion has been brought pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Supreme Court of the United States has held that the All Writs Act grants broad authority to a district court to act to protect and enforce its orders anytime that it had proper jurisdiction when the order it seeks to enforce was entered: "This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 372, 54 L. Ed. 2d 376 (1977).

Merck ignores this clear precedent from the Supreme Court confirming this Court's authority to grant this motion. Its argument regarding procedure is without merit. Ms. Levitt cited multiple cases in her motion where the transferee court, including MDL courts, retained jurisdiction to entertain motions even after remand to the transferor court pursuant to the All

Writs Act. Merck does not address these cases. This Court has the authority to act, and should do so here.

### B. The Law Of The Case Doctrine Applies and the Orders From This Court Are Not Voided Upon Transfer

Merck argues that this Court's Scheduling Order and Order for Remand are somehow not the law of this case. And although Merck cites multiple cases in support of this erroneous argument, not a single one agrees with Merck that the law of the case doctrine does not apply to scheduling matters. In *Morris v. Am. Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993), cited by Merck, the 8th Circuit specifically explained that the law of the case doctrine "prevents the relitigation of settled issues in a case, thus **protecting the settled expectations of parties**, ensuring uniformity of decisions, and promoting judicial efficiency." *Id*. at 52 (emphasis added) (internal citations omitted). Here, the time to file dispositive motions was a settled issue between the parties, and the parties had clear expectations of when dispositive motions and motion briefing were to occur. The law of the case doctrine was violated when Merck ignored this Court's clear orders and waited for what it believed to be a more favorable forum to file its dispositive motion for judgment on the pleadings.

Merck also misrepresents this Court's order regarding pretrial motions. This Court did not give carte blanch to re-open discovery and dispositive motions upon remand. Instead, this Court's Order (Doc. 65475) was specifically limited to pre-trial motions such as motions *in limine*. This was necessary because Merck had filed a number of such motions in the MDL directly prior to remand. But Merck's Motion for Judgment on the Pleadings was not remotely a "pretrial motion" contemplated by this Court's Order and to suggest otherwise is insincere. It was a dispositive motion, which this Court required to be filed with the MDL prior to remand. Had this Court intended for the Western District of Missouri to be the court to decide dispositive

motions, it would have provided as such in an Order, as it did for motions *in limine*. Instead, this Court provided a June 2016 deadline for dispositive motions. Merck intentionally violated this Court's order when it ignored this deadline and filed its dispositive motion over six months later and after transfer for trial. This Court has the absolute authority under the All Writs Act to enforce its valid order. There has never been a motion to modify or to set aside this order. It is the law of the case and cannot be ignored by Merck or the Western District of Missouri.

    **C. That Plaintiff Can Pursue a Lengthy Appeal Does Not Rob This Court of Its Broad Authority Conferred by The All Writs Act to Enforce Its Orders**

Under the All Writs Act, 28 U.S.C. § 1651 (a) (2006), a court has broad authority to act to "effectuate and prevent the frustration of orders the federal court has previously issued." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002). The All Writs Act grants "broad injunctive power to Article III judges." *In re Y & A Group Sec. Litig.*, 38 F.3d 380, 382 (8th Cir. 1994). Yet, Merck argues that this Court does not have any authority pursuant to the All Writs Act to vacate the Western District's ruling because Ms. Levitt has the option of pursuing a lengthy appeal. But even the cases cited by Merck confirm that this Court has broad authority and discretion to act under the All Writs Act. For example, in *ITT Cmty. Dev. Corp.*, the Fifth Circuit explained that the All Writs Act gives district courts "extraordinary powers" that are "necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). That is directly applicable here. The All Writs Act is the necessary authority to prevent Merck from defying this Court's Orders as soon as this Court transferred jurisdiction back to the Western District of Missouri. This Court held that the time to file dispositive motions had passed and the case "is ready for trial." This Court presided over this case for ten years and the orders entered by it

4

remain valid and enforceable. The All Writs Act is the means of such enforcement. Merck has failed to offer any compelling argument, or authority, to the contrary and cannot distinguish the multiple cases cited by Ms. Levitt where Courts have utilized the All Writs Act to enforce their Orders.

