# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>      PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:     *Jo Levitt v. Merck Sharp & Dohme Corp.,* **06-9757**

## ORDER & REASONS

Before the Court is Plaintiff Levitt's Motion Pursuant to the All Writs Act asking this Court to compel the Western District of Missouri to vacate and set aside its order of dismissal. R. Doc. 65524. Merck opposes the motion. R. Doc. 65528. Levitt timely replied. R. Doc. 65533.

The Court has reviewed the parties' briefs and applicable law, and having heard oral argument on the motion, now issues this Order & Reasons.

## I. BACKGROUND

To put this matter in perspective, a brief review of this multidistrict litigation ("MDL") is appropriate. This litigation involves products liability claims pertaining to the prescription drug Vioxx, known generically as Rofecoxib. Merck, a New Jersey corporation, researched, designed, manufactured, marketed, and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid arthritis, menstrual pain, and migraine headaches. On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States. Vioxx remained publicly available until September 30, 2004, when Merck withdrew it from the market

after data from a clinical trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarction (that is, heart attack) and ischemic stroke. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort, fraud, and warranty claims. On February 16, 2005, this litigation was declared an MDL and transferred to this Court pursuant to 46 U.S.C. § 1407.

On September 29, 2006, Jo Levitt brought this action against Merck in the United States District Court for the Western District of Missouri. In her complaint, she alleges that she suffered two heart attacks in 2001 as a result of taking Vioxx and seeks compensatory and punitive damages, as well as interest, costs, attorneys' fees and any other available relief. On November 8, 2006, the matter was transferred to this Court for inclusion in the *Vioxx* MDL.

Following six "bellwether" trials in this proceeding—as well as trials in other proceedings in Alabama, California, Illinois, Florida, New Jersey, and Texas—the negotiating plaintiffs' counsel ("NPC") and Merck's counsel engaged in protracted settlement discussions over the course of a year, conducting hundreds of in-person and telephone meetings. On November 9, 2007, the parties announced a $4.85 billion master settlement agreement ("MSA") that intended to—and actually did—resolve most Vioxx-related claims through a resolution program. In its recitals, the MSA expressly states that its purpose was to "establish a pre-funded, structured private settlement program . . . to resolve . . . claims against Merck involving heart attacks, ischemic strokes and sudden cardiac deaths." This was an "opt-in" program, meaning an interested claimant had to take affirmative steps to enroll in it. Ms. Levitt chose not to enroll, and instead proceeded to litigate her claim. This Court retained jurisdiction for the discovery phase of this case.

In relation to Ms. Levitt's case, the parties filed various pretrial motions, including *Daubert* and Summary Judgment motions. The Court reviewed the parties' motions, heard oral argument, and issued rulings on these motions. On September 23, 2017, the Court wrote to the MDL panel and explained that at this point in the litigation, Ms. Levitt's case was the only individual case remaining in the MDL. All the discovery in this individual matter had been completed, and the Court issued substantive rulings on various pretrial matters. Accordingly, the Court recommended the case should be transferred back to the transferor court in Missouri for further proceedings, including trial. On October 14, 2016, the MDL Panel issued a conditional remand order remanding this individual case to the Western District of Missouri. R. Doc. 65476.

When the case arrived back in the Western District of Missouri, the court set it for trial in 2017. Before trial, Defendant filed a motion for a judgment on the pleadings under Missouri law. The Court applied Missouri law and dismissed the case. In particular, the Court found that as a matter of fact causation was ascertainable five years before the case was filed and dismissed the claim as it was filed outside the statute of limitations.

## II. PRESENT MOTION

Levitt has filed a motion under the All Writs Act asking this Court to compel the Western District of Missouri to vacate and set aside its order of dismissal. R. Doc. 65524. Merck opposes the motion. R. Doc. 65528. Levitt timely replied. R. Doc. 65533.

