**MINUTE ENTRY**
**FALLON, J.**
**NOVEMBER 17, 2017**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
|                                              |  :  |  **MDL NO. 05-1657**     |
| **IN RE: VIOXX**                             |  :  |                          |
|        **PRODUCTS LIABILITY LITIGATION**     |  :  |  **SECTION:  L**         |
|                                              |  :  |                          |
|                                              |  :  |  **JUDGE FALLON**        |
|                                              |  :  |                          |
|                                              |  :  |  **MAG. JUDGE KNOWLES**  |
|                                              |  :  |                          |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |            |

**THIS DOCUMENT RELATES TO ALL CASES**

A telephone status conference was held on this date with the Honorable Eldon E. Fallon. Elizabeth Cabraser, Lenny Davis, Russ Herman, James Lyle, and Ann Oldfather participated on the call.

The purpose of the conference was to discuss attorney's fees in the consumer aspect of the Vioxx litigation.  Ms. Oldfather represented to the Court that she filed claims for hours that were never reported as approved hours or uncompensated hours in the consumer class common benefit fee.

Similarly, the Barrios, Cabraser, and Herman, Herman, and Katz law firms had previously filed affidavits asserting the same.

The parties also had discussion about the validity or appropriateness of the hours submitted.

Because the Court issued its August 29, 2017 interlocutory Order and Reasons (Rec. Doc. 65537)—addressing the Common Benefit Fee and Cost Committee Motion for Aggregate Fee Petition—based on actual reported hours to Mr. Phil Garrett, CPA, and in light of this new

JS10 (00:30)

information highlighted by the respective law firms, pursuant to Federal Rule of Civil Procedure 54(b),[1] accordingly,

**IT IS ORDERED** that the Court's August 29, 2017 Order and Reasons (Rec. Doc. 65537) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the November 28, 2017 hearing involving distribution of attorney's fees is hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that all interested parties (including all counsel who previously submitted hours) shall file any timesheets with Mr. Phil Garrett in which they feel is attributable to work on the consumer portion of this litigation within **30 days** of this Minute Entry. The parties should specify the time, date, and type of work performed in connection with the consumer litigation. After reviewing the parties' submissions, the Court will again refer this matter to the Fee Allocation Committee for their review and recommendation. After reviewing the recommendation of the Fee Allocation Committee, the Court will assess all the material in detail, allow any requested argument, and issue a new Order and Reasons.

_Eldon E. Fallon_

---

[1] A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).