UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | : MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : SECTION L |
| This document relates to ALL ACTIONS | : JUDGE FALLON |
| | : MAG. JUDGE KNOWLES |

## DECLARATION OF
## ERIC H. WEINBERG

1. I have been served with a Motion filed by Herman, Herman & Katz, L.L.C. regarding Vioxx Common Benefit Expense Reimbursement in the Attorney General matters. This Motion was filed with the Court by Russ Herman, Esq. of Herman, Herman & Katz, L.L.C. on Monday, March 26, 2018. I received this Motion by email service on Tuesday, March 27, 2018.

2. I respectfully object to the Motion and seek relief from this Court, as has been previously granted in common benefit fee matters related to Vioxx.

3. No reference to my law firm's common benefit work in the Vioxx litigation, including the Attorney General litigation, is included in this Motion.

4. No recommendation for reimbursement of my law firm's Common Benefit Expenses is included in this Motion.

5. I was retained by the Commonwealth of Pennsylvania in 2008, in connection with claims against Merck related to Vioxx. That matter settled.

6. I was retained by the State of Utah in 2011. That matter is ongoing, as the last active Attorney General claim against Merck related to Vioxx.

7. I was accused of contempt of this Court by the PSC in June of 2013, in connection with the Third Party Payor Common Benefit Fee allocation. I provided the PSC with detailed records of my common benefit time in the Vioxx litigation, including the personal injury litigation, the TPP litigation, and the Attorney General litigation.

8. On June 24, 2013 I provided the PSC with a record of my common benefit time in the Attorney General litigation, indicating 1181.75 hours of such time to date. These time records can be provided to the Court, if necessary.

9. The TPP common benefit fee dispute was resolved to my firm's satisfaction by the Court in 2013. This Court did not hold me in contempt.

10. Since June 24, 2013, my firm has continued to perform common benefit work in the Attorney General litigation, which provided benefit to Attorneys General in this litigation. Since June 24, 2013, my firm has provided 584 hours of common benefit time, bringing the total of this firm's common benefit time in the Vioxx Attorney General litigation to 1,765.75 hours. These time records can be provided to the Court, if necessary.

11. My work in the Vioxx Attorney General litigation since June 24, 2013 has primarily focused upon plaintiff and defense expert witnesses.

12. The common benefit work my firm performed in the Attorney General litigation provided clear benefit to plaintiff Attorneys General in several states.

13. All of the Attorneys General other than Utah thus far have been able to resolve their claims with substantial settlements with Merck.

14. My firm has incurred common benefit expenses in the Vioxx Attorney General litigation in the amount of $240,759.02. This expense includes the expense of preparing and using a computer database of Merck documents, since by 2011 these documents were no longer

2

available on the MDL site. The expenses also include deposition expenses and expert witness expenses. These time records can be provided to the Court, if necessary.

15. The working computer document searchable database, in my law offices in New Brunswick, was useful in the preparation and taking of depositions, and in work related to plaintiff and defendant expert witnesses, which was beneficial to all Attorneys General prosecuting claims against Merck related to Vioxx. This was essential to the full and fair prosecution of these claims, particularly since the MDL document depository was no longer available.

16. My firm has been directly involved in considerable work providing common benefit in the Attorney General litigation, separate and distinct from work we did in the personal injury litigation, and in the third party payor litigation.

17. I have previously advised the Court and MDL counsel of my involvement in the Attorney General litigation. My firm's work has included scheduling, preparing for and taking several fact witness depositions. My firm's work has also included the retainer of several expert witnesses, obtaining written reports authored by these experts, and the defense or taking of depositions of expert witnesses. My law firm's work has provided substantial common benefit to the plaintiffs in the Vioxx litigation.

18. Several Attorneys General identified the expert witnesses I worked with as their experts in litigation. All of the Attorneys General, except for Utah, have settled their claims.

19. I seek direction from the Court regarding procedures for further responding on this Motion.

20. I have twice filed objections to recommendations submitted to the Court regarding Vioxx common benefit fees; first in the personal injury litigation, and second in the Vioxx Third Party Payor litigation. These objections were ultimately resolved before the Court with recommendations for payment of legal fees to my firm and my colleague Christopher

Placitella's firm in the amount of $7,000,000 in the personal injury litigation, and to my firm in the amount of $650,000 in the Third Party Payor litigation.

21. As noted herein, my firm has provided reports of hours and expenses in the Vioxx Attorney General litigation.

22. The current Motion references a balance of $6,595,584.80 of common benefit funds being held in escrow by BrownGreer; counsel notes that these common benefit funds are not related to the Attorney General cases.

23. I respectfully request further information as to nature of these funds; and whether there is a balance of funds representing common benefit fees in the Attorney General matters. I ask the Court to Order counsel to disclose this information, so all interested parties will know what "common benefit" fees are being held, which may be distributed by Court Order to counsel as Common Benefit fees in the Vioxx litigation, including in the Attorney General matters; the specific amounts of monies on deposit as of today; where these monies are held; and in what areas of the Vioxx litigation they will apply.

I therefore respectfully request direction from the Court as to how to further proceed.

Respectfully submitted,

THE WEINBERG LAW FIRM

BY: /s/ Eric H. Weinberg, Esq.
_____
Eric H. Weinberg, Esq.

Dated: April 3, 2018

4

## CERTIFICATION OF SERVICE

I hereby certify that the above and foregoing has been served on Herman, Herman & Katz, L.L.C. by U.S. Mail and email or by hand delivery and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will se4nd a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 2nd day of April, 2018.

/s/ Eric H. Weinberg
Eric H. Weinberg, Esq.
Bar ID No. 001801981
The Weinberg Law Firm
149 Livingston Avenue
New Brunswick, New Jersey 08901
Tel: (732) 246-7080
Fax: (732) 246-1981
ehw@erichweinberg.com

Dated:  April 3, 2018