UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO DECLARATION OF ERIC H. WEINBERG

**MAY IT PLEASE THE COURT:**

On April 3, 2018, Eric H. Weinberg ("Weinberg") filed a Declaration with the Court [Rec. Doc. 65551] in regards to the Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses (Attorney General Matters) [Rec. Doc. 65548] filed by Plaintiffs' Liaison Counsel, Russ M. Herman ("PLC"), on March 26, 2018.  On April 4, 2018, the Court issued an Order [Rec. Doc. 65552] directing movant, PLC, to reply to the Declaration within 10 days from the date of the Order.  Accordingly, PLC complies with the Court's Order and submits that:

On April 8, 2005, the Court issued Pre-Trial Order No. 6 which set forth, among other things, standards and procedures "to be utilized by any counsel seeking fees and/or expense reimbursements."  Time and expenses submitted were only to be incurred for work authorized by the Plaintiffs' Steering Committee ("PSC").  The Court, at the very beginning of this MDL, set forth a process and the Court appointed a Certified Public

1

Accountant so that counsel performing common benefit work and incurring common benefit expenses could report their hours and expenses contemporaneously to the Court appointed Certified Public Accountant.[1]

In addition to Pre-Trial Order No. 6, the numerous comments made by the Court at various court status conferences and hearings reminding all counsel of the obligation to keep contemporaneous time and accurate expenses, Plaintiffs' Liaison Counsel's office sent an email specifically directing Mr. Weinberg to submit expenses to Mr. Garrett (*see* attached Exhibit "A"). Pre-Trial Order No. 6 issued by this Court in the infancy of this MDL was the foundation created by this Court to address reimbursement of time and expense in this MDL. The Court appointed a Fee Committee in both the personal injury phase of the litigation and in the third-party payor ("TPP") phase of the litigation and these Fee Committees were directed by the Court to consider time and expense submissions made pursuant to Pre-Trial Order No. 6. Both the personal injury and TPP Orders that awarded common benefit fees and expenses to participating counsel specifically addressed the Court's procedure for recording common benefit time and expenses. In light of all of the Orders and references to adhere to PTO 6 and to submit common benefit time and expense to Mr. Garrett, Eric H. Weinberg failed to comply with the Court's directives to report hours and expenses. This failure is particularly troublesome given the fact that Mr. Weinberg has been faced with the obligations in PTO 6 on at least two separate occasions- in the personal injury common benefit distribution and in the TPP common benefit distribution, and yet he still has not complied.

---

[1] *See* PTO No. 6, transcripts of monthly status conferences, TPP Cases Order & Reasons dated January 3, 2014 [Rec. Doc. 64783], and Order & Reasons dated August 9, 2011 [Rec. Doc. 63195].

Upon receipt of the Declaration of Eric H. Weinberg [Rec. Doc. 65551] and the Court's Order directing PLC to reply to the Declaration [Rec. Doc. 65552], a request was made to Philip Garrett, the Court Appointed CPA, to determine the amount of time and cost reported by the Weinberg law firm for the Attorneys General matters.  Attached as Exhibit "B" is an email setting forth the reply from Mr. Garrett advising that he has "no record of ever receiving time and/or held costs from the Weinberg law firm."

PLC's Memorandum in Support of its Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses (Attorney General Matters) [Rec. Doc. 65548-1] set forth in detail the held costs, assessments and time reported to Mr. Garrett.  Mr. Garrett, in his monthly report dated February 16, 2018 (attached as Exhibit "A" UNDER SEAL to Rec. Doc. 65548-1) set forth in detail the totality of the expenses for common benefit in the Attorney General matters.

The Court will recall that Mr. Weinberg was an objector to the TPP Fee Allocation Committee Recommendation of Common Benefit Fees and Costs (*see e.g.* Rec. Docs. 64044, 64171, 64176, 64235, 64396, 64398, 64422).  Special Master Patrick Juneau became involved in addressing the third party payor common benefit fees, and in the course of the Special Master proceedings, issued Orders that addressed specifically Eric Weinberg (*see e.g.* Rec. Doc. 64361).   Eventually, Special Master Juneau conducted a hearing at which Mr. Weinberg, among others, testified.  In connection with that hearing, a subpoena duces tecum was issued in an attempt to determine time and expense spent on Vioxx related matters by Mr. Weinberg (*see* Rec. Doc. 64395) since he failed at that time to contemporaneously report time and expenses.  Mr. Weinberg neglected to timely and adequately respond to the subpoena; therefore, the Court issued an Order on

June 19, 2013 [Rec. Doc. 64451] in connection with the TPP Fee Allocation Committee's Motion for Contempt or Alternatively, to Strike.  On June 24, 2013, Mr. Weinberg produced a CD that he contended was responsive to the subpoena duces tecum (*see* attached Exhibit "C").  That CD contains a listing of various time that Mr Weinberg claimed to be responsive to the subpoena, which included "Category 3" which "reports time expended from September 14, 2009 to date" that applies to the "Attorney General TPP litigation."  At no time has Mr. Weinberg submitted expenses to Mr. Garrett and the only record of time claimed by Mr. Weinberg (yet never submitted to Mr. Garrett) is contained in the attached Exhibit "D" filed UNDER SEAL (that portion of the CD that contains the time submissions made by Mr. Weinberg in Category 3) in an effort to protect the time records submitted by Mr. Weinberg in response to the subpoena.

