UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**This Document Relates to All Cases**

### MOTION OF ANN B. OLDFATHER REGARDING VIOXX COMMON BENEFIT FEES AND EXPENSES AND RELATED MATTERS PURSUANT TO ORDER ISSUED JULY 20, 2018 (R. DOC. 65566)

NOW COMES Lead Counsel and Liaison Counsel for the IE/NE Claims, Ann B. Oldfather ("Movant"), and submits to the Court a pleading/motion pursuant to the Court's Order of July 20, 2018 R. Doc. 65566], as follows:

1. The Fee Allocation Committee ("FAC") for the Consumer Settlement, appointed by PTO 59 [R. Doc. 65267], seems to indicate by its filing this date [R. Doc. 65574] that it only intends to request this Court to re-enter the same amount of aggregate common benefit fee as was awarded in the now-vacated Order Granting In Part the Aggregate Fee Petition for the Consumer Common Benefit work [R. Doc 65537]. The undersigned requests that the Court in fact reevaluate the appropriate common benefit fee since the submitted hours have increased by **43%.**

2. The Court vacated the aggregate fee petition award by its Order dated 11/17/2017 [R. Doc. 65545]. The Court gave the stated reason for vacating the $4,025,000 award that it was "based on actual hours reported to Mr. Phil Garrett, CPA, and in light of this new information highlighted by the respective law firms

new time detail should be submitted [a reference to the submission of hours by affidavit by "Barrios, Cabraser, and Herman, Herman and Katz" and by Oldfather of hours approved by Mr. Garrett in MDL General rather than consumer class]. *Id.*

3. Subsequent to entry of that Order, additional Garrett-approved hours have been submitted in the Consumer class as follows:

Original Hours on which fee award was based: 9,891.49 hours at $406.92, against 17.5% of $23,000,000

Additional Submitted Hours after award vacated:

| | |
|---|---|
| Barrios | 787.75 hours |
| HHK | 552.00 hours |
| Lieff Cabraser | 671.65 hours |
| Oldfather | 2,202.25 hours |

Total Additional Hours: 4,213.65 hours

These hours are an additional **43% of those previously considered.** The FAC offers no reason why it is choosing to recommend an allocation *of an award it doesn't even have*, although far more puzzling is its unwillingness to ask the Court to re-evaluate and increase the Aggregate Fee award.

4. Movant agrees with the request made by Plaintiffs' Liaison Counsel, and similarly moves the Court, to address all uncompensated time and approved-but-not-yet paid costs in the Vioxx MDL. The undersigned has never been paid *any* common benefit fee.

The undersigned has a total of approved-but-uncompensated common benefit hours of 4,666.70. Pursuant to the November 17, 2017 Order referenced above, the undersigned asked the Consumer FAC to consider the derivative benefit to the

2

Consumer Class from the undersigned's work on core *Daubert* issues and restoring the corrupt database, totaling 2,202.25 hours (and submitted with 29 pages of detail). If the Oldfather common benefit work is of no value to Consumer, then it goes back to MDL general and the total of all remaining uncompensated-but-approved time in this entire MDL (after completion of Consumer) is:

| | |
|---|---|
| Barrios et al | 1,513.15 hours (680.45 hours recently added) |
| Gainsburgh et al | 42.00 hours |
| HHK | 3,861.50 hours (1,443.00 hours recently added) |
| Levin Sedarn | 3.00 hours |
| Neblett, Beard | 101.80 hours |
| Oldfather | 4,666.70 hours |
| TOTAL: | 10,188.15 hours |

Wrapping up this entire MDL is within the realm of possible in 2018, and there are more than adequate funds. Regardless of what the Court does in Consumer, the MDL general common benefit funds are:

| | |
|---|---|
| Vioxx MDL general Common Benefit Fund Balance: | $5,807,030.32 |
| GRG Funds, unknown location (ao 3/28/2016): | $ 551,479.69 |
| TOTAL: | $6,358,510.01 |

This is more than enough to compensate all common benefit efforts equally, even at $443.29/hour, still leaving more than $1.8M to spare.

5.  Movant requests an order reimbursing all approved-but-as-of-yet unpaid common benefit expenses. This motion parallels the Plaintiffs' Liaison

Counsel's Motion dated March 26, 2018 [R. Doc. 65548 et seq.] seeking similar relief on behalf of certain other firms with expenses and assessments in connection with the AG matter. By Order entered May 2, 2018 [R. Doc. 65557], the Court allowed the entire balance of the AG account held at Whitney National Bank and an additional $818,554.48 from the Vioxx Common Benefit fund "remaining from the Master Settlement" to be applied to held costs totaling $557,934.14 for attorneys Cabraser, Dugan, Sanford, and Murray, and to reimburse assessments totaling $679,445.00 for attorneys Cabraser, Dugan, Sanford, Barrios, and Robinson. The Court was assured that it was appropriate to utilize the Vioxx Common Benefit Fund because the amount therein (then $6,595,584.80) was "sufficient to pay other claims for common benefit time and expenses not related to Attorney General matters." When that motion was approved, all Garrett-approved expenses had been reimbursed in all aspects of this litigation *with the lone exception* of $138,550.92 in MDL/General, owed as follows:

| **Firm** | **Held Costs** |
|---|---|
| Barrios Kingsdorf | $ 6,175.70 |
| Gainsburgh Benjamin | $ 893.56 |
| Levin Fishbein | $ 40,943.95 |
| Neblett Beard & Arsenault | $ 362.65 |
| Oldfather Law Firm | $ 90,175.06 |
| Total | $138,550.92 |

The held expenses sought by this Motion have all been submitted to and reviewed by the court-appointed CPA, Philip A. Garrett and conform to the reports provided by him in this matter.

6. Lastly, Movant has not been unable to obtain any records since 2016 on the common benefit fee and expense money collected and still held on the personal injury settlements. Movant respectfully requests that the Court order appropriate ongoing disclosures to Movant through to the completion of this litigation.

Movant respectfully requests the Court to address these matters at the currently-scheduled hearing of September 11, 2018.

> Respectfully Submitted,
>
> */s/ Ann B. Oldfather*
> Ann B. Oldfather
> KBA Bar #52553
> Liaison Counsel/Lead Counsel
> OLDFATHER LAW FIRM
> 1330 S. Third Street
> Louisville, KY   40208
> 502.637.7200
> 502.636.0066  (fax)
> aoldfather@oldfather.com
> *Liaison and Lead Counsel for Certain Personal Injury Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27 th day of August, 2018.

                              */s/ Ann B. Oldfather*
                              Ann B. Oldfather