## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:  VIOXX®** | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| | **JUDGE FALLON** |
| | **MAG. JUDGE KNOWLES** |

**This Document Relates to All Cases**

### NOTICE TO COURT REGARDING OBJECTION OF ANN B. OLDFATHER TO MOTION OF PLAINTIFFS' LIAISON COUNSEL FOR DISBURSEMENT OF FUNDS (FOR EXPENSES)

The undersigned hereby advises the Court, following "meet and confers" with the CPA (Mr. Phil Garrett) allowed by this Court's Order of August 14, 2018 [R. Doc 65571], that she desires to continue the objection filed of record on July 23, 2018 [R. Doc. 65563]. The undersigned has absolutely no objection to the services of the CPA, or the CPA's record-keeping with regard to these shared costs. The undersigned will be remitting to Mr. Garrett his charge for services as soon as a final invoice is received, which charges were last estimated to be $3,740.00.

The undersigned does continue to have concerns regarding the propriety of certain expenditures made by Plaintiffs' Liaison Counsel, who were required to utilize the monies advanced by the Court "for the payment of common benefit shared expenses … documented as ordered in Pre-Trial Order No. 6." *See* e.g., R. Doc. 65371, 65237, 65221-3. It is not clear that all expenditures comply with those guidelines, for example:

1. The PSC/PLC decided to dismantle the Concordance database while the *Daubert* issues were being actively litigated and many cases remained in this litigation (pre-2012). The undersigned, and the Court, devoted much time to the necessary restoration. It appears that one member of the PSC was selectively reimbursed for over $5,000 of expenses.

2. Despite significant lessening of demands for the depository as this litigation matured and concluded, the payments to related personnel for depository services remained constant (at $2,100/month) from 12/1/2010 through 2/19/2016 (after the Court transitioned to bi-monthly status conferences).

3. Expenses for the Consumer Fee Allocation Committee are being paid through the Vioxx General Common Benefit Fund despite the fact that Held Costs have been previously reimbursed out of the court-established Vioxx Consumer Settlement Fund (*see* Motion and supporting papers at R. Doc. 65394).

4. Meals (some rather expensive) are paid from the Vioxx Common Benefit Fund.

The above are examples indicating why the undersigned believes it would be beneficial to discuss this matter with the Court, and the undersigned respectfully requests to do so on the currently-scheduled hearing date of September 11, 2018 at 9:00 am CDT, with regard to the necessity of an advance, and if so, the appropriate amount thereof.

Respectfully Submitted,

*/s/ Ann B. Oldfather*
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.636.0066  (fax)
aoldfather@oldfather.com
*Liaison and Lead Counsel for Certain*

2

*Personal Injury Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of August, 2018.

*/s/ Ann B. Oldfather*
Ann B. Oldfather