# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO MOTION OF ANN OLDFATHER REGARDING VIOXX COMMON BENEFIT FEES AND EXPENSES AND RELATED MATTERS PURSUANT TO ORDER ISSUED JULY 20, 2018 (REC. DOC. 65566)

**MAY IT PLEASE THE COURT:**

On August 27, 2018, Ann Oldfather ("Oldfather") filed a Motion Regarding Vioxx Common Benefit Fees and Expenses and Related Matters Pursuant to Order Issued July 20, 2018 (Rec. Doc. 65566) ("Oldfather Motion") [Rec. Doc. 65575].  Plaintiffs' Liaison Counsel, Russ M. Herman ("PLC"), and Leonard A. Davis (collectively "Chair of the Common Benefit Fee and Cost Committee") respond to the Oldfather Motion as follows:

Pre-Trial Order No. 1 in this MDL ordered counsel for the plaintiffs, prior to the initial Vioxx status conference, to "confer and seek consensus on the selection of a candidate for the position of Liaison Counsel."  On February 28, 2005, the Court issued Pre-Trial Order No. 2 which was based on a recommendation for Russ Herman to be appointed as Plaintiffs' Liaison Counsel ("PLC").  Pre-Trial Order No. 2 appointed Russ Herman and set forth his responsibilities which applied <u>all cases</u> in this MDL.  Since the

appointment, Russ Herman and the law offices of Herman, Herman & Katz have faithfully and continuously performed the duties as the Court has directed, which applied to specific responsibilities as set forth in Pre-Trial Order Nos. 2 and 6, which included "functions as may be expressly authorized by further orders of the Court" (*see* Pre-Trial Order No. 6 issued April 8, 2005).  The responsibilities of PLC and the law offices of Herman, Herman & Katz, have included all aspects of this MDL, including but not limited to, coordination of Vioxx cases in state court proceedings, state government actions that sought to recover amounts paid for Vioxx prescriptions on behalf of their citizens for civil penalties pursuant to state court protection statutes, personal injury claims, government action cases, Attorney General matters, third party payor claims, consumer cases, Fee Committee matters and other matters that have arisen over the course of this MDL which has been approximately fourteen (14) years thus far.

After the personal injury global settlement was reached the Court turned its attention to "ineligible or not enrolled claims."  These cases were identified in Pre-Trial Order No. 45 issued July 13, 2009 and are the cases voluntarily undertaken by Oldfather. Oldfather performed certain duties and responsibilities particular to those cases identified in Pre-Trial Order No. 45 (113 specific claims that were subject to Oldfather's appointment).  On July 8, 2010, Pre-Trial Order No. 45A was issued which added additional members to the Plaintiffs' Steering Committee who were ineligible or not enrolled claims to assist Oldfather.  On August 20, 2009, the Court issued Pre-Trial Order No. 46, which addressed 116 cases that were subject to "Lone Pine" preliminary case-

specific expert reports required by Pre-Trial Order Nos. 28 and 29.  Furthermore, on June 14, 2010, the Court issued Pre-Trial Order No. 56 which further addressed the responsibilities of Oldfather "for Ineligible or Not Enrolled Claims" and attached as Exhibit "A" a list of 46 claims that were also subject to Oldfather's responsibility.[1]  In total, Oldfather was appointed by the Court to act as Plaintiffs' Liaison Counsel for 165 specific cases each identified in those Pre-Trial Orders.  Oldfather voluntarily, of her own acts, requested that she be placed into a position of leadership solely to handle these 165 cases.  At no time has the Court appointed Oldfather to act in any other aspect of this litigation (*see,* for example, Pre-Trial Order Nos. 41, 44, 57 and 59 where additional appointments have been made by the Court for other aspects of the litigation).  Oldfather's function in this MDL was limited and well defined by the Court and has even been acknowledged by Oldfather in numerous court filings made by Oldfather where she appears before the Court as "Lead Counsel and Liaison Counsel for the IE/NE claims" (*see, e.g.,* Rec. Docs. 65498 and 65575).

On September 1, 2017, the Court issued an Order and Reasons determining the appropriate amount for the Consumer Common Benefit Fee for the attorneys who performed common benefit services for the Consumer Class portion of this litigation (*see* Rec. Doc. 65537).  The September 1, 2017 Order was issued after extensive work was performed by the Consumer Fee Committee and filings made with the Court. The Court

---

[1] Shawn G. Foster also was appointed, but did not appear or submit common benefit hours. Further, Grant L. Davis and Thomas J. Preuss, were named to a PSC for the IE/NE claims and they also did not appear or submit common benefit hours.

recognized the "herculean efforts" undertaken which "were largely successful" as outlined in the Court's Order.  The Court analyzed the diligent work undertaken, the dollar amount paid to the plaintiffs, benefit to the plaintiffs, delays, the uniqueness of Consumer Class claims, the benefits to Class Members and the general public, and that Merck agreed to pay a settlement amount with an agreed upon award by Merck for attorney's fees.  Rather than having funds from the settlement revert back to Merck, the Court found that 17.5% of the total available settlement amount was reasonable (none of this amount came from claimants, but rather was assessed directly against the funds Merck set aside as part of the Consumer Class Settlement) and determined that $4,025,000.00 was a reasonable award for attorney's fees.

