UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**This Document Relates to All Cases**

**OBJECTION OF ANN B. OLDFATHER TO RECOMMENDATION OF FEE
ALLOCATION COMMITTEE REGARDING CONSUMER
and
ALTERNATE MOTION TO REALLOCATE COMMON BENEFIT HOURS
NOT VALUED OR UNDERVALUED IN CONSUMER TO VIOXX GENERAL**

NOW COMES Lead Counsel and Liaison Counsel for the IE/NE Claims, Ann B. Oldfather ("Objector and Movant"), and submits to the Court this Objection and alternative Motion in response to the Common Benefit Consumer Class Fee and Cost Committee's Final Recommendation ("Recommendation") dated October 18, 2018 [Rec. Doc. 65587].

The Objection is based on (1) the disproportionate value allocated to the work of Barrios Kingsdorf ("Barrios"), Herman, Herman and Katz ("HHK"), and Lieff Cabraser ("Cabraser") in comparison to Objector and others providing common benefit work, and (2) the failure to allocate any value to Objector's common benefit work that added value to the Consumer claims. Alternately, Objector/Movant requests that the Court allow Movant to re-allocate her common benefit hours either not valued or under-valued in Consumer, as the case may be, back to the Vioxx General category from which they came in order that Movant's common

benefit work may be assessed when the Court directs its attention to that last remaining area.

The grounds in support of the Objection and the Motion are as follows:

1. The firms of three members of the Fee Allocation Committee (Ms. Barrios, Messrs. Herman/Davis and Ms. Cabraser) end up with disproportionately large recommended common benefit fee awards. Objector has calculated at TAB 1 the effective hourly rates and inherent multipliers that result from the recommended fees to those three firms. The inherent multiplier that results for the time allocable to those three firms is an *eighteen to nineteen times multiplier* of the lodestar hourly rate utilized by the Court when awarding the aggregate fee of $4,255,000.

Although the Court did not accept the entirety of the "new" hours allocated to Consumer, these "new" hours were submitted:

| | |
|---|---|
| Barrios | 787.75 hours |
| HHK | 552.00 hours |
| Lieff Cabraser | 671.65 hours |
| Oldfather | 2,202.25 hours |
| Total Additional Hours: | 4,213.65 hours |

In its Order & Reasons of September 26, 2018 [R. Doc 65586], the Court observed that the additional submitted hours should be substantially cut "because the work was not in aid of the consumer case or because these hours were not contemporaneously logged or were otherwise not submitted in accordance with the

Court's pretrial orders." *Id.* at 22.[1]

If one accepted on its face the recommendations of the Fee Allocation Committee to these four firms, and using the hours *submitted*[2] as opposed to those the Court determined *should* be allowed, the proposed common benefit fee to Barrios is over $1,000/per hour and approximately two and a-half times the lodestar cross check of $417.16; the proposed common benefit fee to HHK is over $1,500/per hour and more than three and a-half times the lodestar cross check of $417.16; the proposed common benefit fee to Cabraser is over $1,200/per hour and almost three times the lodestar cross check of $417.16; and the proposed common benefit fee to Objector is $0. Objector is not privy to the Fee Allocation Committee's reasons, but it is on its face puzzling that only one other firm would be in the multiplier ranges of Barrios, Herman/Davis and Cabraser (Harke, Clasby & Bushman at $1,306.55/hour and a multiplier of 3.63) while everyone else, including those persons who were successfully prosecuting active litigation that must be assumed to

---

[1] The Court concluded that only 10,200 hours should be considered as "contribut[ing] to the ultimate result," compared to the initial consideration of 9,891.49 hours. *Id. None* of that initial 9,891.49 hours had been attributable to Barrios, HHK, Cabraser or Oldfather, so the *total hours* from these four firms that the Court found could even be considered for Consumer common benefit work was 380.51 hours. *Id.*

[2] It may just be attributable to being on the outside, but Objector cannot track Garrett-approved hours that had been contemporaneously logged or submitted in accordance with pretrial orders for Barrios, HHK or Cabraser from any other Vioxx billing category into Consumer. The method by which their hours increased from the zero entry shown in Consumer as of December 2016 to the hours entered in Consumer as of March 2018 is a mystery. Objector's hours logged in Consumer were a zero in December 2016, and increased to 2,202.25 hours by the transparent re-allocation accomplished in December 2017 pursuant to Court order.

have brought Merck to the table, are looking at hourly rates in the basement and deep discounts substantially less than even a multiple of one times the lodestar cross check.

When one considers that the Court expressly disallowed all but 308.51 of the "new" hours, the effective hourly rates and multipliers of Barrios, HHK and Cabraser become stratospheric. In computations reflected at TAB 1 and assuming the 308.51 hours are divided equally between the three firms of the Fee Allocation Committee Members in question, the proposed common benefit fee to Barrios is $7,810.03/per hour and the multiplier of the lodestar cross check becomes 18.72; the proposed common benefit fee to HHK is $8,120.36/per hour and the multiplier of the lodestar cross check becomes 19.47; the proposed common benefit fee to Cabraser is $7,913.47/per hour and the multiplier of the lodestar cross check becomes 18.97.

Objector's work has been disregarded and the Recommendation amounts are neither fair nor just.

2. Several members of the Fee Allocation Committee (Ms. Barrios, Messrs. Herman/Davis and Ms. Cabraser) had already been reimbursed for the common benefit work they did that established the general causation and related associated risk between Vioxx and arterial events, without which work the Consumer Class would have no cognizable action (respectively, in the amounts of $1,800,000, $24,402,739, and $6,000,000). Yet, the Fee Allocation Committee, in disregarding the identical benefit that had been conferred on Consumer by Objector in

establishing the general causation and related associated risk between Vioxx and venous events, failed to take into account that Objector's work *also* added to the value of the claim of the Consumer Class but was as yet uncompensated. Attached at TAB 2 is the objective support submitted to the Fee Allocation Committee in support of Objector's claim. Unlike these Fee Allocation Committee members, Objector has not received one penny of common benefit fee payment in this MDL. Objector, following carefully the Court's Order of 11/17/17, allocated from timely-submitted and Garrett-approved hours (no affidavit or reconstruction needed) the undersigned's work on core *Daubert* issues and restoring the corrupt database, totaling 2,202.25 hours (and submitted with 29 pages of detail) from her firm's approved-but-uncompensated Vioxx general common benefit hours of 4,666.70. That detail is part of attached at TAB 2, and is at attachment Tab D. Objector's work was allocated zero value by the Fee Allocation Committee.

3.   In the event the Court determines that Objector's submitted hours were not sufficiently in aid of the Consumer Class to be treated as common benefit hours here, Movant requests that those hours be transferred back to the Vioxx general category from which they were transferred directly to Consumer in December 2017. Movant made this request at the time the hours were re-allocated. *See* various correspondence at TAB 3.

Respectfully Submitted,

*/s/ Ann B. Oldfather*
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.636.0066  (fax)
aoldfather@oldfather.com
*Liaison and Lead Counsel for Certain*
*Personal Injury Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of October, 2018.

*/s/ Ann B. Oldfather*
Ann B. Oldfather