# OLDFATHER LAW FIRM

ANN B. OLDFATHER[†]
aoldfather@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

ATTORNEYS AT LAW
1330 SOUTH THIRD STREET
LOUISVILLE, KENTUCKY 40208
TELEPHONE 502.637.7200 ◊ FAX 502.636.0066
WWW.OLDFATHER.COM

MICHAEL R. HASKEN
mhasken@oldfather.com

[†]Board Certified in Civil Trial Advocacy

November 15, 2017

*via email*
Honorable Eldon E. Fallon
U.S. District Court E.D. Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

*Re:   Vioxx MDL 1657: Telephonic Conference Set For November 17, 2017*

Dear Judge Fallon:

     We have a telephonic conference set for Friday, at 10:30 a.m. CST. It arises from my request to Phil Garrett, at Russ Herman's suggestion, for copies of the reports of the current uncompensated time, by firm only, in the three remaining matters in the Vioxx litigation: MDL General, Consumer and Attorney General. Mr. Herman said he had no objection to my receipt of these reports from Mr. Garrett but then changed his mind when Mr. Garrett called him for confirmation.

     In thinking tonight about what might assist the Court, I put together this visual of the payments made in the past for venous causation work from common benefit funds, and the source of monies now on hand to pay MDL common benefit work, which (exclusive of the Court's award of an aggregate fee of $4,025,000 in Consumer) totals $7,177,064.69. I also wanted the Court to understand that my request for common benefit fees and costs *is solely attributable* to common benefit work, and not to any direct case work on the cases on which I collected a fee from the clients (my total cases were 22 out of the 147 settled, and the hours are separately recorded for those and are not included in the common benefit total).

     The request for the uncompensated hours reports arose when I wrote Mr. Herman upon receipt of the order setting the November 28, 2017, date for a "hearing … regarding distribution of attorney fees among interested parties." The pertinent correspondence is attached. As you can see, I learned that the Consumer Fee Allocation Committee was apparently considering hours that were never reported as approved hours or uncompensated hours by Mr. Garrett.

     I was not aware that the Consumer FAC was actively considering the fee allocations of the aggregate fee awarded by the Court, but my primary concern is

TAB 3

Hon. Eldon E. Fallon
November 15, 2017
Page 2 of 2

that I have been criticized by some members of the FAC for seeking a common benefit award when my common benefit time was not approved in Consumer. If this is disqualifying, and I don't think it should be, I don't see how the FAC can consider awarding three of its members common benefit fees when no common benefit time was approved for them in Consumer either.

    I don't know how the common benefit awards in the MDL-General will turn out. My firm's effort developed the "other side of the causation coin," and that was a benefit to all claims, including Consumer (just like the already-compensated MDL time developing arterial causation is a benefit to all cases). I have complied with all requirements of PTO 59(A), even though my seeking of a fee award for a portion of my firm's common benefit time through Consumer is definitely a "Plan B."

    My hope is that the Court will start the process of fee allocation in MDL-General so that all of these matters can be handled at once. I do plan on attending the November 28, 2017, hearing, and look forward to speaking with Your Honor on Friday.

                                                Sincerely,

                                                Ann B. Oldfather

ABO/mlc
CC:        Russ Herman *(sent via e-mail)*
               Leonard Davis *(sent via e-mail)*
               Dawn Barrios *(sent via e-mail)*
               Elizabeth Cabraser *(sent via e-mail)*
               Richard A. Getty *(sent via e-mail)*
               James P. Lyle *(sent via e-mail)*

TAB 3

# MDL COMMON BENEFIT MONIES

| | | |
|---|---|---|
| CB FEES MSA           $315,250,000 | CB COSTS MSA           $48,500,000 | CB FEES & COSTS POST-MSA    $567,708.21 |
| CB FEES MSA paid            all | CB COSTS MSA paid      $41,851,545 | CB FEES & COSTS POST-MSA pd (undocumented) |
| CB FEES MSA on hand       none | CB COSTS MSA on hand  $ 6,625,585 | CB FEES & COSTS MSA on hand  $551,479.69 |

## COMMON BENEFIT WORK

BEFORE 8/1/2010, OTHER LAWYERS SPENT 1,000s OF HOURS AND DOLLARS ON VENOUS CAUSATION.

