# JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403
802-233-2007

Dennis J. Johnson, Esq
djohnson@jpclasslaw.com

November 1, 2018

<u>*Via efiling*</u>
Honorable Eldon E. Fallon
U.S. District Court
E.D. Louisiana
500 Poydrus Street, Room C-456
New Orleans, LA 70130

**Re: VIOXX, MDL 1657, Johnson & Perkinson's Objection to Allocation of Fees and Reimbursement of Expenses Proposed by the Fee Committee**

Dear Judge Fallon:

  As the Senior Partner of Johnson & Perkinson ("J&P"), I am filing this letter brief in support of J&P's objection to the allocation of fees proposed by the Fee Committee and to request that the Court intervene to allocate J&P a fair and reasonable fee award and reimburse J&P the full amount of its expenses in the consumer class portion of this case.

  Our August 27, 2018 letter brief to Your Honor documents how J&P was involved in virtually every substantive aspect of the consumer litigation preceding the settlement. See pp. 2-7. That brief, incorporated herein by reference, discusses, *inter alia*, our integral involvement in the research preceding, and the drafting of, the master complaint filed in this litigation; our role in responding to Defendant's Motion to dismiss that Complaint; our participation in the drafting our Motion for Class Certification; our role in drafting our opposition to that Motion; and our participation

1

in Plaintiffs' successful efforts to ward off Defendant's attempts to have the Court enter Judgment in Defendant's favor or enter other Orders which would have effectively denied the Class relief.

While we do not quarrel with the concept that various aspects of this litigation were "clerical" in nature, See Opinion, p. 21, we offer two observations in this regard. First, there was a substantial amount of substantive litigation, though it involved primarily motion practice. J&P was involved throughout that portion of the litigation. Notwithstanding our day to day involvement prior to settlement, once settlement discussions began, J&P was largely carved out of the continuing activities. Second, the vast majority of the activities which were "clerical" in nature, occurred after the settlement was reached. It was then that issues regarding notice and recording responses thereto took place. It was also then that the fee committee labored for years to conduct its investigation into what each firm did in this (and other) litigations, file its Motion for a fee award and then propose an allocation of fees among counsel. For purposes of determining a fair allocation of fees, the distinction is important. Time spent prior to settlement is time expended at full risk of nonpayment, while time spent thereafter is time which is almost assured to result in payment. The risk multiplier concept dictates that time expended in the prior category receive a greater return than time expended in the latter category.

At the Court's approved rate of $417.16 per hour, J&P's 1374.5 hours would result in a fee award to J&P of $573,386.42. The fee committee proposes to allocate just $170,000 to J&P, or just 33.73% of that amount. On what basis? Given that our labor was virtually all substantive, was incurred at a full risk of nonpayment, and was incurred in conjunction with time being spent on those activities by attorneys from several of the Fee Committee members, we can fathom no reason to discount it. How is it that the fee committee members see that the time they spent working alongside

2

J&P in those activities is worth more than J&Ps time?  Even more outlandish is the fact that the Fee Committee apparently sees fit to award themselves a *multiple on their overall time in the case*,  though the significant amount of "clerical" time expended by them following settlement was incurred at a greatly reduced level of risk of nonpayment.  While we believe our time should be paid at the same level of return per hour that the fee committee proposes for its own time, there is no reason not to afford us at least an award calculated at the hourly rate accepted by the Court, that is $573,386.42.

We find the Oldfather firm's analysis of the fee committee's proposed return to themselves (Tab 1 thereto) to be persuasive and incorporate it herein by reference.  Hourly returns to the fee committee members of  between $1,000 to $1,500 is wholly unjustified, especially when compared to the miniscule return of $123.83 per hour they propose to pay J&P for its hours.  At a minimum, the Fee Committee should be forced to emerge from its shroud of secrecy and provide the Court and the other firms that have submitted fee requests a full accounting of its methodology.  We should not be left to guess how many hours they have put in for themselves and what the proposed return per hour is for each of those firms.  The rest of us have had to supply that information for our firms to the Fee Committee on multiple occasions.  Given the extensive amount of time expended (and apparently billed) by the fee committee for fee work, all of it clerical in nature, it is wholly unacceptable that the split of fees is a complete mystery.

Separately, we note that, once again, the Fee Committee has failed to address our request that the $8,523.23 in expenses previously awarded to our firm be increased by $9,603.00 so that the total expenses we receive would be $18,125.23.  The multiple bases for granting this request were set forth in our August 27, 2018 letter brief, which we again ask the Court to review in deciding this request.

Finally, even though we e-filed our August 27, 2018 letter brief and emailed each of the firms involved in this litigation a copy of that brief, the Fee Committee did not see fit to serve us with its October 18, 2018 filing.  Nor, for whatever reason, did we receive notice of its filing through PACER.  Nor did we receive the Court's October 22, 2018 Order when it was filed.  We only learned of Fee Committee's Final Recommendation and the Court's Order at 6:00 p.m. on October 31, the day prior to the deadline for filing objections.  We respectfully ask that the Court inform all counsel to serve us with any further pleadings.

Respectfully,

<u>s/Dennis J. Johnson</u>,
VT3248
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403
802-233-2007
djohnson@jpclasslaw.com

CC:
Russ Herman (*via email*)
Elizabeth Cabraser (*via email*)
Leonard Davis (*via email*)
Dawn Barrios (*via email*)
Richard Getty (*via email*)
James Lyle (*via email*)
Ann Oldfather (*via email*)
Vince McKnight (*via email*)
DavidTittle (*via email*)
Gary Mason (*via email*)
Howard Bushman (*via email*)
Mark Griffin (*via email*)
Joyce Romano (*via email*)
Ben Barnow (*via email*)