UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® <br><br> PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |

This Document Relates to CONSUMER

**MOTION AND SUPPORTING MEMORANDUM OF ANN B. OLDFATHER
FOR DISCLOSURE OF HOURS AND OTHER MATERIALS RELATED
TO CONSUMER COMMON BENEFIT FEE RECOMMENDATIONS**

NOW COMES Lead Counsel and Liaison Counsel for the IE/NE Claims, Ann B. Oldfather ("Movant"), and moves the Court to order production of exhibits filed under seal, reports regarding approved and submitted hours to the Fee Allocation Committee ("FAC") for Consumer Common Benefit fee awards, and certain other materials so that Movant can be fully advised and prepared in presenting her Objection to the recommendations of the FAC, which Objection is scheduled to be heard on December 5, 2018.

1.	The FAC filed an Aggregate Fee Petition and supporting Memorandum [Rec. Doc. 65491with attached Exhibits A through M. Even though the fee awarded pursuant to that filing was later set aside, the Exhibits provided a basis for the Court's analysis and comparison in the current fee award ruling [Order & Reasons of September 26, 2018, R. Doc 65586]. Exhibits A through M were filed under seal. Previous requests to the FAC for a copy of these Exhibits (other than the Exhibit that contained Movant's own submission) have been denied.

2.      These Exhibits are expected to reflect the originally submitted hours for consumer common benefit work and may provide some justification for the fee awards proposed for the three PSC members of the FAC, Herman, Herman and Katz ("HHK"), Barrios, Kingsdorf & Casteix ("Barrios") and Lieff Cabraser ("Cabraser"). One basis of Movant's Objection is the "new" hours submitted by these three claimants, and access to those Exhibits will allow that comparison. Further, access to these Exhibits allows Movant to determine how many hours HHK, Barrios and Cabraser sought *before* their use of non-Garrett approved hours was rejected, and how those submissions compared to other claimants with approved hours and lower amounts of allocated fees. In its final award for the Consumer aggregate fee [R. Doc 65586], the Court determined that only 10,200 hours should be considered as "contribut[ing] to the ultimate result," compared to the initial consideration of 9,891.49 hours. *Id*. Apparently, but Movant does not have any records of this, none of that initial 9,891.49 hours had been attributable to Barrios, HHK, Cabraser or Movant, but this cannot be known without equal access to the hours submitted to the Court as set forth in these Exhibits and the referenced included table.

3.      The FAC, controlled by HHK, Barrios and Cabraser, proposes awarding more than half of the total aggregate fee in approximately equal amounts to those three parties. If those three parties submitted hours at the time of the first award that were not considered in the 9,891.49 hours on which the award of $4,025,000 was based, and further if those hours are roughly equivalent to what they recently submitted through Phil Garrett but which had never been approved in

any other category, then (a) how could they share in any more than the $230,000 increase between the two awards (their combined recommended fee is $2,451,943.75); and (b) how can they ask the Court to approve payment for their time when it was not recorded in compliance with the PTOs which, when ignored by others, have caused those others to be turned away?

4. The same reasons support the request for some of the reports of Garrett-approved hours in Consumer, Vioxx and AG. Specifically, Movant requests the reports of Garrett-approved hours (the total, not the detail) for HHK, Barrios, Cabraser and Movant for each period reported after December 2017 and through June 2018 (non-inclusive). Those reports will show whether "new" hours appeared for these three FAC members so that equal treatment of all can be assured. If the reports show no change of hours from one period to the next, the unchanged report can be omitted.

5. For the same reasons, Movant requests any submission to Mr. Garrett by HHK, Barrios, Cabraser to reallocate time from one Vioxx category in which it was previously approved to another. This will reflect whether there was the same shifting of time for which certain of these claimants have criticized Movant's fee request, and will further offer support for the separate Motion of Movant to reallocate any of her ultimately-uncompensated hours to Vioxx General, a result that should be applied to all duly-approved but uncompensated hours of any claimant.

3

6.     For the same reasons, Movant requests any submission to Mr. Garrett of time from any of HHK, Barrios and Cabraser in the form of an affidavit.

Movant respectfully requests the Court to address this Motion in sufficient time to allow production of any ordered reports prior to the December 5, 2018 hearing.

Respectfully Submitted,

*/s/ Ann B. Oldfather*
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.636.0066 (fax)
aoldfather@oldfather.com
*Liaison and Lead Counsel for Certain Personal Injury Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above has been served upon Liaison Counsel, Phillip Wittmann and Russ Herman, by U.S. Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(C), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of November, 2018.

*/s/ Ann B. Oldfather*
Ann B. Oldfather

4