UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| This document relates to ALL ACTIONS : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |
| : | |

**PLAINTIFFS' LIAISON COUNSEL'S MEMORANDUM
IN SUPPORT OF MOTION FOR AWARD OF PLAINTIFFS'
COMMON BENEFIT REIMBURSEMENT OF EXPENSES AND
FEES AND TO MITIGATE EXPENSES RELATING TO
ONGOING STORAGE OF MATERIALS**

MAY IT PLEASE THE COURT:

This memorandum is being submitted on behalf of Russ M. Herman, Plaintiffs' Liaison Counsel, in support of his Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses and Fees.[1]

This Court has previously issued Orders that provide for disbursement of funds for the purposes of funding common benefit shared expenses, as well as for the payment of common benefit fees.[2] At present, all held costs have been reimbursed, except for those held expenses in the amount of $148,680.00 that are outlined in Philip A. Garrett, CPA, August 18, 2018 report

---

[1] There is presently on deposit the Court Registry the principal amount of $6,232,137.91 that was deposited pursuant to the Court's Order of January 23, 2019 [Rec. Doc. 65604], which includes funds previously held in an escrow account held by BrownGreer (Settlement Administrator) in the amount of $5,677,030.32, and by Garretson Resolution Group in the amount of $555,107.59.

[2] Judgment regarding common benefit attorneys' fees entered September 27, 2011 [Rec. Doc. 63433]; Order & Reasons regarding Third-Party Payor Cases entered January 3, 2014 [Rec. Doc. 64783]; Order & Reasons regarding Consumer Common Benefit Fees entered December 17, 2018 [Rec. Doc. 65601].

applicable to the Vioxx litigation.[3]  Funds are sufficiently available to cover all amounts requested in this motion for the reimbursement of expenses and fees. Philip A. Garrett, CPA, continues to assist the Court and Plaintiffs' Liaison Counsel in connection with the review and administration of Vioxx financial matters, including the shared cost expenses and has assisted in administering the funds previously held on deposit by BrownGreer and Garretson Resolution Group and which are currently on deposit in the Registry of the Court.

**HELD COSTS**

According to the monthly report provided by Philip Garrett on August 18, 2018 (see excerpt of report as Exhibit "A"), the total uncompensated held costs submitted to the Garrett Case Cost Management System in the Vioxx MDL totals $148,680.00.  Philip Garrett has reported that each of the following law firms have uncompensated held costs:

| | |
|---|---|
| Barrios Kingsdorf & Casteix, LLP | $ 16,017.08 |
| Herman Herman & Katz, LLC | $    893.56 |
| Levin Sedran Berman | $ 41,231.65 |
| Neblett Beard & Arsenault | $    362.65 |
| Oldfather Law Firm | $ 90,175.06 |
| Total: | $148,680.00 |

Philip A. Garrett, the Court appointed CPA has been consulted in connection with this motion and recommends that reimbursement of the held costs should be accomplished by funding these amounts from the funds held on deposit in the Registry of the Clerk of Court.

---

[3] The Court is familiar with the various matters that were handled in the MDL, which included Attorney General, Consumer, PI, MDL General, etc.  See for example Joint Reports and various pleadings filed with the Court and discovery uploaded to File & Serve Xpress in connection with those matters. See also the Philip Garrett report of August 18, 2018 (excerpt attached as Exhibit "A").

**ATTORNEY'S FEES**

     Philip A. Garrett, CPA, has reported to the Court on an ongoing basis outstanding unreimbursed time incurred by common benefit attorneys. The Court has utilized the reports of Mr. Garrett when making prior awards of common benefit attorney's fees. The Barrios Kingsdorf firm seeks to be compensated from the available funds $1,000,000.00; the Oldfather Law Firm seeks to be compensated from the available funds $1,500,000.00; and the Herman, Herman & Katz, LLC law firm seeks to recover the remaining funds available of approximately $3,583,457.91.[4] The Vioxx Executive Committee, which includes Christopher Seeger, Andy Birchfield and Russ Herman, have discussed this Motion for Award of Plaintiffs' Common Benefit Reimbursement of Expenses and Fees and to Mitigate Expenses Relating to Ongoing Storage of Materials, and discussions have also taken place with Elizabeth Cabraser. Mover has been advised that Christopher Seeger, Andy Birchfield and Elizabeth Cabraser are not seeking to recover additional Vioxx funds. The recommendation made herein is based upon uncompensated time reported to the Court Appointed CPA, Philip A. Garrett, the results achieved in this Vioxx MDL, as well as the continued various activities that have taken place to bring this MDL to conclusion. Though Gainsburgh Benjamin, Levin Sedran and Neblett Beard & Arsenault have some time reported on the Philip Garrett report, it is not believed that they are seeking common benefit fees. It is believed that no other firm, except as noted above, seeks or is entitled to an award of common benefit fees. Movant requests that the Court issue an award allowing common benefit fees to be awarded to these three (3) law firms as follows and this will conclude the Vioxx