But even if Merck is correct and it is free to disobey this Court's valid orders (it is not) without this Court being able to enforce them absent a showing that Ms. Levitt does not have an adequate remedy at law, it is clear that she does not. In analyzing whether a party has an adequate remedy at law, courts consider: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Each one of these factors confirms that this Court has the authority under the All Writs Act to enjoin the Western District of Missouri from dismissing the case. First, after ten years of litigation this Court has recognized that this case is ready for trial. But Merck attempts to force Ms. Levitt to now endure a lengthy appeal process before she is permitted to try her case. This case has been pending for over a decade. Ms. Levitt is now seventy-four (74) years old and suffers from a myriad of health conditions, some of which stem from her use of Merck's poisonous drug. Such a delay would constitute irreparable damage: she could never reclaim the time and resources spent on appeal.

Next, the second element is met. Action by this Court will inflict no injury on Merck because it has no right to violate the orders of this Court. And the third element is satisfied too because there is a high probability Ms. Levitt will succeed on the merits. Merck's Motion for Judgment on the Pleadings is based on the fallacy that Ms. Levitt's statute of limitations began to

run as a matter of law despite the fact that her physician continued to prescribe Vioxx and represent that it was safe because an article published in a New Jersey newspaper discussed inconclusive studies suggesting further research was warranted into a possible link between heart disease and Vioxx. This is a clear misstatement of the law and the probability that Ms. Levitt will ultimately succeed on the merits is nearly absolute. Finally, the public interest will be served because MDLs are meant to promote efficiency and consistency by centralizing pretrial proceedings. If the orders and conclusions of this Court can be ignored with immunity upon remand the purpose of MDLs will be severely undermined. This Court's power to enforce its orders even after remand through the All Writs Act serves as a necessary check and balance on the trial court's powers upon transfer.

The All Writs Act grants broad powers to district courts to enforce their orders as appropriate. The unique procedure of multidistrict litigation presents such an appropriate situation. This Court has remanded the case back to the transferor court for trial. But its orders remain valid. Under the All Writs Act, it has the power to enforce those orders. Anything less would defeat the purpose of MDLs by immediately rendering meaningless and unenforceable any orders and holdings upon remand for trial.

### D. Merck's Ad Hominem Attack on Plaintiff's Counsel is Without Merit – Plaintiff's Counsel Did Not Call The Honorable Judge Whipple a Rogue

Lacking sufficient legal grounds to oppose Ms. Levitt's Motion, Merck relies on a single word in the Introduction of Ms. Levitt's brief to create a narrative that her counsel is engaging in personal attacks on the Honorable Judge Whipple. It is a strange argument to make and the pages dedicated to it reveal Merck's desire to avoid the merits of this issue.

Ms. Levitt's counsel did not call Judge Whipple a "rogue." Ms. Levitt's counsel did not even refer to the Western District of Missouri as a "rogue court." Instead, in the Introduction to

her Motion, Ms. Levitt summarized the cases that recognize that the continuing authority of orders, findings, and holdings of the MDL is necessary to prevent a trial court from acting independently of the findings of the MDL and thus undercutting the entire purpose of judicial efficiency and consistency: "As held by those Courts, the law of the case doctrine protects the MDL process by preventing a rogue court from undermining years of judicial resources and informed decisions of the multidistrict judge upon remand." Ms. Levitt was summarizing the public policy behind a legal doctrine, not lobbing a personal attack on the Honorable Judge Whipple.