### A. Plaintiff's Motion Pursuant to the All Writs Ace to Compel the Western District of Missouri to Vacate and Set Aside Order of Dismissal (R. Doc. 65524)

Plaintiff has filed a motion asking this Court to overturn the Missouri trial court's decision to grant Merck's Motion for Judgment on the Pleadings claiming that Ms. Levitt's case was untimely filed. R. Doc. 65524 at 1. According to Plaintiff, Merck waited more than ten years to file this motion in order to make the argument in another forum. *Id*. According to Plaintiff, this

Court has the authority to use the All Writs Act to overturn this decision because this Court's Scheduling Order indicated that all dispositive motions were to be filed by June 2016. Plaintiff contends that Merck violated the Scheduling Order when it filed a Motion for Judgment on the Pleadings after the case was remanded to Missouri. *Id*. at 2. In its motion for a judgment on the pleadings, Merck argued that Ms. Levitt knew Vioxx was causing her heart problems by September 2001, yet continued to take the drug until 2002, and did not file this lawsuit until 2006. *Id*. at 2; *see* Exhibit A (attached). Levitt argues that the "law of the MDL" should apply to the trial court in Missouri, Merck should have been barred from filing the motion, and the order granting the motion should be vacated. *Id*.

In particular, Levitt argues that the trial court erred in allowing the motion because it found that it was "not bound by the deadlines set in the MDL." *Id*. at 4. According to Levitt, this Court ordered that all dispositive motions should be dealt with before transferring the case back to Missouri, and this ruling applies with equal force to the transferee court. *Id*. at 4. Further, Levitt argues that pretrial proceedings, including dispositive motions, are particularly appropriate for the MDL court to decide, given the familiarity the MDL judge will have with the legal and factual nuances of the case. *Id*. at 6 (citing *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F. Supp. 2d 25, 37 (D.D.C. 2007); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34 (1998) (including summary judgment motions when considering pretrial proceedings under § 1407)). Levitt also points to district court decisions from other circuits which establish that orders issued by a federal transferee court remain binding if the case is sent back to the transferor court. *Parkinson v. Novartis Pharm. Corp.,* 5 F. Supp.3d 1265, 1271 (D. Or. 2014), citing *In re Zyprexa Prods. Liab, Litig.,* 467 F. Supp. 2d 256, 273 (E.D.N.Y. 2006)

(citing Manual for Complex Litigation § 20.133 (4th ed. 2004)). Thus, Levitt contends Merck was barred from filing any additional dispositive motions with the transferee court. *Id*. at 7.

Further, Levitt contends that the district court's finding that the statute of limitations began to run by September 29, 2001 is contrary to the "majority" of this Court's prior rulings on this issue, which held that the statute of limitations began to run on September 30, 2004. *Id*. at 8. Levitt then argues that the statute of limitations could not have begun at that point, because by 2001 there were only a few published articles and news reports which indicated Vioxx could cause cardiovascular problems. *Id*. at 8. Instead, Levitt argues that she did not have "definitive notice of the link" between Vioxx and cardiovascular injuries until the drug was taken off the market in 2004, as this Court found in cases in Pennsylvania, California, Indiana, Texas, Kentucky, Tennessee, and Illinois. *Id*. at 8-9 (citing cases).

### B. Merck's Response to Plaintiff's Motion (R. Doc. 65528)

Merck argues that Levitt's motion is procedurally and substantively improper and must be denied. R. Doc. 65528 at 1. First, Merck argues that the transferor court now has exclusive jurisdiction over the case. *Id*. Second, Merck avers that the transfer order explicitly noted that the trial court would have the authority to set deadlines for pretrial and dispositive motions. *Id*. at 3. Additionally, Merck contends that the transferor judge exercised appropriate authority in issuing this ruling, as the question of when the statute of limitations period began has not yet been addressed under Missouri law. *Id*. at 2. Finally, Merck argues that Plaintiff's correct recourse should be to file an appeal with the Eighth Circuit, as the trial court has entered a final judgment and this decision is now appealable. *Id*. at 4.[1]

---

[1] Merck also indicates that Plaintiff has already filed a Motion for Reconsideration with the trial court.