Because Mr. Garrett has no record of Eric Weinberg's common benefit work or expenses in Vioxx Attorney General litigation, PLC did not include any reference to Eric Weinberg in the Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses [Rec. Doc. 65548].  PLC made no recommendation for reimbursement of any expenses to Eric Weinberg in the motion and is unaware of any expenses incurred by Eric Weinberg for common benefit Attorney General matters.

During the course of the Attorney General Vioxx litigation, numerous states entered into common benefit agreements with the PSC.  The PSC agreed to cooperate and assist with various states and/or their Attorney Generals to provide work product, including the PSC Trial Package.  Common benefit agreements were reached with the States of Alaska, Kentucky, Mississippi, Montana and Utah.  Mr. Weinberg in his Declaration claims to have been retained by the State of Utah, and it appears that the

State of Utah Attorney General matter is still ongoing.  The PSC anticipates that the State of Utah will comply with the common benefit agreement it reached with the PSC.  Mr. Weinberg's work and expenses in the Utah Attorney General matter should be compensated by the fee arrangement with the Utah Attorney General, not the MDL.  The Utah Attorney General matter was remanded many years ago.

Also, in Mr. Weinberg's Declaration [Rec. Doc. 65552], he claims to have been retained by the Commonwealth of Pennsylvania.  Unfortunately, the Commonwealth of Pennsylvania refused to enter into a common benefit agreement with the PSC and, further, did not compensate the PSC for the MDL common benefit work that the State of Pennsylvania was given and used when the Pennsylvania AG case was settled.  The issue regarding compensation due from the Pennsylvania AG to the PSC for work product is still open and before the Court.

Eric Weinberg and his law firm were compensated both in the personal injury common benefit distribution and in the TPP portion of this MDL.[2]  In the Vioxx distribution for personal injury settlements the Law Offices of Eric H. Weinberg was awarded common benefit fees in the amount of $3.5 million, and later in the Vioxx distribution for TPP cases, the Law Offices of Eric Weinberg was awarded $650,000.00.  The Law Offices of Eric Weinberg has not submitted any common benefit time or expense to Phil Garrett and PLC has no record of unreimbursed time or expense claimed by the Law Offices of Eric H. Weinberg for Vioxx AG, Consumer or MDL General matters.

---

[2] Presumably, Mr. Weinberg and his law firm were compensated in individual fee agreements, including any agreement he may have with the Commonwealth of Pennsylvania.  Further, it is unknown if any expenses may have been reimbursed to Mr. Weinberg under any individual fee agreement.

5

It appears that the Law Office of Eric H. Weinberg has recovered substantial funds as a result of Vioxx Attorney General matter from the Pennsylvania Attorney General settlement. It is believed that the State of Pennsylvania AG matter resolved for a multi-million dollar amount and that the attorneys received a 15% contingency fee on that multi-million dollar amount.[3] The PSC should be entitled to receive a fair amount of this recovery of attorneys' fees for the work product used by the State of Pennsylvania. It is reasonable to assume that Mr. Weinberg is not working gratis in the Utah's Attorney General case, and that the Law Office of Eric H. Weinberg will in all likelihood recover additional funds in the future as a result of its participation in any AG claim by the State of Utah, when it is resolved.

PLC has submitted in its motion that all funds received as a result of common benefit agreements with Attorney Generals into the account at the Whitney National Bank entitled "AG Attorney Fee Fund Account." In the Whitney National Bank – AG Attorney Fee Fund Account is the $418,824.66 that PLC suggested be used to partially reimburse counsel for common benefit shared expenses and held costs related to the Attorneys General matters. The balance of the funds necessary to fully reimburse these common benefit expenses is suggested to come from the BrownGreer (Settlement Administrator) Escrow Account. Had the State of Pennsylvania properly contributed the appropriate funds to the PSC, the Whitney National Bank – AG Attorney Fee Fund

---

[3] It would be interesting to determine if the unreported costs claimed by Mr. Weinberg were reimbursed in the Pennsylvania Attorney General matter since Mr. Weinberg's Declaration seems to indicate they may have been incurred prior to the settlement of the Pennsylvania Attorney General's case.

Account would have had additional funds to help reimburse common benefit Attorney General expenses.

Respectfully submitted,

Dated: April 13, 2018                /s/ Russ M. Herman
                                     Russ M. Herman, Esquire
                                     Leonard A. Davis, Esquire
                                     HERMAN, HERMAN & KATZ, L.L.C.
                                     820 O'Keefe Avenue
                                     New Orleans, Louisiana 70113
                                     Phone: (504) 581-4892
                                     Fax: (504) 561-6024
                                     ldavis@hhklawfirm.com
                                     *Plaintiffs' Liaison Counsel*
                                     *MDL 1657*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittmann, by U.S. mail and/or e-mail or by hand delivery and/or e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of April, 2018.

                                     /s/ *Leonard A. Davis*
                                     Leonard A. Davis