Following the award in the September 1, 2017 Order and Reasons, the Consumer Fee Committee, pursuant to Pre-Trial Order No. 59, undertook efforts to make a recommendation for fee applicants.  In the November 17, 2017 telephone conference with the Court wherein Oldfather asserted a claim to attorney's fees in the Consumer Settlement, the Court issued an Order [Rec. Doc. 65545] vacating the August 29, 2017 Order and Reasons and canceling a hearing to address distribution of attorney's fees.  The Court further ordered interested parties to "file any timesheets with Mr. Phil Garrett in which they feel is attributable to the work on the Consumer portion of this litigation" and further stated "after reviewing the parties submissions, the Court will again refer this matter to the Fee Allocation Committee for their review and recommendation."   An

Order referring the matter to the Fee Allocation Committee has not yet been issued by the Court.

The Court-Appointed CPA, Philip A. Garrett, received timesheets from interested parties and on March 23, 2018, provided reports of all submissions received, which included a summary of uncompensated time and expenses in the MDL.  This included three specific areas (Attorney General, MDL General and Consumer).   Upon receipt of the updated reports from Mr. Garrett, the Consumer Fee Committee reconvened and continued its discussions and deliberations, and on July 20, 2018, the Court issued an Order resetting a Vioxx attorney fee hearing for September 11, 2018 and invited any plaintiff attorneys or members of the Fee Committee who would like to discuss issues pertaining to Vioxx attorney's fees to file motions or pleadings.  On August 27, 2018, movants herein submitted a pleading pursuant to the July 20, 2018 Order (*see* Rec. Doc. 65574) and, Oldfather filed the Oldfather Motion, which is being responded to herein.

In the pleading movants filed [Rec. Doc. 65574], movants set forth specific areas that they desired to address with the Court at the hearing on September 11, 2018.  Three (3) distinct matters were outlined, which included:

A. PLC and the Chair of the Common Benefit Fee and Cost Committee established pursuant to Pre-Trial Order No. 59 are prepared to address the Court regarding efforts undertaken by the Common Benefit Fee and Cost Committee, including a desire to submit to the Court a unanimous recommendation of the Common Benefit Fee and Cost Committee for an Allocation Recommendation in connection with the Consumer Settlement Agreement. This matter should be discussed at the conference on September 11, 2018.  Further, a discussion regarding the Court's desire for future steps or procedures to be undertaken in connection with the Common Benefit Fee and Cost Committee's proposed Allocation Recommendation can be discussed with the Court.

B. PLC and the Chair of the Common Benefit Fee and Cost Committee established pursuant to Pre-Trial Order No. 59 desire to discuss at the conference on September 11, 2018 the Order and Reasons issued by the Court on August 29, 2017 [Rec. Doc. 65537], the Order issued by the Court on November 17, 2017 [Rec. Doc. 65545] vacating the Court's August 29, 2017 Order and Reasons [Rec. Doc. 65537], and discuss with the Court the Common Benefit Fee and Cost Committee's unanimous request that the Court reinstate its August 29, 2017 Order and Reasons, and ask the Court to award the amount the Court finds proper using its past reasoning applied to the current circumstances.

C. PLC and the Chair of the Common Benefit Fee and Cost Committee established pursuant to Pre-Trial Order No. 59 are prepared to discuss with the Court reports issued by Philip A. Garrett, including uncompensated time and remaining uncompensated costs in the Vioxx MDL.

Movants recognize and understand that the determination of fees is within the sole discretion of the Court.  It is unknown what the Court desires to do with any fee award in the Consumer aspect of this litigation.  Movants do not know, but would like to address with the Court, whether the Court will leave in place its Order vacating an award of attorney's fees in the Consumer matter, decrease the amount of an award, or increase the amount of any award.  However, following receipt of the updated Garrett Report, the Consumer Fee Committee met and conferred as stated in Rec. Doc. 65574, and the Consumer Fee Committee is prepared to address with the Court a unanimous recommendation, as well as to discuss the August 29, 2017 Order and Reasons and the November 17, 2017 Order.  A discussion should take place with the Court on September 11, 2018, to address the issue of an award of attorney's fees in the amount the Court finds proper using its past reasoning applied to the current circumstances.  This discussion should include hours submitted by Oldfather in the Consumer cases, as well as any

expenses submitted by Oldfather as reported by Philip A. Garrett in the MDL general Vioxx matters.

Movants will be prepared to discuss Oldfather's request for fees in the Consumer case, as well as Oldfather's claim for fees with respect to the 165 cases mentioned above. Finally, Oldfather asserts that she has been unable to obtain any records since 2016 on the common benefit fee and expense money collected and held on the personal injury settlements, however, Oldfather has been provided unlimited access to the Court-appointed CPA, Philip A. Garrett, has been provided the most current report from Garretson Resolution Group ("GRG") (which include the 165 cases which Oldfather assumed responsibility for) and has been advised that she may obtain updated reports at her expense from GRG (movants are not aware of any changes since the last report provided to Oldfather).

Respectfully submitted,

Dated: August 30, 2018

/s/ Leonard A. Davis
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 165, Co-Lead Class Settlement*
*Counsel*
*Fee Committee Chair*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Ann B. Oldfather, and Phillip Wittman, by U.S. mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of August, 2018.

/s/ Leonard A. Davis
Leonard A. Davis