VENOUS CAUSATION WAS NOT ESTABLISHED BY TIME OF MSA.

THESE LAWYERS WERE PAID FOR THEIR CB TIME AND CB EXPENSES ON THIS EFFORT.

AFTER THAT, OLDFATHER LAW FIRM ("OLF") SPENT 4,666.70 HOURS AND $347,379.96 ON VENOUS CAUSATION.

VENOUS CAUSATION WAS ESTABLISHED BY THAT EFFORT.

NO PAYMENT HAS BEEN MADE FOR THAT CB TIME.

SOME PAYMENT HAS BEEN MADE FOR THAT CB EXPENSE.

## DIRECT CASE WORK

OTHER LAWYERS RESOLVED 125 CASES POST-MSA.

THEY WERE PAID THEIR CONTINGENT FEES ON THOSE CASES LESS THE CB ASSESSMENTS SET BY THE PSC.

THOSE ASSESSMENTS ARE NOW HELD BY PSC.

OLF RESOLVED 22 CASES POST-MSA.

OLF WORKED AND POSTED 7,119 HOURS ON THOSE CASES (in addition to the 4,666.70 CB hrs).

OLF WAS PAID ITS CONTINGENT FEES ON THOSE CASES LESS THE CB ASSESSMENTS SET BY THE PSC.

THOSE ASSESSMENTS ARE NOW HELD BY PSC. NONE HAVE BEEN PAID TO OLF.

**PENDING ON MOTION** (REC. DOC. 65498) with other non-compensated MDL General Time:

| MDL general – UNCOMPENSATED TIME | | |
|---|---|---|
| Firm | Hours | Held Costs |
| Barrios, etc. | 645.70 | $2,941.12 |
| Gainsburgh | 42.00 | |
| Herman, etc. | 2,227.75 | $893.56 |
| Levin, etc. | 3.0 | $10,163.93 |
| Neblett, etc. | 101.80 | $350.00 |
| Oldfather, etc. | 4,666.70 | $90,175.00 |

**AVAILABLE FUNDS**

**$7,177,064.69**

TAB 3

# OLDFATHER LAW FIRM
ATTORNEYS AT LAW
1330 SOUTH THIRD STREET
LOUISVILLE, KENTUCKY 40208
TELEPHONE 502.637.7200 ◊ FAX
502.636.0066
WWW.OLDFATHER.COM

ANN B. OLDFATHER†
aoldfather@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

MICHAEL R. HASKEN
mhasken@oldfather.com

†Board Certified in Civil Trial Advocacy

November 7, 2017

*(via email)*
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**RE:   *Vioxx Products Liability Litigation, MDL 1657***

Dear Russ and Lenny:

    I received the Order regarding the hearing set by Judge Fallon for November 28, 2017.  I plan on attending.  So that I can be prepared to participate meaningfully, and in light of Judge Fallon's commitment to transparency, I request that you provide me with the following materials:

1. Exhibits A through M, filed under seal with the Aggregate Fee Petition (Document 65491-2).  At a minimum, I should be entitled to Exhibit A, described in footnote 1 of the Aggregate Fee Petition, as a chart prepared by Phil Garrett listing hours expended, submitted and approved by the Garrett firm.  You need not provide Exhibit "I," since you've provided that to me previously.

2. An up-to-date report of Phil Garrett similar to the provided to me by Lenny on June 24, 2016.

3. An up-to-date report from GRG on the PI settlement funds.

    I believe that I am entitled to know the approved hours in each of the Vioxx case matters tracked by Phil Garrett's system, specifically Attorney General, MDL General, and Consumer.  I would like to see those hours not only in total, but also by firm.  I have regularly received this information in the past, but I have not received any updates since receiving Mr. Garrett's report through April 27, 2016.

    If you are going to refuse to provide these materials to me, please let me know right away so that I can bring my request to Judge Fallon's attention.