---

[4] The amounts requested are principal and if any interest has accrued thereon, such amounts should also be awarded.

fee and cost distribution in this MDL:

| | |
|---|---|
| Barrios Kingsdorf & Casteix, LLP | $1,000,000.00 |
| The Oldfather Law Firm | $1,500,000.00 |
| Herman, Herman & Katz, LLC | The remaining funds available of approximately $3,583,457.91. |

## **MITIGATION OF EXPENSES RELATING TO ONGOING STORAGE OF MATERIALS**

By Order of the Judicial Panel on Multidistrict Litigation dated February 16, 2005, this Court had transferred to it a number of civil actions that began Vioxx Products Liability Litigation MDL No. 1657. On February 18, 2005, Pre-Trial Order No. 1 was issued and this MDL has proceeded for approximately fourteen (14) years. Throughout that time, the Plaintiffs' Steering Committee (PSC) performed its duties in accordance with Pre-Trial Order No. 6[5] and Plaintiffs' Liaison Counsel, Russ M. Herman, performed his duties pursuant to Pre-Trial Order no. 2. Many of those duties included responsibilities for developing and pursuing the litigation and ultimately settlement of claims in the MDL. In addition, the Court established Fee Allocation Committees to address reimbursement of fees and costs. Among some of the matters addressed by leadership and other common benefit counsel included matters involving personal injury claims, Attorney General claims, Third Party Payor claims, consumer claims and others. Now that these matters have been resolved and the plaintiff's depository has been closed, it is appropriate for the Court to address the mitigation of expenses relating to ongoing storage of materials. Presently, stored in offsite storage are approximately 230 boxes of materials that relate to the handling of this MDL.

---

[5] See also Pre-Trial Orders 6(A) through 6(F).

These include, but are not limited to, Tolling Agreements, Profile Forms, deposition materials, trial materials, discovery documents, fee presentations and submissions, settlement materials, research, *pro se* materials, computer materials and other matters. Movant requests that it be allowed to discard these materials in three (3) years and that if any counsel desires to preserve or review any of the materials presently held in storage, that they be required to contact Plaintiffs' Liaison Counsel, in writing, to request, with specificity, any materials sought to be preserved or reviewed. Plaintiffs' Liaison Counsel will continue to preserve these materials for three (3) years, but following that should be allowed to destroy and get rid of all of the materials in order to mitigate the ongoing expense of storage.

There is no longer any need for the Plaintiffs' Liaison Counsel and the PSC to continue to maintain certain records relating to the Vioxx litigation because cases have been either resolved or completed. This filing provides notification to all claimants and their counsel of the desire to discontinue access to the depository. Absent any objection, Plaintiffs' Liaison Counsel and the PSC should be granted authority to destroy such documents. Plaintiffs' Liaison Counsel and the PSC intend to cease continued operation of the depository and, therefore, request approval from the Court to be relieved of their depository-related obligations set forth in Pre-Trial Order Nos. 1, 2 and 6.

## **CONCLUSION**

Sufficient funds are available on deposit in the Registry of the Court to reimburse and/or pay various costs incurred for common benefit, as well as to compensate attorneys for common benefit effort. Plaintiffs' Liaison Counsel request that the Court approve a distribution of funds sufficient to reimburse all counsel who incurred held costs and for compensation of common

benefit attorney's fees in connection with Vioxx litigation.  Further, the Court should allow for the mitigation of expenses and enable materials to be preserved for three (3) years, following that, such materials be allowed to be destroyed and gotten rid of.  Plaintiffs' Liaison Counsel and the PSC also intend to cease continued operation of the depository and, therefore, request approval from the Court to be relieved of their depository-related obligations set forth in Pre-Trial Order Nos. 1, 2 and 6.

Respectfully submitted,

Date:  March 18, 2019           By:     /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman & Katz, L.L.C.***
820 O'Keefe Avenue
New Orleans, Louisiana   70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhklawfirm.com

**PLAINTIFFS' LIAISON COUNSEL**

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann and Ann Oldfather, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th day of March, 2019.

    /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman & Katz, L.L.C.***
820 O'Keefe Avenue
New Orleans, LA   70113
PH:    (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhklawfirm.com