The context makes clear that "rogue" was used as an adjective to mean "independently acting," not as a noun meaning "scoundrel" as Merck baselessly claims. It should be clear to the unbiased reader that Ms. Levitt's counsel was not impugning the integrity of the Western District of Missouri and was instead was using "rogue" in its neutral (and in fact, often celebrated in today's culture) use as an adjective to describe a hypothetical court acting in an independent way. To the extent there is any confusion otherwise Ms. Levitt's counsel reaffirms that there was no ill intent.

Furthermore, by comparing the use of this hypothetical in the introduction to her brief with the conduct at issue in the cases cited by Merck in its Opposition confirms that Ms. Levitt's counsel has not engaged in unprofessional or outrageous behavior. In *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109 (2d Cir. 2000), counsel slandered the court's ruling as "utterly absurd," and "judicially sanctioned grand larceny." *Id*. at 113. And the lawyer in *In re Coe*, 903 S.W.2d 916 (Mo. 1995) took this abhorrent behavior even further by repeatedly accusing the Judge in open court of being biased and insulting, even going as far as seeking divine intervention for the Judge's sins:

7

>MS. COE: Can you in the name of Jesus be fair.

>THE COURT: You, lady, are getting a lot more fairness than you are entitled to in this courtroom.

>MS. COE: That's fine. I wish Jesus would touch you so you would stop being so bias every time I get up. It's a problem we can't go into this. When she asked him you let him answer. When I get up there I can't. And I am sick of it—I am sick of it.

*Id.* at 916.

>MS. COE: If I have to ask something 500 times I am entitled to. Your job is to rule on it.

>THE COURT: You are not entitled and my ruling on objections to questions that are repetitious is consistently going to be sustaining the objection from here on.

>MS. COE: That's fine. You just sustained this one. If I ask them 500 times, you sustain them 500 times.

>THE COURT: That will do you a lot of good.

>MS. COE: I am not on trial; my client is. It doesn't do me any good to be subjected to this insult every day.

*Id.* at 917.

Ms. Levitt's brief is clearly not comparable, and Merck's arguments to the contrary are pure distractions from the merits of Ms. Levitt's motion, which it cannot overcome. Merck knows that it violated the Court's Order and Merck knows that it did so intentionally. Merck has misapplied the cases because it knows it is wrong in all aspects. So, in desperation, Merck has deployed this contrived narrative. Plaintiff's pleadings reflect nothing of the sort and this is simply a *non-sequitur*.

8

**CONCLUSION**

Merck defied the Orders of this Court and now claims that this Court cannot do anything about it. But the All Writs Act was implemented to allow district courts the authority to enforce their orders even when those who violate them are no longer under the court's direct jurisdiction. And the procedural uniqueness of the MDL is a perfect example of when such authority should be exercised. So contrary to Merck's argument, this Court both can and should act to protect its Order and keep Merck from openly defying it. Ms. Levitt respectfully asks that this Court grant her Motion and issue a writ requiring the Western District to set aside its order of dismissal and allow the case to proceed to trial, as this Court transferred this case to do.

    Respectfully submitted,

    **HUMPHREY**, **FARRINGTON** & **McCLAIN, P.C.**

    */s/ Daniel A. Thomas*
    Kenneth B. McClain    MO #32430
    Daniel A. Thomas    MO #52030
    221 West Lexington, Suite 400
    P.O. Box 900
    Independence, MO 64051
    (816) 836-5050 Telephone
    (816) 836-8966 Facsimile
    **ATTORNEYS FOR JO LEVITT**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Jo Levitt's Motion Pursuant To The All Writs Act To Compel The Western District Of Missouri To Vacate And Set Aside Order Of Dismissal** has been served on Defense Counsel, Elaine Horn and Emily Pistilli and Defendant Liaison Counsel, Dorothy H. Wimberly, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of June, 2017.

*/s/ Daniel A. Thomas*
Kenneth B. McClain          MO #32430
Daniel A. Thomas            MO #52030
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050 Telephone
(816) 836-8966 Facsimile
**ATTORNEYS FOR JO LEVITT**