### C. Plaintiff's Reply (R. Doc. 65533)

Plaintiff replies and contends that while Merck asserts four different reasons in opposition to Plaintiff's motion, it never explains why it waited ten years before filing the present motion or why it "disobeyed" this Court's scheduling order. R. Doc. 65533 at 1. Next, Plaintiff contends that the All Writs Act does grant this Court jurisdiction to uphold its prior orders, even though this case was transferred back to the Missouri District Court. *Id*. at 2. Plaintiff argues that this authority is particularly important in the context of MDLs and that, contrary to Merck's assertion, the law-of-the-case doctrine applies to scheduling orders in order to "protect the settled expectations of the parties." *Id*. at 3 (quoting *Morris v. Am. Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993)). Further, Plaintiff contends that the transfer order in this case only granted the trial court the authority to establish deadlines for certain pretrial motions, such as motions *in limine,* which Merck violated by filing this motion.

Next, Plaintiff avers that the chance to appeal does not foreclose their right to seek relief under the All Writs Act. *Id*. at 4. According to Plaintiff this relief is particularly justified as she does not have an adequate remedy at law, as she currently faces irreparable harm which outweighs any potential harm to Merck if this motion is granted, there is a high probability she will succeed on the merits of her claim, and the public interest is best served if MDLs are conducted efficiently. *Id*. at 5-6 (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

## III. LAW AND ANALYSIS

As a preliminary matter, it is necessary to determine what substantive and procedural law applies to Ms. Levitt's action. In an MDL, a transferee court applies the choice-of-law provisions of the state in which the transferor court is located. Missouri has adopted the Restatement (Second) on Conflict of Laws, which generally provides that, "[i]n an action for a personal

injury, the local [substantive] law of the state where the injury occurred determines the rights and liabilities of the parties." Restatement (Second) of Conflict of Laws § 146 (1971); *see Kennedy v. Dixon*, 439 S.W.2d 173, 184, 713 (Mo. 1969). Ms. Levitt's injury occurred in Missouri and she filed this action in federal court in that state, therefore Missouri substantive law applies. Further, federal procedural law applies because the forum is a federal court.

A.  **The All Writs Act**

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Such writs are incredibly rare, and "a court may not issue an injunction under the All Writs Act if adequate remedies at law are available." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005). The appellate process is an adequate remedy at law. *See Hill v. Traxler*, 550 F. App'x 1, 2 (D.C. Cir. 2013); *United States v. Muldrow*, 2009 WL 3299598, at *1 (D. Kan. Oct. 13, 2009) (holding that an equitable remedy is proper only in the "absence of a legal remedy, including the right of appeal"), *aff'd*, 373 F. App'x 903 (10th Cir. 2010). Thus, the supplementary review power conferred in the Act is reserved for exceptional cases "where there is clear abuse of discretion or 'usurpation of judicial power.'" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953). Importantly, the All Writs Act is not to be used as a substitute for an appeal, or to "control the decision of the trial court" in discretionary matters. *Bankers Life*, 346 U.S. at 383.

Generally, a party must satisfy three conditions before a writ may be issued under the All Writs Act. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). First, the party must demonstrate it has "no other adequate means to attain the relief he desires." *Id.* (internal quotations omitted). Second, it must demonstrate a "clear and indisputable" right to the writ. *Id.* Third, the Court "must be satisfied that the writ is appropriate under the circumstances." *Id.*

7

B.  **Analysis**

As an initial matter, it is axiomatic that this Court no longer has jurisdiction over Ms. Levitt's case. In October 2016, the MDL Panel remanded Ms. Levitt's case back to the transferor court in Missouri. R. Doc. 65476. The Manual for Complex Litigation explains that "[a]fter remand, the transferor court has exclusive jurisdiction, and further proceedings in the transferee court with respect to a remanded case are not authorized absent a new transfer order from the Panel." Manual for Complex Litigation § 20.133 (4th ed. 2004). The MDL Panel has not issued a new transfer order; therefore this Court no longer has jurisdiction over Ms. Levitt's claims.