TAB 3

November 7, 2017
Page 2 of 2


      Thank you very much and I look forward to seeing you at the end of the month. I regret that you have been unwilling to meet with me informally upon my repeated requests that we see what we might be able to resolve on these matters.

                Sincerely,

                Ann B. Oldfather


ABO/mlc
CC:   Richard A. Getty *(sent via e-mail)*
        James P. Lyle *(sent via e-mail)*

# TAB 3

**Ann B. Oldfather**

| | |
|---|---|
| **From:** | Russ Herman <RHERMAN@hhklawfirm.com> |
| **Sent:** | Tuesday, November 7, 2017 6:12 PM |
| **To:** | Ann B. Oldfather |
| **Cc:** | Lenny Davis; Michelle L. Chiavene; Richard Getty; pennname@prodigy.net; Dawn Barrios; Elizabeth Cabraser (PSC); Joyce Romano |
| **Subject:** | Re: Vioxx MDL 1657; Request for Information |

Your appearance is unnecessary . This relates
To Vioxx consumer and the meeting is for Judge Fallon to clarify questions by committee
Members Lyle and Getty . (1) will there be fee
For committee members ? (2) Did the Court
Take into consideration in awarding a gross common benefit fee the affidavits of Barrios ,
Cabraser and HHK ? THE FEE COMMITTEE
will meet the day before and make its recommendation to the Court by the end of November . However , come if you want to attend and I have no plans to provide further information you requested but have no
Objection to you contacting Phil Garrett.
Regards, Russ


Sent from my iPhone

On Nov 7, 2017, at 4:36 PM, Ann B. Oldfather <aoldfather@oldfather.com> wrote:

> Dear Russ and Lenny, please see attached.
>
> I look forward to your response and thanks,
>
> Ann
>
> Ann B. Oldfather
> OLDFATHER LAW FIRM
> 1330 South Third Street
> Louisville, KY  40208
> 502.637.7200 (main)
> 502.855.5970 (direct line)
> 502.636.0066 (fax)
>
>
> <171107_Herman_Davis.pdf>

1                    **TAB 3**

# OLDFATHER LAW FIRM

ANN B. OLDFATHER[†]
aoldfather@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

ATTORNEYS AT LAW
1330 SOUTH THIRD STREET
LOUISVILLE, KENTUCKY 40208
TELEPHONE 502.637.7200 ◊ FAX 502.636.0066

WWW.OLDFATHER.COM

MICHAEL R. HASKEN
mhasken@oldfather.com

[†]Board Certified in Civil Trial Advocacy

November 13, 2017

*(via email)*
Russ M. Herman, Esquire
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**RE:   *Vioxx Products Liability Litigation*, MDL 1657: Consumer Class FAC**

Dear Russ and Lenny:

    I am writing you and the other members of the Consumer Class FAC as a result of the email sent to me by Russ following my letter to him of November 7, 2017, and subsequent developments.

    Russ said in his email of November 7, 2017 (attached) that there was a question of taking into account for consumer class aggregate fee allocation "the affidavits of Barrios, Cabraser and HHK," and further suggested that I obtain the reports I sought at that point directly from Phil Garrett, stating, "I have no plans to provide further information you requested but have no Objection to you contacting Phil Garrett."

    When I contacted Phil the next day, he was happy to provide the reports, but later said he was unable to do so because Russ had declined to approve delivery to me of the reports I was requesting. We are now apparently set to discuss this with Judge Fallon on November 17, 2017 at 10:30 a.m. CST.

    Of great concern to me is what exactly is meant by the statement made by Russ regarding the "affidavits of Barrios, Cabraser and HHK." None of those three firms have *any* consumer time approved by Garrett.

    As a fee applicant expecting the FAC to objectively apply the factors set out in PTO 59(A), I request that the FAC:

- Provide me with copies of the Barrios, Cabraser and HHK fee affidavits that are apparently questioned as to inclusion or not.

- Determine that Judge Fallon already compensated all time through 7/31/2010 in his Order and Reasons of 8/9/2011, in which he reviewed, approved, and/or modified the recommendations of the FAC and Special Master Juneau (DE 63195).

TAB 3

November 13, 2017
Page 2 of 3

- Determine whether Barrios, Cabraser and HHK have *any* uncompensated time *before* August 1, 2010. My clear understanding is that they do not. See DE 63195, *supra.*

- Request the same reports from Phil Garrett that I have requested.[1] The reports in my possession clearly reveal *no consumer time from* Barrios, Cabraser and HHK, with the *only* approved time of those firms, like mine, posted to the MDL General. I am constrained from attaching my copies of the Garrett reports due to the confidentiality provisions that you imposed on me as a condition of delivery of these reports last year, but I think that the FAC should see them – for the three remaining Vioxx categories (AG, MDL and Consumer) before making any allocation decisions.

- When PTO 59(A) was issued, I reviewed the provisions allowing any claimant to correct their time posted through Garrett if it were improperly categorized. *Id.* ¶¶8-11. I decided that my time was properly posted to MDL General. The FAC should address whether Barrios, Cabraser and HHK can submit affidavits that circumvent that process.

I can certainly understand and sympathize if it is the position of Barrios, Cabraser and HHK that their uncompensated-but-Garrett-approved MDL time provided a direct benefit to the consumer class. As you know, that is why I think my uncompensated-but-Garrett-approved MDL time should be considered in the consumer class fee allocations.

I am surprised and concerned that the email from Russ reflects substantive discussions by the Consumer Class FAC in the absence of a disclosed process. This is the antithesis of how Judge Fallon conducts fee issues. I asked Lenny at the beginning of the year when the FAC was going to meet to discuss and recommend specific fee allocations. Lenny pointed out that the FAC had asked the Court to remove that step from the then current PTO 59(A), and he said that new deadlines would be set once the aggregate fee award had been made. I have been watching the filings, and the FAC has made no such request.

I know that you gentlemen think I have no right to request a fee from the consumer funds, but, with respect, your sentiments do not obviate the transparency that Judge Fallon has always insisted be part of this process. I have complied with every requirement under PTO 59(A), and I have a right to know when, and how, the allocation decisions are going to be made.

---

[1] The reports from Garrett's system of *all* uncompensated time regardless of matter to which it is posted.

TAB 3

November 13, 2017
Page 3 of 3

      What is even more puzzling is why the time of Barrios, Cabraser and HHK is being considered in the Consumer Class when there is plenty of money in the MDL General ($7,619,193.09) to pay the 7,738.45 hours posted to that matter (including all of Barrios and HHK hours, and all of mine), which computes to $984.59/hour. That is why I have thought for the last two years that these issues should be resolved all of one piece.

      Please provide me with an update of what is going on with the Consumer Class FAC, whether and when deliberations are going to take place and whether the Court is going to be asked to set new deadlines and processes for the fee allocation process. I intend to continue to preserve all of my rights for the 4,666.70 hours and $90,175.06 in expenses owed my firm for the hands-on litigation that we single-handedly undertook and successfully accomplished by establishing venous causation.

                                                             Sincerely,

                                                             Ann B. Oldfather

ABO/mlc
CC:      Dawn Barrios *(sent via e-mail)*
           Elizabeth Cabraser *(sent via e-mail)*
           Richard A. Getty *(sent via e-mail)*
           James P. Lyle *(sent via e-mail)*

# TAB 3

## Ann B. Oldfather

| | |
|---|---|
| **From:** | Russ Herman <RHERMAN@hhklawfirm.com> |
| **Sent:** | Tuesday, November 7, 2017 6:12 PM |
| **To:** | Ann B. Oldfather |
| **Cc:** | Lenny Davis; Michelle L. Chiavene; Richard Getty; pennname@prodigy.net; Dawn Barrios; Elizabeth Cabraser (PSC); Joyce Romano |
| **Subject:** | Re: Vioxx MDL 1657; Request for Information |

Your appearance is unnecessary . This relates
To Vioxx consumer and the meeting is for Judge Fallon to clarify questions by committee
Members Lyle and Getty . (1) will there be fee
For committee members ? (2) Did the Court
Take into consideration in awarding a gross common benefit fee the affidavits of Barrios ,
Cabraser and HHK ? THE FEE COMMITTEE
will meet the day before and make its recommendation to the Court by the end of November . However , come if you want to attend and I have no plans to provide further information you requested but have no
Objection to you contacting Phil Garrett.
Regards, Russ


Sent from my iPhone

On Nov 7, 2017, at 4:36 PM, Ann B. Oldfather <aoldfather@oldfather.com> wrote:

> Dear Russ and Lenny, please see attached.
>
> I look forward to your response and thanks,
>
> Ann
>
> Ann B. Oldfather
> OLDFATHER LAW FIRM
> 1330 South Third Street
> Louisville, KY  40208
> 502.637.7200 (main)
> 502.855.5970 (direct line)
> 502.636.0066 (fax)
>
>
>
> <171107_Herman_Davis.pdf>

1

**TAB 3**

**Ann B. Oldfather**

| | |
|---|---|
| **From:** | Russ Herman <RHERMAN@hhklawfirm.com> |
| **Sent:** | Tuesday, November 14, 2017 10:53 AM |
| **To:** | Ann B. Oldfather |
| **Cc:** | Lenny Davis; Elizabeth Cabraser (PSC); Dawn Barrios (barrios@bkc-law.com); pennname@prodigy.net; Richard Getty |
| **Subject:** | Re: Vioxx MDL: An Open Letter to Consumer Class FAC |

I don't think so only relates to Consumer hours

Sent from my iPhone

On Nov 14, 2017, at 10:43 AM, Ann B. Oldfather <aoldfather@oldfather.com> wrote:

> Russ,
>
> I *am* "involved" with regard to the apparent existence and submission of the Barrios, Cabraser and HHK affidavits. I have a claim for a fee in consumer, and therefore an interest in other claims for common benefit work that is asserted as uncompensated, which is particularly problematic if the requisite time-approval procedures weren't followed.
>
> Judge Fallon, at the PSC's urging, dismissed the claim for unposted and unapproved consumer class time from Robert J. Shelist earlier this year due to his failure to follow the required procedures.
>
> Since all time was compensated through 7/31/2010 except for the three remaining categories, and since none of Barrios, Cabraser and HHK have approved time in consumer, why is this even a topic of discussion?
>
> You mentioned that my accounting for the funds available on consumer issues was incomplete. Can you please correct me so I don't make the mistake again? Thanks,
>
> Ann
>
> Ann B. Oldfather
> OLDFATHER LAW FIRM
> 1330 South Third Street
> Louisville, KY  40208
> 502.855.5970 (direct line)
> 502.637.7200 (main)
> 502.636.0066 (fax)
>
> **From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
> **Sent:** Tuesday, November 14, 2017 10:15 AM
> **To:** Ann B. Oldfather <aoldfather@oldfather.com>
> **Cc:** Lenny Davis <LDAVIS@hhklawfirm.com>; Elizabeth Cabraser (PSC) <ecabraser@lchb.com>; Dawn

1

**TAB 3**

Barrios (barrios@bkc-law.com) <barrios@bkc-law.com>; pennname@prodigy.net; Richard Getty <rgetty@gettylawgroup.com>
**Subject:** Re: Vioxx MDL: An Open Letter to Consumer Class FAC

Ann It is true that I advised you should speak
With Phil Garrett . However after some
Discussion with the Vioxx consumer fee
Committee members adverse to giving you
What you requested ,I advised Phil that you
Should not receive materials which you are not
Party to . As to Barrios , Cabraser and HHK
We submitted affidavits as to our time and efforts in Vioxx consumer which in no way
Involves you . Regards , Russ
P.S. your accounting on funds available is incomplete as to Consumer issues .
Regards,Russ

Sent from my iPhone

On Nov 13, 2017, at 7:18 PM, Ann B. Oldfather <aoldfather@oldfather.com> wrote:

> Hello Colleagues,
>
> Please see attached.
>
> Thanks,
>
> Ann
>
> Ann B. Oldfather
> OLDFATHER LAW FIRM
> 1330 South Third Street
> Louisville, KY  40208
> 502.855.5970 (direct line)
> 502.637.7200 (main)
> 502.636.0066 (fax)
>
>
> <171113_Herman_Davis.pdf>