However, Plaintiff has brought this motion pursuant to the All Writs Act, and argues that in this particular case, even though this Court lacks jurisdiction over Ms. Levitt's case, the Court should use the extreme remedy of the All Writs Act to enforce its prior orders. Specifically, Plaintiff argues that this Court previously instructed the parties to file all pretrial motions by June 2016. According to Plaintiff, the transferor court violated this order when it allowed Defendant to file a motion for judgment on the pleadings after the case was remanded to the United States District Court for the Western District of Missouri. Thus Plaintiff requests this Court enforce its previous scheduling order under the All Writs Act. Having reviewed the facts of this case, the Court finds that such an extreme remedy is not warranted here.

First, Plaintiff's arguments presuppose there was a controlling scheduling order in this case at the time of remand. However, when the case was remanded, this Court issued an Order vacating the pretrial deadlines for this case. R. Doc. 65475. The order explained: "any pretrial deadlines, including deadlines for filing or responding to motions *in limine* should be set by the trial court, and **any previous pretrial deadlines set by this Court are no longer binding** on this matter." R. Doc. 65475 (emphasis added). There were no binding pretrial deadlines at the

8

time of transfer. Therefore the trial court did not violate an order of this Court by allowing the parties to file additional dispositive pretrial motions.

Furthermore, the trial court's decision to hear additional pretrial motions is within the parameters of Section 1407. "It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings . . . but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977). The transferor Court is not barred from hearing additional pretrial motions that were not addressed by the MDL Court.

Here, the MDL Court heard and ruled on numerous dispositive pretrial motions. In particular, the Court found that judicial economy was best served by consolidating *Daubert* pretrial motions in the MDL Court, given the familiarity and experience this Court had with the scientific evidence in this more than ten-year-old litigation. However, this Court does not have any unique experience with Missouri law that would have made it better suited than the trial court to resolve a question of law regarding the Missouri statute of limitations period. Furthermore, at no point did the parties file a motion in this MDL regarding when the statute of limitations was triggered under Missouri law. While an MDL Court is tasked with adjudicating the pretrial issues which are before it, it cannot rule on questions of law that are not before the MDL Court. Furthermore, there are some questions that may be best resolved by the transferor court. Here, the trial court was best equipped to determine this issue of Missouri law. In its discretion, the trial court determined it was appropriate to conduct additional pretrial proceedings. This decision was within the clear—and sole—authority of the trial court. *See In re Evergreen Valley Project Litig.*, 435 F. Supp. at 924.

Finally, a party is only entitled to relief under the All Writs Act when it has no other adequate remedy at law. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Here, Plaintiff has filed a motion for reconsideration and has indicated she plans to appeal to the United States Court of Appeals for the Eighth Circuit. Both of these remedies are adequate remedies at law. *See Hill v. Traxler*, 550 F. App'x 1, 2 (D.C. Cir. 2013); *United States v. Muldrow*, 2009 WL 3299598, at *1 (D. Kan. Oct. 13, 2009) (holding that an equitable remedy is proper only in the "absence of a legal remedy, including the right of appeal"), *aff'd*, 373 F. App'x 903 (10th Cir. 2010); *Fin. Comm. to Re-elect President v. Waddy*, No. 1-461, 1972 WL 123128, at *1 (U.S. Oct. 31, 1972) ("[P]etitioners will have an adequate remedy at law by way of appeal."). While Plaintiff argues that an appeal would result in a substantial delay in the resolution of this case, the Court finds that any delay as a result of the normal appeals process does not render Plaintiff's remedy at law so inadequate as to warrant the extreme remedy pursuant to the All Writs Act.

In sum, the Court finds that it does not have jurisdiction over Ms. Levitt's case. Further, the transferor court did not violate any of this Court's orders in deciding to hear additional dispositive pretrial motions after Ms. Levitt's case was remanded. The trial court in the Western District of Missouri was best equipped to address this particular pretrial motion as it dealt with unique aspects of Missouri law. Finally, Plaintiff may still appeal the trial court's decision, which provides her an adequate remedy at law. Therefore, the Court finds that the extraordinary remedy of the All Writs Act is not warranted in this case.

## IV.  CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff Levitt's Motion Pursuant to the All Writs Act, R. Doc. 65524, is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2017.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE